1  Eric L. Cramer (admitted *pro hac vice*)
2  Michael Dell'Angelo (admitted *pro hac vice*)
   Patrick F. Madden (admitted *pro hac vice*)
3  **BERGER & MONTAGUE, P.C.**
   1818 Market Street, Suite 3600
4  Philadelphia, PA 19103
   Telephone: (215) 875-3000
5  Facsimile:  (215) 875-4604
   ecramer@bm.net
6  mdellangelo@bm.net
7  pmadden@bm.net

8  *Counsel for Plaintiffs and the Proposed Class*

9  [Additional counsel on signature page]

10

11                    **UNITED STATES DISTRICT COURT**
                              **DISTRICT OF NEVADA**
12

13

| 14 | Kajan Johnson, Clarence Dollaway, and Tristan Connelly, on behalf of themselves and all others similarly situated, | Case No.: 2:21-cv-01189-RFB-BNW |
|---|---|---|
| 15 | | **PLAINTIFFS' MOTION TO COMPEL DEFENDANT ENDEAVOR GROUP HOLDINGS, INC., TO PRODUCE DOCUMENTS IN RESPONSE TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |
| 16 | Plaintiffs, v. | |
| 17 | | |
| 18 | Zuffa, LLC, TKO Operating Company, LLC f/k/a Zuffa Parent LLC (d/b/a Ultimate Fighting Championship and UFC), and Endeavor Group Holdings, Inc., | |
| 19 | | |
| 20 | Defendants. | |

21

22

23

24

25

26

27

28

**TABLE OF CONTENTS**

I. INTRODUCTION ............................................................................................................. 1

II. BACKGROUND ............................................................................................................... 3

    A. Procedural history giving rise to Endeavor's discovery obligations ...................... 3

    B. The parties reach an impasse regarding Endeavor's refusal to respond to discovery ................................................................................................................. 5

III. ARGUMENT ..................................................................................................................... 7

    A. Legal Standard ........................................................................................................ 7

    B. Endeavor must respond to discovery ...................................................................... 7

    C. Endeavor's failure to respond to discovery is not excused .................................... 8

    D. Plaintiffs request an order compelling Endeavor to immediately produce documents responsive to Plaintiffs' Second Set of Requests for Production ............................................................................................................... 9

IV. CONCLUSION ................................................................................................................ 11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Gray v. First Winthrop Corp.*,
  133 F.R.D. 39 (N.D. Cal. 1990) ............................................................................................ 9

*King v. Calderwood*,
  2015 WL 7566679 (D. Nev. Nov. 24, 2015) ..................................................................... 7, 8

*Skellerup Indus. Ltd. v. City of L.A.*,
  163 F.R.D. 598 (C.D. Cal. 1995) ............................................................................................ 8

*Tradebay, LLC v. eBay, Inc.*,
  278 F.R.D. 597 (D. Nev. 2011) ............................................................................................ 8

*Turner Broadcasting System, Inc. v. Tracinda Corp.*,
  175 F.R.D. 554 (D. Nev. 1997) ............................................................................................ 9

*Twin City Fire Ins. v. Employers of Wausau*,
  124 F.R.D. 652 (D. Nev. 1989) ............................................................................................ 9

**Rules**

Federal Rule of Civil Procedure 26 ........................................................................................ 1, 8

Federal Rule of Civil Procedure 34 ........................................................................................ 1, 8

Federal Rule of Civil Procedure 37 ..................................................................................... 1, 7, 8

Pursuant to Local Rule 26-6 and Federal Rule of Civil Procedure 37, Plaintiffs submit this Motion to Compel Defendant Endeavor Group Holdings, Inc., to Produce Documents in Response to Plaintiffs' Second Set of Requests for Production.

## I.  INTRODUCTION

Plaintiffs seek an order compelling Defendant Endeavor to comply with its discovery obligations. Endeavor was the partial and, later, full owner of Co-Defendant Zuffa, LLC, and Zuffa Parent, LLC n/k/a TKO Operating Company, LLC (d/b/a Ultimate Fighting Championship and UFC) (collectively, "Zuffa"). The Court denied its prior motion to dismiss. ECF No. 68. Endeavor has not moved to stay discovery nor has the Court stayed discovery as to it. Accordingly, Endeavor is obligated under the Federal Rules to respond to Plaintiffs' discovery requests, conduct a reasonable search, and produce all non-privileged responsive documents located within its possession, custody, or control. Fed. R. Civ. P. 26, 34.

