WILLIAM A. ISAACSON (*Pro hac vice*)
wisaacson@paulweiss.com
KAREN L. DUNN (*Pro hac vice*)
kdunn@paulweiss.com
JESSICA PHILLIPS (*Pro hac vice*)
jphillips@paulweiss.com
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
2001 K Street, NW
Washington, DC 20006

DONALD J. CAMPBELL (No. 1216)
djc@campbellandwilliams.com
J. COLBY WILLIAMS (No. 5549)
jcw@campbellandwilliams.com
CAMPBELL & WILLIAMS
700 South 7th Street
Las Vegas, NV 89101

CHRISTOPHER S. YATES (*Pro hac vice*)
chris.yates@lw.com
AARON T. CHIU (*Pro hac vice*)
aaron.chiu@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111

SEAN M. BERKOWITZ (*Pro hac vice*)
sean.berkowitz@lw.com
LATHAM & WATKINS LLP
330 North Wabash Ave, Suite 2800
Chicago, IL 60611

LAURA WASHINGTON (*Pro hac vice*)
laura.washington@lw.com
LATHAM & WATKINS LLP
10250 Constellation Blvd, Suite 1100
Los Angeles, CA 90067

*Attorneys for Defendant Zuffa, LLC*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Kajan Johnson, Clarence Dollaway, and Tristan Connelly, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Zuffa LLC, TKO Operating Company, LLC f/k/a Zuffa Parent LLC (d/b/a Ultimate Fighting Championship and UFC) and Endeavor Group Holdings, Inc.,<br><br>Defendants. | Case No.: 2:21-cv-01189-RFB-BNW<br><br>**DEFENDANT ZUFFA LLC'S MOTION TO DENY CLASS CERTIFICATION OR, IN THE ALTERNATIVE, STRIKE CLASS ALLEGATIONS**<br><br>**HEARING REQUESTED**<br><br>**REDACTED VERSION OF DOCUMENT FILED UNDER SEAL** |

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ..................................................................................................1

II.  RELEVANT BACKGROUND ..............................................................................2

III. ARGUMENT .......................................................................................................4

    A.   This Motion Should Be Decided Now.......................................................4

    B.   Fighters In the Putative Class Who Signed Arbitration Agreements and/or
        Class Action Waivers Are Precluded From Participating In This Case .................5

    C.   Plaintiffs Cannot Satisfy The Requirements of Rule 23 Because the
        Putative Class Includes a Majority of Fighters With Arbitration Clauses
        and/or Class Action Waivers ...................................................................9

        1.   The Named Plaintiffs Are Atypical and Inadequate Representatives........10

        2.   Common Questions of Fact or Law Do Not Predominate Over
            Questions Affecting Only Individual Class Members ..............................12

        3.   A Class Action Is Not a Superior Method of Adjudication ......................12

        4.   The Named Plaintiffs Lack Standing to Challenge the Validity of
            Arbitration Agreements and this Court Lacks Jurisdiction to Rule
            on Any Such Challenge ...............................................................13

IV.  CONCLUSION...................................................................................................14

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

### CASES

*Andrews v. Ring LLC*,
   2020 WL 6253319 (C.D. Cal. Sept. 17, 2020) ................................................................11, 13

*Arellano v. T-Mobile USA, Inc.*,
   No. 10-cv-05663-WHA, 2011 WL 1362165 (N.D. Cal. Apr. 11, 2011)................................13

*AT&T Mobility LLC v. Concepcion*,
   563 U.S. 333 (2011)........................................................................................................5, 8

*Avilez v. Pinkerton Gov't Servs.*,
   596 F. App'x 579 (9th Cir. 2015) ..............................................................................11, 13, 14

*Bateman v. Am. Multi-Cinema, Inc.*,
   623 F.3d 708 (9th Cir. 2010) ..................................................................................................9

*Camilo* v. *Uber Techs., Inc.*,
   2018 WL 2464507 (S.D.N.Y. May 31, 2018) ..........................................................................5

*Campanelli v. Image First Healthcare Laundry Specialists, Inc.*,
   No. 15-cv-04456-PJH, 2018 WL 6727825 (N.D. Cal. Dec. 21, 2018)
   ...................................................................................................................................4, 9, 11, 13

*Circle Click Media LLC v. Regus Mgmt. Grp. LLC*,
   No. 12-cv-04000-EMC, 2016 WL 1048046 (N.D. Cal. Mar. 11, 2016), *leave*
   *to appeal denied*, No. 16-80071 (9th Cir. Jul. 19, 2016) ......................................................11

*Conde v. Open Door Mktg., LLC*,
   223 F. Supp. 3d 949 (N.D. Cal. 2017) ................................................................9, 10, 11, 13

*Doninger v. Pac. Nw. Bell, Inc.*,
   564 F.2d 1304 (9th Cir. 1977) ...............................................................................................7

*Epic Sys. Corp. v. Lewis*,
   584 U.S. 497 (2018)................................................................................................................6

*Farr v. Acima Credit LLC*,
   No. 20-cv-8619-YGR, 2021 WL 2826709 (N.D. Cal. Jul. 7, 2021)...................................9, 11

*Geier v. M-Qube Inc.*,
   824 F.3d 797 (9th Cir. 2016) .................................................................................................8

