Eric L. Cramer (admitted *pro hac vice*)
Michael Dell'Angelo (admitted *pro hac vice*)
Patrick F. Madden (admitted *pro hac vice*)
**BERGER & MONTAGUE, P.C.**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604
ecramer@bm.net
mdellangelo@bm.net
pmadden@bm.net

Joseph R. Saveri (*pro hac vice*)
Christopher K.L. Young (*pro hac vice*)
Kevin E. Rayhill (*pro hac vice*)
Itak Moradi (*pro hac vice*)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone:(415) 500-6800
Facsimile: (415) 395-9940
Email: jsaveri@saverilawfirm.com
       cyoung@saverilawfirm.com
       krayhill@saverilawfirm.com
       imoradi@saverilawfirm.com

*Co-lead Class Counsel and Attorneys for Individual and Representative Plaintiffs*

[Additional Counsel Listed on Signature Page]

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| Kajan Johnson, Clarence Dollaway, and Tristan Connelly, on behalf of themselves and all others similarly situated,<br><br>　　　　　Plaintiffs,<br>　　v.<br><br>Zuffa, LLC, TKO Operating Company, LLC f/k/a Zuffa Parent LLC (d/b/a Ultimate Fighting Championship and UFC), and Endeavor Group Holdings, Inc.,<br><br>　　　　　Defendants. | Case No.: 2:21-cv-01189-RFB-BNW<br><br>**PLAINTIFFS' REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION TO COMPEL DEFENDANT ENDEAVOR GROUP HOLDINGS, INC., TO PRODUCE DOCUMENTS IN RESPONSE TO PLAINTIFFS' FIRST AND SECOND SETS OF REQUESTS FOR PRODUCTION AND FOR SANCTIONS** |

**TABLE OF CONTENTS**

I.   ARGUMENT ................................................................................................................. 1

    A.   Endeavor knowingly violated the Court's February 19, 2025 Order. .............. 1

        1.   Endeavor refused to participate in jurisdictional discovery responsive to Plaintiffs' First RFPs. ........................................................................ 1

        2.   Endeavor refused to produce discovery responsive to RFP No. 94 from the Second Set. ........................................................... 2

    B.   Endeavor's conduct precluded meaningful progress on other aspects of discovery. ........................................................................................ 4

    C.   Endeavor's timeline is not consistent with the facts. ....................................... 6

    D.   Endeavor's reliance on the parties' Joint Submission is misplaced. ................ 7

    E.   Endeavor should be sanctioned. ....................................................................... 7

        1.   Endeavor did not proceed in good faith. ............................................... 7

        2.   The balance of factors weighs in favor of dispositive sanctions……..8

        3.   Absent dispositive sanctions, lesser sanctions are appropriate. .......... 12

II.   CONCLUSION .......................................................................................................... 12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*,
  482 F.3d 1091 (9th Cir. 2007) ...................................................................................................11

*Fernandez v. Cox*,
  No. 14-cv-00578, 2016 WL 8710431 (D. Nev. Sept. 2, 2016)....................................................9

*Gonzalez v. Baker*,
  No. 20-cv-1879, 2022 WL 2080089 (D. Nev. Jun. 8. 2022) .....................................................11

*Henry v. Gill Indus., Inc.*,
  983 F.2d 943 (9th Cir. 1993) .....................................................................................................10

*Le v. Zuffa, LLC*,
  No. 15-cv-1045 (D. Nev.) .......................................................................................................4, 5

*Lewis v. Caesars Entertainment Corp.*,
  No. 16-cv-2787, 2019 WL 1571281 (D. Nev. Apr. 11, 2019)...................................................11

*Pagtalunan v. Galaza*,
  291 F.3d 639 (9th Cir. 2002) ......................................................................................................9

*Panliant Fin. Corp. v. Isee3d, Inc.*,
  No. 12–cv–1376, 2015 WL 5176586 (D. Nev. Sept. 4, 2015) ..................................................12

*In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*,
  460 F.3d 1217 (9th Cir. 2006) ....................................................................................................9

*United States v. Semenza*,
  No. 22-cv-2059, 2024 WL 5294520 (D. Nev. Dec. 19, 2024) ..................................................10

*Valley Eng'rs, Inc. v. Elec. Eng'g Co.*,
  158 F.3d 1051 (9th Cir. 1998) .............................................................................................11, 12

*Wardell v. Cnty. of Los Angeles*,
  No. CV 06-567, 2008 WL 2220937 (C.D. Cal. May 21, 2008) ................................................10

