# EXHIBIT 4

| | |
|---|---|
| **From:** | Samantha.Koppel@lw.com |
| **To:** | Michael Dell"Angelo; Jeremy Gradwohl; Daniel Silverman; Benjamin Brown; Joe Bruckner; Joseph Saveri; Christopher Young; Itak Moradi; Patrick F. Madden; Kevin Rayhill; Kyla Gibboney; Joshua P. Davis; Richard A. Koffman; Robert Maysey; Matthew Summers; Paul Bland; Susan Leo; Danny Gifford; jw@campbellandwilliams.com |
| **Cc:** | Mairin.McQueen@lw.com; Hanna.NunezTse@lw.com; Monique.Handy-Jones@lw.com; wisaacson@dirllp.com; jphillips@dirllp.com; bcabranes@dirllp.com; APetty@dirllp.com; Joseph.Axelrad@lw.com; My.Ngo@lw.com; Robert.Medina-Garcia@lw.com; Chris.Yates@LW.com; Sean.Berkowitz@lw.com; Aaron.Chiu@lw.com; Clayton.Wiggins@lw.com; Adam.Peterson@lw.com |
| **Subject:** | RE: Johnson et al v. Zuffa, LLC et al; Case No.: 2:21-cv-01189-RFB-BNW |
| **Date:** | Sunday, September 21, 2025 2:55:07 PM |

Counsel:

Thank you for the productive meet and confer on Friday. We write to memorialize the conference regarding Plaintiffs' September 12 letter and Defendants' September 18 response, as well Defendants' Supplemental Responses to Plaintiffs' Interrogatories. We understand the Parties must provide a Joint Status Report to the Magistrate Judge on or before Tuesday, September 24, and that some of the issues discussed on Friday's call are ripe for that report. Defendants remain committed to cooperative, proportional discovery consistent with the Court's orders and notwithstanding Plaintiffs' ongoing push for extraordinary, burdensome, and unnecessary disclosures.

**Plaintiffs' Multi-Tab Spreadsheet**

We discussed Plaintiffs' request that Defendants complete a multi-tab spreadsheet, which covers litigation holds, devices, apps, and various collection details. Defendants explained that the Court's orders (ECF Nos. 240, 244) required only a master tracker reflecting what was produced by RFP and a list of custodians and ESI sources, and not an audit of preservation or counsel's collection processes. Plaintiffs' spreadsheet goes far beyond what the Court required, calls for information that is privileged and attorney work product, and is disproportionate to the needs of the case. Defendants accordingly do not agree to complete Plaintiffs' spreadsheet, but remain willing to consider and address specific questions grounded in specific RFPs with which Plaintiffs may have issue.

**Search Terms & Custodians**

We also discussed Plaintiffs' request that Defendants effectively restart discovery by running Plaintiffs' new and latest list of 3,000-plus proposed search terms, providing comprehensive hit reports, and adding custodians beyond those identified in our September 12 tracker. Defendants reiterated that the Court did not order a wholesale redo of discovery, nor did the Court order or permit Plaintiffs to start their search and review for potentially relevant documents anew by adding custodians and by running an overly broad set of search terms.

Regarding search terms, we explained that Defendants have already applied reasonable searches, reviewed, and produced hundreds of thousands of documents. Defendants will not run Plaintiffs' list wholesale or generate omnibus hit reports, but are willing to consider targeted, RFP-specific proposals supported by an articulated, particularized need. We invited Plaintiffs to identify specific RFP-driven gaps and propose tailored terms, but we understand that you do not intend to do so. Notwithstanding your refusal, and to assist in understanding Defendants' burden and proportionality

arguments, we agree to provide a hit report for the terms that Defendants used to identify responsive documents for their review.

Regarding custodians, Plaintiffs argued that additional custodians should be added and sought clarity on which custodians Defendants used. Defendants responded that the list of custodians was reflected in the tracker and that the Court was clear that more custodians need not be added and that they will not do so.

