# EXHIBIT 5



**MICHAEL DELL'ANGELO**
*EXECUTIVE SHAREHOLDER & GENERAL COUNSEL*
d 215.875.3080  m 610.608.8766   mdellangelo@bm.net

July 19, 2025

**VIA Email**
Joseph Axelrad
LATHAM & WATKINS LLP
joseph.axelrad@lw.com

    Re: *Kajan Johnson, et al. v. Zuffa, LLC, et al.*, No. 2:21-cv-01189-RFB-BNW (D. Nev.)

Counsel:

Plaintiffs write to propose additional custodians to those Defendants previously proposed.

    **I.    History of Plaintiffs' Requests for Organizational Charts**

As a preliminary matter, Plaintiffs recount the history of Plaintiffs' requests for organizational charts and/or similar information.

Plaintiffs first raised this issue in the context of negotiations of an ESI Protocol in late 2023. Defendants Zuffa and Endeavor agreed to provide information on the general job titles or descriptions of custodians, agents, and representatives for whom discovery should be preserved. And as you know, Plaintiffs long ago specifically requested Defendants' organizational charts and/or documents sufficient to understand individuals' roles within each Defendant's operations. For example, Plaintiffs requested organizational charts on the parties' January 8, 2025 meet and confer call. In response, Defendants claimed that they *had already* produced organizational charts, but that Defendants would search for additional charts and produce them in the next production. Plaintiffs asked, to the extent Defendants had produced such charts, that Defendants identify them by Bates number. Defendants did not provide Bates numbers in response. Plaintiffs again searched Defendants' productions as of that date in an effort to locate organizational charts, but could not locate them. Thus, Plaintiffs reiterated the need for this information in their January 13, 2025 letter. In Zuffa's January 23, 2025 response, Zuffa again asserted that "Zuffa had already produced organizational charts," and that Plaintiffs somehow "acknowledge[d] implicitly that Zuffa" had done so. Still, Zuffa did not identify the Bates numbers of the organizational charts that Zuffa represented it has produced.

In the months that followed, Plaintiffs requested similar information from Endeavor—but Endeavor refused to participate in discovery at all prior to the Court's



July 19, 2025
Page 2 of 5

February 19, 2025 Order, ECF No. 176. And then, on March 18, 2025, Endeavor claimed to have produced organizational charts on March 12, 2025. Those charts, of course, were not organizational charts as they only reflected Defendants' corporate structure and not a single individual. So, on March 20, 2025, Plaintiffs again requested that Endeavor produce documents sufficient to identify potential custodians, including, without limitation, organizational charts. On April 7, 2025, Plaintiffs moved to compel Endeavor to produce, among other things, organizational charts or materials with similar information. ECF No. 183. In that motion, Plaintiffs noted that Zuffa had failed to respond to requests for production relating to organizational charts and similar information. *Id.* at 3.

Meanwhile, Plaintiffs continued to attempt to obtain organizational charts from Zuffa by requesting meet and confers to which Plaintiffs received no response from Zuffa until the parties met and conferred on March 31, 2025. *See* Plaintiffs' April 2, 2025 Letter (detailing Plaintiffs' efforts to meet and confer with Zuffa). During the parties' meet and confer, Plaintiffs again stated that Plaintiffs sought Zuffa's organizational charts to meaningfully participate in a meaningful custodian negotiation but had not been able to locate them. Zuffa again stated that it had already produced organizational charts. Plaintiffs again unsuccessfully looked for Zuffa's organizational charts in the materials Zuffa produced. So, in an April 2, 2025 letter, Plaintiffs again requested that Zuffa either identify these materials by Bates number or produce them. On April 7, 2025, Zuffa responded, again asserting that Zuffa had produced organizational charts prior to the January 8, 2025 meet and confer and again without identifying that production by Bates number, as requested. Critically, Zuffa asserted that Plaintiffs should have engaged in a custodian negotiation because such materials had been produced.

Recently, as Plaintiffs continued to catalog Defendants' productions to date, Plaintiffs determined that on May 1, 2025 – long after Zuffa's repeated representations that it has already produced organizational charts – for the first time, Zuffa produced 46 organizational charts in a production volume sandwiched between hundreds of thousands of documents across nine other production volumes consisting of the re-production of the materials Zuffa produced in the *Le* litigation. Zuffa's production cover letter failed to disclose that Production Volume 013 did not, unlike the others, include *Le* re-production materials that comprised Production Volumes 005-012 and 014. As a result, prior to last week, Plaintiffs were unaware that Defendants had, in fact, made such a production. Indeed, as Zuffa repeatedly represented that it had produced organizational charts long before the May 1, 2025, Production Volume 013, leaving Plaintiffs' on a fruitless search of earlier productions compounded by Zuffa's inexplicable refusal to facilitate the parties' meet and confer by exercising simple, good faith



July 19, 2025
Page 3 of 5

professionalism and providing the Bates numbers for (what we now know to be non-existent) organizational charts that it purported to have produced.

