# EXHIBIT 8

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064

TELEPHONE (212) 373-3000

BRUSSELS
HONG KONG
LONDON
LOS ANGELES
SAN FRANCISCO

TOKYO
TORONTO
WASHINGTON, DC
WILMINGTON

DIRECT DIAL: +1 202 223 7338
EMAIL: JPHILLIPS@PAULWEISS.COM

January 23, 2025

By Email

Re:   *Johnson, et al.* v. *Zuffa, et al.*, No. 2:21-cv-01189-RFB-BNW (D. Nev.)

Counsel:

We write on behalf of Defendants Zuffa, LLC ("Zuffa"), and Endeavor Group Holdings, Inc. ("Endeavor"), in response to your December 13, 2024, letters, regarding Defendants' Responses and Objections ("R&Os") to Plaintiffs' First Requests for Production of Documents ("RFPs") to Zuffa and Endeavor dated December 13, 2023 ("Dec. 13 Ltr."),[1] and January 13, 2025, regarding the parties' January 8, 2025, meet-and-confer ("Jan. 13 Ltr.").[2]

As a preliminary matter, as we outlined in our R&Os and during our recent meet-and-confer, we continue to be concerned about the overbroad and disproportionately burdensome nature of Plaintiffs' 71 RFPs to Zuffa. Plaintiffs are not entitled to a fishing expedition untethered to proportionality principles or the issues actually being litigated in this case. Notwithstanding our concerns, Zuffa remains committed to engaging in good faith with Plaintiffs regarding their discovery requests and complying with its obligations under the Federal Rules of Civil Procedure and the Court's orders.[3] With that in mind, we will address the specific points raised by Plaintiffs and propose a path forward to achieve resolutions amenable to both parties.

I.   **Reproduction of *Le* Discovery and *Johnson* Productions to Date (Dec. 13 Ltr. at 5; Jan. 13 Ltr. at 2)**

As we informed you during our January 8 meet-and-confer, we have agreed to reproduce with new Bates numbers the over 1.5 million pages of documents already produced in the *Le* case. We also have agreed to provide a "crosswalk" table identifying which *Le* Bates numbers correspond

---

[1]   Plaintiffs served two letters, one relating to their RFPs to Zuffa and one relating to their RFPs to Endeavor. For convenience and because we maintain our objection that Endeavor is not a proper recipient of party discovery in this case, *see infra* note 2, citations and page numbers in this letter refer to Plaintiffs' letter addressing their RFPs to Zuffa.

[2]   We maintain our objection that Endeavor is neither a proper Defendant nor a proper recipient of party discovery in this case, and a motion to dismiss Endeavor from the case remains pending, *see* ECF No. 160. Therefore, this letter responds only on behalf of Zuffa.

[3]   By responding to Plaintiffs' discovery-related letters, Zuffa does not waive or relinquish, and expressly reserves, its rights to enforce waivers and pursue arbitration against any putative class member in response to the claims made in this action.

to the *Johnson* Bates numbers. Subject to the technical and timing constraints inherent in producing more than 1.5 million pages of material, we are working expeditiously with our E-Discovery vendor to make rolling productions of the *Le* production material, which we anticipate will begin shortly. That being said, as we explained on January 8, given the lengthy and complex history of the *Le* litigation, a percentage of *Le* documents were clawed back and/or have been produced multiple times through different vendors. Our current vendor has advised that those documents will require additional time to prepare for production in *Johnson*. We will keep you apprised of the timing as the process continues.

Aside from the reproduction of *Le* material, Zuffa has also already produced over eighty-seven thousand new pages of documents in this case, including fighter contracts, organizational charts, and financial statements. Zuffa will continue to collect, review, and produce documents on a rolling basis.

