|   |   |
|---|---|
| IN THE UNITED STATES DISTRICT COURT | |
| FOR THE DISTRICT OF NEVADA | |

| | |
|---|---|
| Kajan Johnson, Clarence Dollaway, and Tristan Connelly, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>Zuffa, LLC, TKO Operating Company, LLC f/k/a Zuffa Parent LLC (d/b/a Ultimate Fighting Championship and UFC), and Endeavor Group Holdings, Inc.,<br><br>    Defendants. | No.: 2:21-cv-01189-RFB<br><br>**JOINT SUBMISSION REGARDING CASE SCHEDULE** |
| Mikhail Cirkunovs, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>Zuffa LLC, TKO Operating Company, LLC f/k/a Zuffa Parent LLC (d/b/a Ultimate Fighting Championship and UFC) and Endeavor Group Holdings, Inc.,<br><br>    Defendants. | No.: 2:25-cv-914-RFB |
| Phil Davis, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>Zuffa LLC, TKO Group Holdings, Inc. (d/b/a Ultimate Fighting Championship and UFC), and Endeavor Group Holdings, Inc.,<br><br>    Defendants. | No.: 2:25-cv-00946-RFB |

.

Pursuant to the Court's August 29, 2025 Minute Order (*Johnson v. Zuffa, LLC*, ECF No. 244), Plaintiffs Kajan Johnson, Clarence Dollaway, and Tristan Connelly (the "*Johnson* Plaintiffs"), Plaintiff Mikhail Cirkunovs (the "*Cirkunovs* Plaintiff"), Plaintiff Phil Davis (the "*Davis* Plaintiff") (collectively, "Plaintiffs"), and Defendants Zuffa, LLC, TKO Operating Company, LLC, TKO Group Holdings, Inc., and Endeavor Group Holdings, Inc. (collectively, "Defendants," and collectively with Plaintiffs, the "Parties"), jointly submit their competing positions for a schedule for the above-captioned actions. The Parties have agreed to a case schedule, except for Plaintiffs' deadline to file a response to Defendants' Motion to Compel Arbitration, filed in *Cirkunovs* on August 25, 2025. See *Cirkunovs*, ECF No. 38.

As Defendants have substantially complied with their production of arbitration-related discovery, Defendants propose (1) until December 5, 2025 to confirm no other responsive documents exist, (2) for Plaintiffs to respond to Defendants' motion 30 days thereafter; and (3) for Defendants to reply to Plaintiffs' opposition 21 days thereafter.

Plaintiffs dispute that Defendants have met substantial completion for any of Plaintiffs' RFPs, and any response to Defendants' arbitration motion is premature until they do so. Plaintiffs thus propose (1) a schedule for the parties to negotiate arbitration-specific custodians and search terms; and (2) for Plaintiffs to respond to Defendants' motion at the close of fact discovery.

**Plaintiffs' Position**

For three reasons, arbitration discovery should conclude when merits fact discovery closes. First, the Court's orders make clear that the merits of Plaintiffs' monopsonization claim bear heavily on the conscionability of Zuffa's arbitration clauses. See Aug. 29 Hrg. Tr. at 10 ("[T]he monopsonization is relevant to the enforceability of the arbitration agreement."). The *additional* arbitration-specific discovery the Court ordered was meant to supplement, rather than replace, merits discovery (which would be substantially complete but for Defendants' discovery "violations," see Aug. 29 Hrg. Tr. at 36). Second, to the extent arbitration-related depositions are necessary, it would be inefficient to require two depositions of witnesses on overlapping issues. Third, Defendants face no prejudice from Plaintiffs' schedule, as the disposition of the *Cirkunovs* action will not affect Defendants' identical discovery obligations in *Johnson* and *Davis*.

