# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| KAJAN JOHNSON, CLARENCE DOLLAWAY, and TRISTAN CONNELLY, on behalf of themselves and all others similarly situated,<br><br>PLAINTIFFS,<br>v.<br>ZUFFA, LLC, TKO OPERATING COMPANY, LLC f/k/a ZUFFA PARENT LLC (d/b/a ULTIMATE FIGHTING CHAMPIONSHIP and UFC), and ENDEAVOR GROUP HOLDINGS, INC.,<br><br>DEFENDANTS. | No.: 2:21-cv-01189-RFB-BNW<br><br>**JOINT STATUS REPORT** |
| Mikhail Cirkunovs, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br>v.<br>Zuffa LLC, TKO Operating Company, LLC f/k/a Zuffa Parent LLC (d/b/a Ultimate Fighting Championship and UFC) and Endeavor Group Holdings, Inc.,<br><br>Defendants. | No.: 2:25-cv-00914-RFB-BNW |
| Phil Davis, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br>v.<br>Zuffa LLC, TKO Group Holdings, Inc. (d/b/a Ultimate Fighting Championship and UFC), and Endeavor Group Holdings, Inc.,<br><br>Defendants. | No.: 2:25-cv-00946-RFB-BNW |

Plaintiffs Kajan Johnson, Clarence Dollaway, and Tristan Connelly (the "*Johnson* Plaintiffs"), Plaintiff Mikhail Cirkunovs (the "*Cirkunovs* Plaintiff"), Plaintiff Phil Davis (the "*Davis* Plaintiff") (collectively, "Plaintiffs"), and Defendants Zuffa, LLC, TKO Operating Company, LLC, TKO Group Holdings, Inc., and Endeavor Group Holdings, Inc. ("Defendants," and collectively with Plaintiffs, the "Parties"), jointly submit this Joint Status Report in advance of the upcoming Status Conference set for October 30, 2025, pursuant to the Court's Order, *Johnson*, ECF No. 202.

I. **Pending Motions (Joint Statement)**

Currently pending before the Court are the following motions in *Johnson v. Zuffa, LLC*, 2:21-cv-01189-RFB-BNW (D. Nev.):

- Plaintiffs' Motion to Compel Defendants Zuffa, LLC and TKO Operating Company, LLC to Provide Responses to Plaintiffs' First Set of Interrogatories. *Johnson*, ECF No. 234. This Motion is fully briefed. *See Johnson*, ECF Nos. 234, 255, 261.

- Defendants' Motion to Strike New Arguments in Plaintiffs' Reply in Support of Their Motion to Compel Zuffa's Interrogatory Responses or, Alternatively, for Leave to File a Sur-Reply. *Johnson*, ECF No. 264. Plaintiffs filed their Opposition. *Johnson*, ECF No. 267. Defendants do not intend to file a Reply.

- Plaintiffs' Conditional Motion for Leave to File Sur-Sur-Reply in Support of Plaintiffs' Motion to Compel Responses to Plaintiffs' First Set of Interrogatories. *Johnson*, ECF No. 268. Defendants do not intend to oppose Plaintiffs' Conditional Motion.

- Defendants' Motion to Seal Documents Cited in Support of Plaintiffs' Motion for Sanctions, Reply in Support of Plaintiffs' Motion for Sanctions, Plaintiffs' Motion to Compel Responses to Plaintiffs' First Set of Interrogatories, and [Proposed] Sur-Su-Reply in Support of Plaintiffs' Motion to Compel Responses to Plaintiffs' First Set of Interrogatories. *Johnson*, ECF No. 272. Plaintiffs intend to file an Opposition by the November 4, 2025 deadline.

