**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Kajan Johnson, et al., | Case No. 2:21-cv-01189-RFB-BNW |
| Plaintiffs, | |
| v. | **ORDER** |
| Zuffa LLC, et al., | |
| Defendants. | |

There are a number of motions to seal on the docket. As explained in further detail below, there is a great deal of confusion regarding what the parties are seeking to do. As a result, the Court will deny these motions without prejudice, order the parties to meet and confer, and allow the parties to file the appropriate motions (detailing *the correct* exhibit(s) that the respective party wishes to have sealed/redacted).

Plaintiffs filed four motions, all of which were unopposed. These are at ECF Nos. 218, 231, 262, 269.[1] As the rationale for sealing/redacting, Plaintiffs relied on the stipulated protective order entered into by the parties. This Court entered an Order (at ECF No. 316) denying these motions without prejudice as that is not a proper basis to seal/redact records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1183; *see also Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003) (noting that reliance on a blanket protective order, without more, will not make a showing of good cause). After entering that Order, the Court realized that—rather than responding to the motions above, Defendants filed their own motion (at ECF No. 272) requesting the sealing/redacting of (mostly) the same information sought to be sealed/redacted at ECF Nos. 218, 231, 262, 269. As a result, this Court vacated the order at ECF No. 316.

---

[1] ECF No. 218 is a motion to seal related to Plaintiff's motion for sanctions at ECF No. 217. ECF No. 231 is a motion to seal Plaintiff's reply in support of its motion for sanctions at ECF No. 217. ECF No. 262 is a motion to seal Plaintiffs' reply (at ECF No. 261) to its motion to compel (at ECF No. 234). ECF NO. 269 is a motion to seal Plaintiffs' motion to file a sur-sur reply (at ECF No. 268).

Of note, there are differences between what Plaintiffs seek to seal/redact in their motions at ECF Nos. 218, 231, 262, 269 and what Defendants seek to be sealed/redacted at ECF No. 272. For example, at ECF No. 272 Defendants seek to seal Exhibits 30 and 37-45 to ECF No. 217 (which relates to Plaintiffs' motion to seal at ECF No. 218). But Plaintiff's corresponding motion (at ECF No. 218) seeks to seal only Exhibits 37-45 (and not Exhibit 30). Moreover, Exhibit 30 is not filed on the docket—at all.

Similarly, at ECF No. 272, Defendants seek to seal/redact Exhibits 53-54 to ECF No. 230. But Plaintiff's corresponding motion (at ECF No. 231) seeks to seal Exhibits 54-57 to ECF No. 230.

//
//
//
//
//

In short, it is very confusing to sift through this docket. In addition, any order that could be entered with regard to these pending motions would be equally confusing. As a result,

**IT IS ORDERED** that:

- ECF Nos. 218, 231, 262, 269, and 272 are DENIED without prejudice.
- The Clerk of Court maintain ECF Nos. 219, 232, 263, and 270 under seal until further order from the Court.
- The parties meet and confer regarding these motions.
- The appropriate party file a motion to seal/redact the documents it wishes to have sealed/redacted. The deadline to do so will be January 5, 2026. The Court will unseal all documents after that deadline in the absence of a motion to seal/redact.
- The parties file Exhibit 30 to ECF No. 217 and link it to the proper document. LR IC 2-2(d). If it will be filed under seal, the appropriate motion to seal must accompany that entry.

- Defendants timely file responses to motions to seal to avoid this type of confusion in the future.
- ECF No. 286 is DENIED.

DATED: December 4, 2025

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE