IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| KAJAN JOHNSON, CLARENCE DOLLAWAY, and TRISTAN CONNELLY, on behalf of themselves and all others similarly situated,<br><br>PLAINTIFFS,<br><br>v.<br><br>ZUFFA, LLC, TKO OPERATING COMPANY, LLC f/k/a ZUFFA PARENT LLC (d/b/a ULTIMATE FIGHTING CHAMPIONSHIP and UFC), and ENDEAVOR GROUP HOLDINGS, INC.,<br><br>DEFENDANTS. | No.: 2:21-cv-01189-RFB<br><br><br><br>**PLAINTIFFS' MOTION TO COMPEL PRODUCTION FROM THIRD PARTIES PURSUANT TO THE COURT'S JANUARY 6, 2026 DIRECTIVE** |
| MIKHAIL CIRKUNOVS, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ZUFFA LLC, TKO OPERATING COMPANY, LLC f/k/a ZUFFA PARENT LLC (D/B/A ULTIMATE FIGHTING CHAMPIONSHIP and UFC) and ENDEAVOR GROUP HOLDINGS, INC.,<br><br>Defendants. | No.: 2:25-cv-914-RFB |
| PHIL DAVIS, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ZUFFA LLC, TKO GROUP HOLDINGS, INC. (d/b/a ULTIMATE FIGHTING CHAMPIONSHIP and UFC), and ENDEAVOR GROUP HOLDINGS, INC.,<br><br>Defendants. | No.: 2:25-cv-00946-RFB |

Pursuant to the Court's instruction at the January 6, 2026 Status Conference, Hr'g Tr. at 33:20–25, 35:3–15, Plaintiffs hereby move for an Order compelling production of documents requested through third-party subpoenas served on the following individuals: Dana White, Tracy Long, Denitza Batchvarova, Craig Borsari, Hunter Campbell, Peter Dropick, Lawrence "Ike" Epstein, Mick Maynard, Marc Ratner, Andrew Schleimer, and Sean Shelby.

I.  **RELEVANT FACTUAL BACKGROUND**

A.  **Individual Subpoena Recipients Refuse to Participate in Discovery**

In a January 23, 2025 letter, Defendants represented that they lacked possession, custody, or control over certain employees' mobile devices because the devices were purportedly "personal." *See* ECF No. 217-6; *see also* ECF No. 217 at 2 & n.3; *id.* at 7. Plaintiffs contest that Defendants lack possession, custody, and control over employees' personal devices used for business purposes. *See, e.g.*, ECF No. 217-29; ECF No. 329 at 3 n.5. Nevertheless, rather than debate the issue, Plaintiffs propounded subpoenas to 23 of Defendants' employees, officers, and directors ("Individual Subpoena Recipients") for information about the allegedly personal devices and the production of business-related communications and documents that exist on those devices that Defendants refused to collect and produce. *See* ECF No. 217-7; *see also* ECF No. 217 at 2 & n.3; *id.* at 7; *see also* Jan. 6, 2026 Hr'g Tr. at 34:12–35:2.

Plaintiffs requested that Defendants' counsel accept service of subpoenas to the Individual Subpoena Recipients multiple times, beginning February 17, 2025, ECF No. 217-7, but Defendants' counsel did not agree to accept service for any of the Individual Subpoena Recipients until March 19, 2025. *See* ECF Nos. 217-7, 217-49; *see also* ECF No. 217 at 7 & n.14. Defendants' counsel represents 20 of the 23 Individual Subpoena Recipients: (1) Dana White, (2) Ari Emanuel, (3) Craig Borsari, (4) Patrick Whitesell, (5) Jason Lublin, (6) Mark Shapiro, (7) Andrew Schleimer, (8) Seth Krauss, (9) Sean Shelby, (10) Mick Maynard, (11) Ike Lawrence Epstein, (12) Marc Ratner, (13) Tracy Long, (14) Hunter Campbell, (15) Peter Dropick, (16) Grant Norris-Jones, (17) Denitza

Batchvarova, (18) Egon Durban, (19) Joe Silva, and (20) Michael Mossholder.[1] *See* Exs. 1–20. Defendants' counsel refused to accept service of subpoenas on behalf of the three other Individual Subpoena Recipients, former employees *whom they proposed as custodians with potentially responsive documents in this case*: (1) Nakisa Bidarian, (2) Chad Hurley, and (3) Marshall Zelaznik. *See* Exs. 21–23; *see also* ECF 346.

