# EXHIBIT 2

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
District of Nevada

| | |
|---|---|
| Johnson et al | ) |
| _Plaintiff_ | ) |
| v. | )  Civil Action No.    2:21-cv-01189-RFB-BNW |
| Zuffa, LLC dba Ultimate Fighting Championship et al | ) |
| | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                         Ariel Emanuel

_____
_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A.

| Place: Your offices or another mutually agreeable location, including electronically. | Date and Time: <br><br> 04/17/2025 5:00 pm |
|---|---|

❑ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      03/18/2025

| _CLERK OF COURT_ | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Joseph R. Saveri |
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_      Plaintiffs
_____, who issues or requests this subpoena, are:

Joseph R. Saveri, 601 California Street, #1505, San Francisco, CA 94108, (415) 500-6800, jsaveri@saverilawfirm.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.    2:21-cv-01189-RFB-BNW

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

### I.   DEFINITIONS

1.  The following rules of construction should apply to all discovery requests:

    a)  "**All**" should be construed to include the collective as well as the singular and shall mean "each," "any," and "every."

    b)  "**And**" and "**or**" should be construed so as to require the broadest possible response. If, for example, a request calls for information about "A or B" or "A and B," You should produce all information about A and all information about B, as well as all information about A and B collectively. In other words, "or" and "and" should be read as "and/or."

    c)  "**Any**" shall be construed to mean "any and all."

    d)  "**Including**" shall be construed to mean "without limitation." "Including" is used to emphasize certain types of documents requested and should not be construed as limiting the request in any way.

    e)  "**Relating to**," "**referring to**," "**regarding**," or "**with respect to**" mean, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

    f)  The use of the singular form of any word includes the plural and vice versa.

    g)  Unless otherwise indicated, the use of the present tense of any verb shall be construed to include the past tense going back to the beginning of the Relevant Time Period, and the use of the past tense shall be construed to run from the beginning of the Relevant Time Period until the scheme alleged by Plaintiffs ends.

2. "**Action**" means *Kajan Johnson, et al. v. Zuffa, LLC, et al.*, No. 2:21-cv-01189 (D. Nev.).

3. "**Agreement**" means any oral or written contract, arrangement or understanding, whether formal or informal, between two or more persons, together with all modifications and amendments thereto.

4. "**Communication**" means without limitation, oral or written communications of any kind, such as electronic communications, direct communications through social media (including without limitation direct messaging, instant messaging, chatting or emailing within a social media platform), facsimiles, telephone communications, correspondence, exchange of written or recorded information, or face-to-face meetings. The phrase "communication between" is defined to include instances where one party addresses the other party but the other party does not necessarily respond. The phrase "communication" includes all attachments to e-mail messages.

5. "**Date**" means the exact day, month and year, if ascertainable, or the best available approximation, including any relationship to other known events (designate whether exact or approximate).

6. "**Defendants**" means Zuffa and Endeavor as those terms are defined herein.

7. "**Document(s)**" shall mean and include all "writings," "recordings" or "photographs" as those terms are defined in Federal Rule of Civil Procedure 34 and Rule 1001 of the Federal Rules of Evidence. Without limiting the generality of the foregoing, the term "Documents" includes both hard copy documents and electronically stored data files including but not limited to e-mail, instant messaging, social media content (including without limitation public content such as Tweets, YouTube submissions, Facebook posts, and posts to any public electronic billboard, as well as private content such as direct messaging, instant messaging, chats, and email), shared network files and databases. "Documents" also includes, without limitation and regardless of

whether stored in hard copy or electronically, any letters, correspondence, memoranda, analyses, legal pleadings, calendars, diaries, travel records, summaries, records of telephone conversations, telegrams, notes, reports, compilations, notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, audiotapes, film and sound reproductions, e-mails, internal or external web sites, audio or video discs data on magnetic or optical storage media (e.g., servers, storage area networks, interconnected remote servers (so-called "cloud computing"), hard drives, backup tapes, CDs, DVDs, Blu-ray, DVD-HD, USB/thumb/flash drives, floppy disks or any other type of portable storage device, etc.) stored as an "active" or backup file, in its native format, computer files, discs and drives, sales, advertising and promotional literature, agreements, stored recordings, minutes or other records of meetings, all written or graphic records or representations of any kind, and all mechanical or electronic data, records or representations of any kind.

8.    "**Electronically Stored Information**," abbreviated as "**ESI**" has the same meaning and scope as it has in the Federal Rules of Civil Procedure and includes, without limitation, the following:

a)    structured and unstructured data, as those terms are defined in The Sedona Conference Glossary, available at www.thesedonaconference.org/publications;

b)    activity listings of electronic mail receipts and/or transmittals;

c)    output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, text messages (SMS, MMS or TMS), iMessages, Blackberry Messenger (BBM), AOL Instant Messenger™ (or similar program), social media (including without limitation X (Twitter), LinkedIn, YouTube, Facebook, Instagram,

and any other internet based messaging system) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

d) any and all items stored on computer memories, hard disks, floppy disks, CD discs, DVD discs, flash drives, thumb drives, memory cards, magnetic tape, microfiche, off-site interconnected servers (so-called "cloud computing"), or in any other vehicle for digital data storage and/or transmittal, such as, but not limited to, a personal digital assistant (*e.g.*, Blackberry, Smart Phone or similar device) and file folder tabs, and/or containers and labels appended to, or relating to, any physical storage device associated with each original and/or copy of all documents requested herein;

e) any and all items stored on voice-mail systems, websites, company intranet sites, chat rooms and social networking websites (*e.g.*, Facebook, LinkedIn, X (Twitter), and social websites listed at http://en.wikipedia.org/wiki/List of social networking websites); and

f) any and all data, data compilations, and data analyses.

9. "**Employee**" means, without limitation, any current or former officer, director, executive, manager, member, secretary, staff member, consultant, messenger, agent or other person who is or was employed by a Person or entity.

10. "**Endeavor**" means Endeavor Group Holdings, Inc., and its executives, employees, agents, owners, and all predecessors, successors, subsidiaries, departments, divisions, and/or affiliates, including without limitation any organization or entity involved in the promotion, regulation, or support of MMA Events in which Endeavor owns a controlling share or which

Endeavor manages or controls (including without limitation Endeavor Operating Company, LLC, TKO Operating Company, LLC (f/k/a Zuffa Parent, LLC), World Wrestling Entertainment, Inc., TKO Group Holdings, Inc. (f/k/a New Whale Inc.), Whale Merger Sub Inc., Zuffa, LLC, and any parent of or successor to Zuffa, LLC), together with all present and former directors, members, officers, employees, agents, representatives or any persons acting or purporting to act on Endeavor's behalf.

11. "**Identify**," when used in reference to an individual employee, means to produce documents sufficient to identify: the person's full name, last known business and home address; date of birth; social security number; title or position and period of service in each such position; immediate supervisor in each position; business and home telephone numbers (including voice, cellular and facsimile phone numbers) assigned to or used by such person and the period during which such numbers were assigned to be used by that person; and business and home electronic mail identifiers and the period during which such identifiers were assigned to and used by that person.

12. "**Identity**" of a Professional MMA Fighter means that person's name, sobriquet, voice, persona, signature, likeness and/or biographical information.

13. "**Meeting**" means, without limitation, any assembly, convocation, encounter, or contemporaneous presence of two or more persons for any purpose, whether planned or arranged, scheduled or not. Meeting attendees may be present in person or by electronic means including, but not limited to, teleconference and videoconference.

14. "**Merchandise**" means any apparel, footwear, hats, publications, posters, photographs, memorabilia, souvenirs, toys, collectibles, action figures, trading cards, video games, and any and all other similar type products, including the sleeves, jackets, and packaging for such

products.

15. "**Merchandise Rights**" means the right to use, edit, disseminate, display, reproduce, print, publish and make any other uses of the name, sobriquet, voice, persona, signature, likeness and/or biographical information (collectively, "Identity") of an MMA Fighter solely in connection with the development, manufacture, distribution, marketing and sale of Licensed Merchandise.

16. "**Mixed Martial Arts**" or "**MMA**" means a competitive individual sport in which competitors use interdisciplinary forms of martial arts that include, *e.g.*, jiu-jitsu, judo, karate, boxing, kickboxing, taekwondo, and/or wrestling to their strategic and tactical advantage in a supervised match. Scoring in live Professional MMA Bouts is based on athletic commission-approved definitions and rules for striking (blows with the hand, feet, knees or elbows) and grappling (submission holds, chokeholds, throws or takedowns).

17. "**MMA Fighter**" means any Person who participates as a combatant in an MMA bout.

18. "**MMA Industry**" means the business of promoting live MMA bouts and may also include the promotion of Pay-Per-View MMA events to generate Pay-Per-View revenues and ticket sales as well as ancillary activities such as: the sale of live and taped television programming, video-on-demand, merchandise (videos, DVDs, video games, apparel, hats, sporting equipment, etc.), event and fighter sponsorships, and the collection of MMA-related copyright and trademark royalties.

19. "**MMA Promoter**" or "**MMA Promotion**" means a person or entity that arranges **Professional MMA Events**.

20. "**Pay-Per-View**" or "**PPV**" means a "**Pay-Per-View**" or "**PPV**" means a type of pay television or broadcast service by which a subscriber of an Internet or television service provider

6

can purchase events to view live via private telecast or Internet broadcast. The events are typically purchased live, but can also be purchased for several weeks after an event first airs. Events can be purchased using an on-screen guide, an automated telephone system, on the Internet or through a live customer service representative.

21. "**Person**" means, without limitation, any natural person, corporation, partnership, limited liability company, proprietorship, joint venture, trust, association, government entity, group or other form of legal entity.

22. "**Plaintiff(s)**" means Kajan Johnson, C.B. Dollaway and Tristen Connelly, and any named plaintiffs in any subsequently filed actions which are related to or consolidated with the Action in the court with jurisdiction over the cases.

23. "**Possession, Custody or Control**" when referring to Documents or other tangible objects means any Document or other tangible object You have access to regardless of whether You have actual possession of the document or other tangible object. This includes Documents You have the legal right to obtain or for which You have control over the person who has control of the Document, including without limitation Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or Your attorneys or their agents, employees, representatives or investigators.

24. "**Post-Bout Event**" means any interviews and press conferences that follow and relate to a Professional MMA Bout.

25. "**Pre-Bout Event**" means training, interviews, press conferences, weigh-ins and behind-the-scenes footage that precede, and relate to, a Professional MMA Bout.

26. "**Professional MMA Bout**" means a bout between two Professional MMA Fighters.

27. "**Professional MMA Event**" means one or more Professional MMA Bouts presented by

an MMA Promoter before a live audience and/or for broadcast.

28. "**Professional MMA Fighter**" means an MMA Fighter who is compensated as a combatant in an MMA bout.

29. "**Promotional Rights and Ancillary Rights Agreement**" means an Agreement between Endeavor and a UFC Fighter regarding any combination of rights to site fees, live-gate receipts, advertising fees, sponsorship fees, motion pictures, all forms of radio, all forms of television (including live or delayed, interactive, home or theater, pay, PPV, satellite, closed circuit, cable, subscription, multi-point, master antenna, or other), telephone, wireless, computer, CD-ROM, DVD, any and all Internet applications, films and tapes for exhibition in any and all media and all gauges, including but not limited to, video and audio cassettes and disks, home video and computer games, arcade video games, hand-held versions of video games, video slot machines, photographs (including raw footage, out-takes and negatives), merchandising and program rights, in connection with or based upon the UFC brand, UFC Professional MMA Bouts, UFC Professional MMA Events, UFC Pre-Bout Events, or UFC Post-Bout Events.

30. "**Relating to**," "**referring to**," "**regarding**," or "**with respect to**" mean, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

31. "**Social Media**" means any web-hosted applications that facilitate public posting of words, images or video and audio recordings, and private interactions such as private messaging or email, among users. Examples of Social Media include, without limitation, X (Twitter), Facebook, YouTube, Instagram, Pinterest, My Space, and Truth Social.

32. "**Sponsor**" means any corporate entity which pays or seeks to pay a monetary consideration to a Professional MMA Fighter or an MMA Promoter in exchange for the right to display its products, logo or other promotional materials in connection with such fighter or promoter; or the act of paying a monetary consideration to a Professional MMA Fighter or an MMA Promoter in exchange for the right to display a Person's products, logo or other promotional materials in connection with such fighter or promoter.

33. "**TKO**" means TKO Operating Company, LLC and all predecessors, successors, subsidiaries, departments, divisions, and/or affiliates, including without limitation any organization or entity which the responding Defendant manages or controls, together with all present and former directors, members, officers, employees, agents, representatives or any persons acting or purporting to act on behalf of the responding Defendant.

34. "**UFC**" means Zuffa, LLC, Ultimate Fighting Championship, TKO Operating Company, LLC, and all predecessors, successors, subsidiaries, departments, divisions, and/or affiliates, including without limitation any organization or entity which the responding Defendant manages or controls, together with all present and former directors, members, officers, employees, agents, representatives or any persons acting or purporting to act on behalf of the responding Defendant, including: Zuffa Australia, LLC; Zuffa Aviation, LLC; Zuffa Brazil, LLC; Zuffa Canada, LLC; Zuffa Expo, LLC; Zuffa Fit 360, LLC; Zuffa Fitness Elite, LLC; Zuffa Fitness, LLC; Zuffa Holding Company, LLC; Zuffa Interactive Investor, LLC; Zuffa International, LLC; Zuffa Ireland, LLC; Zuffa Landco, LLC; Zuffa Mali, LLC; Zuffa Marketing, LLC; Zuffa Mexico, LLC; Zuffa Music, LLC; Zuffa On Demand, LLC; Zuffa Pipco 1, LLC; Zuffa Records, LLC; Zuffa Taps, LLC; and Zuffa Zen, LLC, and also including all entities that UFC merged with or acquired, such as, e.g., Explosion Entertainment, LLC (d/b/a Strikeforce), World Extreme

Cagefighting, World Fighting Alliance, and Pride Fighting Championships.

35. "**UFC Fighter**" means a person who is paid by the UFC for participating in one or more Professional MMA Bouts promoted by the UFC or whose Identity was acquired for use by the UFC.

36. "**You**" or "**Your**" means Ariel Emanuel, any organization or entity which **You** manage, control, have an ownership interest in, or are employed by; and any employees, agents, representatives or persons acting or purporting to act on Your behalf.

37. "**Zuffa**," "**UFC**," or "**Defendant**" all mean Ultimate Fighting Championship, UFC, TKO Operating Company, LLC ("**TKO OpCo**") (f/k/a Zuffa Parent LLC), a Delaware limited liability company and the direct subsidiary of TKO Group Holdings, Inc., a Delaware corporation ("**TKO Group Holdings**"), Endeavor Group Holdings, Inc., a Delaware corporation ("**Endeavor**"), and all predecessors, successors, subsidiaries, departments, divisions, acquisitions, affiliates and any organization or entity TKO OpCo or TKO Group Holdings manages or controls, together with all present and former directors, members, officers, employees, agents, representatives or any persons acting or purporting to act on TKO OpCo's behalf including, without limitation, Ariel Emanuel, Dana White, Mark Shapiro, Patrick Whitsell, Ike Lawrence Epstein, Lorenzo Fertitta or Hunter Campbell.

## II.    <u>INSTRUCTIONS</u>

1. In producing Documents, You are requested to furnish all Documents or things in Your possession, custody or control, regardless of the physical location of the Documents, or whether such Documents or other materials are possessed directly by You or Your directors, officers, agents, employees, representatives, managing agents, affiliates, investigators, or by Your

attorneys or their agents, employees, representatives or investigators.

2.   If any Document covered by these requests is withheld by reason of a claim of attorney-client privilege, attorney work product protection, or any other privilege or protection, please furnish a log providing the following information with respect to each such withheld document: date, author, recipients, general subject matter sufficient to make a prima facie determination whether the asserted privilege has been properly invoked, and legal basis upon which the document has been withheld.

3.   In producing Documents, You are requested to produce the original of each Document requested, together with all non-identical copies and drafts of such Document. If the original of any Document cannot be located, a copy shall be produced in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

4.   If any requested Document cannot be produced in full, You are to produce it to the extent possible and indicate which Document or portion of such Document is being withheld, and the reason it is being withheld.

5.   Documents not otherwise responsive to these Requests shall be produced if such Documents mention, discuss, refer to, or explain the Documents that are called for by these Requests, or if such Documents are attached to Documents called for by these Requests and constitute routing slips, transmittal memoranda, letters, cover sheets, comments, evaluation or similar materials.

6.   All Documents shall be produced in the same order as they are kept or maintained by You. If any Documents have been removed from the files in which they were found for purposes of producing them in response to these Requests, indicate for each Document the file(s) in which the Document(s) was (or were) originally located.

7.  In responding to these Requests You are to include Documents: (a) obtained from witnesses who gave information to any governmental agency or other investigatory or regulatory body as part of any investigation of the UFC or of the MMA Industry generally; (b) that constitute, or refer or relate to, summaries of testimony or other statements given in connection with such investigations; or (c) obtained on Your behalf by counsel in preparing for testimony or interviews in connection with such investigations.

8.  If a Document once existed and has subsequently been lost, destroyed, or is otherwise missing, please provide sufficient information to identify the Document and state the details concerning its loss.

9.  With respect to any Document maintained or stored electronically, please harvest it in a manner that maintains the integrity and readability of all data, including all metadata.

10. Unless otherwise agreed, all ESI should be produced in native format via a secure file transfer protocol, or on compact disc(s), DVD disc(s) or zip drives in the original electronic file format(s) of the Documents.

11.  Please produce all Documents maintained or stored electronically in native, electronic format with all relevant metadata intact. Encrypted or password-protected documents should be produced in a form permitting them to be reviewed. You are also requested to immediately meet and confer regarding the manner in which You shall produce Documents stored electronically in order for the parties to try and reach agreement in this regard and avoid any unnecessary expense.

12. Please organize electronic Documents produced for inspection in the same manner that You store them (e.g., if maintained by a custodian, such as e-mail residing on an e-mail server, please organize documents for production by custodian; if maintained as a subfolder of "My

Documents" on a custodian's hard drive, please organize documents for production by custodian with path information preserved, etc.).

13. All ESI should be produced in accordance with the Stipulated Order Re: Discovery of Electronically Stored Information, approved by the Court on December 6, 2023, ECF No. 115.

14. Documents attached to each other should not be separated, including, but not limited to, hard-copy versions of Documents attached to hard-copy printouts of e-mails produced pursuant to these Requests.

15. At Your election, documents maintained or stored in paper, hard-copy form can be produced as searchable .PDF (i.e., portable document format files with embedded text) and in an appropriate and usable manner (e.g., by copying such data onto an external hard drive).

16. These requests require production of paper documents in the same form and same order as they are kept in the usual course of business, or organized and labeled to correspond with the requests set forth below. If You choose the former method, the documents are to be produced in the boxes, file folders, binders and other containers in which the documents are found. The titles, labels or other descriptions on the boxes, file folders, binders or other containers are to be left intact.

17. Documents stored as electronic data on magnetic, optical, or other storage media as "active" or "backup" files shall be produced in their native formats with any associated metadata.

18. To the extent responsive Documents reside on databases and other such systems and files, You are requested to produce the relevant database in useable form and/or permit access for inspection, review, and extraction of responsive information.

19. To the extent responsive Documents are in languages other than English, the parties shall meet and confer to discuss the format of production prior thereto.

20. No part of a document request shall be left unanswered merely because an objection was interposed to another part of the document request.

21. If You object to any document request or subpart thereof, the objection shall state with specificity all grounds. Any ground not stated shall be waived.

22.  If You are unable to answer any document request, the reasons for Your inability to answer shall be separately stated in detail for each document request.

23.  Failure to provide information in response to these document requests will be deemed a waiver of Your right to produce such evidence at trial. Plaintiffs reserve the right to move to preclude the introduction of any evidence not produced in response to these requests.

24. Category headings herein are for convenience and should not be relied upon to modify, limit, alter or otherwise influence in any way how to interpret these document requests.

## III.    RELEVANT TIME PERIOD

Unless otherwise noted herein, the relevant time period of these document requests is January 1, 2015, until the present (the "**Relevant Time Period**"). These document requests seek all responsive Documents created or generated during the Relevant Time Period, as well as responsive Documents created or generated outside the Relevant Time Period, but which contain information concerning the Relevant Time Period.

## IV.    PRODUCTION REQUESTS

## Document Request No. 1.

Documents sufficient to identify each electronic device that You used to transmit or receive Communications during the Relevant Time Period, including but not limited to cellular telephones, laptop or notebook computers, desktop computers, and portable tablets, including but not limited to Any electronic device that You purchased, that was purchased for You, or that was

issued to You by Defendants.

**Document Request No. 2.**

Documents sufficient to identify the telephone number and provider or carrier of each cellular telephone identified in response to Request No. 1.

**Document Request No. 3.**

Documents sufficient to identify when You first started using and, if applicable, when You stopped using, each mobile telephone number identified in response to Request No. 2.

**Document Request No. 4.**

Documents sufficient to identify each messaging account or social media account that You used during the Relevant Time Period, including but not limited to Discord, Facebook, Google Chat, iMessage, Instagram, Kik, Microsoft Teams, Signal, Skype, Slack, Snapchat, Telegram, TikTok, Truth Social, Whatsapp, WeChat, Zoom, etc.

**Document Request No. 5.**

Documents sufficient to identify All username(s) and social media handle(s) for each account identified in response to Request No. 4.

**Document Request No. 6.**

Documents sufficient to identify each email account that You used during the Relevant Time Period.

**Document Request No. 7.**

All Documents and Communications in Your possession relating to the changes in ownership of the MMA blog at http://www.bloodyelbow.com in or around January 2023 and in or around March 2024, including, without limitation, any materials relating to Defendants' acquisition of full or partial ownership in the blog, any efforts made by You, by Defendants, or on Defendants'

behalf to obtain full or partial ownership in the blog, any materials reflecting any consideration

by Defendants of taking any action to obtain full or partial ownership in the blog, and/or any

materials reflecting any effort by You, Defendants, or on Defendants' behalf to influence the

prior owner's(s') decision to sell or new owner's(s') decision to buy the blog or the terms of such

transaction (including any financial assistance offered or provided to any new owners).

**Document Request No. 8.**

All Documents and Communications in Your possession relating to any efforts made by

Defendants or on Defendants' behalf to influence the content available on the MMA blog at

http://www.bloodyelbow.com, including, without limitation, materials relating to content that

was removed after the change in ownership of the blog in or around the first quarter of 2024.

**Document Request No. 9.**

All Documents and Communications relating to any request by UFC Fighters, MMA Fighters

contracted with other MMA Promotions, or other MMA Promotions to match one or more UFC

Fighters in one or more bouts with MMA Fighters contracted with another MMA Promotion,

including, without limitation, materials reflecting Your consideration of such requests, the terms

offered or otherwise considered by You for such bout(s) or events, and/or the potential benefits

(or lack thereof) of promoting such bout(s) or events.

**Document Request No. 10.**

All Documents and Communications relating to Francis Ngannou leaving the UFC for the

Professional Fighters League, including, without limitation, materials reflecting and/or otherwise

concerning the unsuccessful negotiations between Mr. Ngannou (and/or his representatives) and

the UFC to re-sign with the UFC, Documents and Communications with UFC Fighters and their

representatives, agents, or managers concerning their own contract negotiations and the impact

of Mr. Ngannou's departure on those negotiations, internal Documents and Communications analyzing the impact of Mr. Ngannou's departure on contract negotiations with UFC Fighters (including as to both the financial and non-financial terms negotiated), and any changes You made to the contract terms You offered to UFC Fighters based in whole or in any part on the unsuccessful negotiations with Mr. Ngannou.

**Document Request No. 11.**

All Documents and Communications concerning the rankings of UFC's Fighters, including, without limitation, materials relating to any internal rankings of UFC Fighters, all criteria and bases the UFC uses to assign UFC Fighters with their ranking in such internal rankings, and the rankings the UFC has assigned to UFC Fighters over time, and any external rankings (e.g., consensus rankings, rankings by particular media outlets, etc.) that the UFC uses to make or considers in making any business decisions (e.g., matchmaking, determining UFC Fighter compensation, determining whether to contract with or extend a contract with an MMA Fighter), the formula and/or process by which such rankings are determined, the way the UFC uses or considers such external rankings, and the external rankings assigned to UFC Fighters that the UFC has used over time.

**Document Request No. 12.**

A complete set of the data the UFC maintains comprising Fighter and bout statistics, including the data previously maintained by FightMetric and the "record book" as referenced at http://statleaders.ufc.com.

**Document Request No. 13.**

All Documents and Communications relating to Your acquisition of FightMetric and its MMA statistics data, including, without limitation, materials relating to the business or strategic

purpose(s) of acquiring FightMetric and the amount paid for FightMetric.

**Document Request No. 14.**

All Communications (including Documents attached to such Communications) between You and the following Persons relating to their potential testimony in the Le v. Zuffa, LLC, No. 15-cv-1045 (D. Nev.) trial: (a) Ali Abdelaziz; (b) Shannon Knapp; (c) Michael Bisping; (d) Donald Cerrone; (e) Michael Chandler; (f) Chael Sonnen; (g) Miesha Tate; (h) Jason House; (i) Josh Jones; (j) Dan Lambert; (k) Jeffrey Aronson; (l) Carlos Silva; and (m) Ed Soares.

**Document Request No. 15.**

Documents and Communications sufficient to show the financial results of the boxing event featuring the bout between Conor McGregor and Floyd Mayweather Jr. that took place on or about August 26, 2017, including, without limitation, how much each athlete was paid, the total revenues generated by the event (and the sources of the various components of revenue), and the total expenses incurred (and a breakdown of those expenses).

**Document Request No. 16.**

All Documents and Communications relating to the negotiations with Conor McGregor concerning his appearance in the bout between Conor McGregor and Floyd Mayweather Jr. that ultimately took place on or about August 26, 2017, including any promotional and ancillary rights agreement signed by Mr. McGregor, any agreement with any changes to Mr. McGregor's UFC promotional and ancillary rights agreement or any determination by You to not enforce any part of the UFC promotional and ancillary rights agreement with Mr. McGregor, and/or the bases for the UFC's decision to change or otherwise not enforce any part of the UFC promotional and ancillary rights agreement with Mr. McGregor.

**Document Request No. 17.**

All Agreements between You and Mayweather Promotions, The Money Team, Showtime, and McGregor Promotions relating to the Mayweather vs. McGregor bout and/or event that took place on or about August 26, 2017, as well as any Agreements in Your possession, custody, or control among or between any or all of those entities.

**Document Request No. 18.**

All Documents and Communications relating to Leslie Smith's unionization effort, including materials relating to Project Spearhead and her allegations (and any related administrative, legal, or regulatory proceeding) that You committed unfair labor practices when she was terminated from the UFC.

**Document Request No. 19.**

All Documents and Communications relating to the effort by certain UFC Fighters and others to create the Mixed Martial Arts Athletes Association ("MMAAA"), including, without limitation, any materials reflecting MMAAA's effort to obtain an out-of-court financial settlement for any alleged legal claims, any materials relating to MMAAA's expressed goal of increasing the revenue share the UFC pays to UFC Fighters, and any discussions relating to insurance and pension packages for UFC athletes. Responsive Documents and Communications also include any materials relating to the reported meeting between Donald Cerrone and Dana White that transpired on or about December 8, 2016 concerning the MMAAA and any follow-up concerning such meeting.

**Document Request No. 20.**

All Documents and Communications relating to the UFC's business strategy for Professional MMA Events and/or Professional MMA Bouts held at UFC Apex, including Documents and

Communications discussing the reasons for creating and/or establishing the UFC Apex, how UFC determines which Professional MMA Events and/or Professional MMA Bouts will be held at the Apex, and why any Professional MMA Events and/or Professional MMA Bouts were held at the Apex.

**Document Request No. 21.**

All monthly and annual financial documents relating to the business operations at the UFC Apex, including without limitation all audited financial statements, balance sheets, income statements, profit and loss reports, margin analyses, equity valuations, asset appraisals, financial models, budgets (proposed or otherwise), investor presentations, margin analyses, pro formas, regulatory filings (including income tax returns), issuance of equity or debit, loans, and money owed or receivable, and any other form of financial reporting.

**Document Request No. 22.**

All Documents and Communications relating to any changes in the form and/or structure of revenues the UFC received for its broadcast rights, including, without limitation, Documents and Communications relating to changes in structure of PPV revenues received by the UFC and paid by ESPN following the UFC's 2019 broadcast rights deal with ESPN, including materials analyzing such changes and any corresponding changes in business practices or operations the UFC considered implementing based on such change in structure.

**Document Request No. 23.**

All Documents and Communications relating to Zuffa's acquisition of the UFC, including, without limitation, the Agreement(s) setting for the terms of sale, any planned business strategies supporting Zuffa's decision to purchase the UFC, and any Documents or Communications relating to Zuffa's forecasted revenues and/or other financials created by Zuffa or its agents prior

to the sale of the UFC to Zuffa. For clarity, the Relevant Time Period for this Request commences January 1, 1993 and extends through the present.

**Document Request No. 24.**

All Documents and Communications relating to any contention Zuffa may make in this litigation that it built or otherwise substantially contributed to the growth of the sport of MMA, including, without limitation, any Documents and Communications relating to Zuffa's efforts to secure licensing or other certification or legal standing of Professional MMA Events in any state jurisdiction, any investments Zuffa made in building the MMA Industry distinct from investments Zuffa made in building the UFC, and any materials reflecting the state of the MMA Industry and its size and growth potential prior to Zuffa's acquisition of the UFC. For clarity, the Relevant Time Period for this Request commences January 1, 1993 and extends through the present.

**Document Request No. 25.**

All Documents and Communications produced by You in response to discovery requests served by the plaintiffs in Le, et al. v. Zuffa, LLC, 2:21-cv-1189-RFB-BNW (D. Nev.) and/or received by you in response to discovery requests or subpoenas served by You, in Le, et al. v. Zuffa, LLC, 2:21-cv-1189-RFB-BNW (D. Nev.). The Relevant Time Period set forth above does not apply to this Request.

**Document Request No. 26.**

All Documents and Communications produced by You to any government or government agency in response to any investigative demand or other request from the U.S. Department of Justice, the U.S. Federal Trade Commission, any state regulatory agency, or any foreign regulatory agency related to: (a) Your policies, practices, guidelines, and training directed to compliance with U.S.

governmental regulatory agencies, or any foreign regulatory agency, including all Documents concerning the creation of such policies, and any statements signed by Your employees or agents acknowledging their receipt of or compliance with Your compliance policies; (b) the acquisition of Zuffa or any parent of or successor to Zuffa by Endeavor Group Holdings, Inc.; or (c) the merger of Zuffa or any parent of or successor to Zuffa with World Wrestling Entertainment, Inc. (a/k/a WWE) or any parent of or successor to World Wrestling Entertainment, Inc. Explicitly included within the scope of this Interrogatory is any correspondence or documents exchanged between You and the U.S. Department of Justice, including documents reflecting or constituting any Communications with former Assistant Attorney General for the Department of Justice Antitrust Division Makan Delrahim, relating to Le, et al. v. Zuffa, LLC, 2:21-cv-1189-RFB-BNW (D. Nev.).

**Document Request No. 27.**

All Documents and Communications produced by You to the U.S. government pursuant to the Hart-Scott-Rodino Antitrust Improvements Act of 1976, Pub. L. No. 94-435, and any second requests, related to the acquisition of Zuffa or any parent of or successor to Zuffa by Endeavor Group Holdings, Inc., the merger of Zuffa or any parent of or successor to Zuffa with World Wrestling Entertainment, Inc. (a/k/a WWE) or any parent of or successor to World Wrestling Entertainment, Inc., or the formation of TKO Group Holdings, Inc.

**Document Request No. 28.**

All Documents and Communications relating to any Agreements between (a) Zuffa and any Professional MMA Fighter, and (b) any other MMA Promoter and any Professional MMA Fighter, including all Agreements concerning competition in Professional MMA Bouts (and any amendments thereto), including Promotional and Ancillary Rights Agreements, Bout

Agreements, "side letter" and/or letter Agreements, Merchandise Rights Agreements, sponsorship Agreements, and all Documents and Communications relating to negotiations with any Professional MMA Fighter or any Person purporting to represent a Professional MMA Fighter, including all draft Agreements.

**Document Request No. 29.**

Each Agreement between you and a Professional MMA Fighter entered into or in effect during the Relevant Time Period.

**Document Request No. 30.**

All Documents and Communications evidencing the negotiation of any Agreement responsive to the preceding Request.

**Document Request No. 31.**

All Documents and Communications consisting of or relating to Your discussion, analysis, interpretation or characterization of any Agreement, and the negotiation thereof, responsive to Request No. 29.

**Document Request No. 32.**

All arbitration clauses or class action waivers between You and any Professional MMA Fighters, whether set forth in an Agreement or otherwise, and all Documents and Communications relating to relating to any such arbitration clause or class action waiver, including without limitation analyses, draft proposed clauses, analyses of such clauses, white papers, reports, slide presentations, or discussions regarding the reasons for, or potential benefits to Zuffa or Endeavor or anyone else of, including arbitration clauses and/or class action waivers in Your Agreements with Professional MMA Fighters.

**Document Request No. 33.**

All Documents and Communications evidencing the negotiation of any Agreement responsive to the preceding Request.

**Document Request No. 34.**

All Documents and Communications consisting of or relating to Your discussion, analysis, interpretation or characterization of any arbitration clause or class action waiver, and/or the negotiation thereof.

**Document Request No. 35.**

All Documents and Communications relating to market research about the MMA Industry, including but not limited to, analysis or research regarding relative market share of MMA Promoters, barriers to expansion for MMA Promoters, barriers to entry for would-be MMA Promoters, and growth projections for the MMA Industry and/or MMA Promoters individually or in any groupings.

**Document Request No. 36.**

All Documents and Communications relating to non-Zuffa/non-UFC MMA Promoters (considered individually or as a group), including but not limited to SWOT analyses, financial analyses, strategies, counterprogramming of other MMA Promoters' Professional MMA Events, analyses and/or commentary or assessments of their fighter rosters, and acquisition analyses and strategies.

**Document Request No. 37.**

All Documents and Communications relating to any Agreement that UFC had with another MMA Promoter, including but not limited to Agreements to license content, Agreements to buy or sell athlete contracts, and Agreements to release fighters from their contracts if UFC offers the

fighter a contract.

**<u>Document Request No. 38.</u>**

All Documents and Communications relating to the potential sale of Zuffa or any portion thereof (or interest therein), including any Communications with or Documents created by Zuffa or any third party, including without limitation any prospectuses, proposals, confidential information memoranda, credit assessments, due diligence requests, Documents, or Communications created, collected, placed in data rooms, or produced in response to due diligence requests, offers, negotiations, memoranda of understanding, and all other Documents or Communications relating in any way to the potential sale, acquisition, merger or transfer of Zuffa or any portion thereof or interest therein.

**<u>Document Request No. 39.</u>**

All Documents and Communications (exclusive of Documents and Communications produced in response to Request for Production No. 38) relating to the sale of a majority stake in Zuffa to Endeavor in 2016, including Communications with or Documents created by any third party, and including without limitation any executed Agreements, draft Agreements, memoranda of understanding, offers, prospectuses, proposals, confidential information memoranda, credit assessments, supporting schedules, all Documents and Communications relating to negotiations, due diligence requests, Documents and Communications created, collected, placed in data rooms, or produced in response to due diligence requests, all regulatory filings, registration documents, and any other Documents or Communications sent to or received by You relating to any U.S., state, or local agency, and all other Documents and Communications relating in any way to the sale of Zuffa in or around 2016.

25

**Document Request No. 40.**

All Documents and Communications (exclusive of Documents and Communications produced in response to Request for Production No. 38) relating to the sale of any share(s) of Zuffa to Endeavor in or around 2021, including any Communications with or Documents created by any third party, and including without limitation any executed Agreements, draft Agreements, memoranda of understanding, offers, prospectuses, proposals, confidential information memoranda, credit assessments, supporting schedules, all Documents and Communications relating to negotiations, due diligence requests, Documents and Communications created, collected, placed in data rooms, or produced in response to due diligence requests, all regulatory filings, registration documents, and any other Documents or Communications sent to or received by You relating to any U.S., state, or local agency, and all other Documents and Communications relating in any way to the sale of or any portion of Zuffa in or around 2021.

**Document Request No. 41.**

All Documents and Communications relating to the acquisition, sale, merger or transfer of World Wrestling Entertainment, Inc. in 2023, including any Communications with or Documents created by any third party, and including without limitation any executed Agreements, draft Agreements, memoranda of understanding, offers, prospectuses, proposals, confidential information memoranda, credit assessments, all Documents and Communications relating to negotiations, due diligence requests, Documents and Communications created, collected, placed in data rooms, or produced in response to due diligence requests, all regulatory filings, registration documents, and any other Documents or Communications sent to or received by You relating to any U.S., state, or local agency, and all other Documents and Communications relating in any way to the acquisition and merger of World Wrestling Entertainment, Inc. in

2023.

**Document Request No. 42.**

All Documents and Communications relating to any efforts by You or made on Your behalf to raise capital, including but not limited to loans or issuance of debt or equity, and including without limitation any Agreements, draft Agreements, negotiations, investor presentations, prospectuses, confidential information memoranda, credit assessments, due diligence requests, Documents and Communications created, collected, placed in data rooms, or produced in response to due diligence requests, and all other documents and communications related in any way to efforts to raise capital, regardless of whether any loan was actually obtained or any debt or equity was actually issued.

**Document Request No. 43.**

Documents and Communications sufficient to Identify each of Your employees or agents or anyone purporting to act on Your behalf involved in approving or negotiating the terms of any Agreement, or proposed Agreement, for all or part of Zuffa to be acquired by Endeavor or by anyone else.

**Document Request No. 44.**

Documents and data (including structured or unstructured data) sufficient to show Your financial data, including at a minimum Your costs, revenue, income, EBITDA, assets, debits, borrowing costs, and profits, by month and by year, at the most granular level such documents and data are maintained.

**Document Request No. 45.**

All monthly and annual financial documents created or maintained by You or on Your behalf, including without limitation all audited financial statements, balance sheets, income statements,

profit and loss reports, margin analyses, equity valuations, asset appraisals, financial models, budgets (proposed or otherwise), investor presentations, margin analyses, pro formas, regulatory filings (including income tax returns), issuance of equity or debit, loans, and money owed or receivable, and any other form of financial reporting.

**Document Request No. 46.**

For each year of the Relevant Time Period, Documents sufficient to show beneficial ownership in Zuffa, and any changes thereto. This Request includes Documents sufficient to show the percentage of any stock or other interests owned by each Person holding a beneficial ownership interest and the consideration paid for such interest.

**Document Request No. 47.**

Documents and data sufficient to show all compensation including salary, bonuses, expense reimbursements, aviation expenses, distributions, dividends, stock awards, loans (including information about repayment or forgiveness), management fees, board fees, and all other compensation of any kind to all senior executives, board members, directors, beneficial owners, and shareholders holding more than a 5% interest in Endeavor, including the date of the compensation, the dollar value, the date of vesting, accrual, or maturation of the compensation (if applicable), the source of the compensation (e.g., from a debt issuance or from corporate profits), the reason given (if any) for the compensation, and the relative share received by each Person receiving compensation.

**Document Request No. 48.**

Documents and data sufficient to show any non-monetary benefits bestowed on any beneficial owners of Zuffa, including without limitation: (a) travel in private jets owned, leased, or paid for by You; (b) use of houses, apartments, vacation properties, or other real estate owned, leased, or

paid for by You; (c) use of motor vehicles owned, leased, or paid for by You; (d) tickets for sporting events or other entertainment events paid for by You; and/or (e) any other item, service, amenity, activity, or privilege provided to one or more of the beneficial owners at Your expense.

**Document Request No. 49.**

For each year of the Relevant Time Period, Documents sufficient to show Your corporate structure, including the organization of each division, department, unit or subdivision, parent, subsidiary, joint venture or affiliate of Your company. This request includes without limitation organizational charts, investor or debtor presentations, government filings, internal communications, and any Documents sufficient to show each Employee or executive with managerial responsibilities relating to the UFC.

**Document Request No. 50.**

All Documents constituting, referencing, or relating to Your transactional data, at the most granular level possible, for each UFC Professional MMA Event held during the Relevant Time Period, sufficient to show at a minimum the following:

a) total gate receipts from each UFC Professional MMA Event during the Relevant Time Period, broken down by event;

b) total attendance at each UFC Professional MMA Event during the Relevant Time Period, broken down by event;

c) total revenues from each PPV broadcast of UFC Professional MMA Event during the Relevant Time Period, broken down by event;

d) total revenues from non-PPV broadcast of UFC Professional MMA Event during the Relevant Time Period, broken down by event and by contracted broadcaster (e.g., ESPN, Fox, Spike, etc.);

e)  total revenues from closed circuit broadcast to commercial venues such as bars, restaurants, or theaters of each UFC Professional MMA Event during the Relevant Time Period, broken down by event;

f)  total revenues derived from the sale of advertising during all broadcasts of UFC Professional MMA Events, whether PPV or non-PPV, during the Relevant Time Period, broken down by month and year, by PPV or non-PPV, and by advertiser;

g)  total revenues derived in any way from the Promotional and Ancillary Rights, as described in Your Promotional and Ancillary Rights Agreements with MMA Fighters, relating to all professional MMA Fighters who have been under contract with the UFC at any time during the Relevant Time Period, broken down by month and year;

h)  total revenues derived from Agreements with sponsors of the UFC or of the Professional MMA Fighters who have been under contract with the UFC at any time during the Relevant Time Period;

i)  total revenues by event;

j)  the gross and net price paid by customers for transactions by unit, subscription, and/or ticket for a single Pay Per View, ticket to a live event, or UFC Fight Pass subscription;

**Document Request No. 51.**

Documents and data in as granular form as the information is maintained, sufficient to show any and all compensation paid to each UFC Fighter individually for each UFC Professional MMA Bout that the UFC Fighter participated in during the Relevant Time Period, on a fighter-by-fighter basis, broken down by Professional MMA Bout (so that each UFC Fighter's

compensation data is available in one Document or sequence of Documents, and it is produced with sufficient granularity so that the compensation is clearly attributed to the UFC Professional MMA Bout at which the Fighter earned it), as follows:

a) the date and location of each UFC Professional MMA Bout the UFC Fighter participated in during the Relevant Time Period, and

b) the base salary the UFC Fighter received for each UFC Professional MMA Bout he or she participated in during the Relevant Time Period;

c) all bonuses the UFC Fighter received for each UFC Professional MMA Bout he or she participated in during the Relevant Time Period (including, but not limited to

d) any and all discretionary bonuses or payments, fight of the night night, performance of the night, knockout and submission of the night bonuses) bonuses), broken down by each bonus received for each Professional MMA Event;

e) all broadcast royalties the UFC Fighter received (if any) for each UFC Professional MMA Bout he or she participated in during the Relevant Time Period, broken down so that the broadcast royalties are traceable to a particular UFC Professional MMA Bout (to be clear, if the UFC Fighter received broadcastroyalties from more than one UFC Professional MMA Bout, the broadcast royalties should be clearly attributed to the specific UFC Professional MMA Bout from which they were generated);

f) any other form of compensation the UFC Fighter received for each UFC Professional MMA Bout he or she participated in during the Relevant Time Period; and, Pay Per View shares the UFC Fighter received for each UFC Professional MMA Bout he or she participated in during the Relevant Time Period.

**Document Request No. 52.**

Profit and loss statements (including identity of participating fighters and compensation paid to each) for each UFC Professional MMA Event.

**Document Request No. 53.**

Documents sufficient to show Your actual costs for presenting UFC Professional MMA Events, down to as granular a level as possible, including without limitation venue costs, promotional costs, compensation for UFC Fighters, insurance, safety, and all other costs incidental to presenting UFC Professional MMA Events.

**Document Request No. 54.**

Documents sufficient to show Your actual costs for presenting UFC Professional MMA Bouts, down to as granular a level as possible, including without limitation venue costs, promotional costs, compensation for UFC Fighters, insurance, safety, and all other costs incidental to presenting UFC Professional MMA Bouts.

**Document Request No. 55.**

Documents sufficient to show Your actual costs involved in promoting the UFC as a brand.

**Document Request No. 56.**

All documents relating to materials produced by third party analysts or consultants regarding Zuffa, including without limitation reports that analyze or project demand, revenues, income, profits, or market share. Documents responsive to this Request include both documents produced by such third party analysts or consultants (including both those retained by You and those producing such materials without an Agreement with You) and any comments, edits, or drafts of such materials or other documents You created and submitted to such third party analysts or consultants.

**Document Request No. 57.**

All documents created by You or by third party analysts or consultants regarding competition among MMA Promoters or would-be MMA Promoters for (a) the purchase of MMA Fighter services and (b) promotion of Professional MMA Events generally, including without limitation reports that analyze or project demand, revenues, income, profits or market share.

**Document Request No. 58.**

All Documents referencing or relating to comparison of compensation models or Agreements between the UFC and other major professional sports, including without limitation boxing, pro wrestling, football, basketball, and baseball.

**Document Request No. 59.**

All Agreements (and any amendments thereto) entered into between You and any MMA Promoter relating to the acquisition of assets, equity, or other interests of any MMA Promoter, and all Documents referencing or relating to the potential or actual acquisition of assets, equity, or interests of any MMA Promoter, including, but not limited to, internal strategy documents, projections, cost-benefit analyses, cost estimates, and all Agreements or contracts (and any amendments thereto).

**Document Request No. 60.**

Documents sufficient to identify each Person involved in approving or negotiating the terms of any Agreements or potential Agreements for the acquisition or potential acquisition of assets, or equity, or interests of any MMA Promoter.

**Document Request No. 61.**

Documents sufficient to Identify each Person or entity You consider to be, or considered to have been, an actual or potential competitor of the UFC for (a) the purchase of MMA Fighter services,

and/or (b) the promotion of live Professional MMA Events in the United States or abroad.

**Document Request No. 62.**

Documents or data sufficient to calculate the actual or potential market share held by the UFC and each of the UFC's actual or potential competitors (as Identified in Request No. 61) in terms of total revenue by region (US, North America, South America, Europe, Asia, and any others) derived from the promotion of live Professional MMA Bouts and all other income sources, including without limitation merchandising, licensing, sponsorships, advertising, video games, and other income sources based on the use of Professional MMA Fighters' Identities.

**Document Request No. 63.**

Documents or data sufficient to Identify the actual and/or estimated share of Professional MMA Fighters' services, by both dollar amount and number of fighters, for the purchase of the services of Professional MMA Fighters by the UFC and each of Your actual or potential competitors identified in your response to Request No. 61 by region (US, North America, South America, Europe, Asia, and any others).

**Document Request No. 64.**

All Documents and data referencing or relating to the determination of Professional MMA Fighter compensation by the UFC (identified in your response to Request No. 54, above) in the promotion of live Professional MMA Events and all other income sources, including without limitation merchandising, licensing, sponsorships, advertising, video games, and other income sources based on the use of Professional MMA Fighters' Identities.

**Document Request No. 65.**

All Documents and data referencing or relating to the determination of Professional MMA Fighter compensation by any of the UFC's actual and potential competitors (identified in your

response to Request No. 54, above) in the promotion of live Professional MMA Events and all other income sources, including without limitation merchandising, licensing, sponsorships, advertising, video games, and other income sources based on the use of Professional MMA Fighters' Identities.

**Document Request No. 66.**

All Documents analyzing, discussing, or relating to the competitive strengths or weaknesses of actual or potential competitors (identified in your response to Request No. 61 or otherwise, above) in the promotion of live Professional MMA Events and/or in the purchase of the services of Professional MMA Fighters.

**Document Request No. 67.**

All Documents referencing or relating to communications and/or negotiations with any sponsors or advertisers in connection with Endeavor's acquisition of Zuffa.

**Document Request No. 68.**

All Documents and Communications referencing or relating to any Agreements entered into by You relating to Venues for Professional MMA Events, including all Agreements, all draft Agreements, and all Documents and Communications relating to negotiation of such Agreements or draft Agreements.

**Document Request No. 69.**

All Documents and Communications relating to the drafting of and the reasoning behind the "Exclusivity Clause" in UFC Bout Agreements, which binds UFC Fighters into a restricted relationship with the UFC and prohibits them from appearing in Professional MMA Bouts televised or organized by actual or potential rival promotions unless approved by the UFC.

**Document Request No. 70.**

All Documents and Communications referencing or relating to the drafting of and the reasoning behind the "Champion's Clause" in UFC Bout Agreements, which allows the UFC to extend a UFC Fighter's contract for as long as the athlete is a "champion" in his or her weight class.

**Document Request No. 71.**

All Documents and Communications referencing or relating to the drafting of and the reasoning behind the "Right to First Offer" and "Right to Match" Clauses in UFC Bout Agreements, which grant the UFC the option to match the financial terms and conditions of any offer made to a UFC Fighter for a Professional MMA Bout even after the Fighter's contract has expired.

**Document Request No. 72.**

All Documents and Communications referencing or relating to the drafting of and the reasoning behind the "Ancillary Rights Clause" in the Promotional and Ancillary Rights Agreements, which grants the UFC exclusive and perpetual worldwide personality and Identity rights of the UFC Fighter.

**Document Request No. 73.**

All Documents and Communications referencing or relating to the drafting of and the reasoning behind the "Promotion Clause" in the Promotional and Ancillary Rights Agreements, which requires UFC Fighters to attend, cooperate, and assist in the promotion of Professional MMA Bouts in which they fight and, as required by the UFC, any other Professional MMA Bouts, Professional MMA Events, broadcasts, press conferences and sale of UFC Licensed Merchandise.

**Document Request No. 74.**

All Documents and Communications referencing or relating to the drafting of and the reasoning

behind the "Retirement Clause" which gives the UFC the power "to retain the rights to a retired

fighter in perpetuity."

**<u>Document Request No. 75.</u>**

All Documents and Communications referencing or relating to the drafting of and the reasoning

behind the tolling provisions, which extend the term of a UFC Fighter's contract during periods

when he or she is injured, retired, or otherwise declines to compete.

**<u>Document Request No. 76.</u>**

All Documents and Communications referencing or relating to the drafting of and the reasoning

behind the "Sponsorship and Endorsement Clause," which appears to grant the UFC sole

discretion over all sponsorship and endorsement approvals.

**<u>Document Request No. 77.</u>**

All Documents and Communications analyzing or quantifying the overall impact or effect of the

contractual clauses in Zuffa's Promotional and Ancillary Rights Agreements on (a) UFC

Fighters' mobility or compensation, and/or (b) the ability of Zuffa's competitors (as identified in

your response to Request No. 61, supra, or otherwise) to compete for Professional MMA

Fighters services or to promote Professional MMA Events that can successfully compete against

Zuffa.

**<u>Document Request No. 78.</u>**

Documents sufficient to identify each of Your Employees or agents involved in approving or

negotiating the terms of each of Your Agreements with any Professional MMA Fighters.

**<u>Document Request No. 79.</u>**

All Documents and Communications relating to any Agreements between You and any other

MMA Promoter (past or present) relating to a Professional MMA Fighter's services, including

all executed Agreements (and any amendments thereto), draft Agreements, and all Documents and Communications relating to the negotiation of such agreements, regardless of whether an Agreement was executed.

**Document Request No. 80.**

Documents sufficient to identify each of Your Employees or agents involved in approving or negotiating the terms of any Agreements or potential Agreements with any other MMA Promoter (past or present) relating to the provision of Professional MMA Fighter services.

**Document Request No. 81.**

All Documents and Communications constituting or relating to Agreements between You and any broadcaster of professional MMA events (including PPV and non-PPV Professional MMA Events), including without limitation all executed Agreements (and any amendments thereto), draft Agreements, and all Documents and Communications relating to the negotiation of such Agreements, Documents and Communications analyzing the terms of any actual or potential such Agreement, regardless of whether an Agreement was executed.

**Document Request No. 82.**

Documents sufficient to identify each of Your Employees and agents involved in approving or negotiating the terms of any Agreements or potential Agreements with any broadcaster of professional MMA events (including PPV).

**Document Request No. 83.**

All Documents and Communications relating to Agreements between You and any sponsors of the UFC or of the Professional MMA Fighters under contract with the UFC, including without limitation all executed Agreements (and any amendments thereto), draft Agreements, and all Documents and Communications relating to the negotiation of such Agreements, regardless of

whether an Agreement was executed.

**Document Request No. 84.**

Documents sufficient to identify each of Your Employees and/or agents involved in approving or negotiating the terms of any Agreements or potential Agreements with any sponsors of the UFC or the Professional MMA Fighters under contract with the UFC.

**Document Request No. 85.**

All Documents referencing or relating to the ability of any UFC Fighter to switch to and/or fight for, an actual or potential rival promotion. Responsive Documents include, but are not limited to, Documents referencing or relating to the costs to UFC Fighters and/or their managers or promoters associated with such a switch, any requirements or obligations imposed by a contract between the UFC and UFC Fighters, and/or Documents concerning communications or negotiations between the UFC and UFC Fighters with respect to a switch or potential switch from the UFC to a rival MMA Promoter.

**Document Request No. 86.**

All communications between you and anyone else referencing or relating to this lawsuit or *Le, et al. v. Zuffa, LLC*, 2:21-cv-1189-RFB-BNW (D. Nev.), or any of the named plaintiffs in either of those cases, exclusive of any communications protected by the Attorney/Client Privilege.

**Document Request No. 87.**

All Documents referencing or relating to indemnification or defense (corporate or individual), judgment sharing, joint defense, liability or responsibility for judgment in this action, for You and any of your officers, including by way of example not limitation, indemnity Agreements, joint defense Agreements, judgment sharing Agreements, tenders of defense, denials or reservations of rights.

**Document Request No. 88.**

All Documents referencing or relating to any websites operated by You or on Your behalf, including Documents sufficient to show who had responsibility for creating, maintaining, and adding or deleting content (including any private messaging) to or from such websites.

**Document Request No. 89.**

Documents sufficient to identify each Person responsible for any Social Media account operated by or on behalf of Zuffa, including documents sufficient to show who had responsibility for creating, maintaining, and adding or deleting content (including any private messaging) to or from such Social Media accounts.

**Document Request No. 90.**

All contracts or Agreements between the UFC and any Social Media organization.

**Document Request No. 91.**

All Documents and Communications relating to any content posted to any website or Social Media relating to UFC Professional MMA Bouts, including pre-bout promotional content and post-bout content.

**Document Request No. 92.**

All Documents, including any content posted to any website or Social Media, referencing or relating to the Professional MMA Fighters under contract with the UFC.

**Document Request No. 93.**

All Documents referencing or relating to Zuffa's registration with any regulatory bodies governing the MMA industry. Include all Documents referencing or relating to any suspensions of Zuffa for any reason by any government agency or any Person responsible for regulation, supervision, licensing, permitting or safety of Professional MMA Bouts and Professional MMA

Fighters.

**Document Request No. 94.**

All Documents and Communications relating to meetings or the business of Your Board of Directors, including without limitation all agendas, minutes, presentations, Agreements, and resolutions created by or for the Board of Directors, including all Documents and Communications directed to and presented by management or outside professionals, which address capital raises, business combinations, dividends and any other executive compensation matters.

**Document Request No. 95.**

All Documents and Communications relating to any provision of Your Promotional and Ancillary Rights Agreement that terminated any rights You had under the contract after a stated amount of time notwithstanding any provision that could otherwise extend the term of the Agreement, including all documents discussing the purpose(s) of such provisions, documents discussing the reason(s) for no longer including them, and documents constituting or reflecting analyses of the effects of such provision(s) on Your business.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of Nevada

| | |
|---|---|
| Johnson et al | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No.  2:21-cv-01189-RFB-BNW |
| Zuffa, LLC dba Ultimate Fighting Championship et al | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                         Ariel Emanuel

_____
_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A.

| Place: Your offices or another mutually agreeable location, including electronically. | Date and Time:  04/17/2025 5:00 pm |
|---|---|

❑ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:       03/18/2025

| _CLERK OF COURT_ | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Joseph R. Saveri |
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_        Plaintiffs
_____, who issues or requests this subpoena, are:

Joseph R. Saveri, 601 California Street, #1505, San Francisco, CA 94108, (415) 500-6800, jsaveri@saverilawfirm.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:21-cv-01189-RFB-BNW

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) For Other Discovery.** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) Command to Produce Materials or Permit Inspection.**
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) Quashing or Modifying a Subpoena.**
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) Claiming Privilege or Protection.**
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

### I.    DEFINITIONS

1.  The following rules of construction should apply to all discovery requests:

   a)  "**All**" should be construed to include the collective as well as the singular and shall mean "each," "any," and "every."

   b)  "**And**" and "**or**" should be construed so as to require the broadest possible response. If, for example, a request calls for information about "A or B" or "A and B," You should produce all information about A and all information about B, as well as all information about A and B collectively. In other words, "or" and "and" should be read as "and/or."

   c)  "**Any**" shall be construed to mean "any and all."

   d)  "**Including**" shall be construed to mean "without limitation." "Including" is used to emphasize certain types of documents requested and should not be construed as limiting the request in any way.

   e)  "**Relating to**," "**referring to**," "**regarding**," or "**with respect to**" mean, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

   f)  The use of the singular form of any word includes the plural and vice versa.

   g)  Unless otherwise indicated, the use of the present tense of any verb shall be construed to include the past tense going back to the beginning of the Relevant Time Period, and the use of the past tense shall be construed to run from the beginning of the Relevant Time Period until the scheme alleged by Plaintiffs ends.

2.  "**Action**" means *Kajan Johnson, et al. v. Zuffa, LLC, et al.*, No. 2:21-cv-01189 (D. Nev.).

3.   "**Agreement**" means any oral or written contract, arrangement or understanding, whether formal or informal, between two or more persons, together with all modifications and amendments thereto.

4.   "**Communication**" means without limitation, oral or written communications of any kind, such as electronic communications, direct communications through social media (including without limitation direct messaging, instant messaging, chatting or emailing within a social media platform), facsimiles, telephone communications, correspondence, exchange of written or recorded information, or face-to-face meetings. The phrase "communication between" is defined to include instances where one party addresses the other party but the other party does not necessarily respond. The phrase "communication" includes all attachments to e-mail messages.

5.   "**Date**" means the exact day, month and year, if ascertainable, or the best available approximation, including any relationship to other known events (designate whether exact or approximate).

6.   "**Defendants**" means Zuffa and Endeavor as those terms are defined herein.

7.   "**Document(s)**" shall mean and include all "writings," "recordings" or "photographs" as those terms are defined in Federal Rule of Civil Procedure 34 and Rule 1001 of the Federal Rules of Evidence. Without limiting the generality of the foregoing, the term "Documents" includes both hard copy documents and electronically stored data files including but not limited to e-mail, instant messaging, social media content (including without limitation public content such as Tweets, YouTube submissions, Facebook posts, and posts to any public electronic billboard, as well as private content such as direct messaging, instant messaging, chats, and email), shared network files and databases. "Documents" also includes, without limitation and regardless of whether stored in hard copy or electronically, any letters, correspondence, memoranda, analyses, legal pleadings,

calendars, diaries, travel records, summaries, records of telephone conversations, telegrams, notes, reports, compilations, notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, audiotapes, film and sound reproductions, e-mails, internal or external web sites, audio or video discs data on magnetic or optical storage media (e.g., servers, storage area networks, interconnected remote servers (so-called "cloud computing"), hard drives, backup tapes, CDs, DVDs, Blu-ray, DVD-HD, USB/thumb/flash drives, floppy disks or any other type of portable storage device, etc.) stored as an "active" or backup file, in its native format, computer files, discs and drives, sales, advertising and promotional literature, agreements, stored recordings, minutes or other records of meetings, all written or graphic records or representations of any kind, and all mechanical or electronic data, records or representations of any kind.

8. "**Electronically Stored Information**," abbreviated as "**ESI**" has the same meaning and scope as it has in the Federal Rules of Civil Procedure and includes, without limitation, the following:

a) structured and unstructured data, as those terms are defined in The Sedona Conference Glossary, available at www.thesedonaconference.org/publications;

b) activity listings of electronic mail receipts and/or transmittals;

c) output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, text messages (SMS, MMS or TMS), iMessages, Blackberry Messenger (BBM), AOL Instant Messenger™ (or similar program), social media (including without limitation Twitter, LinkedIn, YouTube, Facebook, Instagram, and any other internet based messaging system) or bulletin board programs, operating

systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

d) any and all items stored on computer memories, hard disks, floppy disks, CD discs, DVD discs, flash drives, thumb drives, memory cards, magnetic tape, microfiche, off-site interconnected servers (so-called "cloud computing"), or in any other vehicle for digital data storage and/or transmittal, such as, but not limited to, a personal digital assistant (*e.g.*, Blackberry, Smart Phone or similar device) and file folder tabs, and/or containers and labels appended to, or relating to, any physical storage device associated with each original and/or copy of all documents requested herein;

e) any and all items stored on voice-mail systems, websites, company intranet sites, chat rooms and social networking websites (*e.g.*, Facebook, LinkedIn, Twitter, and social websites listed at http://en.wikipedia.org/wiki/List of social networking websites); and

f) any and all data, data compilations, and data analyses.

9. "**Employee**" means, without limitation, any current or former officer, director, executive, manager, member, secretary, staff member, consultant, messenger, agent or other person who is or was employed by a Person or entity.

10. "**Endeavor**" means Endeavor Group Holdings, Inc., and its executives, employees, agents, owners, and all predecessors, successors, subsidiaries, departments, divisions, and/or affiliates, including without limitation any organization or entity involved in the promotion, regulation, or support of MMA Events in which Endeavor owns a controlling share or which Endeavor manages or controls (including without limitation Endeavor Operating Company, LLC, TKO Operating Company, LLC (f/k/a Zuffa Parent, LLC), World Wrestling Entertainment, Inc., TKO Group

Holdings, Inc. (f/k/a New Whale Inc.), Whale Merger Sub Inc., Zuffa, LLC, and any parent of or successor to Zuffa, LLC), together with all present and former directors, members, officers, employees, agents, representatives or any persons acting or purporting to act on Endeavor's behalf.

11. "**Identify**," when used in reference to an individual employee, means to produce documents sufficient to identify: the person's full name, last known business and home address; date of birth; social security number; title or position and period of service in each such position; immediate supervisor in each position; business and home telephone numbers (including voice, cellular and facsimile phone numbers) assigned to or used by such person and the period during which such numbers were assigned to be used by that person; and business and home electronic mail identifiers and the period during which such identifiers were assigned to and used by that person.

12. "**Identity**" of a Professional MMA Fighter means that person's name, sobriquet, voice, persona, signature, likeness and/or biographical information.

13. "**Include**," "**Includes**," and "**Including**" shall be construed to mean "without limitation" and should not be construed as limiting the request in any way.

14. "**Meeting**" means, without limitation, any assembly, convocation, encounter, or contemporaneous presence of two or more persons for any purpose, whether planned or arranged, scheduled or not. Meeting attendees may be present in person or by electronic means including, but not limited to, teleconference and videoconference.

15. "**Merchandise**" means any apparel, footwear, hats, publications, posters, photographs, memorabilia, souvenirs, toys, collectibles, action figures, trading cards, video games, and any and all other similar type products, including the sleeves, jackets, and packaging for such products.

16. "**Merchandise Rights**" means the right to use, edit, disseminate, display, reproduce, print,

publish and make any other uses of the name, sobriquet, voice, persona, signature, likeness and/or biographical information (collectively, "Identity") of an MMA Fighter solely in connection with the development, manufacture, distribution, marketing and sale of Licensed Merchandise.

17. "**Mixed Martial Arts**" or "**MMA**" means a competitive individual sport in which competitors use interdisciplinary forms of martial arts that include, *e.g.*, jiu-jitsu, judo, karate, boxing, kickboxing, taekwondo, and/or wrestling to their strategic and tactical advantage in a supervised match. Scoring in live Professional MMA Bouts is based on athletic commission-approved definitions and rules for striking (blows with the hand, feet, knees or elbows) and grappling (submission holds, chokeholds, throws or takedowns).

18. "**MMA Fighter**" means any Person who participates as a combatant in an MMA bout.

19. "**MMA Industry**" means the business of promoting live MMA bouts and may also include the promotion of Pay-Per-View MMA events to generate Pay-Per-View revenues and ticket sales as well as ancillary activities such as: the sale of live and taped television programming, video-on-demand, merchandise (videos, DVDs, video games, apparel, hats, sporting equipment, etc.), event and fighter sponsorships, and the collection of MMA-related copyright and trademark royalties.

20. "**MMA Promoter**" or "**MMA Promotion**" means a person or entity that arranges **Professional MMA Events**.

21. "**Pay-Per-View**" or "**PPV**" means a "**Pay-Per-View**" or "**PPV**" means a type of pay television or broadcast service by which a subscriber of an Internet or television service provider can purchase events to view live via private telecast or Internet broadcast. The events are typically purchased live, but can also be purchased for several weeks after an event first airs. Events can be purchased using an on-screen guide, an automated telephone system, on the Internet or through a live customer service representative.

22. "**Person**" means, without limitation, any natural person, corporation, partnership, limited liability company, proprietorship, joint venture, trust, association, government entity, group or other form of legal entity.

23. "**Plaintiff(s)**" means Kajan Johnson, C.B. Dollaway and Tristen Connelly, and any named plaintiffs in any subsequently filed actions which are related to or consolidated with the Action in the court with jurisdiction over the cases.

24. "**Possession, Custody or Control**" when referring to Documents or other tangible objects means any Document or other tangible object You have access to regardless of whether You have actual possession of the document or other tangible object. This includes Documents You have the legal right to obtain or for which You have control over the person who has control of the Document, including without limitation Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or Your attorneys or their agents, employees, representatives or investigators.

25. "**Post-Bout Event**" means any interviews and press conferences that follow and relate to a Professional MMA Bout.

26. "**Pre-Bout Event**" means training, interviews, press conferences, weigh-ins and behind-the-scenes footage that precede, and relate to, a Professional MMA Bout.

27. "**Professional MMA Bout**" means a bout between two Professional MMA Fighters.

28. "**Professional MMA Event**" means one or more Professional MMA Bouts presented by an MMA Promoter before a live audience and/or for broadcast.

29. "**Professional MMA Fighter**" means an MMA Fighter who is compensated as a combatant in an MMA bout.

30. **Promotional Rights and Ancillary Rights Agreement**" means an Agreement between

Endeavor and a UFC Fighter regarding any combination of rights to site fees, live-gate receipts, advertising fees, sponsorship fees, motion pictures, all forms of radio, all forms of television (including live or delayed, interactive, home or theater, pay, PPV, satellite, closed circuit, cable, subscription, multi-point, master antenna, or other), telephone, wireless, computer, CD-ROM, DVD, any and all Internet applications, films and tapes for exhibition in any and all media and all gauges, including but not limited to, video and audio cassettes and disks, home video and computer games, arcade video games, hand-held versions of video games, video slot machines, photographs (including raw footage, out-takes and negatives), merchandising and program rights, in connection with or based upon the UFC brand, UFC Professional MMA Bouts, UFC Professional MMA Events, UFC Pre-Bout Events, or UFC Post-Bout Events.

31. "**Relating to**," "**referring to**," "**regarding**," or "**with respect to**" mean, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

32. "**Social Media**" means any web-hosted applications that facilitate public posting of words, images or video and audio recordings, and private interactions such as private messaging or email, among users. Examples of Social Media include, without limitation, Twitter, Facebook, YouTube, Instagram, Pinterest, My Space, and Truth Social.

33. "**Sponsor**" means any corporate entity which pays or seeks to pay a monetary consideration to a Professional MMA Fighter or an MMA Promoter in exchange for the right to display its products, logo or other promotional materials in connection with such fighter or promoter; or the act of paying a monetary consideration to a Professional MMA Fighter or an MMA Promoter in

exchange for the right to display a Person's products, logo or other promotional materials in connection with such fighter or promoter.

34. "**TKO**" means TKO Operating Company, LLC and all predecessors, successors, subsidiaries, departments, divisions, and/or affiliates, including without limitation any organization or entity which the responding Defendant manages or controls, together with all present and former directors, members, officers, employees, agents, representatives or any persons acting or purporting to act on behalf of the responding Defendant.

35. "**UFC**" means Zuffa, LLC, Ultimate Fighting Championship, TKO Operating Company, LLC, and all predecessors, successors, subsidiaries, departments, divisions, and/or affiliates, including without limitation any organization or entity which the responding Defendant manages or controls, together with all present and former directors, members, officers, employees, agents, representatives or any persons acting or purporting to act on behalf of the responding Defendant, including: Zuffa Australia, LLC; Zuffa Aviation, LLC; Zuffa Brazil, LLC; Zuffa Canada, LLC; Zuffa Expo, LLC; Zuffa Fit 360, LLC; Zuffa Fitness Elite, LLC; Zuffa Fitness, LLC; Zuffa Holding Company, LLC; Zuffa Interactive Investor, LLC; Zuffa International, LLC; Zuffa Ireland, LLC; Zuffa Landco, LLC; Zuffa Mali, LLC; Zuffa Marketing, LLC; Zuffa Mexico, LLC; Zuffa Music, LLC; Zuffa On Demand, LLC; Zuffa Pipco 1, LLC; Zuffa Records, LLC; Zuffa Taps, LLC; and Zuffa Zen, LLC, and also including all entities that UFC merged with or acquired, such as, e.g., Explosion Entertainment, LLC (d/b/a Strikeforce), World Extreme Cagefighting, World Fighting Alliance, and Pride Fighting Championships.

36. "**UFC Fighter**" means a person who is paid by the UFC for participating in one or more Professional MMA Bouts promoted by the UFC or whose Identity was acquired for use by the UFC.

37. "**You**" or "**Your**" Ariel Emanuel, any organization or entity which **You** manage, control, have an ownership interest in. or are employed by; and any employees, agents, representatives or persons acting or purporting to act on Your behalf.

38. "**Zuffa**," "**UFC**," or "**Defendant**" all mean Ultimate Fighting Championship, UFC, TKO Operating Company, LLC ("**TKO OpCo**") (f/k/a Zuffa Parent LLC), a Delaware limited liability company and the direct subsidiary of TKO Group Holdings, Inc., a Delaware corporation ("**TKO Group Holdings**"), Endeavor Group Holdings, Inc., a Delaware corporation ("**Endeavor**"), and all predecessors, successors, subsidiaries, departments, divisions, acquisitions, affiliates and any organization or entity TKO OpCo or TKO Group Holdings manages or controls, together with all present and former directors, members, officers, employees, agents, representatives or any persons acting or purporting to act on TKO OpCo's behalf including, without limitation, Ariel Emanuel, Dana White, Mark Shapiro, Patrick Whitsell, Ike Lawrence Epstein, Lorenzo Fertitta or Hunter Campbell.

## II.    <u>INSTRUCTIONS</u>

1. In producing Documents, You are requested to furnish all Documents or things in Your possession, custody or control, regardless of the physical location of the Documents, or whether such Documents or other materials are possessed directly by You or Your directors, officers, agents, employees, representatives, managing agents, affiliates, investigators, or by Your attorneys or their agents, employees, representatives or investigators.

2. If any Document covered by these requests is withheld by reason of a claim of attorney-client privilege, attorney work product protection, or any other privilege or protection, please furnish a log providing the following information with respect to each such withheld document: date, author, recipients, general subject matter sufficient to make a prima facie determination

whether the asserted privilege has been properly invoked, and legal basis upon which the document has been withheld.

3.  In producing Documents, You are requested to produce the original of each Document requested, together with all non-identical copies and drafts of such Document. If the original of any Document cannot be located, a copy shall be produced in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

4.  If any requested Document cannot be produced in full, You are to produce it to the extent possible and indicate which Document or portion of such Document is being withheld, and the reason it is being withheld.

5.  Documents not otherwise responsive to these Requests shall be produced if such Documents mention, discuss, refer to, or explain the Documents that are called for by these Requests, or if such Documents are attached to Documents called for by these Requests and constitute routing slips, transmittal memoranda, letters, cover sheets, comments, evaluation or similar materials.

6.  All Documents shall be produced in the same order as they are kept or maintained by You. If any Documents have been removed from the files in which they were found for purposes of producing them in response to these Requests, indicate for each Document the file(s) in which the Document(s) was (or were) originally located.

7.  In responding to these Requests You are to include Documents: (a) obtained from witnesses who gave information to any governmental agency or other investigatory or regulatory body as part of any investigation of the UFC or of the MMA Industry generally; (b) that constitute, or refer or relate to, summaries of testimony or other statements given in connection with such investigations; or (c) obtained on Your behalf by counsel in preparing for testimony or interviews

11

in connection with such investigations.

8.  If a Document once existed and has subsequently been lost, destroyed, or is otherwise missing, please provide sufficient information to identify the Document and state the details concerning its loss.

9.  With respect to any Document maintained or stored electronically, please harvest it in a manner that maintains the integrity and readability of all data, including all metadata.

10. Unless otherwise agreed, all ESI should be produced in native format via a secure file transfer protocol, or on compact disc(s), DVD disc(s) or zip drives in the original electronic file format(s) of the Documents.

11.  Please produce all Documents maintained or stored electronically in native, electronic format with all relevant metadata intact. Encrypted or password-protected documents should be produced in a form permitting them to be reviewed. You are also requested to immediately meet and confer regarding the manner in which You shall produce Documents stored electronically in order for the parties to try and reach agreement in this regard and avoid any unnecessary expense.

12. Please organize electronic Documents produced for inspection in the same manner that You store them (e.g., if maintained by a custodian, such as e-mail residing on an e-mail server, please organize documents for production by custodian; if maintained as a subfolder of "My Documents" on a custodian's hard drive, please organize documents for production by custodian with path information preserved, etc.).

13. All ESI should be produced in accordance with the Stipulated Order Re: Discovery of Electronically Stored Information, approved by the Court on December 6, 2023, ECF No. 115.

14. Documents attached to each other should not be separated, including, but not limited to, hard-copy versions of Documents attached to hard-copy printouts of e-mails produced pursuant to

these Requests.

15. At Your election, documents maintained or stored in paper, hard-copy form can be produced as searchable .PDF (i.e., portable document format files with embedded text) and in an appropriate and usable manner (e.g., by copying such data onto an external hard drive).

16. These requests require production of paper documents in the same form and same order as they are kept in the usual course of business, or organized and labeled to correspond with the requests set forth below. If You choose the former method, the documents are to be produced in the boxes, file folders, binders and other containers in which the documents are found. The titles, labels or other descriptions on the boxes, file folders, binders or other containers are to be left intact.

17. Documents stored as electronic data on magnetic, optical, or other storage media as "active" or "backup" files shall be produced in their native formats with any associated metadata.

18. To the extent responsive Documents reside on databases and other such systems and files, You are requested to produce the relevant database in useable form and/or permit access for inspection, review, and extraction of responsive information.

19. To the extent responsive Documents are in languages other than English, the parties shall meet and confer to discuss the format of production prior thereto.

20. No part of a document request shall be left unanswered merely because an objection was interposed to another part of the document request.

21. If You object to any document request or subpart thereof, the objection shall state with specificity all grounds. Any ground not stated shall be waived.

22.  If You are unable to answer any document request, the reasons for Your inability to answer shall be separately stated in detail for each document request.

23.  Failure to provide information in response to these document requests will be deemed a waiver of Your right to produce such evidence at trial. Plaintiffs reserve the right to move to preclude the introduction of any evidence not produced in response to these requests.

24. Category headings herein are for convenience and should not be relied upon to modify, limit, alter or otherwise influence in any way how to interpret these document requests.

## III.    RELEVANT TIME PERIOD

Unless otherwise noted herein, the relevant time period of these document requests is January 1, 2015, until the present (the "**Relevant Time Period**"). These document requests seek all responsive Documents created or generated during the Relevant Time Period, as well as responsive Documents created or generated outside the Relevant Time Period, but which contain information concerning the Relevant Time Period.

## IV.    PRODUCTION REQUESTS

### Document Request No. 1

Documents sufficient to identify each electronic device that You used to transmit or receive Communications during the Relevant Time Period, including but not limited to cellular telephones, laptop or notebook computers, desktop computers, and portable tablets, including but not limited to Any electronic device that You purchased, that was purchased for You, or that was issued to You by Defendants.

### Document Request No. 2

Documents sufficient to identify the telephone number and provider or carrier of each cellular telephone identified in response to Request No. 1.

### Document Request No. 3

Documents sufficient to identify when You first started using and, if applicable, when You

stopped using, each mobile telephone number identified in response to Request No. 2.

**Document Request No. 4**

Documents sufficient to identify each messaging account or social media account that You used during the Relevant Time Period, including but not limited to Discord, Facebook, Google Chat, iMessage, Instagram, Kik, Microsoft Teams, Reddit, Signal, Skype, Slack, Snapchat, Telegram, TikTok, Truth Social, Whatsapp, WeChat, Zoom, X (Twitter), etc.

**Document Request No. 5**

Documents sufficient to identify All username(s) and social media handle(s) for each account identified in response to Request No. 4

**Document Request No. 6**

Documents sufficient to identify each email account that You used during the Relevant Time Period.

**Document Request No. 7**

All Documents and Communications relating to Your role and activities relating to the distribution of UFC Events, including, without limitation, materials reflecting or describing any strategy for distributing UFC Events, the criteria any broadcast or distribution partners require concerning UFC Events (e.g., whether particular UFC Fighters must be available to appear, whether UFC Fighters of a particular rank must be available to appear, whether any particular UFC Event or proportion or set of UFC Events must include a championship bout), and/or advice or support You provide or provided to the UFC concerning its distribution of UFC Events.

**Document Request No. 8**

All Documents and Communications relating to Your role in producing UFC Events, including materials relating to expenditures You made in connection with such Event production, Your

personnel's roles in UFC Event production, and any contracts or Agreements relating to Your role in producing UFC Events, and any Documents or Communications reflecting Your control or influence over the contents of UFC Events (e.g., which UFC Fighters will appear at the Event, the number and/or timing of UFC Events, the number and/or order of UFC Fighters appearing on a UFC Event card.

## Document Request No. 9

Documents and Communications sufficient to identify all of Your costs and expenses associated with producing UFC Events, including a final profit and loss calculation for each UFC Event.

## Document Request No. 10

All Documents and Communications relating to Your role in operating UFC's Fight Pass streaming platform, including, without limitation, Documents reflecting Endeavor's strategic planning for UFC's Fight Pass platform, Endeavor's employees' roles in operating the UFC's Fight Pass platform, Endeavor's strategy for marketing and selling access to the UFC's Fight Pass platform, all Agreements with third-parties to market and/or sell access to the UFC's Fight Pass platform, and/or any analysis of the UFC's Fight Pass platform's financial and/or market performance.

## Document Request No. 11

All Documents and Communications relating to Your business strategy for the UFC, including but not limited to SWOT analyses, financial analyses, strategies, analyses of UFC Fighter compensation, counterprogramming of other MMA Promoters' Professional MMA Events, assessments of other MMA Promoters' Professional MMA Fighter rosters, and acquisition analyses and strategies.

**Document Request No. 12**

All Documents and Communications relating to any provisions in the UFC's Promotional and Ancillary Rights Agreements with UFC Fighters limiting the UFC's ability to extend the term of the Agreement (e.g., Paragraphs 4.3.2 and 4.4 in ZUFFA-J_00003638 and Paragraph 4.5 in UFC-00086462), including without limitation, the strategic and business purposes of these provisions and any changes thereto over time, evaluations of the effect of these provisions on the UFC's ability (or inability) to retain UFC Fighters under contract, evaluations on the benefits to Endeavor of such provisions, the criteria (and bases for employing such criteria) the UFC has used to determine whether to include such a provision (or not include such a provision) in the Promotional and Ancillary Rights Agreement of any particular UFC Fighter or group of UFC Fighters, and any correspondence or exchanged drafts of UFC Promotional and Ancillary Rights Agreements concerning the UFC Fighters' (or UFC Fighters' agents, managers, or other representatives) desire to include such a provision or make changes to such a provision in a UFC contract proposal.

**Document Request No. 13**

All Documents and Communications relating to the UFC's business strategy for Professional MMA Events and/or Professional MMA Bouts held at UFC Apex, including Documents and Communications discussing the reasons for creating and/or establishing the UFC Apex, how UFC determines which Professional MMA Events and/or Professional MMA Bouts will be held at the Apex, and why any Professional MMA Events and/or Professional MMA Bouts were held at the Apex.

**Document Request No. 14**

All monthly and annual financial documents containing information concerning the business

operations at the UFC Apex, including without limitation all audited financial statements, balance sheets, income statements, profit and loss reports, margin analyses, equity valuations, asset appraisals, financial models, budgets (proposed or otherwise), investor presentations, margin analyses, pro form as, regulatory filings (including income tax returns), issuance of equity or debit, loans, and money owed or receivable, and any other form of financial reporting.

## Document Request No. 15

All Documents and Communications relating to any changes in the form and/or structure of revenues the UFC received for its broadcast rights, including, without limitation, Documents and Communications relating to changes in structure of PPV revenues received by the UFC and paid by ESPN following the UFC's 2019 broadcast rights deal with ESPN, including materials analyzing such changes and any corresponding changes in business practices or operations the UFC considered implementing based on such change in structure.

## Document Request No. 16

All Documents and Communications relating to Your "flywheel"1 as it pertains to the UFC, including without limitation, materials reflecting how "the integration of [Your] broad range of capabilities, along with [Your] owned and managed premium sports and entertainment properties [including the UFC], drives network effects across the Endeavor flywheel," how such network effects "across the Endeavor flywheel" "connect and utilize multiple divisions of Endeavor [including the UFC] maximize the power of [Your] platform [and] creat[e] value for [Your] business, clients and employees," and the ways in which You have "realized top line and cost synergies as [You] have integrated more than 30 acquisitions including IMG, UFC, PBR, 160over90, and On Location." Form 10-K for the fiscal year ended December 31, 2022, of Endeavor Group Holdings, Inc.

**Document Request No. 17**

All Documents and Communications produced by You to any government or government agency in response to any investigative demand or other request from the U.S. Department of Justice, the U.S. Federal Trade Commission, any state regulatory agency, or any foreign regulatory agency related to: (a) Your policies, practices, guidelines, and training directed to compliance with U.S. governmental regulatory agencies, or any foreign regulatory agency, including all Documents concerning the creation of such policies, and any statements signed by Your employees or agents acknowledging their receipt of or compliance with Your compliance policies; (b) the acquisition of Zuffa or any parent of or successor to Zuffa by Endeavor Group Holdings, Inc.; or (c) the merger of Zuffa or any parent of or successor to Zuffa with World Wrestling Entertainment, Inc. (a/k/a WWE) or any parent of or successor to World Wrestling Entertainment, Inc. Explicitly included within the scope of this Interrogatory is any correspondence or documents exchanged between You and the U.S. Department of Justice, including documents reflecting or constituting any Communications with former Assistant Attorney General for the Department of Justice Antitrust Division Makan Delrahim, relating to *Le, et al. v. Zuffa,* LLC, 2:21-cv- 1189-RFB-BNW (D. Nev.).

**Document Request No. 18**

All Documents and Communications produced by You to the U.S. government pursuant to the Hart-Scott-Rodino Antitrust Improvements Act of 1976, Pub. L. No. 94-435, and any second requests, related to the acquisition of Zuffa or any parent of or successor to Zuffa by Endeavor Group Holdings, Inc., or to the merger of Zuffa or any parent of or successor to Zuffa with World Wrestling Entertainment, Inc. (a/k/a WWE) or any parent of or successor to World Wrestling Entertainment, Inc., or the formation of TKO Group Holdings, Inc.

## Document Request No. 19

All Documents and Communications relating to any Agreements between (a) Zuffa and any Professional MMA Fighter, and (b) any other MMA Promoter and any Professional MMA Fighter, including all Agreements concerning competition in Professional MMA Bouts (and any amendments thereto), including Promotional and Ancillary Rights Agreements, Bout Agreements, "side letter" and/or letter Agreements, Merchandise Rights Agreements, sponsorship Agreements, and all Documents and Communications relating to negotiations with any Professional MMA Fighter or any Person purporting to represent a Professional MMA Fighter, including all draft Agreements.

## Document Request No. 20

Each Agreement between you and a Professional MMA Fighter entered into or in effect during the Relevant Time Period.

## Document Request No. 21

All Documents and Communications evidencing the negotiation of any Agreement responsive to the preceding Request.

## Document Request No. 22

All Documents and Communications consisting of or relating to Your discussion, analysis, interpretation or characterization of any Agreement, and the negotiation thereof, responsive to Request No. 21.

## Document Request No. 23

All arbitration clauses or class action waivers between You and any Professional MMA Fighters, whether set forth in an Agreement or otherwise, and all Documents and Communications relating to any such arbitration clause or class action waiver, including without limitation analyses, draft

proposed clauses, analyses of such clauses, white papers, reports, slide presentations, or discussions regarding the reasons for, or potential benefits to Zuffa or Endeavor or anyone else of, including arbitration clauses and/or class action waivers in Your Agreements with Professional MMA Fighters.

## Document Request No. 24

All Documents and Communications evidencing the negotiation of any Agreement responsive to the preceding Request.

## Document Request No. 25

All Documents and Communications consisting of or relating to Your discussion, analysis, interpretation or characterization of any arbitration clause or class action waiver, and/or the negotiation thereof.

## Document Request No. 26

All Documents and Communications relating to market research about the MMA Industry, including but not limited to, analysis or research regarding relative market share of MMA Promoters, barriers to expansion for MMA Promoters, barriers to entry for would-be MMA Promoters, and growth projections for the MMA Industry and/or MMA Promoters individually or in any groupings.

## Document Request No. 27

All Documents and Communications relating to non-Zuffa/non-UFC MMA Promoters (considered individually or as a group), including but not limited to SWOT analyses, financial analyses, strategies, counterprogramming of other MMA Promoters' Professional MMA Events, analyses and/or commentary or assessments of their Professional MMA Fighter rosters, and acquisition analyses and strategies.

**Document Request No. 28**

All Documents and Communications relating to any Agreement that UFC had with another MMA Promoter, including but not limited to Agreements to license content, Agreements to buy or sell athlete contracts, and Agreements to release Professional MMA Fighters from their contracts if UFC offers the Professional MMA Fighter a contract.

**Document Request No. 29**

All Documents and Communications relating to the potential sale of Zuffa or any portion thereof (or interest therein), including any Communications with or Documents created by You or any third party, including without limitation any prospectuses, proposals, confidential information memoranda, credit assessments, due diligence requests, Documents or Communications created, collected, placed in data rooms, or produced in response to due diligence requests, offers, negotiations, memoranda of understanding, and all other Documents or Communications relating in any way to the potential sale, acquisition, merger or transfer of Zuffa or any portion thereof or interest therein

**Document Request No. 30**

All Documents and Communications (exclusive of Documents and Communications produced in response to Request No. 29) relating to the purchase by You of a majority stake in Zuffa on or around August 18, 2016, including Communications with or Documents created by Zuffa, LLC or any third party, and including without limitation any executed Agreements, draft Agreements, memoranda of understanding, offers, prospectuses, proposals, confidential information memoranda, credit assessments, supporting schedules, all Documents and Communications relating to negotiations, due diligence requests, including Documents or Communications created, collected, placed in data rooms, or produced in response to due diligence requests, all

regulatory filings, registration documents, and any other Documents or Communications sent to or received by You relating to any U.S., state, or local agency, and all other Documents and Communications relating in any way to Your purchase of a majority stake in Zuffa on or around August 18, 2016.

## Document Request No. 31

Documents and Communications sufficient to show all Persons that were part of the "buyer group" as that term is used on page F-12 of the Form S-1 Securities Registration Statement filed on September 15, 2023, by TKO Group Holdings, Inc., which states in relevant part, "On August 18, 2016, a buyer group that included Endeavor Operating Company, LLC ("EOC"), affiliates of Silver Lake Partners ("SLP"), affiliates of Kohlberg Kravis Roberts & Co. ("KKR") and certain other investors (including certain existing owners as rollover investors) (the "buyer group") acquired 100% of the equity interests of Zuffa [defined as "Zuffa Parent, LLC andits subsidiaries"] . . . ," including Documents and Communications sufficient to show the name, title, business affiliation, business address, and relative ownership share acquired by each such Person. For clarity, the requested Documents and Communications should Identify and provide the requested information for each individual "affiliate" of SLP and KKR, and each individual "other investor" or "rollover investor" that is part of the "buyer group."

## Document Request No. 32

All Documents and Communications relating to the purchase of the remaining portion of Zuffa by Endeavor in or around 2021, including any Communications with or Documents created by any third party, and including without limitation any executed Agreements, draft Agreements, memoranda of understanding, offers, prospectuses, proposals, confidential information memoranda, credit assessments, supporting schedules, all Documents and Communications

23

relating to negotiations, due diligence requests, Documents and Communications created,
collected, placed in data rooms, or produced in response to due diligence requests, all regulatory
filings, registration documents, and any other Documents or Communications sent to or received
by You relating to any U.S., state, or local agency, and all other Documents and
Communications relating in any way to Your acquisition of the remaining portion of Zuffa in or
around 2021.

## Document Request No. 33

All Documents and Communications relating to the acquisition, sale, merger, or transfer of
World Wrestling Entertainment, Inc. by You in 2023, including any Communications with or
Documents created by any third party, and including without limitation any executed
Agreements, draft Agreements, memoranda of understanding, offers, prospectuses, proposals,
confidential information memoranda, credit assessments, all Documents and Communications
relating to negotiations, due diligence requests, Documents and Communications created,
collected, placed in data rooms, or produced in response to due diligence requests, all regulatory
filings, registration documents, and any other Documents or Communications sent to or received
by You relating to any U.S., state, or local agency, and all other Documents and
Communications relating in any way to the acquisition and merger of World Wrestling
Entertainment, Inc. by You in 2023.

## Document Request No. 34

All Agreements, supporting schedules, and financial information and/or analyses prepared in
connection with the formation of TKO in 2023.

## Document Request No. 35

All Documents and Communications relating to any efforts by You or made on Your behalf to

raise capital, including but not limited to loans or issuance of debt or equity, and including without limitation any Agreements, draft Agreements, negotiations, investor presentations, prospectuses, confidential information memoranda, credit assessments, due diligence requests, Documents and Communications created, collected, placed in data rooms, or produced in response to due diligence requests, and all other documents and communications related in any way to efforts to raise capital, regardless of whether any loan was actually obtained or any debt or equity was actually issued.

## Document Request No. 36

All Documents and Communications relating to arbitration clauses or class action waivers in Agreements with Professional MMA Fighters, including without limitation analyses, draft proposed clauses, analyses of such clauses, white papers, reports, slide presentations, or discussions regarding the reasons for, or potential benefits to Zuffa or Endeavor or anyone else of, including arbitration clauses and/or class action waivers in Your Agreements with Professional MMA Fighters.

## Document Request No. 37

Documents and Communications sufficient to Identify each of Your employees or agents or anyone purporting to act on Your behalf involved in approving or negotiating the terms of any Agreement, or proposed Agreement, for all or part of Zuffa to be acquired by Endeavor or by anyone else.

## Document Request No. 38

Documents and data (including structured or unstructured data) sufficient to show Your financial data, including at a minimum Your costs, revenue, income, EBITDA, assets, debits, borrowing costs, and profits, by month and by year, at the most granular level such documents and data are

maintained.

## Document Request No. 39

All monthly and annual financial documents created or maintained by You or on Your behalf, including without limitation all audited financial statements, all internally prepared and consolidating financial statements for Endeavor, including financial statements for the UFC portion of the Owned Sports Properties segment (including without limitation balance sheet, income statement, and statement of cash flows), balance sheets, income statements, profit and loss reports, margin analyses, equity valuations, asset appraisals, financial models, budgets (proposed or otherwise), investor presentations, margin analyses, pro formas, regulatory filings (including income tax returns), issuance of equity or debit, loans, and money owed or receivable, and any other form of financial reporting.

## Document Request No. 40

For each year of the Relevant Time Period, Documents sufficient to show beneficial ownership in Zuffa, TKO Group Holdings, Inc. and Endeavor, and any parent of or successor to Zuffa, TKO Group Holdings, Inc. and Endeavor, including any changes thereto. This Request includes Documents sufficient to show the percentage of any stock or other interests owned by each Person holding a beneficial ownership interest and the consideration paid for such interest.

## Document Request No. 41

Documents and data sufficient to show all compensation including salary, bonuses, expense reimbursements, aviation expenses, distributions, dividends, stock awards, loans (including information about repayment or forgiveness), management fees, board fees, and all other compensation of any kind to all Endeavor and Zuffa senior executives, board members, directors, beneficial owners, and shareholders holding more than a 5% interest in Endeavor, Zuffa, or TKO

Group Holdings, Inc., including the date the compensation was paid, the dollar value, the date of

vesting, accrual, or maturation of the compensation (if applicable), the source of the

compensation (e.g., from a debt issuance or from corporate profits), the reason given (if any) for

the compensation, and the relative share received by each Person receiving compensation.

## Document Request No. 42

Documents and data sufficient to show any non-monetary benefits bestowed on any beneficial

owners of Endeavor, Zuffa, or TKO Group Holdings, Inc., including without limitation: (a)

travel in private jets owned, leased, or paid for by You; (b) use of houses, apartments, vacation

properties, or other real estate owned, leased, or paid for by You; (c) use of motor vehicles

owned, leased, or paid for by You;(d) tickets for sporting events or other entertainment events

paid for by You; and/or (e) any other item, service, amenity, activity, or privilege provided to

one or more of the beneficial owners at Your expense.

## Document Request No. 43

For each year of the Relevant Time Period, Documents sufficient to show Your corporate

structure, including the organization of each division, department, unit or subdivision, parent,

subsidiary, joint venture or affiliate of Your company. This request includes without limitation

organizational charts, investor or debtor presentations, government filings, internal

communications, and any Documents sufficient to show each Employee or executive with

managerial responsibilities relating to the UFC.

## Document Request No. 44

All Documents constituting, referencing, or relating to issuance of debt as it relates to your

acquisition of WWE and UFC.

**Document Request No. 45**

 Documents sufficient to show how You arrived at a valuation of $21 billion for TKO Group

Holdings, Inc. as stated in your April 3, 2023 press release.

**Document Request No. 46**

All Documents referencing or relating to all financial activity relating to the UFC, including

balance sheets, income statements, regulatory filings (including income tax returns for Zuffa and

any of its affiliates), issuance of equity or debit, loans, and money owed or receivable

**Document Request No. 47**

All Documents referencing or relating to all financial activity relating to the TKO Group

Holdings, Inc. and its subsidiaries and affiliates, including balance sheets, income statements,

regulatory filings (including income tax returns for Zuffa and any of its affiliates), issuance of

equity or debit, loans, and money owed or receivable.

**Document Request No. 48**

All Documents referencing or relating to Your transactional data, at the most granular level

possible, for each UFC Professional MMA Event held during the Relevant Time Period,

sufficient to show at a minimum the following:

a)  total gate receipts from each UFC Professional MMA Event during the Relevant Time
    Period, broken down by event;

b)  total attendance at each UFC Professional MMA Event during the Relevant Time Period,
    broken down by event

c)  total revenues from each PPV broadcast of UFC Professional MMA Event during the
    Relevant Time Period, broken down by event;

d)  total revenues from non-PPV broadcast of UFC Professional MMA Event during the

Relevant Time Period, broken down by event and by contracted broadcaster (e.g., ESPN, Fox, Spike, etc.)

e) total revenues from closed circuit broadcast to commercial venues such as bars, restaurants, or theaters of each UFC Professional MMA Event during the Relevant Time Period, broken down by event;

f) total revenues derived from the sale of advertising during all broadcasts of UFC Professional MMA Events, whether PPV or non-PPV, during the Relevant Time Period, broken down by month and year, by PPV or non-PPV, and by advertiser

g) total revenues derived in any way from the Promotional and Ancillary Rights, as described in Your Promotional and Ancillary Rights Agreements with MMA Fighters, relating to all professional MMA Fighters who have been under contract with the UFC at any time during the Relevant Time Period, broken down by month and year;

h) total revenues derived from Agreements with sponsors of the UFC or of the Professional MMA Fighters who have been under contract with the UFC at any time during the Relevant Time Period;

i) total revenues by event;

j) the gross and net price paid by customers for transactions by unit, subscription, and/or ticket for a single Pay-Per-View, ticket to a live event, or UFC Fight Pass subscription;

## Document Request No. 49

Documents and data in as granular form as the information is maintained, sufficient to show any and all compensation paid to each UFC Fighter individually for each UFC Professional MMA Bout that the UFC Fighter participated in during the Relevant Time Period, on a fighter-by-fighter basis, broken down by Professional MMA Bout (so that each UFC Fighter's

compensation data is available in one Document or sequence of Documents, and it is produced with sufficient granularity so that the compensation is clearly attributed to the UFC Professional MMA Bout at which the Fighter earned it), as follows:

a) the date and location of each UFC Professional MMA Bout the UFC Fighter participated in during the Relevant Time Period, and

b) the base salary the UFC Fighter received for each UFC Professional MMA Bout he or she participated in during the Relevant Time Period;

c) all bonuses the UFC Fighter received for each UFC Professional MMA Bout he or she participated in during the Relevant Time Period (including, but not limited to any and all discretionary bonuses or payments, fight of the night, performance of the night, knockout and submission of the night bonuses), broken down by each bonus received for each Professional MMA Event

d) all broadcast royalties the UFC Fighter received (if any) for each UFC Professional MMA Bout he or she participated in during the Relevant Time Period, broken down so that the broadcast royalties are traceable to a particular UFC Professional MMA Bout (to be clear, if the UFC Fighter received broadcast royalties from more than one UFC Professional MMA Bout, the broadcast royalties should be clearly attributed to the specific UFC Professional MMA Bout from which they were generated);

e) any other form of compensation the UFC Fighter received for each UFCProfessional MMA Bout he or she participated in during the Relevant Time Period; and,

f) Pay-Per-View shares the UFC Fighter received for each UFC Professional MMA Bout he or she participated in during the Relevant Time Period.

**Document Request No. 50**

Profit and loss statements (including identity of participating fighters and compensation paid to each) for each UFC Professional MMA Event.

**Document Request No. 51**

Documents sufficient to show Your actual costs for presenting UFC Professional MMA Events, down to as granular a level as possible, including without limitation venue costs, promotional costs, compensation for UFC Fighters, insurance, safety, and all other costs incidental to presenting UFC Professional MMA Events.

**Document Request No. 52**

Documents sufficient to show Your actual costs for presenting UFC Professional MMA Bouts, down to as granular a level as possible, including without limitation venue costs, promotional costs, compensation for UFC Fighters, insurance, safety, and all other costs incidental to presenting UFC Professional MMA Bouts.

**Document Request No. 53**

Documents sufficient to show Your actual costs involved in promoting the UFC as a brand.

**Document Request No. 54**

All Documents relating to materials produced by third party analysts or consultants regarding Zuffa or any successor to Zuffa, including without limitation reports that analyze or project demand, revenues, income, profits, or market share. Documents responsive to this Request include both documents produced by such third party analysts or consultants (including both those retained by You and those producing such materials without an Agreement with You) and any comments, edits, or drafts of such materials or other documents You created and submitted to such third party analysts or consultants.

**Document Request No. 55**

All documents created by You or by third party analysts or consultants regarding competition among MMA Promoters or would-be MMA Promoters for (a) the purchase of MMA Fighter services and (b) promotion of Professional MMA Events generally, including without limitation reports that analyze or project demand, revenues, income, profits, or market share.

**Document Request No. 56**

All Documents referencing or relating to comparison of compensation models or Agreements between the UFC and other major professional sports, including without limitation boxing, pro wrestling, football, basketball, and baseball.

**Document Request No. 57**

All Agreements (and any amendments thereto) entered into between You and any MMA Promoter relating to the acquisition of assets, equity, or other interests of any MMA Promoter, and all Documents referencing or relating to the potential or actual acquisition of assets, equity, or interests of any MMA Promoter, including, but not limited to, internal strategy documents, projections, cost-benefit analyses, cost estimates, and all Agreements or contracts (and any amendments thereto).

**Document Request No. 58**

Documents sufficient to identify each Person involved in approving or negotiating the terms of any Agreements or potential Agreements for the acquisition or potential acquisition of assets, or equity, or interests of any MMA Promoter.

**Document Request No. 59**

All Documents relating to the sale of equity in Zuffa to Flash Entertainment, a wholly owned subsidiary of Abu Dhabi.

**Document Request No. 60**

Documents sufficient to Identify each Person or entity You consider to be, or considered to have been, an actual or potential competitor of the UFC for (a) the purchase of MMA Fighter services, and/or (b) the promotion of live Professional MMA Events in the United States or abroad.

**Document Request No. 61**

Documents or data sufficient to calculate the actual or potential market share held by the UFC and each of the UFC's actual or potential competitors (as Identified in Request No. 53) in terms of total revenue by region (US, North America, South America, Europe, Asia, and any others) derived from the promotion of live Professional MMA Bouts and all other income sources, including without limitation merchandising, licensing, sponsorships, advertising, video games, and other income sources based on the use of Professional MMA Fighters' Identities.

**Document Request No. 62**

Documents or data sufficient to Identify the actual and/or estimated share of Professional MMA Fighters' services, by both dollar amount and number of fighters, for the purchase of the services of Professional MMA Fighters by the UFC and each of Your actual or potential competitors identified in your response to Request No. 53 by region (US, North America, South America, Europe, Asia, and any others).

**Document Request No. 63**

All Documents and data referencing or relating to the determination of Professional MMA Fighter compensation by the UFC in the promotion of live Professional MMA Events and all other income sources, including without limitation merchandising, licensing, sponsorships, advertising, video games, and other income sources based on the use of Professional MMA Fighters' Identities.

33

**<u>Document Request No. 64</u>**

All Documents and data referencing or relating to the determination of Professional MMA

Fighter compensation by any of the UFC's actual and potential competitors (identified in your

response to Request No. 60, above) in the promotion of live Professional MMA Events and all

other income sources, including without limitation merchandising, licensing, sponsorships,

advertising, video games, and other income sources based on the use of Professional MMA

Fighters' Identities.

**<u>Document Request No. 65</u>**

All Documents analyzing, discussing, or relating to the competitive strengths or weaknesses of

actual or potential competitors (identified in your response to Request No. 60 or otherwise,

above) in the promotion of live Professional MMA Events and/or in the purchase of the services

of Professional MMA Fighters.

**<u>Document Request No. 66</u>**

All Documents referencing or relating to communications and/or negotiations with any sponsors

or advertisers in connection with Your acquisition of WWE and/or UFC.

**<u>Document Request No. 67</u>**

All Documents and Communications referencing or relating to any Agreements entered into by

You relating to Venues for Professional MMA Events, including all Agreements, all draft

Agreements, and all Documents and Communications relating to negotiation of such Agreements

or draft Agreements.

**<u>Document Request No. 68</u>**

All Documents and Communications relating to the drafting of and the reasoning behind the

"Exclusivity Clause" in UFC Bout Agreements, which binds UFC Fighters into a restricted

relationship with the UFC and prohibits them from appearing in Professional MMA Bouts televised or organized by actual or potential rival promotions unless approved by the UFC.

## Document Request No. 69

All Documents and Communications referencing or relating to the drafting of and the reasoning behind the "Champion's Clause" in UFC Bout Agreements, which allows the UFC to extend a UFC Fighter's contract for as long as the athlete is a "champion" in his or her weight class.

## Document Request No. 70

All Documents and Communications referencing or relating to the drafting of and the reasoning behind the "Right to First Offer" and "Right to Match" Clauses in UFC Bout Agreements, which grant the UFC the option to match the financial terms and conditions of any offer made to a UFC Fighter for a Professional MMA Bout even after the UFC Fighter's contract has expired.

## Document Request No. 71

All Documents and Communications referencing or relating to the drafting of and the reasoning behind the "Ancillary Rights Clause" in the Promotional and Ancillary Rights Agreements, which grants the UFC exclusive and perpetual worldwide personality and Identity rights of the UFC Fighter.

## Document Request No. 72

All Documents and Communications referencing or relating to the drafting of and the reasoning behind the "Promotion Clause" in the Promotional and Ancillary Rights Agreements, which requires UFC Fighters to attend, cooperate, and assist in the promotion of Professional MMA Bouts in which they fight and, as required by the UFC, any other Professional MMA Bouts, Professional MMA Events, broadcasts, press conferences and sale of UFC Licensed Merchandise.

**Document Request No. 73**

All Documents and Communications referencing or relating to the drafting of and the reasoning behind the "Retirement Clause" which gives the UFC the power "to retain the rights to a retired fighter in perpetuity."

**Document Request No. 74**

All Documents and Communications referencing or relating to the drafting of and the reasoning behind the tolling provisions, which extend the term of a UFC Fighter's contract during periods when he or she is injured, retired, or otherwise declines to compete.

**Document Request No. 75**

All Documents and Communications referencing or relating to the drafting of and the reasoning behind the "Sponsorship and Endorsement Clause," which appears to grant the UFC sole discretion over all sponsorship and endorsement approvals.

**Document Request No. 76**

All Documents and Communications analyzing or quantifying the overall impact or effect of the contractual clauses in Zuffa or Endeavor's Promotional and Ancillary Rights Agreements on (a) UFC Fighters' mobility or compensation, and/or (b) the ability of Zuffa's competitors (as identified in your response to Request No.60, supra, or otherwise) to compete for Professional MMA Fighters services or to promote Professional MMA Events that can successfully compete against Zuffa or Endeavor.

**Document Request No. 77**

Documents sufficient to identify each of Your Employees or agents involved in approving or negotiating the terms of each of Your Agreements with any Professional MMA Fighters.

**Document Request No. 78**

All Documents and Communications relating to any Agreements between You and any other MMA Promoter (past or present) relating to a Professional MMA Fighter's services, including without limitation all executed Agreements (and any amendments thereto), draft Agreements, and all Documents and Communications relating to the negotiation of such agreements, regardless of whether an Agreement was executed.

**Document Request No. 79**

Documents sufficient to identify each of Your Employees or agents involved in approving or negotiating the terms of any Agreements or potential Agreements with any other MMA Promoter (past or present) relating to the provision of Professional MMA Fighter services.

**Document Request No. 80**

All Documents and Communications constituting or relating to Agreements between You and any broadcaster of professional MMA events (including PPV and non-PPV Professional MMA Events), including without limitation all executed Agreements (and any amendments thereto), draft Agreements, and all Documents and Communications relating to the negotiation of such Agreements, Documents and Communications analyzing the terms of any actual or potential such Agreement, regardless of whether an Agreement was executed.

**Document Request No. 81**

Documents sufficient to identify each of Your Employees and agents involved in approving or negotiating the terms of any Agreements or potential Agreements with any broadcaster of Professional MMA Events (including PPV).

**Document Request No. 82**

All Documents and Communications relating to Agreements between You and any sponsors of

the UFC or of the Professional MMA Fighters under contract with the UFC, including without limitation all executed Agreements (and any amendments thereto), draft Agreements, and all Documents and Communications relating to the negotiation of such Agreements, regardless of whether an Agreement was executed.

## Document Request No. 83

Documents sufficient to identify each of Your Employees and/or agents involved in approving or negotiating the terms of any Agreements or potential Agreements with any sponsors of the UFC or the Professional MMA Fighters under contract with the UFC.

## Document Request No. 84

All Documents referencing or relating to the ability of any UFC Fighter to switch to and/or fight for, an actual or potential rival promotion. Responsive Documents include, but are not limited to, Documents referencing or relating to the costs to UFC Fighters and/or their managers or promoters associated with such a switch, any requirements or obligations imposed by a contract between the UFC and UFC Fighters, and/or Documents concerning communications or negotiations between the UFC and UFC Fighters with respect to a switch or potential switch from the UFC to a rival MMA Promoter.

## Document Request No. 85

All communications between you and anyone else referencing or relating to this lawsuit or *Le, et al. v. Zuffa, LLC,* 2:21-cv-1189-RFB-BNW (D. Nev.), or any of the named plaintiffs in either of those cases, exclusive of any communications protected by the Attorney/Client Privilege.

## Document Request No. 86

All Documents referencing or relating to indemnification or defense (corporate or individual), judgment sharing, joint defense, liability or responsibility for judgment in this action, for You

and any of your officers, including by way of example not limitation, indemnity Agreements, joint defense Agreements, judgment sharing Agreements, tenders of defense, denials or reservations of rights.

## Document Request No. 87

All Documents referencing or relating to any websites operated by You or on Your behalf, including Documents sufficient to show who had responsibility for creating, maintaining, and adding or deleting content (including any private messaging) to or from such websites.

## Document Request No. 88

Documents sufficient to identify each Person responsible for any Social Media account operated by or on behalf of Zuffa, including documents sufficient to show who had responsibility for creating, maintaining, and adding or deleting content (including any private messaging) to or from such Social Media accounts.

## Document Request No. 89

All contracts or Agreements between the UFC and any Social Media organization.

## Document Request No. 90

All Documents and Communications relating to any content posted to any website or Social Media relating to UFC Professional MMA Bouts, including Pre-Bout Event promotional content and Post-Bout Event content.

## Document Request No. 91

All Documents, including any content posted to any website or Social Media, referencing or relating to the Professional MMA Fighters under contract with the UFC.

## Document Request No. 92

All Documents, including any content posted to any website or Social Media, referencing or

relating to any Professional MMA Fighters not under contract with the UFC.

**Document Request No. 93**

All Documents, including any content posted to any website or Social Media, referencing or relating to any other MMA promoter, including without limitation any references to UFC's acquisition or potential acquisition of any other MMA promoter.

**Document Request No. 94**

All Documents referencing or relating to Zuffa's registration with any regulatory bodies governing the MMA industry. Include all Documents referencing or relating to any suspensions of Zuffa for any reason by any government agency or any Person responsible for regulation, supervision, licensing, permitting or safety of Professional MMA Bouts and Professional MMA Fighters.

**Document Request No. 95**

All Documents and Communications relating to Meetings or the business of Your Board of Directors, including without limitation all agendas, minutes, presentations, Agreements, and resolutions created by or for the Board of Directors, and including all Documents and Communications directed to and presented by management or outside professionals, which address capital raises, business combinations, dividends and any other executive compensation matters.

**Document Request No. 96**

All Documents and Communications reflecting or relating to Your relationship with Mubadala Investment Company, Khaldoon Al Mubarak, or any other executive, employee, agent, or representative of Mubadala Investment Company, including without limitation all Documents and Communications reflecting or relating to any financial transactions between You and

Mubadala, including without limitation any loans, purchases of equity or other ownership shares, purchases of any debt, the provision of any gifts or any other unilateral provision of anything of value, or any other transfer or exchange involving capital and/or anything of value.

## Document Request No. 97

All Documents and Communications relating to the production of any Professional MMA Event in or on any location owned or controlled by Abu Dhabi, United Arab Emirates.

## Document Request No. 98

"All Communications between You and Silver Lake Group, LLC ("SLP"), including any of its predecessors, successors, affiliates, or any Person SLP manages or controls, along with their executives, employees, agents, or representatives, relating to the acquisition of Zuffa, LLC or the merger of Zuffa Parent LLC with World Wrestling Entertainment.

## Document Request No. 99

All Communications between You and Kohlberg Kravis Roberts & Co. ("KKR"), including any of its predecessors, successors, affiliates, or any Person KKR manages or controls, along with their executives, employees, agents, or representatives, relating to the acquisition of Zuffa, LLC or the merger of Zuffa Parent LLC with World Wrestling Entertainment.

## Document Request No. 100

All Communications between You and MSD Capital, L.P. ("MSD") or its successor DFO Management ("DFO"), including any of its predecessors, successors, affiliates, or any Person MSD or DFO manages or controls, along with their executives, employees, agents, or representatives, relating to the acquisition of Zuffa, LLC or the merger of Zuffa Parent LLC with World Wrestling Entertainment.

1  WILLIAM A. ISAACSON (*Pro hac vice*)         CHRISTOPHER S. YATES (*Pro hac vice*)
   wisaacson@paulweiss.com                      chris.yates@lw.com
2  KAREN L. DUNN (*Pro hac vice*)               AARON T. CHIU (*Pro hac vice*)
   ldunn@paulweiss.com                          aaron.chiu@lw.com
3  JESSICA PHILLIPS (*Pro hac vice*)            LATHAM & WATKINS LLP
   jphillips@paulweiss.com                      505 Montgomery Street, Suite 2000
4  PAUL, WEISS, RIFKIND, WHARTON &              San Francisco, CA 94111
   GARRISON LLP
5  2001 K Street, NW                            SEAN M. BERKOWITZ (*Pro hac vice*)
   Washington, DC 20006                         sean.berkowitz@lw.com
6                                               LATHAM & WATKINS LLP
   DONALD J. CAMPBELL (No. 1216)                330 North Wabash Ave, Suite 2800
7  djc@campbellandwilliams.com                  Chicago, IL 60611
   J. COLBY WILLIAMS (No. 5549)
8  jcw@campbellandwilliams.com                  LAURA WASHINGTON (*Pro hac vice*)
   CAMPBELL & WILLIAMS                          laura.washington@lw.com
9  700 South 7th Street                         LATHAM & WATKINS LLP
   Las Vegas, NV 89101                          10250 Constellation Blvd, Suite 1100
10                                              Los Angeles, CA 90067

11                                              *Attorneys for Defendants Zuffa, LLC, TKO*
                                                *Operating Company, and Endeavor Group*
12                                              *Holdings, Inc.*

13                 **UNITED STATES DISTRICT COURT**

14                      **DISTRICT OF NEVADA**

15

16
   KAJAN JOHNSON, CLARENCE DOLLAWAY,            Case No.: 2:21-cv-01189-RFB-BNW
17 and TRISTAN CONNELLY on behalf of themselves
   and all others similarly situated,          **NON-PARTY ARIEL EMANUEL'S**
18                                              **RESPONSES AND OBJECTIONS TO**
                      *Plaintiffs*,             **PLAINTIFFS' SUBPOENA TO**
19                                              **PRODUCE DOCUMENTS,**
                      v.                        **INFORMATION, OR OBJECTS OR**
20                                              **TO PERMIT INSPECTION OF**
   Zuffa LLC, TKO Operating Company, LLC f/k/a  **PREMISES IN A CIVIL ACTION**
21 Zuffa Parent LLC (d/b/a Ultimate Fighting
   Championship and UFC) and Endeavor Group
22 Holdings, Inc,

23                    *Defendants*.

24

25

26

27

28

1    This case is a purported class action, but none of the Named Plaintiffs can represent a class

2  since the majority of fighters within the putative class signed arbitration agreements and class

3  action waivers.  *See, e.g., O'Connor v. Uber Technologies, Inc.*, 904 F.3d 1087, 1094 (9th Cir.

4  2018).  Those basic facts led counsel for the Named Plaintiffs to say "the reality is the claim has

5  little value" precisely "because the UFC started implementing arbitration clauses."  *Le et al. v.*

6  *Zuffa, LLC et al.*, Case No. 2:15-cv-01045, ECF 1036 at 86:17-87:10.  Since their claim admittedly

7  has no value and cannot be pursued on a class basis, Plaintiffs have decided to try to use discovery

8  as a weapon, presumably as part of an effort to generate leverage.  This subpoena to non-party

9  Ariel Emanuel is part of that effort.  Plaintiffs' subpoena contains **95** requests for production (the

10  "Requests")—89 of which are identical to requests served upon defendants.    Including

11  Mr. Emanuel, Plaintiffs have also propounded the same exact non-party subpoena to twenty-eight

12  non-parties and are seeking documents in response to over 2,500 requests for production.

13    Pursuant to Rules 26, 34, and 45 of the Federal Rules of Civil Procedure, non-party Ariel

14  Emanuel, objects to Plaintiffs' subpoena as it is neither proper, proportional to the needs of this

15  case, or appropriate given the protections afforded non-parties under Rule 45(d).  Accordingly,

16  Mr. Emanuel will not produce any documents in response to these Requests unless a court orders

17  otherwise.

18                                   **<u>GENERAL OBJECTIONS</u>**

19    1.    Emanuel objects to the entirety of the 95 Requests that Plaintiffs have directed to

20  Emanuel to the extent the subpoena falls outside the territorial limits of the Court's jurisdiction.

21    2.    Emanuel objects to the entirety of the 95 Requests that Plaintiffs have directed to

22  non-party Emanuel as contradicting Plaintiffs' representation to the Court that they would require

23  only "limited discovery" in connection with this case and would only "request some limited

24  discovery." Pls.' Statement at 5-6, Discovery Plan, ECF No. 51. There is nothing "limited" about

25  95 Requests for Production that Plaintiffs have propounded to a non-party, many of which include

26  unbounded requests for "all documents" or "all communications."

27    3.    The following general objections ("General Objections") are incorporated in

28  Emanuel's Responses to each and every Request (the "Specific Objections"). The fact that

1   Emanuel's Response to an individual Request specifically refers to one or more of the General

2   Objections does not mean that the other General Objections do not apply to that Request and does

3   not waive any of the other General Objections with respect to that Request. No Response to any

4   Request or any subpart of any Request is, or shall be deemed to be, a waiver of any of Emanuel's

5   General Objections.

6        4.    Emanuel provides these Responses based on his interpretation and understanding

7   of each Request. Emanuel reserves the right to amend and/or supplement his Responses in the

8   event that Plaintiffs assert an interpretation that differs from Emanuel's interpretation.

9        5.    Emanuel makes these Responses based on facts reasonably known at the time of

10  answering these Requests. Emanuel's investigation of the facts relating to this case is ongoing and,

11  thus, further discovery, investigation, research, and analysis may supply additional facts, which

12  may alter the contentions and disclosures herein. Emanuel reserves the right to supplement or

13  amend these Responses in such an event. However, Emanuel reserves the right not to supplement

14  his Responses to the extent additional or corrective information has otherwise been made known

15  during the discovery process or in writing, pursuant to Federal Rule of Civil Procedure

16  26(e)(1)(A).

17       6.    Emanuel objects to the Requests on the grounds that they are premature as Plaintiffs

18  have not exhausted party discovery. The information sought can initially be addressed through

19  standard party discovery channels. Any commitment to produce any materials in response to these

20  Requests, if any, is expressly conditioned on Plaintiffs first seeking these documents from the

21  named parties through the traditional discovery channels.

22       7.    Emanuel objects to the Requests, and to the instructions and definitions contained

23  therein, to the extent that they seek to impose duties or obligations beyond those imposed by the

24  Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the

25  District of Nevada, the case law interpreting each of them, or any other laws or rules applicable to

26  proceedings in this Court.

27       8.    Emanuel objects to the Requests as they call for the production of documents that

28  are duplicative of documents already being sought from Zuffa, TKO, or Endeavor, and not likely

to lead to the production of unique materials from Emanuel.

9.      Emanuel objects to the Requests to the extent that they call for the production of documents that are in whole or in part protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or the joint-defense or common-interest privilege; were prepared in anticipation of litigation or trial; or are subject to any other privilege, protection or immunity applicable under governing law. Emanuel will not produce documents protected by such privileges. To the extent that any Request may be construed as calling for the production of documents or responses that are subject to any such claim of privilege, Emanuel hereby asserts the applicable privilege, immunity, or protection. Specific Objections on the grounds of privilege are provided for emphasis and clarity only, and the absence of a Specific Objection is neither intended, nor should be interpreted, as evidence that Emanuel does not object to a specific Request on the basis of an applicable privilege, immunity, or protection. Any disclosure of any such privileged or protected material in response to any Request is inadvertent and not intended to waive those privileges and protections. Emanuel reserves the right to demand that Plaintiffs return, destroy, or sequester any privileged or protected documents produced and all copies thereof consistent with Federal Rule of Civil Procedure 26(b)(5)(B).

10.      Emanuel objects to the Requests to the extent that they seek documents not within Emanuel's possession, custody, or control or purport to require Emanuel to create documents not currently in his possession, custody, or control. Emanuel further objects to the Requests to the extent that they seek information that Plaintiffs equally may otherwise obtain from parties to the Action, public sources or, with less burden or expense, by using other means of discovery.

11.      Emanuel objects to the Requests to the extent that they seek responses from persons or entities other than non-party Ariel Emanuel.

12.      Emanuel objects to the Requests to the extent they assert, imply, suggest, or are premised upon any underlying express or implied assumptions of fact or law with respect to matters at issue in this Action. These Responses are not intended to be, and should not be construed as, an agreement or concurrence by Emanuel with Plaintiffs' characterization of any facts,

1   circumstances, and/or legal obligations. Emanuel reserves the right to contest any such
2   characterization as inaccurate.

3       13.     Emanuel objects to the Requests as overly broad, unduly burdensome, and not
4   proportional to the needs of the case to the extent they purport to require production of "all"
5   documents of a particular type under circumstances in which a subset of such documents would
6   be sufficient to show the pertinent information or where such Request would require more than a
7   reasonable, good-faith search of the places where responsive documents are likely to be found.

8       14.     Emanuel objects to the Requests to the extent they seek information that is not
9   relevant to any party's claim or defense.

10      15.     Emanuel objects to the Requests to the extent they are not proportional to the needs
11  of the case and to the extent they are (a) overly broad or unduly burdensome; (b) cumulative,
12  duplicative, or repetitive; or (c) vague, ambiguous, lacking in particularity, colloquial,
13  argumentative, capable of multiple interpretations, or unintelligible.

14      16.     Emanuel's objections, responses, and production of documents shall not be
15  construed as an admission of the relevancy, materiality, authenticity, or admissibility of any
16  document, fact, issue, or piece of information. Emanuel reserves the right to object to the
17  admissibility in evidence of all or any part of the Responses herein. Nor does the fact that Emanuel
18  has responded to, or failed to object to, any Request as set forth below mean that any documents
19  responsive to such Request in fact exist, or that Emanuel acknowledges the propriety of the
20  Request. The failure of Emanuel to make a Specific Objection to any Request is not an admission
21  that information responsive to that Request exists, nor shall Emanuel's failure to object to any
22  Request on a particular ground be construed as a waiver of his rights to object to such Request on
23  that or any additional ground at any time. Any statement in these Responses that Emanuel will
24  produce documents in response to a specific Request does not mean that Emanuel in fact has any
25  such documents in his possession, custody, or control; that any such documents exist; or that
26  Emanuel will search all files maintained by any person. Rather, such a statement reflects the
27  intention of Emanuel, subject to these Responses, to conduct a reasonable search for readily
28  accessible responsive information or documents from sources in which responsive documents that

are not otherwise protected from disclosure reasonably would be expected to be found and based on parameters agreed to by the parties.

17.     Emanuel objects to the Requests to the extent they purport to require Emanuel to search archived electronic data, "backup" files, or to restore any electronic matter on the ground that such requirements are unduly burdensome and not proportional to the needs of the case.

18.     Emanuel objects to the Requests to the extent they call for the disclosure of Emanuel's or any other person's or entity's confidential or proprietary information, trade secrets, commercial information, or other competitively sensitive information. To the extent Emanuel provides his confidential information and/or other competitively sensitive information, Emanuel will do so only subject to the terms of the protective order entered by the Court in this Action, ECF No. 123.

19.     Emanuel also objects to the Requests to the extent they seek documents that contain confidential or proprietary information; trade secrets; commercially sensitive information; other competitively sensitive information belonging to a third party but entrusted to Emanuel on conditions of confidentiality and/or non-disclosure; personal information of fighters (such as medical conditions) or, if applicable, Zuffa's or Emanuel's employees, clients, customers, or counterparties; or information that is subject to protective orders or other confidentiality undertakings or is protected from disclosure by legal protections governing the privacy rights of consumers and other persons. To the extent that Emanuel agrees to produce any such documents, such production shall be subject to and contingent upon appropriate notice to and/or consent from such third parties and to the protection of the protective order entered by the Court in this Action, ECF No. 123.

20.     Emanuel objects to the Requests to the extent they seek documents and information relating to fighters who would not be part of the putative class and, thus, would have no likelihood of leading to the discovery of relevant or admissible evidence.

21.     Emanuel objects to the definition of "Agreement" as overbroad, unduly burdensome, and impractical to the extent it includes verbal agreements. Where called for by a Request (and as agreed by Emanuel), Emanuel will produce documents that regard such verbal

1  agreements, to the extent any such documents exist. However, where a Request asks for the

2  production of the Agreements themselves, Emanuel will not be able to produce materials reflecting

3  verbal agreements, to the extent any such verbal agreements were made.

4      22.    Emanuel objects to the definition of "Defendants" to the extent that it purports to

5  include anything other than the named Defendants in this Action: Zuffa, LLC, TKO Operating

6  Company, LLC, and Endeavor Group Holdings, Inc.

7      23.    Emanuel objects to the definition of "Electronically Stored Information" to the

8  extent it includes electronic information or data that is not reasonably accessible, or in a form

9  beyond that required by the Federal Rules of Civil Procedure. Emanuel also objects to the

10  Definition to the extent that "activity listings of electronic mail receipts and/or transmittals" is

11  undefined.

12      24.    Emanuel objects to the definitions of "Zuffa," "Defendants," "Endeavor," "TKO,"

13  and "UFC" to the extent they encompass or purport to encompass persons or entities that are not

14  the named Defendants, and their current executives, employees, agents, owners, departments, and

15  divisions within their control. Emanuel also objects to these definitions to the extent that they

16  purport to include the subsidiaries, predecessors, successors, or affiliates of Zuffa. Emanuel further

17  objects to these definitions as vague, ambiguous, overbroad, and unduly burdensome to the extent

18  that they encompass or purport to encompass "any persons acting or purporting to act on behalf of

19  the responding Defendant." Emanuel further objects that this definition is overbroad to the extent

20  that it includes all of Zuffa's former directors, members, officers, employees, agents, or

21  representatives.

22      25.    Emanuel objects to the definition "Identify" to the extent that it calls for

23  identification of an individual's confidential personal information, including Social Security

24  numbers. Emanuel further objects to this definition to the extent it requires Emanuel to do anything

25  other than produce preexisting responsive documents within his possession, custody, or control

26  created and collected in the ordinary course of business.

27      26.    Emanuel objects to the definition of "Meeting" as overbroad and vague to the extent

28  it includes any nonscheduled or unplanned "contemporaneous presence of two or more persons

1  for any purpose."

2      27.    Emanuel objects to the definition of "Pre-Bout Event" as overbroad to the extent it

3  includes "training." Emanuel will interpret "training" in the definition of "Pre-Bout Event" as

4  though it reads "media regarding training."

5      28.    Emanuel objects to the definition of "Professional MMA Fighter" as vague,

6  ambiguous, and confusing in that it circuitously uses the term "Professional MMA Bout," which

7  in turn uses the term "Professional MMA Fighter" in its definition. Emanuel will interpret

8  "Professional MMA Fighter" to mean a person who is paid to fight in MMA bouts.

9      29.    Emanuel objects to the definition of "Zuffa" as overly broad, unduly burdensome,

10  vague, and ambiguous to the extent it purports to include or includes parties and entities outside

11  of named Defendant, Zuffa, LLC, such as predecessors, successors, affiliates, "any organization

12  or entity that it owns, manages or controls," former directors, officers, employees, employees and

13  representatives and others "purporting to act on Zuffa's behalf." Emanuel also objects to the extent

14  that these definitions seek documents from predecessor companies or entities that were acquired

15  by or merged with Zuffa.

16      30.    Emanuel objects to the definitions of "You" and "Your" to the extent that they

17  purport to include anything not in the possession, custody, or control of Emanuel. This includes

18  anything in the possession, custody, or control of any organization or entity which Emanuel

19  manages, controls, has an ownership interest in, or is employed by, as well as any employees,

20  agents, representatives, or persons acting or purporting to act on Emanuel's behalf. Emanuel

21  further objects to the definitions of "You" and "Your" on the ground that Plaintiffs' definition of

22  "You" and "Your" is overly broad, imposes burdens and expenses that outweigh its likely benefit,

23  is disproportionate to the needs of this case, seeks materials that are not relevant to any party's

24  claim or defense in this case, and/or calls for Emanuel to provide information protected by

25  attorney-client privilege, work product doctrine, or other privileges and protections.

26      31.    To the extent Emanuel possesses any non-objectionable, non-privileged documents

27  and/or data that are responsive to the Requests, Emanuel will produce documents and/or data as

28  they are kept in the usual course of business, and will produce them in a reasonable format, at a

1   reasonable time, and at a reasonable location to be mutually agreed upon by the parties. Emanuel

2   objects to the extent any Request calls for data to be provided in ways that are not done in the

3   normal course of business. Emanuel objects to contrary instructions.

4      32. Emanuel objects to Instruction No. 1 to the extent that it requires or purports to

5   require Emanuel to conduct anything beyond a reasonable search for documents within his

6   possession, custody, or control.

7      33. Emanuel objects to Instruction No. 2 as beyond the requirements of Federal Rules

8   of Civil Procedure 26 and 34. To the extent responsive documents are withheld on a basis of

9   privilege, Emanuel will produce a privilege log in the form agreed upon by the parties.

10     34. Emanuel objects to Instruction No. 3 and each Request to the extent they purport to

11  require the production of original documents. Emanuel will make available legible copies of

12  responsive documents, to the extent any exist, to Plaintiffs' attorneys. Emanuel reserves the right

13  to make original documents available on his own premises.

14     35. Emanuel objects to Instruction No. 5 to the extent that it requires or purports to

15  require the production of Documents otherwise uncalled for by the Requests or the stipulation

16  regarding the production of electronically stored information. Emanuel also objects to the

17  Instruction to the extent that it purports to impose obligations beyond those required by the Federal

18  Rules of Civil Procedure.

19     36. Emanuel objects to Instruction No. 6 to the extent that it purports to require

20  production of documents in a manner that exceeds the stipulation regarding production of

21  electronically stored information. Emanuel also objects to the Instruction to the extent that it

22  purports to impose obligations beyond those required by the Federal Rules of Civil Procedure.

23     37. Emanuel objects to Instruction No. 7 to the extent that it purports to require

24  Emanuel to disclose information that constitutes or reflects attorney work product or is otherwise

25  protected from disclosure under any other privilege, protection or immunity applicable under the

26  governing law.

27     38. Emanuel objects to Instruction No. 8 to the extent it purports to require Emanuel to

28  do more than undertake a reasonable and diligent search for responsive documents. Emanuel

1 further objects to this Instruction to the extent that it purports to require Emanuel to maintain

2 information about documents that may no longer exist and to the extent that it purports to impose

3 obligations beyond those required by the Federal Rules of Civil Procedure or Local Rules for the

4 United States District Court for the District of Nevada, case law interpreting each of them, or any

5 other laws or rules applicable to proceedings in this Court.

6      39.    Emanuel objects to Instruction No. 9 to the extent that the Instruction purports to

7 require preservation of "all" data and metadata as overbroad and burdensome. Emanuel also

8 objects to the Instruction to the extent that it purports to impose obligations beyond those required

9 by the Federal Rules of Civil Procedure.

10      40.    Emanuel objects to Instruction Nos. 10 through 17 to the extent that they purport to

11 require production of documents in a manner that exceeds the stipulation regarding production of

12 electronically stored information. Emanuel also objects to Instruction Nos. 10 through 17 to the

13 extent that they purport to impose obligations beyond those required by the Federal Rules of Civil

14 Procedure.

15      41.    Emanuel objects to Instruction No. 18 to the extent that it purports to impose

16 obligations beyond those required by the Federal Rules of Civil Procedure. For any information

17 stored in a database, Emanuel will meet and confer with Plaintiffs regarding the information

18 available and produce data in a useable format, to the extent any such data exists and is responsive

19 to the Requests.

20      42.    Emanuel objects to Instruction Nos. 20, 22, and 23 to the extent they impose or

21 purport to impose duties or obligations beyond those imposed by the Federal Rules of Civil

22 Procedure, the Local Rules for the United States District Court for the District of Nevada, the case

23 law interpreting each of them, or any other laws or rules applicable to proceedings in this Court.

24      43.    Emanuel objects that the Relevant Time Period beginning on January 1, 2015, is

25 overbroad because it stretches well beyond the period which is the basis of this Action. Emanuel

26 also objects to the definition of "Relevant Time Period" because "ends when the alleged illegal

27 activity ceases" is vague, ambiguous, and impractical. There has never been any illegal activity by

28 Zuffa.

44.     These General Objections are incorporated into each one of the following Responses and shall be deemed continuing as to each response. These General Objections are not waived, or in any way limited, by the following Responses.

## SPECIFIC OBJECTIONS

**REQUEST FOR PRODUCTION NO. 1:**

Documents sufficient to identify each electronic device that You used to transmit or receive Communications during the Relevant Time Period, including but not limited to cellular telephones, laptop or notebook computers, desktop computers, and portable tablets, including but not limited to Any electronic device that You purchased, that was purchased for You, or that was issued to You by Defendants.

**RESPONSE TO REQUEST NO. 1:**

In addition to the General Objections set forth above, Emanuel objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses, including because it calls for "each" and "Any electronic device" used by a non-party over a ten year time period, extending beyond the time period relevant to this Action. Emanuel further objects to this Request as impermissibly propounding an interrogatory on a non-party by means of a request for production of documents. Emanuel further objects to this Request as improperly bypassing party discovery. Plaintiffs and Zuffa have been actively meeting and conferring over party discovery, and this Request seeks to circumvent that process.

Emanuel will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 2:**

Documents sufficient to identify the telephone number and provider or carrier of each cellular telephone identified in response to Request No. 1.

**RESPONSE TO REQUEST NO. 2:**

In addition to the General Objections set forth above, Emanuel objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses, including because it calls for "each cellular

1  telephone" used by a non-party over a ten year time period, extending beyond the time period

2  relevant to this Action. Emanuel further objects to this Request as impermissibly propounding an

3  interrogatory on a non-party by means of a request for production of documents. Emanuel further

4  objects to this Request as improperly bypassing party discovery. Plaintiffs and Zuffa have been

5  actively meeting and conferring over party discovery, and this Request seeks to circumvent that

6  process.

7      Emanuel will not produce documents in response to this Request.

8  **REQUEST FOR PRODUCTION NO. 3:**

9      Documents sufficient to identify when You first started using and, if applicable, when You

10 stopped using, each mobile telephone number identified in response to Request No. 2.

11 **RESPONSE TO REQUEST NO. 3:**

12     In addition to the General Objections set forth above, Emanuel objects to this Request as

13 overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

14 that is not relevant to any party's claims or defenses, including because it calls for information

15 about "each mobile telephone number" used by a non-party over a ten year time period, extending

16 beyond the time period relevant to this Action. Emanuel further objects to this Request as

17 impermissibly propounding an interrogatory on a non-party by means of a request for production

18 of documents. Emanuel further objects to this Request as improperly bypassing party discovery.

19 Plaintiffs and Zuffa have been actively meeting and conferring over party discovery, and this

20 Request seeks to circumvent that process.

21     Emanuel will not produce documents in response to this Request.

22 **REQUEST FOR PRODUCTION NO. 4:**

23     Documents sufficient to identify each messaging account or social media account that You

24 used during the Relevant Time Period, including but not limited to Discord, Facebook, Google

25 Chat, iMessage, Instagram, Kik, Microsoft Teams, Signal, Skype, Slack, Snapchat, Telegram,

26 TikTok, Truth Social, Whatsapp, WeChat, Zoom, etc.

27 **RESPONSE TO REQUEST NO. 4:**

28     In addition to the General Objections set forth above, Emanuel objects to this Request as

1    overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

2    that is not relevant to any party's claims or defenses, including because it calls for "each messaging

3    account or social media account" used by a non-party over a ten year time period, extending

4    beyond the time period relevant to this Action. Emanuel further objects to this Request as

5    impermissibly propounding an interrogatory on a non-party by means of a request for production

6    of documents. Emanuel further objects to this Request as improperly bypassing party discovery.

7    Plaintiffs and Zuffa have been actively meeting and conferring over party discovery, and this

8    Request seeks to circumvent that process.

9        Emanuel will not produce documents in response to this Request.

10   **REQUEST FOR PRODUCTION NO. 5:**

11       Documents sufficient to identify All username(s) and social media handle(s) for each

12   account identified in response to Request No. 4.

13   **RESPONSE TO REQUEST NO. 5:**

14       In addition to the General Objections set forth above, Emanuel objects to this Request as

15   overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

16   that is not relevant to any party's claims or defenses, including because it calls for "All username(s)

17   and social media handle(s)" used by a non-party over a ten year time period, extending beyond the

18   time period relevant to this Action. Emanuel further objects to this Request as impermissibly

19   propounding an interrogatory on a non-party by means of a request for production of documents.

20   Emanuel further objects to this Request as improperly bypassing party discovery. Plaintiffs and

21   Zuffa have been actively meeting and conferring over party discovery, and this Request seeks to

22   circumvent that process.

23       Emanuel will not produce documents in response to this Request.

24   **REQUEST FOR PRODUCTION NO. 6:**

25       Documents sufficient to identify each email account that You used during the Relevant

26   Time Period.

27   **RESPONSE TO REQUEST NO. 6:**

28       In addition to the General Objections set forth above, Emanuel objects to this Request as

1  overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

2  that is not relevant to any party's claims or defenses, including because it calls for "each email

3  account" used by a non-party over a ten year time period, extending beyond the time period

4  relevant to this Action. Emanuel further objects to this Request as impermissibly propounding an

5  interrogatory on a non-party by means of a request for production of documents. Emanuel further

6  objects to this Request as improperly bypassing party discovery. Plaintiffs and Zuffa have been

7  actively meeting and conferring over party discovery, and this Request seeks to circumvent that

8  process.

9      Emanuel will not produce documents in response to this Request.

10 **REQUEST FOR PRODUCTION NO. 7:**

11     All Documents and Communications in Your possession relating to the changes in

12 ownership of the MMA blog at http://www.bloodyelbow.com in or around January 2023 and in or

13 around March 2024, including, without limitation, any materials relating to Defendants'

14 acquisition of full or partial ownership in the blog, any efforts made by You, by Defendants, or on

15 Defendants' behalf to obtain full or partial ownership in the blog, any materials reflecting any

16 consideration by Defendants of taking any action to obtain full or partial ownership in the blog,

17 and/or any materials reflecting any effort by You, Defendants, or on Defendants' behalf to

18 influence the prior owner's(s') decision to sell or new owner's(s') decision to buy the blog or the

19 terms of such transaction (including any financial assistance offered or provided to any new

20 owners).

21 **RESPONSE TO REQUEST NO. 7:**

22     In addition to the General Objections set forth above, Emanuel objects to this Request as

23 overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

24 that is not relevant to any party's claims or defenses, including because it calls for "All Documents

25 and Communications" and seeks documents prior to the date in which TKO acquired the assets of

26 UFC. Emanuel also objects that the phrases "any consideration," "influence" and "on Your behalf"

27 as used in this Request are vague and ambiguous. Emanuel further objects to the extent this

28 Request calls for documents protected from disclosure by the attorney-client privilege, work-

1   product doctrine, or any other applicable privilege. Emanuel further objects to this Request as

2   duplicative of Request No. 72 to Zuffa. Zuffa has been actively meeting and conferring with

3   Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

4   discovery.

5       Emanuel will not produce documents in response to this Request.

6   **REQUEST FOR PRODUCTION NO. 8:**

7       All Documents and Communications in Your possession relating to any efforts made by

8   Defendants or on Defendants' behalf to influence the content available on the MMA blog at

9   http://www.bloodyelbow.com, including, without limitation, materials relating to content that was

10  removed after the change in ownership of the blog in or around the first quarter of 2024.

11  **RESPONSE TO REQUEST NO. 8:**

12      In addition to the General Objections set forth above, Emanuel objects to this Request as

13  overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

14  that is not relevant to any party's claims or defenses, including because it calls for "All Documents

15  and Communications." Emanuel also objects that the phrases "influence" and "on Your behalf" as

16  used in this Request are vague and ambiguous. Emanuel further objects to this Request as

17  duplicative of Request No. 73 to Zuffa. Zuffa has been actively meeting and conferring with

18  Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

19  discovery.

20      Emanuel will not produce documents in response to this Request.

21  **REQUEST FOR PRODUCTION NO. 9:**

22      All Documents and Communications relating to any request by UFC Fighters, MMA

23  Fighters contracted with other MMA Promotions, or other MMA Promotions to match one or more

24  UFC Fighters in one or more bouts with MMA Fighters contracted with another MMA Promotion,

25  including, without limitation, materials reflecting Your consideration of such requests, the terms

26  offered or otherwise considered by You for such bout(s) or events, and/or the potential benefits (or

27  lack thereof) of promoting such bout(s) or events.

28

**RESPONSE TO REQUEST NO. 9:**

In addition to the General Objections set forth above, Emanuel objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses, including because it calls for "All Documents and Communications" over a ten year time period, extending beyond the time period relevant to this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Emanuel also objects that the phrases "Your consideration," "otherwise considered," and "potential benefits (or lack thereof)" as used in this Request are vague and ambiguous. Emanuel further objects to this Request as seeking documents and information relating to fighters who would not be members of the putative class and, thus, would have no likelihood of leading to the discovery of relevant or admissible evidence. Emanuel further objects to this Request as duplicative of Request No. 74 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Emanuel will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents and Communications relating to Francis Ngannou leaving the UFC for the Professional Fighters League, including, without limitation, materials reflecting and/or otherwise concerning the unsuccessful negotiations between Mr. Ngannou (and/or his representatives) and the UFC to re-sign with the UFC, Documents and Communications with UFC Fighters and their representatives, agents, or managers concerning their own contract negotiations and the impact. of Mr. Ngannou's departure on those negotiations, internal Documents and Communications analyzing the impact of Mr. Ngannou's departure on contract negotiations with UFC Fighters (including as to both the financial and non-financial terms negotiated), and any changes You made to the contract terms You offered to UFC Fighters based in whole or in any part on the unsuccessful negotiations with Mr. Ngannou.

**RESPONSE TO REQUEST NO. 10:**

In addition to the General Objections set forth above, Emanuel objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

1   that is not relevant to any party's claims or defenses, including because it calls for "All Documents

2   and Communications" over a ten year time period, extending beyond the time period relevant to

3   this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Emanuel

4   also objects that the phrases "otherwise concerning" and "unsuccessful negotiations" as used in

5   this Request are vague and ambiguous. Emanuel further objects to the extent this Request calls for

6   documents protected from disclosure by the attorney-client privilege, work-product doctrine, or

7   any other applicable privilege. Emanuel further objects to this Request as seeking documents and

8   information relating to fighters who would not be members of the putative class and, thus, would

9   have no likelihood of leading to the discovery of relevant or admissible evidence. Emanuel further

10  objects to this Request as duplicative of Request No. 75 to Zuffa. Zuffa has been actively meeting

11  and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to

12  bypass party discovery.

13      Emanuel will not produce documents in response to this Request.

14  **REQUEST FOR PRODUCTION NO. 11:**

15      All Documents and Communications concerning the rankings of UFC's Fighters,

16  including, without limitation, materials relating to any internal rankings of UFC Fighters, all

17  criteria and bases the UFC uses to assign UFC Fighters with their ranking in such internal rankings,

18  and the rankings the UFC has assigned to UFC Fighters over time, and any external rankings (e.g.,

19  consensus rankings, rankings by particular media outlets, etc.) that the UFC uses to make or

20  considers in making any business decisions (e.g., matchmaking, determining UFC Fighter

21  compensation, determining whether to contract with or extend a contract with an MMA Fighter),

22  the formula and/or process by which such rankings are determined, the way the UFC uses or

23  considers such external rankings, and the external rankings assigned to UFC Fighters that the UFC

24  has used over time.

25  **RESPONSE TO REQUEST NO. 11:**

26      In addition to the General Objections set forth above, Emanuel objects to this Request as

27  overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

28  that is not relevant to any party's claims or defenses, including because it calls for "All Documents

and Communications" over a ten year time period, extending beyond the time period relevant to this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Emanuel disputes the distinction between "internal" and "external" rankings. Emanuel also objects that the phrases "any business decision," "uses to make or considers in making" and "uses or considers" are vague and ambiguous. Emanuel further objects to this Request to the extent that it seeks public information—including information in Plaintiffs' control—that is readily accessible by Plaintiffs and which should be collected by Plaintiffs under the reasonableness and proportionality standards set forth in the Federal Rules of Civil Procedure. Emanuel additionally objects that this Request calls for documents protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Emanuel further objects to this Request as seeking documents and information relating to fighters who would not be members of the putative class and, thus, would have no likelihood of leading to the discovery of relevant or admissible evidence. Emanuel further objects to this Request as duplicative of Request No. 76 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Emanuel will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 12:**

A complete set of the data the UFC maintains comprising Fighter and bout statistics, including the data previously maintained by FightMetric and the "record book" as referenced at http://statleaders.ufc.com.

**RESPONSE TO REQUEST NO. 12:**

In addition to the General Objections set forth above, Emanuel objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses, including because it calls for information over a ten year time period, extending beyond the time period relevant to this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Emanuel further objects to this Request as vague, ambiguous, confusing, and incomplete because it uses the capitalized term "Fighter," which is not otherwise defined. Emanuel further objects that the phrase "complete set

1  of data" as used in this Request is vague and ambiguous. Emanuel further objects to this Request

2  to the extent that it seeks public information—including information in Plaintiffs' control—that is

3  readily accessible by Plaintiffs and which should be collected by Plaintiffs under the

4  reasonableness and proportionality standards set forth in the Federal Rules of Civil Procedure.

5  Emanuel further objects to this Request as seeking documents and information relating to fighters

6  who would not be members of the putative class and, thus, would have no likelihood of leading to

7  the discovery of relevant or admissible evidence. Emanuel further objects to this Request as

8  duplicative of Request No. 77 to Zuffa. Zuffa has been actively meeting and conferring with

9  Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

10  discovery.

11       Emanuel will not produce documents in response to this Request.

12  **REQUEST FOR PRODUCTION NO. 13:**

13       All Documents and Communications relating to Your acquisition of FightMetric and its

14  MMA statistics data, including, without limitation, materials relating to the business or strategic

15  purpose(s) of acquiring FightMetric and the amount paid for FightMetric

16  **RESPONSE TO REQUEST NO. 13**

17       In addition to the General Objections set forth above, Emanuel objects to this Request as

18  overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

19  that is not relevant to any party's claims or defenses, including because it calls for "All Documents

20  and Communications" over a ten year time period, extending beyond the time period relevant to

21  this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Emanuel

22  also objects that the phrase "without limitation" as used in this Request is vague and ambiguous.

23  Emanuel additionally objects that this Request calls for documents protected from disclosure by

24  the attorney-client privilege, work-product doctrine, or any other applicable privilege. Emanuel

25  further objects to this Request as duplicative of Request No. 78 to Zuffa. Zuffa has been actively

26  meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly

27  seeks to bypass party discovery.

28       Emanuel will not produce documents in response to this Request.

1    **REQUEST FOR PRODUCTION NO. 14:**

2        All Communications (including Documents attached to such Communications) between

3    You and the following Persons relating to their potential testimony in the Le v. Zuffa, LLC, No. 15-

4    cv-1045 (D. Nev.) trial: (a) Ali Abdelaziz; (b) Shannon Knapp; (c) Michael Bisping; (d) Donald

5    Cerrone; (e) Michael Chandler; (f) Chael Sonnen; (g) Miesha Tate; (h) Jason House; (i) Josh Jones;

6    (j) Dan Lambert; (k) Jeffrey Aronson; (l) Carlos Silva; and (m) Ed Soares.

7    **RESPONSE TO REQUEST NO. 14:**

8        In addition to the General Objections set forth above, Emanuel objects to this Request as

9    overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

10   that is not relevant to any party's claims or defenses, including because it calls for "All

11   Communications" over a ten year time period, extending beyond the time period relevant to this

12   Action, and it is not limited in scope to the claims or defenses at issue in this Action. Emanuel

13   further objects to the extent this Request calls for documents protected from disclosure by the

14   attorney- client privilege, work-product doctrine, or any other applicable privilege. Emanuel

15   further objects to this Request as duplicative of Request No. 79 to Zuffa. Zuffa has been actively

16   meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly

17   seeks to bypass party discovery.

18       Emanuel will not produce documents in response to this Request.

19   **REQUEST FOR PRODUCTION NO. 15:**

20       Documents and Communications sufficient to show the financial results of the boxing

21   event featuring the bout between Conor McGregor and Floyd Mayweather Jr. that took place on

22   or about August 26, 2017, including, without limitation, how much each athlete was paid, the total

23   revenues generated by the event (and the sources of the various components of revenue), and the

24   total expenses incurred (and a breakdown of those expenses).

25   **RESPONSE TO REQUEST NO.15:**

26       In addition to the General Objections set forth above, Emanuel objects to this Request as

27   overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

28   that is not relevant to any party's claims or defenses, including because it calls for information

1  over a ten year time period, extending beyond the time period relevant to this Action, and it is not

2  limited in scope to the claims or defenses at issue in this Action. Emanuel also objects that the

3  phrase "financial results" as used in this Request is vague and ambiguous. Emanuel further objects

4  to this Request as duplicative of Request No. 80 to Zuffa. Zuffa has been actively meeting and

5  conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass

6  party discovery.

7       Emanuel will not produce documents in response to this Request.

8  **REQUEST FOR PRODUCTION NO. 16:**

9       All Documents and Communications relating to the negotiations with Conor McGregor

10  concerning his appearance in the bout between Conor McGregor and Floyd Mayweather Jr. that

11  ultimately took place on or about August 26, 2017, including any promotional and ancillary rights

12  agreement signed by Mr. McGregor, any agreement with any changes to Mr. McGregor's UFC

13  promotional and ancillary rights agreement or any determination by You to not enforce any part

14  of the UFC promotional and ancillary rights agreement with Mr. McGregor, and/or the bases for

15  the UFC's decision to change or otherwise not enforce any part of the UFC promotional and

16  ancillary rights agreement with Mr. McGregor.

17  **RESPONSE TO REQUEST NO. 16:**

18       In addition to the General Objections set forth above, Emanuel objects to this Request as

19  overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

20  that is not relevant to any party's claims or defenses, including because it calls for "All Documents

21  and Communications" over a ten year time period, extending beyond the time period relevant to

22  this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Emanuel

23  further objects to the extent this Request calls for documents protected from disclosure by the

24  attorney-client privilege, work-product doctrine, or any other applicable privilege. Emanuel further

25  objects to this Request as duplicative of Request No. 81 to Zuffa. Zuffa has been actively meeting

26  and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to

27  bypass party discovery.

28       Emanuel will not produce documents in response to this Request.

1  **REQUEST FOR PRODUCTION NO. 17:**

2      All Agreements between You and Mayweather Promotions, The Money Team, Showtime,

3  and McGregor Promotions relating to the Mayweather vs. McGregor bout and/or event that took

4  place on or about August 26, 2017, as well as any Agreements in Your possession, custody, or

5  control among or between any or all of those entities.

6  **RESPONSE TO REQUEST NO. 17:**

7      In addition to the General Objections set forth above, Emanuel objects to this Request as

8  overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

9  that is not relevant to any party's claims or defenses, including because it calls for "All

10 Agreements" over a ten year time period, extending beyond the time period relevant to this Action,

11 and it is not limited in scope to the claims or defenses at issue in this Action. Emanuel further

12 objects to this Request as duplicative of Request No. 82 to Zuffa. Zuffa has been actively meeting

13 and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to

14 bypass party discovery.

15     Emanuel will not produce documents in response to this Request.

16 **REQUEST FOR PRODUCTION NO. 18:**

17     All Documents and Communications relating to Leslie Smith's unionization effort,

18 including materials relating to Project Spearhead and her allegations (and any related

19 administrative, legal, or regulatory proceeding) that You committed unfair labor practices when

20 she was terminated from the UFC.

21 **RESPONSE TO REQUEST NO. 18:**

22     In addition to the General Objections set forth above, Emanuel objects to this Request as

23 overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

24 that is not relevant to any party's claims or defenses, including because it calls for "All Documents

25 and Communications" over a ten year time period, extending beyond the time period relevant to

26 this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Emanuel

27 also objects that the phrase "unionization effort" as used in this Request is vague and ambiguous.

28 Emanuel disputes Plaintiffs' assertion that TKO "committed unfair labor practices." Emanuel

1   further objects to the extent this Request calls for documents protected from disclosure by the

2   attorney- client privilege, work-product doctrine, or any other applicable privilege. Emanuel

3   further objects to this Request to the extent that it seeks public information—including information

4   in Plaintiffs' control—that is readily accessible by Plaintiffs and which should be collected by

5   Plaintiffs under the reasonableness and proportionality standards set forth in the Federal Rules of

6   Civil Procedure. Emanuel further objects to this Request as duplicative of Request No. 83 to Zuffa.

7   Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus

8   this Request improperly seeks to bypass party discovery.

9          Emanuel will not produce documents in response to this Request.

10  **REQUEST FOR PRODUCTION NO. 19:**

11         All Documents and Communications relating to the effort by certain UFC Fighters and

12  others to create the Mixed Martial Arts Athletes Association ("MMAAA"), including, without

13  limitation, any materials reflecting MMAAA's effort to obtain an out-of-court financial settlement

14  for any alleged legal claims, any materials relating to MMAAA's expressed goal of increasing the

15  revenue share the UFC pays to UFC Fighters, and any discussions relating to insurance and pension

16  packages for UFC athletes. Responsive Documents and Communications also include any

17  materials relating to the reported meeting between Donald Cerrone and Dana White that transpired

18  on or about December 8, 2016 concerning the MMAAA and any follow-up concerning such

19  meeting.

20  **RESPONSE TO REQUEST NO. 19:**

21         In addition to the General Objections set forth above, Emanuel objects to this Request as

22  overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

23  that is not relevant to any party's claims or defenses, including because it calls for "All Documents

24  and Communications" over a ten year time period, extending beyond the time period relevant to

25  this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Emanuel

26  further objects to this Request as seeking documents and information relating to fighters who

27  would not be members of the putative class and, thus, would have no likelihood of leading to the

28  discovery of relevant or admissible evidence. Emanuel further objects to the extent this Request

calls for documents protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Emanuel further objects to this Request to the extent that it seeks public information—including information in Plaintiffs' control—that is readily accessible by Plaintiffs and which should be collected by Plaintiffs under the reasonableness and proportionality standards set forth in the Federal Rules of Civil Procedure. Emanuel further objects to this Request as duplicative of Request No. 84 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Emanuel will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 20:**

All Documents and Communications relating to the UFC's business strategy for Professional MMA Events and/or Professional MMA Bouts held at UFC Apex, including Documents and Communications discussing the reasons for creating and/or establishing the UFC Apex, how UFC determines which Professional MMA Events and/or Professional MMA Bouts will be held at the Apex, and why any Professional MMA Events and/or Professional MMA Bouts were held at the Apex.

**RESPONSE TO REQUEST NO. 20:**

In addition to the General Objections set forth above, Emanuel objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses, including because it calls for "All Documents and Communications" over a ten year time period, extending beyond the time period relevant to this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Emanuel further objects that the phrase "business strategy" as used in this Request is vague and ambiguous. Emanuel further objects to this Request as duplicative of Request No. 85 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Emanuel will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 21:**

All monthly and annual financial documents relating to the business operations at the UFC Apex, including without limitation all audited financial statements, balance sheets, income statements, profit and loss reports, margin analyses, equity valuations, asset appraisals, financial models, budgets (proposed or otherwise), investor presentations, margin analyses, pro formas, regulatory filings (including income tax returns), issuance of equity or debit, loans, and money owed or receivable, and any other form of financial reporting.

**RESPONSE TO REQUEST NO. 21:**

In addition to the General Objections set forth above, Emanuel objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses, including because it calls for "All" monthly and annual financial documents over a ten year time period, extending beyond the time period relevant to this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Emanuel further objects that the phrases "financial documents," "business operations," and "any other form of financial reporting" as used in this Request are vague and ambiguous. Emanuel further objects to this Request as duplicative of Request No. 86 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Emanuel will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 22**

All Documents and Communications relating to any changes in the form and/or structure of revenues the UFC received for its broadcast rights, including, without limitation, Documents and Communications relating to changes in structure of PPV revenues received by the UFC and paid by ESPN following the UFC's 2019 broadcast rights deal with ESPN, including materials analyzing such changes and any corresponding changes in business practices or operations the UFC considered implementing based on such change in structure.

**RESPONSE TO REQUEST NO. 22:**

In addition to the General Objections set forth above, Emanuel objects to this Request as

1    overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

2    that is not relevant to any party's claims or defenses, including because it requests "All Documents

3    and Communications" over a ten year time period, extending beyond the time period relevant to

4    this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Emanuel

5    further objects that the phrases "materials analyzing such changes," "corresponding changes," and

6    "considered implementing" as used in this Request are vague and ambiguous. Emanuel further

7    objects to the extent this Request calls for documents protected from disclosure by the attorney-

8    client privilege, work-product doctrine, or any other applicable privilege. Emanuel further objects

9    to this Request as duplicative of Request No. 87 to Zuffa. Zuffa has been actively meeting and

10   conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass

11   party discovery.

12         Emanuel will not produce documents in response to this Request.

13   **REQUEST FOR PRODUCTION NO. 23:**

14         All Documents and Communications relating to Zuffa's acquisition of the UFC, including,

15   without limitation, the Agreement(s) setting for the terms of sale, any planned business strategies

16   supporting Zuffa's decision to purchase the UFC, and any Documents or Communications relating

17   to Zuffa's forecasted revenues and/or other financials created by Zuffa or its agents prior to the

18   sale of the UFC to Zuffa. For clarity, the Relevant Time Period for this Request commences

19   January 1, 1993 and extends through the present.

20   **RESPONSE TO REQUEST NO. 23:**

21         In addition to the General Objections set forth above, Emanuel objects to this Request as

22   overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

23   that is not relevant to any party's claims or defenses, including because it calls for "All Documents

24   and Communications" over a thirty-two year time period, extending beyond the time period

25   relevant to this Action, and it is not limited in scope to the claims or defenses at issue in this Action.

26   Emanuel also objects that the phrases "planned business strategies," "supporting," and "other

27   financials" as used in this Request are vague and ambiguous. Emanuel further objects to the extent

28   this Request calls for documents protected from disclosure by the attorney-client privilege, work-

1  product doctrine, or any other applicable privilege. Emanuel further objects to this Request as

2  duplicative of Request No. 88 to Zuffa. Zuffa has been actively meeting and conferring with

3  Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

4  discovery.

5     Emanuel will not produce documents in response to this Request.

6  **REQUEST FOR PRODUCTION NO. 24:**

7     All Documents and Communications relating to any contention Zuffa may make in this

8  litigation that it built or otherwise substantially contributed to the growth of the sport of MMA,

9  including, without limitation, any Documents and Communications relating to Zuffa's efforts to

10  secure licensing or other certification or legal standing of Professional MMA Events in any state

11  jurisdiction, any investments Zuffa made in building the MMA Industry distinct from investments

12  Zuffa made in building the UFC, and any materials reflecting the state of the MMA Industry and

13  its size and growth potential prior to Zuffa's acquisition of the UFC. For clarity, the Relevant Time

14  Period for this Request commences January 1, 1993 and extends through the present.

15  **RESPONSE TO REQUEST NO. 24:**

16     In addition to the General Objections set forth above, Emanuel objects to this Request as

17  overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

18  that is not relevant to any party's claims or defenses, including because it calls for "All Documents

19  and Communications" over a thirty-two year time period, extending beyond the time period

20  relevant to this Action, and it is not limited in scope to the claims or defenses at issue in this Action.

21  Emanuel further objects that the phrases "contention," "efforts," "the state of the MMA Industry,"

22  and "growth potential" as used in this Request are vague and ambiguous. Emanuel further objects

23  to the extent this Request calls for documents protected from disclosure by the attorney-client

24  privilege, work-product doctrine, or any other applicable privilege. Emanuel further objects to this

25  Request as duplicative of Request No. 89 to Zuffa. Zuffa has been actively meeting and conferring

26  with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

27  discovery.

28     Emanuel will not produce documents in response to this Request.

1  **REQUEST FOR PRODUCTION NO. 25:**

2    All Documents and Communications produced by You in response to discovery requests

3  served by the plaintiffs in Le, et al. v. Zuffa, LLC, 2:21-cv-1189-RFB-BNW (D. Nev.) and/or

4  received by you in response to discovery requests or subpoenas served by You, in Le, et al. v.

5  Zuffa, LLC, 2:21-cv-1189-RFB-BNW (D. Nev.). The Relevant Time Period set forth above does

6  not apply to this Request.

7  **RESPONSE TO REQUEST NO. 25:**

8    In addition to the General Objections set forth above, Emanuel objects to this Request as

9  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

10 calculated to lead to the discovery of relevant or admissible evidence, including because it requests

11 documents outside of the relevant time period and which otherwise have no bearing on the claims

12 or defenses at issue in this Action. Emanuel also objects to this Request to the extent it seeks

13 documents and information subject to the protective order issued by the Court in Le, et al. v. Zuffa,

14 LLC, 2:21-cv-1189-RFB-BNW (D. Nev.). Emanuel objects that this Request is unintelligible

15 because the case citation refers to a case name that is different from the case number cited. Emanuel

16 further objects to this Request as duplicative of Request No. 1 to Zuffa. Zuffa has been actively

17 meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly

18 seeks to bypass party discovery.

19    Emanuel will not produce documents in response to this Request.

20 **REQUEST FOR PRODUCTION NO. 26:**

21    All Documents and Communications produced by You to any government or government

22 agency in response to any investigative demand or other request from the U.S. Department of

23 Justice, the U.S. Federal Trade Commission, any state regulatory agency, or any foreign regulatory

24 agency related to: (a) Your policies, practices, guidelines, and training directed to compliance with

25 U.S. governmental regulatory agencies, or any foreign regulatory agency, including all Documents

26 concerning the creation of such policies, and any statements signed by Your employees or agents

27 acknowledging their receipt of or compliance with Your compliance policies; (b) the acquisition

28 of Zuffa or any parent of or successor to Zuffa by Endeavor Group Holdings, Inc.; or (c) the merger

of Zuffa or any parent of or successor to Zuffa with World Wrestling Entertainment, Inc. (a/k/a WWE) or any parent of or successor to World Wrestling Entertainment, Inc. Explicitly included within the scope of this Interrogatory is any correspondence or documents exchanged between You and the U.S. Department of Justice, including documents reflecting or constituting any Communications with former Assistant Attorney General for the Department of Justice Antitrust Division Makan Delrahim, relating to Le, et al. v. Zuffa, LLC, 2:21-cv-1189-RFBBNW (D. Nev.).

**RESPONSE TO REQUEST NO. 26:**

In addition to the General Objections set forth above, Emanuel objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it seeks documents produced to "any government or government agency in response to any investigative demand or other request" related to a wide range of topics that have no relevance to the claims or defenses at issue in this Action, including because they relate to transactions that are not challenged or at issue in this Action. Emanuel also objects that the phrase "directed to compliance with" is vague, ambiguous, and unintelligible as written. Emanuel further objects to this Request to the extent it refers to an "Interrogatory" and will interpret this Request to refer to a "Request." Emanuel further objects that this Request is unintelligible because the case citation refers to a case name that is different from the case number cited. Emanuel further objects to this Request as duplicative of Request No. 2 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Emanuel will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 27:**

All Documents and Communications produced by You to the U.S. government pursuant to the Hart-Scott-Rodino Antitrust Improvements Act of 1976, Pub. L. No. 94-435, and any second requests, related to the acquisition of Zuffa or any parent of or successor to Zuffa by Endeavor Group Holdings, Inc., the merger of Zuffa or any parent of or successor to Zuffa with World Wrestling Entertainment, Inc. (a/k/a WWE) or any parent of or successor to World Wrestling

1  Entertainment, Inc., or the formation of TKO Group Holdings, Inc.

2  **RESPONSE TO REQUEST NO. 27:**

3      In addition to the General Objections set forth above, Emanuel objects to this Request as

4  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

5  calculated to lead to the discovery of relevant or admissible evidence, including because it seeks

6  "All Documents and Communications" produced for a ten year time period, extending beyond the

7  time period relevant to this case, and which relate to transactions not challenged or at issue in this

8  Action and which are otherwise not relevant to any claim or defense in this Action. Emanuel

9  further objects to this Request as duplicative of Request No. 3 to Zuffa. Zuffa has been actively

10  meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly

11  seeks to bypass party discovery.

12      Emanuel will not produce documents in response to this Request.

13  **REQUEST FOR PRODUCTION NO. 28:**

14      All Documents and Communications relating to any Agreements between (a) Zuffa and

15  any Professional MMA Fighter, and (b) any other MMA Promoter and any Professional MMA

16  Fighter, including all Agreements concerning competition in Professional MMA Bouts (and any

17  amendments thereto), including Promotional and Ancillary Rights Agreements, Bout

18  Agreements, "side letter" and/or letter Agreements, Merchandise Rights Agreements, sponsorship

19  Agreements, and all Documents and Communications relating to negotiations with any

20  Professional MMA Fighter or any Person purporting to represent a Professional MMA Fighter,

21  including all draft Agreements.

22  **RESPONSE TO REQUEST NO. 28:**

23      In addition to the General Objections set forth above, Emanuel objects to this Request as

24  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

25  calculated to lead to the discovery of relevant or admissible evidence, including because it calls

26  for "All Documents and Communications" over a ten year time period, extending beyond the time

27  period relevant to this case, and relating to, among other things, agreements between "any other

28  MMA Promoter and any Professional MMA Fighter." Emanuel also objects that the phrase

NON-PARTY ARIEL EMANUEL'S RESPONSES
AND OBJECTIONS TO PLAINTIFFS' SUBPOENA
Case No. 21-cv-01189-RFB-BNW

"relating to negotiations" and "purporting to represent" are vague and ambiguous. Emanuel further objects to the extent this Request calls for documents protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Emanuel further objects to this Request as seeking documents and information relating to fighters who would not be members of the putative class and, thus, would have no likelihood of leading to the discovery of relevant or admissible evidence. Emanuel further objects to this Request as duplicative of Request No. 4 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Emanuel will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 29:**

Each Agreement between you and a Professional MMA Fighter entered into or in effect during the Relevant Time Period.

**RESPONSE TO REQUEST NO. 29:**

In addition to the General Objections set forth above, Emanuel objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it requests "Each Agreement" over at least a ten year time period, extending beyond the time period relevant to this case. Emanuel also objects to this Request as seeking documents and information relating to fighters who would not be members of the putative class and, thus, would have no likelihood of leading to the discovery of relevant or admissible evidence. Emanuel further objects to this Request as duplicative of Request No. 5 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Emanuel will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 30:**

All Documents and Communications evidencing the negotiation of any Agreement responsive to the preceding Request.

1    **RESPONSE TO REQUEST NO. 30**

2         In addition to the General Objections set forth above, Emanuel objects to this Request as

3    duplicative of Request No. 7's request for "all Documents and Communications" concerning the

4    same topic, and as overbroad, unduly burdensome, not proportional to the needs of the case, and

5    not reasonably calculated to lead to the discovery of relevant or admissible evidence, including

6    because it calls for "All Documents and Communications" over at least a ten year time period,

7    extending beyond the time period relevant to this Action. Emanuel also objects to the extent this

8    Request calls for documents protected from disclosure by the attorney-client privilege, work-

9    product doctrine, or any other applicable privilege. Emanuel further objects that the phrase

10   "evidencing the negotiation of" is vague and ambiguous. Emanuel further objects to this Request

11   as seeking documents and information relating to fighters who would not be members of the

12   putative class and, thus, would have no likelihood of leading to the discovery of relevant or

13   admissible evidence. Emanuel further objects to this Request as duplicative of Request No. 6 to

14   Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and

15   thus this Request improperly seeks to bypass party discovery.

16        Emanuel will not produce documents in response to this Request.

17   **REQUEST FOR PRODUCTION NO. 31**

18        All Documents and Communications consisting of or relating to Your discussion, analysis,

19   interpretation or characterization of any Agreement, and the negotiation thereof, responsive to

20   Request No. 29.

21   **RESPONSE TO REQUEST NO. 31:**

22        In addition to the General Objections set forth above, Emanuel objects that this Request is

23   overbroad, unduly burdensome, not proportional to the needs of the case and not reasonably

24   calculated to lead to this discovery of relevant or admissible evidence, including because it calls

25   for "All Documents and Communications" over a ten year period, extending beyond the time

26   period relevant to this Action. Emanuel also objects to the extent this Request calls for documents

27   protected from disclosure by the attorney-client privilege, work-product doctrine, or any other

28   applicable privilege. Emanuel further objects that the phrase "discussion, analysis, interpretation

or characterization" is vague and ambiguous. Emanuel further objects to this Request as seeking documents and information relating to fighters who would not be members of the putative class and, thus, would have no likelihood of leading to the discovery of relevant or admissible evidence. Emanuel further objects to this Request as duplicative of Request No. 7 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Emanuel will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 32:**

All arbitration clauses or class action waivers between You and any Professional MMA Fighters, whether set forth in an Agreement or otherwise, and all Documents and Communications relating to relating to any such arbitration clause or class action waiver, including without limitation analyses, draft proposed clauses, analyses of such clauses, white papers, reports, slide presentations, or discussions regarding the reasons for, or potential benefits to Zuffa or Endeavor or anyone else of, including arbitration clauses and/or class action waivers in Your Agreements with Professional MMA Fighters.

**RESPONSE TO REQUEST NO. 32:**

In addition to the General Objections set forth above, Emanuel objects that this Request is overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it asks for "All arbitration clauses or class action waivers" and "all Documents and Communications" relating to such clauses over a ten year time period, extending beyond the time period relevant to this Action, and is not limited in scope to the claims or defenses at issue in this Action. Emanuel also objects that the phrases "analyses," "discussions regarding the reasons for," and "potential benefits" are vague and ambiguous. Emanuel further objects to the extent this Request calls for documents protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Emanuel further objects to this Request as seeking documents and information relating to fighters who would not be members of the putative class and, thus, would have no likelihood of leading to the discovery of relevant or admissible evidence. Emanuel further

1   objects to this Request as duplicative of Request No. 8 to Zuffa. Zuffa has been actively meeting

2   and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to

3   bypass party discovery.

4       Emanuel will not produce documents in response to this Request.

5   **REQUEST FOR PRODUCTION NO. 33:**

6       All Documents and Communications evidencing the negotiation of any Agreement

7   responsive to the preceding Request.

8   **RESPONSE TO REQUEST NO. 33:**

9       In addition to the General Objections set forth above, Emanuel objects that this Request is

10  duplicative of the Request No. 32's request for "all Documents and Communications" concerning

11  the same topic, and as overbroad, unduly burdensome, not proportional to the needs of the case,

12  and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including

13  because it asks for "All Documents and Communications" regarding Agreements from the prior

14  Request over a ten year time period, extending beyond the time period relevant to this case, and it

15  is not limited in scope to the claims or defenses at issue in this Action. Emanuel also objects that

16  the phrase "evidencing the negotiation" is vague and ambiguous. Emanuel further objects to this

17  Request as seeking documents and information relating to fighters who would not be members of

18  the putative class and, thus, would have no likelihood of leading to the discovery of relevant or

19  admissible evidence. Emanuel further objects to this Request as duplicative of Request No. 9 to

20  Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and

21  thus this Request improperly seeks to bypass party discovery.

22      Emanuel will not produce documents in response to this Request.

23  **REQUEST FOR PRODUCTION NO. 34:**

24      All Documents and Communications consisting of or relating to Your discussion, analysis,

25  interpretation or characterization of any arbitration clause or class action waiver, and/or the

26  negotiation thereof.

27  **RESPONSE TO REQUEST NO. 34:**

28      In addition to the General Objections set forth above, Emanuel objects to this Request as

1  duplicative of the Request No. 32's request for "all Documents and Communications" concerning

2  the same topic, and is overbroad, unduly burdensome, not proportional to the needs of the case,

3  and not reasonably calculated to the discovery of relevant or admissible evidence, including

4  because it calls for "All Documents and Communications" over a ten year time period, extending

5  beyond the time period relevant to this Action. Emanuel also objects that the terms "discussion,

6  analysis, interpretation or characterization" are vague and ambiguous. Emanuel further objects to

7  the extent that this Request is duplicative of Request Nos. 32 and 33. Emanuel further objects to

8  the extent this Request calls for documents protected from disclosure by the attorney- client

9  privilege, work-product doctrine, or any other applicable privilege. Emanuel further objects to this

10  Request as duplicative of Request No. 10 to Zuffa. Zuffa has been actively meeting and conferring

11  with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

12  discovery.

13      Emanuel will not produce documents in response to this Request.

14  **REQUEST FOR PRODUCTION NO. 35:**

15      All Documents and Communications relating to market research about the MMA Industry,

16  including but not limited to, analysis or research regarding relative market share of MMA

17  Promoters, barriers to expansion for MMA Promoters, barriers to entry for would-be MMA

18  Promoters, and growth projections for the MMA Industry and/or MMA Promoters individually or

19  in any groupings.

20  **RESPONSE TO REQUEST NO. 35:**

21      In addition to the General Objections set forth above, Emanuel objects to this Request as

22  overbroad and unduly burdensome, not proportional to the needs of the case, and not reasonably

23  calculated to the discovery of relevant or admissible evidence, including because it calls for "All

24  Documents and Communications" over a ten year time period, extending beyond the time period

25  relevant to this Action. Emanuel also objects that the phrases "market research," "analysis or

26  research," and "growth projections" are vague and ambiguous. Emanuel further objects to the

27  extent this Request calls for documents protected from disclosure by the attorney-client privilege,

28  work-product doctrine, or any other applicable privilege. Emanuel further objects to this Request

1  as duplicative of Request No. 11 to Zuffa. Zuffa has been actively meeting and conferring with

2  Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

3  discovery.

4      Emanuel will not produce documents in response to this Request.

5  **REQUEST FOR PRODUCTION NO. 36:**

6      All Documents and Communications relating to non-Zuffa/non-UFC MMA Promoters

7  (considered individually or as a group), including but not limited to SWOT analyses, financial

8  analyses, strategies, counterprogramming of other MMA Promoters' Professional MMA Events,

9  analyses and/or commentary or assessments of their fighter rosters, and acquisition analyses and

10  strategies.

11  **RESPONSE TO REQUEST NO. 36:**

12      In addition to the General Objections set forth above, Emanuel objects to this Request as

13  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

14  calculated to lead to the discovery of relevant or admissible evidence, including because it calls

15  for "All Documents and Communications relating to non-Zuffa/non-UFC MMA Promoters" over

16  a ten year time period, extending beyond the time period relevant to this Action, and does not limit

17  the scope of the Request to the claims or defenses at issue in this Action. Emanuel also objects that

18  the phrase "counterprogramming" is vague and ambiguous. Emanuel further objects that the phrase

19  "SWOT analyses" is vague, ambiguous, and undefined. Emanuel further objects to the extent this

20  Request calls for documents protected from disclosure by the attorney-client privilege, work-

21  product doctrine, or any other applicable privilege. Emanuel further objects to this Request as

22  duplicative of Request No. 12 to Zuffa. Zuffa has been actively meeting and conferring with

23  Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

24  discovery.

25      Emanuel will not produce documents in response to this Request.

26  **REQUEST FOR PRODUCTION NO. 37:**

27      All Documents and Communications relating to any Agreement that UFC had with another

28  MMA Promoter, including but not limited to Agreements to license content, Agreements to buy

1   or sell athlete contracts, and Agreements to release fighters from their contracts if UFC offers the

2   fighter a contract.

3   **RESPONSE TO REQUEST NO. 37:**

4           In addition to the General Objections set forth above, Emanuel objects that this Request is

5   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

6   calculated to lead to the discovery of relevant or admissible evidence, including because it asks for

7   "All Documents and Communications" relating to any agreement with another MMA Promoter,

8   regardless of the nature of the agreement, over a ten year time period, extending beyond the time

9   period relevant to this Action, and it does not limit the scope of the Request to the claims or

10  defenses at issue in this Action. Emanuel further objects to this Request as duplicative of Request

11  No. 13 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same

12  Request, and thus this Request improperly seeks to bypass party discovery.

13          Emanuel will not produce documents in response to this Request.

14  **REQUEST FOR PRODUCTION NO. 38:**

15          All Documents and Communications relating to the potential sale of Zuffa or any portion

16  thereof (or interest therein), including any Communications with or Documents created by Zuffa

17  or any third party, including without limitation any prospectuses, proposals, confidential

18  information memoranda, credit assessments, due diligence requests, Documents, or

19  Communications created, collected, placed in data rooms, or produced in response to due diligence

20  requests, offers, negotiations, memoranda of understanding, and all other Documents or

21  Communications relating in any way to the potential sale, acquisition, merger or transfer of Zuffa

22  or any portion thereof or interest therein.

23  **RESPONSE TO REQUEST NO. 38:**

24          In addition to the General Objections set forth above, Emanuel objects to this Request as

25  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

26  calculated to lead to the discovery of relevant or admissible evidence, including because it requests

27  "All Documents and Communications" relating to any potential sale of Zuffa or any portion

28  thereof over a ten year time period, extending beyond the time period relevant to this Action, and

1   it is not limited in scope to documents relating to the claims and defenses at issue in this Action.

2   Emanuel also objects to the extent this Request calls for documents protected from disclosure by

3   the attorney-client privilege, work-product doctrine, or any other applicable privilege. Emanuel

4   further objects to this Request as duplicative of Request No. 14 to Zuffa. Zuffa has been actively

5   meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly

6   seeks to bypass party discovery.

7       Emanuel will not produce documents in response to this Request.

8   **REQUEST FOR PRODUCTION NO. 39:**

9       All Documents and Communications (exclusive of Documents and Communications

10  produced in response to Request for Production No. 38) relating to the sale of a majority stake in

11  Zuffa to Endeavor in 2016, including Communications with or Documents created by any third

12  party, and including without limitation any executed Agreements, draft Agreements, memoranda

13  of understanding, offers, prospectuses, proposals, confidential information memoranda, credit

14  assessments, supporting schedules, all Documents and Communications relating to negotiations,

15  due diligence requests, Documents and Communications created, collected, placed in data rooms,

16  or produced in response to due diligence requests, all regulatory filings, registration documents,

17  and any other Documents or Communications sent to or received by You relating to any U.S.,

18  state, or local agency, and all other Documents and Communications relating in any way to the

19  sale of Zuffa in or around 2016.

20  **RESPONSE TO REQUEST NO. 39:**

21      In addition to the General Objections set forth above, Emanuel objects to this Request as

22  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

23  calculated to lead to the discovery of relevant or admissible evidence, including because it requests

24  "All Documents and Communications" relating to the sale to Endeavor and does not limit the

25  scope of the Request to documents relating to the claims and defenses at issue in this Action (which

26  does not concern the sale of Zuffa or any portion thereof). Emanuel also objects to the extent this

27  Request calls for documents protected from disclosure by the attorney-client privilege, work-

28  product doctrine, or any other applicable privilege. Emanuel further objects to this Request as

duplicative of Request No. 15 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Emanuel will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 40:**

All Documents and Communications (exclusive of Documents and Communications produced in response to Request for Production No. 38) relating to the sale of any share(s) of Zuffa to Endeavor in or around 2021, including any Communications with or Documents created by any third party, and including without limitation any executed Agreements, draft Agreements, memoranda of understanding, offers, prospectuses, proposals, confidential information memoranda, credit assessments, supporting schedules, all Documents and Communications relating to negotiations, due diligence requests, Documents and Communications created, collected, placed in data rooms, or produced in response to due diligence requests, all regulatory filings, registration documents, and any other Documents or Communications sent to or received by You relating to any U.S., state, or local agency, and all other Documents and Communications relating in any way to the sale of or any portion of Zuffa in or around 2021.

**RESPONSE TO REQUEST NO. 40:**

In addition to the General Objections set forth above, Emanuel objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it requests "All Documents and Communications" relating to any sale to Endeavor in 2021 and does not limit the scope of the Request to documents relating to the claims and defenses at issue in this Action. Emanuel also objects to the extent this Request calls for documents protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Emanuel further objects to the extent that this Request is duplicative of Request No. 26. Emanuel further objects to this Request as duplicative of Request No. 16 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

1    Emanuel will not produce documents in response to this Request.

2    **REQUEST FOR PRODUCTION NO. 41:**

3    All Documents and Communications relating to the acquisition, sale, merger or transfer of

4    World Wrestling Entertainment, Inc. in 2023, including any Communications with or Documents

5    created by any third party, and including without limitation any executed Agreements, draft

6    Agreements, memoranda of understanding, offers, prospectuses, proposals, confidential

7    information memoranda, credit assessments, all Documents and Communications relating to

8    negotiations, due diligence requests, Documents and Communications created, collected, placed

9    in data rooms, or produced in response to due diligence requests, all regulatory filings, registration

10   documents, and any other Documents or Communications sent to or received by You relating to

11   any U.S., state, or local agency, and all other Documents and Communications relating in any way

12   to the acquisition and merger of World Wrestling Entertainment, Inc. in 2023.

13   **RESPONSE TO REQUEST NO. 41:**

14   In addition to the General Objections set forth above, Emanuel objects to this Request as

15   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

16   calculated to lead to the discovery of relevant or admissible evidence, including because it requests

17   "All Documents and Communications" relating to an acquisition, sale, merger, or transfer of

18   World Wrestling Entertainment, Inc., in 2023, which is not challenged or at issue in this Action,

19   and therefore and does not limit the scope of the Request to documents relating to the claims and

20   defenses at issue in this Action. Emanuel also objects to the extent this Request calls for documents

21   protected from disclosure by the attorney-client privilege, work-product doctrine, or any other

22   applicable privilege. Emanuel further objects to this Request as duplicative of Request No. 17 to

23   Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and

24   thus this Request improperly seeks to bypass party discovery.

25   Emanuel will not produce documents in response to this Request.

26   **REQUEST FOR PRODUCTION NO. 42:**

27   All Documents and Communications relating to any efforts by You or made on Your behalf

28   to raise capital, including but not limited to loans or issuance of debt or equity, and including

1    without limitation any Agreements, draft Agreements, negotiations, investor presentations,

2    prospectuses, confidential information memoranda, credit assessments, due diligence requests,

3    Documents and Communications created, collected, placed in data rooms, or produced in response

4    to due diligence requests, and all other documents and communications related in any way to

5    efforts to raise capital, regardless of whether any loan was actually obtained or any debt or equity

6    was actually issued.

7    **RESPONSE TO REQUEST NO. 42:**

8    In addition to the General Objections set forth above, Emanuel objects to this Request as

9    overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

10    calculated to lead to the discovery of relevant or admissible evidence, including because it calls

11    for "All Documents and Communications" relating to efforts to raise capital over a ten year time

12    period, extending beyond the time period relevant to this Action, and it is not limited in scope to

13    documents relating to the claims and defenses at issue in this Action. Emanuel also objects that

14    the phrase "efforts by You or made on Your behalf to raise capital" is vague and ambiguous.

15    Emanuel further objects to the extent this Request calls for documents protected from disclosure

16    by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Emanuel

17    further objects to this Request as duplicative of Request No. 18 to Zuffa. Zuffa has been actively

18    meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly

19    seeks to bypass party discovery.

20    Emanuel will not produce documents in response to this Request.

21    **REQUEST FOR PRODUCTION NO. 43:**

22    Documents and Communications sufficient to Identify each of Your employees or agents

23    or anyone purporting to act on Your behalf involved in approving or negotiating the terms of any

24    Agreement, or proposed Agreement, for all or part of Zuffa to be acquired by Endeavor or by

25    anyone else.

26    **RESPONSE TO REQUEST NO. 43:**

27    In addition to the General Objections set forth above, Emanuel objects to this Request as

28    overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

1  calculated to lead to the discovery of relevant or admissible evidence, including because it calls

2  for information as to each employee or agent over a ten year period, extending beyond the time

3  period relevant to this Action, and it is not limited to information related to individuals who may

4  have some role related to the claims or defenses in this Action. Emanuel also objects that this

5  Request's use of the phrases "anyone purporting to act on Your behalf" and "anyone else" is vague,

6  ambiguous, overbroad, and impractical. Emanuel further objects to this Request to the extent it

7  purports to require Emanuel do anything beyond conducting a reasonable search for non-

8  objectionable, non-privileged, responsive documents and data. Emanuel further objects to this

9  Request as duplicative of Request No. 19 to Zuffa. Zuffa has been actively meeting and conferring

10  with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

11  discovery.

12       Emanuel will not produce documents in response to this Request.

13  **REQUEST FOR PRODUCTION NO. 44:**

14       Documents and data (including structured or unstructured data) sufficient to show Your

15  financial data, including at a minimum Your costs, revenue, income, EBITDA, assets, debits,

16  borrowing costs, and profits, by month and by year, at the most granular level such documents and

17  data are maintained.

18  **RESPONSE TO REQUEST NO. 44:**

19       In addition to the General Objections set forth above, Emanuel objects that this Request is

20  overbroad and unduly burdensome, not proportional to the needs of the case, and not reasonably

21  calculated to lead to the discovery of relevant or admissible evidence, including because it requests

22  financial data over a ten year time period, extending beyond the time period, geographic scope,

23  and subject matter relevant to this Action, and it is not limited in scope to documents relating to

24  the claims and defenses at issue in this Action. Emanuel further objects to this Request to the extent

25  that it seeks public information—including information in Plaintiffs' control—that is readily

26  accessible by Plaintiffs and which should be collected by Plaintiffs under the reasonableness and

27  proportionality standards set forth in the Federal Rules of Civil Procedure. Emanuel further objects

28  that the phrases "at the most granular level" and "unstructured data" are vague and ambiguous.

1    Emanuel further objects to this Request as duplicative of Request No. 20 to Zuffa. Zuffa has been

2    actively meeting and conferring with Plaintiffs over this same Request, and thus this Request

3    improperly seeks to bypass party discovery.

4        Emanuel will not produce documents in response to this Request.

5    **REQUEST FOR PRODUCTION NO. 45:**

6        All monthly and annual financial documents created or maintained by You or on Your

7    behalf, including without limitation all audited financial statements, balance sheets, income

8    statements, profit and loss reports, margin analyses, equity valuations, asset appraisals, financial

9    models, budgets (proposed or otherwise), investor presentations, margin analyses, pro formas,

10   regulatory filings (including income tax returns), issuance of equity or debit, loans, and money

11   owed or receivable, and any other form of financial reporting.

12   **RESPONSE TO REQUEST NO. 45:**

13       In addition to the General Objections set forth above, Emanuel objects to this Request as

14   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

15   calculated to lead to the discovery of relevant or admissible evidence, including because it calls

16   for all documents over a ten year time period, extending beyond the time period, geographic scope,

17   and subject matter relevant to this Action, and it is not limited in scope to documents relating to

18   the claims and defenses at issue in this Action. Emanuel also objects that the terms "financial

19   models" or "similar financial Documents" are vague and ambiguous. Emanuel further objects to

20   this Request to the extent that it seeks public information—including information in Plaintiffs'

21   control—that is readily accessible by Plaintiffs and which should be collected by Plaintiffs under

22   the reasonableness and proportionality standards set forth in the Federal Rules of Civil Procedure.

23   Emanuel will not produce equity valuations, asset appraisals, regulatory filings, income tax

24   returns, debt or equity issuance materials, or loans, to the extent any such materials exist, as they

25   are irrelevant and not proportional to the claims and defenses at issue in this Action, overbroad,

26   unduly burdensome, highly confidential, and unlikely to contain relevant information that could

27   not be obtained in more reasonable way. Emanuel further objects to this Request as duplicative of

28   Request No. 21 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this

1    same Request, and thus this Request improperly seeks to bypass party discovery.

2        Emanuel will not produce documents in response to this Request.

3    **REQUEST FOR PRODUCTION NO. 46:**

4        For each year of the Relevant Time Period, Documents sufficient to show beneficial

5    ownership in Zuffa, and any changes thereto. This Request includes Documents sufficient to show

6    the percentage of any stock or other interests owned by each Person holding a beneficial ownership

7    interest and the consideration paid for such interest.

8    **RESPONSE TO REQUEST NO. 46:**

9        In addition to the General Objections set forth above, Emanuel objects to this Request as

10   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

11   calculated to lead to the discovery of relevant or admissible evidence, including because it calls

12   for documents over a ten year time period, extending beyond the time period relevant to this

13   Action, and not limited in scope to documents relating to the claims and defenses at issue in this

14   Action. Emanuel also objects that the phrases "beneficial ownership," "other interests," and

15   "consideration" are vague and ambiguous. Emanuel further objects to this Request as duplicative

16   of Request No. 22 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over

17   this same Request, and thus this Request improperly seeks to bypass party discovery.

18       Emanuel will not produce documents in response to this Request.

19   **REQUEST FOR PRODUCTION NO. 47:**

20       Documents and data sufficient to show all compensation including salary, bonuses,

21   expense reimbursements, aviation expenses, distributions, dividends, stock awards, loans

22   (including information about repayment or forgiveness), management fees, board fees, and all

23   other compensation of any kind to all senior executives, board members, directors, beneficial

24   owners, and shareholders holding more than a 5% interest in Endeavor, including the date of the

25   compensation, the dollar value, the date of vesting, accrual, or maturation of the compensation (if

26   applicable), the source of the compensation (e.g., from a debt issuance or from corporate profits),

27   the reason given (if any) for the compensation, and the relative share received by each Person

28   receiving compensation.

**RESPONSE TO REQUEST NO. 47:**

In addition to the General Objections set forth above, Emanuel objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it calls for documents over a ten year time period, which extends beyond the time period relevant to this Action, and because it is not limited in scope to documents that relate to the claims or defenses at issue in this Action. Emanuel objects that this Request's use of the phrases "all other compensation," "source of the compensation," "the reason given (if any) for the compensation," and "the relative share received by each Person receiving compensation" is vague, ambiguous, overbroad, and impractical. Emanuel further objects that this Request seeks information not in Emanuel's possession, custody or control because it seeks documents and data sufficient to show "all compensation" to "all senior executives, board members, directors, beneficial owners, and shareholders holding more than a 5% interest in Endeavor." Emanuel further objects to this Request as duplicative of Request No. 23 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Emanuel will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 48:**

Documents and data sufficient to show any non-monetary benefits bestowed on any beneficial owners of Zuffa, including without limitation: (a) travel in private jets owned, leased, or paid for by You; (b) use of houses, apartments, vacation properties, or other real estate owned, leased, or paid for by You; (c) use of motor vehicles owned, leased, or paid for by You; (d) tickets for sporting events or other entertainment events paid for by You; and/or (e) any other item, service, amenity, activity, or privilege provided to one or more of the beneficial owners at Your expense.

**RESPONSE TO REQUEST NO. 48:**

In addition to the General Objections set forth above, Emanuel objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

1  calculated to lead to the discovery of relevant or admissible evidence, including because it calls

2  for documents over a ten year period, which extends beyond the time period relevant to this Action,

3  and it is not limited in scope to documents related to the claims or defenses at issue in this Action.

4  Emanuel objects that the phrases "non-monetary benefits," "beneficial owners," "entertainment

5  events," and "item, service, amenity, activity, or privilege" are vague and ambiguous. Emanuel

6  further objects to this Request as duplicative of Request No. 24 to Zuffa. Zuffa has been actively

7  meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly

8  seeks to bypass party discovery.

9     Emanuel will not produce documents in response to this Request.

10  **REQUEST FOR PRODUCTION NO. 49:**

11     For each year of the Relevant Time Period, Documents sufficient to show Your corporate

12  structure, including the organization of each division, department, unit or subdivision, parent,

13  subsidiary, joint venture or affiliate of Your company. This request includes without limitation

14  organizational charts, investor or debtor presentations, government filings, internal

15  communications, and any Documents sufficient to show each Employee or executive with

16  managerial responsibilities relating to the UFC.

17  **RESPONSE TO REQUEST NO. 49:**

18     In addition to the General Objections set forth above, Emanuel objects to this Request as

19  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

20  calculated to lead to the discovery of relevant or admissible evidence, including because it seeks

21  information into Zuffa's corporate structure at a level of detail that is not relevant to any claims or

22  defenses in this Action. Emanuel also objects to this Request as unintelligible as written because

23  it calls for "Documents sufficient to show" Zuffa's "corporate structure," then lists several

24  categories of documents that are purportedly called for by the Request "without limitation."

25  Emanuel further objects to this Request as duplicative of Request No. 25 to Zuffa. Zuffa has been

26  actively meeting and conferring with Plaintiffs over this same Request, and thus this Request

27  improperly seeks to bypass party discovery.

28     Emanuel will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 50:**

All Documents constituting, referencing, or relating to Your transactional data, at the most granular level possible, for each UFC Professional MMA Event held during the Relevant Time Period, sufficient to show at a minimum the following:

a) total gate receipts from each UFC Professional MMA Event during the Relevant Time Period, broken down by event;

b) total attendance at each UFC Professional MMA Event during the Relevant Time Period, broken down by event;

c) total revenues from each PPV broadcast of UFC Professional MMA Event during the Relevant Time Period, broken down by event;

d) total revenues from non-PPV broadcast of UFC Professional MMA Event during the Relevant Time Period, broken down by event and by contracted broadcaster (e.g., ESPN, Fox, Spike, etc.);

e) total revenues from closed circuit broadcast to commercial venues such as bars, restaurants, or theaters of each UFC Professional MMA Event during the Relevant Time Period, broken down by event;

f) total revenues derived from the sale of advertising during all broadcasts of UFC Professional MMA Events, whether PPV or non-PPV, during the Relevant Time Period, broken down by month and year, by PPV or non-PPV, and by advertiser;

g) total revenues derived in any way from the Promotional and Ancillary Rights, as described in Your Promotional and Ancillary Rights Agreements with MMA Fighters, relating to all professional MMA Fighters who have been under contract with the UFC at any time during the Relevant Time Period, broken down by month and year;

h) total revenues derived from Agreements with sponsors of the UFC or of the Professional MMA Fighters who have been under contract with the UFC at any time during the Relevant Time Period;

i) total revenues by event;

j) the gross and net price paid by customers for transactions by unit, subscription, and/or

1  ticket for a single Pay Per View, ticket to a live event, or UFC Fight Pass subscription;.

2  **RESPONSE TO REQUEST NO. 50:**

3        In addition to the General Objections set forth above, Emanuel objects that this Request is

4  overbroad and unduly burdensome, not proportional to the needs of the case, and not reasonably

5  calculated to lead to the discovery of relevant or admissible evidence, including because it requests

6  documents itemizing nearly every source of Zuffa's revenue from UFC Professional MMA Events

7  by bout, event, broadcast, transaction, and/or agreement for a period of ten years, which extends

8  beyond the time period relevant to this Action, seeks "All Documents" even "referencing or

9  relating" to "transactional data" at "the most granular level possible," and it is not limited in scope

10  to documents relating to the claims and defenses at issue in this Action. Emanuel further objects

11  to this Request to the extent it purports to require Emanuel to do anything beyond conducting a

12  reasonable search for non-objectionable, non-privileged, responsive documents and data. Emanuel

13  further objects to this Request as seeking documents and information relating to fighters who

14  would not be members of the putative class and, thus, would have no likelihood of leading to the

15  discovery of relevant or admissible evidence. Emanuel further objects to this Request as

16  duplicative of Request No. 26 to Zuffa. Zuffa has been actively meeting and conferring with

17  Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

18  discovery.

19        Emanuel will not produce documents in response to this Request.

20  **REQUEST FOR PRODUCTION NO. 51:**

21        Documents and data in as granular form as the information is maintained, sufficient to

22  show any and all compensation paid to each UFC Fighter individually for each UFC Professional

23  MMA Bout that the UFC Fighter participated in during the Relevant Time Period, on a fighter-by-

24  fighter basis, broken down by Professional MMA Bout (so that each UFC Fighter's compensation

25  data is available in one Document or sequence of Documents, and it is produced with sufficient

26  granularity so that the compensation is clearly attributed to the UFC Professional MMA Bout at

27  which the Fighter earned it), as follows:

28        a) the date and location of each UFC Professional MMA Bout the UFC Fighter participated

1  in during the Relevant Time Period, and

2      b) the base salary the UFC Fighter received for each UFC Professional MMA Bout he or

3  she participated in during the Relevant Time Period;

4      c) all bonuses the UFC Fighter received for each UFC Professional MMA Bout he or she

5  participated in during the Relevant Time Period (including, but not limited to

6      d) any and all discretionary bonuses or payments, fight of the night, performance of the

7  night, knockout and submission of the night bonuses) bonuses), broken down by each bonus

8  received for each Professional MMA Event;

9      e) all broadcast royalties the UFC Fighter received (if any) for each UFC Professional

10  MMA Bout he or she participated in during the Relevant Time Period, broken down so that the

11  broadcast royalties are traceable to a particular UFC Professional MMA Bout (to be clear, if the

12  UFC Fighter received broadcast royalties from more than one UFC Professional MMA Bout, the

13  broadcast royalties should be clearly attributed to the specific UFC Professional MMA Bout from

14  which they were generated);

15      f) any other form of compensation the UFC Fighter received for each UFC Professional

16  MMA Bout he or she participated in during the Relevant Time Period; and, Pay Per View shares

17  the UFC Fighter received for each UFC Professional MMA Bout he or she participated in during

18  the Relevant Time Period.

19  **RESPONSE TO REQUEST NO. 51:**

20      In addition to the General Objections set forth above, Emanuel objects that this Request is

21  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

22  calculated to lead to the discovery of relevant or admissible evidence, including because it requests

23  documents itemizing every payment made to every UFC Fighter by source, date, and payment type

24  for each UFC Professional MMA Bout over a ten year period, which extends beyond the time

25  period relevant to this Action, and it is not limited in scope to documents relating to the claims and

26  defenses at issue in this Action. Emanuel also objects to this Request as seeking documents and

27  information relating to fighters who would not be members of the putative class and, thus, would

28  have no likelihood of leading to the discovery of relevant or admissible evidence. Emanuel further

objects to this Request to the extent it purports to require Emanuel to do anything beyond conducting a reasonable search for non-objectionable, non-privileged, responsive documents and data. Emanuel further objects that the phrases "granular form" and "sufficient granularity" are vague and ambiguous. Emanuel further objects to this Request as duplicative of Request No. 27 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Emanuel will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 52:**

Profit and loss statements (including identity of participating fighters and compensation paid to each) for each UFC Professional MMA Event.

**RESPONSE TO REQUEST NO. 52:**

Request No. 52 is duplicative and redundant of Request Nos. 44 and 45, and Emanuel incorporates his responses and objections to those Requests here. In addition to the General Objections set forth above, Emanuel objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it requests profit and loss statements for each event over a ten year period, extending beyond the time period relevant to this Action. Emanuel also objects to this Request as seeking documents and information relating to fighters who would not be members of the putative class and, thus, would have no likelihood of leading to the discovery of relevant or admissible evidence. Emanuel also objects to this Request to the extent it purports to require Emanuel to do anything beyond conducting a reasonable search for non-objectionable, non-privileged, responsive documents and data. Emanuel further objects to this Request as duplicative of Request No. 28 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Emanuel will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 53:**

Documents sufficient to show Your actual costs for presenting UFC Professional MMA

Events, down to as granular a level as possible, including without limitation venue costs, promotional costs, compensation for UFC Fighters, insurance, safety, and all other costs incidental to presenting UFC Professional MMA Events.

**RESPONSE TO REQUEST NO. 53:**

Request No. 53 is duplicative and redundant of Request No. 51, and Emanuel incorporates his responses and objections to that Request here. In addition to the General Objections set forth above, Emanuel objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it calls for production of documents related to all of Zuffa's costs for presenting UFC Professional MMA Events without any limitation over a ten year period, extending beyond the time period relevant to this Action. Emanuel also objects that the phrases "actual costs," "down to as granular level as possible," and "all other costs incidental to presenting" are vague and ambiguous. Emanuel further objects to this Request as duplicative of Request No. 29 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Emanuel will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 54:**

Documents sufficient to show Your actual costs for presenting UFC Professional MMA Bouts, down to as granular a level as possible, including without limitation venue costs, promotional costs, compensation for UFC Fighters, insurance, safety, and all other costs incidental to presenting UFC Professional MMA Bouts.

**RESPONSE TO REQUEST NO. 54:**

Request No. 54 is duplicative and redundant of Request Nos. 52 and 53, and Emanuel incorporates his responses and objections to those Requests here. In addition to the General Objections set forth above, Emanuel objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it calls for production of documents related to all of Zuffa's costs for presenting UFC Professional MMA Bouts without any limitation over a ten

year period, extending beyond the time period relevant to this Action. Emanuel also objects that the phrases "actual costs," "down to as granular a level as possible," and "all other costs incidental to presenting" are vague and ambiguous. Emanuel further objects to this Request as duplicative of Request No. 30 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Emanuel will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 55:**

Documents sufficient to show Your actual costs involved in promoting the UFC as a brand.

**RESPONSE TO REQUEST NO. 55:**

Request No. 55 is duplicative and redundant of Request Nos. 44, 45, 53, and 54, and Emanuel incorporates his responses and objections to those Requests here. In addition to the General Objections set forth above, Emanuel objects to this Request as vague, ambiguous, overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it requests documents to show "actual costs" over a ten year time period, extending beyond the time period relevant to this Action, and it is not limited in scope to documents relating to the claims and defenses at issue in this Action. Emanuel objects that the phrases "actual costs," "promoting," and "as a brand" are vague and ambiguous. Emanuel further objects to this Request as duplicative of Request No. 31 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Emanuel will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 56:**

All documents relating to materials produced by third party analysts or consultants regarding Zuffa, including without limitation reports that analyze or project demand, revenues, income, profits, or market share. Documents responsive to this Request include both documents produced by such third party analysts or consultants (including both those retained by You and those producing such materials without an Agreement with You) and any comments, edits, or drafts of such materials or other documents You created and submitted to such third party analysts

1    or consultants.

2    **RESPONSE TO REQUEST NO. 56:**

3          In addition to the General Objections set forth above, Emanuel objects to this Request as

4    overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

5    calculated to lead to the discovery of relevant or admissible evidence, including because it calls

6    for "All documents" even "related to" materials produced by any "third party analyst or consultant

7    regarding Zuffa" without any limitation or connection to the claims or defenses at issue in this

8    litigation, and over a ten year time period, extending beyond the time period relevant to this Action.

9    Emanuel also objects that the phrases "third party analysts," "demand," and "submitted to" are

10   vague and ambiguous. Emanuel further objects to the extent this Request calls for documents

11   protected from disclosure by the attorney-client privilege, work-product doctrine, or any other

12   applicable privilege. Emanuel further objects to the Request to the extent that it seeks documents

13   not within Emanuel's possession, custody, or control. Emanuel further objects to this Request to

14   the extent that it seeks public information—including information in Plaintiffs' control—that is

15   readily accessible by Plaintiffs and which should be collected by Plaintiffs under the

16   reasonableness and proportionality standards set forth in the Federal Rules of Civil Procedure.

17   Emanuel further objects to this Request as duplicative of Request No. 32 to Zuffa. Zuffa has been

18   actively meeting and conferring with Plaintiffs over this same Request, and thus this Request

19   improperly seeks to bypass party discovery.

20         Emanuel will not produce documents in response to this Request.

21   **REQUEST FOR PRODUCTION NO. 57:**

22         All documents created by You or by third party analysts or consultants regarding

23   competition among MMA Promoters or would-be MMA Promoters for (a) the purchase of MMA

24   Fighter services and (b) promotion of Professional MMA Events generally, including without

25   limitation reports that analyze or project demand, revenues, income, profits or market share.

26   **RESPONSE TO REQUEST NO. 57:**

27         In addition to the General Objections set forth above, Emanuel objects to this Request as

28   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

1    calculated to lead to the discovery of relevant or admissible evidence, including because it calls

2    for "All documents" over a ten year time period, extending beyond the time period relevant to this

3    Action. Emanuel also objects that the term "third party analysts" is vague and ambiguous. Emanuel

4    further objects to the extent this Request calls for documents protected from disclosure by the

5    attorney-client privilege, work-product doctrine, or any other applicable privilege. Emanuel further

6    objects to the Request to the extent that it seeks documents not within Emanuel's possession,

7    custody, or control. Emanuel further objects to this Request to the extent that it seeks public

8    information—including information in Plaintiffs' control—that is readily accessible by Plaintiffs

9    and which should be collected by Plaintiffs under the reasonableness and proportionality standards

10   set forth in the Federal Rules of Civil Procedure. Emanuel further objects to this Request as

11   duplicative of Request No. 33 to Zuffa. Zuffa has been actively meeting and conferring with

12   Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

13   discovery.

14        Emanuel will not produce documents in response to this Request.

15   **REQUEST FOR PRODUCTION NO. 58:**

16        All Documents referencing or relating to comparison of compensation models or

17   Agreements between the UFC and other major professional sports, including without limitation

18   boxing, pro wrestling, football, basketball, and baseball.

19   **RESPONSE TO REQUEST NO. 58:**

20        In addition to the General Objections set forth above, Emanuel objects to this Request as

21   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

22   calculated to lead to the discovery of relevant or admissible evidence, including because it calls

23   for "All documents" over a ten year time period, extending beyond the time period relevant to this

24   Action, and it is not limited in scope to documents relating to the claims and defenses at issue in

25   this Action. Emanuel also objects that the phrases "comparison of compensation models" and

26   "major professional sports" are vague and ambiguous. Emanuel further objects to this Request as

27   duplicative of Request No. 34 to Zuffa. Zuffa has been actively meeting and conferring with

28   Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

1    discovery.

2        Emanuel will not produce documents in response to this Request.

3    **REQUEST FOR PRODUCTION NO. 59:**

4        All Agreements (and any amendments thereto) entered into between You and any MMA

5    Promoter relating to the acquisition of assets, equity, or other interests of any MMA Promoter, and

6    all Documents referencing or relating to the potential or actual acquisition of assets, equity, or

7    interests of any MMA Promoter, including, but not limited to, internal strategy documents,

8    projections, cost-benefit analyses, cost estimates, and all Agreements or contracts (and any

9    amendments thereto).

10   **RESPONSE TO REQUEST NO. 59:**

11       In addition to the General Objections set forth above, Emanuel objects to this Request as

12   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

13   calculated to lead to the discovery of relevant or admissible evidence, including because it would

14   require Zuffa to produce "All Agreements" over a ten year time period, extending beyond the time

15   period relevant to this Action and relating to transactions that are not challenged or at issue in this

16   Action. Neither the Complaint, nor this Request, identifies or alleges that Zuffa has engaged in

17   any acquisition of assets, equity, or other interests of any MMA Promoter during the putative class

18   period, and thus this Request is purely an impermissible fishing expedition into irrelevant

19   materials. Emanuel also objects that the term "interests" as used in this Request is vague and

20   ambiguous. Emanuel further objects to this Request as duplicative of Request No. 35 to Zuffa.

21   Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus

22   this Request improperly seeks to bypass party discovery.

23       Emanuel will not produce documents in response to this Request.

24   **REQUEST FOR PRODUCTION NO. 60:**

25       Documents sufficient to identify each Person involved in approving or negotiating the

26   terms of any Agreements or potential Agreements for the acquisition or potential acquisition of

27   assets, or equity, or interests of any MMA Promoter.

28

**RESPONSE TO REQUEST NO. 60:**

In addition to the General Objections set forth above, Emanuel objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it calls for identification of "each Person" over a ten year time period, extending beyond the time period relevant to this Action and relating to transactions that are not challenged or at issue in this Action. Neither the Complaint, nor this Request, identifies or alleges that Zuffa has engaged in any acquisition of assets, equity, or other interests of any MMA Promoter during the putative class period, and thus this Request is purely an impermissible fishing expedition into irrelevant materials. Emanuel also objects that the term "interests" as used in this Request is vague and ambiguous. Emanuel further objects to this Request as duplicative of Request No. 36 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Emanuel will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 61:**

Documents sufficient to Identify each Person or entity You consider to be, or considered to have been, an actual or potential competitor of the UFC for (a) the purchase of MMA Fighter services, and/or (b) the promotion of live Professional MMA Events in the United States or abroad.

**RESPONSE TO REQUEST NO. 61:**

In addition to the General Objections set forth above, Emanuel objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it calls for documents over a ten year time period, extending beyond the time period relevant to this Action. Emanuel also objects that the phrases "consider to be," "considered to have been," "actual or potential competitor," "purchase," and "promotion" as used in this Request are vague and ambiguous. Emanuel further objects to this Request to the extent it purports to require Emanuel to do anything beyond conducting a reasonable search for non-objectionable, non-privileged, responsive documents and data. Emanuel further objects that this Request purports to require the

1   production of materials that are not within Emanuel's possession, custody, or control. Emanuel

2   further objects to this Request as duplicative of Request No. 37 to Zuffa. Zuffa has been actively

3   meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly

4   seeks to bypass party discovery.

5        Emanuel will not produce documents in response to this Request.

6   **REQUEST FOR PRODUCTION NO. 62:**

7        Documents or data sufficient to calculate the actual or potential market share held by the

8   UFC and each of the UFC's actual or potential competitors (as Identified in Request No. 61) in

9   terms of total revenue by region (US, North America, South America, Europe, Asia, and any

10  others) derived from the promotion of live Professional MMA Bouts and all other income sources,

11  including without limitation merchandising, licensing, sponsorships, advertising, video games, and

12  other income sources based on the use of Professional MMA Fighters' Identities.

13  **RESPONSE TO REQUEST NO. 62:**

14        In addition to the General Objections set forth above, Emanuel objects that the Request is

15  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

16  calculated to lead to the discovery of relevant or admissible evidence, including because it calls

17  for documents regarding all income sources over a ten year time period, extending beyond the time

18  period relevant to this Action, and it is not limited in scope to the claims, defenses, or geographic

19  area at issue in this Action. Emanuel also objects that this Request is vague and ambiguous because

20  it does not specify time intervals for the calculation of the "actual or potential market share," which

21  may have varied throughout the class period. Emanuel further objects that the terms "actual or

22  potential market share," "actual or potential competitors," "derived from," and "based on the use

23  of Professional MMA Fighters' Identities" are vague and ambiguous. Emanuel further objects to

24  this Request to the extent it purports to require Emanuel to do anything beyond conducting a

25  reasonable search for non-objectionable, non-privileged, responsive documents and data. Emanuel

26  further objects that this Request purports to require the production of materials that are not within

27  Emanuel's possession, custody, or control. Emanuel further objects to this Request as duplicative

28  of Request No. 38 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over

1    this same Request, and thus this Request improperly seeks to bypass party discovery.

2        Emanuel will not produce documents in response to this Request.

3    **REQUEST FOR PRODUCTION NO. 63:**

4        Documents or data sufficient to Identify the actual and/or estimated share of Professional

5    MMA Fighters' services, by both dollar amount and number of fighters, for the purchase of the

6    services of Professional MMA Fighters by the UFC and each of Your actual or potential

7    competitors identified in your response to Request No. 61 by region (US, North America, South

8    America, Europe, Asia, and any others).

9    **RESPONSE TO REQUEST NO. 63:**

10       In addition to the General Objections set forth above, Emanuel objects that this Request is

11   vague, ambiguous, and unintelligible as written. Emanuel also objects to this Request to the extent

12   it purports to require Emanuel to do anything beyond conducting a reasonable search for non-

13   objectionable, non-privileged, responsive documents and data. Emanuel further objects that this

14   Request is not proportional to the needs of the case, nor limited in scope to the claims and defenses

15   at issue in this Action. Emanuel further objects that this Request purports to require the production

16   of materials that are not within Emanuel's possession, custody, or control. Emanuel further objects

17   to this Request as duplicative of Request No. 39 to Zuffa. Zuffa has been actively meeting and

18   conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass

19   party discovery.

20       Emanuel will not produce documents in response to this Request.

21   **REQUEST FOR PRODUCTION NO. 64:**

22       All Documents and data referencing or relating to the determination of Professional MMA

23   Fighter compensation by the UFC (identified in your response to Request No. 54, above) in the

24   promotion of live Professional MMA Events and all other income sources, including without

25   limitation merchandising, licensing, sponsorships, advertising, video games, and other income

26   sources based on the use of Professional MMA Fighters' Identities.

27   **RESPONSE TO REQUEST NO. 64:**

28       In addition to the General Objections set forth above, Emanuel objects to this Request as

1  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

2  calculated to lead to the discovery of relevant or admissible evidence, including because it calls

3  for "All Documents" over a ten year time period, extending beyond the time period relevant to this

4  Action. Emanuel also objects that the phrases "the determination of Professional MMA fighter

5  compensation," "other income sources," and "based on the use of Professional MMA Fighters'

6  Identities" as used in this Request are vague and ambiguous. Emanuel further objects to this

7  Request as seeking documents and information relating to fighters who would not be part of the

8  putative class and, thus, would have no likelihood of leading to the discovery of relevant or

9  admissible evidence. Emanuel further objects that this Request is not limited in scope to the claims

10  and defenses at issue in this Action, including because Plaintiffs do not allege an identity class in

11  this Action. Emanuel further objects to this Request as duplicative of Request No. 40 to Zuffa.

12  Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus

13  this Request improperly seeks to bypass party discovery.

14       Emanuel will not produce documents in response to this Request.

15  **REQUEST FOR PRODUCTION NO. 65:**

16       All Documents and data referencing or relating to the determination of Professional MMA

17  Fighter compensation by any of the UFC's actual and potential competitors (identified in your

18  response to Request No. 54, above) in the promotion of live Professional MMA Events and all

19  other income sources, including without limitation merchandising, licensing, sponsorships,

20  advertising, video games, and other income sources based on the use of Professional MMA

21  Fighters' Identities.

22  **RESPONSE TO REQUEST NO. 65:**

23       In addition to the General Objections set forth above, Emanuel objects that this Request is

24  vague, ambiguous, and unintelligible as written. Emanuel also objects to this Request as overbroad,

25  unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to

26  lead to the discovery of relevant or admissible evidence, including because it calls for "All

27  Documents" over a ten year time period, extending beyond the time period relevant to this Action.

28  Emanuel further objects that this Request is not limited in scope to the claims and defenses at issue

1    in this Action, including because Plaintiffs do not allege an identity class in this Action. Emanuel

2    further objects that the phrases "the determination of Professional MMA fighter compensation,"

3    "actual and potential competitors," "other income sources," and "based on the use of Professional

4    MMA Fighters' Identities" as used in this Request are vague and ambiguous. Emanuel further

5    objects that this request is not limited in scope to the claims and defenses at issue in this Action

6    and it purports to require the production of materials that are not within Emanuel's possession,

7    custody, or control. Emanuel further objects to this Request as duplicative of Request No. 41 to

8    Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and

9    thus this Request improperly seeks to bypass party discovery.

10        Emanuel will not produce documents in response to this Request.

11   **REQUEST FOR PRODUCTION NO. 66:**

12        All Documents analyzing, discussing, or relating to the competitive strengths or

13   weaknesses of actual or potential competitors (identified in your response to Request No. 61 or

14   otherwise, above) in the promotion of live Professional MMA Events and/or in the purchase of the

15   services of Professional MMA Fighters.

16   **RESPONSE TO REQUEST NO. 66:**

17        In addition to the General Objections set forth above, Emanuel objects to this Request as

18   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

19   calculated to lead to the discovery of relevant or admissible evidence, including because it calls

20   for "All Documents" over a ten year time period, extending beyond the time period relevant to this

21   Action. Emanuel further objects that the phrases "competitive strengths or weaknesses" and

22   "actual or potential competitors" as used in this Request is vague and ambiguous. Emanuel further

23   objects to the extent this Request calls for documents protected from disclosure by the attorney-

24   client privilege, work-product doctrine, or any other applicable privilege. Emanuel further objects

25   to this Request as duplicative of Request No. 42 to Zuffa. Zuffa has been actively meeting and

26   conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass

27   party discovery.

28        Emanuel will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 67:**

All Documents referencing or relating to communications and/or negotiations with any sponsors or advertisers in connection with Endeavor's acquisition of Zuffa.

**RESPONSE TO REQUEST NO. 67:**

In addition to the General Objections set forth above, Emanuel objects that this Request is overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it calls for "All Documents" related to communications and/or negotiations with sponsors or advertisers in connection with Endeavor's acquisition of Zuffa, which extends beyond the time period relevant to this Action, and is not related to the claims and defenses at issue in this Action. Emanuel further objects to this Request as duplicative of Request No. 43 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Emanuel will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 68:**

All Documents and Communications referencing or relating to any Agreements entered into by You relating to Venues for Professional MMA Events, including all Agreements, all draft Agreements, and all Documents and Communications relating to negotiation of such Agreements or draft Agreements.

**RESPONSE TO REQUEST NO. 68:**

In addition to the General Objections set forth above, Emanuel objects that this Request is overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it requests "All Documents and Communications" relating to agreements entered into by Zuffa related to venues for Professional MMA Events over a ten year time period, extending beyond the time period relevant to this Action, and it is not limited in scope to documents relating to the claims and defenses at issue in this Action. Plaintiffs have neither asserted a monopolization claim in this Action, nor alleged any anticompetitive conduct in connection with Zuffa's venue agreements, if

1    any, and thus this Request is purely an impermissible fishing expedition into irrelevant materials.

2    Emanuel further objects to this Request as duplicative of Request No. 44 to Zuffa. Zuffa has been

3    actively meeting and conferring with Plaintiffs over this same Request, and thus this Request

4    improperly seeks to bypass party discovery.

5           Emanuel will not produce documents in response to this Request.

6    **REQUEST FOR PRODUCTION NO. 69:**

7           All Documents and Communications relating to the drafting of and the reasoning behind

8    the "Exclusivity Clause" in UFC Bout Agreements, which binds UFC Fighters into a restricted

9    relationship with the UFC and prohibits them from appearing in Professional MMA Bouts

10   televised or organized by actual or potential rival promotions unless approved by the UFC.

11   **RESPONSE TO REQUEST NO. 69:**

12          In addition to the General Objections set forth above, Emanuel objects to this Request as

13   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

14   calculated to lead to the discovery of relevant or admissible evidence, including because it requests

15   "All Documents and Communications" related to the drafting of and reasoning behind the

16   "Exclusivity Clause" over a ten year time period, extending beyond the time period relevant to this

17   Action. Emanuel also objects to the extent this Request calls for documents protected from

18   disclosure by the attorney-client privilege, work-product doctrine, or any other applicable

19   privilege. Emanuel further objects that the phrases "drafting of" and "reasoning behind" are vague

20   and ambiguous. Emanuel disputes Plaintiffs' characterization of the relevant agreement provisions

21   as the "Exclusivity Clause," and further disputes Plaintiffs' assertion that they bind "UFC Fighters

22   into a restricted relationship with the UFC" and prohibit "them from appearing in Professional

23   MMA Bouts televised or organized by actual or potential rival promotions unless approved by the

24   UFC." Emanuel refers to the text of the relevant agreements for their contents. Emanuel further

25   objects to this Request as duplicative of Request No. 45 to Zuffa. Zuffa has been actively meeting

26   and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to

27   bypass party discovery.

28          Emanuel will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 70:**

All Documents and Communications referencing or relating to the drafting of and the reasoning behind the "Champion's Clause" in UFC Bout Agreements, which allows the UFC to extend a UFC Fighter's contract for as long as the athlete is a "champion" in his or her weight class.

**RESPONSE TO REQUEST NO. 70:**

In addition to the General Objections set forth above, Emanuel objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it requests "All Documents and Communications" referencing or relating to the drafting and reasoning behind the "Champion's Clause" over a ten year time period, extending beyond the time period relevant to this Action. Emanuel also objects to the extent this Request calls for documents protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Emanuel further objects that the phrases "drafting of" and "reasoning behind" are vague and ambiguous. Emanuel disputes Plaintiffs' characterization of the relevant agreement provisions as the "Champion's Clause," and further disputes Plaintiffs' assertion that they allow "the UFC to extend a UFC Fighter's contract for as long as the athlete is a 'champion' in his or her weight class." Emanuel refers to the text of the relevant agreements for their contents. Emanuel further objects to this Request as duplicative of Request No. 46 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Emanuel will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 71:**

All Documents and Communications referencing or relating to the drafting of and the reasoning behind the "Right to First Offer" and "Right to Match" Clauses in UFC Bout Agreements, which grant the UFC the option to match the financial terms and conditions of any offer made to a UFC Fighter for a Professional MMA Bout even after the Fighter's contract has expired.

1    **RESPONSE TO REQUEST NO. 71:**

2        In addition to the General Objections set forth above, Emanuel objects to this Request as

3    overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

4    calculated to lead to the discovery of relevant or admissible evidence, including because it requests

5    "All Documents and Communications" referencing or relating to the drafting of and the reasoning

6    behind the "Right to First Offer" and "Right to Match" clauses over a ten year time period,

7    extending beyond the time period relevant to this Action. Emanuel also objects to the extent this

8    Request calls for documents protected from disclosure by the attorney-client privilege, work-

9    product doctrine, or any other applicable privilege. Emanuel further objects that the phrases

10   "drafting of" and "reasoning behind" are vague and ambiguous. Emanuel disputes Plaintiffs'

11   characterization of the relevant agreement provisions as the "Right to First Offer" and "Right to

12   Match" clauses, and further disputes Plaintiffs' assertion that they grant "the UFC the option to

13   match the financial terms and conditions of any offer made to a UFC Fights for a Professional

14   MMA Bout even after the Fighter's contract has expired." Emanuel refers to the text of the relevant

15   agreements for their contents. Emanuel further objects to this Request as duplicative of Request

16   No. 47 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same

17   Request, and thus this Request improperly seeks to bypass party discovery.

18       Emanuel will not produce documents in response to this Request.

19   **REQUEST FOR PRODUCTION NO. 72:**

20       All Documents and Communications referencing or relating to the drafting of and the

21   reasoning behind the "Ancillary Rights Clause" in the Promotional and Ancillary Rights

22   Agreements, which grants the UFC exclusive and perpetual worldwide personality and Identity

23   rights of the UFC Fighter.

24   **RESPONSE TO REQUEST NO. 72:**

25       In addition to the General Objections set forth above, Emanuel objects to this Request as

26   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

27   calculated to lead to the discovery of relevant or admissible evidence, including because it requests

28   "All Documents and Communications" referencing or relating to the drafting of and reasoning

1    behind the "Ancillary Rights Clause" over a ten year time period, extending beyond the time period

2    relevant to this Action. Emanuel also objects to the extent this Request calls for documents

3    protected from disclosure by the attorney-client privilege, work-product doctrine, or any other

4    applicable privilege. Emanuel further objects that the phrases "drafting of" and "reasoning behind"

5    are vague and ambiguous. Emanuel further objects that this Request is not limited in scope to the

6    claims and defenses at issue in this Action, including because Plaintiffs do not allege an identity

7    class in this Action. Emanuel disputes Plaintiffs' characterization of the relevant agreement

8    provisions as the "Ancillary Rights Clause," and further disputes Plaintiffs' assertion that they

9    grant "the UFC exclusive and perpetual worldwide personality and Identity rights of the UFC

10   Fighter." Emanuel refers to the text of the relevant agreements for their contents. Emanuel further

11   objects to this Request as duplicative of Request No. 48 to Zuffa. Zuffa has been actively meeting

12   and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to

13   bypass party discovery.

14       Emanuel will not produce documents in response to this Request.

15   **REQUEST FOR PRODUCTION NO. 73:**

16       All Documents and Communications referencing or relating to the drafting of and the

17   reasoning behind the "Promotion Clause" in the Promotional and Ancillary Rights Agreements,

18   which requires UFC Fighters to attend, cooperate, and assist in the promotion of Professional

19   MMA Bouts in which they fight and, as required by the UFC, any other Professional MMA Bouts,

20   Professional MMA Events, broadcasts, press conferences and sale of UFC Licensed Merchandise.

21   **RESPONSE TO REQUEST NO. 73:**

22       In addition to the General Objections set forth above, Emanuel objects to this Request as

23   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

24   calculated to lead to the discovery of relevant or admissible evidence, including because it requests

25   "All Documents and Communications" referencing or relating to the drafting of and reasoning

26   behind the "Promotion Clause" over a ten year time period, extending beyond the time period

27   relevant to this Action. Emanuel also objects to the extent this Request calls for documents

28   protected from disclosure by the attorney-client privilege, work-product doctrine, or any other

1  applicable privilege. Emanuel further objects that the phrases "drafting of," "reasoning behind,"

2  "attend, cooperate, and assist in the promotion," and "broadcasts, press conferences and sale" are

3  vague and ambiguous. Emanuel disputes Plaintiffs' characterization of the relevant agreement

4  provisions as the "Promotion Clause," and further disputes Plaintiffs' assertion that they require

5  "UFC Fighters to attend, cooperate, and assist in the promotion of Professional MMA Bouts in

6  which they fight and, as required by the UFC, any other Professional MMA Bouts, Professional

7  MMA Events, broadcasts, press conferences and sale of UFC Licensed Merchandise." Emanuel

8  refers to the text of the relevant agreements for their contents. Emanuel further objects to this

9  Request as duplicative of Request No. 49 to Zuffa. Zuffa has been actively meeting and conferring

10  with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

11  discovery.

12       Emanuel will not produce documents in response to this Request.

13  **REQUEST FOR PRODUCTION NO. 74:**

14       All Documents and Communications referencing or relating to the drafting of and the

15  reasoning behind the "Retirement Clause" which gives the UFC the power "to retain the rights to

16  a retired fighter in perpetuity.".

17  **RESPONSE TO REQUEST NO. 74:**

18       In addition to the General Objections set forth above, Emanuel objects to this Request as

19  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

20  calculated to lead to the discovery of relevant or admissible evidence, including because it requests

21  "All Documents and Communications" referencing or relating to the drafting of and reasoning

22  behind the "Retirement Clause" over a ten year time period, extending beyond the time period

23  relevant to this Action. Emanuel also objects to the extent this Request calls for documents

24  protected from disclosure by the attorney-client privilege, work-product doctrine, or any other

25  applicable privilege. Emanuel further objects that the phrases "drafting of" and "reasoning behind"

26  are vague and ambiguous. Emanuel disputes the Plaintiffs' characterization of the relevant

27  agreement provisions as the "Retirement Clause," and further disputes Plaintiffs' assertion that

28  they give the UFC the power "to retain the rights to a retired fighter in perpetuity." Emanuel refers

1  to the text of the relevant agreements for their contents. Emanuel further objects to this Request as

2  duplicative of Request No. 50 to Zuffa. Zuffa has been actively meeting and conferring with

3  Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

4  discovery.

5        Emanuel will not produce documents in response to this Request.

6  **REQUEST FOR PRODUCTION NO. 75:**

7        All Documents and Communications referencing or relating to the drafting of and the

8  reasoning behind the tolling provisions, which extend the term of a UFC Fighter's contract during

9  periods when he or she is injured, retired, or otherwise declines to compete.

10  **RESPONSE TO REQUEST NO. 75:**

11        In addition to the General Objections set forth above, Emanuel objects to this Request as

12  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

13  calculated to lead to the discovery of relevant or admissible evidence, including because it requests

14  "All Documents and Communications" referencing or relating to the drafting of and the reasoning

15  behind the tolling provisions over a ten year time period, extending beyond the time period relevant

16  to this Action. Emanuel also objects to the extent this Request calls for documents protected from

17  disclosure by the attorney-client privilege, work-product doctrine, or any other applicable

18  privilege. Emanuel further objects that the phrases "drafting of," "reasoning behind," "tolling

19  provisions," and "otherwise declines to compete" are vague and ambiguous. Emanuel disputes the

20  Plaintiffs' characterization of the relevant agreement provisions as "tolling provisions," and further

21  disputes Plaintiffs' assertion that they extend "the term of a UFC Fighter's contract during periods

22  when he or she is injured, retired, or otherwise declines to compete." Emanuel refers to the text of

23  the relevant agreements for their contents. Emanuel further objects to this Request as duplicative

24  of Request No. 51 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over

25  this same Request, and thus this Request improperly seeks to bypass party discovery.

26        Emanuel will not produce documents in response to this Request.

27  **REQUEST FOR PRODUCTION NO. 76:**

28        All Documents and Communications referencing or relating to the drafting of and the

1  reasoning behind the "Sponsorship and Endorsement Clause," which appears to grant the UFC

2  sole discretion over all sponsorship and endorsement approvals.

3  **RESPONSE TO REQUEST NO. 76:**

4    In addition to the General Objections set forth above, Emanuel objects to this Request as

5  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

6  calculated to lead to the discovery of relevant or admissible evidence, including because it requests

7  "All Documents and Communications" referencing or relating to the drafting of and the reasoning

8  behind the "Sponsorship and Endorsement Clause" over a ten year time period, extending beyond

9  the time period relevant to this Action. Emanuel also objects to the extent this Request calls for

10  documents protected from disclosure by the attorney-client privilege, work-product doctrine, or

11  any other applicable privilege. Emanuel further objects that the phrases "drafting of" and

12  "reasoning behind" are vague and ambiguous. Emanuel further objects that this Request is not

13  limited in scope to the claims and defenses at issue in this Action, including because Plaintiffs do

14  not allege an identity class in this Action. Emanuel disputes the Plaintiffs' characterization of the

15  relevant agreement provisions as the "Sponsorship and Endorsement Clause," and further disputes

16  Plaintiffs' assertion that they appear "to grant the UFC sole discretion over all sponsorship and

17  endorsement approvals." Emanuel refers to the text of the relevant agreements for their contents.

18  Emanuel further objects to this Request as duplicative of Request No. 52 to Zuffa. Zuffa has been

19  actively meeting and conferring with Plaintiffs over this same Request, and thus this Request

20  improperly seeks to bypass party discovery.

21    Emanuel will not produce documents in response to this Request.

22  **REQUEST FOR PRODUCTION NO. 77:**

23    All Documents and Communications analyzing or quantifying the overall impact or effect

24  of the contractual clauses in Zuffa's Promotional and Ancillary Rights Agreements on (a) UFC

25  Fighters' mobility or compensation, and/or (b) the ability of Zuffa's competitors (as identified in

26  your response to Request No. 61, supra, or otherwise) to compete for Professional MMA Fighters

27  services or to promote Professional MMA Events that can successfully compete against Zuffa.

28

**RESPONSE TO REQUEST NO. 77:**

In addition to the General Objections, Emanuel objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it calls for "All Documents and Communications" over a ten year time period, extending beyond the time period relevant to this Action. Emanuel also objects to the extent this Request calls for documents protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Emanuel further objects that the phrases "overall impact," "effect," "mobility," and "successfully" are vague and ambiguous. Emanuel further objects to this Request as duplicative of Request No. 53 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Emanuel will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 78:**

Documents sufficient to identify each of Your Employees or agents involved in approving or negotiating the terms of each of Your Agreements with any Professional MMA Fighters.

**RESPONSE TO REQUEST NO. 78:**

In addition to the General Objections set forth above, Emanuel objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it calls for documents over a ten year period, extending beyond the time period relevant to this Action, and it is not limited in scope to agreement terms related to the claims or defenses at issue in this Action, including the lack of specificity regarding the subject of any "Agreements with any Professional MMA Fighters." Emanuel further objects to this Request to the extent it purports to require Emanuel to do anything beyond conducting a reasonable search for non-objectionable, non-privileged, responsive documents and data. Emanuel further objects to this Request as duplicative of Request No. 54 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

discovery.

Emanuel will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 79:**

All Documents and Communications relating to any Agreements between You and any other MMA Promoter (past or present) relating to a Professional MMA Fighter's services, including all executed Agreements (and any amendments thereto), draft Agreements, and all Documents and Communications relating to the negotiation of such agreements, regardless of whether an Agreement was executed.

**RESPONSE TO REQUEST NO. 79:**

Request No. 79 is duplicative and redundant of Request Nos. 28 and 29, and Emanuel incorporates his responses and objections to those Requests here. In addition to the General Objections set forth above, Emanuel objects that this Request is overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because its request for "all executed Agreements (and any amendments thereto)" with past or present MMA Promoters over a period of ten years extends beyond the time period relevant to this Action and is not limited in scope to documents related to the claims and defenses at issue in this Action. Emanuel also objects to this Request as seeking documents and information relating to fighters who would not be members of the putative class and, thus, would have no likelihood of leading to the discovery of relevant or admissible evidence. Emanuel further objects to the extent this Request calls for documents protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Emanuel further objects to this Request as duplicative of Request No. 55 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Emanuel will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 80:**

Documents sufficient to identify each of Your Employees or agents involved in approving or negotiating the terms of any Agreements or potential Agreements with any other MMA

Promoter (past or present) relating to the provision of Professional MMA Fighter services.

**RESPONSE TO REQUEST NO. 80:**

In addition to the General Objections set forth above, Emanuel objects that this Request is overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it seeks documents relating to each employee over a ten year period, extending beyond the time period relevant to this Action, and is not limited to documents related to individuals who may have some role in the claims or defenses in this Action. Emanuel also objects that the phrase "potential Agreements" is vague, ambiguous, and confusing. Emanuel further objects to this Request to the extent it purports to require Emanuel to do anything beyond conducting a reasonable search for non-objectionable, non-privileged, responsive documents and data. Emanuel further objects to this Request as duplicative of Request No. 56 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Emanuel will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 81:**

All Documents and Communications constituting or relating to Agreements between You and any broadcaster of professional MMA events (including PPV and non-PPV Professional MMA Events), including without limitation all executed Agreements (and any amendments thereto), draft Agreements, and all Documents and Communications relating to the negotiation of such Agreements, Documents and Communications analyzing the terms of any actual or potential such Agreement, regardless of whether an Agreement was executed.

**RESPONSE TO REQUEST NO. 81:**

In addition to the General Objections set forth above, Emanuel objects that this Request is overbroad, unduly burdensome, not proportional to the needs of the case, and seeks documents that have no likelihood of leading to the discovery of relevant or admissible evidence, including because it calls for "All Documents and Communications" over a ten year time period, extending beyond the time period relevant to this Action. Emanuel further objects that the phrases

"analyzing" and "potential such Agreement" are vague, ambiguous, and confusing. Emanuel further objects to the extent this Request calls for documents protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Plaintiffs have neither asserted a monopolization claim in this Action, nor alleged any anticompetitive conduct in connection with Zuffa's broadcasting agreements, if any, and thus this Request is purely an impermissible fishing expedition into irrelevant materials. Emanuel further objects to this Request as duplicative of Request No. 57 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Emanuel will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 82**

Documents sufficient to identify each of Your Employees and agents involved in approving or negotiating the terms of any Agreements or potential Agreements with any broadcaster of professional MMA events (including PPV).

**RESPONSE TO REQUEST NO. 82:**

In addition to the General Objections set forth above, Emanuel objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it calls for documents related to "any Agreements" over a ten year time period, extending beyond the time period relevant to this Action, and it is not limited to documents related to individuals who may have had some role in the claims and defenses at issue in this Action. Emanuel also objects to the phrase "potential Agreements" as vague, ambiguous, and confusing. Plaintiffs have neither asserted a monopolization claim in this Action, nor alleged any anticompetitive conduct in connection with Zuffa's broadcasting agreements, if any, and thus this Request is purely an impermissible fishing expedition into irrelevant materials. Emanuel further objects to this Request to the extent it purports to require Emanuel to do anything beyond conducting a reasonable search for non-objectionable, non-privileged, responsive documents and data. Emanuel further objects to this Request as duplicative of Request No. 58 to Zuffa. Zuffa has been actively meeting and

1    conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass

2    party discovery.

3         Emanuel will not produce documents in response to this Request.

4    **REQUEST FOR PRODUCTION NO. 83:**

5         All Documents and Communications relating to Agreements between You and any

6    sponsors of the UFC or of the Professional MMA Fighters under contract with the UFC, including

7    without limitation all executed Agreements (and any amendments thereto), draft Agreements, and

8    all Documents and Communications relating to the negotiation of such Agreements, regardless of

9    whether an Agreement was executed.

10    **RESPONSE TO REQUEST NO. 83:**

11         In addition to the General Objections set forth above, Emanuel objects that this Request is

12    overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

13    calculated to lead to the discovery of relevant or admissible evidence, including because it asks for

14    "All Documents and Communications" relating to all agreements with sponsors over a ten year

15    time period, extending beyond the time period relevant to this Action, and it is not limited in scope

16    to documents relating to the claims and defenses at issue in this Action. Emanuel also objects to

17    this Request as seeking documents and information relating to fighters who would not be members

18    of the putative class and, thus, would have no likelihood of leading to the discovery of relevant or

19    admissible evidence. Emanuel further objects to the extent this Request calls for documents

20    protected from disclosure by the attorney-client privilege, work-product doctrine, or any other

21    applicable privilege. Plaintiffs have neither asserted a monopolization claim in this Action, nor

22    alleged any anticompetitive conduct in connection with Zuffa's sponsorship agreements, if any,

23    and thus this Request is purely an impermissible fishing expedition into irrelevant materials.

24    Emanuel further objects to this Request as duplicative of Request No. 59 to Zuffa. Zuffa has been

25    actively meeting and conferring with Plaintiffs over this same Request, and thus this Request

26    improperly seeks to bypass party discovery.

27         Emanuel will not produce documents in response to this Request.

28

**REQUEST FOR PRODUCTION NO. 84:**

Documents sufficient to identify each of Your Employees and/or agents involved in approving or negotiating the terms of any Agreements or potential Agreements with any sponsors of the UFC or the Professional MMA Fighters under contract with the UFC.

**RESPONSE TO REQUEST NO. 84:**

In addition to the General Objections set forth about, Emanuel objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it requests identification of all employees over a ten year time period, extending beyond the time period relevant to this Action, and it is not limited in scope to documents relating to the claims and defenses at issue in this Action. Plaintiffs have neither asserted a monopolization claim in this Action, nor alleged any anticompetitive conduct in connection with Zuffa's sponsorship agreements, if any, and thus this Request is purely an impermissible fishing expedition into irrelevant materials. Emanuel further objects to this Request to the extent it purports to require Emanuel to do anything beyond conducting a reasonable search for non-objectionable, non-privileged, responsive documents and data. Emanuel further objects to this Request as duplicative of Request No. 60 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Emanuel will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 85:**

All Documents referencing or relating to the ability of any UFC Fighter to switch to and/or fight for, an actual or potential rival promotion. Responsive Documents include, but are not limited to, Documents referencing or relating to the costs to UFC Fighters and/or their managers or promoters associated with such a switch, any requirements or obligations imposed by a contract between the UFC and UFC Fighters, and/or Documents concerning communications or negotiations between the UFC and UFC Fighters with respect to a switch or potential switch from the UFC to a rival MMA Promoter.

1  **RESPONSE TO REQUEST NO. 85:**

2    In addition to the General Objections set forth above, Emanuel objects to this Request as

3  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

4  calculated to the discovery of relevant or admissible evidence, including because it calls for "All

5  Documents" over a ten year time period, extending beyond the time period relevant to this Action.

6  Emanuel also objects that the phrase "switch to and/or fight for" as used in this Request is vague

7  and ambiguous. Emanuel also objects to this Request as seeking documents and information

8  relating to fighters who would not be members of the putative class and, thus, would have no

9  likelihood of leading to the discovery of relevant or admissible evidence. Emanuel further objects

10 to this Request as duplicative of Request No. 61 to Zuffa. Zuffa has been actively meeting and

11 conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass

12 party discovery.

13   Emanuel will not produce documents in response to this Request.

14 **REQUEST FOR PRODUCTION NO. 86:**

15   All communications between you and anyone else referencing or relating to this lawsuit or

16 *Le, et al. v. Zuffa, LLC,* 2:21-cv-1189-RFB-BNW (D. Nev.), or any of the named plaintiffs in

17 either of those cases, exclusive of any communications protected by the Attorney/Client Privilege.

18 **RESPONSE TO REQUEST NO. 86:**

19   In addition to the General Objections set forth above, Emanuel objects that this Request is

20 overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

21 calculated to lead to the discovery of relevant or admissible evidence, including because it requests

22 "All Communications" and does not limit the scope of its request to communications relating to

23 any of the named plaintiffs in this Action, to the claims and defenses at issue in this Action, or to

24 the time period of the allegations in this Action. Emanuel further objects that this Request is

25 unintelligible and cannot be responded to because the case citation refers to a case name that is

26 different from the case number cited. Emanuel further objects to this Request as duplicative of

27 Request No. 62 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this

28 same Request, and thus this Request improperly seeks to bypass party discovery.

1    Emanuel will not produce documents in response to this Request.

2    **REQUEST FOR PRODUCTION NO. 87:**

3    All Documents referencing or relating to indemnification or defense (corporate or

4    individual), judgment sharing, joint defense, liability or responsibility for judgment in this action,

5    for You and any of your officers, including by way of example not limitation, indemnity

6    Agreements, joint defense Agreements, judgment sharing Agreements, tenders of defense, denials

7    or reservations of rights.

8    **RESPONSE TO REQUEST NO. 87:**

9    In addition to the General Objections set forth above, Emanuel objects to this Response as

10    overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

11    calculated to lead to the discovery of relevant or admissible evidence, including because it requests

12    "All Documents" over a ten year time period, extending beyond the time period relevant to this

13    Action, and it is not limited in scope to documents relating to the claims and defenses at issue in

14    this Action. Emanuel further objects because the phrases "indemnification or defense (corporate

15    or individual)" and "by way of example not limitation" are unintelligible as written. Emanuel

16    further objects to this Request as duplicative of Request No. 63 to Zuffa. Zuffa has been actively

17    meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly

18    seeks to bypass party discovery.

19    Emanuel will not produce documents in response to this Request.

20    **REQUEST FOR PRODUCTION NO. 88:**

21    All Documents referencing or relating to any websites operated by You or on Your behalf,

22    including Documents sufficient to show who had responsibility for creating, maintaining, and

23    adding or deleting content (including any private messaging) to or from such websites.

24    **RESPONSE TO REQUEST NO. 88:**

25    In addition to the General Objections set forth above, Emanuel objects that this Request is

26    overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

27    calculated to lead to the discovery of relevant or admissible evidence, including because it requests

28    "All Documents" over a ten year time period, extending beyond the time period relevant to this

1    Action, and does not limit the scope of the Request to documents relating to the claims and

2    defenses at issue in this Action. Plaintiffs' Request seeking "All Documents" referencing or

3    relating to "any website operated by You or on Your behalf" for a period of ten years would require

4    Emanuel to produce a burdensome, unreasonable, and disproportionate number of documents,

5    many of which would be far outside the scope of this Action and have no likelihood of leading to

6    the discovery of relevant or admissible evidence. Emanuel also objects that the phrases

7    "maintaining" and "on Your behalf" as used in this Request is vague and ambiguous. Emanuel

8    further objects to this Request as duplicative of Request No. 64 to Zuffa. Zuffa has been actively

9    meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly

10   seeks to bypass party discovery.

11       Emanuel will not produce documents in response to this Request.

12   **REQUEST FOR PRODUCTION NO. 89:**

13       Documents sufficient to identify each Person responsible for any Social Media account

14   operated by or on behalf of Zuffa, including documents sufficient to show who had responsibility

15   for creating, maintaining, and adding or deleting content (including any private messaging) to or

16   from such Social Media accounts.

17   **RESPONSE TO REQUEST NO. 89:**

18       In addition to the General Objections set forth above, Emanuel objects to this Request as

19   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

20   calculated to lead to the discovery of relevant or admissible evidence. Emanuel further objects to

21   the phrases "on behalf of Zuffa" and "maintaining" as vague and ambiguous. Emanuel further

22   objects to this Request to the extent it purports to require Emanuel to do anything beyond

23   conducting a reasonable search for non-objectionable, non-privileged, responsive documents and

24   data. Emanuel further objects to this Request as duplicative of Request No. 65 to Zuffa. Zuffa has

25   been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request

26   improperly seeks to bypass party discovery.

27       Emanuel will not produce documents in response to this Request.

28

NON-PARTY ARIEL EMANUEL'S RESPONSES
AND OBJECTIONS TO PLAINTIFFS' SUBPOENA
Case No. 21-cv-01189-RFB-BNW

1    **REQUEST FOR PRODUCTION NO. 90:**

2        All contracts or Agreements between the UFC and any Social Media organization.

3    **RESPONSE TO REQUEST NO. 90:**

4        In addition to the General Objections, Emanuel objects that this Request is overbroad to

5    the extent that it calls for "All contracts or Agreements" over a ten year time period, extending

6    beyond the time period relevant to this Action, seeks documents that are not relevant to the claims

7    or defenses at issue in this Action, and thus is not reasonably calculated to lead to the discovery of

8    relevant or admissible evidence, and is not proportional to the needs of the case. Emanuel further

9    objects to this Request as duplicative of Request No. 66 to Zuffa. Zuffa has been actively meeting

10   and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to

11   bypass party discovery.

12       Emanuel will not produce documents in response to this Request.

13   **REQUEST FOR PRODUCTION NO. 91:**

14       All Documents and Communications relating to any content posted to any website or Social

15   Media relating to UFC Professional MMA Bouts, including pre-bout promotional content and

16   post-bout content.

17   **RESPONSE TO REQUEST NO. 91:**

18       In addition to the General Objections set forth above, Emanuel objects that this Request is

19   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

20   calculated to lead to the discovery of relevant or admissible evidence, including because it calls

21   for "All Documents and Communications" relating to "any content posted to any website" over a

22   ten year time period, extending beyond the time period relevant to this Action, it is not limited in

23   scope to documents related to the claims and defenses at issue in this Action, and it is not limited

24   to websites controlled by Emanuel or Zuffa or statements made by Zuffa employees acting in their

25   capacity as Zuffa employees. Emanuel further objects to this Request to the extent that it seeks

26   public information—including information in Plaintiffs' control—that is readily accessible by

27   Plaintiffs and which should be collected by Plaintiffs under the reasonableness and proportionality

28   standards set forth in the Federal Rules of Civil Procedure. Emanuel further objects to this Request

as duplicative of Request No. 67 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Emanuel will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 92**

All Documents, including any content posted to any website or Social Media, referencing or relating to any Professional MMA Fighters under contract with the UFC.

**RESPONSE TO REQUEST NO. 92:**

In addition to the General Objections set forth above, Emanuel objects that this Request, as phrased, is overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to this discovery of relevant or admissible evidence, including because it calls for "All Documents" referencing or relating to "Professional MMA Fighters under contract with the UFC" over a ten year period, extending beyond the time period relevant to this Action, and it is not limited in scope to documents relating to the claims and defenses at issue in this Action. To the extent this Request calls for "content posted to any website or Social Media," Emanuel objects that it is not limited to website or Social Media controlled by Emanuel or Zuffa or statements made by Zuffa employees acting in their capacity as Zuffa employees. Emanuel further objects that this Request seeks public information—including information in Plaintiffs' control—that is readily accessible by Plaintiffs and which should be collected by Plaintiffs under the reasonableness and proportionality standards set forth in the Federal Rules of Civil Procedure. Emanuel further objects to this Request to the extent it purports to require Emanuel to maintain information removed or deleted from website and/or Social Media prior to the filing of this lawsuit. Emanuel further objects to this Request as seeking documents and information relating to fighters who would not be part of the putative class and, thus, would have no likelihood of leading to the discovery of relevant or admissible evidence. Emanuel further objects to this Request as duplicative of Request No. 68 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

1    Emanuel will not produce documents in response to this Request.

2    **REQUEST FOR PRODUCTION NO. 93:**

3    All Documents referencing or relating to Zuffa's registration with any regulatory bodies

4    governing the MMA industry. Include all Documents referencing or relating to any suspensions of

5    Zuffa for any reason by any government agency or any Person responsible for regulation,

6    supervision, licensing, permitting or safety of Professional MMA Bouts and Professional MMA

7    Fighters.

8    **RESPONSE TO REQUEST NO. 93:**

9    In addition to the General Objections set forth above, Emanuel objects to this Request as

10   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

11   calculated to lead to the discovery of relevant or admissible evidence, including because it seeks

12   "All Documents" over a ten year period, which extends beyond the time period relevant to this

13   Action, and it is not limited to documents related to the claims and defenses at issue in this Action.

14   Emanuel further objects to this Request as duplicative of Request No. 69 to Zuffa. Zuffa has been

15   actively meeting and conferring with Plaintiffs over this same Request, and thus this Request

16   improperly seeks to bypass party discovery.

17   Emanuel will not produce documents in response to this Request.

18   **REQUEST FOR PRODUCTION NO. 94:**

19   All Documents and Communications relating to meetings or the business of Your Board

20   of Directors, including without limitation all agendas, minutes, presentations, Agreements, and

21   resolutions created by or for the Board of Directors, including all Documents and Communications

22   directed to and presented by management or outside professionals, which address capital raises,

23   business combinations, dividends and any other executive compensation matters.

24   **RESPONSE TO REQUEST NO. 94:**

25   In addition to the General Objections set forth above, Emanuel objects to this Request as

26   overboard, unduly burdensome, not proportional to the needs of the case, and not reasonably

27   calculated to lead to the discovery of relevant or admissible evidence, including because it seeks

28   "All Documents and Communications" over a ten year period, extending beyond the time period

1  relevant to this Action, and it is not limited to documents related to the claims and defenses at issue

2  in this Action. Emanuel also objects that the phrase "directed to and presented by management or

3  outside professionals" is vague and ambiguous. Emanuel further objects to this Request as

4  duplicative of Request No. 70 to Zuffa. Zuffa has been actively meeting and conferring with

5  Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

6  discovery.

7      Emanuel will not produce documents in response to this Request.

8  **REQUEST FOR PRODUCTION NO. 95:**

9      All Documents and Communications relating to any provision of Your Promotional and

10 Ancillary Rights Agreement that terminated any rights You had under the contract after a stated

11 amount of time notwithstanding any provision that could otherwise extend the term of the

12 Agreement, including all documents discussing the purpose(s) of such provisions, documents

13 discussing the reason(s) for no longer including them, and documents constituting or reflecting

14 analyses of the effects of such provision(s) on Your business.

15 **RESPONSE TO REQUEST NO. 95:**

16     In addition to the General Objections set forth above, Emanuel objects that this Request,

17 as phrased, is overbroad, unduly burdensome, not proportional to the needs of the case, and not

18 reasonably calculated to lead to this discovery of relevant or admissible evidence, including

19 because it calls for "All Documents and Communications" over a ten year period, extending

20 beyond the time period relevant to this Action, and it is not limited to documents relating to the

21 claims and defenses at issue in this Action. Emanuel also objects to the extent this Request calls

22 for documents protected from disclosure by the attorney-client privilege, work-product doctrine,

23 or any other applicable privilege. Emanuel further objects that the phrases "any provision,"

24 "terminated any rights You had," "under the contract," "otherwise extend the term," "effects," and

25 "business" are vague and ambiguous. Emanuel further objects to this Request as duplicative of

26 Request No. 71 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this

27 same Request, and thus this Request improperly seeks to bypass party discovery.

28     Emanuel will not produce documents in response to this Request.

1

2   Dated: April 2, 2025                    Respectfully Submitted,

3                                           /s/ Christopher S. Yates
    WILLIAM A. ISAACSON (*Pro hac vice*)   CHRISTOPHER S. YATES (*Pro hac vice*)
4   wisaacson@paulweiss.com                 chris.yates@lw.com
    KAREN L. DUNN (*Pro hac vice*)          AARON T. CHIU (*Pro hac vice*)
5   ldunn@paulweiss.com                     aaron.chiu@lw.com
    JESSICA PHILLIPS (*Pro hac vice*)       LATHAM & WATKINS LLP
6   jphillips@paulweiss.com                 505 Montgomery Street, Suite 2000
    PAUL, WEISS, RIFKIND, WHARTON &         San Francisco, CA 94111
7   GARRISON LLP                            Tel: (415) 395-8095
    2001 K Street, NW
8   Washington, DC 20006                    SEAN M. BERKOWITZ (*Pro hac vice*)
                                            sean.berkowitz@lw.com
9   BRETTE M. TANNENBAUM (*Pro hac vice*)   LATHAM & WATKINS LLP
    btannenbaum@paulweiss.com               330 North Wabash Ave, Suite 2800
10  YOTAM BARKAI (*Pro hac vice*)           Chicago, IL 60611
    ybarkai@paulweiss.com
11  PAUL, WEISS, RIFKIND, WHARTON &         LAURA WASHINGTON (*Pro hac vice*)
    GARRISON LLP                            laura.washington@lw.com
12  1285 Avenue of the Americas             LATHAM & WATKINS LLP
    New York, NY 10019                      10250 Constellation Blvd, Suite 1100
13                                          Los Angeles, CA 90067
    DONALD J. CAMPBELL (No. 1216)
14  djc@campbellandwilliams.com             DAVID L. JOHNSON (*Pro hac vice*)
    J. COLBY WILLIAMS (No. 5549)            david.johnson@lw.com
15  jcw@campbellandwilliams.com             LATHAM & WATKINS LLP
    CAMPBELL & WILLIAMS                      555 Eleventh Street NW, Suite 1000
16  700 South 7th Street                    Washington, D.C. 20004
    Las Vegas, Nevada 89101
17  Tel: (702) 382-5222

18

19  *Attorneys for Defendants Zuffa, LLC, TKO Operating Company, and Endeavor Group Holdings, Inc.*

20

21

22

23

24

25

26

27

28

NON-PARTY ARIEL EMANUEL'S RESPONSES
AND OBJECTIONS TO PLAINTIFFS' SUBPOENA
Case No. 21-cv-01189-RFB-BNW

1    WILLIAM A. ISAACSON (*Pro hac vice*)           CHRISTOPHER S. YATES (*Pro hac vice*)
     wisaacson@paulweiss.com                         chris.yates@lw.com
2    KAREN L. DUNN (*Pro hac vice*)                  AARON T. CHIU (*Pro hac vice*)
     ldunn@paulweiss.com                             aaron.chiu@lw.com
3    JESSICA PHILLIPS (*Pro hac vice*)               LATHAM & WATKINS LLP
     jphillips@paulweiss.com                         505 Montgomery Street, Suite 2000
4    PAUL, WEISS, RIFKIND, WHARTON &                 San Francisco, CA 94111
     GARRISON LLP
5    2001 K Street, NW                               SEAN M. BERKOWITZ (*Pro hac vice*)
     Washington, DC 20006                            sean.berkowitz@lw.com
6                                                    LATHAM & WATKINS LLP
     DONALD J. CAMPBELL (No. 1216)                   330 North Wabash Ave, Suite 2800
7    djc@campbellandwilliams.com                     Chicago, IL 60611
     J. COLBY WILLIAMS (No. 5549)
8    jcw@campbellandwilliams.com                     LAURA WASHINGTON (*Pro hac vice*)
     CAMPBELL & WILLIAMS                             laura.washington@lw.com
9    700 South 7th Street                            LATHAM & WATKINS LLP
     Las Vegas, NV 89101                             10250 Constellation Blvd, Suite 1100
10                                                   Los Angeles, CA 90067

11                                                   *Attorneys for Defendants Zuffa, LLC, TKO*
                                                     *Operating Company, and Endeavor Group*
12                                                   *Holdings, Inc.*

13                    **UNITED STATES DISTRICT COURT**

14                         **DISTRICT OF NEVADA**

15

16   KAJAN JOHNSON, CLARENCE DOLLAWAY,        Case No.: 2:21-cv-01189-RFB-BNW
     and TRISTAN CONNELLY on behalf of themselves
17   and all others similarly situated,          **NON-PARTY ARIEL EMANUEL'S**
                                                  **RESPONSES AND OBJECTIONS TO**
18                    *Plaintiffs*,              **PLAINTIFFS' SUBPOENA TO**
                                                 **PRODUCE DOCUMENTS,**
19                    v.                         **INFORMATION, OR OBJECTS OR**
                                                 **TO PERMIT INSPECTION OF**
20   Zuffa LLC, TKO Operating Company, LLC f/k/a **PREMISES IN A CIVIL ACTION**
     Zuffa Parent LLC (d/b/a Ultimate Fighting
21   Championship and UFC) and Endeavor Group
     Holdings, Inc,
22
                      *Defendants*.
23

24

25

26

27

28

1    This case is a purported class action, but none of the Named Plaintiffs can represent a class

2    since the majority of fighters within the putative class signed arbitration agreements and class

3    action waivers.  *See, e.g.*, *O'Connor v. Uber Technologies, Inc.*, 904 F.3d 1087, 1094 (9th Cir.

4    2018).  Those basic facts led counsel for the Plaintiffs to say "the reality is the claim has little

5    value" precisely "because the UFC started implementing arbitration clauses." *Le et al. v. Zuffa,*

6    *LLC et al.*, Case No. 2:15-cv-01045, ECF 1036 at 86:17-87:10.  Since their claim admittedly has

7    no value and cannot be pursued on a class basis, Plaintiffs have decided to try to use discovery as

8    a weapon, presumably as part of an effort to generate leverage.  This subpoena to non-party Ariel

9    Emanuel is part of that effort.  Plaintiffs' subpoena contains ***100*** requests for production (the

10   "Requests")—94 of which are identical to requests served upon defendants.  Including Mr.

11   Emanuel, Plaintiffs have also propounded the same exact non-party subpoena to twenty-eight non-

12   parties and are seeking documents in response to over 2,500 requests for production.

13   Pursuant to Rules 26, 34, and 45 of the Federal Rules of Civil Procedure, non-party Ariel

14   Emanuel, objects to Plaintiffs' subpoena as it is neither proper, proportional to the needs of this

15   case, or appropriate given the protections afforded non-parties under Rule 45(d).  Accordingly,

16   Mr. Emanuel will not produce any documents in response to these Requests unless a court orders

17   otherwise.

### **GENERAL OBJECTIONS**

19   1.    Emanuel objects to the entirety of the 100 Requests that Plaintiffs have directed to

20   Emanuel to the extent the subpoena falls outside the territorial limits of the Court's jurisdiction.

21   2.    Emanuel objects to the entirety of the 100 Requests that Plaintiffs have directed to

22   non-party Emanuel as contradicting Plaintiffs' representation to the Court that they would require

23   only "limited discovery" in connection with this case and would only "request some limited

24   discovery." Pls.' Statement at 5-6, Discovery Plan, ECF No. 51. There is nothing "limited" about

25   100 Requests for Production that Plaintiffs have propounded to a non-party, many of which include

26   unbounded requests for "all documents" or "all communications."

27   3.    The following general objections ("General Objections") are incorporated in

28   Emanuel's Responses to each and every Request (the "Specific Objections"). The fact that

Emanuel's Response to an individual Request specifically refers to one or more of the General Objections does not mean that the other General Objections do not apply to that Request and does not waive any of the other General Objections with respect to that Request. No Response to any Request or any subpart of any Request is, or shall be deemed to be, a waiver of any of Emanuel's General Objections.

4.      Emanuel provides these Responses based on his interpretation and understanding of each Request. Emanuel reserves the right to amend and/or supplement his Responses in the event that Plaintiffs assert an interpretation that differs from Emanuel's interpretation.

5.      Emanuel makes these Responses based on facts reasonably known at the time of answering these Requests. Emanuel's investigation of the facts relating to this case is ongoing and, thus, further discovery, investigation, research, and analysis may supply additional facts, which may alter the contentions and disclosures herein. Emanuel reserves the right to supplement or amend these Responses in such an event. However, Emanuel reserves the right not to supplement his Responses to the extent additional or corrective information has otherwise been made known during the discovery process or in writing, pursuant to Federal Rule of Civil Procedure 26(e)(1)(A).

6.      Emanuel objects to the Requests on the grounds that they are premature, as Plaintiffs have not exhausted party discovery. The information sought can initially be addressed through standard party discovery channels. Any commitment to produce any materials in response to these Requests, if any, is expressly conditioned on Plaintiffs first seeking these documents from the named parties through the traditional discovery channels.

7.      Emanuel objects to the Requests, and to the instructions and definitions contained therein, to the extent that they seek to impose duties or obligations beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the District of Nevada, the case law interpreting each of them, or any other laws or rules applicable to proceedings in this Court.

8.      Emanuel objects to the Requests as they call for the production of documents that are duplicative of documents already being sought from Zuffa, TKO or Endeavor, and not likely to lead to the production of unique materials from Emanuel.

9.      Emanuel objects to the Requests to the extent that they call for the production of documents that are in whole or in part protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or the joint-defense or common-interest privilege; were prepared in anticipation of litigation or trial; or are subject to any other privilege, protection or immunity applicable under governing law. Emanuel will not produce documents protected by such privileges. To the extent that any Request may be construed as calling for the production of documents or responses that are subject to any such claim of privilege, Emanuel hereby asserts the applicable privilege, immunity, or protection. Specific Objections on the grounds of privilege are provided for emphasis and clarity only, and the absence of a Specific Objection is neither intended, nor should be interpreted, as evidence that Endeavor does not object to a specific Request on the basis of an applicable privilege, immunity, or protection. Any disclosure of any such privileged or protected material in response to any Request is inadvertent and not intended to waive those privileges and protections. Emanuel reserves the right to demand that Plaintiffs return, destroy, or sequester any privileged or protected documents produced and all copies thereof consistent with Federal Rule of Civil Procedure 26(b)(5)(B).

10.     Emanuel objects to the Requests to the extent that they seek documents not within Emanuel's possession, custody, or control or purport to require Emanuel to create documents not currently in his possession, custody, or control. Emanuel further objects to the Requests to the extent that they seek information that Plaintiffs equally may otherwise obtain from public sources or, with less burden or expense, by using other means of discovery.

11.     Emanuel objects to the Requests to the extent that they seek responses from persons or entities other than the named non-party, Ariel Emanuel.

12.     Emanuel objects to the Requests to the extent they assert, imply, suggest, or are premised upon any underlying express or implied assumptions of fact or law with respect to matters at issue in this Action. These Responses are not intended to be, and should not be construed

as, an agreement or concurrence by Emanuel with Plaintiffs' characterization of any facts, circumstances, and/or legal obligations. Emanuel reserves the right to contest any such characterization as inaccurate.

13.    Emanuel objects to the Requests as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent they purport to require production of "all" documents of a particular type under circumstances in which a subset of such documents would be sufficient to show the pertinent information or where such Request would require more than a reasonable, good-faith search of the places where responsive documents are likely to be found.

14.    Emanuel objects to the Requests to the extent they seek information that is not relevant to any party's claim or defense.

15.    Emanuel objects to the Requests to the extent they are not proportional to the needs of the case and to the extent they are (a) overly broad or unduly burdensome; (b) cumulative, duplicative, or repetitive; or (c) vague, ambiguous, lacking in particularity, colloquial, argumentative, capable of multiple interpretations, or unintelligible.

16.    Emanuel's objections, responses, and production of documents shall not be construed as an admission of the relevancy, materiality, authenticity, or admissibility of any document, fact, issue, or piece of information. Emanuel reserves the right to object to the admissibility in evidence of all or any part of the Responses herein. Nor does the fact that Emanuel has responded to, or failed to object to, any Request as set forth below mean that any documents responsive to such Request in fact exist, or that Emanuel acknowledges the propriety of the Request. The failure of Emanuel to make a Specific Objection to any Request is not an admission that information responsive to that Request exists, nor shall Emanuel's failure to object to any Request on a particular ground be construed as a waiver of his rights to object to such Request on that or any additional ground at any time. Any statement in these Responses that Emanuel will produce documents in response to a specific Request does not mean that Emanuel in fact has any such documents in his possession, custody, or control; that any such documents exist; or that Emanuel will search all files maintained by any person. Rather, such a statement reflects the intention of Emanuel, subject to these Responses, to conduct a reasonable search for readily

accessible responsive information or documents from sources in which responsive documents that are not otherwise protected from disclosure reasonably would be expected to be found and based on parameters agreed to by the parties.

17.    Emanuel objects to the Requests to the extent they purport to require Emanuel to search archived electronic data, "backup" files, or to restore any electronic matter on the ground that such requirements are unduly burdensome and not proportional to the needs of the case.

18.    Emanuel objects to the Requests to the extent they call for the disclosure of Emanuel's confidential or proprietary information, trade secrets, commercial information, or other competitively sensitive information. To the extent Emanuel provides his confidential information and/or other competitively sensitive information, Emanuel will do so only subject to the terms of the protective order entered by the Court in this Action, ECF No. 123.

19.    Emanuel also objects to the Requests to the extent they seek documents that contain confidential or proprietary information; trade secrets; commercially sensitive information; other competitively sensitive information belonging to a third party but entrusted to Emanuel on conditions of confidentiality and/or non-disclosure; personal information of fighters (such as medical conditions) or, if applicable, Endeavor's or Emanuel's employees, clients, customers, or counterparties; or information that is subject to protective orders or other confidentiality undertakings or is protected from disclosure by legal protections governing the privacy rights of consumers and other persons. To the extent that Emanuel agrees to produce any such documents, such production shall be subject to and contingent upon appropriate notice to and/or consent from such third parties and to the protection of the protective order entered by the Court in this Action, ECF No. 123.

20.    Emanuel objects to the Requests to the extent they seek documents and information relating to fighters who would not be part of the putative class and, thus, would have no likelihood of leading to the discovery of relevant or admissible evidence.

21.    Emanuel objects to the definition of "Agreement" as overbroad, unduly burdensome, and impractical to the extent it includes verbal agreements. Where called for by a Request (and as agreed by Emanuel), Emanuel will produce documents that regard such verbal

1  agreements, to the extent any such documents exist. However, where a Request asks for the

2  production of the Agreements themselves, Emanuel will not be able to produce materials reflecting

3  verbal agreements, to the extent any such verbal agreements were made.

4       22.    Emanuel objects to the definition of "Defendants" to the extent that it purports to

5  include anything other than the named Defendants in this Action: Zuffa, LLC, TKO Operating

6  Company, LLC, and Endeavor Group Holdings, Inc.

7       23.    Emanuel objects to the definition of "Electronically Stored Information" to the

8  extent it includes electronic information or data that is not reasonably accessible, or in a form

9  beyond that required by the Federal Rules of Civil Procedure. Emanuel also objects to the

10  Definition to the extent that "activity listings of electronic mail receipts and/or transmittals" is

11  undefined.

12       24.    Emanuel objects to the definitions of "Endeavor," "Defendants," "TKO," "Zuffa,"

13  and "UFC" to the extent they encompass or purport to encompass persons or entities that are not

14  the named Defendants, and their current executives, employees, agents, owners, departments, and

15  divisions within their control. Emanuel also objects to these definitions to the extent that they

16  purport to include the subsidiaries, predecessors, successors, or affiliates of Endeavor, including

17  entities "in which Endeavor owns a controlling share or which Endeavor manages or controls."

18  Emanuel further objects to these definitions as vague, ambiguous, overbroad, and unduly

19  burdensome to the extent that they encompass or purport to encompass "any persons acting or

20  purporting to act on behalf of the responding Defendant." Emanuel further objects that this

21  definition is overbroad to the extent that it includes all of Endeavor's former directors, members,

22  officers, employees, agents, or representatives.

23       25.    Emanuel objects to the definition "Identify" to the extent that it calls for

24  identification of an individual's confidential personal information, including Social Security

25  numbers. Emanuel further objects to this definition to the extent it requires Emanuel to do anything

26  other than produce preexisting responsive documents within his possession, custody, or control

27  created and collected in the ordinary course of business.

28       26.    Emanuel objects to the definition of "Meeting" as overbroad and vague to the extent

1    it includes any nonscheduled or unplanned "contemporaneous presence of two or more persons

2    for any purpose."

3        27.    Emanuel objects to the definition of "Pre-Bout Event" as overbroad to the extent it

4    includes "training." Emanuel will interpret "training" in the definition of "Pre-Bout Event" as

5    though it reads "media regarding training."

6        28.    Emanuel objects to the definition of "Professional MMA Fighter" as vague,

7    ambiguous, and confusing in that it circuitously uses the term "Professional MMA Bout," which

8    in turn uses the term "Professional MMA Fighter" in its definition. Emanuel will interpret

9    "Professional MMA Fighter" to mean a person who is paid to fight in MMA bouts.

10       29.    Emanuel objects to the definitions of "You" and "Your" to the extent that they

11   purport to include anything not in the possession, custody, or control of Emanuel. This includes

12   anything in the possession, custody, or control of any organization or entity which Emanuel

13   manages, controls, has an ownership interest in, or is employed by, as well as any employees,

14   agents, representatives, or persons acting or purporting to act on Emanuel's behalf. Emanuel

15   further objects to the definitions of "You" and "Your" on the ground that Plaintiffs' definition of

16   "You" and "Your" is overly broad, imposes burdens and expenses that outweigh its likely benefit,

17   is disproportionate to the needs of this case, seeks materials that are not relevant to any party's

18   claim or defense in this case, and/or calls for Emanuel to provide information protected by

19   attorney-client privilege, work product doctrine, or other privileges and protections.

20       30.    Emanuel objects to the definition of "Zuffa" as overly broad, unduly burdensome,

21   vague, and ambiguous to the extent it purports to include or includes parties and entities outside

22   of named Defendant, Zuffa, LLC, such as predecessors, successors, affiliates, "any organization

23   or entity that it owns, manages or controls," former directors, officers, employees, employees and

24   representatives and others "purporting to act on Zuffa's behalf." Emanuel also objects to the extent

25   that these definitions seek documents from predecessor companies or entities that were acquired

26   by or merged with Zuffa.

27       31.    To the extent Emanuel possesses any non-objectionable, non-privileged documents

28   and/or data that are responsive to the Requests, Emanuel will produce documents and/or data as

they are kept in the usual course of business, and will produce them in a reasonable format, at a reasonable time, and at a reasonable location to be mutually agreed upon by the parties. Emanuel objects to the extent any Request calls for data to be provided in ways that are not done in the normal course of business. Emanuel objects to contrary instructions.

32.    Emanuel objects to Instruction No. 1 to the extent that it requires or purports to require Emanuel to conduct anything beyond a reasonable search for documents within his possession, custody, or control.

33.    Emanuel objects to Instruction No. 2 as beyond the requirements of Federal Rules of Civil Procedure 26 and 34. To the extent responsive documents are withheld on a basis of privilege, Endeavor will produce a privilege log in the form agreed upon by the parties.

34.    Emanuel objects to Instruction No. 3 and each Request to the extent it purports to require the production of original documents. Emanuel will make available legible copies of responsive documents, to the extent any exist, to Plaintiffs' attorneys. Emanuel reserves the right to make original documents available on his own premises.

35.    Emanuel objects to Instruction No. 5 to the extent that it requires or purports to require the production of Documents otherwise uncalled for by the Requests or the stipulation regarding the production of electronically stored information and other documents that the parties are negotiating. Emanuel also objects to the Instruction to the extent that it purports to impose obligations beyond those required by the Federal Rules of Civil Procedure.

36.    Emanuel objects to Instruction No. 6 to the extent that it purports to require production of documents in a manner that exceeds the stipulation regarding production of electronically stored information and other documents that the parties are negotiating. Emanuel also objects to the Instruction to the extent that it purports to impose obligations beyond those required by the Federal Rules of Civil Procedure.

37.    Emanuel objects to Instruction No. 7 to the extent that it purports to require Emanuel to disclose information that constitutes or reflects attorney work product or is otherwise protected from disclosure under any other privilege, protection or immunity applicable under the governing law.

38.    Emanuel objects to Instruction No. 8 to the extent it purports to require Emanuel to do more than undertake a reasonable and diligent search for responsive documents. Emanuel further objects to this Instruction to the extent that it purports to require Emanuel to maintain information about documents that may no longer exist and to the extent that it purports to impose obligations beyond those required by the Federal Rules of Civil Procedure or Local Rules for the United States District Court for the District of Nevada, case law interpreting each of them, or any other laws or rules applicable to proceedings in this Court.

39.    Emanuel objects to Instruction No. 9 to the extent that the Instruction purports to require preservation of "all" data and metadata as overbroad and burdensome. Emanuel also objects to the Instruction to the extent that it purports to impose obligations beyond those required by the Federal Rules of Civil Procedure.

40.    Emanuel objects to Instruction Nos. 10 through 17 to the extent that they purport to require production of documents in a manner that exceeds the stipulation regarding production of electronically stored information and other documents that the parties are negotiating. Emanuel also objects to Instruction Nos. 10 through 17 to the extent that they purport to impose obligations beyond those required by the Federal Rules of Civil Procedure.

41.    Emanuel objects to Instruction No. 18 to the extent that it purports to impose obligations beyond those required by the Federal Rules of Civil Procedure. For any information stored in a database, Emanuel will meet and confer with Plaintiffs regarding the information available and produce data in a useable format, to the extent any such data exists and is responsive to the Requests.

42.    Emanuel objects to Instruction Nos. 20, 22, and 23 to the extent they impose or purport to impose duties or obligations beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the District of Nevada, the case law interpreting each of them, or any other laws or rules applicable to proceedings in this Court.

43.    Emanuel objects to the Relevant Time Period beginning on January 1, 2015 until the present, as it is overbroad because it stretches well beyond the period which is the basis of this Action.

44.     These General Objections are incorporated into each one of the following Responses and shall be deemed continuing as to each response. These General Objections are not waived, or in any way limited, by the following Responses.

**SPECIFIC OBJECTIONS**

**REQUEST FOR PRODUCTION NO. 1:**

Documents sufficient to identify each electronic device that You used to transmit or receive Communications during the Relevant Time Period, including but not limited to cellular telephones, laptop or notebook computers, desktop computers, and portable tablets, including but not limited to Any electronic device that You purchased, that was purchased for You, or that was issued to You by Defendants.

**RESPONSE TO REQUEST NO. 1:**

In addition to the General Objections set forth above, Emanuel objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses, including because it calls for "each" and "Any electronic device" used by a non-party over a ten year time period, extending beyond the time period relevant to this Action. Emanuel further objects to this Request as impermissibly propounding an interrogatory on a non-party by means of a request for production of documents. Emanuel further objects to this Request as improperly bypassing party discovery. Plaintiffs and Endeavor have been actively meeting and conferring over party discovery, and this Request seeks to circumvent that process.

Emanuel will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 2:**

Documents sufficient to identify the telephone number and provider or carrier of each cellular telephone identified in response to Request No. 1.

**RESPONSE TO REQUEST NO. 2:**

In addition to the General Objections set forth above, Emanuel objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses, including because it calls for "each cellular

1   telephone" used by a non-party over a ten year time period, extending beyond the time period

2   relevant to this Action. Emanuel further objects to this Request as impermissibly propounding an

3   interrogatory on a non-party by means of a request for production of documents. Emanuel further

4   objects to this Request as improperly bypassing party discovery. Plaintiffs and Endeavor have been

5   actively meeting and conferring over party discovery, and this Request seeks to circumvent that

6   process.

7       Emanuel will not produce documents in response to this Request.

8   **REQUEST FOR PRODUCTION NO. 3:**

9       Documents sufficient to identify when You first started using and, if applicable, when You

10  stopped using, each mobile telephone number identified in response to Request No. 2.

11  **RESPONSE TO REQUEST NO. 3:**

12      In addition to the General Objections set forth above, Emanuel objects to this Request as

13  overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

14  that is not relevant to any party's claims or defenses, including because it calls for information

15  about "each mobile telephone number" used by a non-party over a ten year time period, extending

16  beyond the time period relevant to this Action. Emanuel further objects to this Request as

17  impermissibly propounding an interrogatory on a non-party by means of a request for production

18  of documents. Emanuel further objects to this Request as improperly bypassing party discovery.

19  Plaintiffs and Endeavor have been actively meeting and conferring over party discovery, and this

20  Request seeks to circumvent that process.

21      Emanuel will not produce documents in response to this Request.

22  **REQUEST FOR PRODUCTION NO. 4:**

23      Documents sufficient to identify each messaging account or social media account that You

24  used during the Relevant Time Period, including but not limited to Discord, Facebook, Google

25  Chat, iMessage, Instagram, Kik, Microsoft Teams, Reddit, Signal, Skype, Slack, Snapchat,

26  Telegram, TikTok, Truth Social, Whatsapp, WeChat, Zoom, X (Twitter), etc.

27  **RESPONSE TO REQUEST NO. 4:**

28      In addition to the General Objections set forth above, Emanuel objects to this Request as

1    overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

2    that is not relevant to any party's claims or defenses, including because it calls for "each messaging

3    account or social media account" used by a non-party over a ten year time period, extending

4    beyond the time period relevant to this Action. Emanuel further objects to this Request as

5    impermissibly propounding an interrogatory on a non-party by means of a request for production

6    of documents. Emanuel further objects to this Request as improperly bypassing party discovery.

7    Plaintiffs and Endeavor have been actively meeting and conferring over party discovery, and this

8    Request seeks to circumvent that process.

9         Emanuel will not produce documents in response to this Request.

10   **REQUEST FOR PRODUCTION NO. 5:**

11        Documents sufficient to identify All username(s) and social media handle(s) for each

12   account identified in response to Request No. 4.

13   **RESPONSE TO REQUEST NO. 5:**

14        In addition to the General Objections set forth above, Emanuel objects to this Request as

15   overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

16   that is not relevant to any party's claims or defenses, including because it calls for "All username(s)

17   and social media handle(s)" used by a non-party over a ten year time period, extending beyond the

18   time period relevant to this Action. Emanuel further objects to this Request as impermissibly

19   propounding an interrogatory on a non-party by means of a request for production of documents.

20   Emanuel further objects to this Request as improperly bypassing party discovery. Plaintiffs and

21   Endeavor have been actively meeting and conferring over party discovery, and this Request seeks

22   to circumvent that process.

23        Emanuel will not produce documents in response to this Request.

24   **REQUEST FOR PRODUCTION NO. 6:**

25        Documents sufficient to identify each email account that You used during the Relevant

26   Time Period.

27   **RESPONSE TO REQUEST NO. 6:**

28        In addition to the General Objections set forth above, Emanuel objects to this Request as

1  overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

2  that is not relevant to any party's claims or defenses, including because it calls for "each email

3  account" used by a non-party over a ten year time period, extending beyond the time period

4  relevant to this Action. Emanuel further objects to this Request as impermissibly propounding an

5  interrogatory on a non-party by means of a request for production of documents. Emanuel further

6  objects to this Request as improperly bypassing party discovery. Plaintiffs and Endeavor have been

7  actively meeting and conferring over party discovery, and this Request seeks to circumvent that

8  process.

9      Emanuel will not produce documents in response to this Request.

10  **REQUEST FOR PRODUCTION NO. 7:**

11      All Documents and Communications relating to Your role and activities relating to the

12  distribution of UFC Events, including, without limitation, materials reflecting or describing any

13  strategy for distributing UFC Events, the criteria any broadcast or distribution partners require

14  concerning UFC Events (e.g., whether particular UFC Fighters must be available to appear,

15  whether UFC Fighters of a particular rank must be available to appear, whether any particular UFC

16  Event or proportion or set of UFC Events must include a championship bout), and/or advice or

17  support You provide or provided to the UFC concerning its distribution of UFC Events.

18  **RESPONSE TO REQUEST NO. 7:**

19      In addition to the General Objections set forth above, Emanuel objects to this Request as

20  overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

21  that is not relevant to any party's claims or defenses, including because it calls for "All Documents

22  and Communications" over a ten year time period, extending beyond the time period relevant to

23  this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Emanuel

24  also objects that the phrases "role and activities," "any strategy," "criteria," and "advice or

25  support" as used in this Request are vague and ambiguous. Emanuel further objects to this Request

26  as vague, ambiguous, confusing, and incomplete because it uses the capitalized term "UFC Event,"

27  which is not otherwise defined. Emanuel further objects to this Request as seeking documents and

28  information relating to fighters who would not be members of the putative class and, thus, would

1  have no likelihood of leading to the discovery of relevant or admissible evidence. Emanuel further

2  objects to this Request to the extent it seeks documents that are not within Emanuel's possession,

3  custody, or control. Emanuel further objects to this Request as duplicative of Request No. 85 to

4  Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same

5  Request, and thus this Request improperly seeks to bypass party discovery.

6       Emanuel will not produce documents in response to this Request.

7  **REQUEST FOR PRODUCTION NO. 8:**

8       All Documents and Communications relating to Your role in producing UFC Events,

9  including materials relating to expenditures You made in connection with such Event production,

10  Your personnel's roles in UFC Event production, and any contracts or Agreements relating to Your

11  role in producing UFC Events, and any Documents or Communications reflecting Your control or

12  influence over the contents of UFC Events (e.g., which UFC Fighters will appear at the Event, the

13  number and/or timing of UFC Events, the number and/or order of UFC Fighters appearing on a

14  UFC Event card).

15  **RESPONSE TO REQUEST NO. 8:**

16       In addition to the General Objections set forth above, Emanuel objects to this Request as

17  overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

18  that is not relevant to any party's claims or defenses, including because it calls for "All Documents

19  and Communications" over a ten year time period, extending beyond the time period relevant to

20  this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Emanuel

21  also objects that the phrases "role in producing," "control or influence," and "contents" are vague

22  and ambiguous. Emanuel further objects to this Request as vague, ambiguous, confusing, and

23  incomplete because it uses the capitalized term "UFC Events," which is not otherwise defined.

24  Emanuel further objects to the extent this Request calls for documents protected from disclosure

25  by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Emanuel

26  further objects to this Request as seeking documents and information relating to fighters who

27  would not be members of the putative class and, thus, would have no likelihood of leading to the

28  discovery of relevant or admissible evidence. Emanuel further objects to this Request to the extent

it seeks documents that are not within Emanuel's possession, custody, or control. Emanuel further objects to this Request as duplicative of Request No. 86 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Emanuel will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 9:**

Documents and Communications sufficient to identify all of Your costs and expenses associated with producing UFC Events, including a final profit and loss calculation for each UFC Event.

**RESPONSE TO REQUEST NO. 9:**

In addition to the General Objections set forth above, Emanuel objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses, including because it calls for "all" of TKO's costs and expenses associated with producing UFC Events, over a ten year time period, extending beyond the time period relevant to this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Emanuel objects that the phrase "associated with producing" is vague and ambiguous. Emanuel further objects to this Request as vague, ambiguous, confusing, and incomplete because it uses the capitalized term "UFC Events," which is not otherwise defined. Emanuel further objects to this Request to the extent it seeks documents that are not within Emanuel's possession, custody, or control. Emanuel further objects to this Request as duplicative of Request No. 87 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Emanuel will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents and Communications relating to Your role in operating UFC's Fight Pass streaming platform, including, without limitation, Documents reflecting Endeavor's strategic planning for UFC's Fight Pass platform, Endeavor's employees' roles in operating the UFC's Fight Pass platform, Endeavor's strategy for marketing and selling access to the UFC's Fight Pass

1  platform, all Agreements with third-parties to market and/or sell access to the UFC's Fight Pass

2  platform, and/or any analysis of the UFC's Fight Pass platform's financial and/or market

3  performance.

4  **RESPONSE TO REQUEST NO. 10:**

5      In addition to the General Objections set forth above, Emanuel objects to this Request as

6  overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

7  that is not relevant to any party's claims or defenses, including because it calls for "All Documents

8  and Communications" over a ten year time period, extending beyond the time period relevant to

9  this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Emanuel

10  objects that the phrases "strategic planning," "strategy for marketing and selling," "any analysis"

11  and "financial and/or market performance" as used in this Request are vague and ambiguous.

12  Emanuel further objects to the extent this Request calls for documents protected from disclosure

13  by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Emanuel

14  further objects to this Request to the extent it seeks documents that are not within Emanuel's

15  possession, custody, or control. Emanuel further objects to this Request as duplicative of Request

16  No. 88 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this

17  same Request, and thus this Request improperly seeks to bypass party discovery.

18      Emanuel will not produce documents in response to this Request.

19  **REQUEST FOR PRODUCTION NO. 11:**

20      All Documents and Communications relating to Your business strategy for the UFC,

21  including but not limited to SWOT analyses, financial analyses, strategies, analyses of UFC

22  Fighter compensation, counterprogramming of other MMA Promoters' Professional MMA

23  Events, assessments of other MMA Promoters' Professional MMA Fighter rosters, and acquisition

24  analyses and strategies.

25  **RESPONSE TO REQUEST NO. 11:**

26      In addition to the General Objections set forth above, Emanuel objects to this Request as

27  overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

28  that is not relevant to any party's claims or defenses, including because it calls for "All Documents

1   and Communications" over a ten year time period, extending beyond the time period relevant to

2   this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Emanuel

3   objects that the phrases "business strategy," "SWOT analyses, financial analyses, strategies,"

4   "assessments," and "acquisition analyses and strategies" as used in this Request are vague and

5   ambiguous. Emanuel further objects to this Request as seeking documents and information relating

6   to fighters who would not be members of the putative class and, thus, would have no likelihood of

7   leading to the discovery of relevant or admissible evidence. Emanuel further objects to this Request

8   to the extent it seeks documents that are not within Emanuel's possession, custody, or control.

9   Emanuel further objects to this Request as duplicative of Request No. 89 to Endeavor. Endeavor

10  has been actively meeting and conferring with Plaintiffs over this same Request, and thus this

11  Request improperly seeks to bypass party discovery.

12          Emanuel will not produce documents in response to this Request.

13  **REQUEST FOR PRODUCTION NO. 12:**

14          All Documents and Communications relating to any provisions in the UFC's Promotional

15  and Ancillary Rights Agreements with UFC Fighters limiting the UFC's ability to extend the term

16  of the Agreement (e.g., Paragraphs 4.3.2 and 4.4 in ZUFFA-J_00003638 and Paragraph 4.5 in

17  UFC-00086462), including without limitation, the strategic and business purposes of these

18  provisions and any changes thereto over time, evaluations of the effect of these provisions on the

19  UFC's ability (or inability) to retain UFC Fighters under contract, evaluations on the benefits to

20  Endeavor of such provisions, the criteria (and bases for employing such criteria) the UFC has used

21  to determine whether to include such a provision (or not include such a provision) in the

22  Promotional and Ancillary Rights Agreement of any particular UFC Fighter or group of UFC

23  Fighters, and any correspondence or exchanged drafts of UFC Promotional and Ancillary Rights

24  Agreements concerning the UFC Fighters' (or UFC Fighters' agents, managers, or other

25  representatives) desire to include such a provision or make changes to such a provision in a UFC

26  contract proposal.

27  **RESPONSE TO REQUEST NO. 12:**

28          In addition to the General Objections set forth above, Emanuel objects to this Request as

overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses, including because it calls for "All Documents and Communications" over a ten year time period, extending beyond the time period relevant to this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Emanuel objects that the phrases "strategic and business purposes" and "evaluations" as used in this Request are vague and ambiguous. Emanuel further objects to this Request as seeking documents and information relating to fighters who would not be members of the putative class and, thus, would have no likelihood of leading to the discovery of relevant or admissible evidence. Emanuel further objects to the extent this Request calls for documents protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Emanuel further objects to this Request to the extent it seeks documents that are not within Emanuel's possession, custody, or control. Emanuel further objects to this Request as duplicative of Request No. 90 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Emanuel will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents and Communications relating to the UFC's business strategy for Professional MMA Events and/or Professional MMA Bouts held at UFC Apex, including Documents and Communications discussing the reasons for creating and/or establishing the UFC Apex, how UFC determines which Professional MMA Events and/or Professional MMA Bouts will be held at the Apex, and why any Professional MMA Events and/or Professional MMA Bouts were held at the Apex.

**RESPONSE TO REQUEST NO. 13**

In addition to the General Objections set forth above, Emanuel objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses, including because it calls for "All Documents and Communications" over a ten year time period, extending beyond the time period relevant to this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Emanuel

1    further objects that the phrase "business strategy" as used in this Request is vague and ambiguous.

2    Emanuel further objects to the extent this Request is duplicative of Request No. 85 to Zuffa.

3    Emanuel further objects to this Request to the extent it seeks documents that are not within

4    Emanuel's possession, custody, or control. Emanuel further objects to this Request as duplicative

5    of Request No. 91 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs

6    over this same Request, and thus this Request improperly seeks to bypass party discovery.

7        Emanuel will not produce documents in response to this Request.

8    **REQUEST FOR PRODUCTION NO. 14:**

9        All monthly and annual financial documents containing information concerning the

10   business operations at the UFC Apex, including without limitation all audited financial statements,

11   balance sheets, income statements, profit and loss reports, margin analyses, equity valuations, asset

12   appraisals, financial models, budgets (proposed or otherwise), investor presentations, margin

13   analyses, pro form as, regulatory filings (including income tax returns), issuance of equity or debit,

14   loans, and money owed or receivable, and any other form of financial reporting.

15   **RESPONSE TO REQUEST NO. 14:**

16       In addition to the General Objections set forth above, Emanuel objects to this Request as

17   overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

18   that is not relevant to any party's claims or defenses, including because it calls for "All" monthly

19   and annual financial documents over a ten year time period, extending beyond the time period

20   relevant to this Action, and it is not limited in scope to the claims or defenses at issue in this Action.

21   Emanuel further objects that the phrases "financial documents," "business operations," and "any

22   other form of financial reporting" as used in this Request are vague and ambiguous. Emanuel

23   further objects to the extent this Request is duplicative of Request No. 86 to Zuffa. Emanuel further

24   objects to this Request to the extent it seeks documents that are not within Emanuel's possession,

25   custody, or control. Emanuel further objects to this Request as duplicative of Request No. 92 to

26   Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same

27   Request, and thus this Request improperly seeks to bypass party discovery.

28       Emanuel will not produce documents in response to this Request.

1    **REQUEST FOR PRODUCTION NO. 15:**

2        All Documents and Communications relating to any changes in the form and/or structure

3    of revenues the UFC received for its broadcast rights, including, without limitation, Documents

4    and Communications relating to changes in structure of PPV revenues received by the UFC and

5    paid by ESPN following the UFC's 2019 broadcast rights deal with ESPN, including materials

6    analyzing such changes and any corresponding changes in business practices or operations the

7    UFC considered implementing based on such change in structure.

8    **RESPONSE TO REQUEST NO.15:**

9        In addition to the General Objections set forth above, Emanuel objects to this Request as

10   overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

11   that is not relevant to any party's claims or defenses, including because it requests "All Documents

12   and Communications" over a ten year time period, extending beyond the time period relevant to

13   this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Emanuel

14   further objects that the phrases "materials analyzing such changes," "corresponding changes," and

15   "considered implementing" as used in this Request are vague and ambiguous. Emanuel further

16   objects to the extent this Request calls for documents protected from disclosure by the attorney-

17   client privilege, work-product doctrine, or any other applicable privilege. Emanuel further objects

18   to the extent this Request is duplicative of Request No. 87 to Zuffa. Emanuel further objects to this

19   Request to the extent it seeks documents that are not within Emanuel's possession, custody, or

20   control. Emanuel further objects to this Request as duplicative of Request No. 93 to Endeavor.

21   Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and

22   thus this Request improperly seeks to bypass party discovery.

23       Emanuel will not produce documents in response to this Request.

24   **REQUEST FOR PRODUCTION NO. 16:**

25       All Documents and Communications relating to Your "flywheel"1 as it pertains to the

26   UFC, including without limitation, materials reflecting how "the integration of [Your] broad range

27   of capabilities, along with [Your] owned and managed premium sports and entertainment

28   properties [including the UFC], drives network effects across the Endeavor flywheel," how such

1   network effects "across the Endeavor flywheel" "connect and utilize multiple divisions of

2   Endeavor [including the UFC] maximize the power of [Your] platform [and] creat[e] value for

3   [Your] business, clients and employees," and the ways in which You have "realized top line and

4   cost synergies as [You] have integrated more than 30 acquisitions including IMG, UFC, PBR,

5   160over90, and On Location." Form 10-K for the fiscal year ended December 31, 2022, of

6   Endeavor Group Holdings, Inc.

7   **RESPONSE TO REQUEST NO. 16:**

8           In addition to the General Objections set forth above, Emanuel objects to this Request as

9   overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

10  that is not relevant to any party's claims or defenses, including because it calls for "All Documents

11  and Communications" over a ten year time period, extending beyond the time period relevant to

12  this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Emanuel

13  further objects that the phrases "flywheel" and "materials reflecting" as used in this Request are

14  vague and ambiguous. Emanuel further objects to this Request to the extent that it seeks public

15  information—including information in Plaintiffs' control—that is readily accessible by Plaintiffs

16  and which should be collected by Plaintiffs under the reasonableness and proportionality standards

17  set forth in the Federal Rules of Civil Procedure. Emanuel further objects to the extent this Request

18  calls for documents protected from disclosure by the attorney-client privilege, work-product

19  doctrine, or any other applicable privilege. Emanuel further objects to this Request to the extent it

20  seeks documents that are not within Emanuel's possession, custody, or control. Emanuel further

21  objects to this Request as duplicative of Request No. 94 to Endeavor. Endeavor has been actively

22  meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly

23  seeks to bypass party discovery.

24          Emanuel will not produce documents in response to this Request.

25  **REQUEST FOR PRODUCTION NO. 17:**

26          All Documents and Communications produced by You to any government or government

27  agency in response to any investigative demand or other request from the U.S. Department of

28  Justice, the U.S. Federal Trade Commission, any state regulatory agency, or any foreign regulatory

1   agency related to: (a) Your policies, practices, guidelines, and training directed to compliance with

2   U.S. governmental regulatory agencies, or any foreign regulatory agency, including all Documents

3   concerning the creation of such policies, and any statements signed by Your employees or agents

4   acknowledging their receipt of or compliance with Your compliance policies; (b) the acquisition

5   of Zuffa or any parent of or successor to Zuffa by Endeavor Group Holdings, Inc.; or (c) the merger

6   of Zuffa or any parent of or successor to Zuffa with World Wrestling Entertainment, Inc. (a/k/a

7   WWE) or any parent of or successor to World Wrestling Entertainment, Inc. Explicitly included

8   within the scope of this Interrogatory is any correspondence or documents exchanged between

9   You and the U.S. Department of Justice, including documents reflecting or constituting any

10  Communications with former Assistant Attorney General for the Department of Justice Antitrust

11  Division Makan Delrahim, relating to Le, et al. v. Zuffa, LLC, 2:21-cv- 1189-RFBBNW (D. Nev.).

12  **RESPONSE TO REQUEST NO. 17:**

13      In addition to the General Objections set forth above, Emanuel objects to this Request as

14  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

15  calculated to lead to the discovery of relevant or admissible evidence, including because it seeks

16  information not relevant to any claim or defense at issue in this Action by requesting documents

17  produced to "any government or government agency in response to any investigative demand or

18  other request" related to a wide range of topics that have no relevance to the claims or defenses at

19  issue in this Action, including because they relate to transactions that are not challenged or at issue

20  in this Action. Emanuel also objects that the phrase "directed to compliance with" is vague,

21  ambiguous, and unintelligible as written. Emanuel further objects to this Request to the extent it

22  refers to an "Interrogatory" and will interpret this Request to refer to a "Request." Emanuel further

23  objects to this Request to the extent it calls for communications with former Assistant Attorney

24  General for the Department of Justice Antitrust Division Makan Delrahim after he joined the law

25  firm of Latham & Watkins LLP. Such communications are protected from disclosure by the

26  attorney-client privilege, work-product doctrine, or any other applicable privilege. Emanuel further

27  objects to this Request to the extent it seeks documents that are not within Emanuel's possession,

28  custody, or control. Emanuel further objects to this Request as duplicative of Request No. 1 to

1  Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same

2  Request, and thus this Request improperly seeks to bypass party discovery.

3      Emanuel will not produce documents in response to this Request.

4  **REQUEST FOR PRODUCTION NO. 18:**

5      All Documents and Communications produced by You to the U.S. government pursuant to

6  the Hart-Scott-Rodino Antitrust Improvements Act of 1976, Pub. L. No. 94-435, and any second

7  requests, related to the acquisition of Zuffa or any parent of or successor to Zuffa by Endeavor

8  Group Holdings, Inc., or to the merger of Zuffa or any parent of or successor to Zuffa with World

9  Wrestling Entertainment, Inc. (a/k/a WWE) or any parent of or successor to World Wrestling

10  Entertainment, Inc., or the formation of TKO Group Holdings, Inc.

11  **RESPONSE TO REQUEST NO. 18:**

12      In addition to the General Objections set forth above, Emanuel objects to this Request as

13  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

14  calculated to lead to the discovery of relevant or admissible evidence, including because it seeks

15  "All Documents and Communications" produced for an ten year time period, extending beyond

16  the time period relevant to this case, and which relate to transactions not challenged or at issue in

17  this Action and which are otherwise not relevant to any claim or defense in this Action. Emanuel

18  further objects to this Request to the extent it seeks documents that are not within Emanuel's

19  possession, custody, or control. Emanuel further objects to this Request as duplicative of Request

20  No. 2 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this

21  same Request, and thus this Request improperly seeks to bypass party discovery.

22      Emanuel will not produce documents in response to this Request.

23  **REQUEST FOR PRODUCTION NO. 19:**

24      All Documents and Communications relating to any Agreements between (a) Zuffa and

25  any Professional MMA Fighter, and (b) any other MMA Promoter and any Professional MMA

26  Fighter, including all Agreements concerning competition in Professional MMA Bouts (and any

27  amendments thereto), including Promotional and Ancillary Rights Agreements, Bout Agreements,

28  "side letter" and/or letter Agreements, Merchandise Rights Agreements, sponsorship Agreements,

and all Documents and Communications relating to negotiations with any Professional MMA Fighter or any Person purporting to represent a Professional MMA Fighter, including all draft Agreements.

**RESPONSE TO REQUEST NO. 19:**

In addition to the General Objections set forth above, Emanuel objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it calls for "All Documents and Communications" over a ten year time period, extending beyond the time period relevant to this case, and relating to, among other things, agreements between "any other MMA Promoter and any Professional MMA Fighter." Emanuel also objects that the phrase "relating to negotiations" and "purporting to represent" are vague and ambiguous. Emanuel further objects to the extent this Request calls for documents protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Emanuel further objects to this Request as seeking documents and information relating to fighters who would not be members of the putative class and, thus, would have no likelihood of leading to the discovery of relevant or admissible evidence. Emanuel further objects to this Request to the extent it seeks documents that are not within Emanuel's possession, custody, or control. Emanuel further objects to this Request to the extent that it is duplicative of Request No. 4 to Zuffa, including to the extent it calls for agreements between Zuffa and any Professional MMA Fighter or any other MMA Promoter and any Professional MMA Fighter. Emanuel further objects to this Request as duplicative of Request No. 3 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Emanuel will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 20:**

Each Agreement between you and a Professional MMA Fighter entered into or in effect during the Relevant Time Period.

**RESPONSE TO REQUEST NO. 20:**

In addition to the General Objections set forth above, Emanuel objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it requests "Each Agreement" over at least a ten year time period, extending beyond the time period relevant to this case. Emanuel further objects to this Request as vague, ambiguous, confusing, and incomplete because it does not define "you." Emanuel also objects to this Request as seeking documents and information relating to fighters who would not be members of the putative class and, thus, would have no likelihood of leading to the discovery of relevant or admissible evidence. Emanuel further objects to this Request to the extent it seeks documents that are not within Emanuel's possession, custody, or control. Emanuel further objects to this Request as duplicative of Request No. 4 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Emanuel will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 21:**

All Documents and Communications evidencing the negotiation of any Agreement responsive to the preceding Request.

**RESPONSE TO REQUEST NO. 21:**

In addition to the General Objections set forth above, Emanuel objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it calls for "All Documents and Communications" over at least a ten year time period, extending beyond the time period relevant to this Action. Emanuel also objects to the extent this Request calls for documents protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Emanuel further objects that the phrase "evidencing the negotiation of" is vague and ambiguous. Emanuel further objects to this Request as seeking documents and information relating to fighters who would not be members of the putative class and, thus, would have no likelihood of leading to the discovery of relevant or admissible evidence. Emanuel further

objects to this Request to the extent it seeks documents that are not within Emanuel's possession, custody, or control. Emanuel further objects to this Request as duplicative of Request No. 5 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Emanuel will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 22**

All Documents and Communications consisting of or relating to Your discussion, analysis, interpretation or characterization of any Agreement, and the negotiation thereof, responsive to Request No. 21.

**RESPONSE TO REQUEST NO. 22:**

In addition to the General Objections set forth above, Emanuel objects to this Request as vague, ambiguous, and unintelligible as written to the extent it refers to "Request No. 21." Endeavor will interpret this Request as though it refers to "Request No. 20" instead. Emanuel objects that this Request is overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it calls for "All Documents and Communications" over a ten year period, extending beyond the time period relevant to this Action. Emanuel also objects to the extent this Request calls for documents protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege. Emanuel further objects that the phrase "discussion, analysis, interpretation or characterization" is vague and ambiguous. Emanuel further objects to this Request as seeking documents and information relating to fighters who would not be members of the putative class and, thus, would have no likelihood of leading to the discovery of relevant or admissible evidence. Emanuel further objects to this Request to the extent it seeks documents that are not within Emanuel's possession, custody, or control. Emanuel further objects to this Request as Emanuel and his employer, Endeavor, are not alleged to have had any agreements with any professional MMA fighters that are relevant to this Action. Emanuel further objects to this Request as duplicative of Request No. 6 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly

1  seeks to bypass party discovery.

2  Emanuel will not produce documents in response to this Request.

3  **REQUEST FOR PRODUCTION NO. 23:**

4  All arbitration clauses or class action waivers between You and any Professional MMA

5  Fighters, whether set forth in an Agreement or otherwise, and all Documents and Communications

6  relating to any such arbitration clause or class action waiver, including without limitation analyses,

7  draft proposed clauses, analyses of such clauses, white papers, reports, slide presentations, or

8  discussions regarding the reasons for, or potential benefits to Zuffa or Endeavor or anyone else of,

9  including arbitration clauses and/or class action waivers in Your Agreements with Professional

10 MMA Fighters.

11 **RESPONSE TO REQUEST NO. 23:**

12 In addition to the General Objections set forth above, Emanuel objects that this Request is

13 overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

14 calculated to lead to the discovery of relevant or admissible evidence, including because it asks for

15 "All arbitration clauses or class action waivers" and "all Documents and Communications"

16 relating to such clauses over a ten year time period, extending beyond the time period relevant to

17 this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Emanuel

18 also objects that the phrases "analyses," "discussions regarding the reasons for," and "potential

19 benefits" are vague and ambiguous. Emanuel further objects to the extent this Request calls for

20 documents protected from disclosure by the attorney-client privilege, work product doctrine, or

21 any other applicable privilege. Emanuel further objects to this Request as seeking documents and

22 information relating to fighters who would not be members of the putative class and, thus, would

23 have no likelihood of leading to the discovery of relevant or admissible evidence. Emanuel further

24 objects to this Request to the extent it seeks documents that are not within Emanuel's possession,

25 custody, or control. Emanuel further objects to this Request as duplicative of Request No. 7 to

26 Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same

27 Request, and thus this Request improperly seeks to bypass party discovery.

28 Emanuel will not produce documents in response to this Request.

27

**REQUEST FOR PRODUCTION NO. 24:**

All Documents and Communications evidencing the negotiation of any Agreement responsive to the preceding Request.

**RESPONSE TO REQUEST NO. 24:**

In addition to the General Objections set forth above, Emanuel objects that this Request duplicative of the Request No. 23's request for "all Documents and Communications" concerning the same topic, and as is overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it asks for "All Documents and Communications" regarding Agreements from the prior Request over a ten year time period, extending beyond the time period relevant to this case, and it is not limited in scope to the claims or defenses at issue in this Action. Emanuel also objects that the phrase "evidencing the negotiation" is vague and ambiguous. Emanuel further objects to this Request as seeking documents and information relating to fighters who would not be members of the putative class and, thus, would have no likelihood of leading to the discovery of relevant or admissible evidence. Emanuel further objects to this Request to the extent it seeks documents that are not within Emanuel's possession, custody, or control. Emanuel further objects to this Request as Emanuel and his employer, Endeavor, are not alleged to have been involved in negotiating agreements with any professional MMA fighters that are relevant to this Action. Emanuel further objects to this Request as duplicative of Request No. 8 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Emanuel will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 25:**

All Documents and Communications consisting of or relating to Your discussion, analysis, interpretation or characterization of any arbitration clause or class action waiver, and/or the negotiation thereof.

**RESPONSE TO REQUEST NO. 25:**

In addition to the General Objections set forth above, Emanuel objects to this Request as

1    overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

2    calculated to the discovery of relevant or admissible evidence, including because it calls for "All

3    Documents and Communications" over an ten year time period, extending beyond the time period

4    relevant to this Action. Emanuel also objects that the terms "discussion, analysis, interpretation or

5    characterization" are vague and ambiguous. Emanuel further objects to the extent that this Request

6    is duplicative of Request Nos. 23 and 24. Emanuel further objects to the extent this Request calls

7    for documents protected from disclosure by the attorney-client privilege, work-product doctrine,

8    or any other applicable privilege. Emanuel further objects to this Request to the extent it seeks

9    documents that are not within Emanuel's possession, custody, or control. Emanuel and his

10   employer, Endeavor, are not alleged to have had any agreements, or been involved in negotiating

11   agreements, with any professional MMA fighters that are relevant to this Action. Emanuel further

12   objects to this Request as duplicative of Request No. 9 to Endeavor. Endeavor has been actively

13   meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly

14   seeks to bypass party discovery.

15        Emanuel will not produce documents in response to this Request.

16   **REQUEST FOR PRODUCTION NO. 26:**

17        All Documents and Communications relating to market research about the MMA Industry,

18   including but not limited to, analysis or research regarding relative market share of MMA

19   Promoters, barriers to expansion for MMA Promoters, barriers to entry for would-be MMA

20   Promoters, and growth projections for the MMA Industry and/or MMA Promoters individually or

21   in any groupings.

22   **RESPONSE TO REQUEST NO. 26:**

23        In addition to the General Objections set forth above, Emanuel objects to this Request as

24   overbroad and unduly burdensome, not proportional to the needs of the case, and not reasonably

25   calculated to the discovery of relevant or admissible evidence, including because it calls for "All

26   Documents and Communications" over a ten year period, extending beyond the time period

27   relevant to this Action. Emanuel also objects that the phrases "market research," "analysis or

28   research," and "growth projections" are vague and ambiguous. Emanuel further objects to the

1  extent this Request calls for documents protected from disclosure by the attorney-client privilege,

2  work-product doctrine, or any other applicable privilege. Emanuel further objects to this Request

3  to the extent it seeks documents that are not within Emanuel's possession, custody, or control.

4  Emanuel further objects to this Request as duplicative of Request No. 10 to Endeavor. Endeavor

5  has been actively meeting and conferring with Plaintiffs over this same Request, and thus this

6  Request improperly seeks to bypass party discovery.

7      Emanuel will not produce documents in response to this Request.

8  **REQUEST FOR PRODUCTION NO. 27:**

9      All Documents and Communications relating to non-Zuffa/non-UFC MMA Promoters

10  (considered individually or as a group), including but not limited to SWOT analyses, financial,

11  analyses, strategies, counterprogramming of other MMA Promoters' Professional MMA Events,

12  analyses and/or commentary or assessments of their Professional MMA Fighter rosters, and

13  acquisition analyses and strategies.

14  **RESPONSE TO REQUEST NO. 27:**

15      In addition to the General Objections set forth above, Emanuel objects to this Request as

16  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

17  calculated to lead to the discovery of relevant or admissible evidence, including because it calls

18  for "All Documents and Communications relating to non -Zuffa/non-UFC MMA Promoters" over

19  a ten year time period, extending beyond the time period relevant to this Action, and does not limit

20  the scope of the request to the claims or defenses at issue in this Action. Emanuel also objects that

21  the phrase "counterprogramming" is vague and ambiguous. Emanuel further objects that the phrase

22  "SWOT analyses" is vague, ambiguous, and undefined. Emanuel further objects to the extent this

23  Request calls for documents protected from disclosure by the attorney-client privilege, work-

24  product doctrine, or any other applicable privilege. Emanuel further objects to this Request to the

25  extent it seeks documents that are not within Emanuel's possession, custody, or control. Emanuel

26  further objects to this Request as duplicative of Request No. 11 to Endeavor. Endeavor has been

27

28

1    actively meeting and conferring with Plaintiffs over this same Request, and thus this Request

2    improperly seeks to bypass party discovery.

3        Emanuel will not produce documents in response to this Request.

4    **REQUEST FOR PRODUCTION NO. 28:**

5        All Documents and Communications relating to any Agreement that UFC had with another

6    MMA Promoter, including but not limited to Agreements to license content, Agreements to buy

7    or sell athlete contracts, and Agreements to release Professional MMA Fighters from their

8    contracts if UFC offers the Professional MMA Fighter a contract.

9    **RESPONSE TO REQUEST NO. 28:**

10       In addition to the General Objections set forth above, Emanuel objects that this Request is

11   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

12   calculated to lead to the discovery of relevant or admissible evidence, including because it asks for

13   "All Documents and Communications" relating to any agreement with another MMA Promoter,

14   regardless of the nature of the agreement, over a ten year time period, extending beyond the time

15   period relevant to this Action, and it does not limit the scope of the Request to the claims or

16   defenses at issue in this Action. Emanuel further objects to this Request to the extent that it is

17   duplicative of Request No. 13 to Zuffa, including to the extent it seeks agreements between the

18   UFC and any other MMA Promoter. Emanuel further objects to this Request to the extent it seeks

19   documents that are not within Emanuel's possession, custody, or control. Emanuel further objects

20   to this Request as duplicative of Request No. 12 to Endeavor. Endeavor has been actively meeting

21   and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to

22   bypass party discovery.

23       Emanuel will not produce documents in response to this Request.

24   **REQUEST FOR PRODUCTION NO. 29:**

25       All Documents and Communications relating to the potential sale of Zuffa or any portion

26   thereof(or interest therein), including any Communications with or Documents created by You or

27   any third party, including without limitation any prospectuses, proposals, confidential information

28   memoranda, credit assessments, due diligence requests, Documents or Communications created,

1    collected, placed in data rooms, or produced in response to due diligence requests, offers,

2    negotiations, memoranda of understanding, and all other Documents or Communications relating

3    in any way to the potential sale, acquisition, merger or transfer of Zuffa or any portion thereof or

4    interest therein.

5    **RESPONSE TO REQUEST NO. 29:**

6        In addition to the General Objections set forth above, Emanuel objects to this Request as

7    overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

8    calculated to lead to the discovery of relevant or admissible evidence, including because it requests

9    "All Documents and Communications" relating to any potential sale of Zuffa or any portion

10   thereof over a ten year time period, extending beyond the time period relevant to this Action, and

11   it is not limited in scope to documents relating to the claims and defenses at issue in this Action.

12   Emanuel also objects to the extent this Request calls for documents protected from disclosure by

13   the attorney-client privilege, work-product doctrine, or any other applicable privilege. Emanuel

14   further objects to this Request to the extent it seeks documents that are not within Emanuel's

15   possession, custody, or control. Emanuel further objects to this Request as duplicative of Request

16   No. 13 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this

17   same Request, and thus this Request improperly seeks to bypass party discovery.

18       Emanuel will not produce documents in response to this Request.

19   **REQUEST FOR PRODUCTION NO. 30:**

20       All Documents and Communications (exclusive of Documents and Communications

21   produced in response to Request No. 29) relating to the purchase by You of a majority stake in

22   Zuffa on or around August 18, 2016, including Communications with or Documents created by

23   Zuffa, LLC or any third party, and including without limitation any executed Agreements, draft

24   Agreements, memoranda of understanding, offers, prospectuses, proposals, confidential

25   information memoranda, credit assessments, supporting schedules, all Documents and

26   Communications relating to negotiations, due diligence requests, including Documents or

27   Communications created, collected, placed in data rooms, or produced in response to due diligence

28   requests, all regulatory filings, registration documents, and any other Documents or

1   Communications sent to or received by You relating to any U.S., state, or local agency, and all

2   other Documents and Communications relating in any way to Your purchase of a majority stake

3   in Zuffa on or around August 18, 2016.

4   **RESPONSE TO REQUEST NO. 30**

5       In addition to the General Objections set forth above, Emanuel objects to this Request as

6   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

7   calculated to lead to the discovery of relevant or admissible evidence, including because it requests

8   "All Documents and Communications" relating Endeavor's purchase of Zuffa and does not limit

9   the scope of the Request to documents relating to the claims and defenses at issue in this Action

10  (which does not concern the sale of Zuffa or any portion thereof). Emanuel also objects to the

11  extent this Request calls for documents protected from disclosure by the attorney-client privilege,

12  work-product doctrine, or any other applicable privilege. Emanuel further objects to this Request

13  to the extent it seeks documents that are not within Emanuel's possession, custody, or control.

14  Emanuel further objects to this Request as duplicative of Request No. 14 to Endeavor. Endeavor

15  has been actively meeting and conferring with Plaintiffs over this same Request, and thus this

16  Request improperly seeks to bypass party discovery.

17      Emanuel will not produce documents in response to this Request.

18  **REQUEST FOR PRODUCTION NO. 31**

19      Documents and Communications sufficient to show all Persons that were part of the "buyer

20  group" as that term is used on page F-12 of the Form S-1 Securities Registration Statement filed

21  on September 15, 2023, by TKO Group Holdings, Inc., which states in relevant part, "On

22  August 18, 2016, a buyer group that included Endeavor Operating Company, LLC ("EOC"),

23  affiliates of Silver Lake Partners ("SLP"), affiliates of Kohlberg Kravis Roberts & Co. ("KKR")

24  and certain other investors (including certain existing owners as rollover investors) (the "buyer

25  group") acquired 100% of the equity interests of Zuffa [defined as "Zuffa Parent, LLC and its

26  subsidiaries"]...," including Documents and Communications sufficient to show the name, title,

27  business affiliation, business address, and relative ownership share acquired by each such Person.

28  For clarity, the requested Documents and Communications should Identify and provide the

1  requested information for each individual "affiliate" of SLP and KKR, and each individual "other

2  investor" or "rollover investor" that is part of the "buyer group."

3  **RESPONSE TO REQUEST NO. 31:**

4  In addition to the General Objections set forth above, Emanuel objects that this Request is

5  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

6  calculated to lead to the discovery of relevant or admissible evidence, including because it requests

7  information that has no relevance to the claims or defenses at issue in this Action. Emanuel further

8  objects that the phrases "business affiliation" and "relative ownership share" are vague and

9  ambiguous. Emanuel further objects to this Request to the extent it seeks documents that are not

10  within Emanuel's possession, custody, or control. Emanuel further objects to this Request as

11  duplicative of Request No. 15 to Endeavor. Endeavor has been actively meeting and conferring

12  with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

13  discovery.

14  Emanuel will not produce documents in response to this Request.

15  **REQUEST FOR PRODUCTION NO. 32:**

16  All Documents and Communications relating to the purchase of the remaining portion of

17  Zuffa by Endeavor in or around 2021, including any Communications with or Documents created

18  by any third party, and including without limitation any executed Agreements, draft Agreements,

19  memoranda of understanding, offers, prospectuses, proposals, confidential information

20  memoranda, credit assessments, supporting schedules, all Documents and Communications

21  relating to negotiations, due diligence requests, Documents and Communications created,

22  collected, placed in data rooms, or produced in response to due diligence requests, all regulatory

23  filings, registration documents, and any other Documents or Communications sent to or received

24  by You relating to any U.S., state, or local agency, and all other Documents and Communications

25  relating in any way to Your acquisition of the remaining portion of Zuffa in or around 2021.

26  **RESPONSE TO REQUEST NO. 32:**

27  In addition to the General Objections set forth above, Emanuel objects to this Request as

28  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

calculated to lead to the discovery of relevant or admissible evidence, including because it requests "All Documents and Communications" relating to Endeavor's purchase of the remaining portion of Zuffa in 2021 and does not limit the scope of the Request to documents relating to the claims and defenses at issue in this Action (which does not concern the purchase of Zuffa or any portion thereof). Emanuel also objects to the extent this Request calls for documents protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Emanuel further objects to this Request to the extent it seeks documents that are not within Emanuel's possession, custody, or control. Emanuel further objects to this Request as duplicative of Request No. 16 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Emanuel will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 33:**

All Documents and Communications relating to the acquisition, sale, merger, or transfer of World Wrestling Entertainment, Inc. by You in 2023, including any Communications with or Documents created by any third party, and including without limitation any executed Agreements, draft Agreements, memoranda of understanding, offers, prospectuses, proposals, confidential information memoranda, credit assessments, all Documents and Communications relating to negotiations, due diligence requests, Documents and Communications created, collected, placed in data rooms, or produced in response to due diligence requests, all regulatory filings, registration documents, and any other Documents or Communications sent to or received by You relating to any U.S., state, or local agency, and all other Documents and Communications relating in any way to the acquisition and merger of World Wrestling Entertainment, Inc. by You in 2023.

**RESPONSE TO REQUEST NO. 33:**

In addition to the General Objections set forth above, Emanuel objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it requests "All Documents and Communications" relating to an acquisition, sale, merger, or transfer of

1   World Wrestling Entertainment, Inc., in 2023, which is not challenged or at issue in this Action,

2   and therefore does not limit the scope of the Request to documents relating to the claims and

3   defenses at issue in this Action. Emanuel also objects to the extent this Request calls for documents

4   protected from disclosure by the attorney-client privilege, work-product doctrine, or any other

5   applicable privilege. Emanuel further objects to this Request to the extent it seeks documents that

6   are not within Emanuel's possession, custody, or control. Emanuel further objects to this Request

7   as duplicative of Request No. 17 to Endeavor. Endeavor has been actively meeting and conferring

8   with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

9   discovery.

10      Emanuel will not produce documents in response to this Request.

11  **REQUEST FOR PRODUCTION NO. 34:**

12      All Agreements, supporting schedules, and financial information and/or analyses prepared

13  in connection with the formation of TKO in 2023.

14  **RESPONSE TO REQUEST NO. 34:**

15      In addition to the General Objections set forth above, Emanuel objects that this Request is

16  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

17  calculated to lead to the discovery of relevant or admissible evidence, including because it requests

18  "All Agreements, supporting schedules, and financial information and/or analyses" regarding the

19  formation of TKO, which has no relevance to the claims or defenses at issue in this Action.

20  Emanuel also objects that the phrases "financial information and/or analyses" are vague and

21  ambiguous. Emanuel further objects to this Request to the extent that it seeks public information—

22  including information in Plaintiffs' control—that is readily accessible by Plaintiffs and which

23  should be collected by Plaintiffs under the reasonableness and proportionality standards set forth

24  in the Federal Rules of Civil Procedure. Emanuel further objects to this Request to the extent it

25  seeks documents that are not within Emanuel's possession, custody, or control. Emanuel further

26  objects to this Request as duplicative of Request No. 18 to Endeavor. Endeavor has been actively

27

28

1  meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly

2  seeks to bypass party discovery.

3      Emanuel will not produce documents in response to this Request.

4      **REQUEST FOR PRODUCTION NO. 35:**

5      All Documents and Communications relating to any efforts by You or made on Your behalf

6  to raise capital, including but not limited to loans or issuance of debt or equity, and including

7  without limitation any Agreements, draft Agreements, negotiations, investor presentations,

8  prospectuses, confidential information memoranda, credit assessments, due diligence requests,

9  Documents and Communications created, collected, placed in data rooms, or produced in response

10  to due diligence requests, and all other documents and communications related in any way to

11  efforts to raise capital, regardless of whether any loan was actually obtained or any debt or equity

12  was actually issued.

13  **RESPONSE TO REQUEST NO. 35:**

14      In addition to the General Objections set forth above, Emanuel objects to this Request as

15  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

16  calculated to lead to the discovery of relevant or admissible evidence, including because it calls

17  for "All Documents and Communications" relating to efforts to raise capital over a ten year,

18  extending beyond the time period relevant to this Action, and it is not limited in scope to documents

19  relating to the claims and defenses at issue in this Action. Emanuel also objects that the phrase

20  "efforts by You or made on Your behalf to raise capital" is vague and ambiguous. Emanuel further

21  objects to this Request to the extent it seeks documents that are not within Emanuel's possession,

22  custody, or control. Emanuel further objects to this Request as duplicative of Request No. 19 to

23  Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same

24  Request, and thus this Request improperly seeks to bypass party discovery.

25      Emanuel will not produce documents in response to this Request.

26  **REQUEST FOR PRODUCTION NO. 36:**

27      All Documents and Communications relating to arbitration clauses or class action waivers

28  in Agreements with Professional MMA Fighters, including without limitation analyses, draft

1  proposed clauses, analyses of such clauses, white papers, reports, slide presentations, or

2  discussions regarding the reasons for, or potential benefits to Zuffa or Endeavor or anyone else of,

3  including arbitration clauses and/or class action waivers in Your Agreements with Professional

4  MMA Fighters.

5  **RESPONSE TO REQUEST NO. 36:**

6      In addition to the General Objections set forth above, Emanuel objects that this Request is

7  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

8  calculated to lead to the discovery of relevant or admissible evidence, including because it asks for

9  "All Documents and Communications" relating to arbitration clauses or class action waivers over

10  a ten year, extending beyond the time period relevant to this Action, and it is not limited in scope

11  to the claims or defenses at issue in this Action. Emanuel also objects that the phrases "analyses,"

12  "discussions regarding the reasons for," and "potential benefits" are vague and ambiguous.

13  Emanuel further objects to the extent this Request calls for documents protected from disclosure

14  by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Emanuel

15  further objects to this Request as seeking documents and information relating to fighters who

16  would not be members of the putative class and, thus, would have no likelihood of leading to the

17  discovery of relevant or admissible evidence. Emanuel further objects to the extent that this

18  Request is duplicative of Request Nos. 23 through 25. Emanuel further objects to this Request to

19  the extent it seeks documents that are not within Emanuel's possession, custody, or control.

20  Emanuel and his employer, Endeavor, are not alleged to have had any agreements with any

21  professional MMA fighters that are relevant to this Action. Emanuel further objects to this Request

22  as duplicative of Request No. 20 to Endeavor. Endeavor has been actively meeting and conferring

23  with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

24  discovery.

25      Emanuel will not produce documents in response to this Request.

26  **REQUEST FOR PRODUCTION NO. 37:**

27      Documents and Communications sufficient to Identify each of Your employees or agents

28  or anyone purporting to act on Your behalf involved in approving or negotiating the terms of any

1   Agreement, or proposed Agreement, for all or part of Zuffa to be acquired by Endeavor or by

2   anyone else.

3   **RESPONSE TO REQUEST NO. 37:**

4        In addition to the General Objections set forth above, Emanuel objects to this Request as

5   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

6   calculated to lead to the discovery of relevant or admissible evidence, including because it calls

7   for information as to each employee or agent over a ten year time period, extending beyond the

8   time period relevant to this Action, and it is not limited to information related to individuals who

9   may have some role related to the claims or defenses in this Action. Emanuel also objects that this

10  Request's use of the phrases "anyone purporting to act on Your behalf" and "anyone else" is vague,

11  ambiguous, overbroad, and impractical. Emanuel further objects to this Request to the extent it

12  purports to require Emanuel to do anything beyond conducting a reasonable produce non-

13  objectionable, non-privileged, responsive documents and data. Emanuel further objects to this

14  Request to the extent it seeks documents that are not within Emanuel's possession, custody, or

15  control. Emanuel further objects to this Request as duplicative of Request No. 21 to Endeavor.

16  Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and

17  thus this Request improperly seeks to bypass party discovery.

18       Emanuel will not produce documents in response to this Request.

19  **REQUEST FOR PRODUCTION NO. 38:**

20       Documents and data (including structured or unstructured data) sufficient to show Your

21  financial data, including at a minimum Your costs, revenue, income, EBITDA, assets, debits,

22  borrowing costs, and profits, by month and by year, at the most granular level such documents and

23  data are maintained.

24  **RESPONSE TO REQUEST NO. 38:**

25       In addition to the General Objections set forth above, Emanuel objects that this Request is

26  overbroad and unduly burdensome, not proportional to the needs of the case, and not reasonably

27  calculated to lead to the discovery of relevant or admissible evidence, including because it requests

28  financial data over a ten year time period, extending beyond the time period relevant to this Action,

1  and it is not limited in scope to documents relating to the claims and defenses at issue in this

2  Action, including not being limited to operations relating to MMA or the geographic scope at issue

3  in this Action. Emanuel further objects to this Request to the extent that it seeks public

4  information—including information in Plaintiffs' control—that is readily accessible by Plaintiffs

5  and which should be collected by Plaintiffs under the reasonableness and proportionality standards

6  set forth in the Federal Rules of Civil Procedure. Emanuel further objects that the phrase "at the

7  most granular level" and "unstructured data" are vague and ambiguous. Emanuel further objects

8  to this Request to the extent it seeks documents that are not within Emanuel's possession, custody,

9  or control. Emanuel further objects to this Request as duplicative of Request No. 22 to Endeavor.

10  Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and

11  thus this Request improperly seeks to bypass party discovery.

12      Emanuel will not produce documents in response to this Request.

13  **REQUEST FOR PRODUCTION NO. 39:**

14      All monthly and annual financial documents created or maintained by You or on Your

15  behalf, including without limitation all audited financial statements, all internally prepared and

16  consolidating financial statements for Endeavor, including financial statements for the UFC

17  portion of the Owned Sports Properties segment (including without limitation balance sheet,

18  income statement, and statement of cash flows), balance sheets, income statements, profit and loss

19  reports, margin analyses, equity valuations, asset appraisals, financial models, budgets (proposed

20  or otherwise), investor presentations, margin analyses, pro formas, regulatory filings (including

21  income tax returns), issuance of equity or debit, loans, and money owed or receivable, and any

22  other form of financial reporting.

23  **RESPONSE TO REQUEST NO. 39:**

24      In addition to the General Objections set forth above, Emanuel objects to this Request as

25  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

26  calculated to lead to the discovery of relevant or admissible evidence, including because it calls

27  for all documents over a ten year period, extending beyond the time period relevant to this Action,

28  and it is not limited in scope to documents relating to the claims and defenses at issue in this

1  Action, including not being limited to operations relating to MMA or the geographic scope at issue

2  in this Action. Emanuel also objects that the terms "financial models" or "similar financial

3  Documents" are vague and ambiguous. Emanuel further objects to this Request as vague,

4  ambiguous, confusing, and incomplete because it uses the capitalized term "Owned Sports

5  Properties," which is not defined. Emanuel further objects to this Request to the extent that it seeks

6  public information—including information in Plaintiffs' control—that is readily accessible by

7  Plaintiffs and which should be collected by Plaintiffs under the reasonableness and proportionality

8  standards set forth in the Federal Rules of Civil Procedure. Emanuel will not produce equity

9  valuations, asset appraisals, regulatory filings, income tax returns, debt or equity issuance

10  materials, or loans, to the extent any such materials exist, as they are irrelevant and not proportional

11  to the claims and defenses at issue in this Action, overbroad, unduly burdensome, highly

12  confidential, and unlikely to contain relevant information that could not be obtained in more

13  reasonable way. Emanuel further objects to this Request to the extent it seeks documents that are

14  not within Emanuel's possession, custody, or control. Emanuel further objects to this Request as

15  duplicative of Request No. 23 to Endeavor. Endeavor has been actively meeting and conferring

16  with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

17  discovery.

18  　　　　Emanuel will not produce documents in response to this Request.

19  **REQUEST FOR PRODUCTION NO. 40:**

20  　　　　For each year of the Relevant Time Period, Documents sufficient to show beneficial

21  ownership in Zuffa, TKO Group Holdings, Inc. and Endeavor, and any parent of or successor to

22  Zuffa, TKO Group Holdings, Inc. and Endeavor, including any changes thereto. This Request

23  includes Documents sufficient to show the percentage of any stock or other interests owned by

24  each Person holding a beneficial ownership interest and the consideration paid for such interest.

25  **RESPONSE TO REQUEST NO. 40:**

26  　　　　In addition to the General Objections set forth above, Emanuel objects to this Request as

27  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

28  calculated to lead to the discovery of relevant or admissible evidence, including because it calls

1    for documents over a ten year time period, extending beyond the time period relevant to this

2    Action, and it is not limited in scope to documents relating to the claims and defenses at issue in

3    this Action. Emanuel also objects that the phrases "beneficial ownership," "other interests," and

4    "consideration" are vague and ambiguous. Emanuel further objects to this Request to the extent it

5    requires or purports to require disclosure of any information other than the beneficial ownership

6    of Endeavor. Emanuel further objects to this Request to the extent it seeks documents that are not

7    within Emanuel's possession, custody, or control. Emanuel further objects to this Request as

8    duplicative of Request No. 24 to Endeavor. Endeavor has been actively meeting and conferring

9    with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

10   discovery.

11          Emanuel will not produce documents in response to this Request.

12   **REQUEST FOR PRODUCTION NO. 41:**

13          Documents and data sufficient to show all compensation including salary, bonuses,

14   expense reimbursements, aviation expenses, distributions, dividends, stock awards, loans

15   (including information: about repayment or forgiveness), management fees, board fees, and all

16   other compensation of any kind to all Endeavor and Zuffa senior executives, board members,

17   directors, beneficial owners, and shareholders holding more than a 5% interest in Endeavor, Zuffa,

18   or TKO Group Holdings, Inc., including the date the compensation was paid, the dollar value, the

19   date of vesting, accrual, or maturation of the compensation (if applicable), the source of the

20   compensation (e.g., from a debt issuance or from corporate profits), the reason given (if any) for

21   the compensation, and the relative share received by each Person receiving compensation.

22   **RESPONSE TO REQUEST NO. 41:**

23          In addition to the General Objections set forth above, Emanuel objects to this Request as

24   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

25   calculated to lead to the discovery of relevant or admissible evidence, including because it calls

26   for documents over a ten year period, which extends beyond the time period relevant to this Action,

27   and it is not limited in scope to documents that relate to the claims or defenses at issue in this

28   Action. Emanuel objects that this Request's use of the phrases "all other compensation," "source

1    of the compensation," "the reason given (if any) for the compensation," and "the relative share

2    received by each Person receiving compensation" is vague, ambiguous, overbroad, and

3    impractical. Emanuel further objects that this Request seeks information not in Emanuel's

4    possession, custody or control because it seeks documents and data sufficient to show "all

5    compensation" to "all Endeavor and Zuffa senior executives, board members, directors, beneficial

6    owners, and shareholders holding more than a 5% interest in Endeavor, Zuffa, or TKO Holdings,

7    Inc." Emanuel further objects to this Request as duplicative of Request No. 25 to Endeavor.

8    Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and

9    thus this Request improperly seeks to bypass party discovery.

10    Emanuel will not produce documents in response to this Request.

11    **REQUEST FOR PRODUCTION NO. 42:**

12    Documents and data sufficient to show any non-monetary benefits bestowed on any

13    beneficial owners of Endeavor, Zuffa, or TKO Group Holdings, Inc., including without limitation:

14    (a) travel in private jets owned, leased, or paid for by You; (b) use of houses, apartments, vacation

15    properties, or other real estate owned, leased, or paid for by You; (c) use of motor vehicles owned,

16    leased, or paid for by You;(d) tickets for sporting events or other entertainment events paid for by

17    You; and/or (e) any other item, service, amenity, activity, or privilege provided to one or more of

18    the beneficial owners at Your expense.

19    **RESPONSE TO REQUEST NO. 42:**

20    In addition to the General Objections set forth above, Emanuel objects to this Request as

21    overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

22    calculated to lead to the discovery of relevant or admissible evidence, including because it calls

23    for documents over a ten year period, which extends beyond the time period relevant to this Action,

24    and it is not limited in scope to documents related to the claims or defenses at issue in this Action.

25    Emanuel objects that the phrases "non-monetary benefits," "beneficial owners," "entertainment

26    events," and "item, service, amenity, activity, or privilege" are vague and ambiguous. Emanuel

27    further objects to this Request to the extent it seeks documents that are not within Emanuel's

28    possession, custody, or control. Emanuel further objects to this Request as duplicative of Request

43

No. 26 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Emanuel will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 43:**

For each year of the Relevant Time Period, Documents sufficient to show Your corporate structure, including the organization of each division, department, unit or subdivision, parent, subsidiary, joint venture or affiliate of Your company. This request includes without limitation organizational charts, investor or debtor presentations, government filings, internal communications, and any Documents sufficient to show each Employee or executive with managerial responsibilities relating to the UFC.

**RESPONSE TO REQUEST NO. 43:**

In addition to the General Objections set forth above, Emanuel objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it seeks information into Endeavor's corporate structure at a level of detail that is not relevant to any claims or defenses in this Action, and parts of Endeavor's business that are not relevant to any claims or defenses in this Action. Emanuel also objects to this Request as unintelligible as written because it calls for "Documents sufficient to show" Endeavor's "corporate structure," then lists several categories of documents that are purportedly called for by the Request "without limitation." Emanuel further objects to this Request to the extent it seeks documents that are not within Emanuel's possession, custody, or control. Emanuel further objects to this Request as duplicative of Request No. 27 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Emanuel will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 44:**

All Documents constituting, referencing, or relating to issuance of debt as it relates to your acquisition of WWE and UFC.

1   **RESPONSE TO REQUEST NO. 44:**

2         In addition to the General Objections set forth above, Emanuel objects to this Request as

3   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

4   calculated to lead to the discovery of relevant or admissible evidence, including because it calls

5   for "All Documents" relating to the issuance of debt as it relates to the acquisitions of WWE and

6   UFC, which have no bearing on the claims and defenses at issue in this Action because it does not

7   concern the acquisitions of WWE and UFC, and many of which would be beyond the time period

8   relevant to this Action. Emanuel also objects that the phrase "constituting, referencing, or relating"

9   is vague and ambiguous. Emanuel further objects to this Request to the extent it seeks documents

10  that are not within Emanuel's possession, custody, or control. Emanuel further objects to this

11  Request as duplicative of Request No. 28 to Endeavor. Endeavor has been actively meeting and

12  conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass

13  party discovery.

14        Emanuel will not produce documents in response to this Request.

15  **REQUEST FOR PRODUCTION NO. 45:**

16        Documents sufficient to show how You arrived at a valuation of $21 billion for TKO Group

17  Holdings, Inc. as stated in your April 3, 2023 press release.

18  **RESPONSE TO REQUEST NO. 45:**

19        In addition to the General Objections set forth above, Emanuel objects that this Request is

20  not reasonably calculated to lead to the discovery of relevant or admissible evidence, including

21  because it requests information that has no relevance to the claims or defenses at issue in this

22  Action, not proportional to the needs of the case. Emanuel further objects to this Request to the

23  extent it seeks documents that are not within Emanuel's possession, custody, or control. Emanuel

24  further objects to this Request as duplicative of Request No. 29 to Endeavor. Endeavor has been

25  actively meeting and conferring with Plaintiffs over this same Request, and thus this Request

26  improperly seeks to bypass party discovery.

27        Emanuel will not produce documents in response to this Request.

28

1   **REQUEST FOR PRODUCTION NO. 46:**

2       All Documents referencing or relating to all financial activity relating to the UFC,

3   including balance sheets, income statements, regulatory filings (including income tax returns for

4   Zuffa and any of its affiliates), issuance of equity or debit, loans, and money owed or receivable.

5   **RESPONSE TO REQUEST NO. 46:**

6       In addition to the General Objections set forth above, Emanuel objects that this Request is

7   overbroad and unduly burdensome, not proportional to the needs of the case, and not reasonably

8   calculated to lead to the discovery of relevant or admissible evidence, including because it requests

9   "All Documents" related to "all financial activity" over a ten, extending beyond the time period

10  relevant to this Action, and it is not limited in scope to documents relating to the claims and

11  defenses at issue in this Action. Emanuel further objects to this Request to the extent that it seeks

12  public information—including information in Plaintiffs' control—that is readily accessible by

13  Plaintiffs and which should be collected by Plaintiffs under the reasonableness and proportionality

14  standards set forth in the Federal Rules of Civil Procedure. Emanuel further objects that the phrase

15  "financial activity" is vague and ambiguous. Emanuel further objects to this Request to the extent

16  it seeks documents that are not within Emanuel's possession, custody, or control. Emanuel further

17  objects to this Request as duplicative of Request No. 30 to Endeavor. Endeavor has been actively

18  meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly

19  seeks to bypass party discovery.

20      Emanuel will not produce documents in response to this Request.

21  **REQUEST FOR PRODUCTION NO. 47:**

22      All Documents referencing or relating to all financial activity relating to the TKO Group

23  Holdings, Inc. and its subsidiaries and affiliates, including balance sheets, income statements,

24  regulatory filings (including income tax returns for Zuffa and any of its affiliates), issuance of

25  equity or debit, loans, and money owed or receivable.

26  **RESPONSE TO REQUEST NO. 47:**

27      In addition to the General Objections set forth above, Emanuel objects that this Request is

28  overbroad and unduly burdensome, not proportional to the needs of the case, and not reasonably

1  calculated to lead to the discovery of relevant or admissible evidence, including because it requests

2  "All Documents" referencing or relating to financial activity of TKO Group Holdings, Inc. and its

3  subsidiaries and affiliates, over aa ten year period, extending beyond the time period relevant to

4  this Action, and it is not limited in scope to documents relating to the claims and defenses at issue

5  in this Action. Emanuel also objects to this Request to the extent that it seeks public information—

6  including information in Plaintiffs' control—that is readily accessible by Plaintiffs and which

7  should be collected by Plaintiffs under the reasonableness and proportionality standards set forth

8  in the Federal Rules of Civil Procedure. Emanuel further objects that the phrase "financial activity"

9  is overbroad, vague, and ambiguous. Emanuel further objects to this Request to the extent it seeks

10  documents that are not within Emanuel's possession, custody, or control. Emanuel further objects

11  to this Request as duplicative of Request No. 31 to Endeavor. Endeavor has been actively meeting

12  and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to

13  bypass party discovery.

14      Emanuel will not produce documents in response to this Request.

15  **REQUEST FOR PRODUCTION NO. 48:**

16      All Documents referencing or relating to Your transactional data, at the most granular level

17  possible, for each UFC Professional MMA Event held during the Relevant Time Period, sufficient

18  to show at a minimum the following: a) total gate receipts from each UFC Professional MMA

19  Event during the Relevant Time Period, broken down by event; b) total attendance at each UFC

20  Professional MMA Event during the Relevant Time Period, broken down by event c) total

21  revenues from each PPV broadcast of UFC Professional MMA Event during the Relevant Time

22  Period, broken down by event; d) total revenues from non-PPV broadcast of UFC Professional

23  MMA Event during the Relevant Time Period, broken down by event and by contracted

24  broadcaster (e.g., ESPN, Fox, Spike, etc.) e) total revenues from closed circuit broadcast to

25  commercial venues such as bars, restaurants, or theaters of each UFC Professional MMA Event

26  during the Relevant Time Period, broken down by event; f) total revenues derived from the sale of

27  advertising during all broadcasts of UFC Professional MMA Events, whether PPV or non-PPV,

28  during the Relevant Time Period, broken down by month and year, by PPV or non-PPV, and by

1    advertiser g) total revenues derived in any way from the Promotional and Ancillary Rights, as

2    described in Your Promotional and Ancillary Rights Agreements with MMA Fighters, relating to

3    all professional MMA Fighters who have been under contract with the UFC at any time during the

4    Relevant Time Period, broken down by month and year; h) total revenues derived from

5    Agreements with sponsors of the UFC or of the Professional MMA Fighters who have been under

6    contract with the UFC at any time during the Relevant Time Period; i) total revenues by event; j)

7    the gross and net price paid by customers for transactions by unit, subscription, and/or ticket for a

8    single Pay-Per-View, ticket to a live event, or UFC Fight Pass subscription;

9    **RESPONSE TO REQUEST NO. 48:**

10         In addition to the General Objections set forth above, Emanuel objects that this Request is

11   overbroad and unduly burdensome, not proportional to the needs of the case, and not reasonably

12   calculated to lead to the discovery of relevant or admissible evidence, including because it requests

13   documents itemizing nearly every source of the revenue from UFC Professional MMA Events by

14   bout, event, broadcast, transaction, and/or agreement for a period of eight years, which extends

15   beyond the time period relevant to this Action, seeks "All Documents" even "referencing or

16   relating" to "transactional data" at "the most granular level possible," and it is not limited in scope

17   to documents relating to the claims and defenses at issue in this Action. Emanuel further objects

18   to this Request to the extent it purports to require Emanuel to do anything beyond conducting a

19   reasonable search for non-objectionable, nonprivileged, responsive documents and data. Emanuel

20   further objects to this Request as seeking documents and information relating to fighters who

21   would not be members of the putative class and, thus, would have no likelihood of leading to the

22   discovery of relevant or admissible evidence. Emanuel further objects to this Request to the extent

23   it seeks documents that are not within Emanuel's possession, custody, or control. Emanuel further

24   objects to this Request as duplicative of Request No. 32 to Endeavor. Endeavor has been actively

25   meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly

26   seeks to bypass party discovery.

27         Emanuel will not produce documents in response to this Request.

28

**REQUEST FOR PRODUCTION NO. 49:**

Documents and data in as granular form as the information is maintained, sufficient to show any and all compensation paid to each UFC Fighter individually for each UFC Professional MMA Bout that the UFC Fighter participated in during the Relevant Time Period, on a fighter-by-fighter basis, broken down by Professional MMA Bout (so that each UFC Fighter's compensation data is available in one Document or sequence of Documents, and it is produced with sufficient granularity so that the compensation is clearly attributed to the UFC Professional MMA Bout at which the Fighter earned it), as follows: a) the date and location of each UFC Professional MMA Bout the UFC Fighter participated in during the Relevant Time Period, and b) the base salary the UFC Fighter received for each UFC Professional MMA Bout he or she participated in during the Relevant Time Period; c) all bonuses the UFC Fighter received for each UFC Professional MMA Bout he or she participated in during the Relevant Time Period (including, but not limited to any and all discretionary bonuses or payments, fight of the night, performance of the night, knockout and submission of the night bonuses), broken down by each bonus received for each Professional MMA Event d) all broadcast royalties the UFC Fighter received (if any) for each UFC Professional MMA Bout he or she participated in during the Relevant Time Period, broken down so that the broadcast royalties are traceable to a particular UFC Professional MMA Bout (to be clear, if the UFC Fighter received broadcast royalties from more than one UFC Professional MMA Bout, the broadcast royalties should be clearly attributed to the specific UFC Professional MMA Bout from which they were generated); e) any other form of compensation the UFC Fighter received for each UFC Professional MMA Bout he or she participated in during the Relevant Time Period; and, f) Pay-Per-View shares the UFC Fighter received for each UFC Professional MMA Bout he or she participated in during the Relevant Time Period.

**RESPONSE TO REQUEST NO. 49:**

In addition to the General Objections set forth above, Emanuel objects that this Request is overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it requests documents itemizing every payment made to every UFC Fighter by source, date, and payment type

1  for each UFC Professional MMA Bout over a ten year period, which extends beyond the time

2  period relevant to this Action, and it is not limited in scope to documents relating to the claims and

3  defenses at issue in this Action. Emanuel also objects to this Request as seeking documents and

4  information relating to fighters who would not be members of the putative class and, thus, would

5  have no likelihood of leading to the discovery of relevant or admissible evidence. Emanuel further

6  objects to this Request to the extent it purports to require Emanuel to do anything beyond

7  conducting a reasonable search for non-objectionable, nonprivileged, responsive documents and

8  data. Emanuel further objects that the phrases "granular form" and "sufficient granularity" are

9  vague and ambiguous. Emanuel further objects to this Request to the extent it seeks documents

10  that are not within Emanuel's possession, custody, or control. Emanuel further objects to this

11  Request as duplicative of Request No. 33 to Endeavor. Endeavor has been actively meeting and

12  conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass

13  party discovery.

14      Emanuel will not produce documents in response to this Request.

15  **REQUEST FOR PRODUCTION NO. 50:**

16      Profit and loss statements (including identity of participating fighters and compensation

17  paid to each) for each UFC Professional MMA Event.

18  **RESPONSE TO REQUEST NO. 50:**

19      In addition to the General Objections set forth above, Emanuel objects to this Request as

20  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

21  calculated to lead to the discovery of relevant or admissible evidence, including because it requests

22  profit and loss statements for each event over a ten year time period, extending beyond the time

23  period relevant to this Action. Emanuel also objects to this Request as seeking documents and

24  information relating to fighters who would not be members of the putative class and, thus, would

25  have no likelihood of leading to the discovery of relevant or admissible evidence. Emanuel also

26  objects to this Request to the extent it purports to require Emanuel to do anything beyond

27  conducting a reasonable search for nonobjectionable, non-privileged, responsive documents and

28  data. Emanuel further objects to this Request to the extent it seeks documents that are not within

1  Emanuel's possession, custody, or control. Emanuel further objects to this Request as duplicative

2  of Request No. 34 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs

3  over this same Request, and thus this Request improperly seeks to bypass party discovery.

4      Emanuel will not produce documents in response to this Request.

5  **REQUEST FOR PRODUCTION NO. 51:**

6      Documents sufficient to show Your actual costs for presenting UFC Professional MMA

7  Events, down to as granular a level as possible, including without limitation venue costs,

8  promotional costs, compensation for UFC Fighters, insurance, safety, and all other costs incidental

9  to presenting UFC Professional MMA Events.

10  **RESPONSE TO REQUEST NO. 51:**

11      In addition to the General Objections set forth above, Emanuel objects to this Request as

12  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

13  calculated to lead to the discovery of relevant or admissible evidence, including because it calls

14  for production of documents related to all of Endeavor's costs for presenting UFC Professional

15  MMA Events without any limitation over a ten year period, extending beyond the time period

16  relevant to this Action. Emanuel also objects that the phrases "actual costs," "down to as granular

17  a level as possible," and "all other costs incidental to presenting" are vague and ambiguous.

18  Emanuel further objects to this Request to the extent it seeks documents that are not within

19  Emanuel's possession, custody, or control. Emanuel further objects to this Request as duplicative

20  of Request No. 35 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs

21  over this same Request, and thus this Request improperly seeks to bypass party discovery.

22      Emanuel will not produce documents in response to this Request.

23  **REQUEST FOR PRODUCTION NO. 52:**

24      Documents sufficient to show Your actual costs for presenting UFC Professional MMA

25  Bouts, down to as granular a level as possible, including without limitation venue costs,

26  promotional costs, compensation for UFC Fighters, insurance, safety, and all other costs incidental

27  to presenting UFC Professional MMA Bouts.

28

1    **RESPONSE TO REQUEST NO. 52:**

2    In addition to the General Objections set forth above, Emanuel objects to this Request as

3    overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

4    calculated to lead to the discovery of relevant or admissible evidence, including because it calls

5    for production of documents related to all of Endeavor's costs for presenting UFC Professional

6    MMA Bouts without any limitation over a ten year, extending beyond the time period relevant to

7    this Action. Emanuel also objects that the phrases "actual costs," "down to as granular a level as

8    possible," and "all other costs incidental to presenting" are vague and ambiguous. Emanuel further

9    objects to this Request to the extent it seeks documents that are not within Emanuel's possession,

10   custody, or control. Emanuel further objects to this Request as duplicative of Request No. 36 to

11   Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same

12   Request, and thus this Request improperly seeks to bypass party discovery.

13   Emanuel will not produce documents in response to this Request.

14   **REQUEST FOR PRODUCTION NO. 53:**

15   Documents sufficient to show Your actual costs involved in promoting the UFC as a brand.

16   **RESPONSE TO REQUEST NO. 53:**

17   In addition to the General Objections set forth above, Emanuel objects to this Request as

18   vague, ambiguous, overbroad, unduly burdensome, not proportional to the needs of the case, and

19   not reasonably calculated to lead to the discovery of relevant or admissible evidence, including

20   because it requests documents to show "actual costs" over a ten year period, extending beyond the

21   time period relevant to this Action, and it is not limited in scope to documents relating to the claims

22   and defenses at issue in this Action. Emanuel objects that the phrases "actual costs," "promoting,"

23   and "as a brand" are vague and ambiguous. Emanuel further objects to this Request to the extent

24   it seeks documents that are not within Emanuel's possession, custody, or control. Emanuel further

25   objects to this Request as duplicative of Request No. 37 to Endeavor. Endeavor has been actively

26   meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly

27   seeks to bypass party discovery.

28   Emanuel will not produce documents in response to this Request.

1  **REQUEST FOR PRODUCTION NO. 54:**

2      All Documents relating to materials produced by third party analysts or consultants

3  regarding Zuffa or any successor to Zuffa, including without limitation reports that analyze or

4  project demand, revenues, income, profits, or market share. Documents responsive to this Request

5  include both documents produced by such third party analysts or consultants (including both those

6  retained by You and those producing such materials without an Agreement with You) and any

7  comments, edits, or drafts of such materials or other documents You created and submitted to such

8  third party analysts or consultants.

9  **RESPONSE TO REQUEST NO. 54:**

10      In addition to the General Objections set forth above, Emanuel objects to this Request as

11  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

12  calculated to lead to the discovery of relevant or admissible evidence, including because it calls

13  for "All Documents" even "related to" materials produced by any "third party analyst or

14  consultants regarding Zuffa" without any limitation or connection to the claims and defenses at

15  issue in this litigation, and over a ten year time period, extending beyond the time period relevant

16  to this Action. Emanuel also objects that the phrases "third party analysts," "successor to Zuffa,"

17  "demand," and "submitted to" are vague and ambiguous. Emanuel further objects to the extent this

18  Request calls for documents protected from disclosure by the attorney-client privilege, work-

19  product doctrine, or any other applicable privilege. Emanuel further objects to the Request to the

20  extent that it seeks documents not within Emanuel's possession, custody, or control. Emanuel

21  further objects to this Request to the extent that it seeks public information — including

22  information in Plaintiffs' control—that is readily accessible by Plaintiffs and which should be

23  collected by Plaintiffs under the reasonableness and proportionality standards set forth in the

24  Federal Rules of Civil Procedure. Emanuel further objects to this Request as duplicative of Request

25  No. 38 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this

26  same Request, and thus this Request improperly seeks to bypass party discovery.

27      Emanuel will not produce documents in response to this Request.

28

1  **REQUEST FOR PRODUCTION NO. 55:**

2      All documents created by You or by third party analysts or consultants regarding

3  competition among MMA Promoters or would-be MMA Promoters for (a) the purchase of MMA

4  Fighter services and (b) promotion of Professional MMA Events generally, including without

5  limitation reports that analyze or project demand, revenues, income, profits, or market share.

6  **RESPONSE TO REQUEST NO. 55:**

7      In addition to the General Objections set forth above, Emanuel objects to this Request as

8  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

9  calculated to lead to the discovery of relevant or admissible evidence, including because it calls

10 for "All documents" over a ten year time period, extending beyond the time period relevant to this

11 Action. Emanuel also objects that the term "third party analysts" is vague and ambiguous. Emanuel

12 further objects to the extent this Request calls for documents protected from disclosure by the

13 attorney-client privilege, work-product doctrine, or any other applicable privilege. Emanuel further

14 objects to the Request to the extent that it seeks documents not within Emanuel's possession,

15 custody, or control. Emanuel further objects to this Request to the extent that it seeks public

16 information—including information in Plaintiffs' control—that is readily accessible by Plaintiffs

17 and which should be collected by Plaintiffs under the reasonableness and proportionality standards

18 set forth in the Federal Rules of Civil Procedure. Emanuel further objects to this Request to the

19 extent it seeks documents that are not within Emanuel's possession, custody, or control. Emanuel

20 further objects to this Request as duplicative of Request No. 39 to Endeavor. Endeavor has been

21 actively meeting and conferring with Plaintiffs over this same Request, and thus this Request

22 improperly seeks to bypass party discovery.

23      Emanuel will not produce documents in response to this Request.

24 **REQUEST FOR PRODUCTION NO. 56:**

25      All Documents referencing or relating to comparison of compensation models or

26 Agreements between the UFC and other major professional sports, including without limitation

27 boxing, pro wrestling, football, basketball, and baseball.

28

1  **RESPONSE TO REQUEST NO. 56:**

2      In addition to the General Objections set forth above Emanuel objects to this Request as

3  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

4  calculated to lead to the discovery of relevant or admissible evidence, including because it call for

5  "All documents" over a ten year time period, extending beyond the time period relevant to this

6  Action, and it is not limited in scope to documents relating to the claims and defenses at issue in

7  this Action. Emanuel also objects that the phrases "comparison of compensation models" and

8  "major professional sports" are vague and ambiguous. Emanuel further objects to this Request to

9  the extent it seeks documents that are not within Emanuel's possession, custody, or control.

10  Emanuel further objects to this Request as duplicative of Request No. 40 to Endeavor. Endeavor

11  has been actively meeting and conferring with Plaintiffs over this same Request, and thus this

12  Request improperly seeks to bypass party discovery.

13      Emanuel will not produce documents in response to this Request.

14  **REQUEST FOR PRODUCTION NO. 57:**

15      All Agreements (and any amendments thereto) entered into between You and any MMA

16  Promoter relating to the acquisition of assets, equity, or other interests of any MMA Promoter, and

17  all Documents referencing or relating to the potential or actual acquisition of assets, equity, or

18  interests of any MMA Promoter, including, but not limited to, internal strategy documents,

19  projections, cost-benefit analyses, cost estimates, and all Agreements or contracts (and any

20  amendments thereto).

21  **RESPONSE TO REQUEST NO. 57:**

22      In addition to the General Objections set forth above, Emanuel objects to this Request as

23  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

24  calculated to lead to the discovery of relevant or admissible evidence, including because it would

25  require Emanuel to produce "All Agreements" over a ten year period extending beyond the time

26  period relevant to this Action, and relating to transactions that are not challenged or at issue in this

27  Action. Neither the Complaint, nor this Request, identifies or alleges that Emanuel has engaged in

28  any acquisition of assets, equity, or other interests of any MMA Promoter other than Zuffa during

1  the putative class period, and thus this Request is purely an impermissible fishing expedition into

2  irrelevant materials. Emanuel also objects that the term "interests" as used in this Request is vague

3  and ambiguous. Emanuel further objects to this Request to the extent it seeks documents that are

4  not within Emanuel's possession, custody, or control. Emanuel further objects to this Request as

5  duplicative of Request No. 41 to Endeavor. Endeavor has been actively meeting and conferring

6  with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

7  discovery.

8      Emanuel will not produce documents in response to this Request.

9  **REQUEST FOR PRODUCTION NO. 58:**

10      Documents sufficient to identify each Person involved in approving or negotiating the

11  terms of any Agreements or potential Agreements for the acquisition or potential acquisition of

12  assets, or equity, or interests of any MMA Promoter.

13  **RESPONSE TO REQUEST NO. 58:**

14      In addition to the General Objections set forth above, Emanuel objects to this Request as

15  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

16  calculated to lead to the discovery of relevant or admissible evidence, including because it calls

17  for identification of "each Person" over a ten year period, extending beyond the time period

18  relevant to this Action, and relating to transactions that are not challenged or at issue in this Action.

19  Neither the Complaint, nor this Request, identifies or alleges that Emanuel, nor his employer,

20  Endeavor, have engaged in any acquisition of assets, equity, or other interests of any MMA

21  Promoter other than Zuffa during the putative class period, and thus this Request is purely an

22  impermissible fishing expedition into irrelevant materials. Emanuel also objects that the term

23  "interests" as used in this Request is vague and ambiguous. Emanuel further objects to this Request

24  to the extent it seeks documents that are not within Emanuel's possession, custody, or control.

25  Emanuel further objects to this Request as duplicative of Request No. 42 to Endeavor. Endeavor

26  has been actively meeting and conferring with Plaintiffs over this same Request, and thus this

27  Request improperly seeks to bypass party discovery.

28      Emanuel will not produce documents in response to this Request.

1    **REQUEST FOR PRODUCTION NO. 59:**

2        All Documents relating to the sale of equity in Zuffa to Flash Entertainment, a wholly

3    owned subsidiary of Abu Dhabi.

4    **RESPONSE TO REQUEST NO. 59:**

5        In addition to the General Objections set forth above, Emanuel objects to this Request as

6    overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

7    calculated to lead to the discovery of relevant or admissible evidence, including because its request

8    for "All Documents" related to the sale of equity by Zuffa to Flash Entertainment, which is not

9    challenged or at issue in this Action and therefore has no relevance to the claims or defenses at

10   issue in this Action. Emanuel also objects to the characterization of Flash Entertainment as "a

11   wholly owned subsidiary of Abu Dhabi." Emanuel further objects to this Request to the extent it

12   seeks documents that are not within Emanuel's possession, custody, or control. Emanuel further

13   objects to this Request as duplicative of Request No. 43 to Endeavor. Endeavor has been actively

14   meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly

15   seeks to bypass party discovery.

16       Emanuel will not produce documents in response to this Request.

17   **REQUEST FOR PRODUCTION NO. 60:**

18       Documents sufficient to Identify each Person or entity You consider to be, or considered

19   to have been, an actual or potential competitor of the UFC for (a) the purchase of MMA Fighter

20   services, and/or (b) the promotion of live Professional MMA Events in the United States or abroad.

21   **RESPONSE TO REQUEST NO. 60:**

22       In addition to the General Objections set forth above, Emanuel objects to this Request as

23   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

24   calculated to lead to the discovery of relevant or admissible evidence, including because it calls

25   for documents over a ten year time period, extending beyond the time period relevant to this

26   Action. Emanuel also objects that the phrases "consider to be," "considered to have been," "actual

27   or potential competitor," "purchase," and "promotion" as used in this Request are vague and

28   ambiguous. Emanuel further objects to this Request to the extent it purports to require Emanuel to

1    do anything beyond conducting a reasonable search for non-objectionable, nonprivileged,

2    responsive documents and data. Emanuel further objects that this Request purports to require the

3    production of materials that are not within Emanuel's possession, custody, or control. Emanuel

4    further objects to this Request as duplicative of Request No. 44 to Endeavor. Endeavor has been

5    actively meeting and conferring with Plaintiffs over this same Request, and thus this Request

6    improperly seeks to bypass party discovery.

7        Emanuel will not produce documents in response to this Request.

8    **REQUEST FOR PRODUCTION NO. 61:**

9        Documents or data sufficient to calculate the actual or potential market share held by the

10   UFC and each of the UFC's actual or potential competitors (as Identified in Request No. 53) in

11   terms of total revenue by region (US, North America, South America, Europe, Asia, and any

12   others) derived from the promotion of live Professional MMA Bouts and all other income sources,

13   including without limitation merchandising, licensing, sponsorships, advertising, video games, and

14   other income sources based on the use of Professional MMA Fighters' Identities.

15   **RESPONSE TO REQUEST NO. 61:**

16       In addition to the General Objections set forth above, Emanuel objects to this Request as

17   vague, ambiguous, and confusing because it refers to "Request No. 53." Endeavor will interpret

18   this Request as though it instead refers to "Request No. 60." Emanuel also objects that the Request

19   is overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

20   calculated to lead to the discovery of relevant or admissible evidence, including because it calls

21   for documents regarding all income sources over a ten year period, extending beyond the time

22   period relevant to this Action, and it is not limited in scope to the claims, defenses, or geographic

23   area at issue in this Action. Emanuel further objects that this Request is vague and ambiguous

24   because it does not specify time intervals for the calculation of the "actual or potential market

25   share," which may have varied throughout the class period. Emanuel further objects that the terms

26   "actual or potential market share," "actual or potential competitors," "derived from," and "based

27   on the use of Professional MMA Fighters' Identities" are vague and ambiguous. Emanuel further

28   objects to this Request to the extent it purports to require Emanuel to do anything beyond

1   conducting a reasonable search for non-objectionable, non-privileged, responsive documents and

2   data. Emanuel further objects that this Request purports to require the production of materials that

3   are not within Emanuel's possession, custody, or control. Emanuel further objects to this Request

4   to the extent it seeks documents that are not within Emanuel's possession, custody, or control.

5   Emanuel further objects to this Request as duplicative of Request No. 45 to Endeavor. Endeavor

6   has been actively meeting and conferring with Plaintiffs over this same Request, and thus this

7   Request improperly seeks to bypass party discovery.

8        Emanuel will not produce documents in response to this Request.

9   **REQUEST FOR PRODUCTION NO. 62:**

10       Documents or data sufficient to Identify the actual and/or estimated share of Professional

11   MMA Fighters' services, by both dollar amount and number of fighters, for the purchase of the

12   services of Professional MMA Fighters by the UFC and each of Your actual or potential

13   competitors identified in your response to Request No. 53 by region (US, North America, South

14   America, Europe, Asia, and any others).

15  **RESPONSE TO REQUEST NO. 62:**

16       In addition to the General Objections set forth above, Emanuel objects to this Request as

17   vague, ambiguous, and confusing because it refers to "Request No. 53" Endeavor will interpret

18   this Request as though it instead refers to "Request No. 60." Emanuel also objects that this Request

19   is vague, ambiguous, and unintelligible as written. Emanuel further objects to this Request to the

20   extent it purports to require Endeavor to do anything beyond conducting a reasonable search for

21   non-objectionable, non-privileged, responsive documents and data. Emanuel further objects that

22   this Request is not limited in scope to the claims and defenses at issue in this Action. Emanuel

23   further objects that this Request purports to require the production of materials that are not within

24   Emanuel's possession, custody, or control. Emanuel further objects that this Request is not

25   proportional to the needs of the case. Emanuel further objects to this Request as duplicative of

26   Request No. 46 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs

27   over this same Request, and thus this Request improperly seeks to bypass party discovery.

28       Emanuel will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 63:**

All Documents and data referencing or relating to the determination of Professional MMA Fighter compensation by the UFC in the promotion of live Professional MMA Events and all other income sources, including without limitation merchandising, licensing, sponsorships, advertising, video games, and other income sources based on the use of Professional MMA Fighters' Identities.

**RESPONSE TO REQUEST NO. 63:**

In addition to the General Objections set forth above, Emanuel objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it calls for "All Documents" over a ten year period, extending beyond the time period relevant to this Action. Emanuel also objects that the phrases "the determination of Professional MMA fighter compensation," "other income sources," and "based on the use of Professional MMA Fighters' Identities" as used in this Request are vague and ambiguous. Emanuel further objects to this Request as seeking documents and information relating to fighters who would not be part of the putative class and, thus, would have no likelihood of leading to the discovery of relevant or admissible evidence. Emanuel further objects that this Request is not limited in scope to the claims and defenses at issue in this Action, including because Plaintiffs do not allege an identity class in this Action. Emanuel further objects to this Request to the extent it seeks documents that are not within Emanuel's possession, custody, or control. Emanuel further objects to this Request as duplicative of Request No. 47 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Emanuel will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 64:**

All Documents and data referencing or relating to the determination of Professional MMA Fighter compensation by any of the UFC's actual and potential competitors (identified in your response to Request No. 60, above) in the promotion of live Professional MMA Events and all other income sources, including without limitation merchandising, licensing, sponsorships,

1  advertising, video games, and other income sources based on the use of Professional MMA

2  Fighters' Identities.

3  **RESPONSE TO REQUEST NO. 64:**

4      In addition to the General Objections set forth above, Emanuel objects that this Request is

5  vague, ambiguous, and unintelligible as written. Emanuel also objects to this Request as overbroad,

6  unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to

7  lead to the discovery of relevant or admissible evidence, including because it calls for "All

8  Documents" over a ten year time period, extending beyond the time period relevant to this Action.

9  Emanuel further objects that this Request is not limited in scope to the claims and defenses at issue

10  in this Action, including because Plaintiffs do not allege an identity class in this Action. Emanuel

11  further objects that the phrases "the determination of Professional MMA fighter compensation,"

12  "actual and potential competitors," "other income sources," and "based on the use of Professional

13  MMA Fighters' Identities" as used in this Request are vague and ambiguous. Emanuel further

14  objects to this Request to the extent it seeks documents that are not within Emanuel's possession,

15  custody, or control. Emanuel further objects to this Request as duplicative of Request No. 48 to

16  Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same

17  Request, and thus this Request improperly seeks to bypass party discovery.

18      Emanuel will not produce documents in response to this Request.

19  **REQUEST FOR PRODUCTION NO. 65:**

20      All Documents analyzing, discussing, or relating to the competitive strengths or

21  weaknesses of actual or potential competitors (identified in your response to Request No. 60 or

22  otherwise, above) in the promotion of live Professional MMA Events and/or in the purchase of the

23  services of Professional MMA Fighters.

24  **RESPONSE TO REQUEST NO. 65:**

25      In addition to the General Objections set forth above, Emanuel objects to this Request as

26  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

27  calculated to lead to the discovery of relevant or admissible evidence, including because it calls

28  for "All Documents" over ten year period, extending beyond the time period relevant to this

1  Action. Emanuel further objects that the phrases "competitive strength or weaknesses" and "actual

2  or potential competitors" as used in this Request is vague and ambiguous. Emanuel further objects

3  to the extent this Request calls for documents protected from disclosure by the attorney-client

4  privilege, work-product doctrine, or any other applicable privilege. Emanuel further objects to this

5  Request as duplicative of Request No. 49 to Endeavor. Endeavor has been actively meeting and

6  conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass

7  party discovery.

8       Emanuel will not produce documents in response to this Request.

9  **REQUEST FOR PRODUCTION NO. 66:**

10       All Documents referencing or relating to communications and/or negotiations with any

11  sponsors or advertisers in connection with Your acquisition of WWE and/or UFC.

12  **RESPONSE TO REQUEST NO. 66:**

13       In addition to the General Objections set forth above, Emanuel objects that this Request is

14  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

15  calculated to lead to the discovery of relevant or admissible evidence, including because it calls

16  for "All Documents" related to communications and/or negotiations with sponsors or advertisers

17  in connection with Endeavor's acquisitions of WWE and/or UFC, which extends beyond the time

18  period relevant to this Action, and is not related to the claims and defenses at issue in this Action,

19  including because it relates to transactions that are not challenged or at issue in this Action.

20  Emanuel further objects to this Request to the extent it seeks documents that are not within

21  Emanuel's possession, custody, or control. Emanuel further objects to this Request as duplicative

22  of Request No. 50 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs

23  over this same Request, and thus this Request improperly seeks to bypass party discovery.

24       Emanuel will not produce documents in response to this Request.

25  **REQUEST FOR PRODUCTION NO. 67:**

26       All Documents and Communications referencing or relating to any Agreements entered

27  into by You relating to Venues for Professional MMA Events, including all Agreements, all draft

28

1    Agreements, and all Documents and Communications relating to negotiation of such Agreements

2    or draft Agreements.

3    **RESPONSE TO REQUEST NO. 67:**

4         In addition to the General Objections set forth above, Emanuel objects that this Request is

5    overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

6    calculated to lead to the discovery of relevant or admissible evidence, including because it requests

7    "All Documents and Communications" relating to agreements entered into by Endeavor related to

8    venues for Professional MMA Events over a ten year period, extending beyond the time period

9    relevant to this Action, and it is not limited in scope to documents relating to the claims and

10    defenses at issue in this Action. Plaintiffs have neither asserted a monopolization claim in this

11    Action, nor alleged any anticompetitive conduct in connection with Endeavor's venue agreements,

12    if any, and thus this Request is purely an impermissible fishing expedition into irrelevant materials.

13    Emanuel further objects to this Request to the extent it seeks documents that are not within

14    Emanuel's possession, custody, or control. Emanuel further objects to this Request as duplicative

15    of Request No. 51 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs

16    over this same Request, and thus this Request improperly seeks to bypass party discovery.

17         Emanuel will not produce documents in response to this Request.

18    **REQUEST FOR PRODUCTION NO. 68:**

19         All Documents and Communications relating to the drafting of and the reasoning behind

20    the "Exclusivity Clause" in UFC Bout Agreements, which binds UFC Fighters into a restricted

21    relationship with the UFC and prohibits them from appearing in Professional MMA Bouts

22    televised or organized by actual or potential rival promotions unless approved by the UFC.

23    **RESPONSE TO REQUEST NO. 68:**

24         In addition to the General Objections set forth above, Emanuel objects to this Request as

25    overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

26    calculated to lead to the discovery of relevant or admissible evidence, including because it requests

27    "All Documents and Communications" related to the drafting of and reasoning behind the

28    "Exclusivity Clause" over a ten year time period, extending beyond the time period relevant to this

1   Action. Emanuel also objects to the extent this Request calls for documents protected from

2   disclosure by the attorney-client privilege, work-product doctrine, or any other applicable

3   privilege. Emanuel further objects that the phrases "drafting of" and "reasoning behind" are vague

4   and ambiguous. Endeavor disputes Plaintiffs' characterization of the relevant agreement

5   provisions as the "Exclusivity Clause," and further disputes Plaintiffs' assertion that they bind

6   "UFC Fighters into a restricted relationship with the UFC" and prohibit "them from appearing in

7   Professional MMA Bouts televised or organized by actual or potential rival promotions unless

8   approved by the UFC." Emanuel refers to the text of the relevant agreements for their contents.

9   Emanuel further objects to this Request to the extent it seeks documents that are not within

10  Emanuel's possession, custody, or control. Emanuel further objects to this Request as duplicative

11  of Request No. 52 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs

12  over this same Request, and thus this Request improperly seeks to bypass party discovery.

13       Emanuel will not produce documents in response to this Request.

14  **REQUEST FOR PRODUCTION NO. 69:**

15       All Documents and Communications referencing or relating to the drafting of and the

16  reasoning behind the "Champion's Clause" in UFC Bout Agreements, which allows the UFC to

17  extend a UFC Fighter's contract for as long as the athlete is a "champion" in his or her weight

18  class.

19  **RESPONSE TO REQUEST NO. 69:**

20       In addition to the General Objections set forth above, Emanuel objects to this Request as

21  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

22  calculated to lead to the discovery of relevant or admissible evidence, including because it requests

23  "All Documents and Communications" referencing or relating to the drafting and reasoning behind

24  the "Champion's Clause" over a ten year period, extending beyond the time period relevant to this

25  Action. Emanuel also objects to the extent this Request calls for documents protected from

26  disclosure by the attorney-client privilege, work-product doctrine, or any other applicable

27  privilege. Emanuel further objects that the phrases "drafting of" and "reasoning behind" are vague

28  and ambiguous. Emanuel disputes Plaintiffs' characterization of the relevant agreement provisions

as the "Champion's Clause," and further disputes Plaintiffs' assertion that they allow "the UFC to extend a UFC Fighter's contract for as long as the athlete is a 'champion' in his or her weight class." Emanuel refers to the text of the relevant agreements for their contents. Emanuel further objects to this Request to the extent it seeks documents that are not within Emanuel's possession, custody, or control. Emanuel further objects to this Request as duplicative of Request No. 53 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Emanuel will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 70:**

All Documents and Communications referencing or relating to the drafting of and the reasoning behind the "Right to First Offer" and "Right to Match" Clauses in UFC Bout Agreements, which grant the UFC the option to match the financial terms and conditions of any offer made to a UFC Fighter for a Professional MMA Bout even after the UFC Fighter's contract has expired.

**RESPONSE TO REQUEST NO. 70:**

In addition to the General Objections set forth above, Emanuel objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it requests "All Documents and Communications" referencing or relating to the drafting of and the reasoning behind the "Right to First Offer" and "Right to Match" clauses over an a ten year period, extending beyond the time period relevant to this Action. Emanuel also objects to the extent this Request calls for documents protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Emanuel further objects that the phrases "drafting of" and "reasoning behind" are vague and ambiguous. Emanuel disputes Plaintiffs' characterization of the relevant agreement provisions as the "Right to First Offer" and "Right to Match" clauses, and further disputes Plaintiffs' assertion that they grant "the UFC the option to match the financial terms and conditions of any offer made to a UFC Fights for a Professional MMA Bout even after the UFC Fighter's contract has expired." Emanuel refers to the text of the relevant agreements for

1  their contents. Emanuel further objects to this Request to the extent it seeks documents that are not

2  within Emanuel's possession, custody, or control. Emanuel and his employer, Endeavor, are not

3  alleged to have had any involvement in the drafting or reasoning behind any provision of Zuffa's

4  contracts with MMA fighters challenged in Complaint paragraph 101, and this Request is an

5  impermissible fishing exercise. Emanuel further objects to this Request as duplicative of Request

6  No. 54 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this

7  same Request, and thus this Request improperly seeks to bypass party discovery.

8        Emanuel will not produce documents in response to this Request.

9  **REQUEST FOR PRODUCTION NO. 71:**

10       All Documents and Communications referencing or relating to the drafting of and the

11  reasoning behind the "Ancillary Rights Clause" in the Promotional and Ancillary Rights

12  Agreements, which grants the UFC exclusive and perpetual worldwide personality and Identity

13  rights of the UFC Fighter.

14  **RESPONSE TO REQUEST NO. 71:**

15       In addition to the General Objections set forth above, Emanuel objects to this Request as

16  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

17  calculated to lead to the discovery of relevant or admissible evidence, including because it requests

18  "All Documents and Communications" referencing or relating to the drafting of and reasoning

19  behind the "Ancillary Rights Clause" over a ten year period, extending beyond the time period

20  relevant to this Action. Emanuel also objects to the extent this Request calls for documents

21  protected from disclosure by the attorney-client privilege, work-product doctrine, or any other

22  applicable privilege. Emanuel further objects that the phrases "drafting of" and "reasoning behind"

23  are vague and ambiguous. Emanuel further objects that this Request is not limited in scope to the

24  claims and defenses at issue in this Action, including because Plaintiffs do not allege an identity

25  class in this Action. Emanuel disputes Plaintiffs' characterization of the relevant agreement

26  provisions as the "Ancillary Rights Clause," and further disputes Plaintiffs' assertion that they

27  grant "the UFC exclusive and perpetual worldwide personality and Identity rights of the UFC

28  Fighter." Emanuel refers to the text of the relevant agreements for their contents. Emanuel further

1  objects to this Request to the extent it seeks documents that are not within Emanuel's possession,

2  custody, or control. Emanuel and his employer, Endeavor, are not alleged to have had any

3  involvement in the drafting or reasoning behind any provision of Zuffa's contracts with MMA

4  fighters challenged in Complaint paragraph 101, and this Request is an impermissible fishing

5  exercise. Emanuel further objects to this Request as duplicative of Request No. 55 to Endeavor.

6  Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and

7  thus this Request improperly seeks to bypass party discovery.

8      Emanuel will not produce documents in response to this Request.

9  **REQUEST FOR PRODUCTION NO. 72:**

10      All Documents and Communications referencing or relating to the drafting of and the

11  reasoning behind the "Promotion Clause" in the Promotional and Ancillary Rights Agreements,

12  which requires UFC Fighters to attend, cooperate, and assist in the promotion of Professional

13  MMA Bouts in which they fight and, as required by the UFC, any other Professional MMA Bouts,

14  Professional MMA Events, broadcasts, press conferences and sale of UFC Licensed Merchandise.

15  **RESPONSE TO REQUEST NO. 72:**

16      In addition to the General Objections set forth above, Emanuel objects to this Request as

17  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

18  calculated to lead to the discovery of relevant or admissible evidence, including because it requests

19  "All Documents and Communications" referencing or relating to the drafting of and reasoning

20  behind the "Promotion Clause" over ten year period, extending beyond the time period relevant to

21  this Action. Emanuel also objects to the extent this Request calls for documents protected from

22  disclosure by the attorney-client privilege, work-product doctrine, or any other applicable

23  privilege. Emanuel further objects that the phrases "drafting of," "reasoning behind," "attend,

24  cooperate, and assist in the promotion," and "broadcasts, press conferences and sale" are vague

25  and ambiguous. Emanuel disputes Plaintiffs' characterization of the relevant agreement provisions

26  as the "Promotion Clause," and further disputes Plaintiffs' assertion that they require "UFC

27  Fighters to attend, cooperate, and assist in the promotion of Professional MMA Bouts in which

28  they fight and, as required by the UFC, any other Professional MMA Bouts, Professional MMA

1    Events, broadcasts, press conferences and sale of UFC Licensed Merchandise." Emanuel refers to

2    the text of the relevant agreements for their contents. Emanuel further objects to this Request to

3    the extent it seeks documents that are not within Emanuel's possession, custody, or control.

4    Emanuel and his employer, Endeavor, are not alleged to have had any involvement in the drafting

5    or reasoning behind any provision of Zuffa's contracts with MMA fighters challenged in

6    Complaint paragraph 101, and this Request is an impermissible fishing exercise. Emanuel further

7    objects to this Request as duplicative of Request No. 56 to Endeavor. Endeavor has been actively

8    meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly

9    seeks to bypass party discovery.

10    Emanuel will not produce documents in response to this Request.

11    **REQUEST FOR PRODUCTION NO. 73:**

12    All Documents and Communications referencing or relating to the drafting of and the

13    reasoning behind the "Retirement Clause" which gives the UFC the power "to retain the rights to

14    a retired fighter in perpetuity."

15    **RESPONSE TO REQUEST NO. 73:**

16    In addition to the General Objections set forth above, Emanuel objects to this Request as

17    overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

18    calculated to lead to the discovery of relevant or admissible evidence, including because it requests

19    "All Documents and Communications" referencing or relating to the drafting of and reasoning

20    behind the "Retirement Clause" over an ten year period, extending beyond the time period relevant

21    to this Action. Emanuel also objects to the extent this Request calls for documents protected from

22    disclosure by the attorney-client privilege, work-product doctrine, or any other applicable

23    privilege. Emanuel further objects that the phrases "drafting of" and "reasoning behind" are vague

24    and ambiguous. Endeavor disputes Plaintiffs' characterization of the relevant agreement

25    provisions as the "Retirement Clause," and further disputes the Plaintiffs' assertion that they give

26    the UFC the power "to retain the rights to a retired fighter in perpetuity." Emanuel refers to the

27    text of the relevant agreements for their contents. Emanuel further objects to this Request to the

28    extent it seeks documents that are not within Emanuel's possession, custody, or control. Emanuel

1  and his employer, Endeavor, are not alleged to have had any involvement in the drafting or

2  reasoning behind any provision of Zuffa's contracts with MMA fighters challenged in Complaint

3  paragraph 101, and this Request is an impermissible fishing exercise. Emanuel further objects to

4  this Request as duplicative of Request No. 57 to Endeavor. Endeavor has been actively meeting

5  and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to

6  bypass party discovery.

7       Emanuel will not produce documents in response to this Request.

8  **REQUEST FOR PRODUCTION NO. 74:**

9       All Documents and Communications referencing or relating to the drafting of and the

10  reasoning behind the tolling provisions, which extend the term of a UFC Fighter's contract during

11  periods when he or she is injured, retired, or otherwise declines to compete.

12  **RESPONSE TO REQUEST NO. 74:**

13       In addition to the General Objections set forth above, Emanuel objects to this Request as

14  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

15  calculated to lead to the discovery of relevant or admissible evidence, including because it requests

16  "All Documents and Communications" referencing or relating to the drafting of and the reasoning

17  behind the tolling provisions over an ten year period, extending beyond the time period relevant

18  to this Action. Emanuel also objects to the extent this Request calls for documents protected from

19  disclosure by the attorney-client privilege, work-product doctrine, or any other applicable

20  privilege. Emanuel further objects that the phrases "drafting of," "reasoning behind," "tolling

21  provisions," and "otherwise declines to compete" are vague and ambiguous. Emanuel disputes

22  Plaintiffs' characterization of the relevant agreement provisions as "tolling provisions," and further

23  disputes the Plaintiffs' assertion that they extend "the term of a UFC Fighter's contract during

24  periods when he or she is injured, retired, or otherwise declines to compete." Emanuel refers to

25  the text of the relevant agreements for their contents. Emanuel further objects to this Request to

26  the extent it seeks documents that are not within Emanuel's possession, custody, or control.

27  Emanuel and his employer, Endeavor, are not alleged to have had any involvement in the drafting

28  or reasoning behind any provision of Zuffa's contracts with MMA fighters challenged in

1  Complaint paragraph 101, and this Request is an impermissible fishing exercise. Emanuel further

2  objects to this Request as duplicative of Request No. 58 to Endeavor. Endeavor has been actively

3  meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly

4  seeks to bypass party discovery.

5      Emanuel will not produce documents in response to this Request.

6  **REQUEST FOR PRODUCTION NO. 75:**

7      All Documents and Communications referencing or relating to the drafting of and the

8  reasoning behind the "Sponsorship and Endorsement Clause," which appears to grant the UFC

9  sole discretion over all sponsorship and endorsement approvals.

10  **RESPONSE TO REQUEST NO. 75:**

11      In addition to the General Objections set forth above, Emanuel objects to this Request as

12  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

13  calculated to lead to the discovery of relevant or admissible evidence, including because it requests

14  "All Documents and Communications" referencing or relating to the drafting of and the reasoning

15  behind the "Sponsorship and Endorsement Clause" over a ten year period, extending beyond the

16  time period relevant to this Action. Emanuel also objects to the extent this Request calls for

17  documents protected from disclosure by the attorney-client privilege, workproduct doctrine, or any

18  other applicable privilege. Emanuel further objects that the phrases "drafting of" and "reasoning

19  behind" are vague and ambiguous. Emanuel further objects that this Request is not limited in scope

20  to the claims and defenses at issue in this Action, including because Plaintiffs do not allege an

21  identity class in this Action. Emanuel disputes Plaintiffs' characterization of the relevant

22  agreement provisions as the "Sponsorship and Endorsement Clause," and further disputes

23  Plaintiffs' assertion that they appear "to grant the UFC sole discretion over all sponsorship and

24  endorsement approvals." Emanuel refers to the text of the relevant agreements for their contents.

25  Emanuel further objects to this Request to the extent it seeks documents that are not within

26  Emanuel's possession, custody, or control. Emanuel and his employer, Endeavor, are not alleged

27  to have had any involvement in the drafting or reasoning behind any provision of Zuffa's contracts

28  with MMA fighters challenged in Complaint paragraph 101, and this Request is an impermissible

fishing exercise. Emanuel further objects to this Request as duplicative of Request No. 59 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Emanuel will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 76:**

All Documents and Communications analyzing or quantifying the overall impact or effect of the contractual clauses in Zuffa or Endeavor's Promotional and Ancillary Rights Agreements on (a) UFC Fighters' mobility or compensation, and/or (b) the ability of Zuffa's competitors (as identified in your response to Request No.60, supra, or otherwise) to compete for Professional MMA Fighters services or to promote Professional MMA Events that can successfully compete against Zuffa or Endeavor.

**RESPONSE TO REQUEST NO. 76:**

In addition to the General Objections, Emanuel objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it calls for "All Documents and Communications" over a ten year time period, extending beyond the time period relevant to this Action. Emanuel also objects to the extent this Request calls for documents protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Emanuel further objects that the phrases "overall impact," "effect," "mobility," and "successfully" are vague and ambiguous. Emanuel further objects to this Request to the extent it seeks documents that are not within Emanuel's possession, custody, or control. Emanuel further objects to this Request as duplicative of Request No. 60 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Emanuel will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 77:**

Documents sufficient to identify each of Your Employees or agents involved in approving or negotiating the terms of each of Your Agreements with any Professional MMA Fighters.

1    **RESPONSE TO REQUEST NO. 77:**

2          In addition to the General Objections set forth above, Emanuel objects to this Request as

3    overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

4    calculated to lead to the discovery of relevant or admissible evidence, including because it calls

5    for documents over an ten year period, extending beyond the time period relevant to this Action,

6    and it is not limited in scope to agreement terms related to the claims or defenses at issue in this

7    Action, including the lack of specificity regarding the subject of any "Agreements with any

8    Professional MMA Fighters." Emanuel further objects to this Request to the extent it purports to

9    require Emanuel to do anything beyond conducting a reasonable search for nonobjectionable, non-

10   privileged, responsive documents and data. Emanuel further objects to this Request as it is

11   duplicative of Request No. 61 to Endeavor. Emanuel and his employer, Endeavor, are not alleged

12   to have had any agreements with any professional MMA fighters that are relevant to this Action.

13   Emanuel further objects to this Request as duplicative of Request No. 61 to Endeavor. Endeavor

14   has been actively meeting and conferring with Plaintiffs over this same Request, and thus this

15   Request improperly seeks to bypass party discovery.

16         Emanuel will not produce documents in response to this Request.

17   **REQUEST FOR PRODUCTION NO. 78:**

18         All Documents and Communications relating to any Agreements between You and any

19   other MMA Promoter (past or present) relating to a Professional MMA Fighter's services,

20   including without limitation all executed Agreements (and any amendments thereto), draft

21   Agreements, and all Documents and Communications relating to the negotiation of such

22   agreements, regardless of whether an Agreement was executed.

23   **RESPONSE TO REQUEST NO. 78:**

24         In addition to the General Objections set forth above, Emanuel objects that this Request is

25   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

26   calculated to lead to the discovery of relevant or admissible evidence, including because its request

27   for "all executed Agreements (and any amendments thereto)" with past or present MMA Promoters

28   over a period of a ten years extends beyond the time period relevant to this Action and is not

1    limited in scope to documents related to the claims and defenses at issue in this Action. Emanuel

2    also objects to this Request as seeking documents and information relating to fighters who would

3    not be part of the putative class and, thus, would have no likelihood of leading to the discovery of

4    relevant or admissible evidence. Emanuel further objects to the extent this Request calls for

5    documents protected from disclosure by the attorney-client privilege, work-product doctrine, or

6    any other applicable privilege. Emanuel further objects to this Request to the extent it seeks

7    documents that are not within Emanuel's possession, custody, or control. Emanuel and his

8    employer, Endeavor, are not alleged to have had any agreements with any MMA promoter (other

9    than Zuffa) that are relevant to this Action. Emanuel further objects to this Request as duplicative

10   of Request No. 62 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs

11   over this same Request, and thus this Request improperly seeks to bypass party discovery.

12         Emanuel will not produce documents in response to this Request.

13   **REQUEST FOR PRODUCTION NO. 79:**

14         Documents sufficient to identify each of Your Employees or agents involved in approving

15   or negotiating the terms of any Agreements or potential Agreements with any other MMA

16   Promoter (past or present) relating to the provision of Professional MMA Fighter services.

17   **RESPONSE TO REQUEST NO. 79:**

18         In addition to the General Objections set forth above, Emanuel objects that this Request is

19   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

20   calculated to lead to the discovery of relevant or admissible evidence, including because it seeks

21   documents relating to each employee over an ten year, extending beyond the time period relevant

22   to this Action, and it is not limited to documents related to individuals who may have some role in

23   the claims or defenses in this Action. Emanuel also objects that the phrase "potential Agreements"

24   is vague, ambiguous, and confusing. Emanuel further objects to this Request to the extent it

25   purports to require Emanuel to do anything beyond conducting a reasonable search for non-

26   objectionable, non-privileged, responsive documents and data. Emanuel further objects to this

27   Request to the extent it seeks documents that are not within Emanuel's possession, custody, or

28   control. Emanuel and his employer, Endeavor, are not alleged to have had any agreements with

1  any MMA promoter (other than Zuffa) that are relevant to this Action. Emanuel further objects to

2  this Request as duplicative of Request No. 63 to Endeavor. Endeavor has been actively meeting

3  and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to

4  bypass party discovery.

5        Emanuel will not produce documents in response to this Request.

6  **REQUEST FOR PRODUCTION NO. 80:**

7        All Documents and Communications constituting or relating to Agreements between You

8  and any broadcaster of professional MMA events (including PPV and non-PPV Professional

9  MMA Events), including without limitation all executed Agreements (and any amendments

10  thereto), draft Agreements, and all Documents and Communications relating to the negotiation of

11  such Agreements, Documents and Communications analyzing the terms of any actual or potential

12  such Agreement, regardless of whether an Agreement was executed.

13  **RESPONSE TO REQUEST NO. 80:**

14        In addition to the General Objections set forth above, Emanuel objects that this Request is

15  overbroad, unduly burdensome, not proportional to the needs of the case, and seeks documents

16  that have no likelihood of leading to the discovery of relevant or admissible evidence, including

17  because it calls for "All Documents and Communications" over a ten year period, extending

18  beyond the time period relevant to this Action. Emanuel further objects that the phrases

19  "analyzing" and "potential such Agreement" are vague, ambiguous, and confusing. Emanuel

20  further objects to the extent this Request calls for documents protected from disclosure by the

21  attorney-client privilege, work-product doctrine, or any other applicable privilege. Plaintiffs have

22  neither asserted a monopolization claim in this Action, nor alleged any anticompetitive conduct in

23  connection with Endeavor's broadcasting agreements, if any, and thus this Request is purely an

24  impermissible fishing expedition into irrelevant materials. Emanuel further objects to this Request

25  to the extent it seeks documents that are not within Emanuel's possession, custody, or control.

26  Emanuel further objects to this Request as duplicative of Request No. 64 to Endeavor. Endeavor

27

28

1  has been actively meeting and conferring with Plaintiffs over this same Request, and thus this

2  Request improperly seeks to bypass party discovery.

3        Emanuel will not produce documents in response to this Request.

4  **REQUEST FOR PRODUCTION NO. 81:**

5        Documents sufficient to identify each of Your Employees and agents involved in approving

6  or negotiating the terms of any Agreements or potential Agreements with any broadcaster of

7  Professional MMA Events (including PPV).

8  **RESPONSE TO REQUEST NO. 81:**

9        In addition to the General Objections set forth above, Emanuel objects to this Request as

10  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

11  calculated to lead to the discovery of relevant or admissible evidence, including because it calls

12  for documents related to "any Agreements" over a ten year period, extending beyond the time

13  period relevant to this Action, and it is not limited to documents related to individuals who may

14  have had some role in the claims and/or defenses at issue in this Action. Emanuel also objects to

15  the phrase "potential Agreements" as vague, ambiguous, and confusing. Emanuel further objects

16  to this Request to the extent it purports to require Emanuel to do anything beyond conducting a

17  reasonable search for non-objectionable, non-privileged, responsive documents and data. Emanuel

18  further objects to this Request to the extent it seeks documents that are not within Emanuel's

19  possession, custody, or control. Emanuel further objects to this Request as duplicative of Request

20  No. 65 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this

21  same Request, and thus this Request improperly seeks to bypass party discovery.

22        Emanuel will not produce documents in response to this Request.

23  **REQUEST FOR PRODUCTION NO. 82**

24        All Documents and Communications relating to Agreements between You and any

25  sponsors of the UFC or of the Professional MMA Fighters under contract with the UFC, including

26  without limitation all executed Agreements (and any amendments thereto), draft Agreements, and

27  all Documents and Communications relating to the negotiation of such Agreements, regardless of

28  whether an Agreement was executed.

**RESPONSE TO REQUEST NO. 82:**

In addition to the General Objections set forth above, Emanuel objects that this Request is overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it asks for "All Documents and Communications" relating to all agreements with sponsors over a ten year period, extending beyond the time period relevant to this Action, and it is not limited in scope to documents relating to the claims and defenses at issue in this Action. Emanuel also objects to this Request as seeking documents and information relating to fighters who would not be members of the putative class and, thus, would have no likelihood of leading to the discovery of relevant or admissible evidence. Emanuel further objects to the extent this Request calls for documents protected from disclosure by the attorney-client privilege, workproduct doctrine, or any other applicable privilege. Plaintiffs have neither asserted a monopolization claim in this Action, nor alleged any anticompetitive conduct in connection with Endeavor's sponsorship agreements, if any, and thus this Request is purely an impermissible fishing expedition into irrelevant materials. Emanuel further objects to this Request to the extent it seeks documents that are not within Emanuel's possession, custody, or control. Emanuel further objects to this Request as duplicative of Request No. 66 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Emanuel will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 83:**

Documents sufficient to identify each of Your Employees and/or agents involved in approving or negotiating the terms of any Agreements or potential Agreements with any sponsors of the UFC or the Professional MMA Fighters under contract with the UFC.

**RESPONSE TO REQUEST NO. 83:**

In addition to the General Objections set forth about, Emanuel objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it requests identification of all employees over a ten year period, extending beyond the time period relevant

to this Action, and it is not limited in scope to documents relating to the claims and defenses at issue in this Action. Plaintiffs have neither asserted a monopolization claim in this Action, nor alleged any anticompetitive conduct in connection with Endeavor's sponsorship agreements, if any, and thus this Request is purely an impermissible fishing expedition into irrelevant materials. Emanuel further objects to this Request to the extent it purports to require Emanuel to do anything beyond conducting a reasonable search for nonobjectionable, non-privileged, responsive documents and data. Emanuel further objects to this Request to the extent it seeks documents that are not within Emanuel's possession, custody, or control. Emanuel further objects to this Request as duplicative of Request No. 67 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Emanuel will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 84:**

All Documents referencing or relating to the ability of any UFC Fighter to switch to and/or fight for, an actual or potential rival promotion. Responsive Documents include, but are not limited to, Documents referencing or relating to the costs to UFC Fighters and/or their managers or promoters associated with such a switch, any requirements or obligations imposed by a contract between the UFC and UFC Fighters, and/or Documents concerning communications or negotiations between the UFC and UFC Fighters with respect to a switch or potential switch from the UFC to a rival MMA Promoter.

**RESPONSE TO REQUEST NO. 84:**

In addition to the General Objections set forth above, Emanuel objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to the discovery of relevant or admissible evidence, including because it calls for "All Documents" over an a ten year period, extending beyond the time period relevant to this Action. Emanuel also objects that the phrase "switch to and/or fight for" as used in this Request is vague and ambiguous. Emanuel further objects to this Request as seeking documents and information relating to fighters who would not be members of the putative class and, thus, would have no

1  likelihood of leading to the discovery of relevant or admissible evidence. Emanuel further objects

2  to this Request to the extent that it is duplicative of Request No. 61 to Zuffa, including to the extent

3  it seeks agreements between the UFC and UFC Fighters. Emanuel further objects to this Request

4  as duplicative of Request No. 68 to Endeavor. Endeavor has been actively meeting and conferring

5  with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

6  discovery.

7      Emanuel will not produce documents in response to this Request.

8  **REQUEST FOR PRODUCTION NO. 85:**

9      All communications between you and anyone else referencing or relating to this lawsuit or

10  Le, et al. v. Zuffa, LLC, 2:21-cv-1189-RFB-BNW (D. Nev.), or any of the named plaintiffs in

11  either of those cases, exclusive of any communications protected by the Attorney/Client Privilege.

12  **RESPONSE TO REQUEST NO. 85:**

13      In addition to the General Objections set forth above, Emanuel objects that this Request is

14  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

15  calculated to lead to the discovery of relevant or admissible evidence, including because it requests

16  "All Communications" and does not limit the scope of its request to communications relating to

17  any of the named plaintiffs in this Action, to the claims and defenses at issue in this Action, or to

18  the time period of the allegations in this Action. Emanuel further objects that this Request is

19  unintelligible and cannot be responded to because the case citation refers to a case name that is

20  different from the case number cited. Emanuel further objects to this Request to the extent it seeks

21  documents that are not within Emanuel's possession, custody, or control. Emanuel further objects

22  to this Request as duplicative of Request No. 69 to Endeavor. Endeavor has been actively meeting

23  and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to

24  bypass party discovery.

25      Emanuel will not produce documents in response to this Request.

26  **REQUEST FOR PRODUCTION NO. 86:**

27      All Documents referencing or relating to indemnification or defense (corporate or

28  individual), judgment sharing, joint defense, liability or responsibility for judgment in this action,

for You and any of your officers, including by way of example not limitation, indemnity Agreements, joint defense Agreements, judgment sharing Agreements, tenders of defense, denials or reservations of rights.

**RESPONSE TO REQUEST NO. 86:**

In addition to the General Objections set forth above, Emanuel objects to this Response as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it requests "All Documents" over a ten year period, extending beyond the time period relevant to this Action, and it is not limited in scope to documents relating to the claims and defenses at issue in this Action. Emanuel further objects because the phrases "indemnification or defense (corporate or individual)" and "by way of example not limitation" are unintelligible as written. Emanuel further objects to this Request to the extent it seeks documents that are not within Emanuel's possession, custody, or control. Emanuel further objects to this Request as duplicative of Request No. 70 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Emanuel will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 87:**

All Documents referencing or relating to any websites operated by You or on Your behalf, including Documents sufficient to show who had responsibility for creating, maintaining, and adding or deleting content (including any private messaging) to or from such websites.

**RESPONSE TO REQUEST NO. 87:**

In addition to the General Objections set forth above, Emanuel objects that this Request is overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it requests "All Documents" over a ten year period, extending beyond the time period relevant to this Action, and does not limit the scope of the Request to documents relating to the claims and defenses at issue in this Action. Plaintiffs' Request seeking "All Documents" referencing or relating to "any website operated by You or on Your behalf" for a ten years would require Emanuel to produce a

1  burdensome, unreasonable, and disproportionate number of documents, many of which would be

2  far outside the scope of this Action and have no likelihood of leading to the discovery of relevant

3  or admissible evidence. Emanuel also objects that the phrases "maintaining" and "on Your behalf"

4  as used in this Request are vague and ambiguous. Emanuel further objects to this Request to the

5  extent it seeks documents that are not within Emanuel's possession, custody, or control. Emanuel

6  further objects to this Request as duplicative of Request No. 71 to Endeavor. Endeavor has been

7  actively meeting and conferring with Plaintiffs over this same Request, and thus this Request

8  improperly seeks to bypass party discovery.

9       Emanuel will not produce documents in response to this Request.

10  **REQUEST FOR PRODUCTION NO. 88:**

11       Documents sufficient to identify each Person responsible for any Social Media account

12  operated by or on behalf of Zuffa, including documents sufficient to show who had responsibility

13  for creating, maintaining, and adding or deleting content (including any private messaging) to or

14  from such Social Media accounts.

15  **RESPONSE TO REQUEST NO. 88:**

16       In addition to the General Objections set forth above, Emanuel objects to this Request as

17  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

18  calculated to lead to the discovery of relevant or admissible evidence. Emanuel further objects to

19  the phrases "on behalf of Zuffa" and "maintaining" as vague and ambiguous. Emanuel further

20  objects to this Request to the extent it purports to require Emanuel to do anything beyond

21  conducting a reasonable search for non-objectionable, non-privileged, responsive documents and

22  data. Emanuel further objects to this Request to the extent it seeks documents that are not within

23  Emanuel's possession, custody, or control. Emanuel further objects to this Request as duplicative

24  of Request No. 72 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs

25  over this same Request, and thus this Request improperly seeks to bypass party discovery.

26       Emanuel will not produce documents in response to this Request.

27  **REQUEST FOR PRODUCTION NO. 89:**

28       All contracts or Agreements between the UFC and any Social Media organization.

**RESPONSE TO REQUEST NO. 89:**

In addition to the General Objections, Emanuel objects that this Request is overbroad to the extent that it calls for "All contracts or Agreements" over a ten year time period, extending beyond the time period relevant to this Action, and does not limit the agreements to issues relevant to the claims or defenses at issue in this Action and thus is not reasonably calculated to lead to the discovery of relevant or admissible evidence. Emanuel also objects that this Request is not proportional to the needs of the case. Emanuel further objects to this Request to the extent it seeks documents that are not within Emanuel's possession, custody, or control. Emanuel further objects to this Request as duplicative of Request No. 73 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Emanuel will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 90:**

All Documents and Communications relating to any content posted to any website or Social Media relating to UFC Professional MMA Bouts, including Pre-Bout Event promotional content and Post-Bout Event content.

**RESPONSE TO REQUEST NO. 90:**

In addition to the General Objections set forth above, Emanuel objects that this Request is overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it calls for "All Documents and Communications" relating to "any content posted to any website" over a ten year time period, extending beyond the time period relevant to this Action, it is not limited in scope to documents related to the claims and defenses at issue in this Action, and it is not limited to websites controlled by Emanuel or his employer, Endeavor, or statements made by Emanuel acting in his capacity as an Endeavor employee. Emanuel further objects to this Request to the extent that it seeks public information—including information in Plaintiffs' control—that is readily accessible by Plaintiffs and which should be collected by Plaintiffs under the reasonableness and proportionality standards set forth in the Federal Rules of Civil Procedure. Emanuel further objects

1    to this Request to the extent it seeks documents that are not within Emanuel's possession, custody,

2    or control. Emanuel further objects to this Request as duplicative of Request No. 74 to Endeavor.

3    Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and

4    thus this Request improperly seeks to bypass party discovery.

5           Emanuel will not produce documents in response to this Request.

6    **REQUEST FOR PRODUCTION NO. 91:**

7           All Documents, including any content posted to any website or Social Media, referencing

8    or relating to the Professional MMA Fighters under contract with the UFC.

9    **RESPONSE TO REQUEST NO. 91:**

10          In addition to the General Objections set forth above, Emanuel objects that this Request,

11   as phrased, is overbroad, unduly burdensome, not proportional to the needs of the case, and not

12   reasonably calculated to lead to the discovery of relevant or admissible evidence, including

13   because it calls for "All Documents" referencing or relating to "Professional MMA Fighters under

14   contract with the UFC" over a ten year time period, extending beyond the time period relevant to

15   this Action, and it is not limited in scope to documents relating to the claims and defenses at issue

16   in this Action. To the extent this Request calls for "content posted to any website or Social Media,"

17   Emanuel objects that it is not limited to website or Social Media controlled by Emanuel, or his

18   employer, Endeavor, or statements made by Emanuel acting in his capacity as an Endeavor

19   employee. Emanuel further objects that this Request seeks public information—including

20   information in Plaintiffs' control—that is readily accessible by Plaintiffs and which should be

21   collected by Plaintiffs under the reasonableness and proportionality standards set forth in the

22   Federal Rules of Civil Procedure. Emanuel further objects to this Request to the extent it purports

23   to require Emanuel to maintain information removed or deleted from website and/or Social Media

24   prior to the filing of this lawsuit. Emanuel further objects to this Request as seeking documents

25   and information relating to fighters who would not be part of the putative class and, thus, would

26   have no likelihood of leading to the discovery of relevant or admissible evidence. Emanuel further

27   objects to this Request to the extent it seeks documents that are not within Emanuel's possession,

28   custody, or control. Emanuel further objects to this Request as duplicative of Request No. 75 to

1  Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same

2  Request, and thus this Request improperly seeks to bypass party discovery.

3      Emanuel will not produce documents in response to this Request.

4  **REQUEST FOR PRODUCTION NO. 92**

5      All Documents, including any content posted to any website or Social Media, referencing

6  or relating to any Professional MMA Fighters not under contract with the UFC.

7  **RESPONSE TO REQUEST NO. 92:**

8      In addition to the General Objections set forth above, Emanuel objects that this Request is

9  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

10  calculated to lead to the discovery of relevant or admissible evidence, including because it calls

11  for "All Documents" referencing or relating to "Professional MMA Fighters not under contract

12  with the UFC" over a ten year time period, which extends beyond the time period relevant to this

13  Action, and it is not limited to documents relating to the claims and defenses at issue in this Action.

14  To the extent this Request calls for "content posted to any website or Social Media," Emanuel

15  objects that it is not limited to a website or Social Media controlled by Emanuel, or his employer,

16  Endeavor, or statements made by Emanuel acting in his capacity as an Endeavor employee.

17  Emanuel further objects that this Request seeks public information—including information in

18  Plaintiffs' control—that is readily accessible by Plaintiffs and which should be collected by

19  Plaintiffs under the reasonableness and proportionality standards set forth in the Federal Rules of

20  Civil Procedure. Emanuel further objects to this Request to the extent it purports to require

21  Emanuel to maintain information removed or deleted from any website and/or Social Media prior

22  to the filing of this lawsuit. Emanuel further objects to this Request to the extent it seeks documents

23  that are not within Emanuel's possession, custody, or control. Emanuel further objects to this

24  Request as duplicative of Request No. 76 to Endeavor. Endeavor has been actively meeting and

25  conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass

26  party discovery.

27      Emanuel will not produce documents in response to this Request.

28

1  **REQUEST FOR PRODUCTION NO. 93:**

2      All Documents, including any content posted to any website or Social Media, referencing

3  or relating to any other MMA promoter, including without limitation any references to UFC's

4  acquisition or potential acquisition of any other MMA promoter.

5  **RESPONSE TO REQUEST NO. 93:**

6      In addition to the General Objections set forth above, Emanuel objects that this Request is

7  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

8  calculated to lead to the discovery of relevant or admissible evidence, including because it requests

9  "All Documents" "referencing or relating to any other MMA promoter" over a ten yea time period,

10  which extends beyond the time period relevant to this Action and it is not limited to documents

11  relating to the claims and defenses at issue in this Action. To the extent this Request calls for

12  "content posted to any website or Social Media," Emanuel objects that it is not limited to a website

13  or Social Media controlled by Emanuel, or his employer, Endeavor or statements made by

14  Emanuel acting in his capacity as an Endeavor employee. Emanuel further objects to this Request

15  to the extent that it seeks public information—including information in Plaintiffs' control—that is

16  readily accessible by Plaintiffs and which should be collected by Plaintiffs under the

17  reasonableness and proportionality standards set forth in the Federal Rules of Civil Procedure.

18  Emanuel further objects to this Request to the extent it seeks documents that are not within

19  Emanuel's possession, custody, or control. Emanuel further objects to this Request as duplicative

20  of Request No. 77 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs

21  over this same Request, and thus this Request improperly seeks to bypass party discovery.

22      Emanuel will not produce documents in response to this Request.

23  **REQUEST FOR PRODUCTION NO. 94:**

24      All Documents referencing or relating to Zuffa's registration with any regulatory bodies

25  governing the MMA industry. Include all Documents referencing or relating to any suspensions of

26  Zuffa for any reason by any government agency or any Person responsible for regulation,

27  supervision, licensing, permitting or safety of Professional MMA Bouts and Professional MMA

28  Fighters.

**RESPONSE TO REQUEST NO. 94:**

In addition to the General Objections set forth above, Emanuel objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it seeks "All Documents" over a ten year time period, which extends beyond the time period relevant to this Action, and it is not limited to documents related to the claims and defenses at issue in this Action. Emanuel further objects to this Request to the extent it seeks documents that are not within Emanuel's possession, custody, or control. Emanuel further objects to this Request as duplicative of Request No. 78 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Emanuel will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 95:**

All Documents and Communications relating to Meetings or the business of Your Board of Directors, including without limitation all agendas, minutes, presentations, Agreements, and resolutions created by or for the Board of Directors, and including all Documents and Communications directed to and presented by management or outside professionals, which address capital raises, business combinations, dividends and any other executive compensation matters.

**RESPONSE TO REQUEST NO. 95:**

In addition to the General Objections set forth above, Emanuel objects to this Request as overboard, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it seeks "All Documents and Communications" over a ten year time period, extending beyond the time period relevant to this Action, and it is not limited to documents related to the claims and defenses at issue in this Action. Emanuel also objects that the phrase "directed to and presented by management and outside professionals" is vague and ambiguous. Emanuel further objects to this Request to the extent it seeks documents that are not within Emanuel's possession, custody, or control. Emanuel further objects to this Request as duplicative of Request No. 79 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and

1     thus this Request improperly seeks to bypass party discovery.

2         Emanuel will not produce documents in response to this Request.

3     **REQUEST FOR PRODUCTION NO. 96:**

4         All Documents and Communications reflecting or relating to Your relationship with

5     Mubadala Investment Company, Khaldoon Al Mubarak, or any other executive, employee, agent,

6     or representative of Mubadala Investment Company, including without limitation all Documents

7     and Communications reflecting or relating to any financial transactions between You and

8     Mubadala, including without limitation any loans, purchases of equity or other ownership shares,

9     purchases of any debt, the provision of any gifts or any other unilateral provision of anything of

10    value, or any other transfer or exchange involving capital and/or anything of value.

11    **RESPONSE TO REQUEST NO. 96:**

12        In addition to the General Objections set forth above, Emanuel objects to this Request as

13    overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

14    calculated to lead to the discovery of relevant or admissible evidence, including because it calls

15    for "All Documents and Communications" over a ten year period, extending beyond the time

16    period relevant to this Action, and it is not limited in scope to documents relating to the claims and

17    defenses at issue in this Action. Emanuel also objects that the phrases "reflecting or relating to

18    Your relationship," "unilateral provision of anything of value," and "transfer or exchange

19    involving... anything of value" are vague and ambiguous. Emanuel further objects to this Request

20    to the extent it seeks documents that are not within Emanuel's possession, custody, or control.

21    Emanuel further objects to this Request as duplicative of Request No. 80 to Endeavor. Endeavor

22    has been actively meeting and conferring with Plaintiffs over this same Request, and thus this

23    Request improperly seeks to bypass party discovery.

24        Emanuel will not produce documents in response to this Request.

25    **REQUEST FOR PRODUCTION NO. 97:**

26        All Documents and Communications relating to the production of any Professional MMA

27    Event in or on any location owned or controlled by Abu Dhabi, United Arab Emirates.

28

NON-PARTY ARIEL EMANUEL'S RESPONSES
AND OBJECTIONS TO PLAINTIFFS' SUBPOENA
Case No. 21-cv-01189-RFB-BNW

**RESPONSE TO REQUEST NO. 97:**

In addition to the General Objections set forth above, Emanuel objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it calls for "All Documents and Communications relating to the production of any Professional MMA event" over a ten year time period, extending beyond the time period relevant to this Action, and it is not limited in scope to documents relating to the claims and defenses at issue in this Action. Emanuel also objects that the phrases "the production of" and "or controlled by" are vague and ambiguous. Emanuel further objects to this Request to the extent it seeks documents that are not within Emanuel's possession, custody, or control. Emanuel further objects to this Request as duplicative of Request No. 81 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Emanuel will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 98:**

All Communications between You and Silver Lake Group, LLC ("SLP"), including any of its predecessors, successors, affiliates, or any Person SLP manages or controls, along with their executives, employees, agents, or representatives, relating to the acquisition of Zuffa, LLC or the merger of Zuffa Parent LLC with World Wrestling Entertainment.

**RESPONSE TO REQUEST NO. 98:**

In addition to the General Objections set forth above, Emanuel objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it calls for material beyond the time period relevant to this Action and is unrelated to the claims and defenses at issue in this Action (which does not concern any acquisition or merger of Zuffa) by requesting "All Communications" with a third party relating to the acquisition of Zuffa or the merger of Zuffa Parent LLC with World Wrestling Entertainment. Emanuel also objects that the phrase "predecessors, successors, affiliates, or any Person SLP manages or controls" is vague and

1  ambiguous. Emanuel further objects to this Request to the extent it seeks documents that are not

2  within Emanuel's possession, custody, or control. Emanuel further objects to this Request as

3  duplicative of Request No. 82 to Endeavor. Endeavor has been actively meeting and conferring

4  with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

5  discovery.

6       Emanuel will not produce documents in response to this Request.

7  **REQUEST FOR PRODUCTION NO. 99:**

8       All Communications between You and Kohlberg Kravis Roberts & Co. ("KKR"),

9  including any of its predecessors, successors, affiliates, or any Person KKR manages or controls,

10 along with their executives, employees, agents, or representatives, relating to the acquisition of

11 Zuffa, LLC or the merger of Zuffa Parent LLC with World Wrestling Entertainment.

12 **RESPONSE TO REQUEST NO. 99:**

13      In addition to the General Objections set forth above, Emanuel objects to this Request as

14 overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

15 calculated to lead to the discovery of relevant or admissible evidence, including because it calls

16 for material beyond the time period relevant to this Action and unrelated to the claims and defenses

17 at issue in this Action (which does not concern any acquisition or merger of Zuffa) by requesting

18 "All Communications" with a third party relating to the acquisition of Zuffa or the merger of Zuffa

19 Parent LLC with World Wrestling Entertainment. Emanuel also objects that the phrase

20 "predecessors, successors, affiliates, or any Person KKR manages or controls" is vague and

21 ambiguous. Emanuel further objects to this Request to the extent it seeks documents that are not

22 within Emanuel's possession, custody, or control. Emanuel further objects to this Request as

23 duplicative of Request No. 83 to Endeavor. Endeavor has been actively meeting and conferring

24 with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

25 discovery.

26      Emanuel will not produce documents in response to this Request.

27 **REQUEST FOR PRODUCTION NO. 100:**

28      All Communications between You and MSD Capital, L.P. ("MSD") or its successor DFO

1  Management ("DFO"), including any of its predecessors, successors, affiliates, or any Person

2  MSD or DFO manages or controls, along with their executives, employees, agents, or

3  representatives, relating to the acquisition of Zuffa, LLC or the merger of Zuffa Parent LLC with

4  World Wrestling Entertainment.

5  **RESPONSE TO REQUEST NO. 100:**

6        In addition to the General Objections set forth above, Emanuel objects to this Request as

7  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

8  calculated to lead to the discovery of relevant or admissible evidence, including because it calls

9  for material beyond the time period relevant to this Action and unrelated to the claims and defenses

10  at issue in this Action (which does not concern any acquisition or merger of Zuffa) by requesting

11  "All Communications" with a third party relating to the acquisition of Zuffa or the merger of Zuffa

12  Parent LLC with World Wrestling Entertainment. Emanuel also objects that the phrase

13  "predecessors, successors, affiliates, or any Person MSD or DFO manages or controls" is vague

14  and ambiguous. Emanuel further objects to this Request to the extent it seeks documents that are

15  not within Emanuel's possession, custody, or control. Emanuel further objects to this Request as

16  duplicative of Request No. 84 to Endeavor. Endeavor has been actively meeting and conferring

17  with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

18  discovery.

19        Emanuel will not produce documents in response to this Request.

20

21

22

23

24

25

26

27

28

1    Dated: April 2, 2025                        Respectfully Submitted,

2                                                /s/ *Christopher S. Yates*
     WILLIAM A. ISAACSON (*Pro hac vice*)       CHRISTOPHER S. YATES (*Pro hac vice*)
3    wisaacson@paulweiss.com                     chris.yates@lw.com
     KAREN L. DUNN (*Pro hac vice*)             AARON T. CHIU (*Pro hac vice*)
4    ldunn@paulweiss.com                         aaron.chiu@lw.com
     JESSICA PHILLIPS (*Pro hac vice*)          LATHAM & WATKINS LLP
5    jphillips@paulweiss.com                     505 Montgomery Street, Suite 2000
     PAUL, WEISS, RIFKIND, WHARTON &            San Francisco, CA 94111
6    GARRISON LLP                                Tel: (415) 395-8095
     2001 K Street, NW
7    Washington, DC 20006                        SEAN M. BERKOWITZ (*Pro hac vice*)
                                                 sean.berkowitz@lw.com
8    BRETTE M. TANNENBAUM (*Pro hac vice*)      LATHAM & WATKINS LLP
     btannenbaum@paulweiss.com                   330 North Wabash Ave, Suite 2800
9    YOTAM BARKAI (*Pro hac vice*)              Chicago, IL 60611
     ybarkai@paulweiss.com
10   PAUL, WEISS, RIFKIND, WHARTON &            LAURA WASHINGTON (*Pro hac vice*)
     GARRISON LLP                                laura.washington@lw.com
11   1285 Avenue of the Americas                 LATHAM & WATKINS LLP
     New York, NY 10019                          10250 Constellation Blvd, Suite 1100
12                                               Los Angeles, CA 90067
     DONALD J. CAMPBELL (No. 1216)
13   djc@campbellandwilliams.com                 DAVID L. JOHNSON (*Pro hac vice*)
     J. COLBY WILLIAMS (No. 5549)               david.johnson@lw.com
14   jcw@campbellandwilliams.com                 LATHAM & WATKINS LLP
     CAMPBELL & WILLIAMS                         555 Eleventh Street NW, Suite 1000
15   700 South 7th Street                        Washington, D.C. 20004
     Las Vegas, Nevada 89101
16   Tel: (702) 382-5222

17   *Attorneys for Defendants Zuffa, LLC, TKO Operating Company, and Endeavor Group Holdings, Inc.*

18

19

20

21

22

23

24

25

26

27

28