# EXHIBIT 4

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
District of Nevada

| | |
|---|---|
| Johnson et al | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   2:21-cv-01189-RFB-BNW |
| Zuffa, LLC dba Ultimate Fighting Championship et al | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:             Patrick Whitesell

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A.

| Place: Your offices or another mutually agreeable location, including electronically. | Date and Time: <br> 04/17/2025 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     03/18/2025

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| | | /s/ Joseph R. Saveri |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Plaintiffs
, who issues or requests this subpoena, are:

Joseph R. Saveri, 601 California Street, #1505, San Francisco, CA 94108, (415) 500-6800, jsaveri@saverilawfirm.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.    2:21-cv-01189-RFB-BNW

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
  **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## <u>SCHEDULE A</u>

### I.    <u>DEFINITIONS</u>

1.  The following rules of construction should apply to all discovery requests:

    a)  "**All**" should be construed to include the collective as well as the singular and shall mean "each," "any," and "every."

    b)  "**And**" and "**or**" should be construed so as to require the broadest possible response. If, for example, a request calls for information about "A or B" or "A and B," You should produce all information about A and all information about B, as well as all information about A and B collectively. In other words, "or" and "and" should be read as "and/or."

    c)  "**Any**" shall be construed to mean "any and all."

    d)  "**Including**" shall be construed to mean "without limitation." "Including" is used to emphasize certain types of documents requested and should not be construed as limiting the request in any way.

    e)  "**Relating to**," "**referring to**," "**regarding**," or "**with respect to**" mean, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

    f)  The use of the singular form of any word includes the plural and vice versa.

    g)  Unless otherwise indicated, the use of the present tense of any verb shall be construed to include the past tense going back to the beginning of the Relevant Time Period, and the use of the past tense shall be construed to run from the beginning of the Relevant Time Period until the scheme alleged by Plaintiffs ends.

2. "**Action**" means *Kajan Johnson, et al. v. Zuffa, LLC, et al.*, No. 2:21-cv-01189 (D. Nev.).

3. "**Agreement**" means any oral or written contract, arrangement or understanding, whether formal or informal, between two or more persons, together with all modifications and amendments thereto.

4. "**Communication**" means without limitation, oral or written communications of any kind, such as electronic communications, direct communications through social media (including without limitation direct messaging, instant messaging, chatting or emailing within a social media platform), facsimiles, telephone communications, correspondence, exchange of written or recorded information, or face-to-face meetings. The phrase "communication between" is defined to include instances where one party addresses the other party but the other party does not necessarily respond. The phrase "communication" includes all attachments to e-mail messages.

5. "**Date**" means the exact day, month and year, if ascertainable, or the best available approximation, including any relationship to other known events (designate whether exact or approximate).

6. "**Defendants**" means Zuffa and Endeavor as those terms are defined herein.

7. "**Document(s)**" shall mean and include all "writings," "recordings" or "photographs" as those terms are defined in Federal Rule of Civil Procedure 34 and Rule 1001 of the Federal Rules of Evidence. Without limiting the generality of the foregoing, the term "Documents" includes both hard copy documents and electronically stored data files including but not limited to e-mail, instant messaging, social media content (including without limitation public content such as Tweets, YouTube submissions, Facebook posts, and posts to any public electronic billboard, as well as private content such as direct messaging, instant messaging, chats, and email), shared network files and databases. "Documents" also includes, without limitation and regardless of

whether stored in hard copy or electronically, any letters, correspondence, memoranda, analyses, legal pleadings, calendars, diaries, travel records, summaries, records of telephone conversations, telegrams, notes, reports, compilations, notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, audiotapes, film and sound reproductions, e-mails, internal or external web sites, audio or video discs data on magnetic or optical storage media (e.g., servers, storage area networks, interconnected remote servers (so-called "cloud computing"), hard drives, backup tapes, CDs, DVDs, Blu-ray, DVD-HD, USB/thumb/flash drives, floppy disks or any other type of portable storage device, etc.) stored as an "active" or backup file, in its native format, computer files, discs and drives, sales, advertising and promotional literature, agreements, stored recordings, minutes or other records of meetings, all written or graphic records or representations of any kind, and all mechanical or electronic data, records or representations of any kind.

8. "**Electronically Stored Information**," abbreviated as "**ESI**" has the same meaning and scope as it has in the Federal Rules of Civil Procedure and includes, without limitation, the following:

   a) structured and unstructured data, as those terms are defined in The Sedona Conference Glossary, available at www.thesedonaconference.org/publications;

   b) activity listings of electronic mail receipts and/or transmittals;

   c) output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, text messages (SMS, MMS or TMS), iMessages, Blackberry Messenger (BBM), AOL Instant Messenger™ (or similar program), social media (including without limitation X (Twitter), LinkedIn, YouTube, Facebook, Instagram,

and any other internet based messaging system) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

d) any and all items stored on computer memories, hard disks, floppy disks, CD discs, DVD discs, flash drives, thumb drives, memory cards, magnetic tape, microfiche, off-site interconnected servers (so-called "cloud computing"), or in any other vehicle for digital data storage and/or transmittal, such as, but not limited to, a personal digital assistant (*e.g.*, Blackberry, Smart Phone or similar device) and file folder tabs, and/or containers and labels appended to, or relating to, any physical storage device associated with each original and/or copy of all documents requested herein;

e) any and all items stored on voice-mail systems, websites, company intranet sites, chat rooms and social networking websites (*e.g.*, Facebook, LinkedIn, X (Twitter), and social websites listed at http://en.wikipedia.org/wiki/List of social networking websites); and

f) any and all data, data compilations, and data analyses.

9. "**Employee**" means, without limitation, any current or former officer, director, executive, manager, member, secretary, staff member, consultant, messenger, agent or other person who is or was employed by a Person or entity.

10. "**Endeavor**" means Endeavor Group Holdings, Inc., and its executives, employees, agents, owners, and all predecessors, successors, subsidiaries, departments, divisions, and/or affiliates, including without limitation any organization or entity involved in the promotion, regulation, or support of MMA Events in which Endeavor owns a controlling share or which

Endeavor manages or controls (including without limitation Endeavor Operating Company, LLC, TKO Operating Company, LLC (f/k/a Zuffa Parent, LLC), World Wrestling Entertainment, Inc., TKO Group Holdings, Inc. (f/k/a New Whale Inc.), Whale Merger Sub Inc., Zuffa, LLC, and any parent of or successor to Zuffa, LLC), together with all present and former directors, members, officers, employees, agents, representatives or any persons acting or purporting to act on Endeavor's behalf.

11. "**Identify**," when used in reference to an individual employee, means to produce documents sufficient to identify: the person's full name, last known business and home address; date of birth; social security number; title or position and period of service in each such position; immediate supervisor in each position; business and home telephone numbers (including voice, cellular and facsimile phone numbers) assigned to or used by such person and the period during which such numbers were assigned to be used by that person; and business and home electronic mail identifiers and the period during which such identifiers were assigned to and used by that person.

12. "**Identity**" of a Professional MMA Fighter means that person's name, sobriquet, voice, persona, signature, likeness and/or biographical information.

13. "**Meeting**" means, without limitation, any assembly, convocation, encounter, or contemporaneous presence of two or more persons for any purpose, whether planned or arranged, scheduled or not. Meeting attendees may be present in person or by electronic means including, but not limited to, teleconference and videoconference.

14. "**Merchandise**" means any apparel, footwear, hats, publications, posters, photographs, memorabilia, souvenirs, toys, collectibles, action figures, trading cards, video games, and any and all other similar type products, including the sleeves, jackets, and packaging for such

products.

15. "**Merchandise Rights**" means the right to use, edit, disseminate, display, reproduce, print, publish and make any other uses of the name, sobriquet, voice, persona, signature, likeness and/or biographical information (collectively, "Identity") of an MMA Fighter solely in connection with the development, manufacture, distribution, marketing and sale of Licensed Merchandise.

16. "**Mixed Martial Arts**" or "**MMA**" means a competitive individual sport in which competitors use interdisciplinary forms of martial arts that include, *e.g.*, jiu-jitsu, judo, karate, boxing, kickboxing, taekwondo, and/or wrestling to their strategic and tactical advantage in a supervised match. Scoring in live Professional MMA Bouts is based on athletic commission-approved definitions and rules for striking (blows with the hand, feet, knees or elbows) and grappling (submission holds, chokeholds, throws or takedowns).

17. "**MMA Fighter**" means any Person who participates as a combatant in an MMA bout.

18. "**MMA Industry**" means the business of promoting live MMA bouts and may also include the promotion of Pay-Per-View MMA events to generate Pay-Per-View revenues and ticket sales as well as ancillary activities such as: the sale of live and taped television programming, video-on-demand, merchandise (videos, DVDs, video games, apparel, hats, sporting equipment, etc.), event and fighter sponsorships, and the collection of MMA-related copyright and trademark royalties.

19. "**MMA Promoter**" or "**MMA Promotion**" means a person or entity that arranges **Professional MMA Events**.

20. "**Pay-Per-View**" or "**PPV**" means a "**Pay-Per-View**" or "**PPV**" means a type of pay television or broadcast service by which a subscriber of an Internet or television service provider

can purchase events to view live via private telecast or Internet broadcast. The events are typically purchased live, but can also be purchased for several weeks after an event first airs. Events can be purchased using an on-screen guide, an automated telephone system, on the Internet or through a live customer service representative.

21. "**Person**" means, without limitation, any natural person, corporation, partnership, limited liability company, proprietorship, joint venture, trust, association, government entity, group or other form of legal entity.

22. "**Plaintiff(s)**" means Kajan Johnson, C.B. Dollaway and Tristen Connelly, and any named plaintiffs in any subsequently filed actions which are related to or consolidated with the Action in the court with jurisdiction over the cases.

23. "**Possession, Custody or Control**" when referring to Documents or other tangible objects means any Document or other tangible object You have access to regardless of whether You have actual possession of the document or other tangible object. This includes Documents You have the legal right to obtain or for which You have control over the person who has control of the Document, including without limitation Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or Your attorneys or their agents, employees, representatives or investigators.

24. "**Post-Bout Event**" means any interviews and press conferences that follow and relate to a Professional MMA Bout.

25. "**Pre-Bout Event**" means training, interviews, press conferences, weigh-ins and behind-the-scenes footage that precede, and relate to, a Professional MMA Bout.

26. "**Professional MMA Bout**" means a bout between two Professional MMA Fighters.

27. "**Professional MMA Event**" means one or more Professional MMA Bouts presented by

an MMA Promoter before a live audience and/or for broadcast.

28. "**Professional MMA Fighter**" means an MMA Fighter who is compensated as a combatant in an MMA bout.

29. "**Promotional Rights and Ancillary Rights Agreement**" means an Agreement between Endeavor and a UFC Fighter regarding any combination of rights to site fees, live-gate receipts, advertising fees, sponsorship fees, motion pictures, all forms of radio, all forms of television (including live or delayed, interactive, home or theater, pay, PPV, satellite, closed circuit, cable, subscription, multi-point, master antenna, or other), telephone, wireless, computer, CD-ROM, DVD, any and all Internet applications, films and tapes for exhibition in any and all media and all gauges, including but not limited to, video and audio cassettes and disks, home video and computer games, arcade video games, hand-held versions of video games, video slot machines, photographs (including raw footage, out-takes and negatives), merchandising and program rights, in connection with or based upon the UFC brand, UFC Professional MMA Bouts, UFC Professional MMA Events, UFC Pre-Bout Events, or UFC Post-Bout Events.

30. "**Relating to**," "**referring to**," "**regarding**," or "**with respect to**" mean, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

31. "**Social Media**" means any web-hosted applications that facilitate public posting of words, images or video and audio recordings, and private interactions such as private messaging or email, among users. Examples of Social Media include, without limitation, X (Twitter), Facebook, YouTube, Instagram, Pinterest, My Space, and Truth Social.

32. "**Sponsor**" means any corporate entity which pays or seeks to pay a monetary consideration to a Professional MMA Fighter or an MMA Promoter in exchange for the right to display its products, logo or other promotional materials in connection with such fighter or promoter; or the act of paying a monetary consideration to a Professional MMA Fighter or an MMA Promoter in exchange for the right to display a Person's products, logo or other promotional materials in connection with such fighter or promoter.

33. "**TKO**" means TKO Operating Company, LLC and all predecessors, successors, subsidiaries, departments, divisions, and/or affiliates, including without limitation any organization or entity which the responding Defendant manages or controls, together with all present and former directors, members, officers, employees, agents, representatives or any persons acting or purporting to act on behalf of the responding Defendant.

34. "**UFC**" means Zuffa, LLC, Ultimate Fighting Championship, TKO Operating Company, LLC, and all predecessors, successors, subsidiaries, departments, divisions, and/or affiliates, including without limitation any organization or entity which the responding Defendant manages or controls, together with all present and former directors, members, officers, employees, agents, representatives or any persons acting or purporting to act on behalf of the responding Defendant, including: Zuffa Australia, LLC; Zuffa Aviation, LLC; Zuffa Brazil, LLC; Zuffa Canada, LLC; Zuffa Expo, LLC; Zuffa Fit 360, LLC; Zuffa Fitness Elite, LLC; Zuffa Fitness, LLC; Zuffa Holding Company, LLC; Zuffa Interactive Investor, LLC; Zuffa International, LLC; Zuffa Ireland, LLC; Zuffa Landco, LLC; Zuffa Mali, LLC; Zuffa Marketing, LLC; Zuffa Mexico, LLC; Zuffa Music, LLC; Zuffa On Demand, LLC; Zuffa Pipco 1, LLC; Zuffa Records, LLC; Zuffa Taps, LLC; and Zuffa Zen, LLC, and also including all entities that UFC merged with or acquired, such as, e.g., Explosion Entertainment, LLC (d/b/a Strikeforce), World Extreme

Cagefighting, World Fighting Alliance, and Pride Fighting Championships.

35. "**UFC Fighter**" means a person who is paid by the UFC for participating in one or more Professional MMA Bouts promoted by the UFC or whose Identity was acquired for use by the UFC.

36. "**You**" or "**Your**" means Patrick Whitesell, any organization or entity which **You** manage, control, have an ownership interest in, or are employed by; and any employees, agents, representatives or persons acting or purporting to act on Your behalf.

37. "**Zuffa**," "**UFC**," or "**Defendant**" all mean Ultimate Fighting Championship, UFC, TKO Operating Company, LLC ("**TKO OpCo**") (f/k/a Zuffa Parent LLC), a Delaware limited liability company and the direct subsidiary of TKO Group Holdings, Inc., a Delaware corporation ("**TKO Group Holdings**"), Endeavor Group Holdings, Inc., a Delaware corporation ("**Endeavor**"), and all predecessors, successors, subsidiaries, departments, divisions, acquisitions, affiliates and any organization or entity TKO OpCo or TKO Group Holdings manages or controls, together with all present and former directors, members, officers, employees, agents, representatives or any persons acting or purporting to act on TKO OpCo's behalf including, without limitation, Ariel Emanuel, Dana White, Mark Shapiro, Patrick Whitsell, Ike Lawrence Epstein, Lorenzo Fertitta or Hunter Campbell.

## II.    <u>INSTRUCTIONS</u>

1. In producing Documents, You are requested to furnish all Documents or things in Your possession, custody or control, regardless of the physical location of the Documents, or whether such Documents or other materials are possessed directly by You or Your directors, officers, agents, employees, representatives, managing agents, affiliates, investigators, or by Your

attorneys or their agents, employees, representatives or investigators.

2.   If any Document covered by these requests is withheld by reason of a claim of attorney-client privilege, attorney work product protection, or any other privilege or protection, please furnish a log providing the following information with respect to each such withheld document: date, author, recipients, general subject matter sufficient to make a prima facie determination whether the asserted privilege has been properly invoked, and legal basis upon which the document has been withheld.

3.   In producing Documents, You are requested to produce the original of each Document requested, together with all non-identical copies and drafts of such Document. If the original of any Document cannot be located, a copy shall be produced in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

4.   If any requested Document cannot be produced in full, You are to produce it to the extent possible and indicate which Document or portion of such Document is being withheld, and the reason it is being withheld.

5.   Documents not otherwise responsive to these Requests shall be produced if such Documents mention, discuss, refer to, or explain the Documents that are called for by these Requests, or if such Documents are attached to Documents called for by these Requests and constitute routing slips, transmittal memoranda, letters, cover sheets, comments, evaluation or similar materials.

6.   All Documents shall be produced in the same order as they are kept or maintained by You. If any Documents have been removed from the files in which they were found for purposes of producing them in response to these Requests, indicate for each Document the file(s) in which the Document(s) was (or were) originally located.

7.   In responding to these Requests You are to include Documents: (a) obtained from witnesses who gave information to any governmental agency or other investigatory or regulatory body as part of any investigation of the UFC or of the MMA Industry generally; (b) that constitute, or refer or relate to, summaries of testimony or other statements given in connection with such investigations; or (c) obtained on Your behalf by counsel in preparing for testimony or interviews in connection with such investigations.

8.   If a Document once existed and has subsequently been lost, destroyed, or is otherwise missing, please provide sufficient information to identify the Document and state the details concerning its loss.

9.   With respect to any Document maintained or stored electronically, please harvest it in a manner that maintains the integrity and readability of all data, including all metadata.

10. Unless otherwise agreed, all ESI should be produced in native format via a secure file transfer protocol, or on compact disc(s), DVD disc(s) or zip drives in the original electronic file format(s) of the Documents.

11.  Please produce all Documents maintained or stored electronically in native, electronic format with all relevant metadata intact. Encrypted or password-protected documents should be produced in a form permitting them to be reviewed. You are also requested to immediately meet and confer regarding the manner in which You shall produce Documents stored electronically in order for the parties to try and reach agreement in this regard and avoid any unnecessary expense.

12. Please organize electronic Documents produced for inspection in the same manner that You store them (e.g., if maintained by a custodian, such as e-mail residing on an e-mail server, please organize documents for production by custodian; if maintained as a subfolder of "My

12

Documents" on a custodian's hard drive, please organize documents for production by custodian with path information preserved, etc.).

13. All ESI should be produced in accordance with the Stipulated Order Re: Discovery of Electronically Stored Information, approved by the Court on December 6, 2023, ECF No. 115.

14. Documents attached to each other should not be separated, including, but not limited to, hard-copy versions of Documents attached to hard-copy printouts of e-mails produced pursuant to these Requests.

15. At Your election, documents maintained or stored in paper, hard-copy form can be produced as searchable .PDF (i.e., portable document format files with embedded text) and in an appropriate and usable manner (e.g., by copying such data onto an external hard drive).

16. These requests require production of paper documents in the same form and same order as they are kept in the usual course of business, or organized and labeled to correspond with the requests set forth below. If You choose the former method, the documents are to be produced in the boxes, file folders, binders and other containers in which the documents are found. The titles, labels or other descriptions on the boxes, file folders, binders or other containers are to be left intact.

17. Documents stored as electronic data on magnetic, optical, or other storage media as "active" or "backup" files shall be produced in their native formats with any associated metadata.

18. To the extent responsive Documents reside on databases and other such systems and files, You are requested to produce the relevant database in useable form and/or permit access for inspection, review, and extraction of responsive information.

19. To the extent responsive Documents are in languages other than English, the parties shall meet and confer to discuss the format of production prior thereto.

20. No part of a document request shall be left unanswered merely because an objection was interposed to another part of the document request.

21. If You object to any document request or subpart thereof, the objection shall state with specificity all grounds. Any ground not stated shall be waived.

22. If You are unable to answer any document request, the reasons for Your inability to answer shall be separately stated in detail for each document request.

23. Failure to provide information in response to these document requests will be deemed a waiver of Your right to produce such evidence at trial. Plaintiffs reserve the right to move to preclude the introduction of any evidence not produced in response to these requests.

24. Category headings herein are for convenience and should not be relied upon to modify, limit, alter or otherwise influence in any way how to interpret these document requests.

## III.   RELEVANT TIME PERIOD

Unless otherwise noted herein, the relevant time period of these document requests is January 1, 2015, until the present (the "**Relevant Time Period**"). These document requests seek all responsive Documents created or generated during the Relevant Time Period, as well as responsive Documents created or generated outside the Relevant Time Period, but which contain information concerning the Relevant Time Period.

## IV.   PRODUCTION REQUESTS

### Document Request No. 1.

Documents sufficient to identify each electronic device that You used to transmit or receive Communications during the Relevant Time Period, including but not limited to cellular telephones, laptop or notebook computers, desktop computers, and portable tablets, including but not limited to Any electronic device that You purchased, that was purchased for You, or that was

issued to You by Defendants.

**Document Request No. 2.**

Documents sufficient to identify the telephone number and provider or carrier of each cellular telephone identified in response to Request No. 1.

**Document Request No. 3.**

Documents sufficient to identify when You first started using and, if applicable, when You stopped using, each mobile telephone number identified in response to Request No. 2.

**Document Request No. 4.**

Documents sufficient to identify each messaging account or social media account that You used during the Relevant Time Period, including but not limited to Discord, Facebook, Google Chat, iMessage, Instagram, Kik, Microsoft Teams, Signal, Skype, Slack, Snapchat, Telegram, TikTok, Truth Social, Whatsapp, WeChat, Zoom, etc.

**Document Request No. 5.**

Documents sufficient to identify All username(s) and social media handle(s) for each account identified in response to Request No. 4.

**Document Request No. 6.**

Documents sufficient to identify each email account that You used during the Relevant Time Period.

**Document Request No. 7.**

All Documents and Communications in Your possession relating to the changes in ownership of the MMA blog at http://www.bloodyelbow.com in or around January 2023 and in or around March 2024, including, without limitation, any materials relating to Defendants' acquisition of full or partial ownership in the blog, any efforts made by You, by Defendants, or on Defendants'

behalf to obtain full or partial ownership in the blog, any materials reflecting any consideration by Defendants of taking any action to obtain full or partial ownership in the blog, and/or any materials reflecting any effort by You, Defendants, or on Defendants' behalf to influence the prior owner's(s') decision to sell or new owner's(s') decision to buy the blog or the terms of such transaction (including any financial assistance offered or provided to any new owners).

**Document Request No. 8.**

All Documents and Communications in Your possession relating to any efforts made by Defendants or on Defendants' behalf to influence the content available on the MMA blog at http://www.bloodyelbow.com, including, without limitation, materials relating to content that was removed after the change in ownership of the blog in or around the first quarter of 2024.

**Document Request No. 9.**

All Documents and Communications relating to any request by UFC Fighters, MMA Fighters contracted with other MMA Promotions, or other MMA Promotions to match one or more UFC Fighters in one or more bouts with MMA Fighters contracted with another MMA Promotion, including, without limitation, materials reflecting Your consideration of such requests, the terms offered or otherwise considered by You for such bout(s) or events, and/or the potential benefits (or lack thereof) of promoting such bout(s) or events.

**Document Request No. 10.**

All Documents and Communications relating to Francis Ngannou leaving the UFC for the Professional Fighters League, including, without limitation, materials reflecting and/or otherwise concerning the unsuccessful negotiations between Mr. Ngannou (and/or his representatives) and the UFC to re-sign with the UFC, Documents and Communications with UFC Fighters and their representatives, agents, or managers concerning their own contract negotiations and the impact

16

of Mr. Ngannou's departure on those negotiations, internal Documents and Communications analyzing the impact of Mr. Ngannou's departure on contract negotiations with UFC Fighters (including as to both the financial and non-financial terms negotiated), and any changes You made to the contract terms You offered to UFC Fighters based in whole or in any part on the unsuccessful negotiations with Mr. Ngannou.

**Document Request No. 11.**

All Documents and Communications concerning the rankings of UFC's Fighters, including, without limitation, materials relating to any internal rankings of UFC Fighters, all criteria and bases the UFC uses to assign UFC Fighters with their ranking in such internal rankings, and the rankings the UFC has assigned to UFC Fighters over time, and any external rankings (e.g., consensus rankings, rankings by particular media outlets, etc.) that the UFC uses to make or considers in making any business decisions (e.g., matchmaking, determining UFC Fighter compensation, determining whether to contract with or extend a contract with an MMA Fighter), the formula and/or process by which such rankings are determined, the way the UFC uses or considers such external rankings, and the external rankings assigned to UFC Fighters that the UFC has used over time.

**Document Request No. 12.**

A complete set of the data the UFC maintains comprising Fighter and bout statistics, including the data previously maintained by FightMetric and the "record book" as referenced at http://statleaders.ufc.com.

**Document Request No. 13.**

All Documents and Communications relating to Your acquisition of FightMetric and its MMA statistics data, including, without limitation, materials relating to the business or strategic

purpose(s) of acquiring FightMetric and the amount paid for FightMetric.

**Document Request No. 14.**

All Communications (including Documents attached to such Communications) between You and the following Persons relating to their potential testimony in the Le v. Zuffa, LLC, No. 15-cv-1045 (D. Nev.) trial: (a) Ali Abdelaziz; (b) Shannon Knapp; (c) Michael Bisping; (d) Donald Cerrone; (e) Michael Chandler; (f) Chael Sonnen; (g) Miesha Tate; (h) Jason House; (i) Josh Jones; (j) Dan Lambert; (k) Jeffrey Aronson; (l) Carlos Silva; and (m) Ed Soares.

**Document Request No. 15.**

Documents and Communications sufficient to show the financial results of the boxing event featuring the bout between Conor McGregor and Floyd Mayweather Jr. that took place on or about August 26, 2017, including, without limitation, how much each athlete was paid, the total revenues generated by the event (and the sources of the various components of revenue), and the total expenses incurred (and a breakdown of those expenses).

**Document Request No. 16.**

All Documents and Communications relating to the negotiations with Conor McGregor concerning his appearance in the bout between Conor McGregor and Floyd Mayweather Jr. that ultimately took place on or about August 26, 2017, including any promotional and ancillary rights agreement signed by Mr. McGregor, any agreement with any changes to Mr. McGregor's UFC promotional and ancillary rights agreement or any determination by You to not enforce any part of the UFC promotional and ancillary rights agreement with Mr. McGregor, and/or the bases for the UFC's decision to change or otherwise not enforce any part of the UFC promotional and ancillary rights agreement with Mr. McGregor.

**Document Request No. 17.**

All Agreements between You and Mayweather Promotions, The Money Team, Showtime, and McGregor Promotions relating to the Mayweather vs. McGregor bout and/or event that took place on or about August 26, 2017, as well as any Agreements in Your possession, custody, or control among or between any or all of those entities.

**Document Request No. 18.**

All Documents and Communications relating to Leslie Smith's unionization effort, including materials relating to Project Spearhead and her allegations (and any related administrative, legal, or regulatory proceeding) that You committed unfair labor practices when she was terminated from the UFC.

**Document Request No. 19.**

All Documents and Communications relating to the effort by certain UFC Fighters and others to create the Mixed Martial Arts Athletes Association ("MMAAA"), including, without limitation, any materials reflecting MMAAA's effort to obtain an out-of-court financial settlement for any alleged legal claims, any materials relating to MMAAA's expressed goal of increasing the revenue share the UFC pays to UFC Fighters, and any discussions relating to insurance and pension packages for UFC athletes. Responsive Documents and Communications also include any materials relating to the reported meeting between Donald Cerrone and Dana White that transpired on or about December 8, 2016 concerning the MMAAA and any follow-up concerning such meeting.

**Document Request No. 20.**

All Documents and Communications relating to the UFC's business strategy for Professional MMA Events and/or Professional MMA Bouts held at UFC Apex, including Documents and

Communications discussing the reasons for creating and/or establishing the UFC Apex, how UFC determines which Professional MMA Events and/or Professional MMA Bouts will be held at the Apex, and why any Professional MMA Events and/or Professional MMA Bouts were held at the Apex.

**Document Request No. 21.**

All monthly and annual financial documents relating to the business operations at the UFC Apex, including without limitation all audited financial statements, balance sheets, income statements, profit and loss reports, margin analyses, equity valuations, asset appraisals, financial models, budgets (proposed or otherwise), investor presentations, margin analyses, pro formas, regulatory filings (including income tax returns), issuance of equity or debit, loans, and money owed or receivable, and any other form of financial reporting.

**Document Request No. 22.**

All Documents and Communications relating to any changes in the form and/or structure of revenues the UFC received for its broadcast rights, including, without limitation, Documents and Communications relating to changes in structure of PPV revenues received by the UFC and paid by ESPN following the UFC's 2019 broadcast rights deal with ESPN, including materials analyzing such changes and any corresponding changes in business practices or operations the UFC considered implementing based on such change in structure.

**Document Request No. 23.**

All Documents and Communications relating to Zuffa's acquisition of the UFC, including, without limitation, the Agreement(s) setting for the terms of sale, any planned business strategies supporting Zuffa's decision to purchase the UFC, and any Documents or Communications relating to Zuffa's forecasted revenues and/or other financials created by Zuffa or its agents prior

to the sale of the UFC to Zuffa. For clarity, the Relevant Time Period for this Request commences January 1, 1993 and extends through the present.

**Document Request No. 24.**

All Documents and Communications relating to any contention Zuffa may make in this litigation that it built or otherwise substantially contributed to the growth of the sport of MMA, including, without limitation, any Documents and Communications relating to Zuffa's efforts to secure licensing or other certification or legal standing of Professional MMA Events in any state jurisdiction, any investments Zuffa made in building the MMA Industry distinct from investments Zuffa made in building the UFC, and any materials reflecting the state of the MMA Industry and its size and growth potential prior to Zuffa's acquisition of the UFC. For clarity, the Relevant Time Period for this Request commences January 1, 1993 and extends through the present.

**Document Request No. 25.**

All Documents and Communications produced by You in response to discovery requests served by the plaintiffs in Le, et al. v. Zuffa, LLC, 2:21-cv-1189-RFB-BNW (D. Nev.) and/or received by you in response to discovery requests or subpoenas served by You, in Le, et al. v. Zuffa, LLC, 2:21-cv-1189-RFB-BNW (D. Nev.). The Relevant Time Period set forth above does not apply to this Request.

**Document Request No. 26.**

All Documents and Communications produced by You to any government or government agency in response to any investigative demand or other request from the U.S. Department of Justice, the U.S. Federal Trade Commission, any state regulatory agency, or any foreign regulatory agency related to: (a) Your policies, practices, guidelines, and training directed to compliance with U.S.

governmental regulatory agencies, or any foreign regulatory agency, including all Documents concerning the creation of such policies, and any statements signed by Your employees or agents acknowledging their receipt of or compliance with Your compliance policies; (b) the acquisition of Zuffa or any parent of or successor to Zuffa by Endeavor Group Holdings, Inc.; or (c) the merger of Zuffa or any parent of or successor to Zuffa with World Wrestling Entertainment, Inc. (a/k/a WWE) or any parent of or successor to World Wrestling Entertainment, Inc. Explicitly included within the scope of this Interrogatory is any correspondence or documents exchanged between You and the U.S. Department of Justice, including documents reflecting or constituting any Communications with former Assistant Attorney General for the Department of Justice Antitrust Division Makan Delrahim, relating to Le, et al. v. Zuffa, LLC, 2:21-cv-1189-RFB-BNW (D. Nev.).

**Document Request No. 27.**

All Documents and Communications produced by You to the U.S. government pursuant to the Hart-Scott-Rodino Antitrust Improvements Act of 1976, Pub. L. No. 94-435, and any second requests, related to the acquisition of Zuffa or any parent of or successor to Zuffa by Endeavor Group Holdings, Inc., the merger of Zuffa or any parent of or successor to Zuffa with World Wrestling Entertainment, Inc. (a/k/a WWE) or any parent of or successor to World Wrestling Entertainment, Inc., or the formation of TKO Group Holdings, Inc.

**Document Request No. 28.**

All Documents and Communications relating to any Agreements between (a) Zuffa and any Professional MMA Fighter, and (b) any other MMA Promoter and any Professional MMA Fighter, including all Agreements concerning competition in Professional MMA Bouts (and any amendments thereto), including Promotional and Ancillary Rights Agreements, Bout

Agreements, "side letter" and/or letter Agreements, Merchandise Rights Agreements, sponsorship Agreements, and all Documents and Communications relating to negotiations with any Professional MMA Fighter or any Person purporting to represent a Professional MMA Fighter, including all draft Agreements.

**Document Request No. 29.**

Each Agreement between you and a Professional MMA Fighter entered into or in effect during the Relevant Time Period.

**Document Request No. 30.**

All Documents and Communications evidencing the negotiation of any Agreement responsive to the preceding Request.

**Document Request No. 31.**

All Documents and Communications consisting of or relating to Your discussion, analysis, interpretation or characterization of any Agreement, and the negotiation thereof, responsive to Request No. 29.

**Document Request No. 32.**

All arbitration clauses or class action waivers between You and any Professional MMA Fighters, whether set forth in an Agreement or otherwise, and all Documents and Communications relating to relating to any such arbitration clause or class action waiver, including without limitation analyses, draft proposed clauses, analyses of such clauses, white papers, reports, slide presentations, or discussions regarding the reasons for, or potential benefits to Zuffa or Endeavor or anyone else of, including arbitration clauses and/or class action waivers in Your Agreements with Professional MMA Fighters.

**Document Request No. 33.**

All Documents and Communications evidencing the negotiation of any Agreement responsive to the preceding Request.

**Document Request No. 34.**

All Documents and Communications consisting of or relating to Your discussion, analysis, interpretation or characterization of any arbitration clause or class action waiver, and/or the negotiation thereof.

**Document Request No. 35.**

All Documents and Communications relating to market research about the MMA Industry, including but not limited to, analysis or research regarding relative market share of MMA Promoters, barriers to expansion for MMA Promoters, barriers to entry for would-be MMA Promoters, and growth projections for the MMA Industry and/or MMA Promoters individually or in any groupings.

**Document Request No. 36.**

All Documents and Communications relating to non-Zuffa/non-UFC MMA Promoters (considered individually or as a group), including but not limited to SWOT analyses, financial analyses, strategies, counterprogramming of other MMA Promoters' Professional MMA Events, analyses and/or commentary or assessments of their fighter rosters, and acquisition analyses and strategies.

**Document Request No. 37.**

All Documents and Communications relating to any Agreement that UFC had with another MMA Promoter, including but not limited to Agreements to license content, Agreements to buy or sell athlete contracts, and Agreements to release fighters from their contracts if UFC offers the

fighter a contract.

**Document Request No. 38.**

All Documents and Communications relating to the potential sale of Zuffa or any portion thereof (or interest therein), including any Communications with or Documents created by Zuffa or any third party, including without limitation any prospectuses, proposals, confidential information memoranda, credit assessments, due diligence requests, Documents, or Communications created, collected, placed in data rooms, or produced in response to due diligence requests, offers, negotiations, memoranda of understanding, and all other Documents or Communications relating in any way to the potential sale, acquisition, merger or transfer of Zuffa or any portion thereof or interest therein.

**Document Request No. 39.**

All Documents and Communications (exclusive of Documents and Communications produced in response to Request for Production No. 38) relating to the sale of a majority stake in Zuffa to Endeavor in 2016, including Communications with or Documents created by any third party, and including without limitation any executed Agreements, draft Agreements, memoranda of understanding, offers, prospectuses, proposals, confidential information memoranda, credit assessments, supporting schedules, all Documents and Communications relating to negotiations, due diligence requests, Documents and Communications created, collected, placed in data rooms, or produced in response to due diligence requests, all regulatory filings, registration documents, and any other Documents or Communications sent to or received by You relating to any U.S., state, or local agency, and all other Documents and Communications relating in any way to the sale of Zuffa in or around 2016.

**Document Request No. 40.**

All Documents and Communications (exclusive of Documents and Communications produced in response to Request for Production No. 38) relating to the sale of any share(s) of Zuffa to Endeavor in or around 2021, including any Communications with or Documents created by any third party, and including without limitation any executed Agreements, draft Agreements, memoranda of understanding, offers, prospectuses, proposals, confidential information memoranda, credit assessments, supporting schedules, all Documents and Communications relating to negotiations, due diligence requests, Documents and Communications created, collected, placed in data rooms, or produced in response to due diligence requests, all regulatory filings, registration documents, and any other Documents or Communications sent to or received by You relating to any U.S., state, or local agency, and all other Documents and Communications relating in any way to the sale of or any portion of Zuffa in or around 2021.

**Document Request No. 41.**

All Documents and Communications relating to the acquisition, sale, merger or transfer of World Wrestling Entertainment, Inc. in 2023, including any Communications with or Documents created by any third party, and including without limitation any executed Agreements, draft Agreements, memoranda of understanding, offers, prospectuses, proposals, confidential information memoranda, credit assessments, all Documents and Communications relating to negotiations, due diligence requests, Documents and Communications created, collected, placed in data rooms, or produced in response to due diligence requests, all regulatory filings, registration documents, and any other Documents or Communications sent to or received by You relating to any U.S., state, or local agency, and all other Documents and Communications relating in any way to the acquisition and merger of World Wrestling Entertainment, Inc. in

2023.

**Document Request No. 42.**

All Documents and Communications relating to any efforts by You or made on Your behalf to raise capital, including but not limited to loans or issuance of debt or equity, and including without limitation any Agreements, draft Agreements, negotiations, investor presentations, prospectuses, confidential information memoranda, credit assessments, due diligence requests, Documents and Communications created, collected, placed in data rooms, or produced in response to due diligence requests, and all other documents and communications related in any way to efforts to raise capital, regardless of whether any loan was actually obtained or any debt or equity was actually issued.

**Document Request No. 43.**

Documents and Communications sufficient to Identify each of Your employees or agents or anyone purporting to act on Your behalf involved in approving or negotiating the terms of any Agreement, or proposed Agreement, for all or part of Zuffa to be acquired by Endeavor or by anyone else.

**Document Request No. 44.**

Documents and data (including structured or unstructured data) sufficient to show Your financial data, including at a minimum Your costs, revenue, income, EBITDA, assets, debits, borrowing costs, and profits, by month and by year, at the most granular level such documents and data are maintained.

**Document Request No. 45.**

All monthly and annual financial documents created or maintained by You or on Your behalf, including without limitation all audited financial statements, balance sheets, income statements,

profit and loss reports, margin analyses, equity valuations, asset appraisals, financial models, budgets (proposed or otherwise), investor presentations, margin analyses, pro formas, regulatory filings (including income tax returns), issuance of equity or debit, loans, and money owed or receivable, and any other form of financial reporting.

**Document Request No. 46.**

For each year of the Relevant Time Period, Documents sufficient to show beneficial ownership in Zuffa, and any changes thereto. This Request includes Documents sufficient to show the percentage of any stock or other interests owned by each Person holding a beneficial ownership interest and the consideration paid for such interest.

**Document Request No. 47.**

Documents and data sufficient to show all compensation including salary, bonuses, expense reimbursements, aviation expenses, distributions, dividends, stock awards, loans (including information about repayment or forgiveness), management fees, board fees, and all other compensation of any kind to all senior executives, board members, directors, beneficial owners, and shareholders holding more than a 5% interest in Endeavor, including the date of the compensation, the dollar value, the date of vesting, accrual, or maturation of the compensation (if applicable), the source of the compensation (e.g., from a debt issuance or from corporate profits), the reason given (if any) for the compensation, and the relative share received by each Person receiving compensation.

**Document Request No. 48.**

Documents and data sufficient to show any non-monetary benefits bestowed on any beneficial owners of Zuffa, including without limitation: (a) travel in private jets owned, leased, or paid for by You; (b) use of houses, apartments, vacation properties, or other real estate owned, leased, or

paid for by You; (c) use of motor vehicles owned, leased, or paid for by You; (d) tickets for sporting events or other entertainment events paid for by You; and/or (e) any other item, service, amenity, activity, or privilege provided to one or more of the beneficial owners at Your expense.

**Document Request No. 49.**

For each year of the Relevant Time Period, Documents sufficient to show Your corporate structure, including the organization of each division, department, unit or subdivision, parent, subsidiary, joint venture or affiliate of Your company. This request includes without limitation organizational charts, investor or debtor presentations, government filings, internal communications, and any Documents sufficient to show each Employee or executive with managerial responsibilities relating to the UFC.

**Document Request No. 50.**

All Documents constituting, referencing, or relating to Your transactional data, at the most granular level possible, for each UFC Professional MMA Event held during the Relevant Time Period, sufficient to show at a minimum the following:

  a) total gate receipts from each UFC Professional MMA Event during the Relevant Time Period, broken down by event;

  b) total attendance at each UFC Professional MMA Event during the Relevant Time Period, broken down by event;

  c) total revenues from each PPV broadcast of UFC Professional MMA Event during the Relevant Time Period, broken down by event;

  d) total revenues from non-PPV broadcast of UFC Professional MMA Event during the Relevant Time Period, broken down by event and by contracted broadcaster (e.g., ESPN, Fox, Spike, etc.);

e)  total revenues from closed circuit broadcast to commercial venues such as bars, restaurants, or theaters of each UFC Professional MMA Event during the Relevant Time Period, broken down by event;

f)  total revenues derived from the sale of advertising during all broadcasts of UFC Professional MMA Events, whether PPV or non-PPV, during the Relevant Time Period, broken down by month and year, by PPV or non-PPV, and by advertiser;

g)  total revenues derived in any way from the Promotional and Ancillary Rights, as described in Your Promotional and Ancillary Rights Agreements with MMA Fighters, relating to all professional MMA Fighters who have been under contract with the UFC at any time during the Relevant Time Period, broken down by month and year;

h)  total revenues derived from Agreements with sponsors of the UFC or of the Professional MMA Fighters who have been under contract with the UFC at any time during the Relevant Time Period;

i)  total revenues by event;

j)  the gross and net price paid by customers for transactions by unit, subscription, and/or ticket for a single Pay Per View, ticket to a live event, or UFC Fight Pass subscription;

## **Document Request No. 51.**

Documents and data in as granular form as the information is maintained, sufficient to show any and all compensation paid to each UFC Fighter individually for each UFC Professional MMA Bout that the UFC Fighter participated in during the Relevant Time Period, on a fighter-by-fighter basis, broken down by Professional MMA Bout (so that each UFC Fighter's

compensation data is available in one Document or sequence of Documents, and it is produced with sufficient granularity so that the compensation is clearly attributed to the UFC Professional MMA Bout at which the Fighter earned it), as follows:

a)  the date and location of each UFC Professional MMA Bout the UFC Fighter participated in during the Relevant Time Period, and

b)  the base salary the UFC Fighter received for each UFC Professional MMA Bout he or she participated in during the Relevant Time Period;

c)  all bonuses the UFC Fighter received for each UFC Professional MMA Bout he or she participated in during the Relevant Time Period (including, but not limited to

d)  any and all discretionary bonuses or payments, fight of the night night, performance of the night, knockout and submission of the night bonuses) bonuses), broken down by each bonus received for each Professional MMA Event;

e)  all broadcast royalties the UFC Fighter received (if any) for each UFC Professional MMA Bout he or she participated in during the Relevant Time Period, broken down so that the broadcast royalties are traceable to a particular UFC Professional MMA Bout (to be clear, if the UFC Fighter received broadcastroyalties from more than one UFC Professional MMA Bout, the broadcast royalties should be clearly attributed to the specific UFC Professional MMA Bout from which they were generated);

f)  any other form of compensation the UFC Fighter received for each UFC Professional MMA Bout he or she participated in during the Relevant Time Period; and, Pay Per View shares the UFC Fighter received for each UFC Professional MMA Bout he or she participated in during the Relevant Time Period.

**Document Request No. 52.**

Profit and loss statements (including identity of participating fighters and compensation paid to each) for each UFC Professional MMA Event.

**Document Request No. 53.**

Documents sufficient to show Your actual costs for presenting UFC Professional MMA Events, down to as granular a level as possible, including without limitation venue costs, promotional costs, compensation for UFC Fighters, insurance, safety, and all other costs incidental to presenting UFC Professional MMA Events.

**Document Request No. 54.**

Documents sufficient to show Your actual costs for presenting UFC Professional MMA Bouts, down to as granular a level as possible, including without limitation venue costs, promotional costs, compensation for UFC Fighters, insurance, safety, and all other costs incidental to presenting UFC Professional MMA Bouts.

**Document Request No. 55.**

Documents sufficient to show Your actual costs involved in promoting the UFC as a brand.

**Document Request No. 56.**

All documents relating to materials produced by third party analysts or consultants regarding Zuffa, including without limitation reports that analyze or project demand, revenues, income, profits, or market share. Documents responsive to this Request include both documents produced by such third party analysts or consultants (including both those retained by You and those producing such materials without an Agreement with You) and any comments, edits, or drafts of such materials or other documents You created and submitted to such third party analysts or consultants.

**Document Request No. 57.**

All documents created by You or by third party analysts or consultants regarding competition among MMA Promoters or would-be MMA Promoters for (a) the purchase of MMA Fighter services and (b) promotion of Professional MMA Events generally, including without limitation reports that analyze or project demand, revenues, income, profits or market share.

**Document Request No. 58.**

All Documents referencing or relating to comparison of compensation models or Agreements between the UFC and other major professional sports, including without limitation boxing, pro wrestling, football, basketball, and baseball.

**Document Request No. 59.**

All Agreements (and any amendments thereto) entered into between You and any MMA Promoter relating to the acquisition of assets, equity, or other interests of any MMA Promoter, and all Documents referencing or relating to the potential or actual acquisition of assets, equity, or interests of any MMA Promoter, including, but not limited to, internal strategy documents, projections, cost-benefit analyses, cost estimates, and all Agreements or contracts (and any amendments thereto).

**Document Request No. 60.**

Documents sufficient to identify each Person involved in approving or negotiating the terms of any Agreements or potential Agreements for the acquisition or potential acquisition of assets, or equity, or interests of any MMA Promoter.

**Document Request No. 61.**

Documents sufficient to Identify each Person or entity You consider to be, or considered to have been, an actual or potential competitor of the UFC for (a) the purchase of MMA Fighter services,

and/or (b) the promotion of live Professional MMA Events in the United States or abroad.

**Document Request No. 62.**

Documents or data sufficient to calculate the actual or potential market share held by the UFC and each of the UFC's actual or potential competitors (as Identified in Request No. 61) in terms of total revenue by region (US, North America, South America, Europe, Asia, and any others) derived from the promotion of live Professional MMA Bouts and all other income sources, including without limitation merchandising, licensing, sponsorships, advertising, video games, and other income sources based on the use of Professional MMA Fighters' Identities.

**Document Request No. 63.**

Documents or data sufficient to Identify the actual and/or estimated share of Professional MMA Fighters' services, by both dollar amount and number of fighters, for the purchase of the services of Professional MMA Fighters by the UFC and each of Your actual or potential competitors identified in your response to Request No. 61 by region (US, North America, South America, Europe, Asia, and any others).

**Document Request No. 64.**

All Documents and data referencing or relating to the determination of Professional MMA Fighter compensation by the UFC (identified in your response to Request No. 54, above) in the promotion of live Professional MMA Events and all other income sources, including without limitation merchandising, licensing, sponsorships, advertising, video games, and other income sources based on the use of Professional MMA Fighters' Identities.

**Document Request No. 65.**

All Documents and data referencing or relating to the determination of Professional MMA Fighter compensation by any of the UFC's actual and potential competitors (identified in your

response to Request No. 54, above) in the promotion of live Professional MMA Events and all other income sources, including without limitation merchandising, licensing, sponsorships, advertising, video games, and other income sources based on the use of Professional MMA Fighters' Identities.

**Document Request No. 66.**

All Documents analyzing, discussing, or relating to the competitive strengths or weaknesses of actual or potential competitors (identified in your response to Request No. 61 or otherwise, above) in the promotion of live Professional MMA Events and/or in the purchase of the services of Professional MMA Fighters.

**Document Request No. 67.**

All Documents referencing or relating to communications and/or negotiations with any sponsors or advertisers in connection with Endeavor's acquisition of Zuffa.

**Document Request No. 68.**

All Documents and Communications referencing or relating to any Agreements entered into by You relating to Venues for Professional MMA Events, including all Agreements, all draft Agreements, and all Documents and Communications relating to negotiation of such Agreements or draft Agreements.

**Document Request No. 69.**

All Documents and Communications relating to the drafting of and the reasoning behind the "Exclusivity Clause" in UFC Bout Agreements, which binds UFC Fighters into a restricted relationship with the UFC and prohibits them from appearing in Professional MMA Bouts televised or organized by actual or potential rival promotions unless approved by the UFC.

**Document Request No. 70.**

All Documents and Communications referencing or relating to the drafting of and the reasoning behind the "Champion's Clause" in UFC Bout Agreements, which allows the UFC to extend a UFC Fighter's contract for as long as the athlete is a "champion" in his or her weight class.

**Document Request No. 71.**

All Documents and Communications referencing or relating to the drafting of and the reasoning behind the "Right to First Offer" and "Right to Match" Clauses in UFC Bout Agreements, which grant the UFC the option to match the financial terms and conditions of any offer made to a UFC Fighter for a Professional MMA Bout even after the Fighter's contract has expired.

**Document Request No. 72.**

All Documents and Communications referencing or relating to the drafting of and the reasoning behind the "Ancillary Rights Clause" in the Promotional and Ancillary Rights Agreements, which grants the UFC exclusive and perpetual worldwide personality and Identity rights of the UFC Fighter.

**Document Request No. 73.**

All Documents and Communications referencing or relating to the drafting of and the reasoning behind the "Promotion Clause" in the Promotional and Ancillary Rights Agreements, which requires UFC Fighters to attend, cooperate, and assist in the promotion of Professional MMA Bouts in which they fight and, as required by the UFC, any other Professional MMA Bouts, Professional MMA Events, broadcasts, press conferences and sale of UFC Licensed Merchandise.

**Document Request No. 74.**

All Documents and Communications referencing or relating to the drafting of and the reasoning

behind the "Retirement Clause" which gives the UFC the power "to retain the rights to a retired fighter in perpetuity."

**Document Request No. 75.**

All Documents and Communications referencing or relating to the drafting of and the reasoning behind the tolling provisions, which extend the term of a UFC Fighter's contract during periods when he or she is injured, retired, or otherwise declines to compete.

**Document Request No. 76.**

All Documents and Communications referencing or relating to the drafting of and the reasoning behind the "Sponsorship and Endorsement Clause," which appears to grant the UFC sole discretion over all sponsorship and endorsement approvals.

**Document Request No. 77.**

All Documents and Communications analyzing or quantifying the overall impact or effect of the contractual clauses in Zuffa's Promotional and Ancillary Rights Agreements on (a) UFC Fighters' mobility or compensation, and/or (b) the ability of Zuffa's competitors (as identified in your response to Request No. 61, supra, or otherwise) to compete for Professional MMA Fighters services or to promote Professional MMA Events that can successfully compete against Zuffa.

**Document Request No. 78.**

Documents sufficient to identify each of Your Employees or agents involved in approving or negotiating the terms of each of Your Agreements with any Professional MMA Fighters.

**Document Request No. 79.**

All Documents and Communications relating to any Agreements between You and any other MMA Promoter (past or present) relating to a Professional MMA Fighter's services, including

all executed Agreements (and any amendments thereto), draft Agreements, and all Documents and Communications relating to the negotiation of such agreements, regardless of whether an Agreement was executed.

**Document Request No. 80.**

Documents sufficient to identify each of Your Employees or agents involved in approving or negotiating the terms of any Agreements or potential Agreements with any other MMA Promoter (past or present) relating to the provision of Professional MMA Fighter services.

**Document Request No. 81.**

All Documents and Communications constituting or relating to Agreements between You and any broadcaster of professional MMA events (including PPV and non-PPV Professional MMA Events), including without limitation all executed Agreements (and any amendments thereto), draft Agreements, and all Documents and Communications relating to the negotiation of such Agreements, Documents and Communications analyzing the terms of any actual or potential such Agreement, regardless of whether an Agreement was executed.

**Document Request No. 82.**

Documents sufficient to identify each of Your Employees and agents involved in approving or negotiating the terms of any Agreements or potential Agreements with any broadcaster of professional MMA events (including PPV).

**Document Request No. 83.**

All Documents and Communications relating to Agreements between You and any sponsors of the UFC or of the Professional MMA Fighters under contract with the UFC, including without limitation all executed Agreements (and any amendments thereto), draft Agreements, and all Documents and Communications relating to the negotiation of such Agreements, regardless of

whether an Agreement was executed.

**<u>Document Request No. 84.</u>**

Documents sufficient to identify each of Your Employees and/or agents involved in approving or negotiating the terms of any Agreements or potential Agreements with any sponsors of the UFC or the Professional MMA Fighters under contract with the UFC.

**<u>Document Request No. 85.</u>**

All Documents referencing or relating to the ability of any UFC Fighter to switch to and/or fight for, an actual or potential rival promotion. Responsive Documents include, but are not limited to, Documents referencing or relating to the costs to UFC Fighters and/or their managers or promoters associated with such a switch, any requirements or obligations imposed by a contract between the UFC and UFC Fighters, and/or Documents concerning communications or negotiations between the UFC and UFC Fighters with respect to a switch or potential switch from the UFC to a rival MMA Promoter.

**<u>Document Request No. 86.</u>**

All communications between you and anyone else referencing or relating to this lawsuit or *Le, et al. v. Zuffa, LLC*, 2:21-cv-1189-RFB-BNW (D. Nev.), or any of the named plaintiffs in either of those cases, exclusive of any communications protected by the Attorney/Client Privilege.

**<u>Document Request No. 87.</u>**

All Documents referencing or relating to indemnification or defense (corporate or individual), judgment sharing, joint defense, liability or responsibility for judgment in this action, for You and any of your officers, including by way of example not limitation, indemnity Agreements, joint defense Agreements, judgment sharing Agreements, tenders of defense, denials or reservations of rights.

**Document Request No. 88.**

All Documents referencing or relating to any websites operated by You or on Your behalf, including Documents sufficient to show who had responsibility for creating, maintaining, and adding or deleting content (including any private messaging) to or from such websites.

**Document Request No. 89.**

Documents sufficient to identify each Person responsible for any Social Media account operated by or on behalf of Zuffa, including documents sufficient to show who had responsibility for creating, maintaining, and adding or deleting content (including any private messaging) to or from such Social Media accounts.

**Document Request No. 90.**

All contracts or Agreements between the UFC and any Social Media organization.

**Document Request No. 91.**

All Documents and Communications relating to any content posted to any website or Social Media relating to UFC Professional MMA Bouts, including pre-bout promotional content and post-bout content.

**Document Request No. 92.**

All Documents, including any content posted to any website or Social Media, referencing or relating to the Professional MMA Fighters under contract with the UFC.

**Document Request No. 93.**

All Documents referencing or relating to Zuffa's registration with any regulatory bodies governing the MMA industry. Include all Documents referencing or relating to any suspensions of Zuffa for any reason by any government agency or any Person responsible for regulation, supervision, licensing, permitting or safety of Professional MMA Bouts and Professional MMA

Fighters.

## **Document Request No. 94.**

All Documents and Communications relating to meetings or the business of Your Board of Directors, including without limitation all agendas, minutes, presentations, Agreements, and resolutions created by or for the Board of Directors, including all Documents and Communications directed to and presented by management or outside professionals, which address capital raises, business combinations, dividends and any other executive compensation matters.

## **Document Request No. 95.**

All Documents and Communications relating to any provision of Your Promotional and Ancillary Rights Agreement that terminated any rights You had under the contract after a stated amount of time notwithstanding any provision that could otherwise extend the term of the Agreement, including all documents discussing the purpose(s) of such provisions, documents discussing the reason(s) for no longer including them, and documents constituting or reflecting analyses of the effects of such provision(s) on Your business.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Nevada

| | |
|---|---|
| Johnson et al | ) |
| *Plaintiff* | ) |
| v. | ) |
| Zuffa, LLC dba Ultimate Fighting Championship et al | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.    2:21-cv-01189-RFB-BNW

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                          Patrick Whitesell

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A.

| Place: Your offices or another mutually agreeable location, including electronically. | Date and Time: 04/17/2025 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    03/18/2025

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Joseph R. Saveri |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Plaintiffs
_____ , who issues or requests this subpoena, are:

Joseph R. Saveri, 601 California Street, #1505, San Francisco, CA 94108, (415) 500-6800, jsaveri@saverilawfirm.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  2:21-cv-01189-RFB-BNW

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

**I.     DEFINITIONS**

1.  The following rules of construction should apply to all discovery requests:

    a)  "**All**" should be construed to include the collective as well as the singular and shall mean "each," "any," and "every."

    b)  "**And**" and "**or**" should be construed so as to require the broadest possible response. If, for example, a request calls for information about "A or B" or "A and B," You should produce all information about A and all information about B, as well as all information about A and B collectively. In other words, "or" and "and" should be read as "and/or."

    c)  "**Any**" shall be construed to mean "any and all."

    d)  "**Including**" shall be construed to mean "without limitation." "Including" is used to emphasize certain types of documents requested and should not be construed as limiting the request in any way.

    e)  "**Relating to**," "**referring to**," "**regarding**," or "**with respect to**" mean, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

    f)  The use of the singular form of any word includes the plural and vice versa.

    g)  Unless otherwise indicated, the use of the present tense of any verb shall be construed to include the past tense going back to the beginning of the Relevant Time Period, and the use of the past tense shall be construed to run from the beginning of the Relevant Time Period until the scheme alleged by Plaintiffs ends.

2.  "**Action**" means *Kajan Johnson, et al. v. Zuffa, LLC, et al.*, No. 2:21-cv-01189 (D. Nev.).

3.   "**Agreement**" means any oral or written contract, arrangement or understanding, whether formal or informal, between two or more persons, together with all modifications and amendments thereto.

4.   "**Communication**" means without limitation, oral or written communications of any kind, such as electronic communications, direct communications through social media (including without limitation direct messaging, instant messaging, chatting or emailing within a social media platform), facsimiles, telephone communications, correspondence, exchange of written or recorded information, or face-to-face meetings. The phrase "communication between" is defined to include instances where one party addresses the other party but the other party does not necessarily respond. The phrase "communication" includes all attachments to e-mail messages.

5.   "**Date**" means the exact day, month and year, if ascertainable, or the best available approximation, including any relationship to other known events (designate whether exact or approximate).

6.   "**Defendants**" means Zuffa and Endeavor as those terms are defined herein.

7.   "**Document(s)**" shall mean and include all "writings," "recordings" or "photographs" as those terms are defined in Federal Rule of Civil Procedure 34 and Rule 1001 of the Federal Rules of Evidence. Without limiting the generality of the foregoing, the term "Documents" includes both hard copy documents and electronically stored data files including but not limited to e-mail, instant messaging, social media content (including without limitation public content such as Tweets, YouTube submissions, Facebook posts, and posts to any public electronic billboard, as well as private content such as direct messaging, instant messaging, chats, and email), shared network files and databases. "Documents" also includes, without limitation and regardless of whether stored in hard copy or electronically, any letters, correspondence, memoranda, analyses, legal pleadings,

calendars, diaries, travel records, summaries, records of telephone conversations, telegrams, notes, reports, compilations, notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, audiotapes, film and sound reproductions, e-mails, internal or external web sites, audio or video discs data on magnetic or optical storage media (e.g., servers, storage area networks, interconnected remote servers (so-called "cloud computing"), hard drives, backup tapes, CDs, DVDs, Blu-ray, DVD-HD, USB/thumb/flash drives, floppy disks or any other type of portable storage device, etc.) stored as an "active" or backup file, in its native format, computer files, discs and drives, sales, advertising and promotional literature, agreements, stored recordings, minutes or other records of meetings, all written or graphic records or representations of any kind, and all mechanical or electronic data, records or representations of any kind.

8. "**Electronically Stored Information**," abbreviated as "**ESI**" has the same meaning and scope as it has in the Federal Rules of Civil Procedure and includes, without limitation, the following:

a)   structured and unstructured data, as those terms are defined in The Sedona Conference Glossary, available at www.thesedonaconference.org/publications;

b)   activity listings of electronic mail receipts and/or transmittals;

c)   output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, text messages (SMS, MMS or TMS), iMessages, Blackberry Messenger (BBM), AOL Instant Messenger™ (or similar program), social media (including without limitation Twitter, LinkedIn, YouTube, Facebook, Instagram, and any other internet based messaging system) or bulletin board programs, operating

systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

d)  any and all items stored on computer memories, hard disks, floppy disks, CD discs, DVD discs, flash drives, thumb drives, memory cards, magnetic tape, microfiche, off-site interconnected servers (so-called "cloud computing"), or in any other vehicle for digital data storage and/or transmittal, such as, but not limited to, a personal digital assistant (*e.g.*, Blackberry, Smart Phone or similar device) and file folder tabs, and/or containers and labels appended to, or relating to, any physical storage device associated with each original and/or copy of all documents requested herein;

e)  any and all items stored on voice-mail systems, websites, company intranet sites, chat rooms and social networking websites (*e.g.*, Facebook, LinkedIn, Twitter, and social websites listed at http://en.wikipedia.org/wiki/List of social networking websites); and

f)  any and all data, data compilations, and data analyses.

9.  "**Employee**" means, without limitation, any current or former officer, director, executive, manager, member, secretary, staff member, consultant, messenger, agent or other person who is or was employed by a Person or entity.

10. "**Endeavor**" means Endeavor Group Holdings, Inc., and its executives, employees, agents, owners, and all predecessors, successors, subsidiaries, departments, divisions, and/or affiliates, including without limitation any organization or entity involved in the promotion, regulation, or support of MMA Events in which Endeavor owns a controlling share or which Endeavor manages or controls (including without limitation Endeavor Operating Company, LLC, TKO Operating Company, LLC (f/k/a Zuffa Parent, LLC), World Wrestling Entertainment, Inc., TKO Group

Holdings, Inc. (f/k/a New Whale Inc.), Whale Merger Sub Inc., Zuffa, LLC, and any parent of or successor to Zuffa, LLC), together with all present and former directors, members, officers, employees, agents, representatives or any persons acting or purporting to act on Endeavor's behalf.

11. "**Identify**," when used in reference to an individual employee, means to produce documents sufficient to identify: the person's full name, last known business and home address; date of birth; social security number; title or position and period of service in each such position; immediate supervisor in each position; business and home telephone numbers (including voice, cellular and facsimile phone numbers) assigned to or used by such person and the period during which such numbers were assigned to be used by that person; and business and home electronic mail identifiers and the period during which such identifiers were assigned to and used by that person.

12. "**Identity**" of a Professional MMA Fighter means that person's name, sobriquet, voice, persona, signature, likeness and/or biographical information.

13. "**Include**," "**Includes**," and "**Including**" shall be construed to mean "without limitation" and should not be construed as limiting the request in any way.

14. "**Meeting**" means, without limitation, any assembly, convocation, encounter, or contemporaneous presence of two or more persons for any purpose, whether planned or arranged, scheduled or not. Meeting attendees may be present in person or by electronic means including, but not limited to, teleconference and videoconference.

15. "**Merchandise**" means any apparel, footwear, hats, publications, posters, photographs, memorabilia, souvenirs, toys, collectibles, action figures, trading cards, video games, and any and all other similar type products, including the sleeves, jackets, and packaging for such products.

16. "**Merchandise Rights**" means the right to use, edit, disseminate, display, reproduce, print,

publish and make any other uses of the name, sobriquet, voice, persona, signature, likeness and/or biographical information (collectively, "Identity") of an MMA Fighter solely in connection with the development, manufacture, distribution, marketing and sale of Licensed Merchandise.

17. "**Mixed Martial Arts**" or "**MMA**" means a competitive individual sport in which competitors use interdisciplinary forms of martial arts that include, *e.g.*, jiu-jitsu, judo, karate, boxing, kickboxing, taekwondo, and/or wrestling to their strategic and tactical advantage in a supervised match. Scoring in live Professional MMA Bouts is based on athletic commission-approved definitions and rules for striking (blows with the hand, feet, knees or elbows) and grappling (submission holds, chokeholds, throws or takedowns).

18. "**MMA Fighter**" means any Person who participates as a combatant in an MMA bout.

19. "**MMA Industry**" means the business of promoting live MMA bouts and may also include the promotion of Pay-Per-View MMA events to generate Pay-Per-View revenues and ticket sales as well as ancillary activities such as: the sale of live and taped television programming, video-on-demand, merchandise (videos, DVDs, video games, apparel, hats, sporting equipment, etc.), event and fighter sponsorships, and the collection of MMA-related copyright and trademark royalties.

20. "**MMA Promoter**" or "**MMA Promotion**" means a person or entity that arranges **Professional MMA Events**.

21. "**Pay-Per-View**" or "**PPV**" means a "**Pay-Per-View**" or "**PPV**" means a type of pay television or broadcast service by which a subscriber of an Internet or television service provider can purchase events to view live via private telecast or Internet broadcast. The events are typically purchased live, but can also be purchased for several weeks after an event first airs. Events can be purchased using an on-screen guide, an automated telephone system, on the Internet or through a live customer service representative.

22. "**Person**" means, without limitation, any natural person, corporation, partnership, limited liability company, proprietorship, joint venture, trust, association, government entity, group or other form of legal entity.

23. "**Plaintiff(s)**" means Kajan Johnson, C.B. Dollaway and Tristen Connelly, and any named plaintiffs in any subsequently filed actions which are related to or consolidated with the Action in the court with jurisdiction over the cases.

24. "**Possession, Custody or Control**" when referring to Documents or other tangible objects means any Document or other tangible object You have access to regardless of whether You have actual possession of the document or other tangible object. This includes Documents You have the legal right to obtain or for which You have control over the person who has control of the Document, including without limitation Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or Your attorneys or their agents, employees, representatives or investigators.

25. "**Post-Bout Event**" means any interviews and press conferences that follow and relate to a Professional MMA Bout.

26. "**Pre-Bout Event**" means training, interviews, press conferences, weigh-ins and behind-the-scenes footage that precede, and relate to, a Professional MMA Bout.

27. "**Professional MMA Bout**" means a bout between two Professional MMA Fighters.

28. "**Professional MMA Event**" means one or more Professional MMA Bouts presented by an MMA Promoter before a live audience and/or for broadcast.

29. "**Professional MMA Fighter**" means an MMA Fighter who is compensated as a combatant in an MMA bout.

30. **Promotional Rights and Ancillary Rights Agreement**" means an Agreement between

Endeavor and a UFC Fighter regarding any combination of rights to site fees, live-gate receipts, advertising fees, sponsorship fees, motion pictures, all forms of radio, all forms of television (including live or delayed, interactive, home or theater, pay, PPV, satellite, closed circuit, cable, subscription, multi-point, master antenna, or other), telephone, wireless, computer, CD-ROM, DVD, any and all Internet applications, films and tapes for exhibition in any and all media and all gauges, including but not limited to, video and audio cassettes and disks, home video and computer games, arcade video games, hand-held versions of video games, video slot machines, photographs (including raw footage, out-takes and negatives), merchandising and program rights, in connection with or based upon the UFC brand, UFC Professional MMA Bouts, UFC Professional MMA Events, UFC Pre-Bout Events, or UFC Post-Bout Events.

31. "**Relating to**," "**referring to**," "**regarding**," or "**with respect to**" mean, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

32. "**Social Media**" means any web-hosted applications that facilitate public posting of words, images or video and audio recordings, and private interactions such as private messaging or email, among users. Examples of Social Media include, without limitation, Twitter, Facebook, YouTube, Instagram, Pinterest, My Space, and Truth Social.

33. "**Sponsor**" means any corporate entity which pays or seeks to pay a monetary consideration to a Professional MMA Fighter or an MMA Promoter in exchange for the right to display its products, logo or other promotional materials in connection with such fighter or promoter; or the act of paying a monetary consideration to a Professional MMA Fighter or an MMA Promoter in

exchange for the right to display a Person's products, logo or other promotional materials in connection with such fighter or promoter.

34. "**TKO**" means TKO Operating Company, LLC and all predecessors, successors, subsidiaries, departments, divisions, and/or affiliates, including without limitation any organization or entity which the responding Defendant manages or controls, together with all present and former directors, members, officers, employees, agents, representatives or any persons acting or purporting to act on behalf of the responding Defendant.

35. "**UFC**" means Zuffa, LLC, Ultimate Fighting Championship, TKO Operating Company, LLC, and all predecessors, successors, subsidiaries, departments, divisions, and/or affiliates, including without limitation any organization or entity which the responding Defendant manages or controls, together with all present and former directors, members, officers, employees, agents, representatives or any persons acting or purporting to act on behalf of the responding Defendant, including: Zuffa Australia, LLC; Zuffa Aviation, LLC; Zuffa Brazil, LLC; Zuffa Canada, LLC; Zuffa Expo, LLC; Zuffa Fit 360, LLC; Zuffa Fitness Elite, LLC; Zuffa Fitness, LLC; Zuffa Holding Company, LLC; Zuffa Interactive Investor, LLC; Zuffa International, LLC; Zuffa Ireland, LLC; Zuffa Landco, LLC; Zuffa Mali, LLC; Zuffa Marketing, LLC; Zuffa Mexico, LLC; Zuffa Music, LLC; Zuffa On Demand, LLC; Zuffa Pipco 1, LLC; Zuffa Records, LLC; Zuffa Taps, LLC; and Zuffa Zen, LLC, and also including all entities that UFC merged with or acquired, such as, e.g., Explosion Entertainment, LLC (d/b/a Strikeforce), World Extreme Cagefighting, World Fighting Alliance, and Pride Fighting Championships.

36. "**UFC Fighter**" means a person who is paid by the UFC for participating in one or more Professional MMA Bouts promoted by the UFC or whose Identity was acquired for use by the UFC.

37. "**You**" or "**Your**" Patrick Whitesell, any organization or entity which **You** manage, control, have an ownership interest in. or are employed by; and any employees, agents, representatives or persons acting or purporting to act on Your behalf.

38. "**Zuffa**," "**UFC**," or "**Defendant**" all mean Ultimate Fighting Championship, UFC, TKO Operating Company, LLC ("**TKO OpCo**") (f/k/a Zuffa Parent LLC), a Delaware limited liability company and the direct subsidiary of TKO Group Holdings, Inc., a Delaware corporation ("**TKO Group Holdings**"), Endeavor Group Holdings, Inc., a Delaware corporation ("**Endeavor**"), and all predecessors, successors, subsidiaries, departments, divisions, acquisitions, affiliates and any organization or entity TKO OpCo or TKO Group Holdings manages or controls, together with all present and former directors, members, officers, employees, agents, representatives or any persons acting or purporting to act on TKO OpCo's behalf including, without limitation, Ariel Emanuel, Dana White, Mark Shapiro, Patrick Whitsell, Ike Lawrence Epstein, Lorenzo Fertitta or Hunter Campbell.

## II.  **INSTRUCTIONS**

1. In producing Documents, You are requested to furnish all Documents or things in Your possession, custody or control, regardless of the physical location of the Documents, or whether such Documents or other materials are possessed directly by You or Your directors, officers, agents, employees, representatives, managing agents, affiliates, investigators, or by Your attorneys or their agents, employees, representatives or investigators.

2. If any Document covered by these requests is withheld by reason of a claim of attorney-client privilege, attorney work product protection, or any other privilege or protection, please furnish a log providing the following information with respect to each such withheld document: date, author, recipients, general subject matter sufficient to make a prima facie determination

whether the asserted privilege has been properly invoked, and legal basis upon which the document has been withheld.

3.    In producing Documents, You are requested to produce the original of each Document requested, together with all non-identical copies and drafts of such Document. If the original of any Document cannot be located, a copy shall be produced in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

4.    If any requested Document cannot be produced in full, You are to produce it to the extent possible and indicate which Document or portion of such Document is being withheld, and the reason it is being withheld.

5.    Documents not otherwise responsive to these Requests shall be produced if such Documents mention, discuss, refer to, or explain the Documents that are called for by these Requests, or if such Documents are attached to Documents called for by these Requests and constitute routing slips, transmittal memoranda, letters, cover sheets, comments, evaluation or similar materials.

6.    All Documents shall be produced in the same order as they are kept or maintained by You. If any Documents have been removed from the files in which they were found for purposes of producing them in response to these Requests, indicate for each Document the file(s) in which the Document(s) was (or were) originally located.

7.    In responding to these Requests You are to include Documents: (a) obtained from witnesses who gave information to any governmental agency or other investigatory or regulatory body as part of any investigation of the UFC or of the MMA Industry generally; (b) that constitute, or refer or relate to, summaries of testimony or other statements given in connection with such investigations; or (c) obtained on Your behalf by counsel in preparing for testimony or interviews

11

in connection with such investigations.

8.  If a Document once existed and has subsequently been lost, destroyed, or is otherwise missing, please provide sufficient information to identify the Document and state the details concerning its loss.

9.  With respect to any Document maintained or stored electronically, please harvest it in a manner that maintains the integrity and readability of all data, including all metadata.

10. Unless otherwise agreed, all ESI should be produced in native format via a secure file transfer protocol, or on compact disc(s), DVD disc(s) or zip drives in the original electronic file format(s) of the Documents.

11. Please produce all Documents maintained or stored electronically in native, electronic format with all relevant metadata intact. Encrypted or password-protected documents should be produced in a form permitting them to be reviewed. You are also requested to immediately meet and confer regarding the manner in which You shall produce Documents stored electronically in order for the parties to try and reach agreement in this regard and avoid any unnecessary expense.

12. Please organize electronic Documents produced for inspection in the same manner that You store them (e.g., if maintained by a custodian, such as e-mail residing on an e-mail server, please organize documents for production by custodian; if maintained as a subfolder of "My Documents" on a custodian's hard drive, please organize documents for production by custodian with path information preserved, etc.).

13. All ESI should be produced in accordance with the Stipulated Order Re: Discovery of Electronically Stored Information, approved by the Court on December 6, 2023, ECF No. 115.

14. Documents attached to each other should not be separated, including, but not limited to, hard-copy versions of Documents attached to hard-copy printouts of e-mails produced pursuant to

these Requests.

15. At Your election, documents maintained or stored in paper, hard-copy form can be produced as searchable .PDF (i.e., portable document format files with embedded text) and in an appropriate and usable manner (e.g., by copying such data onto an external hard drive).

16. These requests require production of paper documents in the same form and same order as they are kept in the usual course of business, or organized and labeled to correspond with the requests set forth below. If You choose the former method, the documents are to be produced in the boxes, file folders, binders and other containers in which the documents are found. The titles, labels or other descriptions on the boxes, file folders, binders or other containers are to be left intact.

17. Documents stored as electronic data on magnetic, optical, or other storage media as "active" or "backup" files shall be produced in their native formats with any associated metadata.

18. To the extent responsive Documents reside on databases and other such systems and files, You are requested to produce the relevant database in useable form and/or permit access for inspection, review, and extraction of responsive information.

19. To the extent responsive Documents are in languages other than English, the parties shall meet and confer to discuss the format of production prior thereto.

20. No part of a document request shall be left unanswered merely because an objection was interposed to another part of the document request.

21. If You object to any document request or subpart thereof, the objection shall state with specificity all grounds. Any ground not stated shall be waived.

22.  If You are unable to answer any document request, the reasons for Your inability to answer shall be separately stated in detail for each document request.

23.  Failure to provide information in response to these document requests will be deemed a waiver of Your right to produce such evidence at trial. Plaintiffs reserve the right to move to preclude the introduction of any evidence not produced in response to these requests.

24. Category headings herein are for convenience and should not be relied upon to modify, limit, alter or otherwise influence in any way how to interpret these document requests.

### III.    RELEVANT TIME PERIOD

Unless otherwise noted herein, the relevant time period of these document requests is January 1, 2015, until the present (the "**Relevant Time Period**"). These document requests seek all responsive Documents created or generated during the Relevant Time Period, as well as responsive Documents created or generated outside the Relevant Time Period, but which contain information concerning the Relevant Time Period.

### IV.    PRODUCTION REQUESTS

### Document Request No. 1

Documents sufficient to identify each electronic device that You used to transmit or receive Communications during the Relevant Time Period, including but not limited to cellular telephones, laptop or notebook computers, desktop computers, and portable tablets, including but not limited to Any electronic device that You purchased, that was purchased for You, or that was issued to You by Defendants.

### Document Request No. 2

Documents sufficient to identify the telephone number and provider or carrier of each cellular telephone identified in response to Request No. 1.

### Document Request No. 3

Documents sufficient to identify when You first started using and, if applicable, when You

stopped using, each mobile telephone number identified in response to Request No. 2.

## Document Request No. 4

Documents sufficient to identify each messaging account or social media account that You used during the Relevant Time Period, including but not limited to Discord, Facebook, Google Chat, iMessage, Instagram, Kik, Microsoft Teams, Reddit, Signal, Skype, Slack, Snapchat, Telegram, TikTok, Truth Social, Whatsapp, WeChat, Zoom, X (Twitter), etc.

## Document Request No. 5

Documents sufficient to identify All username(s) and social media handle(s) for each account identified in response to Request No. 4

## Document Request No. 6

Documents sufficient to identify each email account that You used during the Relevant Time Period.

## Document Request No. 7

All Documents and Communications relating to Your role and activities relating to the distribution of UFC Events, including, without limitation, materials reflecting or describing any strategy for distributing UFC Events, the criteria any broadcast or distribution partners require concerning UFC Events (e.g., whether particular UFC Fighters must be available to appear, whether UFC Fighters of a particular rank must be available to appear, whether any particular UFC Event or proportion or set of UFC Events must include a championship bout), and/or advice or support You provide or provided to the UFC concerning its distribution of UFC Events.

## Document Request No. 8

All Documents and Communications relating to Your role in producing UFC Events, including materials relating to expenditures You made in connection with such Event production, Your

personnel's roles in UFC Event production, and any contracts or Agreements relating to Your role in producing UFC Events, and any Documents or Communications reflecting Your control or influence over the contents of UFC Events (e.g., which UFC Fighters will appear at the Event, the number and/or timing of UFC Events, the number and/or order of UFC Fighters appearing on a UFC Event card.

## Document Request No. 9

Documents and Communications sufficient to identify all of Your costs and expenses associated with producing UFC Events, including a final profit and loss calculation for each UFC Event.

## Document Request No. 10

All Documents and Communications relating to Your role in operating UFC's Fight Pass streaming platform, including, without limitation, Documents reflecting Endeavor's strategic planning for UFC's Fight Pass platform, Endeavor's employees' roles in operating the UFC's Fight Pass platform, Endeavor's strategy for marketing and selling access to the UFC's Fight Pass platform, all Agreements with third-parties to market and/or sell access to the UFC's Fight Pass platform, and/or any analysis of the UFC's Fight Pass platform's financial and/or market performance.

## Document Request No. 11

All Documents and Communications relating to Your business strategy for the UFC, including but not limited to SWOT analyses, financial analyses, strategies, analyses of UFC Fighter compensation, counterprogramming of other MMA Promoters' Professional MMA Events, assessments of other MMA Promoters' Professional MMA Fighter rosters, and acquisition analyses and strategies.

## Document Request No. 12

All Documents and Communications relating to any provisions in the UFC's Promotional and Ancillary Rights Agreements with UFC Fighters limiting the UFC's ability to extend the term of the Agreement (e.g., Paragraphs 4.3.2 and 4.4 in ZUFFA-J_00003638 and Paragraph 4.5 in UFC-00086462), including without limitation, the strategic and business purposes of these provisions and any changes thereto over time, evaluations of the effect of these provisions on the UFC's ability (or inability) to retain UFC Fighters under contract, evaluations on the benefits to Endeavor of such provisions, the criteria (and bases for employing such criteria) the UFC has used to determine whether to include such a provision (or not include such a provision) in the Promotional and Ancillary Rights Agreement of any particular UFC Fighter or group of UFC Fighters, and any correspondence or exchanged drafts of UFC Promotional and Ancillary Rights Agreements concerning the UFC Fighters' (or UFC Fighters' agents, managers, or other representatives) desire to include such a provision or make changes to such a provision in a UFC contract proposal.

## Document Request No. 13

All Documents and Communications relating to the UFC's business strategy for Professional MMA Events and/or Professional MMA Bouts held at UFC Apex, including Documents and Communications discussing the reasons for creating and/or establishing the UFC Apex, how UFC determines which Professional MMA Events and/or Professional MMA Bouts will be held at the Apex, and why any Professional MMA Events and/or Professional MMA Bouts were held at the Apex.

## Document Request No. 14

All monthly and annual financial documents containing information concerning the business

operations at the UFC Apex, including without limitation all audited financial statements, balance sheets, income statements, profit and loss reports, margin analyses, equity valuations, asset appraisals, financial models, budgets (proposed or otherwise), investor presentations, margin analyses, pro form as, regulatory filings (including income tax returns), issuance of equity or debit, loans, and money owed or receivable, and any other form of financial reporting.

**Document Request No. 15**

All Documents and Communications relating to any changes in the form and/or structure of revenues the UFC received for its broadcast rights, including, without limitation, Documents and Communications relating to changes in structure of PPV revenues received by the UFC and paid by ESPN following the UFC's 2019 broadcast rights deal with ESPN, including materials analyzing such changes and any corresponding changes in business practices or operations the UFC considered implementing based on such change in structure.

**Document Request No. 16**

All Documents and Communications relating to Your "flywheel"1 as it pertains to the UFC, including without limitation, materials reflecting how "the integration of [Your] broad range of capabilities, along with [Your] owned and managed premium sports and entertainment properties [including the UFC], drives network effects across the Endeavor flywheel," how such network effects "across the Endeavor flywheel" "connect and utilize multiple divisions of Endeavor [including the UFC] maximize the power of [Your] platform [and] creat[e] value for [Your] business, clients and employees," and the ways in which You have "realized top line and cost synergies as [You] have integrated more than 30 acquisitions including IMG, UFC, PBR, 160over90, and On Location." Form 10-K for the fiscal year ended December 31, 2022, of Endeavor Group Holdings, Inc.

**Document Request No. 17**

All Documents and Communications produced by You to any government or government agency in response to any investigative demand or other request from the U.S. Department of Justice, the U.S. Federal Trade Commission, any state regulatory agency, or any foreign regulatory agency related to: (a) Your policies, practices, guidelines, and training directed to compliance with U.S. governmental regulatory agencies, or any foreign regulatory agency, including all Documents concerning the creation of such policies, and any statements signed by Your employees or agents acknowledging their receipt of or compliance with Your compliance policies; (b) the acquisition of Zuffa or any parent of or successor to Zuffa by Endeavor Group Holdings, Inc.; or (c) the merger of Zuffa or any parent of or successor to Zuffa with World Wrestling Entertainment, Inc. (a/k/a WWE) or any parent of or successor to World Wrestling Entertainment, Inc. Explicitly included within the scope of this Interrogatory is any correspondence or documents exchanged between You and the U.S. Department of Justice, including documents reflecting or constituting any Communications with former Assistant Attorney General for the Department of Justice Antitrust Division Makan Delrahim, relating to *Le, et al. v. Zuffa,* LLC, 2:21-cv- 1189-RFB-BNW (D. Nev.).

**Document Request No. 18**

All Documents and Communications produced by You to the U.S. government pursuant to the Hart-Scott-Rodino Antitrust Improvements Act of 1976, Pub. L. No. 94-435, and any second requests, related to the acquisition of Zuffa or any parent of or successor to Zuffa by Endeavor Group Holdings, Inc., or to the merger of Zuffa or any parent of or successor to Zuffa with World Wrestling Entertainment, Inc. (a/k/a WWE) or any parent of or successor to World Wrestling Entertainment, Inc., or the formation of TKO Group Holdings, Inc.

## Document Request No. 19

All Documents and Communications relating to any Agreements between (a) Zuffa and any Professional MMA Fighter, and (b) any other MMA Promoter and any Professional MMA Fighter, including all Agreements concerning competition in Professional MMA Bouts (and any amendments thereto), including Promotional and Ancillary Rights Agreements, Bout Agreements, "side letter" and/or letter Agreements, Merchandise Rights Agreements, sponsorship Agreements, and all Documents and Communications relating to negotiations with any Professional MMA Fighter or any Person purporting to represent a Professional MMA Fighter, including all draft Agreements.

## Document Request No. 20

Each Agreement between you and a Professional MMA Fighter entered into or in effect during the Relevant Time Period.

## Document Request No. 21

All Documents and Communications evidencing the negotiation of any Agreement responsive to the preceding Request.

## Document Request No. 22

All Documents and Communications consisting of or relating to Your discussion, analysis, interpretation or characterization of any Agreement, and the negotiation thereof, responsive to Request No. 21.

## Document Request No. 23

All arbitration clauses or class action waivers between You and any Professional MMA Fighters, whether set forth in an Agreement or otherwise, and all Documents and Communications relating to any such arbitration clause or class action waiver, including without limitation analyses, draft

proposed clauses, analyses of such clauses, white papers, reports, slide presentations, or discussions regarding the reasons for, or potential benefits to Zuffa or Endeavor or anyone else of, including arbitration clauses and/or class action waivers in Your Agreements with Professional MMA Fighters.

## Document Request No. 24

All Documents and Communications evidencing the negotiation of any Agreement responsive to the preceding Request.

## Document Request No. 25

All Documents and Communications consisting of or relating to Your discussion, analysis, interpretation or characterization of any arbitration clause or class action waiver, and/or the negotiation thereof.

## Document Request No. 26

All Documents and Communications relating to market research about the MMA Industry, including but not limited to, analysis or research regarding relative market share of MMA Promoters, barriers to expansion for MMA Promoters, barriers to entry for would-be MMA Promoters, and growth projections for the MMA Industry and/or MMA Promoters individually or in any groupings.

## Document Request No. 27

All Documents and Communications relating to non-Zuffa/non-UFC MMA Promoters (considered individually or as a group), including but not limited to SWOT analyses, financial analyses, strategies, counterprogramming of other MMA Promoters' Professional MMA Events, analyses and/or commentary or assessments of their Professional MMA Fighter rosters, and acquisition analyses and strategies.

**<u>Document Request No. 28</u>**

All Documents and Communications relating to any Agreement that UFC had with another MMA Promoter, including but not limited to Agreements to license content, Agreements to buy or sell athlete contracts, and Agreements to release Professional MMA Fighters from their contracts if UFC offers the Professional MMA Fighter a contract.

**<u>Document Request No. 29</u>**

All Documents and Communications relating to the potential sale of Zuffa or any portion thereof (or interest therein), including any Communications with or Documents created by You or any third party, including without limitation any prospectuses, proposals, confidential information memoranda, credit assessments, due diligence requests, Documents or Communications created, collected, placed in data rooms, or produced in response to due diligence requests, offers, negotiations, memoranda of understanding, and all other Documents or Communications relating in any way to the potential sale, acquisition, merger or transfer of Zuffa or any portion thereof or interest therein

**<u>Document Request No. 30</u>**

All Documents and Communications (exclusive of Documents and Communications produced in response to Request No. 29) relating to the purchase by You of a majority stake in Zuffa on or around August 18, 2016, including Communications with or Documents created by Zuffa, LLC or any third party, and including without limitation any executed Agreements, draft Agreements, memoranda of understanding, offers, prospectuses, proposals, confidential information memoranda, credit assessments, supporting schedules, all Documents and Communications relating to negotiations, due diligence requests, including Documents or Communications created, collected, placed in data rooms, or produced in response to due diligence requests, all

regulatory filings, registration documents, and any other Documents or Communications sent to or received by You relating to any U.S., state, or local agency, and all other Documents and Communications relating in any way to Your purchase of a majority stake in Zuffa on or around August 18, 2016.

## Document Request No. 31

Documents and Communications sufficient to show all Persons that were part of the "buyer group" as that term is used on page F-12 of the Form S-1 Securities Registration Statement filed on September 15, 2023, by TKO Group Holdings, Inc., which states in relevant part, "On August 18, 2016, a buyer group that included Endeavor Operating Company, LLC ("EOC"), affiliates of Silver Lake Partners ("SLP"), affiliates of Kohlberg Kravis Roberts & Co. ("KKR") and certain other investors (including certain existing owners as rollover investors) (the "buyer group") acquired 100% of the equity interests of Zuffa [defined as "Zuffa Parent, LLC andits subsidiaries"] . . . ," including Documents and Communications sufficient to show the name, title, business affiliation, business address, and relative ownership share acquired by each such Person. For clarity, the requested Documents and Communications should Identify and provide the requested information for each individual "affiliate" of SLP and KKR, and each individual "other investor" or "rollover investor" that is part of the "buyer group."

## Document Request No. 32

All Documents and Communications relating to the purchase of the remaining portion of Zuffa by Endeavor in or around 2021, including any Communications with or Documents created by any third party, and including without limitation any executed Agreements, draft Agreements, memoranda of understanding, offers, prospectuses, proposals, confidential information memoranda, credit assessments, supporting schedules, all Documents and Communications

relating to negotiations, due diligence requests, Documents and Communications created, collected, placed in data rooms, or produced in response to due diligence requests, all regulatory filings, registration documents, and any other Documents or Communications sent to or received by You relating to any U.S., state, or local agency, and all other Documents and Communications relating in any way to Your acquisition of the remaining portion of Zuffa in or around 2021.

## Document Request No. 33

All Documents and Communications relating to the acquisition, sale, merger, or transfer of World Wrestling Entertainment, Inc. by You in 2023, including any Communications with or Documents created by any third party, and including without limitation any executed Agreements, draft Agreements, memoranda of understanding, offers, prospectuses, proposals, confidential information memoranda, credit assessments, all Documents and Communications relating to negotiations, due diligence requests, Documents and Communications created, collected, placed in data rooms, or produced in response to due diligence requests, all regulatory filings, registration documents, and any other Documents or Communications sent to or received by You relating to any U.S., state, or local agency, and all other Documents and Communications relating in any way to the acquisition and merger of World Wrestling Entertainment, Inc. by You in 2023.

## Document Request No. 34

All Agreements, supporting schedules, and financial information and/or analyses prepared in connection with the formation of TKO in 2023.

## Document Request No. 35

All Documents and Communications relating to any efforts by You or made on Your behalf to

raise capital, including but not limited to loans or issuance of debt or equity, and including without limitation any Agreements, draft Agreements, negotiations, investor presentations, prospectuses, confidential information memoranda, credit assessments, due diligence requests, Documents and Communications created, collected, placed in data rooms, or produced in response to due diligence requests, and all other documents and communications related in any way to efforts to raise capital, regardless of whether any loan was actually obtained or any debt or equity was actually issued.

## Document Request No. 36

All Documents and Communications relating to arbitration clauses or class action waivers in Agreements with Professional MMA Fighters, including without limitation analyses, draft proposed clauses, analyses of such clauses, white papers, reports, slide presentations, or discussions regarding the reasons for, or potential benefits to Zuffa or Endeavor or anyone else of, including arbitration clauses and/or class action waivers in Your Agreements with Professional MMA Fighters.

## Document Request No. 37

Documents and Communications sufficient to Identify each of Your employees or agents or anyone purporting to act on Your behalf involved in approving or negotiating the terms of any Agreement, or proposed Agreement, for all or part of Zuffa to be acquired by Endeavor or by anyone else.

## Document Request No. 38

Documents and data (including structured or unstructured data) sufficient to show Your financial data, including at a minimum Your costs, revenue, income, EBITDA, assets, debits, borrowing costs, and profits, by month and by year, at the most granular level such documents and data are

maintained.

## Document Request No. 39

All monthly and annual financial documents created or maintained by You or on Your behalf, including without limitation all audited financial statements, all internally prepared and consolidating financial statements for Endeavor, including financial statements for the UFC portion of the Owned Sports Properties segment (including without limitation balance sheet, income statement, and statement of cash flows), balance sheets, income statements, profit and loss reports, margin analyses, equity valuations, asset appraisals, financial models, budgets (proposed or otherwise), investor presentations, margin analyses, pro formas, regulatory filings (including income tax returns), issuance of equity or debit, loans, and money owed or receivable, and any other form of financial reporting.

## Document Request No. 40

For each year of the Relevant Time Period, Documents sufficient to show beneficial ownership in Zuffa, TKO Group Holdings, Inc. and Endeavor, and any parent of or successor to Zuffa, TKO Group Holdings, Inc. and Endeavor, including any changes thereto. This Request includes Documents sufficient to show the percentage of any stock or other interests owned by each Person holding a beneficial ownership interest and the consideration paid for such interest.

## Document Request No. 41

Documents and data sufficient to show all compensation including salary, bonuses, expense reimbursements, aviation expenses, distributions, dividends, stock awards, loans (including information about repayment or forgiveness), management fees, board fees, and all other compensation of any kind to all Endeavor and Zuffa senior executives, board members, directors, beneficial owners, and shareholders holding more than a 5% interest in Endeavor, Zuffa, or TKO

Group Holdings, Inc., including the date the compensation was paid, the dollar value, the date of vesting, accrual, or maturation of the compensation (if applicable), the source of the compensation (e.g., from a debt issuance or from corporate profits), the reason given (if any) for the compensation, and the relative share received by each Person receiving compensation.

**Document Request No. 42**

Documents and data sufficient to show any non-monetary benefits bestowed on any beneficial owners of Endeavor, Zuffa, or TKO Group Holdings, Inc., including without limitation: (a) travel in private jets owned, leased, or paid for by You; (b) use of houses, apartments, vacation properties, or other real estate owned, leased, or paid for by You; (c) use of motor vehicles owned, leased, or paid for by You;(d) tickets for sporting events or other entertainment events paid for by You; and/or (e) any other item, service, amenity, activity, or privilege provided to one or more of the beneficial owners at Your expense.

**Document Request No. 43**

For each year of the Relevant Time Period, Documents sufficient to show Your corporate structure, including the organization of each division, department, unit or subdivision, parent, subsidiary, joint venture or affiliate of Your company. This request includes without limitation organizational charts, investor or debtor presentations, government filings, internal communications, and any Documents sufficient to show each Employee or executive with managerial responsibilities relating to the UFC.

**Document Request No. 44**

All Documents constituting, referencing, or relating to issuance of debt as it relates to your acquisition of WWE and UFC.

**Document Request No. 45**

Documents sufficient to show how You arrived at a valuation of $21 billion for TKO Group

Holdings, Inc. as stated in your April 3, 2023 press release.

**Document Request No. 46**

All Documents referencing or relating to all financial activity relating to the UFC, including

balance sheets, income statements, regulatory filings (including income tax returns for Zuffa and

any of its affiliates), issuance of equity or debit, loans, and money owed or receivable

**Document Request No. 47**

All Documents referencing or relating to all financial activity relating to the TKO Group

Holdings, Inc. and its subsidiaries and affiliates, including balance sheets, income statements,

regulatory filings (including income tax returns for Zuffa and any of its affiliates), issuance of

equity or debit, loans, and money owed or receivable.

**Document Request No. 48**

All Documents referencing or relating to Your transactional data, at the most granular level

possible, for each UFC Professional MMA Event held during the Relevant Time Period,

sufficient to show at a minimum the following:

a)  total gate receipts from each UFC Professional MMA Event during the Relevant Time
    Period, broken down by event;

b)  total attendance at each UFC Professional MMA Event during the Relevant Time Period,
    broken down by event

c)  total revenues from each PPV broadcast of UFC Professional MMA Event during the
    Relevant Time Period, broken down by event;

d)  total revenues from non-PPV broadcast of UFC Professional MMA Event during the

Relevant Time Period, broken down by event and by contracted broadcaster (e.g., ESPN, Fox, Spike, etc.)

e) total revenues from closed circuit broadcast to commercial venues such as bars, restaurants, or theaters of each UFC Professional MMA Event during the Relevant Time Period, broken down by event;

f) total revenues derived from the sale of advertising during all broadcasts of UFC Professional MMA Events, whether PPV or non-PPV, during the Relevant Time Period, broken down by month and year, by PPV or non-PPV, and by advertiser

g) total revenues derived in any way from the Promotional and Ancillary Rights, as described in Your Promotional and Ancillary Rights Agreements with MMA Fighters, relating to all professional MMA Fighters who have been under contract with the UFC at any time during the Relevant Time Period, broken down by month and year;

h) total revenues derived from Agreements with sponsors of the UFC or of the Professional MMA Fighters who have been under contract with the UFC at any time during the Relevant Time Period;

i) total revenues by event;

j) the gross and net price paid by customers for transactions by unit, subscription, and/or ticket for a single Pay-Per-View, ticket to a live event, or UFC Fight Pass subscription;

## Document Request No. 49

Documents and data in as granular form as the information is maintained, sufficient to show any and all compensation paid to each UFC Fighter individually for each UFC Professional MMA Bout that the UFC Fighter participated in during the Relevant Time Period, on a fighter-by-fighter basis, broken down by Professional MMA Bout (so that each UFC Fighter's

29

compensation data is available in one Document or sequence of Documents, and it is produced with sufficient granularity so that the compensation is clearly attributed to the UFC Professional MMA Bout at which the Fighter earned it), as follows:

a)  the date and location of each UFC Professional MMA Bout the UFC Fighter participated in during the Relevant Time Period, and

b)  the base salary the UFC Fighter received for each UFC Professional MMA Bout he or she participated in during the Relevant Time Period;

c)  all bonuses the UFC Fighter received for each UFC Professional MMA Bout he or she participated in during the Relevant Time Period (including, but not limited to any and all discretionary bonuses or payments, fight of the night, performance of the night, knockout and submission of the night bonuses), broken down by each bonus received for each Professional MMA Event

d)  all broadcast royalties the UFC Fighter received (if any) for each UFC Professional MMA Bout he or she participated in during the Relevant Time Period, broken down so that the broadcast royalties are traceable to a particular UFC Professional MMA Bout (to be clear, if the UFC Fighter received broadcast royalties from more than one UFC Professional MMA Bout, the broadcast royalties should be clearly attributed to the specific UFC Professional MMA Bout from which they were generated);

e)  any other form of compensation the UFC Fighter received for each UFCProfessional MMA Bout he or she participated in during the Relevant Time Period; and,

f)  Pay-Per-View shares the UFC Fighter received for each UFC Professional MMA Bout he or she participated in during the Relevant Time Period.

**<u>Document Request No. 50</u>**

Profit and loss statements (including identity of participating fighters and compensation paid to each) for each UFC Professional MMA Event.

**<u>Document Request No. 51</u>**

Documents sufficient to show Your actual costs for presenting UFC Professional MMA Events, down to as granular a level as possible, including without limitation venue costs, promotional costs, compensation for UFC Fighters, insurance, safety, and all other costs incidental to presenting UFC Professional MMA Events.

**<u>Document Request No. 52</u>**

Documents sufficient to show Your actual costs for presenting UFC Professional MMA Bouts, down to as granular a level as possible, including without limitation venue costs, promotional costs, compensation for UFC Fighters, insurance, safety, and all other costs incidental to presenting UFC Professional MMA Bouts.

**<u>Document Request No. 53</u>**

Documents sufficient to show Your actual costs involved in promoting the UFC as a brand.

**<u>Document Request No. 54</u>**

All Documents relating to materials produced by third party analysts or consultants regarding Zuffa or any successor to Zuffa, including without limitation reports that analyze or project demand, revenues, income, profits, or market share. Documents responsive to this Request include both documents produced by such third party analysts or consultants (including both those retained by You and those producing such materials without an Agreement with You) and any comments, edits, or drafts of such materials or other documents You created and submitted to such third party analysts or consultants.

**Document Request No. 55**

All documents created by You or by third party analysts or consultants regarding competition among MMA Promoters or would-be MMA Promoters for (a) the purchase of MMA Fighter services and (b) promotion of Professional MMA Events generally, including without limitation reports that analyze or project demand, revenues, income, profits, or market share.

**Document Request No. 56**

All Documents referencing or relating to comparison of compensation models or Agreements between the UFC and other major professional sports, including without limitation boxing, pro wrestling, football, basketball, and baseball.

**Document Request No. 57**

All Agreements (and any amendments thereto) entered into between You and any MMA Promoter relating to the acquisition of assets, equity, or other interests of any MMA Promoter, and all Documents referencing or relating to the potential or actual acquisition of assets, equity, or interests of any MMA Promoter, including, but not limited to, internal strategy documents, projections, cost-benefit analyses, cost estimates, and all Agreements or contracts (and any amendments thereto).

**Document Request No. 58**

Documents sufficient to identify each Person involved in approving or negotiating the terms of any Agreements or potential Agreements for the acquisition or potential acquisition of assets, or equity, or interests of any MMA Promoter.

**Document Request No. 59**

All Documents relating to the sale of equity in Zuffa to Flash Entertainment, a wholly owned subsidiary of Abu Dhabi.

## Document Request No. 60

Documents sufficient to Identify each Person or entity You consider to be, or considered to have been, an actual or potential competitor of the UFC for (a) the purchase of MMA Fighter services, and/or (b) the promotion of live Professional MMA Events in the United States or abroad.

## Document Request No. 61

Documents or data sufficient to calculate the actual or potential market share held by the UFC and each of the UFC's actual or potential competitors (as Identified in Request No. 53) in terms of total revenue by region (US, North America, South America, Europe, Asia, and any others) derived from the promotion of live Professional MMA Bouts and all other income sources, including without limitation merchandising, licensing, sponsorships, advertising, video games, and other income sources based on the use of Professional MMA Fighters' Identities.

## Document Request No. 62

Documents or data sufficient to Identify the actual and/or estimated share of Professional MMA Fighters' services, by both dollar amount and number of fighters, for the purchase of the services of Professional MMA Fighters by the UFC and each of Your actual or potential competitors identified in your response to Request No. 53 by region (US, North America, South America, Europe, Asia, and any others).

## Document Request No. 63

All Documents and data referencing or relating to the determination of Professional MMA Fighter compensation by the UFC in the promotion of live Professional MMA Events and all other income sources, including without limitation merchandising, licensing, sponsorships, advertising, video games, and other income sources based on the use of Professional MMA Fighters' Identities.

33

**Document Request No. 64**

All Documents and data referencing or relating to the determination of Professional MMA Fighter compensation by any of the UFC's actual and potential competitors (identified in your response to Request No. 60, above) in the promotion of live Professional MMA Events and all other income sources, including without limitation merchandising, licensing, sponsorships, advertising, video games, and other income sources based on the use of Professional MMA Fighters' Identities.

**Document Request No. 65**

All Documents analyzing, discussing, or relating to the competitive strengths or weaknesses of actual or potential competitors (identified in your response to Request No. 60 or otherwise, above) in the promotion of live Professional MMA Events and/or in the purchase of the services of Professional MMA Fighters.

**Document Request No. 66**

All Documents referencing or relating to communications and/or negotiations with any sponsors or advertisers in connection with Your acquisition of WWE and/or UFC.

**Document Request No. 67**

All Documents and Communications referencing or relating to any Agreements entered into by You relating to Venues for Professional MMA Events, including all Agreements, all draft Agreements, and all Documents and Communications relating to negotiation of such Agreements or draft Agreements.

**Document Request No. 68**

All Documents and Communications relating to the drafting of and the reasoning behind the "Exclusivity Clause" in UFC Bout Agreements, which binds UFC Fighters into a restricted

relationship with the UFC and prohibits them from appearing in Professional MMA Bouts televised or organized by actual or potential rival promotions unless approved by the UFC.

## Document Request No. 69

All Documents and Communications referencing or relating to the drafting of and the reasoning behind the "Champion's Clause" in UFC Bout Agreements, which allows the UFC to extend a UFC Fighter's contract for as long as the athlete is a "champion" in his or her weight class.

## Document Request No. 70

All Documents and Communications referencing or relating to the drafting of and the reasoning behind the "Right to First Offer" and "Right to Match" Clauses in UFC Bout Agreements, which grant the UFC the option to match the financial terms and conditions of any offer made to a UFC Fighter for a Professional MMA Bout even after the UFC Fighter's contract has expired.

## Document Request No. 71

All Documents and Communications referencing or relating to the drafting of and the reasoning behind the "Ancillary Rights Clause" in the Promotional and Ancillary Rights Agreements, which grants the UFC exclusive and perpetual worldwide personality and Identity rights of the UFC Fighter.

## Document Request No. 72

All Documents and Communications referencing or relating to the drafting of and the reasoning behind the "Promotion Clause" in the Promotional and Ancillary Rights Agreements, which requires UFC Fighters to attend, cooperate, and assist in the promotion of Professional MMA Bouts in which they fight and, as required by the UFC, any other Professional MMA Bouts, Professional MMA Events, broadcasts, press conferences and sale of UFC Licensed Merchandise.

**Document Request No. 73**

All Documents and Communications referencing or relating to the drafting of and the reasoning behind the "Retirement Clause" which gives the UFC the power "to retain the rights to a retired fighter in perpetuity."

**Document Request No. 74**

All Documents and Communications referencing or relating to the drafting of and the reasoning behind the tolling provisions, which extend the term of a UFC Fighter's contract during periods when he or she is injured, retired, or otherwise declines to compete.

**Document Request No. 75**

All Documents and Communications referencing or relating to the drafting of and the reasoning behind the "Sponsorship and Endorsement Clause," which appears to grant the UFC sole discretion over all sponsorship and endorsement approvals.

**Document Request No. 76**

All Documents and Communications analyzing or quantifying the overall impact or effect of the contractual clauses in Zuffa or Endeavor's Promotional and Ancillary Rights Agreements on (a) UFC Fighters' mobility or compensation, and/or (b) the ability of Zuffa's competitors (as identified in your response to Request No.60, supra, or otherwise) to compete for Professional MMA Fighters services or to promote Professional MMA Events that can successfully compete against Zuffa or Endeavor.

**Document Request No. 77**

Documents sufficient to identify each of Your Employees or agents involved in approving or negotiating the terms of each of Your Agreements with any Professional MMA Fighters.

**Document Request No. 78**

All Documents and Communications relating to any Agreements between You and any other MMA Promoter (past or present) relating to a Professional MMA Fighter's services, including without limitation all executed Agreements (and any amendments thereto), draft Agreements, and all Documents and Communications relating to the negotiation of such agreements, regardless of whether an Agreement was executed.

**Document Request No. 79**

Documents sufficient to identify each of Your Employees or agents involved in approving or negotiating the terms of any Agreements or potential Agreements with any other MMA Promoter (past or present) relating to the provision of Professional MMA Fighter services.

**Document Request No. 80**

All Documents and Communications constituting or relating to Agreements between You and any broadcaster of professional MMA events (including PPV and non-PPV Professional MMA Events), including without limitation all executed Agreements (and any amendments thereto), draft Agreements, and all Documents and Communications relating to the negotiation of such Agreements, Documents and Communications analyzing the terms of any actual or potential such Agreement, regardless of whether an Agreement was executed.

**Document Request No. 81**

Documents sufficient to identify each of Your Employees and agents involved in approving or negotiating the terms of any Agreements or potential Agreements with any broadcaster of Professional MMA Events (including PPV).

**Document Request No. 82**

All Documents and Communications relating to Agreements between You and any sponsors of

the UFC or of the Professional MMA Fighters under contract with the UFC, including without limitation all executed Agreements (and any amendments thereto), draft Agreements, and all Documents and Communications relating to the negotiation of such Agreements, regardless of whether an Agreement was executed.

## Document Request No. 83

Documents sufficient to identify each of Your Employees and/or agents involved in approving or negotiating the terms of any Agreements or potential Agreements with any sponsors of the UFC or the Professional MMA Fighters under contract with the UFC.

## Document Request No. 84

All Documents referencing or relating to the ability of any UFC Fighter to switch to and/or fight for, an actual or potential rival promotion. Responsive Documents include, but are not limited to, Documents referencing or relating to the costs to UFC Fighters and/or their managers or promoters associated with such a switch, any requirements or obligations imposed by a contract between the UFC and UFC Fighters, and/or Documents concerning communications or negotiations between the UFC and UFC Fighters with respect to a switch or potential switch from the UFC to a rival MMA Promoter.

## Document Request No. 85

All communications between you and anyone else referencing or relating to this lawsuit or *Le, et al. v. Zuffa, LLC,* 2:21-cv-1189-RFB-BNW (D. Nev.), or any of the named plaintiffs in either of those cases, exclusive of any communications protected by the Attorney/Client Privilege.

## Document Request No. 86

All Documents referencing or relating to indemnification or defense (corporate or individual), judgment sharing, joint defense, liability or responsibility for judgment in this action, for You

and any of your officers, including by way of example not limitation, indemnity Agreements, joint defense Agreements, judgment sharing Agreements, tenders of defense, denials or reservations of rights.

**Document Request No. 87**

All Documents referencing or relating to any websites operated by You or on Your behalf, including Documents sufficient to show who had responsibility for creating, maintaining, and adding or deleting content (including any private messaging) to or from such websites.

**Document Request No. 88**

Documents sufficient to identify each Person responsible for any Social Media account operated by or on behalf of Zuffa, including documents sufficient to show who had responsibility for creating, maintaining, and adding or deleting content (including any private messaging) to or from such Social Media accounts.

**Document Request No. 89**

All contracts or Agreements between the UFC and any Social Media organization.

**Document Request No. 90**

All Documents and Communications relating to any content posted to any website or Social Media relating to UFC Professional MMA Bouts, including Pre-Bout Event promotional content and Post-Bout Event content.

**Document Request No. 91**

All Documents, including any content posted to any website or Social Media, referencing or relating to the Professional MMA Fighters under contract with the UFC.

**Document Request No. 92**

All Documents, including any content posted to any website or Social Media, referencing or

relating to any Professional MMA Fighters not under contract with the UFC.

**Document Request No. 93**

All Documents, including any content posted to any website or Social Media, referencing or relating to any other MMA promoter, including without limitation any references to UFC's acquisition or potential acquisition of any other MMA promoter.

**Document Request No. 94**

All Documents referencing or relating to Zuffa's registration with any regulatory bodies governing the MMA industry. Include all Documents referencing or relating to any suspensions of Zuffa for any reason by any government agency or any Person responsible for regulation, supervision, licensing, permitting or safety of Professional MMA Bouts and Professional MMA Fighters.

**Document Request No. 95**

All Documents and Communications relating to Meetings or the business of Your Board of Directors, including without limitation all agendas, minutes, presentations, Agreements, and resolutions created by or for the Board of Directors, and including all Documents and Communications directed to and presented by management or outside professionals, which address capital raises, business combinations, dividends and any other executive compensation matters.

**Document Request No. 96**

All Documents and Communications reflecting or relating to Your relationship with Mubadala Investment Company, Khaldoon Al Mubarak, or any other executive, employee, agent, or representative of Mubadala Investment Company, including without limitation all Documents and Communications reflecting or relating to any financial transactions between You and

Mubadala, including without limitation any loans, purchases of equity or other ownership shares, purchases of any debt, the provision of any gifts or any other unilateral provision of anything of value, or any other transfer or exchange involving capital and/or anything of value.

**Document Request No. 97**

All Documents and Communications relating to the production of any Professional MMA Event in or on any location owned or controlled by Abu Dhabi, United Arab Emirates.

**Document Request No. 98**

"All Communications between You and Silver Lake Group, LLC ("SLP"), including any of its predecessors, successors, affiliates, or any Person SLP manages or controls, along with their executives, employees, agents, or representatives, relating to the acquisition of Zuffa, LLC or the merger of Zuffa Parent LLC with World Wrestling Entertainment.

**Document Request No. 99**

All Communications between You and Kohlberg Kravis Roberts & Co. ("KKR"), including any of its predecessors, successors, affiliates, or any Person KKR manages or controls, along with their executives, employees, agents, or representatives, relating to the acquisition of Zuffa, LLC or the merger of Zuffa Parent LLC with World Wrestling Entertainment.

**Document Request No. 100**

All Communications between You and MSD Capital, L.P. ("MSD") or its successor DFO Management ("DFO"), including any of its predecessors, successors, affiliates, or any Person MSD or DFO manages or controls, along with their executives, employees, agents, or representatives, relating to the acquisition of Zuffa, LLC or the merger of Zuffa Parent LLC with World Wrestling Entertainment.

WILLIAM A. ISAACSON (*Pro hac vice*)
wisaacson@paulweiss.com
KAREN L. DUNN (*Pro hac vice*)
ldunn@paulweiss.com
JESSICA PHILLIPS (*Pro hac vice*)
jphillips@paulweiss.com
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
2001 K Street, NW
Washington, DC 20006

DONALD J. CAMPBELL (No. 1216)
djc@campbellandwilliams.com
J. COLBY WILLIAMS (No. 5549)
jcw@campbellandwilliams.com
CAMPBELL & WILLIAMS
700 South 7th Street
Las Vegas, NV 89101

CHRISTOPHER S. YATES (*Pro hac vice*)
chris.yates@lw.com
AARON T. CHIU (*Pro hac vice*)
aaron.chiu@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111

SEAN M. BERKOWITZ (*Pro hac vice*)
sean.berkowitz@lw.com
LATHAM & WATKINS LLP
330 North Wabash Ave, Suite 2800
Chicago, IL 60611

LAURA WASHINGTON (*Pro hac vice*)
laura.washington@lw.com
LATHAM & WATKINS LLP
10250 Constellation Blvd, Suite 1100
Los Angeles, CA 90067

*Attorneys for Defendants Zuffa, LLC, TKO
Operating Company, and Endeavor Group
Holdings, Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

|  |  |
|---|---|
| KAJAN JOHNSON, CLARENCE DOLLAWAY, and TRISTAN CONNELLY on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>Zuffa LLC, TKO Operating Company, LLC f/k/a Zuffa Parent LLC (d/b/a Ultimate Fighting Championship and UFC) and Endeavor Group Holdings, Inc,<br><br>*Defendants*. | Case No.: 2:21-cv-01189-RFB-BNW<br><br>**NON-PARTY PATRICK WHITESELL'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION** |

1    This case is a purported class action, but none of the Named Plaintiffs can represent a class

2    since the majority of fighters within the putative class signed arbitration agreements and class

3    action waivers.  *See, e.g.*, *O'Connor v. Uber Technologies, Inc.*, 904 F.3d 1087, 1094 (9th Cir.

4    2018).  Those basic facts led counsel for the Named Plaintiffs to say "the reality is the claim has

5    little value" precisely "because the UFC started implementing arbitration clauses."  *Le et al. v.*

6    *Zuffa, LLC et al.*, Case No. 2:15-cv-01045, ECF 1036 at 86:17-87:10.  Since their claim admittedly

7    has no value and cannot be pursued on a class basis, Plaintiffs have decided to try to use discovery

8    as a weapon, presumably as part of an effort to generate leverage.  This subpoena to non-party

9    Patrick Whitesell is part of that effort.  Plaintiffs' subpoena contains ***95*** requests for production

10   (the "Requests")—89 of which are identical to requests served upon defendants.  Including Mr.

11   Whitesell, Plaintiffs have also propounded the same exact non-party subpoena to twenty-eight

12   non-parties and are seeking documents in response to over 2,500 requests for production.

13   Pursuant to Rules 26, 34, and 45 of the Federal Rules of Civil Procedure, non-party Patrick

14   Whitesell, objects to Plaintiffs' subpoena as it is neither proper, proportional to the needs of this

15   case, or appropriate given the protections afforded non-parties under Rule 45(d).  Accordingly,

16   Mr. Whitesell will not produce any documents in response to these Requests unless a court orders

17   otherwise.

18                                        **<u>GENERAL OBJECTIONS</u>**

19   1.    Whitesell objects to the entirety of the 95 Requests that Plaintiffs have directed to

20   Whitesell to the extent the subpoena falls outside the territorial limits of the Court's jurisdiction.

21   2.    Whitesell objects to the entirety of the 95 Requests that Plaintiffs have directed to

22   non-party Whitesell as contradicting Plaintiffs' representation to the Court that they would require

23   only "limited discovery" in connection with this case and would only "request some limited

24   discovery." Pls.' Statement at 5-6, Discovery Plan, ECF No. 51. There is nothing "limited" about

25   95 Requests for Production that Plaintiffs have propounded to a non-party, many of which include

26   unbounded requests for "all documents" or "all communications."

27   3.    The following general objections ("General Objections") are incorporated in

28   Whitesell's Responses to each and every Request (the "Specific Objections"). The fact that

NON-PARTY PATRICK WHITESELL'S RESPONSES
AND OBJECTIONS TO PLAINTIFFS' SUBPOENA
Case No. 21-cv-01189-RFB-BNW

1    Whitesell's Response to an individual Request specifically refers to one or more of the General

2    Objections does not mean that the other General Objections do not apply to that Request and does

3    not waive any of the other General Objections with respect to that Request. No Response to any

4    Request or any subpart of any Request is, or shall be deemed to be, a waiver of any of Whitesell's

5    General Objections.

6          4.      Whitesell provides these Responses based on his interpretation and understanding

7    of each Request. Whitesell reserves the right to amend and/or supplement his Responses in the

8    event that Plaintiffs assert an interpretation that differs from Whitesell's interpretation.

9          5.      Whitesell makes these Responses based on facts reasonably known at the time of

10   answering these Requests. Whitesell's investigation of the facts relating to this case is ongoing

11   and, thus, further discovery, investigation, research, and analysis may supply additional facts,

12   which may alter the contentions and disclosures herein. Whitesell reserves the right to supplement

13   or amend these Responses in such an event. However, Whitesell reserves the right not to

14   supplement his Responses to the extent additional or corrective information has otherwise been

15   made known during the discovery process or in writing, pursuant to Federal Rule of Civil

16   Procedure 26(e)(1)(A).

17         6.      Whitesell objects to the Requests on the grounds that they are premature as

18   Plaintiffs have not exhausted party discovery. The information sought can initially be addressed

19   through standard party discovery channels. Any commitment to produce any materials in response

20   to these Requests, if any, is expressly conditioned on Plaintiffs first seeking these documents from

21   the named parties through the traditional discovery channels.

22         7.      Whitesell objects to the Requests, and to the instructions and definitions contained

23   therein, to the extent that they seek to impose duties or obligations beyond those imposed by the

24   Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the

25   District of Nevada, the case law interpreting each of them, or any other laws or rules applicable to

26   proceedings in this Court.

27         8.      Whitesell objects to the Requests as they call for the production of documents that

28   are duplicative of documents already being sought from Zuffa, TKO, or Endeavor, and not likely

to lead to the production of unique materials from Whitesell.

9.      Whitesell objects to the Requests to the extent that they call for the production of documents that are in whole or in part protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or the joint-defense or common-interest privilege; were prepared in anticipation of litigation or trial; or are subject to any other privilege, protection or immunity applicable under governing law. Whitesell will not produce documents protected by such privileges. To the extent that any Request may be construed as calling for the production of documents or responses that are subject to any such claim of privilege, Whitesell hereby asserts the applicable privilege, immunity, or protection. Specific Objections on the grounds of privilege are provided for emphasis and clarity only, and the absence of a Specific Objection is neither intended, nor should be interpreted, as evidence that Whitesell does not object to a specific Request on the basis of an applicable privilege, immunity, or protection. Any disclosure of any such privileged or protected material in response to any Request is inadvertent and not intended to waive those privileges and protections. Whitesell reserves the right to demand that Plaintiffs return, destroy, or sequester any privileged or protected documents produced and all copies thereof consistent with Federal Rule of Civil Procedure 26(b)(5)(B).

10.     Whitesell objects to the Requests to the extent that they seek documents not within Whitesell's possession, custody, or control or purport to require Whitesell to create documents not currently in his possession, custody, or control. Whitesell further objects to the Requests to the extent that they seek information that Plaintiffs equally may otherwise obtain from parties to the Action, public sources or, with less burden or expense, by using other means of discovery.

11.     Whitesell objects to the Requests to the extent that they seek responses from persons or entities other than non-party Patrick Whitesell.

12.     Whitesell objects to the Requests to the extent they assert, imply, suggest, or are premised upon any underlying express or implied assumptions of fact or law with respect to matters at issue in this Action. These Responses are not intended to be, and should not be construed as, an agreement or concurrence by Whitesell with Plaintiffs' characterization of any facts,

1    circumstances, and/or legal obligations. Whitesell reserves the right to contest any such

2    characterization as inaccurate.

3        13.    Whitesell objects to the Requests as overly broad, unduly burdensome, and not

4    proportional to the needs of the case to the extent they purport to require production of "all"

5    documents of a particular type under circumstances in which a subset of such documents would

6    be sufficient to show the pertinent information or where such Request would require more than a

7    reasonable, good-faith search of the places where responsive documents are likely to be found.

8        14.    Whitesell objects to the Requests to the extent they seek information that is not

9    relevant to any party's claim or defense.

10        15.    Whitesell objects to the Requests to the extent they are not proportional to the needs

11    of the case and to the extent they are (a) overly broad or unduly burdensome; (b) cumulative,

12    duplicative, or repetitive; or (c) vague, ambiguous, lacking in particularity, colloquial,

13    argumentative, capable of multiple interpretations, or unintelligible.

14        16.    Whitesell's objections, responses, and production of documents shall not be

15    construed as an admission of the relevancy, materiality, authenticity, or admissibility of any

16    document, fact, issue, or piece of information. Whitesell reserves the right to object to the

17    admissibility in evidence of all or any part of the Responses herein. Nor does the fact that Whitesell

18    has responded to, or failed to object to, any Request as set forth below mean that any documents

19    responsive to such Request in fact exist, or that Whitesell acknowledges the propriety of the

20    Request. The failure of Whitesell to make a Specific Objection to any Request is not an admission

21    that information responsive to that Request exists, nor shall Whitesell's failure to object to any

22    Request on a particular ground be construed as a waiver of his rights to object to such Request on

23    that or any additional ground at any time. Any statement in these Responses that Whitesell will

24    produce documents in response to a specific Request does not mean that Whitesell in fact has any

25    such documents in his possession, custody, or control; that any such documents exist; or that

26    Whitesell will search all files maintained by any person. Rather, such a statement reflects the

27    intention of Whitesell, subject to these Responses, to conduct a reasonable search for readily

28    accessible responsive information or documents from sources in which responsive documents that

1    are not otherwise protected from disclosure reasonably would be expected to be found and based

2    on parameters agreed to by the parties.

3           17.    Whitesell objects to the Requests to the extent they purport to require Whitesell to

4    search archived electronic data, "backup" files, or to restore any electronic matter on the ground

5    that such requirements are unduly burdensome and not proportional to the needs of the case.

6           18.    Whitesell objects to the Requests to the extent they call for the disclosure of

7    Whitesell's or any other person's or entity's confidential or proprietary information, trade secrets,

8    commercial information, or other competitively sensitive information. To the extent Whitesell

9    provides his confidential information and/or other competitively sensitive information, Whitesell

10    will do so only subject to the terms of the protective order entered by the Court in this Action, ECF

11    No. 123.

12           19.    Whitesell also objects to the Requests to the extent they seek documents that

13    contain confidential or proprietary information; trade secrets; commercially sensitive information;

14    other competitively sensitive information belonging to a third party but entrusted to Whitesell on

15    conditions of confidentiality and/or non-disclosure; personal information of fighters (such as

16    medical conditions) or, if applicable, Zuffa's or Whitesell's employees, clients, customers, or

17    counterparties; or information that is subject to protective orders or other confidentiality

18    undertakings or is protected from disclosure by legal protections governing the privacy rights of

19    consumers and other persons. To the extent that Whitesell agrees to produce any such documents,

20    such production shall be subject to and contingent upon appropriate notice to and/or consent from

21    such third parties and to the protection of the protective order entered by the Court in this Action,

22    ECF No. 123.

23           20.    Whitesell objects to the Requests to the extent they seek documents and information

24    relating to fighters who would not be part of the putative class and, thus, would have no likelihood

25    of leading to the discovery of relevant or admissible evidence.

26           21.    Whitesell objects to the definition of "Agreement" as overbroad, unduly

27    burdensome, and impractical to the extent it includes verbal agreements. Where called for by a

28    Request (and as agreed by Whitesell), Whitesell will produce documents that regard such verbal

agreements, to the extent any such documents exist. However, where a Request asks for the production of the Agreements themselves, Whitesell will not be able to produce materials reflecting verbal agreements, to the extent any such verbal agreements were made.

22.    Whitesell objects to the definition of "Defendants" to the extent that it purports to include anything other than the named Defendants in this Action: Zuffa, LLC, TKO Operating Company, LLC, and Endeavor Group Holdings, Inc.

23.    Whitesell objects to the definition of "Electronically Stored Information" to the extent it includes electronic information or data that is not reasonably accessible, or in a form beyond that required by the Federal Rules of Civil Procedure. Whitesell also objects to the Definition to the extent that "activity listings of electronic mail receipts and/or transmittals" is undefined.

24.    Whitesell objects to the definitions of "Zuffa," "Defendants," "Endeavor," "TKO," and "UFC" to the extent they encompass or purport to encompass persons or entities that are not the named Defendants, and their current executives, employees, agents, owners, departments, and divisions within their control. Whitesell also objects to these definitions to the extent that they purport to include the subsidiaries, predecessors, successors, or affiliates of Zuffa. Whitesell further objects to these definitions as vague, ambiguous, overbroad, and unduly burdensome to the extent that they encompass or purport to encompass "any persons acting or purporting to act on behalf of the responding Defendant." Whitesell further objects that this definition is overbroad to the extent that it includes all of Zuffa's former directors, members, officers, employees, agents, or representatives.

25.    Whitesell objects to the definition "Identify" to the extent that it calls for identification of an individual's confidential personal information, including Social Security numbers. Whitesell further objects to this definition to the extent it requires Whitesell to do anything other than produce preexisting responsive documents within his possession, custody, or control created and collected in the ordinary course of business.

26.    Whitesell objects to the definition of "Meeting" as overbroad and vague to the extent it includes any nonscheduled or unplanned "contemporaneous presence of two or more

persons for any purpose."

27.     Whitesell objects to the definition of "Pre-Bout Event" as overbroad to the extent it includes "training." Whitesell will interpret "training" in the definition of "Pre-Bout Event" as though it reads "media regarding training."

28.     Whitesell objects to the definition of "Professional MMA Fighter" as vague, ambiguous, and confusing in that it circuitously uses the term "Professional MMA Bout," which in turn uses the term "Professional MMA Fighter" in its definition. Whitesell will interpret "Professional MMA Fighter" to mean a person who is paid to fight in MMA bouts.

29.     Whitesell objects to the definition of "Zuffa" as overly broad, unduly burdensome, vague, and ambiguous to the extent it purports to include or includes parties and entities outside of named Defendant, Zuffa, LLC, such as predecessors, successors, affiliates, "any organization or entity that it owns, manages or controls," former directors, officers, employees, employees and representatives and others "purporting to act on Zuffa's behalf." Whitesell also objects to the extent that these definitions seek documents from predecessor companies or entities that were acquired by or merged with Zuffa.

30.     Whitesell objects to the definitions of "You" and "Your" to the extent that they purport to include anything not in the possession, custody, or control of Whitesell. This includes anything in the possession, custody, or control of any organization or entity which Whitesell manages, controls, has an ownership interest in, or is employed by, as well as any employees, agents, representatives, or persons acting or purporting to act on Whitesell's behalf. Whitesell further objects to the definitions of "You" and "Your" on the ground that Plaintiffs' definition of "You" and "Your" is overly broad, imposes burdens and expenses that outweigh its likely benefit, is disproportionate to the needs of this case, seeks materials that are not relevant to any party's claim or defense in this case, and/or calls for Whitesell to provide information protected by attorney-client privilege, work product doctrine, or other privileges and protections.

31.     To the extent Whitesell possesses any non-objectionable, non-privileged documents and/or data that are responsive to the Requests, Whitesell will produce documents and/or data as they are kept in the usual course of business, and will produce them in a reasonable

format, at a reasonable time, and at a reasonable location to be mutually agreed upon by the parties. Whitesell objects to the extent any Request calls for data to be provided in ways that are not done in the normal course of business. Whitesell objects to contrary instructions.

32.     Whitesell objects to Instruction No. 1 to the extent that it requires or purports to require Whitesell to conduct anything beyond a reasonable search for documents within his possession, custody, or control.

33.     Whitesell objects to Instruction No. 2 as beyond the requirements of Federal Rules of Civil Procedure 26 and 34. To the extent responsive documents are withheld on a basis of privilege, Whitesell will produce a privilege log in the form agreed upon by the parties.

34.     Whitesell objects to Instruction No. 3 and each Request to the extent they purport to require the production of original documents. Whitesell will make available legible copies of responsive documents, to the extent any exist, to Plaintiffs' attorneys. Whitesell reserves the right to make original documents available on his own premises.

35.     Whitesell objects to Instruction No. 5 to the extent that it requires or purports to require the production of Documents otherwise uncalled for by the Requests or the stipulation regarding the production of electronically stored information. Whitesell also objects to the Instruction to the extent that it purports to impose obligations beyond those required by the Federal Rules of Civil Procedure.

36.     Whitesell objects to Instruction No. 6 to the extent that it purports to require production of documents in a manner that exceeds the stipulation regarding production of electronically stored information. Whitesell also objects to the Instruction to the extent that it purports to impose obligations beyond those required by the Federal Rules of Civil Procedure.

37.     Whitesell objects to Instruction No. 7 to the extent that it purports to require Whitesell to disclose information that constitutes or reflects attorney work product or is otherwise protected from disclosure under any other privilege, protection or immunity applicable under the governing law.

38.     Whitesell objects to Instruction No. 8 to the extent it purports to require Whitesell to do more than undertake a reasonable and diligent search for responsive documents. Whitesell

1   further objects to this Instruction to the extent that it purports to require Whitesell to maintain

2   information about documents that may no longer exist and to the extent that it purports to impose

3   obligations beyond those required by the Federal Rules of Civil Procedure or Local Rules for the

4   United States District Court for the District of Nevada, case law interpreting each of them, or any

5   other laws or rules applicable to proceedings in this Court.

6       39.    Whitesell objects to Instruction No. 9 to the extent that the Instruction purports to

7   require preservation of "all" data and metadata as overbroad and burdensome. Whitesell also

8   objects to the Instruction to the extent that it purports to impose obligations beyond those required

9   by the Federal Rules of Civil Procedure.

10      40.    Whitesell objects to Instruction Nos. 10 through 17 to the extent that they purport

11  to require production of documents in a manner that exceeds the stipulation regarding production

12  of electronically stored information. Whitesell also objects to Instruction Nos. 10 through 17 to

13  the extent that they purport to impose obligations beyond those required by the Federal Rules of

14  Civil Procedure.

15      41.    Whitesell objects to Instruction No. 18 to the extent that it purports to impose

16  obligations beyond those required by the Federal Rules of Civil Procedure. For any information

17  stored in a database, Whitesell will meet and confer with Plaintiffs regarding the information

18  available and produce data in a useable format, to the extent any such data exists and is responsive

19  to the Requests.

20      42.    Whitesell objects to Instruction Nos. 20, 22, and 23 to the extent they impose or

21  purport to impose duties or obligations beyond those imposed by the Federal Rules of Civil

22  Procedure, the Local Rules for the United States District Court for the District of Nevada, the case

23  law interpreting each of them, or any other laws or rules applicable to proceedings in this Court.

24      43.    Whitesell objects that the Relevant Time Period beginning on January 1, 2015, is

25  overbroad because it stretches well beyond the period which is the basis of this Action. Whitesell

26  also objects to the definition of "Relevant Time Period" because "ends when the alleged illegal

27  activity ceases" is vague, ambiguous, and impractical. There has never been any illegal activity by

28  Zuffa.

44.    These General Objections are incorporated into each one of the following Responses and shall be deemed continuing as to each response. These General Objections are not waived, or in any way limited, by the following Responses.

## SPECIFIC OBJECTIONS

**REQUEST FOR PRODUCTION NO. 1:**

Documents sufficient to identify each electronic device that You used to transmit or receive Communications during the Relevant Time Period, including but not limited to cellular telephones, laptop or notebook computers, desktop computers, and portable tablets, including but not limited to Any electronic device that You purchased, that was purchased for You, or that was issued to You by Defendants.

**RESPONSE TO REQUEST NO. 1:**

In addition to the General Objections set forth above, Whitesell objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses, including because it calls for "each" and "Any electronic device" used by a non-party over a ten year time period, extending beyond the time period relevant to this Action. Whitesell further objects to this Request as impermissibly propounding an interrogatory on a non-party by means of a request for production of documents. Whitesell further objects to this Request as improperly bypassing party discovery. Plaintiffs and Zuffa have been actively meeting and conferring over party discovery, and this Request seeks to circumvent that process.

Whitesell will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 2:**

Documents sufficient to identify the telephone number and provider or carrier of each cellular telephone identified in response to Request No. 1.

**RESPONSE TO REQUEST NO. 2:**

In addition to the General Objections set forth above, Whitesell objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses, including because it calls for "each cellular

telephone" used by a non-party over a ten year time period, extending beyond the time period relevant to this Action. Whitesell further objects to this Request as impermissibly propounding an interrogatory on a non-party by means of a request for production of documents. Whitesell further objects to this Request as improperly bypassing party discovery. Plaintiffs and Zuffa have been actively meeting and conferring over party discovery, and this Request seeks to circumvent that process.

Whitesell will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 3:**

Documents sufficient to identify when You first started using and, if applicable, when You stopped using, each mobile telephone number identified in response to Request No. 2.

**RESPONSE TO REQUEST NO. 3:**

In addition to the General Objections set forth above, Whitesell objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses, including because it calls for information about "each mobile telephone number" used by a non-party over a ten year time period, extending beyond the time period relevant to this Action. Whitesell further objects to this Request as impermissibly propounding an interrogatory on a non-party by means of a request for production of documents. Whitesell further objects to this Request as improperly bypassing party discovery. Plaintiffs and Zuffa have been actively meeting and conferring over party discovery, and this Request seeks to circumvent that process.

Whitesell will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 4:**

Documents sufficient to identify each messaging account or social media account that You used during the Relevant Time Period, including but not limited to Discord, Facebook, Google Chat, iMessage, Instagram, Kik, Microsoft Teams, Signal, Skype, Slack, Snapchat, Telegram, TikTok, Truth Social, Whatsapp, WeChat, Zoom, etc.

**RESPONSE TO REQUEST NO. 4:**

In addition to the General Objections set forth above, Whitesell objects to this Request as

1  overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information
2  that is not relevant to any party's claims or defenses, including because it calls for "each messaging
3  account or social media account" used by a non-party over a ten year time period, extending
4  beyond the time period relevant to this Action. Whitesell further objects to this Request as
5  impermissibly propounding an interrogatory on a non-party by means of a request for production
6  of documents. Whitesell further objects to this Request as improperly bypassing party discovery.
7  Plaintiffs and Zuffa have been actively meeting and conferring over party discovery, and this
8  Request seeks to circumvent that process.

9      Whitesell will not produce documents in response to this Request.

10  **REQUEST FOR PRODUCTION NO. 5:**

11      Documents sufficient to identify All username(s) and social media handle(s) for each
12  account identified in response to Request No. 4.

13  **RESPONSE TO REQUEST NO. 5:**

14      In addition to the General Objections set forth above, Whitesell objects to this Request as
15  overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information
16  that is not relevant to any party's claims or defenses, including because it calls for "All username(s)
17  and social media handle(s)" used by a non-party over a ten year time period, extending beyond the
18  time period relevant to this Action. Whitesell further objects to this Request as impermissibly
19  propounding an interrogatory on a non-party by means of a request for production of documents.
20  Whitesell further objects to this Request as improperly bypassing party discovery. Plaintiffs and
21  Zuffa have been actively meeting and conferring over party discovery, and this Request seeks to
22  circumvent that process.

23      Whitesell will not produce documents in response to this Request.

24  **REQUEST FOR PRODUCTION NO. 6:**

25      Documents sufficient to identify each email account that You used during the Relevant
26  Time Period.

27  **RESPONSE TO REQUEST NO. 6:**

28      In addition to the General Objections set forth above, Whitesell objects to this Request as

1  overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

2  that is not relevant to any party's claims or defenses, including because it calls for "each email

3  account" used by a non-party over a ten year time period, extending beyond the time period

4  relevant to this Action. Whitesell further objects to this Request as impermissibly propounding an

5  interrogatory on a non-party by means of a request for production of documents. Whitesell further

6  objects to this Request as improperly bypassing party discovery. Plaintiffs and Zuffa have been

7  actively meeting and conferring over party discovery, and this Request seeks to circumvent that

8  process.

9      Whitesell will not produce documents in response to this Request.

10  **REQUEST FOR PRODUCTION NO. 7:**

11      All Documents and Communications in Your possession relating to the changes in

12  ownership of the MMA blog at http://www.bloodyelbow.com in or around January 2023 and in or

13  around March 2024, including, without limitation, any materials relating to Defendants'

14  acquisition of full or partial ownership in the blog, any efforts made by You, by Defendants, or on

15  Defendants' behalf to obtain full or partial ownership in the blog, any materials reflecting any

16  consideration by Defendants of taking any action to obtain full or partial ownership in the blog,

17  and/or any materials reflecting any effort by You, Defendants, or on Defendants' behalf to

18  influence the prior owner's(s') decision to sell or new owner's(s') decision to buy the blog or the

19  terms of such transaction (including any financial assistance offered or provided to any new

20  owners).

21  **RESPONSE TO REQUEST NO. 7:**

22      In addition to the General Objections set forth above, Whitesell objects to this Request as

23  overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

24  that is not relevant to any party's claims or defenses, including because it calls for "All Documents

25  and Communications" and seeks documents prior to the date in which TKO acquired the assets of

26  UFC. Whitesell also objects that the phrases "any consideration," "influence" and "on Your

27  behalf" as used in this Request are vague and ambiguous. Whitesell further objects to the extent

28  this Request calls for documents protected from disclosure by the attorney-client privilege, work-

product doctrine, or any other applicable privilege. Whitesell further objects to this Request as duplicative of Request No. 72 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Whitesell will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents and Communications in Your possession relating to any efforts made by Defendants or on Defendants' behalf to influence the content available on the MMA blog at http://www.bloodyelbow.com, including, without limitation, materials relating to content that was removed after the change in ownership of the blog in or around the first quarter of 2024.

**RESPONSE TO REQUEST NO. 8:**

In addition to the General Objections set forth above, Whitesell objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses, including because it calls for "All Documents and Communications." Whitesell also objects that the phrases "influence" and "on Your behalf" as used in this Request are vague and ambiguous. Whitesell further objects to this Request as duplicative of Request No. 73 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Whitesell will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents and Communications relating to any request by UFC Fighters, MMA Fighters contracted with other MMA Promotions, or other MMA Promotions to match one or more UFC Fighters in one or more bouts with MMA Fighters contracted with another MMA Promotion, including, without limitation, materials reflecting Your consideration of such requests, the terms offered or otherwise considered by You for such bout(s) or events, and/or the potential benefits (or lack thereof) of promoting such bout(s) or events.

**RESPONSE TO REQUEST NO. 9:**

In addition to the General Objections set forth above, Whitesell objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses, including because it calls for "All Documents and Communications" over a ten year time period, extending beyond the time period relevant to this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Whitesell also objects that the phrases "Your consideration," "otherwise considered," and "potential benefits (or lack thereof)" as used in this Request are vague and ambiguous. Whitesell further objects to this Request as seeking documents and information relating to fighters who would not be members of the putative class and, thus, would have no likelihood of leading to the discovery of relevant or admissible evidence. Whitesell further objects to this Request as duplicative of Request No. 74 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Whitesell will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents and Communications relating to Francis Ngannou leaving the UFC for the Professional Fighters League, including, without limitation, materials reflecting and/or otherwise concerning the unsuccessful negotiations between Mr. Ngannou (and/or his representatives) and the UFC to re-sign with the UFC, Documents and Communications with UFC Fighters and their representatives, agents, or managers concerning their own contract negotiations and the impact. of Mr. Ngannou's departure on those negotiations, internal Documents and Communications analyzing the impact of Mr. Ngannou's departure on contract negotiations with UFC Fighters (including as to both the financial and non-financial terms negotiated), and any changes You made to the contract terms You offered to UFC Fighters based in whole or in any part on the unsuccessful negotiations with Mr. Ngannou.

**RESPONSE TO REQUEST NO. 10:**

In addition to the General Objections set forth above, Whitesell objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

that is not relevant to any party's claims or defenses, including because it calls for "All Documents and Communications" over a ten year time period, extending beyond the time period relevant to this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Whitesell also objects that the phrases "otherwise concerning" and "unsuccessful negotiations" as used in this Request are vague and ambiguous. Whitesell further objects to the extent this Request calls for documents protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Whitesell further objects to this Request as seeking documents and information relating to fighters who would not be members of the putative class and, thus, would have no likelihood of leading to the discovery of relevant or admissible evidence. Whitesell further objects to this Request as duplicative of Request No. 75 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Whitesell will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents and Communications concerning the rankings of UFC's Fighters, including, without limitation, materials relating to any internal rankings of UFC Fighters, all criteria and bases the UFC uses to assign UFC Fighters with their ranking in such internal rankings, and the rankings the UFC has assigned to UFC Fighters over time, and any external rankings (e.g., consensus rankings, rankings by particular media outlets, etc.) that the UFC uses to make or considers in making any business decisions (e.g., matchmaking, determining UFC Fighter compensation, determining whether to contract with or extend a contract with an MMA Fighter), the formula and/or process by which such rankings are determined, the way the UFC uses or considers such external rankings, and the external rankings assigned to UFC Fighters that the UFC has used over time.

**RESPONSE TO REQUEST NO. 11:**

In addition to the General Objections set forth above, Whitesell objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses, including because it calls for "All Documents

and Communications" over a ten year time period, extending beyond the time period relevant to this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Whitesell disputes the distinction between "internal" and "external" rankings. Whitesell also objects that the phrases "any business decision," "uses to make or considers in making" and "uses or considers" are vague and ambiguous. Whitesell further objects to this Request to the extent that it seeks public information—including information in Plaintiffs' control—that is readily accessible by Plaintiffs and which should be collected by Plaintiffs under the reasonableness and proportionality standards set forth in the Federal Rules of Civil Procedure. Whitesell additionally objects that this Request calls for documents protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Whitesell further objects to this Request as seeking documents and information relating to fighters who would not be members of the putative class and, thus, would have no likelihood of leading to the discovery of relevant or admissible evidence. Whitesell further objects to this Request as duplicative of Request No. 76 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Whitesell will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 12:**

A complete set of the data the UFC maintains comprising Fighter and bout statistics, including the data previously maintained by FightMetric and the "record book" as referenced at http://statleaders.ufc.com.

**RESPONSE TO REQUEST NO. 12:**

In addition to the General Objections set forth above, Whitesell objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses, including because it calls for information over a ten year time period, extending beyond the time period relevant to this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Whitesell further objects to this Request as vague, ambiguous, confusing, and incomplete because it uses the capitalized term "Fighter," which is not otherwise defined. Whitesell further objects that the phrase "complete set

of data" as used in this Request is vague and ambiguous. Whitesell further objects to this Request to the extent that it seeks public information—including information in Plaintiffs' control—that is readily accessible by Plaintiffs and which should be collected by Plaintiffs under the reasonableness and proportionality standards set forth in the Federal Rules of Civil Procedure. Whitesell further objects to this Request as seeking documents and information relating to fighters who would not be members of the putative class and, thus, would have no likelihood of leading to the discovery of relevant or admissible evidence. Whitesell further objects to this Request as duplicative of Request No. 77 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Whitesell will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents and Communications relating to Your acquisition of FightMetric and its MMA statistics data, including, without limitation, materials relating to the business or strategic purpose(s) of acquiring FightMetric and the amount paid for FightMetric

**RESPONSE TO REQUEST NO. 13**

In addition to the General Objections set forth above, Whitesell objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses, including because it calls for "All Documents and Communications" over a ten year time period, extending beyond the time period relevant to this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Whitesell also objects that the phrase "without limitation" as used in this Request is vague and ambiguous. Whitesell additionally objects that this Request calls for documents protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Whitesell further objects to this Request as duplicative of Request No. 78 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Whitesell will not produce documents in response to this Request.

1  **REQUEST FOR PRODUCTION NO. 14:**

2      All Communications (including Documents attached to such Communications) between

3  You and the following Persons relating to their potential testimony in the Le v. Zuffa, LLC, No. 15-

4  cv-1045 (D. Nev.) trial: (a) Ali Abdelaziz; (b) Shannon Knapp; (c) Michael Bisping; (d) Donald

5  Cerrone; (e) Michael Chandler; (f) Chael Sonnen; (g) Miesha Tate; (h) Jason House; (i) Josh Jones;

6  (j) Dan Lambert; (k) Jeffrey Aronson; (l) Carlos Silva; and (m) Ed Soares.

7  **RESPONSE TO REQUEST NO. 14:**

8      In addition to the General Objections set forth above, Whitesell objects to this Request as

9  overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

10 that is not relevant to any party's claims or defenses, including because it calls for "All

11 Communications" over a ten year time period, extending beyond the time period relevant to this

12 Action, and it is not limited in scope to the claims or defenses at issue in this Action. Whitesell

13 further objects to the extent this Request calls for documents protected from disclosure by the

14 attorney- client privilege, work-product doctrine, or any other applicable privilege. Whitesell

15 further objects to this Request as duplicative of Request No. 79 to Zuffa. Zuffa has been actively

16 meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly

17 seeks to bypass party discovery.

18     Whitesell will not produce documents in response to this Request.

19 **REQUEST FOR PRODUCTION NO. 15:**

20     Documents and Communications sufficient to show the financial results of the boxing

21 event featuring the bout between Conor McGregor and Floyd Mayweather Jr. that took place on

22 or about August 26, 2017, including, without limitation, how much each athlete was paid, the total

23 revenues generated by the event (and the sources of the various components of revenue), and the

24 total expenses incurred (and a breakdown of those expenses).

25 **RESPONSE TO REQUEST NO.15:**

26     In addition to the General Objections set forth above, Whitesell objects to this Request as

27 overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

28 that is not relevant to any party's claims or defenses, including because it calls for information

1  over a ten year time period, extending beyond the time period relevant to this Action, and it is not

2  limited in scope to the claims or defenses at issue in this Action. Whitesell also objects that the

3  phrase "financial results" as used in this Request is vague and ambiguous. Whitesell further objects

4  to this Request as duplicative of Request No. 80 to Zuffa. Zuffa has been actively meeting and

5  conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass

6  party discovery.

7       Whitesell will not produce documents in response to this Request.

8  **REQUEST FOR PRODUCTION NO. 16:**

9       All Documents and Communications relating to the negotiations with Conor McGregor

10  concerning his appearance in the bout between Conor McGregor and Floyd Mayweather Jr. that

11  ultimately took place on or about August 26, 2017, including any promotional and ancillary rights

12  agreement signed by Mr. McGregor, any agreement with any changes to Mr. McGregor's UFC

13  promotional and ancillary rights agreement or any determination by You to not enforce any part

14  of the UFC promotional and ancillary rights agreement with Mr. McGregor, and/or the bases for

15  the UFC's decision to change or otherwise not enforce any part of the UFC promotional and

16  ancillary rights agreement with Mr. McGregor.

17  **RESPONSE TO REQUEST NO. 16:**

18       In addition to the General Objections set forth above, Whitesell objects to this Request as

19  overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

20  that is not relevant to any party's claims or defenses, including because it calls for "All Documents

21  and Communications" over a ten year time period, extending beyond the time period relevant to

22  this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Whitesell

23  further objects to the extent this Request calls for documents protected from disclosure by the

24  attorney-client privilege, work-product doctrine, or any other applicable privilege. Whitesell

25  further objects to this Request as duplicative of Request No. 81 to Zuffa. Zuffa has been actively

26  meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly

27  seeks to bypass party discovery.

28       Whitesell will not produce documents in response to this Request.

1  **REQUEST FOR PRODUCTION NO. 17:**

2      All Agreements between You and Mayweather Promotions, The Money Team, Showtime,

3  and McGregor Promotions relating to the Mayweather vs. McGregor bout and/or event that took

4  place on or about August 26, 2017, as well as any Agreements in Your possession, custody, or

5  control among or between any or all of those entities.

6  **RESPONSE TO REQUEST NO. 17:**

7      In addition to the General Objections set forth above, Whitesell objects to this Request as

8  overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

9  that is not relevant to any party's claims or defenses, including because it calls for "All

10  Agreements" over a ten year time period, extending beyond the time period relevant to this Action,

11  and it is not limited in scope to the claims or defenses at issue in this Action. Whitesell further

12  objects to this Request as duplicative of Request No. 82 to Zuffa. Zuffa has been actively meeting

13  and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to

14  bypass party discovery.

15      Whitesell will not produce documents in response to this Request.

16  **REQUEST FOR PRODUCTION NO. 18:**

17      All Documents and Communications relating to Leslie Smith's unionization effort,

18  including materials relating to Project Spearhead and her allegations (and any related

19  administrative, legal, or regulatory proceeding) that You committed unfair labor practices when

20  she was terminated from the UFC.

21  **RESPONSE TO REQUEST NO. 18:**

22      In addition to the General Objections set forth above, Whitesell objects to this Request as

23  overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

24  that is not relevant to any party's claims or defenses, including because it calls for "All Documents

25  and Communications" over a ten year time period, extending beyond the time period relevant to

26  this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Whitesell

27  also objects that the phrase "unionization effort" as used in this Request is vague and ambiguous.

28  Whitesell disputes Plaintiffs' assertion that TKO "committed unfair labor practices." Whitesell

1   further objects to the extent this Request calls for documents protected from disclosure by the

2   attorney- client privilege, work-product doctrine, or any other applicable privilege. Whitesell

3   further objects to this Request to the extent that it seeks public information—including information

4   in Plaintiffs' control—that is readily accessible by Plaintiffs and which should be collected by

5   Plaintiffs under the reasonableness and proportionality standards set forth in the Federal Rules of

6   Civil Procedure. Whitesell further objects to this Request as duplicative of Request No. 83 to

7   Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and

8   thus this Request improperly seeks to bypass party discovery.

9       Whitesell will not produce documents in response to this Request.

10  **REQUEST FOR PRODUCTION NO. 19:**

11      All Documents and Communications relating to the effort by certain UFC Fighters and

12  others to create the Mixed Martial Arts Athletes Association ("MMAAA"), including, without

13  limitation, any materials reflecting MMAAA's effort to obtain an out-of-court financial settlement

14  for any alleged legal claims, any materials relating to MMAAA's expressed goal of increasing the

15  revenue share the UFC pays to UFC Fighters, and any discussions relating to insurance and pension

16  packages for UFC athletes. Responsive Documents and Communications also include any

17  materials relating to the reported meeting between Donald Cerrone and Dana White that transpired

18  on or about December 8, 2016 concerning the MMAAA and any follow-up concerning such

19  meeting.

20  **RESPONSE TO REQUEST NO. 19:**

21      In addition to the General Objections set forth above, Whitesell objects to this Request as

22  overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

23  that is not relevant to any party's claims or defenses, including because it calls for "All Documents

24  and Communications" over a ten year time period, extending beyond the time period relevant to

25  this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Whitesell

26  further objects to this Request as seeking documents and information relating to fighters who

27  would not be members of the putative class and, thus, would have no likelihood of leading to the

28  discovery of relevant or admissible evidence. Whitesell further objects to the extent this Request

1    calls for documents protected from disclosure by the attorney-client privilege, work-product

2    doctrine, or any other applicable privilege. Whitesell further objects to this Request to the extent

3    that it seeks public information—including information in Plaintiffs' control—that is readily

4    accessible by Plaintiffs and which should be collected by Plaintiffs under the reasonableness and

5    proportionality standards set forth in the Federal Rules of Civil Procedure. Whitesell further

6    objects to this Request as duplicative of Request No. 84 to Zuffa. Zuffa has been actively meeting

7    and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to

8    bypass party discovery.

9        Whitesell will not produce documents in response to this Request.

10   **REQUEST FOR PRODUCTION NO. 20:**

11       All Documents and Communications relating to the UFC's business strategy for

12   Professional MMA Events and/or Professional MMA Bouts held at UFC Apex, including

13   Documents and Communications discussing the reasons for creating and/or establishing the UFC

14   Apex, how UFC determines which Professional MMA Events and/or Professional MMA Bouts

15   will be held at the Apex, and why any Professional MMA Events and/or Professional MMA Bouts

16   were held at the Apex.

17   **RESPONSE TO REQUEST NO. 20:**

18       In addition to the General Objections set forth above, Whitesell objects to this Request as

19   overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

20   that is not relevant to any party's claims or defenses, including because it calls for "All Documents

21   and Communications" over a ten year time period, extending beyond the time period relevant to

22   this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Whitesell

23   further objects that the phrase "business strategy" as used in this Request is vague and ambiguous.

24   Whitesell further objects to this Request as duplicative of Request No. 85 to Zuffa. Zuffa has been

25   actively meeting and conferring with Plaintiffs over this same Request, and thus this Request

26   improperly seeks to bypass party discovery.

27       Whitesell will not produce documents in response to this Request.

28

1  **REQUEST FOR PRODUCTION NO. 21:**

2      All monthly and annual financial documents relating to the business operations at the UFC

3  Apex, including without limitation all audited financial statements, balance sheets, income

4  statements, profit and loss reports, margin analyses, equity valuations, asset appraisals, financial

5  models, budgets (proposed or otherwise), investor presentations, margin analyses, pro formas,

6  regulatory filings (including income tax returns), issuance of equity or debit, loans, and money

7  owed or receivable, and any other form of financial reporting.

8  **RESPONSE TO REQUEST NO. 21:**

9      In addition to the General Objections set forth above, Whitesell objects to this Request as

10  overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

11  that is not relevant to any party's claims or defenses, including because it calls for "All" monthly

12  and annual financial documents over a ten year time period, extending beyond the time period

13  relevant to this Action, and it is not limited in scope to the claims or defenses at issue in this Action.

14  Whitesell further objects that the phrases "financial documents," "business operations," and "any

15  other form of financial reporting" as used in this Request are vague and ambiguous. Whitesell

16  further objects to this Request as duplicative of Request No. 86 to Zuffa. Zuffa has been actively

17  meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly

18  seeks to bypass party discovery.

19      Whitesell will not produce documents in response to this Request.

20  **REQUEST FOR PRODUCTION NO. 22**

21      All Documents and Communications relating to any changes in the form and/or structure

22  of revenues the UFC received for its broadcast rights, including, without limitation, Documents

23  and Communications relating to changes in structure of PPV revenues received by the UFC and

24  paid by ESPN following the UFC's 2019 broadcast rights deal with ESPN, including materials

25  analyzing such changes and any corresponding changes in business practices or operations the

26  UFC considered implementing based on such change in structure.

27  **RESPONSE TO REQUEST NO. 22:**

28      In addition to the General Objections set forth above, Whitesell objects to this Request as

1  overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

2  that is not relevant to any party's claims or defenses, including because it requests "All Documents

3  and Communications" over a ten year time period, extending beyond the time period relevant to

4  this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Whitesell

5  further objects that the phrases "materials analyzing such changes," "corresponding changes," and

6  "considered implementing" as used in this Request are vague and ambiguous. Whitesell further

7  objects to the extent this Request calls for documents protected from disclosure by the attorney-

8  client privilege, work-product doctrine, or any other applicable privilege. Whitesell further objects

9  to this Request as duplicative of Request No. 87 to Zuffa. Zuffa has been actively meeting and

10  conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass

11  party discovery.

12      Whitesell will not produce documents in response to this Request.

13  **REQUEST FOR PRODUCTION NO. 23:**

14      All Documents and Communications relating to Zuffa's acquisition of the UFC, including,

15  without limitation, the Agreement(s) setting for the terms of sale, any planned business strategies

16  supporting Zuffa's decision to purchase the UFC, and any Documents or Communications relating

17  to Zuffa's forecasted revenues and/or other financials created by Zuffa or its agents prior to the

18  sale of the UFC to Zuffa. For clarity, the Relevant Time Period for this Request commences

19  January 1, 1993 and extends through the present.

20  **RESPONSE TO REQUEST NO. 23:**

21      In addition to the General Objections set forth above, Whitesell objects to this Request as

22  overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

23  that is not relevant to any party's claims or defenses, including because it calls for "All Documents

24  and Communications" over a thirty-two year time period, extending beyond the time period

25  relevant to this Action, and it is not limited in scope to the claims or defenses at issue in this Action.

26  Whitesell also objects that the phrases "planned business strategies," "supporting," and "other

27  financials" as used in this Request are vague and ambiguous. Whitesell further objects to the extent

28  this Request calls for documents protected from disclosure by the attorney-client privilege, work-

1   product doctrine, or any other applicable privilege. Whitesell further objects to this Request as

2   duplicative of Request No. 88 to Zuffa. Zuffa has been actively meeting and conferring with

3   Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

4   discovery.

5        Whitesell will not produce documents in response to this Request.

6   **REQUEST FOR PRODUCTION NO. 24:**

7        All Documents and Communications relating to any contention Zuffa may make in this

8   litigation that it built or otherwise substantially contributed to the growth of the sport of MMA,

9   including, without limitation, any Documents and Communications relating to Zuffa's efforts to

10  secure licensing or other certification or legal standing of Professional MMA Events in any state

11  jurisdiction, any investments Zuffa made in building the MMA Industry distinct from investments

12  Zuffa made in building the UFC, and any materials reflecting the state of the MMA Industry and

13  its size and growth potential prior to Zuffa's acquisition of the UFC. For clarity, the Relevant Time

14  Period for this Request commences January 1, 1993 and extends through the present.

15  **RESPONSE TO REQUEST NO. 24:**

16       In addition to the General Objections set forth above, Whitesell objects to this Request as

17  overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

18  that is not relevant to any party's claims or defenses, including because it calls for "All Documents

19  and Communications" over a thirty-two year time period, extending beyond the time period

20  relevant to this Action, and it is not limited in scope to the claims or defenses at issue in this Action.

21  Whitesell further objects that the phrases "contention," "efforts," "the state of the MMA Industry,"

22  and "growth potential" as used in this Request are vague and ambiguous. Whitesell further objects

23  to the extent this Request calls for documents protected from disclosure by the attorney-client

24  privilege, work-product doctrine, or any other applicable privilege. Whitesell further objects to

25  this Request as duplicative of Request No. 89 to Zuffa. Zuffa has been actively meeting and

26  conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass

27  party discovery.

28       Whitesell will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 25:**

All Documents and Communications produced by You in response to discovery requests served by the plaintiffs in Le, et al. v. Zuffa, LLC, 2:21-cv-1189-RFB-BNW (D. Nev.) and/or received by you in response to discovery requests or subpoenas served by You, in Le, et al. v. Zuffa, LLC, 2:21-cv-1189-RFB-BNW (D. Nev.). The Relevant Time Period set forth above does not apply to this Request.

**RESPONSE TO REQUEST NO. 25:**

In addition to the General Objections set forth above, Whitesell objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it requests documents outside of the relevant time period and which otherwise have no bearing on the claims or defenses at issue in this Action. Whitesell also objects to this Request to the extent it seeks documents and information subject to the protective order issued by the Court in Le, et al. v. Zuffa, LLC, 2:21-cv-1189-RFB-BNW (D. Nev.). Whitesell objects that this Request is unintelligible because the case citation refers to a case name that is different from the case number cited. Whitesell further objects to this Request as duplicative of Request No. 1 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Whitesell will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 26:**

All Documents and Communications produced by You to any government or government agency in response to any investigative demand or other request from the U.S. Department of Justice, the U.S. Federal Trade Commission, any state regulatory agency, or any foreign regulatory agency related to: (a) Your policies, practices, guidelines, and training directed to compliance with U.S. governmental regulatory agencies, or any foreign regulatory agency, including all Documents concerning the creation of such policies, and any statements signed by Your employees or agents acknowledging their receipt of or compliance with Your compliance policies; (b) the acquisition of Zuffa or any parent of or successor to Zuffa by Endeavor Group Holdings, Inc.; or (c) the merger

1    of Zuffa or any parent of or successor to Zuffa with World Wrestling Entertainment, Inc. (a/k/a

2    WWE) or any parent of or successor to World Wrestling Entertainment, Inc. Explicitly included

3    within the scope of this Interrogatory is any correspondence or documents exchanged between

4    You and the U.S. Department of Justice, including documents reflecting or constituting any

5    Communications with former Assistant Attorney General for the Department of Justice Antitrust

6    Division Makan Delrahim, relating to Le, et al. v. Zuffa, LLC, 2:21-cv-1189-RFBBNW (D. Nev.).

7    **RESPONSE TO REQUEST NO. 26:**

8         In addition to the General Objections set forth above, Whitesell objects to this Request as

9    overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

10   calculated to lead to the discovery of relevant or admissible evidence, including because it seeks

11   documents produced to "any government or government agency in response to any investigative

12   demand or other request" related to a wide range of topics that have no relevance to the claims or

13   defenses at issue in this Action, including because they relate to transactions that are not challenged

14   or at issue in this Action. Whitesell also objects that the phrase "directed to compliance with" is

15   vague, ambiguous, and unintelligible as written. Whitesell further objects to this Request to the

16   extent it refers to an "Interrogatory" and will interpret this Request to refer to a "Request."

17   Whitesell further objects that this Request is unintelligible because the case citation refers to a case

18   name that is different from the case number cited. Whitesell further objects to this Request as

19   duplicative of Request No. 2 to Zuffa. Zuffa has been actively meeting and conferring with

20   Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

21   discovery.

22        Whitesell will not produce documents in response to this Request.

23   **REQUEST FOR PRODUCTION NO. 27:**

24        All Documents and Communications produced by You to the U.S. government pursuant to

25   the Hart-Scott-Rodino Antitrust Improvements Act of 1976, Pub. L. No. 94-435, and any second

26   requests, related to the acquisition of Zuffa or any parent of or successor to Zuffa by Endeavor

27   Group Holdings, Inc., the merger of Zuffa or any parent of or successor to Zuffa with World

28   Wrestling Entertainment, Inc. (a/k/a WWE) or any parent of or successor to World Wrestling

1  Entertainment, Inc., or the formation of TKO Group Holdings, Inc.

2  **RESPONSE TO REQUEST NO. 27:**

3        In addition to the General Objections set forth above, Whitesell objects to this Request as

4  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

5  calculated to lead to the discovery of relevant or admissible evidence, including because it seeks

6  "All Documents and Communications" produced for a ten year time period, extending beyond the

7  time period relevant to this case, and which relate to transactions not challenged or at issue in this

8  Action and which are otherwise not relevant to any claim or defense in this Action. Whitesell

9  further objects to this Request as duplicative of Request No. 3 to Zuffa. Zuffa has been actively

10  meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly

11  seeks to bypass party discovery.

12        Whitesell will not produce documents in response to this Request.

13  **REQUEST FOR PRODUCTION NO. 28:**

14        All Documents and Communications relating to any Agreements between (a) Zuffa and

15  any Professional MMA Fighter, and (b) any other MMA Promoter and any Professional MMA

16  Fighter, including all Agreements concerning competition in Professional MMA Bouts (and any

17  amendments thereto), including Promotional and Ancillary Rights Agreements, Bout

18  Agreements, "side letter" and/or letter Agreements, Merchandise Rights Agreements, sponsorship

19  Agreements, and all Documents and Communications relating to negotiations with any

20  Professional MMA Fighter or any Person purporting to represent a Professional MMA Fighter,

21  including all draft Agreements.

22  **RESPONSE TO REQUEST NO. 28:**

23        In addition to the General Objections set forth above, Whitesell objects to this Request as

24  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

25  calculated to lead to the discovery of relevant or admissible evidence, including because it calls

26  for "All Documents and Communications" over a ten year time period, extending beyond the time

27  period relevant to this case, and relating to, among other things, agreements between "any other

28  MMA Promoter and any Professional MMA Fighter." Whitesell also objects that the phrase

1  "relating to negotiations" and "purporting to represent" are vague and ambiguous. Whitesell

2  further objects to the extent this Request calls for documents protected from disclosure by the

3  attorney-client privilege, work-product doctrine, or any other applicable privilege. Whitesell

4  further objects to this Request as seeking documents and information relating to fighters who

5  would not be members of the putative class and, thus, would have no likelihood of leading to the

6  discovery of relevant or admissible evidence. Whitesell further objects to this Request as

7  duplicative of Request No. 4 to Zuffa. Zuffa has been actively meeting and conferring with

8  Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

9  discovery.

10       Whitesell will not produce documents in response to this Request.

11  **REQUEST FOR PRODUCTION NO. 29:**

12       Each Agreement between you and a Professional MMA Fighter entered into or in effect

13  during the Relevant Time Period.

14  **RESPONSE TO REQUEST NO. 29:**

15       In addition to the General Objections set forth above, Whitesell objects to this Request as

16  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

17  calculated to lead to the discovery of relevant or admissible evidence, including because it requests

18  "Each Agreement" over at least a ten year time period, extending beyond the time period relevant

19  to this case. Whitesell also objects to this Request as seeking documents and information relating

20  to fighters who would not be members of the putative class and, thus, would have no likelihood of

21  leading to the discovery of relevant or admissible evidence. Whitesell further objects to this

22  Request as duplicative of Request No. 5 to Zuffa. Zuffa has been actively meeting and conferring

23  with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

24  discovery.

25       Whitesell will not produce documents in response to this Request.

26  **REQUEST FOR PRODUCTION NO. 30:**

27       All Documents and Communications evidencing the negotiation of any Agreement

28  responsive to the preceding Request.

1    **RESPONSE TO REQUEST NO. 30**

2        In addition to the General Objections set forth above, Whitesell objects to this Request as

3    duplicative of Request No. 7's request for "all Documents and Communications" concerning the

4    same topic, and as overbroad, unduly burdensome, not proportional to the needs of the case, and

5    not reasonably calculated to lead to the discovery of relevant or admissible evidence, including

6    because it calls for "All Documents and Communications" over at least a ten year time period,

7    extending beyond the time period relevant to this Action. Whitesell also objects to the extent this

8    Request calls for documents protected from disclosure by the attorney-client privilege, work-

9    product doctrine, or any other applicable privilege. Whitesell further objects that the phrase

10   "evidencing the negotiation of" is vague and ambiguous. Whitesell further objects to this Request

11   as seeking documents and information relating to fighters who would not be members of the

12   putative class and, thus, would have no likelihood of leading to the discovery of relevant or

13   admissible evidence. Whitesell further objects to this Request as duplicative of Request No. 6 to

14   Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and

15   thus this Request improperly seeks to bypass party discovery.

16       Whitesell will not produce documents in response to this Request.

17   **REQUEST FOR PRODUCTION NO. 31**

18       All Documents and Communications consisting of or relating to Your discussion, analysis,

19   interpretation or characterization of any Agreement, and the negotiation thereof, responsive to

20   Request No. 29.

21   **RESPONSE TO REQUEST NO. 31:**

22       In addition to the General Objections set forth above, Whitesell objects that this Request is

23   overbroad, unduly burdensome, not proportional to the needs of the case and not reasonably

24   calculated to lead to this discovery of relevant or admissible evidence, including because it calls

25   for "All Documents and Communications" over a ten year period, extending beyond the time

26   period relevant to this Action. Whitesell also objects to the extent this Request calls for documents

27   protected from disclosure by the attorney-client privilege, work-product doctrine, or any other

28   applicable privilege. Whitesell further objects that the phrase "discussion, analysis, interpretation

or characterization" is vague and ambiguous. Whitesell further objects to this Request as seeking documents and information relating to fighters who would not be members of the putative class and, thus, would have no likelihood of leading to the discovery of relevant or admissible evidence. Whitesell further objects to this Request as duplicative of Request No. 7 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Whitesell will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 32:**

All arbitration clauses or class action waivers between You and any Professional MMA Fighters, whether set forth in an Agreement or otherwise, and all Documents and Communications relating to relating to any such arbitration clause or class action waiver, including without limitation analyses, draft proposed clauses, analyses of such clauses, white papers, reports, slide presentations, or discussions regarding the reasons for, or potential benefits to Zuffa or Endeavor or anyone else of, including arbitration clauses and/or class action waivers in Your Agreements with Professional MMA Fighters.

**RESPONSE TO REQUEST NO. 32:**

In addition to the General Objections set forth above, Whitesell objects that this Request is overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it asks for "All arbitration clauses or class action waivers" and "all Documents and Communications" relating to such clauses over a ten year time period, extending beyond the time period relevant to this Action, and is not limited in scope to the claims or defenses at issue in this Action. Whitesell also objects that the phrases "analyses," "discussions regarding the reasons for," and "potential benefits" are vague and ambiguous. Whitesell further objects to the extent this Request calls for documents protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Whitesell further objects to this Request as seeking documents and information relating to fighters who would not be members of the putative class and, thus, would have no likelihood of leading to the discovery of relevant or admissible evidence. Whitesell further

1   objects to this Request as duplicative of Request No. 8 to Zuffa. Zuffa has been actively meeting

2   and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to

3   bypass party discovery.

4       Whitesell will not produce documents in response to this Request.

5   **REQUEST FOR PRODUCTION NO. 33:**

6       All Documents and Communications evidencing the negotiation of any Agreement

7   responsive to the preceding Request.

8   **RESPONSE TO REQUEST NO. 33:**

9       In addition to the General Objections set forth above, Whitesell objects that this Request is

10  duplicative of the Request No. 32's request for "all Documents and Communications" concerning

11  the same topic, and as overbroad, unduly burdensome, not proportional to the needs of the case,

12  and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including

13  because it asks for "All Documents and Communications" regarding Agreements from the prior

14  Request over a ten year time period, extending beyond the time period relevant to this case, and it

15  is not limited in scope to the claims or defenses at issue in this Action. Whitesell also objects that

16  the phrase "evidencing the negotiation" is vague and ambiguous. Whitesell further objects to this

17  Request as seeking documents and information relating to fighters who would not be members of

18  the putative class and, thus, would have no likelihood of leading to the discovery of relevant or

19  admissible evidence. Whitesell further objects to this Request as duplicative of Request No. 9 to

20  Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and

21  thus this Request improperly seeks to bypass party discovery.

22      Whitesell will not produce documents in response to this Request.

23  **REQUEST FOR PRODUCTION NO. 34:**

24      All Documents and Communications consisting of or relating to Your discussion, analysis,

25  interpretation or characterization of any arbitration clause or class action waiver, and/or the

26  negotiation thereof.

27  **RESPONSE TO REQUEST NO. 34:**

28      In addition to the General Objections set forth above, Whitesell objects to this Request as

NON-PARTY PATRICK WHITESELL'S RESPONSES
AND OBJECTIONS TO PLAINTIFFS' SUBPOENA
Case No. 21-cv-01189-RFB-BNW

1    duplicative of the Request No. 32's request for "all Documents and Communications" concerning

2    the same topic, and is overbroad, unduly burdensome, not proportional to the needs of the case,

3    and not reasonably calculated to the discovery of relevant or admissible evidence, including

4    because it calls for "All Documents and Communications" over a ten year time period, extending

5    beyond the time period relevant to this Action. Whitesell also objects that the terms "discussion,

6    analysis, interpretation or characterization" are vague and ambiguous. Whitesell further objects to

7    the extent that this Request is duplicative of Request Nos. 32 and 33. Whitesell further objects to

8    the extent this Request calls for documents protected from disclosure by the attorney- client

9    privilege, work-product doctrine, or any other applicable privilege. Whitesell further objects to

10   this Request as duplicative of Request No. 10 to Zuffa. Zuffa has been actively meeting and

11   conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass

12   party discovery.

13        Whitesell will not produce documents in response to this Request.

14   **REQUEST FOR PRODUCTION NO. 35:**

15        All Documents and Communications relating to market research about the MMA Industry,

16   including but not limited to, analysis or research regarding relative market share of MMA

17   Promoters, barriers to expansion for MMA Promoters, barriers to entry for would-be MMA

18   Promoters, and growth projections for the MMA Industry and/or MMA Promoters individually or

19   in any groupings.

20   **RESPONSE TO REQUEST NO. 35:**

21        In addition to the General Objections set forth above, Whitesell objects to this Request as

22   overbroad and unduly burdensome, not proportional to the needs of the case, and not reasonably

23   calculated to the discovery of relevant or admissible evidence, including because it calls for "All

24   Documents and Communications" over a ten year time period, extending beyond the time period

25   relevant to this Action. Whitesell also objects that the phrases "market research," "analysis or

26   research," and "growth projections" are vague and ambiguous. Whitesell further objects to the

27   extent this Request calls for documents protected from disclosure by the attorney-client privilege,

28   work-product doctrine, or any other applicable privilege. Whitesell further objects to this Request

NON-PARTY PATRICK WHITESELL'S RESPONSES
AND OBJECTIONS TO PLAINTIFFS' SUBPOENA
Case No. 21-cv-01189-RFB-BNW

as duplicative of Request No. 11 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Whitesell will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 36:**

All Documents and Communications relating to non-Zuffa/non-UFC MMA Promoters (considered individually or as a group), including but not limited to SWOT analyses, financial analyses, strategies, counterprogramming of other MMA Promoters' Professional MMA Events, analyses and/or commentary or assessments of their fighter rosters, and acquisition analyses and strategies.

**RESPONSE TO REQUEST NO. 36:**

In addition to the General Objections set forth above, Whitesell objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it calls for "All Documents and Communications relating to non-Zuffa/non-UFC MMA Promoters" over a ten year time period, extending beyond the time period relevant to this Action, and does not limit the scope of the Request to the claims or defenses at issue in this Action. Whitesell also objects that the phrase "counterprogramming" is vague and ambiguous. Whitesell further objects that the phrase "SWOT analyses" is vague, ambiguous, and undefined. Whitesell further objects to the extent this Request calls for documents protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Whitesell further objects to this Request as duplicative of Request No. 12 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Whitesell will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 37:**

All Documents and Communications relating to any Agreement that UFC had with another MMA Promoter, including but not limited to Agreements to license content, Agreements to buy

1  or sell athlete contracts, and Agreements to release fighters from their contracts if UFC offers the

2  fighter a contract.

3  **RESPONSE TO REQUEST NO. 37:**

4      In addition to the General Objections set forth above, Whitesell objects that this Request is

5  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

6  calculated to lead to the discovery of relevant or admissible evidence, including because it asks for

7  "All Documents and Communications" relating to any agreement with another MMA Promoter,

8  regardless of the nature of the agreement, over a ten year time period, extending beyond the time

9  period relevant to this Action, and it does not limit the scope of the Request to the claims or

10 defenses at issue in this Action. Whitesell further objects to this Request as duplicative of Request

11 No. 13 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same

12 Request, and thus this Request improperly seeks to bypass party discovery.

13     Whitesell will not produce documents in response to this Request.

14 **REQUEST FOR PRODUCTION NO. 38:**

15     All Documents and Communications relating to the potential sale of Zuffa or any portion

16 thereof (or interest therein), including any Communications with or Documents created by Zuffa

17 or any third party, including without limitation any prospectuses, proposals, confidential

18 information memoranda, credit assessments, due diligence requests, Documents, or

19 Communications created, collected, placed in data rooms, or produced in response to due diligence

20 requests, offers, negotiations, memoranda of understanding, and all other Documents or

21 Communications relating in any way to the potential sale, acquisition, merger or transfer of Zuffa

22 or any portion thereof or interest therein.

23 **RESPONSE TO REQUEST NO. 38:**

24     In addition to the General Objections set forth above, Whitesell objects to this Request as

25 overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

26 calculated to lead to the discovery of relevant or admissible evidence, including because it requests

27 "All Documents and Communications" relating to any potential sale of Zuffa or any portion

28 thereof over a ten year time period, extending beyond the time period relevant to this Action, and

1    it is not limited in scope to documents relating to the claims and defenses at issue in this Action.

2    Whitesell also objects to the extent this Request calls for documents protected from disclosure by

3    the attorney-client privilege, work-product doctrine, or any other applicable privilege. Whitesell

4    further objects to this Request as duplicative of Request No. 14 to Zuffa. Zuffa has been actively

5    meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly

6    seeks to bypass party discovery.

7        Whitesell will not produce documents in response to this Request.

8    **REQUEST FOR PRODUCTION NO. 39:**

9        All Documents and Communications (exclusive of Documents and Communications

10    produced in response to Request for Production No. 38) relating to the sale of a majority stake in

11    Zuffa to Endeavor in 2016, including Communications with or Documents created by any third

12    party, and including without limitation any executed Agreements, draft Agreements, memoranda

13    of understanding, offers, prospectuses, proposals, confidential information memoranda, credit

14    assessments, supporting schedules, all Documents and Communications relating to negotiations,

15    due diligence requests, Documents and Communications created, collected, placed in data rooms,

16    or produced in response to due diligence requests, all regulatory filings, registration documents,

17    and any other Documents or Communications sent to or received by You relating to any U.S.,

18    state, or local agency, and all other Documents and Communications relating in any way to the

19    sale of Zuffa in or around 2016.

20    **RESPONSE TO REQUEST NO. 39:**

21        In addition to the General Objections set forth above, Whitesell objects to this Request as

22    overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

23    calculated to lead to the discovery of relevant or admissible evidence, including because it requests

24    "All Documents and Communications" relating to the sale to Endeavor and does not limit the

25    scope of the Request to documents relating to the claims and defenses at issue in this Action (which

26    does not concern the sale of Zuffa or any portion thereof). Whitesell also objects to the extent this

27    Request calls for documents protected from disclosure by the attorney-client privilege, work-

28    product doctrine, or any other applicable privilege. Whitesell further objects to this Request as

duplicative of Request No. 15 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Whitesell will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 40:**

All Documents and Communications (exclusive of Documents and Communications produced in response to Request for Production No. 38) relating to the sale of any share(s) of Zuffa to Endeavor in or around 2021, including any Communications with or Documents created by any third party, and including without limitation any executed Agreements, draft Agreements, memoranda of understanding, offers, prospectuses, proposals, confidential information memoranda, credit assessments, supporting schedules, all Documents and Communications relating to negotiations, due diligence requests, Documents and Communications created, collected, placed in data rooms, or produced in response to due diligence requests, all regulatory filings, registration documents, and any other Documents or Communications sent to or received by You relating to any U.S., state, or local agency, and all other Documents and Communications relating in any way to the sale of or any portion of Zuffa in or around 2021.

**RESPONSE TO REQUEST NO. 40:**

In addition to the General Objections set forth above, Whitesell objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it requests "All Documents and Communications" relating to any sale to Endeavor in 2021 and does not limit the scope of the Request to documents relating to the claims and defenses at issue in this Action. Whitesell also objects to the extent this Request calls for documents protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Whitesell further objects to the extent that this Request is duplicative of Request No. 26. Whitesell further objects to this Request as duplicative of Request No. 16 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

1   Whitesell will not produce documents in response to this Request.

2   **REQUEST FOR PRODUCTION NO. 41:**

3   All Documents and Communications relating to the acquisition, sale, merger or transfer of

4   World Wrestling Entertainment, Inc. in 2023, including any Communications with or Documents

5   created by any third party, and including without limitation any executed Agreements, draft

6   Agreements, memoranda of understanding, offers, prospectuses, proposals, confidential

7   information memoranda, credit assessments, all Documents and Communications relating to

8   negotiations, due diligence requests, Documents and Communications created, collected, placed

9   in data rooms, or produced in response to due diligence requests, all regulatory filings, registration

10  documents, and any other Documents or Communications sent to or received by You relating to

11  any U.S., state, or local agency, and all other Documents and Communications relating in any way

12  to the acquisition and merger of World Wrestling Entertainment, Inc. in 2023.

13  **RESPONSE TO REQUEST NO. 41:**

14  In addition to the General Objections set forth above, Whitesell objects to this Request as

15  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

16  calculated to lead to the discovery of relevant or admissible evidence, including because it requests

17  "All Documents and Communications" relating to an acquisition, sale, merger, or transfer of

18  World Wrestling Entertainment, Inc., in 2023, which is not challenged or at issue in this Action,

19  and therefore and does not limit the scope of the Request to documents relating to the claims and

20  defenses at issue in this Action. Whitesell also objects to the extent this Request calls for

21  documents protected from disclosure by the attorney-client privilege, work-product doctrine, or

22  any other applicable privilege. Whitesell further objects to this Request as duplicative of Request

23  No. 17 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same

24  Request, and thus this Request improperly seeks to bypass party discovery.

25  Whitesell will not produce documents in response to this Request.

26  **REQUEST FOR PRODUCTION NO. 42:**

27  All Documents and Communications relating to any efforts by You or made on Your behalf

28  to raise capital, including but not limited to loans or issuance of debt or equity, and including

1   without limitation any Agreements, draft Agreements, negotiations, investor presentations,

2   prospectuses, confidential information memoranda, credit assessments, due diligence requests,

3   Documents and Communications created, collected, placed in data rooms, or produced in response

4   to due diligence requests, and all other documents and communications related in any way to

5   efforts to raise capital, regardless of whether any loan was actually obtained or any debt or equity

6   was actually issued.

7   **RESPONSE TO REQUEST NO. 42:**

8       In addition to the General Objections set forth above, Whitesell objects to this Request as

9   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

10   calculated to lead to the discovery of relevant or admissible evidence, including because it calls

11   for "All Documents and Communications" relating to efforts to raise capital over a ten year time

12   period, extending beyond the time period relevant to this Action, and it is not limited in scope to

13   documents relating to the claims and defenses at issue in this Action. Whitesell also objects that

14   the phrase "efforts by You or made on Your behalf to raise capital" is vague and ambiguous.

15   Whitesell further objects to the extent this Request calls for documents protected from disclosure

16   by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Whitesell

17   further objects to this Request as duplicative of Request No. 18 to Zuffa. Zuffa has been actively

18   meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly

19   seeks to bypass party discovery.

20       Whitesell will not produce documents in response to this Request.

21   **REQUEST FOR PRODUCTION NO. 43:**

22       Documents and Communications sufficient to Identify each of Your employees or agents

23   or anyone purporting to act on Your behalf involved in approving or negotiating the terms of any

24   Agreement, or proposed Agreement, for all or part of Zuffa to be acquired by Endeavor or by

25   anyone else.

26   **RESPONSE TO REQUEST NO. 43:**

27       In addition to the General Objections set forth above, Whitesell objects to this Request as

28   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

calculated to lead to the discovery of relevant or admissible evidence, including because it calls for information as to each employee or agent over a ten year period, extending beyond the time period relevant to this Action, and it is not limited to information related to individuals who may have some role related to the claims or defenses in this Action. Whitesell also objects that this Request's use of the phrases "anyone purporting to act on Your behalf" and "anyone else" is vague, ambiguous, overbroad, and impractical. Whitesell further objects to this Request to the extent it purports to require Whitesell to do anything beyond conducting a reasonable search for non-objectionable, non-privileged, responsive documents and data. Whitesell further objects to this Request as duplicative of Request No. 19 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Whitesell will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 44:**

Documents and data (including structured or unstructured data) sufficient to show Your financial data, including at a minimum Your costs, revenue, income, EBITDA, assets, debits, borrowing costs, and profits, by month and by year, at the most granular level such documents and data are maintained.

**RESPONSE TO REQUEST NO. 44:**

In addition to the General Objections set forth above, Whitesell objects that this Request is overbroad and unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it requests financial data over a ten year time period, extending beyond the time period, geographic scope, and subject matter relevant to this Action, and it is not limited in scope to documents relating to the claims and defenses at issue in this Action. Whitesell further objects to this Request to the extent that it seeks public information—including information in Plaintiffs' control—that is readily accessible by Plaintiffs and which should be collected by Plaintiffs under the reasonableness and proportionality standards set forth in the Federal Rules of Civil Procedure. Whitesell further objects that the phrases "at the most granular level" and "unstructured data" are vague and

1   ambiguous. Whitesell further objects to this Request as duplicative of Request No. 20 to Zuffa.

2   Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus

3   this Request improperly seeks to bypass party discovery.

4        Whitesell will not produce documents in response to this Request.

5   **REQUEST FOR PRODUCTION NO. 45:**

6        All monthly and annual financial documents created or maintained by You or on Your

7   behalf, including without limitation all audited financial statements, balance sheets, income

8   statements, profit and loss reports, margin analyses, equity valuations, asset appraisals, financial

9   models, budgets (proposed or otherwise), investor presentations, margin analyses, pro formas,

10  regulatory filings (including income tax returns), issuance of equity or debit, loans, and money

11  owed or receivable, and any other form of financial reporting.

12  **RESPONSE TO REQUEST NO. 45:**

13       In addition to the General Objections set forth above, Whitesell objects to this Request as

14  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

15  calculated to lead to the discovery of relevant or admissible evidence, including because it calls

16  for all documents over a ten year time period, extending beyond the time period, geographic scope,

17  and subject matter relevant to this Action, and it is not limited in scope to documents relating to

18  the claims and defenses at issue in this Action. Whitesell also objects that the terms "financial

19  models" or "similar financial Documents" are vague and ambiguous. Whitesell further objects to

20  this Request to the extent that it seeks public information—including information in Plaintiffs'

21  control—that is readily accessible by Plaintiffs and which should be collected by Plaintiffs under

22  the reasonableness and proportionality standards set forth in the Federal Rules of Civil Procedure.

23  Whitesell will not produce equity valuations, asset appraisals, regulatory filings, income tax

24  returns, debt or equity issuance materials, or loans, to the extent any such materials exist, as they

25  are irrelevant and not proportional to the claims and defenses at issue in this Action, overbroad,

26  unduly burdensome, highly confidential, and unlikely to contain relevant information that could

27  not be obtained in more reasonable way. Whitesell further objects to this Request as duplicative of

28  Request No. 21 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this

1    same Request, and thus this Request improperly seeks to bypass party discovery.

2        Whitesell will not produce documents in response to this Request.

3    **REQUEST FOR PRODUCTION NO. 46:**

4        For each year of the Relevant Time Period, Documents sufficient to show beneficial

5    ownership in Zuffa, and any changes thereto. This Request includes Documents sufficient to show

6    the percentage of any stock or other interests owned by each Person holding a beneficial ownership

7    interest and the consideration paid for such interest.

8    **RESPONSE TO REQUEST NO. 46:**

9        In addition to the General Objections set forth above, Whitesell objects to this Request as

10   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

11   calculated to lead to the discovery of relevant or admissible evidence, including because it calls

12   for documents over a ten year time period, extending beyond the time period relevant to this

13   Action, and not limited in scope to documents relating to the claims and defenses at issue in this

14   Action. Whitesell also objects that the phrases "beneficial ownership," "other interests," and

15   "consideration" are vague and ambiguous. Whitesell further objects to this Request as duplicative

16   of Request No. 22 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over

17   this same Request, and thus this Request improperly seeks to bypass party discovery.

18       Whitesell will not produce documents in response to this Request.

19   **REQUEST FOR PRODUCTION NO. 47:**

20       Documents and data sufficient to show all compensation including salary, bonuses,

21   expense reimbursements, aviation expenses, distributions, dividends, stock awards, loans

22   (including information about repayment or forgiveness), management fees, board fees, and all

23   other compensation of any kind to all senior executives, board members, directors, beneficial

24   owners, and shareholders holding more than a 5% interest in Endeavor, including the date of the

25   compensation, the dollar value, the date of vesting, accrual, or maturation of the compensation (if

26   applicable), the source of the compensation (e.g., from a debt issuance or from corporate profits),

27   the reason given (if any) for the compensation, and the relative share received by each Person

28   receiving compensation.

**RESPONSE TO REQUEST NO. 47:**

In addition to the General Objections set forth above, Whitesell objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it calls for documents over a ten year time period, which extends beyond the time period relevant to this Action, and because it is not limited in scope to documents that relate to the claims or defenses at issue in this Action. Whitesell objects that this Request's use of the phrases "all other compensation," "source of the compensation," "the reason given (if any) for the compensation," and "the relative share received by each Person receiving compensation" is vague, ambiguous, overbroad, and impractical. Whitesell further objects that this Request seeks information not in Whitesell's possession, custody or control because it seeks documents and data sufficient to show "all compensation" to "all senior executives, board members, directors, beneficial owners, and shareholders holding more than a 5% interest in Endeavor." Whitesell further objects to this Request as duplicative of Request No. 23 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Whitesell will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 48:**

Documents and data sufficient to show any non-monetary benefits bestowed on any beneficial owners of Zuffa, including without limitation: (a) travel in private jets owned, leased, or paid for by You; (b) use of houses, apartments, vacation properties, or other real estate owned, leased, or paid for by You; (c) use of motor vehicles owned, leased, or paid for by You; (d) tickets for sporting events or other entertainment events paid for by You; and/or (e) any other item, service, amenity, activity, or privilege provided to one or more of the beneficial owners at Your expense.

**RESPONSE TO REQUEST NO. 48:**

In addition to the General Objections set forth above, Whitesell objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

1   calculated to lead to the discovery of relevant or admissible evidence, including because it calls

2   for documents over a ten year period, which extends beyond the time period relevant to this Action,

3   and it is not limited in scope to documents related to the claims or defenses at issue in this Action.

4   Whitesell objects that the phrases "non-monetary benefits," "beneficial owners," "entertainment

5   events," and "item, service, amenity, activity, or privilege" are vague and ambiguous. Whitesell

6   further objects to this Request as duplicative of Request No. 24 to Zuffa. Zuffa has been actively

7   meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly

8   seeks to bypass party discovery.

9          Whitesell will not produce documents in response to this Request.

10  **REQUEST FOR PRODUCTION NO. 49:**

11         For each year of the Relevant Time Period, Documents sufficient to show Your corporate

12  structure, including the organization of each division, department, unit or subdivision, parent,

13  subsidiary, joint venture or affiliate of Your company. This request includes without limitation

14  organizational charts, investor or debtor presentations, government filings, internal

15  communications, and any Documents sufficient to show each Employee or executive with

16  managerial responsibilities relating to the UFC.

17  **RESPONSE TO REQUEST NO. 49:**

18         In addition to the General Objections set forth above, Whitesell objects to this Request as

19  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

20  calculated to lead to the discovery of relevant or admissible evidence, including because it seeks

21  information into Zuffa's corporate structure at a level of detail that is not relevant to any claims or

22  defenses in this Action. Whitesell also objects to this Request as unintelligible as written because

23  it calls for "Documents sufficient to show" Zuffa's "corporate structure," then lists several

24  categories of documents that are purportedly called for by the Request "without limitation."

25  Whitesell further objects to this Request as duplicative of Request No. 25 to Zuffa. Zuffa has been

26  actively meeting and conferring with Plaintiffs over this same Request, and thus this Request

27  improperly seeks to bypass party discovery.

28         Whitesell will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 50:**

All Documents constituting, referencing, or relating to Your transactional data, at the most granular level possible, for each UFC Professional MMA Event held during the Relevant Time Period, sufficient to show at a minimum the following:

a) total gate receipts from each UFC Professional MMA Event during the Relevant Time Period, broken down by event;

b) total attendance at each UFC Professional MMA Event during the Relevant Time Period, broken down by event;

c) total revenues from each PPV broadcast of UFC Professional MMA Event during the Relevant Time Period, broken down by event;

d) total revenues from non-PPV broadcast of UFC Professional MMA Event during the Relevant Time Period, broken down by event and by contracted broadcaster (e.g., ESPN, Fox, Spike, etc.);

e) total revenues from closed circuit broadcast to commercial venues such as bars, restaurants, or theaters of each UFC Professional MMA Event during the Relevant Time Period, broken down by event;

f) total revenues derived from the sale of advertising during all broadcasts of UFC Professional MMA Events, whether PPV or non-PPV, during the Relevant Time Period, broken down by month and year, by PPV or non-PPV, and by advertiser;

g) total revenues derived in any way from the Promotional and Ancillary Rights, as described in Your Promotional and Ancillary Rights Agreements with MMA Fighters, relating to all professional MMA Fighters who have been under contract with the UFC at any time during the Relevant Time Period, broken down by month and year;

h) total revenues derived from Agreements with sponsors of the UFC or of the Professional MMA Fighters who have been under contract with the UFC at any time during the Relevant Time Period;

i) total revenues by event;

j) the gross and net price paid by customers for transactions by unit, subscription, and/or

1    ticket for a single Pay Per View, ticket to a live event, or UFC Fight Pass subscription;.

2    **RESPONSE TO REQUEST NO. 50:**

3         In addition to the General Objections set forth above, Whitesell objects that this Request is

4    overbroad and unduly burdensome, not proportional to the needs of the case, and not reasonably

5    calculated to lead to the discovery of relevant or admissible evidence, including because it requests

6    documents itemizing nearly every source of Zuffa's revenue from UFC Professional MMA Events

7    by bout, event, broadcast, transaction, and/or agreement for a period of ten years, which extends

8    beyond the time period relevant to this Action, seeks "All Documents" even "referencing or

9    relating" to "transactional data" at "the most granular level possible," and it is not limited in scope

10   to documents relating to the claims and defenses at issue in this Action. Whitesell further objects

11   to this Request to the extent it purports to require Whitesell to do anything beyond conducting a

12   reasonable search for non-objectionable, non-privileged, responsive documents and data.

13   Whitesell further objects to this Request as seeking documents and information relating to fighters

14   who would not be members of the putative class and, thus, would have no likelihood of leading to

15   the discovery of relevant or admissible evidence. Whitesell further objects to this Request as

16   duplicative of Request No. 26 to Zuffa. Zuffa has been actively meeting and conferring with

17   Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

18   discovery.

19        Whitesell will not produce documents in response to this Request.

20   **REQUEST FOR PRODUCTION NO. 51:**

21        Documents and data in as granular form as the information is maintained, sufficient to

22   show any and all compensation paid to each UFC Fighter individually for each UFC Professional

23   MMA Bout that the UFC Fighter participated in during the Relevant Time Period, on a fighter-by-

24   fighter basis, broken down by Professional MMA Bout (so that each UFC Fighter's compensation

25   data is available in one Document or sequence of Documents, and it is produced with sufficient

26   granularity so that the compensation is clearly attributed to the UFC Professional MMA Bout at

27   which the Fighter earned it), as follows:

28        a) the date and location of each UFC Professional MMA Bout the UFC Fighter participated

1    in during the Relevant Time Period, and

2         b) the base salary the UFC Fighter received for each UFC Professional MMA Bout he or

3    she participated in during the Relevant Time Period;

4         c) all bonuses the UFC Fighter received for each UFC Professional MMA Bout he or she

5    participated in during the Relevant Time Period (including, but not limited to

6         d) any and all discretionary bonuses or payments, fight of the night, performance of the

7    night, knockout and submission of the night bonuses) bonuses), broken down by each bonus

8    received for each Professional MMA Event;

9         e) all broadcast royalties the UFC Fighter received (if any) for each UFC Professional

10   MMA Bout he or she participated in during the Relevant Time Period, broken down so that the

11   broadcast royalties are traceable to a particular UFC Professional MMA Bout (to be clear, if the

12   UFC Fighter received broadcast royalties from more than one UFC Professional MMA Bout, the

13   broadcast royalties should be clearly attributed to the specific UFC Professional MMA Bout from

14   which they were generated);

15        f) any other form of compensation the UFC Fighter received for each UFC Professional

16   MMA Bout he or she participated in during the Relevant Time Period; and, Pay Per View shares

17   the UFC Fighter received for each UFC Professional MMA Bout he or she participated in during

18   the Relevant Time Period.

19   **RESPONSE TO REQUEST NO. 51:**

20        In addition to the General Objections set forth above, Whitesell objects that this Request is

21   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

22   calculated to lead to the discovery of relevant or admissible evidence, including because it requests

23   documents itemizing every payment made to every UFC Fighter by source, date, and payment type

24   for each UFC Professional MMA Bout over a ten year period, which extends beyond the time

25   period relevant to this Action, and it is not limited in scope to documents relating to the claims and

26   defenses at issue in this Action. Whitesell also objects to this Request as seeking documents and

27   information relating to fighters who would not be members of the putative class and, thus, would

28   have no likelihood of leading to the discovery of relevant or admissible evidence. Whitesell further

objects to this Request to the extent it purports to require Whitesell to do anything beyond conducting a reasonable search for non-objectionable, non-privileged, responsive documents and data. Whitesell further objects that the phrases "granular form" and "sufficient granularity" are vague and ambiguous. Whitesell further objects to this Request as duplicative of Request No. 27 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Whitesell will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 52:**

Profit and loss statements (including identity of participating fighters and compensation paid to each) for each UFC Professional MMA Event.

**RESPONSE TO REQUEST NO. 52:**

Request No. 52 is duplicative and redundant of Request Nos. 44 and 45, and Whitesell incorporates his responses and objections to those Requests here. In addition to the General Objections set forth above, Whitesell objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it requests profit and loss statements for each event over a ten year period, extending beyond the time period relevant to this Action. Whitesell also objects to this Request as seeking documents and information relating to fighters who would not be members of the putative class and, thus, would have no likelihood of leading to the discovery of relevant or admissible evidence. Whitesell also objects to this Request to the extent it purports to require Whitesell to do anything beyond conducting a reasonable search for non-objectionable, non-privileged, responsive documents and data. Whitesell further objects to this Request as duplicative of Request No. 28 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Whitesell will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 53:**

Documents sufficient to show Your actual costs for presenting UFC Professional MMA

Events, down to as granular a level as possible, including without limitation venue costs, promotional costs, compensation for UFC Fighters, insurance, safety, and all other costs incidental to presenting UFC Professional MMA Events.

**RESPONSE TO REQUEST NO. 53:**

Request No. 53 is duplicative and redundant of Request No. 51, and Whitesell incorporates his responses and objections to that Request here. In addition to the General Objections set forth above, Whitesell objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it calls for production of documents related to all of Zuffa's costs for presenting UFC Professional MMA Events without any limitation over a ten year period, extending beyond the time period relevant to this Action. Whitesell also objects that the phrases "actual costs," "down to as granular level as possible," and "all other costs incidental to presenting" are vague and ambiguous. Whitesell further objects to this Request as duplicative of Request No. 29 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Whitesell will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 54:**

Documents sufficient to show Your actual costs for presenting UFC Professional MMA Bouts, down to as granular a level as possible, including without limitation venue costs, promotional costs, compensation for UFC Fighters, insurance, safety, and all other costs incidental to presenting UFC Professional MMA Bouts.

**RESPONSE TO REQUEST NO. 54:**

Request No. 54 is duplicative and redundant of Request Nos. 52 and 53, and Whitesell incorporates his responses and objections to those Requests here. In addition to the General Objections set forth above, Whitesell objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it calls for production of documents related to all of Zuffa's costs for presenting UFC Professional MMA Bouts without any limitation over a ten

1  year period, extending beyond the time period relevant to this Action. Whitesell also objects that

2  the phrases "actual costs," "down to as granular a level as possible," and "all other costs incidental

3  to presenting" are vague and ambiguous. Whitesell further objects to this Request as duplicative

4  of Request No. 30 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over

5  this same Request, and thus this Request improperly seeks to bypass party discovery.

6          Whitesell will not produce documents in response to this Request.

7  **REQUEST FOR PRODUCTION NO. 55:**

8          Documents sufficient to show Your actual costs involved in promoting the UFC as a brand.

9  **RESPONSE TO REQUEST NO. 55:**

10         Request No. 55 is duplicative and redundant of Request Nos. 44, 45, 53, and 54, and

11  Whitesell incorporates his responses and objections to those Requests here. In addition to the

12  General Objections set forth above, Whitesell objects to this Request as vague, ambiguous,

13  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

14  calculated to lead to the discovery of relevant or admissible evidence, including because it requests

15  documents to show "actual costs" over a ten year time period, extending beyond the time period

16  relevant to this Action, and it is not limited in scope to documents relating to the claims and

17  defenses at issue in this Action. Whitesell objects that the phrases "actual costs," "promoting," and

18  "as a brand" are vague and ambiguous. Whitesell further objects to this Request as duplicative of

19  Request No. 31 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this

20  same Request, and thus this Request improperly seeks to bypass party discovery.

21         Whitesell will not produce documents in response to this Request.

22  **REQUEST FOR PRODUCTION NO. 56:**

23         All documents relating to materials produced by third party analysts or consultants

24  regarding Zuffa, including without limitation reports that analyze or project demand, revenues,

25  income, profits, or market share. Documents responsive to this Request include both documents

26  produced by such third party analysts or consultants (including both those retained by You and

27  those producing such materials without an Agreement with You) and any comments, edits, or

28  drafts of such materials or other documents You created and submitted to such third party analysts

1    or consultants.

2    **RESPONSE TO REQUEST NO. 56:**

3          In addition to the General Objections set forth above, Whitesell objects to this Request as

4    overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

5    calculated to lead to the discovery of relevant or admissible evidence, including because it calls

6    for "All documents" even "related to" materials produced by any "third party analyst or consultant

7    regarding Zuffa" without any limitation or connection to the claims or defenses at issue in this

8    litigation, and over a ten year time period, extending beyond the time period relevant to this Action.

9    Whitesell also objects that the phrases "third party analysts," "demand," and "submitted to" are

10   vague and ambiguous. Whitesell further objects to the extent this Request calls for documents

11   protected from disclosure by the attorney-client privilege, work-product doctrine, or any other

12   applicable privilege. Whitesell further objects to the Request to the extent that it seeks documents

13   not within Whitesell's possession, custody, or control. Whitesell further objects to this Request to

14   the extent that it seeks public information—including information in Plaintiffs' control—that is

15   readily accessible by Plaintiffs and which should be collected by Plaintiffs under the

16   reasonableness and proportionality standards set forth in the Federal Rules of Civil Procedure.

17   Whitesell further objects to this Request as duplicative of Request No. 32 to Zuffa. Zuffa has been

18   actively meeting and conferring with Plaintiffs over this same Request, and thus this Request

19   improperly seeks to bypass party discovery.

20         Whitesell will not produce documents in response to this Request.

21   **REQUEST FOR PRODUCTION NO. 57:**

22         All documents created by You or by third party analysts or consultants regarding

23   competition among MMA Promoters or would-be MMA Promoters for (a) the purchase of MMA

24   Fighter services and (b) promotion of Professional MMA Events generally, including without

25   limitation reports that analyze or project demand, revenues, income, profits or market share.

26   **RESPONSE TO REQUEST NO. 57:**

27         In addition to the General Objections set forth above, Whitesell objects to this Request as

28   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

1   calculated to lead to the discovery of relevant or admissible evidence, including because it calls

2   for "All documents" over a ten year time period, extending beyond the time period relevant to this

3   Action. Whitesell also objects that the term "third party analysts" is vague and ambiguous.

4   Whitesell further objects to the extent this Request calls for documents protected from disclosure

5   by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Whitesell

6   further objects to the Request to the extent that it seeks documents not within Whitesell's

7   possession, custody, or control. Whitesell further objects to this Request to the extent that it seeks

8   public information—including information in Plaintiffs' control—that is readily accessible by

9   Plaintiffs and which should be collected by Plaintiffs under the reasonableness and proportionality

10  standards set forth in the Federal Rules of Civil Procedure. Whitesell further objects to this Request

11  as duplicative of Request No. 33 to Zuffa. Zuffa has been actively meeting and conferring with

12  Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

13  discovery.

14      Whitesell will not produce documents in response to this Request.

15  **REQUEST FOR PRODUCTION NO. 58:**

16      All Documents referencing or relating to comparison of compensation models or

17  Agreements between the UFC and other major professional sports, including without limitation

18  boxing, pro wrestling, football, basketball, and baseball.

19  **RESPONSE TO REQUEST NO. 58:**

20      In addition to the General Objections set forth above, Whitesell objects to this Request as

21  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

22  calculated to lead to the discovery of relevant or admissible evidence, including because it calls

23  for "All documents" over a ten year time period, extending beyond the time period relevant to this

24  Action, and it is not limited in scope to documents relating to the claims and defenses at issue in

25  this Action. Whitesell also objects that the phrases "comparison of compensation models" and

26  "major professional sports" are vague and ambiguous. Whitesell further objects to this Request as

27  duplicative of Request No. 34 to Zuffa. Zuffa has been actively meeting and conferring with

28  Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

discovery.

Whitesell will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 59:**

All Agreements (and any amendments thereto) entered into between You and any MMA Promoter relating to the acquisition of assets, equity, or other interests of any MMA Promoter, and all Documents referencing or relating to the potential or actual acquisition of assets, equity, or interests of any MMA Promoter, including, but not limited to, internal strategy documents, projections, cost-benefit analyses, cost estimates, and all Agreements or contracts (and any amendments thereto).

**RESPONSE TO REQUEST NO. 59:**

In addition to the General Objections set forth above, Whitesell objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it would require Zuffa to produce "All Agreements" over a ten year time period, extending beyond the time period relevant to this Action and relating to transactions that are not challenged or at issue in this Action. Neither the Complaint, nor this Request, identifies or alleges that Zuffa has engaged in any acquisition of assets, equity, or other interests of any MMA Promoter during the putative class period, and thus this Request is purely an impermissible fishing expedition into irrelevant materials. Whitesell also objects that the term "interests" as used in this Request is vague and ambiguous. Whitesell further objects to this Request as duplicative of Request No. 35 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Whitesell will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 60:**

Documents sufficient to identify each Person involved in approving or negotiating the terms of any Agreements or potential Agreements for the acquisition or potential acquisition of assets, or equity, or interests of any MMA Promoter.

**RESPONSE TO REQUEST NO. 60:**

In addition to the General Objections set forth above, Whitesell objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it calls for identification of "each Person" over a ten year time period, extending beyond the time period relevant to this Action and relating to transactions that are not challenged or at issue in this Action. Neither the Complaint, nor this Request, identifies or alleges that Zuffa has engaged in any acquisition of assets, equity, or other interests of any MMA Promoter during the putative class period, and thus this Request is purely an impermissible fishing expedition into irrelevant materials. Whitesell also objects that the term "interests" as used in this Request is vague and ambiguous. Whitesell further objects to this Request as duplicative of Request No. 36 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Whitesell will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 61:**

Documents sufficient to Identify each Person or entity You consider to be, or considered to have been, an actual or potential competitor of the UFC for (a) the purchase of MMA Fighter services, and/or (b) the promotion of live Professional MMA Events in the United States or abroad.

**RESPONSE TO REQUEST NO. 61:**

In addition to the General Objections set forth above, Whitesell objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it calls for documents over a ten year time period, extending beyond the time period relevant to this Action. Whitesell also objects that the phrases "consider to be," "considered to have been," "actual or potential competitor," "purchase," and "promotion" as used in this Request are vague and ambiguous. Whitesell further objects to this Request to the extent it purports to require Whitesell to do anything beyond conducting a reasonable search for non-objectionable, non-privileged, responsive documents and data. Whitesell further objects that this Request purports to require the

1    production of materials that are not within Whitesell's possession, custody, or control. Whitesell

2    further objects to this Request as duplicative of Request No. 37 to Zuffa. Zuffa has been actively

3    meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly

4    seeks to bypass party discovery.

5        Whitesell will not produce documents in response to this Request.

6    **REQUEST FOR PRODUCTION NO. 62:**

7        Documents or data sufficient to calculate the actual or potential market share held by the

8    UFC and each of the UFC's actual or potential competitors (as Identified in Request No. 61) in

9    terms of total revenue by region (US, North America, South America, Europe, Asia, and any

10   others) derived from the promotion of live Professional MMA Bouts and all other income sources,

11   including without limitation merchandising, licensing, sponsorships, advertising, video games, and

12   other income sources based on the use of Professional MMA Fighters' Identities.

13   **RESPONSE TO REQUEST NO. 62:**

14       In addition to the General Objections set forth above, Whitesell objects that the Request is

15   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

16   calculated to lead to the discovery of relevant or admissible evidence, including because it calls

17   for documents regarding all income sources over a ten year time period, extending beyond the time

18   period relevant to this Action, and it is not limited in scope to the claims, defenses, or geographic

19   area at issue in this Action. Whitesell also objects that this Request is vague and ambiguous

20   because it does not specify time intervals for the calculation of the "actual or potential market

21   share," which may have varied throughout the class period. Whitesell further objects that the terms

22   "actual or potential market share," "actual or potential competitors," "derived from," and "based

23   on the use of Professional MMA Fighters' Identities" are vague and ambiguous. Whitesell further

24   objects to this Request to the extent it purports to require Whitesell to do anything beyond

25   conducting a reasonable search for non-objectionable, non-privileged, responsive documents and

26   data. Whitesell further objects that this Request purports to require the production of materials that

27   are not within Whitesell's possession, custody, or control. Whitesell further objects to this Request

28   as duplicative of Request No. 38 to Zuffa. Zuffa has been actively meeting and conferring with

1    Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

2    discovery.

3      Whitesell will not produce documents in response to this Request.

4    **REQUEST FOR PRODUCTION NO. 63:**

5      Documents or data sufficient to Identify the actual and/or estimated share of Professional

6    MMA Fighters' services, by both dollar amount and number of fighters, for the purchase of the

7    services of Professional MMA Fighters by the UFC and each of Your actual or potential

8    competitors identified in your response to Request No. 61 by region (US, North America, South

9    America, Europe, Asia, and any others).

10   **RESPONSE TO REQUEST NO. 63:**

11     In addition to the General Objections set forth above, Whitesell objects that this Request is

12   vague, ambiguous, and unintelligible as written. Whitesell also objects to this Request to the extent

13   it purports to require Whitesell to do anything beyond conducting a reasonable search for non-

14   objectionable, non-privileged, responsive documents and data. Whitesell further objects that this

15   Request is not proportional to the needs of the case, nor limited in scope to the claims and defenses

16   at issue in this Action. Whitesell further objects that this Request purports to require the production

17   of materials that are not within Whitesell's possession, custody, or control. Whitesell further

18   objects to this Request as duplicative of Request No. 39 to Zuffa. Zuffa has been actively meeting

19   and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to

20   bypass party discovery.

21     Whitesell will not produce documents in response to this Request.

22   **REQUEST FOR PRODUCTION NO. 64:**

23     All Documents and data referencing or relating to the determination of Professional MMA

24   Fighter compensation by the UFC (identified in your response to Request No. 54, above) in the

25   promotion of live Professional MMA Events and all other income sources, including without

26   limitation merchandising, licensing, sponsorships, advertising, video games, and other income

27   sources based on the use of Professional MMA Fighters' Identities.

28

1  **RESPONSE TO REQUEST NO. 64:**

2      In addition to the General Objections set forth above, Whitesell objects to this Request as

3  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

4  calculated to lead to the discovery of relevant or admissible evidence, including because it calls

5  for "All Documents" over a ten year time period, extending beyond the time period relevant to this

6  Action. Whitesell also objects that the phrases "the determination of Professional MMA fighter

7  compensation," "other income sources," and "based on the use of Professional MMA Fighters'

8  Identities" as used in this Request are vague and ambiguous. Whitesell further objects to this

9  Request as seeking documents and information relating to fighters who would not be part of the

10  putative class and, thus, would have no likelihood of leading to the discovery of relevant or

11  admissible evidence. Whitesell further objects that this Request is not limited in scope to the claims

12  and defenses at issue in this Action, including because Plaintiffs do not allege an identity class in

13  this Action. Whitesell further objects to this Request as duplicative of Request No. 40 to Zuffa.

14  Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus

15  this Request improperly seeks to bypass party discovery.

16      Whitesell will not produce documents in response to this Request.

17  **REQUEST FOR PRODUCTION NO. 65:**

18      All Documents and data referencing or relating to the determination of Professional MMA

19  Fighter compensation by any of the UFC's actual and potential competitors (identified in your

20  response to Request No. 54, above) in the promotion of live Professional MMA Events and all

21  other income sources, including without limitation merchandising, licensing, sponsorships,

22  advertising, video games, and other income sources based on the use of Professional MMA

23  Fighters' Identities.

24  **RESPONSE TO REQUEST NO. 65:**

25      In addition to the General Objections set forth above, Whitesell objects that this Request is

26  vague, ambiguous, and unintelligible as written. Whitesell also objects to this Request as

27  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

28  calculated to lead to the discovery of relevant or admissible evidence, including because it calls

1  for "All Documents" over a ten year time period, extending beyond the time period relevant to this

2  Action. Whitesell further objects that this Request is not limited in scope to the claims and defenses

3  at issue in this Action, including because Plaintiffs do not allege an identity class in this Action.

4  Whitesell further objects that the phrases "the determination of Professional MMA fighter

5  compensation," "actual and potential competitors," "other income sources," and "based on the use

6  of Professional MMA Fighters' Identities" as used in this Request are vague and ambiguous.

7  Whitesell further objects that this request is not limited in scope to the claims and defenses at issue

8  in this Action and it purports to require the production of materials that are not within Whitesell's

9  possession, custody, or control. Whitesell further objects to this Request as duplicative of Request

10  No. 41 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same

11  Request, and thus this Request improperly seeks to bypass party discovery.

12      Whitesell will not produce documents in response to this Request.

13  **REQUEST FOR PRODUCTION NO. 66:**

14      All Documents analyzing, discussing, or relating to the competitive strengths or

15  weaknesses of actual or potential competitors (identified in your response to Request No. 61 or

16  otherwise, above) in the promotion of live Professional MMA Events and/or in the purchase of the

17  services of Professional MMA Fighters.

18  **RESPONSE TO REQUEST NO. 66:**

19      In addition to the General Objections set forth above, Whitesell objects to this Request as

20  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

21  calculated to lead to the discovery of relevant or admissible evidence, including because it calls

22  for "All Documents" over a ten year time period, extending beyond the time period relevant to this

23  Action. Whitesell further objects that the phrases "competitive strengths or weaknesses" and

24  "actual or potential competitors" as used in this Request is vague and ambiguous. Whitesell further

25  objects to the extent this Request calls for documents protected from disclosure by the attorney-

26  client privilege, work-product doctrine, or any other applicable privilege. Whitesell further objects

27  to this Request as duplicative of Request No. 42 to Zuffa. Zuffa has been actively meeting and

28  conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass

1  party discovery.

2          Whitesell will not produce documents in response to this Request.

3  **REQUEST FOR PRODUCTION NO. 67:**

4          All Documents referencing or relating to communications and/or negotiations with any

5  sponsors or advertisers in connection with Endeavor's acquisition of Zuffa.

6  **RESPONSE TO REQUEST NO. 67:**

7          In addition to the General Objections set forth above, Whitesell objects that this Request is

8  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

9  calculated to lead to the discovery of relevant or admissible evidence, including because it calls

10  for "All Documents" related to communications and/or negotiations with sponsors or advertisers

11  in connection with Endeavor's acquisition of Zuffa, which extends beyond the time period relevant

12  to this Action, and is not related to the claims and defenses at issue in this Action. Whitesell further

13  objects to this Request as duplicative of Request No. 43 to Zuffa. Zuffa has been actively meeting

14  and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to

15  bypass party discovery.

16          Whitesell will not produce documents in response to this Request.

17  **REQUEST FOR PRODUCTION NO. 68:**

18          All Documents and Communications referencing or relating to any Agreements entered

19  into by You relating to Venues for Professional MMA Events, including all Agreements, all draft

20  Agreements, and all Documents and Communications relating to negotiation of such Agreements

21  or draft Agreements.

22  **RESPONSE TO REQUEST NO. 68:**

23          In addition to the General Objections set forth above, Whitesell objects that this Request is

24  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

25  calculated to lead to the discovery of relevant or admissible evidence, including because it requests

26  "All Documents and Communications" relating to agreements entered into by Zuffa related to

27  venues for Professional MMA Events over a ten year time period, extending beyond the time

28  period relevant to this Action, and it is not limited in scope to documents relating to the claims and

1  defenses at issue in this Action. Plaintiffs have neither asserted a monopolization claim in this

2  Action, nor alleged any anticompetitive conduct in connection with Zuffa's venue agreements, if

3  any, and thus this Request is purely an impermissible fishing expedition into irrelevant materials.

4  Whitesell further objects to this Request as duplicative of Request No. 44 to Zuffa. Zuffa has been

5  actively meeting and conferring with Plaintiffs over this same Request, and thus this Request

6  improperly seeks to bypass party discovery.

7      Whitesell will not produce documents in response to this Request.

8  **REQUEST FOR PRODUCTION NO. 69:**

9      All Documents and Communications relating to the drafting of and the reasoning behind

10 the "Exclusivity Clause" in UFC Bout Agreements, which binds UFC Fighters into a restricted

11 relationship with the UFC and prohibits them from appearing in Professional MMA Bouts

12 televised or organized by actual or potential rival promotions unless approved by the UFC.

13 **RESPONSE TO REQUEST NO. 69:**

14     In addition to the General Objections set forth above, Whitesell objects to this Request as

15 overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

16 calculated to lead to the discovery of relevant or admissible evidence, including because it requests

17 "All Documents and Communications" related to the drafting of and reasoning behind the

18 "Exclusivity Clause" over a ten year time period, extending beyond the time period relevant to this

19 Action. Whitesell also objects to the extent this Request calls for documents protected from

20 disclosure by the attorney-client privilege, work-product doctrine, or any other applicable

21 privilege. Whitesell further objects that the phrases "drafting of" and "reasoning behind" are vague

22 and ambiguous. Whitesell disputes Plaintiffs' characterization of the relevant agreement

23 provisions as the "Exclusivity Clause," and further disputes Plaintiffs' assertion that they bind

24 "UFC Fighters into a restricted relationship with the UFC" and prohibit "them from appearing in

25 Professional MMA Bouts televised or organized by actual or potential rival promotions unless

26 approved by the UFC." Whitesell refers to the text of the relevant agreements for their contents.

27 Whitesell further objects to this Request as duplicative of Request No. 45 to Zuffa. Zuffa has been

28 actively meeting and conferring with Plaintiffs over this same Request, and thus this Request

1    improperly seeks to bypass party discovery.

2        Whitesell will not produce documents in response to this Request.

3    **REQUEST FOR PRODUCTION NO. 70:**

4        All Documents and Communications referencing or relating to the drafting of and the

5    reasoning behind the "Champion's Clause" in UFC Bout Agreements, which allows the UFC to

6    extend a UFC Fighter's contract for as long as the athlete is a "champion" in his or her weight

7    class.

8    **RESPONSE TO REQUEST NO. 70:**

9        In addition to the General Objections set forth above, Whitesell objects to this Request as

10   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

11   calculated to lead to the discovery of relevant or admissible evidence, including because it requests

12   "All Documents and Communications" referencing or relating to the drafting and reasoning behind

13   the "Champion's Clause" over a ten year time period, extending beyond the time period relevant

14   to this Action. Whitesell also objects to the extent this Request calls for documents protected from

15   disclosure by the attorney-client privilege, work-product doctrine, or any other applicable

16   privilege. Whitesell further objects that the phrases "drafting of" and "reasoning behind" are vague

17   and ambiguous. Whitesell disputes Plaintiffs' characterization of the relevant agreement

18   provisions as the "Champion's Clause," and further disputes Plaintiffs' assertion that they allow

19   "the UFC to extend a UFC Fighter's contract for as long as the athlete is a 'champion' in his or

20   her weight class." Whitesell refers to the text of the relevant agreements for their contents.

21   Whitesell further objects to this Request as duplicative of Request No. 46 to Zuffa. Zuffa has been

22   actively meeting and conferring with Plaintiffs over this same Request, and thus this Request

23   improperly seeks to bypass party discovery.

24       Whitesell will not produce documents in response to this Request.

25   **REQUEST FOR PRODUCTION NO. 71:**

26       All Documents and Communications referencing or relating to the drafting of and the

27   reasoning behind the "Right to First Offer" and "Right to Match" Clauses in UFC Bout

28   Agreements, which grant the UFC the option to match the financial terms and conditions of any

offer made to a UFC Fighter for a Professional MMA Bout even after the Fighter's contract has expired.

**RESPONSE TO REQUEST NO. 71:**

In addition to the General Objections set forth above, Whitesell objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it requests "All Documents and Communications" referencing or relating to the drafting of and the reasoning behind the "Right to First Offer" and "Right to Match" clauses over a ten year time period, extending beyond the time period relevant to this Action. Whitesell also objects to the extent this Request calls for documents protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Whitesell further objects that the phrases "drafting of" and "reasoning behind" are vague and ambiguous. Whitesell disputes Plaintiffs' characterization of the relevant agreement provisions as the "Right to First Offer" and "Right to Match" clauses, and further disputes Plaintiffs' assertion that they grant "the UFC the option to match the financial terms and conditions of any offer made to a UFC Fights for a Professional MMA Bout even after the Fighter's contract has expired." Whitesell refers to the text of the relevant agreements for their contents. Whitesell further objects to this Request as duplicative of Request No. 47 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Whitesell will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 72:**

All Documents and Communications referencing or relating to the drafting of and the reasoning behind the "Ancillary Rights Clause" in the Promotional and Ancillary Rights Agreements, which grants the UFC exclusive and perpetual worldwide personality and Identity rights of the UFC Fighter.

**RESPONSE TO REQUEST NO. 72:**

In addition to the General Objections set forth above, Whitesell objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

1    calculated to lead to the discovery of relevant or admissible evidence, including because it requests

2    "All Documents and Communications" referencing or relating to the drafting of and reasoning

3    behind the "Ancillary Rights Clause" over a ten year time period, extending beyond the time period

4    relevant to this Action. Whitesell also objects to the extent this Request calls for documents

5    protected from disclosure by the attorney-client privilege, work-product doctrine, or any other

6    applicable privilege. Whitesell further objects that the phrases "drafting of" and "reasoning

7    behind" are vague and ambiguous. Whitesell further objects that this Request is not limited in

8    scope to the claims and defenses at issue in this Action, including because Plaintiffs do not allege

9    an identity class in this Action. Whitesell disputes Plaintiffs' characterization of the relevant

10   agreement provisions as the "Ancillary Rights Clause," and further disputes Plaintiffs' assertion

11   that they grant "the UFC exclusive and perpetual worldwide personality and Identity rights of the

12   UFC Fighter." Whitesell refers to the text of the relevant agreements for their contents. Whitesell

13   further objects to this Request as duplicative of Request No. 48 to Zuffa. Zuffa has been actively

14   meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly

15   seeks to bypass party discovery.

16        Whitesell will not produce documents in response to this Request.

17   **REQUEST FOR PRODUCTION NO. 73:**

18        All Documents and Communications referencing or relating to the drafting of and the

19   reasoning behind the "Promotion Clause" in the Promotional and Ancillary Rights Agreements,

20   which requires UFC Fighters to attend, cooperate, and assist in the promotion of Professional

21   MMA Bouts in which they fight and, as required by the UFC, any other Professional MMA Bouts,

22   Professional MMA Events, broadcasts, press conferences and sale of UFC Licensed Merchandise.

23   **RESPONSE TO REQUEST NO. 73:**

24        In addition to the General Objections set forth above, Whitesell objects to this Request as

25   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

26   calculated to lead to the discovery of relevant or admissible evidence, including because it requests

27   "All Documents and Communications" referencing or relating to the drafting of and reasoning

28   behind the "Promotion Clause" over a ten year time period, extending beyond the time period

relevant to this Action. Whitesell also objects to the extent this Request calls for documents protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Whitesell further objects that the phrases "drafting of," "reasoning behind," "attend, cooperate, and assist in the promotion," and "broadcasts, press conferences and sale" are vague and ambiguous. Whitesell disputes Plaintiffs' characterization of the relevant agreement provisions as the "Promotion Clause," and further disputes Plaintiffs' assertion that they require "UFC Fighters to attend, cooperate, and assist in the promotion of Professional MMA Bouts in which they fight and, as required by the UFC, any other Professional MMA Bouts, Professional MMA Events, broadcasts, press conferences and sale of UFC Licensed Merchandise." Whitesell refers to the text of the relevant agreements for their contents. Whitesell further objects to this Request as duplicative of Request No. 49 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Whitesell will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 74:**

All Documents and Communications referencing or relating to the drafting of and the reasoning behind the "Retirement Clause" which gives the UFC the power "to retain the rights to a retired fighter in perpetuity.".

**RESPONSE TO REQUEST NO. 74:**

In addition to the General Objections set forth above, Whitesell objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it requests "All Documents and Communications" referencing or relating to the drafting of and reasoning behind the "Retirement Clause" over a ten year time period, extending beyond the time period relevant to this Action. Whitesell also objects to the extent this Request calls for documents protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Whitesell further objects that the phrases "drafting of" and "reasoning behind" are vague and ambiguous. Whitesell disputes the Plaintiffs' characterization of the

1  relevant agreement provisions as the "Retirement Clause," and further disputes Plaintiffs' assertion

2  that they give the UFC the power "to retain the rights to a retired fighter in perpetuity." Whitesell

3  refers to the text of the relevant agreements for their contents. Whitesell further objects to this

4  Request as duplicative of Request No. 50 to Zuffa. Zuffa has been actively meeting and conferring

5  with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

6  discovery.

7      Whitesell will not produce documents in response to this Request.

8  **REQUEST FOR PRODUCTION NO. 75:**

9      All Documents and Communications referencing or relating to the drafting of and the

10  reasoning behind the tolling provisions, which extend the term of a UFC Fighter's contract during

11  periods when he or she is injured, retired, or otherwise declines to compete.

12  **RESPONSE TO REQUEST NO. 75:**

13      In addition to the General Objections set forth above, Whitesell objects to this Request as

14  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

15  calculated to lead to the discovery of relevant or admissible evidence, including because it requests

16  "All Documents and Communications" referencing or relating to the drafting of and the reasoning

17  behind the tolling provisions over a ten year time period, extending beyond the time period relevant

18  to this Action. Whitesell also objects to the extent this Request calls for documents protected from

19  disclosure by the attorney-client privilege, work-product doctrine, or any other applicable

20  privilege. Whitesell further objects that the phrases "drafting of," "reasoning behind," "tolling

21  provisions," and "otherwise declines to compete" are vague and ambiguous. Whitesell disputes

22  the Plaintiffs' characterization of the relevant agreement provisions as "tolling provisions," and

23  further disputes Plaintiffs' assertion that they extend "the term of a UFC Fighter's contract during

24  periods when he or she is injured, retired, or otherwise declines to compete." Whitesell refers to

25  the text of the relevant agreements for their contents. Whitesell further objects to this Request as

26  duplicative of Request No. 51 to Zuffa. Zuffa has been actively meeting and conferring with

27  Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

28  discovery.

1    Whitesell will not produce documents in response to this Request.

2    **REQUEST FOR PRODUCTION NO. 76:**

3    All Documents and Communications referencing or relating to the drafting of and the

4    reasoning behind the "Sponsorship and Endorsement Clause," which appears to grant the UFC

5    sole discretion over all sponsorship and endorsement approvals.

6    **RESPONSE TO REQUEST NO. 76:**

7    In addition to the General Objections set forth above, Whitesell objects to this Request as

8    overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

9    calculated to lead to the discovery of relevant or admissible evidence, including because it requests

10    "All Documents and Communications" referencing or relating to the drafting of and the reasoning

11    behind the "Sponsorship and Endorsement Clause" over a ten year time period, extending beyond

12    the time period relevant to this Action. Whitesell also objects to the extent this Request calls for

13    documents protected from disclosure by the attorney-client privilege, work-product doctrine, or

14    any other applicable privilege. Whitesell further objects that the phrases "drafting of" and

15    "reasoning behind" are vague and ambiguous. Whitesell further objects that this Request is not

16    limited in scope to the claims and defenses at issue in this Action, including because Plaintiffs do

17    not allege an identity class in this Action. Whitesell disputes the Plaintiffs' characterization of the

18    relevant agreement provisions as the "Sponsorship and Endorsement Clause," and further disputes

19    Plaintiffs' assertion that they appear "to grant the UFC sole discretion over all sponsorship and

20    endorsement approvals." Whitesell refers to the text of the relevant agreements for their contents.

21    Whitesell further objects to this Request as duplicative of Request No. 52 to Zuffa. Zuffa has been

22    actively meeting and conferring with Plaintiffs over this same Request, and thus this Request

23    improperly seeks to bypass party discovery.

24    Whitesell will not produce documents in response to this Request.

25    **REQUEST FOR PRODUCTION NO. 77:**

26    All Documents and Communications analyzing or quantifying the overall impact or effect

27    of the contractual clauses in Zuffa's Promotional and Ancillary Rights Agreements on (a) UFC

28    Fighters' mobility or compensation, and/or (b) the ability of Zuffa's competitors (as identified in

1    your response to Request No. 61, *supra*, or otherwise) to compete for Professional MMA Fighters

2    services or to promote Professional MMA Events that can successfully compete against Zuffa.

3    **RESPONSE TO REQUEST NO. 77:**

4        In addition to the General Objections, Whitesell objects to this Request as overbroad,

5    unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to

6    lead to the discovery of relevant or admissible evidence, including because it calls for "All

7    Documents and Communications" over a ten year time period, extending beyond the time period

8    relevant to this Action. Whitesell also objects to the extent this Request calls for documents

9    protected from disclosure by the attorney-client privilege, work-product doctrine, or any other

10   applicable privilege. Whitesell further objects that the phrases "overall impact," "effect,"

11   "mobility," and "successfully" are vague and ambiguous. Whitesell further objects to this Request

12   as duplicative of Request No. 53 to Zuffa. Zuffa has been actively meeting and conferring with

13   Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

14   discovery.

15       Whitesell will not produce documents in response to this Request.

16   **REQUEST FOR PRODUCTION NO. 78:**

17       Documents sufficient to identify each of Your Employees or agents involved in approving

18   or negotiating the terms of each of Your Agreements with any Professional MMA Fighters.

19   **RESPONSE TO REQUEST NO. 78:**

20       In addition to the General Objections set forth above, Whitesell objects to this Request as

21   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

22   calculated to lead to the discovery of relevant or admissible evidence, including because it calls

23   for documents over a ten year period, extending beyond the time period relevant to this Action,

24   and it is not limited in scope to agreement terms related to the claims or defenses at issue in this

25   Action, including the lack of specificity regarding the subject of any "Agreements with any

26   Professional MMA Fighters." Whitesell further objects to this Request to the extent it purports to

27   require Whitesell to do anything beyond conducting a reasonable search for non-objectionable,

28   non-privileged, responsive documents and data. Whitesell further objects to this Request as

1    duplicative of Request No. 54 to Zuffa. Zuffa has been actively meeting and conferring with

2    Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

3    discovery.

4         Whitesell will not produce documents in response to this Request.

5    **REQUEST FOR PRODUCTION NO. 79:**

6         All Documents and Communications relating to any Agreements between You and any

7    other MMA Promoter (past or present) relating to a Professional MMA Fighter's services,

8    including all executed Agreements (and any amendments thereto), draft Agreements, and all

9    Documents and Communications relating to the negotiation of such agreements, regardless of

10    whether an Agreement was executed.

11    **RESPONSE TO REQUEST NO. 79:**

12         Request No. 79 is duplicative and redundant of Request Nos. 28 and 29, and Whitesell

13    incorporates his responses and objections to those Requests here. In addition to the General

14    Objections set forth above, Whitesell objects that this Request is overbroad, unduly burdensome,

15    not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of

16    relevant or admissible evidence, including because its request for "all executed Agreements (and

17    any amendments thereto)" with past or present MMA Promoters over a period of ten years extends

18    beyond the time period relevant to this Action and is not limited in scope to documents related to

19    the claims and defenses at issue in this Action. Whitesell also objects to this Request as seeking

20    documents and information relating to fighters who would not be members of the putative class

21    and, thus, would have no likelihood of leading to the discovery of relevant or admissible evidence.

22    Whitesell further objects to the extent this Request calls for documents protected from disclosure

23    by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Whitesell

24    further objects to this Request as duplicative of Request No. 55 to Zuffa. Zuffa has been actively

25    meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly

26    seeks to bypass party discovery.

27         Whitesell will not produce documents in response to this Request.

28

NON-PARTY PATRICK WHITESELL'S RESPONSES
AND OBJECTIONS TO PLAINTIFFS' SUBPOENA
Case No. 21-cv-01189-RFB-BNW

1   **REQUEST FOR PRODUCTION NO. 80:**

2   Documents sufficient to identify each of Your Employees or agents involved in approving

3   or negotiating the terms of any Agreements or potential Agreements with any other MMA

4   Promoter (past or present) relating to the provision of Professional MMA Fighter services.

5   **RESPONSE TO REQUEST NO. 80:**

6   In addition to the General Objections set forth above, Whitesell objects that this Request is

7   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

8   calculated to lead to the discovery of relevant or admissible evidence, including because it seeks

9   documents relating to each employee over a ten year period, extending beyond the time period

10  relevant to this Action, and is not limited to documents related to individuals who may have some

11  role in the claims or defenses in this Action. Whitesell also objects that the phrase "potential

12  Agreements" is vague, ambiguous, and confusing. Whitesell further objects to this Request to the

13  extent it purports to require Whitesell to do anything beyond conducting a reasonable search for

14  non-objectionable, non-privileged, responsive documents and data. Whitesell further objects to

15  this Request as duplicative of Request No. 56 to Zuffa. Zuffa has been actively meeting and

16  conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass

17  party discovery.

18  Whitesell will not produce documents in response to this Request.

19  **REQUEST FOR PRODUCTION NO. 81:**

20  All Documents and Communications constituting or relating to Agreements between You

21  and any broadcaster of professional MMA events (including PPV and non-PPV Professional

22  MMA Events), including without limitation all executed Agreements (and any amendments

23  thereto), draft Agreements, and all Documents and Communications relating to the negotiation of

24  such Agreements, Documents and Communications analyzing the terms of any actual or potential

25  such Agreement, regardless of whether an Agreement was executed.

26  **RESPONSE TO REQUEST NO. 81:**

27  In addition to the General Objections set forth above, Whitesell objects that this Request is

28  overbroad, unduly burdensome, not proportional to the needs of the case, and seeks documents

1   that have no likelihood of leading to the discovery of relevant or admissible evidence, including

2   because it calls for "All Documents and Communications" over a ten year time period, extending

3   beyond the time period relevant to this Action. Whitesell further objects that the phrases

4   "analyzing" and "potential such Agreement" are vague, ambiguous, and confusing. Whitesell

5   further objects to the extent this Request calls for documents protected from disclosure by the

6   attorney-client privilege, work-product doctrine, or any other applicable privilege. Plaintiffs have

7   neither asserted a monopolization claim in this Action, nor alleged any anticompetitive conduct in

8   connection with Zuffa's broadcasting agreements, if any, and thus this Request is purely an

9   impermissible fishing expedition into irrelevant materials. Whitesell further objects to this Request

10  as duplicative of Request No. 57 to Zuffa. Zuffa has been actively meeting and conferring with

11  Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

12  discovery.

13      Whitesell will not produce documents in response to this Request.

14  **REQUEST FOR PRODUCTION NO. 82**

15      Documents sufficient to identify each of Your Employees and agents involved in approving

16  or negotiating the terms of any Agreements or potential Agreements with any broadcaster of

17  professional MMA events (including PPV).

18  **RESPONSE TO REQUEST NO. 82:**

19      In addition to the General Objections set forth above, Whitesell objects to this Request as

20  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

21  calculated to lead to the discovery of relevant or admissible evidence, including because it calls

22  for documents related to "any Agreements" over a ten year time period, extending beyond the time

23  period relevant to this Action, and it is not limited to documents related to individuals who may

24  have had some role in the claims and defenses at issue in this Action. Whitesell also objects to the

25  phrase "potential Agreements" as vague, ambiguous, and confusing. Plaintiffs have neither

26  asserted a monopolization claim in this Action, nor alleged any anticompetitive conduct in

27  connection with Zuffa's broadcasting agreements, if any, and thus this Request is purely an

28  impermissible fishing expedition into irrelevant materials. Whitesell further objects to this Request

1  to the extent it purports to require Whitesell to do anything beyond conducting a reasonable search

2  for non-objectionable, non-privileged, responsive documents and data. Whitesell further objects

3  to this Request as duplicative of Request No. 58 to Zuffa. Zuffa has been actively meeting and

4  conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass

5  party discovery.

6        Whitesell will not produce documents in response to this Request.

7  **REQUEST FOR PRODUCTION NO. 83:**

8        All Documents and Communications relating to Agreements between You and any

9  sponsors of the UFC or of the Professional MMA Fighters under contract with the UFC, including

10  without limitation all executed Agreements (and any amendments thereto), draft Agreements, and

11  all Documents and Communications relating to the negotiation of such Agreements, regardless of

12  whether an Agreement was executed.

13  **RESPONSE TO REQUEST NO. 83:**

14        In addition to the General Objections set forth above, Whitesell objects that this Request is

15  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

16  calculated to lead to the discovery of relevant or admissible evidence, including because it asks for

17  "All Documents and Communications" relating to all agreements with sponsors over a ten year

18  time period, extending beyond the time period relevant to this Action, and it is not limited in scope

19  to documents relating to the claims and defenses at issue in this Action. Whitesell also objects to

20  this Request as seeking documents and information relating to fighters who would not be members

21  of the putative class and, thus, would have no likelihood of leading to the discovery of relevant or

22  admissible evidence. Whitesell further objects to the extent this Request calls for documents

23  protected from disclosure by the attorney-client privilege, work-product doctrine, or any other

24  applicable privilege. Plaintiffs have neither asserted a monopolization claim in this Action, nor

25  alleged any anticompetitive conduct in connection with Zuffa's sponsorship agreements, if any,

26  and thus this Request is purely an impermissible fishing expedition into irrelevant materials.

27  Whitesell further objects to this Request as duplicative of Request No. 59 to Zuffa. Zuffa has been

28  actively meeting and conferring with Plaintiffs over this same Request, and thus this Request

1    improperly seeks to bypass party discovery.

2          Whitesell will not produce documents in response to this Request.

3    **REQUEST FOR PRODUCTION NO. 84:**

4          Documents sufficient to identify each of Your Employees and/or agents involved in

5    approving or negotiating the terms of any Agreements or potential Agreements with any sponsors

6    of the UFC or the Professional MMA Fighters under contract with the UFC.

7    **RESPONSE TO REQUEST NO. 84:**

8          In addition to the General Objections set forth about, Whitesell objects to this Request as

9    overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

10   calculated to lead to the discovery of relevant or admissible evidence, including because it requests

11   identification of all employees over a ten year time period, extending beyond the time period

12   relevant to this Action, and it is not limited in scope to documents relating to the claims and

13   defenses at issue in this Action. Plaintiffs have neither asserted a monopolization claim in this

14   Action, nor alleged any anticompetitive conduct in connection with Zuffa's sponsorship

15   agreements, if any, and thus this Request is purely an impermissible fishing expedition into

16   irrelevant materials. Whitesell further objects to this Request to the extent it purports to require

17   Whitesell to do anything beyond conducting a reasonable search for non-objectionable, non-

18   privileged, responsive documents and data. Whitesell further objects to this Request as duplicative

19   of Request No. 60 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over

20   this same Request, and thus this Request improperly seeks to bypass party discovery.

21         Whitesell will not produce documents in response to this Request.

22   **REQUEST FOR PRODUCTION NO. 85:**

23         All Documents referencing or relating to the ability of any UFC Fighter to switch to and/or

24   fight for, an actual or potential rival promotion. Responsive Documents include, but are not limited

25   to, Documents referencing or relating to the costs to UFC Fighters and/or their managers or

26   promoters associated with such a switch, any requirements or obligations imposed by a contract

27   between the UFC and UFC Fighters, and/or Documents concerning communications or

28   negotiations between the UFC and UFC Fighters with respect to a switch or potential switch from

1    the UFC to a rival MMA Promoter.

2    **RESPONSE TO REQUEST NO. 85:**

3          In addition to the General Objections set forth above, Whitesell objects to this Request as

4    overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

5    calculated to the discovery of relevant or admissible evidence, including because it calls for "All

6    Documents" over a ten year time period, extending beyond the time period relevant to this Action.

7    Whitesell also objects that the phrase "switch to and/or fight for" as used in this Request is vague

8    and ambiguous. Whitesell also objects to this Request as seeking documents and information

9    relating to fighters who would not be members of the putative class and, thus, would have no

10    likelihood of leading to the discovery of relevant or admissible evidence. Whitesell further objects

11    to this Request as duplicative of Request No. 61 to Zuffa. Zuffa has been actively meeting and

12    conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass

13    party discovery.

14          Whitesell will not produce documents in response to this Request.

15    **REQUEST FOR PRODUCTION NO. 86:**

16          All communications between you and anyone else referencing or relating to this lawsuit or

17    Le, et al. v. Zuffa, LLC, 2:21-cv-1189-RFB-BNW (D. Nev.), or any of the named plaintiffs in

18    either of those cases, exclusive of any communications protected by the Attorney/Client Privilege.

19    **RESPONSE TO REQUEST NO. 86:**

20          In addition to the General Objections set forth above, Whitesell objects that this Request is

21    overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

22    calculated to lead to the discovery of relevant or admissible evidence, including because it requests

23    "All Communications" and does not limit the scope of its request to communications relating to

24    any of the named plaintiffs in this Action, to the claims and defenses at issue in this Action, or to

25    the time period of the allegations in this Action. Whitesell further objects that this Request is

26    unintelligible and cannot be responded to because the case citation refers to a case name that is

27    different from the case number cited. Whitesell further objects to this Request as duplicative of

28    Request No. 62 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this

1  same Request, and thus this Request improperly seeks to bypass party discovery.

2      Whitesell will not produce documents in response to this Request.

3  **REQUEST FOR PRODUCTION NO. 87:**

4      All Documents referencing or relating to indemnification or defense (corporate or

5  individual), judgment sharing, joint defense, liability or responsibility for judgment in this action,

6  for You and any of your officers, including by way of example not limitation, indemnity

7  Agreements, joint defense Agreements, judgment sharing Agreements, tenders of defense, denials

8  or reservations of rights.

9  **RESPONSE TO REQUEST NO. 87:**

10      In addition to the General Objections set forth above, Whitesell objects to this Response as

11  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

12  calculated to lead to the discovery of relevant or admissible evidence, including because it requests

13  "All Documents" over a ten year time period, extending beyond the time period relevant to this

14  Action, and it is not limited in scope to documents relating to the claims and defenses at issue in

15  this Action. Whitesell further objects because the phrases "indemnification or defense (corporate

16  or individual)" and "by way of example not limitation" are unintelligible as written. Whitesell

17  further objects to this Request as duplicative of Request No. 63 to Zuffa. Zuffa has been actively

18  meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly

19  seeks to bypass party discovery.

20      Whitesell will not produce documents in response to this Request.

21  **REQUEST FOR PRODUCTION NO. 88:**

22      All Documents referencing or relating to any websites operated by You or on Your behalf,

23  including Documents sufficient to show who had responsibility for creating, maintaining, and

24  adding or deleting content (including any private messaging) to or from such websites.

25  **RESPONSE TO REQUEST NO. 88:**

26      In addition to the General Objections set forth above, Whitesell objects that this Request is

27  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

28  calculated to lead to the discovery of relevant or admissible evidence, including because it requests

1   "All Documents" over a ten year time period, extending beyond the time period relevant to this

2   Action, and does not limit the scope of the Request to documents relating to the claims and

3   defenses at issue in this Action. Plaintiffs' Request seeking "All Documents" referencing or

4   relating to "any website operated by You or on Your behalf" for a period of ten years would require

5   Whitesell to produce a burdensome, unreasonable, and disproportionate number of documents,

6   many of which would be far outside the scope of this Action and have no likelihood of leading to

7   the discovery of relevant or admissible evidence. Whitesell also objects that the phrases

8   "maintaining" and "on Your behalf" as used in this Request is vague and ambiguous. Whitesell

9   further objects to this Request as duplicative of Request No. 64 to Zuffa. Zuffa has been actively

10   meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly

11   seeks to bypass party discovery.

12       Whitesell will not produce documents in response to this Request.

13   **REQUEST FOR PRODUCTION NO. 89:**

14       Documents sufficient to identify each Person responsible for any Social Media account

15   operated by or on behalf of Zuffa, including documents sufficient to show who had responsibility

16   for creating, maintaining, and adding or deleting content (including any private messaging) to or

17   from such Social Media accounts.

18   **RESPONSE TO REQUEST NO. 89:**

19       In addition to the General Objections set forth above, Whitesell objects to this Request as

20   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

21   calculated to lead to the discovery of relevant or admissible evidence. Whitesell further objects to

22   the phrases "on behalf of Zuffa" and "maintaining" as vague and ambiguous. Whitesell further

23   objects to this Request to the extent it purports to require Whitesell to do anything beyond

24   conducting a reasonable search for non-objectionable, non-privileged, responsive documents and

25   data. Whitesell further objects to this Request as duplicative of Request No. 65 to Zuffa. Zuffa has

26   been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request

27   improperly seeks to bypass party discovery.

28       Whitesell will not produce documents in response to this Request.

NON-PARTY PATRICK WHITESELL'S RESPONSES
AND OBJECTIONS TO PLAINTIFFS' SUBPOENA
Case No. 21-cv-01189-RFB-BNW

1    **REQUEST FOR PRODUCTION NO. 90:**

2         All contracts or Agreements between the UFC and any Social Media organization.

3    **RESPONSE TO REQUEST NO. 90:**

4         In addition to the General Objections, Whitesell objects that this Request is overbroad to

5    the extent that it calls for "All contracts or Agreements" over a ten year time period, extending

6    beyond the time period relevant to this Action, seeks documents that are not relevant to the claims

7    or defenses at issue in this Action, and thus is not reasonably calculated to lead to the discovery of

8    relevant or admissible evidence, and is not proportional to the needs of the case. Whitesell further

9    objects to this Request as duplicative of Request No. 66 to Zuffa. Zuffa has been actively meeting

10   and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to

11   bypass party discovery.

12        Whitesell will not produce documents in response to this Request.

13   **REQUEST FOR PRODUCTION NO. 91:**

14        All Documents and Communications relating to any content posted to any website or Social

15   Media relating to UFC Professional MMA Bouts, including pre-bout promotional content and

16   post-bout content.

17   **RESPONSE TO REQUEST NO. 91:**

18        In addition to the General Objections set forth above, Whitesell objects that this Request is

19   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

20   calculated to lead to the discovery of relevant or admissible evidence, including because it calls

21   for "All Documents and Communications" relating to "any content posted to any website" over a

22   ten year time period, extending beyond the time period relevant to this Action, it is not limited in

23   scope to documents related to the claims and defenses at issue in this Action, and it is not limited

24   to websites controlled by Whitesell or Zuffa or statements made by Zuffa employees acting in their

25   capacity as Zuffa employees. Whitesell further objects to this Request to the extent that it seeks

26   public information—including information in Plaintiffs' control—that is readily accessible by

27   Plaintiffs and which should be collected by Plaintiffs under the reasonableness and proportionality

28   standards set forth in the Federal Rules of Civil Procedure. Whitesell further objects to this Request

1   as duplicative of Request No. 67 to Zuffa. Zuffa has been actively meeting and conferring with

2   Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

3   discovery.

4       Whitesell will not produce documents in response to this Request.

5   **REQUEST FOR PRODUCTION NO. 92**

6       All Documents, including any content posted to any website or Social Media, referencing

7   or relating to any Professional MMA Fighters under contract with the UFC.

8   **RESPONSE TO REQUEST NO. 92:**

9       In addition to the General Objections set forth above, Whitesell objects that this Request,

10  as phrased, is overbroad, unduly burdensome, not proportional to the needs of the case, and not

11  reasonably calculated to lead to this discovery of relevant or admissible evidence, including

12  because it calls for "All Documents" referencing or relating to "Professional MMA Fighters under

13  contract with the UFC" over a ten year period, extending beyond the time period relevant to this

14  Action, and it is not limited in scope to documents relating to the claims and defenses at issue in

15  this Action. To the extent this Request calls for "content posted to any website or Social Media,"

16  Whitesell objects that it is not limited to website or Social Media controlled by Whitesell or Zuffa

17  or statements made by Zuffa employees acting in their capacity as Zuffa employees. Whitesell

18  further objects that this Request seeks public information—including information in Plaintiffs'

19  control—that is readily accessible by Plaintiffs and which should be collected by Plaintiffs under

20  the reasonableness and proportionality standards set forth in the Federal Rules of Civil Procedure.

21  Whitesell further objects to this Request to the extent it purports to require Whitesell to maintain

22  information removed or deleted from website and/or Social Media prior to the filing of this lawsuit.

23  Whitesell further objects to this Request as seeking documents and information relating to fighters

24  who would not be part of the putative class and, thus, would have no likelihood of leading to the

25  discovery of relevant or admissible evidence. Whitesell further objects to this Request as

26  duplicative of Request No. 68 to Zuffa. Zuffa has been actively meeting and conferring with

27  Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

28  discovery.

1    Whitesell will not produce documents in response to this Request.

2    **REQUEST FOR PRODUCTION NO. 93:**

3    All Documents referencing or relating to Zuffa's registration with any regulatory bodies

4    governing the MMA industry. Include all Documents referencing or relating to any suspensions of

5    Zuffa for any reason by any government agency or any Person responsible for regulation,

6    supervision, licensing, permitting or safety of Professional MMA Bouts and Professional MMA

7    Fighters.

8    **RESPONSE TO REQUEST NO. 93:**

9    In addition to the General Objections set forth above, Whitesell objects to this Request as

10   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

11   calculated to lead to the discovery of relevant or admissible evidence, including because it seeks

12   "All Documents" over a ten year period, which extends beyond the time period relevant to this

13   Action, and it is not limited to documents related to the claims and defenses at issue in this Action.

14   Whitesell further objects to this Request as duplicative of Request No. 69 to Zuffa. Zuffa has been

15   actively meeting and conferring with Plaintiffs over this same Request, and thus this Request

16   improperly seeks to bypass party discovery.

17   Whitesell will not produce documents in response to this Request.

18   **REQUEST FOR PRODUCTION NO. 94:**

19   All Documents and Communications relating to meetings or the business of Your Board

20   of Directors, including without limitation all agendas, minutes, presentations, Agreements, and

21   resolutions created by or for the Board of Directors, including all Documents and Communications

22   directed to and presented by management or outside professionals, which address capital raises,

23   business combinations, dividends and any other executive compensation matters.

24   **RESPONSE TO REQUEST NO. 94:**

25   In addition to the General Objections set forth above, Whitesell objects to this Request as

26   overboard, unduly burdensome, not proportional to the needs of the case, and not reasonably

27   calculated to lead to the discovery of relevant or admissible evidence, including because it seeks

28   "All Documents and Communications" over a ten year period, extending beyond the time period

1  relevant to this Action, and it is not limited to documents related to the claims and defenses at issue

2  in this Action. Whitesell also objects that the phrase "directed to and presented by management or

3  outside professionals" is vague and ambiguous. Whitesell further objects to this Request as

4  duplicative of Request No. 70 to Zuffa. Zuffa has been actively meeting and conferring with

5  Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

6  discovery.

7       Whitesell will not produce documents in response to this Request.

8  **REQUEST FOR PRODUCTION NO. 95:**

9       All Documents and Communications relating to any provision of Your Promotional and

10  Ancillary Rights Agreement that terminated any rights You had under the contract after a stated

11  amount of time notwithstanding any provision that could otherwise extend the term of the

12  Agreement, including all documents discussing the purpose(s) of such provisions, documents

13  discussing the reason(s) for no longer including them, and documents constituting or reflecting

14  analyses of the effects of such provision(s) on Your business.

15  **RESPONSE TO REQUEST NO. 95:**

16       In addition to the General Objections set forth above, Whitesell objects that this Request,

17  as phrased, is overbroad, unduly burdensome, not proportional to the needs of the case, and not

18  reasonably calculated to lead to this discovery of relevant or admissible evidence, including

19  because it calls for "All Documents and Communications" over a ten year period, extending

20  beyond the time period relevant to this Action, and it is not limited to documents relating to the

21  claims and defenses at issue in this Action. Whitesell also objects to the extent this Request calls

22  for documents protected from disclosure by the attorney-client privilege, work-product doctrine,

23  or any other applicable privilege. Whitesell further objects that the phrases "any provision,"

24  "terminated any rights You had," "under the contract," "otherwise extend the term," "effects," and

25  "business" are vague and ambiguous. Whitesell further objects to this Request as duplicative of

26  Request No. 71 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this

27  same Request, and thus this Request improperly seeks to bypass party discovery.

28       Whitesell will not produce documents in response to this Request.

1    Dated: April 2, 2025                        Respectfully Submitted,

2                                                /s/ *Christopher S. Yates*

3    WILLIAM A. ISAACSON (*Pro hac vice*)        CHRISTOPHER S. YATES (*Pro hac vice*)
     wisaacson@paulweiss.com                     chris.yates@lw.com
4    KAREN L. DUNN (*Pro hac vice*)              AARON T. CHIU (*Pro hac vice*)
     ldunn@paulweiss.com                         aaron.chiu@lw.com
     JESSICA PHILLIPS (*Pro hac vice*)           LATHAM & WATKINS LLP
5    jphillips@paulweiss.com                     505 Montgomery Street, Suite 2000
     PAUL, WEISS, RIFKIND, WHARTON &             San Francisco, CA 94111
6    GARRISON LLP                                Tel: (415) 395-8095
     2001 K Street, NW
7    Washington, DC 20006                        SEAN M. BERKOWITZ (*Pro hac vice*)
                                                 sean.berkowitz@lw.com
8    BRETTE M. TANNENBAUM (*Pro hac vice*)       LATHAM & WATKINS LLP
     btannenbaum@paulweiss.com                   330 North Wabash Ave, Suite 2800
9    YOTAM BARKAI (*Pro hac vice*)               Chicago, IL 60611
     ybarkai@paulweiss.com
10   PAUL, WEISS, RIFKIND, WHARTON &             LAURA WASHINGTON (*Pro hac vice*)
     GARRISON LLP                                laura.washington@lw.com
11   1285 Avenue of the Americas                 LATHAM & WATKINS LLP
     New York, NY 10019                          10250 Constellation Blvd, Suite 1100
12                                               Los Angeles, CA 90067
     DONALD J. CAMPBELL (No. 1216)
13   djc@campbellandwilliams.com                 DAVID L. JOHNSON (*Pro hac vice*)
     J. COLBY WILLIAMS (No. 5549)                david.johnson@lw.com
14   jcw@campbellandwilliams.com                 LATHAM & WATKINS LLP
     CAMPBELL & WILLIAMS                         555 Eleventh Street NW, Suite 1000
15   700 South 7th Street                        Washington, D.C. 20004
     Las Vegas, Nevada 89101
16   Tel: (702) 382-5222

17

18   *Attorneys for Defendants Zuffa, LLC, TKO Operating Company, and Endeavor Group Holdings, Inc.*

19

20

21

22

23

24

25

26

27

28

WILLIAM A. ISAACSON (*Pro hac vice*)
wisaacson@paulweiss.com
KAREN L. DUNN (*Pro hac vice*)
ldunn@paulweiss.com
JESSICA PHILLIPS (*Pro hac vice*)
jphillips@paulweiss.com
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
2001 K Street, NW
Washington, DC 20006

DONALD J. CAMPBELL (No. 1216)
djc@campbellandwilliams.com
J. COLBY WILLIAMS (No. 5549)
jcw@campbellandwilliams.com
CAMPBELL & WILLIAMS
700 South 7th Street
Las Vegas, NV 89101

CHRISTOPHER S. YATES (*Pro hac vice*)
chris.yates@lw.com
AARON T. CHIU (*Pro hac vice*)
aaron.chiu@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111

SEAN M. BERKOWITZ (*Pro hac vice*)
sean.berkowitz@lw.com
LATHAM & WATKINS LLP
330 North Wabash Ave, Suite 2800
Chicago, IL 60611

LAURA WASHINGTON (*Pro hac vice*)
laura.washington@lw.com
LATHAM & WATKINS LLP
10250 Constellation Blvd, Suite 1100
Los Angeles, CA 90067

*Attorneys for Defendants Zuffa, LLC, TKO Operating Company, and Endeavor Group Holdings, Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KAJAN JOHNSON, CLARENCE DOLLAWAY, and TRISTAN CONNELLY on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>Zuffa LLC, TKO Operating Company, LLC f/k/a Zuffa Parent LLC (d/b/a Ultimate Fighting Championship and UFC) and Endeavor Group Holdings, Inc,<br><br>*Defendants*. | Case No.: 2:21-cv-01189-RFB-BNW<br><br>**NON-PARTY PATRICK WHITESELL'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION** |

1    This case is a purported class action, but none of the Named Plaintiffs can represent a class

2    since the majority of fighters within the putative class signed arbitration agreements and class

3    action waivers.  *See, e.g.*, *O'Connor v. Uber Technologies, Inc.*, 904 F.3d 1087, 1094 (9th Cir.

4    2018).  Those basic facts led counsel for the Plaintiffs to say "the reality is the claim has little

5    value" precisely "because the UFC started implementing arbitration clauses."  *Le et al. v. Zuffa,*

6    *LLC et al.*, Case No. 2:15-cv-01045, ECF 1036 at 86:17-87:10.  Since their claim admittedly has

7    no value and cannot be pursued on a class basis, Plaintiffs have decided to try to use discovery as

8    a weapon, presumably as part of an effort to generate leverage.  This subpoena to non-party Patrick

9    Whitesell is part of that effort.  Plaintiffs' subpoena contains ***100*** requests for production (the

10   "Requests")—94 of which are identical to requests served upon defendants.  Including Mr.

11   Whitesell, Plaintiffs have also propounded the same exact non-party subpoena to twenty-eight

12   non-parties and are seeking documents in response to over 2,500 requests for production.

13   Pursuant to Rules 26, 34, and 45 of the Federal Rules of Civil Procedure, non-party Patrick

14   Whitesell, objects to Plaintiffs' subpoena as it is neither proper, proportional to the needs of this

15   case, or appropriate given the protections afforded non-parties under Rule 45(d).  Accordingly,

16   Mr. Whitesell will not produce any documents in response to these Requests unless a court orders

17   otherwise.

## GENERAL OBJECTIONS

18

19   1.    Whitesell objects to the entirety of the 100 Requests that Plaintiffs have directed to

20   Whitesell to the extent the subpoena falls outside the territorial limits of the Court's jurisdiction.

21   2.    Whitesell objects to the entirety of the 100 Requests that Plaintiffs have directed to

22   non-party Whitesell as contradicting Plaintiffs' representation to the Court that they would require

23   only "limited discovery" in connection with this case and would only "request some limited

24   discovery." Pls.' Statement at 5-6, Discovery Plan, ECF No. 51. There is nothing "limited" about

25   100 Requests for Production that Plaintiffs have propounded to a non-party, many of which include

26   unbounded requests for "all documents" or "all communications."

27   3.    The following general objections ("General Objections") are incorporated in

28   Whitesell's Responses to each and every Request (the "Specific Objections"). The fact that

1  Whitesell's Response to an individual Request specifically refers to one or more of the General

2  Objections does not mean that the other General Objections do not apply to that Request and does

3  not waive any of the other General Objections with respect to that Request. No Response to any

4  Request or any subpart of any Request is, or shall be deemed to be, a waiver of any of Whitesell's

5  General Objections.

6        4.      Whitesell provides these Responses based on his interpretation and understanding

7  of each Request. Whitesell reserves the right to amend and/or supplement his Responses in the

8  event that Plaintiffs assert an interpretation that differs from Whitesell's interpretation.

9        5.      Whitesell makes these Responses based on facts reasonably known at the time of

10  answering these Requests. Whitesell's investigation of the facts relating to this case is ongoing

11  and, thus, further discovery, investigation, research, and analysis may supply additional facts,

12  which may alter the contentions and disclosures herein. Whitesell reserves the right to supplement

13  or amend these Responses in such an event. However, Whitesell reserves the right not to

14  supplement his Responses to the extent additional or corrective information has otherwise been

15  made known during the discovery process or in writing, pursuant to Federal Rule of Civil

16  Procedure 26(e)(1)(A).

17        6.      Whitesell objects to the Requests on the grounds that they are premature, as

18  Plaintiffs have not exhausted party discovery. The information sought can initially be addressed

19  through standard party discovery channels. Any commitment to produce any materials in response

20  to these Requests, if any, is expressly conditioned on Plaintiffs first seeking these documents from

21  the named parties through the traditional discovery channels.

22        7.      Whitesell objects to the Requests, and to the instructions and definitions contained

23  therein, to the extent that they seek to impose duties or obligations beyond those imposed by the

24  Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the

25  District of Nevada, the case law interpreting each of them, or any other laws or rules applicable to

26  proceedings in this Court.

27

28

8.      Whitesell objects to the Requests as they call for the production of documents that are duplicative of documents already being sought from Zuffa, TKO or Endeavor, and not likely to lead to the production of unique materials from Whitesell.

9.      Whitesell objects to the Requests to the extent that they call for the production of documents that are in whole or in part protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or the joint-defense or common-interest privilege; were prepared in anticipation of litigation or trial; or are subject to any other privilege, protection or immunity applicable under governing law. Whitesell will not produce documents protected by such privileges. To the extent that any Request may be construed as calling for the production of documents or responses that are subject to any such claim of privilege, Whitesell hereby asserts the applicable privilege, immunity, or protection. Specific Objections on the grounds of privilege are provided for emphasis and clarity only, and the absence of a Specific Objection is neither intended, nor should be interpreted, as evidence that Endeavor does not object to a specific Request on the basis of an applicable privilege, immunity, or protection. Any disclosure of any such privileged or protected material in response to any Request is inadvertent and not intended to waive those privileges and protections. Whitesell reserves the right to demand that Plaintiffs return, destroy, or sequester any privileged or protected documents produced and all copies thereof consistent with Federal Rule of Civil Procedure 26(b)(5)(B).

10.     Whitesell objects to the Requests to the extent that they seek documents not within Whitesell's possession, custody, or control or purport to require Whitesell to create documents not currently in his possession, custody, or control. Whitesell further objects to the Requests to the extent that they seek information that Plaintiffs equally may otherwise obtain from public sources or, with less burden or expense, by using other means of discovery.

11.     Whitesell objects to the Requests to the extent that they seek responses from persons or entities other than the named non-party, Patrick Whitesell.

12.     Whitesell objects to the Requests to the extent they assert, imply, suggest, or are premised upon any underlying express or implied assumptions of fact or law with respect to matters at issue in this Action. These Responses are not intended to be, and should not be construed

1    as, an agreement or concurrence by Whitesell with Plaintiffs' characterization of any facts,

2    circumstances, and/or legal obligations. Whitesell reserves the right to contest any such

3    characterization as inaccurate.

4        13.    Whitesell objects to the Requests as overly broad, unduly burdensome, and not

5    proportional to the needs of the case to the extent they purport to require production of "all"

6    documents of a particular type under circumstances in which a subset of such documents would

7    be sufficient to show the pertinent information or where such Request would require more than a

8    reasonable, good-faith search of the places where responsive documents are likely to be found.

9        14.    Whitesell objects to the Requests to the extent they seek information that is not

10    relevant to any party's claim or defense.

11        15.    Whitesell objects to the Requests to the extent they are not proportional to the needs

12    of the case and to the extent they are (a) overly broad or unduly burdensome; (b) cumulative,

13    duplicative, or repetitive; or (c) vague, ambiguous, lacking in particularity, colloquial,

14    argumentative, capable of multiple interpretations, or unintelligible.

15        16.    Whitesell's objections, responses, and production of documents shall not be

16    construed as an admission of the relevancy, materiality, authenticity, or admissibility of any

17    document, fact, issue, or piece of information. Whitesell reserves the right to object to the

18    admissibility in evidence of all or any part of the Responses herein. Nor does the fact that Whitesell

19    has responded to, or failed to object to, any Request as set forth below mean that any documents

20    responsive to such Request in fact exist, or that Whitesell acknowledges the propriety of the

21    Request. The failure of Whitesell to make a Specific Objection to any Request is not an admission

22    that information responsive to that Request exists, nor shall Whitesell's failure to object to any

23    Request on a particular ground be construed as a waiver of his rights to object to such Request on

24    that or any additional ground at any time. Any statement in these Responses that Whitesell will

25    produce documents in response to a specific Request does not mean that Whitesell in fact has any

26    such documents in his possession, custody, or control; that any such documents exist; or that

27    Whitesell will search all files maintained by any person. Rather, such a statement reflects the

28    intention of Whitesell, subject to these Responses, to conduct a reasonable search for readily

1    accessible responsive information or documents from sources in which responsive documents that

2    are not otherwise protected from disclosure reasonably would be expected to be found and based

3    on parameters agreed to by the parties.

4         17.    Whitesell objects to the Requests to the extent they purport to require Whitesell to

5    search archived electronic data, "backup" files, or to restore any electronic matter on the ground

6    that such requirements are unduly burdensome and not proportional to the needs of the case.

7         18.    Whitesell objects to the Requests to the extent they call for the disclosure of

8    Whitesell's confidential or proprietary information, trade secrets, commercial information, or other

9    competitively sensitive information. To the extent Whitesell provides his confidential information

10   and/or other competitively sensitive information, Whitesell will do so only subject to the terms of

11   the protective order entered by the Court in this Action, ECF No. 123.

12        19.    Whitesell also objects to the Requests to the extent they seek documents that

13   contain confidential or proprietary information; trade secrets; commercially sensitive information;

14   other competitively sensitive information belonging to a third party but entrusted to Whitesell on

15   conditions of confidentiality and/or non-disclosure; personal information of fighters (such as

16   medical conditions) or, if applicable, Endeavor's or Whitesell's employees, clients, customers, or

17   counterparties; or information that is subject to protective orders or other confidentiality

18   undertakings or is protected from disclosure by legal protections governing the privacy rights of

19   consumers and other persons. To the extent that Whitesell agrees to produce any such documents,

20   such production shall be subject to and contingent upon appropriate notice to and/or consent from

21   such third parties and to the protection of the protective order entered by the Court in this Action,

22   ECF No. 123.

23        20.    Whitesell objects to the Requests to the extent they seek documents and information

24   relating to fighters who would not be part of the putative class and, thus, would have no likelihood

25   of leading to the discovery of relevant or admissible evidence.

26        21.    Whitesell objects to the definition of "Agreement" as overbroad, unduly

27   burdensome, and impractical to the extent it includes verbal agreements. Where called for by a

28   Request (and as agreed by Whitesell), Whitesell will produce documents that regard such verbal

agreements, to the extent any such documents exist. However, where a Request asks for the production of the Agreements themselves, Whitesell will not be able to produce materials reflecting verbal agreements, to the extent any such verbal agreements were made.

22.    Whitesell objects to the definition of "Defendants" to the extent that it purports to include anything other than the named Defendants in this Action: Zuffa, LLC, TKO Operating Company, LLC, and Endeavor Group Holdings, Inc.

23.    Whitesell objects to the definition of "Electronically Stored Information" to the extent it includes electronic information or data that is not reasonably accessible, or in a form beyond that required by the Federal Rules of Civil Procedure. Whitesell also objects to the Definition to the extent that "activity listings of electronic mail receipts and/or transmittals" is undefined.

24.    Whitesell objects to the definitions of "Endeavor," "Defendants," "TKO," "Zuffa," and "UFC" to the extent they encompass or purport to encompass persons or entities that are not the named Defendants, and their current executives, employees, agents, owners, departments, and divisions within their control. Whitesell also objects to these definitions to the extent that they purport to include the subsidiaries, predecessors, successors, or affiliates of Endeavor, including entities "in which Endeavor owns a controlling share or which Endeavor manages or controls." Whitesell further objects to these definitions as vague, ambiguous, overbroad, and unduly burdensome to the extent that they encompass or purport to encompass "any persons acting or purporting to act on behalf of the responding Defendant." Whitesell further objects that this definition is overbroad to the extent that it includes all of Endeavor's former directors, members, officers, employees, agents, or representatives.

25.    Whitesell objects to the definition "Identify" to the extent that it calls for identification of an individual's confidential personal information, including Social Security numbers. Whitesell further objects to this definition to the extent it requires Whitesell to do anything other than produce preexisting responsive documents within his possession, custody, or control created and collected in the ordinary course of business.

26.    Whitesell objects to the definition of "Meeting" as overbroad and vague to the

1  extent it includes any nonscheduled or unplanned "contemporaneous presence of two or more

2  persons for any purpose."

3        27.    Whitesell objects to the definition of "Pre-Bout Event" as overbroad to the extent

4  it includes "training." Whitesell will interpret "training" in the definition of "Pre-Bout Event" as

5  though it reads "media regarding training."

6        28.    Whitesell objects to the definition of "Professional MMA Fighter" as vague,

7  ambiguous, and confusing in that it circuitously uses the term "Professional MMA Bout," which

8  in turn uses the term "Professional MMA Fighter" in its definition. Whitesell will interpret

9  "Professional MMA Fighter" to mean a person who is paid to fight in MMA bouts.

10       29.    Whitesell objects to the definitions of "You" and "Your" to the extent that they

11  purport to include anything not in the possession, custody, or control of Whitesell. This includes

12  anything in the possession, custody, or control of any organization or entity which Whitesell

13  manages, controls, has an ownership interest in, or is employed by, as well as any employees,

14  agents, representatives, or persons acting or purporting to act on Whitesell's behalf. Whitesell

15  further objects to the definitions of "You" and "Your" on the ground that Plaintiffs' definition of

16  "You" and "Your" is overly broad, imposes burdens and expenses that outweigh its likely benefit,

17  is disproportionate to the needs of this case, seeks materials that are not relevant to any party's

18  claim or defense in this case, and/or calls for Whitesell to provide information protected by

19  attorney-client privilege, work product doctrine, or other privileges and protections.

20       30.    Whitesell objects to the definition of "Zuffa" as overly broad, unduly burdensome,

21  vague, and ambiguous to the extent it purports to include or includes parties and entities outside

22  of named Defendant, Zuffa, LLC, such as predecessors, successors, affiliates, "any organization

23  or entity that it owns, manages or controls," former directors, officers, employees, employees and

24  representatives and others "purporting to act on Zuffa's behalf." Whitesell also objects to the extent

25  that these definitions seek documents from predecessor companies or entities that were acquired

26  by or merged with Zuffa.

27       31.    To the extent Whitesell possesses any non-objectionable, non-privileged

28  documents and/or data that are responsive to the Requests, Whitesell will produce documents

and/or data as they are kept in the usual course of business, and will produce them in a reasonable format, at a reasonable time, and at a reasonable location to be mutually agreed upon by the parties. Whitesell objects to the extent any Request calls for data to be provided in ways that are not done in the normal course of business. Whitesell objects to contrary instructions.

32. Whitesell objects to Instruction No. 1 to the extent that it requires or purports to require Whitesell to conduct anything beyond a reasonable search for documents within his possession, custody, or control.

33. Whitesell objects to Instruction No. 2 as beyond the requirements of Federal Rules of Civil Procedure 26 and 34. To the extent responsive documents are withheld on a basis of privilege, Endeavor will produce a privilege log in the form agreed upon by the parties.

34. Whitesell objects to Instruction No. 3 and each Request to the extent it purports to require the production of original documents. Whitesell will make available legible copies of responsive documents, to the extent any exist, to Plaintiffs' attorneys. Whitesell reserves the right to make original documents available on his own premises.

35. Whitesell objects to Instruction No. 5 to the extent that it requires or purports to require the production of Documents otherwise uncalled for by the Requests or the stipulation regarding the production of electronically stored information and other documents that the parties are negotiating. Whitesell also objects to the Instruction to the extent that it purports to impose obligations beyond those required by the Federal Rules of Civil Procedure.

36. Whitesell objects to Instruction No. 6 to the extent that it purports to require production of documents in a manner that exceeds the stipulation regarding production of electronically stored information and other documents that the parties are negotiating. Whitesell also objects to the Instruction to the extent that it purports to impose obligations beyond those required by the Federal Rules of Civil Procedure.

37. Whitesell objects to Instruction No. 7 to the extent that it purports to require Whitesell to disclose information that constitutes or reflects attorney work product or is otherwise protected from disclosure under any other privilege, protection or immunity applicable under the governing law.

38.     Whitesell objects to Instruction No. 8 to the extent it purports to require Whitesell to do more than undertake a reasonable and diligent search for responsive documents. Whitesell further objects to this Instruction to the extent that it purports to require Whitesell to maintain information about documents that may no longer exist and to the extent that it purports to impose obligations beyond those required by the Federal Rules of Civil Procedure or Local Rules for the United States District Court for the District of Nevada, case law interpreting each of them, or any other laws or rules applicable to proceedings in this Court.

39.     Whitesell objects to Instruction No. 9 to the extent that the Instruction purports to require preservation of "all" data and metadata as overbroad and burdensome. Whitesell also objects to the Instruction to the extent that it purports to impose obligations beyond those required by the Federal Rules of Civil Procedure.

40.     Whitesell objects to Instruction Nos. 10 through 17 to the extent that they purport to require production of documents in a manner that exceeds the stipulation regarding production of electronically stored information and other documents that the parties are negotiating. Whitesell also objects to Instruction Nos. 10 through 17 to the extent that they purport to impose obligations beyond those required by the Federal Rules of Civil Procedure.

41.     Whitesell objects to Instruction No. 18 to the extent that it purports to impose obligations beyond those required by the Federal Rules of Civil Procedure. For any information stored in a database, Whitesell will meet and confer with Plaintiffs regarding the information available and produce data in a useable format, to the extent any such data exists and is responsive to the Requests.

42.     Whitesell objects to Instruction Nos. 20, 22, and 23 to the extent they impose or purport to impose duties or obligations beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the District of Nevada, the case law interpreting each of them, or any other laws or rules applicable to proceedings in this Court.

43.     Whitesell objects to the Relevant Time Period beginning on January 1, 2015 until the present, as it is overbroad because it stretches well beyond the period which is the basis of this Action.

44.    These General Objections are incorporated into each one of the following Responses and shall be deemed continuing as to each response. These General Objections are not waived, or in any way limited, by the following Responses.

## SPECIFIC OBJECTIONS

**REQUEST FOR PRODUCTION NO. 1:**

Documents sufficient to identify each electronic device that You used to transmit or receive Communications during the Relevant Time Period, including but not limited to cellular telephones, laptop or notebook computers, desktop computers, and portable tablets, including but not limited to Any electronic device that You purchased, that was purchased for You, or that was issued to You by Defendants.

**RESPONSE TO REQUEST NO. 1:**

In addition to the General Objections set forth above, Whitesell objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses, including because it calls for "each" and "Any electronic device" used by a non-party over a ten year time period, extending beyond the time period relevant to this Action. Whitesell further objects to this Request as impermissibly propounding an interrogatory on a non-party by means of a request for production of documents. Whitesell further objects to this Request as improperly bypassing party discovery. Plaintiffs and Endeavor have been actively meeting and conferring over party discovery, and this Request seeks to circumvent that process.

Whitesell will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 2:**

Documents sufficient to identify the telephone number and provider or carrier of each cellular telephone identified in response to Request No. 1.

**RESPONSE TO REQUEST NO. 2:**

In addition to the General Objections set forth above, Whitesell objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses, including because it calls for "each cellular

telephone" used by a non-party over a ten year time period, extending beyond the time period relevant to this Action. Whitesell further objects to this Request as impermissibly propounding an interrogatory on a non-party by means of a request for production of documents. Whitesell further objects to this Request as improperly bypassing party discovery. Plaintiffs and Endeavor have been actively meeting and conferring over party discovery, and this Request seeks to circumvent that process.

Whitesell will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 3:**

Documents sufficient to identify when You first started using and, if applicable, when You stopped using, each mobile telephone number identified in response to Request No. 2.

**RESPONSE TO REQUEST NO. 3:**

In addition to the General Objections set forth above, Whitesell objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses, including because it calls for information about "each mobile telephone number" used by a non-party over a ten year time period, extending beyond the time period relevant to this Action. Whitesell further objects to this Request as impermissibly propounding an interrogatory on a non-party by means of a request for production of documents. Whitesell further objects to this Request as improperly bypassing party discovery. Plaintiffs and Endeavor have been actively meeting and conferring over party discovery, and this Request seeks to circumvent that process.

Whitesell will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 4:**

Documents sufficient to identify each messaging account or social media account that You used during the Relevant Time Period, including but not limited to Discord, Facebook, Google Chat, iMessage, Instagram, Kik, Microsoft Teams, Reddit, Signal, Skype, Slack, Snapchat, Telegram, TikTok, Truth Social, Whatsapp, WeChat, Zoom, X (Twitter), etc.

**RESPONSE TO REQUEST NO. 4:**

In addition to the General Objections set forth above, Whitesell objects to this Request as

overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses, including because it calls for "each messaging account or social media account" used by a non-party over a ten year time period, extending beyond the time period relevant to this Action. Whitesell further objects to this Request as impermissibly propounding an interrogatory on a non-party by means of a request for production of documents. Whitesell further objects to this Request as improperly bypassing party discovery. Plaintiffs and Endeavor have been actively meeting and conferring over party discovery, and this Request seeks to circumvent that process.

Whitesell will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 5:**

Documents sufficient to identify All username(s) and social media handle(s) for each account identified in response to Request No. 4.

**RESPONSE TO REQUEST NO. 5:**

In addition to the General Objections set forth above, Whitesell objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses, including because it calls for "All username(s) and social media handle(s)" used by a non-party over a ten year time period, extending beyond the time period relevant to this Action. Whitesell further objects to this Request as impermissibly propounding an interrogatory on a non-party by means of a request for production of documents. Whitesell further objects to this Request as improperly bypassing party discovery. Plaintiffs and Endeavor have been actively meeting and conferring over party discovery, and this Request seeks to circumvent that process.

Whitesell will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 6:**

Documents sufficient to identify each email account that You used during the Relevant Time Period.

**RESPONSE TO REQUEST NO. 6:**

In addition to the General Objections set forth above, Whitesell objects to this Request as

1    overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

2    that is not relevant to any party's claims or defenses, including because it calls for "each email

3    account" used by a non-party over a ten year time period, extending beyond the time period

4    relevant to this Action. Whitesell further objects to this Request as impermissibly propounding an

5    interrogatory on a non-party by means of a request for production of documents. Whitesell further

6    objects to this Request as improperly bypassing party discovery. Plaintiffs and Endeavor have been

7    actively meeting and conferring over party discovery, and this Request seeks to circumvent that

8    process.

9        Whitesell will not produce documents in response to this Request.

10   **REQUEST FOR PRODUCTION NO. 7:**

11       All Documents and Communications relating to Your role and activities relating to the

12   distribution of UFC Events, including, without limitation, materials reflecting or describing any

13   strategy for distributing UFC Events, the criteria any broadcast or distribution partners require

14   concerning UFC Events (e.g., whether particular UFC Fighters must be available to appear,

15   whether UFC Fighters of a particular rank must be available to appear, whether any particular UFC

16   Event or proportion or set of UFC Events must include a championship bout), and/or advice or

17   support You provide or provided to the UFC concerning its distribution of UFC Events.

18   **RESPONSE TO REQUEST NO. 7:**

19       In addition to the General Objections set forth above, Whitesell objects to this Request as

20   overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

21   that is not relevant to any party's claims or defenses, including because it calls for "All Documents

22   and Communications" over a ten year time period, extending beyond the time period relevant to

23   this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Whitesell

24   also objects that the phrases "role and activities," "any strategy," "criteria," and "advice or

25   support" as used in this Request are vague and ambiguous. Whitesell further objects to this Request

26   as vague, ambiguous, confusing, and incomplete because it uses the capitalized term "UFC Event,"

27   which is not otherwise defined. Whitesell further objects to this Request as seeking documents and

28   information relating to fighters who would not be members of the putative class and, thus, would

1  have no likelihood of leading to the discovery of relevant or admissible evidence. Whitesell further

2  objects to this Request to the extent it seeks documents that are not within Whitesell's possession,

3  custody, or control. Whitesell further objects to this Request as duplicative of Request No. 85 to

4  Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same

5  Request, and thus this Request improperly seeks to bypass party discovery.

6        Whitesell will not produce documents in response to this Request.

7  **REQUEST FOR PRODUCTION NO. 8:**

8        All Documents and Communications relating to Your role in producing UFC Events,

9  including materials relating to expenditures You made in connection with such Event production,

10  Your personnel's roles in UFC Event production, and any contracts or Agreements relating to Your

11  role in producing UFC Events, and any Documents or Communications reflecting Your control or

12  influence over the contents of UFC Events (e.g., which UFC Fighters will appear at the Event, the

13  number and/or timing of UFC Events, the number and/or order of UFC Fighters appearing on a

14  UFC Event card).

15  **RESPONSE TO REQUEST NO. 8:**

16        In addition to the General Objections set forth above, Whitesell objects to this Request as

17  overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

18  that is not relevant to any party's claims or defenses, including because it calls for "All Documents

19  and Communications" over a ten year time period, extending beyond the time period relevant to

20  this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Whitesell

21  also objects that the phrases "role in producing," "control or influence," and "contents" are vague

22  and ambiguous. Whitesell further objects to this Request as vague, ambiguous, confusing, and

23  incomplete because it uses the capitalized term "UFC Events," which is not otherwise defined.

24  Whitesell further objects to the extent this Request calls for documents protected from disclosure

25  by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Whitesell

26  further objects to this Request as seeking documents and information relating to fighters who

27  would not be members of the putative class and, thus, would have no likelihood of leading to the

28  discovery of relevant or admissible evidence. Whitesell further objects to this Request to the extent

14

1   it seeks documents that are not within Whitesell's possession, custody, or control. Whitesell further

2   objects to this Request as duplicative of Request No. 86 to Endeavor. Endeavor has been actively

3   meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly

4   seeks to bypass party discovery.

5        Whitesell will not produce documents in response to this Request.

6   **REQUEST FOR PRODUCTION NO. 9:**

7        Documents and Communications sufficient to identify all of Your costs and expenses

8   associated with producing UFC Events, including a final profit and loss calculation for each UFC

9   Event.

10  **RESPONSE TO REQUEST NO. 9:**

11       In addition to the General Objections set forth above, Whitesell objects to this Request as

12  overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

13  that is not relevant to any party's claims or defenses, including because it calls for "all" of TKO's

14  costs and expenses associated with producing UFC Events, over a ten year time period, extending

15  beyond the time period relevant to this Action, and it is not limited in scope to the claims or

16  defenses at issue in this Action. Whitesell objects that the phrase "associated with producing" is

17  vague and ambiguous. Whitesell further objects to this Request as vague, ambiguous, confusing,

18  and incomplete because it uses the capitalized term "UFC Events," which is not otherwise defined.

19  Whitesell further objects to this Request to the extent it seeks documents that are not within

20  Whitesell's possession, custody, or control. Whitesell further objects to this Request as duplicative

21  of Request No. 87 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs

22  over this same Request, and thus this Request improperly seeks to bypass party discovery.

23       Whitesell will not produce documents in response to this Request.

24  **REQUEST FOR PRODUCTION NO. 10:**

25       All Documents and Communications relating to Your role in operating UFC's Fight Pass

26  streaming platform, including, without limitation, Documents reflecting Endeavor's strategic

27  planning for UFC's Fight Pass platform, Endeavor's employees' roles in operating the UFC's

28  Fight Pass platform, Endeavor's strategy for marketing and selling access to the UFC's Fight Pass

15

platform, all Agreements with third-parties to market and/or sell access to the UFC's Fight Pass platform, and/or any analysis of the UFC's Fight Pass platform's financial and/or market performance.

**RESPONSE TO REQUEST NO. 10:**

In addition to the General Objections set forth above, Whitesell objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses, including because it calls for "All Documents and Communications" over a ten year time period, extending beyond the time period relevant to this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Whitesell objects that the phrases "strategic planning," "strategy for marketing and selling," "any analysis" and "financial and/or market performance" as used in this Request are vague and ambiguous. Whitesell further objects to the extent this Request calls for documents protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Whitesell further objects to this Request to the extent it seeks documents that are not within Whitesell's possession, custody, or control. Whitesell further objects to this Request as duplicative of Request No. 88 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Whitesell will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents and Communications relating to Your business strategy for the UFC, including but not limited to SWOT analyses, financial analyses, strategies, analyses of UFC Fighter compensation, counterprogramming of other MMA Promoters' Professional MMA Events, assessments of other MMA Promoters' Professional MMA Fighter rosters, and acquisition analyses and strategies.

**RESPONSE TO REQUEST NO. 11:**

In addition to the General Objections set forth above, Whitesell objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses, including because it calls for "All Documents

1    and Communications" over a ten year time period, extending beyond the time period relevant to

2    this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Whitesell

3    objects that the phrases "business strategy," "SWOT analyses, financial analyses, strategies,"

4    "assessments," and "acquisition analyses and strategies" as used in this Request are vague and

5    ambiguous. Whitesell further objects to this Request as seeking documents and information

6    relating to fighters who would not be members of the putative class and, thus, would have no

7    likelihood of leading to the discovery of relevant or admissible evidence. Whitesell further objects

8    to this Request to the extent it seeks documents that are not within Whitesell's possession, custody,

9    or control. Whitesell further objects to this Request as duplicative of Request No. 89 to Endeavor.

10   Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and

11   thus this Request improperly seeks to bypass party discovery.

12           Whitesell will not produce documents in response to this Request.

13   **REQUEST FOR PRODUCTION NO. 12:**

14           All Documents and Communications relating to any provisions in the UFC's Promotional

15   and Ancillary Rights Agreements with UFC Fighters limiting the UFC's ability to extend the term

16   of the Agreement (e.g., Paragraphs 4.3.2 and 4.4 in ZUFFA-J_00003638 and Paragraph 4.5 in

17   UFC-00086462), including without limitation, the strategic and business purposes of these

18   provisions and any changes thereto over time, evaluations of the effect of these provisions on the

19   UFC's ability (or inability) to retain UFC Fighters under contract, evaluations on the benefits to

20   Endeavor of such provisions, the criteria (and bases for employing such criteria) the UFC has used

21   to determine whether to include such a provision (or not include such a provision) in the

22   Promotional and Ancillary Rights Agreement of any particular UFC Fighter or group of UFC

23   Fighters, and any correspondence or exchanged drafts of UFC Promotional and Ancillary Rights

24   Agreements concerning the UFC Fighters' (or UFC Fighters' agents, managers, or other

25   representatives) desire to include such a provision or make changes to such a provision in a UFC

26   contract proposal.

27   **RESPONSE TO REQUEST NO. 12:**

28           In addition to the General Objections set forth above, Whitesell objects to this Request as

1    overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

2    that is not relevant to any party's claims or defenses, including because it calls for "All Documents

3    and Communications" over a ten year time period, extending beyond the time period relevant to

4    this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Whitesell

5    objects that the phrases "strategic and business purposes" and "evaluations" as used in this Request

6    are vague and ambiguous. Whitesell further objects to this Request as seeking documents and

7    information relating to fighters who would not be members of the putative class and, thus, would

8    have no likelihood of leading to the discovery of relevant or admissible evidence. Whitesell further

9    objects to the extent this Request calls for documents protected from disclosure by the attorney-

10   client privilege, work-product doctrine, or any other applicable privilege. Whitesell further objects

11   to this Request to the extent it seeks documents that are not within Whitesell's possession, custody,

12   or control. Whitesell further objects to this Request as duplicative of Request No. 90 to Endeavor.

13   Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and

14   thus this Request improperly seeks to bypass party discovery.

15       Whitesell will not produce documents in response to this Request.

16   **REQUEST FOR PRODUCTION NO. 13:**

17       All Documents and Communications relating to the UFC's business strategy for

18   Professional MMA Events and/or Professional MMA Bouts held at UFC Apex, including

19   Documents and Communications discussing the reasons for creating and/or establishing the UFC

20   Apex, how UFC determines which Professional MMA Events and/or Professional MMA Bouts

21   will be held at the Apex, and why any Professional MMA Events and/or Professional MMA Bouts

22   were held at the Apex.

23   **RESPONSE TO REQUEST NO. 13**

24       In addition to the General Objections set forth above, Whitesell objects to this Request as

25   overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

26   that is not relevant to any party's claims or defenses, including because it calls for "All Documents

27   and Communications" over a ten year time period, extending beyond the time period relevant to

28   this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Whitesell

1   further objects that the phrase "business strategy" as used in this Request is vague and ambiguous.

2   Whitesell further objects to the extent this Request is duplicative of Request No. 85 to Zuffa.

3   Whitesell further objects to this Request to the extent it seeks documents that are not within

4   Whitesell's possession, custody, or control. Whitesell further objects to this Request as duplicative

5   of Request No. 91 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs

6   over this same Request, and thus this Request improperly seeks to bypass party discovery.

7       Whitesell will not produce documents in response to this Request.

8   **REQUEST FOR PRODUCTION NO. 14:**

9       All monthly and annual financial documents containing information concerning the

10  business operations at the UFC Apex, including without limitation all audited financial statements,

11  balance sheets, income statements, profit and loss reports, margin analyses, equity valuations, asset

12  appraisals, financial models, budgets (proposed or otherwise), investor presentations, margin

13  analyses, pro form as, regulatory filings (including income tax returns), issuance of equity or debit,

14  loans, and money owed or receivable, and any other form of financial reporting.

15  **RESPONSE TO REQUEST NO. 14:**

16      In addition to the General Objections set forth above, Whitesell objects to this Request as

17  overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

18  that is not relevant to any party's claims or defenses, including because it calls for "All" monthly

19  and annual financial documents over a ten year time period, extending beyond the time period

20  relevant to this Action, and it is not limited in scope to the claims or defenses at issue in this Action.

21  Whitesell further objects that the phrases "financial documents," "business operations," and "any

22  other form of financial reporting" as used in this Request are vague and ambiguous. Whitesell

23  further objects to the extent this Request is duplicative of Request No. 86 to Zuffa. Whitesell

24  further objects to this Request to the extent it seeks documents that are not within Whitesell's

25  possession, custody, or control. Whitesell further objects to this Request as duplicative of Request

26  No. 92 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this

27  same Request, and thus this Request improperly seeks to bypass party discovery.

28      Whitesell will not produce documents in response to this Request.

NON-PARTY PATRICK WHITESELL'S RESPONSES
AND OBJECTIONS TO PLAINTIFFS' SUBPOENA
Case No. 21-cv-01189-RFB-BNW

1  **REQUEST FOR PRODUCTION NO. 15:**

2      All Documents and Communications relating to any changes in the form and/or structure

3  of revenues the UFC received for its broadcast rights, including, without limitation, Documents

4  and Communications relating to changes in structure of PPV revenues received by the UFC and

5  paid by ESPN following the UFC's 2019 broadcast rights deal with ESPN, including materials

6  analyzing such changes and any corresponding changes in business practices or operations the

7  UFC considered implementing based on such change in structure.

8  **RESPONSE TO REQUEST NO.15:**

9      In addition to the General Objections set forth above, Whitesell objects to this Request as

10  overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

11  that is not relevant to any party's claims or defenses, including because it requests "All Documents

12  and Communications" over a ten year time period, extending beyond the time period relevant to

13  this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Whitesell

14  further objects that the phrases "materials analyzing such changes," "corresponding changes," and

15  "considered implementing" as used in this Request are vague and ambiguous. Whitesell further

16  objects to the extent this Request calls for documents protected from disclosure by the attorney-

17  client privilege, work-product doctrine, or any other applicable privilege. Whitesell further objects

18  to the extent this Request is duplicative of Request No. 87 to Zuffa. Whitesell further objects to

19  this Request to the extent it seeks documents that are not within Whitesell's possession, custody,

20  or control. Whitesell further objects to this Request as duplicative of Request No. 93 to Endeavor.

21  Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and

22  thus this Request improperly seeks to bypass party discovery.

23      Whitesell will not produce documents in response to this Request.

24  **REQUEST FOR PRODUCTION NO. 16:**

25      All Documents and Communications relating to Your "flywheel"1 as it pertains to the

26  UFC, including without limitation, materials reflecting how "the integration of [Your] broad range

27  of capabilities, along with [Your] owned and managed premium sports and entertainment

28  properties [including the UFC], drives network effects across the Endeavor flywheel," how such

network effects "across the Endeavor flywheel" "connect and utilize multiple divisions of Endeavor [including the UFC] maximize the power of [Your] platform [and] creat[e] value for [Your] business, clients and employees," and the ways in which You have "realized top line and cost synergies as [You] have integrated more than 30 acquisitions including IMG, UFC, PBR, 160over90, and On Location." Form 10-K for the fiscal year ended December 31, 2022, of Endeavor Group Holdings, Inc.

**RESPONSE TO REQUEST NO. 16:**

In addition to the General Objections set forth above, Whitesell objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses, including because it calls for "All Documents and Communications" over a ten year time period, extending beyond the time period relevant to this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Whitesell further objects that the phrases "flywheel" and "materials reflecting" as used in this Request are vague and ambiguous. Whitesell further objects to this Request to the extent that it seeks public information—including information in Plaintiffs' control—that is readily accessible by Plaintiffs and which should be collected by Plaintiffs under the reasonableness and proportionality standards set forth in the Federal Rules of Civil Procedure. Whitesell further objects to the extent this Request calls for documents protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Whitesell further objects to this Request to the extent it seeks documents that are not within Whitesell's possession, custody, or control. Whitesell further objects to this Request as duplicative of Request No. 94 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Whitesell will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents and Communications produced by You to any government or government agency in response to any investigative demand or other request from the U.S. Department of Justice, the U.S. Federal Trade Commission, any state regulatory agency, or any foreign regulatory

1   agency related to: (a) Your policies, practices, guidelines, and training directed to compliance with

2   U.S. governmental regulatory agencies, or any foreign regulatory agency, including all Documents

3   concerning the creation of such policies, and any statements signed by Your employees or agents

4   acknowledging their receipt of or compliance with Your compliance policies; (b) the acquisition

5   of Zuffa or any parent of or successor to Zuffa by Endeavor Group Holdings, Inc.; or (c) the merger

6   of Zuffa or any parent of or successor to Zuffa with World Wrestling Entertainment, Inc. (a/k/a

7   WWE) or any parent of or successor to World Wrestling Entertainment, Inc. Explicitly included

8   within the scope of this Interrogatory is any correspondence or documents exchanged between

9   You and the U.S. Department of Justice, including documents reflecting or constituting any

10  Communications with former Assistant Attorney General for the Department of Justice Antitrust

11  Division Makan Delrahim, relating to Le, et al. v. Zuffa, LLC, 2:21-cv- 1189-RFBBNW (D. Nev.).

12  **RESPONSE TO REQUEST NO. 17:**

13      In addition to the General Objections set forth above, Whitesell objects to this Request as

14  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

15  calculated to lead to the discovery of relevant or admissible evidence, including because it seeks

16  information not relevant to any claim or defense at issue in this Action by requesting documents

17  produced to "any government or government agency in response to any investigative demand or

18  other request" related to a wide range of topics that have no relevance to the claims or defenses at

19  issue in this Action, including because they relate to transactions that are not challenged or at issue

20  in this Action. Whitesell also objects that the phrase "directed to compliance with" is vague,

21  ambiguous, and unintelligible as written. Whitesell further objects to this Request to the extent it

22  refers to an "Interrogatory" and will interpret this Request to refer to a "Request." Whitesell further

23  objects to this Request to the extent it calls for communications with former Assistant Attorney

24  General for the Department of Justice Antitrust Division Makan Delrahim after he joined the law

25  firm of Latham & Watkins LLP. Such communications are protected from disclosure by the

26  attorney-client privilege, work-product doctrine, or any other applicable privilege. Whitesell

27  further objects to this Request to the extent it seeks documents that are not within Whitesell's

28  possession, custody, or control. Whitesell further objects to this Request as duplicative of Request

1  No. 1 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this

2  same Request, and thus this Request improperly seeks to bypass party discovery.

3        Whitesell will not produce documents in response to this Request.

4  **REQUEST FOR PRODUCTION NO. 18:**

5        All Documents and Communications produced by You to the U.S. government pursuant to

6  the Hart-Scott-Rodino Antitrust Improvements Act of 1976, Pub. L. No. 94-435, and any second

7  requests, related to the acquisition of Zuffa or any parent of or successor to Zuffa by Endeavor

8  Group Holdings, Inc., or to the merger of Zuffa or any parent of or successor to Zuffa with World

9  Wrestling Entertainment, Inc. (a/k/a WWE) or any parent of or successor to World Wrestling

10 Entertainment, Inc., or the formation of TKO Group Holdings, Inc.

11 **RESPONSE TO REQUEST NO. 18:**

12       In addition to the General Objections set forth above, Whitesell objects to this Request as

13 overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

14 calculated to lead to the discovery of relevant or admissible evidence, including because it seeks

15 "All Documents and Communications" produced for an ten year time period, extending beyond

16 the time period relevant to this case, and which relate to transactions not challenged or at issue in

17 this Action and which are otherwise not relevant to any claim or defense in this Action. Whitesell

18 further objects to this Request to the extent it seeks documents that are not within Whitesell's

19 possession, custody, or control. Whitesell further objects to this Request as duplicative of Request

20 No. 2 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this

21 same Request, and thus this Request improperly seeks to bypass party discovery.

22       Whitesell will not produce documents in response to this Request.

23 **REQUEST FOR PRODUCTION NO. 19:**

24       All Documents and Communications relating to any Agreements between (a) Zuffa and

25 any Professional MMA Fighter, and (b) any other MMA Promoter and any Professional MMA

26 Fighter, including all Agreements concerning competition in Professional MMA Bouts (and any

27 amendments thereto), including Promotional and Ancillary Rights Agreements, Bout Agreements,

28 "side letter" and/or letter Agreements, Merchandise Rights Agreements, sponsorship Agreements,

1   and all Documents and Communications relating to negotiations with any Professional MMA

2   Fighter or any Person purporting to represent a Professional MMA Fighter, including all draft

3   Agreements.

4   **RESPONSE TO REQUEST NO. 19:**

5        In addition to the General Objections set forth above, Whitesell objects to this Request as

6   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

7   calculated to lead to the discovery of relevant or admissible evidence, including because it calls

8   for "All Documents and Communications" over a ten year time period, extending beyond the time

9   period relevant to this case, and relating to, among other things, agreements between "any other

10  MMA Promoter and any Professional MMA Fighter." Whitesell also objects that the phrase

11  "relating to negotiations" and "purporting to represent" are vague and ambiguous. Whitesell

12  further objects to the extent this Request calls for documents protected from disclosure by the

13  attorney-client privilege, work-product doctrine, or any other applicable privilege. Whitesell

14  further objects to this Request as seeking documents and information relating to fighters who

15  would not be members of the putative class and, thus, would have no likelihood of leading to the

16  discovery of relevant or admissible evidence. Whitesell further objects to this Request to the extent

17  it seeks documents that are not within Whitesell's possession, custody, or control. Whitesell further

18  objects to this Request to the extent that it is duplicative of Request No. 4 to Zuffa, including to

19  the extent it calls for agreements between Zuffa and any Professional MMA Fighter or any other

20  MMA Promoter and any Professional MMA Fighter. Whitesell further objects to this Request as

21  duplicative of Request No. 3 to Endeavor. Endeavor has been actively meeting and conferring with

22  Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

23  discovery.

24       Whitesell will not produce documents in response to this Request.

25  **REQUEST FOR PRODUCTION NO. 20:**

26       Each Agreement between you and a Professional MMA Fighter entered into or in effect

27  during the Relevant Time Period.

28

**RESPONSE TO REQUEST NO. 20:**

In addition to the General Objections set forth above, Whitesell objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it requests "Each Agreement" over at least a ten year time period, extending beyond the time period relevant to this case. Whitesell further objects to this Request as vague, ambiguous, confusing, and incomplete because it does not define "you." Whitesell also objects to this Request as seeking documents and information relating to fighters who would not be members of the putative class and, thus, would have no likelihood of leading to the discovery of relevant or admissible evidence. Whitesell further objects to this Request to the extent it seeks documents that are not within Whitesell's possession, custody, or control. Whitesell further objects to this Request as duplicative of Request No. 4 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Whitesell will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 21:**

All Documents and Communications evidencing the negotiation of any Agreement responsive to the preceding Request.

**RESPONSE TO REQUEST NO. 21:**

In addition to the General Objections set forth above, Whitesell objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it calls for "All Documents and Communications" over at least a ten year time period, extending beyond the time period relevant to this Action. Whitesell also objects to the extent this Request calls for documents protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Whitesell further objects that the phrase "evidencing the negotiation of" is vague and ambiguous. Whitesell further objects to this Request as seeking documents and information relating to fighters who would not be members of the putative class and, thus, would have no likelihood of leading to the discovery of relevant or admissible evidence. Whitesell further

objects to this Request to the extent it seeks documents that are not within Whitesell's possession, custody, or control. Whitesell further objects to this Request as duplicative of Request No. 5 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Whitesell will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 22**

All Documents and Communications consisting of or relating to Your discussion, analysis, interpretation or characterization of any Agreement, and the negotiation thereof, responsive to Request No. 21.

**RESPONSE TO REQUEST NO. 22:**

In addition to the General Objections set forth above, Whitesell objects to this Request as vague, ambiguous, and unintelligible as written to the extent it refers to "Request No. 21." Endeavor will interpret this Request as though it refers to "Request No. 20" instead. Whitesell objects that this Request is overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it calls for "All Documents and Communications" over a ten year period, extending beyond the time period relevant to this Action. Whitesell also objects to the extent this Request calls for documents protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege. Whitesell further objects that the phrase "discussion, analysis, interpretation or characterization" is vague and ambiguous. Whitesell further objects to this Request as seeking documents and information relating to fighters who would not be members of the putative class and, thus, would have no likelihood of leading to the discovery of relevant or admissible evidence. Whitesell further objects to this Request to the extent it seeks documents that are not within Whitesell's possession, custody, or control. Whitesell further objects to this Request as Whitesell and his employer, Endeavor, are not alleged to have had any agreements with any professional MMA fighters that are relevant to this Action. Whitesell further objects to this Request as duplicative of Request No. 6 to Endeavor. Endeavor has been actively

1  meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly

2  seeks to bypass party discovery.

3       Whitesell will not produce documents in response to this Request.

4  **REQUEST FOR PRODUCTION NO. 23:**

5       All arbitration clauses or class action waivers between You and any Professional MMA

6  Fighters, whether set forth in an Agreement or otherwise, and all Documents and Communications

7  relating to any such arbitration clause or class action waiver, including without limitation analyses,

8  draft proposed clauses, analyses of such clauses, white papers, reports, slide presentations, or

9  discussions regarding the reasons for, or potential benefits to Zuffa or Endeavor or anyone else of,

10  including arbitration clauses and/or class action waivers in Your Agreements with Professional

11  MMA Fighters.

12  **RESPONSE TO REQUEST NO. 23:**

13       In addition to the General Objections set forth above, Whitesell objects that this Request is

14  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

15  calculated to lead to the discovery of relevant or admissible evidence, including because it asks for

16  "All arbitration clauses or class action waivers" and "all Documents and Communications"

17  relating to such clauses over a ten year time period, extending beyond the time period relevant to

18  this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Whitesell

19  also objects that the phrases "analyses," "discussions regarding the reasons for," and "potential

20  benefits" are vague and ambiguous. Whitesell further objects to the extent this Request calls for

21  documents protected from disclosure by the attorney-client privilege, work product doctrine, or

22  any other applicable privilege. Whitesell further objects to this Request as seeking documents and

23  information relating to fighters who would not be members of the putative class and, thus, would

24  have no likelihood of leading to the discovery of relevant or admissible evidence. Whitesell further

25  objects to this Request to the extent it seeks documents that are not within Whitesell's possession,

26  custody, or control. Whitesell further objects to this Request as duplicative of Request No. 7 to

27

28

1    Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same

2    Request, and thus this Request improperly seeks to bypass party discovery.

3        Whitesell will not produce documents in response to this Request.

4    **REQUEST FOR PRODUCTION NO. 24:**

5        All Documents and Communications evidencing the negotiation of any Agreement

6    responsive to the preceding Request.

7    **RESPONSE TO REQUEST NO. 24:**

8        In addition to the General Objections set forth above, Whitesell objects that this Request

9    duplicative of the Request No. 23's request for "all Documents and Communications" concerning

10   the same topic, and as is overbroad, unduly burdensome, not proportional to the needs of the case,

11   and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including

12   because it asks for "All Documents and Communications" regarding Agreements from the prior

13   Request over a ten year time period, extending beyond the time period relevant to this case, and it

14   is not limited in scope to the claims or defenses at issue in this Action. Whitesell also objects that

15   the phrase "evidencing the negotiation" is vague and ambiguous. Whitesell further objects to this

16   Request as seeking documents and information relating to fighters who would not be members of

17   the putative class and, thus, would have no likelihood of leading to the discovery of relevant or

18   admissible evidence. Whitesell further objects to this Request to the extent it seeks documents that

19   are not within Whitesell's possession, custody, or control. Whitesell further objects to this Request

20   as Whitesell and his employer, Endeavor, are not alleged to have been involved in negotiating

21   agreements with any professional MMA fighters that are relevant to this Action. Whitesell further

22   objects to this Request as duplicative of Request No. 8 to Endeavor. Endeavor has been actively

23   meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly

24   seeks to bypass party discovery.

25       Whitesell will not produce documents in response to this Request.

26

27

28

1    **REQUEST FOR PRODUCTION NO. 25:**

2          All Documents and Communications consisting of or relating to Your discussion, analysis,

3    interpretation or characterization of any arbitration clause or class action waiver, and/or the

4    negotiation thereof.

5    **RESPONSE TO REQUEST NO. 25:**

6          In addition to the General Objections set forth above, Whitesell objects to this Request as

7    overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

8    calculated to the discovery of relevant or admissible evidence, including because it calls for "All

9    Documents and Communications" over an ten year time period, extending beyond the time period

10   relevant to this Action. Whitesell also objects that the terms "discussion, analysis, interpretation

11   or characterization" are vague and ambiguous. Whitesell further objects to the extent that this

12   Request is duplicative of Request Nos. 23 and 24. Whitesell further objects to the extent this

13   Request calls for documents protected from disclosure by the attorney-client privilege, work-

14   product doctrine, or any other applicable privilege. Whitesell further objects to this Request to the

15   extent it seeks documents that are not within Whitesell's possession, custody, or control. Whitesell

16   and his employer, Endeavor, are not alleged to have had any agreements, or been involved in

17   negotiating agreements, with any professional MMA fighters that are relevant to this Action.

18   Whitesell further objects to this Request as duplicative of Request No. 9 to Endeavor. Endeavor

19   has been actively meeting and conferring with Plaintiffs over this same Request, and thus this

20   Request improperly seeks to bypass party discovery.

21         Whitesell will not produce documents in response to this Request.

22   **REQUEST FOR PRODUCTION NO. 26:**

23         All Documents and Communications relating to market research about the MMA Industry,

24   including but not limited to, analysis or research regarding relative market share of MMA

25   Promoters, barriers to expansion for MMA Promoters, barriers to entry for would-be MMA

26   Promoters, and growth projections for the MMA Industry and/or MMA Promoters individually or

27   in any groupings.

28

NON-PARTY PATRICK WHITESELL'S RESPONSES
AND OBJECTIONS TO PLAINTIFFS' SUBPOENA
Case No. 21-cv-01189-RFB-BNW

**RESPONSE TO REQUEST NO. 26:**

In addition to the General Objections set forth above, Whitesell objects to this Request as overbroad and unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to the discovery of relevant or admissible evidence, including because it calls for "All Documents and Communications" over a ten year period, extending beyond the time period relevant to this Action. Whitesell also objects that the phrases "market research," "analysis or research," and "growth projections" are vague and ambiguous. Whitesell further objects to the extent this Request calls for documents protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Whitesell further objects to this Request to the extent it seeks documents that are not within Whitesell's possession, custody, or control. Whitesell further objects to this Request as duplicative of Request No. 10 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Whitesell will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 27:**

All Documents and Communications relating to non-Zuffa/non-UFC MMA Promoters (considered individually or as a group), including but not limited to SWOT analyses, financial, analyses, strategies, counterprogramming of other MMA Promoters' Professional MMA Events, analyses and/or commentary or assessments of their Professional MMA Fighter rosters, and acquisition analyses and strategies.

**RESPONSE TO REQUEST NO. 27:**

In addition to the General Objections set forth above, Whitesell objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it calls for "All Documents and Communications relating to non -Zuffa/non-UFC MMA Promoters" over a ten year time period, extending beyond the time period relevant to this Action, and does not limit the scope of the request to the claims or defenses at issue in this Action. Whitesell also objects that the phrase "counterprogramming" is vague and ambiguous. Whitesell further objects that the

1  phrase "SWOT analyses" is vague, ambiguous, and undefined. Whitesell further objects to the

2  extent this Request calls for documents protected from disclosure by the attorney-client privilege,

3  work-product doctrine, or any other applicable privilege. Whitesell further objects to this Request

4  to the extent it seeks documents that are not within Whitesell's possession, custody, or control.

5  Whitesell further objects to this Request as duplicative of Request No. 11 to Endeavor. Endeavor

6  has been actively meeting and conferring with Plaintiffs over this same Request, and thus this

7  Request improperly seeks to bypass party discovery.

8       Whitesell will not produce documents in response to this Request.

9  **REQUEST FOR PRODUCTION NO. 28:**

10      All Documents and Communications relating to any Agreement that UFC had with another

11  MMA Promoter, including but not limited to Agreements to license content, Agreements to buy

12  or sell athlete contracts, and Agreements to release Professional MMA Fighters from their

13  contracts if UFC offers the Professional MMA Fighter a contract.

14  **RESPONSE TO REQUEST NO. 28:**

15      In addition to the General Objections set forth above, Whitesell objects that this Request is

16  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

17  calculated to lead to the discovery of relevant or admissible evidence, including because it asks for

18  "All Documents and Communications" relating to any agreement with another MMA Promoter,

19  regardless of the nature of the agreement, over a ten year time period, extending beyond the time

20  period relevant to this Action, and it does not limit the scope of the Request to the claims or

21  defenses at issue in this Action. Whitesell further objects to this Request to the extent that it is

22  duplicative of Request No. 13 to Zuffa, including to the extent it seeks agreements between the

23  UFC and any other MMA Promoter. Whitesell further objects to this Request to the extent it seeks

24  documents that are not within Whitesell's possession, custody, or control. Whitesell further objects

25  to this Request as duplicative of Request No. 12 to Endeavor. Endeavor has been actively meeting

26  and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to

27  bypass party discovery.

28      Whitesell will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 29:**

All Documents and Communications relating to the potential sale of Zuffa or any portion thereof(or interest therein), including any Communications with or Documents created by You or any third party, including without limitation any prospectuses, proposals, confidential information memoranda, credit assessments, due diligence requests, Documents or Communications created, collected, placed in data rooms, or produced in response to due diligence requests, offers, negotiations, memoranda of understanding, and all other Documents or Communications relating in any way to the potential sale, acquisition, merger or transfer of Zuffa or any portion thereof or interest therein.

**RESPONSE TO REQUEST NO. 29:**

In addition to the General Objections set forth above, Whitesell objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it requests "All Documents and Communications" relating to any potential sale of Zuffa or any portion thereof over a ten year time period, extending beyond the time period relevant to this Action, and it is not limited in scope to documents relating to the claims and defenses at issue in this Action. Whitesell also objects to the extent this Request calls for documents protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Whitesell further objects to this Request to the extent it seeks documents that are not within Whitesell's possession, custody, or control. Whitesell further objects to this Request as duplicative of Request No. 13 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Whitesell will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 30:**

All Documents and Communications (exclusive of Documents and Communications produced in response to Request No. 29) relating to the purchase by You of a majority stake in Zuffa on or around August 18, 2016, including Communications with or Documents created by Zuffa, LLC or any third party, and including without limitation any executed Agreements, draft

1   Agreements, memoranda of understanding, offers, prospectuses, proposals, confidential

2   information memoranda, credit assessments, supporting schedules, all Documents and

3   Communications relating to negotiations, due diligence requests, including Documents or

4   Communications created, collected, placed in data rooms, or produced in response to due diligence

5   requests, all regulatory filings, registration documents, and any other Documents or

6   Communications sent to or received by You relating to any U.S., state, or local agency, and all

7   other Documents and Communications relating in any way to Your purchase of a majority stake

8   in Zuffa on or around August 18, 2016.

9   **RESPONSE TO REQUEST NO. 30**

10          In addition to the General Objections set forth above, Whitesell objects to this Request as

11   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

12   calculated to lead to the discovery of relevant or admissible evidence, including because it requests

13   "All Documents and Communications" relating Endeavor's purchase of Zuffa and does not limit

14   the scope of the Request to documents relating to the claims and defenses at issue in this Action

15   (which does not concern the sale of Zuffa or any portion thereof). Whitesell also objects to the

16   extent this Request calls for documents protected from disclosure by the attorney-client privilege,

17   work-product doctrine, or any other applicable privilege. Whitesell further objects to this Request

18   to the extent it seeks documents that are not within Whitesell's possession, custody, or control.

19   Whitesell further objects to this Request as duplicative of Request No. 14 to Endeavor. Endeavor

20   has been actively meeting and conferring with Plaintiffs over this same Request, and thus this

21   Request improperly seeks to bypass party discovery.

22          Whitesell will not produce documents in response to this Request.

23   **REQUEST FOR PRODUCTION NO. 31**

24          Documents and Communications sufficient to show all Persons that were part of the "buyer

25   group" as that term is used on page F-12 of the Form S-1 Securities Registration Statement filed

26   on September 15, 2023, by TKO Group Holdings, Inc., which states in relevant part, "On

27   August 18, 2016, a buyer group that included Endeavor Operating Company, LLC ("EOC"),

28   affiliates of Silver Lake Partners ("SLP"), affiliates of Kohlberg Kravis Roberts & Co. ("KKR")

and certain other investors (including certain existing owners as rollover investors) (the "buyer group") acquired 100% of the equity interests of Zuffa [defined as "Zuffa Parent, LLC and its subsidiaries"]...," including Documents and Communications sufficient to show the name, title, business affiliation, business address, and relative ownership share acquired by each such Person. For clarity, the requested Documents and Communications should Identify and provide the requested information for each individual "affiliate" of SLP and KKR, and each individual "other investor" or "rollover investor" that is part of the "buyer group."

**RESPONSE TO REQUEST NO. 31:**

In addition to the General Objections set forth above, Whitesell objects that this Request is overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it requests information that has no relevance to the claims or defenses at issue in this Action. Whitesell further objects that the phrases "business affiliation" and "relative ownership share" are vague and ambiguous. Whitesell further objects to this Request to the extent it seeks documents that are not within Whitesell's possession, custody, or control. Whitesell further objects to this Request as duplicative of Request No. 15 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Whitesell will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 32:**

All Documents and Communications relating to the purchase of the remaining portion of Zuffa by Endeavor in or around 2021, including any Communications with or Documents created by any third party, and including without limitation any executed Agreements, draft Agreements, memoranda of understanding, offers, prospectuses, proposals, confidential information memoranda, credit assessments, supporting schedules, all Documents and Communications relating to negotiations, due diligence requests, Documents and Communications created, collected, placed in data rooms, or produced in response to due diligence requests, all regulatory filings, registration documents, and any other Documents or Communications sent to or received

1   by You relating to any U.S., state, or local agency, and all other Documents and Communications

2   relating in any way to Your acquisition of the remaining portion of Zuffa in or around 2021.

3   **RESPONSE TO REQUEST NO. 32:**

4         In addition to the General Objections set forth above, Whitesell objects to this Request as

5   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

6   calculated to lead to the discovery of relevant or admissible evidence, including because it requests

7   "All Documents and Communications" relating to Endeavor's purchase of the remaining portion

8   of Zuffa in 2021 and does not limit the scope of the Request to documents relating to the claims

9   and defenses at issue in this Action (which does not concern the purchase of Zuffa or any portion

10   thereof). Whitesell also objects to the extent this Request calls for documents protected from

11   disclosure by the attorney-client privilege, work-product doctrine, or any other applicable

12   privilege. Whitesell further objects to this Request to the extent it seeks documents that are not

13   within Whitesell's possession, custody, or control. Whitesell further objects to this Request as

14   duplicative of Request No. 16 to Endeavor. Endeavor has been actively meeting and conferring

15   with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

16   discovery.

17         Whitesell will not produce documents in response to this Request.

18   **REQUEST FOR PRODUCTION NO. 33:**

19         All Documents and Communications relating to the acquisition, sale, merger, or transfer

20   of World Wrestling Entertainment, Inc. by You in 2023, including any Communications with or

21   Documents created by any third party, and including without limitation any executed Agreements,

22   draft Agreements, memoranda of understanding, offers, prospectuses, proposals, confidential

23   information memoranda, credit assessments, all Documents and Communications relating to

24   negotiations, due diligence requests, Documents and Communications created, collected, placed

25   in data rooms, or produced in response to due diligence requests, all regulatory filings, registration

26   documents, and any other Documents or Communications sent to or received by You relating to

27   any U.S., state, or local agency, and all other Documents and Communications relating in any way

28   to the acquisition and merger of World Wrestling Entertainment, Inc. by You in 2023.

**RESPONSE TO REQUEST NO. 33:**

In addition to the General Objections set forth above, Whitesell objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it requests "All Documents and Communications" relating to an acquisition, sale, merger, or transfer of World Wrestling Entertainment, Inc., in 2023, which is not challenged or at issue in this Action, and therefore does not limit the scope of the Request to documents relating to the claims and defenses at issue in this Action. Whitesell also objects to the extent this Request calls for documents protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Whitesell further objects to this Request to the extent it seeks documents that are not within Whitesell's possession, custody, or control. Whitesell further objects to this Request as duplicative of Request No. 17 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Whitesell will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 34:**

All Agreements, supporting schedules, and financial information and/or analyses prepared in connection with the formation of TKO in 2023.

**RESPONSE TO REQUEST NO. 34:**

In addition to the General Objections set forth above, Whitesell objects that this Request is overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it requests "All Agreements, supporting schedules, and financial information and/or analyses" regarding the formation of TKO, which has no relevance to the claims or defenses at issue in this Action. Whitesell also objects that the phrases "financial information and/or analyses" are vague and ambiguous. Whitesell further objects to this Request to the extent that it seeks public information— including information in Plaintiffs' control—that is readily accessible by Plaintiffs and which should be collected by Plaintiffs under the reasonableness and proportionality standards set forth

in the Federal Rules of Civil Procedure. Whitesell further objects to this Request to the extent it seeks documents that are not within Whitesell's possession, custody, or control. Whitesell further objects to this Request as duplicative of Request No. 18 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Whitesell will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 35:**

All Documents and Communications relating to any efforts by You or made on Your behalf to raise capital, including but not limited to loans or issuance of debt or equity, and including without limitation any Agreements, draft Agreements, negotiations, investor presentations, prospectuses, confidential information memoranda, credit assessments, due diligence requests, Documents and Communications created, collected, placed in data rooms, or produced in response to due diligence requests, and all other documents and communications related in any way to efforts to raise capital, regardless of whether any loan was actually obtained or any debt or equity was actually issued.

**RESPONSE TO REQUEST NO. 35:**

In addition to the General Objections set forth above, Whitesell objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it calls for "All Documents and Communications" relating to efforts to raise capital over a ten year, extending beyond the time period relevant to this Action, and it is not limited in scope to documents relating to the claims and defenses at issue in this Action. Whitesell also objects that the phrase "efforts by You or made on Your behalf to raise capital" is vague and ambiguous. Whitesell further objects to this Request to the extent it seeks documents that are not within Whitesell's possession, custody, or control. Whitesell further objects to this Request as duplicative of Request No. 19 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Whitesell will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 36:**

All Documents and Communications relating to arbitration clauses or class action waivers in Agreements with Professional MMA Fighters, including without limitation analyses, draft proposed clauses, analyses of such clauses, white papers, reports, slide presentations, or discussions regarding the reasons for, or potential benefits to Zuffa or Endeavor or anyone else of, including arbitration clauses and/or class action waivers in Your Agreements with Professional MMA Fighters.

**RESPONSE TO REQUEST NO. 36:**

In addition to the General Objections set forth above, Whitesell objects that this Request is overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it asks for "All Documents and Communications" relating to arbitration clauses or class action waivers over a ten year, extending beyond the time period relevant to this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Whitesell also objects that the phrases "analyses," "discussions regarding the reasons for," and "potential benefits" are vague and ambiguous. Whitesell further objects to the extent this Request calls for documents protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Whitesell further objects to this Request as seeking documents and information relating to fighters who would not be members of the putative class and, thus, would have no likelihood of leading to the discovery of relevant or admissible evidence. Whitesell further objects to the extent that this Request is duplicative of Request Nos. 23 through 25. Whitesell further objects to this Request to the extent it seeks documents that are not within Whitesell's possession, custody, or control. Whitesell and his employer, Endeavor, are not alleged to have had any agreements with any professional MMA fighters that are relevant to this Action. Whitesell further objects to this Request as duplicative of Request No. 20 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Whitesell will not produce documents in response to this Request.

1    **REQUEST FOR PRODUCTION NO. 37:**

2         Documents and Communications sufficient to Identify each of Your employees or agents

3    or anyone purporting to act on Your behalf involved in approving or negotiating the terms of any

4    Agreement, or proposed Agreement, for all or part of Zuffa to be acquired by Endeavor or by

5    anyone else.

6    **RESPONSE TO REQUEST NO. 37:**

7         In addition to the General Objections set forth above, Whitesell objects to this Request as

8    overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

9    calculated to lead to the discovery of relevant or admissible evidence, including because it calls

10   for information as to each employee or agent over a ten year time period, extending beyond the

11   time period relevant to this Action, and it is not limited to information related to individuals who

12   may have some role related to the claims or defenses in this Action. Whitesell also objects that this

13   Request's use of the phrases "anyone purporting to act on Your behalf" and "anyone else" is vague,

14   ambiguous, overbroad, and impractical. Whitesell further objects to this Request to the extent it

15   purports to require Whitesell to do anything beyond conducting a reasonable produce non-

16   objectionable, non-privileged, responsive documents and data. Whitesell further objects to this

17   Request to the extent it seeks documents that are not within Whitesell's possession, custody, or

18   control. Whitesell further objects to this Request as duplicative of Request No. 21 to Endeavor.

19   Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and

20   thus this Request improperly seeks to bypass party discovery.

21        Whitesell will not produce documents in response to this Request.

22   **REQUEST FOR PRODUCTION NO. 38:**

23        Documents and data (including structured or unstructured data) sufficient to show Your

24   financial data, including at a minimum Your costs, revenue, income, EBITDA, assets, debits,

25   borrowing costs, and profits, by month and by year, at the most granular level such documents and

26   data are maintained.

27   **RESPONSE TO REQUEST NO. 38:**

28        In addition to the General Objections set forth above, Whitesell objects that this Request is

1   overbroad and unduly burdensome, not proportional to the needs of the case, and not reasonably

2   calculated to lead to the discovery of relevant or admissible evidence, including because it requests

3   financial data over a ten year time period, extending beyond the time period relevant to this Action,

4   and it is not limited in scope to documents relating to the claims and defenses at issue in this

5   Action, including not being limited to operations relating to MMA or the geographic scope at issue

6   in this Action. Whitesell further objects to this Request to the extent that it seeks public

7   information—including information in Plaintiffs' control—that is readily accessible by Plaintiffs

8   and which should be collected by Plaintiffs under the reasonableness and proportionality standards

9   set forth in the Federal Rules of Civil Procedure. Whitesell further objects that the phrase "at the

10  most granular level" and "unstructured data" are vague and ambiguous. Whitesell further objects

11  to this Request to the extent it seeks documents that are not within Whitesell's possession, custody,

12  or control. Whitesell further objects to this Request as duplicative of Request No. 22 to Endeavor.

13  Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and

14  thus this Request improperly seeks to bypass party discovery.

15          Whitesell will not produce documents in response to this Request.

16  **REQUEST FOR PRODUCTION NO. 39:**

17          All monthly and annual financial documents created or maintained by You or on Your

18  behalf, including without limitation all audited financial statements, all internally prepared and

19  consolidating financial statements for Endeavor, including financial statements for the UFC

20  portion of the Owned Sports Properties segment (including without limitation balance sheet,

21  income statement, and statement of cash flows), balance sheets, income statements, profit and loss

22  reports, margin analyses, equity valuations, asset appraisals, financial models, budgets (proposed

23  or otherwise), investor presentations, margin analyses, pro formas, regulatory filings (including

24  income tax returns), issuance of equity or debit, loans, and money owed or receivable, and any

25  other form of financial reporting.

26  **RESPONSE TO REQUEST NO. 39:**

27          In addition to the General Objections set forth above, Whitesell objects to this Request as

28  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

1  calculated to lead to the discovery of relevant or admissible evidence, including because it calls

2  for all documents over a ten year period, extending beyond the time period relevant to this Action,

3  and it is not limited in scope to documents relating to the claims and defenses at issue in this

4  Action, including not being limited to operations relating to MMA or the geographic scope at issue

5  in this Action. Whitesell also objects that the terms "financial models" or "similar financial

6  Documents" are vague and ambiguous. Whitesell further objects to this Request as vague,

7  ambiguous, confusing, and incomplete because it uses the capitalized term "Owned Sports

8  Properties," which is not defined. Whitesell further objects to this Request to the extent that it

9  seeks public information—including information in Plaintiffs' control—that is readily accessible

10  by Plaintiffs and which should be collected by Plaintiffs under the reasonableness and

11  proportionality standards set forth in the Federal Rules of Civil Procedure. Whitesell will not

12  produce equity valuations, asset appraisals, regulatory filings, income tax returns, debt or equity

13  issuance materials, or loans, to the extent any such materials exist, as they are irrelevant and not

14  proportional to the claims and defenses at issue in this Action, overbroad, unduly burdensome,

15  highly confidential, and unlikely to contain relevant information that could not be obtained in more

16  reasonable way. Whitesell further objects to this Request to the extent it seeks documents that are

17  not within Whitesell's possession, custody, or control. Whitesell further objects to this Request as

18  duplicative of Request No. 23 to Endeavor. Endeavor has been actively meeting and conferring

19  with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

20  discovery.

21        Whitesell will not produce documents in response to this Request.

22  **REQUEST FOR PRODUCTION NO. 40:**

23        For each year of the Relevant Time Period, Documents sufficient to show beneficial

24  ownership in Zuffa, TKO Group Holdings, Inc. and Endeavor, and any parent of or successor to

25  Zuffa, TKO Group Holdings, Inc. and Endeavor, including any changes thereto. This Request

26  includes Documents sufficient to show the percentage of any stock or other interests owned by

27  each Person holding a beneficial ownership interest and the consideration paid for such interest.

28

1   **RESPONSE TO REQUEST NO. 40:**

2        In addition to the General Objections set forth above, Whitesell objects to this Request as

3   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

4   calculated to lead to the discovery of relevant or admissible evidence, including because it calls

5   for documents over a ten year time period, extending beyond the time period relevant to this

6   Action, and it is not limited in scope to documents relating to the claims and defenses at issue in

7   this Action. Whitesell also objects that the phrases "beneficial ownership," "other interests," and

8   "consideration" are vague and ambiguous. Whitesell further objects to this Request to the extent

9   it requires or purports to require disclosure of any information other than the beneficial ownership

10  of Endeavor. Whitesell further objects to this Request to the extent it seeks documents that are not

11  within Whitesell's possession, custody, or control. Whitesell further objects to this Request as

12  duplicative of Request No. 24 to Endeavor. Endeavor has been actively meeting and conferring

13  with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

14  discovery.

15       Whitesell will not produce documents in response to this Request.

16  **REQUEST FOR PRODUCTION NO. 41:**

17       Documents and data sufficient to show all compensation including salary, bonuses,

18  expense reimbursements, aviation expenses, distributions, dividends, stock awards, loans

19  (including information: about repayment or forgiveness), management fees, board fees, and all

20  other compensation of any kind to all Endeavor and Zuffa senior executives, board members,

21  directors, beneficial owners, and shareholders holding more than a 5% interest in Endeavor, Zuffa,

22  or TKO Group Holdings, Inc., including the date the compensation was paid, the dollar value, the

23  date of vesting, accrual, or maturation of the compensation (if applicable), the source of the

24  compensation (e.g., from a debt issuance or from corporate profits), the reason given (if any) for

25  the compensation, and the relative share received by each Person receiving compensation.

26  **RESPONSE TO REQUEST NO. 41:**

27       In addition to the General Objections set forth above, Whitesell objects to this Request as

28  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

calculated to lead to the discovery of relevant or admissible evidence, including because it calls for documents over a ten year period, which extends beyond the time period relevant to this Action, and it is not limited in scope to documents that relate to the claims or defenses at issue in this Action. Whitesell objects that this Request's use of the phrases "all other compensation," "source of the compensation," "the reason given (if any) for the compensation," and "the relative share received by each Person receiving compensation" is vague, ambiguous, overbroad, and impractical. Whitesell further objects that this Request seeks information not in Whitesell's possession, custody or control because it seeks documents and data sufficient to show "all compensation" to "all Endeavor and Zuffa senior executives, board members, directors, beneficial owners, and shareholders holding more than a 5% interest in Endeavor, Zuffa, or TKO Holdings, Inc." Whitesell further objects to this Request as duplicative of Request No. 25 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Whitesell will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 42:**

Documents and data sufficient to show any non-monetary benefits bestowed on any beneficial owners of Endeavor, Zuffa, or TKO Group Holdings, Inc., including without limitation: (a) travel in private jets owned, leased, or paid for by You; (b) use of houses, apartments, vacation properties, or other real estate owned, leased, or paid for by You; (c) use of motor vehicles owned, leased, or paid for by You;(d) tickets for sporting events or other entertainment events paid for by You; and/or (e) any other item, service, amenity, activity, or privilege provided to one or more of the beneficial owners at Your expense.

**RESPONSE TO REQUEST NO. 42:**

In addition to the General Objections set forth above, Whitesell objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it calls for documents over a ten year period, which extends beyond the time period relevant to this Action, and it is not limited in scope to documents related to the claims or defenses at issue in this Action.

1   Whitesell objects that the phrases "non-monetary benefits," "beneficial owners," "entertainment

2   events," and "item, service, amenity, activity, or privilege" are vague and ambiguous. Whitesell

3   further objects to this Request to the extent it seeks documents that are not within Whitesell's

4   possession, custody, or control. Whitesell further objects to this Request as duplicative of Request

5   No. 26 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this

6   same Request, and thus this Request improperly seeks to bypass party discovery.

7        Whitesell will not produce documents in response to this Request.

8   **REQUEST FOR PRODUCTION NO. 43:**

9        For each year of the Relevant Time Period, Documents sufficient to show Your corporate

10  structure, including the organization of each division, department, unit or subdivision, parent,

11  subsidiary, joint venture or affiliate of Your company. This request includes without limitation

12  organizational   charts,   investor   or   debtor   presentations,   government   filings,   internal

13  communications, and any Documents sufficient to show each Employee or executive with

14  managerial responsibilities relating to the UFC.

15  **RESPONSE TO REQUEST NO. 43:**

16       In addition to the General Objections set forth above, Whitesell objects to this Request as

17  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

18  calculated to lead to the discovery of relevant or admissible evidence, including because it seeks

19  information into Endeavor's corporate structure at a level of detail that is not relevant to any claims

20  or defenses in this Action, and parts of Endeavor's business that are not relevant to any claims or

21  defenses in this Action. Whitesell also objects to this Request as unintelligible as written because

22  it calls for "Documents sufficient to show" Endeavor's "corporate structure," then lists several

23  categories of documents that are purportedly called for by the Request "without limitation."

24  Whitesell further objects to this Request to the extent it seeks documents that are not within

25  Whitesell's possession, custody, or control. Whitesell further objects to this Request as duplicative

26  of Request No. 27 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs

27  over this same Request, and thus this Request improperly seeks to bypass party discovery.

28       Whitesell will not produce documents in response to this Request.

1  **REQUEST FOR PRODUCTION NO. 44:**

2      All Documents constituting, referencing, or relating to issuance of debt as it relates to your

3  acquisition of WWE and UFC.

4  **RESPONSE TO REQUEST NO. 44:**

5      In addition to the General Objections set forth above, Whitesell objects to this Request as

6  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

7  calculated to lead to the discovery of relevant or admissible evidence, including because it calls

8  for "All Documents" relating to the issuance of debt as it relates to the acquisitions of WWE and

9  UFC, which have no bearing on the claims and defenses at issue in this Action because it does not

10  concern the acquisitions of WWE and UFC, and many of which would be beyond the time period

11  relevant to this Action. Whitesell also objects that the phrase "constituting, referencing, or

12  relating" is vague and ambiguous. Whitesell further objects to this Request to the extent it seeks

13  documents that are not within Whitesell's possession, custody, or control. Whitesell further objects

14  to this Request as duplicative of Request No. 28 to Endeavor. Endeavor has been actively meeting

15  and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to

16  bypass party discovery.

17      Whitesell will not produce documents in response to this Request.

18  **REQUEST FOR PRODUCTION NO. 45:**

19      Documents sufficient to show how You arrived at a valuation of $21 billion for TKO Group

20  Holdings, Inc. as stated in your April 3, 2023 press release.

21  **RESPONSE TO REQUEST NO. 45:**

22      In addition to the General Objections set forth above, Whitesell objects that this Request is

23  not reasonably calculated to lead to the discovery of relevant or admissible evidence, including

24  because it requests information that has no relevance to the claims or defenses at issue in this

25  Action, not proportional to the needs of the case. Whitesell further objects to this Request to the

26  extent it seeks documents that are not within Whitesell's possession, custody, or control. Whitesell

27  further objects to this Request as duplicative of Request No. 29 to Endeavor. Endeavor has been

28

1  actively meeting and conferring with Plaintiffs over this same Request, and thus this Request

2  improperly seeks to bypass party discovery.

3      Whitesell will not produce documents in response to this Request.

4  **REQUEST FOR PRODUCTION NO. 46:**

5      All Documents referencing or relating to all financial activity relating to the UFC,

6  including balance sheets, income statements, regulatory filings (including income tax returns for

7  Zuffa and any of its affiliates), issuance of equity or debit, loans, and money owed or receivable.

8  **RESPONSE TO REQUEST NO. 46:**

9      In addition to the General Objections set forth above, Whitesell objects that this Request is

10  overbroad and unduly burdensome, not proportional to the needs of the case, and not reasonably

11  calculated to lead to the discovery of relevant or admissible evidence, including because it requests

12  "All Documents" related to "all financial activity" over a ten, extending beyond the time period

13  relevant to this Action, and it is not limited in scope to documents relating to the claims and

14  defenses at issue in this Action. Whitesell further objects to this Request to the extent that it seeks

15  public information—including information in Plaintiffs' control—that is readily accessible by

16  Plaintiffs and which should be collected by Plaintiffs under the reasonableness and proportionality

17  standards set forth in the Federal Rules of Civil Procedure. Whitesell further objects that the phrase

18  "financial activity" is vague and ambiguous. Whitesell further objects to this Request to the extent

19  it seeks documents that are not within Whitesell's possession, custody, or control. Whitesell further

20  objects to this Request as duplicative of Request No. 30 to Endeavor. Endeavor has been actively

21  meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly

22  seeks to bypass party discovery.

23      Whitesell will not produce documents in response to this Request.

24  **REQUEST FOR PRODUCTION NO. 47:**

25      All Documents referencing or relating to all financial activity relating to the TKO Group

26  Holdings, Inc. and its subsidiaries and affiliates, including balance sheets, income statements,

27  regulatory filings (including income tax returns for Zuffa and any of its affiliates), issuance of

28  equity or debit, loans, and money owed or receivable.

**RESPONSE TO REQUEST NO. 47:**

In addition to the General Objections set forth above, Whitesell objects that this Request is overbroad and unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it requests "All Documents" referencing or relating to financial activity of TKO Group Holdings, Inc. and its subsidiaries and affiliates, over aa ten year period, extending beyond the time period relevant to this Action, and it is not limited in scope to documents relating to the claims and defenses at issue in this Action. Whitesell also objects to this Request to the extent that it seeks public information—including information in Plaintiffs' control—that is readily accessible by Plaintiffs and which should be collected by Plaintiffs under the reasonableness and proportionality standards set forth in the Federal Rules of Civil Procedure. Whitesell further objects that the phrase "financial activity" is overbroad, vague, and ambiguous. Whitesell further objects to this Request to the extent it seeks documents that are not within Whitesell's possession, custody, or control. Whitesell further objects to this Request as duplicative of Request No. 31 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Whitesell will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 48:**

All Documents referencing or relating to Your transactional data, at the most granular level possible, for each UFC Professional MMA Event held during the Relevant Time Period, sufficient to show at a minimum the following: a) total gate receipts from each UFC Professional MMA Event during the Relevant Time Period, broken down by event; b) total attendance at each UFC Professional MMA Event during the Relevant Time Period, broken down by event c) total revenues from each PPV broadcast of UFC Professional MMA Event during the Relevant Time Period, broken down by event; d) total revenues from non-PPV broadcast of UFC Professional MMA Event during the Relevant Time Period, broken down by event and by contracted broadcaster (e.g., ESPN, Fox, Spike, etc.) e) total revenues from closed circuit broadcast to commercial venues such as bars, restaurants, or theaters of each UFC Professional MMA Event

1   during the Relevant Time Period, broken down by event; f) total revenues derived from the sale of

2   advertising during all broadcasts of UFC Professional MMA Events, whether PPV or non-PPV,

3   during the Relevant Time Period, broken down by month and year, by PPV or non-PPV, and by

4   advertiser g) total revenues derived in any way from the Promotional and Ancillary Rights, as

5   described in Your Promotional and Ancillary Rights Agreements with MMA Fighters, relating to

6   all professional MMA Fighters who have been under contract with the UFC at any time during the

7   Relevant Time Period, broken down by month and year; h) total revenues derived from

8   Agreements with sponsors of the UFC or of the Professional MMA Fighters who have been under

9   contract with the UFC at any time during the Relevant Time Period; i) total revenues by event; j)

10  the gross and net price paid by customers for transactions by unit, subscription, and/or ticket for a

11  single Pay-Per-View, ticket to a live event, or UFC Fight Pass subscription;

12  **RESPONSE TO REQUEST NO. 48:**

13          In addition to the General Objections set forth above, Whitesell objects that this Request is

14  overbroad and unduly burdensome, not proportional to the needs of the case, and not reasonably

15  calculated to lead to the discovery of relevant or admissible evidence, including because it requests

16  documents itemizing nearly every source of the revenue from UFC Professional MMA Events by

17  bout, event, broadcast, transaction, and/or agreement for a period of eight years, which extends

18  beyond the time period relevant to this Action, seeks "All Documents" even "referencing or

19  relating" to "transactional data" at "the most granular level possible," and it is not limited in scope

20  to documents relating to the claims and defenses at issue in this Action. Whitesell further objects

21  to this Request to the extent it purports to require Whitesell to do anything beyond conducting a

22  reasonable search for non-objectionable, nonprivileged, responsive documents and data. Whitesell

23  further objects to this Request as seeking documents and information relating to fighters who

24  would not be members of the putative class and, thus, would have no likelihood of leading to the

25  discovery of relevant or admissible evidence. Whitesell further objects to this Request to the extent

26  it seeks documents that are not within Whitesell's possession, custody, or control. Whitesell further

27  objects to this Request as duplicative of Request No. 32 to Endeavor. Endeavor has been actively

28

1    meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly

2    seeks to bypass party discovery.

3        Whitesell will not produce documents in response to this Request.

4    **REQUEST FOR PRODUCTION NO. 49:**

5        Documents and data in as granular form as the information is maintained, sufficient to

6    show any and all compensation paid to each UFC Fighter individually for each UFC Professional

7    MMA Bout that the UFC Fighter participated in during the Relevant Time Period, on a fighter-by-

8    fighter basis, broken down by Professional MMA Bout (so that each UFC Fighter's compensation

9    data is available in one Document or sequence of Documents, and it is produced with sufficient

10   granularity so that the compensation is clearly attributed to the UFC Professional MMA Bout at

11   which the Fighter earned it), as follows: a) the date and location of each UFC Professional MMA

12   Bout the UFC Fighter participated in during the Relevant Time Period, and b) the base salary the

13   UFC Fighter received for each UFC Professional MMA Bout he or she participated in during the

14   Relevant Time Period; c) all bonuses the UFC Fighter received for each UFC Professional MMA

15   Bout he or she participated in during the Relevant Time Period (including, but not limited to any

16   and all discretionary bonuses or payments, fight of the night, performance of the night, knockout

17   and submission of the night bonuses), broken down by each bonus received for each Professional

18   MMA Event d) all broadcast royalties the UFC Fighter received (if any) for each UFC Professional

19   MMA Bout he or she participated in during the Relevant Time Period, broken down so that the

20   broadcast royalties are traceable to a particular UFC Professional MMA Bout (to be clear, if the

21   UFC Fighter received broadcast royalties from more than one UFC Professional MMA Bout, the

22   broadcast royalties should be clearly attributed to the specific UFC Professional MMA Bout from

23   which they were generated); e) any other form of compensation the UFC Fighter received for each

24   UFC Professional MMA Bout he or she participated in during the Relevant Time Period; and, f)

25   Pay-Per-View shares the UFC Fighter received for each UFC Professional MMA Bout he or she

26   participated in during the Relevant Time Period.

27   **RESPONSE TO REQUEST NO. 49:**

28       In addition to the General Objections set forth above, Whitesell objects that this Request is

1   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

2   calculated to lead to the discovery of relevant or admissible evidence, including because it requests

3   documents itemizing every payment made to every UFC Fighter by source, date, and payment type

4   for each UFC Professional MMA Bout over a ten year period, which extends beyond the time

5   period relevant to this Action, and it is not limited in scope to documents relating to the claims and

6   defenses at issue in this Action. Whitesell also objects to this Request as seeking documents and

7   information relating to fighters who would not be members of the putative class and, thus, would

8   have no likelihood of leading to the discovery of relevant or admissible evidence. Whitesell further

9   objects to this Request to the extent it purports to require Whitesell to do anything beyond

10  conducting a reasonable search for non-objectionable, nonprivileged, responsive documents and

11  data. Whitesell further objects that the phrases "granular form" and "sufficient granularity" are

12  vague and ambiguous. Whitesell further objects to this Request to the extent it seeks documents

13  that are not within Whitesell's possession, custody, or control. Whitesell further objects to this

14  Request as duplicative of Request No. 33 to Endeavor. Endeavor has been actively meeting and

15  conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass

16  party discovery.

17      Whitesell will not produce documents in response to this Request.

18  **REQUEST FOR PRODUCTION NO. 50:**

19      Profit and loss statements (including identity of participating fighters and compensation

20  paid to each) for each UFC Professional MMA Event.

21  **RESPONSE TO REQUEST NO. 50:**

22      In addition to the General Objections set forth above, Whitesell objects to this Request as

23  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

24  calculated to lead to the discovery of relevant or admissible evidence, including because it requests

25  profit and loss statements for each event over a ten year time period, extending beyond the time

26  period relevant to this Action. Whitesell also objects to this Request as seeking documents and

27  information relating to fighters who would not be members of the putative class and, thus, would

28  have no likelihood of leading to the discovery of relevant or admissible evidence. Whitesell also

1  objects to this Request to the extent it purports to require Whitesell to do anything beyond

2  conducting a reasonable search for nonobjectionable, non-privileged, responsive documents and

3  data. Whitesell further objects to this Request to the extent it seeks documents that are not within

4  Whitesell's possession, custody, or control. Whitesell further objects to this Request as duplicative

5  of Request No. 34 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs

6  over this same Request, and thus this Request improperly seeks to bypass party discovery.

7       Whitesell will not produce documents in response to this Request.

8  **REQUEST FOR PRODUCTION NO. 51:**

9       Documents sufficient to show Your actual costs for presenting UFC Professional MMA

10  Events, down to as granular a level as possible, including without limitation venue costs,

11  promotional costs, compensation for UFC Fighters, insurance, safety, and all other costs incidental

12  to presenting UFC Professional MMA Events.

13  **RESPONSE TO REQUEST NO. 51:**

14       In addition to the General Objections set forth above, Whitesell objects to this Request as

15  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

16  calculated to lead to the discovery of relevant or admissible evidence, including because it calls

17  for production of documents related to all of Endeavor's costs for presenting UFC Professional

18  MMA Events without any limitation over a ten year period, extending beyond the time period

19  relevant to this Action. Whitesell also objects that the phrases "actual costs," "down to as granular

20  a level as possible," and "all other costs incidental to presenting" are vague and ambiguous.

21  Whitesell further objects to this Request to the extent it seeks documents that are not within

22  Whitesell's possession, custody, or control. Whitesell further objects to this Request as duplicative

23  of Request No. 35 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs

24  over this same Request, and thus this Request improperly seeks to bypass party discovery.

25       Whitesell will not produce documents in response to this Request.

26  **REQUEST FOR PRODUCTION NO. 52:**

27       Documents sufficient to show Your actual costs for presenting UFC Professional MMA

28  Bouts, down to as granular a level as possible, including without limitation venue costs,

1    promotional costs, compensation for UFC Fighters, insurance, safety, and all other costs incidental

2    to presenting UFC Professional MMA Bouts.

3    **RESPONSE TO REQUEST NO. 52:**

4         In addition to the General Objections set forth above, Whitesell objects to this Request as

5    overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

6    calculated to lead to the discovery of relevant or admissible evidence, including because it calls

7    for production of documents related to all of Endeavor's costs for presenting UFC Professional

8    MMA Bouts without any limitation over a ten year, extending beyond the time period relevant to

9    this Action. Whitesell also objects that the phrases "actual costs," "down to as granular a level as

10   possible," and "all other costs incidental to presenting" are vague and ambiguous. Whitesell further

11   objects to this Request to the extent it seeks documents that are not within Whitesell's possession,

12   custody, or control. Whitesell further objects to this Request as duplicative of Request No. 36 to

13   Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same

14   Request, and thus this Request improperly seeks to bypass party discovery.

15        Whitesell will not produce documents in response to this Request.

16   **REQUEST FOR PRODUCTION NO. 53:**

17        Documents sufficient to show Your actual costs involved in promoting the UFC as a brand.

18   **RESPONSE TO REQUEST NO. 53:**

19        In addition to the General Objections set forth above, Whitesell objects to this Request as

20   vague, ambiguous, overbroad, unduly burdensome, not proportional to the needs of the case, and

21   not reasonably calculated to lead to the discovery of relevant or admissible evidence, including

22   because it requests documents to show "actual costs" over a ten year period, extending beyond the

23   time period relevant to this Action, and it is not limited in scope to documents relating to the claims

24   and defenses at issue in this Action. Whitesell objects that the phrases "actual costs," "promoting,"

25   and "as a brand" are vague and ambiguous. Whitesell further objects to this Request to the extent

26   it seeks documents that are not within Whitesell's possession, custody, or control. Whitesell further

27   objects to this Request as duplicative of Request No. 37 to Endeavor. Endeavor has been actively

28

1   meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly

2   seeks to bypass party discovery.

3        Whitesell will not produce documents in response to this Request.

4   **REQUEST FOR PRODUCTION NO. 54:**

5        All Documents relating to materials produced by third party analysts or consultants

6   regarding Zuffa or any successor to Zuffa, including without limitation reports that analyze or

7   project demand, revenues, income, profits, or market share. Documents responsive to this Request

8   include both documents produced by such third party analysts or consultants (including both those

9   retained by You and those producing such materials without an Agreement with You) and any

10  comments, edits, or drafts of such materials or other documents You created and submitted to such

11  third party analysts or consultants.

12  **RESPONSE TO REQUEST NO. 54:**

13       In addition to the General Objections set forth above, Whitesell objects to this Request as

14  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

15  calculated to lead to the discovery of relevant or admissible evidence, including because it calls

16  for "All Documents" even "related to" materials produced by any "third party analyst or

17  consultants regarding Zuffa" without any limitation or connection to the claims and defenses at

18  issue in this litigation, and over a ten year time period, extending beyond the time period relevant

19  to this Action. Whitesell also objects that the phrases "third party analysts," "successor to Zuffa,"

20  "demand," and "submitted to" are vague and ambiguous. Whitesell further objects to the extent

21  this Request calls for documents protected from disclosure by the attorney-client privilege, work-

22  product doctrine, or any other applicable privilege. Whitesell further objects to the Request to the

23  extent that it seeks documents not within Whitesell's possession, custody, or control. Whitesell

24  further objects to this Request to the extent that it seeks public information — including

25  information in Plaintiffs' control—that is readily accessible by Plaintiffs and which should be

26  collected by Plaintiffs under the reasonableness and proportionality standards set forth in the

27  Federal Rules of Civil Procedure. Whitesell further objects to this Request as duplicative of

28  Request No. 38 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs

1    over this same Request, and thus this Request improperly seeks to bypass party discovery.

2            Whitesell will not produce documents in response to this Request.

3    **REQUEST FOR PRODUCTION NO. 55:**

4            All documents created by You or by third party analysts or consultants regarding

5    competition among MMA Promoters or would-be MMA Promoters for (a) the purchase of MMA

6    Fighter services and (b) promotion of Professional MMA Events generally, including without

7    limitation reports that analyze or project demand, revenues, income, profits, or market share.

8    **RESPONSE TO REQUEST NO. 55:**

9            In addition to the General Objections set forth above, Whitesell objects to this Request as

10   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

11   calculated to lead to the discovery of relevant or admissible evidence, including because it calls

12   for "All documents" over a ten year time period, extending beyond the time period relevant to this

13   Action. Whitesell also objects that the term "third party analysts" is vague and ambiguous.

14   Whitesell further objects to the extent this Request calls for documents protected from disclosure

15   by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Whitesell

16   further objects to the Request to the extent that it seeks documents not within Whitesell's

17   possession, custody, or control. Whitesell further objects to this Request to the extent that it seeks

18   public information—including information in Plaintiffs' control—that is readily accessible by

19   Plaintiffs and which should be collected by Plaintiffs under the reasonableness and proportionality

20   standards set forth in the Federal Rules of Civil Procedure. Whitesell further objects to this Request

21   to the extent it seeks documents that are not within Whitesell's possession, custody, or control.

22   Whitesell further objects to this Request as duplicative of Request No. 39 to Endeavor. Endeavor

23   has been actively meeting and conferring with Plaintiffs over this same Request, and thus this

24   Request improperly seeks to bypass party discovery.

25           Whitesell will not produce documents in response to this Request.

26

27

28

**REQUEST FOR PRODUCTION NO. 56:**

All Documents referencing or relating to comparison of compensation models or Agreements between the UFC and other major professional sports, including without limitation boxing, pro wrestling, football, basketball, and baseball.

**RESPONSE TO REQUEST NO. 56:**

In addition to the General Objections set forth above Whitesell objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it call for "All documents" over a ten year time period, extending beyond the time period relevant to this Action, and it is not limited in scope to documents relating to the claims and defenses at issue in this Action. Whitesell also objects that the phrases "comparison of compensation models" and "major professional sports" are vague and ambiguous. Whitesell further objects to this Request to the extent it seeks documents that are not within Whitesell's possession, custody, or control. Whitesell further objects to this Request as duplicative of Request No. 40 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Whitesell will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 57:**

All Agreements (and any amendments thereto) entered into between You and any MMA Promoter relating to the acquisition of assets, equity, or other interests of any MMA Promoter, and all Documents referencing or relating to the potential or actual acquisition of assets, equity, or interests of any MMA Promoter, including, but not limited to, internal strategy documents, projections, cost-benefit analyses, cost estimates, and all Agreements or contracts (and any amendments thereto).

**RESPONSE TO REQUEST NO. 57:**

In addition to the General Objections set forth above, Whitesell objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it would

1   require Whitesell to produce "All Agreements" over a ten year period extending beyond the time

2   period relevant to this Action, and relating to transactions that are not challenged or at issue in this

3   Action. Neither the Complaint, nor this Request, identifies or alleges that Whitesell has engaged

4   in any acquisition of assets, equity, or other interests of any MMA Promoter other than Zuffa

5   during the putative class period, and thus this Request is purely an impermissible fishing

6   expedition into irrelevant materials. Whitesell also objects that the term "interests" as used in this

7   Request is vague and ambiguous. Whitesell further objects to this Request to the extent it seeks

8   documents that are not within Whitesell's possession, custody, or control. Whitesell further objects

9   to this Request as duplicative of Request No. 41 to Endeavor. Endeavor has been actively meeting

10  and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to

11  bypass party discovery.

12      Whitesell will not produce documents in response to this Request.

13  **REQUEST FOR PRODUCTION NO. 58:**

14      Documents sufficient to identify each Person involved in approving or negotiating the

15  terms of any Agreements or potential Agreements for the acquisition or potential acquisition of

16  assets, or equity, or interests of any MMA Promoter.

17  **RESPONSE TO REQUEST NO. 58:**

18      In addition to the General Objections set forth above, Whitesell objects to this Request as

19  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

20  calculated to lead to the discovery of relevant or admissible evidence, including because it calls

21  for identification of "each Person" over a ten year period, extending beyond the time period

22  relevant to this Action, and relating to transactions that are not challenged or at issue in this Action.

23  Neither the Complaint, nor this Request, identifies or alleges that Whitesell, nor his employer,

24  Endeavor, have engaged in any acquisition of assets, equity, or other interests of any MMA

25  Promoter other than Zuffa during the putative class period, and thus this Request is purely an

26  impermissible fishing expedition into irrelevant materials. Whitesell also objects that the term

27  "interests" as used in this Request is vague and ambiguous. Whitesell further objects to this

28  Request to the extent it seeks documents that are not within Whitesell's possession, custody, or

1   control. Whitesell further objects to this Request as duplicative of Request No. 42 to Endeavor.

2   Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and

3   thus this Request improperly seeks to bypass party discovery.

4       Whitesell will not produce documents in response to this Request.

5   **REQUEST FOR PRODUCTION NO. 59:**

6       All Documents relating to the sale of equity in Zuffa to Flash Entertainment, a wholly

7   owned subsidiary of Abu Dhabi.

8   **RESPONSE TO REQUEST NO. 59:**

9       In addition to the General Objections set forth above, Whitesell objects to this Request as

10  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

11  calculated to lead to the discovery of relevant or admissible evidence, including because its request

12  for "All Documents" related to the sale of equity by Zuffa to Flash Entertainment, which is not

13  challenged or at issue in this Action and therefore has no relevance to the claims or defenses at

14  issue in this Action. Whitesell also objects to the characterization of Flash Entertainment as "a

15  wholly owned subsidiary of Abu Dhabi." Whitesell further objects to this Request to the extent it

16  seeks documents that are not within Whitesell's possession, custody, or control. Whitesell further

17  objects to this Request as duplicative of Request No. 43 to Endeavor. Endeavor has been actively

18  meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly

19  seeks to bypass party discovery.

20      Whitesell will not produce documents in response to this Request.

21  **REQUEST FOR PRODUCTION NO. 60:**

22      Documents sufficient to Identify each Person or entity You consider to be, or considered

23  to have been, an actual or potential competitor of the UFC for (a) the purchase of MMA Fighter

24  services, and/or (b) the promotion of live Professional MMA Events in the United States or abroad.

25  **RESPONSE TO REQUEST NO. 60:**

26      In addition to the General Objections set forth above, Whitesell objects to this Request as

27  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

28  calculated to lead to the discovery of relevant or admissible evidence, including because it calls

for documents over a ten year time period, extending beyond the time period relevant to this Action. Whitesell also objects that the phrases "consider to be," "considered to have been," "actual or potential competitor," "purchase," and "promotion" as used in this Request are vague and ambiguous. Whitesell further objects to this Request to the extent it purports to require Whitesell to do anything beyond conducting a reasonable search for non-objectionable, nonprivileged, responsive documents and data. Whitesell further objects that this Request purports to require the production of materials that are not within Whitesell's possession, custody, or control. Whitesell further objects to this Request as duplicative of Request No. 44 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Whitesell will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 61:**

Documents or data sufficient to calculate the actual or potential market share held by the UFC and each of the UFC's actual or potential competitors (as Identified in Request No. 53) in terms of total revenue by region (US, North America, South America, Europe, Asia, and any others) derived from the promotion of live Professional MMA Bouts and all other income sources, including without limitation merchandising, licensing, sponsorships, advertising, video games, and other income sources based on the use of Professional MMA Fighters' Identities.

**RESPONSE TO REQUEST NO. 61:**

In addition to the General Objections set forth above, Whitesell objects to this Request as vague, ambiguous, and confusing because it refers to "Request No. 53." Endeavor will interpret this Request as though it instead refers to "Request No. 60." Whitesell also objects that the Request is overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it calls for documents regarding all income sources over a ten year period, extending beyond the time period relevant to this Action, and it is not limited in scope to the claims, defenses, or geographic area at issue in this Action. Whitesell further objects that this Request is vague and ambiguous because it does not specify time intervals for the calculation of the "actual or potential market

share," which may have varied throughout the class period. Whitesell further objects that the terms "actual or potential market share," "actual or potential competitors," "derived from," and "based on the use of Professional MMA Fighters' Identities" are vague and ambiguous. Whitesell further objects to this Request to the extent it purports to require Whitesell to do anything beyond conducting a reasonable search for non-objectionable, non-privileged, responsive documents and data. Whitesell further objects that this Request purports to require the production of materials that are not within Whitesell's possession, custody, or control. Whitesell further objects to this Request to the extent it seeks documents that are not within Whitesell's possession, custody, or control. Whitesell further objects to this Request as duplicative of Request No. 45 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Whitesell will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 62:**

Documents or data sufficient to Identify the actual and/or estimated share of Professional MMA Fighters' services, by both dollar amount and number of fighters, for the purchase of the services of Professional MMA Fighters by the UFC and each of Your actual or potential competitors identified in your response to Request No. 53 by region (US, North America, South America, Europe, Asia, and any others).

**RESPONSE TO REQUEST NO. 62:**

In addition to the General Objections set forth above, Whitesell objects to this Request as vague, ambiguous, and confusing because it refers to "Request No. 53" Endeavor will interpret this Request as though it instead refers to "Request No. 60." Whitesell also objects that this Request is vague, ambiguous, and unintelligible as written. Whitesell further objects to this Request to the extent it purports to require Endeavor to do anything beyond conducting a reasonable search for non-objectionable, non-privileged, responsive documents and data. Whitesell further objects that this Request is not limited in scope to the claims and defenses at issue in this Action. Whitesell further objects that this Request purports to require the production of materials that are not within Whitesell's possession, custody, or control. Whitesell further

1  objects that this Request is not proportional to the needs of the case. Whitesell further objects to

2  this Request as duplicative of Request No. 46 to Endeavor. Endeavor has been actively meeting

3  and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to

4  bypass party discovery.

5        Whitesell will not produce documents in response to this Request.

6  **REQUEST FOR PRODUCTION NO. 63:**

7        All Documents and data referencing or relating to the determination of Professional MMA

8  Fighter compensation by the UFC in the promotion of live Professional MMA Events and all other

9  income sources, including without limitation merchandising, licensing, sponsorships, advertising,

10  video games, and other income sources based on the use of Professional MMA Fighters' Identities.

11  **RESPONSE TO REQUEST NO. 63:**

12        In addition to the General Objections set forth above, Whitesell objects to this Request as

13  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

14  calculated to lead to the discovery of relevant or admissible evidence, including because it calls

15  for "All Documents" over a ten year period, extending beyond the time period relevant to this

16  Action. Whitesell also objects that the phrases "the determination of Professional MMA fighter

17  compensation," "other income sources," and "based on the use of Professional MMA Fighters'

18  Identities" as used in this Request are vague and ambiguous. Whitesell further objects to this

19  Request as seeking documents and information relating to fighters who would not be part of the

20  putative class and, thus, would have no likelihood of leading to the discovery of relevant or

21  admissible evidence. Whitesell further objects that this Request is not limited in scope to the claims

22  and defenses at issue in this Action, including because Plaintiffs do not allege an identity class in

23  this Action. Whitesell further objects to this Request to the extent it seeks documents that are not

24  within Whitesell's possession, custody, or control. Whitesell further objects to this Request as

25  duplicative of Request No. 47 to Endeavor. Endeavor has been actively meeting and conferring

26  with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

27  discovery.

28        Whitesell will not produce documents in response to this Request.

1

**REQUEST FOR PRODUCTION NO. 64:**

2

All Documents and data referencing or relating to the determination of Professional MMA

3 Fighter compensation by any of the UFC's actual and potential competitors (identified in your

4 response to Request No. 60, above) in the promotion of live Professional MMA Events and all

5 other income sources, including without limitation merchandising, licensing, sponsorships,

6 advertising, video games, and other income sources based on the use of Professional MMA

7 Fighters' Identities.

8

**RESPONSE TO REQUEST NO. 64:**

9

In addition to the General Objections set forth above, Whitesell objects that this Request is

10 vague, ambiguous, and unintelligible as written. Whitesell also objects to this Request as

11 overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

12 calculated to lead to the discovery of relevant or admissible evidence, including because it calls

13 for "All Documents" over a ten year time period, extending beyond the time period relevant to this

14 Action. Whitesell further objects that this Request is not limited in scope to the claims and defenses

15 at issue in this Action, including because Plaintiffs do not allege an identity class in this Action.

16 Whitesell further objects that the phrases "the determination of Professional MMA fighter

17 compensation," "actual and potential competitors," "other income sources," and "based on the use

18 of Professional MMA Fighters' Identities" as used in this Request are vague and ambiguous.

19 Whitesell further objects to this Request to the extent it seeks documents that are not within

20 Whitesell's possession, custody, or control. Whitesell further objects to this Request as duplicative

21 of Request No. 48 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs

22 over this same Request, and thus this Request improperly seeks to bypass party discovery.

23

Whitesell will not produce documents in response to this Request.

24

**REQUEST FOR PRODUCTION NO. 65:**

25

All Documents analyzing, discussing, or relating to the competitive strengths or

26 weaknesses of actual or potential competitors (identified in your response to Request No. 60 or

27 otherwise, above) in the promotion of live Professional MMA Events and/or in the purchase of the

28 services of Professional MMA Fighters.

1  **RESPONSE TO REQUEST NO. 65:**

2      In addition to the General Objections set forth above, Whitesell objects to this Request as

3  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

4  calculated to lead to the discovery of relevant or admissible evidence, including because it calls

5  for "All Documents" over ten year period, extending beyond the time period relevant to this

6  Action. Whitesell further objects that the phrases "competitive strength or weaknesses" and "actual

7  or potential competitors" as used in this Request is vague and ambiguous. Whitesell further objects

8  to the extent this Request calls for documents protected from disclosure by the attorney-client

9  privilege, work-product doctrine, or any other applicable privilege. Whitesell further objects to

10  this Request as duplicative of Request No. 49 to Endeavor. Endeavor has been actively meeting

11  and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to

12  bypass party discovery.

13      Whitesell will not produce documents in response to this Request.

14  **REQUEST FOR PRODUCTION NO. 66:**

15      All Documents referencing or relating to communications and/or negotiations with any

16  sponsors or advertisers in connection with Your acquisition of WWE and/or UFC.

17  **RESPONSE TO REQUEST NO. 66:**

18      In addition to the General Objections set forth above, Whitesell objects that this Request is

19  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

20  calculated to lead to the discovery of relevant or admissible evidence, including because it calls

21  for "All Documents" related to communications and/or negotiations with sponsors or advertisers

22  in connection with Endeavor's acquisitions of WWE and/or UFC, which extends beyond the time

23  period relevant to this Action, and is not related to the claims and defenses at issue in this Action,

24  including because it relates to transactions that are not challenged or at issue in this Action.

25  Whitesell further objects to this Request to the extent it seeks documents that are not within

26  Whitesell's possession, custody, or control. Whitesell further objects to this Request as duplicative

27

28

1   of Request No. 50 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs

2   over this same Request, and thus this Request improperly seeks to bypass party discovery.

3        Whitesell will not produce documents in response to this Request.

4   **REQUEST FOR PRODUCTION NO. 67:**

5        All Documents and Communications referencing or relating to any Agreements entered

6   into by You relating to Venues for Professional MMA Events, including all Agreements, all draft

7   Agreements, and all Documents and Communications relating to negotiation of such Agreements

8   or draft Agreements.

9   **RESPONSE TO REQUEST NO. 67:**

10       In addition to the General Objections set forth above, Whitesell objects that this Request is

11  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

12  calculated to lead to the discovery of relevant or admissible evidence, including because it requests

13  "All Documents and Communications" relating to agreements entered into by Endeavor related to

14  venues for Professional MMA Events over a ten year period, extending beyond the time period

15  relevant to this Action, and it is not limited in scope to documents relating to the claims and

16  defenses at issue in this Action. Plaintiffs have neither asserted a monopolization claim in this

17  Action, nor alleged any anticompetitive conduct in connection with Endeavor's venue agreements,

18  if any, and thus this Request is purely an impermissible fishing expedition into irrelevant materials.

19  Whitesell further objects to this Request to the extent it seeks documents that are not within

20  Whitesell's possession, custody, or control. Whitesell further objects to this Request as duplicative

21  of Request No. 51 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs

22  over this same Request, and thus this Request improperly seeks to bypass party discovery.

23       Whitesell will not produce documents in response to this Request.

24  **REQUEST FOR PRODUCTION NO. 68:**

25       All Documents and Communications relating to the drafting of and the reasoning behind

26  the "Exclusivity Clause" in UFC Bout Agreements, which binds UFC Fighters into a restricted

27  relationship with the UFC and prohibits them from appearing in Professional MMA Bouts

28  televised or organized by actual or potential rival promotions unless approved by the UFC.

1  **RESPONSE TO REQUEST NO. 68:**

2      In addition to the General Objections set forth above, Whitesell objects to this Request as

3  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

4  calculated to lead to the discovery of relevant or admissible evidence, including because it requests

5  "All Documents and Communications" related to the drafting of and reasoning behind the

6  "Exclusivity Clause" over a ten year time period, extending beyond the time period relevant to this

7  Action. Whitesell also objects to the extent this Request calls for documents protected from

8  disclosure by the attorney-client privilege, work-product doctrine, or any other applicable

9  privilege. Whitesell further objects that the phrases "drafting of" and "reasoning behind" are vague

10  and ambiguous. Endeavor disputes Plaintiffs' characterization of the relevant agreement

11  provisions as the "Exclusivity Clause," and further disputes Plaintiffs' assertion that they bind

12  "UFC Fighters into a restricted relationship with the UFC" and prohibit "them from appearing in

13  Professional MMA Bouts televised or organized by actual or potential rival promotions unless

14  approved by the UFC." Whitesell refers to the text of the relevant agreements for their contents.

15  Whitesell further objects to this Request to the extent it seeks documents that are not within

16  Whitesell's possession, custody, or control. Whitesell further objects to this Request as duplicative

17  of Request No. 52 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs

18  over this same Request, and thus this Request improperly seeks to bypass party discovery.

19      Whitesell will not produce documents in response to this Request.

20  **REQUEST FOR PRODUCTION NO. 69:**

21      All Documents and Communications referencing or relating to the drafting of and the

22  reasoning behind the "Champion's Clause" in UFC Bout Agreements, which allows the UFC to

23  extend a UFC Fighter's contract for as long as the athlete is a "champion" in his or her weight

24  class.

25  **RESPONSE TO REQUEST NO. 69:**

26      In addition to the General Objections set forth above, Whitesell objects to this Request as

27  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

28  calculated to lead to the discovery of relevant or admissible evidence, including because it requests

1   "All Documents and Communications" referencing or relating to the drafting and reasoning behind

2   the "Champion's Clause" over a ten year period, extending beyond the time period relevant to this

3   Action. Whitesell also objects to the extent this Request calls for documents protected from

4   disclosure by the attorney-client privilege, work-product doctrine, or any other applicable

5   privilege. Whitesell further objects that the phrases "drafting of" and "reasoning behind" are vague

6   and ambiguous. Whitesell disputes Plaintiffs' characterization of the relevant agreement

7   provisions as the "Champion's Clause," and further disputes Plaintiffs' assertion that they allow

8   "the UFC to extend a UFC Fighter's contract for as long as the athlete is a 'champion' in his or

9   her weight class." Whitesell refers to the text of the relevant agreements for their contents.

10   Whitesell further objects to this Request to the extent it seeks documents that are not within

11   Whitesell's possession, custody, or control. Whitesell further objects to this Request as duplicative

12   of Request No. 53 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs

13   over this same Request, and thus this Request improperly seeks to bypass party discovery.

14        Whitesell will not produce documents in response to this Request.

15   **REQUEST FOR PRODUCTION NO. 70:**

16        All Documents and Communications referencing or relating to the drafting of and the

17   reasoning behind the "Right to First Offer" and "Right to Match" Clauses in UFC Bout

18   Agreements, which grant the UFC the option to match the financial terms and conditions of any

19   offer made to a UFC Fighter for a Professional MMA Bout even after the UFC Fighter's contract

20   has expired.

21   **RESPONSE TO REQUEST NO. 70:**

22        In addition to the General Objections set forth above, Whitesell objects to this Request as

23   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

24   calculated to lead to the discovery of relevant or admissible evidence, including because it requests

25   "All Documents and Communications" referencing or relating to the drafting of and the reasoning

26   behind the "Right to First Offer" and "Right to Match" clauses over an a ten year period, extending

27   beyond the time period relevant to this Action. Whitesell also objects to the extent this Request

28   calls for documents protected from disclosure by the attorney-client privilege, work-product

1  doctrine, or any other applicable privilege. Whitesell further objects that the phrases "drafting of"

2  and "reasoning behind" are vague and ambiguous. Whitesell disputes Plaintiffs' characterization

3  of the relevant agreement provisions as the "Right to First Offer" and "Right to Match" clauses,

4  and further disputes Plaintiffs' assertion that they grant "the UFC the option to match the financial

5  terms and conditions of any offer made to a UFC Fights for a Professional MMA Bout even after

6  the UFC Fighter's contract has expired." Whitesell refers to the text of the relevant agreements for

7  their contents. Whitesell further objects to this Request to the extent it seeks documents that are

8  not within Whitesell's possession, custody, or control. Whitesell and his employer, Endeavor, are

9  not alleged to have had any involvement in the drafting or reasoning behind any provision of

10  Zuffa's contracts with MMA fighters challenged in Complaint paragraph 101, and this Request is

11  an impermissible fishing exercise. Whitesell further objects to this Request as duplicative of

12  Request No. 54 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs

13  over this same Request, and thus this Request improperly seeks to bypass party discovery.

14      Whitesell will not produce documents in response to this Request.

15  **REQUEST FOR PRODUCTION NO. 71:**

16      All Documents and Communications referencing or relating to the drafting of and the

17  reasoning behind the "Ancillary Rights Clause" in the Promotional and Ancillary Rights

18  Agreements, which grants the UFC exclusive and perpetual worldwide personality and Identity

19  rights of the UFC Fighter.

20  **RESPONSE TO REQUEST NO. 71:**

21      In addition to the General Objections set forth above, Whitesell objects to this Request as

22  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

23  calculated to lead to the discovery of relevant or admissible evidence, including because it requests

24  "All Documents and Communications" referencing or relating to the drafting of and reasoning

25  behind the "Ancillary Rights Clause" over a ten year period, extending beyond the time period

26  relevant to this Action. Whitesell also objects to the extent this Request calls for documents

27  protected from disclosure by the attorney-client privilege, work-product doctrine, or any other

28  applicable privilege. Whitesell further objects that the phrases "drafting of" and "reasoning

behind" are vague and ambiguous. Whitesell further objects that this Request is not limited in scope to the claims and defenses at issue in this Action, including because Plaintiffs do not allege an identity class in this Action. Whitesell disputes Plaintiffs' characterization of the relevant agreement provisions as the "Ancillary Rights Clause," and further disputes Plaintiffs' assertion that they grant "the UFC exclusive and perpetual worldwide personality and Identity rights of the UFC Fighter." Whitesell refers to the text of the relevant agreements for their contents. Whitesell further objects to this Request to the extent it seeks documents that are not within Whitesell's possession, custody, or control. Whitesell and his employer, Endeavor, are not alleged to have had any involvement in the drafting or reasoning behind any provision of Zuffa's contracts with MMA fighters challenged in Complaint paragraph 101, and this Request is an impermissible fishing exercise. Whitesell further objects to this Request as duplicative of Request No. 55 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Whitesell will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 72:**

All Documents and Communications referencing or relating to the drafting of and the reasoning behind the "Promotion Clause" in the Promotional and Ancillary Rights Agreements, which requires UFC Fighters to attend, cooperate, and assist in the promotion of Professional MMA Bouts in which they fight and, as required by the UFC, any other Professional MMA Bouts, Professional MMA Events, broadcasts, press conferences and sale of UFC Licensed Merchandise.

**RESPONSE TO REQUEST NO. 72:**

In addition to the General Objections set forth above, Whitesell objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it requests "All Documents and Communications" referencing or relating to the drafting of and reasoning behind the "Promotion Clause" over ten year period, extending beyond the time period relevant to this Action. Whitesell also objects to the extent this Request calls for documents protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable

1    privilege. Whitesell further objects that the phrases "drafting of," "reasoning behind," "attend,

2    cooperate, and assist in the promotion," and "broadcasts, press conferences and sale" are vague

3    and ambiguous. Whitesell disputes Plaintiffs' characterization of the relevant agreement

4    provisions as the "Promotion Clause," and further disputes Plaintiffs' assertion that they require

5    "UFC Fighters to attend, cooperate, and assist in the promotion of Professional MMA Bouts in

6    which they fight and, as required by the UFC, any other Professional MMA Bouts, Professional

7    MMA Events, broadcasts, press conferences and sale of UFC Licensed Merchandise." Whitesell

8    refers to the text of the relevant agreements for their contents. Whitesell further objects to this

9    Request to the extent it seeks documents that are not within Whitesell's possession, custody, or

10   control. Whitesell and his employer, Endeavor, are not alleged to have had any involvement in the

11   drafting or reasoning behind any provision of Zuffa's contracts with MMA fighters challenged in

12   Complaint paragraph 101, and this Request is an impermissible fishing exercise. Whitesell further

13   objects to this Request as duplicative of Request No. 56 to Endeavor. Endeavor has been actively

14   meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly

15   seeks to bypass party discovery.

16        Whitesell will not produce documents in response to this Request.

17   **REQUEST FOR PRODUCTION NO. 73:**

18        All Documents and Communications referencing or relating to the drafting of and the

19   reasoning behind the "Retirement Clause" which gives the UFC the power "to retain the rights to

20   a retired fighter in perpetuity."

21   **RESPONSE TO REQUEST NO. 73:**

22        In addition to the General Objections set forth above, Whitesell objects to this Request as

23   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

24   calculated to lead to the discovery of relevant or admissible evidence, including because it requests

25   "All Documents and Communications" referencing or relating to the drafting of and reasoning

26   behind the "Retirement Clause" over an ten year period, extending beyond the time period relevant

27   to this Action. Whitesell also objects to the extent this Request calls for documents protected from

28   disclosure by the attorney-client privilege, work-product doctrine, or any other applicable

1    privilege. Whitesell further objects that the phrases "drafting of" and "reasoning behind" are vague

2    and ambiguous. Endeavor disputes Plaintiffs' characterization of the relevant agreement

3    provisions as the "Retirement Clause," and further disputes the Plaintiffs' assertion that they give

4    the UFC the power "to retain the rights to a retired fighter in perpetuity." Whitesell refers to the

5    text of the relevant agreements for their contents. Whitesell further objects to this Request to the

6    extent it seeks documents that are not within Whitesell's possession, custody, or control. Whitesell

7    and his employer, Endeavor, are not alleged to have had any involvement in the drafting or

8    reasoning behind any provision of Zuffa's contracts with MMA fighters challenged in Complaint

9    paragraph 101, and this Request is an impermissible fishing exercise. Whitesell further objects to

10   this Request as duplicative of Request No. 57 to Endeavor. Endeavor has been actively meeting

11   and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to

12   bypass party discovery.

13       Whitesell will not produce documents in response to this Request.

14   **REQUEST FOR PRODUCTION NO. 74:**

15       All Documents and Communications referencing or relating to the drafting of and the

16   reasoning behind the tolling provisions, which extend the term of a UFC Fighter's contract during

17   periods when he or she is injured, retired, or otherwise declines to compete.

18   **RESPONSE TO REQUEST NO. 74:**

19       In addition to the General Objections set forth above, Whitesell objects to this Request as

20   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

21   calculated to lead to the discovery of relevant or admissible evidence, including because it requests

22   "All Documents and Communications" referencing or relating to the drafting of and the reasoning

23   behind the tolling provisions over an ten year period, extending beyond the time period relevant

24   to this Action. Whitesell also objects to the extent this Request calls for documents protected from

25   disclosure by the attorney-client privilege, work-product doctrine, or any other applicable

26   privilege. Whitesell further objects that the phrases "drafting of," "reasoning behind," "tolling

27   provisions," and "otherwise declines to compete" are vague and ambiguous. Whitesell disputes

28   Plaintiffs' characterization of the relevant agreement provisions as "tolling provisions," and further

disputes the Plaintiffs' assertion that they extend "the term of a UFC Fighter's contract during periods when he or she is injured, retired, or otherwise declines to compete." Whitesell refers to the text of the relevant agreements for their contents. Whitesell further objects to this Request to the extent it seeks documents that are not within Whitesell's possession, custody, or control. Whitesell and his employer, Endeavor, are not alleged to have had any involvement in the drafting or reasoning behind any provision of Zuffa's contracts with MMA fighters challenged in Complaint paragraph 101, and this Request is an impermissible fishing exercise. Whitesell further objects to this Request as duplicative of Request No. 58 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Whitesell will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 75:**

All Documents and Communications referencing or relating to the drafting of and the reasoning behind the "Sponsorship and Endorsement Clause," which appears to grant the UFC sole discretion over all sponsorship and endorsement approvals.

**RESPONSE TO REQUEST NO. 75:**

In addition to the General Objections set forth above, Whitesell objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it requests "All Documents and Communications" referencing or relating to the drafting of and the reasoning behind the "Sponsorship and Endorsement Clause" over a ten year period, extending beyond the time period relevant to this Action. Whitesell also objects to the extent this Request calls for documents protected from disclosure by the attorney-client privilege, workproduct doctrine, or any other applicable privilege. Whitesell further objects that the phrases "drafting of" and "reasoning behind" are vague and ambiguous. Whitesell further objects that this Request is not limited in scope to the claims and defenses at issue in this Action, including because Plaintiffs do not allege an identity class in this Action. Whitesell disputes Plaintiffs' characterization of the relevant agreement provisions as the "Sponsorship and Endorsement Clause," and further disputes

Plaintiffs' assertion that they appear "to grant the UFC sole discretion over all sponsorship and endorsement approvals." Whitesell refers to the text of the relevant agreements for their contents. Whitesell further objects to this Request to the extent it seeks documents that are not within Whitesell's possession, custody, or control. Whitesell and his employer, Endeavor, are not alleged to have had any involvement in the drafting or reasoning behind any provision of Zuffa's contracts with MMA fighters challenged in Complaint paragraph 101, and this Request is an impermissible fishing exercise. Whitesell further objects to this Request as duplicative of Request No. 59 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Whitesell will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 76:**

All Documents and Communications analyzing or quantifying the overall impact or effect of the contractual clauses in Zuffa or Endeavor's Promotional and Ancillary Rights Agreements on (a) UFC Fighters' mobility or compensation, and/or (b) the ability of Zuffa's competitors (as identified in your response to Request No.60, supra, or otherwise) to compete for Professional MMA Fighters services or to promote Professional MMA Events that can successfully compete against Zuffa or Endeavor.

**RESPONSE TO REQUEST NO. 76:**

In addition to the General Objections, Whitesell objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it calls for "All Documents and Communications" over a ten year time period, extending beyond the time period relevant to this Action. Whitesell also objects to the extent this Request calls for documents protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Whitesell further objects that the phrases "overall impact," "effect," "mobility," and "successfully" are vague and ambiguous. Whitesell further objects to this Request to the extent it seeks documents that are not within Whitesell's possession, custody, or control. Whitesell further objects to this Request as duplicative of Request No. 60 to Endeavor. Endeavor

1    has been actively meeting and conferring with Plaintiffs over this same Request, and thus this

2    Request improperly seeks to bypass party discovery.

3         Whitesell will not produce documents in response to this Request.

4    **REQUEST FOR PRODUCTION NO. 77:**

5         Documents sufficient to identify each of Your Employees or agents involved in approving

6    or negotiating the terms of each of Your Agreements with any Professional MMA Fighters.

7    **RESPONSE TO REQUEST NO. 77:**

8         In addition to the General Objections set forth above, Whitesell objects to this Request as

9    overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

10   calculated to lead to the discovery of relevant or admissible evidence, including because it calls

11   for documents over an ten year period, extending beyond the time period relevant to this Action,

12   and it is not limited in scope to agreement terms related to the claims or defenses at issue in this

13   Action, including the lack of specificity regarding the subject of any "Agreements with any

14   Professional MMA Fighters." Whitesell further objects to this Request to the extent it purports to

15   require Whitesell to do anything beyond conducting a reasonable search for nonobjectionable,

16   non-privileged, responsive documents and data. Whitesell further objects to this Request as it is

17   duplicative of Request No. 61 to Endeavor. Whitesell and his employer, Endeavor, are not alleged

18   to have had any agreements with any professional MMA fighters that are relevant to this Action.

19   Whitesell further objects to this Request as duplicative of Request No. 61 to Endeavor. Endeavor

20   has been actively meeting and conferring with Plaintiffs over this same Request, and thus this

21   Request improperly seeks to bypass party discovery.

22        Whitesell will not produce documents in response to this Request.

23   **REQUEST FOR PRODUCTION NO. 78:**

24        All Documents and Communications relating to any Agreements between You and any

25   other MMA Promoter (past or present) relating to a Professional MMA Fighter's services,

26   including without limitation all executed Agreements (and any amendments thereto), draft

27   Agreements, and all Documents and Communications relating to the negotiation of such

28   agreements, regardless of whether an Agreement was executed.

1    **RESPONSE TO REQUEST NO. 78:**

2    In addition to the General Objections set forth above, Whitesell objects that this Request is

3    overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

4    calculated to lead to the discovery of relevant or admissible evidence, including because its request

5    for "all executed Agreements (and any amendments thereto)" with past or present MMA Promoters

6    over a period of a ten years extends beyond the time period relevant to this Action and is not

7    limited in scope to documents related to the claims and defenses at issue in this Action. Whitesell

8    also objects to this Request as seeking documents and information relating to fighters who would

9    not be part of the putative class and, thus, would have no likelihood of leading to the discovery of

10   relevant or admissible evidence. Whitesell further objects to the extent this Request calls for

11   documents protected from disclosure by the attorney-client privilege, work-product doctrine, or

12   any other applicable privilege. Whitesell further objects to this Request to the extent it seeks

13   documents that are not within Whitesell's possession, custody, or control. Whitesell and his

14   employer, Endeavor, are not alleged to have had any agreements with any MMA promoter (other

15   than Zuffa) that are relevant to this Action. Whitesell further objects to this Request as duplicative

16   of Request No. 62 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs

17   over this same Request, and thus this Request improperly seeks to bypass party discovery.

18   Whitesell will not produce documents in response to this Request.

19   **REQUEST FOR PRODUCTION NO. 79:**

20   Documents sufficient to identify each of Your Employees or agents involved in approving

21   or negotiating the terms of any Agreements or potential Agreements with any other MMA

22   Promoter (past or present) relating to the provision of Professional MMA Fighter services.

23   **RESPONSE TO REQUEST NO. 79:**

24   In addition to the General Objections set forth above, Whitesell objects that this Request is

25   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

26   calculated to lead to the discovery of relevant or admissible evidence, including because it seeks

27   documents relating to each employee over an ten year, extending beyond the time period relevant

28   to this Action, and it is not limited to documents related to individuals who may have some role in

the claims or defenses in this Action. Whitesell also objects that the phrase "potential Agreements" is vague, ambiguous, and confusing. Whitesell further objects to this Request to the extent it purports to require Whitesell to do anything beyond conducting a reasonable search for non-objectionable, non-privileged, responsive documents and data. Whitesell further objects to this Request to the extent it seeks documents that are not within Whitesell's possession, custody, or control. Whitesell and his employer, Endeavor, are not alleged to have had any agreements with any MMA promoter (other than Zuffa) that are relevant to this Action. Whitesell further objects to this Request as duplicative of Request No. 63 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Whitesell will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 80:**

All Documents and Communications constituting or relating to Agreements between You and any broadcaster of professional MMA events (including PPV and non-PPV Professional MMA Events), including without limitation all executed Agreements (and any amendments thereto), draft Agreements, and all Documents and Communications relating to the negotiation of such Agreements, Documents and Communications analyzing the terms of any actual or potential such Agreement, regardless of whether an Agreement was executed.

**RESPONSE TO REQUEST NO. 80:**

In addition to the General Objections set forth above, Whitesell objects that this Request is overbroad, unduly burdensome, not proportional to the needs of the case, and seeks documents that have no likelihood of leading to the discovery of relevant or admissible evidence, including because it calls for "All Documents and Communications" over a ten year period, extending beyond the time period relevant to this Action. Whitesell further objects that the phrases "analyzing" and "potential such Agreement" are vague, ambiguous, and confusing. Whitesell further objects to the extent this Request calls for documents protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Plaintiffs have neither asserted a monopolization claim in this Action, nor alleged any anticompetitive conduct in

1  connection with Endeavor's broadcasting agreements, if any, and thus this Request is purely an

2  impermissible fishing expedition into irrelevant materials. Whitesell further objects to this Request

3  to the extent it seeks documents that are not within Whitesell's possession, custody, or control.

4  Whitesell further objects to this Request as duplicative of Request No. 64 to Endeavor. Endeavor

5  has been actively meeting and conferring with Plaintiffs over this same Request, and thus this

6  Request improperly seeks to bypass party discovery.

7      Whitesell will not produce documents in response to this Request.

8  **REQUEST FOR PRODUCTION NO. 81:**

9      Documents sufficient to identify each of Your Employees and agents involved in approving

10  or negotiating the terms of any Agreements or potential Agreements with any broadcaster of

11  Professional MMA Events (including PPV).

12  **RESPONSE TO REQUEST NO. 81:**

13      In addition to the General Objections set forth above, Whitesell objects to this Request as

14  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

15  calculated to lead to the discovery of relevant or admissible evidence, including because it calls

16  for documents related to "any Agreements" over a ten year period, extending beyond the time

17  period relevant to this Action, and it is not limited to documents related to individuals who may

18  have had some role in the claims and/or defenses at issue in this Action. Whitesell also objects to

19  the phrase "potential Agreements" as vague, ambiguous, and confusing. Whitesell further objects

20  to this Request to the extent it purports to require Whitesell to do anything beyond conducting a

21  reasonable search for non-objectionable, non-privileged, responsive documents and data.

22  Whitesell further objects to this Request to the extent it seeks documents that are not within

23  Whitesell's possession, custody, or control. Whitesell further objects to this Request as duplicative

24  of Request No. 65 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs

25  over this same Request, and thus this Request improperly seeks to bypass party discovery.

26      Whitesell will not produce documents in response to this Request.

27  **REQUEST FOR PRODUCTION NO. 82**

28      All Documents and Communications relating to Agreements between You and any

1  sponsors of the UFC or of the Professional MMA Fighters under contract with the UFC, including

2  without limitation all executed Agreements (and any amendments thereto), draft Agreements, and

3  all Documents and Communications relating to the negotiation of such Agreements, regardless of

4  whether an Agreement was executed.

5  **RESPONSE TO REQUEST NO. 82:**

6      In addition to the General Objections set forth above, Whitesell objects that this Request is

7  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

8  calculated to lead to the discovery of relevant or admissible evidence, including because it asks for

9  "All Documents and Communications" relating to all agreements with sponsors over a ten year

10  period, extending beyond the time period relevant to this Action, and it is not limited in scope to

11  documents relating to the claims and defenses at issue in this Action. Whitesell also objects to this

12  Request as seeking documents and information relating to fighters who would not be members of

13  the putative class and, thus, would have no likelihood of leading to the discovery of relevant or

14  admissible evidence. Whitesell further objects to the extent this Request calls for documents

15  protected from disclosure by the attorney-client privilege, workproduct doctrine, or any other

16  applicable privilege. Plaintiffs have neither asserted a monopolization claim in this Action, nor

17  alleged any anticompetitive conduct in connection with Endeavor's sponsorship agreements, if

18  any, and thus this Request is purely an impermissible fishing expedition into irrelevant materials.

19  Whitesell further objects to this Request to the extent it seeks documents that are not within

20  Whitesell's possession, custody, or control. Whitesell further objects to this Request as duplicative

21  of Request No. 66 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs

22  over this same Request, and thus this Request improperly seeks to bypass party discovery.

23      Whitesell will not produce documents in response to this Request.

24  **REQUEST FOR PRODUCTION NO. 83:**

25      Documents sufficient to identify each of Your Employees and/or agents involved in

26  approving or negotiating the terms of any Agreements or potential Agreements with any sponsors

27  of the UFC or the Professional MMA Fighters under contract with the UFC.

28  **RESPONSE TO REQUEST NO. 83:**

In addition to the General Objections set forth about, Whitesell objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it requests identification of all employees over a ten year period, extending beyond the time period relevant to this Action, and it is not limited in scope to documents relating to the claims and defenses at issue in this Action. Plaintiffs have neither asserted a monopolization claim in this Action, nor alleged any anticompetitive conduct in connection with Endeavor's sponsorship agreements, if any, and thus this Request is purely an impermissible fishing expedition into irrelevant materials. Whitesell further objects to this Request to the extent it purports to require Whitesell to do anything beyond conducting a reasonable search for nonobjectionable, non-privileged, responsive documents and data. Whitesell further objects to this Request to the extent it seeks documents that are not within Whitesell's possession, custody, or control. Whitesell further objects to this Request as duplicative of Request No. 67 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Whitesell will not produce documents in response to this Request.

## REQUEST FOR PRODUCTION NO. 84:

All Documents referencing or relating to the ability of any UFC Fighter to switch to and/or fight for, an actual or potential rival promotion. Responsive Documents include, but are not limited to, Documents referencing or relating to the costs to UFC Fighters and/or their managers or promoters associated with such a switch, any requirements or obligations imposed by a contract between the UFC and UFC Fighters, and/or Documents concerning communications or negotiations between the UFC and UFC Fighters with respect to a switch or potential switch from the UFC to a rival MMA Promoter.

## RESPONSE TO REQUEST NO. 84:

In addition to the General Objections set forth above, Whitesell objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to the discovery of relevant or admissible evidence, including because it calls for "All

1  Documents" over an a ten year period, extending beyond the time period relevant to this Action.

2  Whitesell also objects that the phrase "switch to and/or fight for" as used in this Request is vague

3  and ambiguous. Whitesell further objects to this Request as seeking documents and information

4  relating to fighters who would not be members of the putative class and, thus, would have no

5  likelihood of leading to the discovery of relevant or admissible evidence. Whitesell further objects

6  to this Request to the extent that it is duplicative of Request No. 61 to Zuffa, including to the extent

7  it seeks agreements between the UFC and UFC Fighters. Whitesell further objects to this Request

8  as duplicative of Request No. 68 to Endeavor. Endeavor has been actively meeting and conferring

9  with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

10  discovery.

11       Whitesell will not produce documents in response to this Request.

12  **REQUEST FOR PRODUCTION NO. 85:**

13       All communications between you and anyone else referencing or relating to this lawsuit or

14  Le, et al. v. Zuffa, LLC, 2:21-cv-1189-RFB-BNW (D. Nev.), or any of the named plaintiffs in

15  either of those cases, exclusive of any communications protected by the Attorney/Client Privilege.

16  **RESPONSE TO REQUEST NO. 85:**

17       In addition to the General Objections set forth above, Whitesell objects that this Request is

18  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

19  calculated to lead to the discovery of relevant or admissible evidence, including because it requests

20  "All Communications" and does not limit the scope of its request to communications relating to

21  any of the named plaintiffs in this Action, to the claims and defenses at issue in this Action, or to

22  the time period of the allegations in this Action. Whitesell further objects that this Request is

23  unintelligible and cannot be responded to because the case citation refers to a case name that is

24  different from the case number cited. Whitesell further objects to this Request to the extent it seeks

25  documents that are not within Whitesell's possession, custody, or control. Whitesell further objects

26  to this Request as duplicative of Request No. 69 to Endeavor. Endeavor has been actively meeting

27

28

1  and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to

2  bypass party discovery.

3       Whitesell will not produce documents in response to this Request.

4  **REQUEST FOR PRODUCTION NO. 86:**

5       All Documents referencing or relating to indemnification or defense (corporate or

6  individual), judgment sharing, joint defense, liability or responsibility for judgment in this action,

7  for You and any of your officers, including by way of example not limitation, indemnity

8  Agreements, joint defense Agreements, judgment sharing Agreements, tenders of defense, denials

9  or reservations of rights.

10  **RESPONSE TO REQUEST NO. 86:**

11       In addition to the General Objections set forth above, Whitesell objects to this Response as

12  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

13  calculated to lead to the discovery of relevant or admissible evidence, including because it requests

14  "All Documents" over a ten year period, extending beyond the time period relevant to this Action,

15  and it is not limited in scope to documents relating to the claims and defenses at issue in this

16  Action. Whitesell further objects because the phrases "indemnification or defense (corporate or

17  individual)" and "by way of example not limitation" are unintelligible as written. Whitesell further

18  objects to this Request to the extent it seeks documents that are not within Whitesell's possession,

19  custody, or control. Whitesell further objects to this Request as duplicative of Request No. 70 to

20  Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same

21  Request, and thus this Request improperly seeks to bypass party discovery.

22       Whitesell will not produce documents in response to this Request.

23  **REQUEST FOR PRODUCTION NO. 87:**

24       All Documents referencing or relating to any websites operated by You or on Your behalf,

25  including Documents sufficient to show who had responsibility for creating, maintaining, and

26  adding or deleting content (including any private messaging) to or from such websites.

27  **RESPONSE TO REQUEST NO. 87:**

28       In addition to the General Objections set forth above, Whitesell objects that this Request is

1   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

2   calculated to lead to the discovery of relevant or admissible evidence, including because it requests

3   "All Documents" over a ten year period, extending beyond the time period relevant to this Action,

4   and does not limit the scope of the Request to documents relating to the claims and defenses at

5   issue in this Action. Plaintiffs' Request seeking "All Documents" referencing or relating to "any

6   website operated by You or on Your behalf" for a ten years would require Whitesell to produce a

7   burdensome, unreasonable, and disproportionate number of documents, many of which would be

8   far outside the scope of this Action and have no likelihood of leading to the discovery of relevant

9   or admissible evidence. Whitesell also objects that the phrases "maintaining" and "on Your behalf"

10  as used in this Request are vague and ambiguous. Whitesell further objects to this Request to the

11  extent it seeks documents that are not within Whitesell's possession, custody, or control. Whitesell

12  further objects to this Request as duplicative of Request No. 71 to Endeavor. Endeavor has been

13  actively meeting and conferring with Plaintiffs over this same Request, and thus this Request

14  improperly seeks to bypass party discovery.

15      Whitesell will not produce documents in response to this Request.

16  **REQUEST FOR PRODUCTION NO. 88:**

17      Documents sufficient to identify each Person responsible for any Social Media account

18  operated by or on behalf of Zuffa, including documents sufficient to show who had responsibility

19  for creating, maintaining, and adding or deleting content (including any private messaging) to or

20  from such Social Media accounts.

21  **RESPONSE TO REQUEST NO. 88:**

22      In addition to the General Objections set forth above, Whitesell objects to this Request as

23  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

24  calculated to lead to the discovery of relevant or admissible evidence. Whitesell further objects to

25  the phrases "on behalf of Zuffa" and "maintaining" as vague and ambiguous. Whitesell further

26  objects to this Request to the extent it purports to require Whitesell to do anything beyond

27  conducting a reasonable search for non-objectionable, non-privileged, responsive documents and

28  data. Whitesell further objects to this Request to the extent it seeks documents that are not within

1   Whitesell's possession, custody, or control. Whitesell further objects to this Request as duplicative

2   of Request No. 72 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs

3   over this same Request, and thus this Request improperly seeks to bypass party discovery.

4         Whitesell will not produce documents in response to this Request.

5   **REQUEST FOR PRODUCTION NO. 89:**

6         All contracts or Agreements between the UFC and any Social Media organization.

7   **RESPONSE TO REQUEST NO. 89:**

8         In addition to the General Objections, Whitesell objects that this Request is overbroad to

9   the extent that it calls for "All contracts or Agreements" over a ten year time period, extending

10   beyond the time period relevant to this Action, and does not limit the agreements to issues relevant

11   to the claims or defenses at issue in this Action and thus is not reasonably calculated to lead to the

12   discovery of relevant or admissible evidence. Whitesell also objects that this Request is not

13   proportional to the needs of the case. Whitesell further objects to this Request to the extent it seeks

14   documents that are not within Whitesell's possession, custody, or control. Whitesell further objects

15   to this Request as duplicative of Request No. 73 to Endeavor. Endeavor has been actively meeting

16   and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to

17   bypass party discovery.

18         Whitesell will not produce documents in response to this Request.

19   **REQUEST FOR PRODUCTION NO. 90:**

20         All Documents and Communications relating to any content posted to any website or Social

21   Media relating to UFC Professional MMA Bouts, including Pre-Bout Event promotional content

22   and Post-Bout Event content.

23   **RESPONSE TO REQUEST NO. 90:**

24         In addition to the General Objections set forth above, Whitesell objects that this Request is

25   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

26   calculated to lead to the discovery of relevant or admissible evidence, including because it calls

27   for "All Documents and Communications" relating to "any content posted to any website" over a

28   ten year time period, extending beyond the time period relevant to this Action, it is not limited in

1   scope to documents related to the claims and defenses at issue in this Action, and it is not limited

2   to websites controlled by Whitesell or his employer, Endeavor, or statements made by Whitesell

3   acting in his capacity as an Endeavor employee. Whitesell further objects to this Request to the

4   extent that it seeks public information—including information in Plaintiffs' control—that is readily

5   accessible by Plaintiffs and which should be collected by Plaintiffs under the reasonableness and

6   proportionality standards set forth in the Federal Rules of Civil Procedure. Whitesell further

7   objects to this Request to the extent it seeks documents that are not within Whitesell's possession,

8   custody, or control. Whitesell further objects to this Request as duplicative of Request No. 74 to

9   Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same

10  Request, and thus this Request improperly seeks to bypass party discovery.

11          Whitesell will not produce documents in response to this Request.

12  **REQUEST FOR PRODUCTION NO. 91:**

13          All Documents, including any content posted to any website or Social Media, referencing

14  or relating to the Professional MMA Fighters under contract with the UFC.

15  **RESPONSE TO REQUEST NO. 91:**

16          In addition to the General Objections set forth above, Whitesell objects that this Request,

17  as phrased, is overbroad, unduly burdensome, not proportional to the needs of the case, and not

18  reasonably calculated to lead to the discovery of relevant or admissible evidence, including

19  because it calls for "All Documents" referencing or relating to "Professional MMA Fighters under

20  contract with the UFC" over a ten year time period, extending beyond the time period relevant to

21  this Action, and it is not limited in scope to documents relating to the claims and defenses at issue

22  in this Action. To the extent this Request calls for "content posted to any website or Social Media,"

23  Whitesell objects that it is not limited to website or Social Media controlled by Whitesell, or his

24  employer, Endeavor, or statements made by Whitesell acting in his capacity as an Endeavor

25  employee. Whitesell further objects that this Request seeks public information—including

26  information in Plaintiffs' control—that is readily accessible by Plaintiffs and which should be

27  collected by Plaintiffs under the reasonableness and proportionality standards set forth in the

28  Federal Rules of Civil Procedure. Whitesell further objects to this Request to the extent it purports

1  to require Whitesell to maintain information removed or deleted from website and/or Social Media

2  prior to the filing of this lawsuit. Whitesell further objects to this Request as seeking documents

3  and information relating to fighters who would not be part of the putative class and, thus, would

4  have no likelihood of leading to the discovery of relevant or admissible evidence. Whitesell further

5  objects to this Request to the extent it seeks documents that are not within Whitesell's possession,

6  custody, or control. Whitesell further objects to this Request as duplicative of Request No. 75 to

7  Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same

8  Request, and thus this Request improperly seeks to bypass party discovery.

9      Whitesell will not produce documents in response to this Request.

10  **REQUEST FOR PRODUCTION NO. 92**

11      All Documents, including any content posted to any website or Social Media, referencing

12  or relating to any Professional MMA Fighters not under contract with the UFC.

13  **RESPONSE TO REQUEST NO. 92:**

14      In addition to the General Objections set forth above, Whitesell objects that this Request is

15  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

16  calculated to lead to the discovery of relevant or admissible evidence, including because it calls

17  for "All Documents" referencing or relating to "Professional MMA Fighters not under contract

18  with the UFC" over a ten year time period, which extends beyond the time period relevant to this

19  Action, and it is not limited to documents relating to the claims and defenses at issue in this Action.

20  To the extent this Request calls for "content posted to any website or Social Media," Whitesell

21  objects that it is not limited to a website or Social Media controlled by Whitesell, or his employer,

22  Endeavor, or statements made by Whitesell acting in his capacity as an Endeavor employee.

23  Whitesell further objects that this Request seeks public information—including information in

24  Plaintiffs' control—that is readily accessible by Plaintiffs and which should be collected by

25  Plaintiffs under the reasonableness and proportionality standards set forth in the Federal Rules of

26  Civil Procedure. Whitesell further objects to this Request to the extent it purports to require

27  Whitesell to maintain information removed or deleted from any website and/or Social Media prior

28  to the filing of this lawsuit. Whitesell further objects to this Request to the extent it seeks

1  documents that are not within Whitesell's possession, custody, or control. Whitesell further objects

2  to this Request as duplicative of Request No. 76 to Endeavor. Endeavor has been actively meeting

3  and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to

4  bypass party discovery.

5      Whitesell will not produce documents in response to this Request.

6  **REQUEST FOR PRODUCTION NO. 93:**

7      All Documents, including any content posted to any website or Social Media, referencing

8  or relating to any other MMA promoter, including without limitation any references to UFC's

9  acquisition or potential acquisition of any other MMA promoter.

10 **RESPONSE TO REQUEST NO. 93:**

11     In addition to the General Objections set forth above, Whitesell objects that this Request is

12 overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

13 calculated to lead to the discovery of relevant or admissible evidence, including because it requests

14 "All Documents" "referencing or relating to any other MMA promoter" over a ten yea time period,

15 which extends beyond the time period relevant to this Action and it is not limited to documents

16 relating to the claims and defenses at issue in this Action. To the extent this Request calls for

17 "content posted to any website or Social Media," Whitesell objects that it is not limited to a website

18 or Social Media controlled by Whitesell, or his employer, Endeavor or statements made by

19 Whitesell acting in his capacity as an Endeavor employee. Whitesell further objects to this Request

20 to the extent that it seeks public information—including information in Plaintiffs' control—that is

21 readily accessible by Plaintiffs and which should be collected by Plaintiffs under the

22 reasonableness and proportionality standards set forth in the Federal Rules of Civil Procedure.

23 Whitesell further objects to this Request to the extent it seeks documents that are not within

24 Whitesell's possession, custody, or control. Whitesell further objects to this Request as duplicative

25 of Request No. 77 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs

26 over this same Request, and thus this Request improperly seeks to bypass party discovery.

27     Whitesell will not produce documents in response to this Request.

28

NON-PARTY PATRICK WHITESELL'S RESPONSES
AND OBJECTIONS TO PLAINTIFFS' SUBPOENA
Case No. 21-cv-01189-RFB-BNW

1  **REQUEST FOR PRODUCTION NO. 94:**

2      All Documents referencing or relating to Zuffa's registration with any regulatory bodies

3  governing the MMA industry. Include all Documents referencing or relating to any suspensions of

4  Zuffa for any reason by any government agency or any Person responsible for regulation,

5  supervision, licensing, permitting or safety of Professional MMA Bouts and Professional MMA

6  Fighters.

7  **RESPONSE TO REQUEST NO. 94:**

8      In addition to the General Objections set forth above, Whitesell objects to this Request as

9  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

10  calculated to lead to the discovery of relevant or admissible evidence, including because it seeks

11  "All Documents" over a ten year time period, which extends beyond the time period relevant to

12  this Action, and it is not limited to documents related to the claims and defenses at issue in this

13  Action. Whitesell further objects to this Request to the extent it seeks documents that are not within

14  Whitesell's possession, custody, or control. Whitesell further objects to this Request as duplicative

15  of Request No. 78 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs

16  over this same Request, and thus this Request improperly seeks to bypass party discovery.

17      Whitesell will not produce documents in response to this Request.

18  **REQUEST FOR PRODUCTION NO. 95:**

19      All Documents and Communications relating to Meetings or the business of Your Board

20  of Directors, including without limitation all agendas, minutes, presentations, Agreements, and

21  resolutions created by or for the Board of Directors, and including all Documents and

22  Communications directed to and presented by management or outside professionals, which address

23  capital raises, business combinations, dividends and any other executive compensation matters.

24  **RESPONSE TO REQUEST NO. 95:**

25      In addition to the General Objections set forth above, Whitesell objects to this Request as

26  overboard, unduly burdensome, not proportional to the needs of the case, and not reasonably

27  calculated to lead to the discovery of relevant or admissible evidence, including because it seeks

28  "All Documents and Communications" over a ten year time period, extending beyond the time

period relevant to this Action, and it is not limited to documents related to the claims and defenses at issue in this Action. Whitesell also objects that the phrase "directed to and presented by management and outside professionals" is vague and ambiguous. Whitesell further objects to this Request to the extent it seeks documents that are not within Whitesell's possession, custody, or control. Whitesell further objects to this Request as duplicative of Request No. 79 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Whitesell will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 96:**

All Documents and Communications reflecting or relating to Your relationship with Mubadala Investment Company, Khaldoon Al Mubarak, or any other executive, employee, agent, or representative of Mubadala Investment Company, including without limitation all Documents and Communications reflecting or relating to any financial transactions between You and Mubadala, including without limitation any loans, purchases of equity or other ownership shares, purchases of any debt, the provision of any gifts or any other unilateral provision of anything of value, or any other transfer or exchange involving capital and/or anything of value.

**RESPONSE TO REQUEST NO. 96:**

In addition to the General Objections set forth above, Whitesell objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it calls for "All Documents and Communications" over a ten year period, extending beyond the time period relevant to this Action, and it is not limited in scope to documents relating to the claims and defenses at issue in this Action. Whitesell also objects that the phrases "reflecting or relating to Your relationship," "unilateral provision of anything of value," and "transfer or exchange involving... anything of value" are vague and ambiguous. Whitesell further objects to this Request to the extent it seeks documents that are not within Whitesell's possession, custody, or control. Whitesell further objects to this Request as duplicative of Request No. 80 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this

1    Request improperly seeks to bypass party discovery.

2         Whitesell will not produce documents in response to this Request.

3    **REQUEST FOR PRODUCTION NO. 97:**

4         All Documents and Communications relating to the production of any Professional MMA

5    Event in or on any location owned or controlled by Abu Dhabi, United Arab Emirates.

6    **RESPONSE TO REQUEST NO. 97:**

7         In addition to the General Objections set forth above, Whitesell objects to this Request as

8    overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

9    calculated to lead to the discovery of relevant or admissible evidence, including because it calls

10   for "All Documents and Communications relating to the production of any Professional MMA

11   event" over a ten year time period, extending beyond the time period relevant to this Action, and

12   it is not limited in scope to documents relating to the claims and defenses at issue in this Action.

13   Whitesell also objects that the phrases "the production of" and "or controlled by" are vague and

14   ambiguous. Whitesell further objects to this Request to the extent it seeks documents that are not

15   within Whitesell's possession, custody, or control. Whitesell further objects to this Request as

16   duplicative of Request No. 81 to Endeavor. Endeavor has been actively meeting and conferring

17   with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

18   discovery.

19        Whitesell will not produce documents in response to this Request.

20   **REQUEST FOR PRODUCTION NO. 98:**

21        All Communications between You and Silver Lake Group, LLC ("SLP"), including any of

22   its predecessors, successors, affiliates, or any Person SLP manages or controls, along with their

23   executives, employees, agents, or representatives, relating to the acquisition of Zuffa, LLC or the

24   merger of Zuffa Parent LLC with World Wrestling Entertainment.

25   **RESPONSE TO REQUEST NO. 98:**

26        In addition to the General Objections set forth above, Whitesell objects to this Request as

27   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

28   calculated to lead to the discovery of relevant or admissible evidence, including because it calls

1    for material beyond the time period relevant to this Action and is unrelated to the claims and

2    defenses at issue in this Action (which does not concern any acquisition or merger of Zuffa) by

3    requesting "All Communications" with a third party relating to the acquisition of Zuffa or the

4    merger of Zuffa Parent LLC with World Wrestling Entertainment. Whitesell also objects that the

5    phrase "predecessors, successors, affiliates, or any Person SLP manages or controls" is vague and

6    ambiguous. Whitesell further objects to this Request to the extent it seeks documents that are not

7    within Whitesell's possession, custody, or control. Whitesell further objects to this Request as

8    duplicative of Request No. 82 to Endeavor. Endeavor has been actively meeting and conferring

9    with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

10   discovery.

11          Whitesell will not produce documents in response to this Request.

12   **REQUEST FOR PRODUCTION NO. 99:**

13          All Communications between You and Kohlberg Kravis Roberts & Co. ("KKR"),

14   including any of its predecessors, successors, affiliates, or any Person KKR manages or controls,

15   along with their executives, employees, agents, or representatives, relating to the acquisition of

16   Zuffa, LLC or the merger of Zuffa Parent LLC with World Wrestling Entertainment.

17   **RESPONSE TO REQUEST NO. 99:**

18          In addition to the General Objections set forth above, Whitesell objects to this Request as

19   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

20   calculated to lead to the discovery of relevant or admissible evidence, including because it calls

21   for material beyond the time period relevant to this Action and unrelated to the claims and defenses

22   at issue in this Action (which does not concern any acquisition or merger of Zuffa) by requesting

23   "All Communications" with a third party relating to the acquisition of Zuffa or the merger of Zuffa

24   Parent LLC with World Wrestling Entertainment. Whitesell also objects that the phrase

25   "predecessors, successors, affiliates, or any Person KKR manages or controls" is vague and

26   ambiguous. Whitesell further objects to this Request to the extent it seeks documents that are not

27   within Whitesell's possession, custody, or control. Whitesell further objects to this Request as

28   duplicative of Request No. 83 to Endeavor. Endeavor has been actively meeting and conferring

1  with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

2  discovery.

3        Whitesell will not produce documents in response to this Request.

4  **REQUEST FOR PRODUCTION NO. 100:**

5        All Communications between You and MSD Capital, L.P. ("MSD") or its successor DFO

6  Management ("DFO"), including any of its predecessors, successors, affiliates, or any Person

7  MSD or DFO manages or controls, along with their executives, employees, agents, or

8  representatives, relating to the acquisition of Zuffa, LLC or the merger of Zuffa Parent LLC with

9  World Wrestling Entertainment.

10  **RESPONSE TO REQUEST NO. 100:**

11        In addition to the General Objections set forth above, Whitesell objects to this Request as

12  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

13  calculated to lead to the discovery of relevant or admissible evidence, including because it calls

14  for material beyond the time period relevant to this Action and unrelated to the claims and defenses

15  at issue in this Action (which does not concern any acquisition or merger of Zuffa) by requesting

16  "All Communications" with a third party relating to the acquisition of Zuffa or the merger of Zuffa

17  Parent LLC with World Wrestling Entertainment. Whitesell also objects that the phrase

18  "predecessors, successors, affiliates, or any Person MSD or DFO manages or controls" is vague

19  and ambiguous. Whitesell further objects to this Request to the extent it seeks documents that are

20  not within Whitesell's possession, custody, or control. Whitesell further objects to this Request as

21  duplicative of Request No. 84 to Endeavor. Endeavor has been actively meeting and conferring

22  with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

23  discovery.

24        Whitesell will not produce documents in response to this Request.

25

26

27

28

1  Dated: April 2, 2025                        Respectfully Submitted,

2                                              /s/ *Christopher S. Yates*
   WILLIAM A. ISAACSON (*Pro hac vice*)        CHRISTOPHER S. YATES (*Pro hac vice*)
3  wisaacson@paulweiss.com                     chris.yates@lw.com
   KAREN L. DUNN (*Pro hac vice*)              AARON T. CHIU (*Pro hac vice*)
4  ldunn@paulweiss.com                         aaron.chiu@lw.com
   JESSICA PHILLIPS (*Pro hac vice*)           LATHAM & WATKINS LLP
5  jphillips@paulweiss.com                     505 Montgomery Street, Suite 2000
   PAUL, WEISS, RIFKIND, WHARTON &             San Francisco, CA 94111
6  GARRISON LLP                                Tel: (415) 395-8095
   2001 K Street, NW
7  Washington, DC 20006                        SEAN M. BERKOWITZ (*Pro hac vice*)
                                               sean.berkowitz@lw.com
8  BRETTE M. TANNENBAUM (*Pro hac vice*)       LATHAM & WATKINS LLP
   btannenbaum@paulweiss.com                   330 North Wabash Ave, Suite 2800
9  YOTAM BARKAI (*Pro hac vice*)               Chicago, IL 60611
   ybarkai@paulweiss.com
10 PAUL, WEISS, RIFKIND, WHARTON &             LAURA WASHINGTON (*Pro hac vice*)
   GARRISON LLP                                laura.washington@lw.com
11 1285 Avenue of the Americas                 LATHAM & WATKINS LLP
   New York, NY 10019                          10250 Constellation Blvd, Suite 1100
12                                             Los Angeles, CA 90067

13 DONALD J. CAMPBELL (No. 1216)
   djc@campbellandwilliams.com                 DAVID L. JOHNSON (*Pro hac vice*)
   J. COLBY WILLIAMS (No. 5549)                david.johnson@lw.com
14 jcw@campbellandwilliams.com                 LATHAM & WATKINS LLP
   CAMPBELL & WILLIAMS                         555 Eleventh Street NW, Suite 1000
15 700 South 7th Street                        Washington, D.C. 20004
   Las Vegas, Nevada 89101
16 Tel: (702) 382-5222

17 *Attorneys for Defendants Zuffa, LLC, TKO Operating Company, and Endeavor Group Holdings, Inc.*

18

19

20

21

22

23

24

25

26

27

28