# EXHIBIT 5

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of Nevada

| | |
|---|---|
| Johnson et al | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No.  2:21-cv-01189-RFB-BNW |
| Zuffa, LLC dba Ultimate Fighting Championship et al | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                   Jason Lublin

_____
_(Name of person to whom this subpoena is directed)_

✔ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A.

| Place: Your offices or another mutually agreeable location, including electronically. | Date and Time:<br><br>04/17/2025 5:00 pm |
|---|---|

❑ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   03/18/2025

_CLERK OF COURT_

                                             OR

_____                    /s/ Joseph R. Saveri
_Signature of Clerk or Deputy Clerk_                        _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_   Plaintiffs
_____, who issues or requests this subpoena, are:

Joseph R. Saveri, 601 California Street, #1505, San Francisco, CA 94108, (415) 500-6800, jsaveri@saverilawfirm.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  2:21-cv-01189-RFB-BNW

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

### I.    DEFINITIONS

1.  The following rules of construction should apply to all discovery requests:

    a)  "**All**" should be construed to include the collective as well as the singular and shall mean "each," "any," and "every."

    b)  "**And**" and "**or**" should be construed so as to require the broadest possible response. If, for example, a request calls for information about "A or B" or "A and B," You should produce all information about A and all information about B, as well as all information about A and B collectively. In other words, "or" and "and" should be read as "and/or."

    c)  "**Any**" shall be construed to mean "any and all."

    d)  "**Including**" shall be construed to mean "without limitation." "Including" is used to emphasize certain types of documents requested and should not be construed as limiting the request in any way.

    e)  "**Relating to**," "**referring to**," "**regarding**," or "**with respect to**" mean, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

    f)  The use of the singular form of any word includes the plural and vice versa.

    g)  Unless otherwise indicated, the use of the present tense of any verb shall be construed to include the past tense going back to the beginning of the Relevant Time Period, and the use of the past tense shall be construed to run from the beginning of the Relevant Time Period until the scheme alleged by Plaintiffs ends.

2.  "**Action**" means *Kajan Johnson, et al. v. Zuffa, LLC, et al.*, No. 2:21-cv-01189 (D. Nev.).

3.  "**Agreement**" means any oral or written contract, arrangement or understanding, whether formal or informal, between two or more persons, together with all modifications and amendments thereto.

4.  "**Communication**" means without limitation, oral or written communications of any kind, such as electronic communications, direct communications through social media (including without limitation direct messaging, instant messaging, chatting or emailing within a social media platform), facsimiles, telephone communications, correspondence, exchange of written or recorded information, or face-to-face meetings. The phrase "communication between" is defined to include instances where one party addresses the other party but the other party does not necessarily respond. The phrase "communication" includes all attachments to e-mail messages.

5.  "**Date**" means the exact day, month and year, if ascertainable, or the best available approximation, including any relationship to other known events (designate whether exact or approximate).

6.  "**Defendants**" means Zuffa and Endeavor as those terms are defined herein.

7.  "**Document(s)**" shall mean and include all "writings," "recordings" or "photographs" as those terms are defined in Federal Rule of Civil Procedure 34 and Rule 1001 of the Federal Rules of Evidence. Without limiting the generality of the foregoing, the term "Documents" includes both hard copy documents and electronically stored data files including but not limited to e-mail, instant messaging, social media content (including without limitation public content such as Tweets, YouTube submissions, Facebook posts, and posts to any public electronic billboard, as well as private content such as direct messaging, instant messaging, chats, and email), shared network files and databases. "Documents" also includes, without limitation and regardless of whether stored in hard copy or electronically, any letters, correspondence, memoranda, analyses, legal pleadings,

calendars, diaries, travel records, summaries, records of telephone conversations, telegrams, notes, reports, compilations, notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, audiotapes, film and sound reproductions, e-mails, internal or external web sites, audio or video discs data on magnetic or optical storage media (e.g., servers, storage area networks, interconnected remote servers (so-called "cloud computing"), hard drives, backup tapes, CDs, DVDs, Blu-ray, DVD-HD, USB/thumb/flash drives, floppy disks or any other type of portable storage device, etc.) stored as an "active" or backup file, in its native format, computer files, discs and drives, sales, advertising and promotional literature, agreements, stored recordings, minutes or other records of meetings, all written or graphic records or representations of any kind, and all mechanical or electronic data, records or representations of any kind.

8. "**Electronically Stored Information**," abbreviated as "**ESI**" has the same meaning and scope as it has in the Federal Rules of Civil Procedure and includes, without limitation, the following:

a) structured and unstructured data, as those terms are defined in The Sedona Conference Glossary, available at www.thesedonaconference.org/publications;

b) activity listings of electronic mail receipts and/or transmittals;

c) output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, text messages (SMS, MMS or TMS), iMessages, Blackberry Messenger (BBM), AOL Instant Messenger™ (or similar program), social media (including without limitation Twitter, LinkedIn, YouTube, Facebook, Instagram, and any other internet based messaging system) or bulletin board programs, operating

systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

d) any and all items stored on computer memories, hard disks, floppy disks, CD discs, DVD discs, flash drives, thumb drives, memory cards, magnetic tape, microfiche, off-site interconnected servers (so-called "cloud computing"), or in any other vehicle for digital data storage and/or transmittal, such as, but not limited to, a personal digital assistant (*e.g.*, Blackberry, Smart Phone or similar device) and file folder tabs, and/or containers and labels appended to, or relating to, any physical storage device associated with each original and/or copy of all documents requested herein;

e) any and all items stored on voice-mail systems, websites, company intranet sites, chat rooms and social networking websites (*e.g.*, Facebook, LinkedIn, Twitter, and social websites listed at http://en.wikipedia.org/wiki/List of social networking websites); and

f) any and all data, data compilations, and data analyses.

9. "**Employee**" means, without limitation, any current or former officer, director, executive, manager, member, secretary, staff member, consultant, messenger, agent or other person who is or was employed by a Person or entity.

10. "**Endeavor**" means Endeavor Group Holdings, Inc., and its executives, employees, agents, owners, and all predecessors, successors, subsidiaries, departments, divisions, and/or affiliates, including without limitation any organization or entity involved in the promotion, regulation, or support of MMA Events in which Endeavor owns a controlling share or which Endeavor manages or controls (including without limitation Endeavor Operating Company, LLC, TKO Operating Company, LLC (f/k/a Zuffa Parent, LLC), World Wrestling Entertainment, Inc., TKO Group

4

Holdings, Inc. (f/k/a New Whale Inc.), Whale Merger Sub Inc., Zuffa, LLC, and any parent of or successor to Zuffa, LLC), together with all present and former directors, members, officers, employees, agents, representatives or any persons acting or purporting to act on Endeavor's behalf.

11. "**Identify**," when used in reference to an individual employee, means to produce documents sufficient to identify: the person's full name, last known business and home address; date of birth; social security number; title or position and period of service in each such position; immediate supervisor in each position; business and home telephone numbers (including voice, cellular and facsimile phone numbers) assigned to or used by such person and the period during which such numbers were assigned to be used by that person; and business and home electronic mail identifiers and the period during which such identifiers were assigned to and used by that person.

12. "**Identity**" of a Professional MMA Fighter means that person's name, sobriquet, voice, persona, signature, likeness and/or biographical information.

13. "**Include**," "**Includes**," and "**Including**" shall be construed to mean "without limitation" and should not be construed as limiting the request in any way.

14. "**Meeting**" means, without limitation, any assembly, convocation, encounter, or contemporaneous presence of two or more persons for any purpose, whether planned or arranged, scheduled or not. Meeting attendees may be present in person or by electronic means including, but not limited to, teleconference and videoconference.

15. "**Merchandise**" means any apparel, footwear, hats, publications, posters, photographs, memorabilia, souvenirs, toys, collectibles, action figures, trading cards, video games, and any and all other similar type products, including the sleeves, jackets, and packaging for such products.

16. "**Merchandise Rights**" means the right to use, edit, disseminate, display, reproduce, print,

publish and make any other uses of the name, sobriquet, voice, persona, signature, likeness and/or biographical information (collectively, "Identity") of an MMA Fighter solely in connection with the development, manufacture, distribution, marketing and sale of Licensed Merchandise.

17. "**Mixed Martial Arts**" or "**MMA**" means a competitive individual sport in which competitors use interdisciplinary forms of martial arts that include, *e.g.*, jiu-jitsu, judo, karate, boxing, kickboxing, taekwondo, and/or wrestling to their strategic and tactical advantage in a supervised match. Scoring in live Professional MMA Bouts is based on athletic commission-approved definitions and rules for striking (blows with the hand, feet, knees or elbows) and grappling (submission holds, chokeholds, throws or takedowns).

18. "**MMA Fighter**" means any Person who participates as a combatant in an MMA bout.

19. "**MMA Industry**" means the business of promoting live MMA bouts and may also include the promotion of Pay-Per-View MMA events to generate Pay-Per-View revenues and ticket sales as well as ancillary activities such as: the sale of live and taped television programming, video-on-demand, merchandise (videos, DVDs, video games, apparel, hats, sporting equipment, etc.), event and fighter sponsorships, and the collection of MMA-related copyright and trademark royalties.

20. "**MMA Promoter**" or "**MMA Promotion**" means a person or entity that arranges **Professional MMA Events**.

21. "**Pay-Per-View**" or "**PPV**" means a "**Pay-Per-View**" or "**PPV**" means a type of pay television or broadcast service by which a subscriber of an Internet or television service provider can purchase events to view live via private telecast or Internet broadcast. The events are typically purchased live, but can also be purchased for several weeks after an event first airs. Events can be purchased using an on-screen guide, an automated telephone system, on the Internet or through a live customer service representative.

22. "**Person**" means, without limitation, any natural person, corporation, partnership, limited liability company, proprietorship, joint venture, trust, association, government entity, group or other form of legal entity.

23. "**Plaintiff(s)**" means Kajan Johnson, C.B. Dollaway and Tristen Connelly, and any named plaintiffs in any subsequently filed actions which are related to or consolidated with the Action in the court with jurisdiction over the cases.

24. "**Possession, Custody or Control**" when referring to Documents or other tangible objects means any Document or other tangible object You have access to regardless of whether You have actual possession of the document or other tangible object. This includes Documents You have the legal right to obtain or for which You have control over the person who has control of the Document, including without limitation Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or Your attorneys or their agents, employees, representatives or investigators.

25. "**Post-Bout Event**" means any interviews and press conferences that follow and relate to a Professional MMA Bout.

26. "**Pre-Bout Event**" means training, interviews, press conferences, weigh-ins and behind-the-scenes footage that precede, and relate to, a Professional MMA Bout.

27. "**Professional MMA Bout**" means a bout between two Professional MMA Fighters.

28. "**Professional MMA Event**" means one or more Professional MMA Bouts presented by an MMA Promoter before a live audience and/or for broadcast.

29. "**Professional MMA Fighter**" means an MMA Fighter who is compensated as a combatant in an MMA bout.

30. **Promotional Rights and Ancillary Rights Agreement**" means an Agreement between

Endeavor and a UFC Fighter regarding any combination of rights to site fees, live-gate receipts, advertising fees, sponsorship fees, motion pictures, all forms of radio, all forms of television (including live or delayed, interactive, home or theater, pay, PPV, satellite, closed circuit, cable, subscription, multi-point, master antenna, or other), telephone, wireless, computer, CD-ROM, DVD, any and all Internet applications, films and tapes for exhibition in any and all media and all gauges, including but not limited to, video and audio cassettes and disks, home video and computer games, arcade video games, hand-held versions of video games, video slot machines, photographs (including raw footage, out-takes and negatives), merchandising and program rights, in connection with or based upon the UFC brand, UFC Professional MMA Bouts, UFC Professional MMA Events, UFC Pre-Bout Events, or UFC Post-Bout Events.

31. "**Relating to**," "**referring to**," "**regarding**," or "**with respect to**" mean, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

32. "**Social Media**" means any web-hosted applications that facilitate public posting of words, images or video and audio recordings, and private interactions such as private messaging or email, among users. Examples of Social Media include, without limitation, Twitter, Facebook, YouTube, Instagram, Pinterest, My Space, and Truth Social.

33. "**Sponsor**" means any corporate entity which pays or seeks to pay a monetary consideration to a Professional MMA Fighter or an MMA Promoter in exchange for the right to display its products, logo or other promotional materials in connection with such fighter or promoter; or the act of paying a monetary consideration to a Professional MMA Fighter or an MMA Promoter in

exchange for the right to display a Person's products, logo or other promotional materials in connection with such fighter or promoter.

34. "**TKO**" means TKO Operating Company, LLC and all predecessors, successors, subsidiaries, departments, divisions, and/or affiliates, including without limitation any organization or entity which the responding Defendant manages or controls, together with all present and former directors, members, officers, employees, agents, representatives or any persons acting or purporting to act on behalf of the responding Defendant.

35. "**UFC**" means Zuffa, LLC, Ultimate Fighting Championship, TKO Operating Company, LLC, and all predecessors, successors, subsidiaries, departments, divisions, and/or affiliates, including without limitation any organization or entity which the responding Defendant manages or controls, together with all present and former directors, members, officers, employees, agents, representatives or any persons acting or purporting to act on behalf of the responding Defendant, including: Zuffa Australia, LLC; Zuffa Aviation, LLC; Zuffa Brazil, LLC; Zuffa Canada, LLC; Zuffa Expo, LLC; Zuffa Fit 360, LLC; Zuffa Fitness Elite, LLC; Zuffa Fitness, LLC; Zuffa Holding Company, LLC; Zuffa Interactive Investor, LLC; Zuffa International, LLC; Zuffa Ireland, LLC; Zuffa Landco, LLC; Zuffa Mali, LLC; Zuffa Marketing, LLC; Zuffa Mexico, LLC; Zuffa Music, LLC; Zuffa On Demand, LLC; Zuffa Pipco 1, LLC; Zuffa Records, LLC; Zuffa Taps, LLC; and Zuffa Zen, LLC, and also including all entities that UFC merged with or acquired, such as, e.g., Explosion Entertainment, LLC (d/b/a Strikeforce), World Extreme Cagefighting, World Fighting Alliance, and Pride Fighting Championships.

36. "**UFC Fighter**" means a person who is paid by the UFC for participating in one or more Professional MMA Bouts promoted by the UFC or whose Identity was acquired for use by the UFC.

37. "**You**" or "**Your**" Jason Lublin, any organization or entity which **You** manage, control, have an ownership interest in. or are employed by; and any employees, agents, representatives or persons acting or purporting to act on Your behalf.

38. "**Zuffa**," "**UFC**," or "**Defendant**" all mean Ultimate Fighting Championship, UFC, TKO Operating Company, LLC ("**TKO OpCo**") (f/k/a Zuffa Parent LLC), a Delaware limited liability company and the direct subsidiary of TKO Group Holdings, Inc., a Delaware corporation ("**TKO Group Holdings**"), Endeavor Group Holdings, Inc., a Delaware corporation ("**Endeavor**"), and all predecessors, successors, subsidiaries, departments, divisions, acquisitions, affiliates and any organization or entity TKO OpCo or TKO Group Holdings manages or controls, together with all present and former directors, members, officers, employees, agents, representatives or any persons acting or purporting to act on TKO OpCo's behalf including, without limitation, Ariel Emanuel, Dana White, Mark Shapiro, Patrick Whitsell, Ike Lawrence Epstein, Lorenzo Fertitta or Hunter Campbell.

## II.    <u>INSTRUCTIONS</u>

1. In producing Documents, You are requested to furnish all Documents or things in Your possession, custody or control, regardless of the physical location of the Documents, or whether such Documents or other materials are possessed directly by You or Your directors, officers, agents, employees, representatives, managing agents, affiliates, investigators, or by Your attorneys or their agents, employees, representatives or investigators.

2. If any Document covered by these requests is withheld by reason of a claim of attorney-client privilege, attorney work product protection, or any other privilege or protection, please furnish a log providing the following information with respect to each such withheld document: date, author, recipients, general subject matter sufficient to make a prima facie determination

whether the asserted privilege has been properly invoked, and legal basis upon which the document has been withheld.

3.  In producing Documents, You are requested to produce the original of each Document requested, together with all non-identical copies and drafts of such Document. If the original of any Document cannot be located, a copy shall be produced in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

4.  If any requested Document cannot be produced in full, You are to produce it to the extent possible and indicate which Document or portion of such Document is being withheld, and the reason it is being withheld.

5.  Documents not otherwise responsive to these Requests shall be produced if such Documents mention, discuss, refer to, or explain the Documents that are called for by these Requests, or if such Documents are attached to Documents called for by these Requests and constitute routing slips, transmittal memoranda, letters, cover sheets, comments, evaluation or similar materials.

6.  All Documents shall be produced in the same order as they are kept or maintained by You. If any Documents have been removed from the files in which they were found for purposes of producing them in response to these Requests, indicate for each Document the file(s) in which the Document(s) was (or were) originally located.

7.  In responding to these Requests You are to include Documents: (a) obtained from witnesses who gave information to any governmental agency or other investigatory or regulatory body as part of any investigation of the UFC or of the MMA Industry generally; (b) that constitute, or refer or relate to, summaries of testimony or other statements given in connection with such investigations; or (c) obtained on Your behalf by counsel in preparing for testimony or interviews

11

in connection with such investigations.

8.  If a Document once existed and has subsequently been lost, destroyed, or is otherwise missing, please provide sufficient information to identify the Document and state the details concerning its loss.

9.  With respect to any Document maintained or stored electronically, please harvest it in a manner that maintains the integrity and readability of all data, including all metadata.

10. Unless otherwise agreed, all ESI should be produced in native format via a secure file transfer protocol, or on compact disc(s), DVD disc(s) or zip drives in the original electronic file format(s) of the Documents.

11.  Please produce all Documents maintained or stored electronically in native, electronic format with all relevant metadata intact. Encrypted or password-protected documents should be produced in a form permitting them to be reviewed. You are also requested to immediately meet and confer regarding the manner in which You shall produce Documents stored electronically in order for the parties to try and reach agreement in this regard and avoid any unnecessary expense.

12. Please organize electronic Documents produced for inspection in the same manner that You store them (e.g., if maintained by a custodian, such as e-mail residing on an e-mail server, please organize documents for production by custodian; if maintained as a subfolder of "My Documents" on a custodian's hard drive, please organize documents for production by custodian with path information preserved, etc.).

13. All ESI should be produced in accordance with the Stipulated Order Re: Discovery of Electronically Stored Information, approved by the Court on December 6, 2023, ECF No. 115.

14. Documents attached to each other should not be separated, including, but not limited to, hard-copy versions of Documents attached to hard-copy printouts of e-mails produced pursuant to

these Requests.

15. At Your election, documents maintained or stored in paper, hard-copy form can be produced as searchable .PDF (i.e., portable document format files with embedded text) and in an appropriate and usable manner (e.g., by copying such data onto an external hard drive).

16. These requests require production of paper documents in the same form and same order as they are kept in the usual course of business, or organized and labeled to correspond with the requests set forth below. If You choose the former method, the documents are to be produced in the boxes, file folders, binders and other containers in which the documents are found. The titles, labels or other descriptions on the boxes, file folders, binders or other containers are to be left intact.

17. Documents stored as electronic data on magnetic, optical, or other storage media as "active" or "backup" files shall be produced in their native formats with any associated metadata.

18. To the extent responsive Documents reside on databases and other such systems and files, You are requested to produce the relevant database in useable form and/or permit access for inspection, review, and extraction of responsive information.

19. To the extent responsive Documents are in languages other than English, the parties shall meet and confer to discuss the format of production prior thereto.

20. No part of a document request shall be left unanswered merely because an objection was interposed to another part of the document request.

21. If You object to any document request or subpart thereof, the objection shall state with specificity all grounds. Any ground not stated shall be waived.

22. If You are unable to answer any document request, the reasons for Your inability to answer shall be separately stated in detail for each document request.

23. Failure to provide information in response to these document requests will be deemed a waiver of Your right to produce such evidence at trial. Plaintiffs reserve the right to move to preclude the introduction of any evidence not produced in response to these requests.

24. Category headings herein are for convenience and should not be relied upon to modify, limit, alter or otherwise influence in any way how to interpret these document requests.

## III.   **RELEVANT TIME PERIOD**

Unless otherwise noted herein, the relevant time period of these document requests is January 1, 2015, until the present (the "**Relevant Time Period**"). These document requests seek all responsive Documents created or generated during the Relevant Time Period, as well as responsive Documents created or generated outside the Relevant Time Period, but which contain information concerning the Relevant Time Period.

## IV.   **PRODUCTION REQUESTS**

### **Document Request No. 1**

Documents sufficient to identify each electronic device that You used to transmit or receive Communications during the Relevant Time Period, including but not limited to cellular telephones, laptop or notebook computers, desktop computers, and portable tablets, including but not limited to Any electronic device that You purchased, that was purchased for You, or that was issued to You by Defendants.

### **Document Request No. 2**

Documents sufficient to identify the telephone number and provider or carrier of each cellular telephone identified in response to Request No. 1.

### **Document Request No. 3**

Documents sufficient to identify when You first started using and, if applicable, when You

stopped using, each mobile telephone number identified in response to Request No. 2.

## **Document Request No. 4**

Documents sufficient to identify each messaging account or social media account that You used during the Relevant Time Period, including but not limited to Discord, Facebook, Google Chat, iMessage, Instagram, Kik, Microsoft Teams, Reddit, Signal, Skype, Slack, Snapchat, Telegram, TikTok, Truth Social, Whatsapp, WeChat, Zoom, X (Twitter), etc.

## **Document Request No. 5**

Documents sufficient to identify All username(s) and social media handle(s) for each account identified in response to Request No. 4

## **Document Request No. 6**

Documents sufficient to identify each email account that You used during the Relevant Time Period.

## **Document Request No. 7**

All Documents and Communications relating to Your role and activities relating to the distribution of UFC Events, including, without limitation, materials reflecting or describing any strategy for distributing UFC Events, the criteria any broadcast or distribution partners require concerning UFC Events (e.g., whether particular UFC Fighters must be available to appear, whether UFC Fighters of a particular rank must be available to appear, whether any particular UFC Event or proportion or set of UFC Events must include a championship bout), and/or advice or support You provide or provided to the UFC concerning its distribution of UFC Events.

## **Document Request No. 8**

All Documents and Communications relating to Your role in producing UFC Events, including materials relating to expenditures You made in connection with such Event production, Your

personnel's roles in UFC Event production, and any contracts or Agreements relating to Your

role in producing UFC Events, and any Documents or Communications reflecting Your control

or influence over the contents of UFC Events (e.g., which UFC Fighters will appear at the Event,

the number and/or timing of UFC Events, the number and/or order of UFC Fighters appearing on

a UFC Event card.

### Document Request No. 9

Documents and Communications sufficient to identify all of Your costs and expenses associated

with producing UFC Events, including a final profit and loss calculation for each UFC Event.

### Document Request No. 10

All Documents and Communications relating to Your role in operating UFC's Fight Pass

streaming platform, including, without limitation, Documents reflecting Endeavor's strategic

planning for UFC's Fight Pass platform, Endeavor's employees' roles in operating the UFC's

Fight Pass platform, Endeavor's strategy for marketing and selling access to the UFC's Fight

Pass platform, all Agreements with third-parties to market and/or sell access to the UFC's Fight

Pass platform, and/or any analysis of the UFC's Fight Pass platform's financial and/or market

performance.

### Document Request No. 11

All Documents and Communications relating to Your business strategy for the UFC, including

but not limited to SWOT analyses, financial analyses, strategies, analyses of UFC Fighter

compensation, counterprogramming of other MMA Promoters' Professional MMA Events,

assessments of other MMA Promoters' Professional MMA Fighter rosters, and acquisition

analyses and strategies.

## Document Request No. 12

All Documents and Communications relating to any provisions in the UFC's Promotional and Ancillary Rights Agreements with UFC Fighters limiting the UFC's ability to extend the term of the Agreement (e.g., Paragraphs 4.3.2 and 4.4 in ZUFFA-J_00003638 and Paragraph 4.5 in UFC-00086462), including without limitation, the strategic and business purposes of these provisions and any changes thereto over time, evaluations of the effect of these provisions on the UFC's ability (or inability) to retain UFC Fighters under contract, evaluations on the benefits to Endeavor of such provisions, the criteria (and bases for employing such criteria) the UFC has used to determine whether to include such a provision (or not include such a provision) in the Promotional and Ancillary Rights Agreement of any particular UFC Fighter or group of UFC Fighters, and any correspondence or exchanged drafts of UFC Promotional and Ancillary Rights Agreements concerning the UFC Fighters' (or UFC Fighters' agents, managers, or other representatives) desire to include such a provision or make changes to such a provision in a UFC contract proposal.

## Document Request No. 13

All Documents and Communications relating to the UFC's business strategy for Professional MMA Events and/or Professional MMA Bouts held at UFC Apex, including Documents and Communications discussing the reasons for creating and/or establishing the UFC Apex, how UFC determines which Professional MMA Events and/or Professional MMA Bouts will be held at the Apex, and why any Professional MMA Events and/or Professional MMA Bouts were held at the Apex.

## Document Request No. 14

All monthly and annual financial documents containing information concerning the business

operations at the UFC Apex, including without limitation all audited financial statements, balance sheets, income statements, profit and loss reports, margin analyses, equity valuations, asset appraisals, financial models, budgets (proposed or otherwise), investor presentations, margin analyses, pro form as, regulatory filings (including income tax returns), issuance of equity or debit, loans, and money owed or receivable, and any other form of financial reporting.

## Document Request No. 15

All Documents and Communications relating to any changes in the form and/or structure of revenues the UFC received for its broadcast rights, including, without limitation, Documents and Communications relating to changes in structure of PPV revenues received by the UFC and paid by ESPN following the UFC's 2019 broadcast rights deal with ESPN, including materials analyzing such changes and any corresponding changes in business practices or operations the UFC considered implementing based on such change in structure.

## Document Request No. 16

All Documents and Communications relating to Your "flywheel"1 as it pertains to the UFC, including without limitation, materials reflecting how "the integration of [Your] broad range of capabilities, along with [Your] owned and managed premium sports and entertainment properties [including the UFC], drives network effects across the Endeavor flywheel," how such network effects "across the Endeavor flywheel" "connect and utilize multiple divisions of Endeavor [including the UFC] maximize the power of [Your] platform [and] creat[e] value for [Your] business, clients and employees," and the ways in which You have "realized top line and cost synergies as [You] have integrated more than 30 acquisitions including IMG, UFC, PBR, 160over90, and On Location." Form 10-K for the fiscal year ended December 31, 2022, of Endeavor Group Holdings, Inc.

