# EXHIBIT 6

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### District of Nevada

| | |
|---|---|
| Johnson et al | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  2:21-cv-01189-RFB-BNW |
| Zuffa, LLC dba Ultimate Fighting Championship et al | ) |
| _____ | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                     Mark Shapiro
_____

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A.

| Place: Your offices or another mutually agreeable location, including electronically. | Date and Time:  04/17/2025 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    03/18/2025

| *CLERK OF COURT* | OR | /s/ Joseph R. Saveri |
|---|---|---|
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Plaintiffs    _____ , who issues or requests this subpoena, are:

Joseph R. Saveri, 601 California Street, #1505, San Francisco, CA 94108, (415) 500-6800, jsaveri@saverilawfirm.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   2:21-cv-01189-RFB-BNW

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

### I.    DEFINITIONS

1. The following rules of construction should apply to all discovery requests:

   a) "**All**" should be construed to include the collective as well as the singular and shall mean "each," "any," and "every."

   b) "**And**" and "**or**" should be construed so as to require the broadest possible response. If, for example, a request calls for information about "A or B" or "A and B," You should produce all information about A and all information about B, as well as all information about A and B collectively. In other words, "or" and "and" should be read as "and/or."

   c) "**Any**" shall be construed to mean "any and all."

   d) "**Including**" shall be construed to mean "without limitation." "Including" is used to emphasize certain types of documents requested and should not be construed as limiting the request in any way.

   e) "**Relating to**," "**referring to**," "**regarding**," or "**with respect to**" mean, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

   f) The use of the singular form of any word includes the plural and vice versa.

   g) Unless otherwise indicated, the use of the present tense of any verb shall be construed to include the past tense going back to the beginning of the Relevant Time Period, and the use of the past tense shall be construed to run from the beginning of the Relevant Time Period until the scheme alleged by Plaintiffs ends.

2. "**Action**" means *Kajan Johnson, et al. v. Zuffa, LLC, et al.*, No. 2:21-cv-01189 (D. Nev.).

3. "**Agreement**" means any oral or written contract, arrangement or understanding, whether formal or informal, between two or more persons, together with all modifications and amendments thereto.

4. "**Communication**" means without limitation, oral or written communications of any kind, such as electronic communications, direct communications through social media (including without limitation direct messaging, instant messaging, chatting or emailing within a social media platform), facsimiles, telephone communications, correspondence, exchange of written or recorded information, or face-to-face meetings. The phrase "communication between" is defined to include instances where one party addresses the other party but the other party does not necessarily respond. The phrase "communication" includes all attachments to e-mail messages.

5. "**Date**" means the exact day, month and year, if ascertainable, or the best available approximation, including any relationship to other known events (designate whether exact or approximate).

6. "**Defendants**" means Zuffa and Endeavor as those terms are defined herein.

7. "**Document(s)**" shall mean and include all "writings," "recordings" or "photographs" as those terms are defined in Federal Rule of Civil Procedure 34 and Rule 1001 of the Federal Rules of Evidence. Without limiting the generality of the foregoing, the term "Documents" includes both hard copy documents and electronically stored data files including but not limited to e-mail, instant messaging, social media content (including without limitation public content such as Tweets, YouTube submissions, Facebook posts, and posts to any public electronic billboard, as well as private content such as direct messaging, instant messaging, chats, and email), shared network files and databases. "Documents" also includes, without limitation and regardless of

whether stored in hard copy or electronically, any letters, correspondence, memoranda, analyses, legal pleadings, calendars, diaries, travel records, summaries, records of telephone conversations, telegrams, notes, reports, compilations, notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, audiotapes, film and sound reproductions, e-mails, internal or external web sites, audio or video discs data on magnetic or optical storage media (e.g., servers, storage area networks, interconnected remote servers (so-called "cloud computing"), hard drives, backup tapes, CDs, DVDs, Blu-ray, DVD-HD, USB/thumb/flash drives, floppy disks or any other type of portable storage device, etc.) stored as an "active" or backup file, in its native format, computer files, discs and drives, sales, advertising and promotional literature, agreements, stored recordings, minutes or other records of meetings, all written or graphic records or representations of any kind, and all mechanical or electronic data, records or representations of any kind.

8. "**Electronically Stored Information**," abbreviated as "**ESI**" has the same meaning and scope as it has in the Federal Rules of Civil Procedure and includes, without limitation, the following:

   a)  structured and unstructured data, as those terms are defined in The Sedona Conference Glossary, available at www.thesedonaconference.org/publications;

   b)  activity listings of electronic mail receipts and/or transmittals;

   c)  output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, text messages (SMS, MMS or TMS), iMessages, Blackberry Messenger (BBM), AOL Instant Messenger™ (or similar program), social media (including without limitation X (Twitter), LinkedIn, YouTube, Facebook, Instagram,

and any other internet based messaging system) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

d) any and all items stored on computer memories, hard disks, floppy disks, CD discs, DVD discs, flash drives, thumb drives, memory cards, magnetic tape, microfiche, off-site interconnected servers (so-called "cloud computing"), or in any other vehicle for digital data storage and/or transmittal, such as, but not limited to, a personal digital assistant (*e.g.*, Blackberry, Smart Phone or similar device) and file folder tabs, and/or containers and labels appended to, or relating to, any physical storage device associated with each original and/or copy of all documents requested herein;

e) any and all items stored on voice-mail systems, websites, company intranet sites, chat rooms and social networking websites (*e.g.*, Facebook, LinkedIn, X (Twitter), and social websites listed at http://en.wikipedia.org/wiki/List of social networking websites); and

f) any and all data, data compilations, and data analyses.

9. "**Employee**" means, without limitation, any current or former officer, director, executive, manager, member, secretary, staff member, consultant, messenger, agent or other person who is or was employed by a Person or entity.

10. "**Endeavor**" means Endeavor Group Holdings, Inc., and its executives, employees, agents, owners, and all predecessors, successors, subsidiaries, departments, divisions, and/or affiliates, including without limitation any organization or entity involved in the promotion, regulation, or support of MMA Events in which Endeavor owns a controlling share or which

Endeavor manages or controls (including without limitation Endeavor Operating Company, LLC, TKO Operating Company, LLC (f/k/a Zuffa Parent, LLC), World Wrestling Entertainment, Inc., TKO Group Holdings, Inc. (f/k/a New Whale Inc.), Whale Merger Sub Inc., Zuffa, LLC, and any parent of or successor to Zuffa, LLC), together with all present and former directors, members, officers, employees, agents, representatives or any persons acting or purporting to act on Endeavor's behalf.

11. "**Identify**," when used in reference to an individual employee, means to produce documents sufficient to identify: the person's full name, last known business and home address; date of birth; social security number; title or position and period of service in each such position; immediate supervisor in each position; business and home telephone numbers (including voice, cellular and facsimile phone numbers) assigned to or used by such person and the period during which such numbers were assigned to be used by that person; and business and home electronic mail identifiers and the period during which such identifiers were assigned to and used by that person.

12. "**Identity**" of a Professional MMA Fighter means that person's name, sobriquet, voice, persona, signature, likeness and/or biographical information.

13. "**Meeting**" means, without limitation, any assembly, convocation, encounter, or contemporaneous presence of two or more persons for any purpose, whether planned or arranged, scheduled or not. Meeting attendees may be present in person or by electronic means including, but not limited to, teleconference and videoconference.

14. "**Merchandise**" means any apparel, footwear, hats, publications, posters, photographs, memorabilia, souvenirs, toys, collectibles, action figures, trading cards, video games, and any and all other similar type products, including the sleeves, jackets, and packaging for such

products.

15. "**Merchandise Rights**" means the right to use, edit, disseminate, display, reproduce, print, publish and make any other uses of the name, sobriquet, voice, persona, signature, likeness and/or biographical information (collectively, "Identity") of an MMA Fighter solely in connection with the development, manufacture, distribution, marketing and sale of Licensed Merchandise.

16. "**Mixed Martial Arts**" or "**MMA**" means a competitive individual sport in which competitors use interdisciplinary forms of martial arts that include, *e.g.*, jiu-jitsu, judo, karate, boxing, kickboxing, taekwondo, and/or wrestling to their strategic and tactical advantage in a supervised match. Scoring in live Professional MMA Bouts is based on athletic commission-approved definitions and rules for striking (blows with the hand, feet, knees or elbows) and grappling (submission holds, chokeholds, throws or takedowns).

17. "**MMA Fighter**" means any Person who participates as a combatant in an MMA bout.

18. "**MMA Industry**" means the business of promoting live MMA bouts and may also include the promotion of Pay-Per-View MMA events to generate Pay-Per-View revenues and ticket sales as well as ancillary activities such as: the sale of live and taped television programming, video-on-demand, merchandise (videos, DVDs, video games, apparel, hats, sporting equipment, etc.), event and fighter sponsorships, and the collection of MMA-related copyright and trademark royalties.

19. "**MMA Promoter**" or "**MMA Promotion**" means a person or entity that arranges **Professional MMA Events**.

20. "**Pay-Per-View**" or "**PPV**" means a "**Pay-Per-View**" or "**PPV**" means a type of pay television or broadcast service by which a subscriber of an Internet or television service provider

can purchase events to view live via private telecast or Internet broadcast. The events are typically purchased live, but can also be purchased for several weeks after an event first airs. Events can be purchased using an on-screen guide, an automated telephone system, on the Internet or through a live customer service representative.

21. "**Person**" means, without limitation, any natural person, corporation, partnership, limited liability company, proprietorship, joint venture, trust, association, government entity, group or other form of legal entity.

22. "**Plaintiff(s)**" means Kajan Johnson, C.B. Dollaway and Tristen Connelly, and any named plaintiffs in any subsequently filed actions which are related to or consolidated with the Action in the court with jurisdiction over the cases.

23. "**Possession, Custody or Control**" when referring to Documents or other tangible objects means any Document or other tangible object You have access to regardless of whether You have actual possession of the document or other tangible object. This includes Documents You have the legal right to obtain or for which You have control over the person who has control of the Document, including without limitation Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or Your attorneys or their agents, employees, representatives or investigators.

24. "**Post-Bout Event**" means any interviews and press conferences that follow and relate to a Professional MMA Bout.

25. "**Pre-Bout Event**" means training, interviews, press conferences, weigh-ins and behind-the-scenes footage that precede, and relate to, a Professional MMA Bout.

26. "**Professional MMA Bout**" means a bout between two Professional MMA Fighters.

27. "**Professional MMA Event**" means one or more Professional MMA Bouts presented by

an MMA Promoter before a live audience and/or for broadcast.

28. "**Professional MMA Fighter**" means an MMA Fighter who is compensated as a combatant in an MMA bout.

29. "**Promotional Rights and Ancillary Rights Agreement**" means an Agreement between Endeavor and a UFC Fighter regarding any combination of rights to site fees, live-gate receipts, advertising fees, sponsorship fees, motion pictures, all forms of radio, all forms of television (including live or delayed, interactive, home or theater, pay, PPV, satellite, closed circuit, cable, subscription, multi-point, master antenna, or other), telephone, wireless, computer, CD-ROM, DVD, any and all Internet applications, films and tapes for exhibition in any and all media and all gauges, including but not limited to, video and audio cassettes and disks, home video and computer games, arcade video games, hand-held versions of video games, video slot machines, photographs (including raw footage, out-takes and negatives), merchandising and program rights, in connection with or based upon the UFC brand, UFC Professional MMA Bouts, UFC Professional MMA Events, UFC Pre-Bout Events, or UFC Post-Bout Events.

30. "**Relating to**," "**referring to**," "**regarding**," or "**with respect to**" mean, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

31. "**Social Media**" means any web-hosted applications that facilitate public posting of words, images or video and audio recordings, and private interactions such as private messaging or email, among users. Examples of Social Media include, without limitation, X (Twitter), Facebook, YouTube, Instagram, Pinterest, My Space, and Truth Social.

32. "**Sponsor**" means any corporate entity which pays or seeks to pay a monetary consideration to a Professional MMA Fighter or an MMA Promoter in exchange for the right to display its products, logo or other promotional materials in connection with such fighter or promoter; or the act of paying a monetary consideration to a Professional MMA Fighter or an MMA Promoter in exchange for the right to display a Person's products, logo or other promotional materials in connection with such fighter or promoter.

33. "**TKO**" means TKO Operating Company, LLC and all predecessors, successors, subsidiaries, departments, divisions, and/or affiliates, including without limitation any organization or entity which the responding Defendant manages or controls, together with all present and former directors, members, officers, employees, agents, representatives or any persons acting or purporting to act on behalf of the responding Defendant.

34. "**UFC**" means Zuffa, LLC, Ultimate Fighting Championship, TKO Operating Company, LLC, and all predecessors, successors, subsidiaries, departments, divisions, and/or affiliates, including without limitation any organization or entity which the responding Defendant manages or controls, together with all present and former directors, members, officers, employees, agents, representatives or any persons acting or purporting to act on behalf of the responding Defendant, including: Zuffa Australia, LLC; Zuffa Aviation, LLC; Zuffa Brazil, LLC; Zuffa Canada, LLC; Zuffa Expo, LLC; Zuffa Fit 360, LLC; Zuffa Fitness Elite, LLC; Zuffa Fitness, LLC; Zuffa Holding Company, LLC; Zuffa Interactive Investor, LLC; Zuffa International, LLC; Zuffa Ireland, LLC; Zuffa Landco, LLC; Zuffa Mali, LLC; Zuffa Marketing, LLC; Zuffa Mexico, LLC; Zuffa Music, LLC; Zuffa On Demand, LLC; Zuffa Pipco 1, LLC; Zuffa Records, LLC; Zuffa Taps, LLC; and Zuffa Zen, LLC, and also including all entities that UFC merged with or acquired, such as, e.g., Explosion Entertainment, LLC (d/b/a Strikeforce), World Extreme

Cagefighting, World Fighting Alliance, and Pride Fighting Championships.

35. "**UFC Fighter**" means a person who is paid by the UFC for participating in one or more Professional MMA Bouts promoted by the UFC or whose Identity was acquired for use by the UFC.

36. "**You**" or "**Your**" means Mark Shapiro, any organization or entity which **You** manage, control, have an ownership interest in, or are employed by; and any employees, agents, representatives or persons acting or purporting to act on Your behalf.

37. "**Zuffa**," "**UFC**," or "**Defendant**" all mean Ultimate Fighting Championship, UFC, TKO Operating Company, LLC ("**TKO OpCo**") (f/k/a Zuffa Parent LLC), a Delaware limited liability company and the direct subsidiary of TKO Group Holdings, Inc., a Delaware corporation ("**TKO Group Holdings**"), Endeavor Group Holdings, Inc., a Delaware corporation ("**Endeavor**"), and all predecessors, successors, subsidiaries, departments, divisions, acquisitions, affiliates and any organization or entity TKO OpCo or TKO Group Holdings manages or controls, together with all present and former directors, members, officers, employees, agents, representatives or any persons acting or purporting to act on TKO OpCo's behalf including, without limitation, Ariel Emanuel, Dana White, Mark Shapiro, Patrick Whitsell, Ike Lawrence Epstein, Lorenzo Fertitta or Hunter Campbell.

## II.    <u>INSTRUCTIONS</u>

1. In producing Documents, You are requested to furnish all Documents or things in Your possession, custody or control, regardless of the physical location of the Documents, or whether such Documents or other materials are possessed directly by You or Your directors, officers, agents, employees, representatives, managing agents, affiliates, investigators, or by Your

attorneys or their agents, employees, representatives or investigators.

2.   If any Document covered by these requests is withheld by reason of a claim of attorney-client privilege, attorney work product protection, or any other privilege or protection, please furnish a log providing the following information with respect to each such withheld document: date, author, recipients, general subject matter sufficient to make a prima facie determination whether the asserted privilege has been properly invoked, and legal basis upon which the document has been withheld.

3.   In producing Documents, You are requested to produce the original of each Document requested, together with all non-identical copies and drafts of such Document. If the original of any Document cannot be located, a copy shall be produced in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

4.   If any requested Document cannot be produced in full, You are to produce it to the extent possible and indicate which Document or portion of such Document is being withheld, and the reason it is being withheld.

5.   Documents not otherwise responsive to these Requests shall be produced if such Documents mention, discuss, refer to, or explain the Documents that are called for by these Requests, or if such Documents are attached to Documents called for by these Requests and constitute routing slips, transmittal memoranda, letters, cover sheets, comments, evaluation or similar materials.

6.   All Documents shall be produced in the same order as they are kept or maintained by You. If any Documents have been removed from the files in which they were found for purposes of producing them in response to these Requests, indicate for each Document the file(s) in which the Document(s) was (or were) originally located.

7. In responding to these Requests You are to include Documents: (a) obtained from witnesses who gave information to any governmental agency or other investigatory or regulatory body as part of any investigation of the UFC or of the MMA Industry generally; (b) that constitute, or refer or relate to, summaries of testimony or other statements given in connection with such investigations; or (c) obtained on Your behalf by counsel in preparing for testimony or interviews in connection with such investigations.

8. If a Document once existed and has subsequently been lost, destroyed, or is otherwise missing, please provide sufficient information to identify the Document and state the details concerning its loss.

9. With respect to any Document maintained or stored electronically, please harvest it in a manner that maintains the integrity and readability of all data, including all metadata.

10. Unless otherwise agreed, all ESI should be produced in native format via a secure file transfer protocol, or on compact disc(s), DVD disc(s) or zip drives in the original electronic file format(s) of the Documents.

11. Please produce all Documents maintained or stored electronically in native, electronic format with all relevant metadata intact. Encrypted or password-protected documents should be produced in a form permitting them to be reviewed. You are also requested to immediately meet and confer regarding the manner in which You shall produce Documents stored electronically in order for the parties to try and reach agreement in this regard and avoid any unnecessary expense.

12. Please organize electronic Documents produced for inspection in the same manner that You store them (e.g., if maintained by a custodian, such as e-mail residing on an e-mail server, please organize documents for production by custodian; if maintained as a subfolder of "My

Documents" on a custodian's hard drive, please organize documents for production by custodian with path information preserved, etc.).

13. All ESI should be produced in accordance with the Stipulated Order Re: Discovery of Electronically Stored Information, approved by the Court on December 6, 2023, ECF No. 115.

14. Documents attached to each other should not be separated, including, but not limited to, hard-copy versions of Documents attached to hard-copy printouts of e-mails produced pursuant to these Requests.

15. At Your election, documents maintained or stored in paper, hard-copy form can be produced as searchable .PDF (i.e., portable document format files with embedded text) and in an appropriate and usable manner (e.g., by copying such data onto an external hard drive).

16. These requests require production of paper documents in the same form and same order as they are kept in the usual course of business, or organized and labeled to correspond with the requests set forth below. If You choose the former method, the documents are to be produced in the boxes, file folders, binders and other containers in which the documents are found. The titles, labels or other descriptions on the boxes, file folders, binders or other containers are to be left intact.

17. Documents stored as electronic data on magnetic, optical, or other storage media as "active" or "backup" files shall be produced in their native formats with any associated metadata.

18. To the extent responsive Documents reside on databases and other such systems and files, You are requested to produce the relevant database in useable form and/or permit access for inspection, review, and extraction of responsive information.

19. To the extent responsive Documents are in languages other than English, the parties shall meet and confer to discuss the format of production prior thereto.

20. No part of a document request shall be left unanswered merely because an objection was interposed to another part of the document request.

21. If You object to any document request or subpart thereof, the objection shall state with specificity all grounds. Any ground not stated shall be waived.

22. If You are unable to answer any document request, the reasons for Your inability to answer shall be separately stated in detail for each document request.

23. Failure to provide information in response to these document requests will be deemed a waiver of Your right to produce such evidence at trial. Plaintiffs reserve the right to move to preclude the introduction of any evidence not produced in response to these requests.

24. Category headings herein are for convenience and should not be relied upon to modify, limit, alter or otherwise influence in any way how to interpret these document requests.

## III.   RELEVANT TIME PERIOD

Unless otherwise noted herein, the relevant time period of these document requests is January 1, 2015, until the present (the "**Relevant Time Period**"). These document requests seek all responsive Documents created or generated during the Relevant Time Period, as well as responsive Documents created or generated outside the Relevant Time Period, but which contain information concerning the Relevant Time Period.

## IV.   PRODUCTION REQUESTS

### Document Request No. 1.

Documents sufficient to identify each electronic device that You used to transmit or receive Communications during the Relevant Time Period, including but not limited to cellular telephones, laptop or notebook computers, desktop computers, and portable tablets, including but not limited to Any electronic device that You purchased, that was purchased for You, or that was

issued to You by Defendants.

**Document Request No. 2.**

Documents sufficient to identify the telephone number and provider or carrier of each cellular telephone identified in response to Request No. 1.

**Document Request No. 3.**

Documents sufficient to identify when You first started using and, if applicable, when You stopped using, each mobile telephone number identified in response to Request No. 2.

**Document Request No. 4.**

Documents sufficient to identify each messaging account or social media account that You used during the Relevant Time Period, including but not limited to Discord, Facebook, Google Chat, iMessage, Instagram, Kik, Microsoft Teams, Signal, Skype, Slack, Snapchat, Telegram, TikTok, Truth Social, Whatsapp, WeChat, Zoom, etc.

**Document Request No. 5.**

Documents sufficient to identify All username(s) and social media handle(s) for each account identified in response to Request No. 4.

**Document Request No. 6.**

Documents sufficient to identify each email account that You used during the Relevant Time Period.

**Document Request No. 7.**

All Documents and Communications in Your possession relating to the changes in ownership of the MMA blog at http://www.bloodyelbow.com in or around January 2023 and in or around March 2024, including, without limitation, any materials relating to Defendants' acquisition of full or partial ownership in the blog, any efforts made by You, by Defendants, or on Defendants'

behalf to obtain full or partial ownership in the blog, any materials reflecting any consideration by Defendants of taking any action to obtain full or partial ownership in the blog, and/or any materials reflecting any effort by You, Defendants, or on Defendants' behalf to influence the prior owner's(s') decision to sell or new owner's(s') decision to buy the blog or the terms of such transaction (including any financial assistance offered or provided to any new owners).

**Document Request No. 8.**

All Documents and Communications in Your possession relating to any efforts made by Defendants or on Defendants' behalf to influence the content available on the MMA blog at http://www.bloodyelbow.com, including, without limitation, materials relating to content that was removed after the change in ownership of the blog in or around the first quarter of 2024.

**Document Request No. 9.**

All Documents and Communications relating to any request by UFC Fighters, MMA Fighters contracted with other MMA Promotions, or other MMA Promotions to match one or more UFC Fighters in one or more bouts with MMA Fighters contracted with another MMA Promotion, including, without limitation, materials reflecting Your consideration of such requests, the terms offered or otherwise considered by You for such bout(s) or events, and/or the potential benefits (or lack thereof) of promoting such bout(s) or events.

**Document Request No. 10.**

All Documents and Communications relating to Francis Ngannou leaving the UFC for the Professional Fighters League, including, without limitation, materials reflecting and/or otherwise concerning the unsuccessful negotiations between Mr. Ngannou (and/or his representatives) and the UFC to re-sign with the UFC, Documents and Communications with UFC Fighters and their representatives, agents, or managers concerning their own contract negotiations and the impact

of Mr. Ngannou's departure on those negotiations, internal Documents and Communications analyzing the impact of Mr. Ngannou's departure on contract negotiations with UFC Fighters (including as to both the financial and non-financial terms negotiated), and any changes You made to the contract terms You offered to UFC Fighters based in whole or in any part on the unsuccessful negotiations with Mr. Ngannou.

**Document Request No. 11.**

All Documents and Communications concerning the rankings of UFC's Fighters, including, without limitation, materials relating to any internal rankings of UFC Fighters, all criteria and bases the UFC uses to assign UFC Fighters with their ranking in such internal rankings, and the rankings the UFC has assigned to UFC Fighters over time, and any external rankings (e.g., consensus rankings, rankings by particular media outlets, etc.) that the UFC uses to make or considers in making any business decisions (e.g., matchmaking, determining UFC Fighter compensation, determining whether to contract with or extend a contract with an MMA Fighter), the formula and/or process by which such rankings are determined, the way the UFC uses or considers such external rankings, and the external rankings assigned to UFC Fighters that the UFC has used over time.

**Document Request No. 12.**

A complete set of the data the UFC maintains comprising Fighter and bout statistics, including the data previously maintained by FightMetric and the "record book" as referenced at http://statleaders.ufc.com.

**Document Request No. 13.**

All Documents and Communications relating to Your acquisition of FightMetric and its MMA statistics data, including, without limitation, materials relating to the business or strategic

purpose(s) of acquiring FightMetric and the amount paid for FightMetric.

**Document Request No. 14.**

All Communications (including Documents attached to such Communications) between You and the following Persons relating to their potential testimony in the Le v. Zuffa, LLC, No. 15-cv-1045 (D. Nev.) trial: (a) Ali Abdelaziz; (b) Shannon Knapp; (c) Michael Bisping; (d) Donald Cerrone; (e) Michael Chandler; (f) Chael Sonnen; (g) Miesha Tate; (h) Jason House; (i) Josh Jones; (j) Dan Lambert; (k) Jeffrey Aronson; (l) Carlos Silva; and (m) Ed Soares.

**Document Request No. 15.**

Documents and Communications sufficient to show the financial results of the boxing event featuring the bout between Conor McGregor and Floyd Mayweather Jr. that took place on or about August 26, 2017, including, without limitation, how much each athlete was paid, the total revenues generated by the event (and the sources of the various components of revenue), and the total expenses incurred (and a breakdown of those expenses).

**Document Request No. 16.**

All Documents and Communications relating to the negotiations with Conor McGregor concerning his appearance in the bout between Conor McGregor and Floyd Mayweather Jr. that ultimately took place on or about August 26, 2017, including any promotional and ancillary rights agreement signed by Mr. McGregor, any agreement with any changes to Mr. McGregor's UFC promotional and ancillary rights agreement or any determination by You to not enforce any part of the UFC promotional and ancillary rights agreement with Mr. McGregor, and/or the bases for the UFC's decision to change or otherwise not enforce any part of the UFC promotional and ancillary rights agreement with Mr. McGregor.

**Document Request No. 17.**

All Agreements between You and Mayweather Promotions, The Money Team, Showtime, and McGregor Promotions relating to the Mayweather vs. McGregor bout and/or event that took place on or about August 26, 2017, as well as any Agreements in Your possession, custody, or control among or between any or all of those entities.

**Document Request No. 18.**

All Documents and Communications relating to Leslie Smith's unionization effort, including materials relating to Project Spearhead and her allegations (and any related administrative, legal, or regulatory proceeding) that You committed unfair labor practices when she was terminated from the UFC.

**Document Request No. 19.**

All Documents and Communications relating to the effort by certain UFC Fighters and others to create the Mixed Martial Arts Athletes Association ("MMAAA"), including, without limitation, any materials reflecting MMAAA's effort to obtain an out-of-court financial settlement for any alleged legal claims, any materials relating to MMAAA's expressed goal of increasing the revenue share the UFC pays to UFC Fighters, and any discussions relating to insurance and pension packages for UFC athletes. Responsive Documents and Communications also include any materials relating to the reported meeting between Donald Cerrone and Dana White that transpired on or about December 8, 2016 concerning the MMAAA and any follow-up concerning such meeting.

**Document Request No. 20.**

All Documents and Communications relating to the UFC's business strategy for Professional MMA Events and/or Professional MMA Bouts held at UFC Apex, including Documents and

Communications discussing the reasons for creating and/or establishing the UFC Apex, how UFC determines which Professional MMA Events and/or Professional MMA Bouts will be held at the Apex, and why any Professional MMA Events and/or Professional MMA Bouts were held at the Apex.

**Document Request No. 21.**

All monthly and annual financial documents relating to the business operations at the UFC Apex, including without limitation all audited financial statements, balance sheets, income statements, profit and loss reports, margin analyses, equity valuations, asset appraisals, financial models, budgets (proposed or otherwise), investor presentations, margin analyses, pro formas, regulatory filings (including income tax returns), issuance of equity or debit, loans, and money owed or receivable, and any other form of financial reporting.

**Document Request No. 22.**

All Documents and Communications relating to any changes in the form and/or structure of revenues the UFC received for its broadcast rights, including, without limitation, Documents and Communications relating to changes in structure of PPV revenues received by the UFC and paid by ESPN following the UFC's 2019 broadcast rights deal with ESPN, including materials analyzing such changes and any corresponding changes in business practices or operations the UFC considered implementing based on such change in structure.

**Document Request No. 23.**

All Documents and Communications relating to Zuffa's acquisition of the UFC, including, without limitation, the Agreement(s) setting for the terms of sale, any planned business strategies supporting Zuffa's decision to purchase the UFC, and any Documents or Communications relating to Zuffa's forecasted revenues and/or other financials created by Zuffa or its agents prior

to the sale of the UFC to Zuffa. For clarity, the Relevant Time Period for this Request commences January 1, 1993 and extends through the present.

**<u>Document Request No. 24.</u>**

All Documents and Communications relating to any contention Zuffa may make in this litigation that it built or otherwise substantially contributed to the growth of the sport of MMA, including, without limitation, any Documents and Communications relating to Zuffa's efforts to secure licensing or other certification or legal standing of Professional MMA Events in any state jurisdiction, any investments Zuffa made in building the MMA Industry distinct from investments Zuffa made in building the UFC, and any materials reflecting the state of the MMA Industry and its size and growth potential prior to Zuffa's acquisition of the UFC. For clarity, the Relevant Time Period for this Request commences January 1, 1993 and extends through the present.

**<u>Document Request No. 25.</u>**

All Documents and Communications produced by You in response to discovery requests served by the plaintiffs in Le, et al. v. Zuffa, LLC, 2:21-cv-1189-RFB-BNW (D. Nev.) and/or received by you in response to discovery requests or subpoenas served by You, in Le, et al. v. Zuffa, LLC, 2:21-cv-1189-RFB-BNW (D. Nev.). The Relevant Time Period set forth above does not apply to this Request.

**<u>Document Request No. 26.</u>**

All Documents and Communications produced by You to any government or government agency in response to any investigative demand or other request from the U.S. Department of Justice, the U.S. Federal Trade Commission, any state regulatory agency, or any foreign regulatory agency related to: (a) Your policies, practices, guidelines, and training directed to compliance with U.S.

governmental regulatory agencies, or any foreign regulatory agency, including all Documents concerning the creation of such policies, and any statements signed by Your employees or agents acknowledging their receipt of or compliance with Your compliance policies; (b) the acquisition of Zuffa or any parent of or successor to Zuffa by Endeavor Group Holdings, Inc.; or (c) the merger of Zuffa or any parent of or successor to Zuffa with World Wrestling Entertainment, Inc. (a/k/a WWE) or any parent of or successor to World Wrestling Entertainment, Inc. Explicitly included within the scope of this Interrogatory is any correspondence or documents exchanged between You and the U.S. Department of Justice, including documents reflecting or constituting any Communications with former Assistant Attorney General for the Department of Justice Antitrust Division Makan Delrahim, relating to Le, et al. v. Zuffa, LLC, 2:21-cv-1189-RFB-BNW (D. Nev.).

## Document Request No. 27.

All Documents and Communications produced by You to the U.S. government pursuant to the Hart-Scott-Rodino Antitrust Improvements Act of 1976, Pub. L. No. 94-435, and any second requests, related to the acquisition of Zuffa or any parent of or successor to Zuffa by Endeavor Group Holdings, Inc., the merger of Zuffa or any parent of or successor to Zuffa with World Wrestling Entertainment, Inc. (a/k/a WWE) or any parent of or successor to World Wrestling Entertainment, Inc., or the formation of TKO Group Holdings, Inc.

## Document Request No. 28.

All Documents and Communications relating to any Agreements between (a) Zuffa and any Professional MMA Fighter, and (b) any other MMA Promoter and any Professional MMA Fighter, including all Agreements concerning competition in Professional MMA Bouts (and any amendments thereto), including Promotional and Ancillary Rights Agreements, Bout

Agreements, "side letter" and/or letter Agreements, Merchandise Rights Agreements, sponsorship Agreements, and all Documents and Communications relating to negotiations with any Professional MMA Fighter or any Person purporting to represent a Professional MMA Fighter, including all draft Agreements.

**Document Request No. 29.**

Each Agreement between you and a Professional MMA Fighter entered into or in effect during the Relevant Time Period.

**Document Request No. 30.**

All Documents and Communications evidencing the negotiation of any Agreement responsive to the preceding Request.

**Document Request No. 31.**

All Documents and Communications consisting of or relating to Your discussion, analysis, interpretation or characterization of any Agreement, and the negotiation thereof, responsive to Request No. 29.

**Document Request No. 32.**

All arbitration clauses or class action waivers between You and any Professional MMA Fighters, whether set forth in an Agreement or otherwise, and all Documents and Communications relating to relating to any such arbitration clause or class action waiver, including without limitation analyses, draft proposed clauses, analyses of such clauses, white papers, reports, slide presentations, or discussions regarding the reasons for, or potential benefits to Zuffa or Endeavor or anyone else of, including arbitration clauses and/or class action waivers in Your Agreements with Professional MMA Fighters.

**Document Request No. 33.**

All Documents and Communications evidencing the negotiation of any Agreement responsive to the preceding Request.

**Document Request No. 34.**

All Documents and Communications consisting of or relating to Your discussion, analysis, interpretation or characterization of any arbitration clause or class action waiver, and/or the negotiation thereof.

**Document Request No. 35.**

All Documents and Communications relating to market research about the MMA Industry, including but not limited to, analysis or research regarding relative market share of MMA Promoters, barriers to expansion for MMA Promoters, barriers to entry for would-be MMA Promoters, and growth projections for the MMA Industry and/or MMA Promoters individually or in any groupings.

**Document Request No. 36.**

All Documents and Communications relating to non-Zuffa/non-UFC MMA Promoters (considered individually or as a group), including but not limited to SWOT analyses, financial analyses, strategies, counterprogramming of other MMA Promoters' Professional MMA Events, analyses and/or commentary or assessments of their fighter rosters, and acquisition analyses and strategies.

**Document Request No. 37.**

All Documents and Communications relating to any Agreement that UFC had with another MMA Promoter, including but not limited to Agreements to license content, Agreements to buy or sell athlete contracts, and Agreements to release fighters from their contracts if UFC offers the

fighter a contract.

**Document Request No. 38.**

All Documents and Communications relating to the potential sale of Zuffa or any portion thereof (or interest therein), including any Communications with or Documents created by Zuffa or any third party, including without limitation any prospectuses, proposals, confidential information memoranda, credit assessments, due diligence requests, Documents, or Communications created, collected, placed in data rooms, or produced in response to due diligence requests, offers, negotiations, memoranda of understanding, and all other Documents or Communications relating in any way to the potential sale, acquisition, merger or transfer of Zuffa or any portion thereof or interest therein.

**Document Request No. 39.**

All Documents and Communications (exclusive of Documents and Communications produced in response to Request for Production No. 38) relating to the sale of a majority stake in Zuffa to Endeavor in 2016, including Communications with or Documents created by any third party, and including without limitation any executed Agreements, draft Agreements, memoranda of understanding, offers, prospectuses, proposals, confidential information memoranda, credit assessments, supporting schedules, all Documents and Communications relating to negotiations, due diligence requests, Documents and Communications created, collected, placed in data rooms, or produced in response to due diligence requests, all regulatory filings, registration documents, and any other Documents or Communications sent to or received by You relating to any U.S., state, or local agency, and all other Documents and Communications relating in any way to the sale of Zuffa in or around 2016.

**Document Request No. 40.**

All Documents and Communications (exclusive of Documents and Communications produced in response to Request for Production No. 38) relating to the sale of any share(s) of Zuffa to Endeavor in or around 2021, including any Communications with or Documents created by any third party, and including without limitation any executed Agreements, draft Agreements, memoranda of understanding, offers, prospectuses, proposals, confidential information memoranda, credit assessments, supporting schedules, all Documents and Communications relating to negotiations, due diligence requests, Documents and Communications created, collected, placed in data rooms, or produced in response to due diligence requests, all regulatory filings, registration documents, and any other Documents or Communications sent to or received by You relating to any U.S., state, or local agency, and all other Documents and Communications relating in any way to the sale of or any portion of Zuffa in or around 2021.

**Document Request No. 41.**

All Documents and Communications relating to the acquisition, sale, merger or transfer of World Wrestling Entertainment, Inc. in 2023, including any Communications with or Documents created by any third party, and including without limitation any executed Agreements, draft Agreements, memoranda of understanding, offers, prospectuses, proposals, confidential information memoranda, credit assessments, all Documents and Communications relating to negotiations, due diligence requests, Documents and Communications created, collected, placed in data rooms, or produced in response to due diligence requests, all regulatory filings, registration documents, and any other Documents or Communications sent to or received by You relating to any U.S., state, or local agency, and all other Documents and Communications relating in any way to the acquisition and merger of World Wrestling Entertainment, Inc. in

2023.

## Document Request No. 42.

All Documents and Communications relating to any efforts by You or made on Your behalf to raise capital, including but not limited to loans or issuance of debt or equity, and including without limitation any Agreements, draft Agreements, negotiations, investor presentations, prospectuses, confidential information memoranda, credit assessments, due diligence requests, Documents and Communications created, collected, placed in data rooms, or produced in response to due diligence requests, and all other documents and communications related in any way to efforts to raise capital, regardless of whether any loan was actually obtained or any debt or equity was actually issued.

## Document Request No. 43.

Documents and Communications sufficient to Identify each of Your employees or agents or anyone purporting to act on Your behalf involved in approving or negotiating the terms of any Agreement, or proposed Agreement, for all or part of Zuffa to be acquired by Endeavor or by anyone else.

## Document Request No. 44.

Documents and data (including structured or unstructured data) sufficient to show Your financial data, including at a minimum Your costs, revenue, income, EBITDA, assets, debits, borrowing costs, and profits, by month and by year, at the most granular level such documents and data are maintained.

## Document Request No. 45.

All monthly and annual financial documents created or maintained by You or on Your behalf, including without limitation all audited financial statements, balance sheets, income statements,

profit and loss reports, margin analyses, equity valuations, asset appraisals, financial models,
budgets (proposed or otherwise), investor presentations, margin analyses, pro formas, regulatory
filings (including income tax returns), issuance of equity or debit, loans, and money owed or
receivable, and any other form of financial reporting.

**Document Request No. 46.**

For each year of the Relevant Time Period, Documents sufficient to show beneficial ownership
in Zuffa, and any changes thereto. This Request includes Documents sufficient to show the
percentage of any stock or other interests owned by each Person holding a beneficial ownership
interest and the consideration paid for such interest.

**Document Request No. 47.**

Documents and data sufficient to show all compensation including salary, bonuses, expense
reimbursements, aviation expenses, distributions, dividends, stock awards, loans (including
information about repayment or forgiveness), management fees, board fees, and all other
compensation of any kind to all senior executives, board members, directors, beneficial owners,
and shareholders holding more than a 5% interest in Endeavor, including the date of the
compensation, the dollar value, the date of vesting, accrual, or maturation of the compensation (if
applicable), the source of the compensation (e.g., from a debt issuance or from corporate profits),
the reason given (if any) for the compensation, and the relative share received by each Person
receiving compensation.

**Document Request No. 48.**

Documents and data sufficient to show any non-monetary benefits bestowed on any beneficial
owners of Zuffa, including without limitation: (a) travel in private jets owned, leased, or paid for
by You; (b) use of houses, apartments, vacation properties, or other real estate owned, leased, or

paid for by You; (c) use of motor vehicles owned, leased, or paid for by You; (d) tickets for sporting events or other entertainment events paid for by You; and/or (e) any other item, service, amenity, activity, or privilege provided to one or more of the beneficial owners at Your expense.

**Document Request No. 49.**

For each year of the Relevant Time Period, Documents sufficient to show Your corporate structure, including the organization of each division, department, unit or subdivision, parent, subsidiary, joint venture or affiliate of Your company. This request includes without limitation organizational charts, investor or debtor presentations, government filings, internal communications, and any Documents sufficient to show each Employee or executive with managerial responsibilities relating to the UFC.

**Document Request No. 50.**

All Documents constituting, referencing, or relating to Your transactional data, at the most granular level possible, for each UFC Professional MMA Event held during the Relevant Time Period, sufficient to show at a minimum the following:

a)  total gate receipts from each UFC Professional MMA Event during the Relevant Time Period, broken down by event;

b)  total attendance at each UFC Professional MMA Event during the Relevant Time Period, broken down by event;

c)  total revenues from each PPV broadcast of UFC Professional MMA Event during the Relevant Time Period, broken down by event;

d)  total revenues from non-PPV broadcast of UFC Professional MMA Event during the Relevant Time Period, broken down by event and by contracted broadcaster (e.g., ESPN, Fox, Spike, etc.);

29

e) total revenues from closed circuit broadcast to commercial venues such as bars, restaurants, or theaters of each UFC Professional MMA Event during the Relevant Time Period, broken down by event;

f) total revenues derived from the sale of advertising during all broadcasts of UFC Professional MMA Events, whether PPV or non-PPV, during the Relevant Time Period, broken down by month and year, by PPV or non-PPV, and by advertiser;

g) total revenues derived in any way from the Promotional and Ancillary Rights, as described in Your Promotional and Ancillary Rights Agreements with MMA Fighters, relating to all professional MMA Fighters who have been under contract with the UFC at any time during the Relevant Time Period, broken down by month and year;

h) total revenues derived from Agreements with sponsors of the UFC or of the Professional MMA Fighters who have been under contract with the UFC at any time during the Relevant Time Period;

i) total revenues by event;

j) the gross and net price paid by customers for transactions by unit, subscription, and/or ticket for a single Pay Per View, ticket to a live event, or UFC Fight Pass subscription;

## **Document Request No. 51.**

Documents and data in as granular form as the information is maintained, sufficient to show any and all compensation paid to each UFC Fighter individually for each UFC Professional MMA Bout that the UFC Fighter participated in during the Relevant Time Period, on a fighter-by-fighter basis, broken down by Professional MMA Bout (so that each UFC Fighter's

compensation data is available in one Document or sequence of Documents, and it is produced with sufficient granularity so that the compensation is clearly attributed to the UFC Professional MMA Bout at which the Fighter earned it), as follows:

a) the date and location of each UFC Professional MMA Bout the UFC Fighter participated in during the Relevant Time Period, and

b) the base salary the UFC Fighter received for each UFC Professional MMA Bout he or she participated in during the Relevant Time Period;

c) all bonuses the UFC Fighter received for each UFC Professional MMA Bout he or she participated in during the Relevant Time Period (including, but not limited to

d) any and all discretionary bonuses or payments, fight of the night night, performance of the night, knockout and submission of the night bonuses) bonuses), broken down by each bonus received for each Professional MMA Event;

e) all broadcast royalties the UFC Fighter received (if any) for each UFC Professional MMA Bout he or she participated in during the Relevant Time Period, broken down so that the broadcast royalties are traceable to a particular UFC Professional MMA Bout (to be clear, if the UFC Fighter received broadcastroyalties from more than one UFC Professional MMA Bout, the broadcast royalties should be clearly attributed to the specific UFC Professional MMA Bout from which they were generated);

f) any other form of compensation the UFC Fighter received for each UFC Professional MMA Bout he or she participated in during the Relevant Time Period; and, Pay Per View shares the UFC Fighter received for each UFC Professional MMA Bout he or she participated in during the Relevant Time Period.

**Document Request No. 52.**

Profit and loss statements (including identity of participating fighters and compensation paid to each) for each UFC Professional MMA Event.

**Document Request No. 53.**

Documents sufficient to show Your actual costs for presenting UFC Professional MMA Events, down to as granular a level as possible, including without limitation venue costs, promotional costs, compensation for UFC Fighters, insurance, safety, and all other costs incidental to presenting UFC Professional MMA Events.

**Document Request No. 54.**

Documents sufficient to show Your actual costs for presenting UFC Professional MMA Bouts, down to as granular a level as possible, including without limitation venue costs, promotional costs, compensation for UFC Fighters, insurance, safety, and all other costs incidental to presenting UFC Professional MMA Bouts.

**Document Request No. 55.**

Documents sufficient to show Your actual costs involved in promoting the UFC as a brand.

**Document Request No. 56.**

All documents relating to materials produced by third party analysts or consultants regarding Zuffa, including without limitation reports that analyze or project demand, revenues, income, profits, or market share. Documents responsive to this Request include both documents produced by such third party analysts or consultants (including both those retained by You and those producing such materials without an Agreement with You) and any comments, edits, or drafts of such materials or other documents You created and submitted to such third party analysts or consultants.

**Document Request No. 57.**

All documents created by You or by third party analysts or consultants regarding competition among MMA Promoters or would-be MMA Promoters for (a) the purchase of MMA Fighter services and (b) promotion of Professional MMA Events generally, including without limitation reports that analyze or project demand, revenues, income, profits or market share.

**Document Request No. 58.**

All Documents referencing or relating to comparison of compensation models or Agreements between the UFC and other major professional sports, including without limitation boxing, pro wrestling, football, basketball, and baseball.

**Document Request No. 59.**

All Agreements (and any amendments thereto) entered into between You and any MMA Promoter relating to the acquisition of assets, equity, or other interests of any MMA Promoter, and all Documents referencing or relating to the potential or actual acquisition of assets, equity, or interests of any MMA Promoter, including, but not limited to, internal strategy documents, projections, cost-benefit analyses, cost estimates, and all Agreements or contracts (and any amendments thereto).

**Document Request No. 60.**

Documents sufficient to identify each Person involved in approving or negotiating the terms of any Agreements or potential Agreements for the acquisition or potential acquisition of assets, or equity, or interests of any MMA Promoter.

**Document Request No. 61.**

Documents sufficient to Identify each Person or entity You consider to be, or considered to have been, an actual or potential competitor of the UFC for (a) the purchase of MMA Fighter services,

and/or (b) the promotion of live Professional MMA Events in the United States or abroad.

**Document Request No. 62.**

Documents or data sufficient to calculate the actual or potential market share held by the UFC and each of the UFC's actual or potential competitors (as Identified in Request No. 61) in terms of total revenue by region (US, North America, South America, Europe, Asia, and any others) derived from the promotion of live Professional MMA Bouts and all other income sources, including without limitation merchandising, licensing, sponsorships, advertising, video games, and other income sources based on the use of Professional MMA Fighters' Identities.

**Document Request No. 63.**

Documents or data sufficient to Identify the actual and/or estimated share of Professional MMA Fighters' services, by both dollar amount and number of fighters, for the purchase of the services of Professional MMA Fighters by the UFC and each of Your actual or potential competitors identified in your response to Request No. 61 by region (US, North America, South America, Europe, Asia, and any others).

**Document Request No. 64.**

All Documents and data referencing or relating to the determination of Professional MMA Fighter compensation by the UFC (identified in your response to Request No. 54, above) in the promotion of live Professional MMA Events and all other income sources, including without limitation merchandising, licensing, sponsorships, advertising, video games, and other income sources based on the use of Professional MMA Fighters' Identities.

**Document Request No. 65.**

All Documents and data referencing or relating to the determination of Professional MMA Fighter compensation by any of the UFC's actual and potential competitors (identified in your

response to Request No. 54, above) in the promotion of live Professional MMA Events and all other income sources, including without limitation merchandising, licensing, sponsorships, advertising, video games, and other income sources based on the use of Professional MMA Fighters' Identities.

**Document Request No. 66.**

All Documents analyzing, discussing, or relating to the competitive strengths or weaknesses of actual or potential competitors (identified in your response to Request No. 61 or otherwise, above) in the promotion of live Professional MMA Events and/or in the purchase of the services of Professional MMA Fighters.

**Document Request No. 67.**

All Documents referencing or relating to communications and/or negotiations with any sponsors or advertisers in connection with Endeavor's acquisition of Zuffa.

**Document Request No. 68.**

All Documents and Communications referencing or relating to any Agreements entered into by You relating to Venues for Professional MMA Events, including all Agreements, all draft Agreements, and all Documents and Communications relating to negotiation of such Agreements or draft Agreements.

**Document Request No. 69.**

All Documents and Communications relating to the drafting of and the reasoning behind the "Exclusivity Clause" in UFC Bout Agreements, which binds UFC Fighters into a restricted relationship with the UFC and prohibits them from appearing in Professional MMA Bouts televised or organized by actual or potential rival promotions unless approved by the UFC.

**Document Request No. 70.**

All Documents and Communications referencing or relating to the drafting of and the reasoning behind the "Champion's Clause" in UFC Bout Agreements, which allows the UFC to extend a UFC Fighter's contract for as long as the athlete is a "champion" in his or her weight class.

**Document Request No. 71.**

All Documents and Communications referencing or relating to the drafting of and the reasoning behind the "Right to First Offer" and "Right to Match" Clauses in UFC Bout Agreements, which grant the UFC the option to match the financial terms and conditions of any offer made to a UFC Fighter for a Professional MMA Bout even after the Fighter's contract has expired.

**Document Request No. 72.**

All Documents and Communications referencing or relating to the drafting of and the reasoning behind the "Ancillary Rights Clause" in the Promotional and Ancillary Rights Agreements, which grants the UFC exclusive and perpetual worldwide personality and Identity rights of the UFC Fighter.

**Document Request No. 73.**

All Documents and Communications referencing or relating to the drafting of and the reasoning behind the "Promotion Clause" in the Promotional and Ancillary Rights Agreements, which requires UFC Fighters to attend, cooperate, and assist in the promotion of Professional MMA Bouts in which they fight and, as required by the UFC, any other Professional MMA Bouts, Professional MMA Events, broadcasts, press conferences and sale of UFC Licensed Merchandise.

**Document Request No. 74.**

All Documents and Communications referencing or relating to the drafting of and the reasoning

behind the "Retirement Clause" which gives the UFC the power "to retain the rights to a retired fighter in perpetuity."

**Document Request No. 75.**

All Documents and Communications referencing or relating to the drafting of and the reasoning behind the tolling provisions, which extend the term of a UFC Fighter's contract during periods when he or she is injured, retired, or otherwise declines to compete.

**Document Request No. 76.**

All Documents and Communications referencing or relating to the drafting of and the reasoning behind the "Sponsorship and Endorsement Clause," which appears to grant the UFC sole discretion over all sponsorship and endorsement approvals.

**Document Request No. 77.**

All Documents and Communications analyzing or quantifying the overall impact or effect of the contractual clauses in Zuffa's Promotional and Ancillary Rights Agreements on (a) UFC Fighters' mobility or compensation, and/or (b) the ability of Zuffa's competitors (as identified in your response to Request No. 61, supra, or otherwise) to compete for Professional MMA Fighters services or to promote Professional MMA Events that can successfully compete against Zuffa.

**Document Request No. 78.**

Documents sufficient to identify each of Your Employees or agents involved in approving or negotiating the terms of each of Your Agreements with any Professional MMA Fighters.

**Document Request No. 79.**

All Documents and Communications relating to any Agreements between You and any other MMA Promoter (past or present) relating to a Professional MMA Fighter's services, including

all executed Agreements (and any amendments thereto), draft Agreements, and all Documents and Communications relating to the negotiation of such agreements, regardless of whether an Agreement was executed.

**Document Request No. 80.**

Documents sufficient to identify each of Your Employees or agents involved in approving or negotiating the terms of any Agreements or potential Agreements with any other MMA Promoter (past or present) relating to the provision of Professional MMA Fighter services.

**Document Request No. 81.**

All Documents and Communications constituting or relating to Agreements between You and any broadcaster of professional MMA events (including PPV and non-PPV Professional MMA Events), including without limitation all executed Agreements (and any amendments thereto), draft Agreements, and all Documents and Communications relating to the negotiation of such Agreements, Documents and Communications analyzing the terms of any actual or potential such Agreement, regardless of whether an Agreement was executed.

**Document Request No. 82.**

Documents sufficient to identify each of Your Employees and agents involved in approving or negotiating the terms of any Agreements or potential Agreements with any broadcaster of professional MMA events (including PPV).

**Document Request No. 83.**

All Documents and Communications relating to Agreements between You and any sponsors of the UFC or of the Professional MMA Fighters under contract with the UFC, including without limitation all executed Agreements (and any amendments thereto), draft Agreements, and all Documents and Communications relating to the negotiation of such Agreements, regardless of

whether an Agreement was executed.

**Document Request No. 84.**

Documents sufficient to identify each of Your Employees and/or agents involved in approving or negotiating the terms of any Agreements or potential Agreements with any sponsors of the UFC or the Professional MMA Fighters under contract with the UFC.

**Document Request No. 85.**

All Documents referencing or relating to the ability of any UFC Fighter to switch to and/or fight for, an actual or potential rival promotion. Responsive Documents include, but are not limited to, Documents referencing or relating to the costs to UFC Fighters and/or their managers or promoters associated with such a switch, any requirements or obligations imposed by a contract between the UFC and UFC Fighters, and/or Documents concerning communications or negotiations between the UFC and UFC Fighters with respect to a switch or potential switch from the UFC to a rival MMA Promoter.

**Document Request No. 86.**

All communications between you and anyone else referencing or relating to this lawsuit or *Le, et al. v. Zuffa, LLC*, 2:21-cv-1189-RFB-BNW (D. Nev.), or any of the named plaintiffs in either of those cases, exclusive of any communications protected by the Attorney/Client Privilege.

**Document Request No. 87.**

All Documents referencing or relating to indemnification or defense (corporate or individual), judgment sharing, joint defense, liability or responsibility for judgment in this action, for You and any of your officers, including by way of example not limitation, indemnity Agreements, joint defense Agreements, judgment sharing Agreements, tenders of defense, denials or reservations of rights.

**Document Request No. 88.**

All Documents referencing or relating to any websites operated by You or on Your behalf, including Documents sufficient to show who had responsibility for creating, maintaining, and adding or deleting content (including any private messaging) to or from such websites.

**Document Request No. 89.**

Documents sufficient to identify each Person responsible for any Social Media account operated by or on behalf of Zuffa, including documents sufficient to show who had responsibility for creating, maintaining, and adding or deleting content (including any private messaging) to or from such Social Media accounts.

**Document Request No. 90.**

All contracts or Agreements between the UFC and any Social Media organization.

**Document Request No. 91.**

All Documents and Communications relating to any content posted to any website or Social Media relating to UFC Professional MMA Bouts, including pre-bout promotional content and post-bout content.

**Document Request No. 92.**

All Documents, including any content posted to any website or Social Media, referencing or relating to the Professional MMA Fighters under contract with the UFC.

**Document Request No. 93.**

All Documents referencing or relating to Zuffa's registration with any regulatory bodies governing the MMA industry. Include all Documents referencing or relating to any suspensions of Zuffa for any reason by any government agency or any Person responsible for regulation, supervision, licensing, permitting or safety of Professional MMA Bouts and Professional MMA

Fighters.

**Document Request No. 94.**

All Documents and Communications relating to meetings or the business of Your Board of Directors, including without limitation all agendas, minutes, presentations, Agreements, and resolutions created by or for the Board of Directors, including all Documents and Communications directed to and presented by management or outside professionals, which address capital raises, business combinations, dividends and any other executive compensation matters.

**Document Request No. 95.**

All Documents and Communications relating to any provision of Your Promotional and Ancillary Rights Agreement that terminated any rights You had under the contract after a stated amount of time notwithstanding any provision that could otherwise extend the term of the Agreement, including all documents discussing the purpose(s) of such provisions, documents discussing the reason(s) for no longer including them, and documents constituting or reflecting analyses of the effects of such provision(s) on Your business.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of Nevada

| | |
|---|---|
| Johnson et al | ) |
| *Plaintiff* | ) |
| v. | ) |
| Zuffa, LLC dba Ultimate Fighting Championship et al | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.  2:21-cv-01189-RFB-BNW

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          Mark Shapiro

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A.

| Place: Your offices or another mutually agreeable location, including electronically. | Date and Time: |
|---|---|
| | 04/17/2025 5:00 pm |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:        03/18/2025

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Joseph R. Saveri |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*        Plaintiffs
_____ , who issues or requests this subpoena, are:

Joseph R. Saveri, 601 California Street, #1505, San Francisco, CA 94108, (415) 500-6800, jsaveri@saverilawfirm.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:21-cv-01189-RFB-BNW

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❑  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____       _____
                                              *Server's signature*

                                              _____
                                              *Printed name and title*

                                              _____
                                              *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# SCHEDULE A

## I.    DEFINITIONS

1. The following rules of construction should apply to all discovery requests:

    a) "**All**" should be construed to include the collective as well as the singular and shall mean "each," "any," and "every."

    b) "**And**" and "**or**" should be construed so as to require the broadest possible response. If, for example, a request calls for information about "A or B" or "A and B," You should produce all information about A and all information about B, as well as all information about A and B collectively. In other words, "or" and "and" should be read as "and/or."

    c) "**Any**" shall be construed to mean "any and all."

    d) "**Including**" shall be construed to mean "without limitation." "Including" is used to emphasize certain types of documents requested and should not be construed as limiting the request in any way.

    e) "**Relating to**," "**referring to**," "**regarding**," or "**with respect to**" mean, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

    f) The use of the singular form of any word includes the plural and vice versa.

    g) Unless otherwise indicated, the use of the present tense of any verb shall be construed to include the past tense going back to the beginning of the Relevant Time Period, and the use of the past tense shall be construed to run from the beginning of the Relevant Time Period until the scheme alleged by Plaintiffs ends.

2. "**Action**" means *Kajan Johnson, et al. v. Zuffa, LLC, et al.*, No. 2:21-cv-01189 (D. Nev.).

3.  "**Agreement**" means any oral or written contract, arrangement or understanding, whether formal or informal, between two or more persons, together with all modifications and amendments thereto.

4.  "**Communication**" means without limitation, oral or written communications of any kind, such as electronic communications, direct communications through social media (including without limitation direct messaging, instant messaging, chatting or emailing within a social media platform), facsimiles, telephone communications, correspondence, exchange of written or recorded information, or face-to-face meetings. The phrase "communication between" is defined to include instances where one party addresses the other party but the other party does not necessarily respond. The phrase "communication" includes all attachments to e-mail messages.

5.  "**Date**" means the exact day, month and year, if ascertainable, or the best available approximation, including any relationship to other known events (designate whether exact or approximate).

6.  "**Defendants**" means Zuffa and Endeavor as those terms are defined herein.

7.  "**Document(s)**" shall mean and include all "writings," "recordings" or "photographs" as those terms are defined in Federal Rule of Civil Procedure 34 and Rule 1001 of the Federal Rules of Evidence. Without limiting the generality of the foregoing, the term "Documents" includes both hard copy documents and electronically stored data files including but not limited to e-mail, instant messaging, social media content (including without limitation public content such as Tweets, YouTube submissions, Facebook posts, and posts to any public electronic billboard, as well as private content such as direct messaging, instant messaging, chats, and email), shared network files and databases. "Documents" also includes, without limitation and regardless of whether stored in hard copy or electronically, any letters, correspondence, memoranda, analyses, legal pleadings,

calendars, diaries, travel records, summaries, records of telephone conversations, telegrams, notes, reports, compilations, notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, audiotapes, film and sound reproductions, e-mails, internal or external web sites, audio or video discs data on magnetic or optical storage media (e.g., servers, storage area networks, interconnected remote servers (so-called "cloud computing"), hard drives, backup tapes, CDs, DVDs, Blu-ray, DVD-HD, USB/thumb/flash drives, floppy disks or any other type of portable storage device, etc.) stored as an "active" or backup file, in its native format, computer files, discs and drives, sales, advertising and promotional literature, agreements, stored recordings, minutes or other records of meetings, all written or graphic records or representations of any kind, and all mechanical or electronic data, records or representations of any kind.

8. "**Electronically Stored Information**," abbreviated as "**ESI**" has the same meaning and scope as it has in the Federal Rules of Civil Procedure and includes, without limitation, the following:

    a) structured and unstructured data, as those terms are defined in The Sedona Conference Glossary, available at www.thesedonaconference.org/publications;

    b) activity listings of electronic mail receipts and/or transmittals;

    c) output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, text messages (SMS, MMS or TMS), iMessages, Blackberry Messenger (BBM), AOL Instant Messenger™ (or similar program), social media (including without limitation Twitter, LinkedIn, YouTube, Facebook, Instagram, and any other internet based messaging system) or bulletin board programs, operating

systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

d) any and all items stored on computer memories, hard disks, floppy disks, CD discs, DVD discs, flash drives, thumb drives, memory cards, magnetic tape, microfiche, off-site interconnected servers (so-called "cloud computing"), or in any other vehicle for digital data storage and/or transmittal, such as, but not limited to, a personal digital assistant (*e.g.*, Blackberry, Smart Phone or similar device) and file folder tabs, and/or containers and labels appended to, or relating to, any physical storage device associated with each original and/or copy of all documents requested herein;

e) any and all items stored on voice-mail systems, websites, company intranet sites, chat rooms and social networking websites (*e.g.*, Facebook, LinkedIn, Twitter, and social websites listed at http://en.wikipedia.org/wiki/List of social networking websites); and

f) any and all data, data compilations, and data analyses.

9. "**Employee**" means, without limitation, any current or former officer, director, executive, manager, member, secretary, staff member, consultant, messenger, agent or other person who is or was employed by a Person or entity.

10. "**Endeavor**" means Endeavor Group Holdings, Inc., and its executives, employees, agents, owners, and all predecessors, successors, subsidiaries, departments, divisions, and/or affiliates, including without limitation any organization or entity involved in the promotion, regulation, or support of MMA Events in which Endeavor owns a controlling share or which Endeavor manages or controls (including without limitation Endeavor Operating Company, LLC, TKO Operating Company, LLC (f/k/a Zuffa Parent, LLC), World Wrestling Entertainment, Inc., TKO Group

Holdings, Inc. (f/k/a New Whale Inc.), Whale Merger Sub Inc., Zuffa, LLC, and any parent of or successor to Zuffa, LLC), together with all present and former directors, members, officers, employees, agents, representatives or any persons acting or purporting to act on Endeavor's behalf.

11. "**Identify**," when used in reference to an individual employee, means to produce documents sufficient to identify: the person's full name, last known business and home address; date of birth; social security number; title or position and period of service in each such position; immediate supervisor in each position; business and home telephone numbers (including voice, cellular and facsimile phone numbers) assigned to or used by such person and the period during which such numbers were assigned to be used by that person; and business and home electronic mail identifiers and the period during which such identifiers were assigned to and used by that person.

12. "**Identity**" of a Professional MMA Fighter means that person's name, sobriquet, voice, persona, signature, likeness and/or biographical information.

13. "**Include**," "**Includes**," and "**Including**" shall be construed to mean "without limitation" and should not be construed as limiting the request in any way.

14. "**Meeting**" means, without limitation, any assembly, convocation, encounter, or contemporaneous presence of two or more persons for any purpose, whether planned or arranged, scheduled or not. Meeting attendees may be present in person or by electronic means including, but not limited to, teleconference and videoconference.

15. "**Merchandise**" means any apparel, footwear, hats, publications, posters, photographs, memorabilia, souvenirs, toys, collectibles, action figures, trading cards, video games, and any and all other similar type products, including the sleeves, jackets, and packaging for such products.

16. "**Merchandise Rights**" means the right to use, edit, disseminate, display, reproduce, print,

publish and make any other uses of the name, sobriquet, voice, persona, signature, likeness and/or biographical information (collectively, "Identity") of an MMA Fighter solely in connection with the development, manufacture, distribution, marketing and sale of Licensed Merchandise.

17. "**Mixed Martial Arts**" or "**MMA**" means a competitive individual sport in which competitors use interdisciplinary forms of martial arts that include, *e.g.*, jiu-jitsu, judo, karate, boxing, kickboxing, taekwondo, and/or wrestling to their strategic and tactical advantage in a supervised match. Scoring in live Professional MMA Bouts is based on athletic commission-approved definitions and rules for striking (blows with the hand, feet, knees or elbows) and grappling (submission holds, chokeholds, throws or takedowns).

18. "**MMA Fighter**" means any Person who participates as a combatant in an MMA bout.

19. "**MMA Industry**" means the business of promoting live MMA bouts and may also include the promotion of Pay-Per-View MMA events to generate Pay-Per-View revenues and ticket sales as well as ancillary activities such as: the sale of live and taped television programming, video-on-demand, merchandise (videos, DVDs, video games, apparel, hats, sporting equipment, etc.), event and fighter sponsorships, and the collection of MMA-related copyright and trademark royalties.

20. "**MMA Promoter**" or "**MMA Promotion**" means a person or entity that arranges **Professional MMA Events**.

21. "**Pay-Per-View**" or "**PPV**" means a "**Pay-Per-View**" or "**PPV**" means a type of pay television or broadcast service by which a subscriber of an Internet or television service provider can purchase events to view live via private telecast or Internet broadcast. The events are typically purchased live, but can also be purchased for several weeks after an event first airs. Events can be purchased using an on-screen guide, an automated telephone system, on the Internet or through a live customer service representative.

22. "**Person**" means, without limitation, any natural person, corporation, partnership, limited liability company, proprietorship, joint venture, trust, association, government entity, group or other form of legal entity.

23. "**Plaintiff(s)**" means Kajan Johnson, C.B. Dollaway and Tristen Connelly, and any named plaintiffs in any subsequently filed actions which are related to or consolidated with the Action in the court with jurisdiction over the cases.

24. "**Possession, Custody or Control**" when referring to Documents or other tangible objects means any Document or other tangible object You have access to regardless of whether You have actual possession of the document or other tangible object. This includes Documents You have the legal right to obtain or for which You have control over the person who has control of the Document, including without limitation Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or Your attorneys or their agents, employees, representatives or investigators.

25. "**Post-Bout Event**" means any interviews and press conferences that follow and relate to a Professional MMA Bout.

26. "**Pre-Bout Event**" means training, interviews, press conferences, weigh-ins and behind-the-scenes footage that precede, and relate to, a Professional MMA Bout.

27. "**Professional MMA Bout**" means a bout between two Professional MMA Fighters.

28. "**Professional MMA Event**" means one or more Professional MMA Bouts presented by an MMA Promoter before a live audience and/or for broadcast.

29. "**Professional MMA Fighter**" means an MMA Fighter who is compensated as a combatant in an MMA bout.

30. **Promotional Rights and Ancillary Rights Agreement**" means an Agreement between

Endeavor and a UFC Fighter regarding any combination of rights to site fees, live-gate receipts, advertising fees, sponsorship fees, motion pictures, all forms of radio, all forms of television (including live or delayed, interactive, home or theater, pay, PPV, satellite, closed circuit, cable, subscription, multi-point, master antenna, or other), telephone, wireless, computer, CD-ROM, DVD, any and all Internet applications, films and tapes for exhibition in any and all media and all gauges, including but not limited to, video and audio cassettes and disks, home video and computer games, arcade video games, hand-held versions of video games, video slot machines, photographs (including raw footage, out-takes and negatives), merchandising and program rights, in connection with or based upon the UFC brand, UFC Professional MMA Bouts, UFC Professional MMA Events, UFC Pre-Bout Events, or UFC Post-Bout Events.

31. "**Relating to**," "**referring to**," "**regarding**," or "**with respect to**" mean, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

32. "**Social Media**" means any web-hosted applications that facilitate public posting of words, images or video and audio recordings, and private interactions such as private messaging or email, among users. Examples of Social Media include, without limitation, Twitter, Facebook, YouTube, Instagram, Pinterest, My Space, and Truth Social.

33. "**Sponsor**" means any corporate entity which pays or seeks to pay a monetary consideration to a Professional MMA Fighter or an MMA Promoter in exchange for the right to display its products, logo or other promotional materials in connection with such fighter or promoter; or the act of paying a monetary consideration to a Professional MMA Fighter or an MMA Promoter in

exchange for the right to display a Person's products, logo or other promotional materials in connection with such fighter or promoter.

34. "**TKO**" means TKO Operating Company, LLC and all predecessors, successors, subsidiaries, departments, divisions, and/or affiliates, including without limitation any organization or entity which the responding Defendant manages or controls, together with all present and former directors, members, officers, employees, agents, representatives or any persons acting or purporting to act on behalf of the responding Defendant.

35. "**UFC**" means Zuffa, LLC, Ultimate Fighting Championship, TKO Operating Company, LLC, and all predecessors, successors, subsidiaries, departments, divisions, and/or affiliates, including without limitation any organization or entity which the responding Defendant manages or controls, together with all present and former directors, members, officers, employees, agents, representatives or any persons acting or purporting to act on behalf of the responding Defendant, including: Zuffa Australia, LLC; Zuffa Aviation, LLC; Zuffa Brazil, LLC; Zuffa Canada, LLC; Zuffa Expo, LLC; Zuffa Fit 360, LLC; Zuffa Fitness Elite, LLC; Zuffa Fitness, LLC; Zuffa Holding Company, LLC; Zuffa Interactive Investor, LLC; Zuffa International, LLC; Zuffa Ireland, LLC; Zuffa Landco, LLC; Zuffa Mali, LLC; Zuffa Marketing, LLC; Zuffa Mexico, LLC; Zuffa Music, LLC; Zuffa On Demand, LLC; Zuffa Pipco 1, LLC; Zuffa Records, LLC; Zuffa Taps, LLC; and Zuffa Zen, LLC, and also including all entities that UFC merged with or acquired, such as, e.g., Explosion Entertainment, LLC (d/b/a Strikeforce), World Extreme Cagefighting, World Fighting Alliance, and Pride Fighting Championships.

36. "**UFC Fighter**" means a person who is paid by the UFC for participating in one or more Professional MMA Bouts promoted by the UFC or whose Identity was acquired for use by the UFC.

37. "**You**" or "**Your**" Mark Shapiro, any organization or entity which **You** manage, control, have an ownership interest in. or are employed by; and any employees, agents, representatives or persons acting or purporting to act on Your behalf.

38. "**Zuffa**," "**UFC**," or "**Defendant**" all mean Ultimate Fighting Championship, UFC, TKO Operating Company, LLC ("**TKO OpCo**") (f/k/a Zuffa Parent LLC), a Delaware limited liability company and the direct subsidiary of TKO Group Holdings, Inc., a Delaware corporation ("**TKO Group Holdings**"), Endeavor Group Holdings, Inc., a Delaware corporation ("**Endeavor**"), and all predecessors, successors, subsidiaries, departments, divisions, acquisitions, affiliates and any organization or entity TKO OpCo or TKO Group Holdings manages or controls, together with all present and former directors, members, officers, employees, agents, representatives or any persons acting or purporting to act on TKO OpCo's behalf including, without limitation, Ariel Emanuel, Dana White, Mark Shapiro, Patrick Whitsell, Ike Lawrence Epstein, Lorenzo Fertitta or Hunter Campbell.

## II.    <u>INSTRUCTIONS</u>

1. In producing Documents, You are requested to furnish all Documents or things in Your possession, custody or control, regardless of the physical location of the Documents, or whether such Documents or other materials are possessed directly by You or Your directors, officers, agents, employees, representatives, managing agents, affiliates, investigators, or by Your attorneys or their agents, employees, representatives or investigators.

2. If any Document covered by these requests is withheld by reason of a claim of attorney-client privilege, attorney work product protection, or any other privilege or protection, please furnish a log providing the following information with respect to each such withheld document: date, author, recipients, general subject matter sufficient to make a prima facie determination

whether the asserted privilege has been properly invoked, and legal basis upon which the document has been withheld.

3.   In producing Documents, You are requested to produce the original of each Document requested, together with all non-identical copies and drafts of such Document. If the original of any Document cannot be located, a copy shall be produced in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

4.   If any requested Document cannot be produced in full, You are to produce it to the extent possible and indicate which Document or portion of such Document is being withheld, and the reason it is being withheld.

5.   Documents not otherwise responsive to these Requests shall be produced if such Documents mention, discuss, refer to, or explain the Documents that are called for by these Requests, or if such Documents are attached to Documents called for by these Requests and constitute routing slips, transmittal memoranda, letters, cover sheets, comments, evaluation or similar materials.

6.   All Documents shall be produced in the same order as they are kept or maintained by You. If any Documents have been removed from the files in which they were found for purposes of producing them in response to these Requests, indicate for each Document the file(s) in which the Document(s) was (or were) originally located.

7.   In responding to these Requests You are to include Documents: (a) obtained from witnesses who gave information to any governmental agency or other investigatory or regulatory body as part of any investigation of the UFC or of the MMA Industry generally; (b) that constitute, or refer or relate to, summaries of testimony or other statements given in connection with such investigations; or (c) obtained on Your behalf by counsel in preparing for testimony or interviews

11

in connection with such investigations.

8. If a Document once existed and has subsequently been lost, destroyed, or is otherwise missing, please provide sufficient information to identify the Document and state the details concerning its loss.

9. With respect to any Document maintained or stored electronically, please harvest it in a manner that maintains the integrity and readability of all data, including all metadata.

10. Unless otherwise agreed, all ESI should be produced in native format via a secure file transfer protocol, or on compact disc(s), DVD disc(s) or zip drives in the original electronic file format(s) of the Documents.

11. Please produce all Documents maintained or stored electronically in native, electronic format with all relevant metadata intact. Encrypted or password-protected documents should be produced in a form permitting them to be reviewed. You are also requested to immediately meet and confer regarding the manner in which You shall produce Documents stored electronically in order for the parties to try and reach agreement in this regard and avoid any unnecessary expense.

12. Please organize electronic Documents produced for inspection in the same manner that You store them (e.g., if maintained by a custodian, such as e-mail residing on an e-mail server, please organize documents for production by custodian; if maintained as a subfolder of "My Documents" on a custodian's hard drive, please organize documents for production by custodian with path information preserved, etc.).

13. All ESI should be produced in accordance with the Stipulated Order Re: Discovery of Electronically Stored Information, approved by the Court on December 6, 2023, ECF No. 115.

14. Documents attached to each other should not be separated, including, but not limited to, hard-copy versions of Documents attached to hard-copy printouts of e-mails produced pursuant to

these Requests.

15. At Your election, documents maintained or stored in paper, hard-copy form can be produced as searchable .PDF (i.e., portable document format files with embedded text) and in an appropriate and usable manner (e.g., by copying such data onto an external hard drive).

16. These requests require production of paper documents in the same form and same order as they are kept in the usual course of business, or organized and labeled to correspond with the requests set forth below. If You choose the former method, the documents are to be produced in the boxes, file folders, binders and other containers in which the documents are found. The titles, labels or other descriptions on the boxes, file folders, binders or other containers are to be left intact.

17. Documents stored as electronic data on magnetic, optical, or other storage media as "active" or "backup" files shall be produced in their native formats with any associated metadata.

18. To the extent responsive Documents reside on databases and other such systems and files, You are requested to produce the relevant database in useable form and/or permit access for inspection, review, and extraction of responsive information.

19. To the extent responsive Documents are in languages other than English, the parties shall meet and confer to discuss the format of production prior thereto.

20. No part of a document request shall be left unanswered merely because an objection was interposed to another part of the document request.

21. If You object to any document request or subpart thereof, the objection shall state with specificity all grounds. Any ground not stated shall be waived.

22. If You are unable to answer any document request, the reasons for Your inability to answer shall be separately stated in detail for each document request.

23.  Failure to provide information in response to these document requests will be deemed a waiver of Your right to produce such evidence at trial. Plaintiffs reserve the right to move to preclude the introduction of any evidence not produced in response to these requests.

24. Category headings herein are for convenience and should not be relied upon to modify, limit, alter or otherwise influence in any way how to interpret these document requests.

## III.    RELEVANT TIME PERIOD

Unless otherwise noted herein, the relevant time period of these document requests is January 1, 2015, until the present (the "**Relevant Time Period**"). These document requests seek all responsive Documents created or generated during the Relevant Time Period, as well as responsive Documents created or generated outside the Relevant Time Period, but which contain information concerning the Relevant Time Period.

## IV.    PRODUCTION REQUESTS

### Document Request No. 1

Documents sufficient to identify each electronic device that You used to transmit or receive Communications during the Relevant Time Period, including but not limited to cellular telephones, laptop or notebook computers, desktop computers, and portable tablets, including but not limited to Any electronic device that You purchased, that was purchased for You, or that was issued to You by Defendants.

### Document Request No. 2

Documents sufficient to identify the telephone number and provider or carrier of each cellular telephone identified in response to Request No. 1.

### Document Request No. 3

Documents sufficient to identify when You first started using and, if applicable, when You

stopped using, each mobile telephone number identified in response to Request No. 2.

## Document Request No. 4

Documents sufficient to identify each messaging account or social media account that You used during the Relevant Time Period, including but not limited to Discord, Facebook, Google Chat, iMessage, Instagram, Kik, Microsoft Teams, Reddit, Signal, Skype, Slack, Snapchat, Telegram, TikTok, Truth Social, Whatsapp, WeChat, Zoom, X (Twitter), etc.

## Document Request No. 5

Documents sufficient to identify All username(s) and social media handle(s) for each account identified in response to Request No. 4

## Document Request No. 6

Documents sufficient to identify each email account that You used during the Relevant Time Period.

## Document Request No. 7

All Documents and Communications relating to Your role and activities relating to the distribution of UFC Events, including, without limitation, materials reflecting or describing any strategy for distributing UFC Events, the criteria any broadcast or distribution partners require concerning UFC Events (e.g., whether particular UFC Fighters must be available to appear, whether UFC Fighters of a particular rank must be available to appear, whether any particular UFC Event or proportion or set of UFC Events must include a championship bout), and/or advice or support You provide or provided to the UFC concerning its distribution of UFC Events.

## Document Request No. 8

All Documents and Communications relating to Your role in producing UFC Events, including materials relating to expenditures You made in connection with such Event production, Your

personnel's roles in UFC Event production, and any contracts or Agreements relating to Your

role in producing UFC Events, and any Documents or Communications reflecting Your control

or influence over the contents of UFC Events (e.g., which UFC Fighters will appear at the Event,

the number and/or timing of UFC Events, the number and/or order of UFC Fighters appearing on

a UFC Event card.

### Document Request No. 9

Documents and Communications sufficient to identify all of Your costs and expenses associated

with producing UFC Events, including a final profit and loss calculation for each UFC Event.

### Document Request No. 10

All Documents and Communications relating to Your role in operating UFC's Fight Pass

streaming platform, including, without limitation, Documents reflecting Endeavor's strategic

planning for UFC's Fight Pass platform, Endeavor's employees' roles in operating the UFC's

Fight Pass platform, Endeavor's strategy for marketing and selling access to the UFC's Fight

Pass platform, all Agreements with third-parties to market and/or sell access to the UFC's Fight

Pass platform, and/or any analysis of the UFC's Fight Pass platform's financial and/or market

performance.

### Document Request No. 11

All Documents and Communications relating to Your business strategy for the UFC, including

but not limited to SWOT analyses, financial analyses, strategies, analyses of UFC Fighter

compensation, counterprogramming of other MMA Promoters' Professional MMA Events,

assessments of other MMA Promoters' Professional MMA Fighter rosters, and acquisition

analyses and strategies.

**Document Request No. 12**

All Documents and Communications relating to any provisions in the UFC's Promotional and Ancillary Rights Agreements with UFC Fighters limiting the UFC's ability to extend the term of the Agreement (e.g., Paragraphs 4.3.2 and 4.4 in ZUFFA-J_00003638 and Paragraph 4.5 in UFC-00086462), including without limitation, the strategic and business purposes of these provisions and any changes thereto over time, evaluations of the effect of these provisions on the UFC's ability (or inability) to retain UFC Fighters under contract, evaluations on the benefits to Endeavor of such provisions, the criteria (and bases for employing such criteria) the UFC has used to determine whether to include such a provision (or not include such a provision) in the Promotional and Ancillary Rights Agreement of any particular UFC Fighter or group of UFC Fighters, and any correspondence or exchanged drafts of UFC Promotional and Ancillary Rights Agreements concerning the UFC Fighters' (or UFC Fighters' agents, managers, or other representatives) desire to include such a provision or make changes to such a provision in a UFC contract proposal.

**Document Request No. 13**

All Documents and Communications relating to the UFC's business strategy for Professional MMA Events and/or Professional MMA Bouts held at UFC Apex, including Documents and Communications discussing the reasons for creating and/or establishing the UFC Apex, how UFC determines which Professional MMA Events and/or Professional MMA Bouts will be held at the Apex, and why any Professional MMA Events and/or Professional MMA Bouts were held at the Apex.

**Document Request No. 14**

All monthly and annual financial documents containing information concerning the business

operations at the UFC Apex, including without limitation all audited financial statements, balance sheets, income statements, profit and loss reports, margin analyses, equity valuations, asset appraisals, financial models, budgets (proposed or otherwise), investor presentations, margin analyses, pro form as, regulatory filings (including income tax returns), issuance of equity or debit, loans, and money owed or receivable, and any other form of financial reporting.

## Document Request No. 15

All Documents and Communications relating to any changes in the form and/or structure of revenues the UFC received for its broadcast rights, including, without limitation, Documents and Communications relating to changes in structure of PPV revenues received by the UFC and paid by ESPN following the UFC's 2019 broadcast rights deal with ESPN, including materials analyzing such changes and any corresponding changes in business practices or operations the UFC considered implementing based on such change in structure.

## Document Request No. 16

All Documents and Communications relating to Your "flywheel"1 as it pertains to the UFC, including without limitation, materials reflecting how "the integration of [Your] broad range of capabilities, along with [Your] owned and managed premium sports and entertainment properties [including the UFC], drives network effects across the Endeavor flywheel," how such network effects "across the Endeavor flywheel" "connect and utilize multiple divisions of Endeavor [including the UFC] maximize the power of [Your] platform [and] creat[e] value for [Your] business, clients and employees," and the ways in which You have "realized top line and cost synergies as [You] have integrated more than 30 acquisitions including IMG, UFC, PBR, 160over90, and On Location." Form 10-K for the fiscal year ended December 31, 2022, of Endeavor Group Holdings, Inc.

**Document Request No. 17**

All Documents and Communications produced by You to any government or government agency in response to any investigative demand or other request from the U.S. Department of Justice, the U.S. Federal Trade Commission, any state regulatory agency, or any foreign regulatory agency related to: (a) Your policies, practices, guidelines, and training directed to compliance with U.S. governmental regulatory agencies, or any foreign regulatory agency, including all Documents concerning the creation of such policies, and any statements signed by Your employees or agents acknowledging their receipt of or compliance with Your compliance policies; (b) the acquisition of Zuffa or any parent of or successor to Zuffa by Endeavor Group Holdings, Inc.; or (c) the merger of Zuffa or any parent of or successor to Zuffa with World Wrestling Entertainment, Inc. (a/k/a WWE) or any parent of or successor to World Wrestling Entertainment, Inc. Explicitly included within the scope of this Interrogatory is any correspondence or documents exchanged between You and the U.S. Department of Justice, including documents reflecting or constituting any Communications with former Assistant Attorney General for the Department of Justice Antitrust Division Makan Delrahim, relating to *Le, et al. v. Zuffa,* LLC, 2:21-cv- 1189-RFB-BNW (D. Nev.).

**Document Request No. 18**

All Documents and Communications produced by You to the U.S. government pursuant to the Hart-Scott-Rodino Antitrust Improvements Act of 1976, Pub. L. No. 94-435, and any second requests, related to the acquisition of Zuffa or any parent of or successor to Zuffa by Endeavor Group Holdings, Inc., or to the merger of Zuffa or any parent of or successor to Zuffa with World Wrestling Entertainment, Inc. (a/k/a WWE) or any parent of or successor to World Wrestling Entertainment, Inc., or the formation of TKO Group Holdings, Inc.

**Document Request No. 19**

All Documents and Communications relating to any Agreements between (a) Zuffa and any Professional MMA Fighter, and (b) any other MMA Promoter and any Professional MMA Fighter, including all Agreements concerning competition in Professional MMA Bouts (and any amendments thereto), including Promotional and Ancillary Rights Agreements, Bout Agreements, "side letter" and/or letter Agreements, Merchandise Rights Agreements, sponsorship Agreements, and all Documents and Communications relating to negotiations with any Professional MMA Fighter or any Person purporting to represent a Professional MMA Fighter, including all draft Agreements.

**Document Request No. 20**

Each Agreement between you and a Professional MMA Fighter entered into or in effect during the Relevant Time Period.

**Document Request No. 21**

All Documents and Communications evidencing the negotiation of any Agreement responsive to the preceding Request.

**Document Request No. 22**

All Documents and Communications consisting of or relating to Your discussion, analysis, interpretation or characterization of any Agreement, and the negotiation thereof, responsive to Request No. 21.

**Document Request No. 23**

All arbitration clauses or class action waivers between You and any Professional MMA Fighters, whether set forth in an Agreement or otherwise, and all Documents and Communications relating to any such arbitration clause or class action waiver, including without limitation analyses, draft

proposed clauses, analyses of such clauses, white papers, reports, slide presentations, or discussions regarding the reasons for, or potential benefits to Zuffa or Endeavor or anyone else of, including arbitration clauses and/or class action waivers in Your Agreements with Professional MMA Fighters.

## Document Request No. 24

All Documents and Communications evidencing the negotiation of any Agreement responsive to the preceding Request.

## Document Request No. 25

All Documents and Communications consisting of or relating to Your discussion, analysis, interpretation or characterization of any arbitration clause or class action waiver, and/or the negotiation thereof.

## Document Request No. 26

All Documents and Communications relating to market research about the MMA Industry, including but not limited to, analysis or research regarding relative market share of MMA Promoters, barriers to expansion for MMA Promoters, barriers to entry for would-be MMA Promoters, and growth projections for the MMA Industry and/or MMA Promoters individually or in any groupings.

## Document Request No. 27

All Documents and Communications relating to non-Zuffa/non-UFC MMA Promoters (considered individually or as a group), including but not limited to SWOT analyses, financial analyses, strategies, counterprogramming of other MMA Promoters' Professional MMA Events, analyses and/or commentary or assessments of their Professional MMA Fighter rosters, and acquisition analyses and strategies.

**Document Request No. 28**

All Documents and Communications relating to any Agreement that UFC had with another MMA Promoter, including but not limited to Agreements to license content, Agreements to buy or sell athlete contracts, and Agreements to release Professional MMA Fighters from their contracts if UFC offers the Professional MMA Fighter a contract.

**Document Request No. 29**

All Documents and Communications relating to the potential sale of Zuffa or any portion thereof (or interest therein), including any Communications with or Documents created by You or any third party, including without limitation any prospectuses, proposals, confidential information memoranda, credit assessments, due diligence requests, Documents or Communications created, collected, placed in data rooms, or produced in response to due diligence requests, offers, negotiations, memoranda of understanding, and all other Documents or Communications relating in any way to the potential sale, acquisition, merger or transfer of Zuffa or any portion thereof or interest therein

**Document Request No. 30**

All Documents and Communications (exclusive of Documents and Communications produced in response to Request No. 29) relating to the purchase by You of a majority stake in Zuffa on or around August 18, 2016, including Communications with or Documents created by Zuffa, LLC or any third party, and including without limitation any executed Agreements, draft Agreements, memoranda of understanding, offers, prospectuses, proposals, confidential information memoranda, credit assessments, supporting schedules, all Documents and Communications relating to negotiations, due diligence requests, including Documents or Communications created, collected, placed in data rooms, or produced in response to due diligence requests, all

22

regulatory filings, registration documents, and any other Documents or Communications sent to or received by You relating to any U.S., state, or local agency, and all other Documents and Communications relating in any way to Your purchase of a majority stake in Zuffa on or around August 18, 2016.

## Document Request No. 31

Documents and Communications sufficient to show all Persons that were part of the "buyer group" as that term is used on page F-12 of the Form S-1 Securities Registration Statement filed on September 15, 2023, by TKO Group Holdings, Inc., which states in relevant part, "On August 18, 2016, a buyer group that included Endeavor Operating Company, LLC ("EOC"), affiliates of Silver Lake Partners ("SLP"), affiliates of Kohlberg Kravis Roberts & Co. ("KKR") and certain other investors (including certain existing owners as rollover investors) (the "buyer group") acquired 100% of the equity interests of Zuffa [defined as "Zuffa Parent, LLC andits subsidiaries"] . . . ," including Documents and Communications sufficient to show the name, title, business affiliation, business address, and relative ownership share acquired by each such Person. For clarity, the requested Documents and Communications should Identify and provide the requested information for each individual "affiliate" of SLP and KKR, and each individual "other investor" or "rollover investor" that is part of the "buyer group."

## Document Request No. 32

All Documents and Communications relating to the purchase of the remaining portion of Zuffa by Endeavor in or around 2021, including any Communications with or Documents created by any third party, and including without limitation any executed Agreements, draft Agreements, memoranda of understanding, offers, prospectuses, proposals, confidential information memoranda, credit assessments, supporting schedules, all Documents and Communications

relating to negotiations, due diligence requests, Documents and Communications created, collected, placed in data rooms, or produced in response to due diligence requests, all regulatory filings, registration documents, and any other Documents or Communications sent to or received by You relating to any U.S., state, or local agency, and all other Documents and Communications relating in any way to Your acquisition of the remaining portion of Zuffa in or around 2021.

## Document Request No. 33

All Documents and Communications relating to the acquisition, sale, merger, or transfer of World Wrestling Entertainment, Inc. by You in 2023, including any Communications with or Documents created by any third party, and including without limitation any executed Agreements, draft Agreements, memoranda of understanding, offers, prospectuses, proposals, confidential information memoranda, credit assessments, all Documents and Communications relating to negotiations, due diligence requests, Documents and Communications created, collected, placed in data rooms, or produced in response to due diligence requests, all regulatory filings, registration documents, and any other Documents or Communications sent to or received by You relating to any U.S., state, or local agency, and all other Documents and Communications relating in any way to the acquisition and merger of World Wrestling Entertainment, Inc. by You in 2023.

## Document Request No. 34

All Agreements, supporting schedules, and financial information and/or analyses prepared in connection with the formation of TKO in 2023.

## Document Request No. 35

All Documents and Communications relating to any efforts by You or made on Your behalf to

raise capital, including but not limited to loans or issuance of debt or equity, and including without limitation any Agreements, draft Agreements, negotiations, investor presentations, prospectuses, confidential information memoranda, credit assessments, due diligence requests, Documents and Communications created, collected, placed in data rooms, or produced in response to due diligence requests, and all other documents and communications related in any way to efforts to raise capital, regardless of whether any loan was actually obtained or any debt or equity was actually issued.

## Document Request No. 36

All Documents and Communications relating to arbitration clauses or class action waivers in Agreements with Professional MMA Fighters, including without limitation analyses, draft proposed clauses, analyses of such clauses, white papers, reports, slide presentations, or discussions regarding the reasons for, or potential benefits to Zuffa or Endeavor or anyone else of, including arbitration clauses and/or class action waivers in Your Agreements with Professional MMA Fighters.

## Document Request No. 37

Documents and Communications sufficient to Identify each of Your employees or agents or anyone purporting to act on Your behalf involved in approving or negotiating the terms of any Agreement, or proposed Agreement, for all or part of Zuffa to be acquired by Endeavor or by anyone else.

## Document Request No. 38

Documents and data (including structured or unstructured data) sufficient to show Your financial data, including at a minimum Your costs, revenue, income, EBITDA, assets, debits, borrowing costs, and profits, by month and by year, at the most granular level such documents and data are

maintained.

## Document Request No. 39

All monthly and annual financial documents created or maintained by You or on Your behalf, including without limitation all audited financial statements, all internally prepared and consolidating financial statements for Endeavor, including financial statements for the UFC portion of the Owned Sports Properties segment (including without limitation balance sheet, income statement, and statement of cash flows), balance sheets, income statements, profit and loss reports, margin analyses, equity valuations, asset appraisals, financial models, budgets (proposed or otherwise), investor presentations, margin analyses, pro formas, regulatory filings (including income tax returns), issuance of equity or debit, loans, and money owed or receivable, and any other form of financial reporting.

## Document Request No. 40

For each year of the Relevant Time Period, Documents sufficient to show beneficial ownership in Zuffa, TKO Group Holdings, Inc. and Endeavor, and any parent of or successor to Zuffa, TKO Group Holdings, Inc. and Endeavor, including any changes thereto. This Request includes Documents sufficient to show the percentage of any stock or other interests owned by each Person holding a beneficial ownership interest and the consideration paid for such interest.

## Document Request No. 41

Documents and data sufficient to show all compensation including salary, bonuses, expense reimbursements, aviation expenses, distributions, dividends, stock awards, loans (including information about repayment or forgiveness), management fees, board fees, and all other compensation of any kind to all Endeavor and Zuffa senior executives, board members, directors, beneficial owners, and shareholders holding more than a 5% interest in Endeavor, Zuffa, or TKO

Group Holdings, Inc., including the date the compensation was paid, the dollar value, the date of vesting, accrual, or maturation of the compensation (if applicable), the source of the compensation (e.g., from a debt issuance or from corporate profits), the reason given (if any) for the compensation, and the relative share received by each Person receiving compensation.

## Document Request No. 42

Documents and data sufficient to show any non-monetary benefits bestowed on any beneficial owners of Endeavor, Zuffa, or TKO Group Holdings, Inc., including without limitation: (a) travel in private jets owned, leased, or paid for by You; (b) use of houses, apartments, vacation properties, or other real estate owned, leased, or paid for by You; (c) use of motor vehicles owned, leased, or paid for by You;(d) tickets for sporting events or other entertainment events paid for by You; and/or (e) any other item, service, amenity, activity, or privilege provided to one or more of the beneficial owners at Your expense.

## Document Request No. 43

For each year of the Relevant Time Period, Documents sufficient to show Your corporate structure, including the organization of each division, department, unit or subdivision, parent, subsidiary, joint venture or affiliate of Your company. This request includes without limitation organizational charts, investor or debtor presentations, government filings, internal communications, and any Documents sufficient to show each Employee or executive with managerial responsibilities relating to the UFC.

## Document Request No. 44

All Documents constituting, referencing, or relating to issuance of debt as it relates to your acquisition of WWE and UFC.

**Document Request No. 45**

 Documents sufficient to show how You arrived at a valuation of $21 billion for TKO Group

Holdings, Inc. as stated in your April 3, 2023 press release.

**Document Request No. 46**

All Documents referencing or relating to all financial activity relating to the UFC, including

balance sheets, income statements, regulatory filings (including income tax returns for Zuffa and

any of its affiliates), issuance of equity or debit, loans, and money owed or receivable

**Document Request No. 47**

All Documents referencing or relating to all financial activity relating to the TKO Group

Holdings, Inc. and its subsidiaries and affiliates, including balance sheets, income statements,

regulatory filings (including income tax returns for Zuffa and any of its affiliates), issuance of

equity or debit, loans, and money owed or receivable.

**Document Request No. 48**

All Documents referencing or relating to Your transactional data, at the most granular level

possible, for each UFC Professional MMA Event held during the Relevant Time Period,

sufficient to show at a minimum the following:

    a)   total gate receipts from each UFC Professional MMA Event during the Relevant Time
          Period, broken down by event;

    b)   total attendance at each UFC Professional MMA Event during the Relevant Time Period,
          broken down by event

    c)   total revenues from each PPV broadcast of UFC Professional MMA Event during the
          Relevant Time Period, broken down by event;

    d)   total revenues from non-PPV broadcast of UFC Professional MMA Event during the

Relevant Time Period, broken down by event and by contracted broadcaster (e.g., ESPN, Fox, Spike, etc.)

e) total revenues from closed circuit broadcast to commercial venues such as bars, restaurants, or theaters of each UFC Professional MMA Event during the Relevant Time Period, broken down by event;

f) total revenues derived from the sale of advertising during all broadcasts of UFC Professional MMA Events, whether PPV or non-PPV, during the Relevant Time Period, broken down by month and year, by PPV or non-PPV, and by advertiser

g) total revenues derived in any way from the Promotional and Ancillary Rights, as described in Your Promotional and Ancillary Rights Agreements with MMA Fighters, relating to all professional MMA Fighters who have been under contract with the UFC at any time during the Relevant Time Period, broken down by month and year;

h) total revenues derived from Agreements with sponsors of the UFC or of the Professional MMA Fighters who have been under contract with the UFC at any time during the Relevant Time Period;

i) total revenues by event;

j) the gross and net price paid by customers for transactions by unit, subscription, and/or ticket for a single Pay-Per-View, ticket to a live event, or UFC Fight Pass subscription;

## Document Request No. 49

Documents and data in as granular form as the information is maintained, sufficient to show any and all compensation paid to each UFC Fighter individually for each UFC Professional MMA Bout that the UFC Fighter participated in during the Relevant Time Period, on a fighter-by-fighter basis, broken down by Professional MMA Bout (so that each UFC Fighter's

compensation data is available in one Document or sequence of Documents, and it is produced with sufficient granularity so that the compensation is clearly attributed to the UFC Professional MMA Bout at which the Fighter earned it), as follows:

a) the date and location of each UFC Professional MMA Bout the UFC Fighter participated in during the Relevant Time Period, and

b) the base salary the UFC Fighter received for each UFC Professional MMA Bout he or she participated in during the Relevant Time Period;

c) all bonuses the UFC Fighter received for each UFC Professional MMA Bout he or she participated in during the Relevant Time Period (including, but not limited to any and all discretionary bonuses or payments, fight of the night, performance of the night, knockout and submission of the night bonuses), broken down by each bonus received for each Professional MMA Event

d) all broadcast royalties the UFC Fighter received (if any) for each UFC Professional MMA Bout he or she participated in during the Relevant Time Period, broken down so that the broadcast royalties are traceable to a particular UFC Professional MMA Bout (to be clear, if the UFC Fighter received broadcast royalties from more than one UFC Professional MMA Bout, the broadcast royalties should be clearly attributed to the specific UFC Professional MMA Bout from which they were generated);

e) any other form of compensation the UFC Fighter received for each UFCProfessional MMA Bout he or she participated in during the Relevant Time Period; and,

f) Pay-Per-View shares the UFC Fighter received for each UFC Professional MMA Bout he or she participated in during the Relevant Time Period.

**Document Request No. 50**

Profit and loss statements (including identity of participating fighters and compensation paid to each) for each UFC Professional MMA Event.

**Document Request No. 51**

Documents sufficient to show Your actual costs for presenting UFC Professional MMA Events, down to as granular a level as possible, including without limitation venue costs, promotional costs, compensation for UFC Fighters, insurance, safety, and all other costs incidental to presenting UFC Professional MMA Events.

**Document Request No. 52**

Documents sufficient to show Your actual costs for presenting UFC Professional MMA Bouts, down to as granular a level as possible, including without limitation venue costs, promotional costs, compensation for UFC Fighters, insurance, safety, and all other costs incidental to presenting UFC Professional MMA Bouts.

**Document Request No. 53**

Documents sufficient to show Your actual costs involved in promoting the UFC as a brand.

**Document Request No. 54**

All Documents relating to materials produced by third party analysts or consultants regarding Zuffa or any successor to Zuffa, including without limitation reports that analyze or project demand, revenues, income, profits, or market share. Documents responsive to this Request include both documents produced by such third party analysts or consultants (including both those retained by You and those producing such materials without an Agreement with You) and any comments, edits, or drafts of such materials or other documents You created and submitted to such third party analysts or consultants.

**Document Request No. 55**

All documents created by You or by third party analysts or consultants regarding competition among MMA Promoters or would-be MMA Promoters for (a) the purchase of MMA Fighter services and (b) promotion of Professional MMA Events generally, including without limitation reports that analyze or project demand, revenues, income, profits, or market share.

**Document Request No. 56**

All Documents referencing or relating to comparison of compensation models or Agreements between the UFC and other major professional sports, including without limitation boxing, pro wrestling, football, basketball, and baseball.

**Document Request No. 57**

All Agreements (and any amendments thereto) entered into between You and any MMA Promoter relating to the acquisition of assets, equity, or other interests of any MMA Promoter, and all Documents referencing or relating to the potential or actual acquisition of assets, equity, or interests of any MMA Promoter, including, but not limited to, internal strategy documents, projections, cost-benefit analyses, cost estimates, and all Agreements or contracts (and any amendments thereto).

**Document Request No. 58**

Documents sufficient to identify each Person involved in approving or negotiating the terms of any Agreements or potential Agreements for the acquisition or potential acquisition of assets, or equity, or interests of any MMA Promoter.

**Document Request No. 59**

All Documents relating to the sale of equity in Zuffa to Flash Entertainment, a wholly owned subsidiary of Abu Dhabi.

**Document Request No. 60**

Documents sufficient to Identify each Person or entity You consider to be, or considered to have been, an actual or potential competitor of the UFC for (a) the purchase of MMA Fighter services, and/or (b) the promotion of live Professional MMA Events in the United States or abroad.

**Document Request No. 61**

Documents or data sufficient to calculate the actual or potential market share held by the UFC and each of the UFC's actual or potential competitors (as Identified in Request No. 53) in terms of total revenue by region (US, North America, South America, Europe, Asia, and any others) derived from the promotion of live Professional MMA Bouts and all other income sources, including without limitation merchandising, licensing, sponsorships, advertising, video games, and other income sources based on the use of Professional MMA Fighters' Identities.

**Document Request No. 62**

Documents or data sufficient to Identify the actual and/or estimated share of Professional MMA Fighters' services, by both dollar amount and number of fighters, for the purchase of the services of Professional MMA Fighters by the UFC and each of Your actual or potential competitors identified in your response to Request No. 53 by region (US, North America, South America, Europe, Asia, and any others).

**Document Request No. 63**

All Documents and data referencing or relating to the determination of Professional MMA Fighter compensation by the UFC in the promotion of live Professional MMA Events and all other income sources, including without limitation merchandising, licensing, sponsorships, advertising, video games, and other income sources based on the use of Professional MMA Fighters' Identities.

**Document Request No. 64**

All Documents and data referencing or relating to the determination of Professional MMA Fighter compensation by any of the UFC's actual and potential competitors (identified in your response to Request No. 60, above) in the promotion of live Professional MMA Events and all other income sources, including without limitation merchandising, licensing, sponsorships, advertising, video games, and other income sources based on the use of Professional MMA Fighters' Identities.

**Document Request No. 65**

All Documents analyzing, discussing, or relating to the competitive strengths or weaknesses of actual or potential competitors (identified in your response to Request No. 60 or otherwise, above) in the promotion of live Professional MMA Events and/or in the purchase of the services of Professional MMA Fighters.

**Document Request No. 66**

All Documents referencing or relating to communications and/or negotiations with any sponsors or advertisers in connection with Your acquisition of WWE and/or UFC.

**Document Request No. 67**

All Documents and Communications referencing or relating to any Agreements entered into by You relating to Venues for Professional MMA Events, including all Agreements, all draft Agreements, and all Documents and Communications relating to negotiation of such Agreements or draft Agreements.

**Document Request No. 68**

All Documents and Communications relating to the drafting of and the reasoning behind the "Exclusivity Clause" in UFC Bout Agreements, which binds UFC Fighters into a restricted

relationship with the UFC and prohibits them from appearing in Professional MMA Bouts televised or organized by actual or potential rival promotions unless approved by the UFC.

**Document Request No. 69**

All Documents and Communications referencing or relating to the drafting of and the reasoning behind the "Champion's Clause" in UFC Bout Agreements, which allows the UFC to extend a UFC Fighter's contract for as long as the athlete is a "champion" in his or her weight class.

**Document Request No. 70**

All Documents and Communications referencing or relating to the drafting of and the reasoning behind the "Right to First Offer" and "Right to Match" Clauses in UFC Bout Agreements, which grant the UFC the option to match the financial terms and conditions of any offer made to a UFC Fighter for a Professional MMA Bout even after the UFC Fighter's contract has expired.

**Document Request No. 71**

All Documents and Communications referencing or relating to the drafting of and the reasoning behind the "Ancillary Rights Clause" in the Promotional and Ancillary Rights Agreements, which grants the UFC exclusive and perpetual worldwide personality and Identity rights of the UFC Fighter.

**Document Request No. 72**

All Documents and Communications referencing or relating to the drafting of and the reasoning behind the "Promotion Clause" in the Promotional and Ancillary Rights Agreements, which requires UFC Fighters to attend, cooperate, and assist in the promotion of Professional MMA Bouts in which they fight and, as required by the UFC, any other Professional MMA Bouts, Professional MMA Events, broadcasts, press conferences and sale of UFC Licensed Merchandise.

**Document Request No. 73**

All Documents and Communications referencing or relating to the drafting of and the reasoning behind the "Retirement Clause" which gives the UFC the power "to retain the rights to a retired fighter in perpetuity."

**Document Request No. 74**

All Documents and Communications referencing or relating to the drafting of and the reasoning behind the tolling provisions, which extend the term of a UFC Fighter's contract during periods when he or she is injured, retired, or otherwise declines to compete.

**Document Request No. 75**

All Documents and Communications referencing or relating to the drafting of and the reasoning behind the "Sponsorship and Endorsement Clause," which appears to grant the UFC sole discretion over all sponsorship and endorsement approvals.

**Document Request No. 76**

All Documents and Communications analyzing or quantifying the overall impact or effect of the contractual clauses in Zuffa or Endeavor's Promotional and Ancillary Rights Agreements on (a) UFC Fighters' mobility or compensation, and/or (b) the ability of Zuffa's competitors (as identified in your response to Request No.60, supra, or otherwise) to compete for Professional MMA Fighters services or to promote Professional MMA Events that can successfully compete against Zuffa or Endeavor.

**Document Request No. 77**

Documents sufficient to identify each of Your Employees or agents involved in approving or negotiating the terms of each of Your Agreements with any Professional MMA Fighters.

**Document Request No. 78**

All Documents and Communications relating to any Agreements between You and any other MMA Promoter (past or present) relating to a Professional MMA Fighter's services, including without limitation all executed Agreements (and any amendments thereto), draft Agreements, and all Documents and Communications relating to the negotiation of such agreements, regardless of whether an Agreement was executed.

**Document Request No. 79**

Documents sufficient to identify each of Your Employees or agents involved in approving or negotiating the terms of any Agreements or potential Agreements with any other MMA Promoter (past or present) relating to the provision of Professional MMA Fighter services.

**Document Request No. 80**

All Documents and Communications constituting or relating to Agreements between You and any broadcaster of professional MMA events (including PPV and non-PPV Professional MMA Events), including without limitation all executed Agreements (and any amendments thereto), draft Agreements, and all Documents and Communications relating to the negotiation of such Agreements, Documents and Communications analyzing the terms of any actual or potential such Agreement, regardless of whether an Agreement was executed.

**Document Request No. 81**

Documents sufficient to identify each of Your Employees and agents involved in approving or negotiating the terms of any Agreements or potential Agreements with any broadcaster of Professional MMA Events (including PPV).

**Document Request No. 82**

All Documents and Communications relating to Agreements between You and any sponsors of

the UFC or of the Professional MMA Fighters under contract with the UFC, including without limitation all executed Agreements (and any amendments thereto), draft Agreements, and all Documents and Communications relating to the negotiation of such Agreements, regardless of whether an Agreement was executed.

## Document Request No. 83

Documents sufficient to identify each of Your Employees and/or agents involved in approving or negotiating the terms of any Agreements or potential Agreements with any sponsors of the UFC or the Professional MMA Fighters under contract with the UFC.

## Document Request No. 84

All Documents referencing or relating to the ability of any UFC Fighter to switch to and/or fight for, an actual or potential rival promotion. Responsive Documents include, but are not limited to, Documents referencing or relating to the costs to UFC Fighters and/or their managers or promoters associated with such a switch, any requirements or obligations imposed by a contract between the UFC and UFC Fighters, and/or Documents concerning communications or negotiations between the UFC and UFC Fighters with respect to a switch or potential switch from the UFC to a rival MMA Promoter.

## Document Request No. 85

All communications between you and anyone else referencing or relating to this lawsuit or *Le, et al. v. Zuffa, LLC,* 2:21-cv-1189-RFB-BNW (D. Nev.), or any of the named plaintiffs in either of those cases, exclusive of any communications protected by the Attorney/Client  Privilege.

## Document Request No. 86

All Documents referencing or relating to indemnification or defense (corporate or individual), judgment sharing, joint defense, liability or responsibility for judgment in this action, for You

and any of your officers, including by way of example not limitation, indemnity Agreements, joint defense Agreements, judgment sharing Agreements, tenders of defense, denials or reservations of rights.

## Document Request No. 87

All Documents referencing or relating to any websites operated by You or on Your behalf, including Documents sufficient to show who had responsibility for creating, maintaining, and adding or deleting content (including any private messaging) to or from such websites.

## Document Request No. 88

Documents sufficient to identify each Person responsible for any Social Media account operated by or on behalf of Zuffa, including documents sufficient to show who had responsibility for creating, maintaining, and adding or deleting content (including any private messaging) to or from such Social Media accounts.

## Document Request No. 89

All contracts or Agreements between the UFC and any Social Media organization.

## Document Request No. 90

All Documents and Communications relating to any content posted to any website or Social Media relating to UFC Professional MMA Bouts, including Pre-Bout Event promotional content and Post-Bout Event content.

## Document Request No. 91

All Documents, including any content posted to any website or Social Media, referencing or relating to the Professional MMA Fighters under contract with the UFC.

## Document Request No. 92

All Documents, including any content posted to any website or Social Media, referencing or

relating to any Professional MMA Fighters not under contract with the UFC.

**Document Request No. 93**

All Documents, including any content posted to any website or Social Media, referencing or relating to any other MMA promoter, including without limitation any references to UFC's acquisition or potential acquisition of any other MMA promoter.

**Document Request No. 94**

All Documents referencing or relating to Zuffa's registration with any regulatory bodies governing the MMA industry. Include all Documents referencing or relating to any suspensions of Zuffa for any reason by any government agency or any Person responsible for regulation, supervision, licensing, permitting or safety of Professional MMA Bouts and Professional MMA Fighters.

**Document Request No. 95**

All Documents and Communications relating to Meetings or the business of Your Board of Directors, including without limitation all agendas, minutes, presentations, Agreements, and resolutions created by or for the Board of Directors, and including all Documents and Communications directed to and presented by management or outside professionals, which address capital raises, business combinations, dividends and any other executive compensation matters.

**Document Request No. 96**

All Documents and Communications reflecting or relating to Your relationship with Mubadala Investment Company, Khaldoon Al Mubarak, or any other executive, employee, agent, or representative of Mubadala Investment Company, including without limitation all Documents and Communications reflecting or relating to any financial transactions between You and

Mubadala, including without limitation any loans, purchases of equity or other ownership shares, purchases of any debt, the provision of any gifts or any other unilateral provision of anything of value, or any other transfer or exchange involving capital and/or anything of value.

## Document Request No. 97

All Documents and Communications relating to the production of any Professional MMA Event in or on any location owned or controlled by Abu Dhabi, United Arab Emirates.

## Document Request No. 98

"All Communications between You and Silver Lake Group, LLC ("SLP"), including any of its predecessors, successors, affiliates, or any Person SLP manages or controls, along with their executives, employees, agents, or representatives, relating to the acquisition of Zuffa, LLC or the merger of Zuffa Parent LLC with World Wrestling Entertainment.

## Document Request No. 99

All Communications between You and Kohlberg Kravis Roberts & Co. ("KKR"), including any of its predecessors, successors, affiliates, or any Person KKR manages or controls, along with their executives, employees, agents, or representatives, relating to the acquisition of Zuffa, LLC or the merger of Zuffa Parent LLC with World Wrestling Entertainment.

## Document Request No. 100

All Communications between You and MSD Capital, L.P. ("MSD") or its successor DFO Management ("DFO"), including any of its predecessors, successors, affiliates, or any Person MSD or DFO manages or controls, along with their executives, employees, agents, or representatives, relating to the acquisition of Zuffa, LLC or the merger of Zuffa Parent LLC with World Wrestling Entertainment.

1   WILLIAM A. ISAACSON (*Pro hac vice*)          CHRISTOPHER S. YATES (*Pro hac vice*)
    wisaacson@paulweiss.com                       chris.yates@lw.com
2   KAREN L. DUNN (*Pro hac vice*)                AARON T. CHIU (*Pro hac vice*)
    ldunn@paulweiss.com                           aaron.chiu@lw.com
3   JESSICA PHILLIPS (*Pro hac vice*)             LATHAM & WATKINS LLP
    jphillips@paulweiss.com                       505 Montgomery Street, Suite 2000
4   PAUL, WEISS, RIFKIND, WHARTON &               San Francisco, CA 94111
    GARRISON LLP
5   2001 K Street, NW                             SEAN M. BERKOWITZ (*Pro hac vice*)
    Washington, DC 20006                          sean.berkowitz@lw.com
6                                                 LATHAM & WATKINS LLP
    DONALD J. CAMPBELL (No. 1216)                 330 North Wabash Ave, Suite 2800
7   djc@campbellandwilliams.com                   Chicago, IL 60611
    J. COLBY WILLIAMS (No. 5549)
8   jcw@campbellandwilliams.com                   LAURA WASHINGTON (*Pro hac vice*)
    CAMPBELL & WILLIAMS                           laura.washington@lw.com
9   700 South 7th Street                          LATHAM & WATKINS LLP
    Las Vegas, NV 89101                           10250 Constellation Blvd, Suite 1100
10                                                Los Angeles, CA 90067

11                                                *Attorneys for Defendants Zuffa, LLC, TKO*
                                                  *Operating Company, and Endeavor Group*
12                                                *Holdings, Inc.*

13                  **UNITED STATES DISTRICT COURT**

14                       **DISTRICT OF NEVADA**

15

16
    KAJAN JOHNSON, CLARENCE DOLLAWAY,          Case No.: 2:21-cv-01189-RFB-BNW
17  and TRISTAN CONNELLY on behalf of themselves
    and all others similarly situated,         **NON-PARTY MARK SHAPIRO'S**
18                                             **RESPONSES AND OBJECTIONS TO**
                    *Plaintiffs*,              **PLAINTIFFS' SUBPOENA TO**
19                                             **PRODUCE DOCUMENTS,**
                    v.                         **INFORMATION, OR OBJECTS OR**
20                                             **TO PERMIT INSPECTION OF**
    Zuffa LLC, TKO Operating Company, LLC f/k/a **PREMISES IN A CIVIL ACTION**
21  Zuffa Parent LLC (d/b/a Ultimate Fighting
    Championship and UFC) and Endeavor Group
22  Holdings, Inc,

23                  *Defendants*.

24

25

26

27

28

1    This case is a purported class action, but none of the Named Plaintiffs can represent a class

2    since the majority of fighters within the putative class signed arbitration agreements and class

3    action waivers.  *See, e.g.*, *O'Connor v. Uber Technologies, Inc.*, 904 F.3d 1087, 1094 (9th Cir.

4    2018).  Those basic facts led counsel for the Named Plaintiffs to say "the reality is the claim has

5    little value" precisely "because the UFC started implementing arbitration clauses."  *Le et al. v.*

6    *Zuffa, LLC et al.*, Case No. 2:15-cv-01045, ECF 1036 at 86:17-87:10.  Since their claim admittedly

7    has no value and cannot be pursued on a class basis, Plaintiffs have decided to try to use discovery

8    as a weapon, presumably as part of an effort to generate leverage.  This subpoena to non-party

9    Mark Shapiro is part of that effort.  Plaintiffs' subpoena contains **95** requests for production (the

10   "Requests")—89 of which are identical to requests served upon defendants.  Including Mr.

11   Shapiro, Plaintiffs have also propounded the same exact non-party subpoena to twenty-eight non-

12   parties and are seeking documents in response to over 2,500 requests for production.

13   Pursuant to Rules 26, 34, and 45 of the Federal Rules of Civil Procedure, non-party Mark

14   Shapiro, objects to Plaintiffs' subpoena as it is neither proper, proportional to the needs of this

15   case, or appropriate given the protections afforded non-parties under Rule 45(d).  Accordingly,

16   Mr. Shapiro will not produce any documents in response to these Requests unless a court orders

17   otherwise.

## GENERAL OBJECTIONS

18

19   1.    Shapiro objects to the entirety of the 95 Requests that Plaintiffs have directed to

20   Shapiro to the extent the subpoena falls outside the territorial limits of the Court's jurisdiction.

21   2.    Shapiro objects to the entirety of the 95 Requests that Plaintiffs have directed to

22   non-party Shapiro as contradicting Plaintiffs' representation to the Court that they would require

23   only "limited discovery" in connection with this case and would only "request some limited

24   discovery." Pls.' Statement at 5-6, Discovery Plan, ECF No. 51. There is nothing "limited" about

25   95 Requests for Production that Plaintiffs have propounded to a non-party, many of which include

26   unbounded requests for "all documents" or "all communications."

27   3.    The following general objections ("General Objections") are incorporated in

28   Shapiro's Responses to each and every Request (the "Specific Objections"). The fact that

Shapiro's Response to an individual Request specifically refers to one or more of the General Objections does not mean that the other General Objections do not apply to that Request and does not waive any of the other General Objections with respect to that Request. No Response to any Request or any subpart of any Request is, or shall be deemed to be, a waiver of any of Shapiro's General Objections.

4.      Shapiro provides these Responses based on his interpretation and understanding of each Request. Shapiro reserves the right to amend and/or supplement his Responses in the event that Plaintiffs assert an interpretation that differs from Shapiro's interpretation.

5.      Shapiro makes these Responses based on facts reasonably known at the time of answering these Requests. Shapiro's investigation of the facts relating to this case is ongoing and, thus, further discovery, investigation, research, and analysis may supply additional facts, which may alter the contentions and disclosures herein. Shapiro reserves the right to supplement or amend these Responses in such an event. However, Shapiro reserves the right not to supplement his Responses to the extent additional or corrective information has otherwise been made known during the discovery process or in writing, pursuant to Federal Rule of Civil Procedure 26(e)(1)(A).

6.      Shapiro objects to the Requests on the grounds that they are premature as Plaintiffs have not exhausted party discovery. The information sought can initially be addressed through standard party discovery channels. Any commitment to produce any materials in response to these Requests, if any, is expressly conditioned on Plaintiffs first seeking these documents from the named parties through the traditional discovery channels.

7.      Shapiro objects to the Requests, and to the instructions and definitions contained therein, to the extent that they seek to impose duties or obligations beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the District of Nevada, the case law interpreting each of them, or any other laws or rules applicable to proceedings in this Court.

8.      Shapiro objects to the Requests as they call for the production of documents that are duplicative of documents already being sought from Zuffa, TKO, or Endeavor, and not likely

1  to lead to the production of unique materials from Shapiro.

2      9.    Shapiro objects to the Requests to the extent that they call for the production of

3  documents that are in whole or in part protected from disclosure by the attorney-client privilege,

4  the attorney work-product doctrine, or the joint-defense or common-interest privilege; were

5  prepared in anticipation of litigation or trial; or are subject to any other privilege, protection or

6  immunity applicable under governing law. Shapiro will not produce documents protected by such

7  privileges. To the extent that any Request may be construed as calling for the production of

8  documents or responses that are subject to any such claim of privilege, Shapiro hereby asserts the

9  applicable privilege, immunity, or protection. Specific Objections on the grounds of privilege are

10  provided for emphasis and clarity only, and the absence of a Specific Objection is neither intended,

11  nor should be interpreted, as evidence that Shapiro does not object to a specific Request on the

12  basis of an applicable privilege, immunity, or protection. Any disclosure of any such privileged or

13  protected material in response to any Request is inadvertent and not intended to waive those

14  privileges and protections. Shapiro reserves the right to demand that Plaintiffs return, destroy, or

15  sequester any privileged or protected documents produced and all copies thereof consistent with

16  Federal Rule of Civil Procedure 26(b)(5)(B).

17      10.    Shapiro objects to the Requests to the extent that they seek documents not within

18  Shapiro's possession, custody, or control or purport to require Shapiro to create documents not

19  currently in his possession, custody, or control. Shapiro further objects to the Requests to the extent

20  that they seek information that Plaintiffs equally may otherwise obtain from parties to the Action,

21  public sources or, with less burden or expense, by using other means of discovery.

22      11.    Shapiro objects to the Requests to the extent that they seek responses from persons

23  or entities other than non-party Mark Shapiro.

24      12.    Shapiro objects to the Requests to the extent they assert, imply, suggest, or are

25  premised upon any underlying express or implied assumptions of fact or law with respect to

26  matters at issue in this Action. These Responses are not intended to be, and should not be construed

27  as, an agreement or concurrence by Shapiro with Plaintiffs' characterization of any facts,

28

circumstances, and/or legal obligations. Shapiro reserves the right to contest any such characterization as inaccurate.

13.    Shapiro objects to the Requests as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent they purport to require production of "all" documents of a particular type under circumstances in which a subset of such documents would be sufficient to show the pertinent information or where such Request would require more than a reasonable, good-faith search of the places where responsive documents are likely to be found.

14.    Shapiro objects to the Requests to the extent they seek information that is not relevant to any party's claim or defense.

15.    Shapiro objects to the Requests to the extent they are not proportional to the needs of the case and to the extent they are (a) overly broad or unduly burdensome; (b) cumulative, duplicative, or repetitive; or (c) vague, ambiguous, lacking in particularity, colloquial, argumentative, capable of multiple interpretations, or unintelligible.

16.    Shapiro's objections, responses, and production of documents shall not be construed as an admission of the relevancy, materiality, authenticity, or admissibility of any document, fact, issue, or piece of information. Shapiro reserves the right to object to the admissibility in evidence of all or any part of the Responses herein. Nor does the fact that Shapiro has responded to, or failed to object to, any Request as set forth below mean that any documents responsive to such Request in fact exist, or that Shapiro acknowledges the propriety of the Request. The failure of Shapiro to make a Specific Objection to any Request is not an admission that information responsive to that Request exists, nor shall Shapiro's failure to object to any Request on a particular ground be construed as a waiver of his rights to object to such Request on that or any additional ground at any time. Any statement in these Responses that Shapiro will produce documents in response to a specific Request does not mean that Shapiro in fact has any such documents in his possession, custody, or control; that any such documents exist; or that Shapiro will search all files maintained by any person. Rather, such a statement reflects the intention of Shapiro, subject to these Responses, to conduct a reasonable search for readily accessible responsive information or documents from sources in which responsive documents that are not

otherwise protected from disclosure reasonably would be expected to be found and based on parameters agreed to by the parties.

17.     Shapiro objects to the Requests to the extent they purport to require Shapiro to search archived electronic data, "backup" files, or to restore any electronic matter on the ground that such requirements are unduly burdensome and not proportional to the needs of the case.

18.     Shapiro objects to the Requests to the extent they call for the disclosure of Shapiro's or any other person's or entity's confidential or proprietary information, trade secrets, commercial information, or other competitively sensitive information. To the extent Shapiro provides his confidential information and/or other competitively sensitive information, Shapiro will do so only subject to the terms of the protective order entered by the Court in this Action, ECF No. 123.

19.     Shapiro also objects to the Requests to the extent they seek documents that contain confidential or proprietary information; trade secrets; commercially sensitive information; other competitively sensitive information belonging to a third party but entrusted to Shapiro on conditions of confidentiality and/or non-disclosure; personal information of fighters (such as medical conditions) or, if applicable, Zuffa's or Shapiro's employees, clients, customers, or counterparties; or information that is subject to protective orders or other confidentiality undertakings or is protected from disclosure by legal protections governing the privacy rights of consumers and other persons. To the extent that Shapiro agrees to produce any such documents, such production shall be subject to and contingent upon appropriate notice to and/or consent from such third parties and to the protection of the protective order entered by the Court in this Action, ECF No. 123.

20.     Shapiro objects to the Requests to the extent they seek documents and information relating to fighters who would not be part of the putative class and, thus, would have no likelihood of leading to the discovery of relevant or admissible evidence.

21.     Shapiro objects to the definition of "Agreement" as overbroad, unduly burdensome, and impractical to the extent it includes verbal agreements. Where called for by a Request (and as agreed by Shapiro), Shapiro will produce documents that regard such verbal agreements, to the extent any such documents exist. However, where a Request asks for the production of the

1    Agreements themselves, Shapiro will not be able to produce materials reflecting verbal

2    agreements, to the extent any such verbal agreements were made.

3        22.    Shapiro objects to the definition of "Defendants" to the extent that it purports to

4    include anything other than the named Defendants in this Action: Zuffa, LLC, TKO Operating

5    Company, LLC, and Endeavor Group Holdings, Inc.

6        23.    Shapiro objects to the definition of "Electronically Stored Information" to the

7    extent it includes electronic information or data that is not reasonably accessible, or in a form

8    beyond that required by the Federal Rules of Civil Procedure. Shapiro also objects to the Definition

9    to the extent that "activity listings of electronic mail receipts and/or transmittals" is undefined.

10        24.    Shapiro objects to the definitions of "Zuffa," "Defendants," "Endeavor," "TKO,"

11    and "UFC" to the extent they encompass or purport to encompass persons or entities that are not

12    the named Defendants, and their current executives, employees, agents, owners, departments, and

13    divisions within their control. Shapiro also objects to these definitions to the extent that they

14    purport to include the subsidiaries, predecessors, successors, or affiliates of Zuffa. Shapiro further

15    objects to these definitions as vague, ambiguous, overbroad, and unduly burdensome to the extent

16    that they encompass or purport to encompass "any persons acting or purporting to act on behalf of

17    the responding Defendant." Shapiro further objects that this definition is overbroad to the extent

18    that it includes all of Zuffa's former directors, members, officers, employees, agents, or

19    representatives.

20        25.    Shapiro objects to the definition "Identify" to the extent that it calls for

21    identification of an individual's confidential personal information, including Social Security

22    numbers. Shapiro further objects to this definition to the extent it requires Shapiro to do anything

23    other than produce preexisting responsive documents within his possession, custody, or control

24    created and collected in the ordinary course of business.

25        26.    Shapiro objects to the definition of "Meeting" as overbroad and vague to the extent

26    it includes any nonscheduled or unplanned "contemporaneous presence of two or more persons

27    for any purpose."

28        27.    Shapiro objects to the definition of "Pre-Bout Event" as overbroad to the extent it

1    includes "training." Shapiro will interpret "training" in the definition of "Pre-Bout Event" as

2    though it reads "media regarding training."

3        28.    Shapiro objects to the definition of "Professional MMA Fighter" as vague,

4    ambiguous, and confusing in that it circuitously uses the term "Professional MMA Bout," which

5    in turn uses the term "Professional MMA Fighter" in its definition. Shapiro will interpret

6    "Professional MMA Fighter" to mean a person who is paid to fight in MMA bouts.

7        29.    Shapiro objects to the definition of "Zuffa" as overly broad, unduly burdensome,

8    vague, and ambiguous to the extent it purports to include or includes parties and entities outside

9    of named Defendant, Zuffa, LLC, such as predecessors, successors, affiliates, "any organization

10   or entity that it owns, manages or controls," former directors, officers, employees, employees and

11   representatives and others "purporting to act on Zuffa's behalf." Shapiro also objects to the extent

12   that these definitions seek documents from predecessor companies or entities that were acquired

13   by or merged with Zuffa.

14       30.    Shapiro objects to the definitions of "You" and "Your" to the extent that they

15   purport to include anything not in the possession, custody, or control of Shapiro. This includes

16   anything in the possession, custody, or control of any organization or entity which Shapiro

17   manages, controls, has an ownership interest in, or is employed by, as well as any employees,

18   agents, representatives, or persons acting or purporting to act on Shapiro's behalf. Shapiro further

19   objects to the definitions of "You" and "Your" on the ground that Plaintiffs' definition of "You"

20   and "Your" is overly broad, imposes burdens and expenses that outweigh its likely benefit, is

21   disproportionate to the needs of this case, seeks materials that are not relevant to any party's claim

22   or defense in this case, and/or calls for Shapiro to provide information protected by attorney-client

23   privilege, work product doctrine, or other privileges and protections.

24       31.    To the extent Shapiro possesses any non-objectionable, non-privileged documents

25   and/or data that are responsive to the Requests, Shapiro will produce documents and/or data as

26   they are kept in the usual course of business, and will produce them in a reasonable format, at a

27   reasonable time, and at a reasonable location to be mutually agreed upon by the parties. Shapiro

28   objects to the extent any Request calls for data to be provided in ways that are not done in the

1    normal course of business. Shapiro objects to contrary instructions.

2        32.    Shapiro objects to Instruction No. 1 to the extent that it requires or purports to

3    require Shapiro to conduct anything beyond a reasonable search for documents within his

4    possession, custody, or control.

5        33.    Shapiro objects to Instruction No. 2 as beyond the requirements of Federal Rules

6    of Civil Procedure 26 and 34. To the extent responsive documents are withheld on a basis of

7    privilege, Shapiro will produce a privilege log in the form agreed upon by the parties.

8        34.    Shapiro objects to Instruction No. 3 and each Request to the extent they purport to

9    require the production of original documents. Shapiro will make available legible copies of

10    responsive documents, to the extent any exist, to Plaintiffs' attorneys. Shapiro reserves the right to

11    make original documents available on his own premises.

12        35.    Shapiro objects to Instruction No. 5 to the extent that it requires or purports to

13    require the production of Documents otherwise uncalled for by the Requests or the stipulation

14    regarding the production of electronically stored information. Shapiro also objects to the

15    Instruction to the extent that it purports to impose obligations beyond those required by the Federal

16    Rules of Civil Procedure.

17        36.    Shapiro objects to Instruction No. 6 to the extent that it purports to require

18    production of documents in a manner that exceeds the stipulation regarding production of

19    electronically stored information. Shapiro also objects to the Instruction to the extent that it

20    purports to impose obligations beyond those required by the Federal Rules of Civil Procedure.

21        37.    Shapiro objects to Instruction No. 7 to the extent that it purports to require Shapiro

22    to disclose information that constitutes or reflects attorney work product or is otherwise protected

23    from disclosure under any other privilege, protection or immunity applicable under the governing

24    law.

25        38.    Shapiro objects to Instruction No. 8 to the extent it purports to require Shapiro to

26    do more than undertake a reasonable and diligent search for responsive documents. Shapiro further

27    objects to this Instruction to the extent that it purports to require Shapiro to maintain information

28    about documents that may no longer exist and to the extent that it purports to impose obligations

1    beyond those required by the Federal Rules of Civil Procedure or Local Rules for the United States

2    District Court for the District of Nevada, case law interpreting each of them, or any other laws or

3    rules applicable to proceedings in this Court.

4        39.    Shapiro objects to Instruction No. 9 to the extent that the Instruction purports to

5    require preservation of "all" data and metadata as overbroad and burdensome. Shapiro also objects

6    to the Instruction to the extent that it purports to impose obligations beyond those required by the

7    Federal Rules of Civil Procedure.

8        40.    Shapiro objects to Instruction Nos. 10 through 17 to the extent that they purport to

9    require production of documents in a manner that exceeds the stipulation regarding production of

10   electronically stored information. Shapiro also objects to Instruction Nos. 10 through 17 to the

11   extent that they purport to impose obligations beyond those required by the Federal Rules of Civil

12   Procedure.

13       41.    Shapiro objects to Instruction No. 18 to the extent that it purports to impose

14   obligations beyond those required by the Federal Rules of Civil Procedure. For any information

15   stored in a database, Shapiro will meet and confer with Plaintiffs regarding the information

16   available and produce data in a useable format, to the extent any such data exists and is responsive

17   to the Requests.

18       42.    Shapiro objects to Instruction Nos. 20, 22, and 23 to the extent they impose or

19   purport to impose duties or obligations beyond those imposed by the Federal Rules of Civil

20   Procedure, the Local Rules for the United States District Court for the District of Nevada, the case

21   law interpreting each of them, or any other laws or rules applicable to proceedings in this Court.

22       43.    Shapiro objects that the Relevant Time Period beginning on January 1, 2015, is

23   overbroad because it stretches well beyond the period which is the basis of this Action. Shapiro

24   also objects to the definition of "Relevant Time Period" because "ends when the alleged illegal

25   activity ceases" is vague, ambiguous, and impractical. There has never been any illegal activity by

26   Zuffa.

27

28

44.     These General Objections are incorporated into each one of the following Responses and shall be deemed continuing as to each response. These General Objections are not waived, or in any way limited, by the following Responses.

## SPECIFIC OBJECTIONS

### REQUEST FOR PRODUCTION NO. 1:

Documents sufficient to identify each electronic device that You used to transmit or receive Communications during the Relevant Time Period, including but not limited to cellular telephones, laptop or notebook computers, desktop computers, and portable tablets, including but not limited to Any electronic device that You purchased, that was purchased for You, or that was issued to You by Defendants.

### RESPONSE TO REQUEST NO. 1:

In addition to the General Objections set forth above, Shapiro objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses, including because it calls for "each" and "Any electronic device" used by a non-party over a ten year time period, extending beyond the time period relevant to this Action. Shapiro further objects to this Request as impermissibly propounding an interrogatory on a non-party by means of a request for production of documents. Shapiro further objects to this Request as improperly bypassing party discovery. Plaintiffs and Zuffa have been actively meeting and conferring over party discovery, and this Request seeks to circumvent that process.

Shapiro will not produce documents in response to this Request.

### REQUEST FOR PRODUCTION NO. 2:

Documents sufficient to identify the telephone number and provider or carrier of each cellular telephone identified in response to Request No. 1.

### RESPONSE TO REQUEST NO. 2:

In addition to the General Objections set forth above, Shapiro objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses, including because it calls for "each cellular

1  telephone" used by a non-party over a ten year time period, extending beyond the time period

2  relevant to this Action. Shapiro further objects to this Request as impermissibly propounding an

3  interrogatory on a non-party by means of a request for production of documents. Shapiro further

4  objects to this Request as improperly bypassing party discovery. Plaintiffs and Zuffa have been

5  actively meeting and conferring over party discovery, and this Request seeks to circumvent that

6  process.

7         Shapiro will not produce documents in response to this Request.

8  **REQUEST FOR PRODUCTION NO. 3:**

9         Documents sufficient to identify when You first started using and, if applicable, when You

10  stopped using, each mobile telephone number identified in response to Request No. 2.

11  **RESPONSE TO REQUEST NO. 3:**

12        In addition to the General Objections set forth above, Shapiro objects to this Request as

13  overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

14  that is not relevant to any party's claims or defenses, including because it calls for information

15  about "each mobile telephone number" used by a non-party over a ten year time period, extending

16  beyond the time period relevant to this Action. Shapiro further objects to this Request as

17  impermissibly propounding an interrogatory on a non-party by means of a request for production

18  of documents. Shapiro further objects to this Request as improperly bypassing party discovery.

19  Plaintiffs and Zuffa have been actively meeting and conferring over party discovery, and this

20  Request seeks to circumvent that process.

21        Shapiro will not produce documents in response to this Request.

22  **REQUEST FOR PRODUCTION NO. 4:**

23        Documents sufficient to identify each messaging account or social media account that You

24  used during the Relevant Time Period, including but not limited to Discord, Facebook, Google

25  Chat, iMessage, Instagram, Kik, Microsoft Teams, Signal, Skype, Slack, Snapchat, Telegram,

26  TikTok, Truth Social, Whatsapp, WeChat, Zoom, etc.

27  **RESPONSE TO REQUEST NO. 4:**

28        In addition to the General Objections set forth above, Shapiro objects to this Request as

1 overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

2 that is not relevant to any party's claims or defenses, including because it calls for "each messaging

3 account or social media account" used by a non-party over a ten year time period, extending

4 beyond the time period relevant to this Action. Shapiro further objects to this Request as

5 impermissibly propounding an interrogatory on a non-party by means of a request for production

6 of documents. Shapiro further objects to this Request as improperly bypassing party discovery.

7 Plaintiffs and Zuffa have been actively meeting and conferring over party discovery, and this

8 Request seeks to circumvent that process.

9      Shapiro will not produce documents in response to this Request.

10 **REQUEST FOR PRODUCTION NO. 5:**

11      Documents sufficient to identify All username(s) and social media handle(s) for each

12 account identified in response to Request No. 4.

13 **RESPONSE TO REQUEST NO. 5:**

14      In addition to the General Objections set forth above, Shapiro objects to this Request as

15 overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

16 that is not relevant to any party's claims or defenses, including because it calls for "All username(s)

17 and social media handle(s)" used by a non-party over a ten year time period, extending beyond the

18 time period relevant to this Action. Shapiro further objects to this Request as impermissibly

19 propounding an interrogatory on a non-party by means of a request for production of documents.

20 Shapiro further objects to this Request as improperly bypassing party discovery. Plaintiffs and

21 Zuffa have been actively meeting and conferring over party discovery, and this Request seeks to

22 circumvent that process.

23      Shapiro will not produce documents in response to this Request.

24 **REQUEST FOR PRODUCTION NO. 6:**

25      Documents sufficient to identify each email account that You used during the Relevant

26 Time Period.

27 **RESPONSE TO REQUEST NO. 6:**

28      In addition to the General Objections set forth above, Shapiro objects to this Request as

1    overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

2    that is not relevant to any party's claims or defenses, including because it calls for "each email

3    account" used by a non-party over a ten year time period, extending beyond the time period

4    relevant to this Action. Shapiro further objects to this Request as impermissibly propounding an

5    interrogatory on a non-party by means of a request for production of documents. Shapiro further

6    objects to this Request as improperly bypassing party discovery. Plaintiffs and Zuffa have been

7    actively meeting and conferring over party discovery, and this Request seeks to circumvent that

8    process.

9        Shapiro will not produce documents in response to this Request.

10    **REQUEST FOR PRODUCTION NO. 7:**

11        All Documents and Communications in Your possession relating to the changes in

12    ownership of the MMA blog at http://www.bloodyelbow.com in or around January 2023 and in or

13    around March 2024, including, without limitation, any materials relating to Defendants'

14    acquisition of full or partial ownership in the blog, any efforts made by You, by Defendants, or on

15    Defendants' behalf to obtain full or partial ownership in the blog, any materials reflecting any

16    consideration by Defendants of taking any action to obtain full or partial ownership in the blog,

17    and/or any materials reflecting any effort by You, Defendants, or on Defendants' behalf to

18    influence the prior owner's(s') decision to sell or new owner's(s') decision to buy the blog or the

19    terms of such transaction (including any financial assistance offered or provided to any new

20    owners).

21    **RESPONSE TO REQUEST NO. 7:**

22        In addition to the General Objections set forth above, Shapiro objects to this Request as

23    overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

24    that is not relevant to any party's claims or defenses, including because it calls for "All Documents

25    and Communications" and seeks documents prior to the date in which TKO acquired the assets of

26    UFC. Shapiro also objects that the phrases "any consideration," "influence" and "on Your behalf"

27    as used in this Request are vague and ambiguous. Shapiro further objects to the extent this Request

28    calls for documents protected from disclosure by the attorney-client privilege, work-product

1    doctrine, or any other applicable privilege. Shapiro further objects to this Request as duplicative

2    of Request No. 72 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over

3    this same Request, and thus this Request improperly seeks to bypass party discovery.

4        Shapiro will not produce documents in response to this Request.

5    **REQUEST FOR PRODUCTION NO. 8:**

6        All Documents and Communications in Your possession relating to any efforts made by

7    Defendants or on Defendants' behalf to influence the content available on the MMA blog at

8    http://www.bloodyelbow.com, including, without limitation, materials relating to content that was

9    removed after the change in ownership of the blog in or around the first quarter of 2024.

10   **RESPONSE TO REQUEST NO. 8:**

11       In addition to the General Objections set forth above, Shapiro objects to this Request as

12   overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

13   that is not relevant to any party's claims or defenses, including because it calls for "All Documents

14   and Communications." Shapiro also objects that the phrases "influence" and "on Your behalf" as

15   used in this Request are vague and ambiguous. Shapiro further objects to this Request as

16   duplicative of Request No. 73 to Zuffa. Zuffa has been actively meeting and conferring with

17   Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

18   discovery.

19       Shapiro will not produce documents in response to this Request.

20   **REQUEST FOR PRODUCTION NO. 9:**

21       All Documents and Communications relating to any request by UFC Fighters, MMA

22   Fighters contracted with other MMA Promotions, or other MMA Promotions to match one or more

23   UFC Fighters in one or more bouts with MMA Fighters contracted with another MMA Promotion,

24   including, without limitation, materials reflecting Your consideration of such requests, the terms

25   offered or otherwise considered by You for such bout(s) or events, and/or the potential benefits (or

26   lack thereof) of promoting such bout(s) or events.

27   **RESPONSE TO REQUEST NO. 9:**

28       In addition to the General Objections set forth above, Shapiro objects to this Request as

1   overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

2   that is not relevant to any party's claims or defenses, including because it calls for "All Documents

3   and Communications" over a ten year time period, extending beyond the time period relevant to

4   this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Shapiro

5   also objects that the phrases "Your consideration," "otherwise considered," and "potential benefits

6   (or lack thereof)" as used in this Request are vague and ambiguous. Shapiro further objects to this

7   Request as seeking documents and information relating to fighters who would not be members of

8   the putative class and, thus, would have no likelihood of leading to the discovery of relevant or

9   admissible evidence. Shapiro further objects to this Request as duplicative of Request No. 74 to

10  Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and

11  thus this Request improperly seeks to bypass party discovery.

12          Shapiro will not produce documents in response to this Request.

13  **REQUEST FOR PRODUCTION NO. 10:**

14          All Documents and Communications relating to Francis Ngannou leaving the UFC for the

15  Professional Fighters League, including, without limitation, materials reflecting and/or otherwise

16  concerning the unsuccessful negotiations between Mr. Ngannou (and/or his representatives) and

17  the UFC to re-sign with the UFC, Documents and Communications with UFC Fighters and their

18  representatives, agents, or managers concerning their own contract negotiations and the impact. of

19  Mr. Ngannou's departure on those negotiations, internal Documents and Communications

20  analyzing the impact of Mr. Ngannou's departure on contract negotiations with UFC Fighters

21  (including as to both the financial and non-financial terms negotiated), and any changes You made

22  to the contract terms You offered to UFC Fighters based in whole or in any part on the unsuccessful

23  negotiations with Mr. Ngannou.

24  **RESPONSE TO REQUEST NO. 10:**

25          In addition to the General Objections set forth above, Shapiro objects to this Request as

26  overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

27  that is not relevant to any party's claims or defenses, including because it calls for "All Documents

28  and Communications" over a ten year time period, extending beyond the time period relevant to

this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Shapiro also objects that the phrases "otherwise concerning" and "unsuccessful negotiations" as used in this Request are vague and ambiguous. Shapiro further objects to the extent this Request calls for documents protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Shapiro further objects to this Request as seeking documents and information relating to fighters who would not be members of the putative class and, thus, would have no likelihood of leading to the discovery of relevant or admissible evidence. Shapiro further objects to this Request as duplicative of Request No. 75 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Shapiro will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents and Communications concerning the rankings of UFC's Fighters, including, without limitation, materials relating to any internal rankings of UFC Fighters, all criteria and bases the UFC uses to assign UFC Fighters with their ranking in such internal rankings, and the rankings the UFC has assigned to UFC Fighters over time, and any external rankings (e.g., consensus rankings, rankings by particular media outlets, etc.) that the UFC uses to make or considers in making any business decisions (e.g., matchmaking, determining UFC Fighter compensation, determining whether to contract with or extend a contract with an MMA Fighter), the formula and/or process by which such rankings are determined, the way the UFC uses or considers such external rankings, and the external rankings assigned to UFC Fighters that the UFC has used over time.

**RESPONSE TO REQUEST NO. 11:**

In addition to the General Objections set forth above, Shapiro objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses, including because it calls for "All Documents and Communications" over a ten year time period, extending beyond the time period relevant to this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Shapiro

1    disputes the distinction between "internal" and "external" rankings. Shapiro also objects that the

2    phrases "any business decision," "uses to make or considers in making" and "uses or considers"

3    are vague and ambiguous. Shapiro further objects to this Request to the extent that it seeks public

4    information—including information in Plaintiffs' control—that is readily accessible by Plaintiffs

5    and which should be collected by Plaintiffs under the reasonableness and proportionality standards

6    set forth in the Federal Rules of Civil Procedure. Shapiro additionally objects that this Request

7    calls for documents protected from disclosure by the attorney-client privilege, work-product

8    doctrine, or any other applicable privilege. Shapiro further objects to this Request as seeking

9    documents and information relating to fighters who would not be members of the putative class

10    and, thus, would have no likelihood of leading to the discovery of relevant or admissible evidence.

11    Shapiro further objects to this Request as duplicative of Request No. 76 to Zuffa. Zuffa has been

12    actively meeting and conferring with Plaintiffs over this same Request, and thus this Request

13    improperly seeks to bypass party discovery.

14        Shapiro will not produce documents in response to this Request.

15    **REQUEST FOR PRODUCTION NO. 12:**

16        A complete set of the data the UFC maintains comprising Fighter and bout statistics,

17    including the data previously maintained by FightMetric and the "record book" as referenced at

18    http://statleaders.ufc.com.

19    **RESPONSE TO REQUEST NO. 12:**

20        In addition to the General Objections set forth above, Shapiro objects to this Request as

21    overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

22    that is not relevant to any party's claims or defenses, including because it calls for information

23    over a ten year time period, extending beyond the time period relevant to this Action, and it is not

24    limited in scope to the claims or defenses at issue in this Action. Shapiro further objects to this

25    Request as vague, ambiguous, confusing, and incomplete because it uses the capitalized term

26    "Fighter," which is not otherwise defined. Shapiro further objects that the phrase "complete set of

27    data" as used in this Request is vague and ambiguous. Shapiro further objects to this Request to

28    the extent that it seeks public information—including information in Plaintiffs' control—that is

1   readily accessible by Plaintiffs and which should be collected by Plaintiffs under the

2   reasonableness and proportionality standards set forth in the Federal Rules of Civil Procedure.

3   Shapiro further objects to this Request as seeking documents and information relating to fighters

4   who would not be members of the putative class and, thus, would have no likelihood of leading to

5   the discovery of relevant or admissible evidence. Shapiro further objects to this Request as

6   duplicative of Request No. 77 to Zuffa. Zuffa has been actively meeting and conferring with

7   Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

8   discovery.

9       Shapiro will not produce documents in response to this Request.

10  **REQUEST FOR PRODUCTION NO. 13:**

11      All Documents and Communications relating to Your acquisition of FightMetric and its

12  MMA statistics data, including, without limitation, materials relating to the business or strategic.

13  purpose(s) of acquiring FightMetric and the amount paid for FightMetric

14  **RESPONSE TO REQUEST NO. 13**

15      In addition to the General Objections set forth above, Shapiro objects to this Request as

16  overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

17  that is not relevant to any party's claims or defenses, including because it calls for "All Documents

18  and Communications" over a ten year time period, extending beyond the time period relevant to

19  this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Shapiro

20  also objects that the phrase "without limitation" as used in this Request is vague and ambiguous.

21  Shapiro additionally objects that this Request calls for documents protected from disclosure by the

22  attorney-client privilege, work-product doctrine, or any other applicable privilege. Shapiro further

23  objects to this Request as duplicative of Request No. 78 to Zuffa. Zuffa has been actively meeting

24  and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to

25  bypass party discovery.

26      Shapiro will not produce documents in response to this Request.

27  **REQUEST FOR PRODUCTION NO. 14:**

28      All Communications (including Documents attached to such Communications) between

1  You and the following Persons relating to their potential testimony in the Le v. Zuffa, LLC, No. 15-

2  cv-1045 (D. Nev.) trial: (a) Ali Abdelaziz; (b) Shannon Knapp; (c) Michael Bisping; (d) Donald

3  Cerrone; (e) Michael Chandler; (f) Chael Sonnen; (g) Miesha Tate; (h) Jason House; (i) Josh Jones;

4  (j) Dan Lambert; (k) Jeffrey Aronson; (l) Carlos Silva; and (m) Ed Soares.

5  **RESPONSE TO REQUEST NO. 14:**

6      In addition to the General Objections set forth above, Shapiro objects to this Request as

7  overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

8  that is not relevant to any party's claims or defenses, including because it calls for "All

9  Communications" over a ten year time period, extending beyond the time period relevant to this

10  Action, and it is not limited in scope to the claims or defenses at issue in this Action. Shapiro

11  further objects to the extent this Request calls for documents protected from disclosure by the

12  attorney- client privilege, work-product doctrine, or any other applicable privilege. Shapiro further

13  objects to this Request as duplicative of Request No. 79 to Zuffa. Zuffa has been actively meeting

14  and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to

15  bypass party discovery.

16      Shapiro will not produce documents in response to this Request.

17  **REQUEST FOR PRODUCTION NO. 15:**

18      Documents and Communications sufficient to show the financial results of the boxing

19  event featuring the bout between Conor McGregor and Floyd Mayweather Jr. that took place on

20  or about August 26, 2017, including, without limitation, how much each athlete was paid, the total

21  revenues generated by the event (and the sources of the various components of revenue), and the

22  total expenses incurred (and a breakdown of those expenses).

23  **RESPONSE TO REQUEST NO.15:**

24      In addition to the General Objections set forth above, Shapiro objects to this Request as

25  overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

26  that is not relevant to any party's claims or defenses, including because it calls for information

27  over a ten year time period, extending beyond the time period relevant to this Action, and it is not

28  limited in scope to the claims or defenses at issue in this Action. Shapiro also objects that the

phrase "financial results" as used in this Request is vague and ambiguous. Shapiro further objects to this Request as duplicative of Request No. 80 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Shapiro will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents and Communications relating to the negotiations with Conor McGregor concerning his appearance in the bout between Conor McGregor and Floyd Mayweather Jr. that ultimately took place on or about August 26, 2017, including any promotional and ancillary rights agreement signed by Mr. McGregor, any agreement with any changes to Mr. McGregor's UFC promotional and ancillary rights agreement or any determination by You to not enforce any part of the UFC promotional and ancillary rights agreement with Mr. McGregor, and/or the bases for the UFC's decision to change or otherwise not enforce any part of the UFC promotional and ancillary rights agreement with Mr. McGregor.

**RESPONSE TO REQUEST NO. 16:**

In addition to the General Objections set forth above, Shapiro objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses, including because it calls for "All Documents and Communications" over a ten year time period, extending beyond the time period relevant to this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Shapiro further objects to the extent this Request calls for documents protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Shapiro further objects to this Request as duplicative of Request No. 81 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Shapiro will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 17:**

All Agreements between You and Mayweather Promotions, The Money Team, Showtime,

1    and McGregor Promotions relating to the Mayweather vs. McGregor bout and/or event that took

2    place on or about August 26, 2017, as well as any Agreements in Your possession, custody, or

3    control among or between any or all of those entities.

4    **RESPONSE TO REQUEST NO. 17:**

5        In addition to the General Objections set forth above, Shapiro objects to this Request as

6    overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

7    that is not relevant to any party's claims or defenses, including because it calls for "All

8    Agreements" over a ten year time period, extending beyond the time period relevant to this Action,

9    and it is not limited in scope to the claims or defenses at issue in this Action. Shapiro further objects

10   to this Request as duplicative of Request No. 82 to Zuffa. Zuffa has been actively meeting and

11   conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass

12   party discovery.

13       Shapiro will not produce documents in response to this Request.

14   **REQUEST FOR PRODUCTION NO. 18:**

15       All Documents and Communications relating to Leslie Smith's unionization effort,

16   including materials relating to Project Spearhead and her allegations (and any related

17   administrative, legal, or regulatory proceeding) that You committed unfair labor practices when

18   she was terminated from the UFC.

19   **RESPONSE TO REQUEST NO. 18:**

20       In addition to the General Objections set forth above, Shapiro objects to this Request as

21   overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

22   that is not relevant to any party's claims or defenses, including because it calls for "All Documents

23   and Communications" over a ten year time period, extending beyond the time period relevant to

24   this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Shapiro

25   also objects that the phrase "unionization effort" as used in this Request is vague and ambiguous.

26   Shapiro disputes Plaintiffs' assertion that TKO "committed unfair labor practices." Shapiro further

27   objects to the extent this Request calls for documents protected from disclosure by the attorney-

28   client privilege, work-product doctrine, or any other applicable privilege. Shapiro further objects

to this Request to the extent that it seeks public information—including information in Plaintiffs' control—that is readily accessible by Plaintiffs and which should be collected by Plaintiffs under the reasonableness and proportionality standards set forth in the Federal Rules of Civil Procedure. Shapiro further objects to this Request as duplicative of Request No. 83 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Shapiro will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents and Communications relating to the effort by certain UFC Fighters and others to create the Mixed Martial Arts Athletes Association ("MMAAA"), including, without limitation, any materials reflecting MMAAA's effort to obtain an out-of-court financial settlement for any alleged legal claims, any materials relating to MMAAA's expressed goal of increasing the revenue share the UFC pays to UFC Fighters, and any discussions relating to insurance and pension packages for UFC athletes. Responsive Documents and Communications also include any materials relating to the reported meeting between Donald Cerrone and Dana White that transpired on or about December 8, 2016 concerning the MMAAA and any follow-up concerning such meeting.

**RESPONSE TO REQUEST NO. 19:**

In addition to the General Objections set forth above, Shapiro objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses, including because it calls for "All Documents and Communications" over a ten year time period, extending beyond the time period relevant to this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Shapiro further objects to this Request as seeking documents and information relating to fighters who would not be members of the putative class and, thus, would have no likelihood of leading to the discovery of relevant or admissible evidence. Shapiro further objects to the extent this Request calls for documents protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Shapiro further objects to this Request to the extent that

1   it seeks public information—including information in Plaintiffs' control—that is readily accessible

2   by Plaintiffs and which should be collected by Plaintiffs under the reasonableness and

3   proportionality standards set forth in the Federal Rules of Civil Procedure. Shapiro further objects

4   to this Request as duplicative of Request No. 84 to Zuffa. Zuffa has been actively meeting and

5   conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass

6   party discovery.

7         Shapiro will not produce documents in response to this Request.

8   **REQUEST FOR PRODUCTION NO. 20:**

9         All Documents and Communications relating to the UFC's business strategy for

10  Professional MMA Events and/or Professional MMA Bouts held at UFC Apex, including

11  Documents and Communications discussing the reasons for creating and/or establishing the UFC

12  Apex, how UFC determines which Professional MMA Events and/or Professional MMA Bouts

13  will be held at the Apex, and why any Professional MMA Events and/or Professional MMA Bouts

14  were held at the Apex.

15  **RESPONSE TO REQUEST NO. 20:**

16        In addition to the General Objections set forth above, Shapiro objects to this Request as

17  overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

18  that is not relevant to any party's claims or defenses, including because it calls for "All Documents

19  and Communications" over a ten year time period, extending beyond the time period relevant to

20  this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Shapiro

21  further objects that the phrase "business strategy" as used in this Request is vague and ambiguous.

22  Shapiro further objects to this Request as duplicative of Request No. 85 to Zuffa. Zuffa has been

23  actively meeting and conferring with Plaintiffs over this same Request, and thus this Request

24  improperly seeks to bypass party discovery.

25        Shapiro will not produce documents in response to this Request.

26  **REQUEST FOR PRODUCTION NO. 21:**

27        All monthly and annual financial documents relating to the business operations at the UFC

28  Apex, including without limitation all audited financial statements, balance sheets, income

1   statements, profit and loss reports, margin analyses, equity valuations, asset appraisals, financial

2   models, budgets (proposed or otherwise), investor presentations, margin analyses, pro formas,

3   regulatory filings (including income tax returns), issuance of equity or debit, loans, and money

4   owed or receivable, and any other form of financial reporting.

5   **RESPONSE TO REQUEST NO. 21:**

6        In addition to the General Objections set forth above, Shapiro objects to this Request as

7   overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

8   that is not relevant to any party's claims or defenses, including because it calls for "All" monthly

9   and annual financial documents over a ten year time period, extending beyond the time period

10  relevant to this Action, and it is not limited in scope to the claims or defenses at issue in this Action.

11  Shapiro further objects that the phrases "financial documents," "business operations," and "any

12  other form of financial reporting" as used in this Request are vague and ambiguous. Shapiro further

13  objects to this Request as duplicative of Request No. 86 to Zuffa. Zuffa has been actively meeting

14  and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to

15  bypass party discovery.

16       Shapiro will not produce documents in response to this Request.

17  **REQUEST FOR PRODUCTION NO. 22**

18       All Documents and Communications relating to any changes in the form and/or structure

19  of revenues the UFC received for its broadcast rights, including, without limitation, Documents

20  and Communications relating to changes in structure of PPV revenues received by the UFC and

21  paid by ESPN following the UFC's 2019 broadcast rights deal with ESPN, including materials

22  analyzing such changes and any corresponding changes in business practices or operations the

23  UFC considered implementing based on such change in structure.

24  **RESPONSE TO REQUEST NO. 22:**

25       In addition to the General Objections set forth above, Shapiro objects to this Request as

26  overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

27  that is not relevant to any party's claims or defenses, including because it requests "All Documents

28  and Communications" over a ten year time period, extending beyond the time period relevant to

1 | this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Shapiro

2 | further objects that the phrases "materials analyzing such changes," "corresponding changes," and

3 | "considered implementing" as used in this Request are vague and ambiguous. Shapiro further

4 | objects to the extent this Request calls for documents protected from disclosure by the attorney-

5 | client privilege, work-product doctrine, or any other applicable privilege. Shapiro further objects

6 | to this Request as duplicative of Request No. 87 to Zuffa. Zuffa has been actively meeting and

7 | conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass

8 | party discovery.

9 | Shapiro will not produce documents in response to this Request.

10 | **REQUEST FOR PRODUCTION NO. 23:**

11 | All Documents and Communications relating to Zuffa's acquisition of the UFC, including,

12 | without limitation, the Agreement(s) setting for the terms of sale, any planned business strategies

13 | supporting Zuffa's decision to purchase the UFC, and any Documents or Communications relating

14 | to Zuffa's forecasted revenues and/or other financials created by Zuffa or its agents prior to the

15 | sale of the UFC to Zuffa. For clarity, the Relevant Time Period for this Request commences

16 | January 1, 1993 and extends through the present.

17 | **RESPONSE TO REQUEST NO. 23:**

18 | In addition to the General Objections set forth above, Shapiro objects to this Request as

19 | overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

20 | that is not relevant to any party's claims or defenses, including because it calls for "All Documents

21 | and Communications" over a thirty-two year time period, extending beyond the time period

22 | relevant to this Action, and it is not limited in scope to the claims or defenses at issue in this Action.

23 | Shapiro also objects that the phrases "planned business strategies," "supporting," and "other

24 | financials" as used in this Request are vague and ambiguous. Shapiro further objects to the extent

25 | this Request calls for documents protected from disclosure by the attorney-client privilege, work-

26 | product doctrine, or any other applicable privilege. Shapiro further objects to this Request as

27 | duplicative of Request No. 88 to Zuffa. Zuffa has been actively meeting and conferring with

28 | Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

1    discovery.

2          Shapiro will not produce documents in response to this Request.

3    **REQUEST FOR PRODUCTION NO. 24:**

4          All Documents and Communications relating to any contention Zuffa may make in this

5    litigation that it built or otherwise substantially contributed to the growth of the sport of MMA,

6    including, without limitation, any Documents and Communications relating to Zuffa's efforts to

7    secure licensing or other certification or legal standing of Professional MMA Events in any state

8    jurisdiction, any investments Zuffa made in building the MMA Industry distinct from investments

9    Zuffa made in building the UFC, and any materials reflecting the state of the MMA Industry and

10   its size and growth potential prior to Zuffa's acquisition of the UFC. For clarity, the Relevant Time

11   Period for this Request commences January 1, 1993 and extends through the present.

12   **RESPONSE TO REQUEST NO. 24:**

13         In addition to the General Objections set forth above, Shapiro objects to this Request as

14   overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

15   that is not relevant to any party's claims or defenses, including because it calls for "All Documents

16   and Communications" over a thirty-two year time period, extending beyond the time period

17   relevant to this Action, and it is not limited in scope to the claims or defenses at issue in this Action.

18   Shapiro further objects that the phrases "contention," "efforts," "the state of the MMA Industry,"

19   and "growth potential" as used in this Request are vague and ambiguous. Shapiro further objects

20   to the extent this Request calls for documents protected from disclosure by the attorney-client

21   privilege, work-product doctrine, or any other applicable privilege. Shapiro further objects to this

22   Request as duplicative of Request No. 89 to Zuffa. Zuffa has been actively meeting and conferring

23   with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

24   discovery.

25         Shapiro will not produce documents in response to this Request.

26   **REQUEST FOR PRODUCTION NO. 25:**

27         All Documents and Communications produced by You in response to discovery requests

28   served by the plaintiffs in Le, et al. v. Zuffa, LLC, 2:21-cv-1189-RFB-BNW (D. Nev.) and/or

1  received by you in response to discovery requests or subpoenas served by You, in Le, et al. v.

2  Zuffa, LLC, 2:21-cv-1189-RFB-BNW (D. Nev.). The Relevant Time Period set forth above does

3  not apply to this Request.

4  **RESPONSE TO REQUEST NO. 25:**

5  　　In addition to the General Objections set forth above, Shapiro objects to this Request as

6  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

7  calculated to lead to the discovery of relevant or admissible evidence, including because it requests

8  documents outside of the relevant time period and which otherwise have no bearing on the claims

9  or defenses at issue in this Action. Shapiro also objects to this Request to the extent it seeks

10  documents and information subject to the protective order issued by the Court in Le, et al. v. Zuffa,

11  LLC, 2:21-cv-1189-RFB-BNW (D. Nev.). Shapiro objects that this Request is unintelligible

12  because the case citation refers to a case name that is different from the case number cited. Shapiro

13  further objects to this Request as duplicative of Request No. 1 to Zuffa. Zuffa has been actively

14  meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly

15  seeks to bypass party discovery.

16  　　Shapiro will not produce documents in response to this Request.

17  **REQUEST FOR PRODUCTION NO. 26:**

18  　　All Documents and Communications produced by You to any government or government

19  agency in response to any investigative demand or other request from the U.S. Department of

20  Justice, the U.S. Federal Trade Commission, any state regulatory agency, or any foreign regulatory

21  agency related to: (a) Your policies, practices, guidelines, and training directed to compliance with

22  U.S. governmental regulatory agencies, or any foreign regulatory agency, including all Documents

23  concerning the creation of such policies, and any statements signed by Your employees or agents

24  acknowledging their receipt of or compliance with Your compliance policies; (b) the acquisition

25  of Zuffa or any parent of or successor to Zuffa by Endeavor Group Holdings, Inc.; or (c) the merger

26  of Zuffa or any parent of or successor to Zuffa with World Wrestling Entertainment, Inc. (a/k/a

27  WWE) or any parent of or successor to World Wrestling Entertainment, Inc. Explicitly included

28  within the scope of this Interrogatory is any correspondence or documents exchanged between

1   You and the U.S. Department of Justice, including documents reflecting or constituting any

2   Communications with former Assistant Attorney General for the Department of Justice Antitrust

3   Division Makan Delrahim, relating to Le, et al. v. Zuffa, LLC, 2:21-cv-1189-RFBBNW (D. Nev.).

4   **RESPONSE TO REQUEST NO. 26:**

5       In addition to the General Objections set forth above, Shapiro objects to this Request as

6   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

7   calculated to lead to the discovery of relevant or admissible evidence, including because it seeks

8   documents produced to "any government or government agency in response to any investigative

9   demand or other request" related to a wide range of topics that have no relevance to the claims or

10  defenses at issue in this Action, including because they relate to transactions that are not challenged

11  or at issue in this Action. Shapiro also objects that the phrase "directed to compliance with" is

12  vague, ambiguous, and unintelligible as written. Shapiro further objects to this Request to the

13  extent it refers to an "Interrogatory" and will interpret this Request to refer to a "Request." Shapiro

14  further objects that this Request is unintelligible because the case citation refers to a case name

15  that is different from the case number cited. Shapiro further objects to this Request as duplicative

16  of Request No. 2 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this

17  same Request, and thus this Request improperly seeks to bypass party discovery.

18      Shapiro will not produce documents in response to this Request.

19  **REQUEST FOR PRODUCTION NO. 27:**

20      All Documents and Communications produced by You to the U.S. government pursuant to

21  the Hart-Scott-Rodino Antitrust Improvements Act of 1976, Pub. L. No. 94-435, and any second

22  requests, related to the acquisition of Zuffa or any parent of or successor to Zuffa by Endeavor

23  Group Holdings, Inc., the merger of Zuffa or any parent of or successor to Zuffa with World

24  Wrestling Entertainment, Inc. (a/k/a WWE) or any parent of or successor to World Wrestling

25  Entertainment, Inc., or the formation of TKO Group Holdings, Inc.

26  **RESPONSE TO REQUEST NO. 27:**

27      In addition to the General Objections set forth above, Shapiro objects to this Request as

28  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

1   calculated to lead to the discovery of relevant or admissible evidence, including because it seeks

2   "All Documents and Communications" produced for a ten year time period, extending beyond the

3   time period relevant to this case, and which relate to transactions not challenged or at issue in this

4   Action and which are otherwise not relevant to any claim or defense in this Action. Shapiro further

5   objects to this Request as duplicative of Request No. 3 to Zuffa. Zuffa has been actively meeting

6   and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to

7   bypass party discovery.

8       Shapiro will not produce documents in response to this Request.

9   **REQUEST FOR PRODUCTION NO. 28:**

10      All Documents and Communications relating to any Agreements between (a) Zuffa and

11  any Professional MMA Fighter, and (b) any other MMA Promoter and any Professional MMA

12  Fighter, including all Agreements concerning competition in Professional MMA Bouts (and any

13  amendments thereto), including Promotional and Ancillary Rights Agreements, Bout

14  Agreements, "side letter" and/or letter Agreements, Merchandise Rights Agreements, sponsorship

15  Agreements, and all Documents and Communications relating to negotiations with any

16  Professional MMA Fighter or any Person purporting to represent a Professional MMA Fighter,

17  including all draft Agreements.

18  **RESPONSE TO REQUEST NO. 28:**

19      In addition to the General Objections set forth above, Shapiro objects to this Request as

20  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

21  calculated to lead to the discovery of relevant or admissible evidence, including because it calls

22  for "All Documents and Communications" over a ten year time period, extending beyond the time

23  period relevant to this case, and relating to, among other things, agreements between "any other

24  MMA Promoter and any Professional MMA Fighter." Shapiro also objects that the phrase "relating

25  to negotiations" and "purporting to represent" are vague and ambiguous. Shapiro further objects

26  to the extent this Request calls for documents protected from disclosure by the attorney-client

27  privilege, work-product doctrine, or any other applicable privilege. Shapiro further objects to this

28  Request as seeking documents and information relating to fighters who would not be members of

1   the putative class and, thus, would have no likelihood of leading to the discovery of relevant or

2   admissible evidence. Shapiro further objects to this Request as duplicative of Request No. 4 to

3   Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and

4   thus this Request improperly seeks to bypass party discovery.

5       Shapiro will not produce documents in response to this Request.

6   **REQUEST FOR PRODUCTION NO. 29:**

7       Each Agreement between you and a Professional MMA Fighter entered into or in effect

8   during the Relevant Time Period.

9   **RESPONSE TO REQUEST NO. 29:**

10      In addition to the General Objections set forth above, Shapiro objects to this Request as

11  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

12  calculated to lead to the discovery of relevant or admissible evidence, including because it requests

13  "Each Agreement" over at least a ten year time period, extending beyond the time period relevant

14  to this case. Shapiro also objects to this Request as seeking documents and information relating to

15  fighters who would not be members of the putative class and, thus, would have no likelihood of

16  leading to the discovery of relevant or admissible evidence. Shapiro further objects to this Request

17  as duplicative of Request No. 5 to Zuffa. Zuffa has been actively meeting and conferring with

18  Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

19  discovery.

20      Shapiro will not produce documents in response to this Request.

21  **REQUEST FOR PRODUCTION NO. 30:**

22      All Documents and Communications evidencing the negotiation of any Agreement

23  responsive to the preceding Request.

24  **RESPONSE TO REQUEST NO. 30**

25      In addition to the General Objections set forth above, Shapiro objects to this Request as

26  duplicative of Request No. 7's request for "all Documents and Communications" concerning the

27  same topic, and as overbroad, unduly burdensome, not proportional to the needs of the case, and

28  not reasonably calculated to lead to the discovery of relevant or admissible evidence, including

1    because it calls for "All Documents and Communications" over at least a ten year time period,

2    extending beyond the time period relevant to this Action. Shapiro also objects to the extent this

3    Request calls for documents protected from disclosure by the attorney-client privilege, work-

4    product doctrine, or any other applicable privilege. Shapiro further objects that the phrase

5    "evidencing the negotiation of" is vague and ambiguous. Shapiro further objects to this Request

6    as seeking documents and information relating to fighters who would not be members of the

7    putative class and, thus, would have no likelihood of leading to the discovery of relevant or

8    admissible evidence. Shapiro further objects to this Request as duplicative of Request No. 6 to

9    Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and

10   thus this Request improperly seeks to bypass party discovery.

11        Shapiro will not produce documents in response to this Request.

12   **REQUEST FOR PRODUCTION NO. 31**

13        All Documents and Communications consisting of or relating to Your discussion, analysis,

14   interpretation or characterization of any Agreement, and the negotiation thereof, responsive to

15   Request No. 29.

16   **RESPONSE TO REQUEST NO. 31:**

17        In addition to the General Objections set forth above, Shapiro objects that this Request is

18   overbroad, unduly burdensome, not proportional to the needs of the case and not reasonably

19   calculated to lead to this discovery of relevant or admissible evidence, including because it calls

20   for "All Documents and Communications" over a ten year period, extending beyond the time

21   period relevant to this Action. Shapiro also objects to the extent this Request calls for documents

22   protected from disclosure by the attorney-client privilege, work-product doctrine, or any other

23   applicable privilege. Shapiro further objects that the phrase "discussion, analysis, interpretation or

24   characterization" is vague and ambiguous. Shapiro further objects to this Request as seeking

25   documents and information relating to fighters who would not be members of the putative class

26   and, thus, would have no likelihood of leading to the discovery of relevant or admissible evidence.

27   Shapiro further objects to this Request as duplicative of Request No. 7 to Zuffa. Zuffa has been

28   actively meeting and conferring with Plaintiffs over this same Request, and thus this Request

1   improperly seeks to bypass party discovery.

2      Shapiro will not produce documents in response to this Request.

3   **REQUEST FOR PRODUCTION NO. 32:**

4      All arbitration clauses or class action waivers between You and any Professional MMA

5   Fighters, whether set forth in an Agreement or otherwise, and all Documents and Communications

6   relating to relating to any such arbitration clause or class action waiver, including without

7   limitation analyses, draft proposed clauses, analyses of such clauses, white papers, reports, slide

8   presentations, or discussions regarding the reasons for, or potential benefits to Zuffa or Endeavor

9   or anyone else of, including arbitration clauses and/or class action waivers in Your Agreements

10  with Professional MMA Fighters.

11  **RESPONSE TO REQUEST NO. 32:**

12     In addition to the General Objections set forth above, Shapiro objects that this Request is

13  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

14  calculated to lead to the discovery of relevant or admissible evidence, including because it asks for

15  "All arbitration clauses or class action waivers" and "all Documents and Communications"

16  relating to such clauses over a ten year time period, extending beyond the time period relevant to

17  this Action, and is not limited in scope to the claims or defenses at issue in this Action. Shapiro

18  also objects that the phrases "analyses," "discussions regarding the reasons for," and "potential

19  benefits" are vague and ambiguous. Shapiro further objects to the extent this Request calls for

20  documents protected from disclosure by the attorney-client privilege, work-product doctrine, or

21  any other applicable privilege. Shapiro further objects to this Request as seeking documents and

22  information relating to fighters who would not be members of the putative class and, thus, would

23  have no likelihood of leading to the discovery of relevant or admissible evidence. Shapiro further

24  objects to this Request as duplicative of Request No. 8 to Zuffa. Zuffa has been actively meeting

25  and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to

26  bypass party discovery.

27     Shapiro will not produce documents in response to this Request.

28

1    **REQUEST FOR PRODUCTION NO. 33:**

2        All Documents and Communications evidencing the negotiation of any Agreement

3    responsive to the preceding Request.

4    **RESPONSE TO REQUEST NO. 33:**

5        In addition to the General Objections set forth above, Shapiro objects that this Request is

6    duplicative of the Request No. 32's request for "all Documents and Communications" concerning

7    the same topic, and as overbroad, unduly burdensome, not proportional to the needs of the case,

8    and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including

9    because it asks for "All Documents and Communications" regarding Agreements from the prior

10   Request over a ten year time period, extending beyond the time period relevant to this case, and it

11   is not limited in scope to the claims or defenses at issue in this Action. Shapiro also objects that

12   the phrase "evidencing the negotiation" is vague and ambiguous. Shapiro further objects to this

13   Request as seeking documents and information relating to fighters who would not be members of

14   the putative class and, thus, would have no likelihood of leading to the discovery of relevant or

15   admissible evidence. Shapiro further objects to this Request as duplicative of Request No. 9 to

16   Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and

17   thus this Request improperly seeks to bypass party discovery.

18        Shapiro will not produce documents in response to this Request.

19   **REQUEST FOR PRODUCTION NO. 34:**

20        All Documents and Communications consisting of or relating to Your discussion, analysis,

21   interpretation or characterization of any arbitration clause or class action waiver, and/or the

22   negotiation thereof.

23   **RESPONSE TO REQUEST NO. 34:**

24        In addition to the General Objections set forth above, Shapiro objects to this Request as

25   duplicative of the Request No. 32's request for "all Documents and Communications" concerning

26   the same topic, and is overbroad, unduly burdensome, not proportional to the needs of the case,

27   and not reasonably calculated to the discovery of relevant or admissible evidence, including

28   because it calls for "All Documents and Communications" over a ten year time period, extending

1   beyond the time period relevant to this Action. Shapiro also objects that the terms "discussion,

2   analysis, interpretation or characterization" are vague and ambiguous. Shapiro further objects to

3   the extent that this Request is duplicative of Request Nos. 32 and 33. Shapiro further objects to the

4   extent this Request calls for documents protected from disclosure by the attorney- client privilege,

5   work-product doctrine, or any other applicable privilege. Shapiro further objects to this Request

6   as duplicative of Request No. 10 to Zuffa. Zuffa has been actively meeting and conferring with

7   Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

8   discovery.

9        Shapiro will not produce documents in response to this Request.

10  **REQUEST FOR PRODUCTION NO. 35:**

11       All Documents and Communications relating to market research about the MMA Industry,

12  including but not limited to, analysis or research regarding relative market share of MMA

13  Promoters, barriers to expansion for MMA Promoters, barriers to entry for would-be MMA

14  Promoters, and growth projections for the MMA Industry and/or MMA Promoters individually or

15  in any groupings.

16  **RESPONSE TO REQUEST NO. 35:**

17       In addition to the General Objections set forth above, Shapiro objects to this Request as

18  overbroad and unduly burdensome, not proportional to the needs of the case, and not reasonably

19  calculated to the discovery of relevant or admissible evidence, including because it calls for "All

20  Documents and Communications" over a ten year time period, extending beyond the time period

21  relevant to this Action. Shapiro also objects that the phrases "market research," "analysis or

22  research," and "growth projections" are vague and ambiguous. Shapiro further objects to the extent

23  this Request calls for documents protected from disclosure by the attorney-client privilege, work-

24  product doctrine, or any other applicable privilege. Shapiro further objects to this Request as

25  duplicative of Request No. 11 to Zuffa. Zuffa has been actively meeting and conferring with

26  Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

27  discovery.

28       Shapiro will not produce documents in response to this Request.

1  **REQUEST FOR PRODUCTION NO. 36:**

2      All Documents and Communications relating to non-Zuffa/non-UFC MMA Promoters

3  (considered individually or as a group), including but not limited to SWOT analyses, financial

4  analyses, strategies, counterprogramming of other MMA Promoters' Professional MMA Events,

5  analyses and/or commentary or assessments of their fighter rosters, and acquisition analyses and

6  strategies.

7  **RESPONSE TO REQUEST NO. 36:**

8      In addition to the General Objections set forth above, Shapiro objects to this Request as

9  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

10  calculated to lead to the discovery of relevant or admissible evidence, including because it calls

11  for "All Documents and Communications relating to non-Zuffa/non-UFC MMA Promoters" over

12  a ten year time period, extending beyond the time period relevant to this Action, and does not limit

13  the scope of the Request to the claims or defenses at issue in this Action. Shapiro also objects that

14  the phrase "counterprogramming" is vague and ambiguous. Shapiro further objects that the phrase

15  "SWOT analyses" is vague, ambiguous, and undefined. Shapiro further objects to the extent this

16  Request calls for documents protected from disclosure by the attorney-client privilege, work-

17  product doctrine, or any other applicable privilege. Shapiro further objects to this Request as

18  duplicative of Request No. 12 to Zuffa. Zuffa has been actively meeting and conferring with

19  Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

20  discovery.

21      Shapiro will not produce documents in response to this Request.

22  **REQUEST FOR PRODUCTION NO. 37:**

23      All Documents and Communications relating to any Agreement that UFC had with another

24  MMA Promoter, including but not limited to Agreements to license content, Agreements to buy

25  or sell athlete contracts, and Agreements to release fighters from their contracts if UFC offers the

26  fighter a contract.

27  **RESPONSE TO REQUEST NO. 37:**

28      In addition to the General Objections set forth above, Shapiro objects that this Request is

1   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

2   calculated to lead to the discovery of relevant or admissible evidence, including because it asks for

3   "All Documents and Communications" relating to any agreement with another MMA Promoter,

4   regardless of the nature of the agreement, over a ten year time period, extending beyond the time

5   period relevant to this Action, and it does not limit the scope of the Request to the claims or

6   defenses at issue in this Action. Shapiro further objects to this Request as duplicative of Request

7   No. 13 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same

8   Request, and thus this Request improperly seeks to bypass party discovery.

9        Shapiro will not produce documents in response to this Request.

10  **REQUEST FOR PRODUCTION NO. 38:**

11       All Documents and Communications relating to the potential sale of Zuffa or any portion

12  thereof (or interest therein), including any Communications with or Documents created by Zuffa

13  or any third party, including without limitation any prospectuses, proposals, confidential

14  information memoranda, credit assessments, due diligence requests, Documents, or

15  Communications created, collected, placed in data rooms, or produced in response to due diligence

16  requests, offers, negotiations, memoranda of understanding, and all other Documents or

17  Communications relating in any way to the potential sale, acquisition, merger or transfer of Zuffa

18  or any portion thereof or interest therein.

19  **RESPONSE TO REQUEST NO. 38:**

20       In addition to the General Objections set forth above, Shapiro objects to this Request as

21  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

22  calculated to lead to the discovery of relevant or admissible evidence, including because it requests

23  "All Documents and Communications" relating to any potential sale of Zuffa or any portion

24  thereof over a ten year time period, extending beyond the time period relevant to this Action, and

25  it is not limited in scope to documents relating to the claims and defenses at issue in this Action.

26  Shapiro also objects to the extent this Request calls for documents protected from disclosure by

27  the attorney-client privilege, work-product doctrine, or any other applicable privilege. Shapiro

28  further objects to this Request as duplicative of Request No. 14 to Zuffa. Zuffa has been actively

1    meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly

2    seeks to bypass party discovery.

3         Shapiro will not produce documents in response to this Request.

4    **REQUEST FOR PRODUCTION NO. 39:**

5         All Documents and Communications (exclusive of Documents and Communications

6    produced in response to Request for Production No. 38) relating to the sale of a majority stake in

7    Zuffa to Endeavor in 2016, including Communications with or Documents created by any third

8    party, and including without limitation any executed Agreements, draft Agreements, memoranda

9    of understanding, offers, prospectuses, proposals, confidential information memoranda, credit

10   assessments, supporting schedules, all Documents and Communications relating to negotiations,

11   due diligence requests, Documents and Communications created, collected, placed in data rooms,

12   or produced in response to due diligence requests, all regulatory filings, registration documents,

13   and any other Documents or Communications sent to or received by You relating to any U.S.,

14   state, or local agency, and all other Documents and Communications relating in any way to the

15   sale of Zuffa in or around 2016.

16   **RESPONSE TO REQUEST NO. 39:**

17        In addition to the General Objections set forth above, Shapiro objects to this Request as

18   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

19   calculated to lead to the discovery of relevant or admissible evidence, including because it requests

20   "All Documents and Communications" relating to the sale to Endeavor and does not limit the

21   scope of the Request to documents relating to the claims and defenses at issue in this Action (which

22   does not concern the sale of Zuffa or any portion thereof). Shapiro also objects to the extent this

23   Request calls for documents protected from disclosure by the attorney-client privilege, work-

24   product doctrine, or any other applicable privilege. Shapiro further objects to this Request as

25   duplicative of Request No. 15 to Zuffa. Zuffa has been actively meeting and conferring with

26   Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

27   discovery.

28        Shapiro will not produce documents in response to this Request.

1  **REQUEST FOR PRODUCTION NO. 40:**

2       All Documents and Communications (exclusive of Documents and Communications

3  produced in response to Request for Production No. 38) relating to the sale of any share(s) of Zuffa

4  to Endeavor in or around 2021, including any Communications with or Documents created by any

5  third party, and including without limitation any executed Agreements, draft Agreements,

6  memoranda of understanding, offers, prospectuses, proposals, confidential information

7  memoranda, credit assessments, supporting schedules, all Documents and Communications

8  relating to negotiations, due diligence requests, Documents and Communications created,

9  collected, placed in data rooms, or produced in response to due diligence requests, all regulatory

10  filings, registration documents, and any other Documents or Communications sent to or received

11  by You relating to any U.S., state, or local agency, and all other Documents and Communications

12  relating in any way to the sale of or any portion of Zuffa in or around 2021.

13  **RESPONSE TO REQUEST NO. 40:**

14       In addition to the General Objections set forth above, Shapiro objects to this Request as

15  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

16  calculated to lead to the discovery of relevant or admissible evidence, including because it requests

17  "All Documents and Communications" relating to any sale to Endeavor in 2021 and does not limit

18  the scope of the Request to documents relating to the claims and defenses at issue in this Action.

19  Shapiro also objects to the extent this Request calls for documents protected from disclosure by

20  the attorney-client privilege, work-product doctrine, or any other applicable privilege. Shapiro

21  further objects to the extent that this Request is duplicative of Request No. 26. Shapiro further

22  objects to this Request as duplicative of Request No. 16 to Zuffa. Zuffa has been actively meeting

23  and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to

24  bypass party discovery.

25       Shapiro will not produce documents in response to this Request.

26  **REQUEST FOR PRODUCTION NO. 41:**

27       All Documents and Communications relating to the acquisition, sale, merger or transfer of

28  World Wrestling Entertainment, Inc. in 2023, including any Communications with or Documents

created by any third party, and including without limitation any executed Agreements, draft Agreements, memoranda of understanding, offers, prospectuses, proposals, confidential information memoranda, credit assessments, all Documents and Communications relating to negotiations, due diligence requests, Documents and Communications created, collected, placed in data rooms, or produced in response to due diligence requests, all regulatory filings, registration documents, and any other Documents or Communications sent to or received by You relating to any U.S., state, or local agency, and all other Documents and Communications relating in any way to the acquisition and merger of World Wrestling Entertainment, Inc. in 2023.

**RESPONSE TO REQUEST NO. 41:**

In addition to the General Objections set forth above, Shapiro objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it requests "All Documents and Communications" relating to an acquisition, sale, merger, or transfer of World Wrestling Entertainment, Inc., in 2023, which is not challenged or at issue in this Action, and therefore and does not limit the scope of the Request to documents relating to the claims and defenses at issue in this Action. Shapiro also objects to the extent this Request calls for documents protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Shapiro further objects to this Request as duplicative of Request No. 17 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Shapiro will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 42:**

All Documents and Communications relating to any efforts by You or made on Your behalf to raise capital, including but not limited to loans or issuance of debt or equity, and including without limitation any Agreements, draft Agreements, negotiations, investor presentations, prospectuses, confidential information memoranda, credit assessments, due diligence requests, Documents and Communications created, collected, placed in data rooms, or produced in response to due diligence requests, and all other documents and communications related in any way to

efforts to raise capital, regardless of whether any loan was actually obtained or any debt or equity was actually issued.

**RESPONSE TO REQUEST NO. 42:**

In addition to the General Objections set forth above, Shapiro objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it calls for "All Documents and Communications" relating to efforts to raise capital over a ten year time period, extending beyond the time period relevant to this Action, and it is not limited in scope to documents relating to the claims and defenses at issue in this Action. Shapiro also objects that the phrase "efforts by You or made on Your behalf to raise capital" is vague and ambiguous. Shapiro further objects to the extent this Request calls for documents protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Shapiro further objects to this Request as duplicative of Request No. 18 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Shapiro will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 43:**

Documents and Communications sufficient to Identify each of Your employees or agents or anyone purporting to act on Your behalf involved in approving or negotiating the terms of any Agreement, or proposed Agreement, for all or part of Zuffa to be acquired by Endeavor or by anyone else.

**RESPONSE TO REQUEST NO. 43:**

In addition to the General Objections set forth above, Shapiro objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it calls for information as to each employee or agent over a ten year period, extending beyond the time period relevant to this Action, and it is not limited to information related to individuals who may have some role related to the claims or defenses in this Action. Shapiro also objects that this

1   Request's use of the phrases "anyone purporting to act on Your behalf" and "anyone else" is vague,

2   ambiguous, overbroad, and impractical. Shapiro further objects to this Request to the extent it

3   purports to require Shapiro to do anything beyond conducting a reasonable search for non-

4   objectionable, non-privileged, responsive documents and data. Shapiro further objects to this

5   Request as duplicative of Request No. 19 to Zuffa. Zuffa has been actively meeting and conferring

6   with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

7   discovery.

8       Shapiro will not produce documents in response to this Request.

9   **REQUEST FOR PRODUCTION NO. 44:**

10      Documents and data (including structured or unstructured data) sufficient to show Your

11  financial data, including at a minimum Your costs, revenue, income, EBITDA, assets, debits,

12  borrowing costs, and profits, by month and by year, at the most granular level such documents and

13  data are maintained.

14  **RESPONSE TO REQUEST NO. 44:**

15      In addition to the General Objections set forth above, Shapiro objects that this Request is

16  overbroad and unduly burdensome, not proportional to the needs of the case, and not reasonably

17  calculated to lead to the discovery of relevant or admissible evidence, including because it requests

18  financial data over a ten year time period, extending beyond the time period, geographic scope,

19  and subject matter relevant to this Action, and it is not limited in scope to documents relating to

20  the claims and defenses at issue in this Action. Shapiro further objects to this Request to the extent

21  that it seeks public information—including information in Plaintiffs' control—that is readily

22  accessible by Plaintiffs and which should be collected by Plaintiffs under the reasonableness and

23  proportionality standards set forth in the Federal Rules of Civil Procedure. Shapiro further objects

24  that the phrases "at the most granular level" and "unstructured data" are vague and ambiguous.

25  Shapiro further objects to this Request as duplicative of Request No. 20 to Zuffa. Zuffa has been

26  actively meeting and conferring with Plaintiffs over this same Request, and thus this Request

27  improperly seeks to bypass party discovery.

28      Shapiro will not produce documents in response to this Request.

1    **REQUEST FOR PRODUCTION NO. 45:**

2        All monthly and annual financial documents created or maintained by You or on Your

3    behalf, including without limitation all audited financial statements, balance sheets, income

4    statements, profit and loss reports, margin analyses, equity valuations, asset appraisals, financial

5    models, budgets (proposed or otherwise), investor presentations, margin analyses, pro formas,

6    regulatory filings (including income tax returns), issuance of equity or debit, loans, and money

7    owed or receivable, and any other form of financial reporting.

8    **RESPONSE TO REQUEST NO. 45:**

9        In addition to the General Objections set forth above, Shapiro objects to this Request as

10   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

11   calculated to lead to the discovery of relevant or admissible evidence, including because it calls

12   for all documents over a ten year time period, extending beyond the time period, geographic scope,

13   and subject matter relevant to this Action, and it is not limited in scope to documents relating to

14   the claims and defenses at issue in this Action. Shapiro also objects that the terms "financial

15   models" or "similar financial Documents" are vague and ambiguous. Shapiro further objects to

16   this Request to the extent that it seeks public information—including information in Plaintiffs'

17   control—that is readily accessible by Plaintiffs and which should be collected by Plaintiffs under

18   the reasonableness and proportionality standards set forth in the Federal Rules of Civil Procedure.

19   Shapiro will not produce equity valuations, asset appraisals, regulatory filings, income tax returns,

20   debt or equity issuance materials, or loans, to the extent any such materials exist, as they are

21   irrelevant and not proportional to the claims and defenses at issue in this Action, overbroad, unduly

22   burdensome, highly confidential, and unlikely to contain relevant information that could not be

23   obtained in more reasonable way. Shapiro further objects to this Request as duplicative of Request

24   No. 21 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same

25   Request, and thus this Request improperly seeks to bypass party discovery.

26       Shapiro will not produce documents in response to this Request.

27   **REQUEST FOR PRODUCTION NO. 46:**

28       For each year of the Relevant Time Period, Documents sufficient to show beneficial

1  ownership in Zuffa, and any changes thereto. This Request includes Documents sufficient to show

2  the percentage of any stock or other interests owned by each Person holding a beneficial ownership

3  interest and the consideration paid for such interest.

4  **RESPONSE TO REQUEST NO. 46:**

5      In addition to the General Objections set forth above, Shapiro objects to this Request as

6  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

7  calculated to lead to the discovery of relevant or admissible evidence, including because it calls

8  for documents over a ten year time period, extending beyond the time period relevant to this

9  Action, and not limited in scope to documents relating to the claims and defenses at issue in this

10 Action. Shapiro also objects that the phrases "beneficial ownership," "other interests," and

11 "consideration" are vague and ambiguous. Shapiro further objects to this Request as duplicative

12 of Request No. 22 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over

13 this same Request, and thus this Request improperly seeks to bypass party discovery.

14      Shapiro will not produce documents in response to this Request.

15 **REQUEST FOR PRODUCTION NO. 47:**

16      Documents and data sufficient to show all compensation including salary, bonuses,

17 expense reimbursements, aviation expenses, distributions, dividends, stock awards, loans

18 (including information about repayment or forgiveness), management fees, board fees, and all

19 other compensation of any kind to all senior executives, board members, directors, beneficial

20 owners, and shareholders holding more than a 5% interest in Endeavor, including the date of the

21 compensation, the dollar value, the date of vesting, accrual, or maturation of the compensation (if

22 applicable), the source of the compensation (e.g., from a debt issuance or from corporate profits),

23 the reason given (if any) for the compensation, and the relative share received by each Person

24 receiving compensation.

25 **RESPONSE TO REQUEST NO. 47:**

26      In addition to the General Objections set forth above, Shapiro objects to this Request as

27 overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

28 calculated to lead to the discovery of relevant or admissible evidence, including because it calls

1   for documents over a ten year time period, which extends beyond the time period relevant to this

2   Action, and because it is not limited in scope to documents that relate to the claims or defenses at

3   issue in this Action. Shapiro objects that this Request's use of the phrases "all other compensation,"

4   "source of the compensation," "the reason given (if any) for the compensation," and "the relative

5   share received by each Person receiving compensation" is vague, ambiguous, overbroad, and

6   impractical. Shapiro further objects that this Request seeks information not in Shapiro's

7   possession, custody or control because it seeks documents and data sufficient to show "all

8   compensation" to "all senior executives, board members, directors, beneficial owners, and

9   shareholders holding more than a 5% interest in Endeavor." Shapiro further objects to this Request

10  as duplicative of Request No. 23 to Zuffa. Zuffa has been actively meeting and conferring with

11  Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

12  discovery.

13      Shapiro will not produce documents in response to this Request.

14  **REQUEST FOR PRODUCTION NO. 48:**

15      Documents and data sufficient to show any non-monetary benefits bestowed on any

16  beneficial owners of Zuffa, including without limitation: (a) travel in private jets owned, leased,

17  or paid for by You; (b) use of houses, apartments, vacation properties, or other real estate owned,

18  leased, or paid for by You; (c) use of motor vehicles owned, leased, or paid for by You; (d) tickets

19  for sporting events or other entertainment events paid for by You; and/or (e) any other item,

20  service, amenity, activity, or privilege provided to one or more of the beneficial owners at Your

21  expense.

22  **RESPONSE TO REQUEST NO. 48:**

23      In addition to the General Objections set forth above, Shapiro objects to this Request as

24  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

25  calculated to lead to the discovery of relevant or admissible evidence, including because it calls

26  for documents over a ten year period, which extends beyond the time period relevant to this Action,

27  and it is not limited in scope to documents related to the claims or defenses at issue in this Action.

28  Shapiro objects that the phrases "non-monetary benefits," "beneficial owners," "entertainment

1   events," and "item, service, amenity, activity, or privilege" are vague and ambiguous. Shapiro

2   further objects to this Request as duplicative of Request No. 24 to Zuffa. Zuffa has been actively

3   meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly

4   seeks to bypass party discovery.

5        Shapiro will not produce documents in response to this Request.

6   **REQUEST FOR PRODUCTION NO. 49:**

7        For each year of the Relevant Time Period, Documents sufficient to show Your corporate

8   structure, including the organization of each division, department, unit or subdivision, parent,

9   subsidiary, joint venture or affiliate of Your company. This request includes without limitation

10  organizational charts, investor or debtor presentations, government filings, internal

11  communications, and any Documents sufficient to show each Employee or executive with

12  managerial responsibilities relating to the UFC.

13  **RESPONSE TO REQUEST NO. 49:**

14       In addition to the General Objections set forth above, Shapiro objects to this Request as

15  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

16  calculated to lead to the discovery of relevant or admissible evidence, including because it seeks

17  information into Zuffa's corporate structure at a level of detail that is not relevant to any claims or

18  defenses in this Action. Shapiro also objects to this Request as unintelligible as written because it

19  calls for "Documents sufficient to show" Zuffa's "corporate structure," then lists several categories

20  of documents that are purportedly called for by the Request "without limitation." Shapiro further

21  objects to this Request as duplicative of Request No. 25 to Zuffa. Zuffa has been actively meeting

22  and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to

23  bypass party discovery.

24       Shapiro will not produce documents in response to this Request.

25  **REQUEST FOR PRODUCTION NO. 50:**

26       All Documents constituting, referencing, or relating to Your transactional data, at the most

27  granular level possible, for each UFC Professional MMA Event held during the Relevant Time

28  Period, sufficient to show at a minimum the following:

a) total gate receipts from each UFC Professional MMA Event during the Relevant Time Period, broken down by event;

b) total attendance at each UFC Professional MMA Event during the Relevant Time Period, broken down by event;

c) total revenues from each PPV broadcast of UFC Professional MMA Event during the Relevant Time Period, broken down by event;

d) total revenues from non-PPV broadcast of UFC Professional MMA Event during the Relevant Time Period, broken down by event and by contracted broadcaster (e.g., ESPN, Fox, Spike, etc.);

e) total revenues from closed circuit broadcast to commercial venues such as bars, restaurants, or theaters of each UFC Professional MMA Event during the Relevant Time Period, broken down by event;

f) total revenues derived from the sale of advertising during all broadcasts of UFC Professional MMA Events, whether PPV or non-PPV, during the Relevant Time Period, broken down by month and year, by PPV or non-PPV, and by advertiser;

g) total revenues derived in any way from the Promotional and Ancillary Rights, as described in Your Promotional and Ancillary Rights Agreements with MMA Fighters, relating to all professional MMA Fighters who have been under contract with the UFC at any time during the Relevant Time Period, broken down by month and year;

h) total revenues derived from Agreements with sponsors of the UFC or of the Professional MMA Fighters who have been under contract with the UFC at any time during the Relevant Time Period;

i) total revenues by event;

j) the gross and net price paid by customers for transactions by unit, subscription, and/or ticket for a single Pay Per View, ticket to a live event, or UFC Fight Pass subscription;.

**RESPONSE TO REQUEST NO. 50:**

In addition to the General Objections set forth above, Shapiro objects that this Request is overbroad and unduly burdensome, not proportional to the needs of the case, and not reasonably

1    calculated to lead to the discovery of relevant or admissible evidence, including because it requests

2    documents itemizing nearly every source of Zuffa's revenue from UFC Professional MMA Events

3    by bout, event, broadcast, transaction, and/or agreement for a period of ten years, which extends

4    beyond the time period relevant to this Action, seeks "All Documents" even "referencing or

5    relating" to "transactional data" at "the most granular level possible," and it is not limited in scope

6    to documents relating to the claims and defenses at issue in this Action. Shapiro further objects to

7    this Request to the extent it purports to require Shapiro to do anything beyond conducting a

8    reasonable search for non-objectionable, non-privileged, responsive documents and data. Shapiro

9    further objects to this Request as seeking documents and information relating to fighters who

10   would not be members of the putative class and, thus, would have no likelihood of leading to the

11   discovery of relevant or admissible evidence. Shapiro further objects to this Request as duplicative

12   of Request No. 26 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over

13   this same Request, and thus this Request improperly seeks to bypass party discovery.

14        Shapiro will not produce documents in response to this Request.

15   **REQUEST FOR PRODUCTION NO. 51:**

16        Documents and data in as granular form as the information is maintained, sufficient to

17   show any and all compensation paid to each UFC Fighter individually for each UFC Professional

18   MMA Bout that the UFC Fighter participated in during the Relevant Time Period, on a fighter-by-

19   fighter basis, broken down by Professional MMA Bout (so that each UFC Fighter's compensation

20   data is available in one Document or sequence of Documents, and it is produced with sufficient

21   granularity so that the compensation is clearly attributed to the UFC Professional MMA Bout at

22   which the Fighter earned it), as follows:

23        a) the date and location of each UFC Professional MMA Bout the UFC Fighter participated

24   in during the Relevant Time Period, and

25        b) the base salary the UFC Fighter received for each UFC Professional MMA Bout he or

26   she participated in during the Relevant Time Period;

27        c) all bonuses the UFC Fighter received for each UFC Professional MMA Bout he or she

28   participated in during the Relevant Time Period (including, but not limited to

1    d) any and all discretionary bonuses or payments, fight of the night, performance of the

2 night, knockout and submission of the night bonuses) bonuses), broken down by each bonus

3 received for each Professional MMA Event;

4    e) all broadcast royalties the UFC Fighter received (if any) for each UFC Professional

5 MMA Bout he or she participated in during the Relevant Time Period, broken down so that the

6 broadcast royalties are traceable to a particular UFC Professional MMA Bout (to be clear, if the

7 UFC Fighter received broadcast royalties from more than one UFC Professional MMA Bout, the

8 broadcast royalties should be clearly attributed to the specific UFC Professional MMA Bout from

9 which they were generated);

10    f) any other form of compensation the UFC Fighter received for each UFC Professional

11 MMA Bout he or she participated in during the Relevant Time Period; and, Pay Per View shares

12 the UFC Fighter received for each UFC Professional MMA Bout he or she participated in during

13 the Relevant Time Period.

14 **RESPONSE TO REQUEST NO. 51:**

15    In addition to the General Objections set forth above, Shapiro objects that this Request is

16 overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

17 calculated to lead to the discovery of relevant or admissible evidence, including because it requests

18 documents itemizing every payment made to every UFC Fighter by source, date, and payment type

19 for each UFC Professional MMA Bout over a ten year period, which extends beyond the time

20 period relevant to this Action, and it is not limited in scope to documents relating to the claims and

21 defenses at issue in this Action. Shapiro also objects to this Request as seeking documents and

22 information relating to fighters who would not be members of the putative class and, thus, would

23 have no likelihood of leading to the discovery of relevant or admissible evidence. Shapiro further

24 objects to this Request to the extent it purports to require Shapiro to do anything beyond conducting

25 a reasonable search for non-objectionable, non-privileged, responsive documents and data.

26 Shapiro further objects that the phrases "granular form" and "sufficient granularity" are vague and

27 ambiguous. Shapiro further objects to this Request as duplicative of Request No. 27 to Zuffa. Zuffa

28 has been actively meeting and conferring with Plaintiffs over this same Request, and thus this

1  Request improperly seeks to bypass party discovery.

2      Shapiro will not produce documents in response to this Request.

3  **REQUEST FOR PRODUCTION NO. 52:**

4      Profit and loss statements (including identity of participating fighters and compensation

5  paid to each) for each UFC Professional MMA Event.

6  **RESPONSE TO REQUEST NO. 52:**

7      Request No. 52 is duplicative and redundant of Request Nos. 44 and 45, and Shapiro

8  incorporates his responses and objections to those Requests here. In addition to the General

9  Objections set forth above, Shapiro objects to this Request as overbroad, unduly burdensome, not

10  proportional to the needs of the case, and not reasonably calculated to lead to the discovery of

11  relevant or admissible evidence, including because it requests profit and loss statements for each

12  event over a ten year period, extending beyond the time period relevant to this Action. Shapiro

13  also objects to this Request as seeking documents and information relating to fighters who would

14  not be members of the putative class and, thus, would have no likelihood of leading to the

15  discovery of relevant or admissible evidence. Shapiro also objects to this Request to the extent it

16  purports to require Shapiro to do anything beyond conducting a reasonable search for non-

17  objectionable, non-privileged, responsive documents and data. Shapiro further objects to this

18  Request as duplicative of Request No. 28 to Zuffa. Zuffa has been actively meeting and conferring

19  with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

20  discovery.

21      Shapiro will not produce documents in response to this Request.

22  **REQUEST FOR PRODUCTION NO. 53:**

23      Documents sufficient to show Your actual costs for presenting UFC Professional MMA

24  Events, down to as granular a level as possible, including without limitation venue costs,

25  promotional costs, compensation for UFC Fighters, insurance, safety, and all other costs incidental

26  to presenting UFC Professional MMA Events.

27  **RESPONSE TO REQUEST NO. 53:**

28      Request No. 53 is duplicative and redundant of Request No. 51, and Shapiro incorporates

1   his responses and objections to that Request here. In addition to the General Objections set forth

2   above, Shapiro objects to this Request as overbroad, unduly burdensome, not proportional to the

3   needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible

4   evidence, including because it calls for production of documents related to all of Zuffa's costs for

5   presenting UFC Professional MMA Events without any limitation over a ten year period,

6   extending beyond the time period relevant to this Action. Shapiro also objects that the phrases

7   "actual costs," "down to as granular level as possible," and "all other costs incidental to presenting"

8   are vague and ambiguous. Shapiro further objects to this Request as duplicative of Request No. 29

9   to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request,

10  and thus this Request improperly seeks to bypass party discovery.

11          Shapiro will not produce documents in response to this Request.

12  **REQUEST FOR PRODUCTION NO. 54:**

13          Documents sufficient to show Your actual costs for presenting UFC Professional MMA

14  Bouts, down to as granular a level as possible, including without limitation venue costs,

15  promotional costs, compensation for UFC Fighters, insurance, safety, and all other costs incidental

16  to presenting UFC Professional MMA Bouts.

17  **RESPONSE TO REQUEST NO. 54:**

18          Request No. 54 is duplicative and redundant of Request Nos. 52 and 53, and Shapiro

19  incorporates his responses and objections to those Requests here. In addition to the General

20  Objections set forth above, Shapiro objects to this Request as overbroad, unduly burdensome, not

21  proportional to the needs of the case, and not reasonably calculated to lead to the discovery of

22  relevant or admissible evidence, including because it calls for production of documents related to

23  all of Zuffa's costs for presenting UFC Professional MMA Bouts without any limitation over a ten

24  year period, extending beyond the time period relevant to this Action. Shapiro also objects that the

25  phrases "actual costs," "down to as granular a level as possible," and "all other costs incidental to

26  presenting" are vague and ambiguous. Shapiro further objects to this Request as duplicative of

27  Request No. 30 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this

28  same Request, and thus this Request improperly seeks to bypass party discovery.

1    Shapiro will not produce documents in response to this Request.

2    **REQUEST FOR PRODUCTION NO. 55:**

3    Documents sufficient to show Your actual costs involved in promoting the UFC as a brand.

4    **RESPONSE TO REQUEST NO. 55:**

5    Request No. 55 is duplicative and redundant of Request Nos. 44, 45, 53, and 54, and

6    Shapiro incorporates his responses and objections to those Requests here. In addition to the

7    General Objections set forth above, Shapiro objects to this Request as vague, ambiguous,

8    overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

9    calculated to lead to the discovery of relevant or admissible evidence, including because it requests

10    documents to show "actual costs" over a ten year time period, extending beyond the time period

11    relevant to this Action, and it is not limited in scope to documents relating to the claims and

12    defenses at issue in this Action. Shapiro objects that the phrases "actual costs," "promoting," and

13    "as a brand" are vague and ambiguous. Shapiro further objects to this Request as duplicative of

14    Request No. 31 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this

15    same Request, and thus this Request improperly seeks to bypass party discovery.

16    Shapiro will not produce documents in response to this Request.

17    **REQUEST FOR PRODUCTION NO. 56:**

18    All documents relating to materials produced by third party analysts or consultants

19    regarding Zuffa, including without limitation reports that analyze or project demand, revenues,

20    income, profits, or market share. Documents responsive to this Request include both documents

21    produced by such third party analysts or consultants (including both those retained by You and

22    those producing such materials without an Agreement with You) and any comments, edits, or

23    drafts of such materials or other documents You created and submitted to such third party analysts

24    or consultants.

25    **RESPONSE TO REQUEST NO. 56:**

26    In addition to the General Objections set forth above, Shapiro objects to this Request as

27    overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

28    calculated to lead to the discovery of relevant or admissible evidence, including because it calls

1    for "All documents" even "related to" materials produced by any "third party analyst or consultant

2    regarding Zuffa" without any limitation or connection to the claims or defenses at issue in this

3    litigation, and over a ten year time period, extending beyond the time period relevant to this Action.

4    Shapiro also objects that the phrases "third party analysts," "demand," and "submitted to" are

5    vague and ambiguous. Shapiro further objects to the extent this Request calls for documents

6    protected from disclosure by the attorney-client privilege, work-product doctrine, or any other

7    applicable privilege. Shapiro further objects to the Request to the extent that it seeks documents

8    not within Shapiro's possession, custody, or control. Shapiro further objects to this Request to the

9    extent that it seeks public information—including information in Plaintiffs' control—that is readily

10   accessible by Plaintiffs and which should be collected by Plaintiffs under the reasonableness and

11   proportionality standards set forth in the Federal Rules of Civil Procedure. Shapiro further objects

12   to this Request as duplicative of Request No. 32 to Zuffa. Zuffa has been actively meeting and

13   conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass

14   party discovery.

15          Shapiro will not produce documents in response to this Request.

16   **REQUEST FOR PRODUCTION NO. 57:**

17          All documents created by You or by third party analysts or consultants regarding

18   competition among MMA Promoters or would-be MMA Promoters for (a) the purchase of MMA

19   Fighter services and (b) promotion of Professional MMA Events generally, including without

20   limitation reports that analyze or project demand, revenues, income, profits or market share.

21   **RESPONSE TO REQUEST NO. 57:**

22          In addition to the General Objections set forth above, Shapiro objects to this Request as

23   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

24   calculated to lead to the discovery of relevant or admissible evidence, including because it calls

25   for "All documents" over a ten year time period, extending beyond the time period relevant to this

26   Action. Shapiro also objects that the term "third party analysts" is vague and ambiguous. Shapiro

27   further objects to the extent this Request calls for documents protected from disclosure by the

28   attorney-client privilege, work-product doctrine, or any other applicable privilege. Shapiro further

1    objects to the Request to the extent that it seeks documents not within Shapiro's possession,

2    custody, or control. Shapiro further objects to this Request to the extent that it seeks public

3    information—including information in Plaintiffs' control—that is readily accessible by Plaintiffs

4    and which should be collected by Plaintiffs under the reasonableness and proportionality standards

5    set forth in the Federal Rules of Civil Procedure. Shapiro further objects to this Request as

6    duplicative of Request No. 33 to Zuffa. Zuffa has been actively meeting and conferring with

7    Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

8    discovery.

9        Shapiro will not produce documents in response to this Request.

10   **REQUEST FOR PRODUCTION NO. 58:**

11       All Documents referencing or relating to comparison of compensation models or

12   Agreements between the UFC and other major professional sports, including without limitation

13   boxing, pro wrestling, football, basketball, and baseball.

14   **RESPONSE TO REQUEST NO. 58:**

15       In addition to the General Objections set forth above, Shapiro objects to this Request as

16   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

17   calculated to lead to the discovery of relevant or admissible evidence, including because it calls

18   for "All documents" over a ten year time period, extending beyond the time period relevant to this

19   Action, and it is not limited in scope to documents relating to the claims and defenses at issue in

20   this Action. Shapiro also objects that the phrases "comparison of compensation models" and

21   "major professional sports" are vague and ambiguous. Shapiro further objects to this Request as

22   duplicative of Request No. 34 to Zuffa. Zuffa has been actively meeting and conferring with

23   Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

24   discovery.

25       Shapiro will not produce documents in response to this Request.

26   **REQUEST FOR PRODUCTION NO. 59:**

27       All Agreements (and any amendments thereto) entered into between You and any MMA

28   Promoter relating to the acquisition of assets, equity, or other interests of any MMA Promoter, and

1    all Documents referencing or relating to the potential or actual acquisition of assets, equity, or

2    interests of any MMA Promoter, including, but not limited to, internal strategy documents,

3    projections, cost-benefit analyses, cost estimates, and all Agreements or contracts (and any

4    amendments thereto).

5    **RESPONSE TO REQUEST NO. 59:**

6         In addition to the General Objections set forth above, Shapiro objects to this Request as

7    overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

8    calculated to lead to the discovery of relevant or admissible evidence, including because it would

9    require Zuffa to produce "All Agreements" over a ten year time period, extending beyond the time

10   period relevant to this Action and relating to transactions that are not challenged or at issue in this

11   Action. Neither the Complaint, nor this Request, identifies or alleges that Zuffa has engaged in

12   any acquisition of assets, equity, or other interests of any MMA Promoter during the putative class

13   period, and thus this Request is purely an impermissible fishing expedition into irrelevant

14   materials. Shapiro also objects that the term "interests" as used in this Request is vague and

15   ambiguous. Shapiro further objects to this Request as duplicative of Request No. 35 to Zuffa. Zuffa

16   has been actively meeting and conferring with Plaintiffs over this same Request, and thus this

17   Request improperly seeks to bypass party discovery.

18        Shapiro will not produce documents in response to this Request.

19   **REQUEST FOR PRODUCTION NO. 60:**

20        Documents sufficient to identify each Person involved in approving or negotiating the

21   terms of any Agreements or potential Agreements for the acquisition or potential acquisition of

22   assets, or equity, or interests of any MMA Promoter.

23   **RESPONSE TO REQUEST NO. 60:**

24        In addition to the General Objections set forth above, Shapiro objects to this Request as

25   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

26   calculated to lead to the discovery of relevant or admissible evidence, including because it calls

27   for identification of "each Person" over a ten year time period, extending beyond the time period

28   relevant to this Action and relating to transactions that are not challenged or at issue in this Action.

1   Neither the Complaint, nor this Request, identifies or alleges that Zuffa has engaged in any

2   acquisition of assets, equity, or other interests of any MMA Promoter during the putative class

3   period, and thus this Request is purely an impermissible fishing expedition into irrelevant

4   materials. Shapiro also objects that the term "interests" as used in this Request is vague and

5   ambiguous. Shapiro further objects to this Request as duplicative of Request No. 36 to Zuffa. Zuffa

6   has been actively meeting and conferring with Plaintiffs over this same Request, and thus this

7   Request improperly seeks to bypass party discovery.

8       Shapiro will not produce documents in response to this Request.

9   **REQUEST FOR PRODUCTION NO. 61:**

10      Documents sufficient to Identify each Person or entity You consider to be, or considered

11  to have been, an actual or potential competitor of the UFC for (a) the purchase of MMA Fighter

12  services, and/or (b) the promotion of live Professional MMA Events in the United States or abroad.

13  **RESPONSE TO REQUEST NO. 61:**

14      In addition to the General Objections set forth above, Shapiro objects to this Request as

15  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

16  calculated to lead to the discovery of relevant or admissible evidence, including because it calls

17  for documents over a ten year time period, extending beyond the time period relevant to this

18  Action. Shapiro also objects that the phrases "consider to be," "considered to have been," "actual

19  or potential competitor," "purchase," and "promotion" as used in this Request are vague and

20  ambiguous. Shapiro further objects to this Request to the extent it purports to require Shapiro to

21  do anything beyond conducting a reasonable search for non-objectionable, non-privileged,

22  responsive documents and data. Shapiro further objects that this Request purports to require the

23  production of materials that are not within Shapiro's possession, custody, or control. Shapiro

24  further objects to this Request as duplicative of Request No. 37 to Zuffa. Zuffa has been actively

25  meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly

26  seeks to bypass party discovery.

27      Shapiro will not produce documents in response to this Request.

28

1    **REQUEST FOR PRODUCTION NO. 62:**

2        Documents or data sufficient to calculate the actual or potential market share held by the

3    UFC and each of the UFC's actual or potential competitors (as Identified in Request No. 61) in

4    terms of total revenue by region (US, North America, South America, Europe, Asia, and any

5    others) derived from the promotion of live Professional MMA Bouts and all other income sources,

6    including without limitation merchandising, licensing, sponsorships, advertising, video games, and

7    other income sources based on the use of Professional MMA Fighters' Identities.

8    **RESPONSE TO REQUEST NO. 62:**

9        In addition to the General Objections set forth above, Shapiro objects that the Request is

10   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

11   calculated to lead to the discovery of relevant or admissible evidence, including because it calls

12   for documents regarding all income sources over a ten year time period, extending beyond the time

13   period relevant to this Action, and it is not limited in scope to the claims, defenses, or geographic

14   area at issue in this Action. Shapiro also objects that this Request is vague and ambiguous because

15   it does not specify time intervals for the calculation of the "actual or potential market share," which

16   may have varied throughout the class period. Shapiro further objects that the terms "actual or

17   potential market share," "actual or potential competitors," "derived from," and "based on the use

18   of Professional MMA Fighters' Identities" are vague and ambiguous. Shapiro further objects to

19   this Request to the extent it purports to require Shapiro to do anything beyond conducting a

20   reasonable search for non-objectionable, non-privileged, responsive documents and data. Shapiro

21   further objects that this Request purports to require the production of materials that are not within

22   Shapiro's possession, custody, or control. Shapiro further objects to this Request as duplicative of

23   Request No. 38 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this

24   same Request, and thus this Request improperly seeks to bypass party discovery.

25       Shapiro will not produce documents in response to this Request.

26   **REQUEST FOR PRODUCTION NO. 63:**

27       Documents or data sufficient to Identify the actual and/or estimated share of Professional

28   MMA Fighters' services, by both dollar amount and number of fighters, for the purchase of the

1    services of Professional MMA Fighters by the UFC and each of Your actual or potential

2    competitors identified in your response to Request No. 61 by region (US, North America, South

3    America, Europe, Asia, and any others).

4    **RESPONSE TO REQUEST NO. 63:**

5         In addition to the General Objections set forth above, Shapiro objects that this Request is

6    vague, ambiguous, and unintelligible as written. Shapiro also objects to this Request to the extent

7    it purports to require Shapiro to do anything beyond conducting a reasonable search for non-

8    objectionable, non-privileged, responsive documents and data. Shapiro further objects that this

9    Request is not proportional to the needs of the case, nor limited in scope to the claims and defenses

10   at issue in this Action. Shapiro further objects that this Request purports to require the production

11   of materials that are not within Shapiro's possession, custody, or control. Shapiro further objects

12   to this Request as duplicative of Request No. 39 to Zuffa. Zuffa has been actively meeting and

13   conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass

14   party discovery.

15        Shapiro will not produce documents in response to this Request.

16   **REQUEST FOR PRODUCTION NO. 64:**

17        All Documents and data referencing or relating to the determination of Professional MMA

18   Fighter compensation by the UFC (identified in your response to Request No. 54, above) in the

19   promotion of live Professional MMA Events and all other income sources, including without

20   limitation merchandising, licensing, sponsorships, advertising, video games, and other income

21   sources based on the use of Professional MMA Fighters' Identities.

22   **RESPONSE TO REQUEST NO. 64:**

23        In addition to the General Objections set forth above, Shapiro objects to this Request as

24   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

25   calculated to lead to the discovery of relevant or admissible evidence, including because it calls

26   for "All Documents" over a ten year time period, extending beyond the time period relevant to this

27   Action. Shapiro also objects that the phrases "the determination of Professional MMA fighter

28   compensation," "other income sources," and "based on the use of Professional MMA Fighters'

1    Identities" as used in this Request are vague and ambiguous. Shapiro further objects to this Request

2    as seeking documents and information relating to fighters who would not be part of the putative

3    class and, thus, would have no likelihood of leading to the discovery of relevant or admissible

4    evidence. Shapiro further objects that this Request is not limited in scope to the claims and defenses

5    at issue in this Action, including because Plaintiffs do not allege an identity class in this Action.

6    Shapiro further objects to this Request as duplicative of Request No. 40 to Zuffa. Zuffa has been

7    actively meeting and conferring with Plaintiffs over this same Request, and thus this Request

8    improperly seeks to bypass party discovery.

9         Shapiro will not produce documents in response to this Request.

10   **REQUEST FOR PRODUCTION NO. 65:**

11        All Documents and data referencing or relating to the determination of Professional MMA

12   Fighter compensation by any of the UFC's actual and potential competitors (identified in your

13   response to Request No. 54, above) in the promotion of live Professional MMA Events and all

14   other income sources, including without limitation merchandising, licensing, sponsorships,

15   advertising, video games, and other income sources based on the use of Professional MMA

16   Fighters' Identities.

17   **RESPONSE TO REQUEST NO. 65:**

18        In addition to the General Objections set forth above, Shapiro objects that this Request is

19   vague, ambiguous, and unintelligible as written. Shapiro also objects to this Request as overbroad,

20   unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to

21   lead to the discovery of relevant or admissible evidence, including because it calls for "All

22   Documents" over a ten year time period, extending beyond the time period relevant to this Action.

23   Shapiro further objects that this Request is not limited in scope to the claims and defenses at issue

24   in this Action, including because Plaintiffs do not allege an identity class in this Action. Shapiro

25   further objects that the phrases "the determination of Professional MMA fighter compensation,"

26   "actual and potential competitors," "other income sources," and "based on the use of Professional

27   MMA Fighters' Identities" as used in this Request are vague and ambiguous. Shapiro further

28   objects that this request is not limited in scope to the claims and defenses at issue in this Action

1    and it purports to require the production of materials that are not within Shapiro's possession,

2    custody, or control. Shapiro further objects to this Request as duplicative of Request No. 41 to

3    Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and

4    thus this Request improperly seeks to bypass party discovery.

5        Shapiro will not produce documents in response to this Request.

6    **REQUEST FOR PRODUCTION NO. 66:**

7        All Documents analyzing, discussing, or relating to the competitive strengths or

8    weaknesses of actual or potential competitors (identified in your response to Request No. 61 or

9    otherwise, above) in the promotion of live Professional MMA Events and/or in the purchase of the

10   services of Professional MMA Fighters.

11   **RESPONSE TO REQUEST NO. 66:**

12       In addition to the General Objections set forth above, Shapiro objects to this Request as

13   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

14   calculated to lead to the discovery of relevant or admissible evidence, including because it calls

15   for "All Documents" over a ten year time period, extending beyond the time period relevant to this

16   Action. Shapiro further objects that the phrases "competitive strengths or weaknesses" and "actual

17   or potential competitors" as used in this Request is vague and ambiguous. Shapiro further objects

18   to the extent this Request calls for documents protected from disclosure by the attorney-client

19   privilege, work-product doctrine, or any other applicable privilege. Shapiro further objects to this

20   Request as duplicative of Request No. 42 to Zuffa. Zuffa has been actively meeting and conferring

21   with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

22   discovery.

23       Shapiro will not produce documents in response to this Request.

24   **REQUEST FOR PRODUCTION NO. 67:**

25       All Documents referencing or relating to communications and/or negotiations with any

26   sponsors or advertisers in connection with Endeavor's acquisition of Zuffa.

27   **RESPONSE TO REQUEST NO. 67:**

28       In addition to the General Objections set forth above, Shapiro objects that this Request is

60

1    overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

2    calculated to lead to the discovery of relevant or admissible evidence, including because it calls

3    for "All Documents" related to communications and/or negotiations with sponsors or advertisers

4    in connection with Endeavor's acquisition of Zuffa, which extends beyond the time period relevant

5    to this Action, and is not related to the claims and defenses at issue in this Action. Shapiro further

6    objects to this Request as duplicative of Request No. 43 to Zuffa. Zuffa has been actively meeting

7    and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to

8    bypass party discovery.

9        Shapiro will not produce documents in response to this Request.

10   **REQUEST FOR PRODUCTION NO. 68:**

11       All Documents and Communications referencing or relating to any Agreements entered

12   into by You relating to Venues for Professional MMA Events, including all Agreements, all draft

13   Agreements, and all Documents and Communications relating to negotiation of such Agreements

14   or draft Agreements.

15   **RESPONSE TO REQUEST NO. 68:**

16       In addition to the General Objections set forth above, Shapiro objects that this Request is

17   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

18   calculated to lead to the discovery of relevant or admissible evidence, including because it requests

19   "All Documents and Communications" relating to agreements entered into by Zuffa related to

20   venues for Professional MMA Events over a ten year time period, extending beyond the time

21   period relevant to this Action, and it is not limited in scope to documents relating to the claims and

22   defenses at issue in this Action. Plaintiffs have neither asserted a monopolization claim in this

23   Action, nor alleged any anticompetitive conduct in connection with Zuffa's venue agreements, if

24   any, and thus this Request is purely an impermissible fishing expedition into irrelevant materials.

25   Shapiro further objects to this Request as duplicative of Request No. 44 to Zuffa. Zuffa has been

26   actively meeting and conferring with Plaintiffs over this same Request, and thus this Request

27   improperly seeks to bypass party discovery.

28       Shapiro will not produce documents in response to this Request.

1    **REQUEST FOR PRODUCTION NO. 69:**

2        All Documents and Communications relating to the drafting of and the reasoning behind

3    the "Exclusivity Clause" in UFC Bout Agreements, which binds UFC Fighters into a restricted

4    relationship with the UFC and prohibits them from appearing in Professional MMA Bouts

5    televised or organized by actual or potential rival promotions unless approved by the UFC.

6    **RESPONSE TO REQUEST NO. 69:**

7        In addition to the General Objections set forth above, Shapiro objects to this Request as

8    overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

9    calculated to lead to the discovery of relevant or admissible evidence, including because it requests

10   "All Documents and Communications" related to the drafting of and reasoning behind the

11   "Exclusivity Clause" over a ten year time period, extending beyond the time period relevant to this

12   Action. Shapiro also objects to the extent this Request calls for documents protected from

13   disclosure by the attorney-client privilege, work-product doctrine, or any other applicable

14   privilege. Shapiro further objects that the phrases "drafting of" and "reasoning behind" are vague

15   and ambiguous. Shapiro disputes Plaintiffs' characterization of the relevant agreement provisions

16   as the "Exclusivity Clause," and further disputes Plaintiffs' assertion that they bind "UFC Fighters

17   into a restricted relationship with the UFC" and prohibit "them from appearing in Professional

18   MMA Bouts televised or organized by actual or potential rival promotions unless approved by the

19   UFC." Shapiro refers to the text of the relevant agreements for their contents. Shapiro further

20   objects to this Request as duplicative of Request No. 45 to Zuffa. Zuffa has been actively meeting

21   and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to

22   bypass party discovery.

23       Shapiro will not produce documents in response to this Request.

24   **REQUEST FOR PRODUCTION NO. 70:**

25       All Documents and Communications referencing or relating to the drafting of and the

26   reasoning behind the "Champion's Clause" in UFC Bout Agreements, which allows the UFC to

27   extend a UFC Fighter's contract for as long as the athlete is a "champion" in his or her weight

28   class.

1  **RESPONSE TO REQUEST NO. 70:**

2      In addition to the General Objections set forth above, Shapiro objects to this Request as

3  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

4  calculated to lead to the discovery of relevant or admissible evidence, including because it requests

5  "All Documents and Communications" referencing or relating to the drafting and reasoning behind

6  the "Champion's Clause" over a ten year time period, extending beyond the time period relevant

7  to this Action. Shapiro also objects to the extent this Request calls for documents protected from

8  disclosure by the attorney-client privilege, work-product doctrine, or any other applicable

9  privilege. Shapiro further objects that the phrases "drafting of" and "reasoning behind" are vague

10  and ambiguous. Shapiro disputes Plaintiffs' characterization of the relevant agreement provisions

11  as the "Champion's Clause," and further disputes Plaintiffs' assertion that they allow "the UFC to

12  extend a UFC Fighter's contract for as long as the athlete is a 'champion' in his or her weight

13  class." Shapiro refers to the text of the relevant agreements for their contents. Shapiro further

14  objects to this Request as duplicative of Request No. 46 to Zuffa. Zuffa has been actively meeting

15  and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to

16  bypass party discovery.

17      Shapiro will not produce documents in response to this Request.

18  **REQUEST FOR PRODUCTION NO. 71:**

19      All Documents and Communications referencing or relating to the drafting of and the

20  reasoning behind the "Right to First Offer" and "Right to Match" Clauses in UFC Bout

21  Agreements, which grant the UFC the option to match the financial terms and conditions of any

22  offer made to a UFC Fighter for a Professional MMA Bout even after the Fighter's contract has

23  expired.

24  **RESPONSE TO REQUEST NO. 71:**

25      In addition to the General Objections set forth above, Shapiro objects to this Request as

26  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

27  calculated to lead to the discovery of relevant or admissible evidence, including because it requests

28  "All Documents and Communications" referencing or relating to the drafting of and the reasoning

NON-PARTY MARK SHAPIRO'S RESPONSES
AND OBJECTIONS TO PLAINTIFFS' SUBPOENA
Case No. 21-cv-01189-RFB-BNW

1   behind the "Right to First Offer" and "Right to Match" clauses over a ten year time period,

2   extending beyond the time period relevant to this Action. Shapiro also objects to the extent this

3   Request calls for documents protected from disclosure by the attorney-client privilege, work-

4   product doctrine, or any other applicable privilege. Shapiro further objects that the phrases

5   "drafting of" and "reasoning behind" are vague and ambiguous. Shapiro disputes Plaintiffs'

6   characterization of the relevant agreement provisions as the "Right to First Offer" and "Right to

7   Match" clauses, and further disputes Plaintiffs' assertion that they grant "the UFC the option to

8   match the financial terms and conditions of any offer made to a UFC Fights for a Professional

9   MMA Bout even after the Fighter's contract has expired." Shapiro refers to the text of the relevant

10  agreements for their contents. Shapiro further objects to this Request as duplicative of Request

11  No. 47 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same

12  Request, and thus this Request improperly seeks to bypass party discovery.

13      Shapiro will not produce documents in response to this Request.

14  **REQUEST FOR PRODUCTION NO. 72:**

15      All Documents and Communications referencing or relating to the drafting of and the

16  reasoning behind the "Ancillary Rights Clause" in the Promotional and Ancillary Rights

17  Agreements, which grants the UFC exclusive and perpetual worldwide personality and Identity

18  rights of the UFC Fighter.

19  **RESPONSE TO REQUEST NO. 72:**

20      In addition to the General Objections set forth above, Shapiro objects to this Request as

21  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

22  calculated to lead to the discovery of relevant or admissible evidence, including because it requests

23  "All Documents and Communications" referencing or relating to the drafting of and reasoning

24  behind the "Ancillary Rights Clause" over a ten year time period, extending beyond the time period

25  relevant to this Action. Shapiro also objects to the extent this Request calls for documents protected

26  from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable

27  privilege. Shapiro further objects that the phrases "drafting of" and "reasoning behind" are vague

28  and ambiguous. Shapiro further objects that this Request is not limited in scope to the claims and

1  defenses at issue in this Action, including because Plaintiffs do not allege an identity class in this

2  Action. Shapiro disputes Plaintiffs' characterization of the relevant agreement provisions as the

3  "Ancillary Rights Clause," and further disputes Plaintiffs' assertion that they grant "the UFC

4  exclusive and perpetual worldwide personality and Identity rights of the UFC Fighter." Shapiro

5  refers to the text of the relevant agreements for their contents. Shapiro further objects to this

6  Request as duplicative of Request No. 48 to Zuffa. Zuffa has been actively meeting and conferring

7  with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

8  discovery.

9        Shapiro will not produce documents in response to this Request.

10  **REQUEST FOR PRODUCTION NO. 73:**

11        All Documents and Communications referencing or relating to the drafting of and the

12  reasoning behind the "Promotion Clause" in the Promotional and Ancillary Rights Agreements,

13  which requires UFC Fighters to attend, cooperate, and assist in the promotion of Professional

14  MMA Bouts in which they fight and, as required by the UFC, any other Professional MMA Bouts,

15  Professional MMA Events, broadcasts, press conferences and sale of UFC Licensed Merchandise.

16  **RESPONSE TO REQUEST NO. 73:**

17        In addition to the General Objections set forth above, Shapiro objects to this Request as

18  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

19  calculated to lead to the discovery of relevant or admissible evidence, including because it requests

20  "All Documents and Communications" referencing or relating to the drafting of and reasoning

21  behind the "Promotion Clause" over a ten year time period, extending beyond the time period

22  relevant to this Action. Shapiro also objects to the extent this Request calls for documents protected

23  from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable

24  privilege. Shapiro further objects that the phrases "drafting of," "reasoning behind," "attend,

25  cooperate, and assist in the promotion," and "broadcasts, press conferences and sale" are vague

26  and ambiguous. Shapiro disputes Plaintiffs' characterization of the relevant agreement provisions

27  as the "Promotion Clause," and further disputes Plaintiffs' assertion that they require "UFC

28  Fighters to attend, cooperate, and assist in the promotion of Professional MMA Bouts in which

1   they fight and, as required by the UFC, any other Professional MMA Bouts, Professional MMA

2   Events, broadcasts, press conferences and sale of UFC Licensed Merchandise." Shapiro refers to

3   the text of the relevant agreements for their contents. Shapiro further objects to this Request as

4   duplicative of Request No. 49 to Zuffa. Zuffa has been actively meeting and conferring with

5   Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

6   discovery.

7        Shapiro will not produce documents in response to this Request.

8   **REQUEST FOR PRODUCTION NO. 74:**

9        All Documents and Communications referencing or relating to the drafting of and the

10  reasoning behind the "Retirement Clause" which gives the UFC the power "to retain the rights to

11  a retired fighter in perpetuity.".

12  **RESPONSE TO REQUEST NO. 74:**

13       In addition to the General Objections set forth above, Shapiro objects to this Request as

14  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

15  calculated to lead to the discovery of relevant or admissible evidence, including because it requests

16  "All Documents and Communications" referencing or relating to the drafting of and reasoning

17  behind the "Retirement Clause" over a ten year time period, extending beyond the time period

18  relevant to this Action. Shapiro also objects to the extent this Request calls for documents protected

19  from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable

20  privilege. Shapiro further objects that the phrases "drafting of" and "reasoning behind" are vague

21  and ambiguous. Shapiro disputes the Plaintiffs' characterization of the relevant agreement

22  provisions as the "Retirement Clause," and further disputes Plaintiffs' assertion that they give the

23  UFC the power "to retain the rights to a retired fighter in perpetuity." Shapiro refers to the text of

24  the relevant agreements for their contents. Shapiro further objects to this Request as duplicative of

25  Request No. 50 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this

26  same Request, and thus this Request improperly seeks to bypass party discovery.

27       Shapiro will not produce documents in response to this Request.

28

1   **REQUEST FOR PRODUCTION NO. 75:**

2          All Documents and Communications referencing or relating to the drafting of and the

3   reasoning behind the tolling provisions, which extend the term of a UFC Fighter's contract during

4   periods when he or she is injured, retired, or otherwise declines to compete.

5   **RESPONSE TO REQUEST NO. 75:**

6          In addition to the General Objections set forth above, Shapiro objects to this Request as

7   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

8   calculated to lead to the discovery of relevant or admissible evidence, including because it requests

9   "All Documents and Communications" referencing or relating to the drafting of and the reasoning

10  behind the tolling provisions over a ten year time period, extending beyond the time period relevant

11  to this Action. Shapiro also objects to the extent this Request calls for documents protected from

12  disclosure by the attorney-client privilege, work-product doctrine, or any other applicable

13  privilege. Shapiro further objects that the phrases "drafting of," "reasoning behind," "tolling

14  provisions," and "otherwise declines to compete" are vague and ambiguous. Shapiro disputes the

15  Plaintiffs' characterization of the relevant agreement provisions as "tolling provisions," and further

16  disputes Plaintiffs' assertion that they extend "the term of a UFC Fighter's contract during periods

17  when he or she is injured, retired, or otherwise declines to compete." Shapiro refers to the text of

18  the relevant agreements for their contents. Shapiro further objects to this Request as duplicative of

19  Request No. 51 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this

20  same Request, and thus this Request improperly seeks to bypass party discovery.

21         Shapiro will not produce documents in response to this Request.

22  **REQUEST FOR PRODUCTION NO. 76:**

23         All Documents and Communications referencing or relating to the drafting of and the

24  reasoning behind the "Sponsorship and Endorsement Clause," which appears to grant the UFC

25  sole discretion over all sponsorship and endorsement approvals.

26  **RESPONSE TO REQUEST NO. 76:**

27         In addition to the General Objections set forth above, Shapiro objects to this Request as

28  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

1  calculated to lead to the discovery of relevant or admissible evidence, including because it requests

2  "All Documents and Communications" referencing or relating to the drafting of and the reasoning

3  behind the "Sponsorship and Endorsement Clause" over a ten year time period, extending beyond

4  the time period relevant to this Action. Shapiro also objects to the extent this Request calls for

5  documents protected from disclosure by the attorney-client privilege, work-product doctrine, or

6  any other applicable privilege. Shapiro further objects that the phrases "drafting of" and "reasoning

7  behind" are vague and ambiguous. Shapiro further objects that this Request is not limited in scope

8  to the claims and defenses at issue in this Action, including because Plaintiffs do not allege an

9  identity class in this Action. Shapiro disputes the Plaintiffs' characterization of the relevant

10  agreement provisions as the "Sponsorship and Endorsement Clause," and further disputes

11  Plaintiffs' assertion that they appear "to grant the UFC sole discretion over all sponsorship and

12  endorsement approvals." Shapiro refers to the text of the relevant agreements for their contents.

13  Shapiro further objects to this Request as duplicative of Request No. 52 to Zuffa. Zuffa has been

14  actively meeting and conferring with Plaintiffs over this same Request, and thus this Request

15  improperly seeks to bypass party discovery.

16      Shapiro will not produce documents in response to this Request.

17  **REQUEST FOR PRODUCTION NO. 77:**

18      All Documents and Communications analyzing or quantifying the overall impact or effect

19  of the contractual clauses in Zuffa's Promotional and Ancillary Rights Agreements on (a) UFC

20  Fighters' mobility or compensation, and/or (b) the ability of Zuffa's competitors (as identified in

21  your response to Request No. 61, supra, or otherwise) to compete for Professional MMA Fighters

22  services or to promote Professional MMA Events that can successfully compete against Zuffa.

23  **RESPONSE TO REQUEST NO. 77:**

24      In addition to the General Objections, Shapiro objects to this Request as overbroad, unduly

25  burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the

26  discovery of relevant or admissible evidence, including because it calls for "All Documents and

27  Communications" over a ten year time period, extending beyond the time period relevant to this

28  Action. Shapiro also objects to the extent this Request calls for documents protected from

1  disclosure by the attorney-client privilege, work-product doctrine, or any other applicable

2  privilege. Shapiro further objects that the phrases "overall impact," "effect," "mobility," and

3  "successfully" are vague and ambiguous. Shapiro further objects to this Request as duplicative of

4  Request No. 53 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this

5  same Request, and thus this Request improperly seeks to bypass party discovery.

6      Shapiro will not produce documents in response to this Request.

7  **REQUEST FOR PRODUCTION NO. 78:**

8      Documents sufficient to identify each of Your Employees or agents involved in approving

9  or negotiating the terms of each of Your Agreements with any Professional MMA Fighters.

10  **RESPONSE TO REQUEST NO. 78:**

11      In addition to the General Objections set forth above, Shapiro objects to this Request as

12  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

13  calculated to lead to the discovery of relevant or admissible evidence, including because it calls

14  for documents over a ten year period, extending beyond the time period relevant to this Action,

15  and it is not limited in scope to agreement terms related to the claims or defenses at issue in this

16  Action, including the lack of specificity regarding the subject of any "Agreements with any

17  Professional MMA Fighters." Shapiro further objects to this Request to the extent it purports to

18  require Shapiro to do anything beyond conducting a reasonable search for non-objectionable, non-

19  privileged, responsive documents and data. Shapiro further objects to this Request as duplicative

20  of Request No. 54 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over

21  this same Request, and thus this Request improperly seeks to bypass party discovery.

22      Shapiro will not produce documents in response to this Request.

23  **REQUEST FOR PRODUCTION NO. 79:**

24      All Documents and Communications relating to any Agreements between You and any

25  other MMA Promoter (past or present) relating to a Professional MMA Fighter's services,

26  including all executed Agreements (and any amendments thereto), draft Agreements, and all

27  Documents and Communications relating to the negotiation of such agreements, regardless of

28  whether an Agreement was executed.

**RESPONSE TO REQUEST NO. 79:**

Request No. 79 is duplicative and redundant of Request Nos. 28 and 29, and Shapiro incorporates his responses and objections to those Requests here. In addition to the General Objections set forth above, Shapiro objects that this Request is overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because its request for "all executed Agreements (and any amendments thereto)" with past or present MMA Promoters over a period of ten years extends beyond the time period relevant to this Action and is not limited in scope to documents related to the claims and defenses at issue in this Action. Shapiro also objects to this Request as seeking documents and information relating to fighters who would not be members of the putative class and, thus, would have no likelihood of leading to the discovery of relevant or admissible evidence. Shapiro further objects to the extent this Request calls for documents protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Shapiro further objects to this Request as duplicative of Request No. 55 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Shapiro will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 80:**

Documents sufficient to identify each of Your Employees or agents involved in approving or negotiating the terms of any Agreements or potential Agreements with any other MMA Promoter (past or present) relating to the provision of Professional MMA Fighter services.

**RESPONSE TO REQUEST NO. 80:**

In addition to the General Objections set forth above, Shapiro objects that this Request is overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it seeks documents relating to each employee over a ten year period, extending beyond the time period relevant to this Action, and is not limited to documents related to individuals who may have some role in the claims or defenses in this Action. Shapiro also objects that the phrase "potential

1   Agreements" is vague, ambiguous, and confusing. Shapiro further objects to this Request to the

2   extent it purports to require Shapiro to do anything beyond conducting a reasonable search for

3   non-objectionable, non-privileged, responsive documents and data. Shapiro further objects to this

4   Request as duplicative of Request No. 56 to Zuffa. Zuffa has been actively meeting and conferring

5   with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

6   discovery.

7       Shapiro will not produce documents in response to this Request.

8   **REQUEST FOR PRODUCTION NO. 81:**

9       All Documents and Communications constituting or relating to Agreements between You

10  and any broadcaster of professional MMA events (including PPV and non-PPV Professional

11  MMA Events), including without limitation all executed Agreements (and any amendments

12  thereto), draft Agreements, and all Documents and Communications relating to the negotiation of

13  such Agreements, Documents and Communications analyzing the terms of any actual or potential

14  such Agreement, regardless of whether an Agreement was executed.

15  **RESPONSE TO REQUEST NO. 81:**

16      In addition to the General Objections set forth above, Shapiro objects that this Request is

17  overbroad, unduly burdensome, not proportional to the needs of the case, and seeks documents

18  that have no likelihood of leading to the discovery of relevant or admissible evidence, including

19  because it calls for "All Documents and Communications" over a ten year time period, extending

20  beyond the time period relevant to this Action. Shapiro further objects that the phrases "analyzing"

21  and "potential such Agreement" are vague, ambiguous, and confusing. Shapiro further objects to

22  the extent this Request calls for documents protected from disclosure by the attorney-client

23  privilege, work-product doctrine, or any other applicable privilege. Plaintiffs have neither asserted

24  a monopolization claim in this Action, nor alleged any anticompetitive conduct in connection with

25  Zuffa's broadcasting agreements, if any, and thus this Request is purely an impermissible fishing

26  expedition into irrelevant materials. Shapiro further objects to this Request as duplicative of

27  Request No. 57 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this

28  same Request, and thus this Request improperly seeks to bypass party discovery.

1    Shapiro will not produce documents in response to this Request.

2    **REQUEST FOR PRODUCTION NO. 82**

3    Documents sufficient to identify each of Your Employees and agents involved in approving

4    or negotiating the terms of any Agreements or potential Agreements with any broadcaster of

5    professional MMA events (including PPV).

6    **RESPONSE TO REQUEST NO. 82:**

7    In addition to the General Objections set forth above, Shapiro objects to this Request as

8    overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

9    calculated to lead to the discovery of relevant or admissible evidence, including because it calls

10   for documents related to "any Agreements" over a ten year time period, extending beyond the time

11   period relevant to this Action, and it is not limited to documents related to individuals who may

12   have had some role in the claims and defenses at issue in this Action. Shapiro also objects to the

13   phrase "potential Agreements" as vague, ambiguous, and confusing. Plaintiffs have neither

14   asserted a monopolization claim in this Action, nor alleged any anticompetitive conduct in

15   connection with Zuffa's broadcasting agreements, if any, and thus this Request is purely an

16   impermissible fishing expedition into irrelevant materials. Shapiro further objects to this Request

17   to the extent it purports to require Shapiro to do anything beyond conducting a reasonable search

18   for non-objectionable, non-privileged, responsive documents and data. Shapiro further objects to

19   this Request as duplicative of Request No. 58 to Zuffa. Zuffa has been actively meeting and

20   conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass

21   party discovery.

22   Shapiro will not produce documents in response to this Request.

23   **REQUEST FOR PRODUCTION NO. 83:**

24   All Documents and Communications relating to Agreements between You and any

25   sponsors of the UFC or of the Professional MMA Fighters under contract with the UFC, including

26   without limitation all executed Agreements (and any amendments thereto), draft Agreements, and

27   all Documents and Communications relating to the negotiation of such Agreements, regardless of

28   whether an Agreement was executed.

**RESPONSE TO REQUEST NO. 83:**

In addition to the General Objections set forth above, Shapiro objects that this Request is overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it asks for "All Documents and Communications" relating to all agreements with sponsors over a ten year time period, extending beyond the time period relevant to this Action, and it is not limited in scope to documents relating to the claims and defenses at issue in this Action. Shapiro also objects to this Request as seeking documents and information relating to fighters who would not be members of the putative class and, thus, would have no likelihood of leading to the discovery of relevant or admissible evidence. Shapiro further objects to the extent this Request calls for documents protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Plaintiffs have neither asserted a monopolization claim in this Action, nor alleged any anticompetitive conduct in connection with Zuffa's sponsorship agreements, if any, and thus this Request is purely an impermissible fishing expedition into irrelevant materials. Shapiro further objects to this Request as duplicative of Request No. 59 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Shapiro will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 84:**

Documents sufficient to identify each of Your Employees and/or agents involved in approving or negotiating the terms of any Agreements or potential Agreements with any sponsors of the UFC or the Professional MMA Fighters under contract with the UFC.

**RESPONSE TO REQUEST NO. 84:**

In addition to the General Objections set forth about, Shapiro objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it requests identification of all employees over a ten year time period, extending beyond the time period relevant to this Action, and it is not limited in scope to documents relating to the claims and

1   defenses at issue in this Action. Plaintiffs have neither asserted a monopolization claim in this

2   Action, nor alleged any anticompetitive conduct in connection with Zuffa's sponsorship

3   agreements, if any, and thus this Request is purely an impermissible fishing expedition into

4   irrelevant materials. Shapiro further objects to this Request to the extent it purports to require

5   Shapiro to do anything beyond conducting a reasonable search for non-objectionable, non-

6   privileged, responsive documents and data. Shapiro further objects to this Request as duplicative

7   of Request No. 60 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over

8   this same Request, and thus this Request improperly seeks to bypass party discovery.

9        Shapiro will not produce documents in response to this Request.

10  **REQUEST FOR PRODUCTION NO. 85:**

11       All Documents referencing or relating to the ability of any UFC Fighter to switch to and/or

12  fight for, an actual or potential rival promotion. Responsive Documents include, but are not limited

13  to, Documents referencing or relating to the costs to UFC Fighters and/or their managers or

14  promoters associated with such a switch, any requirements or obligations imposed by a contract

15  between the UFC and UFC Fighters, and/or Documents concerning communications or

16  negotiations between the UFC and UFC Fighters with respect to a switch or potential switch from

17  the UFC to a rival MMA Promoter.

18  **RESPONSE TO REQUEST NO. 85:**

19       In addition to the General Objections set forth above, Shapiro objects to this Request as

20  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

21  calculated to the discovery of relevant or admissible evidence, including because it calls for "All

22  Documents" over a ten year time period, extending beyond the time period relevant to this Action.

23  Shapiro also objects that the phrase "switch to and/or fight for" as used in this Request is vague

24  and ambiguous. Shapiro also objects to this Request as seeking documents and information relating

25  to fighters who would not be members of the putative class and, thus, would have no likelihood of

26  leading to the discovery of relevant or admissible evidence. Shapiro further objects to this Request

27  as duplicative of Request No. 61 to Zuffa. Zuffa has been actively meeting and conferring with

28  Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

1    discovery.

2        Shapiro will not produce documents in response to this Request.

3    **REQUEST FOR PRODUCTION NO. 86:**

4        All communications between you and anyone else referencing or relating to this lawsuit or

5    Le, et al. v. Zuffa, LLC, 2:21-cv-1189-RFB-BNW (D. Nev.), or any of the named plaintiffs in

6    either of those cases, exclusive of any communications protected by the Attorney/Client Privilege.

7    **RESPONSE TO REQUEST NO. 86:**

8        In addition to the General Objections set forth above, Shapiro objects that this Request is

9    overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

10   calculated to lead to the discovery of relevant or admissible evidence, including because it requests

11   "All Communications" and does not limit the scope of its request to communications relating to

12   any of the named plaintiffs in this Action, to the claims and defenses at issue in this Action, or to

13   the time period of the allegations in this Action. Shapiro further objects that this Request is

14   unintelligible and cannot be responded to because the case citation refers to a case name that is

15   different from the case number cited. Shapiro further objects to this Request as duplicative of

16   Request No. 62 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this

17   same Request, and thus this Request improperly seeks to bypass party discovery.

18       Shapiro will not produce documents in response to this Request.

19   **REQUEST FOR PRODUCTION NO. 87:**

20       All Documents referencing or relating to indemnification or defense (corporate or

21   individual), judgment sharing, joint defense, liability or responsibility for judgment in this action,

22   for You and any of your officers, including by way of example not limitation, indemnity

23   Agreements, joint defense Agreements, judgment sharing Agreements, tenders of defense, denials

24   or reservations of rights.

25   **RESPONSE TO REQUEST NO. 87:**

26       In addition to the General Objections set forth above, Shapiro objects to this Response as

27   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

28   calculated to lead to the discovery of relevant or admissible evidence, including because it requests

1   "All Documents" over a ten year time period, extending beyond the time period relevant to this

2   Action, and it is not limited in scope to documents relating to the claims and defenses at issue in

3   this Action. Shapiro further objects because the phrases "indemnification or defense (corporate or

4   individual)" and "by way of example not limitation" are unintelligible as written. Shapiro further

5   objects to this Request as duplicative of Request No. 63 to Zuffa. Zuffa has been actively meeting

6   and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to

7   bypass party discovery.

8          Shapiro will not produce documents in response to this Request.

9   **REQUEST FOR PRODUCTION NO. 88:**

10         All Documents referencing or relating to any websites operated by You or on Your behalf,

11  including Documents sufficient to show who had responsibility for creating, maintaining, and

12  adding or deleting content (including any private messaging) to or from such websites.

13  **RESPONSE TO REQUEST NO. 88:**

14         In addition to the General Objections set forth above, Shapiro objects that this Request is

15  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

16  calculated to lead to the discovery of relevant or admissible evidence, including because it requests

17  "All Documents" over a ten year time period, extending beyond the time period relevant to this

18  Action, and does not limit the scope of the Request to documents relating to the claims and

19  defenses at issue in this Action. Plaintiffs' Request seeking "All Documents" referencing or

20  relating to "any website operated by You or on Your behalf" for a period of ten years would require

21  Shapiro to produce a burdensome, unreasonable, and disproportionate number of documents, many

22  of which would be far outside the scope of this Action and have no likelihood of leading to the

23  discovery of relevant or admissible evidence. Shapiro also objects that the phrases "maintaining"

24  and "on Your behalf" as used in this Request is vague and ambiguous. Shapiro further objects to

25  this Request as duplicative of Request No. 64 to Zuffa. Zuffa has been actively meeting and

26  conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass

27  party discovery.

28         Shapiro will not produce documents in response to this Request.

1    **REQUEST FOR PRODUCTION NO. 89:**

2        Documents sufficient to identify each Person responsible for any Social Media account

3    operated by or on behalf of Zuffa, including documents sufficient to show who had responsibility

4    for creating, maintaining, and adding or deleting content (including any private messaging) to or

5    from such Social Media accounts.

6    **RESPONSE TO REQUEST NO. 89:**

7        In addition to the General Objections set forth above, Shapiro objects to this Request as

8    overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

9    calculated to lead to the discovery of relevant or admissible evidence. Shapiro further objects to

10   the phrases "on behalf of Zuffa" and "maintaining" as vague and ambiguous. Shapiro further

11   objects to this Request to the extent it purports to require Shapiro to do anything beyond conducting

12   a reasonable search for non-objectionable, non-privileged, responsive documents and data.

13   Shapiro further objects to this Request as duplicative of Request No. 65 to Zuffa. Zuffa has been

14   actively meeting and conferring with Plaintiffs over this same Request, and thus this Request

15   improperly seeks to bypass party discovery.

16       Shapiro will not produce documents in response to this Request.

17   **REQUEST FOR PRODUCTION NO. 90:**

18       All contracts or Agreements between the UFC and any Social Media organization.

19   **RESPONSE TO REQUEST NO. 90:**

20       In addition to the General Objections, Shapiro objects that this Request is overbroad to the

21   extent that it calls for "All contracts or Agreements" over a ten year time period, extending beyond

22   the time period relevant to this Action, seeks documents that are not relevant to the claims or

23   defenses at issue in this Action, and thus is not reasonably calculated to lead to the discovery of

24   relevant or admissible evidence, and is not proportional to the needs of the case. Shapiro further

25   objects to this Request as duplicative of Request No. 66 to Zuffa. Zuffa has been actively meeting

26   and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to

27   bypass party discovery.

28       Shapiro will not produce documents in response to this Request.

1   **REQUEST FOR PRODUCTION NO. 91:**

2       All Documents and Communications relating to any content posted to any website or Social

3   Media relating to UFC Professional MMA Bouts, including pre-bout promotional content and

4   post-bout content.

5   **RESPONSE TO REQUEST NO. 91:**

6       In addition to the General Objections set forth above, Shapiro objects that this Request is

7   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

8   calculated to lead to the discovery of relevant or admissible evidence, including because it calls

9   for "All Documents and Communications" relating to "any content posted to any website" over a

10  ten year time period, extending beyond the time period relevant to this Action, it is not limited in

11  scope to documents related to the claims and defenses at issue in this Action, and it is not limited

12  to websites controlled by Shapiro or Zuffa or statements made by Zuffa employees acting in their

13  capacity as Zuffa employees. Shapiro further objects to this Request to the extent that it seeks

14  public information—including information in Plaintiffs' control—that is readily accessible by

15  Plaintiffs and which should be collected by Plaintiffs under the reasonableness and proportionality

16  standards set forth in the Federal Rules of Civil Procedure. Shapiro further objects to this Request

17  as duplicative of Request No. 67 to Zuffa. Zuffa has been actively meeting and conferring with

18  Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

19  discovery.

20      Shapiro will not produce documents in response to this Request.

21  **REQUEST FOR PRODUCTION NO. 92**

22      All Documents, including any content posted to any website or Social Media, referencing

23  or relating to any Professional MMA Fighters under contract with the UFC.

24  **RESPONSE TO REQUEST NO. 92:**

25      In addition to the General Objections set forth above, Shapiro objects that this Request, as

26  phrased, is overbroad, unduly burdensome, not proportional to the needs of the case, and not

27  reasonably calculated to lead to this discovery of relevant or admissible evidence, including

28  because it calls for "All Documents" referencing or relating to "Professional MMA Fighters under

contract with the UFC" over a ten year period, extending beyond the time period relevant to this Action, and it is not limited in scope to documents relating to the claims and defenses at issue in this Action. To the extent this Request calls for "content posted to any website or Social Media," Shapiro objects that it is not limited to website or Social Media controlled by Shapiro or Zuffa or statements made by Zuffa employees acting in their capacity as Zuffa employees. Shapiro further objects that this Request seeks public information—including information in Plaintiffs' control—that is readily accessible by Plaintiffs and which should be collected by Plaintiffs under the reasonableness and proportionality standards set forth in the Federal Rules of Civil Procedure. Shapiro further objects to this Request to the extent it purports to require Shapiro to maintain information removed or deleted from website and/or Social Media prior to the filing of this lawsuit. Shapiro further objects to this Request as seeking documents and information relating to fighters who would not be part of the putative class and, thus, would have no likelihood of leading to the discovery of relevant or admissible evidence. Shapiro further objects to this Request as duplicative of Request No. 68 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Shapiro will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 93:**

All Documents referencing or relating to Zuffa's registration with any regulatory bodies governing the MMA industry. Include all Documents referencing or relating to any suspensions of Zuffa for any reason by any government agency or any Person responsible for regulation, supervision, licensing, permitting or safety of Professional MMA Bouts and Professional MMA Fighters.

**RESPONSE TO REQUEST NO. 93:**

In addition to the General Objections set forth above, Shapiro objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it seeks "All Documents" over a ten year period, which extends beyond the time period relevant to this Action, and it is not limited to documents related to the claims and defenses at issue in this Action.

1  Shapiro further objects to this Request as duplicative of Request No. 69 to Zuffa. Zuffa has been

2  actively meeting and conferring with Plaintiffs over this same Request, and thus this Request

3  improperly seeks to bypass party discovery.

4      Shapiro will not produce documents in response to this Request.

5  **REQUEST FOR PRODUCTION NO. 94:**

6      All Documents and Communications relating to meetings or the business of Your Board

7  of Directors, including without limitation all agendas, minutes, presentations, Agreements, and

8  resolutions created by or for the Board of Directors, including all Documents and Communications

9  directed to and presented by management or outside professionals, which address capital raises,

10  business combinations, dividends and any other executive compensation matters.

11  **RESPONSE TO REQUEST NO. 94:**

12      In addition to the General Objections set forth above, Shapiro objects to this Request as

13  overboard, unduly burdensome, not proportional to the needs of the case, and not reasonably

14  calculated to lead to the discovery of relevant or admissible evidence, including because it seeks

15  "All Documents and Communications" over a ten year period, extending beyond the time period

16  relevant to this Action, and it is not limited to documents related to the claims and defenses at issue

17  in this Action. Shapiro also objects that the phrase "directed to and presented by management or

18  outside professionals" is vague and ambiguous. Shapiro further objects to this Request as

19  duplicative of Request No. 70 to Zuffa. Zuffa has been actively meeting and conferring with

20  Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

21  discovery.

22      Shapiro will not produce documents in response to this Request.

23  **REQUEST FOR PRODUCTION NO. 95:**

24      All Documents and Communications relating to any provision of Your Promotional and

25  Ancillary Rights Agreement that terminated any rights You had under the contract after a stated

26  amount of time notwithstanding any provision that could otherwise extend the term of the

27  Agreement, including all documents discussing the purpose(s) of such provisions, documents

28  discussing the reason(s) for no longer including them, and documents constituting or reflecting

1    analyses of the effects of such provision(s) on Your business.

2    **RESPONSE TO REQUEST NO. 95:**

3         In addition to the General Objections set forth above, Shapiro objects that this Request, as

4    phrased, is overbroad, unduly burdensome, not proportional to the needs of the case, and not

5    reasonably calculated to lead to this discovery of relevant or admissible evidence, including

6    because it calls for "All Documents and Communications" over a ten year period, extending

7    beyond the time period relevant to this Action, and it is not limited to documents relating to the

8    claims and defenses at issue in this Action. Shapiro also objects to the extent this Request calls for

9    documents protected from disclosure by the attorney-client privilege, work-product doctrine, or

10   any other applicable privilege. Shapiro further objects that the phrases "any provision,"

11   "terminated any rights You had," "under the contract," "otherwise extend the term," "effects," and

12   "business" are vague and ambiguous. Shapiro further objects to this Request as duplicative of

13   Request No. 71 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this

14   same Request, and thus this Request improperly seeks to bypass party discovery.

15        Shapiro will not produce documents in response to this Request.

16

17

18

19

20

21

22

23

24

25

26

27

28

1    Dated: April 2, 2025                        Respectfully Submitted,

2                                                /s/ Christopher S. Yates
     WILLIAM A. ISAACSON (*Pro hac vice*)        CHRISTOPHER S. YATES (*Pro hac vice*)
3    wisaacson@paulweiss.com                     chris.yates@lw.com
     KAREN L. DUNN (*Pro hac vice*)              AARON T. CHIU (*Pro hac vice*)
4    ldunn@paulweiss.com                         aaron.chiu@lw.com
     JESSICA PHILLIPS (*Pro hac vice*)           LATHAM & WATKINS LLP
5    jphillips@paulweiss.com                     505 Montgomery Street, Suite 2000
     PAUL, WEISS, RIFKIND, WHARTON &             San Francisco, CA 94111
6    GARRISON LLP                                Tel: (415) 395-8095
     2001 K Street, NW
7    Washington, DC 20006                        SEAN M. BERKOWITZ (*Pro hac vice*)
                                                 sean.berkowitz@lw.com
8    BRETTE M. TANNENBAUM (*Pro hac vice*)       LATHAM & WATKINS LLP
     btannenbaum@paulweiss.com                   330 North Wabash Ave, Suite 2800
9    YOTAM BARKAI (*Pro hac vice*)               Chicago, IL 60611
     ybarkai@paulweiss.com
10   PAUL, WEISS, RIFKIND, WHARTON &             LAURA WASHINGTON (*Pro hac vice*)
     GARRISON LLP                                laura.washington@lw.com
11   1285 Avenue of the Americas                 LATHAM & WATKINS LLP
     New York, NY 10019                          10250 Constellation Blvd, Suite 1100
12                                               Los Angeles, CA 90067
     DONALD J. CAMPBELL (No. 1216)
13   djc@campbellandwilliams.com                 DAVID L. JOHNSON (*Pro hac vice*)
     J. COLBY WILLIAMS (No. 5549)                david.johnson@lw.com
14   jcw@campbellandwilliams.com                 LATHAM & WATKINS LLP
     CAMPBELL & WILLIAMS                         555 Eleventh Street NW, Suite 1000
15   700 South 7th Street                        Washington, D.C. 20004
     Las Vegas, Nevada 89101
16   Tel: (702) 382-5222

17

18   *Attorneys for Defendants Zuffa, LLC, TKO Operating Company, and Endeavor Group Holdings, Inc.*

19

20

21

22

23

24

25

26

27

28

1  WILLIAM A. ISAACSON (*Pro hac vice*)
   wisaacson@paulweiss.com
2  KAREN L. DUNN (*Pro hac vice*)
   ldunn@paulweiss.com
3  JESSICA PHILLIPS (*Pro hac vice*)
   jphillips@paulweiss.com
4  PAUL, WEISS, RIFKIND, WHARTON &
   GARRISON LLP
5  2001 K Street, NW
   Washington, DC 20006
6
   DONALD J. CAMPBELL (No. 1216)
7  djc@campbellandwilliams.com
   J. COLBY WILLIAMS (No. 5549)
8  jcw@campbellandwilliams.com
   CAMPBELL & WILLIAMS
9  700 South 7th Street
   Las Vegas, NV 89101
10

CHRISTOPHER S. YATES (*Pro hac vice*)
chris.yates@lw.com
AARON T. CHIU (*Pro hac vice*)
aaron.chiu@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111

SEAN M. BERKOWITZ (*Pro hac vice*)
sean.berkowitz@lw.com
LATHAM & WATKINS LLP
330 North Wabash Ave, Suite 2800
Chicago, IL 60611

LAURA WASHINGTON (*Pro hac vice*)
laura.washington@lw.com
LATHAM & WATKINS LLP
10250 Constellation Blvd, Suite 1100
Los Angeles, CA 90067

11
12  *Attorneys for Defendants Zuffa, LLC, TKO*
    *Operating Company, and Endeavor Group*
    *Holdings, Inc.*

13              **UNITED STATES DISTRICT COURT**

14                   **DISTRICT OF NEVADA**

15

16  KAJAN JOHNSON, CLARENCE DOLLAWAY,
    and TRISTAN CONNELLY on behalf of themselves
17  and all others similarly situated,

18              *Plaintiffs*,

19              v.

20  Zuffa LLC, TKO Operating Company, LLC f/k/a
    Zuffa Parent LLC (d/b/a Ultimate Fighting
21  Championship and UFC) and Endeavor Group
    Holdings, Inc,
22
23              *Defendants*.

Case No.: 2:21-cv-01189-RFB-BNW

**NON-PARTY MARK SHAPIRO'S
RESPONSES AND OBJECTIONS TO
PLAINTIFFS' SUBPOENA TO
PRODUCE DOCUMENTS,
INFORMATION, OR OBJECTS OR
TO PERMIT INSPECTION OF
PREMISES IN A CIVIL ACTION**

24
25
26
27
28

1    This case is a purported class action, but none of the Named Plaintiffs can represent a class

2    since the majority of fighters within the putative class signed arbitration agreements and class

3    action waivers. *See, e.g.*, *O'Connor v. Uber Technologies, Inc.*, 904 F.3d 1087, 1094 (9th Cir.

4    2018). Those basic facts led counsel for the Plaintiffs to say "the reality is the claim has little

5    value" precisely "because the UFC started implementing arbitration clauses." *Le et al. v. Zuffa,*

6    *LLC et al.*, Case No. 2:15-cv-01045, ECF 1036 at 86:17-87:10. Since their claim admittedly has

7    no value and cannot be pursued on a class basis, Plaintiffs have decided to try to use discovery as

8    a weapon, presumably as part of an effort to generate leverage. This subpoena to non-party Mark

9    Shapiro is part of that effort. Plaintiffs' subpoena contains ***100*** requests for production (the

10   "Requests")—94 of which are identical to requests served upon defendants. Including Mr.

11   Shapiro, Plaintiffs have also propounded the same exact non-party subpoena to twenty-eight non-

12   parties and are seeking documents in response to over 2,500 requests for production.

13   Pursuant to Rules 26, 34, and 45 of the Federal Rules of Civil Procedure, non-party Mark

14   Shapiro, objects to Plaintiffs' subpoena as it is neither proper, proportional to the needs of this

15   case, or appropriate given the protections afforded non-parties under Rule 45(d). Accordingly,

16   Mr. Shapiro will not produce any documents in response to these Requests unless a court orders

17   otherwise.

18   <u>**GENERAL OBJECTIONS**</u>

19   1.    Shapiro objects to the entirety of the 100 Requests that Plaintiffs have directed to

20   Shapiro to the extent the subpoena falls outside the territorial limits of the Court's jurisdiction.

21   2.    Shapiro objects to the entirety of the 100 Requests that Plaintiffs have directed to

22   non-party Shapiro as contradicting Plaintiffs' representation to the Court that they would require

23   only "limited discovery" in connection with this case and would only "request some limited

24   discovery." Pls.' Statement at 5-6, Discovery Plan, ECF No. 51. There is nothing "limited" about

25   100 Requests for Production that Plaintiffs have propounded to a non-party, many of which include

26   unbounded requests for "all documents" or "all communications."

27   3.    The following general objections ("General Objections") are incorporated in

28   Shapiro's Responses to each and every Request (the "Specific Objections"). The fact that

1   Shapiro's Response to an individual Request specifically refers to one or more of the General

2   Objections does not mean that the other General Objections do not apply to that Request and does

3   not waive any of the other General Objections with respect to that Request. No Response to any

4   Request or any subpart of any Request is, or shall be deemed to be, a waiver of any of Shapiro's

5   General Objections.

6          4.      Shapiro provides these Responses based on his interpretation and understanding of

7   each Request. Shapiro reserves the right to amend and/or supplement his Responses in the event

8   that Plaintiffs assert an interpretation that differs from Shapiro's interpretation.

9          5.      Shapiro makes these Responses based on facts reasonably known at the time of

10  answering these Requests. Shapiro's investigation of the facts relating to this case is ongoing and,

11  thus, further discovery, investigation, research, and analysis may supply additional facts, which

12  may alter the contentions and disclosures herein. Shapiro reserves the right to supplement or amend

13  these Responses in such an event. However, Shapiro reserves the right not to supplement his

14  Responses to the extent additional or corrective information has otherwise been made known

15  during the discovery process or in writing, pursuant to Federal Rule of Civil Procedure

16  26(e)(1)(A).

17         6.      Shapiro objects to the Requests on the grounds that they are premature, as Plaintiffs

18  have not exhausted party discovery. The information sought can initially be addressed through

19  standard party discovery channels. Any commitment to produce any materials in response to these

20  Requests, if any, is expressly conditioned on Plaintiffs first seeking these documents from the

21  named parties through the traditional discovery channels.

22         7.      Shapiro objects to the Requests, and to the instructions and definitions contained

23  therein, to the extent that they seek to impose duties or obligations beyond those imposed by the

24  Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the

25  District of Nevada, the case law interpreting each of them, or any other laws or rules applicable to

26  proceedings in this Court.

27

28

NON-PARTY MARK SHAPIRO'S RESPONSES
AND OBJECTIONS TO PLAINTIFFS' SUBPOENA
Case No. 21-cv-01189-RFB-BNW

1      8.      Shapiro objects to the Requests as they call for the production of documents that

2   are duplicative of documents already being sought from Zuffa, TKO or Endeavor, and not likely

3   to lead to the production of unique materials from Shapiro.

4      9.      Shapiro objects to the Requests to the extent that they call for the production of

5   documents that are in whole or in part protected from disclosure by the attorney-client privilege,

6   the attorney work-product doctrine, or the joint-defense or common-interest privilege; were

7   prepared in anticipation of litigation or trial; or are subject to any other privilege, protection or

8   immunity applicable under governing law. Shapiro will not produce documents protected by such

9   privileges. To the extent that any Request may be construed as calling for the production of

10  documents or responses that are subject to any such claim of privilege, Shapiro hereby asserts the

11  applicable privilege, immunity, or protection. Specific Objections on the grounds of privilege are

12  provided for emphasis and clarity only, and the absence of a Specific Objection is neither intended,

13  nor should be interpreted, as evidence that Endeavor does not object to a specific Request on the

14  basis of an applicable privilege, immunity, or protection. Any disclosure of any such privileged or

15  protected material in response to any Request is inadvertent and not intended to waive those

16  privileges and protections. Shapiro reserves the right to demand that Plaintiffs return, destroy, or

17  sequester any privileged or protected documents produced and all copies thereof consistent with

18  Federal Rule of Civil Procedure 26(b)(5)(B).

19     10.     Shapiro objects to the Requests to the extent that they seek documents not within

20  Shapiro's possession, custody, or control or purport to require Shapiro to create documents not

21  currently in his possession, custody, or control. Shapiro further objects to the Requests to the extent

22  that they seek information that Plaintiffs equally may otherwise obtain from public sources or,

23  with less burden or expense, by using other means of discovery.

24     11.     Shapiro objects to the Requests to the extent that they seek responses from persons

25  or entities other than the named non-party, Mark Shapiro.

26     12.     Shapiro objects to the Requests to the extent they assert, imply, suggest, or are

27  premised upon any underlying express or implied assumptions of fact or law with respect to

28  matters at issue in this Action. These Responses are not intended to be, and should not be construed

1   as, an agreement or concurrence by Shapiro with Plaintiffs' characterization of any facts,

2   circumstances, and/or legal obligations. Shapiro reserves the right to contest any such

3   characterization as inaccurate.

4        13.    Shapiro objects to the Requests as overly broad, unduly burdensome, and not

5   proportional to the needs of the case to the extent they purport to require production of "all"

6   documents of a particular type under circumstances in which a subset of such documents would

7   be sufficient to show the pertinent information or where such Request would require more than a

8   reasonable, good-faith search of the places where responsive documents are likely to be found.

9        14.    Shapiro objects to the Requests to the extent they seek information that is not

10  relevant to any party's claim or defense.

11       15.    Shapiro objects to the Requests to the extent they are not proportional to the needs

12  of the case and to the extent they are (a) overly broad or unduly burdensome; (b) cumulative,

13  duplicative, or repetitive; or (c) vague, ambiguous, lacking in particularity, colloquial,

14  argumentative, capable of multiple interpretations, or unintelligible.

15       16.    Shapiro's objections, responses, and production of documents shall not be

16  construed as an admission of the relevancy, materiality, authenticity, or admissibility of any

17  document, fact, issue, or piece of information. Shapiro reserves the right to object to the

18  admissibility in evidence of all or any part of the Responses herein. Nor does the fact that Shapiro

19  has responded to, or failed to object to, any Request as set forth below mean that any documents

20  responsive to such Request in fact exist, or that Shapiro acknowledges the propriety of the Request.

21  The failure of Shapiro to make a Specific Objection to any Request is not an admission that

22  information responsive to that Request exists, nor shall Shapiro's failure to object to any Request

23  on a particular ground be construed as a waiver of his rights to object to such Request on that or

24  any additional ground at any time. Any statement in these Responses that Shapiro will produce

25  documents in response to a specific Request does not mean that Shapiro in fact has any such

26  documents in his possession, custody, or control; that any such documents exist; or that Shapiro

27  will search all files maintained by any person. Rather, such a statement reflects the intention of

28  Shapiro, subject to these Responses, to conduct a reasonable search for readily accessible

1    responsive information or documents from sources in which responsive documents that are not

2    otherwise protected from disclosure reasonably would be expected to be found and based on

3    parameters agreed to by the parties.

4          17.    Shapiro objects to the Requests to the extent they purport to require Shapiro to

5    search archived electronic data, "backup" files, or to restore any electronic matter on the ground

6    that such requirements are unduly burdensome and not proportional to the needs of the case.

7          18.    Shapiro objects to the Requests to the extent they call for the disclosure of Shapiro's

8    confidential or proprietary information, trade secrets, commercial information, or other

9    competitively sensitive information. To the extent Shapiro provides his confidential information

10   and/or other competitively sensitive information, Shapiro will do so only subject to the terms of

11   the protective order entered by the Court in this Action, ECF No. 123.

12         19.    Shapiro also objects to the Requests to the extent they seek documents that contain

13   confidential or proprietary information; trade secrets; commercially sensitive information; other

14   competitively sensitive information belonging to a third party but entrusted to Shapiro on

15   conditions of confidentiality and/or non-disclosure; personal information of fighters (such as

16   medical conditions) or, if applicable, Endeavor's or Shapiro's employees, clients, customers, or

17   counterparties; or information that is subject to protective orders or other confidentiality

18   undertakings or is protected from disclosure by legal protections governing the privacy rights of

19   consumers and other persons. To the extent that Shapiro agrees to produce any such documents,

20   such production shall be subject to and contingent upon appropriate notice to and/or consent from

21   such third parties and to the protection of the protective order entered by the Court in this Action,

22   ECF No. 123.

23         20.    Shapiro objects to the Requests to the extent they seek documents and information

24   relating to fighters who would not be part of the putative class and, thus, would have no likelihood

25   of leading to the discovery of relevant or admissible evidence.

26         21.    Shapiro objects to the definition of "Agreement" as overbroad, unduly burdensome,

27   and impractical to the extent it includes verbal agreements. Where called for by a Request (and as

28   agreed by Shapiro), Shapiro will produce documents that regard such verbal agreements, to the

1    extent any such documents exist. However, where a Request asks for the production of the

2    Agreements themselves, Shapiro will not be able to produce materials reflecting verbal

3    agreements, to the extent any such verbal agreements were made.

4        22.    Shapiro objects to the definition of "Defendants" to the extent that it purports to

5    include anything other than the named Defendants in this Action: Zuffa, LLC, TKO Operating

6    Company, LLC, and Endeavor Group Holdings, Inc.

7        23.    Shapiro objects to the definition of "Electronically Stored Information" to the

8    extent it includes electronic information or data that is not reasonably accessible, or in a form

9    beyond that required by the Federal Rules of Civil Procedure. Shapiro also objects to the Definition

10   to the extent that "activity listings of electronic mail receipts and/or transmittals" is undefined.

11       24.    Shapiro objects to the definitions of "Endeavor," "Defendants," "TKO," "Zuffa,"

12   and "UFC" to the extent they encompass or purport to encompass persons or entities that are not

13   the named Defendants, and their current executives, employees, agents, owners, departments, and

14   divisions within their control. Shapiro also objects to these definitions to the extent that they

15   purport to include the subsidiaries, predecessors, successors, or affiliates of Endeavor, including

16   entities "in which Endeavor owns a controlling share or which Endeavor manages or controls."

17   Shapiro further objects to these definitions as vague, ambiguous, overbroad, and unduly

18   burdensome to the extent that they encompass or purport to encompass "any persons acting or

19   purporting to act on behalf of the responding Defendant." Shapiro further objects that this

20   definition is overbroad to the extent that it includes all of Endeavor's former directors, members,

21   officers, employees, agents, or representatives.

22       25.    Shapiro objects to the definition "Identify" to the extent that it calls for

23   identification of an individual's confidential personal information, including Social Security

24   numbers. Shapiro further objects to this definition to the extent it requires Shapiro to do anything

25   other than produce preexisting responsive documents within his possession, custody, or control

26   created and collected in the ordinary course of business.

27       26.    Shapiro objects to the definition of "Meeting" as overbroad and vague to the extent

28   it includes any nonscheduled or unplanned "contemporaneous presence of two or more persons

1  for any purpose."

2      27.    Shapiro objects to the definition of "Pre-Bout Event" as overbroad to the extent it

3  includes "training." Shapiro will interpret "training" in the definition of "Pre-Bout Event" as

4  though it reads "media regarding training."

5      28.    Shapiro objects to the definition of "Professional MMA Fighter" as vague,

6  ambiguous, and confusing in that it circuitously uses the term "Professional MMA Bout," which

7  in turn uses the term "Professional MMA Fighter" in its definition. Shapiro will interpret

8  "Professional MMA Fighter" to mean a person who is paid to fight in MMA bouts.

9      29.    Shapiro objects to the definitions of "You" and "Your" to the extent that they

10  purport to include anything not in the possession, custody, or control of Shapiro. This includes

11  anything in the possession, custody, or control of any organization or entity which Shapiro

12  manages, controls, has an ownership interest in, or is employed by, as well as any employees,

13  agents, representatives, or persons acting or purporting to act on Shapiro's behalf. Shapiro further

14  objects to the definitions of "You" and "Your" on the ground that Plaintiffs' definition of "You"

15  and "Your" is overly broad, imposes burdens and expenses that outweigh its likely benefit, is

16  disproportionate to the needs of this case, seeks materials that are not relevant to any party's claim

17  or defense in this case, and/or calls for Shapiro to provide information protected by attorney-client

18  privilege, work product doctrine, or other privileges and protections.

19      30.    Shapiro objects to the definition of "Zuffa" as overly broad, unduly burdensome,

20  vague, and ambiguous to the extent it purports to include or includes parties and entities outside

21  of named Defendant, Zuffa, LLC, such as predecessors, successors, affiliates, "any organization

22  or entity that it owns, manages or controls," former directors, officers, employees, employees and

23  representatives and others "purporting to act on Zuffa's behalf." Shapiro also objects to the extent

24  that these definitions seek documents from predecessor companies or entities that were acquired

25  by or merged with Zuffa.

26      31.    To the extent Shapiro possesses any non-objectionable, non-privileged documents

27  and/or data that are responsive to the Requests, Shapiro will produce documents and/or data as

28  they are kept in the usual course of business, and will produce them in a reasonable format, at a

1    reasonable time, and at a reasonable location to be mutually agreed upon by the parties. Shapiro

2    objects to the extent any Request calls for data to be provided in ways that are not done in the

3    normal course of business. Shapiro objects to contrary instructions.

4         32.    Shapiro objects to Instruction No. 1 to the extent that it requires or purports to

5    require Shapiro to conduct anything beyond a reasonable search for documents within his

6    possession, custody, or control.

7         33.    Shapiro objects to Instruction No. 2 as beyond the requirements of Federal Rules

8    of Civil Procedure 26 and 34. To the extent responsive documents are withheld on a basis of

9    privilege, Endeavor will produce a privilege log in the form agreed upon by the parties.

10        34.    Shapiro objects to Instruction No. 3 and each Request to the extent it purports to

11   require the production of original documents. Shapiro will make available legible copies of

12   responsive documents, to the extent any exist, to Plaintiffs' attorneys. Shapiro reserves the right to

13   make original documents available on his own premises.

14        35.    Shapiro objects to Instruction No. 5 to the extent that it requires or purports to

15   require the production of Documents otherwise uncalled for by the Requests or the stipulation

16   regarding the production of electronically stored information and other documents that the parties

17   are negotiating. Shapiro also objects to the Instruction to the extent that it purports to impose

18   obligations beyond those required by the Federal Rules of Civil Procedure.

19        36.    Shapiro objects to Instruction No. 6 to the extent that it purports to require

20   production of documents in a manner that exceeds the stipulation regarding production of

21   electronically stored information and other documents that the parties are negotiating. Shapiro also

22   objects to the Instruction to the extent that it purports to impose obligations beyond those required

23   by the Federal Rules of Civil Procedure.

24        37.    Shapiro objects to Instruction No. 7 to the extent that it purports to require Shapiro

25   to disclose information that constitutes or reflects attorney work product or is otherwise protected

26   from disclosure under any other privilege, protection or immunity applicable under the governing

27   law.

28

NON-PARTY MARK SHAPIRO'S RESPONSES
AND OBJECTIONS TO PLAINTIFFS' SUBPOENA
Case No. 21-cv-01189-RFB-BNW

38.     Shapiro objects to Instruction No. 8 to the extent it purports to require Shapiro to do more than undertake a reasonable and diligent search for responsive documents. Shapiro further objects to this Instruction to the extent that it purports to require Shapiro to maintain information about documents that may no longer exist and to the extent that it purports to impose obligations beyond those required by the Federal Rules of Civil Procedure or Local Rules for the United States District Court for the District of Nevada, case law interpreting each of them, or any other laws or rules applicable to proceedings in this Court.

39.     Shapiro objects to Instruction No. 9 to the extent that the Instruction purports to require preservation of "all" data and metadata as overbroad and burdensome. Shapiro also objects to the Instruction to the extent that it purports to impose obligations beyond those required by the Federal Rules of Civil Procedure.

40.     Shapiro objects to Instruction Nos. 10 through 17 to the extent that they purport to require production of documents in a manner that exceeds the stipulation regarding production of electronically stored information and other documents that the parties are negotiating. Shapiro also objects to Instruction Nos. 10 through 17 to the extent that they purport to impose obligations beyond those required by the Federal Rules of Civil Procedure.

41.     Shapiro objects to Instruction No. 18 to the extent that it purports to impose obligations beyond those required by the Federal Rules of Civil Procedure. For any information stored in a database, Shapiro will meet and confer with Plaintiffs regarding the information available and produce data in a useable format, to the extent any such data exists and is responsive to the Requests.

42.     Shapiro objects to Instruction Nos. 20, 22, and 23 to the extent they impose or purport to impose duties or obligations beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the District of Nevada, the case law interpreting each of them, or any other laws or rules applicable to proceedings in this Court.

43.     Shapiro objects to the Relevant Time Period beginning on January 1, 2015 until the present, as it is overbroad because it stretches well beyond the period which is the basis of this Action.

44.     These General Objections are incorporated into each one of the following Responses and shall be deemed continuing as to each response. These General Objections are not waived, or in any way limited, by the following Responses.

**SPECIFIC OBJECTIONS**

**REQUEST FOR PRODUCTION NO. 1:**

Documents sufficient to identify each electronic device that You used to transmit or receive Communications during the Relevant Time Period, including but not limited to cellular telephones, laptop or notebook computers, desktop computers, and portable tablets, including but not limited to Any electronic device that You purchased, that was purchased for You, or that was issued to You by Defendants.

**RESPONSE TO REQUEST NO. 1:**

In addition to the General Objections set forth above, Shapiro objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses, including because it calls for "each" and "Any electronic device" used by a non-party over a ten year time period, extending beyond the time period relevant to this Action. Shapiro further objects to this Request as impermissibly propounding an interrogatory on a non-party by means of a request for production of documents. Shapiro further objects to this Request as improperly bypassing party discovery. Plaintiffs and Endeavor have been actively meeting and conferring over party discovery, and this Request seeks to circumvent that process.

Shapiro will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 2:**

Documents sufficient to identify the telephone number and provider or carrier of each cellular telephone identified in response to Request No. 1.

**RESPONSE TO REQUEST NO. 2:**

In addition to the General Objections set forth above, Shapiro objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses, including because it calls for "each cellular

telephone" used by a non-party over a ten year time period, extending beyond the time period relevant to this Action. Shapiro further objects to this Request as impermissibly propounding an interrogatory on a non-party by means of a request for production of documents. Shapiro further objects to this Request as improperly bypassing party discovery. Plaintiffs and Endeavor have been actively meeting and conferring over party discovery, and this Request seeks to circumvent that process.

Shapiro will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 3:**

Documents sufficient to identify when You first started using and, if applicable, when You stopped using, each mobile telephone number identified in response to Request No. 2.

**RESPONSE TO REQUEST NO. 3:**

In addition to the General Objections set forth above, Shapiro objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses, including because it calls for information about "each mobile telephone number" used by a non-party over a ten year time period, extending beyond the time period relevant to this Action. Shapiro further objects to this Request as impermissibly propounding an interrogatory on a non-party by means of a request for production of documents. Shapiro further objects to this Request as improperly bypassing party discovery. Plaintiffs and Endeavor have been actively meeting and conferring over party discovery, and this Request seeks to circumvent that process.

Shapiro will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 4:**

Documents sufficient to identify each messaging account or social media account that You used during the Relevant Time Period, including but not limited to Discord, Facebook, Google Chat, iMessage, Instagram, Kik, Microsoft Teams, Reddit, Signal, Skype, Slack, Snapchat, Telegram, TikTok, Truth Social, Whatsapp, WeChat, Zoom, X (Twitter), etc.

**RESPONSE TO REQUEST NO. 4:**

In addition to the General Objections set forth above, Shapiro objects to this Request as

1  overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

2  that is not relevant to any party's claims or defenses, including because it calls for "each messaging

3  account or social media account" used by a non-party over a ten year time period, extending

4  beyond the time period relevant to this Action. Shapiro further objects to this Request as

5  impermissibly propounding an interrogatory on a non-party by means of a request for production

6  of documents. Shapiro further objects to this Request as improperly bypassing party discovery.

7  Plaintiffs and Endeavor have been actively meeting and conferring over party discovery, and this

8  Request seeks to circumvent that process.

9       Shapiro will not produce documents in response to this Request.

10  **REQUEST FOR PRODUCTION NO. 5:**

11       Documents sufficient to identify All username(s) and social media handle(s) for each

12  account identified in response to Request No. 4.

13  **RESPONSE TO REQUEST NO. 5:**

14       In addition to the General Objections set forth above, Shapiro objects to this Request as

15  overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

16  that is not relevant to any party's claims or defenses, including because it calls for "All username(s)

17  and social media handle(s)" used by a non-party over a ten year time period, extending beyond the

18  time period relevant to this Action. Shapiro further objects to this Request as impermissibly

19  propounding an interrogatory on a non-party by means of a request for production of documents.

20  Shapiro further objects to this Request as improperly bypassing party discovery. Plaintiffs and

21  Endeavor have been actively meeting and conferring over party discovery, and this Request seeks

22  to circumvent that process.

23       Shapiro will not produce documents in response to this Request.

24  **REQUEST FOR PRODUCTION NO. 6:**

25       Documents sufficient to identify each email account that You used during the Relevant

26  Time Period.

27  **RESPONSE TO REQUEST NO. 6:**

28       In addition to the General Objections set forth above, Shapiro objects to this Request as

1  overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

2  that is not relevant to any party's claims or defenses, including because it calls for "each email

3  account" used by a non-party over a ten year time period, extending beyond the time period

4  relevant to this Action. Shapiro further objects to this Request as impermissibly propounding an

5  interrogatory on a non-party by means of a request for production of documents. Shapiro further

6  objects to this Request as improperly bypassing party discovery. Plaintiffs and Endeavor have been

7  actively meeting and conferring over party discovery, and this Request seeks to circumvent that

8  process.

9       Shapiro will not produce documents in response to this Request.

10  **REQUEST FOR PRODUCTION NO. 7:**

11       All Documents and Communications relating to Your role and activities relating to the

12  distribution of UFC Events, including, without limitation, materials reflecting or describing any

13  strategy for distributing UFC Events, the criteria any broadcast or distribution partners require

14  concerning UFC Events (e.g., whether particular UFC Fighters must be available to appear,

15  whether UFC Fighters of a particular rank must be available to appear, whether any particular UFC

16  Event or proportion or set of UFC Events must include a championship bout), and/or advice or

17  support You provide or provided to the UFC concerning its distribution of UFC Events.

18  **RESPONSE TO REQUEST NO. 7:**

19       In addition to the General Objections set forth above, Shapiro objects to this Request as

20  overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

21  that is not relevant to any party's claims or defenses, including because it calls for "All Documents

22  and Communications" over a ten year time period, extending beyond the time period relevant to

23  this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Shapiro

24  also objects that the phrases "role and activities," "any strategy," "criteria," and "advice or

25  support" as used in this Request are vague and ambiguous. Shapiro further objects to this Request

26  as vague, ambiguous, confusing, and incomplete because it uses the capitalized term "UFC Event,"

27  which is not otherwise defined. Shapiro further objects to this Request as seeking documents and

28  information relating to fighters who would not be members of the putative class and, thus, would

1  have no likelihood of leading to the discovery of relevant or admissible evidence. Shapiro further

2  objects to this Request to the extent it seeks documents that are not within Shapiro's possession,

3  custody, or control. Shapiro further objects to this Request as duplicative of Request No. 85 to

4  Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same

5  Request, and thus this Request improperly seeks to bypass party discovery.

6      Shapiro will not produce documents in response to this Request.

7  **REQUEST FOR PRODUCTION NO. 8:**

8      All Documents and Communications relating to Your role in producing UFC Events,

9  including materials relating to expenditures You made in connection with such Event production,

10  Your personnel's roles in UFC Event production, and any contracts or Agreements relating to Your

11  role in producing UFC Events, and any Documents or Communications reflecting Your control or

12  influence over the contents of UFC Events (e.g., which UFC Fighters will appear at the Event, the

13  number and/or timing of UFC Events, the number and/or order of UFC Fighters appearing on a

14  UFC Event card).

15  **RESPONSE TO REQUEST NO. 8:**

16      In addition to the General Objections set forth above, Shapiro objects to this Request as

17  overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

18  that is not relevant to any party's claims or defenses, including because it calls for "All Documents

19  and Communications" over a ten year time period, extending beyond the time period relevant to

20  this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Shapiro

21  also objects that the phrases "role in producing," "control or influence," and "contents" are vague

22  and ambiguous. Shapiro further objects to this Request as vague, ambiguous, confusing, and

23  incomplete because it uses the capitalized term "UFC Events," which is not otherwise defined.

24  Shapiro further objects to the extent this Request calls for documents protected from disclosure by

25  the attorney-client privilege, work-product doctrine, or any other applicable privilege. Shapiro

26  further objects to this Request as seeking documents and information relating to fighters who

27  would not be members of the putative class and, thus, would have no likelihood of leading to the

28  discovery of relevant or admissible evidence. Shapiro further objects to this Request to the extent

it seeks documents that are not within Shapiro's possession, custody, or control. Shapiro further objects to this Request as duplicative of Request No. 86 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Shapiro will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 9:**

Documents and Communications sufficient to identify all of Your costs and expenses associated with producing UFC Events, including a final profit and loss calculation for each UFC Event.

**RESPONSE TO REQUEST NO. 9:**

In addition to the General Objections set forth above, Shapiro objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses, including because it calls for "all" of TKO's costs and expenses associated with producing UFC Events, over a ten year time period, extending beyond the time period relevant to this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Shapiro objects that the phrase "associated with producing" is vague and ambiguous. Shapiro further objects to this Request as vague, ambiguous, confusing, and incomplete because it uses the capitalized term "UFC Events," which is not otherwise defined. Shapiro further objects to this Request to the extent it seeks documents that are not within Shapiro's possession, custody, or control. Shapiro further objects to this Request as duplicative of Request No. 87 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Shapiro will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents and Communications relating to Your role in operating UFC's Fight Pass streaming platform, including, without limitation, Documents reflecting Endeavor's strategic planning for UFC's Fight Pass platform, Endeavor's employees' roles in operating the UFC's Fight Pass platform, Endeavor's strategy for marketing and selling access to the UFC's Fight Pass

platform, all Agreements with third-parties to market and/or sell access to the UFC's Fight Pass platform, and/or any analysis of the UFC's Fight Pass platform's financial and/or market performance.

**RESPONSE TO REQUEST NO. 10:**

In addition to the General Objections set forth above, Shapiro objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses, including because it calls for "All Documents and Communications" over a ten year time period, extending beyond the time period relevant to this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Shapiro objects that the phrases "strategic planning," "strategy for marketing and selling," "any analysis" and "financial and/or market performance" as used in this Request are vague and ambiguous. Shapiro further objects to the extent this Request calls for documents protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Shapiro further objects to this Request to the extent it seeks documents that are not within Shapiro's possession, custody, or control. Shapiro further objects to this Request as duplicative of Request No. 88 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Shapiro will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents and Communications relating to Your business strategy for the UFC, including but not limited to SWOT analyses, financial analyses, strategies, analyses of UFC Fighter compensation, counterprogramming of other MMA Promoters' Professional MMA Events, assessments of other MMA Promoters' Professional MMA Fighter rosters, and acquisition analyses and strategies.

**RESPONSE TO REQUEST NO. 11:**

In addition to the General Objections set forth above, Shapiro objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses, including because it calls for "All Documents

1    and Communications" over a ten year time period, extending beyond the time period relevant to

2    this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Shapiro

3    objects that the phrases "business strategy," "SWOT analyses, financial analyses, strategies,"

4    "assessments," and "acquisition analyses and strategies" as used in this Request are vague and

5    ambiguous. Shapiro further objects to this Request as seeking documents and information relating

6    to fighters who would not be members of the putative class and, thus, would have no likelihood of

7    leading to the discovery of relevant or admissible evidence. Shapiro further objects to this Request

8    to the extent it seeks documents that are not within Shapiro's possession, custody, or control.

9    Shapiro further objects to this Request as duplicative of Request No. 89 to Endeavor. Endeavor

10   has been actively meeting and conferring with Plaintiffs over this same Request, and thus this

11   Request improperly seeks to bypass party discovery.

12        Shapiro will not produce documents in response to this Request.

13   **REQUEST FOR PRODUCTION NO. 12:**

14        All Documents and Communications relating to any provisions in the UFC's Promotional

15   and Ancillary Rights Agreements with UFC Fighters limiting the UFC's ability to extend the term

16   of the Agreement (e.g., Paragraphs 4.3.2 and 4.4 in ZUFFA-J_00003638 and Paragraph 4.5 in

17   UFC-00086462), including without limitation, the strategic and business purposes of these

18   provisions and any changes thereto over time, evaluations of the effect of these provisions on the

19   UFC's ability (or inability) to retain UFC Fighters under contract, evaluations on the benefits to

20   Endeavor of such provisions, the criteria (and bases for employing such criteria) the UFC has used

21   to determine whether to include such a provision (or not include such a provision) in the

22   Promotional and Ancillary Rights Agreement of any particular UFC Fighter or group of UFC

23   Fighters, and any correspondence or exchanged drafts of UFC Promotional and Ancillary Rights

24   Agreements concerning the UFC Fighters' (or UFC Fighters' agents, managers, or other

25   representatives) desire to include such a provision or make changes to such a provision in a UFC

26   contract proposal.

27   **RESPONSE TO REQUEST NO. 12:**

28        In addition to the General Objections set forth above, Shapiro objects to this Request as

1  overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

2  that is not relevant to any party's claims or defenses, including because it calls for "All Documents

3  and Communications" over a ten year time period, extending beyond the time period relevant to

4  this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Shapiro

5  objects that the phrases "strategic and business purposes" and "evaluations" as used in this Request

6  are vague and ambiguous. Shapiro further objects to this Request as seeking documents and

7  information relating to fighters who would not be members of the putative class and, thus, would

8  have no likelihood of leading to the discovery of relevant or admissible evidence. Shapiro further

9  objects to the extent this Request calls for documents protected from disclosure by the attorney-

10  client privilege, work-product doctrine, or any other applicable privilege. Shapiro further objects

11  to this Request to the extent it seeks documents that are not within Shapiro's possession, custody,

12  or control. Shapiro further objects to this Request as duplicative of Request No. 90 to Endeavor.

13  Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and

14  thus this Request improperly seeks to bypass party discovery.

15       Shapiro will not produce documents in response to this Request.

16  **REQUEST FOR PRODUCTION NO. 13:**

17       All Documents and Communications relating to the UFC's business strategy for

18  Professional MMA Events and/or Professional MMA Bouts held at UFC Apex, including

19  Documents and Communications discussing the reasons for creating and/or establishing the UFC

20  Apex, how UFC determines which Professional MMA Events and/or Professional MMA Bouts

21  will be held at the Apex, and why any Professional MMA Events and/or Professional MMA Bouts

22  were held at the Apex.

23  **RESPONSE TO REQUEST NO. 13**

24       In addition to the General Objections set forth above, Shapiro objects to this Request as

25  overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

26  that is not relevant to any party's claims or defenses, including because it calls for "All Documents

27  and Communications" over a ten year time period, extending beyond the time period relevant to

28  this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Shapiro

1   further objects that the phrase "business strategy" as used in this Request is vague and ambiguous.

2   Shapiro further objects to the extent this Request is duplicative of Request No. 85 to Zuffa. Shapiro

3   further objects to this Request to the extent it seeks documents that are not within Shapiro's

4   possession, custody, or control. Shapiro further objects to this Request as duplicative of Request

5   No. 91 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this

6   same Request, and thus this Request improperly seeks to bypass party discovery.

7        Shapiro will not produce documents in response to this Request.

8   **REQUEST FOR PRODUCTION NO. 14:**

9        All monthly and annual financial documents containing information concerning the

10  business operations at the UFC Apex, including without limitation all audited financial statements,

11  balance sheets, income statements, profit and loss reports, margin analyses, equity valuations, asset

12  appraisals, financial models, budgets (proposed or otherwise), investor presentations, margin

13  analyses, pro form as, regulatory filings (including income tax returns), issuance of equity or debit,

14  loans, and money owed or receivable, and any other form of financial reporting.

15  **RESPONSE TO REQUEST NO. 14:**

16       In addition to the General Objections set forth above, Shapiro objects to this Request as

17  overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

18  that is not relevant to any party's claims or defenses, including because it calls for "All" monthly

19  and annual financial documents over a ten year time period, extending beyond the time period

20  relevant to this Action, and it is not limited in scope to the claims or defenses at issue in this Action.

21  Shapiro further objects that the phrases "financial documents," "business operations," and "any

22  other form of financial reporting" as used in this Request are vague and ambiguous. Shapiro further

23  objects to the extent this Request is duplicative of Request No. 86 to Zuffa. Shapiro further objects

24  to this Request to the extent it seeks documents that are not within Shapiro's possession, custody,

25  or control. Shapiro further objects to this Request as duplicative of Request No. 92 to Endeavor.

26  Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and

27  thus this Request improperly seeks to bypass party discovery.

28       Shapiro will not produce documents in response to this Request.

1    **REQUEST FOR PRODUCTION NO. 15:**

2        All Documents and Communications relating to any changes in the form and/or structure

3    of revenues the UFC received for its broadcast rights, including, without limitation, Documents

4    and Communications relating to changes in structure of PPV revenues received by the UFC and

5    paid by ESPN following the UFC's 2019 broadcast rights deal with ESPN, including materials

6    analyzing such changes and any corresponding changes in business practices or operations the

7    UFC considered implementing based on such change in structure.

8    **RESPONSE TO REQUEST NO.15:**

9        In addition to the General Objections set forth above, Shapiro objects to this Request as

10   overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

11   that is not relevant to any party's claims or defenses, including because it requests "All Documents

12   and Communications" over a ten year time period, extending beyond the time period relevant to

13   this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Shapiro

14   further objects that the phrases "materials analyzing such changes," "corresponding changes," and

15   "considered implementing" as used in this Request are vague and ambiguous. Shapiro further

16   objects to the extent this Request calls for documents protected from disclosure by the attorney-

17   client privilege, work-product doctrine, or any other applicable privilege. Shapiro further objects

18   to the extent this Request is duplicative of Request No. 87 to Zuffa. Shapiro further objects to this

19   Request to the extent it seeks documents that are not within Shapiro's possession, custody, or

20   control. Shapiro further objects to this Request as duplicative of Request No. 93 to Endeavor.

21   Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and

22   thus this Request improperly seeks to bypass party discovery.

23       Shapiro will not produce documents in response to this Request.

24   **REQUEST FOR PRODUCTION NO. 16:**

25       All Documents and Communications relating to Your "flywheel"1 as it pertains to the

26   UFC, including without limitation, materials reflecting how "the integration of [Your] broad range

27   of capabilities, along with [Your] owned and managed premium sports and entertainment

28   properties [including the UFC], drives network effects across the Endeavor flywheel," how such

network effects "across the Endeavor flywheel" "connect and utilize multiple divisions of Endeavor [including the UFC] maximize the power of [Your] platform [and] creat[e] value for [Your] business, clients and employees," and the ways in which You have "realized top line and cost synergies as [You] have integrated more than 30 acquisitions including IMG, UFC, PBR, 160over90, and On Location." Form 10-K for the fiscal year ended December 31, 2022, of Endeavor Group Holdings, Inc.

**RESPONSE TO REQUEST NO. 16:**

In addition to the General Objections set forth above, Shapiro objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses, including because it calls for "All Documents and Communications" over a ten year time period, extending beyond the time period relevant to this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Shapiro further objects that the phrases "flywheel" and "materials reflecting" as used in this Request are vague and ambiguous. Shapiro further objects to this Request to the extent that it seeks public information—including information in Plaintiffs' control—that is readily accessible by Plaintiffs and which should be collected by Plaintiffs under the reasonableness and proportionality standards set forth in the Federal Rules of Civil Procedure. Shapiro further objects to the extent this Request calls for documents protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Shapiro further objects to this Request to the extent it seeks documents that are not within Shapiro's possession, custody, or control. Shapiro further objects to this Request as duplicative of Request No. 94 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Shapiro will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents and Communications produced by You to any government or government agency in response to any investigative demand or other request from the U.S. Department of Justice, the U.S. Federal Trade Commission, any state regulatory agency, or any foreign regulatory

1   agency related to: (a) Your policies, practices, guidelines, and training directed to compliance with

2   U.S. governmental regulatory agencies, or any foreign regulatory agency, including all Documents

3   concerning the creation of such policies, and any statements signed by Your employees or agents

4   acknowledging their receipt of or compliance with Your compliance policies; (b) the acquisition

5   of Zuffa or any parent of or successor to Zuffa by Endeavor Group Holdings, Inc.; or (c) the merger

6   of Zuffa or any parent of or successor to Zuffa with World Wrestling Entertainment, Inc. (a/k/a

7   WWE) or any parent of or successor to World Wrestling Entertainment, Inc. Explicitly included

8   within the scope of this Interrogatory is any correspondence or documents exchanged between

9   You and the U.S. Department of Justice, including documents reflecting or constituting any

10  Communications with former Assistant Attorney General for the Department of Justice Antitrust

11  Division Makan Delrahim, relating to Le, et al. v. Zuffa, LLC, 2:21-cv- 1189-RFBBNW (D. Nev.).

12  **RESPONSE TO REQUEST NO. 17:**

13        In addition to the General Objections set forth above, Shapiro objects to this Request as

14  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

15  calculated to lead to the discovery of relevant or admissible evidence, including because it seeks

16  information not relevant to any claim or defense at issue in this Action by requesting documents

17  produced to "any government or government agency in response to any investigative demand or

18  other request" related to a wide range of topics that have no relevance to the claims or defenses at

19  issue in this Action, including because they relate to transactions that are not challenged or at issue

20  in this Action. Shapiro also objects that the phrase "directed to compliance with" is vague,

21  ambiguous, and unintelligible as written. Shapiro further objects to this Request to the extent it

22  refers to an "Interrogatory" and will interpret this Request to refer to a "Request." Shapiro further

23  objects to this Request to the extent it calls for communications with former Assistant Attorney

24  General for the Department of Justice Antitrust Division Makan Delrahim after he joined the law

25  firm of Latham & Watkins LLP. Such communications are protected from disclosure by the

26  attorney-client privilege, work-product doctrine, or any other applicable privilege. Shapiro further

27  objects to this Request to the extent it seeks documents that are not within Shapiro's possession,

28  custody, or control. Shapiro further objects to this Request as duplicative of Request No. 1 to

1    Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same

2    Request, and thus this Request improperly seeks to bypass party discovery.

3            Shapiro will not produce documents in response to this Request.

4    **REQUEST FOR PRODUCTION NO. 18:**

5            All Documents and Communications produced by You to the U.S. government pursuant to

6    the Hart-Scott-Rodino Antitrust Improvements Act of 1976, Pub. L. No. 94-435, and any second

7    requests, related to the acquisition of Zuffa or any parent of or successor to Zuffa by Endeavor

8    Group Holdings, Inc., or to the merger of Zuffa or any parent of or successor to Zuffa with World

9    Wrestling Entertainment, Inc. (a/k/a WWE) or any parent of or successor to World Wrestling

10   Entertainment, Inc., or the formation of TKO Group Holdings, Inc.

11   **RESPONSE TO REQUEST NO. 18:**

12           In addition to the General Objections set forth above, Shapiro objects to this Request as

13   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

14   calculated to lead to the discovery of relevant or admissible evidence, including because it seeks

15   "All Documents and Communications" produced for an ten year time period, extending beyond

16   the time period relevant to this case, and which relate to transactions not challenged or at issue in

17   this Action and which are otherwise not relevant to any claim or defense in this Action. Shapiro

18   further objects to this Request to the extent it seeks documents that are not within Shapiro's

19   possession, custody, or control. Shapiro further objects to this Request as duplicative of Request

20   No. 2 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this

21   same Request, and thus this Request improperly seeks to bypass party discovery.

22           Shapiro will not produce documents in response to this Request.

23   **REQUEST FOR PRODUCTION NO. 19:**

24           All Documents and Communications relating to any Agreements between (a) Zuffa and

25   any Professional MMA Fighter, and (b) any other MMA Promoter and any Professional MMA

26   Fighter, including all Agreements concerning competition in Professional MMA Bouts (and any

27   amendments thereto), including Promotional and Ancillary Rights Agreements, Bout Agreements,

28   "side letter" and/or letter Agreements, Merchandise Rights Agreements, sponsorship Agreements,

1  and all Documents and Communications relating to negotiations with any Professional MMA

2  Fighter or any Person purporting to represent a Professional MMA Fighter, including all draft

3  Agreements.

4  **RESPONSE TO REQUEST NO. 19:**

5      In addition to the General Objections set forth above, Shapiro objects to this Request as

6  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

7  calculated to lead to the discovery of relevant or admissible evidence, including because it calls

8  for "All Documents and Communications" over a ten year time period, extending beyond the time

9  period relevant to this case, and relating to, among other things, agreements between "any other

10  MMA Promoter and any Professional MMA Fighter." Shapiro also objects that the phrase "relating

11  to negotiations" and "purporting to represent" are vague and ambiguous. Shapiro further objects

12  to the extent this Request calls for documents protected from disclosure by the attorney-client

13  privilege, work-product doctrine, or any other applicable privilege. Shapiro further objects to this

14  Request as seeking documents and information relating to fighters who would not be members of

15  the putative class and, thus, would have no likelihood of leading to the discovery of relevant or

16  admissible evidence. Shapiro further objects to this Request to the extent it seeks documents that

17  are not within Shapiro's possession, custody, or control. Shapiro further objects to this Request to

18  the extent that it is duplicative of Request No. 4 to Zuffa, including to the extent it calls for

19  agreements between Zuffa and any Professional MMA Fighter or any other MMA Promoter and

20  any Professional MMA Fighter. Shapiro further objects to this Request as duplicative of Request

21  No. 3 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this

22  same Request, and thus this Request improperly seeks to bypass party discovery.

23      Shapiro will not produce documents in response to this Request.

24  **REQUEST FOR PRODUCTION NO. 20:**

25      Each Agreement between you and a Professional MMA Fighter entered into or in effect

26  during the Relevant Time Period.

27  **RESPONSE TO REQUEST NO. 20:**

28      In addition to the General Objections set forth above, Shapiro objects to this Request as

1    overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

2    calculated to lead to the discovery of relevant or admissible evidence, including because it requests

3    "Each Agreement" over at least a ten year time period, extending beyond the time period relevant

4    to this case. Shapiro further objects to this Request as vague, ambiguous, confusing, and

5    incomplete because it does not define "you." Shapiro also objects to this Request as seeking

6    documents and information relating to fighters who would not be members of the putative class

7    and, thus, would have no likelihood of leading to the discovery of relevant or admissible evidence.

8    Shapiro further objects to this Request to the extent it seeks documents that are not within Shapiro's

9    possession, custody, or control. Shapiro further objects to this Request as duplicative of Request

10   No. 4 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this

11   same Request, and thus this Request improperly seeks to bypass party discovery.

12       Shapiro will not produce documents in response to this Request.

13   **REQUEST FOR PRODUCTION NO. 21:**

14       All Documents and Communications evidencing the negotiation of any Agreement

15   responsive to the preceding Request.

16   **RESPONSE TO REQUEST NO. 21:**

17       In addition to the General Objections set forth above, Shapiro objects to this Request as

18   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

19   calculated to lead to the discovery of relevant or admissible evidence, including because it calls

20   for "All Documents and Communications" over at least a ten year time period, extending beyond

21   the time period relevant to this Action. Shapiro also objects to the extent this Request calls for

22   documents protected from disclosure by the attorney-client privilege, work-product doctrine, or

23   any other applicable privilege. Shapiro further objects that the phrase "evidencing the negotiation

24   of" is vague and ambiguous. Shapiro further objects to this Request as seeking documents and

25   information relating to fighters who would not be members of the putative class and, thus, would

26   have no likelihood of leading to the discovery of relevant or admissible evidence. Shapiro further

27   objects to this Request to the extent it seeks documents that are not within Shapiro's possession,

28   custody, or control. Shapiro further objects to this Request as duplicative of Request No. 5 to

1   Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same

2   Request, and thus this Request improperly seeks to bypass party discovery.

3        Shapiro will not produce documents in response to this Request.

4   **REQUEST FOR PRODUCTION NO. 22**

5        All Documents and Communications consisting of or relating to Your discussion, analysis,

6   interpretation or characterization of any Agreement, and the negotiation thereof, responsive to

7   Request No. 21.

8   **RESPONSE TO REQUEST NO. 22:**

9        In addition to the General Objections set forth above, Shapiro objects to this Request as

10  vague, ambiguous, and unintelligible as written to the extent it refers to "Request No. 21."

11  Endeavor will interpret this Request as though it refers to "Request No. 20" instead. Shapiro

12  objects that this Request is overbroad, unduly burdensome, not proportional to the needs of the

13  case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence,

14  including because it calls for "All Documents and Communications" over a ten year period,

15  extending beyond the time period relevant to this Action. Shapiro also objects to the extent this

16  Request calls for documents protected from disclosure by the attorney-client privilege, work

17  product doctrine, or any other applicable privilege. Shapiro further objects that the phrase

18  "discussion, analysis, interpretation or characterization" is vague and ambiguous. Shapiro further

19  objects to this Request as seeking documents and information relating to fighters who would not

20  be members of the putative class and, thus, would have no likelihood of leading to the discovery

21  of relevant or admissible evidence. Shapiro further objects to this Request to the extent it seeks

22  documents that are not within Shapiro's possession, custody, or control. Shapiro further objects to

23  this Request as Shapiro and his employer, Endeavor, are not alleged to have had any agreements

24  with any professional MMA fighters that are relevant to this Action. Shapiro further objects to this

25  Request as duplicative of Request No. 6 to Endeavor. Endeavor has been actively meeting and

26  conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass

27  party discovery.

28        Shapiro will not produce documents in response to this Request.

1   **REQUEST FOR PRODUCTION NO. 23:**

2       All arbitration clauses or class action waivers between You and any Professional MMA

3   Fighters, whether set forth in an Agreement or otherwise, and all Documents and Communications

4   relating to any such arbitration clause or class action waiver, including without limitation analyses,

5   draft proposed clauses, analyses of such clauses, white papers, reports, slide presentations, or

6   discussions regarding the reasons for, or potential benefits to Zuffa or Endeavor or anyone else of,

7   including arbitration clauses and/or class action waivers in Your Agreements with Professional

8   MMA Fighters.

9   **RESPONSE TO REQUEST NO. 23:**

10      In addition to the General Objections set forth above, Shapiro objects that this Request is

11  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

12  calculated to lead to the discovery of relevant or admissible evidence, including because it asks for

13  "All arbitration clauses or class action waivers" and "all Documents and Communications"

14  relating to such clauses over a ten year time period, extending beyond the time period relevant to

15  this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Shapiro

16  also objects that the phrases "analyses," "discussions regarding the reasons for," and "potential

17  benefits" are vague and ambiguous. Shapiro further objects to the extent this Request calls for

18  documents protected from disclosure by the attorney-client privilege, work product doctrine, or

19  any other applicable privilege. Shapiro further objects to this Request as seeking documents and

20  information relating to fighters who would not be members of the putative class and, thus, would

21  have no likelihood of leading to the discovery of relevant or admissible evidence. Shapiro further

22  objects to this Request to the extent it seeks documents that are not within Shapiro's possession,

23  custody, or control. Shapiro further objects to this Request as duplicative of Request No. 7 to

24  Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same

25  Request, and thus this Request improperly seeks to bypass party discovery.

26      Shapiro will not produce documents in response to this Request.

27

28

1    **REQUEST FOR PRODUCTION NO. 24:**

2         All Documents and Communications evidencing the negotiation of any Agreement

3    responsive to the preceding Request.

4    **RESPONSE TO REQUEST NO. 24:**

5         In addition to the General Objections set forth above, Shapiro objects that this Request

6    duplicative of the Request No. 23's request for "all Documents and Communications" concerning

7    the same topic, and as is overbroad, unduly burdensome, not proportional to the needs of the case,

8    and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including

9    because it asks for "All Documents and Communications" regarding Agreements from the prior

10   Request over a ten year time period, extending beyond the time period relevant to this case, and it

11   is not limited in scope to the claims or defenses at issue in this Action. Shapiro also objects that

12   the phrase "evidencing the negotiation" is vague and ambiguous. Shapiro further objects to this

13   Request as seeking documents and information relating to fighters who would not be members of

14   the putative class and, thus, would have no likelihood of leading to the discovery of relevant or

15   admissible evidence. Shapiro further objects to this Request to the extent it seeks documents that

16   are not within Shapiro's possession, custody, or control. Shapiro further objects to this Request as

17   Shapiro and his employer, Endeavor, are not alleged to have been involved in negotiating

18   agreements with any professional MMA fighters that are relevant to this Action. Shapiro further

19   objects to this Request as duplicative of Request No. 8 to Endeavor. Endeavor has been actively

20   meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly

21   seeks to bypass party discovery.

22        Shapiro will not produce documents in response to this Request.

23   **REQUEST FOR PRODUCTION NO. 25:**

24        All Documents and Communications consisting of or relating to Your discussion, analysis,

25   interpretation or characterization of any arbitration clause or class action waiver, and/or the

26   negotiation thereof.

27   **RESPONSE TO REQUEST NO. 25:**

28        In addition to the General Objections set forth above, Shapiro objects to this Request as

1   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

2   calculated to the discovery of relevant or admissible evidence, including because it calls for "All

3   Documents and Communications" over an ten year time period, extending beyond the time period

4   relevant to this Action. Shapiro also objects that the terms "discussion, analysis, interpretation or

5   characterization" are vague and ambiguous. Shapiro further objects to the extent that this Request

6   is duplicative of Request Nos. 23 and 24. Shapiro further objects to the extent this Request calls

7   for documents protected from disclosure by the attorney-client privilege, work-product doctrine,

8   or any other applicable privilege. Shapiro further objects to this Request to the extent it seeks

9   documents that are not within Shapiro's possession, custody, or control. Shapiro and his employer,

10  Endeavor, are not alleged to have had any agreements, or been involved in negotiating agreements,

11  with any professional MMA fighters that are relevant to this Action. Shapiro further objects to this

12  Request as duplicative of Request No. 9 to Endeavor. Endeavor has been actively meeting and

13  conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass

14  party discovery.

15      Shapiro will not produce documents in response to this Request.

16  **REQUEST FOR PRODUCTION NO. 26:**

17      All Documents and Communications relating to market research about the MMA Industry,

18  including but not limited to, analysis or research regarding relative market share of MMA

19  Promoters, barriers to expansion for MMA Promoters, barriers to entry for would-be MMA

20  Promoters, and growth projections for the MMA Industry and/or MMA Promoters individually or

21  in any groupings.

22  **RESPONSE TO REQUEST NO. 26:**

23      In addition to the General Objections set forth above, Shapiro objects to this Request as

24  overbroad and unduly burdensome, not proportional to the needs of the case, and not reasonably

25  calculated to the discovery of relevant or admissible evidence, including because it calls for "All

26  Documents and Communications" over a ten year period, extending beyond the time period

27  relevant to this Action. Shapiro also objects that the phrases "market research," "analysis or

28  research," and "growth projections" are vague and ambiguous. Shapiro further objects to the extent

1    this Request calls for documents protected from disclosure by the attorney-client privilege, work-

2    product doctrine, or any other applicable privilege. Shapiro further objects to this Request to the

3    extent it seeks documents that are not within Shapiro's possession, custody, or control. Shapiro

4    further objects to this Request as duplicative of Request No. 10 to Endeavor. Endeavor has been

5    actively meeting and conferring with Plaintiffs over this same Request, and thus this Request

6    improperly seeks to bypass party discovery.

7         Shapiro will not produce documents in response to this Request.

8    **REQUEST FOR PRODUCTION NO. 27:**

9         All Documents and Communications relating to non-Zuffa/non-UFC MMA Promoters

10   (considered individually or as a group), including but not limited to SWOT analyses, financial,

11   analyses, strategies, counterprogramming of other MMA Promoters' Professional MMA Events,

12   analyses and/or commentary or assessments of their Professional MMA Fighter rosters, and

13   acquisition analyses and strategies.

14   **RESPONSE TO REQUEST NO. 27:**

15        In addition to the General Objections set forth above, Shapiro objects to this Request as

16   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

17   calculated to lead to the discovery of relevant or admissible evidence, including because it calls

18   for "All Documents and Communications relating to non -Zuffa/non-UFC MMA Promoters" over

19   a ten year time period, extending beyond the time period relevant to this Action, and does not limit

20   the scope of the request to the claims or defenses at issue in this Action. Shapiro also objects that

21   the phrase "counterprogramming" is vague and ambiguous. Shapiro further objects that the phrase

22   "SWOT analyses" is vague, ambiguous, and undefined. Shapiro further objects to the extent this

23   Request calls for documents protected from disclosure by the attorney-client privilege, work-

24   product doctrine, or any other applicable privilege. Shapiro further objects to this Request to the

25   extent it seeks documents that are not within Shapiro's possession, custody, or control. Shapiro

26   further objects to this Request as duplicative of Request No. 11 to Endeavor. Endeavor has been

27

28

1  actively meeting and conferring with Plaintiffs over this same Request, and thus this Request

2  improperly seeks to bypass party discovery.

3      Shapiro will not produce documents in response to this Request.

4  **REQUEST FOR PRODUCTION NO. 28:**

5      All Documents and Communications relating to any Agreement that UFC had with another

6  MMA Promoter, including but not limited to Agreements to license content, Agreements to buy

7  or sell athlete contracts, and Agreements to release Professional MMA Fighters from their

8  contracts if UFC offers the Professional MMA Fighter a contract.

9  **RESPONSE TO REQUEST NO. 28:**

10      In addition to the General Objections set forth above, Shapiro objects that this Request is

11  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

12  calculated to lead to the discovery of relevant or admissible evidence, including because it asks for

13  "All Documents and Communications" relating to any agreement with another MMA Promoter,

14  regardless of the nature of the agreement, over a ten year time period, extending beyond the time

15  period relevant to this Action, and it does not limit the scope of the Request to the claims or

16  defenses at issue in this Action. Shapiro further objects to this Request to the extent that it is

17  duplicative of Request No. 13 to Zuffa, including to the extent it seeks agreements between the

18  UFC and any other MMA Promoter. Shapiro further objects to this Request to the extent it seeks

19  documents that are not within Shapiro's possession, custody, or control. Shapiro further objects to

20  this Request as duplicative of Request No. 12 to Endeavor. Endeavor has been actively meeting

21  and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to

22  bypass party discovery.

23      Shapiro will not produce documents in response to this Request.

24  **REQUEST FOR PRODUCTION NO. 29:**

25      All Documents and Communications relating to the potential sale of Zuffa or any portion

26  thereof(or interest therein), including any Communications with or Documents created by You or

27  any third party, including without limitation any prospectuses, proposals, confidential information

28  memoranda, credit assessments, due diligence requests, Documents or Communications created,

1  collected, placed in data rooms, or produced in response to due diligence requests, offers,

2  negotiations, memoranda of understanding, and all other Documents or Communications relating

3  in any way to the potential sale, acquisition, merger or transfer of Zuffa or any portion thereof or

4  interest therein.

5  **RESPONSE TO REQUEST NO. 29:**

6          In addition to the General Objections set forth above, Shapiro objects to this Request as

7  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

8  calculated to lead to the discovery of relevant or admissible evidence, including because it requests

9  "All Documents and Communications" relating to any potential sale of Zuffa or any portion

10  thereof over a ten year time period, extending beyond the time period relevant to this Action, and

11  it is not limited in scope to documents relating to the claims and defenses at issue in this Action.

12  Shapiro also objects to the extent this Request calls for documents protected from disclosure by

13  the attorney-client privilege, work-product doctrine, or any other applicable privilege. Shapiro

14  further objects to this Request to the extent it seeks documents that are not within Shapiro's

15  possession, custody, or control. Shapiro further objects to this Request as duplicative of Request

16  No. 13 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this

17  same Request, and thus this Request improperly seeks to bypass party discovery.

18          Shapiro will not produce documents in response to this Request.

19  **REQUEST FOR PRODUCTION NO. 30:**

20          All Documents and Communications (exclusive of Documents and Communications

21  produced in response to Request No. 29) relating to the purchase by You of a majority stake in

22  Zuffa on or around August 18, 2016, including Communications with or Documents created by

23  Zuffa, LLC or any third party, and including without limitation any executed Agreements, draft

24  Agreements, memoranda of understanding, offers, prospectuses, proposals, confidential

25  information memoranda, credit assessments, supporting schedules, all Documents and

26  Communications relating to negotiations, due diligence requests, including Documents or

27  Communications created, collected, placed in data rooms, or produced in response to due diligence

28  requests, all regulatory filings, registration documents, and any other Documents or

1  Communications sent to or received by You relating to any U.S., state, or local agency, and all

2  other Documents and Communications relating in any way to Your purchase of a majority stake

3  in Zuffa on or around August 18, 2016.

4  **RESPONSE TO REQUEST NO. 30**

5         In addition to the General Objections set forth above, Shapiro objects to this Request as

6  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

7  calculated to lead to the discovery of relevant or admissible evidence, including because it requests

8  "All Documents and Communications" relating Endeavor's purchase of Zuffa and does not limit

9  the scope of the Request to documents relating to the claims and defenses at issue in this Action

10  (which does not concern the sale of Zuffa or any portion thereof). Shapiro also objects to the extent

11  this Request calls for documents protected from disclosure by the attorney-client privilege, work-

12  product doctrine, or any other applicable privilege. Shapiro further objects to this Request to the

13  extent it seeks documents that are not within Shapiro's possession, custody, or control. Shapiro

14  further objects to this Request as duplicative of Request No. 14 to Endeavor. Endeavor has been

15  actively meeting and conferring with Plaintiffs over this same Request, and thus this Request

16  improperly seeks to bypass party discovery.

17         Shapiro will not produce documents in response to this Request.

18  **REQUEST FOR PRODUCTION NO. 31**

19         Documents and Communications sufficient to show all Persons that were part of the "buyer

20  group" as that term is used on page F-12 of the Form S-1 Securities Registration Statement filed

21  on September 15, 2023, by TKO Group Holdings, Inc., which states in relevant part, "On

22  August 18, 2016, a buyer group that included Endeavor Operating Company, LLC ("EOC"),

23  affiliates of Silver Lake Partners ("SLP"), affiliates of Kohlberg Kravis Roberts & Co. ("KKR")

24  and certain other investors (including certain existing owners as rollover investors) (the "buyer

25  group") acquired 100% of the equity interests of Zuffa [defined as "Zuffa Parent, LLC and its

26  subsidiaries"]...," including Documents and Communications sufficient to show the name, title,

27  business affiliation, business address, and relative ownership share acquired by each such Person.

28  For clarity, the requested Documents and Communications should Identify and provide the

1  requested information for each individual "affiliate" of SLP and KKR, and each individual "other

2  investor" or "rollover investor" that is part of the "buyer group."

3  **RESPONSE TO REQUEST NO. 31:**

4        In addition to the General Objections set forth above, Shapiro objects that this Request is

5  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

6  calculated to lead to the discovery of relevant or admissible evidence, including because it requests

7  information that has no relevance to the claims or defenses at issue in this Action. Shapiro further

8  objects that the phrases "business affiliation" and "relative ownership share" are vague and

9  ambiguous. Shapiro further objects to this Request to the extent it seeks documents that are not

10  within Shapiro's possession, custody, or control. Shapiro further objects to this Request as

11  duplicative of Request No. 15 to Endeavor. Endeavor has been actively meeting and conferring

12  with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

13  discovery.

14        Shapiro will not produce documents in response to this Request.

15  **REQUEST FOR PRODUCTION NO. 32:**

16        All Documents and Communications relating to the purchase of the remaining portion of

17  Zuffa by Endeavor in or around 2021, including any Communications with or Documents created

18  by any third party, and including without limitation any executed Agreements, draft Agreements,

19  memoranda of understanding, offers, prospectuses, proposals, confidential information

20  memoranda, credit assessments, supporting schedules, all Documents and Communications

21  relating to negotiations, due diligence requests, Documents and Communications created,

22  collected, placed in data rooms, or produced in response to due diligence requests, all regulatory

23  filings, registration documents, and any other Documents or Communications sent to or received

24  by You relating to any U.S., state, or local agency, and all other Documents and Communications

25  relating in any way to Your acquisition of the remaining portion of Zuffa in or around 2021.

26  **RESPONSE TO REQUEST NO. 32:**

27        In addition to the General Objections set forth above, Shapiro objects to this Request as

28  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

1    calculated to lead to the discovery of relevant or admissible evidence, including because it requests

2    "All Documents and Communications" relating to Endeavor's purchase of the remaining portion

3    of Zuffa in 2021 and does not limit the scope of the Request to documents relating to the claims

4    and defenses at issue in this Action (which does not concern the purchase of Zuffa or any portion

5    thereof). Shapiro also objects to the extent this Request calls for documents protected from

6    disclosure by the attorney-client privilege, work-product doctrine, or any other applicable

7    privilege. Shapiro further objects to this Request to the extent it seeks documents that are not within

8    Shapiro's possession, custody, or control. Shapiro further objects to this Request as duplicative of

9    Request No. 16 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs

10   over this same Request, and thus this Request improperly seeks to bypass party discovery.

11       Shapiro will not produce documents in response to this Request.

12   **REQUEST FOR PRODUCTION NO. 33:**

13       All Documents and Communications relating to the acquisition, sale, merger, or transfer

14   of World Wrestling Entertainment, Inc. by You in 2023, including any Communications with or

15   Documents created by any third party, and including without limitation any executed Agreements,

16   draft Agreements, memoranda of understanding, offers, prospectuses, proposals, confidential

17   information memoranda, credit assessments, all Documents and Communications relating to

18   negotiations, due diligence requests, Documents and Communications created, collected, placed

19   in data rooms, or produced in response to due diligence requests, all regulatory filings, registration

20   documents, and any other Documents or Communications sent to or received by You relating to

21   any U.S., state, or local agency, and all other Documents and Communications relating in any way

22   to the acquisition and merger of World Wrestling Entertainment, Inc. by You in 2023.

23   **RESPONSE TO REQUEST NO. 33:**

24       In addition to the General Objections set forth above, Shapiro objects to this Request as

25   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

26   calculated to lead to the discovery of relevant or admissible evidence, including because it requests

27   "All Documents and Communications" relating to an acquisition, sale, merger, or transfer of

28   World Wrestling Entertainment, Inc., in 2023, which is not challenged or at issue in this Action,

1  and therefore does not limit the scope of the Request to documents relating to the claims and

2  defenses at issue in this Action. Shapiro also objects to the extent this Request calls for documents

3  protected from disclosure by the attorney-client privilege, work-product doctrine, or any other

4  applicable privilege. Shapiro further objects to this Request to the extent it seeks documents that

5  are not within Shapiro's possession, custody, or control. Shapiro further objects to this Request as

6  duplicative of Request No. 17 to Endeavor. Endeavor has been actively meeting and conferring

7  with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

8  discovery.

9       Shapiro will not produce documents in response to this Request.

10  **REQUEST FOR PRODUCTION NO. 34:**

11      All Agreements, supporting schedules, and financial information and/or analyses prepared

12  in connection with the formation of TKO in 2023.

13  **RESPONSE TO REQUEST NO. 34:**

14      In addition to the General Objections set forth above, Shapiro objects that this Request is

15  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

16  calculated to lead to the discovery of relevant or admissible evidence, including because it requests

17  "All Agreements, supporting schedules, and financial information and/or analyses" regarding the

18  formation of TKO, which has no relevance to the claims or defenses at issue in this Action. Shapiro

19  also objects that the phrases "financial information and/or analyses" are vague and ambiguous.

20  Shapiro further objects to this Request to the extent that it seeks public information—including

21  information in Plaintiffs' control—that is readily accessible by Plaintiffs and which should be

22  collected by Plaintiffs under the reasonableness and proportionality standards set forth in the

23  Federal Rules of Civil Procedure. Shapiro further objects to this Request to the extent it seeks

24  documents that are not within Shapiro's possession, custody, or control. Shapiro further objects to

25  this Request as duplicative of Request No. 18 to Endeavor. Endeavor has been actively meeting

26  and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to

27  bypass party discovery.

28      Shapiro will not produce documents in response to this Request.

1    **REQUEST FOR PRODUCTION NO. 35:**

2    All Documents and Communications relating to any efforts by You or made on Your behalf

3    to raise capital, including but not limited to loans or issuance of debt or equity, and including

4    without limitation any Agreements, draft Agreements, negotiations, investor presentations,

5    prospectuses, confidential information memoranda, credit assessments, due diligence requests,

6    Documents and Communications created, collected, placed in data rooms, or produced in response

7    to due diligence requests, and all other documents and communications related in any way to

8    efforts to raise capital, regardless of whether any loan was actually obtained or any debt or equity

9    was actually issued.

10    **RESPONSE TO REQUEST NO. 35:**

11    In addition to the General Objections set forth above, Shapiro objects to this Request as

12    overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

13    calculated to lead to the discovery of relevant or admissible evidence, including because it calls

14    for "All Documents and Communications" relating to efforts to raise capital over a ten year,

15    extending beyond the time period relevant to this Action, and it is not limited in scope to documents

16    relating to the claims and defenses at issue in this Action. Shapiro also objects that the phrase

17    "efforts by You or made on Your behalf to raise capital" is vague and ambiguous. Shapiro further

18    objects to this Request to the extent it seeks documents that are not within Shapiro's possession,

19    custody, or control. Shapiro further objects to this Request as duplicative of Request No. 19 to

20    Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same

21    Request, and thus this Request improperly seeks to bypass party discovery.

22    Shapiro will not produce documents in response to this Request.

23    **REQUEST FOR PRODUCTION NO. 36:**

24    All Documents and Communications relating to arbitration clauses or class action waivers

25    in Agreements with Professional MMA Fighters, including without limitation analyses, draft

26    proposed clauses, analyses of such clauses, white papers, reports, slide presentations, or

27    discussions regarding the reasons for, or potential benefits to Zuffa or Endeavor or anyone else of,

28

1  including arbitration clauses and/or class action waivers in Your Agreements with Professional

2  MMA Fighters.

3  **RESPONSE TO REQUEST NO. 36:**

4      In addition to the General Objections set forth above, Shapiro objects that this Request is

5  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

6  calculated to lead to the discovery of relevant or admissible evidence, including because it asks for

7  "All Documents and Communications" relating to arbitration clauses or class action waivers over

8  a ten year, extending beyond the time period relevant to this Action, and it is not limited in scope

9  to the claims or defenses at issue in this Action. Shapiro also objects that the phrases "analyses,"

10  "discussions regarding the reasons for," and "potential benefits" are vague and ambiguous. Shapiro

11  further objects to the extent this Request calls for documents protected from disclosure by the

12  attorney-client privilege, work-product doctrine, or any other applicable privilege. Shapiro further

13  objects to this Request as seeking documents and information relating to fighters who would not

14  be members of the putative class and, thus, would have no likelihood of leading to the discovery

15  of relevant or admissible evidence. Shapiro further objects to the extent that this Request is

16  duplicative of Request Nos. 23 through 25. Shapiro further objects to this Request to the extent it

17  seeks documents that are not within Shapiro's possession, custody, or control. Shapiro and his

18  employer, Endeavor, are not alleged to have had any agreements with any professional MMA

19  fighters that are relevant to this Action. Shapiro further objects to this Request as duplicative of

20  Request No. 20 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs

21  over this same Request, and thus this Request improperly seeks to bypass party discovery.

22      Shapiro will not produce documents in response to this Request.

23  **REQUEST FOR PRODUCTION NO. 37:**

24      Documents and Communications sufficient to Identify each of Your employees or agents

25  or anyone purporting to act on Your behalf involved in approving or negotiating the terms of any

26  Agreement, or proposed Agreement, for all or part of Zuffa to be acquired by Endeavor or by

27  anyone else.

28

1    **RESPONSE TO REQUEST NO. 37:**

2        In addition to the General Objections set forth above, Shapiro objects to this Request as

3    overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

4    calculated to lead to the discovery of relevant or admissible evidence, including because it calls

5    for information as to each employee or agent over a ten year time period, extending beyond the

6    time period relevant to this Action, and it is not limited to information related to individuals who

7    may have some role related to the claims or defenses in this Action. Shapiro also objects that this

8    Request's use of the phrases "anyone purporting to act on Your behalf" and "anyone else" is vague,

9    ambiguous, overbroad, and impractical. Shapiro further objects to this Request to the extent it

10   purports to require Shapiro to do anything beyond conducting a reasonable produce non-

11   objectionable, non-privileged, responsive documents and data. Shapiro further objects to this

12   Request to the extent it seeks documents that are not within Shapiro's possession, custody, or

13   control. Shapiro further objects to this Request as duplicative of Request No. 21 to Endeavor.

14   Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and

15   thus this Request improperly seeks to bypass party discovery.

16       Shapiro will not produce documents in response to this Request.

17   **REQUEST FOR PRODUCTION NO. 38:**

18       Documents and data (including structured or unstructured data) sufficient to show Your

19   financial data, including at a minimum Your costs, revenue, income, EBITDA, assets, debits,

20   borrowing costs, and profits, by month and by year, at the most granular level such documents and

21   data are maintained.

22   **RESPONSE TO REQUEST NO. 38:**

23       In addition to the General Objections set forth above, Shapiro objects that this Request is

24   overbroad and unduly burdensome, not proportional to the needs of the case, and not reasonably

25   calculated to lead to the discovery of relevant or admissible evidence, including because it requests

26   financial data over a ten year time period, extending beyond the time period relevant to this Action,

27   and it is not limited in scope to documents relating to the claims and defenses at issue in this

28   Action, including not being limited to operations relating to MMA or the geographic scope at issue

1  in this Action. Shapiro further objects to this Request to the extent that it seeks public

2  information—including information in Plaintiffs' control—that is readily accessible by Plaintiffs

3  and which should be collected by Plaintiffs under the reasonableness and proportionality standards

4  set forth in the Federal Rules of Civil Procedure. Shapiro further objects that the phrase "at the

5  most granular level" and "unstructured data" are vague and ambiguous. Shapiro further objects to

6  this Request to the extent it seeks documents that are not within Shapiro's possession, custody, or

7  control. Shapiro further objects to this Request as duplicative of Request No. 22 to Endeavor.

8  Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and

9  thus this Request improperly seeks to bypass party discovery.

10     Shapiro will not produce documents in response to this Request.

11  **REQUEST FOR PRODUCTION NO. 39:**

12     All monthly and annual financial documents created or maintained by You or on Your

13  behalf, including without limitation all audited financial statements, all internally prepared and

14  consolidating financial statements for Endeavor, including financial statements for the UFC

15  portion of the Owned Sports Properties segment (including without limitation balance sheet,

16  income statement, and statement of cash flows), balance sheets, income statements, profit and loss

17  reports, margin analyses, equity valuations, asset appraisals, financial models, budgets (proposed

18  or otherwise), investor presentations, margin analyses, pro formas, regulatory filings (including

19  income tax returns), issuance of equity or debit, loans, and money owed or receivable, and any

20  other form of financial reporting.

21  **RESPONSE TO REQUEST NO. 39:**

22     In addition to the General Objections set forth above, Shapiro objects to this Request as

23  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

24  calculated to lead to the discovery of relevant or admissible evidence, including because it calls

25  for all documents over a ten year period, extending beyond the time period relevant to this Action,

26  and it is not limited in scope to documents relating to the claims and defenses at issue in this

27  Action, including not being limited to operations relating to MMA or the geographic scope at issue

28  in this Action. Shapiro also objects that the terms "financial models" or "similar financial

1  Documents" are vague and ambiguous. Shapiro further objects to this Request as vague,

2  ambiguous, confusing, and incomplete because it uses the capitalized term "Owned Sports

3  Properties," which is not defined. Shapiro further objects to this Request to the extent that it seeks

4  public information—including information in Plaintiffs' control—that is readily accessible by

5  Plaintiffs and which should be collected by Plaintiffs under the reasonableness and proportionality

6  standards set forth in the Federal Rules of Civil Procedure. Shapiro will not produce equity

7  valuations, asset appraisals, regulatory filings, income tax returns, debt or equity issuance

8  materials, or loans, to the extent any such materials exist, as they are irrelevant and not proportional

9  to the claims and defenses at issue in this Action, overbroad, unduly burdensome, highly

10 confidential, and unlikely to contain relevant information that could not be obtained in more

11 reasonable way. Shapiro further objects to this Request to the extent it seeks documents that are

12 not within Shapiro's possession, custody, or control. Shapiro further objects to this Request as

13 duplicative of Request No. 23 to Endeavor. Endeavor has been actively meeting and conferring

14 with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

15 discovery.

16     Shapiro will not produce documents in response to this Request.

17 **REQUEST FOR PRODUCTION NO. 40:**

18     For each year of the Relevant Time Period, Documents sufficient to show beneficial

19 ownership in Zuffa, TKO Group Holdings, Inc. and Endeavor, and any parent of or successor to

20 Zuffa, TKO Group Holdings, Inc. and Endeavor, including any changes thereto. This Request

21 includes Documents sufficient to show the percentage of any stock or other interests owned by

22 each Person holding a beneficial ownership interest and the consideration paid for such interest.

23 **RESPONSE TO REQUEST NO. 40:**

24     In addition to the General Objections set forth above, Shapiro objects to this Request as

25 overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

26 calculated to lead to the discovery of relevant or admissible evidence, including because it calls

27 for documents over a ten year time period, extending beyond the time period relevant to this

28 Action, and it is not limited in scope to documents relating to the claims and defenses at issue in

1    this Action. Shapiro also objects that the phrases "beneficial ownership," "other interests," and

2    "consideration" are vague and ambiguous. Shapiro further objects to this Request to the extent it

3    requires or purports to require disclosure of any information other than the beneficial ownership

4    of Endeavor. Shapiro further objects to this Request to the extent it seeks documents that are not

5    within Shapiro's possession, custody, or control. Shapiro further objects to this Request as

6    duplicative of Request No. 24 to Endeavor. Endeavor has been actively meeting and conferring

7    with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

8    discovery.

9         Shapiro will not produce documents in response to this Request.

10   **REQUEST FOR PRODUCTION NO. 41:**

11        Documents and data sufficient to show all compensation including salary, bonuses,

12   expense reimbursements, aviation expenses, distributions, dividends, stock awards, loans

13   (including information: about repayment or forgiveness), management fees, board fees, and all

14   other compensation of any kind to all Endeavor and Zuffa senior executives, board members,

15   directors, beneficial owners, and shareholders holding more than a 5% interest in Endeavor, Zuffa,

16   or TKO Group Holdings, Inc., including the date the compensation was paid, the dollar value, the

17   date of vesting, accrual, or maturation of the compensation (if applicable), the source of the

18   compensation (e.g., from a debt issuance or from corporate profits), the reason given (if any) for

19   the compensation, and the relative share received by each Person receiving compensation.

20   **RESPONSE TO REQUEST NO. 41:**

21        In addition to the General Objections set forth above, Shapiro objects to this Request as

22   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

23   calculated to lead to the discovery of relevant or admissible evidence, including because it calls

24   for documents over a ten year period, which extends beyond the time period relevant to this Action,

25   and it is not limited in scope to documents that relate to the claims or defenses at issue in this

26   Action. Shapiro objects that this Request's use of the phrases "all other compensation," "source of

27   the compensation," "the reason given (if any) for the compensation," and "the relative share

28   received by each Person receiving compensation" is vague, ambiguous, overbroad, and

1    impractical. Shapiro further objects that this Request seeks information not in Shapiro's

2    possession, custody or control because it seeks documents and data sufficient to show "all

3    compensation" to "all Endeavor and Zuffa senior executives, board members, directors, beneficial

4    owners, and shareholders holding more than a 5% interest in Endeavor, Zuffa, or TKO Holdings,

5    Inc." Shapiro further objects to this Request as duplicative of Request No. 25 to Endeavor.

6    Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and

7    thus this Request improperly seeks to bypass party discovery.

8           Shapiro will not produce documents in response to this Request.

9    **REQUEST FOR PRODUCTION NO. 42:**

10          Documents and data sufficient to show any non-monetary benefits bestowed on any

11   beneficial owners of Endeavor, Zuffa, or TKO Group Holdings, Inc., including without limitation:

12   (a) travel in private jets owned, leased, or paid for by You; (b) use of houses, apartments, vacation

13   properties, or other real estate owned, leased, or paid for by You; (c) use of motor vehicles owned,

14   leased, or paid for by You;(d) tickets for sporting events or other entertainment events paid for by

15   You; and/or (e) any other item, service, amenity, activity, or privilege provided to one or more of

16   the beneficial owners at Your expense.

17   **RESPONSE TO REQUEST NO. 42:**

18          In addition to the General Objections set forth above, Shapiro objects to this Request as

19   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

20   calculated to lead to the discovery of relevant or admissible evidence, including because it calls

21   for documents over a ten year period, which extends beyond the time period relevant to this Action,

22   and it is not limited in scope to documents related to the claims or defenses at issue in this Action.

23   Shapiro objects that the phrases "non-monetary benefits," "beneficial owners," "entertainment

24   events," and "item, service, amenity, activity, or privilege" are vague and ambiguous. Shapiro

25   further objects to this Request to the extent it seeks documents that are not within Shapiro's

26   possession, custody, or control. Shapiro further objects to this Request as duplicative of Request

27   No. 26 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this

28

1    same Request, and thus this Request improperly seeks to bypass party discovery.

2         Shapiro will not produce documents in response to this Request.

3    **REQUEST FOR PRODUCTION NO. 43:**

4         For each year of the Relevant Time Period, Documents sufficient to show Your corporate

5    structure, including the organization of each division, department, unit or subdivision, parent,

6    subsidiary, joint venture or affiliate of Your company. This request includes without limitation

7    organizational charts, investor or debtor presentations, government filings, internal

8    communications, and any Documents sufficient to show each Employee or executive with

9    managerial responsibilities relating to the UFC.

10   **RESPONSE TO REQUEST NO. 43:**

11        In addition to the General Objections set forth above, Shapiro objects to this Request as

12   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

13   calculated to lead to the discovery of relevant or admissible evidence, including because it seeks

14   information into Endeavor's corporate structure at a level of detail that is not relevant to any claims

15   or defenses in this Action, and parts of Endeavor's business that are not relevant to any claims or

16   defenses in this Action. Shapiro also objects to this Request as unintelligible as written because it

17   calls for "Documents sufficient to show" Endeavor's "corporate structure," then lists several

18   categories of documents that are purportedly called for by the Request "without limitation."

19   Shapiro further objects to this Request to the extent it seeks documents that are not within Shapiro's

20   possession, custody, or control. Shapiro further objects to this Request as duplicative of Request

21   No. 27 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this

22   same Request, and thus this Request improperly seeks to bypass party discovery.

23        Shapiro will not produce documents in response to this Request.

24   **REQUEST FOR PRODUCTION NO. 44:**

25        All Documents constituting, referencing, or relating to issuance of debt as it relates to your

26   acquisition of WWE and UFC.

27   **RESPONSE TO REQUEST NO. 44:**

28        In addition to the General Objections set forth above, Shapiro objects to this Request as

1  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

2  calculated to lead to the discovery of relevant or admissible evidence, including because it calls

3  for "All Documents" relating to the issuance of debt as it relates to the acquisitions of WWE and

4  UFC, which have no bearing on the claims and defenses at issue in this Action because it does not

5  concern the acquisitions of WWE and UFC, and many of which would be beyond the time period

6  relevant to this Action. Shapiro also objects that the phrase "constituting, referencing, or relating"

7  is vague and ambiguous. Shapiro further objects to this Request to the extent it seeks documents

8  that are not within Shapiro's possession, custody, or control. Shapiro further objects to this Request

9  as duplicative of Request No. 28 to Endeavor. Endeavor has been actively meeting and conferring

10  with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

11  discovery.

12      Shapiro will not produce documents in response to this Request.

13  **REQUEST FOR PRODUCTION NO. 45:**

14      Documents sufficient to show how You arrived at a valuation of $21 billion for TKO Group

15  Holdings, Inc. as stated in your April 3, 2023 press release.

16  **RESPONSE TO REQUEST NO. 45:**

17      In addition to the General Objections set forth above, Shapiro objects that this Request is

18  not reasonably calculated to lead to the discovery of relevant or admissible evidence, including

19  because it requests information that has no relevance to the claims or defenses at issue in this

20  Action, not proportional to the needs of the case. Shapiro further objects to this Request to the

21  extent it seeks documents that are not within Shapiro's possession, custody, or control. Shapiro

22  further objects to this Request as duplicative of Request No. 29 to Endeavor. Endeavor has been

23  actively meeting and conferring with Plaintiffs over this same Request, and thus this Request

24  improperly seeks to bypass party discovery.

25      Shapiro will not produce documents in response to this Request.

26

27

28

**REQUEST FOR PRODUCTION NO. 46:**

All Documents referencing or relating to all financial activity relating to the UFC, including balance sheets, income statements, regulatory filings (including income tax returns for Zuffa and any of its affiliates), issuance of equity or debit, loans, and money owed or receivable.

**RESPONSE TO REQUEST NO. 46:**

In addition to the General Objections set forth above, Shapiro objects that this Request is overbroad and unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it requests "All Documents" related to "all financial activity" over a ten, extending beyond the time period relevant to this Action, and it is not limited in scope to documents relating to the claims and defenses at issue in this Action. Shapiro further objects to this Request to the extent that it seeks public information—including information in Plaintiffs' control—that is readily accessible by Plaintiffs and which should be collected by Plaintiffs under the reasonableness and proportionality standards set forth in the Federal Rules of Civil Procedure. Shapiro further objects that the phrase "financial activity" is vague and ambiguous. Shapiro further objects to this Request to the extent it seeks documents that are not within Shapiro's possession, custody, or control. Shapiro further objects to this Request as duplicative of Request No. 30 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Shapiro will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 47:**

All Documents referencing or relating to all financial activity relating to the TKO Group Holdings, Inc. and its subsidiaries and affiliates, including balance sheets, income statements, regulatory filings (including income tax returns for Zuffa and any of its affiliates), issuance of equity or debit, loans, and money owed or receivable.

**RESPONSE TO REQUEST NO. 47:**

In addition to the General Objections set forth above, Shapiro objects that this Request is overbroad and unduly burdensome, not proportional to the needs of the case, and not reasonably

calculated to lead to the discovery of relevant or admissible evidence, including because it requests "All Documents" referencing or relating to financial activity of TKO Group Holdings, Inc. and its subsidiaries and affiliates, over aa ten year period, extending beyond the time period relevant to this Action, and it is not limited in scope to documents relating to the claims and defenses at issue in this Action. Shapiro also objects to this Request to the extent that it seeks public information—including information in Plaintiffs' control—that is readily accessible by Plaintiffs and which should be collected by Plaintiffs under the reasonableness and proportionality standards set forth in the Federal Rules of Civil Procedure. Shapiro further objects that the phrase "financial activity" is overbroad, vague, and ambiguous. Shapiro further objects to this Request to the extent it seeks documents that are not within Shapiro's possession, custody, or control. Shapiro further objects to this Request as duplicative of Request No. 31 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Shapiro will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 48:**

All Documents referencing or relating to Your transactional data, at the most granular level possible, for each UFC Professional MMA Event held during the Relevant Time Period, sufficient to show at a minimum the following: a) total gate receipts from each UFC Professional MMA Event during the Relevant Time Period, broken down by event; b) total attendance at each UFC Professional MMA Event during the Relevant Time Period, broken down by event c) total revenues from each PPV broadcast of UFC Professional MMA Event during the Relevant Time Period, broken down by event; d) total revenues from non-PPV broadcast of UFC Professional MMA Event during the Relevant Time Period, broken down by event and by contracted broadcaster (e.g., ESPN, Fox, Spike, etc.) e) total revenues from closed circuit broadcast to commercial venues such as bars, restaurants, or theaters of each UFC Professional MMA Event during the Relevant Time Period, broken down by event; f) total revenues derived from the sale of advertising during all broadcasts of UFC Professional MMA Events, whether PPV or non-PPV, during the Relevant Time Period, broken down by month and year, by PPV or non-PPV, and by

advertiser g) total revenues derived in any way from the Promotional and Ancillary Rights, as described in Your Promotional and Ancillary Rights Agreements with MMA Fighters, relating to all professional MMA Fighters who have been under contract with the UFC at any time during the Relevant Time Period, broken down by month and year; h) total revenues derived from Agreements with sponsors of the UFC or of the Professional MMA Fighters who have been under contract with the UFC at any time during the Relevant Time Period; i) total revenues by event; j) the gross and net price paid by customers for transactions by unit, subscription, and/or ticket for a single Pay-Per-View, ticket to a live event, or UFC Fight Pass subscription;

**RESPONSE TO REQUEST NO. 48:**

In addition to the General Objections set forth above, Shapiro objects that this Request is overbroad and unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it requests documents itemizing nearly every source of the revenue from UFC Professional MMA Events by bout, event, broadcast, transaction, and/or agreement for a period of eight years, which extends beyond the time period relevant to this Action, seeks "All Documents" even "referencing or relating" to "transactional data" at "the most granular level possible," and it is not limited in scope to documents relating to the claims and defenses at issue in this Action. Shapiro further objects to this Request to the extent it purports to require Shapiro to do anything beyond conducting a reasonable search for non-objectionable, nonprivileged, responsive documents and data. Shapiro further objects to this Request as seeking documents and information relating to fighters who would not be members of the putative class and, thus, would have no likelihood of leading to the discovery of relevant or admissible evidence. Shapiro further objects to this Request to the extent it seeks documents that are not within Shapiro's possession, custody, or control. Shapiro further objects to this Request as duplicative of Request No. 32 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Shapiro will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 49:**

Documents and data in as granular form as the information is maintained, sufficient to show any and all compensation paid to each UFC Fighter individually for each UFC Professional MMA Bout that the UFC Fighter participated in during the Relevant Time Period, on a fighter-by-fighter basis, broken down by Professional MMA Bout (so that each UFC Fighter's compensation data is available in one Document or sequence of Documents, and it is produced with sufficient granularity so that the compensation is clearly attributed to the UFC Professional MMA Bout at which the Fighter earned it), as follows: a) the date and location of each UFC Professional MMA Bout the UFC Fighter participated in during the Relevant Time Period, and b) the base salary the UFC Fighter received for each UFC Professional MMA Bout he or she participated in during the Relevant Time Period; c) all bonuses the UFC Fighter received for each UFC Professional MMA Bout he or she participated in during the Relevant Time Period (including, but not limited to any and all discretionary bonuses or payments, fight of the night, performance of the night, knockout and submission of the night bonuses), broken down by each bonus received for each Professional MMA Event d) all broadcast royalties the UFC Fighter received (if any) for each UFC Professional MMA Bout he or she participated in during the Relevant Time Period, broken down so that the broadcast royalties are traceable to a particular UFC Professional MMA Bout (to be clear, if the UFC Fighter received broadcast royalties from more than one UFC Professional MMA Bout, the broadcast royalties should be clearly attributed to the specific UFC Professional MMA Bout from which they were generated); e) any other form of compensation the UFC Fighter received for each UFC Professional MMA Bout he or she participated in during the Relevant Time Period; and, f) Pay-Per-View shares the UFC Fighter received for each UFC Professional MMA Bout he or she participated in during the Relevant Time Period.

**RESPONSE TO REQUEST NO. 49:**

In addition to the General Objections set forth above, Shapiro objects that this Request is overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it requests documents itemizing every payment made to every UFC Fighter by source, date, and payment type

for each UFC Professional MMA Bout over a ten year period, which extends beyond the time period relevant to this Action, and it is not limited in scope to documents relating to the claims and defenses at issue in this Action. Shapiro also objects to this Request as seeking documents and information relating to fighters who would not be members of the putative class and, thus, would have no likelihood of leading to the discovery of relevant or admissible evidence. Shapiro further objects to this Request to the extent it purports to require Shapiro to do anything beyond conducting a reasonable search for non-objectionable, nonprivileged, responsive documents and data. Shapiro further objects that the phrases "granular form" and "sufficient granularity" are vague and ambiguous. Shapiro further objects to this Request to the extent it seeks documents that are not within Shapiro's possession, custody, or control. Shapiro further objects to this Request as duplicative of Request No. 33 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Shapiro will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 50:**

Profit and loss statements (including identity of participating fighters and compensation paid to each) for each UFC Professional MMA Event.

**RESPONSE TO REQUEST NO. 50:**

In addition to the General Objections set forth above, Shapiro objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it requests profit and loss statements for each event over a ten year time period, extending beyond the time period relevant to this Action. Shapiro also objects to this Request as seeking documents and information relating to fighters who would not be members of the putative class and, thus, would have no likelihood of leading to the discovery of relevant or admissible evidence. Shapiro also objects to this Request to the extent it purports to require Shapiro to do anything beyond conducting a reasonable search for nonobjectionable, non-privileged, responsive documents and data. Shapiro further objects to this Request to the extent it seeks documents that are not within Shapiro's

1  possession, custody, or control. Shapiro further objects to this Request as duplicative of Request

2  No. 34 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this

3  same Request, and thus this Request improperly seeks to bypass party discovery.

4      Shapiro will not produce documents in response to this Request.

5  **REQUEST FOR PRODUCTION NO. 51:**

6      Documents sufficient to show Your actual costs for presenting UFC Professional MMA

7  Events, down to as granular a level as possible, including without limitation venue costs,

8  promotional costs, compensation for UFC Fighters, insurance, safety, and all other costs incidental

9  to presenting UFC Professional MMA Events.

10  **RESPONSE TO REQUEST NO. 51:**

11      In addition to the General Objections set forth above, Shapiro objects to this Request as

12  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

13  calculated to lead to the discovery of relevant or admissible evidence, including because it calls

14  for production of documents related to all of Endeavor's costs for presenting UFC Professional

15  MMA Events without any limitation over a ten year period, extending beyond the time period

16  relevant to this Action. Shapiro also objects that the phrases "actual costs," "down to as granular

17  a level as possible," and "all other costs incidental to presenting" are vague and ambiguous.

18  Shapiro further objects to this Request to the extent it seeks documents that are not within Shapiro's

19  possession, custody, or control. Shapiro further objects to this Request as duplicative of Request

20  No. 35 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this

21  same Request, and thus this Request improperly seeks to bypass party discovery.

22      Shapiro will not produce documents in response to this Request.

23  **REQUEST FOR PRODUCTION NO. 52:**

24      Documents sufficient to show Your actual costs for presenting UFC Professional MMA

25  Bouts, down to as granular a level as possible, including without limitation venue costs,

26  promotional costs, compensation for UFC Fighters, insurance, safety, and all other costs incidental

27  to presenting UFC Professional MMA Bouts.

28

1  **RESPONSE TO REQUEST NO. 52:**

2        In addition to the General Objections set forth above, Shapiro objects to this Request as

3  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

4  calculated to lead to the discovery of relevant or admissible evidence, including because it calls

5  for production of documents related to all of Endeavor's costs for presenting UFC Professional

6  MMA Bouts without any limitation over a ten year, extending beyond the time period relevant to

7  this Action. Shapiro also objects that the phrases "actual costs," "down to as granular a level as

8  possible," and "all other costs incidental to presenting" are vague and ambiguous. Shapiro further

9  objects to this Request to the extent it seeks documents that are not within Shapiro's possession,

10  custody, or control. Shapiro further objects to this Request as duplicative of Request No. 36 to

11  Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same

12  Request, and thus this Request improperly seeks to bypass party discovery.

13        Shapiro will not produce documents in response to this Request.

14  **REQUEST FOR PRODUCTION NO. 53:**

15        Documents sufficient to show Your actual costs involved in promoting the UFC as a brand.

16  **RESPONSE TO REQUEST NO. 53:**

17        In addition to the General Objections set forth above, Shapiro objects to this Request as

18  vague, ambiguous, overbroad, unduly burdensome, not proportional to the needs of the case, and

19  not reasonably calculated to lead to the discovery of relevant or admissible evidence, including

20  because it requests documents to show "actual costs" over a ten year period, extending beyond the

21  time period relevant to this Action, and it is not limited in scope to documents relating to the claims

22  and defenses at issue in this Action. Shapiro objects that the phrases "actual costs," "promoting,"

23  and "as a brand" are vague and ambiguous. Shapiro further objects to this Request to the extent it

24  seeks documents that are not within Shapiro's possession, custody, or control. Shapiro further

25  objects to this Request as duplicative of Request No. 37 to Endeavor. Endeavor has been actively

26  meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly

27  seeks to bypass party discovery.

28        Shapiro will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 54:**

All Documents relating to materials produced by third party analysts or consultants regarding Zuffa or any successor to Zuffa, including without limitation reports that analyze or project demand, revenues, income, profits, or market share. Documents responsive to this Request include both documents produced by such third party analysts or consultants (including both those retained by You and those producing such materials without an Agreement with You) and any comments, edits, or drafts of such materials or other documents You created and submitted to such third party analysts or consultants.

**RESPONSE TO REQUEST NO. 54:**

In addition to the General Objections set forth above, Shapiro objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it calls for "All Documents" even "related to" materials produced by any "third party analyst or consultants regarding Zuffa" without any limitation or connection to the claims and defenses at issue in this litigation, and over a ten year time period, extending beyond the time period relevant to this Action. Shapiro also objects that the phrases "third party analysts," "successor to Zuffa," "demand," and "submitted to" are vague and ambiguous. Shapiro further objects to the extent this Request calls for documents protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Shapiro further objects to the Request to the extent that it seeks documents not within Shapiro's possession, custody, or control. Shapiro further objects to this Request to the extent that it seeks public information — including information in Plaintiffs' control—that is readily accessible by Plaintiffs and which should be collected by Plaintiffs under the reasonableness and proportionality standards set forth in the Federal Rules of Civil Procedure. Shapiro further objects to this Request as duplicative of Request No. 38 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Shapiro will not produce documents in response to this Request.

1  **REQUEST FOR PRODUCTION NO. 55:**

2      All documents created by You or by third party analysts or consultants regarding

3  competition among MMA Promoters or would-be MMA Promoters for (a) the purchase of MMA

4  Fighter services and (b) promotion of Professional MMA Events generally, including without

5  limitation reports that analyze or project demand, revenues, income, profits, or market share.

6  **RESPONSE TO REQUEST NO. 55:**

7      In addition to the General Objections set forth above, Shapiro objects to this Request as

8  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

9  calculated to lead to the discovery of relevant or admissible evidence, including because it calls

10  for "All documents" over a ten year time period, extending beyond the time period relevant to this

11  Action. Shapiro also objects that the term "third party analysts" is vague and ambiguous. Shapiro

12  further objects to the extent this Request calls for documents protected from disclosure by the

13  attorney-client privilege, work-product doctrine, or any other applicable privilege. Shapiro further

14  objects to the Request to the extent that it seeks documents not within Shapiro's possession,

15  custody, or control. Shapiro further objects to this Request to the extent that it seeks public

16  information—including information in Plaintiffs' control—that is readily accessible by Plaintiffs

17  and which should be collected by Plaintiffs under the reasonableness and proportionality standards

18  set forth in the Federal Rules of Civil Procedure. Shapiro further objects to this Request to the

19  extent it seeks documents that are not within Shapiro's possession, custody, or control. Shapiro

20  further objects to this Request as duplicative of Request No. 39 to Endeavor. Endeavor has been

21  actively meeting and conferring with Plaintiffs over this same Request, and thus this Request

22  improperly seeks to bypass party discovery.

23      Shapiro will not produce documents in response to this Request.

24  **REQUEST FOR PRODUCTION NO. 56:**

25      All Documents referencing or relating to comparison of compensation models or

26  Agreements between the UFC and other major professional sports, including without limitation

27  boxing, pro wrestling, football, basketball, and baseball.

28

NON-PARTY MARK SHAPIRO'S RESPONSES
AND OBJECTIONS TO PLAINTIFFS' SUBPOENA
Case No. 21-cv-01189-RFB-BNW

1   **RESPONSE TO REQUEST NO. 56:**

2      In addition to the General Objections set forth above Shapiro objects to this Request as

3   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

4   calculated to lead to the discovery of relevant or admissible evidence, including because it call for

5   "All documents" over a ten year time period, extending beyond the time period relevant to this

6   Action, and it is not limited in scope to documents relating to the claims and defenses at issue in

7   this Action. Shapiro also objects that the phrases "comparison of compensation models" and

8   "major professional sports" are vague and ambiguous. Shapiro further objects to this Request to

9   the extent it seeks documents that are not within Shapiro's possession, custody, or control. Shapiro

10  further objects to this Request as duplicative of Request No. 40 to Endeavor. Endeavor has been

11  actively meeting and conferring with Plaintiffs over this same Request, and thus this Request

12  improperly seeks to bypass party discovery.

13     Shapiro will not produce documents in response to this Request.

14  **REQUEST FOR PRODUCTION NO. 57:**

15     All Agreements (and any amendments thereto) entered into between You and any MMA

16  Promoter relating to the acquisition of assets, equity, or other interests of any MMA Promoter, and

17  all Documents referencing or relating to the potential or actual acquisition of assets, equity, or

18  interests of any MMA Promoter, including, but not limited to, internal strategy documents,

19  projections, cost-benefit analyses, cost estimates, and all Agreements or contracts (and any

20  amendments thereto).

21  **RESPONSE TO REQUEST NO. 57:**

22     In addition to the General Objections set forth above, Shapiro objects to this Request as

23  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

24  calculated to lead to the discovery of relevant or admissible evidence, including because it would

25  require Shapiro to produce "All Agreements" over a ten year period extending beyond the time

26  period relevant to this Action, and relating to transactions that are not challenged or at issue in this

27  Action. Neither the Complaint, nor this Request, identifies or alleges that Shapiro has engaged in

28  any acquisition of assets, equity, or other interests of any MMA Promoter other than Zuffa during

1  the putative class period, and thus this Request is purely an impermissible fishing expedition into

2  irrelevant materials. Shapiro also objects that the term "interests" as used in this Request is vague

3  and ambiguous. Shapiro further objects to this Request to the extent it seeks documents that are

4  not within Shapiro's possession, custody, or control. Shapiro further objects to this Request as

5  duplicative of Request No. 41 to Endeavor. Endeavor has been actively meeting and conferring

6  with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

7  discovery.

8        Shapiro will not produce documents in response to this Request.

9  **REQUEST FOR PRODUCTION NO. 58:**

10       Documents sufficient to identify each Person involved in approving or negotiating the

11  terms of any Agreements or potential Agreements for the acquisition or potential acquisition of

12  assets, or equity, or interests of any MMA Promoter.

13  **RESPONSE TO REQUEST NO. 58:**

14       In addition to the General Objections set forth above, Shapiro objects to this Request as

15  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

16  calculated to lead to the discovery of relevant or admissible evidence, including because it calls

17  for identification of "each Person" over a ten year period, extending beyond the time period

18  relevant to this Action, and relating to transactions that are not challenged or at issue in this Action.

19  Neither the Complaint, nor this Request, identifies or alleges that Shapiro, nor his employer,

20  Endeavor, have engaged in any acquisition of assets, equity, or other interests of any MMA

21  Promoter other than Zuffa during the putative class period, and thus this Request is purely an

22  impermissible fishing expedition into irrelevant materials. Shapiro also objects that the term

23  "interests" as used in this Request is vague and ambiguous. Shapiro further objects to this Request

24  to the extent it seeks documents that are not within Shapiro's possession, custody, or control.

25  Shapiro further objects to this Request as duplicative of Request No. 42 to Endeavor. Endeavor

26  has been actively meeting and conferring with Plaintiffs over this same Request, and thus this

27  Request improperly seeks to bypass party discovery.

28       Shapiro will not produce documents in response to this Request.

1  **REQUEST FOR PRODUCTION NO. 59:**

2      All Documents relating to the sale of equity in Zuffa to Flash Entertainment, a wholly

3  owned subsidiary of Abu Dhabi.

4  **RESPONSE TO REQUEST NO. 59:**

5      In addition to the General Objections set forth above, Shapiro objects to this Request as

6  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

7  calculated to lead to the discovery of relevant or admissible evidence, including because its request

8  for "All Documents" related to the sale of equity by Zuffa to Flash Entertainment, which is not

9  challenged or at issue in this Action and therefore has no relevance to the claims or defenses at

10  issue in this Action. Shapiro also objects to the characterization of Flash Entertainment as "a

11  wholly owned subsidiary of Abu Dhabi." Shapiro further objects to this Request to the extent it

12  seeks documents that are not within Shapiro's possession, custody, or control. Shapiro further

13  objects to this Request as duplicative of Request No. 43 to Endeavor. Endeavor has been actively

14  meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly

15  seeks to bypass party discovery.

16      Shapiro will not produce documents in response to this Request.

17  **REQUEST FOR PRODUCTION NO. 60:**

18      Documents sufficient to Identify each Person or entity You consider to be, or considered

19  to have been, an actual or potential competitor of the UFC for (a) the purchase of MMA Fighter

20  services, and/or (b) the promotion of live Professional MMA Events in the United States or abroad.

21  **RESPONSE TO REQUEST NO. 60:**

22      In addition to the General Objections set forth above, Shapiro objects to this Request as

23  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

24  calculated to lead to the discovery of relevant or admissible evidence, including because it calls

25  for documents over a ten year time period, extending beyond the time period relevant to this

26  Action. Shapiro also objects that the phrases "consider to be," "considered to have been," "actual

27  or potential competitor," "purchase," and "promotion" as used in this Request are vague and

28  ambiguous. Shapiro further objects to this Request to the extent it purports to require Shapiro to

do anything beyond conducting a reasonable search for non-objectionable, nonprivileged, responsive documents and data. Shapiro further objects that this Request purports to require the production of materials that are not within Shapiro's possession, custody, or control. Shapiro further objects to this Request as duplicative of Request No. 44 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Shapiro will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 61:**

Documents or data sufficient to calculate the actual or potential market share held by the UFC and each of the UFC's actual or potential competitors (as Identified in Request No. 53) in terms of total revenue by region (US, North America, South America, Europe, Asia, and any others) derived from the promotion of live Professional MMA Bouts and all other income sources, including without limitation merchandising, licensing, sponsorships, advertising, video games, and other income sources based on the use of Professional MMA Fighters' Identities.

**RESPONSE TO REQUEST NO. 61:**

In addition to the General Objections set forth above, Shapiro objects to this Request as vague, ambiguous, and confusing because it refers to "Request No. 53." Endeavor will interpret this Request as though it instead refers to "Request No. 60." Shapiro also objects that the Request is overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it calls for documents regarding all income sources over a ten year period, extending beyond the time period relevant to this Action, and it is not limited in scope to the claims, defenses, or geographic area at issue in this Action. Shapiro further objects that this Request is vague and ambiguous because it does not specify time intervals for the calculation of the "actual or potential market share," which may have varied throughout the class period. Shapiro further objects that the terms "actual or potential market share," "actual or potential competitors," "derived from," and "based on the use of Professional MMA Fighters' Identities" are vague and ambiguous. Shapiro further objects to this Request to the extent it purports to require Shapiro to do anything beyond conducting

1    a reasonable search for non-objectionable, non-privileged, responsive documents and data.

2    Shapiro further objects that this Request purports to require the production of materials that are

3    not within Shapiro's possession, custody, or control. Shapiro further objects to this Request to the

4    extent it seeks documents that are not within Shapiro's possession, custody, or control. Shapiro

5    further objects to this Request as duplicative of Request No. 45 to Endeavor. Endeavor has been

6    actively meeting and conferring with Plaintiffs over this same Request, and thus this Request

7    improperly seeks to bypass party discovery.

8         Shapiro will not produce documents in response to this Request.

9    **REQUEST FOR PRODUCTION NO. 62:**

10        Documents or data sufficient to Identify the actual and/or estimated share of Professional

11   MMA Fighters' services, by both dollar amount and number of fighters, for the purchase of the

12   services of Professional MMA Fighters by the UFC and each of Your actual or potential

13   competitors identified in your response to Request No. 53 by region (US, North America, South

14   America, Europe, Asia, and any others).

15   **RESPONSE TO REQUEST NO. 62:**

16        In addition to the General Objections set forth above, Shapiro objects to this Request as

17   vague, ambiguous, and confusing because it refers to "Request No. 53" Endeavor will interpret

18   this Request as though it instead refers to "Request No. 60." Shapiro also objects that this Request

19   is vague, ambiguous, and unintelligible as written. Shapiro further objects to this Request to the

20   extent it purports to require Endeavor to do anything beyond conducting a reasonable search for

21   non-objectionable, non-privileged, responsive documents and data. Shapiro further objects that

22   this Request is not limited in scope to the claims and defenses at issue in this Action. Shapiro

23   further objects that this Request purports to require the production of materials that are not within

24   Shapiro's possession, custody, or control. Shapiro further objects that this Request is not

25   proportional to the needs of the case. Shapiro further objects to this Request as duplicative of

26   Request No. 46 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs

27   over this same Request, and thus this Request improperly seeks to bypass party discovery.

28        Shapiro will not produce documents in response to this Request.

1    **REQUEST FOR PRODUCTION NO. 63:**

2        All Documents and data referencing or relating to the determination of Professional MMA

3    Fighter compensation by the UFC in the promotion of live Professional MMA Events and all other

4    income sources, including without limitation merchandising, licensing, sponsorships, advertising,

5    video games, and other income sources based on the use of Professional MMA Fighters' Identities.

6    **RESPONSE TO REQUEST NO. 63:**

7        In addition to the General Objections set forth above, Shapiro objects to this Request as

8    overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

9    calculated to lead to the discovery of relevant or admissible evidence, including because it calls

10   for "All Documents" over a ten year period, extending beyond the time period relevant to this

11   Action. Shapiro also objects that the phrases "the determination of Professional MMA fighter

12   compensation," "other income sources," and "based on the use of Professional MMA Fighters'

13   Identities" as used in this Request are vague and ambiguous. Shapiro further objects to this Request

14   as seeking documents and information relating to fighters who would not be part of the putative

15   class and, thus, would have no likelihood of leading to the discovery of relevant or admissible

16   evidence. Shapiro further objects that this Request is not limited in scope to the claims and defenses

17   at issue in this Action, including because Plaintiffs do not allege an identity class in this Action.

18   Shapiro further objects to this Request to the extent it seeks documents that are not within Shapiro's

19   possession, custody, or control. Shapiro further objects to this Request as duplicative of Request

20   No. 47 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this

21   same Request, and thus this Request improperly seeks to bypass party discovery.

22       Shapiro will not produce documents in response to this Request.

23   **REQUEST FOR PRODUCTION NO. 64:**

24       All Documents and data referencing or relating to the determination of Professional MMA

25   Fighter compensation by any of the UFC's actual and potential competitors (identified in your

26   response to Request No. 60, above) in the promotion of live Professional MMA Events and all

27   other income sources, including without limitation merchandising, licensing, sponsorships,

28

NON-PARTY MARK SHAPIRO'S RESPONSES
AND OBJECTIONS TO PLAINTIFFS' SUBPOENA
Case No. 21-cv-01189-RFB-BNW

1    advertising, video games, and other income sources based on the use of Professional MMA

2    Fighters' Identities.

3    **RESPONSE TO REQUEST NO. 64:**

4         In addition to the General Objections set forth above, Shapiro objects that this Request is

5    vague, ambiguous, and unintelligible as written. Shapiro also objects to this Request as overbroad,

6    unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to

7    lead to the discovery of relevant or admissible evidence, including because it calls for "All

8    Documents" over a ten year time period, extending beyond the time period relevant to this Action.

9    Shapiro further objects that this Request is not limited in scope to the claims and defenses at issue

10   in this Action, including because Plaintiffs do not allege an identity class in this Action. Shapiro

11   further objects that the phrases "the determination of Professional MMA fighter compensation,"

12   "actual and potential competitors," "other income sources," and "based on the use of Professional

13   MMA Fighters' Identities" as used in this Request are vague and ambiguous. Shapiro further

14   objects to this Request to the extent it seeks documents that are not within Shapiro's possession,

15   custody, or control. Shapiro further objects to this Request as duplicative of Request No. 48 to

16   Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same

17   Request, and thus this Request improperly seeks to bypass party discovery.

18        Shapiro will not produce documents in response to this Request.

19   **REQUEST FOR PRODUCTION NO. 65:**

20        All Documents analyzing, discussing, or relating to the competitive strengths or

21   weaknesses of actual or potential competitors (identified in your response to Request No. 60 or

22   otherwise, above) in the promotion of live Professional MMA Events and/or in the purchase of the

23   services of Professional MMA Fighters.

24   **RESPONSE TO REQUEST NO. 65:**

25        In addition to the General Objections set forth above, Shapiro objects to this Request as

26   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

27   calculated to lead to the discovery of relevant or admissible evidence, including because it calls

28   for "All Documents" over ten year period, extending beyond the time period relevant to this

Action. Shapiro further objects that the phrases "competitive strength or weaknesses" and "actual or potential competitors" as used in this Request is vague and ambiguous. Shapiro further objects to the extent this Request calls for documents protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Shapiro further objects to this Request as duplicative of Request No. 49 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Shapiro will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 66:**

All Documents referencing or relating to communications and/or negotiations with any sponsors or advertisers in connection with Your acquisition of WWE and/or UFC.

**RESPONSE TO REQUEST NO. 66:**

In addition to the General Objections set forth above, Shapiro objects that this Request is overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it calls for "All Documents" related to communications and/or negotiations with sponsors or advertisers in connection with Endeavor's acquisitions of WWE and/or UFC, which extends beyond the time period relevant to this Action, and is not related to the claims and defenses at issue in this Action, including because it relates to transactions that are not challenged or at issue in this Action. Shapiro further objects to this Request to the extent it seeks documents that are not within Shapiro's possession, custody, or control. Shapiro further objects to this Request as duplicative of Request No. 50 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Shapiro will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 67:**

All Documents and Communications referencing or relating to any Agreements entered into by You relating to Venues for Professional MMA Events, including all Agreements, all draft

1  Agreements, and all Documents and Communications relating to negotiation of such Agreements

2  or draft Agreements.

3  **RESPONSE TO REQUEST NO. 67:**

4  In addition to the General Objections set forth above, Shapiro objects that this Request is

5  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

6  calculated to lead to the discovery of relevant or admissible evidence, including because it requests

7  "All Documents and Communications" relating to agreements entered into by Endeavor related to

8  venues for Professional MMA Events over a ten year period, extending beyond the time period

9  relevant to this Action, and it is not limited in scope to documents relating to the claims and

10 defenses at issue in this Action. Plaintiffs have neither asserted a monopolization claim in this

11 Action, nor alleged any anticompetitive conduct in connection with Endeavor's venue agreements,

12 if any, and thus this Request is purely an impermissible fishing expedition into irrelevant materials.

13 Shapiro further objects to this Request to the extent it seeks documents that are not within Shapiro's

14 possession, custody, or control. Shapiro further objects to this Request as duplicative of Request

15 No. 51 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this

16 same Request, and thus this Request improperly seeks to bypass party discovery.

17 Shapiro will not produce documents in response to this Request.

18 **REQUEST FOR PRODUCTION NO. 68:**

19 All Documents and Communications relating to the drafting of and the reasoning behind

20 the "Exclusivity Clause" in UFC Bout Agreements, which binds UFC Fighters into a restricted

21 relationship with the UFC and prohibits them from appearing in Professional MMA Bouts

22 televised or organized by actual or potential rival promotions unless approved by the UFC.

23 **RESPONSE TO REQUEST NO. 68:**

24 In addition to the General Objections set forth above, Shapiro objects to this Request as

25 overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

26 calculated to lead to the discovery of relevant or admissible evidence, including because it requests

27 "All Documents and Communications" related to the drafting of and reasoning behind the

28 "Exclusivity Clause" over a ten year time period, extending beyond the time period relevant to this

1    Action. Shapiro also objects to the extent this Request calls for documents protected from

2    disclosure by the attorney-client privilege, work-product doctrine, or any other applicable

3    privilege. Shapiro further objects that the phrases "drafting of" and "reasoning behind" are vague

4    and ambiguous. Endeavor disputes Plaintiffs' characterization of the relevant agreement

5    provisions as the "Exclusivity Clause," and further disputes Plaintiffs' assertion that they bind

6    "UFC Fighters into a restricted relationship with the UFC" and prohibit "them from appearing in

7    Professional MMA Bouts televised or organized by actual or potential rival promotions unless

8    approved by the UFC." Shapiro refers to the text of the relevant agreements for their contents.

9    Shapiro further objects to this Request to the extent it seeks documents that are not within Shapiro's

10   possession, custody, or control. Shapiro further objects to this Request as duplicative of Request

11   No. 52 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this

12   same Request, and thus this Request improperly seeks to bypass party discovery.

13        Shapiro will not produce documents in response to this Request.

14   **REQUEST FOR PRODUCTION NO. 69:**

15        All Documents and Communications referencing or relating to the drafting of and the

16   reasoning behind the "Champion's Clause" in UFC Bout Agreements, which allows the UFC to

17   extend a UFC Fighter's contract for as long as the athlete is a "champion" in his or her weight

18   class.

19   **RESPONSE TO REQUEST NO. 69:**

20        In addition to the General Objections set forth above, Shapiro objects to this Request as

21   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

22   calculated to lead to the discovery of relevant or admissible evidence, including because it requests

23   "All Documents and Communications" referencing or relating to the drafting and reasoning behind

24   the "Champion's Clause" over a ten year period, extending beyond the time period relevant to this

25   Action. Shapiro also objects to the extent this Request calls for documents protected from

26   disclosure by the attorney-client privilege, work-product doctrine, or any other applicable

27   privilege. Shapiro further objects that the phrases "drafting of" and "reasoning behind" are vague

28   and ambiguous. Shapiro disputes Plaintiffs' characterization of the relevant agreement provisions

1   as the "Champion's Clause," and further disputes Plaintiffs' assertion that they allow "the UFC to

2   extend a UFC Fighter's contract for as long as the athlete is a 'champion' in his or her weight

3   class." Shapiro refers to the text of the relevant agreements for their contents. Shapiro further

4   objects to this Request to the extent it seeks documents that are not within Shapiro's possession,

5   custody, or control. Shapiro further objects to this Request as duplicative of Request No. 53 to

6   Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same

7   Request, and thus this Request improperly seeks to bypass party discovery.

8        Shapiro will not produce documents in response to this Request.

9   **REQUEST FOR PRODUCTION NO. 70:**

10       All Documents and Communications referencing or relating to the drafting of and the

11  reasoning behind the "Right to First Offer" and "Right to Match" Clauses in UFC Bout

12  Agreements, which grant the UFC the option to match the financial terms and conditions of any

13  offer made to a UFC Fighter for a Professional MMA Bout even after the UFC Fighter's contract

14  has expired.

15  **RESPONSE TO REQUEST NO. 70:**

16       In addition to the General Objections set forth above, Shapiro objects to this Request as

17  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

18  calculated to lead to the discovery of relevant or admissible evidence, including because it requests

19  "All Documents and Communications" referencing or relating to the drafting of and the reasoning

20  behind the "Right to First Offer" and "Right to Match" clauses over an a ten year period, extending

21  beyond the time period relevant to this Action. Shapiro also objects to the extent this Request calls

22  for documents protected from disclosure by the attorney-client privilege, work-product doctrine,

23  or any other applicable privilege. Shapiro further objects that the phrases "drafting of" and

24  "reasoning behind" are vague and ambiguous. Shapiro disputes Plaintiffs' characterization of the

25  relevant agreement provisions as the "Right to First Offer" and "Right to Match" clauses, and

26  further disputes Plaintiffs' assertion that they grant "the UFC the option to match the financial

27  terms and conditions of any offer made to a UFC Fights for a Professional MMA Bout even after

28  the UFC Fighter's contract has expired." Shapiro refers to the text of the relevant agreements for

1   their contents. Shapiro further objects to this Request to the extent it seeks documents that are not

2   within Shapiro's possession, custody, or control. Shapiro and his employer, Endeavor, are not

3   alleged to have had any involvement in the drafting or reasoning behind any provision of Zuffa's

4   contracts with MMA fighters challenged in Complaint paragraph 101, and this Request is an

5   impermissible fishing exercise. Shapiro further objects to this Request as duplicative of Request

6   No. 54 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this

7   same Request, and thus this Request improperly seeks to bypass party discovery.

8          Shapiro will not produce documents in response to this Request.

9   **REQUEST FOR PRODUCTION NO. 71:**

10          All Documents and Communications referencing or relating to the drafting of and the

11  reasoning behind the "Ancillary Rights Clause" in the Promotional and Ancillary Rights

12  Agreements, which grants the UFC exclusive and perpetual worldwide personality and Identity

13  rights of the UFC Fighter.

14  **RESPONSE TO REQUEST NO. 71:**

15          In addition to the General Objections set forth above, Shapiro objects to this Request as

16  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

17  calculated to lead to the discovery of relevant or admissible evidence, including because it requests

18  "All Documents and Communications" referencing or relating to the drafting of and reasoning

19  behind the "Ancillary Rights Clause" over a ten year period, extending beyond the time period

20  relevant to this Action. Shapiro also objects to the extent this Request calls for documents protected

21  from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable

22  privilege. Shapiro further objects that the phrases "drafting of" and "reasoning behind" are vague

23  and ambiguous. Shapiro further objects that this Request is not limited in scope to the claims and

24  defenses at issue in this Action, including because Plaintiffs do not allege an identity class in this

25  Action. Shapiro disputes Plaintiffs' characterization of the relevant agreement provisions as the

26  "Ancillary Rights Clause," and further disputes Plaintiffs' assertion that they grant "the UFC

27  exclusive and perpetual worldwide personality and Identity rights of the UFC Fighter." Shapiro

28  refers to the text of the relevant agreements for their contents. Shapiro further objects to this

1   Request to the extent it seeks documents that are not within Shapiro's possession, custody, or

2   control. Shapiro and his employer, Endeavor, are not alleged to have had any involvement in the

3   drafting or reasoning behind any provision of Zuffa's contracts with MMA fighters challenged in

4   Complaint paragraph 101, and this Request is an impermissible fishing exercise. Shapiro further

5   objects to this Request as duplicative of Request No. 55 to Endeavor. Endeavor has been actively

6   meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly

7   seeks to bypass party discovery.

8        Shapiro will not produce documents in response to this Request.

9   **REQUEST FOR PRODUCTION NO. 72:**

10       All Documents and Communications referencing or relating to the drafting of and the

11  reasoning behind the "Promotion Clause" in the Promotional and Ancillary Rights Agreements,

12  which requires UFC Fighters to attend, cooperate, and assist in the promotion of Professional

13  MMA Bouts in which they fight and, as required by the UFC, any other Professional MMA Bouts,

14  Professional MMA Events, broadcasts, press conferences and sale of UFC Licensed Merchandise.

15  **RESPONSE TO REQUEST NO. 72:**

16       In addition to the General Objections set forth above, Shapiro objects to this Request as

17  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

18  calculated to lead to the discovery of relevant or admissible evidence, including because it requests

19  "All Documents and Communications" referencing or relating to the drafting of and reasoning

20  behind the "Promotion Clause" over ten year period, extending beyond the time period relevant to

21  this Action. Shapiro also objects to the extent this Request calls for documents protected from

22  disclosure by the attorney-client privilege, work-product doctrine, or any other applicable

23  privilege. Shapiro further objects that the phrases "drafting of," "reasoning behind," "attend,

24  cooperate, and assist in the promotion," and "broadcasts, press conferences and sale" are vague

25  and ambiguous. Shapiro disputes Plaintiffs' characterization of the relevant agreement provisions

26  as the "Promotion Clause," and further disputes Plaintiffs' assertion that they require "UFC

27  Fighters to attend, cooperate, and assist in the promotion of Professional MMA Bouts in which

28  they fight and, as required by the UFC, any other Professional MMA Bouts, Professional MMA

1   Events, broadcasts, press conferences and sale of UFC Licensed Merchandise." Shapiro refers to

2   the text of the relevant agreements for their contents. Shapiro further objects to this Request to the

3   extent it seeks documents that are not within Shapiro's possession, custody, or control. Shapiro

4   and his employer, Endeavor, are not alleged to have had any involvement in the drafting or

5   reasoning behind any provision of Zuffa's contracts with MMA fighters challenged in Complaint

6   paragraph 101, and this Request is an impermissible fishing exercise. Shapiro further objects to

7   this Request as duplicative of Request No. 56 to Endeavor. Endeavor has been actively meeting

8   and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to

9   bypass party discovery.

10      Shapiro will not produce documents in response to this Request.

11  **REQUEST FOR PRODUCTION NO. 73:**

12      All Documents and Communications referencing or relating to the drafting of and the

13  reasoning behind the "Retirement Clause" which gives the UFC the power "to retain the rights to

14  a retired fighter in perpetuity."

15  **RESPONSE TO REQUEST NO. 73:**

16      In addition to the General Objections set forth above, Shapiro objects to this Request as

17  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

18  calculated to lead to the discovery of relevant or admissible evidence, including because it requests

19  "All Documents and Communications" referencing or relating to the drafting of and reasoning

20  behind the "Retirement Clause" over an ten year period, extending beyond the time period relevant

21  to this Action. Shapiro also objects to the extent this Request calls for documents protected from

22  disclosure by the attorney-client privilege, work-product doctrine, or any other applicable

23  privilege. Shapiro further objects that the phrases "drafting of" and "reasoning behind" are vague

24  and ambiguous. Endeavor disputes Plaintiffs' characterization of the relevant agreement

25  provisions as the "Retirement Clause," and further disputes the Plaintiffs' assertion that they give

26  the UFC the power "to retain the rights to a retired fighter in perpetuity." Shapiro refers to the text

27  of the relevant agreements for their contents. Shapiro further objects to this Request to the extent

28  it seeks documents that are not within Shapiro's possession, custody, or control. Shapiro and his

1    employer, Endeavor, are not alleged to have had any involvement in the drafting or reasoning

2    behind any provision of Zuffa's contracts with MMA fighters challenged in Complaint paragraph

3    101, and this Request is an impermissible fishing exercise. Shapiro further objects to this Request

4    as duplicative of Request No. 57 to Endeavor. Endeavor has been actively meeting and conferring

5    with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

6    discovery.

7         Shapiro will not produce documents in response to this Request.

8    **REQUEST FOR PRODUCTION NO. 74:**

9         All Documents and Communications referencing or relating to the drafting of and the

10    reasoning behind the tolling provisions, which extend the term of a UFC Fighter's contract during

11    periods when he or she is injured, retired, or otherwise declines to compete.

12    **RESPONSE TO REQUEST NO. 74:**

13         In addition to the General Objections set forth above, Shapiro objects to this Request as

14    overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

15    calculated to lead to the discovery of relevant or admissible evidence, including because it requests

16    "All Documents and Communications" referencing or relating to the drafting of and the reasoning

17    behind the tolling provisions over an ten year period, extending beyond the time period relevant

18    to this Action. Shapiro also objects to the extent this Request calls for documents protected from

19    disclosure by the attorney-client privilege, work-product doctrine, or any other applicable

20    privilege. Shapiro further objects that the phrases "drafting of," "reasoning behind," "tolling

21    provisions," and "otherwise declines to compete" are vague and ambiguous. Shapiro disputes

22    Plaintiffs' characterization of the relevant agreement provisions as "tolling provisions," and further

23    disputes the Plaintiffs' assertion that they extend "the term of a UFC Fighter's contract during

24    periods when he or she is injured, retired, or otherwise declines to compete." Shapiro refers to the

25    text of the relevant agreements for their contents. Shapiro further objects to this Request to the

26    extent it seeks documents that are not within Shapiro's possession, custody, or control. Shapiro

27    and his employer, Endeavor, are not alleged to have had any involvement in the drafting or

28    reasoning behind any provision of Zuffa's contracts with MMA fighters challenged in Complaint

1    paragraph 101, and this Request is an impermissible fishing exercise. Shapiro further objects to

2    this Request as duplicative of Request No. 58 to Endeavor. Endeavor has been actively meeting

3    and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to

4    bypass party discovery.

5          Shapiro will not produce documents in response to this Request.

6    **REQUEST FOR PRODUCTION NO. 75:**

7          All Documents and Communications referencing or relating to the drafting of and the

8    reasoning behind the "Sponsorship and Endorsement Clause," which appears to grant the UFC

9    sole discretion over all sponsorship and endorsement approvals.

10   **RESPONSE TO REQUEST NO. 75:**

11         In addition to the General Objections set forth above, Shapiro objects to this Request as

12   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

13   calculated to lead to the discovery of relevant or admissible evidence, including because it requests

14   "All Documents and Communications" referencing or relating to the drafting of and the reasoning

15   behind the "Sponsorship and Endorsement Clause" over a ten year period, extending beyond the

16   time period relevant to this Action. Shapiro also objects to the extent this Request calls for

17   documents protected from disclosure by the attorney-client privilege, workproduct doctrine, or any

18   other applicable privilege. Shapiro further objects that the phrases "drafting of" and "reasoning

19   behind" are vague and ambiguous. Shapiro further objects that this Request is not limited in scope

20   to the claims and defenses at issue in this Action, including because Plaintiffs do not allege an

21   identity class in this Action. Shapiro disputes Plaintiffs' characterization of the relevant agreement

22   provisions as the "Sponsorship and Endorsement Clause," and further disputes Plaintiffs' assertion

23   that they appear "to grant the UFC sole discretion over all sponsorship and endorsement

24   approvals." Shapiro refers to the text of the relevant agreements for their contents. Shapiro further

25   objects to this Request to the extent it seeks documents that are not within Shapiro's possession,

26   custody, or control. Shapiro and his employer, Endeavor, are not alleged to have had any

27   involvement in the drafting or reasoning behind any provision of Zuffa's contracts with MMA

28   fighters challenged in Complaint paragraph 101, and this Request is an impermissible fishing

1    exercise. Shapiro further objects to this Request as duplicative of Request No. 59 to Endeavor.

2    Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and

3    thus this Request improperly seeks to bypass party discovery.

4        Shapiro will not produce documents in response to this Request.

5    **REQUEST FOR PRODUCTION NO. 76:**

6        All Documents and Communications analyzing or quantifying the overall impact or effect

7    of the contractual clauses in Zuffa or Endeavor's Promotional and Ancillary Rights Agreements

8    on (a) UFC Fighters' mobility or compensation, and/or (b) the ability of Zuffa's competitors (as

9    identified in your response to Request No.60, supra, or otherwise) to compete for Professional

10   MMA Fighters services or to promote Professional MMA Events that can successfully compete

11   against Zuffa or Endeavor.

12   **RESPONSE TO REQUEST NO. 76:**

13       In addition to the General Objections, Shapiro objects to this Request as overbroad, unduly

14   burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the

15   discovery of relevant or admissible evidence, including because it calls for "All Documents and

16   Communications" over a ten year time period, extending beyond the time period relevant to this

17   Action. Shapiro also objects to the extent this Request calls for documents protected from

18   disclosure by the attorney-client privilege, work-product doctrine, or any other applicable

19   privilege. Shapiro further objects that the phrases "overall impact," "effect," "mobility," and

20   "successfully" are vague and ambiguous. Shapiro further objects to this Request to the extent it

21   seeks documents that are not within Shapiro's possession, custody, or control. Shapiro further

22   objects to this Request as duplicative of Request No. 60 to Endeavor. Endeavor has been actively

23   meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly

24   seeks to bypass party discovery.

25       Shapiro will not produce documents in response to this Request.

26   **REQUEST FOR PRODUCTION NO. 77:**

27       Documents sufficient to identify each of Your Employees or agents involved in approving

28   or negotiating the terms of each of Your Agreements with any Professional MMA Fighters.

1    **RESPONSE TO REQUEST NO. 77:**

2          In addition to the General Objections set forth above, Shapiro objects to this Request as

3    overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

4    calculated to lead to the discovery of relevant or admissible evidence, including because it calls

5    for documents over an ten year period, extending beyond the time period relevant to this Action,

6    and it is not limited in scope to agreement terms related to the claims or defenses at issue in this

7    Action, including the lack of specificity regarding the subject of any "Agreements with any

8    Professional MMA Fighters." Shapiro further objects to this Request to the extent it purports to

9    require Shapiro to do anything beyond conducting a reasonable search for nonobjectionable, non-

10   privileged, responsive documents and data. Shapiro further objects to this Request as it is

11   duplicative of Request No. 61 to Endeavor. Shapiro and his employer, Endeavor, are not alleged

12   to have had any agreements with any professional MMA fighters that are relevant to this Action.

13   Shapiro further objects to this Request as duplicative of Request No. 61 to Endeavor. Endeavor

14   has been actively meeting and conferring with Plaintiffs over this same Request, and thus this

15   Request improperly seeks to bypass party discovery.

16         Shapiro will not produce documents in response to this Request.

17   **REQUEST FOR PRODUCTION NO. 78:**

18         All Documents and Communications relating to any Agreements between You and any

19   other MMA Promoter (past or present) relating to a Professional MMA Fighter's services,

20   including without limitation all executed Agreements (and any amendments thereto), draft

21   Agreements, and all Documents and Communications relating to the negotiation of such

22   agreements, regardless of whether an Agreement was executed.

23   **RESPONSE TO REQUEST NO. 78:**

24         In addition to the General Objections set forth above, Shapiro objects that this Request is

25   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

26   calculated to lead to the discovery of relevant or admissible evidence, including because its request

27   for "all executed Agreements (and any amendments thereto)" with past or present MMA Promoters

28   over a period of a ten years extends beyond the time period relevant to this Action and is not

1    limited in scope to documents related to the claims and defenses at issue in this Action. Shapiro

2    also objects to this Request as seeking documents and information relating to fighters who would

3    not be part of the putative class and, thus, would have no likelihood of leading to the discovery of

4    relevant or admissible evidence. Shapiro further objects to the extent this Request calls for

5    documents protected from disclosure by the attorney-client privilege, work-product doctrine, or

6    any other applicable privilege. Shapiro further objects to this Request to the extent it seeks

7    documents that are not within Shapiro's possession, custody, or control. Shapiro and his employer,

8    Endeavor, are not alleged to have had any agreements with any MMA promoter (other than Zuffa)

9    that are relevant to this Action. Shapiro further objects to this Request as duplicative of Request

10   No. 62 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this

11   same Request, and thus this Request improperly seeks to bypass party discovery.

12         Shapiro will not produce documents in response to this Request.

13   **REQUEST FOR PRODUCTION NO. 79:**

14         Documents sufficient to identify each of Your Employees or agents involved in approving

15   or negotiating the terms of any Agreements or potential Agreements with any other MMA

16   Promoter (past or present) relating to the provision of Professional MMA Fighter services.

17   **RESPONSE TO REQUEST NO. 79:**

18         In addition to the General Objections set forth above, Shapiro objects that this Request is

19   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

20   calculated to lead to the discovery of relevant or admissible evidence, including because it seeks

21   documents relating to each employee over an ten year, extending beyond the time period relevant

22   to this Action, and it is not limited to documents related to individuals who may have some role in

23   the claims or defenses in this Action. Shapiro also objects that the phrase "potential Agreements"

24   is vague, ambiguous, and confusing. Shapiro further objects to this Request to the extent it purports

25   to require Shapiro to do anything beyond conducting a reasonable search for non-objectionable,

26   non-privileged, responsive documents and data. Shapiro further objects to this Request to the

27   extent it seeks documents that are not within Shapiro's possession, custody, or control. Shapiro

28   and his employer, Endeavor, are not alleged to have had any agreements with any MMA promoter

1    (other than Zuffa) that are relevant to this Action. Shapiro further objects to this Request as

2    duplicative of Request No. 63 to Endeavor. Endeavor has been actively meeting and conferring

3    with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

4    discovery.

5        Shapiro will not produce documents in response to this Request.

6    **REQUEST FOR PRODUCTION NO. 80:**

7        All Documents and Communications constituting or relating to Agreements between You

8    and any broadcaster of professional MMA events (including PPV and non-PPV Professional

9    MMA Events), including without limitation all executed Agreements (and any amendments

10   thereto), draft Agreements, and all Documents and Communications relating to the negotiation of

11   such Agreements, Documents and Communications analyzing the terms of any actual or potential

12   such Agreement, regardless of whether an Agreement was executed.

13   **RESPONSE TO REQUEST NO. 80:**

14       In addition to the General Objections set forth above, Shapiro objects that this Request is

15   overbroad, unduly burdensome, not proportional to the needs of the case, and seeks documents

16   that have no likelihood of leading to the discovery of relevant or admissible evidence, including

17   because it calls for "All Documents and Communications" over a ten year period, extending

18   beyond the time period relevant to this Action. Shapiro further objects that the phrases "analyzing"

19   and "potential such Agreement" are vague, ambiguous, and confusing. Shapiro further objects to

20   the extent this Request calls for documents protected from disclosure by the attorney-client

21   privilege, work-product doctrine, or any other applicable privilege. Plaintiffs have neither asserted

22   a monopolization claim in this Action, nor alleged any anticompetitive conduct in connection with

23   Endeavor's broadcasting agreements, if any, and thus this Request is purely an impermissible

24   fishing expedition into irrelevant materials. Shapiro further objects to this Request to the extent it

25   seeks documents that are not within Shapiro's possession, custody, or control. Shapiro further

26   objects to this Request as duplicative of Request No. 64 to Endeavor. Endeavor has been actively

27   meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly

28   seeks to bypass party discovery.

1    Shapiro will not produce documents in response to this Request.

2    **REQUEST FOR PRODUCTION NO. 81:**

3    Documents sufficient to identify each of Your Employees and agents involved in approving

4    or negotiating the terms of any Agreements or potential Agreements with any broadcaster of

5    Professional MMA Events (including PPV).

6    **RESPONSE TO REQUEST NO. 81:**

7    In addition to the General Objections set forth above, Shapiro objects to this Request as

8    overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

9    calculated to lead to the discovery of relevant or admissible evidence, including because it calls

10   for documents related to "any Agreements" over a ten year period, extending beyond the time

11   period relevant to this Action, and it is not limited to documents related to individuals who may

12   have had some role in the claims and/or defenses at issue in this Action. Shapiro also objects to

13   the phrase "potential Agreements" as vague, ambiguous, and confusing. Shapiro further objects to

14   this Request to the extent it purports to require Shapiro to do anything beyond conducting a

15   reasonable search for non-objectionable, non-privileged, responsive documents and data. Shapiro

16   further objects to this Request to the extent it seeks documents that are not within Shapiro's

17   possession, custody, or control. Shapiro further objects to this Request as duplicative of Request

18   No. 65 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this

19   same Request, and thus this Request improperly seeks to bypass party discovery.

20   Shapiro will not produce documents in response to this Request.

21   **REQUEST FOR PRODUCTION NO. 82**

22   All Documents and Communications relating to Agreements between You and any

23   sponsors of the UFC or of the Professional MMA Fighters under contract with the UFC, including

24   without limitation all executed Agreements (and any amendments thereto), draft Agreements, and

25   all Documents and Communications relating to the negotiation of such Agreements, regardless of

26   whether an Agreement was executed.

27   **RESPONSE TO REQUEST NO. 82:**

28   In addition to the General Objections set forth above, Shapiro objects that this Request is

1    overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

2    calculated to lead to the discovery of relevant or admissible evidence, including because it asks for

3    "All Documents and Communications" relating to all agreements with sponsors over a ten year

4    period, extending beyond the time period relevant to this Action, and it is not limited in scope to

5    documents relating to the claims and defenses at issue in this Action. Shapiro also objects to this

6    Request as seeking documents and information relating to fighters who would not be members of

7    the putative class and, thus, would have no likelihood of leading to the discovery of relevant or

8    admissible evidence. Shapiro further objects to the extent this Request calls for documents

9    protected from disclosure by the attorney-client privilege, workproduct doctrine, or any other

10   applicable privilege. Plaintiffs have neither asserted a monopolization claim in this Action, nor

11   alleged any anticompetitive conduct in connection with Endeavor's sponsorship agreements, if

12   any, and thus this Request is purely an impermissible fishing expedition into irrelevant materials.

13   Shapiro further objects to this Request to the extent it seeks documents that are not within Shapiro's

14   possession, custody, or control. Shapiro further objects to this Request as duplicative of Request

15   No. 66 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this

16   same Request, and thus this Request improperly seeks to bypass party discovery.

17         Shapiro will not produce documents in response to this Request.

18   **REQUEST FOR PRODUCTION NO. 83:**

19         Documents sufficient to identify each of Your Employees and/or agents involved in

20   approving or negotiating the terms of any Agreements or potential Agreements with any sponsors

21   of the UFC or the Professional MMA Fighters under contract with the UFC.

22   **RESPONSE TO REQUEST NO. 83:**

23         In addition to the General Objections set forth about, Shapiro objects to this Request as

24   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

25   calculated to lead to the discovery of relevant or admissible evidence, including because it requests

26   identification of all employees over a ten year period, extending beyond the time period relevant

27   to this Action, and it is not limited in scope to documents relating to the claims and defenses at

28   issue in this Action. Plaintiffs have neither asserted a monopolization claim in this Action, nor

1   alleged any anticompetitive conduct in connection with Endeavor's sponsorship agreements, if

2   any, and thus this Request is purely an impermissible fishing expedition into irrelevant materials.

3   Shapiro further objects to this Request to the extent it purports to require Shapiro to do anything

4   beyond conducting a reasonable search for nonobjectionable, non-privileged, responsive

5   documents and data. Shapiro further objects to this Request to the extent it seeks documents that

6   are not within Shapiro's possession, custody, or control. Shapiro further objects to this Request as

7   duplicative of Request No. 67 to Endeavor. Endeavor has been actively meeting and conferring

8   with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

9   discovery.

10      Shapiro will not produce documents in response to this Request.

11  **REQUEST FOR PRODUCTION NO. 84:**

12      All Documents referencing or relating to the ability of any UFC Fighter to switch to and/or

13  fight for, an actual or potential rival promotion. Responsive Documents include, but are not limited

14  to, Documents referencing or relating to the costs to UFC Fighters and/or their managers or

15  promoters associated with such a switch, any requirements or obligations imposed by a contract

16  between the UFC and UFC Fighters, and/or Documents concerning communications or

17  negotiations between the UFC and UFC Fighters with respect to a switch or potential switch from

18  the UFC to a rival MMA Promoter.

19  **RESPONSE TO REQUEST NO. 84:**

20      In addition to the General Objections set forth above, Shapiro objects to this Request as

21  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

22  calculated to the discovery of relevant or admissible evidence, including because it calls for "All

23  Documents" over an a ten year period, extending beyond the time period relevant to this Action.

24  Shapiro also objects that the phrase "switch to and/or fight for" as used in this Request is vague

25  and ambiguous. Shapiro further objects to this Request as seeking documents and information

26  relating to fighters who would not be members of the putative class and, thus, would have no

27  likelihood of leading to the discovery of relevant or admissible evidence. Shapiro further objects

28  to this Request to the extent that it is duplicative of Request No. 61 to Zuffa, including to the extent

1    it seeks agreements between the UFC and UFC Fighters. Shapiro further objects to this Request

2    as duplicative of Request No. 68 to Endeavor. Endeavor has been actively meeting and conferring

3    with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

4    discovery.

5        Shapiro will not produce documents in response to this Request.

6    **REQUEST FOR PRODUCTION NO. 85:**

7        All communications between you and anyone else referencing or relating to this lawsuit or

8    Le, et al. v. Zuffa, LLC, 2:21-cv-1189-RFB-BNW (D. Nev.), or any of the named plaintiffs in

9    either of those cases, exclusive of any communications protected by the Attorney/Client Privilege.

10   **RESPONSE TO REQUEST NO. 85:**

11       In addition to the General Objections set forth above, Shapiro objects that this Request is

12   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

13   calculated to lead to the discovery of relevant or admissible evidence, including because it requests

14   "All Communications" and does not limit the scope of its request to communications relating to

15   any of the named plaintiffs in this Action, to the claims and defenses at issue in this Action, or to

16   the time period of the allegations in this Action. Shapiro further objects that this Request is

17   unintelligible and cannot be responded to because the case citation refers to a case name that is

18   different from the case number cited. Shapiro further objects to this Request to the extent it seeks

19   documents that are not within Shapiro's possession, custody, or control. Shapiro further objects to

20   this Request as duplicative of Request No. 69 to Endeavor. Endeavor has been actively meeting

21   and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to

22   bypass party discovery.

23       Shapiro will not produce documents in response to this Request.

24   **REQUEST FOR PRODUCTION NO. 86:**

25       All Documents referencing or relating to indemnification or defense (corporate or

26   individual), judgment sharing, joint defense, liability or responsibility for judgment in this action,

27   for You and any of your officers, including by way of example not limitation, indemnity

28

1   Agreements, joint defense Agreements, judgment sharing Agreements, tenders of defense, denials

2   or reservations of rights.

3   **RESPONSE TO REQUEST NO. 86:**

4           In addition to the General Objections set forth above, Shapiro objects to this Response as

5   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

6   calculated to lead to the discovery of relevant or admissible evidence, including because it requests

7   "All Documents" over a ten year period, extending beyond the time period relevant to this Action,

8   and it is not limited in scope to documents relating to the claims and defenses at issue in this

9   Action. Shapiro further objects because the phrases "indemnification or defense (corporate or

10  individual)" and "by way of example not limitation" are unintelligible as written. Shapiro further

11  objects to this Request to the extent it seeks documents that are not within Shapiro's possession,

12  custody, or control. Shapiro further objects to this Request as duplicative of Request No. 70 to

13  Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same

14  Request, and thus this Request improperly seeks to bypass party discovery.

15          Shapiro will not produce documents in response to this Request.

16  **REQUEST FOR PRODUCTION NO. 87:**

17          All Documents referencing or relating to any websites operated by You or on Your behalf,

18  including Documents sufficient to show who had responsibility for creating, maintaining, and

19  adding or deleting content (including any private messaging) to or from such websites.

20  **RESPONSE TO REQUEST NO. 87:**

21          In addition to the General Objections set forth above, Shapiro objects that this Request is

22  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

23  calculated to lead to the discovery of relevant or admissible evidence, including because it requests

24  "All Documents" over a ten year period, extending beyond the time period relevant to this Action,

25  and does not limit the scope of the Request to documents relating to the claims and defenses at

26  issue in this Action. Plaintiffs' Request seeking "All Documents" referencing or relating to "any

27  website operated by You or on Your behalf" for a ten years would require Shapiro to produce a

28  burdensome, unreasonable, and disproportionate number of documents, many of which would be

1  far outside the scope of this Action and have no likelihood of leading to the discovery of relevant

2  or admissible evidence. Shapiro also objects that the phrases "maintaining" and "on Your behalf"

3  as used in this Request are vague and ambiguous. Shapiro further objects to this Request to the

4  extent it seeks documents that are not within Shapiro's possession, custody, or control. Shapiro

5  further objects to this Request as duplicative of Request No. 71 to Endeavor. Endeavor has been

6  actively meeting and conferring with Plaintiffs over this same Request, and thus this Request

7  improperly seeks to bypass party discovery.

8       Shapiro will not produce documents in response to this Request.

9  **REQUEST FOR PRODUCTION NO. 88:**

10      Documents sufficient to identify each Person responsible for any Social Media account

11 operated by or on behalf of Zuffa, including documents sufficient to show who had responsibility

12 for creating, maintaining, and adding or deleting content (including any private messaging) to or

13 from such Social Media accounts.

14 **RESPONSE TO REQUEST NO. 88:**

15      In addition to the General Objections set forth above, Shapiro objects to this Request as

16 overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

17 calculated to lead to the discovery of relevant or admissible evidence. Shapiro further objects to

18 the phrases "on behalf of Zuffa" and "maintaining" as vague and ambiguous. Shapiro further

19 objects to this Request to the extent it purports to require Shapiro to do anything beyond conducting

20 a reasonable search for non-objectionable, non-privileged, responsive documents and data.

21 Shapiro further objects to this Request to the extent it seeks documents that are not within Shapiro's

22 possession, custody, or control. Shapiro further objects to this Request as duplicative of Request

23 No. 72 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this

24 same Request, and thus this Request improperly seeks to bypass party discovery.

25      Shapiro will not produce documents in response to this Request.

26 **REQUEST FOR PRODUCTION NO. 89:**

27      All contracts or Agreements between the UFC and any Social Media organization.

28

1    **RESPONSE TO REQUEST NO. 89:**

2         In addition to the General Objections, Shapiro objects that this Request is overbroad to the

3    extent that it calls for "All contracts or Agreements" over a ten year time period, extending beyond

4    the time period relevant to this Action, and does not limit the agreements to issues relevant to the

5    claims or defenses at issue in this Action and thus is not reasonably calculated to lead to the

6    discovery of relevant or admissible evidence. Shapiro also objects that this Request is not

7    proportional to the needs of the case. Shapiro further objects to this Request to the extent it seeks

8    documents that are not within Shapiro's possession, custody, or control. Shapiro further objects to

9    this Request as duplicative of Request No. 73 to Endeavor. Endeavor has been actively meeting

10   and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to

11   bypass party discovery.

12        Shapiro will not produce documents in response to this Request.

13   **REQUEST FOR PRODUCTION NO. 90:**

14        All Documents and Communications relating to any content posted to any website or Social

15   Media relating to UFC Professional MMA Bouts, including Pre-Bout Event promotional content

16   and Post-Bout Event content.

17   **RESPONSE TO REQUEST NO. 90:**

18        In addition to the General Objections set forth above, Shapiro objects that this Request is

19   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

20   calculated to lead to the discovery of relevant or admissible evidence, including because it calls

21   for "All Documents and Communications" relating to "any content posted to any website" over a

22   ten year time period, extending beyond the time period relevant to this Action, it is not limited in

23   scope to documents related to the claims and defenses at issue in this Action, and it is not limited

24   to websites controlled by Shapiro or his employer, Endeavor, or statements made by Shapiro acting

25   in his capacity as an Endeavor employee. Shapiro further objects to this Request to the extent that

26   it seeks public information—including information in Plaintiffs' control—that is readily accessible

27   by Plaintiffs and which should be collected by Plaintiffs under the reasonableness and

28   proportionality standards set forth in the Federal Rules of Civil Procedure. Shapiro further objects

NON-PARTY MARK SHAPIRO'S RESPONSES
AND OBJECTIONS TO PLAINTIFFS' SUBPOENA
Case No. 21-cv-01189-RFB-BNW

1    to this Request to the extent it seeks documents that are not within Shapiro's possession, custody,

2    or control. Shapiro further objects to this Request as duplicative of Request No. 74 to Endeavor.

3    Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and

4    thus this Request improperly seeks to bypass party discovery.

5        Shapiro will not produce documents in response to this Request.

6    **REQUEST FOR PRODUCTION NO. 91:**

7        All Documents, including any content posted to any website or Social Media, referencing

8    or relating to the Professional MMA Fighters under contract with the UFC.

9    **RESPONSE TO REQUEST NO. 91:**

10        In addition to the General Objections set forth above, Shapiro objects that this Request, as

11    phrased, is overbroad, unduly burdensome, not proportional to the needs of the case, and not

12    reasonably calculated to lead to the discovery of relevant or admissible evidence, including

13    because it calls for "All Documents" referencing or relating to "Professional MMA Fighters under

14    contract with the UFC" over a ten year time period, extending beyond the time period relevant to

15    this Action, and it is not limited in scope to documents relating to the claims and defenses at issue

16    in this Action. To the extent this Request calls for "content posted to any website or Social Media,"

17    Shapiro objects that it is not limited to website or Social Media controlled by Shapiro, or his

18    employer, Endeavor, or statements made by Shapiro acting in his capacity as an Endeavor

19    employee. Shapiro further objects that this Request seeks public information—including

20    information in Plaintiffs' control—that is readily accessible by Plaintiffs and which should be

21    collected by Plaintiffs under the reasonableness and proportionality standards set forth in the

22    Federal Rules of Civil Procedure. Shapiro further objects to this Request to the extent it purports

23    to require Shapiro to maintain information removed or deleted from website and/or Social Media

24    prior to the filing of this lawsuit. Shapiro further objects to this Request as seeking documents and

25    information relating to fighters who would not be part of the putative class and, thus, would have

26    no likelihood of leading to the discovery of relevant or admissible evidence. Shapiro further objects

27    to this Request to the extent it seeks documents that are not within Shapiro's possession, custody,

28    or control. Shapiro further objects to this Request as duplicative of Request No. 75 to Endeavor.

1  Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and

2  thus this Request improperly seeks to bypass party discovery.

3      Shapiro will not produce documents in response to this Request.

4  **REQUEST FOR PRODUCTION NO. 92**

5      All Documents, including any content posted to any website or Social Media, referencing

6  or relating to any Professional MMA Fighters not under contract with the UFC.

7  **RESPONSE TO REQUEST NO. 92:**

8      In addition to the General Objections set forth above, Shapiro objects that this Request is

9  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

10  calculated to lead to the discovery of relevant or admissible evidence, including because it calls

11  for "All Documents" referencing or relating to "Professional MMA Fighters not under contract

12  with the UFC" over a ten year time period, which extends beyond the time period relevant to this

13  Action, and it is not limited to documents relating to the claims and defenses at issue in this Action.

14  To the extent this Request calls for "content posted to any website or Social Media," Shapiro

15  objects that it is not limited to a website or Social Media controlled by Shapiro, or his employer,

16  Endeavor, or statements made by Shapiro acting in his capacity as an Endeavor employee. Shapiro

17  further objects that this Request seeks public information—including information in Plaintiffs'

18  control—that is readily accessible by Plaintiffs and which should be collected by Plaintiffs under

19  the reasonableness and proportionality standards set forth in the Federal Rules of Civil Procedure.

20  Shapiro further objects to this Request to the extent it purports to require Shapiro to maintain

21  information removed or deleted from any website and/or Social Media prior to the filing of this

22  lawsuit. Shapiro further objects to this Request to the extent it seeks documents that are not within

23  Shapiro's possession, custody, or control. Shapiro further objects to this Request as duplicative of

24  Request No. 76 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs

25  over this same Request, and thus this Request improperly seeks to bypass party discovery.

26      Shapiro will not produce documents in response to this Request.

27  **REQUEST FOR PRODUCTION NO. 93:**

28      All Documents, including any content posted to any website or Social Media, referencing

1   or relating to any other MMA promoter, including without limitation any references to UFC's

2   acquisition or potential acquisition of any other MMA promoter.

3   **RESPONSE TO REQUEST NO. 93:**

4          In addition to the General Objections set forth above, Shapiro objects that this Request is

5   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

6   calculated to lead to the discovery of relevant or admissible evidence, including because it requests

7   "All Documents" "referencing or relating to any other MMA promoter" over a ten yea time period,

8   which extends beyond the time period relevant to this Action and it is not limited to documents

9   relating to the claims and defenses at issue in this Action. To the extent this Request calls for

10  "content posted to any website or Social Media," Shapiro objects that it is not limited to a website

11  or Social Media controlled by Shapiro, or his employer, Endeavor or statements made by Shapiro

12  acting in his capacity as an Endeavor employee. Shapiro further objects to this Request to the

13  extent that it seeks public information—including information in Plaintiffs' control—that is readily

14  accessible by Plaintiffs and which should be collected by Plaintiffs under the reasonableness and

15  proportionality standards set forth in the Federal Rules of Civil Procedure. Shapiro further objects

16  to this Request to the extent it seeks documents that are not within Shapiro's possession, custody,

17  or control. Shapiro further objects to this Request as duplicative of Request No. 77 to Endeavor.

18  Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and

19  thus this Request improperly seeks to bypass party discovery.

20         Shapiro will not produce documents in response to this Request.

21  **REQUEST FOR PRODUCTION NO. 94:**

22         All Documents referencing or relating to Zuffa's registration with any regulatory bodies

23  governing the MMA industry. Include all Documents referencing or relating to any suspensions of

24  Zuffa for any reason by any government agency or any Person responsible for regulation,

25  supervision, licensing, permitting or safety of Professional MMA Bouts and Professional MMA

26  Fighters.

27  **RESPONSE TO REQUEST NO. 94:**

28         In addition to the General Objections set forth above, Shapiro objects to this Request as

1   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

2   calculated to lead to the discovery of relevant or admissible evidence, including because it seeks

3   "All Documents" over a ten year time period, which extends beyond the time period relevant to

4   this Action, and it is not limited to documents related to the claims and defenses at issue in this

5   Action. Shapiro further objects to this Request to the extent it seeks documents that are not within

6   Shapiro's possession, custody, or control. Shapiro further objects to this Request as duplicative of

7   Request No. 78 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs

8   over this same Request, and thus this Request improperly seeks to bypass party discovery.

9        Shapiro will not produce documents in response to this Request.

10   **REQUEST FOR PRODUCTION NO. 95:**

11        All Documents and Communications relating to Meetings or the business of Your Board

12   of Directors, including without limitation all agendas, minutes, presentations, Agreements, and

13   resolutions created by or for the Board of Directors, and including all Documents and

14   Communications directed to and presented by management or outside professionals, which address

15   capital raises, business combinations, dividends and any other executive compensation matters.

16   **RESPONSE TO REQUEST NO. 95:**

17        In addition to the General Objections set forth above, Shapiro objects to this Request as

18   overboard, unduly burdensome, not proportional to the needs of the case, and not reasonably

19   calculated to lead to the discovery of relevant or admissible evidence, including because it seeks

20   "All Documents and Communications" over a ten year time period, extending beyond the time

21   period relevant to this Action, and it is not limited to documents related to the claims and defenses

22   at issue in this Action. Shapiro also objects that the phrase "directed to and presented by

23   management and outside professionals" is vague and ambiguous. Shapiro further objects to this

24   Request to the extent it seeks documents that are not within Shapiro's possession, custody, or

25   control. Shapiro further objects to this Request as duplicative of Request No. 79 to Endeavor.

26   Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and

27   thus this Request improperly seeks to bypass party discovery.

28        Shapiro will not produce documents in response to this Request.

1 **REQUEST FOR PRODUCTION NO. 96:**

2      All Documents and Communications reflecting or relating to Your relationship with

3 Mubadala Investment Company, Khaldoon Al Mubarak, or any other executive, employee, agent,

4 or representative of Mubadala Investment Company, including without limitation all Documents

5 and Communications reflecting or relating to any financial transactions between You and

6 Mubadala, including without limitation any loans, purchases of equity or other ownership shares,

7 purchases of any debt, the provision of any gifts or any other unilateral provision of anything of

8 value, or any other transfer or exchange involving capital and/or anything of value.

9 **RESPONSE TO REQUEST NO. 96:**

10      In addition to the General Objections set forth above, Shapiro objects to this Request as

11 overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

12 calculated to lead to the discovery of relevant or admissible evidence, including because it calls

13 for "All Documents and Communications" over a ten year period, extending beyond the time

14 period relevant to this Action, and it is not limited in scope to documents relating to the claims and

15 defenses at issue in this Action. Shapiro also objects that the phrases "reflecting or relating to Your

16 relationship," "unilateral provision of anything of value," and "transfer or exchange involving...

17 anything of value" are vague and ambiguous. Shapiro further objects to this Request to the extent

18 it seeks documents that are not within Shapiro's possession, custody, or control. Shapiro further

19 objects to this Request as duplicative of Request No. 80 to Endeavor. Endeavor has been actively

20 meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly

21 seeks to bypass party discovery.

22      Shapiro will not produce documents in response to this Request.

23 **REQUEST FOR PRODUCTION NO. 97:**

24      All Documents and Communications relating to the production of any Professional MMA

25 Event in or on any location owned or controlled by Abu Dhabi, United Arab Emirates.

26 **RESPONSE TO REQUEST NO. 97:**

27      In addition to the General Objections set forth above, Shapiro objects to this Request as

28 overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

1    calculated to lead to the discovery of relevant or admissible evidence, including because it calls

2    for "All Documents and Communications relating to the production of any Professional MMA

3    event" over a ten year time period, extending beyond the time period relevant to this Action, and

4    it is not limited in scope to documents relating to the claims and defenses at issue in this Action.

5    Shapiro also objects that the phrases "the production of" and "or controlled by" are vague and

6    ambiguous. Shapiro further objects to this Request to the extent it seeks documents that are not

7    within Shapiro's possession, custody, or control. Shapiro further objects to this Request as

8    duplicative of Request No. 81 to Endeavor. Endeavor has been actively meeting and conferring

9    with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

10   discovery.

11          Shapiro will not produce documents in response to this Request.

12   **REQUEST FOR PRODUCTION NO. 98:**

13          All Communications between You and Silver Lake Group, LLC ("SLP"), including any of

14   its predecessors, successors, affiliates, or any Person SLP manages or controls, along with their

15   executives, employees, agents, or representatives, relating to the acquisition of Zuffa, LLC or the

16   merger of Zuffa Parent LLC with World Wrestling Entertainment.

17   **RESPONSE TO REQUEST NO. 98:**

18          In addition to the General Objections set forth above, Shapiro objects to this Request as

19   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

20   calculated to lead to the discovery of relevant or admissible evidence, including because it calls

21   for material beyond the time period relevant to this Action and is unrelated to the claims and

22   defenses at issue in this Action (which does not concern any acquisition or merger of Zuffa) by

23   requesting "All Communications" with a third party relating to the acquisition of Zuffa or the

24   merger of Zuffa Parent LLC with World Wrestling Entertainment. Shapiro also objects that the

25   phrase "predecessors, successors, affiliates, or any Person SLP manages or controls" is vague and

26   ambiguous. Shapiro further objects to this Request to the extent it seeks documents that are not

27   within Shapiro's possession, custody, or control. Shapiro further objects to this Request as

28   duplicative of Request No. 82 to Endeavor. Endeavor has been actively meeting and conferring

1 | with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

2 | discovery.

3 |      Shapiro will not produce documents in response to this Request.

4 | **REQUEST FOR PRODUCTION NO. 99:**

5 |      All Communications between You and Kohlberg Kravis Roberts & Co. ("KKR"),

6 | including any of its predecessors, successors, affiliates, or any Person KKR manages or controls,

7 | along with their executives, employees, agents, or representatives, relating to the acquisition of

8 | Zuffa, LLC or the merger of Zuffa Parent LLC with World Wrestling Entertainment.

9 | **RESPONSE TO REQUEST NO. 99:**

10 |      In addition to the General Objections set forth above, Shapiro objects to this Request as

11 | overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

12 | calculated to lead to the discovery of relevant or admissible evidence, including because it calls

13 | for material beyond the time period relevant to this Action and unrelated to the claims and defenses

14 | at issue in this Action (which does not concern any acquisition or merger of Zuffa) by requesting

15 | "All Communications" with a third party relating to the acquisition of Zuffa or the merger of Zuffa

16 | Parent LLC with World Wrestling Entertainment. Shapiro also objects that the phrase

17 | "predecessors, successors, affiliates, or any Person KKR manages or controls" is vague and

18 | ambiguous. Shapiro further objects to this Request to the extent it seeks documents that are not

19 | within Shapiro's possession, custody, or control. Shapiro further objects to this Request as

20 | duplicative of Request No. 83 to Endeavor. Endeavor has been actively meeting and conferring

21 | with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

22 | discovery.

23 |      Shapiro will not produce documents in response to this Request.

24 | **REQUEST FOR PRODUCTION NO. 100:**

25 |      All Communications between You and MSD Capital, L.P. ("MSD") or its successor DFO

26 | Management ("DFO"), including any of its predecessors, successors, affiliates, or any Person

27 | MSD or DFO manages or controls, along with their executives, employees, agents, or

28 |

1    representatives, relating to the acquisition of Zuffa, LLC or the merger of Zuffa Parent LLC with

2    World Wrestling Entertainment.

3    **RESPONSE TO REQUEST NO. 100:**

4           In addition to the General Objections set forth above, Shapiro objects to this Request as

5    overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

6    calculated to lead to the discovery of relevant or admissible evidence, including because it calls

7    for material beyond the time period relevant to this Action and unrelated to the claims and defenses

8    at issue in this Action (which does not concern any acquisition or merger of Zuffa) by requesting

9    "All Communications" with a third party relating to the acquisition of Zuffa or the merger of Zuffa

10   Parent LLC with World Wrestling Entertainment. Shapiro also objects that the phrase

11   "predecessors, successors, affiliates, or any Person MSD or DFO manages or controls" is vague

12   and ambiguous. Shapiro further objects to this Request to the extent it seeks documents that are

13   not within Shapiro's possession, custody, or control. Shapiro further objects to this Request as

14   duplicative of Request No. 84 to Endeavor. Endeavor has been actively meeting and conferring

15   with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

16   discovery.

17          Shapiro will not produce documents in response to this Request.

18

19

20

21

22

23

24

25

26

27

28

1    Dated: April 2, 2025                          Respectfully Submitted,

2                                                  /s/ *Christopher S. Yates*
     WILLIAM A. ISAACSON (*Pro hac vice*)          CHRISTOPHER S. YATES (*Pro hac vice*)
3    wisaacson@paulweiss.com                       chris.yates@lw.com
     KAREN L. DUNN (*Pro hac vice*)                AARON T. CHIU (*Pro hac vice*)
4    ldunn@paulweiss.com                           aaron.chiu@lw.com
     JESSICA PHILLIPS (*Pro hac vice*)             LATHAM & WATKINS LLP
5    jphillips@paulweiss.com                       505 Montgomery Street, Suite 2000
     PAUL, WEISS, RIFKIND, WHARTON &               San Francisco, CA 94111
6    GARRISON LLP                                  Tel: (415) 395-8095
     2001 K Street, NW
7    Washington, DC 20006                          SEAN M. BERKOWITZ (*Pro hac vice*)
                                                   sean.berkowitz@lw.com
8    BRETTE M. TANNENBAUM (*Pro hac vice*)         LATHAM & WATKINS LLP
     btannenbaum@paulweiss.com                     330 North Wabash Ave, Suite 2800
9    YOTAM BARKAI (*Pro hac vice*)                 Chicago, IL 60611
     ybarkai@paulweiss.com
10   PAUL, WEISS, RIFKIND, WHARTON &               LAURA WASHINGTON (*Pro hac vice*)
     GARRISON LLP                                  laura.washington@lw.com
11   1285 Avenue of the Americas                   LATHAM & WATKINS LLP
     New York, NY 10019                            10250 Constellation Blvd, Suite 1100
12                                                 Los Angeles, CA 90067
     DONALD J. CAMPBELL (No. 1216)
13   djc@campbellandwilliams.com                   DAVID L. JOHNSON (*Pro hac vice*)
     J. COLBY WILLIAMS (No. 5549)                  david.johnson@lw.com
14   jcw@campbellandwilliams.com                   LATHAM & WATKINS LLP
     CAMPBELL & WILLIAMS                           555 Eleventh Street NW, Suite 1000
15   700 South 7th Street                          Washington, D.C. 20004
     Las Vegas, Nevada 89101
16   Tel: (702) 382-5222

17   *Attorneys for Defendants Zuffa, LLC, TKO Operating Company, and Endeavor Group Holdings, Inc.*

18

19

20

21

22

23

24

25

26

27

28