# EXHIBIT 7

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of Nevada

| | |
|---|---|
| Johnson et al | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No.   2:21-cv-01189-RFB-BNW |
| Zuffa, LLC dba Ultimate Fighting Championship et al | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                    Andrew Schleimer

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A.

| Place: Your offices or another mutually agreeable location, including electronically. | Date and Time:<br><br>04/17/2025 5:00 pm |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      03/18/2025

|  *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ | /s/ Joseph R. Saveri |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Plaintiffs
_____ , who issues or requests this subpoena, are:

Joseph R. Saveri, 601 California Street, #1505, San Francisco, CA 94108, (415) 500-6800, jsaveri@saverilawfirm.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.    2:21-cv-01189-RFB-BNW

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____    on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                         *Server's signature*

                                                   _____
                                                         *Printed name and title*

                                                   _____
                                                         *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

**I.    DEFINITIONS**

1.  The following rules of construction should apply to all discovery requests:

    a)  "**All**" should be construed to include the collective as well as the singular and shall mean "each," "any," and "every."

    b)  "**And**" and "**or**" should be construed so as to require the broadest possible response. If, for example, a request calls for information about "A or B" or "A and B," You should produce all information about A and all information about B, as well as all information about A and B collectively. In other words, "or" and "and" should be read as "and/or."

    c)  "**Any**" shall be construed to mean "any and all."

    d)  "**Including**" shall be construed to mean "without limitation." "Including" is used to emphasize certain types of documents requested and should not be construed as limiting the request in any way.

    e)  "**Relating to**," "**referring to**," "**regarding**," or "**with respect to**" mean, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

    f)  The use of the singular form of any word includes the plural and vice versa.

    g)  Unless otherwise indicated, the use of the present tense of any verb shall be construed to include the past tense going back to the beginning of the Relevant Time Period, and the use of the past tense shall be construed to run from the beginning of the Relevant Time Period until the scheme alleged by Plaintiffs ends.

2.  "**Action**" means *Kajan Johnson, et al. v. Zuffa, LLC, et al.*, No. 2:21-cv-01189 (D. Nev.).

3.   "**Agreement**" means any oral or written contract, arrangement or understanding, whether formal or informal, between two or more persons, together with all modifications and amendments thereto.

4.   "**Communication**" means without limitation, oral or written communications of any kind, such as electronic communications, direct communications through social media (including without limitation direct messaging, instant messaging, chatting or emailing within a social media platform), facsimiles, telephone communications, correspondence, exchange of written or recorded information, or face-to-face meetings. The phrase "communication between" is defined to include instances where one party addresses the other party but the other party does not necessarily respond. The phrase "communication" includes all attachments to e-mail messages.

5.   "**Date**" means the exact day, month and year, if ascertainable, or the best available approximation, including any relationship to other known events (designate whether exact or approximate).

6.   "**Defendants**" means Zuffa and Endeavor as those terms are defined herein.

7.   "**Document(s)**" shall mean and include all "writings," "recordings" or "photographs" as those terms are defined in Federal Rule of Civil Procedure 34 and Rule 1001 of the Federal Rules of Evidence. Without limiting the generality of the foregoing, the term "Documents" includes both hard copy documents and electronically stored data files including but not limited to e-mail, instant messaging, social media content (including without limitation public content such as Tweets, YouTube submissions, Facebook posts, and posts to any public electronic billboard, as well as private content such as direct messaging, instant messaging, chats, and email), shared network files and databases. "Documents" also includes, without limitation and regardless of whether stored in hard copy or electronically, any letters, correspondence, memoranda, analyses, legal pleadings,

calendars, diaries, travel records, summaries, records of telephone conversations, telegrams, notes, reports, compilations, notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, audiotapes, film and sound reproductions, e-mails, internal or external web sites, audio or video discs data on magnetic or optical storage media (e.g., servers, storage area networks, interconnected remote servers (so-called "cloud computing"), hard drives, backup tapes, CDs, DVDs, Blu-ray, DVD-HD, USB/thumb/flash drives, floppy disks or any other type of portable storage device, etc.) stored as an "active" or backup file, in its native format, computer files, discs and drives, sales, advertising and promotional literature, agreements, stored recordings, minutes or other records of meetings, all written or graphic records or representations of any kind, and all mechanical or electronic data, records or representations of any kind.

8. "**Electronically Stored Information**," abbreviated as "**ESI**" has the same meaning and scope as it has in the Federal Rules of Civil Procedure and includes, without limitation, the following:

a) structured and unstructured data, as those terms are defined in The Sedona Conference Glossary, available at www.thesedonaconference.org/publications;

b) activity listings of electronic mail receipts and/or transmittals;

c) output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, text messages (SMS, MMS or TMS), iMessages, Blackberry Messenger (BBM), AOL Instant Messenger™ (or similar program), social media (including without limitation Twitter, LinkedIn, YouTube, Facebook, Instagram, and any other internet based messaging system) or bulletin board programs, operating

systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

d) any and all items stored on computer memories, hard disks, floppy disks, CD discs, DVD discs, flash drives, thumb drives, memory cards, magnetic tape, microfiche, off-site interconnected servers (so-called "cloud computing"), or in any other vehicle for digital data storage and/or transmittal, such as, but not limited to, a personal digital assistant (*e.g.*, Blackberry, Smart Phone or similar device) and file folder tabs, and/or containers and labels appended to, or relating to, any physical storage device associated with each original and/or copy of all documents requested herein;

e) any and all items stored on voice-mail systems, websites, company intranet sites, chat rooms and social networking websites (*e.g.*, Facebook, LinkedIn, Twitter, and social websites listed at http://en.wikipedia.org/wiki/List of social networking websites); and

f) any and all data, data compilations, and data analyses.

9. "**Employee**" means, without limitation, any current or former officer, director, executive, manager, member, secretary, staff member, consultant, messenger, agent or other person who is or was employed by a Person or entity.

10. "**Endeavor**" means Endeavor Group Holdings, Inc., and its executives, employees, agents, owners, and all predecessors, successors, subsidiaries, departments, divisions, and/or affiliates, including without limitation any organization or entity involved in the promotion, regulation, or support of MMA Events in which Endeavor owns a controlling share or which Endeavor manages or controls (including without limitation Endeavor Operating Company, LLC, TKO Operating Company, LLC (f/k/a Zuffa Parent, LLC), World Wrestling Entertainment, Inc., TKO Group

Holdings, Inc. (f/k/a New Whale Inc.), Whale Merger Sub Inc., Zuffa, LLC, and any parent of or successor to Zuffa, LLC), together with all present and former directors, members, officers, employees, agents, representatives or any persons acting or purporting to act on Endeavor's behalf.

11. "**Identify**," when used in reference to an individual employee, means to produce documents sufficient to identify: the person's full name, last known business and home address; date of birth; social security number; title or position and period of service in each such position; immediate supervisor in each position; business and home telephone numbers (including voice, cellular and facsimile phone numbers) assigned to or used by such person and the period during which such numbers were assigned to be used by that person; and business and home electronic mail identifiers and the period during which such identifiers were assigned to and used by that person.

12. "**Identity**" of a Professional MMA Fighter means that person's name, sobriquet, voice, persona, signature, likeness and/or biographical information.

13. "**Include**," "**Includes**," and "**Including**" shall be construed to mean "without limitation" and should not be construed as limiting the request in any way.

14. "**Meeting**" means, without limitation, any assembly, convocation, encounter, or contemporaneous presence of two or more persons for any purpose, whether planned or arranged, scheduled or not. Meeting attendees may be present in person or by electronic means including, but not limited to, teleconference and videoconference.

15. "**Merchandise**" means any apparel, footwear, hats, publications, posters, photographs, memorabilia, souvenirs, toys, collectibles, action figures, trading cards, video games, and any and all other similar type products, including the sleeves, jackets, and packaging for such products.

16. "**Merchandise Rights**" means the right to use, edit, disseminate, display, reproduce, print,

publish and make any other uses of the name, sobriquet, voice, persona, signature, likeness and/or biographical information (collectively, "Identity") of an MMA Fighter solely in connection with the development, manufacture, distribution, marketing and sale of Licensed Merchandise.

17. "**Mixed Martial Arts**" or "**MMA**" means a competitive individual sport in which competitors use interdisciplinary forms of martial arts that include, *e.g.*, jiu-jitsu, judo, karate, boxing, kickboxing, taekwondo, and/or wrestling to their strategic and tactical advantage in a supervised match. Scoring in live Professional MMA Bouts is based on athletic commission-approved definitions and rules for striking (blows with the hand, feet, knees or elbows) and grappling (submission holds, chokeholds, throws or takedowns).

18. "**MMA Fighter**" means any Person who participates as a combatant in an MMA bout.

19. "**MMA Industry**" means the business of promoting live MMA bouts and may also include the promotion of Pay-Per-View MMA events to generate Pay-Per-View revenues and ticket sales as well as ancillary activities such as: the sale of live and taped television programming, video-on-demand, merchandise (videos, DVDs, video games, apparel, hats, sporting equipment, etc.), event and fighter sponsorships, and the collection of MMA-related copyright and trademark royalties.

20. "**MMA Promoter**" or "**MMA Promotion**" means a person or entity that arranges **Professional MMA Events**.

21. "**Pay-Per-View**" or "**PPV**" means a "**Pay-Per-View**" or "**PPV**" means a type of pay television or broadcast service by which a subscriber of an Internet or television service provider can purchase events to view live via private telecast or Internet broadcast. The events are typically purchased live, but can also be purchased for several weeks after an event first airs. Events can be purchased using an on-screen guide, an automated telephone system, on the Internet or through a live customer service representative.

22. "**Person**" means, without limitation, any natural person, corporation, partnership, limited liability company, proprietorship, joint venture, trust, association, government entity, group or other form of legal entity.

23. "**Plaintiff(s)**" means Kajan Johnson, C.B. Dollaway and Tristen Connelly, and any named plaintiffs in any subsequently filed actions which are related to or consolidated with the Action in the court with jurisdiction over the cases.

24. "**Possession, Custody or Control**" when referring to Documents or other tangible objects means any Document or other tangible object You have access to regardless of whether You have actual possession of the document or other tangible object. This includes Documents You have the legal right to obtain or for which You have control over the person who has control of the Document, including without limitation Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or Your attorneys or their agents, employees, representatives or investigators.

25. "**Post-Bout Event**" means any interviews and press conferences that follow and relate to a Professional MMA Bout.

26. "**Pre-Bout Event**" means training, interviews, press conferences, weigh-ins and behind-the-scenes footage that precede, and relate to, a Professional MMA Bout.

27. "**Professional MMA Bout**" means a bout between two Professional MMA Fighters.

28. "**Professional MMA Event**" means one or more Professional MMA Bouts presented by an MMA Promoter before a live audience and/or for broadcast.

29. "**Professional MMA Fighter**" means an MMA Fighter who is compensated as a combatant in an MMA bout.

30. **Promotional Rights and Ancillary Rights Agreement**" means an Agreement between

Endeavor and a UFC Fighter regarding any combination of rights to site fees, live-gate receipts, advertising fees, sponsorship fees, motion pictures, all forms of radio, all forms of television (including live or delayed, interactive, home or theater, pay, PPV, satellite, closed circuit, cable, subscription, multi-point, master antenna, or other), telephone, wireless, computer, CD-ROM, DVD, any and all Internet applications, films and tapes for exhibition in any and all media and all gauges, including but not limited to, video and audio cassettes and disks, home video and computer games, arcade video games, hand-held versions of video games, video slot machines, photographs (including raw footage, out-takes and negatives), merchandising and program rights, in connection with or based upon the UFC brand, UFC Professional MMA Bouts, UFC Professional MMA Events, UFC Pre-Bout Events, or UFC Post-Bout Events.

31. "**Relating to**," "**referring to**," "**regarding**," or "**with respect to**" mean, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

32. "**Social Media**" means any web-hosted applications that facilitate public posting of words, images or video and audio recordings, and private interactions such as private messaging or email, among users. Examples of Social Media include, without limitation, Twitter, Facebook, YouTube, Instagram, Pinterest, My Space, and Truth Social.

33. "**Sponsor**" means any corporate entity which pays or seeks to pay a monetary consideration to a Professional MMA Fighter or an MMA Promoter in exchange for the right to display its products, logo or other promotional materials in connection with such fighter or promoter; or the act of paying a monetary consideration to a Professional MMA Fighter or an MMA Promoter in

exchange for the right to display a Person's products, logo or other promotional materials in connection with such fighter or promoter.

34. "**TKO**" means TKO Operating Company, LLC and all predecessors, successors, subsidiaries, departments, divisions, and/or affiliates, including without limitation any organization or entity which the responding Defendant manages or controls, together with all present and former directors, members, officers, employees, agents, representatives or any persons acting or purporting to act on behalf of the responding Defendant.

35. "**UFC**" means Zuffa, LLC, Ultimate Fighting Championship, TKO Operating Company, LLC, and all predecessors, successors, subsidiaries, departments, divisions, and/or affiliates, including without limitation any organization or entity which the responding Defendant manages or controls, together with all present and former directors, members, officers, employees, agents, representatives or any persons acting or purporting to act on behalf of the responding Defendant, including: Zuffa Australia, LLC; Zuffa Aviation, LLC; Zuffa Brazil, LLC; Zuffa Canada, LLC; Zuffa Expo, LLC; Zuffa Fit 360, LLC; Zuffa Fitness Elite, LLC; Zuffa Fitness, LLC; Zuffa Holding Company, LLC; Zuffa Interactive Investor, LLC; Zuffa International, LLC; Zuffa Ireland, LLC; Zuffa Landco, LLC; Zuffa Mali, LLC; Zuffa Marketing, LLC; Zuffa Mexico, LLC; Zuffa Music, LLC; Zuffa On Demand, LLC; Zuffa Pipco 1, LLC; Zuffa Records, LLC; Zuffa Taps, LLC; and Zuffa Zen, LLC, and also including all entities that UFC merged with or acquired, such as, e.g., Explosion Entertainment, LLC (d/b/a Strikeforce), World Extreme Cagefighting, World Fighting Alliance, and Pride Fighting Championships.

36. "**UFC Fighter**" means a person who is paid by the UFC for participating in one or more Professional MMA Bouts promoted by the UFC or whose Identity was acquired for use by the UFC.

37. "**You**" or "**Your**" Andrew Schleimer, any organization or entity which **You** manage, control, have an ownership interest in. or are employed by; and any employees, agents, representatives or persons acting or purporting to act on Your behalf.

38. "**Zuffa**," "**UFC**," or "**Defendant**" all mean Ultimate Fighting Championship, UFC, TKO Operating Company, LLC ("**TKO OpCo**") (f/k/a Zuffa Parent LLC), a Delaware limited liability company and the direct subsidiary of TKO Group Holdings, Inc., a Delaware corporation ("**TKO Group Holdings**"), Endeavor Group Holdings, Inc., a Delaware corporation ("**Endeavor**"), and all predecessors, successors, subsidiaries, departments, divisions, acquisitions, affiliates and any organization or entity TKO OpCo or TKO Group Holdings manages or controls, together with all present and former directors, members, officers, employees, agents, representatives or any persons acting or purporting to act on TKO OpCo's behalf including, without limitation, Ariel Emanuel, Dana White, Mark Shapiro, Patrick Whitsell, Ike Lawrence Epstein, Lorenzo Fertitta or Hunter Campbell.

## II.    <u>INSTRUCTIONS</u>

1. In producing Documents, You are requested to furnish all Documents or things in Your possession, custody or control, regardless of the physical location of the Documents, or whether such Documents or other materials are possessed directly by You or Your directors, officers, agents, employees, representatives, managing agents, affiliates, investigators, or by Your attorneys or their agents, employees, representatives or investigators.

2. If any Document covered by these requests is withheld by reason of a claim of attorney-client privilege, attorney work product protection, or any other privilege or protection, please furnish a log providing the following information with respect to each such withheld document: date, author, recipients, general subject matter sufficient to make a prima facie determination

whether the asserted privilege has been properly invoked, and legal basis upon which the document has been withheld.

3.   In producing Documents, You are requested to produce the original of each Document requested, together with all non-identical copies and drafts of such Document. If the original of any Document cannot be located, a copy shall be produced in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

4.   If any requested Document cannot be produced in full, You are to produce it to the extent possible and indicate which Document or portion of such Document is being withheld, and the reason it is being withheld.

5.   Documents not otherwise responsive to these Requests shall be produced if such Documents mention, discuss, refer to, or explain the Documents that are called for by these Requests, or if such Documents are attached to Documents called for by these Requests and constitute routing slips, transmittal memoranda, letters, cover sheets, comments, evaluation or similar materials.

6.   All Documents shall be produced in the same order as they are kept or maintained by You. If any Documents have been removed from the files in which they were found for purposes of producing them in response to these Requests, indicate for each Document the file(s) in which the Document(s) was (or were) originally located.

7.   In responding to these Requests You are to include Documents: (a) obtained from witnesses who gave information to any governmental agency or other investigatory or regulatory body as part of any investigation of the UFC or of the MMA Industry generally; (b) that constitute, or refer or relate to, summaries of testimony or other statements given in connection with such investigations; or (c) obtained on Your behalf by counsel in preparing for testimony or interviews

11

in connection with such investigations.

8.  If a Document once existed and has subsequently been lost, destroyed, or is otherwise missing, please provide sufficient information to identify the Document and state the details concerning its loss.

9.  With respect to any Document maintained or stored electronically, please harvest it in a manner that maintains the integrity and readability of all data, including all metadata.

10. Unless otherwise agreed, all ESI should be produced in native format via a secure file transfer protocol, or on compact disc(s), DVD disc(s) or zip drives in the original electronic file format(s) of the Documents.

11.  Please produce all Documents maintained or stored electronically in native, electronic format with all relevant metadata intact. Encrypted or password-protected documents should be produced in a form permitting them to be reviewed. You are also requested to immediately meet and confer regarding the manner in which You shall produce Documents stored electronically in order for the parties to try and reach agreement in this regard and avoid any unnecessary expense.

12. Please organize electronic Documents produced for inspection in the same manner that You store them (e.g., if maintained by a custodian, such as e-mail residing on an e-mail server, please organize documents for production by custodian; if maintained as a subfolder of "My Documents" on a custodian's hard drive, please organize documents for production by custodian with path information preserved, etc.).

13. All ESI should be produced in accordance with the Stipulated Order Re: Discovery of Electronically Stored Information, approved by the Court on December 6, 2023, ECF No. 115.

14. Documents attached to each other should not be separated, including, but not limited to, hard-copy versions of Documents attached to hard-copy printouts of e-mails produced pursuant to

these Requests.

15. At Your election, documents maintained or stored in paper, hard-copy form can be produced as searchable .PDF (i.e., portable document format files with embedded text) and in an appropriate and usable manner (e.g., by copying such data onto an external hard drive).

16. These requests require production of paper documents in the same form and same order as they are kept in the usual course of business, or organized and labeled to correspond with the requests set forth below. If You choose the former method, the documents are to be produced in the boxes, file folders, binders and other containers in which the documents are found. The titles, labels or other descriptions on the boxes, file folders, binders or other containers are to be left intact.

17. Documents stored as electronic data on magnetic, optical, or other storage media as "active" or "backup" files shall be produced in their native formats with any associated metadata.

18. To the extent responsive Documents reside on databases and other such systems and files, You are requested to produce the relevant database in useable form and/or permit access for inspection, review, and extraction of responsive information.

19. To the extent responsive Documents are in languages other than English, the parties shall meet and confer to discuss the format of production prior thereto.

20. No part of a document request shall be left unanswered merely because an objection was interposed to another part of the document request.

21. If You object to any document request or subpart thereof, the objection shall state with specificity all grounds. Any ground not stated shall be waived.

22. If You are unable to answer any document request, the reasons for Your inability to answer shall be separately stated in detail for each document request.

23.  Failure to provide information in response to these document requests will be deemed a waiver of Your right to produce such evidence at trial. Plaintiffs reserve the right to move to preclude the introduction of any evidence not produced in response to these requests.

24. Category headings herein are for convenience and should not be relied upon to modify, limit, alter or otherwise influence in any way how to interpret these document requests.

### III.    RELEVANT TIME PERIOD

Unless otherwise noted herein, the relevant time period of these document requests is January 1, 2015, until the present (the "**Relevant Time Period**"). These document requests seek all responsive Documents created or generated during the Relevant Time Period, as well as responsive Documents created or generated outside the Relevant Time Period, but which contain information concerning the Relevant Time Period.

### IV.    PRODUCTION REQUESTS

#### Document Request No. 1

Documents sufficient to identify each electronic device that You used to transmit or receive Communications during the Relevant Time Period, including but not limited to cellular telephones, laptop or notebook computers, desktop computers, and portable tablets, including but not limited to Any electronic device that You purchased, that was purchased for You, or that was issued to You by Defendants.

#### Document Request No. 2

Documents sufficient to identify the telephone number and provider or carrier of each cellular telephone identified in response to Request No. 1.

#### Document Request No. 3

Documents sufficient to identify when You first started using and, if applicable, when You

stopped using, each mobile telephone number identified in response to Request No. 2.

## Document Request No. 4

Documents sufficient to identify each messaging account or social media account that You used during the Relevant Time Period, including but not limited to Discord, Facebook, Google Chat, iMessage, Instagram, Kik, Microsoft Teams, Reddit, Signal, Skype, Slack, Snapchat, Telegram, TikTok, Truth Social, Whatsapp, WeChat, Zoom, X (Twitter), etc.

## Document Request No. 5

Documents sufficient to identify All username(s) and social media handle(s) for each account identified in response to Request No. 4

## Document Request No. 6

Documents sufficient to identify each email account that You used during the Relevant Time Period.

## Document Request No. 7

All Documents and Communications relating to Your role and activities relating to the distribution of UFC Events, including, without limitation, materials reflecting or describing any strategy for distributing UFC Events, the criteria any broadcast or distribution partners require concerning UFC Events (e.g., whether particular UFC Fighters must be available to appear, whether UFC Fighters of a particular rank must be available to appear, whether any particular UFC Event or proportion or set of UFC Events must include a championship bout), and/or advice or support You provide or provided to the UFC concerning its distribution of UFC Events.

## Document Request No. 8

All Documents and Communications relating to Your role in producing UFC Events, including materials relating to expenditures You made in connection with such Event production, Your

personnel's roles in UFC Event production, and any contracts or Agreements relating to Your role in producing UFC Events, and any Documents or Communications reflecting Your control or influence over the contents of UFC Events (e.g., which UFC Fighters will appear at the Event, the number and/or timing of UFC Events, the number and/or order of UFC Fighters appearing on a UFC Event card.

## Document Request No. 9

Documents and Communications sufficient to identify all of Your costs and expenses associated with producing UFC Events, including a final profit and loss calculation for each UFC Event.

## Document Request No. 10

All Documents and Communications relating to Your role in operating UFC's Fight Pass streaming platform, including, without limitation, Documents reflecting Endeavor's strategic planning for UFC's Fight Pass platform, Endeavor's employees' roles in operating the UFC's Fight Pass platform, Endeavor's strategy for marketing and selling access to the UFC's Fight Pass platform, all Agreements with third-parties to market and/or sell access to the UFC's Fight Pass platform, and/or any analysis of the UFC's Fight Pass platform's financial and/or market performance.

## Document Request No. 11

All Documents and Communications relating to Your business strategy for the UFC, including but not limited to SWOT analyses, financial analyses, strategies, analyses of UFC Fighter compensation, counterprogramming of other MMA Promoters' Professional MMA Events, assessments of other MMA Promoters' Professional MMA Fighter rosters, and acquisition analyses and strategies.

**Document Request No. 12**

All Documents and Communications relating to any provisions in the UFC's Promotional and

Ancillary Rights Agreements with UFC Fighters limiting the UFC's ability to extend the term of

the Agreement (e.g., Paragraphs 4.3.2 and 4.4 in ZUFFA-J_00003638 and Paragraph 4.5 in

UFC-00086462), including without limitation, the strategic and business purposes of these

provisions and any changes thereto over time, evaluations of the effect of these provisions on the

UFC's ability (or inability) to retain UFC Fighters under contract, evaluations on the benefits to

Endeavor of such provisions, the criteria (and bases for employing such criteria) the UFC has

used to determine whether to include such a provision (or not include such a provision) in the

Promotional and Ancillary Rights Agreement of any particular UFC Fighter or group of UFC

Fighters, and any correspondence or exchanged drafts of UFC Promotional and Ancillary Rights

Agreements concerning the UFC Fighters' (or UFC Fighters' agents, managers, or other

representatives) desire to include such a provision or make changes to such a provision in a UFC

contract proposal.

**Document Request No. 13**

All Documents and Communications relating to the UFC's business strategy for Professional

MMA Events and/or Professional MMA Bouts held at UFC Apex, including Documents and

Communications discussing the reasons for creating and/or establishing the UFC Apex, how

UFC determines which Professional MMA Events and/or Professional MMA Bouts will be held

at the Apex, and why any Professional MMA Events and/or Professional MMA Bouts were held

at the Apex.

**Document Request No. 14**

All monthly and annual financial documents containing information concerning the business

17

operations at the UFC Apex, including without limitation all audited financial statements, balance sheets, income statements, profit and loss reports, margin analyses, equity valuations, asset appraisals, financial models, budgets (proposed or otherwise), investor presentations, margin analyses, pro form as, regulatory filings (including income tax returns), issuance of equity or debit, loans, and money owed or receivable, and any other form of financial reporting.

**Document Request No. 15**

All Documents and Communications relating to any changes in the form and/or structure of revenues the UFC received for its broadcast rights, including, without limitation, Documents and Communications relating to changes in structure of PPV revenues received by the UFC and paid by ESPN following the UFC's 2019 broadcast rights deal with ESPN, including materials analyzing such changes and any corresponding changes in business practices or operations the UFC considered implementing based on such change in structure.

**Document Request No. 16**

All Documents and Communications relating to Your "flywheel"1 as it pertains to the UFC, including without limitation, materials reflecting how "the integration of [Your] broad range of capabilities, along with [Your] owned and managed premium sports and entertainment properties [including the UFC], drives network effects across the Endeavor flywheel," how such network effects "across the Endeavor flywheel" "connect and utilize multiple divisions of Endeavor [including the UFC] maximize the power of [Your] platform [and] creat[e] value for [Your] business, clients and employees," and the ways in which You have "realized top line and cost synergies as [You] have integrated more than 30 acquisitions including IMG, UFC, PBR, 160over90, and On Location." Form 10-K for the fiscal year ended December 31, 2022, of Endeavor Group Holdings, Inc.

