# EXHIBIT 9

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of Nevada

| | | |
|---|---|---|
| Johnson et al | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  2:21-cv-01189-RFB-BNW |
| Zuffa, LLC dba Ultimate Fighting Championship et al | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                        Sean Shelby

_____

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A.

| Place: Your offices or another mutually agreeable location, including electronically. | Date and Time: 04/17/2025 5:00 pm |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     03/18/2025

| *CLERK OF COURT* | OR | /s/ Joseph R. Saveri |
|---|---|---|
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*     Plaintiffs
_____, who issues or requests this subpoena, are:

Joseph R. Saveri, 601 California Street, #1505, San Francisco, CA 94108, (415) 500-6800, jsaveri@saverilawfirm.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.    2:21-cv-01189-RFB-BNW

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
   **(i)** is a party or a party's officer; or
   **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**SCHEDULE A**

### I.    DEFINITIONS

1.  The following rules of construction should apply to all discovery requests:

    a)  "**All**" should be construed to include the collective as well as the singular and shall mean "each," "any," and "every."

    b)  "**And**" and "**or**" should be construed so as to require the broadest possible response. If, for example, a request calls for information about "A or B" or "A and B," You should produce all information about A and all information about B, as well as all information about A and B collectively. In other words, "or" and "and" should be read as "and/or."

    c)  "**Any**" shall be construed to mean "any and all."

    d)  "**Including**" shall be construed to mean "without limitation." "Including" is used to emphasize certain types of documents requested and should not be construed as limiting the request in any way.

    e)  "**Relating to**," "**referring to**," "**regarding**," or "**with respect to**" mean, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

    f)  The use of the singular form of any word includes the plural and vice versa.

    g)  Unless otherwise indicated, the use of the present tense of any verb shall be construed to include the past tense going back to the beginning of the Relevant Time Period, and the use of the past tense shall be construed to run from the beginning of the Relevant Time Period until the scheme alleged by Plaintiffs ends.

2.  "**Action**" means *Kajan Johnson, et al. v. Zuffa, LLC, et al.*, No. 2:21-cv-01189 (D. Nev.).

3.  "**Agreement**" means any oral or written contract, arrangement or understanding, whether formal or informal, between two or more persons, together with all modifications and amendments thereto.

4.  "**Communication**" means without limitation, oral or written communications of any kind, such as electronic communications, direct communications through social media (including without limitation direct messaging, instant messaging, chatting or emailing within a social media platform), facsimiles, telephone communications, correspondence, exchange of written or recorded information, or face-to-face meetings. The phrase "communication between" is defined to include instances where one party addresses the other party but the other party does not necessarily respond. The phrase "communication" includes all attachments to e-mail messages.

5.  "**Date**" means the exact day, month and year, if ascertainable, or the best available approximation, including any relationship to other known events (designate whether exact or approximate).

6.  "**Defendants**" means Zuffa and Endeavor as those terms are defined herein.

7.  "**Document(s)**" shall mean and include all "writings," "recordings" or "photographs" as those terms are defined in Federal Rule of Civil Procedure 34 and Rule 1001 of the Federal Rules of Evidence. Without limiting the generality of the foregoing, the term "Documents" includes both hard copy documents and electronically stored data files including but not limited to e-mail, instant messaging, social media content (including without limitation public content such as Tweets, YouTube submissions, Facebook posts, and posts to any public electronic billboard, as well as private content such as direct messaging, instant messaging, chats, and email), shared network files and databases. "Documents" also includes, without limitation and regardless of

whether stored in hard copy or electronically, any letters, correspondence, memoranda, analyses, legal pleadings, calendars, diaries, travel records, summaries, records of telephone conversations, telegrams, notes, reports, compilations, notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, audiotapes, film and sound reproductions, e-mails, internal or external web sites, audio or video discs data on magnetic or optical storage media (e.g., servers, storage area networks, interconnected remote servers (so-called "cloud computing"), hard drives, backup tapes, CDs, DVDs, Blu-ray, DVD-HD, USB/thumb/flash drives, floppy disks or any other type of portable storage device, etc.) stored as an "active" or backup file, in its native format, computer files, discs and drives, sales, advertising and promotional literature, agreements, stored recordings, minutes or other records of meetings, all written or graphic records or representations of any kind, and all mechanical or electronic data, records or representations of any kind.

8. "**Electronically Stored Information**," abbreviated as "**ESI**" has the same meaning and scope as it has in the Federal Rules of Civil Procedure and includes, without limitation, the following:

    a) structured and unstructured data, as those terms are defined in The Sedona Conference Glossary, available at www.thesedonaconference.org/publications;

    b) activity listings of electronic mail receipts and/or transmittals;

    c) output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, text messages (SMS, MMS or TMS), iMessages, Blackberry Messenger (BBM), AOL Instant Messenger™ (or similar program), social media (including without limitation X (Twitter), LinkedIn, YouTube, Facebook, Instagram,

and any other internet based messaging system) or bulletin board programs, operating
systems, source code, PRF files, PRC files, batch files, ASCII files, and all
miscellaneous media on which they reside and regardless of whether said electronic
data exists in an active file, a deleted file, or file fragment;

d)   any and all items stored on computer memories, hard disks, floppy disks, CD discs,
DVD discs, flash drives, thumb drives, memory cards, magnetic tape, microfiche, off-
site interconnected servers (so-called "cloud computing"), or in any other vehicle for
digital data storage and/or transmittal, such as, but not limited to, a personal digital
assistant (*e.g.*, Blackberry, Smart Phone or similar device) and file folder tabs, and/or
containers and labels appended to, or relating to, any physical storage device
associated with each original and/or copy of all documents requested herein;

e)   any and all items stored on voice-mail systems, websites, company intranet sites, chat
rooms and social networking websites (*e.g.*, Facebook, LinkedIn, X (Twitter), and
social websites listed at http://en.wikipedia.org/wiki/List of social networking
websites); and

f)   any and all data, data compilations, and data analyses.

9.   "**Employee**" means, without limitation, any current or former officer, director, executive,
manager, member, secretary, staff member, consultant, messenger, agent or other person who is
or was employed by a Person or entity.

10. "**Endeavor**" means Endeavor Group Holdings, Inc., and its executives, employees,
agents, owners, and all predecessors, successors, subsidiaries, departments, divisions, and/or
affiliates, including without limitation any organization or entity involved in the promotion,
regulation, or support of MMA Events in which Endeavor owns a controlling share or which

Endeavor manages or controls (including without limitation Endeavor Operating Company, LLC, TKO Operating Company, LLC (f/k/a Zuffa Parent, LLC), World Wrestling Entertainment, Inc., TKO Group Holdings, Inc. (f/k/a New Whale Inc.), Whale Merger Sub Inc., Zuffa, LLC, and any parent of or successor to Zuffa, LLC), together with all present and former directors, members, officers, employees, agents, representatives or any persons acting or purporting to act on Endeavor's behalf.

11. "**Identify**," when used in reference to an individual employee, means to produce documents sufficient to identify: the person's full name, last known business and home address; date of birth; social security number; title or position and period of service in each such position; immediate supervisor in each position; business and home telephone numbers (including voice, cellular and facsimile phone numbers) assigned to or used by such person and the period during which such numbers were assigned to be used by that person; and business and home electronic mail identifiers and the period during which such identifiers were assigned to and used by that person.

12. "**Identity**" of a Professional MMA Fighter means that person's name, sobriquet, voice, persona, signature, likeness and/or biographical information.

13. "**Meeting**" means, without limitation, any assembly, convocation, encounter, or contemporaneous presence of two or more persons for any purpose, whether planned or arranged, scheduled or not. Meeting attendees may be present in person or by electronic means including, but not limited to, teleconference and videoconference.

14. "**Merchandise**" means any apparel, footwear, hats, publications, posters, photographs, memorabilia, souvenirs, toys, collectibles, action figures, trading cards, video games, and any and all other similar type products, including the sleeves, jackets, and packaging for such

5

products.

15. "**Merchandise Rights**" means the right to use, edit, disseminate, display, reproduce, print, publish and make any other uses of the name, sobriquet, voice, persona, signature, likeness and/or biographical information (collectively, "Identity") of an MMA Fighter solely in connection with the development, manufacture, distribution, marketing and sale of Licensed Merchandise.

16. "**Mixed Martial Arts**" or "**MMA**" means a competitive individual sport in which competitors use interdisciplinary forms of martial arts that include, *e.g.*, jiu-jitsu, judo, karate, boxing, kickboxing, taekwondo, and/or wrestling to their strategic and tactical advantage in a supervised match. Scoring in live Professional MMA Bouts is based on athletic commission-approved definitions and rules for striking (blows with the hand, feet, knees or elbows) and grappling (submission holds, chokeholds, throws or takedowns).

17. "**MMA Fighter**" means any Person who participates as a combatant in an MMA bout.

18. "**MMA Industry**" means the business of promoting live MMA bouts and may also include the promotion of Pay-Per-View MMA events to generate Pay-Per-View revenues and ticket sales as well as ancillary activities such as: the sale of live and taped television programming, video-on-demand, merchandise (videos, DVDs, video games, apparel, hats, sporting equipment, etc.), event and fighter sponsorships, and the collection of MMA-related copyright and trademark royalties.

19. "**MMA Promoter**" or "**MMA Promotion**" means a person or entity that arranges **Professional MMA Events**.

20. "**Pay-Per-View**" or "**PPV**" means a "**Pay-Per-View**" or "**PPV**" means a type of pay television or broadcast service by which a subscriber of an Internet or television service provider

can purchase events to view live via private telecast or Internet broadcast. The events are typically purchased live, but can also be purchased for several weeks after an event first airs. Events can be purchased using an on-screen guide, an automated telephone system, on the Internet or through a live customer service representative.

21. "**Person**" means, without limitation, any natural person, corporation, partnership, limited liability company, proprietorship, joint venture, trust, association, government entity, group or other form of legal entity.

22. "**Plaintiff(s)**" means Kajan Johnson, C.B. Dollaway and Tristen Connelly, and any named plaintiffs in any subsequently filed actions which are related to or consolidated with the Action in the court with jurisdiction over the cases.

23. "**Possession, Custody or Control**" when referring to Documents or other tangible objects means any Document or other tangible object You have access to regardless of whether You have actual possession of the document or other tangible object. This includes Documents You have the legal right to obtain or for which You have control over the person who has control of the Document, including without limitation Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or Your attorneys or their agents, employees, representatives or investigators.

24. "**Post-Bout Event**" means any interviews and press conferences that follow and relate to a Professional MMA Bout.

25. "**Pre-Bout Event**" means training, interviews, press conferences, weigh-ins and behind-the-scenes footage that precede, and relate to, a Professional MMA Bout.

26. "**Professional MMA Bout**" means a bout between two Professional MMA Fighters.

27. "**Professional MMA Event**" means one or more Professional MMA Bouts presented by

an MMA Promoter before a live audience and/or for broadcast.

28. "**Professional MMA Fighter**" means an MMA Fighter who is compensated as a combatant in an MMA bout.

29. "**Promotional Rights and Ancillary Rights Agreement**" means an Agreement between Endeavor and a UFC Fighter regarding any combination of rights to site fees, live-gate receipts, advertising fees, sponsorship fees, motion pictures, all forms of radio, all forms of television (including live or delayed, interactive, home or theater, pay, PPV, satellite, closed circuit, cable, subscription, multi-point, master antenna, or other), telephone, wireless, computer, CD-ROM, DVD, any and all Internet applications, films and tapes for exhibition in any and all media and all gauges, including but not limited to, video and audio cassettes and disks, home video and computer games, arcade video games, hand-held versions of video games, video slot machines, photographs (including raw footage, out-takes and negatives), merchandising and program rights, in connection with or based upon the UFC brand, UFC Professional MMA Bouts, UFC Professional MMA Events, UFC Pre-Bout Events, or UFC Post-Bout Events.

30. "**Relating to**," "**referring to**," "**regarding**," or "**with respect to**" mean, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

31. "**Social Media**" means any web-hosted applications that facilitate public posting of words, images or video and audio recordings, and private interactions such as private messaging or email, among users. Examples of Social Media include, without limitation, X (Twitter), Facebook, YouTube, Instagram, Pinterest, My Space, and Truth Social.

32. "**Sponsor**" means any corporate entity which pays or seeks to pay a monetary consideration to a Professional MMA Fighter or an MMA Promoter in exchange for the right to display its products, logo or other promotional materials in connection with such fighter or promoter; or the act of paying a monetary consideration to a Professional MMA Fighter or an MMA Promoter in exchange for the right to display a Person's products, logo or other promotional materials in connection with such fighter or promoter.

33. "**TKO**" means TKO Operating Company, LLC and all predecessors, successors, subsidiaries, departments, divisions, and/or affiliates, including without limitation any organization or entity which the responding Defendant manages or controls, together with all present and former directors, members, officers, employees, agents, representatives or any persons acting or purporting to act on behalf of the responding Defendant.

34. "**UFC**" means Zuffa, LLC, Ultimate Fighting Championship, TKO Operating Company, LLC, and all predecessors, successors, subsidiaries, departments, divisions, and/or affiliates, including without limitation any organization or entity which the responding Defendant manages or controls, together with all present and former directors, members, officers, employees, agents, representatives or any persons acting or purporting to act on behalf of the responding Defendant, including: Zuffa Australia, LLC; Zuffa Aviation, LLC; Zuffa Brazil, LLC; Zuffa Canada, LLC; Zuffa Expo, LLC; Zuffa Fit 360, LLC; Zuffa Fitness Elite, LLC; Zuffa Fitness, LLC; Zuffa Holding Company, LLC; Zuffa Interactive Investor, LLC; Zuffa International, LLC; Zuffa Ireland, LLC; Zuffa Landco, LLC; Zuffa Mali, LLC; Zuffa Marketing, LLC; Zuffa Mexico, LLC; Zuffa Music, LLC; Zuffa On Demand, LLC; Zuffa Pipco 1, LLC; Zuffa Records, LLC; Zuffa Taps, LLC; and Zuffa Zen, LLC, and also including all entities that UFC merged with or acquired, such as, e.g., Explosion Entertainment, LLC (d/b/a Strikeforce), World Extreme

Cagefighting, World Fighting Alliance, and Pride Fighting Championships.

35. "**UFC Fighter**" means a person who is paid by the UFC for participating in one or more Professional MMA Bouts promoted by the UFC or whose Identity was acquired for use by the UFC.

36. "**You**" or "**Your**" means Sean Shelby, any organization or entity which **You** manage, control, have an ownership interest in, or are employed by; and any employees, agents, representatives or persons acting or purporting to act on Your behalf.

37. "**Zuffa**," "**UFC**," or "**Defendant**" all mean Ultimate Fighting Championship, UFC, TKO Operating Company, LLC ("**TKO OpCo**") (f/k/a Zuffa Parent LLC), a Delaware limited liability company and the direct subsidiary of TKO Group Holdings, Inc., a Delaware corporation ("**TKO Group Holdings**"), Endeavor Group Holdings, Inc., a Delaware corporation ("**Endeavor**"), and all predecessors, successors, subsidiaries, departments, divisions, acquisitions, affiliates and any organization or entity TKO OpCo or TKO Group Holdings manages or controls, together with all present and former directors, members, officers, employees, agents, representatives or any persons acting or purporting to act on TKO OpCo's behalf including, without limitation, Ariel Emanuel, Dana White, Mark Shapiro, Patrick Whitsell, Ike Lawrence Epstein, Lorenzo Fertitta or Hunter Campbell.

## II.    <u>INSTRUCTIONS</u>

1. In producing Documents, You are requested to furnish all Documents or things in Your possession, custody or control, regardless of the physical location of the Documents, or whether such Documents or other materials are possessed directly by You or Your directors, officers, agents, employees, representatives, managing agents, affiliates, investigators, or by Your

attorneys or their agents, employees, representatives or investigators.

2.   If any Document covered by these requests is withheld by reason of a claim of attorney-client privilege, attorney work product protection, or any other privilege or protection, please furnish a log providing the following information with respect to each such withheld document: date, author, recipients, general subject matter sufficient to make a prima facie determination whether the asserted privilege has been properly invoked, and legal basis upon which the document has been withheld.

3.   In producing Documents, You are requested to produce the original of each Document requested, together with all non-identical copies and drafts of such Document. If the original of any Document cannot be located, a copy shall be produced in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

4.   If any requested Document cannot be produced in full, You are to produce it to the extent possible and indicate which Document or portion of such Document is being withheld, and the reason it is being withheld.

5.   Documents not otherwise responsive to these Requests shall be produced if such Documents mention, discuss, refer to, or explain the Documents that are called for by these Requests, or if such Documents are attached to Documents called for by these Requests and constitute routing slips, transmittal memoranda, letters, cover sheets, comments, evaluation or similar materials.

6.   All Documents shall be produced in the same order as they are kept or maintained by You. If any Documents have been removed from the files in which they were found for purposes of producing them in response to these Requests, indicate for each Document the file(s) in which the Document(s) was (or were) originally located.

7.  In responding to these Requests You are to include Documents: (a) obtained from witnesses who gave information to any governmental agency or other investigatory or regulatory body as part of any investigation of the UFC or of the MMA Industry generally; (b) that constitute, or refer or relate to, summaries of testimony or other statements given in connection with such investigations; or (c) obtained on Your behalf by counsel in preparing for testimony or interviews in connection with such investigations.

8.  If a Document once existed and has subsequently been lost, destroyed, or is otherwise missing, please provide sufficient information to identify the Document and state the details concerning its loss.

9.  With respect to any Document maintained or stored electronically, please harvest it in a manner that maintains the integrity and readability of all data, including all metadata.

10. Unless otherwise agreed, all ESI should be produced in native format via a secure file transfer protocol, or on compact disc(s), DVD disc(s) or zip drives in the original electronic file format(s) of the Documents.

11. Please produce all Documents maintained or stored electronically in native, electronic format with all relevant metadata intact. Encrypted or password-protected documents should be produced in a form permitting them to be reviewed. You are also requested to immediately meet and confer regarding the manner in which You shall produce Documents stored electronically in order for the parties to try and reach agreement in this regard and avoid any unnecessary expense.

12. Please organize electronic Documents produced for inspection in the same manner that You store them (e.g., if maintained by a custodian, such as e-mail residing on an e-mail server, please organize documents for production by custodian; if maintained as a subfolder of "My

Documents" on a custodian's hard drive, please organize documents for production by custodian with path information preserved, etc.).

13. All ESI should be produced in accordance with the Stipulated Order Re: Discovery of Electronically Stored Information, approved by the Court on December 6, 2023, ECF No. 115.

14. Documents attached to each other should not be separated, including, but not limited to, hard-copy versions of Documents attached to hard-copy printouts of e-mails produced pursuant to these Requests.

15. At Your election, documents maintained or stored in paper, hard-copy form can be produced as searchable .PDF (i.e., portable document format files with embedded text) and in an appropriate and usable manner (e.g., by copying such data onto an external hard drive).

16. These requests require production of paper documents in the same form and same order as they are kept in the usual course of business, or organized and labeled to correspond with the requests set forth below. If You choose the former method, the documents are to be produced in the boxes, file folders, binders and other containers in which the documents are found. The titles, labels or other descriptions on the boxes, file folders, binders or other containers are to be left intact.

17. Documents stored as electronic data on magnetic, optical, or other storage media as "active" or "backup" files shall be produced in their native formats with any associated metadata.

18. To the extent responsive Documents reside on databases and other such systems and files, You are requested to produce the relevant database in useable form and/or permit access for inspection, review, and extraction of responsive information.

19. To the extent responsive Documents are in languages other than English, the parties shall meet and confer to discuss the format of production prior thereto.

20. No part of a document request shall be left unanswered merely because an objection was interposed to another part of the document request.

21. If You object to any document request or subpart thereof, the objection shall state with specificity all grounds. Any ground not stated shall be waived.

22. If You are unable to answer any document request, the reasons for Your inability to answer shall be separately stated in detail for each document request.

23. Failure to provide information in response to these document requests will be deemed a waiver of Your right to produce such evidence at trial. Plaintiffs reserve the right to move to preclude the introduction of any evidence not produced in response to these requests.

24. Category headings herein are for convenience and should not be relied upon to modify, limit, alter or otherwise influence in any way how to interpret these document requests.

## III.    RELEVANT TIME PERIOD

Unless otherwise noted herein, the relevant time period of these document requests is January 1, 2015, until the present (the "**Relevant Time Period**"). These document requests seek all responsive Documents created or generated during the Relevant Time Period, as well as responsive Documents created or generated outside the Relevant Time Period, but which contain information concerning the Relevant Time Period.

## IV.    PRODUCTION REQUESTS

### Document Request No. 1.

Documents sufficient to identify each electronic device that You used to transmit or receive Communications during the Relevant Time Period, including but not limited to cellular telephones, laptop or notebook computers, desktop computers, and portable tablets, including but not limited to Any electronic device that You purchased, that was purchased for You, or that was

issued to You by Defendants.

**<u>Document Request No. 2.</u>**

Documents sufficient to identify the telephone number and provider or carrier of each cellular telephone identified in response to Request No. 1.

**<u>Document Request No. 3.</u>**

Documents sufficient to identify when You first started using and, if applicable, when You stopped using, each mobile telephone number identified in response to Request No. 2.

**<u>Document Request No. 4.</u>**

Documents sufficient to identify each messaging account or social media account that You used during the Relevant Time Period, including but not limited to Discord, Facebook, Google Chat, iMessage, Instagram, Kik, Microsoft Teams, Signal, Skype, Slack, Snapchat, Telegram, TikTok, Truth Social, Whatsapp, WeChat, Zoom, etc.

**<u>Document Request No. 5.</u>**

Documents sufficient to identify All username(s) and social media handle(s) for each account identified in response to Request No. 4.

**<u>Document Request No. 6.</u>**

Documents sufficient to identify each email account that You used during the Relevant Time Period.

**<u>Document Request No. 7.</u>**

All Documents and Communications in Your possession relating to the changes in ownership of the MMA blog at http://www.bloodyelbow.com in or around January 2023 and in or around March 2024, including, without limitation, any materials relating to Defendants' acquisition of full or partial ownership in the blog, any efforts made by You, by Defendants, or on Defendants'

behalf to obtain full or partial ownership in the blog, any materials reflecting any consideration

by Defendants of taking any action to obtain full or partial ownership in the blog, and/or any

materials reflecting any effort by You, Defendants, or on Defendants' behalf to influence the

prior owner's(s') decision to sell or new owner's(s') decision to buy the blog or the terms of such

transaction (including any financial assistance offered or provided to any new owners).

## Document Request No. 8.

All Documents and Communications in Your possession relating to any efforts made by

Defendants or on Defendants' behalf to influence the content available on the MMA blog at

http://www.bloodyelbow.com, including, without limitation, materials relating to content that

was removed after the change in ownership of the blog in or around the first quarter of 2024.

## Document Request No. 9.

All Documents and Communications relating to any request by UFC Fighters, MMA Fighters

contracted with other MMA Promotions, or other MMA Promotions to match one or more UFC

Fighters in one or more bouts with MMA Fighters contracted with another MMA Promotion,

including, without limitation, materials reflecting Your consideration of such requests, the terms

offered or otherwise considered by You for such bout(s) or events, and/or the potential benefits

(or lack thereof) of promoting such bout(s) or events.

## Document Request No. 10.

All Documents and Communications relating to Francis Ngannou leaving the UFC for the

Professional Fighters League, including, without limitation, materials reflecting and/or otherwise

concerning the unsuccessful negotiations between Mr. Ngannou (and/or his representatives) and

the UFC to re-sign with the UFC, Documents and Communications with UFC Fighters and their

representatives, agents, or managers concerning their own contract negotiations and the impact

of Mr. Ngannou's departure on those negotiations, internal Documents and Communications analyzing the impact of Mr. Ngannou's departure on contract negotiations with UFC Fighters (including as to both the financial and non-financial terms negotiated), and any changes You made to the contract terms You offered to UFC Fighters based in whole or in any part on the unsuccessful negotiations with Mr. Ngannou.

**Document Request No. 11.**

All Documents and Communications concerning the rankings of UFC's Fighters, including, without limitation, materials relating to any internal rankings of UFC Fighters, all criteria and bases the UFC uses to assign UFC Fighters with their ranking in such internal rankings, and the rankings the UFC has assigned to UFC Fighters over time, and any external rankings (e.g., consensus rankings, rankings by particular media outlets, etc.) that the UFC uses to make or considers in making any business decisions (e.g., matchmaking, determining UFC Fighter compensation, determining whether to contract with or extend a contract with an MMA Fighter), the formula and/or process by which such rankings are determined, the way the UFC uses or considers such external rankings, and the external rankings assigned to UFC Fighters that the UFC has used over time.

