# EXHIBIT 10

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of Nevada

| | | |
|---|---|---|
| Johnson et al | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   2:21-cv-01189-RFB-BNW |
| Zuffa, LLC dba Ultimate Fighting Championship et al | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                                    Mick Maynard

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A.

| Place: Your offices or another mutually agreeable location, including electronically. | Date and Time: 04/17/2025 5:00 pm |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      03/18/2025

                    *CLERK OF COURT*
                                                    OR
                                                    /s/ Joseph R. Saveri
    _____          _____
    *Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*      Plaintiffs
_____ , who issues or requests this subpoena, are:

Joseph R. Saveri, 601 California Street, #1505, San Francisco, CA 94108, (415) 500-6800, jsaveri@saverilawfirm.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   2:21-cv-01189-RFB-BNW

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                                    *Server's signature*

                                                 _____
                                                    *Printed name and title*

                                                 _____
                                                    *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) For Other Discovery.** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) Command to Produce Materials or Permit Inspection.**
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) Quashing or Modifying a Subpoena.**
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) Claiming Privilege or Protection.**
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**SCHEDULE A**

I.    **DEFINITIONS**

1.    The following rules of construction should apply to all discovery requests:

a)    "**All**" should be construed to include the collective as well as the singular and shall mean "each," "any," and "every."

b)    "**And**" and "**or**" should be construed so as to require the broadest possible response. If, for example, a request calls for information about "A or B" or "A and B," You should produce all information about A and all information about B, as well as all information about A and B collectively. In other words, "or" and "and" should be read as "and/or."

c)    "**Any**" shall be construed to mean "any and all."

d)    "**Including**" shall be construed to mean "without limitation." "Including" is used to emphasize certain types of documents requested and should not be construed as limiting the request in any way.

e)    "**Relating to**," "**referring to**," "**regarding**," or "**with respect to**" mean, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

f)    The use of the singular form of any word includes the plural and vice versa.

g)    Unless otherwise indicated, the use of the present tense of any verb shall be construed to include the past tense going back to the beginning of the Relevant Time Period, and the use of the past tense shall be construed to run from the beginning of the Relevant Time Period until the scheme alleged by Plaintiffs ends.

2. "**Action**" means *Kajan Johnson, et al. v. Zuffa, LLC, et al.*, No. 2:21-cv-01189 (D. Nev.).

3. "**Agreement**" means any oral or written contract, arrangement or understanding, whether formal or informal, between two or more persons, together with all modifications and amendments thereto.

4. "**Communication**" means without limitation, oral or written communications of any kind, such as electronic communications, direct communications through social media (including without limitation direct messaging, instant messaging, chatting or emailing within a social media platform), facsimiles, telephone communications, correspondence, exchange of written or recorded information, or face-to-face meetings. The phrase "communication between" is defined to include instances where one party addresses the other party but the other party does not necessarily respond. The phrase "communication" includes all attachments to e-mail messages.

5. "**Date**" means the exact day, month and year, if ascertainable, or the best available approximation, including any relationship to other known events (designate whether exact or approximate).

6. "**Defendants**" means Zuffa and Endeavor as those terms are defined herein.

7. "**Document(s)**" shall mean and include all "writings," "recordings" or "photographs" as those terms are defined in Federal Rule of Civil Procedure 34 and Rule 1001 of the Federal Rules of Evidence. Without limiting the generality of the foregoing, the term "Documents" includes both hard copy documents and electronically stored data files including but not limited to e-mail, instant messaging, social media content (including without limitation public content such as Tweets, YouTube submissions, Facebook posts, and posts to any public electronic billboard, as well as private content such as direct messaging, instant messaging, chats, and email), shared network files and databases. "Documents" also includes, without limitation and regardless of

whether stored in hard copy or electronically, any letters, correspondence, memoranda, analyses, legal pleadings, calendars, diaries, travel records, summaries, records of telephone conversations, telegrams, notes, reports, compilations, notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, audiotapes, film and sound reproductions, e-mails, internal or external web sites, audio or video discs data on magnetic or optical storage media (e.g., servers, storage area networks, interconnected remote servers (so-called "cloud computing"), hard drives, backup tapes, CDs, DVDs, Blu-ray, DVD-HD, USB/thumb/flash drives, floppy disks or any other type of portable storage device, etc.) stored as an "active" or backup file, in its native format, computer files, discs and drives, sales, advertising and promotional literature, agreements, stored recordings, minutes or other records of meetings, all written or graphic records or representations of any kind, and all mechanical or electronic data, records or representations of any kind.

8.   "**Electronically Stored Information**," abbreviated as "**ESI**" has the same meaning and scope as it has in the Federal Rules of Civil Procedure and includes, without limitation, the following:

> a)   structured and unstructured data, as those terms are defined in The Sedona Conference Glossary, available at www.thesedonaconference.org/publications;
>
> b)   activity listings of electronic mail receipts and/or transmittals;
>
> c)   output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, text messages (SMS, MMS or TMS), iMessages, Blackberry Messenger (BBM), AOL Instant Messenger™ (or similar program), social media (including without limitation X (Twitter), LinkedIn, YouTube, Facebook, Instagram,

and any other internet based messaging system) or bulletin board programs, operating

systems, source code, PRF files, PRC files, batch files, ASCII files, and all

miscellaneous media on which they reside and regardless of whether said electronic

data exists in an active file, a deleted file, or file fragment;

d) any and all items stored on computer memories, hard disks, floppy disks, CD discs,

DVD discs, flash drives, thumb drives, memory cards, magnetic tape, microfiche, off-

site interconnected servers (so-called "cloud computing"), or in any other vehicle for

digital data storage and/or transmittal, such as, but not limited to, a personal digital

assistant (*e.g.*, Blackberry, Smart Phone or similar device) and file folder tabs, and/or

containers and labels appended to, or relating to, any physical storage device

associated with each original and/or copy of all documents requested herein;

e) any and all items stored on voice-mail systems, websites, company intranet sites, chat

rooms and social networking websites (*e.g.*, Facebook, LinkedIn, X (Twitter), and

social websites listed at http://en.wikipedia.org/wiki/List of social networking

websites); and

f) any and all data, data compilations, and data analyses.

9. "**Employee**" means, without limitation, any current or former officer, director, executive,

manager, member, secretary, staff member, consultant, messenger, agent or other person who is

or was employed by a Person or entity.

10. "**Endeavor**" means Endeavor Group Holdings, Inc., and its executives, employees,

agents, owners, and all predecessors, successors, subsidiaries, departments, divisions, and/or

affiliates, including without limitation any organization or entity involved in the promotion,

regulation, or support of MMA Events in which Endeavor owns a controlling share or which

4

Endeavor manages or controls (including without limitation Endeavor Operating Company, LLC,

TKO Operating Company, LLC (f/k/a Zuffa Parent, LLC), World Wrestling Entertainment, Inc.,

TKO Group Holdings, Inc. (f/k/a New Whale Inc.), Whale Merger Sub Inc., Zuffa, LLC, and any

parent of or successor to Zuffa, LLC), together with all present and former directors, members,

officers, employees, agents, representatives or any persons acting or purporting to act on

Endeavor's behalf.

11. "**Identify**," when used in reference to an individual employee, means to produce

documents sufficient to identify: the person's full name, last known business and home address;

date of birth; social security number; title or position and period of service in each such position;

immediate supervisor in each position; business and home telephone numbers (including voice,

cellular and facsimile phone numbers) assigned to or used by such person and the period during

which such numbers were assigned to be used by that person; and business and home electronic

mail identifiers and the period during which such identifiers were assigned to and used by that

person.

12. "**Identity**" of a Professional MMA Fighter means that person's name, sobriquet, voice,

persona, signature, likeness and/or biographical information.

13. "**Meeting**" means, without limitation, any assembly, convocation, encounter, or

contemporaneous presence of two or more persons for any purpose, whether planned or

arranged, scheduled or not. Meeting attendees may be present in person or by electronic means

including, but not limited to, teleconference and videoconference.

14. "**Merchandise**" means any apparel, footwear, hats, publications, posters, photographs,

memorabilia, souvenirs, toys, collectibles, action figures, trading cards, video games, and any

and all other similar type products, including the sleeves, jackets, and packaging for such

products.

15. "**Merchandise Rights**" means the right to use, edit, disseminate, display, reproduce, print, publish and make any other uses of the name, sobriquet, voice, persona, signature, likeness and/or biographical information (collectively, "Identity") of an MMA Fighter solely in connection with the development, manufacture, distribution, marketing and sale of Licensed Merchandise.

16. "**Mixed Martial Arts**" or "**MMA**" means a competitive individual sport in which competitors use interdisciplinary forms of martial arts that include, *e.g.*, jiu-jitsu, judo, karate, boxing, kickboxing, taekwondo, and/or wrestling to their strategic and tactical advantage in a supervised match. Scoring in live Professional MMA Bouts is based on athletic commission-approved definitions and rules for striking (blows with the hand, feet, knees or elbows) and grappling (submission holds, chokeholds, throws or takedowns).

17. "**MMA Fighter**" means any Person who participates as a combatant in an MMA bout.

18. "**MMA Industry**" means the business of promoting live MMA bouts and may also include the promotion of Pay-Per-View MMA events to generate Pay-Per-View revenues and ticket sales as well as ancillary activities such as: the sale of live and taped television programming, video-on-demand, merchandise (videos, DVDs, video games, apparel, hats, sporting equipment, etc.), event and fighter sponsorships, and the collection of MMA-related copyright and trademark royalties.

19. "**MMA Promoter**" or "**MMA Promotion**" means a person or entity that arranges **Professional MMA Events**.

20. "**Pay-Per-View**" or "**PPV**" means a "**Pay-Per-View**" or "**PPV**" means a type of pay television or broadcast service by which a subscriber of an Internet or television service provider

can purchase events to view live via private telecast or Internet broadcast. The events are typically purchased live, but can also be purchased for several weeks after an event first airs. Events can be purchased using an on-screen guide, an automated telephone system, on the Internet or through a live customer service representative.

21. "**Person**" means, without limitation, any natural person, corporation, partnership, limited liability company, proprietorship, joint venture, trust, association, government entity, group or other form of legal entity.

22. "**Plaintiff(s)**" means Kajan Johnson, C.B. Dollaway and Tristen Connelly, and any named plaintiffs in any subsequently filed actions which are related to or consolidated with the Action in the court with jurisdiction over the cases.

23. "**Possession, Custody or Control**" when referring to Documents or other tangible objects means any Document or other tangible object You have access to regardless of whether You have actual possession of the document or other tangible object. This includes Documents You have the legal right to obtain or for which You have control over the person who has control of the Document, including without limitation Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or Your attorneys or their agents, employees, representatives or investigators.

24. "**Post-Bout Event**" means any interviews and press conferences that follow and relate to a Professional MMA Bout.

25. "**Pre-Bout Event**" means training, interviews, press conferences, weigh-ins and behind-the-scenes footage that precede, and relate to, a Professional MMA Bout.

26. "**Professional MMA Bout**" means a bout between two Professional MMA Fighters.

27. "**Professional MMA Event**" means one or more Professional MMA Bouts presented by

an MMA Promoter before a live audience and/or for broadcast.

28. "**Professional MMA Fighter**" means an MMA Fighter who is compensated as a combatant in an MMA bout.

29. "**Promotional Rights and Ancillary Rights Agreement**" means an Agreement between Endeavor and a UFC Fighter regarding any combination of rights to site fees, live-gate receipts, advertising fees, sponsorship fees, motion pictures, all forms of radio, all forms of television (including live or delayed, interactive, home or theater, pay, PPV, satellite, closed circuit, cable, subscription, multi-point, master antenna, or other), telephone, wireless, computer, CD-ROM, DVD, any and all Internet applications, films and tapes for exhibition in any and all media and all gauges, including but not limited to, video and audio cassettes and disks, home video and computer games, arcade video games, hand-held versions of video games, video slot machines, photographs (including raw footage, out-takes and negatives), merchandising and program rights, in connection with or based upon the UFC brand, UFC Professional MMA Bouts, UFC Professional MMA Events, UFC Pre-Bout Events, or UFC Post-Bout Events.

30. "**Relating to**," "**referring to**," "**regarding**," or "**with respect to**" mean, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

31. "**Social Media**" means any web-hosted applications that facilitate public posting of words, images or video and audio recordings, and private interactions such as private messaging or email, among users. Examples of Social Media include, without limitation, X (Twitter), Facebook, YouTube, Instagram, Pinterest, My Space, and Truth Social.

32. "**Sponsor**" means any corporate entity which pays or seeks to pay a monetary consideration to a Professional MMA Fighter or an MMA Promoter in exchange for the right to display its products, logo or other promotional materials in connection with such fighter or promoter; or the act of paying a monetary consideration to a Professional MMA Fighter or an MMA Promoter in exchange for the right to display a Person's products, logo or other promotional materials in connection with such fighter or promoter.

33. "**TKO**" means TKO Operating Company, LLC and all predecessors, successors, subsidiaries, departments, divisions, and/or affiliates, including without limitation any organization or entity which the responding Defendant manages or controls, together with all present and former directors, members, officers, employees, agents, representatives or any persons acting or purporting to act on behalf of the responding Defendant.

34. "**UFC**" means Zuffa, LLC, Ultimate Fighting Championship, TKO Operating Company, LLC, and all predecessors, successors, subsidiaries, departments, divisions, and/or affiliates, including without limitation any organization or entity which the responding Defendant manages or controls, together with all present and former directors, members, officers, employees, agents, representatives or any persons acting or purporting to act on behalf of the responding Defendant, including: Zuffa Australia, LLC; Zuffa Aviation, LLC; Zuffa Brazil, LLC; Zuffa Canada, LLC; Zuffa Expo, LLC; Zuffa Fit 360, LLC; Zuffa Fitness Elite, LLC; Zuffa Fitness, LLC; Zuffa Holding Company, LLC; Zuffa Interactive Investor, LLC; Zuffa International, LLC; Zuffa Ireland, LLC; Zuffa Landco, LLC; Zuffa Mali, LLC; Zuffa Marketing, LLC; Zuffa Mexico, LLC; Zuffa Music, LLC; Zuffa On Demand, LLC; Zuffa Pipco 1, LLC; Zuffa Records, LLC; Zuffa Taps, LLC; and Zuffa Zen, LLC, and also including all entities that UFC merged with or acquired, such as, e.g., Explosion Entertainment, LLC (d/b/a Strikeforce), World Extreme

Cagefighting, World Fighting Alliance, and Pride Fighting Championships.

35. "**UFC Fighter**" means a person who is paid by the UFC for participating in one or more Professional MMA Bouts promoted by the UFC or whose Identity was acquired for use by the UFC.

36. "**You**" or "**Your**" means Mick Maynard, any organization or entity which **You** manage, control, have an ownership interest in, or are employed by; and any employees, agents, representatives or persons acting or purporting to act on Your behalf.

37. "**Zuffa**," "**UFC**," or "**Defendant**" all mean Ultimate Fighting Championship, UFC, TKO Operating Company, LLC ("**TKO OpCo**") (f/k/a Zuffa Parent LLC), a Delaware limited liability company and the direct subsidiary of TKO Group Holdings, Inc., a Delaware corporation ("**TKO Group Holdings**"), Endeavor Group Holdings, Inc., a Delaware corporation ("**Endeavor**"), and all predecessors, successors, subsidiaries, departments, divisions, acquisitions, affiliates and any organization or entity TKO OpCo or TKO Group Holdings manages or controls, together with all present and former directors, members, officers, employees, agents, representatives or any persons acting or purporting to act on TKO OpCo's behalf including, without limitation, Ariel Emanuel, Dana White, Mark Shapiro, Patrick Whitsell, Ike Lawrence Epstein, Lorenzo Fertitta or Hunter Campbell.

## II.    <u>INSTRUCTIONS</u>

1. In producing Documents, You are requested to furnish all Documents or things in Your possession, custody or control, regardless of the physical location of the Documents, or whether such Documents or other materials are possessed directly by You or Your directors, officers, agents, employees, representatives, managing agents, affiliates, investigators, or by Your

attorneys or their agents, employees, representatives or investigators.

2.   If any Document covered by these requests is withheld by reason of a claim of attorney-client privilege, attorney work product protection, or any other privilege or protection, please furnish a log providing the following information with respect to each such withheld document: date, author, recipients, general subject matter sufficient to make a prima facie determination whether the asserted privilege has been properly invoked, and legal basis upon which the document has been withheld.

3.   In producing Documents, You are requested to produce the original of each Document requested, together with all non-identical copies and drafts of such Document. If the original of any Document cannot be located, a copy shall be produced in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

4.   If any requested Document cannot be produced in full, You are to produce it to the extent possible and indicate which Document or portion of such Document is being withheld, and the reason it is being withheld.

5.   Documents not otherwise responsive to these Requests shall be produced if such Documents mention, discuss, refer to, or explain the Documents that are called for by these Requests, or if such Documents are attached to Documents called for by these Requests and constitute routing slips, transmittal memoranda, letters, cover sheets, comments, evaluation or similar materials.

6.   All Documents shall be produced in the same order as they are kept or maintained by You. If any Documents have been removed from the files in which they were found for purposes of producing them in response to these Requests, indicate for each Document the file(s) in which the Document(s) was (or were) originally located.

7.   In responding to these Requests You are to include Documents: (a) obtained from witnesses who gave information to any governmental agency or other investigatory or regulatory body as part of any investigation of the UFC or of the MMA Industry generally; (b) that constitute, or refer or relate to, summaries of testimony or other statements given in connection with such investigations; or (c) obtained on Your behalf by counsel in preparing for testimony or interviews in connection with such investigations.

8.   If a Document once existed and has subsequently been lost, destroyed, or is otherwise missing, please provide sufficient information to identify the Document and state the details concerning its loss.

9.   With respect to any Document maintained or stored electronically, please harvest it in a manner that maintains the integrity and readability of all data, including all metadata.

10. Unless otherwise agreed, all ESI should be produced in native format via a secure file transfer protocol, or on compact disc(s), DVD disc(s) or zip drives in the original electronic file format(s) of the Documents.

11.  Please produce all Documents maintained or stored electronically in native, electronic format with all relevant metadata intact. Encrypted or password-protected documents should be produced in a form permitting them to be reviewed. You are also requested to immediately meet and confer regarding the manner in which You shall produce Documents stored electronically in order for the parties to try and reach agreement in this regard and avoid any unnecessary expense.

12. Please organize electronic Documents produced for inspection in the same manner that You store them (e.g., if maintained by a custodian, such as e-mail residing on an e-mail server, please organize documents for production by custodian; if maintained as a subfolder of "My

Documents" on a custodian's hard drive, please organize documents for production by custodian with path information preserved, etc.).

13. All ESI should be produced in accordance with the Stipulated Order Re: Discovery of Electronically Stored Information, approved by the Court on December 6, 2023, ECF No. 115.

14. Documents attached to each other should not be separated, including, but not limited to, hard-copy versions of Documents attached to hard-copy printouts of e-mails produced pursuant to these Requests.

15. At Your election, documents maintained or stored in paper, hard-copy form can be produced as searchable .PDF (i.e., portable document format files with embedded text) and in an appropriate and usable manner (e.g., by copying such data onto an external hard drive).

16. These requests require production of paper documents in the same form and same order as they are kept in the usual course of business, or organized and labeled to correspond with the requests set forth below. If You choose the former method, the documents are to be produced in the boxes, file folders, binders and other containers in which the documents are found. The titles, labels or other descriptions on the boxes, file folders, binders or other containers are to be left intact.

17. Documents stored as electronic data on magnetic, optical, or other storage media as "active" or "backup" files shall be produced in their native formats with any associated metadata.

18. To the extent responsive Documents reside on databases and other such systems and files, You are requested to produce the relevant database in useable form and/or permit access for inspection, review, and extraction of responsive information.

19. To the extent responsive Documents are in languages other than English, the parties shall meet and confer to discuss the format of production prior thereto.

20. No part of a document request shall be left unanswered merely because an objection was interposed to another part of the document request.

21. If You object to any document request or subpart thereof, the objection shall state with specificity all grounds. Any ground not stated shall be waived.

22. If You are unable to answer any document request, the reasons for Your inability to answer shall be separately stated in detail for each document request.

23. Failure to provide information in response to these document requests will be deemed a waiver of Your right to produce such evidence at trial. Plaintiffs reserve the right to move to preclude the introduction of any evidence not produced in response to these requests.

24. Category headings herein are for convenience and should not be relied upon to modify, limit, alter or otherwise influence in any way how to interpret these document requests.

## III.    RELEVANT TIME PERIOD

Unless otherwise noted herein, the relevant time period of these document requests is January 1, 2015, until the present (the "**Relevant Time Period**"). These document requests seek all responsive Documents created or generated during the Relevant Time Period, as well as responsive Documents created or generated outside the Relevant Time Period, but which contain information concerning the Relevant Time Period.

## IV.    PRODUCTION REQUESTS

### Document Request No. 1.

Documents sufficient to identify each electronic device that You used to transmit or receive Communications during the Relevant Time Period, including but not limited to cellular telephones, laptop or notebook computers, desktop computers, and portable tablets, including but not limited to Any electronic device that You purchased, that was purchased for You, or that was

issued to You by Defendants.

**<u>Document Request No. 2.</u>**

Documents sufficient to identify the telephone number and provider or carrier of each cellular telephone identified in response to Request No. 1.

**<u>Document Request No. 3.</u>**

Documents sufficient to identify when You first started using and, if applicable, when You stopped using, each mobile telephone number identified in response to Request No. 2.

**<u>Document Request No. 4.</u>**

Documents sufficient to identify each messaging account or social media account that You used during the Relevant Time Period, including but not limited to Discord, Facebook, Google Chat, iMessage, Instagram, Kik, Microsoft Teams, Signal, Skype, Slack, Snapchat, Telegram, TikTok, Truth Social, Whatsapp, WeChat, Zoom, etc.

**<u>Document Request No. 5.</u>**

Documents sufficient to identify All username(s) and social media handle(s) for each account identified in response to Request No. 4.

**<u>Document Request No. 6.</u>**

Documents sufficient to identify each email account that You used during the Relevant Time Period.

**<u>Document Request No. 7.</u>**

All Documents and Communications in Your possession relating to the changes in ownership of the MMA blog at http://www.bloodyelbow.com in or around January 2023 and in or around March 2024, including, without limitation, any materials relating to Defendants' acquisition of full or partial ownership in the blog, any efforts made by You, by Defendants, or on Defendants'

behalf to obtain full or partial ownership in the blog, any materials reflecting any consideration by Defendants of taking any action to obtain full or partial ownership in the blog, and/or any materials reflecting any effort by You, Defendants, or on Defendants' behalf to influence the prior owner's(s') decision to sell or new owner's(s') decision to buy the blog or the terms of such transaction (including any financial assistance offered or provided to any new owners).

**Document Request No. 8.**

All Documents and Communications in Your possession relating to any efforts made by Defendants or on Defendants' behalf to influence the content available on the MMA blog at http://www.bloodyelbow.com, including, without limitation, materials relating to content that was removed after the change in ownership of the blog in or around the first quarter of 2024.

**Document Request No. 9.**

All Documents and Communications relating to any request by UFC Fighters, MMA Fighters contracted with other MMA Promotions, or other MMA Promotions to match one or more UFC Fighters in one or more bouts with MMA Fighters contracted with another MMA Promotion, including, without limitation, materials reflecting Your consideration of such requests, the terms offered or otherwise considered by You for such bout(s) or events, and/or the potential benefits (or lack thereof) of promoting such bout(s) or events.

**Document Request No. 10.**

All Documents and Communications relating to Francis Ngannou leaving the UFC for the Professional Fighters League, including, without limitation, materials reflecting and/or otherwise concerning the unsuccessful negotiations between Mr. Ngannou (and/or his representatives) and the UFC to re-sign with the UFC, Documents and Communications with UFC Fighters and their representatives, agents, or managers concerning their own contract negotiations and the impact

16

of Mr. Ngannou's departure on those negotiations, internal Documents and Communications analyzing the impact of Mr. Ngannou's departure on contract negotiations with UFC Fighters (including as to both the financial and non-financial terms negotiated), and any changes You made to the contract terms You offered to UFC Fighters based in whole or in any part on the unsuccessful negotiations with Mr. Ngannou.

**Document Request No. 11.**

All Documents and Communications concerning the rankings of UFC's Fighters, including, without limitation, materials relating to any internal rankings of UFC Fighters, all criteria and bases the UFC uses to assign UFC Fighters with their ranking in such internal rankings, and the rankings the UFC has assigned to UFC Fighters over time, and any external rankings (e.g., consensus rankings, rankings by particular media outlets, etc.) that the UFC uses to make or considers in making any business decisions (e.g., matchmaking, determining UFC Fighter compensation, determining whether to contract with or extend a contract with an MMA Fighter), the formula and/or process by which such rankings are determined, the way the UFC uses or considers such external rankings, and the external rankings assigned to UFC Fighters that the UFC has used over time.

**Document Request No. 12.**

A complete set of the data the UFC maintains comprising Fighter and bout statistics, including the data previously maintained by FightMetric and the "record book" as referenced at http://statleaders.ufc.com.

**Document Request No. 13.**

All Documents and Communications relating to Your acquisition of FightMetric and its MMA statistics data, including, without limitation, materials relating to the business or strategic

purpose(s) of acquiring FightMetric and the amount paid for FightMetric.

