# EXHIBIT 25
# PUBLIC/REDACTED VERSION

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Kajan Johnson, Clarence Dollaway, and Tristan Connelly, on behalf of themselves and those similarly situated,<br><br>        Plaintiffs,<br><br>    vs.<br><br>Zuffa LLC, Zuffa Parent LLC n/k/a TKO Operating Company, LLC (d/b/a Ultimate Fighting Championship and UFC), and Endeavor Group Holdings, Inc.,<br><br>       Defendants. | Case No: 2:21-cv-01189-RFB-BNW<br><br>**PLAINTIFFS' NOTICE OF SUBPOENA FOR PRODUCTION OF DOCUMENTS TO CERTAIN NON-PARTIES** |
| Mikhail Cirkunovs, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>    vs.<br><br>Zuffa LLC, Zuffa Parent LLC n/k/a TKO Operating Company, LLC (d/b/a Ultimate Fighting Championship and UFC), and Endeavor Group Holdings, Inc.,<br><br>       Defendants. | No.: 2:25-cv-00914-RFB-BNW |
| Phil Davis, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>    vs.<br><br>Zuffa LLC, Zuffa Parent LLC n/k/a TKO Operating Company, LLC (d/b/a Ultimate Fighting Championship and UFC), and Endeavor Group Holdings, Inc.,<br><br>       Defendants. | No.: 2:25-cv-00946-RFB-BNW |

2:21-cv-01189-RFB-BNW

PLEASE TAKE NOTICE that, pursuant to Rules 26, 34(c) and 45 of the Federal Rules of Civil Procedure, Plaintiffs will serve the attached subpoenas for the production of documents on December 17, 2025, to the following commanding the production of the papers and documents as set forth in the attached subpoenas:

| Producing Party | Date/Time | Location |
|---|---|---|
| WhatsApp LLC | January 17, 2026 5:00 p.m. | BERGER MONTAGUE 505 Montgomery Street Suite 625 San Francisco, CA 94111 |
| Instagram, LLC | January 17, 2026 5:00 p.m | BERGER MONTAGUE 505 Montgomery Street Suite 625 San Francisco, CA 94111 |
| Meta Platforms, Inc. | January 17, 2026 5:00 p.m | BERGER MONTAGUE 505 Montgomery Street Suite 625 San Francisco, CA 94111 |
| Discord Inc. | January 17, 2026 5:00 p.m | VERITEXT LEGAL SOLUTIONS 707 Wilshire Boulevard, Suite 3500 Los Angeles, CA 90017 |
| TikTok Inc. | January 17, 2026 5:00 p.m | BERGER MONTAGUE 505 Montgomery Street Suite 625 San Francisco, CA 94111 |
| Life360, Inc. | January 17, 2026 5:00 p.m | BERGER MONTAGUE 505 Montgomery Street Suite 625 San Francisco, CA 94111 |
| Viber Media, Inc. | January 17, 2026 5:00 p.m | BERGER MONTAGUE 8241 La Mesa Blvd, Suite A La Mesa, CA 91942 |
| Tencent America LLC | January 17, 2026 5:00 p.m | BERGER MONTAGUE 505 Montgomery Street Suite 625 San Francisco, CA 94111 |

| | | |
|---|---|---|
| Microsoft Corporation | January 17, 2026 5:00 p.m | VERITEXT LEGAL SOLUTIONS 1200 6th Avenue, Suite 610, Seattle, WA 98101 |
| X Corp. | January 17, 2026 5:00 p.m | VERITEXT LEGAL SOLUTIONS 600 N Pearl Street Suite 2230 Dallas, TX 7520 |
| Signal Messenger, LLC | January 17, 2026 5:00 p.m | BERGER MONTAGUE 505 Montgomery Street Suite 625 San Francisco, CA 94111 |
| Telegram Messenger Inc. | January 17, 2026 5:00 p.m | BERGER MONTAGUE 8241 La Mesa Blvd, Suite A La Mesa, CA 91942 |
| Snap Inc. | January 17, 2026 5:00 p.m | BERGER MONTAGUE 505 Montgomery Street Suite 625 San Francisco, CA 94111 |

Said production will take place on the above-stated date and time at the above-listed address, or such other location as is mutually acceptable to the above-listed third parties and plaintiffs' counsel.

This production is pursuant to a subpoena *duces tecum* issued by plaintiffs' counsel on behalf of the above-listed United States District Court, requesting a "document only" production. No testimony is required by the subpoena.

PLEASE TAKE FURTHER NOTICE that the above-listed certain non-parties may be held in contempt of court for non-compliance with this subpoena pursuant to Federal Rules of Civil Procedure 45(d) and (e). These rights are reproduced in full on page three of the subpoena served upon the third party.

Dated: December 17, 2025

/s/ Daniel Gifford

**COHEN MILSTEIN SELLERS & TOLL PLLC**
Daniel Gifford (*pro hac vice*)
88 Pine Street, 14th Floor
New York, NY 10005
Tel: (212) 838-7797
Fax: (202) 408-4699
dgifford@cohenmilstein.com

**COHEN MILSTEIN SELLERS & TOLL PLLC**
Daniel H. Silverman (*pro hac vice*)
769 Centre Street, Suite 207
Boston, MA 02130
Telephone: (202) 408-4600
Fax: (202) 408-4699
dsilverman@cohenmilstein.com

**COHEN MILSTEIN SELLERS & TOLL, PLLC**
Benjamin D. Brown (*pro hac vice*)
Richard A. Koffman (*pro hac vice*)
1100 New York Ave., N.W., Suite 800
Washington, DC 20005
Telephone: (202) 408-4600/Fax: (202) 408 4699
bbrown@cohenmilstein.com
rkoffman@cohenmilstein.com

**BERGER MONTAGUE PC**
Eric L. Cramer (*pro hac vice*)
Michael Dell'Angelo (*pro hac vice*)
Patrick Madden (*pro hac vice*)
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000/Fax: (215) 875-4604
ecramer@bm.net
mdellangelo@bm.net
pmadden@bm.net

**BERGER MONTAGUE PC**
Joshua P. Davis (*pro hac vice*)
505 Montgomery Street, Suite 625
San Francisco, CA 94111
jdavis@bm.net

**JOSEPH SAVERI LAW FIRM, LLP**
Joseph R. Saveri (*pro hac vice*)
Kevin E. Rayhill (*pro hac vice*)
Itak Moradi (*pro hac vice*)
601 California Street, Suite 1000
San Francisco, California 94108
Telephone: (415) 500-6800/Fax: (415) 395-9940
jsaveri@saverilawfirm.com
krayhill@saverilawfirm.com
imoradi@saverilawfirm.com

2:21-cv-01189-RFB-BNW

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was served via email on December 17, 2025 on the following counsel for Defendants Zuffa, LLC; TKO Operating Company, LLC; and Endeavor Group Holdings, Inc.:

| William A. Isaacson | Donald J. Campbell | Aaron T. Chiu |
|---|---|---|
| Dunn Isaacson Rhee LLP | J. Colby Williams | Latham & Watkins LLP |
| 401 Ninth Street, NW | CAMPBELL & WILLIAMS | 505 Montgomery Street |
| Washington, DC 20004 | 710 South 7th Street Las Vegas, | Suite 2000 |
| | NV 89101 | San Francisco, CA 94111 |

Date: December 17, 2025                                    ___/s/ Daniel Gifford____
                                                                              Daniel Gifford

1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Nevada

| | |
|---|---|
| Johnson et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:21-cv-01189-RFB-BNW |
| Zuffa, LLC dba Ultimate Fighting Championship et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
WhatsApp LLC
c/o CSC - LAWYERS INCORPORATING SERVICE  2710 GATEWAY OAKS DRIVE  SACRAMENTO, CA 95833

*(Name of person to whom this subpoena is directed)*

**X** *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: BERGER MONTAGUE 505 Montgomery Street Suite 625 San Francisco, CA 94111 | Date and Time: 1/17/2026 5:00 pm |
|---|---|

*Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/17/2025

*CLERK OF COURT*

OR

_____          /s/ Daniel Gifford
*Signature of Clerk or Deputy Clerk*          _____
                                             *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiffs Kajan Johnson, Clarence Dollaway, and Tristan Connelly_____, who issues or requests this subpoena, are: Daniel Gifford; 88 Pine Street, 14th Floor, New York, NY 10005; dgifford@cohenmilstein.com; (212) 838-7797

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:21-cv-01189-RFB-BNW

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

◻ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

◻ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii)is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii)These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      ( ) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (i) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (ii)subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii)describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

### I. DEFINITIONS

1. The following rules of construction should apply to all discovery requests:

   a) "**All**" should be construed to include the collective as well as the singular and shall mean "each," "any," and "every."

   b) "**And**" and "or" should be construed so as to require the broadest possible response. If, for example, a request calls for information about "A or B" or "A and B," You should produce all information about A and all information about B, as well as all information about A and B collectively. In other words, "or" and "and" should be read as "and/or."

   c) "**Any**" shall be construed to mean "any and all."

   d) "**Including**" shall be construed to mean "without limitation." "Including" is used to emphasize certain types of documents requested and should not be construed as limiting the request in any way.

   e) "**Relating to**," "**referring to**," "**regarding**," or "**with respect to**" mean, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

   f) The use of the singular form of any word includes the plural and vice versa.

   g) Unless otherwise indicated, the use of the present tense of any verb shall be construed to include the past tense going back to the beginning of the Relevant Time Period, and the use of the past tense shall be construed to run from the beginning of the Relevant Time Period through the present.

2. "**Actions**" means *Kajan Johnson, et al. v. Zuffa, LLC, et al.*, No. 2:21-cv-01189 (D. Nev.);

*Mikhail Cirkunovs v. Zuffa, LLC, et al.*, No. 2:25-cv-00914 (D. Nev.); and *Phil Davis v. Zuffa, LLC, et al.*, No. 2:25-cv-00946 (D. Nev.).

3.  "**Communication**" means without limitation, oral or written communications of any kind, such as electronic communications, direct communications through social media (including without limitation direct messaging, instant messaging, chatting or emailing within a social media platform), facsimiles, telephone communications, correspondence, exchange of written or recorded information, or face-to-face meetings. The phrase "communication between" is defined to include instances where one party addresses the other party but the other party does not necessarily respond. The phrase "communication" includes all attachments to e-mail messages.

4.  "**Date**" means the exact day, month, and year, if ascertainable, or the best available approximation, including any relationship to other known events (designate whether exact or approximate).

5.  "**Document(s)**" shall mean and include all "writings," "recordings" or "photographs" as those terms are defined in Federal Rule of Civil Procedure 34 and Rule 1001 of the Federal Rules of Evidence. Without limiting the generality of the foregoing, the term "Documents" includes both hard copy documents and electronically stored data files including but not limited to e-mail, instant messaging, social media content (including without limitation public content such as Tweets, YouTube submissions, Facebook posts, and posts to any public electronic billboard, as well as private content such as direct messaging, instant messaging, chats, and email), shared network files and databases. "Documents" also includes, without limitation and regardless of whether stored in hard copy or electronically, any letters, correspondence, memoranda, analyses, legal pleadings, calendars, diaries,

travel records, summaries, records of telephone conversations, telegrams, notes, reports, compilations, notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, audiotapes, film and sound reproductions, e-mails, internal or external web sites, audio or video discs data on magnetic or optical storage media (e.g., servers, storage area networks, interconnected remote servers (so-called "cloud computing"), hard drives, backup tapes, CDs, DVDs, Blu-ray, DVD-HD, USB/thumb/flash drives, floppy disks or any other type of portable storage device, etc.) stored as an "active" or backup file, in its native format, computer files, discs and drives, sales, advertising and promotional literature, agreements, stored recordings, minutes or other records of meetings, all written or graphic records or representations of any kind, and all mechanical or electronic data, records or representations of any kind.

6. "**Electronically Stored Information**," abbreviated as "**ESI**" has the same meaning and scope as it has in the Federal Rules of Civil Procedure and includes, without limitation, the following:

   a) structured and unstructured data, as those terms are defined in The Sedona Conference Glossary, available at www.thesedonaconference.org/publications;

   b) activity listings of electronic mail receipts and/or transmittals;

   c) output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, text messages (SMS, MMS or TMS), iMessages, Blackberry Messenger (BBM), AOL Instant MessengerTM (or similar program), social media (including without limitation Twitter, LinkedIn, YouTube, Facebook, Instagram, and

any other internet based messaging system) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

d) any and all items stored on computer memories, hard disks, floppy disks, CD discs, DVD discs, flash drives, thumb drives, memory cards, magnetic tape, microfiche, off-site interconnected servers (so-called "cloud computing"), or in any other vehicle for digital data storage and/or transmittal, such as, but not limited to, a personal digital assistant (*e.g.*, Blackberry, Smart Phone or similar device) and file folder tabs, and/or containers and labels appended to, or relating to, any physical storage device associated with each original and/or copy of all documents requested herein;

e) any and all items stored on voice-mail systems, websites, company intranet sites, chat rooms and social networking websites (*e.g.*, Facebook, LinkedIn, Twitter, and social websites listed at http://en.wikipedia.org/wiki/List of social networking websites); and

f) any and all data, data compilations, and data analyses.

7. "**Employee**" means, without limitation, any current or former officer, director, executive, manager, member, secretary, staff member, consultant, messenger, agent or other person who is or was employed by a Person or entity.

8. "**Identify**," when used in reference to an individual employee, means to produce documents sufficient to identify: the person's full name, last known business and home address; date of birth; social security number; title or position and period of service in each such position; immediate supervisor in each position; business and home telephone numbers (including voice, cellular and facsimile phone numbers) assigned to or used by

such person and the period during which such numbers were assigned to be used by that person; and business and home electronic mail identifiers and the period during which such identifiers were assigned to and used by that person.

9. "**Meeting**" means, without limitation, any assembly, convocation, encounter, or contemporaneous presence of two or more persons for any purpose, whether planned or arranged, scheduled or not. Meeting attendees may be present in person or by electronic means including, but not limited to, teleconference and videoconference.

10. "**Person**" means, without limitation, any natural person, corporation, partnership, limited liability company, proprietorship, joint venture, trust, association, government entity, group or other form of legal entity.

11. "**Plaintiffs**" means Kajan Johnson, Clarence Dollaway, Tristen Connelly, Mikhail Cirkunovs, Phil Davis, and any named plaintiffs in any subsequently filed Actions which are related to or consolidated with the Actions in the court with jurisdiction over the cases.

12. "**Possession, Custody or Control**" when referring to Documents or other tangible objects means any Document or other tangible object You have access to regardless of whether You have actual possession of the document or other tangible object. This includes Documents You have the legal right to obtain or for which You have control over the person who has control of the Document, including without limitation Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or Your attorneys or their agents, employees, representatives or investigators.

13. "**Social Media**" means any web-hosted applications that facilitate public posting of words, images or video and audio recordings, and private interactions such as private messaging or email, among users. Examples of Social Media include without limitation, Twitter,

Facebook, YouTube, Instagram, TikTok, WhatsApp, Signal, and Telegram.

14. "**You**," "**Your**," "**Your Company**" means WhatsApp LLC, individually, and WhatsApp LLC and its predecessors, successors, subsidiaries, departments, divisions, affiliates, any organization or entity which WhatsApp LLC has acquired, or with which WhatsApp LLC has merged, and any organization or entity which WhatsApp LLC manages, controls or has an ownership interest in, together with all current and former directors, officers, employees, agents, representatives or any persons acting or purporting to act on Your behalf.

15. "**Zuffa**," "**UFC**," or "**Defendant**" all mean Ultimate Fighting Championship, UFC, TKO Operating Company, LLC ("**TKO OpCo**") (f/k/a Zuffa Parent LLC), a Delaware limited liability company and the direct subsidiary of TKO Group Holdings, Inc., a Delaware corporation ("**TKO Group Holdings**"), Endeavor Group Holdings, Inc., a Delaware corporation ("**Endeavor**"), and all predecessors, successors, subsidiaries, departments, divisions, acquisitions, affiliates and any organization or entity TKO OpCo or TKO Group Holdings manages or controls, together with all present and former directors, members, officers, employees, agents, representatives or any persons acting or purporting to act on TKO OpCo's behalf including, without limitation, Ari Emanual, Dana White, Mark Shapiro, Patrick Whitsell, Ike Lawrence Epstein, Lorenzo Fertitta or Hunter Campbell.

## II. INSTRUCTIONS

1. In producing Documents, You are requested to furnish all Documents or things in Your possession, custody or control, regardless of the physical location of the Documents, or whether such Documents or other materials are possessed directly by You or Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates,

investigators, or by Your attorneys or their agents, employees, representatives or investigators.

2. If any document covered by these requests is withheld by reason of a claim of attorney-client privilege, attorney work product protection, or any other privilege or protection, please furnish a log providing the following information with respect to each such withheld document: date, author, recipients, general subject matter sufficient to make a prima facie determination whether the asserted privilege has been properly invoked, and legal basis upon which the document has been withheld.

3. In producing Documents, You are requested to produce the original of each Document requested, together with all non-identical copies and drafts of such Document. If the original of any Document cannot be located, a copy shall be produced in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

4. If any requested Document cannot be produced in full, You are to produce it to the extent possible, indicating which Document, or portion of such Document, is being withheld, and the reason that it is being withheld.

5. Documents not otherwise responsive to these Requests shall be produced if such Documents mention, discuss, refer to, or explain the Documents that are called for by these Requests, or if such Documents are attached to Documents called for by these Requests and constitute routing slips, transmittal memoranda, letters, cover sheets, comments, evaluation or similar materials.

6. All Documents shall be produced in the same order as they are kept or maintained by You in the ordinary course of Your business. If any Documents have been removed from the files in which they were found for purposes of producing them in response to these

Requests, indicate for each Document the file(s) in which the Document(s) was (or were) originally located.

7. If a Document once existed and has subsequently been lost, destroyed, or is otherwise missing, please provide sufficient information to identify the Document and state the details concerning its loss.

8. With respect to any Document maintained or stored electronically, please harvest it in a manner that maintains the integrity and readability of all data, including all metadata.

9. Unless otherwise agreed, all ESI should be produced in native format via a secure file transfer protocol, or on compact disc(s), DVD disc(s) or zip drives in the original electronic file format(s) of the Documents.

10. Please produce all Documents maintained or stored electronically in native, electronic format with all relevant metadata intact. Encrypted or password-protected documents should be produced in a form permitting them to be reviewed. You are also requested to immediately meet and confer regarding the manner in which You shall produce Documents stored electronically in order for the parties to try and reach agreement in this regard and avoid any unnecessary expense.

11. Please organize electronic Documents produced for inspection in the same manner that You store them (e.g., if maintained by a custodian, such as e-mail residing on an e-mail server, please organize documents for production by custodian; if maintained as a subfolder of "My Documents" on a custodian's hard drive, please organize documents for production by custodian with path information preserved, etc.).

12. All ESI should be produced in accordance with the attached Stipulated Order Re: Discovery of Electronically Stored Information.

13. Documents attached to each other should not be separated, including, but not limited to, hard-copy versions of Documents attached to hard-copy printouts of e-mails produced pursuant to these Requests.

14. At Your election, documents maintained or stored in paper, hard-copy form can be produced as searchable .PDF (i.e., portable document format files with embedded text) and in an appropriate and usable manner (e.g., by copying such data onto an external hard drive).

15. These requests require production of paper documents in the same form and same order as they are kept in the usual course of business, or organized and labeled to correspond with the requests set forth below. If You choose the former method, the documents are to be produced in the boxes, file folders, binders and other containers in which the documents are found. The titles, labels or other descriptions on the boxes, file folders, binders or other containers are to be left intact.

16. Documents stored as electronic data on magnetic, optical, or other storage media as "active" or "backup" files shall be produced in their native formats with any associated metadata.

17. To the extent responsive Documents reside on databases and other such systems and files, You are requested to produce the relevant database in useable form and/or permit access for inspection, review, and extraction of responsive information.

18. To the extent responsive Documents are in languages other than English, the parties shall meet and confer to discuss the format of production prior thereto.

19. No part of a document request shall be left unanswered merely because an objection was

interposed to another part of the document request.

20. If You object to any document request or subpart thereof, the objection shall state with specificity all grounds. Any ground not stated shall be waived.

21. If You are unable to answer any document request, the reasons for Your inability to answer shall be separately stated in detail for each document request.

22. Category headings herein are for convenience and should not be relied upon to modify, limit, alter or otherwise influence in any way how to interpret these document requests.

## III. <u>RELEVANT TIME PERIOD</u>

Unless otherwise noted herein, the relevant time period of these document requests is July 1, 2015, until the present (the "**Relevant Time Period**"). These document requests seek all responsive Documents created or generated during the Relevant Time Period, as well as responsive Documents created or generated outside the Relevant Time Period, but which contain information concerning the Relevant Time Period.

## IV.    **PRODUCTION REQUESTS**

REQUEST NO. 1.

Pursuant to 18 U.S.C. § 2702(c)(6), all non-content subscriber records and account information for the individuals listed in Exhibit 1.[1]

Subscriber records and account information should include, but are not limited to, the following:

- Subscriber registration information, including, but not limited to, full names; associated email addresses; associated telephone numbers; associated addresses; user IDs, usernames, or handles; and dates of birth (if collected);

- IP address logs and login/logout history, including the date/time stamps (with time zone); IP addresses; port numbers; and associated session identifiers for each successful or attempted login during the Relevant Time Period;

- All activity logs or log files for the accounts showing all user activities during the Relevant Period, excluding information that may contain content data. User activities include, without limitation:

  o Engaging in one-to-one and group messaging communications, including sender and recipient identifiers (e.g., user IDs/handles/phone numbers), group identifiers, date/time stamps (with time zone), delivery status, and message size/length, excluding message contents;

---

[1] Exhibit 1 contains potential login identifiers for the listed individuals but is non-exhaustive. Because the complete list of associated account information for each individual will be within Your possession, custody, and control, Plaintiffs respectfully request to meet and confer on this Request.

- o Engaging in one-to-one and group calls (voice/video), including caller/callee identifiers, date/time stamps (with time zone), call duration, and call disposition, excluding call contents;

- o Participating in group memberships, including group identifiers, group name, date/time of user joining/leaving, and group admin(s), excluding any content of group messages;

- o Uploading videos or other posts; making comments on other users' posts; reacting to other users' posts; saving or bookmarking other users' posts; messaging, following, or "friending" other users; participating in live chats; and/or utilizing other public or private social networking activities You facilitate, including the date, time, and user(s) associated with the individual's use of Your features.

- Device information, including device type, OS version, device identifiers (e.g., device tokens, serial numbers, advertising ID where applicable), app version, and date/time stamps of devices associated with each account;

- Current account status (active, deactivated, permanently deleted) and records identifying the creation, deletion, deactivation, or reactivation of each account, including date/time stamps and the method by which such action occurred;

- Other account changes and events, including username changes, profile changes, linked accounts, password resets, recovery email/phone changes, two-factor authentication activation/deactivation, and date/time stamps for such events;

- All preservation/retention and privacy settings, including changes in settings and the dates on which they occurred. This includes, but is not limited to, records of content

deletion events or disappearing content settings, including when disappearing timers were enabled/modified and their durations, and date/time of content deletions (if maintained).

- Any preservation requests, legal process logs, or legal holds relating to the account, including the date of receipt of legal process and the categories of information preserved;

- Payment and billing records (if any), including payment method type (with masked numbers only), billing address, dates of payments, subscription status, and transaction logs, excluding full financial account numbers.

Exhibit 1

| Name | Employer | Associated Phone Numbers | Associated Email Addresses | Associated Usernames |
|---|---|---|---|---|
| Akosa Akpom | TKO Operating Company, LLC | | | |
| David Avery | TKO Operating Company, LLC | | | |
| Denitza Batchvarova | Zuffa, LLC | | | |
| Nakisa Bidarian | Zuffa, LLC | | | |
| Tracey Bleczinski | TKO Operating Company, LLC | | | |
| Craig Borsari | Zuffa, LLC | | | |
| Hunter Campbell | Zuffa, LLC | | | |
| Deborah Cook | TKO Operating Company, LLC | | | |
| Peter Dropick | Zuffa, LLC | | | |
| Ariel Emanuel | Endeavor Group Holdings, Inc.; TKO Operating Company, LLC | | | |
| Lawrence "Ike" Epstein | Zuffa, LLC | | | |
| Chadwick Hurley | Zuffa, LLC | | | |
| Tracy Long | Zuffa, LLC | | | |
| Jason Lublin | Endeavor Group Holdings, Inc. | | | |
| Michael "Mick" Maynard | Zuffa, LLC | | | |
| Michael Mossholder | Zuffa, LLC | | | |
| Grant Norris-Jones | TKO Operating Company, LLC | | | |
| Brittany Santypal | TKO Operating Company, LLC | | | |
| Andrew Schleimer | Zuffa, LLC | | | |
| Mark Shapiro | Endeavor Group Holdings, Inc.; TKO Operating Company, LLC | | | |
| David Shaw | TKO Operating Company, LLC | | | |
| Sean Shelby | Zuffa, LLC | | | |
| Joe Silva | Zuffa, LLC; TKO Operating Company, LLC | | | |
| Dana White | Zuffa, LLC; TKO Operating Company, LLC | | | |

| | |
|---|---|
| Seth Zaslow | TKO Operating Company, LLC |
| Marshall Zelaznik | Zuffa, LLC; TKO Operating Company, LLC |
| Albert Acosta | Endeavor Group Holdings, Inc. |
| Olsvaldo Arias | Zuffa, LLC; TKO Operating Company, LLC |
| Tony Barboza | Zuffa, LLC; TKO Operating Company, LLC |
| Buffey Curtis | Zuffa, LLC; TKO Operating Company, LLC |
| Nichole Durand | Zuffa, LLC; TKO Operating Company, LLC |
| Egon Durban | Zuffa, LLC; TKO Operating Company, LLC |
| Jamie Euster | Endeavor Group Holdings, Inc. |
| Keith Friedenberg | Endeavor Group Holdings, Inc. |
| Graham Fry | Endeavor Group Holdings, Inc. |
| Tim Gardner | Endeavor Group Holdings, Inc. |
| Rami Genauer | Zuffa, LLC; TKO Operating Company, LLC |
| Christoph Goessing | Zuffa, LLC; TKO Operating Company, LLC |
| Krista Hall | Zuffa, LLC; TKO Operating Company, LLC |
| Reed Harris | Zuffa, LLC; TKO Operating Company, LLC |
| Shane Kapral | Zuffa, LLC; TKO Operating Company, LLC |
| Seth Krauss | Endeavor Group Holdings, Inc. & Zuffa, LLC; TKO Operating Company, LLC |
| Ajay Madkekar | Endeavor Group Holdings, Inc. |
| David Phillips | Endeavor Group Holdings, Inc. |
| Chris Provino | Zuffa, LLC; TKO Operating Company, LLC |

| | |
|---|---|
| Marc Ratner | Zuffa, LLC; TKO Operating Company, LLC |
| Zack Rose | Endeavor Group Holdings, Inc. |
| Jonathan Shin | Zuffa, LLC; TKO Operating Company, LLC |
| Brandon Stuckenberg | Zuffa, LLC; TKO Operating Company, LLC |
| Robert Crowley Sullivan | Zuffa, LLC; TKO Operating Company, LLC |
| Blake Ulrich | Endeavor Group Holdings, Inc. |
| Marc Webster | Endeavor Group Holdings, Inc. |
| Patrick Whitesell | Zuffa, LLC; TKO Operating Company, LLC |
| Matt Woodmancy | Endeavor Group Holdings, Inc. |
| Chika Yoshinaga | Zuffa, LLC; TKO Operating Company, LLC |
| Nick Zombolas | Zuffa, LLC; TKO Operating Company, LLC |
| Sam Zussman | Endeavor Group Holdings, Inc. |

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Nevada

| | |
|---|---|
| Phil Davis | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:25-cv-00946-RFB-BNW |
| Zuffa, LLC dba Ultimate Fighting Championship et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                WhatsApp LLC
c/o CSC - LAWYERS INCORPORATING SERVICE  2710 GATEWAY OAKS DRIVE  SACRAMENTO, CA 95833

*(Name of person to whom this subpoena is directed)*

❒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place | BERGER MONTAGUE 505 Montgomery Street Suite 625 San Francisco, CA 94111 | Date and Time: 1/17/2026 5:00 pm |
|---|---|---|

❒ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    12/17/2025

CLERK OF COURT

                                                      OR

_____                    /s/ Daniel Gifford
*Signature of Clerk or Deputy Clerk*                _____
                                                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Plaintiff Phil Davis                                                         , who issues or requests this subpoena, are:
Daniel Gifford; 88 Pine Street, 14th Floor, New York, NY 10005; dgifford@cohenmilstein.com; (212) 838-7797

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:25-cv-00946-RFB-BNW

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                          *Server's signature*

                                          _____
                                          *Printed name and title*

                                          _____
                                          *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A)  within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B)  within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i)  is a party or a party's officer; or
      (ii)is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A)  production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B)  inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  *(A)  Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B)  Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i)  At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i)  fails to allow a reasonable time to comply;
      (iii)        requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iv)        requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (v) subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i)  shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii)  ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A)  Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B)  Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C)  Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D)  Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i)  expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

### I. DEFINITIONS

1. The following rules of construction should apply to all discovery requests:

   a) "**All**" should be construed to include the collective as well as the singular and shall mean "each," "any," and "every."

   b) "**And**" and "or" should be construed so as to require the broadest possible response. If, for example, a request calls for information about "A or B" or "A and B," You should produce all information about A and all information about B, as well as all information about A and B collectively. In other words, "or" and "and" should be read as "and/or."

   c) "**Any**" shall be construed to mean "any and all."

   d) "**Including**" shall be construed to mean "without limitation." "Including" is used to emphasize certain types of documents requested and should not be construed as limiting the request in any way.

   e) "**Relating to**," "**referring to**," "**regarding**," or "**with respect to**" mean, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

   f) The use of the singular form of any word includes the plural and vice versa.

   g) Unless otherwise indicated, the use of the present tense of any verb shall be construed to include the past tense going back to the beginning of the Relevant Time Period, and the use of the past tense shall be construed to run from the beginning of the Relevant Time Period through the present.

2. "**Actions**" means *Kajan Johnson, et al. v. Zuffa, LLC, et al.*, No. 2:21-cv-01189 (D. Nev.);

*Mikhail Cirkunovs v. Zuffa, LLC, et al.*, No. 2:25-cv-00914 (D. Nev.); and *Phil Davis v. Zuffa, LLC, et al.*, No. 2:25-cv-00946 (D. Nev.).

3. "**Communication**" means without limitation, oral or written communications of any kind, such as electronic communications, direct communications through social media (including without limitation direct messaging, instant messaging, chatting or emailing within a social media platform), facsimiles, telephone communications, correspondence, exchange of written or recorded information, or face-to-face meetings. The phrase "communication between" is defined to include instances where one party addresses the other party but the other party does not necessarily respond. The phrase "communication" includes all attachments to e-mail messages.

4. "**Date**" means the exact day, month, and year, if ascertainable, or the best available approximation, including any relationship to other known events (designate whether exact or approximate).

5. "**Document(s)**" shall mean and include all "writings," "recordings" or "photographs" as those terms are defined in Federal Rule of Civil Procedure 34 and Rule 1001 of the Federal Rules of Evidence. Without limiting the generality of the foregoing, the term "Documents" includes both hard copy documents and electronically stored data files including but not limited to e-mail, instant messaging, social media content (including without limitation public content such as Tweets, YouTube submissions, Facebook posts, and posts to any public electronic billboard, as well as private content such as direct messaging, instant messaging, chats, and email), shared network files and databases. "Documents" also includes, without limitation and regardless of whether stored in hard copy or electronically, any letters, correspondence, memoranda, analyses, legal pleadings, calendars, diaries,

travel records, summaries, records of telephone conversations, telegrams, notes, reports, compilations, notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, audiotapes, film and sound reproductions, e-mails, internal or external web sites, audio or video discs data on magnetic or optical storage media (e.g., servers, storage area networks, interconnected remote servers (so-called "cloud computing"), hard drives, backup tapes, CDs, DVDs, Blu-ray, DVD-HD, USB/thumb/flash drives, floppy disks or any other type of portable storage device, etc.) stored as an "active" or backup file, in its native format, computer files, discs and drives, sales, advertising and promotional literature, agreements, stored recordings, minutes or other records of meetings, all written or graphic records or representations of any kind, and all mechanical or electronic data, records or representations of any kind.

6. "**Electronically Stored Information**," abbreviated as "**ESI**" has the same meaning and scope as it has in the Federal Rules of Civil Procedure and includes, without limitation, the following:

   a) structured and unstructured data, as those terms are defined in The Sedona Conference Glossary, available at www.thesedonaconference.org/publications;

   b) activity listings of electronic mail receipts and/or transmittals;

   c) output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, text messages (SMS, MMS or TMS), iMessages, Blackberry Messenger (BBM), AOL Instant MessengerTM (or similar program), social media (including without limitation Twitter, LinkedIn, YouTube, Facebook, Instagram, and

any other internet based messaging system) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

d)  any and all items stored on computer memories, hard disks, floppy disks, CD discs, DVD discs, flash drives, thumb drives, memory cards, magnetic tape, microfiche, off-site interconnected servers (so-called "cloud computing"), or in any other vehicle for digital data storage and/or transmittal, such as, but not limited to, a personal digital assistant (*e.g.*, Blackberry, Smart Phone or similar device) and file folder tabs, and/or containers and labels appended to, or relating to, any physical storage device associated with each original and/or copy of all documents requested herein;

e)  any and all items stored on voice-mail systems, websites, company intranet sites, chat rooms and social networking websites (*e.g.*, Facebook, LinkedIn, Twitter, and social websites listed at http://en.wikipedia.org/wiki/List of social networking websites); and

f)  any and all data, data compilations, and data analyses.

7.  "**Employee**" means, without limitation, any current or former officer, director, executive, manager, member, secretary, staff member, consultant, messenger, agent or other person who is or was employed by a Person or entity.

8.  "**Identify**," when used in reference to an individual employee, means to produce documents sufficient to identify: the person's full name, last known business and home address; date of birth; social security number; title or position and period of service in each such position; immediate supervisor in each position; business and home telephone numbers (including voice, cellular and facsimile phone numbers) assigned to or used by

such person and the period during which such numbers were assigned to be used by that person; and business and home electronic mail identifiers and the period during which such identifiers were assigned to and used by that person.

9. "**Meeting**" means, without limitation, any assembly, convocation, encounter, or contemporaneous presence of two or more persons for any purpose, whether planned or arranged, scheduled or not. Meeting attendees may be present in person or by electronic means including, but not limited to, teleconference and videoconference.

10. "**Person**" means, without limitation, any natural person, corporation, partnership, limited liability company, proprietorship, joint venture, trust, association, government entity, group or other form of legal entity.

11. "**Plaintiffs**" means Kajan Johnson, Clarence Dollaway, Tristen Connelly, Mikhail Cirkunovs, Phil Davis, and any named plaintiffs in any subsequently filed Actions which are related to or consolidated with the Actions in the court with jurisdiction over the cases.

12. "**Possession, Custody or Control**" when referring to Documents or other tangible objects means any Document or other tangible object You have access to regardless of whether You have actual possession of the document or other tangible object. This includes Documents You have the legal right to obtain or for which You have control over the person who has control of the Document, including without limitation Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or Your attorneys or their agents, employees, representatives or investigators.

13. "**Social Media**" means any web-hosted applications that facilitate public posting of words, images or video and audio recordings, and private interactions such as private messaging or email, among users. Examples of Social Media include without limitation, Twitter,

Facebook, YouTube, Instagram, TikTok, WhatsApp, Signal, and Telegram.

14. "**You**," "**Your**," "**Your Company**" means WhatsApp LLC, individually, and WhatsApp LLC and its predecessors, successors, subsidiaries, departments, divisions, affiliates, any organization or entity which WhatsApp LLC has acquired, or with which WhatsApp LLC has merged, and any organization or entity which WhatsApp LLC manages, controls or has an ownership interest in, together with all current and former directors, officers, employees, agents, representatives or any persons acting or purporting to act on Your behalf.

15. "**Zuffa**," "**UFC**," or "**Defendant**" all mean Ultimate Fighting Championship, UFC, TKO Operating Company, LLC ("**TKO OpCo**") (f/k/a Zuffa Parent LLC), a Delaware limited liability company and the direct subsidiary of TKO Group Holdings, Inc., a Delaware corporation ("**TKO Group Holdings**"), Endeavor Group Holdings, Inc., a Delaware corporation ("**Endeavor**"), and all predecessors, successors, subsidiaries, departments, divisions, acquisitions, affiliates and any organization or entity TKO OpCo or TKO Group Holdings manages or controls, together with all present and former directors, members, officers, employees, agents, representatives or any persons acting or purporting to act on TKO OpCo's behalf including, without limitation, Ari Emanual, Dana White, Mark Shapiro, Patrick Whitsell, Ike Lawrence Epstein, Lorenzo Fertitta or Hunter Campbell.

## II. INSTRUCTIONS

1. In producing Documents, You are requested to furnish all Documents or things in Your possession, custody or control, regardless of the physical location of the Documents, or whether such Documents or other materials are possessed directly by You or Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates,

investigators, or by Your attorneys or their agents, employees, representatives or investigators.

2. If any document covered by these requests is withheld by reason of a claim of attorney-client privilege, attorney work product protection, or any other privilege or protection, please furnish a log providing the following information with respect to each such withheld document: date, author, recipients, general subject matter sufficient to make a prima facie determination whether the asserted privilege has been properly invoked, and legal basis upon which the document has been withheld.

3. In producing Documents, You are requested to produce the original of each Document requested, together with all non-identical copies and drafts of such Document. If the original of any Document cannot be located, a copy shall be produced in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

4. If any requested Document cannot be produced in full, You are to produce it to the extent possible, indicating which Document, or portion of such Document, is being withheld, and the reason that it is being withheld.

5. Documents not otherwise responsive to these Requests shall be produced if such Documents mention, discuss, refer to, or explain the Documents that are called for by these Requests, or if such Documents are attached to Documents called for by these Requests and constitute routing slips, transmittal memoranda, letters, cover sheets, comments, evaluation or similar materials.

6. All Documents shall be produced in the same order as they are kept or maintained by You in the ordinary course of Your business. If any Documents have been removed from the files in which they were found for purposes of producing them in response to these

Requests, indicate for each Document the file(s) in which the Document(s) was (or were) originally located.

7. If a Document once existed and has subsequently been lost, destroyed, or is otherwise missing, please provide sufficient information to identify the Document and state the details concerning its loss.

8. With respect to any Document maintained or stored electronically, please harvest it in a manner that maintains the integrity and readability of all data, including all metadata.

9. Unless otherwise agreed, all ESI should be produced in native format via a secure file transfer protocol, or on compact disc(s), DVD disc(s) or zip drives in the original electronic file format(s) of the Documents.

10. Please produce all Documents maintained or stored electronically in native, electronic format with all relevant metadata intact. Encrypted or password-protected documents should be produced in a form permitting them to be reviewed. You are also requested to immediately meet and confer regarding the manner in which You shall produce Documents stored electronically in order for the parties to try and reach agreement in this regard and avoid any unnecessary expense.

11. Please organize electronic Documents produced for inspection in the same manner that You store them (e.g., if maintained by a custodian, such as e-mail residing on an e-mail server, please organize documents for production by custodian; if maintained as a subfolder of "My Documents" on a custodian's hard drive, please organize documents for production by custodian with path information preserved, etc.).

12. All ESI should be produced in accordance with the attached Stipulated Order Re: Discovery of Electronically Stored Information.

13. Documents attached to each other should not be separated, including, but not limited to, hard-copy versions of Documents attached to hard-copy printouts of e-mails produced pursuant to these Requests.

14. At Your election, documents maintained or stored in paper, hard-copy form can be produced as searchable .PDF (i.e., portable document format files with embedded text) and in an appropriate and usable manner (e.g., by copying such data onto an external hard drive).

15. These requests require production of paper documents in the same form and same order as they are kept in the usual course of business, or organized and labeled to correspond with the requests set forth below. If You choose the former method, the documents are to be produced in the boxes, file folders, binders and other containers in which the documents are found. The titles, labels or other descriptions on the boxes, file folders, binders or other containers are to be left intact.

16. Documents stored as electronic data on magnetic, optical, or other storage media as "active" or "backup" files shall be produced in their native formats with any associated metadata.

17. To the extent responsive Documents reside on databases and other such systems and files, You are requested to produce the relevant database in useable form and/or permit access for inspection, review, and extraction of responsive information.

18. To the extent responsive Documents are in languages other than English, the parties shall meet and confer to discuss the format of production prior thereto.

19. No part of a document request shall be left unanswered merely because an objection was

interposed to another part of the document request.

20. If You object to any document request or subpart thereof, the objection shall state with specificity all grounds. Any ground not stated shall be waived.

21. If You are unable to answer any document request, the reasons for Your inability to answer shall be separately stated in detail for each document request.

22. Category headings herein are for convenience and should not be relied upon to modify, limit, alter or otherwise influence in any way how to interpret these document requests.

## III. <u>RELEVANT TIME PERIOD</u>

Unless otherwise noted herein, the relevant time period of these document requests is July 1, 2015, until the present (the "**Relevant Time Period**"). These document requests seek all responsive Documents created or generated during the Relevant Time Period, as well as responsive Documents created or generated outside the Relevant Time Period, but which contain information concerning the Relevant Time Period.

## IV.    **PRODUCTION REQUESTS**

<u>REQUEST NO. 1.</u>

Pursuant to 18 U.S.C. § 2702(c)(6), all non-content subscriber records and account information for the individuals listed in Exhibit 1.[1]

Subscriber records and account information should include, but are not limited to, the following:

- Subscriber registration information, including, but not limited to, full names; associated email addresses; associated telephone numbers; associated addresses; user IDs, usernames, or handles; and dates of birth (if collected);

- IP address logs and login/logout history, including the date/time stamps (with time zone); IP addresses; port numbers; and associated session identifiers for each successful or attempted login during the Relevant Time Period;

- All activity logs or log files for the accounts showing all user activities during the Relevant Period, excluding information that may contain content data. User activities include, without limitation:

    o Engaging in one-to-one and group messaging communications, including sender and recipient identifiers (e.g., user IDs/handles/phone numbers), group identifiers, date/time stamps (with time zone), delivery status, and message size/length, excluding message contents;

---

[1] Exhibit 1 contains potential login identifiers for the listed individuals but is non-exhaustive. Because the complete list of associated account information for each individual will be within Your possession, custody, and control, Plaintiffs respectfully request to meet and confer on this Request.

     o   Engaging in one-to-one and group calls (voice/video), including caller/callee identifiers, date/time stamps (with time zone), call duration, and call disposition, excluding call contents;

     o   Participating in group memberships, including group identifiers, group name, date/time of user joining/leaving, and group admin(s), excluding any content of group messages;

     o   Uploading videos or other posts; making comments on other users' posts; reacting to other users' posts; saving or bookmarking other users' posts; messaging, following, or "friending" other users; participating in live chats; and/or utilizing other public or private social networking activities You facilitate, including the date, time, and user(s) associated with the individual's use of Your features.

- Device information, including device type, OS version, device identifiers (e.g., device tokens, serial numbers, advertising ID where applicable), app version, and date/time stamps of devices associated with each account;

- Current account status (active, deactivated, permanently deleted) and records identifying the creation, deletion, deactivation, or reactivation of each account, including date/time stamps and the method by which such action occurred;

- Other account changes and events, including username changes, profile changes, linked accounts, password resets, recovery email/phone changes, two-factor authentication activation/deactivation, and date/time stamps for such events;

- All preservation/retention and privacy settings, including changes in settings and the dates on which they occurred. This includes, but is not limited to, records of content

deletion events or disappearing content settings, including when disappearing timers were enabled/modified and their durations, and date/time of content deletions (if maintained).

- Any preservation requests, legal process logs, or legal holds relating to the account, including the date of receipt of legal process and the categories of information preserved;

- Payment and billing records (if any), including payment method type (with masked numbers only), billing address, dates of payments, subscription status, and transaction logs, excluding full financial account numbers.

Exhibit 1

| Name | Employer | Associated Phone Numbers | Associated Email Addresses | Associated Usernames |
|---|---|---|---|---|
| Akosa Akpom | TKO Operating Company, LLC | | | |
| David Avery | TKO Operating Company, LLC | | | |
| Denitza Batchvarova | Zuffa, LLC | | | |
| Nakisa Bidarian | Zuffa, LLC | | | |
| Tracey Bleczinski | TKO Operating Company, LLC | | | |
| Craig Borsari | Zuffa, LLC | | | |
| Hunter Campbell | Zuffa, LLC | | | |
| Deborah Cook | TKO Operating Company, LLC | | | |
| Peter Dropick | Zuffa, LLC | | | |
| Ariel Emanuel | Endeavor Group Holdings, Inc.; TKO Operating Company, LLC | | | |
| Lawrence "Ike" Epstein | Zuffa, LLC | | | |
| Chadwick Hurley | Zuffa, LLC | | | |
| Tracy Long | Zuffa, LLC | | | |
| Jason Lublin | Endeavor Group Holdings, Inc. | | | |
| Michael "Mick" Maynard | Zuffa, LLC | | | |
| Michael Mossholder | Zuffa, LLC | | | |
| Grant Norris-Jones | TKO Operating Company, LLC | | | |
| Brittany Santypal | TKO Operating Company, LLC | | | |
| Andrew Schleimer | Zuffa, LLC | | | |
| Mark Shapiro | Endeavor Group Holdings, Inc.; TKO Operating Company, LLC | | | |
| David Shaw | TKO Operating Company, LLC | | | |
| Sean Shelby | Zuffa, LLC | | | |
| Joe Silva | Zuffa, LLC; TKO Operating Company, LLC | | | |
| Dana White | Zuffa, LLC; TKO Operating Company, LLC | | | |

| | |
|---|---|
| Seth Zaslow | TKO Operating Company, LLC |
| Marshall Zelaznik | Zuffa, LLC; TKO Operating Company, LLC |
| Albert Acosta | Endeavor Group Holdings, Inc. |
| Olsvaldo Arias | Zuffa, LLC; TKO Operating Company, LLC |
| Tony Barboza | Zuffa, LLC; TKO Operating Company, LLC |
| Buffey Curtis | Zuffa, LLC; TKO Operating Company, LLC |
| Nichole Durand | Zuffa, LLC; TKO Operating Company, LLC |
| Egon Durban | Zuffa, LLC; TKO Operating Company, LLC |
| Jamie Euster | Endeavor Group Holdings, Inc. |
| Keith Friedenberg | Endeavor Group Holdings, Inc. |
| Graham Fry | Endeavor Group Holdings, Inc. |
| Tim Gardner | Endeavor Group Holdings, Inc. |
| Rami Genauer | Zuffa, LLC; TKO Operating Company, LLC |
| Christoph Goessing | Zuffa, LLC; TKO Operating Company, LLC |
| Krista Hall | Zuffa, LLC; TKO Operating Company, LLC |
| Reed Harris | Zuffa, LLC; TKO Operating Company, LLC |
| Shane Kapral | Zuffa, LLC; TKO Operating Company, LLC |
| Seth Krauss | Endeavor Group Holdings, Inc. & Zuffa, LLC; TKO Operating Company, LLC |
| Ajay Madkekar | Endeavor Group Holdings, Inc. |
| David Phillips | Endeavor Group Holdings, Inc. |
| Chris Provino | Zuffa, LLC; TKO Operating Company, LLC |

| | |
|---|---|
| Marc Ratner | Zuffa, LLC; TKO Operating Company, LLC |
| Zack Rose | Endeavor Group Holdings, Inc. |
| Jonathan Shin | Zuffa, LLC; TKO Operating Company, LLC |
| Brandon Stuckenberg | Zuffa, LLC; TKO Operating Company, LLC |
| Robert Crowley Sullivan | Zuffa, LLC; TKO Operating Company, LLC |
| Blake Ulrich | Endeavor Group Holdings, Inc. |
| Marc Webster | Endeavor Group Holdings, Inc. |
| Patrick Whitesell | Zuffa, LLC; TKO Operating Company, LLC |
| Matt Woodmancy | Endeavor Group Holdings, Inc. |
| Chika Yoshinaga | Zuffa, LLC; TKO Operating Company, LLC |
| Nick Zombolas | Zuffa, LLC; TKO Operating Company, LLC |
| Sam Zussman | Endeavor Group Holdings, Inc. |

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### District of Nevada

| | |
|---|---|
| Mikhail Cirkunovs | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:25-cv-00914-RFB-BNW |
| Zuffa, LLC dba Ultimate Fighting Championship et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                          WhatsApp LLC
c/o CSC - LAWYERS INCORPORATING SERVICE 2710 GATEWAY OAKS DRIVE SACRAMENTO, CA 95833

*(Name of person to whom this subpoena is directed)*

▶ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place | Date and Time: |
|---|---|
| BERGER MONTAGUE 505 Montgomery Street Suite 625 San Francisco, CA 94111 | 1/17/2026 5:00 pm |

▶ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    12/17/2025

                *CLERK OF COURT*
                                                OR

_____            /s/ Daniel Gifford
*Signature of Clerk or Deputy Clerk*          _____
                                              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Plaintiff Mikhail Cirkunovs                                , who issues or requests this subpoena, are:
Daniel Gifford; 88 Pine Street, 14th Floor, New York, NY 10005; dgifford@cohenmilstein.com; (212) 838-7797

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:25-cv-00914-RFB-BNW

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (iii)        requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iv)        requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (v) subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## SCHEDULE A

### I. DEFINITIONS

1. The following rules of construction should apply to all discovery requests:

   a) "**All**" should be construed to include the collective as well as the singular and shall mean "each," "any," and "every."

   b) "**And**" and "or" should be construed so as to require the broadest possible response. If, for example, a request calls for information about "A or B" or "A and B," You should produce all information about A and all information about B, as well as all information about A and B collectively. In other words, "or" and "and" should be read as "and/or."

   c) "**Any**" shall be construed to mean "any and all."

   d) "**Including**" shall be construed to mean "without limitation." "Including" is used to emphasize certain types of documents requested and should not be construed as limiting the request in any way.

   e) "**Relating to**," "**referring to**," "**regarding**," or "**with respect to**" mean, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

   f) The use of the singular form of any word includes the plural and vice versa.

   g) Unless otherwise indicated, the use of the present tense of any verb shall be construed to include the past tense going back to the beginning of the Relevant Time Period, and the use of the past tense shall be construed to run from the beginning of the Relevant Time Period through the present.

2. "**Actions**" means *Kajan Johnson, et al. v. Zuffa, LLC, et al.*, No. 2:21-cv-01189 (D. Nev.);

*Mikhail Cirkunovs v. Zuffa, LLC, et al.*, No. 2:25-cv-00914 (D. Nev.); and *Phil Davis v. Zuffa, LLC, et al.*, No. 2:25-cv-00946 (D. Nev.).

3. "**Communication**" means without limitation, oral or written communications of any kind, such as electronic communications, direct communications through social media (including without limitation direct messaging, instant messaging, chatting or emailing within a social media platform), facsimiles, telephone communications, correspondence, exchange of written or recorded information, or face-to-face meetings. The phrase "communication between" is defined to include instances where one party addresses the other party but the other party does not necessarily respond. The phrase "communication" includes all attachments to e-mail messages.

4. "**Date**" means the exact day, month, and year, if ascertainable, or the best available approximation, including any relationship to other known events (designate whether exact or approximate).

5. "**Document(s)**" shall mean and include all "writings," "recordings" or "photographs" as those terms are defined in Federal Rule of Civil Procedure 34 and Rule 1001 of the Federal Rules of Evidence. Without limiting the generality of the foregoing, the term "Documents" includes both hard copy documents and electronically stored data files including but not limited to e-mail, instant messaging, social media content (including without limitation public content such as Tweets, YouTube submissions, Facebook posts, and posts to any public electronic billboard, as well as private content such as direct messaging, instant messaging, chats, and email), shared network files and databases. "Documents" also includes, without limitation and regardless of whether stored in hard copy or electronically, any letters, correspondence, memoranda, analyses, legal pleadings, calendars, diaries,

travel records, summaries, records of telephone conversations, telegrams, notes, reports, compilations, notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, audiotapes, film and sound reproductions, e-mails, internal or external web sites, audio or video discs data on magnetic or optical storage media (e.g., servers, storage area networks, interconnected remote servers (so-called "cloud computing"), hard drives, backup tapes, CDs, DVDs, Blu-ray, DVD-HD, USB/thumb/flash drives, floppy disks or any other type of portable storage device, etc.) stored as an "active" or backup file, in its native format, computer files, discs and drives, sales, advertising and promotional literature, agreements, stored recordings, minutes or other records of meetings, all written or graphic records or representations of any kind, and all mechanical or electronic data, records or representations of any kind.

6. "**Electronically Stored Information**," abbreviated as "**ESI**" has the same meaning and scope as it has in the Federal Rules of Civil Procedure and includes, without limitation, the following:

   a) structured and unstructured data, as those terms are defined in The Sedona Conference Glossary, available at www.thesedonaconference.org/publications;

   b) activity listings of electronic mail receipts and/or transmittals;

   c) output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, text messages (SMS, MMS or TMS), iMessages, Blackberry Messenger (BBM), AOL Instant MessengerTM (or similar program), social media (including without limitation Twitter, LinkedIn, YouTube, Facebook, Instagram, and

any other internet based messaging system) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

d) any and all items stored on computer memories, hard disks, floppy disks, CD discs, DVD discs, flash drives, thumb drives, memory cards, magnetic tape, microfiche, off-site interconnected servers (so-called "cloud computing"), or in any other vehicle for digital data storage and/or transmittal, such as, but not limited to, a personal digital assistant (*e.g.*, Blackberry, Smart Phone or similar device) and file folder tabs, and/or containers and labels appended to, or relating to, any physical storage device associated with each original and/or copy of all documents requested herein;

e) any and all items stored on voice-mail systems, websites, company intranet sites, chat rooms and social networking websites (*e.g.*, Facebook, LinkedIn, Twitter, and social websites listed at http://en.wikipedia.org/wiki/List of social networking websites); and

f) any and all data, data compilations, and data analyses.

7. "**Employee**" means, without limitation, any current or former officer, director, executive, manager, member, secretary, staff member, consultant, messenger, agent or other person who is or was employed by a Person or entity.

8. "**Identify**," when used in reference to an individual employee, means to produce documents sufficient to identify: the person's full name, last known business and home address; date of birth; social security number; title or position and period of service in each such position; immediate supervisor in each position; business and home telephone numbers (including voice, cellular and facsimile phone numbers) assigned to or used by

such person and the period during which such numbers were assigned to be used by that person; and business and home electronic mail identifiers and the period during which such identifiers were assigned to and used by that person.

9. "**Meeting**" means, without limitation, any assembly, convocation, encounter, or contemporaneous presence of two or more persons for any purpose, whether planned or arranged, scheduled or not. Meeting attendees may be present in person or by electronic means including, but not limited to, teleconference and videoconference.

10. "**Person**" means, without limitation, any natural person, corporation, partnership, limited liability company, proprietorship, joint venture, trust, association, government entity, group or other form of legal entity.

11. "**Plaintiffs**" means Kajan Johnson, Clarence Dollaway, Tristen Connelly, Mikhail Cirkunovs, Phil Davis, and any named plaintiffs in any subsequently filed Actions which are related to or consolidated with the Actions in the court with jurisdiction over the cases.

12. "**Possession, Custody or Control**" when referring to Documents or other tangible objects means any Document or other tangible object You have access to regardless of whether You have actual possession of the document or other tangible object. This includes Documents You have the legal right to obtain or for which You have control over the person who has control of the Document, including without limitation Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or Your attorneys or their agents, employees, representatives or investigators.

13. "**Social Media**" means any web-hosted applications that facilitate public posting of words, images or video and audio recordings, and private interactions such as private messaging or email, among users. Examples of Social Media include without limitation, Twitter,

Facebook, YouTube, Instagram, TikTok, WhatsApp, Signal, and Telegram.

14. "**You**," "**Your**," "**Your Company**" means WhatsApp LLC, individually, and WhatsApp LLC and its predecessors, successors, subsidiaries, departments, divisions, affiliates, any organization or entity which WhatsApp LLC has acquired, or with which WhatsApp LLC has merged, and any organization or entity which WhatsApp LLC manages, controls or has an ownership interest in, together with all current and former directors, officers, employees, agents, representatives or any persons acting or purporting to act on Your behalf.

15. "**Zuffa**," "**UFC**," or "**Defendant**" all mean Ultimate Fighting Championship, UFC, TKO Operating Company, LLC ("**TKO OpCo**") (f/k/a Zuffa Parent LLC), a Delaware limited liability company and the direct subsidiary of TKO Group Holdings, Inc., a Delaware corporation ("**TKO Group Holdings**"), Endeavor Group Holdings, Inc., a Delaware corporation ("**Endeavor**"), and all predecessors, successors, subsidiaries, departments, divisions, acquisitions, affiliates and any organization or entity TKO OpCo or TKO Group Holdings manages or controls, together with all present and former directors, members, officers, employees, agents, representatives or any persons acting or purporting to act on TKO OpCo's behalf including, without limitation, Ari Emanual, Dana White, Mark Shapiro, Patrick Whitsell, Ike Lawrence Epstein, Lorenzo Fertitta or Hunter Campbell.

## II. <u>INSTRUCTIONS</u>

1. In producing Documents, You are requested to furnish all Documents or things in Your possession, custody or control, regardless of the physical location of the Documents, or whether such Documents or other materials are possessed directly by You or Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates,

investigators, or by Your attorneys or their agents, employees, representatives or investigators.

2.  If any document covered by these requests is withheld by reason of a claim of attorney-client privilege, attorney work product protection, or any other privilege or protection, please furnish a log providing the following information with respect to each such withheld document: date, author, recipients, general subject matter sufficient to make a prima facie determination whether the asserted privilege has been properly invoked, and legal basis upon which the document has been withheld.

3.  In producing Documents, You are requested to produce the original of each Document requested, together with all non-identical copies and drafts of such Document. If the original of any Document cannot be located, a copy shall be produced in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

4.  If any requested Document cannot be produced in full, You are to produce it to the extent possible, indicating which Document, or portion of such Document, is being withheld, and the reason that it is being withheld.

5.  Documents not otherwise responsive to these Requests shall be produced if such Documents mention, discuss, refer to, or explain the Documents that are called for by these Requests, or if such Documents are attached to Documents called for by these Requests and constitute routing slips, transmittal memoranda, letters, cover sheets, comments, evaluation or similar materials.

6.  All Documents shall be produced in the same order as they are kept or maintained by You in the ordinary course of Your business. If any Documents have been removed from the files in which they were found for purposes of producing them in response to these

Requests, indicate for each Document the file(s) in which the Document(s) was (or were) originally located.

7. If a Document once existed and has subsequently been lost, destroyed, or is otherwise missing, please provide sufficient information to identify the Document and state the details concerning its loss.

8. With respect to any Document maintained or stored electronically, please harvest it in a manner that maintains the integrity and readability of all data, including all metadata.

9. Unless otherwise agreed, all ESI should be produced in native format via a secure file transfer protocol, or on compact disc(s), DVD disc(s) or zip drives in the original electronic file format(s) of the Documents.

10. Please produce all Documents maintained or stored electronically in native, electronic format with all relevant metadata intact. Encrypted or password-protected documents should be produced in a form permitting them to be reviewed. You are also requested to immediately meet and confer regarding the manner in which You shall produce Documents stored electronically in order for the parties to try and reach agreement in this regard and avoid any unnecessary expense.

11. Please organize electronic Documents produced for inspection in the same manner that You store them (e.g., if maintained by a custodian, such as e-mail residing on an e-mail server, please organize documents for production by custodian; if maintained as a subfolder of "My Documents" on a custodian's hard drive, please organize documents for production by custodian with path information preserved, etc.).

12. All ESI should be produced in accordance with the attached Stipulated Order Re: Discovery of Electronically Stored Information.

13. Documents attached to each other should not be separated, including, but not limited to, hard-copy versions of Documents attached to hard-copy printouts of e-mails produced pursuant to these Requests.

14. At Your election, documents maintained or stored in paper, hard-copy form can be produced as searchable .PDF (i.e., portable document format files with embedded text) and in an appropriate and usable manner (e.g., by copying such data onto an external hard drive).

15. These requests require production of paper documents in the same form and same order as they are kept in the usual course of business, or organized and labeled to correspond with the requests set forth below. If You choose the former method, the documents are to be produced in the boxes, file folders, binders and other containers in which the documents are found. The titles, labels or other descriptions on the boxes, file folders, binders or other containers are to be left intact.

16. Documents stored as electronic data on magnetic, optical, or other storage media as "active" or "backup" files shall be produced in their native formats with any associated metadata.

17. To the extent responsive Documents reside on databases and other such systems and files, You are requested to produce the relevant database in useable form and/or permit access for inspection, review, and extraction of responsive information.

18. To the extent responsive Documents are in languages other than English, the parties shall meet and confer to discuss the format of production prior thereto.

19. No part of a document request shall be left unanswered merely because an objection was

interposed to another part of the document request.

20. If You object to any document request or subpart thereof, the objection shall state with specificity all grounds. Any ground not stated shall be waived.

21. If You are unable to answer any document request, the reasons for Your inability to answer shall be separately stated in detail for each document request.

22. Category headings herein are for convenience and should not be relied upon to modify, limit, alter or otherwise influence in any way how to interpret these document requests.

## III. RELEVANT TIME PERIOD

Unless otherwise noted herein, the relevant time period of these document requests is July 1, 2015, until the present (the "**Relevant Time Period**"). These document requests seek all responsive Documents created or generated during the Relevant Time Period, as well as responsive Documents created or generated outside the Relevant Time Period, but which contain information concerning the Relevant Time Period.

## IV.    **PRODUCTION REQUESTS**

<u>REQUEST NO. 1.</u>

Pursuant to 18 U.S.C. § 2702(c)(6), all non-content subscriber records and account information for the individuals listed in Exhibit 1.[1]

Subscriber records and account information should include, but are not limited to, the following:

- Subscriber registration information, including, but not limited to, full names; associated email addresses; associated telephone numbers; associated addresses; user IDs, usernames, or handles; and dates of birth (if collected);

- IP address logs and login/logout history, including the date/time stamps (with time zone); IP addresses; port numbers; and associated session identifiers for each successful or attempted login during the Relevant Time Period;

- All activity logs or log files for the accounts showing all user activities during the Relevant Period, excluding information that may contain content data. User activities include, without limitation:

  o Engaging in one-to-one and group messaging communications, including sender and recipient identifiers (e.g., user IDs/handles/phone numbers), group identifiers, date/time stamps (with time zone), delivery status, and message size/length, excluding message contents;

---

[1] Exhibit 1 contains potential login identifiers for the listed individuals but is non-exhaustive. Because the complete list of associated account information for each individual will be within Your possession, custody, and control, Plaintiffs respectfully request to meet and confer on this Request.

- o Engaging in one-to-one and group calls (voice/video), including caller/callee identifiers, date/time stamps (with time zone), call duration, and call disposition, excluding call contents;

- o Participating in group memberships, including group identifiers, group name, date/time of user joining/leaving, and group admin(s), excluding any content of group messages;

- o Uploading videos or other posts; making comments on other users' posts; reacting to other users' posts; saving or bookmarking other users' posts; messaging, following, or "friending" other users; participating in live chats; and/or utilizing other public or private social networking activities You facilitate, including the date, time, and user(s) associated with the individual's use of Your features.

- Device information, including device type, OS version, device identifiers (e.g., device tokens, serial numbers, advertising ID where applicable), app version, and date/time stamps of devices associated with each account;

- Current account status (active, deactivated, permanently deleted) and records identifying the creation, deletion, deactivation, or reactivation of each account, including date/time stamps and the method by which such action occurred;

- Other account changes and events, including username changes, profile changes, linked accounts, password resets, recovery email/phone changes, two-factor authentication activation/deactivation, and date/time stamps for such events;

- All preservation/retention and privacy settings, including changes in settings and the dates on which they occurred. This includes, but is not limited to, records of content

deletion events or disappearing content settings, including when disappearing timers were enabled/modified and their durations, and date/time of content deletions (if maintained).

- Any preservation requests, legal process logs, or legal holds relating to the account, including the date of receipt of legal process and the categories of information preserved;

- Payment and billing records (if any), including payment method type (with masked numbers only), billing address, dates of payments, subscription status, and transaction logs, excluding full financial account numbers.

Exhibit 1

| Name | Employer | Associated Phone Numbers | Associated Email Addresses | Associated Usernames |
|---|---|---|---|---|
| Akosa Akpom | TKO Operating Company, LLC | | | |
| David Avery | TKO Operating Company, LLC | | | |
| Denitza Batchvarova | Zuffa, LLC | | | |
| Nakisa Bidarian | Zuffa, LLC | | | |
| Tracey Bleczinski | TKO Operating Company, LLC | | | |
| Craig Borsari | Zuffa, LLC | | | |
| Hunter Campbell | Zuffa, LLC | | | |
| Deborah Cook | TKO Operating Company, LLC | | | |
| Peter Dropick | Zuffa, LLC | | | |
| Ariel Emanuel | Endeavor Group Holdings, Inc.; TKO Operating Company, LLC | | | |
| Lawrence "Ike" Epstein | Zuffa, LLC | | | |
| Chadwick Hurley | Zuffa, LLC | | | |
| Tracy Long | Zuffa, LLC | | | |
| Jason Lublin | Endeavor Group Holdings, Inc. | | | |
| Michael "Mick" Maynard | Zuffa, LLC | | | |
| Michael Mossholder | Zuffa, LLC | | | |
| Grant Norris-Jones | TKO Operating Company, LLC | | | |
| Brittany Santypal | TKO Operating Company, LLC | | | |
| Andrew Schleimer | Zuffa, LLC | | | |
| Mark Shapiro | Endeavor Group Holdings, Inc.; TKO Operating Company, LLC | | | |
| David Shaw | TKO Operating Company, LLC | | | |
| Sean Shelby | Zuffa, LLC | | | |
| Joe Silva | Zuffa, LLC; TKO Operating Company, LLC | | | |
| Dana White | Zuffa, LLC; TKO Operating Company, LLC | | | |

| | |
|---|---|
| Seth Zaslow | TKO Operating Company, LLC |
| Marshall Zelaznik | Zuffa, LLC; TKO Operating Company, LLC |
| Albert Acosta | Endeavor Group Holdings, Inc. |
| Olsvaldo Arias | Zuffa, LLC; TKO Operating Company, LLC |
| Tony Barboza | Zuffa, LLC; TKO Operating Company, LLC |
| Buffey Curtis | Zuffa, LLC; TKO Operating Company, LLC |
| Nichole Durand | Zuffa, LLC; TKO Operating Company, LLC |
| Egon Durban | Zuffa, LLC; TKO Operating Company, LLC |
| Jamie Euster | Endeavor Group Holdings, Inc. |
| Keith Friedenberg | Endeavor Group Holdings, Inc. |
| Graham Fry | Endeavor Group Holdings, Inc. |
| Tim Gardner | Endeavor Group Holdings, Inc. |
| Rami Genauer | Zuffa, LLC; TKO Operating Company, LLC |
| Christoph Goessing | Zuffa, LLC; TKO Operating Company, LLC |
| Krista Hall | Zuffa, LLC; TKO Operating Company, LLC |
| Reed Harris | Zuffa, LLC; TKO Operating Company, LLC |
| Shane Kapral | Zuffa, LLC; TKO Operating Company, LLC |
| Seth Krauss | Endeavor Group Holdings, Inc. & Zuffa, LLC; TKO Operating Company, LLC |
| Ajay Madkekar | Endeavor Group Holdings, Inc. |
| David Phillips | Endeavor Group Holdings, Inc. |
| Chris Provino | Zuffa, LLC; TKO Operating Company, LLC |

| Name | Entity |
|---|---|
| Marc Ratner | Zuffa, LLC; TKO Operating Company, LLC |
| Zack Rose | Endeavor Group Holdings, Inc. |
| Jonathan Shin | Zuffa, LLC; TKO Operating Company, LLC |
| Brandon Stuckenberg | Zuffa, LLC; TKO Operating Company, LLC |
| Robert Crowley Sullivan | Zuffa, LLC; TKO Operating Company, LLC |
| Blake Ulrich | Endeavor Group Holdings, Inc. |
| Marc Webster | Endeavor Group Holdings, Inc. |
| Patrick Whitesell | Zuffa, LLC; TKO Operating Company, LLC |
| Matt Woodmancy | Endeavor Group Holdings, Inc. |
| Chika Yoshinaga | Zuffa, LLC; TKO Operating Company, LLC |
| Nick Zombolas | Zuffa, LLC; TKO Operating Company, LLC |
| Sam Zussman | Endeavor Group Holdings, Inc. |

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Nevada

| | |
|---|---|
| Johnson et al. | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No. 2:21-cv-01189-RFB-BNW |
| Zuffa, LLC dba Ultimate Fighting Championship et al. | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Instagram, LLC
c/o CSC - LAWYERS INCORPORATING SERVICE  2710 GATEWAY OAKS DRIVE  SACRAMENTO, CA 95833

_(Name of person to whom this subpoena is directed)_

**X** _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: BERGER MONTAGUE 505 Montgomery Street Suite 625 San Francisco, CA 94111 | Date and Time: 1/17/2026 5:00 pm |
|---|---|

' _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/17/2025

CLERK OF COURT

OR

_____                    /s/ Daniel Gifford
_Signature of Clerk or Deputy Clerk_                    _____
                                                      _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_
Plaintiffs Kajan Johnson, Clarence Dollaway, and Tristan Connelly_____, who issues or requests this subpoena, are:
Daniel Gifford; 88 Pine Street, 14th Floor, New York, NY 10005; dgifford@cohenmilstein.com; (212) 838-7797

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:21-cv-01189-RFB-BNW

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

◻ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

◻ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____                _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    ( ) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (i) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (ii) subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

<u>**SCHEDULE A**</u>

### I. <u>DEFINITIONS</u>

1. The following rules of construction should apply to all discovery requests:

    a) "**All**" should be construed to include the collective as well as the singular and shall mean "each," "any," and "every."

    b) "**And**" and "or" should be construed so as to require the broadest possible response. If, for example, a request calls for information about "A or B" or "A and B," You should produce all information about A and all information about B, as well as all information about A and B collectively. In other words, "or" and "and" should be read as "and/or."

    c) "**Any**" shall be construed to mean "any and all."

    d) "**Including**" shall be construed to mean "without limitation." "Including" is used to emphasize certain types of documents requested and should not be construed as limiting the request in any way.

    e) "**Relating to**," "**referring to**," "**regarding**," or "**with respect to**" mean, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

    f) The use of the singular form of any word includes the plural and vice versa.

    g) Unless otherwise indicated, the use of the present tense of any verb shall be construed to include the past tense going back to the beginning of the Relevant Time Period, and the use of the past tense shall be construed to run from the beginning of the Relevant Time Period through the present.

2. "**Actions**" means *Kajan Johnson, et al. v. Zuffa, LLC, et al.*, No. 2:21-cv-01189 (D. Nev.);

*Mikhail Cirkunovs v. Zuffa, LLC, et al.*, No. 2:25-cv-00914 (D. Nev.); and *Phil Davis v. Zuffa, LLC, et al.*, No. 2:25-cv-00946 (D. Nev.).

3. "**Communication**" means without limitation, oral or written communications of any kind, such as electronic communications, direct communications through social media (including without limitation direct messaging, instant messaging, chatting or emailing within a social media platform), facsimiles, telephone communications, correspondence, exchange of written or recorded information, or face-to-face meetings. The phrase "communication between" is defined to include instances where one party addresses the other party but the other party does not necessarily respond. The phrase "communication" includes all attachments to e-mail messages.

4. "**Date**" means the exact day, month, and year, if ascertainable, or the best available approximation, including any relationship to other known events (designate whether exact or approximate).

5. "**Document(s)**" shall mean and include all "writings," "recordings" or "photographs" as those terms are defined in Federal Rule of Civil Procedure 34 and Rule 1001 of the Federal Rules of Evidence. Without limiting the generality of the foregoing, the term "Documents" includes both hard copy documents and electronically stored data files including but not limited to e-mail, instant messaging, social media content (including without limitation public content such as Tweets, YouTube submissions, Facebook posts, and posts to any public electronic billboard, as well as private content such as direct messaging, instant messaging, chats, and email), shared network files and databases. "Documents" also includes, without limitation and regardless of whether stored in hard copy or electronically, any letters, correspondence, memoranda, analyses, legal pleadings, calendars, diaries,

travel records, summaries, records of telephone conversations, telegrams, notes, reports, compilations, notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, audiotapes, film and sound reproductions, e-mails, internal or external web sites, audio or video discs data on magnetic or optical storage media (e.g., servers, storage area networks, interconnected remote servers (so-called "cloud computing"), hard drives, backup tapes, CDs, DVDs, Blu-ray, DVD-HD, USB/thumb/flash drives, floppy disks or any other type of portable storage device, etc.) stored as an "active" or backup file, in its native format, computer files, discs and drives, sales, advertising and promotional literature, agreements, stored recordings, minutes or other records of meetings, all written or graphic records or representations of any kind, and all mechanical or electronic data, records or representations of any kind.

6. "**Electronically Stored Information**," abbreviated as "**ESI**" has the same meaning and scope as it has in the Federal Rules of Civil Procedure and includes, without limitation, the following:

   a) structured and unstructured data, as those terms are defined in The Sedona Conference Glossary, available at www.thesedonaconference.org/publications;

   b) activity listings of electronic mail receipts and/or transmittals;

   c) output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, text messages (SMS, MMS or TMS), iMessages, Blackberry Messenger (BBM), AOL Instant MessengerTM (or similar program), social media (including without limitation Twitter, LinkedIn, YouTube, Facebook, Instagram, and

any other internet based messaging system) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

d) any and all items stored on computer memories, hard disks, floppy disks, CD discs, DVD discs, flash drives, thumb drives, memory cards, magnetic tape, microfiche, off-site interconnected servers (so-called "cloud computing"), or in any other vehicle for digital data storage and/or transmittal, such as, but not limited to, a personal digital assistant (*e.g.*, Blackberry, Smart Phone or similar device) and file folder tabs, and/or containers and labels appended to, or relating to, any physical storage device associated with each original and/or copy of all documents requested herein;

e) any and all items stored on voice-mail systems, websites, company intranet sites, chat rooms and social networking websites (*e.g.*, Facebook, LinkedIn, Twitter, and social websites listed at http://en.wikipedia.org/wiki/List of social networking websites); and

f) any and all data, data compilations, and data analyses.

7. "**Employee**" means, without limitation, any current or former officer, director, executive, manager, member, secretary, staff member, consultant, messenger, agent or other person who is or was employed by a Person or entity.

8. "**Identify**," when used in reference to an individual employee, means to produce documents sufficient to identify: the person's full name, last known business and home address; date of birth; social security number; title or position and period of service in each such position; immediate supervisor in each position; business and home telephone numbers (including voice, cellular and facsimile phone numbers) assigned to or used by

such person and the period during which such numbers were assigned to be used by that person; and business and home electronic mail identifiers and the period during which such identifiers were assigned to and used by that person.

9. "**Meeting**" means, without limitation, any assembly, convocation, encounter, or contemporaneous presence of two or more persons for any purpose, whether planned or arranged, scheduled or not. Meeting attendees may be present in person or by electronic means including, but not limited to, teleconference and videoconference.

10. "**Person**" means, without limitation, any natural person, corporation, partnership, limited liability company, proprietorship, joint venture, trust, association, government entity, group or other form of legal entity.

11. "**Plaintiffs**" means Kajan Johnson, Clarence Dollaway, Tristen Connelly, Mikhail Cirkunovs, Phil Davis, and any named plaintiffs in any subsequently filed Actions which are related to or consolidated with the Actions in the court with jurisdiction over the cases.

12. "**Possession, Custody or Control**" when referring to Documents or other tangible objects means any Document or other tangible object You have access to regardless of whether You have actual possession of the document or other tangible object. This includes Documents You have the legal right to obtain or for which You have control over the person who has control of the Document, including without limitation Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or Your attorneys or their agents, employees, representatives or investigators.

13. "**Social Media**" means any web-hosted applications that facilitate public posting of words, images or video and audio recordings, and private interactions such as private messaging or email, among users. Examples of Social Media include without limitation, Twitter,

Facebook, YouTube, Instagram, TikTok, WhatsApp, Signal, and Telegram.

14. "**You**," "**Your**," "**Your Company**" means Instagram, LLC, individually, and Instagram, LLC and its predecessors, successors, subsidiaries, departments, divisions, affiliates, any organization or entity which Instagram, LLC has acquired, or with which Instagram, LLC has merged, and any organization or entity which Instagram, LLC manages, controls or has an ownership interest in, together with all current and former directors, officers, employees, agents, representatives or any persons acting or purporting to act on Your behalf.

15. "**Zuffa**," "**UFC**," or "**Defendant**" all mean Ultimate Fighting Championship, UFC, TKO Operating Company, LLC ("**TKO OpCo**") (f/k/a Zuffa Parent LLC), a Delaware limited liability company and the direct subsidiary of TKO Group Holdings, Inc., a Delaware corporation ("**TKO Group Holdings**"), Endeavor Group Holdings, Inc., a Delaware corporation ("**Endeavor**"), and all predecessors, successors, subsidiaries, departments, divisions, acquisitions, affiliates and any organization or entity TKO OpCo or TKO Group Holdings manages or controls, together with all present and former directors, members, officers, employees, agents, representatives or any persons acting or purporting to act on TKO OpCo's behalf including, without limitation, Ari Emanual, Dana White, Mark Shapiro, Patrick Whitsell, Ike Lawrence Epstein, Lorenzo Fertitta or Hunter Campbell.

## II. <u>INSTRUCTIONS</u>

1. In producing Documents, You are requested to furnish all Documents or things in Your possession, custody or control, regardless of the physical location of the Documents, or whether such Documents or other materials are possessed directly by You or Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates,

investigators, or by Your attorneys or their agents, employees, representatives or investigators.

2.  If any document covered by these requests is withheld by reason of a claim of attorney-client privilege, attorney work product protection, or any other privilege or protection, please furnish a log providing the following information with respect to each such withheld document: date, author, recipients, general subject matter sufficient to make a prima facie determination whether the asserted privilege has been properly invoked, and legal basis upon which the document has been withheld.

3.  In producing Documents, You are requested to produce the original of each Document requested, together with all non-identical copies and drafts of such Document. If the original of any Document cannot be located, a copy shall be produced in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

4.  If any requested Document cannot be produced in full, You are to produce it to the extent possible, indicating which Document, or portion of such Document, is being withheld, and the reason that it is being withheld.

5.  Documents not otherwise responsive to these Requests shall be produced if such Documents mention, discuss, refer to, or explain the Documents that are called for by these Requests, or if such Documents are attached to Documents called for by these Requests and constitute routing slips, transmittal memoranda, letters, cover sheets, comments, evaluation or similar materials.

6.  All Documents shall be produced in the same order as they are kept or maintained by You in the ordinary course of Your business. If any Documents have been removed from the files in which they were found for purposes of producing them in response to these

Requests, indicate for each Document the file(s) in which the Document(s) was (or were) originally located.

7. If a Document once existed and has subsequently been lost, destroyed, or is otherwise missing, please provide sufficient information to identify the Document and state the details concerning its loss.

8. With respect to any Document maintained or stored electronically, please harvest it in a manner that maintains the integrity and readability of all data, including all metadata.

9. Unless otherwise agreed, all ESI should be produced in native format via a secure file transfer protocol, or on compact disc(s), DVD disc(s) or zip drives in the original electronic file format(s) of the Documents.

10. Please produce all Documents maintained or stored electronically in native, electronic format with all relevant metadata intact. Encrypted or password-protected documents should be produced in a form permitting them to be reviewed. You are also requested to immediately meet and confer regarding the manner in which You shall produce Documents stored electronically in order for the parties to try and reach agreement in this regard and avoid any unnecessary expense.

11. Please organize electronic Documents produced for inspection in the same manner that You store them (e.g., if maintained by a custodian, such as e-mail residing on an e-mail server, please organize documents for production by custodian; if maintained as a subfolder of "My Documents" on a custodian's hard drive, please organize documents for production by custodian with path information preserved, etc.).

12. All ESI should be produced in accordance with the attached Stipulated Order Re: Discovery of Electronically Stored Information.

13. Documents attached to each other should not be separated, including, but not limited to, hard-copy versions of Documents attached to hard-copy printouts of e-mails produced pursuant to these Requests.

14. At Your election, documents maintained or stored in paper, hard-copy form can be produced as searchable .PDF (i.e., portable document format files with embedded text) and in an appropriate and usable manner (e.g., by copying such data onto an external hard drive).

15. These requests require production of paper documents in the same form and same order as they are kept in the usual course of business, or organized and labeled to correspond with the requests set forth below. If You choose the former method, the documents are to be produced in the boxes, file folders, binders and other containers in which the documents are found. The titles, labels or other descriptions on the boxes, file folders, binders or other containers are to be left intact.

16. Documents stored as electronic data on magnetic, optical, or other storage media as "active" or "backup" files shall be produced in their native formats with any associated metadata.

17. To the extent responsive Documents reside on databases and other such systems and files, You are requested to produce the relevant database in useable form and/or permit access for inspection, review, and extraction of responsive information.

18. To the extent responsive Documents are in languages other than English, the parties shall meet and confer to discuss the format of production prior thereto.

19. No part of a document request shall be left unanswered merely because an objection was

interposed to another part of the document request.

20. If You object to any document request or subpart thereof, the objection shall state with specificity all grounds. Any ground not stated shall be waived.

21. If You are unable to answer any document request, the reasons for Your inability to answer shall be separately stated in detail for each document request.

22. Category headings herein are for convenience and should not be relied upon to modify, limit, alter or otherwise influence in any way how to interpret these document requests.

## III. **RELEVANT TIME PERIOD**

Unless otherwise noted herein, the relevant time period of these document requests is July 1, 2015, until the present (the "**Relevant Time Period**"). These document requests seek all responsive Documents created or generated during the Relevant Time Period, as well as responsive Documents created or generated outside the Relevant Time Period, but which contain information concerning the Relevant Time Period.

## IV.    **PRODUCTION REQUESTS**

REQUEST NO. 1.

Pursuant to 18 U.S.C. § 2702(c)(6), all non-content subscriber records and account information for the individuals listed in Exhibit 1.[1]

Subscriber records and account information should include, but are not limited to, the following:

- Subscriber registration information, including, but not limited to, full names; associated email addresses; associated telephone numbers; associated addresses; user IDs, usernames, or handles; and dates of birth (if collected);

- IP address logs and login/logout history, including the date/time stamps (with time zone); IP addresses; port numbers; and associated session identifiers for each successful or attempted login during the Relevant Time Period;

- All activity logs or log files for the accounts showing all user activities during the Relevant Period, excluding information that may contain content data. User activities include, without limitation:

  o Engaging in one-to-one and group messaging communications, including sender and recipient identifiers (e.g., user IDs/handles/phone numbers), group identifiers, date/time stamps (with time zone), delivery status, and message size/length, excluding message contents;

---

[1] Exhibit 1 contains potential login identifiers for the listed individuals but is non-exhaustive. Because the complete list of associated account information for each individual will be within Your possession, custody, and control, Plaintiffs respectfully request to meet and confer on this Request.

- o Engaging in one-to-one and group calls (voice/video), including caller/callee identifiers, date/time stamps (with time zone), call duration, and call disposition, excluding call contents;

- o Participating in group memberships, including group identifiers, group name, date/time of user joining/leaving, and group admin(s), excluding any content of group messages;

- o Uploading videos or other posts; making comments on other users' posts; reacting to other users' posts; saving or bookmarking other users' posts; messaging, following, or "friending" other users; participating in live chats; and/or utilizing other public or private social networking activities You facilitate, including the date, time, and user(s) associated with the individual's use of Your features.

- Device information, including device type, OS version, device identifiers (e.g., device tokens, serial numbers, advertising ID where applicable), app version, and date/time stamps of devices associated with each account;

- Current account status (active, deactivated, permanently deleted) and records identifying the creation, deletion, deactivation, or reactivation of each account, including date/time stamps and the method by which such action occurred;

- Other account changes and events, including username changes, profile changes, linked accounts, password resets, recovery email/phone changes, two-factor authentication activation/deactivation, and date/time stamps for such events;

- All preservation/retention and privacy settings, including changes in settings and the dates on which they occurred. This includes, but is not limited to, records of content

deletion events or disappearing content settings, including when disappearing timers were enabled/modified and their durations, and date/time of content deletions (if maintained).

- Any preservation requests, legal process logs, or legal holds relating to the account, including the date of receipt of legal process and the categories of information preserved;

- Payment and billing records (if any), including payment method type (with masked numbers only), billing address, dates of payments, subscription status, and transaction logs, excluding full financial account numbers.

Exhibit 1

| Name | Employer | Associated Phone Numbers | Associated Email Addresses | Associated Usernames |
|---|---|---|---|---|
| Akosa Akpom | TKO Operating Company, LLC | | | |
| David Avery | TKO Operating Company, LLC | | | |
| Denitza Batchvarova | Zuffa, LLC | | | |
| Nakisa Bidarian | Zuffa, LLC | | | |
| Tracey Bleczinski | TKO Operating Company, LLC | | | |
| Craig Borsari | Zuffa, LLC | | | |
| Hunter Campbell | Zuffa, LLC | | | |
| Deborah Cook | TKO Operating Company, LLC | | | |
| Peter Dropick | Zuffa, LLC | | | |
| Ariel Emanuel | Endeavor Group Holdings, Inc.; TKO Operating Company, LLC | | | |
| Lawrence "Ike" Epstein | Zuffa, LLC | | | |
| Chadwick Hurley | Zuffa, LLC | | | |
| Tracy Long | Zuffa, LLC | | | |
| Jason Lublin | Endeavor Group Holdings, Inc. | | | |
| Michael "Mick" Maynard | Zuffa, LLC | | | |
| Michael Mossholder | Zuffa, LLC | | | |
| Grant Norris-Jones | TKO Operating Company, LLC | | | |
| Brittany Santypal | TKO Operating Company, LLC | | | |
| Andrew Schleimer | Zuffa, LLC | | | |
| Mark Shapiro | Endeavor Group Holdings, Inc.; TKO Operating Company, LLC | | | |
| David Shaw | TKO Operating Company, LLC | | | |
| Sean Shelby | Zuffa, LLC | | | |
| Joe Silva | Zuffa, LLC; TKO Operating Company, LLC | | | |
| Dana White | Zuffa, LLC; TKO Operating Company, LLC | | | |

| | |
|---|---|
| Seth Zaslow | TKO Operating Company, LLC |
| Marshall Zelaznik | Zuffa, LLC; TKO Operating Company, LLC |
| Albert Acosta | Endeavor Group Holdings, Inc. |
| Olsvaldo Arias | Zuffa, LLC; TKO Operating Company, LLC |
| Tony Barboza | Zuffa, LLC; TKO Operating Company, LLC |
| Buffey Curtis | Zuffa, LLC; TKO Operating Company, LLC |
| Nichole Durand | Zuffa, LLC; TKO Operating Company, LLC |
| Egon Durban | Zuffa, LLC; TKO Operating Company, LLC |
| Jamie Euster | Endeavor Group Holdings, Inc. |
| Keith Friedenberg | Endeavor Group Holdings, Inc. |
| Graham Fry | Endeavor Group Holdings, Inc. |
| Tim Gardner | Endeavor Group Holdings, Inc. |
| Rami Genauer | Zuffa, LLC; TKO Operating Company, LLC |
| Christoph Goessing | Zuffa, LLC; TKO Operating Company, LLC |
| Krista Hall | Zuffa, LLC; TKO Operating Company, LLC |
| Reed Harris | Zuffa, LLC; TKO Operating Company, LLC |
| Shane Kapral | Zuffa, LLC; TKO Operating Company, LLC |
| Seth Krauss | Endeavor Group Holdings, Inc. & Zuffa, LLC; TKO Operating Company, LLC |
| Ajay Madkekar | Endeavor Group Holdings, Inc. |
| David Phillips | Endeavor Group Holdings, Inc. |
| Chris Provino | Zuffa, LLC; TKO Operating Company, LLC |

| | |
|---|---|
| Marc Ratner | Zuffa, LLC; TKO Operating Company, LLC |
| Zack Rose | Endeavor Group Holdings, Inc. |
| Jonathan Shin | Zuffa, LLC; TKO Operating Company, LLC |
| Brandon Stuckenberg | Zuffa, LLC; TKO Operating Company, LLC |
| Robert Crowley Sullivan | Zuffa, LLC; TKO Operating Company, LLC |
| Blake Ulrich | Endeavor Group Holdings, Inc. |
| Marc Webster | Endeavor Group Holdings, Inc. |
| Patrick Whitesell | Zuffa, LLC; TKO Operating Company, LLC |
| Matt Woodmancy | Endeavor Group Holdings, Inc. |
| Chika Yoshinaga | Zuffa, LLC; TKO Operating Company, LLC |
| Nick Zombolas | Zuffa, LLC; TKO Operating Company, LLC |
| Sam Zussman | Endeavor Group Holdings, Inc. |

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Nevada

| | |
|---|---|
| Phil Davis | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   2:25-cv-00946-RFB-BNW |
| Zuffa, LLC dba Ultimate Fighting Championship et al. | ) |
| _____ | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
                               Instagram, LLC
c/o CSC - LAWYERS INCORPORATING SERVICE  2710 GATEWAY OAKS DRIVE  SACRAMENTO, CA 95833

*(Name of person to whom this subpoena is directed)*

    ▶ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place | Date and Time: |
|---|---|
| BERGER MONTAGUE 505 Montgomery Street Suite 625 San Francisco, CA 94111 | 1/17/2026 5:00 pm |

    ▶ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   12/17/2025

           *CLERK OF COURT*

                                       OR

_____          /s/ Daniel Gifford
*Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Plaintiff Phil Davis _____, who issues or requests this subpoena, are:
Daniel Gifford; 88 Pine Street, 14th Floor, New York, NY 10005; dgifford@cohenmilstein.com; (212) 838-7797

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:25-cv-00946-RFB-BNW

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

◻ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

◻ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____        _____
                                                *Server's signature*

                                  _____
                                                *Printed name and title*

                                  _____
                                                *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii)is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (iii)          requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iv)          requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (v) subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

### I. DEFINITIONS

1. The following rules of construction should apply to all discovery requests:

   a) "**All**" should be construed to include the collective as well as the singular and shall mean "each," "any," and "every."

   b) "**And**" and "or" should be construed so as to require the broadest possible response. If, for example, a request calls for information about "A or B" or "A and B," You should produce all information about A and all information about B, as well as all information about A and B collectively. In other words, "or" and "and" should be read as "and/or."

   c) "**Any**" shall be construed to mean "any and all."

   d) "**Including**" shall be construed to mean "without limitation." "Including" is used to emphasize certain types of documents requested and should not be construed as limiting the request in any way.

   e) "**Relating to**," "**referring to**," "**regarding**," or "**with respect to**" mean, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

   f) The use of the singular form of any word includes the plural and vice versa.

   g) Unless otherwise indicated, the use of the present tense of any verb shall be construed to include the past tense going back to the beginning of the Relevant Time Period, and the use of the past tense shall be construed to run from the beginning of the Relevant Time Period through the present.

2. "**Actions**" means *Kajan Johnson, et al. v. Zuffa, LLC, et al.*, No. 2:21-cv-01189 (D. Nev.);

*Mikhail Cirkunovs v. Zuffa, LLC, et al.*, No. 2:25-cv-00914 (D. Nev.); and *Phil Davis v. Zuffa, LLC, et al.*, No. 2:25-cv-00946 (D. Nev.).

3. "**Communication**" means without limitation, oral or written communications of any kind, such as electronic communications, direct communications through social media (including without limitation direct messaging, instant messaging, chatting or emailing within a social media platform), facsimiles, telephone communications, correspondence, exchange of written or recorded information, or face-to-face meetings. The phrase "communication between" is defined to include instances where one party addresses the other party but the other party does not necessarily respond. The phrase "communication" includes all attachments to e-mail messages.

4. "**Date**" means the exact day, month, and year, if ascertainable, or the best available approximation, including any relationship to other known events (designate whether exact or approximate).

5. "**Document(s)**" shall mean and include all "writings," "recordings" or "photographs" as those terms are defined in Federal Rule of Civil Procedure 34 and Rule 1001 of the Federal Rules of Evidence. Without limiting the generality of the foregoing, the term "Documents" includes both hard copy documents and electronically stored data files including but not limited to e-mail, instant messaging, social media content (including without limitation public content such as Tweets, YouTube submissions, Facebook posts, and posts to any public electronic billboard, as well as private content such as direct messaging, instant messaging, chats, and email), shared network files and databases. "Documents" also includes, without limitation and regardless of whether stored in hard copy or electronically, any letters, correspondence, memoranda, analyses, legal pleadings, calendars, diaries,

travel records, summaries, records of telephone conversations, telegrams, notes, reports, compilations, notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, audiotapes, film and sound reproductions, e-mails, internal or external web sites, audio or video discs data on magnetic or optical storage media (e.g., servers, storage area networks, interconnected remote servers (so-called "cloud computing"), hard drives, backup tapes, CDs, DVDs, Blu-ray, DVD-HD, USB/thumb/flash drives, floppy disks or any other type of portable storage device, etc.) stored as an "active" or backup file, in its native format, computer files, discs and drives, sales, advertising and promotional literature, agreements, stored recordings, minutes or other records of meetings, all written or graphic records or representations of any kind, and all mechanical or electronic data, records or representations of any kind.

6. "**Electronically Stored Information**," abbreviated as "**ESI**" has the same meaning and scope as it has in the Federal Rules of Civil Procedure and includes, without limitation, the following:

   a) structured and unstructured data, as those terms are defined in The Sedona Conference Glossary, available at www.thesedonaconference.org/publications;

   b) activity listings of electronic mail receipts and/or transmittals;

   c) output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, text messages (SMS, MMS or TMS), iMessages, Blackberry Messenger (BBM), AOL Instant MessengerTM (or similar program), social media (including without limitation Twitter, LinkedIn, YouTube, Facebook, Instagram, and

any other internet based messaging system) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

d)  any and all items stored on computer memories, hard disks, floppy disks, CD discs, DVD discs, flash drives, thumb drives, memory cards, magnetic tape, microfiche, off-site interconnected servers (so-called "cloud computing"), or in any other vehicle for digital data storage and/or transmittal, such as, but not limited to, a personal digital assistant (*e.g.*, Blackberry, Smart Phone or similar device) and file folder tabs, and/or containers and labels appended to, or relating to, any physical storage device associated with each original and/or copy of all documents requested herein;

e)  any and all items stored on voice-mail systems, websites, company intranet sites, chat rooms and social networking websites (*e.g.*, Facebook, LinkedIn, Twitter, and social websites listed at http://en.wikipedia.org/wiki/List of social networking websites); and

f)  any and all data, data compilations, and data analyses.

7.  "**Employee**" means, without limitation, any current or former officer, director, executive, manager, member, secretary, staff member, consultant, messenger, agent or other person who is or was employed by a Person or entity.

8.  "**Identify**," when used in reference to an individual employee, means to produce documents sufficient to identify: the person's full name, last known business and home address; date of birth; social security number; title or position and period of service in each such position; immediate supervisor in each position; business and home telephone numbers (including voice, cellular and facsimile phone numbers) assigned to or used by

such person and the period during which such numbers were assigned to be used by that person; and business and home electronic mail identifiers and the period during which such identifiers were assigned to and used by that person.

9. "**Meeting**" means, without limitation, any assembly, convocation, encounter, or contemporaneous presence of two or more persons for any purpose, whether planned or arranged, scheduled or not. Meeting attendees may be present in person or by electronic means including, but not limited to, teleconference and videoconference.

10. "**Person**" means, without limitation, any natural person, corporation, partnership, limited liability company, proprietorship, joint venture, trust, association, government entity, group or other form of legal entity.

11. "**Plaintiffs**" means Kajan Johnson, Clarence Dollaway, Tristen Connelly, Mikhail Cirkunovs, Phil Davis, and any named plaintiffs in any subsequently filed Actions which are related to or consolidated with the Actions in the court with jurisdiction over the cases.

12. "**Possession, Custody or Control**" when referring to Documents or other tangible objects means any Document or other tangible object You have access to regardless of whether You have actual possession of the document or other tangible object. This includes Documents You have the legal right to obtain or for which You have control over the person who has control of the Document, including without limitation Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or Your attorneys or their agents, employees, representatives or investigators.

13. "**Social Media**" means any web-hosted applications that facilitate public posting of words, images or video and audio recordings, and private interactions such as private messaging or email, among users. Examples of Social Media include without limitation, Twitter,

Facebook, YouTube, Instagram, TikTok, WhatsApp, Signal, and Telegram.

14. "**You**," "**Your**," "**Your Company**" means Instagram, LLC, individually, and Instagram, LLC and its predecessors, successors, subsidiaries, departments, divisions, affiliates, any organization or entity which Instagram, LLC has acquired, or with which Instagram, LLC has merged, and any organization or entity which Instagram, LLC manages, controls or has an ownership interest in, together with all current and former directors, officers, employees, agents, representatives or any persons acting or purporting to act on Your behalf.

15. "**Zuffa**," "**UFC**," or "**Defendant**" all mean Ultimate Fighting Championship, UFC, TKO Operating Company, LLC ("**TKO OpCo**") (f/k/a Zuffa Parent LLC), a Delaware limited liability company and the direct subsidiary of TKO Group Holdings, Inc., a Delaware corporation ("**TKO Group Holdings**"), Endeavor Group Holdings, Inc., a Delaware corporation ("**Endeavor**"), and all predecessors, successors, subsidiaries, departments, divisions, acquisitions, affiliates and any organization or entity TKO OpCo or TKO Group Holdings manages or controls, together with all present and former directors, members, officers, employees, agents, representatives or any persons acting or purporting to act on TKO OpCo's behalf including, without limitation, Ari Emanual, Dana White, Mark Shapiro, Patrick Whitsell, Ike Lawrence Epstein, Lorenzo Fertitta or Hunter Campbell.

## II. <u>INSTRUCTIONS</u>

1. In producing Documents, You are requested to furnish all Documents or things in Your possession, custody or control, regardless of the physical location of the Documents, or whether such Documents or other materials are possessed directly by You or Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates,

investigators, or by Your attorneys or their agents, employees, representatives or investigators.

2.  If any document covered by these requests is withheld by reason of a claim of attorney-client privilege, attorney work product protection, or any other privilege or protection, please furnish a log providing the following information with respect to each such withheld document: date, author, recipients, general subject matter sufficient to make a prima facie determination whether the asserted privilege has been properly invoked, and legal basis upon which the document has been withheld.

3.  In producing Documents, You are requested to produce the original of each Document requested, together with all non-identical copies and drafts of such Document. If the original of any Document cannot be located, a copy shall be produced in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

4.  If any requested Document cannot be produced in full, You are to produce it to the extent possible, indicating which Document, or portion of such Document, is being withheld, and the reason that it is being withheld.

5.  Documents not otherwise responsive to these Requests shall be produced if such Documents mention, discuss, refer to, or explain the Documents that are called for by these Requests, or if such Documents are attached to Documents called for by these Requests and constitute routing slips, transmittal memoranda, letters, cover sheets, comments, evaluation or similar materials.

6.  All Documents shall be produced in the same order as they are kept or maintained by You in the ordinary course of Your business. If any Documents have been removed from the files in which they were found for purposes of producing them in response to these

Requests, indicate for each Document the file(s) in which the Document(s) was (or were) originally located.

7. If a Document once existed and has subsequently been lost, destroyed, or is otherwise missing, please provide sufficient information to identify the Document and state the details concerning its loss.

8. With respect to any Document maintained or stored electronically, please harvest it in a manner that maintains the integrity and readability of all data, including all metadata.

9. Unless otherwise agreed, all ESI should be produced in native format via a secure file transfer protocol, or on compact disc(s), DVD disc(s) or zip drives in the original electronic file format(s) of the Documents.

10. Please produce all Documents maintained or stored electronically in native, electronic format with all relevant metadata intact. Encrypted or password-protected documents should be produced in a form permitting them to be reviewed. You are also requested to immediately meet and confer regarding the manner in which You shall produce Documents stored electronically in order for the parties to try and reach agreement in this regard and avoid any unnecessary expense.

11. Please organize electronic Documents produced for inspection in the same manner that You store them (e.g., if maintained by a custodian, such as e-mail residing on an e-mail server, please organize documents for production by custodian; if maintained as a subfolder of "My Documents" on a custodian's hard drive, please organize documents for production by custodian with path information preserved, etc.).

12. All ESI should be produced in accordance with the attached Stipulated Order Re: Discovery of Electronically Stored Information.

13. Documents attached to each other should not be separated, including, but not limited to, hard-copy versions of Documents attached to hard-copy printouts of e-mails produced pursuant to these Requests.

14. At Your election, documents maintained or stored in paper, hard-copy form can be produced as searchable .PDF (i.e., portable document format files with embedded text) and in an appropriate and usable manner (e.g., by copying such data onto an external hard drive).

15. These requests require production of paper documents in the same form and same order as they are kept in the usual course of business, or organized and labeled to correspond with the requests set forth below. If You choose the former method, the documents are to be produced in the boxes, file folders, binders and other containers in which the documents are found. The titles, labels or other descriptions on the boxes, file folders, binders or other containers are to be left intact.

16. Documents stored as electronic data on magnetic, optical, or other storage media as "active" or "backup" files shall be produced in their native formats with any associated metadata.

17. To the extent responsive Documents reside on databases and other such systems and files, You are requested to produce the relevant database in useable form and/or permit access for inspection, review, and extraction of responsive information.

18. To the extent responsive Documents are in languages other than English, the parties shall meet and confer to discuss the format of production prior thereto.

19. No part of a document request shall be left unanswered merely because an objection was

interposed to another part of the document request.

20. If You object to any document request or subpart thereof, the objection shall state with specificity all grounds. Any ground not stated shall be waived.

21. If You are unable to answer any document request, the reasons for Your inability to answer shall be separately stated in detail for each document request.

22. Category headings herein are for convenience and should not be relied upon to modify, limit, alter or otherwise influence in any way how to interpret these document requests.

## III. RELEVANT TIME PERIOD

Unless otherwise noted herein, the relevant time period of these document requests is July 1, 2015, until the present (the "**Relevant Time Period**"). These document requests seek all responsive Documents created or generated during the Relevant Time Period, as well as responsive Documents created or generated outside the Relevant Time Period, but which contain information concerning the Relevant Time Period.

## IV.    **PRODUCTION REQUESTS**

REQUEST NO. 1.

      Pursuant to 18 U.S.C. § 2702(c)(6), all non-content subscriber records and account information for the individuals listed in Exhibit 1.[1]

      Subscriber records and account information should include, but are not limited to, the following:

- Subscriber registration information, including, but not limited to, full names; associated email addresses; associated telephone numbers; associated addresses; user IDs, usernames, or handles; and dates of birth (if collected);

- IP address logs and login/logout history, including the date/time stamps (with time zone); IP addresses; port numbers; and associated session identifiers for each successful or attempted login during the Relevant Time Period;

- All activity logs or log files for the accounts showing all user activities during the Relevant Period, excluding information that may contain content data. User activities include, without limitation:

    o Engaging in one-to-one and group messaging communications, including sender and recipient identifiers (e.g., user IDs/handles/phone numbers), group identifiers, date/time stamps (with time zone), delivery status, and message size/length, excluding message contents;

---

[1] Exhibit 1 contains potential login identifiers for the listed individuals but is non-exhaustive. Because the complete list of associated account information for each individual will be within Your possession, custody, and control, Plaintiffs respectfully request to meet and confer on this Request.

- o Engaging in one-to-one and group calls (voice/video), including caller/callee identifiers, date/time stamps (with time zone), call duration, and call disposition, excluding call contents;

- o Participating in group memberships, including group identifiers, group name, date/time of user joining/leaving, and group admin(s), excluding any content of group messages;

- o Uploading videos or other posts; making comments on other users' posts; reacting to other users' posts; saving or bookmarking other users' posts; messaging, following, or "friending" other users; participating in live chats; and/or utilizing other public or private social networking activities You facilitate, including the date, time, and user(s) associated with the individual's use of Your features.

- Device information, including device type, OS version, device identifiers (e.g., device tokens, serial numbers, advertising ID where applicable), app version, and date/time stamps of devices associated with each account;

- Current account status (active, deactivated, permanently deleted) and records identifying the creation, deletion, deactivation, or reactivation of each account, including date/time stamps and the method by which such action occurred;

- Other account changes and events, including username changes, profile changes, linked accounts, password resets, recovery email/phone changes, two-factor authentication activation/deactivation, and date/time stamps for such events;

- All preservation/retention and privacy settings, including changes in settings and the dates on which they occurred. This includes, but is not limited to, records of content

deletion events or disappearing content settings, including when disappearing timers were enabled/modified and their durations, and date/time of content deletions (if maintained).

- Any preservation requests, legal process logs, or legal holds relating to the account, including the date of receipt of legal process and the categories of information preserved;

- Payment and billing records (if any), including payment method type (with masked numbers only), billing address, dates of payments, subscription status, and transaction logs, excluding full financial account numbers.

Exhibit 1

| Name | Employer | Associated Phone Numbers | Associated Email Addresses | Associated Usernames |
|------|----------|--------------------------|----------------------------|----------------------|
| Akosa Akpom | TKO Operating Company, LLC | | | |
| David Avery | TKO Operating Company, LLC | | | |
| Denitza Batchvarova | Zuffa, LLC | | | |
| Nakisa Bidarian | Zuffa, LLC | | | |
| Tracey Bleczinski | TKO Operating Company, LLC | | | |
| Craig Borsari | Zuffa, LLC | | | |
| Hunter Campbell | Zuffa, LLC | | | |
| Deborah Cook | TKO Operating Company, LLC | | | |
| Peter Dropick | Zuffa, LLC | | | |
| Ariel Emanuel | Endeavor Group Holdings, Inc.; TKO Operating Company, LLC | | | |
| Lawrence "Ike" Epstein | Zuffa, LLC | | | |
| Chadwick Hurley | Zuffa, LLC | | | |
| Tracy Long | Zuffa, LLC | | | |
| Jason Lublin | Endeavor Group Holdings, Inc. | | | |
| Michael "Mick" Maynard | Zuffa, LLC | | | |
| Michael Mossholder | Zuffa, LLC | | | |
| Grant Norris-Jones | TKO Operating Company, LLC | | | |
| Brittany Santypal | TKO Operating Company, LLC | | | |
| Andrew Schleimer | Zuffa, LLC | | | |
| Mark Shapiro | Endeavor Group Holdings, Inc.; TKO Operating Company, LLC | | | |
| David Shaw | TKO Operating Company, LLC | | | |
| Sean Shelby | Zuffa, LLC | | | |
| Joe Silva | Zuffa, LLC; TKO Operating Company, LLC | | | |
| Dana White | Zuffa, LLC; TKO Operating Company, LLC | | | |

| | |
|---|---|
| Seth Zaslow | TKO Operating Company, LLC |
| Marshall Zelaznik | Zuffa, LLC; TKO Operating Company, LLC |
| Albert Acosta | Endeavor Group Holdings, Inc. |
| Olsvaldo Arias | Zuffa, LLC; TKO Operating Company, LLC |
| Tony Barboza | Zuffa, LLC; TKO Operating Company, LLC |
| Buffey Curtis | Zuffa, LLC; TKO Operating Company, LLC |
| Nichole Durand | Zuffa, LLC; TKO Operating Company, LLC |
| Egon Durban | Zuffa, LLC; TKO Operating Company, LLC |
| Jamie Euster | Endeavor Group Holdings, Inc. |
| Keith Friedenberg | Endeavor Group Holdings, Inc. |
| Graham Fry | Endeavor Group Holdings, Inc. |
| Tim Gardner | Endeavor Group Holdings, Inc. |
| Rami Genauer | Zuffa, LLC; TKO Operating Company, LLC |
| Christoph Goessing | Zuffa, LLC; TKO Operating Company, LLC |
| Krista Hall | Zuffa, LLC; TKO Operating Company, LLC |
| Reed Harris | Zuffa, LLC; TKO Operating Company, LLC |
| Shane Kapral | Zuffa, LLC; TKO Operating Company, LLC |
| Seth Krauss | Endeavor Group Holdings, Inc. & Zuffa, LLC; TKO Operating Company, LLC |
| Ajay Madkekar | Endeavor Group Holdings, Inc. |
| David Phillips | Endeavor Group Holdings, Inc. |
| Chris Provino | Zuffa, LLC; TKO Operating Company, LLC |

| Marc Ratner | Zuffa, LLC; TKO Operating Company, LLC | |
| Zack Rose | Endeavor Group Holdings, Inc. | |
| Jonathan Shin | Zuffa, LLC; TKO Operating Company, LLC | |
| Brandon Stuckenberg | Zuffa, LLC; TKO Operating Company, LLC | |
| Robert Crowley Sullivan | Zuffa, LLC; TKO Operating Company, LLC | |
| Blake Ulrich | Endeavor Group Holdings, Inc. | |
| Marc Webster | Endeavor Group Holdings, Inc. | |
| Patrick Whitesell | Zuffa, LLC; TKO Operating Company, LLC | |
| Matt Woodmancy | Endeavor Group Holdings, Inc. | |
| Chika Yoshinaga | Zuffa, LLC; TKO Operating Company, LLC | |
| Nick Zombolas | Zuffa, LLC; TKO Operating Company, LLC | |
| Sam Zussman | Endeavor Group Holdings, Inc. | |

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### District of Nevada

| | |
|---|---|
| Mikhail Cirkunovs | ) |
| _Plaintiff_ | ) |
| v. | )    Civil Action No. 2:25-cv-00914-RFB-BNW |
| Zuffa, LLC dba Ultimate Fighting Championship et al. | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                    Instagram, LLC
         c/o CSC - LAWYERS INCORPORATING SERVICE 2710 GATEWAY OAKS DRIVE SACRAMENTO, CA 95833

_(Name of person to whom this subpoena is directed)_

❛ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place  BERGER MONTAGUE 505 Montgomery Street Suite 625 San Francisco, CA 94111 | Date and Time: 1/17/2026 5:00 pm |
|---|---|

❛ _Inspection of Premises_: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  12/17/2025

_CLERK OF COURT_
                                              OR
_____            /s/ Daniel Gifford
_Signature of Clerk or Deputy Clerk_          _____
                                              _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_
Plaintiff Mikhail Cirkunovs                                    , who issues or requests this subpoena, are:
Daniel Gifford; 88 Pine Street, 14th Floor, New York, NY 10005; dgifford@cohenmilstein.com; (212) 838-7797

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:25-cv-00914-RFB-BNW

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____        _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii)is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii)These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (iii)          requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iv)          requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (v) subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i)  shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii)  ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A)  Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B)  Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C)  Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D)  Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i)  expressly make the claim; and
      (ii)describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## SCHEDULE A

### I. DEFINITIONS

1. The following rules of construction should apply to all discovery requests:

   a) "**All**" should be construed to include the collective as well as the singular and shall mean "each," "any," and "every."

   b) "**And**" and "or" should be construed so as to require the broadest possible response. If, for example, a request calls for information about "A or B" or "A and B," You should produce all information about A and all information about B, as well as all information about A and B collectively. In other words, "or" and "and" should be read as "and/or."

   c) "**Any**" shall be construed to mean "any and all."

   d) "**Including**" shall be construed to mean "without limitation." "Including" is used to emphasize certain types of documents requested and should not be construed as limiting the request in any way.

   e) "**Relating to**," "**referring to**," "**regarding**," or "**with respect to**" mean, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

   f) The use of the singular form of any word includes the plural and vice versa.

   g) Unless otherwise indicated, the use of the present tense of any verb shall be construed to include the past tense going back to the beginning of the Relevant Time Period, and the use of the past tense shall be construed to run from the beginning of the Relevant Time Period through the present.

2. "**Actions**" means *Kajan Johnson, et al. v. Zuffa, LLC, et al.*, No. 2:21-cv-01189 (D. Nev.);

*Mikhail Cirkunovs v. Zuffa, LLC, et al.*, No. 2:25-cv-00914 (D. Nev.); and *Phil Davis v. Zuffa, LLC, et al.*, No. 2:25-cv-00946 (D. Nev.).

3. "**Communication**" means without limitation, oral or written communications of any kind, such as electronic communications, direct communications through social media (including without limitation direct messaging, instant messaging, chatting or emailing within a social media platform), facsimiles, telephone communications, correspondence, exchange of written or recorded information, or face-to-face meetings. The phrase "communication between" is defined to include instances where one party addresses the other party but the other party does not necessarily respond. The phrase "communication" includes all attachments to e-mail messages.

4. "**Date**" means the exact day, month, and year, if ascertainable, or the best available approximation, including any relationship to other known events (designate whether exact or approximate).

5. "**Document(s)**" shall mean and include all "writings," "recordings" or "photographs" as those terms are defined in Federal Rule of Civil Procedure 34 and Rule 1001 of the Federal Rules of Evidence. Without limiting the generality of the foregoing, the term "Documents" includes both hard copy documents and electronically stored data files including but not limited to e-mail, instant messaging, social media content (including without limitation public content such as Tweets, YouTube submissions, Facebook posts, and posts to any public electronic billboard, as well as private content such as direct messaging, instant messaging, chats, and email), shared network files and databases. "Documents" also includes, without limitation and regardless of whether stored in hard copy or electronically, any letters, correspondence, memoranda, analyses, legal pleadings, calendars, diaries,

travel records, summaries, records of telephone conversations, telegrams, notes, reports, compilations, notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, audiotapes, film and sound reproductions, e-mails, internal or external web sites, audio or video discs data on magnetic or optical storage media (e.g., servers, storage area networks, interconnected remote servers (so-called "cloud computing"), hard drives, backup tapes, CDs, DVDs, Blu-ray, DVD-HD, USB/thumb/flash drives, floppy disks or any other type of portable storage device, etc.) stored as an "active" or backup file, in its native format, computer files, discs and drives, sales, advertising and promotional literature, agreements, stored recordings, minutes or other records of meetings, all written or graphic records or representations of any kind, and all mechanical or electronic data, records or representations of any kind.

6. "**Electronically Stored Information**," abbreviated as "**ESI**" has the same meaning and scope as it has in the Federal Rules of Civil Procedure and includes, without limitation, the following:

   a) structured and unstructured data, as those terms are defined in The Sedona Conference Glossary, available at www.thesedonaconference.org/publications;

   b) activity listings of electronic mail receipts and/or transmittals;

   c) output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, text messages (SMS, MMS or TMS), iMessages, Blackberry Messenger (BBM), AOL Instant MessengerTM (or similar program), social media (including without limitation Twitter, LinkedIn, YouTube, Facebook, Instagram, and

any other internet based messaging system) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

d)  any and all items stored on computer memories, hard disks, floppy disks, CD discs, DVD discs, flash drives, thumb drives, memory cards, magnetic tape, microfiche, off-site interconnected servers (so-called "cloud computing"), or in any other vehicle for digital data storage and/or transmittal, such as, but not limited to, a personal digital assistant (*e.g.*, Blackberry, Smart Phone or similar device) and file folder tabs, and/or containers and labels appended to, or relating to, any physical storage device associated with each original and/or copy of all documents requested herein;

e)  any and all items stored on voice-mail systems, websites, company intranet sites, chat rooms and social networking websites (*e.g.*, Facebook, LinkedIn, Twitter, and social websites listed at http://en.wikipedia.org/wiki/List of social networking websites); and

f)  any and all data, data compilations, and data analyses.

7.  "**Employee**" means, without limitation, any current or former officer, director, executive, manager, member, secretary, staff member, consultant, messenger, agent or other person who is or was employed by a Person or entity.

8.  "**Identify**," when used in reference to an individual employee, means to produce documents sufficient to identify: the person's full name, last known business and home address; date of birth; social security number; title or position and period of service in each such position; immediate supervisor in each position; business and home telephone numbers (including voice, cellular and facsimile phone numbers) assigned to or used by

such person and the period during which such numbers were assigned to be used by that person; and business and home electronic mail identifiers and the period during which such identifiers were assigned to and used by that person.

9. "**Meeting**" means, without limitation, any assembly, convocation, encounter, or contemporaneous presence of two or more persons for any purpose, whether planned or arranged, scheduled or not. Meeting attendees may be present in person or by electronic means including, but not limited to, teleconference and videoconference.

10. "**Person**" means, without limitation, any natural person, corporation, partnership, limited liability company, proprietorship, joint venture, trust, association, government entity, group or other form of legal entity.

11. "**Plaintiffs**" means Kajan Johnson, Clarence Dollaway, Tristen Connelly, Mikhail Cirkunovs, Phil Davis, and any named plaintiffs in any subsequently filed Actions which are related to or consolidated with the Actions in the court with jurisdiction over the cases.

12. "**Possession, Custody or Control**" when referring to Documents or other tangible objects means any Document or other tangible object You have access to regardless of whether You have actual possession of the document or other tangible object. This includes Documents You have the legal right to obtain or for which You have control over the person who has control of the Document, including without limitation Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or Your attorneys or their agents, employees, representatives or investigators.

13. "**Social Media**" means any web-hosted applications that facilitate public posting of words, images or video and audio recordings, and private interactions such as private messaging or email, among users. Examples of Social Media include without limitation, Twitter,

Facebook, YouTube, Instagram, TikTok, WhatsApp, Signal, and Telegram.

14. "**You**," "**Your**," "**Your Company**" means Instagram, LLC, individually, and Instagram, LLC and its predecessors, successors, subsidiaries, departments, divisions, affiliates, any organization or entity which Instagram, LLC has acquired, or with which Instagram, LLC has merged, and any organization or entity which Instagram, LLC manages, controls or has an ownership interest in, together with all current and former directors, officers, employees, agents, representatives or any persons acting or purporting to act on Your behalf.

15. "**Zuffa**," "**UFC**," or "**Defendant**" all mean Ultimate Fighting Championship, UFC, TKO Operating Company, LLC ("**TKO OpCo**") (f/k/a Zuffa Parent LLC), a Delaware limited liability company and the direct subsidiary of TKO Group Holdings, Inc., a Delaware corporation ("**TKO Group Holdings**"), Endeavor Group Holdings, Inc., a Delaware corporation ("**Endeavor**"), and all predecessors, successors, subsidiaries, departments, divisions, acquisitions, affiliates and any organization or entity TKO OpCo or TKO Group Holdings manages or controls, together with all present and former directors, members, officers, employees, agents, representatives or any persons acting or purporting to act on TKO OpCo's behalf including, without limitation, Ari Emanual, Dana White, Mark Shapiro, Patrick Whitsell, Ike Lawrence Epstein, Lorenzo Fertitta or Hunter Campbell.

## II. <u>INSTRUCTIONS</u>

1. In producing Documents, You are requested to furnish all Documents or things in Your possession, custody or control, regardless of the physical location of the Documents, or whether such Documents or other materials are possessed directly by You or Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates,

investigators, or by Your attorneys or their agents, employees, representatives or investigators.

2. If any document covered by these requests is withheld by reason of a claim of attorney-client privilege, attorney work product protection, or any other privilege or protection, please furnish a log providing the following information with respect to each such withheld document: date, author, recipients, general subject matter sufficient to make a prima facie determination whether the asserted privilege has been properly invoked, and legal basis upon which the document has been withheld.

3. In producing Documents, You are requested to produce the original of each Document requested, together with all non-identical copies and drafts of such Document. If the original of any Document cannot be located, a copy shall be produced in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

4. If any requested Document cannot be produced in full, You are to produce it to the extent possible, indicating which Document, or portion of such Document, is being withheld, and the reason that it is being withheld.

5. Documents not otherwise responsive to these Requests shall be produced if such Documents mention, discuss, refer to, or explain the Documents that are called for by these Requests, or if such Documents are attached to Documents called for by these Requests and constitute routing slips, transmittal memoranda, letters, cover sheets, comments, evaluation or similar materials.

6. All Documents shall be produced in the same order as they are kept or maintained by You in the ordinary course of Your business. If any Documents have been removed from the files in which they were found for purposes of producing them in response to these

Requests, indicate for each Document the file(s) in which the Document(s) was (or were) originally located.

7. If a Document once existed and has subsequently been lost, destroyed, or is otherwise missing, please provide sufficient information to identify the Document and state the details concerning its loss.

8. With respect to any Document maintained or stored electronically, please harvest it in a manner that maintains the integrity and readability of all data, including all metadata.

9. Unless otherwise agreed, all ESI should be produced in native format via a secure file transfer protocol, or on compact disc(s), DVD disc(s) or zip drives in the original electronic file format(s) of the Documents.

10. Please produce all Documents maintained or stored electronically in native, electronic format with all relevant metadata intact. Encrypted or password-protected documents should be produced in a form permitting them to be reviewed. You are also requested to immediately meet and confer regarding the manner in which You shall produce Documents stored electronically in order for the parties to try and reach agreement in this regard and avoid any unnecessary expense.

11. Please organize electronic Documents produced for inspection in the same manner that You store them (e.g., if maintained by a custodian, such as e-mail residing on an e-mail server, please organize documents for production by custodian; if maintained as a subfolder of "My Documents" on a custodian's hard drive, please organize documents for production by custodian with path information preserved, etc.).

12. All ESI should be produced in accordance with the attached Stipulated Order Re: Discovery of Electronically Stored Information.

13. Documents attached to each other should not be separated, including, but not limited to, hard-copy versions of Documents attached to hard-copy printouts of e-mails produced pursuant to these Requests.

14. At Your election, documents maintained or stored in paper, hard-copy form can be produced as searchable .PDF (i.e., portable document format files with embedded text) and in an appropriate and usable manner (e.g., by copying such data onto an external hard drive).

15. These requests require production of paper documents in the same form and same order as they are kept in the usual course of business, or organized and labeled to correspond with the requests set forth below. If You choose the former method, the documents are to be produced in the boxes, file folders, binders and other containers in which the documents are found. The titles, labels or other descriptions on the boxes, file folders, binders or other containers are to be left intact.

16. Documents stored as electronic data on magnetic, optical, or other storage media as "active" or "backup" files shall be produced in their native formats with any associated metadata.

17. To the extent responsive Documents reside on databases and other such systems and files, You are requested to produce the relevant database in useable form and/or permit access for inspection, review, and extraction of responsive information.

18. To the extent responsive Documents are in languages other than English, the parties shall meet and confer to discuss the format of production prior thereto.

19. No part of a document request shall be left unanswered merely because an objection was

interposed to another part of the document request.

20. If You object to any document request or subpart thereof, the objection shall state with specificity all grounds. Any ground not stated shall be waived.

21. If You are unable to answer any document request, the reasons for Your inability to answer shall be separately stated in detail for each document request.

22. Category headings herein are for convenience and should not be relied upon to modify, limit, alter or otherwise influence in any way how to interpret these document requests.

## III. <u>RELEVANT TIME PERIOD</u>

Unless otherwise noted herein, the relevant time period of these document requests is July 1, 2015, until the present (the "**Relevant Time Period**"). These document requests seek all responsive Documents created or generated during the Relevant Time Period, as well as responsive Documents created or generated outside the Relevant Time Period, but which contain information concerning the Relevant Time Period.

## IV.    **PRODUCTION REQUESTS**

REQUEST NO. 1.

Pursuant to 18 U.S.C. § 2702(c)(6), all non-content subscriber records and account information for the individuals listed in Exhibit 1.[1]

Subscriber records and account information should include, but are not limited to, the following:

- Subscriber registration information, including, but not limited to, full names; associated email addresses; associated telephone numbers; associated addresses; user IDs, usernames, or handles; and dates of birth (if collected);

- IP address logs and login/logout history, including the date/time stamps (with time zone); IP addresses; port numbers; and associated session identifiers for each successful or attempted login during the Relevant Time Period;

- All activity logs or log files for the accounts showing all user activities during the Relevant Period, excluding information that may contain content data. User activities include, without limitation:

    o Engaging in one-to-one and group messaging communications, including sender and recipient identifiers (e.g., user IDs/handles/phone numbers), group identifiers, date/time stamps (with time zone), delivery status, and message size/length, excluding message contents;

---

[1] Exhibit 1 contains potential login identifiers for the listed individuals but is non-exhaustive. Because the complete list of associated account information for each individual will be within Your possession, custody, and control, Plaintiffs respectfully request to meet and confer on this Request.

- o Engaging in one-to-one and group calls (voice/video), including caller/callee identifiers, date/time stamps (with time zone), call duration, and call disposition, excluding call contents;

- o Participating in group memberships, including group identifiers, group name, date/time of user joining/leaving, and group admin(s), excluding any content of group messages;

- o Uploading videos or other posts; making comments on other users' posts; reacting to other users' posts; saving or bookmarking other users' posts; messaging, following, or "friending" other users; participating in live chats; and/or utilizing other public or private social networking activities You facilitate, including the date, time, and user(s) associated with the individual's use of Your features.

- Device information, including device type, OS version, device identifiers (e.g., device tokens, serial numbers, advertising ID where applicable), app version, and date/time stamps of devices associated with each account;

- Current account status (active, deactivated, permanently deleted) and records identifying the creation, deletion, deactivation, or reactivation of each account, including date/time stamps and the method by which such action occurred;

- Other account changes and events, including username changes, profile changes, linked accounts, password resets, recovery email/phone changes, two-factor authentication activation/deactivation, and date/time stamps for such events;

- All preservation/retention and privacy settings, including changes in settings and the dates on which they occurred. This includes, but is not limited to, records of content

deletion events or disappearing content settings, including when disappearing timers were enabled/modified and their durations, and date/time of content deletions (if maintained).

- Any preservation requests, legal process logs, or legal holds relating to the account, including the date of receipt of legal process and the categories of information preserved;

- Payment and billing records (if any), including payment method type (with masked numbers only), billing address, dates of payments, subscription status, and transaction logs, excluding full financial account numbers.

Exhibit 1

| Name | Employer | Associated Phone Numbers | Associated Email Addresses | Associated Usernames |
|------|----------|--------------------------|----------------------------|----------------------|
| Akosa Akpom | TKO Operating Company, LLC | | | |
| David Avery | TKO Operating Company, LLC | | | |
| Denitza Batchvarova | Zuffa, LLC | | | |
| Nakisa Bidarian | Zuffa, LLC | | | |
| Tracey Bleczinski | TKO Operating Company, LLC | | | |
| Craig Borsari | Zuffa, LLC | | | |
| Hunter Campbell | Zuffa, LLC | | | |
| Deborah Cook | TKO Operating Company, LLC | | | |
| Peter Dropick | Zuffa, LLC | | | |
| Ariel Emanuel | Endeavor Group Holdings, Inc.; TKO Operating Company, LLC | | | |
| Lawrence "Ike" Epstein | Zuffa, LLC | | | |
| Chadwick Hurley | Zuffa, LLC | | | |
| Tracy Long | Zuffa, LLC | | | |
| Jason Lublin | Endeavor Group Holdings, Inc. | | | |
| Michael "Mick" Maynard | Zuffa, LLC | | | |
| Michael Mossholder | Zuffa, LLC | | | |
| Grant Norris-Jones | TKO Operating Company, LLC | | | |
| Brittany Santypal | TKO Operating Company, LLC | | | |
| Andrew Schleimer | Zuffa, LLC | | | |
| Mark Shapiro | Endeavor Group Holdings, Inc.; TKO Operating Company, LLC | | | |
| David Shaw | TKO Operating Company, LLC | | | |
| Sean Shelby | Zuffa, LLC | | | |
| Joe Silva | Zuffa, LLC; TKO Operating Company, LLC | | | |
| Dana White | Zuffa, LLC; TKO Operating Company, LLC | | | |

| | |
|---|---|
| Seth Zaslow | TKO Operating Company, LLC |
| Marshall Zelaznik | Zuffa, LLC; TKO Operating Company, LLC |
| Albert Acosta | Endeavor Group Holdings, Inc. |
| Olsvaldo Arias | Zuffa, LLC; TKO Operating Company, LLC |
| Tony Barboza | Zuffa, LLC; TKO Operating Company, LLC |
| Buffey Curtis | Zuffa, LLC; TKO Operating Company, LLC |
| Nichole Durand | Zuffa, LLC; TKO Operating Company, LLC |
| Egon Durban | Zuffa, LLC; TKO Operating Company, LLC |
| Jamie Euster | Endeavor Group Holdings, Inc. |
| Keith Friedenberg | Endeavor Group Holdings, Inc. |
| Graham Fry | Endeavor Group Holdings, Inc. |
| Tim Gardner | Endeavor Group Holdings, Inc. |
| Rami Genauer | Zuffa, LLC; TKO Operating Company, LLC |
| Christoph Goessing | Zuffa, LLC; TKO Operating Company, LLC |
| Krista Hall | Zuffa, LLC; TKO Operating Company, LLC |
| Reed Harris | Zuffa, LLC; TKO Operating Company, LLC |
| Shane Kapral | Zuffa, LLC; TKO Operating Company, LLC |
| Seth Krauss | Endeavor Group Holdings, Inc. & Zuffa, LLC; TKO Operating Company, LLC |
| Ajay Madkekar | Endeavor Group Holdings, Inc. |
| David Phillips | Endeavor Group Holdings, Inc. |
| Chris Provino | Zuffa, LLC; TKO Operating Company, LLC |

| | |
|---|---|
| Marc Ratner | Zuffa, LLC; TKO Operating Company, LLC |
| Zack Rose | Endeavor Group Holdings, Inc. |
| Jonathan Shin | Zuffa, LLC; TKO Operating Company, LLC |
| Brandon Stuckenberg | Zuffa, LLC; TKO Operating Company, LLC |
| Robert Crowley Sullivan | Zuffa, LLC; TKO Operating Company, LLC |
| Blake Ulrich | Endeavor Group Holdings, Inc. |
| Marc Webster | Endeavor Group Holdings, Inc. |
| Patrick Whitesell | Zuffa, LLC; TKO Operating Company, LLC |
| Matt Woodmancy | Endeavor Group Holdings, Inc. |
| Chika Yoshinaga | Zuffa, LLC; TKO Operating Company, LLC |
| Nick Zombolas | Zuffa, LLC; TKO Operating Company, LLC |
| Sam Zussman | Endeavor Group Holdings, Inc. |

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Nevada

| | |
|---|---|
| Johnson et al. | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No.  2:21-cv-01189-RFB-BNW |
| Zuffa, LLC dba Ultimate Fighting Championship et al. | ) |
| _Defendant_ | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS**
**OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:           Meta Platforms, Inc.
c/o CSC - LAWYERS INCORPORATING SERVICE  2710 GATEWAY OAKS DRIVE  SACRAMENTO, CA 95834

_(Name of person to whom this subpoena is directed)_

**X** _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: BERGER MONTAGUE 505 Montgomery Street Suite 625 San Francisco, CA 94111 | Date and Time: 1/17/2026 5:00 pm |
|---|---|

⌐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      12/17/2025

CLERK OF COURT

                                    OR

_____          /s/ Daniel Gifford
_Signature of Clerk or Deputy Clerk_          _____
                                    _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_
Plaintiffs Kajan Johnson, Clarence Dollaway, and Tristan Connelly_____, who issues or requests this subpoena, are:
Daniel Gifford; 88 Pine Street, 14th Floor, New York, NY 10005; dgifford@cohenmilstein.com; (212) 838-7797

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:21-cv-01189-RFB-BNW

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

❜ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❜ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____        _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  ( ) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (i) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (ii) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

### SCHEDULE A

### I. DEFINITIONS

1. The following rules of construction should apply to all discovery requests:

a) "**All**" should be construed to include the collective as well as the singular and shall mean "each," "any," and "every."

b) "**And**" and "or" should be construed so as to require the broadest possible response. If, for example, a request calls for information about "A or B" or "A and B," You should produce all information about A and all information about B, as well as all information about A and B collectively. In other words, "or" and "and" should be read as "and/or."

c) "**Any**" shall be construed to mean "any and all."

d) "**Including**" shall be construed to mean "without limitation." "Including" is used to emphasize certain types of documents requested and should not be construed as limiting the request in any way.

e) "**Relating to**," "**referring to**," "**regarding**," or "**with respect to**" mean, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

f) The use of the singular form of any word includes the plural and vice versa.

g) Unless otherwise indicated, the use of the present tense of any verb shall be construed to include the past tense going back to the beginning of the Relevant Time Period, and the use of the past tense shall be construed to run from the beginning of the Relevant Time Period through the present.

2. "**Actions**" means *Kajan Johnson, et al. v. Zuffa, LLC, et al.*, No. 2:21-cv-01189 (D. Nev.);

*Mikhail Cirkunovs v. Zuffa, LLC, et al.*, No. 2:25-cv-00914 (D. Nev.); and *Phil Davis v. Zuffa, LLC, et al.*, No. 2:25-cv-00946 (D. Nev.).

3. "**Communication**" means without limitation, oral or written communications of any kind, such as electronic communications, direct communications through social media (including without limitation direct messaging, instant messaging, chatting or emailing within a social media platform), facsimiles, telephone communications, correspondence, exchange of written or recorded information, or face-to-face meetings. The phrase "communication between" is defined to include instances where one party addresses the other party but the other party does not necessarily respond. The phrase "communication" includes all attachments to e-mail messages.

4. "**Date**" means the exact day, month, and year, if ascertainable, or the best available approximation, including any relationship to other known events (designate whether exact or approximate).

5. "**Document(s)**" shall mean and include all "writings," "recordings" or "photographs" as those terms are defined in Federal Rule of Civil Procedure 34 and Rule 1001 of the Federal Rules of Evidence. Without limiting the generality of the foregoing, the term "Documents" includes both hard copy documents and electronically stored data files including but not limited to e-mail, instant messaging, social media content (including without limitation public content such as Tweets, YouTube submissions, Facebook posts, and posts to any public electronic billboard, as well as private content such as direct messaging, instant messaging, chats, and email), shared network files and databases. "Documents" also includes, without limitation and regardless of whether stored in hard copy or electronically, any letters, correspondence, memoranda, analyses, legal pleadings, calendars, diaries,

travel records, summaries, records of telephone conversations, telegrams, notes, reports, compilations, notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, audiotapes, film and sound reproductions, e-mails, internal or external web sites, audio or video discs data on magnetic or optical storage media (e.g., servers, storage area networks, interconnected remote servers (so-called "cloud computing"), hard drives, backup tapes, CDs, DVDs, Blu-ray, DVD-HD, USB/thumb/flash drives, floppy disks or any other type of portable storage device, etc.) stored as an "active" or backup file, in its native format, computer files, discs and drives, sales, advertising and promotional literature, agreements, stored recordings, minutes or other records of meetings, all written or graphic records or representations of any kind, and all mechanical or electronic data, records or representations of any kind.

6. "**Electronically Stored Information**," abbreviated as "**ESI**" has the same meaning and scope as it has in the Federal Rules of Civil Procedure and includes, without limitation, the following:

    a) structured and unstructured data, as those terms are defined in The Sedona Conference Glossary, available at www.thesedonaconference.org/publications;

    b) activity listings of electronic mail receipts and/or transmittals;

    c) output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, text messages (SMS, MMS or TMS), iMessages, Blackberry Messenger (BBM), AOL Instant MessengerTM (or similar program), social media (including without limitation Twitter, LinkedIn, YouTube, Facebook, Instagram, and

any other internet based messaging system) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

d) any and all items stored on computer memories, hard disks, floppy disks, CD discs, DVD discs, flash drives, thumb drives, memory cards, magnetic tape, microfiche, off-site interconnected servers (so-called "cloud computing"), or in any other vehicle for digital data storage and/or transmittal, such as, but not limited to, a personal digital assistant (*e.g.*, Blackberry, Smart Phone or similar device) and file folder tabs, and/or containers and labels appended to, or relating to, any physical storage device associated with each original and/or copy of all documents requested herein;

e) any and all items stored on voice-mail systems, websites, company intranet sites, chat rooms and social networking websites (*e.g.*, Facebook, LinkedIn, Twitter, and social websites listed at http://en.wikipedia.org/wiki/List of social networking websites); and

f) any and all data, data compilations, and data analyses.

7. "**Employee**" means, without limitation, any current or former officer, director, executive, manager, member, secretary, staff member, consultant, messenger, agent or other person who is or was employed by a Person or entity.

8. "**Identify**," when used in reference to an individual employee, means to produce documents sufficient to identify: the person's full name, last known business and home address; date of birth; social security number; title or position and period of service in each such position; immediate supervisor in each position; business and home telephone numbers (including voice, cellular and facsimile phone numbers) assigned to or used by

such person and the period during which such numbers were assigned to be used by that person; and business and home electronic mail identifiers and the period during which such identifiers were assigned to and used by that person.

9. "**Meeting**" means, without limitation, any assembly, convocation, encounter, or contemporaneous presence of two or more persons for any purpose, whether planned or arranged, scheduled or not. Meeting attendees may be present in person or by electronic means including, but not limited to, teleconference and videoconference.

10. "**Person**" means, without limitation, any natural person, corporation, partnership, limited liability company, proprietorship, joint venture, trust, association, government entity, group or other form of legal entity.

11. "**Plaintiffs**" means Kajan Johnson, Clarence Dollaway, Tristen Connelly, Mikhail Cirkunovs, Phil Davis, and any named plaintiffs in any subsequently filed Actions which are related to or consolidated with the Actions in the court with jurisdiction over the cases.

12. "**Possession, Custody or Control**" when referring to Documents or other tangible objects means any Document or other tangible object You have access to regardless of whether You have actual possession of the document or other tangible object. This includes Documents You have the legal right to obtain or for which You have control over the person who has control of the Document, including without limitation Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or Your attorneys or their agents, employees, representatives or investigators.

13. "**Social Media**" means any web-hosted applications that facilitate public posting of words, images or video and audio recordings, and private interactions such as private messaging or email, among users. Examples of Social Media include without limitation, Twitter,

Facebook, YouTube, Instagram, TikTok, WhatsApp, Signal, and Telegram.

14. "**You**," "**Your**," "**Your Company**" means Meta Platforms, Inc., individually, and Meta Platforms, Inc. and its predecessors, successors, subsidiaries, departments, divisions, affiliates, any organization or entity which Meta Platforms, Inc. has acquired, or with which Meta Platforms, Inc. has merged, and any organization or entity which Meta Platforms, Inc. manages, controls or has an ownership interest in, together with all current and former directors, officers, employees, agents, representatives or any persons acting or purporting to act on Your behalf.

15. "**Zuffa**," "**UFC**," or "**Defendant**" all mean Ultimate Fighting Championship, UFC, TKO Operating Company, LLC ("**TKO OpCo**") (f/k/a Zuffa Parent LLC), a Delaware limited liability company and the direct subsidiary of TKO Group Holdings, Inc., a Delaware corporation ("**TKO Group Holdings**"), Endeavor Group Holdings, Inc., a Delaware corporation ("**Endeavor**"), and all predecessors, successors, subsidiaries, departments, divisions, acquisitions, affiliates and any organization or entity TKO OpCo or TKO Group Holdings manages or controls, together with all present and former directors, members, officers, employees, agents, representatives or any persons acting or purporting to act on TKO OpCo's behalf including, without limitation, Ari Emanual, Dana White, Mark Shapiro, Patrick Whitsell, Ike Lawrence Epstein, Lorenzo Fertitta or Hunter Campbell.

## II. INSTRUCTIONS

1. In producing Documents, You are requested to furnish all Documents or things in Your possession, custody or control, regardless of the physical location of the Documents, or whether such Documents or other materials are possessed directly by You or Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates,

investigators, or by Your attorneys or their agents, employees, representatives or investigators.

2.   If any document covered by these requests is withheld by reason of a claim of attorney-client privilege, attorney work product protection, or any other privilege or protection, please furnish a log providing the following information with respect to each such withheld document: date, author, recipients, general subject matter sufficient to make a prima facie determination whether the asserted privilege has been properly invoked, and legal basis upon which the document has been withheld.

3.   In producing Documents, You are requested to produce the original of each Document requested, together with all non-identical copies and drafts of such Document. If the original of any Document cannot be located, a copy shall be produced in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

4.   If any requested Document cannot be produced in full, You are to produce it to the extent possible, indicating which Document, or portion of such Document, is being withheld, and the reason that it is being withheld.

5.   Documents not otherwise responsive to these Requests shall be produced if such Documents mention, discuss, refer to, or explain the Documents that are called for by these Requests, or if such Documents are attached to Documents called for by these Requests and constitute routing slips, transmittal memoranda, letters, cover sheets, comments, evaluation or similar materials.

6.   All Documents shall be produced in the same order as they are kept or maintained by You in the ordinary course of Your business. If any Documents have been removed from the files in which they were found for purposes of producing them in response to these

Requests, indicate for each Document the file(s) in which the Document(s) was (or were) originally located.

7. If a Document once existed and has subsequently been lost, destroyed, or is otherwise missing, please provide sufficient information to identify the Document and state the details concerning its loss.

8. With respect to any Document maintained or stored electronically, please harvest it in a manner that maintains the integrity and readability of all data, including all metadata.

9. Unless otherwise agreed, all ESI should be produced in native format via a secure file transfer protocol, or on compact disc(s), DVD disc(s) or zip drives in the original electronic file format(s) of the Documents.

10. Please produce all Documents maintained or stored electronically in native, electronic format with all relevant metadata intact. Encrypted or password-protected documents should be produced in a form permitting them to be reviewed. You are also requested to immediately meet and confer regarding the manner in which You shall produce Documents stored electronically in order for the parties to try and reach agreement in this regard and avoid any unnecessary expense.

11. Please organize electronic Documents produced for inspection in the same manner that You store them (e.g., if maintained by a custodian, such as e-mail residing on an e-mail server, please organize documents for production by custodian; if maintained as a subfolder of "My Documents" on a custodian's hard drive, please organize documents for production by custodian with path information preserved, etc.).

12. All ESI should be produced in accordance with the attached Stipulated Order Re: Discovery of Electronically Stored Information.

13. Documents attached to each other should not be separated, including, but not limited to, hard-copy versions of Documents attached to hard-copy printouts of e-mails produced pursuant to these Requests.

14. At Your election, documents maintained or stored in paper, hard-copy form can be produced as searchable .PDF (i.e., portable document format files with embedded text) and in an appropriate and usable manner (e.g., by copying such data onto an external hard drive).

15. These requests require production of paper documents in the same form and same order as they are kept in the usual course of business, or organized and labeled to correspond with the requests set forth below. If You choose the former method, the documents are to be produced in the boxes, file folders, binders and other containers in which the documents are found. The titles, labels or other descriptions on the boxes, file folders, binders or other containers are to be left intact.

16. Documents stored as electronic data on magnetic, optical, or other storage media as "active" or "backup" files shall be produced in their native formats with any associated metadata.

17. To the extent responsive Documents reside on databases and other such systems and files, You are requested to produce the relevant database in useable form and/or permit access for inspection, review, and extraction of responsive information.

18. To the extent responsive Documents are in languages other than English, the parties shall meet and confer to discuss the format of production prior thereto.

19. No part of a document request shall be left unanswered merely because an objection was

interposed to another part of the document request.

20. If You object to any document request or subpart thereof, the objection shall state with specificity all grounds. Any ground not stated shall be waived.

21. If You are unable to answer any document request, the reasons for Your inability to answer shall be separately stated in detail for each document request.

22. Category headings herein are for convenience and should not be relied upon to modify, limit, alter or otherwise influence in any way how to interpret these document requests.

## III. <u>RELEVANT TIME PERIOD</u>

Unless otherwise noted herein, the relevant time period of these document requests is July 1, 2015, until the present (the "**Relevant Time Period**"). These document requests seek all responsive Documents created or generated during the Relevant Time Period, as well as responsive Documents created or generated outside the Relevant Time Period, but which contain information concerning the Relevant Time Period.

## IV.    **PRODUCTION REQUESTS**

<u>REQUEST NO. 1.</u>

Pursuant to 18 U.S.C. § 2702(c)(6), all non-content subscriber records and account information for the individuals listed in Exhibit 1.[1]

Subscriber records and account information should include, but are not limited to, the following:

- Subscriber registration information, including, but not limited to, full names; associated email addresses; associated telephone numbers; associated addresses; user IDs, usernames, or handles; and dates of birth (if collected);

- IP address logs and login/logout history, including the date/time stamps (with time zone); IP addresses; port numbers; and associated session identifiers for each successful or attempted login during the Relevant Time Period;

- All activity logs or log files for the accounts showing all user activities during the Relevant Period, excluding information that may contain content data. User activities include, without limitation:

    o Engaging in one-to-one and group messaging communications, including sender and recipient identifiers (e.g., user IDs/handles/phone numbers), group identifiers, date/time stamps (with time zone), delivery status, and message size/length, excluding message contents;

---

[1] Exhibit 1 contains potential login identifiers for the listed individuals but is non-exhaustive. Because the complete list of associated account information for each individual will be within Your possession, custody, and control, Plaintiffs respectfully request to meet and confer on this Request.

- o Engaging in one-to-one and group calls (voice/video), including caller/callee identifiers, date/time stamps (with time zone), call duration, and call disposition, excluding call contents;

- o Participating in group memberships, including group identifiers, group name, date/time of user joining/leaving, and group admin(s), excluding any content of group messages;

- o Uploading videos or other posts; making comments on other users' posts; reacting to other users' posts; saving or bookmarking other users' posts; messaging, following, or "friending" other users; participating in live chats; and/or utilizing other public or private social networking activities You facilitate, including the date, time, and user(s) associated with the individual's use of Your features.

- Device information, including device type, OS version, device identifiers (e.g., device tokens, serial numbers, advertising ID where applicable), app version, and date/time stamps of devices associated with each account;

- Current account status (active, deactivated, permanently deleted) and records identifying the creation, deletion, deactivation, or reactivation of each account, including date/time stamps and the method by which such action occurred;

- Other account changes and events, including username changes, profile changes, linked accounts, password resets, recovery email/phone changes, two-factor authentication activation/deactivation, and date/time stamps for such events;

- All preservation/retention and privacy settings, including changes in settings and the dates on which they occurred. This includes, but is not limited to, records of content

deletion events or disappearing content settings, including when disappearing timers were
enabled/modified and their durations, and date/time of content deletions (if maintained).

- Any preservation requests, legal process logs, or legal holds relating to the account,
  including the date of receipt of legal process and the categories of information preserved;

- Payment and billing records (if any), including payment method type (with masked
  numbers only), billing address, dates of payments, subscription status, and transaction
  logs, excluding full financial account numbers.

Exhibit 1

| Name | Employer | Associated Phone Numbers | Associated Email Addresses | Associated Usernames |
|------|----------|-------------------------|---------------------------|---------------------|
| Akosa Akpom | TKO Operating Company, LLC | | | |
| David Avery | TKO Operating Company, LLC | | | |
| Denitza Batchvarova | Zuffa, LLC | | | |
| Nakisa Bidarian | Zuffa, LLC | | | |
| Tracey Bleczinski | TKO Operating Company, LLC | | | |
| Craig Borsari | Zuffa, LLC | | | |
| Hunter Campbell | Zuffa, LLC | | | |
| Deborah Cook | TKO Operating Company, LLC | | | |
| Peter Dropick | Zuffa, LLC | | | |
| Ariel Emanuel | Endeavor Group Holdings, Inc.; TKO Operating Company, LLC | | | |
| Lawrence "Ike" Epstein | Zuffa, LLC | | | |
| Chadwick Hurley | Zuffa, LLC | | | |
| Tracy Long | Zuffa, LLC | | | |
| Jason Lublin | Endeavor Group Holdings, Inc. | | | |
| Michael "Mick" Maynard | Zuffa, LLC | | | |
| Michael Mossholder | Zuffa, LLC | | | |
| Grant Norris-Jones | TKO Operating Company, LLC | | | |
| Brittany Santypal | TKO Operating Company, LLC | | | |
| Andrew Schleimer | Zuffa, LLC | | | |
| Mark Shapiro | Endeavor Group Holdings, Inc.; TKO Operating Company, LLC | | | |
| David Shaw | TKO Operating Company, LLC | | | |
| Sean Shelby | Zuffa, LLC | | | |
| Joe Silva | Zuffa, LLC; TKO Operating Company, LLC | | | |
| Dana White | Zuffa, LLC; TKO Operating Company, LLC | | | |

| | |
|---|---|
| Seth Zaslow | TKO Operating Company, LLC |
| Marshall Zelaznik | Zuffa, LLC; TKO Operating Company, LLC |
| Albert Acosta | Endeavor Group Holdings, Inc. |
| Olsvaldo Arias | Zuffa, LLC; TKO Operating Company, LLC |
| Tony Barboza | Zuffa, LLC; TKO Operating Company, LLC |
| Buffey Curtis | Zuffa, LLC; TKO Operating Company, LLC |
| Nichole Durand | Zuffa, LLC; TKO Operating Company, LLC |
| Egon Durban | Zuffa, LLC; TKO Operating Company, LLC |
| Jamie Euster | Endeavor Group Holdings, Inc. |
| Keith Friedenberg | Endeavor Group Holdings, Inc. |
| Graham Fry | Endeavor Group Holdings, Inc. |
| Tim Gardner | Endeavor Group Holdings, Inc. |
| Rami Genauer | Zuffa, LLC; TKO Operating Company, LLC |
| Christoph Goessing | Zuffa, LLC; TKO Operating Company, LLC |
| Krista Hall | Zuffa, LLC; TKO Operating Company, LLC |
| Reed Harris | Zuffa, LLC; TKO Operating Company, LLC |
| Shane Kapral | Zuffa, LLC; TKO Operating Company, LLC |
| Seth Krauss | Endeavor Group Holdings, Inc. & Zuffa, LLC; TKO Operating Company, LLC |
| Ajay Madkekar | Endeavor Group Holdings, Inc. |
| David Phillips | Endeavor Group Holdings, Inc. |
| Chris Provino | Zuffa, LLC; TKO Operating Company, LLC |

| | |
|---|---|
| Marc Ratner | Zuffa, LLC; TKO Operating Company, LLC |
| Zack Rose | Endeavor Group Holdings, Inc. |
| Jonathan Shin | Zuffa, LLC; TKO Operating Company, LLC |
| Brandon Stuckenberg | Zuffa, LLC; TKO Operating Company, LLC |
| Robert Crowley Sullivan | Zuffa, LLC; TKO Operating Company, LLC |
| Blake Ulrich | Endeavor Group Holdings, Inc. |
| Marc Webster | Endeavor Group Holdings, Inc. |
| Patrick Whitesell | Zuffa, LLC; TKO Operating Company, LLC |
| Matt Woodmancy | Endeavor Group Holdings, Inc. |
| Chika Yoshinaga | Zuffa, LLC; TKO Operating Company, LLC |
| Nick Zombolas | Zuffa, LLC; TKO Operating Company, LLC |
| Sam Zussman | Endeavor Group Holdings, Inc. |

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Nevada

| | |
|---|---|
| Phil Davis | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:25-cv-00946-RFB-BNW |
| Zuffa, LLC dba Ultimate Fighting Championship et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                          Meta Platforms, Inc.
c/o CSC - LAWYERS INCORPORATING SERVICE  2710 GATEWAY OAKS DRIVE  SACRAMENTO, CA 95834

*(Name of person to whom this subpoena is directed)*

 ' *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place   BERGER MONTAGUE 505 Montgomery Street Suite 625 San Francisco, CA 94111 | Date and Time:   1/17/2026 5:00 pm |
|---|---|

 ' *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

 The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  12/17/2025

CLERK OF COURT

                                      OR

_____              /s/ Daniel Gifford
*Signature of Clerk or Deputy Clerk*            _____
                                                *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Plaintiff Phil Davis
, who issues or requests this subpoena, are:
Daniel Gifford; 88 Pine Street, 14th Floor, New York, NY 10005; dgifford@cohenmilstein.com; (212) 838-7797

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:25-cv-00946-RFB-BNW

### PROOF OF SERVICE
#### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____      _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (iii)       requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iv)       requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (v) subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

<u>**SCHEDULE A**</u>

I. <u>**DEFINITIONS**</u>

1. The following rules of construction should apply to all discovery requests:

a) "**All**" should be construed to include the collective as well as the singular and shall mean "each," "any," and "every."

b) "**And**" and "or" should be construed so as to require the broadest possible response. If, for example, a request calls for information about "A or B" or "A and B," You should produce all information about A and all information about B, as well as all information about A and B collectively. In other words, "or" and "and" should be read as "and/or."

c) "**Any**" shall be construed to mean "any and all."

d) "**Including**" shall be construed to mean "without limitation." "Including" is used to emphasize certain types of documents requested and should not be construed as limiting the request in any way.

e) "**Relating to**," "**referring to**," "**regarding**," or "**with respect to**" mean, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

f) The use of the singular form of any word includes the plural and vice versa.

g) Unless otherwise indicated, the use of the present tense of any verb shall be construed to include the past tense going back to the beginning of the Relevant Time Period, and the use of the past tense shall be construed to run from the beginning of the Relevant Time Period through the present.

2. "**Actions**" means *Kajan Johnson, et al. v. Zuffa, LLC, et al.*, No. 2:21-cv-01189 (D. Nev.);

*Mikhail Cirkunovs v. Zuffa, LLC, et al.*, No. 2:25-cv-00914 (D. Nev.); and *Phil Davis v. Zuffa, LLC, et al.*, No. 2:25-cv-00946 (D. Nev.).

3. "**Communication**" means without limitation, oral or written communications of any kind, such as electronic communications, direct communications through social media (including without limitation direct messaging, instant messaging, chatting or emailing within a social media platform), facsimiles, telephone communications, correspondence, exchange of written or recorded information, or face-to-face meetings. The phrase "communication between" is defined to include instances where one party addresses the other party but the other party does not necessarily respond. The phrase "communication" includes all attachments to e-mail messages.

4. "**Date**" means the exact day, month, and year, if ascertainable, or the best available approximation, including any relationship to other known events (designate whether exact or approximate).

5. "**Document(s)**" shall mean and include all "writings," "recordings" or "photographs" as those terms are defined in Federal Rule of Civil Procedure 34 and Rule 1001 of the Federal Rules of Evidence. Without limiting the generality of the foregoing, the term "Documents" includes both hard copy documents and electronically stored data files including but not limited to e-mail, instant messaging, social media content (including without limitation public content such as Tweets, YouTube submissions, Facebook posts, and posts to any public electronic billboard, as well as private content such as direct messaging, instant messaging, chats, and email), shared network files and databases. "Documents" also includes, without limitation and regardless of whether stored in hard copy or electronically, any letters, correspondence, memoranda, analyses, legal pleadings, calendars, diaries,

travel records, summaries, records of telephone conversations, telegrams, notes, reports, compilations, notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, audiotapes, film and sound reproductions, e-mails, internal or external web sites, audio or video discs data on magnetic or optical storage media (e.g., servers, storage area networks, interconnected remote servers (so-called "cloud computing"), hard drives, backup tapes, CDs, DVDs, Blu-ray, DVD-HD, USB/thumb/flash drives, floppy disks or any other type of portable storage device, etc.) stored as an "active" or backup file, in its native format, computer files, discs and drives, sales, advertising and promotional literature, agreements, stored recordings, minutes or other records of meetings, all written or graphic records or representations of any kind, and all mechanical or electronic data, records or representations of any kind.

6. "**Electronically Stored Information**," abbreviated as "**ESI**" has the same meaning and scope as it has in the Federal Rules of Civil Procedure and includes, without limitation, the following:

   a) structured and unstructured data, as those terms are defined in The Sedona Conference Glossary, available at www.thesedonaconference.org/publications;

   b) activity listings of electronic mail receipts and/or transmittals;

   c) output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, text messages (SMS, MMS or TMS), iMessages, Blackberry Messenger (BBM), AOL Instant MessengerTM (or similar program), social media (including without limitation Twitter, LinkedIn, YouTube, Facebook, Instagram, and

any other internet based messaging system) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

d) any and all items stored on computer memories, hard disks, floppy disks, CD discs, DVD discs, flash drives, thumb drives, memory cards, magnetic tape, microfiche, off-site interconnected servers (so-called "cloud computing"), or in any other vehicle for digital data storage and/or transmittal, such as, but not limited to, a personal digital assistant (*e.g.*, Blackberry, Smart Phone or similar device) and file folder tabs, and/or containers and labels appended to, or relating to, any physical storage device associated with each original and/or copy of all documents requested herein;

e) any and all items stored on voice-mail systems, websites, company intranet sites, chat rooms and social networking websites (*e.g.*, Facebook, LinkedIn, Twitter, and social websites listed at http://en.wikipedia.org/wiki/List of social networking websites); and

f) any and all data, data compilations, and data analyses.

7. "**Employee**" means, without limitation, any current or former officer, director, executive, manager, member, secretary, staff member, consultant, messenger, agent or other person who is or was employed by a Person or entity.

8. "**Identify**," when used in reference to an individual employee, means to produce documents sufficient to identify: the person's full name, last known business and home address; date of birth; social security number; title or position and period of service in each such position; immediate supervisor in each position; business and home telephone numbers (including voice, cellular and facsimile phone numbers) assigned to or used by

such person and the period during which such numbers were assigned to be used by that person; and business and home electronic mail identifiers and the period during which such identifiers were assigned to and used by that person.

9. "**Meeting**" means, without limitation, any assembly, convocation, encounter, or contemporaneous presence of two or more persons for any purpose, whether planned or arranged, scheduled or not. Meeting attendees may be present in person or by electronic means including, but not limited to, teleconference and videoconference.

10. "**Person**" means, without limitation, any natural person, corporation, partnership, limited liability company, proprietorship, joint venture, trust, association, government entity, group or other form of legal entity.

11. "**Plaintiffs**" means Kajan Johnson, Clarence Dollaway, Tristen Connelly, Mikhail Cirkunovs, Phil Davis, and any named plaintiffs in any subsequently filed Actions which are related to or consolidated with the Actions in the court with jurisdiction over the cases.

12. "**Possession, Custody or Control**" when referring to Documents or other tangible objects means any Document or other tangible object You have access to regardless of whether You have actual possession of the document or other tangible object. This includes Documents You have the legal right to obtain or for which You have control over the person who has control of the Document, including without limitation Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or Your attorneys or their agents, employees, representatives or investigators.

13. "**Social Media**" means any web-hosted applications that facilitate public posting of words, images or video and audio recordings, and private interactions such as private messaging or email, among users. Examples of Social Media include without limitation, Twitter,

Facebook, YouTube, Instagram, TikTok, WhatsApp, Signal, and Telegram.

14. "**You**," "**Your**," "**Your Company**" means Meta Platforms, Inc., individually, and Meta Platforms, Inc. and its predecessors, successors, subsidiaries, departments, divisions, affiliates, any organization or entity which Meta Platforms, Inc. has acquired, or with which Meta Platforms, Inc. has merged, and any organization or entity which Meta Platforms, Inc. manages, controls or has an ownership interest in, together with all current and former directors, officers, employees, agents, representatives or any persons acting or purporting to act on Your behalf.

15. "**Zuffa**," "**UFC**," or "**Defendant**" all mean Ultimate Fighting Championship, UFC, TKO Operating Company, LLC ("**TKO OpCo**") (f/k/a Zuffa Parent LLC), a Delaware limited liability company and the direct subsidiary of TKO Group Holdings, Inc., a Delaware corporation ("**TKO Group Holdings**"), Endeavor Group Holdings, Inc., a Delaware corporation ("**Endeavor**"), and all predecessors, successors, subsidiaries, departments, divisions, acquisitions, affiliates and any organization or entity TKO OpCo or TKO Group Holdings manages or controls, together with all present and former directors, members, officers, employees, agents, representatives or any persons acting or purporting to act on TKO OpCo's behalf including, without limitation, Ari Emanual, Dana White, Mark Shapiro, Patrick Whitsell, Ike Lawrence Epstein, Lorenzo Fertitta or Hunter Campbell.

## II. INSTRUCTIONS

1. In producing Documents, You are requested to furnish all Documents or things in Your possession, custody or control, regardless of the physical location of the Documents, or whether such Documents or other materials are possessed directly by You or Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates,

investigators, or by Your attorneys or their agents, employees, representatives or investigators.

2.  If any document covered by these requests is withheld by reason of a claim of attorney-client privilege, attorney work product protection, or any other privilege or protection, please furnish a log providing the following information with respect to each such withheld document: date, author, recipients, general subject matter sufficient to make a prima facie determination whether the asserted privilege has been properly invoked, and legal basis upon which the document has been withheld.

3.  In producing Documents, You are requested to produce the original of each Document requested, together with all non-identical copies and drafts of such Document. If the original of any Document cannot be located, a copy shall be produced in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

4.  If any requested Document cannot be produced in full, You are to produce it to the extent possible, indicating which Document, or portion of such Document, is being withheld, and the reason that it is being withheld.

5.  Documents not otherwise responsive to these Requests shall be produced if such Documents mention, discuss, refer to, or explain the Documents that are called for by these Requests, or if such Documents are attached to Documents called for by these Requests and constitute routing slips, transmittal memoranda, letters, cover sheets, comments, evaluation or similar materials.

6.  All Documents shall be produced in the same order as they are kept or maintained by You in the ordinary course of Your business. If any Documents have been removed from the files in which they were found for purposes of producing them in response to these

Requests, indicate for each Document the file(s) in which the Document(s) was (or were) originally located.

7. If a Document once existed and has subsequently been lost, destroyed, or is otherwise missing, please provide sufficient information to identify the Document and state the details concerning its loss.

8. With respect to any Document maintained or stored electronically, please harvest it in a manner that maintains the integrity and readability of all data, including all metadata.

9. Unless otherwise agreed, all ESI should be produced in native format via a secure file transfer protocol, or on compact disc(s), DVD disc(s) or zip drives in the original electronic file format(s) of the Documents.

10. Please produce all Documents maintained or stored electronically in native, electronic format with all relevant metadata intact. Encrypted or password-protected documents should be produced in a form permitting them to be reviewed. You are also requested to immediately meet and confer regarding the manner in which You shall produce Documents stored electronically in order for the parties to try and reach agreement in this regard and avoid any unnecessary expense.

11. Please organize electronic Documents produced for inspection in the same manner that You store them (e.g., if maintained by a custodian, such as e-mail residing on an e-mail server, please organize documents for production by custodian; if maintained as a subfolder of "My Documents" on a custodian's hard drive, please organize documents for production by custodian with path information preserved, etc.).

12. All ESI should be produced in accordance with the attached Stipulated Order Re: Discovery of Electronically Stored Information.

13. Documents attached to each other should not be separated, including, but not limited to, hard-copy versions of Documents attached to hard-copy printouts of e-mails produced pursuant to these Requests.

14. At Your election, documents maintained or stored in paper, hard-copy form can be produced as searchable .PDF (i.e., portable document format files with embedded text) and in an appropriate and usable manner (e.g., by copying such data onto an external hard drive).

15. These requests require production of paper documents in the same form and same order as they are kept in the usual course of business, or organized and labeled to correspond with the requests set forth below. If You choose the former method, the documents are to be produced in the boxes, file folders, binders and other containers in which the documents are found. The titles, labels or other descriptions on the boxes, file folders, binders or other containers are to be left intact.

16. Documents stored as electronic data on magnetic, optical, or other storage media as "active" or "backup" files shall be produced in their native formats with any associated metadata.

17. To the extent responsive Documents reside on databases and other such systems and files, You are requested to produce the relevant database in useable form and/or permit access for inspection, review, and extraction of responsive information.

18. To the extent responsive Documents are in languages other than English, the parties shall meet and confer to discuss the format of production prior thereto.

19. No part of a document request shall be left unanswered merely because an objection was

9 of 13

interposed to another part of the document request.

20. If You object to any document request or subpart thereof, the objection shall state with specificity all grounds. Any ground not stated shall be waived.

21. If You are unable to answer any document request, the reasons for Your inability to answer shall be separately stated in detail for each document request.

22. Category headings herein are for convenience and should not be relied upon to modify, limit, alter or otherwise influence in any way how to interpret these document requests.

## III. RELEVANT TIME PERIOD

Unless otherwise noted herein, the relevant time period of these document requests is July 1, 2015, until the present (the "**Relevant Time Period**"). These document requests seek all responsive Documents created or generated during the Relevant Time Period, as well as responsive Documents created or generated outside the Relevant Time Period, but which contain information concerning the Relevant Time Period.

## IV.   **PRODUCTION REQUESTS**

REQUEST NO. 1.

Pursuant to 18 U.S.C. § 2702(c)(6), all non-content subscriber records and account information for the individuals listed in Exhibit 1.[1]

Subscriber records and account information should include, but are not limited to, the following:

- Subscriber registration information, including, but not limited to, full names; associated email addresses; associated telephone numbers; associated addresses; user IDs, usernames, or handles; and dates of birth (if collected);

- IP address logs and login/logout history, including the date/time stamps (with time zone); IP addresses; port numbers; and associated session identifiers for each successful or attempted login during the Relevant Time Period;

- All activity logs or log files for the accounts showing all user activities during the Relevant Period, excluding information that may contain content data. User activities include, without limitation:

  o Engaging in one-to-one and group messaging communications, including sender and recipient identifiers (e.g., user IDs/handles/phone numbers), group identifiers, date/time stamps (with time zone), delivery status, and message size/length, excluding message contents;

---

[1] Exhibit 1 contains potential login identifiers for the listed individuals but is non-exhaustive. Because the complete list of associated account information for each individual will be within Your possession, custody, and control, Plaintiffs respectfully request to meet and confer on this Request.

- o Engaging in one-to-one and group calls (voice/video), including caller/callee identifiers, date/time stamps (with time zone), call duration, and call disposition, excluding call contents;

- o Participating in group memberships, including group identifiers, group name, date/time of user joining/leaving, and group admin(s), excluding any content of group messages;

- o Uploading videos or other posts; making comments on other users' posts; reacting to other users' posts; saving or bookmarking other users' posts; messaging, following, or "friending" other users; participating in live chats; and/or utilizing other public or private social networking activities You facilitate, including the date, time, and user(s) associated with the individual's use of Your features.

- Device information, including device type, OS version, device identifiers (e.g., device tokens, serial numbers, advertising ID where applicable), app version, and date/time stamps of devices associated with each account;

- Current account status (active, deactivated, permanently deleted) and records identifying the creation, deletion, deactivation, or reactivation of each account, including date/time stamps and the method by which such action occurred;

- Other account changes and events, including username changes, profile changes, linked accounts, password resets, recovery email/phone changes, two-factor authentication activation/deactivation, and date/time stamps for such events;

- All preservation/retention and privacy settings, including changes in settings and the dates on which they occurred. This includes, but is not limited to, records of content

deletion events or disappearing content settings, including when disappearing timers were enabled/modified and their durations, and date/time of content deletions (if maintained).

- Any preservation requests, legal process logs, or legal holds relating to the account, including the date of receipt of legal process and the categories of information preserved;

- Payment and billing records (if any), including payment method type (with masked numbers only), billing address, dates of payments, subscription status, and transaction logs, excluding full financial account numbers.

Exhibit 1

| Name | Employer | Associated Phone Numbers | Associated Email Addresses | Associated Usernames |
|------|----------|--------------------------|----------------------------|----------------------|
| Akosa Akpom | TKO Operating Company, LLC | | | |
| David Avery | TKO Operating Company, LLC | | | |
| Denitza Batchvarova | Zuffa, LLC | | | |
| Nakisa Bidarian | Zuffa, LLC | | | |
| Tracey Bleczinski | TKO Operating Company, LLC | | | |
| Craig Borsari | Zuffa, LLC | | | |
| Hunter Campbell | Zuffa, LLC | | | |
| Deborah Cook | TKO Operating Company, LLC | | | |
| Peter Dropick | Zuffa, LLC | | | |
| Ariel Emanuel | Endeavor Group Holdings, Inc.; TKO Operating Company, LLC | | | |
| Lawrence "Ike" Epstein | Zuffa, LLC | | | |
| Chadwick Hurley | Zuffa, LLC | | | |
| Tracy Long | Zuffa, LLC | | | |
| Jason Lublin | Endeavor Group Holdings, Inc. | | | |
| Michael "Mick" Maynard | Zuffa, LLC | | | |
| Michael Mossholder | Zuffa, LLC | | | |
| Grant Norris-Jones | TKO Operating Company, LLC | | | |
| Brittany Santypal | TKO Operating Company, LLC | | | |
| Andrew Schleimer | Zuffa, LLC | | | |
| Mark Shapiro | Endeavor Group Holdings, Inc.; TKO Operating Company, LLC | | | |
| David Shaw | TKO Operating Company, LLC | | | |
| Sean Shelby | Zuffa, LLC | | | |
| Joe Silva | Zuffa, LLC; TKO Operating Company, LLC | | | |
| Dana White | Zuffa, LLC; TKO Operating Company, LLC | | | |

| | |
|---|---|
| Seth Zaslow | TKO Operating Company, LLC |
| Marshall Zelaznik | Zuffa, LLC; TKO Operating Company, LLC |
| Albert Acosta | Endeavor Group Holdings, Inc. |
| Olsvaldo Arias | Zuffa, LLC; TKO Operating Company, LLC |
| Tony Barboza | Zuffa, LLC; TKO Operating Company, LLC |
| Buffey Curtis | Zuffa, LLC; TKO Operating Company, LLC |
| Nichole Durand | Zuffa, LLC; TKO Operating Company, LLC |
| Egon Durban | Zuffa, LLC; TKO Operating Company, LLC |
| Jamie Euster | Endeavor Group Holdings, Inc. |
| Keith Friedenberg | Endeavor Group Holdings, Inc. |
| Graham Fry | Endeavor Group Holdings, Inc. |
| Tim Gardner | Endeavor Group Holdings, Inc. |
| Rami Genauer | Zuffa, LLC; TKO Operating Company, LLC |
| Christoph Goessing | Zuffa, LLC; TKO Operating Company, LLC |
| Krista Hall | Zuffa, LLC; TKO Operating Company, LLC |
| Reed Harris | Zuffa, LLC; TKO Operating Company, LLC |
| Shane Kapral | Zuffa, LLC; TKO Operating Company, LLC |
| Seth Krauss | Endeavor Group Holdings, Inc. & Zuffa, LLC; TKO Operating Company, LLC |
| Ajay Madkekar | Endeavor Group Holdings, Inc. |
| David Phillips | Endeavor Group Holdings, Inc. |
| Chris Provino | Zuffa, LLC; TKO Operating Company, LLC |

| | | |
|---|---|---|
| Marc Ratner | Zuffa, LLC; TKO Operating Company, LLC | |
| Zack Rose | Endeavor Group Holdings, Inc. | |
| Jonathan Shin | Zuffa, LLC; TKO Operating Company, LLC | |
| Brandon Stuckenberg | Zuffa, LLC; TKO Operating Company, LLC | |
| Robert Crowley Sullivan | Zuffa, LLC; TKO Operating Company, LLC | |
| Blake Ulrich | Endeavor Group Holdings, Inc. | |
| Marc Webster | Endeavor Group Holdings, Inc. | |
| Patrick Whitesell | Zuffa, LLC; TKO Operating Company, LLC | |
| Matt Woodmancy | Endeavor Group Holdings, Inc. | |
| Chika Yoshinaga | Zuffa, LLC; TKO Operating Company, LLC | |
| Nick Zombolas | Zuffa, LLC; TKO Operating Company, LLC | |
| Sam Zussman | Endeavor Group Holdings, Inc. | |

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of Nevada
1

| | |
|---|---|
| Mikhail Cirkunovs | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  2:25-cv-00914-RFB-BNW |
| Zuffa, LLC dba Ultimate Fighting Championship et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
Meta Platforms, Inc.
c/o CSC - LAWYERS INCORPORATING SERVICE 2710 GATEWAY OAKS DRIVE SACRAMENTO, CA 95834

*(Name of person to whom this subpoena is directed)*

❑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place | Date and Time: |
|---|---|
| BERGER MONTAGUE 505 Montgomery Street Suite 625 San Francisco, CA 94111 | 1/17/2026 5:00 pm |

❑ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  12/17/2025

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | /s/ Daniel Gifford |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Plaintiff Mikhail Cirkunovs
, who issues or requests this subpoena, are:
Daniel Gifford; 88 Pine Street, 14th Floor, New York, NY 10005; dgifford@cohenmilstein.com; (212) 838-7797

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:25-cv-00914-RFB-BNW

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (iii)      requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iv)      requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (v) subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## <u>SCHEDULE A</u>

**I. <u>DEFINITIONS</u>**

1. The following rules of construction should apply to all discovery requests:

   a) "**All**" should be construed to include the collective as well as the singular and shall mean "each," "any," and "every."

   b) "**And**" and "or" should be construed so as to require the broadest possible response. If, for example, a request calls for information about "A or B" or "A and B," You should produce all information about A and all information about B, as well as all information about A and B collectively. In other words, "or" and "and" should be read as "and/or."

   c) "**Any**" shall be construed to mean "any and all."

   d) "**Including**" shall be construed to mean "without limitation." "Including" is used to emphasize certain types of documents requested and should not be construed as limiting the request in any way.

   e) "**Relating to**," "**referring to**," "**regarding**," or "**with respect to**" mean, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

   f) The use of the singular form of any word includes the plural and vice versa.

   g) Unless otherwise indicated, the use of the present tense of any verb shall be construed to include the past tense going back to the beginning of the Relevant Time Period, and the use of the past tense shall be construed to run from the beginning of the Relevant Time Period through the present.

2. "**Actions**" means *Kajan Johnson, et al. v. Zuffa, LLC, et al.*, No. 2:21-cv-01189 (D. Nev.);

*Mikhail Cirkunovs v. Zuffa, LLC, et al.*, No. 2:25-cv-00914 (D. Nev.); and *Phil Davis v. Zuffa, LLC, et al.*, No. 2:25-cv-00946 (D. Nev.).

3. "**Communication**" means without limitation, oral or written communications of any kind, such as electronic communications, direct communications through social media (including without limitation direct messaging, instant messaging, chatting or emailing within a social media platform), facsimiles, telephone communications, correspondence, exchange of written or recorded information, or face-to-face meetings. The phrase "communication between" is defined to include instances where one party addresses the other party but the other party does not necessarily respond. The phrase "communication" includes all attachments to e-mail messages.

4. "**Date**" means the exact day, month, and year, if ascertainable, or the best available approximation, including any relationship to other known events (designate whether exact or approximate).

5. "**Document(s)**" shall mean and include all "writings," "recordings" or "photographs" as those terms are defined in Federal Rule of Civil Procedure 34 and Rule 1001 of the Federal Rules of Evidence. Without limiting the generality of the foregoing, the term "Documents" includes both hard copy documents and electronically stored data files including but not limited to e-mail, instant messaging, social media content (including without limitation public content such as Tweets, YouTube submissions, Facebook posts, and posts to any public electronic billboard, as well as private content such as direct messaging, instant messaging, chats, and email), shared network files and databases. "Documents" also includes, without limitation and regardless of whether stored in hard copy or electronically, any letters, correspondence, memoranda, analyses, legal pleadings, calendars, diaries,

travel records, summaries, records of telephone conversations, telegrams, notes, reports, compilations, notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, audiotapes, film and sound reproductions, e-mails, internal or external web sites, audio or video discs data on magnetic or optical storage media (e.g., servers, storage area networks, interconnected remote servers (so-called "cloud computing"), hard drives, backup tapes, CDs, DVDs, Blu-ray, DVD-HD, USB/thumb/flash drives, floppy disks or any other type of portable storage device, etc.) stored as an "active" or backup file, in its native format, computer files, discs and drives, sales, advertising and promotional literature, agreements, stored recordings, minutes or other records of meetings, all written or graphic records or representations of any kind, and all mechanical or electronic data, records or representations of any kind.

6. "**Electronically Stored Information**," abbreviated as "**ESI**" has the same meaning and scope as it has in the Federal Rules of Civil Procedure and includes, without limitation, the following:

    a) structured and unstructured data, as those terms are defined in The Sedona Conference Glossary, available at www.thesedonaconference.org/publications;

    b) activity listings of electronic mail receipts and/or transmittals;

    c) output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, text messages (SMS, MMS or TMS), iMessages, Blackberry Messenger (BBM), AOL Instant MessengerTM (or similar program), social media (including without limitation Twitter, LinkedIn, YouTube, Facebook, Instagram, and

any other internet based messaging system) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

d)  any and all items stored on computer memories, hard disks, floppy disks, CD discs, DVD discs, flash drives, thumb drives, memory cards, magnetic tape, microfiche, off-site interconnected servers (so-called "cloud computing"), or in any other vehicle for digital data storage and/or transmittal, such as, but not limited to, a personal digital assistant (*e.g.*, Blackberry, Smart Phone or similar device) and file folder tabs, and/or containers and labels appended to, or relating to, any physical storage device associated with each original and/or copy of all documents requested herein;

e)  any and all items stored on voice-mail systems, websites, company intranet sites, chat rooms and social networking websites (*e.g.*, Facebook, LinkedIn, Twitter, and social websites listed at http://en.wikipedia.org/wiki/List of social networking websites); and

f)  any and all data, data compilations, and data analyses.

7.  "**Employee**" means, without limitation, any current or former officer, director, executive, manager, member, secretary, staff member, consultant, messenger, agent or other person who is or was employed by a Person or entity.

8.  "**Identify**," when used in reference to an individual employee, means to produce documents sufficient to identify: the person's full name, last known business and home address; date of birth; social security number; title or position and period of service in each such position; immediate supervisor in each position; business and home telephone numbers (including voice, cellular and facsimile phone numbers) assigned to or used by

such person and the period during which such numbers were assigned to be used by that

person; and business and home electronic mail identifiers and the period during which such

identifiers were assigned to and used by that person.

9. "**Meeting**" means, without limitation, any assembly, convocation, encounter, or

contemporaneous presence of two or more persons for any purpose, whether planned or

arranged, scheduled or not. Meeting attendees may be present in person or by electronic

means including, but not limited to, teleconference and videoconference.

10. "**Person**" means, without limitation, any natural person, corporation, partnership, limited

liability company, proprietorship, joint venture, trust, association, government entity,

group or other form of legal entity.

11. "**Plaintiffs**" means Kajan Johnson, Clarence Dollaway, Tristen Connelly, Mikhail Cirkunovs,

Phil Davis, and any named plaintiffs in any subsequently filed Actions which are related to or

consolidated with the Actions in the court with jurisdiction over the cases.

12. "**Possession, Custody or Control**" when referring to Documents or other tangible objects

means any Document or other tangible object You have access to regardless of whether You

have actual possession of the document or other tangible object. This includes Documents

You have the legal right to obtain or for which You have control over the person who has

control of the Document, including without limitation Your directors, officers, agents,

employees, representatives, subsidiaries, managing agents, affiliates, investigators, or Your

attorneys or their agents, employees, representatives or investigators.

13. "**Social Media**" means any web-hosted applications that facilitate public posting of words,

images or video and audio recordings, and private interactions such as private messaging or

email, among users. Examples of Social Media include without limitation, Twitter,

Facebook, YouTube, Instagram, TikTok, WhatsApp, Signal, and Telegram.

14. "**You**," "**Your**," "**Your Company**" means Meta Platforms, Inc., individually, and Meta Platforms, Inc. and its predecessors, successors, subsidiaries, departments, divisions, affiliates, any organization or entity which Meta Platforms, Inc. has acquired, or with which Meta Platforms, Inc. has merged, and any organization or entity which Meta Platforms, Inc. manages, controls or has an ownership interest in, together with all current and former directors, officers, employees, agents, representatives or any persons acting or purporting to act on Your behalf.

15. "**Zuffa**," "**UFC**," or "**Defendant**" all mean Ultimate Fighting Championship, UFC, TKO Operating Company, LLC ("**TKO OpCo**") (f/k/a Zuffa Parent LLC), a Delaware limited liability company and the direct subsidiary of TKO Group Holdings, Inc., a Delaware corporation ("**TKO Group Holdings**"), Endeavor Group Holdings, Inc., a Delaware corporation ("**Endeavor**"), and all predecessors, successors, subsidiaries, departments, divisions, acquisitions, affiliates and any organization or entity TKO OpCo or TKO Group Holdings manages or controls, together with all present and former directors, members, officers, employees, agents, representatives or any persons acting or purporting to act on TKO OpCo's behalf including, without limitation, Ari Emanual, Dana White, Mark Shapiro, Patrick Whitsell, Ike Lawrence Epstein, Lorenzo Fertitta or Hunter Campbell.

## II. <u>INSTRUCTIONS</u>

1. In producing Documents, You are requested to furnish all Documents or things in Your possession, custody or control, regardless of the physical location of the Documents, or whether such Documents or other materials are possessed directly by You or Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates,

investigators, or by Your attorneys or their agents, employees, representatives or investigators.

2. If any document covered by these requests is withheld by reason of a claim of attorney-client privilege, attorney work product protection, or any other privilege or protection, please furnish a log providing the following information with respect to each such withheld document: date, author, recipients, general subject matter sufficient to make a prima facie determination whether the asserted privilege has been properly invoked, and legal basis upon which the document has been withheld.

3. In producing Documents, You are requested to produce the original of each Document requested, together with all non-identical copies and drafts of such Document. If the original of any Document cannot be located, a copy shall be produced in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

4. If any requested Document cannot be produced in full, You are to produce it to the extent possible, indicating which Document, or portion of such Document, is being withheld, and the reason that it is being withheld.

5. Documents not otherwise responsive to these Requests shall be produced if such Documents mention, discuss, refer to, or explain the Documents that are called for by these Requests, or if such Documents are attached to Documents called for by these Requests and constitute routing slips, transmittal memoranda, letters, cover sheets, comments, evaluation or similar materials.

6. All Documents shall be produced in the same order as they are kept or maintained by You in the ordinary course of Your business. If any Documents have been removed from the files in which they were found for purposes of producing them in response to these

Requests, indicate for each Document the file(s) in which the Document(s) was (or were) originally located.

7. If a Document once existed and has subsequently been lost, destroyed, or is otherwise missing, please provide sufficient information to identify the Document and state the details concerning its loss.

8. With respect to any Document maintained or stored electronically, please harvest it in a manner that maintains the integrity and readability of all data, including all metadata.

9. Unless otherwise agreed, all ESI should be produced in native format via a secure file transfer protocol, or on compact disc(s), DVD disc(s) or zip drives in the original electronic file format(s) of the Documents.

10. Please produce all Documents maintained or stored electronically in native, electronic format with all relevant metadata intact. Encrypted or password-protected documents should be produced in a form permitting them to be reviewed. You are also requested to immediately meet and confer regarding the manner in which You shall produce Documents stored electronically in order for the parties to try and reach agreement in this regard and avoid any unnecessary expense.

11. Please organize electronic Documents produced for inspection in the same manner that You store them (e.g., if maintained by a custodian, such as e-mail residing on an e-mail server, please organize documents for production by custodian; if maintained as a subfolder of "My Documents" on a custodian's hard drive, please organize documents for production by custodian with path information preserved, etc.).

12. All ESI should be produced in accordance with the attached Stipulated Order Re: Discovery of Electronically Stored Information.

13. Documents attached to each other should not be separated, including, but not limited to, hard-copy versions of Documents attached to hard-copy printouts of e-mails produced pursuant to these Requests.

14. At Your election, documents maintained or stored in paper, hard-copy form can be produced as searchable .PDF (i.e., portable document format files with embedded text) and in an appropriate and usable manner (e.g., by copying such data onto an external hard drive).

15. These requests require production of paper documents in the same form and same order as they are kept in the usual course of business, or organized and labeled to correspond with the requests set forth below. If You choose the former method, the documents are to be produced in the boxes, file folders, binders and other containers in which the documents are found. The titles, labels or other descriptions on the boxes, file folders, binders or other containers are to be left intact.

16. Documents stored as electronic data on magnetic, optical, or other storage media as "active" or "backup" files shall be produced in their native formats with any associated metadata.

17. To the extent responsive Documents reside on databases and other such systems and files, You are requested to produce the relevant database in useable form and/or permit access for inspection, review, and extraction of responsive information.

18. To the extent responsive Documents are in languages other than English, the parties shall meet and confer to discuss the format of production prior thereto.

19. No part of a document request shall be left unanswered merely because an objection was

interposed to another part of the document request.

20. If You object to any document request or subpart thereof, the objection shall state with specificity all grounds. Any ground not stated shall be waived.

21. If You are unable to answer any document request, the reasons for Your inability to answer shall be separately stated in detail for each document request.

22. Category headings herein are for convenience and should not be relied upon to modify, limit, alter or otherwise influence in any way how to interpret these document requests.

## III. <u>RELEVANT TIME PERIOD</u>

Unless otherwise noted herein, the relevant time period of these document requests is July 1, 2015, until the present (the "**Relevant Time Period**"). These document requests seek all responsive Documents created or generated during the Relevant Time Period, as well as responsive Documents created or generated outside the Relevant Time Period, but which contain information concerning the Relevant Time Period.

## IV.    **PRODUCTION REQUESTS**

REQUEST NO. 1.

Pursuant to 18 U.S.C. § 2702(c)(6), all non-content subscriber records and account information for the individuals listed in Exhibit 1.[1]

Subscriber records and account information should include, but are not limited to, the following:

- Subscriber registration information, including, but not limited to, full names; associated email addresses; associated telephone numbers; associated addresses; user IDs, usernames, or handles; and dates of birth (if collected);

- IP address logs and login/logout history, including the date/time stamps (with time zone); IP addresses; port numbers; and associated session identifiers for each successful or attempted login during the Relevant Time Period;

- All activity logs or log files for the accounts showing all user activities during the Relevant Period, excluding information that may contain content data. User activities include, without limitation:

  o Engaging in one-to-one and group messaging communications, including sender and recipient identifiers (e.g., user IDs/handles/phone numbers), group identifiers, date/time stamps (with time zone), delivery status, and message size/length, excluding message contents;

---

[1] Exhibit 1 contains potential login identifiers for the listed individuals but is non-exhaustive. Because the complete list of associated account information for each individual will be within Your possession, custody, and control, Plaintiffs respectfully request to meet and confer on this Request.

- o Engaging in one-to-one and group calls (voice/video), including caller/callee identifiers, date/time stamps (with time zone), call duration, and call disposition, excluding call contents;

- o Participating in group memberships, including group identifiers, group name, date/time of user joining/leaving, and group admin(s), excluding any content of group messages;

- o Uploading videos or other posts; making comments on other users' posts; reacting to other users' posts; saving or bookmarking other users' posts; messaging, following, or "friending" other users; participating in live chats; and/or utilizing other public or private social networking activities You facilitate, including the date, time, and user(s) associated with the individual's use of Your features.

- Device information, including device type, OS version, device identifiers (e.g., device tokens, serial numbers, advertising ID where applicable), app version, and date/time stamps of devices associated with each account;

- Current account status (active, deactivated, permanently deleted) and records identifying the creation, deletion, deactivation, or reactivation of each account, including date/time stamps and the method by which such action occurred;

- Other account changes and events, including username changes, profile changes, linked accounts, password resets, recovery email/phone changes, two-factor authentication activation/deactivation, and date/time stamps for such events;

- All preservation/retention and privacy settings, including changes in settings and the dates on which they occurred. This includes, but is not limited to, records of content

deletion events or disappearing content settings, including when disappearing timers were enabled/modified and their durations, and date/time of content deletions (if maintained).

- Any preservation requests, legal process logs, or legal holds relating to the account, including the date of receipt of legal process and the categories of information preserved;

- Payment and billing records (if any), including payment method type (with masked numbers only), billing address, dates of payments, subscription status, and transaction logs, excluding full financial account numbers.

Exhibit 1

| Name | Employer | Associated Phone Numbers | Associated Email Addresses | Associated Usernames |
|---|---|---|---|---|
| Akosa Akpom | TKO Operating Company, LLC | | | |
| David Avery | TKO Operating Company, LLC | | | |
| Denitza Batchvarova | Zuffa, LLC | | | |
| Nakisa Bidarian | Zuffa, LLC | | | |
| Tracey Bleczinski | TKO Operating Company, LLC | | | |
| Craig Borsari | Zuffa, LLC | | | |
| Hunter Campbell | Zuffa, LLC | | | |
| Deborah Cook | TKO Operating Company, LLC | | | |
| Peter Dropick | Zuffa, LLC | | | |
| Ariel Emanuel | Endeavor Group Holdings, Inc.; TKO Operating Company, LLC | | | |
| Lawrence "Ike" Epstein | Zuffa, LLC | | | |
| Chadwick Hurley | Zuffa, LLC | | | |
| Tracy Long | Zuffa, LLC | | | |
| Jason Lublin | Endeavor Group Holdings, Inc. | | | |
| Michael "Mick" Maynard | Zuffa, LLC | | | |
| Michael Mossholder | Zuffa, LLC | | | |
| Grant Norris-Jones | TKO Operating Company, LLC | | | |
| Brittany Santypal | TKO Operating Company, LLC | | | |
| Andrew Schleimer | Zuffa, LLC | | | |
| Mark Shapiro | Endeavor Group Holdings, Inc.; TKO Operating Company, LLC | | | |
| David Shaw | TKO Operating Company, LLC | | | |
| Sean Shelby | Zuffa, LLC | | | |
| Joe Silva | Zuffa, LLC; TKO Operating Company, LLC | | | |
| Dana White | Zuffa, LLC; TKO Operating Company, LLC | | | |

| Seth Zaslow | TKO Operating Company, LLC |
|---|---|
| Marshall Zelaznik | Zuffa, LLC; TKO Operating Company, LLC |
| Albert Acosta | Endeavor Group Holdings, Inc. |
| Olsvaldo Arias | Zuffa, LLC; TKO Operating Company, LLC |
| Tony Barboza | Zuffa, LLC; TKO Operating Company, LLC |
| Buffey Curtis | Zuffa, LLC; TKO Operating Company, LLC |
| Nichole Durand | Zuffa, LLC; TKO Operating Company, LLC |
| Egon Durban | Zuffa, LLC; TKO Operating Company, LLC |
| Jamie Euster | Endeavor Group Holdings, Inc. |
| Keith Friedenberg | Endeavor Group Holdings, Inc. |
| Graham Fry | Endeavor Group Holdings, Inc. |
| Tim Gardner | Endeavor Group Holdings, Inc. |
| Rami Genauer | Zuffa, LLC; TKO Operating Company, LLC |
| Christoph Goessing | Zuffa, LLC; TKO Operating Company, LLC |
| Krista Hall | Zuffa, LLC; TKO Operating Company, LLC |
| Reed Harris | Zuffa, LLC; TKO Operating Company, LLC |
| Shane Kapral | Zuffa, LLC; TKO Operating Company, LLC |
| Seth Krauss | Endeavor Group Holdings, Inc. & Zuffa, LLC; TKO Operating Company, LLC |
| Ajay Madkekar | Endeavor Group Holdings, Inc. |
| David Phillips | Endeavor Group Holdings, Inc. |
| Chris Provino | Zuffa, LLC; TKO Operating Company, LLC |

| | |
|---|---|
| Marc Ratner | Zuffa, LLC; TKO Operating Company, LLC |
| Zack Rose | Endeavor Group Holdings, Inc. |
| Jonathan Shin | Zuffa, LLC; TKO Operating Company, LLC |
| Brandon Stuckenberg | Zuffa, LLC; TKO Operating Company, LLC |
| Robert Crowley Sullivan | Zuffa, LLC; TKO Operating Company, LLC |
| Blake Ulrich | Endeavor Group Holdings, Inc. |
| Marc Webster | Endeavor Group Holdings, Inc. |
| Patrick Whitesell | Zuffa, LLC; TKO Operating Company, LLC |
| Matt Woodmancy | Endeavor Group Holdings, Inc. |
| Chika Yoshinaga | Zuffa, LLC; TKO Operating Company, LLC |
| Nick Zombolas | Zuffa, LLC; TKO Operating Company, LLC |
| Sam Zussman | Endeavor Group Holdings, Inc. |

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Nevada

| | |
|---|---|
| Johnson et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:21-cv-01189-RFB-BNW |
| Zuffa, LLC dba Ultimate Fighting Championship et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                              Discord Inc.
        c/o C T Corporation System  330 N Brand Blvd, Suite 700,  Glendale, CA 91203

_____
*(Name of person to whom this subpoena is directed)*

**X** *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: VERITEXT LEGAL SOLUTIONS 707 Wilshire Blvd., Suite 3500 Los Angeles, CA 90017 | Date and Time: 1/17/2026 5:00 pm |
|---|---|

*Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  12/17/2025

CLERK OF COURT

OR

_____              _____
*Signature of Clerk or Deputy Clerk*                          /s/ Daniel Gifford
                                                          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Plaintiffs Kajan Johnson, Clarence Dollaway, and Tristan Connelly____, who issues or requests this subpoena, are:
Daniel Gifford; 88 Pine Street, 14th Floor, New York, NY 10005; dgifford@cohenmilstein.com; (212) 838-7797

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:21-cv-01189-RFB-BNW

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii)is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii)These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      ( ) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (i) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (ii)subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii)describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

### I. DEFINITIONS

1. The following rules of construction should apply to all discovery requests:

   a) "**All**" should be construed to include the collective as well as the singular and shall mean "each," "any," and "every."

   b) "**And**" and "or" should be construed so as to require the broadest possible response. If, for example, a request calls for information about "A or B" or "A and B," You should produce all information about A and all information about B, as well as all information about A and B collectively. In other words, "or" and "and" should be read as "and/or."

   c) "**Any**" shall be construed to mean "any and all."

   d) "**Including**" shall be construed to mean "without limitation." "Including" is used to emphasize certain types of documents requested and should not be construed as limiting the request in any way.

   e) "**Relating to**," "**referring to**," "**regarding**," or "**with respect to**" mean, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

   f) The use of the singular form of any word includes the plural and vice versa.

   g) Unless otherwise indicated, the use of the present tense of any verb shall be construed to include the past tense going back to the beginning of the Relevant Time Period, and the use of the past tense shall be construed to run from the beginning of the Relevant Time Period through the present.

2. "**Actions**" means *Kajan Johnson, et al. v. Zuffa, LLC, et al.*, No. 2:21-cv-01189 (D. Nev.);

*Mikhail Cirkunovs v. Zuffa, LLC, et al.*, No. 2:25-cv-00914 (D. Nev.); and *Phil Davis v. Zuffa, LLC, et al.*, No. 2:25-cv-00946 (D. Nev.).

3. "**Communication**" means without limitation, oral or written communications of any kind, such as electronic communications, direct communications through social media (including without limitation direct messaging, instant messaging, chatting or emailing within a social media platform), facsimiles, telephone communications, correspondence, exchange of written or recorded information, or face-to-face meetings. The phrase "communication between" is defined to include instances where one party addresses the other party but the other party does not necessarily respond. The phrase "communication" includes all attachments to e-mail messages.

4. "**Date**" means the exact day, month, and year, if ascertainable, or the best available approximation, including any relationship to other known events (designate whether exact or approximate).

5. "**Document(s)**" shall mean and include all "writings," "recordings" or "photographs" as those terms are defined in Federal Rule of Civil Procedure 34 and Rule 1001 of the Federal Rules of Evidence. Without limiting the generality of the foregoing, the term "Documents" includes both hard copy documents and electronically stored data files including but not limited to e-mail, instant messaging, social media content (including without limitation public content such as Tweets, YouTube submissions, Facebook posts, and posts to any public electronic billboard, as well as private content such as direct messaging, instant messaging, chats, and email), shared network files and databases. "Documents" also includes, without limitation and regardless of whether stored in hard copy or electronically, any letters, correspondence, memoranda, analyses, legal pleadings, calendars, diaries,

travel records, summaries, records of telephone conversations, telegrams, notes, reports, compilations, notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, audiotapes, film and sound reproductions, e-mails, internal or external web sites, audio or video discs data on magnetic or optical storage media (e.g., servers, storage area networks, interconnected remote servers (so-called "cloud computing"), hard drives, backup tapes, CDs, DVDs, Blu-ray, DVD-HD, USB/thumb/flash drives, floppy disks or any other type of portable storage device, etc.) stored as an "active" or backup file, in its native format, computer files, discs and drives, sales, advertising and promotional literature, agreements, stored recordings, minutes or other records of meetings, all written or graphic records or representations of any kind, and all mechanical or electronic data, records or representations of any kind.

6. "**Electronically Stored Information**," abbreviated as "**ESI**" has the same meaning and scope as it has in the Federal Rules of Civil Procedure and includes, without limitation, the following:

   a) structured and unstructured data, as those terms are defined in The Sedona Conference Glossary, available at www.thesedonaconference.org/publications;

   b) activity listings of electronic mail receipts and/or transmittals;

   c) output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, text messages (SMS, MMS or TMS), iMessages, Blackberry Messenger (BBM), AOL Instant MessengerTM (or similar program), social media (including without limitation Twitter, LinkedIn, YouTube, Facebook, Instagram, and

any other internet based messaging system) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

d) any and all items stored on computer memories, hard disks, floppy disks, CD discs, DVD discs, flash drives, thumb drives, memory cards, magnetic tape, microfiche, off-site interconnected servers (so-called "cloud computing"), or in any other vehicle for digital data storage and/or transmittal, such as, but not limited to, a personal digital assistant (*e.g.*, Blackberry, Smart Phone or similar device) and file folder tabs, and/or containers and labels appended to, or relating to, any physical storage device associated with each original and/or copy of all documents requested herein;

e) any and all items stored on voice-mail systems, websites, company intranet sites, chat rooms and social networking websites (*e.g.*, Facebook, LinkedIn, Twitter, and social websites listed at http://en.wikipedia.org/wiki/List of social networking websites); and

f) any and all data, data compilations, and data analyses.

7. "**Employee**" means, without limitation, any current or former officer, director, executive, manager, member, secretary, staff member, consultant, messenger, agent or other person who is or was employed by a Person or entity.

8. "**Identify**," when used in reference to an individual employee, means to produce documents sufficient to identify: the person's full name, last known business and home address; date of birth; social security number; title or position and period of service in each such position; immediate supervisor in each position; business and home telephone numbers (including voice, cellular and facsimile phone numbers) assigned to or used by

such person and the period during which such numbers were assigned to be used by that person; and business and home electronic mail identifiers and the period during which such identifiers were assigned to and used by that person.

9. "**Meeting**" means, without limitation, any assembly, convocation, encounter, or contemporaneous presence of two or more persons for any purpose, whether planned or arranged, scheduled or not. Meeting attendees may be present in person or by electronic means including, but not limited to, teleconference and videoconference.

10. "**Person**" means, without limitation, any natural person, corporation, partnership, limited liability company, proprietorship, joint venture, trust, association, government entity, group or other form of legal entity.

11. "**Plaintiffs**" means Kajan Johnson, Clarence Dollaway, Tristen Connelly, Mikhail Cirkunovs, Phil Davis, and any named plaintiffs in any subsequently filed Actions which are related to or consolidated with the Actions in the court with jurisdiction over the cases.

12. "**Possession, Custody or Control**" when referring to Documents or other tangible objects means any Document or other tangible object You have access to regardless of whether You have actual possession of the document or other tangible object. This includes Documents You have the legal right to obtain or for which You have control over the person who has control of the Document, including without limitation Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or Your attorneys or their agents, employees, representatives or investigators.

13. "**Social Media**" means any web-hosted applications that facilitate public posting of words, images or video and audio recordings, and private interactions such as private messaging or email, among users. Examples of Social Media include without limitation, Twitter,

Facebook, YouTube, Instagram, TikTok, WhatsApp, Signal, and Telegram.

14. "**You**," "**Your**," "**Your Company**" means Discord Inc., individually, and Discord Inc. and its predecessors, successors, subsidiaries, departments, divisions, affiliates, any organization or entity which Discord Inc. has acquired, or with which Discord Inc. has merged, and any organization or entity which Discord Inc. manages, controls or has an ownership interest in, together with all current and former directors, officers, employees, agents, representatives or any persons acting or purporting to act on Your behalf.

15. "**Zuffa**," "**UFC**," or "**Defendant**" all mean Ultimate Fighting Championship, UFC, TKO Operating Company, LLC ("**TKO OpCo**") (f/k/a Zuffa Parent LLC), a Delaware limited liability company and the direct subsidiary of TKO Group Holdings, Inc., a Delaware corporation ("**TKO Group Holdings**"), Endeavor Group Holdings, Inc., a Delaware corporation ("**Endeavor**"), and all predecessors, successors, subsidiaries, departments, divisions, acquisitions, affiliates and any organization or entity TKO OpCo or TKO Group Holdings manages or controls, together with all present and former directors, members, officers, employees, agents, representatives or any persons acting or purporting to act on TKO OpCo's behalf including, without limitation, Ari Emanual, Dana White, Mark Shapiro, Patrick Whitsell, Ike Lawrence Epstein, Lorenzo Fertitta or Hunter Campbell.

## II. INSTRUCTIONS

1. In producing Documents, You are requested to furnish all Documents or things in Your possession, custody or control, regardless of the physical location of the Documents, or whether such Documents or other materials are possessed directly by You or Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates,

investigators, or by Your attorneys or their agents, employees, representatives or investigators.

2.  If any document covered by these requests is withheld by reason of a claim of attorney-client privilege, attorney work product protection, or any other privilege or protection, please furnish a log providing the following information with respect to each such withheld document: date, author, recipients, general subject matter sufficient to make a prima facie determination whether the asserted privilege has been properly invoked, and legal basis upon which the document has been withheld.

3.  In producing Documents, You are requested to produce the original of each Document requested, together with all non-identical copies and drafts of such Document. If the original of any Document cannot be located, a copy shall be produced in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

4.  If any requested Document cannot be produced in full, You are to produce it to the extent possible, indicating which Document, or portion of such Document, is being withheld, and the reason that it is being withheld.

5.  Documents not otherwise responsive to these Requests shall be produced if such Documents mention, discuss, refer to, or explain the Documents that are called for by these Requests, or if such Documents are attached to Documents called for by these Requests and constitute routing slips, transmittal memoranda, letters, cover sheets, comments, evaluation or similar materials.

6.  All Documents shall be produced in the same order as they are kept or maintained by You in the ordinary course of Your business. If any Documents have been removed from the files in which they were found for purposes of producing them in response to these

Requests, indicate for each Document the file(s) in which the Document(s) was (or were) originally located.

7. If a Document once existed and has subsequently been lost, destroyed, or is otherwise missing, please provide sufficient information to identify the Document and state the details concerning its loss.

8. With respect to any Document maintained or stored electronically, please harvest it in a manner that maintains the integrity and readability of all data, including all metadata.

9. Unless otherwise agreed, all ESI should be produced in native format via a secure file transfer protocol, or on compact disc(s), DVD disc(s) or zip drives in the original electronic file format(s) of the Documents.

10. Please produce all Documents maintained or stored electronically in native, electronic format with all relevant metadata intact. Encrypted or password-protected documents should be produced in a form permitting them to be reviewed. You are also requested to immediately meet and confer regarding the manner in which You shall produce Documents stored electronically in order for the parties to try and reach agreement in this regard and avoid any unnecessary expense.

11. Please organize electronic Documents produced for inspection in the same manner that You store them (e.g., if maintained by a custodian, such as e-mail residing on an e-mail server, please organize documents for production by custodian; if maintained as a subfolder of "My Documents" on a custodian's hard drive, please organize documents for production by custodian with path information preserved, etc.).

12. All ESI should be produced in accordance with the attached Stipulated Order Re: Discovery of Electronically Stored Information.

13. Documents attached to each other should not be separated, including, but not limited to, hard-copy versions of Documents attached to hard-copy printouts of e-mails produced pursuant to these Requests.

14. At Your election, documents maintained or stored in paper, hard-copy form can be produced as searchable .PDF (i.e., portable document format files with embedded text) and in an appropriate and usable manner (e.g., by copying such data onto an external hard drive).

15. These requests require production of paper documents in the same form and same order as they are kept in the usual course of business, or organized and labeled to correspond with the requests set forth below. If You choose the former method, the documents are to be produced in the boxes, file folders, binders and other containers in which the documents are found. The titles, labels or other descriptions on the boxes, file folders, binders or other containers are to be left intact.

16. Documents stored as electronic data on magnetic, optical, or other storage media as "active" or "backup" files shall be produced in their native formats with any associated metadata.

17. To the extent responsive Documents reside on databases and other such systems and files, You are requested to produce the relevant database in useable form and/or permit access for inspection, review, and extraction of responsive information.

18. To the extent responsive Documents are in languages other than English, the parties shall meet and confer to discuss the format of production prior thereto.

19. No part of a document request shall be left unanswered merely because an objection was

9 of 13

interposed to another part of the document request.

20. If You object to any document request or subpart thereof, the objection shall state with specificity all grounds. Any ground not stated shall be waived.

21. If You are unable to answer any document request, the reasons for Your inability to answer shall be separately stated in detail for each document request.

22. Category headings herein are for convenience and should not be relied upon to modify, limit, alter or otherwise influence in any way how to interpret these document requests.

## III. **RELEVANT TIME PERIOD**

Unless otherwise noted herein, the relevant time period of these document requests is July 1, 2015, until the present (the "**Relevant Time Period**"). These document requests seek all responsive Documents created or generated during the Relevant Time Period, as well as responsive Documents created or generated outside the Relevant Time Period, but which contain information concerning the Relevant Time Period.

## IV.    <u>**PRODUCTION REQUESTS**</u>

<u>REQUEST NO. 1.</u>

Pursuant to 18 U.S.C. § 2702(c)(6), all non-content subscriber records and account information for the individuals listed in Exhibit 1.[1]

Subscriber records and account information should include, but are not limited to, the following:

- Subscriber registration information, including, but not limited to, full names; associated email addresses; associated telephone numbers; associated addresses; user IDs, usernames, or handles; and dates of birth (if collected);

- IP address logs and login/logout history, including the date/time stamps (with time zone); IP addresses; port numbers; and associated session identifiers for each successful or attempted login during the Relevant Time Period;

- All activity logs or log files for the accounts showing all user activities during the Relevant Period, excluding information that may contain content data. User activities include, without limitation:

  o Engaging in one-to-one and group messaging communications, including sender and recipient identifiers (e.g., user IDs/handles/phone numbers), group identifiers, date/time stamps (with time zone), delivery status, and message size/length, excluding message contents;

---

[1] Exhibit 1 contains potential login identifiers for the listed individuals but is non-exhaustive. Because the complete list of associated account information for each individual will be within Your possession, custody, and control, Plaintiffs respectfully request to meet and confer on this Request.

- o Engaging in one-to-one and group calls (voice/video), including caller/callee identifiers, date/time stamps (with time zone), call duration, and call disposition, excluding call contents;

- o Participating in group memberships, including group identifiers, group name, date/time of user joining/leaving, and group admin(s), excluding any content of group messages;

- o Uploading videos or other posts; making comments on other users' posts; reacting to other users' posts; saving or bookmarking other users' posts; messaging, following, or "friending" other users; participating in live chats; and/or utilizing other public or private social networking activities You facilitate, including the date, time, and user(s) associated with the individual's use of Your features.

- Device information, including device type, OS version, device identifiers (e.g., device tokens, serial numbers, advertising ID where applicable), app version, and date/time stamps of devices associated with each account;

- Current account status (active, deactivated, permanently deleted) and records identifying the creation, deletion, deactivation, or reactivation of each account, including date/time stamps and the method by which such action occurred;

- Other account changes and events, including username changes, profile changes, linked accounts, password resets, recovery email/phone changes, two-factor authentication activation/deactivation, and date/time stamps for such events;

- All preservation/retention and privacy settings, including changes in settings and the dates on which they occurred. This includes, but is not limited to, records of content

deletion events or disappearing content settings, including when disappearing timers were enabled/modified and their durations, and date/time of content deletions (if maintained).

- Any preservation requests, legal process logs, or legal holds relating to the account, including the date of receipt of legal process and the categories of information preserved;

- Payment and billing records (if any), including payment method type (with masked numbers only), billing address, dates of payments, subscription status, and transaction logs, excluding full financial account numbers.

Exhibit 1

| Name | Employer | Associated Phone Numbers | Associated Email Addresses | Associated Usernames |
|------|----------|--------------------------|----------------------------|----------------------|
| Akosa Akpom | TKO Operating Company, LLC | | | |
| David Avery | TKO Operating Company, LLC | | | |
| Denitza Batchvarova | Zuffa, LLC | | | |
| Nakisa Bidarian | Zuffa, LLC | | | |
| Tracey Bleczinski | TKO Operating Company, LLC | | | |
| Craig Borsari | Zuffa, LLC | | | |
| Hunter Campbell | Zuffa, LLC | | | |
| Deborah Cook | TKO Operating Company, LLC | | | |
| Peter Dropick | Zuffa, LLC | | | |
| Ariel Emanuel | Endeavor Group Holdings, Inc.; TKO Operating Company, LLC | | | |
| Lawrence "Ike" Epstein | Zuffa, LLC | | | |
| Chadwick Hurley | Zuffa, LLC | | | |
| Tracy Long | Zuffa, LLC | | | |
| Jason Lublin | Endeavor Group Holdings, Inc. | | | |
| Michael "Mick" Maynard | Zuffa, LLC | | | |
| Michael Mossholder | Zuffa, LLC | | | |
| Grant Norris-Jones | TKO Operating Company, LLC | | | |
| Brittany Santypal | TKO Operating Company, LLC | | | |
| Andrew Schleimer | Zuffa, LLC | | | |
| Mark Shapiro | Endeavor Group Holdings, Inc.; TKO Operating Company, LLC | | | |
| David Shaw | TKO Operating Company, LLC | | | |
| Sean Shelby | Zuffa, LLC | | | |
| Joe Silva | Zuffa, LLC; TKO Operating Company, LLC | | | |
| Dana White | Zuffa, LLC; TKO Operating Company, LLC | | | |

| Name | Entity |
|---|---|
| Seth Zaslow | TKO Operating Company, LLC |
| Marshall Zelaznik | Zuffa, LLC; TKO Operating Company, LLC |
| Albert Acosta | Endeavor Group Holdings, Inc. |
| Olsvaldo Arias | Zuffa, LLC; TKO Operating Company, LLC |
| Tony Barboza | Zuffa, LLC; TKO Operating Company, LLC |
| Buffey Curtis | Zuffa, LLC; TKO Operating Company, LLC |
| Nichole Durand | Zuffa, LLC; TKO Operating Company, LLC |
| Egon Durban | Zuffa, LLC; TKO Operating Company, LLC |
| Jamie Euster | Endeavor Group Holdings, Inc. |
| Keith Friedenberg | Endeavor Group Holdings, Inc. |
| Graham Fry | Endeavor Group Holdings, Inc. |
| Tim Gardner | Endeavor Group Holdings, Inc. |
| Rami Genauer | Zuffa, LLC; TKO Operating Company, LLC |
| Christoph Goessing | Zuffa, LLC; TKO Operating Company, LLC |
| Krista Hall | Zuffa, LLC; TKO Operating Company, LLC |
| Reed Harris | Zuffa, LLC; TKO Operating Company, LLC |
| Shane Kapral | Zuffa, LLC; TKO Operating Company, LLC |
| Seth Krauss | Endeavor Group Holdings, Inc. & Zuffa, LLC; TKO Operating Company, LLC |
| Ajay Madkekar | Endeavor Group Holdings, Inc. |
| David Phillips | Endeavor Group Holdings, Inc. |
| Chris Provino | Zuffa, LLC; TKO Operating Company, LLC |

| | |
|---|---|
| Marc Ratner | Zuffa, LLC; TKO Operating Company, LLC |
| Zack Rose | Endeavor Group Holdings, Inc. |
| Jonathan Shin | Zuffa, LLC; TKO Operating Company, LLC |
| Brandon Stuckenberg | Zuffa, LLC; TKO Operating Company, LLC |
| Robert Crowley Sullivan | Zuffa, LLC; TKO Operating Company, LLC |
| Blake Ulrich | Endeavor Group Holdings, Inc. |
| Marc Webster | Endeavor Group Holdings, Inc. |
| Patrick Whitesell | Zuffa, LLC; TKO Operating Company, LLC |
| Matt Woodmancy | Endeavor Group Holdings, Inc. |
| Chika Yoshinaga | Zuffa, LLC; TKO Operating Company, LLC |
| Nick Zombolas | Zuffa, LLC; TKO Operating Company, LLC |
| Sam Zussman | Endeavor Group Holdings, Inc. |

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

### for the
### District of Nevada

| | | |
|---|---|---|
| Phil Davis | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 2:25-cv-00946-RFB-BNW |
| Zuffa, LLC dba Ultimate Fighting Championship et al. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
Discord Inc.
c/o C T Corporation System  330 N Brand Blvd, Suite 700,  Glendale, CA 91203

*(Name of person to whom this subpoena is directed)*

❚ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place VERITEXT LEGAL SOLUTIONS 707 Wilshire Blvd., Suite 3500 Los Angeles, CA 90017 | Date and Time: 1/17/2026 5:00 pm |
|---|---|

❚ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    12/17/2025

|  *CLERK OF COURT*  |  OR  |   |
|---|---|---|
|  _____  |   |  /s/ Daniel Gifford  |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Plaintiff Phil Davis                                                                      , who issues or requests this subpoena, are:
Daniel Gifford; 88 Pine Street, 14th Floor, New York, NY 10005; dgifford@cohenmilstein.com; (212) 838-7797

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:25-cv-00946-RFB-BNW

### PROOF OF SERVICE
#### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____        _____
                                          *Server's signature*

                              _____
                                          *Printed name and title*

                              _____
                                          *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii)is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii)These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (iii)        requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iv)          requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (v)subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii)describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## <u>SCHEDULE A</u>

### I. <u>DEFINITIONS</u>

1. The following rules of construction should apply to all discovery requests:

a) "**All**" should be construed to include the collective as well as the singular and shall mean "each," "any," and "every."

b) "**And**" and "or" should be construed so as to require the broadest possible response. If, for example, a request calls for information about "A or B" or "A and B," You should produce all information about A and all information about B, as well as all information about A and B collectively. In other words, "or" and "and" should be read as "and/or."

c) "**Any**" shall be construed to mean "any and all."

d) "**Including**" shall be construed to mean "without limitation." "Including" is used to emphasize certain types of documents requested and should not be construed as limiting the request in any way.

e) "**Relating to**," "**referring to**," "**regarding**," or "**with respect to**" mean, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

f) The use of the singular form of any word includes the plural and vice versa.

g) Unless otherwise indicated, the use of the present tense of any verb shall be construed to include the past tense going back to the beginning of the Relevant Time Period, and the use of the past tense shall be construed to run from the beginning of the Relevant Time Period through the present.

2. "**Actions**" means *Kajan Johnson, et al. v. Zuffa, LLC, et al.*, No. 2:21-cv-01189 (D. Nev.);

*Mikhail Cirkunovs v. Zuffa, LLC, et al.*, No. 2:25-cv-00914 (D. Nev.); and *Phil Davis v. Zuffa, LLC, et al.*, No. 2:25-cv-00946 (D. Nev.).

3.  "**Communication**" means without limitation, oral or written communications of any kind, such as electronic communications, direct communications through social media (including without limitation direct messaging, instant messaging, chatting or emailing within a social media platform), facsimiles, telephone communications, correspondence, exchange of written or recorded information, or face-to-face meetings. The phrase "communication between" is defined to include instances where one party addresses the other party but the other party does not necessarily respond. The phrase "communication" includes all attachments to e-mail messages.

4.  "**Date**" means the exact day, month, and year, if ascertainable, or the best available approximation, including any relationship to other known events (designate whether exact or approximate).

5.  "**Document(s)**" shall mean and include all "writings," "recordings" or "photographs" as those terms are defined in Federal Rule of Civil Procedure 34 and Rule 1001 of the Federal Rules of Evidence. Without limiting the generality of the foregoing, the term "Documents" includes both hard copy documents and electronically stored data files including but not limited to e-mail, instant messaging, social media content (including without limitation public content such as Tweets, YouTube submissions, Facebook posts, and posts to any public electronic billboard, as well as private content such as direct messaging, instant messaging, chats, and email), shared network files and databases. "Documents" also includes, without limitation and regardless of whether stored in hard copy or electronically, any letters, correspondence, memoranda, analyses, legal pleadings, calendars, diaries,

travel records, summaries, records of telephone conversations, telegrams, notes, reports, compilations, notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, audiotapes, film and sound reproductions, e-mails, internal or external web sites, audio or video discs data on magnetic or optical storage media (e.g., servers, storage area networks, interconnected remote servers (so-called "cloud computing"), hard drives, backup tapes, CDs, DVDs, Blu-ray, DVD-HD, USB/thumb/flash drives, floppy disks or any other type of portable storage device, etc.) stored as an "active" or backup file, in its native format, computer files, discs and drives, sales, advertising and promotional literature, agreements, stored recordings, minutes or other records of meetings, all written or graphic records or representations of any kind, and all mechanical or electronic data, records or representations of any kind.

6. "**Electronically Stored Information**," abbreviated as "**ESI**" has the same meaning and scope as it has in the Federal Rules of Civil Procedure and includes, without limitation, the following:

   a) structured and unstructured data, as those terms are defined in The Sedona Conference Glossary, available at www.thesedonaconference.org/publications;

   b) activity listings of electronic mail receipts and/or transmittals;

   c) output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, text messages (SMS, MMS or TMS), iMessages, Blackberry Messenger (BBM), AOL Instant MessengerTM (or similar program), social media (including without limitation Twitter, LinkedIn, YouTube, Facebook, Instagram, and

any other internet based messaging system) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

d) any and all items stored on computer memories, hard disks, floppy disks, CD discs, DVD discs, flash drives, thumb drives, memory cards, magnetic tape, microfiche, off-site interconnected servers (so-called "cloud computing"), or in any other vehicle for digital data storage and/or transmittal, such as, but not limited to, a personal digital assistant (*e.g.*, Blackberry, Smart Phone or similar device) and file folder tabs, and/or containers and labels appended to, or relating to, any physical storage device associated with each original and/or copy of all documents requested herein;

e) any and all items stored on voice-mail systems, websites, company intranet sites, chat rooms and social networking websites (*e.g.*, Facebook, LinkedIn, Twitter, and social websites listed at http://en.wikipedia.org/wiki/List of social networking websites); and

f) any and all data, data compilations, and data analyses.

7. "**Employee**" means, without limitation, any current or former officer, director, executive, manager, member, secretary, staff member, consultant, messenger, agent or other person who is or was employed by a Person or entity.

8. "**Identify**," when used in reference to an individual employee, means to produce documents sufficient to identify: the person's full name, last known business and home address; date of birth; social security number; title or position and period of service in each such position; immediate supervisor in each position; business and home telephone numbers (including voice, cellular and facsimile phone numbers) assigned to or used by

such person and the period during which such numbers were assigned to be used by that person; and business and home electronic mail identifiers and the period during which such identifiers were assigned to and used by that person.

9. "**Meeting**" means, without limitation, any assembly, convocation, encounter, or contemporaneous presence of two or more persons for any purpose, whether planned or arranged, scheduled or not. Meeting attendees may be present in person or by electronic means including, but not limited to, teleconference and videoconference.

10. "**Person**" means, without limitation, any natural person, corporation, partnership, limited liability company, proprietorship, joint venture, trust, association, government entity, group or other form of legal entity.

11. "**Plaintiffs**" means Kajan Johnson, Clarence Dollaway, Tristen Connelly, Mikhail Cirkunovs, Phil Davis, and any named plaintiffs in any subsequently filed Actions which are related to or consolidated with the Actions in the court with jurisdiction over the cases.

12. "**Possession, Custody or Control**" when referring to Documents or other tangible objects means any Document or other tangible object You have access to regardless of whether You have actual possession of the document or other tangible object. This includes Documents You have the legal right to obtain or for which You have control over the person who has control of the Document, including without limitation Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or Your attorneys or their agents, employees, representatives or investigators.

13. "**Social Media**" means any web-hosted applications that facilitate public posting of words, images or video and audio recordings, and private interactions such as private messaging or email, among users. Examples of Social Media include without limitation, Twitter,

Facebook, YouTube, Instagram, TikTok, WhatsApp, Signal, and Telegram.

14. "**You**," "**Your**," "**Your Company**" means Discord Inc., individually, and Discord Inc. and its predecessors, successors, subsidiaries, departments, divisions, affiliates, any organization or entity which Discord Inc. has acquired, or with which Discord Inc. has merged, and any organization or entity which Discord Inc. manages, controls or has an ownership interest in, together with all current and former directors, officers, employees, agents, representatives or any persons acting or purporting to act on Your behalf.

15. "**Zuffa**," "**UFC**," or "**Defendant**" all mean Ultimate Fighting Championship, UFC, TKO Operating Company, LLC ("**TKO OpCo**") (f/k/a Zuffa Parent LLC), a Delaware limited liability company and the direct subsidiary of TKO Group Holdings, Inc., a Delaware corporation ("**TKO Group Holdings**"), Endeavor Group Holdings, Inc., a Delaware corporation ("**Endeavor**"), and all predecessors, successors, subsidiaries, departments, divisions, acquisitions, affiliates and any organization or entity TKO OpCo or TKO Group Holdings manages or controls, together with all present and former directors, members, officers, employees, agents, representatives or any persons acting or purporting to act on TKO OpCo's behalf including, without limitation, Ari Emanual, Dana White, Mark Shapiro, Patrick Whitsell, Ike Lawrence Epstein, Lorenzo Fertitta or Hunter Campbell.

## II. <u>INSTRUCTIONS</u>

1. In producing Documents, You are requested to furnish all Documents or things in Your possession, custody or control, regardless of the physical location of the Documents, or whether such Documents or other materials are possessed directly by You or Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates,

investigators, or by Your attorneys or their agents, employees, representatives or investigators.

2. If any document covered by these requests is withheld by reason of a claim of attorney-client privilege, attorney work product protection, or any other privilege or protection, please furnish a log providing the following information with respect to each such withheld document: date, author, recipients, general subject matter sufficient to make a prima facie determination whether the asserted privilege has been properly invoked, and legal basis upon which the document has been withheld.

3. In producing Documents, You are requested to produce the original of each Document requested, together with all non-identical copies and drafts of such Document. If the original of any Document cannot be located, a copy shall be produced in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

4. If any requested Document cannot be produced in full, You are to produce it to the extent possible, indicating which Document, or portion of such Document, is being withheld, and the reason that it is being withheld.

5. Documents not otherwise responsive to these Requests shall be produced if such Documents mention, discuss, refer to, or explain the Documents that are called for by these Requests, or if such Documents are attached to Documents called for by these Requests and constitute routing slips, transmittal memoranda, letters, cover sheets, comments, evaluation or similar materials.

6. All Documents shall be produced in the same order as they are kept or maintained by You in the ordinary course of Your business. If any Documents have been removed from the files in which they were found for purposes of producing them in response to these

Requests, indicate for each Document the file(s) in which the Document(s) was (or were) originally located.

7. If a Document once existed and has subsequently been lost, destroyed, or is otherwise missing, please provide sufficient information to identify the Document and state the details concerning its loss.

8. With respect to any Document maintained or stored electronically, please harvest it in a manner that maintains the integrity and readability of all data, including all metadata.

9. Unless otherwise agreed, all ESI should be produced in native format via a secure file transfer protocol, or on compact disc(s), DVD disc(s) or zip drives in the original electronic file format(s) of the Documents.

10. Please produce all Documents maintained or stored electronically in native, electronic format with all relevant metadata intact. Encrypted or password-protected documents should be produced in a form permitting them to be reviewed. You are also requested to immediately meet and confer regarding the manner in which You shall produce Documents stored electronically in order for the parties to try and reach agreement in this regard and avoid any unnecessary expense.

11. Please organize electronic Documents produced for inspection in the same manner that You store them (e.g., if maintained by a custodian, such as e-mail residing on an e-mail server, please organize documents for production by custodian; if maintained as a subfolder of "My Documents" on a custodian's hard drive, please organize documents for production by custodian with path information preserved, etc.).

12. All ESI should be produced in accordance with the attached Stipulated Order Re: Discovery of Electronically Stored Information.

13. Documents attached to each other should not be separated, including, but not limited to, hard-copy versions of Documents attached to hard-copy printouts of e-mails produced pursuant to these Requests.

14. At Your election, documents maintained or stored in paper, hard-copy form can be produced as searchable .PDF (i.e., portable document format files with embedded text) and in an appropriate and usable manner (e.g., by copying such data onto an external hard drive).

15. These requests require production of paper documents in the same form and same order as they are kept in the usual course of business, or organized and labeled to correspond with the requests set forth below. If You choose the former method, the documents are to be produced in the boxes, file folders, binders and other containers in which the documents are found. The titles, labels or other descriptions on the boxes, file folders, binders or other containers are to be left intact.

16. Documents stored as electronic data on magnetic, optical, or other storage media as "active" or "backup" files shall be produced in their native formats with any associated metadata.

17. To the extent responsive Documents reside on databases and other such systems and files, You are requested to produce the relevant database in useable form and/or permit access for inspection, review, and extraction of responsive information.

18. To the extent responsive Documents are in languages other than English, the parties shall meet and confer to discuss the format of production prior thereto.

19. No part of a document request shall be left unanswered merely because an objection was

interposed to another part of the document request.

20. If You object to any document request or subpart thereof, the objection shall state with specificity all grounds. Any ground not stated shall be waived.

21. If You are unable to answer any document request, the reasons for Your inability to answer shall be separately stated in detail for each document request.

22. Category headings herein are for convenience and should not be relied upon to modify, limit, alter or otherwise influence in any way how to interpret these document requests.

## III. RELEVANT TIME PERIOD

Unless otherwise noted herein, the relevant time period of these document requests is July 1, 2015, until the present (the "**Relevant Time Period**"). These document requests seek all responsive Documents created or generated during the Relevant Time Period, as well as responsive Documents created or generated outside the Relevant Time Period, but which contain information concerning the Relevant Time Period.

## IV.  **PRODUCTION REQUESTS**

REQUEST NO. 1.

Pursuant to 18 U.S.C. § 2702(c)(6), all non-content subscriber records and account information for the individuals listed in Exhibit 1.[1]

Subscriber records and account information should include, but are not limited to, the following:

- Subscriber registration information, including, but not limited to, full names; associated email addresses; associated telephone numbers; associated addresses; user IDs, usernames, or handles; and dates of birth (if collected);

- IP address logs and login/logout history, including the date/time stamps (with time zone); IP addresses; port numbers; and associated session identifiers for each successful or attempted login during the Relevant Time Period;

- All activity logs or log files for the accounts showing all user activities during the Relevant Period, excluding information that may contain content data. User activities include, without limitation:

  o Engaging in one-to-one and group messaging communications, including sender and recipient identifiers (e.g., user IDs/handles/phone numbers), group identifiers, date/time stamps (with time zone), delivery status, and message size/length, excluding message contents;

---

[1] Exhibit 1 contains potential login identifiers for the listed individuals but is non-exhaustive. Because the complete list of associated account information for each individual will be within Your possession, custody, and control, Plaintiffs respectfully request to meet and confer on this Request.

- o Engaging in one-to-one and group calls (voice/video), including caller/callee identifiers, date/time stamps (with time zone), call duration, and call disposition, excluding call contents;

- o Participating in group memberships, including group identifiers, group name, date/time of user joining/leaving, and group admin(s), excluding any content of group messages;

- o Uploading videos or other posts; making comments on other users' posts; reacting to other users' posts; saving or bookmarking other users' posts; messaging, following, or "friending" other users; participating in live chats; and/or utilizing other public or private social networking activities You facilitate, including the date, time, and user(s) associated with the individual's use of Your features.

- Device information, including device type, OS version, device identifiers (e.g., device tokens, serial numbers, advertising ID where applicable), app version, and date/time stamps of devices associated with each account;

- Current account status (active, deactivated, permanently deleted) and records identifying the creation, deletion, deactivation, or reactivation of each account, including date/time stamps and the method by which such action occurred;

- Other account changes and events, including username changes, profile changes, linked accounts, password resets, recovery email/phone changes, two-factor authentication activation/deactivation, and date/time stamps for such events;

- All preservation/retention and privacy settings, including changes in settings and the dates on which they occurred. This includes, but is not limited to, records of content

deletion events or disappearing content settings, including when disappearing timers were enabled/modified and their durations, and date/time of content deletions (if maintained).

- Any preservation requests, legal process logs, or legal holds relating to the account, including the date of receipt of legal process and the categories of information preserved;

- Payment and billing records (if any), including payment method type (with masked numbers only), billing address, dates of payments, subscription status, and transaction logs, excluding full financial account numbers.

Exhibit 1

| Name | Employer | Associated Phone Numbers | Associated Email Addresses | Associated Usernames |
|------|----------|--------------------------|----------------------------|----------------------|
| Akosa Akpom | TKO Operating Company, LLC | | | |
| David Avery | TKO Operating Company, LLC | | | |
| Denitza Batchvarova | Zuffa, LLC | | | |
| Nakisa Bidarian | Zuffa, LLC | | | |
| Tracey Bleczinski | TKO Operating Company, LLC | | | |
| Craig Borsari | Zuffa, LLC | | | |
| Hunter Campbell | Zuffa, LLC | | | |
| Deborah Cook | TKO Operating Company, LLC | | | |
| Peter Dropick | Zuffa, LLC | | | |
| Ariel Emanuel | Endeavor Group Holdings, Inc.; TKO Operating Company, LLC | | | |
| Lawrence "Ike" Epstein | Zuffa, LLC | | | |
| Chadwick Hurley | Zuffa, LLC | | | |
| Tracy Long | Zuffa, LLC | | | |
| Jason Lublin | Endeavor Group Holdings, Inc. | | | |
| Michael "Mick" Maynard | Zuffa, LLC | | | |
| Michael Mossholder | Zuffa, LLC | | | |
| Grant Norris-Jones | TKO Operating Company, LLC | | | |
| Brittany Santypal | TKO Operating Company, LLC | | | |
| Andrew Schleimer | Zuffa, LLC | | | |
| Mark Shapiro | Endeavor Group Holdings, Inc.; TKO Operating Company, LLC | | | |
| David Shaw | TKO Operating Company, LLC | | | |
| Sean Shelby | Zuffa, LLC | | | |
| Joe Silva | Zuffa, LLC; TKO Operating Company, LLC | | | |
| Dana White | Zuffa, LLC; TKO Operating Company, LLC | | | |

| | |
|---|---|
| Seth Zaslow | TKO Operating Company, LLC |
| Marshall Zelaznik | Zuffa, LLC; TKO Operating Company, LLC |
| Albert Acosta | Endeavor Group Holdings, Inc. |
| Olsvaldo Arias | Zuffa, LLC; TKO Operating Company, LLC |
| Tony Barboza | Zuffa, LLC; TKO Operating Company, LLC |
| Buffey Curtis | Zuffa, LLC; TKO Operating Company, LLC |
| Nichole Durand | Zuffa, LLC; TKO Operating Company, LLC |
| Egon Durban | Zuffa, LLC; TKO Operating Company, LLC |
| Jamie Euster | Endeavor Group Holdings, Inc. |
| Keith Friedenberg | Endeavor Group Holdings, Inc. |
| Graham Fry | Endeavor Group Holdings, Inc. |
| Tim Gardner | Endeavor Group Holdings, Inc. |
| Rami Genauer | Zuffa, LLC; TKO Operating Company, LLC |
| Christoph Goessing | Zuffa, LLC; TKO Operating Company, LLC |
| Krista Hall | Zuffa, LLC; TKO Operating Company, LLC |
| Reed Harris | Zuffa, LLC; TKO Operating Company, LLC |
| Shane Kapral | Zuffa, LLC; TKO Operating Company, LLC |
| Seth Krauss | Endeavor Group Holdings, Inc. & Zuffa, LLC; TKO Operating Company, LLC |
| Ajay Madkekar | Endeavor Group Holdings, Inc. |
| David Phillips | Endeavor Group Holdings, Inc. |
| Chris Provino | Zuffa, LLC; TKO Operating Company, LLC |

| | |
|---|---|
| Marc Ratner | Zuffa, LLC; TKO Operating Company, LLC |
| Zack Rose | Endeavor Group Holdings, Inc. |
| Jonathan Shin | Zuffa, LLC; TKO Operating Company, LLC |
| Brandon Stuckenberg | Zuffa, LLC; TKO Operating Company, LLC |
| Robert Crowley Sullivan | Zuffa, LLC; TKO Operating Company, LLC |
| Blake Ulrich | Endeavor Group Holdings, Inc. |
| Marc Webster | Endeavor Group Holdings, Inc. |
| Patrick Whitesell | Zuffa, LLC; TKO Operating Company, LLC |
| Matt Woodmancy | Endeavor Group Holdings, Inc. |
| Chika Yoshinaga | Zuffa, LLC; TKO Operating Company, LLC |
| Nick Zombolas | Zuffa, LLC; TKO Operating Company, LLC |
| Sam Zussman | Endeavor Group Holdings, Inc. |

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Nevada

Mikhail Cirkunovs

*Plaintiff*

v.

Zuffa, LLC dba Ultimate Fighting Championship et al.

*Defendant*

)
)
)
)
)
)
)

Civil Action No. 2:25-cv-00914-RFB-BNW

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
Discord Inc.
c/o C T Corporation System 330 N Brand Blvd, Suite 700, Glendale, CA 91203

*(Name of person to whom this subpoena is directed)*

❧ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place    VERITEXT LEGAL SOLUTIONS 707 Wilshire Blvd., Suite 3500 Los Angeles, CA 90017 | Date and Time:   1/17/2026 5:00 pm |
|---|---|

❧ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/17/2025

*CLERK OF COURT*

OR

_____
*Signature of Clerk or Deputy Clerk*

/s/ Daniel Gifford
_____
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Plaintiff Mikhail Cirkunovs                                    , who issues or requests this subpoena, are:
Daniel Gifford; 88 Pine Street, 14th Floor, New York, NY 10005; dgifford@cohenmilstein.com; (212) 838-7797

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:25-cv-00914-RFB-BNW

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

❜ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❜ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                                          *Server's signature*

                                              _____
                                                          *Printed name and title*

                                              _____
                                                          *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii)is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii)These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (iii)        requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iv)         requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (v)subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii)describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

<u>**SCHEDULE A**</u>

I. <u>**DEFINITIONS**</u>

1. The following rules of construction should apply to all discovery requests:

a)  "**All**" should be construed to include the collective as well as the singular and shall mean "each," "any," and "every."

b)  "**And**" and "or" should be construed so as to require the broadest possible response. If, for example, a request calls for information about "A or B" or "A and B," You should produce all information about A and all information about B, as well as all information about A and B collectively. In other words, "or" and "and" should be read as "and/or."

c)  "**Any**" shall be construed to mean "any and all."

d)  "**Including**" shall be construed to mean "without limitation." "Including" is used to emphasize certain types of documents requested and should not be construed as limiting the request in any way.

e)  "**Relating to**," "**referring to**," "**regarding**," or "**with respect to**" mean, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

f)  The use of the singular form of any word includes the plural and vice versa.

g)  Unless otherwise indicated, the use of the present tense of any verb shall be construed to include the past tense going back to the beginning of the Relevant Time Period, and the use of the past tense shall be construed to run from the beginning of the Relevant Time Period through the present.

2. "**Actions**" means *Kajan Johnson, et al. v. Zuffa, LLC, et al.*, No. 2:21-cv-01189 (D. Nev.);

*Mikhail Cirkunovs v. Zuffa, LLC, et al.*, No. 2:25-cv-00914 (D. Nev.); and *Phil Davis v. Zuffa, LLC, et al.*, No. 2:25-cv-00946 (D. Nev.).

3. "**Communication**" means without limitation, oral or written communications of any kind, such as electronic communications, direct communications through social media (including without limitation direct messaging, instant messaging, chatting or emailing within a social media platform), facsimiles, telephone communications, correspondence, exchange of written or recorded information, or face-to-face meetings. The phrase "communication between" is defined to include instances where one party addresses the other party but the other party does not necessarily respond. The phrase "communication" includes all attachments to e-mail messages.

4. "**Date**" means the exact day, month, and year, if ascertainable, or the best available approximation, including any relationship to other known events (designate whether exact or approximate).

5. "**Document(s)**" shall mean and include all "writings," "recordings" or "photographs" as those terms are defined in Federal Rule of Civil Procedure 34 and Rule 1001 of the Federal Rules of Evidence. Without limiting the generality of the foregoing, the term "Documents" includes both hard copy documents and electronically stored data files including but not limited to e-mail, instant messaging, social media content (including without limitation public content such as Tweets, YouTube submissions, Facebook posts, and posts to any public electronic billboard, as well as private content such as direct messaging, instant messaging, chats, and email), shared network files and databases. "Documents" also includes, without limitation and regardless of whether stored in hard copy or electronically, any letters, correspondence, memoranda, analyses, legal pleadings, calendars, diaries,

travel records, summaries, records of telephone conversations, telegrams, notes, reports, compilations, notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, audiotapes, film and sound reproductions, e-mails, internal or external web sites, audio or video discs data on magnetic or optical storage media (e.g., servers, storage area networks, interconnected remote servers (so-called "cloud computing") hard drives, backup tapes, CDs, DVDs, Blu-ray, DVD-HD, USB/thumb/flash drives, floppy disks or any other type of portable storage device, etc.) stored as an "active" or backup file, in its native format, computer files, discs and drives, sales, advertising and promotional literature, agreements, stored recordings, minutes or other records of meetings, all written or graphic records or representations of any kind, and all mechanical or electronic data, records or representations of any kind.

6. "**Electronically Stored Information**," abbreviated as "**ESI**" has the same meaning and scope as it has in the Federal Rules of Civil Procedure and includes, without limitation, the following:

   a) structured and unstructured data, as those terms are defined in The Sedona Conference Glossary, available at www.thesedonaconference.org/publications;

   b) activity listings of electronic mail receipts and/or transmittals;

   c) output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, text messages (SMS, MMS or TMS), iMessages, Blackberry Messenger (BBM), AOL Instant MessengerTM (or similar program), social media (including without limitation Twitter, LinkedIn, YouTube, Facebook, Instagram, and

any other internet based messaging system) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

d) any and all items stored on computer memories, hard disks, floppy disks, CD discs, DVD discs, flash drives, thumb drives, memory cards, magnetic tape, microfiche, off-site interconnected servers (so-called "cloud computing"), or in any other vehicle for digital data storage and/or transmittal, such as, but not limited to, a personal digital assistant (*e.g.*, Blackberry, Smart Phone or similar device) and file folder tabs, and/or containers and labels appended to, or relating to, any physical storage device associated with each original and/or copy of all documents requested herein;

e) any and all items stored on voice-mail systems, websites, company intranet sites, chat rooms and social networking websites (*e.g.*, Facebook, LinkedIn, Twitter, and social websites listed at http://en.wikipedia.org/wiki/List of social networking websites); and

f) any and all data, data compilations, and data analyses.

7. "**Employee**" means, without limitation, any current or former officer, director, executive, manager, member, secretary, staff member, consultant, messenger, agent or other person who is or was employed by a Person or entity.

8. "**Identify**," when used in reference to an individual employee, means to produce documents sufficient to identify: the person's full name, last known business and home address; date of birth; social security number; title or position and period of service in each such position; immediate supervisor in each position; business and home telephone numbers (including voice, cellular and facsimile phone numbers) assigned to or used by

such person and the period during which such numbers were assigned to be used by that person; and business and home electronic mail identifiers and the period during which such identifiers were assigned to and used by that person.

9. "**Meeting**" means, without limitation, any assembly, convocation, encounter, or contemporaneous presence of two or more persons for any purpose, whether planned or arranged, scheduled or not. Meeting attendees may be present in person or by electronic means including, but not limited to, teleconference and videoconference.

10. "**Person**" means, without limitation, any natural person, corporation, partnership, limited liability company, proprietorship, joint venture, trust, association, government entity, group or other form of legal entity.

11. "**Plaintiffs**" means Kajan Johnson, Clarence Dollaway, Tristen Connelly, Mikhail Cirkunovs, Phil Davis, and any named plaintiffs in any subsequently filed Actions which are related to or consolidated with the Actions in the court with jurisdiction over the cases.

12. "**Possession, Custody or Control**" when referring to Documents or other tangible objects means any Document or other tangible object You have access to regardless of whether You have actual possession of the document or other tangible object. This includes Documents You have the legal right to obtain or for which You have control over the person who has control of the Document, including without limitation Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or Your attorneys or their agents, employees, representatives or investigators.

13. "**Social Media**" means any web-hosted applications that facilitate public posting of words, images or video and audio recordings, and private interactions such as private messaging or email, among users. Examples of Social Media include without limitation, Twitter,

Facebook, YouTube, Instagram, TikTok, WhatsApp, Signal, and Telegram.

14. "**You**," "**Your**," "**Your Company**" means Discord Inc., individually, and Discord Inc. and its predecessors, successors, subsidiaries, departments, divisions, affiliates, any organization or entity which Discord Inc. has acquired, or with which Discord Inc. has merged, and any organization or entity which Discord Inc. manages, controls or has an ownership interest in, together with all current and former directors, officers, employees, agents, representatives or any persons acting or purporting to act on Your behalf.

15. "**Zuffa**," "**UFC**," or "**Defendant**" all mean Ultimate Fighting Championship, UFC, TKO Operating Company, LLC ("**TKO OpCo**") (f/k/a Zuffa Parent LLC), a Delaware limited liability company and the direct subsidiary of TKO Group Holdings, Inc., a Delaware corporation ("**TKO Group Holdings**"), Endeavor Group Holdings, Inc., a Delaware corporation ("**Endeavor**"), and all predecessors, successors, subsidiaries, departments, divisions, acquisitions, affiliates and any organization or entity TKO OpCo or TKO Group Holdings manages or controls, together with all present and former directors, members, officers, employees, agents, representatives or any persons acting or purporting to act on TKO OpCo's behalf including, without limitation, Ari Emanual, Dana White, Mark Shapiro, Patrick Whitsell, Ike Lawrence Epstein, Lorenzo Fertitta or Hunter Campbell.

## II. **INSTRUCTIONS**

1. In producing Documents, You are requested to furnish all Documents or things in Your possession, custody or control, regardless of the physical location of the Documents, or whether such Documents or other materials are possessed directly by You or Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates,

investigators, or by Your attorneys or their agents, employees, representatives or investigators.

2. If any document covered by these requests is withheld by reason of a claim of attorney-client privilege, attorney work product protection, or any other privilege or protection, please furnish a log providing the following information with respect to each such withheld document: date, author, recipients, general subject matter sufficient to make a prima facie determination whether the asserted privilege has been properly invoked, and legal basis upon which the document has been withheld.

3. In producing Documents, You are requested to produce the original of each Document requested, together with all non-identical copies and drafts of such Document. If the original of any Document cannot be located, a copy shall be produced in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

4. If any requested Document cannot be produced in full, You are to produce it to the extent possible, indicating which Document, or portion of such Document, is being withheld, and the reason that it is being withheld.

5. Documents not otherwise responsive to these Requests shall be produced if such Documents mention, discuss, refer to, or explain the Documents that are called for by these Requests, or if such Documents are attached to Documents called for by these Requests and constitute routing slips, transmittal memoranda, letters, cover sheets, comments, evaluation or similar materials.

6. All Documents shall be produced in the same order as they are kept or maintained by You in the ordinary course of Your business. If any Documents have been removed from the files in which they were found for purposes of producing them in response to these

Requests, indicate for each Document the file(s) in which the Document(s) was (or were) originally located.

7. If a Document once existed and has subsequently been lost, destroyed, or is otherwise missing, please provide sufficient information to identify the Document and state the details concerning its loss.

8. With respect to any Document maintained or stored electronically, please harvest it in a manner that maintains the integrity and readability of all data, including all metadata.

9. Unless otherwise agreed, all ESI should be produced in native format via a secure file transfer protocol, or on compact disc(s), DVD disc(s) or zip drives in the original electronic file format(s) of the Documents.

10. Please produce all Documents maintained or stored electronically in native, electronic format with all relevant metadata intact. Encrypted or password-protected documents should be produced in a form permitting them to be reviewed. You are also requested to immediately meet and confer regarding the manner in which You shall produce Documents stored electronically in order for the parties to try and reach agreement in this regard and avoid any unnecessary expense.

11. Please organize electronic Documents produced for inspection in the same manner that You store them (e.g., if maintained by a custodian, such as e-mail residing on an e-mail server, please organize documents for production by custodian; if maintained as a subfolder of "My Documents" on a custodian's hard drive, please organize documents for production by custodian with path information preserved, etc.).

12. All ESI should be produced in accordance with the attached Stipulated Order Re: Discovery of Electronically Stored Information.

13. Documents attached to each other should not be separated, including, but not limited to, hard-copy versions of Documents attached to hard-copy printouts of e-mails produced pursuant to these Requests.

14. At Your election, documents maintained or stored in paper, hard-copy form can be produced as searchable .PDF (i.e., portable document format files with embedded text) and in an appropriate and usable manner (e.g., by copying such data onto an external hard drive).

15. These requests require production of paper documents in the same form and same order as they are kept in the usual course of business, or organized and labeled to correspond with the requests set forth below. If You choose the former method, the documents are to be produced in the boxes, file folders, binders and other containers in which the documents are found. The titles, labels or other descriptions on the boxes, file folders, binders or other containers are to be left intact.

16. Documents stored as electronic data on magnetic, optical, or other storage media as "active" or "backup" files shall be produced in their native formats with any associated metadata.

17. To the extent responsive Documents reside on databases and other such systems and files, You are requested to produce the relevant database in useable form and/or permit access for inspection, review, and extraction of responsive information.

18. To the extent responsive Documents are in languages other than English, the parties shall meet and confer to discuss the format of production prior thereto.

19. No part of a document request shall be left unanswered merely because an objection was

interposed to another part of the document request.

20. If You object to any document request or subpart thereof, the objection shall state with specificity all grounds. Any ground not stated shall be waived.

21. If You are unable to answer any document request, the reasons for Your inability to answer shall be separately stated in detail for each document request.

22. Category headings herein are for convenience and should not be relied upon to modify, limit, alter or otherwise influence in any way how to interpret these document requests.

## III. RELEVANT TIME PERIOD

Unless otherwise noted herein, the relevant time period of these document requests is July 1, 2015, until the present (the "**Relevant Time Period**"). These document requests seek all responsive Documents created or generated during the Relevant Time Period, as well as responsive Documents created or generated outside the Relevant Time Period, but which contain information concerning the Relevant Time Period.

## IV.    **PRODUCTION REQUESTS**

<u>REQUEST NO. 1.</u>

Pursuant to 18 U.S.C. § 2702(c)(6), all non-content subscriber records and account information for the individuals listed in Exhibit 1.[1]

Subscriber records and account information should include, but are not limited to, the following:

- Subscriber registration information, including, but not limited to, full names; associated email addresses; associated telephone numbers; associated addresses; user IDs, usernames, or handles; and dates of birth (if collected);

- IP address logs and login/logout history, including the date/time stamps (with time zone); IP addresses; port numbers; and associated session identifiers for each successful or attempted login during the Relevant Time Period;

- All activity logs or log files for the accounts showing all user activities during the Relevant Period, excluding information that may contain content data. User activities include, without limitation:

  o Engaging in one-to-one and group messaging communications, including sender and recipient identifiers (e.g., user IDs/handles/phone numbers), group identifiers, date/time stamps (with time zone), delivery status, and message size/length, excluding message contents;

---

[1] Exhibit 1 contains potential login identifiers for the listed individuals but is non-exhaustive. Because the complete list of associated account information for each individual will be within Your possession, custody, and control, Plaintiffs respectfully request to meet and confer on this Request.

- o   Engaging in one-to-one and group calls (voice/video), including caller/callee identifiers, date/time stamps (with time zone), call duration, and call disposition, excluding call contents;

- o   Participating in group memberships, including group identifiers, group name, date/time of user joining/leaving, and group admin(s), excluding any content of group messages;

- o   Uploading videos or other posts; making comments on other users' posts; reacting to other users' posts; saving or bookmarking other users' posts; messaging, following, or "friending" other users; participating in live chats; and/or utilizing other public or private social networking activities You facilitate, including the date, time, and user(s) associated with the individual's use of Your features.

- Device information, including device type, OS version, device identifiers (e.g., device tokens, serial numbers, advertising ID where applicable), app version, and date/time stamps of devices associated with each account;

- Current account status (active, deactivated, permanently deleted) and records identifying the creation, deletion, deactivation, or reactivation of each account, including date/time stamps and the method by which such action occurred;

- Other account changes and events, including username changes, profile changes, linked accounts, password resets, recovery email/phone changes, two-factor authentication activation/deactivation, and date/time stamps for such events;

- All preservation/retention and privacy settings, including changes in settings and the dates on which they occurred. This includes, but is not limited to, records of content

deletion events or disappearing content settings, including when disappearing timers were enabled/modified and their durations, and date/time of content deletions (if maintained).

- Any preservation requests, legal process logs, or legal holds relating to the account, including the date of receipt of legal process and the categories of information preserved;

- Payment and billing records (if any), including payment method type (with masked numbers only), billing address, dates of payments, subscription status, and transaction logs, excluding full financial account numbers.

Exhibit 1

| Name | Employer | Associated Phone Numbers | Associated Email Addresses | Associated Usernames |
|---|---|---|---|---|
| Akosa Akpom | TKO Operating Company, LLC | | | |
| David Avery | TKO Operating Company, LLC | | | |
| Denitza Batchvarova | Zuffa, LLC | | | |
| Nakisa Bidarian | Zuffa, LLC | | | |
| Tracey Bleczinski | TKO Operating Company, LLC | | | |
| Craig Borsari | Zuffa, LLC | | | |
| Hunter Campbell | Zuffa, LLC | | | |
| Deborah Cook | TKO Operating Company, LLC | | | |
| Peter Dropick | Zuffa, LLC | | | |
| Ariel Emanuel | Endeavor Group Holdings, Inc.; TKO Operating Company, LLC | | | |
| Lawrence "Ike" Epstein | Zuffa, LLC | | | |
| Chadwick Hurley | Zuffa, LLC | | | |
| Tracy Long | Zuffa, LLC | | | |
| Jason Lublin | Endeavor Group Holdings, Inc. | | | |
| Michael "Mick" Maynard | Zuffa, LLC | | | |
| Michael Mossholder | Zuffa, LLC | | | |
| Grant Norris-Jones | TKO Operating Company, LLC | | | |
| Brittany Santypal | TKO Operating Company, LLC | | | |
| Andrew Schleimer | Zuffa, LLC | | | |
| Mark Shapiro | Endeavor Group Holdings, Inc.; TKO Operating Company, LLC | | | |
| David Shaw | TKO Operating Company, LLC | | | |
| Sean Shelby | Zuffa, LLC | | | |
| Joe Silva | Zuffa, LLC; TKO Operating Company, LLC | | | |
| Dana White | Zuffa, LLC; TKO Operating Company, LLC | | | |

| | |
|---|---|
| Seth Zaslow | TKO Operating Company, LLC |
| Marshall Zelaznik | Zuffa, LLC; TKO Operating Company, LLC |
| Albert Acosta | Endeavor Group Holdings, Inc. |
| Olsvaldo Arias | Zuffa, LLC; TKO Operating Company, LLC |
| Tony Barboza | Zuffa, LLC; TKO Operating Company, LLC |
| Buffey Curtis | Zuffa, LLC; TKO Operating Company, LLC |
| Nichole Durand | Zuffa, LLC; TKO Operating Company, LLC |
| Egon Durban | Zuffa, LLC; TKO Operating Company, LLC |
| Jamie Euster | Endeavor Group Holdings, Inc. |
| Keith Friedenberg | Endeavor Group Holdings, Inc. |
| Graham Fry | Endeavor Group Holdings, Inc. |
| Tim Gardner | Endeavor Group Holdings, Inc. |
| Rami Genauer | Zuffa, LLC; TKO Operating Company, LLC |
| Christoph Goessing | Zuffa, LLC; TKO Operating Company, LLC |
| Krista Hall | Zuffa, LLC; TKO Operating Company, LLC |
| Reed Harris | Zuffa, LLC; TKO Operating Company, LLC |
| Shane Kapral | Zuffa, LLC; TKO Operating Company, LLC |
| Seth Krauss | Endeavor Group Holdings, Inc. & Zuffa, LLC; TKO Operating Company, LLC |
| Ajay Madkekar | Endeavor Group Holdings, Inc. |
| David Phillips | Endeavor Group Holdings, Inc. |
| Chris Provino | Zuffa, LLC; TKO Operating Company, LLC |

| | |
|---|---|
| Marc Ratner | Zuffa, LLC; TKO Operating Company, LLC |
| Zack Rose | Endeavor Group Holdings, Inc. |
| Jonathan Shin | Zuffa, LLC; TKO Operating Company, LLC |
| Brandon Stuckenberg | Zuffa, LLC; TKO Operating Company, LLC |
| Robert Crowley Sullivan | Zuffa, LLC; TKO Operating Company, LLC |
| Blake Ulrich | Endeavor Group Holdings, Inc. |
| Marc Webster | Endeavor Group Holdings, Inc. |
| Patrick Whitesell | Zuffa, LLC; TKO Operating Company, LLC |
| Matt Woodmancy | Endeavor Group Holdings, Inc. |
| Chika Yoshinaga | Zuffa, LLC; TKO Operating Company, LLC |
| Nick Zombolas | Zuffa, LLC; TKO Operating Company, LLC |
| Sam Zussman | Endeavor Group Holdings, Inc. |

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of Nevada

| | | |
|---|---|---|
| Johnson et al. | ) | |
| _____ | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  2:21-cv-01189-RFB-BNW |
| Zuffa, LLC dba Ultimate Fighting Championship et al. | ) | |
| _____ | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                      TikTok Inc.
c/o CSC - LAWYERS INCORPORATING SERVICE  2710 GATEWAY OAKS DRIVE  SACRAMENTO, CA 95834

_____
*(Name of person to whom this subpoena is directed)*

**X** *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
| BERGER MONTAGUE 505 Montgomery Street Suite 625 San Francisco, CA 94111 | 1/17/2026 5:00 pm |

  ' *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    12/17/2025

| *CLERK OF COURT* | OR | |
|---|---|---|
| | | /s/ Daniel Gifford |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Plaintiffs Kajan Johnson, Clarence Dollaway, and Tristan Connelly_____, who issues or requests this subpoena, are:
Daniel Gifford; 88 Pine Street, 14th Floor, New York, NY 10005; dgifford@cohenmilstein.com; (212) 838-7797

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:21-cv-01189-RFB-BNW

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                                    *Server's signature*

                                    _____
                                                    *Printed name and title*

                                    _____
                                                    *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      ( ) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (i) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (ii) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

### I. DEFINITIONS

1. The following rules of construction should apply to all discovery requests:

    a)  "**All**" should be construed to include the collective as well as the singular and shall mean "each," "any," and "every."

    b)  "**And**" and "or" should be construed so as to require the broadest possible response. If, for example, a request calls for information about "A or B" or "A and B," You should produce all information about A and all information about B, as well as all information about A and B collectively. In other words, "or" and "and" should be read as "and/or."

    c)  "**Any**" shall be construed to mean "any and all."

    d)  "**Including**" shall be construed to mean "without limitation." "Including" is used to emphasize certain types of documents requested and should not be construed as limiting the request in any way.

    e)  "**Relating to**," "**referring to**," "**regarding**," or "**with respect to**" mean, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

    f)  The use of the singular form of any word includes the plural and vice versa.

    g)  Unless otherwise indicated, the use of the present tense of any verb shall be construed to include the past tense going back to the beginning of the Relevant Time Period, and the use of the past tense shall be construed to run from the beginning of the Relevant Time Period through the present.

2. "**Actions**" means *Kajan Johnson, et al. v. Zuffa, LLC, et al.*, No. 2:21-cv-01189 (D. Nev.);

*Mikhail Cirkunovs v. Zuffa, LLC, et al.*, No. 2:25-cv-00914 (D. Nev.); and *Phil Davis v. Zuffa, LLC, et al.*, No. 2:25-cv-00946 (D. Nev.).

3.  "**Communication**" means without limitation, oral or written communications of any kind, such as electronic communications, direct communications through social media (including without limitation direct messaging, instant messaging, chatting or emailing within a social media platform), facsimiles, telephone communications, correspondence, exchange of written or recorded information, or face-to-face meetings. The phrase "communication between" is defined to include instances where one party addresses the other party but the other party does not necessarily respond. The phrase "communication" includes all attachments to e-mail messages.

4.  "**Date**" means the exact day, month, and year, if ascertainable, or the best available approximation, including any relationship to other known events (designate whether exact or approximate).

5.  "**Document(s)**" shall mean and include all "writings," "recordings" or "photographs" as those terms are defined in Federal Rule of Civil Procedure 34 and Rule 1001 of the Federal Rules of Evidence. Without limiting the generality of the foregoing, the term "Documents" includes both hard copy documents and electronically stored data files including but not limited to e-mail, instant messaging, social media content (including without limitation public content such as Tweets, YouTube submissions, Facebook posts, and posts to any public electronic billboard, as well as private content such as direct messaging, instant messaging, chats, and email), shared network files and databases. "Documents" also includes, without limitation and regardless of whether stored in hard copy or electronically, any letters, correspondence, memoranda, analyses, legal pleadings, calendars, diaries,

travel records, summaries, records of telephone conversations, telegrams, notes, reports, compilations, notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, audiotapes, film and sound reproductions, e-mails, internal or external web sites, audio or video discs data on magnetic or optical storage media (e.g., servers, storage area networks, interconnected remote servers (so-called "cloud computing"), hard drives, backup tapes, CDs, DVDs, Blu-ray, DVD-HD, USB/thumb/flash drives, floppy disks or any other type of portable storage device, etc.) stored as an "active" or backup file, in its native format, computer files, discs and drives, sales, advertising and promotional literature, agreements, stored recordings, minutes or other records of meetings, all written or graphic records or representations of any kind, and all mechanical or electronic data, records or representations of any kind.

6. "**Electronically Stored Information**," abbreviated as "**ESI**" has the same meaning and scope as it has in the Federal Rules of Civil Procedure and includes, without limitation, the following:

   a) structured and unstructured data, as those terms are defined in The Sedona Conference Glossary, available at www.thesedonaconference.org/publications;

   b) activity listings of electronic mail receipts and/or transmittals;

   c) output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, text messages (SMS, MMS or TMS), iMessages, Blackberry Messenger (BBM), AOL Instant MessengerTM (or similar program), social media (including without limitation Twitter, LinkedIn, YouTube, Facebook, Instagram, and

any other internet based messaging system) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

d) any and all items stored on computer memories, hard disks, floppy disks, CD discs, DVD discs, flash drives, thumb drives, memory cards, magnetic tape, microfiche, off-site interconnected servers (so-called "cloud computing"), or in any other vehicle for digital data storage and/or transmittal, such as, but not limited to, a personal digital assistant (*e.g.*, Blackberry, Smart Phone or similar device) and file folder tabs, and/or containers and labels appended to, or relating to, any physical storage device associated with each original and/or copy of all documents requested herein;

e) any and all items stored on voice-mail systems, websites, company intranet sites, chat rooms and social networking websites (*e.g.*, Facebook, LinkedIn, Twitter, and social websites listed at http://en.wikipedia.org/wiki/List of social networking websites); and

f) any and all data, data compilations, and data analyses.

7. "**Employee**" means, without limitation, any current or former officer, director, executive, manager, member, secretary, staff member, consultant, messenger, agent or other person who is or was employed by a Person or entity.

8. "**Identify**," when used in reference to an individual employee, means to produce documents sufficient to identify: the person's full name, last known business and home address; date of birth; social security number; title or position and period of service in each such position; immediate supervisor in each position; business and home telephone numbers (including voice, cellular and facsimile phone numbers) assigned to or used by

such person and the period during which such numbers were assigned to be used by that person; and business and home electronic mail identifiers and the period during which such identifiers were assigned to and used by that person.

9. "**Meeting**" means, without limitation, any assembly, convocation, encounter, or contemporaneous presence of two or more persons for any purpose, whether planned or arranged, scheduled or not. Meeting attendees may be present in person or by electronic means including, but not limited to, teleconference and videoconference.

10. "**Person**" means, without limitation, any natural person, corporation, partnership, limited liability company, proprietorship, joint venture, trust, association, government entity, group or other form of legal entity.

11. "**Plaintiffs**" means Kajan Johnson, Clarence Dollaway, Tristen Connelly, Mikhail Cirkunovs, Phil Davis, and any named plaintiffs in any subsequently filed Actions which are related to or consolidated with the Actions in the court with jurisdiction over the cases.

12. "**Possession, Custody or Control**" when referring to Documents or other tangible objects means any Document or other tangible object You have access to regardless of whether You have actual possession of the document or other tangible object. This includes Documents You have the legal right to obtain or for which You have control over the person who has control of the Document, including without limitation Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or Your attorneys or their agents, employees, representatives or investigators.

13. "**Social Media**" means any web-hosted applications that facilitate public posting of words, images or video and audio recordings, and private interactions such as private messaging or email, among users. Examples of Social Media include without limitation, Twitter,

Facebook, YouTube, Instagram, TikTok, WhatsApp, Signal, and Telegram.

14. "**You**," "**Your**," "**Your Company**" means TikTok Inc., individually, and TikTok Inc. and its predecessors, successors, subsidiaries, departments, divisions, affiliates, any organization or entity which TikTok Inc. has acquired, or with which TikTok Inc. has merged, and any organization or entity which TikTok Inc. manages, controls or has an ownership interest in, together with all current and former directors, officers, employees, agents, representatives or any persons acting or purporting to act on Your behalf.

15. "**Zuffa**," "**UFC**," or "**Defendant**" all mean Ultimate Fighting Championship, UFC, TKO Operating Company, LLC ("**TKO OpCo**") (f/k/a Zuffa Parent LLC), a Delaware limited liability company and the direct subsidiary of TKO Group Holdings, Inc., a Delaware corporation ("**TKO Group Holdings**"), Endeavor Group Holdings, Inc., a Delaware corporation ("**Endeavor**"), and all predecessors, successors, subsidiaries, departments, divisions, acquisitions, affiliates and any organization or entity TKO OpCo or TKO Group Holdings manages or controls, together with all present and former directors, members, officers, employees, agents, representatives or any persons acting or purporting to act on TKO OpCo's behalf including, without limitation, Ari Emanual, Dana White, Mark Shapiro, Patrick Whitsell, Ike Lawrence Epstein, Lorenzo Fertitta or Hunter Campbell.

## II. <u>INSTRUCTIONS</u>

1. In producing Documents, You are requested to furnish all Documents or things in Your possession, custody or control, regardless of the physical location of the Documents, or whether such Documents or other materials are possessed directly by You or Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates,

investigators, or by Your attorneys or their agents, employees, representatives or investigators.

2. If any document covered by these requests is withheld by reason of a claim of attorney-client privilege, attorney work product protection, or any other privilege or protection, please furnish a log providing the following information with respect to each such withheld document: date, author, recipients, general subject matter sufficient to make a prima facie determination whether the asserted privilege has been properly invoked, and legal basis upon which the document has been withheld.

3. In producing Documents, You are requested to produce the original of each Document requested, together with all non-identical copies and drafts of such Document. If the original of any Document cannot be located, a copy shall be produced in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

4. If any requested Document cannot be produced in full, You are to produce it to the extent possible, indicating which Document, or portion of such Document, is being withheld, and the reason that it is being withheld.

5. Documents not otherwise responsive to these Requests shall be produced if such Documents mention, discuss, refer to, or explain the Documents that are called for by these Requests, or if such Documents are attached to Documents called for by these Requests and constitute routing slips, transmittal memoranda, letters, cover sheets, comments, evaluation or similar materials.

6. All Documents shall be produced in the same order as they are kept or maintained by You in the ordinary course of Your business. If any Documents have been removed from the files in which they were found for purposes of producing them in response to these

Requests, indicate for each Document the file(s) in which the Document(s) was (or were) originally located.

7. If a Document once existed and has subsequently been lost, destroyed, or is otherwise missing, please provide sufficient information to identify the Document and state the details concerning its loss.

8. With respect to any Document maintained or stored electronically, please harvest it in a manner that maintains the integrity and readability of all data, including all metadata.

9. Unless otherwise agreed, all ESI should be produced in native format via a secure file transfer protocol, or on compact disc(s), DVD disc(s) or zip drives in the original electronic file format(s) of the Documents.

10. Please produce all Documents maintained or stored electronically in native, electronic format with all relevant metadata intact. Encrypted or password-protected documents should be produced in a form permitting them to be reviewed. You are also requested to immediately meet and confer regarding the manner in which You shall produce Documents stored electronically in order for the parties to try and reach agreement in this regard and avoid any unnecessary expense.

11. Please organize electronic Documents produced for inspection in the same manner that You store them (e.g., if maintained by a custodian, such as e-mail residing on an e-mail server, please organize documents for production by custodian; if maintained as a subfolder of "My Documents" on a custodian's hard drive, please organize documents for production by custodian with path information preserved, etc.).

12. All ESI should be produced in accordance with the attached Stipulated Order Re: Discovery of Electronically Stored Information.

13. Documents attached to each other should not be separated, including, but not limited to, hard-copy versions of Documents attached to hard-copy printouts of e-mails produced pursuant to these Requests.

14. At Your election, documents maintained or stored in paper, hard-copy form can be produced as searchable .PDF (i.e., portable document format files with embedded text) and in an appropriate and usable manner (e.g., by copying such data onto an external hard drive).

15. These requests require production of paper documents in the same form and same order as they are kept in the usual course of business, or organized and labeled to correspond with the requests set forth below. If You choose the former method, the documents are to be produced in the boxes, file folders, binders and other containers in which the documents are found. The titles, labels or other descriptions on the boxes, file folders, binders or other containers are to be left intact.

16. Documents stored as electronic data on magnetic, optical, or other storage media as "active" or "backup" files shall be produced in their native formats with any associated metadata.

17. To the extent responsive Documents reside on databases and other such systems and files, You are requested to produce the relevant database in useable form and/or permit access for inspection, review, and extraction of responsive information.

18. To the extent responsive Documents are in languages other than English, the parties shall meet and confer to discuss the format of production prior thereto.

19. No part of a document request shall be left unanswered merely because an objection was

interposed to another part of the document request.

20. If You object to any document request or subpart thereof, the objection shall state with specificity all grounds. Any ground not stated shall be waived.

21. If You are unable to answer any document request, the reasons for Your inability to answer shall be separately stated in detail for each document request.

22. Category headings herein are for convenience and should not be relied upon to modify, limit, alter or otherwise influence in any way how to interpret these document requests.

## III. RELEVANT TIME PERIOD

Unless otherwise noted herein, the relevant time period of these document requests is July 1, 2015, until the present (the "**Relevant Time Period**"). These document requests seek all responsive Documents created or generated during the Relevant Time Period, as well as responsive Documents created or generated outside the Relevant Time Period, but which contain information concerning the Relevant Time Period.

## IV.    **PRODUCTION REQUESTS**

REQUEST NO. 1.

Pursuant to 18 U.S.C. § 2702(c)(6), all non-content subscriber records and account information for the individuals listed in Exhibit 1.[1]

Subscriber records and account information should include, but are not limited to, the following:

- Subscriber registration information, including, but not limited to, full names; associated email addresses; associated telephone numbers; associated addresses; user IDs, usernames, or handles; and dates of birth (if collected);

- IP address logs and login/logout history, including the date/time stamps (with time zone); IP addresses; port numbers; and associated session identifiers for each successful or attempted login during the Relevant Time Period;

- All activity logs or log files for the accounts showing all user activities during the Relevant Period, excluding information that may contain content data. User activities include, without limitation:

  o Engaging in one-to-one and group messaging communications, including sender and recipient identifiers (e.g., user IDs/handles/phone numbers), group identifiers, date/time stamps (with time zone), delivery status, and message size/length, excluding message contents;

---

[1] Exhibit 1 contains potential login identifiers for the listed individuals but is non-exhaustive. Because the complete list of associated account information for each individual will be within Your possession, custody, and control, Plaintiffs respectfully request to meet and confer on this Request.

- o Engaging in one-to-one and group calls (voice/video), including caller/callee identifiers, date/time stamps (with time zone), call duration, and call disposition, excluding call contents;

- o Participating in group memberships, including group identifiers, group name, date/time of user joining/leaving, and group admin(s), excluding any content of group messages;

- o Uploading videos or other posts; making comments on other users' posts; reacting to other users' posts; saving or bookmarking other users' posts; messaging, following, or "friending" other users; participating in live chats; and/or utilizing other public or private social networking activities You facilitate, including the date, time, and user(s) associated with the individual's use of Your features.

- Device information, including device type, OS version, device identifiers (e.g., device tokens, serial numbers, advertising ID where applicable), app version, and date/time stamps of devices associated with each account;

- Current account status (active, deactivated, permanently deleted) and records identifying the creation, deletion, deactivation, or reactivation of each account, including date/time stamps and the method by which such action occurred;

- Other account changes and events, including username changes, profile changes, linked accounts, password resets, recovery email/phone changes, two-factor authentication activation/deactivation, and date/time stamps for such events;

- All preservation/retention and privacy settings, including changes in settings and the dates on which they occurred. This includes, but is not limited to, records of content

deletion events or disappearing content settings, including when disappearing timers were enabled/modified and their durations, and date/time of content deletions (if maintained).

- Any preservation requests, legal process logs, or legal holds relating to the account, including the date of receipt of legal process and the categories of information preserved;

- Payment and billing records (if any), including payment method type (with masked numbers only), billing address, dates of payments, subscription status, and transaction logs, excluding full financial account numbers.

Exhibit 1

| Name | Employer | Associated Phone Numbers | Associated Email Addresses | Associated Usernames |
|------|----------|--------------------------|----------------------------|----------------------|
| Akosa Akpom | TKO Operating Company, LLC | | | |
| David Avery | TKO Operating Company, LLC | | | |
| Denitza Batchvarova | Zuffa, LLC | | | |
| Nakisa Bidarian | Zuffa, LLC | | | |
| Tracey Bleczinski | TKO Operating Company, LLC | | | |
| Craig Borsari | Zuffa, LLC | | | |
| Hunter Campbell | Zuffa, LLC | | | |
| Deborah Cook | TKO Operating Company, LLC | | | |
| Peter Dropick | Zuffa, LLC | | | |
| Ariel Emanuel | Endeavor Group Holdings, Inc.; TKO Operating Company, LLC | | | |
| Lawrence "Ike" Epstein | Zuffa, LLC | | | |
| Chadwick Hurley | Zuffa, LLC | | | |
| Tracy Long | Zuffa, LLC | | | |
| Jason Lublin | Endeavor Group Holdings, Inc. | | | |
| Michael "Mick" Maynard | Zuffa, LLC | | | |
| Michael Mossholder | Zuffa, LLC | | | |
| Grant Norris-Jones | TKO Operating Company, LLC | | | |
| Brittany Santypal | TKO Operating Company, LLC | | | |
| Andrew Schleimer | Zuffa, LLC | | | |
| Mark Shapiro | Endeavor Group Holdings, Inc.; TKO Operating Company, LLC | | | |
| David Shaw | TKO Operating Company, LLC | | | |
| Sean Shelby | Zuffa, LLC | | | |
| Joe Silva | Zuffa, LLC; TKO Operating Company, LLC | | | |
| Dana White | Zuffa, LLC; TKO Operating Company, LLC | | | |

| | |
|---|---|
| Seth Zaslow | TKO Operating Company, LLC |
| Marshall Zelaznik | Zuffa, LLC; TKO Operating Company, LLC |
| Albert Acosta | Endeavor Group Holdings, Inc. |
| Olsvaldo Arias | Zuffa, LLC; TKO Operating Company, LLC |
| Tony Barboza | Zuffa, LLC; TKO Operating Company, LLC |
| Buffey Curtis | Zuffa, LLC; TKO Operating Company, LLC |
| Nichole Durand | Zuffa, LLC; TKO Operating Company, LLC |
| Egon Durban | Zuffa, LLC; TKO Operating Company, LLC |
| Jamie Euster | Endeavor Group Holdings, Inc. |
| Keith Friedenberg | Endeavor Group Holdings, Inc. |
| Graham Fry | Endeavor Group Holdings, Inc. |
| Tim Gardner | Endeavor Group Holdings, Inc. |
| Rami Genauer | Zuffa, LLC; TKO Operating Company, LLC |
| Christoph Goessing | Zuffa, LLC; TKO Operating Company, LLC |
| Krista Hall | Zuffa, LLC; TKO Operating Company, LLC |
| Reed Harris | Zuffa, LLC; TKO Operating Company, LLC |
| Shane Kapral | Zuffa, LLC; TKO Operating Company, LLC |
| Seth Krauss | Endeavor Group Holdings, Inc. & Zuffa, LLC; TKO Operating Company, LLC |
| Ajay Madkekar | Endeavor Group Holdings, Inc. |
| David Phillips | Endeavor Group Holdings, Inc. |
| Chris Provino | Zuffa, LLC; TKO Operating Company, LLC |

| | |
|---|---|
| Marc Ratner | Zuffa, LLC; TKO Operating Company, LLC |
| Zack Rose | Endeavor Group Holdings, Inc. |
| Jonathan Shin | Zuffa, LLC; TKO Operating Company, LLC |
| Brandon Stuckenberg | Zuffa, LLC; TKO Operating Company, LLC |
| Robert Crowley Sullivan | Zuffa, LLC; TKO Operating Company, LLC |
| Blake Ulrich | Endeavor Group Holdings, Inc. |
| Marc Webster | Endeavor Group Holdings, Inc. |
| Patrick Whitesell | Zuffa, LLC; TKO Operating Company, LLC |
| Matt Woodmancy | Endeavor Group Holdings, Inc. |
| Chika Yoshinaga | Zuffa, LLC; TKO Operating Company, LLC |
| Nick Zombolas | Zuffa, LLC; TKO Operating Company, LLC |
| Sam Zussman | Endeavor Group Holdings, Inc. |

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Nevada

| | |
|---|---|
| Phil Davis | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:25-cv-00946-RFB-BNW |
| Zuffa, LLC dba Ultimate Fighting Championship et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
TikTok Inc.
c/o CSC - LAWYERS INCORPORATING SERVICE  2710 GATEWAY OAKS DRIVE  SACRAMENTO, CA 95834

*(Name of person to whom this subpoena is directed)*

    *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place | Date and Time: |
|---|---|
| BERGER MONTAGUE 505 Montgomery Street Suite 625 San Francisco, CA 94111 | 1/17/2026 5:00 pm |

    *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   12/17/2025

        *CLERK OF COURT*
                                OR

                                                  /s/ Daniel Gifford

      *Signature of Clerk or Deputy Clerk*                      *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Plaintiff Phil Davis                                    , who issues or requests this subpoena, are:
Daniel Gifford; 88 Pine Street, 14th Floor, New York, NY 10005; dgifford@cohenmilstein.com; (212) 838-7797

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:25-cv-00946-RFB-BNW

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                          *Server's signature*

                                _____
                                          *Printed name and title*

                                _____
                                          *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (iii)       requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iv)       requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (v) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

### I. DEFINITIONS

1. The following rules of construction should apply to all discovery requests:

  a) "**All**" should be construed to include the collective as well as the singular and shall mean "each," "any," and "every."

  b) "**And**" and "or" should be construed so as to require the broadest possible response. If, for example, a request calls for information about "A or B" or "A and B," You should produce all information about A and all information about B, as well as all information about A and B collectively. In other words, "or" and "and" should be read as "and/or."

  c) "**Any**" shall be construed to mean "any and all."

  d) "**Including**" shall be construed to mean "without limitation." "Including" is used to emphasize certain types of documents requested and should not be construed as limiting the request in any way.

  e) "**Relating to**," "**referring to**," "**regarding**," or "**with respect to**" mean, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

  f) The use of the singular form of any word includes the plural and vice versa.

  g) Unless otherwise indicated, the use of the present tense of any verb shall be construed to include the past tense going back to the beginning of the Relevant Time Period, and the use of the past tense shall be construed to run from the beginning of the Relevant Time Period through the present.

2. "**Actions**" means *Kajan Johnson, et al. v. Zuffa, LLC, et al.*, No. 2:21-cv-01189 (D. Nev.);

*Mikhail Cirkunovs v. Zuffa, LLC, et al.*, No. 2:25-cv-00914 (D. Nev.); and *Phil Davis v. Zuffa, LLC, et al.*, No. 2:25-cv-00946 (D. Nev.).

3. "**Communication**" means without limitation, oral or written communications of any kind, such as electronic communications, direct communications through social media (including without limitation direct messaging, instant messaging, chatting or emailing within a social media platform), facsimiles, telephone communications, correspondence, exchange of written or recorded information, or face-to-face meetings. The phrase "communication between" is defined to include instances where one party addresses the other party but the other party does not necessarily respond. The phrase "communication" includes all attachments to e-mail messages.

4. "**Date**" means the exact day, month, and year, if ascertainable, or the best available approximation, including any relationship to other known events (designate whether exact or approximate).

5. "**Document(s)**" shall mean and include all "writings," "recordings" or "photographs" as those terms are defined in Federal Rule of Civil Procedure 34 and Rule 1001 of the Federal Rules of Evidence. Without limiting the generality of the foregoing, the term "Documents" includes both hard copy documents and electronically stored data files including but not limited to e-mail, instant messaging, social media content (including without limitation public content such as Tweets, YouTube submissions, Facebook posts, and posts to any public electronic billboard, as well as private content such as direct messaging, instant messaging, chats, and email), shared network files and databases. "Documents" also includes, without limitation and regardless of whether stored in hard copy or electronically, any letters, correspondence, memoranda, analyses, legal pleadings, calendars, diaries,

travel records, summaries, records of telephone conversations, telegrams, notes, reports, compilations, notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, audiotapes, film and sound reproductions, e-mails, internal or external web sites, audio or video discs data on magnetic or optical storage media (e.g., servers, storage area networks, interconnected remote servers (so-called "cloud computing") hard drives, backup tapes, CDs, DVDs, Blu-ray, DVD-HD, USB/thumb/flash drives, floppy disks or any other type of portable storage device, etc.) stored as an "active" or backup file, in its native format, computer files, discs and drives, sales, advertising and promotional literature, agreements, stored recordings, minutes or other records of meetings, all written or graphic records or representations of any kind, and all mechanical or electronic data, records or representations of any kind.

6. "**Electronically Stored Information**," abbreviated as "**ESI**" has the same meaning and scope as it has in the Federal Rules of Civil Procedure and includes, without limitation, the following:

   a) structured and unstructured data, as those terms are defined in The Sedona Conference Glossary, available at www.thesedonaconference.org/publications;

   b) activity listings of electronic mail receipts and/or transmittals;

   c) output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, text messages (SMS, MMS or TMS), iMessages, Blackberry Messenger (BBM), AOL Instant MessengerTM (or similar program), social media (including without limitation Twitter, LinkedIn, YouTube, Facebook, Instagram, and

any other internet based messaging system) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

d) any and all items stored on computer memories, hard disks, floppy disks, CD discs, DVD discs, flash drives, thumb drives, memory cards, magnetic tape, microfiche, off-site interconnected servers (so-called "cloud computing"), or in any other vehicle for digital data storage and/or transmittal, such as, but not limited to, a personal digital assistant (*e.g.*, Blackberry, Smart Phone or similar device) and file folder tabs, and/or containers and labels appended to, or relating to, any physical storage device associated with each original and/or copy of all documents requested herein;

e) any and all items stored on voice-mail systems, websites, company intranet sites, chat rooms and social networking websites (*e.g.*, Facebook, LinkedIn, Twitter, and social websites listed at http://en.wikipedia.org/wiki/List of social networking websites); and

f) any and all data, data compilations, and data analyses.

7. "**Employee**" means, without limitation, any current or former officer, director, executive, manager, member, secretary, staff member, consultant, messenger, agent or other person who is or was employed by a Person or entity.

8. "**Identify**," when used in reference to an individual employee, means to produce documents sufficient to identify: the person's full name, last known business and home address; date of birth; social security number; title or position and period of service in each such position; immediate supervisor in each position; business and home telephone numbers (including voice, cellular and facsimile phone numbers) assigned to or used by

such person and the period during which such numbers were assigned to be used by that
person; and business and home electronic mail identifiers and the period during which such
identifiers were assigned to and used by that person.

9. "**Meeting**" means, without limitation, any assembly, convocation, encounter, or
contemporaneous presence of two or more persons for any purpose, whether planned or
arranged, scheduled or not. Meeting attendees may be present in person or by electronic
means including, but not limited to, teleconference and videoconference.

10. "**Person**" means, without limitation, any natural person, corporation, partnership, limited
liability company, proprietorship, joint venture, trust, association, government entity,
group or other form of legal entity.

11. "**Plaintiffs**" means Kajan Johnson, Clarence Dollaway, Tristen Connelly, Mikhail Cirkunovs,
Phil Davis, and any named plaintiffs in any subsequently filed Actions which are related to or
consolidated with the Actions in the court with jurisdiction over the cases.

12. "**Possession, Custody or Control**" when referring to Documents or other tangible objects
means any Document or other tangible object You have access to regardless of whether You
have actual possession of the document or other tangible object. This includes Documents
You have the legal right to obtain or for which You have control over the person who has
control of the Document, including without limitation Your directors, officers, agents,
employees, representatives, subsidiaries, managing agents, affiliates, investigators, or Your
attorneys or their agents, employees, representatives or investigators.

13. "**Social Media**" means any web-hosted applications that facilitate public posting of words,
images or video and audio recordings, and private interactions such as private messaging or
email, among users. Examples of Social Media include without limitation, Twitter,

Facebook, YouTube, Instagram, TikTok, WhatsApp, Signal, and Telegram.

14. "**You**," "**Your**," "**Your Company**" means TikTok Inc., individually, and TikTok Inc. and its predecessors, successors, subsidiaries, departments, divisions, affiliates, any organization or entity which TikTok Inc. has acquired, or with which TikTok Inc. has merged, and any organization or entity which TikTok Inc. manages, controls or has an ownership interest in, together with all current and former directors, officers, employees, agents, representatives or any persons acting or purporting to act on Your behalf.

15. "**Zuffa**," "**UFC**," or "**Defendant**" all mean Ultimate Fighting Championship, UFC, TKO Operating Company, LLC ("**TKO OpCo**") (f/k/a Zuffa Parent LLC), a Delaware limited liability company and the direct subsidiary of TKO Group Holdings, Inc., a Delaware corporation ("**TKO Group Holdings**"), Endeavor Group Holdings, Inc., a Delaware corporation ("**Endeavor**"), and all predecessors, successors, subsidiaries, departments, divisions, acquisitions, affiliates and any organization or entity TKO OpCo or TKO Group Holdings manages or controls, together with all present and former directors, members, officers, employees, agents, representatives or any persons acting or purporting to act on TKO OpCo's behalf including, without limitation, Ari Emanual, Dana White, Mark Shapiro, Patrick Whitsell, Ike Lawrence Epstein, Lorenzo Fertitta or Hunter Campbell.

## II. <u>INSTRUCTIONS</u>

1. In producing Documents, You are requested to furnish all Documents or things in Your possession, custody or control, regardless of the physical location of the Documents, or whether such Documents or other materials are possessed directly by You or Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates,

investigators, or by Your attorneys or their agents, employees, representatives or investigators.

2.  If any document covered by these requests is withheld by reason of a claim of attorney-client privilege, attorney work product protection, or any other privilege or protection, please furnish a log providing the following information with respect to each such withheld document: date, author, recipients, general subject matter sufficient to make a prima facie determination whether the asserted privilege has been properly invoked, and legal basis upon which the document has been withheld.

3.  In producing Documents, You are requested to produce the original of each Document requested, together with all non-identical copies and drafts of such Document. If the original of any Document cannot be located, a copy shall be produced in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

4.  If any requested Document cannot be produced in full, You are to produce it to the extent possible, indicating which Document, or portion of such Document, is being withheld, and the reason that it is being withheld.

5.  Documents not otherwise responsive to these Requests shall be produced if such Documents mention, discuss, refer to, or explain the Documents that are called for by these Requests, or if such Documents are attached to Documents called for by these Requests and constitute routing slips, transmittal memoranda, letters, cover sheets, comments, evaluation or similar materials.

6.  All Documents shall be produced in the same order as they are kept or maintained by You in the ordinary course of Your business. If any Documents have been removed from the files in which they were found for purposes of producing them in response to these

Requests, indicate for each Document the file(s) in which the Document(s) was (or were) originally located.

7. If a Document once existed and has subsequently been lost, destroyed, or is otherwise missing, please provide sufficient information to identify the Document and state the details concerning its loss.

8. With respect to any Document maintained or stored electronically, please harvest it in a manner that maintains the integrity and readability of all data, including all metadata.

9. Unless otherwise agreed, all ESI should be produced in native format via a secure file transfer protocol, or on compact disc(s), DVD disc(s) or zip drives in the original electronic file format(s) of the Documents.

10. Please produce all Documents maintained or stored electronically in native, electronic format with all relevant metadata intact. Encrypted or password-protected documents should be produced in a form permitting them to be reviewed. You are also requested to immediately meet and confer regarding the manner in which You shall produce Documents stored electronically in order for the parties to try and reach agreement in this regard and avoid any unnecessary expense.

11. Please organize electronic Documents produced for inspection in the same manner that You store them (e.g., if maintained by a custodian, such as e-mail residing on an e-mail server, please organize documents for production by custodian; if maintained as a subfolder of "My Documents" on a custodian's hard drive, please organize documents for production by custodian with path information preserved, etc.).

12. All ESI should be produced in accordance with the attached Stipulated Order Re: Discovery of Electronically Stored Information.

13. Documents attached to each other should not be separated, including, but not limited to, hard-copy versions of Documents attached to hard-copy printouts of e-mails produced pursuant to these Requests.

14. At Your election, documents maintained or stored in paper, hard-copy form can be produced as searchable .PDF (i.e., portable document format files with embedded text) and in an appropriate and usable manner (e.g., by copying such data onto an external hard drive).

15. These requests require production of paper documents in the same form and same order as they are kept in the usual course of business, or organized and labeled to correspond with the requests set forth below. If You choose the former method, the documents are to be produced in the boxes, file folders, binders and other containers in which the documents are found. The titles, labels or other descriptions on the boxes, file folders, binders or other containers are to be left intact.

16. Documents stored as electronic data on magnetic, optical, or other storage media as "active" or "backup" files shall be produced in their native formats with any associated metadata.

17. To the extent responsive Documents reside on databases and other such systems and files, You are requested to produce the relevant database in useable form and/or permit access for inspection, review, and extraction of responsive information.

18. To the extent responsive Documents are in languages other than English, the parties shall meet and confer to discuss the format of production prior thereto.

19. No part of a document request shall be left unanswered merely because an objection was

9 of 13

interposed to another part of the document request.

20. If You object to any document request or subpart thereof, the objection shall state with specificity all grounds. Any ground not stated shall be waived.

21. If You are unable to answer any document request, the reasons for Your inability to answer shall be separately stated in detail for each document request.

22. Category headings herein are for convenience and should not be relied upon to modify, limit, alter or otherwise influence in any way how to interpret these document requests.

## III. RELEVANT TIME PERIOD

Unless otherwise noted herein, the relevant time period of these document requests is July 1, 2015, until the present (the "**Relevant Time Period**"). These document requests seek all responsive Documents created or generated during the Relevant Time Period, as well as responsive Documents created or generated outside the Relevant Time Period, but which contain information concerning the Relevant Time Period.

## IV.    <u>PRODUCTION REQUESTS</u>

<u>REQUEST NO. 1.</u>

Pursuant to 18 U.S.C. § 2702(c)(6), all non-content subscriber records and account information for the individuals listed in Exhibit 1.[1]

Subscriber records and account information should include, but are not limited to, the following:

- Subscriber registration information, including, but not limited to, full names; associated email addresses; associated telephone numbers; associated addresses; user IDs, usernames, or handles; and dates of birth (if collected);

- IP address logs and login/logout history, including the date/time stamps (with time zone); IP addresses; port numbers; and associated session identifiers for each successful or attempted login during the Relevant Time Period;

- All activity logs or log files for the accounts showing all user activities during the Relevant Period, excluding information that may contain content data. User activities include, without limitation:

    o Engaging in one-to-one and group messaging communications, including sender and recipient identifiers (e.g., user IDs/handles/phone numbers), group identifiers, date/time stamps (with time zone), delivery status, and message size/length, excluding message contents;

---

[1] Exhibit 1 contains potential login identifiers for the listed individuals but is non-exhaustive. Because the complete list of associated account information for each individual will be within Your possession, custody, and control, Plaintiffs respectfully request to meet and confer on this Request.

- o   Engaging in one-to-one and group calls (voice/video), including caller/callee identifiers, date/time stamps (with time zone), call duration, and call disposition, excluding call contents;

- o   Participating in group memberships, including group identifiers, group name, date/time of user joining/leaving, and group admin(s), excluding any content of group messages;

- o   Uploading videos or other posts; making comments on other users' posts; reacting to other users' posts; saving or bookmarking other users' posts; messaging, following, or "friending" other users; participating in live chats; and/or utilizing other public or private social networking activities You facilitate, including the date, time, and user(s) associated with the individual's use of Your features.

- Device information, including device type, OS version, device identifiers (e.g., device tokens, serial numbers, advertising ID where applicable), app version, and date/time stamps of devices associated with each account;

- Current account status (active, deactivated, permanently deleted) and records identifying the creation, deletion, deactivation, or reactivation of each account, including date/time stamps and the method by which such action occurred;

- Other account changes and events, including username changes, profile changes, linked accounts, password resets, recovery email/phone changes, two-factor authentication activation/deactivation, and date/time stamps for such events;

- All preservation/retention and privacy settings, including changes in settings and the dates on which they occurred. This includes, but is not limited to, records of content

deletion events or disappearing content settings, including when disappearing timers were enabled/modified and their durations, and date/time of content deletions (if maintained).

- Any preservation requests, legal process logs, or legal holds relating to the account, including the date of receipt of legal process and the categories of information preserved;

- Payment and billing records (if any), including payment method type (with masked numbers only), billing address, dates of payments, subscription status, and transaction logs, excluding full financial account numbers.

Exhibit 1

| Name | Employer | Associated Phone Numbers | Associated Email Addresses | Associated Usernames |
|---|---|---|---|---|
| Akosa Akpom | TKO Operating Company, LLC | | | |
| David Avery | TKO Operating Company, LLC | | | |
| Denitza Batchvarova | Zuffa, LLC | | | |
| Nakisa Bidarian | Zuffa, LLC | | | |
| Tracey Bleczinski | TKO Operating Company, LLC | | | |
| Craig Borsari | Zuffa, LLC | | | |
| Hunter Campbell | Zuffa, LLC | | | |
| Deborah Cook | TKO Operating Company, LLC | | | |
| Peter Dropick | Zuffa, LLC | | | |
| Ariel Emanuel | Endeavor Group Holdings, Inc.; TKO Operating Company, LLC | | | |
| Lawrence "Ike" Epstein | Zuffa, LLC | | | |
| Chadwick Hurley | Zuffa, LLC | | | |
| Tracy Long | Zuffa, LLC | | | |
| Jason Lublin | Endeavor Group Holdings, Inc. | | | |
| Michael "Mick" Maynard | Zuffa, LLC | | | |
| Michael Mossholder | Zuffa, LLC | | | |
| Grant Norris-Jones | TKO Operating Company, LLC | | | |
| Brittany Santypal | TKO Operating Company, LLC | | | |
| Andrew Schleimer | Zuffa, LLC | | | |
| Mark Shapiro | Endeavor Group Holdings, Inc.; TKO Operating Company, LLC | | | |
| David Shaw | TKO Operating Company, LLC | | | |
| Sean Shelby | Zuffa, LLC | | | |
| Joe Silva | Zuffa, LLC; TKO Operating Company, LLC | | | |
| Dana White | Zuffa, LLC; TKO Operating Company, LLC | | | |

| | |
|---|---|
| Seth Zaslow | TKO Operating Company, LLC |
| Marshall Zelaznik | Zuffa, LLC; TKO Operating Company, LLC |
| Albert Acosta | Endeavor Group Holdings, Inc. |
| Olsvaldo Arias | Zuffa, LLC; TKO Operating Company, LLC |
| Tony Barboza | Zuffa, LLC; TKO Operating Company, LLC |
| Buffey Curtis | Zuffa, LLC; TKO Operating Company, LLC |
| Nichole Durand | Zuffa, LLC; TKO Operating Company, LLC |
| Egon Durban | Zuffa, LLC; TKO Operating Company, LLC |
| Jamie Euster | Endeavor Group Holdings, Inc. |
| Keith Friedenberg | Endeavor Group Holdings, Inc. |
| Graham Fry | Endeavor Group Holdings, Inc. |
| Tim Gardner | Endeavor Group Holdings, Inc. |
| Rami Genauer | Zuffa, LLC; TKO Operating Company, LLC |
| Christoph Goessing | Zuffa, LLC; TKO Operating Company, LLC |
| Krista Hall | Zuffa, LLC; TKO Operating Company, LLC |
| Reed Harris | Zuffa, LLC; TKO Operating Company, LLC |
| Shane Kapral | Zuffa, LLC; TKO Operating Company, LLC |
| Seth Krauss | Endeavor Group Holdings, Inc. & Zuffa, LLC; TKO Operating Company, LLC |
| Ajay Madkekar | Endeavor Group Holdings, Inc. |
| David Phillips | Endeavor Group Holdings, Inc. |
| Chris Provino | Zuffa, LLC; TKO Operating Company, LLC |

| | | |
|---|---|---|
| Marc Ratner | Zuffa, LLC; TKO Operating Company, LLC | |
| Zack Rose | Endeavor Group Holdings, Inc. | |
| Jonathan Shin | Zuffa, LLC; TKO Operating Company, LLC | |
| Brandon Stuckenberg | Zuffa, LLC; TKO Operating Company, LLC | |
| Robert Crowley Sullivan | Zuffa, LLC; TKO Operating Company, LLC | |
| Blake Ulrich | Endeavor Group Holdings, Inc. | |
| Marc Webster | Endeavor Group Holdings, Inc. | |
| Patrick Whitesell | Zuffa, LLC; TKO Operating Company, LLC | |
| Matt Woodmancy | Endeavor Group Holdings, Inc. | |
| Chika Yoshinaga | Zuffa, LLC; TKO Operating Company, LLC | |
| Nick Zombolas | Zuffa, LLC; TKO Operating Company, LLC | |
| Sam Zussman | Endeavor Group Holdings, Inc. | |

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Nevada

| | |
|---|---|
| Mikhail Cirkunovs | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No. 2:25-cv-00914-RFB-BNW |
| Zuffa, LLC dba Ultimate Fighting Championship et al. | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                    TikTok Inc.
c/o CSC - LAWYERS INCORPORATING SERVICE 2710 GATEWAY OAKS DRIVE SACRAMENTO, CA 95834

_(Name of person to whom this subpoena is directed)_

❧ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place    BERGER MONTAGUE 505 Montgomery Street Suite 625 San Francisco, CA 94111 | Date and Time:    1/17/2026 5:00 pm |
|---|---|

❧ _Inspection of Premises_: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    12/17/2025

CLERK OF COURT

                                    OR

_____          _/s/ Daniel Gifford_____
_Signature of Clerk or Deputy Clerk_                  _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_
Plaintiff Mikhail Cirkunovs                                    , who issues or requests this subpoena, are:
Daniel Gifford; 88 Pine Street, 14th Floor, New York, NY 10005; dgifford@cohenmilstein.com; (212) 838-7797

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:25-cv-00914-RFB-BNW

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $        0.00        .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
  (A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (iii)           requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iv)           requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (v) subjects a person to undue burden.
  (B) When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## <u>SCHEDULE A</u>

### I. <u>DEFINITIONS</u>

1. The following rules of construction should apply to all discovery requests:

    a) "**All**" should be construed to include the collective as well as the singular and shall mean "each," "any," and "every."

    b) "**And**" and "or" should be construed so as to require the broadest possible response. If, for example, a request calls for information about "A or B" or "A and B," You should produce all information about A and all information about B, as well as all information about A and B collectively. In other words, "or" and "and" should be read as "and/or."

    c) "**Any**" shall be construed to mean "any and all."

    d) "**Including**" shall be construed to mean "without limitation." "Including" is used to emphasize certain types of documents requested and should not be construed as limiting the request in any way.

    e) "**Relating to**," "**referring to**," "**regarding**," or "**with respect to**" mean, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

    f) The use of the singular form of any word includes the plural and vice versa.

    g) Unless otherwise indicated, the use of the present tense of any verb shall be construed to include the past tense going back to the beginning of the Relevant Time Period, and the use of the past tense shall be construed to run from the beginning of the Relevant Time Period through the present.

2. "**Actions**" means *Kajan Johnson, et al. v. Zuffa, LLC, et al.*, No. 2:21-cv-01189 (D. Nev.);

*Mikhail Cirkunovs v. Zuffa, LLC, et al.*, No. 2:25-cv-00914 (D. Nev.); and *Phil Davis v. Zuffa, LLC, et al.*, No. 2:25-cv-00946 (D. Nev.).

3. "**Communication**" means without limitation, oral or written communications of any kind, such as electronic communications, direct communications through social media (including without limitation direct messaging, instant messaging, chatting or emailing within a social media platform), facsimiles, telephone communications, correspondence, exchange of written or recorded information, or face-to-face meetings. The phrase "communication between" is defined to include instances where one party addresses the other party but the other party does not necessarily respond. The phrase "communication" includes all attachments to e-mail messages.

4. "**Date**" means the exact day, month, and year, if ascertainable, or the best available approximation, including any relationship to other known events (designate whether exact or approximate).

5. "**Document(s)**" shall mean and include all "writings," "recordings" or "photographs" as those terms are defined in Federal Rule of Civil Procedure 34 and Rule 1001 of the Federal Rules of Evidence. Without limiting the generality of the foregoing, the term "Documents" includes both hard copy documents and electronically stored data files including but not limited to e-mail, instant messaging, social media content (including without limitation public content such as Tweets, YouTube submissions, Facebook posts, and posts to any public electronic billboard, as well as private content such as direct messaging, instant messaging, chats, and email), shared network files and databases. "Documents" also includes, without limitation and regardless of whether stored in hard copy or electronically, any letters, correspondence, memoranda, analyses, legal pleadings, calendars, diaries,

travel records, summaries, records of telephone conversations, telegrams, notes, reports, compilations, notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, audiotapes, film and sound reproductions, e-mails, internal or external web sites, audio or video discs data on magnetic or optical storage media (e.g., servers, storage area networks, interconnected remote servers (so-called "cloud computing"), hard drives, backup tapes, CDs, DVDs, Blu-ray, DVD-HD, USB/thumb/flash drives, floppy disks or any other type of portable storage device, etc.) stored as an "active" or backup file, in its native format, computer files, discs and drives, sales, advertising and promotional literature, agreements, stored recordings, minutes or other records of meetings, all written or graphic records or representations of any kind, and all mechanical or electronic data, records or representations of any kind.

6. "**Electronically Stored Information**," abbreviated as "**ESI**" has the same meaning and scope as it has in the Federal Rules of Civil Procedure and includes, without limitation, the following:

   a) structured and unstructured data, as those terms are defined in The Sedona Conference Glossary, available at www.thesedonaconference.org/publications;

   b) activity listings of electronic mail receipts and/or transmittals;

   c) output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, text messages (SMS, MMS or TMS), iMessages, Blackberry Messenger (BBM), AOL Instant MessengerTM (or similar program), social media (including without limitation Twitter, LinkedIn, YouTube, Facebook, Instagram, and

any other internet based messaging system) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

d)  any and all items stored on computer memories, hard disks, floppy disks, CD discs, DVD discs, flash drives, thumb drives, memory cards, magnetic tape, microfiche, off-site interconnected servers (so-called "cloud computing"), or in any other vehicle for digital data storage and/or transmittal, such as, but not limited to, a personal digital assistant (*e.g.*, Blackberry, Smart Phone or similar device) and file folder tabs, and/or containers and labels appended to, or relating to, any physical storage device associated with each original and/or copy of all documents requested herein;

e)  any and all items stored on voice-mail systems, websites, company intranet sites, chat rooms and social networking websites (*e.g.*, Facebook, LinkedIn, Twitter, and social websites listed at http://en.wikipedia.org/wiki/List of social networking websites); and

f)  any and all data, data compilations, and data analyses.

7.  "**Employee**" means, without limitation, any current or former officer, director, executive, manager, member, secretary, staff member, consultant, messenger, agent or other person who is or was employed by a Person or entity.

8.  "**Identify**," when used in reference to an individual employee, means to produce documents sufficient to identify: the person's full name, last known business and home address; date of birth; social security number; title or position and period of service in each such position; immediate supervisor in each position; business and home telephone numbers (including voice, cellular and facsimile phone numbers) assigned to or used by

such person and the period during which such numbers were assigned to be used by that person; and business and home electronic mail identifiers and the period during which such identifiers were assigned to and used by that person.

9. "**Meeting**" means, without limitation, any assembly, convocation, encounter, or contemporaneous presence of two or more persons for any purpose, whether planned or arranged, scheduled or not. Meeting attendees may be present in person or by electronic means including, but not limited to, teleconference and videoconference.

10. "**Person**" means, without limitation, any natural person, corporation, partnership, limited liability company, proprietorship, joint venture, trust, association, government entity, group or other form of legal entity.

11. "**Plaintiffs**" means Kajan Johnson, Clarence Dollaway, Tristen Connelly, Mikhail Cirkunovs, Phil Davis, and any named plaintiffs in any subsequently filed Actions which are related to or consolidated with the Actions in the court with jurisdiction over the cases.

12. "**Possession, Custody or Control**" when referring to Documents or other tangible objects means any Document or other tangible object You have access to regardless of whether You have actual possession of the document or other tangible object. This includes Documents You have the legal right to obtain or for which You have control over the person who has control of the Document, including without limitation Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or Your attorneys or their agents, employees, representatives or investigators.

13. "**Social Media**" means any web-hosted applications that facilitate public posting of words, images or video and audio recordings, and private interactions such as private messaging or email, among users. Examples of Social Media include without limitation, Twitter,

Facebook, YouTube, Instagram, TikTok, WhatsApp, Signal, and Telegram.

14. "**You**," "**Your**," "**Your Company**" means TikTok Inc., individually, and TikTok Inc. and its predecessors, successors, subsidiaries, departments, divisions, affiliates, any organization or entity which TikTok Inc. has acquired, or with which TikTok Inc. has merged, and any organization or entity which TikTok Inc. manages, controls or has an ownership interest in, together with all current and former directors, officers, employees, agents, representatives or any persons acting or purporting to act on Your behalf.

15. "**Zuffa**," "**UFC**," or "**Defendant**" all mean Ultimate Fighting Championship, UFC, TKO Operating Company, LLC ("**TKO OpCo**") (f/k/a Zuffa Parent LLC), a Delaware limited liability company and the direct subsidiary of TKO Group Holdings, Inc., a Delaware corporation ("**TKO Group Holdings**"), Endeavor Group Holdings, Inc., a Delaware corporation ("**Endeavor**"), and all predecessors, successors, subsidiaries, departments, divisions, acquisitions, affiliates and any organization or entity TKO OpCo or TKO Group Holdings manages or controls, together with all present and former directors, members, officers, employees, agents, representatives or any persons acting or purporting to act on TKO OpCo's behalf including, without limitation, Ari Emanual, Dana White, Mark Shapiro, Patrick Whitsell, Ike Lawrence Epstein, Lorenzo Fertitta or Hunter Campbell.

## II. INSTRUCTIONS

1. In producing Documents, You are requested to furnish all Documents or things in Your possession, custody or control, regardless of the physical location of the Documents, or whether such Documents or other materials are possessed directly by You or Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates,

investigators, or by Your attorneys or their agents, employees, representatives or investigators.

2. If any document covered by these requests is withheld by reason of a claim of attorney-client privilege, attorney work product protection, or any other privilege or protection, please furnish a log providing the following information with respect to each such withheld document: date, author, recipients, general subject matter sufficient to make a prima facie determination whether the asserted privilege has been properly invoked, and legal basis upon which the document has been withheld.

3. In producing Documents, You are requested to produce the original of each Document requested, together with all non-identical copies and drafts of such Document. If the original of any Document cannot be located, a copy shall be produced in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

4. If any requested Document cannot be produced in full, You are to produce it to the extent possible, indicating which Document, or portion of such Document, is being withheld, and the reason that it is being withheld.

5. Documents not otherwise responsive to these Requests shall be produced if such Documents mention, discuss, refer to, or explain the Documents that are called for by these Requests, or if such Documents are attached to Documents called for by these Requests and constitute routing slips, transmittal memoranda, letters, cover sheets, comments, evaluation or similar materials.

6. All Documents shall be produced in the same order as they are kept or maintained by You in the ordinary course of Your business. If any Documents have been removed from the files in which they were found for purposes of producing them in response to these

Requests, indicate for each Document the file(s) in which the Document(s) was (or were) originally located.

7. If a Document once existed and has subsequently been lost, destroyed, or is otherwise missing, please provide sufficient information to identify the Document and state the details concerning its loss.

8. With respect to any Document maintained or stored electronically, please harvest it in a manner that maintains the integrity and readability of all data, including all metadata.

9. Unless otherwise agreed, all ESI should be produced in native format via a secure file transfer protocol, or on compact disc(s), DVD disc(s) or zip drives in the original electronic file format(s) of the Documents.

10. Please produce all Documents maintained or stored electronically in native, electronic format with all relevant metadata intact. Encrypted or password-protected documents should be produced in a form permitting them to be reviewed. You are also requested to immediately meet and confer regarding the manner in which You shall produce Documents stored electronically in order for the parties to try and reach agreement in this regard and avoid any unnecessary expense.

11. Please organize electronic Documents produced for inspection in the same manner that You store them (e.g., if maintained by a custodian, such as e-mail residing on an e-mail server, please organize documents for production by custodian; if maintained as a subfolder of "My Documents" on a custodian's hard drive, please organize documents for production by custodian with path information preserved, etc.).

12. All ESI should be produced in accordance with the attached Stipulated Order Re: Discovery of Electronically Stored Information.

13. Documents attached to each other should not be separated, including, but not limited to, hard-copy versions of Documents attached to hard-copy printouts of e-mails produced pursuant to these Requests.

14. At Your election, documents maintained or stored in paper, hard-copy form can be produced as searchable .PDF (i.e., portable document format files with embedded text) and in an appropriate and usable manner (e.g., by copying such data onto an external hard drive).

15. These requests require production of paper documents in the same form and same order as they are kept in the usual course of business, or organized and labeled to correspond with the requests set forth below. If You choose the former method, the documents are to be produced in the boxes, file folders, binders and other containers in which the documents are found. The titles, labels or other descriptions on the boxes, file folders, binders or other containers are to be left intact.

16. Documents stored as electronic data on magnetic, optical, or other storage media as "active" or "backup" files shall be produced in their native formats with any associated metadata.

17. To the extent responsive Documents reside on databases and other such systems and files, You are requested to produce the relevant database in useable form and/or permit access for inspection, review, and extraction of responsive information.

18. To the extent responsive Documents are in languages other than English, the parties shall meet and confer to discuss the format of production prior thereto.

19. No part of a document request shall be left unanswered merely because an objection was

interposed to another part of the document request.

20. If You object to any document request or subpart thereof, the objection shall state with specificity all grounds. Any ground not stated shall be waived.

21. If You are unable to answer any document request, the reasons for Your inability to answer shall be separately stated in detail for each document request.

22. Category headings herein are for convenience and should not be relied upon to modify, limit, alter or otherwise influence in any way how to interpret these document requests.

## III. <u>RELEVANT TIME PERIOD</u>

Unless otherwise noted herein, the relevant time period of these document requests is July 1, 2015, until the present (the "**Relevant Time Period**"). These document requests seek all responsive Documents created or generated during the Relevant Time Period, as well as responsive Documents created or generated outside the Relevant Time Period, but which contain information concerning the Relevant Time Period.

IV.    **PRODUCTION REQUESTS**

<u>REQUEST NO. 1.</u>

      Pursuant to 18 U.S.C. § 2702(c)(6), all non-content subscriber records and account information for the individuals listed in Exhibit 1.[1]

      Subscriber records and account information should include, but are not limited to, the following:

- Subscriber registration information, including, but not limited to, full names; associated email addresses; associated telephone numbers; associated addresses; user IDs, usernames, or handles; and dates of birth (if collected);

- IP address logs and login/logout history, including the date/time stamps (with time zone); IP addresses; port numbers; and associated session identifiers for each successful or attempted login during the Relevant Time Period;

- All activity logs or log files for the accounts showing all user activities during the Relevant Period, excluding information that may contain content data. User activities include, without limitation:

  o Engaging in one-to-one and group messaging communications, including sender and recipient identifiers (e.g., user IDs/handles/phone numbers), group identifiers, date/time stamps (with time zone), delivery status, and message size/length, excluding message contents;

---

[1] Exhibit 1 contains potential login identifiers for the listed individuals but is non-exhaustive. Because the complete list of associated account information for each individual will be within Your possession, custody, and control, Plaintiffs respectfully request to meet and confer on this Request.

- o Engaging in one-to-one and group calls (voice/video), including caller/callee identifiers, date/time stamps (with time zone), call duration, and call disposition, excluding call contents;

- o Participating in group memberships, including group identifiers, group name, date/time of user joining/leaving, and group admin(s), excluding any content of group messages;

- o Uploading videos or other posts; making comments on other users' posts; reacting to other users' posts; saving or bookmarking other users' posts; messaging, following, or "friending" other users; participating in live chats; and/or utilizing other public or private social networking activities You facilitate, including the date, time, and user(s) associated with the individual's use of Your features.

- Device information, including device type, OS version, device identifiers (e.g., device tokens, serial numbers, advertising ID where applicable), app version, and date/time stamps of devices associated with each account;

- Current account status (active, deactivated, permanently deleted) and records identifying the creation, deletion, deactivation, or reactivation of each account, including date/time stamps and the method by which such action occurred;

- Other account changes and events, including username changes, profile changes, linked accounts, password resets, recovery email/phone changes, two-factor authentication activation/deactivation, and date/time stamps for such events;

- All preservation/retention and privacy settings, including changes in settings and the dates on which they occurred. This includes, but is not limited to, records of content

deletion events or disappearing content settings, including when disappearing timers were enabled/modified and their durations, and date/time of content deletions (if maintained).

- Any preservation requests, legal process logs, or legal holds relating to the account, including the date of receipt of legal process and the categories of information preserved;

- Payment and billing records (if any), including payment method type (with masked numbers only), billing address, dates of payments, subscription status, and transaction logs, excluding full financial account numbers.

Exhibit 1

| Name | Employer | Associated Phone Numbers | Associated Email Addresses | Associated Usernames |
|---|---|---|---|---|
| Akosa Akpom | TKO Operating Company, LLC | | | |
| David Avery | TKO Operating Company, LLC | | | |
| Denitza Batchvarova | Zuffa, LLC | | | |
| Nakisa Bidarian | Zuffa, LLC | | | |
| Tracey Bleczinski | TKO Operating Company, LLC | | | |
| Craig Borsari | Zuffa, LLC | | | |
| Hunter Campbell | Zuffa, LLC | | | |
| Deborah Cook | TKO Operating Company, LLC | | | |
| Peter Dropick | Zuffa, LLC | | | |
| Ariel Emanuel | Endeavor Group Holdings, Inc.; TKO Operating Company, LLC | | | |
| Lawrence "Ike" Epstein | Zuffa, LLC | | | |
| Chadwick Hurley | Zuffa, LLC | | | |
| Tracy Long | Zuffa, LLC | | | |
| Jason Lublin | Endeavor Group Holdings, Inc. | | | |
| Michael "Mick" Maynard | Zuffa, LLC | | | |
| Michael Mossholder | Zuffa, LLC | | | |
| Grant Norris-Jones | TKO Operating Company, LLC | | | |
| Brittany Santypal | TKO Operating Company, LLC | | | |
| Andrew Schleimer | Zuffa, LLC | | | |
| Mark Shapiro | Endeavor Group Holdings, Inc.; TKO Operating Company, LLC | | | |
| David Shaw | TKO Operating Company, LLC | | | |
| Sean Shelby | Zuffa, LLC | | | |
| Joe Silva | Zuffa, LLC; TKO Operating Company, LLC | | | |
| Dana White | Zuffa, LLC; TKO Operating Company, LLC | | | |

| | |
|---|---|
| Seth Zaslow | TKO Operating Company, LLC |
| Marshall Zelaznik | Zuffa, LLC; TKO Operating Company, LLC |
| Albert Acosta | Endeavor Group Holdings, Inc. |
| Olsvaldo Arias | Zuffa, LLC; TKO Operating Company, LLC |
| Tony Barboza | Zuffa, LLC; TKO Operating Company, LLC |
| Buffey Curtis | Zuffa, LLC; TKO Operating Company, LLC |
| Nichole Durand | Zuffa, LLC; TKO Operating Company, LLC |
| Egon Durban | Zuffa, LLC; TKO Operating Company, LLC |
| Jamie Euster | Endeavor Group Holdings, Inc. |
| Keith Friedenberg | Endeavor Group Holdings, Inc. |
| Graham Fry | Endeavor Group Holdings, Inc. |
| Tim Gardner | Endeavor Group Holdings, Inc. |
| Rami Genauer | Zuffa, LLC; TKO Operating Company, LLC |
| Christoph Goessing | Zuffa, LLC; TKO Operating Company, LLC |
| Krista Hall | Zuffa, LLC; TKO Operating Company, LLC |
| Reed Harris | Zuffa, LLC; TKO Operating Company, LLC |
| Shane Kapral | Zuffa, LLC; TKO Operating Company, LLC |
| Seth Krauss | Endeavor Group Holdings, Inc. & Zuffa, LLC; TKO Operating Company, LLC |
| Ajay Madkekar | Endeavor Group Holdings, Inc. |
| David Phillips | Endeavor Group Holdings, Inc. |
| Chris Provino | Zuffa, LLC; TKO Operating Company, LLC |

| | |
|---|---|
| Marc Ratner | Zuffa, LLC; TKO Operating Company, LLC |
| Zack Rose | Endeavor Group Holdings, Inc. |
| Jonathan Shin | Zuffa, LLC; TKO Operating Company, LLC |
| Brandon Stuckenberg | Zuffa, LLC; TKO Operating Company, LLC |
| Robert Crowley Sullivan | Zuffa, LLC; TKO Operating Company, LLC |
| Blake Ulrich | Endeavor Group Holdings, Inc. |
| Marc Webster | Endeavor Group Holdings, Inc. |
| Patrick Whitesell | Zuffa, LLC; TKO Operating Company, LLC |
| Matt Woodmancy | Endeavor Group Holdings, Inc. |
| Chika Yoshinaga | Zuffa, LLC; TKO Operating Company, LLC |
| Nick Zombolas | Zuffa, LLC; TKO Operating Company, LLC |
| Sam Zussman | Endeavor Group Holdings, Inc. |

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Nevada

| | | |
|---|---|---|
| Johnson et al. | ) | |
| _____ | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 2:21-cv-01189-RFB-BNW |
| Zuffa, LLC dba Ultimate Fighting Championship et al. | ) | |
| _____ | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                    Life360, Inc.
c/o CSC - LAWYERS INCORPORATING SERVICE  2710 GATEWAY OAKS DRIVE  SACRAMENTO, CA 95835

_____
*(Name of person to whom this subpoena is directed)*

✓ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: BERGER MONTAGUE 505 Montgomery Street Suite 625 San Francisco, CA 94111 | Date and Time: 1/17/2026 5:00 pm |
|---|---|

&#10070; *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    12/17/2025

CLERK OF COURT

                                                        OR

_____                    /s/ Daniel Gifford
*Signature of Clerk or Deputy Clerk*          _____
                                              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Plaintiffs Kajan Johnson, Clarence Dollaway, and Tristan Connelly_____, who issues or requests this subpoena, are:
Daniel Gifford; 88 Pine Street, 14th Floor, New York, NY 10005; dgifford@cohenmilstein.com; (212) 838-7797

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:21-cv-01189-RFB-BNW

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____  on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $       0.00       .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    ( ) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (i) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (ii) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

### I. DEFINITIONS

1. The following rules of construction should apply to all discovery requests:

   a) "**All**" should be construed to include the collective as well as the singular and shall mean "each," "any," and "every."

   b) "**And**" and "or" should be construed so as to require the broadest possible response. If, for example, a request calls for information about "A or B" or "A and B," You should produce all information about A and all information about B, as well as all information about A and B collectively. In other words, "or" and "and" should be read as "and/or."

   c) "**Any**" shall be construed to mean "any and all."

   d) "**Including**" shall be construed to mean "without limitation." "Including" is used to emphasize certain types of documents requested and should not be construed as limiting the request in any way.

   e) "**Relating to**," "**referring to**," "**regarding**," or "**with respect to**" mean, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

   f) The use of the singular form of any word includes the plural and vice versa.

   g) Unless otherwise indicated, the use of the present tense of any verb shall be construed to include the past tense going back to the beginning of the Relevant Time Period, and the use of the past tense shall be construed to run from the beginning of the Relevant Time Period through the present.

2. "**Actions**" means *Kajan Johnson, et al. v. Zuffa, LLC, et al.*, No. 2:21-cv-01189 (D. Nev.);

*Mikhail Cirkunovs v. Zuffa, LLC, et al.*, No. 2:25-cv-00914 (D. Nev.); and *Phil Davis v.*
*Zuffa, LLC, et al.*, No. 2:25-cv-00946 (D. Nev.).

3. "**Communication**" means without limitation, oral or written communications of any kind,
such as electronic communications, direct communications through social media
(including without limitation direct messaging, instant messaging, chatting or emailing
within a social media platform), facsimiles, telephone communications, correspondence,
exchange of written or recorded information, or face-to-face meetings. The phrase
"communication between" is defined to include instances where one party addresses the
other party but the other party does not necessarily respond. The phrase "communication"
includes all attachments to e-mail messages.

4. "**Date**" means the exact day, month, and year, if ascertainable, or the best available
approximation, including any relationship to other known events (designate whether exact
or approximate).

5. "**Document(s)**" shall mean and include all "writings," "recordings" or "photographs" as those
terms are defined in Federal Rule of Civil Procedure 34 and Rule 1001 of the Federal Rules
of Evidence. Without limiting the generality of the foregoing, the term "Documents" includes
both hard copy documents and electronically stored data files including but not limited to e-
mail, instant messaging, social media content (including without limitation public content
such as Tweets, YouTube submissions, Facebook posts, and posts to any public electronic
billboard, as well as private content such as direct messaging, instant messaging, chats, and
email), shared network files and databases. "Documents" also includes, without limitation and
regardless of whether stored in hard copy or electronically, any letters, correspondence,
memoranda, analyses, legal pleadings, calendars, diaries,

travel records, summaries, records of telephone conversations, telegrams, notes, reports, compilations, notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, audiotapes, film and sound reproductions, e-mails, internal or external web sites, audio or video discs data on magnetic or optical storage media (e.g., servers, storage area networks, interconnected remote servers (so-called "cloud computing"), hard drives, backup tapes, CDs, DVDs, Blu-ray, DVD-HD, USB/thumb/flash drives, floppy disks or any other type of portable storage device, etc.) stored as an "active" or backup file, in its native format, computer files, discs and drives, sales, advertising and promotional literature, agreements, stored recordings, minutes or other records of meetings, all written or graphic records or representations of any kind, and all mechanical or electronic data, records or representations of any kind.

6. "**Electronically Stored Information**," abbreviated as "**ESI**" has the same meaning and scope as it has in the Federal Rules of Civil Procedure and includes, without limitation, the following:

a) structured and unstructured data, as those terms are defined in The Sedona Conference Glossary, available at www.thesedonaconference.org/publications;

b) activity listings of electronic mail receipts and/or transmittals;

c) output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, text messages (SMS, MMS or TMS), iMessages, Blackberry Messenger (BBM), AOL Instant MessengerTM (or similar program), social media (including without limitation Twitter, LinkedIn, YouTube, Facebook, Instagram, and

any other internet based messaging system) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

d)  any and all items stored on computer memories, hard disks, floppy disks, CD discs, DVD discs, flash drives, thumb drives, memory cards, magnetic tape, microfiche, off-site interconnected servers (so-called "cloud computing"), or in any other vehicle for digital data storage and/or transmittal, such as, but not limited to, a personal digital assistant (*e.g.*, Blackberry, Smart Phone or similar device) and file folder tabs, and/or containers and labels appended to, or relating to, any physical storage device associated with each original and/or copy of all documents requested herein;

e)  any and all items stored on voice-mail systems, websites, company intranet sites, chat rooms and social networking websites (*e.g.*, Facebook, LinkedIn, Twitter, and social websites listed at http://en.wikipedia.org/wiki/List of social networking websites); and

f)  any and all data, data compilations, and data analyses.

7.  "**Employee**" means, without limitation, any current or former officer, director, executive, manager, member, secretary, staff member, consultant, messenger, agent or other person who is or was employed by a Person or entity.

8.  "**Identify**," when used in reference to an individual employee, means to produce documents sufficient to identify: the person's full name, last known business and home address; date of birth; social security number; title or position and period of service in each such position; immediate supervisor in each position; business and home telephone numbers (including voice, cellular and facsimile phone numbers) assigned to or used by

such person and the period during which such numbers were assigned to be used by that person; and business and home electronic mail identifiers and the period during which such identifiers were assigned to and used by that person.

9. "**Meeting**" means, without limitation, any assembly, convocation, encounter, or contemporaneous presence of two or more persons for any purpose, whether planned or arranged, scheduled or not. Meeting attendees may be present in person or by electronic means including, but not limited to, teleconference and videoconference.

10. "**Person**" means, without limitation, any natural person, corporation, partnership, limited liability company, proprietorship, joint venture, trust, association, government entity, group or other form of legal entity.

11. "**Plaintiffs**" means Kajan Johnson, Clarence Dollaway, Tristen Connelly, Mikhail Cirkunovs, Phil Davis, and any named plaintiffs in any subsequently filed Actions which are related to or consolidated with the Actions in the court with jurisdiction over the cases.

12. "**Possession, Custody or Control**" when referring to Documents or other tangible objects means any Document or other tangible object You have access to regardless of whether You have actual possession of the document or other tangible object. This includes Documents You have the legal right to obtain or for which You have control over the person who has control of the Document, including without limitation Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or Your attorneys or their agents, employees, representatives or investigators.

13. "**Social Media**" means any web-hosted applications that facilitate public posting of words, images or video and audio recordings, and private interactions such as private messaging or email, among users. Examples of Social Media include without limitation, Twitter,

Facebook, YouTube, Instagram, TikTok, WhatsApp, Signal, and Telegram.

14. "**You**," "**Your**," "**Your Company**" means Life360, Inc., individually, and Life360, Inc. and its predecessors, successors, subsidiaries, departments, divisions, affiliates, any organization or entity which Life360, Inc. has acquired, or with which Life360, Inc. has merged, and any organization or entity which Life360, Inc. manages, controls or has an ownership interest in, together with all current and former directors, officers, employees, agents, representatives or any persons acting or purporting to act on Your behalf.

15. "**Zuffa**," "**UFC**," or "**Defendant**" all mean Ultimate Fighting Championship, UFC, TKO Operating Company, LLC ("**TKO OpCo**") (f/k/a Zuffa Parent LLC), a Delaware limited liability company and the direct subsidiary of TKO Group Holdings, Inc., a Delaware corporation ("**TKO Group Holdings**"), Endeavor Group Holdings, Inc., a Delaware corporation ("**Endeavor**"), and all predecessors, successors, subsidiaries, departments, divisions, acquisitions, affiliates and any organization or entity TKO OpCo or TKO Group Holdings manages or controls, together with all present and former directors, members, officers, employees, agents, representatives or any persons acting or purporting to act on TKO OpCo's behalf including, without limitation, Ari Emanual, Dana White, Mark Shapiro, Patrick Whitsell, Ike Lawrence Epstein, Lorenzo Fertitta or Hunter Campbell.

## II. <u>INSTRUCTIONS</u>

1. In producing Documents, You are requested to furnish all Documents or things in Your possession, custody or control, regardless of the physical location of the Documents, or whether such Documents or other materials are possessed directly by You or Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates,

investigators, or by Your attorneys or their agents, employees, representatives or investigators.

2.  If any document covered by these requests is withheld by reason of a claim of attorney-client privilege, attorney work product protection, or any other privilege or protection, please furnish a log providing the following information with respect to each such withheld document: date, author, recipients, general subject matter sufficient to make a prima facie determination whether the asserted privilege has been properly invoked, and legal basis upon which the document has been withheld.

3.  In producing Documents, You are requested to produce the original of each Document requested, together with all non-identical copies and drafts of such Document. If the original of any Document cannot be located, a copy shall be produced in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

4.  If any requested Document cannot be produced in full, You are to produce it to the extent possible, indicating which Document, or portion of such Document, is being withheld, and the reason that it is being withheld.

5.  Documents not otherwise responsive to these Requests shall be produced if such Documents mention, discuss, refer to, or explain the Documents that are called for by these Requests, or if such Documents are attached to Documents called for by these Requests and constitute routing slips, transmittal memoranda, letters, cover sheets, comments, evaluation or similar materials.

6.  All Documents shall be produced in the same order as they are kept or maintained by You in the ordinary course of Your business. If any Documents have been removed from the files in which they were found for purposes of producing them in response to these

Requests, indicate for each Document the file(s) in which the Document(s) was (or were) originally located.

7. If a Document once existed and has subsequently been lost, destroyed, or is otherwise missing, please provide sufficient information to identify the Document and state the details concerning its loss.

8. With respect to any Document maintained or stored electronically, please harvest it in a manner that maintains the integrity and readability of all data, including all metadata.

9. Unless otherwise agreed, all ESI should be produced in native format via a secure file transfer protocol, or on compact disc(s), DVD disc(s) or zip drives in the original electronic file format(s) of the Documents.

10. Please produce all Documents maintained or stored electronically in native, electronic format with all relevant metadata intact. Encrypted or password-protected documents should be produced in a form permitting them to be reviewed. You are also requested to immediately meet and confer regarding the manner in which You shall produce Documents stored electronically in order for the parties to try and reach agreement in this regard and avoid any unnecessary expense.

11. Please organize electronic Documents produced for inspection in the same manner that You store them (e.g., if maintained by a custodian, such as e-mail residing on an e-mail server, please organize documents for production by custodian; if maintained as a subfolder of "My Documents" on a custodian's hard drive, please organize documents for production by custodian with path information preserved, etc.).

12. All ESI should be produced in accordance with the attached Stipulated Order Re: Discovery of Electronically Stored Information.

13. Documents attached to each other should not be separated, including, but not limited to, hard-copy versions of Documents attached to hard-copy printouts of e-mails produced pursuant to these Requests.

14. At Your election, documents maintained or stored in paper, hard-copy form can be produced as searchable .PDF (i.e., portable document format files with embedded text) and in an appropriate and usable manner (e.g., by copying such data onto an external hard drive).

15. These requests require production of paper documents in the same form and same order as they are kept in the usual course of business, or organized and labeled to correspond with the requests set forth below. If You choose the former method, the documents are to be produced in the boxes, file folders, binders and other containers in which the documents are found. The titles, labels or other descriptions on the boxes, file folders, binders or other containers are to be left intact.

16. Documents stored as electronic data on magnetic, optical, or other storage media as "active" or "backup" files shall be produced in their native formats with any associated metadata.

17. To the extent responsive Documents reside on databases and other such systems and files, You are requested to produce the relevant database in useable form and/or permit access for inspection, review, and extraction of responsive information.

18. To the extent responsive Documents are in languages other than English, the parties shall meet and confer to discuss the format of production prior thereto.

19. No part of a document request shall be left unanswered merely because an objection was

interposed to another part of the document request.

20. If You object to any document request or subpart thereof, the objection shall state with specificity all grounds. Any ground not stated shall be waived.

21. If You are unable to answer any document request, the reasons for Your inability to answer shall be separately stated in detail for each document request.

22. Category headings herein are for convenience and should not be relied upon to modify, limit, alter or otherwise influence in any way how to interpret these document requests.

## III. <u>RELEVANT TIME PERIOD</u>

Unless otherwise noted herein, the relevant time period of these document requests is July 1, 2015, until the present (the "**Relevant Time Period**"). These document requests seek all responsive Documents created or generated during the Relevant Time Period, as well as responsive Documents created or generated outside the Relevant Time Period, but which contain information concerning the Relevant Time Period.

## IV.    <u>PRODUCTION REQUESTS</u>

<u>REQUEST NO. 1.</u>

Pursuant to 18 U.S.C. § 2702(c)(6), all non-content subscriber records and account information for the individuals listed in Exhibit 1.[1]

Subscriber records and account information should include, but are not limited to, the following:

- Subscriber registration information, including, but not limited to, full names; associated email addresses; associated telephone numbers; associated addresses; user IDs, usernames, or handles; and dates of birth (if collected);

- IP address logs and login/logout history, including the date/time stamps (with time zone); IP addresses; port numbers; and associated session identifiers for each successful or attempted login during the Relevant Time Period;

- All activity logs or log files for the accounts showing all user activities during the Relevant Period, excluding information that may contain content data. User activities include, without limitation:

  - Engaging in one-to-one and group messaging communications, including sender and recipient identifiers (e.g., user IDs/handles/phone numbers), group identifiers, date/time stamps (with time zone), delivery status, and message size/length, excluding message contents;

---

[1] Exhibit 1 contains potential login identifiers for the listed individuals but is non-exhaustive. Because the complete list of associated account information for each individual will be within Your possession, custody, and control, Plaintiffs respectfully request to meet and confer on this Request.

- o  Engaging in one-to-one and group calls (voice/video), including caller/callee identifiers, date/time stamps (with time zone), call duration, and call disposition, excluding call contents;

- o  Participating in group memberships, including group identifiers, group name, date/time of user joining/leaving, and group admin(s), excluding any content of group messages;

- o  Uploading videos or other posts; making comments on other users' posts; reacting to other users' posts; saving or bookmarking other users' posts; messaging, following, or "friending" other users; participating in live chats; and/or utilizing other public or private social networking activities You facilitate, including the date, time, and user(s) associated with the individual's use of Your features.

- Device information, including device type, OS version, device identifiers (e.g., device tokens, serial numbers, advertising ID where applicable), app version, and date/time stamps of devices associated with each account;

- Current account status (active, deactivated, permanently deleted) and records identifying the creation, deletion, deactivation, or reactivation of each account, including date/time stamps and the method by which such action occurred;

- Other account changes and events, including username changes, profile changes, linked accounts, password resets, recovery email/phone changes, two-factor authentication activation/deactivation, and date/time stamps for such events;

- All preservation/retention and privacy settings, including changes in settings and the dates on which they occurred. This includes, but is not limited to, records of content

deletion events or disappearing content settings, including when disappearing timers were enabled/modified and their durations, and date/time of content deletions (if maintained).

- Any preservation requests, legal process logs, or legal holds relating to the account, including the date of receipt of legal process and the categories of information preserved;

- Payment and billing records (if any), including payment method type (with masked numbers only), billing address, dates of payments, subscription status, and transaction logs, excluding full financial account numbers.

Exhibit 1

| Name | Employer | Associated Phone Numbers | Associated Email Addresses | Associated Usernames |
|------|----------|--------------------------|----------------------------|----------------------|
| Akosa Akpom | TKO Operating Company, LLC | | | |
| David Avery | TKO Operating Company, LLC | | | |
| Denitza Batchvarova | Zuffa, LLC | | | |
| Nakisa Bidarian | Zuffa, LLC | | | |
| Tracey Bleczinski | TKO Operating Company, LLC | | | |
| Craig Borsari | Zuffa, LLC | | | |
| Hunter Campbell | Zuffa, LLC | | | |
| Deborah Cook | TKO Operating Company, LLC | | | |
| Peter Dropick | Zuffa, LLC | | | |
| Ariel Emanuel | Endeavor Group Holdings, Inc.; TKO Operating Company, LLC | | | |
| Lawrence "Ike" Epstein | Zuffa, LLC | | | |
| Chadwick Hurley | Zuffa, LLC | | | |
| Tracy Long | Zuffa, LLC | | | |
| Jason Lublin | Endeavor Group Holdings, Inc. | | | |
| Michael "Mick" Maynard | Zuffa, LLC | | | |
| Michael Mossholder | Zuffa, LLC | | | |
| Grant Norris-Jones | TKO Operating Company, LLC | | | |
| Brittany Santypal | TKO Operating Company, LLC | | | |
| Andrew Schleimer | Zuffa, LLC | | | |
| Mark Shapiro | Endeavor Group Holdings, Inc.; TKO Operating Company, LLC | | | |
| David Shaw | TKO Operating Company, LLC | | | |
| Sean Shelby | Zuffa, LLC | | | |
| Joe Silva | Zuffa, LLC; TKO Operating Company, LLC | | | |
| Dana White | Zuffa, LLC; TKO Operating Company, LLC | | | |

| | |
|---|---|
| Seth Zaslow | TKO Operating Company, LLC |
| Marshall Zelaznik | Zuffa, LLC; TKO Operating Company, LLC |
| Albert Acosta | Endeavor Group Holdings, Inc. |
| Olsvaldo Arias | Zuffa, LLC; TKO Operating Company, LLC |
| Tony Barboza | Zuffa, LLC; TKO Operating Company, LLC |
| Buffey Curtis | Zuffa, LLC; TKO Operating Company, LLC |
| Nichole Durand | Zuffa, LLC; TKO Operating Company, LLC |
| Egon Durban | Zuffa, LLC; TKO Operating Company, LLC |
| Jamie Euster | Endeavor Group Holdings, Inc. |
| Keith Friedenberg | Endeavor Group Holdings, Inc. |
| Graham Fry | Endeavor Group Holdings, Inc. |
| Tim Gardner | Endeavor Group Holdings, Inc. |
| Rami Genauer | Zuffa, LLC; TKO Operating Company, LLC |
| Christoph Goessing | Zuffa, LLC; TKO Operating Company, LLC |
| Krista Hall | Zuffa, LLC; TKO Operating Company, LLC |
| Reed Harris | Zuffa, LLC; TKO Operating Company, LLC |
| Shane Kapral | Zuffa, LLC; TKO Operating Company, LLC |
| Seth Krauss | Endeavor Group Holdings, Inc. & Zuffa, LLC; TKO Operating Company, LLC |
| Ajay Madkekar | Endeavor Group Holdings, Inc. |
| David Phillips | Endeavor Group Holdings, Inc. |
| Chris Provino | Zuffa, LLC; TKO Operating Company, LLC |

| | | |
|---|---|---|
| Marc Ratner | Zuffa, LLC; TKO Operating Company, LLC | |
| Zack Rose | Endeavor Group Holdings, Inc. | |
| Jonathan Shin | Zuffa, LLC; TKO Operating Company, LLC | |
| Brandon Stuckenberg | Zuffa, LLC; TKO Operating Company, LLC | |
| Robert Crowley Sullivan | Zuffa, LLC; TKO Operating Company, LLC | |
| Blake Ulrich | Endeavor Group Holdings, Inc. | |
| Marc Webster | Endeavor Group Holdings, Inc. | |
| Patrick Whitesell | Zuffa, LLC; TKO Operating Company, LLC | |
| Matt Woodmancy | Endeavor Group Holdings, Inc. | |
| Chika Yoshinaga | Zuffa, LLC; TKO Operating Company, LLC | |
| Nick Zombolas | Zuffa, LLC; TKO Operating Company, LLC | |
| Sam Zussman | Endeavor Group Holdings, Inc. | |

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### District of Nevada

| | |
|---|---|
| Phil Davis | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:25-cv-00946-RFB-BNW |
| Zuffa, LLC dba Ultimate Fighting Championship et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
Life360, Inc.
c/o CSC - LAWYERS INCORPORATING SERVICE  2710 GATEWAY OAKS DRIVE  SACRAMENTO, CA 95835

*(Name of person to whom this subpoena is directed)*

☐ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place BERGER MONTAGUE 505 Montgomery Street Suite 625 San Francisco, CA 94111 | Date and Time: 1/17/2026 5:00 pm |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/17/2025

CLERK OF COURT

OR

_____          /s/ Daniel Gifford
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Plaintiff Phil Davis , who issues or requests this subpoena, are:
Daniel Gifford; 88 Pine Street, 14th Floor, New York, NY 10005; dgifford@cohenmilstein.com; (212) 838-7797

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:25-cv-00946-RFB-BNW

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                            *Server's signature*

                                                            _____
                                                            *Printed name and title*

                                                            _____
                                                            *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (iii)          requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iv)          requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (v) subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

### I. DEFINITIONS

1. The following rules of construction should apply to all discovery requests:

   a) "**All**" should be construed to include the collective as well as the singular and shall mean "each," "any," and "every."

   b) "**And**" and "or" should be construed so as to require the broadest possible response. If, for example, a request calls for information about "A or B" or "A and B," You should produce all information about A and all information about B, as well as all information about A and B collectively. In other words, "or" and "and" should be read as "and/or."

   c) "**Any**" shall be construed to mean "any and all."

   d) "**Including**" shall be construed to mean "without limitation." "Including" is used to emphasize certain types of documents requested and should not be construed as limiting the request in any way.

   e) "**Relating to**," "**referring to**," "**regarding**," or "**with respect to**" mean, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

   f) The use of the singular form of any word includes the plural and vice versa.

   g) Unless otherwise indicated, the use of the present tense of any verb shall be construed to include the past tense going back to the beginning of the Relevant Time Period, and the use of the past tense shall be construed to run from the beginning of the Relevant Time Period through the present.

2. "**Actions**" means *Kajan Johnson, et al. v. Zuffa, LLC, et al.*, No. 2:21-cv-01189 (D. Nev.);

*Mikhail Cirkunovs v. Zuffa, LLC, et al.*, No. 2:25-cv-00914 (D. Nev.); and *Phil Davis v. Zuffa, LLC, et al.*, No. 2:25-cv-00946 (D. Nev.).

3. "**Communication**" means without limitation, oral or written communications of any kind, such as electronic communications, direct communications through social media (including without limitation direct messaging, instant messaging, chatting or emailing within a social media platform), facsimiles, telephone communications, correspondence, exchange of written or recorded information, or face-to-face meetings. The phrase "communication between" is defined to include instances where one party addresses the other party but the other party does not necessarily respond. The phrase "communication" includes all attachments to e-mail messages.

4. "**Date**" means the exact day, month, and year, if ascertainable, or the best available approximation, including any relationship to other known events (designate whether exact or approximate).

5. "**Document(s)**" shall mean and include all "writings," "recordings" or "photographs" as those terms are defined in Federal Rule of Civil Procedure 34 and Rule 1001 of the Federal Rules of Evidence. Without limiting the generality of the foregoing, the term "Documents" includes both hard copy documents and electronically stored data files including but not limited to e-mail, instant messaging, social media content (including without limitation public content such as Tweets, YouTube submissions, Facebook posts, and posts to any public electronic billboard, as well as private content such as direct messaging, instant messaging, chats, and email), shared network files and databases. "Documents" also includes, without limitation and regardless of whether stored in hard copy or electronically, any letters, correspondence, memoranda, analyses, legal pleadings, calendars, diaries,

travel records, summaries, records of telephone conversations, telegrams, notes, reports, compilations, notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, audiotapes, film and sound reproductions, e-mails, internal or external web sites, audio or video discs data on magnetic or optical storage media (e.g., servers, storage area networks, interconnected remote servers (so-called "cloud computing"), hard drives, backup tapes, CDs, DVDs, Blu-ray, DVD-HD, USB/thumb/flash drives, floppy disks or any other type of portable storage device, etc.) stored as an "active" or backup file, in its native format, computer files, discs and drives, sales, advertising and promotional literature, agreements, stored recordings, minutes or other records of meetings, all written or graphic records or representations of any kind, and all mechanical or electronic data, records or representations of any kind.

6. "**Electronically Stored Information**," abbreviated as "**ESI**" has the same meaning and scope as it has in the Federal Rules of Civil Procedure and includes, without limitation, the following:

   a) structured and unstructured data, as those terms are defined in The Sedona Conference Glossary, available at www.thesedonaconference.org/publications;

   b) activity listings of electronic mail receipts and/or transmittals;

   c) output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, text messages (SMS, MMS or TMS), iMessages, Blackberry Messenger (BBM), AOL Instant MessengerTM (or similar program), social media (including without limitation Twitter, LinkedIn, YouTube, Facebook, Instagram, and

any other internet based messaging system) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

d)  any and all items stored on computer memories, hard disks, floppy disks, CD discs, DVD discs, flash drives, thumb drives, memory cards, magnetic tape, microfiche, off-site interconnected servers (so-called "cloud computing"), or in any other vehicle for digital data storage and/or transmittal, such as, but not limited to, a personal digital assistant (*e.g.*, Blackberry, Smart Phone or similar device) and file folder tabs, and/or containers and labels appended to, or relating to, any physical storage device associated with each original and/or copy of all documents requested herein;

e)  any and all items stored on voice-mail systems, websites, company intranet sites, chat rooms and social networking websites (*e.g.*, Facebook, LinkedIn, Twitter, and social websites listed at http://en.wikipedia.org/wiki/List of social networking websites); and

f)  any and all data, data compilations, and data analyses.

7.  "**Employee**" means, without limitation, any current or former officer, director, executive, manager, member, secretary, staff member, consultant, messenger, agent or other person who is or was employed by a Person or entity.

8.  "**Identify**," when used in reference to an individual employee, means to produce documents sufficient to identify: the person's full name, last known business and home address; date of birth; social security number; title or position and period of service in each such position; immediate supervisor in each position; business and home telephone numbers (including voice, cellular and facsimile phone numbers) assigned to or used by

such person and the period during which such numbers were assigned to be used by that person; and business and home electronic mail identifiers and the period during which such identifiers were assigned to and used by that person.

9. "**Meeting**" means, without limitation, any assembly, convocation, encounter, or contemporaneous presence of two or more persons for any purpose, whether planned or arranged, scheduled or not. Meeting attendees may be present in person or by electronic means including, but not limited to, teleconference and videoconference.

10. "**Person**" means, without limitation, any natural person, corporation, partnership, limited liability company, proprietorship, joint venture, trust, association, government entity, group or other form of legal entity.

11. "**Plaintiffs**" means Kajan Johnson, Clarence Dollaway, Tristen Connelly, Mikhail Cirkunovs, Phil Davis, and any named plaintiffs in any subsequently filed Actions which are related to or consolidated with the Actions in the court with jurisdiction over the cases.

12. "**Possession, Custody or Control**" when referring to Documents or other tangible objects means any Document or other tangible object You have access to regardless of whether You have actual possession of the document or other tangible object. This includes Documents You have the legal right to obtain or for which You have control over the person who has control of the Document, including without limitation Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or Your attorneys or their agents, employees, representatives or investigators.

13. "**Social Media**" means any web-hosted applications that facilitate public posting of words, images or video and audio recordings, and private interactions such as private messaging or email, among users. Examples of Social Media include without limitation, Twitter,

Facebook, YouTube, Instagram, TikTok, WhatsApp, Signal, and Telegram.

14. "**You**," "**Your**," "**Your Company**" means Life360, Inc., individually, and Life360, Inc. and its predecessors, successors, subsidiaries, departments, divisions, affiliates, any organization or entity which Life360, Inc. has acquired, or with which Life360, Inc. has merged, and any organization or entity which Life360, Inc. manages, controls or has an ownership interest in, together with all current and former directors, officers, employees, agents, representatives or any persons acting or purporting to act on Your behalf.

15. "**Zuffa**," "**UFC**," or "**Defendant**" all mean Ultimate Fighting Championship, UFC, TKO Operating Company, LLC ("**TKO OpCo**") (f/k/a Zuffa Parent LLC), a Delaware limited liability company and the direct subsidiary of TKO Group Holdings, Inc., a Delaware corporation ("**TKO Group Holdings**"), Endeavor Group Holdings, Inc., a Delaware corporation ("**Endeavor**"), and all predecessors, successors, subsidiaries, departments, divisions, acquisitions, affiliates and any organization or entity TKO OpCo or TKO Group Holdings manages or controls, together with all present and former directors, members, officers, employees, agents, representatives or any persons acting or purporting to act on TKO OpCo's behalf including, without limitation, Ari Emanual, Dana White, Mark Shapiro, Patrick Whitsell, Ike Lawrence Epstein, Lorenzo Fertitta or Hunter Campbell.

## II. <u>INSTRUCTIONS</u>

1. In producing Documents, You are requested to furnish all Documents or things in Your possession, custody or control, regardless of the physical location of the Documents, or whether such Documents or other materials are possessed directly by You or Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates,

investigators, or by Your attorneys or their agents, employees, representatives or investigators.

2.  If any document covered by these requests is withheld by reason of a claim of attorney-client privilege, attorney work product protection, or any other privilege or protection, please furnish a log providing the following information with respect to each such withheld document: date, author, recipients, general subject matter sufficient to make a prima facie determination whether the asserted privilege has been properly invoked, and legal basis upon which the document has been withheld.

3.  In producing Documents, You are requested to produce the original of each Document requested, together with all non-identical copies and drafts of such Document. If the original of any Document cannot be located, a copy shall be produced in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

4.  If any requested Document cannot be produced in full, You are to produce it to the extent possible, indicating which Document, or portion of such Document, is being withheld, and the reason that it is being withheld.

5.  Documents not otherwise responsive to these Requests shall be produced if such Documents mention, discuss, refer to, or explain the Documents that are called for by these Requests, or if such Documents are attached to Documents called for by these Requests and constitute routing slips, transmittal memoranda, letters, cover sheets, comments, evaluation or similar materials.

6.  All Documents shall be produced in the same order as they are kept or maintained by You in the ordinary course of Your business. If any Documents have been removed from the files in which they were found for purposes of producing them in response to these

Requests, indicate for each Document the file(s) in which the Document(s) was (or were) originally located.

7. If a Document once existed and has subsequently been lost, destroyed, or is otherwise missing, please provide sufficient information to identify the Document and state the details concerning its loss.

8. With respect to any Document maintained or stored electronically, please harvest it in a manner that maintains the integrity and readability of all data, including all metadata.

9. Unless otherwise agreed, all ESI should be produced in native format via a secure file transfer protocol, or on compact disc(s), DVD disc(s) or zip drives in the original electronic file format(s) of the Documents.

10. Please produce all Documents maintained or stored electronically in native, electronic format with all relevant metadata intact. Encrypted or password-protected documents should be produced in a form permitting them to be reviewed. You are also requested to immediately meet and confer regarding the manner in which You shall produce Documents stored electronically in order for the parties to try and reach agreement in this regard and avoid any unnecessary expense.

11. Please organize electronic Documents produced for inspection in the same manner that You store them (e.g., if maintained by a custodian, such as e-mail residing on an e-mail server, please organize documents for production by custodian; if maintained as a subfolder of "My Documents" on a custodian's hard drive, please organize documents for production by custodian with path information preserved, etc.).

12. All ESI should be produced in accordance with the attached Stipulated Order Re: Discovery of Electronically Stored Information.

13. Documents attached to each other should not be separated, including, but not limited to, hard-copy versions of Documents attached to hard-copy printouts of e-mails produced pursuant to these Requests.

14. At Your election, documents maintained or stored in paper, hard-copy form can be produced as searchable .PDF (i.e., portable document format files with embedded text) and in an appropriate and usable manner (e.g., by copying such data onto an external hard drive).

15. These requests require production of paper documents in the same form and same order as they are kept in the usual course of business, or organized and labeled to correspond with the requests set forth below. If You choose the former method, the documents are to be produced in the boxes, file folders, binders and other containers in which the documents are found. The titles, labels or other descriptions on the boxes, file folders, binders or other containers are to be left intact.

16. Documents stored as electronic data on magnetic, optical, or other storage media as "active" or "backup" files shall be produced in their native formats with any associated metadata.

17. To the extent responsive Documents reside on databases and other such systems and files, You are requested to produce the relevant database in useable form and/or permit access for inspection, review, and extraction of responsive information.

18. To the extent responsive Documents are in languages other than English, the parties shall meet and confer to discuss the format of production prior thereto.

19. No part of a document request shall be left unanswered merely because an objection was

interposed to another part of the document request.

20. If You object to any document request or subpart thereof, the objection shall state with specificity all grounds. Any ground not stated shall be waived.

21. If You are unable to answer any document request, the reasons for Your inability to answer shall be separately stated in detail for each document request.

22. Category headings herein are for convenience and should not be relied upon to modify, limit, alter or otherwise influence in any way how to interpret these document requests.

## III. RELEVANT TIME PERIOD

Unless otherwise noted herein, the relevant time period of these document requests is July 1, 2015, until the present (the "**Relevant Time Period**"). These document requests seek all responsive Documents created or generated during the Relevant Time Period, as well as responsive Documents created or generated outside the Relevant Time Period, but which contain information concerning the Relevant Time Period.

## IV.    <u>PRODUCTION REQUESTS</u>

<u>REQUEST NO. 1.</u>

Pursuant to 18 U.S.C. § 2702(c)(6), all non-content subscriber records and account information for the individuals listed in Exhibit 1.[1]

Subscriber records and account information should include, but are not limited to, the following:

- Subscriber registration information, including, but not limited to, full names; associated email addresses; associated telephone numbers; associated addresses; user IDs, usernames, or handles; and dates of birth (if collected);

- IP address logs and login/logout history, including the date/time stamps (with time zone); IP addresses; port numbers; and associated session identifiers for each successful or attempted login during the Relevant Time Period;

- All activity logs or log files for the accounts showing all user activities during the Relevant Period, excluding information that may contain content data. User activities include, without limitation:

  o Engaging in one-to-one and group messaging communications, including sender and recipient identifiers (e.g., user IDs/handles/phone numbers), group identifiers, date/time stamps (with time zone), delivery status, and message size/length, excluding message contents;

---

[1] Exhibit 1 contains potential login identifiers for the listed individuals but is non-exhaustive. Because the complete list of associated account information for each individual will be within Your possession, custody, and control, Plaintiffs respectfully request to meet and confer on this Request.

- o  Engaging in one-to-one and group calls (voice/video), including caller/callee identifiers, date/time stamps (with time zone), call duration, and call disposition, excluding call contents;

- o  Participating in group memberships, including group identifiers, group name, date/time of user joining/leaving, and group admin(s), excluding any content of group messages;

- o  Uploading videos or other posts; making comments on other users' posts; reacting to other users' posts; saving or bookmarking other users' posts; messaging, following, or "friending" other users; participating in live chats; and/or utilizing other public or private social networking activities You facilitate, including the date, time, and user(s) associated with the individual's use of Your features.

- Device information, including device type, OS version, device identifiers (e.g., device tokens, serial numbers, advertising ID where applicable), app version, and date/time stamps of devices associated with each account;

- Current account status (active, deactivated, permanently deleted) and records identifying the creation, deletion, deactivation, or reactivation of each account, including date/time stamps and the method by which such action occurred;

- Other account changes and events, including username changes, profile changes, linked accounts, password resets, recovery email/phone changes, two-factor authentication activation/deactivation, and date/time stamps for such events;

- All preservation/retention and privacy settings, including changes in settings and the dates on which they occurred. This includes, but is not limited to, records of content

deletion events or disappearing content settings, including when disappearing timers were enabled/modified and their durations, and date/time of content deletions (if maintained).

- Any preservation requests, legal process logs, or legal holds relating to the account, including the date of receipt of legal process and the categories of information preserved;

- Payment and billing records (if any), including payment method type (with masked numbers only), billing address, dates of payments, subscription status, and transaction logs, excluding full financial account numbers.

Exhibit 1

| Name | Employer | Associated Phone Numbers | Associated Email Addresses | Associated Usernames |
|---|---|---|---|---|
| Akosa Akpom | TKO Operating Company, LLC | | | |
| David Avery | TKO Operating Company, LLC | | | |
| Denitza Batchvarova | Zuffa, LLC | | | |
| Nakisa Bidarian | Zuffa, LLC | | | |
| Tracey Bleczinski | TKO Operating Company, LLC | | | |
| Craig Borsari | Zuffa, LLC | | | |
| Hunter Campbell | Zuffa, LLC | | | |
| Deborah Cook | TKO Operating Company, LLC | | | |
| Peter Dropick | Zuffa, LLC | | | |
| Ariel Emanuel | Endeavor Group Holdings, Inc.; TKO Operating Company, LLC | | | |
| Lawrence "Ike" Epstein | Zuffa, LLC | | | |
| Chadwick Hurley | Zuffa, LLC | | | |
| Tracy Long | Zuffa, LLC | | | |
| Jason Lublin | Endeavor Group Holdings, Inc. | | | |
| Michael "Mick" Maynard | Zuffa, LLC | | | |
| Michael Mossholder | Zuffa, LLC | | | |
| Grant Norris-Jones | TKO Operating Company, LLC | | | |
| Brittany Santypal | TKO Operating Company, LLC | | | |
| Andrew Schleimer | Zuffa, LLC | | | |
| Mark Shapiro | Endeavor Group Holdings, Inc.; TKO Operating Company, LLC | | | |
| David Shaw | TKO Operating Company, LLC | | | |
| Sean Shelby | Zuffa, LLC | | | |
| Joe Silva | Zuffa, LLC; TKO Operating Company, LLC | | | |
| Dana White | Zuffa, LLC; TKO Operating Company, LLC | | | |

| | |
|---|---|
| Seth Zaslow | TKO Operating Company, LLC |
| Marshall Zelaznik | Zuffa, LLC; TKO Operating Company, LLC |
| Albert Acosta | Endeavor Group Holdings, Inc. |
| Olsvaldo Arias | Zuffa, LLC; TKO Operating Company, LLC |
| Tony Barboza | Zuffa, LLC; TKO Operating Company, LLC |
| Buffey Curtis | Zuffa, LLC; TKO Operating Company, LLC |
| Nichole Durand | Zuffa, LLC; TKO Operating Company, LLC |
| Egon Durban | Zuffa, LLC; TKO Operating Company, LLC |
| Jamie Euster | Endeavor Group Holdings, Inc. |
| Keith Friedenberg | Endeavor Group Holdings, Inc. |
| Graham Fry | Endeavor Group Holdings, Inc. |
| Tim Gardner | Endeavor Group Holdings, Inc. |
| Rami Genauer | Zuffa, LLC; TKO Operating Company, LLC |
| Christoph Goessing | Zuffa, LLC; TKO Operating Company, LLC |
| Krista Hall | Zuffa, LLC; TKO Operating Company, LLC |
| Reed Harris | Zuffa, LLC; TKO Operating Company, LLC |
| Shane Kapral | Zuffa, LLC; TKO Operating Company, LLC |
| Seth Krauss | Endeavor Group Holdings, Inc. & Zuffa, LLC; TKO Operating Company, LLC |
| Ajay Madkekar | Endeavor Group Holdings, Inc. |
| David Phillips | Endeavor Group Holdings, Inc. |
| Chris Provino | Zuffa, LLC; TKO Operating Company, LLC |

| | |
|---|---|
| Marc Ratner | Zuffa, LLC; TKO Operating Company, LLC |
| Zack Rose | Endeavor Group Holdings, Inc. |
| Jonathan Shin | Zuffa, LLC; TKO Operating Company, LLC |
| Brandon Stuckenberg | Zuffa, LLC; TKO Operating Company, LLC |
| Robert Crowley Sullivan | Zuffa, LLC; TKO Operating Company, LLC |
| Blake Ulrich | Endeavor Group Holdings, Inc. |
| Marc Webster | Endeavor Group Holdings, Inc. |
| Patrick Whitesell | Zuffa, LLC; TKO Operating Company, LLC |
| Matt Woodmancy | Endeavor Group Holdings, Inc. |
| Chika Yoshinaga | Zuffa, LLC; TKO Operating Company, LLC |
| Nick Zombolas | Zuffa, LLC; TKO Operating Company, LLC |
| Sam Zussman | Endeavor Group Holdings, Inc. |

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Nevada

| | |
|---|---|
| Mikhail Cirkunovs | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No.  2:25-cv-00914-RFB-BNW |
| Zuffa, LLC dba Ultimate Fighting Championship et al. | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                       Life360, Inc.
c/o CSC - LAWYERS INCORPORATING SERVICE 2710 GATEWAY OAKS DRIVE SACRAMENTO, CA 95835

_(Name of person to whom this subpoena is directed)_

✔ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place       BERGER MONTAGUE 505 Montgomery Street Suite 625 San Francisco, CA 94111 | Date and Time:    1/17/2026 5:00 pm |
|---|---|

✔ _Inspection of Premises_: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  12/17/2025

                  _CLERK OF COURT_
                                          OR
                                                     /s/ Daniel Gifford
    _____                _____
    _Signature of Clerk or Deputy Clerk_                _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_
Plaintiff Mikhail Cirkunovs                                       , who issues or requests this subpoena, are:
Daniel Gifford; 88 Pine Street, 14th Floor, New York, NY 10005; dgifford@cohenmilstein.com; (212) 838-7797

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:25-cv-00914-RFB-BNW

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                                    *Server's signature*

                                         _____
                                                    *Printed name and title*

                                         _____
                                                    *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## SCHEDULE A

### I. DEFINITIONS

1. The following rules of construction should apply to all discovery requests:

    a) "**All**" should be construed to include the collective as well as the singular and shall mean "each," "any," and "every."

    b) "**And**" and "or" should be construed so as to require the broadest possible response. If, for example, a request calls for information about "A or B" or "A and B," You should produce all information about A and all information about B, as well as all information about A and B collectively. In other words, "or" and "and" should be read as "and/or."

    c) "**Any**" shall be construed to mean "any and all."

    d) "**Including**" shall be construed to mean "without limitation." "Including" is used to emphasize certain types of documents requested and should not be construed as limiting the request in any way.

    e) "**Relating to**," "**referring to**," "**regarding**," or "**with respect to**" mean, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

    f) The use of the singular form of any word includes the plural and vice versa.

    g) Unless otherwise indicated, the use of the present tense of any verb shall be construed to include the past tense going back to the beginning of the Relevant Time Period, and the use of the past tense shall be construed to run from the beginning of the Relevant Time Period through the present.

2. "**Actions**" means *Kajan Johnson, et al. v. Zuffa, LLC, et al.*, No. 2:21-cv-01189 (D. Nev.);

*Mikhail Cirkunovs v. Zuffa, LLC, et al.*, No. 2:25-cv-00914 (D. Nev.); and *Phil Davis v. Zuffa, LLC, et al.*, No. 2:25-cv-00946 (D. Nev.).

3. "**Communication**" means without limitation, oral or written communications of any kind, such as electronic communications, direct communications through social media (including without limitation direct messaging, instant messaging, chatting or emailing within a social media platform), facsimiles, telephone communications, correspondence, exchange of written or recorded information, or face-to-face meetings. The phrase "communication between" is defined to include instances where one party addresses the other party but the other party does not necessarily respond. The phrase "communication" includes all attachments to e-mail messages.

4. "**Date**" means the exact day, month, and year, if ascertainable, or the best available approximation, including any relationship to other known events (designate whether exact or approximate).

5. "**Document(s)**" shall mean and include all "writings," "recordings" or "photographs" as those terms are defined in Federal Rule of Civil Procedure 34 and Rule 1001 of the Federal Rules of Evidence. Without limiting the generality of the foregoing, the term "Documents" includes both hard copy documents and electronically stored data files including but not limited to e-mail, instant messaging, social media content (including without limitation public content such as Tweets, YouTube submissions, Facebook posts, and posts to any public electronic billboard, as well as private content such as direct messaging, instant messaging, chats, and email), shared network files and databases. "Documents" also includes, without limitation and regardless of whether stored in hard copy or electronically, any letters, correspondence, memoranda, analyses, legal pleadings, calendars, diaries,

travel records, summaries, records of telephone conversations, telegrams, notes, reports, compilations, notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, audiotapes, film and sound reproductions, e-mails, internal or external web sites, audio or video discs data on magnetic or optical storage media (e.g., servers, storage area networks, interconnected remote servers (so-called "cloud computing"), hard drives, backup tapes, CDs, DVDs, Blu-ray, DVD-HD, USB/thumb/flash drives, floppy disks or any other type of portable storage device, etc.) stored as an "active" or backup file, in its native format, computer files, discs and drives, sales, advertising and promotional literature, agreements, stored recordings, minutes or other records of meetings, all written or graphic records or representations of any kind, and all mechanical or electronic data, records or representations of any kind.

6. "**Electronically Stored Information**," abbreviated as "**ESI**" has the same meaning and scope as it has in the Federal Rules of Civil Procedure and includes, without limitation, the following:

    a)  structured and unstructured data, as those terms are defined in The Sedona Conference Glossary, available at www.thesedonaconference.org/publications;

    b)  activity listings of electronic mail receipts and/or transmittals;

    c)  output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, text messages (SMS, MMS or TMS), iMessages, Blackberry Messenger (BBM), AOL Instant MessengerTM (or similar program), social media (including without limitation Twitter, LinkedIn, YouTube, Facebook, Instagram, and

any other internet based messaging system) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

d)  any and all items stored on computer memories, hard disks, floppy disks, CD discs, DVD discs, flash drives, thumb drives, memory cards, magnetic tape, microfiche, off-site interconnected servers (so-called "cloud computing"), or in any other vehicle for digital data storage and/or transmittal, such as, but not limited to, a personal digital assistant (*e.g.*, Blackberry, Smart Phone or similar device) and file folder tabs, and/or containers and labels appended to, or relating to, any physical storage device associated with each original and/or copy of all documents requested herein;

e)  any and all items stored on voice-mail systems, websites, company intranet sites, chat rooms and social networking websites (*e.g.*, Facebook, LinkedIn, Twitter, and social websites listed at http://en.wikipedia.org/wiki/List of social networking websites); and

f)  any and all data, data compilations, and data analyses.

7.  "**Employee**" means, without limitation, any current or former officer, director, executive, manager, member, secretary, staff member, consultant, messenger, agent or other person who is or was employed by a Person or entity.

8.  "**Identify**," when used in reference to an individual employee, means to produce documents sufficient to identify: the person's full name, last known business and home address; date of birth; social security number; title or position and period of service in each such position; immediate supervisor in each position; business and home telephone numbers (including voice, cellular and facsimile phone numbers) assigned to or used by

such person and the period during which such numbers were assigned to be used by that person; and business and home electronic mail identifiers and the period during which such identifiers were assigned to and used by that person.

9. "**Meeting**" means, without limitation, any assembly, convocation, encounter, or contemporaneous presence of two or more persons for any purpose, whether planned or arranged, scheduled or not. Meeting attendees may be present in person or by electronic means including, but not limited to, teleconference and videoconference.

10. "**Person**" means, without limitation, any natural person, corporation, partnership, limited liability company, proprietorship, joint venture, trust, association, government entity, group or other form of legal entity.

11. "**Plaintiffs**" means Kajan Johnson, Clarence Dollaway, Tristen Connelly, Mikhail Cirkunovs, Phil Davis, and any named plaintiffs in any subsequently filed Actions which are related to or consolidated with the Actions in the court with jurisdiction over the cases.

12. "**Possession, Custody or Control**" when referring to Documents or other tangible objects means any Document or other tangible object You have access to regardless of whether You have actual possession of the document or other tangible object. This includes Documents You have the legal right to obtain or for which You have control over the person who has control of the Document, including without limitation Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or Your attorneys or their agents, employees, representatives or investigators.

13. "**Social Media**" means any web-hosted applications that facilitate public posting of words, images or video and audio recordings, and private interactions such as private messaging or email, among users. Examples of Social Media include without limitation, Twitter,

Facebook, YouTube, Instagram, TikTok, WhatsApp, Signal, and Telegram.

14. "**You**," "**Your**," "**Your Company**" means Life360, Inc., individually, and Life360, Inc. and its predecessors, successors, subsidiaries, departments, divisions, affiliates, any organization or entity which Life360, Inc. has acquired, or with which Life360, Inc. has merged, and any organization or entity which Life360, Inc. manages, controls or has an ownership interest in, together with all current and former directors, officers, employees, agents, representatives or any persons acting or purporting to act on Your behalf.

15. "**Zuffa**," "**UFC**," or "**Defendant**" all mean Ultimate Fighting Championship, UFC, TKO Operating Company, LLC ("**TKO OpCo**") (f/k/a Zuffa Parent LLC), a Delaware limited liability company and the direct subsidiary of TKO Group Holdings, Inc., a Delaware corporation ("**TKO Group Holdings**"), Endeavor Group Holdings, Inc., a Delaware corporation ("**Endeavor**"), and all predecessors, successors, subsidiaries, departments, divisions, acquisitions, affiliates and any organization or entity TKO OpCo or TKO Group Holdings manages or controls, together with all present and former directors, members, officers, employees, agents, representatives or any persons acting or purporting to act on TKO OpCo's behalf including, without limitation, Ari Emanual, Dana White, Mark Shapiro, Patrick Whitsell, Ike Lawrence Epstein, Lorenzo Fertitta or Hunter Campbell.

## II. **INSTRUCTIONS**

1. In producing Documents, You are requested to furnish all Documents or things in Your possession, custody or control, regardless of the physical location of the Documents, or whether such Documents or other materials are possessed directly by You or Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates,

investigators, or by Your attorneys or their agents, employees, representatives or investigators.

2. If any document covered by these requests is withheld by reason of a claim of attorney-client privilege, attorney work product protection, or any other privilege or protection, please furnish a log providing the following information with respect to each such withheld document: date, author, recipients, general subject matter sufficient to make a prima facie determination whether the asserted privilege has been properly invoked, and legal basis upon which the document has been withheld.

3. In producing Documents, You are requested to produce the original of each Document requested, together with all non-identical copies and drafts of such Document. If the original of any Document cannot be located, a copy shall be produced in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

4. If any requested Document cannot be produced in full, You are to produce it to the extent possible, indicating which Document, or portion of such Document, is being withheld, and the reason that it is being withheld.

5. Documents not otherwise responsive to these Requests shall be produced if such Documents mention, discuss, refer to, or explain the Documents that are called for by these Requests, or if such Documents are attached to Documents called for by these Requests and constitute routing slips, transmittal memoranda, letters, cover sheets, comments, evaluation or similar materials.

6. All Documents shall be produced in the same order as they are kept or maintained by You in the ordinary course of Your business. If any Documents have been removed from the files in which they were found for purposes of producing them in response to these

Requests, indicate for each Document the file(s) in which the Document(s) was (or were) originally located.

7.  If a Document once existed and has subsequently been lost, destroyed, or is otherwise missing, please provide sufficient information to identify the Document and state the details concerning its loss.

8.  With respect to any Document maintained or stored electronically, please harvest it in a manner that maintains the integrity and readability of all data, including all metadata.

9.  Unless otherwise agreed, all ESI should be produced in native format via a secure file transfer protocol, or on compact disc(s), DVD disc(s) or zip drives in the original electronic file format(s) of the Documents.

10.  Please produce all Documents maintained or stored electronically in native, electronic format with all relevant metadata intact. Encrypted or password-protected documents should be produced in a form permitting them to be reviewed. You are also requested to immediately meet and confer regarding the manner in which You shall produce Documents stored electronically in order for the parties to try and reach agreement in this regard and avoid any unnecessary expense.

11.  Please organize electronic Documents produced for inspection in the same manner that You store them (e.g., if maintained by a custodian, such as e-mail residing on an e-mail server, please organize documents for production by custodian; if maintained as a subfolder of "My Documents" on a custodian's hard drive, please organize documents for production by custodian with path information preserved, etc.).

12.  All ESI should be produced in accordance with the attached Stipulated Order Re: Discovery of Electronically Stored Information.

13.  Documents attached to each other should not be separated, including, but not limited to, hard-copy versions of Documents attached to hard-copy printouts of e-mails produced pursuant to these Requests.

14. At Your election, documents maintained or stored in paper, hard-copy form can be produced as searchable .PDF (i.e., portable document format files with embedded text) and in an appropriate and usable manner (e.g., by copying such data onto an external hard drive).

15. These requests require production of paper documents in the same form and same order as they are kept in the usual course of business, or organized and labeled to correspond with the requests set forth below. If You choose the former method, the documents are to be produced in the boxes, file folders, binders and other containers in which the documents are found. The titles, labels or other descriptions on the boxes, file folders, binders or other containers are to be left intact.

16. Documents stored as electronic data on magnetic, optical, or other storage media as "active" or "backup" files shall be produced in their native formats with any associated metadata.

17. To the extent responsive Documents reside on databases and other such systems and files, You are requested to produce the relevant database in useable form and/or permit access for inspection, review, and extraction of responsive information.

18. To the extent responsive Documents are in languages other than English, the parties shall meet and confer to discuss the format of production prior thereto.

19. No part of a document request shall be left unanswered merely because an objection was

interposed to another part of the document request.

20. If You object to any document request or subpart thereof, the objection shall state with specificity all grounds. Any ground not stated shall be waived.

21. If You are unable to answer any document request, the reasons for Your inability to answer shall be separately stated in detail for each document request.

22. Category headings herein are for convenience and should not be relied upon to modify, limit, alter or otherwise influence in any way how to interpret these document requests.

## III. **RELEVANT TIME PERIOD**

Unless otherwise noted herein, the relevant time period of these document requests is July 1, 2015, until the present (the "**Relevant Time Period**"). These document requests seek all responsive Documents created or generated during the Relevant Time Period, as well as responsive Documents created or generated outside the Relevant Time Period, but which contain information concerning the Relevant Time Period.

## IV.    **PRODUCTION REQUESTS**

REQUEST NO. 1.

Pursuant to 18 U.S.C. § 2702(c)(6), all non-content subscriber records and account information for the individuals listed in Exhibit 1.[1]

Subscriber records and account information should include, but are not limited to, the following:

- Subscriber registration information, including, but not limited to, full names; associated email addresses; associated telephone numbers; associated addresses; user IDs, usernames, or handles; and dates of birth (if collected);

- IP address logs and login/logout history, including the date/time stamps (with time zone); IP addresses; port numbers; and associated session identifiers for each successful or attempted login during the Relevant Time Period;

- All activity logs or log files for the accounts showing all user activities during the Relevant Period, excluding information that may contain content data. User activities include, without limitation:

  - o Engaging in one-to-one and group messaging communications, including sender and recipient identifiers (e.g., user IDs/handles/phone numbers), group identifiers, date/time stamps (with time zone), delivery status, and message size/length, excluding message contents;

---

[1] Exhibit 1 contains potential login identifiers for the listed individuals but is non-exhaustive. Because the complete list of associated account information for each individual will be within Your possession, custody, and control, Plaintiffs respectfully request to meet and confer on this Request.

- o Engaging in one-to-one and group calls (voice/video), including caller/callee identifiers, date/time stamps (with time zone), call duration, and call disposition, excluding call contents;

- o Participating in group memberships, including group identifiers, group name, date/time of user joining/leaving, and group admin(s), excluding any content of group messages;

- o Uploading videos or other posts; making comments on other users' posts; reacting to other users' posts; saving or bookmarking other users' posts; messaging, following, or "friending" other users; participating in live chats; and/or utilizing other public or private social networking activities You facilitate, including the date, time, and user(s) associated with the individual's use of Your features.

- Device information, including device type, OS version, device identifiers (e.g., device tokens, serial numbers, advertising ID where applicable), app version, and date/time stamps of devices associated with each account;

- Current account status (active, deactivated, permanently deleted) and records identifying the creation, deletion, deactivation, or reactivation of each account, including date/time stamps and the method by which such action occurred;

- Other account changes and events, including username changes, profile changes, linked accounts, password resets, recovery email/phone changes, two-factor authentication activation/deactivation, and date/time stamps for such events;

- All preservation/retention and privacy settings, including changes in settings and the dates on which they occurred. This includes, but is not limited to, records of content

deletion events or disappearing content settings, including when disappearing timers were enabled/modified and their durations, and date/time of content deletions (if maintained).

- Any preservation requests, legal process logs, or legal holds relating to the account, including the date of receipt of legal process and the categories of information preserved;

- Payment and billing records (if any), including payment method type (with masked numbers only), billing address, dates of payments, subscription status, and transaction logs, excluding full financial account numbers.

Exhibit 1

| Name | Employer | Associated Phone Numbers | Associated Email Addresses | Associated Usernames |
|---|---|---|---|---|
| Akosa Akpom | TKO Operating Company, LLC | | | |
| David Avery | TKO Operating Company, LLC | | | |
| Denitza Batchvarova | Zuffa, LLC | | | |
| Nakisa Bidarian | Zuffa, LLC | | | |
| Tracey Bleczinski | TKO Operating Company, LLC | | | |
| Craig Borsari | Zuffa, LLC | | | |
| Hunter Campbell | Zuffa, LLC | | | |
| Deborah Cook | TKO Operating Company, LLC | | | |
| Peter Dropick | Zuffa, LLC | | | |
| Ariel Emanuel | Endeavor Group Holdings, Inc.; TKO Operating Company, LLC | | | |
| Lawrence "Ike" Epstein | Zuffa, LLC | | | |
| Chadwick Hurley | Zuffa, LLC | | | |
| Tracy Long | Zuffa, LLC | | | |
| Jason Lublin | Endeavor Group Holdings, Inc. | | | |
| Michael "Mick" Maynard | Zuffa, LLC | | | |
| Michael Mossholder | Zuffa, LLC | | | |
| Grant Norris-Jones | TKO Operating Company, LLC | | | |
| Brittany Santypal | TKO Operating Company, LLC | | | |
| Andrew Schleimer | Zuffa, LLC | | | |
| Mark Shapiro | Endeavor Group Holdings, Inc.; TKO Operating Company, LLC | | | |
| David Shaw | TKO Operating Company, LLC | | | |
| Sean Shelby | Zuffa, LLC | | | |
| Joe Silva | Zuffa, LLC; TKO Operating Company, LLC | | | |
| Dana White | Zuffa, LLC; TKO Operating Company, LLC | | | |

| | |
|---|---|
| Seth Zaslow | TKO Operating Company, LLC |
| Marshall Zelaznik | Zuffa, LLC; TKO Operating Company, LLC |
| Albert Acosta | Endeavor Group Holdings, Inc. |
| Olsvaldo Arias | Zuffa, LLC; TKO Operating Company, LLC |
| Tony Barboza | Zuffa, LLC; TKO Operating Company, LLC |
| Buffey Curtis | Zuffa, LLC; TKO Operating Company, LLC |
| Nichole Durand | Zuffa, LLC; TKO Operating Company, LLC |
| Egon Durban | Zuffa, LLC; TKO Operating Company, LLC |
| Jamie Euster | Endeavor Group Holdings, Inc. |
| Keith Friedenberg | Endeavor Group Holdings, Inc. |
| Graham Fry | Endeavor Group Holdings, Inc. |
| Tim Gardner | Endeavor Group Holdings, Inc. |
| Rami Genauer | Zuffa, LLC; TKO Operating Company, LLC |
| Christoph Goessing | Zuffa, LLC; TKO Operating Company, LLC |
| Krista Hall | Zuffa, LLC; TKO Operating Company, LLC |
| Reed Harris | Zuffa, LLC; TKO Operating Company, LLC |
| Shane Kapral | Zuffa, LLC; TKO Operating Company, LLC |
| Seth Krauss | Endeavor Group Holdings, Inc. & Zuffa, LLC; TKO Operating Company, LLC |
| Ajay Madkekar | Endeavor Group Holdings, Inc. |
| David Phillips | Endeavor Group Holdings, Inc. |
| Chris Provino | Zuffa, LLC; TKO Operating Company, LLC |

| | |
|---|---|
| Marc Ratner | Zuffa, LLC; TKO Operating Company, LLC |
| Zack Rose | Endeavor Group Holdings, Inc. |
| Jonathan Shin | Zuffa, LLC; TKO Operating Company, LLC |
| Brandon Stuckenberg | Zuffa, LLC; TKO Operating Company, LLC |
| Robert Crowley Sullivan | Zuffa, LLC; TKO Operating Company, LLC |
| Blake Ulrich | Endeavor Group Holdings, Inc. |
| Marc Webster | Endeavor Group Holdings, Inc. |
| Patrick Whitesell | Zuffa, LLC; TKO Operating Company, LLC |
| Matt Woodmancy | Endeavor Group Holdings, Inc. |
| Chika Yoshinaga | Zuffa, LLC; TKO Operating Company, LLC |
| Nick Zombolas | Zuffa, LLC; TKO Operating Company, LLC |
| Sam Zussman | Endeavor Group Holdings, Inc. |

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the
District of Nevada

| Johnson et al. | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.    2:21-cv-01189-RFB-BNW |
| Zuffa, LLC dba Ultimate Fighting Championship et al. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                    Viber Media, Inc.
c/o Elaine Selan  416 W SAN YSIDRO BLVD L-1958  SAN YSIDRO, CA  92173

*(Name of person to whom this subpoena is directed)*

**X** *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place:    BERGER MONTAGUE 8241 La Mesa Blvd, Suite A La Mesa, CA 91942 | Date and Time:    1/17/2026 5:00 pm |
|---|---|

' *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    12/17/2025

CLERK OF COURT

OR

_____                    /s/ Daniel Gifford
*Signature of Clerk or Deputy Clerk*                    _____
                                                        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Plaintiffs Kajan Johnson, Clarence Dollaway, and Tristan Connelly_____, who issues or requests this subpoena, are:
Daniel Gifford; 88 Pine Street, 14th Floor, New York, NY 10005; dgifford@cohenmilstein.com; (212) 838-7797

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:21-cv-01189-RFB-BNW

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii)is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  *(A)* *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B)* *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii)These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    ( ) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (i) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (ii)subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A)* *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B)* *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C)* *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D)* *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii)describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

<u>**SCHEDULE A**</u>

I. <u>**DEFINITIONS**</u>

1. The following rules of construction should apply to all discovery requests:

a) "**All**" should be construed to include the collective as well as the singular and shall mean "each," "any," and "every."

b) "**And**" and "or" should be construed so as to require the broadest possible response. If, for example, a request calls for information about "A or B" or "A and B," You should produce all information about A and all information about B, as well as all information about A and B collectively. In other words, "or" and "and" should be read as "and/or."

c) "**Any**" shall be construed to mean "any and all."

d) "**Including**" shall be construed to mean "without limitation." "Including" is used to emphasize certain types of documents requested and should not be construed as limiting the request in any way.

e) "**Relating to**," "**referring to**," "**regarding**," or "**with respect to**" mean, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

f) The use of the singular form of any word includes the plural and vice versa.

g) Unless otherwise indicated, the use of the present tense of any verb shall be construed to include the past tense going back to the beginning of the Relevant Time Period, and the use of the past tense shall be construed to run from the beginning of the Relevant Time Period through the present.

2. "**Actions**" means *Kajan Johnson, et al. v. Zuffa, LLC, et al.*, No. 2:21-cv-01189 (D. Nev.);

*Mikhail Cirkunovs v. Zuffa, LLC, et al.*, No. 2:25-cv-00914 (D. Nev.); and *Phil Davis v. Zuffa, LLC, et al.*, No. 2:25-cv-00946 (D. Nev.).

3. "**Communication**" means without limitation, oral or written communications of any kind, such as electronic communications, direct communications through social media (including without limitation direct messaging, instant messaging, chatting or emailing within a social media platform), facsimiles, telephone communications, correspondence, exchange of written or recorded information, or face-to-face meetings. The phrase "communication between" is defined to include instances where one party addresses the other party but the other party does not necessarily respond. The phrase "communication" includes all attachments to e-mail messages.

4. "**Date**" means the exact day, month, and year, if ascertainable, or the best available approximation, including any relationship to other known events (designate whether exact or approximate).

5. "**Document(s)**" shall mean and include all "writings," "recordings" or "photographs" as those terms are defined in Federal Rule of Civil Procedure 34 and Rule 1001 of the Federal Rules of Evidence. Without limiting the generality of the foregoing, the term "Documents" includes both hard copy documents and electronically stored data files including but not limited to e-mail, instant messaging, social media content (including without limitation public content such as Tweets, YouTube submissions, Facebook posts, and posts to any public electronic billboard, as well as private content such as direct messaging, instant messaging, chats, and email), shared network files and databases. "Documents" also includes, without limitation and regardless of whether stored in hard copy or electronically, any letters, correspondence, memoranda, analyses, legal pleadings, calendars, diaries,

travel records, summaries, records of telephone conversations, telegrams, notes, reports, compilations, notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, audiotapes, film and sound reproductions, e-mails, internal or external web sites, audio or video discs data on magnetic or optical storage media (e.g., servers, storage area networks, interconnected remote servers (so-called "cloud computing"), hard drives, backup tapes, CDs, DVDs, Blu-ray, DVD-HD, USB/thumb/flash drives, floppy disks or any other type of portable storage device, etc.) stored as an "active" or backup file, in its native format, computer files, discs and drives, sales, advertising and promotional literature, agreements, stored recordings, minutes or other records of meetings, all written or graphic records or representations of any kind, and all mechanical or electronic data, records or representations of any kind.

6. "**Electronically Stored Information**," abbreviated as "**ESI**" has the same meaning and scope as it has in the Federal Rules of Civil Procedure and includes, without limitation, the following:

   a) structured and unstructured data, as those terms are defined in The Sedona Conference Glossary, available at www.thesedonaconference.org/publications;

   b) activity listings of electronic mail receipts and/or transmittals;

   c) output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, text messages (SMS, MMS or TMS), iMessages, Blackberry Messenger (BBM), AOL Instant MessengerTM (or similar program), social media (including without limitation Twitter, LinkedIn, YouTube, Facebook, Instagram, and

any other internet based messaging system) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

d) any and all items stored on computer memories, hard disks, floppy disks, CD discs, DVD discs, flash drives, thumb drives, memory cards, magnetic tape, microfiche, off-site interconnected servers (so-called "cloud computing"), or in any other vehicle for digital data storage and/or transmittal, such as, but not limited to, a personal digital assistant (*e.g.*, Blackberry, Smart Phone or similar device) and file folder tabs, and/or containers and labels appended to, or relating to, any physical storage device associated with each original and/or copy of all documents requested herein;

e) any and all items stored on voice-mail systems, websites, company intranet sites, chat rooms and social networking websites (*e.g.*, Facebook, LinkedIn, Twitter, and social websites listed at http://en.wikipedia.org/wiki/List of social networking websites); and

f) any and all data, data compilations, and data analyses.

7. "**Employee**" means, without limitation, any current or former officer, director, executive, manager, member, secretary, staff member, consultant, messenger, agent or other person who is or was employed by a Person or entity.

8. "**Identify**," when used in reference to an individual employee, means to produce documents sufficient to identify: the person's full name, last known business and home address; date of birth; social security number; title or position and period of service in each such position; immediate supervisor in each position; business and home telephone numbers (including voice, cellular and facsimile phone numbers) assigned to or used by

such person and the period during which such numbers were assigned to be used by that person; and business and home electronic mail identifiers and the period during which such identifiers were assigned to and used by that person.

9. "**Meeting**" means, without limitation, any assembly, convocation, encounter, or contemporaneous presence of two or more persons for any purpose, whether planned or arranged, scheduled or not. Meeting attendees may be present in person or by electronic means including, but not limited to, teleconference and videoconference.

10. "**Person**" means, without limitation, any natural person, corporation, partnership, limited liability company, proprietorship, joint venture, trust, association, government entity, group or other form of legal entity.

11. "**Plaintiffs**" means Kajan Johnson, Clarence Dollaway, Tristen Connelly, Mikhail Cirkunovs, Phil Davis, and any named plaintiffs in any subsequently filed Actions which are related to or consolidated with the Actions in the court with jurisdiction over the cases.

12. "**Possession, Custody or Control**" when referring to Documents or other tangible objects means any Document or other tangible object You have access to regardless of whether You have actual possession of the document or other tangible object. This includes Documents You have the legal right to obtain or for which You have control over the person who has control of the Document, including without limitation Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or Your attorneys or their agents, employees, representatives or investigators.

13. "**Social Media**" means any web-hosted applications that facilitate public posting of words, images or video and audio recordings, and private interactions such as private messaging or email, among users. Examples of Social Media include without limitation, Twitter,

Facebook, YouTube, Instagram, TikTok, WhatsApp, Signal, and Telegram.

14. "**You**," "**Your**," "**Your Company**" means Viber Media, Inc., individually, and Viber Media, Inc. and its predecessors, successors, subsidiaries, departments, divisions, affiliates, any organization or entity which Viber Media, Inc. has acquired, or with which Viber Media, Inc. has merged, and any organization or entity which Viber Media, Inc. manages, controls or has an ownership interest in, together with all current and former directors, officers, employees, agents, representatives or any persons acting or purporting to act on Your behalf.

15. "**Zuffa**," "**UFC**," or "**Defendant**" all mean Ultimate Fighting Championship, UFC, TKO Operating Company, LLC ("**TKO OpCo**") (f/k/a Zuffa Parent LLC), a Delaware limited liability company and the direct subsidiary of TKO Group Holdings, Inc., a Delaware corporation ("**TKO Group Holdings**"), Endeavor Group Holdings, Inc., a Delaware corporation ("**Endeavor**"), and all predecessors, successors, subsidiaries, departments, divisions, acquisitions, affiliates and any organization or entity TKO OpCo or TKO Group Holdings manages or controls, together with all present and former directors, members, officers, employees, agents, representatives or any persons acting or purporting to act on TKO OpCo's behalf including, without limitation, Ari Emanual, Dana White, Mark Shapiro, Patrick Whitsell, Ike Lawrence Epstein, Lorenzo Fertitta or Hunter Campbell.

## II. INSTRUCTIONS

1. In producing Documents, You are requested to furnish all Documents or things in Your possession, custody or control, regardless of the physical location of the Documents, or whether such Documents or other materials are possessed directly by You or Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates,

investigators, or by Your attorneys or their agents, employees, representatives or investigators.

2. If any document covered by these requests is withheld by reason of a claim of attorney-client privilege, attorney work product protection, or any other privilege or protection, please furnish a log providing the following information with respect to each such withheld document: date, author, recipients, general subject matter sufficient to make a prima facie determination whether the asserted privilege has been properly invoked, and legal basis upon which the document has been withheld.

3. In producing Documents, You are requested to produce the original of each Document requested, together with all non-identical copies and drafts of such Document. If the original of any Document cannot be located, a copy shall be produced in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

4. If any requested Document cannot be produced in full, You are to produce it to the extent possible, indicating which Document, or portion of such Document, is being withheld, and the reason that it is being withheld.

5. Documents not otherwise responsive to these Requests shall be produced if such Documents mention, discuss, refer to, or explain the Documents that are called for by these Requests, or if such Documents are attached to Documents called for by these Requests and constitute routing slips, transmittal memoranda, letters, cover sheets, comments, evaluation or similar materials.

6. All Documents shall be produced in the same order as they are kept or maintained by You in the ordinary course of Your business. If any Documents have been removed from the files in which they were found for purposes of producing them in response to these

Requests, indicate for each Document the file(s) in which the Document(s) was (or were) originally located.

7. If a Document once existed and has subsequently been lost, destroyed, or is otherwise missing, please provide sufficient information to identify the Document and state the details concerning its loss.

8. With respect to any Document maintained or stored electronically, please harvest it in a manner that maintains the integrity and readability of all data, including all metadata.

9. Unless otherwise agreed, all ESI should be produced in native format via a secure file transfer protocol, or on compact disc(s), DVD disc(s) or zip drives in the original electronic file format(s) of the Documents.

10. Please produce all Documents maintained or stored electronically in native, electronic format with all relevant metadata intact. Encrypted or password-protected documents should be produced in a form permitting them to be reviewed. You are also requested to immediately meet and confer regarding the manner in which You shall produce Documents stored electronically in order for the parties to try and reach agreement in this regard and avoid any unnecessary expense.

11. Please organize electronic Documents produced for inspection in the same manner that You store them (e.g., if maintained by a custodian, such as e-mail residing on an e-mail server, please organize documents for production by custodian; if maintained as a subfolder of "My Documents" on a custodian's hard drive, please organize documents for production by custodian with path information preserved, etc.).

12. All ESI should be produced in accordance with the attached Stipulated Order Re: Discovery of Electronically Stored Information.

13. Documents attached to each other should not be separated, including, but not limited to, hard-copy versions of Documents attached to hard-copy printouts of e-mails produced pursuant to these Requests.

14. At Your election, documents maintained or stored in paper, hard-copy form can be produced as searchable .PDF (i.e., portable document format files with embedded text) and in an appropriate and usable manner (e.g., by copying such data onto an external hard drive).

15. These requests require production of paper documents in the same form and same order as they are kept in the usual course of business, or organized and labeled to correspond with the requests set forth below. If You choose the former method, the documents are to be produced in the boxes, file folders, binders and other containers in which the documents are found. The titles, labels or other descriptions on the boxes, file folders, binders or other containers are to be left intact.

16. Documents stored as electronic data on magnetic, optical, or other storage media as "active" or "backup" files shall be produced in their native formats with any associated metadata.

17. To the extent responsive Documents reside on databases and other such systems and files, You are requested to produce the relevant database in useable form and/or permit access for inspection, review, and extraction of responsive information.

18. To the extent responsive Documents are in languages other than English, the parties shall meet and confer to discuss the format of production prior thereto.

19. No part of a document request shall be left unanswered merely because an objection was

interposed to another part of the document request.

20. If You object to any document request or subpart thereof, the objection shall state with specificity all grounds. Any ground not stated shall be waived.

21. If You are unable to answer any document request, the reasons for Your inability to answer shall be separately stated in detail for each document request.

22. Category headings herein are for convenience and should not be relied upon to modify, limit, alter or otherwise influence in any way how to interpret these document requests.

## III. **RELEVANT TIME PERIOD**

Unless otherwise noted herein, the relevant time period of these document requests is July 1, 2015, until the present (the "**Relevant Time Period**"). These document requests seek all responsive Documents created or generated during the Relevant Time Period, as well as responsive Documents created or generated outside the Relevant Time Period, but which contain information concerning the Relevant Time Period.

## IV.    **PRODUCTION REQUESTS**

REQUEST NO. 1.

Pursuant to 18 U.S.C. § 2702(c)(6), all non-content subscriber records and account information for the individuals listed in Exhibit 1.[1]

Subscriber records and account information should include, but are not limited to, the following:

- Subscriber registration information, including, but not limited to, full names; associated email addresses; associated telephone numbers; associated addresses; user IDs, usernames, or handles; and dates of birth (if collected);

- IP address logs and login/logout history, including the date/time stamps (with time zone); IP addresses; port numbers; and associated session identifiers for each successful or attempted login during the Relevant Time Period;

- All activity logs or log files for the accounts showing all user activities during the Relevant Period, excluding information that may contain content data. User activities include, without limitation:

  o Engaging in one-to-one and group messaging communications, including sender and recipient identifiers (e.g., user IDs/handles/phone numbers), group identifiers, date/time stamps (with time zone), delivery status, and message size/length, excluding message contents;

---

[1] Exhibit 1 contains potential login identifiers for the listed individuals but is non-exhaustive. Because the complete list of associated account information for each individual will be within Your possession, custody, and control, Plaintiffs respectfully request to meet and confer on this Request.

- o Engaging in one-to-one and group calls (voice/video), including caller/callee identifiers, date/time stamps (with time zone), call duration, and call disposition, excluding call contents;

- o Participating in group memberships, including group identifiers, group name, date/time of user joining/leaving, and group admin(s), excluding any content of group messages;

- o Uploading videos or other posts; making comments on other users' posts; reacting to other users' posts; saving or bookmarking other users' posts; messaging, following, or "friending" other users; participating in live chats; and/or utilizing other public or private social networking activities You facilitate, including the date, time, and user(s) associated with the individual's use of Your features.

- Device information, including device type, OS version, device identifiers (e.g., device tokens, serial numbers, advertising ID where applicable), app version, and date/time stamps of devices associated with each account;

- Current account status (active, deactivated, permanently deleted) and records identifying the creation, deletion, deactivation, or reactivation of each account, including date/time stamps and the method by which such action occurred;

- Other account changes and events, including username changes, profile changes, linked accounts, password resets, recovery email/phone changes, two-factor authentication activation/deactivation, and date/time stamps for such events;

- All preservation/retention and privacy settings, including changes in settings and the dates on which they occurred. This includes, but is not limited to, records of content

deletion events or disappearing content settings, including when disappearing timers were
enabled/modified and their durations, and date/time of content deletions (if maintained).

- Any preservation requests, legal process logs, or legal holds relating to the account, including the date of receipt of legal process and the categories of information preserved;

- Payment and billing records (if any), including payment method type (with masked numbers only), billing address, dates of payments, subscription status, and transaction logs, excluding full financial account numbers.

Exhibit 1

| Name | Employer | Associated Phone Numbers | Associated Email Addresses | Associated Usernames |
|------|----------|--------------------------|----------------------------|----------------------|
| Akosa Akpom | TKO Operating Company, LLC | | | |
| David Avery | TKO Operating Company, LLC | | | |
| Denitza Batchvarova | Zuffa, LLC | | | |
| Nakisa Bidarian | Zuffa, LLC | | | |
| Tracey Bleczinski | TKO Operating Company, LLC | | | |
| Craig Borsari | Zuffa, LLC | | | |
| Hunter Campbell | Zuffa, LLC | | | |
| Deborah Cook | TKO Operating Company, LLC | | | |
| Peter Dropick | Zuffa, LLC | | | |
| Ariel Emanuel | Endeavor Group Holdings, Inc.; TKO Operating Company, LLC | | | |
| Lawrence "Ike" Epstein | Zuffa, LLC | | | |
| Chadwick Hurley | Zuffa, LLC | | | |
| Tracy Long | Zuffa, LLC | | | |
| Jason Lublin | Endeavor Group Holdings, Inc. | | | |
| Michael "Mick" Maynard | Zuffa, LLC | | | |
| Michael Mossholder | Zuffa, LLC | | | |
| Grant Norris-Jones | TKO Operating Company, LLC | | | |
| Brittany Santypal | TKO Operating Company, LLC | | | |
| Andrew Schleimer | Zuffa, LLC | | | |
| Mark Shapiro | Endeavor Group Holdings, Inc.; TKO Operating Company, LLC | | | |
| David Shaw | TKO Operating Company, LLC | | | |
| Sean Shelby | Zuffa, LLC | | | |
| Joe Silva | Zuffa, LLC; TKO Operating Company, LLC | | | |
| Dana White | Zuffa, LLC; TKO Operating Company, LLC | | | |

| | |
|---|---|
| Seth Zaslow | TKO Operating Company, LLC |
| Marshall Zelaznik | Zuffa, LLC; TKO Operating Company, LLC |
| Albert Acosta | Endeavor Group Holdings, Inc. |
| Olsvaldo Arias | Zuffa, LLC; TKO Operating Company, LLC |
| Tony Barboza | Zuffa, LLC; TKO Operating Company, LLC |
| Buffey Curtis | Zuffa, LLC; TKO Operating Company, LLC |
| Nichole Durand | Zuffa, LLC; TKO Operating Company, LLC |
| Egon Durban | Zuffa, LLC; TKO Operating Company, LLC |
| Jamie Euster | Endeavor Group Holdings, Inc. |
| Keith Friedenberg | Endeavor Group Holdings, Inc. |
| Graham Fry | Endeavor Group Holdings, Inc. |
| Tim Gardner | Endeavor Group Holdings, Inc. |
| Rami Genauer | Zuffa, LLC; TKO Operating Company, LLC |
| Christoph Goessing | Zuffa, LLC; TKO Operating Company, LLC |
| Krista Hall | Zuffa, LLC; TKO Operating Company, LLC |
| Reed Harris | Zuffa, LLC; TKO Operating Company, LLC |
| Shane Kapral | Zuffa, LLC; TKO Operating Company, LLC |
| Seth Krauss | Endeavor Group Holdings, Inc. & Zuffa, LLC; TKO Operating Company, LLC |
| Ajay Madkekar | Endeavor Group Holdings, Inc. |
| David Phillips | Endeavor Group Holdings, Inc. |
| Chris Provino | Zuffa, LLC; TKO Operating Company, LLC |

| | | |
|---|---|---|
| Marc Ratner | Zuffa, LLC; TKO Operating Company, LLC | |
| Zack Rose | Endeavor Group Holdings, Inc. | |
| Jonathan Shin | Zuffa, LLC; TKO Operating Company, LLC | |
| Brandon Stuckenberg | Zuffa, LLC; TKO Operating Company, LLC | |
| Robert Crowley Sullivan | Zuffa, LLC; TKO Operating Company, LLC | |
| Blake Ulrich | Endeavor Group Holdings, Inc. | |
| Marc Webster | Endeavor Group Holdings, Inc. | |
| Patrick Whitesell | Zuffa, LLC; TKO Operating Company, LLC | |
| Matt Woodmancy | Endeavor Group Holdings, Inc. | |
| Chika Yoshinaga | Zuffa, LLC; TKO Operating Company, LLC | |
| Nick Zombolas | Zuffa, LLC; TKO Operating Company, LLC | |
| Sam Zussman | Endeavor Group Holdings, Inc. | |

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Nevada

| | |
|---|---|
| Phil Davis | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:25-cv-00946-RFB-BNW |
| Zuffa, LLC dba Ultimate Fighting Championship et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                    Viber Media, Inc.
          c/o Elaine Selan  416 W SAN YSIDRO BLVD L-1958  SAN YSIDRO, CA  92173

*(Name of person to whom this subpoena is directed)*

⬩ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place | Date and Time: |
|---|---|
| BERGER MONTAGUE 8241 La Mesa Blvd, Suite A La Mesa, CA 91942 | 1/17/2026 5:00 pm |

⬩ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    12/17/2025

               *CLERK OF COURT*
                                              OR
                                                        /s/ Daniel Gifford
_____          _____
  *Signature of Clerk or Deputy Clerk*                      *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Plaintiff Phil Davis_____, who issues or requests this subpoena, are:
Daniel Gifford; 88 Pine Street, 14th Floor, New York, NY 10005; dgifford@cohenmilstein.com; (212) 838-7797

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:25-cv-00946-RFB-BNW

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____    _____
                                                *Server's signature*

                                          _____
                                                *Printed name and title*

                                          _____
                                                *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (iii)          requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iv)          requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (v) subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

### I. DEFINITIONS

1. The following rules of construction should apply to all discovery requests:

   a) "**All**" should be construed to include the collective as well as the singular and shall mean "each," "any," and "every."

   b) "**And**" and "or" should be construed so as to require the broadest possible response. If, for example, a request calls for information about "A or B" or "A and B," You should produce all information about A and all information about B, as well as all information about A and B collectively. In other words, "or" and "and" should be read as "and/or."

   c) "**Any**" shall be construed to mean "any and all."

   d) "**Including**" shall be construed to mean "without limitation." "Including" is used to emphasize certain types of documents requested and should not be construed as limiting the request in any way.

   e) "**Relating to**," "**referring to**," "**regarding**," or "**with respect to**" mean, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

   f) The use of the singular form of any word includes the plural and vice versa.

   g) Unless otherwise indicated, the use of the present tense of any verb shall be construed to include the past tense going back to the beginning of the Relevant Time Period, and the use of the past tense shall be construed to run from the beginning of the Relevant Time Period through the present.

2. "**Actions**" means *Kajan Johnson, et al. v. Zuffa, LLC, et al.*, No. 2:21-cv-01189 (D. Nev.);

*Mikhail Cirkunovs v. Zuffa, LLC, et al.*, No. 2:25-cv-00914 (D. Nev.); and *Phil Davis v. Zuffa, LLC, et al.*, No. 2:25-cv-00946 (D. Nev.).

3. "**Communication**" means without limitation, oral or written communications of any kind, such as electronic communications, direct communications through social media (including without limitation direct messaging, instant messaging, chatting or emailing within a social media platform), facsimiles, telephone communications, correspondence, exchange of written or recorded information, or face-to-face meetings. The phrase "communication between" is defined to include instances where one party addresses the other party but the other party does not necessarily respond. The phrase "communication" includes all attachments to e-mail messages.

4. "**Date**" means the exact day, month, and year, if ascertainable, or the best available approximation, including any relationship to other known events (designate whether exact or approximate).

5. "**Document(s)**" shall mean and include all "writings," "recordings" or "photographs" as those terms are defined in Federal Rule of Civil Procedure 34 and Rule 1001 of the Federal Rules of Evidence. Without limiting the generality of the foregoing, the term "Documents" includes both hard copy documents and electronically stored data files including but not limited to e-mail, instant messaging, social media content (including without limitation public content such as Tweets, YouTube submissions, Facebook posts, and posts to any public electronic billboard, as well as private content such as direct messaging, instant messaging, chats, and email), shared network files and databases. "Documents" also includes, without limitation and regardless of whether stored in hard copy or electronically, any letters, correspondence, memoranda, analyses, legal pleadings, calendars, diaries,

travel records, summaries, records of telephone conversations, telegrams, notes, reports, compilations, notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, audiotapes, film and sound reproductions, e-mails, internal or external web sites, audio or video discs data on magnetic or optical storage media (e.g., servers, storage area networks, interconnected remote servers (so-called "cloud computing"), hard drives, backup tapes, CDs, DVDs, Blu-ray, DVD-HD, USB/thumb/flash drives, floppy disks or any other type of portable storage device, etc.) stored as an "active" or backup file, in its native format, computer files, discs and drives, sales, advertising and promotional literature, agreements, stored recordings, minutes or other records of meetings, all written or graphic records or representations of any kind, and all mechanical or electronic data, records or representations of any kind.

6. "**Electronically Stored Information**," abbreviated as "**ESI**" has the same meaning and scope as it has in the Federal Rules of Civil Procedure and includes, without limitation, the following:

    a) structured and unstructured data, as those terms are defined in The Sedona Conference Glossary, available at www.thesedonaconference.org/publications;

    b) activity listings of electronic mail receipts and/or transmittals;

    c) output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, text messages (SMS, MMS or TMS), iMessages, Blackberry Messenger (BBM), AOL Instant MessengerTM (or similar program), social media (including without limitation Twitter, LinkedIn, YouTube, Facebook, Instagram, and

any other internet based messaging system) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

d)  any and all items stored on computer memories, hard disks, floppy disks, CD discs, DVD discs, flash drives, thumb drives, memory cards, magnetic tape, microfiche, off-site interconnected servers (so-called "cloud computing"), or in any other vehicle for digital data storage and/or transmittal, such as, but not limited to, a personal digital assistant (*e.g.*, Blackberry, Smart Phone or similar device) and file folder tabs, and/or containers and labels appended to, or relating to, any physical storage device associated with each original and/or copy of all documents requested herein;

e)  any and all items stored on voice-mail systems, websites, company intranet sites, chat rooms and social networking websites (*e.g.*, Facebook, LinkedIn, Twitter, and social websites listed at http://en.wikipedia.org/wiki/List of social networking websites); and

f)  any and all data, data compilations, and data analyses.

7.  "**Employee**" means, without limitation, any current or former officer, director, executive, manager, member, secretary, staff member, consultant, messenger, agent or other person who is or was employed by a Person or entity.

8.  "**Identify**," when used in reference to an individual employee, means to produce documents sufficient to identify: the person's full name, last known business and home address; date of birth; social security number; title or position and period of service in each such position; immediate supervisor in each position; business and home telephone numbers (including voice, cellular and facsimile phone numbers) assigned to or used by

such person and the period during which such numbers were assigned to be used by that person; and business and home electronic mail identifiers and the period during which such identifiers were assigned to and used by that person.

9. "**Meeting**" means, without limitation, any assembly, convocation, encounter, or contemporaneous presence of two or more persons for any purpose, whether planned or arranged, scheduled or not. Meeting attendees may be present in person or by electronic means including, but not limited to, teleconference and videoconference.

10. "**Person**" means, without limitation, any natural person, corporation, partnership, limited liability company, proprietorship, joint venture, trust, association, government entity, group or other form of legal entity.

11. "**Plaintiffs**" means Kajan Johnson, Clarence Dollaway, Tristen Connelly, Mikhail Cirkunovs, Phil Davis, and any named plaintiffs in any subsequently filed Actions which are related to or consolidated with the Actions in the court with jurisdiction over the cases.

12. "**Possession, Custody or Control**" when referring to Documents or other tangible objects means any Document or other tangible object You have access to regardless of whether You have actual possession of the document or other tangible object. This includes Documents You have the legal right to obtain or for which You have control over the person who has control of the Document, including without limitation Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or Your attorneys or their agents, employees, representatives or investigators.

13. "**Social Media**" means any web-hosted applications that facilitate public posting of words, images or video and audio recordings, and private interactions such as private messaging or email, among users. Examples of Social Media include without limitation, Twitter,

Facebook, YouTube, Instagram, TikTok, WhatsApp, Signal, and Telegram.

14. "**You**," "**Your**," "**Your Company**" means Viber Media, Inc., individually, and Viber Media, Inc. and its predecessors, successors, subsidiaries, departments, divisions, affiliates, any organization or entity which Viber Media, Inc. has acquired, or with which Viber Media, Inc. has merged, and any organization or entity which Viber Media, Inc. manages, controls or has an ownership interest in, together with all current and former directors, officers, employees, agents, representatives or any persons acting or purporting to act on Your behalf.

15. "**Zuffa**," "**UFC**," or "**Defendant**" all mean Ultimate Fighting Championship, UFC, TKO Operating Company, LLC ("**TKO OpCo**") (f/k/a Zuffa Parent LLC), a Delaware limited liability company and the direct subsidiary of TKO Group Holdings, Inc., a Delaware corporation ("**TKO Group Holdings**"), Endeavor Group Holdings, Inc., a Delaware corporation ("**Endeavor**"), and all predecessors, successors, subsidiaries, departments, divisions, acquisitions, affiliates and any organization or entity TKO OpCo or TKO Group Holdings manages or controls, together with all present and former directors, members, officers, employees, agents, representatives or any persons acting or purporting to act on TKO OpCo's behalf including, without limitation, Ari Emanual, Dana White, Mark Shapiro, Patrick Whitsell, Ike Lawrence Epstein, Lorenzo Fertitta or Hunter Campbell.

## II. <u>INSTRUCTIONS</u>

1. In producing Documents, You are requested to furnish all Documents or things in Your possession, custody or control, regardless of the physical location of the Documents, or whether such Documents or other materials are possessed directly by You or Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates,

investigators, or by Your attorneys or their agents, employees, representatives or investigators.

2.  If any document covered by these requests is withheld by reason of a claim of attorney-client privilege, attorney work product protection, or any other privilege or protection, please furnish a log providing the following information with respect to each such withheld document: date, author, recipients, general subject matter sufficient to make a prima facie determination whether the asserted privilege has been properly invoked, and legal basis upon which the document has been withheld.

3.  In producing Documents, You are requested to produce the original of each Document requested, together with all non-identical copies and drafts of such Document. If the original of any Document cannot be located, a copy shall be produced in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

4.  If any requested Document cannot be produced in full, You are to produce it to the extent possible, indicating which Document, or portion of such Document, is being withheld, and the reason that it is being withheld.

5.  Documents not otherwise responsive to these Requests shall be produced if such Documents mention, discuss, refer to, or explain the Documents that are called for by these Requests, or if such Documents are attached to Documents called for by these Requests and constitute routing slips, transmittal memoranda, letters, cover sheets, comments, evaluation or similar materials.

6.  All Documents shall be produced in the same order as they are kept or maintained by You in the ordinary course of Your business. If any Documents have been removed from the files in which they were found for purposes of producing them in response to these

Requests, indicate for each Document the file(s) in which the Document(s) was (or were) originally located.

7.  If a Document once existed and has subsequently been lost, destroyed, or is otherwise missing, please provide sufficient information to identify the Document and state the details concerning its loss.

8.  With respect to any Document maintained or stored electronically, please harvest it in a manner that maintains the integrity and readability of all data, including all metadata.

9.  Unless otherwise agreed, all ESI should be produced in native format via a secure file transfer protocol, or on compact disc(s), DVD disc(s) or zip drives in the original electronic file format(s) of the Documents.

10.  Please produce all Documents maintained or stored electronically in native, electronic format with all relevant metadata intact. Encrypted or password-protected documents should be produced in a form permitting them to be reviewed. You are also requested to immediately meet and confer regarding the manner in which You shall produce Documents stored electronically in order for the parties to try and reach agreement in this regard and avoid any unnecessary expense.

11.  Please organize electronic Documents produced for inspection in the same manner that You store them (e.g., if maintained by a custodian, such as e-mail residing on an e-mail server, please organize documents for production by custodian; if maintained as a subfolder of "My Documents" on a custodian's hard drive, please organize documents for production by custodian with path information preserved, etc.).

12. All ESI should be produced in accordance with the attached Stipulated Order Re: Discovery of Electronically Stored Information.

13. Documents attached to each other should not be separated, including, but not limited to, hard-copy versions of Documents attached to hard-copy printouts of e-mails produced pursuant to these Requests.

14. At Your election, documents maintained or stored in paper, hard-copy form can be produced as searchable .PDF (i.e., portable document format files with embedded text) and in an appropriate and usable manner (e.g., by copying such data onto an external hard drive).

15. These requests require production of paper documents in the same form and same order as they are kept in the usual course of business, or organized and labeled to correspond with the requests set forth below. If You choose the former method, the documents are to be produced in the boxes, file folders, binders and other containers in which the documents are found. The titles, labels or other descriptions on the boxes, file folders, binders or other containers are to be left intact.

16. Documents stored as electronic data on magnetic, optical, or other storage media as "active" or "backup" files shall be produced in their native formats with any associated metadata.

17. To the extent responsive Documents reside on databases and other such systems and files, You are requested to produce the relevant database in useable form and/or permit access for inspection, review, and extraction of responsive information.

18. To the extent responsive Documents are in languages other than English, the parties shall meet and confer to discuss the format of production prior thereto.

19. No part of a document request shall be left unanswered merely because an objection was

interposed to another part of the document request.

20. If You object to any document request or subpart thereof, the objection shall state with specificity all grounds. Any ground not stated shall be waived.

21. If You are unable to answer any document request, the reasons for Your inability to answer shall be separately stated in detail for each document request.

22. Category headings herein are for convenience and should not be relied upon to modify, limit, alter or otherwise influence in any way how to interpret these document requests.

## III. **RELEVANT TIME PERIOD**

Unless otherwise noted herein, the relevant time period of these document requests is July 1, 2015, until the present (the "**Relevant Time Period**"). These document requests seek all responsive Documents created or generated during the Relevant Time Period, as well as responsive Documents created or generated outside the Relevant Time Period, but which contain information concerning the Relevant Time Period.

IV.    **PRODUCTION REQUESTS**

<u>REQUEST NO. 1.</u>

Pursuant to 18 U.S.C. § 2702(c)(6), all non-content subscriber records and account information for the individuals listed in Exhibit 1.[1]

Subscriber records and account information should include, but are not limited to, the following:

- Subscriber registration information, including, but not limited to, full names; associated email addresses; associated telephone numbers; associated addresses; user IDs, usernames, or handles; and dates of birth (if collected);

- IP address logs and login/logout history, including the date/time stamps (with time zone); IP addresses; port numbers; and associated session identifiers for each successful or attempted login during the Relevant Time Period;

- All activity logs or log files for the accounts showing all user activities during the Relevant Period, excluding information that may contain content data. User activities include, without limitation:

    o Engaging in one-to-one and group messaging communications, including sender and recipient identifiers (e.g., user IDs/handles/phone numbers), group identifiers, date/time stamps (with time zone), delivery status, and message size/length, excluding message contents;

---

[1] Exhibit 1 contains potential login identifiers for the listed individuals but is non-exhaustive. Because the complete list of associated account information for each individual will be within Your possession, custody, and control, Plaintiffs respectfully request to meet and confer on this Request.

- o Engaging in one-to-one and group calls (voice/video), including caller/callee identifiers, date/time stamps (with time zone), call duration, and call disposition, excluding call contents;

- o Participating in group memberships, including group identifiers, group name, date/time of user joining/leaving, and group admin(s), excluding any content of group messages;

- o Uploading videos or other posts; making comments on other users' posts; reacting to other users' posts; saving or bookmarking other users' posts; messaging, following, or "friending" other users; participating in live chats; and/or utilizing other public or private social networking activities You facilitate, including the date, time, and user(s) associated with the individual's use of Your features.

- Device information, including device type, OS version, device identifiers (e.g., device tokens, serial numbers, advertising ID where applicable), app version, and date/time stamps of devices associated with each account;

- Current account status (active, deactivated, permanently deleted) and records identifying the creation, deletion, deactivation, or reactivation of each account, including date/time stamps and the method by which such action occurred;

- Other account changes and events, including username changes, profile changes, linked accounts, password resets, recovery email/phone changes, two-factor authentication activation/deactivation, and date/time stamps for such events;

- All preservation/retention and privacy settings, including changes in settings and the dates on which they occurred. This includes, but is not limited to, records of content

deletion events or disappearing content settings, including when disappearing timers were enabled/modified and their durations, and date/time of content deletions (if maintained).

- Any preservation requests, legal process logs, or legal holds relating to the account, including the date of receipt of legal process and the categories of information preserved;

- Payment and billing records (if any), including payment method type (with masked numbers only), billing address, dates of payments, subscription status, and transaction logs, excluding full financial account numbers.

Exhibit 1

| Name | Employer | Associated Phone Numbers | Associated Email Addresses | Associated Usernames |
|---|---|---|---|---|
| Akosa Akpom | TKO Operating Company, LLC | | | |
| David Avery | TKO Operating Company, LLC | | | |
| Denitza Batchvarova | Zuffa, LLC | | | |
| Nakisa Bidarian | Zuffa, LLC | | | |
| Tracey Bleczinski | TKO Operating Company, LLC | | | |
| Craig Borsari | Zuffa, LLC | | | |
| Hunter Campbell | Zuffa, LLC | | | |
| Deborah Cook | TKO Operating Company, LLC | | | |
| Peter Dropick | Zuffa, LLC | | | |
| Ariel Emanuel | Endeavor Group Holdings, Inc.; TKO Operating Company, LLC | | | |
| Lawrence "Ike" Epstein | Zuffa, LLC | | | |
| Chadwick Hurley | Zuffa, LLC | | | |
| Tracy Long | Zuffa, LLC | | | |
| Jason Lublin | Endeavor Group Holdings, Inc. | | | |
| Michael "Mick" Maynard | Zuffa, LLC | | | |
| Michael Mossholder | Zuffa, LLC | | | |
| Grant Norris-Jones | TKO Operating Company, LLC | | | |
| Brittany Santypal | TKO Operating Company, LLC | | | |
| Andrew Schleimer | Zuffa, LLC | | | |
| Mark Shapiro | Endeavor Group Holdings, Inc.; TKO Operating Company, LLC | | | |
| David Shaw | TKO Operating Company, LLC | | | |
| Sean Shelby | Zuffa, LLC | | | |
| Joe Silva | Zuffa, LLC; TKO Operating Company, LLC | | | |
| Dana White | Zuffa, LLC; TKO Operating Company, LLC | | | |

| | |
|---|---|
| Seth Zaslow | TKO Operating Company, LLC |
| Marshall Zelaznik | Zuffa, LLC; TKO Operating Company, LLC |
| Albert Acosta | Endeavor Group Holdings, Inc. |
| Olsvaldo Arias | Zuffa, LLC; TKO Operating Company, LLC |
| Tony Barboza | Zuffa, LLC; TKO Operating Company, LLC |
| Buffey Curtis | Zuffa, LLC; TKO Operating Company, LLC |
| Nichole Durand | Zuffa, LLC; TKO Operating Company, LLC |
| Egon Durban | Zuffa, LLC; TKO Operating Company, LLC |
| Jamie Euster | Endeavor Group Holdings, Inc. |
| Keith Friedenberg | Endeavor Group Holdings, Inc. |
| Graham Fry | Endeavor Group Holdings, Inc. |
| Tim Gardner | Endeavor Group Holdings, Inc. |
| Rami Genauer | Zuffa, LLC; TKO Operating Company, LLC |
| Christoph Goessing | Zuffa, LLC; TKO Operating Company, LLC |
| Krista Hall | Zuffa, LLC; TKO Operating Company, LLC |
| Reed Harris | Zuffa, LLC; TKO Operating Company, LLC |
| Shane Kapral | Zuffa, LLC; TKO Operating Company, LLC |
| Seth Krauss | Endeavor Group Holdings, Inc. & Zuffa, LLC; TKO Operating Company, LLC |
| Ajay Madkekar | Endeavor Group Holdings, Inc. |
| David Phillips | Endeavor Group Holdings, Inc. |
| Chris Provino | Zuffa, LLC; TKO Operating Company, LLC |

| | |
|---|---|
| Marc Ratner | Zuffa, LLC; TKO Operating Company, LLC |
| Zack Rose | Endeavor Group Holdings, Inc. |
| Jonathan Shin | Zuffa, LLC; TKO Operating Company, LLC |
| Brandon Stuckenberg | Zuffa, LLC; TKO Operating Company, LLC |
| Robert Crowley Sullivan | Zuffa, LLC; TKO Operating Company, LLC |
| Blake Ulrich | Endeavor Group Holdings, Inc. |
| Marc Webster | Endeavor Group Holdings, Inc. |
| Patrick Whitesell | Zuffa, LLC; TKO Operating Company, LLC |
| Matt Woodmancy | Endeavor Group Holdings, Inc. |
| Chika Yoshinaga | Zuffa, LLC; TKO Operating Company, LLC |
| Nick Zombolas | Zuffa, LLC; TKO Operating Company, LLC |
| Sam Zussman | Endeavor Group Holdings, Inc. |

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

### for the
### District of Nevada

| | |
|---|---|
| Mikhail Cirkunovs | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:25-cv-00914-RFB-BNW |
| Zuffa, LLC dba Ultimate Fighting Championship et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:               Viber Media, Inc.
c/o Elaine Selan 416 W SAN YSIDRO BLVD L-1958 SAN YSIDRO, CA  92173

*(Name of person to whom this subpoena is directed)*

❒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place | Date and Time: |
|---|---|
| BERGER MONTAGUE 8241 La Mesa Blvd, Suite A La Mesa, CA 91942 | 1/17/2026 5:00 pm |

❒ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     12/17/2025

                *CLERK OF COURT*
                                                        OR
                                                                /s/ Daniel Gifford
_____                    _____
    *Signature of Clerk or Deputy Clerk*                        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Plaintiff Mikhail Cirkunovs _____, who issues or requests this subpoena, are:
Daniel Gifford; 88 Pine Street, 14th Floor, New York, NY 10005; dgifford@cohenmilstein.com; (212) 838-7797

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:25-cv-00914-RFB-BNW

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                                  *Server's signature*

                                                  _____
                                                  *Printed name and title*

                                                  _____
                                                  *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   *(A)* *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   *(B)* *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (iii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iv) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (v) subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   *(A)* *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   *(B)* *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   *(C)* *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   *(D)* *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# SCHEDULE A

## I. DEFINITIONS

1. The following rules of construction should apply to all discovery requests:

   a) "**All**" should be construed to include the collective as well as the singular and shall mean "each," "any," and "every."

   b) "**And**" and "or" should be construed so as to require the broadest possible response. If, for example, a request calls for information about "A or B" or "A and B," You should produce all information about A and all information about B, as well as all information about A and B collectively. In other words, "or" and "and" should be read as "and/or."

   c) "**Any**" shall be construed to mean "any and all."

   d) "**Including**" shall be construed to mean "without limitation." "Including" is used to emphasize certain types of documents requested and should not be construed as limiting the request in any way.

   e) "**Relating to**," "**referring to**," "**regarding**," or "**with respect to**" mean, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

   f) The use of the singular form of any word includes the plural and vice versa.

   g) Unless otherwise indicated, the use of the present tense of any verb shall be construed to include the past tense going back to the beginning of the Relevant Time Period, and the use of the past tense shall be construed to run from the beginning of the Relevant Time Period through the present.

2. "**Actions**" means *Kajan Johnson, et al. v. Zuffa, LLC, et al.*, No. 2:21-cv-01189 (D. Nev.);

*Mikhail Cirkunovs v. Zuffa, LLC, et al.*, No. 2:25-cv-00914 (D. Nev.); and *Phil Davis v. Zuffa, LLC, et al.*, No. 2:25-cv-00946 (D. Nev.).

3. "**Communication**" means without limitation, oral or written communications of any kind, such as electronic communications, direct communications through social media (including without limitation direct messaging, instant messaging, chatting or emailing within a social media platform), facsimiles, telephone communications, correspondence, exchange of written or recorded information, or face-to-face meetings. The phrase "communication between" is defined to include instances where one party addresses the other party but the other party does not necessarily respond. The phrase "communication" includes all attachments to e-mail messages.

4. "**Date**" means the exact day, month, and year, if ascertainable, or the best available approximation, including any relationship to other known events (designate whether exact or approximate).

5. "**Document(s)**" shall mean and include all "writings," "recordings" or "photographs" as those terms are defined in Federal Rule of Civil Procedure 34 and Rule 1001 of the Federal Rules of Evidence. Without limiting the generality of the foregoing, the term "Documents" includes both hard copy documents and electronically stored data files including but not limited to e-mail, instant messaging, social media content (including without limitation public content such as Tweets, YouTube submissions, Facebook posts, and posts to any public electronic billboard, as well as private content such as direct messaging, instant messaging, chats, and email), shared network files and databases. "Documents" also includes, without limitation and regardless of whether stored in hard copy or electronically, any letters, correspondence, memoranda, analyses, legal pleadings, calendars, diaries,

travel records, summaries, records of telephone conversations, telegrams, notes, reports, compilations, notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, audiotapes, film and sound reproductions, e-mails, internal or external web sites, audio or video discs data on magnetic or optical storage media (e.g., servers, storage area networks, interconnected remote servers (so-called "cloud computing"), hard drives, backup tapes, CDs, DVDs, Blu-ray, DVD-HD, USB/thumb/flash drives, floppy disks or any other type of portable storage device, etc.) stored as an "active" or backup file, in its native format, computer files, discs and drives, sales, advertising and promotional literature, agreements, stored recordings, minutes or other records of meetings, all written or graphic records or representations of any kind, and all mechanical or electronic data, records or representations of any kind.

6. "**Electronically Stored Information**," abbreviated as "**ESI**" has the same meaning and scope as it has in the Federal Rules of Civil Procedure and includes, without limitation, the following:

   a) structured and unstructured data, as those terms are defined in The Sedona Conference Glossary, available at www.thesedonaconference.org/publications;

   b) activity listings of electronic mail receipts and/or transmittals;

   c) output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, text messages (SMS, MMS or TMS), iMessages, Blackberry Messenger (BBM), AOL Instant Messenger™ (or similar program), social media (including without limitation Twitter, LinkedIn, YouTube, Facebook, Instagram, and

any other internet based messaging system) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

d) any and all items stored on computer memories, hard disks, floppy disks, CD discs, DVD discs, flash drives, thumb drives, memory cards, magnetic tape, microfiche, off-site interconnected servers (so-called "cloud computing"), or in any other vehicle for digital data storage and/or transmittal, such as, but not limited to, a personal digital assistant (*e.g.*, Blackberry, Smart Phone or similar device) and file folder tabs, and/or containers and labels appended to, or relating to, any physical storage device associated with each original and/or copy of all documents requested herein;

e) any and all items stored on voice-mail systems, websites, company intranet sites, chat rooms and social networking websites (*e.g.*, Facebook, LinkedIn, Twitter, and social websites listed at http://en.wikipedia.org/wiki/List of social networking websites); and

f) any and all data, data compilations, and data analyses.

7. "**Employee**" means, without limitation, any current or former officer, director, executive, manager, member, secretary, staff member, consultant, messenger, agent or other person who is or was employed by a Person or entity.

8. "**Identify**," when used in reference to an individual employee, means to produce documents sufficient to identify: the person's full name, last known business and home address; date of birth; social security number; title or position and period of service in each such position; immediate supervisor in each position; business and home telephone numbers (including voice, cellular and facsimile phone numbers) assigned to or used by

such person and the period during which such numbers were assigned to be used by that person; and business and home electronic mail identifiers and the period during which such identifiers were assigned to and used by that person.

9. "**Meeting**" means, without limitation, any assembly, convocation, encounter, or contemporaneous presence of two or more persons for any purpose, whether planned or arranged, scheduled or not. Meeting attendees may be present in person or by electronic means including, but not limited to, teleconference and videoconference.

10. "**Person**" means, without limitation, any natural person, corporation, partnership, limited liability company, proprietorship, joint venture, trust, association, government entity, group or other form of legal entity.

11. "**Plaintiffs**" means Kajan Johnson, Clarence Dollaway, Tristen Connelly, Mikhail Cirkunovs, Phil Davis, and any named plaintiffs in any subsequently filed Actions which are related to or consolidated with the Actions in the court with jurisdiction over the cases.

12. "**Possession, Custody or Control**" when referring to Documents or other tangible objects means any Document or other tangible object You have access to regardless of whether You have actual possession of the document or other tangible object. This includes Documents You have the legal right to obtain or for which You have control over the person who has control of the Document, including without limitation Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or Your attorneys or their agents, employees, representatives or investigators.

13. "**Social Media**" means any web-hosted applications that facilitate public posting of words, images or video and audio recordings, and private interactions such as private messaging or email, among users. Examples of Social Media include without limitation, Twitter,

Facebook, YouTube, Instagram, TikTok, WhatsApp, Signal, and Telegram.

14. "**You**," "**Your**," "**Your Company**" means Viber Media, Inc., individually, and Viber Media, Inc. and its predecessors, successors, subsidiaries, departments, divisions, affiliates, any organization or entity which Viber Media, Inc. has acquired, or with which Viber Media, Inc. has merged, and any organization or entity which Viber Media, Inc. manages, controls or has an ownership interest in, together with all current and former directors, officers, employees, agents, representatives or any persons acting or purporting to act on Your behalf.

15. "**Zuffa**," "**UFC**," or "**Defendant**" all mean Ultimate Fighting Championship, UFC, TKO Operating Company, LLC ("**TKO OpCo**") (f/k/a Zuffa Parent LLC), a Delaware limited liability company and the direct subsidiary of TKO Group Holdings, Inc., a Delaware corporation ("**TKO Group Holdings**"), Endeavor Group Holdings, Inc., a Delaware corporation ("**Endeavor**"), and all predecessors, successors, subsidiaries, departments, divisions, acquisitions, affiliates and any organization or entity TKO OpCo or TKO Group Holdings manages or controls, together with all present and former directors, members, officers, employees, agents, representatives or any persons acting or purporting to act on TKO OpCo's behalf including, without limitation, Ari Emanual, Dana White, Mark Shapiro, Patrick Whitsell, Ike Lawrence Epstein, Lorenzo Fertitta or Hunter Campbell.

## II. INSTRUCTIONS

1. In producing Documents, You are requested to furnish all Documents or things in Your possession, custody or control, regardless of the physical location of the Documents, or whether such Documents or other materials are possessed directly by You or Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates,

investigators, or by Your attorneys or their agents, employees, representatives or investigators.

2. If any document covered by these requests is withheld by reason of a claim of attorney-client privilege, attorney work product protection, or any other privilege or protection, please furnish a log providing the following information with respect to each such withheld document: date, author, recipients, general subject matter sufficient to make a prima facie determination whether the asserted privilege has been properly invoked, and legal basis upon which the document has been withheld.

3. In producing Documents, You are requested to produce the original of each Document requested, together with all non-identical copies and drafts of such Document. If the original of any Document cannot be located, a copy shall be produced in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

4. If any requested Document cannot be produced in full, You are to produce it to the extent possible, indicating which Document, or portion of such Document, is being withheld, and the reason that it is being withheld.

5. Documents not otherwise responsive to these Requests shall be produced if such Documents mention, discuss, refer to, or explain the Documents that are called for by these Requests, or if such Documents are attached to Documents called for by these Requests and constitute routing slips, transmittal memoranda, letters, cover sheets, comments, evaluation or similar materials.

6. All Documents shall be produced in the same order as they are kept or maintained by You in the ordinary course of Your business. If any Documents have been removed from the files in which they were found for purposes of producing them in response to these

Requests, indicate for each Document the file(s) in which the Document(s) was (or were) originally located.

7. If a Document once existed and has subsequently been lost, destroyed, or is otherwise missing, please provide sufficient information to identify the Document and state the details concerning its loss.

8. With respect to any Document maintained or stored electronically, please harvest it in a manner that maintains the integrity and readability of all data, including all metadata.

9. Unless otherwise agreed, all ESI should be produced in native format via a secure file transfer protocol, or on compact disc(s), DVD disc(s) or zip drives in the original electronic file format(s) of the Documents.

10. Please produce all Documents maintained or stored electronically in native, electronic format with all relevant metadata intact. Encrypted or password-protected documents should be produced in a form permitting them to be reviewed. You are also requested to immediately meet and confer regarding the manner in which You shall produce Documents stored electronically in order for the parties to try and reach agreement in this regard and avoid any unnecessary expense.

11. Please organize electronic Documents produced for inspection in the same manner that You store them (e.g., if maintained by a custodian, such as e-mail residing on an e-mail server, please organize documents for production by custodian; if maintained as a subfolder of "My Documents" on a custodian's hard drive, please organize documents for production by custodian with path information preserved, etc.).

12. All ESI should be produced in accordance with the attached Stipulated Order Re: Discovery of Electronically Stored Information.

13. Documents attached to each other should not be separated, including, but not limited to, hard-copy versions of Documents attached to hard-copy printouts of e-mails produced pursuant to these Requests.

14. At Your election, documents maintained or stored in paper, hard-copy form can be produced as searchable .PDF (i.e., portable document format files with embedded text) and in an appropriate and usable manner (e.g., by copying such data onto an external hard drive).

15. These requests require production of paper documents in the same form and same order as they are kept in the usual course of business, or organized and labeled to correspond with the requests set forth below. If You choose the former method, the documents are to be produced in the boxes, file folders, binders and other containers in which the documents are found. The titles, labels or other descriptions on the boxes, file folders, binders or other containers are to be left intact.

16. Documents stored as electronic data on magnetic, optical, or other storage media as "active" or "backup" files shall be produced in their native formats with any associated metadata.

17. To the extent responsive Documents reside on databases and other such systems and files, You are requested to produce the relevant database in useable form and/or permit access for inspection, review, and extraction of responsive information.

18. To the extent responsive Documents are in languages other than English, the parties shall meet and confer to discuss the format of production prior thereto.

19. No part of a document request shall be left unanswered merely because an objection was

interposed to another part of the document request.

20. If You object to any document request or subpart thereof, the objection shall state with specificity all grounds. Any ground not stated shall be waived.

21. If You are unable to answer any document request, the reasons for Your inability to answer shall be separately stated in detail for each document request.

22. Category headings herein are for convenience and should not be relied upon to modify, limit, alter or otherwise influence in any way how to interpret these document requests.

## III. **RELEVANT TIME PERIOD**

Unless otherwise noted herein, the relevant time period of these document requests is July 1, 2015, until the present (the "**Relevant Time Period**"). These document requests seek all responsive Documents created or generated during the Relevant Time Period, as well as responsive Documents created or generated outside the Relevant Time Period, but which contain information concerning the Relevant Time Period.

IV.     **<u>PRODUCTION REQUESTS</u>**

<u>REQUEST NO. 1.</u>

Pursuant to 18 U.S.C. § 2702(c)(6), all non-content subscriber records and account information for the individuals listed in Exhibit 1.[1]

Subscriber records and account information should include, but are not limited to, the following:

- Subscriber registration information, including, but not limited to, full names; associated email addresses; associated telephone numbers; associated addresses; user IDs, usernames, or handles; and dates of birth (if collected);

- IP address logs and login/logout history, including the date/time stamps (with time zone); IP addresses; port numbers; and associated session identifiers for each successful or attempted login during the Relevant Time Period;

- All activity logs or log files for the accounts showing all user activities during the Relevant Period, excluding information that may contain content data. User activities include, without limitation:

    o Engaging in one-to-one and group messaging communications, including sender and recipient identifiers (e.g., user IDs/handles/phone numbers), group identifiers, date/time stamps (with time zone), delivery status, and message size/length, excluding message contents;

---

[1] Exhibit 1 contains potential login identifiers for the listed individuals but is non-exhaustive. Because the complete list of associated account information for each individual will be within Your possession, custody, and control, Plaintiffs respectfully request to meet and confer on this Request.

  ○ Engaging in one-to-one and group calls (voice/video), including caller/callee identifiers, date/time stamps (with time zone), call duration, and call disposition, excluding call contents;

  ○ Participating in group memberships, including group identifiers, group name, date/time of user joining/leaving, and group admin(s), excluding any content of group messages;

  ○ Uploading videos or other posts; making comments on other users' posts; reacting to other users' posts; saving or bookmarking other users' posts; messaging, following, or "friending" other users; participating in live chats; and/or utilizing other public or private social networking activities You facilitate, including the date, time, and user(s) associated with the individual's use of Your features.

- Device information, including device type, OS version, device identifiers (e.g., device tokens, serial numbers, advertising ID where applicable), app version, and date/time stamps of devices associated with each account;

- Current account status (active, deactivated, permanently deleted) and records identifying the creation, deletion, deactivation, or reactivation of each account, including date/time stamps and the method by which such action occurred;

- Other account changes and events, including username changes, profile changes, linked accounts, password resets, recovery email/phone changes, two-factor authentication activation/deactivation, and date/time stamps for such events;

- All preservation/retention and privacy settings, including changes in settings and the dates on which they occurred. This includes, but is not limited to, records of content

deletion events or disappearing content settings, including when disappearing timers were enabled/modified and their durations, and date/time of content deletions (if maintained).

- Any preservation requests, legal process logs, or legal holds relating to the account, including the date of receipt of legal process and the categories of information preserved;

- Payment and billing records (if any), including payment method type (with masked numbers only), billing address, dates of payments, subscription status, and transaction logs, excluding full financial account numbers.

Exhibit 1

| Name | Employer | Associated Phone Numbers | Associated Email Addresses | Associated Usernames |
|------|----------|--------------------------|----------------------------|----------------------|
| Akosa Akpom | TKO Operating Company, LLC | | | |
| David Avery | TKO Operating Company, LLC | | | |
| Denitza Batchvarova | Zuffa, LLC | | | |
| Nakisa Bidarian | Zuffa, LLC | | | |
| Tracey Bleczinski | TKO Operating Company, LLC | | | |
| Craig Borsari | Zuffa, LLC | | | |
| Hunter Campbell | Zuffa, LLC | | | |
| Deborah Cook | TKO Operating Company, LLC | | | |
| Peter Dropick | Zuffa, LLC | | | |
| Ariel Emanuel | Endeavor Group Holdings, Inc.; TKO Operating Company, LLC | | | |
| Lawrence "Ike" Epstein | Zuffa, LLC | | | |
| Chadwick Hurley | Zuffa, LLC | | | |
| Tracy Long | Zuffa, LLC | | | |
| Jason Lublin | Endeavor Group Holdings, Inc. | | | |
| Michael "Mick" Maynard | Zuffa, LLC | | | |
| Michael Mossholder | Zuffa, LLC | | | |
| Grant Norris-Jones | TKO Operating Company, LLC | | | |
| Brittany Santypal | TKO Operating Company, LLC | | | |
| Andrew Schleimer | Zuffa, LLC | | | |
| Mark Shapiro | Endeavor Group Holdings, Inc.; TKO Operating Company, LLC | | | |
| David Shaw | TKO Operating Company, LLC | | | |
| Sean Shelby | Zuffa, LLC | | | |
| Joe Silva | Zuffa, LLC; TKO Operating Company, LLC | | | |
| Dana White | Zuffa, LLC; TKO Operating Company, LLC | | | |

| | |
|---|---|
| Seth Zaslow | TKO Operating Company, LLC |
| Marshall Zelaznik | Zuffa, LLC; TKO Operating Company, LLC |
| Albert Acosta | Endeavor Group Holdings, Inc. |
| Olsvaldo Arias | Zuffa, LLC; TKO Operating Company, LLC |
| Tony Barboza | Zuffa, LLC; TKO Operating Company, LLC |
| Buffey Curtis | Zuffa, LLC; TKO Operating Company, LLC |
| Nichole Durand | Zuffa, LLC; TKO Operating Company, LLC |
| Egon Durban | Zuffa, LLC; TKO Operating Company, LLC |
| Jamie Euster | Endeavor Group Holdings, Inc. |
| Keith Friedenberg | Endeavor Group Holdings, Inc. |
| Graham Fry | Endeavor Group Holdings, Inc. |
| Tim Gardner | Endeavor Group Holdings, Inc. |
| Rami Genauer | Zuffa, LLC; TKO Operating Company, LLC |
| Christoph Goessing | Zuffa, LLC; TKO Operating Company, LLC |
| Krista Hall | Zuffa, LLC; TKO Operating Company, LLC |
| Reed Harris | Zuffa, LLC; TKO Operating Company, LLC |
| Shane Kapral | Zuffa, LLC; TKO Operating Company, LLC |
| Seth Krauss | Endeavor Group Holdings, Inc. & Zuffa, LLC; TKO Operating Company, LLC |
| Ajay Madkekar | Endeavor Group Holdings, Inc. |
| David Phillips | Endeavor Group Holdings, Inc. |
| Chris Provino | Zuffa, LLC; TKO Operating Company, LLC |

| | |
|---|---|
| Marc Ratner | Zuffa, LLC; TKO Operating Company, LLC |
| Zack Rose | Endeavor Group Holdings, Inc. |
| Jonathan Shin | Zuffa, LLC; TKO Operating Company, LLC |
| Brandon Stuckenberg | Zuffa, LLC; TKO Operating Company, LLC |
| Robert Crowley Sullivan | Zuffa, LLC; TKO Operating Company, LLC |
| Blake Ulrich | Endeavor Group Holdings, Inc. |
| Marc Webster | Endeavor Group Holdings, Inc. |
| Patrick Whitesell | Zuffa, LLC; TKO Operating Company, LLC |
| Matt Woodmancy | Endeavor Group Holdings, Inc. |
| Chika Yoshinaga | Zuffa, LLC; TKO Operating Company, LLC |
| Nick Zombolas | Zuffa, LLC; TKO Operating Company, LLC |
| Sam Zussman | Endeavor Group Holdings, Inc. |

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the
District of Nevada

| | |
|---|---|
| Johnson et al. | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:21-cv-01189-RFB-BNW |
| Zuffa, LLC dba Ultimate Fighting Championship et al. | ) |
| _____ | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                      Tencent America LLC
c/o Paracorp Incorporated  2804 Gateway Oaks Dr Ste 100,  SACRAMENTO, CA 95833

*(Name of person to whom this subpoena is directed)*

**X** *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: BERGER MONTAGUE 505 Montgomery Street Suite 625 San Francisco, CA 94111 | Date and Time: 1/17/2026 5:00 pm |
|---|---|

⌐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

      The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    12/17/2025

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Daniel Gifford |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Plaintiffs Kajan Johnson, Clarence Dollaway, and Tristan Connelly_____, who issues or requests this subpoena, are:
Daniel Gifford; 88 Pine Street, 14th Floor, New York, NY 10005; dgifford@cohenmilstein.com; (212) 838-7797

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:21-cv-01189-RFB-BNW

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

      I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

     ❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

     ❒ I returned the subpoena unexecuted because: _____

_____ .

     Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

     I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  ( ) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (i) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (ii) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

 **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

### I. DEFINITIONS

1. The following rules of construction should apply to all discovery requests:

    a) "**All**" should be construed to include the collective as well as the singular and shall mean "each," "any," and "every."

    b) "**And**" and "or" should be construed so as to require the broadest possible response. If, for example, a request calls for information about "A or B" or "A and B," You should produce all information about A and all information about B, as well as all information about A and B collectively. In other words, "or" and "and" should be read as "and/or."

    c) "**Any**" shall be construed to mean "any and all."

    d) "**Including**" shall be construed to mean "without limitation." "Including" is used to emphasize certain types of documents requested and should not be construed as limiting the request in any way.

    e) "**Relating to**," "**referring to**," "**regarding**," or "**with respect to**" mean, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

    f) The use of the singular form of any word includes the plural and vice versa.

    g) Unless otherwise indicated, the use of the present tense of any verb shall be construed to include the past tense going back to the beginning of the Relevant Time Period, and the use of the past tense shall be construed to run from the beginning of the Relevant Time Period through the present.

2. "**Actions**" means *Kajan Johnson, et al. v. Zuffa, LLC, et al.*, No. 2:21-cv-01189 (D. Nev.);

*Mikhail Cirkunovs v. Zuffa, LLC, et al.*, No. 2:25-cv-00914 (D. Nev.); and *Phil Davis v. Zuffa, LLC, et al.*, No. 2:25-cv-00946 (D. Nev.).

3. "**Communication**" means without limitation, oral or written communications of any kind, such as electronic communications, direct communications through social media (including without limitation direct messaging, instant messaging, chatting or emailing within a social media platform), facsimiles, telephone communications, correspondence, exchange of written or recorded information, or face-to-face meetings. The phrase "communication between" is defined to include instances where one party addresses the other party but the other party does not necessarily respond. The phrase "communication" includes all attachments to e-mail messages.

4. "**Date**" means the exact day, month, and year, if ascertainable, or the best available approximation, including any relationship to other known events (designate whether exact or approximate).

5. "**Document(s)**" shall mean and include all "writings," "recordings" or "photographs" as those terms are defined in Federal Rule of Civil Procedure 34 and Rule 1001 of the Federal Rules of Evidence. Without limiting the generality of the foregoing, the term "Documents" includes both hard copy documents and electronically stored data files including but not limited to e-mail, instant messaging, social media content (including without limitation public content such as Tweets, YouTube submissions, Facebook posts, and posts to any public electronic billboard, as well as private content such as direct messaging, instant messaging, chats, and email), shared network files and databases. "Documents" also includes, without limitation and regardless of whether stored in hard copy or electronically, any letters, correspondence, memoranda, analyses, legal pleadings, calendars, diaries,

travel records, summaries, records of telephone conversations, telegrams, notes, reports, compilations, notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, audiotapes, film and sound reproductions, e-mails, internal or external web sites, audio or video discs data on magnetic or optical storage media (e.g., servers, storage area networks, interconnected remote servers (so-called "cloud computing"), hard drives, backup tapes, CDs, DVDs, Blu-ray, DVD-HD, USB/thumb/flash drives, floppy disks or any other type of portable storage device, etc.) stored as an "active" or backup file, in its native format, computer files, discs and drives, sales, advertising and promotional literature, agreements, stored recordings, minutes or other records of meetings, all written or graphic records or representations of any kind, and all mechanical or electronic data, records or representations of any kind.

6. "**Electronically Stored Information**," abbreviated as "**ESI**" has the same meaning and scope as it has in the Federal Rules of Civil Procedure and includes, without limitation, the following:

   a) structured and unstructured data, as those terms are defined in The Sedona Conference Glossary, available at www.thesedonaconference.org/publications;

   b) activity listings of electronic mail receipts and/or transmittals;

   c) output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, text messages (SMS, MMS or TMS), iMessages, Blackberry Messenger (BBM), AOL Instant MessengerTM (or similar program), social media (including without limitation Twitter, LinkedIn, YouTube, Facebook, Instagram, and

any other internet based messaging system) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

d)  any and all items stored on computer memories, hard disks, floppy disks, CD discs, DVD discs, flash drives, thumb drives, memory cards, magnetic tape, microfiche, off-site interconnected servers (so-called "cloud computing"), or in any other vehicle for digital data storage and/or transmittal, such as, but not limited to, a personal digital assistant (*e.g.*, Blackberry, Smart Phone or similar device) and file folder tabs, and/or containers and labels appended to, or relating to, any physical storage device associated with each original and/or copy of all documents requested herein;

e)  any and all items stored on voice-mail systems, websites, company intranet sites, chat rooms and social networking websites (*e.g.*, Facebook, LinkedIn, Twitter, and social websites listed at http://en.wikipedia.org/wiki/List of social networking websites); and

f)  any and all data, data compilations, and data analyses.

7.  "**Employee**" means, without limitation, any current or former officer, director, executive, manager, member, secretary, staff member, consultant, messenger, agent or other person who is or was employed by a Person or entity.

8.  "**Identify**," when used in reference to an individual employee, means to produce documents sufficient to identify: the person's full name, last known business and home address; date of birth; social security number; title or position and period of service in each such position; immediate supervisor in each position; business and home telephone numbers (including voice, cellular and facsimile phone numbers) assigned to or used by

such person and the period during which such numbers were assigned to be used by that person; and business and home electronic mail identifiers and the period during which such identifiers were assigned to and used by that person.

9. "**Meeting**" means, without limitation, any assembly, convocation, encounter, or contemporaneous presence of two or more persons for any purpose, whether planned or arranged, scheduled or not. Meeting attendees may be present in person or by electronic means including, but not limited to, teleconference and videoconference.

10. "**Person**" means, without limitation, any natural person, corporation, partnership, limited liability company, proprietorship, joint venture, trust, association, government entity, group or other form of legal entity.

11. "**Plaintiffs**" means Kajan Johnson, Clarence Dollaway, Tristen Connelly, Mikhail Cirkunovs, Phil Davis, and any named plaintiffs in any subsequently filed Actions which are related to or consolidated with the Actions in the court with jurisdiction over the cases.

12. "**Possession, Custody or Control**" when referring to Documents or other tangible objects means any Document or other tangible object You have access to regardless of whether You have actual possession of the document or other tangible object. This includes Documents You have the legal right to obtain or for which You have control over the person who has control of the Document, including without limitation Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or Your attorneys or their agents, employees, representatives or investigators.

13. "**Social Media**" means any web-hosted applications that facilitate public posting of words, images or video and audio recordings, and private interactions such as private messaging or email, among users. Examples of Social Media include without limitation, Twitter,

Facebook, YouTube, Instagram, TikTok, WhatsApp, Signal, and Telegram.

14. "**You**," "**Your**," "**Your Company**" means Tencent America LLC, individually, and Tencent America LLC and its predecessors, successors, subsidiaries, departments, divisions, affiliates, any organization or entity which Tencent America LLC has acquired, or with which Tencent America LLC has merged, and any organization or entity which Tencent America LLC manages, controls or has an ownership interest in, together with all current and former directors, officers, employees, agents, representatives or any persons acting or purporting to act on Your behalf.

15. "**Zuffa**," "**UFC**," or "**Defendant**" all mean Ultimate Fighting Championship, UFC, TKO Operating Company, LLC ("**TKO OpCo**") (f/k/a Zuffa Parent LLC), a Delaware limited liability company and the direct subsidiary of TKO Group Holdings, Inc., a Delaware corporation ("**TKO Group Holdings**"), Endeavor Group Holdings, Inc., a Delaware corporation ("**Endeavor**"), and all predecessors, successors, subsidiaries, departments, divisions, acquisitions, affiliates and any organization or entity TKO OpCo or TKO Group Holdings manages or controls, together with all present and former directors, members, officers, employees, agents, representatives or any persons acting or purporting to act on TKO OpCo's behalf including, without limitation, Ari Emanual, Dana White, Mark Shapiro, Patrick Whitsell, Ike Lawrence Epstein, Lorenzo Fertitta or Hunter Campbell.

## II. INSTRUCTIONS

1. In producing Documents, You are requested to furnish all Documents or things in Your possession, custody or control, regardless of the physical location of the Documents, or whether such Documents or other materials are possessed directly by You or Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates,

investigators, or by Your attorneys or their agents, employees, representatives or investigators.

2.  If any document covered by these requests is withheld by reason of a claim of attorney-client privilege, attorney work product protection, or any other privilege or protection, please furnish a log providing the following information with respect to each such withheld document: date, author, recipients, general subject matter sufficient to make a prima facie determination whether the asserted privilege has been properly invoked, and legal basis upon which the document has been withheld.

3.  In producing Documents, You are requested to produce the original of each Document requested, together with all non-identical copies and drafts of such Document. If the original of any Document cannot be located, a copy shall be produced in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

4.  If any requested Document cannot be produced in full, You are to produce it to the extent possible, indicating which Document, or portion of such Document, is being withheld, and the reason that it is being withheld.

5.  Documents not otherwise responsive to these Requests shall be produced if such Documents mention, discuss, refer to, or explain the Documents that are called for by these Requests, or if such Documents are attached to Documents called for by these Requests and constitute routing slips, transmittal memoranda, letters, cover sheets, comments, evaluation or similar materials.

6.  All Documents shall be produced in the same order as they are kept or maintained by You in the ordinary course of Your business. If any Documents have been removed from the files in which they were found for purposes of producing them in response to these

Requests, indicate for each Document the file(s) in which the Document(s) was (or were) originally located.

7. If a Document once existed and has subsequently been lost, destroyed, or is otherwise missing, please provide sufficient information to identify the Document and state the details concerning its loss.

8. With respect to any Document maintained or stored electronically, please harvest it in a manner that maintains the integrity and readability of all data, including all metadata.

9. Unless otherwise agreed, all ESI should be produced in native format via a secure file transfer protocol, or on compact disc(s), DVD disc(s) or zip drives in the original electronic file format(s) of the Documents.

10. Please produce all Documents maintained or stored electronically in native, electronic format with all relevant metadata intact. Encrypted or password-protected documents should be produced in a form permitting them to be reviewed. You are also requested to immediately meet and confer regarding the manner in which You shall produce Documents stored electronically in order for the parties to try and reach agreement in this regard and avoid any unnecessary expense.

11. Please organize electronic Documents produced for inspection in the same manner that You store them (e.g., if maintained by a custodian, such as e-mail residing on an e-mail server, please organize documents for production by custodian; if maintained as a subfolder of "My Documents" on a custodian's hard drive, please organize documents for production by custodian with path information preserved, etc.).

12. All ESI should be produced in accordance with the attached Stipulated Order Re: Discovery of Electronically Stored Information.

13. Documents attached to each other should not be separated, including, but not limited to, hard-copy versions of Documents attached to hard-copy printouts of e-mails produced pursuant to these Requests.

14. At Your election, documents maintained or stored in paper, hard-copy form can be produced as searchable .PDF (i.e., portable document format files with embedded text) and in an appropriate and usable manner (e.g., by copying such data onto an external hard drive).

15. These requests require production of paper documents in the same form and same order as they are kept in the usual course of business, or organized and labeled to correspond with the requests set forth below. If You choose the former method, the documents are to be produced in the boxes, file folders, binders and other containers in which the documents are found. The titles, labels or other descriptions on the boxes, file folders, binders or other containers are to be left intact.

16. Documents stored as electronic data on magnetic, optical, or other storage media as "active" or "backup" files shall be produced in their native formats with any associated metadata.

17. To the extent responsive Documents reside on databases and other such systems and files, You are requested to produce the relevant database in useable form and/or permit access for inspection, review, and extraction of responsive information.

18. To the extent responsive Documents are in languages other than English, the parties shall meet and confer to discuss the format of production prior thereto.

19. No part of a document request shall be left unanswered merely because an objection was

9 of 13

interposed to another part of the document request.

20. If You object to any document request or subpart thereof, the objection shall state with specificity all grounds. Any ground not stated shall be waived.

21. If You are unable to answer any document request, the reasons for Your inability to answer shall be separately stated in detail for each document request.

22. Category headings herein are for convenience and should not be relied upon to modify, limit, alter or otherwise influence in any way how to interpret these document requests.

## III. <u>RELEVANT TIME PERIOD</u>

Unless otherwise noted herein, the relevant time period of these document requests is July 1, 2015, until the present (the "**Relevant Time Period**"). These document requests seek all responsive Documents created or generated during the Relevant Time Period, as well as responsive Documents created or generated outside the Relevant Time Period, but which contain information concerning the Relevant Time Period.

## IV.    **PRODUCTION REQUESTS**

<u>REQUEST NO. 1.</u>

Pursuant to 18 U.S.C. § 2702(c)(6), all non-content subscriber records and account information for the individuals listed in Exhibit 1.[1]

Subscriber records and account information should include, but are not limited to, the following:

- Subscriber registration information, including, but not limited to, full names; associated email addresses; associated telephone numbers; associated addresses; user IDs, usernames, or handles; and dates of birth (if collected);

- IP address logs and login/logout history, including the date/time stamps (with time zone); IP addresses; port numbers; and associated session identifiers for each successful or attempted login during the Relevant Time Period;

- All activity logs or log files for the accounts showing all user activities during the Relevant Period, excluding information that may contain content data. User activities include, without limitation:

  o Engaging in one-to-one and group messaging communications, including sender and recipient identifiers (e.g., user IDs/handles/phone numbers), group identifiers, date/time stamps (with time zone), delivery status, and message size/length, excluding message contents;

---

[1] Exhibit 1 contains potential login identifiers for the listed individuals but is non-exhaustive. Because the complete list of associated account information for each individual will be within Your possession, custody, and control, Plaintiffs respectfully request to meet and confer on this Request.

- o Engaging in one-to-one and group calls (voice/video), including caller/callee identifiers, date/time stamps (with time zone), call duration, and call disposition, excluding call contents;

- o Participating in group memberships, including group identifiers, group name, date/time of user joining/leaving, and group admin(s), excluding any content of group messages;

- o Uploading videos or other posts; making comments on other users' posts; reacting to other users' posts; saving or bookmarking other users' posts; messaging, following, or "friending" other users; participating in live chats; and/or utilizing other public or private social networking activities You facilitate, including the date, time, and user(s) associated with the individual's use of Your features.

- Device information, including device type, OS version, device identifiers (e.g., device tokens, serial numbers, advertising ID where applicable), app version, and date/time stamps of devices associated with each account;

- Current account status (active, deactivated, permanently deleted) and records identifying the creation, deletion, deactivation, or reactivation of each account, including date/time stamps and the method by which such action occurred;

- Other account changes and events, including username changes, profile changes, linked accounts, password resets, recovery email/phone changes, two-factor authentication activation/deactivation, and date/time stamps for such events;

- All preservation/retention and privacy settings, including changes in settings and the dates on which they occurred. This includes, but is not limited to, records of content

deletion events or disappearing content settings, including when disappearing timers were enabled/modified and their durations, and date/time of content deletions (if maintained).

- Any preservation requests, legal process logs, or legal holds relating to the account, including the date of receipt of legal process and the categories of information preserved;

- Payment and billing records (if any), including payment method type (with masked numbers only), billing address, dates of payments, subscription status, and transaction logs, excluding full financial account numbers.

Exhibit 1

| Name | Employer | Associated Phone Numbers | Associated Email Addresses | Associated Usernames |
|------|----------|--------------------------|----------------------------|----------------------|
| Akosa Akpom | TKO Operating Company, LLC | | | |
| David Avery | TKO Operating Company, LLC | | | |
| Denitza Batchvarova | Zuffa, LLC | | | |
| Nakisa Bidarian | Zuffa, LLC | | | |
| Tracey Bleczinski | TKO Operating Company, LLC | | | |
| Craig Borsari | Zuffa, LLC | | | |
| Hunter Campbell | Zuffa, LLC | | | |
| Deborah Cook | TKO Operating Company, LLC | | | |
| Peter Dropick | Zuffa, LLC | | | |
| Ariel Emanuel | Endeavor Group Holdings, Inc.; TKO Operating Company, LLC | | | |
| Lawrence "Ike" Epstein | Zuffa, LLC | | | |
| Chadwick Hurley | Zuffa, LLC | | | |
| Tracy Long | Zuffa, LLC | | | |
| Jason Lublin | Endeavor Group Holdings, Inc. | | | |
| Michael "Mick" Maynard | Zuffa, LLC | | | |
| Michael Mossholder | Zuffa, LLC | | | |
| Grant Norris-Jones | TKO Operating Company, LLC | | | |
| Brittany Santypal | TKO Operating Company, LLC | | | |
| Andrew Schleimer | Zuffa, LLC | | | |
| Mark Shapiro | Endeavor Group Holdings, Inc.; TKO Operating Company, LLC | | | |
| David Shaw | TKO Operating Company, LLC | | | |
| Sean Shelby | Zuffa, LLC | | | |
| Joe Silva | Zuffa, LLC; TKO Operating Company, LLC | | | |
| Dana White | Zuffa, LLC; TKO Operating Company, LLC | | | |

| | |
|---|---|
| Seth Zaslow | TKO Operating Company, LLC |
| Marshall Zelaznik | Zuffa, LLC; TKO Operating Company, LLC |
| Albert Acosta | Endeavor Group Holdings, Inc. |
| Olsvaldo Arias | Zuffa, LLC; TKO Operating Company, LLC |
| Tony Barboza | Zuffa, LLC; TKO Operating Company, LLC |
| Buffey Curtis | Zuffa, LLC; TKO Operating Company, LLC |
| Nichole Durand | Zuffa, LLC; TKO Operating Company, LLC |
| Egon Durban | Zuffa, LLC; TKO Operating Company, LLC |
| Jamie Euster | Endeavor Group Holdings, Inc. |
| Keith Friedenberg | Endeavor Group Holdings, Inc. |
| Graham Fry | Endeavor Group Holdings, Inc. |
| Tim Gardner | Endeavor Group Holdings, Inc. |
| Rami Genauer | Zuffa, LLC; TKO Operating Company, LLC |
| Christoph Goessing | Zuffa, LLC; TKO Operating Company, LLC |
| Krista Hall | Zuffa, LLC; TKO Operating Company, LLC |
| Reed Harris | Zuffa, LLC; TKO Operating Company, LLC |
| Shane Kapral | Zuffa, LLC; TKO Operating Company, LLC |
| Seth Krauss | Endeavor Group Holdings, Inc. & Zuffa, LLC; TKO Operating Company, LLC |
| Ajay Madkekar | Endeavor Group Holdings, Inc. |
| David Phillips | Endeavor Group Holdings, Inc. |
| Chris Provino | Zuffa, LLC; TKO Operating Company, LLC |

| | |
|---|---|
| Marc Ratner | Zuffa, LLC; TKO Operating Company, LLC |
| Zack Rose | Endeavor Group Holdings, Inc. |
| Jonathan Shin | Zuffa, LLC; TKO Operating Company, LLC |
| Brandon Stuckenberg | Zuffa, LLC; TKO Operating Company, LLC |
| Robert Crowley Sullivan | Zuffa, LLC; TKO Operating Company, LLC |
| Blake Ulrich | Endeavor Group Holdings, Inc. |
| Marc Webster | Endeavor Group Holdings, Inc. |
| Patrick Whitesell | Zuffa, LLC; TKO Operating Company, LLC |
| Matt Woodmancy | Endeavor Group Holdings, Inc. |
| Chika Yoshinaga | Zuffa, LLC; TKO Operating Company, LLC |
| Nick Zombolas | Zuffa, LLC; TKO Operating Company, LLC |
| Sam Zussman | Endeavor Group Holdings, Inc. |

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the
District of Nevada

| Phil Davis | ) |
| --- | --- |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:25-cv-00946-RFB-BNW |
| Zuffa, LLC dba Ultimate Fighting Championship et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                   Tencent America LLC
c/o Paracorp Incorporated  2804 Gateway Oaks Dr Ste 100,  SACRAMENTO, CA 95833

*(Name of person to whom this subpoena is directed)*

❒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place | BERGER MONTAGUE 505 Montgomery Street Suite 625 San Francisco, CA 94111 | Date and Time: 1/17/2026 5:00 pm |
| --- | --- | --- |

❒ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
| --- | --- |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   12/17/2025

CLERK OF COURT

OR

_____                    /s/ Daniel Gifford
*Signature of Clerk or Deputy Clerk*                     *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Plaintiff Phil Davis                                        , who issues or requests this subpoena, are:
Daniel Gifford; 88 Pine Street, 14th Floor, New York, NY 10005; dgifford@cohenmilstein.com; (212) 838-7797

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:25-cv-00946-RFB-BNW

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

        ′ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

        ′ I returned the subpoena unexecuted because: _____

_____ .

        Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

        I declare under penalty of perjury that this information is true.

Date: _____

                                 _____
                                                *Server's signature*

                                 _____
                                               *Printed name and title*

                                 _____
                                                *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii)is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii)These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (iii)      requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iv)      requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (v)subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii)describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

### I. DEFINITIONS

1. The following rules of construction should apply to all discovery requests:

    a) "**All**" should be construed to include the collective as well as the singular and shall mean "each," "any," and "every."

    b) "**And**" and "or" should be construed so as to require the broadest possible response. If, for example, a request calls for information about "A or B" or "A and B," You should produce all information about A and all information about B, as well as all information about A and B collectively. In other words, "or" and "and" should be read as "and/or."

    c) "**Any**" shall be construed to mean "any and all."

    d) "**Including**" shall be construed to mean "without limitation." "Including" is used to emphasize certain types of documents requested and should not be construed as limiting the request in any way.

    e) "**Relating to**," "**referring to**," "**regarding**," or "**with respect to**" mean, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

    f) The use of the singular form of any word includes the plural and vice versa.

    g) Unless otherwise indicated, the use of the present tense of any verb shall be construed to include the past tense going back to the beginning of the Relevant Time Period, and the use of the past tense shall be construed to run from the beginning of the Relevant Time Period through the present.

2. "**Actions**" means *Kajan Johnson, et al. v. Zuffa, LLC, et al.*, No. 2:21-cv-01189 (D. Nev.);

*Mikhail Cirkunovs v. Zuffa, LLC, et al.*, No. 2:25-cv-00914 (D. Nev.); and *Phil Davis v. Zuffa, LLC, et al.*, No. 2:25-cv-00946 (D. Nev.).

3. "**Communication**" means without limitation, oral or written communications of any kind, such as electronic communications, direct communications through social media (including without limitation direct messaging, instant messaging, chatting or emailing within a social media platform), facsimiles, telephone communications, correspondence, exchange of written or recorded information, or face-to-face meetings. The phrase "communication between" is defined to include instances where one party addresses the other party but the other party does not necessarily respond. The phrase "communication" includes all attachments to e-mail messages.

4. "**Date**" means the exact day, month, and year, if ascertainable, or the best available approximation, including any relationship to other known events (designate whether exact or approximate).

5. "**Document(s)**" shall mean and include all "writings," "recordings" or "photographs" as those terms are defined in Federal Rule of Civil Procedure 34 and Rule 1001 of the Federal Rules of Evidence. Without limiting the generality of the foregoing, the term "Documents" includes both hard copy documents and electronically stored data files including but not limited to e-mail, instant messaging, social media content (including without limitation public content such as Tweets, YouTube submissions, Facebook posts, and posts to any public electronic billboard, as well as private content such as direct messaging, instant messaging, chats, and email), shared network files and databases. "Documents" also includes, without limitation and regardless of whether stored in hard copy or electronically, any letters, correspondence, memoranda, analyses, legal pleadings, calendars, diaries,

travel records, summaries, records of telephone conversations, telegrams, notes, reports, compilations, notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, audiotapes, film and sound reproductions, e-mails, internal or external web sites, audio or video discs data on magnetic or optical storage media (e.g., servers, storage area networks, interconnected remote servers (so-called "cloud computing"), hard drives, backup tapes, CDs, DVDs, Blu-ray, DVD-HD, USB/thumb/flash drives, floppy disks or any other type of portable storage device, etc.) stored as an "active" or backup file, in its native format, computer files, discs and drives, sales, advertising and promotional literature, agreements, stored recordings, minutes or other records of meetings, all written or graphic records or representations of any kind, and all mechanical or electronic data, records or representations of any kind.

6. "**Electronically Stored Information**," abbreviated as "**ESI**" has the same meaning and scope as it has in the Federal Rules of Civil Procedure and includes, without limitation, the following:

a) structured and unstructured data, as those terms are defined in The Sedona Conference Glossary, available at www.thesedonaconference.org/publications;

b) activity listings of electronic mail receipts and/or transmittals;

c) output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, text messages (SMS, MMS or TMS), iMessages, Blackberry Messenger (BBM), AOL Instant MessengerTM (or similar program), social media (including without limitation Twitter, LinkedIn, YouTube, Facebook, Instagram, and

any other internet based messaging system) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

d) any and all items stored on computer memories, hard disks, floppy disks, CD discs, DVD discs, flash drives, thumb drives, memory cards, magnetic tape, microfiche, off-site interconnected servers (so-called "cloud computing"), or in any other vehicle for digital data storage and/or transmittal, such as, but not limited to, a personal digital assistant (*e.g.*, Blackberry, Smart Phone or similar device) and file folder tabs, and/or containers and labels appended to, or relating to, any physical storage device associated with each original and/or copy of all documents requested herein;

e) any and all items stored on voice-mail systems, websites, company intranet sites, chat rooms and social networking websites (*e.g.*, Facebook, LinkedIn, Twitter, and social websites listed at http://en.wikipedia.org/wiki/List of social networking websites); and

f) any and all data, data compilations, and data analyses.

7. "**Employee**" means, without limitation, any current or former officer, director, executive, manager, member, secretary, staff member, consultant, messenger, agent or other person who is or was employed by a Person or entity.

8. "**Identify**," when used in reference to an individual employee, means to produce documents sufficient to identify: the person's full name, last known business and home address; date of birth; social security number; title or position and period of service in each such position; immediate supervisor in each position; business and home telephone numbers (including voice, cellular and facsimile phone numbers) assigned to or used by

such person and the period during which such numbers were assigned to be used by that person; and business and home electronic mail identifiers and the period during which such identifiers were assigned to and used by that person.

9. "**Meeting**" means, without limitation, any assembly, convocation, encounter, or contemporaneous presence of two or more persons for any purpose, whether planned or arranged, scheduled or not. Meeting attendees may be present in person or by electronic means including, but not limited to, teleconference and videoconference.

10. "**Person**" means, without limitation, any natural person, corporation, partnership, limited liability company, proprietorship, joint venture, trust, association, government entity, group or other form of legal entity.

11. "**Plaintiffs**" means Kajan Johnson, Clarence Dollaway, Tristen Connelly, Mikhail Cirkunovs, Phil Davis, and any named plaintiffs in any subsequently filed Actions which are related to or consolidated with the Actions in the court with jurisdiction over the cases.

12. "**Possession, Custody or Control**" when referring to Documents or other tangible objects means any Document or other tangible object You have access to regardless of whether You have actual possession of the document or other tangible object. This includes Documents You have the legal right to obtain or for which You have control over the person who has control of the Document, including without limitation Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or Your attorneys or their agents, employees, representatives or investigators.

13. "**Social Media**" means any web-hosted applications that facilitate public posting of words, images or video and audio recordings, and private interactions such as private messaging or email, among users. Examples of Social Media include without limitation, Twitter,

Facebook, YouTube, Instagram, TikTok, WhatsApp, Signal, and Telegram.

14. "**You**," "**Your**," "**Your Company**" means Tencent America LLC, individually, and Tencent America LLC and its predecessors, successors, subsidiaries, departments, divisions, affiliates, any organization or entity which Tencent America LLC has acquired, or with which Tencent America LLC has merged, and any organization or entity which Tencent America LLC manages, controls or has an ownership interest in, together with all current and former directors, officers, employees, agents, representatives or any persons acting or purporting to act on Your behalf.

15. "**Zuffa**," "**UFC**," or "**Defendant**" all mean Ultimate Fighting Championship, UFC, TKO Operating Company, LLC ("**TKO OpCo**") (f/k/a Zuffa Parent LLC), a Delaware limited liability company and the direct subsidiary of TKO Group Holdings, Inc., a Delaware corporation ("**TKO Group Holdings**"), Endeavor Group Holdings, Inc., a Delaware corporation ("**Endeavor**"), and all predecessors, successors, subsidiaries, departments, divisions, acquisitions, affiliates and any organization or entity TKO OpCo or TKO Group Holdings manages or controls, together with all present and former directors, members, officers, employees, agents, representatives or any persons acting or purporting to act on TKO OpCo's behalf including, without limitation, Ari Emanual, Dana White, Mark Shapiro, Patrick Whitsell, Ike Lawrence Epstein, Lorenzo Fertitta or Hunter Campbell.

## II. **INSTRUCTIONS**

1. In producing Documents, You are requested to furnish all Documents or things in Your possession, custody or control, regardless of the physical location of the Documents, or whether such Documents or other materials are possessed directly by You or Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates,

investigators, or by Your attorneys or their agents, employees, representatives or investigators.

2. If any document covered by these requests is withheld by reason of a claim of attorney-client privilege, attorney work product protection, or any other privilege or protection, please furnish a log providing the following information with respect to each such withheld document: date, author, recipients, general subject matter sufficient to make a prima facie determination whether the asserted privilege has been properly invoked, and legal basis upon which the document has been withheld.

3. In producing Documents, You are requested to produce the original of each Document requested, together with all non-identical copies and drafts of such Document. If the original of any Document cannot be located, a copy shall be produced in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

4. If any requested Document cannot be produced in full, You are to produce it to the extent possible, indicating which Document, or portion of such Document, is being withheld, and the reason that it is being withheld.

5. Documents not otherwise responsive to these Requests shall be produced if such Documents mention, discuss, refer to, or explain the Documents that are called for by these Requests, or if such Documents are attached to Documents called for by these Requests and constitute routing slips, transmittal memoranda, letters, cover sheets, comments, evaluation or similar materials.

6. All Documents shall be produced in the same order as they are kept or maintained by You in the ordinary course of Your business. If any Documents have been removed from the files in which they were found for purposes of producing them in response to these

Requests, indicate for each Document the file(s) in which the Document(s) was (or were) originally located.

7. If a Document once existed and has subsequently been lost, destroyed, or is otherwise missing, please provide sufficient information to identify the Document and state the details concerning its loss.

8. With respect to any Document maintained or stored electronically, please harvest it in a manner that maintains the integrity and readability of all data, including all metadata.

9. Unless otherwise agreed, all ESI should be produced in native format via a secure file transfer protocol, or on compact disc(s), DVD disc(s) or zip drives in the original electronic file format(s) of the Documents.

10. Please produce all Documents maintained or stored electronically in native, electronic format with all relevant metadata intact. Encrypted or password-protected documents should be produced in a form permitting them to be reviewed. You are also requested to immediately meet and confer regarding the manner in which You shall produce Documents stored electronically in order for the parties to try and reach agreement in this regard and avoid any unnecessary expense.

11. Please organize electronic Documents produced for inspection in the same manner that You store them (e.g., if maintained by a custodian, such as e-mail residing on an e-mail server, please organize documents for production by custodian; if maintained as a subfolder of "My Documents" on a custodian's hard drive, please organize documents for production by custodian with path information preserved, etc.).

12. All ESI should be produced in accordance with the attached Stipulated Order Re: Discovery of Electronically Stored Information.

13. Documents attached to each other should not be separated, including, but not limited to, hard-copy versions of Documents attached to hard-copy printouts of e-mails produced pursuant to these Requests.

14. At Your election, documents maintained or stored in paper, hard-copy form can be produced as searchable .PDF (i.e., portable document format files with embedded text) and in an appropriate and usable manner (e.g., by copying such data onto an external hard drive).

15. These requests require production of paper documents in the same form and same order as they are kept in the usual course of business, or organized and labeled to correspond with the requests set forth below. If You choose the former method, the documents are to be produced in the boxes, file folders, binders and other containers in which the documents are found. The titles, labels or other descriptions on the boxes, file folders, binders or other containers are to be left intact.

16. Documents stored as electronic data on magnetic, optical, or other storage media as "active" or "backup" files shall be produced in their native formats with any associated metadata.

17. To the extent responsive Documents reside on databases and other such systems and files, You are requested to produce the relevant database in useable form and/or permit access for inspection, review, and extraction of responsive information.

18. To the extent responsive Documents are in languages other than English, the parties shall meet and confer to discuss the format of production prior thereto.

19. No part of a document request shall be left unanswered merely because an objection was

interposed to another part of the document request.

20. If You object to any document request or subpart thereof, the objection shall state with specificity all grounds. Any ground not stated shall be waived.

21. If You are unable to answer any document request, the reasons for Your inability to answer shall be separately stated in detail for each document request.

22. Category headings herein are for convenience and should not be relied upon to modify, limit, alter or otherwise influence in any way how to interpret these document requests.

## III. RELEVANT TIME PERIOD

Unless otherwise noted herein, the relevant time period of these document requests is July 1, 2015, until the present (the "**Relevant Time Period**"). These document requests seek all responsive Documents created or generated during the Relevant Time Period, as well as responsive Documents created or generated outside the Relevant Time Period, but which contain information concerning the Relevant Time Period.

## IV. **PRODUCTION REQUESTS**

REQUEST NO. 1.

Pursuant to 18 U.S.C. § 2702(c)(6), all non-content subscriber records and account information for the individuals listed in Exhibit 1.[1]

Subscriber records and account information should include, but are not limited to, the following:

- Subscriber registration information, including, but not limited to, full names; associated email addresses; associated telephone numbers; associated addresses; user IDs, usernames, or handles; and dates of birth (if collected);

- IP address logs and login/logout history, including the date/time stamps (with time zone); IP addresses; port numbers; and associated session identifiers for each successful or attempted login during the Relevant Time Period;

- All activity logs or log files for the accounts showing all user activities during the Relevant Period, excluding information that may contain content data. User activities include, without limitation:

    o Engaging in one-to-one and group messaging communications, including sender and recipient identifiers (e.g., user IDs/handles/phone numbers), group identifiers, date/time stamps (with time zone), delivery status, and message size/length, excluding message contents;

---

[1] Exhibit 1 contains potential login identifiers for the listed individuals but is non-exhaustive. Because the complete list of associated account information for each individual will be within Your possession, custody, and control, Plaintiffs respectfully request to meet and confer on this Request.

- o Engaging in one-to-one and group calls (voice/video), including caller/callee identifiers, date/time stamps (with time zone), call duration, and call disposition, excluding call contents;

- o Participating in group memberships, including group identifiers, group name, date/time of user joining/leaving, and group admin(s), excluding any content of group messages;

- o Uploading videos or other posts; making comments on other users' posts; reacting to other users' posts; saving or bookmarking other users' posts; messaging, following, or "friending" other users; participating in live chats; and/or utilizing other public or private social networking activities You facilitate, including the date, time, and user(s) associated with the individual's use of Your features.

- Device information, including device type, OS version, device identifiers (e.g., device tokens, serial numbers, advertising ID where applicable), app version, and date/time stamps of devices associated with each account;

- Current account status (active, deactivated, permanently deleted) and records identifying the creation, deletion, deactivation, or reactivation of each account, including date/time stamps and the method by which such action occurred;

- Other account changes and events, including username changes, profile changes, linked accounts, password resets, recovery email/phone changes, two-factor authentication activation/deactivation, and date/time stamps for such events;

- All preservation/retention and privacy settings, including changes in settings and the dates on which they occurred. This includes, but is not limited to, records of content

deletion events or disappearing content settings, including when disappearing timers were enabled/modified and their durations, and date/time of content deletions (if maintained).

- Any preservation requests, legal process logs, or legal holds relating to the account, including the date of receipt of legal process and the categories of information preserved;

- Payment and billing records (if any), including payment method type (with masked numbers only), billing address, dates of payments, subscription status, and transaction logs, excluding full financial account numbers.

Exhibit 1

| Name | Employer | Associated Phone Numbers | Associated Email Addresses | Associated Usernames |
|---|---|---|---|---|
| Akosa Akpom | TKO Operating Company, LLC | | | |
| David Avery | TKO Operating Company, LLC | | | |
| Denitza Batchvarova | Zuffa, LLC | | | |
| Nakisa Bidarian | Zuffa, LLC | | | |
| Tracey Bleczinski | TKO Operating Company, LLC | | | |
| Craig Borsari | Zuffa, LLC | | | |
| Hunter Campbell | Zuffa, LLC | | | |
| Deborah Cook | TKO Operating Company, LLC | | | |
| Peter Dropick | Zuffa, LLC | | | |
| Ariel Emanuel | Endeavor Group Holdings, Inc.; TKO Operating Company, LLC | | | |
| Lawrence "Ike" Epstein | Zuffa, LLC | | | |
| Chadwick Hurley | Zuffa, LLC | | | |
| Tracy Long | Zuffa, LLC | | | |
| Jason Lublin | Endeavor Group Holdings, Inc. | | | |
| Michael "Mick" Maynard | Zuffa, LLC | | | |
| Michael Mossholder | Zuffa, LLC | | | |
| Grant Norris-Jones | TKO Operating Company, LLC | | | |
| Brittany Santypal | TKO Operating Company, LLC | | | |
| Andrew Schleimer | Zuffa, LLC | | | |
| Mark Shapiro | Endeavor Group Holdings, Inc.; TKO Operating Company, LLC | | | |
| David Shaw | TKO Operating Company, LLC | | | |
| Sean Shelby | Zuffa, LLC | | | |
| Joe Silva | Zuffa, LLC; TKO Operating Company, LLC | | | |
| Dana White | Zuffa, LLC; TKO Operating Company, LLC | | | |

| Seth Zaslow | TKO Operating Company, LLC |
|---|---|
| Marshall Zelaznik | Zuffa, LLC; TKO Operating Company, LLC |
| Albert Acosta | Endeavor Group Holdings, Inc. |
| Olsvaldo Arias | Zuffa, LLC; TKO Operating Company, LLC |
| Tony Barboza | Zuffa, LLC; TKO Operating Company, LLC |
| Buffey Curtis | Zuffa, LLC; TKO Operating Company, LLC |
| Nichole Durand | Zuffa, LLC; TKO Operating Company, LLC |
| Egon Durban | Zuffa, LLC; TKO Operating Company, LLC |
| Jamie Euster | Endeavor Group Holdings, Inc. |
| Keith Friedenberg | Endeavor Group Holdings, Inc. |
| Graham Fry | Endeavor Group Holdings, Inc. |
| Tim Gardner | Endeavor Group Holdings, Inc. |
| Rami Genauer | Zuffa, LLC; TKO Operating Company, LLC |
| Christoph Goessing | Zuffa, LLC; TKO Operating Company, LLC |
| Krista Hall | Zuffa, LLC; TKO Operating Company, LLC |
| Reed Harris | Zuffa, LLC; TKO Operating Company, LLC |
| Shane Kapral | Zuffa, LLC; TKO Operating Company, LLC |
| Seth Krauss | Endeavor Group Holdings, Inc. & Zuffa, LLC; TKO Operating Company, LLC |
| Ajay Madkekar | Endeavor Group Holdings, Inc. |
| David Phillips | Endeavor Group Holdings, Inc. |
| Chris Provino | Zuffa, LLC; TKO Operating Company, LLC |

| | |
|---|---|
| Marc Ratner | Zuffa, LLC; TKO Operating Company, LLC |
| Zack Rose | Endeavor Group Holdings, Inc. |
| Jonathan Shin | Zuffa, LLC; TKO Operating Company, LLC |
| Brandon Stuckenberg | Zuffa, LLC; TKO Operating Company, LLC |
| Robert Crowley Sullivan | Zuffa, LLC; TKO Operating Company, LLC |
| Blake Ulrich | Endeavor Group Holdings, Inc. |
| Marc Webster | Endeavor Group Holdings, Inc. |
| Patrick Whitesell | Zuffa, LLC; TKO Operating Company, LLC |
| Matt Woodmancy | Endeavor Group Holdings, Inc. |
| Chika Yoshinaga | Zuffa, LLC; TKO Operating Company, LLC |
| Nick Zombolas | Zuffa, LLC; TKO Operating Company, LLC |
| Sam Zussman | Endeavor Group Holdings, Inc. |

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of Nevada

| | |
|---|---|
| Mikhail Cirkunovs | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:25-cv-00914-RFB-BNW |
| Zuffa, LLC dba Ultimate Fighting Championship et al. | ) |
| _____ | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                               Tencent America LLC
                c/o Paracorp Incorporated 2804 Gateway Oaks Dr Ste 100, SACRAMENTO, CA 95833

*(Name of person to whom this subpoena is directed)*

❛ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place | BERGER MONTAGUE 505 Montgomery Street Suite 625 San Francisco, CA 94111 | Date and Time: 1/17/2026 5:00 pm |
|---|---|---|

❛ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/17/2025

        *CLERK OF COURT*
                                                    OR
                                                        /s/ Daniel Gifford
    _____                   _____
    *Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Plaintiff Mikhail Cirkunovs
_____, who issues or requests this subpoena, are:
Daniel Gifford; 88 Pine Street, 14th Floor, New York, NY 10005; dgifford@cohenmilstein.com; (212) 838-7797

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:25-cv-00914-RFB-BNW

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____        _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (iii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iv) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (v) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## SCHEDULE A

### I. DEFINITIONS

1. The following rules of construction should apply to all discovery requests:

   a) "**All**" should be construed to include the collective as well as the singular and shall mean "each," "any," and "every."

   b) "**And**" and "or" should be construed so as to require the broadest possible response. If, for example, a request calls for information about "A or B" or "A and B," You should produce all information about A and all information about B, as well as all information about A and B collectively. In other words, "or" and "and" should be read as "and/or."

   c) "**Any**" shall be construed to mean "any and all."

   d) "**Including**" shall be construed to mean "without limitation." "Including" is used to emphasize certain types of documents requested and should not be construed as limiting the request in any way.

   e) "**Relating to**," "**referring to**," "**regarding**," or "**with respect to**" mean, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

   f) The use of the singular form of any word includes the plural and vice versa.

   g) Unless otherwise indicated, the use of the present tense of any verb shall be construed to include the past tense going back to the beginning of the Relevant Time Period, and the use of the past tense shall be construed to run from the beginning of the Relevant Time Period through the present.

2. "**Actions**" means *Kajan Johnson, et al. v. Zuffa, LLC, et al.*, No. 2:21-cv-01189 (D. Nev.);

*Mikhail Cirkunovs v. Zuffa, LLC, et al.*, No. 2:25-cv-00914 (D. Nev.); and *Phil Davis v. Zuffa, LLC, et al.*, No. 2:25-cv-00946 (D. Nev.).

3. "**Communication**" means without limitation, oral or written communications of any kind, such as electronic communications, direct communications through social media (including without limitation direct messaging, instant messaging, chatting or emailing within a social media platform), facsimiles, telephone communications, correspondence, exchange of written or recorded information, or face-to-face meetings. The phrase "communication between" is defined to include instances where one party addresses the other party but the other party does not necessarily respond. The phrase "communication" includes all attachments to e-mail messages.

4. "**Date**" means the exact day, month, and year, if ascertainable, or the best available approximation, including any relationship to other known events (designate whether exact or approximate).

5. "**Document(s)**" shall mean and include all "writings," "recordings" or "photographs" as those terms are defined in Federal Rule of Civil Procedure 34 and Rule 1001 of the Federal Rules of Evidence. Without limiting the generality of the foregoing, the term "Documents" includes both hard copy documents and electronically stored data files including but not limited to e-mail, instant messaging, social media content (including without limitation public content such as Tweets, YouTube submissions, Facebook posts, and posts to any public electronic billboard, as well as private content such as direct messaging, instant messaging, chats, and email), shared network files and databases. "Documents" also includes, without limitation and regardless of whether stored in hard copy or electronically, any letters, correspondence, memoranda, analyses, legal pleadings, calendars, diaries,

travel records, summaries, records of telephone conversations, telegrams, notes, reports, compilations, notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, audiotapes, film and sound reproductions, e-mails, internal or external web sites, audio or video discs data on magnetic or optical storage media (e.g., servers, storage area networks, interconnected remote servers (so-called "cloud computing"), hard drives, backup tapes, CDs, DVDs, Blu-ray, DVD-HD, USB/thumb/flash drives, floppy disks or any other type of portable storage device, etc.) stored as an "active" or backup file, in its native format, computer files, discs and drives, sales, advertising and promotional literature, agreements, stored recordings, minutes or other records of meetings, all written or graphic records or representations of any kind, and all mechanical or electronic data, records or representations of any kind.

6. "**Electronically Stored Information**," abbreviated as "**ESI**" has the same meaning and scope as it has in the Federal Rules of Civil Procedure and includes, without limitation, the following:

   a) structured and unstructured data, as those terms are defined in The Sedona Conference Glossary, available at www.thesedonaconference.org/publications;

   b) activity listings of electronic mail receipts and/or transmittals;

   c) output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, text messages (SMS, MMS or TMS), iMessages, Blackberry Messenger (BBM), AOL Instant MessengerTM (or similar program), social media (including without limitation Twitter, LinkedIn, YouTube, Facebook, Instagram, and

any other internet based messaging system) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

d)  any and all items stored on computer memories, hard disks, floppy disks, CD discs, DVD discs, flash drives, thumb drives, memory cards, magnetic tape, microfiche, off-site interconnected servers (so-called "cloud computing"), or in any other vehicle for digital data storage and/or transmittal, such as, but not limited to, a personal digital assistant (*e.g.*, Blackberry, Smart Phone or similar device) and file folder tabs, and/or containers and labels appended to, or relating to, any physical storage device associated with each original and/or copy of all documents requested herein;

e)  any and all items stored on voice-mail systems, websites, company intranet sites, chat rooms and social networking websites (*e.g.*, Facebook, LinkedIn, Twitter, and social websites listed at http://en.wikipedia.org/wiki/List of social networking websites); and

f)  any and all data, data compilations, and data analyses.

7.  "**Employee**" means, without limitation, any current or former officer, director, executive, manager, member, secretary, staff member, consultant, messenger, agent or other person who is or was employed by a Person or entity.

8.  "**Identify**," when used in reference to an individual employee, means to produce documents sufficient to identify: the person's full name, last known business and home address; date of birth; social security number; title or position and period of service in each such position; immediate supervisor in each position; business and home telephone numbers (including voice, cellular and facsimile phone numbers) assigned to or used by

such person and the period during which such numbers were assigned to be used by that

person; and business and home electronic mail identifiers and the period during which such

identifiers were assigned to and used by that person.

9. "**Meeting**" means, without limitation, any assembly, convocation, encounter, or

contemporaneous presence of two or more persons for any purpose, whether planned or

arranged, scheduled or not. Meeting attendees may be present in person or by electronic

means including, but not limited to, teleconference and videoconference.

10. "**Person**" means, without limitation, any natural person, corporation, partnership, limited

liability company, proprietorship, joint venture, trust, association, government entity,

group or other form of legal entity.

11. "**Plaintiffs**" means Kajan Johnson, Clarence Dollaway, Tristen Connelly, Mikhail Cirkunovs,

Phil Davis, and any named plaintiffs in any subsequently filed Actions which are related to or

consolidated with the Actions in the court with jurisdiction over the cases.

12. "**Possession, Custody or Control**" when referring to Documents or other tangible objects

means any Document or other tangible object You have access to regardless of whether You

have actual possession of the document or other tangible object. This includes Documents

You have the legal right to obtain or for which You have control over the person who has

control of the Document, including without limitation Your directors, officers, agents,

employees, representatives, subsidiaries, managing agents, affiliates, investigators, or Your

attorneys or their agents, employees, representatives or investigators.

13. "**Social Media**" means any web-hosted applications that facilitate public posting of words,

images or video and audio recordings, and private interactions such as private messaging or

email, among users. Examples of Social Media include without limitation, Twitter,

Facebook, YouTube, Instagram, TikTok, WhatsApp, Signal, and Telegram.

14. "**You**," "**Your**," "**Your Company**" means Tencent America LLC, individually, and Tencent America LLC and its predecessors, successors, subsidiaries, departments, divisions, affiliates, any organization or entity which Tencent America LLC has acquired, or with which Tencent America LLC has merged, and any organization or entity which Tencent America LLC manages, controls or has an ownership interest in, together with all current and former directors, officers, employees, agents, representatives or any persons acting or purporting to act on Your behalf.

15. "**Zuffa**," "**UFC**," or "**Defendant**" all mean Ultimate Fighting Championship, UFC, TKO Operating Company, LLC ("**TKO OpCo**") (f/k/a Zuffa Parent LLC), a Delaware limited liability company and the direct subsidiary of TKO Group Holdings, Inc., a Delaware corporation ("**TKO Group Holdings**"), Endeavor Group Holdings, Inc., a Delaware corporation ("**Endeavor**"), and all predecessors, successors, subsidiaries, departments, divisions, acquisitions, affiliates and any organization or entity TKO OpCo or TKO Group Holdings manages or controls, together with all present and former directors, members, officers, employees, agents, representatives or any persons acting or purporting to act on TKO OpCo's behalf including, without limitation, Ari Emanual, Dana White, Mark Shapiro, Patrick Whitsell, Ike Lawrence Epstein, Lorenzo Fertitta or Hunter Campbell.

## II. INSTRUCTIONS

1. In producing Documents, You are requested to furnish all Documents or things in Your possession, custody or control, regardless of the physical location of the Documents, or whether such Documents or other materials are possessed directly by You or Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates,

investigators, or by Your attorneys or their agents, employees, representatives or investigators.

2. If any document covered by these requests is withheld by reason of a claim of attorney-client privilege, attorney work product protection, or any other privilege or protection, please furnish a log providing the following information with respect to each such withheld document: date, author, recipients, general subject matter sufficient to make a prima facie determination whether the asserted privilege has been properly invoked, and legal basis upon which the document has been withheld.

3. In producing Documents, You are requested to produce the original of each Document requested, together with all non-identical copies and drafts of such Document. If the original of any Document cannot be located, a copy shall be produced in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

4. If any requested Document cannot be produced in full, You are to produce it to the extent possible, indicating which Document, or portion of such Document, is being withheld, and the reason that it is being withheld.

5. Documents not otherwise responsive to these Requests shall be produced if such Documents mention, discuss, refer to, or explain the Documents that are called for by these Requests, or if such Documents are attached to Documents called for by these Requests and constitute routing slips, transmittal memoranda, letters, cover sheets, comments, evaluation or similar materials.

6. All Documents shall be produced in the same order as they are kept or maintained by You in the ordinary course of Your business. If any Documents have been removed from the files in which they were found for purposes of producing them in response to these

Requests, indicate for each Document the file(s) in which the Document(s) was (or were) originally located.

7. If a Document once existed and has subsequently been lost, destroyed, or is otherwise missing, please provide sufficient information to identify the Document and state the details concerning its loss.

8. With respect to any Document maintained or stored electronically, please harvest it in a manner that maintains the integrity and readability of all data, including all metadata.

9. Unless otherwise agreed, all ESI should be produced in native format via a secure file transfer protocol, or on compact disc(s), DVD disc(s) or zip drives in the original electronic file format(s) of the Documents.

10. Please produce all Documents maintained or stored electronically in native, electronic format with all relevant metadata intact. Encrypted or password-protected documents should be produced in a form permitting them to be reviewed. You are also requested to immediately meet and confer regarding the manner in which You shall produce Documents stored electronically in order for the parties to try and reach agreement in this regard and avoid any unnecessary expense.

11. Please organize electronic Documents produced for inspection in the same manner that You store them (e.g., if maintained by a custodian, such as e-mail residing on an e-mail server, please organize documents for production by custodian; if maintained as a subfolder of "My Documents" on a custodian's hard drive, please organize documents for production by custodian with path information preserved, etc.).

12. All ESI should be produced in accordance with the attached Stipulated Order Re: Discovery of Electronically Stored Information.

13. Documents attached to each other should not be separated, including, but not limited to, hard-copy versions of Documents attached to hard-copy printouts of e-mails produced pursuant to these Requests.

14. At Your election, documents maintained or stored in paper, hard-copy form can be produced as searchable .PDF (i.e., portable document format files with embedded text) and in an appropriate and usable manner (e.g., by copying such data onto an external hard drive).

15. These requests require production of paper documents in the same form and same order as they are kept in the usual course of business, or organized and labeled to correspond with the requests set forth below. If You choose the former method, the documents are to be produced in the boxes, file folders, binders and other containers in which the documents are found. The titles, labels or other descriptions on the boxes, file folders, binders or other containers are to be left intact.

16. Documents stored as electronic data on magnetic, optical, or other storage media as "active" or "backup" files shall be produced in their native formats with any associated metadata.

17. To the extent responsive Documents reside on databases and other such systems and files, You are requested to produce the relevant database in useable form and/or permit access for inspection, review, and extraction of responsive information.

18. To the extent responsive Documents are in languages other than English, the parties shall meet and confer to discuss the format of production prior thereto.

19. No part of a document request shall be left unanswered merely because an objection was

interposed to another part of the document request.

20. If You object to any document request or subpart thereof, the objection shall state with specificity all grounds. Any ground not stated shall be waived.

21. If You are unable to answer any document request, the reasons for Your inability to answer shall be separately stated in detail for each document request.

22. Category headings herein are for convenience and should not be relied upon to modify, limit, alter or otherwise influence in any way how to interpret these document requests.

## III. **RELEVANT TIME PERIOD**

Unless otherwise noted herein, the relevant time period of these document requests is July 1, 2015, until the present (the "**Relevant Time Period**"). These document requests seek all responsive Documents created or generated during the Relevant Time Period, as well as responsive Documents created or generated outside the Relevant Time Period, but which contain information concerning the Relevant Time Period.

## IV.    **PRODUCTION REQUESTS**

REQUEST NO. 1.

Pursuant to 18 U.S.C. § 2702(c)(6), all non-content subscriber records and account information for the individuals listed in Exhibit 1.[1]

Subscriber records and account information should include, but are not limited to, the following:

- Subscriber registration information, including, but not limited to, full names; associated email addresses; associated telephone numbers; associated addresses; user IDs, usernames, or handles; and dates of birth (if collected);

- IP address logs and login/logout history, including the date/time stamps (with time zone); IP addresses; port numbers; and associated session identifiers for each successful or attempted login during the Relevant Time Period;

- All activity logs or log files for the accounts showing all user activities during the Relevant Period, excluding information that may contain content data. User activities include, without limitation:

  o Engaging in one-to-one and group messaging communications, including sender and recipient identifiers (e.g., user IDs/handles/phone numbers), group identifiers, date/time stamps (with time zone), delivery status, and message size/length, excluding message contents;

---

[1] Exhibit 1 contains potential login identifiers for the listed individuals but is non-exhaustive. Because the complete list of associated account information for each individual will be within Your possession, custody, and control, Plaintiffs respectfully request to meet and confer on this Request.

- o Engaging in one-to-one and group calls (voice/video), including caller/callee identifiers, date/time stamps (with time zone), call duration, and call disposition, excluding call contents;

- o Participating in group memberships, including group identifiers, group name, date/time of user joining/leaving, and group admin(s), excluding any content of group messages;

- o Uploading videos or other posts; making comments on other users' posts; reacting to other users' posts; saving or bookmarking other users' posts; messaging, following, or "friending" other users; participating in live chats; and/or utilizing other public or private social networking activities You facilitate, including the date, time, and user(s) associated with the individual's use of Your features.

- Device information, including device type, OS version, device identifiers (e.g., device tokens, serial numbers, advertising ID where applicable), app version, and date/time stamps of devices associated with each account;

- Current account status (active, deactivated, permanently deleted) and records identifying the creation, deletion, deactivation, or reactivation of each account, including date/time stamps and the method by which such action occurred;

- Other account changes and events, including username changes, profile changes, linked accounts, password resets, recovery email/phone changes, two-factor authentication activation/deactivation, and date/time stamps for such events;

- All preservation/retention and privacy settings, including changes in settings and the dates on which they occurred. This includes, but is not limited to, records of content

deletion events or disappearing content settings, including when disappearing timers were enabled/modified and their durations, and date/time of content deletions (if maintained).

- Any preservation requests, legal process logs, or legal holds relating to the account, including the date of receipt of legal process and the categories of information preserved;

- Payment and billing records (if any), including payment method type (with masked numbers only), billing address, dates of payments, subscription status, and transaction logs, excluding full financial account numbers.

Exhibit 1

| Name | Employer | Associated Phone Numbers | Associated Email Addresses | Associated Usernames |
|---|---|---|---|---|
| Akosa Akpom | TKO Operating Company, LLC | | | |
| David Avery | TKO Operating Company, LLC | | | |
| Denitza Batchvarova | Zuffa, LLC | | | |
| Nakisa Bidarian | Zuffa, LLC | | | |
| Tracey Bleczinski | TKO Operating Company, LLC | | | |
| Craig Borsari | Zuffa, LLC | | | |
| Hunter Campbell | Zuffa, LLC | | | |
| Deborah Cook | TKO Operating Company, LLC | | | |
| Peter Dropick | Zuffa, LLC | | | |
| Ariel Emanuel | Endeavor Group Holdings, Inc.; TKO Operating Company, LLC | | | |
| Lawrence "Ike" Epstein | Zuffa, LLC | | | |
| Chadwick Hurley | Zuffa, LLC | | | |
| Tracy Long | Zuffa, LLC | | | |
| Jason Lublin | Endeavor Group Holdings, Inc. | | | |
| Michael "Mick" Maynard | Zuffa, LLC | | | |
| Michael Mossholder | Zuffa, LLC | | | |
| Grant Norris-Jones | TKO Operating Company, LLC | | | |
| Brittany Santypal | TKO Operating Company, LLC | | | |
| Andrew Schleimer | Zuffa, LLC | | | |
| Mark Shapiro | Endeavor Group Holdings, Inc.; TKO Operating Company, LLC | | | |
| David Shaw | TKO Operating Company, LLC | | | |
| Sean Shelby | Zuffa, LLC | | | |
| Joe Silva | Zuffa, LLC; TKO Operating Company, LLC | | | |
| Dana White | Zuffa, LLC; TKO Operating Company, LLC | | | |

| | |
|---|---|
| Seth Zaslow | TKO Operating Company, LLC |
| Marshall Zelaznik | Zuffa, LLC; TKO Operating Company, LLC |
| Albert Acosta | Endeavor Group Holdings, Inc. |
| Olsvaldo Arias | Zuffa, LLC; TKO Operating Company, LLC |
| Tony Barboza | Zuffa, LLC; TKO Operating Company, LLC |
| Buffey Curtis | Zuffa, LLC; TKO Operating Company, LLC |
| Nichole Durand | Zuffa, LLC; TKO Operating Company, LLC |
| Egon Durban | Zuffa, LLC; TKO Operating Company, LLC |
| Jamie Euster | Endeavor Group Holdings, Inc. |
| Keith Friedenberg | Endeavor Group Holdings, Inc. |
| Graham Fry | Endeavor Group Holdings, Inc. |
| Tim Gardner | Endeavor Group Holdings, Inc. |
| Rami Genauer | Zuffa, LLC; TKO Operating Company, LLC |
| Christoph Goessing | Zuffa, LLC; TKO Operating Company, LLC |
| Krista Hall | Zuffa, LLC; TKO Operating Company, LLC |
| Reed Harris | Zuffa, LLC; TKO Operating Company, LLC |
| Shane Kapral | Zuffa, LLC; TKO Operating Company, LLC |
| Seth Krauss | Endeavor Group Holdings, Inc. & Zuffa, LLC; TKO Operating Company, LLC |
| Ajay Madkekar | Endeavor Group Holdings, Inc. |
| David Phillips | Endeavor Group Holdings, Inc. |
| Chris Provino | Zuffa, LLC; TKO Operating Company, LLC |

| Marc Ratner | Zuffa, LLC; TKO Operating Company, LLC | |
|---|---|---|
| Zack Rose | Endeavor Group Holdings, Inc. | |
| Jonathan Shin | Zuffa, LLC; TKO Operating Company, LLC | |
| Brandon Stuckenberg | Zuffa, LLC; TKO Operating Company, LLC | |
| Robert Crowley Sullivan | Zuffa, LLC; TKO Operating Company, LLC | |
| Blake Ulrich | Endeavor Group Holdings, Inc. | |
| Marc Webster | Endeavor Group Holdings, Inc. | |
| Patrick Whitesell | Zuffa, LLC; TKO Operating Company, LLC | |
| Matt Woodmancy | Endeavor Group Holdings, Inc. | |
| Chika Yoshinaga | Zuffa, LLC; TKO Operating Company, LLC | |
| Nick Zombolas | Zuffa, LLC; TKO Operating Company, LLC | |
| Sam Zussman | Endeavor Group Holdings, Inc. | |

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Nevada

| | |
|---|---|
| Johnson et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  2:21-cv-01189-RFB-BNW |
| Zuffa, LLC dba Ultimate Fighting Championship et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                    Microsoft Corporation
         c/o CORPORATION SERVICE COMPANY  300 DESCHUTES WAY SW STE 208 MC-CSC1,  TUMWATER, WA, 98501

*(Name of person to whom this subpoena is directed)*

**X** *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: VERITEXT LEGAL SOLUTIONS 1200 6th Avenue, Suite 610, Seattle, WA 98101 | Date and Time: 1/17/2026 5:00 pm |
|---|---|

❜ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    12/17/2025

                        *CLERK OF COURT*
                                                    OR
                                                                    /s/ Daniel Gifford
_____                    _____
        *Signature of Clerk or Deputy Clerk*                      *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Plaintiffs Kajan Johnson, Clarence Dollaway, and Tristan Connelly    , who issues or requests this subpoena, are:
Daniel Gifford; 88 Pine Street, 14th Floor, New York, NY 10005; dgifford@cohenmilstein.com; (212) 838-7797

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:21-cv-01189-RFB-BNW

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____        _____
                                                                *Server's signature*

                                         _____
                                                                *Printed name and title*

                                         _____
                                                                *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  *(A)* *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B)* *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    ( ) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (i) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (ii) subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A)* *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B)* *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C)* *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D)* *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

### I. DEFINITIONS

1. The following rules of construction should apply to all discovery requests:

   a) "**All**" should be construed to include the collective as well as the singular and shall mean "each," "any," and "every."

   b) "**And**" and "or" should be construed so as to require the broadest possible response. If, for example, a request calls for information about "A or B" or "A and B," You should produce all information about A and all information about B, as well as all information about A and B collectively. In other words, "or" and "and" should be read as "and/or."

   c) "**Any**" shall be construed to mean "any and all."

   d) "**Including**" shall be construed to mean "without limitation." "Including" is used to emphasize certain types of documents requested and should not be construed as limiting the request in any way.

   e) "**Relating to**," "**referring to**," "**regarding**," or "**with respect to**" mean, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

   f) The use of the singular form of any word includes the plural and vice versa.

   g) Unless otherwise indicated, the use of the present tense of any verb shall be construed to include the past tense going back to the beginning of the Relevant Time Period, and the use of the past tense shall be construed to run from the beginning of the Relevant Time Period through the present.

2. "**Actions**" means *Kajan Johnson, et al. v. Zuffa, LLC, et al.*, No. 2:21-cv-01189 (D. Nev.);

*Mikhail Cirkunovs v. Zuffa, LLC, et al.*, No. 2:25-cv-00914 (D. Nev.); and *Phil Davis v. Zuffa, LLC, et al.*, No. 2:25-cv-00946 (D. Nev.).

3. "**Communication**" means without limitation, oral or written communications of any kind, such as electronic communications, direct communications through social media (including without limitation direct messaging, instant messaging, chatting or emailing within a social media platform), facsimiles, telephone communications, correspondence, exchange of written or recorded information, or face-to-face meetings. The phrase "communication between" is defined to include instances where one party addresses the other party but the other party does not necessarily respond. The phrase "communication" includes all attachments to e-mail messages.

4. "**Date**" means the exact day, month, and year, if ascertainable, or the best available approximation, including any relationship to other known events (designate whether exact or approximate).

5. "**Document(s)**" shall mean and include all "writings," "recordings" or "photographs" as those terms are defined in Federal Rule of Civil Procedure 34 and Rule 1001 of the Federal Rules of Evidence. Without limiting the generality of the foregoing, the term "Documents" includes both hard copy documents and electronically stored data files including but not limited to e-mail, instant messaging, social media content (including without limitation public content such as Tweets, YouTube submissions, Facebook posts, and posts to any public electronic billboard, as well as private content such as direct messaging, instant messaging, chats, and email), shared network files and databases. "Documents" also includes, without limitation and regardless of whether stored in hard copy or electronically, any letters, correspondence, memoranda, analyses, legal pleadings, calendars, diaries,

travel records, summaries, records of telephone conversations, telegrams, notes, reports, compilations, notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, audiotapes, film and sound reproductions, e-mails, internal or external web sites, audio or video discs data on magnetic or optical storage media (e.g., servers, storage area networks, interconnected remote servers (so-called "cloud computing"), hard drives, backup tapes, CDs, DVDs, Blu-ray, DVD-HD, USB/thumb/flash drives, floppy disks or any other type of portable storage device, etc.) stored as an "active" or backup file, in its native format, computer files, discs and drives, sales, advertising and promotional literature, agreements, stored recordings, minutes or other records of meetings, all written or graphic records or representations of any kind, and all mechanical or electronic data, records or representations of any kind.

6. "**Electronically Stored Information**," abbreviated as "**ESI**" has the same meaning and scope as it has in the Federal Rules of Civil Procedure and includes, without limitation, the following:

   a) structured and unstructured data, as those terms are defined in The Sedona Conference Glossary, available at www.thesedonaconference.org/publications;

   b) activity listings of electronic mail receipts and/or transmittals;

   c) output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, text messages (SMS, MMS or TMS), iMessages, Blackberry Messenger (BBM), AOL Instant MessengerTM (or similar program), social media (including without limitation Twitter, LinkedIn, YouTube, Facebook, Instagram, and

any other internet based messaging system) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

d)  any and all items stored on computer memories, hard disks, floppy disks, CD discs, DVD discs, flash drives, thumb drives, memory cards, magnetic tape, microfiche, off-site interconnected servers (so-called "cloud computing"), or in any other vehicle for digital data storage and/or transmittal, such as, but not limited to, a personal digital assistant (*e.g.*, Blackberry, Smart Phone or similar device) and file folder tabs, and/or containers and labels appended to, or relating to, any physical storage device associated with each original and/or copy of all documents requested herein;

e)  any and all items stored on voice-mail systems, websites, company intranet sites, chat rooms and social networking websites (*e.g.*, Facebook, LinkedIn, Twitter, and social websites listed at http://en.wikipedia.org/wiki/List of social networking websites); and

f)  any and all data, data compilations, and data analyses.

7.  "**Employee**" means, without limitation, any current or former officer, director, executive, manager, member, secretary, staff member, consultant, messenger, agent or other person who is or was employed by a Person or entity.

8.  "**Identify**," when used in reference to an individual employee, means to produce documents sufficient to identify: the person's full name, last known business and home address; date of birth; social security number; title or position and period of service in each such position; immediate supervisor in each position; business and home telephone numbers (including voice, cellular and facsimile phone numbers) assigned to or used by

such person and the period during which such numbers were assigned to be used by that person; and business and home electronic mail identifiers and the period during which such identifiers were assigned to and used by that person.

9. "**Meeting**" means, without limitation, any assembly, convocation, encounter, or contemporaneous presence of two or more persons for any purpose, whether planned or arranged, scheduled or not. Meeting attendees may be present in person or by electronic means including, but not limited to, teleconference and videoconference.

10. "**Person**" means, without limitation, any natural person, corporation, partnership, limited liability company, proprietorship, joint venture, trust, association, government entity, group or other form of legal entity.

11. "**Plaintiffs**" means Kajan Johnson, Clarence Dollaway, Tristen Connelly, Mikhail Cirkunovs, Phil Davis, and any named plaintiffs in any subsequently filed Actions which are related to or consolidated with the Actions in the court with jurisdiction over the cases.

12. "**Possession, Custody or Control**" when referring to Documents or other tangible objects means any Document or other tangible object You have access to regardless of whether You have actual possession of the document or other tangible object. This includes Documents You have the legal right to obtain or for which You have control over the person who has control of the Document, including without limitation Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or Your attorneys or their agents, employees, representatives or investigators.

13. "**Social Media**" means any web-hosted applications that facilitate public posting of words, images or video and audio recordings, and private interactions such as private messaging or email, among users. Examples of Social Media include without limitation, Twitter,

Facebook, YouTube, Instagram, TikTok, WhatsApp, Signal, and Telegram.

14. "**You**," "**Your**," "**Your Company**" means Microsoft Corporation, individually, and Microsoft Corporation and its predecessors, successors, subsidiaries, departments, divisions, affiliates, any organization or entity which Microsoft Corporation has acquired, or with which Microsoft Corporation has merged, and any organization or entity which Microsoft Corporation manages, controls or has an ownership interest in, together with all current and former directors, officers, employees, agents, representatives or any persons acting or purporting to act on Your behalf.

15. "**Zuffa**," "**UFC**," or "**Defendant**" all mean Ultimate Fighting Championship, UFC, TKO Operating Company, LLC ("**TKO OpCo**") (f/k/a Zuffa Parent LLC), a Delaware limited liability company and the direct subsidiary of TKO Group Holdings, Inc., a Delaware corporation ("**TKO Group Holdings**"), Endeavor Group Holdings, Inc., a Delaware corporation ("**Endeavor**"), and all predecessors, successors, subsidiaries, departments, divisions, acquisitions, affiliates and any organization or entity TKO OpCo or TKO Group Holdings manages or controls, together with all present and former directors, members, officers, employees, agents, representatives or any persons acting or purporting to act on TKO OpCo's behalf including, without limitation, Ari Emanual, Dana White, Mark Shapiro, Patrick Whitsell, Ike Lawrence Epstein, Lorenzo Fertitta or Hunter Campbell.

## II. INSTRUCTIONS

1. In producing Documents, You are requested to furnish all Documents or things in Your possession, custody or control, regardless of the physical location of the Documents, or whether such Documents or other materials are possessed directly by You or Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates,

investigators, or by Your attorneys or their agents, employees, representatives or investigators.

2.  If any document covered by these requests is withheld by reason of a claim of attorney-client privilege, attorney work product protection, or any other privilege or protection, please furnish a log providing the following information with respect to each such withheld document: date, author, recipients, general subject matter sufficient to make a prima facie determination whether the asserted privilege has been properly invoked, and legal basis upon which the document has been withheld.

3.  In producing Documents, You are requested to produce the original of each Document requested, together with all non-identical copies and drafts of such Document. If the original of any Document cannot be located, a copy shall be produced in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

4.  If any requested Document cannot be produced in full, You are to produce it to the extent possible, indicating which Document, or portion of such Document, is being withheld, and the reason that it is being withheld.

5.  Documents not otherwise responsive to these Requests shall be produced if such Documents mention, discuss, refer to, or explain the Documents that are called for by these Requests, or if such Documents are attached to Documents called for by these Requests and constitute routing slips, transmittal memoranda, letters, cover sheets, comments, evaluation or similar materials.

6.  All Documents shall be produced in the same order as they are kept or maintained by You in the ordinary course of Your business. If any Documents have been removed from the files in which they were found for purposes of producing them in response to these

Requests, indicate for each Document the file(s) in which the Document(s) was (or were) originally located.

7. If a Document once existed and has subsequently been lost, destroyed, or is otherwise missing, please provide sufficient information to identify the Document and state the details concerning its loss.

8. With respect to any Document maintained or stored electronically, please harvest it in a manner that maintains the integrity and readability of all data, including all metadata.

9. Unless otherwise agreed, all ESI should be produced in native format via a secure file transfer protocol, or on compact disc(s), DVD disc(s) or zip drives in the original electronic file format(s) of the Documents.

10. Please produce all Documents maintained or stored electronically in native, electronic format with all relevant metadata intact. Encrypted or password-protected documents should be produced in a form permitting them to be reviewed. You are also requested to immediately meet and confer regarding the manner in which You shall produce Documents stored electronically in order for the parties to try and reach agreement in this regard and avoid any unnecessary expense.

11. Please organize electronic Documents produced for inspection in the same manner that You store them (e.g., if maintained by a custodian, such as e-mail residing on an e-mail server, please organize documents for production by custodian; if maintained as a subfolder of "My Documents" on a custodian's hard drive, please organize documents for production by custodian with path information preserved, etc.).

12. All ESI should be produced in accordance with the attached Stipulated Order Re: Discovery of Electronically Stored Information.

13. Documents attached to each other should not be separated, including, but not limited to, hard-copy versions of Documents attached to hard-copy printouts of e-mails produced pursuant to these Requests.

14. At Your election, documents maintained or stored in paper, hard-copy form can be produced as searchable .PDF (i.e., portable document format files with embedded text) and in an appropriate and usable manner (e.g., by copying such data onto an external hard drive).

15. These requests require production of paper documents in the same form and same order as they are kept in the usual course of business, or organized and labeled to correspond with the requests set forth below. If You choose the former method, the documents are to be produced in the boxes, file folders, binders and other containers in which the documents are found. The titles, labels or other descriptions on the boxes, file folders, binders or other containers are to be left intact.

16. Documents stored as electronic data on magnetic, optical, or other storage media as "active" or "backup" files shall be produced in their native formats with any associated metadata.

17. To the extent responsive Documents reside on databases and other such systems and files, You are requested to produce the relevant database in useable form and/or permit access for inspection, review, and extraction of responsive information.

18. To the extent responsive Documents are in languages other than English, the parties shall meet and confer to discuss the format of production prior thereto.

19. No part of a document request shall be left unanswered merely because an objection was

interposed to another part of the document request.

20. If You object to any document request or subpart thereof, the objection shall state with specificity all grounds. Any ground not stated shall be waived.

21. If You are unable to answer any document request, the reasons for Your inability to answer shall be separately stated in detail for each document request.

22. Category headings herein are for convenience and should not be relied upon to modify, limit, alter or otherwise influence in any way how to interpret these document requests.

## III. **RELEVANT TIME PERIOD**

Unless otherwise noted herein, the relevant time period of these document requests is July 1, 2015, until the present (the "**Relevant Time Period**"). These document requests seek all responsive Documents created or generated during the Relevant Time Period, as well as responsive Documents created or generated outside the Relevant Time Period, but which contain information concerning the Relevant Time Period.

## IV.    **PRODUCTION REQUESTS**

REQUEST NO. 1.

Pursuant to 18 U.S.C. § 2702(c)(6), all non-content subscriber records and account information for the individuals listed in Exhibit 1.[1]

Subscriber records and account information should include, but are not limited to, the following:

- Subscriber registration information, including, but not limited to, full names; associated email addresses; associated telephone numbers; associated addresses; user IDs, usernames, or handles; and dates of birth (if collected);

- IP address logs and login/logout history, including the date/time stamps (with time zone); IP addresses; port numbers; and associated session identifiers for each successful or attempted login during the Relevant Time Period;

- All activity logs or log files for the accounts showing all user activities during the Relevant Period, excluding information that may contain content data. User activities include, without limitation:

  o Engaging in one-to-one and group messaging communications, including sender and recipient identifiers (e.g., user IDs/handles/phone numbers), group identifiers, date/time stamps (with time zone), delivery status, and message size/length, excluding message contents;

---

[1] Exhibit 1 contains potential login identifiers for the listed individuals but is non-exhaustive. Because the complete list of associated account information for each individual will be within Your possession, custody, and control, Plaintiffs respectfully request to meet and confer on this Request.

- o Engaging in one-to-one and group calls (voice/video), including caller/callee identifiers, date/time stamps (with time zone), call duration, and call disposition, excluding call contents;

- o Participating in group memberships, including group identifiers, group name, date/time of user joining/leaving, and group admin(s), excluding any content of group messages;

- o Uploading videos or other posts; making comments on other users' posts; reacting to other users' posts; saving or bookmarking other users' posts; messaging, following, or "friending" other users; participating in live chats; and/or utilizing other public or private social networking activities You facilitate, including the date, time, and user(s) associated with the individual's use of Your features.

- Device information, including device type, OS version, device identifiers (e.g., device tokens, serial numbers, advertising ID where applicable), app version, and date/time stamps of devices associated with each account;

- Current account status (active, deactivated, permanently deleted) and records identifying the creation, deletion, deactivation, or reactivation of each account, including date/time stamps and the method by which such action occurred;

- Other account changes and events, including username changes, profile changes, linked accounts, password resets, recovery email/phone changes, two-factor authentication activation/deactivation, and date/time stamps for such events;

- All preservation/retention and privacy settings, including changes in settings and the dates on which they occurred. This includes, but is not limited to, records of content

deletion events or disappearing content settings, including when disappearing timers were enabled/modified and their durations, and date/time of content deletions (if maintained).

- Any preservation requests, legal process logs, or legal holds relating to the account, including the date of receipt of legal process and the categories of information preserved;

- Payment and billing records (if any), including payment method type (with masked numbers only), billing address, dates of payments, subscription status, and transaction logs, excluding full financial account numbers.

Exhibit 1

| Name | Employer | Associated Phone Numbers | Associated Email Addresses | Associated Usernames |
|---|---|---|---|---|
| Akosa Akpom | TKO Operating Company, LLC | | | |
| David Avery | TKO Operating Company, LLC | | | |
| Denitza Batchvarova | Zuffa, LLC | | | |
| Nakisa Bidarian | Zuffa, LLC | | | |
| Tracey Bleczinski | TKO Operating Company, LLC | | | |
| Craig Borsari | Zuffa, LLC | | | |
| Hunter Campbell | Zuffa, LLC | | | |
| Deborah Cook | TKO Operating Company, LLC | | | |
| Peter Dropick | Zuffa, LLC | | | |
| Ariel Emanuel | Endeavor Group Holdings, Inc.; TKO Operating Company, LLC | | | |
| Lawrence "Ike" Epstein | Zuffa, LLC | | | |
| Chadwick Hurley | Zuffa, LLC | | | |
| Tracy Long | Zuffa, LLC | | | |
| Jason Lublin | Endeavor Group Holdings, Inc. | | | |
| Michael "Mick" Maynard | Zuffa, LLC | | | |
| Michael Mossholder | Zuffa, LLC | | | |
| Grant Norris-Jones | TKO Operating Company, LLC | | | |
| Brittany Santypal | TKO Operating Company, LLC | | | |
| Andrew Schleimer | Zuffa, LLC | | | |
| Mark Shapiro | Endeavor Group Holdings, Inc.; TKO Operating Company, LLC | | | |
| David Shaw | TKO Operating Company, LLC | | | |
| Sean Shelby | Zuffa, LLC | | | |
| Joe Silva | Zuffa, LLC; TKO Operating Company, LLC | | | |
| Dana White | Zuffa, LLC; TKO Operating Company, LLC | | | |

| | |
|---|---|
| Seth Zaslow | TKO Operating Company, LLC |
| Marshall Zelaznik | Zuffa, LLC; TKO Operating Company, LLC |
| Albert Acosta | Endeavor Group Holdings, Inc. |
| Olsvaldo Arias | Zuffa, LLC; TKO Operating Company, LLC |
| Tony Barboza | Zuffa, LLC; TKO Operating Company, LLC |
| Buffey Curtis | Zuffa, LLC; TKO Operating Company, LLC |
| Nichole Durand | Zuffa, LLC; TKO Operating Company, LLC |
| Egon Durban | Zuffa, LLC; TKO Operating Company, LLC |
| Jamie Euster | Endeavor Group Holdings, Inc. |
| Keith Friedenberg | Endeavor Group Holdings, Inc. |
| Graham Fry | Endeavor Group Holdings, Inc. |
| Tim Gardner | Endeavor Group Holdings, Inc. |
| Rami Genauer | Zuffa, LLC; TKO Operating Company, LLC |
| Christoph Goessing | Zuffa, LLC; TKO Operating Company, LLC |
| Krista Hall | Zuffa, LLC; TKO Operating Company, LLC |
| Reed Harris | Zuffa, LLC; TKO Operating Company, LLC |
| Shane Kapral | Zuffa, LLC; TKO Operating Company, LLC |
| Seth Krauss | Endeavor Group Holdings, Inc. & Zuffa, LLC; TKO Operating Company, LLC |
| Ajay Madkekar | Endeavor Group Holdings, Inc. |
| David Phillips | Endeavor Group Holdings, Inc. |
| Chris Provino | Zuffa, LLC; TKO Operating Company, LLC |

| | | | | |
|---|---|---|---|---|
| Marc Ratner | Zuffa, LLC; TKO Operating Company, LLC | | | |
| Zack Rose | Endeavor Group Holdings, Inc. | | | |
| Jonathan Shin | Zuffa, LLC; TKO Operating Company, LLC | | | |
| Brandon Stuckenberg | Zuffa, LLC; TKO Operating Company, LLC | | | |
| Robert Crowley Sullivan | Zuffa, LLC; TKO Operating Company, LLC | | | |
| Blake Ulrich | Endeavor Group Holdings, Inc. | | | |
| Marc Webster | Endeavor Group Holdings, Inc. | | | |
| Patrick Whitesell | Zuffa, LLC; TKO Operating Company, LLC | | | |
| Matt Woodmancy | Endeavor Group Holdings, Inc. | | | |
| Chika Yoshinaga | Zuffa, LLC; TKO Operating Company, LLC | | | |
| Nick Zombolas | Zuffa, LLC; TKO Operating Company, LLC | | | |
| Sam Zussman | Endeavor Group Holdings, Inc. | | | |

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of Nevada

| | |
|---|---|
| Phil Davis | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:25-cv-00946-RFB-BNW |
| Zuffa, LLC dba Ultimate Fighting Championship et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                    Microsoft Corporation
         c/o CORPORATION SERVICE COMPANY  300 DESCHUTES WAY SW STE 208 MC-CSC1,  TUMWATER, WA, 98501

*(Name of person to whom this subpoena is directed)*

▷ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place | VERITEXT LEGAL SOLUTIONS 1200 6th Avenue, Suite 610, Seattle, WA 98101 | Date and Time: 1/17/2026 5:00 pm |
|---|---|---|

▷ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    12/17/2025

                    *CLERK OF COURT*
                                                              OR
                                                                         /s/ Daniel Gifford
         _____                    _____
         *Signature of Clerk or Deputy Clerk*                       *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Plaintiff Phil Davis
_____ , who issues or requests this subpoena, are:
Daniel Gifford; 88 Pine Street, 14th Floor, New York, NY 10005; dgifford@cohenmilstein.com; (212) 838-7797

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:25-cv-00946-RFB-BNW

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____  on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____        _____
                                                    *Server's signature*

                                         _____
                                                    *Printed name and title*

                                         _____
                                                    *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
   (i) is a party or a party's officer; or
   (ii)is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   (ii)These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   (i) fails to allow a reasonable time to comply;
   (iii)    requires a person to comply beyond the geographical limits specified in Rule 45(c);
   (iv)    requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   (v)subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   (i) expressly make the claim; and
   (ii)describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

### I. DEFINITIONS

1. The following rules of construction should apply to all discovery requests:

   a) "**All**" should be construed to include the collective as well as the singular and shall mean "each," "any," and "every."

   b) "**And**" and "or" should be construed so as to require the broadest possible response. If, for example, a request calls for information about "A or B" or "A and B," You should produce all information about A and all information about B, as well as all information about A and B collectively. In other words, "or" and "and" should be read as "and/or."

   c) "**Any**" shall be construed to mean "any and all."

   d) "**Including**" shall be construed to mean "without limitation." "Including" is used to emphasize certain types of documents requested and should not be construed as limiting the request in any way.

   e) "**Relating to**," "**referring to**," "**regarding**," or "**with respect to**" mean, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

   f) The use of the singular form of any word includes the plural and vice versa.

   g) Unless otherwise indicated, the use of the present tense of any verb shall be construed to include the past tense going back to the beginning of the Relevant Time Period, and the use of the past tense shall be construed to run from the beginning of the Relevant Time Period through the present.

2. "**Actions**" means *Kajan Johnson, et al. v. Zuffa, LLC, et al.*, No. 2:21-cv-01189 (D. Nev.);

*Mikhail Cirkunovs v. Zuffa, LLC, et al.*, No. 2:25-cv-00914 (D. Nev.); and *Phil Davis v. Zuffa, LLC, et al.*, No. 2:25-cv-00946 (D. Nev.).

3. "**Communication**" means without limitation, oral or written communications of any kind, such as electronic communications, direct communications through social media (including without limitation direct messaging, instant messaging, chatting or emailing within a social media platform), facsimiles, telephone communications, correspondence, exchange of written or recorded information, or face-to-face meetings. The phrase "communication between" is defined to include instances where one party addresses the other party but the other party does not necessarily respond. The phrase "communication" includes all attachments to e-mail messages.

4. "**Date**" means the exact day, month, and year, if ascertainable, or the best available approximation, including any relationship to other known events (designate whether exact or approximate).

5. "**Document(s)**" shall mean and include all "writings," "recordings" or "photographs" as those terms are defined in Federal Rule of Civil Procedure 34 and Rule 1001 of the Federal Rules of Evidence. Without limiting the generality of the foregoing, the term "Documents" includes both hard copy documents and electronically stored data files including but not limited to e-mail, instant messaging, social media content (including without limitation public content such as Tweets, YouTube submissions, Facebook posts, and posts to any public electronic billboard, as well as private content such as direct messaging, instant messaging, chats, and email), shared network files and databases. "Documents" also includes, without limitation and regardless of whether stored in hard copy or electronically, any letters, correspondence, memoranda, analyses, legal pleadings, calendars, diaries,

travel records, summaries, records of telephone conversations, telegrams, notes, reports, compilations, notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, audiotapes, film and sound reproductions, e-mails, internal or external web sites, audio or video discs data on magnetic or optical storage media (e.g., servers, storage area networks, interconnected remote servers (so-called "cloud computing"), hard drives, backup tapes, CDs, DVDs, Blu-ray, DVD-HD, USB/thumb/flash drives, floppy disks or any other type of portable storage device, etc.) stored as an "active" or backup file, in its native format, computer files, discs and drives, sales, advertising and promotional literature, agreements, stored recordings, minutes or other records of meetings, all written or graphic records or representations of any kind, and all mechanical or electronic data, records or representations of any kind.

6. "**Electronically Stored Information**," abbreviated as "**ESI**" has the same meaning and scope as it has in the Federal Rules of Civil Procedure and includes, without limitation, the following:

   a) structured and unstructured data, as those terms are defined in The Sedona Conference Glossary, available at www.thesedonaconference.org/publications;

   b) activity listings of electronic mail receipts and/or transmittals;

   c) output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, text messages (SMS, MMS or TMS), iMessages, Blackberry Messenger (BBM), AOL Instant MessengerTM (or similar program), social media (including without limitation Twitter, LinkedIn, YouTube, Facebook, Instagram, and

any other internet based messaging system) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

d) any and all items stored on computer memories, hard disks, floppy disks, CD discs, DVD discs, flash drives, thumb drives, memory cards, magnetic tape, microfiche, off-site interconnected servers (so-called "cloud computing"), or in any other vehicle for digital data storage and/or transmittal, such as, but not limited to, a personal digital assistant (*e.g.*, Blackberry, Smart Phone or similar device) and file folder tabs, and/or containers and labels appended to, or relating to, any physical storage device associated with each original and/or copy of all documents requested herein;

e) any and all items stored on voice-mail systems, websites, company intranet sites, chat rooms and social networking websites (*e.g.*, Facebook, LinkedIn, Twitter, and social websites listed at http://en.wikipedia.org/wiki/List of social networking websites); and

f) any and all data, data compilations, and data analyses.

7. "**Employee**" means, without limitation, any current or former officer, director, executive, manager, member, secretary, staff member, consultant, messenger, agent or other person who is or was employed by a Person or entity.

8. "**Identify**," when used in reference to an individual employee, means to produce documents sufficient to identify: the person's full name, last known business and home address; date of birth; social security number; title or position and period of service in each such position; immediate supervisor in each position; business and home telephone numbers (including voice, cellular and facsimile phone numbers) assigned to or used by

such person and the period during which such numbers were assigned to be used by that person; and business and home electronic mail identifiers and the period during which such identifiers were assigned to and used by that person.

9. "**Meeting**" means, without limitation, any assembly, convocation, encounter, or contemporaneous presence of two or more persons for any purpose, whether planned or arranged, scheduled or not. Meeting attendees may be present in person or by electronic means including, but not limited to, teleconference and videoconference.

10. "**Person**" means, without limitation, any natural person, corporation, partnership, limited liability company, proprietorship, joint venture, trust, association, government entity, group or other form of legal entity.

11. "**Plaintiffs**" means Kajan Johnson, Clarence Dollaway, Tristen Connelly, Mikhail Cirkunovs, Phil Davis, and any named plaintiffs in any subsequently filed Actions which are related to or consolidated with the Actions in the court with jurisdiction over the cases.

12. "**Possession, Custody or Control**" when referring to Documents or other tangible objects means any Document or other tangible object You have access to regardless of whether You have actual possession of the document or other tangible object. This includes Documents You have the legal right to obtain or for which You have control over the person who has control of the Document, including without limitation Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or Your attorneys or their agents, employees, representatives or investigators.

13. "**Social Media**" means any web-hosted applications that facilitate public posting of words, images or video and audio recordings, and private interactions such as private messaging or email, among users. Examples of Social Media include without limitation, Twitter,

Facebook, YouTube, Instagram, TikTok, WhatsApp, Signal, and Telegram.

14. "**You**," "**Your**," "**Your Company**" means Microsoft Corporation, individually, and Microsoft Corporation and its predecessors, successors, subsidiaries, departments, divisions, affiliates, any organization or entity which Microsoft Corporation has acquired, or with which Microsoft Corporation has merged, and any organization or entity which Microsoft Corporation manages, controls or has an ownership interest in, together with all current and former directors, officers, employees, agents, representatives or any persons acting or purporting to act on Your behalf.

15. "**Zuffa**," "**UFC**," or "**Defendant**" all mean Ultimate Fighting Championship, UFC, TKO Operating Company, LLC ("**TKO OpCo**") (f/k/a Zuffa Parent LLC), a Delaware limited liability company and the direct subsidiary of TKO Group Holdings, Inc., a Delaware corporation ("**TKO Group Holdings**"), Endeavor Group Holdings, Inc., a Delaware corporation ("**Endeavor**"), and all predecessors, successors, subsidiaries, departments, divisions, acquisitions, affiliates and any organization or entity TKO OpCo or TKO Group Holdings manages or controls, together with all present and former directors, members, officers, employees, agents, representatives or any persons acting or purporting to act on TKO OpCo's behalf including, without limitation, Ari Emanual, Dana White, Mark Shapiro, Patrick Whitsell, Ike Lawrence Epstein, Lorenzo Fertitta or Hunter Campbell.

## II. INSTRUCTIONS

1. In producing Documents, You are requested to furnish all Documents or things in Your possession, custody or control, regardless of the physical location of the Documents, or whether such Documents or other materials are possessed directly by You or Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates,

investigators, or by Your attorneys or their agents, employees, representatives or investigators.

2. If any document covered by these requests is withheld by reason of a claim of attorney-client privilege, attorney work product protection, or any other privilege or protection, please furnish a log providing the following information with respect to each such withheld document: date, author, recipients, general subject matter sufficient to make a prima facie determination whether the asserted privilege has been properly invoked, and legal basis upon which the document has been withheld.

3. In producing Documents, You are requested to produce the original of each Document requested, together with all non-identical copies and drafts of such Document. If the original of any Document cannot be located, a copy shall be produced in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

4. If any requested Document cannot be produced in full, You are to produce it to the extent possible, indicating which Document, or portion of such Document, is being withheld, and the reason that it is being withheld.

5. Documents not otherwise responsive to these Requests shall be produced if such Documents mention, discuss, refer to, or explain the Documents that are called for by these Requests, or if such Documents are attached to Documents called for by these Requests and constitute routing slips, transmittal memoranda, letters, cover sheets, comments, evaluation or similar materials.

6. All Documents shall be produced in the same order as they are kept or maintained by You in the ordinary course of Your business. If any Documents have been removed from the files in which they were found for purposes of producing them in response to these

Requests, indicate for each Document the file(s) in which the Document(s) was (or were) originally located.

7. If a Document once existed and has subsequently been lost, destroyed, or is otherwise missing, please provide sufficient information to identify the Document and state the details concerning its loss.

8. With respect to any Document maintained or stored electronically, please harvest it in a manner that maintains the integrity and readability of all data, including all metadata.

9. Unless otherwise agreed, all ESI should be produced in native format via a secure file transfer protocol, or on compact disc(s), DVD disc(s) or zip drives in the original electronic file format(s) of the Documents.

10. Please produce all Documents maintained or stored electronically in native, electronic format with all relevant metadata intact. Encrypted or password-protected documents should be produced in a form permitting them to be reviewed. You are also requested to immediately meet and confer regarding the manner in which You shall produce Documents stored electronically in order for the parties to try and reach agreement in this regard and avoid any unnecessary expense.

11. Please organize electronic Documents produced for inspection in the same manner that You store them (e.g., if maintained by a custodian, such as e-mail residing on an e-mail server, please organize documents for production by custodian; if maintained as a subfolder of "My Documents" on a custodian's hard drive, please organize documents for production by custodian with path information preserved, etc.).

12. All ESI should be produced in accordance with the attached Stipulated Order Re: Discovery of Electronically Stored Information.

13. Documents attached to each other should not be separated, including, but not limited to, hard-copy versions of Documents attached to hard-copy printouts of e-mails produced pursuant to these Requests.

14. At Your election, documents maintained or stored in paper, hard-copy form can be produced as searchable .PDF (i.e., portable document format files with embedded text) and in an appropriate and usable manner (e.g., by copying such data onto an external hard drive).

15. These requests require production of paper documents in the same form and same order as they are kept in the usual course of business, or organized and labeled to correspond with the requests set forth below. If You choose the former method, the documents are to be produced in the boxes, file folders, binders and other containers in which the documents are found. The titles, labels or other descriptions on the boxes, file folders, binders or other containers are to be left intact.

16. Documents stored as electronic data on magnetic, optical, or other storage media as "active" or "backup" files shall be produced in their native formats with any associated metadata.

17. To the extent responsive Documents reside on databases and other such systems and files, You are requested to produce the relevant database in useable form and/or permit access for inspection, review, and extraction of responsive information.

18. To the extent responsive Documents are in languages other than English, the parties shall meet and confer to discuss the format of production prior thereto.

19. No part of a document request shall be left unanswered merely because an objection was

interposed to another part of the document request.

20. If You object to any document request or subpart thereof, the objection shall state with specificity all grounds. Any ground not stated shall be waived.

21. If You are unable to answer any document request, the reasons for Your inability to answer shall be separately stated in detail for each document request.

22. Category headings herein are for convenience and should not be relied upon to modify, limit, alter or otherwise influence in any way how to interpret these document requests.

## III. <u>RELEVANT TIME PERIOD</u>

Unless otherwise noted herein, the relevant time period of these document requests is July 1, 2015, until the present (the "**Relevant Time Period**"). These document requests seek all responsive Documents created or generated during the Relevant Time Period, as well as responsive Documents created or generated outside the Relevant Time Period, but which contain information concerning the Relevant Time Period.

## IV.    **PRODUCTION REQUESTS**

<u>REQUEST NO. 1.</u>

Pursuant to 18 U.S.C. § 2702(c)(6), all non-content subscriber records and account information for the individuals listed in Exhibit 1.[1]

Subscriber records and account information should include, but are not limited to, the following:

- Subscriber registration information, including, but not limited to, full names; associated email addresses; associated telephone numbers; associated addresses; user IDs, usernames, or handles; and dates of birth (if collected);

- IP address logs and login/logout history, including the date/time stamps (with time zone); IP addresses; port numbers; and associated session identifiers for each successful or attempted login during the Relevant Time Period;

- All activity logs or log files for the accounts showing all user activities during the Relevant Period, excluding information that may contain content data. User activities include, without limitation:

    o Engaging in one-to-one and group messaging communications, including sender and recipient identifiers (e.g., user IDs/handles/phone numbers), group identifiers, date/time stamps (with time zone), delivery status, and message size/length, excluding message contents;

---

[1] Exhibit 1 contains potential login identifiers for the listed individuals but is non-exhaustive. Because the complete list of associated account information for each individual will be within Your possession, custody, and control, Plaintiffs respectfully request to meet and confer on this Request.

- o  Engaging in one-to-one and group calls (voice/video), including caller/callee identifiers, date/time stamps (with time zone), call duration, and call disposition, excluding call contents;

- o  Participating in group memberships, including group identifiers, group name, date/time of user joining/leaving, and group admin(s), excluding any content of group messages;

- o  Uploading videos or other posts; making comments on other users' posts; reacting to other users' posts; saving or bookmarking other users' posts; messaging, following, or "friending" other users; participating in live chats; and/or utilizing other public or private social networking activities You facilitate, including the date, time, and user(s) associated with the individual's use of Your features.

- Device information, including device type, OS version, device identifiers (e.g., device tokens, serial numbers, advertising ID where applicable), app version, and date/time stamps of devices associated with each account;

- Current account status (active, deactivated, permanently deleted) and records identifying the creation, deletion, deactivation, or reactivation of each account, including date/time stamps and the method by which such action occurred;

- Other account changes and events, including username changes, profile changes, linked accounts, password resets, recovery email/phone changes, two-factor authentication activation/deactivation, and date/time stamps for such events;

- All preservation/retention and privacy settings, including changes in settings and the dates on which they occurred. This includes, but is not limited to, records of content

deletion events or disappearing content settings, including when disappearing timers were enabled/modified and their durations, and date/time of content deletions (if maintained).

- Any preservation requests, legal process logs, or legal holds relating to the account, including the date of receipt of legal process and the categories of information preserved;

- Payment and billing records (if any), including payment method type (with masked numbers only), billing address, dates of payments, subscription status, and transaction logs, excluding full financial account numbers.

Exhibit 1

| Name | Employer | Associated Phone Numbers | Associated Email Addresses | Associated Usernames |
|---|---|---|---|---|
| Akosa Akpom | TKO Operating Company, LLC | | | |
| David Avery | TKO Operating Company, LLC | | | |
| Denitza Batchvarova | Zuffa, LLC | | | |
| Nakisa Bidarian | Zuffa, LLC | | | |
| Tracey Bleczinski | TKO Operating Company, LLC | | | |
| Craig Borsari | Zuffa, LLC | | | |
| Hunter Campbell | Zuffa, LLC | | | |
| Deborah Cook | TKO Operating Company, LLC | | | |
| Peter Dropick | Zuffa, LLC | | | |
| Ariel Emanuel | Endeavor Group Holdings, Inc.; TKO Operating Company, LLC | | | |
| Lawrence "Ike" Epstein | Zuffa, LLC | | | |
| Chadwick Hurley | Zuffa, LLC | | | |
| Tracy Long | Zuffa, LLC | | | |
| Jason Lublin | Endeavor Group Holdings, Inc. | | | |
| Michael "Mick" Maynard | Zuffa, LLC | | | |
| Michael Mossholder | Zuffa, LLC | | | |
| Grant Norris-Jones | TKO Operating Company, LLC | | | |
| Brittany Santypal | TKO Operating Company, LLC | | | |
| Andrew Schleimer | Zuffa, LLC | | | |
| Mark Shapiro | Endeavor Group Holdings, Inc.; TKO Operating Company, LLC | | | |
| David Shaw | TKO Operating Company, LLC | | | |
| Sean Shelby | Zuffa, LLC | | | |
| Joe Silva | Zuffa, LLC; TKO Operating Company, LLC | | | |
| Dana White | Zuffa, LLC; TKO Operating Company, LLC | | | |

| | |
|---|---|
| Seth Zaslow | TKO Operating Company, LLC |
| Marshall Zelaznik | Zuffa, LLC; TKO Operating Company, LLC |
| Albert Acosta | Endeavor Group Holdings, Inc. |
| Olsvaldo Arias | Zuffa, LLC; TKO Operating Company, LLC |
| Tony Barboza | Zuffa, LLC; TKO Operating Company, LLC |
| Buffey Curtis | Zuffa, LLC; TKO Operating Company, LLC |
| Nichole Durand | Zuffa, LLC; TKO Operating Company, LLC |
| Egon Durban | Zuffa, LLC; TKO Operating Company, LLC |
| Jamie Euster | Endeavor Group Holdings, Inc. |
| Keith Friedenberg | Endeavor Group Holdings, Inc. |
| Graham Fry | Endeavor Group Holdings, Inc. |
| Tim Gardner | Endeavor Group Holdings, Inc. |
| Rami Genauer | Zuffa, LLC; TKO Operating Company, LLC |
| Christoph Goessing | Zuffa, LLC; TKO Operating Company, LLC |
| Krista Hall | Zuffa, LLC; TKO Operating Company, LLC |
| Reed Harris | Zuffa, LLC; TKO Operating Company, LLC |
| Shane Kapral | Zuffa, LLC; TKO Operating Company, LLC |
| Seth Krauss | Endeavor Group Holdings, Inc. & Zuffa, LLC; TKO Operating Company, LLC |
| Ajay Madkekar | Endeavor Group Holdings, Inc. |
| David Phillips | Endeavor Group Holdings, Inc. |
| Chris Provino | Zuffa, LLC; TKO Operating Company, LLC |

| | | | | |
|---|---|---|---|---|
| Marc Ratner | Zuffa, LLC; TKO Operating Company, LLC | | | |
| Zack Rose | Endeavor Group Holdings, Inc. | | | |
| Jonathan Shin | Zuffa, LLC; TKO Operating Company, LLC | | | |
| Brandon Stuckenberg | Zuffa, LLC; TKO Operating Company, LLC | | | |
| Robert Crowley Sullivan | Zuffa, LLC; TKO Operating Company, LLC | | | |
| Blake Ulrich | Endeavor Group Holdings, Inc. | | | |
| Marc Webster | Endeavor Group Holdings, Inc. | | | |
| Patrick Whitesell | Zuffa, LLC; TKO Operating Company, LLC | | | |
| Matt Woodmancy | Endeavor Group Holdings, Inc. | | | |
| Chika Yoshinaga | Zuffa, LLC; TKO Operating Company, LLC | | | |
| Nick Zombolas | Zuffa, LLC; TKO Operating Company, LLC | | | |
| Sam Zussman | Endeavor Group Holdings, Inc. | | | |

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### District of Nevada

|  |  |
|---|---|
| Mikhail Cirkunovs | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No.  2:25-cv-00914-RFB-BNW |
| Zuffa, LLC dba Ultimate Fighting Championship et al. | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                    Microsoft Corporation
c/o CORPORATION SERVICE COMPANY 300 DESCHUTES WAY SW STE 208 MC-CSC1, TUMWATER, WA, 98501

_(Name of person to whom this subpoena is directed)_

✔ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place      VERITEXT LEGAL SOLUTIONS 1200 6th Avenue, Suite 610, Seattle, WA 98101 | Date and Time:          1/17/2026 5:00 pm |
|---|---|

✔ _Inspection of Premises_: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    12/17/2025

|                    CLERK OF COURT | OR | /s/ Daniel Gifford |
|---|---|---|
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_
Plaintiff Mikhail Cirkunovs                                                          , who issues or requests this subpoena, are:
Daniel Gifford; 88 Pine Street, 14th Floor, New York, NY 10005; dgifford@cohenmilstein.com; (212) 838-7797

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:25-cv-00914-RFB-BNW

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____         _____
                                                          *Server's signature*

                                            _____
                                                          *Printed name and title*

                                            _____
                                                          *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A)  within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B)  within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i)  is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  (A)  production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B)  inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  (A)  *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B)  *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i)  At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  (A)  *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i)  fails to allow a reasonable time to comply;
      (iii)         requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iv)          requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (v) subjects a person to undue burden.
  (B)  *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C)  *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i)  shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii)  ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  (A)  *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B)  *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C)  *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D)  *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  (A)  *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i)  expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B)  *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

### SCHEDULE A

**I. DEFINITIONS**

1. The following rules of construction should apply to all discovery requests:

   a) "**All**" should be construed to include the collective as well as the singular and shall mean "each," "any," and "every."

   b) "**And**" and "or" should be construed so as to require the broadest possible response. If, for example, a request calls for information about "A or B" or "A and B," You should produce all information about A and all information about B, as well as all information about A and B collectively. In other words, "or" and "and" should be read as "and/or."

   c) "**Any**" shall be construed to mean "any and all."

   d) "**Including**" shall be construed to mean "without limitation." "Including" is used to emphasize certain types of documents requested and should not be construed as limiting the request in any way.

   e) "**Relating to**," "**referring to**," "**regarding**," or "**with respect to**" mean, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

   f) The use of the singular form of any word includes the plural and vice versa.

   g) Unless otherwise indicated, the use of the present tense of any verb shall be construed to include the past tense going back to the beginning of the Relevant Time Period, and the use of the past tense shall be construed to run from the beginning of the Relevant Time Period through the present.

2. "**Actions**" means *Kajan Johnson, et al. v. Zuffa, LLC, et al.*, No. 2:21-cv-01189 (D. Nev.);

*Mikhail Cirkunovs v. Zuffa, LLC, et al.*, No. 2:25-cv-00914 (D. Nev.); and *Phil Davis v. Zuffa, LLC, et al.*, No. 2:25-cv-00946 (D. Nev.).

3. "**Communication**" means without limitation, oral or written communications of any kind, such as electronic communications, direct communications through social media (including without limitation direct messaging, instant messaging, chatting or emailing within a social media platform), facsimiles, telephone communications, correspondence, exchange of written or recorded information, or face-to-face meetings. The phrase "communication between" is defined to include instances where one party addresses the other party but the other party does not necessarily respond. The phrase "communication" includes all attachments to e-mail messages.

4. "**Date**" means the exact day, month, and year, if ascertainable, or the best available approximation, including any relationship to other known events (designate whether exact or approximate).

5. "**Document(s)**" shall mean and include all "writings," "recordings" or "photographs" as those terms are defined in Federal Rule of Civil Procedure 34 and Rule 1001 of the Federal Rules of Evidence. Without limiting the generality of the foregoing, the term "Documents" includes both hard copy documents and electronically stored data files including but not limited to e-mail, instant messaging, social media content (including without limitation public content such as Tweets, YouTube submissions, Facebook posts, and posts to any public electronic billboard, as well as private content such as direct messaging, instant messaging, chats, and email), shared network files and databases. "Documents" also includes, without limitation and regardless of whether stored in hard copy or electronically, any letters, correspondence, memoranda, analyses, legal pleadings, calendars, diaries,

travel records, summaries, records of telephone conversations, telegrams, notes, reports, compilations, notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, audiotapes, film and sound reproductions, e-mails, internal or external web sites, audio or video discs data on magnetic or optical storage media (e.g., servers, storage area networks, interconnected remote servers (so-called "cloud computing"), hard drives, backup tapes, CDs, DVDs, Blu-ray, DVD-HD, USB/thumb/flash drives, floppy disks or any other type of portable storage device, etc.) stored as an "active" or backup file, in its native format, computer files, discs and drives, sales, advertising and promotional literature, agreements, stored recordings, minutes or other records of meetings, all written or graphic records or representations of any kind, and all mechanical or electronic data, records or representations of any kind.

6. "**Electronically Stored Information**," abbreviated as "**ESI**" has the same meaning and scope as it has in the Federal Rules of Civil Procedure and includes, without limitation, the following:

   a) structured and unstructured data, as those terms are defined in The Sedona Conference Glossary, available at www.thesedonaconference.org/publications;

   b) activity listings of electronic mail receipts and/or transmittals;

   c) output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, text messages (SMS, MMS or TMS), iMessages, Blackberry Messenger (BBM), AOL Instant MessengerTM (or similar program), social media (including without limitation Twitter, LinkedIn, YouTube, Facebook, Instagram, and

any other internet based messaging system) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

d) any and all items stored on computer memories, hard disks, floppy disks, CD discs, DVD discs, flash drives, thumb drives, memory cards, magnetic tape, microfiche, off-site interconnected servers (so-called "cloud computing"), or in any other vehicle for digital data storage and/or transmittal, such as, but not limited to, a personal digital assistant (*e.g.*, Blackberry, Smart Phone or similar device) and file folder tabs, and/or containers and labels appended to, or relating to, any physical storage device associated with each original and/or copy of all documents requested herein;

e) any and all items stored on voice-mail systems, websites, company intranet sites, chat rooms and social networking websites (*e.g.*, Facebook, LinkedIn, Twitter, and social websites listed at http://en.wikipedia.org/wiki/List of social networking websites); and

f) any and all data, data compilations, and data analyses.

7. "**Employee**" means, without limitation, any current or former officer, director, executive, manager, member, secretary, staff member, consultant, messenger, agent or other person who is or was employed by a Person or entity.

8. "**Identify**," when used in reference to an individual employee, means to produce documents sufficient to identify: the person's full name, last known business and home address; date of birth; social security number; title or position and period of service in each such position; immediate supervisor in each position; business and home telephone numbers (including voice, cellular and facsimile phone numbers) assigned to or used by

such person and the period during which such numbers were assigned to be used by that

person; and business and home electronic mail identifiers and the period during which such

identifiers were assigned to and used by that person.

9. "**Meeting**" means, without limitation, any assembly, convocation, encounter, or

contemporaneous presence of two or more persons for any purpose, whether planned or

arranged, scheduled or not. Meeting attendees may be present in person or by electronic

means including, but not limited to, teleconference and videoconference.

10. "**Person**" means, without limitation, any natural person, corporation, partnership, limited

liability company, proprietorship, joint venture, trust, association, government entity,

group or other form of legal entity.

11. "**Plaintiffs**" means Kajan Johnson, Clarence Dollaway, Tristen Connelly, Mikhail Cirkunovs,

Phil Davis, and any named plaintiffs in any subsequently filed Actions which are related to or

consolidated with the Actions in the court with jurisdiction over the cases.

12. "**Possession, Custody or Control**" when referring to Documents or other tangible objects

means any Document or other tangible object You have access to regardless of whether You

have actual possession of the document or other tangible object. This includes Documents

You have the legal right to obtain or for which You have control over the person who has

control of the Document, including without limitation Your directors, officers, agents,

employees, representatives, subsidiaries, managing agents, affiliates, investigators, or Your

attorneys or their agents, employees, representatives or investigators.

13. "**Social Media**" means any web-hosted applications that facilitate public posting of words,

images or video and audio recordings, and private interactions such as private messaging or

email, among users. Examples of Social Media include without limitation, Twitter,

Facebook, YouTube, Instagram, TikTok, WhatsApp, Signal, and Telegram.

14. "**You**," "**Your**," "**Your Company**" means Microsoft Corporation, individually, and Microsoft Corporation and its predecessors, successors, subsidiaries, departments, divisions, affiliates, any organization or entity which Microsoft Corporation has acquired, or with which Microsoft Corporation has merged, and any organization or entity which Microsoft Corporation manages, controls or has an ownership interest in, together with all current and former directors, officers, employees, agents, representatives or any persons acting or purporting to act on Your behalf.

15. "**Zuffa**," "**UFC**," or "**Defendant**" all mean Ultimate Fighting Championship, UFC, TKO Operating Company, LLC ("**TKO OpCo**") (f/k/a Zuffa Parent LLC), a Delaware limited liability company and the direct subsidiary of TKO Group Holdings, Inc., a Delaware corporation ("**TKO Group Holdings**"), Endeavor Group Holdings, Inc., a Delaware corporation ("**Endeavor**"), and all predecessors, successors, subsidiaries, departments, divisions, acquisitions, affiliates and any organization or entity TKO OpCo or TKO Group Holdings manages or controls, together with all present and former directors, members, officers, employees, agents, representatives or any persons acting or purporting to act on TKO OpCo's behalf including, without limitation, Ari Emanual, Dana White, Mark Shapiro, Patrick Whitsell, Ike Lawrence Epstein, Lorenzo Fertitta or Hunter Campbell.

## II. <u>INSTRUCTIONS</u>

1. In producing Documents, You are requested to furnish all Documents or things in Your possession, custody or control, regardless of the physical location of the Documents, or whether such Documents or other materials are possessed directly by You or Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates,

investigators, or by Your attorneys or their agents, employees, representatives or investigators.

2. If any document covered by these requests is withheld by reason of a claim of attorney-client privilege, attorney work product protection, or any other privilege or protection, please furnish a log providing the following information with respect to each such withheld document: date, author, recipients, general subject matter sufficient to make a prima facie determination whether the asserted privilege has been properly invoked, and legal basis upon which the document has been withheld.

3. In producing Documents, You are requested to produce the original of each Document requested, together with all non-identical copies and drafts of such Document. If the original of any Document cannot be located, a copy shall be produced in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

4. If any requested Document cannot be produced in full, You are to produce it to the extent possible, indicating which Document, or portion of such Document, is being withheld, and the reason that it is being withheld.

5. Documents not otherwise responsive to these Requests shall be produced if such Documents mention, discuss, refer to, or explain the Documents that are called for by these Requests, or if such Documents are attached to Documents called for by these Requests and constitute routing slips, transmittal memoranda, letters, cover sheets, comments, evaluation or similar materials.

6. All Documents shall be produced in the same order as they are kept or maintained by You in the ordinary course of Your business. If any Documents have been removed from the files in which they were found for purposes of producing them in response to these

Requests, indicate for each Document the file(s) in which the Document(s) was (or were) originally located.

7. If a Document once existed and has subsequently been lost, destroyed, or is otherwise missing, please provide sufficient information to identify the Document and state the details concerning its loss.

8. With respect to any Document maintained or stored electronically, please harvest it in a manner that maintains the integrity and readability of all data, including all metadata.

9. Unless otherwise agreed, all ESI should be produced in native format via a secure file transfer protocol, or on compact disc(s), DVD disc(s) or zip drives in the original electronic file format(s) of the Documents.

10. Please produce all Documents maintained or stored electronically in native, electronic format with all relevant metadata intact. Encrypted or password-protected documents should be produced in a form permitting them to be reviewed. You are also requested to immediately meet and confer regarding the manner in which You shall produce Documents stored electronically in order for the parties to try and reach agreement in this regard and avoid any unnecessary expense.

11. Please organize electronic Documents produced for inspection in the same manner that You store them (e.g., if maintained by a custodian, such as e-mail residing on an e-mail server, please organize documents for production by custodian; if maintained as a subfolder of "My Documents" on a custodian's hard drive, please organize documents for production by custodian with path information preserved, etc.).

12. All ESI should be produced in accordance with the attached Stipulated Order Re: Discovery of Electronically Stored Information.

13. Documents attached to each other should not be separated, including, but not limited to, hard-copy versions of Documents attached to hard-copy printouts of e-mails produced pursuant to these Requests.

14. At Your election, documents maintained or stored in paper, hard-copy form can be produced as searchable .PDF (i.e., portable document format files with embedded text) and in an appropriate and usable manner (e.g., by copying such data onto an external hard drive).

15. These requests require production of paper documents in the same form and same order as they are kept in the usual course of business, or organized and labeled to correspond with the requests set forth below. If You choose the former method, the documents are to be produced in the boxes, file folders, binders and other containers in which the documents are found. The titles, labels or other descriptions on the boxes, file folders, binders or other containers are to be left intact.

16. Documents stored as electronic data on magnetic, optical, or other storage media as "active" or "backup" files shall be produced in their native formats with any associated metadata.

17. To the extent responsive Documents reside on databases and other such systems and files, You are requested to produce the relevant database in useable form and/or permit access for inspection, review, and extraction of responsive information.

18. To the extent responsive Documents are in languages other than English, the parties shall meet and confer to discuss the format of production prior thereto.

19. No part of a document request shall be left unanswered merely because an objection was

interposed to another part of the document request.

20. If You object to any document request or subpart thereof, the objection shall state with specificity all grounds. Any ground not stated shall be waived.

21. If You are unable to answer any document request, the reasons for Your inability to answer shall be separately stated in detail for each document request.

22. Category headings herein are for convenience and should not be relied upon to modify, limit, alter or otherwise influence in any way how to interpret these document requests.

## III. **RELEVANT TIME PERIOD**

Unless otherwise noted herein, the relevant time period of these document requests is July 1, 2015, until the present (the "**Relevant Time Period**"). These document requests seek all responsive Documents created or generated during the Relevant Time Period, as well as responsive Documents created or generated outside the Relevant Time Period, but which contain information concerning the Relevant Time Period.

## IV.   **PRODUCTION REQUESTS**

REQUEST NO. 1.

Pursuant to 18 U.S.C. § 2702(c)(6), all non-content subscriber records and account information for the individuals listed in Exhibit 1.[1]

Subscriber records and account information should include, but are not limited to, the following:

- Subscriber registration information, including, but not limited to, full names; associated email addresses; associated telephone numbers; associated addresses; user IDs, usernames, or handles; and dates of birth (if collected);

- IP address logs and login/logout history, including the date/time stamps (with time zone); IP addresses; port numbers; and associated session identifiers for each successful or attempted login during the Relevant Time Period;

- All activity logs or log files for the accounts showing all user activities during the Relevant Period, excluding information that may contain content data. User activities include, without limitation:

   o Engaging in one-to-one and group messaging communications, including sender and recipient identifiers (e.g., user IDs/handles/phone numbers), group identifiers, date/time stamps (with time zone), delivery status, and message size/length, excluding message contents;

---

[1] Exhibit 1 contains potential login identifiers for the listed individuals but is non-exhaustive. Because the complete list of associated account information for each individual will be within Your possession, custody, and control, Plaintiffs respectfully request to meet and confer on this Request.

- o Engaging in one-to-one and group calls (voice/video), including caller/callee identifiers, date/time stamps (with time zone), call duration, and call disposition, excluding call contents;

- o Participating in group memberships, including group identifiers, group name, date/time of user joining/leaving, and group admin(s), excluding any content of group messages;

- o Uploading videos or other posts; making comments on other users' posts; reacting to other users' posts; saving or bookmarking other users' posts; messaging, following, or "friending" other users; participating in live chats; and/or utilizing other public or private social networking activities You facilitate, including the date, time, and user(s) associated with the individual's use of Your features.

- Device information, including device type, OS version, device identifiers (e.g., device tokens, serial numbers, advertising ID where applicable), app version, and date/time stamps of devices associated with each account;

- Current account status (active, deactivated, permanently deleted) and records identifying the creation, deletion, deactivation, or reactivation of each account, including date/time stamps and the method by which such action occurred;

- Other account changes and events, including username changes, profile changes, linked accounts, password resets, recovery email/phone changes, two-factor authentication activation/deactivation, and date/time stamps for such events;

- All preservation/retention and privacy settings, including changes in settings and the dates on which they occurred. This includes, but is not limited to, records of content

deletion events or disappearing content settings, including when disappearing timers were enabled/modified and their durations, and date/time of content deletions (if maintained).

- Any preservation requests, legal process logs, or legal holds relating to the account, including the date of receipt of legal process and the categories of information preserved;

- Payment and billing records (if any), including payment method type (with masked numbers only), billing address, dates of payments, subscription status, and transaction logs, excluding full financial account numbers.

Exhibit 1

| Name | Employer | Associated Phone Numbers | Associated Email Addresses | Associated Usernames |
|---|---|---|---|---|
| Akosa Akpom | TKO Operating Company, LLC | | | |
| David Avery | TKO Operating Company, LLC | | | |
| Denitza Batchvarova | Zuffa, LLC | | | |
| Nakisa Bidarian | Zuffa, LLC | | | |
| Tracey Bleczinski | TKO Operating Company, LLC | | | |
| Craig Borsari | Zuffa, LLC | | | |
| Hunter Campbell | Zuffa, LLC | | | |
| Deborah Cook | TKO Operating Company, LLC | | | |
| Peter Dropick | Zuffa, LLC | | | |
| Ariel Emanuel | Endeavor Group Holdings, Inc.; TKO Operating Company, LLC | | | |
| Lawrence "Ike" Epstein | Zuffa, LLC | | | |
| Chadwick Hurley | Zuffa, LLC | | | |
| Tracy Long | Zuffa, LLC | | | |
| Jason Lublin | Endeavor Group Holdings, Inc. | | | |
| Michael "Mick" Maynard | Zuffa, LLC | | | |
| Michael Mossholder | Zuffa, LLC | | | |
| Grant Norris-Jones | TKO Operating Company, LLC | | | |
| Brittany Santypal | TKO Operating Company, LLC | | | |
| Andrew Schleimer | Zuffa, LLC | | | |
| Mark Shapiro | Endeavor Group Holdings, Inc.; TKO Operating Company, LLC | | | |
| David Shaw | TKO Operating Company, LLC | | | |
| Sean Shelby | Zuffa, LLC | | | |
| Joe Silva | Zuffa, LLC; TKO Operating Company, LLC | | | |
| Dana White | Zuffa, LLC; TKO Operating Company, LLC | | | |

| | | | |
|---|---|---|---|
| Seth Zaslow | TKO Operating Company, LLC | | |
| Marshall Zelaznik | Zuffa, LLC; TKO Operating Company, LLC | | |
| Albert Acosta | Endeavor Group Holdings, Inc. | | |
| Olsvaldo Arias | Zuffa, LLC; TKO Operating Company, LLC | | |
| Tony Barboza | Zuffa, LLC; TKO Operating Company, LLC | | |
| Buffey Curtis | Zuffa, LLC; TKO Operating Company, LLC | | |
| Nichole Durand | Zuffa, LLC; TKO Operating Company, LLC | | |
| Egon Durban | Zuffa, LLC; TKO Operating Company, LLC | | |
| Jamie Euster | Endeavor Group Holdings, Inc. | | |
| Keith Friedenberg | Endeavor Group Holdings, Inc. | | |
| Graham Fry | Endeavor Group Holdings, Inc. | | |
| Tim Gardner | Endeavor Group Holdings, Inc. | | |
| Rami Genauer | Zuffa, LLC; TKO Operating Company, LLC | | |
| Christoph Goessing | Zuffa, LLC; TKO Operating Company, LLC | | |
| Krista Hall | Zuffa, LLC; TKO Operating Company, LLC | | |
| Reed Harris | Zuffa, LLC; TKO Operating Company, LLC | | |
| Shane Kapral | Zuffa, LLC; TKO Operating Company, LLC | | |
| Seth Krauss | Endeavor Group Holdings, Inc. & Zuffa, LLC; TKO Operating Company, LLC | | |
| Ajay Madkekar | Endeavor Group Holdings, Inc. | | |
| David Phillips | Endeavor Group Holdings, Inc. | | |
| Chris Provino | Zuffa, LLC; TKO Operating Company, LLC | | |

| | | | |
|---|---|---|---|
| Marc Ratner | Zuffa, LLC; TKO Operating Company, LLC | | |
| Zack Rose | Endeavor Group Holdings, Inc. | | |
| Jonathan Shin | Zuffa, LLC; TKO Operating Company, LLC | | |
| Brandon Stuckenberg | Zuffa, LLC; TKO Operating Company, LLC | | |
| Robert Crowley Sullivan | Zuffa, LLC; TKO Operating Company, LLC | | |
| Blake Ulrich | Endeavor Group Holdings, Inc. | | |
| Marc Webster | Endeavor Group Holdings, Inc. | | |
| Patrick Whitesell | Zuffa, LLC; TKO Operating Company, LLC | | |
| Matt Woodmancy | Endeavor Group Holdings, Inc. | | |
| Chika Yoshinaga | Zuffa, LLC; TKO Operating Company, LLC | | |
| Nick Zombolas | Zuffa, LLC; TKO Operating Company, LLC | | |
| Sam Zussman | Endeavor Group Holdings, Inc. | | |

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Nevada

| | |
|---|---|
| Johnson et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:21-cv-01189-RFB-BNW |
| Zuffa, LLC dba Ultimate Fighting Championship et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: X Corp.
c/o C T CORPORATION SYSTEM  1999 BRYAN ST., STE. 900  DALLAS, TX 75201

*(Name of person to whom this subpoena is directed)*

**X** *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: VERITEXT LEGAL SOLUTIONS 600 N Pearl Street Suite 2230 Dallas, TX 7520 | Date and Time: 1/17/2026 5:00 pm |
|---|---|

❜ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/17/2025

CLERK OF COURT

OR

_____          /s/ Daniel Gifford
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiffs Kajan Johnson, Clarence Dollaway, and Tristan Connelly , who issues or requests this subpoena, are: Daniel Gifford; 88 Pine Street, 14th Floor, New York, NY 10005; dgifford@cohenmilstein.com; (212) 838-7797

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:21-cv-01189-RFB-BNW

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii)is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii)These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      ( ) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (i) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (ii)subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii)describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

### I. DEFINITIONS

1. The following rules of construction should apply to all discovery requests:

   a) "**All**" should be construed to include the collective as well as the singular and shall mean "each," "any," and "every."

   b) "**And**" and "or" should be construed so as to require the broadest possible response. If, for example, a request calls for information about "A or B" or "A and B," You should produce all information about A and all information about B, as well as all information about A and B collectively. In other words, "or" and "and" should be read as "and/or."

   c) "**Any**" shall be construed to mean "any and all."

   d) "**Including**" shall be construed to mean "without limitation." "Including" is used to emphasize certain types of documents requested and should not be construed as limiting the request in any way.

   e) "**Relating to**," "**referring to**," "**regarding**," or "**with respect to**" mean, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

   f) The use of the singular form of any word includes the plural and vice versa.

   g) Unless otherwise indicated, the use of the present tense of any verb shall be construed to include the past tense going back to the beginning of the Relevant Time Period, and the use of the past tense shall be construed to run from the beginning of the Relevant Time Period through the present.

2. "**Actions**" means *Kajan Johnson, et al. v. Zuffa, LLC, et al.*, No. 2:21-cv-01189 (D. Nev.);

*Mikhail Cirkunovs v. Zuffa, LLC, et al.*, No. 2:25-cv-00914 (D. Nev.); and *Phil Davis v. Zuffa, LLC, et al.*, No. 2:25-cv-00946 (D. Nev.).

3. "**Communication**" means without limitation, oral or written communications of any kind, such as electronic communications, direct communications through social media (including without limitation direct messaging, instant messaging, chatting or emailing within a social media platform), facsimiles, telephone communications, correspondence, exchange of written or recorded information, or face-to-face meetings. The phrase "communication between" is defined to include instances where one party addresses the other party but the other party does not necessarily respond. The phrase "communication" includes all attachments to e-mail messages.

4. "**Date**" means the exact day, month, and year, if ascertainable, or the best available approximation, including any relationship to other known events (designate whether exact or approximate).

5. "**Document(s)**" shall mean and include all "writings," "recordings" or "photographs" as those terms are defined in Federal Rule of Civil Procedure 34 and Rule 1001 of the Federal Rules of Evidence. Without limiting the generality of the foregoing, the term "Documents" includes both hard copy documents and electronically stored data files including but not limited to e-mail, instant messaging, social media content (including without limitation public content such as Tweets, YouTube submissions, Facebook posts, and posts to any public electronic billboard, as well as private content such as direct messaging, instant messaging, chats, and email), shared network files and databases. "Documents" also includes, without limitation and regardless of whether stored in hard copy or electronically, any letters, correspondence, memoranda, analyses, legal pleadings, calendars, diaries,

travel records, summaries, records of telephone conversations, telegrams, notes, reports, compilations, notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, audiotapes, film and sound reproductions, e-mails, internal or external web sites, audio or video discs data on magnetic or optical storage media (e.g., servers, storage area networks, interconnected remote servers (so-called "cloud computing"), hard drives, backup tapes, CDs, DVDs, Blu-ray, DVD-HD, USB/thumb/flash drives, floppy disks or any other type of portable storage device, etc.) stored as an "active" or backup file, in its native format, computer files, discs and drives, sales, advertising and promotional literature, agreements, stored recordings, minutes or other records of meetings, all written or graphic records or representations of any kind, and all mechanical or electronic data, records or representations of any kind.

6. "**Electronically Stored Information**," abbreviated as "**ESI**" has the same meaning and scope as it has in the Federal Rules of Civil Procedure and includes, without limitation, the following:

   a) structured and unstructured data, as those terms are defined in The Sedona Conference Glossary, available at www.thesedonaconference.org/publications;

   b) activity listings of electronic mail receipts and/or transmittals;

   c) output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, text messages (SMS, MMS or TMS), iMessages, Blackberry Messenger (BBM), AOL Instant MessengerTM (or similar program), social media (including without limitation Twitter, LinkedIn, YouTube, Facebook, Instagram, and

any other internet based messaging system) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

d) any and all items stored on computer memories, hard disks, floppy disks, CD discs, DVD discs, flash drives, thumb drives, memory cards, magnetic tape, microfiche, off-site interconnected servers (so-called "cloud computing"), or in any other vehicle for digital data storage and/or transmittal, such as, but not limited to, a personal digital assistant (*e.g.*, Blackberry, Smart Phone or similar device) and file folder tabs, and/or containers and labels appended to, or relating to, any physical storage device associated with each original and/or copy of all documents requested herein;

e) any and all items stored on voice-mail systems, websites, company intranet sites, chat rooms and social networking websites (*e.g.*, Facebook, LinkedIn, Twitter, and social websites listed at http://en.wikipedia.org/wiki/List of social networking websites); and

f) any and all data, data compilations, and data analyses.

7. "**Employee**" means, without limitation, any current or former officer, director, executive, manager, member, secretary, staff member, consultant, messenger, agent or other person who is or was employed by a Person or entity.

8. "**Identify**," when used in reference to an individual employee, means to produce documents sufficient to identify: the person's full name, last known business and home address; date of birth; social security number; title or position and period of service in each such position; immediate supervisor in each position; business and home telephone numbers (including voice, cellular and facsimile phone numbers) assigned to or used by

such person and the period during which such numbers were assigned to be used by that person; and business and home electronic mail identifiers and the period during which such identifiers were assigned to and used by that person.

9. "**Meeting**" means, without limitation, any assembly, convocation, encounter, or contemporaneous presence of two or more persons for any purpose, whether planned or arranged, scheduled or not. Meeting attendees may be present in person or by electronic means including, but not limited to, teleconference and videoconference.

10. "**Person**" means, without limitation, any natural person, corporation, partnership, limited liability company, proprietorship, joint venture, trust, association, government entity, group or other form of legal entity.

11. "**Plaintiffs**" means Kajan Johnson, Clarence Dollaway, Tristen Connelly, Mikhail Cirkunovs, Phil Davis, and any named plaintiffs in any subsequently filed Actions which are related to or consolidated with the Actions in the court with jurisdiction over the cases.

12. "**Possession, Custody or Control**" when referring to Documents or other tangible objects means any Document or other tangible object You have access to regardless of whether You have actual possession of the document or other tangible object. This includes Documents You have the legal right to obtain or for which You have control over the person who has control of the Document, including without limitation Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or Your attorneys or their agents, employees, representatives or investigators.

13. "**Social Media**" means any web-hosted applications that facilitate public posting of words, images or video and audio recordings, and private interactions such as private messaging or email, among users. Examples of Social Media include without limitation, Twitter,

Facebook, YouTube, Instagram, TikTok, WhatsApp, Signal, and Telegram.

14. "**You**," "**Your**," "**Your Company**" means X Corp., individually, and X Corp. and its predecessors, successors, subsidiaries, departments, divisions, affiliates, any organization or entity which X Corp. has acquired, or with which X Corp. has merged, and any organization or entity which X Corp. manages, controls or has an ownership interest in, together with all current and former directors, officers, employees, agents, representatives or any persons acting or purporting to act on Your behalf.

15. "**Zuffa**," "**UFC**," or "**Defendant**" all mean Ultimate Fighting Championship, UFC, TKO Operating Company, LLC ("**TKO OpCo**") (f/k/a Zuffa Parent LLC), a Delaware limited liability company and the direct subsidiary of TKO Group Holdings, Inc., a Delaware corporation ("**TKO Group Holdings**"), Endeavor Group Holdings, Inc., a Delaware corporation ("**Endeavor**"), and all predecessors, successors, subsidiaries, departments, divisions, acquisitions, affiliates and any organization or entity TKO OpCo or TKO Group Holdings manages or controls, together with all present and former directors, members, officers, employees, agents, representatives or any persons acting or purporting to act on TKO OpCo's behalf including, without limitation, Ari Emanual, Dana White, Mark Shapiro, Patrick Whitsell, Ike Lawrence Epstein, Lorenzo Fertitta or Hunter Campbell.

## II. <u>INSTRUCTIONS</u>

1. In producing Documents, You are requested to furnish all Documents or things in Your possession, custody or control, regardless of the physical location of the Documents, or whether such Documents or other materials are possessed directly by You or Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates,

investigators, or by Your attorneys or their agents, employees, representatives or investigators.

2. If any document covered by these requests is withheld by reason of a claim of attorney-client privilege, attorney work product protection, or any other privilege or protection, please furnish a log providing the following information with respect to each such withheld document: date, author, recipients, general subject matter sufficient to make a prima facie determination whether the asserted privilege has been properly invoked, and legal basis upon which the document has been withheld.

3. In producing Documents, You are requested to produce the original of each Document requested, together with all non-identical copies and drafts of such Document. If the original of any Document cannot be located, a copy shall be produced in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

4. If any requested Document cannot be produced in full, You are to produce it to the extent possible, indicating which Document, or portion of such Document, is being withheld, and the reason that it is being withheld.

5. Documents not otherwise responsive to these Requests shall be produced if such Documents mention, discuss, refer to, or explain the Documents that are called for by these Requests, or if such Documents are attached to Documents called for by these Requests and constitute routing slips, transmittal memoranda, letters, cover sheets, comments, evaluation or similar materials.

6. All Documents shall be produced in the same order as they are kept or maintained by You in the ordinary course of Your business. If any Documents have been removed from the files in which they were found for purposes of producing them in response to these

Requests, indicate for each Document the file(s) in which the Document(s) was (or were) originally located.

7. If a Document once existed and has subsequently been lost, destroyed, or is otherwise missing, please provide sufficient information to identify the Document and state the details concerning its loss.

8. With respect to any Document maintained or stored electronically, please harvest it in a manner that maintains the integrity and readability of all data, including all metadata.

9. Unless otherwise agreed, all ESI should be produced in native format via a secure file transfer protocol, or on compact disc(s), DVD disc(s) or zip drives in the original electronic file format(s) of the Documents.

10. Please produce all Documents maintained or stored electronically in native, electronic format with all relevant metadata intact. Encrypted or password-protected documents should be produced in a form permitting them to be reviewed. You are also requested to immediately meet and confer regarding the manner in which You shall produce Documents stored electronically in order for the parties to try and reach agreement in this regard and avoid any unnecessary expense.

11. Please organize electronic Documents produced for inspection in the same manner that You store them (e.g., if maintained by a custodian, such as e-mail residing on an e-mail server, please organize documents for production by custodian; if maintained as a subfolder of "My Documents" on a custodian's hard drive, please organize documents for production by custodian with path information preserved, etc.).

12. All ESI should be produced in accordance with the attached Stipulated Order Re: Discovery of Electronically Stored Information.

13. Documents attached to each other should not be separated, including, but not limited to, hard-copy versions of Documents attached to hard-copy printouts of e-mails produced pursuant to these Requests.

14. At Your election, documents maintained or stored in paper, hard-copy form can be produced as searchable .PDF (i.e., portable document format files with embedded text) and in an appropriate and usable manner (e.g., by copying such data onto an external hard drive).

15. These requests require production of paper documents in the same form and same order as they are kept in the usual course of business, or organized and labeled to correspond with the requests set forth below. If You choose the former method, the documents are to be produced in the boxes, file folders, binders and other containers in which the documents are found. The titles, labels or other descriptions on the boxes, file folders, binders or other containers are to be left intact.

16. Documents stored as electronic data on magnetic, optical, or other storage media as "active" or "backup" files shall be produced in their native formats with any associated metadata.

17. To the extent responsive Documents reside on databases and other such systems and files, You are requested to produce the relevant database in useable form and/or permit access for inspection, review, and extraction of responsive information.

18. To the extent responsive Documents are in languages other than English, the parties shall meet and confer to discuss the format of production prior thereto.

19. No part of a document request shall be left unanswered merely because an objection was

interposed to another part of the document request.

20. If You object to any document request or subpart thereof, the objection shall state with specificity all grounds. Any ground not stated shall be waived.

21. If You are unable to answer any document request, the reasons for Your inability to answer shall be separately stated in detail for each document request.

22. Category headings herein are for convenience and should not be relied upon to modify, limit, alter or otherwise influence in any way how to interpret these document requests.

## III. **RELEVANT TIME PERIOD**

Unless otherwise noted herein, the relevant time period of these document requests is July 1, 2015, until the present (the "**Relevant Time Period**"). These document requests seek all responsive Documents created or generated during the Relevant Time Period, as well as responsive Documents created or generated outside the Relevant Time Period, but which contain information concerning the Relevant Time Period.

## IV.    <u>PRODUCTION REQUESTS</u>

<u>REQUEST NO. 1.</u>

Pursuant to 18 U.S.C. § 2702(c)(6), all non-content subscriber records and account information for the individuals listed in Exhibit 1.[1]

Subscriber records and account information should include, but are not limited to, the following:

- Subscriber registration information, including, but not limited to, full names; associated email addresses; associated telephone numbers; associated addresses; user IDs, usernames, or handles; and dates of birth (if collected);

- IP address logs and login/logout history, including the date/time stamps (with time zone); IP addresses; port numbers; and associated session identifiers for each successful or attempted login during the Relevant Time Period;

- All activity logs or log files for the accounts showing all user activities during the Relevant Period, excluding information that may contain content data. User activities include, without limitation:

  o Engaging in one-to-one and group messaging communications, including sender and recipient identifiers (e.g., user IDs/handles/phone numbers), group identifiers, date/time stamps (with time zone), delivery status, and message size/length, excluding message contents;

---

[1] Exhibit 1 contains potential login identifiers for the listed individuals but is non-exhaustive. Because the complete list of associated account information for each individual will be within Your possession, custody, and control, Plaintiffs respectfully request to meet and confer on this Request.

- o Engaging in one-to-one and group calls (voice/video), including caller/callee identifiers, date/time stamps (with time zone), call duration, and call disposition, excluding call contents;

- o Participating in group memberships, including group identifiers, group name, date/time of user joining/leaving, and group admin(s), excluding any content of group messages;

- o Uploading videos or other posts; making comments on other users' posts; reacting to other users' posts; saving or bookmarking other users' posts; messaging, following, or "friending" other users; participating in live chats; and/or utilizing other public or private social networking activities You facilitate, including the date, time, and user(s) associated with the individual's use of Your features.

- Device information, including device type, OS version, device identifiers (e.g., device tokens, serial numbers, advertising ID where applicable), app version, and date/time stamps of devices associated with each account;

- Current account status (active, deactivated, permanently deleted) and records identifying the creation, deletion, deactivation, or reactivation of each account, including date/time stamps and the method by which such action occurred;

- Other account changes and events, including username changes, profile changes, linked accounts, password resets, recovery email/phone changes, two-factor authentication activation/deactivation, and date/time stamps for such events;

- All preservation/retention and privacy settings, including changes in settings and the dates on which they occurred. This includes, but is not limited to, records of content

deletion events or disappearing content settings, including when disappearing timers were enabled/modified and their durations, and date/time of content deletions (if maintained).

- Any preservation requests, legal process logs, or legal holds relating to the account, including the date of receipt of legal process and the categories of information preserved;

- Payment and billing records (if any), including payment method type (with masked numbers only), billing address, dates of payments, subscription status, and transaction logs, excluding full financial account numbers.

Exhibit 1

| Name | Employer | Associated Phone Numbers | Associated Email Addresses | Associated Usernames |
|---|---|---|---|---|
| Akosa Akpom | TKO Operating Company, LLC | | | |
| David Avery | TKO Operating Company, LLC | | | |
| Denitza Batchvarova | Zuffa, LLC | | | |
| Nakisa Bidarian | Zuffa, LLC | | | |
| Tracey Bleczinski | TKO Operating Company, LLC | | | |
| Craig Borsari | Zuffa, LLC | | | |
| Hunter Campbell | Zuffa, LLC | | | |
| Deborah Cook | TKO Operating Company, LLC | | | |
| Peter Dropick | Zuffa, LLC | | | |
| Ariel Emanuel | Endeavor Group Holdings, Inc.; TKO Operating Company, LLC | | | |
| Lawrence "Ike" Epstein | Zuffa, LLC | | | |
| Chadwick Hurley | Zuffa, LLC | | | |
| Tracy Long | Zuffa, LLC | | | |
| Jason Lublin | Endeavor Group Holdings, Inc. | | | |
| Michael "Mick" Maynard | Zuffa, LLC | | | |
| Michael Mossholder | Zuffa, LLC | | | |
| Grant Norris-Jones | TKO Operating Company, LLC | | | |
| Brittany Santypal | TKO Operating Company, LLC | | | |
| Andrew Schleimer | Zuffa, LLC | | | |
| Mark Shapiro | Endeavor Group Holdings, Inc.; TKO Operating Company, LLC | | | |
| David Shaw | TKO Operating Company, LLC | | | |
| Sean Shelby | Zuffa, LLC | | | |
| Joe Silva | Zuffa, LLC; TKO Operating Company, LLC | | | |
| Dana White | Zuffa, LLC; TKO Operating Company, LLC | | | |

| | |
|---|---|
| Seth Zaslow | TKO Operating Company, LLC |
| Marshall Zelaznik | Zuffa, LLC; TKO Operating Company, LLC |
| Albert Acosta | Endeavor Group Holdings, Inc. |
| Olsvaldo Arias | Zuffa, LLC; TKO Operating Company, LLC |
| Tony Barboza | Zuffa, LLC; TKO Operating Company, LLC |
| Buffey Curtis | Zuffa, LLC; TKO Operating Company, LLC |
| Nichole Durand | Zuffa, LLC; TKO Operating Company, LLC |
| Egon Durban | Zuffa, LLC; TKO Operating Company, LLC |
| Jamie Euster | Endeavor Group Holdings, Inc. |
| Keith Friedenberg | Endeavor Group Holdings, Inc. |
| Graham Fry | Endeavor Group Holdings, Inc. |
| Tim Gardner | Endeavor Group Holdings, Inc. |
| Rami Genauer | Zuffa, LLC; TKO Operating Company, LLC |
| Christoph Goessing | Zuffa, LLC; TKO Operating Company, LLC |
| Krista Hall | Zuffa, LLC; TKO Operating Company, LLC |
| Reed Harris | Zuffa, LLC; TKO Operating Company, LLC |
| Shane Kapral | Zuffa, LLC; TKO Operating Company, LLC |
| Seth Krauss | Endeavor Group Holdings, Inc. & Zuffa, LLC; TKO Operating Company, LLC |
| Ajay Madkekar | Endeavor Group Holdings, Inc. |
| David Phillips | Endeavor Group Holdings, Inc. |
| Chris Provino | Zuffa, LLC; TKO Operating Company, LLC |

| | |
|---|---|
| Marc Ratner | Zuffa, LLC; TKO Operating Company, LLC |
| Zack Rose | Endeavor Group Holdings, Inc. |
| Jonathan Shin | Zuffa, LLC; TKO Operating Company, LLC |
| Brandon Stuckenberg | Zuffa, LLC; TKO Operating Company, LLC |
| Robert Crowley Sullivan | Zuffa, LLC; TKO Operating Company, LLC |
| Blake Ulrich | Endeavor Group Holdings, Inc. |
| Marc Webster | Endeavor Group Holdings, Inc. |
| Patrick Whitesell | Zuffa, LLC; TKO Operating Company, LLC |
| Matt Woodmancy | Endeavor Group Holdings, Inc. |
| Chika Yoshinaga | Zuffa, LLC; TKO Operating Company, LLC |
| Nick Zombolas | Zuffa, LLC; TKO Operating Company, LLC |
| Sam Zussman | Endeavor Group Holdings, Inc. |

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Nevada

| | |
|---|---|
| Phil Davis | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.    2:25-cv-00946-RFB-BNW |
| Zuffa, LLC dba Ultimate Fighting Championship et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                  X Corp.
c/o C T CORPORATION SYSTEM  1999 BRYAN ST., STE. 900  DALLAS, TX 75201

*(Name of person to whom this subpoena is directed)*

❑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place    VERITEXT LEGAL SOLUTIONS 600 N Pearl Street Suite 2230 Dallas, TX 7520 | Date and Time:    1/17/2026 5:00 pm |
|---|---|

❑ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    12/17/2025

CLERK OF COURT

                                                OR

_____          /s/ Daniel Gifford
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Plaintiff Phil Davis                                      , who issues or requests this subpoena, are:
Daniel Gifford; 88 Pine Street, 14th Floor, New York, NY 10005; dgifford@cohenmilstein.com; (212) 838-7797

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:25-cv-00946-RFB-BNW

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

❜ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❜ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____          _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (iii)         requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iv)         requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (v) subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## <u>SCHEDULE A</u>

### I. <u>DEFINITIONS</u>

1. The following rules of construction should apply to all discovery requests:

    a) "**All**" should be construed to include the collective as well as the singular and shall mean "each," "any," and "every."

    b) "**And**" and "or" should be construed so as to require the broadest possible response. If, for example, a request calls for information about "A or B" or "A and B," You should produce all information about A and all information about B, as well as all information about A and B collectively. In other words, "or" and "and" should be read as "and/or."

    c) "**Any**" shall be construed to mean "any and all."

    d) "**Including**" shall be construed to mean "without limitation." "Including" is used to emphasize certain types of documents requested and should not be construed as limiting the request in any way.

    e) "**Relating to**," "**referring to**," "**regarding**," or "**with respect to**" mean, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

    f) The use of the singular form of any word includes the plural and vice versa.

    g) Unless otherwise indicated, the use of the present tense of any verb shall be construed to include the past tense going back to the beginning of the Relevant Time Period, and the use of the past tense shall be construed to run from the beginning of the Relevant Time Period through the present.

2. "**Actions**" means *Kajan Johnson, et al. v. Zuffa, LLC, et al.*, No. 2:21-cv-01189 (D. Nev.);

*Mikhail Cirkunovs v. Zuffa, LLC, et al.*, No. 2:25-cv-00914 (D. Nev.); and *Phil Davis v. Zuffa, LLC, et al.*, No. 2:25-cv-00946 (D. Nev.).

3. "**Communication**" means without limitation, oral or written communications of any kind, such as electronic communications, direct communications through social media (including without limitation direct messaging, instant messaging, chatting or emailing within a social media platform), facsimiles, telephone communications, correspondence, exchange of written or recorded information, or face-to-face meetings. The phrase "communication between" is defined to include instances where one party addresses the other party but the other party does not necessarily respond. The phrase "communication" includes all attachments to e-mail messages.

4. "**Date**" means the exact day, month, and year, if ascertainable, or the best available approximation, including any relationship to other known events (designate whether exact or approximate).

5. "**Document(s)**" shall mean and include all "writings," "recordings" or "photographs" as those terms are defined in Federal Rule of Civil Procedure 34 and Rule 1001 of the Federal Rules of Evidence. Without limiting the generality of the foregoing, the term "Documents" includes both hard copy documents and electronically stored data files including but not limited to e-mail, instant messaging, social media content (including without limitation public content such as Tweets, YouTube submissions, Facebook posts, and posts to any public electronic billboard, as well as private content such as direct messaging, instant messaging, chats, and email), shared network files and databases. "Documents" also includes, without limitation and regardless of whether stored in hard copy or electronically, any letters, correspondence, memoranda, analyses, legal pleadings, calendars, diaries,

travel records, summaries, records of telephone conversations, telegrams, notes, reports, compilations, notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, audiotapes, film and sound reproductions, e-mails, internal or external web sites, audio or video discs data on magnetic or optical storage media (e.g., servers, storage area networks, interconnected remote servers (so-called "cloud computing"), hard drives, backup tapes, CDs, DVDs, Blu-ray, DVD-HD, USB/thumb/flash drives, floppy disks or any other type of portable storage device, etc.) stored as an "active" or backup file, in its native format, computer files, discs and drives, sales, advertising and promotional literature, agreements, stored recordings, minutes or other records of meetings, all written or graphic records or representations of any kind, and all mechanical or electronic data, records or representations of any kind.

6. "**Electronically Stored Information**," abbreviated as "**ESI**" has the same meaning and scope as it has in the Federal Rules of Civil Procedure and includes, without limitation, the following:

   a) structured and unstructured data, as those terms are defined in The Sedona Conference Glossary, available at www.thesedonaconference.org/publications;

   b) activity listings of electronic mail receipts and/or transmittals;

   c) output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, text messages (SMS, MMS or TMS), iMessages, Blackberry Messenger (BBM), AOL Instant MessengerTM (or similar program), social media (including without limitation Twitter, LinkedIn, YouTube, Facebook, Instagram, and

any other internet based messaging system) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

d)  any and all items stored on computer memories, hard disks, floppy disks, CD discs, DVD discs, flash drives, thumb drives, memory cards, magnetic tape, microfiche, off-site interconnected servers (so-called "cloud computing"), or in any other vehicle for digital data storage and/or transmittal, such as, but not limited to, a personal digital assistant (*e.g.*, Blackberry, Smart Phone or similar device) and file folder tabs, and/or containers and labels appended to, or relating to, any physical storage device associated with each original and/or copy of all documents requested herein;

e)  any and all items stored on voice-mail systems, websites, company intranet sites, chat rooms and social networking websites (*e.g.*, Facebook, LinkedIn, Twitter, and social websites listed at http://en.wikipedia.org/wiki/List of social networking websites); and

f)  any and all data, data compilations, and data analyses.

7.  "**Employee**" means, without limitation, any current or former officer, director, executive, manager, member, secretary, staff member, consultant, messenger, agent or other person who is or was employed by a Person or entity.

8.  "**Identify**," when used in reference to an individual employee, means to produce documents sufficient to identify: the person's full name, last known business and home address; date of birth; social security number; title or position and period of service in each such position; immediate supervisor in each position; business and home telephone numbers (including voice, cellular and facsimile phone numbers) assigned to or used by

such person and the period during which such numbers were assigned to be used by that

person; and business and home electronic mail identifiers and the period during which such

identifiers were assigned to and used by that person.

9. "**Meeting**" means, without limitation, any assembly, convocation, encounter, or

contemporaneous presence of two or more persons for any purpose, whether planned or

arranged, scheduled or not. Meeting attendees may be present in person or by electronic

means including, but not limited to, teleconference and videoconference.

10. "**Person**" means, without limitation, any natural person, corporation, partnership, limited

liability company, proprietorship, joint venture, trust, association, government entity,

group or other form of legal entity.

11. "**Plaintiffs**" means Kajan Johnson, Clarence Dollaway, Tristen Connelly, Mikhail Cirkunovs,

Phil Davis, and any named plaintiffs in any subsequently filed Actions which are related to or

consolidated with the Actions in the court with jurisdiction over the cases.

12. "**Possession, Custody or Control**" when referring to Documents or other tangible objects

means any Document or other tangible object You have access to regardless of whether You

have actual possession of the document or other tangible object. This includes Documents

You have the legal right to obtain or for which You have control over the person who has

control of the Document, including without limitation Your directors, officers, agents,

employees, representatives, subsidiaries, managing agents, affiliates, investigators, or Your

attorneys or their agents, employees, representatives or investigators.

13. "**Social Media**" means any web-hosted applications that facilitate public posting of words,

images or video and audio recordings, and private interactions such as private messaging or

email, among users. Examples of Social Media include without limitation, Twitter,

Facebook, YouTube, Instagram, TikTok, WhatsApp, Signal, and Telegram.

14. "**You**," "**Your**," "**Your Company**" means X Corp., individually, and X Corp. and its predecessors, successors, subsidiaries, departments, divisions, affiliates, any organization or entity which X Corp. has acquired, or with which X Corp. has merged, and any organization or entity which X Corp. manages, controls or has an ownership interest in, together with all current and former directors, officers, employees, agents, representatives or any persons acting or purporting to act on Your behalf.

15. "**Zuffa**," "**UFC**," or "**Defendant**" all mean Ultimate Fighting Championship, UFC, TKO Operating Company, LLC ("**TKO OpCo**") (f/k/a Zuffa Parent LLC), a Delaware limited liability company and the direct subsidiary of TKO Group Holdings, Inc., a Delaware corporation ("**TKO Group Holdings**"), Endeavor Group Holdings, Inc., a Delaware corporation ("**Endeavor**"), and all predecessors, successors, subsidiaries, departments, divisions, acquisitions, affiliates and any organization or entity TKO OpCo or TKO Group Holdings manages or controls, together with all present and former directors, members, officers, employees, agents, representatives or any persons acting or purporting to act on TKO OpCo's behalf including, without limitation, Ari Emanual, Dana White, Mark Shapiro, Patrick Whitsell, Ike Lawrence Epstein, Lorenzo Fertitta or Hunter Campbell.

## II. <u>INSTRUCTIONS</u>

1. In producing Documents, You are requested to furnish all Documents or things in Your possession, custody or control, regardless of the physical location of the Documents, or whether such Documents or other materials are possessed directly by You or Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates,

investigators, or by Your attorneys or their agents, employees, representatives or investigators.

2. If any document covered by these requests is withheld by reason of a claim of attorney-client privilege, attorney work product protection, or any other privilege or protection, please furnish a log providing the following information with respect to each such withheld document: date, author, recipients, general subject matter sufficient to make a prima facie determination whether the asserted privilege has been properly invoked, and legal basis upon which the document has been withheld.

3. In producing Documents, You are requested to produce the original of each Document requested, together with all non-identical copies and drafts of such Document. If the original of any Document cannot be located, a copy shall be produced in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

4. If any requested Document cannot be produced in full, You are to produce it to the extent possible, indicating which Document, or portion of such Document, is being withheld, and the reason that it is being withheld.

5. Documents not otherwise responsive to these Requests shall be produced if such Documents mention, discuss, refer to, or explain the Documents that are called for by these Requests, or if such Documents are attached to Documents called for by these Requests and constitute routing slips, transmittal memoranda, letters, cover sheets, comments, evaluation or similar materials.

6. All Documents shall be produced in the same order as they are kept or maintained by You in the ordinary course of Your business. If any Documents have been removed from the files in which they were found for purposes of producing them in response to these

Requests, indicate for each Document the file(s) in which the Document(s) was (or were) originally located.

7. If a Document once existed and has subsequently been lost, destroyed, or is otherwise missing, please provide sufficient information to identify the Document and state the details concerning its loss.

8. With respect to any Document maintained or stored electronically, please harvest it in a manner that maintains the integrity and readability of all data, including all metadata.

9. Unless otherwise agreed, all ESI should be produced in native format via a secure file transfer protocol, or on compact disc(s), DVD disc(s) or zip drives in the original electronic file format(s) of the Documents.

10. Please produce all Documents maintained or stored electronically in native, electronic format with all relevant metadata intact. Encrypted or password-protected documents should be produced in a form permitting them to be reviewed. You are also requested to immediately meet and confer regarding the manner in which You shall produce Documents stored electronically in order for the parties to try and reach agreement in this regard and avoid any unnecessary expense.

11. Please organize electronic Documents produced for inspection in the same manner that You store them (e.g., if maintained by a custodian, such as e-mail residing on an e-mail server, please organize documents for production by custodian; if maintained as a subfolder of "My Documents" on a custodian's hard drive, please organize documents for production by custodian with path information preserved, etc.).

12. All ESI should be produced in accordance with the attached Stipulated Order Re: Discovery of Electronically Stored Information.

13. Documents attached to each other should not be separated, including, but not limited to, hard-copy versions of Documents attached to hard-copy printouts of e-mails produced pursuant to these Requests.

14. At Your election, documents maintained or stored in paper, hard-copy form can be produced as searchable .PDF (i.e., portable document format files with embedded text) and in an appropriate and usable manner (e.g., by copying such data onto an external hard drive).

15. These requests require production of paper documents in the same form and same order as they are kept in the usual course of business, or organized and labeled to correspond with the requests set forth below. If You choose the former method, the documents are to be produced in the boxes, file folders, binders and other containers in which the documents are found. The titles, labels or other descriptions on the boxes, file folders, binders or other containers are to be left intact.

16. Documents stored as electronic data on magnetic, optical, or other storage media as "active" or "backup" files shall be produced in their native formats with any associated metadata.

17. To the extent responsive Documents reside on databases and other such systems and files, You are requested to produce the relevant database in useable form and/or permit access for inspection, review, and extraction of responsive information.

18. To the extent responsive Documents are in languages other than English, the parties shall meet and confer to discuss the format of production prior thereto.

19. No part of a document request shall be left unanswered merely because an objection was

interposed to another part of the document request.

20. If You object to any document request or subpart thereof, the objection shall state with specificity all grounds. Any ground not stated shall be waived.

21. If You are unable to answer any document request, the reasons for Your inability to answer shall be separately stated in detail for each document request.

22. Category headings herein are for convenience and should not be relied upon to modify, limit, alter or otherwise influence in any way how to interpret these document requests.

## III. RELEVANT TIME PERIOD

Unless otherwise noted herein, the relevant time period of these document requests is July 1, 2015, until the present (the "**Relevant Time Period**"). These document requests seek all responsive Documents created or generated during the Relevant Time Period, as well as responsive Documents created or generated outside the Relevant Time Period, but which contain information concerning the Relevant Time Period.

## IV.    <u>PRODUCTION REQUESTS</u>

<u>REQUEST NO. 1.</u>

Pursuant to 18 U.S.C. § 2702(c)(6), all non-content subscriber records and account information for the individuals listed in Exhibit 1.[1]

Subscriber records and account information should include, but are not limited to, the following:

- Subscriber registration information, including, but not limited to, full names; associated email addresses; associated telephone numbers; associated addresses; user IDs, usernames, or handles; and dates of birth (if collected);

- IP address logs and login/logout history, including the date/time stamps (with time zone); IP addresses; port numbers; and associated session identifiers for each successful or attempted login during the Relevant Time Period;

- All activity logs or log files for the accounts showing all user activities during the Relevant Period, excluding information that may contain content data. User activities include, without limitation:

  o Engaging in one-to-one and group messaging communications, including sender and recipient identifiers (e.g., user IDs/handles/phone numbers), group identifiers, date/time stamps (with time zone), delivery status, and message size/length, excluding message contents;

---

[1] Exhibit 1 contains potential login identifiers for the listed individuals but is non-exhaustive. Because the complete list of associated account information for each individual will be within Your possession, custody, and control, Plaintiffs respectfully request to meet and confer on this Request.

- o Engaging in one-to-one and group calls (voice/video), including caller/callee identifiers, date/time stamps (with time zone), call duration, and call disposition, excluding call contents;

- o Participating in group memberships, including group identifiers, group name, date/time of user joining/leaving, and group admin(s), excluding any content of group messages;

- o Uploading videos or other posts; making comments on other users' posts; reacting to other users' posts; saving or bookmarking other users' posts; messaging, following, or "friending" other users; participating in live chats; and/or utilizing other public or private social networking activities You facilitate, including the date, time, and user(s) associated with the individual's use of Your features.

- Device information, including device type, OS version, device identifiers (e.g., device tokens, serial numbers, advertising ID where applicable), app version, and date/time stamps of devices associated with each account;

- Current account status (active, deactivated, permanently deleted) and records identifying the creation, deletion, deactivation, or reactivation of each account, including date/time stamps and the method by which such action occurred;

- Other account changes and events, including username changes, profile changes, linked accounts, password resets, recovery email/phone changes, two-factor authentication activation/deactivation, and date/time stamps for such events;

- All preservation/retention and privacy settings, including changes in settings and the dates on which they occurred. This includes, but is not limited to, records of content

deletion events or disappearing content settings, including when disappearing timers were enabled/modified and their durations, and date/time of content deletions (if maintained).

- Any preservation requests, legal process logs, or legal holds relating to the account, including the date of receipt of legal process and the categories of information preserved;

- Payment and billing records (if any), including payment method type (with masked numbers only), billing address, dates of payments, subscription status, and transaction logs, excluding full financial account numbers.

Exhibit 1

| Name | Employer | Associated Phone Numbers | Associated Email Addresses | Associated Usernames |
|------|----------|--------------------------|----------------------------|----------------------|
| Akosa Akpom | TKO Operating Company, LLC | | | |
| David Avery | TKO Operating Company, LLC | | | |
| Denitza Batchvarova | Zuffa, LLC | | | |
| Nakisa Bidarian | Zuffa, LLC | | | |
| Tracey Bleczinski | TKO Operating Company, LLC | | | |
| Craig Borsari | Zuffa, LLC | | | |
| Hunter Campbell | Zuffa, LLC | | | |
| Deborah Cook | TKO Operating Company, LLC | | | |
| Peter Dropick | Zuffa, LLC | | | |
| Ariel Emanuel | Endeavor Group Holdings, Inc.; TKO Operating Company, LLC | | | |
| Lawrence "Ike" Epstein | Zuffa, LLC | | | |
| Chadwick Hurley | Zuffa, LLC | | | |
| Tracy Long | Zuffa, LLC | | | |
| Jason Lublin | Endeavor Group Holdings, Inc. | | | |
| Michael "Mick" Maynard | Zuffa, LLC | | | |
| Michael Mossholder | Zuffa, LLC | | | |
| Grant Norris-Jones | TKO Operating Company, LLC | | | |
| Brittany Santypal | TKO Operating Company, LLC | | | |
| Andrew Schleimer | Zuffa, LLC | | | |
| Mark Shapiro | Endeavor Group Holdings, Inc.; TKO Operating Company, LLC | | | |
| David Shaw | TKO Operating Company, LLC | | | |
| Sean Shelby | Zuffa, LLC | | | |
| Joe Silva | Zuffa, LLC; TKO Operating Company, LLC | | | |
| Dana White | Zuffa, LLC; TKO Operating Company, LLC | | | |

| | |
|---|---|
| Seth Zaslow | TKO Operating Company, LLC |
| Marshall Zelaznik | Zuffa, LLC; TKO Operating Company, LLC |
| Albert Acosta | Endeavor Group Holdings, Inc. |
| Olsvaldo Arias | Zuffa, LLC; TKO Operating Company, LLC |
| Tony Barboza | Zuffa, LLC; TKO Operating Company, LLC |
| Buffey Curtis | Zuffa, LLC; TKO Operating Company, LLC |
| Nichole Durand | Zuffa, LLC; TKO Operating Company, LLC |
| Egon Durban | Zuffa, LLC; TKO Operating Company, LLC |
| Jamie Euster | Endeavor Group Holdings, Inc. |
| Keith Friedenberg | Endeavor Group Holdings, Inc. |
| Graham Fry | Endeavor Group Holdings, Inc. |
| Tim Gardner | Endeavor Group Holdings, Inc. |
| Rami Genauer | Zuffa, LLC; TKO Operating Company, LLC |
| Christoph Goessing | Zuffa, LLC; TKO Operating Company, LLC |
| Krista Hall | Zuffa, LLC; TKO Operating Company, LLC |
| Reed Harris | Zuffa, LLC; TKO Operating Company, LLC |
| Shane Kapral | Zuffa, LLC; TKO Operating Company, LLC |
| Seth Krauss | Endeavor Group Holdings, Inc. & Zuffa, LLC; TKO Operating Company, LLC |
| Ajay Madkekar | Endeavor Group Holdings, Inc. |
| David Phillips | Endeavor Group Holdings, Inc. |
| Chris Provino | Zuffa, LLC; TKO Operating Company, LLC |

| | |
|---|---|
| Marc Ratner | Zuffa, LLC; TKO Operating Company, LLC |
| Zack Rose | Endeavor Group Holdings, Inc. |
| Jonathan Shin | Zuffa, LLC; TKO Operating Company, LLC |
| Brandon Stuckenberg | Zuffa, LLC; TKO Operating Company, LLC |
| Robert Crowley Sullivan | Zuffa, LLC; TKO Operating Company, LLC |
| Blake Ulrich | Endeavor Group Holdings, Inc. |
| Marc Webster | Endeavor Group Holdings, Inc. |
| Patrick Whitesell | Zuffa, LLC; TKO Operating Company, LLC |
| Matt Woodmancy | Endeavor Group Holdings, Inc. |
| Chika Yoshinaga | Zuffa, LLC; TKO Operating Company, LLC |
| Nick Zombolas | Zuffa, LLC; TKO Operating Company, LLC |
| Sam Zussman | Endeavor Group Holdings, Inc. |

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Nevada

| | |
|---|---|
| Mikhail Cirkunovs | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:25-cv-00914-RFB-BNW |
| Zuffa, LLC dba Ultimate Fighting Championship et al. | ) |
| _____ | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                    X Corp.
c/o C T CORPORATION SYSTEM 1999 BRYAN ST., STE. 900 DALLAS, TX 75201

*(Name of person to whom this subpoena is directed)*

*Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place    VERITEXT LEGAL SOLUTIONS 600 N Pearl Street Suite 2230 Dallas, TX 7520 | Date and Time:   1/17/2026 5:00 pm |
|---|---|

*Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    12/17/2025

                    *CLERK OF COURT*
                                              OR
                                                           /s/ Daniel Gifford
    _____                    _____
    *Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Plaintiff Mikhail Cirkunovs _____, who issues or requests this subpoena, are:
Daniel Gifford; 88 Pine Street, 14th Floor, New York, NY 10005; dgifford@cohenmilstein.com; (212) 838-7797

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:25-cv-00914-RFB-BNW

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii)is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
   (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
   *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (iii)         requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iv)          requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (v) subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
   *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## SCHEDULE A

### I. DEFINITIONS

1. The following rules of construction should apply to all discovery requests:

    a) "**All**" should be construed to include the collective as well as the singular and shall mean "each," "any," and "every."

    b) "**And**" and "or" should be construed so as to require the broadest possible response. If, for example, a request calls for information about "A or B" or "A and B," You should produce all information about A and all information about B, as well as all information about A and B collectively. In other words, "or" and "and" should be read as "and/or."

    c) "**Any**" shall be construed to mean "any and all."

    d) "**Including**" shall be construed to mean "without limitation." "Including" is used to emphasize certain types of documents requested and should not be construed as limiting the request in any way.

    e) "**Relating to**," "**referring to**," "**regarding**," or "**with respect to**" mean, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

    f) The use of the singular form of any word includes the plural and vice versa.

    g) Unless otherwise indicated, the use of the present tense of any verb shall be construed to include the past tense going back to the beginning of the Relevant Time Period, and the use of the past tense shall be construed to run from the beginning of the Relevant Time Period through the present.

2. "**Actions**" means *Kajan Johnson, et al. v. Zuffa, LLC, et al.*, No. 2:21-cv-01189 (D. Nev.);

*Mikhail Cirkunovs v. Zuffa, LLC, et al.*, No. 2:25-cv-00914 (D. Nev.); and *Phil Davis v. Zuffa, LLC, et al.*, No. 2:25-cv-00946 (D. Nev.).

3. "**Communication**" means without limitation, oral or written communications of any kind, such as electronic communications, direct communications through social media (including without limitation direct messaging, instant messaging, chatting or emailing within a social media platform), facsimiles, telephone communications, correspondence, exchange of written or recorded information, or face-to-face meetings. The phrase "communication between" is defined to include instances where one party addresses the other party but the other party does not necessarily respond. The phrase "communication" includes all attachments to e-mail messages.

4. "**Date**" means the exact day, month, and year, if ascertainable, or the best available approximation, including any relationship to other known events (designate whether exact or approximate).

5. "**Document(s)**" shall mean and include all "writings," "recordings" or "photographs" as those terms are defined in Federal Rule of Civil Procedure 34 and Rule 1001 of the Federal Rules of Evidence. Without limiting the generality of the foregoing, the term "Documents" includes both hard copy documents and electronically stored data files including but not limited to e-mail, instant messaging, social media content (including without limitation public content such as Tweets, YouTube submissions, Facebook posts, and posts to any public electronic billboard, as well as private content such as direct messaging, instant messaging, chats, and email), shared network files and databases. "Documents" also includes, without limitation and regardless of whether stored in hard copy or electronically, any letters, correspondence, memoranda, analyses, legal pleadings, calendars, diaries,

travel records, summaries, records of telephone conversations, telegrams, notes, reports, compilations, notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, audiotapes, film and sound reproductions, e-mails, internal or external web sites, audio or video discs data on magnetic or optical storage media (e.g., servers, storage area networks, interconnected remote servers (so-called "cloud computing"), hard drives, backup tapes, CDs, DVDs, Blu-ray, DVD-HD, USB/thumb/flash drives, floppy disks or any other type of portable storage device, etc.) stored as an "active" or backup file, in its native format, computer files, discs and drives, sales, advertising and promotional literature, agreements, stored recordings, minutes or other records of meetings, all written or graphic records or representations of any kind, and all mechanical or electronic data, records or representations of any kind.

6. "**Electronically Stored Information**," abbreviated as "**ESI**" has the same meaning and scope as it has in the Federal Rules of Civil Procedure and includes, without limitation, the following:

a) structured and unstructured data, as those terms are defined in The Sedona Conference Glossary, available at www.thesedonaconference.org/publications;

b) activity listings of electronic mail receipts and/or transmittals;

c) output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, text messages (SMS, MMS or TMS), iMessages, Blackberry Messenger (BBM), AOL Instant MessengerTM (or similar program), social media (including without limitation Twitter, LinkedIn, YouTube, Facebook, Instagram, and

any other internet based messaging system) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

d) any and all items stored on computer memories, hard disks, floppy disks, CD discs, DVD discs, flash drives, thumb drives, memory cards, magnetic tape, microfiche, off-site interconnected servers (so-called "cloud computing"), or in any other vehicle for digital data storage and/or transmittal, such as, but not limited to, a personal digital assistant (*e.g.*, Blackberry, Smart Phone or similar device) and file folder tabs, and/or containers and labels appended to, or relating to, any physical storage device associated with each original and/or copy of all documents requested herein;

e) any and all items stored on voice-mail systems, websites, company intranet sites, chat rooms and social networking websites (*e.g.*, Facebook, LinkedIn, Twitter, and social websites listed at http://en.wikipedia.org/wiki/List of social networking websites); and

f) any and all data, data compilations, and data analyses.

7. "**Employee**" means, without limitation, any current or former officer, director, executive, manager, member, secretary, staff member, consultant, messenger, agent or other person who is or was employed by a Person or entity.

8. "**Identify**," when used in reference to an individual employee, means to produce documents sufficient to identify: the person's full name, last known business and home address; date of birth; social security number; title or position and period of service in each such position; immediate supervisor in each position; business and home telephone numbers (including voice, cellular and facsimile phone numbers) assigned to or used by

such person and the period during which such numbers were assigned to be used by that person; and business and home electronic mail identifiers and the period during which such identifiers were assigned to and used by that person.

9. "**Meeting**" means, without limitation, any assembly, convocation, encounter, or contemporaneous presence of two or more persons for any purpose, whether planned or arranged, scheduled or not. Meeting attendees may be present in person or by electronic means including, but not limited to, teleconference and videoconference.

10. "**Person**" means, without limitation, any natural person, corporation, partnership, limited liability company, proprietorship, joint venture, trust, association, government entity, group or other form of legal entity.

11. "**Plaintiffs**" means Kajan Johnson, Clarence Dollaway, Tristen Connelly, Mikhail Cirkunovs, Phil Davis, and any named plaintiffs in any subsequently filed Actions which are related to or consolidated with the Actions in the court with jurisdiction over the cases.

12. "**Possession, Custody or Control**" when referring to Documents or other tangible objects means any Document or other tangible object You have access to regardless of whether You have actual possession of the document or other tangible object. This includes Documents You have the legal right to obtain or for which You have control over the person who has control of the Document, including without limitation Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or Your attorneys or their agents, employees, representatives or investigators.

13. "**Social Media**" means any web-hosted applications that facilitate public posting of words, images or video and audio recordings, and private interactions such as private messaging or email, among users. Examples of Social Media include without limitation, Twitter,

Facebook, YouTube, Instagram, TikTok, WhatsApp, Signal, and Telegram.

14. "**You**," "**Your**," "**Your Company**" means X Corp., individually, and X Corp. and its predecessors, successors, subsidiaries, departments, divisions, affiliates, any organization or entity which X Corp. has acquired, or with which X Corp. has merged, and any organization or entity which X Corp. manages, controls or has an ownership interest in, together with all current and former directors, officers, employees, agents, representatives or any persons acting or purporting to act on Your behalf.

15. "**Zuffa**," "**UFC**," or "**Defendant**" all mean Ultimate Fighting Championship, UFC, TKO Operating Company, LLC ("**TKO OpCo**") (f/k/a Zuffa Parent LLC), a Delaware limited liability company and the direct subsidiary of TKO Group Holdings, Inc., a Delaware corporation ("**TKO Group Holdings**"), Endeavor Group Holdings, Inc., a Delaware corporation ("**Endeavor**"), and all predecessors, successors, subsidiaries, departments, divisions, acquisitions, affiliates and any organization or entity TKO OpCo or TKO Group Holdings manages or controls, together with all present and former directors, members, officers, employees, agents, representatives or any persons acting or purporting to act on TKO OpCo's behalf including, without limitation, Ari Emanual, Dana White, Mark Shapiro, Patrick Whitsell, Ike Lawrence Epstein, Lorenzo Fertitta or Hunter Campbell.

## II. <u>INSTRUCTIONS</u>

1. In producing Documents, You are requested to furnish all Documents or things in Your possession, custody or control, regardless of the physical location of the Documents, or whether such Documents or other materials are possessed directly by You or Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates,

investigators, or by Your attorneys or their agents, employees, representatives or investigators.

2.  If any document covered by these requests is withheld by reason of a claim of attorney-client privilege, attorney work product protection, or any other privilege or protection, please furnish a log providing the following information with respect to each such withheld document: date, author, recipients, general subject matter sufficient to make a prima facie determination whether the asserted privilege has been properly invoked, and legal basis upon which the document has been withheld.

3.  In producing Documents, You are requested to produce the original of each Document requested, together with all non-identical copies and drafts of such Document. If the original of any Document cannot be located, a copy shall be produced in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

4.  If any requested Document cannot be produced in full, You are to produce it to the extent possible, indicating which Document, or portion of such Document, is being withheld, and the reason that it is being withheld.

5.  Documents not otherwise responsive to these Requests shall be produced if such Documents mention, discuss, refer to, or explain the Documents that are called for by these Requests, or if such Documents are attached to Documents called for by these Requests and constitute routing slips, transmittal memoranda, letters, cover sheets, comments, evaluation or similar materials.

6.  All Documents shall be produced in the same order as they are kept or maintained by You in the ordinary course of Your business. If any Documents have been removed from the files in which they were found for purposes of producing them in response to these

Requests, indicate for each Document the file(s) in which the Document(s) was (or were) originally located.

7. If a Document once existed and has subsequently been lost, destroyed, or is otherwise missing, please provide sufficient information to identify the Document and state the details concerning its loss.

8. With respect to any Document maintained or stored electronically, please harvest it in a manner that maintains the integrity and readability of all data, including all metadata.

9. Unless otherwise agreed, all ESI should be produced in native format via a secure file transfer protocol, or on compact disc(s), DVD disc(s) or zip drives in the original electronic file format(s) of the Documents.

10. Please produce all Documents maintained or stored electronically in native, electronic format with all relevant metadata intact. Encrypted or password-protected documents should be produced in a form permitting them to be reviewed. You are also requested to immediately meet and confer regarding the manner in which You shall produce Documents stored electronically in order for the parties to try and reach agreement in this regard and avoid any unnecessary expense.

11. Please organize electronic Documents produced for inspection in the same manner that You store them (e.g., if maintained by a custodian, such as e-mail residing on an e-mail server, please organize documents for production by custodian; if maintained as a subfolder of "My Documents" on a custodian's hard drive, please organize documents for production by custodian with path information preserved, etc.).

12. All ESI should be produced in accordance with the attached Stipulated Order Re: Discovery of Electronically Stored Information.

13. Documents attached to each other should not be separated, including, but not limited to, hard-copy versions of Documents attached to hard-copy printouts of e-mails produced pursuant to these Requests.

14. At Your election, documents maintained or stored in paper, hard-copy form can be produced as searchable .PDF (i.e., portable document format files with embedded text) and in an appropriate and usable manner (e.g., by copying such data onto an external hard drive).

15. These requests require production of paper documents in the same form and same order as they are kept in the usual course of business, or organized and labeled to correspond with the requests set forth below. If You choose the former method, the documents are to be produced in the boxes, file folders, binders and other containers in which the documents are found. The titles, labels or other descriptions on the boxes, file folders, binders or other containers are to be left intact.

16. Documents stored as electronic data on magnetic, optical, or other storage media as "active" or "backup" files shall be produced in their native formats with any associated metadata.

17. To the extent responsive Documents reside on databases and other such systems and files, You are requested to produce the relevant database in useable form and/or permit access for inspection, review, and extraction of responsive information.

18. To the extent responsive Documents are in languages other than English, the parties shall meet and confer to discuss the format of production prior thereto.

19. No part of a document request shall be left unanswered merely because an objection was

interposed to another part of the document request.

20. If You object to any document request or subpart thereof, the objection shall state with specificity all grounds. Any ground not stated shall be waived.

21. If You are unable to answer any document request, the reasons for Your inability to answer shall be separately stated in detail for each document request.

22. Category headings herein are for convenience and should not be relied upon to modify, limit, alter or otherwise influence in any way how to interpret these document requests.

## III. <u>RELEVANT TIME PERIOD</u>

Unless otherwise noted herein, the relevant time period of these document requests is July 1, 2015, until the present (the "**Relevant Time Period**"). These document requests seek all responsive Documents created or generated during the Relevant Time Period, as well as responsive Documents created or generated outside the Relevant Time Period, but which contain information concerning the Relevant Time Period.

## IV.    **PRODUCTION REQUESTS**

<u>REQUEST NO. 1.</u>

Pursuant to 18 U.S.C. § 2702(c)(6), all non-content subscriber records and account information for the individuals listed in Exhibit 1.[1]

Subscriber records and account information should include, but are not limited to, the following:

- Subscriber registration information, including, but not limited to, full names; associated email addresses; associated telephone numbers; associated addresses; user IDs, usernames, or handles; and dates of birth (if collected);

- IP address logs and login/logout history, including the date/time stamps (with time zone); IP addresses; port numbers; and associated session identifiers for each successful or attempted login during the Relevant Time Period;

- All activity logs or log files for the accounts showing all user activities during the Relevant Period, excluding information that may contain content data. User activities include, without limitation:

  o Engaging in one-to-one and group messaging communications, including sender and recipient identifiers (e.g., user IDs/handles/phone numbers), group identifiers, date/time stamps (with time zone), delivery status, and message size/length, excluding message contents;

---

[1] Exhibit 1 contains potential login identifiers for the listed individuals but is non-exhaustive. Because the complete list of associated account information for each individual will be within Your possession, custody, and control, Plaintiffs respectfully request to meet and confer on this Request.

- o Engaging in one-to-one and group calls (voice/video), including caller/callee identifiers, date/time stamps (with time zone), call duration, and call disposition, excluding call contents;

- o Participating in group memberships, including group identifiers, group name, date/time of user joining/leaving, and group admin(s), excluding any content of group messages;

- o Uploading videos or other posts; making comments on other users' posts; reacting to other users' posts; saving or bookmarking other users' posts; messaging, following, or "friending" other users; participating in live chats; and/or utilizing other public or private social networking activities You facilitate, including the date, time, and user(s) associated with the individual's use of Your features.

- Device information, including device type, OS version, device identifiers (e.g., device tokens, serial numbers, advertising ID where applicable), app version, and date/time stamps of devices associated with each account;

- Current account status (active, deactivated, permanently deleted) and records identifying the creation, deletion, deactivation, or reactivation of each account, including date/time stamps and the method by which such action occurred;

- Other account changes and events, including username changes, profile changes, linked accounts, password resets, recovery email/phone changes, two-factor authentication activation/deactivation, and date/time stamps for such events;

- All preservation/retention and privacy settings, including changes in settings and the dates on which they occurred. This includes, but is not limited to, records of content

deletion events or disappearing content settings, including when disappearing timers were enabled/modified and their durations, and date/time of content deletions (if maintained).

- Any preservation requests, legal process logs, or legal holds relating to the account, including the date of receipt of legal process and the categories of information preserved;

- Payment and billing records (if any), including payment method type (with masked numbers only), billing address, dates of payments, subscription status, and transaction logs, excluding full financial account numbers.

Exhibit 1

| Name | Employer | Associated Phone Numbers | Associated Email Addresses | Associated Usernames |
|---|---|---|---|---|
| Akosa Akpom | TKO Operating Company, LLC | | | |
| David Avery | TKO Operating Company, LLC | | | |
| Denitza Batchvarova | Zuffa, LLC | | | |
| Nakisa Bidarian | Zuffa, LLC | | | |
| Tracey Bleczinski | TKO Operating Company, LLC | | | |
| Craig Borsari | Zuffa, LLC | | | |
| Hunter Campbell | Zuffa, LLC | | | |
| Deborah Cook | TKO Operating Company, LLC | | | |
| Peter Dropick | Zuffa, LLC | | | |
| Ariel Emanuel | Endeavor Group Holdings, Inc.; TKO Operating Company, LLC | | | |
| Lawrence "Ike" Epstein | Zuffa, LLC | | | |
| Chadwick Hurley | Zuffa, LLC | | | |
| Tracy Long | Zuffa, LLC | | | |
| Jason Lublin | Endeavor Group Holdings, Inc. | | | |
| Michael "Mick" Maynard | Zuffa, LLC | | | |
| Michael Mossholder | Zuffa, LLC | | | |
| Grant Norris-Jones | TKO Operating Company, LLC | | | |
| Brittany Santypal | TKO Operating Company, LLC | | | |
| Andrew Schleimer | Zuffa, LLC | | | |
| Mark Shapiro | Endeavor Group Holdings, Inc.; TKO Operating Company, LLC | | | |
| David Shaw | TKO Operating Company, LLC | | | |
| Sean Shelby | Zuffa, LLC | | | |
| Joe Silva | Zuffa, LLC; TKO Operating Company, LLC | | | |
| Dana White | Zuffa, LLC; TKO Operating Company, LLC | | | |

| | |
|---|---|
| Seth Zaslow | TKO Operating Company, LLC |
| Marshall Zelaznik | Zuffa, LLC; TKO Operating Company, LLC |
| Albert Acosta | Endeavor Group Holdings, Inc. |
| Olsvaldo Arias | Zuffa, LLC; TKO Operating Company, LLC |
| Tony Barboza | Zuffa, LLC; TKO Operating Company, LLC |
| Buffey Curtis | Zuffa, LLC; TKO Operating Company, LLC |
| Nichole Durand | Zuffa, LLC; TKO Operating Company, LLC |
| Egon Durban | Zuffa, LLC; TKO Operating Company, LLC |
| Jamie Euster | Endeavor Group Holdings, Inc. |
| Keith Friedenberg | Endeavor Group Holdings, Inc. |
| Graham Fry | Endeavor Group Holdings, Inc. |
| Tim Gardner | Endeavor Group Holdings, Inc. |
| Rami Genauer | Zuffa, LLC; TKO Operating Company, LLC |
| Christoph Goessing | Zuffa, LLC; TKO Operating Company, LLC |
| Krista Hall | Zuffa, LLC; TKO Operating Company, LLC |
| Reed Harris | Zuffa, LLC; TKO Operating Company, LLC |
| Shane Kapral | Zuffa, LLC; TKO Operating Company, LLC |
| Seth Krauss | Endeavor Group Holdings, Inc. & Zuffa, LLC; TKO Operating Company, LLC |
| Ajay Madkekar | Endeavor Group Holdings, Inc. |
| David Phillips | Endeavor Group Holdings, Inc. |
| Chris Provino | Zuffa, LLC; TKO Operating Company, LLC |

| | |
|---|---|
| Marc Ratner | Zuffa, LLC; TKO Operating Company, LLC |
| Zack Rose | Endeavor Group Holdings, Inc. |
| Jonathan Shin | Zuffa, LLC; TKO Operating Company, LLC |
| Brandon Stuckenberg | Zuffa, LLC; TKO Operating Company, LLC |
| Robert Crowley Sullivan | Zuffa, LLC; TKO Operating Company, LLC |
| Blake Ulrich | Endeavor Group Holdings, Inc. |
| Marc Webster | Endeavor Group Holdings, Inc. |
| Patrick Whitesell | Zuffa, LLC; TKO Operating Company, LLC |
| Matt Woodmancy | Endeavor Group Holdings, Inc. |
| Chika Yoshinaga | Zuffa, LLC; TKO Operating Company, LLC |
| Nick Zombolas | Zuffa, LLC; TKO Operating Company, LLC |
| Sam Zussman | Endeavor Group Holdings, Inc. |

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of Nevada

| | |
|---|---|
| Johnson et al. | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:21-cv-01189-RFB-BNW |
| Zuffa, LLC dba Ultimate Fighting Championship et al. | ) |
| _____ | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                          Signal Messenger, LLC
          c/o Cogency Global Inc. 1325 J St, Unit 1550,  SACRAMENTO, CA
_____
*(Name of person to whom this subpoena is directed)*

**X** *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: BERGER MONTAGUE 505 Montgomery Street Suite 625 San Francisco, CA 94111 | Date and Time: 1/17/2026 5:00 pm |
|---|---|

' *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    12/17/2025

                    *CLERK OF COURT*
                                               OR
                                                      /s/ Daniel Gifford
_____              _____
*Signature of Clerk or Deputy Clerk*                  *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Plaintiffs Kajan Johnson, Clarence Dollaway, and Tristan Connelly_____, who issues or requests this subpoena, are:
Daniel Gifford; 88 Pine Street, 14th Floor, New York, NY 10005; dgifford@cohenmilstein.com; (212) 838-7797

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:21-cv-01189-RFB-BNW

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

⌐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

⌐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____          _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
　(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
　(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
　　(i) is a party or a party's officer; or
　　(ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
　(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
　(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
　(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
　(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
　　(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
　　(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
　(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
　　(i) fails to allow a reasonable time to comply;
　　( ) requires a person to comply beyond the geographical limits specified in Rule 45(c);
　　(i) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
　　(ii) subjects a person to undue burden.
　(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
　　(i) disclosing a trade secret or other confidential research, development, or commercial information; or

　　(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
　(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
　　(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
　　(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
　(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
　(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
　(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
　(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
　(i) expressly make the claim; and
　(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

### I. DEFINITIONS

1. The following rules of construction should apply to all discovery requests:

    a) "**All**" should be construed to include the collective as well as the singular and shall mean "each," "any," and "every."

    b) "**And**" and "or" should be construed so as to require the broadest possible response. If, for example, a request calls for information about "A or B" or "A and B," You should produce all information about A and all information about B, as well as all information about A and B collectively. In other words, "or" and "and" should be read as "and/or."

    c) "**Any**" shall be construed to mean "any and all."

    d) "**Including**" shall be construed to mean "without limitation." "Including" is used to emphasize certain types of documents requested and should not be construed as limiting the request in any way.

    e) "**Relating to**," "**referring to**," "**regarding**," or "**with respect to**" mean, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

    f) The use of the singular form of any word includes the plural and vice versa.

    g) Unless otherwise indicated, the use of the present tense of any verb shall be construed to include the past tense going back to the beginning of the Relevant Time Period, and the use of the past tense shall be construed to run from the beginning of the Relevant Time Period through the present.

2. "**Actions**" means *Kajan Johnson, et al. v. Zuffa, LLC, et al.*, No. 2:21-cv-01189 (D. Nev.);

*Mikhail Cirkunovs v. Zuffa, LLC, et al.*, No. 2:25-cv-00914 (D. Nev.); and *Phil Davis v. Zuffa, LLC, et al.*, No. 2:25-cv-00946 (D. Nev.).

3. "**Communication**" means without limitation, oral or written communications of any kind, such as electronic communications, direct communications through social media (including without limitation direct messaging, instant messaging, chatting or emailing within a social media platform), facsimiles, telephone communications, correspondence, exchange of written or recorded information, or face-to-face meetings. The phrase "communication between" is defined to include instances where one party addresses the other party but the other party does not necessarily respond. The phrase "communication" includes all attachments to e-mail messages.

4. "**Date**" means the exact day, month, and year, if ascertainable, or the best available approximation, including any relationship to other known events (designate whether exact or approximate).

5. "**Document(s)**" shall mean and include all "writings," "recordings" or "photographs" as those terms are defined in Federal Rule of Civil Procedure 34 and Rule 1001 of the Federal Rules of Evidence. Without limiting the generality of the foregoing, the term "Documents" includes both hard copy documents and electronically stored data files including but not limited to e-mail, instant messaging, social media content (including without limitation public content such as Tweets, YouTube submissions, Facebook posts, and posts to any public electronic billboard, as well as private content such as direct messaging, instant messaging, chats, and email), shared network files and databases. "Documents" also includes, without limitation and regardless of whether stored in hard copy or electronically, any letters, correspondence, memoranda, analyses, legal pleadings, calendars, diaries,

travel records, summaries, records of telephone conversations, telegrams, notes, reports, compilations, notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, audiotapes, film and sound reproductions, e-mails, internal or external web sites, audio or video discs data on magnetic or optical storage media (e.g., servers, storage area networks, interconnected remote servers (so-called "cloud computing"), hard drives, backup tapes, CDs, DVDs, Blu-ray, DVD-HD, USB/thumb/flash drives, floppy disks or any other type of portable storage device, etc.) stored as an "active" or backup file, in its native format, computer files, discs and drives, sales, advertising and promotional literature, agreements, stored recordings, minutes or other records of meetings, all written or graphic records or representations of any kind, and all mechanical or electronic data, records or representations of any kind.

6. "**Electronically Stored Information**," abbreviated as "**ESI**" has the same meaning and scope as it has in the Federal Rules of Civil Procedure and includes, without limitation, the following:

    a) structured and unstructured data, as those terms are defined in The Sedona Conference Glossary, available at www.thesedonaconference.org/publications;

    b) activity listings of electronic mail receipts and/or transmittals;

    c) output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, text messages (SMS, MMS or TMS), iMessages, Blackberry Messenger (BBM), AOL Instant MessengerTM (or similar program), social media (including without limitation Twitter, LinkedIn, YouTube, Facebook, Instagram, and

any other internet based messaging system) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

d) any and all items stored on computer memories, hard disks, floppy disks, CD discs, DVD discs, flash drives, thumb drives, memory cards, magnetic tape, microfiche, off-site interconnected servers (so-called "cloud computing"), or in any other vehicle for digital data storage and/or transmittal, such as, but not limited to, a personal digital assistant (*e.g.*, Blackberry, Smart Phone or similar device) and file folder tabs, and/or containers and labels appended to, or relating to, any physical storage device associated with each original and/or copy of all documents requested herein;

e) any and all items stored on voice-mail systems, websites, company intranet sites, chat rooms and social networking websites (*e.g.*, Facebook, LinkedIn, Twitter, and social websites listed at http://en.wikipedia.org/wiki/List of social networking websites); and

f) any and all data, data compilations, and data analyses.

7. "**Employee**" means, without limitation, any current or former officer, director, executive, manager, member, secretary, staff member, consultant, messenger, agent or other person who is or was employed by a Person or entity.

8. "**Identify**," when used in reference to an individual employee, means to produce documents sufficient to identify: the person's full name, last known business and home address; date of birth; social security number; title or position and period of service in each such position; immediate supervisor in each position; business and home telephone numbers (including voice, cellular and facsimile phone numbers) assigned to or used by

such person and the period during which such numbers were assigned to be used by that person; and business and home electronic mail identifiers and the period during which such identifiers were assigned to and used by that person.

9. "**Meeting**" means, without limitation, any assembly, convocation, encounter, or contemporaneous presence of two or more persons for any purpose, whether planned or arranged, scheduled or not. Meeting attendees may be present in person or by electronic means including, but not limited to, teleconference and videoconference.

10. "**Person**" means, without limitation, any natural person, corporation, partnership, limited liability company, proprietorship, joint venture, trust, association, government entity, group or other form of legal entity.

11. "**Plaintiffs**" means Kajan Johnson, Clarence Dollaway, Tristen Connelly, Mikhail Cirkunovs, Phil Davis, and any named plaintiffs in any subsequently filed Actions which are related to or consolidated with the Actions in the court with jurisdiction over the cases.

12. "**Possession, Custody or Control**" when referring to Documents or other tangible objects means any Document or other tangible object You have access to regardless of whether You have actual possession of the document or other tangible object. This includes Documents You have the legal right to obtain or for which You have control over the person who has control of the Document, including without limitation Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or Your attorneys or their agents, employees, representatives or investigators.

13. "**Social Media**" means any web-hosted applications that facilitate public posting of words, images or video and audio recordings, and private interactions such as private messaging or email, among users. Examples of Social Media include without limitation, Twitter,

Facebook, YouTube, Instagram, TikTok, WhatsApp, Signal, and Telegram.

14. "**You**," "**Your**," "**Your Company**" means Signal Messenger, LLC, individually, and Signal Messenger, LLC and its predecessors, successors, subsidiaries, departments, divisions, affiliates, any organization or entity which Signal Messenger, LLC has acquired, or with which Signal Messenger, LLC has merged, and any organization or entity which Signal Messenger, LLC manages, controls or has an ownership interest in, together with all current and former directors, officers, employees, agents, representatives or any persons acting or purporting to act on Your behalf.

15. "**Zuffa**," "**UFC**," or "**Defendant**" all mean Ultimate Fighting Championship, UFC, TKO Operating Company, LLC ("**TKO OpCo**") (f/k/a Zuffa Parent LLC), a Delaware limited liability company and the direct subsidiary of TKO Group Holdings, Inc., a Delaware corporation ("**TKO Group Holdings**"), Endeavor Group Holdings, Inc., a Delaware corporation ("**Endeavor**"), and all predecessors, successors, subsidiaries, departments, divisions, acquisitions, affiliates and any organization or entity TKO OpCo or TKO Group Holdings manages or controls, together with all present and former directors, members, officers, employees, agents, representatives or any persons acting or purporting to act on TKO OpCo's behalf including, without limitation, Ari Emanual, Dana White, Mark Shapiro, Patrick Whitsell, Ike Lawrence Epstein, Lorenzo Fertitta or Hunter Campbell.

## II. <u>INSTRUCTIONS</u>

1. In producing Documents, You are requested to furnish all Documents or things in Your possession, custody or control, regardless of the physical location of the Documents, or whether such Documents or other materials are possessed directly by You or Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates,

investigators, or by Your attorneys or their agents, employees, representatives or investigators.

2. If any document covered by these requests is withheld by reason of a claim of attorney-client privilege, attorney work product protection, or any other privilege or protection, please furnish a log providing the following information with respect to each such withheld document: date, author, recipients, general subject matter sufficient to make a prima facie determination whether the asserted privilege has been properly invoked, and legal basis upon which the document has been withheld.

3. In producing Documents, You are requested to produce the original of each Document requested, together with all non-identical copies and drafts of such Document. If the original of any Document cannot be located, a copy shall be produced in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

4. If any requested Document cannot be produced in full, You are to produce it to the extent possible, indicating which Document, or portion of such Document, is being withheld, and the reason that it is being withheld.

5. Documents not otherwise responsive to these Requests shall be produced if such Documents mention, discuss, refer to, or explain the Documents that are called for by these Requests, or if such Documents are attached to Documents called for by these Requests and constitute routing slips, transmittal memoranda, letters, cover sheets, comments, evaluation or similar materials.

6. All Documents shall be produced in the same order as they are kept or maintained by You in the ordinary course of Your business. If any Documents have been removed from the files in which they were found for purposes of producing them in response to these

Requests, indicate for each Document the file(s) in which the Document(s) was (or were) originally located.

7. If a Document once existed and has subsequently been lost, destroyed, or is otherwise missing, please provide sufficient information to identify the Document and state the details concerning its loss.

8. With respect to any Document maintained or stored electronically, please harvest it in a manner that maintains the integrity and readability of all data, including all metadata.

9. Unless otherwise agreed, all ESI should be produced in native format via a secure file transfer protocol, or on compact disc(s), DVD disc(s) or zip drives in the original electronic file format(s) of the Documents.

10. Please produce all Documents maintained or stored electronically in native, electronic format with all relevant metadata intact. Encrypted or password-protected documents should be produced in a form permitting them to be reviewed. You are also requested to immediately meet and confer regarding the manner in which You shall produce Documents stored electronically in order for the parties to try and reach agreement in this regard and avoid any unnecessary expense.

11. Please organize electronic Documents produced for inspection in the same manner that You store them (e.g., if maintained by a custodian, such as e-mail residing on an e-mail server, please organize documents for production by custodian; if maintained as a subfolder of "My Documents" on a custodian's hard drive, please organize documents for production by custodian with path information preserved, etc.).

12. All ESI should be produced in accordance with the attached Stipulated Order Re: Discovery of Electronically Stored Information.

13. Documents attached to each other should not be separated, including, but not limited to, hard-copy versions of Documents attached to hard-copy printouts of e-mails produced pursuant to these Requests.

14. At Your election, documents maintained or stored in paper, hard-copy form can be produced as searchable .PDF (i.e., portable document format files with embedded text) and in an appropriate and usable manner (e.g., by copying such data onto an external hard drive).

15. These requests require production of paper documents in the same form and same order as they are kept in the usual course of business, or organized and labeled to correspond with the requests set forth below. If You choose the former method, the documents are to be produced in the boxes, file folders, binders and other containers in which the documents are found. The titles, labels or other descriptions on the boxes, file folders, binders or other containers are to be left intact.

16. Documents stored as electronic data on magnetic, optical, or other storage media as "active" or "backup" files shall be produced in their native formats with any associated metadata.

17. To the extent responsive Documents reside on databases and other such systems and files, You are requested to produce the relevant database in useable form and/or permit access for inspection, review, and extraction of responsive information.

18. To the extent responsive Documents are in languages other than English, the parties shall meet and confer to discuss the format of production prior thereto.

19. No part of a document request shall be left unanswered merely because an objection was

interposed to another part of the document request.

20. If You object to any document request or subpart thereof, the objection shall state with specificity all grounds. Any ground not stated shall be waived.

21. If You are unable to answer any document request, the reasons for Your inability to answer shall be separately stated in detail for each document request.

22. Category headings herein are for convenience and should not be relied upon to modify, limit, alter or otherwise influence in any way how to interpret these document requests.

## III. **RELEVANT TIME PERIOD**

Unless otherwise noted herein, the relevant time period of these document requests is July 1, 2015, until the present (the "**Relevant Time Period**"). These document requests seek all responsive Documents created or generated during the Relevant Time Period, as well as responsive Documents created or generated outside the Relevant Time Period, but which contain information concerning the Relevant Time Period.

## IV.    **PRODUCTION REQUESTS**

REQUEST NO. 1.

Pursuant to 18 U.S.C. § 2702(c)(6), all non-content subscriber records and account information for the individuals listed in Exhibit 1.[1]

Subscriber records and account information should include, but are not limited to, the following:

- Subscriber registration information, including, but not limited to, full names; associated email addresses; associated telephone numbers; associated addresses; user IDs, usernames, or handles; and dates of birth (if collected);

- IP address logs and login/logout history, including the date/time stamps (with time zone); IP addresses; port numbers; and associated session identifiers for each successful or attempted login during the Relevant Time Period;

- All activity logs or log files for the accounts showing all user activities during the Relevant Period, excluding information that may contain content data. User activities include, without limitation:

  o Engaging in one-to-one and group messaging communications, including sender and recipient identifiers (e.g., user IDs/handles/phone numbers), group identifiers, date/time stamps (with time zone), delivery status, and message size/length, excluding message contents;

---

[1] Exhibit 1 contains potential login identifiers for the listed individuals but is non-exhaustive. Because the complete list of associated account information for each individual will be within Your possession, custody, and control, Plaintiffs respectfully request to meet and confer on this Request.

     o  Engaging in one-to-one and group calls (voice/video), including caller/callee identifiers, date/time stamps (with time zone), call duration, and call disposition, excluding call contents;

     o  Participating in group memberships, including group identifiers, group name, date/time of user joining/leaving, and group admin(s), excluding any content of group messages;

     o  Uploading videos or other posts; making comments on other users' posts; reacting to other users' posts; saving or bookmarking other users' posts; messaging, following, or "friending" other users; participating in live chats; and/or utilizing other public or private social networking activities You facilitate, including the date, time, and user(s) associated with the individual's use of Your features.

- Device information, including device type, OS version, device identifiers (e.g., device tokens, serial numbers, advertising ID where applicable), app version, and date/time stamps of devices associated with each account;

- Current account status (active, deactivated, permanently deleted) and records identifying the creation, deletion, deactivation, or reactivation of each account, including date/time stamps and the method by which such action occurred;

- Other account changes and events, including username changes, profile changes, linked accounts, password resets, recovery email/phone changes, two-factor authentication activation/deactivation, and date/time stamps for such events;

- All preservation/retention and privacy settings, including changes in settings and the dates on which they occurred. This includes, but is not limited to, records of content

deletion events or disappearing content settings, including when disappearing timers were enabled/modified and their durations, and date/time of content deletions (if maintained).

- Any preservation requests, legal process logs, or legal holds relating to the account, including the date of receipt of legal process and the categories of information preserved;

- Payment and billing records (if any), including payment method type (with masked numbers only), billing address, dates of payments, subscription status, and transaction logs, excluding full financial account numbers.

Exhibit 1

| Name | Employer | Associated Phone Numbers | Associated Email Addresses | Associated Usernames |
|------|----------|--------------------------|----------------------------|----------------------|
| Akosa Akpom | TKO Operating Company, LLC | | | |
| David Avery | TKO Operating Company, LLC | | | |
| Denitza Batchvarova | Zuffa, LLC | | | |
| Nakisa Bidarian | Zuffa, LLC | | | |
| Tracey Bleczinski | TKO Operating Company, LLC | | | |
| Craig Borsari | Zuffa, LLC | | | |
| Hunter Campbell | Zuffa, LLC | | | |
| Deborah Cook | TKO Operating Company, LLC | | | |
| Peter Dropick | Zuffa, LLC | | | |
| Ariel Emanuel | Endeavor Group Holdings, Inc.; TKO Operating Company, LLC | | | |
| Lawrence "Ike" Epstein | Zuffa, LLC | | | |
| Chadwick Hurley | Zuffa, LLC | | | |
| Tracy Long | Zuffa, LLC | | | |
| Jason Lublin | Endeavor Group Holdings, Inc. | | | |
| Michael "Mick" Maynard | Zuffa, LLC | | | |
| Michael Mossholder | Zuffa, LLC | | | |
| Grant Norris-Jones | TKO Operating Company, LLC | | | |
| Brittany Santypal | TKO Operating Company, LLC | | | |
| Andrew Schleimer | Zuffa, LLC | | | |
| Mark Shapiro | Endeavor Group Holdings, Inc.; TKO Operating Company, LLC | | | |
| David Shaw | TKO Operating Company, LLC | | | |
| Sean Shelby | Zuffa, LLC | | | |
| Joe Silva | Zuffa, LLC; TKO Operating Company, LLC | | | |
| Dana White | Zuffa, LLC; TKO Operating Company, LLC | | | |

| Seth Zaslow | TKO Operating Company, LLC | |
| Marshall Zelaznik | Zuffa, LLC; TKO Operating Company, LLC | |
| Albert Acosta | Endeavor Group Holdings, Inc. | |
| Olsvaldo Arias | Zuffa, LLC; TKO Operating Company, LLC | |
| Tony Barboza | Zuffa, LLC; TKO Operating Company, LLC | |
| Buffey Curtis | Zuffa, LLC; TKO Operating Company, LLC | |
| Nichole Durand | Zuffa, LLC; TKO Operating Company, LLC | |
| Egon Durban | Zuffa, LLC; TKO Operating Company, LLC | |
| Jamie Euster | Endeavor Group Holdings, Inc. | |
| Keith Friedenberg | Endeavor Group Holdings, Inc. | |
| Graham Fry | Endeavor Group Holdings, Inc. | |
| Tim Gardner | Endeavor Group Holdings, Inc. | |
| Rami Genauer | Zuffa, LLC; TKO Operating Company, LLC | |
| Christoph Goessing | Zuffa, LLC; TKO Operating Company, LLC | |
| Krista Hall | Zuffa, LLC; TKO Operating Company, LLC | |
| Reed Harris | Zuffa, LLC; TKO Operating Company, LLC | |
| Shane Kapral | Zuffa, LLC; TKO Operating Company, LLC | |
| Seth Krauss | Endeavor Group Holdings, Inc. & Zuffa, LLC; TKO Operating Company, LLC | |
| Ajay Madkekar | Endeavor Group Holdings, Inc. | |
| David Phillips | Endeavor Group Holdings, Inc. | |
| Chris Provino | Zuffa, LLC; TKO Operating Company, LLC | |

| Marc Ratner | Zuffa, LLC; TKO Operating Company, LLC |
|---|---|
| Zack Rose | Endeavor Group Holdings, Inc. |
| Jonathan Shin | Zuffa, LLC; TKO Operating Company, LLC |
| Brandon Stuckenberg | Zuffa, LLC; TKO Operating Company, LLC |
| Robert Crowley Sullivan | Zuffa, LLC; TKO Operating Company, LLC |
| Blake Ulrich | Endeavor Group Holdings, Inc. |
| Marc Webster | Endeavor Group Holdings, Inc. |
| Patrick Whitesell | Zuffa, LLC; TKO Operating Company, LLC |
| Matt Woodmancy | Endeavor Group Holdings, Inc. |
| Chika Yoshinaga | Zuffa, LLC; TKO Operating Company, LLC |
| Nick Zombolas | Zuffa, LLC; TKO Operating Company, LLC |
| Sam Zussman | Endeavor Group Holdings, Inc. |

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Nevada

| | |
|---|---|
| Phil Davis | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:25-cv-00946-RFB-BNW |
| Zuffa, LLC dba Ultimate Fighting Championship et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
Signal Messenger, LLC
c/o Cogency Global Inc.  1325 J St, Unit 1550,  SACRAMENTO, CA

*(Name of person to whom this subpoena is directed)*

▶ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place BERGER MONTAGUE 505 Montgomery Street Suite 625 San Francisco, CA 94111 | Date and Time: 1/17/2026 5:00 pm |
|---|---|

▶ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/17/2025

CLERK OF COURT

OR

_____          /s/ Daniel Gifford
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Plaintiff Phil Davis_____, who issues or requests this subpoena, are:
Daniel Gifford; 88 Pine Street, 14th Floor, New York, NY 10005; dgifford@cohenmilstein.com; (212) 838-7797

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:25-cv-00946-RFB-BNW

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____      _____
                            *Server's signature*

                            _____
                            *Printed name and title*

                            _____
                            *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (iii)         requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iv)          requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (v) subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## <u>SCHEDULE A</u>

### I. <u>DEFINITIONS</u>

1. The following rules of construction should apply to all discovery requests:

   a) "**All**" should be construed to include the collective as well as the singular and shall mean "each," "any," and "every."

   b) "**And**" and "or" should be construed so as to require the broadest possible response. If, for example, a request calls for information about "A or B" or "A and B," You should produce all information about A and all information about B, as well as all information about A and B collectively. In other words, "or" and "and" should be read as "and/or."

   c) "**Any**" shall be construed to mean "any and all."

   d) "**Including**" shall be construed to mean "without limitation." "Including" is used to emphasize certain types of documents requested and should not be construed as limiting the request in any way.

   e) "**Relating to**," "**referring to**," "**regarding**," or "**with respect to**" mean, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

   f) The use of the singular form of any word includes the plural and vice versa.

   g) Unless otherwise indicated, the use of the present tense of any verb shall be construed to include the past tense going back to the beginning of the Relevant Time Period, and the use of the past tense shall be construed to run from the beginning of the Relevant Time Period through the present.

2. "**Actions**" means *Kajan Johnson, et al. v. Zuffa, LLC, et al.*, No. 2:21-cv-01189 (D. Nev.);

*Mikhail Cirkunovs v. Zuffa, LLC, et al.*, No. 2:25-cv-00914 (D. Nev.); and *Phil Davis v. Zuffa, LLC, et al.*, No. 2:25-cv-00946 (D. Nev.).

3. "**Communication**" means without limitation, oral or written communications of any kind, such as electronic communications, direct communications through social media (including without limitation direct messaging, instant messaging, chatting or emailing within a social media platform), facsimiles, telephone communications, correspondence, exchange of written or recorded information, or face-to-face meetings. The phrase "communication between" is defined to include instances where one party addresses the other party but the other party does not necessarily respond. The phrase "communication" includes all attachments to e-mail messages.

4. "**Date**" means the exact day, month, and year, if ascertainable, or the best available approximation, including any relationship to other known events (designate whether exact or approximate).

5. "**Document(s)**" shall mean and include all "writings," "recordings" or "photographs" as those terms are defined in Federal Rule of Civil Procedure 34 and Rule 1001 of the Federal Rules of Evidence. Without limiting the generality of the foregoing, the term "Documents" includes both hard copy documents and electronically stored data files including but not limited to e-mail, instant messaging, social media content (including without limitation public content such as Tweets, YouTube submissions, Facebook posts, and posts to any public electronic billboard, as well as private content such as direct messaging, instant messaging, chats, and email), shared network files and databases. "Documents" also includes, without limitation and regardless of whether stored in hard copy or electronically, any letters, correspondence, memoranda, analyses, legal pleadings, calendars, diaries,

travel records, summaries, records of telephone conversations, telegrams, notes, reports, compilations, notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, audiotapes, film and sound reproductions, e-mails, internal or external web sites, audio or video discs data on magnetic or optical storage media (e.g., servers, storage area networks, interconnected remote servers (so-called "cloud computing"), hard drives, backup tapes, CDs, DVDs, Blu-ray, DVD-HD, USB/thumb/flash drives, floppy disks or any other type of portable storage device, etc.) stored as an "active" or backup file, in its native format, computer files, discs and drives, sales, advertising and promotional literature, agreements, stored recordings, minutes or other records of meetings, all written or graphic records or representations of any kind, and all mechanical or electronic data, records or representations of any kind.

6. "**Electronically Stored Information**," abbreviated as "**ESI**" has the same meaning and scope as it has in the Federal Rules of Civil Procedure and includes, without limitation, the following:

    a) structured and unstructured data, as those terms are defined in The Sedona Conference Glossary, available at www.thesedonaconference.org/publications;

    b) activity listings of electronic mail receipts and/or transmittals;

    c) output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, text messages (SMS, MMS or TMS), iMessages, Blackberry Messenger (BBM), AOL Instant MessengerTM (or similar program), social media (including without limitation Twitter, LinkedIn, YouTube, Facebook, Instagram, and

any other internet based messaging system) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

d) any and all items stored on computer memories, hard disks, floppy disks, CD discs, DVD discs, flash drives, thumb drives, memory cards, magnetic tape, microfiche, off-site interconnected servers (so-called "cloud computing"), or in any other vehicle for digital data storage and/or transmittal, such as, but not limited to, a personal digital assistant (*e.g.*, Blackberry, Smart Phone or similar device) and file folder tabs, and/or containers and labels appended to, or relating to, any physical storage device associated with each original and/or copy of all documents requested herein;

e) any and all items stored on voice-mail systems, websites, company intranet sites, chat rooms and social networking websites (*e.g.*, Facebook, LinkedIn, Twitter, and social websites listed at http://en.wikipedia.org/wiki/List of social networking websites); and

f) any and all data, data compilations, and data analyses.

7. "**Employee**" means, without limitation, any current or former officer, director, executive, manager, member, secretary, staff member, consultant, messenger, agent or other person who is or was employed by a Person or entity.

8. "**Identify**," when used in reference to an individual employee, means to produce documents sufficient to identify: the person's full name, last known business and home address; date of birth; social security number; title or position and period of service in each such position; immediate supervisor in each position; business and home telephone numbers (including voice, cellular and facsimile phone numbers) assigned to or used by

such person and the period during which such numbers were assigned to be used by that person; and business and home electronic mail identifiers and the period during which such identifiers were assigned to and used by that person.

9. "**Meeting**" means, without limitation, any assembly, convocation, encounter, or contemporaneous presence of two or more persons for any purpose, whether planned or arranged, scheduled or not. Meeting attendees may be present in person or by electronic means including, but not limited to, teleconference and videoconference.

10. "**Person**" means, without limitation, any natural person, corporation, partnership, limited liability company, proprietorship, joint venture, trust, association, government entity, group or other form of legal entity.

11. "**Plaintiffs**" means Kajan Johnson, Clarence Dollaway, Tristen Connelly, Mikhail Cirkunovs, Phil Davis, and any named plaintiffs in any subsequently filed Actions which are related to or consolidated with the Actions in the court with jurisdiction over the cases.

12. "**Possession, Custody or Control**" when referring to Documents or other tangible objects means any Document or other tangible object You have access to regardless of whether You have actual possession of the document or other tangible object. This includes Documents You have the legal right to obtain or for which You have control over the person who has control of the Document, including without limitation Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or Your attorneys or their agents, employees, representatives or investigators.

13. "**Social Media**" means any web-hosted applications that facilitate public posting of words, images or video and audio recordings, and private interactions such as private messaging or email, among users. Examples of Social Media include without limitation, Twitter,

Facebook, YouTube, Instagram, TikTok, WhatsApp, Signal, and Telegram.

14. "**You**," "**Your**," "**Your Company**" means Signal Messenger, LLC, individually, and Signal Messenger, LLC and its predecessors, successors, subsidiaries, departments, divisions, affiliates, any organization or entity which Signal Messenger, LLC has acquired, or with which Signal Messenger, LLC has merged, and any organization or entity which Signal Messenger, LLC manages, controls or has an ownership interest in, together with all current and former directors, officers, employees, agents, representatives or any persons acting or purporting to act on Your behalf.

15. "**Zuffa**," "**UFC**," or "**Defendant**" all mean Ultimate Fighting Championship, UFC, TKO Operating Company, LLC ("**TKO OpCo**") (f/k/a Zuffa Parent LLC), a Delaware limited liability company and the direct subsidiary of TKO Group Holdings, Inc., a Delaware corporation ("**TKO Group Holdings**"), Endeavor Group Holdings, Inc., a Delaware corporation ("**Endeavor**"), and all predecessors, successors, subsidiaries, departments, divisions, acquisitions, affiliates and any organization or entity TKO OpCo or TKO Group Holdings manages or controls, together with all present and former directors, members, officers, employees, agents, representatives or any persons acting or purporting to act on TKO OpCo's behalf including, without limitation, Ari Emanual, Dana White, Mark Shapiro, Patrick Whitsell, Ike Lawrence Epstein, Lorenzo Fertitta or Hunter Campbell.

## II. <u>INSTRUCTIONS</u>

1. In producing Documents, You are requested to furnish all Documents or things in Your possession, custody or control, regardless of the physical location of the Documents, or whether such Documents or other materials are possessed directly by You or Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates,

investigators, or by Your attorneys or their agents, employees, representatives or investigators.

2. If any document covered by these requests is withheld by reason of a claim of attorney-client privilege, attorney work product protection, or any other privilege or protection, please furnish a log providing the following information with respect to each such withheld document: date, author, recipients, general subject matter sufficient to make a prima facie determination whether the asserted privilege has been properly invoked, and legal basis upon which the document has been withheld.

3. In producing Documents, You are requested to produce the original of each Document requested, together with all non-identical copies and drafts of such Document. If the original of any Document cannot be located, a copy shall be produced in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

4. If any requested Document cannot be produced in full, You are to produce it to the extent possible, indicating which Document, or portion of such Document, is being withheld, and the reason that it is being withheld.

5. Documents not otherwise responsive to these Requests shall be produced if such Documents mention, discuss, refer to, or explain the Documents that are called for by these Requests, or if such Documents are attached to Documents called for by these Requests and constitute routing slips, transmittal memoranda, letters, cover sheets, comments, evaluation or similar materials.

6. All Documents shall be produced in the same order as they are kept or maintained by You in the ordinary course of Your business. If any Documents have been removed from the files in which they were found for purposes of producing them in response to these

Requests, indicate for each Document the file(s) in which the Document(s) was (or were) originally located.

7. If a Document once existed and has subsequently been lost, destroyed, or is otherwise missing, please provide sufficient information to identify the Document and state the details concerning its loss.

8. With respect to any Document maintained or stored electronically, please harvest it in a manner that maintains the integrity and readability of all data, including all metadata.

9. Unless otherwise agreed, all ESI should be produced in native format via a secure file transfer protocol, or on compact disc(s), DVD disc(s) or zip drives in the original electronic file format(s) of the Documents.

10. Please produce all Documents maintained or stored electronically in native, electronic format with all relevant metadata intact. Encrypted or password-protected documents should be produced in a form permitting them to be reviewed. You are also requested to immediately meet and confer regarding the manner in which You shall produce Documents stored electronically in order for the parties to try and reach agreement in this regard and avoid any unnecessary expense.

11. Please organize electronic Documents produced for inspection in the same manner that You store them (e.g., if maintained by a custodian, such as e-mail residing on an e-mail server, please organize documents for production by custodian; if maintained as a subfolder of "My Documents" on a custodian's hard drive, please organize documents for production by custodian with path information preserved, etc.).

12. All ESI should be produced in accordance with the attached Stipulated Order Re: Discovery of Electronically Stored Information.

13. Documents attached to each other should not be separated, including, but not limited to, hard-copy versions of Documents attached to hard-copy printouts of e-mails produced pursuant to these Requests.

14. At Your election, documents maintained or stored in paper, hard-copy form can be produced as searchable .PDF (i.e., portable document format files with embedded text) and in an appropriate and usable manner (e.g., by copying such data onto an external hard drive).

15. These requests require production of paper documents in the same form and same order as they are kept in the usual course of business, or organized and labeled to correspond with the requests set forth below. If You choose the former method, the documents are to be produced in the boxes, file folders, binders and other containers in which the documents are found. The titles, labels or other descriptions on the boxes, file folders, binders or other containers are to be left intact.

16. Documents stored as electronic data on magnetic, optical, or other storage media as "active" or "backup" files shall be produced in their native formats with any associated metadata.

17. To the extent responsive Documents reside on databases and other such systems and files, You are requested to produce the relevant database in useable form and/or permit access for inspection, review, and extraction of responsive information.

18. To the extent responsive Documents are in languages other than English, the parties shall meet and confer to discuss the format of production prior thereto.

19. No part of a document request shall be left unanswered merely because an objection was

interposed to another part of the document request.

20. If You object to any document request or subpart thereof, the objection shall state with specificity all grounds. Any ground not stated shall be waived.

21. If You are unable to answer any document request, the reasons for Your inability to answer shall be separately stated in detail for each document request.

22. Category headings herein are for convenience and should not be relied upon to modify, limit, alter or otherwise influence in any way how to interpret these document requests.

## III. <u>RELEVANT TIME PERIOD</u>

Unless otherwise noted herein, the relevant time period of these document requests is July 1, 2015, until the present (the "**Relevant Time Period**"). These document requests seek all responsive Documents created or generated during the Relevant Time Period, as well as responsive Documents created or generated outside the Relevant Time Period, but which contain information concerning the Relevant Time Period.

## IV.    **PRODUCTION REQUESTS**

REQUEST NO. 1.

 Pursuant to 18 U.S.C. § 2702(c)(6), all non-content subscriber records and account information for the individuals listed in Exhibit 1.[1]

 Subscriber records and account information should include, but are not limited to, the following:

- Subscriber registration information, including, but not limited to, full names; associated email addresses; associated telephone numbers; associated addresses; user IDs, usernames, or handles; and dates of birth (if collected);

- IP address logs and login/logout history, including the date/time stamps (with time zone); IP addresses; port numbers; and associated session identifiers for each successful or attempted login during the Relevant Time Period;

- All activity logs or log files for the accounts showing all user activities during the Relevant Period, excluding information that may contain content data. User activities include, without limitation:

  o Engaging in one-to-one and group messaging communications, including sender and recipient identifiers (e.g., user IDs/handles/phone numbers), group identifiers, date/time stamps (with time zone), delivery status, and message size/length, excluding message contents;

---

[1] Exhibit 1 contains potential login identifiers for the listed individuals but is non-exhaustive. Because the complete list of associated account information for each individual will be within Your possession, custody, and control, Plaintiffs respectfully request to meet and confer on this Request.

- o Engaging in one-to-one and group calls (voice/video), including caller/callee identifiers, date/time stamps (with time zone), call duration, and call disposition, excluding call contents;

- o Participating in group memberships, including group identifiers, group name, date/time of user joining/leaving, and group admin(s), excluding any content of group messages;

- o Uploading videos or other posts; making comments on other users' posts; reacting to other users' posts; saving or bookmarking other users' posts; messaging, following, or "friending" other users; participating in live chats; and/or utilizing other public or private social networking activities You facilitate, including the date, time, and user(s) associated with the individual's use of Your features.

- Device information, including device type, OS version, device identifiers (e.g., device tokens, serial numbers, advertising ID where applicable), app version, and date/time stamps of devices associated with each account;

- Current account status (active, deactivated, permanently deleted) and records identifying the creation, deletion, deactivation, or reactivation of each account, including date/time stamps and the method by which such action occurred;

- Other account changes and events, including username changes, profile changes, linked accounts, password resets, recovery email/phone changes, two-factor authentication activation/deactivation, and date/time stamps for such events;

- All preservation/retention and privacy settings, including changes in settings and the dates on which they occurred. This includes, but is not limited to, records of content

deletion events or disappearing content settings, including when disappearing timers were enabled/modified and their durations, and date/time of content deletions (if maintained).

- Any preservation requests, legal process logs, or legal holds relating to the account, including the date of receipt of legal process and the categories of information preserved;

- Payment and billing records (if any), including payment method type (with masked numbers only), billing address, dates of payments, subscription status, and transaction logs, excluding full financial account numbers.

Exhibit 1

| Name | Employer | Associated Phone Numbers | Associated Email Addresses | Associated Usernames |
|------|----------|--------------------------|----------------------------|----------------------|
| Akosa Akpom | TKO Operating Company, LLC | | | |
| David Avery | TKO Operating Company, LLC | | | |
| Denitza Batchvarova | Zuffa, LLC | | | |
| Nakisa Bidarian | Zuffa, LLC | | | |
| Tracey Bleczinski | TKO Operating Company, LLC | | | |
| Craig Borsari | Zuffa, LLC | | | |
| Hunter Campbell | Zuffa, LLC | | | |
| Deborah Cook | TKO Operating Company, LLC | | | |
| Peter Dropick | Zuffa, LLC | | | |
| Ariel Emanuel | Endeavor Group Holdings, Inc.; TKO Operating Company, LLC | | | |
| Lawrence "Ike" Epstein | Zuffa, LLC | | | |
| Chadwick Hurley | Zuffa, LLC | | | |
| Tracy Long | Zuffa, LLC | | | |
| Jason Lublin | Endeavor Group Holdings, Inc. | | | |
| Michael "Mick" Maynard | Zuffa, LLC | | | |
| Michael Mossholder | Zuffa, LLC | | | |
| Grant Norris-Jones | TKO Operating Company, LLC | | | |
| Brittany Santypal | TKO Operating Company, LLC | | | |
| Andrew Schleimer | Zuffa, LLC | | | |
| Mark Shapiro | Endeavor Group Holdings, Inc.; TKO Operating Company, LLC | | | |
| David Shaw | TKO Operating Company, LLC | | | |
| Sean Shelby | Zuffa, LLC | | | |
| Joe Silva | Zuffa, LLC; TKO Operating Company, LLC | | | |
| Dana White | Zuffa, LLC; TKO Operating Company, LLC | | | |

| | |
|---|---|
| Seth Zaslow | TKO Operating Company, LLC |
| Marshall Zelaznik | Zuffa, LLC; TKO Operating Company, LLC |
| Albert Acosta | Endeavor Group Holdings, Inc. |
| Olsvaldo Arias | Zuffa, LLC; TKO Operating Company, LLC |
| Tony Barboza | Zuffa, LLC; TKO Operating Company, LLC |
| Buffey Curtis | Zuffa, LLC; TKO Operating Company, LLC |
| Nichole Durand | Zuffa, LLC; TKO Operating Company, LLC |
| Egon Durban | Zuffa, LLC; TKO Operating Company, LLC |
| Jamie Euster | Endeavor Group Holdings, Inc. |
| Keith Friedenberg | Endeavor Group Holdings, Inc. |
| Graham Fry | Endeavor Group Holdings, Inc. |
| Tim Gardner | Endeavor Group Holdings, Inc. |
| Rami Genauer | Zuffa, LLC; TKO Operating Company, LLC |
| Christoph Goessing | Zuffa, LLC; TKO Operating Company, LLC |
| Krista Hall | Zuffa, LLC; TKO Operating Company, LLC |
| Reed Harris | Zuffa, LLC; TKO Operating Company, LLC |
| Shane Kapral | Zuffa, LLC; TKO Operating Company, LLC |
| Seth Krauss | Endeavor Group Holdings, Inc. & Zuffa, LLC; TKO Operating Company, LLC |
| Ajay Madkekar | Endeavor Group Holdings, Inc. |
| David Phillips | Endeavor Group Holdings, Inc. |
| Chris Provino | Zuffa, LLC; TKO Operating Company, LLC |

| | |
|---|---|
| Marc Ratner | Zuffa, LLC; TKO Operating Company, LLC |
| Zack Rose | Endeavor Group Holdings, Inc. |
| Jonathan Shin | Zuffa, LLC; TKO Operating Company, LLC |
| Brandon Stuckenberg | Zuffa, LLC; TKO Operating Company, LLC |
| Robert Crowley Sullivan | Zuffa, LLC; TKO Operating Company, LLC |
| Blake Ulrich | Endeavor Group Holdings, Inc. |
| Marc Webster | Endeavor Group Holdings, Inc. |
| Patrick Whitesell | Zuffa, LLC; TKO Operating Company, LLC |
| Matt Woodmancy | Endeavor Group Holdings, Inc. |
| Chika Yoshinaga | Zuffa, LLC; TKO Operating Company, LLC |
| Nick Zombolas | Zuffa, LLC; TKO Operating Company, LLC |
| Sam Zussman | Endeavor Group Holdings, Inc. |

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

### for the
### District of Nevada

|  |  |
|---|---|
| Mikhail Cirkunovs | ) |
| *Plaintiff* | ) |
| v. | ) |
| Zuffa, LLC dba Ultimate Fighting Championship et al. | ) |
| *Defendant* | ) |

Civil Action No. 2:25-cv-00914-RFB-BNW

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:    Signal Messenger, LLC
c/o Cogency Global Inc. 1325 J St, Unit 1550, SACRAMENTO, CA

*(Name of person to whom this subpoena is directed)*

☞ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place | Date and Time: |
|---|---|
| BERGER MONTAGUE 505 Montgomery Street Suite 625 San Francisco, CA 94111 | 1/17/2026 5:00 pm |

☞ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    12/17/2025

CLERK OF COURT

                    OR

_____          _____
*Signature of Clerk or Deputy Clerk*                  /s/ Daniel Gifford
                                        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Plaintiff Mikhail Cirkunovs                                  , who issues or requests this subpoena, are:
Daniel Gifford; 88 Pine Street, 14th Floor, New York, NY 10005; dgifford@cohenmilstein.com; (212) 838-7797

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:25-cv-00914-RFB-BNW

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $        0.00        .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A)  within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B)  within the state where the person resides, is employed, or regularly transacts business in person, if the person
     (i) is a party or a party's officer; or
     (ii)is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A)  production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B)  inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  *(A)  Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B)  Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     (i)  At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     (ii)These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     (i) fails to allow a reasonable time to comply;
     (iii)       requires a person to comply beyond the geographical limits specified in Rule 45(c);
     (iv)       requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     (v)subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     (i)  shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     (ii)  ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A)  Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B)  Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C)  Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D)  Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     (i)  expressly make the claim; and
     (ii)describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## <u>SCHEDULE A</u>

### I. <u>DEFINITIONS</u>

1. The following rules of construction should apply to all discovery requests:

    a) "**All**" should be construed to include the collective as well as the singular and shall mean "each," "any," and "every."

    b) "**And**" and "or" should be construed so as to require the broadest possible response. If, for example, a request calls for information about "A or B" or "A and B," You should produce all information about A and all information about B, as well as all information about A and B collectively. In other words, "or" and "and" should be read as "and/or."

    c) "**Any**" shall be construed to mean "any and all."

    d) "**Including**" shall be construed to mean "without limitation." "Including" is used to emphasize certain types of documents requested and should not be construed as limiting the request in any way.

    e) "**Relating to**," "**referring to**," "**regarding**," or "**with respect to**" mean, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

    f) The use of the singular form of any word includes the plural and vice versa.

    g) Unless otherwise indicated, the use of the present tense of any verb shall be construed to include the past tense going back to the beginning of the Relevant Time Period, and the use of the past tense shall be construed to run from the beginning of the Relevant Time Period through the present.

2. "**Actions**" means *Kajan Johnson, et al. v. Zuffa, LLC, et al.*, No. 2:21-cv-01189 (D. Nev.);

*Mikhail Cirkunovs v. Zuffa, LLC, et al.*, No. 2:25-cv-00914 (D. Nev.); and *Phil Davis v. Zuffa, LLC, et al.*, No. 2:25-cv-00946 (D. Nev.).

3. "**Communication**" means without limitation, oral or written communications of any kind, such as electronic communications, direct communications through social media (including without limitation direct messaging, instant messaging, chatting or emailing within a social media platform), facsimiles, telephone communications, correspondence, exchange of written or recorded information, or face-to-face meetings. The phrase "communication between" is defined to include instances where one party addresses the other party but the other party does not necessarily respond. The phrase "communication" includes all attachments to e-mail messages.

4. "**Date**" means the exact day, month, and year, if ascertainable, or the best available approximation, including any relationship to other known events (designate whether exact or approximate).

5. "**Document(s)**" shall mean and include all "writings," "recordings" or "photographs" as those terms are defined in Federal Rule of Civil Procedure 34 and Rule 1001 of the Federal Rules of Evidence. Without limiting the generality of the foregoing, the term "Documents" includes both hard copy documents and electronically stored data files including but not limited to e-mail, instant messaging, social media content (including without limitation public content such as Tweets, YouTube submissions, Facebook posts, and posts to any public electronic billboard, as well as private content such as direct messaging, instant messaging, chats, and email), shared network files and databases. "Documents" also includes, without limitation and regardless of whether stored in hard copy or electronically, any letters, correspondence, memoranda, analyses, legal pleadings, calendars, diaries,

travel records, summaries, records of telephone conversations, telegrams, notes, reports, compilations, notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, audiotapes, film and sound reproductions, e-mails, internal or external web sites, audio or video discs data on magnetic or optical storage media (e.g., servers, storage area networks, interconnected remote servers (so-called "cloud computing"), hard drives, backup tapes, CDs, DVDs, Blu-ray, DVD-HD, USB/thumb/flash drives, floppy disks or any other type of portable storage device, etc.) stored as an "active" or backup file, in its native format, computer files, discs and drives, sales, advertising and promotional literature, agreements, stored recordings, minutes or other records of meetings, all written or graphic records or representations of any kind, and all mechanical or electronic data, records or representations of any kind.

6. "**Electronically Stored Information**," abbreviated as "**ESI**" has the same meaning and scope as it has in the Federal Rules of Civil Procedure and includes, without limitation, the following:

    a) structured and unstructured data, as those terms are defined in The Sedona Conference Glossary, available at www.thesedonaconference.org/publications;

    b) activity listings of electronic mail receipts and/or transmittals;

    c) output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, text messages (SMS, MMS or TMS), iMessages, Blackberry Messenger (BBM), AOL Instant MessengerTM (or similar program), social media (including without limitation Twitter, LinkedIn, YouTube, Facebook, Instagram, and

any other internet based messaging system) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

d)  any and all items stored on computer memories, hard disks, floppy disks, CD discs, DVD discs, flash drives, thumb drives, memory cards, magnetic tape, microfiche, off-site interconnected servers (so-called "cloud computing"), or in any other vehicle for digital data storage and/or transmittal, such as, but not limited to, a personal digital assistant (*e.g.*, Blackberry, Smart Phone or similar device) and file folder tabs, and/or containers and labels appended to, or relating to, any physical storage device associated with each original and/or copy of all documents requested herein;

e)  any and all items stored on voice-mail systems, websites, company intranet sites, chat rooms and social networking websites (*e.g.*, Facebook, LinkedIn, Twitter, and social websites listed at http://en.wikipedia.org/wiki/List of social networking websites); and

f)  any and all data, data compilations, and data analyses.

7.  "**Employee**" means, without limitation, any current or former officer, director, executive, manager, member, secretary, staff member, consultant, messenger, agent or other person who is or was employed by a Person or entity.

8.  "**Identify**," when used in reference to an individual employee, means to produce documents sufficient to identify: the person's full name, last known business and home address; date of birth; social security number; title or position and period of service in each such position; immediate supervisor in each position; business and home telephone numbers (including voice, cellular and facsimile phone numbers) assigned to or used by

such person and the period during which such numbers were assigned to be used by that

person; and business and home electronic mail identifiers and the period during which such

identifiers were assigned to and used by that person.

9. "**Meeting**" means, without limitation, any assembly, convocation, encounter, or

contemporaneous presence of two or more persons for any purpose, whether planned or

arranged, scheduled or not. Meeting attendees may be present in person or by electronic

means including, but not limited to, teleconference and videoconference.

10. "**Person**" means, without limitation, any natural person, corporation, partnership, limited

liability company, proprietorship, joint venture, trust, association, government entity,

group or other form of legal entity.

11. "**Plaintiffs**" means Kajan Johnson, Clarence Dollaway, Tristen Connelly, Mikhail Cirkunovs,

Phil Davis, and any named plaintiffs in any subsequently filed Actions which are related to or

consolidated with the Actions in the court with jurisdiction over the cases.

12. "**Possession, Custody or Control**" when referring to Documents or other tangible objects

means any Document or other tangible object You have access to regardless of whether You

have actual possession of the document or other tangible object. This includes Documents

You have the legal right to obtain or for which You have control over the person who has

control of the Document, including without limitation Your directors, officers, agents,

employees, representatives, subsidiaries, managing agents, affiliates, investigators, or Your

attorneys or their agents, employees, representatives or investigators.

13. "**Social Media**" means any web-hosted applications that facilitate public posting of words,

images or video and audio recordings, and private interactions such as private messaging or

email, among users. Examples of Social Media include without limitation, Twitter,

Facebook, YouTube, Instagram, TikTok, WhatsApp, Signal, and Telegram.

14. "**You**," "**Your**," "**Your Company**" means Signal Messenger, LLC, individually, and Signal Messenger, LLC and its predecessors, successors, subsidiaries, departments, divisions, affiliates, any organization or entity which Signal Messenger, LLC has acquired, or with which Signal Messenger, LLC has merged, and any organization or entity which Signal Messenger, LLC manages, controls or has an ownership interest in, together with all current and former directors, officers, employees, agents, representatives or any persons acting or purporting to act on Your behalf.

15. "**Zuffa**," "**UFC**," or "**Defendant**" all mean Ultimate Fighting Championship, UFC, TKO Operating Company, LLC ("**TKO OpCo**") (f/k/a Zuffa Parent LLC), a Delaware limited liability company and the direct subsidiary of TKO Group Holdings, Inc., a Delaware corporation ("**TKO Group Holdings**"), Endeavor Group Holdings, Inc., a Delaware corporation ("**Endeavor**"), and all predecessors, successors, subsidiaries, departments, divisions, acquisitions, affiliates and any organization or entity TKO OpCo or TKO Group Holdings manages or controls, together with all present and former directors, members, officers, employees, agents, representatives or any persons acting or purporting to act on TKO OpCo's behalf including, without limitation, Ari Emanual, Dana White, Mark Shapiro, Patrick Whitsell, Ike Lawrence Epstein, Lorenzo Fertitta or Hunter Campbell.

## II. INSTRUCTIONS

1. In producing Documents, You are requested to furnish all Documents or things in Your possession, custody or control, regardless of the physical location of the Documents, or whether such Documents or other materials are possessed directly by You or Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates,

investigators, or by Your attorneys or their agents, employees, representatives or investigators.

2.  If any document covered by these requests is withheld by reason of a claim of attorney-client privilege, attorney work product protection, or any other privilege or protection, please furnish a log providing the following information with respect to each such withheld document: date, author, recipients, general subject matter sufficient to make a prima facie determination whether the asserted privilege has been properly invoked, and legal basis upon which the document has been withheld.

3.  In producing Documents, You are requested to produce the original of each Document requested, together with all non-identical copies and drafts of such Document. If the original of any Document cannot be located, a copy shall be produced in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

4.  If any requested Document cannot be produced in full, You are to produce it to the extent possible, indicating which Document, or portion of such Document, is being withheld, and the reason that it is being withheld.

5.  Documents not otherwise responsive to these Requests shall be produced if such Documents mention, discuss, refer to, or explain the Documents that are called for by these Requests, or if such Documents are attached to Documents called for by these Requests and constitute routing slips, transmittal memoranda, letters, cover sheets, comments, evaluation or similar materials.

6.  All Documents shall be produced in the same order as they are kept or maintained by You in the ordinary course of Your business. If any Documents have been removed from the files in which they were found for purposes of producing them in response to these

Requests, indicate for each Document the file(s) in which the Document(s) was (or were) originally located.

7. If a Document once existed and has subsequently been lost, destroyed, or is otherwise missing, please provide sufficient information to identify the Document and state the details concerning its loss.

8. With respect to any Document maintained or stored electronically, please harvest it in a manner that maintains the integrity and readability of all data, including all metadata.

9. Unless otherwise agreed, all ESI should be produced in native format via a secure file transfer protocol, or on compact disc(s), DVD disc(s) or zip drives in the original electronic file format(s) of the Documents.

10. Please produce all Documents maintained or stored electronically in native, electronic format with all relevant metadata intact. Encrypted or password-protected documents should be produced in a form permitting them to be reviewed. You are also requested to immediately meet and confer regarding the manner in which You shall produce Documents stored electronically in order for the parties to try and reach agreement in this regard and avoid any unnecessary expense.

11. Please organize electronic Documents produced for inspection in the same manner that You store them (e.g., if maintained by a custodian, such as e-mail residing on an e-mail server, please organize documents for production by custodian; if maintained as a subfolder of "My Documents" on a custodian's hard drive, please organize documents for production by custodian with path information preserved, etc.).

12. All ESI should be produced in accordance with the attached Stipulated Order Re: Discovery of Electronically Stored Information.

13. Documents attached to each other should not be separated, including, but not limited to, hard-copy versions of Documents attached to hard-copy printouts of e-mails produced pursuant to these Requests.

14. At Your election, documents maintained or stored in paper, hard-copy form can be produced as searchable .PDF (i.e., portable document format files with embedded text) and in an appropriate and usable manner (e.g., by copying such data onto an external hard drive).

15. These requests require production of paper documents in the same form and same order as they are kept in the usual course of business, or organized and labeled to correspond with the requests set forth below. If You choose the former method, the documents are to be produced in the boxes, file folders, binders and other containers in which the documents are found. The titles, labels or other descriptions on the boxes, file folders, binders or other containers are to be left intact.

16. Documents stored as electronic data on magnetic, optical, or other storage media as "active" or "backup" files shall be produced in their native formats with any associated metadata.

17. To the extent responsive Documents reside on databases and other such systems and files, You are requested to produce the relevant database in useable form and/or permit access for inspection, review, and extraction of responsive information.

18. To the extent responsive Documents are in languages other than English, the parties shall meet and confer to discuss the format of production prior thereto.

19. No part of a document request shall be left unanswered merely because an objection was

9 of 13

interposed to another part of the document request.

20. If You object to any document request or subpart thereof, the objection shall state with specificity all grounds. Any ground not stated shall be waived.

21. If You are unable to answer any document request, the reasons for Your inability to answer shall be separately stated in detail for each document request.

22. Category headings herein are for convenience and should not be relied upon to modify, limit, alter or otherwise influence in any way how to interpret these document requests.

### III. RELEVANT TIME PERIOD

Unless otherwise noted herein, the relevant time period of these document requests is July 1, 2015, until the present (the "**Relevant Time Period**"). These document requests seek all responsive Documents created or generated during the Relevant Time Period, as well as responsive Documents created or generated outside the Relevant Time Period, but which contain information concerning the Relevant Time Period.

## IV.    <u>**PRODUCTION REQUESTS**</u>

<u>REQUEST NO. 1.</u>

Pursuant to 18 U.S.C. § 2702(c)(6), all non-content subscriber records and account information for the individuals listed in Exhibit 1.[1]

Subscriber records and account information should include, but are not limited to, the following:

- Subscriber registration information, including, but not limited to, full names; associated email addresses; associated telephone numbers; associated addresses; user IDs, usernames, or handles; and dates of birth (if collected);

- IP address logs and login/logout history, including the date/time stamps (with time zone); IP addresses; port numbers; and associated session identifiers for each successful or attempted login during the Relevant Time Period;

- All activity logs or log files for the accounts showing all user activities during the Relevant Period, excluding information that may contain content data. User activities include, without limitation:

    o Engaging in one-to-one and group messaging communications, including sender and recipient identifiers (e.g., user IDs/handles/phone numbers), group identifiers, date/time stamps (with time zone), delivery status, and message size/length, excluding message contents;

---

[1] Exhibit 1 contains potential login identifiers for the listed individuals but is non-exhaustive. Because the complete list of associated account information for each individual will be within Your possession, custody, and control, Plaintiffs respectfully request to meet and confer on this Request.

- o Engaging in one-to-one and group calls (voice/video), including caller/callee
  identifiers, date/time stamps (with time zone), call duration, and call
  disposition, excluding call contents;

- o Participating in group memberships, including group identifiers, group name,
  date/time of user joining/leaving, and group admin(s), excluding any content of
  group messages;

- o Uploading videos or other posts; making comments on other users' posts; reacting
  to other users' posts; saving or bookmarking other users' posts; messaging,
  following, or "friending" other users; participating in live chats; and/or utilizing
  other public or private social networking activities You facilitate, including the
  date, time, and user(s) associated with the individual's use of Your features.

- Device information, including device type, OS version, device identifiers (e.g., device
  tokens, serial numbers, advertising ID where applicable), app version, and date/time
  stamps of devices associated with each account;

- Current account status (active, deactivated, permanently deleted) and records identifying
  the creation, deletion, deactivation, or reactivation of each account, including date/time
  stamps and the method by which such action occurred;

- Other account changes and events, including username changes, profile changes, linked
  accounts, password resets, recovery email/phone changes, two-factor authentication
  activation/deactivation, and date/time stamps for such events;

- All preservation/retention and privacy settings, including changes in settings and the
  dates on which they occurred. This includes, but is not limited to, records of content

deletion events or disappearing content settings, including when disappearing timers were enabled/modified and their durations, and date/time of content deletions (if maintained).

- Any preservation requests, legal process logs, or legal holds relating to the account, including the date of receipt of legal process and the categories of information preserved;

- Payment and billing records (if any), including payment method type (with masked numbers only), billing address, dates of payments, subscription status, and transaction logs, excluding full financial account numbers.

Exhibit 1

| Name | Employer | Associated Phone Numbers | Associated Email Addresses | Associated Usernames |
|---|---|---|---|---|
| Akosa Akpom | TKO Operating Company, LLC | | | |
| David Avery | TKO Operating Company, LLC | | | |
| Denitza Batchvarova | Zuffa, LLC | | | |
| Nakisa Bidarian | Zuffa, LLC | | | |
| Tracey Bleczinski | TKO Operating Company, LLC | | | |
| Craig Borsari | Zuffa, LLC | | | |
| Hunter Campbell | Zuffa, LLC | | | |
| Deborah Cook | TKO Operating Company, LLC | | | |
| Peter Dropick | Zuffa, LLC | | | |
| Ariel Emanuel | Endeavor Group Holdings, Inc.; TKO Operating Company, LLC | | | |
| Lawrence "Ike" Epstein | Zuffa, LLC | | | |
| Chadwick Hurley | Zuffa, LLC | | | |
| Tracy Long | Zuffa, LLC | | | |
| Jason Lublin | Endeavor Group Holdings, Inc. | | | |
| Michael "Mick" Maynard | Zuffa, LLC | | | |
| Michael Mossholder | Zuffa, LLC | | | |
| Grant Norris-Jones | TKO Operating Company, LLC | | | |
| Brittany Santypal | TKO Operating Company, LLC | | | |
| Andrew Schleimer | Zuffa, LLC | | | |
| Mark Shapiro | Endeavor Group Holdings, Inc.; TKO Operating Company, LLC | | | |
| David Shaw | TKO Operating Company, LLC | | | |
| Sean Shelby | Zuffa, LLC | | | |
| Joe Silva | Zuffa, LLC; TKO Operating Company, LLC | | | |
| Dana White | Zuffa, LLC; TKO Operating Company, LLC | | | |

| | |
|---|---|
| Seth Zaslow | TKO Operating Company, LLC |
| Marshall Zelaznik | Zuffa, LLC; TKO Operating Company, LLC |
| Albert Acosta | Endeavor Group Holdings, Inc. |
| Olsvaldo Arias | Zuffa, LLC; TKO Operating Company, LLC |
| Tony Barboza | Zuffa, LLC; TKO Operating Company, LLC |
| Buffey Curtis | Zuffa, LLC; TKO Operating Company, LLC |
| Nichole Durand | Zuffa, LLC; TKO Operating Company, LLC |
| Egon Durban | Zuffa, LLC; TKO Operating Company, LLC |
| Jamie Euster | Endeavor Group Holdings, Inc. |
| Keith Friedenberg | Endeavor Group Holdings, Inc. |
| Graham Fry | Endeavor Group Holdings, Inc. |
| Tim Gardner | Endeavor Group Holdings, Inc. |
| Rami Genauer | Zuffa, LLC; TKO Operating Company, LLC |
| Christoph Goessing | Zuffa, LLC; TKO Operating Company, LLC |
| Krista Hall | Zuffa, LLC; TKO Operating Company, LLC |
| Reed Harris | Zuffa, LLC; TKO Operating Company, LLC |
| Shane Kapral | Zuffa, LLC; TKO Operating Company, LLC |
| Seth Krauss | Endeavor Group Holdings, Inc. & Zuffa, LLC; TKO Operating Company, LLC |
| Ajay Madkekar | Endeavor Group Holdings, Inc. |
| David Phillips | Endeavor Group Holdings, Inc. |
| Chris Provino | Zuffa, LLC; TKO Operating Company, LLC |

| | |
|---|---|
| Marc Ratner | Zuffa, LLC; TKO Operating Company, LLC |
| Zack Rose | Endeavor Group Holdings, Inc. |
| Jonathan Shin | Zuffa, LLC; TKO Operating Company, LLC |
| Brandon Stuckenberg | Zuffa, LLC; TKO Operating Company, LLC |
| Robert Crowley Sullivan | Zuffa, LLC; TKO Operating Company, LLC |
| Blake Ulrich | Endeavor Group Holdings, Inc. |
| Marc Webster | Endeavor Group Holdings, Inc. |
| Patrick Whitesell | Zuffa, LLC; TKO Operating Company, LLC |
| Matt Woodmancy | Endeavor Group Holdings, Inc. |
| Chika Yoshinaga | Zuffa, LLC; TKO Operating Company, LLC |
| Nick Zombolas | Zuffa, LLC; TKO Operating Company, LLC |
| Sam Zussman | Endeavor Group Holdings, Inc. |

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the
District of Nevada

| | | |
|---|---|---|
| Johnson et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  2:21-cv-01189-RFB-BNW |
| Zuffa, LLC dba Ultimate Fighting Championship et al. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                        Telegram Messenger Inc.
c/o Elaine Selan  416 W SAN YSIDRO BLVD L-1958  SAN YSIDRO, CA 92173

*(Name of person to whom this subpoena is directed)*

**X** *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: BERGER MONTAGUE 8241 La Mesa Blvd, Suite A La Mesa, CA 91942 | Date and Time: 1/17/2026 5:00 pm |
|---|---|

*Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    12/17/2025

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| | | /s/ Daniel Gifford |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Plaintiffs Kajan Johnson, Clarence Dollaway, and Tristan Connelly           , who issues or requests this subpoena, are:
Daniel Gifford; 88 Pine Street, 14th Floor, New York, NY 10005; dgifford@cohenmilstein.com; (212) 838-7797

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:21-cv-01189-RFB-BNW

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____    _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      ( ) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (i) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (ii) subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## <u>SCHEDULE A</u>

### I. <u>DEFINITIONS</u>

1. The following rules of construction should apply to all discovery requests:

a) "**All**" should be construed to include the collective as well as the singular and shall mean "each," "any," and "every."

b) "**And**" and "or" should be construed so as to require the broadest possible response. If, for example, a request calls for information about "A or B" or "A and B," You should produce all information about A and all information about B, as well as all information about A and B collectively. In other words, "or" and "and" should be read as "and/or."

c) "**Any**" shall be construed to mean "any and all."

d) "**Including**" shall be construed to mean "without limitation." "Including" is used to emphasize certain types of documents requested and should not be construed as limiting the request in any way.

e) "**Relating to**," "**referring to**," "**regarding**," or "**with respect to**" mean, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

f) The use of the singular form of any word includes the plural and vice versa.

g) Unless otherwise indicated, the use of the present tense of any verb shall be construed to include the past tense going back to the beginning of the Relevant Time Period, and the use of the past tense shall be construed to run from the beginning of the Relevant Time Period through the present.

2. "**Actions**" means *Kajan Johnson, et al. v. Zuffa, LLC, et al.*, No. 2:21-cv-01189 (D. Nev.);

*Mikhail Cirkunovs v. Zuffa, LLC, et al.*, No. 2:25-cv-00914 (D. Nev.); and *Phil Davis v. Zuffa, LLC, et al.*, No. 2:25-cv-00946 (D. Nev.).

3. "**Communication**" means without limitation, oral or written communications of any kind, such as electronic communications, direct communications through social media (including without limitation direct messaging, instant messaging, chatting or emailing within a social media platform), facsimiles, telephone communications, correspondence, exchange of written or recorded information, or face-to-face meetings. The phrase "communication between" is defined to include instances where one party addresses the other party but the other party does not necessarily respond. The phrase "communication" includes all attachments to e-mail messages.

4. "**Date**" means the exact day, month, and year, if ascertainable, or the best available approximation, including any relationship to other known events (designate whether exact or approximate).

5. "**Document(s)**" shall mean and include all "writings," "recordings" or "photographs" as those terms are defined in Federal Rule of Civil Procedure 34 and Rule 1001 of the Federal Rules of Evidence. Without limiting the generality of the foregoing, the term "Documents" includes both hard copy documents and electronically stored data files including but not limited to e-mail, instant messaging, social media content (including without limitation public content such as Tweets, YouTube submissions, Facebook posts, and posts to any public electronic billboard, as well as private content such as direct messaging, instant messaging, chats, and email), shared network files and databases. "Documents" also includes, without limitation and regardless of whether stored in hard copy or electronically, any letters, correspondence, memoranda, analyses, legal pleadings, calendars, diaries,

travel records, summaries, records of telephone conversations, telegrams, notes, reports, compilations, notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, audiotapes, film and sound reproductions, e-mails, internal or external web sites, audio or video discs data on magnetic or optical storage media (e.g., servers, storage area networks, interconnected remote servers (so-called "cloud computing"), hard drives, backup tapes, CDs, DVDs, Blu-ray, DVD-HD, USB/thumb/flash drives, floppy disks or any other type of portable storage device, etc.) stored as an "active" or backup file, in its native format, computer files, discs and drives, sales, advertising and promotional literature, agreements, stored recordings, minutes or other records of meetings, all written or graphic records or representations of any kind, and all mechanical or electronic data, records or representations of any kind.

6. "**Electronically Stored Information**," abbreviated as "**ESI**" has the same meaning and scope as it has in the Federal Rules of Civil Procedure and includes, without limitation, the following:

   a) structured and unstructured data, as those terms are defined in The Sedona Conference Glossary, available at www.thesedonaconference.org/publications;

   b) activity listings of electronic mail receipts and/or transmittals;

   c) output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, text messages (SMS, MMS or TMS), iMessages, Blackberry Messenger (BBM), AOL Instant MessengerTM (or similar program), social media (including without limitation Twitter, LinkedIn, YouTube, Facebook, Instagram, and

any other internet based messaging system) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

d) any and all items stored on computer memories, hard disks, floppy disks, CD discs, DVD discs, flash drives, thumb drives, memory cards, magnetic tape, microfiche, off-site interconnected servers (so-called "cloud computing"), or in any other vehicle for digital data storage and/or transmittal, such as, but not limited to, a personal digital assistant (*e.g.*, Blackberry, Smart Phone or similar device) and file folder tabs, and/or containers and labels appended to, or relating to, any physical storage device associated with each original and/or copy of all documents requested herein;

e) any and all items stored on voice-mail systems, websites, company intranet sites, chat rooms and social networking websites (*e.g.*, Facebook, LinkedIn, Twitter, and social websites listed at http://en.wikipedia.org/wiki/List of social networking websites); and

f) any and all data, data compilations, and data analyses.

7. "**Employee**" means, without limitation, any current or former officer, director, executive, manager, member, secretary, staff member, consultant, messenger, agent or other person who is or was employed by a Person or entity.

8. "**Identify**," when used in reference to an individual employee, means to produce documents sufficient to identify: the person's full name, last known business and home address; date of birth; social security number; title or position and period of service in each such position; immediate supervisor in each position; business and home telephone numbers (including voice, cellular and facsimile phone numbers) assigned to or used by

such person and the period during which such numbers were assigned to be used by that person; and business and home electronic mail identifiers and the period during which such identifiers were assigned to and used by that person.

9. "**Meeting**" means, without limitation, any assembly, convocation, encounter, or contemporaneous presence of two or more persons for any purpose, whether planned or arranged, scheduled or not. Meeting attendees may be present in person or by electronic means including, but not limited to, teleconference and videoconference.

10. "**Person**" means, without limitation, any natural person, corporation, partnership, limited liability company, proprietorship, joint venture, trust, association, government entity, group or other form of legal entity.

11. "**Plaintiffs**" means Kajan Johnson, Clarence Dollaway, Tristen Connelly, Mikhail Cirkunovs, Phil Davis, and any named plaintiffs in any subsequently filed Actions which are related to or consolidated with the Actions in the court with jurisdiction over the cases.

12. "**Possession, Custody or Control**" when referring to Documents or other tangible objects means any Document or other tangible object You have access to regardless of whether You have actual possession of the document or other tangible object. This includes Documents You have the legal right to obtain or for which You have control over the person who has control of the Document, including without limitation Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or Your attorneys or their agents, employees, representatives or investigators.

13. "**Social Media**" means any web-hosted applications that facilitate public posting of words, images or video and audio recordings, and private interactions such as private messaging or email, among users. Examples of Social Media include without limitation, Twitter,

Facebook, YouTube, Instagram, TikTok, WhatsApp, Signal, and Telegram.

14. "**You**," "**Your**," "**Your Company**" means Telegram Messenger Inc., individually, and Telegram Messenger Inc. and its predecessors, successors, subsidiaries, departments, divisions, affiliates, any organization or entity which Telegram Messenger Inc. has acquired, or with which Telegram Messenger Inc. has merged, and any organization or entity which Telegram Messenger Inc. manages, controls or has an ownership interest in, together with all current and former directors, officers, employees, agents, representatives or any persons acting or purporting to act on Your behalf.

15. "**Zuffa**," "**UFC**," or "**Defendant**" all mean Ultimate Fighting Championship, UFC, TKO Operating Company, LLC ("**TKO OpCo**") (f/k/a Zuffa Parent LLC), a Delaware limited liability company and the direct subsidiary of TKO Group Holdings, Inc., a Delaware corporation ("**TKO Group Holdings**"), Endeavor Group Holdings, Inc., a Delaware corporation ("**Endeavor**"), and all predecessors, successors, subsidiaries, departments, divisions, acquisitions, affiliates and any organization or entity TKO OpCo or TKO Group Holdings manages or controls, together with all present and former directors, members, officers, employees, agents, representatives or any persons acting or purporting to act on TKO OpCo's behalf including, without limitation, Ari Emanual, Dana White, Mark Shapiro, Patrick Whitsell, Ike Lawrence Epstein, Lorenzo Fertitta or Hunter Campbell.

## II. INSTRUCTIONS

1. In producing Documents, You are requested to furnish all Documents or things in Your possession, custody or control, regardless of the physical location of the Documents, or whether such Documents or other materials are possessed directly by You or Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates,

investigators, or by Your attorneys or their agents, employees, representatives or investigators.

2. If any document covered by these requests is withheld by reason of a claim of attorney-client privilege, attorney work product protection, or any other privilege or protection, please furnish a log providing the following information with respect to each such withheld document: date, author, recipients, general subject matter sufficient to make a prima facie determination whether the asserted privilege has been properly invoked, and legal basis upon which the document has been withheld.

3. In producing Documents, You are requested to produce the original of each Document requested, together with all non-identical copies and drafts of such Document. If the original of any Document cannot be located, a copy shall be produced in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

4. If any requested Document cannot be produced in full, You are to produce it to the extent possible, indicating which Document, or portion of such Document, is being withheld, and the reason that it is being withheld.

5. Documents not otherwise responsive to these Requests shall be produced if such Documents mention, discuss, refer to, or explain the Documents that are called for by these Requests, or if such Documents are attached to Documents called for by these Requests and constitute routing slips, transmittal memoranda, letters, cover sheets, comments, evaluation or similar materials.

6. All Documents shall be produced in the same order as they are kept or maintained by You in the ordinary course of Your business. If any Documents have been removed from the files in which they were found for purposes of producing them in response to these

Requests, indicate for each Document the file(s) in which the Document(s) was (or were) originally located.

7. If a Document once existed and has subsequently been lost, destroyed, or is otherwise missing, please provide sufficient information to identify the Document and state the details concerning its loss.

8. With respect to any Document maintained or stored electronically, please harvest it in a manner that maintains the integrity and readability of all data, including all metadata.

9. Unless otherwise agreed, all ESI should be produced in native format via a secure file transfer protocol, or on compact disc(s), DVD disc(s) or zip drives in the original electronic file format(s) of the Documents.

10. Please produce all Documents maintained or stored electronically in native, electronic format with all relevant metadata intact. Encrypted or password-protected documents should be produced in a form permitting them to be reviewed. You are also requested to immediately meet and confer regarding the manner in which You shall produce Documents stored electronically in order for the parties to try and reach agreement in this regard and avoid any unnecessary expense.

11. Please organize electronic Documents produced for inspection in the same manner that You store them (e.g., if maintained by a custodian, such as e-mail residing on an e-mail server, please organize documents for production by custodian; if maintained as a subfolder of "My Documents" on a custodian's hard drive, please organize documents for production by custodian with path information preserved, etc.).

12. All ESI should be produced in accordance with the attached Stipulated Order Re: Discovery of Electronically Stored Information.

13. Documents attached to each other should not be separated, including, but not limited to, hard-copy versions of Documents attached to hard-copy printouts of e-mails produced pursuant to these Requests.

14. At Your election, documents maintained or stored in paper, hard-copy form can be produced as searchable .PDF (i.e., portable document format files with embedded text) and in an appropriate and usable manner (e.g., by copying such data onto an external hard drive).

15. These requests require production of paper documents in the same form and same order as they are kept in the usual course of business, or organized and labeled to correspond with the requests set forth below. If You choose the former method, the documents are to be produced in the boxes, file folders, binders and other containers in which the documents are found. The titles, labels or other descriptions on the boxes, file folders, binders or other containers are to be left intact.

16. Documents stored as electronic data on magnetic, optical, or other storage media as "active" or "backup" files shall be produced in their native formats with any associated metadata.

17. To the extent responsive Documents reside on databases and other such systems and files, You are requested to produce the relevant database in useable form and/or permit access for inspection, review, and extraction of responsive information.

18. To the extent responsive Documents are in languages other than English, the parties shall meet and confer to discuss the format of production prior thereto.

19. No part of a document request shall be left unanswered merely because an objection was

interposed to another part of the document request.

20. If You object to any document request or subpart thereof, the objection shall state with specificity all grounds. Any ground not stated shall be waived.

21. If You are unable to answer any document request, the reasons for Your inability to answer shall be separately stated in detail for each document request.

22. Category headings herein are for convenience and should not be relied upon to modify, limit, alter or otherwise influence in any way how to interpret these document requests.

## III. <u>RELEVANT TIME PERIOD</u>

Unless otherwise noted herein, the relevant time period of these document requests is July 1, 2015, until the present (the "**Relevant Time Period**"). These document requests seek all responsive Documents created or generated during the Relevant Time Period, as well as responsive Documents created or generated outside the Relevant Time Period, but which contain information concerning the Relevant Time Period.

## IV.    <u>**PRODUCTION REQUESTS**</u>

<u>REQUEST NO. 1.</u>

Pursuant to 18 U.S.C. § 2702(c)(6), all non-content subscriber records and account information for the individuals listed in Exhibit 1.[1]

Subscriber records and account information should include, but are not limited to, the following:

- Subscriber registration information, including, but not limited to, full names; associated email addresses; associated telephone numbers; associated addresses; user IDs, usernames, or handles; and dates of birth (if collected);

- IP address logs and login/logout history, including the date/time stamps (with time zone); IP addresses; port numbers; and associated session identifiers for each successful or attempted login during the Relevant Time Period;

- All activity logs or log files for the accounts showing all user activities during the Relevant Period, excluding information that may contain content data. User activities include, without limitation:

  o Engaging in one-to-one and group messaging communications, including sender and recipient identifiers (e.g., user IDs/handles/phone numbers), group identifiers, date/time stamps (with time zone), delivery status, and message size/length, excluding message contents;

---

[1] Exhibit 1 contains potential login identifiers for the listed individuals but is non-exhaustive. Because the complete list of associated account information for each individual will be within Your possession, custody, and control, Plaintiffs respectfully request to meet and confer on this Request.

- o Engaging in one-to-one and group calls (voice/video), including caller/callee identifiers, date/time stamps (with time zone), call duration, and call disposition, excluding call contents;

- o Participating in group memberships, including group identifiers, group name, date/time of user joining/leaving, and group admin(s), excluding any content of group messages;

- o Uploading videos or other posts; making comments on other users' posts; reacting to other users' posts; saving or bookmarking other users' posts; messaging, following, or "friending" other users; participating in live chats; and/or utilizing other public or private social networking activities You facilitate, including the date, time, and user(s) associated with the individual's use of Your features.

- Device information, including device type, OS version, device identifiers (e.g., device tokens, serial numbers, advertising ID where applicable), app version, and date/time stamps of devices associated with each account;

- Current account status (active, deactivated, permanently deleted) and records identifying the creation, deletion, deactivation, or reactivation of each account, including date/time stamps and the method by which such action occurred;

- Other account changes and events, including username changes, profile changes, linked accounts, password resets, recovery email/phone changes, two-factor authentication activation/deactivation, and date/time stamps for such events;

- All preservation/retention and privacy settings, including changes in settings and the dates on which they occurred. This includes, but is not limited to, records of content

deletion events or disappearing content settings, including when disappearing timers were enabled/modified and their durations, and date/time of content deletions (if maintained).

- Any preservation requests, legal process logs, or legal holds relating to the account, including the date of receipt of legal process and the categories of information preserved;

- Payment and billing records (if any), including payment method type (with masked numbers only), billing address, dates of payments, subscription status, and transaction logs, excluding full financial account numbers.

Exhibit 1

| Name | Employer | Associated Phone Numbers | Associated Email Addresses | Associated Usernames |
|------|----------|--------------------------|----------------------------|----------------------|
| Akosa Akpom | TKO Operating Company, LLC | | | |
| David Avery | TKO Operating Company, LLC | | | |
| Denitza Batchvarova | Zuffa, LLC | | | |
| Nakisa Bidarian | Zuffa, LLC | | | |
| Tracey Bleczinski | TKO Operating Company, LLC | | | |
| Craig Borsari | Zuffa, LLC | | | |
| Hunter Campbell | Zuffa, LLC | | | |
| Deborah Cook | TKO Operating Company, LLC | | | |
| Peter Dropick | Zuffa, LLC | | | |
| Ariel Emanuel | Endeavor Group Holdings, Inc.; TKO Operating Company, LLC | | | |
| Lawrence "Ike" Epstein | Zuffa, LLC | | | |
| Chadwick Hurley | Zuffa, LLC | | | |
| Tracy Long | Zuffa, LLC | | | |
| Jason Lublin | Endeavor Group Holdings, Inc. | | | |
| Michael "Mick" Maynard | Zuffa, LLC | | | |
| Michael Mossholder | Zuffa, LLC | | | |
| Grant Norris-Jones | TKO Operating Company, LLC | | | |
| Brittany Santypal | TKO Operating Company, LLC | | | |
| Andrew Schleimer | Zuffa, LLC | | | |
| Mark Shapiro | Endeavor Group Holdings, Inc.; TKO Operating Company, LLC | | | |
| David Shaw | TKO Operating Company, LLC | | | |
| Sean Shelby | Zuffa, LLC | | | |
| Joe Silva | Zuffa, LLC; TKO Operating Company, LLC | | | |
| Dana White | Zuffa, LLC; TKO Operating Company, LLC | | | |

| | |
|---|---|
| Seth Zaslow | TKO Operating Company, LLC |
| Marshall Zelaznik | Zuffa, LLC; TKO Operating Company, LLC |
| Albert Acosta | Endeavor Group Holdings, Inc. |
| Olsvaldo Arias | Zuffa, LLC; TKO Operating Company, LLC |
| Tony Barboza | Zuffa, LLC; TKO Operating Company, LLC |
| Buffey Curtis | Zuffa, LLC; TKO Operating Company, LLC |
| Nichole Durand | Zuffa, LLC; TKO Operating Company, LLC |
| Egon Durban | Zuffa, LLC; TKO Operating Company, LLC |
| Jamie Euster | Endeavor Group Holdings, Inc. |
| Keith Friedenberg | Endeavor Group Holdings, Inc. |
| Graham Fry | Endeavor Group Holdings, Inc. |
| Tim Gardner | Endeavor Group Holdings, Inc. |
| Rami Genauer | Zuffa, LLC; TKO Operating Company, LLC |
| Christoph Goessing | Zuffa, LLC; TKO Operating Company, LLC |
| Krista Hall | Zuffa, LLC; TKO Operating Company, LLC |
| Reed Harris | Zuffa, LLC; TKO Operating Company, LLC |
| Shane Kapral | Zuffa, LLC; TKO Operating Company, LLC |
| Seth Krauss | Endeavor Group Holdings, Inc. & Zuffa, LLC; TKO Operating Company, LLC |
| Ajay Madkekar | Endeavor Group Holdings, Inc. |
| David Phillips | Endeavor Group Holdings, Inc. |
| Chris Provino | Zuffa, LLC; TKO Operating Company, LLC |

| | |
|---|---|
| Marc Ratner | Zuffa, LLC; TKO Operating Company, LLC |
| Zack Rose | Endeavor Group Holdings, Inc. |
| Jonathan Shin | Zuffa, LLC; TKO Operating Company, LLC |
| Brandon Stuckenberg | Zuffa, LLC; TKO Operating Company, LLC |
| Robert Crowley Sullivan | Zuffa, LLC; TKO Operating Company, LLC |
| Blake Ulrich | Endeavor Group Holdings, Inc. |
| Marc Webster | Endeavor Group Holdings, Inc. |
| Patrick Whitesell | Zuffa, LLC; TKO Operating Company, LLC |
| Matt Woodmancy | Endeavor Group Holdings, Inc. |
| Chika Yoshinaga | Zuffa, LLC; TKO Operating Company, LLC |
| Nick Zombolas | Zuffa, LLC; TKO Operating Company, LLC |
| Sam Zussman | Endeavor Group Holdings, Inc. |

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

### for the
### District of Nevada

| | |
|---|---|
| Phil Davis | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:25-cv-00946-RFB-BNW |
| Zuffa, LLC dba Ultimate Fighting Championship et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:       Telegram Messenger Inc.
c/o Elaine Selan  416 W SAN YSIDRO BLVD L-1958  SAN YSIDRO, CA 92173

*(Name of person to whom this subpoena is directed)*

&#9642; *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place | Date and Time: |
|---|---|
| BERGER MONTAGUE 8241 La Mesa Blvd, Suite A La Mesa, CA 91942 | 1/17/2026 5:00 pm |

&#9642; *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      12/17/2025

                    *CLERK OF COURT*
                                                    OR
                                                              /s/ Daniel Gifford
_____                    _____
   *Signature of Clerk or Deputy Clerk*                        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Plaintiff Phil Davis                                             , who issues or requests this subpoena, are:
Daniel Gifford; 88 Pine Street, 14th Floor, New York, NY 10005; dgifford@cohenmilstein.com; (212) 838-7797

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:25-cv-00946-RFB-BNW

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____       _____
                                                                    *Server's signature*

                                              _____
                                                                    *Printed name and title*

                                              _____
                                                                    *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii)is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (iii)        requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iv)        requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (v) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or

  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

### I. DEFINITIONS

1. The following rules of construction should apply to all discovery requests:

   a) "**All**" should be construed to include the collective as well as the singular and shall mean "each," "any," and "every."

   b) "**And**" and "or" should be construed so as to require the broadest possible response. If, for example, a request calls for information about "A or B" or "A and B," You should produce all information about A and all information about B, as well as all information about A and B collectively. In other words, "or" and "and" should be read as "and/or."

   c) "**Any**" shall be construed to mean "any and all."

   d) "**Including**" shall be construed to mean "without limitation." "Including" is used to emphasize certain types of documents requested and should not be construed as limiting the request in any way.

   e) "**Relating to**," "**referring to**," "**regarding**," or "**with respect to**" mean, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

   f) The use of the singular form of any word includes the plural and vice versa.

   g) Unless otherwise indicated, the use of the present tense of any verb shall be construed to include the past tense going back to the beginning of the Relevant Time Period, and the use of the past tense shall be construed to run from the beginning of the Relevant Time Period through the present.

2. "**Actions**" means *Kajan Johnson, et al. v. Zuffa, LLC, et al.*, No. 2:21-cv-01189 (D. Nev.);

*Mikhail Cirkunovs v. Zuffa, LLC, et al.*, No. 2:25-cv-00914 (D. Nev.); and *Phil Davis v. Zuffa, LLC, et al.*, No. 2:25-cv-00946 (D. Nev.).

3. "**Communication**" means without limitation, oral or written communications of any kind, such as electronic communications, direct communications through social media (including without limitation direct messaging, instant messaging, chatting or emailing within a social media platform), facsimiles, telephone communications, correspondence, exchange of written or recorded information, or face-to-face meetings. The phrase "communication between" is defined to include instances where one party addresses the other party but the other party does not necessarily respond. The phrase "communication" includes all attachments to e-mail messages.

4. "**Date**" means the exact day, month, and year, if ascertainable, or the best available approximation, including any relationship to other known events (designate whether exact or approximate).

5. "**Document(s)**" shall mean and include all "writings," "recordings" or "photographs" as those terms are defined in Federal Rule of Civil Procedure 34 and Rule 1001 of the Federal Rules of Evidence. Without limiting the generality of the foregoing, the term "Documents" includes both hard copy documents and electronically stored data files including but not limited to e-mail, instant messaging, social media content (including without limitation public content such as Tweets, YouTube submissions, Facebook posts, and posts to any public electronic billboard, as well as private content such as direct messaging, instant messaging, chats, and email), shared network files and databases. "Documents" also includes, without limitation and regardless of whether stored in hard copy or electronically, any letters, correspondence, memoranda, analyses, legal pleadings, calendars, diaries,

travel records, summaries, records of telephone conversations, telegrams, notes, reports, compilations, notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, audiotapes, film and sound reproductions, e-mails, internal or external web sites, audio or video discs data on magnetic or optical storage media (e.g., servers, storage area networks, interconnected remote servers (so-called "cloud computing"), hard drives, backup tapes, CDs, DVDs, Blu-ray, DVD-HD, USB/thumb/flash drives, floppy disks or any other type of portable storage device, etc.) stored as an "active" or backup file, in its native format, computer files, discs and drives, sales, advertising and promotional literature, agreements, stored recordings, minutes or other records of meetings, all written or graphic records or representations of any kind, and all mechanical or electronic data, records or representations of any kind.

6. "**Electronically Stored Information**," abbreviated as "**ESI**" has the same meaning and scope as it has in the Federal Rules of Civil Procedure and includes, without limitation, the following:

a) structured and unstructured data, as those terms are defined in The Sedona Conference Glossary, available at www.thesedonaconference.org/publications;

b) activity listings of electronic mail receipts and/or transmittals;

c) output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, text messages (SMS, MMS or TMS), iMessages, Blackberry Messenger (BBM), AOL Instant MessengerTM (or similar program), social media (including without limitation Twitter, LinkedIn, YouTube, Facebook, Instagram, and

any other internet based messaging system) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

d) any and all items stored on computer memories, hard disks, floppy disks, CD discs, DVD discs, flash drives, thumb drives, memory cards, magnetic tape, microfiche, off-site interconnected servers (so-called "cloud computing"), or in any other vehicle for digital data storage and/or transmittal, such as, but not limited to, a personal digital assistant (*e.g.*, Blackberry, Smart Phone or similar device) and file folder tabs, and/or containers and labels appended to, or relating to, any physical storage device associated with each original and/or copy of all documents requested herein;

e) any and all items stored on voice-mail systems, websites, company intranet sites, chat rooms and social networking websites (*e.g.*, Facebook, LinkedIn, Twitter, and social websites listed at http://en.wikipedia.org/wiki/List of social networking websites); and

f) any and all data, data compilations, and data analyses.

7. "**Employee**" means, without limitation, any current or former officer, director, executive, manager, member, secretary, staff member, consultant, messenger, agent or other person who is or was employed by a Person or entity.

8. "**Identify**," when used in reference to an individual employee, means to produce documents sufficient to identify: the person's full name, last known business and home address; date of birth; social security number; title or position and period of service in each such position; immediate supervisor in each position; business and home telephone numbers (including voice, cellular and facsimile phone numbers) assigned to or used by

such person and the period during which such numbers were assigned to be used by that person; and business and home electronic mail identifiers and the period during which such identifiers were assigned to and used by that person.

9. "**Meeting**" means, without limitation, any assembly, convocation, encounter, or contemporaneous presence of two or more persons for any purpose, whether planned or arranged, scheduled or not. Meeting attendees may be present in person or by electronic means including, but not limited to, teleconference and videoconference.

10. "**Person**" means, without limitation, any natural person, corporation, partnership, limited liability company, proprietorship, joint venture, trust, association, government entity, group or other form of legal entity.

11. "**Plaintiffs**" means Kajan Johnson, Clarence Dollaway, Tristen Connelly, Mikhail Cirkunovs, Phil Davis, and any named plaintiffs in any subsequently filed Actions which are related to or consolidated with the Actions in the court with jurisdiction over the cases.

12. "**Possession, Custody or Control**" when referring to Documents or other tangible objects means any Document or other tangible object You have access to regardless of whether You have actual possession of the document or other tangible object. This includes Documents You have the legal right to obtain or for which You have control over the person who has control of the Document, including without limitation Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or Your attorneys or their agents, employees, representatives or investigators.

13. "**Social Media**" means any web-hosted applications that facilitate public posting of words, images or video and audio recordings, and private interactions such as private messaging or email, among users. Examples of Social Media include without limitation, Twitter,

Facebook, YouTube, Instagram, TikTok, WhatsApp, Signal, and Telegram.

14. "**You**," "**Your**," "**Your Company**" means Telegram Messenger Inc., individually, and Telegram Messenger Inc. and its predecessors, successors, subsidiaries, departments, divisions, affiliates, any organization or entity which Telegram Messenger Inc. has acquired, or with which Telegram Messenger Inc. has merged, and any organization or entity which Telegram Messenger Inc. manages, controls or has an ownership interest in, together with all current and former directors, officers, employees, agents, representatives or any persons acting or purporting to act on Your behalf.

15. "**Zuffa**," "**UFC**," or "**Defendant**" all mean Ultimate Fighting Championship, UFC, TKO Operating Company, LLC ("**TKO OpCo**") (f/k/a Zuffa Parent LLC), a Delaware limited liability company and the direct subsidiary of TKO Group Holdings, Inc., a Delaware corporation ("**TKO Group Holdings**"), Endeavor Group Holdings, Inc., a Delaware corporation ("**Endeavor**"), and all predecessors, successors, subsidiaries, departments, divisions, acquisitions, affiliates and any organization or entity TKO OpCo or TKO Group Holdings manages or controls, together with all present and former directors, members, officers, employees, agents, representatives or any persons acting or purporting to act on TKO OpCo's behalf including, without limitation, Ari Emanual, Dana White, Mark Shapiro, Patrick Whitsell, Ike Lawrence Epstein, Lorenzo Fertitta or Hunter Campbell.

## II. INSTRUCTIONS

1. In producing Documents, You are requested to furnish all Documents or things in Your possession, custody or control, regardless of the physical location of the Documents, or whether such Documents or other materials are possessed directly by You or Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates,

investigators, or by Your attorneys or their agents, employees, representatives or investigators.

2. If any document covered by these requests is withheld by reason of a claim of attorney-client privilege, attorney work product protection, or any other privilege or protection, please furnish a log providing the following information with respect to each such withheld document: date, author, recipients, general subject matter sufficient to make a prima facie determination whether the asserted privilege has been properly invoked, and legal basis upon which the document has been withheld.

3. In producing Documents, You are requested to produce the original of each Document requested, together with all non-identical copies and drafts of such Document. If the original of any Document cannot be located, a copy shall be produced in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

4. If any requested Document cannot be produced in full, You are to produce it to the extent possible, indicating which Document, or portion of such Document, is being withheld, and the reason that it is being withheld.

5. Documents not otherwise responsive to these Requests shall be produced if such Documents mention, discuss, refer to, or explain the Documents that are called for by these Requests, or if such Documents are attached to Documents called for by these Requests and constitute routing slips, transmittal memoranda, letters, cover sheets, comments, evaluation or similar materials.

6. All Documents shall be produced in the same order as they are kept or maintained by You in the ordinary course of Your business. If any Documents have been removed from the files in which they were found for purposes of producing them in response to these

Requests, indicate for each Document the file(s) in which the Document(s) was (or were) originally located.

7. If a Document once existed and has subsequently been lost, destroyed, or is otherwise missing, please provide sufficient information to identify the Document and state the details concerning its loss.

8. With respect to any Document maintained or stored electronically, please harvest it in a manner that maintains the integrity and readability of all data, including all metadata.

9. Unless otherwise agreed, all ESI should be produced in native format via a secure file transfer protocol, or on compact disc(s), DVD disc(s) or zip drives in the original electronic file format(s) of the Documents.

10. Please produce all Documents maintained or stored electronically in native, electronic format with all relevant metadata intact. Encrypted or password-protected documents should be produced in a form permitting them to be reviewed. You are also requested to immediately meet and confer regarding the manner in which You shall produce Documents stored electronically in order for the parties to try and reach agreement in this regard and avoid any unnecessary expense.

11. Please organize electronic Documents produced for inspection in the same manner that You store them (e.g., if maintained by a custodian, such as e-mail residing on an e-mail server, please organize documents for production by custodian; if maintained as a subfolder of "My Documents" on a custodian's hard drive, please organize documents for production by custodian with path information preserved, etc.).

12. All ESI should be produced in accordance with the attached Stipulated Order Re: Discovery of Electronically Stored Information.

13. Documents attached to each other should not be separated, including, but not limited to, hard-copy versions of Documents attached to hard-copy printouts of e-mails produced pursuant to these Requests.

14. At Your election, documents maintained or stored in paper, hard-copy form can be produced as searchable .PDF (i.e., portable document format files with embedded text) and in an appropriate and usable manner (e.g., by copying such data onto an external hard drive).

15. These requests require production of paper documents in the same form and same order as they are kept in the usual course of business, or organized and labeled to correspond with the requests set forth below. If You choose the former method, the documents are to be produced in the boxes, file folders, binders and other containers in which the documents are found. The titles, labels or other descriptions on the boxes, file folders, binders or other containers are to be left intact.

16. Documents stored as electronic data on magnetic, optical, or other storage media as "active" or "backup" files shall be produced in their native formats with any associated metadata.

17. To the extent responsive Documents reside on databases and other such systems and files, You are requested to produce the relevant database in useable form and/or permit access for inspection, review, and extraction of responsive information.

18. To the extent responsive Documents are in languages other than English, the parties shall meet and confer to discuss the format of production prior thereto.

19. No part of a document request shall be left unanswered merely because an objection was

interposed to another part of the document request.

20. If You object to any document request or subpart thereof, the objection shall state with specificity all grounds. Any ground not stated shall be waived.

21. If You are unable to answer any document request, the reasons for Your inability to answer shall be separately stated in detail for each document request.

22. Category headings herein are for convenience and should not be relied upon to modify, limit, alter or otherwise influence in any way how to interpret these document requests.

## III. <u>RELEVANT TIME PERIOD</u>

Unless otherwise noted herein, the relevant time period of these document requests is July 1, 2015, until the present (the "**Relevant Time Period**"). These document requests seek all responsive Documents created or generated during the Relevant Time Period, as well as responsive Documents created or generated outside the Relevant Time Period, but which contain information concerning the Relevant Time Period.

## IV.    **PRODUCTION REQUESTS**

REQUEST NO. 1.

Pursuant to 18 U.S.C. § 2702(c)(6), all non-content subscriber records and account information for the individuals listed in Exhibit 1.[1]

Subscriber records and account information should include, but are not limited to, the following:

- Subscriber registration information, including, but not limited to, full names; associated email addresses; associated telephone numbers; associated addresses; user IDs, usernames, or handles; and dates of birth (if collected);

- IP address logs and login/logout history, including the date/time stamps (with time zone); IP addresses; port numbers; and associated session identifiers for each successful or attempted login during the Relevant Time Period;

- All activity logs or log files for the accounts showing all user activities during the Relevant Period, excluding information that may contain content data. User activities include, without limitation:

  o Engaging in one-to-one and group messaging communications, including sender and recipient identifiers (e.g., user IDs/handles/phone numbers), group identifiers, date/time stamps (with time zone), delivery status, and message size/length, excluding message contents;

---

[1] Exhibit 1 contains potential login identifiers for the listed individuals but is non-exhaustive. Because the complete list of associated account information for each individual will be within Your possession, custody, and control, Plaintiffs respectfully request to meet and confer on this Request.

- o Engaging in one-to-one and group calls (voice/video), including caller/callee identifiers, date/time stamps (with time zone), call duration, and call disposition, excluding call contents;

- o Participating in group memberships, including group identifiers, group name, date/time of user joining/leaving, and group admin(s), excluding any content of group messages;

- o Uploading videos or other posts; making comments on other users' posts; reacting to other users' posts; saving or bookmarking other users' posts; messaging, following, or "friending" other users; participating in live chats; and/or utilizing other public or private social networking activities You facilitate, including the date, time, and user(s) associated with the individual's use of Your features.

- Device information, including device type, OS version, device identifiers (e.g., device tokens, serial numbers, advertising ID where applicable), app version, and date/time stamps of devices associated with each account;

- Current account status (active, deactivated, permanently deleted) and records identifying the creation, deletion, deactivation, or reactivation of each account, including date/time stamps and the method by which such action occurred;

- Other account changes and events, including username changes, profile changes, linked accounts, password resets, recovery email/phone changes, two-factor authentication activation/deactivation, and date/time stamps for such events;

- All preservation/retention and privacy settings, including changes in settings and the dates on which they occurred. This includes, but is not limited to, records of content

deletion events or disappearing content settings, including when disappearing timers were enabled/modified and their durations, and date/time of content deletions (if maintained).

- Any preservation requests, legal process logs, or legal holds relating to the account, including the date of receipt of legal process and the categories of information preserved;

- Payment and billing records (if any), including payment method type (with masked numbers only), billing address, dates of payments, subscription status, and transaction logs, excluding full financial account numbers.

Exhibit 1

| Name | Employer | Associated Phone Numbers | Associated Email Addresses | Associated Usernames |
|------|----------|--------------------------|----------------------------|----------------------|
| Akosa Akpom | TKO Operating Company, LLC | | | |
| David Avery | TKO Operating Company, LLC | | | |
| Denitza Batchvarova | Zuffa, LLC | | | |
| Nakisa Bidarian | Zuffa, LLC | | | |
| Tracey Bleczinski | TKO Operating Company, LLC | | | |
| Craig Borsari | Zuffa, LLC | | | |
| Hunter Campbell | Zuffa, LLC | | | |
| Deborah Cook | TKO Operating Company, LLC | | | |
| Peter Dropick | Zuffa, LLC | | | |
| Ariel Emanuel | Endeavor Group Holdings, Inc.; TKO Operating Company, LLC | | | |
| Lawrence "Ike" Epstein | Zuffa, LLC | | | |
| Chadwick Hurley | Zuffa, LLC | | | |
| Tracy Long | Zuffa, LLC | | | |
| Jason Lublin | Endeavor Group Holdings, Inc. | | | |
| Michael "Mick" Maynard | Zuffa, LLC | | | |
| Michael Mossholder | Zuffa, LLC | | | |
| Grant Norris-Jones | TKO Operating Company, LLC | | | |
| Brittany Santypal | TKO Operating Company, LLC | | | |
| Andrew Schleimer | Zuffa, LLC | | | |
| Mark Shapiro | Endeavor Group Holdings, Inc.; TKO Operating Company, LLC | | | |
| David Shaw | TKO Operating Company, LLC | | | |
| Sean Shelby | Zuffa, LLC | | | |
| Joe Silva | Zuffa, LLC; TKO Operating Company, LLC | | | |
| Dana White | Zuffa, LLC; TKO Operating Company, LLC | | | |

| | |
|---|---|
| Seth Zaslow | TKO Operating Company, LLC |
| Marshall Zelaznik | Zuffa, LLC; TKO Operating Company, LLC |
| Albert Acosta | Endeavor Group Holdings, Inc. |
| Olsvaldo Arias | Zuffa, LLC; TKO Operating Company, LLC |
| Tony Barboza | Zuffa, LLC; TKO Operating Company, LLC |
| Buffey Curtis | Zuffa, LLC; TKO Operating Company, LLC |
| Nichole Durand | Zuffa, LLC; TKO Operating Company, LLC |
| Egon Durban | Zuffa, LLC; TKO Operating Company, LLC |
| Jamie Euster | Endeavor Group Holdings, Inc. |
| Keith Friedenberg | Endeavor Group Holdings, Inc. |
| Graham Fry | Endeavor Group Holdings, Inc. |
| Tim Gardner | Endeavor Group Holdings, Inc. |
| Rami Genauer | Zuffa, LLC; TKO Operating Company, LLC |
| Christoph Goessing | Zuffa, LLC; TKO Operating Company, LLC |
| Krista Hall | Zuffa, LLC; TKO Operating Company, LLC |
| Reed Harris | Zuffa, LLC; TKO Operating Company, LLC |
| Shane Kapral | Zuffa, LLC; TKO Operating Company, LLC |
| Seth Krauss | Endeavor Group Holdings, Inc. & Zuffa, LLC; TKO Operating Company, LLC |
| Ajay Madkekar | Endeavor Group Holdings, Inc. |
| David Phillips | Endeavor Group Holdings, Inc. |
| Chris Provino | Zuffa, LLC; TKO Operating Company, LLC |

| | |
|---|---|
| Marc Ratner | Zuffa, LLC; TKO Operating Company, LLC |
| Zack Rose | Endeavor Group Holdings, Inc. |
| Jonathan Shin | Zuffa, LLC; TKO Operating Company, LLC |
| Brandon Stuckenberg | Zuffa, LLC; TKO Operating Company, LLC |
| Robert Crowley Sullivan | Zuffa, LLC; TKO Operating Company, LLC |
| Blake Ulrich | Endeavor Group Holdings, Inc. |
| Marc Webster | Endeavor Group Holdings, Inc. |
| Patrick Whitesell | Zuffa, LLC; TKO Operating Company, LLC |
| Matt Woodmancy | Endeavor Group Holdings, Inc. |
| Chika Yoshinaga | Zuffa, LLC; TKO Operating Company, LLC |
| Nick Zombolas | Zuffa, LLC; TKO Operating Company, LLC |
| Sam Zussman | Endeavor Group Holdings, Inc. |

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Nevada

| | |
|---|---|
| Mikhail Cirkunovs | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   2:25-cv-00914-RFB-BNW |
| Zuffa, LLC dba Ultimate Fighting Championship et al. | ) |
| _____ | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                   Telegram Messenger Inc.
         c/o Elaine Selan 416 W SAN YSIDRO BLVD L-1958 SAN YSIDRO, CA 92173
_____
*(Name of person to whom this subpoena is directed)*

    ▶ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place      BERGER MONTAGUE 8241 La Mesa Blvd, Suite A       La Mesa, CA 91942 | Date and Time: <br><br> 1/17/2026 5:00 pm |
|---|---|

    ▶ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

     The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    12/17/2025

           *CLERK OF COURT*
                                    OR
_____          /s/ Daniel Gifford
_____
    *Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Plaintiff Mikhail Cirkunovs _____, who issues or requests this subpoena, are:
Daniel Gifford; 88 Pine Street, 14th Floor, New York, NY 10005; dgifford@cohenmilstein.com; (212) 838-7797

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:25-cv-00914-RFB-BNW

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

❜ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❜ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
         (i) is a party or a party's officer; or
         (ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
   (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
   *(A)  Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   *(B)  Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
         (i)  At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
         (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
         (i)  fails to allow a reasonable time to comply;
         (iii)          requires a person to comply beyond the geographical limits specified in Rule 45(c);
         (iv)          requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
         (v) subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
         **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

         **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
         (i)  shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
         (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
   *(A)  Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   *(B)  Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   *(C)  Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   *(D)  Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
         (i)  expressly make the claim; and
         (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**<u>SCHEDULE A</u>**

I. **<u>DEFINITIONS</u>**

1. The following rules of construction should apply to all discovery requests:

    a) "**All**" should be construed to include the collective as well as the singular and shall mean "each," "any," and "every."

    b) "**And**" and "or" should be construed so as to require the broadest possible response. If, for example, a request calls for information about "A or B" or "A and B," You should produce all information about A and all information about B, as well as all information about A and B collectively. In other words, "or" and "and" should be read as "and/or."

    c) "**Any**" shall be construed to mean "any and all."

    d) "**Including**" shall be construed to mean "without limitation." "Including" is used to emphasize certain types of documents requested and should not be construed as limiting the request in any way.

    e) "**Relating to**," "**referring to**," "**regarding**," or "**with respect to**" mean, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

    f) The use of the singular form of any word includes the plural and vice versa.

    g) Unless otherwise indicated, the use of the present tense of any verb shall be construed to include the past tense going back to the beginning of the Relevant Time Period, and the use of the past tense shall be construed to run from the beginning of the Relevant Time Period through the present.

2. "**Actions**" means *Kajan Johnson, et al. v. Zuffa, LLC, et al.*, No. 2:21-cv-01189 (D. Nev.);

*Mikhail Cirkunovs v. Zuffa, LLC, et al.*, No. 2:25-cv-00914 (D. Nev.); and *Phil Davis v. Zuffa, LLC, et al.*, No. 2:25-cv-00946 (D. Nev.).

3. "**Communication**" means without limitation, oral or written communications of any kind, such as electronic communications, direct communications through social media (including without limitation direct messaging, instant messaging, chatting or emailing within a social media platform), facsimiles, telephone communications, correspondence, exchange of written or recorded information, or face-to-face meetings. The phrase "communication between" is defined to include instances where one party addresses the other party but the other party does not necessarily respond. The phrase "communication" includes all attachments to e-mail messages.

4. "**Date**" means the exact day, month, and year, if ascertainable, or the best available approximation, including any relationship to other known events (designate whether exact or approximate).

5. "**Document(s)**" shall mean and include all "writings," "recordings" or "photographs" as those terms are defined in Federal Rule of Civil Procedure 34 and Rule 1001 of the Federal Rules of Evidence. Without limiting the generality of the foregoing, the term "Documents" includes both hard copy documents and electronically stored data files including but not limited to e-mail, instant messaging, social media content (including without limitation public content such as Tweets, YouTube submissions, Facebook posts, and posts to any public electronic billboard, as well as private content such as direct messaging, instant messaging, chats, and email), shared network files and databases. "Documents" also includes, without limitation and regardless of whether stored in hard copy or electronically, any letters, correspondence, memoranda, analyses, legal pleadings, calendars, diaries,

travel records, summaries, records of telephone conversations, telegrams, notes, reports, compilations, notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, audiotapes, film and sound reproductions, e-mails, internal or external web sites, audio or video discs data on magnetic or optical storage media (e.g., servers, storage area networks, interconnected remote servers (so-called "cloud computing"), hard drives, backup tapes, CDs, DVDs, Blu-ray, DVD-HD, USB/thumb/flash drives, floppy disks or any other type of portable storage device, etc.) stored as an "active" or backup file, in its native format, computer files, discs and drives, sales, advertising and promotional literature, agreements, stored recordings, minutes or other records of meetings, all written or graphic records or representations of any kind, and all mechanical or electronic data, records or representations of any kind.

6. "**Electronically Stored Information**," abbreviated as "**ESI**" has the same meaning and scope as it has in the Federal Rules of Civil Procedure and includes, without limitation, the following:

    a) structured and unstructured data, as those terms are defined in The Sedona Conference Glossary, available at www.thesedonaconference.org/publications;

    b) activity listings of electronic mail receipts and/or transmittals;

    c) output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, text messages (SMS, MMS or TMS), iMessages, Blackberry Messenger (BBM), AOL Instant MessengerTM (or similar program), social media (including without limitation Twitter, LinkedIn, YouTube, Facebook, Instagram, and

any other internet based messaging system) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

d) any and all items stored on computer memories, hard disks, floppy disks, CD discs, DVD discs, flash drives, thumb drives, memory cards, magnetic tape, microfiche, off-site interconnected servers (so-called "cloud computing"), or in any other vehicle for digital data storage and/or transmittal, such as, but not limited to, a personal digital assistant (*e.g.*, Blackberry, Smart Phone or similar device) and file folder tabs, and/or containers and labels appended to, or relating to, any physical storage device associated with each original and/or copy of all documents requested herein;

e) any and all items stored on voice-mail systems, websites, company intranet sites, chat rooms and social networking websites (*e.g.*, Facebook, LinkedIn, Twitter, and social websites listed at http://en.wikipedia.org/wiki/List of social networking websites); and

f) any and all data, data compilations, and data analyses.

7. "**Employee**" means, without limitation, any current or former officer, director, executive, manager, member, secretary, staff member, consultant, messenger, agent or other person who is or was employed by a Person or entity.

8. "**Identify**," when used in reference to an individual employee, means to produce documents sufficient to identify: the person's full name, last known business and home address; date of birth; social security number; title or position and period of service in each such position; immediate supervisor in each position; business and home telephone numbers (including voice, cellular and facsimile phone numbers) assigned to or used by

such person and the period during which such numbers were assigned to be used by that

person; and business and home electronic mail identifiers and the period during which such

identifiers were assigned to and used by that person.

9. "**Meeting**" means, without limitation, any assembly, convocation, encounter, or

contemporaneous presence of two or more persons for any purpose, whether planned or

arranged, scheduled or not. Meeting attendees may be present in person or by electronic

means including, but not limited to, teleconference and videoconference.

10. "**Person**" means, without limitation, any natural person, corporation, partnership, limited

liability company, proprietorship, joint venture, trust, association, government entity,

group or other form of legal entity.

11. "**Plaintiffs**" means Kajan Johnson, Clarence Dollaway, Tristen Connelly, Mikhail Cirkunovs,

Phil Davis, and any named plaintiffs in any subsequently filed Actions which are related to or

consolidated with the Actions in the court with jurisdiction over the cases.

12. "**Possession, Custody or Control**" when referring to Documents or other tangible objects

means any Document or other tangible object You have access to regardless of whether You

have actual possession of the document or other tangible object. This includes Documents

You have the legal right to obtain or for which You have control over the person who has

control of the Document, including without limitation Your directors, officers, agents,

employees, representatives, subsidiaries, managing agents, affiliates, investigators, or Your

attorneys or their agents, employees, representatives or investigators.

13. "**Social Media**" means any web-hosted applications that facilitate public posting of words,

images or video and audio recordings, and private interactions such as private messaging or

email, among users. Examples of Social Media include without limitation, Twitter,

Facebook, YouTube, Instagram, TikTok, WhatsApp, Signal, and Telegram.

14. "**You**," "**Your**," "**Your Company**" means Telegram Messenger Inc., individually, and Telegram Messenger Inc. and its predecessors, successors, subsidiaries, departments, divisions, affiliates, any organization or entity which Telegram Messenger Inc. has acquired, or with which Telegram Messenger Inc. has merged, and any organization or entity which Telegram Messenger Inc. manages, controls or has an ownership interest in, together with all current and former directors, officers, employees, agents, representatives or any persons acting or purporting to act on Your behalf.

15. "**Zuffa**," "**UFC**," or "**Defendant**" all mean Ultimate Fighting Championship, UFC, TKO Operating Company, LLC ("**TKO OpCo**") (f/k/a Zuffa Parent LLC), a Delaware limited liability company and the direct subsidiary of TKO Group Holdings, Inc., a Delaware corporation ("**TKO Group Holdings**"), Endeavor Group Holdings, Inc., a Delaware corporation ("**Endeavor**"), and all predecessors, successors, subsidiaries, departments, divisions, acquisitions, affiliates and any organization or entity TKO OpCo or TKO Group Holdings manages or controls, together with all present and former directors, members, officers, employees, agents, representatives or any persons acting or purporting to act on TKO OpCo's behalf including, without limitation, Ari Emanual, Dana White, Mark Shapiro, Patrick Whitsell, Ike Lawrence Epstein, Lorenzo Fertitta or Hunter Campbell.

## II. **INSTRUCTIONS**

1. In producing Documents, You are requested to furnish all Documents or things in Your possession, custody or control, regardless of the physical location of the Documents, or whether such Documents or other materials are possessed directly by You or Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates,

investigators, or by Your attorneys or their agents, employees, representatives or investigators.

2.  If any document covered by these requests is withheld by reason of a claim of attorney-client privilege, attorney work product protection, or any other privilege or protection, please furnish a log providing the following information with respect to each such withheld document: date, author, recipients, general subject matter sufficient to make a prima facie determination whether the asserted privilege has been properly invoked, and legal basis upon which the document has been withheld.

3.  In producing Documents, You are requested to produce the original of each Document requested, together with all non-identical copies and drafts of such Document. If the original of any Document cannot be located, a copy shall be produced in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

4.  If any requested Document cannot be produced in full, You are to produce it to the extent possible, indicating which Document, or portion of such Document, is being withheld, and the reason that it is being withheld.

5.  Documents not otherwise responsive to these Requests shall be produced if such Documents mention, discuss, refer to, or explain the Documents that are called for by these Requests, or if such Documents are attached to Documents called for by these Requests and constitute routing slips, transmittal memoranda, letters, cover sheets, comments, evaluation or similar materials.

6.  All Documents shall be produced in the same order as they are kept or maintained by You in the ordinary course of Your business. If any Documents have been removed from the files in which they were found for purposes of producing them in response to these

Requests, indicate for each Document the file(s) in which the Document(s) was (or were) originally located.

7. If a Document once existed and has subsequently been lost, destroyed, or is otherwise missing, please provide sufficient information to identify the Document and state the details concerning its loss.

8. With respect to any Document maintained or stored electronically, please harvest it in a manner that maintains the integrity and readability of all data, including all metadata.

9. Unless otherwise agreed, all ESI should be produced in native format via a secure file transfer protocol, or on compact disc(s), DVD disc(s) or zip drives in the original electronic file format(s) of the Documents.

10. Please produce all Documents maintained or stored electronically in native, electronic format with all relevant metadata intact. Encrypted or password-protected documents should be produced in a form permitting them to be reviewed. You are also requested to immediately meet and confer regarding the manner in which You shall produce Documents stored electronically in order for the parties to try and reach agreement in this regard and avoid any unnecessary expense.

11. Please organize electronic Documents produced for inspection in the same manner that You store them (e.g., if maintained by a custodian, such as e-mail residing on an e-mail server, please organize documents for production by custodian; if maintained as a subfolder of "My Documents" on a custodian's hard drive, please organize documents for production by custodian with path information preserved, etc.).

12. All ESI should be produced in accordance with the attached Stipulated Order Re: Discovery of Electronically Stored Information.

13. Documents attached to each other should not be separated, including, but not limited to, hard-copy versions of Documents attached to hard-copy printouts of e-mails produced pursuant to these Requests.

14. At Your election, documents maintained or stored in paper, hard-copy form can be produced as searchable .PDF (i.e., portable document format files with embedded text) and in an appropriate and usable manner (e.g., by copying such data onto an external hard drive).

15. These requests require production of paper documents in the same form and same order as they are kept in the usual course of business, or organized and labeled to correspond with the requests set forth below. If You choose the former method, the documents are to be produced in the boxes, file folders, binders and other containers in which the documents are found. The titles, labels or other descriptions on the boxes, file folders, binders or other containers are to be left intact.

16. Documents stored as electronic data on magnetic, optical, or other storage media as "active" or "backup" files shall be produced in their native formats with any associated metadata.

17. To the extent responsive Documents reside on databases and other such systems and files, You are requested to produce the relevant database in useable form and/or permit access for inspection, review, and extraction of responsive information.

18. To the extent responsive Documents are in languages other than English, the parties shall meet and confer to discuss the format of production prior thereto.

19. No part of a document request shall be left unanswered merely because an objection was

9 of 13

interposed to another part of the document request.

20. If You object to any document request or subpart thereof, the objection shall state with specificity all grounds. Any ground not stated shall be waived.

21. If You are unable to answer any document request, the reasons for Your inability to answer shall be separately stated in detail for each document request.

22. Category headings herein are for convenience and should not be relied upon to modify, limit, alter or otherwise influence in any way how to interpret these document requests.

## III. RELEVANT TIME PERIOD

Unless otherwise noted herein, the relevant time period of these document requests is July 1, 2015, until the present (the "**Relevant Time Period**"). These document requests seek all responsive Documents created or generated during the Relevant Time Period, as well as responsive Documents created or generated outside the Relevant Time Period, but which contain information concerning the Relevant Time Period.

## IV.    <u>PRODUCTION REQUESTS</u>

<u>REQUEST NO. 1.</u>

Pursuant to 18 U.S.C. § 2702(c)(6), all non-content subscriber records and account information for the individuals listed in Exhibit 1.[1]

Subscriber records and account information should include, but are not limited to, the following:

- Subscriber registration information, including, but not limited to, full names; associated email addresses; associated telephone numbers; associated addresses; user IDs, usernames, or handles; and dates of birth (if collected);

- IP address logs and login/logout history, including the date/time stamps (with time zone); IP addresses; port numbers; and associated session identifiers for each successful or attempted login during the Relevant Time Period;

- All activity logs or log files for the accounts showing all user activities during the Relevant Period, excluding information that may contain content data. User activities include, without limitation:

  o Engaging in one-to-one and group messaging communications, including sender and recipient identifiers (e.g., user IDs/handles/phone numbers), group identifiers, date/time stamps (with time zone), delivery status, and message size/length, excluding message contents;

---

[1] Exhibit 1 contains potential login identifiers for the listed individuals but is non-exhaustive. Because the complete list of associated account information for each individual will be within Your possession, custody, and control, Plaintiffs respectfully request to meet and confer on this Request.

- o Engaging in one-to-one and group calls (voice/video), including caller/callee identifiers, date/time stamps (with time zone), call duration, and call disposition, excluding call contents;

- o Participating in group memberships, including group identifiers, group name, date/time of user joining/leaving, and group admin(s), excluding any content of group messages;

- o Uploading videos or other posts; making comments on other users' posts; reacting to other users' posts; saving or bookmarking other users' posts; messaging, following, or "friending" other users; participating in live chats; and/or utilizing other public or private social networking activities You facilitate, including the date, time, and user(s) associated with the individual's use of Your features.

- Device information, including device type, OS version, device identifiers (e.g., device tokens, serial numbers, advertising ID where applicable), app version, and date/time stamps of devices associated with each account;

- Current account status (active, deactivated, permanently deleted) and records identifying the creation, deletion, deactivation, or reactivation of each account, including date/time stamps and the method by which such action occurred;

- Other account changes and events, including username changes, profile changes, linked accounts, password resets, recovery email/phone changes, two-factor authentication activation/deactivation, and date/time stamps for such events;

- All preservation/retention and privacy settings, including changes in settings and the dates on which they occurred. This includes, but is not limited to, records of content

deletion events or disappearing content settings, including when disappearing timers were enabled/modified and their durations, and date/time of content deletions (if maintained).

- Any preservation requests, legal process logs, or legal holds relating to the account, including the date of receipt of legal process and the categories of information preserved;

- Payment and billing records (if any), including payment method type (with masked numbers only), billing address, dates of payments, subscription status, and transaction logs, excluding full financial account numbers.

Exhibit 1

| Name | Employer | Associated Phone Numbers | Associated Email Addresses | Associated Usernames |
|---|---|---|---|---|
| Akosa Akpom | TKO Operating Company, LLC | | | |
| David Avery | TKO Operating Company, LLC | | | |
| Denitza Batchvarova | Zuffa, LLC | | | |
| Nakisa Bidarian | Zuffa, LLC | | | |
| Tracey Bleczinski | TKO Operating Company, LLC | | | |
| Craig Borsari | Zuffa, LLC | | | |
| Hunter Campbell | Zuffa, LLC | | | |
| Deborah Cook | TKO Operating Company, LLC | | | |
| Peter Dropick | Zuffa, LLC | | | |
| Ariel Emanuel | Endeavor Group Holdings, Inc.; TKO Operating Company, LLC | | | |
| Lawrence "Ike" Epstein | Zuffa, LLC | | | |
| Chadwick Hurley | Zuffa, LLC | | | |
| Tracy Long | Zuffa, LLC | | | |
| Jason Lublin | Endeavor Group Holdings, Inc. | | | |
| Michael "Mick" Maynard | Zuffa, LLC | | | |
| Michael Mossholder | Zuffa, LLC | | | |
| Grant Norris-Jones | TKO Operating Company, LLC | | | |
| Brittany Santypal | TKO Operating Company, LLC | | | |
| Andrew Schleimer | Zuffa, LLC | | | |
| Mark Shapiro | Endeavor Group Holdings, Inc.; TKO Operating Company, LLC | | | |
| David Shaw | TKO Operating Company, LLC | | | |
| Sean Shelby | Zuffa, LLC | | | |
| Joe Silva | Zuffa, LLC; TKO Operating Company, LLC | | | |
| Dana White | Zuffa, LLC; TKO Operating Company, LLC | | | |

| Seth Zaslow | TKO Operating Company, LLC |
|---|---|
| Marshall Zelaznik | Zuffa, LLC; TKO Operating Company, LLC |
| Albert Acosta | Endeavor Group Holdings, Inc. |
| Olsvaldo Arias | Zuffa, LLC; TKO Operating Company, LLC |
| Tony Barboza | Zuffa, LLC; TKO Operating Company, LLC |
| Buffey Curtis | Zuffa, LLC; TKO Operating Company, LLC |
| Nichole Durand | Zuffa, LLC; TKO Operating Company, LLC |
| Egon Durban | Zuffa, LLC; TKO Operating Company, LLC |
| Jamie Euster | Endeavor Group Holdings, Inc. |
| Keith Friedenberg | Endeavor Group Holdings, Inc. |
| Graham Fry | Endeavor Group Holdings, Inc. |
| Tim Gardner | Endeavor Group Holdings, Inc. |
| Rami Genauer | Zuffa, LLC; TKO Operating Company, LLC |
| Christoph Goessing | Zuffa, LLC; TKO Operating Company, LLC |
| Krista Hall | Zuffa, LLC; TKO Operating Company, LLC |
| Reed Harris | Zuffa, LLC; TKO Operating Company, LLC |
| Shane Kapral | Zuffa, LLC; TKO Operating Company, LLC |
| Seth Krauss | Endeavor Group Holdings, Inc. & Zuffa, LLC; TKO Operating Company, LLC |
| Ajay Madkekar | Endeavor Group Holdings, Inc. |
| David Phillips | Endeavor Group Holdings, Inc. |
| Chris Provino | Zuffa, LLC; TKO Operating Company, LLC |

| | |
|---|---|
| Marc Ratner | Zuffa, LLC; TKO Operating Company, LLC |
| Zack Rose | Endeavor Group Holdings, Inc. |
| Jonathan Shin | Zuffa, LLC; TKO Operating Company, LLC |
| Brandon Stuckenberg | Zuffa, LLC; TKO Operating Company, LLC |
| Robert Crowley Sullivan | Zuffa, LLC; TKO Operating Company, LLC |
| Blake Ulrich | Endeavor Group Holdings, Inc. |
| Marc Webster | Endeavor Group Holdings, Inc. |
| Patrick Whitesell | Zuffa, LLC; TKO Operating Company, LLC |
| Matt Woodmancy | Endeavor Group Holdings, Inc. |
| Chika Yoshinaga | Zuffa, LLC; TKO Operating Company, LLC |
| Nick Zombolas | Zuffa, LLC; TKO Operating Company, LLC |
| Sam Zussman | Endeavor Group Holdings, Inc. |

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Nevada

| | |
|---|---|
| Johnson et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:21-cv-01189-RFB-BNW |
| Zuffa, LLC dba Ultimate Fighting Championship et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                      Snap Inc.
c/o CSC - LAWYERS INCORPORATING SERVICE  2710 GATEWAY OAKS DRIVE  SACRAMENTO, CA 95835

*(Name of person to whom this subpoena is directed)*

**X** *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: BERGER MONTAGUE 505 Montgomery Street Suite 625 San Francisco, CA 94111 | Date and Time: 1/17/2026 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    12/17/2025

CLERK OF COURT

OR

_____                    /s/ Daniel Gifford
*Signature of Clerk or Deputy Clerk*                 *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiffs Kajan Johnson, Clarence Dollaway, and Tristan Connelly          , who issues or requests this subpoena, are: Daniel Gifford; 88 Pine Street, 14th Floor, New York, NY 10005; dgifford@cohenmilstein.com; (212) 838-7797

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:21-cv-01189-RFB-BNW

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      ( ) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (i) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (ii) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

### I. DEFINITIONS

1. The following rules of construction should apply to all discovery requests:

   a) "**All**" should be construed to include the collective as well as the singular and shall mean "each," "any," and "every."

   b) "**And**" and "or" should be construed so as to require the broadest possible response. If, for example, a request calls for information about "A or B" or "A and B," You should produce all information about A and all information about B, as well as all information about A and B collectively. In other words, "or" and "and" should be read as "and/or."

   c) "**Any**" shall be construed to mean "any and all."

   d) "**Including**" shall be construed to mean "without limitation." "Including" is used to emphasize certain types of documents requested and should not be construed as limiting the request in any way.

   e) "**Relating to**," "**referring to**," "**regarding**," or "**with respect to**" mean, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

   f) The use of the singular form of any word includes the plural and vice versa.

   g) Unless otherwise indicated, the use of the present tense of any verb shall be construed to include the past tense going back to the beginning of the Relevant Time Period, and the use of the past tense shall be construed to run from the beginning of the Relevant Time Period through the present.

2. "**Actions**" means *Kajan Johnson, et al. v. Zuffa, LLC, et al.*, No. 2:21-cv-01189 (D. Nev.);

*Mikhail Cirkunovs v. Zuffa, LLC, et al.*, No. 2:25-cv-00914 (D. Nev.); and *Phil Davis v. Zuffa, LLC, et al.*, No. 2:25-cv-00946 (D. Nev.).

3. "**Communication**" means without limitation, oral or written communications of any kind, such as electronic communications, direct communications through social media (including without limitation direct messaging, instant messaging, chatting or emailing within a social media platform), facsimiles, telephone communications, correspondence, exchange of written or recorded information, or face-to-face meetings. The phrase "communication between" is defined to include instances where one party addresses the other party but the other party does not necessarily respond. The phrase "communication" includes all attachments to e-mail messages.

4. "**Date**" means the exact day, month, and year, if ascertainable, or the best available approximation, including any relationship to other known events (designate whether exact or approximate).

5. "**Document(s)**" shall mean and include all "writings," "recordings" or "photographs" as those terms are defined in Federal Rule of Civil Procedure 34 and Rule 1001 of the Federal Rules of Evidence. Without limiting the generality of the foregoing, the term "Documents" includes both hard copy documents and electronically stored data files including but not limited to e-mail, instant messaging, social media content (including without limitation public content such as Tweets, YouTube submissions, Facebook posts, and posts to any public electronic billboard, as well as private content such as direct messaging, instant messaging, chats, and email), shared network files and databases. "Documents" also includes, without limitation and regardless of whether stored in hard copy or electronically, any letters, correspondence, memoranda, analyses, legal pleadings, calendars, diaries,

travel records, summaries, records of telephone conversations, telegrams, notes, reports, compilations, notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, audiotapes, film and sound reproductions, e-mails, internal or external web sites, audio or video discs data on magnetic or optical storage media (e.g., servers, storage area networks, interconnected remote servers (so-called "cloud computing"), hard drives, backup tapes, CDs, DVDs, Blu-ray, DVD-HD, USB/thumb/flash drives, floppy disks or any other type of portable storage device, etc.) stored as an "active" or backup file, in its native format, computer files, discs and drives, sales, advertising and promotional literature, agreements, stored recordings, minutes or other records of meetings, all written or graphic records or representations of any kind, and all mechanical or electronic data, records or representations of any kind.

6. "**Electronically Stored Information**," abbreviated as "**ESI**" has the same meaning and scope as it has in the Federal Rules of Civil Procedure and includes, without limitation, the following:

   a) structured and unstructured data, as those terms are defined in The Sedona Conference Glossary, available at www.thesedonaconference.org/publications;

   b) activity listings of electronic mail receipts and/or transmittals;

   c) output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, text messages (SMS, MMS or TMS), iMessages, Blackberry Messenger (BBM), AOL Instant MessengerTM (or similar program), social media (including without limitation Twitter, LinkedIn, YouTube, Facebook, Instagram, and

any other internet based messaging system) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

d)  any and all items stored on computer memories, hard disks, floppy disks, CD discs, DVD discs, flash drives, thumb drives, memory cards, magnetic tape, microfiche, off-site interconnected servers (so-called "cloud computing"), or in any other vehicle for digital data storage and/or transmittal, such as, but not limited to, a personal digital assistant (*e.g.*, Blackberry, Smart Phone or similar device) and file folder tabs, and/or containers and labels appended to, or relating to, any physical storage device associated with each original and/or copy of all documents requested herein;

e)  any and all items stored on voice-mail systems, websites, company intranet sites, chat rooms and social networking websites (*e.g.*, Facebook, LinkedIn, Twitter, and social websites listed at http://en.wikipedia.org/wiki/List of social networking websites); and

f)  any and all data, data compilations, and data analyses.

7.  "**Employee**" means, without limitation, any current or former officer, director, executive, manager, member, secretary, staff member, consultant, messenger, agent or other person who is or was employed by a Person or entity.

8.  "**Identify**," when used in reference to an individual employee, means to produce documents sufficient to identify: the person's full name, last known business and home address; date of birth; social security number; title or position and period of service in each such position; immediate supervisor in each position; business and home telephone numbers (including voice, cellular and facsimile phone numbers) assigned to or used by

such person and the period during which such numbers were assigned to be used by that person; and business and home electronic mail identifiers and the period during which such identifiers were assigned to and used by that person.

9.  "**Meeting**" means, without limitation, any assembly, convocation, encounter, or contemporaneous presence of two or more persons for any purpose, whether planned or arranged, scheduled or not. Meeting attendees may be present in person or by electronic means including, but not limited to, teleconference and videoconference.

10. "**Person**" means, without limitation, any natural person, corporation, partnership, limited liability company, proprietorship, joint venture, trust, association, government entity, group or other form of legal entity.

11. "**Plaintiffs**" means Kajan Johnson, Clarence Dollaway, Tristen Connelly, Mikhail Cirkunovs, Phil Davis, and any named plaintiffs in any subsequently filed Actions which are related to or consolidated with the Actions in the court with jurisdiction over the cases.

12. "**Possession, Custody or Control**" when referring to Documents or other tangible objects means any Document or other tangible object You have access to regardless of whether You have actual possession of the document or other tangible object. This includes Documents You have the legal right to obtain or for which You have control over the person who has control of the Document, including without limitation Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or Your attorneys or their agents, employees, representatives or investigators.

13. "**Social Media**" means any web-hosted applications that facilitate public posting of words, images or video and audio recordings, and private interactions such as private messaging or email, among users. Examples of Social Media include without limitation, Twitter,

Facebook, YouTube, Instagram, TikTok, WhatsApp, Signal, and Telegram.

14. "**You**," "**Your**," "**Your Company**" means Snap Inc., individually, and Snap Inc. and its predecessors, successors, subsidiaries, departments, divisions, affiliates, any organization or entity which Snap Inc. has acquired, or with which Snap Inc. has merged, and any organization or entity which Snap Inc. manages, controls or has an ownership interest in, together with all current and former directors, officers, employees, agents, representatives or any persons acting or purporting to act on Your behalf.

15. "**Zuffa**," "**UFC**," or "**Defendant**" all mean Ultimate Fighting Championship, UFC, TKO Operating Company, LLC ("**TKO OpCo**") (f/k/a Zuffa Parent LLC), a Delaware limited liability company and the direct subsidiary of TKO Group Holdings, Inc., a Delaware corporation ("**TKO Group Holdings**"), Endeavor Group Holdings, Inc., a Delaware corporation ("**Endeavor**"), and all predecessors, successors, subsidiaries, departments, divisions, acquisitions, affiliates and any organization or entity TKO OpCo or TKO Group Holdings manages or controls, together with all present and former directors, members, officers, employees, agents, representatives or any persons acting or purporting to act on TKO OpCo's behalf including, without limitation, Ari Emanual, Dana White, Mark Shapiro, Patrick Whitsell, Ike Lawrence Epstein, Lorenzo Fertitta or Hunter Campbell.

## II. INSTRUCTIONS

1. In producing Documents, You are requested to furnish all Documents or things in Your possession, custody or control, regardless of the physical location of the Documents, or whether such Documents or other materials are possessed directly by You or Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates,

investigators, or by Your attorneys or their agents, employees, representatives or investigators.

2. If any document covered by these requests is withheld by reason of a claim of attorney-client privilege, attorney work product protection, or any other privilege or protection, please furnish a log providing the following information with respect to each such withheld document: date, author, recipients, general subject matter sufficient to make a prima facie determination whether the asserted privilege has been properly invoked, and legal basis upon which the document has been withheld.

3. In producing Documents, You are requested to produce the original of each Document requested, together with all non-identical copies and drafts of such Document. If the original of any Document cannot be located, a copy shall be produced in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

4. If any requested Document cannot be produced in full, You are to produce it to the extent possible, indicating which Document, or portion of such Document, is being withheld, and the reason that it is being withheld.

5. Documents not otherwise responsive to these Requests shall be produced if such Documents mention, discuss, refer to, or explain the Documents that are called for by these Requests, or if such Documents are attached to Documents called for by these Requests and constitute routing slips, transmittal memoranda, letters, cover sheets, comments, evaluation or similar materials.

6. All Documents shall be produced in the same order as they are kept or maintained by You in the ordinary course of Your business. If any Documents have been removed from the files in which they were found for purposes of producing them in response to these

Requests, indicate for each Document the file(s) in which the Document(s) was (or were) originally located.

7. If a Document once existed and has subsequently been lost, destroyed, or is otherwise missing, please provide sufficient information to identify the Document and state the details concerning its loss.

8. With respect to any Document maintained or stored electronically, please harvest it in a manner that maintains the integrity and readability of all data, including all metadata.

9. Unless otherwise agreed, all ESI should be produced in native format via a secure file transfer protocol, or on compact disc(s), DVD disc(s) or zip drives in the original electronic file format(s) of the Documents.

10. Please produce all Documents maintained or stored electronically in native, electronic format with all relevant metadata intact. Encrypted or password-protected documents should be produced in a form permitting them to be reviewed. You are also requested to immediately meet and confer regarding the manner in which You shall produce Documents stored electronically in order for the parties to try and reach agreement in this regard and avoid any unnecessary expense.

11. Please organize electronic Documents produced for inspection in the same manner that You store them (e.g., if maintained by a custodian, such as e-mail residing on an e-mail server, please organize documents for production by custodian; if maintained as a subfolder of "My Documents" on a custodian's hard drive, please organize documents for production by custodian with path information preserved, etc.).

12. All ESI should be produced in accordance with the attached Stipulated Order Re: Discovery of Electronically Stored Information.

13. Documents attached to each other should not be separated, including, but not limited to, hard-copy versions of Documents attached to hard-copy printouts of e-mails produced pursuant to these Requests.

14. At Your election, documents maintained or stored in paper, hard-copy form can be produced as searchable .PDF (i.e., portable document format files with embedded text) and in an appropriate and usable manner (e.g., by copying such data onto an external hard drive).

15. These requests require production of paper documents in the same form and same order as they are kept in the usual course of business, or organized and labeled to correspond with the requests set forth below. If You choose the former method, the documents are to be produced in the boxes, file folders, binders and other containers in which the documents are found. The titles, labels or other descriptions on the boxes, file folders, binders or other containers are to be left intact.

16. Documents stored as electronic data on magnetic, optical, or other storage media as "active" or "backup" files shall be produced in their native formats with any associated metadata.

17. To the extent responsive Documents reside on databases and other such systems and files, You are requested to produce the relevant database in useable form and/or permit access for inspection, review, and extraction of responsive information.

18. To the extent responsive Documents are in languages other than English, the parties shall meet and confer to discuss the format of production prior thereto.

19. No part of a document request shall be left unanswered merely because an objection was

interposed to another part of the document request.

20. If You object to any document request or subpart thereof, the objection shall state with specificity all grounds. Any ground not stated shall be waived.

21. If You are unable to answer any document request, the reasons for Your inability to answer shall be separately stated in detail for each document request.

22. Category headings herein are for convenience and should not be relied upon to modify, limit, alter or otherwise influence in any way how to interpret these document requests.

## III. RELEVANT TIME PERIOD

Unless otherwise noted herein, the relevant time period of these document requests is July 1, 2015, until the present (the "**Relevant Time Period**"). These document requests seek all responsive Documents created or generated during the Relevant Time Period, as well as responsive Documents created or generated outside the Relevant Time Period, but which contain information concerning the Relevant Time Period.

## IV.    **<u>PRODUCTION REQUESTS</u>**

<u>REQUEST NO. 1.</u>

Pursuant to 18 U.S.C. § 2702(c)(6), all non-content subscriber records and account information for the individuals listed in Exhibit 1.[1]

Subscriber records and account information should include, but are not limited to, the following:

- Subscriber registration information, including, but not limited to, full names; associated email addresses; associated telephone numbers; associated addresses; user IDs, usernames, or handles; and dates of birth (if collected);

- IP address logs and login/logout history, including the date/time stamps (with time zone); IP addresses; port numbers; and associated session identifiers for each successful or attempted login during the Relevant Time Period;

- All activity logs or log files for the accounts showing all user activities during the Relevant Period, excluding information that may contain content data. User activities include, without limitation:

    o  Engaging in one-to-one and group messaging communications, including sender and recipient identifiers (e.g., user IDs/handles/phone numbers), group identifiers, date/time stamps (with time zone), delivery status, and message size/length, excluding message contents;

---

[1] Exhibit 1 contains potential login identifiers for the listed individuals but is non-exhaustive. Because the complete list of associated account information for each individual will be within Your possession, custody, and control, Plaintiffs respectfully request to meet and confer on this Request.

- o   Engaging in one-to-one and group calls (voice/video), including caller/callee identifiers, date/time stamps (with time zone), call duration, and call disposition, excluding call contents;

- o   Participating in group memberships, including group identifiers, group name, date/time of user joining/leaving, and group admin(s), excluding any content of group messages;

- o   Uploading videos or other posts; making comments on other users' posts; reacting to other users' posts; saving or bookmarking other users' posts; messaging, following, or "friending" other users; participating in live chats; and/or utilizing other public or private social networking activities You facilitate, including the date, time, and user(s) associated with the individual's use of Your features.

- Device information, including device type, OS version, device identifiers (e.g., device tokens, serial numbers, advertising ID where applicable), app version, and date/time stamps of devices associated with each account;

- Current account status (active, deactivated, permanently deleted) and records identifying the creation, deletion, deactivation, or reactivation of each account, including date/time stamps and the method by which such action occurred;

- Other account changes and events, including username changes, profile changes, linked accounts, password resets, recovery email/phone changes, two-factor authentication activation/deactivation, and date/time stamps for such events;

- All preservation/retention and privacy settings, including changes in settings and the dates on which they occurred. This includes, but is not limited to, records of content

deletion events or disappearing content settings, including when disappearing timers were
enabled/modified and their durations, and date/time of content deletions (if maintained).

- Any preservation requests, legal process logs, or legal holds relating to the account, including the date of receipt of legal process and the categories of information preserved;

- Payment and billing records (if any), including payment method type (with masked numbers only), billing address, dates of payments, subscription status, and transaction logs, excluding full financial account numbers.

# Exhibit 1

| Name | Employer | Associated Phone Numbers | Associated Email Addresses | Associated Usernames |
|---|---|---|---|---|
| Akosa Akpom | TKO Operating Company, LLC | | | |
| David Avery | TKO Operating Company, LLC | | | |
| Denitza Batchvarova | Zuffa, LLC | | | |
| Nakisa Bidarian | Zuffa, LLC | | | |
| Tracey Bleczinski | TKO Operating Company, LLC | | | |
| Craig Borsari | Zuffa, LLC | | | |
| Hunter Campbell | Zuffa, LLC | | | |
| Deborah Cook | TKO Operating Company, LLC | | | |
| Peter Dropick | Zuffa, LLC | | | |
| Ariel Emanuel | Endeavor Group Holdings, Inc.; TKO Operating Company, LLC | | | |
| Lawrence "Ike" Epstein | Zuffa, LLC | | | |
| Chadwick Hurley | Zuffa, LLC | | | |
| Tracy Long | Zuffa, LLC | | | |
| Jason Lublin | Endeavor Group Holdings, Inc. | | | |
| Michael "Mick" Maynard | Zuffa, LLC | | | |
| Michael Mossholder | Zuffa, LLC | | | |
| Grant Norris-Jones | TKO Operating Company, LLC | | | |
| Brittany Santypal | TKO Operating Company, LLC | | | |
| Andrew Schleimer | Zuffa, LLC | | | |
| Mark Shapiro | Endeavor Group Holdings, Inc.; TKO Operating Company, LLC | | | |
| David Shaw | TKO Operating Company, LLC | | | |
| Sean Shelby | Zuffa, LLC | | | |
| Joe Silva | Zuffa, LLC; TKO Operating Company, LLC | | | |
| Dana White | Zuffa, LLC; TKO Operating Company, LLC | | | |

| | |
|---|---|
| Seth Zaslow | TKO Operating Company, LLC |
| Marshall Zelaznik | Zuffa, LLC; TKO Operating Company, LLC |
| Albert Acosta | Endeavor Group Holdings, Inc. |
| Olsvaldo Arias | Zuffa, LLC; TKO Operating Company, LLC |
| Tony Barboza | Zuffa, LLC; TKO Operating Company, LLC |
| Buffey Curtis | Zuffa, LLC; TKO Operating Company, LLC |
| Nichole Durand | Zuffa, LLC; TKO Operating Company, LLC |
| Egon Durban | Zuffa, LLC; TKO Operating Company, LLC |
| Jamie Euster | Endeavor Group Holdings, Inc. |
| Keith Friedenberg | Endeavor Group Holdings, Inc. |
| Graham Fry | Endeavor Group Holdings, Inc. |
| Tim Gardner | Endeavor Group Holdings, Inc. |
| Rami Genauer | Zuffa, LLC; TKO Operating Company, LLC |
| Christoph Goessing | Zuffa, LLC; TKO Operating Company, LLC |
| Krista Hall | Zuffa, LLC; TKO Operating Company, LLC |
| Reed Harris | Zuffa, LLC; TKO Operating Company, LLC |
| Shane Kapral | Zuffa, LLC; TKO Operating Company, LLC |
| Seth Krauss | Endeavor Group Holdings, Inc. & Zuffa, LLC; TKO Operating Company, LLC |
| Ajay Madkekar | Endeavor Group Holdings, Inc. |
| David Phillips | Endeavor Group Holdings, Inc. |
| Chris Provino | Zuffa, LLC; TKO Operating Company, LLC |

| | |
|---|---|
| Marc Ratner | Zuffa, LLC; TKO Operating Company, LLC |
| Zack Rose | Endeavor Group Holdings, Inc. |
| Jonathan Shin | Zuffa, LLC; TKO Operating Company, LLC |
| Brandon Stuckenberg | Zuffa, LLC; TKO Operating Company, LLC |
| Robert Crowley Sullivan | Zuffa, LLC; TKO Operating Company, LLC |
| Blake Ulrich | Endeavor Group Holdings, Inc. |
| Marc Webster | Endeavor Group Holdings, Inc. |
| Patrick Whitesell | Zuffa, LLC; TKO Operating Company, LLC |
| Matt Woodmancy | Endeavor Group Holdings, Inc. |
| Chika Yoshinaga | Zuffa, LLC; TKO Operating Company, LLC |
| Nick Zombolas | Zuffa, LLC; TKO Operating Company, LLC |
| Sam Zussman | Endeavor Group Holdings, Inc. |

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of Nevada
                                    1

| | |
|---|---|
| Phil Davis | ) |
| _Plaintiff_ | ) |
| v. | )    Civil Action No.    2:25-cv-00946-RFB-BNW |
| Zuffa, LLC dba Ultimate Fighting Championship et al. | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                      Snap Inc.
       c/o CSC - LAWYERS INCORPORATING SERVICE  2710 GATEWAY OAKS DRIVE  SACRAMENTO, CA 95835

*(Name of person to whom this subpoena is directed)*

     ⌐ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place      BERGER MONTAGUE 505 Montgomery Street Suite 625 San Francisco, CA 94111 | Date and Time: <br><br> 1/17/2026 5:00 pm |
|---|---|

     ⌐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

     The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     12/17/2025

                *CLERK OF COURT*
                                     OR

_____         /s/ Daniel Gifford
    *Signature of Clerk or Deputy Clerk*                     *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Plaintiff Phil Davis
_____, who issues or requests this subpoena, are:
Daniel Gifford; 88 Pine Street, 14th Floor, New York, NY 10005; dgifford@cohenmilstein.com; (212) 838-7797

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:25-cv-00946-RFB-BNW

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____              _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii)is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii)These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (iii)    requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iv)    requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (v)subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii)describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## <u>SCHEDULE A</u>

### I. <u>DEFINITIONS</u>

1. The following rules of construction should apply to all discovery requests:

   a) "**All**" should be construed to include the collective as well as the singular and shall mean "each," "any," and "every."

   b) "**And**" and "or" should be construed so as to require the broadest possible response. If, for example, a request calls for information about "A or B" or "A and B," You should produce all information about A and all information about B, as well as all information about A and B collectively. In other words, "or" and "and" should be read as "and/or."

   c) "**Any**" shall be construed to mean "any and all."

   d) "**Including**" shall be construed to mean "without limitation." "Including" is used to emphasize certain types of documents requested and should not be construed as limiting the request in any way.

   e) "**Relating to**," "**referring to**," "**regarding**," or "**with respect to**" mean, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

   f) The use of the singular form of any word includes the plural and vice versa.

   g) Unless otherwise indicated, the use of the present tense of any verb shall be construed to include the past tense going back to the beginning of the Relevant Time Period, and the use of the past tense shall be construed to run from the beginning of the Relevant Time Period through the present.

2. "**Actions**" means *Kajan Johnson, et al. v. Zuffa, LLC, et al.*, No. 2:21-cv-01189 (D. Nev.);

*Mikhail Cirkunovs v. Zuffa, LLC, et al.*, No. 2:25-cv-00914 (D. Nev.); and *Phil Davis v. Zuffa, LLC, et al.*, No. 2:25-cv-00946 (D. Nev.).

3. "**Communication**" means without limitation, oral or written communications of any kind, such as electronic communications, direct communications through social media (including without limitation direct messaging, instant messaging, chatting or emailing within a social media platform), facsimiles, telephone communications, correspondence, exchange of written or recorded information, or face-to-face meetings. The phrase "communication between" is defined to include instances where one party addresses the other party but the other party does not necessarily respond. The phrase "communication" includes all attachments to e-mail messages.

4. "**Date**" means the exact day, month, and year, if ascertainable, or the best available approximation, including any relationship to other known events (designate whether exact or approximate).

5. "**Document(s)**" shall mean and include all "writings," "recordings" or "photographs" as those terms are defined in Federal Rule of Civil Procedure 34 and Rule 1001 of the Federal Rules of Evidence. Without limiting the generality of the foregoing, the term "Documents" includes both hard copy documents and electronically stored data files including but not limited to e-mail, instant messaging, social media content (including without limitation public content such as Tweets, YouTube submissions, Facebook posts, and posts to any public electronic billboard, as well as private content such as direct messaging, instant messaging, chats, and email), shared network files and databases. "Documents" also includes, without limitation and regardless of whether stored in hard copy or electronically, any letters, correspondence, memoranda, analyses, legal pleadings, calendars, diaries,

travel records, summaries, records of telephone conversations, telegrams, notes, reports, compilations, notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, audiotapes, film and sound reproductions, e-mails, internal or external web sites, audio or video discs data on magnetic or optical storage media (e.g., servers, storage area networks, interconnected remote servers (so-called "cloud computing"), hard drives, backup tapes, CDs, DVDs, Blu-ray, DVD-HD, USB/thumb/flash drives, floppy disks or any other type of portable storage device, etc.) stored as an "active" or backup file, in its native format, computer files, discs and drives, sales, advertising and promotional literature, agreements, stored recordings, minutes or other records of meetings, all written or graphic records or representations of any kind, and all mechanical or electronic data, records or representations of any kind.

6. "**Electronically Stored Information**," abbreviated as "**ESI**" has the same meaning and scope as it has in the Federal Rules of Civil Procedure and includes, without limitation, the following:

   a) structured and unstructured data, as those terms are defined in The Sedona Conference Glossary, available at www.thesedonaconference.org/publications;

   b) activity listings of electronic mail receipts and/or transmittals;

   c) output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, text messages (SMS, MMS or TMS), iMessages, Blackberry Messenger (BBM), AOL Instant MessengerTM (or similar program), social media (including without limitation Twitter, LinkedIn, YouTube, Facebook, Instagram, and

any other internet based messaging system) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

d) any and all items stored on computer memories, hard disks, floppy disks, CD discs, DVD discs, flash drives, thumb drives, memory cards, magnetic tape, microfiche, off-site interconnected servers (so-called "cloud computing"), or in any other vehicle for digital data storage and/or transmittal, such as, but not limited to, a personal digital assistant (*e.g.*, Blackberry, Smart Phone or similar device) and file folder tabs, and/or containers and labels appended to, or relating to, any physical storage device associated with each original and/or copy of all documents requested herein;

e) any and all items stored on voice-mail systems, websites, company intranet sites, chat rooms and social networking websites (*e.g.*, Facebook, LinkedIn, Twitter, and social websites listed at http://en.wikipedia.org/wiki/List of social networking websites); and

f) any and all data, data compilations, and data analyses.

7. "**Employee**" means, without limitation, any current or former officer, director, executive, manager, member, secretary, staff member, consultant, messenger, agent or other person who is or was employed by a Person or entity.

8. "**Identify**," when used in reference to an individual employee, means to produce documents sufficient to identify: the person's full name, last known business and home address; date of birth; social security number; title or position and period of service in each such position; immediate supervisor in each position; business and home telephone numbers (including voice, cellular and facsimile phone numbers) assigned to or used by

such person and the period during which such numbers were assigned to be used by that person; and business and home electronic mail identifiers and the period during which such identifiers were assigned to and used by that person.

9. "**Meeting**" means, without limitation, any assembly, convocation, encounter, or contemporaneous presence of two or more persons for any purpose, whether planned or arranged, scheduled or not. Meeting attendees may be present in person or by electronic means including, but not limited to, teleconference and videoconference.

10. "**Person**" means, without limitation, any natural person, corporation, partnership, limited liability company, proprietorship, joint venture, trust, association, government entity, group or other form of legal entity.

11. "**Plaintiffs**" means Kajan Johnson, Clarence Dollaway, Tristen Connelly, Mikhail Cirkunovs, Phil Davis, and any named plaintiffs in any subsequently filed Actions which are related to or consolidated with the Actions in the court with jurisdiction over the cases.

12. "**Possession, Custody or Control**" when referring to Documents or other tangible objects means any Document or other tangible object You have access to regardless of whether You have actual possession of the document or other tangible object. This includes Documents You have the legal right to obtain or for which You have control over the person who has control of the Document, including without limitation Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or Your attorneys or their agents, employees, representatives or investigators.

13. "**Social Media**" means any web-hosted applications that facilitate public posting of words, images or video and audio recordings, and private interactions such as private messaging or email, among users. Examples of Social Media include without limitation, Twitter,

Facebook, YouTube, Instagram, TikTok, WhatsApp, Signal, and Telegram.

14. "**You**," "**Your**," "**Your Company**" means Snap Inc., individually, and Snap Inc. and its predecessors, successors, subsidiaries, departments, divisions, affiliates, any organization or entity which Snap Inc. has acquired, or with which Snap Inc. has merged, and any organization or entity which Snap Inc. manages, controls or has an ownership interest in, together with all current and former directors, officers, employees, agents, representatives or any persons acting or purporting to act on Your behalf.

15. "**Zuffa**," "**UFC**," or "**Defendant**" all mean Ultimate Fighting Championship, UFC, TKO Operating Company, LLC ("**TKO OpCo**") (f/k/a Zuffa Parent LLC), a Delaware limited liability company and the direct subsidiary of TKO Group Holdings, Inc., a Delaware corporation ("**TKO Group Holdings**"), Endeavor Group Holdings, Inc., a Delaware corporation ("**Endeavor**"), and all predecessors, successors, subsidiaries, departments, divisions, acquisitions, affiliates and any organization or entity TKO OpCo or TKO Group Holdings manages or controls, together with all present and former directors, members, officers, employees, agents, representatives or any persons acting or purporting to act on TKO OpCo's behalf including, without limitation, Ari Emanual, Dana White, Mark Shapiro, Patrick Whitsell, Ike Lawrence Epstein, Lorenzo Fertitta or Hunter Campbell.

## II. <u>INSTRUCTIONS</u>

1. In producing Documents, You are requested to furnish all Documents or things in Your possession, custody or control, regardless of the physical location of the Documents, or whether such Documents or other materials are possessed directly by You or Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates,

investigators, or by Your attorneys or their agents, employees, representatives or investigators.

2.  If any document covered by these requests is withheld by reason of a claim of attorney-client privilege, attorney work product protection, or any other privilege or protection, please furnish a log providing the following information with respect to each such withheld document: date, author, recipients, general subject matter sufficient to make a prima facie determination whether the asserted privilege has been properly invoked, and legal basis upon which the document has been withheld.

3.  In producing Documents, You are requested to produce the original of each Document requested, together with all non-identical copies and drafts of such Document. If the original of any Document cannot be located, a copy shall be produced in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

4.  If any requested Document cannot be produced in full, You are to produce it to the extent possible, indicating which Document, or portion of such Document, is being withheld, and the reason that it is being withheld.

5.  Documents not otherwise responsive to these Requests shall be produced if such Documents mention, discuss, refer to, or explain the Documents that are called for by these Requests, or if such Documents are attached to Documents called for by these Requests and constitute routing slips, transmittal memoranda, letters, cover sheets, comments, evaluation or similar materials.

6.  All Documents shall be produced in the same order as they are kept or maintained by You in the ordinary course of Your business. If any Documents have been removed from the files in which they were found for purposes of producing them in response to these

Requests, indicate for each Document the file(s) in which the Document(s) was (or were) originally located.

7. If a Document once existed and has subsequently been lost, destroyed, or is otherwise missing, please provide sufficient information to identify the Document and state the details concerning its loss.

8. With respect to any Document maintained or stored electronically, please harvest it in a manner that maintains the integrity and readability of all data, including all metadata.

9. Unless otherwise agreed, all ESI should be produced in native format via a secure file transfer protocol, or on compact disc(s), DVD disc(s) or zip drives in the original electronic file format(s) of the Documents.

10. Please produce all Documents maintained or stored electronically in native, electronic format with all relevant metadata intact. Encrypted or password-protected documents should be produced in a form permitting them to be reviewed. You are also requested to immediately meet and confer regarding the manner in which You shall produce Documents stored electronically in order for the parties to try and reach agreement in this regard and avoid any unnecessary expense.

11. Please organize electronic Documents produced for inspection in the same manner that You store them (e.g., if maintained by a custodian, such as e-mail residing on an e-mail server, please organize documents for production by custodian; if maintained as a subfolder of "My Documents" on a custodian's hard drive, please organize documents for production by custodian with path information preserved, etc.).

12. All ESI should be produced in accordance with the attached Stipulated Order Re: Discovery of Electronically Stored Information.

13. Documents attached to each other should not be separated, including, but not limited to, hard-copy versions of Documents attached to hard-copy printouts of e-mails produced pursuant to these Requests.

14. At Your election, documents maintained or stored in paper, hard-copy form can be produced as searchable .PDF (i.e., portable document format files with embedded text) and in an appropriate and usable manner (e.g., by copying such data onto an external hard drive).

15. These requests require production of paper documents in the same form and same order as they are kept in the usual course of business, or organized and labeled to correspond with the requests set forth below. If You choose the former method, the documents are to be produced in the boxes, file folders, binders and other containers in which the documents are found. The titles, labels or other descriptions on the boxes, file folders, binders or other containers are to be left intact.

16. Documents stored as electronic data on magnetic, optical, or other storage media as "active" or "backup" files shall be produced in their native formats with any associated metadata.

17. To the extent responsive Documents reside on databases and other such systems and files, You are requested to produce the relevant database in useable form and/or permit access for inspection, review, and extraction of responsive information.

18. To the extent responsive Documents are in languages other than English, the parties shall meet and confer to discuss the format of production prior thereto.

19. No part of a document request shall be left unanswered merely because an objection was

9 of 13

interposed to another part of the document request.

20. If You object to any document request or subpart thereof, the objection shall state with specificity all grounds. Any ground not stated shall be waived.

21. If You are unable to answer any document request, the reasons for Your inability to answer shall be separately stated in detail for each document request.

22. Category headings herein are for convenience and should not be relied upon to modify, limit, alter or otherwise influence in any way how to interpret these document requests.

## III. **RELEVANT TIME PERIOD**

Unless otherwise noted herein, the relevant time period of these document requests is July 1, 2015, until the present (the "**Relevant Time Period**"). These document requests seek all responsive Documents created or generated during the Relevant Time Period, as well as responsive Documents created or generated outside the Relevant Time Period, but which contain information concerning the Relevant Time Period.

## IV.    **PRODUCTION REQUESTS**

REQUEST NO. 1.

      Pursuant to 18 U.S.C. § 2702(c)(6), all non-content subscriber records and account information for the individuals listed in Exhibit 1.[1]

      Subscriber records and account information should include, but are not limited to, the following:

- Subscriber registration information, including, but not limited to, full names; associated email addresses; associated telephone numbers; associated addresses; user IDs, usernames, or handles; and dates of birth (if collected);

- IP address logs and login/logout history, including the date/time stamps (with time zone); IP addresses; port numbers; and associated session identifiers for each successful or attempted login during the Relevant Time Period;

- All activity logs or log files for the accounts showing all user activities during the Relevant Period, excluding information that may contain content data. User activities include, without limitation:

    o Engaging in one-to-one and group messaging communications, including sender and recipient identifiers (e.g., user IDs/handles/phone numbers), group identifiers, date/time stamps (with time zone), delivery status, and message size/length, excluding message contents;

---

[1] Exhibit 1 contains potential login identifiers for the listed individuals but is non-exhaustive. Because the complete list of associated account information for each individual will be within Your possession, custody, and control, Plaintiffs respectfully request to meet and confer on this Request.

- o Engaging in one-to-one and group calls (voice/video), including caller/callee identifiers, date/time stamps (with time zone), call duration, and call disposition, excluding call contents;

- o Participating in group memberships, including group identifiers, group name, date/time of user joining/leaving, and group admin(s), excluding any content of group messages;

- o Uploading videos or other posts; making comments on other users' posts; reacting to other users' posts; saving or bookmarking other users' posts; messaging, following, or "friending" other users; participating in live chats; and/or utilizing other public or private social networking activities You facilitate, including the date, time, and user(s) associated with the individual's use of Your features.

- Device information, including device type, OS version, device identifiers (e.g., device tokens, serial numbers, advertising ID where applicable), app version, and date/time stamps of devices associated with each account;

- Current account status (active, deactivated, permanently deleted) and records identifying the creation, deletion, deactivation, or reactivation of each account, including date/time stamps and the method by which such action occurred;

- Other account changes and events, including username changes, profile changes, linked accounts, password resets, recovery email/phone changes, two-factor authentication activation/deactivation, and date/time stamps for such events;

- All preservation/retention and privacy settings, including changes in settings and the dates on which they occurred. This includes, but is not limited to, records of content

deletion events or disappearing content settings, including when disappearing timers were

enabled/modified and their durations, and date/time of content deletions (if maintained).

- Any preservation requests, legal process logs, or legal holds relating to the account,

  including the date of receipt of legal process and the categories of information preserved;

- Payment and billing records (if any), including payment method type (with masked

  numbers only), billing address, dates of payments, subscription status, and transaction

  logs, excluding full financial account numbers.

Exhibit 1

| Name | Employer | Associated Phone Numbers | Associated Email Addresses | Associated Usernames |
|---|---|---|---|---|
| Akosa Akpom | TKO Operating Company, LLC | | | |
| David Avery | TKO Operating Company, LLC | | | |
| Denitza Batchvarova | Zuffa, LLC | | | |
| Nakisa Bidarian | Zuffa, LLC | | | |
| Tracey Bleczinski | TKO Operating Company, LLC | | | |
| Craig Borsari | Zuffa, LLC | | | |
| Hunter Campbell | Zuffa, LLC | | | |
| Deborah Cook | TKO Operating Company, LLC | | | |
| Peter Dropick | Zuffa, LLC | | | |
| Ariel Emanuel | Endeavor Group Holdings, Inc.; TKO Operating Company, LLC | | | |
| Lawrence "Ike" Epstein | Zuffa, LLC | | | |
| Chadwick Hurley | Zuffa, LLC | | | |
| Tracy Long | Zuffa, LLC | | | |
| Jason Lublin | Endeavor Group Holdings, Inc. | | | |
| Michael "Mick" Maynard | Zuffa, LLC | | | |
| Michael Mossholder | Zuffa, LLC | | | |
| Grant Norris-Jones | TKO Operating Company, LLC | | | |
| Brittany Santypal | TKO Operating Company, LLC | | | |
| Andrew Schleimer | Zuffa, LLC | | | |
| Mark Shapiro | Endeavor Group Holdings, Inc.; TKO Operating Company, LLC | | | |
| David Shaw | TKO Operating Company, LLC | | | |
| Sean Shelby | Zuffa, LLC | | | |
| Joe Silva | Zuffa, LLC; TKO Operating Company, LLC | | | |
| Dana White | Zuffa, LLC; TKO Operating Company, LLC | | | |

| | |
|---|---|
| Seth Zaslow | TKO Operating Company, LLC |
| Marshall Zelaznik | Zuffa, LLC; TKO Operating Company, LLC |
| Albert Acosta | Endeavor Group Holdings, Inc. |
| Olsvaldo Arias | Zuffa, LLC; TKO Operating Company, LLC |
| Tony Barboza | Zuffa, LLC; TKO Operating Company, LLC |
| Buffey Curtis | Zuffa, LLC; TKO Operating Company, LLC |
| Nichole Durand | Zuffa, LLC; TKO Operating Company, LLC |
| Egon Durban | Zuffa, LLC; TKO Operating Company, LLC |
| Jamie Euster | Endeavor Group Holdings, Inc. |
| Keith Friedenberg | Endeavor Group Holdings, Inc. |
| Graham Fry | Endeavor Group Holdings, Inc. |
| Tim Gardner | Endeavor Group Holdings, Inc. |
| Rami Genauer | Zuffa, LLC; TKO Operating Company, LLC |
| Christoph Goessing | Zuffa, LLC; TKO Operating Company, LLC |
| Krista Hall | Zuffa, LLC; TKO Operating Company, LLC |
| Reed Harris | Zuffa, LLC; TKO Operating Company, LLC |
| Shane Kapral | Zuffa, LLC; TKO Operating Company, LLC |
| Seth Krauss | Endeavor Group Holdings, Inc. & Zuffa, LLC; TKO Operating Company, LLC |
| Ajay Madkekar | Endeavor Group Holdings, Inc. |
| David Phillips | Endeavor Group Holdings, Inc. |
| Chris Provino | Zuffa, LLC; TKO Operating Company, LLC |

| | |
|---|---|
| Marc Ratner | Zuffa, LLC; TKO Operating Company, LLC |
| Zack Rose | Endeavor Group Holdings, Inc. |
| Jonathan Shin | Zuffa, LLC; TKO Operating Company, LLC |
| Brandon Stuckenberg | Zuffa, LLC; TKO Operating Company, LLC |
| Robert Crowley Sullivan | Zuffa, LLC; TKO Operating Company, LLC |
| Blake Ulrich | Endeavor Group Holdings, Inc. |
| Marc Webster | Endeavor Group Holdings, Inc. |
| Patrick Whitesell | Zuffa, LLC; TKO Operating Company, LLC |
| Matt Woodmancy | Endeavor Group Holdings, Inc. |
| Chika Yoshinaga | Zuffa, LLC; TKO Operating Company, LLC |
| Nick Zombolas | Zuffa, LLC; TKO Operating Company, LLC |
| Sam Zussman | Endeavor Group Holdings, Inc. |

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of Nevada

|  |  |  |
|---|---|---|
| Mikhail Cirkunovs | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 2:25-cv-00914-RFB-BNW |
| Zuffa, LLC dba Ultimate Fighting Championship et al. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                              Snap Inc.
c/o CSC - LAWYERS INCORPORATING SERVICE 2710 GATEWAY OAKS DRIVE SACRAMENTO, CA 95835

*(Name of person to whom this subpoena is directed)*

☐ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place | Date and Time: |
|---|---|
| BERGER MONTAGUE 505 Montgomery Street Suite 625 San Francisco, CA 94111 | 1/17/2026 5:00 pm |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    12/17/2025

            *CLERK OF COURT*
                                                        OR
                                                            /s/ Daniel Gifford
    _____          _____
      *Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Plaintiff Mikhail Cirkunovs                                , who issues or requests this subpoena, are:
Daniel Gifford; 88 Pine Street, 14th Floor, New York, NY 10005; dgifford@cohenmilstein.com; (212) 838-7797

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:25-cv-00914-RFB-BNW

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____     _____
                                                    *Server's signature*

                                    _____
                                                    *Printed name and title*

                                    _____
                                                    *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (iii)         requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iv)          requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (v) subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## SCHEDULE A

### I. DEFINITIONS

1. The following rules of construction should apply to all discovery requests:

    a) "**All**" should be construed to include the collective as well as the singular and shall mean "each," "any," and "every."

    b) "**And**" and "or" should be construed so as to require the broadest possible response. If, for example, a request calls for information about "A or B" or "A and B," You should produce all information about A and all information about B, as well as all information about A and B collectively. In other words, "or" and "and" should be read as "and/or."

    c) "**Any**" shall be construed to mean "any and all."

    d) "**Including**" shall be construed to mean "without limitation." "Including" is used to emphasize certain types of documents requested and should not be construed as limiting the request in any way.

    e) "**Relating to**," "**referring to**," "**regarding**," or "**with respect to**" mean, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

    f) The use of the singular form of any word includes the plural and vice versa.

    g) Unless otherwise indicated, the use of the present tense of any verb shall be construed to include the past tense going back to the beginning of the Relevant Time Period, and the use of the past tense shall be construed to run from the beginning of the Relevant Time Period through the present.

2. "**Actions**" means *Kajan Johnson, et al. v. Zuffa, LLC, et al.*, No. 2:21-cv-01189 (D. Nev.);

*Mikhail Cirkunovs v. Zuffa, LLC, et al.*, No. 2:25-cv-00914 (D. Nev.); and *Phil Davis v. Zuffa, LLC, et al.*, No. 2:25-cv-00946 (D. Nev.).

3. "**Communication**" means without limitation, oral or written communications of any kind, such as electronic communications, direct communications through social media (including without limitation direct messaging, instant messaging, chatting or emailing within a social media platform), facsimiles, telephone communications, correspondence, exchange of written or recorded information, or face-to-face meetings. The phrase "communication between" is defined to include instances where one party addresses the other party but the other party does not necessarily respond. The phrase "communication" includes all attachments to e-mail messages.

4. "**Date**" means the exact day, month, and year, if ascertainable, or the best available approximation, including any relationship to other known events (designate whether exact or approximate).

5. "**Document(s)**" shall mean and include all "writings," "recordings" or "photographs" as those terms are defined in Federal Rule of Civil Procedure 34 and Rule 1001 of the Federal Rules of Evidence. Without limiting the generality of the foregoing, the term "Documents" includes both hard copy documents and electronically stored data files including but not limited to e-mail, instant messaging, social media content (including without limitation public content such as Tweets, YouTube submissions, Facebook posts, and posts to any public electronic billboard, as well as private content such as direct messaging, instant messaging, chats, and email), shared network files and databases. "Documents" also includes, without limitation and regardless of whether stored in hard copy or electronically, any letters, correspondence, memoranda, analyses, legal pleadings, calendars, diaries,

travel records, summaries, records of telephone conversations, telegrams, notes, reports, compilations, notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, audiotapes, film and sound reproductions, e-mails, internal or external web sites, audio or video discs data on magnetic or optical storage media (e.g., servers, storage area networks, interconnected remote servers (so-called "cloud computing"), hard drives, backup tapes, CDs, DVDs, Blu-ray, DVD-HD, USB/thumb/flash drives, floppy disks or any other type of portable storage device, etc.) stored as an "active" or backup file, in its native format, computer files, discs and drives, sales, advertising and promotional literature, agreements, stored recordings, minutes or other records of meetings, all written or graphic records or representations of any kind, and all mechanical or electronic data, records or representations of any kind.

6. "**Electronically Stored Information**," abbreviated as "**ESI**" has the same meaning and scope as it has in the Federal Rules of Civil Procedure and includes, without limitation, the following:

   a) structured and unstructured data, as those terms are defined in The Sedona Conference Glossary, available at www.thesedonaconference.org/publications;

   b) activity listings of electronic mail receipts and/or transmittals;

   c) output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, text messages (SMS, MMS or TMS), iMessages, Blackberry Messenger (BBM), AOL Instant MessengerTM (or similar program), social media (including without limitation Twitter, LinkedIn, YouTube, Facebook, Instagram, and

any other internet based messaging system) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

d) any and all items stored on computer memories, hard disks, floppy disks, CD discs, DVD discs, flash drives, thumb drives, memory cards, magnetic tape, microfiche, off-site interconnected servers (so-called "cloud computing"), or in any other vehicle for digital data storage and/or transmittal, such as, but not limited to, a personal digital assistant (*e.g.*, Blackberry, Smart Phone or similar device) and file folder tabs, and/or containers and labels appended to, or relating to, any physical storage device associated with each original and/or copy of all documents requested herein;

e) any and all items stored on voice-mail systems, websites, company intranet sites, chat rooms and social networking websites (*e.g.*, Facebook, LinkedIn, Twitter, and social websites listed at http://en.wikipedia.org/wiki/List of social networking websites); and

f) any and all data, data compilations, and data analyses.

7. "**Employee**" means, without limitation, any current or former officer, director, executive, manager, member, secretary, staff member, consultant, messenger, agent or other person who is or was employed by a Person or entity.

8. "**Identify**," when used in reference to an individual employee, means to produce documents sufficient to identify: the person's full name, last known business and home address; date of birth; social security number; title or position and period of service in each such position; immediate supervisor in each position; business and home telephone numbers (including voice, cellular and facsimile phone numbers) assigned to or used by

such person and the period during which such numbers were assigned to be used by that

person; and business and home electronic mail identifiers and the period during which such

identifiers were assigned to and used by that person.

9. "**Meeting**" means, without limitation, any assembly, convocation, encounter, or

contemporaneous presence of two or more persons for any purpose, whether planned or

arranged, scheduled or not. Meeting attendees may be present in person or by electronic

means including, but not limited to, teleconference and videoconference.

10. "**Person**" means, without limitation, any natural person, corporation, partnership, limited

liability company, proprietorship, joint venture, trust, association, government entity,

group or other form of legal entity.

11. "**Plaintiffs**" means Kajan Johnson, Clarence Dollaway, Tristen Connelly, Mikhail Cirkunovs,

Phil Davis, and any named plaintiffs in any subsequently filed Actions which are related to or

consolidated with the Actions in the court with jurisdiction over the cases.

12. "**Possession, Custody or Control**" when referring to Documents or other tangible objects

means any Document or other tangible object You have access to regardless of whether You

have actual possession of the document or other tangible object. This includes Documents

You have the legal right to obtain or for which You have control over the person who has

control of the Document, including without limitation Your directors, officers, agents,

employees, representatives, subsidiaries, managing agents, affiliates, investigators, or Your

attorneys or their agents, employees, representatives or investigators.

13. "**Social Media**" means any web-hosted applications that facilitate public posting of words,

images or video and audio recordings, and private interactions such as private messaging or

email, among users. Examples of Social Media include without limitation, Twitter,

Facebook, YouTube, Instagram, TikTok, WhatsApp, Signal, and Telegram.

14. "**You**," "**Your**," "**Your Company**" means Snap Inc., individually, and Snap Inc. and its predecessors, successors, subsidiaries, departments, divisions, affiliates, any organization or entity which Snap Inc. has acquired, or with which Snap Inc. has merged, and any organization or entity which Snap Inc. manages, controls or has an ownership interest in, together with all current and former directors, officers, employees, agents, representatives or any persons acting or purporting to act on Your behalf.

15. "**Zuffa**," "**UFC**," or "**Defendant**" all mean Ultimate Fighting Championship, UFC, TKO Operating Company, LLC ("**TKO OpCo**") (f/k/a Zuffa Parent LLC), a Delaware limited liability company and the direct subsidiary of TKO Group Holdings, Inc., a Delaware corporation ("**TKO Group Holdings**"), Endeavor Group Holdings, Inc., a Delaware corporation ("**Endeavor**"), and all predecessors, successors, subsidiaries, departments, divisions, acquisitions, affiliates and any organization or entity TKO OpCo or TKO Group Holdings manages or controls, together with all present and former directors, members, officers, employees, agents, representatives or any persons acting or purporting to act on TKO OpCo's behalf including, without limitation, Ari Emanual, Dana White, Mark Shapiro, Patrick Whitsell, Ike Lawrence Epstein, Lorenzo Fertitta or Hunter Campbell.

## II. INSTRUCTIONS

1. In producing Documents, You are requested to furnish all Documents or things in Your possession, custody or control, regardless of the physical location of the Documents, or whether such Documents or other materials are possessed directly by You or Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates,

investigators, or by Your attorneys or their agents, employees, representatives or investigators.

2. If any document covered by these requests is withheld by reason of a claim of attorney-client privilege, attorney work product protection, or any other privilege or protection, please furnish a log providing the following information with respect to each such withheld document: date, author, recipients, general subject matter sufficient to make a prima facie determination whether the asserted privilege has been properly invoked, and legal basis upon which the document has been withheld.

3. In producing Documents, You are requested to produce the original of each Document requested, together with all non-identical copies and drafts of such Document. If the original of any Document cannot be located, a copy shall be produced in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

4. If any requested Document cannot be produced in full, You are to produce it to the extent possible, indicating which Document, or portion of such Document, is being withheld, and the reason that it is being withheld.

5. Documents not otherwise responsive to these Requests shall be produced if such Documents mention, discuss, refer to, or explain the Documents that are called for by these Requests, or if such Documents are attached to Documents called for by these Requests and constitute routing slips, transmittal memoranda, letters, cover sheets, comments, evaluation or similar materials.

6. All Documents shall be produced in the same order as they are kept or maintained by You in the ordinary course of Your business. If any Documents have been removed from the files in which they were found for purposes of producing them in response to these

Requests, indicate for each Document the file(s) in which the Document(s) was (or were) originally located.

7. If a Document once existed and has subsequently been lost, destroyed, or is otherwise missing, please provide sufficient information to identify the Document and state the details concerning its loss.

8. With respect to any Document maintained or stored electronically, please harvest it in a manner that maintains the integrity and readability of all data, including all metadata.

9. Unless otherwise agreed, all ESI should be produced in native format via a secure file transfer protocol, or on compact disc(s), DVD disc(s) or zip drives in the original electronic file format(s) of the Documents.

10. Please produce all Documents maintained or stored electronically in native, electronic format with all relevant metadata intact. Encrypted or password-protected documents should be produced in a form permitting them to be reviewed. You are also requested to immediately meet and confer regarding the manner in which You shall produce Documents stored electronically in order for the parties to try and reach agreement in this regard and avoid any unnecessary expense.

11. Please organize electronic Documents produced for inspection in the same manner that You store them (e.g., if maintained by a custodian, such as e-mail residing on an e-mail server, please organize documents for production by custodian; if maintained as a subfolder of "My Documents" on a custodian's hard drive, please organize documents for production by custodian with path information preserved, etc.).

12. All ESI should be produced in accordance with the attached Stipulated Order Re: Discovery of Electronically Stored Information.

13. Documents attached to each other should not be separated, including, but not limited to, hard-copy versions of Documents attached to hard-copy printouts of e-mails produced pursuant to these Requests.

14. At Your election, documents maintained or stored in paper, hard-copy form can be produced as searchable .PDF (i.e., portable document format files with embedded text) and in an appropriate and usable manner (e.g., by copying such data onto an external hard drive).

15. These requests require production of paper documents in the same form and same order as they are kept in the usual course of business, or organized and labeled to correspond with the requests set forth below. If You choose the former method, the documents are to be produced in the boxes, file folders, binders and other containers in which the documents are found. The titles, labels or other descriptions on the boxes, file folders, binders or other containers are to be left intact.

16. Documents stored as electronic data on magnetic, optical, or other storage media as "active" or "backup" files shall be produced in their native formats with any associated metadata.

17. To the extent responsive Documents reside on databases and other such systems and files, You are requested to produce the relevant database in useable form and/or permit access for inspection, review, and extraction of responsive information.

18. To the extent responsive Documents are in languages other than English, the parties shall meet and confer to discuss the format of production prior thereto.

19. No part of a document request shall be left unanswered merely because an objection was

interposed to another part of the document request.

20. If You object to any document request or subpart thereof, the objection shall state with specificity all grounds. Any ground not stated shall be waived.

21. If You are unable to answer any document request, the reasons for Your inability to answer shall be separately stated in detail for each document request.

22. Category headings herein are for convenience and should not be relied upon to modify, limit, alter or otherwise influence in any way how to interpret these document requests.

## III. <u>RELEVANT TIME PERIOD</u>

Unless otherwise noted herein, the relevant time period of these document requests is July 1, 2015, until the present (the "**Relevant Time Period**"). These document requests seek all responsive Documents created or generated during the Relevant Time Period, as well as responsive Documents created or generated outside the Relevant Time Period, but which contain information concerning the Relevant Time Period.

IV.    **PRODUCTION REQUESTS**

REQUEST NO. 1.

Pursuant to 18 U.S.C. § 2702(c)(6), all non-content subscriber records and account information for the individuals listed in Exhibit 1.[1]

Subscriber records and account information should include, but are not limited to, the following:

- Subscriber registration information, including, but not limited to, full names; associated email addresses; associated telephone numbers; associated addresses; user IDs, usernames, or handles; and dates of birth (if collected);

- IP address logs and login/logout history, including the date/time stamps (with time zone); IP addresses; port numbers; and associated session identifiers for each successful or attempted login during the Relevant Time Period;

- All activity logs or log files for the accounts showing all user activities during the Relevant Period, excluding information that may contain content data. User activities include, without limitation:

  o Engaging in one-to-one and group messaging communications, including sender and recipient identifiers (e.g., user IDs/handles/phone numbers), group identifiers, date/time stamps (with time zone), delivery status, and message size/length, excluding message contents;

---

[1] Exhibit 1 contains potential login identifiers for the listed individuals but is non-exhaustive. Because the complete list of associated account information for each individual will be within Your possession, custody, and control, Plaintiffs respectfully request to meet and confer on this Request.

- o  Engaging in one-to-one and group calls (voice/video), including caller/callee identifiers, date/time stamps (with time zone), call duration, and call disposition, excluding call contents;

- o  Participating in group memberships, including group identifiers, group name, date/time of user joining/leaving, and group admin(s), excluding any content of group messages;

- o  Uploading videos or other posts; making comments on other users' posts; reacting to other users' posts; saving or bookmarking other users' posts; messaging, following, or "friending" other users; participating in live chats; and/or utilizing other public or private social networking activities You facilitate, including the date, time, and user(s) associated with the individual's use of Your features.

- Device information, including device type, OS version, device identifiers (e.g., device tokens, serial numbers, advertising ID where applicable), app version, and date/time stamps of devices associated with each account;

- Current account status (active, deactivated, permanently deleted) and records identifying the creation, deletion, deactivation, or reactivation of each account, including date/time stamps and the method by which such action occurred;

- Other account changes and events, including username changes, profile changes, linked accounts, password resets, recovery email/phone changes, two-factor authentication activation/deactivation, and date/time stamps for such events;

- All preservation/retention and privacy settings, including changes in settings and the dates on which they occurred. This includes, but is not limited to, records of content

deletion events or disappearing content settings, including when disappearing timers were enabled/modified and their durations, and date/time of content deletions (if maintained).

- Any preservation requests, legal process logs, or legal holds relating to the account, including the date of receipt of legal process and the categories of information preserved;

- Payment and billing records (if any), including payment method type (with masked numbers only), billing address, dates of payments, subscription status, and transaction logs, excluding full financial account numbers.

Exhibit 1

| Name | Employer | Associated Phone Numbers | Associated Email Addresses | Associated Usernames |
|---|---|---|---|---|
| Akosa Akpom | TKO Operating Company, LLC | | | |
| David Avery | TKO Operating Company, LLC | | | |
| Denitza Batchvarova | Zuffa, LLC | | | |
| Nakisa Bidarian | Zuffa, LLC | | | |
| Tracey Bleczinski | TKO Operating Company, LLC | | | |
| Craig Borsari | Zuffa, LLC | | | |
| Hunter Campbell | Zuffa, LLC | | | |
| Deborah Cook | TKO Operating Company, LLC | | | |
| Peter Dropick | Zuffa, LLC | | | |
| Ariel Emanuel | Endeavor Group Holdings, Inc.; TKO Operating Company, LLC | | | |
| Lawrence "Ike" Epstein | Zuffa, LLC | | | |
| Chadwick Hurley | Zuffa, LLC | | | |
| Tracy Long | Zuffa, LLC | | | |
| Jason Lublin | Endeavor Group Holdings, Inc. | | | |
| Michael "Mick" Maynard | Zuffa, LLC | | | |
| Michael Mossholder | Zuffa, LLC | | | |
| Grant Norris-Jones | TKO Operating Company, LLC | | | |
| Brittany Santypal | TKO Operating Company, LLC | | | |
| Andrew Schleimer | Zuffa, LLC | | | |
| Mark Shapiro | Endeavor Group Holdings, Inc.; TKO Operating Company, LLC | | | |
| David Shaw | TKO Operating Company, LLC | | | |
| Sean Shelby | Zuffa, LLC | | | |
| Joe Silva | Zuffa, LLC; TKO Operating Company, LLC | | | |
| Dana White | Zuffa, LLC; TKO Operating Company, LLC | | | |

| | |
|---|---|
| Seth Zaslow | TKO Operating Company, LLC |
| Marshall Zelaznik | Zuffa, LLC; TKO Operating Company, LLC |
| Albert Acosta | Endeavor Group Holdings, Inc. |
| Olsvaldo Arias | Zuffa, LLC; TKO Operating Company, LLC |
| Tony Barboza | Zuffa, LLC; TKO Operating Company, LLC |
| Buffey Curtis | Zuffa, LLC; TKO Operating Company, LLC |
| Nichole Durand | Zuffa, LLC; TKO Operating Company, LLC |
| Egon Durban | Zuffa, LLC; TKO Operating Company, LLC |
| Jamie Euster | Endeavor Group Holdings, Inc. |
| Keith Friedenberg | Endeavor Group Holdings, Inc. |
| Graham Fry | Endeavor Group Holdings, Inc. |
| Tim Gardner | Endeavor Group Holdings, Inc. |
| Rami Genauer | Zuffa, LLC; TKO Operating Company, LLC |
| Christoph Goessing | Zuffa, LLC; TKO Operating Company, LLC |
| Krista Hall | Zuffa, LLC; TKO Operating Company, LLC |
| Reed Harris | Zuffa, LLC; TKO Operating Company, LLC |
| Shane Kapral | Zuffa, LLC; TKO Operating Company, LLC |
| Seth Krauss | Endeavor Group Holdings, Inc. & Zuffa, LLC; TKO Operating Company, LLC |
| Ajay Madkekar | Endeavor Group Holdings, Inc. |
| David Phillips | Endeavor Group Holdings, Inc. |
| Chris Provino | Zuffa, LLC; TKO Operating Company, LLC |

| | |
|---|---|
| Marc Ratner | Zuffa, LLC; TKO Operating Company, LLC |
| Zack Rose | Endeavor Group Holdings, Inc. |
| Jonathan Shin | Zuffa, LLC; TKO Operating Company, LLC |
| Brandon Stuckenberg | Zuffa, LLC; TKO Operating Company, LLC |
| Robert Crowley Sullivan | Zuffa, LLC; TKO Operating Company, LLC |
| Blake Ulrich | Endeavor Group Holdings, Inc. |
| Marc Webster | Endeavor Group Holdings, Inc. |
| Patrick Whitesell | Zuffa, LLC; TKO Operating Company, LLC |
| Matt Woodmancy | Endeavor Group Holdings, Inc. |
| Chika Yoshinaga | Zuffa, LLC; TKO Operating Company, LLC |
| Nick Zombolas | Zuffa, LLC; TKO Operating Company, LLC |
| Sam Zussman | Endeavor Group Holdings, Inc. |