| | |
|---|---|
| WILLIAM A. ISAACSON (*Pro hac vice*) <br> wisaacson@dirllp.com <br> JESSICA PHILLIPS (*Pro hac vice*) <br> jphillips@dirllp.com <br> AGBEKO PETTY (*Pro hac vice*) <br> apetty@dirllp.com <br> DUNN ISAACSON RHEE LLP <br> 401 Ninth Street NW <br> Washington, DC 20004 <br> Tel: (202) 240-2900 <br><br> DONALD J. CAMPBELL (No. 1216) <br> djc@cwlawlv.com <br> J. COLBY WILLIAMS (No. 5549) <br> jcw@cwlawlv.com <br> CAMPBELL & WILLIAMS <br> 710 South 7th Street <br> Las Vegas, NV 89101 <br> Tel: (702) 382-5222 | CHRISTOPHER S. YATES (*Pro hac vice*) <br> chris.yates@lw.com <br> AARON T. CHIU (*Pro hac vice*) <br> aaron.chiu@lw.com <br> LATHAM & WATKINS LLP <br> 505 Montgomery Street, Suite 2000 <br> San Francisco, CA 94111 <br> Tel: (415) 391-0600 <br><br> [Additional counsel listed on signature page] <br><br> *Attorneys for Defendants Zuffa, LLC, TKO Operating Company, LLC and Endeavor Group Holdings, Inc.* |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| KAJAN JOHNSON, CLARENCE DOLLAWAY, AND TRISTAN CONNELLY, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> ZUFFA, LLC, TKO Operating Company, LLC f/k/a Zuffa Parent LLC (d/b/a Ultimate Fighting Championship and UFC), and ENDEAVOR GROUP HOLDINGS, INC., <br><br> Defendants. | Case No.: 2:21-cv-01189-RFB-BNW <br><br> **DEFENDANTS' NOTICE OF MOTION TO STAY DISCOVERY ORDER** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendants Zuffa, LLC, Endeavor Group Holdings, Inc., TKO Operating Company, LLC, Zuffa Parent, LLC, and TKO Group Holdings, Inc., (collectively, "Defendants") will and hereby do move this Court for an order staying this Court's January 6, 2026 discovery order pending resolution of Defendant's Petition for a Writ of Mandamus before the Ninth Circuit.

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, pleadings and records on file, and such other evidence and arguments as may be presented to the Court.

Dated: January 20, 2026

Respectfully Submitted,

*/s/ Christopher Yates*

| | |
|---|---|
| WILLIAM A. ISAACSON<br>(*Pro hac vice*)<br>wisaacson@dirllp.com<br>JESSICA PHILLIPS<br>(*Pro hac vice*)<br>jphillips@dirllp.com<br>AGBEKO PETTY<br>(*Pro hac vice*)<br>apetty@dirllp.com<br>DUNN ISAACSON RHEE LLP<br>401 Ninth Street NW<br>Washington, DC 20004<br>Tel: (202) 240-2900<br><br>DONALD J. CAMPBELL (No. 1216)<br>djc@cwlawlv.com<br>J. COLBY WILLIAMS (No. 5549)<br>jcw@cwlawlv.com<br>CAMPBELL & WILLIAMS<br>710 South 7th Street<br>Las Vegas, NV 89101<br>Tel: (702) 382-5222 | CHRISTOPHER S. YATES<br>(*Pro hac vice*)<br>chris.yates@lw.com<br>AARON T. CHIU<br>(*Pro hac vice*)<br>aaron.chiu@lw.com<br>LATHAM & WATKINS LLP<br>505 Montgomery Street, Suite 2000<br>San Francisco, CA 94111<br>Tel: (415) 391-0600<br><br>SEAN M. BERKOWITZ<br>(*Pro hac vice*)<br>sean.berkowitz@lw.com<br>LATHAM & WATKINS LLP<br>330 North Wabash Ave, Suite 2800<br>Chicago, IL 60611<br><br>JOSEPH AXELRAD<br>(*Pro hac vice*)<br>joseph.axelrad@lw.com<br>LAURA WASHINGTON<br>(*Pro hac vice*)<br>laura.washington@lw.com<br>LATHAM & WATKINS LLP<br>10250 Constellation Blvd, Suite 1100<br>Los Angeles, CA 90067<br>Tel: (424) 653-5500 |

