Joseph R. Saveri (*pro hac vice*)
Christopher K.L. Young (*pro hac vice*)
Kevin E. Rayhill (*pro hac vice*)
Itak Moradi (*pro hac vice*)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, CA 94108
Telephone: (415) 500-6800
Facsimile:  (415) 315-9940
jsaveri@saverilawfirm.com
cyoung@saverilawfirm.com
krayhill@saverilawfirm.com
imoradi@saverilawfirm.com

*Counsel for Plaintiffs and the Proposed Classes*

[Additional Counsel Listed on Signature Page]

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| KAJAN JOHNSON, CLARENCE DOLLAWAY, and TRISTAN CONNELLY, on behalf of themselves and all others similarly situated,<br><br>                Plaintiffs,<br><br>    v.<br><br>Zuffa LLC, TKO Operating Company, LLC f/k/a Zuffa Parent LLC (d/b/a Ultimate Fighting Championship and UFC) and Endeavor Group Holdings, Inc.,<br><br>                Defendants. | Case No. 2:21-cv-01189-RFB-BNW<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO SEAL DOCUMENTS CITED IN SUPPORT OF PLAINTIFFS' STATEMENT REGARDING SPOLIATION QUESTIONING AND THE SCOPE OF PRIVILEGE AND RESPONSE TO DEFENDANTS' POSITION STATEMENT (*JOHNSON* ECF NO. 350; *CIRKUNOVS*, ECF NO. 129; *DAVIS*, ECF NO. 127)** |
| MIKHAIL CIRKUNOVS, on behalf of himself and all others similarly situated,<br><br>                Plaintiff,<br><br>    v.<br><br>Zuffa LLC, TKO Operating Company, LLC f/k/a Zuffa Parent LLC (d/b/a Ultimate Fighting | No.: 2:25-cv-00914-RFB-BNW |

Case Nos. 2:21-cv-01189-RFB-BNW, 2:25-cv-00914-RFB-BNW, 2:25-cv-00946-RFB-BNW

| | |
|---|---|
| Championship and UFC) and Endeavor Group Holdings, Inc.,<br><br>                    Defendants. | |
| PHIL DAVIS, on behalf of himself and all others similarly situated,<br>                    Plaintiff,<br><br>         v.<br><br>Zuffa LLC, TKO Group Holdings, Inc. (d/b/a Ultimate Fighting Championship and UFC), and Endeavor Group Holdings, Inc.,<br><br>                    Defendants. | No.: 2:25-cv-00946-RFB-BNW |

ii

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO SEAL

## **TABLE OF CONTENTS**

I.      INTRODUCTION ...................................................................................................1

II.     LEGAL STANDARD ............................................................................................2

III.    ARGUMENT ........................................................................................................3

        A.      Defendants Fail to Provide Specific Factual Basis in Support of their Requests
                and Fail to Articulate Any Harm that Could Result from Unsealing. ......................3

                1.      Exhibit 1 (*Johnson* ECF No. 350-3) .............................................3

                2.      Exhibit 2 (*Johnson* ECF No. 350-4) .............................................4

                3.      Plaintiffs' Statement (*Johnson* ECF No. 350) ...............................5

        B.      The Interest of the Named Plaintiffs, Class Members, the Public, and the Press in
                Access to the Documents Defendants Seek to Seal Outweighs any Purported
                Privacy or Confidentiality Interest Zuffa Asserts ....................................................6

IV.     CONCLUSION ......................................................................................................7

1

<u>**TABLE OF AUTHORITIES**</u>

2

**Page(s)**

3

**Federal Cases**

4

*Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470 (9th Cir. 1992).................................3

5

*Carpenter v. Denny*, No. 2:23-cv-00208-RFB-NJK,

6
        2024 WL 4349353 (D. Nev. Sept. 29, 2024)..........................................4

7

*Contratto v. Ethicon, Inc.*, 227 F.R.D. 304 (N.D. Cal. 2005)..........................................3

8

*In re Elec. Arts, Inc.*, 298 F. App'x 568 (9th Cir. 2008)..........................................5

9

*Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122 (9th Cir. 2003) ..........................1, 2, 3, 5

