Eric L. Cramer (admitted *pro hac vice*)
Michael Dell'Angelo (admitted *pro hac vice*)
Patrick F. Madden (admitted *pro hac vice*)
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
ecramer@bergermontague.com
mdellangelo@bergermontague.com
pmadden@bergermontague.com

[*Additional counsel listed on signature page*]

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| KAJAN JOHNSON, CLARENCE DOLLAWAY, and TRISTAN CONNELLY, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ZUFFA, LLC, TKO OPERATING COMPANY, LLC f/k/a ZUFFA PARENT LLC (d/b/a ULTIMATE FIGHTING CHAMPIONSHIP and UFC), and ENDEAVOR GROUP HOLDINGS, INC.,<br><br>Defendants. | No.: 2:21-cv-01189-RFB<br><br><br><br><br>**PLAINTIFFS' LIST OF ITEMS MISSING FROM DEFENDANTS' PRODUCTION OF DOCUMENTS COLLECTED FROM DANA WHITE AND TRACY LONG** |
| MIKHAIL CIRKUNOVS, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ZUFFA LLC, TKO OPERATING COMPANY, LLC f/k/a ZUFFA PARENT LLC (D/B/A ULTIMATE FIGHTING CHAMPIONSHIP and UFC) and ENDEAVOR GROUP HOLDINGS, INC.,<br><br>Defendants. | No.: 2:25-cv-914-RFB |

| | |
|---|---|
| PHIL DAVIS, on behalf of himself and all others similarly situated,<br><br>               Plaintiff,<br><br>  v.<br><br>ZUFFA LLC, TKO GROUP HOLDINGS, INC. (d/b/a ULTIMATE FIGHTING CHAMPIONSHIP and UFC), and ENDEAVOR GROUP HOLDINGS, INC.,<br><br>               Defendants. | No.: 2:25-cv-00946-RFB |

# REDACTED/PUBLIC VERSION

Pursuant to the Court's January 6, 2026 Minute Entry, ECF No. 366,[1] Plaintiffs hereby submit their List of Items Missing from Defendants' Production of Documents Collected from Dana White ("White") and Tracy Long ("Long"), based upon the information currently known to Plaintiffs.

Defendants have not collected from, destroyed, and/or not produced documents and communications stored on various of White's and Long's mobile devices and accounts with communications apps and platforms.

**Devices.** Plaintiffs have adduced evidence that, at a minimum, Defendants have not collected, preserved, and/or produced data for: (1) at least five cellphone devices used by White; and (2) an unknown number of devices from Long (but no fewer than two devices). Because neither White nor Long appear to have used an iCloud backup (or at least did not properly calibrate such backup) in which their text messages were stored, the destruction of these seven (or more) devices has resulted in the spoliation of text messages that were stored on the lost devices for White for the periods July 1, 2015 to July 2, 2020, and May 21, 2022 to November 13, 2024; and for Long for the periods July 1, 2015 to November 3, 2020, and May 19, 2022 to October 17, 2023. The attached Exhibits 1 and 2 summarize these missing devices and the missing text messages that were sent or received by these devices.

**Communications Apps and Platforms.** Defendants have not produced any documents or communications collected from any communications platform used by White or Long for any part of the period from July 1, 2015 to the present.

**Dana White.** Defendants have disclosed and/or Plaintiffs have adduced evidence that White used at least the following communications apps and platforms for which Defendants have not produced any documents or communications whatsoever: (1) two Instagram accounts; (2) two Twitter/X accounts; (3) a WhatsApp account; (4) a TikTok account; (4) a Snapchat account; (5) a WeiBo account; and (6) a Facebook account.

---

[1] Unless specified, "ECF" citations reference the docket in *Johnson v. Zuffa LLC et al.*, No. 2:21-cv-1198-RFB.

**Tracy Long.** Defendants have disclosed that Long used Instagram and WhatsApp, but have offered no other information about these apps nor their collection of Long's communications thereon.

