UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

KAJAN JOHNSON, CLARENCE DOLLAWAY, and TRISTAN CONNELLY, *on behalf of themselves and all others similarly situated*,

Plaintiffs,

v.

ZUFFA, LLC (d/b/a ULTIMATE FIGHTING CHAMPIONSHIP AND UFC), *et al.*,

Defendants.

Case No. 2:21-cv-01189-RFB-BNW

**SUPPLEMENTAL ORDER**

On January 6, 2026, this Court issued a discovery order ("January 6 Order") in anticipation of February's spoliation hearing. See ECF No. 366 (minutes of proceedings). In response, Defendants filed a petition for a writ of mandamus in the Ninth Circuit Court of Appeals ("Petition"), which urges the Ninth Circuit to vacate portions of this Court's Order based on the attorney-client privilege. See generally ECF No. 365-2 (Defendants' petition for a writ of mandamus) [hereinafter, "Petition"]. Simultaneously, Defendants filed a motion to stay discovery in this Court, see ECF No. 365 (motion to stay discovery), and an emergency motion for an administrative stay before the court of appeals. See Zuffa LLC, et al. v. U.S. Dist. Ct. for the Dist. of Nev., Las Vegas, No. 26-415 (9th Cir. Jan. 22, 2026) (No. 5) [hereinafter, "Emergency Motion"]. On January 23, 2026, the Ninth Circuit administratively stayed a portion of the Court's January 6 Order, and it invited this Court to address Defendants' petition for a writ of mandamus through a supplemental order. See ECF No. 367 (Order of the Ninth Circuit Court of Appeals). Finally, on January 26, 2026, Defendants filed an *ex parte* motion to vacate the forthcoming spoliation hearing based on the Ninth Circuit's administrative stay. See ECF No. 374. The Court's

response follows below.

Defendants have presented a new, and more detailed, discussion of their concerns regarding privilege; accordingly, the Court finds that it is prudent to modify the January 6 Order. To that end, the Court vacates the portion of its prior order which requires Defendants to produce potentially privileged materials for *in camera* review; furthermore, Defendants need not file, at this time, a supplemental brief that explains why these materials should not be produced to Plaintiffs. The Court will proceed with its scheduled spoliation hearing, but it will not address any issue(s) of privilege until it hears the witnesses' testimony. At that point, the Court, after hearing from counsel, will determine how to address any privilege issues that are raised during the spoliation proceedings. Consequently, the Court finds that Defendants' motion to stay discovery and motion to vacate the spoliation hearing are moot and denies them as such.

**I.  BACKGROUND**

As a preliminary matter, the Court finds that it must provide a more complete account of the discovery issues in this case. The Petition fails to mention one of the most salient aspects of this case's discovery history, which contextualizes the forthcoming spoliation proceedings and this Court's related orders. Specifically, Defendants fail to acknowledge their own unfortunate pattern of obfuscation and discovery violations throughout the course of this litigation. Defendants have engaged in a long history, and striking pattern, of obstructionism throughout the discovery process. The Court has held several hearings on these violations. And, the Court has repeatedly found that Defendants have violated their discovery obligations and this Court's discovery orders. See, e.g., ECF No. 321 (minutes of proceedings) ("The Court [ ] finds that Defendants have violated court orders with respect to discovery in this case . . . ."). For instance, the Court found that Defendants failed to meet their court-ordered substantial completion deadline for fact discovery. See ECF No. 306 at 60 (hearing transcript) ("The Court finds that this is an ongoing pattern of discovery violations dating back as far as July of [2025] when [Defendants] failed to meet the Court's deadline as to disclosure."). The Court has also found that Defendants have consistently violated its device disclosure order by failing to provide "specific and detailed" device information for all relevant custodians. See id. at 60. And this Court has found that "[t]here is no justification or

1  explanation for [Defendants'] defiance of the Court's orders." Id. at 61.

