| | |
|---|---|
| WILLIAM A. ISAACSON (*Pro hac vice*) <br> wisaacson@dirllp.com <br> JESSICA PHILLIPS (*Pro hac vice*) <br> jphillips@dirllp.com <br> AGBEKO PETTY (*Pro hac vice*) <br> apetty@dirllp.com <br> DUNN ISAACSON RHEE LLP <br> 401 Ninth Street NW <br> Washington, DC 20004 <br> Tel:  (202) 240-2900 <br><br> DONALD J. CAMPBELL (No. 1216) <br> djc@cwlawlv.com <br> J. COLBY WILLIAMS (No. 5549) <br> jcw@cwlawlv.com <br> CAMPBELL & WILLIAMS <br> 710 South 7th Street, Ste. A <br> Las Vegas, NV 89101 <br> Tel: (702) 382-5222 | CHRISTOPHER S. YATES (*Pro hac vice*) <br> chris.yates@lw.com <br> AARON T. CHIU (*Pro hac vice*) <br> aaron.chiu@lw.com <br> LATHAM & WATKINS LLP <br> 505 Montgomery Street, Suite 2000 <br> San Francisco, CA 94111 <br> Tel:  (415) 391-0600 <br><br> [Additional counsel listed on signature page] <br><br> *Attorneys for Defendants Zuffa, LLC, TKO Operating Company, LLC and Endeavor Group Holdings, Inc.* |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| KAJAN JOHNSON, CLARENCE DOLLAWAY, AND TRISTAN CONNELLY, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> ZUFFA, LLC, TKO Operating Company, LLC f/k/a Zuffa Parent LLC (d/b/a Ultimate Fighting Championship and UFC), and ENDEAVOR GROUP HOLDINGS, INC., <br><br> Defendants. | Case No.: 2:21-cv-01189-RFB-BNW <br><br> **DEFENDANTS' REPLY IN SUPPORT OF OMNIBUS MOTION TO SEAL DOCUMENTS (DKT. NO. 349)** |

Defendants submit this reply in support of the Omnibus Motion to Seal Documents Provisionally Lodged Under Seal at *Johnson* Dkt. Nos. 218, 231, 262, 269, 328, 332, and 345; *Davis* Dkt. Nos. 106, 112, and 123; and *Cirkunovs* Dkt. Nos. 99, 107, and 124 (the "Omnibus Motion").

I. **INTRODUCTION**

Plaintiffs' Opposition brief spills a significant amount of ink arguing that many of the documents in Defendants' Omnibus Motion are not properly sealable, even under the lesser "good cause" standard applicable here. Both of Plaintiffs' arguments lack merit. First, Plaintiffs argue that the Omnibus Motion is untimely as to certain documents. That argument is inapposite to *this* Omnibus Motion, likely because it is copy-and-pasted from a prior Opposition brief—a brief that predates by a month the Court's *direct order* that Defendants file the instant Omnibus Motion on January 5th, 2026. (*Compare* Nov. 6, 2025 Pls.' Opp'n to Defs.' Mot. to Seal, Dkt. No. 283 *with* Dec. 5, 2025 Minute Order, Dkt. No. 324.) Plaintiffs make no attempt to explain how a Court-ordered Motion can be considered "untimely."

Second, they argue that the Omnibus Motion does not sufficiently describe the materials to be sealed—and to the extent that it does, those materials do not qualify for sealing. Setting aside that Plaintiffs are wrong, they make no attempt whatsoever to confront a simple, dispositive reality: that this Court has *already granted four Motions to Seal*, all of which sought to seal documents akin to those at issue in this Omnibus Motion. (*See* Dkt. Nos. 335, 336, 338; *see also Cirkunovs* Dkt. No. 151.) At no point do they explain why the Court was wrong to seal those materials, or why the materials presented in the Omnibus Motion are distinguishable from those already sealed. Their Opposition simply pretends those Orders do not exist. But, of course, the Court's Orders are law of the case. And while Plaintiffs argue vociferously that various documents in the Omnibus Motion should not be sealed, the Court should not accept Plaintiffs' invitation to reconsider its prior Orders. The Court was correct to find that documents featuring competitively sensitive material, sensitive device information, nonpublic payments, contractual obligations, and negotiation positions are sealable under the "good cause" standard, and it should reaffirm those findings here.

