1  Joseph R. Saveri (*Pro Hac Vice*)
   Christopher K.L. Young (*Pro Hac Vice*)
2  Kevin E. Rayhill (*Pro Hac Vice*)
   Itak Moradi (*Pro Hac Vice*)
3  T. Brent Jordan (*Pro Hac Vice*)
4  **JOSEPH SAVERI LAW FIRM, LLP**
   601 California Street, Suite 1505
5  San Francisco, CA 94108
   Telephone: (415) 500-6800
6  Facsimile:  (415) 315-9940
7  jsaveri@saverilawfirm.com
   cyoung@saverilawfirm.com
8  krayhill@saverilawfirm.com
   imoradi@saverilawfirm.com
9  tbjordan@saverilawfirm.com
10
   *Counsel for Plaintiffs and the Proposed Class*
11
   [Additional Counsel Listed on Signature Page]
12

13            **IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEVADA**
14

| | |
|---|---|
| 15  KAJAN JOHNSON, CLARENCE DOLLAWAY, and TRISTAN CONNELLY, on behalf of themselves and all others similarly situated, | Case No.: 2:21-cv-01189-RFB-BNW |
| 17                        Plaintiffs, | **PLAINTIFFS' APPLICATION FOR AN ORDER TO SHOW CAUSE WHY THIRD PARTY DOMINANCE MMA, LLC SHOULD NOT BE:** |
| 18      v. | **(1) HELD IN CONTEMPT FOR DEFYING THE COURT'S PRIOR ORDER (ECF NO. 245);** |
| 19  Zuffa LLC, TKO Operating Company, LLC f/k/a Zuffa Parent LLC (d/b/a Ultimate Fighting Championship and UFC) and Endeavor Group Holdings, Inc., | **(2) ORDERED TO COMPLY WITH THE COURT'S PRIOR ORDER; AND** |
| 22                       Defendants. | **(3) ORDERED TO REIMBURSE PLAINTIFFS' REASONABLE ATTORNEYS' FEES AND COSTS** |

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION AND RELEVANT PROCEDURAL AND FACTUAL HISTORY ............1

II. ARGUMENT................................................................................................................4

    A. Dominance's actions are in direct defiance of the Court's August 29, 2025 Order (ECF No. 245), for which Dominance should be held in contempt. ............................4

    B. Plaintiffs seek sanctions that will compel Dominance to comply with the Court's August 29, 2025 Order, and to reimburse Plaintiffs for reasonable attorneys' fees and costs incurred in seeking Dominance's compliance with the Court's Order...........6

III. PLAINTIFFS SEEK THEIR REASONABLE COSTS AND EXPENSES ..............................7

IV. CERTIFICATION OF CONFERENCE WITH DOMINANCE IN AN EFFORT TO OBTAIN THE DOCUMENTS WITHOUT COURT ACTION .................................................................8

V. CONCLUSION...........................................................................................................8

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Beverly v. Interior Elec. Inc. Nevada*, No. 21-55645,
  2023 WL 355692 (9th Cir. Jan. 23, 2023) ................................................................................4

*Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770 (9th Cir. 1983) ................................6

*Foshee v. Mastec Network Sols., Inc*, No. 1:20-cv-00890-AWI-SAB,
  2021 WL 5529891 (E.D. Cal. Nov. 24, 2021)..........................................................................4

*Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418 (1911)..........................................................6

*HI.Q, Inc. v. ZeetoGroup, LLC*, No. 22-cv-1440-LL-MDD,
  2022 WL 17345784 (S.D. Cal. Nov. 29, 2022) ........................................................................5

*High Tech Nat'l, LLC v. Stead*, No. MC 19-191,
  2020 WL 3605286 (E.D. Pa. Jul. 2, 2020)................................................................................7

*In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693 (9th Cir. 1993)................5

*In re Plise*, 506 B.R. 870 (B.A.P. 9th Cir. 2014)..............................................................................4

*SE Prop. Holdings, LLC v. Unified Recovery Grp., LLC*, No. MC 14-0008-KD-MU,
  2018 WL 1896422 (S.D. Ala. Jan. 4, 2018), report and recommendation adopted,
  No. MC 14-0008-KD-MU, 2018 WL 1046815 (S.D. Ala. Feb. 26, 2018) ...............................7

