1  PETER S. CHRISTIANSEN, ESQ.
   Nevada Bar No. 5254
2  pete@christiansenlaw.com
   KEELY P. CHIPPOLETTI, ESQ.
3  Nevada Bar No. 13931
   keely@christiansenlaw.com
4  CHRISTIANSEN TRIAL LAWYERS
   710 S. 7th Street, Suite B
5  Las Vegas, Nevada 89101
   Telephone:    (702) 240-7979
6  Facsimile:    (866) 412-6992

7  *Attorneys for Nonparty*
   *Dominance MMA, LLC*

8

9                          **DISTRICT COURT**

10                      **CLARK COUNTY, NEVADA**

11 KAJAN JOHNSON, CLARENCE              CASE NO.: 2:21−cv−01189−RFB−BNW
   DOLLAWAY, and TRISTAN CONNELLY,
12 on behalf of themselves and all others similarly
   situated;
13
                                        **NONPARTY DOMINANCE**
14            Plaintiff,                 **MMA, LLC'S OPPOSITION TO**
                                        **PLAINTIFFS' APPLICATION FOR**
15 vs.                                   **AN ORDER TO SHOW CAUSE WHY**
                                        **THIRD PARTY DOMINANCE MMA,**
16 ZUFFA, LLC, TKO OPERATING            **LLC SHOULD NOT BE:**
   COMPANY, LLC f/k/a Zuffa Parent, LLC **(1) HELD IN CONTEMPT FOR**
17 (d/b/a Ultimate Fighting Championship and **DEFYING THE COURT'S PRIOR**
   UFC), and ENDEAVOR HOLDINGS, INC.,  **ORDER (ECF No. 245);**
18                                       **(2) ORDERED TO COMPLY WITH**
                                        **THE COURT'S PRIOR ORDER; AND**
19            Defendants.                **(3) ORDERED TO REIMBURSE**
                                        **PLAINTIFFS' REASONABLE**
20                                       **ATTORNEYS' FEES AND COSTS**
                                        **[ECF No. 427]**
21

22

23        Nonparty Dominance MMA, LLC, by and through its undersigned counsel, hereby

24 opposes Plaintiffs' Application for an Order to Show Cause Why Third Party Dominance MMA,

25 LLC Should Not Be: (1) Held in Contempt for Defying the Court's Prior Order (ECF No. 245);

26 (2) Ordered to Comply with the Court's Prior Order; and (3) Ordered to Reimburse Plaintiffs'

27 Reasonable Attorneys' Fees and Costs (ECF No. 247).

28



1    This Opposition is based upon the pleadings and papers on file in this action, the Points

2    and Authorities set forth herein, and any argument the Court may permit.

3    **MEMORANDUM OF POINTS AND AUTHORITIES**

4    **I.**

5    **INTRODUCTION AND RELEVANT BACKGROUND**

6    Plaintiffs ask this Court to hold Nonparty Dominance MMA, LLC ("Dominance") in

7    contempt for allegedly defying a discovery order that, by its own terms, required continued meet-

8    and-confer efforts, staged disclosures, and further court involvement if disputes arose—not

9    immediate unilateral production of documents. Civil contempt is not warranted here.

10    The Court's order granted the motion to compel as to certain requests, but it did not impose

11    a hard production deadline or mandate immediate forensic collection. *See* ECF 249. Instead, the

12    Court directed the parties to meet and confer, required Dominance to provide an inventory of

13    discoverable sources following that process, and ordered the parties to submit a proposed

14    protective order specifically tailored to Dominance. *Id*. at 39:17-41:09. The Court further invited

15    counsel to request a status hearing if issues arose during production. *Id*. at 42:25-44:07; 32:20-

16    24.

17    That is precisely what happened here. As detailed in Plaintiffs' application, the undisputed

18    evidence shows that Dominance undertook months of good-faith efforts to comply with the

19    Court's order while navigating legitimate logistical and confidentiality constraints. Specifically,

20    the parties met and conferred extensively; Dominance prepared and provided the required

21    inventory of discoverable sources; the parties executed an addendum to the protective order; the

22    parties entered and complied with a detailed scheduling order governing production, including

23    agreed upon custodians, identified device locations, negotiated search terms subject to refinement

24    through hit reports, selected HOLO Discovery as the ESI collection vendor, and worked through

25    revisions to the vendor agreement in order to proceed with forensic collection.

26    The process stalled only when legitimate issues arose concerning third-party

27    confidentiality, lack of control over independent contractors' devices, and the adequacy of

28    safeguards for confidential information belonging to third parties. These are issues the Court

2

explicitly contemplated would be addressed through meet-and-confer and further Court oversight. *Id*. at 32:20-24; 42:21-43:08. By way of example, the subpoena implicates confidential fighter contracts and individualized compensation information that are sensitive for multiple reasons. In some instances, fighters have expressed concern that disclosure of their contractual and financial information could create personal, professional, or regulatory complications in their home countries. Several fighters have therefore objected to the release of their confidential information.

Plaintiffs now attempt to convert a collaborative process into a contempt proceeding. The record does not support that escalation. There is no clear and convincing evidence that Dominance willfully violated a clear and definite order of this Court, and contempt sanctions against a nonparty under these circumstances would be unwarranted.

## II.
## LEGAL ARGUMENT

### A.    LEGAL STANDARD.

Civil contempt is a severe remedy that may be imposed only upon a showing, by clear and convincing evidence, that a party disobeyed a specific and definite court order by failure to take all reasonable steps within the party's power to comply. *Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006). A party should not be held in contempt if his action "appears to be based on a good faith and reasonable interpretation of the court's order." *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993)(citing *Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc.*, 689 F.2d 885, 998 (9th Cir. 1982). "Substantial compliance" with the court order is a defense to civil contempt, and it is not vitiated by "a few technical violations" where every reasonable effort has been made to comply. *Id*.

