# EXHIBIT 1

**Appendix of the Court's Spoliation-Related Findings**

| Finding | Court's Language | Citation | Date |
|---|---|---|---|
| Plaintiffs have made a preliminary showing of spoliation. | Since July of last year, Plaintiffs have explicitly sought relief from this Court based on spoliation. | ECF No. 375 at 2. | 1/27/2026 |
| Plaintiffs have made a preliminary showing of spoliation. | The discovery issues in this case notably include potential spoliation of significant evidence. Specifically, Plaintiffs made a credible preliminary showing of spoliation late last year and requested a spoliation hearing. Based upon indicia of spoliation in the record, and Plaintiffs' requests/motions, the Court scheduled spoliation proceedings to determine whether sanctions are appropriate | ECF No. 375 at 3. | 1/27/2026 |
| Plaintiffs have made a preliminary showing of spoliation. | For the sake of clarity, the Court reaffirms that Plaintiffs have made a preliminary showing of spoliation because they have identified sufficient indicia of spoliation, namely years of missing data from critical periods that were covered by litigation holds. | ECF No. 366. | 1/23/2026 |
| Plaintiffs have made a preliminary showing of spoliation. | In reviewing the defendants' submission, it appears that, perhaps, they were under the misapprehension that I had not made findings that there was sufficient indicia of spoliation to have a hearing. I thought that I had, but to the extent that it was unclear, I do find there's sufficient indicia here of spoliation as it relates to relevant evidence. The Court finds that there are years of missing digital messages by Mr. White and Ms. Long and others related to relevant contract negotiations which are relevant to the discovery here -- relevant to the discovery here. The Court finds that this missing evidence occurred in a timeframe in which there was a litigation hold and there was an obligation by the defendants to preserve this evidence. The Court finds that this evidence, again, would have been subject to the litigation hold, is, and is clearly relevant. At this point in time it has been missing for years when there was an obligation to produce it previously. | Hearing transcript at 4:23-5:17. | 1/6/2026 |

1

| **Finding** | **Court's Language** | **Citation** | **Date** |
|---|---|---|---|
| Plaintiffs have made a preliminary showing of spoliation. | The Court also finds that the plaintiffs have presented and that the Court has confirmed today significant indicia of spoliation of relevant evidence with respect to the Court's resolution of the arbitration clause. For example, the fact that there's been no production as relates to Mr. Cirkunovs or other fighters of text messages, messages, or anything involving Mr. White or Ms. Long for years, despite the fact that they were under a litigation hold, is deeply troubling to the Court. This information should have been preserved, and there is clear indication in the record that the defendant was aware of its obligation and was aware that this evidence should have been preserved and it was not. The Court, therefore, finds it necessary to order a spoliation hearing in this case to determine the extent and level of the deletion or destruction of evidence in this case | Hearing transcript at 61:25-62:14. | 11/20/2025 |

| Finding | Court's Language | Citation | Date |
|---|---|---|---|
| Dana White (White") and Tracy Long's ("Long) uncollected Chats are lost for purposes of these proceedings. | To summarize them, the Court has found, and continues to find, that **Defendants have failed to produce 5-7 years of relevant communications from Dana White and Tracy Long regarding contract terms, negotiations, compensation, and alleged anti-competitive conduct.** These communications, and related evidence, were in the possession of these witnesses and are now "missing"—if not deleted or destroyed. | ECF No. 375 at 5. | 1/27/2026 |
| White and Long's uncollected Chats are lost for purposes of these proceedings. | For the sake of clarity, the Court reaffirms that Plaintiffs have made a preliminary showing of spoliation because they have identified sufficient indicia of spoliation, namely years of missing data from critical periods that were covered by litigation holds. | ECF No. 366. | 1/22/2026 |
| White and Long's uncollected Chats are lost for purposes of these proceedings. | Based upon the findings that I've made, I believe there's been a preliminary showing because of information that's not been produced that relevant information is missing . . . . [T]he fact that there is no information, digital information for years, as indicated by the plaintiffs, which is unrebutted at this point, and I find that these individuals have relevant duties and would have relevant evidence here, I think the preliminary showing has been made. | Hearing transcript at 14:9-17. | 1/6/2026 |
| White and Long's uncollected Chats are lost for purposes of these proceedings. | From my standpoint, there's been sufficient time to produce this material. It should have been preserved and produced months ago pursuant to my schedule. It wasn't. And so at this point, I find that the material is unavailable, and if it becomes available later, then that's something that can be raised with me if I were to make a finding that there has to be some remedy. I haven't even made that finding yet because I don't even know about how it may or may not have been missing. But, right now, I don't find there's any dispute about the fact that it's not currently available, that there was an obligation to provide it earlier. | Hearing transcript at 16:14-25. | 1/6/2026 |

