# EXHIBIT 14
# PUBLIC/REDACTED VERSION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| KAJAN JOHNSON, CLARENCE DOLLAWAY, and TRISTAN CONNELLY, on behalf of themselves and all others similarly situated,<br><br>     Plaintiffs,<br><br>    v.<br><br>ZUFFA, LLC, TKO OPERATING COMPANY, LLC f/k/a ZUFFA PARENT LLC (d/b/a ULTIMATE FIGHTING CHAMPIONSHIP and UFC), and ENDEAVOR GROUP HOLDINGS, INC.,<br><br>     Defendants. | No.: 2:21-cv-01189-RFB<br><br><br>**PLAINTIFFS' NOTICE OF REVISED THIRD-PARTY SUBPOENA (VERIZON)** |

TO: ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiffs Kajan Johnson, Clarence Dollaway, and Tristan Connelly ("Plaintiffs") caused the revised subpoena ("Revised Subpoena") attached hereto to be served upon Verizon to produce the information described in the Schedule A attached thereto at the time and place specified on the Revised Subpoena or a time and place as counsel may agree.

PLEASE TAKE FURTHER NOTICE that Verizon is a non-party to the action. So far as it is known to the Plaintiffs, Verizon's addresses and fax number are as follows:

Verizon Security Subpoena Compliance
180 Washington Valley Road
Bedminster, NJ 07921
Facsimile 1.888.667.0028

The requested documents for Verizon are to be produced no later than **Monday, February 9, 2026, at 5:00 p.m. EST**, electronically via Email or ShareFile. Or, alternatively, at:

Berger Montague PC
1818 Market Street
Suite 3600
Philadelphia, PA 19103

1    Dated: January 24, 2026

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

**BERGER MONTAGUE PC**

/s/ *Michael Dell'Angelo*
Eric L. Cramer (admitted *pro hac vice*)
Michael Dell'Angelo (admitted *pro hac vice*)
Patrick F. Madden (admitted *pro hac vice*)
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604
ecramer@bergermontague.com
mdellangelo@bergermontague.com
pmadden@bergermontague.com

Joshua P. Davis (admitted *pro hac vice*)
Robert C. Maysey (admitted *pro hac vice*)
505 Montgomery Street, Suite 625
San Francisco, CA 94111
Telephone: (415) 906-0684
Facsimile: (215) 875-4604
jdavis@bergermontague.com
rmaysey@bergermontague.com

*Counsel for Plaintiffs and the Proposed Classes*

Joseph R. Saveri (admitted *pro hac vice*)
Kevin E. Rayhill (admitted *pro hac vice*)
Chris Young (admitted *pro hac vice*)
**JOSEPH SAVERI LAW FIRM**
601 California Street, Suite 15051505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
jsaveri@saverilawfirm.com
krayhill@saverilawfirm.com
cyoung@saverilawfirm.com

1

2      Benjamin D. Brown (admitted *pro hac vice*)
3      Richard A. Koffman (admitted *pro hac vice*)
       Daniel H. Silverman (admitted *pro hac vice*)
4      **COHEN MILSTEIN SELLERS**
        **& TOLL, PLLC**
5      1100 New York Ave., N.W., Suite 500, East
       Tower Washington, DC 20005
6      Telephone: (202) 408-4600
       Facsimile: (202) 408 4699
7      bbrown@cohenmilstein.com
8      rkoffman@cohenmilstein.com
       dsilverman@cohenmilstein.com
9
       W. Joseph Bruckner (admitted *pro hac vice*)
10     Brian D. Clark (admitted *pro hac vice*)
11     **LOCKRIDGE GRINDAL NAUEN PLLP**
       100 Washington Ave S, Suite 2200
12     Minneapolis, MN 55401
       Telephone: (612) 596-4001
13     Facsimile: (612) 339-0981
       wjbruckner@locklaw.com
14     bdclark@locklaw.com
15
       Kyle Pozan (admitted *pro hac vice*)
16     **LOCKRIDGE GRINDAL NAUEN PLLP**
17     1165 N. Clark Street, Ste. 700
       Chicago, IL 60610
18     Telephone: (612) 339-6900
       kjpozan@locklaw.com
19
       *Additional Counsel for Plaintiffs and the Proposed*
20     *Classes*

21     Michael J. Gayan
       **CLAGGET & SYKES**
22     4101 Meadows Lane, Ste. 100
       Las Vegas, NV 89107
23     Telephone: (702) 333-7777
       Fax: (702) 655-3763
24
25     *Liaison Counsel for Plaintiffs and the Proposed*
       *Classes*
26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of January, 2026, a true and correct copy of

**PLAINTIFFS' NOTICE OF REVISED THIRD-PARTY SUBPOENAS (VERIZON)** was served

on the following counsel of record via electronic mail:

William Isaacson, wisaacson@dirllp.com

Jessica Phillips, jphillips@dirllp.com

Agbeko Petty, APetty@dirllp.com

Benjamin Cabranes, BCabranes@dirllp.com

Chris Yates, chris.yates@lw.com

Sean Berkowitz, sean.berkowitz@lw.com

David Johnson, david.johnson@lw.com

Robert Medina-Garcia, Robert.Medina-Garcia@lw.com

Laura Washington, Laura.Washington@lw.com

Joseph Axelrad, joseph.axelrad@lw.com

Clayton Wiggins, Clayton.Wiggins@lw.com

Max Shapiro, Max.Shapiro@lw.com

Adam Peterson, Adam.Peterson@lw.com

Mairin McQueen, Mairin.McQueen@lw.com;

Hanna Nunez Tse, Hanna.NunezTse@lw.com

Aaron Chiu, aaron.chiu@lw.com

Colby Williams, jcw@cwlawlv.com

Samuel R. Mirkovich, srm@cwlawlv.com

*/s/ Michael Dell'Angelo*
Michael Dell'Angelo

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
## District of Nevada

| | | |
|---|---|---|
| Johnson, et al. | ) | |
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No. 2:21-cv-01189 |
| Zuffa, LLC, et al. | ) | |
| _Defendant_ | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:    Verizon Security Subpoena Compliance, 180 Washington Valley Road, Bedminster, NJ 07921

_(Name of person to whom this subpoena is directed)_

☛ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See attached letter dated January 24, 2026, Schedule A, Document Requests and Exhibits A and B.

| Place: Berger Montague PC, 1818 Market Street, Suite 3600 Philadelphia, PA 19103 | Date and Time: February 9, 2026, 5:00 pm EST |
|---|---|

❏ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 1/24/2026

_CLERK OF COURT_

                                                          OR

_____        /s/ Michael Dell'Angelo
_Signature of Clerk or Deputy Clerk_            _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ Michael Dell'Angelo, Berger Montague PC, 1818 Market St, Phila., PA 19103, 215-875-3000, mdellangelo@bergermontague.com , who issues or requests this subpoena, are: Plaintiffs

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:21-cv-01189

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).



**MICHAEL DELL'ANGELO**
*EXECUTIVE SHAREHOLDER & GENERAL COUNSEL*
**d** 215.875.3080 **m** 610.608.8766   mdellangelo@bm.net

January 24, 2026

***Via Facsimile to 1.888.667.0028***
Verizon Security Subpoena Compliance
180 Washington Valley Road
Bedminster, NJ 07921

Re:    *Johnson, et al. v. Zuffa, LLC et al.*, No.: 2:21-cv-01189-RFB
       <u>Subpoena to Produce Documents, Information, or Objects</u>

Dear Records Custodian:

We represent the Plaintiffs in a lawsuit against Zuffa, LLC, TKO Operating Company, LLC, and Endeavor Group Holdings, Inc. As part of the discovery process, we would like to review your company's records relevant to this action. Please find enclosed a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action directed to you. The subpoena seeks call logs, text reports, and subscriber information, including but not limited to service start and end dates, for telephone numbers referenced in Exhibit A and any additional telephone numbers belonging to individuals listed in Exhibit B, during a specified date range.

