# EXHIBIT 28

Patrick F. Madden
**BERGER MONTAGUE PC**
1818 Market Street, Suite 1818
Philadelphia, PA 19103
(215) 875-3000
pmadden@bergermontague.com

*Counsel for Plaintiffs and the Proposed Classes*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| KAJAN JOHNSON, CLARENCE DOLLAWAY, and TRISTAN CONNELLY, on behalf of themselves and all others similarly situated,<br>Plaintiffs,<br>v.<br><br>ZUFFA, LLC, TKO OPERATING COMPANY, LLC f/k/a ZUFFA PARENT LLC (d/b/a ULTIMATE FIGHTING CHAMPIONSHIP and UFC), and ENDEAVOR GROUP HOLDINGS, INC.,<br>Defendants. | No.: 2:21-cv-01189-RFB<br><br>**DECLARATION OF PATRICK F. MADDEN IN SUPPORT OF PLAINTIFFS' MOTION FOR SANCTIONS** |
| PHIL DAVIS, on behalf of himself and all others similarly situated,<br>Plaintiff,<br>v.<br><br>ZUFFA LLC, TKO GROUP HOLDINGS, INC. (d/b/a ULTIMATE FIGHTING CHAMPIONSHIP and UFC), and ENDEAVOR GROUP HOLDINGS, INC.,<br>Defendants. | No.: 2:25-cv-00946-RFB |

I, Patrick F. Madden, Esq., declare and state as follows:

1. I am a Shareholder of Berger Montague PC, counsel for Plaintiffs in the above-captioned litigations. I am a member in good standing of the State Bar of Pennsylvania and have been admitted to practice pro hac vice in this Court. I am over 18 years of age and have personal knowledge of the facts stated in this declaration. If called as a witness I could and would testify competently as to them.

2. I submit this declaration in support of Plaintiffs' Motion for Sanctions, filed concurrently herewith.

3. On July 9, 2025, Plaintiffs identified to Defendants that the July 3, 2025 device and communications app disclosures were incomplete, including because they omitted any current cellphone or the communications apps on it for Ari Emanuel (despite having voluntarily disclosed in April 2025 that he was using a newer device than their July 3, 2025 disclosures reflected). *See* ECF No. 217-34 (Plaintiffs' July 9, 2025 Letter). Plaintiffs had further identified to Defendants that Mr. Emanuel had used the communications app Signal to contact Elon Musk in 2023 for a business proposal on Endeavor's behalf, yet Signal was not listed on Defendants' July 3, 2025 disclosures. *See id.*

4. On November 7, 2025, Plaintiffs again identified Mr. Emanuel's missing cellphone(s) in use since January 2023 (which was still not disclosed in Defendants' October 13, 2025 disclosure) and his use of the Signal communications app. ECF No.290.

5. In July 2025, a staff attorney at my firm researched active litigation involving the Defendants in this matter across state and federal courts at the direction of my colleague, Michael Dell'Angelo. The search for active litigation was targeted at, *inter alia*, identifying disclosures in other cases that may conflict with they made in this case, and identifying individuals who may have knowledge of sources of relevant discovery that had not been disclosed to Plaintiffs. Indeed, Plaintiffs raised their findings from one such source at the August 26, 2025 hearing. *See* Aug. 26, 2025 Hrg. Tr. at 69, ECF No. 240; *see also* Pls. Reply re Motion for Sanctions, ECF No. 230 at 12 n.26.

6. Among those cases identified in the July 2025 search was *In re World Wrestling Entertainment Inc. Merger Litigation ("WWE litigation")*, No. 2023-1166 (Del. Ch. Ct. Nov. 22, 2023). The *WWE litigation* concerns the lead up to and the ultimate acquisition of WWE by Endeavor and the formation of TKO during the 2022-2023 period.

7. In Plaintiffs' preparation for the November 20, 2025 hearing, Plaintiffs revisited the docket for the *WWE Litigation* and discovered a November 14, 2025 filing that contained a November 5, 2025 email from plaintiffs' counsel in the *WWE Litigation* to TKO, Endeavor, and Emanuel's counsel at Latham and Watkins, claiming that (1) Emanuel used Signal to communicate with WWE executives (including a now-current TKO executive), and (2) Emanuel turned on the auto-delete function for at least one Signal chat. These public filings confirmed what Plaintiffs had long suspected and demanded that Defendants disclose: Ari Emanuel uses Signal for business purposes.

