# EXHIBIT 35

EFiled: Nov 14 2025 06:46PM EST
Transaction ID 77780840
Case No. 2023-1166-JTL

# EXHIBIT 10

[to Plaintiffs' Motion to Modify Scheduling Order]

Filed Publicly on Nov. 14, 2025 in

*In re World Wrestling Entertainment Inc. Merger Litig.*,

In the Court of Chancery of the State of Delaware,
C.A. No. 2023-1166-JTL

# Nathan Abelman

| | |
|---|---|
| **From:** | Ben Potts <Benjamin.Potts@blbglaw.com> |
| **Sent:** | Wednesday, November 5, 2025 4:16 PM |
| **To:** | Jordan.Mundell@lw.com; Allie.O'Hara@lw.com |
| **Cc:** | Colleen.Smith@lw.com; Kristin.Murphy@lw.com; Zachary.Rowen@lw.com; Ryan.Walsh@lw.com; Tina.Jensen@lw.com; Sadie.Kavalier@lw.com; WLafferty@morrisnichols.com; RStottmann@morrisnichols.com |
| **Subject:** | WWE - Signal application usage/deletion |

[EXTERNAL]

Allie/Jordan,

Message threads Vince McMahon produced on October 31 indicate that Brad Blum, Ari Emanuel, Nick Khan, Vince McMahon, and Stephanie McMahon Levesque communicated using the Signal messaging application during the relevant time period (*See* VKM-Merger00019557; VKM-Merger00019632; VKM-Merger00019636; VKM-Merger00019638; VKM-Merger00017327; VKM-Merger00018169; VKM-Merger00019305). Stephanie McMahon Levesque also testified at her deposition that she communicated frequently through Signal with Nick Khan—"perhaps a couple of times a day"—on "really important" and "pressing" matters, and that she and Paul Levesque regularly used Signal to communicate. (McMahon Levesque Tr. 46-50). Each of Blum, Emanuel, Khan, McMahon, and McMahon Levesque communicated via Signal with one or more of the others. It also appears that each of them manually turned on Signal's auto-delete function for at least one Signal chat (or Signal chat group) between or among them while under document preservation obligations.

Given the above, in addition to Mr. Khan's deletion of text messages during the relevant time period, we need at a minimum (i) more detail about what Signal chats exist or existed, including what records of those chats still reside on each individual's Signal account and/or the device(s) on which they used Signal, and (ii) a full understanding of what preservation obligations each individual was under at the time they used Signal in ways potentially relevant to this case.

<u>Detail on Signal Chats' Existence & Deletion</u>
Please obtain access to the Signal application on all of Blum's, Emanuel's, Khan's, and Levesque's devices currently in their possession/custody/control to which Signal is or ever has been downloaded. Please also conduct diligence into whether any other potentially relevant group chats, such as a "Stunner" chat or other code-named chat, existed. Then, please take screenshots of any Signal chat between any of the foregoing individuals and any other Endeavor, TKO, or D&O custodian, along with any code-named group chats or other potentially relevant Signal chats. Make sure the screenshots capture as much of each Signal chat as is available, including when each chat was first created, any statement of when "disappearing messages" or other auto-deletion functions were set, and the temporal increment to which the automatic deletion function was set (e.g., "[Custodian] set disappearing message time to [__] hours"). Then, please produce the screenshots to us. We undertook a nearly identical process with counsel for certain defendants in *In re Santander Consumer USA Holdings Inc. Stockholders' Litigation*, Consol. C.A. No. 2022-0689-LWW and can provide more detail when we meet and confer (as requested below).

Please also confirm you have interviewed all other EDR, TKO, and/or D&O custodians about whether they used Signal over the relevant time period (January 1, 2022 through March 12, 2024) and, if they did, whether they communicated with any other custodian and whether they communicated about any responsive subject matter. If any other EDR, TKO, or D&O custodians indicated potential Signal use, please provide those individuals' names immediately.

Finally, please determine whether each custodian has Signal chats (regardless of whether related to the subject matter in this case) that are *not* set to auto-delete and, if so, describe to us the participants in those Signal chats and the general nature/subject matter of those chats.

Hold Notices / Preservation Obligations

Please provide the requested information for each litigation hold or document retention notice produced to date or otherwise referenced in produced documents or discovery responses:

1. **6/21/2022** (WWE00058294)
    1. Please produce any/all written acknowledgments of this notice other than Blum's and Levesque's acknowledgments, which have been produced.
2. **1/19/2023** (WWEM-SML-0001390)
    1. Please explain why this was not produced from any D&O, EDR, or TKO custodian.
    2. Please produce any/all written acknowledgments of this notice.
3. **5/23/2023** (WWE00068882)
    1. Please produce any/all written acknowledgments of this notice.
4. **July/August 2023** (referenced in WWE00069324)
    1. Please explain whether a notice was actually disseminated in this timeframe.
    2. If yes, please explain what trigger event the notice relates to, why it has not been produced and, if in any custodian's possession/custody/control, produce it immediately.
5. **12/12/2023** (Litigation hold referenced in McMahon Interrogatory Response 55)
    1. Please produce the litigation hold document to the extent it is in the possession, custody, or control of any D&O, EDR, or TKO custodian.
    2. Please produce any written acknowledgments.
6. **6/5/2024** (WWE00068888)
    1. Please explain why this notice was not sent until June 2024, over six months after the operative complaint in this case was filed.
    2. Please produce any written acknowledgments.

Please also answer the following questions:
- Is there a separate preservation notice relating to the Investigations from mid-2022 (i.e., separate from WWE00058294)?
- Do any other litigation holds or preservation notices exist in any D&O, EDR, or TKO custodian's possession, custody, or control from between January 1, 2022 and March 12, 2024 relating to any of the subject matter in this case?
- Did "the WWE Business & Legal Affairs Department" ever send a "written notification" ending the preservation obligations under any one or more notices? (*See, e.g.*, WWE00058295 at 3; WWEM-SML-0001392 at 4).
- Did any of Blum, Emanuel, Khan, McMahon, or McMahon Levesque (or any other custodian) ever contact WWE's, EDR's, or TKO's legal department for assistance with disabling auto-delete functions (as instructed in the notices)?

Please respond as promptly as possible given the importance of these issues, and please let us know when you are available to meet and confer on these issues as well.

Thanks,
Ben

**Ben Potts**
Senior Counsel
BLB&G Bernstein Litowitz Berger & Grossmann LLP

500 Delaware Avenue, Suite 901
Wilmington, DE 19801
Direct:  (302) 364-3612
Mobile: (610) 608-8599
Benjamin.Potts@blbglaw.com

---

This email has been scanned for spam and viruses by Proofpoint Essentials. Click here to report this email as spam.