# EXHIBIT 43

[Exhibit 39 to Transmittal Affidavit of James Janison in Support of Plaintiffs' Motion to Compel Information Regarding Document Deletion and Potential Spoliation]

Filed Publicly on Dec. 23, 2025 in:
*In re World Wrestling Entertainment Inc. Merger Litig.,* In the Court of Chancery of the State of Delaware, C.A. No. 2023-1166-JTL

| | |
|---|---|
| **From:** | Ben Potts |
| **Sent:** | Tuesday, December 2, 2025 3:50 PM |
| **To:** | Jordan.Mundell@lw.com; Allie.O'Hara@lw.com |
| **Cc:** | Colleen.Smith@lw.com; Kristin.Murphy@lw.com; Zachary.Rowen@lw.com; Ryan.Walsh@lw.com; Tina.Jensen@lw.com; Sadie.Kavalier@lw.com; WLafferty@morrisnichols.com; RStottmann@morrisnichols.com; kim@blockleviton.com; lindsay@blockleviton.com; irene@blockleviton.com; nathan@blockleviton.com; robby@blockleviton.com; Edward Timlin; James Janison |
| **Subject:** | RE: WWE - Signal application usage/deletion |

Jordan,

As we've repeatedly explained ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ The forthcoming production you reference below appears potentially to cover the latter two categories, but not the first two. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ The relevance of these data points is obvious and, again, we've already explained it.

As we've also already explained, we will ask the Court for the relief described in my November 5 email—i.e., an order compelling the individuals to provide screenshots of their devices with the Signal application open to show the requested information. While your emails below suggest that some of the information may no longer exist, including for Mr. Blum, they are not sufficiently clear on whether any of the information we are requesting exists for any given individual. Alternatively, we will ask the Court to order that the individuals fill out a chart like the one we provided you as an example on November 21 (including the date the Signal chats were created) and provide sworn statements validating the charts in an evidentiarily admissible way.

We continue to disagree with your assertions regarding Rule 5.1's requirements and under seal filing. We will continue to comply with our obligations under Court of Chancery Rule 5.1.

Thanks,
Ben

**Ben Potts**
Senior Counsel
**BLB&G** Bernstein Litowitz Berger & Grossmann LLP
500 Delaware Avenue, Suite 901
Wilmington, DE 19801
Direct: (302) 364-3612
Mobile: (610) 608-8599
Benjamin.Potts@blbglaw.com

From: Jordan.Mundell@lw.com <Jordan.Mundell@lw.com>
Sent: Monday, December 1, 2025 1:08 AM
To: Ben Potts <Benjamin.Potts@blbglaw.com>; Allie.O'Hara@lw.com

1

THIS DOCUMENT IS A CONFIDENTIAL FILING. ACCESS IS PROHIBITED EXCEPT AS AUTHORIZED BY RULE 5.1 OR BY COURT ORDER.

Cc: Colleen.Smith@lw.com; Kristin.Murphy@lw.com; Zachary.Rowen@lw.com; Ryan.Walsh@lw.com; Tina.Jensen@lw.com; Sadie.Kavalier@lw.com; WLafferty@morrisnichols.com; RStottmann@morrisnichols.com; kim@blockleviton.com; lindsay@blockleviton.com; irene@blockleviton.com; nathan@blockleviton.com; robby@blockleviton.com; Edward Timlin <Edward.Timlin@blbglaw.com>; James Janison <James.Janison@blbglaw.com>
Subject: RE: WWE - Signal application usage/deletion

[This message is from an external sender]

Ben,

While you agree that *Santander* is neither precedent nor legal authority, you claim that our "refusal" to follow that approach means we're refusing to provide the "information [you] requested." We disagree. As we noted below, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Mr. Blum did not have any such messages or notifications, and we are still investigating Mr. Emanuel's Signal data, given his unavailability during the holiday week—and expect to make that production tomorrow. We believe this production will provide to you all relevant information regarding Signal use. Although you claim that our proposal is "not sufficient for several reasons," it is not clear to us why, other than the fact that it's not the same approach you and different parties followed in an unrelated case. If the only reason is the single reason you cite below, *i.e.*, that it "does not attempt to provide information about when any identified chats were created," then it would be helpful if you could explain why you need that information, too, particularly when you will receive any existing data showing when auto-delete settings, if any, were enabled.

