# EXHIBIT 44

[Exhibit 41 to Transmittal Affidavit of James Janison in Support of Plaintiffs' Motion to Compel Information Regarding Document Deletion and Potential Spoliation]

Filed Publicly on Dec. 23, 2025 in:
*In re World  Wrestling Entertainment Inc. Merger Litig.,*
In the Court of Chancery of the State of Delaware,
C.A. No. 2023-1166-JTL

| | |
|---|---|
| **From:** | Xu, Madeleine <madeleine.xu@kirkland.com> |
| **Sent:** | Wednesday, November 19, 2025 12:07 PM |
| **To:** | Lindsay Faccenda; Edward Timlin |
| **Cc:** | Pittenger, Michael A.; Brad Davey; Nicholas D. Mozal; Eric J. Nascone; Goldstein, Sandra C.; Atkinson, Stefan; Stern, Haley S.; Burcher-DuPont, Aulden; Hanley, Brandon; Pineau, Nick; Schulman, Sabrina; Ben Potts; James Janison; kim@blockleviton.com; Irene Lax; Nathan Abelman |
| **Subject:** | Re: In re World Wrestling Entertainment, Inc. Merger Litig. - C.A. No. 2023-1166-JTL-McMahon Production Issue |

**[This message is from an external sender]**



Lindsay,

With respect to Signal chat information and retention settings, we will incorporate the information from our prior email into our supplemental responses for Interrogatories 51 and 56. We will also include information regarding when the Signal chats were created.

We will revert on the remainder of your message.

Best,

Mandy

Madeleine Xu

KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
T +1 212 390 4132  M +1 928 607 2887
F +1 212 446 4900

madeleine.xu@kirkland.com

-

**From:** Lindsay Faccenda <Lindsay@blockleviton.com>
**Sent:** Tuesday, November 18, 2025 8:23 PM
**To:** Xu, Madeleine <madeleine.xu@kirkland.com>; Edward Timlin <Edward.Timlin@blbglaw.com>
**Cc:** Pittenger, Michael A. <mpittenger@potteranderson.com>; Brad Davey <bdavey@potteranderson.com>; Nicholas D. Mozal <nmozal@potteranderson.com>; Eric J. Nascone <enascone@potteranderson.com>; Goldstein, Sandra C. <sandra.goldstein@kirkland.com>; Atkinson, Stefan <stefan.atkinson@kirkland.com>; Stern, Haley S. <haley.stern@kirkland.com>; Burcher-DuPont, Aulden <aulden.burcher-dupont@kirkland.com>; Hanley, Brandon <brandon.hanley@kirkland.com>; Pineau, Nick <nick.pineau@kirkland.com>; Schulman, Sabrina <sabrina.schulman@kirkland.com>; Ben Potts <Benjamin.Potts@blbglaw.com>; James Janison <James.Janison@blbglaw.com>; Kimberly A. Evans

THIS DOCUMENT IS A CONFIDENTIAL FILING. ACCESS IS PROHIBITED EXCEPT AS AUTHORIZED BY RULE 5.1 OR BY COURT ORDER.

<kim@blockleviton.com>; Irene Lax <irene@blockleviton.com>; Nathan Abelman <nathan@blockleviton.com>
**Subject:** RE: In re World Wrestling Entertainment, Inc. Merger Litig. - C.A. No. 2023-1166-JTL- McMahon Production Issue

---

**This message is from an EXTERNAL SENDER**
Be cautious, particularly with links and attachments.

Mandy,

One quick follow-up: the chart you provided doesn't include information regarding when the Signal chats were created (such information would usually appear in a screenshot).  Can you please provide that (as part of the interrogatory responses would be fine)?

Thanks,

Lindsay

--
Lindsay Faccenda
**Block & Leviton LLP**
302-499-3600

This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

---

**From:** Lindsay Faccenda <Lindsay@blockleviton.com>
**Sent:** Tuesday, November 18, 2025 6:13 PM
**To:** Xu, Madeleine <madeleine.xu@kirkland.com>; Edward Timlin <Edward.Timlin@blbglaw.com>
**Cc:** Pittenger, Michael A. <mpittenger@potteranderson.com>; Brad Davey <bdavey@potteranderson.com>; Nicholas D. Mozal <nmozal@potteranderson.com>; Eric J. Nascone <enascone@potteranderson.com>; Goldstein, Sandra C. <sandra.goldstein@kirkland.com>; Atkinson, Stefan <stefan.atkinson@kirkland.com>; Stern, Haley S. <haley.stern@kirkland.com>; Burcher-DuPont, Aulden <aulden.burcher-dupont@kirkland.com>; Hanley, Brandon <brandon.hanley@kirkland.com>; Pineau, Nick <nick.pineau@kirkland.com>; Schulman, Sabrina <sabrina.schulman@kirkland.com>; Ben Potts <Benjamin.Potts@blbglaw.com>; James Janison <James.Janison@blbglaw.com>; Kimberly A. Evans <Kim@blockleviton.com>; Irene Lax <irene@blockleviton.com>; Nathan Abelman <nathan@blockleviton.com>
**Subject:** RE: In re World Wrestling Entertainment, Inc. Merger Litig. - C.A. No. 2023-1166-JTL- McMahon Production Issue

Mandy,

Thanks for this information.  Can you please confirm that these details will be included in Mr. McMahon's sworn supplemental interrogatory responses (including to Interrogatories Nos. 51 and 56)?

THIS DOCUMENT IS A CONFIDENTIAL FILING. ACCESS IS PROHIBITED
EXCEPT AS AUTHORIZED BY RULE 5.1 OR BY COURT ORDER.

On a separate topic (but related to Mr. McMahon's interrogatory responses), can you please confirm that you will supplement Mr. McMahon's response to Interrogatory No. 46 to include the date on which Kirkland was retained relating to the Federal Investigations?

Finally, we must insist on a deletion analysis. Discovery to date has uncovered evidence that Mr. McMahon deleted an extremely large number of text messages, including **10,907 messages during the time period 1/1/2022 to 6/23/2022,** and we need to better understand the timing and circumstances of those deletions. As I noted previously, we are happy to confer regarding the splitting of costs and timing and will not insist that this be complete ahead of Mr. McMahon's deposition. Please confirm if you are willing to provide such analysis or if we are at an impasse.

Best,

Lindsay


--
Lindsay Faccenda
**Block & Leviton LLP**
302-499-3600

This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

**From:** Xu, Madeleine <madeleine.xu@kirkland.com>
**Sent:** Monday, November 17, 2025 12:22 PM
**To:** Lindsay Faccenda <Lindsay@blockleviton.com>; Edward Timlin <Edward.Timlin@blbglaw.com>
**Cc:** Pittenger, Michael A. <mpittenger@potteranderson.com>; Brad Davey <bdavey@potteranderson.com>; Nicholas D. Mozal <nmozal@potteranderson.com>; Eric J. Nascone <enascone@potteranderson.com>; Goldstein, Sandra C. <sandra.goldstein@kirkland.com>; Atkinson, Stefan <stefan.atkinson@kirkland.com>; Stern, Haley S. <haley.stern@kirkland.com>; Burcher-DuPont, Aulden <aulden.burcher-dupont@kirkland.com>; Hanley, Brandon <brandon.hanley@kirkland.com>; Pineau, Nick <nick.pineau@kirkland.com>; Schulman, Sabrina <sabrina.schulman@kirkland.com>; Ben Potts <Benjamin.Potts@blbglaw.com>; James Janison <James.Janison@blbglaw.com>; Kimberly A. Evans <Kim@blockleviton.com>; Irene Lax <irene@blockleviton.com>; Nathan Abelman <nathan@blockleviton.com>
**Subject:** RE: In re World Wrestling Entertainment, Inc. Merger Litig. - C.A. No. 2023-1166-JTL- McMahon Production Issue


[EXTERNAL]

Lindsay,

We are responding here to your request for Signal Chat information and a deletion analysis, understanding that we responded substantively to your interrogatories requests on Sunday (11/9), and that you will reach out to WWE regarding the hold notices.

THIS DOCUMENT IS A CONFIDENTIAL FILING. ACCESS IS PROHIBITED EXCEPT AS AUTHORIZED BY RULE 5.1 OR BY COURT ORDER.

We have been immensely transparent about our efforts to process, collect, review, and produce all mobile device data, including all available Signal data. We informed you of the imminent return of the device containing newly-available Signal data for Mr. McMahon on September 29 and received the device from the federal government on October 1, 2025. After collecting and processing all available data, we agreed to linearly review and produce *all* responsive Signal chat communications available on this device on October 27, 2025. We produced these communications to you on October 31, 2025—*a mere five days later.* That production contains much of the retention information that Plaintiffs are now requesting. *See, e.g.,* VKM-Merger00019636 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮ VKM-Merger00019632 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ VKM-
Merger00019558 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ VKM-
Merger00019557, VKM-Merger00019632, VKM-Merger00019636 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

The full forensic capture of Mr. McMahon's device inherently details each communication's retention setting. Per your request, relevant retention information for *all* of Mr. McMahon's Signal chats are summarized in the table below. Our data vendor has also confirmed that there is no reference to "Stunner" in any Signal document collected from Mr. McMahon, including but not limited to any chat or conversation with "Stunner" in its title.



| Signal Chat Name | Participants | | Available Metadata Reflecting Chang to Signal Retention Setting (Chat/Conversat |
|---|---|---|---|
| Ari Emanuel | ARI EMANUEL ▮▮▮▮ ; Vince ▮▮▮▮ | | |
| Ari Emanuel | ARI EMANUEL ▮▮▮▮ ; Vince ▮▮▮▮ | | |
| Brad Blum | Brad Blum ▮▮▮ ; Vince ▮▮▮ | | |
| Brock Lesnar | Brock Lesnar ▮▮ ; Vince ▮▮ | | No Retention Setting |
| Brock Lesnar | Brock Lesnar ▮▮ ; Vince | | No Retention Setting |
| Bruce Prichard | Bruce Prichard ▮▮▮ ; Vince | | January 13, 2023 - Vince McMahon - Messages in t disappear after 1 day. |
| CP | CP ▮▮▮ Vince ▮▮▮ | | No Retention Setting |
| HE Turki Al-Sheikh | HE Turki Al-Sheikh ▮▮▮ Vince | | No Retention Setting |
| John Gaburick | John Gaburick ▮▮▮ Vince | | January 13, 2023 - Vince McMahon - Messages in t disappear after 1 day. |
| Kevin Dunn | Kevin Dunn ▮▮▮ ; Vince ▮▮ | | January 13, 2023 - Vince McMahon - Messages in t disappear after 1 day. |
| M M | M M ▮▮▮ ; Vince ▮▮▮ | | January 13, 2023 - Vince McMahon - Messages in t disappear after 1 day.<br><br>February 14, 2023 - Vince McMahon - Messages in disappear after 1 hour. |

THIS DOCUMENT IS A CONFIDENTIAL FILING. ACCESS IS PROHIBITED
EXCEPT AS AUTHORIZED BY RULE 5.1 OR BY COURT ORDER.



