# EXHIBIT 46



**MICHAEL DELL'ANGELO**
*EXECUTIVE SHAREHOLDER & GENERAL COUNSEL*
d 215.875.3080  m 610.608.8766 | mdellangelo@bm.net

February 12, 2026

**VIA EMAIL**

Joseph Axelrad
LATHAM & WATKINS LLP
10250 Constellatin Blvd.
Suite 1100
Los Angeles, CA 90067

>       Re:    *Johnson v. Zuffa, LLC*, Case No. 2:21-cv-01189 (D. Nev.);
>              *Davis v. Zuffa, LLC*, Case No. 2:25-cv-00946 (D. Nev.)

Counsel:

Your frivolous allegations of impropriety are not well taken, particularly against the backdrop of your clients' violation of the Court's December 4, 2025 Order that required Defendants to make a complete disclosure of the cellphones and communications apps in use by, among others, Mr. Emanuel, as well as Latham & Watkins' apparent continuing complicity in concealing Mr. Emanuel's use of undisclosed communications apps, including with another executive of Defendant TKO, and the spoilation of those communications.

First, Plaintiffs never "sought" confidential information, nor do you have any basis to assert otherwise. Your assumption that Plaintiffs obtained these filings via a subpoena without the required advance notice pursuant to Fed. R. Civ. P. 45, is incorrect.

Second, immediately upon suspecting that **one** of the handful of documents Plaintiffs received in a zip file **may** have been subject to a protective order and thus inadvertently disclosed, Plaintiffs notified the sending party of the potential inadvertent disclosure. Upon confirmation that the document inadvertently included material subject to a protective order, Plaintiffs (1) deleted the document, the zip file, and all documents included in the zip file Plaintiffs received, and (2) investigated whether anyone else on Plaintiffs' team had downloaded the files and whether a version or versions were put on Plaintiffs' emails, servers, and computers. Plaintiffs found no other versions or downloads. We then confirmed those actions to the sending party. We understand that counsel in the Delaware action complied with their obligations by notifying appropriate counsel in that action pursuant to the terms of their protective order and that your colleagues at Latham & Watkins received notice through that process. We infer that you

1818 MARKET STREET, SUITE 3600
PHILADELPHIA, PA 19103
215.875.3000 | *BERGERMONTAGUE.COM*



Page 2 of 3
February 12, 2026

received such notice from your colleagues at Latham & Watkins. If you have further questions, you may ask them.

Third, upon suspecting that Plaintiffs may have received material subject to a protective order, Plaintiffs commenced to pull publicly available replacement materials from Westlaw and continued to prepare our arguments based solely on those materials. None of the arguments Plaintiffs have prepared are based in any way on the materials inadvertently disclosed, and all are entirely supported by the public record.

Fourth, as you know, you accepted service of Plaintiffs' subpoena for Ari Emanuel on March 19, 2025. Plaintiffs were not even aware of the existence of the WWE litigation until July 1, 2025. And as Plaintiffs understand the publicly available information, the plaintiffs in the Delaware litigation could not even have known of the spoliation issues until they received a production on or about October 31, 2025 from Vince McMahon's phone (that had been seized by the government in 2023 and returned in October 2025). As you surely know, Mr. Emanual's use of Signal and ephemeral messaging with TKO executives was publicly reported beginning around November 17, 2025. *See* https://wrestlenomics.com/articles/2025/disappearing-signal-messages-and-possible-stunner-group-chat-spark-new-dispute-in-wwe-merger-lawsuit/. Thus, your assertion that Plaintiffs' receipt of unsolicited, inadvertently provided confidential information ***this week*** could somehow "call into question the underlying basis" for the subpoena to Mr. Emanuel ***served nearly a year ago*** or Plaintiffs' long-ongoing efforts to obtain productions from Mr. Emanuel is temporally impossible and absurd. Such specious assertions offer no basis for your newest efforts to delay adjudication of the subpoena and this litigation more broadly.

That said, we were shocked to learn that Latham & Watkins, counsel here, represents Endeavor, TKO, and Mr. Emanuel in the Delaware action spoliation proceedings and was in possession of relevant information that it failed to disclose in the instant litigation. After the Signal use and spoliation was publicly disclosed in the Delaware action and after Plaintiffs explicitly identified Defendants' omission of Emanuel's current cellphone and Signal use in our December 9 filing, ECF No. 327, in the instant action, Defendants still omitted Signal and Mr. Emanuel's current cellphone from their Court-Ordered December 15, 2025 disclosure. Such knowing omission reflects Mr. Emanuel's and Latham & Watkins' complicity in covering up the apparent spoliation, the use of ephemeral messaging by TKO executives, and hope (in vain as it were) to evade the detection of these issues and effects in the instant litigation.

By Friday, February 13, 2026 at the close of business, please provide all bases for why Mr. Emanuel, Defendants, and their common counsel at Latham & Watkins violated this Court's December 4, 2025 Order requiring Defendants to make a complete disclosure of, among others, Mr. Emanuel's cellphones and communications apps. Plaintiffs need to understand the reasons for this knowing omission in violation of the Court's Order to



Page 3 of 3
February 12, 2026

determine whether it forms the basis for a motion for an order to show cause and to incorporate the response into Plaintiffs' forthcoming Motion for Sanctions.

Please also confirm that, considering the clear and fundamental errors underlying your purported basis for delaying your response to the Joint Stipulation, that you will no longer require until February 20 to issue that response. Absent a response by close of business tomorrow, February 13, 2026, Plaintiffs will seek relief from the court and note Mr. Emanuel's failure to timely cooperate in a joint stipulation.

Sincerely,

*/s/ Michael Dell'Angelo*
Michael Dell'Angelo

cc:    Counsel of Record