1
2

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

3
4
5
6
7
8
9
10
11
12

| | |
|---|---|
| KAJAN JOHNSON, CLARENCE DOLLAWAY, and TRISTAN CONNELLY, on behalf of themselves and all others similarly situated,<br><br>                    Plaintiffs,<br><br>                    v.<br><br>ZUFFA, LLC, TKO OPERATING COMPANY, LLC f/k/a ZUFFA PARENT LLC (d/b/a ULTIMATE FIGHTING CHAMPIONSHIP and UFC), and ENDEAVOR GROUP HOLDINGS, INC.,<br><br>                    Defendants. | No.: 2:21-cv-01189-RFB<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR SANCTIONS** |
| PHIL DAVIS, on behalf of himself and all others similarly situated,<br><br>                    Plaintiff,<br><br>                    v.<br><br>ZUFFA LLC, TKO GROUP HOLDINGS, INC. (d/b/a ULTIMATE FIGHTING CHAMPIONSHIP and UFC), and ENDEAVOR GROUP HOLDINGS, INC.,<br><br>                    Defendants. | No.: 2:25-cv-00946-RFB |

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Before the Court is Plaintiffs' Motion for Sanctions as to Defendants Zuffa, LLC, TKO Operating Company, LLC, and Endeavor Group Holdings, Inc.

Having considered the papers, arguments of counsel, and the testimony at the Evidentiary Hearing held on February 4 and 5, 2026, the Court makes the following factual findings:

**I.      SPOLIATION**

1.       Defendants had an obligation to preserve the devices and electronically stored information ("ESI") of, *inter alia*, Dana White, Tracy Long, Denitza Batchvarova, Ariel Emanuel, Mick Maynard, and Hunter Campbell (the "Spoliators").

2.       Defendants did not take reasonable steps to preserve the devices and ESI on the devices of the Spoliators, resulting in substantial volumes of lost ESI, including:

   a.   **Dana White**. Mr. White has spoliated numerous devices used for business since July 1, 2015, resulting in no messages being available from July 1, 2015 until at least July 3, 2020 and from May 21, 2022 to November 13, 2024. However, these spoliation periods may be even greater given that White appears to have no text messages prior to January 28, 2021.  Mr. White has also spoliated private Instagram messages from July 1, 2015 to at least July 3, 2020 and from at least May 21, 2022 to November 13, 2024. Further, Defendants did not preserve White's @danawhiteufc account before it was closed nor his two X f/k/a Twitter accounts (@danawhite and @danawhiteufc) nor his Snapchat account (@danawhite). The Court finds that all of the missing ESI from these devices and accounts has been spoliated.

   b.   **Tracy Long**. Ms. Long has spoliated numerous devices used for business since July 1, 2015, resulting in no messages being available from July 1, 2015 to at least November 4, 2020 or from May 19, 2022 to at least October 18, 2023. However, these spoliation periods may be even greater given that Ms. Long appears to have no text messages prior to April 19, 2022. The Court finds that all of the missing ESI from these devices and accounts has been spoliated. The Court finds further that Ms. Long has manually deleted and thus spoliated individual business text messages.

   c.   **Denitza Batchvarova.** Defendants did not collect any devices from Ms. Batchvarova

1

that she used for business since July 1, 2015. Defendants took no steps to preserve the

ESI on any of her mobile devices prior to her departure from her employment in late

2024. She now resides outside of the jurisdiction of this Court and refuses to submit

her devices for collection and preservation. As Defendants had an obligation to

collect her business records from her devices prior to her departure, the Court finds

her ESI to have been spoliated for the period commencing with July 1, 2015 and

running through the termination of her employment.

d. **Ariel Emanuel.** Mr. Emanuel has used an unknown number of cellphone devices for

business since January 19, 2023. Defendants have not collected or preserved any ESI

on any of those devices since January 19, 2023. Mr. Emanuel has also used Signal

and X f/k/a Twitter for business. Defendants have not collected or preserved his

private communications on either app for any time period. The Court finds that all of

the missing ESI from these devices and accounts has been spoliated.

e. **Mick Maynard.** The Court finds that Mick Maynard has manually deleted and thus

spoliated business messages on both iMessage and WhatsApp.

f. **Hunter Campbell.** Mr. Campbell has used an unknown number of cellphone devices

for business with the phone number ending -7084 since he began working at the UFC

in 2017. Defendants never collected any of those devices for preservation. The Court

finds that all of the missing ESI from these devices has been spoliated.