Despite these obligations, Endeavor has refused to participate in the discovery process. It has produced no documents in response to Plaintiffs' First and Second Sets of Requests for Production. Its objection that it ***"will not produce any documents in response to [Plaintiffs'] Requests until the Court rules on its"*** first anticipated, now pending ***"motion to dismiss"*** makes clear that it will not do so absent an order from this Court compelling production. Endeavor Nov. 13, 2023 Resps. & Objs. to Pls' First Set of Requests, Ex. A[1], at 2; Endeavor Jan. 21, 2025 Resps. & Objs. to Pls' Second Set of Requests, Ex. B, at 2 (emphasis added). That violates the Federal Rules of Civil Procedure and seeks to arrogate to Endeavor authority that only this Court possesses.

Endeavor's tactics during the meet-and-confer process confirm that an order compelling production is, unfortunately, necessary. Endeavor has rebuffed every attempt Plaintiffs have made to meet and confer in good faith. It refused to respond to Plaintiffs' letter on these issues at all, citing its belief that it is not a "proper Defendant" in this case. J. Phillips Jan. 23, 2025 Ltr., Ex. C, at nn.1 & 2. It was unprepared—and unwilling—to discuss the issues during a meet-and-confer

---

[1] All Ex. __ references are to exhibits to the concurrently filed Declaration of Michael Dell'Angelo ("Dell'Angelo Decl.").

conference. *See* M. Dell'Angelo Jan. 13, 2025 Ltr., Ex. D, at 1. Indeed, Endeavor would not even admit that the parties are at an impasse on this issue—despite acknowledging the parties' opposing views and confirming its unwillingness to change its stance. Dell'Angelo Decl. ¶ 11.

Endeavor's failure to respond is not excused. Filing a motion to dismiss (or four) does stay discovery. Endeavor's belief that it should be dismissed from this case does not relieve it of its obligations.

Endeavor's position is all the more indefensible given the Court's denial of Endeavor's prior motion to dismiss, ECF No. 68, and the Court's statements that discovery into Endeavor's involvement in the conduct underlying Plaintiffs' claims is appropriate. *See* ECF No. 69 at 25–26; ECF No. 165 at 5.

Indeed, Endeavor objected to Plaintiffs' First Set of Discovery Requests as inconsistent with "Plaintiffs' representation to the Court that they would require only 'limited discovery' in connection with this case and would only 'request some limited discovery.'" Ex. A at 3. Endeavor cited no authority for its contention that Plaintiffs are somehow entitled to *only* "limited discovery" from Endeavor. And it is wrong. Plaintiffs' entitlement to discovery—and Endeavor's obligations to produce it—are not limited. Endeavor was—and is—a party to this litigation. Discovery is not stayed.

Nevertheless, in the spirit of compromise and in an attempt to advance discovery, Plaintiffs served their Second Set of Requests for Production—nine targeted Requests focused on Endeavor's role in the alleged scheme. *See, e.g.*, Ex. B at 12, 13, 14 (seeking documents related to Endeavor's "role" in certain UFC business activities). But in response to these nine Requests, Endeavor raises the same objections based on its belief that it "is not properly a defendant in this Action" and again categorically refuses to produce responsive documents until the Court rules on its motion to dismiss. *Id.* at 2 ("***Endeavor will not produce any documents in response to these Requests until the Court has ruled on Endeavor's pending motion to dismiss, or the Court orders otherwise***.") (emphasis added)).

Endeavor should not benefit from these delay tactics. Plaintiffs have made every attempt to negotiate and compromise with Endeavor. Endeavor has remained recalcitrant. Accordingly,

1  Plaintiffs respectfully move this Court for an order compelling Endeavor to produce documents responsive to Plaintiffs' Second Set of Requests for Production within 30 days. As noted above, these nine Requests target documents and information related to Endeavor's involvement in the conduct giving rise to Plaintiffs' claims, as the parties discussed with the Court.

This initial production will help frame the parties' discussions regarding Endeavor's production of documents responsive to Plaintiffs' First Set of Requests for Production, including document custodian and search term negotiations. Plaintiffs are hopeful that, with the Court's intervention on these initial issues, the parties' future discussions regarding Endeavor's discovery responses and productions will be cooperative and productive. That said, Plaintiffs reserve all rights to move for additional relief.