*Helgren v. Amgen, Inc.*,
   No. 06-cv-7182-GW-RZ, 2010 WL 11523681 (C.D. Cal. Dec. 29, 2010) ............................12

ii

*Hicks v. Utiliquest, LLC*,
　736 F. Supp. 3d 849 (E.D. Cal. June 10, 2024) .........................................................................8

*In re Checking Account Overdraft Litig.*,
　780 F.3d 1031 (11th Cir. 2015) ...............................................................................................14

*In re Titanium Dioxide Antitrust Litig.*,
　962 F. Supp. 2d 840 (D. Md. 2013).........................................................................................12

*Laver v. Credit Suisse Sec. (USA), LLC*,
　976 F.3d 841 (9th Cir. 2020) ....................................................................................................5

*Lawson v. Grubhub, Inc.*,
　13 F.4th 908 (9th Cir. 2021) ........................................................................................... *passim*

*Lawson v. Grubhub, Inc.*,
　No. 3:15-cv-05128-JSC (N.D. Cal.), ECF No. 45 ....................................................................8

*Le et al. v. Zuffa, LLC et al.*,
　Case No. 2:15-cv-01045 (D. Nev.), ECF No. 1036........................................................1, 3, 6

*Lee v. Am. Exp. Travel Related Servs., Inc.*,
　348 F. App'x 205 (9th Cir. 2009) ............................................................................................14

*Macedonia Distrib., Inc. v. S-L Distrib. Co., LLC*,
　2020 WL 610702 (C.D. Cal. Feb. 7, 2020)..............................................................................11

*Myers v. TRG Customer Sols., Inc.*,
　No. 1:17-cv-00052, 2017 WL 3642295 (M.D. Tenn. Aug. 24, 2017)......................................7

*O'Connor v. Uber Technologies, Inc.*,
　904 F.3d 1087 (9th Cir. 2018) .......................................................................................1, 6, 7, 9

*Pablo v. ServiceMaster Gl. Holdings, Inc.*,
　No. 08-cv-03894-SI, 2011 WL 3476473 (N.D. Cal. Aug 9, 2011) .........................................13

*Palmer v. HSBC Bank, USA, NA*,
　No. 23-15226, 2024 WL 2287199 (9th Cir. May 21, 2024)......................................................4

*Quinlan v. Macy's Corporate Servs.*,
　No. 12-cv-00737-DDP, 2013 WL 11091572 (C.D. Cal. Aug. 22, 2013)................................11

*Ryan v. Jersey Mike's Franchise Sys.*,
　2014 WL 1292930 (S.D. Cal. Mar. 28, 2014) ...........................................................................7

*Sanders v. Apple Inc.*,
　672 F. Supp. 2d 978 (N.D. Cal. 2009) ................................................................................5, 10

*Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*,
　559 U.S. 393 (2010)...................................................................................................................9

iii

*Singh v. Google LLC*,
    No. 16-cv-03734-BLF, 2022 WL 94985 (N.D. Cal. Jan. 10, 2022) ........................................9

*Smith v. Bayer Corp.*,
    564 U.S. 299 (2011)................................................................................................................8

*Valencia v. VF Outdoor, LLC*,
    No. 1:20-cv-01795-DAD-SKO, 2021 WL 5154161 (E.D. Cal. Nov. 5, 2021) ...........10, 11, 14

*Vinole v. Countrywide Home Loans, Inc.*,
    571 F.3d 935 (9th Cir. 2009) ..........................................................................................4, 5, 7

*Whittlestone, Inc. v. Handi-Craft Co.*,
    618 F.3d 970 (9th Cir. 2010) ...................................................................................................5

*Zulewski v. Hershey Co.*,
    No. 11-cv-05117-KAW, 2013 WL 1748054 (N.D. Cal. Apr. 23, 2013)...................................4

**STATUTES**

9 U.S.C.
    § 2..........................................................................................................................................6, 8
    § 3.............................................................................................................................................6
    §4..............................................................................................................................................6

**RULES**

Federal Rule of Civil Procedure
    12.............................................................................................................................................5
    12(f).....................................................................................................................................1, 5
    23(a) ......................................................................................................................1, 9, 10, 12
    23(c) ...................................................................................................................................1, 4
    23(d).........................................................................................................................................1
    23(d)(1)(D)...............................................................................................................................5

## I.    INTRODUCTION

This case is brought by three Plaintiffs—Kajan Johnson, Clarence Dollaway and Tristan Connelly (the "Named Plaintiffs")—on behalf of a putative class.  None of the Named Plaintiffs signed Promotion Agreements with Defendant Zuffa, LLC ("Zuffa" or "UFC") that include arbitration agreements or class-action waivers.  The issue presented by this motion is that the Promotion Agreements signed by fighters who comprise the majority of the putative class *do* contain arbitration agreements and class-action waivers.  Those basic facts led counsel for the Named Plaintiffs to say, "I don't think anybody would have brought the *Johnson* case if *Le* didn't exist because of those arbitration clauses and class action waivers."  *Le et al. v. Zuffa, LLC et al.*, Case No. 2:15-cv-01045 (D. Nev.), ECF No. 1036 at 16:20-22.  Those basic facts also mean that the proposed class is legally defective and cannot be certified as a matter of law.  Defendant Zuffa[1] accordingly requests that this Court deny certification of Named Plaintiffs' proposed class under Federal Rule of Civil Procedure 23(c) and (d), or strike the class allegations pursuant to Rule 12(f).