Endeavor's Opposition (ECF No. 188, "Opp.") fails to grapple with virtually every argument and substantive fact in Plaintiffs' Motion (ECF No. 183, "Mot."). Instead, Endeavor tells a lengthy and misleading story in an attempt to manufacture a vision of its good faith and cooperation. But nothing Endeavor says can change the facts: Endeavor flouted this Court's February 19, 2025 Order, failed to honor its commitments to provide information necessary for a good faith meet-and-confer process, and refused to comply with its basic discovery obligations—all *after* the Court's warning that "Endeavor shall NOT in the future refuse, without a court order, to participate" or else face sanctions "up to and including dispositive sanctions." ECF No. 176. The concessions Endeavor makes in its Opposition—that documents responsive to most of Plaintiffs' First Set of Requests *are* jurisdictional and that it will produce documents relevant to its "flywheel"—undermine its suggestion that Plaintiffs' Motion is "needless." Opp. at 2. They also confirm that Endeavor has not acted in good faith and that the requested relief—including sanctions—is warranted.

I.   ARGUMENT

   A. **Endeavor knowingly violated the Court's February 19, 2025 Order.**
      1. **Endeavor refused to participate in jurisdictional discovery responsive to Plaintiffs' First RFPs.**

Plaintiffs' Motion details Endeavor's failure to comply with this Court's February 19, 2025 Order, ECF No. 176, by refusing to meet and confer about any of the First RFPs, even though they seek jurisdictional discovery. Mot. at 9-16. Endeavor does not attempt to defend its position nor does it deny that it refused to produce documents in response to the First RFPs. Instead, Endeavor *concedes* that "at least 43 of the 84 requests in Plaintiffs' First RFPs" seek jurisdictional materials also responsive to the Second RFPs to which Endeavor has agreed to respond.[1] *See* Opp. at 11-12.

This is the first time Plaintiffs understand Endeavor to have offered this rationalization for its blanket refusal to produce in response to the First RFPs. Endeavor appears to suggest that by agreeing to produce materials in response to the Second RFPs that *may* partially satisfy its production obligations as to the First RFPs, it has not violated the Court's Order. Not so. Endeavor does not demonstrate or even claim that a production in response to a subset of the Second RFPs

---

[1] These First RFPs are Nos. 3-12, 30-37, 39, 40, 44, 46-49, 51-61, 64-66, and 81.

1  would fully satisfy the jurisdictional (and overlapping substantive) discovery sought by these 43
2  First RFPs or ordered by this Court, but rather that its misconduct is modest and excusable because
3  Plaintiffs would still receive *some* jurisdictional discovery responsive to some of the First RFPs.
4      Endeavor's other response to Plaintiffs' insistence that Endeavor produce materials
5  responsive to the First RFPs is that the Court's February 19 Order did not *require* Endeavor to
6  respond to the First RFPs. *See* Opp. at 3-4. That position is frivolous and contradicts the plain
7  reading of the transcript Plaintiffs outlined in the Motion. Mot. at 9-10. Regardless, Endeavor now
8  admits that more than half of the First RFPs seek jurisdictional material (Opp. at 11-12),
9  undermining any contention that they are not within the scope of discovery that the Court Ordered.
10 Endeavor also asserts, without analysis, that its refusal to confer on the First RFPs is justified
11 because Plaintiffs identified too many Requests in the First RFPs as within the scope of
12 jurisdictional discovery. *See* Opp. at 2, 4, 10.[2] But disagreeing with Plaintiffs' position does not
13 excuse Endeavor from participating in discovery in good faith.
14      The Court warned Endeavor that it "shall NOT in the future refuse to participate" in
15 discovery. ECF No. 176. Yet, that is exactly what Endeavor did as to the First RFPs. Endeavor's
16 position—*for months*—was that it would not produce documents in response to the First RFPs or
17 even to confer about their substance. In other words, Endeavor *refused to participate*. Endeavor
18 should not now escape the consequences because—*despite its refusal to participate*—some
19 documents responsive to the First RFPs may be produced. Endeavor's argument *supports* granting
20 Plaintiffs' Motion because it *admits* that the First RFPs largely seek the jurisdictional discovery the
21 Court ordered Endeavor to participate in or face sanctions.