### Text & Chat Communications

The Parties discussed Plaintiffs' request for a linear review of all texts and chats, and Plaintiffs' suggestion that the small production volume implies a deficiency. Defendants made clear that they did not agree to a linear review of messages and will not conduct one. However, Defendants are willing to consider a broader, non-linear approach if Plaintiffs identify RFP-specific gaps, and Plaintiffs were asked to use the tracker to pinpoint where they believe messages are missing and to propose targeted solutions. We maintain that careful consideration of the production and tracker to identify specific gaps is necessary to identify the search parameters needed to address these alleged deficiencies. However, in the interest of reaching a compromise on what additional text message and instant message review would be appropriate, Defendants agree to provide a report that identifies the volume of data collected from each custodians' phone.

### Carrier & Message Logs

Plaintiffs also requested identification of carriers and production of message logs. Defendants explained that this request is overbroad, invasive, and non-proportional, particularly given the involvement of personal devices and nonparty privacy. Defendants do not agree to compile or produce carrier information or communications logs.

### All Custodian Field

The Parties discussed Plaintiffs' questions about why certain communications appear in only one custodian's file in the "All Custodians" metadata field. Defendants explained that they used standard, cross-source deduplication and family-level culling, and that the "All Custodians" field reflects custodians from whom duplicates were collected, even if a single version is produced. We understand that Plaintiffs believe the "All Custodian" field does not reflect all custodians from whom a document may have been collected, and that Plaintiffs provided a few examples. Defendants committed to investigating those specific documents but noted that this might have occurred for a variety of reasons and the reason could differ from document to document. We will produce a targeted metadata overlay to the extent that the "All Custodian" field is failing to reflect all custodians for whom a given document was collected.

### Highly Confidential Designations

The Parties also discussed Plaintiffs' demand for global removal of the "Highly Confidential" designation. Defendants explained that the Protective Order mandates a Bates-by-Bates challenge

process, and Defendants will promptly consider any specific challenges that Plaintiffs serve consistent with the Protective Order. A blanket objection is improper. Defendants will review any purported over-designation consistent with the Protective Order.

**Purportedly "Missing" Documents**

We also addressed several alleged "missing categories" of documents. Regarding fighter compensation structured data (RFP 27), Defendants are reviewing whether additional, more granular breakdowns exist in the ordinary course of business. As to FightMetric and "record book" data (RFP 77), Defendants understood that Plaintiffs had abandoned those RFPs in Set No. 2 issued to Zuffa that were not duplicative of the RFPs in Set No. 1 issued to Endeavor or Set No. 1 issued to Zuffa. Regarding the Second Set of RFPs to Zuffa more broadly, Defendants noted that these are duplicative of Endeavor requests and/or the first set, and that many materials have already been produced, or had otherwise been abandoned. As to the other RFPs specifically discussed in Plaintiffs' letter (debt issuance documents and broadcast/ESPN deals), Defendants disagreed with Plaintiffs' characterization that their response to these RFPs was incomplete or insufficient. We invited Plaintiffs to review Defendants' productions and tracker—which identifies the Bates corresponding with documents produced in response to specific RFPs—and follow up with more specific, concrete gaps. In doing so, Plaintiffs should also propose targeted, *proportional* search terms designed to target documents they feel were not captured in Defendants' previous search and review.

Defendants reiterated that substantial completion does not mean absolute completion, and that review and supplementation will continue, consistent with the scheduling order and Defendants' proportionality objections. Defendants confirm that there are small categories of documents that are still undergoing review (including for privilege). When those documents are produced, Defendants will supplement the tracker. In general, however, we agreed with the Court that the tracker is a useful tool to identify discrete, RFP-specific gaps (to the extent Plaintiffs maintain after review of the tracker and documents that any exist) and to propose tailored terms. Defendants reiterate that the Court ordered this process of resolving continued disputes regarding the sufficiency of Defendants' productions. The Court did not endorse any sort of wholesale re-collection or re-review.

**Defendants' Supplemental Interrogatory Responses & Plaintiffs' Motion to Compel**

Thank you for providing us with your position in writing. To clarify the record: the Parties did discuss Plaintiffs' interrogatories at Plaintiffs' request. You contended that Defendants' supplemental responses were largely insufficient. Defendants' position is that their responses are proper and, where Rule 33(d) was invoked, the cited documents fairly answer the interrogatory. While we did not request to meet and confer on the substance of those Interrogatory responses, we did request confirmation regarding whether Plaintiffs would withdraw their motion, which seeks verified responses to the Interrogatories to which Defendants have provided verified responses.