It is not clear why Zuffa repeatedly misrepresented that these materials had been produced, did not respond to Plaintiffs' repeated requests to identify the materials by Bates number (likely because doing so would have uncovered the misrepresentation), did not flag the production when these materials were actually produced (particularly considering that Plaintiffs had repeatedly requested organizational charts and Zuffa argued that Plaintiffs' purported failure to propose additional custodians could not be excused by Zuffa precisely because it has long ago produced organization charts which, in fact, it had not), and then after producing the materials, did not identify that fact to Plaintiffs when they again raised the issue, unaware that Defendants had buried the documents amidst a reproduction of materials from the *Le* litigation. Nevertheless, Plaintiffs believe they are now in a position to at least make a proposal of additional custodians across all Defendants.

II.     **Plaintiffs' Custodian Proposal**

Plaintiffs have reviewed the organizational charts Zuffa produced in Production Volume 013. Plaintiffs understand these charts to apply to Zuffa, though they indicate in certain circumstances that particular individuals are Endeavor employees. Plaintiffs cannot tell, from these materials, whether some or all of these proposed custodians hold positions with TKO. In any event, Plaintiffs propose these custodians to the full extent of their roles with any and all Defendants for whom the employee works. So, for example, if Plaintiffs propose a custodian who works for Endeavor, but that custodian also has a position at TKO but not Zuffa, Plaintiffs propose that individual as a custodian for Endeavor and TKO.

| Proposed Custodian | Title(s) |
|---|---|
| Acosta, Albert | Endeavor, Director, Global Insights Group |
| Arias, Osvaldo | Athlete Development Manager, Event Operations |
| Barboza, Tony | Director, Event Operations |
| Curtis, Buffy | Executive Assistant |
| Durand, Nichole | Executive Assistant |
| Durban, Egon | Chairman of the Board of Directors |
| Euster, Jaime | Endeavor, Executive Director, IMG Global |
| Friedenberg, Keith | Endeavor, EVP, Global Insights Group |
| Fry, Graham | Endeavor, SVP MD Sports Media Production |
| Gardner, Tim | Endeavor, Director, Global Insights Group |
| Genauer, Rami | SVP, FightMetric |
| Goessing, Christoph | Talent Relations Coordinator |
| Hall, Krista | Content Partnership Manager/Executive Assistant |



July 19, 2025
Page 4 of 5

| | |
|---|---|
| Harris, Reed | VP, Athlete Development |
| Kapral, Shane | Chief Accounting Officer; SVP, Finance and Accounting |
| Krauss, Seth | Chief Administrative Officer and Senior Counsel (Endeavor and TKO) |
| Madkekar, Ajay | Endeavor, Director Financial Planning & Analysis |
| Phillips, David | Endeavor SVP, Finance |
| Provino, Chris | Athlete Development Director |
| Ratner, Marc | SVP Government Relations & Regulatory Affairs |
| Rose, Zach | Endeavor SVP, Global Insights Group |
| Shin, Jonathan | Corporate Development Director |
| Stuckenberg, Brandon | Director, Financial Planning and Analysis |
| Sullivan, Crowley | VP & General Manager, Fight Pass |
| Ulrich, Blake | Endeavor, VP, Event Operations, US |
| Webster, Marc | Endeavor, SVP, Event Operations (Global) |
| Woodmancy, Matt | Endeavor, Director Financial Planning & Analysis |
| Yoshingaga, Chika | Director, Financial Planning and Analysis |
| Zombolas, Nick | Ticketing Strategy & Reve Management Director |
| Zussman, Sam | Endeavor President of Events |

For each of these individuals, please identify: (1) with which Defendant(s) the individual has or had a position(s) during the Relevant Time Period; (2) the dates the individual held the position(s); (3) whether the individual is currently employed by one or more Defendants; (4) whether any Defendant has possession, custody, or control over the individual's devices (both/either enterprise and non-enterprise devices); (5) whether the individual is or was subject to any litigation holds and, if so, the date(s) such litigation hold(s) were implemented and the date(s) such litigation hold(s) ended if they are no longer operative; and (6) please confirm that Defendants have custodial documents and/or data from such individual in their possession, custody, or control.

Plaintiffs note that not all of these proposed custodians are listed in Defendants' April 7, 2025 listing of individuals subject to a legal hold. To the extent such individuals are not subject to a legal hold, please immediately institute one.

Additionally, to the extent Zuffa disagrees that any of these individuals are appropriate custodians in this case, *e.g.*, because Zuffa believes the individuals roles are not relevant to Plaintiffs' claims, please state the basis of such disagreement with specificity as to each.

Further, based on Plaintiffs' review of Defendants' list of individuals who are subject to a litigation hold, it appears that many of those subject to a hold do not appear in any of these organizational charts. Specifically, Plaintiffs could not locate Tim Bellamy, Dylan Budd, Wyatt Dillion, Andrea Fabrizio, Frank Lamicello, Donna Marcolini,


July 19, 2025
Page 5 of 5

Jaime Pollack, or Travis Santypal. Please let us know what positions in which departments these individuals worked.

      Finally, Plaintiffs reiterate their request that TKO produce organizational charts. We understand that it is Endeavor's position that it does not have a single relevant organizational chart for the entire Relevant Period. Please let us know if Plaintiffs have misunderstood of if Endeavor's position has changed.

      Plaintiffs reserve all rights.

      Very truly yours,

      Michael Dell'Angelo