## II.   Relevant Time Period for Discovery (Dec. 13 Ltr. at 2-3, Jan. 13 Ltr. at 4)

We understand Plaintiffs' position to be that the relevant time period for discovery in this case should begin on July 1, 2015. Plaintiffs' January 13 letter proposes to "limit[] Defendants' discovery obligations" for the "Interim Period" dated June 30, 2015, to July 1, 2017, to a list of thirteen extremely broad topics and categories.[4] Zuffa maintains that the relevant time period for this case should be coextensive with the class period, which is the basis of this action and the period for which Plaintiffs seek damages. Zuffa also disagrees that Plaintiffs' January 13 letter's proposed "limitations" constitute any meaningful "limitation" in light of the vast scope of those topics. And we disagree that Defendants have failed to provide sufficient "explanation" for our objections. Jan. 13 Ltr. 4.

Nonetheless, in the spirit of compromise, Zuffa agrees to the proposal outlined in your January 13 letter. Zuffa will review and produce documents from July 1, 2015, to June 30, 2017, responsive to the topics outlined in Plaintiffs' January 13 letter, subject to Zuffa's specific R&Os as to particular discovery requests. (In other words, Zuffa maintains its specific objections as to particular RFPs on grounds such as relevance and burden but will not object solely on the basis that such documents are dated from July 1, 2015, to June 30, 2017.)

Finally, Zuffa notes that it has already produced in the *Le* action thousands of documents dated July 1, 2015, to June 30, 2017, which will be reproduced in *Johnson*.

## III.   Allegedly "Boilerplate, Generalized" Objections (Dec. 13 Ltr. at 2)

Zuffa disagrees with Plaintiffs' broad-brush and non-specific characterization of Zuffa's objections to Plaintiffs' extraordinarily broad and numerous RFPs as "boilerplate" or "generalized." Rule 26 explicitly limits discovery to that which is "relevant to any party's claim or defense and proportional to the needs of the case," considering, among other things, "whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P.

---

[4]  Plaintiffs' January 13 letter indicates you are seeking discovery from the "Interim Period" in the following categories: custodians' text messages, fighter compensation data, profit & loss statements, consolidated annual financial statements, UFC fighter contracts, FightMetric data, the 2016 WME acquisition, distributions to equity holders, debt issuances, MMA fighter unionization efforts, competition among MMA promotions, negotiations with MMA fighters, and MMA fighters who have left the UFC for other MMA promotions.

26(b)(1). Zuffa's responses and objections on these grounds are not "boilerplate" but are tailored to the requirements of Rule 26, Plaintiffs' specific RFPs, and the issues in this case. We therefore do not agree to Plaintiffs' request for Zuffa to "withdraw" an unspecified number of those objections. We will, however, agree to continue to meet and confer with Plaintiffs to discuss appropriate narrowing and clarification of your RFPs.

### IV. Fighters Who Would Not Be Members of the Putative Class (Dec. 13 Ltr. at 3-4)

Zuffa has objected to producing documents relating to fighters who would not be members of the putative class. In response, Plaintiffs claim that they "cannot discern what fighters Zuffa is referring to" or "the basis" for Zuffa's objection. Dec. 13 Ltr. at 4. As Zuffa has explained, many fighters who competed for the Ultimate Fighting Championship during the purported *Johnson* class period are not eligible class members due to the presence of arbitration clauses in their contracts, which expressly preclude their membership in the purported class. Given the thousands of contracts from the *Johnson* class period that Zuffa has already produced, Plaintiffs have sufficient information to identify the referenced set of fighters. Zuffa is available to meet and confer with Plaintiffs on this issue should Plaintiffs have further questions.

### V. Preservation Issues (Jan. 13 Ltr. at 3)

We disagree with Plaintiffs' January 13 recitation of the parties' discussion regarding Zuffa's preservation efforts. As we explained during our last meet-and-confer, Zuffa has adhered to all its discovery obligations in this matter, including identifying individuals with potentially relevant data and taking steps to preserve any such data in accordance with Rule 26(b)(2)(B). Zuffa confirms that it sent litigation holds to all identified employees who may possess relevant data as soon as Zuffa identified reasons to believe such relevant data may exist.