| Case Event | Date |
|---|---|
| Defendants to file reply(ies) in support of any motion(s) to dismiss in *Davis* | October 9, 2025 |
| Defendants to propose custodians and search terms for Plaintiffs' RFPs 8-10 | October 31, 2025 |
| Plaintiffs to respond to Defendants' proposed custodians and search terms for Plaintiffs' RFPs 8-10 | December 5, 2025 |
| Parties to meet and confer on custodians and search terms for Plaintiffs' RFPs 8-10 | On or before January 9, 2026 |
| Parties to bring any dispute over the scope of arbitration-related discovery to the Court | February 6, 2026 |
| Defendants to substantially complete document discovery responsive to Plaintiffs' RFPs 8-10 | May 3, 2026 |
| Plaintiffs to file opposition to Defendants' motion to compel arbitration in *Cirkunovs* | August 14, 2026 |
| Close of Fact Discovery, including all non-expert depositions as to all parties in *Johnson, Cirkunovs,* and *Davis* Actions | August 15, 2026 |
| Defendants to file reply in support of motion to compel arbitration in *Cirkunovs* | September 4, 2026 (21 days following the filing of Plaintiffs' opposition) |
| Plaintiffs' opening expert reports on class and merits in *Johnson*, *Cirkunovs,* and *Davis* Actions | September 16, 2026 |
| Opposition expert reports on class and merits in *Johnson*, *Cirkunovs*, and *Davis* Actions | December 15, 2026 |
| Plaintiffs' rebuttal expert reports on class and merits in *Johnson*, *Cirkunovs*, and *Davis* Actions | February 23, 2027 |
| Last day to depose each opposing parties' experts in all Actions | March 9, 2027 |
| Plaintiffs' Class Certification Motions in all Actions and any *Daubert* Motions of all parties in all Actions | April 23, 2027 |
| Defendants' Responses to Class Certification Motions and Responses to any *Daubert* Motions in all Actions | June 23, 2027 |
| Replies re: any *Daubert* Motions in all Actions | July 23, 2027 |
| Replies re: Class Certification Motions in all Actions | July 30, 2027 |
| Any Motions for Summary Judgment in all Actions | 60 days after the later of (a) the Court's order on class certification, (b) if a party takes an appeal under Fed. R. Civ. P. 23(f), 45 days after an order resolving the petition to appeal or |

| | |
|---|---|
| | appeal (if the petition is granted and an appeal is allowed) |
| Responses to any Motions for Summary Judgment in All Actions | 60 days following the filing of the relevant Motion for Summary Judgment |
| Replies re: any Motions for Summary Judgment in All Actions | 90 days following the filing of the relevant Motion for Summary Judgment |
| Joint Pretrial Order in All Actions | 30 days following the Courts' resolution of all Motions for Summary Judgment |

**Defendants' Position**

On August 26, 2025, Plaintiffs represented to the Court, "I just want to observe, Your Honor, that we have already served RFPs relating to arbitration issues, RFPs 8, 9, and 10." *Johnson*, ECF No. 240, Tr. at 13:22-14:9. On September 12, 2025, Defendants served their discovery tracker which identified approximately 8,219 documents responsive to RFPs 8, 9, and 10. Nevertheless, Plaintiffs have now taken the position that they are unable to respond to the Motion to Compel Arbitration in *Cirkunovs*, ECF No. 38, until *the end of all discovery* in August 2026. In other words, Plaintiffs now contend that *all discovery* is arbitration-related discovery. This position directly contradicts the Court's directive that arbitration-related discovery is "not going to be an open-ended . . . discovery request" and is a transparent attempt to further delay the Court's ruling on the enforceability of the arbitration clause. The Court should decline to entertain these delay tactics. Defendants are entitled to the benefit of their arbitration clause.

| Case Event | Date |
|---|---|
| Defendants to file reply(ies) in support of any motion(s) to dismiss in *Davis* | October 9, 2025 |
| Defendants to produce documents responsive to Plaintiffs' arbitration discovery requests (*i.e.*, Plaintiffs Requests for Productions to Zuffa, LLC Nos. 8-10). | December 5, 2025 |
| Plaintiffs' opposition to Defendants' motion to compel arbitration in *Cirkunovs* Action | 30 days following the earlier (1) December 5, 2025, or (2) Defendants' representation to Plaintiffs that they have completed their production of documents responsive to Plaintiffs' arbitration discovery requests |