In *Cirkunovs v. Zuffa, LLC*, 2:25-cv-914-RFB-BNW (D. Nev.), Defendants filed a Motion to Compel Arbitration. *Cirkunovs*, ECF No. 38. The Court ruled that arbitration-related discovery is appropriate and deferred Plaintiffs' obligation to respond until the arbitration-related discovery had been completed. *See Cirkunovs,* ECF No. 51. The Parties submitted a Joint Stipulated Discovery Plan and Scheduling Order document that sets out the Parties' disagreements on this issue, including the Parties' competing views on the scope and schedule

1

1  for arbitration-related discovery. *See Cirkunovs,* ECF No. 60. The parties anticipate addressing
2  the Joint Stipulated Discovery Plan and Scheduling Order at the upcoming Status Conference.
3      In *Davis v. Zuffa, LLC*, 2:25-cv-946-RFB-BNW (D. Nev.), Defendants' Motion to
4  Dismiss Plaintiffs' Complaint (ECF No. 25) is fully briefed. *See Davis*, ECF Nos. 25, 60, 68.
5  Argument is scheduled for November 3, 2025. *Davis*, ECF No. 69.

6   **II.    Other Pending Matters on the Docket (Joint Statement)**

7      The Parties have engaged in the Court-ordered process, *Johnson*, ECF No. 252, created to
8  address what Plaintiffs contend are deficiencies in Defendants' production. Plaintiffs sent
9  Defendants a letter on September 12, 2025 raising purported deficiencies in Defendants'
10 production and other discovery issues (*Johnson*, ECF No. 253-1), Defendants responded by letter
11 on September 18, 2025 (*Johnson*, ECF No. 253-2), and the parties met and conferred on
12 September 19, 2025. *See Johnson*, ECF No. 253. On September 23, 2025, the parties submitted a
13 Joint Status Report (*Johnson*, ECF No. 253) and then appeared before Magistrate Judge Weksler
14 at a September 29, 2025 Hearing. *See Johnson*, ECF No. 259. The Parties await Magistrate Judge
15 Weksler's ruling on several issues raised in the Parties' September letters, the September 23
16 Joint Status Report, and at the September 29 Hearing. *See, e.g.*, Hrg. Tr. at 80:3-8, *Johnson*, ECF
17 No. 260; *see also Johnson*, ECF No. 273 (designating Magistrate Judge Weksler to manage all
18 outstanding discovery in these cases).

19  **III.    Status of Discovery**
20      a.  **Discovery from Plaintiffs**
21          i.  **Plaintiffs' Statement**

22      *Johnson* Plaintiffs collected all their devices and searched all their accounts. This process
23 collected nearly 690,000 documents in the document corpus. Between October 31, 2024, and
24 July 17, 2025, *Johnson* Plaintiffs produced 53,298 documents across four productions (8,004 on
25 April 18, 2025, 3,756 on May 30, 2025, and 41,529 on July 17, 2025). *Johnson* Plaintiffs'
26 production is substantially complete, and *Johnson* Plaintiffs have not identified further
27 documents or sources of documents that would lead to further productions at this time.
28      On August 18, 2025, Plaintiffs produced a privilege log indicating that Plaintiffs would

withhold 664 documents on the basis of a privilege. On October 3, 2025, pursuant to Section 11 of the Protective Order, *Johnson*, ECF No. 248, Defendants notified Plaintiffs of 66 documents that Defendants believed Plaintiffs may have inadvertently produced. Plaintiffs are preparing a revised privilege log to address the issue.

## ii. Defendants' Statement

Defendants served their First Set of Requests for Production to the *Johnson* Plaintiffs on October 13, 2023. Defendants are currently assessing Plaintiffs' claims regarding the completeness of their production and anticipate meeting and conferring with Plaintiffs over any deficiencies that are identified. Defendants also reserve the right to challenge any designation of privilege made by Plaintiffs, either in their already produced privilege log or their forthcoming supplemental privilege log.

## b. Discovery from Defendants

### i. Plaintiffs' Statement

Plaintiffs served their First Sets of Requests for Production on Zuffa and Endeavor on November 13, 2023, and their Second Set of Requests for Production on Zuffa and Endeavor as well as their First Set of Requests for Production on TKO on December 13, 2024.

In total, Zuffa and TKO have produced 206,125 documents[1] unique to this case and 776,516 documents re-produced from the *Le* case for a total of 982,641 documents in this litigation. Between late January and late May 2025, following the Court's ruling that discovery produced in *Le v. Zuffa, LLC*, No. 15-cv-1045 (D. Nev.), would be treated as though it was produced in these cases (*Johnson*, ECF No. 166), Defendants re-produced (with new Bates numbers) 776,516 documents Zuffa had produced in the *Le* matter.