Defendants' counsel, in their capacity as counsel for the Individual Subpoena recipients, served responses on behalf of the Individual Subpoena Recipients in which they refused to "produce any documents . . . unless a court orders otherwise." *See, e.g.*, ECF No. 183-7 at 4. Defendants' counsel prepared these non-responses even after the Court's admonition at the February 19, 2025 Status Conference that "you don't get to not participate in discovery without an order staying discovery." Hr'g Tr. at 18:6–7; *id.* at 18:19–22 ("I'm a little concerned to hear that discovery's not proceeding where the party's decided we're just not going to participate until the Court rules . . . .").

Plaintiffs have repeatedly raised the Individual Subpoena Recipients' non-compliance. First, Plaintiffs moved for sanctions against the Individual Subpoena Recipients over their refusal to produce documents in response to the subpoenas. ECF No. 217. Plaintiffs' Motion for Sanctions, including the Individual Subpoena Recipients' non-compliance, remains "under review." ECF No. 282. Plaintiffs further raised the Individual Subpoena Recipients' non-compliance in the November 10, 2025 Joint Status Report, ECF No. 291 at 2; October 23, 2025 Joint Status Report, ECF No. 274 at 6–7; and September 23, 2025 Joint Status Report, ECF No. 253 at 3–4. The Individual Subpoena recipients have nevertheless refused to respond to the subpoenas.

---

[1] Defendants' counsel accepted service on behalf of 19 of these 20 individuals, but refused to accept service of Plaintiffs' subpoena to Michael Mossholder. Plaintiffs' counsel then personally served Mossholder on April 2, 2025, and Defendants' counsel served objections on behalf of Mossholder on April 16, 2025.

**B. The Court Orders Production of Relevant Material Ahead of the Spoliation Hearing**

At the January 6, 2026 Status Conference, the Court confirmed its prior finding[2] that Plaintiffs had made a preliminary showing of spoliation and that a spoliation hearing is necessary. The Court found that there were "sufficient indicia here of spoliation as it relates to relevant evidence," and that the "missing evidence occurred in a timeframe in which there was a litigation hold and there was an obligation by the defendants to preserve." Jan. 6, 2026 Hr'g Tr. at 5:2–10; *see also id.* at 14:9–12. The Court further reiterated the need for a hearing into Defendants' apparent spoliation. *See* Jan. 6, 2026 Hr'g Tr. at 5:16–17 ("[B]ased upon . . . all the evidence in this record, there's clearly a basis for there to be a spoliation hearing in this case."); *see also id.* at 21:9–22:6. That hearing is set to commence on February 4 and 5, 2026. ECF No. 342.

Ahead of the spoliation hearing, the Court Ordered relief as to the production of discovery from third parties. To that end, the Court granted Plaintiffs leave to "file an omnibus motion to compel" as to the third parties, including the Individual Subpoena Recipients. Jan. 6, 2026 Hr'g Tr. at 33:24–25. The Court requested confirmation that "the individuals refused to comply." *Id.* at 33:20–25. The Court further stated that it "will order production of [the] material" sought by the subpoenas to the Individual Subpoena Recipients "prior to the spoliation hearing." *Id.* at 35:14–15.

**II.   ARGUMENT**

Rule 45 provides that a party may command a non-party to produce designated documents in that person's possession, custody, or control. Fed. R. Civ. P. 45(a)(1)(A)(iii). "It is well established that the scope of discovery under a subpoena issued pursuant to Rule 45 is the same as the scope of discovery allowed under Rule 26(b)(1)." *In re Medport LA, LLC*, 2020 WL 3621343, at *3 (D. Nev. July 1, 2020) (citing *Proficio Mortg. Ventures, LLC. v. Fed. Sav. Bank*, 2016 WL 1465333, at *3 (D. Nev. Apr. 14, 2016)). "Rule 26 allows a party to obtain discovery concerning any nonprivileged matter that is relevant to any party's claim or defense." *Id.*

---

[2] *See, e.g.*, Nov. 20, 2025 Hr'g Tr. at 62:1–20, 61:25–62:3.

The Court should enter an Order compelling that the following Individual Subpoena Recipients comply with Plaintiffs' subpoenas and produce documents responsive to their Requests: Dana White, Tracy Long, Denitza Batchvarova, Craig Borsari, Hunter Campbell, Peter Dropick, Lawrence "Ike" Epstein, Mick Maynard, Marc Ratner, Andrew Schleimer, and Sean Shelby. (collectively, the "Local Subpoena Recipients").[3] Plaintiffs' subpoenas seek production of business communications and documents that exist on the Local Subpoena Recipients' purportedly "personal" mobile devices. This evidence, including from "personal" devices belonging to Dana White and Tracy Long, is directly relevant to the upcoming spoliation hearings.[4] Moreover, the Court has found