**Document Request No. 17**

All Documents and Communications produced by You to any government or government agency in response to any investigative demand or other request from the U.S. Department of Justice, the U.S. Federal Trade Commission, any state regulatory agency, or any foreign regulatory agency related to: (a) Your policies, practices, guidelines, and training directed to compliance with U.S. governmental regulatory agencies, or any foreign regulatory agency, including all Documents concerning the creation of such policies, and any statements signed by Your employees or agents acknowledging their receipt of or compliance with Your compliance policies; (b) the acquisition of Zuffa or any parent of or successor to Zuffa by Endeavor Group Holdings, Inc.; or (c) the merger of Zuffa or any parent of or successor to Zuffa with World Wrestling Entertainment, Inc. (a/k/a WWE) or any parent of or successor to World Wrestling Entertainment, Inc. Explicitly included within the scope of this Interrogatory is any correspondence or documents exchanged between You and the U.S. Department of Justice, including documents reflecting or constituting any Communications with former Assistant Attorney General for the Department of Justice Antitrust Division Makan Delrahim, relating to *Le, et al. v. Zuffa,* LLC, 2:21-cv- 1189-RFB-BNW (D. Nev.).

**Document Request No. 18**

All Documents and Communications produced by You to the U.S. government pursuant to the Hart-Scott-Rodino Antitrust Improvements Act of 1976, Pub. L. No. 94-435, and any second requests, related to the acquisition of Zuffa or any parent of or successor to Zuffa by Endeavor Group Holdings, Inc., or to the merger of Zuffa or any parent of or successor to Zuffa with World Wrestling Entertainment, Inc. (a/k/a WWE) or any parent of or successor to World Wrestling Entertainment, Inc., or the formation of TKO Group Holdings, Inc.

19

**<u>Document Request No. 19</u>**

All Documents and Communications relating to any Agreements between (a) Zuffa and any Professional MMA Fighter, and (b) any other MMA Promoter and any Professional MMA Fighter, including all Agreements concerning competition in Professional MMA Bouts (and any amendments thereto), including Promotional and Ancillary Rights Agreements, Bout Agreements, "side letter" and/or letter Agreements, Merchandise Rights Agreements, sponsorship Agreements, and all Documents and Communications relating to negotiations with any Professional MMA Fighter or any Person purporting to represent a Professional MMA Fighter, including all draft Agreements.

**<u>Document Request No. 20</u>**

Each Agreement between you and a Professional MMA Fighter entered into or in effect during the Relevant Time Period.

**<u>Document Request No. 21</u>**

All Documents and Communications evidencing the negotiation of any Agreement responsive to the preceding Request.

**<u>Document Request No. 22</u>**

All Documents and Communications consisting of or relating to Your discussion, analysis, interpretation or characterization of any Agreement, and the negotiation thereof, responsive to Request No. 21.

**<u>Document Request No. 23</u>**

All arbitration clauses or class action waivers between You and any Professional MMA Fighters, whether set forth in an Agreement or otherwise, and all Documents and Communications relating to any such arbitration clause or class action waiver, including without limitation analyses, draft

proposed clauses, analyses of such clauses, white papers, reports, slide presentations, or

discussions regarding the reasons for, or potential benefits to Zuffa or Endeavor or anyone else

of, including arbitration clauses and/or class action waivers in Your Agreements with

Professional MMA Fighters.

**<u>Document Request No. 24</u>**

All Documents and Communications evidencing the negotiation of any Agreement responsive to

the preceding Request.

**<u>Document Request No. 25</u>**

All Documents and Communications consisting of or relating to Your discussion, analysis,

interpretation or characterization of any arbitration clause or class action waiver, and/or the

negotiation thereof.

**<u>Document Request No. 26</u>**

All Documents and Communications relating to market research about the MMA Industry,

including but not limited to, analysis or research regarding relative market share of MMA

Promoters, barriers to expansion for MMA Promoters, barriers to entry for would-be MMA

Promoters, and growth projections for the MMA Industry and/or MMA Promoters individually

or in any groupings.

**<u>Document Request No. 27</u>**

All Documents and Communications relating to non-Zuffa/non-UFC MMA Promoters

(considered individually or as a group), including but not limited to SWOT analyses, financial

analyses, strategies, counterprogramming of other MMA Promoters' Professional MMA Events,

analyses and/or commentary or assessments of their Professional MMA Fighter rosters, and

acquisition analyses and strategies.

## Document Request No. 28

All Documents and Communications relating to any Agreement that UFC had with another MMA Promoter, including but not limited to Agreements to license content, Agreements to buy or sell athlete contracts, and Agreements to release Professional MMA Fighters from their contracts if UFC offers the Professional MMA Fighter a contract.

## Document Request No. 29

All Documents and Communications relating to the potential sale of Zuffa or any portion thereof (or interest therein), including any Communications with or Documents created by You or any third party, including without limitation any prospectuses, proposals, confidential information memoranda, credit assessments, due diligence requests, Documents or Communications created, collected, placed in data rooms, or produced in response to due diligence requests, offers, negotiations, memoranda of understanding, and all other Documents or Communications relating in any way to the potential sale, acquisition, merger or transfer of Zuffa or any portion thereof or interest therein

## Document Request No. 30

All Documents and Communications (exclusive of Documents and Communications produced in response to Request No. 29) relating to the purchase by You of a majority stake in Zuffa on or around August 18, 2016, including Communications with or Documents created by Zuffa, LLC or any third party, and including without limitation any executed Agreements, draft Agreements, memoranda of understanding, offers, prospectuses, proposals, confidential information memoranda, credit assessments, supporting schedules, all Documents and Communications relating to negotiations, due diligence requests, including Documents or Communications created, collected, placed in data rooms, or produced in response to due diligence requests, all

regulatory filings, registration documents, and any other Documents or Communications sent to or received by You relating to any U.S., state, or local agency, and all other Documents and Communications relating in any way to Your purchase of a majority stake in Zuffa on or around August 18, 2016.

## Document Request No. 31

Documents and Communications sufficient to show all Persons that were part of the "buyer group" as that term is used on page F-12 of the Form S-1 Securities Registration Statement filed on September 15, 2023, by TKO Group Holdings, Inc., which states in relevant part, "On August 18, 2016, a buyer group that included Endeavor Operating Company, LLC ("EOC"), affiliates of Silver Lake Partners ("SLP"), affiliates of Kohlberg Kravis Roberts & Co. ("KKR") and certain other investors (including certain existing owners as rollover investors) (the "buyer group") acquired 100% of the equity interests of Zuffa [defined as "Zuffa Parent, LLC andits subsidiaries"] . . . ," including Documents and Communications sufficient to show the name, title, business affiliation, business address, and relative ownership share acquired by each such Person. For clarity, the requested Documents and Communications should Identify and provide the requested information for each individual "affiliate" of SLP and KKR, and each individual "other investor" or "rollover investor" that is part of the "buyer group."

## Document Request No. 32

All Documents and Communications relating to the purchase of the remaining portion of Zuffa by Endeavor in or around 2021, including any Communications with or Documents created by any third party, and including without limitation any executed Agreements, draft Agreements, memoranda of understanding, offers, prospectuses, proposals, confidential information memoranda, credit assessments, supporting schedules, all Documents and Communications

relating to negotiations, due diligence requests, Documents and Communications created, collected, placed in data rooms, or produced in response to due diligence requests, all regulatory filings, registration documents, and any other Documents or Communications sent to or received by You relating to any U.S., state, or local agency, and all other Documents and Communications relating in any way to Your acquisition of the remaining portion of Zuffa in or around 2021.

## Document Request No. 33

All Documents and Communications relating to the acquisition, sale, merger, or transfer of World Wrestling Entertainment, Inc. by You in 2023, including any Communications with or Documents created by any third party, and including without limitation any executed Agreements, draft Agreements, memoranda of understanding, offers, prospectuses, proposals, confidential information memoranda, credit assessments, all Documents and Communications relating to negotiations, due diligence requests, Documents and Communications created, collected, placed in data rooms, or produced in response to due diligence requests, all regulatory filings, registration documents, and any other Documents or Communications sent to or received by You relating to any U.S., state, or local agency, and all other Documents and Communications relating in any way to the acquisition and merger of World Wrestling Entertainment, Inc. by You in 2023.

## Document Request No. 34

All Agreements, supporting schedules, and financial information and/or analyses prepared in connection with the formation of TKO in 2023.

## Document Request No. 35

All Documents and Communications relating to any efforts by You or made on Your behalf to

raise capital, including but not limited to loans or issuance of debt or equity, and including without limitation any Agreements, draft Agreements, negotiations, investor presentations, prospectuses, confidential information memoranda, credit assessments, due diligence requests, Documents and Communications created, collected, placed in data rooms, or produced in response to due diligence requests, and all other documents and communications related in any way to efforts to raise capital, regardless of whether any loan was actually obtained or any debt or equity was actually issued.

### Document Request No. 36

All Documents and Communications relating to arbitration clauses or class action waivers in Agreements with Professional MMA Fighters, including without limitation analyses, draft proposed clauses, analyses of such clauses, white papers, reports, slide presentations, or discussions regarding the reasons for, or potential benefits to Zuffa or Endeavor or anyone else of, including arbitration clauses and/or class action waivers in Your Agreements with Professional MMA Fighters.

### Document Request No. 37

Documents and Communications sufficient to Identify each of Your employees or agents or anyone purporting to act on Your behalf involved in approving or negotiating the terms of any Agreement, or proposed Agreement, for all or part of Zuffa to be acquired by Endeavor or by anyone else.

### Document Request No. 38

Documents and data (including structured or unstructured data) sufficient to show Your financial data, including at a minimum Your costs, revenue, income, EBITDA, assets, debits, borrowing costs, and profits, by month and by year, at the most granular level such documents and data are

maintained.

## Document Request No. 39

All monthly and annual financial documents created or maintained by You or on Your behalf, including without limitation all audited financial statements, all internally prepared and consolidating financial statements for Endeavor, including financial statements for the UFC portion of the Owned Sports Properties segment (including without limitation balance sheet, income statement, and statement of cash flows), balance sheets, income statements, profit and loss reports, margin analyses, equity valuations, asset appraisals, financial models, budgets (proposed or otherwise), investor presentations, margin analyses, pro formas, regulatory filings (including income tax returns), issuance of equity or debit, loans, and money owed or receivable, and any other form of financial reporting.

## Document Request No. 40

For each year of the Relevant Time Period, Documents sufficient to show beneficial ownership in Zuffa, TKO Group Holdings, Inc. and Endeavor, and any parent of or successor to Zuffa, TKO Group Holdings, Inc. and Endeavor, including any changes thereto. This Request includes Documents sufficient to show the percentage of any stock or other interests owned by each Person holding a beneficial ownership interest and the consideration paid for such interest.

## Document Request No. 41

Documents and data sufficient to show all compensation including salary, bonuses, expense reimbursements, aviation expenses, distributions, dividends, stock awards, loans (including information about repayment or forgiveness), management fees, board fees, and all other compensation of any kind to all Endeavor and Zuffa senior executives, board members, directors, beneficial owners, and shareholders holding more than a 5% interest in Endeavor, Zuffa, or TKO

Group Holdings, Inc., including the date the compensation was paid, the dollar value, the date of vesting, accrual, or maturation of the compensation (if applicable), the source of the compensation (e.g., from a debt issuance or from corporate profits), the reason given (if any) for the compensation, and the relative share received by each Person receiving compensation.

## Document Request No. 42

Documents and data sufficient to show any non-monetary benefits bestowed on any beneficial owners of Endeavor, Zuffa, or TKO Group Holdings, Inc., including without limitation: (a) travel in private jets owned, leased, or paid for by You; (b) use of houses, apartments, vacation properties, or other real estate owned, leased, or paid for by You; (c) use of motor vehicles owned, leased, or paid for by You;(d) tickets for sporting events or other entertainment events paid for by You; and/or (e) any other item, service, amenity, activity, or privilege provided to one or more of the beneficial owners at Your expense.

## Document Request No. 43

For each year of the Relevant Time Period, Documents sufficient to show Your corporate structure, including the organization of each division, department, unit or subdivision, parent, subsidiary, joint venture or affiliate of Your company. This request includes without limitation organizational charts, investor or debtor presentations, government filings, internal communications, and any Documents sufficient to show each Employee or executive with managerial responsibilities relating to the UFC.

## Document Request No. 44

All Documents constituting, referencing, or relating to issuance of debt as it relates to your acquisition of WWE and UFC.

**Document Request No. 45**

Documents sufficient to show how You arrived at a valuation of $21 billion for TKO Group Holdings, Inc. as stated in your April 3, 2023 press release.

**Document Request No. 46**

All Documents referencing or relating to all financial activity relating to the UFC, including balance sheets, income statements, regulatory filings (including income tax returns for Zuffa and any of its affiliates), issuance of equity or debit, loans, and money owed or receivable

**Document Request No. 47**

All Documents referencing or relating to all financial activity relating to the TKO Group Holdings, Inc. and its subsidiaries and affiliates, including balance sheets, income statements, regulatory filings (including income tax returns for Zuffa and any of its affiliates), issuance of equity or debit, loans, and money owed or receivable.

**Document Request No. 48**

All Documents referencing or relating to Your transactional data, at the most granular level possible, for each UFC Professional MMA Event held during the Relevant Time Period, sufficient to show at a minimum the following:

a) total gate receipts from each UFC Professional MMA Event during the Relevant Time Period, broken down by event;

b) total attendance at each UFC Professional MMA Event during the Relevant Time Period, broken down by event

c) total revenues from each PPV broadcast of UFC Professional MMA Event during the Relevant Time Period, broken down by event;

d) total revenues from non-PPV broadcast of UFC Professional MMA Event during the

Relevant Time Period, broken down by event and by contracted broadcaster (e.g., ESPN, Fox, Spike, etc.)

e) total revenues from closed circuit broadcast to commercial venues such as bars, restaurants, or theaters of each UFC Professional MMA Event during the Relevant Time Period, broken down by event;

f) total revenues derived from the sale of advertising during all broadcasts of UFC Professional MMA Events, whether PPV or non-PPV, during the Relevant Time Period, broken down by month and year, by PPV or non-PPV, and by advertiser

g) total revenues derived in any way from the Promotional and Ancillary Rights, as described in Your Promotional and Ancillary Rights Agreements with MMA Fighters, relating to all professional MMA Fighters who have been under contract with the UFC at any time during the Relevant Time Period, broken down by month and year;

h) total revenues derived from Agreements with sponsors of the UFC or of the Professional MMA Fighters who have been under contract with the UFC at any time during the Relevant Time Period;

i) total revenues by event;

j) the gross and net price paid by customers for transactions by unit, subscription, and/or ticket for a single Pay-Per-View, ticket to a live event, or UFC Fight Pass subscription;

## **Document Request No. 49**

Documents and data in as granular form as the information is maintained, sufficient to show any and all compensation paid to each UFC Fighter individually for each UFC Professional MMA Bout that the UFC Fighter participated in during the Relevant Time Period, on a fighter-by-fighter basis, broken down by Professional MMA Bout (so that each UFC Fighter's

compensation data is available in one Document or sequence of Documents, and it is produced with sufficient granularity so that the compensation is clearly attributed to the UFC Professional MMA Bout at which the Fighter earned it), as follows:

a) the date and location of each UFC Professional MMA Bout the UFC Fighter participated in during the Relevant Time Period, and

b) the base salary the UFC Fighter received for each UFC Professional MMA Bout he or she participated in during the Relevant Time Period;

c) all bonuses the UFC Fighter received for each UFC Professional MMA Bout he or she participated in during the Relevant Time Period (including, but not limited to any and all discretionary bonuses or payments, fight of the night, performance of the night, knockout and submission of the night bonuses), broken down by each bonus received for each Professional MMA Event

d) all broadcast royalties the UFC Fighter received (if any) for each UFC Professional MMA Bout he or she participated in during the Relevant Time Period, broken down so that the broadcast royalties are traceable to a particular UFC Professional MMA Bout (to be clear, if the UFC Fighter received broadcast royalties from more than one UFC Professional MMA Bout, the broadcast royalties should be clearly attributed to the specific UFC Professional MMA Bout from which they were generated);

e) any other form of compensation the UFC Fighter received for each UFCProfessional MMA Bout he or she participated in during the Relevant Time Period; and,

f) Pay-Per-View shares the UFC Fighter received for each UFC Professional MMA Bout he or she participated in during the Relevant Time Period.

**Document Request No. 50**

Profit and loss statements (including identity of participating fighters and compensation paid to each) for each UFC Professional MMA Event.

**Document Request No. 51**

Documents sufficient to show Your actual costs for presenting UFC Professional MMA Events, down to as granular a level as possible, including without limitation venue costs, promotional costs, compensation for UFC Fighters, insurance, safety, and all other costs incidental to presenting UFC Professional MMA Events.

**Document Request No. 52**

Documents sufficient to show Your actual costs for presenting UFC Professional MMA Bouts, down to as granular a level as possible, including without limitation venue costs, promotional costs, compensation for UFC Fighters, insurance, safety, and all other costs incidental to presenting UFC Professional MMA Bouts.

**Document Request No. 53**

Documents sufficient to show Your actual costs involved in promoting the UFC as a brand.

**Document Request No. 54**

All Documents relating to materials produced by third party analysts or consultants regarding Zuffa or any successor to Zuffa, including without limitation reports that analyze or project demand, revenues, income, profits, or market share. Documents responsive to this Request include both documents produced by such third party analysts or consultants (including both those retained by You and those producing such materials without an Agreement with You) and any comments, edits, or drafts of such materials or other documents You created and submitted to such third party analysts or consultants.

**Document Request No. 55**

All documents created by You or by third party analysts or consultants regarding competition among MMA Promoters or would-be MMA Promoters for (a) the purchase of MMA Fighter services and (b) promotion of Professional MMA Events generally, including without limitation reports that analyze or project demand, revenues, income, profits, or market share.

**Document Request No. 56**

All Documents referencing or relating to comparison of compensation models or Agreements between the UFC and other major professional sports, including without limitation boxing, pro wrestling, football, basketball, and baseball.

**Document Request No. 57**

All Agreements (and any amendments thereto) entered into between You and any MMA Promoter relating to the acquisition of assets, equity, or other interests of any MMA Promoter, and all Documents referencing or relating to the potential or actual acquisition of assets, equity, or interests of any MMA Promoter, including, but not limited to, internal strategy documents, projections, cost-benefit analyses, cost estimates, and all Agreements or contracts (and any amendments thereto).

**Document Request No. 58**

Documents sufficient to identify each Person involved in approving or negotiating the terms of any Agreements or potential Agreements for the acquisition or potential acquisition of assets, or equity, or interests of any MMA Promoter.

**Document Request No. 59**

All Documents relating to the sale of equity in Zuffa to Flash Entertainment, a wholly owned subsidiary of Abu Dhabi.

**Document Request No. 60**

Documents sufficient to Identify each Person or entity You consider to be, or considered to have been, an actual or potential competitor of the UFC for (a) the purchase of MMA Fighter services, and/or (b) the promotion of live Professional MMA Events in the United States or abroad.

**Document Request No. 61**

Documents or data sufficient to calculate the actual or potential market share held by the UFC and each of the UFC's actual or potential competitors (as Identified in Request No. 53) in terms of total revenue by region (US, North America, South America, Europe, Asia, and any others) derived from the promotion of live Professional MMA Bouts and all other income sources, including without limitation merchandising, licensing, sponsorships, advertising, video games, and other income sources based on the use of Professional MMA Fighters' Identities.

**Document Request No. 62**

Documents or data sufficient to Identify the actual and/or estimated share of Professional MMA Fighters' services, by both dollar amount and number of fighters, for the purchase of the services of Professional MMA Fighters by the UFC and each of Your actual or potential competitors identified in your response to Request No. 53 by region (US, North America, South America, Europe, Asia, and any others).

**Document Request No. 63**

All Documents and data referencing or relating to the determination of Professional MMA Fighter compensation by the UFC in the promotion of live Professional MMA Events and all other income sources, including without limitation merchandising, licensing, sponsorships, advertising, video games, and other income sources based on the use of Professional MMA Fighters' Identities.

**Document Request No. 64**

All Documents and data referencing or relating to the determination of Professional MMA Fighter compensation by any of the UFC's actual and potential competitors (identified in your response to Request No. 60, above) in the promotion of live Professional MMA Events and all other income sources, including without limitation merchandising, licensing, sponsorships, advertising, video games, and other income sources based on the use of Professional MMA Fighters' Identities.

**Document Request No. 65**

All Documents analyzing, discussing, or relating to the competitive strengths or weaknesses of actual or potential competitors (identified in your response to Request No. 60 or otherwise, above) in the promotion of live Professional MMA Events and/or in the purchase of the services of Professional MMA Fighters.

**Document Request No. 66**

All Documents referencing or relating to communications and/or negotiations with any sponsors or advertisers in connection with Your acquisition of WWE and/or UFC.

**Document Request No. 67**

All Documents and Communications referencing or relating to any Agreements entered into by You relating to Venues for Professional MMA Events, including all Agreements, all draft Agreements, and all Documents and Communications relating to negotiation of such Agreements or draft Agreements.

**Document Request No. 68**

All Documents and Communications relating to the drafting of and the reasoning behind the "Exclusivity Clause" in UFC Bout Agreements, which binds UFC Fighters into a restricted

relationship with the UFC and prohibits them from appearing in Professional MMA Bouts televised or organized by actual or potential rival promotions unless approved by the UFC.

## Document Request No. 69

All Documents and Communications referencing or relating to the drafting of and the reasoning behind the "Champion's Clause" in UFC Bout Agreements, which allows the UFC to extend a UFC Fighter's contract for as long as the athlete is a "champion" in his or her weight class.

## Document Request No. 70

All Documents and Communications referencing or relating to the drafting of and the reasoning behind the "Right to First Offer" and "Right to Match" Clauses in UFC Bout Agreements, which grant the UFC the option to match the financial terms and conditions of any offer made to a UFC Fighter for a Professional MMA Bout even after the UFC Fighter's contract has expired.

## Document Request No. 71

All Documents and Communications referencing or relating to the drafting of and the reasoning behind the "Ancillary Rights Clause" in the Promotional and Ancillary Rights Agreements, which grants the UFC exclusive and perpetual worldwide personality and Identity rights of the UFC Fighter.

## Document Request No. 72

All Documents and Communications referencing or relating to the drafting of and the reasoning behind the "Promotion Clause" in the Promotional and Ancillary Rights Agreements, which requires UFC Fighters to attend, cooperate, and assist in the promotion of Professional MMA Bouts in which they fight and, as required by the UFC, any other Professional MMA Bouts, Professional MMA Events, broadcasts, press conferences and sale of UFC Licensed Merchandise.

**Document Request No. 73**

All Documents and Communications referencing or relating to the drafting of and the reasoning behind the "Retirement Clause" which gives the UFC the power "to retain the rights to a retired fighter in perpetuity."

**Document Request No. 74**

All Documents and Communications referencing or relating to the drafting of and the reasoning behind the tolling provisions, which extend the term of a UFC Fighter's contract during periods when he or she is injured, retired, or otherwise declines to compete.

**Document Request No. 75**

All Documents and Communications referencing or relating to the drafting of and the reasoning behind the "Sponsorship and Endorsement Clause," which appears to grant the UFC sole discretion over all sponsorship and endorsement approvals.

**Document Request No. 76**

All Documents and Communications analyzing or quantifying the overall impact or effect of the contractual clauses in Zuffa or Endeavor's Promotional and Ancillary Rights Agreements on (a) UFC Fighters' mobility or compensation, and/or (b) the ability of Zuffa's competitors (as identified in your response to Request No.60, supra, or otherwise) to compete for Professional MMA Fighters services or to promote Professional MMA Events that can successfully compete against Zuffa or Endeavor.

**Document Request No. 77**

Documents sufficient to identify each of Your Employees or agents involved in approving or negotiating the terms of each of Your Agreements with any Professional MMA Fighters.

**Document Request No. 78**

All Documents and Communications relating to any Agreements between You and any other MMA Promoter (past or present) relating to a Professional MMA Fighter's services, including without limitation all executed Agreements (and any amendments thereto), draft Agreements, and all Documents and Communications relating to the negotiation of such agreements, regardless of whether an Agreement was executed.

**Document Request No. 79**

Documents sufficient to identify each of Your Employees or agents involved in approving or negotiating the terms of any Agreements or potential Agreements with any other MMA Promoter (past or present) relating to the provision of Professional MMA Fighter services.

**Document Request No. 80**

All Documents and Communications constituting or relating to Agreements between You and any broadcaster of professional MMA events (including PPV and non-PPV Professional MMA Events), including without limitation all executed Agreements (and any amendments thereto), draft Agreements, and all Documents and Communications relating to the negotiation of such Agreements, Documents and Communications analyzing the terms of any actual or potential such Agreement, regardless of whether an Agreement was executed.

**Document Request No. 81**

Documents sufficient to identify each of Your Employees and agents involved in approving or negotiating the terms of any Agreements or potential Agreements with any broadcaster of Professional MMA Events (including PPV).

**Document Request No. 82**

All Documents and Communications relating to Agreements between You and any sponsors of

the UFC or of the Professional MMA Fighters under contract with the UFC, including without limitation all executed Agreements (and any amendments thereto), draft Agreements, and all Documents and Communications relating to the negotiation of such Agreements, regardless of whether an Agreement was executed.

## Document Request No. 83

Documents sufficient to identify each of Your Employees and/or agents involved in approving or negotiating the terms of any Agreements or potential Agreements with any sponsors of the UFC or the Professional MMA Fighters under contract with the UFC.

## Document Request No. 84

All Documents referencing or relating to the ability of any UFC Fighter to switch to and/or fight for, an actual or potential rival promotion. Responsive Documents include, but are not limited to, Documents referencing or relating to the costs to UFC Fighters and/or their managers or promoters associated with such a switch, any requirements or obligations imposed by a contract between the UFC and UFC Fighters, and/or Documents concerning communications or negotiations between the UFC and UFC Fighters with respect to a switch or potential switch from the UFC to a rival MMA Promoter.

## Document Request No. 85

All communications between you and anyone else referencing or relating to this lawsuit or *Le, et al. v. Zuffa, LLC,* 2:21-cv-1189-RFB-BNW (D. Nev.), or any of the named plaintiffs in either of those cases, exclusive of any communications protected by the Attorney/Client  Privilege.

## Document Request No. 86

All Documents referencing or relating to indemnification or defense (corporate or individual), judgment sharing, joint defense, liability or responsibility for judgment in this action, for You

and any of your officers, including by way of example not limitation, indemnity Agreements, joint defense Agreements, judgment sharing Agreements, tenders of defense, denials or reservations of rights.

## Document Request No. 87

All Documents referencing or relating to any websites operated by You or on Your behalf, including Documents sufficient to show who had responsibility for creating, maintaining, and adding or deleting content (including any private messaging) to or from such websites.

## Document Request No. 88

Documents sufficient to identify each Person responsible for any Social Media account operated by or on behalf of Zuffa, including documents sufficient to show who had responsibility for creating, maintaining, and adding or deleting content (including any private messaging) to or from such Social Media accounts.

## Document Request No. 89

All contracts or Agreements between the UFC and any Social Media organization.

## Document Request No. 90

All Documents and Communications relating to any content posted to any website or Social Media relating to UFC Professional MMA Bouts, including Pre-Bout Event promotional content and Post-Bout Event content.

## Document Request No. 91

All Documents, including any content posted to any website or Social Media, referencing or relating to the Professional MMA Fighters under contract with the UFC.