**Document Request No. 17**

All Documents and Communications produced by You to any government or government agency in response to any investigative demand or other request from the U.S. Department of Justice, the U.S. Federal Trade Commission, any state regulatory agency, or any foreign regulatory agency related to: (a) Your policies, practices, guidelines, and training directed to compliance with U.S. governmental regulatory agencies, or any foreign regulatory agency, including all Documents concerning the creation of such policies, and any statements signed by Your employees or agents acknowledging their receipt of or compliance with Your compliance policies; (b) the acquisition of Zuffa or any parent of or successor to Zuffa by Endeavor Group Holdings, Inc.; or (c) the merger of Zuffa or any parent of or successor to Zuffa with World Wrestling Entertainment, Inc. (a/k/a WWE) or any parent of or successor to World Wrestling Entertainment, Inc. Explicitly included within the scope of this Interrogatory is any correspondence or documents exchanged between You and the U.S. Department of Justice, including documents reflecting or constituting any Communications with former Assistant Attorney General for the Department of Justice Antitrust Division Makan Delrahim, relating to *Le, et al. v. Zuffa,* LLC, 2:21-cv- 1189-RFB-BNW (D. Nev.).

**Document Request No. 18**

All Documents and Communications produced by You to the U.S. government pursuant to the Hart-Scott-Rodino Antitrust Improvements Act of 1976, Pub. L. No. 94-435, and any second requests, related to the acquisition of Zuffa or any parent of or successor to Zuffa by Endeavor Group Holdings, Inc., or to the merger of Zuffa or any parent of or successor to Zuffa with World Wrestling Entertainment, Inc. (a/k/a WWE) or any parent of or successor to World Wrestling Entertainment, Inc., or the formation of TKO Group Holdings, Inc.

**<u>Document Request No. 19</u>**

All Documents and Communications relating to any Agreements between (a) Zuffa and any Professional MMA Fighter, and (b) any other MMA Promoter and any Professional MMA Fighter, including all Agreements concerning competition in Professional MMA Bouts (and any amendments thereto), including Promotional and Ancillary Rights Agreements, Bout Agreements, "side letter" and/or letter Agreements, Merchandise Rights Agreements, sponsorship Agreements, and all Documents and Communications relating to negotiations with any Professional MMA Fighter or any Person purporting to represent a Professional MMA Fighter, including all draft Agreements.

**<u>Document Request No. 20</u>**

Each Agreement between you and a Professional MMA Fighter entered into or in effect during the Relevant Time Period.

**<u>Document Request No. 21</u>**

All Documents and Communications evidencing the negotiation of any Agreement responsive to the preceding Request.

**<u>Document Request No. 22</u>**

All Documents and Communications consisting of or relating to Your discussion, analysis, interpretation or characterization of any Agreement, and the negotiation thereof, responsive to Request No. 21.

**<u>Document Request No. 23</u>**

All arbitration clauses or class action waivers between You and any Professional MMA Fighters, whether set forth in an Agreement or otherwise, and all Documents and Communications relating to any such arbitration clause or class action waiver, including without limitation analyses, draft

proposed clauses, analyses of such clauses, white papers, reports, slide presentations, or discussions regarding the reasons for, or potential benefits to Zuffa or Endeavor or anyone else of, including arbitration clauses and/or class action waivers in Your Agreements with Professional MMA Fighters.

## Document Request No. 24

All Documents and Communications evidencing the negotiation of any Agreement responsive to the preceding Request.

## Document Request No. 25

All Documents and Communications consisting of or relating to Your discussion, analysis, interpretation or characterization of any arbitration clause or class action waiver, and/or the negotiation thereof.

## Document Request No. 26

All Documents and Communications relating to market research about the MMA Industry, including but not limited to, analysis or research regarding relative market share of MMA Promoters, barriers to expansion for MMA Promoters, barriers to entry for would-be MMA Promoters, and growth projections for the MMA Industry and/or MMA Promoters individually or in any groupings.

## Document Request No. 27

All Documents and Communications relating to non-Zuffa/non-UFC MMA Promoters (considered individually or as a group), including but not limited to SWOT analyses, financial analyses, strategies, counterprogramming of other MMA Promoters' Professional MMA Events, analyses and/or commentary or assessments of their Professional MMA Fighter rosters, and acquisition analyses and strategies.

**Document Request No. 28**

All Documents and Communications relating to any Agreement that UFC had with another MMA Promoter, including but not limited to Agreements to license content, Agreements to buy or sell athlete contracts, and Agreements to release Professional MMA Fighters from their contracts if UFC offers the Professional MMA Fighter a contract.

**Document Request No. 29**

All Documents and Communications relating to the potential sale of Zuffa or any portion thereof (or interest therein), including any Communications with or Documents created by You or any third party, including without limitation any prospectuses, proposals, confidential information memoranda, credit assessments, due diligence requests, Documents or Communications created, collected, placed in data rooms, or produced in response to due diligence requests, offers, negotiations, memoranda of understanding, and all other Documents or Communications relating in any way to the potential sale, acquisition, merger or transfer of Zuffa or any portion thereof or interest therein

**Document Request No. 30**

All Documents and Communications (exclusive of Documents and Communications produced in response to Request No. 29) relating to the purchase by You of a majority stake in Zuffa on or around August 18, 2016, including Communications with or Documents created by Zuffa, LLC or any third party, and including without limitation any executed Agreements, draft Agreements, memoranda of understanding, offers, prospectuses, proposals, confidential information memoranda, credit assessments, supporting schedules, all Documents and Communications relating to negotiations, due diligence requests, including Documents or Communications created, collected, placed in data rooms, or produced in response to due diligence requests, all

regulatory filings, registration documents, and any other Documents or Communications sent to or received by You relating to any U.S., state, or local agency, and all other Documents and Communications relating in any way to Your purchase of a majority stake in Zuffa on or around August 18, 2016.

## Document Request No. 31

Documents and Communications sufficient to show all Persons that were part of the "buyer group" as that term is used on page F-12 of the Form S-1 Securities Registration Statement filed on September 15, 2023, by TKO Group Holdings, Inc., which states in relevant part, "On August 18, 2016, a buyer group that included Endeavor Operating Company, LLC ("EOC"), affiliates of Silver Lake Partners ("SLP"), affiliates of Kohlberg Kravis Roberts & Co. ("KKR") and certain other investors (including certain existing owners as rollover investors) (the "buyer group") acquired 100% of the equity interests of Zuffa [defined as "Zuffa Parent, LLC and its subsidiaries"] . . . ," including Documents and Communications sufficient to show the name, title, business affiliation, business address, and relative ownership share acquired by each such Person. For clarity, the requested Documents and Communications should Identify and provide the requested information for each individual "affiliate" of SLP and KKR, and each individual "other investor" or "rollover investor" that is part of the "buyer group."

## Document Request No. 32

All Documents and Communications relating to the purchase of the remaining portion of Zuffa by Endeavor in or around 2021, including any Communications with or Documents created by any third party, and including without limitation any executed Agreements, draft Agreements, memoranda of understanding, offers, prospectuses, proposals, confidential information memoranda, credit assessments, supporting schedules, all Documents and Communications

relating to negotiations, due diligence requests, Documents and Communications created, collected, placed in data rooms, or produced in response to due diligence requests, all regulatory filings, registration documents, and any other Documents or Communications sent to or received by You relating to any U.S., state, or local agency, and all other Documents and Communications relating in any way to Your acquisition of the remaining portion of Zuffa in or around 2021.

## Document Request No. 33

All Documents and Communications relating to the acquisition, sale, merger, or transfer of World Wrestling Entertainment, Inc. by You in 2023, including any Communications with or Documents created by any third party, and including without limitation any executed Agreements, draft Agreements, memoranda of understanding, offers, prospectuses, proposals, confidential information memoranda, credit assessments, all Documents and Communications relating to negotiations, due diligence requests, Documents and Communications created, collected, placed in data rooms, or produced in response to due diligence requests, all regulatory filings, registration documents, and any other Documents or Communications sent to or received by You relating to any U.S., state, or local agency, and all other Documents and Communications relating in any way to the acquisition and merger of World Wrestling Entertainment, Inc. by You in 2023.

## Document Request No. 34

All Agreements, supporting schedules, and financial information and/or analyses prepared in connection with the formation of TKO in 2023.

## Document Request No. 35

All Documents and Communications relating to any efforts by You or made on Your behalf to

raise capital, including but not limited to loans or issuance of debt or equity, and including without limitation any Agreements, draft Agreements, negotiations, investor presentations, prospectuses, confidential information memoranda, credit assessments, due diligence requests, Documents and Communications created, collected, placed in data rooms, or produced in response to due diligence requests, and all other documents and communications related in any way to efforts to raise capital, regardless of whether any loan was actually obtained or any debt or equity was actually issued.

## Document Request No. 36

All Documents and Communications relating to arbitration clauses or class action waivers in Agreements with Professional MMA Fighters, including without limitation analyses, draft proposed clauses, analyses of such clauses, white papers, reports, slide presentations, or discussions regarding the reasons for, or potential benefits to Zuffa or Endeavor or anyone else of, including arbitration clauses and/or class action waivers in Your Agreements with Professional MMA Fighters.

## Document Request No. 37

Documents and Communications sufficient to Identify each of Your employees or agents or anyone purporting to act on Your behalf involved in approving or negotiating the terms of any Agreement, or proposed Agreement, for all or part of Zuffa to be acquired by Endeavor or by anyone else.

## Document Request No. 38

Documents and data (including structured or unstructured data) sufficient to show Your financial data, including at a minimum Your costs, revenue, income, EBITDA, assets, debits, borrowing costs, and profits, by month and by year, at the most granular level such documents and data are

maintained.

## Document Request No. 39

All monthly and annual financial documents created or maintained by You or on Your behalf, including without limitation all audited financial statements, all internally prepared and consolidating financial statements for Endeavor, including financial statements for the UFC portion of the Owned Sports Properties segment (including without limitation balance sheet, income statement, and statement of cash flows), balance sheets, income statements, profit and loss reports, margin analyses, equity valuations, asset appraisals, financial models, budgets (proposed or otherwise), investor presentations, margin analyses, pro formas, regulatory filings (including income tax returns), issuance of equity or debit, loans, and money owed or receivable, and any other form of financial reporting.

## Document Request No. 40

For each year of the Relevant Time Period, Documents sufficient to show beneficial ownership in Zuffa, TKO Group Holdings, Inc. and Endeavor, and any parent of or successor to Zuffa, TKO Group Holdings, Inc. and Endeavor, including any changes thereto. This Request includes Documents sufficient to show the percentage of any stock or other interests owned by each Person holding a beneficial ownership interest and the consideration paid for such interest.

## Document Request No. 41

Documents and data sufficient to show all compensation including salary, bonuses, expense reimbursements, aviation expenses, distributions, dividends, stock awards, loans (including information about repayment or forgiveness), management fees, board fees, and all other compensation of any kind to all Endeavor and Zuffa senior executives, board members, directors, beneficial owners, and shareholders holding more than a 5% interest in Endeavor, Zuffa, or TKO

Group Holdings, Inc., including the date the compensation was paid, the dollar value, the date of vesting, accrual, or maturation of the compensation (if applicable), the source of the compensation (e.g., from a debt issuance or from corporate profits), the reason given (if any) for the compensation, and the relative share received by each Person receiving compensation.

## Document Request No. 42

Documents and data sufficient to show any non-monetary benefits bestowed on any beneficial owners of Endeavor, Zuffa, or TKO Group Holdings, Inc., including without limitation: (a) travel in private jets owned, leased, or paid for by You; (b) use of houses, apartments, vacation properties, or other real estate owned, leased, or paid for by You; (c) use of motor vehicles owned, leased, or paid for by You;(d) tickets for sporting events or other entertainment events paid for by You; and/or (e) any other item, service, amenity, activity, or privilege provided to one or more of the beneficial owners at Your expense.

## Document Request No. 43

For each year of the Relevant Time Period, Documents sufficient to show Your corporate structure, including the organization of each division, department, unit or subdivision, parent, subsidiary, joint venture or affiliate of Your company. This request includes without limitation organizational charts, investor or debtor presentations, government filings, internal communications, and any Documents sufficient to show each Employee or executive with managerial responsibilities relating to the UFC.

## Document Request No. 44

All Documents constituting, referencing, or relating to issuance of debt as it relates to your acquisition of WWE and UFC.

**<u>Document Request No. 45</u>**

Documents sufficient to show how You arrived at a valuation of $21 billion for TKO Group

Holdings, Inc. as stated in your April 3, 2023 press release.

**<u>Document Request No. 46</u>**

All Documents referencing or relating to all financial activity relating to the UFC, including

balance sheets, income statements, regulatory filings (including income tax returns for Zuffa and

any of its affiliates), issuance of equity or debit, loans, and money owed or receivable

**<u>Document Request No. 47</u>**

All Documents referencing or relating to all financial activity relating to the TKO Group

Holdings, Inc. and its subsidiaries and affiliates, including balance sheets, income statements,

regulatory filings (including income tax returns for Zuffa and any of its affiliates), issuance of

equity or debit, loans, and money owed or receivable.

**<u>Document Request No. 48</u>**

All Documents referencing or relating to Your transactional data, at the most granular level

possible, for each UFC Professional MMA Event held during the Relevant Time Period,

sufficient to show at a minimum the following:

    a) total gate receipts from each UFC Professional MMA Event during the Relevant Time
       Period, broken down by event;

    b) total attendance at each UFC Professional MMA Event during the Relevant Time Period,
       broken down by event

    c) total revenues from each PPV broadcast of UFC Professional MMA Event during the
       Relevant Time Period, broken down by event;

    d) total revenues from non-PPV broadcast of UFC Professional MMA Event during the

Relevant Time Period, broken down by event and by contracted broadcaster (e.g., ESPN, Fox, Spike, etc.)

e) total revenues from closed circuit broadcast to commercial venues such as bars, restaurants, or theaters of each UFC Professional MMA Event during the Relevant Time Period, broken down by event;

f) total revenues derived from the sale of advertising during all broadcasts of UFC Professional MMA Events, whether PPV or non-PPV, during the Relevant Time Period, broken down by month and year, by PPV or non-PPV, and by advertiser

g) total revenues derived in any way from the Promotional and Ancillary Rights, as described in Your Promotional and Ancillary Rights Agreements with MMA Fighters, relating to all professional MMA Fighters who have been under contract with the UFC at any time during the Relevant Time Period, broken down by month and year;

h) total revenues derived from Agreements with sponsors of the UFC or of the Professional MMA Fighters who have been under contract with the UFC at any time during the Relevant Time Period;

i) total revenues by event;

j) the gross and net price paid by customers for transactions by unit, subscription, and/or ticket for a single Pay-Per-View, ticket to a live event, or UFC Fight Pass subscription;

## **Document Request No. 49**

Documents and data in as granular form as the information is maintained, sufficient to show any and all compensation paid to each UFC Fighter individually for each UFC Professional MMA Bout that the UFC Fighter participated in during the Relevant Time Period, on a fighter-by-fighter basis, broken down by Professional MMA Bout (so that each UFC Fighter's

compensation data is available in one Document or sequence of Documents, and it is produced with sufficient granularity so that the compensation is clearly attributed to the UFC Professional MMA Bout at which the Fighter earned it), as follows:

a) the date and location of each UFC Professional MMA Bout the UFC Fighter participated in during the Relevant Time Period, and

b) the base salary the UFC Fighter received for each UFC Professional MMA Bout he or she participated in during the Relevant Time Period;

c) all bonuses the UFC Fighter received for each UFC Professional MMA Bout he or she participated in during the Relevant Time Period (including, but not limited to any and all discretionary bonuses or payments, fight of the night, performance of the night, knockout and submission of the night bonuses), broken down by each bonus received for each Professional MMA Event

d) all broadcast royalties the UFC Fighter received (if any) for each UFC Professional MMA Bout he or she participated in during the Relevant Time Period, broken down so that the broadcast royalties are traceable to a particular UFC Professional MMA Bout (to be clear, if the UFC Fighter received broadcast royalties from more than one UFC Professional MMA Bout, the broadcast royalties should be clearly attributed to the specific UFC Professional MMA Bout from which they were generated);

e) any other form of compensation the UFC Fighter received for each UFCProfessional MMA Bout he or she participated in during the Relevant Time Period; and,

f) Pay-Per-View shares the UFC Fighter received for each UFC Professional MMA Bout he or she participated in during the Relevant Time Period.

**Document Request No. 50**

Profit and loss statements (including identity of participating fighters and compensation paid to each) for each UFC Professional MMA Event.

**Document Request No. 51**

Documents sufficient to show Your actual costs for presenting UFC Professional MMA Events, down to as granular a level as possible, including without limitation venue costs, promotional costs, compensation for UFC Fighters, insurance, safety, and all other costs incidental to presenting UFC Professional MMA Events.

**Document Request No. 52**

Documents sufficient to show Your actual costs for presenting UFC Professional MMA Bouts, down to as granular a level as possible, including without limitation venue costs, promotional costs, compensation for UFC Fighters, insurance, safety, and all other costs incidental to presenting UFC Professional MMA Bouts.

**Document Request No. 53**

Documents sufficient to show Your actual costs involved in promoting the UFC as a brand.

**Document Request No. 54**

All Documents relating to materials produced by third party analysts or consultants regarding Zuffa or any successor to Zuffa, including without limitation reports that analyze or project demand, revenues, income, profits, or market share. Documents responsive to this Request include both documents produced by such third party analysts or consultants (including both those retained by You and those producing such materials without an Agreement with You) and any comments, edits, or drafts of such materials or other documents You created and submitted to such third party analysts or consultants.

**Document Request No. 55**

All documents created by You or by third party analysts or consultants regarding competition among MMA Promoters or would-be MMA Promoters for (a) the purchase of MMA Fighter services and (b) promotion of Professional MMA Events generally, including without limitation reports that analyze or project demand, revenues, income, profits, or market share.

**Document Request No. 56**

All Documents referencing or relating to comparison of compensation models or Agreements between the UFC and other major professional sports, including without limitation boxing, pro wrestling, football, basketball, and baseball.

**Document Request No. 57**

All Agreements (and any amendments thereto) entered into between You and any MMA Promoter relating to the acquisition of assets, equity, or other interests of any MMA Promoter, and all Documents referencing or relating to the potential or actual acquisition of assets, equity, or interests of any MMA Promoter, including, but not limited to, internal strategy documents, projections, cost-benefit analyses, cost estimates, and all Agreements or contracts (and any amendments thereto).

**Document Request No. 58**

Documents sufficient to identify each Person involved in approving or negotiating the terms of any Agreements or potential Agreements for the acquisition or potential acquisition of assets, or equity, or interests of any MMA Promoter.

**Document Request No. 59**

All Documents relating to the sale of equity in Zuffa to Flash Entertainment, a wholly owned subsidiary of Abu Dhabi.

**Document Request No. 60**

Documents sufficient to Identify each Person or entity You consider to be, or considered to have been, an actual or potential competitor of the UFC for (a) the purchase of MMA Fighter services, and/or (b) the promotion of live Professional MMA Events in the United States or abroad.

**Document Request No. 61**

Documents or data sufficient to calculate the actual or potential market share held by the UFC and each of the UFC's actual or potential competitors (as Identified in Request No. 53) in terms of total revenue by region (US, North America, South America, Europe, Asia, and any others) derived from the promotion of live Professional MMA Bouts and all other income sources, including without limitation merchandising, licensing, sponsorships, advertising, video games, and other income sources based on the use of Professional MMA Fighters' Identities.

**Document Request No. 62**

Documents or data sufficient to Identify the actual and/or estimated share of Professional MMA Fighters' services, by both dollar amount and number of fighters, for the purchase of the services of Professional MMA Fighters by the UFC and each of Your actual or potential competitors identified in your response to Request No. 53 by region (US, North America, South America, Europe, Asia, and any others).

**Document Request No. 63**

All Documents and data referencing or relating to the determination of Professional MMA Fighter compensation by the UFC in the promotion of live Professional MMA Events and all other income sources, including without limitation merchandising, licensing, sponsorships, advertising, video games, and other income sources based on the use of Professional MMA Fighters' Identities.

**Document Request No. 64**

All Documents and data referencing or relating to the determination of Professional MMA Fighter compensation by any of the UFC's actual and potential competitors (identified in your response to Request No. 60, above) in the promotion of live Professional MMA Events and all other income sources, including without limitation merchandising, licensing, sponsorships, advertising, video games, and other income sources based on the use of Professional MMA Fighters' Identities.

**Document Request No. 65**

All Documents analyzing, discussing, or relating to the competitive strengths or weaknesses of actual or potential competitors (identified in your response to Request No. 60 or otherwise, above) in the promotion of live Professional MMA Events and/or in the purchase of the services of Professional MMA Fighters.

**Document Request No. 66**

All Documents referencing or relating to communications and/or negotiations with any sponsors or advertisers in connection with Your acquisition of WWE and/or UFC.

**Document Request No. 67**

All Documents and Communications referencing or relating to any Agreements entered into by You relating to Venues for Professional MMA Events, including all Agreements, all draft Agreements, and all Documents and Communications relating to negotiation of such Agreements or draft Agreements.

**Document Request No. 68**

All Documents and Communications relating to the drafting of and the reasoning behind the "Exclusivity Clause" in UFC Bout Agreements, which binds UFC Fighters into a restricted

relationship with the UFC and prohibits them from appearing in Professional MMA Bouts televised or organized by actual or potential rival promotions unless approved by the UFC.

## Document Request No. 69

All Documents and Communications referencing or relating to the drafting of and the reasoning behind the "Champion's Clause" in UFC Bout Agreements, which allows the UFC to extend a UFC Fighter's contract for as long as the athlete is a "champion" in his or her weight class.

## Document Request No. 70

All Documents and Communications referencing or relating to the drafting of and the reasoning behind the "Right to First Offer" and "Right to Match" Clauses in UFC Bout Agreements, which grant the UFC the option to match the financial terms and conditions of any offer made to a UFC Fighter for a Professional MMA Bout even after the UFC Fighter's contract has expired.

## Document Request No. 71

All Documents and Communications referencing or relating to the drafting of and the reasoning behind the "Ancillary Rights Clause" in the Promotional and Ancillary Rights Agreements, which grants the UFC exclusive and perpetual worldwide personality and Identity rights of the UFC Fighter.

## Document Request No. 72

All Documents and Communications referencing or relating to the drafting of and the reasoning behind the "Promotion Clause" in the Promotional and Ancillary Rights Agreements, which requires UFC Fighters to attend, cooperate, and assist in the promotion of Professional MMA Bouts in which they fight and, as required by the UFC, any other Professional MMA Bouts, Professional MMA Events, broadcasts, press conferences and sale of UFC Licensed Merchandise.

**Document Request No. 73**

All Documents and Communications referencing or relating to the drafting of and the reasoning behind the "Retirement Clause" which gives the UFC the power "to retain the rights to a retired fighter in perpetuity."

**Document Request No. 74**

All Documents and Communications referencing or relating to the drafting of and the reasoning behind the tolling provisions, which extend the term of a UFC Fighter's contract during periods when he or she is injured, retired, or otherwise declines to compete.

**Document Request No. 75**

All Documents and Communications referencing or relating to the drafting of and the reasoning behind the "Sponsorship and Endorsement Clause," which appears to grant the UFC sole discretion over all sponsorship and endorsement approvals.

**Document Request No. 76**

All Documents and Communications analyzing or quantifying the overall impact or effect of the contractual clauses in Zuffa or Endeavor's Promotional and Ancillary Rights Agreements on (a) UFC Fighters' mobility or compensation, and/or (b) the ability of Zuffa's competitors (as identified in your response to Request No.60, supra, or otherwise) to compete for Professional MMA Fighters services or to promote Professional MMA Events that can successfully compete against Zuffa or Endeavor.

**Document Request No. 77**

Documents sufficient to identify each of Your Employees or agents involved in approving or negotiating the terms of each of Your Agreements with any Professional MMA Fighters.

**Document Request No. 78**

All Documents and Communications relating to any Agreements between You and any other MMA Promoter (past or present) relating to a Professional MMA Fighter's services, including without limitation all executed Agreements (and any amendments thereto), draft Agreements, and all Documents and Communications relating to the negotiation of such agreements, regardless of whether an Agreement was executed.

**Document Request No. 79**

Documents sufficient to identify each of Your Employees or agents involved in approving or negotiating the terms of any Agreements or potential Agreements with any other MMA Promoter (past or present) relating to the provision of Professional MMA Fighter services.

**Document Request No. 80**

All Documents and Communications constituting or relating to Agreements between You and any broadcaster of professional MMA events (including PPV and non-PPV Professional MMA Events), including without limitation all executed Agreements (and any amendments thereto), draft Agreements, and all Documents and Communications relating to the negotiation of such Agreements, Documents and Communications analyzing the terms of any actual or potential such Agreement, regardless of whether an Agreement was executed.

**Document Request No. 81**

Documents sufficient to identify each of Your Employees and agents involved in approving or negotiating the terms of any Agreements or potential Agreements with any broadcaster of Professional MMA Events (including PPV).

**Document Request No. 82**

All Documents and Communications relating to Agreements between You and any sponsors of

the UFC or of the Professional MMA Fighters under contract with the UFC, including without limitation all executed Agreements (and any amendments thereto), draft Agreements, and all Documents and Communications relating to the negotiation of such Agreements, regardless of whether an Agreement was executed.

**Document Request No. 83**

Documents sufficient to identify each of Your Employees and/or agents involved in approving or negotiating the terms of any Agreements or potential Agreements with any sponsors of the UFC or the Professional MMA Fighters under contract with the UFC.

**Document Request No. 84**

All Documents referencing or relating to the ability of any UFC Fighter to switch to and/or fight for, an actual or potential rival promotion. Responsive Documents include, but are not limited to, Documents referencing or relating to the costs to UFC Fighters and/or their managers or promoters associated with such a switch, any requirements or obligations imposed by a contract between the UFC and UFC Fighters, and/or Documents concerning communications or negotiations between the UFC and UFC Fighters with respect to a switch or potential switch from the UFC to a rival MMA Promoter.

**Document Request No. 85**

All communications between you and anyone else referencing or relating to this lawsuit or *Le, et al. v. Zuffa, LLC,* 2:21-cv-1189-RFB-BNW (D. Nev.), or any of the named plaintiffs in either of those cases, exclusive of any communications protected by the Attorney/Client Privilege.

**Document Request No. 86**

All Documents referencing or relating to indemnification or defense (corporate or individual), judgment sharing, joint defense, liability or responsibility for judgment in this action, for You

and any of your officers, including by way of example not limitation, indemnity Agreements, joint defense Agreements, judgment sharing Agreements, tenders of defense, denials or reservations of rights.

## Document Request No. 87

All Documents referencing or relating to any websites operated by You or on Your behalf, including Documents sufficient to show who had responsibility for creating, maintaining, and adding or deleting content (including any private messaging) to or from such websites.

## Document Request No. 88

Documents sufficient to identify each Person responsible for any Social Media account operated by or on behalf of Zuffa, including documents sufficient to show who had responsibility for creating, maintaining, and adding or deleting content (including any private messaging) to or from such Social Media accounts.

## Document Request No. 89

All contracts or Agreements between the UFC and any Social Media organization.

## Document Request No. 90

All Documents and Communications relating to any content posted to any website or Social Media relating to UFC Professional MMA Bouts, including Pre-Bout Event promotional content and Post-Bout Event content.

## Document Request No. 91

All Documents, including any content posted to any website or Social Media, referencing or relating to the Professional MMA Fighters under contract with the UFC.