**Document Request No. 12.**

A complete set of the data the UFC maintains comprising Fighter and bout statistics, including the data previously maintained by FightMetric and the "record book" as referenced at http://statleaders.ufc.com.

**Document Request No. 13.**

All Documents and Communications relating to Your acquisition of FightMetric and its MMA statistics data, including, without limitation, materials relating to the business or strategic

purpose(s) of acquiring FightMetric and the amount paid for FightMetric.

**Document Request No. 14.**

All Communications (including Documents attached to such Communications) between You and the following Persons relating to their potential testimony in the Le v. Zuffa, LLC, No. 15-cv-1045 (D. Nev.) trial: (a) Ali Abdelaziz; (b) Shannon Knapp; (c) Michael Bisping; (d) Donald Cerrone; (e) Michael Chandler; (f) Chael Sonnen; (g) Miesha Tate; (h) Jason House; (i) Josh Jones; (j) Dan Lambert; (k) Jeffrey Aronson; (l) Carlos Silva; and (m) Ed Soares.

**Document Request No. 15.**

Documents and Communications sufficient to show the financial results of the boxing event featuring the bout between Conor McGregor and Floyd Mayweather Jr. that took place on or about August 26, 2017, including, without limitation, how much each athlete was paid, the total revenues generated by the event (and the sources of the various components of revenue), and the total expenses incurred (and a breakdown of those expenses).

**Document Request No. 16.**

All Documents and Communications relating to the negotiations with Conor McGregor concerning his appearance in the bout between Conor McGregor and Floyd Mayweather Jr. that ultimately took place on or about August 26, 2017, including any promotional and ancillary rights agreement signed by Mr. McGregor, any agreement with any changes to Mr. McGregor's UFC promotional and ancillary rights agreement or any determination by You to not enforce any part of the UFC promotional and ancillary rights agreement with Mr. McGregor, and/or the bases for the UFC's decision to change or otherwise not enforce any part of the UFC promotional and ancillary rights agreement with Mr. McGregor.

**Document Request No. 17.**

All Agreements between You and Mayweather Promotions, The Money Team, Showtime, and McGregor Promotions relating to the Mayweather vs. McGregor bout and/or event that took place on or about August 26, 2017, as well as any Agreements in Your possession, custody, or control among or between any or all of those entities.

**Document Request No. 18.**

All Documents and Communications relating to Leslie Smith's unionization effort, including materials relating to Project Spearhead and her allegations (and any related administrative, legal, or regulatory proceeding) that You committed unfair labor practices when she was terminated from the UFC.

**Document Request No. 19.**

All Documents and Communications relating to the effort by certain UFC Fighters and others to create the Mixed Martial Arts Athletes Association ("MMAAA"), including, without limitation, any materials reflecting MMAAA's effort to obtain an out-of-court financial settlement for any alleged legal claims, any materials relating to MMAAA's expressed goal of increasing the revenue share the UFC pays to UFC Fighters, and any discussions relating to insurance and pension packages for UFC athletes. Responsive Documents and Communications also include any materials relating to the reported meeting between Donald Cerrone and Dana White that transpired on or about December 8, 2016 concerning the MMAAA and any follow-up concerning such meeting.

**Document Request No. 20.**

All Documents and Communications relating to the UFC's business strategy for Professional MMA Events and/or Professional MMA Bouts held at UFC Apex, including Documents and

Communications discussing the reasons for creating and/or establishing the UFC Apex, how UFC determines which Professional MMA Events and/or Professional MMA Bouts will be held at the Apex, and why any Professional MMA Events and/or Professional MMA Bouts were held at the Apex.

**Document Request No. 21.**

All monthly and annual financial documents relating to the business operations at the UFC Apex, including without limitation all audited financial statements, balance sheets, income statements, profit and loss reports, margin analyses, equity valuations, asset appraisals, financial models, budgets (proposed or otherwise), investor presentations, margin analyses, pro formas, regulatory filings (including income tax returns), issuance of equity or debit, loans, and money owed or receivable, and any other form of financial reporting.

**Document Request No. 22.**

All Documents and Communications relating to any changes in the form and/or structure of revenues the UFC received for its broadcast rights, including, without limitation, Documents and Communications relating to changes in structure of PPV revenues received by the UFC and paid by ESPN following the UFC's 2019 broadcast rights deal with ESPN, including materials analyzing such changes and any corresponding changes in business practices or operations the UFC considered implementing based on such change in structure.

**Document Request No. 23.**

All Documents and Communications relating to Zuffa's acquisition of the UFC, including, without limitation, the Agreement(s) setting for the terms of sale, any planned business strategies supporting Zuffa's decision to purchase the UFC, and any Documents or Communications relating to Zuffa's forecasted revenues and/or other financials created by Zuffa or its agents prior

to the sale of the UFC to Zuffa. For clarity, the Relevant Time Period for this Request commences January 1, 1993 and extends through the present.

**<u>Document Request No. 24.</u>**

All Documents and Communications relating to any contention Zuffa may make in this litigation that it built or otherwise substantially contributed to the growth of the sport of MMA, including, without limitation, any Documents and Communications relating to Zuffa's efforts to secure licensing or other certification or legal standing of Professional MMA Events in any state jurisdiction, any investments Zuffa made in building the MMA Industry distinct from investments Zuffa made in building the UFC, and any materials reflecting the state of the MMA Industry and its size and growth potential prior to Zuffa's acquisition of the UFC. For clarity, the Relevant Time Period for this Request commences January 1, 1993 and extends through the present.

**<u>Document Request No. 25.</u>**

All Documents and Communications produced by You in response to discovery requests served by the plaintiffs in Le, et al. v. Zuffa, LLC, 2:21-cv-1189-RFB-BNW (D. Nev.) and/or received by you in response to discovery requests or subpoenas served by You, in Le, et al. v. Zuffa, LLC, 2:21-cv-1189-RFB-BNW (D. Nev.). The Relevant Time Period set forth above does not apply to this Request.

**<u>Document Request No. 26.</u>**

All Documents and Communications produced by You to any government or government agency in response to any investigative demand or other request from the U.S. Department of Justice, the U.S. Federal Trade Commission, any state regulatory agency, or any foreign regulatory agency related to: (a) Your policies, practices, guidelines, and training directed to compliance with U.S.

governmental regulatory agencies, or any foreign regulatory agency, including all Documents concerning the creation of such policies, and any statements signed by Your employees or agents acknowledging their receipt of or compliance with Your compliance policies; (b) the acquisition of Zuffa or any parent of or successor to Zuffa by Endeavor Group Holdings, Inc.; or (c) the merger of Zuffa or any parent of or successor to Zuffa with World Wrestling Entertainment, Inc. (a/k/a WWE) or any parent of or successor to World Wrestling Entertainment, Inc. Explicitly included within the scope of this Interrogatory is any correspondence or documents exchanged between You and the U.S. Department of Justice, including documents reflecting or constituting any Communications with former Assistant Attorney General for the Department of Justice Antitrust Division Makan Delrahim, relating to Le, et al. v. Zuffa, LLC, 2:21-cv-1189-RFB-BNW (D. Nev.).

## **Document Request No. 27.**

All Documents and Communications produced by You to the U.S. government pursuant to the Hart-Scott-Rodino Antitrust Improvements Act of 1976, Pub. L. No. 94-435, and any second requests, related to the acquisition of Zuffa or any parent of or successor to Zuffa by Endeavor Group Holdings, Inc., the merger of Zuffa or any parent of or successor to Zuffa with World Wrestling Entertainment, Inc. (a/k/a WWE) or any parent of or successor to World Wrestling Entertainment, Inc., or the formation of TKO Group Holdings, Inc.

## **Document Request No. 28.**

All Documents and Communications relating to any Agreements between (a) Zuffa and any Professional MMA Fighter, and (b) any other MMA Promoter and any Professional MMA Fighter, including all Agreements concerning competition in Professional MMA Bouts (and any amendments thereto), including Promotional and Ancillary Rights Agreements, Bout

Agreements, "side letter" and/or letter Agreements, Merchandise Rights Agreements, sponsorship Agreements, and all Documents and Communications relating to negotiations with any Professional MMA Fighter or any Person purporting to represent a Professional MMA Fighter, including all draft Agreements.

**<u>Document Request No. 29.</u>**

Each Agreement between you and a Professional MMA Fighter entered into or in effect during the Relevant Time Period.

**<u>Document Request No. 30.</u>**

All Documents and Communications evidencing the negotiation of any Agreement responsive to the preceding Request.

**<u>Document Request No. 31.</u>**

All Documents and Communications consisting of or relating to Your discussion, analysis, interpretation or characterization of any Agreement, and the negotiation thereof, responsive to Request No. 29.

**<u>Document Request No. 32.</u>**

All arbitration clauses or class action waivers between You and any Professional MMA Fighters, whether set forth in an Agreement or otherwise, and all Documents and Communications relating to relating to any such arbitration clause or class action waiver, including without limitation analyses, draft proposed clauses, analyses of such clauses, white papers, reports, slide presentations, or discussions regarding the reasons for, or potential benefits to Zuffa or Endeavor or anyone else of, including arbitration clauses and/or class action waivers in Your Agreements with Professional MMA Fighters.

**Document Request No. 33.**

All Documents and Communications evidencing the negotiation of any Agreement responsive to the preceding Request.

**Document Request No. 34.**

All Documents and Communications consisting of or relating to Your discussion, analysis, interpretation or characterization of any arbitration clause or class action waiver, and/or the negotiation thereof.

**Document Request No. 35.**

All Documents and Communications relating to market research about the MMA Industry, including but not limited to, analysis or research regarding relative market share of MMA Promoters, barriers to expansion for MMA Promoters, barriers to entry for would-be MMA Promoters, and growth projections for the MMA Industry and/or MMA Promoters individually or in any groupings.

**Document Request No. 36.**

All Documents and Communications relating to non-Zuffa/non-UFC MMA Promoters (considered individually or as a group), including but not limited to SWOT analyses, financial analyses, strategies, counterprogramming of other MMA Promoters' Professional MMA Events, analyses and/or commentary or assessments of their fighter rosters, and acquisition analyses and strategies.

**Document Request No. 37.**

All Documents and Communications relating to any Agreement that UFC had with another MMA Promoter, including but not limited to Agreements to license content, Agreements to buy or sell athlete contracts, and Agreements to release fighters from their contracts if UFC offers the

fighter a contract.

**<u>Document Request No. 38.</u>**

All Documents and Communications relating to the potential sale of Zuffa or any portion thereof (or interest therein), including any Communications with or Documents created by Zuffa or any third party, including without limitation any prospectuses, proposals, confidential information memoranda, credit assessments, due diligence requests, Documents, or Communications created, collected, placed in data rooms, or produced in response to due diligence requests, offers, negotiations, memoranda of understanding, and all other Documents or Communications relating in any way to the potential sale, acquisition, merger or transfer of Zuffa or any portion thereof or interest therein.

**<u>Document Request No. 39.</u>**

All Documents and Communications (exclusive of Documents and Communications produced in response to Request for Production No. 38) relating to the sale of a majority stake in Zuffa to Endeavor in 2016, including Communications with or Documents created by any third party, and including without limitation any executed Agreements, draft Agreements, memoranda of understanding, offers, prospectuses, proposals, confidential information memoranda, credit assessments, supporting schedules, all Documents and Communications relating to negotiations, due diligence requests, Documents and Communications created, collected, placed in data rooms, or produced in response to due diligence requests, all regulatory filings, registration documents, and any other Documents or Communications sent to or received by You relating to any U.S., state, or local agency, and all other Documents and Communications relating in any way to the sale of Zuffa in or around 2016.

**Document Request No. 40.**

All Documents and Communications (exclusive of Documents and Communications produced in response to Request for Production No. 38) relating to the sale of any share(s) of Zuffa to Endeavor in or around 2021, including any Communications with or Documents created by any third party, and including without limitation any executed Agreements, draft Agreements, memoranda of understanding, offers, prospectuses, proposals, confidential information memoranda, credit assessments, supporting schedules, all Documents and Communications relating to negotiations, due diligence requests, Documents and Communications created, collected, placed in data rooms, or produced in response to due diligence requests, all regulatory filings, registration documents, and any other Documents or Communications sent to or received by You relating to any U.S., state, or local agency, and all other Documents and Communications relating in any way to the sale of or any portion of Zuffa in or around 2021.

**Document Request No. 41.**

All Documents and Communications relating to the acquisition, sale, merger or transfer of World Wrestling Entertainment, Inc. in 2023, including any Communications with or Documents created by any third party, and including without limitation any executed Agreements, draft Agreements, memoranda of understanding, offers, prospectuses, proposals, confidential information memoranda, credit assessments, all Documents and Communications relating to negotiations, due diligence requests, Documents and Communications created, collected, placed in data rooms, or produced in response to due diligence requests, all regulatory filings, registration documents, and any other Documents or Communications sent to or received by You relating to any U.S., state, or local agency, and all other Documents and Communications relating in any way to the acquisition and merger of World Wrestling Entertainment, Inc. in

2023.

**Document Request No. 42.**

All Documents and Communications relating to any efforts by You or made on Your behalf to raise capital, including but not limited to loans or issuance of debt or equity, and including without limitation any Agreements, draft Agreements, negotiations, investor presentations, prospectuses, confidential information memoranda, credit assessments, due diligence requests, Documents and Communications created, collected, placed in data rooms, or produced in response to due diligence requests, and all other documents and communications related in any way to efforts to raise capital, regardless of whether any loan was actually obtained or any debt or equity was actually issued.

**Document Request No. 43.**

Documents and Communications sufficient to Identify each of Your employees or agents or anyone purporting to act on Your behalf involved in approving or negotiating the terms of any Agreement, or proposed Agreement, for all or part of Zuffa to be acquired by Endeavor or by anyone else.

**Document Request No. 44.**

Documents and data (including structured or unstructured data) sufficient to show Your financial data, including at a minimum Your costs, revenue, income, EBITDA, assets, debits, borrowing costs, and profits, by month and by year, at the most granular level such documents and data are maintained.

**Document Request No. 45.**

All monthly and annual financial documents created or maintained by You or on Your behalf, including without limitation all audited financial statements, balance sheets, income statements,

profit and loss reports, margin analyses, equity valuations, asset appraisals, financial models, budgets (proposed or otherwise), investor presentations, margin analyses, pro formas, regulatory filings (including income tax returns), issuance of equity or debit, loans, and money owed or receivable, and any other form of financial reporting.

**<u>Document Request No. 46.</u>**

For each year of the Relevant Time Period, Documents sufficient to show beneficial ownership in Zuffa, and any changes thereto. This Request includes Documents sufficient to show the percentage of any stock or other interests owned by each Person holding a beneficial ownership interest and the consideration paid for such interest.

**<u>Document Request No. 47.</u>**

Documents and data sufficient to show all compensation including salary, bonuses, expense reimbursements, aviation expenses, distributions, dividends, stock awards, loans (including information about repayment or forgiveness), management fees, board fees, and all other compensation of any kind to all senior executives, board members, directors, beneficial owners, and shareholders holding more than a 5% interest in Endeavor, including the date of the compensation, the dollar value, the date of vesting, accrual, or maturation of the compensation (if applicable), the source of the compensation (e.g., from a debt issuance or from corporate profits), the reason given (if any) for the compensation, and the relative share received by each Person receiving compensation.

**<u>Document Request No. 48.</u>**

Documents and data sufficient to show any non-monetary benefits bestowed on any beneficial owners of Zuffa, including without limitation: (a) travel in private jets owned, leased, or paid for by You; (b) use of houses, apartments, vacation properties, or other real estate owned, leased, or

paid for by You; (c) use of motor vehicles owned, leased, or paid for by You; (d) tickets for sporting events or other entertainment events paid for by You; and/or (e) any other item, service, amenity, activity, or privilege provided to one or more of the beneficial owners at Your expense.

**Document Request No. 49.**

For each year of the Relevant Time Period, Documents sufficient to show Your corporate structure, including the organization of each division, department, unit or subdivision, parent, subsidiary, joint venture or affiliate of Your company. This request includes without limitation organizational charts, investor or debtor presentations, government filings, internal communications, and any Documents sufficient to show each Employee or executive with managerial responsibilities relating to the UFC.

**Document Request No. 50.**

All Documents constituting, referencing, or relating to Your transactional data, at the most granular level possible, for each UFC Professional MMA Event held during the Relevant Time Period, sufficient to show at a minimum the following:

a) total gate receipts from each UFC Professional MMA Event during the Relevant Time Period, broken down by event;

b) total attendance at each UFC Professional MMA Event during the Relevant Time Period, broken down by event;

c) total revenues from each PPV broadcast of UFC Professional MMA Event during the Relevant Time Period, broken down by event;

d) total revenues from non-PPV broadcast of UFC Professional MMA Event during the Relevant Time Period, broken down by event and by contracted broadcaster (e.g., ESPN, Fox, Spike, etc.);

e)  total revenues from closed circuit broadcast to commercial venues such as bars, restaurants, or theaters of each UFC Professional MMA Event during the Relevant Time Period, broken down by event;

f)  total revenues derived from the sale of advertising during all broadcasts of UFC Professional MMA Events, whether PPV or non-PPV, during the Relevant Time Period, broken down by month and year, by PPV or non-PPV, and by advertiser;

g)  total revenues derived in any way from the Promotional and Ancillary Rights, as described in Your Promotional and Ancillary Rights Agreements with MMA Fighters, relating to all professional MMA Fighters who have been under contract with the UFC at any time during the Relevant Time Period, broken down by month and year;

h)  total revenues derived from Agreements with sponsors of the UFC or of the Professional MMA Fighters who have been under contract with the UFC at any time during the Relevant Time Period;

i)  total revenues by event;

j)  the gross and net price paid by customers for transactions by unit, subscription, and/or ticket for a single Pay Per V iew, ticket to a live event, or UFC Fight Pass subscription;

## **Document Request No. 51.**

Documents and data in as granular form as the information is maintained, sufficient to show any and all compensation paid to each UFC Fighter individually for each UFC Professional MMA Bout that the UFC Fighter participated in during the Relevant Time Period, on a fighter-by-fighter basis, broken down by Professional MMA Bout (so that each UFC Fighter's

compensation data is available in one Document or sequence of Documents, and it is produced with sufficient granularity so that the compensation is clearly attributed to the UFC Professional MMA Bout at which the Fighter earned it), as follows:

a) the date and location of each UFC Professional MMA Bout the UFC Fighter participated in during the Relevant Time Period, and

b) the base salary the UFC Fighter received for each UFC Professional MMA Bout he or she participated in during the Relevant Time Period;

c) all bonuses the UFC Fighter received for each UFC Professional MMA Bout he or she participated in during the Relevant Time Period (including, but not limited to

d) any and all discretionary bonuses or payments, fight of the night night, performance of the night, knockout and submission of the night bonuses) bonuses), broken down by each bonus received for each Professional MMA Event;

e) all broadcast royalties the UFC Fighter received (if any) for each UFC Professional MMA Bout he or she participated in during the Relevant Time Period, broken down so that the broadcast royalties are traceable to a particular UFC Professional MMA Bout (to be clear, if the UFC Fighter received broadcastroyalties from more than one UFC Professional MMA Bout, the broadcast royalties should be clearly attributed to the specific UFC Professional MMA Bout from which they were generated);

f) any other form of compensation the UFC Fighter received for each UFC Professional MMA Bout he or she participated in during the Relevant Time Period; and, Pay Per View shares the UFC Fighter received for each UFC Professional MMA Bout he or she participated in during the Relevant Time Period.

**Document Request No. 52.**

Profit and loss statements (including identity of participating fighters and compensation paid to each) for each UFC Professional MMA Event.

**Document Request No. 53.**

Documents sufficient to show Your actual costs for presenting UFC Professional MMA Events, down to as granular a level as possible, including without limitation venue costs, promotional costs, compensation for UFC Fighters, insurance, safety, and all other costs incidental to presenting UFC Professional MMA Events.

**Document Request No. 54.**

Documents sufficient to show Your actual costs for presenting UFC Professional MMA Bouts, down to as granular a level as possible, including without limitation venue costs, promotional costs, compensation for UFC Fighters, insurance, safety, and all other costs incidental to presenting UFC Professional MMA Bouts.

**Document Request No. 55.**

Documents sufficient to show Your actual costs involved in promoting the UFC as a brand.

**Document Request No. 56.**

All documents relating to materials produced by third party analysts or consultants regarding Zuffa, including without limitation reports that analyze or project demand, revenues, income, profits, or market share. Documents responsive to this Request include both documents produced by such third party analysts or consultants (including both those retained by You and those producing such materials without an Agreement with You) and any comments, edits, or drafts of such materials or other documents You created and submitted to such third party analysts or consultants.

**Document Request No. 57.**

All documents created by You or by third party analysts or consultants regarding competition among MMA Promoters or would-be MMA Promoters for (a) the purchase of MMA Fighter services and (b) promotion of Professional MMA Events generally, including without limitation reports that analyze or project demand, revenues, income, profits or market share.

**Document Request No. 58.**

All Documents referencing or relating to comparison of compensation models or Agreements between the UFC and other major professional sports, including without limitation boxing, pro wrestling, football, basketball, and baseball.

**Document Request No. 59.**

All Agreements (and any amendments thereto) entered into between You and any MMA Promoter relating to the acquisition of assets, equity, or other interests of any MMA Promoter, and all Documents referencing or relating to the potential or actual acquisition of assets, equity, or interests of any MMA Promoter, including, but not limited to, internal strategy documents, projections, cost-benefit analyses, cost estimates, and all Agreements or contracts (and any amendments thereto).

**Document Request No. 60.**

Documents sufficient to identify each Person involved in approving or negotiating the terms of any Agreements or potential Agreements for the acquisition or potential acquisition of assets, or equity, or interests of any MMA Promoter.

**Document Request No. 61.**

Documents sufficient to Identify each Person or entity You consider to be, or considered to have been, an actual or potential competitor of the UFC for (a) the purchase of MMA Fighter services,

and/or (b) the promotion of live Professional MMA Events in the United States or abroad.

**<u>Document Request No. 62.</u>**

Documents or data sufficient to calculate the actual or potential market share held by the UFC and each of the UFC's actual or potential competitors (as Identified in Request No. 61) in terms of total revenue by region (US, North America, South America, Europe, Asia, and any others) derived from the promotion of live Professional MMA Bouts and all other income sources, including without limitation merchandising, licensing, sponsorships, advertising, video games, and other income sources based on the use of Professional MMA Fighters' Identities.

**<u>Document Request No. 63.</u>**

Documents or data sufficient to Identify the actual and/or estimated share of Professional MMA Fighters' services, by both dollar amount and number of fighters, for the purchase of the services of Professional MMA Fighters by the UFC and each of Your actual or potential competitors identified in your response to Request No. 61 by region (US, North America, South America, Europe, Asia, and any others).

**<u>Document Request No. 64.</u>**

All Documents and data referencing or relating to the determination of Professional MMA Fighter compensation by the UFC (identified in your response to Request No. 54, above) in the promotion of live Professional MMA Events and all other income sources, including without limitation merchandising, licensing, sponsorships, advertising, video games, and other income sources based on the use of Professional MMA Fighters' Identities.

**<u>Document Request No. 65.</u>**

All Documents and data referencing or relating to the determination of Professional MMA Fighter compensation by any of the UFC's actual and potential competitors (identified in your

response to Request No. 54, above) in the promotion of live Professional MMA Events and all other income sources, including without limitation merchandising, licensing, sponsorships, advertising, video games, and other income sources based on the use of Professional MMA Fighters' Identities.

**<u>Document Request No. 66.</u>**

All Documents analyzing, discussing, or relating to the competitive strengths or weaknesses of actual or potential competitors (identified in your response to Request No. 61 or otherwise, above) in the promotion of live Professional MMA Events and/or in the purchase of the services of Professional MMA Fighters.

**<u>Document Request No. 67.</u>**

All Documents referencing or relating to communications and/or negotiations with any sponsors or advertisers in connection with Endeavor's acquisition of Zuffa.