**<u>Document Request No. 14.</u>**

All Communications (including Documents attached to such Communications) between You and the following Persons relating to their potential testimony in the Le v. Zuffa, LLC, No. 15-cv-1045 (D. Nev.) trial: (a) Ali Abdelaziz; (b) Shannon Knapp; (c) Michael Bisping; (d) Donald Cerrone; (e) Michael Chandler; (f) Chael Sonnen; (g) Miesha Tate; (h) Jason House; (i) Josh Jones; (j) Dan Lambert; (k) Jeffrey Aronson; (l) Carlos Silva; and (m) Ed Soares.

**<u>Document Request No. 15.</u>**

Documents and Communications sufficient to show the financial results of the boxing event featuring the bout between Conor McGregor and Floyd Mayweather Jr. that took place on or about August 26, 2017, including, without limitation, how much each athlete was paid, the total revenues generated by the event (and the sources of the various components of revenue), and the total expenses incurred (and a breakdown of those expenses).

**<u>Document Request No. 16.</u>**

All Documents and Communications relating to the negotiations with Conor McGregor concerning his appearance in the bout between Conor McGregor and Floyd Mayweather Jr. that ultimately took place on or about August 26, 2017, including any promotional and ancillary rights agreement signed by Mr. McGregor, any agreement with any changes to Mr. McGregor's UFC promotional and ancillary rights agreement or any determination by You to not enforce any part of the UFC promotional and ancillary rights agreement with Mr. McGregor, and/or the bases for the UFC's decision to change or otherwise not enforce any part of the UFC promotional and ancillary rights agreement with Mr. McGregor.

**Document Request No. 17.**

All Agreements between You and Mayweather Promotions, The Money Team, Showtime, and McGregor Promotions relating to the Mayweather vs. McGregor bout and/or event that took place on or about August 26, 2017, as well as any Agreements in Your possession, custody, or control among or between any or all of those entities.

**Document Request No. 18.**

All Documents and Communications relating to Leslie Smith's unionization effort, including materials relating to Project Spearhead and her allegations (and any related administrative, legal, or regulatory proceeding) that You committed unfair labor practices when she was terminated from the UFC.

**Document Request No. 19.**

All Documents and Communications relating to the effort by certain UFC Fighters and others to create the Mixed Martial Arts Athletes Association ("MMAAA"), including, without limitation, any materials reflecting MMAAA's effort to obtain an out-of-court financial settlement for any alleged legal claims, any materials relating to MMAAA's expressed goal of increasing the revenue share the UFC pays to UFC Fighters, and any discussions relating to insurance and pension packages for UFC athletes. Responsive Documents and Communications also include any materials relating to the reported meeting between Donald Cerrone and Dana White that transpired on or about December 8, 2016 concerning the MMAAA and any follow-up concerning such meeting.

**Document Request No. 20.**

All Documents and Communications relating to the UFC's business strategy for Professional MMA Events and/or Professional MMA Bouts held at UFC Apex, including Documents and

Communications discussing the reasons for creating and/or establishing the UFC Apex, how UFC determines which Professional MMA Events and/or Professional MMA Bouts will be held at the Apex, and why any Professional MMA Events and/or Professional MMA Bouts were held at the Apex.

**<u>Document Request No. 21.</u>**

All monthly and annual financial documents relating to the business operations at the UFC Apex, including without limitation all audited financial statements, balance sheets, income statements, profit and loss reports, margin analyses, equity valuations, asset appraisals, financial models, budgets (proposed or otherwise), investor presentations, margin analyses, pro formas, regulatory filings (including income tax returns), issuance of equity or debit, loans, and money owed or receivable, and any other form of financial reporting.

**<u>Document Request No. 22.</u>**

All Documents and Communications relating to any changes in the form and/or structure of revenues the UFC received for its broadcast rights, including, without limitation, Documents and Communications relating to changes in structure of PPV revenues received by the UFC and paid by ESPN following the UFC's 2019 broadcast rights deal with ESPN, including materials analyzing such changes and any corresponding changes in business practices or operations the UFC considered implementing based on such change in structure.

**<u>Document Request No. 23.</u>**

All Documents and Communications relating to Zuffa's acquisition of the UFC, including, without limitation, the Agreement(s) setting for the terms of sale, any planned business strategies supporting Zuffa's decision to purchase the UFC, and any Documents or Communications relating to Zuffa's forecasted revenues and/or other financials created by Zuffa or its agents prior

to the sale of the UFC to Zuffa. For clarity, the Relevant Time Period for this Request commences January 1, 1993 and extends through the present.

**<u>Document Request No. 24.</u>**

All Documents and Communications relating to any contention Zuffa may make in this litigation that it built or otherwise substantially contributed to the growth of the sport of MMA, including, without limitation, any Documents and Communications relating to Zuffa's efforts to secure licensing or other certification or legal standing of Professional MMA Events in any state jurisdiction, any investments Zuffa made in building the MMA Industry distinct from investments Zuffa made in building the UFC, and any materials reflecting the state of the MMA Industry and its size and growth potential prior to Zuffa's acquisition of the UFC. For clarity, the Relevant Time Period for this Request commences January 1, 1993 and extends through the present.

**<u>Document Request No. 25.</u>**

All Documents and Communications produced by You in response to discovery requests served by the plaintiffs in Le, et al. v. Zuffa, LLC, 2:21-cv-1189-RFB-BNW (D. Nev.) and/or received by you in response to discovery requests or subpoenas served by You, in Le, et al. v. Zuffa, LLC, 2:21-cv-1189-RFB-BNW (D. Nev.). The Relevant Time Period set forth above does not apply to this Request.

**<u>Document Request No. 26.</u>**

All Documents and Communications produced by You to any government or government agency in response to any investigative demand or other request from the U.S. Department of Justice, the U.S. Federal Trade Commission, any state regulatory agency, or any foreign regulatory agency related to: (a) Your policies, practices, guidelines, and training directed to compliance with U.S.

governmental regulatory agencies, or any foreign regulatory agency, including all Documents concerning the creation of such policies, and any statements signed by Your employees or agents acknowledging their receipt of or compliance with Your compliance policies; (b) the acquisition of Zuffa or any parent of or successor to Zuffa by Endeavor Group Holdings, Inc.; or (c) the merger of Zuffa or any parent of or successor to Zuffa with World Wrestling Entertainment, Inc. (a/k/a WWE) or any parent of or successor to World Wrestling Entertainment, Inc. Explicitly included within the scope of this Interrogatory is any correspondence or documents exchanged between You and the U.S. Department of Justice, including documents reflecting or constituting any Communications with former Assistant Attorney General for the Department of Justice Antitrust Division Makan Delrahim, relating to Le, et al. v. Zuffa, LLC, 2:21-cv-1189-RFB-BNW (D. Nev.).

**Document Request No. 27.**

All Documents and Communications produced by You to the U.S. government pursuant to the Hart-Scott-Rodino Antitrust Improvements Act of 1976, Pub. L. No. 94-435, and any second requests, related to the acquisition of Zuffa or any parent of or successor to Zuffa by Endeavor Group Holdings, Inc., the merger of Zuffa or any parent of or successor to Zuffa with World Wrestling Entertainment, Inc. (a/k/a WWE) or any parent of or successor to World Wrestling Entertainment, Inc., or the formation of TKO Group Holdings, Inc.

**Document Request No. 28.**

All Documents and Communications relating to any Agreements between (a) Zuffa and any Professional MMA Fighter, and (b) any other MMA Promoter and any Professional MMA Fighter, including all Agreements concerning competition in Professional MMA Bouts (and any amendments thereto), including Promotional and Ancillary Rights Agreements, Bout

Agreements, "side letter" and/or letter Agreements, Merchandise Rights Agreements, sponsorship Agreements, and all Documents and Communications relating to negotiations with any Professional MMA Fighter or any Person purporting to represent a Professional MMA Fighter, including all draft Agreements.

**Document Request No. 29.**

Each Agreement between you and a Professional MMA Fighter entered into or in effect during the Relevant Time Period.

**Document Request No. 30.**

All Documents and Communications evidencing the negotiation of any Agreement responsive to the preceding Request.

**Document Request No. 31.**

All Documents and Communications consisting of or relating to Your discussion, analysis, interpretation or characterization of any Agreement, and the negotiation thereof, responsive to Request No. 29.

**Document Request No. 32.**

All arbitration clauses or class action waivers between You and any Professional MMA Fighters, whether set forth in an Agreement or otherwise, and all Documents and Communications relating to relating to any such arbitration clause or class action waiver, including without limitation analyses, draft proposed clauses, analyses of such clauses, white papers, reports, slide presentations, or discussions regarding the reasons for, or potential benefits to Zuffa or Endeavor or anyone else of, including arbitration clauses and/or class action waivers in Your Agreements with Professional MMA Fighters.

**Document Request No. 33.**

All Documents and Communications evidencing the negotiation of any Agreement responsive to the preceding Request.

**Document Request No. 34.**

All Documents and Communications consisting of or relating to Your discussion, analysis, interpretation or characterization of any arbitration clause or class action waiver, and/or the negotiation thereof.

**Document Request No. 35.**

All Documents and Communications relating to market research about the MMA Industry, including but not limited to, analysis or research regarding relative market share of MMA Promoters, barriers to expansion for MMA Promoters, barriers to entry for would-be MMA Promoters, and growth projections for the MMA Industry and/or MMA Promoters individually or in any groupings.

**Document Request No. 36.**

All Documents and Communications relating to non-Zuffa/non-UFC MMA Promoters (considered individually or as a group), including but not limited to SWOT analyses, financial analyses, strategies, counterprogramming of other MMA Promoters' Professional MMA Events, analyses and/or commentary or assessments of their fighter rosters, and acquisition analyses and strategies.

**Document Request No. 37.**

All Documents and Communications relating to any Agreement that UFC had with another MMA Promoter, including but not limited to Agreements to license content, Agreements to buy or sell athlete contracts, and Agreements to release fighters from their contracts if UFC offers the

fighter a contract.

**Document Request No. 38.**

All Documents and Communications relating to the potential sale of Zuffa or any portion thereof (or interest therein), including any Communications with or Documents created by Zuffa or any third party, including without limitation any prospectuses, proposals, confidential information memoranda, credit assessments, due diligence requests, Documents, or Communications created, collected, placed in data rooms, or produced in response to due diligence requests, offers, negotiations, memoranda of understanding, and all other Documents or Communications relating in any way to the potential sale, acquisition, merger or transfer of Zuffa or any portion thereof or interest therein.

**Document Request No. 39.**

All Documents and Communications (exclusive of Documents and Communications produced in response to Request for Production No. 38) relating to the sale of a majority stake in Zuffa to Endeavor in 2016, including Communications with or Documents created by any third party, and including without limitation any executed Agreements, draft Agreements, memoranda of understanding, offers, prospectuses, proposals, confidential information memoranda, credit assessments, supporting schedules, all Documents and Communications relating to negotiations, due diligence requests, Documents and Communications created, collected, placed in data rooms, or produced in response to due diligence requests, all regulatory filings, registration documents, and any other Documents or Communications sent to or received by You relating to any U.S., state, or local agency, and all other Documents and Communications relating in any way to the sale of Zuffa in or around 2016.

**Document Request No. 40.**

All Documents and Communications (exclusive of Documents and Communications produced in response to Request for Production No. 38) relating to the sale of any share(s) of Zuffa to Endeavor in or around 2021, including any Communications with or Documents created by any third party, and including without limitation any executed Agreements, draft Agreements, memoranda of understanding, offers, prospectuses, proposals, confidential information memoranda, credit assessments, supporting schedules, all Documents and Communications relating to negotiations, due diligence requests, Documents and Communications created, collected, placed in data rooms, or produced in response to due diligence requests, all regulatory filings, registration documents, and any other Documents or Communications sent to or received by You relating to any U.S., state, or local agency, and all other Documents and Communications relating in any way to the sale of or any portion of Zuffa in or around 2021.

**Document Request No. 41.**

All Documents and Communications relating to the acquisition, sale, merger or transfer of World Wrestling Entertainment, Inc. in 2023, including any Communications with or Documents created by any third party, and including without limitation any executed Agreements, draft Agreements, memoranda of understanding, offers, prospectuses, proposals, confidential information memoranda, credit assessments, all Documents and Communications relating to negotiations, due diligence requests, Documents and Communications created, collected, placed in data rooms, or produced in response to due diligence requests, all regulatory filings, registration documents, and any other Documents or Communications sent to or received by You relating to any U.S., state, or local agency, and all other Documents and Communications relating in any way to the acquisition and merger of World Wrestling Entertainment, Inc. in

2023.

**Document Request No. 42.**

All Documents and Communications relating to any efforts by You or made on Your behalf to raise capital, including but not limited to loans or issuance of debt or equity, and including without limitation any Agreements, draft Agreements, negotiations, investor presentations, prospectuses, confidential information memoranda, credit assessments, due diligence requests, Documents and Communications created, collected, placed in data rooms, or produced in response to due diligence requests, and all other documents and communications related in any way to efforts to raise capital, regardless of whether any loan was actually obtained or any debt or equity was actually issued.

**Document Request No. 43.**

Documents and Communications sufficient to Identify each of Your employees or agents or anyone purporting to act on Your behalf involved in approving or negotiating the terms of any Agreement, or proposed Agreement, for all or part of Zuffa to be acquired by Endeavor or by anyone else.

**Document Request No. 44.**

Documents and data (including structured or unstructured data) sufficient to show Your financial data, including at a minimum Your costs, revenue, income, EBITDA, assets, debits, borrowing costs, and profits, by month and by year, at the most granular level such documents and data are maintained.

**Document Request No. 45.**

All monthly and annual financial documents created or maintained by You or on Your behalf, including without limitation all audited financial statements, balance sheets, income statements,

profit and loss reports, margin analyses, equity valuations, asset appraisals, financial models, budgets (proposed or otherwise), investor presentations, margin analyses, pro formas, regulatory filings (including income tax returns), issuance of equity or debit, loans, and money owed or receivable, and any other form of financial reporting.

**Document Request No. 46.**

For each year of the Relevant Time Period, Documents sufficient to show beneficial ownership in Zuffa, and any changes thereto. This Request includes Documents sufficient to show the percentage of any stock or other interests owned by each Person holding a beneficial ownership interest and the consideration paid for such interest.

**Document Request No. 47.**

Documents and data sufficient to show all compensation including salary, bonuses, expense reimbursements, aviation expenses, distributions, dividends, stock awards, loans (including information about repayment or forgiveness), management fees, board fees, and all other compensation of any kind to all senior executives, board members, directors, beneficial owners, and shareholders holding more than a 5% interest in Endeavor, including the date of the compensation, the dollar value, the date of vesting, accrual, or maturation of the compensation (if applicable), the source of the compensation (e.g., from a debt issuance or from corporate profits), the reason given (if any) for the compensation, and the relative share received by each Person receiving compensation.

**Document Request No. 48.**

Documents and data sufficient to show any non-monetary benefits bestowed on any beneficial owners of Zuffa, including without limitation: (a) travel in private jets owned, leased, or paid for by You; (b) use of houses, apartments, vacation properties, or other real estate owned, leased, or

paid for by You; (c) use of motor vehicles owned, leased, or paid for by You; (d) tickets for sporting events or other entertainment events paid for by You; and/or (e) any other item, service, amenity, activity, or privilege provided to one or more of the beneficial owners at Your expense.

**Document Request No. 49.**

For each year of the Relevant Time Period, Documents sufficient to show Your corporate structure, including the organization of each division, department, unit or subdivision, parent, subsidiary, joint venture or affiliate of Your company. This request includes without limitation organizational charts, investor or debtor presentations, government filings, internal communications, and any Documents sufficient to show each Employee or executive with managerial responsibilities relating to the UFC.

**Document Request No. 50.**

All Documents constituting, referencing, or relating to Your transactional data, at the most granular level possible, for each UFC Professional MMA Event held during the Relevant Time Period, sufficient to show at a minimum the following:

    a)  total gate receipts from each UFC Professional MMA Event during the Relevant Time Period, broken down by event;

    b)  total attendance at each UFC Professional MMA Event during the Relevant Time Period, broken down by event;

    c)  total revenues from each PPV broadcast of UFC Professional MMA Event during the Relevant Time Period, broken down by event;

    d)  total revenues from non-PPV broadcast of UFC Professional MMA Event during the Relevant Time Period, broken down by event and by contracted broadcaster (e.g., ESPN, Fox, Spike, etc.);

e)  total revenues from closed circuit broadcast to commercial venues such as bars,

restaurants, or theaters of each UFC Professional MMA Event during the Relevant

Time Period, broken down by event;

f)  total revenues derived from the sale of advertising during all broadcasts of UFC

Professional MMA Events, whether PPV or non-PPV, during the Relevant Time

Period, broken down by month and year, by PPV or non-PPV, and by advertiser;

g)  total revenues derived in any way from the Promotional and Ancillary Rights, as

described in Your Promotional and Ancillary Rights Agreements with MMA

Fighters, relating to all professional MMA Fighters who have been under contract

with the UFC at any time during the Relevant Time Period, broken down by month

and year;

h)  total revenues derived from Agreements with sponsors of the UFC or of the

Professional MMA Fighters who have been under contract with the UFC at any time

during the Relevant Time Period;

i)  total revenues by event;

j)  the gross and net price paid by customers for transactions by unit, subscription, and/or

ticket for a single Pay Per V iew, ticket to a live event, or UFC Fight Pass

subscription;

**Document Request No. 51.**

Documents and data in as granular form as the information is maintained, sufficient to show any

and all compensation paid to each UFC Fighter individually for each UFC Professional MMA

Bout that the UFC Fighter participated in during the Relevant Time Period, on a fighter-by-

fighter basis, broken down by Professional MMA Bout (so that each UFC Fighter's

compensation data is available in one Document or sequence of Documents, and it is produced with sufficient granularity so that the compensation is clearly attributed to the UFC Professional MMA Bout at which the Fighter earned it), as follows:

a) the date and location of each UFC Professional MMA Bout the UFC Fighter participated in during the Relevant Time Period, and

b) the base salary the UFC Fighter received for each UFC Professional MMA Bout he or she participated in during the Relevant Time Period;

c) all bonuses the UFC Fighter received for each UFC Professional MMA Bout he or she participated in during the Relevant Time Period (including, but not limited to

d) any and all discretionary bonuses or payments, fight of the night night, performance of the night, knockout and submission of the night bonuses) bonuses), broken down by each bonus received for each Professional MMA Event;

e) all broadcast royalties the UFC Fighter received (if any) for each UFC Professional MMA Bout he or she participated in during the Relevant Time Period, broken down so that the broadcast royalties are traceable to a particular UFC Professional MMA Bout (to be clear, if the UFC Fighter received broadcastroyalties from more than one UFC Professional MMA Bout, the broadcast royalties should be clearly attributed to the specific UFC Professional MMA Bout from which they were generated);

f) any other form of compensation the UFC Fighter received for each UFC Professional MMA Bout he or she participated in during the Relevant Time Period; and, Pay Per View shares the UFC Fighter received for each UFC Professional MMA Bout he or she participated in during the Relevant Time Period.

**Document Request No. 52.**

Profit and loss statements (including identity of participating fighters and compensation paid to each) for each UFC Professional MMA Event.

**Document Request No. 53.**

Documents sufficient to show Your actual costs for presenting UFC Professional MMA Events, down to as granular a level as possible, including without limitation venue costs, promotional costs, compensation for UFC Fighters, insurance, safety, and all other costs incidental to presenting UFC Professional MMA Events.

**Document Request No. 54.**

Documents sufficient to show Your actual costs for presenting UFC Professional MMA Bouts, down to as granular a level as possible, including without limitation venue costs, promotional costs, compensation for UFC Fighters, insurance, safety, and all other costs incidental to presenting UFC Professional MMA Bouts.

**Document Request No. 55.**

Documents sufficient to show Your actual costs involved in promoting the UFC as a brand.

**Document Request No. 56.**

All documents relating to materials produced by third party analysts or consultants regarding Zuffa, including without limitation reports that analyze or project demand, revenues, income, profits, or market share. Documents responsive to this Request include both documents produced by such third party analysts or consultants (including both those retained by You and those producing such materials without an Agreement with You) and any comments, edits, or drafts of such materials or other documents You created and submitted to such third party analysts or consultants.

**Document Request No. 57.**

All documents created by You or by third party analysts or consultants regarding competition among MMA Promoters or would-be MMA Promoters for (a) the purchase of MMA Fighter services and (b) promotion of Professional MMA Events generally, including without limitation reports that analyze or project demand, revenues, income, profits or market share.

**Document Request No. 58.**

All Documents referencing or relating to comparison of compensation models or Agreements between the UFC and other major professional sports, including without limitation boxing, pro wrestling, football, basketball, and baseball.

**Document Request No. 59.**

All Agreements (and any amendments thereto) entered into between You and any MMA Promoter relating to the acquisition of assets, equity, or other interests of any MMA Promoter, and all Documents referencing or relating to the potential or actual acquisition of assets, equity, or interests of any MMA Promoter, including, but not limited to, internal strategy documents, projections, cost-benefit analyses, cost estimates, and all Agreements or contracts (and any amendments thereto).

**Document Request No. 60.**

Documents sufficient to identify each Person involved in approving or negotiating the terms of any Agreements or potential Agreements for the acquisition or potential acquisition of assets, or equity, or interests of any MMA Promoter.

**Document Request No. 61.**

Documents sufficient to Identify each Person or entity You consider to be, or considered to have been, an actual or potential competitor of the UFC for (a) the purchase of MMA Fighter services,

and/or (b) the promotion of live Professional MMA Events in the United States or abroad.

**Document Request No. 62.**

Documents or data sufficient to calculate the actual or potential market share held by the UFC and each of the UFC's actual or potential competitors (as Identified in Request No. 61) in terms of total revenue by region (US, North America, South America, Europe, Asia, and any others) derived from the promotion of live Professional MMA Bouts and all other income sources, including without limitation merchandising, licensing, sponsorships, advertising, video games, and other income sources based on the use of Professional MMA Fighters' Identities.

**Document Request No. 63.**

Documents or data sufficient to Identify the actual and/or estimated share of Professional MMA Fighters' services, by both dollar amount and number of fighters, for the purchase of the services of Professional MMA Fighters by the UFC and each of Your actual or potential competitors identified in your response to Request No. 61 by region (US, North America, South America, Europe, Asia, and any others).

**Document Request No. 64.**

All Documents and data referencing or relating to the determination of Professional MMA Fighter compensation by the UFC (identified in your response to Request No. 54, above) in the promotion of live Professional MMA Events and all other income sources, including without limitation merchandising, licensing, sponsorships, advertising, video games, and other income sources based on the use of Professional MMA Fighters' Identities.

**Document Request No. 65.**

All Documents and data referencing or relating to the determination of Professional MMA Fighter compensation by any of the UFC's actual and potential competitors (identified in your

response to Request No. 54, above) in the promotion of live Professional MMA Events and all other income sources, including without limitation merchandising, licensing, sponsorships, advertising, video games, and other income sources based on the use of Professional MMA Fighters' Identities.

**<u>Document Request No. 66.</u>**

All Documents analyzing, discussing, or relating to the competitive strengths or weaknesses of actual or potential competitors (identified in your response to Request No. 61 or otherwise, above) in the promotion of live Professional MMA Events and/or in the purchase of the services of Professional MMA Fighters.

**<u>Document Request No. 67.</u>**

All Documents referencing or relating to communications and/or negotiations with any sponsors or advertisers in connection with Endeavor's acquisition of Zuffa.

**<u>Document Request No. 68.</u>**

All Documents and Communications referencing or relating to any Agreements entered into by You relating to Venues for Professional MMA Events, including all Agreements, all draft Agreements, and all Documents and Communications relating to negotiation of such Agreements or draft Agreements.

**<u>Document Request No. 69.</u>**

All Documents and Communications relating to the drafting of and the reasoning behind the "Exclusivity Clause" in UFC Bout Agreements, which binds UFC Fighters into a restricted relationship with the UFC and prohibits them from appearing in Professional MMA Bouts televised or organized by actual or potential rival promotions unless approved by the UFC.

**Document Request No. 70.**

All Documents and Communications referencing or relating to the drafting of and the reasoning behind the "Champion's Clause" in UFC Bout Agreements, which allows the UFC to extend a UFC Fighter's contract for as long as the athlete is a "champion" in his or her weight class.

**Document Request No. 71.**

All Documents and Communications referencing or relating to the drafting of and the reasoning behind the "Right to First Offer" and "Right to Match" Clauses in UFC Bout Agreements, which grant the UFC the option to match the financial terms and conditions of any offer made to a UFC Fighter for a Professional MMA Bout even after the Fighter's contract has expired.

**Document Request No. 72.**

All Documents and Communications referencing or relating to the drafting of and the reasoning behind the "Ancillary Rights Clause" in the Promotional and Ancillary Rights Agreements, which grants the UFC exclusive and perpetual worldwide personality and Identity rights of the UFC Fighter.

**Document Request No. 73.**

All Documents and Communications referencing or relating to the drafting of and the reasoning behind the "Promotion Clause" in the Promotional and Ancillary Rights Agreements, which requires UFC Fighters to attend, cooperate, and assist in the promotion of Professional MMA Bouts in which they fight and, as required by the UFC, any other Professional MMA Bouts, Professional MMA Events, broadcasts, press conferences and sale of UFC Licensed Merchandise.

**Document Request No. 74.**

All Documents and Communications referencing or relating to the drafting of and the reasoning

behind the "Retirement Clause" which gives the UFC the power "to retain the rights to a retired fighter in perpetuity."