*Attorneys for Defendants Zuffa, LLC, TKO Operating Company, LLC, and Endeavor Group Holdings, Inc.*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On January 6, 2026, the Court issued an oral discovery order ("Order") requiring Defendants to produce privileged documents for in camera review, including past and future communications with counsel, and a privilege log detailing those documents. *See* Dkt. 353 at 29:02-22 (ordering a privilege log into "the whole universe" of "any and all communications regarding the litigation hold" including future communications up to January 26, 2026). The Court also ordered Zuffa, LLC executives Dana White and Tracy Long to testify as to these privileged communications with counsel. *See id.* at 10:25-11:21, 13:07-14 (ordering questioning into communications "which would otherwise implicate [] privilege" because of the "indicia of spoliation"). The Order requires document production by January 26, 2026, and testimony from Mr. White and Ms. Long by February 4, 2026. *See id.* at 04:19-22, 06:10-16. On January 20, 2026, Defendants filed a Petition for a Writ of Mandamus ("Petition") with the Ninth Circuit seeking review of the Order. *See* Exh. A (Petition).

Given the rapidly approaching deadlines set by the Order and the sensitive nature of the discovery required by the Order, Defendants respectfully move for a stay of the Order until the Ninth Circuit has ruled on Defendants' pending Petition.

## II. STANDARD

This Court has discretion to stay its orders while the Ninth Circuit resolves a mandamus petition seeking review of those orders. Fed. R. App. 8. "In determining whether to exercise its discretion, district courts must apply a four-factor test similar to that which it applies in reviewing requests for a preliminary injunction." *J.J.D. v. City of Torrance*, 2016 WL 6674996, at *2 (C.D. Cal. Mar. 22, 2016); *see also Lopez v. Heckler*, 713 F.2d 1432, 1435 (9th Cir.1983) ("The standard for evaluating stays pending appeal is similar to that employed by district courts in deciding whether to grant a preliminary injunction."). Those factors are: (1) the movant's likely success on the merits; (2) irreparable injury to the movant absent a stay; (3) substantial injury to other parties in the proceeding if a stay issues; and (4) the public interest. *See Nken v. Holder*, 556 U.S. 418, 433-34 (2009). Where the "the balance of hardships tips sharply in the [petitioner's] favor," the

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFS.' NOTICE OF MOTION TO STAY DISCOVERY ORDER

2

CASE NO. 21-CV-01189-RFB-BNW

1  movant need not establish a likelihood of success. *Alliance for the Wild Rockies v. Cottrell*, 632
2  F.3d 1127, 1131 (9th Cir. 2011). Instead, it is enough to show "serious questions going to the
3  merits." *Id.* "A 'serious questions' standard is particularly appropriate when a district court is
4  asked to stay its own order," precisely because "the court has already determined that the applicant
5  failed to succeed on the merits." *In re A2P SMS Antitrust Litig.*, 2014 WL 4247744, at *2
6  (S.D.N.Y. Aug. 27, 2014). Those factors, as applied to the facts of this case, justify a stay here.

## III. A STAY OF THE ORDER IS WARRANTED UNDER THE APPLICABLE LEGAL STANDARD

### A. Defendants Have Shown At Least A Serious Question Going to the Merits

When determining whether to grant mandamus, the Ninth Circuit will consider the lack of other means to obtain relief, damage to the petitioner that is not correctable on appeal, whether the district court's order was erroneous, and the importance and pervasiveness of legal issues in the petition. *See Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court*, 408 F.3d 1142, 1146 (9th Cir. 2005). These factors "are not exhaustive, and need not all be met in order to grant mandamus relief." *Barnes v. Sea Hawaii Rafting, LLC*, 889 F.3d 517, 535 (9th Cir. 2018) (citations and quotation marks omitted).