10

*Glenmede Trust Co. v. Thompson*, 56 F.3d 476 (3d Cir.1995)..........................................6

11

*Harper v. Nevada Prop. 1, LLC*, 552 F. Supp. 3d 1033 (D. Nev. 2021) ..........................4

12

*Hodges v. Apple Inc.*, No. 13-cv-01128-WHO (WHO),

13
        2013 WL 6070408 (N.D. Cal. Nov. 18, 2013) ..........................................2

14

*Hunt v. VEP Healthcare*, No. 16-cv-04790-VC,

15
        2017 WL 3608297 (N.D. Cal. Aug. 22, 2017) ..........................................3

16

*Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172 (9th Cir. 2006)..........................1, 2

17

*Marsh v. First Bank of Del.*, No. 11-cv-05226- WHO,

18
        2014 WL 117086 (N.D. Cal. Jan. 13, 2014) ..........................................2

19

*Mohazzabi v. Wells Fargo, N.A.*, No. 2:18-cv-02137-RFB-VCF,
        2019 WL 4675768 (D. Nev. Sept. 25, 2019) ..........................................4

20

*Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589 (1978) ..........................................5

21

*Phillips v. Gen. Motors*, 307 F.3d 1206 (9th Cir. 2002) ..........................................1, 2, 6

22

*Pulse Elecs., Inc. v. U.D. Elec. Corp.*, 530 F. Supp. 3d 988 (S.D. Cal. 2021) ..........................5

23

*Shane Grp., Inc. v. Blue Cross Blue Shield*, 825 F.3d 299 (6th Cir. 2016)..........................2, 3

24

*TriQuint Semiconductor, Inc. v. Avago Techs., Ltd,.* No. CV 09-1531-PHX-JAT,

25
        2011 WL 4947343 (D. Ariz. Oct. 18, 2011) ..........................................3

26

**Rules**

27

Fed. R. Civ. P. 5.2..........................................4

28

### KEY OF FILINGS AT ISSUE

| Date | Public Dkt. | Sealed Dkt. | Filing Name & Convention |
|------|-------------|-------------|--------------------------|
| 1/5/2026 | ECF No. 350 (*Johnson*)<br><br>ECF No. 127 (*Davis*)<br><br>ECF No. 129 (*Cirkunovs*) | ECF No. 352 (*Johnson*)<br><br>ECF No. 129 (*Davis*)<br><br>ECF No. 131 (*Cirkunovs*) | Plaintiffs' Statement Regarding Spoliation Questioning and the Scope of Privilege and Response to Defendants' Position Statement<br><br>(Plaintiffs' Statement") |
| 1/5/2026 | ECF No. 350-3 (*Johnson*)<br><br>ECF No. 127-3 (*Davis*)<br><br>ECF No. 129-3 (*Cirkunovs*) | ECF No. 352, Ex. 1 (*Johnson*)<br><br>ECF No. 129, Ex. 1 (*Davis*)<br><br>ECF No. 131, Ex. 1 (*Cirkunovs*) | Exhibit 1 to Plaintiffs' Statement<br><br>("Exhibit 1") |
| 1/5/2026 | ECF No. 350-4 (*Johnson*)<br><br>ECF No. 127-4 (*Davis*)<br><br>ECF No. 129-4 (*Cirkunovs*) | ECF No. 352, Ex. 2 (*Johnson*)<br><br>ECF No. 129, Ex. 2 (*Davis*)<br><br>ECF No. 131, Ex. 2 (*Cirkunovs*) | Exhibit 2 to Plaintiffs' Statement<br><br>("Exhibit 2") |
| 1/12/2026 | ECF No. 360<br><br>ECF No. 134 (*Davis*)<br><br>ECF No. 138 (*Cirkunovs*) | N/A | Defendants' Instant Motion to Seal |

## I.     INTRODUCTION

Plaintiffs oppose the majority of Defendants Zuffa LLC ("Zuffa"), TKO Operating Co. ("TKO"), and Endeavor Group Holdings, Inc.'s ("Endeavor", with Zuffa and TKO, "Defendants") Motion to Seal portions of Plaintiffs' Statement Regarding Spoliation Questions and the Scope of Privilege and the attached Exhibits 1 and 2 (*Johnson* ECF No. 360; *Cirkunovs* ECF No. 138; *Davis* ECF No. 134, "Motion" or "Mot.").