Plaintiffs provide more specifics below.

I. **White's Missing Devices Associated with White's ▮▮▮▮ Number**

White commenced using a cellphone with the phone number ending ▮▮▮▮, primarily for business purposes, starting no later than July 1, 2015. *See* Exhibit 1 at Topic 13, Deposition of Jeffrey Quinn Pursuant to Fed. R. Civ. P. 30(b)(6) (July 27, 2017), ECF No. 329-6; Dana White May 24, 2017 *Le* Decl., ECF 329-16 ¶¶ 5, 11; Marcy Norwood Lynch May 24, 2017 *Le* Decl., *Le v. Zuffa, LLC*, No. 15-cv-01045 (D. Nev.), ECF No. 409-9 ¶¶ 25–27; Defendants' June 22, 2017 Hearing Demonstrative, ECF No. 327-48.

White used the following devices for specified time periods in connection with his ▮▮▮▮ number and for which Defendants apparently have not collected or otherwise preserved the devices or all data thereon, during the period from at least July 1, 2015 to July 2, 2020, and May 21, 2022 to November 13, 2024. As a result of Defendants' failure to collect and preserve these devices, Defendants have not collected or preserved (much less produced) any text messages for these periods:

- **iPhone 6.** From at least July 1, 2015 to at least July 27, 2017, White used an iPhone 6 in connection with the ▮▮▮▮ number. ECF No. 329-6 at Topic 13; ECF No. 327-48.
    - Zuffa disclosed this device in *Le*, but Defendants have not identified the device in these cases.
    - Defendants have not disclosed that they preserved this device.
    - Defendants have not produced any communications sent or received by this device for this time period.
- **Undisclosed device(s).** Defendants have not disclosed what device or devices White used from at least July 28, 2017 to September 30, 2017 in connection with his ▮▮▮▮ number.
    - Defendants have not disclosed such device(s).
    - Defendants have not disclosed that they preserved such device(s).

- o   Defendants have not produced any communications from any device using his ▮▮▮ number for this period.

- **iPhone 6S.** From at least October 1, 2017 to July 2, 2019, White used an iPhone 6S in connection with the ▮▮▮ number. Declaration of Michael Dell'Angelo in Support of Plaintiffs' List of Items Missing from Defendants' Production of Documents Collected from Dana White and Tracy Long  ¶ 11a ("Dell'Angelo Decl.").

    - o   Defendants have not disclosed this device.

    - o   Defendants have not disclosed that they preserved this device.

    - o   Defendants have not produced any communications sent or received by this device for this time period.

- **iPhone 7.** From July 3, 2019 to January 27, 2021, White used an iPhone 7 in connection with the ▮▮▮ number. Dell'Angelo Decl. ¶ 11b.

    - o   Defendants have not disclosed this device.

    - o   Defendants have not disclosed that they preserved this device, but Defendants claim to have preserved an unknown number of text messages collected from a later device with the ▮▮▮ number (the iPhone 11 Pro discussed *infra*) sent or received during the period between July 3, 2019 and January 27, 2021.

    - o   Defendants have not produced any communications or text messages sent or received by this device.

- **iPhone 11 Pro.** From January 28, 2021 to November 13, 2024, White used an iPhone 11 Pro in connection with the ▮▮▮ number. Dell'Angelo Decl. ¶ 11c.

    - o   Defendants disclosed this device and that they collected data from it for the period July 3, 2020 to May 20, 2022. *See* Defendants' December 15, 2025 Device Disclosure, ECF No. 333-2; *see also* December 30, 2025 Chart: "Defendants' Device Disclosures: April 23, July 3, October 13, December 9, and December 15, 2025," ECF No. 346. Because the device was not in use for the period from July 3, 2020 to January 27, 2021, Plaintiffs infer that to the extent Defendants collected data for that earlier period, it had been transferred from the iPhone 7 listed above used for the period July 3, 2019 to January 27, 2021 to this iPhone 11. However, Defendants have not provided sufficient information to confirm that inference.