2      The discovery issues in this case notably include potential spoliation of significant
3  evidence. Specifically, Plaintiffs made a credible preliminary showing of spoliation late last year
4  and requested a spoliation hearing. Based upon indicia of spoliation in the record, and Plaintiffs'
5  requests/motions, the Court scheduled spoliation proceedings to determine whether sanctions are
6  appropriate. See ECF No. 306 at 62 ("The Court also finds that plaintiffs have presented and the
7  Court has confirmed [ ] significant indicia of spoliation of relevant evidence . . . . The Court,
8  therefore, finds it necessary to order a spoliation hearing in this case to determine the extent and
9  level of the deletion or destruction of evidence . . . ."); see also FED. R. CIV. P. 37(e) (authorizing
10 sanctions for the destruction of electronically stored information).

11     At that time, the Court noted that the forthcoming spoliation hearing could implicate
12 privileged materials, and the Court asked Defendants to: (i.) propose a protocol that safeguards
13 privileged materials and (ii.) proffer their witnesses' expected reliance on the attorney-client
14 privilege. See, e.g., ECF No. 323 at 72 (hearing transcript); ECF No. 339 at 17–18 (hearing
15 transcript); id. at 19. Although Defendants carry the burden of asserting—and justifying—their
16 claims of attorney-client privilege, see FED. R. CIV. P. 26(b)(5); In re Grand Jury Investigation,
17 974 F.2d 1068, 1070 (9th Cir. 1992) (citations omitted), Defendants have yet to tell this Court if,
18 and how, their witnesses' testimony may implicate privileged communications, see, e.g., generally
19 ECF No. 353 (hearing transcript), even though this Court has repeatedly asked them to do so. See,
20 e.g., ECF No. 339 at 19–20 ("And it would be helpful, [Defense Counsel], if you all could offer
21 some proffer about what extent there's going to be a reliance on counsel."); ECF No. 353 at 8–9,
22 11, 25. Nonetheless, the Court adopted precautionary measures on January 6, 2026, to safeguard
23 potentially privileged materials from unwarranted, or inadvertent, disclosure or destruction,
24 namely: (i.) the creation of a privilege log; (ii.) *in camera* review of potentially privileged
25 materials; and (iii.) a briefing schedule regarding attorney-client privilege. See ECF No. 366.

26     Based on Defense Counsels' representations during multiple hearings, the Court was led
27 to believe that the spoliation hearing would not significantly implicate privileged materials when
28 it issued the January 6 Order. See ECF No. 353 at 7. Despite several requests by the Court on this

issue, Defense Counsel did not proffer that their witnesses would be invoking the privilege with regard to the preservation of evidence in this case. See id. Indeed, it was the Court—and not Defense Counsel—that first raised the "messy" issue of privilege—and the need to address it in the context of the spoliation hearing. The Court only issued its order after multiple attempts to obtain additional information about how the privilege might be invoked by Defendants. As noted, the Court asked Defense Counsel to propose a protocol to address privilege issues that might arise from the spoliation hearing, but Defense Counsel demurred. Even after the Court issued its Order, Defendants had weeks to seek clarification or reconsideration from the Court. The Petition would have been unnecessary had Defense Counsel simply indicated to the Court what privilege issues might be implicated and how they might be addressed.

Relatedly, the Court's Order was issued in broader terms because Defense Counsel professed that he did not fully "understand" the nature of a spoliation hearing and what might be involved. Defense Counsel indicated that he was "confused" about the nature of the questions that might be asked at the spoliation hearing—even though the missing evidence had been the subject of multiple hearings. While Defendants complain about the "breadth" of the Order, they fail to acknowledge that the Court offered further clarification of its order and invited counsel to seek further clarification at the hearing itself. Moreover, the Court never suggested that Defense Counsel could not advise its clients regarding litigation strategy as to the spoliation hearing. And Defendants never suggested to the Court at the hearing that this is how they understood the Order. Had they requested clarification as to the "breadth" of the Order at the hearing, the Court would have provided it. As the record indicates, the Court provided examples of questions that would be permissible at the hearing. The concerns raised in the Petition were never raised with the Court in the first instance. The Court ultimately issued its order because it was concerned that evidence regarding the preservation of discoverable materials might not itself be adequately preserved.