## II. THE OMNIBUS MOTION IS NOT UNTIMELY

In their Opposition, Plaintiffs argue Defendants' sealing request is untimely as to certain exhibits under the Stipulated Protective Order, which provides a five-day window to move to seal. *See* Dkt No. 364.  While Defendants acknowledge they should have moved sooner when they filed the *original* motions to seal, the Court should reject this argument.  Plaintiffs made the exact same argument in a prior Opposition that sought to seal some of the materials at issue in this Motion. (*See* Dkt. No. 283 at 9.)  The Court reviewed that argument and, rather than denying Defendants' prior motion as untimely, it denied the motion without prejudice (among other motions) and required Defendants to "file a motion to seal/redact the documents it wishes to have sealed/redacted" by January 5, 2026.  (Dkt. No. 324 at 2.)  Defendants complied with that Order.  Plaintiffs cannot credibly argue that any part of the Omnibus Motion is untimely when Defendants filed it pursuant to Court Order.[1]

## III. PLAINTIFFS IGNORE THAT THE COURT HAS ALREADY FOUND GOOD CAUSE TO SEAL THE TYPES OF DOCUMENTS AT ISSUE HERE

Plaintiffs argue that the Court should deny the Omnibus Motion's request to seal numerous documents on the theory that Defendants have not sufficiently described the harm emanating from disclosure of the documents,[2] and that in any event, the documents do not contain "sensitive information." (Opp'n at 16–23.)  Defendants disagree with both arguments.  The Omnibus Motion describes each document in as much detail as possible without disclosing the very material that Defendants seek to seal.  And for each category of document, Defendants articulated the harm that would result from disclosure, to either Defendants or their employees.

More importantly though, *the Court* disagrees with Plaintiffs' arguments.  The Court has already considered documents akin to those that Plaintiffs now dispute are not sealable, and found

---

[1] In any event, while Defendants acknowledge—as they always have—that they should have moved within the Protective Order's five-day window to seal in relation to Docket Nos. 217, 230, and 261, the Court is well within its discretion to seal the documents when there is good cause to do so, as there is here.  *See Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002) (district courts have broad discretion to protect confidential discovery for good cause).

[2] Plaintiffs argue that Defendants have not shown "compelling reasons" to seal these documents.  (*See* Dkt. No. 364 at 16.)  Of course, that is the incorrect standard for this non-dispositive discovery motion, which merely requires "good cause."

good cause to seal them. For example:

- ***Organizational Charts***: Plaintiffs argue that "organizational charts" are not sealable because they are not "trade secrets."[3] (Opp'n at 18, 21.) The Court has found such documents sealable. (*See, e.g.*, Dkt. No. 335 at 3 ("Exhibit 1 is an internal organizational chart. Courts in this District have sealed organizational charts because they contain 'confidential internal business . . . organization, and capabilities.'").)

- ***Emails and Text Messages with Confidential Business Information***: Plaintiffs argue that certain documents, including text messages featuring negotiations, internal business discussions, or confidential financial details are not properly sealable. (Opp'n at 17–18.) This Court has found otherwise. (*See, e.g.*, Dkt. No. 335 at 2–3 (sealing email and text threads that contain "competitively sensitive business information," including an email disclosing internal discussions about negotiations over certain media rights).)

- ***Mobile Device Disclosures***: Plaintiffs argue that numerous employee device disclosures, all of which reveal detailed information about the devices that Defendants' employees use and the communication applications that are installed, are not sealable. This Court has found otherwise, applying the same "good cause" justification that Plaintiffs now argue is incorrect. (*See* Dkt. No. 336 at 2 ("Exhibits 2-3, 5, 13, 35, and 43 contain detailed device and application inventories for Defendants' employees and sensitive security information. The disclosure of this information risks exploitation and circumvention of security protocols, and therefore it should be sealed, as this Court has previously recognized.").)

- ***Non-Party Fighter's Confidential Details:*** Plaintiffs argue that discussions about non-party fighters' compensation and a spreadsheet outlining fighters' status with UFC are not sealable. (Opp'n at 7–9). This Court, however, has found good cause to seal such documents. (*See* Dkt. No. 338 at 2–3 ("Exhibit 6 is an email discussing a non-party fighter's bout paperwork and confidential financial details.").)

---

[3] Plaintiffs' assertion that a document must be a "trade secret" in order to be sealed under the good cause standard is wrong. *See, e.g.*, *Hilyar v. Safeco Ins. Co. of Am.*, 2025 WL 3668868, at *3 (W.D. Wash. May 23, 2025) ("The Hilyars, argue, incorrectly, that the court should remove the confidentiality designations and unseal these materials simply because the information within does not qualify as a trade secret . . . .").