**Statutes**

Fed R. Civ. P. 45.........................................................................................................................4, 8

Plaintiffs Kajan Johnson, Clarence Dollaway, and Tristan Connelly ("Plaintiffs") submit this Application for an Order to Show Cause ("Application") why third party Dominance MMA, LLC ("Dominance," collectively with Plaintiffs, the "Parties") should not be held in contempt for its refusal to comply with the Court's Order (ECF No. 245) commanding Dominance to comply with Plaintiffs' subpoena duces tecum (the "Subpoena"), and why Dominance should not be ordered to comply with that Order and further ordered to reimburse Plaintiffs for their reasonable attorneys' fees in bringing this Application in an amount to be determined at the conclusion of the Court's proceedings on the Application. Plaintiffs' Proposed Order outlines comprehensive deadlines for Dominance to complete each stage of its collection, review and finalize production of materials responsive to the Subpoena, consistent with the Court's limitations on that Subpoena in its prior Order.

## I.  INTRODUCTION AND RELEVANT PROCEDURAL AND FACTUAL HISTORY

On July 23, 2025, after months of unsuccessful negotiation—during which Plaintiffs agreed to withdraw four of twelve document requests—Plaintiffs filed a motion to compel production of the sought-after documents. ECF No. 216. On August 13, 2025, Dominance filed its opposition to Plaintiffs' Motion to Compel. ECF No. 226. Among other things, Dominance argued that the Subpoena was overbroad, unduly burdensome, and would require the production of its clients' sensitive confidential information. Opposition, ECF No. 226 at 10–20.

On August 29, 2025, after a hearing the day prior, the Court issued its Order largely granting Plaintiffs' Motion to Compel (ECF No. 245, Minutes of Proceedings ordering production responsive to Request Nos. 5 through 11). At the hearing, the Court addressed Dominance's overbreadth and burden objections by denying Plaintiffs' Motion with regard to one Request and by limiting language such as "without limitation" in other Requests. ECF No. 249 at 4, 26–28. The Court addressed Dominance's confidentiality concerns by assuring Dominance's Counsel ("Counsel") that the *Le* Protective Order (to which the Protective Order in this action is nearly identical) had provided robust protections for third party productions, and ordered the Parties to execute a joint supplemental Protective Order to address any remaining confidentiality concerns Dominance still had, notwithstanding the operative Protective Order. *Id*. at 16, 24–25. The Court also ordered the Parties

1  to submit a joint schedule for the collection and production of responsive documents and
2  communications.
3        Accordingly, the Parties negotiated and submitted the joint Supplemental Protective Order
4  and Joint Scheduling Order on October 13, 2025. The Court signed both Orders on October 29,
5  2025. ECF Nos. 278, 279.
6        Pursuant to the agreed schedule, the Parties worked cooperatively to negotiate the details of
7  custodians, sources of ESI, an inventory of responsive records, vendor options, and other details.
8  Initially and subject to only minor delays, Dominance was complying with the Parties' schedule. The
9  Parties considered and agreed upon proposed search terms, potential custodians, and lists of
10 Dominance's devices potentially containing responsive materials. Declaration of Kevin E. Rayhill in
11 Support of Plaintiffs' Application ("Rayhill Decl."). ¶¶ 1–12, Exs. 1–12.[1] The Parties reached
12 agreement on three custodians; President Ali Abdelaziz, Firdaws Khalim (who was described as an
13 Independent Contractor (Manager)), and Terrell Hunsinger, Jr. (described as an Executive
14 Consultant (Independent Contractor)). *Id.* ¶ 13, Ex. 13.
15       By the time of the last and most important deadline in the agreed Order, a November 18,
16 2025 deadline to draft a proposed schedule establishing specific deadlines for custodial collection,
17 review, and production, the Parties had met and conferred multiple times to successfully negotiate
18 the joint submissions and to discuss dates, terms and conditions for the production. But on
19 November 18, 2025, Counsel advised that they preferred not to commit to additional specific dates
20 for collection, review and production before knowing what the volume of the collection would
21 ultimately be, including knowing the volume of documents responsive to the agreed search terms. *Id.*
22 ¶ 14. Because Dominance appeared amenable to committing to a timeline after more light was shed
23 on those factors, Plaintiffs agreed. *Id.*

---

[1] All "Ex" citations are to exhibits in support of the Rayhill Declaration filed herewith.