### B.    DOMINANCE SUBSTANTIALLY COMPLIED WITH THE COURT'S ORDER AND ACTED IN GOOD FAITH.

The record demonstrates that Dominance acted reasonably and in good faith to comply with the Court's order and that any delay was the result of practical impediments and legitimate third-party concerns about confidentiality. Dominance is not a party to the underlying litigation and has no incentive to obstruct discovery. To the contrary, Dominance expended significant time

1    and resources over several months attempting to comply with the subpoena and the Court's order

2    while safeguarding confidential information belonging to third parties who have vehemently

3    objected to Dominance producing their confidential information.

4         The Court established a staged discovery process tailored to a nonparty. It directed the

5    parties to meet and confer; ordered Dominance to prepare a detailed inventory identifying

6    sources, connections, roles, and time periods; instructed the parties to propose their own

7    production schedule; and mandated a protective-order supplement specific to Dominance to

8    ensure that the protective order in place applied equally to third parties. *See* ECF 249. The Court

9    further indicated that disputes could be brought back if necessary. *Id.* at 32:20-24; 42:21-43:08.

10   This was not a rigid production order. It was a structured, cooperative process requiring

11   coordination and agreement at multiple stages before production would occur.

12        Dominance engaged in that process. It worked toward identifying sources, explored ESI

13   collection through a vendor, and attempted to move forward within the Court's framework.

14   Progress halted when questions emerged concerning Dominance's lack of authority over its

15   fighters' confidential information, lack of control over its independent contractors' personal

16   devices, and the need to ensure adequate safeguards for highly sensitive contractual and

17   compensation information, which are matters the Court expressly anticipated would be addressed

18   through continued meet-and-confer and, if necessary, further guidance. There is no clear and

19   convincing evidence that Dominance willfully violated a clear and definite command of this

20   Court.

21        Civil contempt requires violation of a "specific and definite order." *Reno Air Racing Ass'n

22   v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006).  The Court's oral ruling makes clear that

23   production was not to occur immediately or unilaterally. Instead, the Court ordered: a meet and

24   confer process regarding what would be included in the inventory; preparation of a detailed

25   inventory list identifying discoverable sources, their connections, roles and time periods; a

26   supplement to the protective order confirming its application to Dominance; a jointly proposed

27   production schedule; and the ability to return to Court if disputes arose. *See* ECF 249 at 39:17-

28   41:09; 32:20-24; 42:21-43:08. The Court explicitly stated, "And then we can . . . figure out what

4

the next steps might be. . . ." *Id*. at 40:17-18. The Court's Order reflected a multi-step, cooperative process, as it anticipated further negotiation and further determinations. Dominance undertook efforts consistent with the Court's directives.

The Court acknowledged that preparation of the inventory would "take Dominance a little bit of time" and that Plaintiffs would then decide "what the next steps are." *Id*. at 37:15; 40:14-15. The subsequent vendor and collection discussions were part of those anticipated next steps. The fact that logistical and confidentiality issues arose during that process does not convert compliance efforts into contempt. Substantial compliance defeats civil contempt. *In re Dual-Deck*, 10 F.3d at 695. The record demonstrates Dominance's ongoing compliance efforts, not defiance. Contempt cannot be based on an alleged failure to complete a process that the Court itself recognized would require continued negotiation and further court involvement. Indeed, the later-stage production steps were never fixed by a definite deadline. Contempt is therefore unwarranted.

**C.   DOMINANCE'S CONFIDENTIALITY CONCERNS ARE LEGITIMATE AND UNDERSCORE ITS HESITATION TO PRODUCE CONFIDENTIAL MATERIALS CONCERNING ITS FIGHTERS.**

Throughout this process, Dominance's concerns over confidentiality and the handling of sensitive nonparty information became reasonably heightened based on Plaintiffs' specific actions. Shortly after the Court granted Plaintiffs' motion to compel in part, one of the Plaintiffs recorded and circulated a courthouse video publicly announcing that Dominance had been ordered to produce documents. *See* Exhibit A, Courthouse Video. That video was disseminated online and circulated among members of the fighter community, including individuals represented by Dominance. The public framing of the ruling generated substantial commentary, including criticisms and defamatory comments directed at Dominance's founder, Ali Abdelaziz. *See* Exhibit B, Comments Regarding Mr. Abdelaziz. This public amplification of a discovery ruling, particularly in a case that has received significant media attention, reasonably heightened concern about how sensitive information would be treated once disclosed.

Those concerns were compounded when Plaintiffs filed Dominance's inventory list on the public docket without redaction. The inventory contained personal contact information,

including email addresses and phone numbers, of nonparty individuals. Although the inventory list had not been formally designated confidential at the time of its disclosure, it was produced in furtherance of the Court's meet-and-confer directive and plainly contained private information. Plaintiffs subsequently sought to seal the exhibit after Dominance objected, but the public posting reinforced the very concerns that had been raised (i.e., that nonparty confidential information could be exposed beyond the narrow confines of this litigation). *See* Exhibit C, Correspondence to Plaintiffs' Counsel Regarding Dominance's Inventory List (attached collectively).

Importantly, several fighters whose contracts and compensation information are implicated have expressly objected to disclosure. For some, particularly those residing or competing internationally, the disclosure of contractual and financial terms carries potential personal, professional, or regulatory consequences in their home countries. Dominance possesses this information solely by virtue of its representative relationship with these individuals. It does not own the underlying contractual interests, and it faces legitimate tension when those individuals object to disclosure of their private financial information.