3

| | | | |
|---|---|---|---|
| White and Long's uncollected Chats are lost for purposes of these proceedings. | The Court finds from the record that clearly such messages existed at some point as it relates to negotiations regarding fighters' contracts and, to date, those messages have not been produced or provided and the defendant, UFC, has represented that it does not know where these messages are and does not have them in its possession, and that the individuals who were involved with the negotiation of these contracts who may have missing messages, texts, or e-mails at this point don't know where they are either. | Hearing transcript at 62:3-10. | 11/20/2025 |

| Finding | Court's Language | Citation | Date |
| --- | --- | --- | --- |
| Defendants had an obligation to preserve White and Long's lost Chats. | For the sake of clarity, the Court reaffirms that Plaintiffs have made a preliminary showing of spoliation because they have identified sufficient indicia of spoliation, namely years of missing data from critical periods that were covered by litigation holds. | ECF No. 366. | 1/22/2026 |
| Defendants had an obligation to preserve White and Long's lost Chats. | The Court finds that this missing evidence occurred in a timeframe in which there was a litigation hold and there was an obligation by the defendants to preserve this evidence. The Court finds that this evidence, again, would have been subject to the litigation hold, is, and is clearly relevant. At this point in time it has been missing for years when there was an obligation to produce it previously. | Hearing transcript at 5:7-14. | 1/6/2026 |
| Defendants had an obligation to preserve White and Long's lost Chats. | What I found is that it's missing; that it should have been preserved; that there was a legal obligation to preserve it, right, at least based upon the record that I've seen thus far. | Hearing transcript at 22:18-21. | 1/6/2026 |
| Defendants had an obligation to preserve White and Long's lost Chats. | This information should have been preserved, and there is clear indication in the record that the defendant was aware of its obligation and was aware that this evidence should have been preserved and it was not. | Hearing transcript at 62:7-11. | 11/20/2025 |

| Finding | Court's Language | Citation | Date |
|---|---|---|---|
| White and Long sent and received Chats concerning fighter negotiations. | The Court finds that there are years of missing digital messages by Mr. White and Ms. Long and others related to relevant contract negotiations which are relevant to the discovery here. | Hearing transcript at 5:4-7. | 1/6/2026 |
| White and Long sent and received Chats concerning fighter negotiations. | Based upon the findings that I've made, I believe there's been a preliminary showing because of information that's not been produced that relevant information is missing, right. | Hearing transcript at 14:9-12. | 1/6/2026 |
| White and Long sent and received Chats concerning fighter negotiations. | Even if we were talking about Cirkunovs, why are there missing years . . . of texts where we know [Mr. White and Ms. Long] were involved, and you admitted they were involved, in negotiations of contracts? | Hearing transcript at 19:8-15. | 11/20/2025 |
| White and Long sent and received Chats concerning fighter negotiations. | Mr. White is the head of the organization. Ms. Long is part of the negotiation[s]. How are missing texts for individuals who are part of the negotiation not relevant . . . ? How does that not raise a spoliation issue when since 2017 these individuals, but particularly these individuals involved with negotiations, would be on notice of preserving this information? | Hearing transcript at 20:19-21:12. | 11/20/2025 |
| White and Long sent and received Chats concerning fighter negotiations. | [T]he Court has confirmed today significant indicia of spoliation of relevant evidence with respect to the Court's resolution of the arbitration clause. For example, the fact that there's been no production as relates to Mr. Cirkunovs or other fighters of text messages, messages, or anything involving Mr. White or Ms. Long for years, despite the fact that they were under a litigation hold, is deeply troubling to the Court. | Hearing transcript at 62:1-7. | 11/20/2025 |