The telephone numbers in Exhibit A have been designated confidential under the Stipulated Protective Order entered in this matter and should be treated accordingly. A copy of the Stipulated Protective Order is attached for your reference. Please destroy all copies of Exhibit A once you have fully complied with this subpoena.

The subpoena requires you to produce the records described in the subpoena at the time and place specified. We are willing to work with you regarding both the scope of the documents to be produced and the timing in order to minimize any burden. Please produce the data electronically via secure FTP site. We can provide you a ShareFile link to comply with this request. We are seeking data and we request it be produced in Excel-compatible format. **Please confer with my paralegal, Susan Leo, regarding the form of any electronic production before gathering or processing electronically stored information. She can be contacted by telephone at (215) 875-3081 or by email at <u>sleo@bergermontague.com.</u>**

We have enclosed a Declaration of Records Custodian for the appropriate person to fill out and return with the records no later than **Monday, February 9, 2026**. Documents produced to us in response to the subpoena should be emailed to <u>mdellangelo@bergermontague.com</u> or by other agreed upon means. Please contact us to confer.



January 24, 2026
Page 2


We look forward to your response. Thank you for your prompt attention to this matter.

Very truly yours,

Michael Dell'Angelo


cc:     All Counsel of Record (with enclosures, via email only)

## <u>SCHEDULE A</u>

**PLAINTIFFS' REQUESTS FOR
PRODUCTION TO NON-PARTY
VERIZON COMMUNICATIONS INC.**

Pursuant to the foregoing subpoena duces tecum, Verizon Communications Inc., is required to produce, by the date stated on the subpoena, the documents requested herein.

### INSTRUCTIONS

1.      Provide all records electronically in any format available, including Microsoft Excel format (.xls or .xlsx), a Microsoft Excel compatible format (.csv), or an electronically generated PDF.

2.      If excess or additional data is included with the information requested below and would require any additional work to remove, then please include such data with what you provide.

3.      Provide records electronically to Michael Dell'Angelo via email: mdellangelo@bergermontague.com.

4.      If any of the requested data is not available, then please contact Michael Dell'Angelo at the email address listed above to discuss the data that is available.

5.      If a phone record **<u>cannot be produced with call times in Pacific Standard Time</u>**, then please identify the time zone applicable to the phone record in a cover letter or otherwise.

6.      The Subpoena Time Period is July 1, 2015 through January 24, 2026.

## <u>DOCUMENT REQUEST</u>

REQUEST NO. 1: For the phone numbers listed in Exhibit A and any additional telephone numbers belonging to individuals listed in Exhibit B, provide the following information: (1) records of "talk" and/or "call details," including the number a call is received from or made to, whether the call is incoming or outgoing, the date and time of the call (**<u>Pacific Standard Time Zone</u>**), the length of the call, and, to the extent such information is available or maintained separately, any calls to check voicemail; and (2) text message report, including the incoming and outgoing phone numbers, the date and time the message was sent and received, and the number of messages sent (but not any text message content), over the Subpoena Time Period.

REQUEST NO. 2: For the phone numbers listed in Exhibit A and any additional telephone numbers belonging to individuals listed in Exhibit B, provide subscriber information, including but not limited to billing information, service start and stop dates, and documents sufficient to show changes to any such subscriber information, over the Subpoena Time Period.

Provide records, **along with a <u>notarized</u> Declaration of Custodian of Records or Business Records Affidavit**, electronically to Michael Dell'Angelo **via email:** <u>mdellangelo@bergermontague.com</u>.

**EXHIBIT A**

| Phone Number |
|:---:|
| █████ |
| █████ |
| █████ |
| █████ |
| █████ |
| █████ |
| █████ |
| ████.5509 |
| ████.8722 |
| █████ |

**EXHIBIT B**

1.  Akosa Akpom

2.  David Avery

3.  Denitza Batchvarova

4.  Nakisa Bidarian

5.  Tracey Bleczinski

6.  Craig Borsari

7.  Hunter Campbell

8.  Deborah Cook

9.  Peter Dropick

10. Ariel Emanuel

11. Lawrence "Ike" Epstein

12. Chadwick Hurley

13. Tracy Long

14. Jason Lublin

15. Michael "Mick" Maynard

16. Michael Mossholder

17. Grant Norris-Jones

18. Brittany Santypal

19. Andrew Schleimer

20. Mark Shapiro

21. David Shaw

22. Sean Shelby

23. Joe Silva

24. Dana White

25. Seth Zaslow

26. Marshall Zelaznik

27. Albert Acosta

28. Olsvaldo Arias

29. Tony Barboza

30. Buffey Curtis

31. Nichole Durand

32. Egon Durban

33. Jamie Euster

34. Keith Friedenberg

35. Graham Fry

36. Tim Gardner

37. Rami Genauer

38. Christoph Goessing

39. Krista Hall

40. Reed Harris

41. Shane Kapral

42. Seth Krauss

43. Ajay Madkekar

44. David Phillips

45. Chris Provino

46. Marc Ratner

47. Zack Rose

48. Jonathan Shin

49. Brandon Stuckenberg

50. Robert Crowley Sullivan

51. Blake Ulrich

52. Marc Webster

53. Patrick Whitesell

54. Matt Woodmancy

55. Chika Yoshinaga

56. Nick Zombolas

57. Sam Zussman

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| KAJAN JOHNSON, CLARENCE DOLLAWAY, and TRISTAN CONNELLY, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ZUFFA, LLC, TKO OPERATING COMPANY, LLC f/k/a ZUFFA PARENT LLC (d/b/a ULTIMATE FIGHTING CHAMPIONSHIP and UFC), and ENDEAVOR GROUP HOLDINGS, INC.,<br><br>Defendants. | No.: 2:21-cv-01189-RFB<br><br><br>**DECLARATION OF RECORDS CUSTODIAN REGARDING SUBPOENA DIRECTED TO VERIZON WIRELESS SERVICES, LLC** |

I, _____, the _____ at Verizon Wireless Services, LLC, am designated to address the Subpoena Duces Tecum ("Subpoena"), and declare as follows:

1. A thorough review of all files was conducted to produce all documents requested in the Subpoena.

2. After conducting a complete review of our files, the documents produced represent a complete set of the documents requested. No documents within the scope of the subpoena have been destroyed or withheld.

3. The requested records are being produced as they are kept in the normal course of Verizon Communications, Inc.'s business.

I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true to the best of my information and belief. EXECUTED at _____, _____, this _____ day of _____, 2026.

[City]                [State]

_____
Signature

_____
Print Name

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| KAJAN JOHNSON, CLARENCE DOLLAWAY, and TRISTAN CONNELLY, on behalf of themselves and all others similarly situated,<br><br>PLAINTIFFS,<br><br>v.<br><br>ZUFFA, LLC, TKO OPERATING COMPANY, LLC f/k/a ZUFFA PARENT LLC (d/b/a ULTIMATE FIGHTING CHAMPIONSHIP and UFC), and ENDEAVOR GROUP HOLDINGS, INC.,<br><br>DEFENDANTS. | No.: 2:21-cv-01189-RFB<br><br>**[PROPOSED] PROTECTIVE ORDER** |
| Mikhail Cirkunovs, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Zuffa LLC, TKO Operating Company, LLC f/k/a Zuffa Parent LLC (d/b/a Ultimate Fighting Championship and UFC) and Endeavor Group Holdings, Inc.,<br><br>Defendants. | No.: 2:25-cv-914-RFB |
| Phil Davis, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Zuffa LLC, TKO Group Holdings, Inc. (d/b/a Ultimate Fighting Championship and UFC), and Endeavor Group Holdings, Inc.,<br><br>Defendants. | No.: 2:25-cv-00946-RFB |

Pursuant to Rule 26(c) of the Federal Civil Procedure, and for good cause, it is hereby stipulated:

## 1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity and this litigation are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. Nothing in this Stipulation and Protective Order shall restrict the Court's ability to control the manner, use, and disclosure of designated Protected Material at hearings or otherwise.