8. On December 9, 2025, at the Court's direction, Plaintiffs filed a detailed list of information missing from Defendants' disclosures of employee devices and ESI sources. ECF No. 329. In that filing, Plaintiffs explicitly identified ***again***:

    a. "Defendants have not identified a cell phone for Ariel Emanuel in use after January 19, 2023." ECF No. 329 at 16.

    b. "Defendants previously identified an iPhone 16 Pro in the April 23 Disclosure but they have not provided any information on this cell phone in connection with either of the Ordered disclosures here [July 3 or October 13]." ECF No. 329 at 16.

    c. Defendants had not disclosed Emanuel's verified X f/k/a Twitter account. ECF No. 329 at 18.

    d. Defendants had not disclosed Emanuel's Signal usage.

9. On December 15, 2025, Defendants submitted yet another Court-Ordered disclosure. The December 15, 2025 disclosure again did not list any cell phone or communications app Mr. Emanuel has used since January 19, 2023.

10. On Wednesday January 21, 2026, I participated in a teleconference with plaintiffs' counsel in the *WWE litigation* in which we agreed to exchange the publicly filed versions of our

briefing and exhibits on spoliation so that neither plaintiffs' counsel needed to expend resources scouring the dockets for relevant materials.

11. On Monday, January 26, 2026, plaintiffs' counsel in the *WWE litigation* provided a hyperlink to site purporting to contain a zip file containing "PUBLIC Spoliation filings." However, because we understood the *WWE litigation* spoliation inquiry not to concern Mr. White or Ms. Long, and given the significant preparation my team was engaged in for the February 4-5 Spoliation Hearing in this litigation, neither I nor anyone at my firm downloaded the materials at that time.

12. On Monday February 9, 2026, in preparation for the February 11 hearing in this litigation, I downloaded the zip file at approximately 3:40 pm Eastern. The file contained several documents that I commenced to review, including, *inter alia*, the publicly filed Transmittal Affidavit of James Janison and attached publicly filed exhibits, which contained hundreds of pages of materials. After skimming through those materials, I commenced to skim a document labeled by filename as the "[PUBLIC]" declaration of Jacob M. Perrone. As I commenced to skim through that document, I quickly suspected that it included materials that were likely inadvertently produced, such as unredacted phone numbers (whereas the Janison declaration's exhibits had redacted the phone numbers). I immediately closed the Perrone document and ceased any review or use of the document and called plaintiffs' counsel from the *WWE litigation* to raise my concern at 4:35 pm Eastern. I confirmed to plaintiffs' counsel in the *WWE litigation* that until told otherwise, I would not use them or look at them further. At 7:13 pm Eastern, while I was away from my computer, plaintiffs' counsel from the *WWE litigation* called me to confirm that the documents attached to the Perrone declaration were inadvertently produced and, during that call, I committed to deleting them from my computer and investigating the extent to which anyone else had reviewed them. At 7:28pm, I sent an email to my team identifying the issue and requesting that each person who may have had access to the download link confirm whether they downloaded the material. Through that process, I confirmed that no one else had accessed the zip file from plaintiffs' counsel in the *WWE litigation.* When I returned to my computer, I immediately deleted the zip file and searched for any temporary (or other) versions of the

document on my laptop using search terms (including "Perrone" and "PUBLIC"). I deleted the temporary version of the Perrone declaration located through that process without opening it. I further searched my email account and confirmed that I had not emailed the file or the zip file containing the inadvertently produced Perrone declaration, nor had I received it nor any subset of the inadvertently produced materials from anyone else. I did not print the inadvertently produced Perrone declaration nor any of the other materials from the zip file, nor did I load the Perrone declaration, the zip file containing it, nor any of the other materials in the zip file to my firm's document management system.

13. On Tuesday, February 10, 2026, plaintiffs counsel in the *WWE litigation* called me to discuss the steps I took as set forth above. I explained this process to them, and confirmed that I had no intention to make use of any information inadvertently provided to me in that file. They informed me that they had an obligation to disclose this inadvertent disclosure to the other parties in the *WWE litigation*, including by providing the names of each person who received the material.

14. I had my team pull publicly available filings from the *WWE litigation* docket on Westlaw to prepare my February 11, 2026 argument to the Court and for use in Plaintiffs' Motion for Sanctions, filed contemporaneously herewith.