Given how close the parties appear to be to resolving this issue and our offer to continue discussing the issue, we are confused by your assertion that you "will proceed accordingly." As we noted below, we remain committed to working with you to resolve this dispute without burdening the court with motion practice, and we trust that you are, too. After all, that is what the Court would expect from the parties. But if it is your intention to "proceed accordingly," please explain what relief you intend to seek from the Court so that we can assess whether there is anything further we can provide.

Finally, while we appreciate that you re-filed Exhibits 10-15 to your motion to amend under seal, we remain concerned that they were filed publicly in the first place given they included information designated "Confidential." For example, the exhibits included an email you sent on November 5, which referenced the contents of documents, including legal holds, designated "Confidential." *See, e.g.*, Ex. 10 (citing WWE00058294 and WWE00058295 to ask whether "a separate preservation notice relating to the Investigations from mid-2022" exists and whether "'the WWE Business & Legal Affairs Department' ever sent a 'written notification' ending the preservation obligations under any one or more notices?"). We hope this was simply an oversight and expect that information designated "Confidential" will not be filed publicly again, but if it is, we intend to seek appropriate relief, including sanctions.

Jordan

From: Ben Potts <Benjamin.Potts@blbglaw.com>
Sent: Wednesday, November 26, 2025 9:07 PM
To: Mundell, Jordan (Bay Area) <Jordan.Mundell@lw.com>; O'Hara, Allie (OC) <Allie.O'Hara@lw.com>
Cc: Smith, Colleen (SD) <Colleen.Smith@lw.com>; Murphy, Kristin (OC) <Kristin.Murphy@lw.com>; Rowen, Zachary (NY) <Zachary.Rowen@lw.com>; Walsh, Ryan (OC) <Ryan.Walsh@lw.com>; Jensen, Tina (OC) <Tina.Jensen@lw.com>; Kavalier, Sadie (DC) <Sadie.Kavalier@lw.com>; WLafferty@morrisnichols.com; RStottmann@morrisnichols.com; kim@blockleviton.com; lindsay@blockleviton.com; irene@blockleviton.com; nathan@blockleviton.com; robby@blockleviton.com; Edward Timlin <Edward.Timlin@blbglaw.com>; James Janison <James.Janison@blbglaw.com>
Subject: RE: WWE - Signal application usage/deletion

THIS DOCUMENT IS A CONFIDENTIAL FILING. ACCESS IS PROHIBITED EXCEPT AS AUTHORIZED BY RULE 5.1 OR BY COURT ORDER.

Jordan,

We didn't reference the *Santander* example because we believe it is legal authority or binding precedent. We referenced it because we believe it represents a reasonable approach to solving a problem. We think the Court will agree.

While we appreciate the information provided in the second paragraph of your email, it is not sufficient for several reasons, including because it does not attempt to provide information about when any identified chats were created. We interpret your email as a refusal to provide the complete set of information we requested, either via screenshots or in the chart/written form we proposed as an alternative. We will proceed accordingly.

As to the confidentiality issue, please identify the specific material in Exhibits 10-15 to Plaintiffs' motion initially filed on November 14 that you believe qualifies for under-seal filing under Rule 5.1. As we explained, we disagree that any of those exhibits should have been filed under seal, and we re-filed them under seal as a courtesy. An explanation from you as to what parts of Exhibits 10-15 you believe needed to be sealed and why would be helpful to ensure we avoid a similar issue in the future.

Thanks, and hope everyone has a happy Thanksgiving.

**Ben Potts**
Senior Counsel
**BLB&G** Bernstein Litowitz Berger & Grossmann LLP
500 Delaware Avenue, Suite 901
Wilmington, DE 19801
Direct: (302) 364-3612
Mobile: (610) 608-8599
Benjamin.Potts@blbglaw.com

**From:** Jordan.Mundell@lw.com <Jordan.Mundell@lw.com>
**Sent:** Wednesday, November 26, 2025 3:35 PM
**To:** Ben Potts <Benjamin.Potts@blbglaw.com>; Allie.O'Hara@lw.com
**Cc:** Colleen.Smith@lw.com; Kristin.Murphy@lw.com; Zachary.Rowen@lw.com; Ryan.Walsh@lw.com; Tina.Jensen@lw.com; Sadie.Kavalier@lw.com; WLafferty@morrisnichols.com; RStottmann@morrisnichols.com; kim@blockleviton.com; lindsay@blockleviton.com; irene@blockleviton.com; nathan@blockleviton.com; robby@blockleviton.com; Edward Timlin <Edward.Timlin@blbglaw.com>; James Janison <James.Janison@blbglaw.com>
**Subject:** RE: WWE - Signal application usage/deletion