Given that the above information is accessible from the forensic collection of Mr. McMahon's devices, we decline to engage in the duplicative process of re-obtaining Mr. McMahon's mobile device—for what would be the *ninth collection or image* of his mobile device or tablet data—to manually screenshot the information already provided to you here. In lieu of manual screenshots, as you suggest, our vendor has used state-of-the-art forensic technology to collect, image, and validate all relevant and available information—including Signal retention settings—from Mr. McMahon's device at the time of such data collection. That Plaintiffs may have engaged in a different collection process in a separate litigation does not justify its request.

Further, we disagree that any deletion analysis is necessary. Given the complexity of the data collected for this matter, a second deletion analysis to supplement the already-provided analysis from Mr. McMahon's other counsel would require at least two and a half weeks (not accounting for any holiday disruption). In light of the analysis provided above, the undertaking of another deletion analysis exercise would serve only to frustrate the parties' ability to promptly conclude depositions and fact discovery in this matter.

THIS DOCUMENT IS A CONFIDENTIAL FILING. ACCESS IS PROHIBITED
EXCEPT AS AUTHORIZED BY RULE 5.1 OR BY COURT ORDER.

We remain willing to meet and confer.

Best,

Mandy

Madeleine Xu

KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
T +1 212 390 4132  M +1 928 607 2887
F +1 212 446 4900

madeleine.xu@kirkland.com

-

---

**From:** Lindsay Faccenda <Lindsay@blockleviton.com>
**Sent:** Thursday, November 6, 2025 11:57 AM
**To:** Xu, Madeleine <madeleine.xu@kirkland.com>; Edward Timlin <Edward.Timlin@blbglaw.com>
**Cc:** Pittenger, Michael A. <mpittenger@potteranderson.com>; Brad Davey <bdavey@potteranderson.com>; Nicholas D. Mozal <nmozal@potteranderson.com>; Eric J. Nascone <enascone@potteranderson.com>; Goldstein, Sandra C. <sandra.goldstein@kirkland.com>; Atkinson, Stefan <stefan.atkinson@kirkland.com>; Stern, Haley S. <haley.stern@kirkland.com>; Burcher-DuPont, Aulden <aulden.burcher-dupont@kirkland.com>; Hanley, Brandon <brandon.hanley@kirkland.com>; Pineau, Nick <nick.pineau@kirkland.com>; Schulman, Sabrina <sabrina.schulman@kirkland.com>; Ben Potts <Benjamin.Potts@blbglaw.com>; James Janison <James.Janison@blbglaw.com>; Kimberly A. Evans <Kim@blockleviton.com>; Irene Lax <irene@blockleviton.com>; Nathan Abelman <nathan@blockleviton.com>
**Subject:** RE: In re World Wrestling Entertainment, Inc. Merger Litig. - C.A. No. 2023-1166-JTL- McMahon Production Issue

Mandy,

Message threads Vince McMahon produced on October 31 confirm that he communicated using the Signal messaging application during the relevant time period with key EDR and WWE personnel, and that he manually turned on Signal's auto-delete function for at least one Signal chat (or Signal chat group) while under document preservation obligations. (*See* VKM-Merger00019557; VKM-Merger00019632; VKM-Merger00019636; VKM-Merger00019638; VKM-Merger00017327; VKM-Merger00018169; VKM-Merger00019305).

Given the above, we need at a minimum (i) more detail about what Signal chats exist or existed, including what records of those chats still reside on McMahon's Signal account and/or the device(s) on which he used Signal, and (ii) a full understanding of what preservation obligations McMahon was under at the times he used Signal in ways potentially relevant to this case.

Detail on Signal Chats' Existence & Deletion
Please obtain access to the Signal application on all of McMahon's devices currently in his possession/custody/control to which Signal is or ever has been downloaded. Please also conduct diligence into whether any other potentially relevant group chats, such as a "Stunner" chat or other code-named chat, existed. Then, please take screenshots of any Signal chat between McMahon and any Endeavor, TKO, or D&O custodian, along with any code-named group chats or other potentially relevant Signal chats. Make sure the screenshots capture as much of each Signal chat as is available, including when each chat was first created, any statement of when "disappearing messages" or other auto-deletion functions were set, and the temporal

THIS DOCUMENT IS A CONFIDENTIAL FILING. ACCESS IS PROHIBITED
EXCEPT AS AUTHORIZED BY RULE 5.1 OR BY COURT ORDER.

increment to which the automatic deletion function was set (e.g., "[Custodian] set disappearing message time to [__] hours"). Then, please produce the screenshots to us. We undertook a nearly identical process with counsel for certain defendants in *In re Santander Consumer USA Holdings Inc. Stockholders' Litigation*, Consol. C.A. No. 2022-0689-LWW and can provide more detail when we meet and confer (as requested below).

Finally, please determine whether McMahon has Signal chats (regardless of whether related to the subject matter in this case) that are *not* set to auto-delete and, if so, describe to us the participants in those Signal chats and the general nature/subject matter of those chats.

Hold Notices / Preservation Obligations
Please provide the requested information for each litigation hold or document retention notice produced to date or otherwise referenced in produced documents or discovery responses:
1. **6/21/2022** (WWE00058295)
    1. Please confirm whether McMahon ever provided written acknowledgment of this document and, if so, produce that written acknowledgment.
1. **1/19/2023** (WWEM-SML-0001390)
    1. Please explain why McMahon has not produced this document.
    1. Please confirm whether McMahon ever provided written acknowledgment of this document and, if so, produce that written acknowledgment.
1. **5/23/2023** (WWE00068884)
    1. Please confirm whether McMahon ever provided written acknowledgment of this document and, if so, produce that written acknowledgment.
1. **July/August 2023** (referenced in WWE00069324)
    1. Please explain whether a notice was actually disseminated in this timeframe.
    2. If yes, please explain what trigger event the notice relates to, why it has not been produced and, if in McMahon's possession/custody/control, produce it immediately.
1. **12/12/2023** (Litigation hold referenced in McMahon Interrogatory Response 55)
    1. Please produce the litigation hold document.
    2. Please produce any written acknowledgment from Mr. McMahon.

Please also answer the following questions:
1. Is there a separate preservation notice relating to the Investigations from mid-2022 (i.e., separate from WWE00058295)?
2. Do any other litigation holds or preservation notices exist in McMahon's possession, custody, or control from between January 1, 2022 and March 12, 2024 relating to any of the subject matter in this case?
3. Did "the WWE Business & Legal Affairs Department" ever send a "written notification" ending the preservation obligations under any one or more notices to McMahon? (*See, e.g.*, WWE00058295 at 3; WWEM-SML-0001392 at 4).
4. Did McMahon ever contact WWE's or TKO's legal department for assistance with disabling auto-delete functions (as instructed in the notices)?

Finally, we see from VKM-Merger00005320 and related documents that McMahon has a long history of deleting text messages. We also have found references to text messages that should have been, but were not, produced by McMahon from the relevant time period regarding responsive subject matter (*see* RG_WWE_00096952, WWEM-SML-0000052). Given these issues, it is necessary that a deletion analysis be performed on McMahon's devices in the same or substantially similar form as the version created by Palo Alto Networks, Inc. on July 7, 2022, produced at VKM-Merger00005320. We are happy to discuss splitting the costs of performing those deletion analyses and the timeline for that analysis to be conducted.

Please respond as promptly as possible given the importance of these issues, and please let us know when you are available to meet and confer on these issues as well.

THIS DOCUMENT IS A CONFIDENTIAL FILING. ACCESS IS PROHIBITED
EXCEPT AS AUTHORIZED BY RULE 5.1 OR BY COURT ORDER.

Thanks,

Lindsay

--

Lindsay Faccenda
**Block & Leviton LLP**
302-499-3600

This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

**From:** Xu, Madeleine <madeleine.xu@kirkland.com>
**Sent:** Friday, October 31, 2025 3:39 PM
**To:** Lindsay Faccenda <Lindsay@blockleviton.com>; Edward Timlin <Edward.Timlin@blbglaw.com>
**Cc:** Pittenger, Michael A. <mpittenger@potteranderson.com>; Brad Davey <bdavey@potteranderson.com>; Nicholas D. Mozal <nmozal@potteranderson.com>; Eric J. Nascone <enascone@potteranderson.com>; Goldstein, Sandra C. <sandra.goldstein@kirkland.com>; Atkinson, Stefan <stefan.atkinson@kirkland.com>; Stern, Haley S. <haley.stern@kirkland.com>; Burcher-DuPont, Aulden <aulden.burcher-dupont@kirkland.com>; Hanley, **Brandon** <brandon.hanley@kirkland.com>; Pineau, Nick <nick.pineau@kirkland.com>; Schulman, Sabrina <sabrina.schulman@kirkland.com>; Ben Potts <Benjamin.Potts@blbglaw.com>; James Janison <James.Janison@blbglaw.com>; Kimberly A. Evans <Kim@blockleviton.com>; Irene Lax <irene@blockleviton.com>; Nathan Abelman <nathan@blockleviton.com>
**Subject:** RE: In re World Wrestling Entertainment, Inc. Merger Litig. - C.A. No. 2023-1166-JTL- McMahon Production Issue

[EXTERNAL]

Lindsay,

Our production is going out today.  As a Halloween treat, it also includes the messaging data (including Signal) we originally projected for next week.

Thank you for confirming November 24 for Mr. McMahon's deposition.  We will revert on your Wednesday email next week.

Best,

Mandy

Madeleine Xu

KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
T +1 212 390 4132  M +1 928 607 2887
F +1 212 446 4900

madeleine.xu@kirkland.com

THIS DOCUMENT IS A CONFIDENTIAL FILING. ACCESS IS PROHIBITED EXCEPT AS AUTHORIZED BY RULE 5.1 OR BY COURT ORDER.