II.    <u>**VIOLATIONS OF DISCLOSURE ORDERS**</u>

3.    On June 3, September 29, and December 4, 2025, the Court Ordered Defendants

to make disclosures of specific information concerning the mobile devices in use by their

custodians.

4.    Each of Defendants' disclosures in response to those Orders were incomplete.

Defendants have offered no excuse nor justification for those incomplete disclosures in violation

of the Court's Orders.

5.    Plaintiffs provided Defendants with specific omitted information following each

of Defendants' disclosures, but, with one exception, Defendants did not update their disclosures

2

to remedy the omissions. The lone exception was Defendants' inclusion of Dana White's -0682 device in Defendants' October and December 2025 disclosures. But that lone update does not lessen the gravity of Defendants' continuing violation of the Court's Orders.

6.     The Court finds further that Defendants and their counsel knew that their disclosures were not complete and thus willfully violated the Court's Orders. Moreover, the Court finds that Defendants' violation of these disclosure Orders was in bad faith as they tended to conceal the Defendants' spoliation and failure to preserve relevant evidence; the Court finds that Defendants did not disclose devices and apps used by Ariel Emanuel to cover up the spoliation alleged in the proceedings in Delaware. The Court further finds that Defendants did not only omit material information, but in fact made affirmative misrepresentations to cover up their lack of reasonable investigation, which misrepresentations were also designed to cover up Defendants' spoliation, including representations that Defendants had conducted a reasonable inquiry, as required by Fed. R. Civ. P. 26(g)(1).

### III.    WITHHOLDING RELEVANT DISCOVERY

7.     As the Court held previously, Defendants have engaged in an ongoing pattern of discovery violations, including by withholding relevant discovery without justification or explanation. This pattern of misconduct includes missing the Court-Ordered Substantial Completion Deadline without justification or excuse. Even today, Defendants have done little to correct or remedy this misconduct, having made little progress in producing the withheld documents.

### IV.    DEFENDANTS' SPOLIATION WAS INTENDED TO DEPRIVE PLAINTIFFS OF THE ESI

8.     The Court finds that Defendants intended to deprive Plaintiffs of the spoliated ESI. Not only did Defendants take affirmative action to destroy relevant ESI, including by deleting Instagram messages, manually deleting individual texts, disabling "Forever" retention settings, enabling ephemeral messaging, failing to transfer data to new cellphones when decommissioning phones and failing to image the decommissioned cellphone, failing to secure such decommissioned cellphones leaving them vulnerable to theft or loss, failing to retain the

3

passwords to decommissioned cellphones effectively spoliating any data that remained on the device by rending it inaccessible, and destroying cellphones without making any reasonable effort to preserve them, Defendants engaged in a course of conduct designed to prevent Plaintiffs and the Court from even discovering the spoliation.

9. Defendants also coordinated with their counsel and current and former employees to prevent Plaintiffs from obtaining the spoliated ESI from other sources. Such effort evidences the intent to deprive Plaintiffs of the substance of the spoliated ESI from any source.

### V. DEFENDANTS' SPOLIATION, WITHHOLDING OF DISCOVERY, AND VIOLATIONS OF DISCOVERY ORDERS PREJUDICED PLAINTIFFS

10. The Court finds that Defendants' spoliation of ESI, the withholding of a substantial volume of relevant documents without justification (including negotiations of thousands of contracts between the UFC and fighters and materials in relevant central files), and the violation of multiple Court Orders has prejudiced and will continue to prejudice Plaintiffs' ability to litigate this case on the merits. Given the scope of the misconduct, there is significant doubt that Plaintiffs and the Court will ever have access to the true facts concerning Plaintiffs' claims and Defendants' defenses.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Sanctions as to Defendants Zuffa, LLC, TKO Operating Company, LLC, and Endeavor Group Holdings, Inc. is **GRANTED.**

**IT IS FURTHER ORDERED** that default shall be entered against Defendants Zuffa, LLC, TKO Operating Company, LLC, and Endeavor Group Holdings, Inc. Such sanctions are authorized independently by each of Rules 37(b)(2), (c)(1), and (e)(2).

**IT IS FURTHER ORDERED** that the Court shall impose a mandatory, irrebuttable adverse inference, instructing the jury as to the scope of Defendants' spoliation and Defendants' efforts to conceal such spoliation, and instructing that the jury shall consider the spoliated evidence to have been unfavorable to Defendants. Such sanctions are authorized independently by each of Rules 37(b)(2), (c)(1), and (e)(2).

**IT IS FURTHER ORDERED** that the Court shall deem all devices and communications

4

apps that were not disclosed in response to the Court's December 4, 2025 Order to have been intentionally spoliated with the intent to deprive Plaintiffs of their contents. Such sanctions are authorized by Rule 37(b)(2).