## II.  BACKGROUND

### A.  Procedural history giving rise to Endeavor's discovery obligations

Plaintiffs in this action are professional MMA fighters who have fought for the UFC. ECF No. 118 ¶¶ 34–36. Plaintiffs allege that Zuffa and Endeavor (Zuffa's partial and then full owner) acquired and use their monopoly and monopsony power in MMA fighter promotions to cause harm to UFC fighters, fans, and competition writ large. *Id.* ¶¶ 98–146. Plaintiffs seek to represent a class of similarly situated current and former fighters. *Id.* ¶ 37.

Plaintiffs allege that Zuffa and Endeavor ensure that fighters have nowhere to sell their labor besides the UFC by forcing them into effectively perpetual exclusive contracts, engaging in retaliation, and acquiring promoters that attempt to compete with the UFC. *Id.* ¶¶ 153, 107–117. Plaintiffs allege that Zuffa and Endeavor's conduct harms competition not only in the market for fighter compensation but also in the market for promoting fights. *Id.* ¶ 5. By locking up fighters and buying would-be rivals, Zuffa and Endeavor have controlled—and reduced—how many bouts broadcasters can air, and fans can watch. *Id.* ¶ 138. This has driven up the price for both broadcasts and in-person tickets. *Id.* ¶ 145.

Plaintiffs' claims are similar to those in the related case, *Le v. Zuffa, LLC*, No. 2:15-cv-01045-RFB-BNW. But because Plaintiffs' claims cover the period after the *Le* class ended, Plaintiffs name Endeavor as a Defendant. *See* ECF No. 118 ¶¶ 1–2. Endeavor purchased 51% of

1  Zuffa in 2016 and the remaining 49% in 2021. *Id.* ¶ 30. Plaintiffs allege that Endeavor directly
2  participated in the UFC's day-to-day business activities and anticompetitive conduct, including
3  by overseeing its promotion of live professional MMA bouts and events featuring the professional
4  MMA fighters in the proposed Class, and negotiating pay-per-view, media, and sponsorship
5  agreements on behalf of the UFC and its fighters. *See, e.g.*, *id.* ¶¶ 30, 32.

6      Zuffa and Endeavor filed the First Motion to Dismiss the complaint on September 10,
7  2021. ECF No. 17.

8      The Court denied the motion without prejudice on September 30, 2022. ECF No. 68. At
9  the hearing on the motion, the Court stated that "there's enough there for the case to proceed, at
10 least in terms of a motion to dismiss." ECF No. 69 at 25. The Court stated that discovery of
11 Endeavor would be appropriate prior to ruling on a motion to dismiss Endeavor with prejudice.
12 *Id.* at 25-26. The Court then stayed the case, in anticipation of appellate review of the class
13 certification order in *Le*. *Id.* at 29-30

14     On August 21, 2023, the Court lifted the stay and asked the parties to submit a Joint
15 Discovery Plan and Scheduling Order. ECF No. 73.

16     Endeavor filed its Second Motion to Dismiss on December 1, 2023. ECF No. 112.
17 Plaintiffs filed their Amended Complaint against Zuffa, Endeavor, and TKO Operating Company,
18 LLC, on December 15, 2023. ECF No. 118. Endeavor filed its Third Motion to Dismiss on
19 February 5, 2024. ECF No. 128. That same day, Defendants Zuffa and TKO answered the
20 Amended Complaint. ECF No. 129.[2] On September 30, 2024, as a result of the modified case
21 schedule, the Court dismissed Endeavor's Third Motion to Dismiss without prejudice. ECF No.
22 158.

---

[2] While Zuffa takes issue with certain aspects of Plaintiffs' allegations regarding the interrelationship between and structure of Endeavor, TKO, and the Zuffa entities, Zuffa's Answer admits to many of Plaintiffs' allegations which, among other things, confirm Endeavor's ownership and control of Zuffa during the relevant period. ECF No. 128 at 4–5.

Endeavor filed its Fourth Motion to Dismiss on October 7, 2024. ECF No. 160. At the October 22, 2024 status conference, the Court affirmed its prior statement that there should be discovery of Endeavor before any renewed motion to dismiss it. ECF No. 165 at 5.