The fact that the Named Plaintiffs are not bound by the arbitration agreements or class-action waivers that bind the majority of the fighters in the putative class means the Named Plaintiffs cannot "satisfy the requirements in Rule 23(a) because [they are] neither typical of the class nor [] adequate representative[s], and because the proceedings would be unlikely to generate common answers."  *Lawson v. Grubhub, Inc.*, 13 F.4th 908, 913 (9th Cir. 2021).  And class certification is improper where, as here, the putative class includes members "who entered into agreements to arbitrate their claims and to waive their right to participate in a class action with regard to those claims."  *O'Connor v. Uber Technologies, Inc.*, 904 F.3d 1087, 1094 (9th Cir. 2018).

---

[1] Plaintiffs erroneously refer to "TKO Operating Company, LLC f/k/a Zuffa Parent LLC (d/b/a Ultimate Fighting Championship and UFC)" but it is Zuffa, LLC that operates under the d/b/a name of UFC.  As discussed in Section II. B., *infra*, TKO Operating Company, LLC ("TKO") is a third-party beneficiary to the Promotion Agreements.  Endeavor Group Holdings Inc. ("Endeavor") disputes that it is a properly named defendant.  If, however, Endeavor is found to be a properly named defendant then Endeavor—like TKO—is also properly considered a third-party beneficiary to the Promotion Agreements, along with their arbitration clauses and class action waivers.

No additional discovery is necessary to resolve this issue.  The fighter contracts produced to date show that the majority of the putative class entered into arbitration agreements and class-action waivers.  Because the Named Plaintiffs did *not* sign such agreements, they cannot be adequate class representatives.  Nor can they challenge the validity or enforceability of those agreements either individually or on a class-wide basis.  On those basic facts, and under controlling Ninth Circuit precedent, the class alleged in the Amended Complaint cannot be certified as a matter of law.  The Court should say so now, without delay, before the parties and the Court expend unnecessary time and resources in further class discovery on this issue.  There is no just cause, or pragmatic reason, to delay resolving this threshold question.

## II.    RELEVANT BACKGROUND

The Named Plaintiffs bring this action individually and on behalf of a proposed class of "all persons who competed in one or more live professional UFC-promoted MMA bouts taking place or broadcast in the United States from July 1, 2017, until the illicit scheme alleged herein ceases."  ECF No. 118 (Amended Complaint) ¶ 37.  The alleged class includes approximately 1,388 fighters.  *Id.*

Every fighter in the alleged class, including the Named Plaintiffs, entered into Promotion Agreements with Zuffa as part of their participation in MMA bouts.  *Id.* ¶ 104.  Zuffa has produced such fighter contracts on a rolling basis, as they are located, as part of the discovery conducted to date.  *See* Declaration of Christopher S. Yates ("Yates Decl.") ¶ 4.  Zuffa has reviewed the terms of those agreements and catalogued those that contain arbitration clauses and class-action waivers. *Id.* █████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████ ███████████ █████████████████████████████████████ ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████ .

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████

████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████    ████████████████████████

████████████████████████████████.

As counsel for the Named Plaintiffs have acknowledged, the arbitration clauses and class action waivers were incorporated in new Promotion Agreements prior to the filing of the original complaint in this action.  *See* ECF No. 136-2 at ¶ 237 n.15 ("As Co-Lead Class Counsel understands it, Defendant Zuffa implemented certain of these contractual changes at some point after the *Le* Class Period (December 16, 2010 to June 30, 2017) had ended but before the *Johnson* Action was filed.").  The inclusion of arbitration clauses and class action waivers was one of several changes that distinguish the Promotion Agreements of much of the putative class in this case from those in *Le*.  These changes include:

████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

1

2

3

4

5

6      **III.    ARGUMENT**

7              The Court should deny class certification or strike the class allegations because the majority

8      of the fighters in the putative class agreed to resolve disputes through arbitration and waive their

9      right to participate in a class action.[2]

10             **A.        This Motion Should Be Decided Now**

11             Rule 23(c) permits a court to deny class certification "before a plaintiff files a motion to

12     certify a class." *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 941 (9th Cir. 2009).  The

13     Ninth Circuit has firmly held that motions to deny certification filed in advance of a motion to

14     certify are permitted when a court has sufficient factual information to resolve the issue, either

15     from discovery or the pleadings.  *See Lawson*, 13 F.4th at 913 ("[Plaintiff] argues that the order

16     denying class certification was premature because he had not yet moved for certification.  But Rule

17     23 allows a preemptive motion by a defendant to deny class certification."); *Palmer v. HSBC Bank,*

18     *USA, NA*, No. 23-15226, 2024 WL 2287199, at *2 (9th Cir. May 21, 2024) ("The district court was

19     not required to wait for a motion for class certification or for additional discovery before

20     addressing [plaintiff's] class allegations."); *accord Zulewski v. Hershey Co.*, No. 11-cv-05117-

21     KAW, 2013 WL 1748054, at *2 (N.D. Cal. Apr. 23, 2013); *Campanelli v. Image First Healthcare*

22     *Laundry Specialists, Inc.*, No. 15-cv-04456-PJH, 2018 WL 6727825, at *5 (N.D. Cal. Dec. 21,

23     2018).  As the court explained in *Payne v. Sieva Networks, Inc.*, the "Ninth Circuit has made clear

24     . . . that Rule 23 does not preclude a defendant from bringing a preemptive motion to deny

25     certification.  The Ninth Circuit has also explained . . . that discovery is not always required prior

26

27     ───────────────
       [2] By bringing this motion, Zuffa does not waive and expressly reserves any additional arguments
       against class certification that could be raised in opposition to a motion for class certification,

28     should Plaintiffs file such a motion at a later date.

to deciding whether to certify a class." 347 F.R.D. 224, 226 (N.D. Cal. 2024) (quoting *Vinole*, 571 F.3d at 939) (cleaned up). In addition, Rule 23(d)(1)(D) permits a court to "issue orders that . . . require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly."