   **2. Endeavor refused to produce discovery responsive to RFP No. 94 from the Second Set.**

   Endeavor's about-face on RFP No. 94 confirms that sanctions are appropriate. RFP No. 94

---

[2] Endeavor contends that Plaintiffs required it to produce documents responsive to "nearly every one of its First and Second RFPs," *see, e.g.*, Opp. at 2; *see also id.* at 4, 10, to avoid this Motion. But as described in the Motion, Plaintiffs divided the First Set into of five categories from purely jurisdictional to purely substantive and offered to meet and confer. *See* Mot. at 13 (citing ECF No. 177-4.) Endeavor refused and limited the scope of discovery it would even negotiate about.

seeks obvious and highly relevant jurisdictional discovery: documents regarding Endeavor's "'flywheel' as it pertains to the UFC." *See* Mot. at 18. In their Motion, Plaintiffs demonstrated, with quotes from Ari Emanuel (CEO of Endeavor *and* TKO, the UFC's corporate parent), Endeavor's SEC filings, and its investor presentations, that Endeavor's flywheel encompasses what it does for the UFC, including work related to: streaming, sponsorship, the "experience business," international sales, government relations, licensing, entering new international markets, investing in local stars, content promotion, developing relationships to maximize value from media rights, and "Operating Synergies" from the UFC's "integration in Endeavor's global infrastructure."[3] *See* Mot. at 14-15.

Endeavor ignores *all* of Plaintiffs' evidence and arguments about why discovery regarding the flywheel is likely the most direct type of jurisdictional discovery ordered by the Court. Instead, Endeavor dismisses its flywheel as a mere "marketing term." Opp. at 14. That characterization does not square with the Endeavor 2023 Form 10-K it cites in support. *See* ECF 188-14, at 5. Endeavor then capitulates, stating:

> To the extent Endeavor takes an active role in supporting any part of UFC's business, documents regarding any such support will be captured by Endeavor's proposals regarding jurisdictional discovery. Nonetheless, to reduce the scope of the parties' dispute, Endeavor will (without waiving its objections) agree to produce documents responsive to RFP No. 94.

Opp. at 14-15. Until now, Endeavor has refused to produce any documents responsive to RFP No. 94, asserting that it was "beyond the scope of the jurisdictional discovery permitted by the Court."[4] *See* ECF 183-12. Endeavor's meritless position necessitated Plaintiffs' Motion. As Endeavor now concedes, flywheel documents responsive to RFP No. 94 are, at least in part, responsive to RFP Nos. 85-92. That means they necessarily are the exact jurisdictional discovery that this Court ordered Endeavor to produce and, absent Plaintiffs' Motion, it refused.

---

[3] Many of the First RFPs go to these topics as they seek documents: relating to agreements with UFC sponsors (RFP No. 66); and relating to agreements with broadcasters of MMA events (RFP No. 64).
[4] Endeavor ultimately agreed to include the word "flywheel" as a search term. However, the word alone will not capture documents that reflect flywheel activities. For example, as Mr. Emanuel said of the flywheel, "we do [the UFC's] sponsorship business." Mot. at 15. It is not reasonable to assume Endeavor's relevant sponsorship documents are consistently labeled as "flywheel."

**B. Endeavor's conduct precluded meaningful progress on other aspects of discovery.**

Endeavor's refusal to participate in good faith in the discovery process has meant that the parties have been unable to agree on the scope of discovery. That has made *effective* negotiations over search terms, custodians, and custodial and non-custodial document sources impossible.

*Search terms.* Endeavor faults Plaintiffs for their approach to search terms. However, Endeavor insisted upon tying search terms to specific discovery requests.[5] *E.g.*, ECF 183-6. Because Endeavor refused to produce documents responsive to the First RFPs or RFP No. 94, it likewise refused to negotiate search terms designed to locate documents responsive to those Requests. *Id*. Plaintiffs were not willing to agree to search terms that did not include these Requests.[6]

The parties are not strangers to the fact that the scope of discovery must be established before search terms can be negotiated. Zuffa's counsel (Endeavor's counsel here) and Plaintiffs' counsel in *Le v. Zuffa, LLC*, No. 15-cv-1045 (D. Nev.), engaged in a lengthy process to identify appropriate search terms that included first negotiating the scope of the discovery requests, then identifying (and litigating) custodians, and exchanging data on the number of documents and sources those documents collected by custodian. *See, e.g.*, Joint Status Reports, *Le v. Zuffa, LLC*, No. 15-cv-1045, ECF No. 199, 206, 213. The parties then engaged experts to participate in negotiations over the reasonableness of search terms and submit reports to the Court concerning the parties' proposals and

---

[5] Endeavor *now* claims it does not intend to restrict its production of documents based on whether a document hits on the set of search terms applicable to the request to which the document is responsive. Opp. at 10. Endeavor is incorrect that this willingness to properly review and produce documents that hit on search terms renders Plaintiffs' citation to the Sedona Conference materials inapposite. *Id*. at 5 n.4. Endeavor **still offends** the Sedona principles because it used Plaintiffs' hesitance to negotiate search terms while Endeavor refused to negotiate the scope of the RFPs, custodians and documents sources as cover for imposing inadequate terms. *See* Mot. at 3-4.