We explained our position that Plaintiffs' motion is moot. A motion regarding the *sufficiency* of Defendants' responses is not before the Court and indeed was not raised in Plaintiffs' motion at all. You indicated that you could and would raise this new argument and separate issue on Reply. But

raising new issues and arguments on Reply is impermissible, and would require Defendants to seek a sur-reply to address them. The appropriate course of action would be for Plaintiffs to withdraw their motion. Defendants reserve all rights and will oppose any motion as necessary. With respect to your substantive questions on the Interrogatory responses, Defendants will review those.

*        *        *

Defendants remain willing to engage on concrete, RFP-focused issues and to consider narrowly tailored, proportional adjustments to their search and review parameters. However, Defendants do not agree to Plaintiffs' proposed wholesale restart of discovery, completion of Plaintiffs' extremely overbroad and unduly burdensome spreadsheet, to provide blanket hit reports, to conduct a linear review of all messages, or to provide invasive and irrelevant carrier or communication logs. We respectfully request that Plaintiffs identify specific, RFP-tied gaps and proportional proposals so the parties can attempt to narrow or resolve disputes for the Court.

Best,

**Samantha Paxton Koppel**

**LATHAM & WATKINS LLP**
355 South Grand Avenue, Suite 100 | Los Angeles, CA 90071-1560
D: +1.213.891.8765

---

**From:** Koppel, Samantha (LA)
**Sent:** Thursday, September 18, 2025 5:20 PM
**To:** Michael Dell'Angelo <mdellangelo@bergermontague.com>; Jeremy Gradwohl <jgradwohl@bergermontague.com>; Daniel Silverman <dsilverman@cohenmilstein.com>; Benjamin Brown <bbrown@cohenmilstein.com>; Joe Bruckner <WJBruckner@Locklaw.com>; Joseph Saveri <jsaveri@saverilawfirm.com>; Christopher Young <cyoung@saverilawfirm.com>; Itak Moradi <imoradi@saverilawfirm.com>; Patrick F. Madden <pmadden@bergermontague.com>; Kevin Rayhill <krayhill@saverilawfirm.com>; Kyla Gibboney <kgibboney@bergermontague.com>; Joshua P. Davis <jdavis@bergermontague.com>; Richard A. Koffman <rkoffman@cohenmilstein.com>; Robert Maysey <rmaysey@bergermontague.com>; Matthew Summers <msummers@bergermontague.com>; Paul Bland <pbland@bergermontague.com>; Susan Leo <sleo@bergermontague.com>; Danny Gifford <dgifford@cohenmilstein.com>; jw@campbellandwilliams.com
**Cc:** McQueen, Mairin (LA) <Mairin.McQueen@lw.com>; Nunez Tse, Hanna (Bay Area) <Hanna.NunezTse@lw.com>; Handy-Jones, Monique (SF) <Monique.Handy-Jones@lw.com>; wisaacson@dirllp.com; jphillips@dirllp.com; bcabranes@dirllp.com; Agbeko Petty <APetty@dirllp.com>; Axelrad, Joseph (LA) <Joseph.Axelrad@lw.com>; Ngo, My (SF) <My.Ngo@lw.com>; Medina-Garcia, Robert (LA) <Robert.Medina-Garcia@lw.com>; Yates, Chris (Bay Area) <Chris.Yates@LW.com>; Berkowitz, Sean (CH) <Sean.Berkowitz@lw.com>; Chiu, Aaron (Bay Area) <Aaron.Chiu@lw.com>; Wiggins, Clayton (DC) <Clayton.Wiggins@lw.com>; Peterson, Adam (LA) <Adam.Peterson@lw.com>
**Subject:** Johnson et al v. Zuffa, LLC et al; Case No.: 2:21-cv-01189-RFB-BNW

Counsel,

Please see the attached correspondence.

**Samantha Paxton Koppel**
Pronouns: She/Her/Hers

**LATHAM & WATKINS LLP**
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071-1560
Direct Dial: +1.213.891.8765
Email: samantha.koppel@lw.com
https://www.lw.com

_____

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com.
*-\*\*External sender. Please use caution when clicking on any attachments or links\*\* -*