With regard to Plaintiffs' request for details on Zuffa's "social media collection," Zuffa reiterates the objections outlined in its R&Os and requests that Plaintiffs clearly explain which "social media" data they are seeking. To the extent that Plaintiffs are seeking data from individuals' personal social media accounts, such data is outside Zuffa's possession, custody, or control. *See Kellgren* v. *Petco Animal Supplies, Inc.*, 2017 WL 979045, at *11 (S.D. Cal. Mar. 13, 2017). Moreover, a substantial quantity of such social media data is public. And, in any event, employees' personal social media data is likely to be overwhelmingly irrelevant and non-responsive, which makes the substantial burden of collecting and producing such data (even if it were in Zuffa's control, which it is not) disproportionate to the needs of this case.

### VI. Privilege Logs (Dec. 13 Ltr. at 5)

Plaintiffs' December 13 letter demanded that "if Zuffa intends to withhold any responsive documents on the basis of privilege, it must produce a privilege log at the time of production describing each document being withheld." As we previously informed you in our R&Os, to the extent we withhold responsive documents based on privilege, we will produce a privilege log in compliance with the Federal Rules of Civil Procedure and the protective order in this case. We expect Plaintiffs to do the same.

### VII. Custodians and Search Terms (Jan. 13 Ltr. at 2)

On our January 8 meet-and-confer, you requested that Zuffa produce organizational charts to facilitate the selection of custodians, in response to which we explained that Zuffa had already produced organizational charts, and that Plaintiffs are well-positioned to propose custodians based on the plethora of information that Zuffa has already produced to date, including the custodians utilized in *Le*. Your January 13 letter appears to acknowledge implicitly that Zuffa has produced organizational charts, so we consider that matter closed.

We appreciate your agreement on our January 8 meet-and-confer and in your January 13 letter to propose a set of custodians and search terms for our consideration. To that end, as we conveyed over email on January 18, 2025, Zuffa is prepared to provide to Plaintiffs an initial set of proposed custodians and search terms on Friday, January 24, 2025. Please confirm your agreement to this proposal.

### VIII. Zuffa's Specific Objections to Plaintiffs' Requests for Production (Jan. 13 Ltr. at 5-23)

At this stage, subject to agreement on a reasonable and proportionate set of search terms and custodians, and notwithstanding its previously lodged objections, Zuffa agrees to conduct a custodial document review for non-privileged documents responsive to the following of Plaintiffs' RFPs:

- RFP Nos. 4-7 (fighter agreements and related communications), to the extent not already produced;

- RFP Nos. 11-13 and 32-34 (market research and competitor & compensation analysis); and

- RFP Nos. 45-53, 61, and 71 (documents and communications relating to challenged contractual provisions in MMA fighter promotional agreements).

Otherwise, we continue to maintain our objections, though we remain available, as always, to meet and confer regarding these and Plaintiffs' other RFPs. Specifically:

- **RFP Nos. 2-3, 69 (government and regulatory documents).** These requests demand, among other things, "all" documents provided to any U.S. or foreign government agency related to a broad array of subjects over an indefinite period of time. Your December 13 letter suggests that these materials are discoverable simply because they involve government investigations. Dec. 13 Ltr. at 5. That is not the law. As explained in our R&Os, these requests are vastly overbroad and seek irrelevant material, given that the Endeavor acquisition and WWE merger are not challenged in this case. Documents demonstrating Zuffa's "compliance" with government agencies are similarly irrelevant and not proportional to the needs of the case. We are available to meet and confer with Plaintiffs to discuss how to narrow the scope of these requests.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

5

- **RFP Nos. 8-10 (arbitration and class-action provisions).** These requests demand, among other things, "all" arbitration clauses or class-action waivers in fighter contracts, including "analyses, drafts, and discussions" of such clauses and documents concerning the negotiation of and discussions of such clauses. The relevance of the material sought in these requests is unclear; for example, it is not apparent why drafts and analyses of the arbitration clauses would be relevant, as opposed to the provisions that actually appear in the fighter contracts that we have now produced to you. The burden of locating all such analyses, drafts, and discussions outweighs any relevance of which we are aware. We are available to meet and confer with Plaintiffs to discuss how to narrow the scope of these requests.