| | |
|---|---|
| <span style="color:red">Defendants' reply in support Defendants' motion to compel arbitration in *Cirkunovs* Action</span> | <span style="color:red">21 days following the filing of Plaintiffs' opposition to Defendants' motion to compel arbitration in the *Cirkunovs* Action</span> |
| Close of Fact Discovery, including all non-expert depositions as to all parties in *Johnson, Cirkunovs*, and *Davis* Actions | August 15, 2026[1] |
| Plaintiffs' opening expert reports on class and merits in *Johnson*, *Cirkunovs,* and *Davis* Actions | September 16, 2026 |
| Opposition expert reports on class and merits in *Johnson*, *Cirkunovs* , and *Davis* Actions | December 15, 2026 |
| Plaintiffs' rebuttal expert reports on class and merits in *Johnson*, *Cirkunovs*, and *Davis* Actions | February 23, 2027 |
| Last day to depose each opposing parties' experts in all Actions | March 9, 2027 |
| Plaintiffs' Class Certification Motions in all Actions and any *Daubert* Motions of all parties in all Actions | April 23, 2027 |
| Defendants' Responses to Class Certification Motions and Responses to any *Daubert* Motions in all Actions | June 23, 2027 |
| Replies re: any *Daubert* Motions in all Actions | July 23, 2027 |
| Replies re: Class Certification Motions in all Actions | July 30, 2027 |
| Any Motions for Summary Judgment in all Actions | 60 days after the later of (a) the Court's order on class certification, (b) if a party takes an appeal under Fed. R. Civ. P. 23(f), 45 days after an order resolving the petition to appeal or appeal (if the petition is granted and an appeal is allowed) |
| Responses to any Motions for Summary Judgment in All Actions | 60 days following the filing of the relevant Motion for Summary Judgment |
| Replies re: any Motions for Summary Judgment in All Actions | 90 days following the filing of the relevant Motion for Summary Judgment |
| Joint Pretrial Order in All Actions | 30 days following the Courts' resolution of all Motions for Summary Judgment |

---

[1] The prior scheduling order in *Johnson*, ECF No. 189, set January 16, 2026 as the close of fact discovery. Given the issues associated with coordinating the *Cirkunovs* and *Davis* cases, the Parties, as reflected in this proposed schedule, jointly request an extension of the fact discovery deadline and the future deadlines keyed from it in all three pending cases.