Endeavor has produced 7,258 documents in this case, consisting of 3,994 documents prior to its August 17, 2025 substantial completion deadline and 3,264 documents produced after

---

[1] Between November 2024 and the substantial completion deadline of July 17, 2025, Defendants Zuffa and TKO collectively produced 90,679 documents that were not part of the *Le* re-production. After that deadline and up to the August 26, 2025 Status Conference, Zuffa and TKO collectively produced another 83,138 documents. Since that status conference, Zuffa and TKO collectively have produced an additional 32,099 documents.

the August 26, 2025 status conference.

Plaintiffs also served all Defendants with Plaintiffs' First Set of Interrogatories on January 17, 2025. Defendants' responses are subject to a pending Motion to Compel. ECF Nos. 234, 255, 261; *see also* ECF Nos. 264, 267, 268 (additional briefing concerning Plaintiffs' Reply, ECF No. 261, and requested sur- and sur-sur replies).

Below, Defendants claim that they have "identified for Plaintiffs each set of documents responsive to each of Plaintiffs' individual RFPs via a Master Discovery Tracker," in compliance with the Court's August 26 Order. Defendants' "Tracker" does not identify the set of documents responsive to each of Plaintiffs' *individual* RFPs. Even a cursory review of the "Tracker" reflects that it groups the RFPs and provides a single list of documents purportedly responsive to multiple RFPs. One tab includes nearly 8,000 documents responsive to a group 23 separate requests; another lists over 4,300 documents responsive to ten separate requests (including five of the same requests as the tab with nearly 8,000 documents); yet another lists nearly 110,000 documents purportedly responsive to a group of five separate RFPs, with another tab listing nearly 15,000 documents responsive to five RFPs including four of those same five RFPs from the 110,000-document tab, and yet another tab lists over 21,000 documents responsive to 14 RFPs including those same four RFPs included in the tabs with 110,000 and 21,000 documents. And even these document counts are incomplete due to the various deficiencies Plaintiffs' have previously identified. *See, e.g.*, ECF No. 217, 253, 253-1. In short, the "Tracker" does not identify which of the production of responsive documents corresponds to which individual RFPs at all.

Plaintiffs served all Defendants with Plaintiffs' First Set of Requests for Admission on July 17, 2025. Defendants responded on September 12, 2025. Plaintiffs expect to meet and confer on these responses shortly.

Plaintiffs served all Defendants with an additional set of Requests for Production of Documents and an additional set of Interrogatories on September 19, 2025. Defendants responded on October 20, 2025. Plaintiffs expect to meet and confer on these responses shortly.

         **ii. Defendants' Statement**

As of this filing, Zuffa and TKO have produced a total of 982,641 documents and 4,663,779 pages, while Endeavor has produced a total of 7,258 documents and 83,950 pages. Defendants' productions are directly responsive to Plaintiffs' Requests for Production ("RFPs") served in *Johnson*. As ordered by the Court at the August 26, 2025 Status Conference, Defendants have also identified for Plaintiffs each set of documents responsive to each of Plaintiffs' individual RFPs via a Master Discovery Tracker. Defendants initially served Plaintiffs and the Court their Master Discovery Tracker on September 12, 2025, and intend to supplement it no later than October 23, 2025.

Defendants also served a Privilege Log on September 17, 2025, and a Superseding Privilege Log on October 14, 2025. In total, Defendants have asserted privilege over 6,788 documents, withholding 4,421 and redacting 2,367.

Alongside those Privilege Logs, Defendants released documents that were previously held for additional privilege review, or which contained partially privileged families, responsive families, accounting for 27,469 documents from Zuffa and TKO and 3,027 documents from Endeavor.

Defendants also served Plaintiffs and the Court with their List of Super Custodians on September 26, 2025. Finally, on October 13, 2025, Defendants served Plaintiffs with a disclosure regarding custodians' mobile devices, as well as a search term hit report reflecting the unique and total number of hits on the terms Defendants used to identify documents for review.