---

[3] Plaintiffs have also served subpoenas for evidence potentially relevant to the spoliation hearing on additional third parties where the place of subpoena compliance is outside the District of Nevada. Plaintiffs must initially move to enforce a subpoena in the "court for the district where compliance is required." Fed. R. Civ. P. 45(d)(2)(B)(i); *Gold Flora, LLC v. Constellation NewEnergy, Inc.*, 2023 WL 4680772, at *1 (C.D. Cal. June 12, 2023). Plaintiffs may then seek to transfer jurisdiction from the court where compliance is required to this Court, the subpoena-issuing court, "if the person subject to the subpoena consents" or if the court of compliance "finds exceptional circumstances." Fed. R. Civ. P. 45(f). First, Plaintiffs have served subpoenas on the wireless carriers (AT&T, Verizon, T-Mobile, *see* Ex. 24) and noticed their intent to serve social media apps (Instagram, Facebook, Discord Inc., TikTok Inc., Life360, Inc., Viber, WeChat, Microsoft, X (formerly Twitter), Signal, Telegram Messenger Inc., and Snapchat, *see* Ex. 25). Plaintiffs intend to file motions with the courts of compliance as to these entities seeking a transfer of those subpoenas to this Court pursuant to Federal Rule of Civil Procedure 45(f) given the exceptional circumstances, *i.e.*, the subpoenas seek evidence the Court has found potentially relevant to a fast-approaching spoliation hearing. *E.g.*, *Moon Mountain Farms, LLC v. Rural Cmty. Ins. Co.*, 301 F.R.D. 426, 429 (N.D. Cal. 2024) ("When the issuing court has already ruled on issues presented by a subpoena-related motion, exceptional circumstances exist and the court of compliance may transfer the motion to the issuing court."). Second, Defendants' counsel accepted service of subpoenas to the following current and former employees of Defendants for which the court of compliance may be elsewhere: Egon Durban, Ari Emanuel, Seth Krauss, Jason Lublin, Michael Mossholder, Grant Norris-Jones, Mark Shapiro, Joe Silva, and Patrick Whitesell. Plaintiffs have sought consent from Defendants' counsel to transfers these subpoenas to this Court. *See* Fed. R. Civ. P. 45(f); Ex. 26.

[4] For example, there is public evidence that White has used apps that were not included in Defendants' December 15, 2025 disclosure of apps imaged from his non-personal devices, such as X and SnapChat. ECF No. 329 at 18. Likewise, Plaintiffs have identified a personal email address that White used to send responsive communications. ECF No. 329 at 22–23. Defendants also failed to collect text messages (or instant messages or chat messages) from any mobile device belonging to Individual Subpoena Recipient Denitza Batchvarova, Senior Vice President of Strategy, ECF 346; ECF 217-46 at 4, even though there is clear evidence that she used a mobile device for business purposes. *See* ECF 333-5; ECF 329-4 at 17; ECF 329 at 15.

that production of such documents is warranted. Jan. 6, 2026 Hr'g Tr. at 35:3–15 ("[I]f you want to file an omnibus motion to Compel . . . you have leave of the Court to do that . . . [b]ecause I will order production of that material prior to the spoliation hearing."); *id.* at 33:20–25.

Specifically, the Court should Order White[5] and Long to comply with the subpoenas and produce responsive material within seven days, and the other Local Subpoena Recipients to produce these materials within fourteen days. Ordering productions on this timeline would allow the parties to use this material more effectively and efficiently at the spoliation hearing. Moreover, Defendants' counsel have sufficient time to comply with the Subpoenas, having accepted service on behalf of most of the Local Subpoena Recipients over eight months ago, but the Local Subpoena Recipients have refused to comply or otherwise engage with Plaintiffs. *See* Section I.A.[6]

## III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an Order compelling the Local Subpoena Recipients (Dana White, Tracy Long, Denitza Batchvarova, Craig

---

[5] Zuffa disclosed in *Le* that White used an otherwise personal iPhone for business communications. ECF No. 329-16; ECF No. 327-48. Such device was used at least "throughout 2015," *i.e.*, during the *Johnson* relevant discovery period, but it is unclear when, if ever, White ceased using the number (and associated device(s)) for business purposes. ECF Nos. 329-16, 327-48. Moreover, White admitted under oath at his deposition that he had used this number and associated device(s) to conduct Zuffa-related business. ECF No. 329-17 at 33:25–34:6; *see also* ECF No. 333 at 14–15 & n.36. Zuffa still has not identified any devices with this phone number for collection in this litigation. *See* ECF 346.