## Document Request No. 92

All Documents, including any content posted to any website or Social Media, referencing or

relating to any Professional MMA Fighters not under contract with the UFC.

## Document Request No. 93

All Documents, including any content posted to any website or Social Media, referencing or relating to any other MMA promoter, including without limitation any references to UFC's acquisition or potential acquisition of any other MMA promoter.

## Document Request No. 94

All Documents referencing or relating to Zuffa's registration with any regulatory bodies governing the MMA industry. Include all Documents referencing or relating to any suspensions of Zuffa for any reason by any government agency or any Person responsible for regulation, supervision, licensing, permitting or safety of Professional MMA Bouts and Professional MMA Fighters.

## Document Request No. 95

All Documents and Communications relating to Meetings or the business of Your Board of Directors, including without limitation all agendas, minutes, presentations, Agreements, and resolutions created by or for the Board of Directors, and including all Documents and Communications directed to and presented by management or outside professionals, which address capital raises, business combinations, dividends and any other executive compensation matters.

## Document Request No. 96

All Documents and Communications reflecting or relating to Your relationship with Mubadala Investment Company, Khaldoon Al Mubarak, or any other executive, employee, agent, or representative of Mubadala Investment Company, including without limitation all Documents and Communications reflecting or relating to any financial transactions between You and

Mubadala, including without limitation any loans, purchases of equity or other ownership shares, purchases of any debt, the provision of any gifts or any other unilateral provision of anything of value, or any other transfer or exchange involving capital and/or anything of value.

## Document Request No. 97

All Documents and Communications relating to the production of any Professional MMA Event in or on any location owned or controlled by Abu Dhabi, United Arab Emirates.

## Document Request No. 98

"All Communications between You and Silver Lake Group, LLC ("SLP"), including any of its predecessors, successors, affiliates, or any Person SLP manages or controls, along with their executives, employees, agents, or representatives, relating to the acquisition of Zuffa, LLC or the merger of Zuffa Parent LLC with World Wrestling Entertainment.

## Document Request No. 99

All Communications between You and Kohlberg Kravis Roberts & Co. ("KKR"), including any of its predecessors, successors, affiliates, or any Person KKR manages or controls, along with their executives, employees, agents, or representatives, relating to the acquisition of Zuffa, LLC or the merger of Zuffa Parent LLC with World Wrestling Entertainment.

## Document Request No. 100

All Communications between You and MSD Capital, L.P. ("MSD") or its successor DFO Management ("DFO"), including any of its predecessors, successors, affiliates, or any Person MSD or DFO manages or controls, along with their executives, employees, agents, or representatives, relating to the acquisition of Zuffa, LLC or the merger of Zuffa Parent LLC with World Wrestling Entertainment.

1   WILLIAM A. ISAACSON (*Pro hac vice*)          CHRISTOPHER S. YATES (*Pro hac vice*)
    wisaacson@paulweiss.com                        chris.yates@lw.com
2   KAREN L. DUNN (*Pro hac vice*)                AARON T. CHIU (*Pro hac vice*)
    ldunn@paulweiss.com                            aaron.chiu@lw.com
3   JESSICA PHILLIPS (*Pro hac vice*)             LATHAM & WATKINS LLP
    jphillips@paulweiss.com                        505 Montgomery Street, Suite 2000
4   PAUL, WEISS, RIFKIND, WHARTON &               San Francisco, CA 94111
    GARRISON LLP
5   2001 K Street, NW                             SEAN M. BERKOWITZ (*Pro hac vice*)
    Washington, DC 20006                           sean.berkowitz@lw.com
6                                                 LATHAM & WATKINS LLP
    DONALD J. CAMPBELL (No. 1216)                 330 North Wabash Ave, Suite 2800
7   djc@campbellandwilliams.com                   Chicago, IL 60611
    J. COLBY WILLIAMS (No. 5549)
8   jcw@campbellandwilliams.com                   LAURA WASHINGTON (*Pro hac vice*)
    CAMPBELL & WILLIAMS                            laura.washington@lw.com
9   700 South 7th Street                          LATHAM & WATKINS LLP
    Las Vegas, NV 89101                            10250 Constellation Blvd, Suite 1100
10                                                Los Angeles, CA 90067

11                                                *Attorneys for Defendants Zuffa, LLC, TKO*
                                                  *Operating Company, and Endeavor Group*
12                                                *Holdings, Inc.*

13                 **UNITED STATES DISTRICT COURT**

14                      **DISTRICT OF NEVADA**

15

16   KAJAN JOHNSON, CLARENCE DOLLAWAY,        Case No.: 2:21-cv-01189-RFB-BNW
     and TRISTAN CONNELLY on behalf of themselves
17   and all others similarly situated,           **NON-PARTY JASON LUBLIN'S**
                                                   **RESPONSES AND OBJECTIONS TO**
18                  *Plaintiffs*,                  **PLAINTIFFS' SUBPOENA TO**
                                                   **PRODUCE DOCUMENTS,**
19                  v.                             **INFORMATION, OR OBJECTS OR**
                                                   **TO PERMIT INSPECTION OF**
20   Zuffa LLC, TKO Operating Company, LLC f/k/a  **PREMISES IN A CIVIL ACTION**
     Zuffa Parent LLC (d/b/a Ultimate Fighting
21   Championship and UFC) and Endeavor Group
     Holdings, Inc,
22
                    *Defendants*.
23

24

25

26

27

28

1    This case is a purported class action, but none of the Named Plaintiffs can represent a class

2    since the majority of fighters within the putative class signed arbitration agreements and class

3    action waivers.  *See, e.g.*, *O'Connor v. Uber Technologies, Inc.*, 904 F.3d 1087, 1094 (9th Cir.

4    2018).  Those basic facts led counsel for the Plaintiffs to say "the reality is the claim has little

5    value" precisely "because the UFC started implementing arbitration clauses."  *Le et al. v. Zuffa,*

6    *LLC et al.*, Case No. 2:15-cv-01045, ECF 1036 at 86:17-87:10.  Since their claim admittedly has

7    no value and cannot be pursued on a class basis, Plaintiffs have decided to try to use discovery as

8    a weapon, presumably as part of an effort to generate leverage.  This subpoena to non-party Jason

9    Lublin is part of that effort.  Plaintiffs' subpoena contains ***100*** requests for production (the

10   "Requests")—94 of which are identical to requests served upon defendants.  Including Mr. Lublin,

11   Plaintiffs have also propounded the same exact non-party subpoena to twenty-eight non-parties

12   and are seeking documents in response to over 2,500 requests for production.

13   Pursuant to Rules 26, 34, and 45 of the Federal Rules of Civil Procedure, non-party Jason

14   Lublin, objects to Plaintiffs' subpoena as it is neither proper, proportional to the needs of this case,

15   or appropriate given the protections afforded non-parties under Rule 45(d).  Accordingly, Mr.

16   Lublin will not produce any documents in response to these Requests unless a court orders

17   otherwise.

## **GENERAL OBJECTIONS**

18

19   1.    Lublin objects to the entirety of the 100 Requests that Plaintiffs have directed to

20   Lublin to the extent the subpoena falls outside the territorial limits of the Court's jurisdiction.

21   2.    Lublin objects to the entirety of the 100 Requests that Plaintiffs have directed to

22   non-party Lublin as contradicting Plaintiffs' representation to the Court that they would require

23   only "limited discovery" in connection with this case and would only "request some limited

24   discovery." Pls.' Statement at 5-6, Discovery Plan, ECF No. 51. There is nothing "limited" about

25   100 Requests for Production that Plaintiffs have propounded to a non-party, many of which include

26   unbounded requests for "all documents" or "all communications."

27   3.    The following general objections ("General Objections") are incorporated in

28   Lublin's Responses to each and every Request (the "Specific Objections"). The fact that Lublin's

1  Response to an individual Request specifically refers to one or more of the General Objections

2  does not mean that the other General Objections do not apply to that Request and does not waive

3  any of the other General Objections with respect to that Request. No Response to any Request or

4  any subpart of any Request is, or shall be deemed to be, a waiver of any of Lublin's General

5  Objections.

6         4.     Lublin provides these Responses based on his interpretation and understanding of

7  each Request. Lublin reserves the right to amend and/or supplement his Responses in the event

8  that Plaintiffs assert an interpretation that differs from Lublin's interpretation.

9         5.     Lublin makes these Responses based on facts reasonably known at the time of

10  answering these Requests. Lublin's investigation of the facts relating to this case is ongoing and,

11  thus, further discovery, investigation, research, and analysis may supply additional facts, which

12  may alter the contentions and disclosures herein. Lublin reserves the right to supplement or amend

13  these Responses in such an event. However, Lublin reserves the right not to supplement his

14  Responses to the extent additional or corrective information has otherwise been made known

15  during the discovery process or in writing, pursuant to Federal Rule of Civil Procedure

16  26(e)(1)(A).

17         6.     Lublin objects to the Requests on the grounds that they are premature, as Plaintiffs

18  have not exhausted party discovery. The information sought can initially be addressed through

19  standard party discovery channels. Any commitment to produce any materials in response to these

20  Requests, if any, is expressly conditioned on Plaintiffs first seeking these documents from the

21  named parties through the traditional discovery channels.

22         7.     Lublin objects to the Requests, and to the instructions and definitions contained

23  therein, to the extent that they seek to impose duties or obligations beyond those imposed by the

24  Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the

25  District of Nevada, the case law interpreting each of them, or any other laws or rules applicable to

26  proceedings in this Court.

27

28

NON-PARTY JASON LUBLIN'S RESPONSES
AND OBJECTIONS TO PLAINTIFFS' SUBPOENA
Case No. 21-cv-01189-RFB-BNW

8.      Lublin objects to the Requests as they call for the production of documents that are duplicative of documents already being sought from Zuffa, TKO or Endeavor, and not likely to lead to the production of unique materials from Lublin.

9.      Lublin objects to the Requests to the extent that they call for the production of documents that are in whole or in part protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or the joint-defense or common-interest privilege; were prepared in anticipation of litigation or trial; or are subject to any other privilege, protection or immunity applicable under governing law. Lublin will not produce documents protected by such privileges. To the extent that any Request may be construed as calling for the production of documents or responses that are subject to any such claim of privilege, Lublin hereby asserts the applicable privilege, immunity, or protection. Specific Objections on the grounds of privilege are provided for emphasis and clarity only, and the absence of a Specific Objection is neither intended, nor should be interpreted, as evidence that Endeavor does not object to a specific Request on the basis of an applicable privilege, immunity, or protection. Any disclosure of any such privileged or protected material in response to any Request is inadvertent and not intended to waive those privileges and protections. Lublin reserves the right to demand that Plaintiffs return, destroy, or sequester any privileged or protected documents produced and all copies thereof consistent with Federal Rule of Civil Procedure 26(b)(5)(B).

10.     Lublin objects to the Requests to the extent that they seek documents not within Lublin's possession, custody, or control or purport to require Lublin to create documents not currently in his possession, custody, or control. Lublin further objects to the Requests to the extent that they seek information that Plaintiffs equally may otherwise obtain from public sources or, with less burden or expense, by using other means of discovery.

11.     Lublin objects to the Requests to the extent that they seek responses from persons or entities other than the named non-party, Jason Lublin.

12.     Lublin objects to the Requests to the extent they assert, imply, suggest, or are premised upon any underlying express or implied assumptions of fact or law with respect to matters at issue in this Action. These Responses are not intended to be, and should not be construed

as, an agreement or concurrence by Lublin with Plaintiffs' characterization of any facts, circumstances, and/or legal obligations. Lublin reserves the right to contest any such characterization as inaccurate.

13.    Lublin objects to the Requests as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent they purport to require production of "all" documents of a particular type under circumstances in which a subset of such documents would be sufficient to show the pertinent information or where such Request would require more than a reasonable, good-faith search of the places where responsive documents are likely to be found.

14.    Lublin objects to the Requests to the extent they seek information that is not relevant to any party's claim or defense.

15.    Lublin objects to the Requests to the extent they are not proportional to the needs of the case and to the extent they are (a) overly broad or unduly burdensome; (b) cumulative, duplicative, or repetitive; or (c) vague, ambiguous, lacking in particularity, colloquial, argumentative, capable of multiple interpretations, or unintelligible.

16.    Lublin's objections, responses, and production of documents shall not be construed as an admission of the relevancy, materiality, authenticity, or admissibility of any document, fact, issue, or piece of information. Lublin reserves the right to object to the admissibility in evidence of all or any part of the Responses herein. Nor does the fact that Lublin has responded to, or failed to object to, any Request as set forth below mean that any documents responsive to such Request in fact exist, or that Lublin acknowledges the propriety of the Request. The failure of Lublin to make a Specific Objection to any Request is not an admission that information responsive to that Request exists, nor shall Lublin's failure to object to any Request on a particular ground be construed as a waiver of his rights to object to such Request on that or any additional ground at any time. Any statement in these Responses that Lublin will produce documents in response to a specific Request does not mean that Lublin in fact has any such documents in his possession, custody, or control; that any such documents exist; or that Lublin will search all files maintained by any person. Rather, such a statement reflects the intention of Lublin, subject to these Responses, to conduct a reasonable search for readily accessible responsive information or documents from

sources in which responsive documents that are not otherwise protected from disclosure reasonably would be expected to be found and based on parameters agreed to by the parties.

17.    Lublin objects to the Requests to the extent they purport to require Lublin to search archived electronic data, "backup" files, or to restore any electronic matter on the ground that such requirements are unduly burdensome and not proportional to the needs of the case.

18.    Lublin objects to the Requests to the extent they call for the disclosure of Lublin's confidential or proprietary information, trade secrets, commercial information, or other competitively sensitive information. To the extent Lublin provides his confidential information and/or other competitively sensitive information, Lublin will do so only subject to the terms of the protective order entered by the Court in this Action, ECF No. 123.

19.    Lublin also objects to the Requests to the extent they seek documents that contain confidential or proprietary information; trade secrets; commercially sensitive information; other competitively sensitive information belonging to a third party but entrusted to Lublin on conditions of confidentiality and/or non-disclosure; personal information of fighters (such as medical conditions) or, if applicable, Endeavor's or Lublin's employees, clients, customers, or counterparties; or information that is subject to protective orders or other confidentiality undertakings or is protected from disclosure by legal protections governing the privacy rights of consumers and other persons. To the extent that Lublin agrees to produce any such documents, such production shall be subject to and contingent upon appropriate notice to and/or consent from such third parties and to the protection of the protective order entered by the Court in this Action, ECF No. 123.

20.    Lublin objects to the Requests to the extent they seek documents and information relating to fighters who would not be part of the putative class and, thus, would have no likelihood of leading to the discovery of relevant or admissible evidence.

21.    Lublin objects to the definition of "Agreement" as overbroad, unduly burdensome, and impractical to the extent it includes verbal agreements. Where called for by a Request (and as agreed by Lublin), Lublin will produce documents that regard such verbal agreements, to the extent any such documents exist. However, where a Request asks for the production of the Agreements

themselves, Lublin will not be able to produce materials reflecting verbal agreements, to the extent any such verbal agreements were made.

22.    Lublin objects to the definition of "Defendants" to the extent that it purports to include anything other than the named Defendants in this Action: Zuffa, LLC, TKO Operating Company, LLC, and Endeavor Group Holdings, Inc.

23.    Lublin objects to the definition of "Electronically Stored Information" to the extent it includes electronic information or data that is not reasonably accessible, or in a form beyond that required by the Federal Rules of Civil Procedure. Lublin also objects to the Definition to the extent that "activity listings of electronic mail receipts and/or transmittals" is undefined.

24.    Lublin objects to the definitions of "Endeavor," "Defendants," "TKO," "Zuffa," and "UFC" to the extent they encompass or purport to encompass persons or entities that are not the named Defendants, and their current executives, employees, agents, owners, departments, and divisions within their control. Lublin also objects to these definitions to the extent that they purport to include the subsidiaries, predecessors, successors, or affiliates of Endeavor, including entities "in which Endeavor owns a controlling share or which Endeavor manages or controls." Lublin further objects to these definitions as vague, ambiguous, overbroad, and unduly burdensome to the extent that they encompass or purport to encompass "any persons acting or purporting to act on behalf of the responding Defendant." Lublin further objects that this definition is overbroad to the extent that it includes all of Endeavor's former directors, members, officers, employees, agents, or representatives.

25.    Lublin objects to the definition "Identify" to the extent that it calls for identification of an individual's confidential personal information, including Social Security numbers. Lublin further objects to this definition to the extent it requires Lublin to do anything other than produce preexisting responsive documents within his possession, custody, or control created and collected in the ordinary course of business.

26.    Lublin objects to the definition of "Meeting" as overbroad and vague to the extent it includes any nonscheduled or unplanned "contemporaneous presence of two or more persons for any purpose."

27.     Lublin objects to the definition of "Pre-Bout Event" as overbroad to the extent it includes "training." Lublin will interpret "training" in the definition of "Pre-Bout Event" as though it reads "media regarding training."

28.     Lublin objects to the definition of "Professional MMA Fighter" as vague, ambiguous, and confusing in that it circuitously uses the term "Professional MMA Bout," which in turn uses the term "Professional MMA Fighter" in its definition. Lublin will interpret "Professional MMA Fighter" to mean a person who is paid to fight in MMA bouts.

29.     Lublin objects to the definitions of "You" and "Your" to the extent that they purport to include anything not in the possession, custody, or control of Lublin. This includes anything in the possession, custody, or control of any organization or entity which Lublin manages, controls, has an ownership interest in, or is employed by, as well as any employees, agents, representatives, or persons acting or purporting to act on Lublin's behalf. Lublin further objects to the definitions of "You" and "Your" on the ground that Plaintiffs' definition of "You" and "Your" is overly broad, imposes burdens and expenses that outweigh its likely benefit, is disproportionate to the needs of this case, seeks materials that are not relevant to any party's claim or defense in this case, and/or calls for Lublin to provide information protected by attorney-client privilege, work product doctrine, or other privileges and protections.

30.     Lublin objects to the definition of "Zuffa" as overly broad, unduly burdensome, vague, and ambiguous to the extent it purports to include or includes parties and entities outside of named Defendant, Zuffa, LLC, such as predecessors, successors, affiliates, "any organization or entity that it owns, manages or controls," former directors, officers, employees, employees and representatives and others "purporting to act on Zuffa's behalf." Lublin also objects to the extent that these definitions seek documents from predecessor companies or entities that were acquired by or merged with Zuffa.

31.     To the extent Lublin possesses any non-objectionable, non-privileged documents and/or data that are responsive to the Requests, Lublin will produce documents and/or data as they are kept in the usual course of business, and will produce them in a reasonable format, at a reasonable time, and at a reasonable location to be mutually agreed upon by the parties. Lublin

1  objects to the extent any Request calls for data to be provided in ways that are not done in the

2  normal course of business. Lublin objects to contrary instructions.

3      32.    Lublin objects to Instruction No. 1 to the extent that it requires or purports to require

4  Lublin to conduct anything beyond a reasonable search for documents within his possession,

5  custody, or control.

6      33.    Lublin objects to Instruction No. 2 as beyond the requirements of Federal Rules of

7  Civil Procedure 26 and 34. To the extent responsive documents are withheld on a basis of privilege,

8  Endeavor will produce a privilege log in the form agreed upon by the parties.

9      34.    Lublin objects to Instruction No. 3 and each Request to the extent it purports to

10 require the production of original documents. Lublin will make available legible copies of

11 responsive documents, to the extent any exist, to Plaintiffs' attorneys. Lublin reserves the right to

12 make original documents available on his own premises.

13     35.    Lublin objects to Instruction No. 5 to the extent that it requires or purports to require

14 the production of Documents otherwise uncalled for by the Requests or the stipulation regarding

15 the production of electronically stored information and other documents that the parties are

16 negotiating. Lublin also objects to the Instruction to the extent that it purports to impose obligations

17 beyond those required by the Federal Rules of Civil Procedure.

18     36.    Lublin objects to Instruction No. 6 to the extent that it purports to require

19 production of documents in a manner that exceeds the stipulation regarding production of

20 electronically stored information and other documents that the parties are negotiating. Lublin also

21 objects to the Instruction to the extent that it purports to impose obligations beyond those required

22 by the Federal Rules of Civil Procedure.

23     37.    Lublin objects to Instruction No. 7 to the extent that it purports to require Lublin to

24 disclose information that constitutes or reflects attorney work product or is otherwise protected

25 from disclosure under any other privilege, protection or immunity applicable under the governing

26 law.

27     38.    Lublin objects to Instruction No. 8 to the extent it purports to require Lublin to do

28 more than undertake a reasonable and diligent search for responsive documents. Lublin further

1  objects to this Instruction to the extent that it purports to require Lublin to maintain information

2  about documents that may no longer exist and to the extent that it purports to impose obligations

3  beyond those required by the Federal Rules of Civil Procedure or Local Rules for the United States

4  District Court for the District of Nevada, case law interpreting each of them, or any other laws or

5  rules applicable to proceedings in this Court.

6        39.    Lublin objects to Instruction No. 9 to the extent that the Instruction purports to

7  require preservation of "all" data and metadata as overbroad and burdensome. Lublin also objects

8  to the Instruction to the extent that it purports to impose obligations beyond those required by the

9  Federal Rules of Civil Procedure.

10       40.    Lublin objects to Instruction Nos. 10 through 17 to the extent that they purport to

11  require production of documents in a manner that exceeds the stipulation regarding production of

12  electronically stored information and other documents that the parties are negotiating. Lublin also

13  objects to Instruction Nos. 10 through 17 to the extent that they purport to impose obligations

14  beyond those required by the Federal Rules of Civil Procedure.

15       41.    Lublin objects to Instruction No. 18 to the extent that it purports to impose

16  obligations beyond those required by the Federal Rules of Civil Procedure. For any information

17  stored in a database, Lublin will meet and confer with Plaintiffs regarding the information available

18  and produce data in a useable format, to the extent any such data exists and is responsive to the

19  Requests.

20       42.    Lublin objects to Instruction Nos. 20, 22, and 23 to the extent they impose or

21  purport to impose duties or obligations beyond those imposed by the Federal Rules of Civil

22  Procedure, the Local Rules for the United States District Court for the District of Nevada, the case

23  law interpreting each of them, or any other laws or rules applicable to proceedings in this Court.

24       43.    Lublin objects to the Relevant Time Period beginning on January 1, 2015 until the

25  present, as it is overbroad because it stretches well beyond the period which is the basis of this

26  Action.

27

28

44.     These General Objections are incorporated into each one of the following Responses and shall be deemed continuing as to each response. These General Objections are not waived, or in any way limited, by the following Responses.

**SPECIFIC OBJECTIONS**

**REQUEST FOR PRODUCTION NO. 1:**

Documents sufficient to identify each electronic device that You used to transmit or receive Communications during the Relevant Time Period, including but not limited to cellular telephones, laptop or notebook computers, desktop computers, and portable tablets, including but not limited to Any electronic device that You purchased, that was purchased for You, or that was issued to You by Defendants.

**RESPONSE TO REQUEST NO. 1:**

In addition to the General Objections set forth above, Lublin objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses, including because it calls for "each" and "Any electronic device" used by a non-party over a ten year time period, extending beyond the time period relevant to this Action. Lublin further objects to this Request as impermissibly propounding an interrogatory on a non-party by means of a request for production of documents. Lublin further objects to this Request as improperly bypassing party discovery. Plaintiffs and Endeavor have been actively meeting and conferring over party discovery, and this Request seeks to circumvent that process.

Lublin will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 2:**

Documents sufficient to identify the telephone number and provider or carrier of each cellular telephone identified in response to Request No. 1.

**RESPONSE TO REQUEST NO. 2:**

In addition to the General Objections set forth above, Lublin objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses, including because it calls for "each cellular

telephone" used by a non-party over a ten year time period, extending beyond the time period relevant to this Action. Lublin further objects to this Request as impermissibly propounding an interrogatory on a non-party by means of a request for production of documents. Lublin further objects to this Request as improperly bypassing party discovery. Plaintiffs and Endeavor have been actively meeting and conferring over party discovery, and this Request seeks to circumvent that process.

Lublin will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 3:**

Documents sufficient to identify when You first started using and, if applicable, when You stopped using, each mobile telephone number identified in response to Request No. 2.

**RESPONSE TO REQUEST NO. 3:**

In addition to the General Objections set forth above, Lublin objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses, including because it calls for information about "each mobile telephone number" used by a non-party over a ten year time period, extending beyond the time period relevant to this Action. Lublin further objects to this Request as impermissibly propounding an interrogatory on a non-party by means of a request for production of documents. Lublin further objects to this Request as improperly bypassing party discovery. Plaintiffs and Endeavor have been actively meeting and conferring over party discovery, and this Request seeks to circumvent that process.

Lublin will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 4:**

Documents sufficient to identify each messaging account or social media account that You used during the Relevant Time Period, including but not limited to Discord, Facebook, Google Chat, iMessage, Instagram, Kik, Microsoft Teams, Reddit, Signal, Skype, Slack, Snapchat, Telegram, TikTok, Truth Social, Whatsapp, WeChat, Zoom, X (Twitter), etc.

**RESPONSE TO REQUEST NO. 4:**

In addition to the General Objections set forth above, Lublin objects to this Request as

1  overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information
2  that is not relevant to any party's claims or defenses, including because it calls for "each messaging
3  account or social media account" used by a non-party over a ten year time period, extending
4  beyond the time period relevant to this Action. Lublin further objects to this Request as
5  impermissibly propounding an interrogatory on a non-party by means of a request for production
6  of documents. Lublin further objects to this Request as improperly bypassing party discovery.
7  Plaintiffs and Endeavor have been actively meeting and conferring over party discovery, and this
8  Request seeks to circumvent that process.

9      Lublin will not produce documents in response to this Request.

10 **REQUEST FOR PRODUCTION NO. 5:**

11     Documents sufficient to identify All username(s) and social media handle(s) for each
12 account identified in response to Request No. 4.

13 **RESPONSE TO REQUEST NO. 5:**

14     In addition to the General Objections set forth above, Lublin objects to this Request as
15 overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information
16 that is not relevant to any party's claims or defenses, including because it calls for "All username(s)
17 and social media handle(s)" used by a non-party over a ten year time period, extending beyond the
18 time period relevant to this Action. Lublin further objects to this Request as impermissibly
19 propounding an interrogatory on a non-party by means of a request for production of documents.
20 Lublin further objects to this Request as improperly bypassing party discovery. Plaintiffs and
21 Endeavor have been actively meeting and conferring over party discovery, and this Request seeks
22 to circumvent that process.

23     Lublin will not produce documents in response to this Request.

24 **REQUEST FOR PRODUCTION NO. 6:**

25     Documents sufficient to identify each email account that You used during the Relevant
26 Time Period.

27 **RESPONSE TO REQUEST NO. 6:**

28     In addition to the General Objections set forth above, Lublin objects to this Request as

1    overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

2    that is not relevant to any party's claims or defenses, including because it calls for "each email

3    account" used by a non-party over a ten year time period, extending beyond the time period

4    relevant to this Action. Lublin further objects to this Request as impermissibly propounding an

5    interrogatory on a non-party by means of a request for production of documents. Lublin further

6    objects to this Request as improperly bypassing party discovery. Plaintiffs and Endeavor have been

7    actively meeting and conferring over party discovery, and this Request seeks to circumvent that

8    process.