## Document Request No. 92

All Documents, including any content posted to any website or Social Media, referencing or

relating to any Professional MMA Fighters not under contract with the UFC.

**Document Request No. 93**

All Documents, including any content posted to any website or Social Media, referencing or relating to any other MMA promoter, including without limitation any references to UFC's acquisition or potential acquisition of any other MMA promoter.

**Document Request No. 94**

All Documents referencing or relating to Zuffa's registration with any regulatory bodies governing the MMA industry. Include all Documents referencing or relating to any suspensions of Zuffa for any reason by any government agency or any Person responsible for regulation, supervision, licensing, permitting or safety of Professional MMA Bouts and Professional MMA Fighters.

**Document Request No. 95**

All Documents and Communications relating to Meetings or the business of Your Board of Directors, including without limitation all agendas, minutes, presentations, Agreements, and resolutions created by or for the Board of Directors, and including all Documents and Communications directed to and presented by management or outside professionals, which address capital raises, business combinations, dividends and any other executive compensation matters.

**Document Request No. 96**

All Documents and Communications reflecting or relating to Your relationship with Mubadala Investment Company, Khaldoon Al Mubarak, or any other executive, employee, agent, or representative of Mubadala Investment Company, including without limitation all Documents and Communications reflecting or relating to any financial transactions between You and

Mubadala, including without limitation any loans, purchases of equity or other ownership shares, purchases of any debt, the provision of any gifts or any other unilateral provision of anything of value, or any other transfer or exchange involving capital and/or anything of value.

## Document Request No. 97

All Documents and Communications relating to the production of any Professional MMA Event in or on any location owned or controlled by Abu Dhabi, United Arab Emirates.

## Document Request No. 98

"All Communications between You and Silver Lake Group, LLC ("SLP"), including any of its predecessors, successors, affiliates, or any Person SLP manages or controls, along with their executives, employees, agents, or representatives, relating to the acquisition of Zuffa, LLC or the merger of Zuffa Parent LLC with World Wrestling Entertainment.

## Document Request No. 99

All Communications between You and Kohlberg Kravis Roberts & Co. ("KKR"), including any of its predecessors, successors, affiliates, or any Person KKR manages or controls, along with their executives, employees, agents, or representatives, relating to the acquisition of Zuffa, LLC or the merger of Zuffa Parent LLC with World Wrestling Entertainment.

## Document Request No. 100

All Communications between You and MSD Capital, L.P. ("MSD") or its successor DFO Management ("DFO"), including any of its predecessors, successors, affiliates, or any Person MSD or DFO manages or controls, along with their executives, employees, agents, or representatives, relating to the acquisition of Zuffa, LLC or the merger of Zuffa Parent LLC with World Wrestling Entertainment.

WILLIAM A. ISAACSON (*Pro hac vice*)
wisaacson@paulweiss.com
KAREN L. DUNN (*Pro hac vice*)
ldunn@paulweiss.com
JESSICA PHILLIPS (*Pro hac vice*)
jphillips@paulweiss.com
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
2001 K Street, NW
Washington, DC 20006

DONALD J. CAMPBELL (No. 1216)
djc@campbellandwilliams.com
J. COLBY WILLIAMS (No. 5549)
jcw@campbellandwilliams.com
CAMPBELL & WILLIAMS
700 South 7th Street
Las Vegas, NV 89101

CHRISTOPHER S. YATES (*Pro hac vice*)
chris.yates@lw.com
AARON T. CHIU (*Pro hac vice*)
aaron.chiu@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111

SEAN M. BERKOWITZ (*Pro hac vice*)
sean.berkowitz@lw.com
LATHAM & WATKINS LLP
330 North Wabash Ave, Suite 2800
Chicago, IL 60611

LAURA WASHINGTON (*Pro hac vice*)
laura.washington@lw.com
LATHAM & WATKINS LLP
10250 Constellation Blvd, Suite 1100
Los Angeles, CA 90067

*Attorneys for Defendants Zuffa, LLC, TKO
Operating Company, and Endeavor Group
Holdings, Inc.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| KAJAN JOHNSON, CLARENCE DOLLAWAY, and TRISTAN CONNELLY on behalf of themselves and all others similarly situated, <br><br> *Plaintiffs*, <br><br> v. <br><br> Zuffa LLC, TKO Operating Company, LLC f/k/a Zuffa Parent LLC (d/b/a Ultimate Fighting Championship and UFC) and Endeavor Group Holdings, Inc, <br><br> *Defendants*. | Case No.: 2:21-cv-01189-RFB-BNW <br><br> **NON-PARTY ANDREW SCHLEIMER'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION** |

1    This case is a purported class action, but none of the Named Plaintiffs can represent a class

2    since the majority of fighters within the putative class signed arbitration agreements and class

3    action waivers. *See, e.g.*, *O'Connor v. Uber Technologies, Inc.*, 904 F.3d 1087, 1094 (9th Cir.

4    2018).  Those basic facts led counsel for the Plaintiffs to say "the reality is the claim has little

5    value" precisely "because the UFC started implementing arbitration clauses." *Le et al. v. Zuffa,*

6    *LLC et al.*, Case No. 2:15-cv-01045, ECF 1036 at 86:17-87:10.  Since their claim admittedly has

7    no value and cannot be pursued on a class basis, Plaintiffs have decided to try to use discovery as

8    a weapon, presumably as part of an effort to generate leverage.  This subpoena to non-party

9    Andrew Schleimer is part of that effort.  Plaintiffs' subpoena contains ***100*** requests for production

10   (the "Requests")—94 of which are identical to requests served upon defendants.  Including

11   Mr. Schleimer, Plaintiffs have also propounded the same exact non-party subpoena to twenty-eight

12   non-parties and are seeking documents in response to over 2,500 requests for production.

13   Pursuant to Rules 26, 34, and 45 of the Federal Rules of Civil Procedure, non-party Andrew

14   Schleimer, objects to Plaintiffs' subpoena as it is neither proper, proportional to the needs of this

15   case, or appropriate given the protections afforded non-parties under Rule 45(d).  Accordingly,

16   Mr. Schleimer will not produce any documents in response to these Requests unless a court orders

17   otherwise.

## GENERAL OBJECTIONS

19   1.    Schleimer objects to the entirety of the 100 Requests that Plaintiffs have directed

20   to Schleimer to the extent the subpoena falls outside the territorial limits of the Court's jurisdiction.

21   2.    Schleimer objects to the entirety of the 100 Requests that Plaintiffs have directed

22   to non-party Schleimer as contradicting Plaintiffs' representation to the Court that they would

23   require only "limited discovery" in connection with this case and would only "request some limited

24   discovery." Pls.' Statement at 5-6, Discovery Plan, ECF No. 51. There is nothing "limited" about

25   100 Requests for Production that Plaintiffs have propounded to a non-party, many of which include

26   unbounded requests for "all documents" or "all communications."

27   3.    The following general objections ("General Objections") are incorporated in

28   Schleimer's Responses to each and every Request (the "Specific Objections"). The fact that

1    Schleimer's Response to an individual Request specifically refers to one or more of the General

2    Objections does not mean that the other General Objections do not apply to that Request and does

3    not waive any of the other General Objections with respect to that Request. No Response to any

4    Request or any subpart of any Request is, or shall be deemed to be, a waiver of any of Schleimer's

5    General Objections.

6          4.    Schleimer provides these Responses based on his interpretation and understanding

7    of each Request. Schleimer reserves the right to amend and/or supplement his Responses in the

8    event that Plaintiffs assert an interpretation that differs from Schleimer's interpretation.

9          5.    Schleimer makes these Responses based on facts reasonably known at the time of

10    answering these Requests. Schleimer's investigation of the facts relating to this case is ongoing

11    and, thus, further discovery, investigation, research, and analysis may supply additional facts,

12    which may alter the contentions and disclosures herein. Schleimer reserves the right to supplement

13    or amend these Responses in such an event. However, Schleimer reserves the right not to

14    supplement his Responses to the extent additional or corrective information has otherwise been

15    made known during the discovery process or in writing, pursuant to Federal Rule of Civil

16    Procedure 26(e)(1)(A).

17          6.    Schleimer objects to the Requests on the grounds that they are premature, as

18    Plaintiffs have not exhausted party discovery. The information sought can initially be addressed

19    through standard party discovery channels. Any commitment to produce any materials in response

20    to these Requests, if any, is expressly conditioned on Plaintiffs first seeking these documents from

21    the named parties through the traditional discovery channels.

22          7.    Schleimer objects to the Requests, and to the instructions and definitions contained

23    therein, to the extent that they seek to impose duties or obligations beyond those imposed by the

24    Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the

25    District of Nevada, the case law interpreting each of them, or any other laws or rules applicable to

26    proceedings in this Court.

27

28

NON-PARTY ANDREW SCHLEIMER'S RESPONSES
AND OBJECTIONS TO PLAINTIFFS' SUBPOENA
Case No. 21-cv-01189-RFB-BNW

8.      Schleimer objects to the Requests as they call for the production of documents that are duplicative of documents already being sought from Zuffa, TKO or Endeavor, and not likely to lead to the production of unique materials from Schleimer.

9.      Schleimer objects to the Requests to the extent that they call for the production of documents that are in whole or in part protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or the joint-defense or common-interest privilege; were prepared in anticipation of litigation or trial; or are subject to any other privilege, protection or immunity applicable under governing law. Schleimer will not produce documents protected by such privileges. To the extent that any Request may be construed as calling for the production of documents or responses that are subject to any such claim of privilege, Schleimer hereby asserts the applicable privilege, immunity, or protection. Specific Objections on the grounds of privilege are provided for emphasis and clarity only, and the absence of a Specific Objection is neither intended, nor should be interpreted, as evidence that Endeavor does not object to a specific Request on the basis of an applicable privilege, immunity, or protection. Any disclosure of any such privileged or protected material in response to any Request is inadvertent and not intended to waive those privileges and protections. Schleimer reserves the right to demand that Plaintiffs return, destroy, or sequester any privileged or protected documents produced and all copies thereof consistent with Federal Rule of Civil Procedure 26(b)(5)(B).

10.      Schleimer objects to the Requests to the extent that they seek documents not within Schleimer's possession, custody, or control or purport to require Schleimer to create documents not currently in his possession, custody, or control. Schleimer further objects to the Requests to the extent that they seek information that Plaintiffs equally may otherwise obtain from public sources or, with less burden or expense, by using other means of discovery.

11.      Schleimer objects to the Requests to the extent that they seek responses from persons or entities other than the named non-party, Andrew Schleimer.

12.      Schleimer objects to the Requests to the extent they assert, imply, suggest, or are premised upon any underlying express or implied assumptions of fact or law with respect to matters at issue in this Action. These Responses are not intended to be, and should not be construed

as, an agreement or concurrence by Schleimer with Plaintiffs' characterization of any facts, circumstances, and/or legal obligations. Schleimer reserves the right to contest any such characterization as inaccurate.

13.    Schleimer objects to the Requests as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent they purport to require production of "all" documents of a particular type under circumstances in which a subset of such documents would be sufficient to show the pertinent information or where such Request would require more than a reasonable, good-faith search of the places where responsive documents are likely to be found.

14.    Schleimer objects to the Requests to the extent they seek information that is not relevant to any party's claim or defense.

15.    Schleimer objects to the Requests to the extent they are not proportional to the needs of the case and to the extent they are (a) overly broad or unduly burdensome; (b) cumulative, duplicative, or repetitive; or (c) vague, ambiguous, lacking in particularity, colloquial, argumentative, capable of multiple interpretations, or unintelligible.

16.    Schleimer's objections, responses, and production of documents shall not be construed as an admission of the relevancy, materiality, authenticity, or admissibility of any document, fact, issue, or piece of information. Schleimer reserves the right to object to the admissibility in evidence of all or any part of the Responses herein. Nor does the fact that Schleimer has responded to, or failed to object to, any Request as set forth below mean that any documents responsive to such Request in fact exist, or that Schleimer acknowledges the propriety of the Request. The failure of Schleimer to make a Specific Objection to any Request is not an admission that information responsive to that Request exists, nor shall Schleimer's failure to object to any Request on a particular ground be construed as a waiver of his rights to object to such Request on that or any additional ground at any time. Any statement in these Responses that Schleimer will produce documents in response to a specific Request does not mean that Schleimer in fact has any such documents in his possession, custody, or control; that any such documents exist; or that Schleimer will search all files maintained by any person. Rather, such a statement reflects the intention of Schleimer, subject to these Responses, to conduct a reasonable search for

1  readily accessible responsive information or documents from sources in which responsive
2  documents that are not otherwise protected from disclosure reasonably would be expected to be
3  found and based on parameters agreed to by the parties.

4          17.    Schleimer objects to the Requests to the extent they purport to require Schleimer to
5  search archived electronic data, "backup" files, or to restore any electronic matter on the ground
6  that such requirements are unduly burdensome and not proportional to the needs of the case.

7          18.    Schleimer objects to the Requests to the extent they call for the disclosure of
8  Schleimer's confidential or proprietary information, trade secrets, commercial information, or
9  other competitively sensitive information. To the extent Schleimer provides his confidential
10  information and/or other competitively sensitive information, Schleimer will do so only subject to
11  the terms of the protective order entered by the Court in this Action, ECF No. 123.

12          19.    Schleimer also objects to the Requests to the extent they seek documents that
13  contain confidential or proprietary information; trade secrets; commercially sensitive information;
14  other competitively sensitive information belonging to a third party but entrusted to Schleimer on
15  conditions of confidentiality and/or non-disclosure; personal information of fighters (such as
16  medical conditions) or, if applicable, Endeavor's or Schleimer's employees, clients, customers, or
17  counterparties; or information that is subject to protective orders or other confidentiality
18  undertakings or is protected from disclosure by legal protections governing the privacy rights of
19  consumers and other persons. To the extent that Schleimer agrees to produce any such documents,
20  such production shall be subject to and contingent upon appropriate notice to and/or consent from
21  such third parties and to the protection of the protective order entered by the Court in this Action,
22  ECF No. 123.

23          20.    Schleimer objects to the Requests to the extent they seek documents and
24  information relating to fighters who would not be part of the putative class and, thus, would have
25  no likelihood of leading to the discovery of relevant or admissible evidence.

26          21.    Schleimer objects to the definition of "Agreement" as overbroad, unduly
27  burdensome, and impractical to the extent it includes verbal agreements. Where called for by a
28  Request (and as agreed by Schleimer), Schleimer will produce documents that regard such verbal

1    agreements, to the extent any such documents exist. However, where a Request asks for the

2    production of the Agreements themselves, Schleimer will not be able to produce materials

3    reflecting verbal agreements, to the extent any such verbal agreements were made.

4        22.    Schleimer objects to the definition of "Defendants" to the extent that it purports to

5    include anything other than the named Defendants in this Action: Zuffa, LLC, TKO Operating

6    Company, LLC, and Endeavor Group Holdings, Inc.

7        23.    Schleimer objects to the definition of "Electronically Stored Information" to the

8    extent it includes electronic information or data that is not reasonably accessible, or in a form

9    beyond that required by the Federal Rules of Civil Procedure. Schleimer also objects to the

10   Definition to the extent that "activity listings of electronic mail receipts and/or transmittals" is

11   undefined.

12       24.    Schleimer objects to the definitions of "Endeavor," "Defendants," "TKO," "Zuffa,"

13   and "UFC" to the extent they encompass or purport to encompass persons or entities that are not

14   the named Defendants, and their current executives, employees, agents, owners, departments, and

15   divisions within their control. Schleimer also objects to these definitions to the extent that they

16   purport to include the subsidiaries, predecessors, successors, or affiliates of Endeavor, including

17   entities "in which Endeavor owns a controlling share or which Endeavor manages or controls."

18   Schleimer further objects to these definitions as vague, ambiguous, overbroad, and unduly

19   burdensome to the extent that they encompass or purport to encompass "any persons acting or

20   purporting to act on behalf of the responding Defendant." Schleimer further objects that this

21   definition is overbroad to the extent that it includes all of Endeavor's former directors, members,

22   officers, employees, agents, or representatives.

23       25.    Schleimer objects to the definition "Identify" to the extent that it calls for

24   identification of an individual's confidential personal information, including Social Security

25   numbers. Schleimer further objects to this definition to the extent it requires Schleimer to do

26   anything other than produce preexisting responsive documents within his possession, custody, or

27   control created and collected in the ordinary course of business.

28       26.    Schleimer objects to the definition of "Meeting" as overbroad and vague to the

extent it includes any nonscheduled or unplanned "contemporaneous presence of two or more persons for any purpose."

27.    Schleimer objects to the definition of "Pre-Bout Event" as overbroad to the extent it includes "training." Schleimer will interpret "training" in the definition of "Pre-Bout Event" as though it reads "media regarding training."

28.    Schleimer objects to the definition of "Professional MMA Fighter" as vague, ambiguous, and confusing in that it circuitously uses the term "Professional MMA Bout," which in turn uses the term "Professional MMA Fighter" in its definition. Schleimer will interpret "Professional MMA Fighter" to mean a person who is paid to fight in MMA bouts.

29.    Schleimer objects to the definitions of "You" and "Your" to the extent that they purport to include anything not in the possession, custody, or control of Schleimer. This includes anything in the possession, custody, or control of any organization or entity which Schleimer manages, controls, has an ownership interest in, or is employed by, as well as any employees, agents, representatives, or persons acting or purporting to act on Schleimer's behalf. Schleimer further objects to the definitions of "You" and "Your" on the ground that Plaintiffs' definition of "You" and "Your" is overly broad, imposes burdens and expenses that outweigh its likely benefit, is disproportionate to the needs of this case, seeks materials that are not relevant to any party's claim or defense in this case, and/or calls for Schleimer to provide information protected by attorney-client privilege, work product doctrine, or other privileges and protections.

30.    Schleimer objects to the definition of "Zuffa" as overly broad, unduly burdensome, vague, and ambiguous to the extent it purports to include or includes parties and entities outside of named Defendant, Zuffa, LLC, such as predecessors, successors, affiliates, "any organization or entity that it owns, manages or controls," former directors, officers, employees, employees and representatives and others "purporting to act on Zuffa's behalf." Schleimer also objects to the extent that these definitions seek documents from predecessor companies or entities that were acquired by or merged with Zuffa.

31.    To the extent Schleimer possesses any non-objectionable, non-privileged documents and/or data that are responsive to the Requests, Schleimer will produce documents

and/or data as they are kept in the usual course of business, and will produce them in a reasonable format, at a reasonable time, and at a reasonable location to be mutually agreed upon by the parties. Schleimer objects to the extent any Request calls for data to be provided in ways that are not done in the normal course of business. Schleimer objects to contrary instructions.

32.     Schleimer objects to Instruction No. 1 to the extent that it requires or purports to require Schleimer to conduct anything beyond a reasonable search for documents within his possession, custody, or control.

33.     Schleimer objects to Instruction No. 2 as beyond the requirements of Federal Rules of Civil Procedure 26 and 34. To the extent responsive documents are withheld on a basis of privilege, Endeavor will produce a privilege log in the form agreed upon by the parties.

34.     Schleimer objects to Instruction No. 3 and each Request to the extent it purports to require the production of original documents. Schleimer will make available legible copies of responsive documents, to the extent any exist, to Plaintiffs' attorneys. Schleimer reserves the right to make original documents available on his own premises.

35.     Schleimer objects to Instruction No. 5 to the extent that it requires or purports to require the production of Documents otherwise uncalled for by the Requests or the stipulation regarding the production of electronically stored information and other documents that the parties are negotiating. Schleimer also objects to the Instruction to the extent that it purports to impose obligations beyond those required by the Federal Rules of Civil Procedure.

36.     Schleimer objects to Instruction No. 6 to the extent that it purports to require production of documents in a manner that exceeds the stipulation regarding production of electronically stored information and other documents that the parties are negotiating. Schleimer also objects to the Instruction to the extent that it purports to impose obligations beyond those required by the Federal Rules of Civil Procedure.

37.     Schleimer objects to Instruction No. 7 to the extent that it purports to require Schleimer to disclose information that constitutes or reflects attorney work product or is otherwise protected from disclosure under any other privilege, protection or immunity applicable under the governing law.

38.     Schleimer objects to Instruction No. 8 to the extent it purports to require Schleimer to do more than undertake a reasonable and diligent search for responsive documents. Schleimer further objects to this Instruction to the extent that it purports to require Schleimer to maintain information about documents that may no longer exist and to the extent that it purports to impose obligations beyond those required by the Federal Rules of Civil Procedure or Local Rules for the United States District Court for the District of Nevada, case law interpreting each of them, or any other laws or rules applicable to proceedings in this Court.

39.     Schleimer objects to Instruction No. 9 to the extent that the Instruction purports to require preservation of "all" data and metadata as overbroad and burdensome. Schleimer also objects to the Instruction to the extent that it purports to impose obligations beyond those required by the Federal Rules of Civil Procedure.

40.     Schleimer objects to Instruction Nos. 10 through 17 to the extent that they purport to require production of documents in a manner that exceeds the stipulation regarding production of electronically stored information and other documents that the parties are negotiating. Schleimer also objects to Instruction Nos. 10 through 17 to the extent that they purport to impose obligations beyond those required by the Federal Rules of Civil Procedure.

41.     Schleimer objects to Instruction No. 18 to the extent that it purports to impose obligations beyond those required by the Federal Rules of Civil Procedure. For any information stored in a database, Schleimer will meet and confer with Plaintiffs regarding the information available and produce data in a useable format, to the extent any such data exists and is responsive to the Requests.

42.     Schleimer objects to Instruction Nos. 20, 22, and 23 to the extent they impose or purport to impose duties or obligations beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the District of Nevada, the case law interpreting each of them, or any other laws or rules applicable to proceedings in this Court.

43.     Schleimer objects to the Relevant Time Period beginning on January 1, 2015 until the present, as it is overbroad because it stretches well beyond the period which is the basis of this Action.

44.    These General Objections are incorporated into each one of the following Responses and shall be deemed continuing as to each response. These General Objections are not waived, or in any way limited, by the following Responses.

## SPECIFIC OBJECTIONS

**REQUEST FOR PRODUCTION NO. 1:**

Documents sufficient to identify each electronic device that You used to transmit or receive Communications during the Relevant Time Period, including but not limited to cellular telephones, laptop or notebook computers, desktop computers, and portable tablets, including but not limited to Any electronic device that You purchased, that was purchased for You, or that was issued to You by Defendants.

**RESPONSE TO REQUEST NO. 1:**

In addition to the General Objections set forth above, Schleimer objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses, including because it calls for "each" and "Any electronic device" used by a non-party over a ten year time period, extending beyond the time period relevant to this Action. Schleimer further objects to this Request as impermissibly propounding an interrogatory on a non-party by means of a request for production of documents. Schleimer further objects to this Request as improperly bypassing party discovery. Plaintiffs and Endeavor have been actively meeting and conferring over party discovery, and this Request seeks to circumvent that process.

Schleimer will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 2:**

Documents sufficient to identify the telephone number and provider or carrier of each cellular telephone identified in response to Request No. 1.

**RESPONSE TO REQUEST NO. 2:**

In addition to the General Objections set forth above, Schleimer objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses, including because it calls for "each cellular

telephone" used by a non-party over a ten year time period, extending beyond the time period relevant to this Action. Schleimer further objects to this Request as impermissibly propounding an interrogatory on a non-party by means of a request for production of documents. Schleimer further objects to this Request as improperly bypassing party discovery. Plaintiffs and Endeavor have been actively meeting and conferring over party discovery, and this Request seeks to circumvent that process.

Schleimer will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 3:**

Documents sufficient to identify when You first started using and, if applicable, when You stopped using, each mobile telephone number identified in response to Request No. 2.

**RESPONSE TO REQUEST NO. 3:**

In addition to the General Objections set forth above, Schleimer objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses, including because it calls for information about "each mobile telephone number" used by a non-party over a ten year time period, extending beyond the time period relevant to this Action. Schleimer further objects to this Request as impermissibly propounding an interrogatory on a non-party by means of a request for production of documents. Schleimer further objects to this Request as improperly bypassing party discovery. Plaintiffs and Endeavor have been actively meeting and conferring over party discovery, and this Request seeks to circumvent that process.

Schleimer will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 4:**

Documents sufficient to identify each messaging account or social media account that You used during the Relevant Time Period, including but not limited to Discord, Facebook, Google Chat, iMessage, Instagram, Kik, Microsoft Teams, Reddit, Signal, Skype, Slack, Snapchat, Telegram, TikTok, Truth Social, Whatsapp, WeChat, Zoom, X (Twitter), etc.

**RESPONSE TO REQUEST NO. 4:**

In addition to the General Objections set forth above, Schleimer objects to this Request as

1  overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

2  that is not relevant to any party's claims or defenses, including because it calls for "each messaging

3  account or social media account" used by a non-party over a ten year time period, extending

4  beyond the time period relevant to this Action. Schleimer further objects to this Request as

5  impermissibly propounding an interrogatory on a non-party by means of a request for production

6  of documents. Schleimer further objects to this Request as improperly bypassing party discovery.

7  Plaintiffs and Endeavor have been actively meeting and conferring over party discovery, and this

8  Request seeks to circumvent that process.

9       Schleimer will not produce documents in response to this Request.

10  **REQUEST FOR PRODUCTION NO. 5:**

11       Documents sufficient to identify All username(s) and social media handle(s) for each

12  account identified in response to Request No. 4.

13  **RESPONSE TO REQUEST NO. 5:**

14       In addition to the General Objections set forth above, Schleimer objects to this Request as

15  overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

16  that is not relevant to any party's claims or defenses, including because it calls for "All username(s)

17  and social media handle(s)" used by a non-party over a ten year time period, extending beyond the

18  time period relevant to this Action. Schleimer further objects to this Request as impermissibly

19  propounding an interrogatory on a non-party by means of a request for production of documents.

20  Schleimer further objects to this Request as improperly bypassing party discovery. Plaintiffs and

21  Endeavor have been actively meeting and conferring over party discovery, and this Request seeks

22  to circumvent that process.

23       Schleimer will not produce documents in response to this Request.

24  **REQUEST FOR PRODUCTION NO. 6:**

25       Documents sufficient to identify each email account that You used during the Relevant

26  Time Period.

27  **RESPONSE TO REQUEST NO. 6:**

28       In addition to the General Objections set forth above, Schleimer objects to this Request as

1   overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

2   that is not relevant to any party's claims or defenses, including because it calls for "each email

3   account" used by a non-party over a ten year time period, extending beyond the time period

4   relevant to this Action. Schleimer further objects to this Request as impermissibly propounding an

5   interrogatory on a non-party by means of a request for production of documents. Schleimer further

6   objects to this Request as improperly bypassing party discovery. Plaintiffs and Endeavor have been

7   actively meeting and conferring over party discovery, and this Request seeks to circumvent that

8   process.