**<u>Document Request No. 68.</u>**

All Documents and Communications referencing or relating to any Agreements entered into by You relating to Venues for Professional MMA Events, including all Agreements, all draft Agreements, and all Documents and Communications relating to negotiation of such Agreements or draft Agreements.

**<u>Document Request No. 69.</u>**

All Documents and Communications relating to the drafting of and the reasoning behind the "Exclusivity Clause" in UFC Bout Agreements, which binds UFC Fighters into a restricted relationship with the UFC and prohibits them from appearing in Professional MMA Bouts televised or organized by actual or potential rival promotions unless approved by the UFC.

**Document Request No. 70.**

All Documents and Communications referencing or relating to the drafting of and the reasoning behind the "Champion's Clause" in UFC Bout Agreements, which allows the UFC to extend a UFC Fighter's contract for as long as the athlete is a "champion" in his or her weight class.

**Document Request No. 71.**

All Documents and Communications referencing or relating to the drafting of and the reasoning behind the "Right to First Offer" and "Right to Match" Clauses in UFC Bout Agreements, which grant the UFC the option to match the financial terms and conditions of any offer made to a UFC Fighter for a Professional MMA Bout even after the Fighter's contract has expired.

**Document Request No. 72.**

All Documents and Communications referencing or relating to the drafting of and the reasoning behind the "Ancillary Rights Clause" in the Promotional and Ancillary Rights Agreements, which grants the UFC exclusive and perpetual worldwide personality and Identity rights of the UFC Fighter.

**Document Request No. 73.**

All Documents and Communications referencing or relating to the drafting of and the reasoning behind the "Promotion Clause" in the Promotional and Ancillary Rights Agreements, which requires UFC Fighters to attend, cooperate, and assist in the promotion of Professional MMA Bouts in which they fight and, as required by the UFC, any other Professional MMA Bouts, Professional MMA Events, broadcasts, press conferences and sale of UFC Licensed Merchandise.

**Document Request No. 74.**

All Documents and Communications referencing or relating to the drafting of and the reasoning

behind the "Retirement Clause" which gives the UFC the power "to retain the rights to a retired

fighter in perpetuity."

**<u>Document Request No. 75.</u>**

All Documents and Communications referencing or relating to the drafting of and the reasoning

behind the tolling provisions, which extend the term of a UFC Fighter's contract during periods

when he or she is injured, retired, or otherwise declines to compete.

**<u>Document Request No. 76.</u>**

All Documents and Communications referencing or relating to the drafting of and the reasoning

behind the "Sponsorship and Endorsement Clause," which appears to grant the UFC sole

discretion over all sponsorship and endorsement approvals.

**<u>Document Request No. 77.</u>**

All Documents and Communications analyzing or quantifying the overall impact or effect of the

contractual clauses in Zuffa's Promotional and Ancillary Rights Agreements on (a) UFC

Fighters' mobility or compensation, and/or (b) the ability of Zuffa's competitors (as identified in

your response to Request No. 61, supra, or otherwise) to compete for Professional MMA

Fighters services or to promote Professional MMA Events that can successfully compete against

Zuffa.

**<u>Document Request No. 78.</u>**

Documents sufficient to identify each of Your Employees or agents involved in approving or

negotiating the terms of each of Your Agreements with any Professional MMA Fighters.

**<u>Document Request No. 79.</u>**

All Documents and Communications relating to any Agreements between You and any other

MMA Promoter (past or present) relating to a Professional MMA Fighter's services, including

all executed Agreements (and any amendments thereto), draft Agreements, and all Documents and Communications relating to the negotiation of such agreements, regardless of whether an Agreement was executed.

**Document Request No. 80.**

Documents sufficient to identify each of Your Employees or agents involved in approving or negotiating the terms of any Agreements or potential Agreements with any other MMA Promoter (past or present) relating to the provision of Professional MMA Fighter services.

**Document Request No. 81.**

All Documents and Communications constituting or relating to Agreements between You and any broadcaster of professional MMA events (including PPV and non-PPV Professional MMA Events), including without limitation all executed Agreements (and any amendments thereto), draft Agreements, and all Documents and Communications relating to the negotiation of such Agreements, Documents and Communications analyzing the terms of any actual or potential such Agreement, regardless of whether an Agreement was executed.

**Document Request No. 82.**

Documents sufficient to identify each of Your Employees and agents involved in approving or negotiating the terms of any Agreements or potential Agreements with any broadcaster of professional MMA events (including PPV).

**Document Request No. 83.**

All Documents and Communications relating to Agreements between You and any sponsors of the UFC or of the Professional MMA Fighters under contract with the UFC, including without limitation all executed Agreements (and any amendments thereto), draft Agreements, and all Documents and Communications relating to the negotiation of such Agreements, regardless of

whether an Agreement was executed.

**Document Request No. 84.**

Documents sufficient to identify each of Your Employees and/or agents involved in approving or negotiating the terms of any Agreements or potential Agreements with any sponsors of the UFC or the Professional MMA Fighters under contract with the UFC.

**Document Request No. 85.**

All Documents referencing or relating to the ability of any UFC Fighter to switch to and/or fight for, an actual or potential rival promotion. Responsive Documents include, but are not limited to, Documents referencing or relating to the costs to UFC Fighters and/or their managers or promoters associated with such a switch, any requirements or obligations imposed by a contract between the UFC and UFC Fighters, and/or Documents concerning communications or negotiations between the UFC and UFC Fighters with respect to a switch or potential switch from the UFC to a rival MMA Promoter.

**Document Request No. 86.**

All communications between you and anyone else referencing or relating to this lawsuit or *Le, et al. v. Zuffa, LLC*, 2:21-cv-1189-RFB-BNW (D. Nev.), or any of the named plaintiffs in either of those cases, exclusive of any communications protected by the Attorney/Client Privilege.

**Document Request No. 87.**

All Documents referencing or relating to indemnification or defense (corporate or individual), judgment sharing, joint defense, liability or responsibility for judgment in this action, for You and any of your officers, including by way of example not limitation, indemnity Agreements, joint defense Agreements, judgment sharing Agreements, tenders of defense, denials or reservations of rights.

**Document Request No. 88.**

All Documents referencing or relating to any websites operated by You or on Your behalf, including Documents sufficient to show who had responsibility for creating, maintaining, and adding or deleting content (including any private messaging) to or from such websites.

**Document Request No. 89.**

Documents sufficient to identify each Person responsible for any Social Media account operated by or on behalf of Zuffa, including documents sufficient to show who had responsibility for creating, maintaining, and adding or deleting content (including any private messaging) to or from such Social Media accounts.

**Document Request No. 90.**

All contracts or Agreements between the UFC and any Social Media organization.

**Document Request No. 91.**

All Documents and Communications relating to any content posted to any website or Social Media relating to UFC Professional MMA Bouts, including pre-bout promotional content and post-bout content.

**Document Request No. 92.**

All Documents, including any content posted to any website or Social Media, referencing or relating to the Professional MMA Fighters under contract with the UFC.

**Document Request No. 93.**

All Documents referencing or relating to Zuffa's registration with any regulatory bodies governing the MMA industry. Include all Documents referencing or relating to any suspensions of Zuffa for any reason by any government agency or any Person responsible for regulation, supervision, licensing, permitting or safety of Professional MMA Bouts and Professional MMA

Fighters.

**Document Request No. 94.**

All Documents and Communications relating to meetings or the business of Your Board of Directors, including without limitation all agendas, minutes, presentations, Agreements, and resolutions created by or for the Board of Directors, including all Documents and Communications directed to and presented by management or outside professionals, which address capital raises, business combinations, dividends and any other executive compensation matters.

**Document Request No. 95.**

All Documents and Communications relating to any provision of Your Promotional and Ancillary Rights Agreement that terminated any rights You had under the contract after a stated amount of time notwithstanding any provision that could otherwise extend the term of the Agreement, including all documents discussing the purpose(s) of such provisions, documents discussing the reason(s) for no longer including them, and documents constituting or reflecting analyses of the effects of such provision(s) on Your business.

WILLIAM A. ISAACSON (*Pro hac vice*)
wisaacson@paulweiss.com
KAREN L. DUNN (*Pro hac vice*)
ldunn@paulweiss.com
JESSICA PHILLIPS (*Pro hac vice*)
jphillips@paulweiss.com
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
2001 K Street, NW
Washington, DC 20006

DONALD J. CAMPBELL (No. 1216)
djc@campbellandwilliams.com
J. COLBY WILLIAMS (No. 5549)
jcw@campbellandwilliams.com
CAMPBELL & WILLIAMS
700 South 7th Street
Las Vegas, NV 89101

CHRISTOPHER S. YATES (*Pro hac vice*)
chris.yates@lw.com
AARON T. CHIU (*Pro hac vice*)
aaron.chiu@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111

SEAN M. BERKOWITZ (*Pro hac vice*)
sean.berkowitz@lw.com
LATHAM & WATKINS LLP
330 North Wabash Ave, Suite 2800
Chicago, IL 60611

LAURA WASHINGTON (*Pro hac vice*)
laura.washington@lw.com
LATHAM & WATKINS LLP
10250 Constellation Blvd, Suite 1100
Los Angeles, CA 90067

*Attorneys for Defendants Zuffa, LLC, TKO
Operating Company, and Endeavor Group
Holdings, Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KAJAN JOHNSON, CLARENCE DOLLAWAY, and TRISTAN CONNELLY on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>Zuffa LLC, TKO Operating Company, LLC f/k/a Zuffa Parent LLC (d/b/a Ultimate Fighting Championship and UFC) and Endeavor Group Holdings, Inc,<br><br>*Defendants*. | Case No.: 2:21-cv-01189-RFB-BNW<br><br>**NON-PARTY SEAN SHELBY'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION** |

1       This case is a purported class action, but none of the Named Plaintiffs can represent a class

2 since the majority of fighters within the putative class signed arbitration agreements and class

3 action waivers. *See, e.g.*, *O'Connor v. Uber Technologies, Inc.*, 904 F.3d 1087, 1094 (9th Cir.

4 2018). Those basic facts led counsel for the Named Plaintiffs to say "the reality is the claim has

5 little value" precisely "because the UFC started implementing arbitration clauses." *Le et al. v.*

6 *Zuffa, LLC et al.*, Case No. 2:15-cv-01045, ECF 1036 at 86:17-87:10. Since their claim admittedly

7 has no value and cannot be pursued on a class basis, Plaintiffs have decided to try to use discovery

8 as a weapon, presumably as part of an effort to generate leverage. This subpoena to non-party

9 Sean Shelby is part of that effort. Plaintiffs' subpoena contains **95** requests for production (the

10 "Requests")—89 of which are identical to requests served upon defendants. Including Mr. Shelby,

11 Plaintiffs have also propounded the same exact non-party subpoena to twenty-eight non-parties

12 and are seeking documents in response to over 2,500 requests for production.

13       Pursuant to Rules 26, 34, and 45 of the Federal Rules of Civil Procedure, non-party Sean

14 Shelby, objects to Plaintiffs' subpoena as it is neither proper, proportional to the needs of this case,

15 or appropriate given the protections afforded non-parties under Rule 45(d). Accordingly, Mr.

16 Shelby will not produce any documents in response to these Requests unless a court orders

17 otherwise.

18 **GENERAL OBJECTIONS**

19     1.     Shelby objects to the entirety of the 95 Requests that Plaintiffs have directed to

20 Shelby to the extent the subpoena falls outside the territorial limits of the Court's jurisdiction.

21     2.     Shelby objects to the entirety of the 95 Requests that Plaintiffs have directed to non-

22 party Shelby as contradicting Plaintiffs' representation to the Court that they would require only

23 "limited discovery" in connection with this case and would only "request some limited discovery."

24 Pls.' Statement at 5-6, Discovery Plan, ECF No. 51. There is nothing "limited" about 95 Requests

25 for Production that Plaintiffs have propounded to a non-party, many of which include unbounded

26 requests for "all documents" or "all communications."

27     3.     The following general objections ("General Objections") are incorporated in

28 Shelby's Responses to each and every Request (the "Specific Objections"). The fact that Shelby's

Response to an individual Request specifically refers to one or more of the General Objections does not mean that the other General Objections do not apply to that Request and does not waive any of the other General Objections with respect to that Request. No Response to any Request or any subpart of any Request is, or shall be deemed to be, a waiver of any of Shelby's General Objections.

4.     Shelby provides these Responses based on his interpretation and understanding of each Request. Shelby reserves the right to amend and/or supplement his Responses in the event that Plaintiffs assert an interpretation that differs from Shelby's interpretation.

5.     Shelby makes these Responses based on facts reasonably known at the time of answering these Requests. Shelby's investigation of the facts relating to this case is ongoing and, thus, further discovery, investigation, research, and analysis may supply additional facts, which may alter the contentions and disclosures herein. Shelby reserves the right to supplement or amend these Responses in such an event. However, Shelby reserves the right not to supplement his Responses to the extent additional or corrective information has otherwise been made known during the discovery process or in writing, pursuant to Federal Rule of Civil Procedure 26(e)(1)(A).

6.     Shelby objects to the Requests on the grounds that they are premature as Plaintiffs have not exhausted party discovery. The information sought can initially be addressed through standard party discovery channels. Any commitment to produce any materials in response to these Requests, if any, is expressly conditioned on Plaintiffs first seeking these documents from the named parties through the traditional discovery channels.

7.     Shelby objects to the Requests, and to the instructions and definitions contained therein, to the extent that they seek to impose duties or obligations beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the District of Nevada, the case law interpreting each of them, or any other laws or rules applicable to proceedings in this Court.

8.     Shelby objects to the Requests as they call for the production of documents that are duplicative of documents already being sought from Zuffa, TKO, or Endeavor, and not likely to

1    lead to the production of unique materials from Shelby.

2         9.    Shelby objects to the Requests to the extent that they call for the production of

3    documents that are in whole or in part protected from disclosure by the attorney-client privilege,

4    the attorney work-product doctrine, or the joint-defense or common-interest privilege; were

5    prepared in anticipation of litigation or trial; or are subject to any other privilege, protection or

6    immunity applicable under governing law. Shelby will not produce documents protected by such

7    privileges. To the extent that any Request may be construed as calling for the production of

8    documents or responses that are subject to any such claim of privilege, Shelby hereby asserts the

9    applicable privilege, immunity, or protection. Specific Objections on the grounds of privilege are

10   provided for emphasis and clarity only, and the absence of a Specific Objection is neither intended,

11   nor should be interpreted, as evidence that Shelby does not object to a specific Request on the basis

12   of an applicable privilege, immunity, or protection. Any disclosure of any such privileged or

13   protected material in response to any Request is inadvertent and not intended to waive those

14   privileges and protections. Shelby reserves the right to demand that Plaintiffs return, destroy, or

15   sequester any privileged or protected documents produced and all copies thereof consistent with

16   Federal Rule of Civil Procedure 26(b)(5)(B).

17        10.   Shelby objects to the Requests to the extent that they seek documents not within

18   Shelby's possession, custody, or control or purport to require Shelby to create documents not

19   currently in his possession, custody, or control. Shelby further objects to the Requests to the extent

20   that they seek information that Plaintiffs equally may otherwise obtain from parties to the Action,

21   public sources or, with less burden or expense, by using other means of discovery.

22        11.   Shelby objects to the Requests to the extent that they seek responses from persons

23   or entities other than non-party Sean Shelby.

24        12.   Shelby objects to the Requests to the extent they assert, imply, suggest, or are

25   premised upon any underlying express or implied assumptions of fact or law with respect to

26   matters at issue in this Action. These Responses are not intended to be, and should not be construed

27   as, an agreement or concurrence by Shelby with Plaintiffs' characterization of any facts,

28

circumstances, and/or legal obligations. Shelby reserves the right to contest any such characterization as inaccurate.

13. Shelby objects to the Requests as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent they purport to require production of "all" documents of a particular type under circumstances in which a subset of such documents would be sufficient to show the pertinent information or where such Request would require more than a reasonable, good-faith search of the places where responsive documents are likely to be found.

14. Shelby objects to the Requests to the extent they seek information that is not relevant to any party's claim or defense.

15. Shelby objects to the Requests to the extent they are not proportional to the needs of the case and to the extent they are (a) overly broad or unduly burdensome; (b) cumulative, duplicative, or repetitive; or (c) vague, ambiguous, lacking in particularity, colloquial, argumentative, capable of multiple interpretations, or unintelligible.

16. Shelby's objections, responses, and production of documents shall not be construed as an admission of the relevancy, materiality, authenticity, or admissibility of any document, fact, issue, or piece of information. Shelby reserves the right to object to the admissibility in evidence of all or any part of the Responses herein. Nor does the fact that Shelby has responded to, or failed to object to, any Request as set forth below mean that any documents responsive to such Request in fact exist, or that Shelby acknowledges the propriety of the Request. The failure of Shelby to make a Specific Objection to any Request is not an admission that information responsive to that Request exists, nor shall Shelby's failure to object to any Request on a particular ground be construed as a waiver of his rights to object to such Request on that or any additional ground at any time. Any statement in these Responses that Shelby will produce documents in response to a specific Request does not mean that Shelby in fact has any such documents in his possession, custody, or control; that any such documents exist; or that Shelby will search all files maintained by any person. Rather, such a statement reflects the intention of Shelby, subject to these Responses, to conduct a reasonable search for readily accessible responsive information or documents from

1    sources in which responsive documents that are not otherwise protected from disclosure

2    reasonably would be expected to be found and based on parameters agreed to by the parties.

3        17.    Shelby objects to the Requests to the extent they purport to require Shelby to search

4    archived electronic data, "backup" files, or to restore any electronic matter on the ground that such

5    requirements are unduly burdensome and not proportional to the needs of the case.

6        18.    Shelby objects to the Requests to the extent they call for the disclosure of Shelby's

7    or any other person's or entity's confidential or proprietary information, trade secrets, commercial

8    information, or other competitively sensitive information. To the extent Shelby provides his

9    confidential information and/or other competitively sensitive information, Shelby will do so only

10   subject to the terms of the protective order entered by the Court in this Action, ECF No. 123.

11       19.    Shelby also objects to the Requests to the extent they seek documents that contain

12   confidential or proprietary information; trade secrets; commercially sensitive information; other

13   competitively sensitive information belonging to a third party but entrusted to Shelby on conditions

14   of confidentiality and/or non-disclosure; personal information of fighters (such as medical

15   conditions) or, if applicable, Zuffa's or Shelby's employees, clients, customers, or counterparties;

16   or information that is subject to protective orders or other confidentiality undertakings or is

17   protected from disclosure by legal protections governing the privacy rights of consumers and other

18   persons. To the extent that Shelby agrees to produce any such documents, such production shall

19   be subject to and contingent upon appropriate notice to and/or consent from such third parties and

20   to the protection of the protective order entered by the Court in this Action, ECF No. 123.

21       20.    Shelby objects to the Requests to the extent they seek documents and information

22   relating to fighters who would not be part of the putative class and, thus, would have no likelihood

23   of leading to the discovery of relevant or admissible evidence.

24       21.    Shelby objects to the definition of "Agreement" as overbroad, unduly burdensome,

25   and impractical to the extent it includes verbal agreements. Where called for by a Request (and as

26   agreed by Shelby), Shelby will produce documents that regard such verbal agreements, to the

27   extent any such documents exist. However, where a Request asks for the production of the

28   Agreements themselves, Shelby will not be able to produce materials reflecting verbal agreements,

to the extent any such verbal agreements were made.

22.    Shelby objects to the definition of "Defendants" to the extent that it purports to include anything other than the named Defendants in this Action: Zuffa, LLC, TKO Operating Company, LLC, and Endeavor Group Holdings, Inc.

23.    Shelby objects to the definition of "Electronically Stored Information" to the extent it includes electronic information or data that is not reasonably accessible, or in a form beyond that required by the Federal Rules of Civil Procedure. Shelby also objects to the Definition to the extent that "activity listings of electronic mail receipts and/or transmittals" is undefined.

24.    Shelby objects to the definitions of "Zuffa," "Defendants," "Endeavor," "TKO," and "UFC" to the extent they encompass or purport to encompass persons or entities that are not the named Defendants, and their current executives, employees, agents, owners, departments, and divisions within their control. Shelby also objects to these definitions to the extent that they purport to include the subsidiaries, predecessors, successors, or affiliates of Zuffa. Shelby further objects to these definitions as vague, ambiguous, overbroad, and unduly burdensome to the extent that they encompass or purport to encompass "any persons acting or purporting to act on behalf of the responding Defendant." Shelby further objects that this definition is overbroad to the extent that it includes all of Zuffa's former directors, members, officers, employees, agents, or representatives.

25.    Shelby objects to the definition "Identify" to the extent that it calls for identification of an individual's confidential personal information, including Social Security numbers. Shelby further objects to this definition to the extent it requires Shelby to do anything other than produce preexisting responsive documents within his possession, custody, or control created and collected in the ordinary course of business.

26.    Shelby objects to the definition of "Meeting" as overbroad and vague to the extent it includes any nonscheduled or unplanned "contemporaneous presence of two or more persons for any purpose."

27.    Shelby objects to the definition of "Pre-Bout Event" as overbroad to the extent it includes "training." Shelby will interpret "training" in the definition of "Pre-Bout Event" as though it reads "media regarding training."

28.    Shelby objects to the definition of "Professional MMA Fighter" as vague, ambiguous, and confusing in that it circuitously uses the term "Professional MMA Bout," which in turn uses the term "Professional MMA Fighter" in its definition. Shelby will interpret "Professional MMA Fighter" to mean a person who is paid to fight in MMA bouts.

29.    Shelby objects to the definition of "Zuffa" as overly broad, unduly burdensome, vague, and ambiguous to the extent it purports to include or includes parties and entities outside of named Defendant, Zuffa, LLC, such as predecessors, successors, affiliates, "any organization or entity that it owns, manages or controls," former directors, officers, employees, employees and representatives and others "purporting to act on Zuffa's behalf." Shelby also objects to the extent that these definitions seek documents from predecessor companies or entities that were acquired by or merged with Zuffa.

30.    Shelby objects to the definitions of "You" and "Your" to the extent that they purport to include anything not in the possession, custody, or control of Shelby. This includes anything in the possession, custody, or control of any organization or entity which Shelby manages, controls, has an ownership interest in, or is employed by, as well as any employees, agents, representatives, or persons acting or purporting to act on Shelby's behalf. Shelby further objects to the definitions of "You" and "Your" on the ground that Plaintiffs' definition of "You" and "Your" is overly broad, imposes burdens and expenses that outweigh its likely benefit, is disproportionate to the needs of this case, seeks materials that are not relevant to any party's claim or defense in this case, and/or calls for Shelby to provide information protected by attorney-client privilege, work product doctrine, or other privileges and protections.

31.    To the extent Shelby possesses any non-objectionable, non-privileged documents and/or data that are responsive to the Requests, Shelby will produce documents and/or data as they are kept in the usual course of business, and will produce them in a reasonable format, at a reasonable time, and at a reasonable location to be mutually agreed upon by the parties. Shelby objects to the extent any Request calls for data to be provided in ways that are not done in the normal course of business. Shelby objects to contrary instructions.

32.    Shelby objects to Instruction No. 1 to the extent that it requires or purports to

require Shelby to conduct anything beyond a reasonable search for documents within his possession, custody, or control.

33. Shelby objects to Instruction No. 2 as beyond the requirements of Federal Rules of Civil Procedure 26 and 34. To the extent responsive documents are withheld on a basis of privilege, Shelby will produce a privilege log in the form agreed upon by the parties.

34. Shelby objects to Instruction No. 3 and each Request to the extent they purport to require the production of original documents. Shelby will make available legible copies of responsive documents, to the extent any exist, to Plaintiffs' attorneys. Shelby reserves the right to make original documents available on his own premises.

35. Shelby objects to Instruction No. 5 to the extent that it requires or purports to require the production of Documents otherwise uncalled for by the Requests or the stipulation regarding the production of electronically stored information. Shelby also objects to the Instruction to the extent that it purports to impose obligations beyond those required by the Federal Rules of Civil Procedure.

36. Shelby objects to Instruction No. 6 to the extent that it purports to require production of documents in a manner that exceeds the stipulation regarding production of electronically stored information. Shelby also objects to the Instruction to the extent that it purports to impose obligations beyond those required by the Federal Rules of Civil Procedure.

37. Shelby objects to Instruction No. 7 to the extent that it purports to require Shelby to disclose information that constitutes or reflects attorney work product or is otherwise protected from disclosure under any other privilege, protection or immunity applicable under the governing law.