**Document Request No. 75.**

All Documents and Communications referencing or relating to the drafting of and the reasoning behind the tolling provisions, which extend the term of a UFC Fighter's contract during periods when he or she is injured, retired, or otherwise declines to compete.

**Document Request No. 76.**

All Documents and Communications referencing or relating to the drafting of and the reasoning behind the "Sponsorship and Endorsement Clause," which appears to grant the UFC sole discretion over all sponsorship and endorsement approvals.

**Document Request No. 77.**

All Documents and Communications analyzing or quantifying the overall impact or effect of the contractual clauses in Zuffa's Promotional and Ancillary Rights Agreements on (a) UFC Fighters' mobility or compensation, and/or (b) the ability of Zuffa's competitors (as identified in your response to Request No. 61, supra, or otherwise) to compete for Professional MMA Fighters services or to promote Professional MMA Events that can successfully compete against Zuffa.

**Document Request No. 78.**

Documents sufficient to identify each of Your Employees or agents involved in approving or negotiating the terms of each of Your Agreements with any Professional MMA Fighters.

**Document Request No. 79.**

All Documents and Communications relating to any Agreements between You and any other MMA Promoter (past or present) relating to a Professional MMA Fighter's services, including

all executed Agreements (and any amendments thereto), draft Agreements, and all Documents and Communications relating to the negotiation of such agreements, regardless of whether an Agreement was executed.

**Document Request No. 80.**

Documents sufficient to identify each of Your Employees or agents involved in approving or negotiating the terms of any Agreements or potential Agreements with any other MMA Promoter (past or present) relating to the provision of Professional MMA Fighter services.

**Document Request No. 81.**

All Documents and Communications constituting or relating to Agreements between You and any broadcaster of professional MMA events (including PPV and non-PPV Professional MMA Events), including without limitation all executed Agreements (and any amendments thereto), draft Agreements, and all Documents and Communications relating to the negotiation of such Agreements, Documents and Communications analyzing the terms of any actual or potential such Agreement, regardless of whether an Agreement was executed.

**Document Request No. 82.**

Documents sufficient to identify each of Your Employees and agents involved in approving or negotiating the terms of any Agreements or potential Agreements with any broadcaster of professional MMA events (including PPV).

**Document Request No. 83.**

All Documents and Communications relating to Agreements between You and any sponsors of the UFC or of the Professional MMA Fighters under contract with the UFC, including without limitation all executed Agreements (and any amendments thereto), draft Agreements, and all Documents and Communications relating to the negotiation of such Agreements, regardless of

whether an Agreement was executed.

**Document Request No. 84.**

Documents sufficient to identify each of Your Employees and/or agents involved in approving or negotiating the terms of any Agreements or potential Agreements with any sponsors of the UFC or the Professional MMA Fighters under contract with the UFC.

**Document Request No. 85.**

All Documents referencing or relating to the ability of any UFC Fighter to switch to and/or fight for, an actual or potential rival promotion. Responsive Documents include, but are not limited to, Documents referencing or relating to the costs to UFC Fighters and/or their managers or promoters associated with such a switch, any requirements or obligations imposed by a contract between the UFC and UFC Fighters, and/or Documents concerning communications or negotiations between the UFC and UFC Fighters with respect to a switch or potential switch from the UFC to a rival MMA Promoter.

**Document Request No. 86.**

All communications between you and anyone else referencing or relating to this lawsuit or *Le, et al. v. Zuffa, LLC*, 2:21-cv-1189-RFB-BNW (D. Nev.), or any of the named plaintiffs in either of those cases, exclusive of any communications protected by the Attorney/Client Privilege.

**Document Request No. 87.**

All Documents referencing or relating to indemnification or defense (corporate or individual), judgment sharing, joint defense, liability or responsibility for judgment in this action, for You and any of your officers, including by way of example not limitation, indemnity Agreements, joint defense Agreements, judgment sharing Agreements, tenders of defense, denials or reservations of rights.

**Document Request No. 88.**

All Documents referencing or relating to any websites operated by You or on Your behalf, including Documents sufficient to show who had responsibility for creating, maintaining, and adding or deleting content (including any private messaging) to or from such websites.

**Document Request No. 89.**

Documents sufficient to identify each Person responsible for any Social Media account operated by or on behalf of Zuffa, including documents sufficient to show who had responsibility for creating, maintaining, and adding or deleting content (including any private messaging) to or from such Social Media accounts.

**Document Request No. 90.**

All contracts or Agreements between the UFC and any Social Media organization.

**Document Request No. 91.**

All Documents and Communications relating to any content posted to any website or Social Media relating to UFC Professional MMA Bouts, including pre-bout promotional content and post-bout content.

**Document Request No. 92.**

All Documents, including any content posted to any website or Social Media, referencing or relating to the Professional MMA Fighters under contract with the UFC.

**Document Request No. 93.**

All Documents referencing or relating to Zuffa's registration with any regulatory bodies governing the MMA industry. Include all Documents referencing or relating to any suspensions of Zuffa for any reason by any government agency or any Person responsible for regulation, supervision, licensing, permitting or safety of Professional MMA Bouts and Professional MMA

Fighters.

**<u>Document Request No. 94.</u>**

All Documents and Communications relating to meetings or the business of Your Board of Directors, including without limitation all agendas, minutes, presentations, Agreements, and resolutions created by or for the Board of Directors, including all Documents and Communications directed to and presented by management or outside professionals, which address capital raises, business combinations, dividends and any other executive compensation matters.

**<u>Document Request No. 95.</u>**

All Documents and Communications relating to any provision of Your Promotional and Ancillary Rights Agreement that terminated any rights You had under the contract after a stated amount of time notwithstanding any provision that could otherwise extend the term of the Agreement, including all documents discussing the purpose(s) of such provisions, documents discussing the reason(s) for no longer including them, and documents constituting or reflecting analyses of the effects of such provision(s) on Your business.

1   WILLIAM A. ISAACSON (*Pro hac vice*)          CHRISTOPHER S. YATES (*Pro hac vice*)
    wisaacson@paulweiss.com                       chris.yates@lw.com
2   KAREN L. DUNN (*Pro hac vice*)                AARON T. CHIU (*Pro hac vice*)
    ldunn@paulweiss.com                           aaron.chiu@lw.com
3   JESSICA PHILLIPS (*Pro hac vice*)             LATHAM & WATKINS LLP
    jphillips@paulweiss.com                       505 Montgomery Street, Suite 2000
4   PAUL, WEISS, RIFKIND, WHARTON &               San Francisco, CA 94111
    GARRISON LLP
5   2001 K Street, NW                             SEAN M. BERKOWITZ (*Pro hac vice*)
    Washington, DC 20006                          sean.berkowitz@lw.com
6                                                 LATHAM & WATKINS LLP
    DONALD J. CAMPBELL (No. 1216)                 330 North Wabash Ave, Suite 2800
7   djc@campbellandwilliams.com                   Chicago, IL 60611
    J. COLBY WILLIAMS (No. 5549)
8   jcw@campbellandwilliams.com                   LAURA WASHINGTON (*Pro hac vice*)
    CAMPBELL & WILLIAMS                           laura.washington@lw.com
9   700 South 7th Street                          LATHAM & WATKINS LLP
    Las Vegas, NV 89101                           10250 Constellation Blvd, Suite 1100
10                                                Los Angeles, CA 90067

11                                                *Attorneys for Defendants Zuffa, LLC, TKO
                                                  Operating Company, and Endeavor Group
12                                                Holdings, Inc.*

13                    **UNITED STATES DISTRICT COURT**

14                           **DISTRICT OF NEVADA**

15

16
    KAJAN JOHNSON, CLARENCE DOLLAWAY,          Case No.: 2:21-cv-01189-RFB-BNW
17  and TRISTAN CONNELLY on behalf of themselves
    and all others similarly situated,         **NON-PARTY MICK MAYNARD'S
18                                             RESPONSES AND OBJECTIONS TO
                   *Plaintiffs*,               PLAINTIFFS' SUBPOENA TO
19                                             PRODUCE DOCUMENTS,
                   v.                          INFORMATION, OR OBJECTS OR
20                                             TO PERMIT INSPECTION OF
    Zuffa LLC, TKO Operating Company, LLC f/k/a PREMISES IN A CIVIL ACTION
21  Zuffa Parent LLC (d/b/a Ultimate Fighting
    Championship and UFC) and Endeavor Group
22  Holdings, Inc,

23                 *Defendants*.

24

25

26

27

28

1    This case is a purported class action, but none of the Named Plaintiffs can represent a class

2    since the majority of fighters within the putative class signed arbitration agreements and class

3    action waivers.  *See, e.g.*, *O'Connor v. Uber Technologies, Inc.*, 904 F.3d 1087, 1094 (9th Cir.

4    2018).  Those basic facts led counsel for the Named Plaintiffs to say "the reality is the claim has

5    little value" precisely "because the UFC started implementing arbitration clauses."  *Le et al. v.*

6    *Zuffa, LLC et al.*, Case No. 2:15-cv-01045, ECF 1036 at 86:17-87:10.  Since their claim admittedly

7    has no value and cannot be pursued on a class basis, Plaintiffs have decided to try to use discovery

8    as a weapon, presumably as part of an effort to generate leverage.  This subpoena to non-party

9    Mick Maynard is part of that effort.  Plaintiffs' subpoena contains **95** requests for production (the

10   "Requests")—89 of which are identical to requests served upon defendants.  Including Mr.

11   Maynard, Plaintiffs have also propounded the same exact non-party subpoena to twenty-eight non-

12   parties and are seeking documents in response to over 2,500 requests for production.

13   Pursuant to Rules 26, 34, and 45 of the Federal Rules of Civil Procedure, non-party Mick

14   Maynard, objects to Plaintiffs' subpoena as it is neither proper, proportional to the needs of this

15   case, or appropriate given the protections afforded non-parties under Rule 45(d).  Accordingly,

16   Mr. Maynard will not produce any documents in response to these Requests unless a court orders

17   otherwise.

## GENERAL OBJECTIONS

19   1.    Maynard objects to the entirety of the 95 Requests that Plaintiffs have directed to

20   Maynard to the extent the subpoena falls outside the territorial limits of the Court's jurisdiction.

21   2.    Maynard objects to the entirety of the 95 Requests that Plaintiffs have directed to

22   non-party Maynard as contradicting Plaintiffs' representation to the Court that they would require

23   only "limited discovery" in connection with this case and would only "request some limited

24   discovery." Pls.' Statement at 5-6, Discovery Plan, ECF No. 51. There is nothing "limited" about

25   95 Requests for Production that Plaintiffs have propounded to a non-party, many of which include

26   unbounded requests for "all documents" or "all communications."

27   3.    The following general objections ("General Objections") are incorporated in

28   Maynard's Responses to each and every Request (the "Specific Objections"). The fact that

1   Maynard's Response to an individual Request specifically refers to one or more of the General

2   Objections does not mean that the other General Objections do not apply to that Request and does

3   not waive any of the other General Objections with respect to that Request. No Response to any

4   Request or any subpart of any Request is, or shall be deemed to be, a waiver of any of Maynard's

5   General Objections.

6       4.     Maynard provides these Responses based on his interpretation and understanding

7   of each Request. Maynard reserves the right to amend and/or supplement his Responses in the

8   event that Plaintiffs assert an interpretation that differs from Maynard's interpretation.

9       5.     Maynard makes these Responses based on facts reasonably known at the time of

10  answering these Requests. Maynard's investigation of the facts relating to this case is ongoing and,

11  thus, further discovery, investigation, research, and analysis may supply additional facts, which

12  may alter the contentions and disclosures herein. Maynard reserves the right to supplement or

13  amend these Responses in such an event. However, Maynard reserves the right not to supplement

14  his Responses to the extent additional or corrective information has otherwise been made known

15  during the discovery process or in writing, pursuant to Federal Rule of Civil Procedure

16  26(e)(1)(A).

17      6.     Maynard objects to the Requests on the grounds that they are premature as Plaintiffs

18  have not exhausted party discovery. The information sought can initially be addressed through

19  standard party discovery channels. Any commitment to produce any materials in response to these

20  Requests, if any, is expressly conditioned on Plaintiffs first seeking these documents from the

21  named parties through the traditional discovery channels.

22      7.     Maynard objects to the Requests, and to the instructions and definitions contained

23  therein, to the extent that they seek to impose duties or obligations beyond those imposed by the

24  Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the

25  District of Nevada, the case law interpreting each of them, or any other laws or rules applicable to

26  proceedings in this Court.

27      8.     Maynard objects to the Requests as they call for the production of documents that

28  are duplicative of documents already being sought from Zuffa, TKO, or Endeavor, and not likely

1    to lead to the production of unique materials from Maynard.

2         9.    Maynard objects to the Requests to the extent that they call for the production of

3    documents that are in whole or in part protected from disclosure by the attorney-client privilege,

4    the attorney work-product doctrine, or the joint-defense or common-interest privilege; were

5    prepared in anticipation of litigation or trial; or are subject to any other privilege, protection or

6    immunity applicable under governing law. Maynard will not produce documents protected by such

7    privileges. To the extent that any Request may be construed as calling for the production of

8    documents or responses that are subject to any such claim of privilege, Maynard hereby asserts the

9    applicable privilege, immunity, or protection. Specific Objections on the grounds of privilege are

10   provided for emphasis and clarity only, and the absence of a Specific Objection is neither intended,

11   nor should be interpreted, as evidence that Maynard does not object to a specific Request on the

12   basis of an applicable privilege, immunity, or protection. Any disclosure of any such privileged or

13   protected material in response to any Request is inadvertent and not intended to waive those

14   privileges and protections. Maynard reserves the right to demand that Plaintiffs return, destroy, or

15   sequester any privileged or protected documents produced and all copies thereof consistent with

16   Federal Rule of Civil Procedure 26(b)(5)(B).

17        10.    Maynard objects to the Requests to the extent that they seek documents not within

18   Maynard's possession, custody, or control or purport to require Maynard to create documents not

19   currently in his possession, custody, or control. Maynard further objects to the Requests to the

20   extent that they seek information that Plaintiffs equally may otherwise obtain from parties to the

21   Action, public sources or, with less burden or expense, by using other means of discovery.

22        11.    Maynard objects to the Requests to the extent that they seek responses from persons

23   or entities other than non-party Mick Maynard.

24        12.    Maynard objects to the Requests to the extent they assert, imply, suggest, or are

25   premised upon any underlying express or implied assumptions of fact or law with respect to

26   matters at issue in this Action. These Responses are not intended to be, and should not be construed

27   as, an agreement or concurrence by Maynard with Plaintiffs' characterization of any facts,

28

circumstances, and/or legal obligations. Maynard reserves the right to contest any such characterization as inaccurate.

13.     Maynard objects to the Requests as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent they purport to require production of "all" documents of a particular type under circumstances in which a subset of such documents would be sufficient to show the pertinent information or where such Request would require more than a reasonable, good-faith search of the places where responsive documents are likely to be found.

14.     Maynard objects to the Requests to the extent they seek information that is not relevant to any party's claim or defense.

15.     Maynard objects to the Requests to the extent they are not proportional to the needs of the case and to the extent they are (a) overly broad or unduly burdensome; (b) cumulative, duplicative, or repetitive; or (c) vague, ambiguous, lacking in particularity, colloquial, argumentative, capable of multiple interpretations, or unintelligible.

16.     Maynard's objections, responses, and production of documents shall not be construed as an admission of the relevancy, materiality, authenticity, or admissibility of any document, fact, issue, or piece of information. Maynard reserves the right to object to the admissibility in evidence of all or any part of the Responses herein. Nor does the fact that Maynard has responded to, or failed to object to, any Request as set forth below mean that any documents responsive to such Request in fact exist, or that Maynard acknowledges the propriety of the Request. The failure of Maynard to make a Specific Objection to any Request is not an admission that information responsive to that Request exists, nor shall Maynard's failure to object to any Request on a particular ground be construed as a waiver of his rights to object to such Request on that or any additional ground at any time. Any statement in these Responses that Maynard will produce documents in response to a specific Request does not mean that Maynard in fact has any such documents in his possession, custody, or control; that any such documents exist; or that Maynard will search all files maintained by any person. Rather, such a statement reflects the intention of Maynard, subject to these Responses, to conduct a reasonable search for readily accessible responsive information or documents from sources in which responsive documents that

1    are not otherwise protected from disclosure reasonably would be expected to be found and based

2    on parameters agreed to by the parties.

3         17.    Maynard objects to the Requests to the extent they purport to require Maynard to

4    search archived electronic data, "backup" files, or to restore any electronic matter on the ground

5    that such requirements are unduly burdensome and not proportional to the needs of the case.

6         18.    Maynard objects to the Requests to the extent they call for the disclosure of

7    Maynard's or any other person's or entity's confidential or proprietary information, trade secrets,

8    commercial information, or other competitively sensitive information. To the extent Maynard

9    provides his confidential information and/or other competitively sensitive information, Maynard

10   will do so only subject to the terms of the protective order entered by the Court in this Action, ECF

11   No. 123.

12        19.    Maynard also objects to the Requests to the extent they seek documents that contain

13   confidential or proprietary information; trade secrets; commercially sensitive information; other

14   competitively sensitive information belonging to a third party but entrusted to Maynard on

15   conditions of confidentiality and/or non-disclosure; personal information of fighters (such as

16   medical conditions) or, if applicable, Zuffa's or Maynard's employees, clients, customers, or

17   counterparties; or information that is subject to protective orders or other confidentiality

18   undertakings or is protected from disclosure by legal protections governing the privacy rights of

19   consumers and other persons. To the extent that Maynard agrees to produce any such documents,

20   such production shall be subject to and contingent upon appropriate notice to and/or consent from

21   such third parties and to the protection of the protective order entered by the Court in this Action,

22   ECF No. 123.

23        20.    Maynard objects to the Requests to the extent they seek documents and information

24   relating to fighters who would not be part of the putative class and, thus, would have no likelihood

25   of leading to the discovery of relevant or admissible evidence.

26        21.    Maynard objects to the definition of "Agreement" as overbroad, unduly

27   burdensome, and impractical to the extent it includes verbal agreements. Where called for by a

28   Request (and as agreed by Maynard), Maynard will produce documents that regard such verbal

agreements, to the extent any such documents exist. However, where a Request asks for the production of the Agreements themselves, Maynard will not be able to produce materials reflecting verbal agreements, to the extent any such verbal agreements were made.

22.     Maynard objects to the definition of "Defendants" to the extent that it purports to include anything other than the named Defendants in this Action: Zuffa, LLC, TKO Operating Company, LLC, and Endeavor Group Holdings, Inc.

23.     Maynard objects to the definition of "Electronically Stored Information" to the extent it includes electronic information or data that is not reasonably accessible, or in a form beyond that required by the Federal Rules of Civil Procedure. Maynard also objects to the Definition to the extent that "activity listings of electronic mail receipts and/or transmittals" is undefined.

24.     Maynard objects to the definitions of "Zuffa," "Defendants," "Endeavor," "TKO," and "UFC" to the extent they encompass or purport to encompass persons or entities that are not the named Defendants, and their current executives, employees, agents, owners, departments, and divisions within their control. Maynard also objects to these definitions to the extent that they purport to include the subsidiaries, predecessors, successors, or affiliates of Zuffa. Maynard further objects to these definitions as vague, ambiguous, overbroad, and unduly burdensome to the extent that they encompass or purport to encompass "any persons acting or purporting to act on behalf of the responding Defendant." Maynard further objects that this definition is overbroad to the extent that it includes all of Zuffa's former directors, members, officers, employees, agents, or representatives.

25.     Maynard objects to the definition "Identify" to the extent that it calls for identification of an individual's confidential personal information, including Social Security numbers. Maynard further objects to this definition to the extent it requires Maynard to do anything other than produce preexisting responsive documents within his possession, custody, or control created and collected in the ordinary course of business.

26.     Maynard objects to the definition of "Meeting" as overbroad and vague to the extent it includes any nonscheduled or unplanned "contemporaneous presence of two or more persons

1    for any purpose."

2        27.    Maynard objects to the definition of "Pre-Bout Event" as overbroad to the extent it

3    includes "training." Maynard will interpret "training" in the definition of "Pre-Bout Event" as

4    though it reads "media regarding training."

5        28.    Maynard objects to the definition of "Professional MMA Fighter" as vague,

6    ambiguous, and confusing in that it circuitously uses the term "Professional MMA Bout," which

7    in turn uses the term "Professional MMA Fighter" in its definition. Maynard will interpret

8    "Professional MMA Fighter" to mean a person who is paid to fight in MMA bouts.

9        29.    Maynard objects to the definition of "Zuffa" as overly broad, unduly burdensome,

10    vague, and ambiguous to the extent it purports to include or includes parties and entities outside

11    of named Defendant, Zuffa, LLC, such as predecessors, successors, affiliates, "any organization

12    or entity that it owns, manages or controls," former directors, officers, employees, employees and

13    representatives and others "purporting to act on Zuffa's behalf." Maynard also objects to the extent

14    that these definitions seek documents from predecessor companies or entities that were acquired

15    by or merged with Zuffa.

16        30.    Maynard objects to the definitions of "You" and "Your" to the extent that they

17    purport to include anything not in the possession, custody, or control of Maynard. This includes

18    anything in the possession, custody, or control of any organization or entity which Maynard

19    manages, controls, has an ownership interest in, or is employed by, as well as any employees,

20    agents, representatives, or persons acting or purporting to act on Maynard's behalf. Maynard

21    further objects to the definitions of "You" and "Your" on the ground that Plaintiffs' definition of

22    "You" and "Your" is overly broad, imposes burdens and expenses that outweigh its likely benefit,

23    is disproportionate to the needs of this case, seeks materials that are not relevant to any party's

24    claim or defense in this case, and/or calls for Maynard to provide information protected by

25    attorney-client privilege, work product doctrine, or other privileges and protections.

26        31.    To the extent Maynard possesses any non-objectionable, non-privileged documents

27    and/or data that are responsive to the Requests, Maynard will produce documents and/or data as

28    they are kept in the usual course of business, and will produce them in a reasonable format, at a

1   reasonable time, and at a reasonable location to be mutually agreed upon by the parties. Maynard

2   objects to the extent any Request calls for data to be provided in ways that are not done in the

3   normal course of business. Maynard objects to contrary instructions.

4       32.    Maynard objects to Instruction No. 1 to the extent that it requires or purports to

5   require Maynard to conduct anything beyond a reasonable search for documents within his

6   possession, custody, or control.

7       33.    Maynard objects to Instruction No. 2 as beyond the requirements of Federal Rules

8   of Civil Procedure 26 and 34. To the extent responsive documents are withheld on a basis of

9   privilege, Maynard will produce a privilege log in the form agreed upon by the parties.

10      34.    Maynard objects to Instruction No. 3 and each Request to the extent they purport

11  to require the production of original documents. Maynard will make available legible copies of

12  responsive documents, to the extent any exist, to Plaintiffs' attorneys. Maynard reserves the right

13  to make original documents available on his own premises.

14      35.    Maynard objects to Instruction No. 5 to the extent that it requires or purports to

15  require the production of Documents otherwise uncalled for by the Requests or the stipulation

16  regarding the production of electronically stored information. Maynard also objects to the

17  Instruction to the extent that it purports to impose obligations beyond those required by the Federal

18  Rules of Civil Procedure.

19      36.    Maynard objects to Instruction No. 6 to the extent that it purports to require

20  production of documents in a manner that exceeds the stipulation regarding production of

21  electronically stored information. Maynard also objects to the Instruction to the extent that it

22  purports to impose obligations beyond those required by the Federal Rules of Civil Procedure.

23      37.    Maynard objects to Instruction No. 7 to the extent that it purports to require

24  Maynard to disclose information that constitutes or reflects attorney work product or is otherwise

25  protected from disclosure under any other privilege, protection or immunity applicable under the

26  governing law.

27      38.    Maynard objects to Instruction No. 8 to the extent it purports to require Maynard to

28  do more than undertake a reasonable and diligent search for responsive documents. Maynard

1  further objects to this Instruction to the extent that it purports to require Maynard to maintain

2  information about documents that may no longer exist and to the extent that it purports to impose

3  obligations beyond those required by the Federal Rules of Civil Procedure or Local Rules for the

4  United States District Court for the District of Nevada, case law interpreting each of them, or any

5  other laws or rules applicable to proceedings in this Court.

6       39.   Maynard objects to Instruction No. 9 to the extent that the Instruction purports to

7  require preservation of "all" data and metadata as overbroad and burdensome. Maynard also

8  objects to the Instruction to the extent that it purports to impose obligations beyond those required

9  by the Federal Rules of Civil Procedure.

10      40.   Maynard objects to Instruction Nos. 10 through 17 to the extent that they purport

11  to require production of documents in a manner that exceeds the stipulation regarding production

12  of electronically stored information. Maynard also objects to Instruction Nos. 10 through 17 to the

13  extent that they purport to impose obligations beyond those required by the Federal Rules of Civil

14  Procedure.

15      41.   Maynard objects to Instruction No. 18 to the extent that it purports to impose

16  obligations beyond those required by the Federal Rules of Civil Procedure. For any information

17  stored in a database, Maynard will meet and confer with Plaintiffs regarding the information

18  available and produce data in a useable format, to the extent any such data exists and is responsive

19  to the Requests.