Defendants' Petition is likely to succeed under these factors or, at the very least, demonstrates a serious question going to the merits. A discovery ruling "injurious" to the attorney-client privilege is the paradigm case for mandamus relief. *See Hernandez v. Tanninen*, 604 F.3d 1095, 1101 (9th Cir. 2010). Here, the Petition challenges the Order's mandate to produce past and future privileged communications and presents important questions regarding the scope of the attorney-client privilege. *See Toomey v. Arizona*, 2021 WL 4915370, at *1, *3 (D. Ariz. Oct. 21, 2021) (granting a motion to stay pending appeal where defendants challenged extensive production of privileged documents, including "legal advice," based on privilege).

Moreover, Defendants will suffer irreparable injury without a stay because "production of the [privileged] documents [] cannot be entirely undone even if the Ninth Circuit [] ultimately rules in Defendants' favor." *Toomey* at *1; *see also Harris v. State of Washington Dep't of Soc. & Health Servs.*, 2013 WL 3936803, at *2 (W.D. Wash. July 30, 2013) (granting a stay of a discovery

order pending appeal because allowing discovery "would ring a bell that could not be unrung"). Because the Order threatens harm that is not correctable on appeal, Defendants have no other means but the Petition to secure relief. *See Toomey*, 2021 WL 4915370, at *3 ("The Writ of Mandamus to the Ninth Circuit Court of Appeals is Defendants' only avenue for appeal of the privilege issue. Should the requested stay be denied, Defendants' appeal of that issue would be effectively rendered moot."). This is precisely why the Ninth Circuit has consistently found mandamus relief necessary to correct "erroneous[]" rulings which narrow the protections of attorney-client privilege. *Hernandez*, 604 F.3d at 1101.

Accordingly, under the relevant legal standard, the Petition is likely to succeed before the Ninth Circuit. At the very least, the Petition presents a "serious question[] going to the merits," which requires appellate review and a stay of the Order. *Alliance for the Wild Rockies*, 632 F.3d at 1131.

### B. Production of Privileged Information While The Petition is Pending Will Cause Defendants Irreparable Harm

As set forth in Sec. III(A), *supra*, compelling Defendants to broadly produce their privileged, strategic communications to the Court in this case will "ring a bell that [cannot] be unrung." *Harris*, 2013 WL 3936803, at *2. The Court, and possibly Plaintiffs' counsel, will learn confidential legal strategy which they "cannot unlearn" once disclosed. *Chase Manhattan Bank, N.A. v. Turner & Newall, PLC*, 964 F.2d 159, 165 (2d Cir. 1992); *see also Toomey*, 2021 WL 4915370, at *1. Even disclosure to the Court for *in camera* review will reveal private communications about this case that may prejudice Defendants moving forward. Once this production is made, appeal cannot undo the damage. *See Hernandez*, 604 F.3d at 1101 ("[A]n appeal after disclosure of the privileged communication is an inadequate remedy for the irreparable harm a party likely will suffer if erroneously required to disclose privileged materials . . . .") (citations omitted). Thus, a stay of the Order is necessary to prevent the clear, irreparable harm of disclosure that the privilege rights protect against.

**C. A Stay Will Not Cause Substantial Injury to Any Other Party In The Proceeding**

While Defendants face irreversible harm absent a stay, the harm, if any, to Plaintiffs under the proposed stay is minimal. *See Toomey*, 2021 WL 4915370, at *3 ("[A]ny harm to Plaintiff that a stay might cause is outweighed by the harm to Defendants that would occur absent a stay."). If the Petition is granted by the Ninth Circuit, Plaintiffs will be unaffected and irreparable injury to Defendants will be avoided. Even if the Petition is denied, any possible delay caused by a stay of the Order poses little risk of harm to Plaintiffs. The stay will delay just a narrow portion of discovery in a case where significant discovery has already been produced. *See, e.g.*, Dkt. 344 at 7 ("To date, Defendants have produced a total of 1,013,461 documents, encompassing 4,829,393 pages—more than sufficient under proportionality rules in a follow-on litigation."). Moreover, fact discovery does not close for seven more months, with expert reports due in eight months. *See* Dkt. 229 (Operative Case Schedule) at 10. Plaintiffs are not likely to not suffer any harm under the stay, and in any event, such harm would be strongly outweighed by the irreparable injury Defendants would face without it.