Plaintiffs do not oppose the request to seal non-UFC email addresses, UFC phone numbers, and UFC fax numbers in Exhibit 1, and propose a limited redaction of the fighter names in Exhibit 2 to protect sensitive privacy interests. Otherwise, Defendants' Motion as to the remaining requests— (1) redaction of a known UFC fighter identified in Exhibit 1; (2) the request to seal Exhibit 2 in full; and (3) the request to redact reference to a Dana White text in Plaintiffs' Statement—should each be denied in turn.

As with a recently filed Motion to Seal (*Johnson* ECF No. 272), Defendants fail to meet the good cause standard required to overcome the Ninth Circuit's presumption of public access, which applies to non-dispositive discovery papers. *Phillips v. Gen. Motors*, 307 F.3d 1206, 1210 (9th Cir. 2002). Defendants make no attempt to meet their burden to make a particularized showing, for each document they seek to protect, of the specific prejudice or harm that would occur if no protection were granted. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003) ("*Foltz*").

First, Defendants provide no explanation or authority for the unreasonable proposition that the name of a known UFC fighter should be redacted (Exhibit 1) because its disclosure would cause competitive harm. Mot. at 2. Second, Defendants seek to fully seal as "commercially sensitive" a dated negotiation email, but the email concerns a retired fighter and is six years old (Exhibit 2).[1] Third, the request to redact a quote from Dana White about his communication preference as somehow private strains credulity. Finally, the interests of the class and the public in access

---

[1] Instead, Plaintiffs here propose a "limited and clear" redaction, which courts prefer over sealing an entire document where feasible. *See Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1183.

documents relevant to an ongoing discovery proceeding outweighs any limited purported privacy or confidentiality interests.

## II.    LEGAL STANDARD

Courts in the Ninth Circuit maintain "a strong presumption in favor of access" to judicial records attached to dispositive motions. *Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) ("*Kamakana*") (citation omitted). This is true even outside the context of dispositive motions: "[I]t is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public." *Phillips v. Gen. Motors*, 307 F.3d at 1210.

A party seeking to seal discovery documents must make a "particularized showing" under a "good cause" standard. *Foltz*, 331 F.3d at 1138 (9th Cir. 2003). Rather than sealing an entire document, courts prefer "limited and clear" redactions, if possible. *See Kamakana*, 447 F.3d at 1183. "An unsupported assertion of unfair advantage to competitors without explaining *how* a competitor would use the information to obtain an unfair advantage is insufficient." *Hodges v. Apple Inc*., No. 13-cv-01128-WHO (WHO), 2013 WL 6070408, at *2 (N.D. Cal. Nov. 18, 2013) (italics added) (citation omitted). Likewise, "[s]imply mentioning a general category of privilege, without any further elaboration or any specific linkage with the documents, does not satisfy the burden." *See Kamakana*, 447 F.3d at 1184.

Moreover, "in class actions—where by definition 'some members of the public are also parties to the [case]'—the standards for denying public access to the record should be applied … with particular strictness.'" *Shane Grp., Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 305 (6th Cir. 2016) (citation omitted) ("*Shane*"). Accord*, Marsh v. First Bank of Del*., No. 11-cv-05226- WHO, 2014 WL 117086, at *1 (N.D. Cal. Jan. 13, 2014) ("In a class action, the public right of access to court documents is especially heightened."). This is especially so in antitrust cases, where "the public's interest is focused not only on the result, but also on the conduct giving rise to the case. In those cases, secrecy insulates the participants, masking impropriety, obscuring incompetence, and concealing corruption." *Shane*, 825 F.3d at 305 (citation omitted).