    - o   Defendants have not disclosed that they preserved or collected data (*i.e.*, text messages) from this device (or any other device using the ▮▮▮ number) for the period from May 21, 2022 to November 13, 2024.

    - o   Defendants have not produced any communications sent or received by this device for the period from May 21, 2022 to November 13, 2024. Defendants

have produced 8 text messages collected from this device that were sent or received between January 28, 2021 and May 21, 2022. Dell'Angelo Decl. ¶ 12.

In summary, Defendants have not collected, and thus likely spoliated, ***all*** text messages or data from all devices operating White's ▮▮▮ number in use over at least the periods July 1, 2015 to July 2, 2020 and May 21, 2022 to November 13, 2024. Plaintiffs do not yet know, at this time, whether White has also spoliated other text messages sent or received by the ▮▮▮ device in other time periods.[2]

II. **White's Missing Devices Associated with White's ▮▮▮ Number**

White commenced using a cellphone with the phone number ending in ▮▮▮, primarily for personal use, but also for business purposes,[3] starting no later than July 1, 2015. *See* ECF No. 329-6 at Topic 13; Dana White Aug. 9, 2017 *Le* Deposition, ECF 329-17 at 33:25–34:6 ("▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.").

White used the following devices for specified time periods in connection with his ▮▮▮ number and for which Defendants apparently have not collected or otherwise preserved the devices or data thereon at least for the period from July 1, 2015 to September 4, 2018, as follows:

- **Undisclosed iPhone.** From at least July 1, 2015 to November 2015, White used an unknown iPhone model in connection with the ▮▮▮ number until he purportedly lost the device in November 2015. ECF 329-17 at 33:25–34:6; ECF No. 329-6 at Topic 13.

---

[2] In addition, as of November 14, 2024, Plaintiffs understand that White changed his primary business cellphone number to a number ending in ▮▮▮. Based on Defendants' disclosures, they have collected or otherwise preserved far fewer text messages than expected if all such messages have been preserved. *See* ECF No. 290 at 41 n.42 (noting the 93% drop in monthly average text conversations). Plaintiffs do not yet know why those figures are so different and whether they are indicative of additional missing discovery within the scope of this report. Plaintiffs reserve all rights to pursue related inquiries.

[3] White used his ▮▮▮ number to communicate with, *inter alia*, Sean Shelby, Lorenzo Fertitta, Lawrence Epstein, Joe Silva, Hunter Campbell, and Craig Borsari on matters relating to the UFC's business. *See* Dell'Angelo Decl. ¶¶ 9b-c, 10.

- o   Zuffa disclosed this device in *Le*, but Defendants have not identified the device in these cases.

- o   Defendants have not disclosed that they preserved the device.

- o   Defendants have not produced any communications sent or received by this device.

- **iPhone 6.** From November 2015 until at least May 24, 2017, White used an iPhone 6 in connection with the ▇ number. ECF 329-16 ¶ 15; ECF No. 327-48.

  - o   Zuffa disclosed this device in *Le*, but Defendants have not identified the device in these cases.

  - o   Defendants have not disclosed that they preserved this device.

  - o   Defendants have not produced any communications sent or received by this device.

- **Undisclosed Device.** Defendants have not disclosed what device White used from May 25, 2017 until October 1, 2017 in connection with his ▇ number.

  - o   Defendants have not disclosed such device(s).

  - o   Defendants have not disclosed that they preserved such device(s).

  - o   Defendants have not produced any communications from any device using his ▇ number for this period.

- **iPhone 6S.** From October 2, 2017 until September 4, 2018, White used an iPhone 6S in connection with the ▇ number. Dell'Angelo Decl. ¶ 9a.

  - o   Defendants have not disclosed this device.

  - o   Defendants have not disclosed that they preserved this device.