Several weeks later, Defendants filed a petition for a writ of mandamus, an emergency motion for an administrative stay from the Ninth Circuit, and a motion to stay discovery before this Court. See ECF Nos. 365, 367. Through their emergency motion, Defendants asked the Ninth Circuit to stay "(1) the production, by January 26, 2026, of a vast number of attorney-privileged

1    documents and communications . . . and (2) compulsory testimony regarding those privileged
2    matters at an evidentiary hearing scheduled for February 4 and 5, 2026." Zuffa v. Dist. of Nev.,
3    No. 26-415 (9th Cir. Jan. 23, 2026) (No. 6) (Defendants' Circuit Rule 27-3 Certificate)
4    [hereinafter, "Rule 27-3 Certificate"]. The Ninth Circuit granted a temporary stay on January 23,
5    2026. See ECF No. 367. In turn, the Court addresses the Petition and Defendants' related motions
6    to stay discovery and vacate the forthcoming evidentiary hearing.

7    **II.    DISCUSSION**

8        **A. PRELIMINARY SHOWING OF SPOLIATION**

9    Defendants' petition for a writ of mandamus inaccurately suggests that the Court has not
10   made sufficient findings of spoliation to merit an evidentiary hearing. This is inaccurate. This
11   Court has already found that Plaintiffs have made a preliminary showing of spoliation based on
12   missing, deleted, or destroyed evidence. Since July of last year, Plaintiffs have explicitly sought
13   relief from this Court based on spoliation. See, e.g., ECF No. 217 at 29 (Plaintiffs' motion for
14   sanctions) (seeking the appointment of a special master to address potential spoliation); ECF No.
15   288 at 45 (Plaintiffs' statement of missing discovery) (seeking a spoliation hearing). The Court
16   has addressed this issue during several status conferences, and Defendants have consistently failed
17   to offer a satisfactory explanation for their failure to produce critical relevant evidence.
18   Accordingly, the Court held that Plaintiffs had made a preliminary showing of spoliation. See, e.g.,
19   ECF No. 366 ("For the sake of clarity, the Court reaffirms that Plaintiffs have made a preliminary
20   showing of spoliation because they have identified sufficient indicia of spoliation, namely years
21   of missing data from critical periods that were covered by litigation holds."). The Court
22   incorporates this holding, and its underlying findings, by reference here.

23   To summarize them, the Court has found, and continues to find, that ***Defendants have***
24   ***failed to produce 5-7 years of relevant communications from Dana White and Tracy Long***
25   ***regarding contract terms, negotiations, compensation, and alleged anti-competitive conduct.***
26   These communications, and related evidence, were in the possession of these witnesses and are
27   now "missing"—if not deleted or destroyed. Based on these—and other—indicia of spoliation, the
28   Court has already concluded that an evidentiary hearing on this issue is necessary at this time. See

1  Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988) ("The district court has wide discretion
2  in controlling discovery."); see also Saleh v. Bush, 848 F.3d 880, 886 (9th Cir. 2017) (indicating
3  that district courts have discretion to conduct—or not conduct—evidentiary hearings).
4  Defendants' pattern of discovery violations throughout the discovery process has made it
5  impossible for the Court—and the Plaintiffs—to discern the full extent of discoverable materials
6  that are "missing" from Defendants, or that they have yet to produce, without the spoliation
7  hearing. And the Court must ultimately ascertain why such evidence was not preserved—as was
8  legally required.

### B. Clarification of Order Regarding Privilege

Having reviewed Defendants' petition for a writ of mandamus, the Court finds that it is appropriate to modify its prior order based on Defendants' more recent, and more elaborate, suggestions of privilege. While the extent to which privilege issues will arise at the hearing remains unclear, it appears that such issues might be implicated in witness testimony. Based on their petition, it appears that Defendants now intend to argue that their witnesses' testimony will heavily implicate privileged communications. See generally Petition. To that end, the Court finds it prudent and appropriate to modify the January 6 Order as follows: (i.) Defendants are no longer required to file a privilege log by January 26, 2026; (ii.) Defendants need not produce its underlying materials for *in camera* review; and (iii.) Defendants are no longer required to file a supplemental brief explaining why these materials should not be produced to Plaintiffs.