1   Plaintiffs offer no argument for why the Court should reconsider its prior Orders to seal. As it stands, the Court's prior Orders on this issue are law of the case, and the reasoning should continue to apply here. *See, e.g.*, *Shirehampton Drive Tr. v. JPMorgan Chase Bank, Nat'l Ass'n*, 2024 WL 1995343, at *5 (D. Nev. May 6, 2024) (Boulware, J.) ("The term 'law of the case' applies to the principle that in order to maintain consistency during the course of a single lawsuit, reconsideration of legal questions previously decided should be avoided."). This Court has already determined that documents akin to those at issue in the Omnibus Motion should be sealed under the good cause standard, and no deviation is necessary.

### IV.  THE BALANCE OF INTERESTS FAVORS GRANTING THE OMNIBUS MOTION

These are discovery-related, non-dispositive filings—not a final judgment, merits ruling, or class settlement where the public would have a heightened interest. *See Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1098 (9th Cir. 2016) (internal citations omitted) (discovery motions are non-dispositive, and therefore subject to the "good cause" analysis, because they are "only tangentially related [] to the underlying cause of action" and implicate only the "private interests of the litigants," rather than the public's right of access). The requested relief does not restrict discovery, impair evidentiary use, or foreclose any argument on the merits, and the proposed redactions excise only information that cannot be meaningfully disclosed without jeopardizing privacy, contractual, security, and competitive interests. Plaintiffs' arguments otherwise, including that "members of the proposed Class and the press" must have "access to the full account of the Motions at issue here," are unconvincing. (Opp'n at 24.) While this may be true of critical, dispositive motions or class-action settlements, it simply has no basis in reality when applied to run-of-the-mill discovery motions or procedural filings such as joint status reports. *See, e.g.*, *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) ("[W]hen a party attaches a sealed discovery document to a *nondispositive* motion, the usual presumption of the public's right of access is rebutted." (emphasis in original)).

## V. CONCLUSION

Defendants respectfully request that the Court grant the Omnibus Motion to Seal (Dkt. No. 349).

Dated: January 27, 2026

Respectfully Submitted,

/s/ *Christopher S. Yates*

| | |
|---|---|
| WILLIAM A. ISAACSON<br>(*Pro hac vice*)<br>wisaacson@dirllp.com<br>JESSICA PHILLIPS<br>(*Pro hac vice*)<br>jphillips@dirllp.com<br>AGBEKO PETTY<br>(*Pro hac vice*)<br>apetty@dirllp.com<br>DUNN ISAACSON RHEE LLP<br>401 Ninth Street NW<br>Washington, DC 20004<br>Tel:  (202) 240-2900<br><br>DONALD J. CAMPBELL (No. 1216)<br>djc@cwlawlv.com<br>J. COLBY WILLIAMS (No. 5549)<br>jcw@cwlawlv.com<br>CAMPBELL & WILLIAMS<br>710 South 7th Street<br>Las Vegas, NV 89101<br>Tel:  (702) 382-5222 | CHRISTOPHER S. YATES<br>(*Pro hac vice*)<br>chris.yates@lw.com<br>AARON T. CHIU<br>(*Pro hac vice*)<br>aaron.chiu@lw.com<br>LATHAM & WATKINS LLP<br>505 Montgomery Street, Suite 2000<br>San Francisco, CA 94111<br>Tel:  (415) 391-0600<br><br>SEAN M. BERKOWITZ<br>(*Pro hac vice*)<br>sean.berkowitz@lw.com<br>LATHAM & WATKINS LLP<br>330 North Wabash Ave, Suite 2800<br>Chicago, IL 60611<br>Tel:  (312) 876-7700<br><br>LAURA WASHINGTON<br>(*Pro hac vice*)<br>laura.washington@lw.com<br>JOSEPH AXELRAD<br>(*Pro hac vice*)<br>joseph.axelrad@lw.com<br>LATHAM & WATKINS LLP<br>10250 Constellation Blvd, Suite 1100<br>Los Angeles, CA 90067<br>Tel:  (424) 653-5500 |

*Attorneys for Defendants Zuffa, LLC, TKO Operating Company, LLC, and Endeavor Group Holdings, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing Defendants' Reply in support of the Omnibus Motion to Seal was served on January 27, 2026, via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

*/s/ Christopher S. Yates*
Christopher S. Yates (*Pro hac vice*) of
LATHAM & WATKINS LLP