Case No.: 2:21-cv-01189-RFB-BNW     2
PLAINTIFFS' APPLICATION FOR AN ORDER TO SHOW CAUSE

On November 20, 2025, after discussions with Dominance's preferred document collection vendor, Seneca Holdings, Inc., dba Holo Discovery ("Holo"), located in Las Vegas,[2] Plaintiffs sent a draft of the vendor's standard contract to Counsel, with minimal proposed edits clarifying the Parties' payment obligations. Rayhill Decl., ¶ 16. On November 26, 2025, Counsel sent an email stating that their client had signed off on the revised contract. *Id*. ¶ 17 and Exs. 14, 15. Hours later, Counsel emailed again, this time saying Dominance had *not* signed off on the revised contract but offering no clear explanation. *Id*. ¶ 18 and Ex. 16.

Over the course of the next month, Plaintiffs contacted Counsel numerous times requesting an explanation for the unexplained delay in executing the vendor contract, including whether the holdup was limited to the negotiation of specific terms in the contract or something more significant, but received no reply other than a single email on December 10, 2025, that Counsel was "buried" in another matter. On December 30, 2025, Counsel finally agreed to join a phone call. Rayhill Decl., ¶¶ 19–24 and Exs. 17–21.

During that call, which took place on January 5, 2026, Counsel finally informed Plaintiffs that Dominance was refusing to comply with the Court's August 29 Order and would not produce a single document absent a *second* court order. Rayhill Decl. ¶ 25. Counsel spoke of a "revolt" at Dominance and made clear that Dominance President and CEO Ali Abdelaziz and others were refusing to provide responsive documents and communications, citing confidentiality concerns, unspecified social media posts "disparaging" Dominance, and general mistrust of Plaintiffs. *Id*. Plaintiffs remain unclear on the specifics of Dominance's concerns over confidentiality, and told Counsel they were surprised by this development because the issues had already been addressed in the Court's prior Order, and because Dominance had executed a Supplement to the Protective Order, later signed by the Court, that affirmed the applicability of the standing Protective Order and included additional protections that Dominance had successfully negotiated for.

---

[2] During these discussions, Holo stated that it could run mutually agreed search terms at the point of collection, so that only documents likely to be responsive would be collected. Because this technique appeared to assuage some of Dominance's stated concerns, Plaintiffs agreed to use (and pay for) Holo for document collection and production. Rayhill Decl. ¶ 16.

Later on January 5, 2026, Plaintiffs sent a letter to Counsel recapping the meet and confer call. Plaintiffs noted that they had "little choice but to return to Court for resolution and enforcement of the Court's Order." Rayhill Decl. ¶ 26 and Ex. 22. Dominance did not respond.

In a final effort to reach further clarity, explore possible resolution and avoid involvement with the Court, Plaintiffs reached out again to Counsel on January 15, 2026, to see if Dominance's position on its compliance with the Court's Order had evolved, or whether further discussions would be productive. Counsel responded and suggested that perhaps the parties could talk on Tuesday, January 27, 2026. Plaintiffs replied indicating their willingness to speak on January 27, 2026, but only if there had been a material change in Dominance's position, and requesting a written confirmation that such a call would be productive and not merely revisit or restate Counsel's previous position. Plaintiffs awaited a response, through the proposed conference date of January 27, 2026, but received no reply from Counsel. Rayhill Decl. ¶ 27 and Ex. 23.

## II. ARGUMENT

### A. Dominance's actions are in direct defiance of the Court's August 29, 2025 Order (ECF No. 245), for which Dominance should be held in contempt.