Against this backdrop, Dominance must ensure that any production proceeds only under clearly defined and enforceable safeguards. At a minimum, materials produced by Dominance should be designated Confidential or Attorney's Eye's Only, filed under seal if submitted to the Court, used solely for purposes of this litigation, and protected by clear provisions providing that any unauthorized disclosure or misuse is subject to appropriate remedial measures or sanctions.

To the extent Dominance is precluded by law, contract, or other legal obligation from producing particular documents, it should be permitted to identify the nature of the withheld material, the relevant counterparty, and the basis for non-production so that Plaintiffs may pursue whatever relief they deem appropriate from the proper source. Plaintiffs have agreed to similar language with other third parties in this litigation, and the same framework is appropriate here. *See* ECF 341.

Additionally, Dominance should receive notice if any party seeks to file its materials under seal and, further, notice and an opportunity to be heard before any motion is made to unseal

documents designated as Confidential or Attorney's Eye's Only. Such protections are necessary to safeguard the substantial non-party confidentiality interests at issue.

**D.    DOMINANCE CANNOT BE HELD IN CONTEMPT FOR MATERIALS OUTSIDE ITS POSSESSION, CUSTODY, OR CONTROL.**

The Court limited production to materials which Dominance has an ability to obtain. *See* ECF 249 at 10:12-16. A party cannot be compelled, must less held in contempt, for failing to produce materials it lacks the legal authority to obtain. *See United States v. Rylander*, 460 U.S. 752, 757 (1983).

Here, Plaintiffs selected two independent contractors as custodians for collection. These individuals were not employees of Dominance and used personal devices to conduct their work. During the course of this process, those two individuals terminated their relationship with Dominance. Upon doing so, they retained possession of their personal devices. Dominance does not own those devices. Nor does it have authority to seize or compel access to those devices. Simply put, Dominance has no ability to obtain their personal devices for collection. Once those individuals ceased their affiliation with Dominance, any arguable ability to request voluntary cooperation became even more attenuated. Dominance cannot be held in contempt for failing to produce devices over which it has no legal control.

**E.    ANY REMAINING COMPLIANCE ISSUES ARE CURABLE; CONTEMPT SANCTIONS ARE NOT WARRANTED.**

Dominance does not seek to avoid compliance. Rather, it seeks to comply responsibly, in a manner that honors both the Court's order and its obligations to the fighters it represents. To that end, Plaintiffs' proposed seven-day deadline for production is not feasible under the present circumstances. Meaningful production requires counsel to review collected materials carefully prior to disclosure, particularly where the data may contain sensitive contractual, financial, and personal information of nonparties. At present, counsel does not know the total volume of data to be collected and reviewed. Without that information, any rigid production deadline would be arbitrary and potentially prejudicial.

Dominance took affirmative steps on February 19, 2026, to move the process forward by engaging the ESI vendor, HOLO Discovery, at its own expense, to image Ali Abdelaziz's device

7

and to collect responsive emails. For technical reasons, the attempted device image was unsuccessful. The parties are coordinating with HOLO to schedule a mutually convenient date to reattempt the imaging and collect emails, but until collection is complete, neither HOLO nor counsel can determine the total data size or estimate the time necessary for review. It is counsel's understanding that, as of the date of this filing, HOLO has initiated a second attempt to image Mr. Abdelaziz's device and that the process is currently underway.

Although the parties previously discussed proposed search terms, the understanding was that those terms would be run against the collected data to generate hit reports, which would then inform further narrowing and refinement. HOLO has advised that the currently proposed search terms are likely overbroad and may generate excessive results. Dominance elected to proceed with hit-report analysis precisely to ensure that the parties could refine the terms in a data-driven manner, rather than engaging in speculation. HOLO has also advised that Plaintiffs' proposed search terms are not compatible with the format of data extracted from mobile devices. Instead, HOLO has recommended that the parties identify relevant conversations with specific individuals and then apply targeted search terms within those conversations.

In short, collection is in progress, technical issues are being addressed, and search terms must be refined through the hit-report process the parties previously contemplated. Imposing a seven-day production deadline before collection is complete, data volume is known, and search parameters are finalized would not expedite discovery. Instead, it would risk error, overproduction, or inadvertent disclosure of sensitive nonparty information. Dominance remains prepared to proceed expeditiously once collection is complete and a workable search protocol is finalized.

## F.    PLAINTIFFS' REQUEST FOR ATTORNEYS' FEES AND COSTS SHOULD BE DENIED.

Plaintiffs seek recovery of "all time and expense incurred in bringing this Application to completion, including time and expenses already incurred and those that are still to come." ECF 427 at 7:19-22. That request is overly broad, exceeds the limits of compensatory civil contempt sanctions, and should be denied.

Civil contempt sanctions are remedial in nature. They are imposed to coerce compliance or to compensate an opposing party for actual losses sustained as a result of noncompliance. *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 778 (9th Cir. 1983). Any award to an opposing party must be limited to the injured party's actual loss. *United States v. United Mine Workers of America*, 330 U.S. 258, 304, 67 S.Ct. 677, 701, 91 L.Ed. 884 (1947); *Shuffler v. Heritage Bank*, 720 F.2d 1141, 1148 (9th Cir. 1983); *Falstaff*, 702 F.2d at 779.

Here, Plaintiffs have not established any cognizable injury or any actual loss. Absent a showing of actual injury caused by a clear violation of a definite court order, sanctions are improper as a matter of law.