6

| Finding | Court's Language | Citation | Date |
|---|---|---|---|
| Chats concerning fighter contract negotiations are relevant. | I had made the threshold finding which is very clear as it relates to Ms. Long and Mr. White. I mean, I don't think there's any real dispute about what's missing there and the importance of that. | Hearing transcript at 40:17-20. | 2/11/2026 |
| Chats concerning fighter contract negotiations are relevant. | To summarize them, the Court has found, and continues to find, that ***Defendants have failed to produce 5-7 years of relevant communications from Dana White and Tracy Long regarding contract terms, negotiations, compensation, and alleged anti-competitive conduct.*** | ECF No. 375 at 5. | 1/27/2026 |
| Chats concerning fighter contract negotiations are relevant. | For the sake of clarity, the Court reaffirms that Plaintiffs have made a preliminary showing of spoliation because they have identified sufficient indicia of spoliation, namely years of missing data from critical periods that were covered by litigation holds. | ECF No. 366. | 1/22/2026 |
| Chats concerning fighter contract negotiations are relevant. | I do find that the negotiations themselves with respect to both the class members and Mr. Cirkunovs is relevant to the Court's inquiry with respect to the motion to compel arbitration. | Hearing transcript at 58:25-59:3. | 11/20/2025 |
| Chats concerning fighter contract negotiations are relevant. | I also find that the internal discussions between UFC individuals involved with the negotiations, and that's approximately the six people identified by the parties regarding that issue, are also relevant to the Court's consideration with respect to the arbitration clause. | Hearing transcript at 59:4-8. | 11/20/2025 |
| Chats concerning fighter contract negotiations are relevant. | [T]he Court has confirmed today significant indicia of spoliation of relevant evidence with respect to the Court's resolution of the arbitration clause. For example, the fact that there's been no production as relates to Mr. Cirkunovs or other fighters of text messages, messages, or anything involving Mr. White or Ms. Long for years, despite the fact that they were under a litigation hold, is deeply troubling to the Court. | Hearing transcript at 61:1-7. | 11/20/2025 |

7

| | | | |
|---|---|---|---|
| Chats concerning fighter contract negotiations are relevant. | There's missing data. That has to get resolved, right. And that's -- the Court is going to prioritize that because the Court finds that to be central to the issues regarding the arbitration clause. | Hearing transcript at 72:15-18. | 11/20/2025 |

| Finding | Court's Language | Citation | Date |
|---|---|---|---|
| Defendants violated multiple Court Orders in providing delayed, incomplete disclosures of information necessary for Plaintiffs and the Court to investigate Defendants' spoliation. | The Court has also found that Defendants have consistently violated its device disclosure order by failing to provide "specific and detailed" device information for all relevant custodians. And this Court has found that "[t]here is no justification or explanation for [Defendants'] defiance of the Court's orders." (citations omitted). | ECF No. 375 at 2-3. | 1/27/2026 |
| Defendants violated multiple Court Orders in providing delayed, incomplete disclosures of information necessary for Plaintiffs and the Court to investigate Defendants' spoliation. | Defendants' pattern of discovery violations throughout the discovery process has made it impossible for the Court—and the Plaintiffs—to discern the full extent of discoverable materials that are 'missing' from Defendants, or that they have yet to produce, without the spoliation hearing. | ECF No. 375 at 6. | 1/27/2026 |
| Defendants violated multiple Court Orders in providing delayed, incomplete disclosures of information necessary for Plaintiffs and the Court to investigate Defendants' spoliation. | Specifically, the Court finds the defendant has and continues to violate this Court's order as it relates to the device disclosure regarding relevant custodians, particularly those involved with the negotiations. The Court had previously ordered specific and detailed disclosure of device information regarding relevant custodians, but in particular those individuals who have been identified with negotiations, and the Court finds that this is still not complete or done. The Court finds that this is an ongoing pattern of discovery violations dating back as far as July of this year when defendant failed to meet the Court's deadline as to disclosure. | Hearing transcript at 60:1-12. | 11/20/2025 |

9

| Defendants violated multiple Court Orders in providing delayed, incomplete disclosures of information necessary for Plaintiffs and the Court to investigate Defendants' spoliation. | As I said, I made findings about discovery violations. . . . One as relates to this issue of the device disclosures, which I find clearly it should have been updated and clearly there's an issue as it relates to missing information. | Hearing transcript at 87:2-7. | 11/20/2025 |
|---|---|---|---|
| Defendants violated multiple Court Orders in providing delayed, incomplete disclosures of information necessary for Plaintiffs and the Court to investigate Defendants' spoliation. | Now, I haven't decided the motions for sanctions because I haven't decided what to do about it, but I have said to you previously, right, there has been a history of delay on the part of your clients in releasing information. I don't want that to continue. If you think things can be handled on an expedited basis, that's fine. | Hearing transcript at 12:23-13:3. | 10/30/2025 |
| Defendants violated multiple Court Orders in providing delayed, incomplete disclosures of information necessary for Plaintiffs and the Court to investigate Defendants' spoliation. | [referencing Plaintiffs' Motion for Sanctions (ECF No, 217)]: Now, I do think that there have been some violations of my order. | Hearing transcript at 36:3-4. | 8/26/2025 |
| Defendants violated multiple Court Orders in providing delayed, incomplete disclosures of information necessary for Plaintiffs and the Court to investigate Defendants' spoliation. | I think there was an issue about delayed disclosure which I think is a violation of the Court's order | Hearing transcript at 45:5-11. | 8/26/2025 |