## 2. DEFINITIONS

2.1    Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3    Counsel (without qualifier):  Outside Counsel of Record and In House Legal Department Personnel (as well as their support staff, including, but not limited to, attorneys, paralegals, secretaries, law clerks, and legal interns).

2.4    Designating Party:  a Party that designates information or items that it produces in disclosures or in responding to discovery as "CONFIDENTIAL" or a Party that designates information or documents of a medical or highly personal nature pertaining to athletes who are not named as Plaintiffs in this action, as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.5 <u>Designating Non-Party</u>: a Non-Party that designates information or items that it or another Party produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.6 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7 <u>Expert or Consultant</u>: a person with specialized knowledge or experience in a matter pertinent to this litigation, along with his or her employees and support personnel, who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this litigation, (2) is not a current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of Party or of a Party's competitor. The Parties are not prohibited from retaining an Expert or Consultant who is a former employee of a Party or of a Party's competitor, provided that, as least five business days prior to retention, Counsel intending to retain such Expert or Consultant shall provide written notice to Counsel for the Party which had previously employed such person, in order to allow that Party an opportunity to protect itself and the confidentiality of any information which such protective Expert or Consultant may have obtained during his or her employment. The Party receiving such notice shall have thirty days to seek judicial intervention with respect to legitimate issues concerning the protection of any confidential information which such Expert or Consultant may have obtained during his or her employment. The definition of Expert or Consultant includes a professional jury or trial consultant retained in connection with this litigation.

2.8 <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: (1) a Non-Party's extremely sensitive, highly confidential, non-public information, disclosure of which to a Party or another Non-Party would create a risk of competitive or business injury to the Designating Non-Party; or (2) documents or information of a medical or highly personal nature pertaining to athletes who are not named as Plaintiffs in this action.

2.9    <u>In-House Legal Department Personnel</u>:  attorneys and other personnel employed by a Party to perform legal functions and who are responsible for overseeing or assisting in this litigation for such Party.  In-House Legal Department Personnel does not include Outside Counsel of Record or any other outside counsel.

2.10    <u>Non-Party</u>:  any natural person, partnership, corporation, association, or other legal entity not named as Party to this litigation.

2.11    <u>Outside Counsel of Record</u>:  attorneys, along with their paralegals, and other support personnel, who are not employees of a party to this litigation but are retained to represent or advise a party to this litigation and have appeared in this litigation on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party.

2.12    <u>Party</u>: any party to this litigation, including all of its officers, directors, managers, and employees.

2.13    <u>Producing Party</u>:  a Party that produces Disclosure or Discovery Material in this litigation.

2.14    <u>Producing Non-Party</u>: a Non-Party that produces Disclosure or Discovery Material in this action.

2.15    <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, transcription, court reporting, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving documents or data in any form or medium) and their employees and subcontractors.

2.16    <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  Such material is referred to as designated for "protection."

2.17    <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party or Non-Party.

**3.**    **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2)

- 4 -

all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

Any Disclosure or Discovery Material or Protected Material produced or taken in any of *Le* v. *Zuffa, LLC*, No. 2:15-cv-01045-RFB-(BNW) (D. Nev.), *Johnson* v. *Zuffa, LLC*, No. 2:21-cv-01189 (D. Nev.) ("*Johnson*"), *Cirkunovs v. Zuffa, LLC*, 25-cv-914 (D. Nev.), or *Davis v. Zuffa, LLC*, 25-cv-946 (D. Nev.), shall be treated as though produced or taken in each of the *Johnson*, *Cirkunovs*, and *Davis* actions.

## 4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party or Designating Non-Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this litigation, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this litigation, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5.    DESIGNATING PROTECTED MATERIAL

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions. Notwithstanding the preceding sentence, the Designating Party or Designating Non-Party may designate for protection an entire document or item that contains "CONFIDENTIAL" Information or "HIGHLY-CONFIDENTIAL-ATTORNEYS' EYES ONLY" Information, as those terms are defined in paragraphs 2.2 and 2.8 above, within that document or item when such document or item is produced to a party pursuant to Federal Rule of Civil Procedure 34 and 45.

If it comes to a Designating Party's or Designating Non-Party's attention that information or items that it designated for protection do not qualify for the protection initially asserted, that Designating Party or Designating Non-Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g., paragraph 5.2(a) below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.  Notwithstanding the preceding sentence, should a Producing Party or Producing Non-Party discover that it produced material that was not designated as Protected Material or that it produced material that was designated as Protected Material but had designated that Protected Material in the incorrect category of Protected Material, the Producing Party or Producing Non-Party may notify all Parties, in writing, of the error and identify (by bates number or other individually identifiable information) the affected documents and their new designation or re-designation.  Thereafter, the material so designated or re-designated will be treated as Protected Material.  Promptly after providing such notice, the Producing Party or Producing Non-Party shall provide re-designated copies of the material to each Receiving Party reflecting the change in designation.  The Receiving Party will replace the incorrectly designated material with the newly designated materials and will destroy the incorrectly designated materials.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (e.g., paper or electronic document, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party or Producing Non-Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the first page of each document and on each page that contains protected material.

A Party or Non-Party who makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL" and all of the material from the Non-Party shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party or Producing Non-Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party or Producing Non-Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL") to the first page of each document and on each page that contains Protected Material.

(b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Designating Party or Designating Non-Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony. When it is impractical to identify separately each portion of testimony that is entitled to protection and/or it appears that substantial portions of the testimony may qualify for protection, the Designating Party or Designating Non-Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days after receipt of the draft transcript to identify the specific portions of the testimony as to which protection is sought. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party or Designating Non-Party may specify, at the deposition or up to 21 days afterwards if that

period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," provided such designation does not violate paragraph 5.1 above.

Parties shall give the Designating Party or Designating Non-Party notice if they reasonably expect a deposition to include Protected Material, but have no obligation to identify the specific document(s) to be used in advance of a deposition. For documents or items designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Party intending to make use of such Protected Material at a deposition shall ensure that only authorized individuals, as defined in paragraphs 7.2 and 7.3, are present at the deposition. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material by the Designating Party or Designating Non-Party. The Designating Party or Designating Non-Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a period for designation shall be treated during that period as if it had been designated "CONFIDENTIAL" in its entirety unless otherwise agreed, or if the transcript refers to information or documents designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the transcript shall be treated during the 21-day period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c)     for information produced in some form other than documentary and for any other tangible items (such as Electronically Stored Information ("ESI") for which it is impractical to label as per Section 5.2(a)), that the Producing Party or Producing Non-Party designate in a cover letter accompanying the production, and where feasible, affix in a prominent place on the

exterior of the contained or containers in or on which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

5.3     <u>Inadvertent Failures to Designated</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's or Designating Non-Party's right to secure protection under this Order for such material.  Should a Producing Party or Producing Non-Party discover that it produced Confidential Information or Items or Highly Confidential Information or Items that were not designated as Protected Material, the Producing Party or Producing Non-party may notify all Parties, in writing, of the error and identify (by bates number or other individually identifiable information) the affected documents and their new designation.  Thereafter, the material so designated shall be treated as Protected Material.  Promptly after providing such notice, the Producing Party or Producing Non-Party shall provide re-labeled copies of the material to each Receiving Party reflecting the change in designation.  The Receiving Party shall replace the incorrectly designated material with the newly designated materials and shall destroy the incorrectly designated materials.  If material is re-designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" after the material was initially produced, the Receiving Party, upon notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of the Order.