15. Based on these public filings, I observed the following (the referenced Exhibits are to the Declaration of Michael Dell'Angelo, filed contemporaneously herewith):

    a. In a November 5, 2025 email from Ben Potts, formerly of Berstein Litowitz Berger & Grossman LLP (then-counsel for plaintiffs in the *WWE Litigation*) to attorneys at Latham & Watkins and Morris Nichols (counsel for TKO, Endeavor, and Ari Emanuel), Potts wrote: "Message threads Vince McMahon produced on October 31 indicate that Brad Blum, Ari Emanuel, Nick Kahn, Vince McMahon, and Stephanie McMahon Levesque communicated during the Signal messaging application during the relevant time period." (Bates citations omitted). Note that both Emanuel and Kahn are current TKO executives. Potts wrote further that "Each of Blum, Emanuel, Khan, McMahon, and McMahon Levesque

communicated via Signal with one or more of the others. It also appears that each of them manually turned on Signal's auto delete function for at least one Signal chat (or Signal chat group) between or among them while under document preservation obligations." This email attached as Exhibit 10 to a November 14, 2025 filing, Transaction ID 77780840. The true and correct version of this Exhibit 10 November 5, 2025 email, pulled from the public docket using Westlaw is attached to the Dell'Angelo Declaration as Exhibit 35.

b. On December 12, 2025, plaintiffs in the WWE Litigation filed a Motion to Compel Information Regarding Document Deletion and Potential Spoliation. The publicly available exhibits to the Transmittal Affidavit of James Janison in Support of Plaintiffs Motion to Compel Information Regarding Document Deletion and Potential Spoliation ("Janison Affidavit") provide additional context to Potts' November 5, 2025 email.

c. Exhibit 32 to the Janison Affidavit, a true and correct version of which is attached to the Dell'Angelo Declaration as Exhibit 36, is a February 28, 2023 chat conversation between Vince McMahon and now-TKO executive Nick Khan. A screenshot of the relevant portion of Exhibit 32 is below:

**Messages in chronological order** (times are shown in GMT -05:00)

**CHAT - 02257 - 2023/03/01**

VM Vince McMahon [REDACTED] 2/28/2023, 19:21
Text from me to Paul and Bruce: "Hey guys just double checking. Does Roman and Cody know the new creative re WM and next year ?"
Bruce : "Not to my knowledge.
I don't know if Paul has had a conversation with either. Roman's first appearance since we spoke is Friday in DC. Both will be there in person"
Me to Paul: " Paul have U "?

NK Nick Khan [REDACTED] 2/28/2023, 19:37
Langis

VM Vince McMahon [REDACTED] 2/28/2023, 19:41
What in the blue hell is "Langis" lol

NK Nick Khan [REDACTED] 2/28/2023, 19:41
Read it backwards!

     d. Of course, "Langis" spelled backwards is "Signal." This text exchange reflects Khan's efforts to take WWE business conversations off of the chat messaging platform they were using and onto the Signal app.

e. Exhibit 33 to the Janison Affidavit, a true and correct version of which is attached to the Dell'Angelo Declaration as Exhibit 37, is an April 3, 2023 chat conversation between Vince McMahon and now-TKO executive Nick Khan. A screenshot of the relevant portion of the exhibit is below:

**Messages in chronological order** (times are shown in GMT -04:00)

**CHAT - 02257 - 2023/04/03**

VM Vince McMahon [redacted] 4/3/2023, 8:34 AM
Talk ?

NK Nick Khan [redacted] 4/3/2023, 8:34 AM
Sig

This message again reflects Khan's efforts to take WWE business conversations off of the chat messaging platform they were using and onto the Signal app.

f. Exhibit 34 to the Janison Affidavit, a true and correct version of which is attached to the Dell'Angelo Declaration as Exhibit 38, is a June 30, 2023 text conversation between "Steph" (whom Plaintiffs understand to refer to Stephanie McMahon Levesque) and now-TKO executive Nick Khan. Here, "Steph" asks whether "Vince think[s] the Jerry text went to Jerry" and Khan responds with two texts, first "Sig" (a likely reference to Signal) and then "What app." (which could be a typo in a reference to WhatsApp or some other meaning). Either way, the "Sig" response is, again, a likely reference to Khan's effort to move the conversation off of the chat messaging platform in use and onto Signal and/or, potentially, another app with ephemeral messaging capabilities (WhatsApp).