[This message is from an external sender]

Ben,

Your email below demanding that we undertake the highly intrusive and burdensome "screenshot-taking exercise" that you and different parties in the unrelated *Santander* case followed is unwarranted here. To start, *Santander* is not precedent, and the court entered no opinion nor order commenting on the appropriateness or the necessity of the approach you now demand we follow. In any event, we have been immensely transparent about our clients' use of Signal and have made significant efforts to provide all relevant information to you. We have answered multiple sets of discovery requests on this very topic, and you have had, and in fact have taken, the opportunity to question witnesses about their Signal use during depositions—and will be able to do so with Mr. Emanuel and Mr. Khan in the coming weeks. You have articulated no sufficient basis that would warrant circumventing the discovery process and require Messrs. Khan, Blum, Levesque, and Emanuel undertake the physical exercise of searching for and taking pictures of chats (to the extent any exists) with dozens of individuals.

3

THIS DOCUMENT IS A CONFIDENTIAL FILING. ACCESS IS PROHIBITED EXCEPT AS AUTHORIZED BY RULE 5.1 OR BY COURT ORDER.

Nevertheless, while we disagree that you are entitled to the information you now seek, we confirm that Messrs. Khan's, Blum's, and Levesque's phones were reviewed for existing Signal data from the responsive period. We identified one non-substantive text Mr. Khan received from Mr. McMahon on a group chat with Mr. Emanuel on July 31, 2023. ▆

▆▆▆▆▆▆▆▆▆▆▆ These messages were not produced because they were not relevant. As a matter of good faith and solely to resolve this issue, we will agree to provide these messages to you and can prepare these documents for production in the coming days. To be clear, however, our agreement to do so is not a concession that such messages are relevant. Finally, as for Mr. Emanuel, he has been unavailable this week, given the holiday, and we are still investigating whether and to what extent Signal data exists on his phone. We will endeavor to provide a further update before his December 2 deposition.

We remain committed to working with you to resolve this dispute and are available to discuss further, should you have any questions. And although we believe our proposal should resolve any concerns you may have—including because it provides you with the information and data you are requesting from the relevant period—should you intend to proceed with motion practice, we remind you of your obligation to file under seal all confidential materials. We trust that the confidential materials you filed publicly with your motion to modify the case schedule was inadvertent and expect that it will not happen again going forward, but if it does, we intend to seek appropriate relief.

We reserve all rights.

Jordan

**From:** Ben Potts <Benjamin.Potts@blbglaw.com>
**Sent:** Friday, November 21, 2025 6:01 PM
**To:** O'Hara, Allie (OC) <Allie.O'Hara@lw.com>; Mundell, Jordan (Bay Area) <Jordan.Mundell@lw.com>
**Cc:** Smith, Colleen (SD) <Colleen.Smith@lw.com>; Murphy, Kristin (OC) <Kristin.Murphy@lw.com>; Rowen, Zachary (NY) <Zachary.Rowen@lw.com>; Walsh, Ryan (OC) <Ryan.Walsh@lw.com>; Jensen, Tina (OC) <Tina.Jensen@lw.com>; Kavalier, Sadie (DC) <Sadie.Kavalier@lw.com>; WLafferty@morrisnichols.com; RStottmann@morrisnichols.com; kim@blockleviton.com; Lindsay Faccenda <lindsay@blockleviton.com>; Irene Lax <irene@blockleviton.com>; Nathan Abelman <nathan@blockleviton.com>; Robert Erikson <robby@blockleviton.com>; Edward Timlin <Edward.Timlin@blbglaw.com>; James Janison <James.Janison@blbglaw.com>
**Subject:** RE: WWE - Signal application usage/deletion

Allie,

Following up from our call yesterday, Plaintiffs understand that the D&O Defendants and TKO continue to assert that the litigation-hold-related information sought in my November 5 email below is not relevant and that they do not currently intend to provide additional information, though you are confirming with your clients. As I mentioned on the call, if your clients are willing to concede in writing that they were under document preservation obligations over the relevant time period and knew they were under such obligations, we can forego the requested hold-related materials. Otherwise, we insist on their production.