-

**From:** Lindsay Faccenda <Lindsay@blockleviton.com>
**Sent:** Friday, October 31, 2025 3:27 PM
**To:** Xu, Madeleine <madeleine.xu@kirkland.com>; Edward Timlin <Edward.Timlin@blbglaw.com>
**Cc:** Pittenger, Michael A. <mpittenger@potteranderson.com>; Brad Davey <bdavey@potteranderson.com>; Nicholas D. Mozal <nmozal@potteranderson.com>; Eric J. Nascone <enascone@potteranderson.com>; Goldstein, Sandra C. <sandra.goldstein@kirkland.com>; Atkinson, Stefan <stefan.atkinson@kirkland.com>; Stern, Haley S. <haley.stern@kirkland.com>; Burcher-DuPont, Aulden <aulden.burcher-dupont@kirkland.com>; Hanley, Brandon <brandon.hanley@kirkland.com>; Pineau, Nick <nick.pineau@kirkland.com>; Schulman, Sabrina <sabrina.schulman@kirkland.com>; Ben Potts <Benjamin.Potts@blbglaw.com>; James Janison <James.Janison@blbglaw.com>; Kimberly A. Evans <Kim@blockleviton.com>; Irene Lax <irene@blockleviton.com>; Nathan Abelman <nathan@blockleviton.com>
**Subject:** RE: In re World Wrestling Entertainment, Inc. Merger Litig. - C.A. No. 2023-1166-JTL- McMahon Production Issue

Mandy,

We appreciate your agreement to produce the Special Committee productions and phone data. Your email from Monday indicated that the Special Committee Production and Deletion Analysis will be produced "this week"- can we expect that production today?

We also hope that we can come to prompt resolution regarding the remaining outstanding issues pertaining to Mr. McMahon's written discovery, as set forth in my October 29 email.

In the spirit of moving forward in good faith, we will agree to release the November 12 date and re-notice Mr. McMahon's deposition for November 24. Plaintiffs reserve all rights.

Best,

Lindsay


--
Lindsay Faccenda
**Block & Leviton LLP**
302-499-3600


This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

**From:** Lindsay Faccenda <Lindsay@blockleviton.com>
**Sent:** Wednesday, October 29, 2025 3:12 PM
**To:** Xu, Madeleine <madeleine.xu@kirkland.com>; Edward Timlin <Edward.Timlin@blbglaw.com>
**Cc:** Pittenger, Michael A. <mpittenger@potteranderson.com>; Brad Davey <bdavey@potteranderson.com>; Nicholas D. Mozal <nmozal@potteranderson.com>; Eric J. Nascone <enascone@potteranderson.com>; Goldstein, Sandra C. <sandra.goldstein@kirkland.com>; Atkinson, Stefan <stefan.atkinson@kirkland.com>; Stern, Haley S.

THIS DOCUMENT IS A CONFIDENTIAL FILING. ACCESS IS PROHIBITED
EXCEPT AS AUTHORIZED BY RULE 5.1 OR BY COURT ORDER.

<haley.stern@kirkland.com>; **Burcher-DuPont, Aulden** <aulden.burcher-dupont@kirkland.com>; **Hanley, Brandon**
<brandon.hanley@kirkland.com>; Pineau, Nick <nick.pineau@kirkland.com>; Schulman, Sabrina
<sabrina.schulman@kirkland.com>; Ben Potts <Benjamin.Potts@blbglaw.com>; James Janison
<James.Janison@blbglaw.com>; Kimberly A. Evans <Kim@blockleviton.com>; Irene Lax <irene@blockleviton.com>;
Nathan Abelman <nathan@blockleviton.com>
**Subject:** RE: In re World Wrestling Entertainment, Inc. Merger Litig. - C.A. No. 2023-1166-JTL- McMahon Production
Issue

Mandy,

Thanks for your response, but it doesn't provide comfort that we've received straight answers about what Mr.
McMahon knew about the state of the government investigations when he struck a deal with a buyer who had
promised to help him with those investigations. You "disagree with the speculative statement that Mr. McMahon
'likely' had some awareness of what was coming from the DOJ before any formal papers were sent or received,"
but your client refused to answer Interrogatories 125-30 and 133-37. If it is your position that there was no such
contact, we require that to be stated in sworn interrogatory responses. For purposes of this compromise, the
back-end cutoff date can be July 17, 2023.

McMahon's responses to the most recent interrogatories are deficient in other respects. For example, Mr.
McMahon has narrowed the definition of "payments" to those made "in connection with the $14.6 million"
referenced in the December 31, 2022 Form 10-K. It is unclear whether Mr. McMahon's specific responses include
those payments to women that were revealed in discovery that were not part of the $14.6 million figure. Please
confirm.

In addition, Mr. McMahon's descriptions of the nature of the referenced agreements are too vague and provide no
information regarding what led to the execution of the NDAs. For example, Mr. McMahon's responses to
Interrogatories Nos. 81, 88, 102, and 103 do not explain the nature of the agreement, or merely reference
"disputes" or "termination," but don't explain what kind of disputes they were or the circumstances of the
termination that would give rise to an NDA. Please supplement these responses to include more detail.

Mr. McMahon also failed to respond to Interrogatory Nos. 120 through 122. Responses to these interrogatories are
necessary to understand whether (and the extent to which) Mr. McMahon's loans were tied to WWE's stock price,
or were indemnified in some way by Endeavor, both of which would speak to Mr. McMahon's conflicts of
interest. Please provide responses to these interrogatories.

Furthermore, given the information learned in document discovery and deposition discovery to date (and
consistent with the Court's ruling on Plaintiff's Motion to Compel), we expect that Mr. McMahon will promptly
supplement his responses to Plaintiff's First Set of Interrogatories, including (but not limited to) Interrogatories
Nos. 37-39, 40, 50, 51, 55, and 56. Please also promptly supplement, with specific bates numbers, all
Interrogatory Responses referencing Rule 33(d).

Finally, Mr. McMahon's response to Interrogatory No. 55 references a December 12, 2023 litigation hold, but we
have not been able to locate that document in Mr. McMahon's production. Can you please produce it promptly?

Best,

Lindsay

THIS DOCUMENT IS A CONFIDENTIAL FILING. ACCESS IS PROHIBITED
EXCEPT AS AUTHORIZED BY RULE 5.1 OR BY COURT ORDER.

Lindsay Faccenda
**Block & Leviton LLP**
222 Delaware Avenue, Suite 1120
Wilmington, Delaware 19801
302-499-3600
Lindsay@blockleviton.com | https://www.BlockLeviton.com

This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

**From:** Xu, Madeleine <madeleine.xu@kirkland.com>
**Sent:** Tuesday, October 28, 2025 12:41 PM
**To:** Lindsay Faccenda <Lindsay@blockleviton.com>; Edward Timlin <Edward.Timlin@blbglaw.com>
**Cc:** Pittenger, Michael A. <mpittenger@potteranderson.com>; Brad Davey <bdavey@potteranderson.com>; Nicholas D. Mozal <nmozal@potteranderson.com>; Eric J. Nascone <enascone@potteranderson.com>; Goldstein, Sandra C. <sandra.goldstein@kirkland.com>; Atkinson, Stefan <stefan.atkinson@kirkland.com>; Stern, Haley S. <haley.stern@kirkland.com>; Burcher-DuPont, Aulden <aulden.burcher-dupont@kirkland.com>; Hanley, Brandon <brandon.hanley@kirkland.com>; Pineau, Nick <nick.pineau@kirkland.com>; Schulman, Sabrina <sabrina.schulman@kirkland.com>; Ben Potts <Benjamin.Potts@blbglaw.com>; James Janison <James.Janison@blbglaw.com>; Kimberly A. Evans <Kim@blockleviton.com>; Irene Lax <irene@blockleviton.com>; Nathan Abelman <nathan@blockleviton.com>
**Subject:** RE: In re World Wrestling Entertainment, Inc. Merger Litig. - C.A. No. 2023-1166-JTL- McMahon Production Issue

[EXTERNAL]

Lindsay,

We disagree with the speculative statement that Mr. McMahon "likely" had some awareness of what was coming from the DOJ before any formal papers were sent or received, and we continue to disagree with the relevance of this material writ large. Nevertheless, with respect to your factual inquiry, federal law enforcement agents executed a search warrant and served a federal grand jury subpoena on Mr. McMahon on July 17, 2023. This information was disclosed in WWE's August 2023 10-Q. Mr. McMahon and his counsel had not received any subpoenas, warrants, target letters, or other formal notices from the DOJ or SEC in connection with that investigation before that time.

Further, the SEC issued a subpoena to Mr. McMahon on December 6, 2023, as evidenced by VKM-Merger00004537.

Best,

Mandy

Madeleine Xu

KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
T +1 212 390 4132  M +1 928 607 2887
F +1 212 446 4900

madeleine.xu@kirkland.com

THIS DOCUMENT IS A CONFIDENTIAL FILING. ACCESS IS PROHIBITED EXCEPT AS AUTHORIZED BY RULE 5.1 OR BY COURT ORDER.

**From:** Lindsay Faccenda <Lindsay@blockleviton.com>
**Sent:** Monday, October 27, 2025 7:53 PM
**To:** Xu, Madeleine <madeleine.xu@kirkland.com>; Edward Timlin <Edward.Timlin@blbglaw.com>
**Cc:** Pittenger, Michael A. <mpittenger@potteranderson.com>; Brad Davey <bdavey@potteranderson.com>; Nicholas D. Mozal <nmozal@potteranderson.com>; Eric J. Nascone <enascone@potteranderson.com>; Goldstein, Sandra C. <sandra.goldstein@kirkland.com>; Atkinson, Stefan <stefan.atkinson@kirkland.com>; Stern, Haley S. <haley.stern@kirkland.com>; Burcher-DuPont, Aulden <aulden.burcher-dupont@kirkland.com>; Pineau, Nick <nick.pineau@kirkland.com>; Schulman, Sabrina <sabrina.schulman@kirkland.com>; Ben Potts <Benjamin.Potts@blbglaw.com>; James Janison <James.Janison@blbglaw.com>; Kimberly A. Evans <Kim@blockleviton.com>; Irene Lax <irene@blockleviton.com>; Nathan Abelman <nathan@blockleviton.com>
**Subject:** RE: In re World Wrestling Entertainment, Inc. Merger Litig. - C.A. No. 2023-1166-JTL- McMahon Production Issue

Mandy,

Thanks.  With respect to the DOJ/SEC communications, our concern is that we are simply operating in the dark and don't know when government inquiries were made or received.  Without this information, we can't assess whether (and when) Mr. McMahon may have gotten wind of potential issues with the government, and how that may have influenced his decisionmaking vis-à-vis the Merger.  Indeed, we know from the Company's document productions and deposition testimony that DOJ and SEC investigations were active in the second half of 2022 and into 2023, and the Board was focused on pending active investigations in its late December 2022 correspondence with Mr. McMahon, but the scope of those DOJ/SEC investigations at the time is unclear.  To the extent the number or scope of investigations expanded after signing, it is likely that Mr. McMahon had some awareness of what was coming from the DOJ before any formal papers were sent/received.  Thus, even if McMahon did not formally receive formal notices from the DOJ or SEC until after the signing of the Merger, to the extent he heard any information or rumors before that time, that would be relevant—as would the post-signing notices themselves.