**IT IS FURTHER ORDERED** that in any further proceedings, the following evidentiary sanctions shall apply:

A. <u>The devices and apps that Defendants did not disclose in the December 15, 2025 Court-Ordered Device Disclosure shall be deemed spoliated with the intention to deprive Plaintiffs of the ESI on such devices and apps provided that Plaintiffs can establish the devices and/or apps were used for business purposes.</u> The Court finds that Defendants willfully and in bad faith violated the Court's various device disclosure Orders, including the December 4, 2025 Order that afforded Defendants a final chance to report all such devices and apps. The Court finds that Plaintiffs identified to Defendants numerous devices and apps that Defendants had not included in their earlier Ordered disclosures, yet Defendants still omitted them. At this time, this sanction deems spoliated the devices of Denitza Batchvarova (and all text messages thereon), the cellphone device(s) used by Ariel Emanuel after January 2023 and his communications via Signal, Hunter Campbell's -7084 devices, and Dana White's business and personal devices with the -3127 and -1092 phone numbers, except his iPhone 11 Pro with the -1092 number. This sanction is authorized by Rule 37(b)(2).

B. <u>Defendants shall be precluded from introducing evidence that individual negotiations preclude a finding that the UFC imposes a pay structure for fighters.</u> The Court finds that Defendants' spoliation and their withholding of evidence concerning thousands of contracts with UFC fighters has prejudicially deprived Plaintiffs of evidence of the type used in *Le* that helps to establish that UFC imposes internal equity through a pay structure for fighters, *e.g.*, chats by Maynard, White, and Long concerning negotiations, and chats from Batchvarova, a central figure in the UFC's business strategy with a

historical role in setting the UFC's fighter pay structure.[1] The appropriate curative

sanction is to prohibit Defendants from introducing evidence that there is no

compensation structure or tiered compensation system. Plaintiffs may still attempt to

prove such compensation structure through other means—and must still meet their

burden of showing common impact at class certification—but Defendants cannot rebut

Plaintiffs' common impact and/or pay structure showing by introducing communications

or documents claiming that the negotiations are inherently individualized and untethered

to a pay structure. This sanction is authorized independently by each of Rules 37(c)(1),

(e)(1), and (e)(2).

C.  Preclude Evidence of Increased Competition and Lack of Coercion. The Court finds that

Defendants' spoliation and withholding of evidence, including spoliated and withheld

internal communications between White, Maynard, Campbell, Long, Emanuel, and

Batchvarova, has prejudicially deprived Plaintiffs of documents and communications

concerning the UFC's market power in the markets for MMA fighter services and for

promoting MMA events, as well as communications concerning the UFC's control over

fighters' careers (including evidence of the UFC coercing and having the ability to coerce

fighters to sign UFC contracts) has prejudicially deprived Plaintiffs of key evidence in

this litigation. Mitigating the prejudice of this lost and withheld evidence requires three

evidentiary sanctions: (1) precluding Defendants from introducing evidence from internal

communications and analyses that competition for fighter services has materially

increased since July 1, 2017; (2) precluding Defendants from introducing evidence from

internal communications and analyses that competition for promoting MMA events has

materially increased since July 1, 2017; and (3) precluding Defendants from introducing

evidence and analyses that purport to show that the UFC's control over fighters' careers

---

[1] *See, e.g., Le v. Zuffa, LLC*, 2023 WL 5085064, at *5 (D. Nev. Aug. 9, 2023) ("Zuffa had specific employees such as Joe Silva, who were tasked with the responsibility of maintaining consistency within Zuffa's tiered compensation structure for its fighters. This is to say that Zuffa sought to and did maintain a consistent structured payment system for its fighters in the Class Period.").

1     or efforts to coerce fighters to sign UFC contracts has changed since July 1, 2017. The

2     spoliated ESI of these individuals with key roles relating to such competition deprives

3     Plaintiffs of critical sources of evidence to rebut any contentions concerning competition

4     changes since July 1, 2017.[2] *See Leon v. IDX Sys. Corp.*, 464 F.3d 951, 960 (9th Cir.

5     2006) (where a spoliating party can introduce evidence on a matter that would have been

6     captured by the spoliated material, the non-spoliating party would be "helpless to rebut

7     any material that [the other party] might use…."). This sanction is authorized

8     independently by each of Rules 37(c)(1), (e)(1), and (e)(2).