**B. The parties reach an impasse regarding Endeavor's refusal to respond to discovery**

Plaintiffs served their First Set of Requests for Production on Endeavor on October 13, 2023, shortly after the Court lifted the discovery stay and entered the parties' discovery plan. Ex. E. In response, Endeavor stated that it "will not produce any documents in response to [Plaintiffs'] Requests until the Court has ruled on Endeavor's"—as yet unfiled—"motion to dismiss, or the Court orders otherwise." Ex. A at 2. Endeavor also objected that the Requests were overbroad and should be "limited." *Id.* at 3.

In response to each individual Request, Endeavor said either that it "will only produce documents, if any, once a protective order has been entered by the Court in this Action and the Court has resolved whether Endeavor should be subject to discovery as a party in this Action," or that it would produce no documents at all. *See generally* Ex. A. The Court entered a protective order on January 10, 2024. ECF No. 123.

Endeavor did not (and has not) moved to stay discovery nor has the Court stayed discovery *sua sponte*.

Plaintiffs sent a detailed discovery letter to Endeavor on December 13, 2024, seeking to schedule a meet and confer on its responses and reiterating that "Endeavor is obligated under the Federal Rules to conduct a reasonable search for and to produce all non-privileged responsive documents located within their possession, custody, or control." K. Rayhill Dec. 13, 2024 Ltr., Ex. F, at 1.

Plaintiffs' letter addressed, *inter alia*, Endeavor's boilerplate, general objections; its objections to individual Requests; and caselaw supporting the propriety of Plaintiffs' Requests and the inadequacy of Endeavor's objections. *Id.* at 2–28. The letter also asked Endeavor to identify custodians where it proposed limiting its productions to "specific custodians" in advance

of the requested call and that Endeavor be prepared with specific information to substantiate its objections on the call. *Id.* at 4, 9–10, 22–23.

Plaintiffs served their Second Set of Requests for Production to Endeavor on December 20, 2024. Dell'Angelo Decl. ¶ 4. In the spirit of compromise, these nine Requests were narrower, targeting Endeavor's involvement in the alleged scheme.

The parties met and conferred regarding Endeavor's discovery responses on January 8, 2025. Dell'Angelo Decl. ¶ 9. Plaintiffs sent a further discovery letter following the call and noting, "Despite having nearly four weeks to prepare for the meet and confer, Defendants were not prepared to provide substantive responses to Plaintiffs' letters," and that Defendants' tactics "will seriously delay and possibly derail the process." Ex. D at 1.

Endeavor served its responses and objections to Plaintiffs' Second Set of Requests on January 21, 2025. Ex. B. In its responses, Endeavor again categorically refused to produce documents, reiterating its position that it "will not produce any documents in response to [Plaintiffs'] Requests until the Court has ruled on Endeavor's motion to dismiss, or the Court orders otherwise." *Id.* at 2.

Endeavor then refused even to respond to Plaintiffs' December 13, 2024 letter, based on its "objection that Endeavor is neither a proper Defendant nor a proper recipient of party discovery in this case, and a motion to dismiss Endeavor from the case remains pending." Ex. C. at nn.1 & 2.

Plaintiffs wrote to Endeavor regarding its "continuing refusal to respond to or engage in discovery related to Endeavor's role in the conduct giving rise to Plaintiffs' claims" on February 3, 2025. Dell'Angelo Feb. 3, 2025 Ltr., Ex. G, at 1. In the letter, Plaintiffs outlined the partes' dispute and requested to meet and confer with Endeavor's counsel pursuant to Local Rule 26-6(c). *Id.* at 1–2. The parties met and conferred by videoconference on February 6, 2025. Dell'Angelo Decl. ¶ 11. During the meet and confer, Endeavor confirmed its position that Endeavor will not participate in discovery until its pending motion to dismiss is resolved. *Id.* ¶ 11. Plaintiffs reiterated their position that discovery is not stayed in this case, and under the

1  applicable federal rules and law, Endeavor cannot unilaterally refuse to participate in discovery at
2  this time. *Id.*

3  Plaintiffs made clear their view that the parties have different positions and their
4  understanding that neither party is willing to change its stance. *Id.* Therefore, Plaintiffs stated that
5  the parties have reached an impasse, and the issue is ripe for resolution by the Court. *Id.* Endeavor
6  confirmed that it would not change its position on discovery but refused to acknowledge that the
7  parties are at an impasse. *Id.*

8  In a February 6, 2025 letter, Plaintiffs summarized the call and the parties' positions, and
9  reiterated that the parties had reached an impasse. Dell'Angelo Feb. 6, 2025 Ltr., Ex. H. Endeavor
10 did not respond. Dell'Angelo Decl. ¶ 12.