Likewise, under Rule 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (internal citations and quotation marks omitted). "Where the complaint demonstrates that a class action cannot be maintained on the facts alleged, a defendant may move to strike class allegations prior to discovery." *Sanders* v. *Apple Inc.*, 672 F. Supp. 2d 978, 990 (N.D. Cal. 2009). Striking class allegations is appropriate where a contractual waiver precludes the possibility of class-wide litigation. *See, e.g.*, *Camilo* v. *Uber Techs., Inc.*, 2018 WL 2464507, at *3 (S.D.N.Y. May 31, 2018) (granting motion to strike).

Whether considered under Rule 23 or Rule 12, this motion is ripe for consideration and no further class discovery is required (or justified) to resolve it.

**B.    Fighters In the Putative Class Who Signed Arbitration Agreements and/or Class Action Waivers Are Precluded From Participating In This Case**

The Court should deny class certification or strike the class allegations now because the putative class includes fighters who agreed both to arbitrate their claims and not to participate in a class action. Those fighters are thus precluded from participating in any certified class. A "class action waiver is a promise to forgo a procedural right to pursue class claims," and "an agreement to arbitrate is a promise to have a dispute heard in some forum other than a court." *Laver v. Credit Suisse Sec. (USA), LLC*, 976 F.3d 841, 846 (9th Cir. 2020) (quotation marks omitted). "Congress has instructed that arbitration agreements [with class action waivers] must be enforced as written." *Epic Sys. Corp. v. Lewis*, 584 U.S. 497, 525 (2018) (citing 9 U.S.C. §§ 2, 3, 4); *see also AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011). Accordingly, class certification is improper where the putative class includes members "who entered into agreements to arbitrate

1    their claims and to waive their right to participate in a class action with regard to those claims."

2    *O'Connor*, 904 F.3d at 1094.



12    On numerous occasions throughout this litigation, counsel for the Named Plaintiffs has

13    conceded that a large portion of putative class members are subject to arbitration agreements and

14    class action waivers.  *See, e.g.*, ECF No. 71 at 6 (Plaintiffs' Aug. 17, 2023 Pre-Conference Status

15    Report) ("Zuffa has reportedly implemented arbitration clauses and bans on participation in class

16    actions in the contracts with ***many (if not most)*** of its fighters in recent years.") (emphasis added);

17    ECF No. 136-6 at 4 (Plaintiffs' May 21, 2024 Proposed Plan of Allocation for Settlement)

18    (proposing settlement allocation based on factors including "the fact that a large portion of the

19    *Johnson* Settlement Class members are subject to arbitration clauses and class action waivers");

20    *Le*, No. 21-cv-01189, ECF No. 1036 at 5:25-7:14 (Transcript of July 12, 2024 *Le* Status

21    Conference) ("[Plaintiffs' Counsel]:  [T]he named plaintiff in Johnson did not have an arbitration

22    agreement.  So the only way it would get litigated is years down the road.  So we would be

23    litigating— THE COURT:  Well, there are three named plaintiffs in Johnson.  [Plaintiffs'

24    Counsel]:  Right, and none of them had an arbitration clause. . . . And, Your Honor, there are not

25    only arbitrations clauses here; there are class action waivers."); *id.* at 16:20-24 (Plaintiff's Counsel:

26    "I don't think anybody would have brought the *Johnson* case if *Le* didn't exist because of those

27    arbitration clauses and class action waivers.  70 percent of the damages are covered by those

28

1    clauses, and we all have read the Supreme Court decisions and know that Supreme Court loves

2    arbitration."); *id.* at 19:1-6 (Plaintiff's Counsel: "[T]here is no firm that is going to bring a case on

3    behalf of a handful of Johnson fighters where most of the case is already old, right, because the

4    UFC started implementing arbitration clauses . . . in 2019 and 2020.").

5           Pursuant to Ninth Circuit precedent, fighters who have agreed to arbitrate "one-on-one"

6    cannot be members of any certified class. *Lawson*, 13 F.4th at 913; *O'Connor*, 904 F.3d at 1094–

7    95.  This is a threshold issue that does not require any further discovery.  *Myers v. TRG Customer*

8    *Sols., Inc.*, No. 1:17-cv-00052, 2017 WL 3642295, at *1 (M.D. Tenn. Aug. 24, 2017) ("[T]he

9    question of whether the plaintiffs' claims must be arbitrated individually is a threshold question

10   which, in the interest of preserving party and court resources, should be resolved before the court

11   addresses whether conditional certification is warranted.").  "A party seeking class certification is