[6] Endeavor makes much out of the time that elapsed between its March 14 search term proposal and Plaintiffs' March 29 response. *E.g.*, Opp. at 8-9. But throughout that time, Plaintiffs diligently worked to meet and confer as to the *scope of discovery* (*i.e.*, to which requests Endeavor would respond) and what documents Endeavor would search (*i.e.*, which custodians and from which sources). *See, e.g.*, Mot. at 9-12 (discussing correspondence relating to the meet and confer process); Exs. B, D, H, J, M to Mot. (correspondence over that period). As discussed herein, unless or until Endeavor was willing to meet and confer on the First RFPs, search term negotiations could not meaningfully proceed rendering the time that elapsed between the parties' proposals irrelevant.

1  results. *See id.*, ECF Nos. 214, 218, 220, 221, 244. Throughout the search term negotiations, the
2  parties exchanged search term hit reports and random selections of documents hitting on challenged
3  search terms to facilitate targeted amendments to terms. Despite the productive negotiations in *Le*,
4  Endeavor has refused to engaged in a similarly cooperative process here, reneged on its commitment
5  to share information regarding custodial and document sources, and refused to meet and confer on
6  the First RFPs that Endeavor now concedes largely seek jurisdictional discovery.

7  Endeavor takes issue in the abstract with Plaintiffs' placeholder search term proposal,
8  arguing about the particular terms proposed and whether they are appropriately targeted at
9  jurisdictional discovery. *See* Opp. at 8-10. But this approach misses the point. In the parties' meet
10 and confer, Endeavor was only willing to negotiate search terms as to a subset of the Second RFPs
11 and refused to participate in a good faith discussion of custodians and custodial and non-custodial
12 document sources, despite previously committing—in writing—to provide such information. *See*
13 Mot. at 8 (discussing Ex. A to Mot.). Without an understanding of the volume of documents hit by
14 these search terms, agreement as to the scope of discovery, and the identification of appropriate
15 sources, Endeavor's concerns with Plaintiffs' search terms are meaningless.

16 *Custodians*. Plaintiffs detailed how Endeavor's refusal to engage on Plaintiffs' Rule 34
17 requests stymied negotiations regarding custodians. Mot. at 16-17 (discussing Endeavor's refusal to
18 provide custodian information it had previously agreed to provide and respond to RFP Nos. 27, 42,
19 61, 63 & 65 from Plaintiffs' First Set). Endeavor does not respond to those arguments and thus
20 concedes them. Instead, Endeavor relies on misdirection and manufactured claims of
21 misrepresentation. For example, Endeavor argues that Plaintiffs misrepresented its statements that it
22 does not have organizational charts , but in the next sentence confirms that "no such organizational
23 charts"—i.e., organizational charts of *people*—"exist." Opp. at 8 (emphasis added). Endeavor's
24 semantic games notwithstanding, the fact remains that it has not produced materials identifying
25 potential document custodians.

26 Endeavor relies on a subtle misdirection regarding the custodians that it purports to have
27 identified, stating that it offered "the organization's *top management*" as custodians, Opp. at 6
28

5
PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL AND FOR SANCTIONS
Case No.: 2:21-cv-01189-RFB-BNW

1  (emphasis added). However, RFP Nos. 27, 42, 61, 63, and 65, ask for documents sufficient to
2  identify "Persons," "employees," "agents," and those with "managerial responsibilities," all are not
3  necessarily Endeavor's "top management." Endeavor's purported cooperation is materially
4  incomplete and does not relieve it of the obligation to respond to discovery. In sum, Endeavor
5  confirms it does not have organizational charts that identify people; and its self-identification of
6  potential custodians is incomplete. Thus, documents responsive to RFP Nos. 27, 42, 61, 63, and 65,
7  are even more important.