- **RFP Nos. 14-19 (corporate transaction materials).** These requests are impermissibly broad, seeking, among other things, "all" documents and communications relating to any potential transaction or sale relating to Zuffa, regardless of whether the transaction has any nexus to Plaintiffs' claims in this case. Plaintiffs have not articulated any connection whatsoever between any such Zuffa transaction or sale and your antitrust claims. We also note that a great deal of publicly available information about these transactions is available. These requests also seek extraordinarily invasive information regarding compensation to Zuffa's executives and shareholders that are not proportionate to the needs of the case. Please explain specifically what transactions you believe are relevant and the types of documents you are seeking so that we can productively meet and confer regarding these requests.

- **RFP Nos. 20-24, 26-31 (financial and compensation data).** These requests—seeking, among other things, Zuffa's "financial data" and "transactional data" "at the most granular level"—amount to yet another extraordinarily broad fishing expedition. As far as we can understand, Plaintiffs' request for data "at the most granular level" would require extracting, reviewing, and producing millions of individual data points and transactions. This goes far beyond what is reasonable and proportionate to produce in this case. Plaintiffs' requests also seek documents and data relating to, among other things, tax returns (the public disclosure of which is disfavored in the Ninth Circuit, *e.g.*, *Advanced Visual Image Design, LLC* v. *Exist, Inc.*, 2015 WL 4934178, at *7 (C.D. Cal. Aug. 18, 2015)), executive compensation, and other sensitive financial data. While Zuffa is not theoretically opposed to producing a reasonable and proportionate set of financial information as it is maintained in the ordinary course of business, we ask that you narrow your request and clearly explain the nexus of such data to the claims in this case.

- **RFP No. 25 (corporate structure).** This request seeks documents sufficient to show Zuffa's corporate structure. As previously discussed, Zuffa has produced organizational charts. We consider this matter resolved.

- **RFP Nos. 35-36 (acquisitions of other MMA promotions).** These requests seek, among other things, "all" documents referencing in any way the potential or acquisition of assets, equity, or interests of any MMA promoter," including "internal strategy documents." Not only are your requests broad, unduly burdensome, and invasive, but

their relevance is unclear to us. Insofar as you are referring to acquisitions before the *Johnson* discovery period—as suggested by your December 13 letter's reference to acquisitions by Zuffa that "pre-date the Class Period by several years"—the *Le* discovery material that we are in the process of reproducing to you would be sufficient to cover these requests. If you are not referring to pre-*Johnson* acquisitions, please let us know which acquisitions you have in mind.

- **RFP Nos. 37-42 (competitor analysis).** These requests seek, among other things, documents sufficient to identify each entity that Zuffa considers or considered a competitor and the actual or potential market share of those competitors as well as their revenue by region, as well as documents relating to the determination of fighter compensation by the UFC's competitors. As we have explained, these requests are unworkably vague and, in many cases, seek information not within the UFC's possession, custody, or control. Please explain the relevance of these requests and why you believe Zuffa is best positioned to have this material. Subject to developing a better understanding of the types of relevant documents Plaintiffs are seeking and our previously lodged objections, we expect to be able to produce documents sufficient to identify Zuffa's competitors, as maintained in the ordinary course of business.

- **RFP Nos. 43-44, 57-60 (documents relating to sponsors, advertisers, venues and broadcasters).** These requests demand, among other things, "all" documents relating to Zuffa's agreements with and communications with broadcasters, sponsors, advertisers, and venues. Please explain the relevance of these categories of documents. We are available to meet and confer with Plaintiffs to discuss how we may narrow the scope of these requests.