| | | |
|---|---|---|
| 1 | Respectfully Submitted, | Dated: September 29, 2025 |
| 2 | By: *s/ Daniel H. Silverman* | By: *s/ Christopher S. Yates* |
| 3 | Eric L. Cramer (*Pro hac vice*) | CHRISTOPHER S. YATES (*Pro hac vice*) |
| | Michael Dell'Angelo (*Pro hac vice*) | chris.yates@lw.com |
| 4 | Patrick F. Madden (*Pro hac vice*) | AARON T. CHIU (*Pro hac vice*) |
| | BERGER MONTAGUE PC | aaron.chiu@lw.com |
| 5 | 1818 Market St., Suite 3600 | LATHAM & WATKINS LLP |
| | Philadelphia, PA 19103 | 505 Montgomery Street, Suite 2000 |
| 6 | Telephone: +1 (215) 875-3000 | San Francisco, CA 94111 |
| 7 | Email: ecramer@bm.net | Tel: (415) 391-0600 |
| | Email: mdellangelo@bm.net | |
| 8 | Email: pmadden@bm.net | SEAN M. BERKOWITZ (*Pro hac vice*) |
| | | sean.berkowitz@lw.com |
| 9 | Joshua P. Davis (*Pro Hac Vice*) | LATHAM & WATKINS LLP |
| | Kyla Gibboney (*Pro Hac Vice*) | 330 North Wabash Ave, Suite 2800 |
| 10 | Robert C. Maysey (*Pro Hac Vice*) | Chicago, IL 60611 |
| | BERGER MONTAGUE PC | |
| 11 | 505 Montgomery Street, Suite 625 | LAURA WASHINGTON (*Pro hac vice*) |
| | San Francisco, CA 94111 | laura.washington@lw.com |
| 12 | Phone: (415) 215-0962 | LATHAM & WATKINS LLP |
| 13 | jdavis@bm.net | 10250 Constellation Blvd, Suite 1100 |
| | kgibboney@bm.net | Los Angeles, CA 90067 |
| 14 | rmaysey@bm.net | |
| 15 | Benjamin D. Brown (*Pro Hac Vice*) | DAVID L. JOHNSON (*Pro hac vice*) |
| | Richard A. Koffman (*Pro Hac Vice*) | david.johnson@lw.com |
| 16 | Daniel H. Silverman (*Pro Hac Vice*) | LATHAM & WATKINS LLP |
| | COHEN MILSTEIN SELLERS & TOLL, | 555 Eleventh Street NW, Suite 1000 |
| 17 | PLLC | Washington, D.C. 20004 |
| 18 | 1100 New York Ave., N.W., Suite 500 | |
| | Washington, DC 20005 | WILLIAM A. ISAACSON (*Pro hac vice*) |
| 19 | Phone: (202) 408-4600/Fax: (202) 408 4699 | wisaacson@DIRLLP.com |
| | bbrown@cohenmilstein.com | JESSICA PHILLIPS (*Pro hac vice*) |
| 20 | rkoffman@cohenmilstein.com | jphillips@DIRLLP.com |
| | dsilverman@cohenmilstein.com | DUNN ISAACSON RHEE LLP |
| 21 | Joseph R. Saveri (*Pro hac vice*) | 401 Ninth Street NW |
| 22 | Christopher Young (*Pro hac vice*) | Washington, DC 20004 |
| | Kevin E. Rayhill (P*ro hac vice*) | |
| 23 | JOSEPH SAVERI LAW FIRM, INC. | |
| | 601 California St., Suite 1000 | |
| 24 | San Francisco, CA 94108 | |
| 25 | Telephone: +1 (415) 500-6800 | |
| | Facsimile: +1 (415) 395-9940 | |
| 26 | Email: jsaveri@saverilawfirm.com | |
| | Email: krayhill@saverilawfirm.com | |
| 27 | Email: cyoung@saverilawfirm.com | |
| | W. Joseph Bruckner (*Pro hac vice*) | |
| 28 | Brian D. Clark (*Pro hac vice*) | |

| | | |
|---|---|---|
| 1 | LOCKRIDGE GRINDAL NAUEN PLLP<br>100 Washington Ave S, Suite 2200 | DONALD J. CAMPBELL (No. 1216)<br>djc@campbellandwilliams.com |
| 2 | Minneapolis, MN 55401<br>Phone: (612) 596-4001/Fax: (612) 339-0981 | J. COLBY WILLIAMS (No. 5549)<br>jcw@campbellandwilliams.com |
| 3 | wjbruckner@locklaw.com<br>bdclark@locklaw.com | CAMPBELL & WILLIAMS<br>700 South 7th Street |
| 4 | | Las Vegas, Nevada 89101 |
| 5 | Kyle J. Pozan (*Pro hac vice*)<br>LOCKRIDGE GRINDAL NAUEN PLLP | Tel: (702) 382-5222 |
| 6 | 1165 N. Clark Street, Ste. 700<br>Chicago, IL 60610 | *Attorneys for Defendant Zuffa, LLC, TKO* |
| 7 | Phone: (612) 339-6900<br>Email: kjpozan@locklaw.com | *Operating Company, LLC, and Endeavor*<br>*Group Holdings, Inc.* |
| 8 | | |
| 9 | *Counsel for Plaintiffs and the Proposed*<br>*Classes* | |
| 10 | | |
| 11 | Michael J. Gayan<br>CLAGGETT & SYKES | |
| 12 | 4101 Meadows Lane, Suite 100<br>Las Vegas, NV 89107 | |
| 13 | Tel: (702) 333-7777<br>Fax: (702) 655-3763 | |
| 14 | mike@claggettlaw.com | |
| 15 | *Liaison Counsel for Plaintiffs and the*<br>*Proposed Classes* | |

6

JOINT SUBMISSION RE: CASE SCHEDULE          CASE NOS.  2:21-CV-1189-RFB-BNW; 2:25-CV-914-RFB; 2:25-CV-946-RFB

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing [Proposed] Scheduling Order was served on September 29, 2025, via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

*/s/ Christopher S. Yates*
Christopher S. Yates of
LATHAM & WATKINS LLP