    **c. Third-Party Discovery**

         **i. Plaintiffs' Statement**

Plaintiffs have served subpoenas for production of documents on 48 third parties, including 21 athletic commissions, 19 fighter agents, and eight fight promoters. So far, in response to 15 of those subpoenas, the responding third parties produced a total of 748 documents. Plaintiffs have supplied nine of these productions (consisting of 310 documents) to

1  Defendants and are preparing the remainder for service shortly.[2]

2  Plaintiffs served 23 additional subpoenas on the Individual Subpoena Recipients. *See* ECF No. 217 at 2 & n.3. Counsel for Endeavor and Zuffa agreed to accept service for 17 of the 23 Individual Subpoena Recipients and served objections on their behalf. *See id.* at 7 n.14. The Individual Subpoena Recipients have not produced documents in response to the subpoenas and have stated in their objections that they "will not produce documents in response to" the subpoena requests without a Court order. *See, e.g.*, ECF No. 183-7; ECF No. 217 at 17 n.28; ECF No. 230 at 7 n.17. The Individual Subpoena Recipients' refusal to produce documents in response to the subpoenas is subject to a pending motion. *See* ECF No. 217.

Defendants claim below that "Defendants have already produced documents from the devices of those Individual Subpoena Recipients' which they collected, including text messages." But this statement misses the point. First, none of Defendants' productions has been made on behalf of the Individual Subpoena Recipients in their individual capacity, rather all documents produced from any of these individuals' custody has come from materials apparently under Defendants' possession, custody, or control. The subpoenas were directed to these individuals specifically because Defendants disclaimed possession, custody, and control over these individuals' devices. Second, because Defendants lack possession, custody, or control over these Individua Subpoena Recipients' devices, the scope of the production obligation from those devices would not be expected to be the same as between Defendants vs. the Individual Subpoena Recipients. Third, Defendants' counsel has not supplied device information nor apparently collected devices from several Individual Subpoena Recipients whom they purport to represent (including Joe Silva, Denitza Batchvarova, Seth Krauss, Grant Norris-Jones and Egon Durban). Fourth, Defendants' production of *some* documents from these individuals' devices is not the same thing as searching for and making a full production. Indeed, neither Defendants nor the Individual Subpoena Recipients have made full productions from these individuals' devices,

---

[2] One of these productions that Plaintiffs have yet to re-produce to Defendants exhibits significant technical issues that Plaintiffs are addressing with the producing non-party. Once resolved, Plaintiffs will supply the remedied production to Defendants.

6

nor have the supplied all requested information such as the carrier information for the individuals' cellphone plans. In short, the Individual Subpoena Recipients' productions remain deficient, and Defendants and their counsel have not been willing to engage further on these issues in the Court-Ordered process with Magistrate Judge Weksler.

Plaintiffs have filed one motion to compel production as to a third-party subpoena served upon Dominance MMA LLC, ECF No. 216, which the Court granted. ECF No. 245.

In addition, Plaintiffs are responding to the motion of third-party Ana Claudia Guedes to quash Plaintiffs' Subpoena in the Southern District of California. *See Johnson v. Zuffa, LLC*, 3:25-CV-02666 (S.D. Cal.).

### ii. Defendants' Statement

Defendants served document production subpoenas on eight third-party fight promoters in late 2023. In response to these subpoenas, one third party produced a total of twelve documents. Defendants supplied this production to Plaintiffs on January 18, 2024.

Plaintiffs are incorrect that the "Individual Subpoena Recipients' refusal to produce documents in response to the subpoenas is subject to a pending motion." (*See supra*, Section III.c.ii.) As discussed below, the Court has heard argument on and denied that motion, which is Plaintiffs' Motion for Sanctions. The Court rejected Plaintiffs' requested sanctions (including dispositive sanctions, an adverse inference instruction, and the imposition of a Special Master). The Court instead set out a protocol for resolution of further discrete discovery disputes. (*See generally infra*, Section IV.b.) The parties are following that protocol. Even if Plaintiffs' Motion for Sanctions as against Defendants were "pending" (it is not), Plaintiffs did not move to compel against any of the Individual Subpoena Recipients and Defendants have already produced documents from the devices of those Individual Subpoena Recipients' which they collected, including text messages.

### IV. Current Disputes

In addition to the pending motions identified in Section I above, the Parties do not agree on the current status of Plaintiffs' Special Master Motion. *Johnson*, ECF No. 217. That motion

has been fully briefed (*Johnson*, ECF Nos. 217, 224, 230) and was argued at the August 26, 2025 Status Conference. The Parties present their positions on this issue below.