[6] As explained above, Plaintiffs dispute that Defendants lack possession, custody, or control over purportedly "personal" devices their employees used to conduct business. *See Small v. Univ. Med. Ctr. of S. Nev.*, 2014 WL 4079507, at *10–11, *28 (D. Nev. Aug. 18, 2014) (finding the defendant breached its duty to preserve by failing to collect personal mobile devices used by employees to conduct business, despite the fact that the employees "initially stated in their custodial interview that they did not use their personal mobile devices for work"), *report and recommendation adopted in part, and overruled on other grounds,* 2018 WL 3795238 (D. Nev. Aug. 9, 2018); *Microvention, Inc. v. Balt USA, LLC,* 2023 WL 7476998, at *27–28 (C.D. Cal. Oct. 5, 2023), *report and recommendation adopted*, 2023 WL 7634109 (C.D. Cal. Nov. 13, 2023) (finding that employer had sufficient control over employee's personal devices and imputing related spoliation of evidence to employer). Should the Court find that Defendants have possession, custody, or control over the devices that these subpoenas target, the Court could Order Defendants to collect and produce the material they seek—which would likely expedite production ahead of the spoliation hearing.

1  Borsari, Hunter Campbell, Peter Dropick, Lawrence "Ike" Epstein, Mick Maynard, Marc Ratner,
2  Andrew Schleimer, and Sean Shelby) to respond to the Subpoenas and produce the documents they
3  request.

| | | |
|---|---|---|
| 1 | Dated: January 9, 2026 | Respectfully Submitted, |
| 2 | | By: */s/ Michael Dell'Angelo* |
| | | Eric L. Cramer (*Pro hac vice*) |
| 3 | | Michael Dell'Angelo (*Pro hac vice*) |
| 4 | | Patrick F. Madden (*Pro hac vice*) |
| | | BERGER MONTAGUE PC |
| 5 | | 1818 Market St., Suite 3600 |
| | | Philadelphia, PA 19103 |
| 6 | | Telephone: +1 (215) 875-3000 |
| | | Email: ecramer@bergermontague.com |
| 7 | | Email: mdellangelo@bergermontague.com |
| 8 | | Email: pmadden@bergermontague.com |
| 9 | | Joshua P. Davis (*Pro hac vice*) |
| | | BERGER MONTAGUE PC |
| 10 | | 505 Montgomery Street, Suite 625 |
| | | San Francisco, CA 94111 |
| 11 | | Telephone: +1 (415) 906-0684 |
| 12 | | Email: jdavis@bergermontague.com |
| 13 | | *Counsel for Plaintiffs and the Proposed Classes* |
| 14 | | Richard A. Koffman (*Pro hac vice*) |
| | | Benjamin D. Brown (*Pro hac vice*) |
| 15 | | Daniel H. Silverman (*Pro hac vice*) |
| 16 | | COHEN MILSTEIN SELLERS |
| | | & TOLL PLLC |
| 17 | | 1100 New York Ave., N.W. |
| | | Suite 500 East, Tower |
| 18 | | Washington, DC 20005 |
| 19 | | Telephone: +1 (202) 408-4600 |
| | | Facsimile: +1 (202) 408-4699 |
| 20 | | Email: rkoffman@cohenmilstein.com |
| | | Email: bbrown@cohenmilstein.com |
| 21 | | Email: dsilverman@cohenmilstein.com |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

Joseph R. Saveri (*Pro hac vice*)
Christopher Young (*Pro hac vice*)
Kevin E. Rayhill (P*ro hac vice*)
JOSEPH SAVERI LAW FIRM, INC.
601 California St., Suite 1000
San Francisco, CA 94108
Telephone: +1 (415) 500-6800
Facsimile: +1 (415) 395-9940
Email: jsaveri@saverilawfirm.com
Email: krayhill@saverilawfirm.com
Email: cyoung@saverilawfirm.com

W. Joseph Bruckner (*Pro hac vice*)
Brian D. Clark (*Pro hac vice*)
LOCKRIDGE GRINDAL NAUEN PLLP
100 Washington Ave S, Suite 2200
Minneapolis, MN 55401
Phone: (612) 596-4001/Fax: (612) 339-0981
wjbruckner@locklaw.com
bdclark@locklaw.com

Kyle J. Pozan (*Pro hac vice*)
LOCKRIDGE GRINDAL NAUEN PLLP
1165 N. Clark Street, Ste. 700
Chicago, IL 60610
Phone: (612) 339-6900
Email: kjpozan@locklaw.com

*Additional Counsel for Plaintiffs and the Proposed Classes*

Michael J. Gayan
CLAGGETT & SYKES
4101 Meadows Lane, Suite 100
Las Vegas, NV 89107
(702) 323-7777
mike@claggettlaw.com

*Liaison Counsel for Plaintiffs and the Proposed Classes*