9        Lublin will not produce documents in response to this Request.

10   **REQUEST FOR PRODUCTION NO. 7:**

11       All Documents and Communications relating to Your role and activities relating to the

12   distribution of UFC Events, including, without limitation, materials reflecting or describing any

13   strategy for distributing UFC Events, the criteria any broadcast or distribution partners require

14   concerning UFC Events (e.g., whether particular UFC Fighters must be available to appear,

15   whether UFC Fighters of a particular rank must be available to appear, whether any particular UFC

16   Event or proportion or set of UFC Events must include a championship bout), and/or advice or

17   support You provide or provided to the UFC concerning its distribution of UFC Events.

18   **RESPONSE TO REQUEST NO. 7:**

19       In addition to the General Objections set forth above, Lublin objects to this Request as

20   overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

21   that is not relevant to any party's claims or defenses, including because it calls for "All Documents

22   and Communications" over a ten year time period, extending beyond the time period relevant to

23   this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Lublin

24   also objects that the phrases "role and activities," "any strategy," "criteria," and "advice or

25   support" as used in this Request are vague and ambiguous. Lublin further objects to this Request

26   as vague, ambiguous, confusing, and incomplete because it uses the capitalized term "UFC Event,"

27   which is not otherwise defined. Lublin further objects to this Request as seeking documents and

28   information relating to fighters who would not be members of the putative class and, thus, would

1  have no likelihood of leading to the discovery of relevant or admissible evidence. Lublin further

2  objects to this Request to the extent it seeks documents that are not within Lublin's possession,

3  custody, or control. Lublin further objects to this Request as duplicative of Request No. 85 to

4  Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same

5  Request, and thus this Request improperly seeks to bypass party discovery.

6      Lublin will not produce documents in response to this Request.

7  **REQUEST FOR PRODUCTION NO. 8:**

8      All Documents and Communications relating to Your role in producing UFC Events,

9  including materials relating to expenditures You made in connection with such Event production,

10 Your personnel's roles in UFC Event production, and any contracts or Agreements relating to Your

11 role in producing UFC Events, and any Documents or Communications reflecting Your control or

12 influence over the contents of UFC Events (e.g., which UFC Fighters will appear at the Event, the

13 number and/or timing of UFC Events, the number and/or order of UFC Fighters appearing on a

14 UFC Event card).

15 **RESPONSE TO REQUEST NO. 8:**

16     In addition to the General Objections set forth above, Lublin objects to this Request as

17 overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

18 that is not relevant to any party's claims or defenses, including because it calls for "All Documents

19 and Communications" over a ten year time period, extending beyond the time period relevant to

20 this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Lublin

21 also objects that the phrases "role in producing," "control or influence," and "contents" are vague

22 and ambiguous. Lublin further objects to this Request as vague, ambiguous, confusing, and

23 incomplete because it uses the capitalized term "UFC Events," which is not otherwise defined.

24 Lublin further objects to the extent this Request calls for documents protected from disclosure by

25 the attorney-client privilege, work-product doctrine, or any other applicable privilege. Lublin

26 further objects to this Request as seeking documents and information relating to fighters who

27 would not be members of the putative class and, thus, would have no likelihood of leading to the

28 discovery of relevant or admissible evidence. Lublin further objects to this Request to the extent it

1    seeks documents that are not within Lublin's possession, custody, or control. Lublin further objects

2    to this Request as duplicative of Request No. 86 to Endeavor. Endeavor has been actively meeting

3    and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to

4    bypass party discovery.

5        Lublin will not produce documents in response to this Request.

6    **REQUEST FOR PRODUCTION NO. 9:**

7        Documents and Communications sufficient to identify all of Your costs and expenses

8    associated with producing UFC Events, including a final profit and loss calculation for each UFC

9    Event.

10    **RESPONSE TO REQUEST NO. 9:**

11        In addition to the General Objections set forth above, Lublin objects to this Request as

12    overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

13    that is not relevant to any party's claims or defenses, including because it calls for "all" of TKO's

14    costs and expenses associated with producing UFC Events, over a ten year time period, extending

15    beyond the time period relevant to this Action, and it is not limited in scope to the claims or

16    defenses at issue in this Action. Lublin objects that the phrase "associated with producing" is vague

17    and ambiguous. Lublin further objects to this Request as vague, ambiguous, confusing, and

18    incomplete because it uses the capitalized term "UFC Events," which is not otherwise defined.

19    Lublin further objects to this Request to the extent it seeks documents that are not within Lublin's

20    possession, custody, or control. Lublin further objects to this Request as duplicative of Request

21    No. 87 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this

22    same Request, and thus this Request improperly seeks to bypass party discovery.

23        Lublin will not produce documents in response to this Request.

24    **REQUEST FOR PRODUCTION NO. 10:**

25        All Documents and Communications relating to Your role in operating UFC's Fight Pass

26    streaming platform, including, without limitation, Documents reflecting Endeavor's strategic

27    planning for UFC's Fight Pass platform, Endeavor's employees' roles in operating the UFC's

28    Fight Pass platform, Endeavor's strategy for marketing and selling access to the UFC's Fight Pass

platform, all Agreements with third-parties to market and/or sell access to the UFC's Fight Pass platform, and/or any analysis of the UFC's Fight Pass platform's financial and/or market performance.

**RESPONSE TO REQUEST NO. 10:**

In addition to the General Objections set forth above, Lublin objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses, including because it calls for "All Documents and Communications" over a ten year time period, extending beyond the time period relevant to this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Lublin objects that the phrases "strategic planning," "strategy for marketing and selling," "any analysis" and "financial and/or market performance" as used in this Request are vague and ambiguous. Lublin further objects to the extent this Request calls for documents protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Lublin further objects to this Request to the extent it seeks documents that are not within Lublin's possession, custody, or control. Lublin further objects to this Request as duplicative of Request No. 88 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Lublin will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents and Communications relating to Your business strategy for the UFC, including but not limited to SWOT analyses, financial analyses, strategies, analyses of UFC Fighter compensation, counterprogramming of other MMA Promoters' Professional MMA Events, assessments of other MMA Promoters' Professional MMA Fighter rosters, and acquisition analyses and strategies.

**RESPONSE TO REQUEST NO. 11:**

In addition to the General Objections set forth above, Lublin objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses, including because it calls for "All Documents

1  and Communications" over a ten year time period, extending beyond the time period relevant to

2  this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Lublin

3  objects that the phrases "business strategy," "SWOT analyses, financial analyses, strategies,"

4  "assessments," and "acquisition analyses and strategies" as used in this Request are vague and

5  ambiguous. Lublin further objects to this Request as seeking documents and information relating

6  to fighters who would not be members of the putative class and, thus, would have no likelihood of

7  leading to the discovery of relevant or admissible evidence. Lublin further objects to this Request

8  to the extent it seeks documents that are not within Lublin's possession, custody, or control. Lublin

9  further objects to this Request as duplicative of Request No. 89 to Endeavor. Endeavor has been

10  actively meeting and conferring with Plaintiffs over this same Request, and thus this Request

11  improperly seeks to bypass party discovery.

12      Lublin will not produce documents in response to this Request.

13  **REQUEST FOR PRODUCTION NO. 12:**

14      All Documents and Communications relating to any provisions in the UFC's Promotional

15  and Ancillary Rights Agreements with UFC Fighters limiting the UFC's ability to extend the term

16  of the Agreement (e.g., Paragraphs 4.3.2 and 4.4 in ZUFFA-J_00003638 and Paragraph 4.5 in

17  UFC-00086462), including without limitation, the strategic and business purposes of these

18  provisions and any changes thereto over time, evaluations of the effect of these provisions on the

19  UFC's ability (or inability) to retain UFC Fighters under contract, evaluations on the benefits to

20  Endeavor of such provisions, the criteria (and bases for employing such criteria) the UFC has used

21  to determine whether to include such a provision (or not include such a provision) in the

22  Promotional and Ancillary Rights Agreement of any particular UFC Fighter or group of UFC

23  Fighters, and any correspondence or exchanged drafts of UFC Promotional and Ancillary Rights

24  Agreements concerning the UFC Fighters' (or UFC Fighters' agents, managers, or other

25  representatives) desire to include such a provision or make changes to such a provision in a UFC

26  contract proposal.

27  **RESPONSE TO REQUEST NO. 12:**

28      In addition to the General Objections set forth above, Lublin objects to this Request as

1    overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

2    that is not relevant to any party's claims or defenses, including because it calls for "All Documents

3    and Communications" over a ten year time period, extending beyond the time period relevant to

4    this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Lublin

5    objects that the phrases "strategic and business purposes" and "evaluations" as used in this Request

6    are vague and ambiguous. Lublin further objects to this Request as seeking documents and

7    information relating to fighters who would not be members of the putative class and, thus, would

8    have no likelihood of leading to the discovery of relevant or admissible evidence. Lublin further

9    objects to the extent this Request calls for documents protected from disclosure by the attorney-

10   client privilege, work-product doctrine, or any other applicable privilege. Lublin further objects to

11   this Request to the extent it seeks documents that are not within Lublin's possession, custody, or

12   control. Lublin further objects to this Request as duplicative of Request No. 90 to Endeavor.

13   Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and

14   thus this Request improperly seeks to bypass party discovery.

15        Lublin will not produce documents in response to this Request.

16   **REQUEST FOR PRODUCTION NO. 13:**

17        All Documents and Communications relating to the UFC's business strategy for

18   Professional MMA Events and/or Professional MMA Bouts held at UFC Apex, including

19   Documents and Communications discussing the reasons for creating and/or establishing the UFC

20   Apex, how UFC determines which Professional MMA Events and/or Professional MMA Bouts

21   will be held at the Apex, and why any Professional MMA Events and/or Professional MMA Bouts

22   were held at the Apex.

23   **RESPONSE TO REQUEST NO. 13**

24        In addition to the General Objections set forth above, Lublin objects to this Request as

25   overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

26   that is not relevant to any party's claims or defenses, including because it calls for "All Documents

27   and Communications" over a ten year time period, extending beyond the time period relevant to

28   this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Lublin

1   further objects that the phrase "business strategy" as used in this Request is vague and ambiguous.

2   Lublin further objects to the extent this Request is duplicative of Request No. 85 to Zuffa. Lublin

3   further objects to this Request to the extent it seeks documents that are not within Lublin's

4   possession, custody, or control. Lublin further objects to this Request as duplicative of Request

5   No. 91 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this

6   same Request, and thus this Request improperly seeks to bypass party discovery.

7       Lublin will not produce documents in response to this Request.

8   **REQUEST FOR PRODUCTION NO. 14:**

9       All monthly and annual financial documents containing information concerning the

10  business operations at the UFC Apex, including without limitation all audited financial statements,

11  balance sheets, income statements, profit and loss reports, margin analyses, equity valuations, asset

12  appraisals, financial models, budgets (proposed or otherwise), investor presentations, margin

13  analyses, pro form as, regulatory filings (including income tax returns), issuance of equity or debit,

14  loans, and money owed or receivable, and any other form of financial reporting.

15  **RESPONSE TO REQUEST NO. 14:**

16      In addition to the General Objections set forth above, Lublin objects to this Request as

17  overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

18  that is not relevant to any party's claims or defenses, including because it calls for "All" monthly

19  and annual financial documents over a ten year time period, extending beyond the time period

20  relevant to this Action, and it is not limited in scope to the claims or defenses at issue in this Action.

21  Lublin further objects that the phrases "financial documents," "business operations," and "any

22  other form of financial reporting" as used in this Request are vague and ambiguous. Lublin further

23  objects to the extent this Request is duplicative of Request No. 86 to Zuffa. Lublin further objects

24  to this Request to the extent it seeks documents that are not within Lublin's possession, custody,

25  or control. Lublin further objects to this Request as duplicative of Request No. 92 to Endeavor.

26  Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and

27  thus this Request improperly seeks to bypass party discovery.

28      Lublin will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents and Communications relating to any changes in the form and/or structure of revenues the UFC received for its broadcast rights, including, without limitation, Documents and Communications relating to changes in structure of PPV revenues received by the UFC and paid by ESPN following the UFC's 2019 broadcast rights deal with ESPN, including materials analyzing such changes and any corresponding changes in business practices or operations the UFC considered implementing based on such change in structure.

**RESPONSE TO REQUEST NO.15:**

In addition to the General Objections set forth above, Lublin objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses, including because it requests "All Documents and Communications" over a ten year time period, extending beyond the time period relevant to this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Lublin further objects that the phrases "materials analyzing such changes," "corresponding changes," and "considered implementing" as used in this Request are vague and ambiguous. Lublin further objects to the extent this Request calls for documents protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Lublin further objects to the extent this Request is duplicative of Request No. 87 to Zuffa. Lublin further objects to this Request to the extent it seeks documents that are not within Lublin's possession, custody, or control. Lublin further objects to this Request as duplicative of Request No. 93 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Lublin will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents and Communications relating to Your "flywheel"1 as it pertains to the UFC, including without limitation, materials reflecting how "the integration of [Your] broad range of capabilities, along with [Your] owned and managed premium sports and entertainment properties [including the UFC], drives network effects across the Endeavor flywheel," how such

network effects "across the Endeavor flywheel" "connect and utilize multiple divisions of Endeavor [including the UFC] maximize the power of [Your] platform [and] creat[e] value for [Your] business, clients and employees," and the ways in which You have "realized top line and cost synergies as [You] have integrated more than 30 acquisitions including IMG, UFC, PBR, 160over90, and On Location." Form 10-K for the fiscal year ended December 31, 2022, of Endeavor Group Holdings, Inc.

**RESPONSE TO REQUEST NO. 16:**

In addition to the General Objections set forth above, Lublin objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses, including because it calls for "All Documents and Communications" over a ten year time period, extending beyond the time period relevant to this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Lublin further objects that the phrases "flywheel" and "materials reflecting" as used in this Request are vague and ambiguous. Lublin further objects to this Request to the extent that it seeks public information—including information in Plaintiffs' control—that is readily accessible by Plaintiffs and which should be collected by Plaintiffs under the reasonableness and proportionality standards set forth in the Federal Rules of Civil Procedure. Lublin further objects to the extent this Request calls for documents protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Lublin further objects to this Request to the extent it seeks documents that are not within Lublin's possession, custody, or control. Lublin further objects to this Request as duplicative of Request No. 94 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Lublin will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents and Communications produced by You to any government or government agency in response to any investigative demand or other request from the U.S. Department of Justice, the U.S. Federal Trade Commission, any state regulatory agency, or any foreign regulatory

1  agency related to: (a) Your policies, practices, guidelines, and training directed to compliance with

2  U.S. governmental regulatory agencies, or any foreign regulatory agency, including all Documents

3  concerning the creation of such policies, and any statements signed by Your employees or agents

4  acknowledging their receipt of or compliance with Your compliance policies; (b) the acquisition

5  of Zuffa or any parent of or successor to Zuffa by Endeavor Group Holdings, Inc.; or (c) the merger

6  of Zuffa or any parent of or successor to Zuffa with World Wrestling Entertainment, Inc. (a/k/a

7  WWE) or any parent of or successor to World Wrestling Entertainment, Inc. Explicitly included

8  within the scope of this Interrogatory is any correspondence or documents exchanged between

9  You and the U.S. Department of Justice, including documents reflecting or constituting any

10 Communications with former Assistant Attorney General for the Department of Justice Antitrust

11 Division Makan Delrahim, relating to Le, et al. v. Zuffa, LLC, 2:21-cv- 1189-RFBBNW (D. Nev.).

12 **RESPONSE TO REQUEST NO. 17:**

13      In addition to the General Objections set forth above, Lublin objects to this Request as

14 overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

15 calculated to lead to the discovery of relevant or admissible evidence, including because it seeks

16 information not relevant to any claim or defense at issue in this Action by requesting documents

17 produced to "any government or government agency in response to any investigative demand or

18 other request" related to a wide range of topics that have no relevance to the claims or defenses at

19 issue in this Action, including because they relate to transactions that are not challenged or at issue

20 in this Action. Lublin also objects that the phrase "directed to compliance with" is vague,

21 ambiguous, and unintelligible as written. Lublin further objects to this Request to the extent it

22 refers to an "Interrogatory" and will interpret this Request to refer to a "Request." Lublin further

23 objects to this Request to the extent it calls for communications with former Assistant Attorney

24 General for the Department of Justice Antitrust Division Makan Delrahim after he joined the law

25 firm of Latham & Watkins LLP. Such communications are protected from disclosure by the

26 attorney-client privilege, work-product doctrine, or any other applicable privilege. Lublin further

27 objects to this Request to the extent it seeks documents that are not within Lublin's possession,

28 custody, or control. Lublin further objects to this Request as duplicative of Request No. 1 to

Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Lublin will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 18:**

All Documents and Communications produced by You to the U.S. government pursuant to the Hart-Scott-Rodino Antitrust Improvements Act of 1976, Pub. L. No. 94-435, and any second requests, related to the acquisition of Zuffa or any parent of or successor to Zuffa by Endeavor Group Holdings, Inc., or to the merger of Zuffa or any parent of or successor to Zuffa with World Wrestling Entertainment, Inc. (a/k/a WWE) or any parent of or successor to World Wrestling Entertainment, Inc., or the formation of TKO Group Holdings, Inc.

**RESPONSE TO REQUEST NO. 18:**

In addition to the General Objections set forth above, Lublin objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it seeks "All Documents and Communications" produced for an ten year time period, extending beyond the time period relevant to this case, and which relate to transactions not challenged or at issue in this Action and which are otherwise not relevant to any claim or defense in this Action. Lublin further objects to this Request to the extent it seeks documents that are not within Lublin's possession, custody, or control. Lublin further objects to this Request as duplicative of Request No. 2 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Lublin will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents and Communications relating to any Agreements between (a) Zuffa and any Professional MMA Fighter, and (b) any other MMA Promoter and any Professional MMA Fighter, including all Agreements concerning competition in Professional MMA Bouts (and any amendments thereto), including Promotional and Ancillary Rights Agreements, Bout Agreements, "side letter" and/or letter Agreements, Merchandise Rights Agreements, sponsorship Agreements,

1  and all Documents and Communications relating to negotiations with any Professional MMA

2  Fighter or any Person purporting to represent a Professional MMA Fighter, including all draft

3  Agreements.

4  **RESPONSE TO REQUEST NO. 19:**

5      In addition to the General Objections set forth above, Lublin objects to this Request as

6  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

7  calculated to lead to the discovery of relevant or admissible evidence, including because it calls

8  for "All Documents and Communications" over a ten year time period, extending beyond the time

9  period relevant to this case, and relating to, among other things, agreements between "any other

10  MMA Promoter and any Professional MMA Fighter." Lublin also objects that the phrase "relating

11  to negotiations" and "purporting to represent" are vague and ambiguous. Lublin further objects to

12  the extent this Request calls for documents protected from disclosure by the attorney-client

13  privilege, work-product doctrine, or any other applicable privilege. Lublin further objects to this

14  Request as seeking documents and information relating to fighters who would not be members of

15  the putative class and, thus, would have no likelihood of leading to the discovery of relevant or

16  admissible evidence. Lublin further objects to this Request to the extent it seeks documents that

17  are not within Lublin's possession, custody, or control. Lublin further objects to this Request to

18  the extent that it is duplicative of Request No. 4 to Zuffa, including to the extent it calls for

19  agreements between Zuffa and any Professional MMA Fighter or any other MMA Promoter and

20  any Professional MMA Fighter. Lublin further objects to this Request as duplicative of Request

21  No. 3 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this

22  same Request, and thus this Request improperly seeks to bypass party discovery.

23      Lublin will not produce documents in response to this Request.

24  **REQUEST FOR PRODUCTION NO. 20:**

25      Each Agreement between you and a Professional MMA Fighter entered into or in effect

26  during the Relevant Time Period.

27  **RESPONSE TO REQUEST NO. 20:**

28      In addition to the General Objections set forth above, Lublin objects to this Request as

1  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

2  calculated to lead to the discovery of relevant or admissible evidence, including because it requests

3  "Each Agreement" over at least a ten year time period, extending beyond the time period relevant

4  to this case. Lublin further objects to this Request as vague, ambiguous, confusing, and incomplete

5  because it does not define "you." Lublin also objects to this Request as seeking documents and

6  information relating to fighters who would not be members of the putative class and, thus, would

7  have no likelihood of leading to the discovery of relevant or admissible evidence. Lublin further

8  objects to this Request to the extent it seeks documents that are not within Lublin's possession,

9  custody, or control. Lublin further objects to this Request as duplicative of Request No. 4 to

10  Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same

11  Request, and thus this Request improperly seeks to bypass party discovery.

12      Lublin will not produce documents in response to this Request.

13  **REQUEST FOR PRODUCTION NO. 21:**

14      All Documents and Communications evidencing the negotiation of any Agreement

15  responsive to the preceding Request.

16  **RESPONSE TO REQUEST NO. 21:**

17      In addition to the General Objections set forth above, Lublin objects to this Request as

18  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

19  calculated to lead to the discovery of relevant or admissible evidence, including because it calls

20  for "All Documents and Communications" over at least a ten year time period, extending beyond

21  the time period relevant to this Action. Lublin also objects to the extent this Request calls for

22  documents protected from disclosure by the attorney-client privilege, work-product doctrine, or

23  any other applicable privilege. Lublin further objects that the phrase "evidencing the negotiation

24  of" is vague and ambiguous. Lublin further objects to this Request as seeking documents and

25  information relating to fighters who would not be members of the putative class and, thus, would

26  have no likelihood of leading to the discovery of relevant or admissible evidence. Lublin further

27  objects to this Request to the extent it seeks documents that are not within Lublin's possession,

28  custody, or control. Lublin further objects to this Request as duplicative of Request No. 5 to

Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Lublin will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 22**

All Documents and Communications consisting of or relating to Your discussion, analysis, interpretation or characterization of any Agreement, and the negotiation thereof, responsive to Request No. 21.

**RESPONSE TO REQUEST NO. 22:**

In addition to the General Objections set forth above, Lublin objects to this Request as vague, ambiguous, and unintelligible as written to the extent it refers to "Request No. 21." Endeavor will interpret this Request as though it refers to "Request No. 20" instead. Lublin objects that this Request is overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it calls for "All Documents and Communications" over a ten year period, extending beyond the time period relevant to this Action. Lublin also objects to the extent this Request calls for documents protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege. Lublin further objects that the phrase "discussion, analysis, interpretation or characterization" is vague and ambiguous. Lublin further objects to this Request as seeking documents and information relating to fighters who would not be members of the putative class and, thus, would have no likelihood of leading to the discovery of relevant or admissible evidence. Lublin further objects to this Request to the extent it seeks documents that are not within Lublin's possession, custody, or control. Lublin further objects to this Request as Lublin and his employer, Endeavor, are not alleged to have had any agreements with any professional MMA fighters that are relevant to this Action. Lublin further objects to this Request as duplicative of Request No. 6 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Lublin will not produce documents in response to this Request.

1  **REQUEST FOR PRODUCTION NO. 23:**

2      All arbitration clauses or class action waivers between You and any Professional MMA

3  Fighters, whether set forth in an Agreement or otherwise, and all Documents and Communications

4  relating to any such arbitration clause or class action waiver, including without limitation analyses,

5  draft proposed clauses, analyses of such clauses, white papers, reports, slide presentations, or

6  discussions regarding the reasons for, or potential benefits to Zuffa or Endeavor or anyone else of,

7  including arbitration clauses and/or class action waivers in Your Agreements with Professional

8  MMA Fighters.

9  **RESPONSE TO REQUEST NO. 23:**

10     In addition to the General Objections set forth above, Lublin objects that this Request is

11  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

12  calculated to lead to the discovery of relevant or admissible evidence, including because it asks for

13  "All arbitration clauses or class action waivers" and "all Documents and Communications"

14  relating to such clauses over a ten year time period, extending beyond the time period relevant to

15  this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Lublin

16  also objects that the phrases "analyses," "discussions regarding the reasons for," and "potential

17  benefits" are vague and ambiguous. Lublin further objects to the extent this Request calls for

18  documents protected from disclosure by the attorney-client privilege, work product doctrine, or

19  any other applicable privilege. Lublin further objects to this Request as seeking documents and

20  information relating to fighters who would not be members of the putative class and, thus, would

21  have no likelihood of leading to the discovery of relevant or admissible evidence. Lublin further

22  objects to this Request to the extent it seeks documents that are not within Lublin's possession,

23  custody, or control. Lublin further objects to this Request as duplicative of Request No. 7 to

24  Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same

25  Request, and thus this Request improperly seeks to bypass party discovery.

26     Lublin will not produce documents in response to this Request.

27

28

**REQUEST FOR PRODUCTION NO. 24:**

All Documents and Communications evidencing the negotiation of any Agreement responsive to the preceding Request.

**RESPONSE TO REQUEST NO. 24:**

In addition to the General Objections set forth above, Lublin objects that this Request duplicative of the Request No. 23's request for "all Documents and Communications" concerning the same topic, and as is overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it asks for "All Documents and Communications" regarding Agreements from the prior Request over a ten year time period, extending beyond the time period relevant to this case, and it is not limited in scope to the claims or defenses at issue in this Action. Lublin also objects that the phrase "evidencing the negotiation" is vague and ambiguous. Lublin further objects to this Request as seeking documents and information relating to fighters who would not be members of the putative class and, thus, would have no likelihood of leading to the discovery of relevant or admissible evidence. Lublin further objects to this Request to the extent it seeks documents that are not within Lublin's possession, custody, or control. Lublin further objects to this Request as Lublin and his employer, Endeavor, are not alleged to have been involved in negotiating agreements with any professional MMA fighters that are relevant to this Action. Lublin further objects to this Request as duplicative of Request No. 8 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Lublin will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 25:**

All Documents and Communications consisting of or relating to Your discussion, analysis, interpretation or characterization of any arbitration clause or class action waiver, and/or the negotiation thereof.

**RESPONSE TO REQUEST NO. 25:**

In addition to the General Objections set forth above, Lublin objects to this Request as

1    overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

2    calculated to the discovery of relevant or admissible evidence, including because it calls for "All

3    Documents and Communications" over an ten year time period, extending beyond the time period

4    relevant to this Action. Lublin also objects that the terms "discussion, analysis, interpretation or

5    characterization" are vague and ambiguous. Lublin further objects to the extent that this Request

6    is duplicative of Request Nos. 23 and 24. Lublin further objects to the extent this Request calls for

7    documents protected from disclosure by the attorney-client privilege, work-product doctrine, or

8    any other applicable privilege. Lublin further objects to this Request to the extent it seeks

9    documents that are not within Lublin's possession, custody, or control. Lublin and his employer,

10   Endeavor, are not alleged to have had any agreements, or been involved in negotiating agreements,

11   with any professional MMA fighters that are relevant to this Action. Lublin further objects to this

12   Request as duplicative of Request No. 9 to Endeavor. Endeavor has been actively meeting and

13   conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass

14   party discovery.