9        Schleimer will not produce documents in response to this Request.

10  **REQUEST FOR PRODUCTION NO. 7:**

11       All Documents and Communications relating to Your role and activities relating to the

12  distribution of UFC Events, including, without limitation, materials reflecting or describing any

13  strategy for distributing UFC Events, the criteria any broadcast or distribution partners require

14  concerning UFC Events (e.g., whether particular UFC Fighters must be available to appear,

15  whether UFC Fighters of a particular rank must be available to appear, whether any particular UFC

16  Event or proportion or set of UFC Events must include a championship bout), and/or advice or

17  support You provide or provided to the UFC concerning its distribution of UFC Events.

18  **RESPONSE TO REQUEST NO. 7:**

19       In addition to the General Objections set forth above, Schleimer objects to this Request as

20  overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

21  that is not relevant to any party's claims or defenses, including because it calls for "All Documents

22  and Communications" over a ten year time period, extending beyond the time period relevant to

23  this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Schleimer

24  also objects that the phrases "role and activities," "any strategy," "criteria," and "advice or

25  support" as used in this Request are vague and ambiguous. Schleimer further objects to this

26  Request as vague, ambiguous, confusing, and incomplete because it uses the capitalized term

27  "UFC Event," which is not otherwise defined. Schleimer further objects to this Request as seeking

28  documents and information relating to fighters who would not be members of the putative class

1  and, thus, would have no likelihood of leading to the discovery of relevant or admissible evidence.

2  Schleimer further objects to this Request to the extent it seeks documents that are not within

3  Schleimer's possession, custody, or control. Schleimer further objects to this Request as

4  duplicative of Request No. 85 to Endeavor. Endeavor has been actively meeting and conferring

5  with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

6  discovery.

7      Schleimer will not produce documents in response to this Request.

8  **REQUEST FOR PRODUCTION NO. 8:**

9      All Documents and Communications relating to Your role in producing UFC Events,

10  including materials relating to expenditures You made in connection with such Event production,

11  Your personnel's roles in UFC Event production, and any contracts or Agreements relating to Your

12  role in producing UFC Events, and any Documents or Communications reflecting Your control or

13  influence over the contents of UFC Events (e.g., which UFC Fighters will appear at the Event, the

14  number and/or timing of UFC Events, the number and/or order of UFC Fighters appearing on a

15  UFC Event card).

16  **RESPONSE TO REQUEST NO. 8:**

17      In addition to the General Objections set forth above, Schleimer objects to this Request as

18  overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

19  that is not relevant to any party's claims or defenses, including because it calls for "All Documents

20  and Communications" over a ten year time period, extending beyond the time period relevant to

21  this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Schleimer

22  also objects that the phrases "role in producing," "control or influence," and "contents" are vague

23  and ambiguous. Schleimer further objects to this Request as vague, ambiguous, confusing, and

24  incomplete because it uses the capitalized term "UFC Events," which is not otherwise defined.

25  Schleimer further objects to the extent this Request calls for documents protected from disclosure

26  by the attorney-client privilege, work-product doctrine, or any other applicable privilege.

27  Schleimer further objects to this Request as seeking documents and information relating to fighters

28  who would not be members of the putative class and, thus, would have no likelihood of leading to

1   the discovery of relevant or admissible evidence. Schleimer further objects to this Request to the

2   extent it seeks documents that are not within Schleimer's possession, custody, or control.

3   Schleimer further objects to this Request as duplicative of Request No. 86 to Endeavor. Endeavor

4   has been actively meeting and conferring with Plaintiffs over this same Request, and thus this

5   Request improperly seeks to bypass party discovery.

6        Schleimer will not produce documents in response to this Request.

7   **REQUEST FOR PRODUCTION NO. 9:**

8        Documents and Communications sufficient to identify all of Your costs and expenses

9   associated with producing UFC Events, including a final profit and loss calculation for each UFC

10  Event.

11  **RESPONSE TO REQUEST NO. 9:**

12       In addition to the General Objections set forth above, Schleimer objects to this Request as

13  overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

14  that is not relevant to any party's claims or defenses, including because it calls for "all" of TKO's

15  costs and expenses associated with producing UFC Events, over a ten year time period, extending

16  beyond the time period relevant to this Action, and it is not limited in scope to the claims or

17  defenses at issue in this Action. Schleimer objects that the phrase "associated with producing" is

18  vague and ambiguous. Schleimer further objects to this Request as vague, ambiguous, confusing,

19  and incomplete because it uses the capitalized term "UFC Events," which is not otherwise defined.

20  Schleimer further objects to this Request to the extent it seeks documents that are not within

21  Schleimer's possession, custody, or control. Schleimer further objects to this Request as

22  duplicative of Request No. 87 to Endeavor. Endeavor has been actively meeting and conferring

23  with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

24  discovery.

25       Schleimer will not produce documents in response to this Request.

26  **REQUEST FOR PRODUCTION NO. 10:**

27       All Documents and Communications relating to Your role in operating UFC's Fight Pass

28  streaming platform, including, without limitation, Documents reflecting Endeavor's strategic

planning for UFC's Fight Pass platform, Endeavor's employees' roles in operating the UFC's Fight Pass platform, Endeavor's strategy for marketing and selling access to the UFC's Fight Pass platform, all Agreements with third-parties to market and/or sell access to the UFC's Fight Pass platform, and/or any analysis of the UFC's Fight Pass platform's financial and/or market performance.

**RESPONSE TO REQUEST NO. 10:**

In addition to the General Objections set forth above, Schleimer objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses, including because it calls for "All Documents and Communications" over a ten year time period, extending beyond the time period relevant to this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Schleimer objects that the phrases "strategic planning," "strategy for marketing and selling," "any analysis" and "financial and/or market performance" as used in this Request are vague and ambiguous. Schleimer further objects to the extent this Request calls for documents protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Schleimer further objects to this Request to the extent it seeks documents that are not within Schleimer's possession, custody, or control. Schleimer further objects to this Request as duplicative of Request No. 88 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Schleimer will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents and Communications relating to Your business strategy for the UFC, including but not limited to SWOT analyses, financial analyses, strategies, analyses of UFC Fighter compensation, counterprogramming of other MMA Promoters' Professional MMA Events, assessments of other MMA Promoters' Professional MMA Fighter rosters, and acquisition analyses and strategies.

**RESPONSE TO REQUEST NO. 11:**

In addition to the General Objections set forth above, Schleimer objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses, including because it calls for "All Documents and Communications" over a ten year time period, extending beyond the time period relevant to this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Schleimer objects that the phrases "business strategy," "SWOT analyses, financial analyses, strategies," "assessments," and "acquisition analyses and strategies" as used in this Request are vague and ambiguous. Schleimer further objects to this Request as seeking documents and information relating to fighters who would not be members of the putative class and, thus, would have no likelihood of leading to the discovery of relevant or admissible evidence. Schleimer further objects to this Request to the extent it seeks documents that are not within Schleimer's possession, custody, or control. Schleimer further objects to this Request as duplicative of Request No. 89 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Schleimer will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents and Communications relating to any provisions in the UFC's Promotional and Ancillary Rights Agreements with UFC Fighters limiting the UFC's ability to extend the term of the Agreement (e.g., Paragraphs 4.3.2 and 4.4 in ZUFFA-J_00003638 and Paragraph 4.5 in UFC-00086462), including without limitation, the strategic and business purposes of these provisions and any changes thereto over time, evaluations of the effect of these provisions on the UFC's ability (or inability) to retain UFC Fighters under contract, evaluations on the benefits to Endeavor of such provisions, the criteria (and bases for employing such criteria) the UFC has used to determine whether to include such a provision (or not include such a provision) in the Promotional and Ancillary Rights Agreement of any particular UFC Fighter or group of UFC Fighters, and any correspondence or exchanged drafts of UFC Promotional and Ancillary Rights Agreements concerning the UFC Fighters' (or UFC Fighters' agents, managers, or other

1    representatives) desire to include such a provision or make changes to such a provision in a UFC

2    contract proposal.

3    **RESPONSE TO REQUEST NO. 12:**

4        In addition to the General Objections set forth above, Schleimer objects to this Request as

5    overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

6    that is not relevant to any party's claims or defenses, including because it calls for "All Documents

7    and Communications" over a ten year time period, extending beyond the time period relevant to

8    this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Schleimer

9    objects that the phrases "strategic and business purposes" and "evaluations" as used in this Request

10   are vague and ambiguous. Schleimer further objects to this Request as seeking documents and

11   information relating to fighters who would not be members of the putative class and, thus, would

12   have no likelihood of leading to the discovery of relevant or admissible evidence. Schleimer further

13   objects to the extent this Request calls for documents protected from disclosure by the attorney-

14   client privilege, work-product doctrine, or any other applicable privilege. Schleimer further objects

15   to this Request to the extent it seeks documents that are not within Schleimer's possession, custody,

16   or control. Schleimer further objects to this Request as duplicative of Request No. 90 to Endeavor.

17   Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and

18   thus this Request improperly seeks to bypass party discovery.

19       Schleimer will not produce documents in response to this Request.

20   **REQUEST FOR PRODUCTION NO. 13:**

21       All Documents and Communications relating to the UFC's business strategy for

22   Professional MMA Events and/or Professional MMA Bouts held at UFC Apex, including

23   Documents and Communications discussing the reasons for creating and/or establishing the UFC

24   Apex, how UFC determines which Professional MMA Events and/or Professional MMA Bouts

25   will be held at the Apex, and why any Professional MMA Events and/or Professional MMA Bouts

26   were held at the Apex.

27

28

**RESPONSE TO REQUEST NO. 13**

In addition to the General Objections set forth above, Schleimer objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses, including because it calls for "All Documents and Communications" over a ten year time period, extending beyond the time period relevant to this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Schleimer further objects that the phrase "business strategy" as used in this Request is vague and ambiguous. Schleimer further objects to the extent this Request is duplicative of Request No. 85 to Zuffa. Schleimer further objects to this Request to the extent it seeks documents that are not within Schleimer's possession, custody, or control. Schleimer further objects to this Request as duplicative of Request No. 91 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Schleimer will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 14:**

All monthly and annual financial documents containing information concerning the business operations at the UFC Apex, including without limitation all audited financial statements, balance sheets, income statements, profit and loss reports, margin analyses, equity valuations, asset appraisals, financial models, budgets (proposed or otherwise), investor presentations, margin analyses, pro form as, regulatory filings (including income tax returns), issuance of equity or debit, loans, and money owed or receivable, and any other form of financial reporting.

**RESPONSE TO REQUEST NO. 14:**

In addition to the General Objections set forth above, Schleimer objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses, including because it calls for "All" monthly and annual financial documents over a ten year time period, extending beyond the time period relevant to this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Schleimer further objects that the phrases "financial documents," "business operations," and "any

other form of financial reporting" as used in this Request are vague and ambiguous. Schleimer further objects to the extent this Request is duplicative of Request No. 86 to Zuffa. Schleimer further objects to this Request to the extent it seeks documents that are not within Schleimer's possession, custody, or control. Schleimer further objects to this Request as duplicative of Request No. 92 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Schleimer will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents and Communications relating to any changes in the form and/or structure of revenues the UFC received for its broadcast rights, including, without limitation, Documents and Communications relating to changes in structure of PPV revenues received by the UFC and paid by ESPN following the UFC's 2019 broadcast rights deal with ESPN, including materials analyzing such changes and any corresponding changes in business practices or operations the UFC considered implementing based on such change in structure.

**RESPONSE TO REQUEST NO.15:**

In addition to the General Objections set forth above, Schleimer objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses, including because it requests "All Documents and Communications" over a ten year time period, extending beyond the time period relevant to this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Schleimer further objects that the phrases "materials analyzing such changes," "corresponding changes," and "considered implementing" as used in this Request are vague and ambiguous. Schleimer further objects to the extent this Request calls for documents protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Schleimer further objects to the extent this Request is duplicative of Request No. 87 to Zuffa. Schleimer further objects to this Request to the extent it seeks documents that are not within Schleimer's possession, custody, or control. Schleimer further objects to this Request as duplicative of Request No. 93 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and

1  thus this Request improperly seeks to bypass party discovery.

2      Schleimer will not produce documents in response to this Request.

3  **REQUEST FOR PRODUCTION NO. 16:**

4      All Documents and Communications relating to Your "flywheel"1 as it pertains to the

5  UFC, including without limitation, materials reflecting how "the integration of [Your] broad range

6  of capabilities, along with [Your] owned and managed premium sports and entertainment

7  properties [including the UFC], drives network effects across the Endeavor flywheel," how such

8  network effects "across the Endeavor flywheel" "connect and utilize multiple divisions of

9  Endeavor [including the UFC] maximize the power of [Your] platform [and] creat[e] value for

10  [Your] business, clients and employees," and the ways in which You have "realized top line and

11  cost synergies as [You] have integrated more than 30 acquisitions including IMG, UFC, PBR,

12  160over90, and On Location." Form 10-K for the fiscal year ended December 31, 2022, of

13  Endeavor Group Holdings, Inc.

14  **RESPONSE TO REQUEST NO. 16:**

15      In addition to the General Objections set forth above, Schleimer objects to this Request as

16  overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

17  that is not relevant to any party's claims or defenses, including because it calls for "All Documents

18  and Communications" over a ten year time period, extending beyond the time period relevant to

19  this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Schleimer

20  further objects that the phrases "flywheel" and "materials reflecting" as used in this Request are

21  vague and ambiguous. Schleimer further objects to this Request to the extent that it seeks public

22  information—including information in Plaintiffs' control—that is readily accessible by Plaintiffs

23  and which should be collected by Plaintiffs under the reasonableness and proportionality standards

24  set forth in the Federal Rules of Civil Procedure. Schleimer further objects to the extent this

25  Request calls for documents protected from disclosure by the attorney-client privilege, work-

26  product doctrine, or any other applicable privilege. Schleimer further objects to this Request to the

27  extent it seeks documents that are not within Schleimer's possession, custody, or control.

28  Schleimer further objects to this Request as duplicative of Request No. 94 to Endeavor. Endeavor

1   has been actively meeting and conferring with Plaintiffs over this same Request, and thus this

2   Request improperly seeks to bypass party discovery.

3       Schleimer will not produce documents in response to this Request.

4   **REQUEST FOR PRODUCTION NO. 17:**

5       All Documents and Communications produced by You to any government or government

6   agency in response to any investigative demand or other request from the U.S. Department of

7   Justice, the U.S. Federal Trade Commission, any state regulatory agency, or any foreign regulatory

8   agency related to: (a) Your policies, practices, guidelines, and training directed to compliance with

9   U.S. governmental regulatory agencies, or any foreign regulatory agency, including all Documents

10  concerning the creation of such policies, and any statements signed by Your employees or agents

11  acknowledging their receipt of or compliance with Your compliance policies; (b) the acquisition

12  of Zuffa or any parent of or successor to Zuffa by Endeavor Group Holdings, Inc.; or (c) the merger

13  of Zuffa or any parent of or successor to Zuffa with World Wrestling Entertainment, Inc. (a/k/a

14  WWE) or any parent of or successor to World Wrestling Entertainment, Inc. Explicitly included

15  within the scope of this Interrogatory is any correspondence or documents exchanged between

16  You and the U.S. Department of Justice, including documents reflecting or constituting any

17  Communications with former Assistant Attorney General for the Department of Justice Antitrust

18  Division Makan Delrahim, relating to Le, et al. v. Zuffa, LLC, 2:21-cv- 1189-RFBBNW (D. Nev.).

19  **RESPONSE TO REQUEST NO. 17:**

20      In addition to the General Objections set forth above, Schleimer objects to this Request as

21  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

22  calculated to lead to the discovery of relevant or admissible evidence, including because it seeks

23  information not relevant to any claim or defense at issue in this Action by requesting documents

24  produced to "any government or government agency in response to any investigative demand or

25  other request" related to a wide range of topics that have no relevance to the claims or defenses at

26  issue in this Action, including because they relate to transactions that are not challenged or at issue

27  in this Action. Schleimer also objects that the phrase "directed to compliance with" is vague,

28  ambiguous, and unintelligible as written. Schleimer further objects to this Request to the extent it

refers to an "Interrogatory" and will interpret this Request to refer to a "Request." Schleimer further objects to this Request to the extent it calls for communications with former Assistant Attorney General for the Department of Justice Antitrust Division Makan Delrahim after he joined the law firm of Latham & Watkins LLP. Such communications are protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Schleimer further objects to this Request to the extent it seeks documents that are not within Schleimer's possession, custody, or control. Schleimer further objects to this Request as duplicative of Request No. 1 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Schleimer will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 18:**

All Documents and Communications produced by You to the U.S. government pursuant to the Hart-Scott-Rodino Antitrust Improvements Act of 1976, Pub. L. No. 94-435, and any second requests, related to the acquisition of Zuffa or any parent of or successor to Zuffa by Endeavor Group Holdings, Inc., or to the merger of Zuffa or any parent of or successor to Zuffa with World Wrestling Entertainment, Inc. (a/k/a WWE) or any parent of or successor to World Wrestling Entertainment, Inc., or the formation of TKO Group Holdings, Inc.

**RESPONSE TO REQUEST NO. 18:**

In addition to the General Objections set forth above, Schleimer objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it seeks "All Documents and Communications" produced for an ten year time period, extending beyond the time period relevant to this case, and which relate to transactions not challenged or at issue in this Action and which are otherwise not relevant to any claim or defense in this Action. Schleimer further objects to this Request to the extent it seeks documents that are not within Schleimer's possession, custody, or control. Schleimer further objects to this Request as duplicative of Request No. 2 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this

1   same Request, and thus this Request improperly seeks to bypass party discovery.

2       Schleimer will not produce documents in response to this Request.

3   **REQUEST FOR PRODUCTION NO. 19:**

4       All Documents and Communications relating to any Agreements between (a) Zuffa and

5   any Professional MMA Fighter, and (b) any other MMA Promoter and any Professional MMA

6   Fighter, including all Agreements concerning competition in Professional MMA Bouts (and any

7   amendments thereto), including Promotional and Ancillary Rights Agreements, Bout Agreements,

8   "side letter" and/or letter Agreements, Merchandise Rights Agreements, sponsorship Agreements,

9   and all Documents and Communications relating to negotiations with any Professional MMA

10  Fighter or any Person purporting to represent a Professional MMA Fighter, including all draft

11  Agreements.

12  **RESPONSE TO REQUEST NO. 19:**

13      In addition to the General Objections set forth above, Schleimer objects to this Request as

14  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

15  calculated to lead to the discovery of relevant or admissible evidence, including because it calls

16  for "All Documents and Communications" over a ten year time period, extending beyond the time

17  period relevant to this case, and relating to, among other things, agreements between "any other

18  MMA Promoter and any Professional MMA Fighter." Schleimer also objects that the phrase

19  "relating to negotiations" and "purporting to represent" are vague and ambiguous. Schleimer

20  further objects to the extent this Request calls for documents protected from disclosure by the

21  attorney-client privilege, work-product doctrine, or any other applicable privilege. Schleimer

22  further objects to this Request as seeking documents and information relating to fighters who

23  would not be members of the putative class and, thus, would have no likelihood of leading to the

24  discovery of relevant or admissible evidence. Schleimer further objects to this Request to the extent

25  it seeks documents that are not within Schleimer's possession, custody, or control. Schleimer

26  further objects to this Request to the extent that it is duplicative of Request No. 4 to Zuffa,

27  including to the extent it calls for agreements between Zuffa and any Professional MMA Fighter

28  or any other MMA Promoter and any Professional MMA Fighter. Schleimer further objects to this

1  Request as duplicative of Request No. 3 to Endeavor. Endeavor has been actively meeting and

2  conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass

3  party discovery.

4        Schleimer will not produce documents in response to this Request.

5  **REQUEST FOR PRODUCTION NO. 20:**

6        Each Agreement between you and a Professional MMA Fighter entered into or in effect

7  during the Relevant Time Period.

8  **RESPONSE TO REQUEST NO. 20:**

9        In addition to the General Objections set forth above, Schleimer objects to this Request as

10  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

11  calculated to lead to the discovery of relevant or admissible evidence, including because it requests

12  "Each Agreement" over at least a ten year time period, extending beyond the time period relevant

13  to this case. Schleimer further objects to this Request as vague, ambiguous, confusing, and

14  incomplete because it does not define "you." Schleimer also objects to this Request as seeking

15  documents and information relating to fighters who would not be members of the putative class

16  and, thus, would have no likelihood of leading to the discovery of relevant or admissible evidence.

17  Schleimer further objects to this Request to the extent it seeks documents that are not within

18  Schleimer's possession, custody, or control. Schleimer further objects to this Request as

19  duplicative of Request No. 4 to Endeavor. Endeavor has been actively meeting and conferring with

20  Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

21  discovery.

22        Schleimer will not produce documents in response to this Request.

23  **REQUEST FOR PRODUCTION NO. 21:**

24        All Documents and Communications evidencing the negotiation of any Agreement

25  responsive to the preceding Request.

26  **RESPONSE TO REQUEST NO. 21:**

27        In addition to the General Objections set forth above, Schleimer objects to this Request as

28  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

1  calculated to lead to the discovery of relevant or admissible evidence, including because it calls

2  for "All Documents and Communications" over at least a ten year time period, extending beyond

3  the time period relevant to this Action. Schleimer also objects to the extent this Request calls for

4  documents protected from disclosure by the attorney-client privilege, work-product doctrine, or

5  any other applicable privilege. Schleimer further objects that the phrase "evidencing the

6  negotiation of" is vague and ambiguous. Schleimer further objects to this Request as seeking

7  documents and information relating to fighters who would not be members of the putative class

8  and, thus, would have no likelihood of leading to the discovery of relevant or admissible evidence.

9  Schleimer further objects to this Request to the extent it seeks documents that are not within

10  Schleimer's possession, custody, or control. Schleimer further objects to this Request as

11  duplicative of Request No. 5 to Endeavor. Endeavor has been actively meeting and conferring with

12  Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

13  discovery.

14      Schleimer will not produce documents in response to this Request.

15  **REQUEST FOR PRODUCTION NO. 22**

16      All Documents and Communications consisting of or relating to Your discussion, analysis,

17  interpretation or characterization of any Agreement, and the negotiation thereof, responsive to

18  Request No. 21.

19  **RESPONSE TO REQUEST NO. 22:**

20      In addition to the General Objections set forth above, Schleimer objects to this Request as

21  vague, ambiguous, and unintelligible as written to the extent it refers to "Request No. 21."

22  Endeavor will interpret this Request as though it refers to "Request No. 20" instead. Schleimer

23  objects that this Request is overbroad, unduly burdensome, not proportional to the needs of the

24  case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence,

25  including because it calls for "All Documents and Communications" over a ten year period,

26  extending beyond the time period relevant to this Action. Schleimer also objects to the extent this

27  Request calls for documents protected from disclosure by the attorney-client privilege, work

28  product doctrine, or any other applicable privilege. Schleimer further objects that the phrase

1  "discussion, analysis, interpretation or characterization" is vague and ambiguous. Schleimer

2  further objects to this Request as seeking documents and information relating to fighters who

3  would not be members of the putative class and, thus, would have no likelihood of leading to the

4  discovery of relevant or admissible evidence. Schleimer further objects to this Request to the extent

5  it seeks documents that are not within Schleimer's possession, custody, or control. Schleimer

6  further objects to this Request as Schleimer and his employer, Endeavor, are not alleged to have

7  had any agreements with any professional MMA fighters that are relevant to this Action. Schleimer

8  further objects to this Request as duplicative of Request No. 6 to Endeavor. Endeavor has been

9  actively meeting and conferring with Plaintiffs over this same Request, and thus this Request

10  improperly seeks to bypass party discovery.

11      Schleimer will not produce documents in response to this Request.

12  **REQUEST FOR PRODUCTION NO. 23:**

13      All arbitration clauses or class action waivers between You and any Professional MMA

14  Fighters, whether set forth in an Agreement or otherwise, and all Documents and Communications

15  relating to any such arbitration clause or class action waiver, including without limitation analyses,

16  draft proposed clauses, analyses of such clauses, white papers, reports, slide presentations, or

17  discussions regarding the reasons for, or potential benefits to Zuffa or Endeavor or anyone else of,

18  including arbitration clauses and/or class action waivers in Your Agreements with Professional

19  MMA Fighters.

20  **RESPONSE TO REQUEST NO. 23:**

21      In addition to the General Objections set forth above, Schleimer objects that this Request

22  is overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

23  calculated to lead to the discovery of relevant or admissible evidence, including because it asks for

24  "All arbitration clauses or class action waivers" and "all Documents and Communications"

25  relating to such clauses over a ten year time period, extending beyond the time period relevant to

26  this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Schleimer

27  also objects that the phrases "analyses," "discussions regarding the reasons for," and "potential

28  benefits" are vague and ambiguous. Schleimer further objects to the extent this Request calls for

1   documents protected from disclosure by the attorney-client privilege, work product doctrine, or

2   any other applicable privilege. Schleimer further objects to this Request as seeking documents and

3   information relating to fighters who would not be members of the putative class and, thus, would

4   have no likelihood of leading to the discovery of relevant or admissible evidence. Schleimer further

5   objects to this Request to the extent it seeks documents that are not within Schleimer's possession,

6   custody, or control. Schleimer further objects to this Request as duplicative of Request No. 7 to

7   Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same

8   Request, and thus this Request improperly seeks to bypass party discovery.

9        Schleimer will not produce documents in response to this Request.

10  **REQUEST FOR PRODUCTION NO. 24:**

11       All Documents and Communications evidencing the negotiation of any Agreement

12  responsive to the preceding Request.

13  **RESPONSE TO REQUEST NO. 24:**

14       In addition to the General Objections set forth above, Schleimer objects that this Request

15  duplicative of the Request No. 23's request for "all Documents and Communications" concerning

16  the same topic, and as is overbroad, unduly burdensome, not proportional to the needs of the case,

17  and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including

18  because it asks for "All Documents and Communications" regarding Agreements from the prior

19  Request over a ten year time period, extending beyond the time period relevant to this case, and it

20  is not limited in scope to the claims or defenses at issue in this Action. Schleimer also objects that

21  the phrase "evidencing the negotiation" is vague and ambiguous. Schleimer further objects to this

22  Request as seeking documents and information relating to fighters who would not be members of

23  the putative class and, thus, would have no likelihood of leading to the discovery of relevant or

24  admissible evidence. Schleimer further objects to this Request to the extent it seeks documents

25  that are not within Schleimer's possession, custody, or control. Schleimer further objects to this

26  Request as Schleimer and his employer, Endeavor, are not alleged to have been involved in

27  negotiating agreements with any professional MMA fighters that are relevant to this Action.

28  Schleimer further objects to this Request as duplicative of Request No. 8 to Endeavor. Endeavor

1  has been actively meeting and conferring with Plaintiffs over this same Request, and thus this

2  Request improperly seeks to bypass party discovery.

3        Schleimer will not produce documents in response to this Request.

4  **REQUEST FOR PRODUCTION NO. 25:**

5        All Documents and Communications consisting of or relating to Your discussion, analysis,

6  interpretation or characterization of any arbitration clause or class action waiver, and/or the

7  negotiation thereof.