38. Shelby objects to Instruction No. 8 to the extent it purports to require Shelby to do more than undertake a reasonable and diligent search for responsive documents. Shelby further objects to this Instruction to the extent that it purports to require Shelby to maintain information about documents that may no longer exist and to the extent that it purports to impose obligations beyond those required by the Federal Rules of Civil Procedure or Local Rules for the United States District Court for the District of Nevada, case law interpreting each of them, or any other laws or

1    rules applicable to proceedings in this Court.

2        39.    Shelby objects to Instruction No. 9 to the extent that the Instruction purports to

3    require preservation of "all" data and metadata as overbroad and burdensome. Shelby also objects

4    to the Instruction to the extent that it purports to impose obligations beyond those required by the

5    Federal Rules of Civil Procedure.

6        40.    Shelby objects to Instruction Nos. 10 through 17 to the extent that they purport to

7    require production of documents in a manner that exceeds the stipulation regarding production of

8    electronically stored information. Shelby also objects to Instruction Nos. 10 through 17 to the

9    extent that they purport to impose obligations beyond those required by the Federal Rules of Civil

10   Procedure.

11       41.    Shelby objects to Instruction No. 18 to the extent that it purports to impose

12   obligations beyond those required by the Federal Rules of Civil Procedure. For any information

13   stored in a database, Shelby will meet and confer with Plaintiffs regarding the information

14   available and produce data in a useable format, to the extent any such data exists and is responsive

15   to the Requests.

16       42.    Shelby objects to Instruction Nos. 20, 22, and 23 to the extent they impose or

17   purport to impose duties or obligations beyond those imposed by the Federal Rules of Civil

18   Procedure, the Local Rules for the United States District Court for the District of Nevada, the case

19   law interpreting each of them, or any other laws or rules applicable to proceedings in this Court.

20       43.    Shelby objects that the Relevant Time Period beginning on January 1, 2015, is

21   overbroad because it stretches well beyond the period which is the basis of this Action. Shelby

22   also objects to the definition of "Relevant Time Period" because "ends when the alleged illegal

23   activity ceases" is vague, ambiguous, and impractical. There has never been any illegal activity by

24   Zuffa.

25       44.    These General Objections are incorporated into each one of the following

26   Responses and shall be deemed continuing as to each response. These General Objections are not

27   waived, or in any way limited, by the following Responses.

28

## SPECIFIC OBJECTIONS

**REQUEST FOR PRODUCTION NO. 1:**

Documents sufficient to identify each electronic device that You used to transmit or receive Communications during the Relevant Time Period, including but not limited to cellular telephones, laptop or notebook computers, desktop computers, and portable tablets, including but not limited to Any electronic device that You purchased, that was purchased for You, or that was issued to You by Defendants.

**RESPONSE TO REQUEST NO. 1:**

In addition to the General Objections set forth above, Shelby objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses, including because it calls for "each" and "Any electronic device" used by a non-party over a ten year time period, extending beyond the time period relevant to this Action. Shelby further objects to this Request as impermissibly propounding an interrogatory on a non-party by means of a request for production of documents. Shelby further objects to this Request as improperly bypassing party discovery. Plaintiffs and Zuffa have been actively meeting and conferring over party discovery, and this Request seeks to circumvent that process.

Shelby will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 2:**

Documents sufficient to identify the telephone number and provider or carrier of each cellular telephone identified in response to Request No. 1.

**RESPONSE TO REQUEST NO. 2:**

In addition to the General Objections set forth above, Shelby objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses, including because it calls for "each cellular telephone" used by a non-party over a ten year time period, extending beyond the time period relevant to this Action. Shelby further objects to this Request as impermissibly propounding an interrogatory on a non-party by means of a request for production of documents. Shelby further

1   objects to this Request as improperly bypassing party discovery. Plaintiffs and Zuffa have been

2   actively meeting and conferring over party discovery, and this Request seeks to circumvent that

3   process.

4        Shelby will not produce documents in response to this Request.

5   **REQUEST FOR PRODUCTION NO. 3:**

6        Documents sufficient to identify when You first started using and, if applicable, when You

7   stopped using, each mobile telephone number identified in response to Request No. 2.

8   **RESPONSE TO REQUEST NO. 3:**

9        In addition to the General Objections set forth above, Shelby objects to this Request as

10   overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

11   that is not relevant to any party's claims or defenses, including because it calls for information

12   about "each mobile telephone number" used by a non-party over a ten year time period, extending

13   beyond the time period relevant to this Action. Shelby further objects to this Request as

14   impermissibly propounding an interrogatory on a non-party by means of a request for production

15   of documents. Shelby further objects to this Request as improperly bypassing party discovery.

16   Plaintiffs and Zuffa have been actively meeting and conferring over party discovery, and this

17   Request seeks to circumvent that process.

18        Shelby will not produce documents in response to this Request.

19   **REQUEST FOR PRODUCTION NO. 4:**

20        Documents sufficient to identify each messaging account or social media account that You

21   used during the Relevant Time Period, including but not limited to Discord, Facebook, Google

22   Chat, iMessage, Instagram, Kik, Microsoft Teams, Signal, Skype, Slack, Snapchat, Telegram,

23   TikTok, Truth Social, Whatsapp, WeChat, Zoom, etc.

24   **RESPONSE TO REQUEST NO. 4:**

25        In addition to the General Objections set forth above, Shelby objects to this Request as

26   overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

27   that is not relevant to any party's claims or defenses, including because it calls for "each messaging

28   account or social media account" used by a non-party over a ten year time period, extending

beyond the time period relevant to this Action. Shelby further objects to this Request as impermissibly propounding an interrogatory on a non-party by means of a request for production of documents. Shelby further objects to this Request as improperly bypassing party discovery. Plaintiffs and Zuffa have been actively meeting and conferring over party discovery, and this Request seeks to circumvent that process.

Shelby will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 5:**

Documents sufficient to identify All username(s) and social media handle(s) for each account identified in response to Request No. 4.

**RESPONSE TO REQUEST NO. 5:**

In addition to the General Objections set forth above, Shelby objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses, including because it calls for "All username(s) and social media handle(s)" used by a non-party over a ten year time period, extending beyond the time period relevant to this Action. Shelby further objects to this Request as impermissibly propounding an interrogatory on a non-party by means of a request for production of documents. Shelby further objects to this Request as improperly bypassing party discovery. Plaintiffs and Zuffa have been actively meeting and conferring over party discovery, and this Request seeks to circumvent that process.

Shelby will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 6:**

Documents sufficient to identify each email account that You used during the Relevant Time Period.

**RESPONSE TO REQUEST NO. 6:**

In addition to the General Objections set forth above, Shelby objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses, including because it calls for "each email account" used by a non-party over a ten year time period, extending beyond the time period

1  relevant to this Action. Shelby further objects to this Request as impermissibly propounding an

2  interrogatory on a non-party by means of a request for production of documents. Shelby further

3  objects to this Request as improperly bypassing party discovery. Plaintiffs and Zuffa have been

4  actively meeting and conferring over party discovery, and this Request seeks to circumvent that

5  process.

6       Shelby will not produce documents in response to this Request.

7  **REQUEST FOR PRODUCTION NO. 7:**

8       All Documents and Communications in Your possession relating to the changes in

9  ownership of the MMA blog at http://www.bloodyelbow.com in or around January 2023 and in or

10  around March 2024, including, without limitation, any materials relating to Defendants'

11  acquisition of full or partial ownership in the blog, any efforts made by You, by Defendants, or on

12  Defendants' behalf to obtain full or partial ownership in the blog, any materials reflecting any

13  consideration by Defendants of taking any action to obtain full or partial ownership in the blog,

14  and/or any materials reflecting any effort by You, Defendants, or on Defendants' behalf to

15  influence the prior owner's(s') decision to sell or new owner's(s') decision to buy the blog or the

16  terms of such transaction (including any financial assistance offered or provided to any new

17  owners).

18  **RESPONSE TO REQUEST NO. 7:**

19       In addition to the General Objections set forth above, Shelby objects to this Request as

20  overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

21  that is not relevant to any party's claims or defenses, including because it calls for "All Documents

22  and Communications" and seeks documents prior to the date in which TKO acquired the assets of

23  UFC. Shelby also objects that the phrases "any consideration," "influence" and "on Your behalf"

24  as used in this Request are vague and ambiguous. Shelby further objects to the extent this Request

25  calls for documents protected from disclosure by the attorney-client privilege, work-product

26  doctrine, or any other applicable privilege. Shelby further objects to this Request as duplicative of

27  Request No. 72 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this

28  same Request, and thus this Request improperly seeks to bypass party discovery.

1    Shelby will not produce documents in response to this Request.

2    **REQUEST FOR PRODUCTION NO. 8:**

3    All Documents and Communications in Your possession relating to any efforts made by

4    Defendants or on Defendants' behalf to influence the content available on the MMA blog at

5    http://www.bloodyelbow.com, including, without limitation, materials relating to content that was

6    removed after the change in ownership of the blog in or around the first quarter of 2024.

7    **RESPONSE TO REQUEST NO. 8:**

8    In addition to the General Objections set forth above, Shelby objects to this Request as

9    overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

10   that is not relevant to any party's claims or defenses, including because it calls for "All Documents

11   and Communications." Shelby also objects that the phrases "influence" and "on Your behalf" as

12   used in this Request are vague and ambiguous. Shelby further objects to this Request as duplicative

13   of Request No. 73 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over

14   this same Request, and thus this Request improperly seeks to bypass party discovery.

15   Shelby will not produce documents in response to this Request.

16   **REQUEST FOR PRODUCTION NO. 9:**

17   All Documents and Communications relating to any request by UFC Fighters, MMA

18   Fighters contracted with other MMA Promotions, or other MMA Promotions to match one or more

19   UFC Fighters in one or more bouts with MMA Fighters contracted with another MMA Promotion,

20   including, without limitation, materials reflecting Your consideration of such requests, the terms

21   offered or otherwise considered by You for such bout(s) or events, and/or the potential benefits (or

22   lack thereof) of promoting such bout(s) or events.

23   **RESPONSE TO REQUEST NO. 9:**

24   In addition to the General Objections set forth above, Shelby objects to this Request as

25   overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

26   that is not relevant to any party's claims or defenses, including because it calls for "All Documents

27   and Communications" over a ten year time period, extending beyond the time period relevant to

28   this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Shelby

1    also objects that the phrases "Your consideration," "otherwise considered," and "potential benefits

2    (or lack thereof)" as used in this Request are vague and ambiguous. Shelby further objects to this

3    Request as seeking documents and information relating to fighters who would not be members of

4    the putative class and, thus, would have no likelihood of leading to the discovery of relevant or

5    admissible evidence. Shelby further objects to this Request as duplicative of Request No. 74 to

6    Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and

7    thus this Request improperly seeks to bypass party discovery.

8         Shelby will not produce documents in response to this Request.

9    **REQUEST FOR PRODUCTION NO. 10:**

10        All Documents and Communications relating to Francis Ngannou leaving the UFC for the

11   Professional Fighters League, including, without limitation, materials reflecting and/or otherwise

12   concerning the unsuccessful negotiations between Mr. Ngannou (and/or his representatives) and

13   the UFC to re-sign with the UFC, Documents and Communications with UFC Fighters and their

14   representatives, agents, or managers concerning their own contract negotiations and the impact. of

15   Mr. Ngannou's departure on those negotiations, internal Documents and Communications

16   analyzing the impact of Mr. Ngannou's departure on contract negotiations with UFC Fighters

17   (including as to both the financial and non-financial terms negotiated), and any changes You made

18   to the contract terms You offered to UFC Fighters based in whole or in any part on the unsuccessful

19   negotiations with Mr. Ngannou.

20   **RESPONSE TO REQUEST NO. 10:**

21        In addition to the General Objections set forth above, Shelby objects to this Request as

22   overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

23   that is not relevant to any party's claims or defenses, including because it calls for "All Documents

24   and Communications" over a ten year time period, extending beyond the time period relevant to

25   this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Shelby

26   also objects that the phrases "otherwise concerning" and "unsuccessful negotiations" as used in

27   this Request are vague and ambiguous. Shelby further objects to the extent this Request calls for

28   documents protected from disclosure by the attorney-client privilege, work-product doctrine, or

1   any other applicable privilege. Shelby further objects to this Request as seeking documents and

2   information relating to fighters who would not be members of the putative class and, thus, would

3   have no likelihood of leading to the discovery of relevant or admissible evidence. Shelby further

4   objects to this Request as duplicative of Request No. 75 to Zuffa. Zuffa has been actively meeting

5   and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to

6   bypass party discovery.

7        Shelby will not produce documents in response to this Request.

8   **REQUEST FOR PRODUCTION NO. 11:**

9        All Documents and Communications concerning the rankings of UFC's Fighters,

10  including, without limitation, materials relating to any internal rankings of UFC Fighters, all

11  criteria and bases the UFC uses to assign UFC Fighters with their ranking in such internal rankings,

12  and the rankings the UFC has assigned to UFC Fighters over time, and any external rankings (e.g.,

13  consensus rankings, rankings by particular media outlets, etc.) that the UFC uses to make or

14  considers in making any business decisions (e.g., matchmaking, determining UFC Fighter

15  compensation, determining whether to contract with or extend a contract with an MMA Fighter),

16  the formula and/or process by which such rankings are determined, the way the UFC uses or

17  considers such external rankings, and the external rankings assigned to UFC Fighters that the UFC

18  has used over time.

19  **RESPONSE TO REQUEST NO. 11:**

20       In addition to the General Objections set forth above, Shelby objects to this Request as

21  overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

22  that is not relevant to any party's claims or defenses, including because it calls for "All Documents

23  and Communications" over a ten year time period, extending beyond the time period relevant to

24  this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Shelby

25  disputes the distinction between "internal" and "external" rankings. Shelby also objects that the

26  phrases "any business decision," "uses to make or considers in making" and "uses or considers"

27  are vague and ambiguous. Shelby further objects to this Request to the extent that it seeks public

28  information—including information in Plaintiffs' control—that is readily accessible by Plaintiffs

1   and which should be collected by Plaintiffs under the reasonableness and proportionality standards

2   set forth in the Federal Rules of Civil Procedure. Shelby additionally objects that this Request calls

3   for documents protected from disclosure by the attorney-client privilege, work-product doctrine,

4   or any other applicable privilege. Shelby further objects to this Request as seeking documents and

5   information relating to fighters who would not be members of the putative class and, thus, would

6   have no likelihood of leading to the discovery of relevant or admissible evidence. Shelby further

7   objects to this Request as duplicative of Request No. 76 to Zuffa. Zuffa has been actively meeting

8   and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to

9   bypass party discovery.

10        Shelby will not produce documents in response to this Request.

11   **REQUEST FOR PRODUCTION NO. 12:**

12        A complete set of the data the UFC maintains comprising Fighter and bout statistics,

13   including the data previously maintained by FightMetric and the "record book" as referenced at

14   http://statleaders.ufc.com.

15   **RESPONSE TO REQUEST NO. 12:**

16        In addition to the General Objections set forth above, Shelby objects to this Request as

17   overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

18   that is not relevant to any party's claims or defenses, including because it calls for information

19   over a ten year time period, extending beyond the time period relevant to this Action, and it is not

20   limited in scope to the claims or defenses at issue in this Action. Shelby further objects to this

21   Request as vague, ambiguous, confusing, and incomplete because it uses the capitalized term

22   "Fighter," which is not otherwise defined. Shelby further objects that the phrase "complete set of

23   data" as used in this Request is vague and ambiguous. Shelby further objects to this Request to the

24   extent that it seeks public information—including information in Plaintiffs' control—that is readily

25   accessible by Plaintiffs and which should be collected by Plaintiffs under the reasonableness and

26   proportionality standards set forth in the Federal Rules of Civil Procedure. Shelby further objects

27   to this Request as seeking documents and information relating to fighters who would not be

28   members of the putative class and, thus, would have no likelihood of leading to the discovery of

1    relevant or admissible evidence. Shelby further objects to this Request as duplicative of Request

2    No. 77 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same

3    Request, and thus this Request improperly seeks to bypass party discovery.

4        Shelby will not produce documents in response to this Request.

5    **REQUEST FOR PRODUCTION NO. 13:**

6        All Documents and Communications relating to Your acquisition of FightMetric and its

7    MMA statistics data, including, without limitation, materials relating to the business or strategic

8    purpose(s) of acquiring FightMetric and the amount paid for FightMetric

9    **RESPONSE TO REQUEST NO. 13**

10       In addition to the General Objections set forth above, Shelby objects to this Request as

11   overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

12   that is not relevant to any party's claims or defenses, including because it calls for "All Documents

13   and Communications" over a ten year time period, extending beyond the time period relevant to

14   this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Shelby

15   also objects that the phrase "without limitation" as used in this Request is vague and ambiguous.

16   Shelby additionally objects that this Request calls for documents protected from disclosure by the

17   attorney-client privilege, work-product doctrine, or any other applicable privilege. Shelby further

18   objects to this Request as duplicative of Request No. 78 to Zuffa. Zuffa has been actively meeting

19   and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to

20   bypass party discovery.

21       Shelby will not produce documents in response to this Request.

22   **REQUEST FOR PRODUCTION NO. 14:**

23       All Communications (including Documents attached to such Communications) between

24   You and the following Persons relating to their potential testimony in the Le v. Zuffa, LLC, No. 15-

25   cv-1045 (D. Nev.) trial: (a) Ali Abdelaziz; (b) Shannon Knapp; (c) Michael Bisping; (d) Donald

26   Cerrone; (e) Michael Chandler; (f) Chael Sonnen; (g) Miesha Tate; (h) Jason House; (i) Josh Jones;

27   (j) Dan Lambert; (k) Jeffrey Aronson; (l) Carlos Silva; and (m) Ed Soares.

28   **RESPONSE TO REQUEST NO. 14:**

In addition to the General Objections set forth above, Shelby objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses, including because it calls for "All Communications" over a ten year time period, extending beyond the time period relevant to this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Shelby further objects to the extent this Request calls for documents protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Shelby further objects to this Request as duplicative of Request No. 79 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Shelby will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 15:**

Documents and Communications sufficient to show the financial results of the boxing event featuring the bout between Conor McGregor and Floyd Mayweather Jr. that took place on or about August 26, 2017, including, without limitation, how much each athlete was paid, the total revenues generated by the event (and the sources of the various components of revenue), and the total expenses incurred (and a breakdown of those expenses).

**RESPONSE TO REQUEST NO.15:**

In addition to the General Objections set forth above, Shelby objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses, including because it calls for information over a ten year time period, extending beyond the time period relevant to this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Shelby also objects that the phrase "financial results" as used in this Request is vague and ambiguous. Shelby further objects to this Request as duplicative of Request No. 80 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Shelby will not produce documents in response to this Request.

1  **REQUEST FOR PRODUCTION NO. 16:**

2    All Documents and Communications relating to the negotiations with Conor McGregor

3  concerning his appearance in the bout between Conor McGregor and Floyd Mayweather Jr. that

4  ultimately took place on or about August 26, 2017, including any promotional and ancillary rights

5  agreement signed by Mr. McGregor, any agreement with any changes to Mr. McGregor's UFC

6  promotional and ancillary rights agreement or any determination by You to not enforce any part

7  of the UFC promotional and ancillary rights agreement with Mr. McGregor, and/or the bases for

8  the UFC's decision to change or otherwise not enforce any part of the UFC promotional and

9  ancillary rights agreement with Mr. McGregor.

10  **RESPONSE TO REQUEST NO. 16:**

11    In addition to the General Objections set forth above, Shelby objects to this Request as

12  overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

13  that is not relevant to any party's claims or defenses, including because it calls for "All Documents

14  and Communications" over a ten year time period, extending beyond the time period relevant to

15  this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Shelby

16  further objects to the extent this Request calls for documents protected from disclosure by the

17  attorney-client privilege, work-product doctrine, or any other applicable privilege. Shelby further

18  objects to this Request as duplicative of Request No. 81 to Zuffa. Zuffa has been actively meeting

19  and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to

20  bypass party discovery.

21    Shelby will not produce documents in response to this Request.

22  **REQUEST FOR PRODUCTION NO. 17:**

23    All Agreements between You and Mayweather Promotions, The Money Team, Showtime,

24  and McGregor Promotions relating to the Mayweather vs. McGregor bout and/or event that took

25  place on or about August 26, 2017, as well as any Agreements in Your possession, custody, or

26  control among or between any or all of those entities.

27  **RESPONSE TO REQUEST NO. 17:**

28    In addition to the General Objections set forth above, Shelby objects to this Request as

21

1  overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

2  that is not relevant to any party's claims or defenses, including because it calls for "All

3  Agreements" over a ten year time period, extending beyond the time period relevant to this Action,

4  and it is not limited in scope to the claims or defenses at issue in this Action. Shelby further objects

5  to this Request as duplicative of Request No. 82 to Zuffa. Zuffa has been actively meeting and

6  conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass

7  party discovery.

8        Shelby will not produce documents in response to this Request.

9  **REQUEST FOR PRODUCTION NO. 18:**

10        All Documents and Communications relating to Leslie Smith's unionization effort,

11  including materials relating to Project Spearhead and her allegations (and any related

12  administrative, legal, or regulatory proceeding) that You committed unfair labor practices when

13  she was terminated from the UFC.

14  **RESPONSE TO REQUEST NO. 18:**

15        In addition to the General Objections set forth above, Shelby objects to this Request as

16  overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

17  that is not relevant to any party's claims or defenses, including because it calls for "All Documents

18  and Communications" over a ten year time period, extending beyond the time period relevant to

19  this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Shelby

20  also objects that the phrase "unionization effort" as used in this Request is vague and ambiguous.

21  Shelby disputes Plaintiffs' assertion that TKO "committed unfair labor practices." Shelby further

22  objects to the extent this Request calls for documents protected from disclosure by the attorney-

23  client privilege, work-product doctrine, or any other applicable privilege. Shelby further objects to

24  this Request to the extent that it seeks public information—including information in Plaintiffs'

25  control—that is readily accessible by Plaintiffs and which should be collected by Plaintiffs under

26  the reasonableness and proportionality standards set forth in the Federal Rules of Civil Procedure.

27  Shelby further objects to this Request as duplicative of Request No. 83 to Zuffa. Zuffa has been

28  actively meeting and conferring with Plaintiffs over this same Request, and thus this Request

1   improperly seeks to bypass party discovery.

2       Shelby will not produce documents in response to this Request.

3   **REQUEST FOR PRODUCTION NO. 19:**

4       All Documents and Communications relating to the effort by certain UFC Fighters and

5   others to create the Mixed Martial Arts Athletes Association ("MMAAA"), including, without

6   limitation, any materials reflecting MMAAA's effort to obtain an out-of-court financial settlement

7   for any alleged legal claims, any materials relating to MMAAA's expressed goal of increasing the

8   revenue share the UFC pays to UFC Fighters, and any discussions relating to insurance and pension

9   packages for UFC athletes. Responsive Documents and Communications also include any

10  materials relating to the reported meeting between Donald Cerrone and Dana White that transpired

11  on or about December 8, 2016 concerning the MMAAA and any follow-up concerning such

12  meeting.

13  **RESPONSE TO REQUEST NO. 19:**

14      In addition to the General Objections set forth above, Shelby objects to this Request as

15  overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

16  that is not relevant to any party's claims or defenses, including because it calls for "All Documents

17  and Communications" over a ten year time period, extending beyond the time period relevant to

18  this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Shelby

19  further objects to this Request as seeking documents and information relating to fighters who

20  would not be members of the putative class and, thus, would have no likelihood of leading to the

21  discovery of relevant or admissible evidence. Shelby further objects to the extent this Request calls

22  for documents protected from disclosure by the attorney-client privilege, work-product doctrine,

23  or any other applicable privilege. Shelby further objects to this Request to the extent that it seeks

24  public information—including information in Plaintiffs' control—that is readily accessible by

25  Plaintiffs and which should be collected by Plaintiffs under the reasonableness and proportionality

26  standards set forth in the Federal Rules of Civil Procedure. Shelby further objects to this Request

27  as duplicative of Request No. 84 to Zuffa. Zuffa has been actively meeting and conferring with

28  Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

discovery.

Shelby will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 20:**

All Documents and Communications relating to the UFC's business strategy for Professional MMA Events and/or Professional MMA Bouts held at UFC Apex, including Documents and Communications discussing the reasons for creating and/or establishing the UFC Apex, how UFC determines which Professional MMA Events and/or Professional MMA Bouts will be held at the Apex, and why any Professional MMA Events and/or Professional MMA Bouts were held at the Apex.