20      42.   Maynard objects to Instruction Nos. 20, 22, and 23 to the extent they impose or

21  purport to impose duties or obligations beyond those imposed by the Federal Rules of Civil

22  Procedure, the Local Rules for the United States District Court for the District of Nevada, the case

23  law interpreting each of them, or any other laws or rules applicable to proceedings in this Court.

24      43.   Maynard objects that the Relevant Time Period beginning on January 1, 2015, is

25  overbroad because it stretches well beyond the period which is the basis of this Action. Maynard

26  also objects to the definition of "Relevant Time Period" because "ends when the alleged illegal

27  activity ceases" is vague, ambiguous, and impractical. There has never been any illegal activity by

28  Zuffa.

44. These General Objections are incorporated into each one of the following Responses and shall be deemed continuing as to each response. These General Objections are not waived, or in any way limited, by the following Responses.

**SPECIFIC OBJECTIONS**

**REQUEST FOR PRODUCTION NO. 1:**

Documents sufficient to identify each electronic device that You used to transmit or receive Communications during the Relevant Time Period, including but not limited to cellular telephones, laptop or notebook computers, desktop computers, and portable tablets, including but not limited to Any electronic device that You purchased, that was purchased for You, or that was issued to You by Defendants.

**RESPONSE TO REQUEST NO. 1:**

In addition to the General Objections set forth above, Maynard objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses, including because it calls for "each" and "Any electronic device" used by a non-party over a ten year time period, extending beyond the time period relevant to this Action. Maynard further objects to this Request as impermissibly propounding an interrogatory on a non-party by means of a request for production of documents. Maynard further objects to this Request as improperly bypassing party discovery. Plaintiffs and Zuffa have been actively meeting and conferring over party discovery, and this Request seeks to circumvent that process.

Maynard will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 2:**

Documents sufficient to identify the telephone number and provider or carrier of each cellular telephone identified in response to Request No. 1.

**RESPONSE TO REQUEST NO. 2:**

In addition to the General Objections set forth above, Maynard objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses, including because it calls for "each cellular

1  telephone" used by a non-party over a ten year time period, extending beyond the time period

2  relevant to this Action. Maynard further objects to this Request as impermissibly propounding an

3  interrogatory on a non-party by means of a request for production of documents. Maynard further

4  objects to this Request as improperly bypassing party discovery. Plaintiffs and Zuffa have been

5  actively meeting and conferring over party discovery, and this Request seeks to circumvent that

6  process.

7       Maynard will not produce documents in response to this Request.

8  **REQUEST FOR PRODUCTION NO. 3:**

9       Documents sufficient to identify when You first started using and, if applicable, when You

10  stopped using, each mobile telephone number identified in response to Request No. 2.

11  **RESPONSE TO REQUEST NO. 3:**

12       In addition to the General Objections set forth above, Maynard objects to this Request as

13  overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

14  that is not relevant to any party's claims or defenses, including because it calls for information

15  about "each mobile telephone number" used by a non-party over a ten year time period, extending

16  beyond the time period relevant to this Action. Maynard further objects to this Request as

17  impermissibly propounding an interrogatory on a non-party by means of a request for production

18  of documents. Maynard further objects to this Request as improperly bypassing party discovery.

19  Plaintiffs and Zuffa have been actively meeting and conferring over party discovery, and this

20  Request seeks to circumvent that process.

21       Maynard will not produce documents in response to this Request.

22  **REQUEST FOR PRODUCTION NO. 4:**

23       Documents sufficient to identify each messaging account or social media account that You

24  used during the Relevant Time Period, including but not limited to Discord, Facebook, Google

25  Chat, iMessage, Instagram, Kik, Microsoft Teams, Signal, Skype, Slack, Snapchat, Telegram,

26  TikTok, Truth Social, Whatsapp, WeChat, Zoom, etc.

27  **RESPONSE TO REQUEST NO. 4:**

28       In addition to the General Objections set forth above, Maynard objects to this Request as

1    overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

2    that is not relevant to any party's claims or defenses, including because it calls for "each messaging

3    account or social media account" used by a non-party over a ten year time period, extending

4    beyond the time period relevant to this Action. Maynard further objects to this Request as

5    impermissibly propounding an interrogatory on a non-party by means of a request for production

6    of documents. Maynard further objects to this Request as improperly bypassing party discovery.

7    Plaintiffs and Zuffa have been actively meeting and conferring over party discovery, and this

8    Request seeks to circumvent that process.

9        Maynard will not produce documents in response to this Request.

10   **REQUEST FOR PRODUCTION NO. 5:**

11       Documents sufficient to identify All username(s) and social media handle(s) for each

12   account identified in response to Request No. 4.

13   **RESPONSE TO REQUEST NO. 5:**

14       In addition to the General Objections set forth above, Maynard objects to this Request as

15   overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

16   that is not relevant to any party's claims or defenses, including because it calls for "All username(s)

17   and social media handle(s)" used by a non-party over a ten year time period, extending beyond the

18   time period relevant to this Action. Maynard further objects to this Request as impermissibly

19   propounding an interrogatory on a non-party by means of a request for production of documents.

20   Maynard further objects to this Request as improperly bypassing party discovery. Plaintiffs and

21   Zuffa have been actively meeting and conferring over party discovery, and this Request seeks to

22   circumvent that process.

23       Maynard will not produce documents in response to this Request.

24   **REQUEST FOR PRODUCTION NO. 6:**

25       Documents sufficient to identify each email account that You used during the Relevant

26   Time Period.

27   **RESPONSE TO REQUEST NO. 6:**

28       In addition to the General Objections set forth above, Maynard objects to this Request as

1    overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

2    that is not relevant to any party's claims or defenses, including because it calls for "each email

3    account" used by a non-party over a ten year time period, extending beyond the time period

4    relevant to this Action. Maynard further objects to this Request as impermissibly propounding an

5    interrogatory on a non-party by means of a request for production of documents. Maynard further

6    objects to this Request as improperly bypassing party discovery. Plaintiffs and Zuffa have been

7    actively meeting and conferring over party discovery, and this Request seeks to circumvent that

8    process.

9        Maynard will not produce documents in response to this Request.

10   **REQUEST FOR PRODUCTION NO. 7:**

11       All Documents and Communications in Your possession relating to the changes in

12   ownership of the MMA blog at http://www.bloodyelbow.com in or around January 2023 and in or

13   around March 2024, including, without limitation, any materials relating to Defendants'

14   acquisition of full or partial ownership in the blog, any efforts made by You, by Defendants, or on

15   Defendants' behalf to obtain full or partial ownership in the blog, any materials reflecting any

16   consideration by Defendants of taking any action to obtain full or partial ownership in the blog,

17   and/or any materials reflecting any effort by You, Defendants, or on Defendants' behalf to

18   influence the prior owner's(s') decision to sell or new owner's(s') decision to buy the blog or the

19   terms of such transaction (including any financial assistance offered or provided to any new

20   owners).

21   **RESPONSE TO REQUEST NO. 7:**

22       In addition to the General Objections set forth above, Maynard objects to this Request as

23   overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

24   that is not relevant to any party's claims or defenses, including because it calls for "All Documents

25   and Communications" and seeks documents prior to the date in which TKO acquired the assets of

26   UFC. Maynard also objects that the phrases "any consideration," "influence" and "on Your behalf"

27   as used in this Request are vague and ambiguous. Maynard further objects to the extent this

28   Request calls for documents protected from disclosure by the attorney-client privilege, work-

1  product doctrine, or any other applicable privilege. Maynard further objects to this Request as

2  duplicative of Request No. 72 to Zuffa. Zuffa has been actively meeting and conferring with

3  Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

4  discovery.

5       Maynard will not produce documents in response to this Request.

6  **REQUEST FOR PRODUCTION NO. 8:**

7       All Documents and Communications in Your possession relating to any efforts made by

8  Defendants or on Defendants' behalf to influence the content available on the MMA blog at

9  http://www.bloodyelbow.com, including, without limitation, materials relating to content that was

10  removed after the change in ownership of the blog in or around the first quarter of 2024.

11  **RESPONSE TO REQUEST NO. 8:**

12       In addition to the General Objections set forth above, Maynard objects to this Request as

13  overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

14  that is not relevant to any party's claims or defenses, including because it calls for "All Documents

15  and Communications." Maynard also objects that the phrases "influence" and "on Your behalf" as

16  used in this Request are vague and ambiguous. Maynard further objects to this Request as

17  duplicative of Request No. 73 to Zuffa. Zuffa has been actively meeting and conferring with

18  Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

19  discovery.

20       Maynard will not produce documents in response to this Request.

21  **REQUEST FOR PRODUCTION NO. 9:**

22       All Documents and Communications relating to any request by UFC Fighters, MMA

23  Fighters contracted with other MMA Promotions, or other MMA Promotions to match one or more

24  UFC Fighters in one or more bouts with MMA Fighters contracted with another MMA Promotion,

25  including, without limitation, materials reflecting Your consideration of such requests, the terms

26  offered or otherwise considered by You for such bout(s) or events, and/or the potential benefits (or

27  lack thereof) of promoting such bout(s) or events.

28

NON-PARTY MICK MAYNARD'S RESPONSES
AND OBJECTIONS TO PLAINTIFFS' SUBPOENA
Case No. 21-cv-01189-RFB-BNW

1  **RESPONSE TO REQUEST NO. 9:**

2      In addition to the General Objections set forth above, Maynard objects to this Request as

3  overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

4  that is not relevant to any party's claims or defenses, including because it calls for "All Documents

5  and Communications" over a ten year time period, extending beyond the time period relevant to

6  this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Maynard

7  also objects that the phrases "Your consideration," "otherwise considered," and "potential benefits

8  (or lack thereof)" as used in this Request are vague and ambiguous. Maynard further objects to

9  this Request as seeking documents and information relating to fighters who would not be members

10  of the putative class and, thus, would have no likelihood of leading to the discovery of relevant or

11  admissible evidence. Maynard further objects to this Request as duplicative of Request No. 74 to

12  Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and

13  thus this Request improperly seeks to bypass party discovery.

14      Maynard will not produce documents in response to this Request.

15  **REQUEST FOR PRODUCTION NO. 10:**

16      All Documents and Communications relating to Francis Ngannou leaving the UFC for the

17  Professional Fighters League, including, without limitation, materials reflecting and/or otherwise

18  concerning the unsuccessful negotiations between Mr. Ngannou (and/or his representatives) and

19  the UFC to re-sign with the UFC, Documents and Communications with UFC Fighters and their

20  representatives, agents, or managers concerning their own contract negotiations and the impact. of

21  Mr. Ngannou's departure on those negotiations, internal Documents and Communications

22  analyzing the impact of Mr. Ngannou's departure on contract negotiations with UFC Fighters

23  (including as to both the financial and non-financial terms negotiated), and any changes You made

24  to the contract terms You offered to UFC Fighters based in whole or in any part on the unsuccessful

25  negotiations with Mr. Ngannou.

26  **RESPONSE TO REQUEST NO. 10:**

27      In addition to the General Objections set forth above, Maynard objects to this Request as

28  overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

1    that is not relevant to any party's claims or defenses, including because it calls for "All Documents

2    and Communications" over a ten year time period, extending beyond the time period relevant to

3    this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Maynard

4    also objects that the phrases "otherwise concerning" and "unsuccessful negotiations" as used in

5    this Request are vague and ambiguous. Maynard further objects to the extent this Request calls for

6    documents protected from disclosure by the attorney-client privilege, work-product doctrine, or

7    any other applicable privilege. Maynard further objects to this Request as seeking documents and

8    information relating to fighters who would not be members of the putative class and, thus, would

9    have no likelihood of leading to the discovery of relevant or admissible evidence. Maynard further

10   objects to this Request as duplicative of Request No. 75 to Zuffa. Zuffa has been actively meeting

11   and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to

12   bypass party discovery.

13       Maynard will not produce documents in response to this Request.

14   **REQUEST FOR PRODUCTION NO. 11:**

15       All Documents and Communications concerning the rankings of UFC's Fighters,

16   including, without limitation, materials relating to any internal rankings of UFC Fighters, all

17   criteria and bases the UFC uses to assign UFC Fighters with their ranking in such internal rankings,

18   and the rankings the UFC has assigned to UFC Fighters over time, and any external rankings (e.g.,

19   consensus rankings, rankings by particular media outlets, etc.) that the UFC uses to make or

20   considers in making any business decisions (e.g., matchmaking, determining UFC Fighter

21   compensation, determining whether to contract with or extend a contract with an MMA Fighter),

22   the formula and/or process by which such rankings are determined, the way the UFC uses or

23   considers such external rankings, and the external rankings assigned to UFC Fighters that the UFC

24   has used over time.

25   **RESPONSE TO REQUEST NO. 11:**

26       In addition to the General Objections set forth above, Maynard objects to this Request as

27   overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

28   that is not relevant to any party's claims or defenses, including because it calls for "All Documents

and Communications" over a ten year time period, extending beyond the time period relevant to this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Maynard disputes the distinction between "internal" and "external" rankings. Maynard also objects that the phrases "any business decision," "uses to make or considers in making" and "uses or considers" are vague and ambiguous. Maynard further objects to this Request to the extent that it seeks public information—including information in Plaintiffs' control—that is readily accessible by Plaintiffs and which should be collected by Plaintiffs under the reasonableness and proportionality standards set forth in the Federal Rules of Civil Procedure. Maynard additionally objects that this Request calls for documents protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Maynard further objects to this Request as seeking documents and information relating to fighters who would not be members of the putative class and, thus, would have no likelihood of leading to the discovery of relevant or admissible evidence. Maynard further objects to this Request as duplicative of Request No. 76 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Maynard will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 12:**

A complete set of the data the UFC maintains comprising Fighter and bout statistics, including the data previously maintained by FightMetric and the "record book" as referenced at http://statleaders.ufc.com.

**RESPONSE TO REQUEST NO. 12:**

In addition to the General Objections set forth above, Maynard objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses, including because it calls for information over a ten year time period, extending beyond the time period relevant to this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Maynard further objects to this Request as vague, ambiguous, confusing, and incomplete because it uses the capitalized term "Fighter," which is not otherwise defined. Maynard further objects that the phrase "complete set

of data" as used in this Request is vague and ambiguous. Maynard further objects to this Request to the extent that it seeks public information—including information in Plaintiffs' control—that is readily accessible by Plaintiffs and which should be collected by Plaintiffs under the reasonableness and proportionality standards set forth in the Federal Rules of Civil Procedure. Maynard further objects to this Request as seeking documents and information relating to fighters who would not be members of the putative class and, thus, would have no likelihood of leading to the discovery of relevant or admissible evidence. Maynard further objects to this Request as duplicative of Request No. 77 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Maynard will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents and Communications relating to Your acquisition of FightMetric and its MMA statistics data, including, without limitation, materials relating to the business or strategic purpose(s) of acquiring FightMetric and the amount paid for FightMetric

**RESPONSE TO REQUEST NO. 13**

In addition to the General Objections set forth above, Maynard objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses, including because it calls for "All Documents and Communications" over a ten year time period, extending beyond the time period relevant to this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Maynard also objects that the phrase "without limitation" as used in this Request is vague and ambiguous. Maynard additionally objects that this Request calls for documents protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Maynard further objects to this Request as duplicative of Request No. 78 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Maynard will not produce documents in response to this Request.

1  **REQUEST FOR PRODUCTION NO. 14:**

2      All Communications (including Documents attached to such Communications) between

3  You and the following Persons relating to their potential testimony in the Le v. Zuffa, LLC, No. 15-

4  cv-1045 (D. Nev.) trial: (a) Ali Abdelaziz; (b) Shannon Knapp; (c) Michael Bisping; (d) Donald

5  Cerrone; (e) Michael Chandler; (f) Chael Sonnen; (g) Miesha Tate; (h) Jason House; (i) Josh Jones;

6  (j) Dan Lambert; (k) Jeffrey Aronson; (l) Carlos Silva; and (m) Ed Soares.

7  **RESPONSE TO REQUEST NO. 14:**

8      In addition to the General Objections set forth above, Maynard objects to this Request as

9  overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

10  that is not relevant to any party's claims or defenses, including because it calls for "All

11  Communications" over a ten year time period, extending beyond the time period relevant to this

12  Action, and it is not limited in scope to the claims or defenses at issue in this Action. Maynard

13  further objects to the extent this Request calls for documents protected from disclosure by the

14  attorney- client privilege, work-product doctrine, or any other applicable privilege. Maynard

15  further objects to this Request as duplicative of Request No. 79 to Zuffa. Zuffa has been actively

16  meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly

17  seeks to bypass party discovery.

18      Maynard will not produce documents in response to this Request.

19  **REQUEST FOR PRODUCTION NO. 15:**

20      Documents and Communications sufficient to show the financial results of the boxing

21  event featuring the bout between Conor McGregor and Floyd Mayweather Jr. that took place on

22  or about August 26, 2017, including, without limitation, how much each athlete was paid, the total

23  revenues generated by the event (and the sources of the various components of revenue), and the

24  total expenses incurred (and a breakdown of those expenses).

25  **RESPONSE TO REQUEST NO.15:**

26      In addition to the General Objections set forth above, Maynard objects to this Request as

27  overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

28  that is not relevant to any party's claims or defenses, including because it calls for information

over a ten year time period, extending beyond the time period relevant to this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Maynard also objects that the phrase "financial results" as used in this Request is vague and ambiguous. Maynard further objects to this Request as duplicative of Request No. 80 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Maynard will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents and Communications relating to the negotiations with Conor McGregor concerning his appearance in the bout between Conor McGregor and Floyd Mayweather Jr. that ultimately took place on or about August 26, 2017, including any promotional and ancillary rights agreement signed by Mr. McGregor, any agreement with any changes to Mr. McGregor's UFC promotional and ancillary rights agreement or any determination by You to not enforce any part of the UFC promotional and ancillary rights agreement with Mr. McGregor, and/or the bases for the UFC's decision to change or otherwise not enforce any part of the UFC promotional and ancillary rights agreement with Mr. McGregor.

**RESPONSE TO REQUEST NO. 16:**

In addition to the General Objections set forth above, Maynard objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information that is not relevant to any party's claims or defenses, including because it calls for "All Documents and Communications" over a ten year time period, extending beyond the time period relevant to this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Maynard further objects to the extent this Request calls for documents protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Maynard further objects to this Request as duplicative of Request No. 81 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Maynard will not produce documents in response to this Request.

1  **REQUEST FOR PRODUCTION NO. 17:**

2       All Agreements between You and Mayweather Promotions, The Money Team, Showtime,

3  and McGregor Promotions relating to the Mayweather vs. McGregor bout and/or event that took

4  place on or about August 26, 2017, as well as any Agreements in Your possession, custody, or

5  control among or between any or all of those entities.

6  **RESPONSE TO REQUEST NO. 17:**

7       In addition to the General Objections set forth above, Maynard objects to this Request as

8  overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

9  that is not relevant to any party's claims or defenses, including because it calls for "All

10  Agreements" over a ten year time period, extending beyond the time period relevant to this Action,

11  and it is not limited in scope to the claims or defenses at issue in this Action. Maynard further

12  objects to this Request as duplicative of Request No. 82 to Zuffa. Zuffa has been actively meeting

13  and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to

14  bypass party discovery.

15       Maynard will not produce documents in response to this Request.

16  **REQUEST FOR PRODUCTION NO. 18:**

17       All Documents and Communications relating to Leslie Smith's unionization effort,

18  including materials relating to Project Spearhead and her allegations (and any related

19  administrative, legal, or regulatory proceeding) that You committed unfair labor practices when

20  she was terminated from the UFC.

21  **RESPONSE TO REQUEST NO. 18:**

22       In addition to the General Objections set forth above, Maynard objects to this Request as

23  overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

24  that is not relevant to any party's claims or defenses, including because it calls for "All Documents

25  and Communications" over a ten year time period, extending beyond the time period relevant to

26  this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Maynard

27  also objects that the phrase "unionization effort" as used in this Request is vague and ambiguous.

28  Maynard disputes Plaintiffs' assertion that TKO "committed unfair labor practices." Maynard

1   further objects to the extent this Request calls for documents protected from disclosure by the

2   attorney- client privilege, work-product doctrine, or any other applicable privilege. Maynard

3   further objects to this Request to the extent that it seeks public information—including information

4   in Plaintiffs' control—that is readily accessible by Plaintiffs and which should be collected by

5   Plaintiffs under the reasonableness and proportionality standards set forth in the Federal Rules of

6   Civil Procedure. Maynard further objects to this Request as duplicative of Request No. 83 to Zuffa.

7   Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus

8   this Request improperly seeks to bypass party discovery.

9           Maynard will not produce documents in response to this Request.

10  **REQUEST FOR PRODUCTION NO. 19:**

11          All Documents and Communications relating to the effort by certain UFC Fighters and

12  others to create the Mixed Martial Arts Athletes Association ("MMAAA"), including, without

13  limitation, any materials reflecting MMAAA's effort to obtain an out-of-court financial settlement

14  for any alleged legal claims, any materials relating to MMAAA's expressed goal of increasing the

15  revenue share the UFC pays to UFC Fighters, and any discussions relating to insurance and pension

16  packages for UFC athletes. Responsive Documents and Communications also include any

17  materials relating to the reported meeting between Donald Cerrone and Dana White that transpired

18  on or about December 8, 2016 concerning the MMAAA and any follow-up concerning such

19  meeting.

20  **RESPONSE TO REQUEST NO. 19:**

21          In addition to the General Objections set forth above, Maynard objects to this Request as

22  overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

23  that is not relevant to any party's claims or defenses, including because it calls for "All Documents

24  and Communications" over a ten year time period, extending beyond the time period relevant to

25  this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Maynard

26  further objects to this Request as seeking documents and information relating to fighters who

27  would not be members of the putative class and, thus, would have no likelihood of leading to the

28  discovery of relevant or admissible evidence. Maynard further objects to the extent this Request

1  calls for documents protected from disclosure by the attorney-client privilege, work-product

2  doctrine, or any other applicable privilege. Maynard further objects to this Request to the extent

3  that it seeks public information—including information in Plaintiffs' control—that is readily

4  accessible by Plaintiffs and which should be collected by Plaintiffs under the reasonableness and

5  proportionality standards set forth in the Federal Rules of Civil Procedure. Maynard further objects

6  to this Request as duplicative of Request No. 84 to Zuffa. Zuffa has been actively meeting and

7  conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass

8  party discovery.

9      Maynard will not produce documents in response to this Request.

10 **REQUEST FOR PRODUCTION NO. 20:**

11     All Documents and Communications relating to the UFC's business strategy for

12 Professional MMA Events and/or Professional MMA Bouts held at UFC Apex, including

13 Documents and Communications discussing the reasons for creating and/or establishing the UFC

14 Apex, how UFC determines which Professional MMA Events and/or Professional MMA Bouts

15 will be held at the Apex, and why any Professional MMA Events and/or Professional MMA Bouts

16 were held at the Apex.

17 **RESPONSE TO REQUEST NO. 20:**

18     In addition to the General Objections set forth above, Maynard objects to this Request as

19 overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

20 that is not relevant to any party's claims or defenses, including because it calls for "All Documents

21 and Communications" over a ten year time period, extending beyond the time period relevant to

22 this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Maynard

23 further objects that the phrase "business strategy" as used in this Request is vague and ambiguous.

24 Maynard further objects to this Request as duplicative of Request No. 85 to Zuffa. Zuffa has been

25 actively meeting and conferring with Plaintiffs over this same Request, and thus this Request

26 improperly seeks to bypass party discovery.

27     Maynard will not produce documents in response to this Request.

28

1    **REQUEST FOR PRODUCTION NO. 21:**

2        All monthly and annual financial documents relating to the business operations at the UFC

3    Apex, including without limitation all audited financial statements, balance sheets, income

4    statements, profit and loss reports, margin analyses, equity valuations, asset appraisals, financial

5    models, budgets (proposed or otherwise), investor presentations, margin analyses, pro formas,

6    regulatory filings (including income tax returns), issuance of equity or debit, loans, and money

7    owed or receivable, and any other form of financial reporting.

8    **RESPONSE TO REQUEST NO. 21:**

9        In addition to the General Objections set forth above, Maynard objects to this Request as

10   overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

11   that is not relevant to any party's claims or defenses, including because it calls for "All" monthly

12   and annual financial documents over a ten year time period, extending beyond the time period

13   relevant to this Action, and it is not limited in scope to the claims or defenses at issue in this Action.

14   Maynard further objects that the phrases "financial documents," "business operations," and "any

15   other form of financial reporting" as used in this Request are vague and ambiguous. Maynard

16   further objects to this Request as duplicative of Request No. 86 to Zuffa. Zuffa has been actively

17   meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly

18   seeks to bypass party discovery.

19       Maynard will not produce documents in response to this Request.

20   **REQUEST FOR PRODUCTION NO. 22**

21       All Documents and Communications relating to any changes in the form and/or structure

22   of revenues the UFC received for its broadcast rights, including, without limitation, Documents

23   and Communications relating to changes in structure of PPV revenues received by the UFC and

24   paid by ESPN following the UFC's 2019 broadcast rights deal with ESPN, including materials

25   analyzing such changes and any corresponding changes in business practices or operations the

26   UFC considered implementing based on such change in structure.

27   **RESPONSE TO REQUEST NO. 22:**

28       In addition to the General Objections set forth above, Maynard objects to this Request as

25

1    overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

2    that is not relevant to any party's claims or defenses, including because it requests "All Documents

3    and Communications" over a ten year time period, extending beyond the time period relevant to

4    this Action, and it is not limited in scope to the claims or defenses at issue in this Action. Maynard

5    further objects that the phrases "materials analyzing such changes," "corresponding changes," and

6    "considered implementing" as used in this Request are vague and ambiguous. Maynard further

7    objects to the extent this Request calls for documents protected from disclosure by the attorney-

8    client privilege, work-product doctrine, or any other applicable privilege. Maynard further objects

9    to this Request as duplicative of Request No. 87 to Zuffa. Zuffa has been actively meeting and

10    conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass

11    party discovery.