**D. The Public Interest Is Best Served By Protecting Privileged Communications Pending Appeal**

The attorney-client privilege is a bedrock legal principle which "serves to protect confidential communications between a party and its attorney in order to encourage 'full and frank communication between attorneys and their clients and [] promote broader public interests in the observance of law and administration of justice.'" *Premiere Digital Access, Inc. v. Cent. Tel. Co.*, 360 F. Supp. 2d 1168, 1172 (D. Nev. 2005) (citing *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981)). Likewise, "[t]he public interest is served in preserving the integrity of the right to appellate review." *In re SK Foods, L.P.*, 2009 WL 5206639, at *4 (E.D. Cal. Dec. 24, 2009). If a stay is not granted, Defendants will lose the ability to meaningfully appeal the issue of privilege because their protected communications will already be revealed. *See* Sec. III(B), *supra*; *Harris*, 2013 WL 3936803, at *2 (finding that ordering production of protected information pending

1  appeal "would ring a bell that could not be unrung").  Here, declining to stay the Order would
2  unjustifiably deprive the Ninth Circuit of the opportunity to fully consider Defendants' Petition
3  and would deprive litigants and district courts of much-needed clarity on the questions it presents.
4  Thus, the public interest considerations are especially strong here, where "interim relief is" an
5  indispensable "means of ensuring that appellate courts can responsibly fulfill their role in the
6  judicial process."  *See Nken*, 556 U.S. at 427; *see also Toomey*, 2021 WL 4915370, at *3 (finding
7  a stay of a discovery order best served the public interest through "preservation of the right to
8  appeal and [] proper application of the attorney-client privilege.").

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant a stay of the Order pending the Ninth Circuit's ruling on the Petition.

| | | |
|---|---|---|
| 1 | Dated: January 20, 2026 | Respectfully Submitted, |
| 2 | | /s/ Christopher Yates |
| 3 | WILLIAM A. ISAACSON<br>(*Pro hac vice*) | CHRISTOPHER S. YATES<br>(*Pro hac vice*) |
| 4 | wisaacson@dirllp.com<br>JESSICA PHILLIPS | chris.yates@lw.com<br>AARON T. CHIU |
| 5 | (*Pro hac vice*)<br>jphillips@dirllp.com | (*Pro hac vice*)<br>aaron.chiu@lw.com |
| 6 | AGBEKO PETTY<br>(*Pro hac vice*) | LATHAM & WATKINS LLP<br>505 Montgomery Street, Suite 2000 |
| 7 | apetty@dirllp.com<br>DUNN ISAACSON RHEE LLP | San Francisco, CA 94111<br>Tel: (415) 391-0600 |
| 8 | 401 Ninth Street NW<br>Washington, DC 20004 | SEAN M. BERKOWITZ |
| 9 | Tel: (202) 240-2900 | (*Pro hac vice*)<br>sean.berkowitz@lw.com |
| 10 | DONALD J. CAMPBELL (No. 1216)<br>djc@cwlawlv.com | LATHAM & WATKINS LLP<br>330 North Wabash Ave, Suite 2800 |
| 11 | J. COLBY WILLIAMS (No. 5549)<br>jcw@cwlawlv.com | Chicago, IL 60611 |
| 12 | CAMPBELL & WILLIAMS<br>710 South 7th Street | JOSEPH AXELRAD<br>(*Pro hac vice*) |
| 13 | Las Vegas, NV 89101<br>Tel: (702) 382-5222 | joseph.axelrad@lw.com<br>LAURA WASHINGTON |
| 14 | | (*Pro hac vice*)<br>laura.washington@lw.com |
| 15 | | LATHAM & WATKINS LLP<br>10250 Constellation Blvd, Suite 1100 |
| 16 | | Los Angeles, CA 90067<br>Tel: (424) 653-5500 |

*Attorneys for Defendants Zuffa, LLC, TKO Operating Company, LLC, and Endeavor Group Holdings, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing Motion to Stay was served on January 20, 2026 via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

/s/ Christopher Yates
Christopher Yates (*pro hac vice*) of
LATHAM & WATKINS LLP