"[E]ven where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason. The proponent of sealing therefore must analyze in detail, *document by document*, the propriety of secrecy, providing reasons and legal citations." *Id*. at 305-06 (emphasis added; citation omitted). Sealing information in a class action is inappropriate when doing so would "interfere with the right of class members to make an informed decision about whether to object or opt out." *Hunt v. VEP Healthcare*, No. 16-cv-04790-VC, 2017 WL 3608297, at *1 (N.D. Cal. Aug. 22, 2017).

## III.   ARGUMENT

### A.   Defendants Fail to Provide Specific Factual Basis in Support of their Requests and Fail to Articulate Any Harm that Could Result from Unsealing.

For each document Defendants seek to seal or redact, Defendants make broad characterizations of the document's contents, and make no effort to offer a declaration or any articulation of specific facts on which the Court could rely to find that these materials must be sealed.

Defendants must first show "for each particular document it seeks to protect ... that specific prejudice or harm will result" if not granted. *Foltz,* 331 F.3d at 1130. Defendants have not established any "specific prejudice or harm" that could result from disclosure. *Id*. Such a showing requires specific demonstrations of fact, supported where possible by affidavits and concrete examples, rather than broad, conclusory allegations of harm. *Contratto v. Ethicon, Inc*., 227 F.R.D. 304, 307-08 (N.D. Cal. 2005); *see also Beckman Indus., Inc. v. Int'l Ins. Co*., 966 F.2d 470, 476 (9th Cir. 1992); *TriQuint Semiconductor, Inc. v. Avago Techs., Ltd,*. No. CV 09-1531-PHX-JAT, 2011 WL 4947343 (D. Ariz. Oct. 18, 2011) (need to explain specific factual basis for why information must be sealed).

#### 1.   Exhibit 1 (*Johnson* ECF No. 350-3)

Exhibit 1 is a short email thread conveying the transmission of a bout agreement for a publicly identifiable fight scheduled to take place *over 9 years ago* for a known UFC fighter (without the actual agreement attached). Defendants assert there is good cause to redact the fighter's name because disclosure "would cause competitive harm and prejudice future

negotiations,"[2] but make no attempt to explain how or why.

<u>Not one authority</u> that Defendants cite here comes close to supporting this request. *See* Mot. at 2. Federal Rule 5.2 provides limited privacy protection for social security numbers, taxpayer-identification number, financial account numbers, birth dates, and the names of minors—not names of unnamed parties. *Harper* concerns specific, limited redactions for terms of a settlement agreement. *Harper v. Nevada Prop. 1, LLC*, 552 F. Supp. 3d 1033, 1042 (D. Nev. 2021). In *Mohazzabi*, the court sealed bank account documents containing a party's sensitive information as well as information proprietary to Wells Fargo. *Mohazzabi v. Wells Fargo, N.A.*, No. 2:18-cv-02137-RFB-VCF, 2019 WL 4675768, at *2, *4 (D. Nev. Sept. 25, 2019). In *Carpenter v. Denny*, this Court sealed a party employee's employment contract. *Carpenter v. Denny*, No. 2:23-cv-00208-RFB-NJK, 2024 WL 4349353, at *6 (D. Nev. Sept. 29, 2024). None of these authorities remotely support Defendants' proposition.

### 2.    Exhibit 2 (*Johnson* ECF No. 350-4)

Exhibit 2 is a 2019 email thread between Hunter Campbell and an agent for a UFC fighter regarding an offer for a now-retired fighter. Defendants seek to seal the email in its entirety, but do not explain their conclusory statement that disclosure of this dated document could cause competitive harm or prejudice future negotiations. While not identical to a negotiation email, the UFC has in the past made other more-than-five-year-old offers to fighters public. *See, e.g.*, Campbell Declaration, *Le*, ECF No. 879-79 (Oct. 24, 2023); Exhibits 51, 57, 77, 90 to Plaintiffs' Opposition to Summary Judgment, *Le*, ECF Nos. 926-53, 926-59, 926-79, 926-92 (Nov. 30,

---

[2] Plaintiffs do not oppose the request to seek non-UFC email addresses and all phone numbers and fax numbers, based on prior practice in this litigation. Although phone numbers do not qualify for mandatory redaction under Fed. R. Civ. P. 5.2 and Local Rule IC 6-1, past practice in the *Le* case has been to redact them even when unsealing the rest of documents.