  - o   Defendants have not produced any communications sent from or received by this device.

In summary, Defendants have not collected, and thus likely spoliated, all text messages or data from all devices operating White's ▇ number over at least the period from July 1, 2015 to September 4, 2018.

III. **White's Communications Apps and Platforms that Have Not Been Produced or Identified**

Defendants have not produced any documents or communications collected from any communications platform used by White or Long for any part of the period from July 1, 2015 to the present. Plaintiffs are without sufficient information to determine the scope of Defendants' collection and preservation from all of White's accounts for these communications apps and platforms.

In the *Le* litigation, Zuffa disclosed that White used the following communications apps and platforms (using the following accounts) at least as of June 30, 2015:

(1) Instagram (@danawhite and @danawhiteufc);

(2) Twitter (@danawhite and @danawhiteUFC);

(3) Snapchat (danawhiteufc);

(4) WeiBo (http://weibo.com/danawhite); and

(5) Facebook (@danawhite).

ECF No. 329-6 at Topic 19.

For purposes of the *Johnson* litigation, Defendants disclosed White's use of Instagram and TikTok on his iPhone 11 (with the ▬ number) and WhatsApp, Instagram, and TikTok for White's iPhone 16 Pro (used in connection with White's ▬ number). ECF Nos. 333-2, 346.

Defendants have not produced any documents from any of these accounts (including no private messages or communications whatsoever) for any time period, nor indicated which accounts have been collected, or for which time periods, for this litigation. ECF No. 327-49. Based on Defendants' disclosures, it is unclear whether Defendants have collected materials from these accounts notwithstanding the fact that Defendants have not produced any materials from them. However, Plaintiffs understand that Defendants have made no efforts to preserve or collect documents and communications from White's Twitter/X, Snapchat, WeiBo, and Facebook accounts.

1    White does actively use these communications apps and platforms including those disclosed
2    in *Le* but neither disclosed nor collected in this litigation.[4] For example, the Twitter/X account
3    @danawhite remains active, last posting publicly on January 26, 2026. *See* https://x.com/danawhite/
4    status/2015847275025859058. The Twitter/X account @danawhiteufc also remains active, but has
5    only one post stating: "The office verified Dana White Twitter account has been changed to
6    @DanaWhite." The Instagram account @danawhite remains active, last posting publicly on January
7    26, 2026, *see* https://www.instagram.com/reel/DT-7FzcgKKu/, but @danawhiteufc appears not to be
8    active (Defendants have not disclosed when White ceased to use that account or whether any private
9    messages existed and/or were preserved). It is unclear whether the danawhiteufc Snapchat account
10   remains in White's control, though it appears to be active. White currently appears to use the
11   Snapchat account "danawhite," with the last public posting also being dated January 26, 2026.

12   Critically, all of the foregoing accounts include private instant message features. Therefore,
13   even if White does not actively (or only infrequently) uses the public-facing portion of these
14   accounts to post publicly, that does not explain Defendants' failure to collect and produce relevant
15   non-public communications from each of those accounts.

16   Plaintiffs believe spoliation of responsive materials from any of these platforms and accounts
17   is possible, if not likely, given Defendants' failure to identify apps and accounts, the lack of
18   information Defendants have offered concerning these apps and platforms generally, and the
19   complete lack of production of any documents or communications from the apps and platforms.
20   Indeed, Plaintiffs have already demonstrated based on publicly available information, and
21   Defendants have not disputed, that White used his Instagram account during the relevant time period
22   to engage in relevant communications that were not produced. *See* ECF No. 350 at 3–4; *see also*
23   ECF Nos. 350-5, 350-6.[5]

---

[4] Whether private messages have been spoliated from these accounts is unknown given that Defendants appear to have not even identified them.