The Parties are advised that all other pending deadlines remain active, and this Court expects the Parties to comply with them unless—and until—they are stayed, continued, or vacated. As such, the spoliation hearing that is currently scheduled for February 4 and February 5 will proceed as planned. To be clear, this hearing will *not* require the production of potentially privileged materials *or* testimony on purportedly privileged matters—at least in the first instance. Defendants are free to invoke the attorney-client privilege, or any privilege for that matter, at the hearing. To the extent they do, they must provide a privilege log which enables the Court—and Plaintiffs—to assess their claims of privilege. See Fed. R. Civ. P. 26(b)(5)(A); see also Dole v. Milonas, 889 F.2d 885, 890 (9th Cir. 1989) (recognizing that district courts are best situated to

1  "choose from among [a number of approaches for assessing attorney-client privilege] after hearing
2  from the parties"); see also In re Grand Jury Subpoena, 127 F.4th 139, 144 (9th Cir. 2025) (citation
3  omitted) ("A privilege log is generally an appropriate method for protecting privileged
4  materials."). During the hearing, the Court will determine what—if any—further steps are
5  necessary to adjudicate any outstanding claims of privilege.

6  The Court reminds Defendants that they are under a continuing obligation to preserve
7  relevant evidence.

### C. Motions to Stay Discovery and Vacate Evidentiary Hearing

9  Finally, in light of this supplemental order, the Court declines to stay discovery or vacate
10  the spoliation hearing. Based on the Ninth Circuit's temporary stay, Defendants urge this Court to:
11  (i.) vacate the forthcoming evidentiary hearing and (ii.) stay its prior order requiring Defendants
12  to create a privilege log, supply its underlying materials, and provide testimony on privileged
13  matters. See ECF No. 365 at 2 (motion to stay discovery); see also ECF No. 374 at 2 (*ex parte*
14  motion to vacate evidentiary hearing). But Defendants motions aggressively overread the appellate
15  court's order and—understandably—fail to account for this Court's supplemental order.

16  To recap, Defendants asked the Ninth Circuit to administratively stay "(1) the production,
17  by January 26, 2026, of a vast number of attorney-client privileged documents and
18  communications . . . between clients and counsel . . . and (2) compulsory testimony regarding those
19  privileged matters at an evidentiary hearing scheduled for February 4 and 5, 2026." Rule 27-3
20  Certificate at 1; see also Emergency Motion at 4. The Ninth Circuit granted Defendants' request
21  through a brief minute order. See ECF No. 36. It did not—as Defendants suggest— "unequivocally
22  stay[ ] all of the directives by this Court issued on January 6, 2026." ECF No. 374.

23  This Court has already vacated the portion of its prior order which was stayed by the Ninth
24  Circuit; accordingly, the Court finds that Defendants' motions are moot. After all, the Court cannot
25  stay directives that no longer exist, and the evidentiary hearing will no longer broach the issues
26  that are presently before the Court of Appeals.

27  ///
28  ///

### III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** the Court's January 6 Order is **VACATED** in part. Defendants need not: provide a privilege log by January 26, 2026; produce its underlying materials for *in camera* review; or supply a supplemental brief on attorney-client privilege.

**IT IS FURTHER ORDERED** that the spoliation hearing set for February 4 and 5 will proceed as to the missing evidence in this case. To the extent Defendants plan to invoke a claim of privilege, they must create a privilege log that covers withheld evidence. Defendants will have an opportunity to amend their privilege log based on any further claims of privilege that arise during the spoliation hearing.

**IT IS FURTHER ORDERED** Defendants' Motion to Stay Discovery (ECF No. 365) and *Ex Parte* Motion to Vacate Evidentiary Hearing (ECF No. 374) are **DENIED** without prejudice as moot.

The Clerk of Court is kindly directed to serve a copy of this order on the Ninth Circuit Court of Appeals.

**DATED:** January 27, 2026.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**