Federal Rule of Civil Procedure 45(g) states that Courts "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). Indeed, "Rule 45 provides the only basis to sanction non-parties for failing to comply with a subpoena duces tecum . . . ." *Beverly v. Interior Elec. Inc. Nevada*, No. 21-55645, 2023 WL 355692, at *1 (9th Cir. Jan. 23, 2023). While a subpoena is technically enforceable as an order from the court, more typically, "in cases of nonparty subpoenas under Civil Rule 45, the court must first issue an order compelling the nonparty's compliance with the subpoena, and the nonparty must fail to comply with the order before any contempt sanctions can be awarded." *In re Plise*, 506 B.R. 870, 879 (B.A.P. 9th Cir. 2014). Contempt sanctions are part of a court's inherent powers. *Foshee v. Mastec Network Sols., Inc*, No. 1:20-cv-00890-AWI-SAB, 2021 WL 5529891, at *9 (E.D. Cal. Nov. 24, 2021). Sanctions are also authorized by LR IA 11-8(e). For due process reasons, the most appropriate procedural step for seeking sanctions is an application for an order to show cause,

affording the alleged contemnor a chance to be heard in court. *See e.g.*, *HI.Q, Inc. v. ZeetoGroup, LLC*, No. 22-cv-1440-LL-MDD, 2022 WL 17345784, at *10 (S.D. Cal. Nov. 29, 2022).

"Civil contempt . . . consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993) ("*Dual-Deck*"). "The contempt 'need not be willful,' and there is no good faith exception to the requirement of obedience to a court order." *Id*. (quoting *In re Crystal Palace Gambling Hall, Inc*., 817 F.2d 1361, 1365 (9th Cir. 1987). "But a person should not be held in contempt if his action 'appears to be based on a good faith and reasonable interpretation of the court's order.'" *Id*. (quoting *Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc*., 689 F.2d 885, 889 (9th Cir. 1982). "The party alleging civil contempt must demonstrate that the alleged contemnor violated the court's order by 'clear and convincing evidence,' not merely a preponderance of the evidence." *Id*. (quoting *Vertex*, 689 F.2d at 889).

Here, there is clear and convincing evidence that Dominance has failed to take all reasonable steps within its power to comply with the Court's August 29, 2025 Order granting Plaintiffs' Motion to Compel Dominance to produce documents responsive to Plaintiffs' Subpoena. Specifically, the Court ordered Dominance to produce documents responsive to Request Nos. 5, 6, 7, 8, 9, 10, and 11. ECF No. 245. After initially cooperating in negotiations ordered by the Court, on November 26, 2025, Dominance, through Counsel, stopped responding to Plaintiffs' emails (with the exception of one December 10, 2025 email from Peter Christiansen stating that Counsel was "buried" in another matter, suggesting that this was merely an unfortunate delay, and not a refusal to comply). When Plaintiffs finally convinced Counsel to join a call on January 5, 2026, Counsel said expressly that each of the three agreed-to custodians would refuse to produce any documents or communications, or even allow their texts, emails, or cell phones to be searched. That is the very opposite of "tak[ing] all reasonable steps within the party's power to comply." *Dual-Deck*, 10 F.3d at 695.

To the extent protection of Dominance's confidential materials is seemingly once again placed at issue, Dominance has had their day in court. Dominance raised arguments citing confidentiality (as well as burden, and overbreadth) in their Opposition to Plaintiffs' Motion to Compel, ECF No. 226 ("Opposition"), and at the hearing on August 28, 2025. *See* Opposition at 3-5,

17-20; Transcript, ECF No. 249 at 16, 25, 34. The Court addressed Dominance's concerns as to protection of confidential materials by assuring Counsel that the Protective Order in place in the *Johnson* action (ECF No. 123) was sufficient, and that a nearly identical protective order in the related *Le* action[3] had provided ample protections for third parties. *Id*. at 16. Indeed, in the Protective Order Addendum signed by Dominance and entered by the Court on October 29, 2025, Dominance stipulated as follows:

> The Parties declare that they have read in its entirety and understand [the *Johnson* Stipulated Protective Order]. The Parties agree to comply with and to be bound by all the terms in the Stipulated Protective Order, and stipulate that the terms of the Protective Order govern with respect to Dominance MMA's production of documents in response to Plaintiffs' Subpoena.

ECF No. 279, Protective Order Addendum – Dominance MMA, paragraph 2. Dominance's counsel had electronically signed the stipulation upon its submission, after previously indicating to Plaintiffs' counsel that counsel had authority to sign on behalf of Dominance as its agent. Rayhill Decl. ¶ 7 and Exs. 7 and 8.