Moreover, Plaintiffs' request improperly attempts to recast Court-ordered discovery activity as sanctionable injury. Following the Court's ruling, the parties engaged in a multi-step process the Court explicitly directed, including meeting and conferring; identifying custodians and sources; discussing search terms; and selecting an ESI vendor. The Court specifically ordered that Plaintiffs would be responsible for Dominance's fees and expenses incurred following production of the inventory list. *See* ECF 249 at 37:04-23. Time spent carrying out that Court-ordered framework cannot constitute "loss" resulting from contempt, as it was the very process the Court required. Notably, Plaintiffs have not yet paid *any* of Dominance's fees or expenses the Court allocated to them in connection with that process.

Even if the Court were to find some basis for relief, which Dominance submits it should not, any award would necessarily be limited to reasonable fees attributable to drafting the instant Application. However, Plaintiffs' request for all past and prospective fees incurred in pursuing this Application is facially overbroad. Additionally, the Court expressly invited the parties to seek a status conference to address any issues arising during production. *Id*. at 32:20-24; 42:21-43:08. Plaintiffs elected instead to file this Application for contempt. Fees incurred as a result of that strategic choice are not compensable as an "actual loss" under controlling authority. For these reasons, Plaintiffs' request for attorneys' fees and costs should be denied.

///

///

9

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## III.

## <u>CONCLUSION</u>

Based upon the foregoing, Dominance respectfully requests that the Court enter an order denying Plaintiffs' Application for an Order to Show Cause.

Dated this 23rd day of February, 2026.

CHRISTIANSEN TRIAL LAWYERS

By_____
PETER S. CHRISTIANSEN, ESQ.
KEELY P. CHIPPOLETTI, ESQ.

*Attorneys for Nonparty*
*Dominance MMA, LLC*



**CERTIFICATE OF SERVICE**

I certify that I am an employee of CHRISTIANSEN TRIAL LAWYERS, and that on this 23rd day of February, 2026 I caused the foregoing document entitled **NONPARTY DOMINANCE MMA, LLC'S OPPOSITION TO PLAINTIFFS' APPLICATION FOR AN ORDER TO SHOW CAUSE WHY THIRD PARTY DOMINANCE MMA, LLC SHOULD NOT BE: (1) HELD IN CONTEMPT FOR DEFYING THE COURT'S PRIOR ORDER (ECF NO. 245); (2) ORDERED TO COMPLY WITH THE COURT'S PRIOR ORDER; AND (3) ORDERED TO REIMBURSE PLAINTIFFS' REASONABLE ATTORNEYS' FEES AND COSTS [ECF NO. 427]** to be filed and served via the Court's CM/ECF electronic filing system upon all registered parties and their counsel.

_____
An employee of Christiansen Trial Lawyers

11

# EXHIBIT A

# -MANUALLY FILED-

# EXHIBIT A

# EXHIBIT B

# EXHIBIT B

21:05

## MMAFA Q&A
Артем Лобов, Рамазан Емеев, Cat...

**Rob Maysey**



0:31    19:11

👏 🤙 👍 ❤️ 6

~MikePierce170
Ali is done    19:12

~Colton Smith
Good luck getting Ali, a former serial FBI informant, to be held accountable.    19:13

~MikePierce170
Fair point. The guy is a snake    19:14

Always has been    19:14

 👍 ❤️ 🔥 5

**~MikePierce170** ▬▬▬▬
Ali is done                    19:12

**~Colton Smith** ▬▬▬▬
Good luck getting Ali, a former serial FBI informant, to be held accountable.
19:13

**~MikePierce170** ▬▬▬▬
Fair point. The guy is a snake    19:14

Always has been    19:14

**~Carlos N** ▬▬▬▬
Lol    19:15

**~Colton Smith** ▬▬▬▬
He should've never received admittance into the US with the ties he has. But I digress.    19:15



**~Damarques** ▬▬▬▬



21:05

**MMAFA Q&A**
Артем Лобов, Рамазан Емеев, Cat...

~MikePierce170

Fair point. The guy is a snake    19:14

Always has been    19:14

~Carlos N

Lol    19:15

~Colton Smith

He should've never received admittance into the US with the ties he has. But I digress.    19:15

❤️

~Damarques



19:20

❤️ 😂 2

Fuck that guy    19:20

💯



# EXHIBIT C

# EXHIBIT C



PETER S. CHRISTIANSEN
PETER J. CHRISTIANSEN
R. TODD TERRY

WHITNEY J. BARRETT
KEELY P. CHIPPOLETTI
ANDREW R. BROWN
RONALD J. EVANS

February 11, 2026

*Via Email*:     krayhill@saverilawfirm.com
                 imoradi@saverilawfirm.com
                 tbjordan@saverilawfirm.com

Kevin Rayhill, Esq.
Itak Moradi Esq.
T. Brent Jordan, Esq.
Joseph Saveri Law Firm
601 California Street, Suite 1505
San Francisco, CA 94108

          Re:     Motion for Order to Show Cause Against Dominance MMA, LLC
                  *Kajan Johnson, et al. v. Zuffa, LLC, et al.*
                  Case No. 2:21-cv-01189-RFB-BNW

Dear Counsel,

          I am in receipt of Plaintiffs' Motion for Order to Show Cause, and specifically, Exhibit 2 attached thereto (the "Exhibit"), which Plaintiffs filed publicly, and without prior notice to Dominance, knowing it contains private, non-party personal identifying information.