| Finding | Court's Language | Citation | Date |
|---|---|---|---|
| Defendants violated a Court Order in failing to meet the substantial completion deadline. | For instance, the Court found that Defendants failed to meet their court-ordered substantial completion deadline for fact discovery. *See* ECF No. 306 at 60 ([Nov. 20, 2025] hearing transcript) ("The Court finds that this is an ongoing pattern of discovery violations dating back as far as July of [2025] when [Defendants] failed to meet the Court's deadline as to disclosure."). | ECF No. 375 at 2. | 1/27/2026 |
| Defendants violated a Court Order in failing to meet the substantial completion deadline. | [T]his is information [regarding Plaintiffs' proposed custodians], quite honestly, that I feel like -- and because of the history of this case, could have potentially been addressed or we could have dealt with sooner because we're at this point now because the defendants have not adequately provided discovery. They now have to deal with the consequences of that. The defendants blew through the discovery deadlines. I've already made findings about that. . . . What I'm saying to you is that this is the circumstance brought on by the defendants' own failure to properly go through discovery in this case, and there's been discovery violations in this case and violations of my orders. | Hearing transcript at 75:19-76:4. | 1/6/2026 |
| Defendants violated a Court Order in failing to meet the substantial completion deadline. | THE COURT: It's other discovery stuff, right, that involves *Johnson* in particular because, look, discovery opened, what, two years ago almost, right. So -- MR. DELL'ANGELO: Right. THE COURT: And it's supposed to have been over already. MR. DELL'ANGELO: Right. Substantial completion was July -- THE COURT: Right. MR. DELL'ANGELO: -- I mean, for all of these things was July 17th of 2025. THE COURT: Right. | Hearing transcript at 30:19-31:5. | 12/18/2025 |

| Finding | Court's Language | Citation | Date |
|---|---|---|---|
| Defendants failed to make a "good faith" document production through their use of "disingenuous" search terms. | For instance, the Court found that Defendants failed to meet their court-ordered substantial completion deadline for fact discovery. | ECF No. 375 at 2. | 1/27/2026 |
| Defendants failed to make a "good faith" document production through their use of "disingenuous" search terms. | In addition to this disclosure misconduct, which includes the current issue of the disingenuous use of search terms that have led to limited or minimal disclosure of relevant material, even when it is clear that such material must exist, for example, as documented by the plaintiffs in their briefing, the failure to use appropriate search terms to capture relevant documents related to the arbitration and the negotiation of the arbitration clause in terms of the PAR agreements, the negotiation of the arbitration clause or its part of the negotiations for bout agreements, the use or lack of use of compensation for bouts as a means of coercing the use of the arbitration clause, and the fact that these sources of information or these pieces of information simply have not been identified. | Hearing transcript at 60:12-25. | 11/20/2025 |
| Defendants failed to make a "good faith" document production through their use of "disingenuous" search terms. | [T]here were literally thousands of contracts here and there has been no production or meaningful production of negotiations regarding these contracts. | Hearing transcript at 61:1-3. | 11/20/2025 |
| Defendants failed to make a "good faith" document production through their use of "disingenuous" search terms. | The Court finds that this ongoing pattern of discovery misconduct has led to continuous delay of the production of relevant material . . . . | Hearing transcript at 61:7-10. | 11/20/2025 |

| Court's Finding | Court's Language | Citation | Date |
|---|---|---|---|
| Sanctions are warranted for Defendants' discovery misconduct. | I certainly think that this is sanctionable conduct as it relates to the amount of time and effort that is spent regarding these phones. I hear what you said, Mr. Chiu and Mr. Williams, but, honestly, I am deeply concerned about this process given the deadlines that we had previously. But I'll wait to hear a response for the motion to sanctions as relates to this. . . . Now, we can discuss possible sanction for why this wasn't actually done previously, because I'm still not convinced that it couldn't have been done previously. But, again, I'll reserve judgment on that until I hear more. | Hearing transcript at 91:1-23. | 2/5/2026 |
| Sanctions are warranted for Defendants' discovery misconduct. | I do think that there's sanctionable conduct here. I think there were -- as I found previously, I do think that there were unnecessary delays as it relates to the production of material, but this has been a somewhat organic process. | Hearing transcript at 42:20-23. | 2/11/2026 |