5.4     <u>Confidential Designation of Information or Items Produced by Other Parties or Non-Parties</u>.  Subject to the standards of paragraphs 2.2, 2.8, and 5.1, a Party may designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" any Disclosure or Discovery Material produced by any other Party or Non-Party, provided that said Disclosure or Discovery Material contained the Designating Party's own Confidential Information.  Subject to the standards of paragraphs 2.2, 2.8, 5.1, a Non-Party may designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" any Disclosure or Discovery Material, provided that said Disclosure or Discovery Material contains the Designating Non-Party's own Confidential Information or Highly Confidential – Attorneys' Eyes Only Information. Any such designation of a document for protection shall be made within

90 days of the date of its production to the Designating Party or Designating Non-Party, unless good cause is shown for a later designation of the document for protection.

Designating a document for protection pursuant to this paragraph shall be accomplished by providing written notice to all Parties identifying (by bates number or other individually identifiable information) the Disclosure of Discovery Material to be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Promptly after providing such notice, the Designating Party or Designating Non-Party shall provide re-labeled copies of the material to each Receiving Party reflecting the change in designation. The Receiving Party will replace the incorrectly designated material with the newly designated materials and will destroy the incorrectly designated materials. Any Party may object to the designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" of Disclosure or Discovery Materials pursuant to the procedures set forth in paragraph 6 regarding challenging designations. The Designating Party or Designating Non-Party shall bear the burden of establishing the basis for the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation.

## 6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at any time. Unless a prompt challenge to a Designating Party's or Designating Non-Party's "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of this litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith. The Challenging Party shall initiate the dispute resolution process by providing written notice to other Parties, and the relevant Producing Non-Party (if applicable), of each designation it is challenging (by bates number or

other individually identifiable information) and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 7 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party or Non-Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     <u>Judicial Intervention</u>. If the Designating Party or Designating Non-Party and the Challenging Party are not able to resolve a dispute about confidentiality designation within the time provided in paragraph 6.2, above, the parties shall, within 7 days of the expiration of the time period provided in paragraph 6.2, prepare and present to the Court a joint letter, briefly outlining the disputed issue, and requesting a telephone conference or in-person meeting with the Court. The Designating Party or Designating Non-Party and the Challenging Party may extend this time period if mutually agreed. The parties to the dispute shall thereafter present to the Court, during the telephone conference or in-person meeting, their respective positions about the propriety of the challenged confidentiality designations. The procedure for resolving the dispute, including the need for any briefing, shall be determined by the Court during the telephone conference or in-person meeting. The Court may set a different process to the extent the dispute concerns Protected Materials filed under seal and/or the use of Protected Material at a hearing.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party or Designating Non-Party.  Until the ruling on the dispute becomes final, all parties shall continue to afford the material in question the level of protection to which is entitled under the

Designating Party's or Designating Non-Party's designation. In the event that the final ruling is that the challenged material is not "CONFIDENTIAL or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", the Designating Party or Designating Non-Party shall reproduce copies of all challenged materials with their designations removed within thirty (30) days of such ruling at the expense of the Designating Party or Designating Non-Party.

### 7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle the above-captioned actions. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When these actions have all been terminated, a Receiving Party must comply with the provisions of paragraph 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. For purposes of this Order, a secure website, or other internet-based document depository with adequate security, shall be deemed a secure location.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party or Non-Party, Counsel for a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this litigation, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) the Receiving Party, a Receiving Party's officers, directors, managers, and employees (including In-House Legal Department Personnel) to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)    Experts or Consultants (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the Court and its personnel;

(e)    Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)    during their depositions, witnesses in this litigation to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or Non-Party or ordered by the Court. Consistent with paragraph 5.2(b), pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential Information must be marked "CONFIDENTIAL," and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(g)    any other person to whom the Designating Party or Non-Party agrees in writing or on the record, and any other person to whom the Court compels access to the Confidential Information.

7.3    <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party or Non-Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to the people and entities permitted to receive "CONFIDENTIAL" Information as designated in paragraph 7.2 and in accordance with the requirements set forth in the paragraph except that "HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY" information or items shall not be disclosed to the Receiving Party or a Receiving Party's officers, directors, managers, and employees, including In-House Legal Department Personnel.

7.4    <u>Retention of Exhibit A</u>: Outside Counsel for the Party that obtains the signed "Acknowledgment and Agreement to Be Bound" (Exhibit A), as required above, shall retain them for one year following the final termination of this litigation, including any appeals, and shall make them available to other Parties upon good cause shown.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a discovery request, subpoena, or a court order issued in other litigation that compels disclosure of any information or items designated in this litigation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Receiving Party must:

(a) promptly notify in writing the Designating Party or Designating Non-Party. Such notification shall include a copy of the discovery request, subpoena, or court order;

(b) promptly notify in writing the party who caused the discovery request, subpoena, or order to issue in the other litigation that some or all of the material covered by the discovery request, subpoena, or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party or Designating Non-Party whose Protected Material may be affected.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party or Designating Non-Party in this case an opportunity to try to protect its confidentiality interests in the court from which the discovery request, subpoena, or order issued.

If the Designating Party or Designating Non-Party timely seeks a protective order, the Party served with the discovery request, subpoena, or court order shall not produce any information designated in this litigation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the discovery request, subpoena, or order issued, unless the Party has obtained the Designating Party's or Designating Non-Party's permission or unless the Party has been ordered to do so by a Court. The Designating Party or Designating Non-Party shall bear the burden and expense of seeking protection in that court of its confidential material - and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this litigation to disobey a lawful directive from another court.

## 9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)    The terms of this Order are applicable to information produced by a Non-Party in this litigation and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's Protected Material information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's Protected Material, then the Party shall:

(1)    notify in writing, as soon as reasonably practicable, the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party; and

(2)    as soon as reasonably practicable, provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested.

(c)    If the Non-Party fails to object or seek a protective order from this court within 21 days of receiving the notice and accompanying information, the Party may produce the Non-Party's Protected Material responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## 10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

(a)    This Order is entered pursuant to Rule 502(d) of the Federal Rules of Evidence. Subject to the provisions of this Order, if a party (the "Disclosing Party") discloses information in connection with the pending litigation that the Disclosing Party thereafter claims to be privileged or protected by the attorney-client privilege or attorney work product protection ("Privileged Material"), the disclosure of that Privileged Material will not constitute or be deemed a waiver or forfeiture – in this or any other litigation – of any claim of privilege or work product protection that the Disclosing Party would otherwise be entitled to assert with respect to the Privileged Material and its subject matter.

(b)    This Order shall be interpreted to provide the maximum protection allowed under applicable law.  The provisions of Federal Rule of Evidence 502(b) are inapplicable to the disclosure of Privileged Material under this Order.

(c)    When a Producing Party gives notice to Receiving Parties that it inadvertently produced documents, testimony, information, and/or things that are protected from disclosure under the attorney-client privilege, work product doctrine, and/or any other applicable privilege or immunity from disclosure, or the Receiving Party discovers such inadvertent production, the inadvertent production shall not be deemed a waiver of the applicable privilege or protection in this or any other litigation. The Receiving Party shall immediately take reasonable efforts pursuant to Rule 26 of the Federal Rules of Civil Procedure to promptly return, sequester, or destroy such materials, any reasonably accessible copies it has, and any work product reflecting the contents of such materials and cease the use of those materials for any purpose. The Receiving Party shall not use such items for any purpose until further order of the Court. The Receiving Party must inform the Producing party within three (3) business days of receipt of

notice or discovery of the inadvertent production of any intent to challenge the designation. If the Receiving Party elects not to challenge the assertion of privilege or protection, the Receiving Party shall immediately either return or commence to destroy the inadvertently produced material, any reasonably accessible copies thereof, and any work product reflecting the contents of such material. If a Receiving Party wishes to challenge the designation, the Receiving Party and Producing Party shall begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with five business days following the Receiving Party's notice of intent to challenge. The Receiving Party must file its challenge to the privilege designation with the Court within seven days of the end of the Parties' meet and confer, unless the Parties agree to a longer schedule. The return or destruction of any discovery item to the inadvertently Producing Party shall not in any way preclude the Receiving Party from moving the Court for a ruling that the document or thing was never privileged.