g. Exhibit 35 to the Janison Affidavit, a true and correct version of which is attached to the Dell'Angelo Declaration as Exhibit 39, is an excerpt from Stephanie

McMahon Levesque's deposition in which she testifies that she used Signal with now-TKO executive Nick Kahn for discussing "pressing" business matters.

h. In addition to the foregoing, the *WWE Litigation* plaintiffs' brief, a true and correct version of which is attached to the Dell'Angelo Declaration as Exhibit 40, includes a heavily redacted section on pages 10-11, in which the brief states only: "Worse, Plaintiffs have evidence of [redacted][34]" where footnote 34 Directs to Exhibits 36 & 37 of the Janison Affidavit. True and correct versions of these Exhibits 36 and 37 are attached to the Dell'Angelo Declaration as Exhibits 41 and 42. Exhibit 36 is a redacted chat exchange of April 13, 2023 between Ari Emanuel and "System Message – Vince" wherein Emanuel writes "Hi" and the System Message responds with a redacted message. Exhibit 37 is a redacted chat exchange between Ari Emanuel, Nick Khan, and "System Message – Vince" dated June 12, 2023. The only message in the thread is a redacted system message. However, based on information in Zuffa's, TKO's, and Endeavor's productions in this case, possible "System Messages" can include references to messages being affirmatively deleted. Plaintiffs here also understand that these System Messages can reflect notifications of changes to retention settings, *e.g.*, enabling disappearing or ephemeral messaging. Without access to the underlying unredacted System Messages, Plaintiffs cannot say for sure what these two exhibits reflect. Counsel for Mr. Emanuel and Defendants at Latham & Watkins, however, knows the answer.

i. Exhibit 39 to the Janison Affidavit, a true and correct version of which is attached to the Dell'Angelo Declaration as Exhibit 43, is a December 2, 2025 email thread between Ben Potts, then-counsel for WWE Litigation plaintiffs and Latham & Watkins. This thread commences with the November 5, 2025 email discussed *supra* (though it redacts the statement that Emanuel and others turned on the auto-delete function in Signal and redacts the request that Latham & Watkins provide screenshots showing when each chat was first created, any statement of when

"disappearing messages" or other auto-deletion functions were set, and the temporal increment to which the automatic delete function was set." As the email thread continues, on November 21, 2025, Potts writes that "Even with forensic phone collections, in our experience it is not possible to tell what information exists on the Signal app without having a custodian physically go into the Signal application on their device, pull up their chats, and screenshot the device screen…." On November 26, Latham & Watkins responds that, unlike their conduct in this litigation (assuming the truthfulness of their November 26 email), "we have been immensely transparent about our clients' use of Signal and have made significant effort to provide all relevant information to you" and that they were "still investigating whether and to what extent Signal data exists on [Emanuel's] phone." On December 1, Latham & Watkins again wrote that they were "still investigating Mr. Emanuel's Signal data." Of course, had Latham & Watkins done their diligence in this case, or even taken action in response to Plaintiffs here pointing our Emanuel's Signal use on July 9, they would have completed this "investigati[on]."

j.  Finally, Exhibit 41 to the Janison Affidavit, a true and correct version of which is attached to the Dell'Angelo Declaration as Exhibit 44, is a November 19, 2025 email thread between, inter alia, lawyers at Kirkland & Ellis LLP (who represents the WWE) and the *WWE Litigation* plaintiffs' counsel at Block Levitan and Bernstein Litowitz. Earlier in the thread, on November 17, 2025, Kirkland & Ellis emailed plaintiffs' counsel, also stating that they had been "immensely transparent about" their efforts to collect mobile device data, "including all available Signal data." Kirkland & Ellis then provided a table of all relevant Signal chats they collected from Vince McMahon's phone, three of which include Ari Emanuel. The table listed the "Signal Chat Name," the "Participants" and "Available Metadata Reflecting Chang[cut off] to Signal Retention Setting (Chat/Conversat[cut off]." I provide a screenshot of this table below:



| Signal Chat Name | Participants | Available Metadata Reflecting Chang to Signal Retention Setting (Chat/Conversat |
|---|---|---|
| Ari Emanuel | ARI EMANUEL ; Vince | |
| Ari Emanuel | ARI EMANUEL ; Vince | |
| Brad Blum | Brad Blum ; Vince | |
| Brock Lesnar | Brock Lesnar ; Vince | No Retention Setting |
| Brock Lesnar | Brock Lesnar Vince | No Retention Setting |
| Bruce Prichard | Bruce Prichard ; Vince | January 13, 2023 - Vince McMahon - Messages in t disappear after 1 day. |
| CP | CP Vince | No Retention Setting |
| HE Turki Al-Sheikh | HE Turki Al-Sheikh Vince | No Retention Setting |
| John Gaburick | John Gaburick Vince | January 13, 2023 - Vince McMahon - Messages in t disappear after 1 day. |
| Kevin Dunn | Kevin Dunn ; Vince | January 13, 2023 - Vince McMahon - Messages in t disappear after 1 day. |
| M M | M M ; Vince | January 13, 2023 - Vince McMahon - Messages in t disappear after 1 day.<br>February 14, 2023 - Vince McMahon - Messages in disappear after 1 hour. |

Notably, the redacted column for metadata reflecting changes to the Signal Retention Setting for the second thread involving Mr. Emanuel appears to be roughly the same size as the unredacted metadata settings for having messages disappear after 1 day or 1 hour, and not the same length as the "No Retention Setting" chats. A screenshot of the other chat listed involving Ari Emanuel is similar:

| | | |
|---|---|---|
| "Nick, Vince, Ari" | Vince ARI EMANUEL Nick Khan | |

16. Following the February 11, 2026 hearing, on February 12, 2026, Defendants' counsel at Latham & Watkins sent Plaintiffs here a letter accusing Plaintiffs of misconduct in

connection with Plaintiffs' unsolicited receipt of inadvertently produced material from the *WWE Litigation*. A true and correct version of Latham & Watkins' February 12, 2026 letter is attached to the Dell'Angelo Declaration as Exhibit 45. Latham & Watkins' assertions of impropriety were made without any basis in fact and instead reflected only speculation. Latham & Watkins used these baseless allegations to (1) demand information from Plaintiffs to which they are not entitled, and (2) to evade cooperating on a joint filing in connection with Plaintiffs' efforts to transfer or otherwise enforce the subpoena to Mr. Emanuel in the United States District Court for the Central District of California. Notably, this February 12, 2026 letter was sent on the day that Mr. Emanuel was supposed to supply inserts for a joint filing in the Central District of California concerning the transfer or enforcement of the subpoena. And thus, Latham & Watkins' letter reflected Mr. Emanuel's withdrawal from that process on invalid, speculative grounds.

17. Later on February 12, 2026, Plaintiffs responded to Latham & Watkins' letter. A true and correct version of Plaintiffs' February 12, 2026 letter response is attached to the Dell'Angelo Declaration as Exhibit 46. In that letter, Plaintiffs explained that there could be no proper basis to assert that Plaintiffs' counsel engaged in any improper conduct—indeed, as described in the letter and above, I acted swiftly and consistent with my professional responsibilities to raise the and address issue upon my first suspicion that anything was amiss—and that neither Latham & Watkins nor Mr. Emanuel properly could use the inadvertent disclosure as a basis for delaying or refusing compliance with the subpoena. Plaintiffs requested conformation by the end of the day on February 13 that Mr. Emanuel would timely cooperate in the Central District of California's process for transfer and enforcement motions. Further, Plaintiffs expressed their concerns that Latham & Watkins clearly knew of Mr. Emanuel's Signal use and of these Delaware spoliation proceedings when they made their Court-Ordered December 15, 2025 disclosure yet inexplicably neither disclosed Emanuel's current cellphone (on which Signal has been installed) nor his use of Signal at all. Plaintiffs requested a statement of Latham & Watkins' basis for omitting this information in light of their clear knowledge of the cellphone, the Signal use, and the related spoliation proceedings. Neither Defendants, Mr. Emanuel, nor their common counsel at Latham & Watkins have responded to Plaintiffs' February 12, 2026 letter.

18. Having received no response to Plaintiffs' letter, Plaintiffs filed to transfer or otherwise enforce the subpoena to Mr. Emanuel on February 17, 2026.

I declare under the penalty of perjury that the foregoing is true and correct, and this Declaration is executed at Philadelphia, Pennsylvania on February 25, 2026.

*/s/ Patrick F. Madden*
Patrick F. Madden