On the Signal deletion issues, we stand on our request that you engage in the screenshot-taking exercise laid out in my November 5 email. Your position was unclear yesterday on whether you had done that for any of the individuals we requested, whether you would be willing to do that, and generally what the state of play is. You and Kristin stated that you don't have control over Stephanie McMahon Levesque's phone (which is fine), that conversations with Khan have been exhausted and nothing else relevant was located other than what is in his discovery responses, that Blum has "nothing relevant" on his phone relating to Signal, that you are checking Emanuel's phone but don't expect to find anything, and that Paul Levesque likewise has "nothing."

4

THIS DOCUMENT IS A CONFIDENTIAL FILING. ACCESS IS PROHIBITED EXCEPT AS AUTHORIZED BY RULE 5.1 OR BY COURT ORDER.

Again, those explanations are insufficient. Even with forensic phone collections, in our experience it is not possible to tell what information exists on the Signal app without having a custodian physically go into the Signal application on their device, pull up their chats, and screenshot the device screen showing when a given Signal chat was created, who the participants are ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮ (For reference, please see the publicly-filed slides used to present to the Court on this issue in the *Santander* matter.) For that reason, we need you to undertake with Blum, Emanuel, Khan, and Levesque the procedure outlined in my November 5 email.

In the alternative, we are willing to accept the requested information in chart form for each of the individuals, like the one McMahon provided us on November 17, 2025 (see attached), *if* those charts (i) also contain information about when each of the Signal chats was created (as McMahon agreed on November 19), and (ii) each individual will provide supplemental interrogatory responses (or, in Emanuel's case, a written affidavit or declaration) containing all of that information.

If what you intended to convey on the call yesterday was that, for any of the individuals, undertaking such a screenshot exercise or providing such a chart is impossible because the information no longer exists at all (even by undertaking the methods we've presented in this chain), please state that in writing in response to this email.

I note that Khan's interrogatory responses and other statements made on this behalf are particularly inadequate to date, as Khan has disclaimed memory of when potentially relevant Signal chats were created and when any auto-deletion settings were engaged. He has also confirmed that the Signal application is currently downloaded on his device. (*See, e.g.*, Response to Interrogatory No. 142).

We need the D&O Defendants, TKO's, and Endeavor's final position on these issues by 5:00pm ET on Wednesday, November 26, so that we can determine whether to seek relief from the Court. By that time, if we do not have either agreement to undertake our requested procedures or written representations that doing so is impossible (and why), we will file a motion.

Thanks,
Ben

**Ben Potts**
Senior Counsel
**BLB&G** Bernstein Litowitz Berger & Grossmann LLP
500 Delaware Avenue, Suite 901
Wilmington, DE 19801
Direct: (302) 364-3612
Mobile: (610) 608-8599
Benjamin.Potts@blbglaw.com

**From:** Ben Potts
**Sent:** Wednesday, November 19, 2025 10:52 AM
**To:** Allie.O'Hara@lw.com; Jordan.Mundell@lw.com
**Cc:** Colleen.Smith@lw.com; Kristin.Murphy@lw.com; Zachary.Rowen@lw.com; Ryan.Walsh@lw.com; Tina.Jensen@lw.com; Sadie.Kavalier@lw.com; WLafferty@morrisnichols.com; RStottmann@morrisnichols.com
**Subject:** RE: WWE - Signal application usage/deletion

Allie,

Let's speak at 9:30am PT tomorrow. Please send an invite when convenient.

5

THIS DOCUMENT IS A CONFIDENTIAL FILING. ACCESS IS PROHIBITED EXCEPT AS AUTHORIZED BY RULE 5.1 OR BY COURT ORDER.

Best,
Ben

**From:** Allie.O'Hara@lw.com <Allie.O'Hara@lw.com>
**Sent:** Wednesday, November 19, 2025 9:10 AM
**To:** Ben Potts <Benjamin.Potts@blbglaw.com>; Jordan.Mundell@lw.com
**Cc:** Colleen.Smith@lw.com; Kristin.Murphy@lw.com; Zachary.Rowen@lw.com; Ryan.Walsh@lw.com; Tina.Jensen@lw.com; Sadie.Kavalier@lw.com; WLafferty@morrisnichols.com; RStottmann@morrisnichols.com
**Subject:** RE: WWE - Signal application usage/deletion

[This message is from an external sender]

Ben – we're available to meet and confer during the following windows:
- Today, 12-1 or after 3 PT
- Tomorrow, 9:30-10 or after 2 PT

Please let us know what works for plaintiffs.