To that end, and so that we can hopefully come to resolution on this issue, could you please provide us with the date(s) on which Mr. McMahon (and/or his counsel) received subpoenas, warrants, target letters, or other formal notices from the DOJ or SEC for any Investigation?

We remain available to meet and confer.

Best,

Lindsay

--
Lindsay Faccenda
Block & Leviton LLP
302-499-3600

This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

THIS DOCUMENT IS A CONFIDENTIAL FILING. ACCESS IS PROHIBITED
EXCEPT AS AUTHORIZED BY RULE 5.1 OR BY COURT ORDER.

**From:** Xu, Madeleine <madeleine.xu@kirkland.com>
**Sent:** Monday, October 27, 2025 11:44 AM
**To:** Lindsay Faccenda <Lindsay@blockleviton.com>; Edward Timlin <Edward.Timlin@blbglaw.com>
**Cc:** Pittenger, Michael A. <mpittenger@potteranderson.com>; Brad Davey <bdavey@potteranderson.com>; Nicholas D. Mozal <nmozal@potteranderson.com>; Eric J. Nascone <enascone@potteranderson.com>; Goldstein, Sandra C. <sandra.goldstein@kirkland.com>; Atkinson, Stefan <stefan.atkinson@kirkland.com>; Stern, Haley S. <haley.stern@kirkland.com>; Burcher-DuPont, Aulden <aulden.burcher-dupont@kirkland.com>; Pineau, Nick <nick.pineau@kirkland.com>; Schulman, Sabrina <sabrina.schulman@kirkland.com>; Ben Potts <Benjamin.Potts@blbglaw.com>; James Janison <James.Janison@blbglaw.com>; Kimberly A. Evans <Kim@blockleviton.com>; Irene Lax <irene@blockleviton.com>; Nathan Abelman <nathan@blockleviton.com>
**Subject:** RE: In re World Wrestling Entertainment, Inc. Merger Litig. - C.A. No. 2023-1166-JTL- McMahon Production Issue

[EXTERNAL]

Lindsay,

Thank you for your message.

1. We will linearly review and produce responsive, non-privileged Signal data from January 1, 2022 - March 12, 2024 from the devices returned from the government. Given the low volume, we will also review and produce responsive, non-privileged data from the 12 unique iMessages and WhatsApp documents.
2. The SEC's subpoena has already been produced by Mr. McMahon at VKM-Merger00004537 because it fell within his personal custodial documents, within the responsive time period, and hit on search terms. There are no additional subpoenas, warrants, target letters, or other formal notices or document requests directed to or received by Mr. McMahon prior to the signing of the Merger. Again, we will not produce any post-signing communications between counsel and the government because there is no way that counsel's communications with the DOJ or SEC *after* the Merger was signed could have influenced Mr. McMahon's motivations for entering the Sale Process, approving the Merger, or his "risk assessment" in connection with the same.

You can expect the production of the 2022 Special Committee Production and Deletion Analysis this week, and production of all remaining agreed-upon messaging data (including Signal data) by next week.

Best,

Mandy

Madeleine Xu

KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
T +1 212 390 4132  M +1 928 607 2887
F +1 212 446 4900

madeleine.xu@kirkland.com

-

**From:** Lindsay Faccenda <Lindsay@blockleviton.com>
**Sent:** Friday, October 24, 2025 6:27 PM
**To:** Xu, Madeleine <madeleine.xu@kirkland.com>; Edward Timlin <Edward.Timlin@blbglaw.com>
**Cc:** Pittenger, Michael A. <mpittenger@potteranderson.com>; Brad Davey <bdavey@potteranderson.com>; Nicholas D.

THIS DOCUMENT IS A CONFIDENTIAL FILING. ACCESS IS PROHIBITED
EXCEPT AS AUTHORIZED BY RULE 5.1 OR BY COURT ORDER.

Mozal <nmozal@potteranderson.com>; Eric J. Nascone <enascone@potteranderson.com>; **Goldstein, Sandra C.**
<sandra.goldstein@kirkland.com>; Atkinson, Stefan <stefan.atkinson@kirkland.com>; Stern, Haley S.
<haley.stern@kirkland.com>; Burcher-DuPont, Aulden <aulden.burcher-dupont@kirkland.com>; Pineau, Nick
<nick.pineau@kirkland.com>; Schulman, Sabrina <sabrina.schulman@kirkland.com>; Ben Potts
<Benjamin.Potts@blbglaw.com>; James Janison <James.Janison@blbglaw.com>; Kimberly A. Evans
<Kim@blockleviton.com>; Irene Lax <irene@blockleviton.com>; Nathan Abelman <nathan@blockleviton.com>
**Subject:** RE: In re World Wrestling Entertainment, Inc. Merger Litig. - C.A. No. 2023-1166-JTL- McMahon Production
Issue

Mandy,

Thank you for your email. We agree with your proposal, with two modifications:

1. Given the recent admissions regarding Signal use, and the limited volume thereof, we request that counsel
   conduct a linear review of Mr. McMahon's Signal messages for responsive, nonprivileged documents over
   the period January 1, 2022 through March 12, 2024.

2. Based on your representations, we will limit our request regarding DOJ and SEC documents to any
   subpoenas, warrants, target letters, or other formal notices or document requests directed to or received
   by Mr. McMahon.

Please let us know if we are in agreement and please provide updates regarding when we can anticipate additional
productions of documents. We reserve all rights, and remain available to meet and confer.

Best,

Lindsay


--
Lindsay Faccenda
**Block & Leviton LLP**
302-499-3600


This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

**From:** Xu, Madeleine <madeleine.xu@kirkland.com>
**Sent:** Thursday, October 23, 2025 3:40 PM
**To:** Lindsay Faccenda <Lindsay@blockleviton.com>; Edward Timlin <Edward.Timlin@blbglaw.com>
**Cc:** Pittenger, Michael A. <mpittenger@potteranderson.com>; Brad Davey <bdavey@potteranderson.com>; **Nicholas D.**
Mozal <nmozal@potteranderson.com>; Eric J. Nascone <enascone@potteranderson.com>; Goldstein, Sandra C.
<sandra.goldstein@kirkland.com>; Atkinson, Stefan <stefan.atkinson@kirkland.com>; Stern, Haley S.
<haley.stern@kirkland.com>; Burcher-DuPont, Aulden <aulden.burcher-dupont@kirkland.com>; Pineau, **Nick**
<nick.pineau@kirkland.com>; Schulman, Sabrina <sabrina.schulman@kirkland.com>; Ben Potts
<Benjamin.Potts@blbglaw.com>; James Janison <James.Janison@blbglaw.com>; Kimberly A. **Evans**
<Kim@blockleviton.com>; Irene Lax <irene@blockleviton.com>; **Nathan Abelman** <nathan@blockleviton.com>

THIS DOCUMENT IS A CONFIDENTIAL FILING. ACCESS IS PROHIBITED
EXCEPT AS AUTHORIZED BY RULE 5.1 OR BY COURT ORDER.

**Subject:** RE: In re World Wrestling Entertainment, Inc. Merger Litig. - C.A. No. 2023-1166-JTL- McMahon Production Issue

[EXTERNAL]

Lindsay—

As an initial matter, we dispute your repeated insistence that Kirkland has "misrepresented" any relevant discovery materials over the last twelve months of document discovery. We have at all times engaged with Plaintiffs based on the information available to us and endeavored to keep our discovery materials up-to-date, as evidenced by our proactive outreach to Plaintiffs about the FBI's imminent return of seized devices and our prompt supplementation of our RFA responses once data from those devices became available. We find your continued accusations of intentional misrepresentation aggressive and, frankly, in bad faith. Please take down the temperature.

**I.       Device Data, Special Committee Production, and Deletion Analysis.**

As noted in our meet and confer on Monday, we are providing further information about the "delta" between the data on the new images and the data that already existed in our collections.

*First*, the government returned two previously seized personal devices from Mr. McMahon. Our data analytics vendor completed the processing and de-duplication of these device images by comparing the two device images against all previously collected data from this matter. One device, an iPad Pro, contained no unique messaging data, as all messaging data was duplicative of prior collections. The second device, Mr. McMahon's iPhone, contained (i) 223 unique Signal messages; and (ii) 12 unique iMessages and WhatsApp documents. No application-level deletion or retention settings were configured for the Signal application at the time of our forensic collection.

*Second*, Hueston Hennigan provided us with three device images collected at the direction of that firm on or about June 23, 2022. As with the seized devices, our data analytics vendor completed the processing and de-duplication of these device images. Signal data is not present on any of the Hueston Hennigan device images. Cumulatively, the three devices contained 2,978 unique messaging documents from WhatsApp and iMessages from the period of January 1, 2022 to the date of collection (on or about June 23, 2022). Our vendor was not able to de-duplicate these unique messaging documents against the Special Committee production also received from Hueston Hennigan.

Given the timing of the Hueston Hennigan collection, which occurred well before Mr. McMahon returned to WWE and well before the Merger, we find it highly unlikely that the additional data is relevant to this matter. We also note that any responsive data contained on the Hueston Hennigan images would also likely have been produced to the Special Committee and so included in that production.