9     D.   Preclude Endeavor from Arguing that Their Involvement in Operating the UFC Changed

10         After January 2023. The Court finds that the spoliated ESI, in particular the destroyed

11         and withheld internal communications by or between one or more of Emanuel, White,

12         and Batchvarova prejudicially impairs Plaintiffs ability to prove the extent of Endeavor's

13         involvement in UFC operations after January 2023. The appropriate sanction for

14         withholding and/or destroying such evidence that could show that Endeavor's control

15         over the UFC persisted after January 2023—*e.g.*, Ari Emanuel's post-January 2023

16         cellphone and Signal communications, Dana White's spoliation from May 2022 to

17         November 2024, and Batchvarova's spoliation through 2024—is to preclude Endeavor

18         from introducing evidence to the contrary. Endeavor may still attempt to prove that it had

19         no operational control before January 2023 as well as proving its other defenses; but to

20         the extent the factfinder determines that Endeavor had a role in operating the UFC before

21         January 2023 sufficient to establish Endeavor's liability for that earlier period, Endeavor

22         should be precluded from arguing that anything changed thereafter. The Court will issue

23         a jury instruction to effectuate this sanction. This sanction is authorized independently by

24         each of Rules 37(c)(1), (e)(1), and (e)(2).

25

26

27         [2] Even if Defendants derived some internal evidence or analyses separate from these
           individuals, Plaintiffs would still be prejudiced by the unavailability of communications that
28         could undermine or contradict such evidence.

7

E.  <u>The Court Finds that *Le* Evidence of Certain Matters Constitutes Current Evidence,</u>
<u>Subject to Defendants' Ability to Rebut Such Evidence (But Not With Evidence Derived</u>
<u>From the Spoliators).</u> The Court finds that, given the substantial breadth of the spoliation
across key custodians on which Plaintiffs and Defendants intended to rely concerning,
*inter alia*, competition and the MMA industry, fighter negotiations, market power, and
Defendants' business model, practices, and strategies, Plaintiffs have been substantially
prejudiced in their ability to properly update the *Le* record as to all aspects of the case. As
a result, the appropriate sanction that can at least partially mitigate this harm would be to
permit Plaintiffs to present evidence from the *Le* class period (up until June 30, 2015),
update that evidence as available with discovery from the *Johnson* and *Davis* actions, and
that the jury shall be instructed as though the matters established by such evidence (*e.g.*,
the state of competition, Defendants' business model and practices, etc.) continued
through the present. Defendants would be permitted to rebut such evidence, but not using
evidence from any of the Spoliators to do so. The Court shall also apply this evidentiary
sanction in considering pre-trial and post-trial issues, including class certification and
summary judgment. This sanction is authorized independently by each of Rules 37(c)(1),
(e)(1), and (e)(2).

F.  <u>Precluding Defendants from Introducing Any Affirmative Testimony from the Spoliators</u>
<u>or Any Documents Including Them, Collected from Them, Written by Them, or Where</u>
<u>the Importance of Such Document Is Based on the Spoliators Having Seen, Approved, or</u>
<u>Otherwise Used Such Document.</u> The Court finds that Defendants' widespread spoliation
and withholding of relevant discovery prejudicially deprives Plaintiffs of the ability to
fairly rebut any documents or testimony offered by or about these individual Spoliators.
The appropriate sanction to mitigate such prejudice is to preclude Defendants from
introducing testimony or documents from or about such individuals. Pursuant to this
sanction, Plaintiffs could rely on such materials, but Defendants could not affirmatively
do so. However, to the extent Plaintiffs rely on a portion of a document or testimony
which, in the interest of fairness, requires another portion of the document or testimony to

8

1    be included in the record for completeness, Defendants could argue for and introduce the

2    rest of the testimony or document required for such completeness (but no more than

3    necessary to do so). This sanction is authorized independently by each of Rules 37(c)(1),

4    (e)(1), and (e)(2).

5        **IT IS FURTHER ORDERED** that the Court is deferring ruling on appropriate sanctions

6    relating to the enforceability of arbitration clauses and class action waiver provisions in the

7    contracts of members of the proposed classes in light of the stay in the proceedings in *Cirkunovs*

8    *v. Zuffa, LLC*, No. 2:25-cv-914 (D. Nev.). Plaintiffs in these actions may seek further relief

9    concerning arbitration clauses and class action waiver provisions when that stay is lifted.

10

11        **IT IS SO ORDERED.**

12

13    Dated:_____

14

15                                        _____

16                                        HON. RICHARD F. BOULWARE, II
                                          UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTIONFOR SANCTIONS                    CASE NOS.  2:21-CV-1189; 2:25-CV-946