11 **III.   ARGUMENT**

12 **A.  Legal Standard**

13 Rule 37 authorizes motions to compel discovery when a party has failed to respond to
14 discovery or cooperate in the discovery process. Fed. R. Civ. P. 37. A motion is proper "when a
15 timely discovery request has been served, the opposing party has not responded or has
16 inadequately responded, and the moving party has attempted in good faith to resolve any dispute
17 about the adequacy of the discovery responses without the court's intervention." *King v.*
18 *Calderwood*, 2015 WL 7566679, at *2 (D. Nev. Nov. 24, 2015) (citing Fed. R. Civ. P. 37(a)).
19 Rule 37(a) provides relief where "a party fails to produce documents . . . as requested under Rule
20 34." Fed. R. Civ. P. 37(a)(3)(B)(iv). For purposes of that subdivision, "an evasive or incomplete
21 disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed.
22 R. Civ. P. 37(a)(4).

23 **B.  Endeavor must respond to discovery**

24 Endeavor is a party to this litigation. It has been a party since Plaintiffs filed their initial
25 complaint in 2021. ECF No. 1. The parties held their Rule 26(f) conference on August 2, 2021.
26 ECF No. 51 at 1. Although the Court stayed the case in 2022 as the parties litigated the *Le* matter,
27 that stay was lifted in August 2023. ECF No. 73. Discovery has been open since.
28

That means Endeavor must participate in discovery. It must respond to Plaintiffs' properly served discovery requests, conduct a reasonable search, and produce all non-privileged responsive documents within its possession, custody, or control. Fed. R. Civ. P. 26, 34.

Despite these obligations, Endeavor has refused to participate in the discovery process.[3] It has refused to produce documents in response to Plaintiffs' First and Second Sets of Requests for Production. Its responses and objections to Plaintiffs' Requests—and its statements during the meet-and-confer process—make clear that it will not do so unless compelled by the Court. *See supra*, § II.B; *King*, 2015 WL 7566679, at *2 (motion to compel proper where "the moving party has attempted in good faith to resolve any dispute about the adequacy of the discovery responses without the court's intervention"); Fed. R. Civ. P. 37(a)(3)(B)(iv) (relief appropriate where "a party fails to produce documents . . . as requested under Rule 34").

### C. Endeavor's failure to respond to discovery is not excused

Endeavor's position—that it has no obligation to respond to discovery because it intended to, and then did, file a motion to dismiss—is not supported by the law, rules, or directives of the Court regarding the conduct of discovery.

Filing a motion to dismiss does not stay discovery. As this Court stated in *Tsatas v. Airborne Wireless Network, Inc.*, "The Federal Rules of Civil Procedure do not [] provide for automatic or blanket stays of discovery just because a potentially dispositive motion is pending." No. 2:20-cv-02045-RFB-BNW, ECF No. 48 at 2 (D. Nev. Apr. 9, 2021) (citing *Skellerup Indus. Ltd. v. City of L.A.*, 163 F.R.D. 598, 600-01 (C.D. Cal. 1995)); *accord Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011) ("The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending.").

---

[3] Although Defendants served a document entitled "Defendants Zuffa, LLC, and Endeavor Group Holdings, Inc.'s Initial Disclosures Pursuant to FRCP 26(a)(1)" on October 13, 2023, the document cites no Endeavor-specific personnel under Rule 26(A)(1)(A)(I) and no Endeavor-specific document categories or locations under Rule 26(A)(1)(A)(II). *See* Ex. I at 1–3, 10–11. These evasive and incomplete disclosures "must be treated as a failure to disclose." Fed. R. Civ. P. 37(a)(4).

1   In fact, a dispositive motion ordinarily does *not* warrant a stay of discovery. *See Twin City Fire Ins. v. Employers of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989); *Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). *See also Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990) ("Had the Federal Rules contemplated that a motion to dismiss under [Rule] 12(b)(6) would stay discovery, the Rules would contain a provision to that effect.").

Endeavor's belief that it "is neither a proper Defendant nor a proper recipient of party discovery in this case" does not relieve it of its obligations under the Rules. *See* Ex. C at 1 nn.1 & 2.