12   not always entitled to discovery on the class certification issue," and class certification can be

13   "properly denied without discovery where . . . discovery measures" are not "likely to produce

14   persuasive information substantiating the class action allegations."  *Vinole*, 571 F.3d at 941–42

15   (internal citations and quotations omitted); *Doninger v. Pac. Nw. Bell, Inc.*, 564 F.2d 1304, 1312

16   (9th Cir. 1977) (holding that district courts have broad discretion to control class certification and

17   discovery is not required before the court rules); *accord Ryan v. Jersey Mike's Franchise Sys.*,

18   2014 WL 1292930, at *5 (S.D. Cal. Mar. 28, 2014) ("[I]f it is apparent from the record before the

19   Court that discovery will not permit a plaintiff to certify the proposed class, this Court will not

20   permit a plaintiff to burden defendants with unnecessary and futile discovery requests.").  Here,

21   the Promotion Agreements relevant to the alleged class have been produced, and there is no dispute

22   that the majority of them contain arbitration clauses and class-action waivers.  There also is no

23   dispute that the arbitration provisions, on their face, broadly apply to any claims arising out of

24   fighters' work under their Promotion Agreements or their relationship with Zuffa.[3]  Discovery

25
26
27
28

────────────────────────────────

[3]

Def. Zuffa LLC's Mot. to Deny Class Certification or Strike Class Allegations
Case No. 21-cv-01189-RFB-BNW

1  beyond the Promotion Agreements cannot change these basic facts. And, under black-letter federal

2  law, the putative class members' arbitration agreements are presumptively valid and enforceable,

3  and therefore preclude class certification. 9 U.S.C. § 2; *Concepcion*, 563 U.S. at 339. No further

4  discovery is necessary to hold that the alleged class cannot be certified.[4]

5        The Ninth Circuit's decision in *Lawson* is instructive. In that case, the defendant, Grubhub,

6  filed its motion to deny class certification before discovery had been conducted. *Lawson v.*

7  *Grubhub, Inc.*, No. 3:15-cv-05128-JSC (N.D. Cal.), ECF No. 45 at 7:2 (Apr. 28, 2016) (joint case

8  management statement) ("No discovery has taken place to date."); *id.*, ECF No. 51 (June 2, 2016)

9  (motion to deny class certification). There, as here, the plaintiffs alleged a class definition that

10  included all Grubhub drivers, regardless of whether they had entered into or opted out of arbitration

11  agreements and class-action waivers. *Id.*, ECF No. 41 ¶ 24. Grubhub, in turn, moved to deny class

12  certification based on a declaration establishing that, apart from the named plaintiffs and two

13  others, all Grubhub drivers included in the putative class had executed arbitration agreements and

14

15

16                                              As a result, Defendant TKO is properly considered a third-

17  party beneficiary to the Promotion Agreements, along with their arbitration clauses and class
   action waivers. Similarly, if Endeavor is found to be a properly named defendant—which

18  Endeavor disputes—then Endeavor is also properly considered a third-party beneficiary to the
   Promotion Agreements, along with their arbitration clauses and class action waivers. *See, e.g.,*

19  *Hicks v. Utiliquest, LLC*, 736 F. Supp. 3d 849, 860-61 (E.D. Cal. June 10, 2024) (holding that
   parent company could enforce the arbitration agreement as a third-party beneficiary because the

20  agreement explicitly extended benefits to signatory's parents, subsidiaries, and affiliates,
   demonstrating those parties' intent to benefit); *Geier v. M-Qube Inc.*, 824 F.3d 797, 801 (9th Cir.

21  2016) (holding that the company's suppliers were intended third-party beneficiaries of the terms
   of the arbitration clause because the signatory to the terms agreed to waive all claims against the

22  company's suppliers, indicating the intent to benefit the suppliers).

23

24  [4] Zuffa has not yet filed a motion to compel arbitration against the putative absent class members
   who are bound by the arbitration clause in their Promotion Agreements because those individuals

25  are not parties to this action. *See, e.g., Smith v. Bayer Corp.*, 564 U.S. 299, 313 (2011) (rejecting
   as "sure[] erro[r]" the notion that an unnamed class member "is a party to the class action litigation

26  before the class is certified") (internal citations and quotations omitted). Zuffa reserves all rights
   to move to compel arbitration against those individuals in this Court (should they ever become

27  parties to this case), and otherwise to seek arbitration of the claims of putative class members in
   the applicable forum.

28

class-action waivers.  *Id.*, ECF No. 52.  The district court granted Grubhub's motion, *Tan v. Grubhub*, Inc., No. 15-cv-05128-JSC, 2016 WL 4721439, at *6 (N.D. Cal. July 19, 2016), and the Ninth Circuit affirmed because members of the putative class had "signed agreements waiving their right to participate in a class action," *Lawson*, 13 F.4th at 913.  The same result is warranted here.

### C.    Plaintiffs Cannot Satisfy The Requirements of Rule 23 Because the Putative Class Includes a Majority of Fighters With Arbitration Clauses and/or Class Action Waivers

The Court should also deny class certification or strike the class allegations because the Named Plaintiffs cannot demonstrate compliance with the requirements of Rule 23(a).  *Bateman v. Am. Multi-Cinema, Inc.*, 623 F.3d 708, 712 (9th Cir. 2010) (citing *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010)).