8  Endeavor's response to Plaintiffs' Exhibit P, which is a compilation of detailed job
9  descriptions posted by Endeavor on LinkedIn, is telling. Mot. at 21, Ex. P. Those exemplars
10 demonstrate that Endeavor possesses detailed information about job roles and responsibilities.
11 Endeavor responds that Exhibit P reflects a "misrepresentation in Plaintiffs' Motion" because
12 "Endeavor never took the position that no such *information* exists, Mot. at 17, only that it does not
13 have pre-existing lists identifying individuals with relevant information." Opp. At 16 n.17. As with
14 the flywheel, caught flatfooted, Endeavor's Opposition reveals the semantic game of cat-and-mouse
15 it has made of discovery and all but confirms that discovery responsive to RFP Nos. 27, 42, 61, 63,
16 and 65, likely exists though not as a "pre-existing list."

17 Finally, further proof of Endeavor's lack of good faith is its continuing failure to explain why
18 it failed to honor its December 3, 2023 agreement to provide Plaintiffs "with general job titles or
19 descriptions of custodians, agents, and representatives for whom it believes ESI should be
20 preserved" as part of the meet and confer process. Mot. at 17-18. Indeed, Zuffa provided a list of
21 individuals subject to litigation holds on April 7, 2025, *see* (Ex. A, Apr. 7, 2025 letter from Phillips),
22 complying with its obligations under the same agreement.

23  **C. Endeavor's timeline is not consistent with the facts.**
24 The timeline in Endeavor's Opposition is not consistent with the facts because it ignores and
25 fails to explain Endeavor's refusal to participate in discovery *before* this Court ordered it to do so.
26 *See* Mot. at 18-19. And, Endeavor contends that it should not be subject to sanctions because
27 "Immediately **following** the parties' [March 5, 2025] joint submission of competing jurisdictional
28

discovery proposals to the Court [ECF No. 177], *Endeavor reached out to Plaintiffs* to begin jurisdictional discovery….” Opp. at 17 (bolded emphasis added; italics in original). The disputes in the Joint Submission were substantial, in part, because Endeavor dragged its feet *after* the Court directed the parties on February 19th to meet and confer on a discovery plan specific to Endeavor. The parties met and conferred on February 24, 2025, but Endeavor was unprepared to substantively discuss discovery. ECF No. 177-4, at 3. Plaintiffs sent a detailed letter on February 26, 2025, setting out the document requests that should be the subject of discovery and a proposed schedule. ECF No. 177-4. Endeavor did not respond until March 1, and even then did not engage substantively, saying that it would *not* produce documents responsive to the First RFPs. ECF No. 177-5.

**D. Endeavor's reliance on the parties' Joint Submission is misplaced.**

This Court ordered the parties to submit a joint proposed schedule and status report regarding the meet and confers which they filed on March 5, 2025. ECF 177; Feb. 19, 2025 Tr., at 35:24-26:11. The Joint Submission identified the discovery disputes at that time; it was not a motion nor did it preclude the filing of a motion or this Court's authority to impose sanctions. By Endeavor's logic, to avoid sanctions for refusing to comply with the February 19 Order to participate in discovery, it needed only to negotiate as of the filing of the Joint Submission after which time it could refuse all discovery without consequence. That can hardly be what the Court contemplated when it Ordered that "Endeavor shall NOT in the future refuse, without a court order, to participate" in discovery. ECF No. 176. To the extent the Joint Submission spelled out the parties' positions, it was a snapshot in time. Regardless, it was only after the filing of the Joint Submission that the extent of Endeavor's untenable positions and unwillingness to engage in good faith became fully apparent. Considering that the Court had no pending motions before it on the issues raised by Endeavor's failures, and with more than a month passing since the Joint Submission with no production (save 8 corporate structure charts), Plaintiffs were justified in considering the parties at an impasse and moving to compel.

**E. Endeavor should be sanctioned.**

**1. Endeavor did not proceed in good faith.**

As set forth above and in the Motion, Endeavor has not engaged in discovery in good faith.

Endeavor refused to participate in discovery as to the vast majority of Plaintiffs' discovery requests that Endeavor now admits are within the scope of jurisdictional discovery and refused to honor commitments to provide information on custodians and document sources (which its co-Defendant Zuffa has provided). Endeavor does not deny these facts and fails to refute Plaintiffs' Motion arising out of those facts. Instead, Endeavor points to the few instances when it retreated from its extreme, indefensible positions during the meet-and-confer process after Plaintiffs pushed repeatedly. That is not good faith. For example, Endeavor seeks credit for serving disclosures pursuant to Fed. R. Civ. P. 26(a) that identified Endeavor employees and document sources *over a year* after the agreed-to deadline and after Plaintiffs requested for months that it do so. Endeavor says it was "without having any obligation to do so," Opp. at 18, but that is not true. Though nominally made on its behalf, Endeavor's previous disclosures listed no Endeavor-specific witnesses or document sources. Endeavor's reluctant compliance with the Federal Rules over a year hence is not to be celebrated.