- **RFP No. 54 (identification of employees).** You ask that we produce documents sufficient to identify "each" of the Zuffa employees or agents involved in approving or negotiating the terms of each agreement. As an initial matter, the nature of this request is more appropriately framed as an interrogatory than as a document request, and indeed, is duplicative of Plaintiffs' Interrogatory Nos. 5 and 6. We are available to meet and confer with Plaintiffs to better understand what information Plaintiffs are seeking through RFP No. 54 that would not be satisfied through information provided through Interrogatory Nos. 5 and 6.

- **RFP Nos. 55-56 (agreements with other MMA promotions).** These requests seek, among other things, "all" documents and communications relating to any agreement between UFC and other MMA promoters. Your December 13 letter asserts that such evidence is relevant but provides no basis for believing that any such agreements even exist, let alone the particular agreement(s) about which Plaintiffs are seeking information. Otherwise, this appears to be little more than yet another fishing expedition. We are available to meet and confer with Plaintiffs to better understand the nature of these requests and discuss how we may narrow the scope of these requests.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

7

- **RFP Nos. 62-63 (documents relating to antitrust lawsuits and defenses).** These requests seek, among other things, "all" communications between Zuffa "and anyone else referencing or relating to this lawsuit or Le" including "any of the named plaintiffs in either of those cases," as well as "all" documents "referencing or relating to indemnification or defense (corporate or individual), judgment sharing, joint defense, liability or responsibility for judgment in this action." As an initial matter, the topics implicated by these requests are highly likely to constitute Zuffa's non-discoverable privileged communications and attorney work product, making the identification of any non-privileged documents and communications relating to these topics disproportionate to the needs of the case. Moreover, Zuffa has already agreed to produce a set of documents in response to RFP Nos. 4-7 relating to fighter contracts and the negotiation thereof, including with respect to Named Plaintiffs. We are available to meet and confer with Plaintiffs to better understand the nature of these requests and discuss how we may narrow the scope of these requests.

- **RFP Nos. 64-68 (social media and website materials).** These extraordinarily broad requests demand, among other things, "all" documents relating to "any" websites operated by Zuffa or on its behalf, regardless of any nexus between any such website and this case, as well as all content posted to any website or social media relating to UFC bouts. It is entirely unclear how website operations relate to your antitrust claims, and a request for all content relating to UFC bouts is obviously overbroad. Meanwhile, the burden of collecting and reviewing years of website and social media content (on any and all topics) is extreme. And much of the material sought by these requests is publicly available. We are available to meet and confer with Plaintiffs to better understand the nature of these requests.

- **RFP No. 70 (board materials).** This request seeks "all" documents relating to Zuffa's Board of Directors and addressing various topics (such as capital raises and dividends) that plainly do not relate to this case or your antitrust claims. Your letter speculates that such board materials could contain evidence of an "anticompetitive scheme," but you proffer little basis for that belief, and not one that would justify the burden of collecting, reviewing, and producing years of board materials containing highly confidential business strategy information.

IX.     **Exchange of Letters and Next Meet-and-Confer (Jan. 13 Ltr. at 1)**

Finally, while it would be unnecessary and counterproductive to engage in a tit-for-tat discussion of each of your contentions regarding the parties' negotiating history, we disagree with Plaintiffs' suggestion that Zuffa has acted in any way improperly. In the interest of moving forward productively, we look forward to continuing to discuss these issues and ensure that the scope of discovery is appropriately tailored to balance Plaintiffs' requests against the burden and proportionality concerns outlined in this letter, our prior meet-and-confer, and our R&Os.

Please let us know your availability for our next meet-and-confer the week of January 27 or February 3, 2025.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

8

          Sincerely,

          */s/ Jessica E. Phillips*

          Jessica E. Phillips

cc:    Counsel of Record (by Email)