### a. Plaintiffs' Statement

On July 29, 2025, Plaintiffs filed a motion against Defendants and the Individual Subpoena Recipients for, *inter alia*, (1) Defendants Zuffa's and TKO's failure to meet the Court-Ordered substantial completion deadline and otherwise participate in discovery; (2) Defendants' failure to fully comply with the Court's Order ( *Johnson*, ECF No. 202, requiring the disclosure mobile device information (*see*, e.g., ECF No 217, at 19-20); (3) Defendants' improper designation of parts of their productions as "Highly-Confidential-Attorneys' Eyes Only" in violation of the Protective Order, *Johnson*, ECF No. 248; and (4) Endeavor's violation of the Court's Order obligating Endeavor to participate in discovery, *Johnson*, ECF No. 176 (together, "Motion"). *Johnson*, ECF No. 217 at 1-2. The Court has not entered an Order on Plaintiffs' Motion.

The Motion seeks various relief, including compelling further productions from Defendants.[3] *See id.* at 22-25; *Johnson*, ECF No. 217-53 (proposed order). Plaintiffs understand that, although the Court indicated that it will not order certain specific sanctions sought in the motion,[4] the Court directed the Parties to engage in a process that would allow Plaintiffs (1) to further investigate the issues Plaintiffs raised, and (2) to obtain materials sought as relief in the motion. To resolve the issues Plaintiffs' motion identifies, the Court set out a process to allow Plaintiffs to obtain information, further investigate, and resolve the deficiencies they identified.[5]

---

[3] Defendants incorrectly claim that Plaintiffs did not seek to compel additional discovery citing Plaintiffs' statement that compelling alone not be sufficient. *See infra* Section IV.b. However, that statement does not disclaim Plaintiffs' need for the documents sought. Plaintiffs requested as a mechanism to compel the collection and production. *Johnson*, ECF No. 217. Plaintiffs' motion clearly sought to compel Defendants to comply with their discovery obligations.

[4] The Court further indicated that monetary sanctions may be imposed. *See* Aug. 26, 2025 Hrg. Tr. at 36:13, *Johnson*, ECF No. 240 ("So we're, sort of, left with monetary sanctions"); *id.* at 45:13-15 ("I think the work should have been done a lot sooner and I don't see any excuse for that, but that's just about potential monetary sanctions."). As to the requested adverse inference the Court indicated that such relief was not appropriate "without some further investigation" into the matters raised. *Id.* at 36:1-3, 9-11.

[5] The Court acknowledged the need "to be able to have a way to resolve" whether Defendants "have searched for all these [requested] documents? What have they done" because the Court

Defendants believe that the Court has found that they complied with all Court orders and thus need not supplement their disclosures[6] nor alter their collection and production processes.[7] Defendants are wrong.

In discussing Plaintiffs' Motion during the August 26 Status Conference, the Court noted "there have been some ***violations of my order***," and that "there's an issue . . . about delayed disclosure, which ***I think is a violation of the Court's order*** . . . and ***I don't see any excuse for that***." Hrg. Tr. at 36:3-4, 45:5-19, *Johnson*, ECF No. 240 (emphasis added). The Court did not find that Defendants did not violate the Court's Order—just the opposite.

Plaintiffs understand that the process in which the Parties are actively engaged with Magistrate Judge Weksler is at least part of the further investigation required to resolve Plaintiffs' Motion and complete the discovery process. Yet Defendants refuse to supplement their disclosures and processes in response to many of the issues Plaintiffs have raised to date. *See, e.g.*, *Johnson*, ECF No. 253 (Joint Status Report summarizing issues); ECF Nos. 253-1, 253-2 (Parties' exchange of meet and confer letters identifying issues). Clarity on the status of the Motion and Defendants' discovery obligations related to the deficiencies Plaintiffs have raised with Magistrate Judge Weksler (*e.g.*, *Johnson*, ECF Nos. 253, 253-1) is necessary to facilitating Defendants' meaningful participation in the Court-ordered process. Absent such clarity, Defendants may never meaningfully supply Plaintiffs and the Court with complete information and discovery necessary to fully and fairly adjudicate this case through and including trial.