15         Lublin will not produce documents in response to this Request.

16   **REQUEST FOR PRODUCTION NO. 26:**

17         All Documents and Communications relating to market research about the MMA Industry,

18   including but not limited to, analysis or research regarding relative market share of MMA

19   Promoters, barriers to expansion for MMA Promoters, barriers to entry for would-be MMA

20   Promoters, and growth projections for the MMA Industry and/or MMA Promoters individually or

21   in any groupings.

22   **RESPONSE TO REQUEST NO. 26:**

23         In addition to the General Objections set forth above, Lublin objects to this Request as

24   overbroad and unduly burdensome, not proportional to the needs of the case, and not reasonably

25   calculated to the discovery of relevant or admissible evidence, including because it calls for "All

26   Documents and Communications" over a ten year period, extending beyond the time period

27   relevant to this Action. Lublin also objects that the phrases "market research," "analysis or

28   research," and "growth projections" are vague and ambiguous. Lublin further objects to the extent

1    this Request calls for documents protected from disclosure by the attorney-client privilege, work-

2    product doctrine, or any other applicable privilege. Lublin further objects to this Request to the

3    extent it seeks documents that are not within Lublin's possession, custody, or control. Lublin

4    further objects to this Request as duplicative of Request No. 10 to Endeavor. Endeavor has been

5    actively meeting and conferring with Plaintiffs over this same Request, and thus this Request

6    improperly seeks to bypass party discovery.

7        Lublin will not produce documents in response to this Request.

8    **REQUEST FOR PRODUCTION NO. 27:**

9        All Documents and Communications relating to non-Zuffa/non-UFC MMA Promoters

10   (considered individually or as a group), including but not limited to SWOT analyses, financial,

11   analyses, strategies, counterprogramming of other MMA Promoters' Professional MMA Events,

12   analyses and/or commentary or assessments of their Professional MMA Fighter rosters, and

13   acquisition analyses and strategies.

14   **RESPONSE TO REQUEST NO. 27:**

15       In addition to the General Objections set forth above, Lublin objects to this Request as

16   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

17   calculated to lead to the discovery of relevant or admissible evidence, including because it calls

18   for "All Documents and Communications relating to non -Zuffa/non-UFC MMA Promoters" over

19   a ten year time period, extending beyond the time period relevant to this Action, and does not limit

20   the scope of the request to the claims or defenses at issue in this Action. Lublin also objects that

21   the phrase "counterprogramming" is vague and ambiguous. Lublin further objects that the phrase

22   "SWOT analyses" is vague, ambiguous, and undefined. Lublin further objects to the extent this

23   Request calls for documents protected from disclosure by the attorney-client privilege, work-

24   product doctrine, or any other applicable privilege. Lublin further objects to this Request to the

25   extent it seeks documents that are not within Lublin's possession, custody, or control. Lublin

26   further objects to this Request as duplicative of Request No. 11 to Endeavor. Endeavor has been

27

28

1    actively meeting and conferring with Plaintiffs over this same Request, and thus this Request

2    improperly seeks to bypass party discovery.

3         Lublin will not produce documents in response to this Request.

4    **REQUEST FOR PRODUCTION NO. 28:**

5         All Documents and Communications relating to any Agreement that UFC had with another

6    MMA Promoter, including but not limited to Agreements to license content, Agreements to buy

7    or sell athlete contracts, and Agreements to release Professional MMA Fighters from their

8    contracts if UFC offers the Professional MMA Fighter a contract.

9    **RESPONSE TO REQUEST NO. 28:**

10        In addition to the General Objections set forth above, Lublin objects that this Request is

11   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

12   calculated to lead to the discovery of relevant or admissible evidence, including because it asks for

13   "All Documents and Communications" relating to any agreement with another MMA Promoter,

14   regardless of the nature of the agreement, over a ten year time period, extending beyond the time

15   period relevant to this Action, and it does not limit the scope of the Request to the claims or

16   defenses at issue in this Action. Lublin further objects to this Request to the extent that it is

17   duplicative of Request No. 13 to Zuffa, including to the extent it seeks agreements between the

18   UFC and any other MMA Promoter. Lublin further objects to this Request to the extent it seeks

19   documents that are not within Lublin's possession, custody, or control. Lublin further objects to

20   this Request as duplicative of Request No. 12 to Endeavor. Endeavor has been actively meeting

21   and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to

22   bypass party discovery.

23        Lublin will not produce documents in response to this Request.

24   **REQUEST FOR PRODUCTION NO. 29:**

25        All Documents and Communications relating to the potential sale of Zuffa or any portion

26   thereof(or interest therein), including any Communications with or Documents created by You or

27   any third party, including without limitation any prospectuses, proposals, confidential information

28   memoranda, credit assessments, due diligence requests, Documents or Communications created,

1  collected, placed in data rooms, or produced in response to due diligence requests, offers,

2  negotiations, memoranda of understanding, and all other Documents or Communications relating

3  in any way to the potential sale, acquisition, merger or transfer of Zuffa or any portion thereof or

4  interest therein.

5  **RESPONSE TO REQUEST NO. 29:**

6      In addition to the General Objections set forth above, Lublin objects to this Request as

7  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

8  calculated to lead to the discovery of relevant or admissible evidence, including because it requests

9  "All Documents and Communications" relating to any potential sale of Zuffa or any portion

10  thereof over a ten year time period, extending beyond the time period relevant to this Action, and

11  it is not limited in scope to documents relating to the claims and defenses at issue in this Action.

12  Lublin also objects to the extent this Request calls for documents protected from disclosure by the

13  attorney-client privilege, work-product doctrine, or any other applicable privilege. Lublin further

14  objects to this Request to the extent it seeks documents that are not within Lublin's possession,

15  custody, or control. Lublin further objects to this Request as duplicative of Request No. 13 to

16  Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same

17  Request, and thus this Request improperly seeks to bypass party discovery.

18      Lublin will not produce documents in response to this Request.

19  **REQUEST FOR PRODUCTION NO. 30:**

20      All Documents and Communications (exclusive of Documents and Communications

21  produced in response to Request No. 29) relating to the purchase by You of a majority stake in

22  Zuffa on or around August 18, 2016, including Communications with or Documents created by

23  Zuffa, LLC or any third party, and including without limitation any executed Agreements, draft

24  Agreements, memoranda of understanding, offers, prospectuses, proposals, confidential

25  information memoranda, credit assessments, supporting schedules, all Documents and

26  Communications relating to negotiations, due diligence requests, including Documents or

27  Communications created, collected, placed in data rooms, or produced in response to due diligence

28  requests, all regulatory filings, registration documents, and any other Documents or

1   Communications sent to or received by You relating to any U.S., state, or local agency, and all

2   other Documents and Communications relating in any way to Your purchase of a majority stake

3   in Zuffa on or around August 18, 2016.

4   **RESPONSE TO REQUEST NO. 30**

5       In addition to the General Objections set forth above, Lublin objects to this Request as

6   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

7   calculated to lead to the discovery of relevant or admissible evidence, including because it requests

8   "All Documents and Communications" relating Endeavor's purchase of Zuffa and does not limit

9   the scope of the Request to documents relating to the claims and defenses at issue in this Action

10  (which does not concern the sale of Zuffa or any portion thereof). Lublin also objects to the extent

11  this Request calls for documents protected from disclosure by the attorney-client privilege, work-

12  product doctrine, or any other applicable privilege. Lublin further objects to this Request to the

13  extent it seeks documents that are not within Lublin's possession, custody, or control. Lublin

14  further objects to this Request as duplicative of Request No. 14 to Endeavor. Endeavor has been

15  actively meeting and conferring with Plaintiffs over this same Request, and thus this Request

16  improperly seeks to bypass party discovery.

17      Lublin will not produce documents in response to this Request.

18  **REQUEST FOR PRODUCTION NO. 31**

19      Documents and Communications sufficient to show all Persons that were part of the "buyer

20  group" as that term is used on page F-12 of the Form S-1 Securities Registration Statement filed

21  on September 15, 2023, by TKO Group Holdings, Inc., which states in relevant part, "On

22  August 18, 2016, a buyer group that included Endeavor Operating Company, LLC ("EOC"),

23  affiliates of Silver Lake Partners ("SLP"), affiliates of Kohlberg Kravis Roberts & Co. ("KKR")

24  and certain other investors (including certain existing owners as rollover investors) (the "buyer

25  group") acquired 100% of the equity interests of Zuffa [defined as "Zuffa Parent, LLC and its

26  subsidiaries"]...," including Documents and Communications sufficient to show the name, title,

27  business affiliation, business address, and relative ownership share acquired by each such Person.

28  For clarity, the requested Documents and Communications should Identify and provide the

NON-PARTY JASON LUBLIN'S RESPONSES
AND OBJECTIONS TO PLAINTIFFS' SUBPOENA
Case No. 21-cv-01189-RFB-BNW

1  requested information for each individual "affiliate" of SLP and KKR, and each individual "other

2  investor" or "rollover investor" that is part of the "buyer group."

3  **RESPONSE TO REQUEST NO. 31:**

4       In addition to the General Objections set forth above, Lublin objects that this Request is

5  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

6  calculated to lead to the discovery of relevant or admissible evidence, including because it requests

7  information that has no relevance to the claims or defenses at issue in this Action. Lublin further

8  objects that the phrases "business affiliation" and "relative ownership share" are vague and

9  ambiguous. Lublin further objects to this Request to the extent it seeks documents that are not

10  within Lublin's possession, custody, or control. Lublin further objects to this Request as

11  duplicative of Request No. 15 to Endeavor. Endeavor has been actively meeting and conferring

12  with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

13  discovery.

14       Lublin will not produce documents in response to this Request.

15  **REQUEST FOR PRODUCTION NO. 32:**

16       All Documents and Communications relating to the purchase of the remaining portion of

17  Zuffa by Endeavor in or around 2021, including any Communications with or Documents created

18  by any third party, and including without limitation any executed Agreements, draft Agreements,

19  memoranda of understanding, offers, prospectuses, proposals, confidential information

20  memoranda, credit assessments, supporting schedules, all Documents and Communications

21  relating to negotiations, due diligence requests, Documents and Communications created,

22  collected, placed in data rooms, or produced in response to due diligence requests, all regulatory

23  filings, registration documents, and any other Documents or Communications sent to or received

24  by You relating to any U.S., state, or local agency, and all other Documents and Communications

25  relating in any way to Your acquisition of the remaining portion of Zuffa in or around 2021.

26  **RESPONSE TO REQUEST NO. 32:**

27       In addition to the General Objections set forth above, Lublin objects to this Request as

28  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

1   calculated to lead to the discovery of relevant or admissible evidence, including because it requests

2   "All Documents and Communications" relating to Endeavor's purchase of the remaining portion

3   of Zuffa in 2021 and does not limit the scope of the Request to documents relating to the claims

4   and defenses at issue in this Action (which does not concern the purchase of Zuffa or any portion

5   thereof). Lublin also objects to the extent this Request calls for documents protected from

6   disclosure by the attorney-client privilege, work-product doctrine, or any other applicable

7   privilege. Lublin further objects to this Request to the extent it seeks documents that are not within

8   Lublin's possession, custody, or control. Lublin further objects to this Request as duplicative of

9   Request No. 16 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs

10  over this same Request, and thus this Request improperly seeks to bypass party discovery.

11       Lublin will not produce documents in response to this Request.

12  **REQUEST FOR PRODUCTION NO. 33:**

13       All Documents and Communications relating to the acquisition, sale, merger, or transfer

14  of World Wrestling Entertainment, Inc. by You in 2023, including any Communications with or

15  Documents created by any third party, and including without limitation any executed Agreements,

16  draft Agreements, memoranda of understanding, offers, prospectuses, proposals, confidential

17  information memoranda, credit assessments, all Documents and Communications relating to

18  negotiations, due diligence requests, Documents and Communications created, collected, placed

19  in data rooms, or produced in response to due diligence requests, all regulatory filings, registration

20  documents, and any other Documents or Communications sent to or received by You relating to

21  any U.S., state, or local agency, and all other Documents and Communications relating in any way

22  to the acquisition and merger of World Wrestling Entertainment, Inc. by You in 2023.

23  **RESPONSE TO REQUEST NO. 33:**

24       In addition to the General Objections set forth above, Lublin objects to this Request as

25  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

26  calculated to lead to the discovery of relevant or admissible evidence, including because it requests

27  "All Documents and Communications" relating to an acquisition, sale, merger, or transfer of

28  World Wrestling Entertainment, Inc., in 2023, which is not challenged or at issue in this Action,

1  and therefore does not limit the scope of the Request to documents relating to the claims and

2  defenses at issue in this Action. Lublin also objects to the extent this Request calls for documents

3  protected from disclosure by the attorney-client privilege, work-product doctrine, or any other

4  applicable privilege. Lublin further objects to this Request to the extent it seeks documents that

5  are not within Lublin's possession, custody, or control. Lublin further objects to this Request as

6  duplicative of Request No. 17 to Endeavor. Endeavor has been actively meeting and conferring

7  with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

8  discovery.

9      Lublin will not produce documents in response to this Request.

10  **REQUEST FOR PRODUCTION NO. 34:**

11      All Agreements, supporting schedules, and financial information and/or analyses prepared

12  in connection with the formation of TKO in 2023.

13  **RESPONSE TO REQUEST NO. 34:**

14      In addition to the General Objections set forth above, Lublin objects that this Request is

15  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

16  calculated to lead to the discovery of relevant or admissible evidence, including because it requests

17  "All Agreements, supporting schedules, and financial information and/or analyses" regarding the

18  formation of TKO, which has no relevance to the claims or defenses at issue in this Action. Lublin

19  also objects that the phrases "financial information and/or analyses" are vague and ambiguous.

20  Lublin further objects to this Request to the extent that it seeks public information—including

21  information in Plaintiffs' control—that is readily accessible by Plaintiffs and which should be

22  collected by Plaintiffs under the reasonableness and proportionality standards set forth in the

23  Federal Rules of Civil Procedure. Lublin further objects to this Request to the extent it seeks

24  documents that are not within Lublin's possession, custody, or control. Lublin further objects to

25  this Request as duplicative of Request No. 18 to Endeavor. Endeavor has been actively meeting

26  and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to

27  bypass party discovery.

28      Lublin will not produce documents in response to this Request.

1  **REQUEST FOR PRODUCTION NO. 35:**

2     All Documents and Communications relating to any efforts by You or made on Your behalf

3  to raise capital, including but not limited to loans or issuance of debt or equity, and including

4  without limitation any Agreements, draft Agreements, negotiations, investor presentations,

5  prospectuses, confidential information memoranda, credit assessments, due diligence requests,

6  Documents and Communications created, collected, placed in data rooms, or produced in response

7  to due diligence requests, and all other documents and communications related in any way to

8  efforts to raise capital, regardless of whether any loan was actually obtained or any debt or equity

9  was actually issued.

10  **RESPONSE TO REQUEST NO. 35:**

11     In addition to the General Objections set forth above, Lublin objects to this Request as

12  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

13  calculated to lead to the discovery of relevant or admissible evidence, including because it calls

14  for "All Documents and Communications" relating to efforts to raise capital over a ten year,

15  extending beyond the time period relevant to this Action, and it is not limited in scope to documents

16  relating to the claims and defenses at issue in this Action. Lublin also objects that the phrase

17  "efforts by You or made on Your behalf to raise capital" is vague and ambiguous. Lublin further

18  objects to this Request to the extent it seeks documents that are not within Lublin's possession,

19  custody, or control. Lublin further objects to this Request as duplicative of Request No. 19 to

20  Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same

21  Request, and thus this Request improperly seeks to bypass party discovery.

22     Lublin will not produce documents in response to this Request.

23  **REQUEST FOR PRODUCTION NO. 36:**

24     All Documents and Communications relating to arbitration clauses or class action waivers

25  in Agreements with Professional MMA Fighters, including without limitation analyses, draft

26  proposed clauses, analyses of such clauses, white papers, reports, slide presentations, or

27  discussions regarding the reasons for, or potential benefits to Zuffa or Endeavor or anyone else of,

28

1   including arbitration clauses and/or class action waivers in Your Agreements with Professional

2   MMA Fighters.

3   **RESPONSE TO REQUEST NO. 36:**

4       In addition to the General Objections set forth above, Lublin objects that this Request is

5   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

6   calculated to lead to the discovery of relevant or admissible evidence, including because it asks for

7   "All Documents and Communications" relating to arbitration clauses or class action waivers over

8   a ten year, extending beyond the time period relevant to this Action, and it is not limited in scope

9   to the claims or defenses at issue in this Action. Lublin also objects that the phrases "analyses,"

10  "discussions regarding the reasons for," and "potential benefits" are vague and ambiguous. Lublin

11  further objects to the extent this Request calls for documents protected from disclosure by the

12  attorney-client privilege, work-product doctrine, or any other applicable privilege. Lublin further

13  objects to this Request as seeking documents and information relating to fighters who would not

14  be members of the putative class and, thus, would have no likelihood of leading to the discovery

15  of relevant or admissible evidence. Lublin further objects to the extent that this Request is

16  duplicative of Request Nos. 23 through 25. Lublin further objects to this Request to the extent it

17  seeks documents that are not within Lublin's possession, custody, or control. Lublin and his

18  employer, Endeavor, are not alleged to have had any agreements with any professional MMA

19  fighters that are relevant to this Action. Lublin further objects to this Request as duplicative of

20  Request No. 20 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs

21  over this same Request, and thus this Request improperly seeks to bypass party discovery.

22      Lublin will not produce documents in response to this Request.

23  **REQUEST FOR PRODUCTION NO. 37:**

24      Documents and Communications sufficient to Identify each of Your employees or agents

25  or anyone purporting to act on Your behalf involved in approving or negotiating the terms of any

26  Agreement, or proposed Agreement, for all or part of Zuffa to be acquired by Endeavor or by

27  anyone else.

28

**RESPONSE TO REQUEST NO. 37:**

In addition to the General Objections set forth above, Lublin objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it calls for information as to each employee or agent over a ten year time period, extending beyond the time period relevant to this Action, and it is not limited to information related to individuals who may have some role related to the claims or defenses in this Action. Lublin also objects that this Request's use of the phrases "anyone purporting to act on Your behalf" and "anyone else" is vague, ambiguous, overbroad, and impractical. Lublin further objects to this Request to the extent it purports to require Lublin to do anything beyond conducting a reasonable produce non-objectionable, non-privileged, responsive documents and data. Lublin further objects to this Request to the extent it seeks documents that are not within Lublin's possession, custody, or control. Lublin further objects to this Request as duplicative of Request No. 21 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Lublin will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 38:**

Documents and data (including structured or unstructured data) sufficient to show Your financial data, including at a minimum Your costs, revenue, income, EBITDA, assets, debits, borrowing costs, and profits, by month and by year, at the most granular level such documents and data are maintained.

**RESPONSE TO REQUEST NO. 38:**

In addition to the General Objections set forth above, Lublin objects that this Request is overbroad and unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it requests financial data over a ten year time period, extending beyond the time period relevant to this Action, and it is not limited in scope to documents relating to the claims and defenses at issue in this Action, including not being limited to operations relating to MMA or the geographic scope at issue

in this Action. Lublin further objects to this Request to the extent that it seeks public information—including information in Plaintiffs' control—that is readily accessible by Plaintiffs and which should be collected by Plaintiffs under the reasonableness and proportionality standards set forth in the Federal Rules of Civil Procedure. Lublin further objects that the phrase "at the most granular level" and "unstructured data" are vague and ambiguous. Lublin further objects to this Request to the extent it seeks documents that are not within Lublin's possession, custody, or control. Lublin further objects to this Request as duplicative of Request No. 22 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Lublin will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 39:**

All monthly and annual financial documents created or maintained by You or on Your behalf, including without limitation all audited financial statements, all internally prepared and consolidating financial statements for Endeavor, including financial statements for the UFC portion of the Owned Sports Properties segment (including without limitation balance sheet, income statement, and statement of cash flows), balance sheets, income statements, profit and loss reports, margin analyses, equity valuations, asset appraisals, financial models, budgets (proposed or otherwise), investor presentations, margin analyses, pro formas, regulatory filings (including income tax returns), issuance of equity or debit, loans, and money owed or receivable, and any other form of financial reporting.

**RESPONSE TO REQUEST NO. 39:**

In addition to the General Objections set forth above, Lublin objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it calls for all documents over a ten year period, extending beyond the time period relevant to this Action, and it is not limited in scope to documents relating to the claims and defenses at issue in this Action, including not being limited to operations relating to MMA or the geographic scope at issue in this Action. Lublin also objects that the terms "financial models" or "similar financial

1  Documents" are vague and ambiguous. Lublin further objects to this Request as vague, ambiguous,

2  confusing, and incomplete because it uses the capitalized term "Owned Sports Properties," which

3  is not defined. Lublin further objects to this Request to the extent that it seeks public information—

4  including information in Plaintiffs' control—that is readily accessible by Plaintiffs and which

5  should be collected by Plaintiffs under the reasonableness and proportionality standards set forth

6  in the Federal Rules of Civil Procedure. Lublin will not produce equity valuations, asset appraisals,

7  regulatory filings, income tax returns, debt or equity issuance materials, or loans, to the extent any

8  such materials exist, as they are irrelevant and not proportional to the claims and defenses at issue

9  in this Action, overbroad, unduly burdensome, highly confidential, and unlikely to contain relevant

10  information that could not be obtained in more reasonable way. Lublin further objects to this

11  Request to the extent it seeks documents that are not within Lublin's possession, custody, or

12  control. Lublin further objects to this Request as duplicative of Request No. 23 to Endeavor.

13  Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and

14  thus this Request improperly seeks to bypass party discovery.

15       Lublin will not produce documents in response to this Request.

16  **REQUEST FOR PRODUCTION NO. 40:**

17       For each year of the Relevant Time Period, Documents sufficient to show beneficial

18  ownership in Zuffa, TKO Group Holdings, Inc. and Endeavor, and any parent of or successor to

19  Zuffa, TKO Group Holdings, Inc. and Endeavor, including any changes thereto. This Request

20  includes Documents sufficient to show the percentage of any stock or other interests owned by

21  each Person holding a beneficial ownership interest and the consideration paid for such interest.

22  **RESPONSE TO REQUEST NO. 40:**

23       In addition to the General Objections set forth above, Lublin objects to this Request as

24  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

25  calculated to lead to the discovery of relevant or admissible evidence, including because it calls

26  for documents over a ten year time period, extending beyond the time period relevant to this

27  Action, and it is not limited in scope to documents relating to the claims and defenses at issue in

28  this Action. Lublin also objects that the phrases "beneficial ownership," "other interests," and

"consideration" are vague and ambiguous. Lublin further objects to this Request to the extent it requires or purports to require disclosure of any information other than the beneficial ownership of Endeavor. Lublin further objects to this Request to the extent it seeks documents that are not within Lublin's possession, custody, or control. Lublin further objects to this Request as duplicative of Request No. 24 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Lublin will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 41:**

Documents and data sufficient to show all compensation including salary, bonuses, expense reimbursements, aviation expenses, distributions, dividends, stock awards, loans (including information: about repayment or forgiveness), management fees, board fees, and all other compensation of any kind to all Endeavor and Zuffa senior executives, board members, directors, beneficial owners, and shareholders holding more than a 5% interest in Endeavor, Zuffa, or TKO Group Holdings, Inc., including the date the compensation was paid, the dollar value, the date of vesting, accrual, or maturation of the compensation (if applicable), the source of the compensation (e.g., from a debt issuance or from corporate profits), the reason given (if any) for the compensation, and the relative share received by each Person receiving compensation.

**RESPONSE TO REQUEST NO. 41:**

In addition to the General Objections set forth above, Lublin objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it calls for documents over a ten year period, which extends beyond the time period relevant to this Action, and it is not limited in scope to documents that relate to the claims or defenses at issue in this Action. Lublin objects that this Request's use of the phrases "all other compensation," "source of the compensation," "the reason given (if any) for the compensation," and "the relative share received by each Person receiving compensation" is vague, ambiguous, overbroad, and impractical. Lublin further objects that this Request seeks information not in Lublin's possession,

custody or control because it seeks documents and data sufficient to show "all compensation" to "all Endeavor and Zuffa senior executives, board members, directors, beneficial owners, and shareholders holding more than a 5% interest in Endeavor, Zuffa, or TKO Holdings, Inc." Lublin further objects to this Request as duplicative of Request No. 25 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Lublin will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 42:**

Documents and data sufficient to show any non-monetary benefits bestowed on any beneficial owners of Endeavor, Zuffa, or TKO Group Holdings, Inc., including without limitation: (a) travel in private jets owned, leased, or paid for by You; (b) use of houses, apartments, vacation properties, or other real estate owned, leased, or paid for by You; (c) use of motor vehicles owned, leased, or paid for by You;(d) tickets for sporting events or other entertainment events paid for by You; and/or (e) any other item, service, amenity, activity, or privilege provided to one or more of the beneficial owners at Your expense.

**RESPONSE TO REQUEST NO. 42:**

In addition to the General Objections set forth above, Lublin objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it calls for documents over a ten year period, which extends beyond the time period relevant to this Action, and it is not limited in scope to documents related to the claims or defenses at issue in this Action. Lublin objects that the phrases "non-monetary benefits," "beneficial owners," "entertainment events," and "item, service, amenity, activity, or privilege" are vague and ambiguous. Lublin further objects to this Request to the extent it seeks documents that are not within Lublin's possession, custody, or control. Lublin further objects to this Request as duplicative of Request No. 26 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Lublin will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 43:**

For each year of the Relevant Time Period, Documents sufficient to show Your corporate structure, including the organization of each division, department, unit or subdivision, parent, subsidiary, joint venture or affiliate of Your company. This request includes without limitation organizational charts, investor or debtor presentations, government filings, internal communications, and any Documents sufficient to show each Employee or executive with managerial responsibilities relating to the UFC.

**RESPONSE TO REQUEST NO. 43:**

In addition to the General Objections set forth above, Lublin objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it seeks information into Endeavor's corporate structure at a level of detail that is not relevant to any claims or defenses in this Action, and parts of Endeavor's business that are not relevant to any claims or defenses in this Action. Lublin also objects to this Request as unintelligible as written because it calls for "Documents sufficient to show" Endeavor's "corporate structure," then lists several categories of documents that are purportedly called for by the Request "without limitation." Lublin further objects to this Request to the extent it seeks documents that are not within Lublin's possession, custody, or control. Lublin further objects to this Request as duplicative of Request No. 27 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Lublin will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 44:**

All Documents constituting, referencing, or relating to issuance of debt as it relates to your acquisition of WWE and UFC.

**RESPONSE TO REQUEST NO. 44:**

In addition to the General Objections set forth above, Lublin objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it calls

for "All Documents" relating to the issuance of debt as it relates to the acquisitions of WWE and UFC, which have no bearing on the claims and defenses at issue in this Action because it does not concern the acquisitions of WWE and UFC, and many of which would be beyond the time period relevant to this Action. Lublin also objects that the phrase "constituting, referencing, or relating" is vague and ambiguous. Lublin further objects to this Request to the extent it seeks documents that are not within Lublin's possession, custody, or control. Lublin further objects to this Request as duplicative of Request No. 28 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Lublin will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 45:**

Documents sufficient to show how You arrived at a valuation of $21 billion for TKO Group Holdings, Inc. as stated in your April 3, 2023 press release.