8  **RESPONSE TO REQUEST NO. 25:**

9        In addition to the General Objections set forth above, Schleimer objects to this Request as

10  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

11  calculated to the discovery of relevant or admissible evidence, including because it calls for "All

12  Documents and Communications" over an ten year time period, extending beyond the time period

13  relevant to this Action. Schleimer also objects that the terms "discussion, analysis, interpretation

14  or characterization" are vague and ambiguous. Schleimer further objects to the extent that this

15  Request is duplicative of Request Nos. 23 and 24. Schleimer further objects to the extent this

16  Request calls for documents protected from disclosure by the attorney-client privilege, work-

17  product doctrine, or any other applicable privilege. Schleimer further objects to this Request to the

18  extent it seeks documents that are not within Schleimer's possession, custody, or control.

19  Schleimer and his employer, Endeavor, are not alleged to have had any agreements, or been

20  involved in negotiating agreements, with any professional MMA fighters that are relevant to this

21  Action. Schleimer further objects to this Request as duplicative of Request No. 9 to Endeavor.

22  Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and

23  thus this Request improperly seeks to bypass party discovery.

24        Schleimer will not produce documents in response to this Request.

25  **REQUEST FOR PRODUCTION NO. 26:**

26        All Documents and Communications relating to market research about the MMA Industry,

27  including but not limited to, analysis or research regarding relative market share of MMA

28  Promoters, barriers to expansion for MMA Promoters, barriers to entry for would-be MMA

1    Promoters, and growth projections for the MMA Industry and/or MMA Promoters individually or

2    in any groupings.

3    **RESPONSE TO REQUEST NO. 26:**

4         In addition to the General Objections set forth above, Schleimer objects to this Request as

5    overbroad and unduly burdensome, not proportional to the needs of the case, and not reasonably

6    calculated to the discovery of relevant or admissible evidence, including because it calls for "All

7    Documents and Communications" over a ten year period, extending beyond the time period

8    relevant to this Action. Schleimer also objects that the phrases "market research," "analysis or

9    research," and "growth projections" are vague and ambiguous. Schleimer further objects to the

10   extent this Request calls for documents protected from disclosure by the attorney-client privilege,

11   work-product doctrine, or any other applicable privilege. Schleimer further objects to this Request

12   to the extent it seeks documents that are not within Schleimer's possession, custody, or control.

13   Schleimer further objects to this Request as duplicative of Request No. 10 to Endeavor. Endeavor

14   has been actively meeting and conferring with Plaintiffs over this same Request, and thus this

15   Request improperly seeks to bypass party discovery.

16        Schleimer will not produce documents in response to this Request.

17   **REQUEST FOR PRODUCTION NO. 27:**

18        All Documents and Communications relating to non-Zuffa/non-UFC MMA Promoters

19   (considered individually or as a group), including but not limited to SWOT analyses, financial,

20   analyses, strategies, counterprogramming of other MMA Promoters' Professional MMA Events,

21   analyses and/or commentary or assessments of their Professional MMA Fighter rosters, and

22   acquisition analyses and strategies.

23   **RESPONSE TO REQUEST NO. 27:**

24        In addition to the General Objections set forth above, Schleimer objects to this Request as

25   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

26   calculated to lead to the discovery of relevant or admissible evidence, including because it calls

27   for "All Documents and Communications relating to non -Zuffa/non-UFC MMA Promoters" over

28   a ten year time period, extending beyond the time period relevant to this Action, and does not limit

the scope of the request to the claims or defenses at issue in this Action. Schleimer also objects

that the phrase "counterprogramming" is vague and ambiguous. Schleimer further objects that the

phrase "SWOT analyses" is vague, ambiguous, and undefined. Schleimer further objects to the

extent this Request calls for documents protected from disclosure by the attorney-client privilege,

work-product doctrine, or any other applicable privilege. Schleimer further objects to this Request

to the extent it seeks documents that are not within Schleimer's possession, custody, or control.

Schleimer further objects to this Request as duplicative of Request No. 11 to Endeavor. Endeavor

has been actively meeting and conferring with Plaintiffs over this same Request, and thus this

Request improperly seeks to bypass party discovery.

Schleimer will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents and Communications relating to any Agreement that UFC had with another

MMA Promoter, including but not limited to Agreements to license content, Agreements to buy

or sell athlete contracts, and Agreements to release Professional MMA Fighters from their

contracts if UFC offers the Professional MMA Fighter a contract.

**RESPONSE TO REQUEST NO. 28:**

In addition to the General Objections set forth above, Schleimer objects that this Request

is overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

calculated to lead to the discovery of relevant or admissible evidence, including because it asks for

"All Documents and Communications" relating to any agreement with another MMA Promoter,

regardless of the nature of the agreement, over a ten year time period, extending beyond the time

period relevant to this Action, and it does not limit the scope of the Request to the claims or

defenses at issue in this Action. Schleimer further objects to this Request to the extent that it is

duplicative of Request No. 13 to Zuffa, including to the extent it seeks agreements between the

UFC and any other MMA Promoter. Schleimer further objects to this Request to the extent it seeks

documents that are not within Schleimer's possession, custody, or control. Schleimer further

objects to this Request as duplicative of Request No. 12 to Endeavor. Endeavor has been actively

1   meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly

2   seeks to bypass party discovery.

3       Schleimer will not produce documents in response to this Request.

4   **REQUEST FOR PRODUCTION NO. 29:**

5       All Documents and Communications relating to the potential sale of Zuffa or any portion

6   thereof(or interest therein), including any Communications with or Documents created by You or

7   any third party, including without limitation any prospectuses, proposals, confidential information

8   memoranda, credit assessments, due diligence requests, Documents or Communications created,

9   collected, placed in data rooms, or produced in response to due diligence requests, offers,

10   negotiations, memoranda of understanding, and all other Documents or Communications relating

11   in any way to the potential sale, acquisition, merger or transfer of Zuffa or any portion thereof or

12   interest therein.

13   **RESPONSE TO REQUEST NO. 29:**

14       In addition to the General Objections set forth above, Schleimer objects to this Request as

15   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

16   calculated to lead to the discovery of relevant or admissible evidence, including because it requests

17   "All Documents and Communications" relating to any potential sale of Zuffa or any portion

18   thereof over a ten year time period, extending beyond the time period relevant to this Action, and

19   it is not limited in scope to documents relating to the claims and defenses at issue in this Action.

20   Schleimer also objects to the extent this Request calls for documents protected from disclosure by

21   the attorney-client privilege, work-product doctrine, or any other applicable privilege. Schleimer

22   further objects to this Request to the extent it seeks documents that are not within Schleimer's

23   possession, custody, or control. Schleimer further objects to this Request as duplicative of Request

24   No. 13 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this

25   same Request, and thus this Request improperly seeks to bypass party discovery.

26       Schleimer will not produce documents in response to this Request.

27   **REQUEST FOR PRODUCTION NO. 30:**

28       All Documents and Communications (exclusive of Documents and Communications

produced in response to Request No. 29) relating to the purchase by You of a majority stake in Zuffa on or around August 18, 2016, including Communications with or Documents created by Zuffa, LLC or any third party, and including without limitation any executed Agreements, draft Agreements, memoranda of understanding, offers, prospectuses, proposals, confidential information memoranda, credit assessments, supporting schedules, all Documents and Communications relating to negotiations, due diligence requests, including Documents or Communications created, collected, placed in data rooms, or produced in response to due diligence requests, all regulatory filings, registration documents, and any other Documents or Communications sent to or received by You relating to any U.S., state, or local agency, and all other Documents and Communications relating in any way to Your purchase of a majority stake in Zuffa on or around August 18, 2016.

**RESPONSE TO REQUEST NO. 30**

In addition to the General Objections set forth above, Schleimer objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it requests "All Documents and Communications" relating Endeavor's purchase of Zuffa and does not limit the scope of the Request to documents relating to the claims and defenses at issue in this Action (which does not concern the sale of Zuffa or any portion thereof). Schleimer also objects to the extent this Request calls for documents protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Schleimer further objects to this Request to the extent it seeks documents that are not within Schleimer's possession, custody, or control. Schleimer further objects to this Request as duplicative of Request No. 14 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Schleimer will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 31**

Documents and Communications sufficient to show all Persons that were part of the "buyer group" as that term is used on page F-12 of the Form S-1 Securities Registration Statement filed

on September 15, 2023, by TKO Group Holdings, Inc., which states in relevant part, "On August 18, 2016, a buyer group that included Endeavor Operating Company, LLC ("EOC"), affiliates of Silver Lake Partners ("SLP"), affiliates of Kohlberg Kravis Roberts & Co. ("KKR") and certain other investors (including certain existing owners as rollover investors) (the "buyer group") acquired 100% of the equity interests of Zuffa [defined as "Zuffa Parent, LLC and its subsidiaries"]...," including Documents and Communications sufficient to show the name, title, business affiliation, business address, and relative ownership share acquired by each such Person. For clarity, the requested Documents and Communications should Identify and provide the requested information for each individual "affiliate" of SLP and KKR, and each individual "other investor" or "rollover investor" that is part of the "buyer group."

**RESPONSE TO REQUEST NO. 31:**

In addition to the General Objections set forth above, Schleimer objects that this Request is overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it requests information that has no relevance to the claims or defenses at issue in this Action. Schleimer further objects that the phrases "business affiliation" and "relative ownership share" are vague and ambiguous. Schleimer further objects to this Request to the extent it seeks documents that are not within Schleimer's possession, custody, or control. Schleimer further objects to this Request as duplicative of Request No. 15 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Schleimer will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 32:**

All Documents and Communications relating to the purchase of the remaining portion of Zuffa by Endeavor in or around 2021, including any Communications with or Documents created by any third party, and including without limitation any executed Agreements, draft Agreements, memoranda of understanding, offers, prospectuses, proposals, confidential information memoranda, credit assessments, supporting schedules, all Documents and Communications

relating to negotiations, due diligence requests, Documents and Communications created, collected, placed in data rooms, or produced in response to due diligence requests, all regulatory filings, registration documents, and any other Documents or Communications sent to or received by You relating to any U.S., state, or local agency, and all other Documents and Communications relating in any way to Your acquisition of the remaining portion of Zuffa in or around 2021.

**RESPONSE TO REQUEST NO. 32:**

In addition to the General Objections set forth above, Schleimer objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it requests "All Documents and Communications" relating to Endeavor's purchase of the remaining portion of Zuffa in 2021 and does not limit the scope of the Request to documents relating to the claims and defenses at issue in this Action (which does not concern the purchase of Zuffa or any portion thereof). Schleimer also objects to the extent this Request calls for documents protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Schleimer further objects to this Request to the extent it seeks documents that are not within Schleimer's possession, custody, or control. Schleimer further objects to this Request as duplicative of Request No. 16 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Schleimer will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 33:**

All Documents and Communications relating to the acquisition, sale, merger, or transfer of World Wrestling Entertainment, Inc. by You in 2023, including any Communications with or Documents created by any third party, and including without limitation any executed Agreements, draft Agreements, memoranda of understanding, offers, prospectuses, proposals, confidential information memoranda, credit assessments, all Documents and Communications relating to negotiations, due diligence requests, Documents and Communications created, collected, placed in data rooms, or produced in response to due diligence requests, all regulatory filings, registration

1   documents, and any other Documents or Communications sent to or received by You relating to

2   any U.S., state, or local agency, and all other Documents and Communications relating in any way

3   to the acquisition and merger of World Wrestling Entertainment, Inc. by You in 2023.

4   **RESPONSE TO REQUEST NO. 33:**

5         In addition to the General Objections set forth above, Schleimer objects to this Request as

6   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

7   calculated to lead to the discovery of relevant or admissible evidence, including because it requests

8   "All Documents and Communications" relating to an acquisition, sale, merger, or transfer of

9   World Wrestling Entertainment, Inc., in 2023, which is not challenged or at issue in this Action,

10  and therefore does not limit the scope of the Request to documents relating to the claims and

11  defenses at issue in this Action. Schleimer also objects to the extent this Request calls for

12  documents protected from disclosure by the attorney-client privilege, work-product doctrine, or

13  any other applicable privilege. Schleimer further objects to this Request to the extent it seeks

14  documents that are not within Schleimer's possession, custody, or control. Schleimer further

15  objects to this Request as duplicative of Request No. 17 to Endeavor. Endeavor has been actively

16  meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly

17  seeks to bypass party discovery.

18        Schleimer will not produce documents in response to this Request.

19  **REQUEST FOR PRODUCTION NO. 34:**

20        All Agreements, supporting schedules, and financial information and/or analyses prepared

21  in connection with the formation of TKO in 2023.

22  **RESPONSE TO REQUEST NO. 34:**

23        In addition to the General Objections set forth above, Schleimer objects that this Request

24  is overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

25  calculated to lead to the discovery of relevant or admissible evidence, including because it requests

26  "All Agreements, supporting schedules, and financial information and/or analyses" regarding the

27  formation of TKO, which has no relevance to the claims or defenses at issue in this Action.

28  Schleimer also objects that the phrases "financial information and/or analyses" are vague and

1   ambiguous. Schleimer further objects to this Request to the extent that it seeks public

2   information—including information in Plaintiffs' control—that is readily accessible by Plaintiffs

3   and which should be collected by Plaintiffs under the reasonableness and proportionality standards

4   set forth in the Federal Rules of Civil Procedure. Schleimer further objects to this Request to the

5   extent it seeks documents that are not within Schleimer's possession, custody, or control.

6   Schleimer further objects to this Request as duplicative of Request No. 18 to Endeavor. Endeavor

7   has been actively meeting and conferring with Plaintiffs over this same Request, and thus this

8   Request improperly seeks to bypass party discovery.

9        Schleimer will not produce documents in response to this Request.

10  **REQUEST FOR PRODUCTION NO. 35:**

11       All Documents and Communications relating to any efforts by You or made on Your behalf

12  to raise capital, including but not limited to loans or issuance of debt or equity, and including

13  without limitation any Agreements, draft Agreements, negotiations, investor presentations,

14  prospectuses, confidential information memoranda, credit assessments, due diligence requests,

15  Documents and Communications created, collected, placed in data rooms, or produced in response

16  to due diligence requests, and all other documents and communications related in any way to

17  efforts to raise capital, regardless of whether any loan was actually obtained or any debt or equity

18  was actually issued.

19  **RESPONSE TO REQUEST NO. 35:**

20       In addition to the General Objections set forth above, Schleimer objects to this Request as

21  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

22  calculated to lead to the discovery of relevant or admissible evidence, including because it calls

23  for "All Documents and Communications" relating to efforts to raise capital over a ten year,

24  extending beyond the time period relevant to this Action, and it is not limited in scope to documents

25  relating to the claims and defenses at issue in this Action. Schleimer also objects that the phrase

26  "efforts by You or made on Your behalf to raise capital" is vague and ambiguous. Schleimer

27  further objects to this Request to the extent it seeks documents that are not within Schleimer's

28  possession, custody, or control. Schleimer further objects to this Request as duplicative of Request

No. 19 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Schleimer will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 36:**

All Documents and Communications relating to arbitration clauses or class action waivers in Agreements with Professional MMA Fighters, including without limitation analyses, draft proposed clauses, analyses of such clauses, white papers, reports, slide presentations, or discussions regarding the reasons for, or potential benefits to Zuffa or Endeavor or anyone else of, including arbitration clauses and/or class action waivers in Your Agreements with Professional MMA Fighters.

**RESPONSE TO REQUEST NO. 36:**

In addition to the General Objections set forth above, Schleimer objects that this Request is overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it asks for "All Documents and Communications" relating to arbitration clauses or class action waivers over a ten year, extending beyond the time period relevant to this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Schleimer also objects that the phrases "analyses," "discussions regarding the reasons for," and "potential benefits" are vague and ambiguous. Schleimer further objects to the extent this Request calls for documents protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Schleimer further objects to this Request as seeking documents and information relating to fighters who would not be members of the putative class and, thus, would have no likelihood of leading to the discovery of relevant or admissible evidence. Schleimer further objects to the extent that this Request is duplicative of Request Nos. 23 through 25. Schleimer further objects to this Request to the extent it seeks documents that are not within Schleimer's possession, custody, or control. Schleimer and his employer, Endeavor, are not alleged to have had any agreements with any professional MMA fighters that are relevant to this Action. Schleimer further objects to this Request as duplicative of Request No. 20 to Endeavor. Endeavor has been actively meeting and

1    conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass

2    party discovery.

3            Schleimer will not produce documents in response to this Request.

4    **REQUEST FOR PRODUCTION NO. 37:**

5            Documents and Communications sufficient to Identify each of Your employees or agents

6    or anyone purporting to act on Your behalf involved in approving or negotiating the terms of any

7    Agreement, or proposed Agreement, for all or part of Zuffa to be acquired by Endeavor or by

8    anyone else.

9    **RESPONSE TO REQUEST NO. 37:**

10           In addition to the General Objections set forth above, Schleimer objects to this Request as

11   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

12   calculated to lead to the discovery of relevant or admissible evidence, including because it calls

13   for information as to each employee or agent over a ten year time period, extending beyond the

14   time period relevant to this Action, and it is not limited to information related to individuals who

15   may have some role related to the claims or defenses in this Action. Schleimer also objects that

16   this Request's use of the phrases "anyone purporting to act on Your behalf" and "anyone else" is

17   vague, ambiguous, overbroad, and impractical. Schleimer further objects to this Request to the

18   extent it purports to require Schleimer to do anything beyond conducting a reasonable produce

19   non-objectionable, non-privileged, responsive documents and data. Schleimer further objects to

20   this Request to the extent it seeks documents that are not within Schleimer's possession, custody,

21   or control. Schleimer further objects to this Request as duplicative of Request No. 21 to Endeavor.

22   Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and

23   thus this Request improperly seeks to bypass party discovery.

24           Schleimer will not produce documents in response to this Request.

25   **REQUEST FOR PRODUCTION NO. 38:**

26           Documents and data (including structured or unstructured data) sufficient to show Your

27   financial data, including at a minimum Your costs, revenue, income, EBITDA, assets, debits,

28

1   borrowing costs, and profits, by month and by year, at the most granular level such documents and
2   data are maintained.

3   **RESPONSE TO REQUEST NO. 38:**

4          In addition to the General Objections set forth above, Schleimer objects that this Request
5   is overbroad and unduly burdensome, not proportional to the needs of the case, and not reasonably
6   calculated to lead to the discovery of relevant or admissible evidence, including because it requests
7   financial data over a ten year time period, extending beyond the time period relevant to this Action,
8   and it is not limited in scope to documents relating to the claims and defenses at issue in this
9   Action, including not being limited to operations relating to MMA or the geographic scope at issue
10  in this Action. Schleimer further objects to this Request to the extent that it seeks public
11  information—including information in Plaintiffs' control—that is readily accessible by Plaintiffs
12  and which should be collected by Plaintiffs under the reasonableness and proportionality standards
13  set forth in the Federal Rules of Civil Procedure. Schleimer further objects that the phrase "at the
14  most granular level" and "unstructured data" are vague and ambiguous. Schleimer further objects
15  to this Request to the extent it seeks documents that are not within Schleimer's possession, custody,
16  or control. Schleimer further objects to this Request as duplicative of Request No. 22 to Endeavor.
17  Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and
18  thus this Request improperly seeks to bypass party discovery.

19         Schleimer will not produce documents in response to this Request.

20  **REQUEST FOR PRODUCTION NO. 39:**

21         All monthly and annual financial documents created or maintained by You or on Your
22  behalf, including without limitation all audited financial statements, all internally prepared and
23  consolidating financial statements for Endeavor, including financial statements for the UFC
24  portion of the Owned Sports Properties segment (including without limitation balance sheet,
25  income statement, and statement of cash flows), balance sheets, income statements, profit and loss
26  reports, margin analyses, equity valuations, asset appraisals, financial models, budgets (proposed
27  or otherwise), investor presentations, margin analyses, pro formas, regulatory filings (including

28

1   income tax returns), issuance of equity or debit, loans, and money owed or receivable, and any

2   other form of financial reporting.

3   **RESPONSE TO REQUEST NO. 39:**

4       In addition to the General Objections set forth above, Schleimer objects to this Request as

5   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

6   calculated to lead to the discovery of relevant or admissible evidence, including because it calls

7   for all documents over a ten year period, extending beyond the time period relevant to this Action,

8   and it is not limited in scope to documents relating to the claims and defenses at issue in this

9   Action, including not being limited to operations relating to MMA or the geographic scope at issue

10  in this Action. Schleimer also objects that the terms "financial models" or "similar financial

11  Documents" are vague and ambiguous. Schleimer further objects to this Request as vague,

12  ambiguous, confusing, and incomplete because it uses the capitalized term "Owned Sports

13  Properties," which is not defined. Schleimer further objects to this Request to the extent that it

14  seeks public information—including information in Plaintiffs' control—that is readily accessible

15  by Plaintiffs and which should be collected by Plaintiffs under the reasonableness and

16  proportionality standards set forth in the Federal Rules of Civil Procedure. Schleimer will not

17  produce equity valuations, asset appraisals, regulatory filings, income tax returns, debt or equity

18  issuance materials, or loans, to the extent any such materials exist, as they are irrelevant and not

19  proportional to the claims and defenses at issue in this Action, overbroad, unduly burdensome,

20  highly confidential, and unlikely to contain relevant information that could not be obtained in more

21  reasonable way. Schleimer further objects to this Request to the extent it seeks documents that are

22  not within Schleimer's possession, custody, or control. Schleimer further objects to this Request

23  as duplicative of Request No. 23 to Endeavor. Endeavor has been actively meeting and conferring

24  with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

25  discovery.

26      Schleimer will not produce documents in response to this Request.

27  **REQUEST FOR PRODUCTION NO. 40:**

28      For each year of the Relevant Time Period, Documents sufficient to show beneficial

1   ownership in Zuffa, TKO Group Holdings, Inc. and Endeavor, and any parent of or successor to

2   Zuffa, TKO Group Holdings, Inc. and Endeavor, including any changes thereto. This Request

3   includes Documents sufficient to show the percentage of any stock or other interests owned by

4   each Person holding a beneficial ownership interest and the consideration paid for such interest.

5   **RESPONSE TO REQUEST NO. 40:**

6   　　　　In addition to the General Objections set forth above, Schleimer objects to this Request as

7   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

8   calculated to lead to the discovery of relevant or admissible evidence, including because it calls

9   for documents over a ten year time period, extending beyond the time period relevant to this

10  Action, and it is not limited in scope to documents relating to the claims and defenses at issue in

11  this Action. Schleimer also objects that the phrases "beneficial ownership," "other interests," and

12  "consideration" are vague and ambiguous. Schleimer further objects to this Request to the extent

13  it requires or purports to require disclosure of any information other than the beneficial ownership

14  of Endeavor. Schleimer further objects to this Request to the extent it seeks documents that are not

15  within Schleimer's possession, custody, or control. Schleimer further objects to this Request as

16  duplicative of Request No. 24 to Endeavor. Endeavor has been actively meeting and conferring

17  with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

18  discovery.

19  　　　　Schleimer will not produce documents in response to this Request.

20  **REQUEST FOR PRODUCTION NO. 41:**

21  　　　　Documents and data sufficient to show all compensation including salary, bonuses,

22  expense reimbursements, aviation expenses, distributions, dividends, stock awards, loans

23  (including information: about repayment or forgiveness), management fees, board fees, and all

24  other compensation of any kind to all Endeavor and Zuffa senior executives, board members,

25  directors, beneficial owners, and shareholders holding more than a 5% interest in Endeavor, Zuffa,

26  or TKO Group Holdings, Inc., including the date the compensation was paid, the dollar value, the

27  date of vesting, accrual, or maturation of the compensation (if applicable), the source of the

28

1  compensation (e.g., from a debt issuance or from corporate profits), the reason given (if any) for

2  the compensation, and the relative share received by each Person receiving compensation.

3  **RESPONSE TO REQUEST NO. 41:**

4      In addition to the General Objections set forth above, Schleimer objects to this Request as

5  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

6  calculated to lead to the discovery of relevant or admissible evidence, including because it calls

7  for documents over a ten year period, which extends beyond the time period relevant to this Action,

8  and it is not limited in scope to documents that relate to the claims or defenses at issue in this

9  Action. Schleimer objects that this Request's use of the phrases "all other compensation," "source

10  of the compensation," "the reason given (if any) for the compensation," and "the relative share

11  received by each Person receiving compensation" is vague, ambiguous, overbroad, and

12  impractical. Schleimer further objects that this Request seeks information not in Schleimer's

13  possession, custody or control because it seeks documents and data sufficient to show "all

14  compensation" to "all Endeavor and Zuffa senior executives, board members, directors, beneficial

15  owners, and shareholders holding more than a 5% interest in Endeavor, Zuffa, or TKO Holdings,

16  Inc." Schleimer further objects to this Request as duplicative of Request No. 25 to Endeavor.

17  Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and

18  thus this Request improperly seeks to bypass party discovery.

19      Schleimer will not produce documents in response to this Request.

20  **REQUEST FOR PRODUCTION NO. 42:**

21      Documents and data sufficient to show any non-monetary benefits bestowed on any

22  beneficial owners of Endeavor, Zuffa, or TKO Group Holdings, Inc., including without limitation:

23  (a) travel in private jets owned, leased, or paid for by You; (b) use of houses, apartments, vacation

24  properties, or other real estate owned, leased, or paid for by You; (c) use of motor vehicles owned,

25  leased, or paid for by You;(d) tickets for sporting events or other entertainment events paid for by

26  You; and/or (e) any other item, service, amenity, activity, or privilege provided to one or more of

27  the beneficial owners at Your expense.

28

**RESPONSE TO REQUEST NO. 42:**

In addition to the General Objections set forth above, Schleimer objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it calls for documents over a ten year period, which extends beyond the time period relevant to this Action, and it is not limited in scope to documents related to the claims or defenses at issue in this Action. Schleimer objects that the phrases "non-monetary benefits," "beneficial owners," "entertainment events," and "item, service, amenity, activity, or privilege" are vague and ambiguous. Schleimer further objects to this Request to the extent it seeks documents that are not within Schleimer's possession, custody, or control. Schleimer further objects to this Request as duplicative of Request No. 26 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Schleimer will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 43:**

For each year of the Relevant Time Period, Documents sufficient to show Your corporate structure, including the organization of each division, department, unit or subdivision, parent, subsidiary, joint venture or affiliate of Your company. This request includes without limitation organizational charts, investor or debtor presentations, government filings, internal communications, and any Documents sufficient to show each Employee or executive with managerial responsibilities relating to the UFC.

**RESPONSE TO REQUEST NO. 43:**

In addition to the General Objections set forth above, Schleimer objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it seeks information into Endeavor's corporate structure at a level of detail that is not relevant to any claims or defenses in this Action, and parts of Endeavor's business that are not relevant to any claims or defenses in this Action. Schleimer also objects to this Request as unintelligible as written because it calls for "Documents sufficient to show" Endeavor's "corporate structure," then lists several

1  categories of documents that are purportedly called for by the Request "without limitation."