**RESPONSE TO REQUEST NO. 20:**

In addition to the General Objections set forth above, Shelby objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses, including because it calls for "All Documents and Communications" over a ten year time period, extending beyond the time period relevant to this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Shelby further objects that the phrase "business strategy" as used in this Request is vague and ambiguous. Shelby further objects to this Request as duplicative of Request No. 85 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Shelby will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 21:**

All monthly and annual financial documents relating to the business operations at the UFC Apex, including without limitation all audited financial statements, balance sheets, income statements, profit and loss reports, margin analyses, equity valuations, asset appraisals, financial models, budgets (proposed or otherwise), investor presentations, margin analyses, pro formas, regulatory filings (including income tax returns), issuance of equity or debit, loans, and money owed or receivable, and any other form of financial reporting.

1    **RESPONSE TO REQUEST NO. 21:**

2          In addition to the General Objections set forth above, Shelby objects to this Request as

3    overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

4    that is not relevant to any party's claims or defenses, including because it calls for "All" monthly

5    and annual financial documents over a ten year time period, extending beyond the time period

6    relevant to this Action, and it is not limited in scope to the claims or defenses at issue in this Action.

7    Shelby further objects that the phrases "financial documents," "business operations," and "any

8    other form of financial reporting" as used in this Request are vague and ambiguous. Shelby further

9    objects to this Request as duplicative of Request No. 86 to Zuffa. Zuffa has been actively meeting

10   and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to

11   bypass party discovery.

12         Shelby will not produce documents in response to this Request.

13   **REQUEST FOR PRODUCTION NO. 22**

14         All Documents and Communications relating to any changes in the form and/or structure

15   of revenues the UFC received for its broadcast rights, including, without limitation, Documents

16   and Communications relating to changes in structure of PPV revenues received by the UFC and

17   paid by ESPN following the UFC's 2019 broadcast rights deal with ESPN, including materials

18   analyzing such changes and any corresponding changes in business practices or operations the

19   UFC considered implementing based on such change in structure.

20   **RESPONSE TO REQUEST NO. 22:**

21         In addition to the General Objections set forth above, Shelby objects to this Request as

22   overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

23   that is not relevant to any party's claims or defenses, including because it requests "All Documents

24   and Communications" over a ten year time period, extending beyond the time period relevant to

25   this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Shelby

26   further objects that the phrases "materials analyzing such changes," "corresponding changes," and

27   "considered implementing" as used in this Request are vague and ambiguous. Shelby further

28   objects to the extent this Request calls for documents protected from disclosure by the attorney-

1  client privilege, work-product doctrine, or any other applicable privilege. Shelby further objects to

2  this Request as duplicative of Request No. 87 to Zuffa. Zuffa has been actively meeting and

3  conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass

4  party discovery.

5      Shelby will not produce documents in response to this Request.

6  **REQUEST FOR PRODUCTION NO. 23:**

7      All Documents and Communications relating to Zuffa's acquisition of the UFC, including,

8  without limitation, the Agreement(s) setting for the terms of sale, any planned business strategies

9  supporting Zuffa's decision to purchase the UFC, and any Documents or Communications relating

10  to Zuffa's forecasted revenues and/or other financials created by Zuffa or its agents prior to the

11  sale of the UFC to Zuffa. For clarity, the Relevant Time Period for this Request commences

12  January 1, 1993 and extends through the present.

13  **RESPONSE TO REQUEST NO. 23:**

14      In addition to the General Objections set forth above, Shelby objects to this Request as

15  overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

16  that is not relevant to any party's claims or defenses, including because it calls for "All Documents

17  and Communications" over a thirty-two year time period, extending beyond the time period

18  relevant to this Action, and it is not limited in scope to the claims or defenses at issue in this Action.

19  Shelby also objects that the phrases "planned business strategies," "supporting," and "other

20  financials" as used in this Request are vague and ambiguous. Shelby further objects to the extent

21  this Request calls for documents protected from disclosure by the attorney-client privilege, work-

22  product doctrine, or any other applicable privilege. Shelby further objects to this Request as

23  duplicative of Request No. 88 to Zuffa. Zuffa has been actively meeting and conferring with

24  Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

25  discovery.

26      Shelby will not produce documents in response to this Request.

27  **REQUEST FOR PRODUCTION NO. 24:**

28      All Documents and Communications relating to any contention Zuffa may make in this

litigation that it built or otherwise substantially contributed to the growth of the sport of MMA, including, without limitation, any Documents and Communications relating to Zuffa's efforts to secure licensing or other certification or legal standing of Professional MMA Events in any state jurisdiction, any investments Zuffa made in building the MMA Industry distinct from investments Zuffa made in building the UFC, and any materials reflecting the state of the MMA Industry and its size and growth potential prior to Zuffa's acquisition of the UFC. For clarity, the Relevant Time Period for this Request commences January 1, 1993 and extends through the present.

**RESPONSE TO REQUEST NO. 24:**

In addition to the General Objections set forth above, Shelby objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses, including because it calls for "All Documents and Communications" over a thirty-two year time period, extending beyond the time period relevant to this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Shelby further objects that the phrases "contention," "efforts," "the state of the MMA Industry," and "growth potential" as used in this Request are vague and ambiguous. Shelby further objects to the extent this Request calls for documents protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Shelby further objects to this Request as duplicative of Request No. 89 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Shelby will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 25:**

All Documents and Communications produced by You in response to discovery requests served by the plaintiffs in Le, et al. v. Zuffa, LLC, 2:21-cv-1189-RFB-BNW (D. Nev.) and/or received by you in response to discovery requests or subpoenas served by You, in Le, et al. v. Zuffa, LLC, 2:21-cv-1189-RFB-BNW (D. Nev.). The Relevant Time Period set forth above does not apply to this Request.

**RESPONSE TO REQUEST NO. 25:**

In addition to the General Objections set forth above, Shelby objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it requests documents outside of the relevant time period and which otherwise have no bearing on the claims or defenses at issue in this Action. Shelby also objects to this Request to the extent it seeks documents and information subject to the protective order issued by the Court in Le, et al. v. Zuffa, LLC, 2:21-cv-1189-RFB-BNW (D. Nev.). Shelby objects that this Request is unintelligible because the case citation refers to a case name that is different from the case number cited. Shelby further objects to this Request as duplicative of Request No. 1 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Shelby will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 26:**

All Documents and Communications produced by You to any government or government agency in response to any investigative demand or other request from the U.S. Department of Justice, the U.S. Federal Trade Commission, any state regulatory agency, or any foreign regulatory agency related to: (a) Your policies, practices, guidelines, and training directed to compliance with U.S. governmental regulatory agencies, or any foreign regulatory agency, including all Documents concerning the creation of such policies, and any statements signed by Your employees or agents acknowledging their receipt of or compliance with Your compliance policies; (b) the acquisition of Zuffa or any parent of or successor to Zuffa by Endeavor Group Holdings, Inc.; or (c) the merger of Zuffa or any parent of or successor to Zuffa with World Wrestling Entertainment, Inc. (a/k/a WWE) or any parent of or successor to World Wrestling Entertainment, Inc. Explicitly included within the scope of this Interrogatory is any correspondence or documents exchanged between You and the U.S. Department of Justice, including documents reflecting or constituting any Communications with former Assistant Attorney General for the Department of Justice Antitrust Division Makan Delrahim, relating to Le, et al. v. Zuffa, LLC, 2:21-cv-1189-RFBBNW (D. Nev.).

1    **RESPONSE TO REQUEST NO. 26:**

2          In addition to the General Objections set forth above, Shelby objects to this Request as

3    overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

4    calculated to lead to the discovery of relevant or admissible evidence, including because it seeks

5    documents produced to "any government or government agency in response to any investigative

6    demand or other request" related to a wide range of topics that have no relevance to the claims or

7    defenses at issue in this Action, including because they relate to transactions that are not challenged

8    or at issue in this Action. Shelby also objects that the phrase "directed to compliance with" is

9    vague, ambiguous, and unintelligible as written. Shelby further objects to this Request to the extent

10   it refers to an "Interrogatory" and will interpret this Request to refer to a "Request." Shelby further

11   objects that this Request is unintelligible because the case citation refers to a case name that is

12   different from the case number cited. Shelby further objects to this Request as duplicative of

13   Request No. 2 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this

14   same Request, and thus this Request improperly seeks to bypass party discovery.

15         Shelby will not produce documents in response to this Request.

16   **REQUEST FOR PRODUCTION NO. 27:**

17         All Documents and Communications produced by You to the U.S. government pursuant to

18   the Hart-Scott-Rodino Antitrust Improvements Act of 1976, Pub. L. No. 94-435, and any second

19   requests, related to the acquisition of Zuffa or any parent of or successor to Zuffa by Endeavor

20   Group Holdings, Inc., the merger of Zuffa or any parent of or successor to Zuffa with World

21   Wrestling Entertainment, Inc. (a/k/a WWE) or any parent of or successor to World Wrestling

22   Entertainment, Inc., or the formation of TKO Group Holdings, Inc.

23   **RESPONSE TO REQUEST NO. 27:**

24         In addition to the General Objections set forth above, Shelby objects to this Request as

25   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

26   calculated to lead to the discovery of relevant or admissible evidence, including because it seeks

27   "All Documents and Communications" produced for a ten year time period, extending beyond the

28   time period relevant to this case, and which relate to transactions not challenged or at issue in this

1   Action and which are otherwise not relevant to any claim or defense in this Action. Shelby further

2   objects to this Request as duplicative of Request No. 3 to Zuffa. Zuffa has been actively meeting

3   and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to

4   bypass party discovery.

5          Shelby will not produce documents in response to this Request.

6   **REQUEST FOR PRODUCTION NO. 28:**

7          All Documents and Communications relating to any Agreements between (a) Zuffa and

8   any Professional MMA Fighter, and (b) any other MMA Promoter and any Professional MMA

9   Fighter, including all Agreements concerning competition in Professional MMA Bouts (and any

10  amendments thereto), including Promotional and Ancillary Rights Agreements, Bout

11  Agreements, "side letter" and/or letter Agreements, Merchandise Rights Agreements, sponsorship

12  Agreements, and all Documents and Communications relating to negotiations with any

13  Professional MMA Fighter or any Person purporting to represent a Professional MMA Fighter,

14  including all draft Agreements.

15  **RESPONSE TO REQUEST NO. 28:**

16         In addition to the General Objections set forth above, Shelby objects to this Request as

17  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

18  calculated to lead to the discovery of relevant or admissible evidence, including because it calls

19  for "All Documents and Communications" over a ten year time period, extending beyond the time

20  period relevant to this case, and relating to, among other things, agreements between "any other

21  MMA Promoter and any Professional MMA Fighter." Shelby also objects that the phrase "relating

22  to negotiations" and "purporting to represent" are vague and ambiguous. Shelby further objects to

23  the extent this Request calls for documents protected from disclosure by the attorney-client

24  privilege, work-product doctrine, or any other applicable privilege. Shelby further objects to this

25  Request as seeking documents and information relating to fighters who would not be members of

26  the putative class and, thus, would have no likelihood of leading to the discovery of relevant or

27  admissible evidence. Shelby further objects to this Request as duplicative of Request No. 4 to

28  Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and

thus this Request improperly seeks to bypass party discovery.

Shelby will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 29:**

Each Agreement between you and a Professional MMA Fighter entered into or in effect during the Relevant Time Period.

**RESPONSE TO REQUEST NO. 29:**

In addition to the General Objections set forth above, Shelby objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it requests "Each Agreement" over at least a ten year time period, extending beyond the time period relevant to this case. Shelby also objects to this Request as seeking documents and information relating to fighters who would not be members of the putative class and, thus, would have no likelihood of leading to the discovery of relevant or admissible evidence. Shelby further objects to this Request as duplicative of Request No. 5 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Shelby will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 30:**

All Documents and Communications evidencing the negotiation of any Agreement responsive to the preceding Request.

**RESPONSE TO REQUEST NO. 30**

In addition to the General Objections set forth above, Shelby objects to this Request as duplicative of Request No. 7's request for "all Documents and Communications" concerning the same topic, and as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it calls for "All Documents and Communications" over at least a ten year time period, extending beyond the time period relevant to this Action. Shelby also objects to the extent this Request calls for documents protected from disclosure by the attorney-client privilege, work-

product doctrine, or any other applicable privilege. Shelby further objects that the phrase "evidencing the negotiation of" is vague and ambiguous. Shelby further objects to this Request as seeking documents and information relating to fighters who would not be members of the putative class and, thus, would have no likelihood of leading to the discovery of relevant or admissible evidence. Shelby further objects to this Request as duplicative of Request No. 6 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Shelby will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 31**

All Documents and Communications consisting of or relating to Your discussion, analysis, interpretation or characterization of any Agreement, and the negotiation thereof, responsive to Request No. 29.

**RESPONSE TO REQUEST NO. 31:**

In addition to the General Objections set forth above, Shelby objects that this Request is overbroad, unduly burdensome, not proportional to the needs of the case and not reasonably calculated to lead to this discovery of relevant or admissible evidence, including because it calls for "All Documents and Communications" over a ten year period, extending beyond the time period relevant to this Action. Shelby also objects to the extent this Request calls for documents protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Shelby further objects that the phrase "discussion, analysis, interpretation or characterization" is vague and ambiguous. Shelby further objects to this Request as seeking documents and information relating to fighters who would not be members of the putative class and, thus, would have no likelihood of leading to the discovery of relevant or admissible evidence. Shelby further objects to this Request as duplicative of Request No. 7 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Shelby will not produce documents in response to this Request.

1    **REQUEST FOR PRODUCTION NO. 32:**

2        All arbitration clauses or class action waivers between You and any Professional MMA

3    Fighters, whether set forth in an Agreement or otherwise, and all Documents and Communications

4    relating to relating to any such arbitration clause or class action waiver, including without

5    limitation analyses, draft proposed clauses, analyses of such clauses, white papers, reports, slide

6    presentations, or discussions regarding the reasons for, or potential benefits to Zuffa or Endeavor

7    or anyone else of, including arbitration clauses and/or class action waivers in Your Agreements

8    with Professional MMA Fighters.

9    **RESPONSE TO REQUEST NO. 32:**

10       In addition to the General Objections set forth above, Shelby objects that this Request is

11   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

12   calculated to lead to the discovery of relevant or admissible evidence, including because it asks for

13   "All arbitration clauses or class action waivers" and "all Documents and Communications"

14   relating to such clauses over a ten year time period, extending beyond the time period relevant to

15   this Action, and is not limited in scope to the claims or defenses at issue in this Action. Shelby also

16   objects that the phrases "analyses," "discussions regarding the reasons for," and "potential

17   benefits" are vague and ambiguous. Shelby further objects to the extent this Request calls for

18   documents protected from disclosure by the attorney-client privilege, work-product doctrine, or

19   any other applicable privilege. Shelby further objects to this Request as seeking documents and

20   information relating to fighters who would not be members of the putative class and, thus, would

21   have no likelihood of leading to the discovery of relevant or admissible evidence. Shelby further

22   objects to this Request as duplicative of Request No. 8 to Zuffa. Zuffa has been actively meeting

23   and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to

24   bypass party discovery.

25       Shelby will not produce documents in response to this Request.

26   **REQUEST FOR PRODUCTION NO. 33:**

27       All Documents and Communications evidencing the negotiation of any Agreement

28   responsive to the preceding Request.

1  **RESPONSE TO REQUEST NO. 33:**

2      In addition to the General Objections set forth above, Shelby objects that this Request is

3  duplicative of the Request No. 32's request for "all Documents and Communications" concerning

4  the same topic, and as overbroad, unduly burdensome, not proportional to the needs of the case,

5  and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including

6  because it asks for "All Documents and Communications" regarding Agreements from the prior

7  Request over a ten year time period, extending beyond the time period relevant to this case, and it

8  is not limited in scope to the claims or defenses at issue in this Action. Shelby also objects that the

9  phrase "evidencing the negotiation" is vague and ambiguous. Shelby further objects to this Request

10  as seeking documents and information relating to fighters who would not be members of the

11  putative class and, thus, would have no likelihood of leading to the discovery of relevant or

12  admissible evidence. Shelby further objects to this Request as duplicative of Request No. 9 to

13  Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and

14  thus this Request improperly seeks to bypass party discovery.

15      Shelby will not produce documents in response to this Request.

16  **REQUEST FOR PRODUCTION NO. 34:**

17      All Documents and Communications consisting of or relating to Your discussion, analysis,

18  interpretation or characterization of any arbitration clause or class action waiver, and/or the

19  negotiation thereof.

20  **RESPONSE TO REQUEST NO. 34:**

21      In addition to the General Objections set forth above, Shelby objects to this Request as

22  duplicative of the Request No. 32's request for "all Documents and Communications" concerning

23  the same topic, and is overbroad, unduly burdensome, not proportional to the needs of the case,

24  and not reasonably calculated to the discovery of relevant or admissible evidence, including

25  because it calls for "All Documents and Communications" over a ten year time period, extending

26  beyond the time period relevant to this Action. Shelby also objects that the terms "discussion,

27  analysis, interpretation or characterization" are vague and ambiguous. Shelby further objects to

28  the extent that this Request is duplicative of Request Nos. 32 and 33. Shelby further objects to the

1    extent this Request calls for documents protected from disclosure by the attorney- client privilege,

2    work-product doctrine, or any other applicable privilege. Shelby further objects to this Request as

3    duplicative of Request No. 10 to Zuffa. Zuffa has been actively meeting and conferring with

4    Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

5    discovery.

6         Shelby will not produce documents in response to this Request.

7    **REQUEST FOR PRODUCTION NO. 35:**

8         All Documents and Communications relating to market research about the MMA Industry,

9    including but not limited to, analysis or research regarding relative market share of MMA

10   Promoters, barriers to expansion for MMA Promoters, barriers to entry for would-be MMA

11   Promoters, and growth projections for the MMA Industry and/or MMA Promoters individually or

12   in any groupings.

13   **RESPONSE TO REQUEST NO. 35:**

14        In addition to the General Objections set forth above, Shelby objects to this Request as

15   overbroad and unduly burdensome, not proportional to the needs of the case, and not reasonably

16   calculated to the discovery of relevant or admissible evidence, including because it calls for "All

17   Documents and Communications" over a ten year time period, extending beyond the time period

18   relevant to this Action. Shelby also objects that the phrases "market research," "analysis or

19   research," and "growth projections" are vague and ambiguous. Shelby further objects to the extent

20   this Request calls for documents protected from disclosure by the attorney-client privilege, work-

21   product doctrine, or any other applicable privilege. Shelby further objects to this Request as

22   duplicative of Request No. 11 to Zuffa. Zuffa has been actively meeting and conferring with

23   Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

24   discovery.

25        Shelby will not produce documents in response to this Request.

26   **REQUEST FOR PRODUCTION NO. 36:**

27        All Documents and Communications relating to non-Zuffa/non-UFC MMA Promoters

28   (considered individually or as a group), including but not limited to SWOT analyses, financial

1   analyses, strategies, counterprogramming of other MMA Promoters' Professional MMA Events,

2   analyses and/or commentary or assessments of their fighter rosters, and acquisition analyses and

3   strategies.

4   **RESPONSE TO REQUEST NO. 36:**

5          In addition to the General Objections set forth above, Shelby objects to this Request as

6   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

7   calculated to lead to the discovery of relevant or admissible evidence, including because it calls

8   for "All Documents and Communications relating to non-Zuffa/non-UFC MMA Promoters" over

9   a ten year time period, extending beyond the time period relevant to this Action, and does not limit

10  the scope of the Request to the claims or defenses at issue in this Action. Shelby also objects that

11  the phrase "counterprogramming" is vague and ambiguous. Shelby further objects that the phrase

12  "SWOT analyses" is vague, ambiguous, and undefined. Shelby further objects to the extent this

13  Request calls for documents protected from disclosure by the attorney-client privilege, work-

14  product doctrine, or any other applicable privilege. Shelby further objects to this Request as

15  duplicative of Request No. 12 to Zuffa. Zuffa has been actively meeting and conferring with

16  Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

17  discovery.

18         Shelby will not produce documents in response to this Request.

19  **REQUEST FOR PRODUCTION NO. 37:**

20         All Documents and Communications relating to any Agreement that UFC had with another

21  MMA Promoter, including but not limited to Agreements to license content, Agreements to buy

22  or sell athlete contracts, and Agreements to release fighters from their contracts if UFC offers the

23  fighter a contract.

24  **RESPONSE TO REQUEST NO. 37:**

25         In addition to the General Objections set forth above, Shelby objects that this Request is

26  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

27  calculated to lead to the discovery of relevant or admissible evidence, including because it asks for

28  "All Documents and Communications" relating to any agreement with another MMA Promoter,

1  regardless of the nature of the agreement, over a ten year time period, extending beyond the time

2  period relevant to this Action, and it does not limit the scope of the Request to the claims or

3  defenses at issue in this Action. Shelby further objects to this Request as duplicative of Request

4  No. 13 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same

5  Request, and thus this Request improperly seeks to bypass party discovery.

6      Shelby will not produce documents in response to this Request.

7  **REQUEST FOR PRODUCTION NO. 38:**

8      All Documents and Communications relating to the potential sale of Zuffa or any portion

9  thereof (or interest therein), including any Communications with or Documents created by Zuffa

10  or any third party, including without limitation any prospectuses, proposals, confidential

11  information memoranda, credit assessments, due diligence requests, Documents, or

12  Communications created, collected, placed in data rooms, or produced in response to due diligence

13  requests, offers, negotiations, memoranda of understanding, and all other Documents or

14  Communications relating in any way to the potential sale, acquisition, merger or transfer of Zuffa

15  or any portion thereof or interest therein.

16  **RESPONSE TO REQUEST NO. 38:**

17      In addition to the General Objections set forth above, Shelby objects to this Request as

18  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

19  calculated to lead to the discovery of relevant or admissible evidence, including because it requests

20  "All Documents and Communications" relating to any potential sale of Zuffa or any portion

21  thereof over a ten year time period, extending beyond the time period relevant to this Action, and

22  it is not limited in scope to documents relating to the claims and defenses at issue in this Action.

23  Shelby also objects to the extent this Request calls for documents protected from disclosure by the

24  attorney-client privilege, work-product doctrine, or any other applicable privilege. Shelby further

25  objects to this Request as duplicative of Request No. 14 to Zuffa. Zuffa has been actively meeting

26  and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to

27  bypass party discovery.

28      Shelby will not produce documents in response to this Request.

NON-PARTY SEAN SHELBY'S RESPONSES
AND OBJECTIONS TO PLAINTIFFS' SUBPOENA
Case No. 21-cv-01189-RFB-BNW

**REQUEST FOR PRODUCTION NO. 39:**

All Documents and Communications (exclusive of Documents and Communications produced in response to Request for Production No. 38) relating to the sale of a majority stake in Zuffa to Endeavor in 2016, including Communications with or Documents created by any third party, and including without limitation any executed Agreements, draft Agreements, memoranda of understanding, offers, prospectuses, proposals, confidential information memoranda, credit assessments, supporting schedules, all Documents and Communications relating to negotiations, due diligence requests, Documents and Communications created, collected, placed in data rooms, or produced in response to due diligence requests, all regulatory filings, registration documents, and any other Documents or Communications sent to or received by You relating to any U.S., state, or local agency, and all other Documents and Communications relating in any way to the sale of Zuffa in or around 2016.

**RESPONSE TO REQUEST NO. 39:**

In addition to the General Objections set forth above, Shelby objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it requests "All Documents and Communications" relating to the sale to Endeavor and does not limit the scope of the Request to documents relating to the claims and defenses at issue in this Action (which does not concern the sale of Zuffa or any portion thereof). Shelby also objects to the extent this Request calls for documents protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Shelby further objects to this Request as duplicative of Request No. 15 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Shelby will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 40:**

All Documents and Communications (exclusive of Documents and Communications produced in response to Request for Production No. 38) relating to the sale of any share(s) of Zuffa

1   to Endeavor in or around 2021, including any Communications with or Documents created by any

2   third party, and including without limitation any executed Agreements, draft Agreements,

3   memoranda of understanding, offers, prospectuses, proposals, confidential information

4   memoranda, credit assessments, supporting schedules, all Documents and Communications

5   relating to negotiations, due diligence requests, Documents and Communications created,

6   collected, placed in data rooms, or produced in response to due diligence requests, all regulatory

7   filings, registration documents, and any other Documents or Communications sent to or received

8   by You relating to any U.S., state, or local agency, and all other Documents and Communications

9   relating in any way to the sale of or any portion of Zuffa in or around 2021.