12         Maynard will not produce documents in response to this Request.

13    **REQUEST FOR PRODUCTION NO. 23:**

14         All Documents and Communications relating to Zuffa's acquisition of the UFC, including,

15    without limitation, the Agreement(s) setting for the terms of sale, any planned business strategies

16    supporting Zuffa's decision to purchase the UFC, and any Documents or Communications relating

17    to Zuffa's forecasted revenues and/or other financials created by Zuffa or its agents prior to the

18    sale of the UFC to Zuffa. For clarity, the Relevant Time Period for this Request commences

19    January 1, 1993 and extends through the present.

20    **RESPONSE TO REQUEST NO. 23:**

21         In addition to the General Objections set forth above, Maynard objects to this Request as

22    overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

23    that is not relevant to any party's claims or defenses, including because it calls for "All Documents

24    and Communications" over a thirty-two year time period, extending beyond the time period

25    relevant to this Action, and it is not limited in scope to the claims or defenses at issue in this Action.

26    Maynard also objects that the phrases "planned business strategies," "supporting," and "other

27    financials" as used in this Request are vague and ambiguous. Maynard further objects to the extent

28    this Request calls for documents protected from disclosure by the attorney-client privilege, work-

1   product doctrine, or any other applicable privilege. Maynard further objects to this Request as

2   duplicative of Request No. 88 to Zuffa. Zuffa has been actively meeting and conferring with

3   Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

4   discovery.

5       Maynard will not produce documents in response to this Request.

6   **REQUEST FOR PRODUCTION NO. 24:**

7       All Documents and Communications relating to any contention Zuffa may make in this

8   litigation that it built or otherwise substantially contributed to the growth of the sport of MMA,

9   including, without limitation, any Documents and Communications relating to Zuffa's efforts to

10  secure licensing or other certification or legal standing of Professional MMA Events in any state

11  jurisdiction, any investments Zuffa made in building the MMA Industry distinct from investments

12  Zuffa made in building the UFC, and any materials reflecting the state of the MMA Industry and

13  its size and growth potential prior to Zuffa's acquisition of the UFC. For clarity, the Relevant Time

14  Period for this Request commences January 1, 1993 and extends through the present.

15  **RESPONSE TO REQUEST NO. 24:**

16      In addition to the General Objections set forth above, Maynard objects to this Request as

17  overbroad, unduly burdensome, not proportional to the needs of the case, and seeking information

18  that is not relevant to any party's claims or defenses, including because it calls for "All Documents

19  and Communications" over a thirty-two year time period, extending beyond the time period

20  relevant to this Action, and it is not limited in scope to the claims or defenses at issue in this Action.

21  Maynard further objects that the phrases "contention," "efforts," "the state of the MMA Industry,"

22  and "growth potential" as used in this Request are vague and ambiguous. Maynard further objects

23  to the extent this Request calls for documents protected from disclosure by the attorney-client

24  privilege, work-product doctrine, or any other applicable privilege. Maynard further objects to this

25  Request as duplicative of Request No. 89 to Zuffa. Zuffa has been actively meeting and conferring

26  with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

27  discovery.

28      Maynard will not produce documents in response to this Request.

1  **REQUEST FOR PRODUCTION NO. 25:**

2      All Documents and Communications produced by You in response to discovery requests

3  served by the plaintiffs in Le, et al. v. Zuffa, LLC, 2:21-cv-1189-RFB-BNW (D. Nev.) and/or

4  received by you in response to discovery requests or subpoenas served by You, in Le, et al. v.

5  Zuffa, LLC, 2:21-cv-1189-RFB-BNW (D. Nev.). The Relevant Time Period set forth above does

6  not apply to this Request.

7  **RESPONSE TO REQUEST NO. 25:**

8      In addition to the General Objections set forth above, Maynard objects to this Request as

9  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

10  calculated to lead to the discovery of relevant or admissible evidence, including because it requests

11  documents outside of the relevant time period and which otherwise have no bearing on the claims

12  or defenses at issue in this Action. Maynard also objects to this Request to the extent it seeks

13  documents and information subject to the protective order issued by the Court in Le, et al. v. Zuffa,

14  LLC, 2:21-cv-1189-RFB-BNW (D. Nev.). Maynard objects that this Request is unintelligible

15  because the case citation refers to a case name that is different from the case number cited.

16  Maynard further objects to this Request as duplicative of Request No. 1 to Zuffa. Zuffa has been

17  actively meeting and conferring with Plaintiffs over this same Request, and thus this Request

18  improperly seeks to bypass party discovery.

19      Maynard will not produce documents in response to this Request.

20  **REQUEST FOR PRODUCTION NO. 26:**

21      All Documents and Communications produced by You to any government or government

22  agency in response to any investigative demand or other request from the U.S. Department of

23  Justice, the U.S. Federal Trade Commission, any state regulatory agency, or any foreign regulatory

24  agency related to: (a) Your policies, practices, guidelines, and training directed to compliance with

25  U.S. governmental regulatory agencies, or any foreign regulatory agency, including all Documents

26  concerning the creation of such policies, and any statements signed by Your employees or agents

27  acknowledging their receipt of or compliance with Your compliance policies; (b) the acquisition

28  of Zuffa or any parent of or successor to Zuffa by Endeavor Group Holdings, Inc.; or (c) the merger

1    of Zuffa or any parent of or successor to Zuffa with World Wrestling Entertainment, Inc. (a/k/a

2    WWE) or any parent of or successor to World Wrestling Entertainment, Inc. Explicitly included

3    within the scope of this Interrogatory is any correspondence or documents exchanged between

4    You and the U.S. Department of Justice, including documents reflecting or constituting any

5    Communications with former Assistant Attorney General for the Department of Justice Antitrust

6    Division Makan Delrahim, relating to Le, et al. v. Zuffa, LLC, 2:21-cv-1189-RFBBNW (D. Nev.).

7    **RESPONSE TO REQUEST NO. 26:**

8          In addition to the General Objections set forth above, Maynard objects to this Request as

9    overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

10    calculated to lead to the discovery of relevant or admissible evidence, including because it seeks

11    documents produced to "any government or government agency in response to any investigative

12    demand or other request" related to a wide range of topics that have no relevance to the claims or

13    defenses at issue in this Action, including because they relate to transactions that are not challenged

14    or at issue in this Action. Maynard also objects that the phrase "directed to compliance with" is

15    vague, ambiguous, and unintelligible as written. Maynard further objects to this Request to the

16    extent it refers to an "Interrogatory" and will interpret this Request to refer to a "Request."

17    Maynard further objects that this Request is unintelligible because the case citation refers to a case

18    name that is different from the case number cited. Maynard further objects to this Request as

19    duplicative of Request No. 2 to Zuffa. Zuffa has been actively meeting and conferring with

20    Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

21    discovery.

22          Maynard will not produce documents in response to this Request.

23    **REQUEST FOR PRODUCTION NO. 27:**

24          All Documents and Communications produced by You to the U.S. government pursuant to

25    the Hart-Scott-Rodino Antitrust Improvements Act of 1976, Pub. L. No. 94-435, and any second

26    requests, related to the acquisition of Zuffa or any parent of or successor to Zuffa by Endeavor

27    Group Holdings, Inc., the merger of Zuffa or any parent of or successor to Zuffa with World

28    Wrestling Entertainment, Inc. (a/k/a WWE) or any parent of or successor to World Wrestling

1    Entertainment, Inc., or the formation of TKO Group Holdings, Inc.

2    **RESPONSE TO REQUEST NO. 27:**

3          In addition to the General Objections set forth above, Maynard objects to this Request as

4    overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

5    calculated to lead to the discovery of relevant or admissible evidence, including because it seeks

6    "All Documents and Communications" produced for a ten year time period, extending beyond the

7    time period relevant to this case, and which relate to transactions not challenged or at issue in this

8    Action and which are otherwise not relevant to any claim or defense in this Action. Maynard

9    further objects to this Request as duplicative of Request No. 3 to Zuffa. Zuffa has been actively

10   meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly

11   seeks to bypass party discovery.

12         Maynard will not produce documents in response to this Request.

13   **REQUEST FOR PRODUCTION NO. 28:**

14         All Documents and Communications relating to any Agreements between (a) Zuffa and

15   any Professional MMA Fighter, and (b) any other MMA Promoter and any Professional MMA

16   Fighter, including all Agreements concerning competition in Professional MMA Bouts (and any

17   amendments thereto), including Promotional and Ancillary Rights Agreements, Bout

18   Agreements, "side letter" and/or letter Agreements, Merchandise Rights Agreements, sponsorship

19   Agreements, and all Documents and Communications relating to negotiations with any

20   Professional MMA Fighter or any Person purporting to represent a Professional MMA Fighter,

21   including all draft Agreements.

22   **RESPONSE TO REQUEST NO. 28:**

23         In addition to the General Objections set forth above, Maynard objects to this Request as

24   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

25   calculated to lead to the discovery of relevant or admissible evidence, including because it calls

26   for "All Documents and Communications" over a ten year time period, extending beyond the time

27   period relevant to this case, and relating to, among other things, agreements between "any other

28   MMA Promoter and any Professional MMA Fighter." Maynard also objects that the phrase

1  "relating to negotiations" and "purporting to represent" are vague and ambiguous. Maynard further

2  objects to the extent this Request calls for documents protected from disclosure by the attorney-

3  client privilege, work-product doctrine, or any other applicable privilege. Maynard further objects

4  to this Request as seeking documents and information relating to fighters who would not be

5  members of the putative class and, thus, would have no likelihood of leading to the discovery of

6  relevant or admissible evidence. Maynard further objects to this Request as duplicative of Request

7  No. 4 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same

8  Request, and thus this Request improperly seeks to bypass party discovery.

9      Maynard will not produce documents in response to this Request.

10  **REQUEST FOR PRODUCTION NO. 29:**

11      Each Agreement between you and a Professional MMA Fighter entered into or in effect

12  during the Relevant Time Period.

13  **RESPONSE TO REQUEST NO. 29:**

14      In addition to the General Objections set forth above, Maynard objects to this Request as

15  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

16  calculated to lead to the discovery of relevant or admissible evidence, including because it requests

17  "Each Agreement" over at least a ten year time period, extending beyond the time period relevant

18  to this case. Maynard also objects to this Request as seeking documents and information relating

19  to fighters who would not be members of the putative class and, thus, would have no likelihood of

20  leading to the discovery of relevant or admissible evidence. Maynard further objects to this

21  Request as duplicative of Request No. 5 to Zuffa. Zuffa has been actively meeting and conferring

22  with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

23  discovery.

24      Maynard will not produce documents in response to this Request.

25  **REQUEST FOR PRODUCTION NO. 30:**

26      All Documents and Communications evidencing the negotiation of any Agreement

27  responsive to the preceding Request.

28

**RESPONSE TO REQUEST NO. 30**

In addition to the General Objections set forth above, Maynard objects to this Request as duplicative of Request No. 7's request for "all Documents and Communications" concerning the same topic, and as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it calls for "All Documents and Communications" over at least a ten year time period, extending beyond the time period relevant to this Action. Maynard also objects to the extent this Request calls for documents protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Maynard further objects that the phrase "evidencing the negotiation of" is vague and ambiguous. Maynard further objects to this Request as seeking documents and information relating to fighters who would not be members of the putative class and, thus, would have no likelihood of leading to the discovery of relevant or admissible evidence. Maynard further objects to this Request as duplicative of Request No. 6 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Maynard will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 31**

All Documents and Communications consisting of or relating to Your discussion, analysis, interpretation or characterization of any Agreement, and the negotiation thereof, responsive to Request No. 29.

**RESPONSE TO REQUEST NO. 31:**

In addition to the General Objections set forth above, Maynard objects that this Request is overbroad, unduly burdensome, not proportional to the needs of the case and not reasonably calculated to lead to this discovery of relevant or admissible evidence, including because it calls for "All Documents and Communications" over a ten year period, extending beyond the time period relevant to this Action. Maynard also objects to the extent this Request calls for documents protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Maynard further objects that the phrase "discussion, analysis, interpretation

1    or characterization" is vague and ambiguous. Maynard further objects to this Request as seeking

2    documents and information relating to fighters who would not be members of the putative class

3    and, thus, would have no likelihood of leading to the discovery of relevant or admissible evidence.

4    Maynard further objects to this Request as duplicative of Request No. 7 to Zuffa. Zuffa has been

5    actively meeting and conferring with Plaintiffs over this same Request, and thus this Request

6    improperly seeks to bypass party discovery.

7        Maynard will not produce documents in response to this Request.

8    **REQUEST FOR PRODUCTION NO. 32:**

9        All arbitration clauses or class action waivers between You and any Professional MMA

10   Fighters, whether set forth in an Agreement or otherwise, and all Documents and Communications

11   relating to relating to any such arbitration clause or class action waiver, including without

12   limitation analyses, draft proposed clauses, analyses of such clauses, white papers, reports, slide

13   presentations, or discussions regarding the reasons for, or potential benefits to Zuffa or Endeavor

14   or anyone else of, including arbitration clauses and/or class action waivers in Your Agreements

15   with Professional MMA Fighters.

16   **RESPONSE TO REQUEST NO. 32:**

17       In addition to the General Objections set forth above, Maynard objects that this Request is

18   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

19   calculated to lead to the discovery of relevant or admissible evidence, including because it asks for

20   "All arbitration clauses or class action waivers" and "all Documents and Communications"

21   relating to such clauses over a ten year time period, extending beyond the time period relevant to

22   this Action, and is not limited in scope to the claims or defenses at issue in this Action. Maynard

23   also objects that the phrases "analyses," "discussions regarding the reasons for," and "potential

24   benefits" are vague and ambiguous. Maynard further objects to the extent this Request calls for

25   documents protected from disclosure by the attorney-client privilege, work-product doctrine, or

26   any other applicable privilege. Maynard further objects to this Request as seeking documents and

27   information relating to fighters who would not be members of the putative class and, thus, would

28   have no likelihood of leading to the discovery of relevant or admissible evidence. Maynard further

1    objects to this Request as duplicative of Request No. 8 to Zuffa. Zuffa has been actively meeting

2    and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to

3    bypass party discovery.

4        Maynard will not produce documents in response to this Request.

5    **REQUEST FOR PRODUCTION NO. 33:**

6        All Documents and Communications evidencing the negotiation of any Agreement

7    responsive to the preceding Request.

8    **RESPONSE TO REQUEST NO. 33:**

9        In addition to the General Objections set forth above, Maynard objects that this Request is

10   duplicative of the Request No. 32's request for "all Documents and Communications" concerning

11   the same topic, and as overbroad, unduly burdensome, not proportional to the needs of the case,

12   and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including

13   because it asks for "All Documents and Communications" regarding Agreements from the prior

14   Request over a ten year time period, extending beyond the time period relevant to this case, and it

15   is not limited in scope to the claims or defenses at issue in this Action. Maynard also objects that

16   the phrase "evidencing the negotiation" is vague and ambiguous. Maynard further objects to this

17   Request as seeking documents and information relating to fighters who would not be members of

18   the putative class and, thus, would have no likelihood of leading to the discovery of relevant or

19   admissible evidence. Maynard further objects to this Request as duplicative of Request No. 9 to

20   Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and

21   thus this Request improperly seeks to bypass party discovery.

22       Maynard will not produce documents in response to this Request.

23   **REQUEST FOR PRODUCTION NO. 34:**

24       All Documents and Communications consisting of or relating to Your discussion, analysis,

25   interpretation or characterization of any arbitration clause or class action waiver, and/or the

26   negotiation thereof.

27   **RESPONSE TO REQUEST NO. 34:**

28       In addition to the General Objections set forth above, Maynard objects to this Request as

1   duplicative of the Request No. 32's request for "all Documents and Communications" concerning

2   the same topic, and is overbroad, unduly burdensome, not proportional to the needs of the case,

3   and not reasonably calculated to the discovery of relevant or admissible evidence, including

4   because it calls for "All Documents and Communications" over a ten year time period, extending

5   beyond the time period relevant to this Action. Maynard also objects that the terms "discussion,

6   analysis, interpretation or characterization" are vague and ambiguous. Maynard further objects to

7   the extent that this Request is duplicative of Request Nos. 32 and 33. Maynard further objects to

8   the extent this Request calls for documents protected from disclosure by the attorney- client

9   privilege, work-product doctrine, or any other applicable privilege. Maynard further objects to this

10  Request as duplicative of Request No. 10 to Zuffa. Zuffa has been actively meeting and conferring

11  with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

12  discovery.

13      Maynard will not produce documents in response to this Request.

14  **REQUEST FOR PRODUCTION NO. 35:**

15      All Documents and Communications relating to market research about the MMA Industry,

16  including but not limited to, analysis or research regarding relative market share of MMA

17  Promoters, barriers to expansion for MMA Promoters, barriers to entry for would-be MMA

18  Promoters, and growth projections for the MMA Industry and/or MMA Promoters individually or

19  in any groupings.

20  **RESPONSE TO REQUEST NO. 35:**

21      In addition to the General Objections set forth above, Maynard objects to this Request as

22  overbroad and unduly burdensome, not proportional to the needs of the case, and not reasonably

23  calculated to the discovery of relevant or admissible evidence, including because it calls for "All

24  Documents and Communications" over a ten year time period, extending beyond the time period

25  relevant to this Action. Maynard also objects that the phrases "market research," "analysis or

26  research," and "growth projections" are vague and ambiguous. Maynard further objects to the

27  extent this Request calls for documents protected from disclosure by the attorney-client privilege,

28  work-product doctrine, or any other applicable privilege. Maynard further objects to this Request

1   as duplicative of Request No. 11 to Zuffa. Zuffa has been actively meeting and conferring with

2   Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

3   discovery.

4       Maynard will not produce documents in response to this Request.

5   **REQUEST FOR PRODUCTION NO. 36:**

6       All Documents and Communications relating to non-Zuffa/non-UFC MMA Promoters

7   (considered individually or as a group), including but not limited to SWOT analyses, financial

8   analyses, strategies, counterprogramming of other MMA Promoters' Professional MMA Events,

9   analyses and/or commentary or assessments of their fighter rosters, and acquisition analyses and

10  strategies.

11  **RESPONSE TO REQUEST NO. 36:**

12      In addition to the General Objections set forth above, Maynard objects to this Request as

13  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

14  calculated to lead to the discovery of relevant or admissible evidence, including because it calls

15  for "All Documents and Communications relating to non-Zuffa/non-UFC MMA Promoters" over

16  a ten year time period, extending beyond the time period relevant to this Action, and does not limit

17  the scope of the Request to the claims or defenses at issue in this Action. Maynard also objects

18  that the phrase "counterprogramming" is vague and ambiguous. Maynard further objects that the

19  phrase "SWOT analyses" is vague, ambiguous, and undefined. Maynard further objects to the

20  extent this Request calls for documents protected from disclosure by the attorney-client privilege,

21  work-product doctrine, or any other applicable privilege. Maynard further objects to this Request

22  as duplicative of Request No. 12 to Zuffa. Zuffa has been actively meeting and conferring with

23  Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

24  discovery.

25      Maynard will not produce documents in response to this Request.

26  **REQUEST FOR PRODUCTION NO. 37:**

27      All Documents and Communications relating to any Agreement that UFC had with another

28  MMA Promoter, including but not limited to Agreements to license content, Agreements to buy

1    or sell athlete contracts, and Agreements to release fighters from their contracts if UFC offers the

2    fighter a contract.

3    **RESPONSE TO REQUEST NO. 37:**

4          In addition to the General Objections set forth above, Maynard objects that this Request is

5    overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

6    calculated to lead to the discovery of relevant or admissible evidence, including because it asks for

7    "All Documents and Communications" relating to any agreement with another MMA Promoter,

8    regardless of the nature of the agreement, over a ten year time period, extending beyond the time

9    period relevant to this Action, and it does not limit the scope of the Request to the claims or

10   defenses at issue in this Action. Maynard further objects to this Request as duplicative of Request

11   No. 13 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same

12   Request, and thus this Request improperly seeks to bypass party discovery.

13         Maynard will not produce documents in response to this Request.

14   **REQUEST FOR PRODUCTION NO. 38:**

15         All Documents and Communications relating to the potential sale of Zuffa or any portion

16   thereof (or interest therein), including any Communications with or Documents created by Zuffa

17   or any third party, including without limitation any prospectuses, proposals, confidential

18   information memoranda, credit assessments, due diligence requests, Documents, or

19   Communications created, collected, placed in data rooms, or produced in response to due diligence

20   requests, offers, negotiations, memoranda of understanding, and all other Documents or

21   Communications relating in any way to the potential sale, acquisition, merger or transfer of Zuffa

22   or any portion thereof or interest therein.

23   **RESPONSE TO REQUEST NO. 38:**

24         In addition to the General Objections set forth above, Maynard objects to this Request as

25   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

26   calculated to lead to the discovery of relevant or admissible evidence, including because it requests

27   "All Documents and Communications" relating to any potential sale of Zuffa or any portion

28   thereof over a ten year time period, extending beyond the time period relevant to this Action, and

NON-PARTY MICK MAYNARD'S RESPONSES
AND OBJECTIONS TO PLAINTIFFS' SUBPOENA
Case No. 21-cv-01189-RFB-BNW

1  it is not limited in scope to documents relating to the claims and defenses at issue in this Action.

2  Maynard also objects to the extent this Request calls for documents protected from disclosure by

3  the attorney-client privilege, work-product doctrine, or any other applicable privilege. Maynard

4  further objects to this Request as duplicative of Request No. 14 to Zuffa. Zuffa has been actively

5  meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly

6  seeks to bypass party discovery.

7        Maynard will not produce documents in response to this Request.

8  **REQUEST FOR PRODUCTION NO. 39:**

9        All Documents and Communications (exclusive of Documents and Communications

10  produced in response to Request for Production No. 38) relating to the sale of a majority stake in

11  Zuffa to Endeavor in 2016, including Communications with or Documents created by any third

12  party, and including without limitation any executed Agreements, draft Agreements, memoranda

13  of understanding, offers, prospectuses, proposals, confidential information memoranda, credit

14  assessments, supporting schedules, all Documents and Communications relating to negotiations,

15  due diligence requests, Documents and Communications created, collected, placed in data rooms,

16  or produced in response to due diligence requests, all regulatory filings, registration documents,

17  and any other Documents or Communications sent to or received by You relating to any U.S.,

18  state, or local agency, and all other Documents and Communications relating in any way to the

19  sale of Zuffa in or around 2016.

20  **RESPONSE TO REQUEST NO. 39:**

21        In addition to the General Objections set forth above, Maynard objects to this Request as

22  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

23  calculated to lead to the discovery of relevant or admissible evidence, including because it requests

24  "All Documents and Communications" relating to the sale to Endeavor and does not limit the

25  scope of the Request to documents relating to the claims and defenses at issue in this Action (which

26  does not concern the sale of Zuffa or any portion thereof). Maynard also objects to the extent this

27  Request calls for documents protected from disclosure by the attorney-client privilege, work-

28  product doctrine, or any other applicable privilege. Maynard further objects to this Request as

1  duplicative of Request No. 15 to Zuffa. Zuffa has been actively meeting and conferring with

2  Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

3  discovery.

4      Maynard will not produce documents in response to this Request.

5  **REQUEST FOR PRODUCTION NO. 40:**

6      All Documents and Communications (exclusive of Documents and Communications

7  produced in response to Request for Production No. 38) relating to the sale of any share(s) of Zuffa

8  to Endeavor in or around 2021, including any Communications with or Documents created by any

9  third party, and including without limitation any executed Agreements, draft Agreements,

10  memoranda of understanding, offers, prospectuses, proposals, confidential information

11  memoranda, credit assessments, supporting schedules, all Documents and Communications

12  relating to negotiations, due diligence requests, Documents and Communications created,

13  collected, placed in data rooms, or produced in response to due diligence requests, all regulatory

14  filings, registration documents, and any other Documents or Communications sent to or received

15  by You relating to any U.S., state, or local agency, and all other Documents and Communications

16  relating in any way to the sale of or any portion of Zuffa in or around 2021.

17  **RESPONSE TO REQUEST NO. 40:**

18      In addition to the General Objections set forth above, Maynard objects to this Request as

19  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

20  calculated to lead to the discovery of relevant or admissible evidence, including because it requests

21  "All Documents and Communications" relating to any sale to Endeavor in 2021 and does not limit

22  the scope of the Request to documents relating to the claims and defenses at issue in this Action.

23  Maynard also objects to the extent this Request calls for documents protected from disclosure by

24  the attorney-client privilege, work-product doctrine, or any other applicable privilege. Maynard

25  further objects to the extent that this Request is duplicative of Request No. 26. Maynard further

26  objects to this Request as duplicative of Request No. 16 to Zuffa. Zuffa has been actively meeting

27  and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to

28  bypass party discovery.