2023).[3] Defendants also assert the email contains nonpublic payment information, which it does not. Because there is discussion of potentially sensitive information regarding the fighter, Plaintiffs propose redaction of fighter names and the fighter agent's name.

### 3. Plaintiffs' Statement (*Johnson* ECF No. 350)

Defendants seek to redact from Plaintiffs' Statement a quote from a discovery letter from Plaintiffs' counsel, which in turn briefly quotes a 2016 text thread from Dana White. The reference is to a quote concerning Mr. White's preference for manner of communication (email versus text), which Plaintiffs raise in the context of the ongoing spoliation proceedings before this Court. Defendants' assertion that this quote constitutes "confidential business information"—and as somehow describing Mr. White's "role at the company" and how he "conducts business"—such that disclosure would cause "competitive misuse or operational compromise" is truly perplexing. Mot. at 3. The ongoing spoliation proceedings are in the public record. Again, as with Exhibit 1, the authorities cited here are inapt. The cases Defendants rely upon concern whether the public had the right to access President Nixon's presidential tapes in the midst of his criminal trial[4]; a two-year-old commercial licensing agreement which Defendant contended contained trade secrets because the contract was in effect[5]; and certain customer and financial information that both litigants sought to seal.[6]

Defendants' efforts to seal each of these materials are *per se* insufficient. The Motion should be denied as to all requests but phone and fax numbers, non-UFC email addresses, and the fighter and agent names in Exhibit 2. *See Foltz*, 331 F.3d at 1130 (requiring a showing of the

---

[3] Further, Defendants' effort to fully seal documents dated more than a decade ago contravene the position taken by Zuffa in *Le*, that a five-year window of confidentiality for business information was appropriate. *See* Zuffa, LLC's Reply in Support of its Motion to Seal Exhibits and Protected Materials at the Evidentiary Hearing on Class Certification, *Le,* ECF No. 696 (July 12, 2019) (seeking to seal only materials from the period commencing in 2014, five years prior to the motion), as well as relevant authority that. *See* § VII.C.2 (cases describing 18-month-old, two-year-old, and four-year-old information as too stale to continue to be commercially sensitive).

[4] *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

[5] *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008).

[6] *Pulse Elecs., Inc. v. U.D. Elec. Corp.*, 530 F. Supp. 3d 988, 999 (S.D. Cal. 2021).

1    specific harm that would result from disclosure of each document).

2    **B.    The Interest of the Named Plaintiffs, Class Members, the Public, and the Press in Access to the Documents Defendants Seek to Seal Outweighs any Purported Privacy or Confidentiality Interest Zuffa Asserts**

4    In balancing the public and private interests, courts have looked to the following factors: (1)

5    whether disclosure will violate any privacy interests; (2) whether the information is being sought for a

6    legitimate purpose or for an improper purpose; (3) whether disclosure of the information will cause a

7    party embarrassment; (4) whether confidentiality is being sought over information important to public

8    health and safety; (5) whether the sharing of information among litigants will promote fairness and

9    efficiency; (6) whether a party benefitting from the order of confidentiality is a public entity or

10    official; and (7) whether the case involves issues important to the public. *Glenmede Trust Co. v.*

11    *Thompson*, 56 F.3d 476, 483 (3d Cir.1995), cited with approval in *Phillips*, 307 F.3d at 1211–12.

12    As set forth above, disclosure of the materials at issue here will not violate any privacy

13    interest or disclose any sensitive business information, and Defendants have offered no basis on

14    which the Court could conclude that Defendants or their employees would be embarrassed by the

15    contents of these materials. Further, Plaintiffs seek to unseal the information at issue here so that

16    members of the proposed Class and the press will have access to the full account of the briefings at

17    issue here. Disclosing these materials that do not meet the good cause standard also would promote

18    fairness and efficiency, as sealing materials from public view is both more cumbersome on Plaintiffs

19    when filing briefs (and can be waived on a whim by Defendants if they believe it will help their

20    position in public opinion) and makes evaluation of Plaintiffs' positions by the Class, the press, and

21    the public, more difficult.[7]

22    //

23    //

24

25

26

---

27    [7] There does not appear to be any issue concerning whether these materials are important to public health and safety. Similarly, the party benefiting from confidentiality is not a public entity or official. Factors 4 and 7 are neutral.