[5] Also missing from Defendants' productions and disclosures are email communications regarding White's "personal" email addresses, *i.e.*, email addresses that do not use a domain, such as

In summary, it is unclear for what period(s) Defendants have collected documents and communications from any of these communications apps or platforms because Defendants have not offered any information about the scope of their collections. But at a minimum, Defendants have never disclosed that they collected or otherwise preserved White's Twitter/X accounts, his Snapchat accounts, his Weibo account, or his Facebook account. Those accounts can be presumed spoliated for some or all of the relevant time period given the continuing failure to disclose, collect, and produce materials from them. That Defendants have not identified (much less collected) accounts for apps that White is obviously actively using, Plaintiffs also lack confidence that White is not actively using (or has not used during the relevant time period) other undisclosed communications apps and platforms such as Signal or Telegram. As for White's Instagram, WhatsApp, and TikTok accounts, Defendants have not offered sufficient information to determine what Defendants have collected and for what periods of time. Defendants have not produced any documents or communications from any of those accounts either.

IV. **Tracy Long's Missing Devices**

Long commenced using a cellphone primarily for business purposes with the number ending in ▇▇▇ no later than July 1, 2015. *See* ECF No. 329-6 at Topic 13. Long used at least the following devices for specified time periods in connection with her ▇▇▇ number and for which Defendants apparently have not collected or otherwise preserved:

- **iPhone 6.** From at least July 1, 2015 to at least July 27, 2017, Long used an iPhone 6 in connection with the ▇▇▇ number. ECF No. 329-6 at Topic 13.

---

@ufc.com. Plaintiffs requested this information multiple times, *e.g.*, ECF No. 329 at 22; ECF No. 329-31. Despite Defendants' non-disclosure and failure to produce, Plaintiffs have identified documents that establish that White conducts business on behalf of TKO and Zuffa using a "personal" email address, ▇▇▇▇▇▇▇▇▇▇▇▇▇. ECF No. 329 at 22–23. Further, to the extent White's "personal" email address(es) are the ones associated with White's social media accounts—which have not been produced and in some cases were not disclosed, as discussed *supra*—the accounts may have emails evidencing materials that have been spoliated by White (*e.g.*, an email notifying White that he received a private message on an app or platform that Defendants have not collected or otherwise preserved).

- o Zuffa disclosed this device in *Le*, but Defendants have not identified the device in these cases.
- o Defendants have not disclosed that they preserved this device.
- o Defendants have not produced any communications sent or received by this device.

- **Undisclosed device.** Defendants have not disclosed what device or devices Long used from July 28, 2017 to November 3, 2020 in connection with her ▮▮▮ number.

  - o Defendants have not disclosed such device(s).
  - o Defendants have not disclosed that they preserved such device(s).
  - o Defendants have not produced any communications sent or received by these device(s). And because Plaintiffs are still awaiting the production of Long's cellphone records from Verizon, Plaintiffs cannot provide the same detailed accounting of what is missing that they provided for Dana White based on AT&T's records.

- **Undisclosed device.** Defendants have not disclosed what device or devices Long used from May 19, 2022 to October 17, 2023, in connection with her ▮▮▮ number.

  - o Defendants have not disclosed such device(s). It is likely that Long's Verizon records will show, similar to White's AT&T records, that Long continued to use the disclosed iPhone 11 that they collected on May 18, 2022. But at this time, Plaintiffs lack sufficient information to state whether Defendants spoliated evidence from the disclosed iPhone 11 after May 18, 2022, spoliated a different device or devices in use during this period, or both.
  - o Defendants have not disclosed that they preserved any device or devices in use from May 19, 2022 to October 17, 2023.
  - o Defendants have not produced any communications sent or received by Long's device(s) during this period. And because Plaintiffs do not currently have her cellphone records, Plaintiffs cannot yet provide the same detailed accounting of what is missing that they provided for White.

Without additional disclosures from Defendants or Long's phone records, Plaintiffs cannot determine whether or to what extent Defendants have failed to collect or preserve Long's devices or the data and communications on those devices.