**B.    Plaintiffs seek sanctions that will compel Dominance to comply with the Court's August 29, 2025 Order, and to reimburse Plaintiffs for reasonable attorneys' fees and costs incurred in seeking Dominance's compliance with the Court's Order.**

"Civil contempt is characterized by the court's desire to compel obedience to a court order, or to compensate the contemnor's adversary for the injuries which result from the noncompliance. Thus, there are two forms of civil contempt: compensatory and coercive." *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 778 (9th Cir. 1983) ("*Falstaff Brewing*") (citing *Shillitani v. United States*, 384 U.S. 364, 371 (1966); *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 440 (1911). Here, Plaintiffs seek sanctions that would achieve both of those ends.

"A court's power to impose coercive civil contempt depends upon the ability of the contemnor to comply with the court's coercive order." *Falstaff Brewing*, 702 F.2d at 778. Plaintiffs first seek a sanction to compel Dominance to produce responsive, non-privileged documents as the Court has ordered. Dominance has had the Court's prior Order for five months, more than ample time to gather and identify responsive documents. Accordingly, Plaintiffs ask the Court to order

---

[3] *Cung Le et al. v. Zuffa, LLC et al.*, Case No. 15-cv-01405-RFB-BNW (D. Nev.).

Dominance to produce all responsive, non-privileged documents and communications within seven (7) days of the Court's Order. This is well within the ability of Dominance to comply to the extent that the custodians still possess responsive documents.[4]

Plaintiffs also seek a sanction ordering Dominance to pay all fees and costs Plaintiffs incurred in bringing this Application and having it heard by the Court. *See High Tech Nat'l, LLC v. Stead*, No. MC 19-191, 2020 WL 3605286 at *4 (E.D. Pa. Jul. 2, 2020) (complainant allowed fees and costs "incurred in pursuing compliance" beginning with party in contempt's failure to comply with court order); *SE Prop. Holdings, LLC v. Unified Recovery Grp., LLC*, No. MC 14-0008-KD-MU, 2018 WL 1896422 (S.D. Ala. Jan. 4, 2018), report and recommendation adopted, No. MC 14-0008-KD-MU, 2018 WL 1046815 (S.D. Ala. Feb. 26, 2018) (allowing for fee petition for attorneys' fees and costs incurred after date court had "unequivocally ordered" party to comply with subpoena). Plaintiffs devoted time and expense to the task of asking the Court to order Dominance to do what the Court has already ordered Dominance to do, and will need to expend additional resources in having it fully heard. This obstinance must not be countenanced by the Court and is sanctionable in accordance with authorities allowing the remedy of fees and costs.

### III. PLAINTIFFS SEEK THEIR REASONABLE COSTS AND EXPENSES

Plaintiffs have expended considerable time and expense attempting to obtain evidence the Court has already ordered Dominance to produce (ECF No. 245), efforts that should have been unnecessary, but were caused by Dominance's recalcitrance. Plaintiffs ask the Court to order Dominance to fully compensate Plaintiffs for all time and expense incurred in bringing this Application to completion, including time and expenses already incurred and those that are still to come. Plaintiffs will provide the Court with a full accounting of their time and expenses related to this Application once all briefing and argument are complete.

---

[4] Dominance has not told Plaintiffs about any limitations on Dominance's ability to produce the requested documents, and Plaintiffs are not aware of any spoliation issues that would limit Dominance's ability to comply with the Court's Order.

## IV. CERTIFICATION OF CONFERENCE WITH DOMINANCE IN AN EFFORT TO OBTAIN THE DOCUMENTS WITHOUT COURT ACTION

Pursuant to LR IA 1-3, Plaintiffs met and conferred with Counsel on January 5, 2026, seeking to gauge Dominance's progress toward the collections and production of responsive documents after Dominance had been unresponsive for a month. At that time Plaintiffs were told for the first time that none of the agreed-upon custodians would allow their documents and communications to be collected. Plaintiffs sent correspondence to Counsel on January 5, 2026, summarizing these meet and confer efforts. Rayhill Decl. ¶ 26 and Ex. 22.