          As you are aware, the Exhibit is an inventory list produced by Dominance, a third party to this litigation, in an effort to cooperate while preserving legitimate confidentiality and privacy concerns. Although the Exhibit had not been formally designated confidential at the time of its limited disclosure, that fact does not authorize its public filing or the disclosure of nonparty personal identifying information. The inventory list was provided privately and preliminarily in furtherance of the Court's meet-and-confer directive, at a time when Plaintiffs had delayed circulating the required addendum to the protective order. Nothing about that limited disclosure authorized Plaintiffs to publicly file a non-party's personal identifying information on the docket. Plaintiffs were expressly aware that the document includes private phone numbers and email addresses of non-parties yet chose to file it unredacted on the public docket in a case that has already received significant media attention. That decision constitutes a serious and unjustified invasion of privacy.

          There is no legitimate litigation purpose for publicly disclosing a third party's personal contact information. Plaintiffs could have advanced their arguments without filing this Exhibit at all, or at a minimum, by filing it under seal or in redacted form. Their failure to do so reflects, at best, reckless disregard for privacy obligations, and at worst, bad faith and an improper motive.

Rayhill, Kevin, Esq.
Moradi, Itak, Esq.
Jordan, T. Brent, Esq.
February 11, 2026
Page 2 of 2

Accordingly, we demand that Plaintiffs immediately claw back the Exhibit from the public docket and re-file the Exhibit only under seal or in appropriately redacted form removing all personal contact information. To avoid motion practice, we propose that the parties enter into a stipulation providing that the currently filed Exhibit will be sealed and any re-filed version will be limited to a redacted copy omitting all personal contact information.

Please provide written confirmation of compliance and that no further dissemination of the unredacted Exhibit has occurred or will occur. If Plaintiffs do not confirm compliance by close of business today, Dominance will have no choice but to seek appropriate relief from the Court, including an order striking the Exhibit and any other remedies the Court deems just.

Sincerely,

CHRISTIANSEN TRIAL LAWYERS

PETER S. CHRISTIANSEN, ESQ.
KEELY P. CHIPPOLETTI, ESQ.

From: **Kevin Rayhill** krayhill@saverilawfirm.com
Subject: RE: RE: Activity in Case 2:21-cv-01189-RFB-BNW Johnson et al v. Zuffa, LLC dba Ultimate Fighting Championship et al Motion for Order to Show Cause
Date: February 11, 2026 at 2:23 PM
To: Peter S. Christiansen pete@christiansenlaw.com, Itak Moradi imoradi@saverilawfirm.com
Cc: Keely P. Chippoletti keely@christiansenlaw.com, T. Brent Jordan tbjordan@saverilawfirm.com, Amara Getzell agetzell@saverilawfirm.com

KR

The exhibit has been removed from the public docket by the clerk. We are drafting a motion to seal.

---

**From:** Peter S. Christiansen <pete@christiansenlaw.com>
**Sent:** Wednesday, February 11, 2026 1:51 PM
**To:** Itak Moradi <imoradi@saverilawfirm.com>
**Cc:** Keely P. Chippoletti <keely@christiansenlaw.com>; Kevin Rayhill <krayhill@saverilawfirm.com>; T. Brent Jordan <tbjordan@saverilawfirm.com>; Amara Getzell <agetzell@saverilawfirm.com>
**Subject:** Re: RE: Activity in Case 2:21-cv-01189-RFB-BNW Johnson et al v. Zuffa, LLC dba Ultimate Fighting Championship et al Motion for Order to Show Cause


Please explain why it was attached as an exhibit in a public filing


Peter S. Christiansen
Christiansen Trial Lawyers
710 South 7th Street
Las Vegas, NV 89101
Phone (702) 240-7979
Fax (866) 412-6992

This email is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and/or exempt from disclosure under applicable law. If the reader of this email is not the intended recipient, or the employee or agent responsible for delivering the email to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.


Sent from Proton Mail for iOS.


-------- Original Message --------
On Wednesday, 02/11/26 at 13:47 Itak Moradi <imoradi@saverilawfirm.com> wrote:

> Good afternoon Keely:
>
> There was no intentional disclosure, and certainly no improper intent, and we agree with your request for a stipulation. We are calling the clerk to see if there is a mechanism to pull the exhibit down now while we determine the merit in sealing versus redacting versus another approach. Thank you for bringing this to our attention.

**Itak Moradi**
Associate

_____

[                    ]

601 California Street, Suite 1505
San Francisco, CA 94108
T 415.500.6800 x925
F 415.395.9940

---

**From:** Keely P. Chippoletti <keely@christiansenlaw.com>
**Sent:** Wednesday, February 11, 2026 1:32 PM
**To:** Kevin Rayhill <krayhill@saverilawfirm.com>; Itak Moradi <imoradi@saverilawfirm.com>; T. Brent Jordan <tbjordan@saverilawfirm.com>
**Cc:** Peter S. Christiansen <pete@christiansenlaw.com>; Amara Getzell <agetzell@saverilawfirm.com>
**Subject:** Re: Activity in Case 2:21-cv-01189-RFB-BNW Johnson et al v. Zuffa, LLC dba Ultimate Fighting Championship et al Motion for Order to Show Cause


Counsel, please see the attached correspondence.

Thank you,
Keely


Keely Perdue Chippoletti
Attorney
Christiansen Trial Lawyers
710 South 7th Street
Las Vegas, NV 89101
Phone (702) 240-7979
Fax (866) 412-6992

This email is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and/or exempt from disclosure under applicable law. If the reader of this email is not the intended recipient, or the employee or agent responsible for delivering the email to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.


On Feb 10, 2026, at 5:28 PM, Kevin Rayhill <krayhill@saverilawfirm.com> wrote:

Keely and Peter,

Our understanding is that Dominance received notice from the

Our understanding is that Dominance received notice from the District of Nevada CM/ECF email sent out at 4:59 this afternoon that Plaintiffs filed an Application for an Order to Show Cause against Dominance in the District of Nevada today. If I am mistaken, then please consider this email to be notice of today's filing. Responses are due February 24, 2026. If for some reason you do not have access to the documents let me know and we will forward them.