(d)      Privileged communications involving the Parties that post-date the filing of the Complaint in this litigation (*Johnson, et. al* v. *Zuffa LLC, et. al*) need not be placed on a privilege log.

(e)      This provision is not intended to modify whatever procedure may be established in an E-Discovery order that provides for production without prior privilege review.

### 12.    ATTORNEY RENDERING ADVICE

Nothing in this Protective Order will bar or otherwise restrict an attorney from rendering advice to his or her client in this litigation with respect to this matter or from relying upon or generally referring to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Disclosure or Discovery Material in rendering such advice; provided however, that in rendering such advice or in otherwise communicating with his or her client in this litigation, the attorney shall not reveal or disclose the specific content thereof if such disclosure is not otherwise permitted under this Stipulated Protective Order.

### 13.    DISPOSITIVE MOTION HEARINGS AND TRIAL

The terms of this Protective Order shall govern in all circumstances except for presentations of evidence and argument at hearings on motions for class certification, dispositive

motions, and at trial. The parties shall meet and confer in advance of such proceedings and seek the guidance of the Court as to appropriate procedures to govern such proceedings.

### 14. MISCELLANEOUS

14.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

14.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3 <u>Filing Protected Material</u>.  In the event that any Receiving Party's briefs, memoranda, discovery requests, requests for admission or other papers of any kind which are served or filed shall include another Producing Party's or Producing Non-Party's designated "CONFIDENTIAL" or "HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information, the papers shall be appropriately designated pursuant to paragraph 5.2. Documents, papers and transcripts filed with the court which contain any other Producing Party or Producing Non-Party's designated "CONFIDENTIAL" or "HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information shall be provisionally lodged under seal with the Court, and redacted papers shall be publicly filed. Within 5 days of the materials being lodged with the Court, the Party claiming protection shall file a motion to seal setting forth the bases for sealing and proper authority under *Kamakana* v. *City & County of Honolulu,* 447 F.3d 1172 (9th Cir. 2006), or some other applicable authority.

14.4 <u>Challenging Motions to Seal:</u> A Party other than the Designating Party or Designating Non-Party has no obligation to challenge or otherwise contest the filing under seal of Protected Material designated by a Party or Non-Party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"; and therefore, such Party does not waive the right to challenge such confidentiality designations for a different use at a later time by not contesting the motion to file such Protected Material under seal.

## 15.    FINAL DISPOSITION

Unless otherwise ordered by the Court or agreed in writing by the Designating Party or Non-Party, within 60 days after the final disposition of this litigation, as defined in paragraph 4, each Receiving Party must return all Protected Material, reasonably accessible copies thereof, and any work product reflecting the contents of such Protected Material, to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies (electronic or otherwise), abstracts, compilations, databases, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party or Non-Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, (electronic or otherwise), abstracts, compilations, databases, summaries, and any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain archival copies of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, legal memoranda, correspondence, or attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Paragraph 4 (DURATION).

**IT IS SO STIPULATED**, through Counsel of Record:

Dated: August 29, 2025

By: /s/ Eric L. Cramer
Eric L. Cramer (Pro Hac Vice)
Michael C. Dell'Angelo (Pro Hac Vice)
Patrick F. Madden (Pro Hac Vice)
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Phone: (215) 875-3000/Fax: (215) 875-4604
ecramer@bm.net
mdellangelo@bm.net
pmadden@bm.net

Joshua P. Davis (Pro Hac Vice)
Kyla Gibboney (Pro Hac Vice)
Robert C. Maysey (Pro Hac Vice)
BERGER MONTAGUE PC
505 Montgomery Street, Suite 625
San Francisco, CA 94111
Phone: (415) 215-0962
jdavis@bm.net
kgibboney@bm.net
maysey@bm.net

Counsel for Plaintiffs and the Proposed Classes

Joseph R. Saveri (Pro Hac Vice)
Christopher Young (Pro Hac Vice)
Kevin E. Rayhill (Pro Hac Vice)
Itak Moradi (Pro Hac Vice)
JOSEPH SAVERI LAW FIRM, INC.
601 California Street, Suite 1000
San Francisco, California 94108
Phone: (415) 500-6800/Fax: (415) 395-9940
jsaveri@saverilawfirm.com
cyoung@saverilawfirm.com
jchen@saverilawfirm.com
krayhill@saverilawfirm.com
imoradi@saverilawfirm.com

Benjamin D. Brown (Pro Hac Vice)
Richard A. Koffman (Pro Hac Vice)
Daniel H. Silverman (Pro Hac Vice)
COHEN MILSTEIN SELLERS & TOLL, PLLC
1100 New York Ave., N.W., Suite 500
Washington, DC 20005
Phone: (202) 408-4600/Fax: (202) 408 4699
bbrown@cohenmilstein.com
rkoffman@cohenmilstein.com
dsilverman@cohenmilstein.com

W. Joseph Bruckner (pro hac vice forthcoming)
Brian D. Clark (pro hac vice forthcoming)
Consuela Abotsi-Kowu (pro hac vice forthcoming)
LOCKRIDGE GRINDAL NAUEN PLLP
100 Washington Ave S, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 596-4001
Facsimile: (612) 339-0981
wjbruckner@locklaw.com
bdclark@locklaw.com
cmabotsi-kowu@locklaw.com

Additional Counsel for Plaintiffs and the Proposed
Classes

Michael J. Gayan
CLAGGET & SYKES
4101 Meadows Lane, Ste. 100
Las Vegas, NV 89107
Telephone: (702) 333-7777
Fax: (702) 655-3763

Liaison Counsel for Plaintiffs and the Proposed
Classes

Dated: August 29, 2025          By: /s/ Christopher S. Yates

CHRISTOPHER S. YATES (pro hac vice)
(chris.yates@lw.com)
LATHAM & WATKINS LLP
505 Montgomery Street
Suite 2000
San Francisco, CA 94111
Tel: (415) 395-8157; Fax: (415) 395-8095

WILLIAM A. ISAACSON (pro hac vice)
wisaacson@DIRLLP.com
JESSICA PHILLIPS (pro hac vice)
jphillips@DIRLLP.com
DUNN ISAACSON RHEE LLP
401 Ninth Street NW
Washington, DC 20004

LAURA R. WASHINGTON (pro hac vice)
(laura.washington@lw.com)
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
Tel: (424) 653-5500

SEAN M. BERKOWITZ (pro hac vice)
(sean.berkowitz@lw.com)
LATHAM & WATKINS
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Tel: (312) 876-7700

1    DAVID L. JOHNSON (pro hac vice)
     (david.johnson@lw.com)
2    LATHAM & WATKINS
     555 Eleventh Street, N.W., Suite 1000
3    Washington, D.C., 20004
     Tel: (202) 637-2200
4
     DONALD J. CAMPBELL #1216
5    (djc@campbellandwilliams.com)
     J. COLBY WILLIAMS #5549
6    (jcw@campbellandwilliams.com)
     CAMPBELL & WILLIAMS
7    700 South 7th Street, Las Vegas, NV 89101
     Telephone: (702) 382-5222; Fax: (702) 382-0540
8
     Attorneys for Defendants Zuffa, LLC (d/b/a
9    Ultimate Fighting Championship and UFC), and
     Endeavor Group Holdings, Inc.
10
11                    **ATTESTATION OF FILER**

12        The signatories to this document are myself and Eric Cramer, and I have obtained Mr.

13   Cramer's concurrence to file this document on our joint behalf.

14
     Dated:  August 29, 2025          /s/ *Christopher S. Yates*
15                                    CHRISTOPHER S. YATES (*pro hac vice*)
                                      (chris.yates@lw.com)
16                                    LATHAM & WATKINS LLP
                                      505 Montgomery Street
17                                    Suite 2000
                                      San Francisco, CA 94111
18                                    Tel: (415) 395-8157; Fax: (415) 395-8095
19
20
21
22
23
24
25
26
27
28

Protective Order

**IT IS SO ORDERED**

**DATED:** <u>September 3, 2025</u>


_____
**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name],

of _____ [print or type full address],

declare under penalty of perjury that I have read in its entirety and understand the Stipulated

Protective Order that was issued by the United States District Court for the District of Nevada in

the cases of *Johnson et al.* v. *Zuffa, LLC, et al.*, No. 2:21-cv-1189, *Cirkunovs v. Zuffa, LLC*, 25-

cv-914, or *Davis v. Zuffa, LLC*, 25-cv-946.