**Allie O'Hara**

**LATHAM & WATKINS LLP**
650 Town Center Drive | 20th Floor | Costa Mesa, CA 92626-1925
D: +1.714.755.8202

**From:** Ben Potts <Benjamin.Potts@blbglaw.com>
**Sent:** Tuesday, November 18, 2025 8:34 PM
**To:** Mundell, Jordan (Bay Area) <Jordan.Mundell@lw.com>; O'Hara, Allie (OC) <Allie.O'Hara@lw.com>
**Cc:** Smith, Colleen (SD) <Colleen.Smith@lw.com>; Murphy, Kristin (OC) <Kristin.Murphy@lw.com>; Rowen, Zachary (NY) <Zachary.Rowen@lw.com>; Walsh, Ryan (OC) <Ryan.Walsh@lw.com>; Jensen, Tina (OC) <Tina.Jensen@lw.com>; Kavalier, Sadie (DC) <Sadie.Kavalier@lw.com>; WLafferty@morrisnichols.com; RStottmann@morrisnichols.com
**Subject:** RE: WWE - Signal application usage/deletion

Allie/Jordan,

Following up on this again. Does Allie's email of 11/12 at 6:43pm ET constitute the D&O/TKO/EDR position on this, and do you intend to otherwise respond?

Thanks,
Ben

**Ben Potts**
Senior Counsel
**BLB&G** Bernstein Litowitz Berger & Grossmann LLP
500 Delaware Avenue, Suite 901
Wilmington, DE 19801
Direct: (302) 364-3612
Mobile: (610) 608-8599
Benjamin.Potts@blbglaw.com

6

THIS DOCUMENT IS A CONFIDENTIAL FILING. ACCESS IS PROHIBITED EXCEPT AS AUTHORIZED BY RULE 5.1 OR BY COURT ORDER.

**From:** Ben Potts
**Sent:** Friday, November 7, 2025 1:57 PM
**To:** Jordan.Mundell@lw.com; Allie.O'Hara@lw.com
**Cc:** Colleen.Smith@lw.com; Kristin.Murphy@lw.com; Zachary.Rowen@lw.com; Ryan.Walsh@lw.com; Tina.Jensen@lw.com; Sadie.Kavalier@lw.com; WLafferty@morrisnichols.com; RStottmann@morrisnichols.com
**Subject:** RE: WWE - Signal application usage/deletion

Allie/Jordan,

Following up on the below, including our request to meet and confer.

Best,
Ben

**Ben Potts**
Senior Counsel
**BLB&G** Bernstein Litowitz Berger & Grossmann LLP
500 Delaware Avenue, Suite 901
Wilmington, DE 19801
Direct: (302) 364-3612
Mobile: (610) 608-8599
Benjamin.Potts@blbglaw.com

**From:** Ben Potts
**Sent:** Wednesday, November 5, 2025 4:16 PM
**To:** Jordan.Mundell@lw.com; Allie.O'Hara@lw.com
**Cc:** Colleen.Smith@lw.com; Kristin.Murphy@lw.com; Zachary.Rowen@lw.com; Ryan.Walsh@lw.com; Tina.Jensen@lw.com; Sadie.Kavalier@lw.com; WLafferty@morrisnichols.com; RStottmann@morrisnichols.com
**Subject:** WWE - Signal application usage/deletion

Allie/Jordan,

Message threads Vince McMahon produced on October 31 indicate that Brad Blum, Ari Emanuel, Nick Khan, Vince McMahon, and Stephanie McMahon Levesque communicated using the Signal messaging application during the relevant time period (*See* VKM-Merger00019557; VKM-Merger00019632; VKM-Merger00019636; VKM-Merger00019638; VKM-Merger00017327; VKM-Merger00018169; VKM-Merger00019305). Stephanie McMahon Levesque also testified at her deposition that she communicated frequently through Signal with Nick Khan—"perhaps a couple of times a day"—on "really important" and "pressing" matters, and that she and Paul Levesque regularly used Signal to communicate. (McMahon Levesque Tr. 46-50). Each of Blum, Emanuel, Khan, McMahon, and McMahon Levesque communicated via Signal with one or more of the others ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Given the above, in addition to Mr. Khan's deletion of text messages during the relevant time period, we need at a minimum (i) more detail about what Signal chats exist or existed, including what records of those chats still reside on each individual's Signal account and/or the device(s) on which they used Signal, and (ii) a full understanding of what preservation obligations each individual was under at the time they used Signal in ways potentially relevant to this case.

Detail on Signal Chats' Existence & Deletion

THIS DOCUMENT IS A CONFIDENTIAL FILING. ACCESS IS PROHIBITED EXCEPT AS AUTHORIZED BY RULE 5.1 OR BY COURT ORDER.