To avoid duplication and unnecessary cost, Kirkland proposes the following path forward:

i.        We will review and produce the additional data from the devices returned from the government subject to the March 21 protocol, with a responsive period of January 1, 2022 - March 12, 2024. If Plaintiffs' sole objection to using the March 21 protocol was that it didn't reflect our later agreement to extend the responsive time period forward to January 1, 2022, you could have raised that on our meet and confer. We will of course abide by our prior agreements on the scope of review and production.

ii.       We will produce the documents previously produced by our client to the Special Committee in 2022 without incremental review.

iii.      We will produce the four report documents referred to as the "deletion analysis" in HH_0000036. Regarding this deletion analysis, Kirkland has been provided with the final – and as we understand it, the only – version of this analysis, which is marked as a "draft" on the face of the document.

**II.      DOJ and SEC Productions and Communications.**

THIS DOCUMENT IS A CONFIDENTIAL FILING. ACCESS IS PROHIBITED
EXCEPT AS AUTHORIZED BY RULE 5.1 OR BY COURT ORDER.

There are no in-bound or out-bound communications with the DOJ or SEC from Mr. McMahon's attorneys prior to the signing of the Merger. We will not produce any post-signing communications with the government. During our meet and confer, the only explanation you offered for the relevance of these materials was that they might be relevant to our client's "risk assessment" in connection with Merger. While we dispute even that point, there is no way that counsel's communications with the DOJ or SEC *after* the Merger was signed could have influenced Mr. McMahon's motivations for entering the Sale Process, approving the Merger, or his "risk assessment" in connection with the same. This is in addition to our other objections to the production of this information, which we have discussed at length.

### III.    Mr. McMahon's Deposition.

Ed reached out separately regarding alternative dates for Mr. McMahon in the later part of November, and we confirmed with him that Mr. McMahon will sit for his deposition on November 24. We have taken November 12 off the calendar. If wires are crossed on your end, we leave that to you to resolve.

We are happy to meet and confer regarding any of the above.

Best,

Mandy

Madeleine Xu

KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
T +1 212 390 4132  M +1 928 607 2887
F +1 212 446 4900

madeleine.xu@kirkland.com

---

**From:** Lindsay Faccenda <Lindsay@blockleviton.com>
**Sent:** Wednesday, October 22, 2025 5:49 PM
**To:** Xu, Madeleine <madeleine.xu@kirkland.com>; Edward Timlin <Edward.Timlin@blbglaw.com>
**Cc:** Pittenger, Michael A. <mpittenger@potteranderson.com>; Brad Davey <bdavey@potteranderson.com>; Nicholas D. Mozal <nmozal@potteranderson.com>; Eric J. Nascone <enascone@potteranderson.com>; Goldstein, Sandra C. <sandra.goldstein@kirkland.com>; Atkinson, Stefan <stefan.atkinson@kirkland.com>; Stern, Haley S. <haley.stern@kirkland.com>; Burcher-DuPont, Aulden <aulden.burcher-dupont@kirkland.com>; Pineau, Nick <nick.pineau@kirkland.com>; Schulman, Sabrina <sabrina.schulman@kirkland.com>; Ben Potts <Benjamin.Potts@blbglaw.com>; James Janison <James.Janison@blbglaw.com>; Kimberly A. Evans <Kim@blockleviton.com>; Irene Lax <irene@blockleviton.com>; Nathan Abelman <nathan@blockleviton.com>
**Subject:** RE: In re World Wrestling Entertainment, Inc. Merger Litig. - C.A. No. 2023-1166-JTL- McMahon Production Issue

Counsel,

Thank you for the call this past Monday. I write to summarize our discussion and the current state of play as I understand it with respect the open discovery issues.

1.  **McMahon Additional Device Data:** Based on our call, I understand that Kirkland has obtained: (a) the physical cell phone previously seized by the federal government, which was returned to Mr. McMahon on or about October 1, 2025 (the "Seized Phone"), and (b) the images of three of McMahon's personal devices

16

THIS DOCUMENT IS A CONFIDENTIAL FILING. ACCESS IS PROHIBITED
EXCEPT AS AUTHORIZED BY RULE 5.1 OR BY COURT ORDER.

(two iPhones and an iPad) collected by Hueston Hennigan in June 2022 (the "Hueston Images" and with the Seized Phone, the "Additional Device Data"). As Kirkland is aware, the Hueston Hennigan June 2022 collection from Mr. McMahon's device was only obtained through Plaintiffs' subpoena to Hueston Hennigan. It remains unclear why Kirkland did not initially collect this data on behalf of Mr. McMahon. As to the Seized Phone, Kirkland informed us on October 13, 2025 that the Seized Phone was returned to Kirkland by the federal government on October 1, 2025. You further informed us that Kirkland is currently de-duplicating the Additional Device Data against all data that was previously collected for Mr. McMahon in this action. Kirkland indicated that it could provide information concerning what additional material is available now that is not duplicative of data already collected and reviewed in this action within 24-48 hours of our call.

As discussed on the call, we are trying to determine what gaps in discovery exist between discovery collected on behalf of Mr. McMahon to date, the Hueston Images, and the Seized Phone. **Given the foregoing, please confirm by Friday, October 24:**
1. **The number of non-duplicative documents contained in each of the Hueston Images and the Seized Phone, as well as the number of new documents contained in the Additional Device Data total as compared to data previously collected from Mr. McMahon, without application of Search Parameters;**
2. **The sources of such data (including, but not limited to, video, audio, loose E-docs, images, iMessages, text messages, Signal Messages);**
3. **Whether there is any Additional Device Data you are unable to reliably deduplicate.**

With respect to appropriate search parameters for the Additional Device Data, we understand that you have proposed reviewing those in accordance with the March 31 Protocol. We do not agree to your proposal. We would remind you that, per our agreement reflected in our April 22, 2025 email correspondence (attached as Exhibit H to our April 29, 2025 Motion to Compel), you agreed to produce Discovery Materials from January 1, 2022 to June 1, 2022. We relied on that representation in filing the Motion to Compel and not including the time period issue as part of that Motion. In addition, Kirkland represented to us during negotiations concerning the search protocol that Mr. McMahon did not possess any emails pre-dating July 28, 2022. Kirkland also represented that Mr. McMahon did not have access to his Signal messages, and that he did not use Signal with Mr. Khan. You have since admitted in verified responses to Plaintiff's Requests for Admission that the Seized Phone confirms that Mr. McMahon did use Signal with Mr. Khan.

Given Mr. McMahon's prior misrepresentations about relevant discovery materials, including as evidenced by the Hueston Images and the Seized Phone recently received, as well as Kirkland's prior assurances that it would review Discovery Materials dating back to January 1, 2022, we expect that your review of all Additional Device Data will use a responsive time period of January 1, 2022 through March 12, 2024, subject to Plaintiffs' reservation of rights to revisit this time period should subsequent discovery warrant same. Kirkland's review of the Additional Device Data should include, at minimum:

- A linear review of all text messages between Mr. McMahon and the following individuals:
  - Ari Emanuel, Mark Shapiro, Jason Lublin, Andrew Schleimer, Mark Zhu, Kevin Rhonke, Michelle Wilson, George Barrios, Steve Koonin, Paul Levesque, Michelle McKenna, Steve Pamon, Nick Khan, Frank Riddick, and Stephanie Levesque (see April 29, 2025 M. Xu email).
- A linear review of all Signal messages, and audio, video, and image files.
- A review of all email and other non-messaging text files in accordance with the search terms set forth in the March 31 Protocol.

THIS DOCUMENT IS A CONFIDENTIAL FILING. ACCESS IS PROHIBITED EXCEPT AS AUTHORIZED BY RULE 5.1 OR BY COURT ORDER.

**Please confirm by Friday, October 24, whether Mr. McMahon will agree to these parameters, including utilization of the time period of January 1, 2022 through March 12, 2024 for the entirety of the foregoing review.**

2. **Special Committee Productions:** You agreed to produce, in its entirety and without responsiveness or privilege review, all documents produced to the Special Committee by Hueston Hennigan, with the caveat that Mr. McMahon need not produce duplicate versions of documents that appear in both the Special Committee Production and the Additional Device Data. We are amenable to this approach, provided that the de-duplication does not remove documents from the Special Committee Production, as the presence or absence of a document from that production may itself be relevant to Plaintiffs' claims. For example, if identical versions of a document appear in both the Special Committee Production and the Seized Phone, it should be produced as part as of the Special Committee Production but can be omitted from production of documents from the Seized Phone.

   Assuming this is acceptable to Mr. McMahon, **please confirm that we are in agreement and that Mr. McMahon will produce these materials on or before October 29, 2025.**

3. **Deletion Analysis:** We discussed the deletion analysis of Mr. McMahon's cell phone referenced in the document Bates-stamped HH_0000036. You confirmed that no other draft or final versions of this analysis appear in the Special Committee Production. Following our discussion, we confirmed with Hueston Hennigan that they did not receive and are not aware of any deletion analyses other than the one attached to HH_0000036. **Please (a) identify the deletion analysis referenced in HH_0000036 by Bates number, and (b) confirm the automatic deletion settings that were in place for the Signal application on the Seized Phone at the time it was returned to Mr. McMahon by the federal government.**

4. **DOJ and SEC Productions and Communications:** We discussed Plaintiffs' request for documents sent to or from the DOJ or SEC, on the hand, and Mr. McMahon's counsel, on the other hand. You confirmed that you had not determined the volume of such documents but were nevertheless unwilling to produce them. The parties confirmed that they were at an impasse on this issue but that this impasse should not prevent the production of the materials contemplated by items (1)-(3) above.

Finally, Plaintiffs plan to proceed with Mr. McMahon's deposition as noticed on November 12 but reserve the right to hold that deposition open if these outstanding issues are not timely resolved.

Plaintiffs reserve all rights.

Best,

Lindsay


--
Lindsay Faccenda
**Block & Leviton LLP**
302-499-3600


This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

THIS DOCUMENT IS A CONFIDENTIAL FILING. ACCESS IS PROHIBITED EXCEPT AS AUTHORIZED BY RULE 5.1 OR BY COURT ORDER.