Endeavor's position is all the more indefensible given this Court's statements that discovery into Endeavor's involvement in the underlying conduct is an appropriate subject of pre-motion-to-dismiss discovery. *See* ECF No. 69 at 25-26; ECF No. 165 at 5.

**D. Plaintiffs request an order compelling Endeavor to immediately produce documents responsive to Plaintiffs' Second Set of Requests for Production**

Endeavor should be compelled to produce all non-privileged documents in its possession, custody, or control responsive to Plaintiffs' Second Set of Requests for Production.

As discussed above, these nine Requests target Endeavor's involvement in the conduct giving rise to Plaintiffs' claims—discovery the parties discussed with the Court at the hearing on Defendants' First Motion to Dismiss, *see* ECF No. 69 at 25–26, and the October 22, 2024 status conference, *see* ECF No. 165 at 5.

For example, Request Nos. 85, 86, and 87 seek documents and communications about Endeavor's role in producing and distributing UFC Events, including negotiations with broadcast and distribution partners and Endeavor's costs and expenses associated with producing the events. Ex. B at 12–14. Request No. 88 seeks documents related to Endeavor's role in operating the UFC's Fight Pass streaming platform—another form of UFC Event distribution—including Endeavor's employees' roles in its operation. *Id.* at 14. Request Nos. 91 and 92 seek documents and communications related to the operation and creation of UFC Apex, an event space owned and operated by an Endeavor subsidiary. *Id.* at 17. Request No. 93 seeks documents and

9
PLAINTIFFS' MOTION TO COMPEL DISCOVERY
Case No.: 2:21-cv-01189-RFB-BNW

communications related to changes in the UFC's broadcast rights revenue, including changes related to pay-per-view revenues following certain deals between the UFC and broadcasters. *Id.* at 18.

These documents are directly relevant to the alleged scheme and Endeavor's role in it. Plaintiffs allege that the conduct at issue harms competition not only in the market for fighter compensation but also in the market for promoting fights, and that these anticompetitive harms are mutually reinforcing. ECF No. 118 ¶ 5. Plaintiffs allege that Endeavor directly participated in the scheme by, *inter alia*, overseeing the promotion and distribution of UFC Events, including negotiating with broadcasters, producing events, and negotiating pay-per-view, media, and sponsorship agreements on behalf of the UFC and fighters. *See, e.g.*, *id.* ¶¶ 30, 32. These Requests speak directly to that conduct.

Request Nos. 89 and 91 seek documents and communications related to Endeavor's business strategies for the UFC, including analyses of UFC Fighter compensation, counterprogramming other MMA Promoters' events, and acquisition strategies. Ex. B at 15, 17. Plaintiffs allege that the UFC used its monopoly and monopsony power to suppress fighter wages and undermine would-be competitor promotions. These Requests seek materials directly relevant to this conduct and Endeavor's role in it.

Request No. 90 seeks documents and communications related to certain provisions in the UFC's contracts with fighters, including evaluations of the effect of these provisions on the UFC's ability (or inability) to retain UFC Fighters under contract, and the provisions' benefits to Endeavor. *Id.* at 16. The UFC's contracts with fighters are central to Plaintiffs' allegations and anticipated proof. Documents and communications discussing, negotiating, or interpreting them—or analyzing their impact—are directly relevant to Plaintiffs' claims. To the extent Endeavor has any such documents in its files, that is highly relevant and probative of its involvement in the alleged scheme.

Request No. 94 seeks documents and communications related to certain claims in Endeavor's SEC filings pertaining to the UFC, including how Endeavor "owned and managed" the UFC, and Endeavor's acquisition strategy. *Id.* at 19. These documents speak directly to

Endeavor's role in overseeing and controlling the UFC, including the alleged scheme.

Endeavor's production of documents responsive to these Requests should be without limitation on scope. Endeavor's refusal to participate in the discovery process has halted any progress the parties could—and should—have made towards negotiating the scope of its production, needlessly delaying these proceedings.