The Named Plaintiffs, who are not bound by arbitration agreements or class-action waivers, cannot satisfy the requirements of Rule 23(a) when a majority of class members are so bound.  "[C]lass certification is [improper] based upon the existence of an arbitration agreement and class action waiver applicable to unnamed class members but not the proposed class representative."  *Farr v. Acima Credit LLC*, No. 20-cv-8619-YGR, 2021 WL 2826709, at *7 (N.D. Cal. Jul. 7, 2021).  Indeed, "the Ninth Circuit has foreclosed the viability" of a named plaintiff who is "not subject to an arbitration agreement" seeking "to represent a Rule 23 class that includes [individuals] who are subject to arbitration agreements."  *Campanelli*, 2018 WL 6727825, at *7; *see also Singh v. Google LLC*, No. 16-cv-03734-BLF, 2022 WL 94985, at *6 (N.D. Cal. Jan. 10, 2022).  Consistent with *O'Connor*, 904 F.3d at 1094 and *Lawson*, 13 F.4th at 913, district courts in the Ninth Circuit regularly grant defendants' motions to deny class certification or strike class allegations where, as here, the requirements of Rule 23 cannot be satisfied.  *See, e.g.*, *Conde v. Open Door Mktg., LLC*, 223 F. Supp. 3d 949, 958–63 (N.D. Cal. 2017) (granting motion to deny class certification where "Plaintiffs cannot demonstrate typicality, commonality, and superiority, as required by Rule 23(a) . . . as to a class that includes individuals who signed the 20/20 MAA and are therefore possibly bound by an arbitration agreement.");  *Valencia v. VF Outdoor, LLC*,

No. 1:20-cv-01795-DAD-SKO, 2021 WL 5154161, at *3 (E.D. Cal. Nov. 5, 2021) (granting motion to deny class certification prior to the close of class discovery because a majority of the putative class members indisputably signed arbitration agreements whereas the named plaintiff did not; ruling that additional discovery was thus not warranted); *Conde*, 223 F. Supp. 3d at 958 (same); *Sanders*, 672 F. Supp. 2d at 990 (granting motion to strike).

Here, as in *Valencia*, Zuffa's motion is "premised solely on two facts: (1) a majority of the putative class members signed the Arbitration Agreement; and (2) the [named] Plaintiff[s] did not. Since neither is in dispute, discovery regarding the identities of the putative class members who signed the Arbitration Agreement and the circumstances surrounding it is not germane to the merits of Defendant's motion." 2021 WL 5154161, at *3.[5]  Similarly, as in *Conde,* the Named Plaintiffs "d[id] not dispute that they did not sign an arbitration agreement, while other individuals did." 223 F. Supp. 3d at 958.  To the contrary, as mentioned, the Named Plaintiffs have admitted that the majority of the purported class members have signed arbitration agreements.  Thus, "additional discovery is not required" to rule on the motion.  *Id.*[6]

### 1.    The Named Plaintiffs Are Atypical and Inadequate Representatives

Plaintiffs who are not subject to arbitration agreements lack the typicality and adequacy required to represent a class consisting of individuals who are subject to such agreements*. See, e.g., Quinlan v. Macy's Corporate Servs.*, No. 12-cv-00737-DDP, 2013 WL 11091572, at *3 (C.D. Cal. Aug. 22, 2013) (denying class certification motion as plaintiff was atypical of the class because he was a union member and not required to arbitrate, while class members were non-union

---

[5] Regardless, here, Zuffa has produced over 1,000 fighter contracts and identified the purported members of the class.

[6] The plaintiffs in *Conde* further argued that the motion was premature because they "had no opportunity to learn the circumstances surrounding the signing of these arbitration agreements, which might lead to procedural unconscionability defenses of which Plaintiffs are not currently aware."  *Id.*  As detailed in *Section II. C. 4., infra*, the Named Plaintiffs lack standing to raise the validity of agreements to which they are not a party.  *See Conde,* 223 F. Supp. 3d at 958.

and subject to mandatory arbitration); *Valencia*, 2021 WL 5154161, at *4 (granting motion to deny class certification where Plaintiff could not meet the typicality and adequacy requirements).[7]

Similarly, in *Avilez v. Pinkerton Government Services, Inc.,* the Ninth Circuit held that the named plaintiff lacked typicality and was not an adequate representative because "those who signed [arbitration clauses and class action] waivers have potential defenses that [she] would be unable to argue on their behalf."  596 F. App'x. 579, 579 (9th Cir. 2015).  And in *Tschudy v. J.C. Penney Corp., Inc.* the named plaintiffs lacked typicality and adequacy where putative class members employed after a certain date were subject to an arbitration agreement but the named plaintiffs were not subject to such an agreement.  No. 11-cv-1011-JM-KSC, 2015 WL 8484530, at *3 (S.D. Cal. Dec. 9, 2015).  As was true in each of these cases, the Named Plaintiffs are similarly atypical and inadequate representatives given the number of putative class members with arbitration clauses and class-action waivers in their fighter contracts.  Class certification must be denied.  *See id.*; *Quinlan*, 2013 WL 11091572, at *3 (plaintiff's "union membership alone renders him atypical of the vast majority of the purported class members" where union members were not subject to arbitration agreements while non-union members were); *Circle Click Media LLC v. Regus Mgmt. Grp. LLC*, No. 12-cv-04000-EMC, 2016 WL 1048046, at *9 (N.D. Cal. Mar. 11, 2016), *leave to appeal denied*, No. 16-80071 (9th Cir. Jul. 19, 2016) (plaintiffs were not "typical of the class action waiver subclass because neither signed an agreement that included a class action waiver").