More importantly, even after this supplement, Endeavor's disclosures remain woefully deficient. With Endeavor's disclosure of custodians and document sources deficient and the scope of discovery substantially unsettled given Endeavor's blanket refusal to meet and confer on Plaintiffs' First RFPs, Plaintiffs have been denied access to fundamental steps in the discovery process that should not have required the Court's involvement. Endeavor's failure to agree to produce "flywheel" documents in response to RFP No. 94 until after this Motion was filed, Opp. at 14-15, only demonstrates its lack of good faith. Similarly, Endeavor's claims that it "proposed a broad search for materials responsive to most of Plaintiffs' RFPs and consistent with the Court's instructions on jurisdictional discovery," Opp. at 21, is demonstrably false. Endeavor has steadfastly refused to produce documents responsive to Plaintiffs' First RFPs throughout the entire meet and confer.

**2.   The balance of factors weighs in favor of dispositive sanctions.**

*i.   Public interest in expeditious resolution and the Court's need to manage its docket.*

Endeavor has prevented this action from proceeding expeditiously. Plaintiffs are before the Court for the second time in months because Endeavor has failed to engage in discovery in good faith and directly defied the Court's Order to engage in jurisdictional discovery expeditiously.

Endeavor responds that Plaintiffs have added "paper to a currently pending dispute." Opp. at 20. As discussed, there was no such pending dispute, only the Joint Submission with nothing for the Court to rule upon. Only after filing of this Motion did Endeavor agree to produce key "flywheel" documents. Endeavor has pushed this dispute to beyond the original deadline for substantial completion (April 18, 2025) having produced on 8 corporate structure charts that do not identify a single person. It cannot seriously contend that the factors of expeditious resolution and the Court's need to manage its docket do not warrant sanctions. "Orderly and expeditious resolution of disputes is of great importance to the rule of law. By the same token, delay in reaching the merits, whether by way of settlement or adjudication, is costly in money, memory, manageability, and confidence in the process." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006). In short, these factors weigh in favor of dispositive sanctions. This case indeed compares favorably to those where sanctions were appropriate when a party was silent during discovery. *See, e.g. Fernandez v. Cox*, No. 14-cv-00578, 2016 WL 8710431, at *3 (D. Nev. Sept. 2, 2016) *report and recommendation adopted*, No. 14-CV-00578, 2016 WL 7422641 (D. Nev. Dec. 21, 2016) (imposing sanction of default against non-participating defendant). This Court should be allowed "to manage its docket without being subject to routine noncompliance of litigants[.]" *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002), *cert. denied*, 538 U.S. 909 (2003). Endeavor's conduct has unduly obstructed the Court's exercise of its proper ability to function.

### ii.  Risk of prejudice to Plaintiffs

The risk of prejudice factor greatly weighs in favor of dispositive sanctions, especially because Endeavor has thumbed its nose at the Court and defaulted on its discovery obligations under explicit threat of dispositive sanctions. Plaintiffs have only 8 documents from Endeavor to date. Yet, Plaintiffs still have no assurance that Endeavor will produce jurisdictional discovery beyond a subset of Plaintiffs' Second RFPs. Plaintiffs are prejudiced because they have been unable to make the necessary progress on negotiating search terms and sources. Plaintiffs are behind in learning not only what they need to know about Endeavor's role in the UFC's alleged scheme, but in their prosecution of this case against the other Defendants. Plaintiffs need to know additional Endeavor custodians

engaged in UFC business, and to be able to effectively target ESI sources and understand what ESI is being preserved. Where blatant disregard of discovery obligations has hindered a party's ability to prepare for trial, "the prejudice . . . is clear." *Wardell v. Cnty. of Los Angeles*, No. CV 06-567, 2008 WL 2220937 at *3 (C.D. Cal. May 21, 2008); *see also Henry v. Gill Indus., Inc.*, 983 F.2d 943, 948 (9th Cir. 1993) ("A [party] suffers prejudice if the [opponent's] actions impair the [party's] ability to go to trial or threaten to interfere with the rightful decision of the case."). Moreover, Plaintiffs recently agreed to a proposal to extend their substantial completion deadline. ECF No. 187. Plaintiffs will be prejudiced if Endeavor's production is incomplete and discovery from all defendants is not produced, analyzed and utilized together. Plaintiffs understand that one reason the Court ordered Endeavor to produce overlapping substantive discovery was to eliminate the exact asymmetry arising from Endeavor's refusals to produce.