---

does not "want this running, ongoing discovery dispute about what exists and doesn't exist." *Id.* at 52:9-15. The Court then ordered, as "the ***first step*** in figuring this out" that Defendants provide a "master list" of discovery. *Id.* at 54:20-55:9 (emphasis added). The Court further asked Defendants to identify three people who "[P]laintiffs can ask to do a search, and then if I have to, I can bring them in." *Id.* at 55:22-24. While Defendants have nominally complied with this process, Plaintiffs intend to raise deficiencies with this purported compliance through the Court-Ordered process.

[6] *See, e.g.*, Hrg. Tr. at 37:11-20, *Johnson*, ECF No. 260 ("[O]ur understanding coming out of the last status conference with Judge Boulware was that this issue was put to bed. We made the disclosure. That issue was litigated. They raised in their motion for sanctions this issue of the incomplete disclosure. It came up at the hearing . . . So from our perspective we had complied."); *see also id.* at 35:25-36:3.

[7] This position continues to cause problems. Defendants recently supplied volumes of text messages collected from employees' devices. But this new disclosure is similarly incomplete to Defendants' July 3 device disclosure.

### b. Defendants' Position

Plaintiffs' suggestion that their meritless Sanctions Motion, which the Court conclusively rejected, is somehow still live is specious.[8] At the August 26, 2025, status conference, the Court heard argument and discussed the Sanctions Motion at length. (*See generally* ECF No. 240 at 35:19–82:3.) As part of that discussion, the Court denied all of the relief that Plaintiffs requested in their Sanctions Motion and in a Minute Order issued on August 29, 2025, the Court provided guidance—in lieu of sanctions—on how remaining discovery disputes would proceed. (ECF No. 244.) The Sanctions Motion sought three discrete types of relief.[9] The Court considered and rejected all three:

- **Case-Dispositive Sanctions (ECF No. 217, at 18)**: Plaintiffs' primary request was for the Court to enter all Defendants into default. The Court held, in no uncertain terms, that it would deny this request. (*See* ECF No. 240 at 36:1–3 ("***I'm not ordering case-dispositive sanctions***. I don't think it's appropriate here." (emphasis added)).)

- **Adverse Inference Instruction (ECF No. 217, at 22)**: Plaintiffs alternatively argued that the Court should provide an adverse inference instruction to the jury. (*Id.*) The Court rejected this request as well. (*See* ECF No. 240 at 36:6–12 (this Court stating that it was not "inclined to give" an adverse inference instruction, as

---

[8] The Motion at ECF No. 217 is styled as a Motion for Sanctions *and* for the Appointment of a Special Master. Although Plaintiffs have re-titled it herein to remove the sanctions portion, it is unclear to Defendants whether Plaintiffs continue to assert that the entirety of the Motion remains live, or simply the request for a Special Master. Nevertheless, as discussed *infra*, the Court rejected Plaintiffs' version of a Special Master.

[9] Above, Plaintiffs wrongly suggest that their Sanctions Motion asked the Court to "compel[] further productions of information and documents." (*See supra*, Section IV.a.) Their motion did not seek such relief. Indeed, Plaintiffs *expressly disclaimed* that they were seeking an order to compel when they argued that "resolving Plaintiffs' motion by ***simply ordering production would be insufficient***." (*Id.*, at 22 (emphasis added).) Nowhere in the Motion's Introduction, Conclusion, or Proposed Order do Plaintiffs ask for such an order. (*See id.* at 25; *see also* ECF No. 217-53 (asking the Court to enter an order granting the Sanctions Motion, entering Defendants into default, obligating Defendants to re-designate confidentiality designations, and appointing a special master).)

it was a "fairly substantial sanction in the context of the case").)[10]

- **Special Master (ECF No. 217, at 22–25)**: Finally, Plaintiffs asked the Court to appoint a Special Master that would (in the Court's words) intrude upon Defendants' "business operation and effectively seize electronically-stored information." (ECF No. 240, at 45:16–18.) The Court rejected this request, stating that it did not "agree with the plaintiffs that just a special master who's just going to be looking over the defendants' shoulder, *I don't think that's effective or fair*." (*Id.* at 63:4–7 (emphasis added).)