**RESPONSE TO REQUEST NO. 45:**

In addition to the General Objections set forth above, Lublin objects that this Request is not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it requests information that has no relevance to the claims or defenses at issue in this Action, not proportional to the needs of the case. Lublin further objects to this Request to the extent it seeks documents that are not within Lublin's possession, custody, or control. Lublin further objects to this Request as duplicative of Request No. 29 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Lublin will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 46:**

All Documents referencing or relating to all financial activity relating to the UFC, including balance sheets, income statements, regulatory filings (including income tax returns for Zuffa and any of its affiliates), issuance of equity or debit, loans, and money owed or receivable.

**RESPONSE TO REQUEST NO. 46:**

In addition to the General Objections set forth above, Lublin objects that this Request is overbroad and unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it requests "All Documents" related to "all financial activity" over a ten, extending beyond the time period relevant to this Action, and it is not limited in scope to documents relating to the claims and defenses at issue in this Action. Lublin further objects to this Request to the extent that it seeks public information—including information in Plaintiffs' control—that is readily accessible by Plaintiffs and which should be collected by Plaintiffs under the reasonableness and proportionality standards set forth in the Federal Rules of Civil Procedure. Lublin further objects that the phrase "financial activity" is vague and ambiguous. Lublin further objects to this Request to the extent it seeks documents that are not within Lublin's possession, custody, or control. Lublin further objects to this Request as duplicative of Request No. 30 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Lublin will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 47:**

All Documents referencing or relating to all financial activity relating to the TKO Group Holdings, Inc. and its subsidiaries and affiliates, including balance sheets, income statements, regulatory filings (including income tax returns for Zuffa and any of its affiliates), issuance of equity or debit, loans, and money owed or receivable.

**RESPONSE TO REQUEST NO. 47:**

In addition to the General Objections set forth above, Lublin objects that this Request is overbroad and unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it requests "All Documents" referencing or relating to financial activity of TKO Group Holdings, Inc. and its subsidiaries and affiliates, over aa ten year period, extending beyond the time period relevant to this Action, and it is not limited in scope to documents relating to the claims and defenses at issue

in this Action. Lublin also objects to this Request to the extent that it seeks public information—including information in Plaintiffs' control—that is readily accessible by Plaintiffs and which should be collected by Plaintiffs under the reasonableness and proportionality standards set forth in the Federal Rules of Civil Procedure. Lublin further objects that the phrase "financial activity" is overbroad, vague, and ambiguous. Lublin further objects to this Request to the extent it seeks documents that are not within Lublin's possession, custody, or control. Lublin further objects to this Request as duplicative of Request No. 31 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Lublin will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 48:**

All Documents referencing or relating to Your transactional data, at the most granular level possible, for each UFC Professional MMA Event held during the Relevant Time Period, sufficient to show at a minimum the following: a) total gate receipts from each UFC Professional MMA Event during the Relevant Time Period, broken down by event; b) total attendance at each UFC Professional MMA Event during the Relevant Time Period, broken down by event c) total revenues from each PPV broadcast of UFC Professional MMA Event during the Relevant Time Period, broken down by event; d) total revenues from non-PPV broadcast of UFC Professional MMA Event during the Relevant Time Period, broken down by event and by contracted broadcaster (e.g., ESPN, Fox, Spike, etc.) e) total revenues from closed circuit broadcast to commercial venues such as bars, restaurants, or theaters of each UFC Professional MMA Event during the Relevant Time Period, broken down by event; f) total revenues derived from the sale of advertising during all broadcasts of UFC Professional MMA Events, whether PPV or non-PPV, during the Relevant Time Period, broken down by month and year, by PPV or non-PPV, and by advertiser g) total revenues derived in any way from the Promotional and Ancillary Rights, as described in Your Promotional and Ancillary Rights Agreements with MMA Fighters, relating to all professional MMA Fighters who have been under contract with the UFC at any time during the Relevant Time Period, broken down by month and year; h) total revenues derived from

1  Agreements with sponsors of the UFC or of the Professional MMA Fighters who have been under

2  contract with the UFC at any time during the Relevant Time Period; i) total revenues by event; j)

3  the gross and net price paid by customers for transactions by unit, subscription, and/or ticket for a

4  single Pay-Per-View, ticket to a live event, or UFC Fight Pass subscription;

5  **RESPONSE TO REQUEST NO. 48:**

6      In addition to the General Objections set forth above, Lublin objects that this Request is

7  overbroad and unduly burdensome, not proportional to the needs of the case, and not reasonably

8  calculated to lead to the discovery of relevant or admissible evidence, including because it requests

9  documents itemizing nearly every source of the revenue from UFC Professional MMA Events by

10  bout, event, broadcast, transaction, and/or agreement for a period of eight years, which extends

11  beyond the time period relevant to this Action, seeks "All Documents" even "referencing or

12  relating" to "transactional data" at "the most granular level possible," and it is not limited in scope

13  to documents relating to the claims and defenses at issue in this Action. Lublin further objects to

14  this Request to the extent it purports to require Lublin to do anything beyond conducting a

15  reasonable search for non-objectionable, nonprivileged, responsive documents and data. Lublin

16  further objects to this Request as seeking documents and information relating to fighters who

17  would not be members of the putative class and, thus, would have no likelihood of leading to the

18  discovery of relevant or admissible evidence. Lublin further objects to this Request to the extent it

19  seeks documents that are not within Lublin's possession, custody, or control. Lublin further objects

20  to this Request as duplicative of Request No. 32 to Endeavor. Endeavor has been actively meeting

21  and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to

22  bypass party discovery.

23      Lublin will not produce documents in response to this Request.

24  **REQUEST FOR PRODUCTION NO. 49:**

25      Documents and data in as granular form as the information is maintained, sufficient to

26  show any and all compensation paid to each UFC Fighter individually for each UFC Professional

27  MMA Bout that the UFC Fighter participated in during the Relevant Time Period, on a fighter-by-

28  fighter basis, broken down by Professional MMA Bout (so that each UFC Fighter's compensation

1    data is available in one Document or sequence of Documents, and it is produced with sufficient

2    granularity so that the compensation is clearly attributed to the UFC Professional MMA Bout at

3    which the Fighter earned it), as follows: a) the date and location of each UFC Professional MMA

4    Bout the UFC Fighter participated in during the Relevant Time Period, and b) the base salary the

5    UFC Fighter received for each UFC Professional MMA Bout he or she participated in during the

6    Relevant Time Period; c) all bonuses the UFC Fighter received for each UFC Professional MMA

7    Bout he or she participated in during the Relevant Time Period (including, but not limited to any

8    and all discretionary bonuses or payments, fight of the night, performance of the night, knockout

9    and submission of the night bonuses), broken down by each bonus received for each Professional

10   MMA Event d) all broadcast royalties the UFC Fighter received (if any) for each UFC Professional

11   MMA Bout he or she participated in during the Relevant Time Period, broken down so that the

12   broadcast royalties are traceable to a particular UFC Professional MMA Bout (to be clear, if the

13   UFC Fighter received broadcast royalties from more than one UFC Professional MMA Bout, the

14   broadcast royalties should be clearly attributed to the specific UFC Professional MMA Bout from

15   which they were generated); e) any other form of compensation the UFC Fighter received for each

16   UFC Professional MMA Bout he or she participated in during the Relevant Time Period; and, f)

17   Pay-Per-View shares the UFC Fighter received for each UFC Professional MMA Bout he or she

18   participated in during the Relevant Time Period.

19   **RESPONSE TO REQUEST NO. 49:**

20       In addition to the General Objections set forth above, Lublin objects that this Request is

21   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

22   calculated to lead to the discovery of relevant or admissible evidence, including because it requests

23   documents itemizing every payment made to every UFC Fighter by source, date, and payment type

24   for each UFC Professional MMA Bout over a ten year period, which extends beyond the time

25   period relevant to this Action, and it is not limited in scope to documents relating to the claims and

26   defenses at issue in this Action. Lublin also objects to this Request as seeking documents and

27   information relating to fighters who would not be members of the putative class and, thus, would

28   have no likelihood of leading to the discovery of relevant or admissible evidence. Lublin further

1    objects to this Request to the extent it purports to require Lublin to do anything beyond conducting

2    a reasonable search for non-objectionable, nonprivileged, responsive documents and data. Lublin

3    further objects that the phrases "granular form" and "sufficient granularity" are vague and

4    ambiguous. Lublin further objects to this Request to the extent it seeks documents that are not

5    within Lublin's possession, custody, or control. Lublin further objects to this Request as

6    duplicative of Request No. 33 to Endeavor. Endeavor has been actively meeting and conferring

7    with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

8    discovery.

9          Lublin will not produce documents in response to this Request.

10   **REQUEST FOR PRODUCTION NO. 50:**

11         Profit and loss statements (including identity of participating fighters and compensation

12   paid to each) for each UFC Professional MMA Event.

13   **RESPONSE TO REQUEST NO. 50:**

14         In addition to the General Objections set forth above, Lublin objects to this Request as

15   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

16   calculated to lead to the discovery of relevant or admissible evidence, including because it requests

17   profit and loss statements for each event over a ten year time period, extending beyond the time

18   period relevant to this Action. Lublin also objects to this Request as seeking documents and

19   information relating to fighters who would not be members of the putative class and, thus, would

20   have no likelihood of leading to the discovery of relevant or admissible evidence. Lublin also

21   objects to this Request to the extent it purports to require Lublin to do anything beyond conducting

22   a reasonable search for nonobjectionable, non-privileged, responsive documents and data. Lublin

23   further objects to this Request to the extent it seeks documents that are not within Lublin's

24   possession, custody, or control. Lublin further objects to this Request as duplicative of Request

25   No. 34 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this

26   same Request, and thus this Request improperly seeks to bypass party discovery.

27         Lublin will not produce documents in response to this Request.

28

1  **REQUEST FOR PRODUCTION NO. 51:**

2      Documents sufficient to show Your actual costs for presenting UFC Professional MMA

3  Events, down to as granular a level as possible, including without limitation venue costs,

4  promotional costs, compensation for UFC Fighters, insurance, safety, and all other costs incidental

5  to presenting UFC Professional MMA Events.

6  **RESPONSE TO REQUEST NO. 51:**

7      In addition to the General Objections set forth above, Lublin objects to this Request as

8  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

9  calculated to lead to the discovery of relevant or admissible evidence, including because it calls

10  for production of documents related to all of Endeavor's costs for presenting UFC Professional

11  MMA Events without any limitation over a ten year period, extending beyond the time period

12  relevant to this Action. Lublin also objects that the phrases "actual costs," "down to as granular a

13  level as possible," and "all other costs incidental to presenting" are vague and ambiguous. Lublin

14  further objects to this Request to the extent it seeks documents that are not within Lublin's

15  possession, custody, or control. Lublin further objects to this Request as duplicative of Request

16  No. 35 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this

17  same Request, and thus this Request improperly seeks to bypass party discovery.

18      Lublin will not produce documents in response to this Request.

19  **REQUEST FOR PRODUCTION NO. 52:**

20      Documents sufficient to show Your actual costs for presenting UFC Professional MMA

21  Bouts, down to as granular a level as possible, including without limitation venue costs,

22  promotional costs, compensation for UFC Fighters, insurance, safety, and all other costs incidental

23  to presenting UFC Professional MMA Bouts.

24  **RESPONSE TO REQUEST NO. 52:**

25      In addition to the General Objections set forth above, Lublin objects to this Request as

26  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

27  calculated to lead to the discovery of relevant or admissible evidence, including because it calls

28  for production of documents related to all of Endeavor's costs for presenting UFC Professional

MMA Bouts without any limitation over a ten year, extending beyond the time period relevant to this Action. Lublin also objects that the phrases "actual costs," "down to as granular a level as possible," and "all other costs incidental to presenting" are vague and ambiguous. Lublin further objects to this Request to the extent it seeks documents that are not within Lublin's possession, custody, or control. Lublin further objects to this Request as duplicative of Request No. 36 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Lublin will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 53:**

Documents sufficient to show Your actual costs involved in promoting the UFC as a brand.

**RESPONSE TO REQUEST NO. 53:**

In addition to the General Objections set forth above, Lublin objects to this Request as vague, ambiguous, overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it requests documents to show "actual costs" over a ten year period, extending beyond the time period relevant to this Action, and it is not limited in scope to documents relating to the claims and defenses at issue in this Action. Lublin objects that the phrases "actual costs," "promoting," and "as a brand" are vague and ambiguous. Lublin further objects to this Request to the extent it seeks documents that are not within Lublin's possession, custody, or control. Lublin further objects to this Request as duplicative of Request No. 37 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Lublin will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 54:**

All Documents relating to materials produced by third party analysts or consultants regarding Zuffa or any successor to Zuffa, including without limitation reports that analyze or project demand, revenues, income, profits, or market share. Documents responsive to this Request include both documents produced by such third party analysts or consultants (including both those

retained by You and those producing such materials without an Agreement with You) and any comments, edits, or drafts of such materials or other documents You created and submitted to such third party analysts or consultants.

**RESPONSE TO REQUEST NO. 54:**

In addition to the General Objections set forth above, Lublin objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it calls for "All Documents" even "related to" materials produced by any "third party analyst or consultants regarding Zuffa" without any limitation or connection to the claims and defenses at issue in this litigation, and over a ten year time period, extending beyond the time period relevant to this Action. Lublin also objects that the phrases "third party analysts," "successor to Zuffa," "demand," and "submitted to" are vague and ambiguous. Lublin further objects to the extent this Request calls for documents protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Lublin further objects to the Request to the extent that it seeks documents not within Lublin's possession, custody, or control. Lublin further objects to this Request to the extent that it seeks public information — including information in Plaintiffs' control—that is readily accessible by Plaintiffs and which should be collected by Plaintiffs under the reasonableness and proportionality standards set forth in the Federal Rules of Civil Procedure. Lublin further objects to this Request as duplicative of Request No. 38 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Lublin will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 55:**

All documents created by You or by third party analysts or consultants regarding competition among MMA Promoters or would-be MMA Promoters for (a) the purchase of MMA Fighter services and (b) promotion of Professional MMA Events generally, including without limitation reports that analyze or project demand, revenues, income, profits, or market share.

**RESPONSE TO REQUEST NO. 55:**

In addition to the General Objections set forth above, Lublin objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it calls for "All documents" over a ten year time period, extending beyond the time period relevant to this Action. Lublin also objects that the term "third party analysts" is vague and ambiguous. Lublin further objects to the extent this Request calls for documents protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Lublin further objects to the Request to the extent that it seeks documents not within Lublin's possession, custody, or control. Lublin further objects to this Request to the extent that it seeks public information— including information in Plaintiffs' control—that is readily accessible by Plaintiffs and which should be collected by Plaintiffs under the reasonableness and proportionality standards set forth in the Federal Rules of Civil Procedure. Lublin further objects to this Request to the extent it seeks documents that are not within Lublin's possession, custody, or control. Lublin further objects to this Request as duplicative of Request No. 39 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Lublin will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 56:**

All Documents referencing or relating to comparison of compensation models or Agreements between the UFC and other major professional sports, including without limitation boxing, pro wrestling, football, basketball, and baseball.

**RESPONSE TO REQUEST NO. 56:**

In addition to the General Objections set forth above Lublin objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it call for "All documents" over a ten year time period, extending beyond the time period relevant to this Action, and it is not limited in scope to documents relating to the claims and defenses at issue in

this Action. Lublin also objects that the phrases "comparison of compensation models" and "major professional sports" are vague and ambiguous. Lublin further objects to this Request to the extent it seeks documents that are not within Lublin's possession, custody, or control. Lublin further objects to this Request as duplicative of Request No. 40 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Lublin will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 57:**

All Agreements (and any amendments thereto) entered into between You and any MMA Promoter relating to the acquisition of assets, equity, or other interests of any MMA Promoter, and all Documents referencing or relating to the potential or actual acquisition of assets, equity, or interests of any MMA Promoter, including, but not limited to, internal strategy documents, projections, cost-benefit analyses, cost estimates, and all Agreements or contracts (and any amendments thereto).

**RESPONSE TO REQUEST NO. 57:**

In addition to the General Objections set forth above, Lublin objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it would require Lublin to produce "All Agreements" over a ten year period extending beyond the time period relevant to this Action, and relating to transactions that are not challenged or at issue in this Action. Neither the Complaint, nor this Request, identifies or alleges that Lublin has engaged in any acquisition of assets, equity, or other interests of any MMA Promoter other than Zuffa during the putative class period, and thus this Request is purely an impermissible fishing expedition into irrelevant materials. Lublin also objects that the term "interests" as used in this Request is vague and ambiguous. Lublin further objects to this Request to the extent it seeks documents that are not within Lublin's possession, custody, or control. Lublin further objects to this Request as duplicative of Request No. 41 to Endeavor. Endeavor has been actively meeting and conferring

1  with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

2  discovery.

3      Lublin will not produce documents in response to this Request.

4  **REQUEST FOR PRODUCTION NO. 58:**

5      Documents sufficient to identify each Person involved in approving or negotiating the

6  terms of any Agreements or potential Agreements for the acquisition or potential acquisition of

7  assets, or equity, or interests of any MMA Promoter.

8  **RESPONSE TO REQUEST NO. 58:**

9      In addition to the General Objections set forth above, Lublin objects to this Request as

10 overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

11 calculated to lead to the discovery of relevant or admissible evidence, including because it calls

12 for identification of "each Person" over a ten year period, extending beyond the time period

13 relevant to this Action, and relating to transactions that are not challenged or at issue in this Action.

14 Neither the Complaint, nor this Request, identifies or alleges that Lublin, nor his employer,

15 Endeavor, have engaged in any acquisition of assets, equity, or other interests of any MMA

16 Promoter other than Zuffa during the putative class period, and thus this Request is purely an

17 impermissible fishing expedition into irrelevant materials. Lublin also objects that the term

18 "interests" as used in this Request is vague and ambiguous. Lublin further objects to this Request

19 to the extent it seeks documents that are not within Lublin's possession, custody, or control. Lublin

20 further objects to this Request as duplicative of Request No. 42 to Endeavor. Endeavor has been

21 actively meeting and conferring with Plaintiffs over this same Request, and thus this Request

22 improperly seeks to bypass party discovery.

23     Lublin will not produce documents in response to this Request.

24 **REQUEST FOR PRODUCTION NO. 59:**

25     All Documents relating to the sale of equity in Zuffa to Flash Entertainment, a wholly

26 owned subsidiary of Abu Dhabi.

27 **RESPONSE TO REQUEST NO. 59:**

28     In addition to the General Objections set forth above, Lublin objects to this Request as

1   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

2   calculated to lead to the discovery of relevant or admissible evidence, including because its request

3   for "All Documents" related to the sale of equity by Zuffa to Flash Entertainment, which is not

4   challenged or at issue in this Action and therefore has no relevance to the claims or defenses at

5   issue in this Action. Lublin also objects to the characterization of Flash Entertainment as "a wholly

6   owned subsidiary of Abu Dhabi." Lublin further objects to this Request to the extent it seeks

7   documents that are not within Lublin's possession, custody, or control. Lublin further objects to

8   this Request as duplicative of Request No. 43 to Endeavor. Endeavor has been actively meeting

9   and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to

10  bypass party discovery.

11          Lublin will not produce documents in response to this Request.

12  **REQUEST FOR PRODUCTION NO. 60:**

13          Documents sufficient to Identify each Person or entity You consider to be, or considered

14  to have been, an actual or potential competitor of the UFC for (a) the purchase of MMA Fighter

15  services, and/or (b) the promotion of live Professional MMA Events in the United States or abroad.

16  **RESPONSE TO REQUEST NO. 60:**

17          In addition to the General Objections set forth above, Lublin objects to this Request as

18  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

19  calculated to lead to the discovery of relevant or admissible evidence, including because it calls

20  for documents over a ten year time period, extending beyond the time period relevant to this

21  Action. Lublin also objects that the phrases "consider to be," "considered to have been," "actual

22  or potential competitor," "purchase," and "promotion" as used in this Request are vague and

23  ambiguous. Lublin further objects to this Request to the extent it purports to require Lublin to do

24  anything beyond conducting a reasonable search for non-objectionable, nonprivileged, responsive

25  documents and data. Lublin further objects that this Request purports to require the production of

26  materials that are not within Lublin's possession, custody, or control. Lublin further objects to this

27  Request as duplicative of Request No. 44 to Endeavor. Endeavor has been actively meeting and

28

1    conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass

2    party discovery.

3         Lublin will not produce documents in response to this Request.

4    **REQUEST FOR PRODUCTION NO. 61:**

5         Documents or data sufficient to calculate the actual or potential market share held by the

6    UFC and each of the UFC's actual or potential competitors (as Identified in Request No. 53) in

7    terms of total revenue by region (US, North America, South America, Europe, Asia, and any

8    others) derived from the promotion of live Professional MMA Bouts and all other income sources,

9    including without limitation merchandising, licensing, sponsorships, advertising, video games, and

10   other income sources based on the use of Professional MMA Fighters' Identities.

11   **RESPONSE TO REQUEST NO. 61:**

12        In addition to the General Objections set forth above, Lublin objects to this Request as

13   vague, ambiguous, and confusing because it refers to "Request No. 53." Endeavor will interpret

14   this Request as though it instead refers to "Request No. 60." Lublin also objects that the Request

15   is overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

16   calculated to lead to the discovery of relevant or admissible evidence, including because it calls

17   for documents regarding all income sources over a ten year period, extending beyond the time

18   period relevant to this Action, and it is not limited in scope to the claims, defenses, or geographic

19   area at issue in this Action. Lublin further objects that this Request is vague and ambiguous

20   because it does not specify time intervals for the calculation of the "actual or potential market

21   share," which may have varied throughout the class period. Lublin further objects that the terms

22   "actual or potential market share," "actual or potential competitors," "derived from," and "based

23   on the use of Professional MMA Fighters' Identities" are vague and ambiguous. Lublin further

24   objects to this Request to the extent it purports to require Lublin to do anything beyond conducting

25   a reasonable search for non-objectionable, non-privileged, responsive documents and data. Lublin

26   further objects that this Request purports to require the production of materials that are not within

27   Lublin's possession, custody, or control. Lublin further objects to this Request to the extent it seeks

28   documents that are not within Lublin's possession, custody, or control. Lublin further objects to

1   this Request as duplicative of Request No. 45 to Endeavor. Endeavor has been actively meeting

2   and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to

3   bypass party discovery.

4          Lublin will not produce documents in response to this Request.

5   **REQUEST FOR PRODUCTION NO. 62:**

6          Documents or data sufficient to Identify the actual and/or estimated share of Professional

7   MMA Fighters' services, by both dollar amount and number of fighters, for the purchase of the

8   services of Professional MMA Fighters by the UFC and each of Your actual or potential

9   competitors identified in your response to Request No. 53 by region (US, North America, South

10  America, Europe, Asia, and any others).

11  **RESPONSE TO REQUEST NO. 62:**

12         In addition to the General Objections set forth above, Lublin objects to this Request as

13  vague, ambiguous, and confusing because it refers to "Request No. 53" Endeavor will interpret

14  this Request as though it instead refers to "Request No. 60." Lublin also objects that this Request

15  is vague, ambiguous, and unintelligible as written. Lublin further objects to this Request to the

16  extent it purports to require Endeavor to do anything beyond conducting a reasonable search for

17  non-objectionable, non-privileged, responsive documents and data. Lublin further objects that this

18  Request is not limited in scope to the claims and defenses at issue in this Action. Lublin further

19  objects that this Request purports to require the production of materials that are not within Lublin's

20  possession, custody, or control. Lublin further objects that this Request is not proportional to the

21  needs of the case. Lublin further objects to this Request as duplicative of Request No. 46 to

22  Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same

23  Request, and thus this Request improperly seeks to bypass party discovery.

24         Lublin will not produce documents in response to this Request.

25  **REQUEST FOR PRODUCTION NO. 63:**

26         All Documents and data referencing or relating to the determination of Professional MMA

27  Fighter compensation by the UFC in the promotion of live Professional MMA Events and all other

28

1   income sources, including without limitation merchandising, licensing, sponsorships, advertising,

2   video games, and other income sources based on the use of Professional MMA Fighters' Identities.

3   **RESPONSE TO REQUEST NO. 63:**

4           In addition to the General Objections set forth above, Lublin objects to this Request as

5   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

6   calculated to lead to the discovery of relevant or admissible evidence, including because it calls

7   for "All Documents" over a ten year period, extending beyond the time period relevant to this

8   Action. Lublin also objects that the phrases "the determination of Professional MMA fighter

9   compensation," "other income sources," and "based on the use of Professional MMA Fighters'

10  Identities" as used in this Request are vague and ambiguous. Lublin further objects to this Request

11  as seeking documents and information relating to fighters who would not be part of the putative

12  class and, thus, would have no likelihood of leading to the discovery of relevant or admissible

13  evidence. Lublin further objects that this Request is not limited in scope to the claims and defenses

14  at issue in this Action, including because Plaintiffs do not allege an identity class in this Action.

15  Lublin further objects to this Request to the extent it seeks documents that are not within Lublin's

16  possession, custody, or control. Lublin further objects to this Request as duplicative of Request

17  No. 47 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this

18  same Request, and thus this Request improperly seeks to bypass party discovery.

19          Lublin will not produce documents in response to this Request.

20  **REQUEST FOR PRODUCTION NO. 64:**

21          All Documents and data referencing or relating to the determination of Professional MMA

22  Fighter compensation by any of the UFC's actual and potential competitors (identified in your

23  response to Request No. 60, above) in the promotion of live Professional MMA Events and all

24  other income sources, including without limitation merchandising, licensing, sponsorships,

25  advertising, video games, and other income sources based on the use of Professional MMA

26  Fighters' Identities.

27  **RESPONSE TO REQUEST NO. 64:**

28          In addition to the General Objections set forth above, Lublin objects that this Request is

1   vague, ambiguous, and unintelligible as written. Lublin also objects to this Request as overbroad,

2   unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to

3   lead to the discovery of relevant or admissible evidence, including because it calls for "All

4   Documents" over a ten year time period, extending beyond the time period relevant to this Action.

5   Lublin further objects that this Request is not limited in scope to the claims and defenses at issue

6   in this Action, including because Plaintiffs do not allege an identity class in this Action. Lublin

7   further objects that the phrases "the determination of Professional MMA fighter compensation,"

8   "actual and potential competitors," "other income sources," and "based on the use of Professional

9   MMA Fighters' Identities" as used in this Request are vague and ambiguous. Lublin further objects

10  to this Request to the extent it seeks documents that are not within Lublin's possession, custody,

11  or control. Lublin further objects to this Request as duplicative of Request No. 48 to Endeavor.

12  Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and

13  thus this Request improperly seeks to bypass party discovery.