2  Schleimer further objects to this Request to the extent it seeks documents that are not within

3  Schleimer's possession, custody, or control. Schleimer further objects to this Request as

4  duplicative of Request No. 27 to Endeavor. Endeavor has been actively meeting and conferring

5  with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

6  discovery.

7       Schleimer will not produce documents in response to this Request.

8  **REQUEST FOR PRODUCTION NO. 44:**

9       All Documents constituting, referencing, or relating to issuance of debt as it relates to your

10  acquisition of WWE and UFC.

11  **RESPONSE TO REQUEST NO. 44:**

12       In addition to the General Objections set forth above, Schleimer objects to this Request as

13  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

14  calculated to lead to the discovery of relevant or admissible evidence, including because it calls

15  for "All Documents" relating to the issuance of debt as it relates to the acquisitions of WWE and

16  UFC, which have no bearing on the claims and defenses at issue in this Action because it does not

17  concern the acquisitions of WWE and UFC, and many of which would be beyond the time period

18  relevant to this Action. Schleimer also objects that the phrase "constituting, referencing, or

19  relating" is vague and ambiguous. Schleimer further objects to this Request to the extent it seeks

20  documents that are not within Schleimer's possession, custody, or control. Schleimer further

21  objects to this Request as duplicative of Request No. 28 to Endeavor. Endeavor has been actively

22  meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly

23  seeks to bypass party discovery.

24       Schleimer will not produce documents in response to this Request.

25  **REQUEST FOR PRODUCTION NO. 45:**

26       Documents sufficient to show how You arrived at a valuation of $21 billion for TKO Group

27  Holdings, Inc. as stated in your April 3, 2023 press release.

28

**RESPONSE TO REQUEST NO. 45:**

In addition to the General Objections set forth above, Schleimer objects that this Request is not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it requests information that has no relevance to the claims or defenses at issue in this Action, not proportional to the needs of the case. Schleimer further objects to this Request to the extent it seeks documents that are not within Schleimer's possession, custody, or control. Schleimer further objects to this Request as duplicative of Request No. 29 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Schleimer will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 46:**

All Documents referencing or relating to all financial activity relating to the UFC, including balance sheets, income statements, regulatory filings (including income tax returns for Zuffa and any of its affiliates), issuance of equity or debit, loans, and money owed or receivable.

**RESPONSE TO REQUEST NO. 46:**

In addition to the General Objections set forth above, Schleimer objects that this Request is overbroad and unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it requests "All Documents" related to "all financial activity" over a ten, extending beyond the time period relevant to this Action, and it is not limited in scope to documents relating to the claims and defenses at issue in this Action. Schleimer further objects to this Request to the extent that it seeks public information—including information in Plaintiffs' control—that is readily accessible by Plaintiffs and which should be collected by Plaintiffs under the reasonableness and proportionality standards set forth in the Federal Rules of Civil Procedure. Schleimer further objects that the phrase "financial activity" is vague and ambiguous. Schleimer further objects to this Request to the extent it seeks documents that are not within Schleimer's possession, custody, or control. Schleimer further objects to this Request as duplicative of Request No. 30 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request

1    improperly seeks to bypass party discovery.

2           Schleimer will not produce documents in response to this Request.

3    **REQUEST FOR PRODUCTION NO. 47:**

4           All Documents referencing or relating to all financial activity relating to the TKO Group

5    Holdings, Inc. and its subsidiaries and affiliates, including balance sheets, income statements,

6    regulatory filings (including income tax returns for Zuffa and any of its affiliates), issuance of

7    equity or debit, loans, and money owed or receivable.

8    **RESPONSE TO REQUEST NO. 47:**

9           In addition to the General Objections set forth above, Schleimer objects that this Request

10   is overbroad and unduly burdensome, not proportional to the needs of the case, and not reasonably

11   calculated to lead to the discovery of relevant or admissible evidence, including because it requests

12   "All Documents" referencing or relating to financial activity of TKO Group Holdings, Inc. and its

13   subsidiaries and affiliates, over aa ten year period, extending beyond the time period relevant to

14   this Action, and it is not limited in scope to documents relating to the claims and defenses at issue

15   in this Action. Schleimer also objects to this Request to the extent that it seeks public

16   information—including information in Plaintiffs' control—that is readily accessible by Plaintiffs

17   and which should be collected by Plaintiffs under the reasonableness and proportionality standards

18   set forth in the Federal Rules of Civil Procedure. Schleimer further objects that the phrase

19   "financial activity" is overbroad, vague, and ambiguous. Schleimer further objects to this Request

20   to the extent it seeks documents that are not within Schleimer's possession, custody, or control.

21   Schleimer further objects to this Request as duplicative of Request No. 31 to Endeavor. Endeavor

22   has been actively meeting and conferring with Plaintiffs over this same Request, and thus this

23   Request improperly seeks to bypass party discovery.

24          Schleimer will not produce documents in response to this Request.

25   **REQUEST FOR PRODUCTION NO. 48:**

26          All Documents referencing or relating to Your transactional data, at the most granular level

27   possible, for each UFC Professional MMA Event held during the Relevant Time Period, sufficient

28   to show at a minimum the following: a) total gate receipts from each UFC Professional MMA

Event during the Relevant Time Period, broken down by event; b) total attendance at each UFC Professional MMA Event during the Relevant Time Period, broken down by event c) total revenues from each PPV broadcast of UFC Professional MMA Event during the Relevant Time Period, broken down by event; d) total revenues from non-PPV broadcast of UFC Professional MMA Event during the Relevant Time Period, broken down by event and by contracted broadcaster (e.g., ESPN, Fox, Spike, etc.) e) total revenues from closed circuit broadcast to commercial venues such as bars, restaurants, or theaters of each UFC Professional MMA Event during the Relevant Time Period, broken down by event; f) total revenues derived from the sale of advertising during all broadcasts of UFC Professional MMA Events, whether PPV or non-PPV, during the Relevant Time Period, broken down by month and year, by PPV or non-PPV, and by advertiser g) total revenues derived in any way from the Promotional and Ancillary Rights, as described in Your Promotional and Ancillary Rights Agreements with MMA Fighters, relating to all professional MMA Fighters who have been under contract with the UFC at any time during the Relevant Time Period, broken down by month and year; h) total revenues derived from Agreements with sponsors of the UFC or of the Professional MMA Fighters who have been under contract with the UFC at any time during the Relevant Time Period; i) total revenues by event; j) the gross and net price paid by customers for transactions by unit, subscription, and/or ticket for a single Pay-Per-View, ticket to a live event, or UFC Fight Pass subscription;

**RESPONSE TO REQUEST NO. 48:**

In addition to the General Objections set forth above, Schleimer objects that this Request is overbroad and unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it requests documents itemizing nearly every source of the revenue from UFC Professional MMA Events by bout, event, broadcast, transaction, and/or agreement for a period of eight years, which extends beyond the time period relevant to this Action, seeks "All Documents" even "referencing or relating" to "transactional data" at "the most granular level possible," and it is not limited in scope to documents relating to the claims and defenses at issue in this Action. Schleimer further objects to this Request to the extent it purports to require Schleimer to do anything beyond conducting a

1   reasonable search for non-objectionable, nonprivileged, responsive documents and data. Schleimer

2   further objects to this Request as seeking documents and information relating to fighters who

3   would not be members of the putative class and, thus, would have no likelihood of leading to the

4   discovery of relevant or admissible evidence. Schleimer further objects to this Request to the extent

5   it seeks documents that are not within Schleimer's possession, custody, or control. Schleimer

6   further objects to this Request as duplicative of Request No. 32 to Endeavor. Endeavor has been

7   actively meeting and conferring with Plaintiffs over this same Request, and thus this Request

8   improperly seeks to bypass party discovery.

9        Schleimer will not produce documents in response to this Request.

10   **REQUEST FOR PRODUCTION NO. 49:**

11        Documents and data in as granular form as the information is maintained, sufficient to

12   show any and all compensation paid to each UFC Fighter individually for each UFC Professional

13   MMA Bout that the UFC Fighter participated in during the Relevant Time Period, on a fighter-by-

14   fighter basis, broken down by Professional MMA Bout (so that each UFC Fighter's compensation

15   data is available in one Document or sequence of Documents, and it is produced with sufficient

16   granularity so that the compensation is clearly attributed to the UFC Professional MMA Bout at

17   which the Fighter earned it), as follows: a) the date and location of each UFC Professional MMA

18   Bout the UFC Fighter participated in during the Relevant Time Period, and b) the base salary the

19   UFC Fighter received for each UFC Professional MMA Bout he or she participated in during the

20   Relevant Time Period; c) all bonuses the UFC Fighter received for each UFC Professional MMA

21   Bout he or she participated in during the Relevant Time Period (including, but not limited to any

22   and all discretionary bonuses or payments, fight of the night, performance of the night, knockout

23   and submission of the night bonuses), broken down by each bonus received for each Professional

24   MMA Event d) all broadcast royalties the UFC Fighter received (if any) for each UFC Professional

25   MMA Bout he or she participated in during the Relevant Time Period, broken down so that the

26   broadcast royalties are traceable to a particular UFC Professional MMA Bout (to be clear, if the

27   UFC Fighter received broadcast royalties from more than one UFC Professional MMA Bout, the

28   broadcast royalties should be clearly attributed to the specific UFC Professional MMA Bout from

1    which they were generated); e) any other form of compensation the UFC Fighter received for each

2    UFC Professional MMA Bout he or she participated in during the Relevant Time Period; and, f)

3    Pay-Per-View shares the UFC Fighter received for each UFC Professional MMA Bout he or she

4    participated in during the Relevant Time Period.

5    **RESPONSE TO REQUEST NO. 49:**

6        In addition to the General Objections set forth above, Schleimer objects that this Request

7    is overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

8    calculated to lead to the discovery of relevant or admissible evidence, including because it requests

9    documents itemizing every payment made to every UFC Fighter by source, date, and payment type

10   for each UFC Professional MMA Bout over a ten year period, which extends beyond the time

11   period relevant to this Action, and it is not limited in scope to documents relating to the claims and

12   defenses at issue in this Action. Schleimer also objects to this Request as seeking documents and

13   information relating to fighters who would not be members of the putative class and, thus, would

14   have no likelihood of leading to the discovery of relevant or admissible evidence. Schleimer further

15   objects to this Request to the extent it purports to require Schleimer to do anything beyond

16   conducting a reasonable search for non-objectionable, nonprivileged, responsive documents and

17   data. Schleimer further objects that the phrases "granular form" and "sufficient granularity" are

18   vague and ambiguous. Schleimer further objects to this Request to the extent it seeks documents

19   that are not within Schleimer's possession, custody, or control. Schleimer further objects to this

20   Request as duplicative of Request No. 33 to Endeavor. Endeavor has been actively meeting and

21   conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass

22   party discovery.

23       Schleimer will not produce documents in response to this Request.

24   **REQUEST FOR PRODUCTION NO. 50:**

25       Profit and loss statements (including identity of participating fighters and compensation

26   paid to each) for each UFC Professional MMA Event.

27   **RESPONSE TO REQUEST NO. 50:**

28       In addition to the General Objections set forth above, Schleimer objects to this Request as

overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it requests profit and loss statements for each event over a ten year time period, extending beyond the time period relevant to this Action. Schleimer also objects to this Request as seeking documents and information relating to fighters who would not be members of the putative class and, thus, would have no likelihood of leading to the discovery of relevant or admissible evidence. Schleimer also objects to this Request to the extent it purports to require Schleimer to do anything beyond conducting a reasonable search for nonobjectionable, non-privileged, responsive documents and data. Schleimer further objects to this Request to the extent it seeks documents that are not within Schleimer's possession, custody, or control. Schleimer further objects to this Request as duplicative of Request No. 34 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Schleimer will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 51:**

Documents sufficient to show Your actual costs for presenting UFC Professional MMA Events, down to as granular a level as possible, including without limitation venue costs, promotional costs, compensation for UFC Fighters, insurance, safety, and all other costs incidental to presenting UFC Professional MMA Events.

**RESPONSE TO REQUEST NO. 51:**

In addition to the General Objections set forth above, Schleimer objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it calls for production of documents related to all of Endeavor's costs for presenting UFC Professional MMA Events without any limitation over a ten year period, extending beyond the time period relevant to this Action. Schleimer also objects that the phrases "actual costs," "down to as granular a level as possible," and "all other costs incidental to presenting" are vague and ambiguous. Schleimer further objects to this Request to the extent it seeks documents that are not within

1    Schleimer's possession, custody, or control. Schleimer further objects to this Request as

2    duplicative of Request No. 35 to Endeavor. Endeavor has been actively meeting and conferring

3    with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

4    discovery.

5        Schleimer will not produce documents in response to this Request.

6    **REQUEST FOR PRODUCTION NO. 52:**

7        Documents sufficient to show Your actual costs for presenting UFC Professional MMA

8    Bouts, down to as granular a level as possible, including without limitation venue costs,

9    promotional costs, compensation for UFC Fighters, insurance, safety, and all other costs incidental

10   to presenting UFC Professional MMA Bouts.

11   **RESPONSE TO REQUEST NO. 52:**

12       In addition to the General Objections set forth above, Schleimer objects to this Request as

13   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

14   calculated to lead to the discovery of relevant or admissible evidence, including because it calls

15   for production of documents related to all of Endeavor's costs for presenting UFC Professional

16   MMA Bouts without any limitation over a ten year, extending beyond the time period relevant to

17   this Action. Schleimer also objects that the phrases "actual costs," "down to as granular a level as

18   possible," and "all other costs incidental to presenting" are vague and ambiguous. Schleimer

19   further objects to this Request to the extent it seeks documents that are not within Schleimer's

20   possession, custody, or control. Schleimer further objects to this Request as duplicative of Request

21   No. 36 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this

22   same Request, and thus this Request improperly seeks to bypass party discovery.

23       Schleimer will not produce documents in response to this Request.

24   **REQUEST FOR PRODUCTION NO. 53:**

25       Documents sufficient to show Your actual costs involved in promoting the UFC as a brand.

26   **RESPONSE TO REQUEST NO. 53:**

27       In addition to the General Objections set forth above, Schleimer objects to this Request as

28   vague, ambiguous, overbroad, unduly burdensome, not proportional to the needs of the case, and

1   not reasonably calculated to lead to the discovery of relevant or admissible evidence, including

2   because it requests documents to show "actual costs" over a ten year period, extending beyond the

3   time period relevant to this Action, and it is not limited in scope to documents relating to the claims

4   and defenses at issue in this Action. Schleimer objects that the phrases "actual costs," "promoting,"

5   and "as a brand" are vague and ambiguous. Schleimer further objects to this Request to the extent

6   it seeks documents that are not within Schleimer's possession, custody, or control. Schleimer

7   further objects to this Request as duplicative of Request No. 37 to Endeavor. Endeavor has been

8   actively meeting and conferring with Plaintiffs over this same Request, and thus this Request

9   improperly seeks to bypass party discovery.

10      Schleimer will not produce documents in response to this Request.

11  **REQUEST FOR PRODUCTION NO. 54:**

12      All Documents relating to materials produced by third party analysts or consultants

13  regarding Zuffa or any successor to Zuffa, including without limitation reports that analyze or

14  project demand, revenues, income, profits, or market share. Documents responsive to this Request

15  include both documents produced by such third party analysts or consultants (including both those

16  retained by You and those producing such materials without an Agreement with You) and any

17  comments, edits, or drafts of such materials or other documents You created and submitted to such

18  third party analysts or consultants.

19  **RESPONSE TO REQUEST NO. 54:**

20      In addition to the General Objections set forth above, Schleimer objects to this Request as

21  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

22  calculated to lead to the discovery of relevant or admissible evidence, including because it calls

23  for "All Documents" even "related to" materials produced by any "third party analyst or

24  consultants regarding Zuffa" without any limitation or connection to the claims and defenses at

25  issue in this litigation, and over a ten year time period, extending beyond the time period relevant

26  to this Action. Schleimer also objects that the phrases "third party analysts," "successor to Zuffa,"

27  "demand," and "submitted to" are vague and ambiguous. Schleimer further objects to the extent

28  this Request calls for documents protected from disclosure by the attorney-client privilege, work-

1   product doctrine, or any other applicable privilege. Schleimer further objects to the Request to the

2   extent that it seeks documents not within Schleimer's possession, custody, or control. Schleimer

3   further objects to this Request to the extent that it seeks public information — including

4   information in Plaintiffs' control—that is readily accessible by Plaintiffs and which should be

5   collected by Plaintiffs under the reasonableness and proportionality standards set forth in the

6   Federal Rules of Civil Procedure. Schleimer further objects to this Request as duplicative of

7   Request No. 38 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs

8   over this same Request, and thus this Request improperly seeks to bypass party discovery.

9        Schleimer will not produce documents in response to this Request.

10  **REQUEST FOR PRODUCTION NO. 55:**

11        All documents created by You or by third party analysts or consultants regarding

12  competition among MMA Promoters or would-be MMA Promoters for (a) the purchase of MMA

13  Fighter services and (b) promotion of Professional MMA Events generally, including without

14  limitation reports that analyze or project demand, revenues, income, profits, or market share.

15  **RESPONSE TO REQUEST NO. 55:**

16        In addition to the General Objections set forth above, Schleimer objects to this Request as

17  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

18  calculated to lead to the discovery of relevant or admissible evidence, including because it calls

19  for "All documents" over a ten year time period, extending beyond the time period relevant to this

20  Action. Schleimer also objects that the term "third party analysts" is vague and ambiguous.

21  Schleimer further objects to the extent this Request calls for documents protected from disclosure

22  by the attorney-client privilege, work-product doctrine, or any other applicable privilege.

23  Schleimer further objects to the Request to the extent that it seeks documents not within

24  Schleimer's possession, custody, or control. Schleimer further objects to this Request to the extent

25  that it seeks public information—including information in Plaintiffs' control—that is readily

26  accessible by Plaintiffs and which should be collected by Plaintiffs under the reasonableness and

27  proportionality standards set forth in the Federal Rules of Civil Procedure. Schleimer further

28  objects to this Request to the extent it seeks documents that are not within Schleimer's possession,

custody, or control. Schleimer further objects to this Request as duplicative of Request No. 39 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Schleimer will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 56:**

All Documents referencing or relating to comparison of compensation models or Agreements between the UFC and other major professional sports, including without limitation boxing, pro wrestling, football, basketball, and baseball.

**RESPONSE TO REQUEST NO. 56:**

In addition to the General Objections set forth above Schleimer objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it call for "All documents" over a ten year time period, extending beyond the time period relevant to this Action, and it is not limited in scope to documents relating to the claims and defenses at issue in this Action. Schleimer also objects that the phrases "comparison of compensation models" and "major professional sports" are vague and ambiguous. Schleimer further objects to this Request to the extent it seeks documents that are not within Schleimer's possession, custody, or control. Schleimer further objects to this Request as duplicative of Request No. 40 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Schleimer will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 57:**

All Agreements (and any amendments thereto) entered into between You and any MMA Promoter relating to the acquisition of assets, equity, or other interests of any MMA Promoter, and all Documents referencing or relating to the potential or actual acquisition of assets, equity, or interests of any MMA Promoter, including, but not limited to, internal strategy documents, projections, cost-benefit analyses, cost estimates, and all Agreements or contracts (and any amendments thereto).

**RESPONSE TO REQUEST NO. 57:**

In addition to the General Objections set forth above, Schleimer objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it would require Schleimer to produce "All Agreements" over a ten year period extending beyond the time period relevant to this Action, and relating to transactions that are not challenged or at issue in this Action. Neither the Complaint, nor this Request, identifies or alleges that Schleimer has engaged in any acquisition of assets, equity, or other interests of any MMA Promoter other than Zuffa during the putative class period, and thus this Request is purely an impermissible fishing expedition into irrelevant materials. Schleimer also objects that the term "interests" as used in this Request is vague and ambiguous. Schleimer further objects to this Request to the extent it seeks documents that are not within Schleimer's possession, custody, or control. Schleimer further objects to this Request as duplicative of Request No. 41 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Schleimer will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 58:**

Documents sufficient to identify each Person involved in approving or negotiating the terms of any Agreements or potential Agreements for the acquisition or potential acquisition of assets, or equity, or interests of any MMA Promoter.

**RESPONSE TO REQUEST NO. 58:**

In addition to the General Objections set forth above, Schleimer objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it calls for identification of "each Person" over a ten year period, extending beyond the time period relevant to this Action, and relating to transactions that are not challenged or at issue in this Action. Neither the Complaint, nor this Request, identifies or alleges that Schleimer, nor his employer, Endeavor, have engaged in any acquisition of assets, equity, or other interests of any MMA

1   Promoter other than Zuffa during the putative class period, and thus this Request is purely an

2   impermissible fishing expedition into irrelevant materials. Schleimer also objects that the term

3   "interests" as used in this Request is vague and ambiguous. Schleimer further objects to this

4   Request to the extent it seeks documents that are not within Schleimer's possession, custody, or

5   control. Schleimer further objects to this Request as duplicative of Request No. 42 to Endeavor.

6   Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and

7   thus this Request improperly seeks to bypass party discovery.

8       Schleimer will not produce documents in response to this Request.

9   **REQUEST FOR PRODUCTION NO. 59:**

10      All Documents relating to the sale of equity in Zuffa to Flash Entertainment, a wholly

11  owned subsidiary of Abu Dhabi.

12  **RESPONSE TO REQUEST NO. 59:**

13      In addition to the General Objections set forth above, Schleimer objects to this Request as

14  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

15  calculated to lead to the discovery of relevant or admissible evidence, including because its request

16  for "All Documents" related to the sale of equity by Zuffa to Flash Entertainment, which is not

17  challenged or at issue in this Action and therefore has no relevance to the claims or defenses at

18  issue in this Action. Schleimer also objects to the characterization of Flash Entertainment as "a

19  wholly owned subsidiary of Abu Dhabi." Schleimer further objects to this Request to the extent it

20  seeks documents that are not within Schleimer's possession, custody, or control. Schleimer further

21  objects to this Request as duplicative of Request No. 43 to Endeavor. Endeavor has been actively

22  meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly

23  seeks to bypass party discovery.

24      Schleimer will not produce documents in response to this Request.

25  **REQUEST FOR PRODUCTION NO. 60:**

26      Documents sufficient to Identify each Person or entity You consider to be, or considered

27  to have been, an actual or potential competitor of the UFC for (a) the purchase of MMA Fighter

28  services, and/or (b) the promotion of live Professional MMA Events in the United States or abroad.

1    **RESPONSE TO REQUEST NO. 60:**

2         In addition to the General Objections set forth above, Schleimer objects to this Request as

3    overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

4    calculated to lead to the discovery of relevant or admissible evidence, including because it calls

5    for documents over a ten year time period, extending beyond the time period relevant to this

6    Action. Schleimer also objects that the phrases "consider to be," "considered to have been," "actual

7    or potential competitor," "purchase," and "promotion" as used in this Request are vague and

8    ambiguous. Schleimer further objects to this Request to the extent it purports to require Schleimer

9    to do anything beyond conducting a reasonable search for non-objectionable, nonprivileged,

10   responsive documents and data. Schleimer further objects that this Request purports to require the

11   production of materials that are not within Schleimer's possession, custody, or control. Schleimer

12   further objects to this Request as duplicative of Request No. 44 to Endeavor. Endeavor has been

13   actively meeting and conferring with Plaintiffs over this same Request, and thus this Request

14   improperly seeks to bypass party discovery.

15        Schleimer will not produce documents in response to this Request.

16   **REQUEST FOR PRODUCTION NO. 61:**

17        Documents or data sufficient to calculate the actual or potential market share held by the

18   UFC and each of the UFC's actual or potential competitors (as Identified in Request No. 53) in

19   terms of total revenue by region (US, North America, South America, Europe, Asia, and any

20   others) derived from the promotion of live Professional MMA Bouts and all other income sources,

21   including without limitation merchandising, licensing, sponsorships, advertising, video games, and

22   other income sources based on the use of Professional MMA Fighters' Identities.

23   **RESPONSE TO REQUEST NO. 61:**

24        In addition to the General Objections set forth above, Schleimer objects to this Request as

25   vague, ambiguous, and confusing because it refers to "Request No. 53." Endeavor will interpret

26   this Request as though it instead refers to "Request No. 60." Schleimer also objects that the

27   Request is overbroad, unduly burdensome, not proportional to the needs of the case, and not

28   reasonably calculated to lead to the discovery of relevant or admissible evidence, including

because it calls for documents regarding all income sources over a ten year period, extending

beyond the time period relevant to this Action, and it is not limited in scope to the claims, defenses,

or geographic area at issue in this Action. Schleimer further objects that this Request is vague and

ambiguous because it does not specify time intervals for the calculation of the "actual or potential

market share," which may have varied throughout the class period. Schleimer further objects that

the terms "actual or potential market share," "actual or potential competitors," "derived from," and

"based on the use of Professional MMA Fighters' Identities" are vague and ambiguous. Schleimer

further objects to this Request to the extent it purports to require Schleimer to do anything beyond

conducting a reasonable search for non-objectionable, non-privileged, responsive documents and

data. Schleimer further objects that this Request purports to require the production of materials

that are not within Schleimer's possession, custody, or control. Schleimer further objects to this

Request to the extent it seeks documents that are not within Schleimer's possession, custody, or

control. Schleimer further objects to this Request as duplicative of Request No. 45 to Endeavor.

Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and

thus this Request improperly seeks to bypass party discovery.

Schleimer will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 62:**

Documents or data sufficient to Identify the actual and/or estimated share of Professional

MMA Fighters' services, by both dollar amount and number of fighters, for the purchase of the

services of Professional MMA Fighters by the UFC and each of Your actual or potential

competitors identified in your response to Request No. 53 by region (US, North America, South

America, Europe, Asia, and any others).

**RESPONSE TO REQUEST NO. 62:**

In addition to the General Objections set forth above, Schleimer objects to this Request as

vague, ambiguous, and confusing because it refers to "Request No. 53" Endeavor will interpret

this Request as though it instead refers to "Request No. 60." Schleimer also objects that this

Request is vague, ambiguous, and unintelligible as written. Schleimer further objects to this

Request to the extent it purports to require Endeavor to do anything beyond conducting a

1   reasonable search for non-objectionable, non-privileged, responsive documents and data.

2   Schleimer further objects that this Request is not limited in scope to the claims and defenses at

3   issue in this Action. Schleimer further objects that this Request purports to require the production

4   of materials that are not within Schleimer's possession, custody, or control. Schleimer further

5   objects that this Request is not proportional to the needs of the case. Schleimer further objects to

6   this Request as duplicative of Request No. 46 to Endeavor. Endeavor has been actively meeting

7   and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to

8   bypass party discovery.

9        Schleimer will not produce documents in response to this Request.

10  **REQUEST FOR PRODUCTION NO. 63:**

11       All Documents and data referencing or relating to the determination of Professional MMA

12  Fighter compensation by the UFC in the promotion of live Professional MMA Events and all other

13  income sources, including without limitation merchandising, licensing, sponsorships, advertising,

14  video games, and other income sources based on the use of Professional MMA Fighters' Identities.