10  **RESPONSE TO REQUEST NO. 40:**

11      In addition to the General Objections set forth above, Shelby objects to this Request as

12  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

13  calculated to lead to the discovery of relevant or admissible evidence, including because it requests

14  "All Documents and Communications" relating to any sale to Endeavor in 2021 and does not limit

15  the scope of the Request to documents relating to the claims and defenses at issue in this Action.

16  Shelby also objects to the extent this Request calls for documents protected from disclosure by the

17  attorney-client privilege, work-product doctrine, or any other applicable privilege. Shelby further

18  objects to the extent that this Request is duplicative of Request No. 26. Shelby further objects to

19  this Request as duplicative of Request No. 16 to Zuffa. Zuffa has been actively meeting and

20  conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass

21  party discovery.

22      Shelby will not produce documents in response to this Request.

23  **REQUEST FOR PRODUCTION NO. 41:**

24      All Documents and Communications relating to the acquisition, sale, merger or transfer of

25  World Wrestling Entertainment, Inc. in 2023, including any Communications with or Documents

26  created by any third party, and including without limitation any executed Agreements, draft

27  Agreements, memoranda of understanding, offers, prospectuses, proposals, confidential

28  information memoranda, credit assessments, all Documents and Communications relating to

1  negotiations, due diligence requests, Documents and Communications created, collected, placed

2  in data rooms, or produced in response to due diligence requests, all regulatory filings, registration

3  documents, and any other Documents or Communications sent to or received by You relating to

4  any U.S., state, or local agency, and all other Documents and Communications relating in any way

5  to the acquisition and merger of World Wrestling Entertainment, Inc. in 2023.

6  **RESPONSE TO REQUEST NO. 41:**

7      In addition to the General Objections set forth above, Shelby objects to this Request as

8  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

9  calculated to lead to the discovery of relevant or admissible evidence, including because it requests

10  "All Documents and Communications" relating to an acquisition, sale, merger, or transfer of

11  World Wrestling Entertainment, Inc., in 2023, which is not challenged or at issue in this Action,

12  and therefore and does not limit the scope of the Request to documents relating to the claims and

13  defenses at issue in this Action. Shelby also objects to the extent this Request calls for documents

14  protected from disclosure by the attorney-client privilege, work-product doctrine, or any other

15  applicable privilege. Shelby further objects to this Request as duplicative of Request No. 17 to

16  Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and

17  thus this Request improperly seeks to bypass party discovery.

18      Shelby will not produce documents in response to this Request.

19  **REQUEST FOR PRODUCTION NO. 42:**

20      All Documents and Communications relating to any efforts by You or made on Your behalf

21  to raise capital, including but not limited to loans or issuance of debt or equity, and including

22  without limitation any Agreements, draft Agreements, negotiations, investor presentations,

23  prospectuses, confidential information memoranda, credit assessments, due diligence requests,

24  Documents and Communications created, collected, placed in data rooms, or produced in response

25  to due diligence requests, and all other documents and communications related in any way to

26  efforts to raise capital, regardless of whether any loan was actually obtained or any debt or equity

27  was actually issued.

28

**RESPONSE TO REQUEST NO. 42:**

In addition to the General Objections set forth above, Shelby objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it calls for "All Documents and Communications" relating to efforts to raise capital over a ten year time period, extending beyond the time period relevant to this Action, and it is not limited in scope to documents relating to the claims and defenses at issue in this Action. Shelby also objects that the phrase "efforts by You or made on Your behalf to raise capital" is vague and ambiguous. Shelby further objects to the extent this Request calls for documents protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Shelby further objects to this Request as duplicative of Request No. 18 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Shelby will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 43:**

Documents and Communications sufficient to Identify each of Your employees or agents or anyone purporting to act on Your behalf involved in approving or negotiating the terms of any Agreement, or proposed Agreement, for all or part of Zuffa to be acquired by Endeavor or by anyone else.

**RESPONSE TO REQUEST NO. 43:**

In addition to the General Objections set forth above, Shelby objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it calls for information as to each employee or agent over a ten year period, extending beyond the time period relevant to this Action, and it is not limited to information related to individuals who may have some role related to the claims or defenses in this Action. Shelby also objects that this Request's use of the phrases "anyone purporting to act on Your behalf" and "anyone else" is vague, ambiguous, overbroad, and impractical. Shelby further objects to this Request to the extent it

1  purports to require Shelby to do anything beyond conducting a reasonable search for non-

2  objectionable, non-privileged, responsive documents and data. Shelby further objects to this

3  Request as duplicative of Request No. 19 to Zuffa. Zuffa has been actively meeting and conferring

4  with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

5  discovery.

6         Shelby will not produce documents in response to this Request.

7  **REQUEST FOR PRODUCTION NO. 44:**

8         Documents and data (including structured or unstructured data) sufficient to show Your

9  financial data, including at a minimum Your costs, revenue, income, EBITDA, assets, debits,

10  borrowing costs, and profits, by month and by year, at the most granular level such documents and

11  data are maintained.

12  **RESPONSE TO REQUEST NO. 44:**

13         In addition to the General Objections set forth above, Shelby objects that this Request is

14  overbroad and unduly burdensome, not proportional to the needs of the case, and not reasonably

15  calculated to lead to the discovery of relevant or admissible evidence, including because it requests

16  financial data over a ten year time period, extending beyond the time period, geographic scope,

17  and subject matter relevant to this Action, and it is not limited in scope to documents relating to

18  the claims and defenses at issue in this Action. Shelby further objects to this Request to the extent

19  that it seeks public information—including information in Plaintiffs' control—that is readily

20  accessible by Plaintiffs and which should be collected by Plaintiffs under the reasonableness and

21  proportionality standards set forth in the Federal Rules of Civil Procedure. Shelby further objects

22  that the phrases "at the most granular level" and "unstructured data" are vague and ambiguous.

23  Shelby further objects to this Request as duplicative of Request No. 20 to Zuffa. Zuffa has been

24  actively meeting and conferring with Plaintiffs over this same Request, and thus this Request

25  improperly seeks to bypass party discovery.

26         Shelby will not produce documents in response to this Request.

27  **REQUEST FOR PRODUCTION NO. 45:**

28         All monthly and annual financial documents created or maintained by You or on Your

behalf, including without limitation all audited financial statements, balance sheets, income statements, profit and loss reports, margin analyses, equity valuations, asset appraisals, financial models, budgets (proposed or otherwise), investor presentations, margin analyses, pro formas, regulatory filings (including income tax returns), issuance of equity or debit, loans, and money owed or receivable, and any other form of financial reporting.

**RESPONSE TO REQUEST NO. 45:**

In addition to the General Objections set forth above, Shelby objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it calls for all documents over a ten year time period, extending beyond the time period, geographic scope, and subject matter relevant to this Action, and it is not limited in scope to documents relating to the claims and defenses at issue in this Action. Shelby also objects that the terms "financial models" or "similar financial Documents" are vague and ambiguous. Shelby further objects to this Request to the extent that it seeks public information—including information in Plaintiffs' control—that is readily accessible by Plaintiffs and which should be collected by Plaintiffs under the reasonableness and proportionality standards set forth in the Federal Rules of Civil Procedure. Shelby will not produce equity valuations, asset appraisals, regulatory filings, income tax returns, debt or equity issuance materials, or loans, to the extent any such materials exist, as they are irrelevant and not proportional to the claims and defenses at issue in this Action, overbroad, unduly burdensome, highly confidential, and unlikely to contain relevant information that could not be obtained in more reasonable way. Shelby further objects to this Request as duplicative of Request No. 21 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Shelby will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 46:**

For each year of the Relevant Time Period, Documents sufficient to show beneficial ownership in Zuffa, and any changes thereto. This Request includes Documents sufficient to show the percentage of any stock or other interests owned by each Person holding a beneficial ownership

1    interest and the consideration paid for such interest.

2    **RESPONSE TO REQUEST NO. 46:**

3            In addition to the General Objections set forth above, Shelby objects to this Request as

4    overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

5    calculated to lead to the discovery of relevant or admissible evidence, including because it calls

6    for documents over a ten year time period, extending beyond the time period relevant to this

7    Action, and not limited in scope to documents relating to the claims and defenses at issue in this

8    Action. Shelby also objects that the phrases "beneficial ownership," "other interests," and

9    "consideration" are vague and ambiguous. Shelby further objects to this Request as duplicative of

10   Request No. 22 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this

11   same Request, and thus this Request improperly seeks to bypass party discovery.

12           Shelby will not produce documents in response to this Request.

13   **REQUEST FOR PRODUCTION NO. 47:**

14           Documents and data sufficient to show all compensation including salary, bonuses,

15   expense reimbursements, aviation expenses, distributions, dividends, stock awards, loans

16   (including information about repayment or forgiveness), management fees, board fees, and all

17   other compensation of any kind to all senior executives, board members, directors, beneficial

18   owners, and shareholders holding more than a 5% interest in Endeavor, including the date of the

19   compensation, the dollar value, the date of vesting, accrual, or maturation of the compensation (if

20   applicable), the source of the compensation (e.g., from a debt issuance or from corporate profits),

21   the reason given (if any) for the compensation, and the relative share received by each Person

22   receiving compensation.

23   **RESPONSE TO REQUEST NO. 47:**

24           In addition to the General Objections set forth above, Shelby objects to this Request as

25   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

26   calculated to lead to the discovery of relevant or admissible evidence, including because it calls

27   for documents over a ten year time period, which extends beyond the time period relevant to this

28   Action, and because it is not limited in scope to documents that relate to the claims or defenses at

1    issue in this Action. Shelby objects that this Request's use of the phrases "all other compensation,"

2    "source of the compensation," "the reason given (if any) for the compensation," and "the relative

3    share received by each Person receiving compensation" is vague, ambiguous, overbroad, and

4    impractical. Shelby further objects that this Request seeks information not in Shelby's possession,

5    custody or control because it seeks documents and data sufficient to show "all compensation" to

6    "all senior executives, board members, directors, beneficial owners, and shareholders holding

7    more than a 5% interest in Endeavor." Shelby further objects to this Request as duplicative of

8    Request No. 23 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this

9    same Request, and thus this Request improperly seeks to bypass party discovery.

10       Shelby will not produce documents in response to this Request.

11   **REQUEST FOR PRODUCTION NO. 48:**

12       Documents and data sufficient to show any non-monetary benefits bestowed on any

13   beneficial owners of Zuffa, including without limitation: (a) travel in private jets owned, leased,

14   or paid for by You; (b) use of houses, apartments, vacation properties, or other real estate owned,

15   leased, or paid for by You; (c) use of motor vehicles owned, leased, or paid for by You; (d) tickets

16   for sporting events or other entertainment events paid for by You; and/or (e) any other item,

17   service, amenity, activity, or privilege provided to one or more of the beneficial owners at Your

18   expense.

19   **RESPONSE TO REQUEST NO. 48:**

20       In addition to the General Objections set forth above, Shelby objects to this Request as

21   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

22   calculated to lead to the discovery of relevant or admissible evidence, including because it calls

23   for documents over a ten year period, which extends beyond the time period relevant to this Action,

24   and it is not limited in scope to documents related to the claims or defenses at issue in this Action.

25   Shelby objects that the phrases "non-monetary benefits," "beneficial owners," "entertainment

26   events," and "item, service, amenity, activity, or privilege" are vague and ambiguous. Shelby

27   further objects to this Request as duplicative of Request No. 24 to Zuffa. Zuffa has been actively

28   meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly

1    seeks to bypass party discovery.

2         Shelby will not produce documents in response to this Request.

3    **REQUEST FOR PRODUCTION NO. 49:**

4         For each year of the Relevant Time Period, Documents sufficient to show Your corporate

5    structure, including the organization of each division, department, unit or subdivision, parent,

6    subsidiary, joint venture or affiliate of Your company. This request includes without limitation

7    organizational charts, investor or debtor presentations, government filings, internal

8    communications, and any Documents sufficient to show each Employee or executive with

9    managerial responsibilities relating to the UFC.

10   **RESPONSE TO REQUEST NO. 49:**

11        In addition to the General Objections set forth above, Shelby objects to this Request as

12   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

13   calculated to lead to the discovery of relevant or admissible evidence, including because it seeks

14   information into Zuffa's corporate structure at a level of detail that is not relevant to any claims or

15   defenses in this Action. Shelby also objects to this Request as unintelligible as written because it

16   calls for "Documents sufficient to show" Zuffa's "corporate structure," then lists several categories

17   of documents that are purportedly called for by the Request "without limitation." Shelby further

18   objects to this Request as duplicative of Request No. 25 to Zuffa. Zuffa has been actively meeting

19   and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to

20   bypass party discovery.

21        Shelby will not produce documents in response to this Request.

22   **REQUEST FOR PRODUCTION NO. 50:**

23        All Documents constituting, referencing, or relating to Your transactional data, at the most

24   granular level possible, for each UFC Professional MMA Event held during the Relevant Time

25   Period, sufficient to show at a minimum the following:

26        a) total gate receipts from each UFC Professional MMA Event during the Relevant Time

27   Period, broken down by event;

28        b) total attendance at each UFC Professional MMA Event during the Relevant Time Period,

1   broken down by event;

2       c) total revenues from each PPV broadcast of UFC Professional MMA Event during the

3   Relevant Time Period, broken down by event;

4       d) total revenues from non-PPV broadcast of UFC Professional MMA Event during the

5   Relevant Time Period, broken down by event and by contracted broadcaster (e.g., ESPN, Fox,

6   Spike, etc.);

7       e) total revenues from closed circuit broadcast to commercial venues such as bars,

8   restaurants, or theaters of each UFC Professional MMA Event during the Relevant Time Period,

9   broken down by event;

10      f) total revenues derived from the sale of advertising during all broadcasts of UFC

11  Professional MMA Events, whether PPV or non-PPV, during the Relevant Time Period, broken

12  down by month and year, by PPV or non-PPV, and by advertiser;

13      g) total revenues derived in any way from the Promotional and Ancillary Rights, as

14  described in Your Promotional and Ancillary Rights Agreements with MMA Fighters, relating to

15  all professional MMA Fighters who have been under contract with the UFC at any time during the

16  Relevant Time Period, broken down by month and year;

17      h) total revenues derived from Agreements with sponsors of the UFC or of the Professional

18  MMA Fighters who have been under contract with the UFC at any time during the Relevant Time

19  Period;

20      i) total revenues by event;

21      j) the gross and net price paid by customers for transactions by unit, subscription, and/or

22  ticket for a single Pay Per View, ticket to a live event, or UFC Fight Pass subscription;.

23  **RESPONSE TO REQUEST NO. 50:**

24      In addition to the General Objections set forth above, Shelby objects that this Request is

25  overbroad and unduly burdensome, not proportional to the needs of the case, and not reasonably

26  calculated to lead to the discovery of relevant or admissible evidence, including because it requests

27  documents itemizing nearly every source of Zuffa's revenue from UFC Professional MMA Events

28  by bout, event, broadcast, transaction, and/or agreement for a period of ten years, which extends

beyond the time period relevant to this Action, seeks "All Documents" even "referencing or relating" to "transactional data" at "the most granular level possible," and it is not limited in scope to documents relating to the claims and defenses at issue in this Action. Shelby further objects to this Request to the extent it purports to require Shelby to do anything beyond conducting a reasonable search for non-objectionable, non-privileged, responsive documents and data. Shelby further objects to this Request as seeking documents and information relating to fighters who would not be members of the putative class and, thus, would have no likelihood of leading to the discovery of relevant or admissible evidence. Shelby further objects to this Request as duplicative of Request No. 26 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Shelby will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 51:**

Documents and data in as granular form as the information is maintained, sufficient to show any and all compensation paid to each UFC Fighter individually for each UFC Professional MMA Bout that the UFC Fighter participated in during the Relevant Time Period, on a fighter-by-fighter basis, broken down by Professional MMA Bout (so that each UFC Fighter's compensation data is available in one Document or sequence of Documents, and it is produced with sufficient granularity so that the compensation is clearly attributed to the UFC Professional MMA Bout at which the Fighter earned it), as follows:

a) the date and location of each UFC Professional MMA Bout the UFC Fighter participated in during the Relevant Time Period, and

b) the base salary the UFC Fighter received for each UFC Professional MMA Bout he or she participated in during the Relevant Time Period;

c) all bonuses the UFC Fighter received for each UFC Professional MMA Bout he or she participated in during the Relevant Time Period (including, but not limited to

d) any and all discretionary bonuses or payments, fight of the night, performance of the night, knockout and submission of the night bonuses) bonuses), broken down by each bonus received for each Professional MMA Event;

e) all broadcast royalties the UFC Fighter received (if any) for each UFC Professional MMA Bout he or she participated in during the Relevant Time Period, broken down so that the broadcast royalties are traceable to a particular UFC Professional MMA Bout (to be clear, if the UFC Fighter received broadcast royalties from more than one UFC Professional MMA Bout, the broadcast royalties should be clearly attributed to the specific UFC Professional MMA Bout from which they were generated);

f) any other form of compensation the UFC Fighter received for each UFC Professional MMA Bout he or she participated in during the Relevant Time Period; and, Pay Per View shares the UFC Fighter received for each UFC Professional MMA Bout he or she participated in during the Relevant Time Period.

**RESPONSE TO REQUEST NO. 51:**

In addition to the General Objections set forth above, Shelby objects that this Request is overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it requests documents itemizing every payment made to every UFC Fighter by source, date, and payment type for each UFC Professional MMA Bout over a ten year period, which extends beyond the time period relevant to this Action, and it is not limited in scope to documents relating to the claims and defenses at issue in this Action. Shelby also objects to this Request as seeking documents and information relating to fighters who would not be members of the putative class and, thus, would have no likelihood of leading to the discovery of relevant or admissible evidence. Shelby further objects to this Request to the extent it purports to require Shelby to do anything beyond conducting a reasonable search for non-objectionable, non-privileged, responsive documents and data. Shelby further objects that the phrases "granular form" and "sufficient granularity" are vague and ambiguous. Shelby further objects to this Request as duplicative of Request No. 27 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Shelby will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 52:**

Profit and loss statements (including identity of participating fighters and compensation paid to each) for each UFC Professional MMA Event.

**RESPONSE TO REQUEST NO. 52:**

Request No. 52 is duplicative and redundant of Request Nos. 44 and 45, and Shelby incorporates his responses and objections to those Requests here. In addition to the General Objections set forth above, Shelby objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it requests profit and loss statements for each event over a ten year period, extending beyond the time period relevant to this Action. Shelby also objects to this Request as seeking documents and information relating to fighters who would not be members of the putative class and, thus, would have no likelihood of leading to the discovery of relevant or admissible evidence. Shelby also objects to this Request to the extent it purports to require Shelby to do anything beyond conducting a reasonable search for non-objectionable, non-privileged, responsive documents and data. Shelby further objects to this Request as duplicative of Request No. 28 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Shelby will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 53:**

Documents sufficient to show Your actual costs for presenting UFC Professional MMA Events, down to as granular a level as possible, including without limitation venue costs, promotional costs, compensation for UFC Fighters, insurance, safety, and all other costs incidental to presenting UFC Professional MMA Events.

**RESPONSE TO REQUEST NO. 53:**

Request No. 53 is duplicative and redundant of Request No. 51, and Shelby incorporates his responses and objections to that Request here. In addition to the General Objections set forth above, Shelby objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible

1 evidence, including because it calls for production of documents related to all of Zuffa's costs for

2 presenting UFC Professional MMA Events without any limitation over a ten year period,

3 extending beyond the time period relevant to this Action. Shelby also objects that the phrases

4 "actual costs," "down to as granular level as possible," and "all other costs incidental to presenting"

5 are vague and ambiguous. Shelby further objects to this Request as duplicative of Request No. 29

6 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request,

7 and thus this Request improperly seeks to bypass party discovery.

8     Shelby will not produce documents in response to this Request.

9 **REQUEST FOR PRODUCTION NO. 54:**

10     Documents sufficient to show Your actual costs for presenting UFC Professional MMA

11 Bouts, down to as granular a level as possible, including without limitation venue costs,

12 promotional costs, compensation for UFC Fighters, insurance, safety, and all other costs incidental

13 to presenting UFC Professional MMA Bouts.

14 **RESPONSE TO REQUEST NO. 54:**

15     Request No. 54 is duplicative and redundant of Request Nos. 52 and 53, and Shelby

16 incorporates his responses and objections to those Requests here. In addition to the General

17 Objections set forth above, Shelby objects to this Request as overbroad, unduly burdensome, not

18 proportional to the needs of the case, and not reasonably calculated to lead to the discovery of

19 relevant or admissible evidence, including because it calls for production of documents related to

20 all of Zuffa's costs for presenting UFC Professional MMA Bouts without any limitation over a ten

21 year period, extending beyond the time period relevant to this Action. Shelby also objects that the

22 phrases "actual costs," "down to as granular a level as possible," and "all other costs incidental to

23 presenting" are vague and ambiguous. Shelby further objects to this Request as duplicative of

24 Request No. 30 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this

25 same Request, and thus this Request improperly seeks to bypass party discovery.

26     Shelby will not produce documents in response to this Request.

27 **REQUEST FOR PRODUCTION NO. 55:**

28     Documents sufficient to show Your actual costs involved in promoting the UFC as a brand.

1   **RESPONSE TO REQUEST NO. 55:**

2          Request No. 55 is duplicative and redundant of Request Nos. 44, 45, 53, and 54, and Shelby

3   incorporates his responses and objections to those Requests here. In addition to the General

4   Objections set forth above, Shelby objects to this Request as vague, ambiguous, overbroad, unduly

5   burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the

6   discovery of relevant or admissible evidence, including because it requests documents to show

7   "actual costs" over a ten year time period, extending beyond the time period relevant to this Action,

8   and it is not limited in scope to documents relating to the claims and defenses at issue in this

9   Action. Shelby objects that the phrases "actual costs," "promoting," and "as a brand" are vague

10  and ambiguous. Shelby further objects to this Request as duplicative of Request No. 31 to Zuffa.

11  Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus

12  this Request improperly seeks to bypass party discovery.

13         Shelby will not produce documents in response to this Request.

14  **REQUEST FOR PRODUCTION NO. 56:**

15         All documents relating to materials produced by third party analysts or consultants

16  regarding Zuffa, including without limitation reports that analyze or project demand, revenues,

17  income, profits, or market share. Documents responsive to this Request include both documents

18  produced by such third party analysts or consultants (including both those retained by You and

19  those producing such materials without an Agreement with You) and any comments, edits, or

20  drafts of such materials or other documents You created and submitted to such third party analysts

21  or consultants.

22  **RESPONSE TO REQUEST NO. 56:**

23         In addition to the General Objections set forth above, Shelby objects to this Request as

24  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

25  calculated to lead to the discovery of relevant or admissible evidence, including because it calls

26  for "All documents" even "related to" materials produced by any "third party analyst or consultant

27  regarding Zuffa" without any limitation or connection to the claims or defenses at issue in this

28  litigation, and over a ten year time period, extending beyond the time period relevant to this Action.

1    Shelby also objects that the phrases "third party analysts," "demand," and "submitted to" are vague

2    and ambiguous. Shelby further objects to the extent this Request calls for documents protected

3    from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable

4    privilege. Shelby further objects to the Request to the extent that it seeks documents not within

5    Shelby's possession, custody, or control. Shelby further objects to this Request to the extent that

6    it seeks public information—including information in Plaintiffs' control—that is readily accessible

7    by Plaintiffs and which should be collected by Plaintiffs under the reasonableness and

8    proportionality standards set forth in the Federal Rules of Civil Procedure. Shelby further objects

9    to this Request as duplicative of Request No. 32 to Zuffa. Zuffa has been actively meeting and

10   conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass

11   party discovery.

12        Shelby will not produce documents in response to this Request.

13   **REQUEST FOR PRODUCTION NO. 57:**

14        All documents created by You or by third party analysts or consultants regarding

15   competition among MMA Promoters or would-be MMA Promoters for (a) the purchase of MMA

16   Fighter services and (b) promotion of Professional MMA Events generally, including without

17   limitation reports that analyze or project demand, revenues, income, profits or market share.