1    Maynard will not produce documents in response to this Request.

2    **REQUEST FOR PRODUCTION NO. 41:**

3    All Documents and Communications relating to the acquisition, sale, merger or transfer of

4    World Wrestling Entertainment, Inc. in 2023, including any Communications with or Documents

5    created by any third party, and including without limitation any executed Agreements, draft

6    Agreements, memoranda of understanding, offers, prospectuses, proposals, confidential

7    information memoranda, credit assessments, all Documents and Communications relating to

8    negotiations, due diligence requests, Documents and Communications created, collected, placed

9    in data rooms, or produced in response to due diligence requests, all regulatory filings, registration

10   documents, and any other Documents or Communications sent to or received by You relating to

11   any U.S., state, or local agency, and all other Documents and Communications relating in any way

12   to the acquisition and merger of World Wrestling Entertainment, Inc. in 2023.

13   **RESPONSE TO REQUEST NO. 41:**

14   In addition to the General Objections set forth above, Maynard objects to this Request as

15   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

16   calculated to lead to the discovery of relevant or admissible evidence, including because it requests

17   "All Documents and Communications" relating to an acquisition, sale, merger, or transfer of

18   World Wrestling Entertainment, Inc., in 2023, which is not challenged or at issue in this Action,

19   and therefore and does not limit the scope of the Request to documents relating to the claims and

20   defenses at issue in this Action. Maynard also objects to the extent this Request calls for documents

21   protected from disclosure by the attorney-client privilege, work-product doctrine, or any other

22   applicable privilege. Maynard further objects to this Request as duplicative of Request No. 17 to

23   Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and

24   thus this Request improperly seeks to bypass party discovery.

25   Maynard will not produce documents in response to this Request.

26   **REQUEST FOR PRODUCTION NO. 42:**

27   All Documents and Communications relating to any efforts by You or made on Your behalf

28   to raise capital, including but not limited to loans or issuance of debt or equity, and including

1  without limitation any Agreements, draft Agreements, negotiations, investor presentations,

2  prospectuses, confidential information memoranda, credit assessments, due diligence requests,

3  Documents and Communications created, collected, placed in data rooms, or produced in response

4  to due diligence requests, and all other documents and communications related in any way to

5  efforts to raise capital, regardless of whether any loan was actually obtained or any debt or equity

6  was actually issued.

7  **RESPONSE TO REQUEST NO. 42:**

8          In addition to the General Objections set forth above, Maynard objects to this Request as

9  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

10  calculated to lead to the discovery of relevant or admissible evidence, including because it calls

11  for "All Documents and Communications" relating to efforts to raise capital over a ten year time

12  period, extending beyond the time period relevant to this Action, and it is not limited in scope to

13  documents relating to the claims and defenses at issue in this Action. Maynard also objects that

14  the phrase "efforts by You or made on Your behalf to raise capital" is vague and ambiguous.

15  Maynard further objects to the extent this Request calls for documents protected from disclosure

16  by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Maynard

17  further objects to this Request as duplicative of Request No. 18 to Zuffa. Zuffa has been actively

18  meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly

19  seeks to bypass party discovery.

20          Maynard will not produce documents in response to this Request.

21  **REQUEST FOR PRODUCTION NO. 43:**

22          Documents and Communications sufficient to Identify each of Your employees or agents

23  or anyone purporting to act on Your behalf involved in approving or negotiating the terms of any

24  Agreement, or proposed Agreement, for all or part of Zuffa to be acquired by Endeavor or by

25  anyone else.

26  **RESPONSE TO REQUEST NO. 43:**

27          In addition to the General Objections set forth above, Maynard objects to this Request as

28  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

1   calculated to lead to the discovery of relevant or admissible evidence, including because it calls

2   for information as to each employee or agent over a ten year period, extending beyond the time

3   period relevant to this Action, and it is not limited to information related to individuals who may

4   have some role related to the claims or defenses in this Action. Maynard also objects that this

5   Request's use of the phrases "anyone purporting to act on Your behalf" and "anyone else" is vague,

6   ambiguous, overbroad, and impractical. Maynard further objects to this Request to the extent it

7   purports to require Maynard to do anything beyond conducting a reasonable search for non-

8   objectionable, non-privileged, responsive documents and data. Maynard further objects to this

9   Request as duplicative of Request No. 19 to Zuffa. Zuffa has been actively meeting and conferring

10  with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

11  discovery.

12      Maynard will not produce documents in response to this Request.

13  **REQUEST FOR PRODUCTION NO. 44:**

14      Documents and data (including structured or unstructured data) sufficient to show Your

15  financial data, including at a minimum Your costs, revenue, income, EBITDA, assets, debits,

16  borrowing costs, and profits, by month and by year, at the most granular level such documents and

17  data are maintained.

18  **RESPONSE TO REQUEST NO. 44:**

19      In addition to the General Objections set forth above, Maynard objects that this Request is

20  overbroad and unduly burdensome, not proportional to the needs of the case, and not reasonably

21  calculated to lead to the discovery of relevant or admissible evidence, including because it requests

22  financial data over a ten year time period, extending beyond the time period, geographic scope,

23  and subject matter relevant to this Action, and it is not limited in scope to documents relating to

24  the claims and defenses at issue in this Action. Maynard further objects to this Request to the

25  extent that it seeks public information—including information in Plaintiffs' control—that is readily

26  accessible by Plaintiffs and which should be collected by Plaintiffs under the reasonableness and

27  proportionality standards set forth in the Federal Rules of Civil Procedure. Maynard further objects

28  that the phrases "at the most granular level" and "unstructured data" are vague and ambiguous.

1   Maynard further objects to this Request as duplicative of Request No. 20 to Zuffa. Zuffa has been

2   actively meeting and conferring with Plaintiffs over this same Request, and thus this Request

3   improperly seeks to bypass party discovery.

4       Maynard will not produce documents in response to this Request.

5   **REQUEST FOR PRODUCTION NO. 45:**

6       All monthly and annual financial documents created or maintained by You or on Your

7   behalf, including without limitation all audited financial statements, balance sheets, income

8   statements, profit and loss reports, margin analyses, equity valuations, asset appraisals, financial

9   models, budgets (proposed or otherwise), investor presentations, margin analyses, pro formas,

10  regulatory filings (including income tax returns), issuance of equity or debit, loans, and money

11  owed or receivable, and any other form of financial reporting.

12  **RESPONSE TO REQUEST NO. 45:**

13      In addition to the General Objections set forth above, Maynard objects to this Request as

14  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

15  calculated to lead to the discovery of relevant or admissible evidence, including because it calls

16  for all documents over a ten year time period, extending beyond the time period, geographic scope,

17  and subject matter relevant to this Action, and it is not limited in scope to documents relating to

18  the claims and defenses at issue in this Action. Maynard also objects that the terms "financial

19  models" or "similar financial Documents" are vague and ambiguous. Maynard further objects to

20  this Request to the extent that it seeks public information—including information in Plaintiffs'

21  control—that is readily accessible by Plaintiffs and which should be collected by Plaintiffs under

22  the reasonableness and proportionality standards set forth in the Federal Rules of Civil Procedure.

23  Maynard will not produce equity valuations, asset appraisals, regulatory filings, income tax

24  returns, debt or equity issuance materials, or loans, to the extent any such materials exist, as they

25  are irrelevant and not proportional to the claims and defenses at issue in this Action, overbroad,

26  unduly burdensome, highly confidential, and unlikely to contain relevant information that could

27  not be obtained in more reasonable way. Maynard further objects to this Request as duplicative of

28  Request No. 21 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this

1    same Request, and thus this Request improperly seeks to bypass party discovery.

2        Maynard will not produce documents in response to this Request.

3    **REQUEST FOR PRODUCTION NO. 46:**

4        For each year of the Relevant Time Period, Documents sufficient to show beneficial

5    ownership in Zuffa, and any changes thereto. This Request includes Documents sufficient to show

6    the percentage of any stock or other interests owned by each Person holding a beneficial ownership

7    interest and the consideration paid for such interest.

8    **RESPONSE TO REQUEST NO. 46:**

9        In addition to the General Objections set forth above, Maynard objects to this Request as

10   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

11   calculated to lead to the discovery of relevant or admissible evidence, including because it calls

12   for documents over a ten year time period, extending beyond the time period relevant to this

13   Action, and not limited in scope to documents relating to the claims and defenses at issue in this

14   Action. Maynard also objects that the phrases "beneficial ownership," "other interests," and

15   "consideration" are vague and ambiguous. Maynard further objects to this Request as duplicative

16   of Request No. 22 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over

17   this same Request, and thus this Request improperly seeks to bypass party discovery.

18       Maynard will not produce documents in response to this Request.

19   **REQUEST FOR PRODUCTION NO. 47:**

20       Documents and data sufficient to show all compensation including salary, bonuses,

21   expense reimbursements, aviation expenses, distributions, dividends, stock awards, loans

22   (including information about repayment or forgiveness), management fees, board fees, and all

23   other compensation of any kind to all senior executives, board members, directors, beneficial

24   owners, and shareholders holding more than a 5% interest in Endeavor, including the date of the

25   compensation, the dollar value, the date of vesting, accrual, or maturation of the compensation (if

26   applicable), the source of the compensation (e.g., from a debt issuance or from corporate profits),

27   the reason given (if any) for the compensation, and the relative share received by each Person

28   receiving compensation.

**RESPONSE TO REQUEST NO. 47:**

In addition to the General Objections set forth above, Maynard objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it calls for documents over a ten year time period, which extends beyond the time period relevant to this Action, and because it is not limited in scope to documents that relate to the claims or defenses at issue in this Action. Maynard objects that this Request's use of the phrases "all other compensation," "source of the compensation," "the reason given (if any) for the compensation," and "the relative share received by each Person receiving compensation" is vague, ambiguous, overbroad, and impractical. Maynard further objects that this Request seeks information not in Maynard's possession, custody or control because it seeks documents and data sufficient to show "all compensation" to "all senior executives, board members, directors, beneficial owners, and shareholders holding more than a 5% interest in Endeavor." Maynard further objects to this Request as duplicative of Request No. 23 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Maynard will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 48:**

Documents and data sufficient to show any non-monetary benefits bestowed on any beneficial owners of Zuffa, including without limitation: (a) travel in private jets owned, leased, or paid for by You; (b) use of houses, apartments, vacation properties, or other real estate owned, leased, or paid for by You; (c) use of motor vehicles owned, leased, or paid for by You; (d) tickets for sporting events or other entertainment events paid for by You; and/or (e) any other item, service, amenity, activity, or privilege provided to one or more of the beneficial owners at Your expense.

**RESPONSE TO REQUEST NO. 48:**

In addition to the General Objections set forth above, Maynard objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

1   calculated to lead to the discovery of relevant or admissible evidence, including because it calls

2   for documents over a ten year period, which extends beyond the time period relevant to this Action,

3   and it is not limited in scope to documents related to the claims or defenses at issue in this Action.

4   Maynard objects that the phrases "non-monetary benefits," "beneficial owners," "entertainment

5   events," and "item, service, amenity, activity, or privilege" are vague and ambiguous. Maynard

6   further objects to this Request as duplicative of Request No. 24 to Zuffa. Zuffa has been actively

7   meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly

8   seeks to bypass party discovery.

9       Maynard will not produce documents in response to this Request.

10  **REQUEST FOR PRODUCTION NO. 49:**

11      For each year of the Relevant Time Period, Documents sufficient to show Your corporate

12  structure, including the organization of each division, department, unit or subdivision, parent,

13  subsidiary, joint venture or affiliate of Your company. This request includes without limitation

14  organizational charts, investor or debtor presentations, government filings, internal

15  communications, and any Documents sufficient to show each Employee or executive with

16  managerial responsibilities relating to the UFC.

17  **RESPONSE TO REQUEST NO. 49:**

18      In addition to the General Objections set forth above, Maynard objects to this Request as

19  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

20  calculated to lead to the discovery of relevant or admissible evidence, including because it seeks

21  information into Zuffa's corporate structure at a level of detail that is not relevant to any claims or

22  defenses in this Action. Maynard also objects to this Request as unintelligible as written because

23  it calls for "Documents sufficient to show" Zuffa's "corporate structure," then lists several

24  categories of documents that are purportedly called for by the Request "without limitation."

25  Maynard further objects to this Request as duplicative of Request No. 25 to Zuffa. Zuffa has been

26  actively meeting and conferring with Plaintiffs over this same Request, and thus this Request

27  improperly seeks to bypass party discovery.

28      Maynard will not produce documents in response to this Request.

NON-PARTY MICK MAYNARD'S RESPONSES
AND OBJECTIONS TO PLAINTIFFS' SUBPOENA
Case No. 21-cv-01189-RFB-BNW

**REQUEST FOR PRODUCTION NO. 50:**

All Documents constituting, referencing, or relating to Your transactional data, at the most granular level possible, for each UFC Professional MMA Event held during the Relevant Time Period, sufficient to show at a minimum the following:

a) total gate receipts from each UFC Professional MMA Event during the Relevant Time Period, broken down by event;

b) total attendance at each UFC Professional MMA Event during the Relevant Time Period, broken down by event;

c) total revenues from each PPV broadcast of UFC Professional MMA Event during the Relevant Time Period, broken down by event;

d) total revenues from non-PPV broadcast of UFC Professional MMA Event during the Relevant Time Period, broken down by event and by contracted broadcaster (e.g., ESPN, Fox, Spike, etc.);

e) total revenues from closed circuit broadcast to commercial venues such as bars, restaurants, or theaters of each UFC Professional MMA Event during the Relevant Time Period, broken down by event;

f) total revenues derived from the sale of advertising during all broadcasts of UFC Professional MMA Events, whether PPV or non-PPV, during the Relevant Time Period, broken down by month and year, by PPV or non-PPV, and by advertiser;

g) total revenues derived in any way from the Promotional and Ancillary Rights, as described in Your Promotional and Ancillary Rights Agreements with MMA Fighters, relating to all professional MMA Fighters who have been under contract with the UFC at any time during the Relevant Time Period, broken down by month and year;

h) total revenues derived from Agreements with sponsors of the UFC or of the Professional MMA Fighters who have been under contract with the UFC at any time during the Relevant Time Period;

i) total revenues by event;

j) the gross and net price paid by customers for transactions by unit, subscription, and/or

1  ticket for a single Pay Per View, ticket to a live event, or UFC Fight Pass subscription;.

2  **RESPONSE TO REQUEST NO. 50:**

3       In addition to the General Objections set forth above, Maynard objects that this Request is

4  overbroad and unduly burdensome, not proportional to the needs of the case, and not reasonably

5  calculated to lead to the discovery of relevant or admissible evidence, including because it requests

6  documents itemizing nearly every source of Zuffa's revenue from UFC Professional MMA Events

7  by bout, event, broadcast, transaction, and/or agreement for a period of ten years, which extends

8  beyond the time period relevant to this Action, seeks "All Documents" even "referencing or

9  relating" to "transactional data" at "the most granular level possible," and it is not limited in scope

10  to documents relating to the claims and defenses at issue in this Action. Maynard further objects

11  to this Request to the extent it purports to require Maynard to do anything beyond conducting a

12  reasonable search for non-objectionable, non-privileged, responsive documents and data. Maynard

13  further objects to this Request as seeking documents and information relating to fighters who

14  would not be members of the putative class and, thus, would have no likelihood of leading to the

15  discovery of relevant or admissible evidence. Maynard further objects to this Request as

16  duplicative of Request No. 26 to Zuffa. Zuffa has been actively meeting and conferring with

17  Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

18  discovery.

19       Maynard will not produce documents in response to this Request.

20  **REQUEST FOR PRODUCTION NO. 51:**

21       Documents and data in as granular form as the information is maintained, sufficient to

22  show any and all compensation paid to each UFC Fighter individually for each UFC Professional

23  MMA Bout that the UFC Fighter participated in during the Relevant Time Period, on a fighter-by-

24  fighter basis, broken down by Professional MMA Bout (so that each UFC Fighter's compensation

25  data is available in one Document or sequence of Documents, and it is produced with sufficient

26  granularity so that the compensation is clearly attributed to the UFC Professional MMA Bout at

27  which the Fighter earned it), as follows:

28       a) the date and location of each UFC Professional MMA Bout the UFC Fighter participated

1   in during the Relevant Time Period, and

2       b) the base salary the UFC Fighter received for each UFC Professional MMA Bout he or

3   she participated in during the Relevant Time Period;

4       c) all bonuses the UFC Fighter received for each UFC Professional MMA Bout he or she

5   participated in during the Relevant Time Period (including, but not limited to

6       d) any and all discretionary bonuses or payments, fight of the night, performance of the

7   night, knockout and submission of the night bonuses) bonuses), broken down by each bonus

8   received for each Professional MMA Event;

9       e) all broadcast royalties the UFC Fighter received (if any) for each UFC Professional

10  MMA Bout he or she participated in during the Relevant Time Period, broken down so that the

11  broadcast royalties are traceable to a particular UFC Professional MMA Bout (to be clear, if the

12  UFC Fighter received broadcast royalties from more than one UFC Professional MMA Bout, the

13  broadcast royalties should be clearly attributed to the specific UFC Professional MMA Bout from

14  which they were generated);

15      f) any other form of compensation the UFC Fighter received for each UFC Professional

16  MMA Bout he or she participated in during the Relevant Time Period; and, Pay Per View shares

17  the UFC Fighter received for each UFC Professional MMA Bout he or she participated in during

18  the Relevant Time Period.

19  **RESPONSE TO REQUEST NO. 51:**

20      In addition to the General Objections set forth above, Maynard objects that this Request is

21  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

22  calculated to lead to the discovery of relevant or admissible evidence, including because it requests

23  documents itemizing every payment made to every UFC Fighter by source, date, and payment type

24  for each UFC Professional MMA Bout over a ten year period, which extends beyond the time

25  period relevant to this Action, and it is not limited in scope to documents relating to the claims and

26  defenses at issue in this Action. Maynard also objects to this Request as seeking documents and

27  information relating to fighters who would not be members of the putative class and, thus, would

28  have no likelihood of leading to the discovery of relevant or admissible evidence. Maynard further

1   objects to this Request to the extent it purports to require Maynard to do anything beyond

2   conducting a reasonable search for non-objectionable, non-privileged, responsive documents and

3   data. Maynard further objects that the phrases "granular form" and "sufficient granularity" are

4   vague and ambiguous. Maynard further objects to this Request as duplicative of Request No. 27

5   to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request,

6   and thus this Request improperly seeks to bypass party discovery.

7        Maynard will not produce documents in response to this Request.

8   **REQUEST FOR PRODUCTION NO. 52:**

9        Profit and loss statements (including identity of participating fighters and compensation

10  paid to each) for each UFC Professional MMA Event.

11  **RESPONSE TO REQUEST NO. 52:**

12       Request No. 52 is duplicative and redundant of Request Nos. 44 and 45, and Maynard

13  incorporates his responses and objections to those Requests here. In addition to the General

14  Objections set forth above, Maynard objects to this Request as overbroad, unduly burdensome, not

15  proportional to the needs of the case, and not reasonably calculated to lead to the discovery of

16  relevant or admissible evidence, including because it requests profit and loss statements for each

17  event over a ten year period, extending beyond the time period relevant to this Action. Maynard

18  also objects to this Request as seeking documents and information relating to fighters who would

19  not be members of the putative class and, thus, would have no likelihood of leading to the

20  discovery of relevant or admissible evidence. Maynard also objects to this Request to the extent it

21  purports to require Maynard to do anything beyond conducting a reasonable search for non-

22  objectionable, non-privileged, responsive documents and data. Maynard further objects to this

23  Request as duplicative of Request No. 28 to Zuffa. Zuffa has been actively meeting and conferring

24  with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

25  discovery.

26       Maynard will not produce documents in response to this Request.

27  **REQUEST FOR PRODUCTION NO. 53:**

28       Documents sufficient to show Your actual costs for presenting UFC Professional MMA

1  Events, down to as granular a level as possible, including without limitation venue costs,

2  promotional costs, compensation for UFC Fighters, insurance, safety, and all other costs incidental

3  to presenting UFC Professional MMA Events.

4  **RESPONSE TO REQUEST NO. 53:**

5      Request No. 53 is duplicative and redundant of Request No. 51, and Maynard incorporates

6  his responses and objections to that Request here. In addition to the General Objections set forth

7  above, Maynard objects to this Request as overbroad, unduly burdensome, not proportional to the

8  needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible

9  evidence, including because it calls for production of documents related to all of Zuffa's costs for

10  presenting UFC Professional MMA Events without any limitation over a ten year period,

11  extending beyond the time period relevant to this Action. Maynard also objects that the phrases

12  "actual costs," "down to as granular level as possible," and "all other costs incidental to presenting"

13  are vague and ambiguous. Maynard further objects to this Request as duplicative of Request No. 29

14  to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request,

15  and thus this Request improperly seeks to bypass party discovery.

16      Maynard will not produce documents in response to this Request.

17  **REQUEST FOR PRODUCTION NO. 54:**

18      Documents sufficient to show Your actual costs for presenting UFC Professional MMA

19  Bouts, down to as granular a level as possible, including without limitation venue costs,

20  promotional costs, compensation for UFC Fighters, insurance, safety, and all other costs incidental

21  to presenting UFC Professional MMA Bouts.

22  **RESPONSE TO REQUEST NO. 54:**

23      Request No. 54 is duplicative and redundant of Request Nos. 52 and 53, and Maynard

24  incorporates his responses and objections to those Requests here. In addition to the General

25  Objections set forth above, Maynard objects to this Request as overbroad, unduly burdensome, not

26  proportional to the needs of the case, and not reasonably calculated to lead to the discovery of

27  relevant or admissible evidence, including because it calls for production of documents related to

28  all of Zuffa's costs for presenting UFC Professional MMA Bouts without any limitation over a ten

1   year period, extending beyond the time period relevant to this Action. Maynard also objects that

2   the phrases "actual costs," "down to as granular a level as possible," and "all other costs incidental

3   to presenting" are vague and ambiguous. Maynard further objects to this Request as duplicative of

4   Request No. 30 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this

5   same Request, and thus this Request improperly seeks to bypass party discovery.

6          Maynard will not produce documents in response to this Request.

7   **REQUEST FOR PRODUCTION NO. 55:**

8          Documents sufficient to show Your actual costs involved in promoting the UFC as a brand.

9   **RESPONSE TO REQUEST NO. 55:**

10         Request No. 55 is duplicative and redundant of Request Nos. 44, 45, 53, and 54, and

11  Maynard incorporates his responses and objections to those Requests here. In addition to the

12  General Objections set forth above, Maynard objects to this Request as vague, ambiguous,

13  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

14  calculated to lead to the discovery of relevant or admissible evidence, including because it requests

15  documents to show "actual costs" over a ten year time period, extending beyond the time period

16  relevant to this Action, and it is not limited in scope to documents relating to the claims and

17  defenses at issue in this Action. Maynard objects that the phrases "actual costs," "promoting," and

18  "as a brand" are vague and ambiguous. Maynard further objects to this Request as duplicative of

19  Request No. 31 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this

20  same Request, and thus this Request improperly seeks to bypass party discovery.

21         Maynard will not produce documents in response to this Request.

22  **REQUEST FOR PRODUCTION NO. 56:**

23         All documents relating to materials produced by third party analysts or consultants

24  regarding Zuffa, including without limitation reports that analyze or project demand, revenues,

25  income, profits, or market share. Documents responsive to this Request include both documents

26  produced by such third party analysts or consultants (including both those retained by You and

27  those producing such materials without an Agreement with You) and any comments, edits, or

28  drafts of such materials or other documents You created and submitted to such third party analysts

1   or consultants.

2   **RESPONSE TO REQUEST NO. 56:**

3          In addition to the General Objections set forth above, Maynard objects to this Request as

4   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

5   calculated to lead to the discovery of relevant or admissible evidence, including because it calls

6   for "All documents" even "related to" materials produced by any "third party analyst or consultant

7   regarding Zuffa" without any limitation or connection to the claims or defenses at issue in this

8   litigation, and over a ten year time period, extending beyond the time period relevant to this Action.

9   Maynard also objects that the phrases "third party analysts," "demand," and "submitted to" are

10  vague and ambiguous. Maynard further objects to the extent this Request calls for documents

11  protected from disclosure by the attorney-client privilege, work-product doctrine, or any other

12  applicable privilege. Maynard further objects to the Request to the extent that it seeks documents

13  not within Maynard's possession, custody, or control. Maynard further objects to this Request to

14  the extent that it seeks public information—including information in Plaintiffs' control—that is

15  readily accessible by Plaintiffs and which should be collected by Plaintiffs under the

16  reasonableness and proportionality standards set forth in the Federal Rules of Civil Procedure.

17  Maynard further objects to this Request as duplicative of Request No. 32 to Zuffa. Zuffa has been

18  actively meeting and conferring with Plaintiffs over this same Request, and thus this Request

19  improperly seeks to bypass party discovery.

20         Maynard will not produce documents in response to this Request.

21  **REQUEST FOR PRODUCTION NO. 57:**

22         All documents created by You or by third party analysts or consultants regarding

23  competition among MMA Promoters or would-be MMA Promoters for (a) the purchase of MMA

24  Fighter services and (b) promotion of Professional MMA Events generally, including without

25  limitation reports that analyze or project demand, revenues, income, profits or market share.