28

1    **IV.    CONCLUSION**

2         Based on the foregoing, Plaintiffs request that the Court deny Defendants' motion other

3    than as to the numbers and non-UFC email address redactions requested for Exhibit 1.

4

5    Dated: January 26, 2026         Respectfully submitted,

6         */s/ Joseph R. Saveri*

7            Joseph R. Saveri

8         Joseph R. Saveri (*pro hac vice*)
     Christopher K.L. Young (*pro hac vice*)

9         Kevin E. Rayhill (*pro hac vice*)
     Itak Moradi (*pro hac vice*)

10         **JOSEPH SAVERI LAW FIRM, LLP**
     601 California Street, Suite 1505

11         San Francisco, California 94108
     Telephone:(415) 500-6800

12         Facsimile: (415) 395-9940
     jsaveri@saverilawfirm.com

13         cyoung@saverilawfirm.com
     krayhill@saverilawfirm.com

14         imoradi@saverilawfirm.com

15         Kyle Pozan (admitted *pro hac vice*)
     Consuela Abotsi-Kowu (admitted *pro hac vice*)

16         **LOCKRIDGE GRINDAL NAUEN PLLP**

17         1165 N. Clark Street, Suite 700
     Chicago, IL 60610

18         Telephone: (612) 339-6900
     kjpozan@rlocklaw.com

19         cmabotsi-kowu@locklaw.com

20         *Counsel for Plaintiffs Kajan Johnson, Clarence*
     *Dollaway, Phil Davis, and Mikhail Cirkunovs and the*

21         *Proposed Classes*

22         Michael J. Gayan

23         **CLAGGET & SYKES**
     4101 Meadows Lane, Suite 100

24         Las Vegas, NV 89107

25         Telephone: (702) 333-7777
     Facsimile:  (702) 655-3763

26         *Liaison Counsel for Plaintiffs Kajan Johnson, Clarence*

27         *Dollaway, Phil Davis, and Mikhail Cirkunovs and the*
     *Proposed Classes*

28

Eric L. Cramer (admitted *pro hac vice*)
Michael Dell'Angelo (admitted *pro hac vice*)
Patrick F. Madden (admitted *pro hac vice*)
**BERGER & MONTAGUE, P.C.**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile:  (215) 875-4604
ecramer@bm.net
mdellangelo@bm.net
pmadden@bm.net

Joshua P. Davis (admitted *pro hac vice*)
Robert C. Maysey (admitted *pro hac vice*)
**BERGER & MONTAGUE, P.C.**
505 Montgomery Street, Suite 625
San Francisco, CA 94111
Telephone: (415) 906-0684
Facsimile:  (215) 875-4604
jdavis@bm.net
rmaysey@bm.net

Benjamin D. Brown (admitted *pro hac vice*)
Richard A. Koffman (admitted *pro hac vice*)
Daniel H. Silverman (admitted *pro hac vice*)
**COHEN MILSTEIN SELLERS**
 **& TOLL, PLLC**
1100 New York Avenue, N.W., Suite 500, East
Tower Washington, DC 20005
Telephone: (202) 408-4600
Facsimile:  (202) 408 4699
bbrown@cohenmilstein.com
rkoffman@cohenmilstein.com
dsilverman@cohenmilstein.com

W. Joseph Bruckner (admitted *pro hac vice*)
Brian D. Clark (admitted *pro hac vice*)
**LOCKRIDGE GRINDAL NAUEN PLLP**
100 Washington Avenue S, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 596-4001
Facsimile:  (612) 339-0981
wjbruckner@locklaw.com
bdclark@locklaw.com

1

## <u>CERTIFICATE OF SERVICE</u>

     I hereby certify that the foregoing document was served on January 26, 2026, via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

 

                                       */s/ Joseph R. Saveri*
                                       Joseph R. Saveri
                                       **JOSEPH SAVERI LAW FIRM, LLP**