### V. Tracy Long's Communications Apps and Platforms that Have Not Been Produced or Identified

Defendants have not disclosed (either in the *Le* litigation nor this one) which accounts Long used for any communications apps or platforms. Defendants did disclose that she used Instagram on her iPhone 11, which was in use at least from November 4, 2020 to May 18, 2022, ECF Nos. 333-2, 346, but Defendants did not disclose what her account username was, when she started using that account, when or whether she has since closed that account, or whether she uses Instagram on another device. Defendants further disclosed that she uses WhatsApp on her current device (an iPhone 15 Pro Max), *id.,* but Defendants did not disclose what her account username is, when she started using that account, or when or whether she has since closed that account.[6]

Defendants have not produced any documents or communications from any apps or platforms, nor have they provided specific information about their collections from these apps, making it impossible for Plaintiffs to identify further spoliation issues relating to these apps on the present record.

---

[6] Defendants have also disclosed that Long has used an app called Life360 on both the devices they collected, ECF Nos. 333-2, 346, but Defendants have not produced any materials collected from that app nor provided any additional information concerning it.

Dated: January 26, 2026                               Respectfully submitted,

**BERGER MONTAGUE PC**

/s/ *Michael Dell'Angelo*
Eric L. Cramer (admitted *pro hac vice*)
Michael Dell'Angelo (admitted *pro hac vice*)
Patrick F. Madden (admitted *pro hac vice*)
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604
ecramer@ bergermontague.com
mdellangelo@bergermontague.com
pmadden@bergermontague.com

Joshua P. Davis (admitted *pro hac vice*)
Robert C. Maysey (admitted *pro hac vice*)
505 Montgomery Street, Suite 625
San Francisco, CA 94111
Telephone: (415) 906-0684
Facsimile: (215) 875-4604
jdavis@bergermontague.com
rmaysey@bergermontague.com

*Counsel for Plaintiffs and the Proposed Classes*

Joseph R. Saveri (admitted *pro hac vice*)
Kevin E. Rayhill (admitted *pro hac vice*)
Chris Young (admitted *pro hac vice*)
**JOSEPH SAVERI LAW FIRM**
601 California Street, Suite 15051505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
jsaveri@saverilawfirm.com
krayhill@saverilawfirm.com
cyoung@saverilawfirm.com

|   |   |
|---|---|
| 1 | |
| 2 | Benjamin D. Brown (admitted *pro hac vice*) |
| 3 | Richard A. Koffman (admitted *pro hac vice*) |
|   | Daniel H. Silverman (admitted *pro hac vice*) |
| 4 | **COHEN MILSTEIN SELLERS & TOLL, PLLC** |
| 5 | 1100 New York Ave., N.W., Suite 500, East Tower Washington, DC 20005 |
| 6 | Telephone: (202) 408-4600 |
| 7 | Facsimile: (202) 408 4699 |
|   | bbrown@cohenmilstein.com |
| 8 | rkoffman@cohenmilstein.com |
|   | dsilverman@cohenmilstein.com |

W. Joseph Bruckner (admitted *pro hac vice*)
Brian D. Clark (admitted *pro hac vice*)
**LOCKRIDGE GRINDAL NAUEN PLLP**
100 Washington Ave S, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 596-4001
Facsimile: (612) 339-0981
wjbruckner@locklaw.com
bdclark@locklaw.com

Kyle Pozan (admitted *pro hac vice*)
**LOCKRIDGE GRINDAL NAUEN PLLP**
1165 N. Clark Street, Ste. 700
Chicago, IL 60610
Telephone: (612) 339-6900
kjpozan@rlocklaw.com

*Additional Counsel for Plaintiffs and the Proposed Classes*

Michael J. Gayan
**CLAGGET & SYKES**
4101 Meadows Lane, Ste. 100
Las Vegas, NV 89107
Telephone: (702) 333-7777
Fax: (702) 655-3763

*Liaison Counsel for Plaintiffs and the Proposed Classes*