In an abundance of caution and in efforts to relieve the Court of the need to hear this Application, and again pursuant to LR IA 1-3, on January 15, 2026, Plaintiffs reached out to Counsel to inform them of Plaintiffs' intent to file the foregoing Application and see if any progress could be made. Plaintiffs requested a written confirmation of any material change in Dominance's position that would allow the parties to engage in productive discussions on or prior to January 27, 2026. Counsel did not respond. Rayhill Decl., ¶ 27 and Ex. 23.

## V. CONCLUSION

Dominance's refusal to comply with the Court's Order is sanctionable conduct under Rule 45(g) and LR IA 11-8. Plaintiffs seek an Order to Show Cause why: (1) Dominance should not be held in contempt of Court for refusing to comply with the Court's prior Order (ECF No. 245); (2) Dominance should not be ordered to collect and produce documents responsive to Request Nos. 5, 6, 7, 8, 9, 10, and 11, pursuant to the Court's prior Order, in adherence to a comprehensive production

//
//
//
//
//
//
//
//

schedule; and (3) Dominance should not be ordered to reimburse Plaintiffs for all costs incurred in bringing this Application.

Dated: February 10, 2026

Respectfully submitted,

*/s/ Joseph R. Saveri*
   Joseph R. Saveri

Joseph R. Saveri (*pro hac vice*)
Christopher K.L. Young (*pro hac vice*)
Kevin E. Rayhill (*pro hac vice*)
Itak Moradi (*pro hac vice*)
T. Brent Jordan (*pro hac vice)*
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone:(415) 500-6800
Facsimile: (415) 395-9940
jsaveri@saverilawfirm.com
cyoung@saverilawfirm.com
krayhill@saverilawfirm.com
imoradi@saverilawfirm.com
tbjordan@saverilawfirm.com

Eric L. Cramer (admitted *pro hac vice*)
Michael Dell'Angelo (admitted *pro hac vice*)
Patrick F. Madden (admitted *pro hac vice*)
**BERGER MONTAGUE, P.C.**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604
ecramer@bm.net
mdellangelo@bm.net
pmadden@bm.net

Joshua P. Davis (admitted *pro hac vice*)
**BERGER MONTAGUE, P.C.**
505 Montgomery Street, Suite 625
San Francisco, CA 94111
Telephone: (415) 906-0684
Facsimile: (215) 875-4604
jdavis@bm.net

Benjamin D. Brown (admitted *pro hac vice*)
Richard A. Koffman (admitted *pro hac vice*)
Daniel H. Silverman (admitted *pro hac vice*)
**COHEN MILSTEIN SELLERS**
 **& TOLL, PLLC**
1100 New York Avenue, N.W., Suite 500, East Tower
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408 4699
bbrown@cohenmilstein.com
rkoffman@cohenmilstein.com
dsilverman@cohenmilstein.com

W. Joseph Bruckner (admitted *pro hac vice*)
Brian D. Clark (admitted *pro hac vice*)
**LOCKRIDGE GRINDAL NAUEN PLLP**
100 Washington Avenue S, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 596-4001
Facsimile: (612) 339-0981
wjbruckner@locklaw.com
bdclark@locklaw.com

Kyle Pozan (admitted *pro hac vice*)
**LOCKRIDGE GRINDAL NAUEN PLLP**
1165 N. Clark Street, Suite 700
Chicago, IL 60610
Telephone: (612) 339-6900
kjpozan@rlocklaw.com

*Counsel for Plaintiffs Kajan Johnson and Clarence Dollaway and the Proposed Class*

Michael J. Gayan
**CLAGGET & SYKES**
4101 Meadows Lane, Suite 100
Las Vegas, NV 89107
Telephone: (702) 333-7777
Facsimile: (702) 655-3763

*Liaison Counsel for Plaintiffs Kajan Johnson and Clarence Dollaway and the Proposed Class*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was served on February 10, 2026, via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

                                          */s/ Joseph R. Saveri*
                                          Joseph Saveri
                                          JOSEPH SAVERI LAW FIRM, LLP

Case No.: 2:21-cv-01189-RFB-BNW         18
PLAINTIFFS' APPLICATION FOR AN ORDER TO SHOW CAUSE