**Kevin E. Rayhill**
*Counsel*

# JOSEPH  SAVERI

L
A
W

F

I

R

M

601 California Street, Suite 1505
San Francisco, CA 94108
**T** 415.655.5953
**F** 415.395.9940

---

**From:** cmecf@nvd.uscourts.gov <cmecf@nvd.uscourts.gov>
**Sent:** Tuesday, February 10, 2026 4:59 PM
**To:** cmecfhelpdesk@nvd.uscourts.gov
**Subject:** Activity in Case 2:21-cv-01189-RFB-BNW Johnson et al v. Zuffa, LLC dba Ultimate Fighting Championship et al Motion for Order to Show Cause

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript,**

the free copy and 30 page limit do not apply.

### United States District Court

### District of Nevada

## Notice of Electronic Filing

The following transaction was entered by Saveri, Joseph on 2/10/2026 at 4:59 PM PST and filed on 2/10/2026

| | |
|---|---|
| **Case Name:** | Johnson et al v. Zuffa, LLC dba Ultimate Fighting Championship et al |
| **Case Number:** | 2:21-cv-01189-RFB-BNW |
| **Filer:** | Tristan Connelly |
| | Clarence Dollaway |
| | Kajan Johnson |
| **Document Number:** | 427 |

**Docket Text:**
**MOTION for Order to Show Cause *Why Third Party Dominance MMA, LLC Should Not Be: (1) Held in Contempt for Defying the Courts Prior Order (ECF No. 245); (2) Ordered to Comply with the Courts Prior Order; and (3) Ordered to Reimburse Plaintiffs Reasonable Attorneys Fees and Costs* by Plaintiffs Tristan Connelly, Clarence Dollaway, Kajan Johnson. Responses are due by 2/24/2026. (Attachments: # (1) Declaration of Kevin Rayhill ISO Application for Order to Show Cause re Third Party Dominance MMA, LLC, # (2) Exhibit 1, # (3) Exhibit 2, # (4) Exhibit 3, # (5) Exhibit 4, # (6) Exhibit 5, # (7) Exhibit 6, # (8) Exhibit 7, # (9) Exhibit 8, # (10) Exhibit 9, # (11) Exhibit 10, # (12) Exhibit 11, # (13) Exhibit 12, # (14) Exhibit 13, # (15) Exhibit 14, # (16) Exhibit 15, # (17) Exhibit 16, # (18) Exhibit 17, # (19) Exhibit 18, # (20) Exhibit 19, # (21) Exhibit 20, # (22) Exhibit 21, # (23) Exhibit 22, # (24) Exhibit 23, # (25) Proposed Order)(Saveri, Joseph) (discovery)**


**2:21-cv-01189-RFB-BNW Notice has been electronically mailed to:**

Aaron T. Chiu      aaron.chiu@lw.com

Adam B Peterson      adam.peterson@lw.com

Agbeko C. Petty      apetty@dirllp.com

Benjamin Cabranes      bcabranes@dirllp.com

Benjamin D. Brown      bbrown@cohenmilstein.com

Brian D. Clark
  bdclark@locklaw.com, amraak@locklaw.com, easchindler@lo
cklaw.com, lgn-bdclark@ecf.courtdrive.com

Christopher K.L. Young     cyoung@saverilawfirm.com

Christopher S. Yates     chris.yates@lw.com, christopher-yates-
8594@ecf.pacerpro.com

Consuela Abotsi-Kowu     cmabotsi-kowu@locklaw.com

Daniel Gifford     dgifford@cohenmilstein.com

Daniel H Silverman     dsilverman@cohenmilstein.com

David L. Johnson     david.johnson@lw.com

Donald J. Campbell
  djc@cwlawlv.com, cbb@cwlawlv.com, jcw@cwlawlv.com, jyc
@cwlawlv.com, maw@cwlawlv.com, pre@cwlawlv.com, rpr@c
wlawlv.com, srm@cwlawlv.com

Emily B. Marcus     emarcus@cohenmilstein.com

Eric L. Cramer
  ecramer@bergermontague.com, sleo@bm.net

Itak Moradi     imoradi@saverilawfirm.com

J Colby Williams
  jcw@cwlawlv.com, anr@cwlawlv.com, cbb@cwlawlv.com, jyc
@cwlawlv.com, maw@cwlawlv.com, mts@cwlawlv.com, nsh@
cwlawlv.com, pre@cwlawlv.com, srm@cwlawlv.com

Jeremy Gradwohl     jgradwohl@bergermontague.com

Jerome Elwell     Jelwell@warnerangle.com

Jessica Phillips     jphillips@dirllp.com

Joseph Axelrad     joseph.axelrad@lw.com

Joseph M Axelrad     Joseph.Axelrad@lw.com

Joseph R. Saveri
  jsaveri@saverilawfirm.com, agetzell@saverilawfirm.com, ajen
sen@saverilawfirm.com, ajohnson@saverilawfirm.com, bkilken

ny@saverilawfirm.com, dvandemortel@saverilawfirm.com, jday@saverilawfirm.com, jram@saverilawfirm.com, llibatique@saverilawfirm.com, nalioto@saverilawfirm.com

Joshua P Davis    jdavis@bergermontague.com

Keely Perdue Chippoletti
  keely@christiansenlaw.com, amy@christiansenlaw.com, chandi@christiansenlaw.com, jcrain@christiansenlaw.com

Kevin Rayhill
  krayhill@saverilawfirm.com, cforthuber@saverilawfirm.com, kevin-rayhill-5790@ecf.pacerpro.com