I agree to comply with and to be bound by all the terms of this Stipulated Protective

Order and I understand and acknowledge that failure to so comply could expose me to sanctions

and punishment in the nature of contempt. I solemnly promise that I will not disclose in any

manner any information or item that is subject to this Stipulated Protective Order to any person

or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

District of Nevada for the purpose of enforcing the terms of this Stipulated Protective Order,

even if such enforcement proceedings occur after termination of this litigation.

I hereby appoint _____ [print or type full name]

of _____ [print or type full address and telephone number] as my

Nevada agent for service of process in connection with this litigation or any proceedings related

to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| KAJAN JOHNSON, CLARENCE DOLLAWAY, and TRISTAN CONNELLY, on behalf of themselves and all others similarly situated,<br><br>PLAINTIFFS,<br><br>v.<br><br>ZUFFA, LLC, TKO OPERATING COMPANY, LLC f/k/a ZUFFA PARENT LLC (d/b/a ULTIMATE FIGHTING CHAMPIONSHIP and UFC), and ENDEAVOR GROUP HOLDINGS, INC.,<br><br>DEFENDANTS. | No.: 2:21-cv-01189-RFB-BNW<br><br>**[PROPOSED] STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION** |
| Mikhail Cirkunovs, on behalf of himself and all others similarly situated,<br>Plaintiff,<br><br>v.<br><br>Zuffa LLC, TKO Operating Company, LLC f/k/a Zuffa Parent LLC (d/b/a Ultimate Fighting Championship and UFC) and Endeavor Group Holdings, Inc.,<br>Defendants. | No.: 2:25-cv-914-RFB-BNW |
| Phil Davis, on behalf of himself and all others similarly situated,<br>Plaintiff,<br><br>v.<br><br>Zuffa LLC, TKO Group Holdings, Inc. (d/b/a Ultimate Fighting Championship and UFC), and Endeavor Group Holdings, Inc.,<br>Defendants. | No.: 2:25-cv-00946-RFB-BNW |

1. **PURPOSE**

This Order will govern discovery of electronically stored information ("ESI") in the above-captioned case as a supplement to the Federal Rules of Civil Procedure and any other applicable orders and rules. Nothing in this Order is intended to expand or limit the obligations or protections under the Federal Rules of Civil Procedure.

2. **COOPERATION**

Plaintiffs Kajan Johnson, Clarence Dollaway, Tristan Connelly, Mikhail Cirkunovs, and Phil Davis ("Plaintiffs") and Defendants Zuffa, LLC ("Zuffa"), TKO Group Holdings, Inc. and TKO Operating Company, LLC ("TKO") and Endeavor Group Holdings, Inc. ("Endeavor," together with Zuffa and TKO, "Defendants," and Defendants collectively with Plaintiffs: the "Parties"), acknowledge their duty to work together cooperatively throughout the discovery process.

3. **SCOPE OF DISCOVERY AND PRESERVATION**

This Order does not define the scope of production, nor the relevance of any particular information. Nothing in this Order establishes any agreement as to either the temporal or subject matter scope of discovery in this Action. The scope of discovery is co-extensive with that provided under Fed. R. Civ. P. 26.

The Parties agree that potentially relevant ESI must be, and will continue to be, preserved in a reasonable and proportionate manner. The Parties further agree that:

    a) Subject to exceptions enumerated below in paragraph (b), the Parties have taken reasonable and good-faith steps to preserve potentially relevant ESI consistent with their legal obligations and applicable Orders of the Court.

    b) The Parties will meet and confer regarding any issues involving preservation, including about sources of potentially relevant ESI that are not reasonably accessible because of undue burden or cost. To the extent Plaintiffs or Defendants identify potentially relevant ESI that is not reasonably accessible, the Parties agree that they are not required to preserve, search, review, or produce such ESI, provided that the party that has identified what it reasonably believes to constitute such ESI provides

reasonable notice to the opposing party. The Parties shall meet and confer following

such notice. Upon agreement by the Parties or a Court order, the party in possession

of ESI that is not reasonably accessible shall not be required to preserve, search,

review, or produce such ESI. The Parties have agreed that the following sources of

data may not be reasonably accessible and have agreed that they need not preserve,

search, review, or produce the following:

     i. Backup media, backup tapes, or other long-term storage media that were created strictly for use as a data back-up or disaster recovery medium provided, however, that all such data shall be preserved if the data cannot be accessed in any other way than the backup media;

    ii. Automatically saved versions of documents and temporary data stored in random access memory (RAM), or other ephemeral data that are difficult to preserve without disabling the operating system;

   iii. Data only accessible by advanced forensic analysis, including deleted, slack, fragmented data;

   iv. Temporary Internet files, history, cache, and cookies;

    v. Voicemail messages received after the date of entry of this [Proposed] Stipulated Order; and

   vi. Logs of communications made from mobile devices that were created after the date of entry of this [Proposed] Stipulated Order.

Each party reserves the right to identify regarding additional categories of data that are

not reasonably accessible as the Action progresses. The parties will meet and confer

regarding such additional categories of data.

**4.     PROCESSES AND TECHNOLOGIES**

    The Parties agree that each Producing Party will take reasonable steps to identify,

review, and produce relevant Documents.

    The Parties will meet and confer about methods to search, cull, and identify potentially

responsive ESI, including identification of custodians and use of filtering search terms to

identify ESI that is potentially responsive to the Parties' discovery requests. No Producing

Party (including third parties making productions pursuant to subpoenas) shall use any

computer-assisted and/or linguist-assisted review (collectively, "Technology-Assisted Review"

or "TAR") to identify ESI that is potentially responsive to discovery requests or to filter out ESI

3

that is not subject to discovery without first meeting and conferring with the Requesting Party. Prior to using any such TAR processes, the Requesting Party and Producing Party shall exchange specific information on the technology to be used and shall develop a validation protocol. If the Requesting Party and the Producing Party cannot agree to a validation protocol, they will submit their dispute to the Court before using any TAR processes.

While this Discovery Plan is intended to address the majority of Documents and data sources handled in this matter, there may be situations where the Parties come into contact with more complex, non-traditional or legacy data sources, such as ESI from social media, ephemeral messaging systems, collaboration tools, mobile device apps, and modern cloud sources. In the event such data sources are relevant, the Parties agree to take reasonable efforts to appropriately address the complexities introduced by such ESI, including, when appropriate, to meet and confer regarding relevant production format.

**5.    DE-DUPLICATION AND DE-NISTING**

The Parties agree to de-duplicate ESI across custodians. Each Party shall remove exact duplicate documents based on MD5 or SHA-1 hash values, at the family level. Attachments should not be eliminated as duplicates for the purposes of production unless the parent email and all attachments are also duplicates.   The Parties may de-NIST ESI using the current list of system files maintained by the National Software Reference Library.