Please obtain access to the Signal application on all of Blum's, Emanuel's, Khan's, and Levesque's devices currently in their possession/custody/control to which Signal is or ever has been downloaded. Please also conduct diligence into whether any other potentially relevant group chats, such as a "Stunner" chat or other code-named chat, existed. Then, please take screenshots of any Signal chat between any of the foregoing individuals and any other Endeavor, TKO, or D&O custodian, along with any code-named group chats or other potentially relevant Signal chats. ██████████████████████████████████████████████████████████████████████████████████████ Then, please produce the screenshots to us. We undertook a nearly identical process with counsel for certain defendants in *In re Santander Consumer USA Holdings Inc. Stockholders' Litigation*, Consol. C.A. No. 2022-0689-LWW and can provide more detail when we meet and confer (as requested below).

Please also confirm you have interviewed all other EDR, TKO, and/or D&O custodians about whether they used Signal over the relevant time period (January 1, 2022 through March 12, 2024) and, if they did, whether they communicated with any other custodian and whether they communicated about any responsive subject matter. If any other EDR, TKO, or D&O custodians indicated potential Signal use, please provide those individuals' names immediately.

Finally, please determine whether each custodian has Signal chats (regardless of whether related to the subject matter in this case) that are *not* set to auto-delete and, if so, describe to us the participants in those Signal chats and the general nature/subject matter of those chats.

Hold Notices / Preservation Obligations

Please provide the requested information for each litigation hold or document retention notice produced to date or otherwise referenced in produced documents or discovery responses:

1. **6/21/2022** (WWE00058294)
    1. Please produce any/all written acknowledgments of this notice other than Blum's and Levesque's acknowledgments, which have been produced.
2. **1/19/2023** (WWEM-SML-0001390)
    1. Please explain why this was not produced from any D&O, EDR, or TKO custodian.
    2. Please produce any/all written acknowledgments of this notice.
3. **5/23/2023** (WWE00068882)
    1. Please produce any/all written acknowledgments of this notice.
4. **July/August 2023** (referenced in WWE00069324)
    1. Please explain whether a notice was actually disseminated in this timeframe.
    2. If yes, please explain what trigger event the notice relates to, why it has not been produced and, if in any custodian's possession/custody/control, produce it immediately.
5. **12/12/2023** (Litigation hold referenced in McMahon Interrogatory Response 55)
    1. Please produce the litigation hold document to the extent it is in the possession, custody, or control of any D&O, EDR, or TKO custodian.
    2. Please produce any written acknowledgments.
6. **6/5/2024** (WWE00068888)
    1. Please explain why this notice was not sent until June 2024, over six months after the operative complaint in this case was filed.
    2. Please produce any written acknowledgments.

Please also answer the following questions:
- Is there a separate preservation notice relating to the Investigations from mid-2022 (i.e., separate from WWE00058294)?

8

THIS DOCUMENT IS A CONFIDENTIAL FILING. ACCESS IS PROHIBITED EXCEPT AS AUTHORIZED BY RULE 5.1 OR BY COURT ORDER.

- Do any other litigation holds or preservation notices exist in any D&O, EDR, or TKO custodian's possession, custody, or control from between January 1, 2022 and March 12, 2024 relating to any of the subject matter in this case?
- Did "the WWE Business & Legal Affairs Department" ever send a "written notification" ending the preservation obligations under any one or more notices? (*See, e.g.*, WWE00058295 at 3; WWEM-SML-0001392 at 4).
- Did any of Blum, Emanuel, Khan, McMahon, or McMahon Levesque (or any other custodian) ever contact WWE's, EDR's, or TKO's legal department for assistance with disabling auto-delete functions (as instructed in the notices)?

Please respond as promptly as possible given the importance of these issues, and please let us know when you are available to meet and confer on these issues as well.

Thanks,
Ben

**Ben Potts**
Senior Counsel
**BLB&G** Bernstein Litowitz Berger & Grossmann LLP
500 Delaware Avenue, Suite 901
Wilmington, DE 19801
Direct: (302) 364-3612
Mobile: (610) 608-8599
Benjamin.Potts@blbglaw.com

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com.

THIS DOCUMENT IS A CONFIDENTIAL FILING. ACCESS IS PROHIBITED EXCEPT AS AUTHORIZED BY RULE 5.1 OR BY COURT ORDER.