**From:** Lindsay Faccenda <Lindsay@blockleviton.com>
**Sent:** Friday, October 17, 2025 2:39 PM
**To:** Xu, Madeleine <madeleine.xu@kirkland.com>; Edward Timlin <Edward.Timlin@blbglaw.com>
**Cc:** Pittenger, Michael A. <mpittenger@potteranderson.com>; Brad Davey <bdavey@potteranderson.com>; Nicholas D. Mozal <nmozal@potteranderson.com>; Eric J. Nascone <enascone@potteranderson.com>; Goldstein, Sandra C. <sandra.goldstein@kirkland.com>; Atkinson, Stefan <stefan.atkinson@kirkland.com>; Stern, Haley S. <haley.stern@kirkland.com>; Burcher-DuPont, Aulden <aulden.burcher-dupont@kirkland.com>; Pineau, Nick <nick.pineau@kirkland.com>; Schulman, Sabrina <sabrina.schulman@kirkland.com>; Ben Potts <Benjamin.Potts@blbglaw.com>; James Janison <James.Janison@blbglaw.com>; Kimberly A. Evans <Kim@blockleviton.com>; Irene Lax <irene@blockleviton.com>; Nathan Abelman <nathan@blockleviton.com>
**Subject:** RE: In re World Wrestling Entertainment, Inc. Merger Litig. - C.A. No. 2023-1166-JTL- McMahon Production Issue

Mandy,

Would 2:30 on Monday work for a call?

Thanks,

Lindsay

--
Lindsay Faccenda
**Block & Leviton LLP**
302-499-3600

This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

**From:** Xu, Madeleine <madeleine.xu@kirkland.com>
**Sent:** Thursday, October 16, 2025 9:02 PM
**To:** Edward Timlin <Edward.Timlin@blbglaw.com>; Lindsay Faccenda <Lindsay@blockleviton.com>
**Cc:** Pittenger, Michael A. <mpittenger@potteranderson.com>; Brad Davey <bdavey@potteranderson.com>; Nicholas D. Mozal <nmozal@potteranderson.com>; Eric J. Nascone <enascone@potteranderson.com>; Goldstein, Sandra C. <sandra.goldstein@kirkland.com>; Atkinson, Stefan <stefan.atkinson@kirkland.com>; Stern, Haley S. <haley.stern@kirkland.com>; Burcher-DuPont, Aulden <aulden.burcher-dupont@kirkland.com>; Pineau, Nick <nick.pineau@kirkland.com>; Schulman, Sabrina <sabrina.schulman@kirkland.com>; Ben Potts <Benjamin.Potts@blbglaw.com>; James Janison <James.Janison@blbglaw.com>; Kimberly A. Evans <Kim@blockleviton.com>; Lindsay Faccenda <Lindsay@blockleviton.com>; Irene Lax <irene@blockleviton.com>; Nathan Abelman <nathan@blockleviton.com>
**Subject:** Re: In re World Wrestling Entertainment, Inc. Merger Litig. - C.A. No. 2023-1166-JTL- McMahon Production Issue

[EXTERNAL]

Ed,

THIS DOCUMENT IS A CONFIDENTIAL FILING. ACCESS IS PROHIBITED EXCEPT AS AUTHORIZED BY RULE 5.1 OR BY COURT ORDER.

Thanks for compiling. We'll be prepared to discuss.

Best,

Mandy

Madeleine Xu

KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
T +1 212 390 4132  M +1 928 607 2887
F +1 212 446 4900

madeleine.xu@kirkland.com

--

**From:** Edward Timlin <Edward.Timlin@blbglaw.com>
**Sent:** Friday, October 17, 2025 9:44:46 AM
**To:** Xu, Madeleine <madeleine.xu@kirkland.com>; Lindsay Faccenda <Lindsay@blockleviton.com>
**Cc:** Pittenger, Michael A. <mpittenger@potteranderson.com>; Brad Davey <bdavey@potteranderson.com>; Nicholas D. Mozal <nmozal@potteranderson.com>; Eric J. Nascone <enascone@potteranderson.com>; Goldstein, Sandra C. <sandra.goldstein@kirkland.com>; Atkinson, Stefan <stefan.atkinson@kirkland.com>; Stern, Haley S. <haley.stern@kirkland.com>; Burcher-DuPont, Aulden <aulden.burcher-dupont@kirkland.com>; Pineau, **Nick** <nick.pineau@kirkland.com>; Schulman, Sabrina <sabrina.schulman@kirkland.com>; Ben **Potts** <Benjamin.Potts@blbglaw.com>; James Janison <James.Janison@blbglaw.com>; kim@blockleviton.com <kim@blockleviton.com>; Lindsay Faccenda <Lindsay@blockleviton.com>; Irene Lax <irene@blockleviton.com>; Nathan Abelman <nathan@blockleviton.com>
**Subject:** RE: In re World Wrestling Entertainment, Inc. Merger Litig. - C.A. No. 2023-1166-JTL- McMahon Production Issue

Mandy,

No worries that wires crossed on your end regarding today's scheduled meet and confer. Regarding a rescheduled meet and confer Monday, I'll let our team weigh in as I probably can't make it. But a couple points about what we're trying to accomplish:

1. I was very clear with Stefan that we're talking about late November, not December dates, and we've not agreed at all to release 11/12.
2. A later date is contingent on getting a near global deal on missing McMahon document discovery.
3. A global deal on missing McMahon document discovery requires:
   1. Everything that was provided to the Special Committee/Simpson Thacher (without incremental protocol, review, etc.).
   2. Everything that was provided to the DOJ or SEC (without incremental protocol, review, etc.).
   3. The final and draft versions of the "deletion analysis" referenced in HH_0000036.
   4. Transparent discussion as to what ESI is available from both the Hueston Hennigan image and the recovered device(s) from the DOJ.
   5. A negotiated protocol for review and production of material from the Hueston Hennigan image and the recovered device(s) from the DOJ. As I've discussed with Stefan, we engaged with you for a long time regarding McMahon ESI based on your representations that certain material was simply lost when his devices were seized. Now it turns out there are two original sources available—one of which (the

THIS DOCUMENT IS A CONFIDENTIAL FILING. ACCESS IS PROHIBITED
EXCEPT AS AUTHORIZED BY RULE 5.1 OR BY COURT ORDER.

Hueston Hennigan image) you should have discovered and produced months ago and the other of which (the returned device(s)) you've already agreed to produce from, so let's work out the parameters of both ASAP.

6. All in-bound and out-bound communications with the DOJ and SEC, including to and from McMahon's attorneys. This should include, at a minimum, any warrant, subpoena, or other description from the government as to what crimes and/or civil violations were under investigation.

4. A deal along the lines of the foregoing does not resolve outstanding issues on written discovery, including related to interrogatory responses, spoliation, or sources of ESI.

Hopefully this frames the next discussion.

Ed

---

**From:** Xu, Madeleine <madeleine.xu@kirkland.com>
**Sent:** Thursday, October 16, 2025 7:40 PM
**To:** Lindsay Faccenda <Lindsay@blockleviton.com>
**Cc:** Pittenger, Michael A. <mpittenger@potteranderson.com>; Brad Davey <bdavey@potteranderson.com>; Nicholas D. Mozal <nmozal@potteranderson.com>; Eric J. Nascone <enascone@potteranderson.com>; Goldstein, Sandra C. <sandra.goldstein@kirkland.com>; Atkinson, Stefan <stefan.atkinson@kirkland.com>; Stern, Haley S. <haley.stern@kirkland.com>; Burcher-DuPont, Aulden <aulden.burcher-dupont@kirkland.com>; Pineau, Nick <nick.pineau@kirkland.com>; Schulman, Sabrina <sabrina.schulman@kirkland.com>; Edward Timlin <Edward.Timlin@blbglaw.com>; Ben Potts <Benjamin.Potts@blbglaw.com>; James Janison <James.Janison@blbglaw.com>; kim@blockleviton.com; Lindsay Faccenda <Lindsay@blockleviton.com>; Irene Lax <irene@blockleviton.com>; Nathan Abelman <nathan@blockleviton.com>
**Subject:** RE: In re World Wrestling Entertainment, Inc. Merger Litig. - C.A. No. 2023-1166-JTL- McMahon Production Issue

**[This message is from an external sender]**

Lindsay,

Due to there being several concurrent email threads on open issues for discussion, we did not realize that the invite for the meet and confer earlier today didn't go to the entire Kirkland team. Several of our team members are also in a different time zone this week. To avoid further confusion, we can be available to meet and confer on Monday. Let us know what times work on your end, and please include everyone who is currently on this email on your invite and on future correspondence.

Separately, we understand that Ed reached out to Stefan separately about potential December dates for Mr. McMahon. We'll add this to our agenda for the meet and confer.

Best,

Mandy

Madeleine Xu

KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
T +1 212 390 4132   M +1 928 607 2887
F +1 212 446 4900

THIS DOCUMENT IS A CONFIDENTIAL FILING. ACCESS IS PROHIBITED EXCEPT AS AUTHORIZED BY RULE 5.1 OR BY COURT ORDER.

madeleine.xu@kirkland.com

---

**From:** Pineau, Nick <nick.pineau@kirkland.com>
**Sent:** Thursday, October 16, 2025 3:55 PM
**To:** Lindsay Faccenda <Lindsay@blockleviton.com>; Xu, Madeleine <madeleine.xu@kirkland.com>; Robert Erikson <robby@blockleviton.com>; Goldstein, Sandra C. <sandra.goldstein@kirkland.com>; Atkinson, Stefan <stefan.atkinson@kirkland.com>; Stern, Haley S. <haley.stern@kirkland.com>; Pittenger, Michael A. <mpittenger@potteranderson.com>; Davey, Brad <bdavey@potteranderson.com>; Mozal, Nicholas D. <nmozal@potteranderson.com>; Eric J. Nascone <enascone@potteranderson.com>
**Cc:** Edward Timlin <edward.timlin@blbglaw.com>; Benjamin Potts <benjamin.potts@blbglaw.com>; James Janison <james.janison@blbglaw.com>; Jason Leviton <jason@blockleviton.com>; Kimberly A. Evans <Kim@blockleviton.com>; Irene Lax <irene@blockleviton.com>; Nathan Abelman <nathan@blockleviton.com>
**Subject:** RE: In re World Wrestling Entertainment, Inc. Merger Litig. - C.A. No. 2023-1166-JTL- McMahon Production Issue

Lindsay,

Thanks for the note and apologies for the miscommunication about our earlier meeting.  We are discussing internally about additional times to meet and confer tomorrow or early next week and will get back to you as soon as possible.