Despite having Plaintiffs' detailed meet-and-confer letter regarding its responses to Plaintiffs' First Set of Requests for nearly a month, Endeavor was unprepared (or unwilling) to discuss the specifics of—let alone defend—its objections on the parties' call. *See* Ex. D at 1. It has refused to identify custodians after saying it will produce only "specific custodians[']" documents. Ex. A at 19, 20, 42, 43, 46, 50, 65; Ex. F at 9–10, 22–23; Ex. D at 1. It then refused to respond to Plaintiffs' letter based on its belief that it is "neither a proper Defendant nor a proper recipient of party discovery in this case." Ex. C at 1 nn.1 & 2. Indeed, it refused even to acknowledge that the parties are at an impasse regarding its failure to produce documents when they clearly are. Dell'Angelo Decl. ¶ 11.

Such dilatory tactics should not be rewarded with still more delay. If Endeavor wished to negotiate the scope of its production, it had many opportunities to do so.

Accordingly, Plaintiffs respectfully request that the Court enter an order compelling Endeavor to immediately produce all non-privileged documents in its possession, custody, or control responsive to Plaintiffs' Second Set of Requests and to complete that production within 30 days.

## IV.   CONCLUSION

Plaintiffs respectfully request that the Court grant Plaintiffs' Motion to Compel and enter the concurrently filed [Proposed] Order.

| | | |
|---|---|---|
| 1 | Dated: February 17, 2025 | Respectfully submitted, |
| 2 | | |
| 3 | | **BERGER & MONTAGUE, P.C.** |
| 4 | | /s/ *Michael Dell'Angelo* |
| 5 | | Eric L. Cramer (admitted *pro hac vice*) |
| 6 | | Michael Dell'Angelo (admitted *pro hac vice*) |
| | | Patrick F. Madden (admitted *pro hac vice*) |
| 7 | | 1818 Market Street, Suite 3600 |
| | | Philadelphia, PA 19103 |
| 8 | | Telephone:     (215) 875-3000 |
| | | Facsimile:      (215) 875-4604 |
| 9 | | ecramer@bm.net |
| 10 | | mdellangelo@bm.net |
| | | pmadden@bm.net |
| 11 | | |
| 12 | | Joshua P. Davis (admitted *pro hac vice*) |
| | | Robert C. Maysey (admitted *pro hac vice*) |
| 13 | | 505 Montgomery Street, Suite 625 |
| | | San Francisco, CA 94111 |
| 14 | | Telephone: (415) 906-0684 |
| | | Facsimile: (215) 875-4604 |
| 15 | | jdavis@bm.net |
| 16 | | rmaysey@bm.net |
| 17 | | Joseph R. Saveri (admitted *pro hac vice*) |
| | | Kevin E. Rayhill (admitted *pro hac vice*) |
| 18 | | Chris Young (admitted *pro hac vice*) |
| 19 | | **JOSEPH SAVERI LAW FIRM** |
| | | 601 California Street, Suite 1000 |
| 20 | | San Francisco, California 94108 |
| | | Telephone: (415) 500-6800 |
| 21 | | Facsimile: (415) 395-9940 |
| 22 | | jsaveri@saverilawfirm.com |
| | | krayhill@saverilawfirm.com |
| 23 | | cyoung@saverilawfirm.com |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

Benjamin D. Brown (admitted *pro hac vice*)
Richard A. Koffman (admitted *pro hac vice*)
Daniel H. Silverman (admitted *pro hac vice*)
**COHEN MILSTEIN SELLERS**
 **& TOLL, PLLC**
1100 New York Ave., N.W., Suite 500, East Tower Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408 4699
bbrown@cohenmilstein.com
rkoffman@cohenmilstein.com
dsilverman@cohenmilstein.com

W. Joseph Bruckner (admitted *pro hac vice*)
Brian D. Clark (admitted *pro hac vice*)
**LOCKRIDGE GRINDAL NAUEN PLLP**
100 Washington Ave S, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 596-4001
Facsimile: (612) 339-0981
wjbruckner@locklaw.com
bdclark@locklaw.com

Kyle Pozan (admitted *pro hac vice*)
**LOCKRIDGE GRINDAL NAUEN PLLP**
1165 N. Clark Street, Ste. 700
Chicago, IL 60610
Telephone: (612) 339-6900
kjpozan@rlocklaw.com

*Counsel for Plaintiffs and the Proposed Class*

Michael J. Gayan
**KEMP JONES, LLP**
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, Nevada 89169
Telephone: (702) 385-6000
Facsimile: (702) 385-6001
m.gayan@kempjones.com

*Liaison Counsel for Plaintiffs and the Proposed Class*