---

[7] *See, e.g.*, *Conde*, 223 F. Supp. 3d at 958–61; *Farr*, 2021 WL 2826709, *7 ("[T]he Court finds that plaintiff cannot represent a class made up of individuals who, unlike her, may be subject to the mandatory arbitration agreement and class action waiver.  Accordingly, plaintiff will not be able to demonstrate her typicality and adequacy with respect to the proposed class."); *Campanelli*, 2018 WL 6727825, at *7 ("[Plaintiff] is neither subject to an arbitration clause nor a class/collective action waiver.  Thus, he is not an adequate representative and his claims lack typicality with respect to putative Rule 23 plaintiffs who have signed the DRA or the Employment Agreement."); *Andrews v. Ring LLC*, 2020 WL 6253319, at *4 (C.D. Cal. Sept. 17, 2020) ("Plaintiff is therefore atypical and inadequate because he will be unable to assert certain arguments (such as unenforceability) on behalf of the proposed class."); *Macedonia Distrib., Inc. v. S-L Distrib. Co., LLC*, 2020 WL 610702, at *6 (C.D. Cal. Feb. 7, 2020) ("[C]ourts in this Circuit have found typicality and adequacy of representation lacking where the lead plaintiff is not subject to the same arbitration provisions as the putative class.").

11

In *Lawson*, the district court held that a plaintiff who opted out of an arbitration clause and class action waiver was not typical because he lacked standing to challenge the applicability of those provisions, which would affect members of the putative class. 2016 WL 4721439, at *3. The Ninth Circuit affirmed, holding that the named plaintiff who was not bound by an arbitration agreement "could not satisfy the requirements in Rule 23(a) because he [was] neither typical of the class nor an adequate representative, and because the proceedings would be unlikely to generate common answers." *Lawson*, 13 F.4th at 913.

### 2.    Common Questions of Fact or Law Do Not Predominate Over Questions Affecting Only Individual Class Members

Moreover, the presence of arbitration agreements destroys commonality and predominance among the putative class. The arbitration clauses preclude the possibility of generating common answers that would drive the resolution of the litigation. *See, e.g., In re Titanium Dioxide Antitrust Litig.*, 962 F. Supp. 2d 840, 861 (D. Md. 2013) ("where certain members of a class are subject to contracts containing arbitration clauses, while other class members are not, those differences in contractual relationships destroy[] the commonality and typicality of the class"). Indeed, "it would be unproductive to ignore the presence of numerous arbitration agreements specifying multiple forums in deciding whether the putative class members are 'similarly situated' for determining whether to conditionally certify the action for purposes of sending out notices of the action to allow employees to opt-in." *Helgren v. Amgen, Inc.*, No. 06-cv-7182-GW-RZ, 2010 WL 11523681, at *5 (C.D. Cal. Dec. 29, 2010).

### 3.    A Class Action Is Not a Superior Method of Adjudication

Finally, given that the majority of the putative class entered into arbitration agreements and class action waivers, a class action is not a superior method for adjudicating this controversy. *See Tan*, 2016 WL 4721439, at *5 (noting that the class action waiver provisions "prevent[] [plaintiff] from establishing that the class action procedure is a superior method of adjudication."); *see also Pablo v. ServiceMaster Gl. Holdings, Inc.*, No. 08-cv-03894-SI, 2011 WL 3476473, at *2 (N.D. Cal. Aug 9, 2011). Where, as here, plaintiffs cannot demonstrate superiority, class certification should be denied. *Tan*, 2016 WL 4721439, at *4–5; *Pablo*, 2011 WL 3476473, at *3 ("It is not in

12

the interest of the Court, the unnamed plaintiffs, defendants, or the public, to reserve resolution of the arbitration issue for 'a later juncture.'").

4.    The Named Plaintiffs Lack Standing to Challenge the Validity of Arbitration Agreements and this Court Lacks Jurisdiction to Rule on Any Such Challenge

The Named Plaintiffs cannot save their purported class by challenging the validity of the arbitration agreements and class-action waivers because the Named Plaintiffs are not party to those agreements.  The Ninth Circuit in *Avilez* "found no cause to determine whether the arbitration agreements at issue were actually enforceable.  Instead, it was enough that the named plaintiff had not signed a class action waiver and the putative class members he sought to represent had signed such an agreement." *Campanelli,* 2018 WL 6727825, at *8 (citing *Avilez v. Pinkerton Gov't Servs.,* 596 F. App'x 579, 579 (9th Cir. 2015)).  Other courts have similarly denied Rule 23 certification without delving into the off-limits question of the enforceability of arbitration agreements that the named plaintiffs were not party to. *Id.*  As in *Conde*, "Plaintiffs are not personally affected by the arbitration agreements at issue because they have not signed agreements that contain similar terms" and "Plaintiffs therefore have no interest in the enforceability of the arbitration agreement itself, and lack the ability to challenge the agreements on behalf of individuals who did sign such agreements." 223 F. Supp. 3d at 960.