Endeavor feebly argues that Plaintiffs are not prejudiced because it has "proposed a broad search for materials" related to jurisdictional discovery. Opp. at 21. But Endeavor does not and cannot say that it has proposed to produce all jurisdictional discovery to which Plaintiffs are entitled. Regardless, Plaintiffs are not required to rely on Endeavor's say-so in discovery negotiations. They are entitled to transparency and information sufficient to independently confirm that an appropriate search is being conducted. Endeavor's claim also does nothing to diminish the prejudice Endeavor has caused Plaintiffs. Endeavor's authorities are inapposite. For example, in *United States v. Semenza*, No. 22-cv-2059, 2024 WL 5294520, at *2 (D. Nev. Dec. 19, 2024), *report and recommendation adopted*, No. 22-cv-02059, (D. Nev. Jan. 7, 2025), the court denied sanctions because the defendants "complied with the Court's order by searching for the remaining documents, using search terms agreed to by the parties." Here, Endeavor has defied the Court and has continued its practice of not engaging in good faith. Plaintiffs' risk of prejudice greatly weighs in favor of dispositive sanctions.

### iii. Public policy favoring disposition of cases on their merits

Endeavor's refusal to honor its discovery obligations, even under threat of sanctions, has profoundly jeopardized the truth-seeking process, as witnesses' memories continue to fade and

documents may already be lost with little protection against future losses.[7] In deciding whether to impose case-dispositive sanctions, "the most critical factor is not merely delay or docket management concerns, but truth." *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1097 (9th Cir. 2007). "True facts must be the foundation for any just result." *Valley Eng'rs, Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1058 (9th Cir. 1998). With only 8 documents produced by Endeavor and its continuing refusal to produce much of the jurisdictional discovery and overlapping substantive discovery to which Plaintiffs are entitled, the truth-finding process has been critically endangered. Nothing less than dispositive sanctions are appropriate.

        **iv.**    ***Availability of less drastic sanctions***

Where a disobedient party has already been warned about the danger of dispositive sanctions and continues to engage in discovery abuses default is favored. Here, the Court's warning that sanctions would be appropriate if Endeavor was not more forthcoming has been ignored. Where a party has "engaged in a long pattern of misconduct" amidst "repeated warnings that failing to comply with the Court's orders could result in the imposition of severe sanctions, up to and including case-dispositive sanctions," courts have found that considerations of sanctions less severe than default would be "insufficient." *Lewis v. Caesars Entertainment Corp.*, No. 16-cv-2787, 2019 WL 1571281 at *6-7 (D. Nev. Apr. 11, 2019) *report and recommendation adopted*, No. 16-cv-2787, 2019 WL 1937564 (D. Nev. Apr. 30, 2019).

Endeavor cites *Gonzalez v. Baker*, No. 20-cv-1879, 2022 WL 2080089 (D. Nev. Jun. 8. 2022), where less drastic sanctions were found appropriate to remedy the prejudice claimed by the plaintiff. There, the court found the defendant had agreed to produce the materials in question. *Id*. at *5. Here, *in the Opposition*, Endeavor has agreed to produce a small fraction of the discovery at

---

[7] Considering Endeavor's limitation of its custodians to "top management", the risk of loss of documents from other employees, particularly as this case was filed in 2021, is high and grows daily. While at least three of Endeavor's custodians have *personal* devices subject to a hold (which may contain Endeavor related communications), its position on whether it has possession, custody or control of such communications is pending. Troublingly, Endeavor confirmed that even as to mobile devices Endeavor issued, it does ***not*** "manage or back up other non-enterprise communications channels, such as SMS [and] WhatsApp." Ex. B Apr. 23, 2025 Email from Medina-Garcia.

issue; if Endeavor were ordered to produce that discovery now, its conduct to date reveals that further delays and obstruction would be inevitable, and Plaintiffs would suffer even greater prejudice. This case fits more squarely with those cases where courts have concluded that the pattern of misconduct warrants the steepest sanction. *See, e.g.*, *Panliant Fin. Corp. v. Isee3d, Inc.*, No. 12–cv–1376, 2015 WL 5176586 (D. Nev. Sept. 4, 2015) (rejecting less severe sanction than default where defendant failed to participate in good faith and ignored court's prior warning of sanctions).