Rather than grant any of Plaintiffs' requests, the Court created a process, formalized via Minute Order, as a "*way to resolve this*" dispute. (ECF No. 240, at 52:23–24 (emphasis added); *see also id.* at 78:13–80:15 (stating that the Court-ordered process would be the method for "resolv[ing] discovery disputes" moving forward).) As part of the resolution of the issues raised in the Sanctions Motion, the Court ordered Defendants to provide Plaintiffs with a "Master List" of previously produced discovery as well as the names of three individuals who would serve as "Super Custodians." (ECF No. 244.) The Court further ordered that any further alleged "deficiencies in discovery" would be raised with Magistrate Judge Weksler, who would make "recommendations to the Court consistent with this protocol." (*Id.*)

Notably, the Court's protocol is proceeding as planned. Defendants have submitted their Court-ordered disclosures, and the parties had their first appearance before Judge Weksler on September 29, 2025, where a series of discovery disputes were addressed.[11] (*See generally* ECF No. 260.) Based on "Judge Weksler's first set of recommendations," the Court then ordered that Judge Weksler was to "manage all outstanding discovery" in these matters. (ECF No. 273.)

---

[10] Plaintiffs also state that they are pursuing monetary sanctions—another form of relief they did not seek in their Sanctions Motion. Instead, they threatened to seek such sanctions not in *that* motion, but in their prior, equally frivolous and meritless sanctions motion "under 28 U.S.C. § 1927 for attorneys' fees." (ECF No. 217, at 22 n.31.)

[11] One such dispute was Defendants' purported non-compliance with the Court's June 3, 2025, device-disclosure order. As discussed at length before this Court and Judge Weksler, Defendants provided the ordered disclosure on July 3, in the form that it was ordered. And as this Court observed, there is nothing improper about continuing to produce text messages as a party continues to discover devices and especially "in a case of this size." (ECF No. 240 at 45:6–8; 76:5–6.)

Plaintiffs' suggestion that the Sanctions Motion remains unresolved is simply wrong. The Court rejected Plaintiffs' requested relief, and instead set out an ordered dispute resolution process. Defendants have fully complied with this resolution process and will continue to follow it to address any subsequent alleged discovery deficiencies.[12]

---

[12] Plaintiffs' desire to continuously raise the specter of sanctions—including by egregiously suggesting their previously denied Motion is somehow still live—is unproductive. While parties in heavily contested litigation inevitably reach an impasse or disagreement during the discovery process, the appropriate recourse is resolution by the Court, as the Court has envisioned here, and not the constant threat of sanctions. Despite Plaintiffs' discovery antics and misrepresentations of Defendants' conduct, *infra*, Defendants have engaged in the discovery process as outlined by the Court, remain willing to consider and resolve discrete issues that Plaintiffs raise, and remain committed to good faith engagement in the discovery process. (*See generally* ECF No. 253, at 6–10.) That Defendants are unwilling to restart discovery anew, in the face of unbounded requests for thousands of search terms and nearly double the number of additional document custodians, is far from an indication that they are not "meaningful[ly] participati[ng] in the Court-ordered process." (*See supra*, Section IV.a.)

1

2  Dated: October 23, 2025

3  Respectfully Submitted,

4  By: /s/ *Michael Dell'Angelo*          By: /s/ *Aaron T. Chiu*
   Eric L. Cramer (*Pro hac vice*)          CHRISTOPHER S. YATES (*Pro hac vice*)
5  Michael Dell'Angelo (*Pro hac vice*)     chris.yates@lw.com
   Patrick F. Madden (*Pro hac vice*)       AARON T. CHIU (*Pro hac vice*)
6  BERGER MONTAGUE PC                       aaron.chiu@lw.com
7  1818 Market St., Suite 3600              LATHAM & WATKINS LLP
   Philadelphia, PA 19103                   505 Montgomery Street, Suite 2000
8  Telephone: (215) 875-3000                San Francisco, CA 94111
   ecramer@bergermontague.com               Tel: (415) 395-8095
9  mdellangelo@bergermontague.com
10 pmadden@bergermontague.com               SEAN M. BERKOWITZ (*Pro hac vice*)
                                            sean.berkowitz@lw.com
11 Joshua P. Davis (*Pro Hac Vice*)         LATHAM & WATKINS LLP
   Kyla Gibboney (*Pro Hac Vice*)           330 North Wabash Ave, Suite 2800
12 Robert C. Maysey (*Pro Hac Vice*)        Chicago, IL 60611
   BERGER MONTAGUE PC
13 505 Montgomery Street, Suite 625         LAURA WASHINGTON (*Pro hac vice*)
   San Francisco, CA 94111                  laura.washington@lw.com
14 Phone: (415) 215-0962                    LATHAM & WATKINS LLP
   jdavis@bergermontague.com                10250 Constellation Blvd, Suite 1100
15 kgibboney@bergermontague.com             Los Angeles, CA 90067
   rmaysey@bergermontague.com