14      Lublin will not produce documents in response to this Request.

15  **REQUEST FOR PRODUCTION NO. 65:**

16      All Documents analyzing, discussing, or relating to the competitive strengths or

17  weaknesses of actual or potential competitors (identified in your response to Request No. 60 or

18  otherwise, above) in the promotion of live Professional MMA Events and/or in the purchase of the

19  services of Professional MMA Fighters.

20  **RESPONSE TO REQUEST NO. 65:**

21      In addition to the General Objections set forth above, Lublin objects to this Request as

22  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

23  calculated to lead to the discovery of relevant or admissible evidence, including because it calls

24  for "All Documents" over ten year period, extending beyond the time period relevant to this

25  Action. Lublin further objects that the phrases "competitive strength or weaknesses" and "actual

26  or potential competitors" as used in this Request is vague and ambiguous. Lublin further objects

27  to the extent this Request calls for documents protected from disclosure by the attorney-client

28  privilege, work-product doctrine, or any other applicable privilege. Lublin further objects to this

1   Request as duplicative of Request No. 49 to Endeavor. Endeavor has been actively meeting and

2   conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass

3   party discovery.

4       Lublin will not produce documents in response to this Request.

5   **REQUEST FOR PRODUCTION NO. 66:**

6       All Documents referencing or relating to communications and/or negotiations with any

7   sponsors or advertisers in connection with Your acquisition of WWE and/or UFC.

8   **RESPONSE TO REQUEST NO. 66:**

9       In addition to the General Objections set forth above, Lublin objects that this Request is

10  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

11  calculated to lead to the discovery of relevant or admissible evidence, including because it calls

12  for "All Documents" related to communications and/or negotiations with sponsors or advertisers

13  in connection with Endeavor's acquisitions of WWE and/or UFC, which extends beyond the time

14  period relevant to this Action, and is not related to the claims and defenses at issue in this Action,

15  including because it relates to transactions that are not challenged or at issue in this Action. Lublin

16  further objects to this Request to the extent it seeks documents that are not within Lublin's

17  possession, custody, or control. Lublin further objects to this Request as duplicative of Request

18  No. 50 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this

19  same Request, and thus this Request improperly seeks to bypass party discovery.

20      Lublin will not produce documents in response to this Request.

21  **REQUEST FOR PRODUCTION NO. 67:**

22      All Documents and Communications referencing or relating to any Agreements entered

23  into by You relating to Venues for Professional MMA Events, including all Agreements, all draft

24  Agreements, and all Documents and Communications relating to negotiation of such Agreements

25  or draft Agreements.

26  **RESPONSE TO REQUEST NO. 67:**

27      In addition to the General Objections set forth above, Lublin objects that this Request is

28  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

1    calculated to lead to the discovery of relevant or admissible evidence, including because it requests

2    "All Documents and Communications" relating to agreements entered into by Endeavor related to

3    venues for Professional MMA Events over a ten year period, extending beyond the time period

4    relevant to this Action, and it is not limited in scope to documents relating to the claims and

5    defenses at issue in this Action. Plaintiffs have neither asserted a monopolization claim in this

6    Action, nor alleged any anticompetitive conduct in connection with Endeavor's venue agreements,

7    if any, and thus this Request is purely an impermissible fishing expedition into irrelevant materials.

8    Lublin further objects to this Request to the extent it seeks documents that are not within Lublin's

9    possession, custody, or control. Lublin further objects to this Request as duplicative of Request

10   No. 51 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this

11   same Request, and thus this Request improperly seeks to bypass party discovery.

12       Lublin will not produce documents in response to this Request.

13   **REQUEST FOR PRODUCTION NO. 68:**

14       All Documents and Communications relating to the drafting of and the reasoning behind

15   the "Exclusivity Clause" in UFC Bout Agreements, which binds UFC Fighters into a restricted

16   relationship with the UFC and prohibits them from appearing in Professional MMA Bouts

17   televised or organized by actual or potential rival promotions unless approved by the UFC.

18   **RESPONSE TO REQUEST NO. 68:**

19       In addition to the General Objections set forth above, Lublin objects to this Request as

20   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

21   calculated to lead to the discovery of relevant or admissible evidence, including because it requests

22   "All Documents and Communications" related to the drafting of and reasoning behind the

23   "Exclusivity Clause" over a ten year time period, extending beyond the time period relevant to this

24   Action. Lublin also objects to the extent this Request calls for documents protected from disclosure

25   by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Lublin

26   further objects that the phrases "drafting of" and "reasoning behind" are vague and ambiguous.

27   Endeavor disputes Plaintiffs' characterization of the relevant agreement provisions as the

28   "Exclusivity Clause," and further disputes Plaintiffs' assertion that they bind "UFC Fighters into

a restricted relationship with the UFC" and prohibit "them from appearing in Professional MMA Bouts televised or organized by actual or potential rival promotions unless approved by the UFC." Lublin refers to the text of the relevant agreements for their contents. Lublin further objects to this Request to the extent it seeks documents that are not within Lublin's possession, custody, or control. Lublin further objects to this Request as duplicative of Request No. 52 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Lublin will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 69:**

All Documents and Communications referencing or relating to the drafting of and the reasoning behind the "Champion's Clause" in UFC Bout Agreements, which allows the UFC to extend a UFC Fighter's contract for as long as the athlete is a "champion" in his or her weight class.

**RESPONSE TO REQUEST NO. 69:**

In addition to the General Objections set forth above, Lublin objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it requests "All Documents and Communications" referencing or relating to the drafting and reasoning behind the "Champion's Clause" over a ten year period, extending beyond the time period relevant to this Action. Lublin also objects to the extent this Request calls for documents protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Lublin further objects that the phrases "drafting of" and "reasoning behind" are vague and ambiguous. Lublin disputes Plaintiffs' characterization of the relevant agreement provisions as the "Champion's Clause," and further disputes Plaintiffs' assertion that they allow "the UFC to extend a UFC Fighter's contract for as long as the athlete is a 'champion' in his or her weight class." Lublin refers to the text of the relevant agreements for their contents. Lublin further objects to this Request to the extent it seeks documents that are not within Lublin's possession, custody, or control. Lublin further objects to this Request as duplicative of Request No. 53 to Endeavor.

1    Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and

2    thus this Request improperly seeks to bypass party discovery.

3          Lublin will not produce documents in response to this Request.

4    **REQUEST FOR PRODUCTION NO. 70:**

5          All Documents and Communications referencing or relating to the drafting of and the

6    reasoning behind the "Right to First Offer" and "Right to Match" Clauses in UFC Bout

7    Agreements, which grant the UFC the option to match the financial terms and conditions of any

8    offer made to a UFC Fighter for a Professional MMA Bout even after the UFC Fighter's contract

9    has expired.

10    **RESPONSE TO REQUEST NO. 70:**

11          In addition to the General Objections set forth above, Lublin objects to this Request as

12    overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

13    calculated to lead to the discovery of relevant or admissible evidence, including because it requests

14    "All Documents and Communications" referencing or relating to the drafting of and the reasoning

15    behind the "Right to First Offer" and "Right to Match" clauses over an a ten year period, extending

16    beyond the time period relevant to this Action. Lublin also objects to the extent this Request calls

17    for documents protected from disclosure by the attorney-client privilege, work-product doctrine,

18    or any other applicable privilege. Lublin further objects that the phrases "drafting of" and

19    "reasoning behind" are vague and ambiguous. Lublin disputes Plaintiffs' characterization of the

20    relevant agreement provisions as the "Right to First Offer" and "Right to Match" clauses, and

21    further disputes Plaintiffs' assertion that they grant "the UFC the option to match the financial

22    terms and conditions of any offer made to a UFC Fights for a Professional MMA Bout even after

23    the UFC Fighter's contract has expired." Lublin refers to the text of the relevant agreements for

24    their contents. Lublin further objects to this Request to the extent it seeks documents that are not

25    within Lublin's possession, custody, or control. Lublin and his employer, Endeavor, are not alleged

26    to have had any involvement in the drafting or reasoning behind any provision of Zuffa's contracts

27    with MMA fighters challenged in Complaint paragraph 101, and this Request is an impermissible

28    fishing exercise. Lublin further objects to this Request as duplicative of Request No. 54 to

1    Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same

2    Request, and thus this Request improperly seeks to bypass party discovery.

3        Lublin will not produce documents in response to this Request.

4    **REQUEST FOR PRODUCTION NO. 71:**

5        All Documents and Communications referencing or relating to the drafting of and the

6    reasoning behind the "Ancillary Rights Clause" in the Promotional and Ancillary Rights

7    Agreements, which grants the UFC exclusive and perpetual worldwide personality and Identity

8    rights of the UFC Fighter.

9    **RESPONSE TO REQUEST NO. 71:**

10        In addition to the General Objections set forth above, Lublin objects to this Request as

11    overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

12    calculated to lead to the discovery of relevant or admissible evidence, including because it requests

13    "All Documents and Communications" referencing or relating to the drafting of and reasoning

14    behind the "Ancillary Rights Clause" over a ten year period, extending beyond the time period

15    relevant to this Action. Lublin also objects to the extent this Request calls for documents protected

16    from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable

17    privilege. Lublin further objects that the phrases "drafting of" and "reasoning behind" are vague

18    and ambiguous. Lublin further objects that this Request is not limited in scope to the claims and

19    defenses at issue in this Action, including because Plaintiffs do not allege an identity class in this

20    Action. Lublin disputes Plaintiffs' characterization of the relevant agreement provisions as the

21    "Ancillary Rights Clause," and further disputes Plaintiffs' assertion that they grant "the UFC

22    exclusive and perpetual worldwide personality and Identity rights of the UFC Fighter." Lublin

23    refers to the text of the relevant agreements for their contents. Lublin further objects to this Request

24    to the extent it seeks documents that are not within Lublin's possession, custody, or control. Lublin

25    and his employer, Endeavor, are not alleged to have had any involvement in the drafting or

26    reasoning behind any provision of Zuffa's contracts with MMA fighters challenged in Complaint

27    paragraph 101, and this Request is an impermissible fishing exercise. Lublin further objects to this

28    Request as duplicative of Request No. 55 to Endeavor. Endeavor has been actively meeting and

1  conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass

2  party discovery.

3          Lublin will not produce documents in response to this Request.

4  **REQUEST FOR PRODUCTION NO. 72:**

5          All Documents and Communications referencing or relating to the drafting of and the

6  reasoning behind the "Promotion Clause" in the Promotional and Ancillary Rights Agreements,

7  which requires UFC Fighters to attend, cooperate, and assist in the promotion of Professional

8  MMA Bouts in which they fight and, as required by the UFC, any other Professional MMA Bouts,

9  Professional MMA Events, broadcasts, press conferences and sale of UFC Licensed Merchandise.

10 **RESPONSE TO REQUEST NO. 72:**

11         In addition to the General Objections set forth above, Lublin objects to this Request as

12 overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

13 calculated to lead to the discovery of relevant or admissible evidence, including because it requests

14 "All Documents and Communications" referencing or relating to the drafting of and reasoning

15 behind the "Promotion Clause" over ten year period, extending beyond the time period relevant to

16 this Action. Lublin also objects to the extent this Request calls for documents protected from

17 disclosure by the attorney-client privilege, work-product doctrine, or any other applicable

18 privilege. Lublin further objects that the phrases "drafting of," "reasoning behind," "attend,

19 cooperate, and assist in the promotion," and "broadcasts, press conferences and sale" are vague

20 and ambiguous. Lublin disputes Plaintiffs' characterization of the relevant agreement provisions

21 as the "Promotion Clause," and further disputes Plaintiffs' assertion that they require "UFC

22 Fighters to attend, cooperate, and assist in the promotion of Professional MMA Bouts in which

23 they fight and, as required by the UFC, any other Professional MMA Bouts, Professional MMA

24 Events, broadcasts, press conferences and sale of UFC Licensed Merchandise." Lublin refers to

25 the text of the relevant agreements for their contents. Lublin further objects to this Request to the

26 extent it seeks documents that are not within Lublin's possession, custody, or control. Lublin and

27 his employer, Endeavor, are not alleged to have had any involvement in the drafting or reasoning

28 behind any provision of Zuffa's contracts with MMA fighters challenged in Complaint paragraph

1  101, and this Request is an impermissible fishing exercise. Lublin further objects to this Request

2  as duplicative of Request No. 56 to Endeavor. Endeavor has been actively meeting and conferring

3  with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

4  discovery.

5       Lublin will not produce documents in response to this Request.

6  **REQUEST FOR PRODUCTION NO. 73:**

7       All Documents and Communications referencing or relating to the drafting of and the

8  reasoning behind the "Retirement Clause" which gives the UFC the power "to retain the rights to

9  a retired fighter in perpetuity."

10 **RESPONSE TO REQUEST NO. 73:**

11      In addition to the General Objections set forth above, Lublin objects to this Request as

12 overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

13 calculated to lead to the discovery of relevant or admissible evidence, including because it requests

14 "All Documents and Communications" referencing or relating to the drafting of and reasoning

15 behind the "Retirement Clause" over an ten year period, extending beyond the time period relevant

16 to this Action. Lublin also objects to the extent this Request calls for documents protected from

17 disclosure by the attorney-client privilege, work-product doctrine, or any other applicable

18 privilege. Lublin further objects that the phrases "drafting of" and "reasoning behind" are vague

19 and ambiguous. Endeavor disputes Plaintiffs' characterization of the relevant agreement

20 provisions as the "Retirement Clause," and further disputes the Plaintiffs' assertion that they give

21 the UFC the power "to retain the rights to a retired fighter in perpetuity." Lublin refers to the text

22 of the relevant agreements for their contents. Lublin further objects to this Request to the extent it

23 seeks documents that are not within Lublin's possession, custody, or control. Lublin and his

24 employer, Endeavor, are not alleged to have had any involvement in the drafting or reasoning

25 behind any provision of Zuffa's contracts with MMA fighters challenged in Complaint paragraph

26 101, and this Request is an impermissible fishing exercise. Lublin further objects to this Request

27 as duplicative of Request No. 57 to Endeavor. Endeavor has been actively meeting and conferring

28 with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

1  discovery.

2      Lublin will not produce documents in response to this Request.

3  **REQUEST FOR PRODUCTION NO. 74:**

4      All Documents and Communications referencing or relating to the drafting of and the

5  reasoning behind the tolling provisions, which extend the term of a UFC Fighter's contract during

6  periods when he or she is injured, retired, or otherwise declines to compete.

7  **RESPONSE TO REQUEST NO. 74:**

8      In addition to the General Objections set forth above, Lublin objects to this Request as

9  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

10  calculated to lead to the discovery of relevant or admissible evidence, including because it requests

11  "All Documents and Communications" referencing or relating to the drafting of and the reasoning

12  behind the tolling provisions over an ten year period, extending beyond the time period relevant

13  to this Action. Lublin also objects to the extent this Request calls for documents protected from

14  disclosure by the attorney-client privilege, work-product doctrine, or any other applicable

15  privilege. Lublin further objects that the phrases "drafting of," "reasoning behind," "tolling

16  provisions," and "otherwise declines to compete" are vague and ambiguous. Lublin disputes

17  Plaintiffs' characterization of the relevant agreement provisions as "tolling provisions," and further

18  disputes the Plaintiffs' assertion that they extend "the term of a UFC Fighter's contract during

19  periods when he or she is injured, retired, or otherwise declines to compete." Lublin refers to the

20  text of the relevant agreements for their contents. Lublin further objects to this Request to the

21  extent it seeks documents that are not within Lublin's possession, custody, or control. Lublin and

22  his employer, Endeavor, are not alleged to have had any involvement in the drafting or reasoning

23  behind any provision of Zuffa's contracts with MMA fighters challenged in Complaint paragraph

24  101, and this Request is an impermissible fishing exercise. Lublin further objects to this Request

25  as duplicative of Request No. 58 to Endeavor. Endeavor has been actively meeting and conferring

26  with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

27  discovery.

28      Lublin will not produce documents in response to this Request.

1    **REQUEST FOR PRODUCTION NO. 75:**

2        All Documents and Communications referencing or relating to the drafting of and the

3    reasoning behind the "Sponsorship and Endorsement Clause," which appears to grant the UFC

4    sole discretion over all sponsorship and endorsement approvals.

5    **RESPONSE TO REQUEST NO. 75:**

6        In addition to the General Objections set forth above, Lublin objects to this Request as

7    overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

8    calculated to lead to the discovery of relevant or admissible evidence, including because it requests

9    "All Documents and Communications" referencing or relating to the drafting of and the reasoning

10   behind the "Sponsorship and Endorsement Clause" over a ten year period, extending beyond the

11   time period relevant to this Action. Lublin also objects to the extent this Request calls for

12   documents protected from disclosure by the attorney-client privilege, workproduct doctrine, or any

13   other applicable privilege. Lublin further objects that the phrases "drafting of" and "reasoning

14   behind" are vague and ambiguous. Lublin further objects that this Request is not limited in scope

15   to the claims and defenses at issue in this Action, including because Plaintiffs do not allege an

16   identity class in this Action. Lublin disputes Plaintiffs' characterization of the relevant agreement

17   provisions as the "Sponsorship and Endorsement Clause," and further disputes Plaintiffs' assertion

18   that they appear "to grant the UFC sole discretion over all sponsorship and endorsement

19   approvals." Lublin refers to the text of the relevant agreements for their contents. Lublin further

20   objects to this Request to the extent it seeks documents that are not within Lublin's possession,

21   custody, or control. Lublin and his employer, Endeavor, are not alleged to have had any

22   involvement in the drafting or reasoning behind any provision of Zuffa's contracts with MMA

23   fighters challenged in Complaint paragraph 101, and this Request is an impermissible fishing

24   exercise. Lublin further objects to this Request as duplicative of Request No. 59 to Endeavor.

25   Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and

26   thus this Request improperly seeks to bypass party discovery.

27       Lublin will not produce documents in response to this Request.

28

1   **REQUEST FOR PRODUCTION NO. 76:**

2        All Documents and Communications analyzing or quantifying the overall impact or effect

3   of the contractual clauses in Zuffa or Endeavor's Promotional and Ancillary Rights Agreements

4   on (a) UFC Fighters' mobility or compensation, and/or (b) the ability of Zuffa's competitors (as

5   identified in your response to Request No.60, supra, or otherwise) to compete for Professional

6   MMA Fighters services or to promote Professional MMA Events that can successfully compete

7   against Zuffa or Endeavor.

8   **RESPONSE TO REQUEST NO. 76:**

9        In addition to the General Objections, Lublin objects to this Request as overbroad, unduly

10  burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the

11  discovery of relevant or admissible evidence, including because it calls for "All Documents and

12  Communications" over a ten year time period, extending beyond the time period relevant to this

13  Action. Lublin also objects to the extent this Request calls for documents protected from disclosure

14  by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Lublin

15  further objects that the phrases "overall impact," "effect," "mobility," and "successfully" are vague

16  and ambiguous. Lublin further objects to this Request to the extent it seeks documents that are not

17  within Lublin's possession, custody, or control. Lublin further objects to this Request as

18  duplicative of Request No. 60 to Endeavor. Endeavor has been actively meeting and conferring

19  with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

20  discovery.

21       Lublin will not produce documents in response to this Request.

22  **REQUEST FOR PRODUCTION NO. 77:**

23       Documents sufficient to identify each of Your Employees or agents involved in approving

24  or negotiating the terms of each of Your Agreements with any Professional MMA Fighters.

25  **RESPONSE TO REQUEST NO. 77:**

26       In addition to the General Objections set forth above, Lublin objects to this Request as

27  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

28  calculated to lead to the discovery of relevant or admissible evidence, including because it calls

1   for documents over an ten year period, extending beyond the time period relevant to this Action,

2   and it is not limited in scope to agreement terms related to the claims or defenses at issue in this

3   Action, including the lack of specificity regarding the subject of any "Agreements with any

4   Professional MMA Fighters." Lublin further objects to this Request to the extent it purports to

5   require Lublin to do anything beyond conducting a reasonable search for nonobjectionable, non-

6   privileged, responsive documents and data. Lublin further objects to this Request as it is

7   duplicative of Request No. 61 to Endeavor. Lublin and his employer, Endeavor, are not alleged to

8   have had any agreements with any professional MMA fighters that are relevant to this Action.

9   Lublin further objects to this Request as duplicative of Request No. 61 to Endeavor. Endeavor has

10   been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request

11   improperly seeks to bypass party discovery.

12        Lublin will not produce documents in response to this Request.

13   **REQUEST FOR PRODUCTION NO. 78:**

14        All Documents and Communications relating to any Agreements between You and any

15   other MMA Promoter (past or present) relating to a Professional MMA Fighter's services,

16   including without limitation all executed Agreements (and any amendments thereto), draft

17   Agreements, and all Documents and Communications relating to the negotiation of such

18   agreements, regardless of whether an Agreement was executed.

19   **RESPONSE TO REQUEST NO. 78:**

20        In addition to the General Objections set forth above, Lublin objects that this Request is

21   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

22   calculated to lead to the discovery of relevant or admissible evidence, including because its request

23   for "all executed Agreements (and any amendments thereto)" with past or present MMA Promoters

24   over a period of a ten years extends beyond the time period relevant to this Action and is not

25   limited in scope to documents related to the claims and defenses at issue in this Action. Lublin

26   also objects to this Request as seeking documents and information relating to fighters who would

27   not be part of the putative class and, thus, would have no likelihood of leading to the discovery of

28   relevant or admissible evidence. Lublin further objects to the extent this Request calls for

1    documents protected from disclosure by the attorney-client privilege, work-product doctrine, or

2    any other applicable privilege. Lublin further objects to this Request to the extent it seeks

3    documents that are not within Lublin's possession, custody, or control. Lublin and his employer,

4    Endeavor, are not alleged to have had any agreements with any MMA promoter (other than Zuffa)

5    that are relevant to this Action. Lublin further objects to this Request as duplicative of Request

6    No. 62 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this

7    same Request, and thus this Request improperly seeks to bypass party discovery.

8        Lublin will not produce documents in response to this Request.

9    **REQUEST FOR PRODUCTION NO. 79:**

10       Documents sufficient to identify each of Your Employees or agents involved in approving

11   or negotiating the terms of any Agreements or potential Agreements with any other MMA

12   Promoter (past or present) relating to the provision of Professional MMA Fighter services.

13   **RESPONSE TO REQUEST NO. 79:**

14       In addition to the General Objections set forth above, Lublin objects that this Request is

15   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

16   calculated to lead to the discovery of relevant or admissible evidence, including because it seeks

17   documents relating to each employee over an ten year, extending beyond the time period relevant

18   to this Action, and it is not limited to documents related to individuals who may have some role in

19   the claims or defenses in this Action. Lublin also objects that the phrase "potential Agreements"

20   is vague, ambiguous, and confusing. Lublin further objects to this Request to the extent it purports

21   to require Lublin to do anything beyond conducting a reasonable search for non-objectionable,

22   non-privileged, responsive documents and data. Lublin further objects to this Request to the extent

23   it seeks documents that are not within Lublin's possession, custody, or control. Lublin and his

24   employer, Endeavor, are not alleged to have had any agreements with any MMA promoter (other

25   than Zuffa) that are relevant to this Action. Lublin further objects to this Request as duplicative of

26   Request No. 63 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs

27   over this same Request, and thus this Request improperly seeks to bypass party discovery.

28       Lublin will not produce documents in response to this Request.

1    **REQUEST FOR PRODUCTION NO. 80:**

2        All Documents and Communications constituting or relating to Agreements between You

3    and any broadcaster of professional MMA events (including PPV and non-PPV Professional

4    MMA Events), including without limitation all executed Agreements (and any amendments

5    thereto), draft Agreements, and all Documents and Communications relating to the negotiation of

6    such Agreements, Documents and Communications analyzing the terms of any actual or potential

7    such Agreement, regardless of whether an Agreement was executed.

8    **RESPONSE TO REQUEST NO. 80:**

9        In addition to the General Objections set forth above, Lublin objects that this Request is

10   overbroad, unduly burdensome, not proportional to the needs of the case, and seeks documents

11   that have no likelihood of leading to the discovery of relevant or admissible evidence, including

12   because it calls for "All Documents and Communications" over a ten year period, extending

13   beyond the time period relevant to this Action. Lublin further objects that the phrases "analyzing"

14   and "potential such Agreement" are vague, ambiguous, and confusing. Lublin further objects to

15   the extent this Request calls for documents protected from disclosure by the attorney-client

16   privilege, work-product doctrine, or any other applicable privilege. Plaintiffs have neither asserted

17   a monopolization claim in this Action, nor alleged any anticompetitive conduct in connection with

18   Endeavor's broadcasting agreements, if any, and thus this Request is purely an impermissible

19   fishing expedition into irrelevant materials. Lublin further objects to this Request to the extent it

20   seeks documents that are not within Lublin's possession, custody, or control. Lublin further objects

21   to this Request as duplicative of Request No. 64 to Endeavor. Endeavor has been actively meeting

22   and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to

23   bypass party discovery.

24       Lublin will not produce documents in response to this Request.

25   **REQUEST FOR PRODUCTION NO. 81:**

26       Documents sufficient to identify each of Your Employees and agents involved in approving

27   or negotiating the terms of any Agreements or potential Agreements with any broadcaster of

28   Professional MMA Events (including PPV).

1    **RESPONSE TO REQUEST NO. 81:**

2        In addition to the General Objections set forth above, Lublin objects to this Request as

3    overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

4    calculated to lead to the discovery of relevant or admissible evidence, including because it calls

5    for documents related to "any Agreements" over a ten year period, extending beyond the time

6    period relevant to this Action, and it is not limited to documents related to individuals who may

7    have had some role in the claims and/or defenses at issue in this Action. Lublin also objects to the

8    phrase "potential Agreements" as vague, ambiguous, and confusing. Lublin further objects to this

9    Request to the extent it purports to require Lublin to do anything beyond conducting a reasonable

10   search for non-objectionable, non-privileged, responsive documents and data. Lublin further

11   objects to this Request to the extent it seeks documents that are not within Lublin's possession,

12   custody, or control. Lublin further objects to this Request as duplicative of Request No. 65 to

13   Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same

14   Request, and thus this Request improperly seeks to bypass party discovery.

15       Lublin will not produce documents in response to this Request.

16   **REQUEST FOR PRODUCTION NO. 82**

17       All Documents and Communications relating to Agreements between You and any

18   sponsors of the UFC or of the Professional MMA Fighters under contract with the UFC, including

19   without limitation all executed Agreements (and any amendments thereto), draft Agreements, and

20   all Documents and Communications relating to the negotiation of such Agreements, regardless of

21   whether an Agreement was executed.