15  **RESPONSE TO REQUEST NO. 63:**

16       In addition to the General Objections set forth above, Schleimer objects to this Request as

17  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

18  calculated to lead to the discovery of relevant or admissible evidence, including because it calls

19  for "All Documents" over a ten year period, extending beyond the time period relevant to this

20  Action. Schleimer also objects that the phrases "the determination of Professional MMA fighter

21  compensation," "other income sources," and "based on the use of Professional MMA Fighters'

22  Identities" as used in this Request are vague and ambiguous. Schleimer further objects to this

23  Request as seeking documents and information relating to fighters who would not be part of the

24  putative class and, thus, would have no likelihood of leading to the discovery of relevant or

25  admissible evidence. Schleimer further objects that this Request is not limited in scope to the

26  claims and defenses at issue in this Action, including because Plaintiffs do not allege an identity

27  class in this Action. Schleimer further objects to this Request to the extent it seeks documents that

28  are not within Schleimer's possession, custody, or control. Schleimer further objects to this

1  Request as duplicative of Request No. 47 to Endeavor. Endeavor has been actively meeting and

2  conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass

3  party discovery.

4        Schleimer will not produce documents in response to this Request.

5  **REQUEST FOR PRODUCTION NO. 64:**

6        All Documents and data referencing or relating to the determination of Professional MMA

7  Fighter compensation by any of the UFC's actual and potential competitors (identified in your

8  response to Request No. 60, above) in the promotion of live Professional MMA Events and all

9  other income sources, including without limitation merchandising, licensing, sponsorships,

10  advertising, video games, and other income sources based on the use of Professional MMA

11  Fighters' Identities.

12  **RESPONSE TO REQUEST NO. 64:**

13        In addition to the General Objections set forth above, Schleimer objects that this Request

14  is vague, ambiguous, and unintelligible as written. Schleimer also objects to this Request as

15  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

16  calculated to lead to the discovery of relevant or admissible evidence, including because it calls

17  for "All Documents" over a ten year time period, extending beyond the time period relevant to this

18  Action. Schleimer further objects that this Request is not limited in scope to the claims and

19  defenses at issue in this Action, including because Plaintiffs do not allege an identity class in this

20  Action. Schleimer further objects that the phrases "the determination of Professional MMA fighter

21  compensation," "actual and potential competitors," "other income sources," and "based on the use

22  of Professional MMA Fighters' Identities" as used in this Request are vague and ambiguous.

23  Schleimer further objects to this Request to the extent it seeks documents that are not within

24  Schleimer's possession, custody, or control. Schleimer further objects to this Request as

25  duplicative of Request No. 48 to Endeavor. Endeavor has been actively meeting and conferring

26  with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

27  discovery.

28        Schleimer will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 65:**

All Documents analyzing, discussing, or relating to the competitive strengths or weaknesses of actual or potential competitors (identified in your response to Request No. 60 or otherwise, above) in the promotion of live Professional MMA Events and/or in the purchase of the services of Professional MMA Fighters.

**RESPONSE TO REQUEST NO. 65:**

In addition to the General Objections set forth above, Schleimer objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it calls for "All Documents" over ten year period, extending beyond the time period relevant to this Action. Schleimer further objects that the phrases "competitive strength or weaknesses" and "actual or potential competitors" as used in this Request is vague and ambiguous. Schleimer further objects to the extent this Request calls for documents protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Schleimer further objects to this Request as duplicative of Request No. 49 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Schleimer will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 66:**

All Documents referencing or relating to communications and/or negotiations with any sponsors or advertisers in connection with Your acquisition of WWE and/or UFC.

**RESPONSE TO REQUEST NO. 66:**

In addition to the General Objections set forth above, Schleimer objects that this Request is overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it calls for "All Documents" related to communications and/or negotiations with sponsors or advertisers in connection with Endeavor's acquisitions of WWE and/or UFC, which extends beyond the time period relevant to this Action, and is not related to the claims and defenses at issue in this Action,

1  including because it relates to transactions that are not challenged or at issue in this Action.

2  Schleimer further objects to this Request to the extent it seeks documents that are not within

3  Schleimer's possession, custody, or control. Schleimer further objects to this Request as

4  duplicative of Request No. 50 to Endeavor. Endeavor has been actively meeting and conferring

5  with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

6  discovery.

7       Schleimer will not produce documents in response to this Request.

8  **REQUEST FOR PRODUCTION NO. 67:**

9       All Documents and Communications referencing or relating to any Agreements entered

10  into by You relating to Venues for Professional MMA Events, including all Agreements, all draft

11  Agreements, and all Documents and Communications relating to negotiation of such Agreements

12  or draft Agreements.

13  **RESPONSE TO REQUEST NO. 67:**

14       In addition to the General Objections set forth above, Schleimer objects that this Request

15  is overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

16  calculated to lead to the discovery of relevant or admissible evidence, including because it requests

17  "All Documents and Communications" relating to agreements entered into by Endeavor related to

18  venues for Professional MMA Events over a ten year period, extending beyond the time period

19  relevant to this Action, and it is not limited in scope to documents relating to the claims and

20  defenses at issue in this Action. Plaintiffs have neither asserted a monopolization claim in this

21  Action, nor alleged any anticompetitive conduct in connection with Endeavor's venue agreements,

22  if any, and thus this Request is purely an impermissible fishing expedition into irrelevant materials.

23  Schleimer further objects to this Request to the extent it seeks documents that are not within

24  Schleimer's possession, custody, or control. Schleimer further objects to this Request as

25  duplicative of Request No. 51 to Endeavor. Endeavor has been actively meeting and conferring

26  with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

27  discovery.

28       Schleimer will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 68:**

All Documents and Communications relating to the drafting of and the reasoning behind the "Exclusivity Clause" in UFC Bout Agreements, which binds UFC Fighters into a restricted relationship with the UFC and prohibits them from appearing in Professional MMA Bouts televised or organized by actual or potential rival promotions unless approved by the UFC.

**RESPONSE TO REQUEST NO. 68:**

In addition to the General Objections set forth above, Schleimer objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it requests "All Documents and Communications" related to the drafting of and reasoning behind the "Exclusivity Clause" over a ten year time period, extending beyond the time period relevant to this Action. Schleimer also objects to the extent this Request calls for documents protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Schleimer further objects that the phrases "drafting of" and "reasoning behind" are vague and ambiguous. Endeavor disputes Plaintiffs' characterization of the relevant agreement provisions as the "Exclusivity Clause," and further disputes Plaintiffs' assertion that they bind "UFC Fighters into a restricted relationship with the UFC" and prohibit "them from appearing in Professional MMA Bouts televised or organized by actual or potential rival promotions unless approved by the UFC." Schleimer refers to the text of the relevant agreements for their contents. Schleimer further objects to this Request to the extent it seeks documents that are not within Schleimer's possession, custody, or control. Schleimer further objects to this Request as duplicative of Request No. 52 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Schleimer will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 69:**

All Documents and Communications referencing or relating to the drafting of and the reasoning behind the "Champion's Clause" in UFC Bout Agreements, which allows the UFC to

1    extend a UFC Fighter's contract for as long as the athlete is a "champion" in his or her weight

2    class.

3    **RESPONSE TO REQUEST NO. 69:**

4        In addition to the General Objections set forth above, Schleimer objects to this Request as

5    overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

6    calculated to lead to the discovery of relevant or admissible evidence, including because it requests

7    "All Documents and Communications" referencing or relating to the drafting and reasoning behind

8    the "Champion's Clause" over a ten year period, extending beyond the time period relevant to this

9    Action. Schleimer also objects to the extent this Request calls for documents protected from

10   disclosure by the attorney-client privilege, work-product doctrine, or any other applicable

11   privilege. Schleimer further objects that the phrases "drafting of" and "reasoning behind" are

12   vague and ambiguous. Schleimer disputes Plaintiffs' characterization of the relevant agreement

13   provisions as the "Champion's Clause," and further disputes Plaintiffs' assertion that they allow

14   "the UFC to extend a UFC Fighter's contract for as long as the athlete is a 'champion' in his or

15   her weight class." Schleimer refers to the text of the relevant agreements for their contents.

16   Schleimer further objects to this Request to the extent it seeks documents that are not within

17   Schleimer's possession, custody, or control. Schleimer further objects to this Request as

18   duplicative of Request No. 53 to Endeavor. Endeavor has been actively meeting and conferring

19   with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

20   discovery.

21       Schleimer will not produce documents in response to this Request.

22   **REQUEST FOR PRODUCTION NO. 70:**

23       All Documents and Communications referencing or relating to the drafting of and the

24   reasoning behind the "Right to First Offer" and "Right to Match" Clauses in UFC Bout

25   Agreements, which grant the UFC the option to match the financial terms and conditions of any

26   offer made to a UFC Fighter for a Professional MMA Bout even after the UFC Fighter's contract

27   has expired.

28

**RESPONSE TO REQUEST NO. 70:**

In addition to the General Objections set forth above, Schleimer objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it requests "All Documents and Communications" referencing or relating to the drafting of and the reasoning behind the "Right to First Offer" and "Right to Match" clauses over an a ten year period, extending beyond the time period relevant to this Action. Schleimer also objects to the extent this Request calls for documents protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Schleimer further objects that the phrases "drafting of" and "reasoning behind" are vague and ambiguous. Schleimer disputes Plaintiffs' characterization of the relevant agreement provisions as the "Right to First Offer" and "Right to Match" clauses, and further disputes Plaintiffs' assertion that they grant "the UFC the option to match the financial terms and conditions of any offer made to a UFC Fights for a Professional MMA Bout even after the UFC Fighter's contract has expired." Schleimer refers to the text of the relevant agreements for their contents. Schleimer further objects to this Request to the extent it seeks documents that are not within Schleimer's possession, custody, or control. Schleimer and his employer, Endeavor, are not alleged to have had any involvement in the drafting or reasoning behind any provision of Zuffa's contracts with MMA fighters challenged in Complaint paragraph 101, and this Request is an impermissible fishing exercise. Schleimer further objects to this Request as duplicative of Request No. 54 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Schleimer will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 71:**

All Documents and Communications referencing or relating to the drafting of and the reasoning behind the "Ancillary Rights Clause" in the Promotional and Ancillary Rights Agreements, which grants the UFC exclusive and perpetual worldwide personality and Identity rights of the UFC Fighter.

**RESPONSE TO REQUEST NO. 71:**

In addition to the General Objections set forth above, Schleimer objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it requests "All Documents and Communications" referencing or relating to the drafting of and reasoning behind the "Ancillary Rights Clause" over a ten year period, extending beyond the time period relevant to this Action. Schleimer also objects to the extent this Request calls for documents protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Schleimer further objects that the phrases "drafting of" and "reasoning behind" are vague and ambiguous. Schleimer further objects that this Request is not limited in scope to the claims and defenses at issue in this Action, including because Plaintiffs do not allege an identity class in this Action. Schleimer disputes Plaintiffs' characterization of the relevant agreement provisions as the "Ancillary Rights Clause," and further disputes Plaintiffs' assertion that they grant "the UFC exclusive and perpetual worldwide personality and Identity rights of the UFC Fighter." Schleimer refers to the text of the relevant agreements for their contents. Schleimer further objects to this Request to the extent it seeks documents that are not within Schleimer's possession, custody, or control. Schleimer and his employer, Endeavor, are not alleged to have had any involvement in the drafting or reasoning behind any provision of Zuffa's contracts with MMA fighters challenged in Complaint paragraph 101, and this Request is an impermissible fishing exercise. Schleimer further objects to this Request as duplicative of Request No. 55 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Schleimer will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 72:**

All Documents and Communications referencing or relating to the drafting of and the reasoning behind the "Promotion Clause" in the Promotional and Ancillary Rights Agreements, which requires UFC Fighters to attend, cooperate, and assist in the promotion of Professional MMA Bouts in which they fight and, as required by the UFC, any other Professional MMA Bouts,

1  Professional MMA Events, broadcasts, press conferences and sale of UFC Licensed Merchandise.

2  **RESPONSE TO REQUEST NO. 72:**

3         In addition to the General Objections set forth above, Schleimer objects to this Request as

4  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

5  calculated to lead to the discovery of relevant or admissible evidence, including because it requests

6  "All Documents and Communications" referencing or relating to the drafting of and reasoning

7  behind the "Promotion Clause" over ten year period, extending beyond the time period relevant to

8  this Action. Schleimer also objects to the extent this Request calls for documents protected from

9  disclosure by the attorney-client privilege, work-product doctrine, or any other applicable

10  privilege. Schleimer further objects that the phrases "drafting of," "reasoning behind," "attend,

11  cooperate, and assist in the promotion," and "broadcasts, press conferences and sale" are vague

12  and ambiguous. Schleimer disputes Plaintiffs' characterization of the relevant agreement

13  provisions as the "Promotion Clause," and further disputes Plaintiffs' assertion that they require

14  "UFC Fighters to attend, cooperate, and assist in the promotion of Professional MMA Bouts in

15  which they fight and, as required by the UFC, any other Professional MMA Bouts, Professional

16  MMA Events, broadcasts, press conferences and sale of UFC Licensed Merchandise." Schleimer

17  refers to the text of the relevant agreements for their contents. Schleimer further objects to this

18  Request to the extent it seeks documents that are not within Schleimer's possession, custody, or

19  control. Schleimer and his employer, Endeavor, are not alleged to have had any involvement in

20  the drafting or reasoning behind any provision of Zuffa's contracts with MMA fighters challenged

21  in Complaint paragraph 101, and this Request is an impermissible fishing exercise. Schleimer

22  further objects to this Request as duplicative of Request No. 56 to Endeavor. Endeavor has been

23  actively meeting and conferring with Plaintiffs over this same Request, and thus this Request

24  improperly seeks to bypass party discovery.

25         Schleimer will not produce documents in response to this Request.

26

27

28

1  **REQUEST FOR PRODUCTION NO. 73:**

2      All Documents and Communications referencing or relating to the drafting of and the

3  reasoning behind the "Retirement Clause" which gives the UFC the power "to retain the rights to

4  a retired fighter in perpetuity."

5  **RESPONSE TO REQUEST NO. 73:**

6      In addition to the General Objections set forth above, Schleimer objects to this Request as

7  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

8  calculated to lead to the discovery of relevant or admissible evidence, including because it requests

9  "All Documents and Communications" referencing or relating to the drafting of and reasoning

10  behind the "Retirement Clause" over an ten year period, extending beyond the time period relevant

11  to this Action. Schleimer also objects to the extent this Request calls for documents protected from

12  disclosure by the attorney-client privilege, work-product doctrine, or any other applicable

13  privilege. Schleimer further objects that the phrases "drafting of" and "reasoning behind" are

14  vague and ambiguous. Endeavor disputes Plaintiffs' characterization of the relevant agreement

15  provisions as the "Retirement Clause," and further disputes the Plaintiffs' assertion that they give

16  the UFC the power "to retain the rights to a retired fighter in perpetuity." Schleimer refers to the

17  text of the relevant agreements for their contents. Schleimer further objects to this Request to the

18  extent it seeks documents that are not within Schleimer's possession, custody, or control.

19  Schleimer and his employer, Endeavor, are not alleged to have had any involvement in the drafting

20  or reasoning behind any provision of Zuffa's contracts with MMA fighters challenged in

21  Complaint paragraph 101, and this Request is an impermissible fishing exercise. Schleimer further

22  objects to this Request as duplicative of Request No. 57 to Endeavor. Endeavor has been actively

23  meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly

24  seeks to bypass party discovery.

25      Schleimer will not produce documents in response to this Request.

26  **REQUEST FOR PRODUCTION NO. 74:**

27      All Documents and Communications referencing or relating to the drafting of and the

28  reasoning behind the tolling provisions, which extend the term of a UFC Fighter's contract during

1    periods when he or she is injured, retired, or otherwise declines to compete.

2    **RESPONSE TO REQUEST NO. 74:**

3         In addition to the General Objections set forth above, Schleimer objects to this Request as

4    overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

5    calculated to lead to the discovery of relevant or admissible evidence, including because it requests

6    "All Documents and Communications" referencing or relating to the drafting of and the reasoning

7    behind the tolling provisions over an ten year period, extending beyond the time period relevant

8    to this Action. Schleimer also objects to the extent this Request calls for documents protected from

9    disclosure by the attorney-client privilege, work-product doctrine, or any other applicable

10   privilege. Schleimer further objects that the phrases "drafting of," "reasoning behind," "tolling

11   provisions," and "otherwise declines to compete" are vague and ambiguous. Schleimer disputes

12   Plaintiffs' characterization of the relevant agreement provisions as "tolling provisions," and further

13   disputes the Plaintiffs' assertion that they extend "the term of a UFC Fighter's contract during

14   periods when he or she is injured, retired, or otherwise declines to compete." Schleimer refers to

15   the text of the relevant agreements for their contents. Schleimer further objects to this Request to

16   the extent it seeks documents that are not within Schleimer's possession, custody, or control.

17   Schleimer and his employer, Endeavor, are not alleged to have had any involvement in the drafting

18   or reasoning behind any provision of Zuffa's contracts with MMA fighters challenged in

19   Complaint paragraph 101, and this Request is an impermissible fishing exercise. Schleimer further

20   objects to this Request as duplicative of Request No. 58 to Endeavor. Endeavor has been actively

21   meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly

22   seeks to bypass party discovery.

23        Schleimer will not produce documents in response to this Request.

24   **REQUEST FOR PRODUCTION NO. 75:**

25        All Documents and Communications referencing or relating to the drafting of and the

26   reasoning behind the "Sponsorship and Endorsement Clause," which appears to grant the UFC

27   sole discretion over all sponsorship and endorsement approvals.

28

1   **RESPONSE TO REQUEST NO. 75:**

2          In addition to the General Objections set forth above, Schleimer objects to this Request as

3   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

4   calculated to lead to the discovery of relevant or admissible evidence, including because it requests

5   "All Documents and Communications" referencing or relating to the drafting of and the reasoning

6   behind the "Sponsorship and Endorsement Clause" over a ten year period, extending beyond the

7   time period relevant to this Action. Schleimer also objects to the extent this Request calls for

8   documents protected from disclosure by the attorney-client privilege, workproduct doctrine, or any

9   other applicable privilege. Schleimer further objects that the phrases "drafting of" and "reasoning

10  behind" are vague and ambiguous. Schleimer further objects that this Request is not limited in

11  scope to the claims and defenses at issue in this Action, including because Plaintiffs do not allege

12  an identity class in this Action. Schleimer disputes Plaintiffs' characterization of the relevant

13  agreement provisions as the "Sponsorship and Endorsement Clause," and further disputes

14  Plaintiffs' assertion that they appear "to grant the UFC sole discretion over all sponsorship and

15  endorsement approvals." Schleimer refers to the text of the relevant agreements for their contents.

16  Schleimer further objects to this Request to the extent it seeks documents that are not within

17  Schleimer's possession, custody, or control. Schleimer and his employer, Endeavor, are not alleged

18  to have had any involvement in the drafting or reasoning behind any provision of Zuffa's contracts

19  with MMA fighters challenged in Complaint paragraph 101, and this Request is an impermissible

20  fishing exercise. Schleimer further objects to this Request as duplicative of Request No. 59 to

21  Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same

22  Request, and thus this Request improperly seeks to bypass party discovery.

23          Schleimer will not produce documents in response to this Request.

24  **REQUEST FOR PRODUCTION NO. 76:**

25          All Documents and Communications analyzing or quantifying the overall impact or effect

26  of the contractual clauses in Zuffa or Endeavor's Promotional and Ancillary Rights Agreements

27  on (a) UFC Fighters' mobility or compensation, and/or (b) the ability of Zuffa's competitors (as

28  identified in your response to Request No.60, supra, or otherwise) to compete for Professional

MMA Fighters services or to promote Professional MMA Events that can successfully compete against Zuffa or Endeavor.

**RESPONSE TO REQUEST NO. 76:**

In addition to the General Objections, Schleimer objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it calls for "All Documents and Communications" over a ten year time period, extending beyond the time period relevant to this Action. Schleimer also objects to the extent this Request calls for documents protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Schleimer further objects that the phrases "overall impact," "effect," "mobility," and "successfully" are vague and ambiguous. Schleimer further objects to this Request to the extent it seeks documents that are not within Schleimer's possession, custody, or control. Schleimer further objects to this Request as duplicative of Request No. 60 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Schleimer will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 77:**

Documents sufficient to identify each of Your Employees or agents involved in approving or negotiating the terms of each of Your Agreements with any Professional MMA Fighters.

**RESPONSE TO REQUEST NO. 77:**

In addition to the General Objections set forth above, Schleimer objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it calls for documents over an ten year period, extending beyond the time period relevant to this Action, and it is not limited in scope to agreement terms related to the claims or defenses at issue in this Action, including the lack of specificity regarding the subject of any "Agreements with any Professional MMA Fighters." Schleimer further objects to this Request to the extent it purports to require Schleimer to do anything beyond conducting a reasonable search for nonobjectionable,

1  non-privileged, responsive documents and data. Schleimer further objects to this Request as it is

2  duplicative of Request No. 61 to Endeavor. Schleimer and his employer, Endeavor, are not alleged

3  to have had any agreements with any professional MMA fighters that are relevant to this Action.

4  Schleimer further objects to this Request as duplicative of Request No. 61 to Endeavor. Endeavor

5  has been actively meeting and conferring with Plaintiffs over this same Request, and thus this

6  Request improperly seeks to bypass party discovery.

7      Schleimer will not produce documents in response to this Request.

8  **REQUEST FOR PRODUCTION NO. 78:**

9      All Documents and Communications relating to any Agreements between You and any

10  other MMA Promoter (past or present) relating to a Professional MMA Fighter's services,

11  including without limitation all executed Agreements (and any amendments thereto), draft

12  Agreements, and all Documents and Communications relating to the negotiation of such

13  agreements, regardless of whether an Agreement was executed.

14  **RESPONSE TO REQUEST NO. 78:**

15      In addition to the General Objections set forth above, Schleimer objects that this Request

16  is overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

17  calculated to lead to the discovery of relevant or admissible evidence, including because its request

18  for "all executed Agreements (and any amendments thereto)" with past or present MMA Promoters

19  over a period of a ten years extends beyond the time period relevant to this Action and is not

20  limited in scope to documents related to the claims and defenses at issue in this Action. Schleimer

21  also objects to this Request as seeking documents and information relating to fighters who would

22  not be part of the putative class and, thus, would have no likelihood of leading to the discovery of

23  relevant or admissible evidence. Schleimer further objects to the extent this Request calls for

24  documents protected from disclosure by the attorney-client privilege, work-product doctrine, or

25  any other applicable privilege. Schleimer further objects to this Request to the extent it seeks

26  documents that are not within Schleimer's possession, custody, or control. Schleimer and his

27  employer, Endeavor, are not alleged to have had any agreements with any MMA promoter (other

28  than Zuffa) that are relevant to this Action. Schleimer further objects to this Request as duplicative

1 of Request No. 62 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs

2 over this same Request, and thus this Request improperly seeks to bypass party discovery.

3      Schleimer will not produce documents in response to this Request.

4 **REQUEST FOR PRODUCTION NO. 79:**

5      Documents sufficient to identify each of Your Employees or agents involved in approving

6 or negotiating the terms of any Agreements or potential Agreements with any other MMA

7 Promoter (past or present) relating to the provision of Professional MMA Fighter services.

8 **RESPONSE TO REQUEST NO. 79:**

9      In addition to the General Objections set forth above, Schleimer objects that this Request

10 is overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

11 calculated to lead to the discovery of relevant or admissible evidence, including because it seeks

12 documents relating to each employee over an ten year, extending beyond the time period relevant

13 to this Action, and it is not limited to documents related to individuals who may have some role in

14 the claims or defenses in this Action. Schleimer also objects that the phrase "potential Agreements"

15 is vague, ambiguous, and confusing. Schleimer further objects to this Request to the extent it

16 purports to require Schleimer to do anything beyond conducting a reasonable search for non-

17 objectionable, non-privileged, responsive documents and data. Schleimer further objects to this

18 Request to the extent it seeks documents that are not within Schleimer's possession, custody, or

19 control. Schleimer and his employer, Endeavor, are not alleged to have had any agreements with

20 any MMA promoter (other than Zuffa) that are relevant to this Action. Schleimer further objects

21 to this Request as duplicative of Request No. 63 to Endeavor. Endeavor has been actively meeting

22 and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to

23 bypass party discovery.

24      Schleimer will not produce documents in response to this Request.

25 **REQUEST FOR PRODUCTION NO. 80:**

26      All Documents and Communications constituting or relating to Agreements between You

27 and any broadcaster of professional MMA events (including PPV and non-PPV Professional

28 MMA Events), including without limitation all executed Agreements (and any amendments

1   thereto), draft Agreements, and all Documents and Communications relating to the negotiation of

2   such Agreements, Documents and Communications analyzing the terms of any actual or potential

3   such Agreement, regardless of whether an Agreement was executed.

4   **RESPONSE TO REQUEST NO. 80:**

5          In addition to the General Objections set forth above, Schleimer objects that this Request

6   is overbroad, unduly burdensome, not proportional to the needs of the case, and seeks documents

7   that have no likelihood of leading to the discovery of relevant or admissible evidence, including

8   because it calls for "All Documents and Communications" over a ten year period, extending

9   beyond the time period relevant to this Action. Schleimer further objects that the phrases

10  "analyzing" and "potential such Agreement" are vague, ambiguous, and confusing. Schleimer

11  further objects to the extent this Request calls for documents protected from disclosure by the

12  attorney-client privilege, work-product doctrine, or any other applicable privilege. Plaintiffs have

13  neither asserted a monopolization claim in this Action, nor alleged any anticompetitive conduct in

14  connection with Endeavor's broadcasting agreements, if any, and thus this Request is purely an

15  impermissible fishing expedition into irrelevant materials. Schleimer further objects to this

16  Request to the extent it seeks documents that are not within Schleimer's possession, custody, or

17  control. Schleimer further objects to this Request as duplicative of Request No. 64 to Endeavor.

18  Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and

19  thus this Request improperly seeks to bypass party discovery.

20         Schleimer will not produce documents in response to this Request.

21  **REQUEST FOR PRODUCTION NO. 81:**

22         Documents sufficient to identify each of Your Employees and agents involved in approving

23  or negotiating the terms of any Agreements or potential Agreements with any broadcaster of

24  Professional MMA Events (including PPV).

25  **RESPONSE TO REQUEST NO. 81:**

26         In addition to the General Objections set forth above, Schleimer objects to this Request as

27  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

28  calculated to lead to the discovery of relevant or admissible evidence, including because it calls

1   for documents related to "any Agreements" over a ten year period, extending beyond the time

2   period relevant to this Action, and it is not limited to documents related to individuals who may

3   have had some role in the claims and/or defenses at issue in this Action. Schleimer also objects to

4   the phrase "potential Agreements" as vague, ambiguous, and confusing. Schleimer further objects

5   to this Request to the extent it purports to require Schleimer to do anything beyond conducting a

6   reasonable search for non-objectionable, non-privileged, responsive documents and data.