18   **RESPONSE TO REQUEST NO. 57:**

19        In addition to the General Objections set forth above, Shelby objects to this Request as

20   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

21   calculated to lead to the discovery of relevant or admissible evidence, including because it calls

22   for "All documents" over a ten year time period, extending beyond the time period relevant to this

23   Action. Shelby also objects that the term "third party analysts" is vague and ambiguous. Shelby

24   further objects to the extent this Request calls for documents protected from disclosure by the

25   attorney-client privilege, work-product doctrine, or any other applicable privilege. Shelby further

26   objects to the Request to the extent that it seeks documents not within Shelby's possession,

27   custody, or control. Shelby further objects to this Request to the extent that it seeks public

28   information—including information in Plaintiffs' control—that is readily accessible by Plaintiffs

1   and which should be collected by Plaintiffs under the reasonableness and proportionality standards

2   set forth in the Federal Rules of Civil Procedure. Shelby further objects to this Request as

3   duplicative of Request No. 33 to Zuffa. Zuffa has been actively meeting and conferring with

4   Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

5   discovery.

6       Shelby will not produce documents in response to this Request.

7   **REQUEST FOR PRODUCTION NO. 58:**

8       All Documents referencing or relating to comparison of compensation models or

9   Agreements between the UFC and other major professional sports, including without limitation

10  boxing, pro wrestling, football, basketball, and baseball.

11  **RESPONSE TO REQUEST NO. 58:**

12      In addition to the General Objections set forth above, Shelby objects to this Request as

13  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

14  calculated to lead to the discovery of relevant or admissible evidence, including because it calls

15  for "All documents" over a ten year time period, extending beyond the time period relevant to this

16  Action, and it is not limited in scope to documents relating to the claims and defenses at issue in

17  this Action. Shelby also objects that the phrases "comparison of compensation models" and "major

18  professional sports" are vague and ambiguous. Shelby further objects to this Request as duplicative

19  of Request No. 34 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over

20  this same Request, and thus this Request improperly seeks to bypass party discovery.

21      Shelby will not produce documents in response to this Request.

22  **REQUEST FOR PRODUCTION NO. 59:**

23      All Agreements (and any amendments thereto) entered into between You and any MMA

24  Promoter relating to the acquisition of assets, equity, or other interests of any MMA Promoter, and

25  all Documents referencing or relating to the potential or actual acquisition of assets, equity, or

26  interests of any MMA Promoter, including, but not limited to, internal strategy documents,

27  projections, cost-benefit analyses, cost estimates, and all Agreements or contracts (and any

28  amendments thereto).

**RESPONSE TO REQUEST NO. 59:**

In addition to the General Objections set forth above, Shelby objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it would require Zuffa to produce "All Agreements" over a ten year time period, extending beyond the time period relevant to this Action and relating to transactions that are not challenged or at issue in this Action. Neither the Complaint, nor this Request, identifies or alleges that Zuffa has engaged in any acquisition of assets, equity, or other interests of any MMA Promoter during the putative class period, and thus this Request is purely an impermissible fishing expedition into irrelevant materials. Shelby also objects that the term "interests" as used in this Request is vague and ambiguous. Shelby further objects to this Request as duplicative of Request No. 35 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Shelby will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 60:**

Documents sufficient to identify each Person involved in approving or negotiating the terms of any Agreements or potential Agreements for the acquisition or potential acquisition of assets, or equity, or interests of any MMA Promoter.

**RESPONSE TO REQUEST NO. 60:**

In addition to the General Objections set forth above, Shelby objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it calls for identification of "each Person" over a ten year time period, extending beyond the time period relevant to this Action and relating to transactions that are not challenged or at issue in this Action. Neither the Complaint, nor this Request, identifies or alleges that Zuffa has engaged in any acquisition of assets, equity, or other interests of any MMA Promoter during the putative class period, and thus this Request is purely an impermissible fishing expedition into irrelevant materials. Shelby also objects that the term "interests" as used in this Request is vague and

1  ambiguous. Shelby further objects to this Request as duplicative of Request No. 36 to Zuffa. Zuffa

2  has been actively meeting and conferring with Plaintiffs over this same Request, and thus this

3  Request improperly seeks to bypass party discovery.

4      Shelby will not produce documents in response to this Request.

5  **REQUEST FOR PRODUCTION NO. 61:**

6      Documents sufficient to Identify each Person or entity You consider to be, or considered

7  to have been, an actual or potential competitor of the UFC for (a) the purchase of MMA Fighter

8  services, and/or (b) the promotion of live Professional MMA Events in the United States or abroad.

9  **RESPONSE TO REQUEST NO. 61:**

10      In addition to the General Objections set forth above, Shelby objects to this Request as

11  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

12  calculated to lead to the discovery of relevant or admissible evidence, including because it calls

13  for documents over a ten year time period, extending beyond the time period relevant to this

14  Action. Shelby also objects that the phrases "consider to be," "considered to have been," "actual

15  or potential competitor," "purchase," and "promotion" as used in this Request are vague and

16  ambiguous. Shelby further objects to this Request to the extent it purports to require Shelby to do

17  anything beyond conducting a reasonable search for non-objectionable, non-privileged, responsive

18  documents and data. Shelby further objects that this Request purports to require the production of

19  materials that are not within Shelby's possession, custody, or control. Shelby further objects to this

20  Request as duplicative of Request No. 37 to Zuffa. Zuffa has been actively meeting and conferring

21  with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

22  discovery.

23      Shelby will not produce documents in response to this Request.

24  **REQUEST FOR PRODUCTION NO. 62:**

25      Documents or data sufficient to calculate the actual or potential market share held by the

26  UFC and each of the UFC's actual or potential competitors (as Identified in Request No. 61) in

27  terms of total revenue by region (US, North America, South America, Europe, Asia, and any

28  others) derived from the promotion of live Professional MMA Bouts and all other income sources,

1  including without limitation merchandising, licensing, sponsorships, advertising, video games, and

2  other income sources based on the use of Professional MMA Fighters' Identities.

3  **RESPONSE TO REQUEST NO. 62:**

4          In addition to the General Objections set forth above, Shelby objects that the Request is

5  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

6  calculated to lead to the discovery of relevant or admissible evidence, including because it calls

7  for documents regarding all income sources over a ten year time period, extending beyond the time

8  period relevant to this Action, and it is not limited in scope to the claims, defenses, or geographic

9  area at issue in this Action. Shelby also objects that this Request is vague and ambiguous because

10  it does not specify time intervals for the calculation of the "actual or potential market share," which

11  may have varied throughout the class period. Shelby further objects that the terms "actual or

12  potential market share," "actual or potential competitors," "derived from," and "based on the use

13  of Professional MMA Fighters' Identities" are vague and ambiguous. Shelby further objects to this

14  Request to the extent it purports to require Shelby to do anything beyond conducting a reasonable

15  search for non-objectionable, non-privileged, responsive documents and data. Shelby further

16  objects that this Request purports to require the production of materials that are not within Shelby's

17  possession, custody, or control. Shelby further objects to this Request as duplicative of Request

18  No. 38 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same

19  Request, and thus this Request improperly seeks to bypass party discovery.

20          Shelby will not produce documents in response to this Request.

21  **REQUEST FOR PRODUCTION NO. 63:**

22          Documents or data sufficient to Identify the actual and/or estimated share of Professional

23  MMA Fighters' services, by both dollar amount and number of fighters, for the purchase of the

24  services of Professional MMA Fighters by the UFC and each of Your actual or potential

25  competitors identified in your response to Request No. 61 by region (US, North America, South

26  America, Europe, Asia, and any others).

27  **RESPONSE TO REQUEST NO. 63:**

28          In addition to the General Objections set forth above, Shelby objects that this Request is

vague, ambiguous, and unintelligible as written. Shelby also objects to this Request to the extent it purports to require Shelby to do anything beyond conducting a reasonable search for non-objectionable, non-privileged, responsive documents and data. Shelby further objects that this Request is not proportional to the needs of the case, nor limited in scope to the claims and defenses at issue in this Action. Shelby further objects that this Request purports to require the production of materials that are not within Shelby's possession, custody, or control. Shelby further objects to this Request as duplicative of Request No. 39 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Shelby will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 64:**

All Documents and data referencing or relating to the determination of Professional MMA Fighter compensation by the UFC (identified in your response to Request No. 54, above) in the promotion of live Professional MMA Events and all other income sources, including without limitation merchandising, licensing, sponsorships, advertising, video games, and other income sources based on the use of Professional MMA Fighters' Identities.

**RESPONSE TO REQUEST NO. 64:**

In addition to the General Objections set forth above, Shelby objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it calls for "All Documents" over a ten year time period, extending beyond the time period relevant to this Action. Shelby also objects that the phrases "the determination of Professional MMA fighter compensation," "other income sources," and "based on the use of Professional MMA Fighters' Identities" as used in this Request are vague and ambiguous. Shelby further objects to this Request as seeking documents and information relating to fighters who would not be part of the putative class and, thus, would have no likelihood of leading to the discovery of relevant or admissible evidence. Shelby further objects that this Request is not limited in scope to the claims and defenses at issue in this Action, including because Plaintiffs do not allege an identity class in this Action.

Shelby further objects to this Request as duplicative of Request No. 40 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Shelby will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 65:**

All Documents and data referencing or relating to the determination of Professional MMA Fighter compensation by any of the UFC's actual and potential competitors (identified in your response to Request No. 54, above) in the promotion of live Professional MMA Events and all other income sources, including without limitation merchandising, licensing, sponsorships, advertising, video games, and other income sources based on the use of Professional MMA Fighters' Identities.

**RESPONSE TO REQUEST NO. 65:**

In addition to the General Objections set forth above, Shelby objects that this Request is vague, ambiguous, and unintelligible as written. Shelby also objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it calls for "All Documents" over a ten year time period, extending beyond the time period relevant to this Action. Shelby further objects that this Request is not limited in scope to the claims and defenses at issue in this Action, including because Plaintiffs do not allege an identity class in this Action. Shelby further objects that the phrases "the determination of Professional MMA fighter compensation," "actual and potential competitors," "other income sources," and "based on the use of Professional MMA Fighters' Identities" as used in this Request are vague and ambiguous. Shelby further objects that this request is not limited in scope to the claims and defenses at issue in this Action and it purports to require the production of materials that are not within Shelby's possession, custody, or control. Shelby further objects to this Request as duplicative of Request No. 41 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Shelby will not produce documents in response to this Request.

1  **REQUEST FOR PRODUCTION NO. 66:**

2      All Documents analyzing, discussing, or relating to the competitive strengths or

3  weaknesses of actual or potential competitors (identified in your response to Request No. 61 or

4  otherwise, above) in the promotion of live Professional MMA Events and/or in the purchase of the

5  services of Professional MMA Fighters.

6  **RESPONSE TO REQUEST NO. 66:**

7      In addition to the General Objections set forth above, Shelby objects to this Request as

8  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

9  calculated to lead to the discovery of relevant or admissible evidence, including because it calls

10  for "All Documents" over a ten year time period, extending beyond the time period relevant to this

11  Action. Shelby further objects that the phrases "competitive strengths or weaknesses" and "actual

12  or potential competitors" as used in this Request is vague and ambiguous. Shelby further objects

13  to the extent this Request calls for documents protected from disclosure by the attorney-client

14  privilege, work-product doctrine, or any other applicable privilege. Shelby further objects to this

15  Request as duplicative of Request No. 42 to Zuffa. Zuffa has been actively meeting and conferring

16  with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

17  discovery.

18      Shelby will not produce documents in response to this Request.

19  **REQUEST FOR PRODUCTION NO. 67:**

20      All Documents referencing or relating to communications and/or negotiations with any

21  sponsors or advertisers in connection with Endeavor's acquisition of Zuffa.

22  **RESPONSE TO REQUEST NO. 67:**

23      In addition to the General Objections set forth above, Shelby objects that this Request is

24  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

25  calculated to lead to the discovery of relevant or admissible evidence, including because it calls

26  for "All Documents" related to communications and/or negotiations with sponsors or advertisers

27  in connection with Endeavor's acquisition of Zuffa, which extends beyond the time period relevant

28  to this Action, and is not related to the claims and defenses at issue in this Action. Shelby further

objects to this Request as duplicative of Request No. 43 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Shelby will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 68:**

All Documents and Communications referencing or relating to any Agreements entered into by You relating to Venues for Professional MMA Events, including all Agreements, all draft Agreements, and all Documents and Communications relating to negotiation of such Agreements or draft Agreements.

**RESPONSE TO REQUEST NO. 68:**

In addition to the General Objections set forth above, Shelby objects that this Request is overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it requests "All Documents and Communications" relating to agreements entered into by Zuffa related to venues for Professional MMA Events over a ten year time period, extending beyond the time period relevant to this Action, and it is not limited in scope to documents relating to the claims and defenses at issue in this Action. Plaintiffs have neither asserted a monopolization claim in this Action, nor alleged any anticompetitive conduct in connection with Zuffa's venue agreements, if any, and thus this Request is purely an impermissible fishing expedition into irrelevant materials. Shelby further objects to this Request as duplicative of Request No. 44 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Shelby will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 69:**

All Documents and Communications relating to the drafting of and the reasoning behind the "Exclusivity Clause" in UFC Bout Agreements, which binds UFC Fighters into a restricted relationship with the UFC and prohibits them from appearing in Professional MMA Bouts televised or organized by actual or potential rival promotions unless approved by the UFC.

1  **RESPONSE TO REQUEST NO. 69:**

2      In addition to the General Objections set forth above, Shelby objects to this Request as

3  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

4  calculated to lead to the discovery of relevant or admissible evidence, including because it requests

5  "All Documents and Communications" related to the drafting of and reasoning behind the

6  "Exclusivity Clause" over a ten year time period, extending beyond the time period relevant to this

7  Action. Shelby also objects to the extent this Request calls for documents protected from disclosure

8  by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Shelby

9  further objects that the phrases "drafting of" and "reasoning behind" are vague and ambiguous.

10  Shelby disputes Plaintiffs' characterization of the relevant agreement provisions as the

11  "Exclusivity Clause," and further disputes Plaintiffs' assertion that they bind "UFC Fighters into

12  a restricted relationship with the UFC" and prohibit "them from appearing in Professional MMA

13  Bouts televised or organized by actual or potential rival promotions unless approved by the UFC."

14  Shelby refers to the text of the relevant agreements for their contents. Shelby further objects to this

15  Request as duplicative of Request No. 45 to Zuffa. Zuffa has been actively meeting and conferring

16  with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

17  discovery.

18      Shelby will not produce documents in response to this Request.

19  **REQUEST FOR PRODUCTION NO. 70:**

20      All Documents and Communications referencing or relating to the drafting of and the

21  reasoning behind the "Champion's Clause" in UFC Bout Agreements, which allows the UFC to

22  extend a UFC Fighter's contract for as long as the athlete is a "champion" in his or her weight

23  class.

24  **RESPONSE TO REQUEST NO. 70:**

25      In addition to the General Objections set forth above, Shelby objects to this Request as

26  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

27  calculated to lead to the discovery of relevant or admissible evidence, including because it requests

28  "All Documents and Communications" referencing or relating to the drafting and reasoning behind

1  the "Champion's Clause" over a ten year time period, extending beyond the time period relevant

2  to this Action. Shelby also objects to the extent this Request calls for documents protected from

3  disclosure by the attorney-client privilege, work-product doctrine, or any other applicable

4  privilege. Shelby further objects that the phrases "drafting of" and "reasoning behind" are vague

5  and ambiguous. Shelby disputes Plaintiffs' characterization of the relevant agreement provisions

6  as the "Champion's Clause," and further disputes Plaintiffs' assertion that they allow "the UFC to

7  extend a UFC Fighter's contract for as long as the athlete is a 'champion' in his or her weight

8  class." Shelby refers to the text of the relevant agreements for their contents. Shelby further objects

9  to this Request as duplicative of Request No. 46 to Zuffa. Zuffa has been actively meeting and

10  conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass

11  party discovery.

12        Shelby will not produce documents in response to this Request.

13  **REQUEST FOR PRODUCTION NO. 71:**

14        All Documents and Communications referencing or relating to the drafting of and the

15  reasoning behind the "Right to First Offer" and "Right to Match" Clauses in UFC Bout

16  Agreements, which grant the UFC the option to match the financial terms and conditions of any

17  offer made to a UFC Fighter for a Professional MMA Bout even after the Fighter's contract has

18  expired.

19  **RESPONSE TO REQUEST NO. 71:**

20        In addition to the General Objections set forth above, Shelby objects to this Request as

21  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

22  calculated to lead to the discovery of relevant or admissible evidence, including because it requests

23  "All Documents and Communications" referencing or relating to the drafting of and the reasoning

24  behind the "Right to First Offer" and "Right to Match" clauses over a ten year time period,

25  extending beyond the time period relevant to this Action. Shelby also objects to the extent this

26  Request calls for documents protected from disclosure by the attorney-client privilege, work-

27  product doctrine, or any other applicable privilege. Shelby further objects that the phrases "drafting

28  of" and "reasoning behind" are vague and ambiguous. Shelby disputes Plaintiffs' characterization

of the relevant agreement provisions as the "Right to First Offer" and "Right to Match" clauses, and further disputes Plaintiffs' assertion that they grant "the UFC the option to match the financial terms and conditions of any offer made to a UFC Fights for a Professional MMA Bout even after the Fighter's contract has expired." Shelby refers to the text of the relevant agreements for their contents. Shelby further objects to this Request as duplicative of Request No. 47 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Shelby will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 72:**

All Documents and Communications referencing or relating to the drafting of and the reasoning behind the "Ancillary Rights Clause" in the Promotional and Ancillary Rights Agreements, which grants the UFC exclusive and perpetual worldwide personality and Identity rights of the UFC Fighter.

**RESPONSE TO REQUEST NO. 72:**

In addition to the General Objections set forth above, Shelby objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it requests "All Documents and Communications" referencing or relating to the drafting of and reasoning behind the "Ancillary Rights Clause" over a ten year time period, extending beyond the time period relevant to this Action. Shelby also objects to the extent this Request calls for documents protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Shelby further objects that the phrases "drafting of" and "reasoning behind" are vague and ambiguous. Shelby further objects that this Request is not limited in scope to the claims and defenses at issue in this Action, including because Plaintiffs do not allege an identity class in this Action. Shelby disputes Plaintiffs' characterization of the relevant agreement provisions as the "Ancillary Rights Clause," and further disputes Plaintiffs' assertion that they grant "the UFC exclusive and perpetual worldwide personality and Identity rights of the UFC Fighter." Shelby refers to the text of the relevant agreements for their contents. Shelby further objects to this Request

1   as duplicative of Request No. 48 to Zuffa. Zuffa has been actively meeting and conferring with

2   Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

3   discovery.

4        Shelby will not produce documents in response to this Request.

5   **REQUEST FOR PRODUCTION NO. 73:**

6        All Documents and Communications referencing or relating to the drafting of and the

7   reasoning behind the "Promotion Clause" in the Promotional and Ancillary Rights Agreements,

8   which requires UFC Fighters to attend, cooperate, and assist in the promotion of Professional

9   MMA Bouts in which they fight and, as required by the UFC, any other Professional MMA Bouts,

10  Professional MMA Events, broadcasts, press conferences and sale of UFC Licensed Merchandise.

11  **RESPONSE TO REQUEST NO. 73:**

12       In addition to the General Objections set forth above, Shelby objects to this Request as

13  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

14  calculated to lead to the discovery of relevant or admissible evidence, including because it requests

15  "All Documents and Communications" referencing or relating to the drafting of and reasoning

16  behind the "Promotion Clause" over a ten year time period, extending beyond the time period

17  relevant to this Action. Shelby also objects to the extent this Request calls for documents protected

18  from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable

19  privilege. Shelby further objects that the phrases "drafting of," "reasoning behind," "attend,

20  cooperate, and assist in the promotion," and "broadcasts, press conferences and sale" are vague

21  and ambiguous. Shelby disputes Plaintiffs' characterization of the relevant agreement provisions

22  as the "Promotion Clause," and further disputes Plaintiffs' assertion that they require "UFC

23  Fighters to attend, cooperate, and assist in the promotion of Professional MMA Bouts in which

24  they fight and, as required by the UFC, any other Professional MMA Bouts, Professional MMA

25  Events, broadcasts, press conferences and sale of UFC Licensed Merchandise." Shelby refers to

26  the text of the relevant agreements for their contents. Shelby further objects to this Request as

27  duplicative of Request No. 49 to Zuffa. Zuffa has been actively meeting and conferring with

28  Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

1    discovery.

2          Shelby will not produce documents in response to this Request.

3    **REQUEST FOR PRODUCTION NO. 74:**

4          All Documents and Communications referencing or relating to the drafting of and the

5    reasoning behind the "Retirement Clause" which gives the UFC the power "to retain the rights to

6    a retired fighter in perpetuity.".

7    **RESPONSE TO REQUEST NO. 74:**

8          In addition to the General Objections set forth above, Shelby objects to this Request as

9    overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

10   calculated to lead to the discovery of relevant or admissible evidence, including because it requests

11   "All Documents and Communications" referencing or relating to the drafting of and reasoning

12   behind the "Retirement Clause" over a ten year time period, extending beyond the time period

13   relevant to this Action. Shelby also objects to the extent this Request calls for documents protected

14   from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable

15   privilege. Shelby further objects that the phrases "drafting of" and "reasoning behind" are vague

16   and ambiguous. Shelby disputes the Plaintiffs' characterization of the relevant agreement

17   provisions as the "Retirement Clause," and further disputes Plaintiffs' assertion that they give the

18   UFC the power "to retain the rights to a retired fighter in perpetuity." Shelby refers to the text of

19   the relevant agreements for their contents. Shelby further objects to this Request as duplicative of

20   Request No. 50 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this

21   same Request, and thus this Request improperly seeks to bypass party discovery.

22         Shelby will not produce documents in response to this Request.

23   **REQUEST FOR PRODUCTION NO. 75:**

24         All Documents and Communications referencing or relating to the drafting of and the

25   reasoning behind the tolling provisions, which extend the term of a UFC Fighter's contract during

26   periods when he or she is injured, retired, or otherwise declines to compete.

27   **RESPONSE TO REQUEST NO. 75:**

28         In addition to the General Objections set forth above, Shelby objects to this Request as

1   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

2   calculated to lead to the discovery of relevant or admissible evidence, including because it requests

3   "All Documents and Communications" referencing or relating to the drafting of and the reasoning

4   behind the tolling provisions over a ten year time period, extending beyond the time period relevant

5   to this Action. Shelby also objects to the extent this Request calls for documents protected from

6   disclosure by the attorney-client privilege, work-product doctrine, or any other applicable

7   privilege. Shelby further objects that the phrases "drafting of," "reasoning behind," "tolling

8   provisions," and "otherwise declines to compete" are vague and ambiguous. Shelby disputes the

9   Plaintiffs' characterization of the relevant agreement provisions as "tolling provisions," and further

10  disputes Plaintiffs' assertion that they extend "the term of a UFC Fighter's contract during periods

11  when he or she is injured, retired, or otherwise declines to compete." Shelby refers to the text of

12  the relevant agreements for their contents. Shelby further objects to this Request as duplicative of

13  Request No. 51 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this

14  same Request, and thus this Request improperly seeks to bypass party discovery.

15      Shelby will not produce documents in response to this Request.

16  **REQUEST FOR PRODUCTION NO. 76:**

17      All Documents and Communications referencing or relating to the drafting of and the

18  reasoning behind the "Sponsorship and Endorsement Clause," which appears to grant the UFC

19  sole discretion over all sponsorship and endorsement approvals.

20  **RESPONSE TO REQUEST NO. 76:**

21      In addition to the General Objections set forth above, Shelby objects to this Request as

22  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

23  calculated to lead to the discovery of relevant or admissible evidence, including because it requests

24  "All Documents and Communications" referencing or relating to the drafting of and the reasoning

25  behind the "Sponsorship and Endorsement Clause" over a ten year time period, extending beyond

26  the time period relevant to this Action. Shelby also objects to the extent this Request calls for

27  documents protected from disclosure by the attorney-client privilege, work-product doctrine, or

28  any other applicable privilege. Shelby further objects that the phrases "drafting of" and "reasoning

1  behind" are vague and ambiguous. Shelby further objects that this Request is not limited in scope

2  to the claims and defenses at issue in this Action, including because Plaintiffs do not allege an

3  identity class in this Action. Shelby disputes the Plaintiffs' characterization of the relevant

4  agreement provisions as the "Sponsorship and Endorsement Clause," and further disputes

5  Plaintiffs' assertion that they appear "to grant the UFC sole discretion over all sponsorship and

6  endorsement approvals." Shelby refers to the text of the relevant agreements for their contents.