26  **RESPONSE TO REQUEST NO. 57:**

27         In addition to the General Objections set forth above, Maynard objects to this Request as

28  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

1    calculated to lead to the discovery of relevant or admissible evidence, including because it calls

2    for "All documents" over a ten year time period, extending beyond the time period relevant to this

3    Action. Maynard also objects that the term "third party analysts" is vague and ambiguous.

4    Maynard further objects to the extent this Request calls for documents protected from disclosure

5    by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Maynard

6    further objects to the Request to the extent that it seeks documents not within Maynard's

7    possession, custody, or control. Maynard further objects to this Request to the extent that it seeks

8    public information—including information in Plaintiffs' control—that is readily accessible by

9    Plaintiffs and which should be collected by Plaintiffs under the reasonableness and proportionality

10   standards set forth in the Federal Rules of Civil Procedure. Maynard further objects to this Request

11   as duplicative of Request No. 33 to Zuffa. Zuffa has been actively meeting and conferring with

12   Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

13   discovery.

14           Maynard will not produce documents in response to this Request.

15   **REQUEST FOR PRODUCTION NO. 58:**

16           All Documents referencing or relating to comparison of compensation models or

17   Agreements between the UFC and other major professional sports, including without limitation

18   boxing, pro wrestling, football, basketball, and baseball.

19   **RESPONSE TO REQUEST NO. 58:**

20           In addition to the General Objections set forth above, Maynard objects to this Request as

21   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

22   calculated to lead to the discovery of relevant or admissible evidence, including because it calls

23   for "All documents" over a ten year time period, extending beyond the time period relevant to this

24   Action, and it is not limited in scope to documents relating to the claims and defenses at issue in

25   this Action. Maynard also objects that the phrases "comparison of compensation models" and

26   "major professional sports" are vague and ambiguous. Maynard further objects to this Request as

27   duplicative of Request No. 34 to Zuffa. Zuffa has been actively meeting and conferring with

28   Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

1    discovery.

2        Maynard will not produce documents in response to this Request.

3    **REQUEST FOR PRODUCTION NO. 59:**

4        All Agreements (and any amendments thereto) entered into between You and any MMA

5    Promoter relating to the acquisition of assets, equity, or other interests of any MMA Promoter, and

6    all Documents referencing or relating to the potential or actual acquisition of assets, equity, or

7    interests of any MMA Promoter, including, but not limited to, internal strategy documents,

8    projections, cost-benefit analyses, cost estimates, and all Agreements or contracts (and any

9    amendments thereto).

10   **RESPONSE TO REQUEST NO. 59:**

11       In addition to the General Objections set forth above, Maynard objects to this Request as

12   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

13   calculated to lead to the discovery of relevant or admissible evidence, including because it would

14   require Zuffa to produce "All Agreements" over a ten year time period, extending beyond the time

15   period relevant to this Action and relating to transactions that are not challenged or at issue in this

16   Action. Neither the Complaint, nor this Request, identifies or alleges that Zuffa has engaged in

17   any acquisition of assets, equity, or other interests of any MMA Promoter during the putative class

18   period, and thus this Request is purely an impermissible fishing expedition into irrelevant

19   materials. Maynard also objects that the term "interests" as used in this Request is vague and

20   ambiguous. Maynard further objects to this Request as duplicative of Request No. 35 to Zuffa.

21   Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus

22   this Request improperly seeks to bypass party discovery.

23       Maynard will not produce documents in response to this Request.

24   **REQUEST FOR PRODUCTION NO. 60:**

25       Documents sufficient to identify each Person involved in approving or negotiating the

26   terms of any Agreements or potential Agreements for the acquisition or potential acquisition of

27   assets, or equity, or interests of any MMA Promoter.

28

1   **RESPONSE TO REQUEST NO. 60:**

2       In addition to the General Objections set forth above, Maynard objects to this Request as

3   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

4   calculated to lead to the discovery of relevant or admissible evidence, including because it calls

5   for identification of "each Person" over a ten year time period, extending beyond the time period

6   relevant to this Action and relating to transactions that are not challenged or at issue in this Action.

7   Neither the Complaint, nor this Request, identifies or alleges that Zuffa has engaged in any

8   acquisition of assets, equity, or other interests of any MMA Promoter during the putative class

9   period, and thus this Request is purely an impermissible fishing expedition into irrelevant

10   materials. Maynard also objects that the term "interests" as used in this Request is vague and

11   ambiguous. Maynard further objects to this Request as duplicative of Request No. 36 to Zuffa.

12   Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus

13   this Request improperly seeks to bypass party discovery.

14       Maynard will not produce documents in response to this Request.

15   **REQUEST FOR PRODUCTION NO. 61:**

16       Documents sufficient to Identify each Person or entity You consider to be, or considered

17   to have been, an actual or potential competitor of the UFC for (a) the purchase of MMA Fighter

18   services, and/or (b) the promotion of live Professional MMA Events in the United States or abroad.

19   **RESPONSE TO REQUEST NO. 61:**

20       In addition to the General Objections set forth above, Maynard objects to this Request as

21   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

22   calculated to lead to the discovery of relevant or admissible evidence, including because it calls

23   for documents over a ten year time period, extending beyond the time period relevant to this

24   Action. Maynard also objects that the phrases "consider to be," "considered to have been," "actual

25   or potential competitor," "purchase," and "promotion" as used in this Request are vague and

26   ambiguous. Maynard further objects to this Request to the extent it purports to require Maynard to

27   do anything beyond conducting a reasonable search for non-objectionable, non-privileged,

28   responsive documents and data. Maynard further objects that this Request purports to require the

1    production of materials that are not within Maynard's possession, custody, or control. Maynard

2    further objects to this Request as duplicative of Request No. 37 to Zuffa. Zuffa has been actively

3    meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly

4    seeks to bypass party discovery.

5         Maynard will not produce documents in response to this Request.

6    **REQUEST FOR PRODUCTION NO. 62:**

7         Documents or data sufficient to calculate the actual or potential market share held by the

8    UFC and each of the UFC's actual or potential competitors (as Identified in Request No. 61) in

9    terms of total revenue by region (US, North America, South America, Europe, Asia, and any

10   others) derived from the promotion of live Professional MMA Bouts and all other income sources,

11   including without limitation merchandising, licensing, sponsorships, advertising, video games, and

12   other income sources based on the use of Professional MMA Fighters' Identities.

13   **RESPONSE TO REQUEST NO. 62:**

14        In addition to the General Objections set forth above, Maynard objects that the Request is

15   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

16   calculated to lead to the discovery of relevant or admissible evidence, including because it calls

17   for documents regarding all income sources over a ten year time period, extending beyond the time

18   period relevant to this Action, and it is not limited in scope to the claims, defenses, or geographic

19   area at issue in this Action. Maynard also objects that this Request is vague and ambiguous because

20   it does not specify time intervals for the calculation of the "actual or potential market share," which

21   may have varied throughout the class period. Maynard further objects that the terms "actual or

22   potential market share," "actual or potential competitors," "derived from," and "based on the use

23   of Professional MMA Fighters' Identities" are vague and ambiguous. Maynard further objects to

24   this Request to the extent it purports to require Maynard to do anything beyond conducting a

25   reasonable search for non-objectionable, non-privileged, responsive documents and data. Maynard

26   further objects that this Request purports to require the production of materials that are not within

27   Maynard's possession, custody, or control. Maynard further objects to this Request as duplicative

28   of Request No. 38 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over

1    this same Request, and thus this Request improperly seeks to bypass party discovery.

2           Maynard will not produce documents in response to this Request.

3    **REQUEST FOR PRODUCTION NO. 63:**

4           Documents or data sufficient to Identify the actual and/or estimated share of Professional

5    MMA Fighters' services, by both dollar amount and number of fighters, for the purchase of the

6    services of Professional MMA Fighters by the UFC and each of Your actual or potential

7    competitors identified in your response to Request No. 61 by region (US, North America, South

8    America, Europe, Asia, and any others).

9    **RESPONSE TO REQUEST NO. 63:**

10          In addition to the General Objections set forth above, Maynard objects that this Request is

11   vague, ambiguous, and unintelligible as written. Maynard also objects to this Request to the extent

12   it purports to require Maynard to do anything beyond conducting a reasonable search for non-

13   objectionable, non-privileged, responsive documents and data. Maynard further objects that this

14   Request is not proportional to the needs of the case, nor limited in scope to the claims and defenses

15   at issue in this Action. Maynard further objects that this Request purports to require the production

16   of materials that are not within Maynard's possession, custody, or control. Maynard further objects

17   to this Request as duplicative of Request No. 39 to Zuffa. Zuffa has been actively meeting and

18   conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass

19   party discovery.

20          Maynard will not produce documents in response to this Request.

21   **REQUEST FOR PRODUCTION NO. 64:**

22          All Documents and data referencing or relating to the determination of Professional MMA

23   Fighter compensation by the UFC (identified in your response to Request No. 54, above) in the

24   promotion of live Professional MMA Events and all other income sources, including without

25   limitation merchandising, licensing, sponsorships, advertising, video games, and other income

26   sources based on the use of Professional MMA Fighters' Identities.

27   **RESPONSE TO REQUEST NO. 64:**

28          In addition to the General Objections set forth above, Maynard objects to this Request as

1  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

2  calculated to lead to the discovery of relevant or admissible evidence, including because it calls

3  for "All Documents" over a ten year time period, extending beyond the time period relevant to this

4  Action. Maynard also objects that the phrases "the determination of Professional MMA fighter

5  compensation," "other income sources," and "based on the use of Professional MMA Fighters'

6  Identities" as used in this Request are vague and ambiguous. Maynard further objects to this

7  Request as seeking documents and information relating to fighters who would not be part of the

8  putative class and, thus, would have no likelihood of leading to the discovery of relevant or

9  admissible evidence. Maynard further objects that this Request is not limited in scope to the claims

10  and defenses at issue in this Action, including because Plaintiffs do not allege an identity class in

11  this Action. Maynard further objects to this Request as duplicative of Request No. 40 to Zuffa.

12  Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus

13  this Request improperly seeks to bypass party discovery.

14        Maynard will not produce documents in response to this Request.

15  **REQUEST FOR PRODUCTION NO. 65:**

16        All Documents and data referencing or relating to the determination of Professional MMA

17  Fighter compensation by any of the UFC's actual and potential competitors (identified in your

18  response to Request No. 54, above) in the promotion of live Professional MMA Events and all

19  other income sources, including without limitation merchandising, licensing, sponsorships,

20  advertising, video games, and other income sources based on the use of Professional MMA

21  Fighters' Identities.

22  **RESPONSE TO REQUEST NO. 65:**

23        In addition to the General Objections set forth above, Maynard objects that this Request is

24  vague, ambiguous, and unintelligible as written. Maynard also objects to this Request as

25  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

26  calculated to lead to the discovery of relevant or admissible evidence, including because it calls

27  for "All Documents" over a ten year time period, extending beyond the time period relevant to this

28  Action. Maynard further objects that this Request is not limited in scope to the claims and defenses

1   at issue in this Action, including because Plaintiffs do not allege an identity class in this Action.

2   Maynard further objects that the phrases "the determination of Professional MMA fighter

3   compensation," "actual and potential competitors," "other income sources," and "based on the use

4   of Professional MMA Fighters' Identities" as used in this Request are vague and ambiguous.

5   Maynard further objects that this request is not limited in scope to the claims and defenses at issue

6   in this Action and it purports to require the production of materials that are not within Maynard's

7   possession, custody, or control. Maynard further objects to this Request as duplicative of Request

8   No. 41 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same

9   Request, and thus this Request improperly seeks to bypass party discovery.

10          Maynard will not produce documents in response to this Request.

11   **REQUEST FOR PRODUCTION NO. 66:**

12          All Documents analyzing, discussing, or relating to the competitive strengths or

13   weaknesses of actual or potential competitors (identified in your response to Request No. 61 or

14   otherwise, above) in the promotion of live Professional MMA Events and/or in the purchase of the

15   services of Professional MMA Fighters.

16   **RESPONSE TO REQUEST NO. 66:**

17          In addition to the General Objections set forth above, Maynard objects to this Request as

18   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

19   calculated to lead to the discovery of relevant or admissible evidence, including because it calls

20   for "All Documents" over a ten year time period, extending beyond the time period relevant to this

21   Action. Maynard further objects that the phrases "competitive strengths or weaknesses" and

22   "actual or potential competitors" as used in this Request is vague and ambiguous. Maynard further

23   objects to the extent this Request calls for documents protected from disclosure by the attorney-

24   client privilege, work-product doctrine, or any other applicable privilege. Maynard further objects

25   to this Request as duplicative of Request No. 42 to Zuffa. Zuffa has been actively meeting and

26   conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass

27   party discovery.

28          Maynard will not produce documents in response to this Request.

1  **REQUEST FOR PRODUCTION NO. 67:**

2      All Documents referencing or relating to communications and/or negotiations with any

3  sponsors or advertisers in connection with Endeavor's acquisition of Zuffa.

4  **RESPONSE TO REQUEST NO. 67:**

5      In addition to the General Objections set forth above, Maynard objects that this Request is

6  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

7  calculated to lead to the discovery of relevant or admissible evidence, including because it calls

8  for "All Documents" related to communications and/or negotiations with sponsors or advertisers

9  in connection with Endeavor's acquisition of Zuffa, which extends beyond the time period relevant

10  to this Action, and is not related to the claims and defenses at issue in this Action. Maynard further

11  objects to this Request as duplicative of Request No. 43 to Zuffa. Zuffa has been actively meeting

12  and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to

13  bypass party discovery.

14      Maynard will not produce documents in response to this Request.

15  **REQUEST FOR PRODUCTION NO. 68:**

16      All Documents and Communications referencing or relating to any Agreements entered

17  into by You relating to Venues for Professional MMA Events, including all Agreements, all draft

18  Agreements, and all Documents and Communications relating to negotiation of such Agreements

19  or draft Agreements.

20  **RESPONSE TO REQUEST NO. 68:**

21      In addition to the General Objections set forth above, Maynard objects that this Request is

22  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

23  calculated to lead to the discovery of relevant or admissible evidence, including because it requests

24  "All Documents and Communications" relating to agreements entered into by Zuffa related to

25  venues for Professional MMA Events over a ten year time period, extending beyond the time

26  period relevant to this Action, and it is not limited in scope to documents relating to the claims and

27  defenses at issue in this Action. Plaintiffs have neither asserted a monopolization claim in this

28  Action, nor alleged any anticompetitive conduct in connection with Zuffa's venue agreements, if

NON-PARTY MICK MAYNARD'S RESPONSES
AND OBJECTIONS TO PLAINTIFFS' SUBPOENA
Case No. 21-cv-01189-RFB-BNW

1   any, and thus this Request is purely an impermissible fishing expedition into irrelevant materials.

2   Maynard further objects to this Request as duplicative of Request No. 44 to Zuffa. Zuffa has been

3   actively meeting and conferring with Plaintiffs over this same Request, and thus this Request

4   improperly seeks to bypass party discovery.

5          Maynard will not produce documents in response to this Request.

6   **REQUEST FOR PRODUCTION NO. 69:**

7          All Documents and Communications relating to the drafting of and the reasoning behind

8   the "Exclusivity Clause" in UFC Bout Agreements, which binds UFC Fighters into a restricted

9   relationship with the UFC and prohibits them from appearing in Professional MMA Bouts

10  televised or organized by actual or potential rival promotions unless approved by the UFC.

11  **RESPONSE TO REQUEST NO. 69:**

12         In addition to the General Objections set forth above, Maynard objects to this Request as

13  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

14  calculated to lead to the discovery of relevant or admissible evidence, including because it requests

15  "All Documents and Communications" related to the drafting of and reasoning behind the

16  "Exclusivity Clause" over a ten year time period, extending beyond the time period relevant to this

17  Action. Maynard also objects to the extent this Request calls for documents protected from

18  disclosure by the attorney-client privilege, work-product doctrine, or any other applicable

19  privilege. Maynard further objects that the phrases "drafting of" and "reasoning behind" are vague

20  and ambiguous. Maynard disputes Plaintiffs' characterization of the relevant agreement provisions

21  as the "Exclusivity Clause," and further disputes Plaintiffs' assertion that they bind "UFC Fighters

22  into a restricted relationship with the UFC" and prohibit "them from appearing in Professional

23  MMA Bouts televised or organized by actual or potential rival promotions unless approved by the

24  UFC." Maynard refers to the text of the relevant agreements for their contents. Maynard further

25  objects to this Request as duplicative of Request No. 45 to Zuffa. Zuffa has been actively meeting

26  and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to

27  bypass party discovery.

28         Maynard will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 70:**

All Documents and Communications referencing or relating to the drafting of and the reasoning behind the "Champion's Clause" in UFC Bout Agreements, which allows the UFC to extend a UFC Fighter's contract for as long as the athlete is a "champion" in his or her weight class.

**RESPONSE TO REQUEST NO. 70:**

In addition to the General Objections set forth above, Maynard objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it requests "All Documents and Communications" referencing or relating to the drafting and reasoning behind the "Champion's Clause" over a ten year time period, extending beyond the time period relevant to this Action. Maynard also objects to the extent this Request calls for documents protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Maynard further objects that the phrases "drafting of" and "reasoning behind" are vague and ambiguous. Maynard disputes Plaintiffs' characterization of the relevant agreement provisions as the "Champion's Clause," and further disputes Plaintiffs' assertion that they allow "the UFC to extend a UFC Fighter's contract for as long as the athlete is a 'champion' in his or her weight class." Maynard refers to the text of the relevant agreements for their contents. Maynard further objects to this Request as duplicative of Request No. 46 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Maynard will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 71:**

All Documents and Communications referencing or relating to the drafting of and the reasoning behind the "Right to First Offer" and "Right to Match" Clauses in UFC Bout Agreements, which grant the UFC the option to match the financial terms and conditions of any offer made to a UFC Fighter for a Professional MMA Bout even after the Fighter's contract has expired.

1  **RESPONSE TO REQUEST NO. 71:**

2       In addition to the General Objections set forth above, Maynard objects to this Request as

3  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

4  calculated to lead to the discovery of relevant or admissible evidence, including because it requests

5  "All Documents and Communications" referencing or relating to the drafting of and the reasoning

6  behind the "Right to First Offer" and "Right to Match" clauses over a ten year time period,

7  extending beyond the time period relevant to this Action. Maynard also objects to the extent this

8  Request calls for documents protected from disclosure by the attorney-client privilege, work-

9  product doctrine, or any other applicable privilege. Maynard further objects that the phrases

10 "drafting of" and "reasoning behind" are vague and ambiguous. Maynard disputes Plaintiffs'

11 characterization of the relevant agreement provisions as the "Right to First Offer" and "Right to

12 Match" clauses, and further disputes Plaintiffs' assertion that they grant "the UFC the option to

13 match the financial terms and conditions of any offer made to a UFC Fights for a Professional

14 MMA Bout even after the Fighter's contract has expired." Maynard refers to the text of the relevant

15 agreements for their contents. Maynard further objects to this Request as duplicative of Request

16 No. 47 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same

17 Request, and thus this Request improperly seeks to bypass party discovery.

18       Maynard will not produce documents in response to this Request.

19 **REQUEST FOR PRODUCTION NO. 72:**

20       All Documents and Communications referencing or relating to the drafting of and the

21 reasoning behind the "Ancillary Rights Clause" in the Promotional and Ancillary Rights

22 Agreements, which grants the UFC exclusive and perpetual worldwide personality and Identity

23 rights of the UFC Fighter.

24 **RESPONSE TO REQUEST NO. 72:**

25       In addition to the General Objections set forth above, Maynard objects to this Request as

26 overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

27 calculated to lead to the discovery of relevant or admissible evidence, including because it requests

28 "All Documents and Communications" referencing or relating to the drafting of and reasoning

1  behind the "Ancillary Rights Clause" over a ten year time period, extending beyond the time period

2  relevant to this Action. Maynard also objects to the extent this Request calls for documents

3  protected from disclosure by the attorney-client privilege, work-product doctrine, or any other

4  applicable privilege. Maynard further objects that the phrases "drafting of" and "reasoning behind"

5  are vague and ambiguous. Maynard further objects that this Request is not limited in scope to the

6  claims and defenses at issue in this Action, including because Plaintiffs do not allege an identity

7  class in this Action. Maynard disputes Plaintiffs' characterization of the relevant agreement

8  provisions as the "Ancillary Rights Clause," and further disputes Plaintiffs' assertion that they

9  grant "the UFC exclusive and perpetual worldwide personality and Identity rights of the UFC

10  Fighter." Maynard refers to the text of the relevant agreements for their contents. Maynard further

11  objects to this Request as duplicative of Request No. 48 to Zuffa. Zuffa has been actively meeting

12  and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to

13  bypass party discovery.

14       Maynard will not produce documents in response to this Request.

15  **REQUEST FOR PRODUCTION NO. 73:**

16       All Documents and Communications referencing or relating to the drafting of and the

17  reasoning behind the "Promotion Clause" in the Promotional and Ancillary Rights Agreements,

18  which requires UFC Fighters to attend, cooperate, and assist in the promotion of Professional

19  MMA Bouts in which they fight and, as required by the UFC, any other Professional MMA Bouts,

20  Professional MMA Events, broadcasts, press conferences and sale of UFC Licensed Merchandise.

21  **RESPONSE TO REQUEST NO. 73:**

22       In addition to the General Objections set forth above, Maynard objects to this Request as

23  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

24  calculated to lead to the discovery of relevant or admissible evidence, including because it requests

25  "All Documents and Communications" referencing or relating to the drafting of and reasoning

26  behind the "Promotion Clause" over a ten year time period, extending beyond the time period

27  relevant to this Action. Maynard also objects to the extent this Request calls for documents

28  protected from disclosure by the attorney-client privilege, work-product doctrine, or any other

1   applicable privilege. Maynard further objects that the phrases "drafting of," "reasoning behind,"

2   "attend, cooperate, and assist in the promotion," and "broadcasts, press conferences and sale" are

3   vague and ambiguous. Maynard disputes Plaintiffs' characterization of the relevant agreement

4   provisions as the "Promotion Clause," and further disputes Plaintiffs' assertion that they require

5   "UFC Fighters to attend, cooperate, and assist in the promotion of Professional MMA Bouts in

6   which they fight and, as required by the UFC, any other Professional MMA Bouts, Professional

7   MMA Events, broadcasts, press conferences and sale of UFC Licensed Merchandise." Maynard

8   refers to the text of the relevant agreements for their contents. Maynard further objects to this

9   Request as duplicative of Request No. 49 to Zuffa. Zuffa has been actively meeting and conferring

10  with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

11  discovery.

12       Maynard will not produce documents in response to this Request.

13  **REQUEST FOR PRODUCTION NO. 74:**

14       All Documents and Communications referencing or relating to the drafting of and the

15  reasoning behind the "Retirement Clause" which gives the UFC the power "to retain the rights to

16  a retired fighter in perpetuity.".

17  **RESPONSE TO REQUEST NO. 74:**

18       In addition to the General Objections set forth above, Maynard objects to this Request as

19  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

20  calculated to lead to the discovery of relevant or admissible evidence, including because it requests

21  "All Documents and Communications" referencing or relating to the drafting of and reasoning

22  behind the "Retirement Clause" over a ten year time period, extending beyond the time period

23  relevant to this Action. Maynard also objects to the extent this Request calls for documents

24  protected from disclosure by the attorney-client privilege, work-product doctrine, or any other

25  applicable privilege. Maynard further objects that the phrases "drafting of" and "reasoning behind"

26  are vague and ambiguous. Maynard disputes the Plaintiffs' characterization of the relevant

27  agreement provisions as the "Retirement Clause," and further disputes Plaintiffs' assertion that

28  they give the UFC the power "to retain the rights to a retired fighter in perpetuity." Maynard refers

1    to the text of the relevant agreements for their contents. Maynard further objects to this Request as

2    duplicative of Request No. 50 to Zuffa. Zuffa has been actively meeting and conferring with

3    Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

4    discovery.

5          Maynard will not produce documents in response to this Request.

6    **REQUEST FOR PRODUCTION NO. 75:**

7          All Documents and Communications referencing or relating to the drafting of and the

8    reasoning behind the tolling provisions, which extend the term of a UFC Fighter's contract during

9    periods when he or she is injured, retired, or otherwise declines to compete.

10   **RESPONSE TO REQUEST NO. 75:**

11         In addition to the General Objections set forth above, Maynard objects to this Request as

12   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

13   calculated to lead to the discovery of relevant or admissible evidence, including because it requests

14   "All Documents and Communications" referencing or relating to the drafting of and the reasoning

15   behind the tolling provisions over a ten year time period, extending beyond the time period relevant

16   to this Action. Maynard also objects to the extent this Request calls for documents protected from

17   disclosure by the attorney-client privilege, work-product doctrine, or any other applicable

18   privilege. Maynard further objects that the phrases "drafting of," "reasoning behind," "tolling

19   provisions," and "otherwise declines to compete" are vague and ambiguous. Maynard disputes the

20   Plaintiffs' characterization of the relevant agreement provisions as "tolling provisions," and further

21   disputes Plaintiffs' assertion that they extend "the term of a UFC Fighter's contract during periods

22   when he or she is injured, retired, or otherwise declines to compete." Maynard refers to the text of

23   the relevant agreements for their contents. Maynard further objects to this Request as duplicative

24   of Request No. 51 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over

25   this same Request, and thus this Request improperly seeks to bypass party discovery.

26         Maynard will not produce documents in response to this Request.

27   **REQUEST FOR PRODUCTION NO. 76:**

28         All Documents and Communications referencing or relating to the drafting of and the

1   reasoning behind the "Sponsorship and Endorsement Clause," which appears to grant the UFC

2   sole discretion over all sponsorship and endorsement approvals.