Kyla J. Gibboney    kgibboney@bergermontague.com

Kyle J. Pozan    kjpozan@locklaw.com

Laura R. Washington    laura.washington@lw.com

Matthew Feeley
  mfeeley@ag.nv.gov, dwright2@ag.nv.gov, mmillam@ag.nv.gov

Michael C. Dell'Angelo
  mdellangelo@bergermontague.com, courtmail@bm.net, csimon@bm.net

Michael J. Gayan
  mike@claggettlaw.com, jdy@claggettlaw.com, katrina@claggettlaw.com, melisa@claggettlaw.com, nmcleod@claggettlaw.com

Patrick F. Madden
  pmadden@bergermontague.com, jgionnette@bm.net

Peter S. Christiansen
  pete@christiansenlaw.com, ab@christiansenlaw.com, abrown@christiansenlaw.com, amy@christiansenlaw.com, chandi@christiansenlaw.com, hannah@christiansenlaw.com, jcrain@christiansenlaw.com, keely@christiansenlaw.com, ron@christiansenlaw.com, tterry@christiansenlaw.com, wbarrett@christiansenlaw.com

Richard A. Koffman
  rkoffman@cohenmilstein.com, dwelch@cohenmilstein.com, efilings@cohenmilstein.com, enotices@cohenmilstein.com, mcampbell@cohenmilstein.com, mvike@cohenmilstein.com, tkitzm

mpbell@cohenmilstein.com, mvike@cohenmilstein.com, tkitzman@cohenmilstein.com

Robert B. Medina    robert.medina@lw.com

Robert Charles Maysey    rmaysey@bm.net

Sean M. Berkowitz    sean.berkowitz@lw.com

T. Brent Jordan    tbjordan@saverilawfirm.com

William A. Isaacson    wisaacson@dirllp.com, william-isaacson-0933@ecf.pacerpro.com

William Joseph Bruckner
  wjbruckner@locklaw.com, ctevans@locklaw.com, lgn-wjbruckner@ecf.courtdrive.com

Yotam Barkai    ybarkai@dirllp.com

**2:21-cv-01189-RFB-BNW Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1101333072 [Date=2/10/2026] [FileNumber=12250473-
0]
[d5f544f25e48fb37ae3be9b1f6546e69f4a5ec13b335b0018caf5
9a9defbe8befd
e55fbd437ca0b24ffa24e0129786eef9ddc27a306fb334c8038fb
496e8bb44]]
**Document description:**Declaration of Kevin Rayhill ISO Application for Order to Show Cause re Third Party Dominance MMA, LLC
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1101333072 [Date=2/10/2026] [FileNumber=12250473-
1]
[197d0d45ee04132a853f0dcf91ed7b7ae51902aa9c92499314d
82f0e8affe09e9a
af1cc1c6bc515878282b99a828b451f34c4f4d7bacd540d9e3fd4
b843696d7]]
**Document description:**Exhibit 1
**Original filename:**n/a

**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1101333072 [Date=2/10/2026]
[FileNumber=12250473-
2]
[4755b31710f8812447c5784d5fd585f922337fceeb6bb827aa23
2f5ca6bf011a14
0020e93c091129318542733a88d04993aa0de81d8ac65ce360b
794834dba7e]]
**Document description:**Exhibit 2
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1101333072 [Date=2/10/2026]
[FileNumber=12250473-
3]
[ac7287d3eb88f71f25856c4d76e80a2a79416d4a54dd3a1c361
0e5c0afe26ae38c
18c5bed661dd9594279fb1842cac53e7fd1941521ee039ff9824f
dc55112d6]]
**Document description:**Exhibit 3
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1101333072 [Date=2/10/2026]
[FileNumber=12250473-
4]
[c42b1baffdc3f3bafe1007c5bf0b2705cca4ade2a84730b7987f6
811d9362d5fe6
b583a43be48dbb90f05ef8db554d51099ac9abedab6b89d51d2f
038b220d1c]]
**Document description:**Exhibit 4
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1101333072 [Date=2/10/2026]
[FileNumber=12250473-
5]
[b2f1cc21f9e130f422f65148b982e25d0dadbfe8696e146ec0b3
3408e30ec415f4
f272c2f87862498a19982fa96369385a03765f3aed1b6017bdb3
da591b5e0e]]
**Document description:**Exhibit 5
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1101333072 [Date=2/10/2026]
[FileNumber=12250473-
6]
[a465dd108bbd375ddf9340325f2c4960c796a2c8603c5fc297e7
038e35c583986a
3215e6270861043760f88f7bf0207e2cc8315201acdd09503793

256f423885]]
**Document description:**Exhibit 6
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1101333072 [Date=2/10/2026]
[FileNumber=12250473-
7]
[7b848c2ee3aa81e33ba3bbc194f35c52189895a54fe32ac69ce
1d1de5b82af0993
19e318c5f99b7378bbafa88192034c154303f2b7052321d27b09
7855039e32]]
**Document description:**Exhibit 7
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1101333072 [Date=2/10/2026]
[FileNumber=12250473-
8]
[4ca648f7f7dfde2e26324c6aa16009dafeea5d47f529f920aad8a
6836b88469903
994a38561d8aff94635e68612db2352602c3aa10d4837478834
13382e10d90]]
**Document description:**Exhibit 8
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1101333072 [Date=2/10/2026]
[FileNumber=12250473-
9]
[81e48c58db64b10de076caefad0aec1b9c6ef05699a43f917f77
8e21eaee3c8375
36c4f6558d457ffd5547646fded021dddca50a6c8fbdb484b478e
e24321332]]
**Document description:**Exhibit 9
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1101333072 [Date=2/10/2026]
[FileNumber=12250473-
10]
[b8aded096c4966bef1b23eae6c74e35118d3ce5d335e6805bf9
d1a0f9c9b7147c
179a50c84de35cb3b1f378af2ca3b45e630ed4649d6ffd2e2bda
6143ff0f66d]]
**Document description:**Exhibit 10
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1101333072 [Date=2/10/2026]
[FileNumber=12250473-
11]
[bd45b4a9b77594427dcc2c8c3dbba1b955c0db69c6a788d36c