**6.    PRODUCTION FORMATS**

The Parties generally agree to produce responsive, non-privileged documents in TIFF and native formats with load files, with specifications for production formats and production of metadata set forth in Exhibit A to this [Proposed] Stipulated Order. The Parties agree not to degrade the searchability of documents as part of the document production process.

The Parties will meet and confer to determine whether responsive and non-privileged discoverable documents previously produced to the Federal Trade Commission or any other government agency can be deemed compliant with the production protocol.

Plaintiffs believe that discovery in this litigation will likely include the production of text messages and/or instant messages or chats (e.g., Slack, WhatsApp, and other messaging apps and platforms), just as it did in *Le v. Zuffa, LLC*, No. 15-cv-1045 (D. Nev.). The Parties agree to meet and confer in good faith to identify the appropriate search processes and production formats for these materials.

**7.     MODIFICATION**

This [Proposed] Stipulated Order may be modified by a Stipulated Order of the Parties or by the Court for good cause shown.

**IT IS SO STIPULATED**, through Counsel of Record:

Dated:  August 26, 2025                    By:     */s/ Eric L. Cramer*

Eric L. Cramer (*Pro Hac Vice*)
Michael C. Dell'Angelo (*Pro Hac Vice*)
Patrick F. Madden (*Pro Hac Vice*)
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Phone: (215) 875-3000/Fax: (215) 875-4604
ecramer@bm.net
mdellangelo@bm.net
pmadden@bm.net

Joshua P. Davis (*Pro Hac Vice*)
Kyla Gibboney (*Pro Hac Vice*)
Robert C. Maysey (*Pro Hac Vice*)
BERGER MONTAGUE PC
505 Montgomery Street, Suite 625
San Francisco, CA 94111
Phone: (415) 215-0962
jdavis@bm.net
kgibboney@bm.net
rmaysey@bm.net

*Counsel for Plaintiffs and the Proposed Classes*

[PROPOSED] STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION

Joseph R. Saveri (*Pro Hac Vice*)
Christopher Young (*Pro Hac Vice*)
Kevin E. Rayhill (*Pro Hac Vice*)
Itak Moradi (*Pro Hac Vice*)
JOSEPH SAVERI LAW FIRM, INC.
601 California Street, Suite 1000
San Francisco, California 94108
Phone: (415) 500-6800/Fax: (415) 395-9940
jsaveri@saverilawfirm.com
cyoung@saverilawfirm.com
jchen@saverilawfirm.com
krayhill@saverilawfirm.com
imoradi@saverilawfirm.com

Benjamin D. Brown (*Pro Hac Vice*)
Richard A. Koffman (*Pro Hac Vice*)
Daniel H. Silverman (*Pro Hac Vice*)
COHEN MILSTEIN SELLERS & TOLL, PLLC
1100 New York Ave., N.W., Suite 500
Washington, DC 20005
Phone: (202) 408-4600/Fax: (202) 408 4699
bbrown@cohenmilstein.com
rkoffman@cohenmilstein.com
dsilverman@cohenmilstein.com

W. Joseph Bruckner (*pro hac vice* forthcoming)
Brian D. Clark (*pro hac vice* forthcoming)
Consuela Abotsi-Kowu (*pro hac vice* forthcoming)
LOCKRIDGE GRINDAL NAUEN PLLP
100 Washington Ave S, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 596-4001
Facsimile: (612) 339-0981
wjbruckner@locklaw.com
bdclark@locklaw.com
cmabotsi-kowu@locklaw.com

*Additional Counsel for Plaintiffs and the Proposed Classes*

Michael J. Gayan
CLAGGET & SYKES
4101 Meadows Lane, Ste. 100
Las Vegas, NV 89107
Telephone: (702) 333-7777
Fax: (702) 655-3763

*Liaison Counsel for Plaintiffs and the Proposed Classes*

6

Dated: August 26, 2025          By:  /s/ Christopher S. Yates

CHRISTOPHER S. YATES (*pro hac vice*)
(chris.yates@lw.com)
LATHAM & WATKINS LLP
505 Montgomery Street
Suite 2000
San Francisco, CA 94111
Tel: (415) 395-8157; Fax: (415) 395-8095

WILLIAM A. ISAACSON (*pro hac vice*)
wisaacson@DIRLLP.com
JESSICA PHILLIPS (*pro hac vice*)
jphillips@DIRLLP.com
DUNN ISAACSON RHEE LLP
401 Ninth Street NW
Washington, DC 20004

LAURA R. WASHINGTON (*pro hac vice*)
(laura.washington@lw.com)
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
Tel: (424) 653-5500

SEAN M. BERKOWITZ (*pro hac vice*)
(sean.berkowitz@lw.com)
LATHAM & WATKINS
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Tel: (312) 876-7700

DAVID L. JOHNSON (*pro hac vice*)
(david.johnson@lw.com)
LATHAM & WATKINS
555 Eleventh Street, N.W., Suite 1000
Washington, D.C., 20004
Tel: (202) 637-2200

DONALD J. CAMPBELL #1216
(djc@campbellandwilliams.com)
J. COLBY WILLIAMS #5549
(jcw@campbellandwilliams.com)
CAMPBELL & WILLIAMS
700 South 7th Street, Las Vegas, NV 89101
Telephone: (702) 382-5222; Fax: (702) 382-0540

*Attorneys for Defendants Zuffa, LLC (d/b/a Ultimate Fighting Championship and UFC), and Endeavor Group Holdings, Inc.*

7

[PROPOSED] STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION

1   This Court GRANTS the proposed Stipulated Order re Discovery of Electronically Stored
2   Information in 2:21-cv-01189-RFB-BNW (ECF No. 235),  2:25-cv-914-RFB-BNW
    (ECF No. 41), and 2:25-cv-00946-RFB-BNW (ECF No. 43). **IT IS SO ORDERED.**

3

4   _____

5   UNITED STATES MAGISTRATE JUDGE

6   DATED:   August 27, 2025

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8

[PROPOSED] STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED
INFORMATION

## **ATTESTATION OF FILER**

The signatories to this document are myself and Eric Cramer, and I have obtained Mr. Cramer's concurrence to file this document on our joint behalf.


Dated:  August 26, 2025

/s/ *Christopher S. Yates*
CHRISTOPHER S. YATES (*pro hac vice*)
(chris.yates@lw.com)
LATHAM & WATKINS LLP
505 Montgomery Street
Suite 2000
San Francisco, CA 94111
Tel: (415) 395-8157; Fax: (415) 395-8095

[PROPOSED] STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION

## EXHIBIT A – PRODUCTION FORMAT REQUESTS

Responsive, non-privileged documents and ESI shall be produced as follows:

**A. Production Format**

    **1. Native Productions**

    a)    Except as specified in this section, all documents may be produced in TIFF format.

    b)    All spreadsheet files (e.g., Excel), presentation files (e.g., PowerPoint), and audio and video files shall be produced in native format to the extent possible. Additionally, any other file types that cannot be converted to TIFF will be produced in native format.

    c)    "Native" files refer to electronic files in the same format in which they were originally collected from custodians or other sources. Native file productions shall include metadata as set forth in Section B and a single page TIFF image indicating that the associated file was produced in native form. Each produced native file shall be named with a unique Bates Number (e.g., ABC00000001.xls). If the file contains privileged or work product content, the producing party may TIFF the document to redact that content from the document before production and produce the redacted document in TIFF format. If an excel file needs to be redacted it may be redacted natively and the native redacted document produced.

    d)    To the extent that any such native files are used in any pretrial motion or proceeding, those files will be referred to by the Bates-number(s) assigned during processing.