Best,
Nick

Nick Pineau

KIRKLAND & ELLIS LLP
601 Lexington Avenue, New York, NY 10022
T +1 212 341 7711  M +1 332 271 4045
F +1 212 446 4900

nick.pineau@kirkland.com

---

**From:** Lindsay Faccenda <Lindsay@blockleviton.com>
**Sent:** Thursday, October 16, 2025 2:44 PM
**To:** Xu, Madeleine <madeleine.xu@kirkland.com>; Robert Erikson <robby@blockleviton.com>; Goldstein, Sandra C. <sandra.goldstein@kirkland.com>; Atkinson, Stefan <stefan.atkinson@kirkland.com>; Stern, Haley S. <haley.stern@kirkland.com>; Pittenger, Michael A. <mpittenger@potteranderson.com>; Davey, Brad <bdavey@potteranderson.com>; Mozal, Nicholas D. <nmozal@potteranderson.com>; Eric J. Nascone <enascone@potteranderson.com>; Pineau, Nick <nick.pineau@kirkland.com>
**Cc:** Edward Timlin <edward.timlin@blbglaw.com>; Benjamin Potts <benjamin.potts@blbglaw.com>; James Janison <james.janison@blbglaw.com>; Jason Leviton <jason@blockleviton.com>; Kimberly A. Evans <Kim@blockleviton.com>; Irene Lax <irene@blockleviton.com>; Nathan Abelman <nathan@blockleviton.com>
**Subject:** RE: In re World Wrestling Entertainment, Inc. Merger Litig. - C.A. No. 2023-1166-JTL- McMahon Production Issue

Hi all,

We just got off the line but Kirkland was not on.  Please provide some times today (before 4:30) or tomorrow when you are available.

THIS DOCUMENT IS A CONFIDENTIAL FILING. ACCESS IS PROHIBITED
EXCEPT AS AUTHORIZED BY RULE 5.1 OR BY COURT ORDER.

Thanks,

Lindsay

--
Lindsay Faccenda
**Block & Leviton LLP**
302-499-3600

This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

---

**From:** Lindsay Faccenda <Lindsay@blockleviton.com>
**Sent:** Wednesday, October 15, 2025 8:42 PM
**To:** Xu, Madeleine <madeleine.xu@kirkland.com>; Robert Erikson <robby@blockleviton.com>; Goldstein, Sandra C. <sandra.goldstein@kirkland.com>; Atkinson, Stefan <stefan.atkinson@kirkland.com>; Stern, Haley S. <haley.stern@kirkland.com>; Pittenger, Michael A. <mpittenger@potteranderson.com>; Davey, Brad <bdavey@potteranderson.com>; Mozal, Nicholas D. <nmozal@potteranderson.com>; Eric J. Nascone <enascone@potteranderson.com>
**Cc:** Edward Timlin <edward.timlin@blbglaw.com>; Benjamin Potts <benjamin.potts@blbglaw.com>; James Janison <james.janison@blbglaw.com>; Jason Leviton <jason@blockleviton.com>; Kimberly A. Evans <Kim@blockleviton.com>; Irene Lax <irene@blockleviton.com>; Nathan Abelman <nathan@blockleviton.com>
**Subject:** RE: In re World Wrestling Entertainment, Inc. Merger Litig. - C.A. No. 2023-1166-JTL- McMahon Production Issue

Thanks.  We are available to discuss this and the other outstanding issues tomorrow at 2:30.  I'll send an invite.

--
Lindsay Faccenda
**Block & Leviton LLP**
302-499-3600

This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

---

**From:** Xu, Madeleine <madeleine.xu@kirkland.com>
**Sent:** Wednesday, October 15, 2025 5:35 PM
**To:** Robert Erikson <robby@blockleviton.com>; Lindsay Faccenda <Lindsay@blockleviton.com>; Goldstein, Sandra C. <sandra.goldstein@kirkland.com>; Atkinson, Stefan <stefan.atkinson@kirkland.com>; Stern, Haley S. <haley.stern@kirkland.com>; Pittenger, Michael A. <mpittenger@potteranderson.com>; Davey, Brad <bdavey@potteranderson.com>; Mozal, Nicholas D. <nmozal@potteranderson.com>; Eric J. Nascone <enascone@potteranderson.com>
**Cc:** Edward Timlin <edward.timlin@blbglaw.com>; Benjamin Potts <benjamin.potts@blbglaw.com>; James Janison <james.janison@blbglaw.com>; Jason Leviton <jason@blockleviton.com>; Kimberly A. Evans <Kim@blockleviton.com>;

23

THIS DOCUMENT IS A CONFIDENTIAL FILING. ACCESS IS PROHIBITED EXCEPT AS AUTHORIZED BY RULE 5.1 OR BY COURT ORDER.

Irene Lax <irene@blockleviton.com>; Nathan Abelman <nathan@blockleviton.com>
**Subject:** RE: In re World Wrestling Entertainment, Inc. Merger Litig. - C.A. No. 2023-1166-JTL- McMahon Production Issue

[EXTERNAL]

Robert,

We are available to meet and confer this Thursday from 12:30 to 2PM EST or 2:30 to 5PM EST.

Best,

Mandy

Madeleine Xu

KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
T +1 212 390 4132  M +1 928 607 2887
F +1 212 446 4900

madeleine.xu@kirkland.com

-

---

**From:** Robert Erikson <robby@blockleviton.com>
**Sent:** Friday, October 10, 2025 2:18 PM
**To:** Xu, Madeleine <madeleine.xu@kirkland.com>; Lindsay Faccenda <Lindsay@blockleviton.com>; Goldstein, Sandra C. <sandra.goldstein@kirkland.com>; Atkinson, Stefan <stefan.atkinson@kirkland.com>; Stern, Haley S. <haley.stern@kirkland.com>; Pittenger, Michael A. <mpittenger@potteranderson.com>; Davey, Brad <bdavey@potteranderson.com>; Mozal, Nicholas D. <nmozal@potteranderson.com>; Eric J. Nascone <enascone@potteranderson.com>
**Cc:** Edward Timlin <edward.timlin@blbglaw.com>; Benjamin Potts <benjamin.potts@blbglaw.com>; James Janison <james.janison@blbglaw.com>; Jason Leviton <jason@blockleviton.com>; Kimberly A. Evans <Kim@blockleviton.com>; Irene Lax <irene@blockleviton.com>; Nathan Abelman <nathan@blockleviton.com>
**Subject:** RE: In re World Wrestling Entertainment, Inc. Merger Litig. - C.A. No. 2023-1166-JTL- McMahon Production Issue

Mandy,

It appears we are at an impasse regarding the production of the DOJ/SEC communications. Your position that McMahon need not produce relevant documents sent by his own counsel on his behalf is not tenable and we intend to seek relief from the Court unless we receive those documents.

Your suggestion that Plaintiffs have been less than diligent in pursuing these documents is not well taken. We reasonably anticipated that these crucial documents would be produced and timely raised their absence when it became clear they were not. The definition of "Investigation" in our requests includes "any investigation into McMahon by WWE, the WWE Board, the Special Committee, the Demand Committee, any other committee or Advisor of the WWE Board, **or otherwise** in connection with (i) any Hush Money Payments and/or (ii) any Sexual Misconduct Allegations" (emphasis added), which would include the DOJ and SEC investigations. These documents are also responsive to other requests concerning the Hush Money Payments and the Sexual Misconduct Allegations.

24

THIS DOCUMENT IS A CONFIDENTIAL FILING. ACCESS IS PROHIBITED
EXCEPT AS AUTHORIZED BY RULE 5.1 OR BY COURT ORDER.

Finally, your suggestion of undue burden is unsupported and implausible given that these productions are presumably readily obtainable and need not be reviewed for relevance or privilege (which by definition cannot attach to documents produced to a governmental entity).

Please confirm when you are available next week to meet and confer on this issue (and the issues raised in my previous email).

Best,

--
Robert Erikson
**Block & Leviton LLP**
302-499-3600
Direct: (302) 499-3604

This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

---

**From:** Xu, Madeleine <madeleine.xu@kirkland.com>
**Sent:** Wednesday, October 8, 2025 5:33 PM
**To:** Robert Erikson <robby@blockleviton.com>; Lindsay Faccenda <Lindsay@blockleviton.com>; Goldstein, Sandra C. <sandra.goldstein@kirkland.com>; Atkinson, Stefan <stefan.atkinson@kirkland.com>; Stern, Haley S. <haley.stern@kirkland.com>; Pittenger, Michael A. <mpittenger@potteranderson.com>; Davey, Brad <bdavey@potteranderson.com>; Mozal, Nicholas D. <nmozal@potteranderson.com>; Eric J. Nascone <enascone@potteranderson.com>
**Cc:** Edward Timlin <edward.timlin@blbglaw.com>; Benjamin Potts <benjamin.potts@blbglaw.com>; James Janison <james.janison@blbglaw.com>; Jason Leviton <jason@blockleviton.com>; Kimberly A. Evans <Kim@blockleviton.com>; Irene Lax <irene@blockleviton.com>; Nathan Abelman <nathan@blockleviton.com>
**Subject:** RE: In re World Wrestling Entertainment, Inc. Merger Litig. - C.A. No. 2023-1166-JTL- McMahon Production Issue

[EXTERNAL]

Robert,

Plaintiffs are requesting the production of communications between counsel and the government to which Mr. McMahon was not party and may not have even been aware. While, in the interest of compromise, Mr. McMahon was willing to produce his own communications with the DOJ or SEC in connection with the government's investigations, Mr. McMahon cannot agree to collect, review, and produce counsel's communications with the DOJ or SEC. Plaintiffs' RFPs, including your definition of "investigations," does not apply to the DOJ or SEC investigations. Plaintiffs' search terms, which the parties finalized nearly *seven months ago*, include no terms related to the DOJ or SEC. Plaintiffs have also served a separate subpoena on Kirkland which included no document requests touching on the DOJ or SEC investigations. You are raising this "deficiency" for the first time nine months into discovery.

THIS DOCUMENT IS A CONFIDENTIAL FILING. ACCESS IS PROHIBITED EXCEPT AS AUTHORIZED BY RULE 5.1 OR BY COURT ORDER.

The requested documents are not only irrelevant to the Merger, but also untimely and impose an undue burden at this late stage. Mr. McMahon will not produce (i) any back-and-forth between McMahon's representatives, on the one hand, and the DOJ or the SEC, on the other hand, (ii) any documents McMahon's representatives provided to the DOJ or SEC in connection with any Investigation, and (iii) any documents McMahon's representatives received from the DOJ or SEC in connection with any Investigation.

Best,

Mandy

Madeleine Xu

KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
T +1 212 390 4132  M +1 928 607 2887
F +1 212 446 4900

madeleine.xu@kirkland.com

-

---

**From:** Robert Erikson <robby@blockleviton.com>
**Sent:** Tuesday, October 7, 2025 4:10 PM
**To:** Xu, Madeleine <madeleine.xu@kirkland.com>; Lindsay Faccenda <Lindsay@blockleviton.com>; Goldstein, Sandra C. <sandra.goldstein@kirkland.com>; Atkinson, Stefan <stefan.atkinson@kirkland.com>; Schultes, Sarah <sarah.schultes@kirkland.com>; Stern, Haley S. <haley.stern@kirkland.com>; Geist, Ariel <ariel.geist@kirkland.com>; Pittenger, Michael A. <mpittenger@potteranderson.com>; Davey, Brad <bdavey@potteranderson.com>; Mozal, Nicholas D. <nmozal@potteranderson.com>; Eric J. Nascone <enascone@potteranderson.com>
**Cc:** Edward Timlin <edward.timlin@blbglaw.com>; Benjamin Potts <benjamin.potts@blbglaw.com>; James Janison <james.janison@blbglaw.com>; Jason Leviton <jason@blockleviton.com>; Kimberly A. Evans <Kim@blockleviton.com>; Irene Lax <irene@blockleviton.com>; Nathan Abelman <nathan@blockleviton.com>
**Subject:** RE: In re World Wrestling Entertainment, Inc. Merger Litig. - C.A. No. 2023-1166-JTL- McMahon Production Issue

Counsel, following up on the below.

Best,

--
Robert Erikson
**Block & Leviton LLP**
302-499-3600
Direct: (302) 499-3604

This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

---

**From:** Robert Erikson <robby@blockleviton.com>
**Sent:** Monday, October 6, 2025 1:00 PM

THIS DOCUMENT IS A CONFIDENTIAL FILING. ACCESS IS PROHIBITED
EXCEPT AS AUTHORIZED BY RULE 5.1 OR BY COURT ORDER.

**To:** Xu, Madeleine <madeleine.xu@kirkland.com>; Lindsay Faccenda <Lindsay@blockleviton.com>; Goldstein, Sandra C. <sandra.goldstein@kirkland.com>; Atkinson, Stefan <stefan.atkinson@kirkland.com>; Schultes, Sarah <sarah.schultes@kirkland.com>; Stern, Haley S. <haley.stern@kirkland.com>; Geist, Ariel <ariel.geist@kirkland.com>; Pittenger, Michael A. <mpittenger@potteranderson.com>; Davey, Brad <bdavey@potteranderson.com>; Mozal, Nicholas D. <nmozal@potteranderson.com>; Eric J. Nascone <enascone@potteranderson.com>
**Cc:** Edward Timlin <edward.timlin@blbglaw.com>; Benjamin Potts <benjamin.potts@blbglaw.com>; James Janison <james.janison@blbglaw.com>; Jason Leviton <jason@blockleviton.com>; Kimberly A. Evans <Kim@blockleviton.com>; Irene Lax <irene@blockleviton.com>; Nathan Abelman <nathan@blockleviton.com>
**Subject:** RE: In re World Wrestling Entertainment, Inc. Merger Litig. - C.A. No. 2023-1166-JTL- McMahon Production Issue

Mandy,

McMahon's refusal to produce documents held by his representatives is improper under well-established Delaware law. "[T] his Court has recognized that documents held by certain advisors, such as legal counsel, are within a party's control." *Mehra v. Teller*, 2020 WL 2620680, at *5 & n.30 (Del. Ch. May 22, 2020) (collecting authorities). "A party has possession and control of documents if it has the power, unaided by the court, to force production of the documents." *Fortis Advisors LLC v. Allergan W.C. Hldg. Inc.*, 2020 WL 2498068, at *3 (Del. Ch. May 14, 2020). Please confirm whether McMahon will produce the three categories of documents at issue or whether we are at an impasse.

Plaintiffs reserve all rights.

Best,

Robert Erikson
**Block & Leviton LLP**
222 Delaware Avenue, Suite 1120
Wilmington, DE 19801
302-499-3600
Direct: (302) 499-3604
robby@blockleviton.com | https://www.BlockLeviton.com

This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

**From:** Xu, Madeleine <madeleine.xu@kirkland.com>
**Sent:** Friday, September 26, 2025 5:32 PM
**To:** Lindsay Faccenda <Lindsay@blockleviton.com>; Goldstein, Sandra C. <sandra.goldstein@kirkland.com>; Atkinson, Stefan <stefan.atkinson@kirkland.com>; Schultes, Sarah <sarah.schultes@kirkland.com>; Stern, Haley S. <haley.stern@kirkland.com>; Geist, Ariel <ariel.geist@kirkland.com>; Pittenger, Michael A. <mpittenger@potteranderson.com>; Davey, Brad <bdavey@potteranderson.com>; Mozal, Nicholas D. <nmozal@potteranderson.com>; Eric J. Nascone <enascone@potteranderson.com>
**Cc:** Edward Timlin <edward.timlin@blbglaw.com>; Benjamin Potts <benjamin.potts@blbglaw.com>; James Janison <james.janison@blbglaw.com>; Jason Leviton <jason@blockleviton.com>; Kimberly A. Evans <Kim@blockleviton.com>;

THIS DOCUMENT IS A CONFIDENTIAL FILING. ACCESS IS PROHIBITED EXCEPT AS AUTHORIZED BY RULE 5.1 OR BY COURT ORDER.

Irene Lax <irene@blockleviton.com>; Nathan Abelman <nathan@blockleviton.com>; Robert Erikson <robby@blockleviton.com>
**Subject:** RE: In re World Wrestling Entertainment, Inc. Merger Litig. - C.A. No. 2023-1166-JTL- McMahon Production Issue

[EXTERNAL]

Lindsay,

Thanks for your note. Mr. McMahon agrees that the three categories of documents identified in your email are subject to the Court's order on Plaintiff's motion to compel. Accordingly, counsel has reviewed all of Mr. McMahon's custodial sources, as identified on the parties' search protocol, and produced all responsive, nonprivileged materials that hit on search terms from those sources, including as to the categories you have delineated.

To the extent Plaintiffs seek documents which concern solely (i) any back-and-forth between McMahon's representatives, on the one hand, and the DOJ or the SEC, on the other hand, (ii) all documents McMahon's representatives provided to the DOJ or SEC in connection with any Investigation, and (iii) all documents McMahon's representatives received from the DOJ or SEC in connection with any Investigation, those documents are not within Mr. McMahon's custodial files and he cannot produce them.

Finally, the United States Court of Appeals for the Second Circuit's February 7, 2025 decision you mentioned is under seal, so we cannot comment on it. We can tell you that Mr. McMahon has not made any productions "to the United States's government in response to two grand jury subpoenas dated September 13, 2023." Accordingly, Mr. McMahon does not possess, and has no obligation to produce, the documents you reference.

Best,

Mandy

Madeleine Xu

KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
T +1 212 390 4132  M +1 928 607 2887
F +1 212 446 4900

madeleine.xu@kirkland.com

---

**From:** Lindsay Faccenda <Lindsay@blockleviton.com>
**Sent:** Monday, September 22, 2025 12:06 PM
**To:** Xu, Madeleine <madeleine.xu@kirkland.com>; Goldstein, Sandra C. <sandra.goldstein@kirkland.com>; Atkinson, Stefan <stefan.atkinson@kirkland.com>; Schultes, Sarah <sarah.schultes@kirkland.com>; Stern, Haley S. <haley.stern@kirkland.com>; Geist, Ariel <ariel.geist@kirkland.com>; Pittenger, Michael A. <mpittenger@potteranderson.com>; Davey, Brad <bdavey@potteranderson.com>; Mozal, Nicholas D. <nmozal@potteranderson.com>; Eric J. Nascone <enascone@potteranderson.com>
**Cc:** Edward Timlin <edward.timlin@blbglaw.com>; Benjamin Potts <benjamin.potts@blbglaw.com>; James Janison <james.janison@blbglaw.com>; Jason Leviton <jason@blockleviton.com>; Kimberly A. Evans <Kim@blockleviton.com>; Irene Lax <irene@blockleviton.com>; Nathan Abelman <nathan@blockleviton.com>; Robert Erikson <Robert@blockleviton.com>
**Subject:** In re World Wrestling Entertainment, Inc. Merger Litig. - C.A. No. 2023-1166-JTL- McMahon Production Issue

THIS DOCUMENT IS A CONFIDENTIAL FILING. ACCESS IS PROHIBITED
EXCEPT AS AUTHORIZED BY RULE 5.1 OR BY COURT ORDER.

Mandy,

We write to follow up on another apparent gap in Vince McMahon's productions. Plaintiffs' RFPs to McMahon include requests for all documents concerning Investigations, including DOJ and SEC investigations into McMahon, the Sexual Assault Allegations, and the Hush Money Payments (E.g., RFP No. 21). But we see very few documents in the productions to date relating to communications or correspondence with the DOJ or the SEC. The Court has already ruled that such documents are relevant and we are aware of no privilege that attaches to such adversarial communications. Please confirm that McMahon has produced documents concerning (i) any back-and-forth between McMahon or his representatives, on the one hand, and the DOJ or the SEC, on the other hand, (ii) all documents McMahon or his representatives provided to DOJ or SEC in connection with any Investigation, and (iii) all documents McMahon or his representatives received from the DOJ or SEC in connection with any Investigation.

As one example, McMahon should have produced in this action all of the documents referenced in the United States Court of Appeals for the Second Circuit's February 7, 2025 decision as being produced to the United States's government in response to two grand jury subpoenas dated September 13, 2023. That includes the documents ordered produced pursuant to the crime-fraud exception. Please confirm McMahon has produced all such documents. If he has not, please confirm he will produce them no later than September 24, 2025.

Thank you,
Lindsay

--
Lindsay Faccenda
Block & Leviton LLP
302-499-3600


This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of the multi-national law firm Kirkland & Ellis LLP and/or its affiliated entities. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

This email has been scanned for spam and viruses by Proofpoint Essentials. Click here to report this email as spam.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of the multi-national law firm Kirkland & Ellis LLP and/or its affiliated entities. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

THIS DOCUMENT IS A CONFIDENTIAL FILING. ACCESS IS PROHIBITED
EXCEPT AS AUTHORIZED BY RULE 5.1 OR BY COURT ORDER.