The Named Plaintiffs have no legal interest in the application of those agreements and, therefore, no standing to challenge them. *See Tan,* 2016 WL 4721439, at *6 ("[Named plaintiff] has no standing to challenge the applicability or enforceability of the arbitration and class action waiver provisions.  [Named plaintiff] cannot challenge those provisions himself because . . . they do not apply to him").  Individuals who have never been impacted by an arbitration agreement may not challenge the enforceability of that agreement. *Arellano v. T-Mobile USA, Inc.,* No. 10-cv-05663-WHA, 2011 WL 1362165, at *5 (N.D. Cal. Apr. 11, 2011) ("Plaintiff does not have standing to challenge the change-in-terms provision [of the arbitration agreement], because it has never been applied to her").  "As a non-party, Plaintiff[s] ha[ve] no standing to challenge the [proposed class's arbitration] agreement's enforceability." *Andrews,* 2020 WL 6253319, at *5

1   (denying plaintiff's motion for class certification); *Valencia*, 2021 WL 5154161, at *5 ("[D]istrict

2   courts . . . have uniformly held that a named plaintiff who is subject to an arbitration agreement or

3   class action waiver does not have standing to challenge its applicability or enforceability."); *accord*

4   *In re Checking Account Overdraft Litig.*, 780 F.3d 1031, 1039 (11th Cir. 2015).

5          Because the Named Plaintiffs are not subject to an arbitration agreement, they cannot

6   represent the legal interests of those who are parties to the agreements.  Absent putative class

7   members may "have potential defenses [to such enforcement] that [plaintiffs] would be unable to

8   argue on their behalf."  *Avilez*, 596 F. App'x at 579.  Since plaintiffs cannot represent those

9   interests, they are unsuitable representatives for those putative class members, and have no

10  standing to challenge the enforcement of the arbitration agreement.

11         Importantly, as the Ninth Circuit has found, a court does not have jurisdiction to adjudicate

12  the enforceability of an arbitration agreement when no party subject to the agreement is before it.

13  *See Lee v. Am. Exp. Travel Related Servs., Inc.*, 348 F. App'x 205, 207 (9th Cir. 2009)

14  (adjudicating arbitrability "require[s] a series of assumptions about what might happen if plaintiffs

15  actually did initiate arbitration, and such speculation is too conjectural and hypothetical to support

16  current Article III standing."); *accord In re Checking*, 780 F.3d at 1031–39 ("the District Court

17  lacked jurisdiction to rule on the arbitration obligations of the unnamed putative class members"

18  because that "would constitute an impermissible advisory opinion").  As such, the Named

19  Plaintiffs lack standing to raise arguments about the validity of the agreements at issue and this

20  Court is without jurisdiction to consider such arguments.

21  **IV.    <u>CONCLUSION</u>**

22         Zuffa respectfully request that the Court deny class certification or, in the alternative, strike

23  Plaintiffs' overbroad class allegations now, on the current record.

24

25

26

27

28

Dated: April 2, 2025                    Respectfully Submitted,

                                        /s/ *Christopher S. Yates*
WILLIAM A. ISAACSON (*Pro hac vice*)    CHRISTOPHER S. YATES (*Pro hac vice*)
wisaacson@paulweiss.com                 chris.yates@lw.com
KAREN L. DUNN (*Pro hac vice*)          AARON T. CHIU (*Pro hac vice*)
kdunn@paulweiss.com                     aaron.chiu@lw.com
JESSICA PHILLIPS (*Pro hac vice*)       LATHAM & WATKINS LLP
jphillips@paulweiss.com                 505 Montgomery Street, Suite 2000
PAUL, WEISS, RIFKIND, WHARTON &         San Francisco, CA 94111
GARRISON LLP                            Tel: (415) 395-8095
2001 K Street, NW
Washington, DC 20006
                                        SEAN M. BERKOWITZ (*Pro hac vice*)
BRETTE M. TANNENBAUM (*Pro hac vice*)   sean.berkowitz@lw.com
btannenbaum@paulweiss.com               LATHAM & WATKINS LLP
YOTAM BARKAI (*Pro hac vice*)           330 North Wabash Ave, Suite 2800
ybarkai@paulweiss.com                   Chicago, IL 60611
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP                            LAURA WASHINGTON (*Pro hac vice*)
1285 Avenue of the Americas             laura.washington@lw.com
New York, NY 10019                      LATHAM & WATKINS LLP
                                        10250 Constellation Blvd, Suite 1100
DONALD J. CAMPBELL (No. 1216)           Los Angeles, CA 90067
djc@campbellandwilliams.com
J. COLBY WILLIAMS (No. 5549)            DAVID L. JOHNSON (*Pro hac vice*)
jcw@campbellandwilliams.com CAMPBELL &  david.johnson@lw.com
WILLIAMS                                LATHAM & WATKINS LLP
700 South 7th Street                    555 Eleventh Street NW, Suite 1000
Las Vegas, Nevada 89101                 Washington, D.C. 20004
Tel: (702) 382-5222


*Attorneys for Defendant Zuffa, LLC*

## <u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that the foregoing Zuffa's Motion to Deny Class Certification or, in the Alternative, Strike Class Allegations was served on April 2, 2025 via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

*/s/ Christopher S. Yates*
Christopher S. Yates
LATHAM & WATKINS LLP

16