### 3. Absent dispositive sanctions, lesser sanctions are appropriate.

If the Court chooses not to impose case-dispositive sanctions, lesser sanctions are appropriate, including not permitting Endeavor to assert a jurisdictional defense or allowing an adverse instruction to the jury deeming Endeavor to have participated in the challenged conduct at the heart of Plaintiffs' case on the merits. Endeavor's response is simply that lesser sanctions are inappropriate because it has participated in discovery in "good faith." Opp. at 23. Not so.

Endeavor's position is that if its conduct was sanctionable, lesser sanctions "could remedy Plaintiffs' alleged prejudice and move this case forward." Opp. at 23. While lesser sanctions may reduce or contain the prejudice Plaintiffs continue to suffer, the resulting prejudice to the overall prosecution of the case cannot be fully measured. In short, Endeavor must be sanctioned so that its discovery abuses are not rewarded, and lesser sanctions must be imposed in the event the Court decides against dispositive sanctions. It is well established that "contumaciousness toward the court needs a remedy." *Valley v. Eng'rs Inc. v. Elec. Eng'g Co.,* 158 F.3d 1051, 1057 (9th Cir. 1998). But in no uncertain terms, lesser sanctions would not fully "remedy" the prejudice to Plaintiffs in the prosecution of this case against Endeavor or Defendants as a whole.

## II.   CONCLUSION

Plaintiffs respectfully request that the Court grant Plaintiffs' Motion.

Dated: April 28, 2025

Respectfully submitted,

**JOSEPH SAVERI LAW FIRM, LLP**

/s/ *Joseph R. Saveri*

Joseph R. Saveri (*pro hac vice*)
Christopher K.L. Young (*pro hac vice*)
Kevin E. Rayhill (*pro hac vice*)
Itak Moradi (*pro hac vice*)
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
jsaveri@saverilawfirm.com
cyoung@saverilawfirm.com
krayhill@saverilawfirm.com
imoradi@saverilawfirm.com

Eric L. Cramer (admitted *pro hac vice*)
Michael Dell'Angelo (admitted *pro hac vice*)
Patrick F. Madden (admitted *pro hac vice*)
**BERGER & MONTAGUE, P.C.**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604
ecramer@bm.net
mdellangelo@bm.net
pmadden@bm.net

Joshua P. Davis (admitted *pro hac vice*)
Robert C. Maysey (admitted *pro hac vice*)
**BERGER & MONTAGUE, P.C.**
505 Montgomery Street, Suite 625
San Francisco, CA 94111
Telephone: (415) 906-0684
Facsimile: (215) 875-4604
jdavis@bm.net
rmaysey@bm.net

Benjamin D. Brown (admitted *pro hac vice*)
Richard A. Koffman (admitted *pro hac vice*)
Daniel H. Silverman (admitted *pro hac vice*)
**COHEN MILSTEIN SELLERS
 & TOLL, PLLC**
1100 New York Ave., N.W., Suite 500, East
Tower Washington, DC 20005

Telephone: (202) 408-4600
Facsimile: (202) 408 4699
bbrown@cohenmilstein.com
rkoffman@cohenmilstein.com
dsilverman@cohenmilstein.com

W. Joseph Bruckner (admitted *pro hac vice*)
Brian D. Clark (admitted *pro hac vice*)
**LOCKRIDGE GRINDAL NAUEN PLLP**
100 Washington Ave S, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 596-4001
Facsimile: (612) 339-0981
wjbruckner@locklaw.com
bdclark@locklaw.com

Kyle Pozan (admitted *pro hac vice*)
**LOCKRIDGE GRINDAL NAUEN PLLP**
1165 N. Clark Street, Ste. 700
Chicago, IL 60610
Telephone: (612) 339-6900
kjpozan@rlocklaw.com

*Counsel for Plaintiffs Kajan Johnson and Clarence Dollaway and the Proposed Class*

Michael J. Gayan
**CLAGGET & SYKES**
4101 Meadows Lane, Ste. 100
Las Vegas, NV 89107
Telephone: (702) 333-7777
Fax: (702) 655-3763

*Liaison Counsel for Plaintiffs Kajan Johnson and Clarence Dollaway and the Proposed Class*

14
PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL AND FOR SANCTIONS
Case No.: 2:21-cv-01189-RFB-BNW