16

17 *Counsel for Plaintiffs and the Proposed Classes*

18 Benjamin D. Brown (*Pro Hac Vice*)
   Richard A. Koffman (*Pro Hac Vice*)      DAVID L. JOHNSON (*Pro hac vice*)
19 Daniel H. Silverman (*Pro Hac Vice*)     david.johnson@lw.com
   COHEN MILSTEIN SELLERS                   LATHAM & WATKINS LLP
20   & TOLL, PLLC                           555 Eleventh Street NW, Suite 1000
   1100 New York Ave., N.W., Suite 500      Washington, D.C. 20004
21 Washington, DC 20005
   Phone: (202) 408-4600                    WILLIAM A. ISAACSON (*Pro hac vice*)
22 bbrown@cohenmilstein.com                 wisaacson@DIRLLP.com
   rkoffman@cohenmilstein.com               JESSICA PHILLIPS (*Pro hac vice*)
23 dsilverman@cohenmilstein.com             jphillips@DIRLLP.com
                                            DUNN ISAACSON RHEE LLP
24                                          401 Ninth Street NW
25                                          Washington, DC 20004

26

27

28

| | |
|---|---|
| Joseph R. Saveri (*Pro hac vice*)<br>Christopher Young (*Pro hac vice*)<br>Kevin E. Rayhill (P*ro hac vice*)<br>JOSEPH SAVERI LAW FIRM, INC.<br>601 California St., Suite 1000<br>San Francisco, CA 94108<br>Telephone: +1 (415) 500-6800<br>Email: jsaveri@saverilawfirm.com<br>Email: krayhill@saverilawfirm.com<br>Email: cyoung@saverilawfirm.com<br>W. Joseph Bruckner (*Pro hac vice*)<br>Brian D. Clark (*Pro hac vice*)<br>LOCKRIDGE GRINDAL NAUEN PLLP<br>100 Washington Ave S, Suite 2200<br>Minneapolis, MN 55401<br>Phone: (612) 596-4001/Fax: (612) 339-0981<br>wjbruckner@locklaw.com<br>bdclark@locklaw.com | DONALD J. CAMPBELL (No. 1216)<br>djc@campbellandwilliams.com<br>J. COLBY WILLIAMS (No. 5549)<br>jcw@campbellandwilliams.com<br>CAMPBELL & WILLIAMS<br>700 South 7th Street<br>Las Vegas, Nevada 89101<br>Tel: (702) 382-5222<br><br>*Attorneys for Defendant Zuffa, LLC, TKO Operating Company, LLC, and Endeavor Group Holdings, Inc.* |

Kyle J. Pozan (*Pro hac vice*)
LOCKRIDGE GRINDAL NAUEN PLLP
1165 N. Clark Street, Ste. 700
Chicago, IL 60610
Phone: (612) 339-6900
Email: kjpozan@locklaw.com

*Additional Counsel for Plaintiffs and the Proposed Classes*

Michael J. Gayan
CLAGGETT & SYKES
4101 Meadows Lane, Suite 100
Las Vegas, NV 89107
Tel: (702) 333-7777
mike@claggettlaw.com

*Liaison Counsel for Plaintiffs and the Proposed Classes*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing Joint Status Report was served on October 23, 2025, via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

                                           */s/ Michael Dell'Angelo*
                                           Michael Dell'Angelo of
                                           BERGER MONTAGUE PC