22   **RESPONSE TO REQUEST NO. 82:**

23       In addition to the General Objections set forth above, Lublin objects that this Request is

24   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

25   calculated to lead to the discovery of relevant or admissible evidence, including because it asks for

26   "All Documents and Communications" relating to all agreements with sponsors over a ten year

27   period, extending beyond the time period relevant to this Action, and it is not limited in scope to

28   documents relating to the claims and defenses at issue in this Action. Lublin also objects to this

1   Request as seeking documents and information relating to fighters who would not be members of

2   the putative class and, thus, would have no likelihood of leading to the discovery of relevant or

3   admissible evidence. Lublin further objects to the extent this Request calls for documents protected

4   from disclosure by the attorney-client privilege, workproduct doctrine, or any other applicable

5   privilege. Plaintiffs have neither asserted a monopolization claim in this Action, nor alleged any

6   anticompetitive conduct in connection with Endeavor's sponsorship agreements, if any, and thus

7   this Request is purely an impermissible fishing expedition into irrelevant materials. Lublin further

8   objects to this Request to the extent it seeks documents that are not within Lublin's possession,

9   custody, or control. Lublin further objects to this Request as duplicative of Request No. 66 to

10  Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same

11  Request, and thus this Request improperly seeks to bypass party discovery.

12       Lublin will not produce documents in response to this Request.

13  **REQUEST FOR PRODUCTION NO. 83:**

14       Documents sufficient to identify each of Your Employees and/or agents involved in

15  approving or negotiating the terms of any Agreements or potential Agreements with any sponsors

16  of the UFC or the Professional MMA Fighters under contract with the UFC.

17  **RESPONSE TO REQUEST NO. 83:**

18       In addition to the General Objections set forth about, Lublin objects to this Request as

19  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

20  calculated to lead to the discovery of relevant or admissible evidence, including because it requests

21  identification of all employees over a ten year period, extending beyond the time period relevant

22  to this Action, and it is not limited in scope to documents relating to the claims and defenses at

23  issue in this Action. Plaintiffs have neither asserted a monopolization claim in this Action, nor

24  alleged any anticompetitive conduct in connection with Endeavor's sponsorship agreements, if

25  any, and thus this Request is purely an impermissible fishing expedition into irrelevant materials.

26  Lublin further objects to this Request to the extent it purports to require Lublin to do anything

27  beyond conducting a reasonable search for nonobjectionable, non-privileged, responsive

28  documents and data. Lublin further objects to this Request to the extent it seeks documents that

1  are not within Lublin's possession, custody, or control. Lublin further objects to this Request as

2  duplicative of Request No. 67 to Endeavor. Endeavor has been actively meeting and conferring

3  with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

4  discovery.

5          Lublin will not produce documents in response to this Request.

6  **REQUEST FOR PRODUCTION NO. 84:**

7          All Documents referencing or relating to the ability of any UFC Fighter to switch to and/or

8  fight for, an actual or potential rival promotion. Responsive Documents include, but are not limited

9  to, Documents referencing or relating to the costs to UFC Fighters and/or their managers or

10 promoters associated with such a switch, any requirements or obligations imposed by a contract

11 between the UFC and UFC Fighters, and/or Documents concerning communications or

12 negotiations between the UFC and UFC Fighters with respect to a switch or potential switch from

13 the UFC to a rival MMA Promoter.

14 **RESPONSE TO REQUEST NO. 84:**

15         In addition to the General Objections set forth above, Lublin objects to this Request as

16 overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

17 calculated to the discovery of relevant or admissible evidence, including because it calls for "All

18 Documents" over an a ten year period, extending beyond the time period relevant to this Action.

19 Lublin also objects that the phrase "switch to and/or fight for" as used in this Request is vague and

20 ambiguous. Lublin further objects to this Request as seeking documents and information relating

21 to fighters who would not be members of the putative class and, thus, would have no likelihood of

22 leading to the discovery of relevant or admissible evidence. Lublin further objects to this Request

23 to the extent that it is duplicative of Request No. 61 to Zuffa, including to the extent it seeks

24 agreements between the UFC and UFC Fighters. Lublin further objects to this Request as

25 duplicative of Request No. 68 to Endeavor. Endeavor has been actively meeting and conferring

26 with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

27 discovery.

28         Lublin will not produce documents in response to this Request.

1 **REQUEST FOR PRODUCTION NO. 85:**

2      All communications between you and anyone else referencing or relating to this lawsuit or

3 Le, et al. v. Zuffa, LLC, 2:21-cv-1189-RFB-BNW (D. Nev.), or any of the named plaintiffs in

4 either of those cases, exclusive of any communications protected by the Attorney/Client Privilege.

5 **RESPONSE TO REQUEST NO. 85:**

6      In addition to the General Objections set forth above, Lublin objects that this Request is

7 overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

8 calculated to lead to the discovery of relevant or admissible evidence, including because it requests

9 "All Communications" and does not limit the scope of its request to communications relating to

10 any of the named plaintiffs in this Action, to the claims and defenses at issue in this Action, or to

11 the time period of the allegations in this Action. Lublin further objects that this Request is

12 unintelligible and cannot be responded to because the case citation refers to a case name that is

13 different from the case number cited. Lublin further objects to this Request to the extent it seeks

14 documents that are not within Lublin's possession, custody, or control. Lublin further objects to

15 this Request as duplicative of Request No. 69 to Endeavor. Endeavor has been actively meeting

16 and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to

17 bypass party discovery.

18      Lublin will not produce documents in response to this Request.

19 **REQUEST FOR PRODUCTION NO. 86:**

20      All Documents referencing or relating to indemnification or defense (corporate or

21 individual), judgment sharing, joint defense, liability or responsibility for judgment in this action,

22 for You and any of your officers, including by way of example not limitation, indemnity

23 Agreements, joint defense Agreements, judgment sharing Agreements, tenders of defense, denials

24 or reservations of rights.

25 **RESPONSE TO REQUEST NO. 86:**

26      In addition to the General Objections set forth above, Lublin objects to this Response as

27 overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

28 calculated to lead to the discovery of relevant or admissible evidence, including because it requests

1    "All Documents" over a ten year period, extending beyond the time period relevant to this Action,

2    and it is not limited in scope to documents relating to the claims and defenses at issue in this

3    Action. Lublin further objects because the phrases "indemnification or defense (corporate or

4    individual)" and "by way of example not limitation" are unintelligible as written. Lublin further

5    objects to this Request to the extent it seeks documents that are not within Lublin's possession,

6    custody, or control. Lublin further objects to this Request as duplicative of Request No. 70 to

7    Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same

8    Request, and thus this Request improperly seeks to bypass party discovery.

9        Lublin will not produce documents in response to this Request.

10   **REQUEST FOR PRODUCTION NO. 87:**

11       All Documents referencing or relating to any websites operated by You or on Your behalf,

12   including Documents sufficient to show who had responsibility for creating, maintaining, and

13   adding or deleting content (including any private messaging) to or from such websites.

14   **RESPONSE TO REQUEST NO. 87:**

15       In addition to the General Objections set forth above, Lublin objects that this Request is

16   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

17   calculated to lead to the discovery of relevant or admissible evidence, including because it requests

18   "All Documents" over a ten year period, extending beyond the time period relevant to this Action,

19   and does not limit the scope of the Request to documents relating to the claims and defenses at

20   issue in this Action. Plaintiffs' Request seeking "All Documents" referencing or relating to "any

21   website operated by You or on Your behalf" for a ten years would require Lublin to produce a

22   burdensome, unreasonable, and disproportionate number of documents, many of which would be

23   far outside the scope of this Action and have no likelihood of leading to the discovery of relevant

24   or admissible evidence. Lublin also objects that the phrases "maintaining" and "on Your behalf"

25   as used in this Request are vague and ambiguous. Lublin further objects to this Request to the

26   extent it seeks documents that are not within Lublin's possession, custody, or control. Lublin

27   further objects to this Request as duplicative of Request No. 71 to Endeavor. Endeavor has been

28

1   actively meeting and conferring with Plaintiffs over this same Request, and thus this Request

2   improperly seeks to bypass party discovery.

3          Lublin will not produce documents in response to this Request.

4   **REQUEST FOR PRODUCTION NO. 88:**

5          Documents sufficient to identify each Person responsible for any Social Media account

6   operated by or on behalf of Zuffa, including documents sufficient to show who had responsibility

7   for creating, maintaining, and adding or deleting content (including any private messaging) to or

8   from such Social Media accounts.

9   **RESPONSE TO REQUEST NO. 88:**

10         In addition to the General Objections set forth above, Lublin objects to this Request as

11  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

12  calculated to lead to the discovery of relevant or admissible evidence. Lublin further objects to the

13  phrases "on behalf of Zuffa" and "maintaining" as vague and ambiguous. Lublin further objects to

14  this Request to the extent it purports to require Lublin to do anything beyond conducting a

15  reasonable search for non-objectionable, non-privileged, responsive documents and data. Lublin

16  further objects to this Request to the extent it seeks documents that are not within Lublin's

17  possession, custody, or control. Lublin further objects to this Request as duplicative of Request

18  No. 72 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this

19  same Request, and thus this Request improperly seeks to bypass party discovery.

20         Lublin will not produce documents in response to this Request.

21  **REQUEST FOR PRODUCTION NO. 89:**

22         All contracts or Agreements between the UFC and any Social Media organization.

23  **RESPONSE TO REQUEST NO. 89:**

24         In addition to the General Objections, Lublin objects that this Request is overbroad to the

25  extent that it calls for "All contracts or Agreements" over a ten year time period, extending beyond

26  the time period relevant to this Action, and does not limit the agreements to issues relevant to the

27  claims or defenses at issue in this Action and thus is not reasonably calculated to lead to the

28  discovery of relevant or admissible evidence. Lublin also objects that this Request is not

1   proportional to the needs of the case. Lublin further objects to this Request to the extent it seeks

2   documents that are not within Lublin's possession, custody, or control. Lublin further objects to

3   this Request as duplicative of Request No. 73 to Endeavor. Endeavor has been actively meeting

4   and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to

5   bypass party discovery.

6          Lublin will not produce documents in response to this Request.

7   **REQUEST FOR PRODUCTION NO. 90:**

8          All Documents and Communications relating to any content posted to any website or Social

9   Media relating to UFC Professional MMA Bouts, including Pre-Bout Event promotional content

10  and Post-Bout Event content.

11  **RESPONSE TO REQUEST NO. 90:**

12         In addition to the General Objections set forth above, Lublin objects that this Request is

13  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

14  calculated to lead to the discovery of relevant or admissible evidence, including because it calls

15  for "All Documents and Communications" relating to "any content posted to any website" over a

16  ten year time period, extending beyond the time period relevant to this Action, it is not limited in

17  scope to documents related to the claims and defenses at issue in this Action, and it is not limited

18  to websites controlled by Lublin or his employer, Endeavor, or statements made by Lublin acting

19  in his capacity as an Endeavor employee. Lublin further objects to this Request to the extent that

20  it seeks public information—including information in Plaintiffs' control—that is readily accessible

21  by Plaintiffs and which should be collected by Plaintiffs under the reasonableness and

22  proportionality standards set forth in the Federal Rules of Civil Procedure. Lublin further objects

23  to this Request to the extent it seeks documents that are not within Lublin's possession, custody,

24  or control. Lublin further objects to this Request as duplicative of Request No. 74 to Endeavor.

25  Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and

26  thus this Request improperly seeks to bypass party discovery.

27         Lublin will not produce documents in response to this Request.

28

1  **REQUEST FOR PRODUCTION NO. 91:**

2      All Documents, including any content posted to any website or Social Media, referencing

3  or relating to the Professional MMA Fighters under contract with the UFC.

4  **RESPONSE TO REQUEST NO. 91:**

5      In addition to the General Objections set forth above, Lublin objects that this Request, as

6  phrased, is overbroad, unduly burdensome, not proportional to the needs of the case, and not

7  reasonably calculated to lead to the discovery of relevant or admissible evidence, including

8  because it calls for "All Documents" referencing or relating to "Professional MMA Fighters under

9  contract with the UFC" over a ten year time period, extending beyond the time period relevant to

10 this Action, and it is not limited in scope to documents relating to the claims and defenses at issue

11 in this Action. To the extent this Request calls for "content posted to any website or Social Media,"

12 Lublin objects that it is not limited to website or Social Media controlled by Lublin, or his

13 employer, Endeavor, or statements made by Lublin acting in his capacity as an Endeavor

14 employee. Lublin further objects that this Request seeks public information—including

15 information in Plaintiffs' control—that is readily accessible by Plaintiffs and which should be

16 collected by Plaintiffs under the reasonableness and proportionality standards set forth in the

17 Federal Rules of Civil Procedure. Lublin further objects to this Request to the extent it purports to

18 require Lublin to maintain information removed or deleted from website and/or Social Media prior

19 to the filing of this lawsuit. Lublin further objects to this Request as seeking documents and

20 information relating to fighters who would not be part of the putative class and, thus, would have

21 no likelihood of leading to the discovery of relevant or admissible evidence. Lublin further objects

22 to this Request to the extent it seeks documents that are not within Lublin's possession, custody,

23 or control. Lublin further objects to this Request as duplicative of Request No. 75 to Endeavor.

24 Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and

25 thus this Request improperly seeks to bypass party discovery.

26      Lublin will not produce documents in response to this Request.

27

28

1  **REQUEST FOR PRODUCTION NO. 92**

2      All Documents, including any content posted to any website or Social Media, referencing

3  or relating to any Professional MMA Fighters not under contract with the UFC.

4  **RESPONSE TO REQUEST NO. 92:**

5      In addition to the General Objections set forth above, Lublin objects that this Request is

6  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

7  calculated to lead to the discovery of relevant or admissible evidence, including because it calls

8  for "All Documents" referencing or relating to "Professional MMA Fighters not under contract

9  with the UFC" over a ten year time period, which extends beyond the time period relevant to this

10 Action, and it is not limited to documents relating to the claims and defenses at issue in this Action.

11 To the extent this Request calls for "content posted to any website or Social Media," Lublin objects

12 that it is not limited to a website or Social Media controlled by Lublin, or his employer, Endeavor,

13 or statements made by Lublin acting in his capacity as an Endeavor employee. Lublin further

14 objects that this Request seeks public information—including information in Plaintiffs' control—

15 that is readily accessible by Plaintiffs and which should be collected by Plaintiffs under the

16 reasonableness and proportionality standards set forth in the Federal Rules of Civil Procedure.

17 Lublin further objects to this Request to the extent it purports to require Lublin to maintain

18 information removed or deleted from any website and/or Social Media prior to the filing of this

19 lawsuit. Lublin further objects to this Request to the extent it seeks documents that are not within

20 Lublin's possession, custody, or control. Lublin further objects to this Request as duplicative of

21 Request No. 76 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs

22 over this same Request, and thus this Request improperly seeks to bypass party discovery.

23      Lublin will not produce documents in response to this Request.

24 **REQUEST FOR PRODUCTION NO. 93:**

25      All Documents, including any content posted to any website or Social Media, referencing

26 or relating to any other MMA promoter, including without limitation any references to UFC's

27 acquisition or potential acquisition of any other MMA promoter.

28

1    **RESPONSE TO REQUEST NO. 93:**

2    In addition to the General Objections set forth above, Lublin objects that this Request is

3    overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

4    calculated to lead to the discovery of relevant or admissible evidence, including because it requests

5    "All Documents" "referencing or relating to any other MMA promoter" over a ten yea time period,

6    which extends beyond the time period relevant to this Action and it is not limited to documents

7    relating to the claims and defenses at issue in this Action. To the extent this Request calls for

8    "content posted to any website or Social Media," Lublin objects that it is not limited to a website

9    or Social Media controlled by Lublin, or his employer, Endeavor or statements made by Lublin

10   acting in his capacity as an Endeavor employee. Lublin further objects to this Request to the extent

11   that it seeks public information—including information in Plaintiffs' control—that is readily

12   accessible by Plaintiffs and which should be collected by Plaintiffs under the reasonableness and

13   proportionality standards set forth in the Federal Rules of Civil Procedure. Lublin further objects

14   to this Request to the extent it seeks documents that are not within Lublin's possession, custody,

15   or control. Lublin further objects to this Request as duplicative of Request No. 77 to Endeavor.

16   Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and

17   thus this Request improperly seeks to bypass party discovery.

18   Lublin will not produce documents in response to this Request.

19   **REQUEST FOR PRODUCTION NO. 94:**

20   All Documents referencing or relating to Zuffa's registration with any regulatory bodies

21   governing the MMA industry. Include all Documents referencing or relating to any suspensions of

22   Zuffa for any reason by any government agency or any Person responsible for regulation,

23   supervision, licensing, permitting or safety of Professional MMA Bouts and Professional MMA

24   Fighters.

25   **RESPONSE TO REQUEST NO. 94:**

26   In addition to the General Objections set forth above, Lublin objects to this Request as

27   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

28   calculated to lead to the discovery of relevant or admissible evidence, including because it seeks

1   "All Documents" over a ten year time period, which extends beyond the time period relevant to

2   this Action, and it is not limited to documents related to the claims and defenses at issue in this

3   Action. Lublin further objects to this Request to the extent it seeks documents that are not within

4   Lublin's possession, custody, or control. Lublin further objects to this Request as duplicative of

5   Request No. 78 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs

6   over this same Request, and thus this Request improperly seeks to bypass party discovery.

7        Lublin will not produce documents in response to this Request.

8   **REQUEST FOR PRODUCTION NO. 95:**

9        All Documents and Communications relating to Meetings or the business of Your Board

10  of Directors, including without limitation all agendas, minutes, presentations, Agreements, and

11  resolutions created by or for the Board of Directors, and including all Documents and

12  Communications directed to and presented by management or outside professionals, which address

13  capital raises, business combinations, dividends and any other executive compensation matters.

14  **RESPONSE TO REQUEST NO. 95:**

15       In addition to the General Objections set forth above, Lublin objects to this Request as

16  overboard, unduly burdensome, not proportional to the needs of the case, and not reasonably

17  calculated to lead to the discovery of relevant or admissible evidence, including because it seeks

18  "All Documents and Communications" over a ten year time period, extending beyond the time

19  period relevant to this Action, and it is not limited to documents related to the claims and defenses

20  at issue in this Action. Lublin also objects that the phrase "directed to and presented by

21  management and outside professionals" is vague and ambiguous. Lublin further objects to this

22  Request to the extent it seeks documents that are not within Lublin's possession, custody, or

23  control. Lublin further objects to this Request as duplicative of Request No. 79 to Endeavor.

24  Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and

25  thus this Request improperly seeks to bypass party discovery.

26       Lublin will not produce documents in response to this Request.

27

28

85

1    **REQUEST FOR PRODUCTION NO. 96:**

2        All Documents and Communications reflecting or relating to Your relationship with

3    Mubadala Investment Company, Khaldoon Al Mubarak, or any other executive, employee, agent,

4    or representative of Mubadala Investment Company, including without limitation all Documents

5    and Communications reflecting or relating to any financial transactions between You and

6    Mubadala, including without limitation any loans, purchases of equity or other ownership shares,

7    purchases of any debt, the provision of any gifts or any other unilateral provision of anything of

8    value, or any other transfer or exchange involving capital and/or anything of value.

9    **RESPONSE TO REQUEST NO. 96:**

10        In addition to the General Objections set forth above, Lublin objects to this Request as

11    overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

12    calculated to lead to the discovery of relevant or admissible evidence, including because it calls

13    for "All Documents and Communications" over a ten year period, extending beyond the time

14    period relevant to this Action, and it is not limited in scope to documents relating to the claims and

15    defenses at issue in this Action. Lublin also objects that the phrases "reflecting or relating to Your

16    relationship," "unilateral provision of anything of value," and "transfer or exchange involving...

17    anything of value" are vague and ambiguous. Lublin further objects to this Request to the extent

18    it seeks documents that are not within Lublin's possession, custody, or control. Lublin further

19    objects to this Request as duplicative of Request No. 80 to Endeavor. Endeavor has been actively

20    meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly

21    seeks to bypass party discovery.

22        Lublin will not produce documents in response to this Request.

23    **REQUEST FOR PRODUCTION NO. 97:**

24        All Documents and Communications relating to the production of any Professional MMA

25    Event in or on any location owned or controlled by Abu Dhabi, United Arab Emirates.

26    **RESPONSE TO REQUEST NO. 97:**

27        In addition to the General Objections set forth above, Lublin objects to this Request as

28    overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

1   calculated to lead to the discovery of relevant or admissible evidence, including because it calls

2   for "All Documents and Communications relating to the production of any Professional MMA

3   event" over a ten year time period, extending beyond the time period relevant to this Action, and

4   it is not limited in scope to documents relating to the claims and defenses at issue in this Action.

5   Lublin also objects that the phrases "the production of" and "or controlled by" are vague and

6   ambiguous. Lublin further objects to this Request to the extent it seeks documents that are not

7   within Lublin's possession, custody, or control. Lublin further objects to this Request as

8   duplicative of Request No. 81 to Endeavor. Endeavor has been actively meeting and conferring

9   with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

10  discovery.

11          Lublin will not produce documents in response to this Request.

12  **REQUEST FOR PRODUCTION NO. 98:**

13          All Communications between You and Silver Lake Group, LLC ("SLP"), including any of

14  its predecessors, successors, affiliates, or any Person SLP manages or controls, along with their

15  executives, employees, agents, or representatives, relating to the acquisition of Zuffa, LLC or the

16  merger of Zuffa Parent LLC with World Wrestling Entertainment.

17  **RESPONSE TO REQUEST NO. 98:**

18          In addition to the General Objections set forth above, Lublin objects to this Request as

19  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

20  calculated to lead to the discovery of relevant or admissible evidence, including because it calls

21  for material beyond the time period relevant to this Action and is unrelated to the claims and

22  defenses at issue in this Action (which does not concern any acquisition or merger of Zuffa) by

23  requesting "All Communications" with a third party relating to the acquisition of Zuffa or the

24  merger of Zuffa Parent LLC with World Wrestling Entertainment. Lublin also objects that the

25  phrase "predecessors, successors, affiliates, or any Person SLP manages or controls" is vague and

26  ambiguous. Lublin further objects to this Request to the extent it seeks documents that are not

27  within Lublin's possession, custody, or control. Lublin further objects to this Request as

28  duplicative of Request No. 82 to Endeavor. Endeavor has been actively meeting and conferring

1  with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

2  discovery.

3      Lublin will not produce documents in response to this Request.

4  **REQUEST FOR PRODUCTION NO. 99:**

5      All Communications between You and Kohlberg Kravis Roberts & Co. ("KKR"),

6  including any of its predecessors, successors, affiliates, or any Person KKR manages or controls,

7  along with their executives, employees, agents, or representatives, relating to the acquisition of

8  Zuffa, LLC or the merger of Zuffa Parent LLC with World Wrestling Entertainment.

9  **RESPONSE TO REQUEST NO. 99:**

10      In addition to the General Objections set forth above, Lublin objects to this Request as

11  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

12  calculated to lead to the discovery of relevant or admissible evidence, including because it calls

13  for material beyond the time period relevant to this Action and unrelated to the claims and defenses

14  at issue in this Action (which does not concern any acquisition or merger of Zuffa) by requesting

15  "All Communications" with a third party relating to the acquisition of Zuffa or the merger of Zuffa

16  Parent LLC with World Wrestling Entertainment. Lublin also objects that the phrase

17  "predecessors, successors, affiliates, or any Person KKR manages or controls" is vague and

18  ambiguous. Lublin further objects to this Request to the extent it seeks documents that are not

19  within Lublin's possession, custody, or control. Lublin further objects to this Request as

20  duplicative of Request No. 83 to Endeavor. Endeavor has been actively meeting and conferring

21  with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

22  discovery.

23      Lublin will not produce documents in response to this Request.

24  **REQUEST FOR PRODUCTION NO. 100:**

25      All Communications between You and MSD Capital, L.P. ("MSD") or its successor DFO

26  Management ("DFO"), including any of its predecessors, successors, affiliates, or any Person

27  MSD or DFO manages or controls, along with their executives, employees, agents, or

28

1  representatives, relating to the acquisition of Zuffa, LLC or the merger of Zuffa Parent LLC with

2  World Wrestling Entertainment.

3  **RESPONSE TO REQUEST NO. 100:**

4       In addition to the General Objections set forth above, Lublin objects to this Request as

5  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

6  calculated to lead to the discovery of relevant or admissible evidence, including because it calls

7  for material beyond the time period relevant to this Action and unrelated to the claims and defenses

8  at issue in this Action (which does not concern any acquisition or merger of Zuffa) by requesting

9  "All Communications" with a third party relating to the acquisition of Zuffa or the merger of Zuffa

10  Parent LLC with World Wrestling Entertainment. Lublin also objects that the phrase

11  "predecessors, successors, affiliates, or any Person MSD or DFO manages or controls" is vague

12  and ambiguous. Lublin further objects to this Request to the extent it seeks documents that are not

13  within Lublin's possession, custody, or control. Lublin further objects to this Request as

14  duplicative of Request No. 84 to Endeavor. Endeavor has been actively meeting and conferring

15  with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

16  discovery.

17       Lublin will not produce documents in response to this Request.

18

19

20

21

22

23

24

25

26

27

28

1    Dated: April 2, 2025                    Respectfully Submitted,

2                                     */s/ Christopher S. Yates*

3    WILLIAM A. ISAACSON (*Pro hac vice*)      CHRISTOPHER S. YATES (*Pro hac vice*)
     wisaacson@paulweiss.com                       chris.yates@lw.com
     KAREN L. DUNN (*Pro hac vice*)             AARON T. CHIU (*Pro hac vice*)

4    ldunn@paulweiss.com                         aaron.chiu@lw.com
     JESSICA PHILLIPS (*Pro hac vice*)          LATHAM & WATKINS LLP

5    jphillips@paulweiss.com                    505 Montgomery Street, Suite 2000
     PAUL, WEISS, RIFKIND, WHARTON &      San Francisco, CA 94111

6    GARRISON LLP                           Tel: (415) 395-8095
     2001 K Street, NW

7    Washington, DC 20006                  SEAN M. BERKOWITZ (*Pro hac vice*)
                                      sean.berkowitz@lw.com

8    BRETTE M. TANNENBAUM (*Pro hac vice*)    LATHAM & WATKINS LLP
     btannenbaum@paulweiss.com                330 North Wabash Ave, Suite 2800

9    YOTAM BARKAI (*Pro hac vice*)           Chicago, IL 60611
     ybarkai@paulweiss.com

10   PAUL, WEISS, RIFKIND, WHARTON &      LAURA WASHINGTON (*Pro hac vice*)
     GARRISON LLP                           laura.washington@lw.com

11   1285 Avenue of the Americas            LATHAM & WATKINS LLP
     New York, NY 10019                   10250 Constellation Blvd, Suite 1100

12                                       Los Angeles, CA 90067
     DONALD J. CAMPBELL (No. 1216)

13   djc@campbellandwilliams.com         DAVID L. JOHNSON (*Pro hac vice*)
     J. COLBY WILLIAMS (No. 5549)         david.johnson@lw.com

14   jcw@campbellandwilliams.com         LATHAM & WATKINS LLP
     CAMPBELL & WILLIAMS            555 Eleventh Street NW, Suite 1000

15   700 South 7th Street                  Washington, D.C. 20004
     Las Vegas, Nevada 89101

16   Tel: (702) 382-5222

17   *Attorneys for Defendants Zuffa, LLC, TKO Operating Company, and Endeavor Group Holdings, Inc.*

18

19

20

21

22

23

24

25

26

27

28