7   Schleimer further objects to this Request to the extent it seeks documents that are not within

8   Schleimer's possession, custody, or control. Schleimer further objects to this Request as

9   duplicative of Request No. 65 to Endeavor. Endeavor has been actively meeting and conferring

10  with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

11  discovery.

12       Schleimer will not produce documents in response to this Request.

13  **REQUEST FOR PRODUCTION NO. 82**

14       All Documents and Communications relating to Agreements between You and any

15  sponsors of the UFC or of the Professional MMA Fighters under contract with the UFC, including

16  without limitation all executed Agreements (and any amendments thereto), draft Agreements, and

17  all Documents and Communications relating to the negotiation of such Agreements, regardless of

18  whether an Agreement was executed.

19  **RESPONSE TO REQUEST NO. 82:**

20       In addition to the General Objections set forth above, Schleimer objects that this Request

21  is overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

22  calculated to lead to the discovery of relevant or admissible evidence, including because it asks for

23  "All Documents and Communications" relating to all agreements with sponsors over a ten year

24  period, extending beyond the time period relevant to this Action, and it is not limited in scope to

25  documents relating to the claims and defenses at issue in this Action. Schleimer also objects to this

26  Request as seeking documents and information relating to fighters who would not be members of

27  the putative class and, thus, would have no likelihood of leading to the discovery of relevant or

28  admissible evidence. Schleimer further objects to the extent this Request calls for documents

1    protected from disclosure by the attorney-client privilege, workproduct doctrine, or any other

2    applicable privilege. Plaintiffs have neither asserted a monopolization claim in this Action, nor

3    alleged any anticompetitive conduct in connection with Endeavor's sponsorship agreements, if

4    any, and thus this Request is purely an impermissible fishing expedition into irrelevant materials.

5    Schleimer further objects to this Request to the extent it seeks documents that are not within

6    Schleimer's possession, custody, or control. Schleimer further objects to this Request as

7    duplicative of Request No. 66 to Endeavor. Endeavor has been actively meeting and conferring

8    with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

9    discovery.

10         Schleimer will not produce documents in response to this Request.

11   **REQUEST FOR PRODUCTION NO. 83:**

12         Documents sufficient to identify each of Your Employees and/or agents involved in

13   approving or negotiating the terms of any Agreements or potential Agreements with any sponsors

14   of the UFC or the Professional MMA Fighters under contract with the UFC.

15   **RESPONSE TO REQUEST NO. 83:**

16         In addition to the General Objections set forth about, Schleimer objects to this Request as

17   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

18   calculated to lead to the discovery of relevant or admissible evidence, including because it requests

19   identification of all employees over a ten year period, extending beyond the time period relevant

20   to this Action, and it is not limited in scope to documents relating to the claims and defenses at

21   issue in this Action. Plaintiffs have neither asserted a monopolization claim in this Action, nor

22   alleged any anticompetitive conduct in connection with Endeavor's sponsorship agreements, if

23   any, and thus this Request is purely an impermissible fishing expedition into irrelevant materials.

24   Schleimer further objects to this Request to the extent it purports to require Schleimer to do

25   anything beyond conducting a reasonable search for nonobjectionable, non-privileged, responsive

26   documents and data. Schleimer further objects to this Request to the extent it seeks documents that

27   are not within Schleimer's possession, custody, or control. Schleimer further objects to this

28   Request as duplicative of Request No. 67 to Endeavor. Endeavor has been actively meeting and

1    conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass

2    party discovery.

3         Schleimer will not produce documents in response to this Request.

4    **REQUEST FOR PRODUCTION NO. 84:**

5         All Documents referencing or relating to the ability of any UFC Fighter to switch to and/or

6    fight for, an actual or potential rival promotion. Responsive Documents include, but are not limited

7    to, Documents referencing or relating to the costs to UFC Fighters and/or their managers or

8    promoters associated with such a switch, any requirements or obligations imposed by a contract

9    between the UFC and UFC Fighters, and/or Documents concerning communications or

10   negotiations between the UFC and UFC Fighters with respect to a switch or potential switch from

11   the UFC to a rival MMA Promoter.

12   **RESPONSE TO REQUEST NO. 84:**

13        In addition to the General Objections set forth above, Schleimer objects to this Request as

14   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

15   calculated to the discovery of relevant or admissible evidence, including because it calls for "All

16   Documents" over an a ten year period, extending beyond the time period relevant to this Action.

17   Schleimer also objects that the phrase "switch to and/or fight for" as used in this Request is vague

18   and ambiguous. Schleimer further objects to this Request as seeking documents and information

19   relating to fighters who would not be members of the putative class and, thus, would have no

20   likelihood of leading to the discovery of relevant or admissible evidence. Schleimer further objects

21   to this Request to the extent that it is duplicative of Request No. 61 to Zuffa, including to the extent

22   it seeks agreements between the UFC and UFC Fighters. Schleimer further objects to this Request

23   as duplicative of Request No. 68 to Endeavor. Endeavor has been actively meeting and conferring

24   with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

25   discovery.

26        Schleimer will not produce documents in response to this Request.

27   **REQUEST FOR PRODUCTION NO. 85:**

28        All communications between you and anyone else referencing or relating to this lawsuit or

1  Le, et al. v. Zuffa, LLC, 2:21-cv-1189-RFB-BNW (D. Nev.), or any of the named plaintiffs in

2  either of those cases, exclusive of any communications protected by the Attorney/Client Privilege.

3  **RESPONSE TO REQUEST NO. 85:**

4  In addition to the General Objections set forth above, Schleimer objects that this Request

5  is overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

6  calculated to lead to the discovery of relevant or admissible evidence, including because it requests

7  "All Communications" and does not limit the scope of its request to communications relating to

8  any of the named plaintiffs in this Action, to the claims and defenses at issue in this Action, or to

9  the time period of the allegations in this Action. Schleimer further objects that this Request is

10  unintelligible and cannot be responded to because the case citation refers to a case name that is

11  different from the case number cited. Schleimer further objects to this Request to the extent it seeks

12  documents that are not within Schleimer's possession, custody, or control. Schleimer further

13  objects to this Request as duplicative of Request No. 69 to Endeavor. Endeavor has been actively

14  meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly

15  seeks to bypass party discovery.

16  Schleimer will not produce documents in response to this Request.

17  **REQUEST FOR PRODUCTION NO. 86:**

18  All Documents referencing or relating to indemnification or defense (corporate or

19  individual), judgment sharing, joint defense, liability or responsibility for judgment in this action,

20  for You and any of your officers, including by way of example not limitation, indemnity

21  Agreements, joint defense Agreements, judgment sharing Agreements, tenders of defense, denials

22  or reservations of rights.

23  **RESPONSE TO REQUEST NO. 86:**

24  In addition to the General Objections set forth above, Schleimer objects to this Response

25  as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

26  calculated to lead to the discovery of relevant or admissible evidence, including because it requests

27  "All Documents" over a ten year period, extending beyond the time period relevant to this Action,

28  and it is not limited in scope to documents relating to the claims and defenses at issue in this

1    Action. Schleimer further objects because the phrases "indemnification or defense (corporate or

2    individual)" and "by way of example not limitation" are unintelligible as written. Schleimer further

3    objects to this Request to the extent it seeks documents that are not within Schleimer's possession,

4    custody, or control. Schleimer further objects to this Request as duplicative of Request No. 70 to

5    Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same

6    Request, and thus this Request improperly seeks to bypass party discovery.

7        Schleimer will not produce documents in response to this Request.

8    **REQUEST FOR PRODUCTION NO. 87:**

9        All Documents referencing or relating to any websites operated by You or on Your behalf,

10   including Documents sufficient to show who had responsibility for creating, maintaining, and

11   adding or deleting content (including any private messaging) to or from such websites.

12   **RESPONSE TO REQUEST NO. 87:**

13       In addition to the General Objections set forth above, Schleimer objects that this Request

14   is overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

15   calculated to lead to the discovery of relevant or admissible evidence, including because it requests

16   "All Documents" over a ten year period, extending beyond the time period relevant to this Action,

17   and does not limit the scope of the Request to documents relating to the claims and defenses at

18   issue in this Action. Plaintiffs' Request seeking "All Documents" referencing or relating to "any

19   website operated by You or on Your behalf" for a ten years would require Schleimer to produce a

20   burdensome, unreasonable, and disproportionate number of documents, many of which would be

21   far outside the scope of this Action and have no likelihood of leading to the discovery of relevant

22   or admissible evidence. Schleimer also objects that the phrases "maintaining" and "on Your

23   behalf" as used in this Request are vague and ambiguous. Schleimer further objects to this Request

24   to the extent it seeks documents that are not within Schleimer's possession, custody, or control.

25   Schleimer further objects to this Request as duplicative of Request No. 71 to Endeavor. Endeavor

26   has been actively meeting and conferring with Plaintiffs over this same Request, and thus this

27   Request improperly seeks to bypass party discovery.

28       Schleimer will not produce documents in response to this Request.

1   **REQUEST FOR PRODUCTION NO. 88:**

2         Documents sufficient to identify each Person responsible for any Social Media account

3   operated by or on behalf of Zuffa, including documents sufficient to show who had responsibility

4   for creating, maintaining, and adding or deleting content (including any private messaging) to or

5   from such Social Media accounts.

6   **RESPONSE TO REQUEST NO. 88:**

7         In addition to the General Objections set forth above, Schleimer objects to this Request as

8   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

9   calculated to lead to the discovery of relevant or admissible evidence. Schleimer further objects to

10  the phrases "on behalf of Zuffa" and "maintaining" as vague and ambiguous. Schleimer further

11  objects to this Request to the extent it purports to require Schleimer to do anything beyond

12  conducting a reasonable search for non-objectionable, non-privileged, responsive documents and

13  data. Schleimer further objects to this Request to the extent it seeks documents that are not within

14  Schleimer's possession, custody, or control. Schleimer further objects to this Request as

15  duplicative of Request No. 72 to Endeavor. Endeavor has been actively meeting and conferring

16  with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

17  discovery.

18        Schleimer will not produce documents in response to this Request.

19  **REQUEST FOR PRODUCTION NO. 89:**

20        All contracts or Agreements between the UFC and any Social Media organization.

21  **RESPONSE TO REQUEST NO. 89:**

22        In addition to the General Objections, Schleimer objects that this Request is overbroad to

23  the extent that it calls for "All contracts or Agreements" over a ten year time period, extending

24  beyond the time period relevant to this Action, and does not limit the agreements to issues relevant

25  to the claims or defenses at issue in this Action and thus is not reasonably calculated to lead to the

26  discovery of relevant or admissible evidence. Schleimer also objects that this Request is not

27  proportional to the needs of the case. Schleimer further objects to this Request to the extent it seeks

28  documents that are not within Schleimer's possession, custody, or control. Schleimer further

1    objects to this Request as duplicative of Request No. 73 to Endeavor. Endeavor has been actively

2    meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly

3    seeks to bypass party discovery.

4         Schleimer will not produce documents in response to this Request.

5    **REQUEST FOR PRODUCTION NO. 90:**

6         All Documents and Communications relating to any content posted to any website or Social

7    Media relating to UFC Professional MMA Bouts, including Pre-Bout Event promotional content

8    and Post-Bout Event content.

9    **RESPONSE TO REQUEST NO. 90:**

10        In addition to the General Objections set forth above, Schleimer objects that this Request

11   is overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

12   calculated to lead to the discovery of relevant or admissible evidence, including because it calls

13   for "All Documents and Communications" relating to "any content posted to any website" over a

14   ten year time period, extending beyond the time period relevant to this Action, it is not limited in

15   scope to documents related to the claims and defenses at issue in this Action, and it is not limited

16   to websites controlled by Schleimer or his employer, Endeavor, or statements made by Schleimer

17   acting in his capacity as an Endeavor employee. Schleimer further objects to this Request to the

18   extent that it seeks public information—including information in Plaintiffs' control—that is readily

19   accessible by Plaintiffs and which should be collected by Plaintiffs under the reasonableness and

20   proportionality standards set forth in the Federal Rules of Civil Procedure. Schleimer further

21   objects to this Request to the extent it seeks documents that are not within Schleimer's possession,

22   custody, or control. Schleimer further objects to this Request as duplicative of Request No. 74 to

23   Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same

24   Request, and thus this Request improperly seeks to bypass party discovery.

25        Schleimer will not produce documents in response to this Request.

26   **REQUEST FOR PRODUCTION NO. 91:**

27        All Documents, including any content posted to any website or Social Media, referencing

28   or relating to the Professional MMA Fighters under contract with the UFC.

**RESPONSE TO REQUEST NO. 91:**

In addition to the General Objections set forth above, Schleimer objects that this Request, as phrased, is overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it calls for "All Documents" referencing or relating to "Professional MMA Fighters under contract with the UFC" over a ten year time period, extending beyond the time period relevant to this Action, and it is not limited in scope to documents relating to the claims and defenses at issue in this Action. To the extent this Request calls for "content posted to any website or Social Media," Schleimer objects that it is not limited to website or Social Media controlled by Schleimer, or his employer, Endeavor, or statements made by Schleimer acting in his capacity as an Endeavor employee. Schleimer further objects that this Request seeks public information—including information in Plaintiffs' control—that is readily accessible by Plaintiffs and which should be collected by Plaintiffs under the reasonableness and proportionality standards set forth in the Federal Rules of Civil Procedure. Schleimer further objects to this Request to the extent it purports to require Schleimer to maintain information removed or deleted from website and/or Social Media prior to the filing of this lawsuit. Schleimer further objects to this Request as seeking documents and information relating to fighters who would not be part of the putative class and, thus, would have no likelihood of leading to the discovery of relevant or admissible evidence. Schleimer further objects to this Request to the extent it seeks documents that are not within Schleimer's possession, custody, or control. Schleimer further objects to this Request as duplicative of Request No. 75 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Schleimer will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 92**

All Documents, including any content posted to any website or Social Media, referencing or relating to any Professional MMA Fighters not under contract with the UFC.

**RESPONSE TO REQUEST NO. 92:**

In addition to the General Objections set forth above, Schleimer objects that this Request

is overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it calls for "All Documents" referencing or relating to "Professional MMA Fighters not under contract with the UFC" over a ten year time period, which extends beyond the time period relevant to this Action, and it is not limited to documents relating to the claims and defenses at issue in this Action. To the extent this Request calls for "content posted to any website or Social Media," Schleimer objects that it is not limited to a website or Social Media controlled by Schleimer, or his employer, Endeavor, or statements made by Schleimer acting in his capacity as an Endeavor employee. Schleimer further objects that this Request seeks public information—including information in Plaintiffs' control—that is readily accessible by Plaintiffs and which should be collected by Plaintiffs under the reasonableness and proportionality standards set forth in the Federal Rules of Civil Procedure. Schleimer further objects to this Request to the extent it purports to require Schleimer to maintain information removed or deleted from any website and/or Social Media prior to the filing of this lawsuit. Schleimer further objects to this Request to the extent it seeks documents that are not within Schleimer's possession, custody, or control. Schleimer further objects to this Request as duplicative of Request No. 76 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Schleimer will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 93:**

All Documents, including any content posted to any website or Social Media, referencing or relating to any other MMA promoter, including without limitation any references to UFC's acquisition or potential acquisition of any other MMA promoter.

**RESPONSE TO REQUEST NO. 93:**

In addition to the General Objections set forth above, Schleimer objects that this Request is overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it requests "All Documents" "referencing or relating to any other MMA promoter" over a ten yea time period,

1    which extends beyond the time period relevant to this Action and it is not limited to documents

2    relating to the claims and defenses at issue in this Action. To the extent this Request calls for

3    "content posted to any website or Social Media," Schleimer objects that it is not limited to a

4    website or Social Media controlled by Schleimer, or his employer, Endeavor or statements made

5    by Schleimer acting in his capacity as an Endeavor employee. Schleimer further objects to this

6    Request to the extent that it seeks public information—including information in Plaintiffs'

7    control—that is readily accessible by Plaintiffs and which should be collected by Plaintiffs under

8    the reasonableness and proportionality standards set forth in the Federal Rules of Civil Procedure.

9    Schleimer further objects to this Request to the extent it seeks documents that are not within

10    Schleimer's possession, custody, or control. Schleimer further objects to this Request as

11    duplicative of Request No. 77 to Endeavor. Endeavor has been actively meeting and conferring

12    with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

13    discovery.

14        Schleimer will not produce documents in response to this Request.

15    **REQUEST FOR PRODUCTION NO. 94:**

16        All Documents referencing or relating to Zuffa's registration with any regulatory bodies

17    governing the MMA industry. Include all Documents referencing or relating to any suspensions of

18    Zuffa for any reason by any government agency or any Person responsible for regulation,

19    supervision, licensing, permitting or safety of Professional MMA Bouts and Professional MMA

20    Fighters.

21    **RESPONSE TO REQUEST NO. 94:**

22        In addition to the General Objections set forth above, Schleimer objects to this Request as

23    overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

24    calculated to lead to the discovery of relevant or admissible evidence, including because it seeks

25    "All Documents" over a ten year time period, which extends beyond the time period relevant to

26    this Action, and it is not limited to documents related to the claims and defenses at issue in this

27    Action. Schleimer further objects to this Request to the extent it seeks documents that are not

28    within Schleimer's possession, custody, or control. Schleimer further objects to this Request as

duplicative of Request No. 78 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Schleimer will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 95:**

All Documents and Communications relating to Meetings or the business of Your Board of Directors, including without limitation all agendas, minutes, presentations, Agreements, and resolutions created by or for the Board of Directors, and including all Documents and Communications directed to and presented by management or outside professionals, which address capital raises, business combinations, dividends and any other executive compensation matters.

**RESPONSE TO REQUEST NO. 95:**

In addition to the General Objections set forth above, Schleimer objects to this Request as overboard, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it seeks "All Documents and Communications" over a ten year time period, extending beyond the time period relevant to this Action, and it is not limited to documents related to the claims and defenses at issue in this Action. Schleimer also objects that the phrase "directed to and presented by management and outside professionals" is vague and ambiguous. Schleimer further objects to this Request to the extent it seeks documents that are not within Schleimer's possession, custody, or control. Schleimer further objects to this Request as duplicative of Request No. 79 to Endeavor. Endeavor has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Schleimer will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 96:**

All Documents and Communications reflecting or relating to Your relationship with Mubadala Investment Company, Khaldoon Al Mubarak, or any other executive, employee, agent, or representative of Mubadala Investment Company, including without limitation all Documents and Communications reflecting or relating to any financial transactions between You and

1  Mubadala, including without limitation any loans, purchases of equity or other ownership shares,

2  purchases of any debt, the provision of any gifts or any other unilateral provision of anything of

3  value, or any other transfer or exchange involving capital and/or anything of value.

4  **RESPONSE TO REQUEST NO. 96:**

5       In addition to the General Objections set forth above, Schleimer objects to this Request as

6  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

7  calculated to lead to the discovery of relevant or admissible evidence, including because it calls

8  for "All Documents and Communications" over a ten year period, extending beyond the time

9  period relevant to this Action, and it is not limited in scope to documents relating to the claims and

10  defenses at issue in this Action. Schleimer also objects that the phrases "reflecting or relating to

11  Your relationship," "unilateral provision of anything of value," and "transfer or exchange

12  involving... anything of value" are vague and ambiguous. Schleimer further objects to this Request

13  to the extent it seeks documents that are not within Schleimer's possession, custody, or control.

14  Schleimer further objects to this Request as duplicative of Request No. 80 to Endeavor. Endeavor

15  has been actively meeting and conferring with Plaintiffs over this same Request, and thus this

16  Request improperly seeks to bypass party discovery.

17       Schleimer will not produce documents in response to this Request.

18  **REQUEST FOR PRODUCTION NO. 97:**

19       All Documents and Communications relating to the production of any Professional MMA

20  Event in or on any location owned or controlled by Abu Dhabi, United Arab Emirates.

21  **RESPONSE TO REQUEST NO. 97:**

22       In addition to the General Objections set forth above, Schleimer objects to this Request as

23  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

24  calculated to lead to the discovery of relevant or admissible evidence, including because it calls

25  for "All Documents and Communications relating to the production of any Professional MMA

26  event" over a ten year time period, extending beyond the time period relevant to this Action, and

27  it is not limited in scope to documents relating to the claims and defenses at issue in this Action.

28  Schleimer also objects that the phrases "the production of" and "or controlled by" are vague and

1  ambiguous. Schleimer further objects to this Request to the extent it seeks documents that are not

2  within Schleimer's possession, custody, or control. Schleimer further objects to this Request as

3  duplicative of Request No. 81 to Endeavor. Endeavor has been actively meeting and conferring

4  with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

5  discovery.

6      Schleimer will not produce documents in response to this Request.

7  **REQUEST FOR PRODUCTION NO. 98:**

8      All Communications between You and Silver Lake Group, LLC ("SLP"), including any of

9  its predecessors, successors, affiliates, or any Person SLP manages or controls, along with their

10  executives, employees, agents, or representatives, relating to the acquisition of Zuffa, LLC or the

11  merger of Zuffa Parent LLC with World Wrestling Entertainment.

12  **RESPONSE TO REQUEST NO. 98:**

13      In addition to the General Objections set forth above, Schleimer objects to this Request as

14  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

15  calculated to lead to the discovery of relevant or admissible evidence, including because it calls

16  for material beyond the time period relevant to this Action and is unrelated to the claims and

17  defenses at issue in this Action (which does not concern any acquisition or merger of Zuffa) by

18  requesting "All Communications" with a third party relating to the acquisition of Zuffa or the

19  merger of Zuffa Parent LLC with World Wrestling Entertainment. Schleimer also objects that the

20  phrase "predecessors, successors, affiliates, or any Person SLP manages or controls" is vague and

21  ambiguous. Schleimer further objects to this Request to the extent it seeks documents that are not

22  within Schleimer's possession, custody, or control. Schleimer further objects to this Request as

23  duplicative of Request No. 82 to Endeavor. Endeavor has been actively meeting and conferring

24  with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

25  discovery.

26      Schleimer will not produce documents in response to this Request.

27  **REQUEST FOR PRODUCTION NO. 99:**

28      All Communications between You and Kohlberg Kravis Roberts & Co. ("KKR"),

1  including any of its predecessors, successors, affiliates, or any Person KKR manages or controls,

2  along with their executives, employees, agents, or representatives, relating to the acquisition of

3  Zuffa, LLC or the merger of Zuffa Parent LLC with World Wrestling Entertainment.

4  **RESPONSE TO REQUEST NO. 99:**

5      In addition to the General Objections set forth above, Schleimer objects to this Request as

6  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

7  calculated to lead to the discovery of relevant or admissible evidence, including because it calls

8  for material beyond the time period relevant to this Action and unrelated to the claims and defenses

9  at issue in this Action (which does not concern any acquisition or merger of Zuffa) by requesting

10 "All Communications" with a third party relating to the acquisition of Zuffa or the merger of Zuffa

11 Parent LLC with World Wrestling Entertainment. Schleimer also objects that the phrase

12 "predecessors, successors, affiliates, or any Person KKR manages or controls" is vague and

13 ambiguous. Schleimer further objects to this Request to the extent it seeks documents that are not

14 within Schleimer's possession, custody, or control. Schleimer further objects to this Request as

15 duplicative of Request No. 83 to Endeavor. Endeavor has been actively meeting and conferring

16 with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

17 discovery.

18     Schleimer will not produce documents in response to this Request.

19 **REQUEST FOR PRODUCTION NO. 100:**

20     All Communications between You and MSD Capital, L.P. ("MSD") or its successor DFO

21 Management ("DFO"), including any of its predecessors, successors, affiliates, or any Person

22 MSD or DFO manages or controls, along with their executives, employees, agents, or

23 representatives, relating to the acquisition of Zuffa, LLC or the merger of Zuffa Parent LLC with

24 World Wrestling Entertainment.

25 **RESPONSE TO REQUEST NO. 100:**

26     In addition to the General Objections set forth above, Schleimer objects to this Request as

27 overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

28 calculated to lead to the discovery of relevant or admissible evidence, including because it calls

1  for material beyond the time period relevant to this Action and unrelated to the claims and defenses

2  at issue in this Action (which does not concern any acquisition or merger of Zuffa) by requesting

3  "All Communications" with a third party relating to the acquisition of Zuffa or the merger of Zuffa

4  Parent LLC with World Wrestling Entertainment. Schleimer also objects that the phrase

5  "predecessors, successors, affiliates, or any Person MSD or DFO manages or controls" is vague

6  and ambiguous. Schleimer further objects to this Request to the extent it seeks documents that are

7  not within Schleimer's possession, custody, or control. Schleimer further objects to this Request

8  as duplicative of Request No. 84 to Endeavor. Endeavor has been actively meeting and conferring

9  with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

10  discovery.

11       Schleimer will not produce documents in response to this Request.

12  Dated: April 2, 2025                    Respectfully Submitted,

13                                          /s/ *Christopher S. Yates*
    WILLIAM A. ISAACSON (*Pro hac vice*)   CHRISTOPHER S. YATES (*Pro hac vice*)
14  wisaacson@paulweiss.com                 chris.yates@lw.com
    KAREN L. DUNN (*Pro hac vice*)          AARON T. CHIU (*Pro hac vice*)
15  ldunn@paulweiss.com                     aaron.chiu@lw.com
    JESSICA PHILLIPS (*Pro hac vice*)       LATHAM & WATKINS LLP
16  jphillips@paulweiss.com                 505 Montgomery Street, Suite 2000
    PAUL, WEISS, RIFKIND, WHARTON &         San Francisco, CA 94111
17  GARRISON LLP                            Tel: (415) 395-8095
    2001 K Street, NW
18  Washington, DC 20006                    SEAN M. BERKOWITZ (*Pro hac vice*)
                                            sean.berkowitz@lw.com
19  BRETTE M. TANNENBAUM (*Pro hac vice*)   LATHAM & WATKINS LLP
    btannenbaum@paulweiss.com               330 North Wabash Ave, Suite 2800
20  YOTAM BARKAI (*Pro hac vice*)           Chicago, IL 60611
    ybarkai@paulweiss.com
21  PAUL, WEISS, RIFKIND, WHARTON &         LAURA WASHINGTON (*Pro hac vice*)
    GARRISON LLP                            laura.washington@lw.com
22  1285 Avenue of the Americas             LATHAM & WATKINS LLP
    New York, NY 10019                      10250 Constellation Blvd, Suite 1100
23                                          Los Angeles, CA 90067
    DONALD J. CAMPBELL (No. 1216)
24  djc@campbellandwilliams.com             DAVID L. JOHNSON (*Pro hac vice*)
    J. COLBY WILLIAMS (No. 5549)            david.johnson@lw.com
25  jcw@campbellandwilliams.com             LATHAM & WATKINS LLP
    CAMPBELL & WILLIAMS                     555 Eleventh Street NW, Suite 1000
26  700 South 7th Street                    Washington, D.C. 20004
    Las Vegas, Nevada 89101
27  Tel: (702) 382-5222

28  *Attorneys for Defendants Zuffa, LLC, TKO Operating Company, and Endeavor Group Holdings, Inc.*