7  Shelby further objects to this Request as duplicative of Request No. 52 to Zuffa. Zuffa has been

8  actively meeting and conferring with Plaintiffs over this same Request, and thus this Request

9  improperly seeks to bypass party discovery.

10       Shelby will not produce documents in response to this Request.

11  **REQUEST FOR PRODUCTION NO. 77:**

12       All Documents and Communications analyzing or quantifying the overall impact or effect

13  of the contractual clauses in Zuffa's Promotional and Ancillary Rights Agreements on (a) UFC

14  Fighters' mobility or compensation, and/or (b) the ability of Zuffa's competitors (as identified in

15  your response to Request No. 61, supra, or otherwise) to compete for Professional MMA Fighters

16  services or to promote Professional MMA Events that can successfully compete against Zuffa.

17  **RESPONSE TO REQUEST NO. 77:**

18       In addition to the General Objections, Shelby objects to this Request as overbroad, unduly

19  burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the

20  discovery of relevant or admissible evidence, including because it calls for "All Documents and

21  Communications" over a ten year time period, extending beyond the time period relevant to this

22  Action. Shelby also objects to the extent this Request calls for documents protected from disclosure

23  by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Shelby

24  further objects that the phrases "overall impact," "effect," "mobility," and "successfully" are vague

25  and ambiguous. Shelby further objects to this Request as duplicative of Request No. 53 to Zuffa.

26  Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus

27  this Request improperly seeks to bypass party discovery.

28       Shelby will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 78:**

Documents sufficient to identify each of Your Employees or agents involved in approving or negotiating the terms of each of Your Agreements with any Professional MMA Fighters.

**RESPONSE TO REQUEST NO. 78:**

In addition to the General Objections set forth above, Shelby objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it calls for documents over a ten year period, extending beyond the time period relevant to this Action, and it is not limited in scope to agreement terms related to the claims or defenses at issue in this Action, including the lack of specificity regarding the subject of any "Agreements with any Professional MMA Fighters." Shelby further objects to this Request to the extent it purports to require Shelby to do anything beyond conducting a reasonable search for non-objectionable, non-privileged, responsive documents and data. Shelby further objects to this Request as duplicative of Request No. 54 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Shelby will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 79:**

All Documents and Communications relating to any Agreements between You and any other MMA Promoter (past or present) relating to a Professional MMA Fighter's services, including all executed Agreements (and any amendments thereto), draft Agreements, and all Documents and Communications relating to the negotiation of such agreements, regardless of whether an Agreement was executed.

**RESPONSE TO REQUEST NO. 79:**

Request No. 79 is duplicative and redundant of Request Nos. 28 and 29, and Shelby incorporates his responses and objections to those Requests here. In addition to the General Objections set forth above, Shelby objects that this Request is overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because its request for "all executed Agreements (and

1   any amendments thereto)" with past or present MMA Promoters over a period of ten years extends

2   beyond the time period relevant to this Action and is not limited in scope to documents related to

3   the claims and defenses at issue in this Action. Shelby also objects to this Request as seeking

4   documents and information relating to fighters who would not be members of the putative class

5   and, thus, would have no likelihood of leading to the discovery of relevant or admissible evidence.

6   Shelby further objects to the extent this Request calls for documents protected from disclosure by

7   the attorney-client privilege, work-product doctrine, or any other applicable privilege. Shelby

8   further objects to this Request as duplicative of Request No. 55 to Zuffa. Zuffa has been actively

9   meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly

10  seeks to bypass party discovery.

11          Shelby will not produce documents in response to this Request.

12  **REQUEST FOR PRODUCTION NO. 80:**

13          Documents sufficient to identify each of Your Employees or agents involved in approving

14  or negotiating the terms of any Agreements or potential Agreements with any other MMA

15  Promoter (past or present) relating to the provision of Professional MMA Fighter services.

16  **RESPONSE TO REQUEST NO. 80:**

17          In addition to the General Objections set forth above, Shelby objects that this Request is

18  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

19  calculated to lead to the discovery of relevant or admissible evidence, including because it seeks

20  documents relating to each employee over a ten year period, extending beyond the time period

21  relevant to this Action, and is not limited to documents related to individuals who may have some

22  role in the claims or defenses in this Action. Shelby also objects that the phrase "potential

23  Agreements" is vague, ambiguous, and confusing. Shelby further objects to this Request to the

24  extent it purports to require Shelby to do anything beyond conducting a reasonable search for non-

25  objectionable, non-privileged, responsive documents and data. Shelby further objects to this

26  Request as duplicative of Request No. 56 to Zuffa. Zuffa has been actively meeting and conferring

27  with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

28  discovery.

1    Shelby will not produce documents in response to this Request.

2    **REQUEST FOR PRODUCTION NO. 81:**

3    All Documents and Communications constituting or relating to Agreements between You

4    and any broadcaster of professional MMA events (including PPV and non-PPV Professional

5    MMA Events), including without limitation all executed Agreements (and any amendments

6    thereto), draft Agreements, and all Documents and Communications relating to the negotiation of

7    such Agreements, Documents and Communications analyzing the terms of any actual or potential

8    such Agreement, regardless of whether an Agreement was executed.

9    **RESPONSE TO REQUEST NO. 81:**

10    In addition to the General Objections set forth above, Shelby objects that this Request is

11    overbroad, unduly burdensome, not proportional to the needs of the case, and seeks documents

12    that have no likelihood of leading to the discovery of relevant or admissible evidence, including

13    because it calls for "All Documents and Communications" over a ten year time period, extending

14    beyond the time period relevant to this Action. Shelby further objects that the phrases "analyzing"

15    and "potential such Agreement" are vague, ambiguous, and confusing. Shelby further objects to

16    the extent this Request calls for documents protected from disclosure by the attorney-client

17    privilege, work-product doctrine, or any other applicable privilege. Plaintiffs have neither asserted

18    a monopolization claim in this Action, nor alleged any anticompetitive conduct in connection with

19    Zuffa's broadcasting agreements, if any, and thus this Request is purely an impermissible fishing

20    expedition into irrelevant materials. Shelby further objects to this Request as duplicative of

21    Request No. 57 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this

22    same Request, and thus this Request improperly seeks to bypass party discovery.

23    Shelby will not produce documents in response to this Request.

24    **REQUEST FOR PRODUCTION NO. 82**

25    Documents sufficient to identify each of Your Employees and agents involved in approving

26    or negotiating the terms of any Agreements or potential Agreements with any broadcaster of

27    professional MMA events (including PPV).

28

**RESPONSE TO REQUEST NO. 82:**

In addition to the General Objections set forth above, Shelby objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it calls for documents related to "any Agreements" over a ten year time period, extending beyond the time period relevant to this Action, and it is not limited to documents related to individuals who may have had some role in the claims and defenses at issue in this Action. Shelby also objects to the phrase "potential Agreements" as vague, ambiguous, and confusing. Plaintiffs have neither asserted a monopolization claim in this Action, nor alleged any anticompetitive conduct in connection with Zuffa's broadcasting agreements, if any, and thus this Request is purely an impermissible fishing expedition into irrelevant materials. Shelby further objects to this Request to the extent it purports to require Shelby to do anything beyond conducting a reasonable search for non-objectionable, non-privileged, responsive documents and data. Shelby further objects to this Request as duplicative of Request No. 58 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Shelby will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 83:**

All Documents and Communications relating to Agreements between You and any sponsors of the UFC or of the Professional MMA Fighters under contract with the UFC, including without limitation all executed Agreements (and any amendments thereto), draft Agreements, and all Documents and Communications relating to the negotiation of such Agreements, regardless of whether an Agreement was executed.

**RESPONSE TO REQUEST NO. 83:**

In addition to the General Objections set forth above, Shelby objects that this Request is overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it asks for "All Documents and Communications" relating to all agreements with sponsors over a ten year

1    time period, extending beyond the time period relevant to this Action, and it is not limited in scope

2    to documents relating to the claims and defenses at issue in this Action. Shelby also objects to this

3    Request as seeking documents and information relating to fighters who would not be members of

4    the putative class and, thus, would have no likelihood of leading to the discovery of relevant or

5    admissible evidence. Shelby further objects to the extent this Request calls for documents

6    protected from disclosure by the attorney-client privilege, work-product doctrine, or any other

7    applicable privilege. Plaintiffs have neither asserted a monopolization claim in this Action, nor

8    alleged any anticompetitive conduct in connection with Zuffa's sponsorship agreements, if any,

9    and thus this Request is purely an impermissible fishing expedition into irrelevant materials.

10   Shelby further objects to this Request as duplicative of Request No. 59 to Zuffa. Zuffa has been

11   actively meeting and conferring with Plaintiffs over this same Request, and thus this Request

12   improperly seeks to bypass party discovery.

13        Shelby will not produce documents in response to this Request.

14   **REQUEST FOR PRODUCTION NO. 84:**

15        Documents sufficient to identify each of Your Employees and/or agents involved in

16   approving or negotiating the terms of any Agreements or potential Agreements with any sponsors

17   of the UFC or the Professional MMA Fighters under contract with the UFC.

18   **RESPONSE TO REQUEST NO. 84:**

19        In addition to the General Objections set forth about, Shelby objects to this Request as

20   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

21   calculated to lead to the discovery of relevant or admissible evidence, including because it requests

22   identification of all employees over a ten year time period, extending beyond the time period

23   relevant to this Action, and it is not limited in scope to documents relating to the claims and

24   defenses at issue in this Action. Plaintiffs have neither asserted a monopolization claim in this

25   Action, nor alleged any anticompetitive conduct in connection with Zuffa's sponsorship

26   agreements, if any, and thus this Request is purely an impermissible fishing expedition into

27   irrelevant materials. Shelby further objects to this Request to the extent it purports to require

28   Shelby to do anything beyond conducting a reasonable search for non-objectionable, non-

1    privileged, responsive documents and data. Shelby further objects to this Request as duplicative

2    of Request No. 60 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over

3    this same Request, and thus this Request improperly seeks to bypass party discovery.

4        Shelby will not produce documents in response to this Request.

5    **REQUEST FOR PRODUCTION NO. 85:**

6        All Documents referencing or relating to the ability of any UFC Fighter to switch to and/or

7    fight for, an actual or potential rival promotion. Responsive Documents include, but are not limited

8    to, Documents referencing or relating to the costs to UFC Fighters and/or their managers or

9    promoters associated with such a switch, any requirements or obligations imposed by a contract

10   between the UFC and UFC Fighters, and/or Documents concerning communications or

11   negotiations between the UFC and UFC Fighters with respect to a switch or potential switch from

12   the UFC to a rival MMA Promoter.

13   **RESPONSE TO REQUEST NO. 85:**

14       In addition to the General Objections set forth above, Shelby objects to this Request as

15   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

16   calculated to the discovery of relevant or admissible evidence, including because it calls for "All

17   Documents" over a ten year time period, extending beyond the time period relevant to this Action.

18   Shelby also objects that the phrase "switch to and/or fight for" as used in this Request is vague and

19   ambiguous. Shelby also objects to this Request as seeking documents and information relating to

20   fighters who would not be members of the putative class and, thus, would have no likelihood of

21   leading to the discovery of relevant or admissible evidence. Shelby further objects to this Request

22   as duplicative of Request No. 61 to Zuffa. Zuffa has been actively meeting and conferring with

23   Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

24   discovery.

25       Shelby will not produce documents in response to this Request.

26   **REQUEST FOR PRODUCTION NO. 86:**

27       All communications between you and anyone else referencing or relating to this lawsuit or

28   Le, et al. v. Zuffa, LLC, 2:21-cv-1189-RFB-BNW (D. Nev.), or any of the named plaintiffs in

1   either of those cases, exclusive of any communications protected by the Attorney/Client Privilege.

2   **RESPONSE TO REQUEST NO. 86:**

3       In addition to the General Objections set forth above, Shelby objects that this Request is

4   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

5   calculated to lead to the discovery of relevant or admissible evidence, including because it requests

6   "All Communications" and does not limit the scope of its request to communications relating to

7   any of the named plaintiffs in this Action, to the claims and defenses at issue in this Action, or to

8   the time period of the allegations in this Action. Shelby further objects that this Request is

9   unintelligible and cannot be responded to because the case citation refers to a case name that is

10  different from the case number cited. Shelby further objects to this Request as duplicative of

11  Request No. 62 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this

12  same Request, and thus this Request improperly seeks to bypass party discovery.

13      Shelby will not produce documents in response to this Request.

14  **REQUEST FOR PRODUCTION NO. 87:**

15      All Documents referencing or relating to indemnification or defense (corporate or

16  individual), judgment sharing, joint defense, liability or responsibility for judgment in this action,

17  for You and any of your officers, including by way of example not limitation, indemnity

18  Agreements, joint defense Agreements, judgment sharing Agreements, tenders of defense, denials

19  or reservations of rights.

20  **RESPONSE TO REQUEST NO. 87:**

21      In addition to the General Objections set forth above, Shelby objects to this Response as

22  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

23  calculated to lead to the discovery of relevant or admissible evidence, including because it requests

24  "All Documents" over a ten year time period, extending beyond the time period relevant to this

25  Action, and it is not limited in scope to documents relating to the claims and defenses at issue in

26  this Action. Shelby further objects because the phrases "indemnification or defense (corporate or

27  individual)" and "by way of example not limitation" are unintelligible as written. Shelby further

28  objects to this Request as duplicative of Request No. 63 to Zuffa. Zuffa has been actively meeting

1    and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to

2    bypass party discovery.

3         Shelby will not produce documents in response to this Request.

4    **REQUEST FOR PRODUCTION NO. 88:**

5         All Documents referencing or relating to any websites operated by You or on Your behalf,

6    including Documents sufficient to show who had responsibility for creating, maintaining, and

7    adding or deleting content (including any private messaging) to or from such websites.

8    **RESPONSE TO REQUEST NO. 88:**

9         In addition to the General Objections set forth above, Shelby objects that this Request is

10    overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

11    calculated to lead to the discovery of relevant or admissible evidence, including because it requests

12    "All Documents" over a ten year time period, extending beyond the time period relevant to this

13    Action, and does not limit the scope of the Request to documents relating to the claims and

14    defenses at issue in this Action. Plaintiffs' Request seeking "All Documents" referencing or

15    relating to "any website operated by You or on Your behalf" for a period of ten years would require

16    Shelby to produce a burdensome, unreasonable, and disproportionate number of documents, many

17    of which would be far outside the scope of this Action and have no likelihood of leading to the

18    discovery of relevant or admissible evidence. Shelby also objects that the phrases "maintaining"

19    and "on Your behalf" as used in this Request is vague and ambiguous. Shelby further objects to

20    this Request as duplicative of Request No. 64 to Zuffa. Zuffa has been actively meeting and

21    conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass

22    party discovery.

23         Shelby will not produce documents in response to this Request.

24    **REQUEST FOR PRODUCTION NO. 89:**

25         Documents sufficient to identify each Person responsible for any Social Media account

26    operated by or on behalf of Zuffa, including documents sufficient to show who had responsibility

27    for creating, maintaining, and adding or deleting content (including any private messaging) to or

28    from such Social Media accounts.

**RESPONSE TO REQUEST NO. 89:**

In addition to the General Objections set forth above, Shelby objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence. Shelby further objects to the phrases "on behalf of Zuffa" and "maintaining" as vague and ambiguous. Shelby further objects to this Request to the extent it purports to require Shelby to do anything beyond conducting a reasonable search for non-objectionable, non-privileged, responsive documents and data. Shelby further objects to this Request as duplicative of Request No. 65 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Shelby will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 90:**

All contracts or Agreements between the UFC and any Social Media organization.

**RESPONSE TO REQUEST NO. 90:**

In addition to the General Objections, Shelby objects that this Request is overbroad to the extent that it calls for "All contracts or Agreements" over a ten year time period, extending beyond the time period relevant to this Action, seeks documents that are not relevant to the claims or defenses at issue in this Action, and thus is not reasonably calculated to lead to the discovery of relevant or admissible evidence, and is not proportional to the needs of the case. Shelby further objects to this Request as duplicative of Request No. 66 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Shelby will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 91:**

All Documents and Communications relating to any content posted to any website or Social Media relating to UFC Professional MMA Bouts, including pre-bout promotional content and post-bout content.

**RESPONSE TO REQUEST NO. 91:**

1       In addition to the General Objections set forth above, Shelby objects that this Request is

2   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

3   calculated to lead to the discovery of relevant or admissible evidence, including because it calls

4   for "All Documents and Communications" relating to "any content posted to any website" over a

5   ten year time period, extending beyond the time period relevant to this Action, it is not limited in

6   scope to documents related to the claims and defenses at issue in this Action, and it is not limited

7   to websites controlled by Shelby or Zuffa or statements made by Zuffa employees acting in their

8   capacity as Zuffa employees. Shelby further objects to this Request to the extent that it seeks public

9   information—including information in Plaintiffs' control—that is readily accessible by Plaintiffs

10  and which should be collected by Plaintiffs under the reasonableness and proportionality standards

11  set forth in the Federal Rules of Civil Procedure. Shelby further objects to this Request as

12  duplicative of Request No. 67 to Zuffa. Zuffa has been actively meeting and conferring with

13  Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

14  discovery.

15      Shelby will not produce documents in response to this Request.

16  **REQUEST FOR PRODUCTION NO. 92**

17      All Documents, including any content posted to any website or Social Media, referencing

18  or relating to any Professional MMA Fighters under contract with the UFC.

19  **RESPONSE TO REQUEST NO. 92:**

20      In addition to the General Objections set forth above, Shelby objects that this Request, as

21  phrased, is overbroad, unduly burdensome, not proportional to the needs of the case, and not

22  reasonably calculated to lead to this discovery of relevant or admissible evidence, including

23  because it calls for "All Documents" referencing or relating to "Professional MMA Fighters under

24  contract with the UFC" over a ten year period, extending beyond the time period relevant to this

25  Action, and it is not limited in scope to documents relating to the claims and defenses at issue in

26  this Action. To the extent this Request calls for "content posted to any website or Social Media,"

27  Shelby objects that it is not limited to website or Social Media controlled by Shelby or Zuffa or

28  statements made by Zuffa employees acting in their capacity as Zuffa employees. Shelby further

objects that this Request seeks public information—including information in Plaintiffs' control—that is readily accessible by Plaintiffs and which should be collected by Plaintiffs under the reasonableness and proportionality standards set forth in the Federal Rules of Civil Procedure. Shelby further objects to this Request to the extent it purports to require Shelby to maintain information removed or deleted from website and/or Social Media prior to the filing of this lawsuit. Shelby further objects to this Request as seeking documents and information relating to fighters who would not be part of the putative class and, thus, would have no likelihood of leading to the discovery of relevant or admissible evidence. Shelby further objects to this Request as duplicative of Request No. 68 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Shelby will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 93:**

All Documents referencing or relating to Zuffa's registration with any regulatory bodies governing the MMA industry. Include all Documents referencing or relating to any suspensions of Zuffa for any reason by any government agency or any Person responsible for regulation, supervision, licensing, permitting or safety of Professional MMA Bouts and Professional MMA Fighters.

**RESPONSE TO REQUEST NO. 93:**

In addition to the General Objections set forth above, Shelby objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it seeks "All Documents" over a ten year period, which extends beyond the time period relevant to this Action, and it is not limited to documents related to the claims and defenses at issue in this Action. Shelby further objects to this Request as duplicative of Request No. 69 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Shelby will not produce documents in response to this Request.

1  **REQUEST FOR PRODUCTION NO. 94:**

2      All Documents and Communications relating to meetings or the business of Your Board

3  of Directors, including without limitation all agendas, minutes, presentations, Agreements, and

4  resolutions created by or for the Board of Directors, including all Documents and Communications

5  directed to and presented by management or outside professionals, which address capital raises,

6  business combinations, dividends and any other executive compensation matters.

7  **RESPONSE TO REQUEST NO. 94:**

8      In addition to the General Objections set forth above, Shelby objects to this Request as

9  overboard, unduly burdensome, not proportional to the needs of the case, and not reasonably

10  calculated to lead to the discovery of relevant or admissible evidence, including because it seeks

11  "All Documents and Communications" over a ten year period, extending beyond the time period

12  relevant to this Action, and it is not limited to documents related to the claims and defenses at issue

13  in this Action. Shelby also objects that the phrase "directed to and presented by management or

14  outside professionals" is vague and ambiguous. Shelby further objects to this Request as

15  duplicative of Request No. 70 to Zuffa. Zuffa has been actively meeting and conferring with

16  Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

17  discovery.

18      Shelby will not produce documents in response to this Request.

19  **REQUEST FOR PRODUCTION NO. 95:**

20      All Documents and Communications relating to any provision of Your Promotional and

21  Ancillary Rights Agreement that terminated any rights You had under the contract after a stated

22  amount of time notwithstanding any provision that could otherwise extend the term of the

23  Agreement, including all documents discussing the purpose(s) of such provisions, documents

24  discussing the reason(s) for no longer including them, and documents constituting or reflecting

25  analyses of the effects of such provision(s) on Your business.

26  **RESPONSE TO REQUEST NO. 95:**

27      In addition to the General Objections set forth above, Shelby objects that this Request, as

28  phrased, is overbroad, unduly burdensome, not proportional to the needs of the case, and not

reasonably calculated to lead to this discovery of relevant or admissible evidence, including because it calls for "All Documents and Communications" over a ten year period, extending beyond the time period relevant to this Action, and it is not limited to documents relating to the claims and defenses at issue in this Action. Shelby also objects to the extent this Request calls for documents protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Shelby further objects that the phrases "any provision," "terminated any rights You had," "under the contract," "otherwise extend the term," "effects," and "business" are vague and ambiguous. Shelby further objects to this Request as duplicative of Request No. 71 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Shelby will not produce documents in response to this Request.

1    Dated: April 2, 2025                    Respectfully Submitted,

2                                            /s/ *Christopher S. Yates*

     WILLIAM A. ISAACSON (*Pro hac vice*)    CHRISTOPHER S. YATES (*Pro hac vice*)
3    wisaacson@paulweiss.com                 chris.yates@lw.com
     KAREN L. DUNN (*Pro hac vice*)          AARON T. CHIU (*Pro hac vice*)
4    ldunn@paulweiss.com                     aaron.chiu@lw.com
     JESSICA PHILLIPS (*Pro hac vice*)       LATHAM & WATKINS LLP
5    jphillips@paulweiss.com                 505 Montgomery Street, Suite 2000
     PAUL, WEISS, RIFKIND, WHARTON &         San Francisco, CA 94111
6    GARRISON LLP                            Tel: (415) 395-8095
     2001 K Street, NW
7    Washington, DC 20006                    SEAN M. BERKOWITZ (*Pro hac vice*)
                                             sean.berkowitz@lw.com
8    BRETTE M. TANNENBAUM (*Pro hac vice*)   LATHAM & WATKINS LLP
     btannenbaum@paulweiss.com               330 North Wabash Ave, Suite 2800
9    YOTAM BARKAI (*Pro hac vice*)           Chicago, IL 60611
     ybarkai@paulweiss.com
10   PAUL, WEISS, RIFKIND, WHARTON &         LAURA WASHINGTON (*Pro hac vice*)
     GARRISON LLP                            laura.washington@lw.com
11   1285 Avenue of the Americas             LATHAM & WATKINS LLP
     New York, NY 10019                      10250 Constellation Blvd, Suite 1100
12                                           Los Angeles, CA 90067

13   DONALD J. CAMPBELL (No. 1216)
     djc@campbellandwilliams.com             DAVID L. JOHNSON (*Pro hac vice*)
     J. COLBY WILLIAMS (No. 5549)            david.johnson@lw.com
14   jcw@campbellandwilliams.com             LATHAM & WATKINS LLP
     CAMPBELL & WILLIAMS                     555 Eleventh Street NW, Suite 1000
15   700 South 7th Street                    Washington, D.C. 20004
     Las Vegas, Nevada 89101
16   Tel: (702) 382-5222

17

18   *Attorneys for Defendants Zuffa, LLC, TKO Operating Company, and Endeavor Group Holdings, Inc.*

19

20

21

22

23

24

25

26

27

28