3   **RESPONSE TO REQUEST NO. 76:**

4          In addition to the General Objections set forth above, Maynard objects to this Request as

5   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

6   calculated to lead to the discovery of relevant or admissible evidence, including because it requests

7   "All Documents and Communications" referencing or relating to the drafting of and the reasoning

8   behind the "Sponsorship and Endorsement Clause" over a ten year time period, extending beyond

9   the time period relevant to this Action. Maynard also objects to the extent this Request calls for

10  documents protected from disclosure by the attorney-client privilege, work-product doctrine, or

11  any other applicable privilege. Maynard further objects that the phrases "drafting of" and

12  "reasoning behind" are vague and ambiguous. Maynard further objects that this Request is not

13  limited in scope to the claims and defenses at issue in this Action, including because Plaintiffs do

14  not allege an identity class in this Action. Maynard disputes the Plaintiffs' characterization of the

15  relevant agreement provisions as the "Sponsorship and Endorsement Clause," and further disputes

16  Plaintiffs' assertion that they appear "to grant the UFC sole discretion over all sponsorship and

17  endorsement approvals." Maynard refers to the text of the relevant agreements for their contents.

18  Maynard further objects to this Request as duplicative of Request No. 52 to Zuffa. Zuffa has been

19  actively meeting and conferring with Plaintiffs over this same Request, and thus this Request

20  improperly seeks to bypass party discovery.

21         Maynard will not produce documents in response to this Request.

22  **REQUEST FOR PRODUCTION NO. 77:**

23         All Documents and Communications analyzing or quantifying the overall impact or effect

24  of the contractual clauses in Zuffa's Promotional and Ancillary Rights Agreements on (a) UFC

25  Fighters' mobility or compensation, and/or (b) the ability of Zuffa's competitors (as identified in

26  your response to Request No. 61, supra, or otherwise) to compete for Professional MMA Fighters

27  services or to promote Professional MMA Events that can successfully compete against Zuffa.

28

**RESPONSE TO REQUEST NO. 77:**

In addition to the General Objections, Maynard objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it calls for "All Documents and Communications" over a ten year time period, extending beyond the time period relevant to this Action. Maynard also objects to the extent this Request calls for documents protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Maynard further objects that the phrases "overall impact," "effect," "mobility," and "successfully" are vague and ambiguous. Maynard further objects to this Request as duplicative of Request No. 53 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Maynard will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 78:**

Documents sufficient to identify each of Your Employees or agents involved in approving or negotiating the terms of each of Your Agreements with any Professional MMA Fighters.

**RESPONSE TO REQUEST NO. 78:**

In addition to the General Objections set forth above, Maynard objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it calls for documents over a ten year period, extending beyond the time period relevant to this Action, and it is not limited in scope to agreement terms related to the claims or defenses at issue in this Action, including the lack of specificity regarding the subject of any "Agreements with any Professional MMA Fighters." Maynard further objects to this Request to the extent it purports to require Maynard to do anything beyond conducting a reasonable search for non-objectionable, non-privileged, responsive documents and data. Maynard further objects to this Request as duplicative of Request No. 54 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

1    discovery.

2        Maynard will not produce documents in response to this Request.

3    **REQUEST FOR PRODUCTION NO. 79:**

4        All Documents and Communications relating to any Agreements between You and any

5    other MMA Promoter (past or present) relating to a Professional MMA Fighter's services,

6    including all executed Agreements (and any amendments thereto), draft Agreements, and all

7    Documents and Communications relating to the negotiation of such agreements, regardless of

8    whether an Agreement was executed.

9    **RESPONSE TO REQUEST NO. 79:**

10       Request No. 79 is duplicative and redundant of Request Nos. 28 and 29, and Maynard

11   incorporates his responses and objections to those Requests here. In addition to the General

12   Objections set forth above, Maynard objects that this Request is overbroad, unduly burdensome,

13   not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of

14   relevant or admissible evidence, including because its request for "all executed Agreements (and

15   any amendments thereto)" with past or present MMA Promoters over a period of ten years extends

16   beyond the time period relevant to this Action and is not limited in scope to documents related to

17   the claims and defenses at issue in this Action. Maynard also objects to this Request as seeking

18   documents and information relating to fighters who would not be members of the putative class

19   and, thus, would have no likelihood of leading to the discovery of relevant or admissible evidence.

20   Maynard further objects to the extent this Request calls for documents protected from disclosure

21   by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Maynard

22   further objects to this Request as duplicative of Request No. 55 to Zuffa. Zuffa has been actively

23   meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly

24   seeks to bypass party discovery.

25       Maynard will not produce documents in response to this Request.

26   **REQUEST FOR PRODUCTION NO. 80:**

27       Documents sufficient to identify each of Your Employees or agents involved in approving

28   or negotiating the terms of any Agreements or potential Agreements with any other MMA

Promoter (past or present) relating to the provision of Professional MMA Fighter services.

**RESPONSE TO REQUEST NO. 80:**

In addition to the General Objections set forth above, Maynard objects that this Request is overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it seeks documents relating to each employee over a ten year period, extending beyond the time period relevant to this Action, and is not limited to documents related to individuals who may have some role in the claims or defenses in this Action. Maynard also objects that the phrase "potential Agreements" is vague, ambiguous, and confusing. Maynard further objects to this Request to the extent it purports to require Maynard to do anything beyond conducting a reasonable search for non-objectionable, non-privileged, responsive documents and data. Maynard further objects to this Request as duplicative of Request No. 56 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Maynard will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 81:**

All Documents and Communications constituting or relating to Agreements between You and any broadcaster of professional MMA events (including PPV and non-PPV Professional MMA Events), including without limitation all executed Agreements (and any amendments thereto), draft Agreements, and all Documents and Communications relating to the negotiation of such Agreements, Documents and Communications analyzing the terms of any actual or potential such Agreement, regardless of whether an Agreement was executed.

**RESPONSE TO REQUEST NO. 81:**

In addition to the General Objections set forth above, Maynard objects that this Request is overbroad, unduly burdensome, not proportional to the needs of the case, and seeks documents that have no likelihood of leading to the discovery of relevant or admissible evidence, including because it calls for "All Documents and Communications" over a ten year time period, extending beyond the time period relevant to this Action. Maynard further objects that the phrases

"analyzing" and "potential such Agreement" are vague, ambiguous, and confusing. Maynard further objects to the extent this Request calls for documents protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Plaintiffs have neither asserted a monopolization claim in this Action, nor alleged any anticompetitive conduct in connection with Zuffa's broadcasting agreements, if any, and thus this Request is purely an impermissible fishing expedition into irrelevant materials. Maynard further objects to this Request as duplicative of Request No. 57 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Maynard will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 82**

Documents sufficient to identify each of Your Employees and agents involved in approving or negotiating the terms of any Agreements or potential Agreements with any broadcaster of professional MMA events (including PPV).

**RESPONSE TO REQUEST NO. 82:**

In addition to the General Objections set forth above, Maynard objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it calls for documents related to "any Agreements" over a ten year time period, extending beyond the time period relevant to this Action, and it is not limited to documents related to individuals who may have had some role in the claims and defenses at issue in this Action. Maynard also objects to the phrase "potential Agreements" as vague, ambiguous, and confusing. Plaintiffs have neither asserted a monopolization claim in this Action, nor alleged any anticompetitive conduct in connection with Zuffa's broadcasting agreements, if any, and thus this Request is purely an impermissible fishing expedition into irrelevant materials. Maynard further objects to this Request to the extent it purports to require Maynard to do anything beyond conducting a reasonable search for non-objectionable, non-privileged, responsive documents and data. Maynard further objects to this Request as duplicative of Request No. 58 to Zuffa. Zuffa has been actively meeting and

1    conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass

2    party discovery.

3          Maynard will not produce documents in response to this Request.

4    **REQUEST FOR PRODUCTION NO. 83:**

5          All Documents and Communications relating to Agreements between You and any

6    sponsors of the UFC or of the Professional MMA Fighters under contract with the UFC, including

7    without limitation all executed Agreements (and any amendments thereto), draft Agreements, and

8    all Documents and Communications relating to the negotiation of such Agreements, regardless of

9    whether an Agreement was executed.

10   **RESPONSE TO REQUEST NO. 83:**

11         In addition to the General Objections set forth above, Maynard objects that this Request is

12   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

13   calculated to lead to the discovery of relevant or admissible evidence, including because it asks for

14   "All Documents and Communications" relating to all agreements with sponsors over a ten year

15   time period, extending beyond the time period relevant to this Action, and it is not limited in scope

16   to documents relating to the claims and defenses at issue in this Action. Maynard also objects to

17   this Request as seeking documents and information relating to fighters who would not be members

18   of the putative class and, thus, would have no likelihood of leading to the discovery of relevant or

19   admissible evidence. Maynard further objects to the extent this Request calls for documents

20   protected from disclosure by the attorney-client privilege, work-product doctrine, or any other

21   applicable privilege. Plaintiffs have neither asserted a monopolization claim in this Action, nor

22   alleged any anticompetitive conduct in connection with Zuffa's sponsorship agreements, if any,

23   and thus this Request is purely an impermissible fishing expedition into irrelevant materials.

24   Maynard further objects to this Request as duplicative of Request No. 59 to Zuffa. Zuffa has been

25   actively meeting and conferring with Plaintiffs over this same Request, and thus this Request

26   improperly seeks to bypass party discovery.

27         Maynard will not produce documents in response to this Request.

28

**REQUEST FOR PRODUCTION NO. 84:**

Documents sufficient to identify each of Your Employees and/or agents involved in approving or negotiating the terms of any Agreements or potential Agreements with any sponsors of the UFC or the Professional MMA Fighters under contract with the UFC.

**RESPONSE TO REQUEST NO. 84:**

In addition to the General Objections set forth about, Maynard objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of relevant or admissible evidence, including because it requests identification of all employees over a ten year time period, extending beyond the time period relevant to this Action, and it is not limited in scope to documents relating to the claims and defenses at issue in this Action. Plaintiffs have neither asserted a monopolization claim in this Action, nor alleged any anticompetitive conduct in connection with Zuffa's sponsorship agreements, if any, and thus this Request is purely an impermissible fishing expedition into irrelevant materials. Maynard further objects to this Request to the extent it purports to require Maynard to do anything beyond conducting a reasonable search for non-objectionable, non-privileged, responsive documents and data. Maynard further objects to this Request as duplicative of Request No. 60 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Maynard will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 85:**

All Documents referencing or relating to the ability of any UFC Fighter to switch to and/or fight for, an actual or potential rival promotion. Responsive Documents include, but are not limited to, Documents referencing or relating to the costs to UFC Fighters and/or their managers or promoters associated with such a switch, any requirements or obligations imposed by a contract between the UFC and UFC Fighters, and/or Documents concerning communications or negotiations between the UFC and UFC Fighters with respect to a switch or potential switch from the UFC to a rival MMA Promoter.

1    **RESPONSE TO REQUEST NO. 85:**

2        In addition to the General Objections set forth above, Maynard objects to this Request as

3    overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

4    calculated to the discovery of relevant or admissible evidence, including because it calls for "All

5    Documents" over a ten year time period, extending beyond the time period relevant to this Action.

6    Maynard also objects that the phrase "switch to and/or fight for" as used in this Request is vague

7    and ambiguous. Maynard also objects to this Request as seeking documents and information

8    relating to fighters who would not be members of the putative class and, thus, would have no

9    likelihood of leading to the discovery of relevant or admissible evidence. Maynard further objects

10   to this Request as duplicative of Request No. 61 to Zuffa. Zuffa has been actively meeting and

11   conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass

12   party discovery.

13       Maynard will not produce documents in response to this Request.

14   **REQUEST FOR PRODUCTION NO. 86:**

15       All communications between you and anyone else referencing or relating to this lawsuit or

16   Le, et al. v. Zuffa, LLC, 2:21-cv-1189-RFB-BNW (D. Nev.), or any of the named plaintiffs in

17   either of those cases, exclusive of any communications protected by the Attorney/Client Privilege.

18   **RESPONSE TO REQUEST NO. 86:**

19       In addition to the General Objections set forth above, Maynard objects that this Request is

20   overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

21   calculated to lead to the discovery of relevant or admissible evidence, including because it requests

22   "All Communications" and does not limit the scope of its request to communications relating to

23   any of the named plaintiffs in this Action, to the claims and defenses at issue in this Action, or to

24   the time period of the allegations in this Action. Maynard further objects that this Request is

25   unintelligible and cannot be responded to because the case citation refers to a case name that is

26   different from the case number cited. Maynard further objects to this Request as duplicative of

27   Request No. 62 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this

28   same Request, and thus this Request improperly seeks to bypass party discovery.

1    Maynard will not produce documents in response to this Request.

2    **REQUEST FOR PRODUCTION NO. 87:**

3    All Documents referencing or relating to indemnification or defense (corporate or

4    individual), judgment sharing, joint defense, liability or responsibility for judgment in this action,

5    for You and any of your officers, including by way of example not limitation, indemnity

6    Agreements, joint defense Agreements, judgment sharing Agreements, tenders of defense, denials

7    or reservations of rights.

8    **RESPONSE TO REQUEST NO. 87:**

9    In addition to the General Objections set forth above, Maynard objects to this Response as

10    overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

11    calculated to lead to the discovery of relevant or admissible evidence, including because it requests

12    "All Documents" over a ten year time period, extending beyond the time period relevant to this

13    Action, and it is not limited in scope to documents relating to the claims and defenses at issue in

14    this Action. Maynard further objects because the phrases "indemnification or defense (corporate

15    or individual)" and "by way of example not limitation" are unintelligible as written. Maynard

16    further objects to this Request as duplicative of Request No. 63 to Zuffa. Zuffa has been actively

17    meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly

18    seeks to bypass party discovery.

19    Maynard will not produce documents in response to this Request.

20    **REQUEST FOR PRODUCTION NO. 88:**

21    All Documents referencing or relating to any websites operated by You or on Your behalf,

22    including Documents sufficient to show who had responsibility for creating, maintaining, and

23    adding or deleting content (including any private messaging) to or from such websites.

24    **RESPONSE TO REQUEST NO. 88:**

25    In addition to the General Objections set forth above, Maynard objects that this Request is

26    overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

27    calculated to lead to the discovery of relevant or admissible evidence, including because it requests

28    "All Documents" over a ten year time period, extending beyond the time period relevant to this

1   Action, and does not limit the scope of the Request to documents relating to the claims and

2   defenses at issue in this Action. Plaintiffs' Request seeking "All Documents" referencing or

3   relating to "any website operated by You or on Your behalf" for a period of ten years would require

4   Maynard to produce a burdensome, unreasonable, and disproportionate number of documents,

5   many of which would be far outside the scope of this Action and have no likelihood of leading to

6   the discovery of relevant or admissible evidence. Maynard also objects that the phrases

7   "maintaining" and "on Your behalf" as used in this Request is vague and ambiguous. Maynard

8   further objects to this Request as duplicative of Request No. 64 to Zuffa. Zuffa has been actively

9   meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly

10  seeks to bypass party discovery.

11          Maynard will not produce documents in response to this Request.

12  **REQUEST FOR PRODUCTION NO. 89:**

13          Documents sufficient to identify each Person responsible for any Social Media account

14  operated by or on behalf of Zuffa, including documents sufficient to show who had responsibility

15  for creating, maintaining, and adding or deleting content (including any private messaging) to or

16  from such Social Media accounts.

17  **RESPONSE TO REQUEST NO. 89:**

18          In addition to the General Objections set forth above, Maynard objects to this Request as

19  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

20  calculated to lead to the discovery of relevant or admissible evidence. Maynard further objects to

21  the phrases "on behalf of Zuffa" and "maintaining" as vague and ambiguous. Maynard further

22  objects to this Request to the extent it purports to require Maynard to do anything beyond

23  conducting a reasonable search for non-objectionable, non-privileged, responsive documents and

24  data. Maynard further objects to this Request as duplicative of Request No. 65 to Zuffa. Zuffa has

25  been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request

26  improperly seeks to bypass party discovery.

27          Maynard will not produce documents in response to this Request.

28

1  **REQUEST FOR PRODUCTION NO. 90:**

2      All contracts or Agreements between the UFC and any Social Media organization.

3  **RESPONSE TO REQUEST NO. 90:**

4      In addition to the General Objections, Maynard objects that this Request is overbroad to

5  the extent that it calls for "All contracts or Agreements" over a ten year time period, extending

6  beyond the time period relevant to this Action, seeks documents that are not relevant to the claims

7  or defenses at issue in this Action, and thus is not reasonably calculated to lead to the discovery of

8  relevant or admissible evidence, and is not proportional to the needs of the case. Maynard further

9  objects to this Request as duplicative of Request No. 66 to Zuffa. Zuffa has been actively meeting

10  and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to

11  bypass party discovery.

12      Maynard will not produce documents in response to this Request.

13  **REQUEST FOR PRODUCTION NO. 91:**

14      All Documents and Communications relating to any content posted to any website or Social

15  Media relating to UFC Professional MMA Bouts, including pre-bout promotional content and

16  post-bout content.

17  **RESPONSE TO REQUEST NO. 91:**

18      In addition to the General Objections set forth above, Maynard objects that this Request is

19  overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

20  calculated to lead to the discovery of relevant or admissible evidence, including because it calls

21  for "All Documents and Communications" relating to "any content posted to any website" over a

22  ten year time period, extending beyond the time period relevant to this Action, it is not limited in

23  scope to documents related to the claims and defenses at issue in this Action, and it is not limited

24  to websites controlled by Maynard or Zuffa or statements made by Zuffa employees acting in their

25  capacity as Zuffa employees. Maynard further objects to this Request to the extent that it seeks

26  public information—including information in Plaintiffs' control—that is readily accessible by

27  Plaintiffs and which should be collected by Plaintiffs under the reasonableness and proportionality

28  standards set forth in the Federal Rules of Civil Procedure. Maynard further objects to this Request

1  as duplicative of Request No. 67 to Zuffa. Zuffa has been actively meeting and conferring with

2  Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

3  discovery.

4      Maynard will not produce documents in response to this Request.

5  **REQUEST FOR PRODUCTION NO. 92**

6      All Documents, including any content posted to any website or Social Media, referencing

7  or relating to any Professional MMA Fighters under contract with the UFC.

8  **RESPONSE TO REQUEST NO. 92:**

9      In addition to the General Objections set forth above, Maynard objects that this Request,

10  as phrased, is overbroad, unduly burdensome, not proportional to the needs of the case, and not

11  reasonably calculated to lead to this discovery of relevant or admissible evidence, including

12  because it calls for "All Documents" referencing or relating to "Professional MMA Fighters under

13  contract with the UFC" over a ten year period, extending beyond the time period relevant to this

14  Action, and it is not limited in scope to documents relating to the claims and defenses at issue in

15  this Action. To the extent this Request calls for "content posted to any website or Social Media,"

16  Maynard objects that it is not limited to website or Social Media controlled by Maynard or Zuffa

17  or statements made by Zuffa employees acting in their capacity as Zuffa employees. Maynard

18  further objects that this Request seeks public information—including information in Plaintiffs'

19  control—that is readily accessible by Plaintiffs and which should be collected by Plaintiffs under

20  the reasonableness and proportionality standards set forth in the Federal Rules of Civil Procedure.

21  Maynard further objects to this Request to the extent it purports to require Maynard to maintain

22  information removed or deleted from website and/or Social Media prior to the filing of this lawsuit.

23  Maynard further objects to this Request as seeking documents and information relating to fighters

24  who would not be part of the putative class and, thus, would have no likelihood of leading to the

25  discovery of relevant or admissible evidence. Maynard further objects to this Request as

26  duplicative of Request No. 68 to Zuffa. Zuffa has been actively meeting and conferring with

27  Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party

28  discovery.

1    Maynard will not produce documents in response to this Request.

2    **REQUEST FOR PRODUCTION NO. 93:**

3    All Documents referencing or relating to Zuffa's registration with any regulatory bodies

4    governing the MMA industry. Include all Documents referencing or relating to any suspensions of

5    Zuffa for any reason by any government agency or any Person responsible for regulation,

6    supervision, licensing, permitting or safety of Professional MMA Bouts and Professional MMA

7    Fighters.

8    **RESPONSE TO REQUEST NO. 93:**

9    In addition to the General Objections set forth above, Maynard objects to this Request as

10    overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably

11    calculated to lead to the discovery of relevant or admissible evidence, including because it seeks

12    "All Documents" over a ten year period, which extends beyond the time period relevant to this

13    Action, and it is not limited to documents related to the claims and defenses at issue in this Action.

14    Maynard further objects to this Request as duplicative of Request No. 69 to Zuffa. Zuffa has been

15    actively meeting and conferring with Plaintiffs over this same Request, and thus this Request

16    improperly seeks to bypass party discovery.

17    Maynard will not produce documents in response to this Request.

18    **REQUEST FOR PRODUCTION NO. 94:**

19    All Documents and Communications relating to meetings or the business of Your Board

20    of Directors, including without limitation all agendas, minutes, presentations, Agreements, and

21    resolutions created by or for the Board of Directors, including all Documents and Communications

22    directed to and presented by management or outside professionals, which address capital raises,

23    business combinations, dividends and any other executive compensation matters.

24    **RESPONSE TO REQUEST NO. 94:**

25    In addition to the General Objections set forth above, Maynard objects to this Request as

26    overboard, unduly burdensome, not proportional to the needs of the case, and not reasonably

27    calculated to lead to the discovery of relevant or admissible evidence, including because it seeks

28    "All Documents and Communications" over a ten year period, extending beyond the time period

relevant to this Action, and it is not limited to documents related to the claims and defenses at issue in this Action. Maynard also objects that the phrase "directed to and presented by management or outside professionals" is vague and ambiguous. Maynard further objects to this Request as duplicative of Request No. 70 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Maynard will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 95:**

All Documents and Communications relating to any provision of Your Promotional and Ancillary Rights Agreement that terminated any rights You had under the contract after a stated amount of time notwithstanding any provision that could otherwise extend the term of the Agreement, including all documents discussing the purpose(s) of such provisions, documents discussing the reason(s) for no longer including them, and documents constituting or reflecting analyses of the effects of such provision(s) on Your business.

**RESPONSE TO REQUEST NO. 95:**

In addition to the General Objections set forth above, Maynard objects that this Request, as phrased, is overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to this discovery of relevant or admissible evidence, including because it calls for "All Documents and Communications" over a ten year period, extending beyond the time period relevant to this Action, and it is not limited to documents relating to the claims and defenses at issue in this Action. Maynard also objects to the extent this Request calls for documents protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege. Maynard further objects that the phrases "any provision," "terminated any rights You had," "under the contract," "otherwise extend the term," "effects," and "business" are vague and ambiguous. Maynard further objects to this Request as duplicative of Request No. 71 to Zuffa. Zuffa has been actively meeting and conferring with Plaintiffs over this same Request, and thus this Request improperly seeks to bypass party discovery.

Maynard will not produce documents in response to this Request.

1    Dated: April 2, 2025                    Respectfully Submitted,

2                                            /s/ *Christopher S. Yates*

WILLIAM A. ISAACSON (*Pro hac vice*)        CHRISTOPHER S. YATES (*Pro hac vice*)
3    wisaacson@paulweiss.com                 chris.yates@lw.com
KAREN L. DUNN (*Pro hac vice*)              AARON T. CHIU (*Pro hac vice*)
4    ldunn@paulweiss.com                     aaron.chiu@lw.com
JESSICA PHILLIPS (*Pro hac vice*)           LATHAM & WATKINS LLP
5    jphillips@paulweiss.com                 505 Montgomery Street, Suite 2000
PAUL, WEISS, RIFKIND, WHARTON &             San Francisco, CA 94111
6    GARRISON LLP                            Tel: (415) 395-8095
2001 K Street, NW
7    Washington, DC 20006                    SEAN M. BERKOWITZ (*Pro hac vice*)
                                             sean.berkowitz@lw.com
8    BRETTE M. TANNENBAUM (*Pro hac vice*)   LATHAM & WATKINS LLP
btannenbaum@paulweiss.com                   330 North Wabash Ave, Suite 2800
9    YOTAM BARKAI (*Pro hac vice*)           Chicago, IL 60611
ybarkai@paulweiss.com
10   PAUL, WEISS, RIFKIND, WHARTON &         LAURA WASHINGTON (*Pro hac vice*)
GARRISON LLP                                laura.washington@lw.com
11   1285 Avenue of the Americas            LATHAM & WATKINS LLP
New York, NY 10019                          10250 Constellation Blvd, Suite 1100
12                                           Los Angeles, CA 90067

13   DONALD J. CAMPBELL (No. 1216)
djc@campbellandwilliams.com                 DAVID L. JOHNSON (*Pro hac vice*)
J. COLBY WILLIAMS (No. 5549)                david.johnson@lw.com
14   jcw@campbellandwilliams.com            LATHAM & WATKINS LLP
CAMPBELL & WILLIAMS                          555 Eleventh Street NW, Suite 1000
15   700 South 7th Street                   Washington, D.C. 20004
Las Vegas, Nevada 89101
16   Tel: (702) 382-5222

17

18   *Attorneys for Defendants Zuffa, LLC, TKO Operating Company, and Endeavor Group Holdings, Inc.*

19

20

21

22

23

24

25

26

27

28