[bd-cb-a5b700 - 27a0e2555abba1b08550db050a758a500
89328b6a0e9ca5a
f7f22a66513b4e12e208d90d4d039383d65cb853e9573d13593
ee719ce2b2b6]]
**Document description:**Exhibit 11
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1101333072 [Date=2/10/2026]
[FileNumber=12250473-
12]
[3dc053cd1a5827ad68d5da9a20586dbdc1f480476e6aae1940
366cb31df4b2885
af814961d7b94f1001be083c8589ec905dd924b6bf58ffc36f9f0d
fd3023a5c]]
**Document description:**Exhibit 12
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1101333072 [Date=2/10/2026]
[FileNumber=12250473-
13]
[5038fdf66c69f731e03a26610733ae8ed8b56cbc116a3248ebdf
e3cfa78bc22bf
2a37c2c6f1ac9a426bede4d5b0812fea06009b93e2efbb832282
b2d2d679247]]
**Document description:**Exhibit 13
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1101333072 [Date=2/10/2026]
[FileNumber=12250473-
14]
[515bda2dc962aeae9e095493f3b52b0477fccde755411b111f1d
ec3c4e2bbc048
88acf5deafb6864bac4072d7c24e82193ed2c5843226f7259ded
08102d965b4]]
**Document description:**Exhibit 14
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1101333072 [Date=2/10/2026]
[FileNumber=12250473-
15]
[583f799845cf8270253d7815ad766ff5a33f9aaa831d2cd18947
0f40968777a2f
a8906062caf74e160d269541f694118a325e5b07af0a793cf25ec
167ee13103]]
**Document description:**Exhibit 15
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1101333072 [Date=2/10/2026]

[FileNumber=12250473-16]
[62ba81c070a9a69730acf17678ed3d0407e70a92eb3f91327442cdc51f96665e199359ad686ce08067d8fd30bf063fe27581fbcfcfe8a82222ce0256a0a7c60a]]
**Document description:**Exhibit 16
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1101333072 [Date=2/10/2026] [FileNumber=12250473-17]
[61d1496d4dc2668c9c1279f14fef24638f680cb76a737b5a982b3298568e5c11e51af5f13f521a72c6beead9bb62767b6d58ace0a33d542b2eeb8d5bc64c4ab3]]
**Document description:**Exhibit 17
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1101333072 [Date=2/10/2026] [FileNumber=12250473-18]
[2e0f18f713a0ba802b62bc7746b5b80c29152fde4a313453c390f0518b6c41836fdf0f3b740fa2c33c65ebca03740d6179ebd93c362ba1583d4c030aef1aa876]]
**Document description:**Exhibit 18
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1101333072 [Date=2/10/2026] [FileNumber=12250473-19]
[8d2ba4ba4d73cc6cea12f245d146d57984cce18f2266254af9919c085d1afc27efef1dae94fc24b2bf9e91aa2e32ff16a94c0be57b08eb3b8fc5a9a147c9a446]]
**Document description:**Exhibit 19
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1101333072 [Date=2/10/2026] [FileNumber=12250473-20]
[ad4146e9963b6fc5f0042baf6b6e893295864584c048a07c7c91ba99ee5da3e4a0585e81d5538464d3fef7eea90657b8c9ee98d7deab3112b90935dce47548b6]]
**Document description:**Exhibit 20
**Original filename:**n/a

Original filename:n/a

**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1101333072 [Date=2/10/2026]
[FileNumber=12250473-
21]
[dbfebffd47f76351c8db274df31e75fbde115cef559374e46ae09
4d20ea5ab8c7
1f8cccf75a65a68991269368aae17e6fd019533c89eafa491579
09d98f2bfc5]]
**Document description:**Exhibit 21
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1101333072 [Date=2/10/2026]
[FileNumber=12250473-
22]
[c68fd60957d74770c2ce14a931d5334fb71293841ff537498596
3d6dd76ed8e1f
c121aa3de1779a66e2843e9236c6b0cde9ead5e00b06cf7fa30
469fe774f1d6]]
**Document description:**Exhibit 22
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1101333072 [Date=2/10/2026]
[FileNumber=12250473-
23]
[56f0dc04f56ce14fbf25842465886bd03c65e21195db4931df2e7
c0165c447732
0e71e84ded1c793e2cb1b1d17bb5ba9a7f37d48a92ff08e74ba9
92a0178de7d]]
**Document description:**Exhibit 23
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1101333072 [Date=2/10/2026]
[FileNumber=12250473-
24]
[e256522c93613c855e949a6a6279699bd3eefba1d0e303adcb
c58be3e1eabab1d
3ccc722e685c916c34fd724b0a23f4e86c6d911838b34235bc85
41d027542e4]]
**Document description:**Proposed Order
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1101333072 [Date=2/10/2026]
[FileNumber=12250473-
25]
[a8d6b83a3cc25ded1daa52fe4cd04ea5a2afd4d48721809db3d
f44419a6ce54aa
fe5915b6ffcda25848e8b936d76118f98f17cf76e1e60d6709372

7e4c342870]]