    **2. TIFF Productions**

Defendants have indicated that they intend to make their document productions in TIFF format, with the exception of those document formats specified above. Plaintiffs may also use TIFF production. The standards below pertain to TIFF productions.

a) **TIFF Images.** Unless otherwise stated in this Production Protocol, each document shall be produced in Group IV Tagged Image File Format ("TIFF") regardless of whether such documents are stored by the Parties in the ordinary course of business in electronic or hard copy form. Each TIFF image file should be one page and should reflect how the source document would appear if printed to hard copy. All TIFF images shall be produced in a folder named "IMAGES", which shall contain sub-folders named "0001", "0002", etc. Each sub-folder shall contain no more than 3,000 images. Images from a single document shall not span multiple sub-folders.

b) **Load Files.** Document productions shall include Concordance-compatible Load Files, including a Concordance DAT file and an Opticon delimited file, that indicate document breaks of the TIFF images and additional fields as identified in Section B below. All Load and Cross-reference files shall be produced in a folder named "DATA".

c) **File Name.** Each document image file shall be named with the unique Bates Number of the page of the document in question followed by the file extension "TIF". File names should not be more than fifteen characters long or contain spaces or underscore symbols.

d) **Document Unitization.** If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

e) **Color.** Documents shall be produced as black and white TIFF images. Upon written request, a party shall produce color documents reasonably necessary to decipher the complete meaning, context, or content of the documents which were originally in color. The requesting party shall specify the requested documents by Bates Number range. Notwithstanding the foregoing, all presentation files (e.g., PowerPoint) shall be produced in native and in color without requiring written request. Production of color versions of documents pursuant to this section shall be

11

accomplished either by producing a native version, a pdf, or JPEG. The Parties
shall meet and confer when requesting such color versions to identify the
appropriate color production format.

**3. Searchable Text**

a)     In addition to TIFF images and/or Native files, each production will include
text files corresponding to the TIFF image or Native files described above.

b) **Hard Copy Documents.** Hard copy documents shall be scanned using Optical
Character Recognition ("OCR") technology and searchable ASCII text (or
Unicode text if the text is in a language requiring characters outside of the
ASCII character set) files shall be produced. Each file shall be named with the
unique Bates Number of the first page of the corresponding TIFF document
followed by the extension "TXT".

c) **Extracted Text or Optical Character Recognition ("OCR") Text for TIFF
Images and Native Files.**   To the extent practicable, each individual document
based on an electronic file shall be accompanied by one corresponding text file
with text that is extracted from the electronic file, not generated as an OCR file
from the TIFF image(s). The Extracted Text shall be provided in searchable
ASCII text format (or Unicode text format if the text is in a language requiring
characters outside of the ASCII character set) and shall be named with the
unique Bates Number of the first page of the corresponding TIFF document
followed by the extension "TXT". Searchable text files corresponding to the
TIFF image files for redacted Electronic Documents must include Extracted Text
or OCR text only to the extent that it will not disclose redacted information. The
production of relevant ESI in searchable, full text format is limited to those
forms of ESI that have text (in other words, any non-text formats [e.g., .wav and
.jpeg] would not produce any corresponding text files).  All Extracted Text and
OCR files shall be produced in a folder named "TEXT". The Concordance load
file will contain a link to the extracted text or OCR text file if applicable. The

12

text should not be included in the Concordance .DAT load file.

    **4.**   **Databases.** Databases are not included in this Production Protocol, but will be the subject of meet-and-confers as needed.

## B. Metadata Fields

The following corresponding metadata fields, to the extent applicable to a produced electronic document, will be included in a searchable fielded data file, regardless of the production format.  No party will have any obligation to manually generate information to populate these fields.  For more complex, non-traditional or legacy data sources, the Parties will meet and confer as necessary to discuss metadata production, as described in Section 4 of the ESI Stipulation:

- *BegDoc (Beginning Bates number)
- *EndDoc (Ending Bates number)
- *BegAttach (Begin Attachment(s) Bates number)
- *EndAttach (End Attachment(s) Bates number)
- *PgCount (Page Count)
- *Type ("P" for parent document; "C" for child document)
- Document File extension or application
- Parent Date (date sent for e-mails; latest chronologically saved date for electronic documents; MM/DD/YYYY format)
- Sent Date (e-mails only)
- Sent Time (e-mails only)
- Received Date (e-mails only)
- Received Time (e-mails only)
- Meeting Start Date
- Meeting Start Time
- Meeting End Date
- Meeting End Time
- Create Date
- Create Time
- Time Zone
- Author
- From
- Recipients (multiple entries separated by "; ")
- CC (multiple entries separated by "; ")
- BCC (multiple entries separated by "; ")
- Subject (for emails)—unless the subject has been redacted
- Title (for files)—unless the document title has been redacted
- *Custodian (Last Name, First Name)
- All Custodian  (Last Name, First Name) (multiple entries separated by "; ")
- File Name
- File Size
- Modified Date
- Modified Time
- Accessed Date
- Accessed Time

13

- • Message ID
- • Conversation Index
- • Importance
- • Sensitivity
- • File Path
- • All File Path
- • *Full Text File Location (the corresponding text file will contain re-OCR'd text if redactions were made)
- • * Notation of Redaction presence (if applicable; designated with "Redacted")
- • *Confidentiality Designation (if applicable)
- • DocLink
- • MD5 or SHA1 Hash

*If hard copy documents are produced, only these fields of information will be included in the load file.*

1.      **Redactions.** For redacted electronic documents, metadata fields must be produced only to the extent such fields will not disclose redacted information.

2.      **Redaction of Images.** If the Parties redact images on grounds of the attorney-client privilege or attorney work product doctrine, these redactions will be listed on a Privilege Log. In the event a document is redacted, the redaction will be marked by either a box that covers the protected text and/or the term "Redacted." The extracted text described above will not be delivered for that document, and in place of extracted text, OCR output will be delivered based on the redacted images, to the extent reasonably feasible. The Parties agree and understand that redaction requires that a document be produced in TIFF format.

3.      **Parent/Child.** Parent-child relationships (the association between an attachment and its parent document) should be preserved and appropriately reflected in the metadata. Bates numbering of a parent document and any attachments shall be sequential such that a parent document has the lowest value Bates Number when compared to its attachment(s).

4.      **Foreign Language Documents.** The Parties agree that the producing party shall not bear the cost of translating foreign language documents produced in this case. The requesting Parties shall bear the burden of any costs associated with the translation of foreign language documents.

1

### C. De-Duplication of Productions

2      To the extent that exact duplicate documents (based on MD5 or SHA-1 hash values)

3   reside within a party's ESI data set, each Party may produce only a single copy of a responsive

4   document. Exact duplicate shall mean bit-for-bit identicality of the document content. For

5   exact duplicate documents, the Producing Party will produce the metadata described in Section

6   B herein for the produced copy, as well as any such metadata that differs for the duplicate

7   document(s). De-duplication shall be done at the document family level, such that where any

8   exact duplicate documents have attachments, hash values must be identical for both the

9   document-plus-attachment (including associated metadata) as well as for any attachment

10  (including associated metadata) standing alone.

11      The Parties may de-duplicate identical ESI vertically (i.e., by custodian) and

12  horizontally (i.e., globally across custodians). If the Producing Party chooses to de-duplicate

13  horizontally, the Producing Party shall populate the Custodian and All Custodian fields listed

14  in Section B herein that identifies each custodian who had the produced document in his or her

15  files.

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing [Proposed] Stipulated Order Re: Discovery of Electronically Stored Information was served on August 26, 2025 via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

Dated:  August 26, 2025

/s/ *Christopher S. Yates*
CHRISTOPHER S. YATES (*pro hac vice*)
(chris.yates@lw.com)
LATHAM & WATKINS LLP
505 Montgomery Street
Suite 2000
San Francisco, CA 94111
Tel: (415) 395-8157; Fax: (415) 395-8095

[PROPOSED] STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION