Joseph R. Saveri (*Pro Hac Vice*)
Christopher K.L. Young (*Pro Hac Vice*)
Kevin E. Rayhill (*Pro Hac Vice*)
Itak Moradi (*Pro Hac Vice*)
T. Brent Jordan (*Pro Hac Vice*)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, CA 94108
Telephone: (415) 500-6800
Facsimile:  (415) 315-9940
jsaveri@saverilawfirm.com
cyoung@saverilawfirm.com
krayhill@saverilawfirm.com
imoradi@saverilawfirm.com
tbjordan@saverilawfirm.com

*Counsel for Plaintiffs and the Proposed Class*

[Additional Counsel Listed on Signature Page]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| KAJAN JOHNSON, CLARENCE DOLLAWAY, and TRISTAN CONNELLY, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Zuffa LLC, TKO Operating Company, LLC f/k/a Zuffa Parent LLC (d/b/a Ultimate Fighting Championship and UFC) and Endeavor Group Holdings, Inc.,<br><br>Defendants. | Case No.: 2:21-cv-01189-RFB-BNW<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF APPLICATION FOR AN ORDER TO SHOW CAUSE WHY THIRD PARTY DOMINANCE MMA, LLC SHOULD NOT BE:**<br>**(1) HELD IN CONTEMPT FOR DEFYING THE COURT'S PRIOR ORDER (ECF NO. 245);**<br>**(2) ORDERED TO COMPLY WITH THE COURT'S PRIOR ORDER; AND**<br>**(3) ORDERED TO REIMBURSE PLAINTIFFS' REASONABLE ATTORNEYS' FEES AND COSTS**<br><br>Date:  March 3, 2026<br>Time:  9:15 a.m. |

# TABLE OF CONTENTS

Page

I. INTRODUCTION ...........................................................................................................1

II. DOMINANCE DID NOT SUBSTANTIALLY COMPLY WITH THE COURT'S ORDER, WHICH IS SANCTIONABLE ...................................................................3

    A. Dominance did not comply with and misrepresents the Court Order. ...........3

    B. Good faith is no defense—nor has Dominance acted in good faith ..............3

III. DOMINANCE'S CONFIDENTIALITY CONCERNS ARE MISLEADING AND ACCUSATORY. ..................................................................................................6

IV. DOMINANCE MAKES MULTIPLE UNSUPPORTED AND SPECULATIVE ASSERTIONS THAT SHOULD NOT BE CREDITED BY THE COURT. ................6

V. CONCLUSION ................................................................................................................8

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Foshee v. Mastec Network Sols., Inc*, No. 1:20-cv-00890-AWI-SAB, 2021 WL 5529891 (E.D. Cal. Nov. 24, 2021) ...........................................................................................3

*FTC v. Affordable Media, LLC*, 179 F.3d 1228 (9th Cir.1999) ...........................................................3

*Grant v. Regal Auto. Grp., Inc.*, No. 8:19-CV-363-T-23JSS, 2020 WL 3250076 (M.D. Fla. Apr. 13, 2020) ..................................................................................................................6

*In re Crystal Palace Gambling Hall, Inc.*, 817 F.2d 1361 (9th Cir. 1987) ........................................3

*Mayes v. City of Hammond*, 442 F. Supp. 2d 587 (N.D. Ind. 2006) ................................................7

*Soto v. City of Concord*, 162 F.R.D. 603 (N.D. Cal. 1995) .............................................................5

*United States v. Vernon*, 593 F. App'x 883 (11th Cir. 2014) ...........................................................7

*Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc.*, 689 F.2d 885 (9th Cir. 1982) ...........................3

**Statutes**

18 U.S.C. § 401(3) ............................................................................................................................3

## I. INTRODUCTION

This Court issued an express order compelling Dominance's production of materials responsive to Plaintiffs' Subpoena Request Nos. 5-11. *See* ECF No. 245 (the "Order"). In direct defiance of the Order, Dominance made it clear it refuses to produce any responsive documents absent a <u>second</u> order from the Court. *See, e.g.*, ECF No. 427-01, Declaration of Kevin E. Rayhill in Support of Plaintiffs' Application for an Order to Show Cause at Ex. 22 (Plaintiffs' January 5 letter summarizing conferral). Indeed, in its Opposition, Dominance never denies—and therefore admits— that it refused and is refusing to produce responsive materials, in compliance with the Court's Order. This noncompliance is the only issue before the Court. There is clear and convincing evidence not only of Dominance's contempt, but, based on the Opposition, of its decision to bypass the agreed-upon transparent process for collection that the parties executed and the Court entered. ECF No. 278 (Joint Scheduling Order).

Dominance's explanations for its conduct are unsubstantiated and in bad faith. It characterizes the Court's Order as "not a rigid production order" and therefore as not a "specific and definite order" that it could have violated. Opp. at 4. This remarkable assertion distorts the Court's plain language. Both the Order[1] and the transcript of the motion to compel hearing[2] compel production. Full stop. Dominance's contempt of the Order is thus patent. Dominance argues it has substantially complied with the Court's directive, by attempting to portray the current dispute as only a snag in otherwise continuing negotiations. Opp. at 2. This too omits key facts. The negotiations between the parties were only ordered for the sole purpose of facilitating the production of responsive materials, and to address burden and logistical issues. In November 2025, when the

---

[1] Court Order, ECF No. 245 ("For the reasons stated on the record, IT IS ORDERED the Motion to Compel is GRANTED as to Requests Nos. 5,6,7,8,9,10 & 11 and DENIED as to the remaining Requests. The parties are directed to meet and confer as directed by the Court at the hearing").

[2] August 28, 2025 Hearing Transcript, ECF No. 249 at 40:22–41:6 ("So for today what I'm going to do is grant the motion as it relates to requests that I've indicated, which are 5, 6, 7, 8, and 9, and 10 and 11 as indicated in terms of limitation regarding what's in Dominance's possession. And then I'm going to order that Dominance provide a list, after meeting and conferring with the plaintiffs, of the information as the Court has described. And then I'm going to direct the parties to come up with and propose a production schedule yourselves that you all agree upon as it relates to the schedule. And we should also come up with a protective order related to the material.")

final and most important deadline in the Joint Scheduling Order arose,[3] Dominance abruptly and without justification or excuse broke off those negotiations. ECF No. 427-01 at ¶¶ 17–25. It also reneged on executing the parties' negotiated agreement for a vendor. Since then, through the present, Dominance has never cured its noncompliance. The fact that Plaintiffs bent over backwards, agreeing to put off compliance and giving Dominance the benefit of the doubt did not and does not allow Dominance to avoid the Order.[4]

       Dominance also makes several unreliable factual assertions, unsupported by competent evidence or common sense, in attempts to excuse its non-compliance. Even if credited or believed, they serve to demonstrate why Dominance should be held in contempt. Dominance makes the unverified assertions that it cannot produce documents from two of three custodians whose materials it agreed to produce because those individuals quit.[5] These custodians were negotiated over four months ago. They were proposed and "short-listed" by Dominance. Dominance's preservation obligations should still apply to them. Dominance then claims it made an eleventh-hour last gasp attempt to collect President and CEO Ali Abdelaziz's documents. Even if true, it appears Dominance was unable to accomplish this basic function. Indeed, Dominance admits it made things worse with this attempt, as it claims the document retrieval failed, which raises an additional host of spoliation issues. Ultimately, Dominance suggesting the possibility of future collection and compliance for at least one custodian is only an acknowledgment that it was able to comply with the Court Order all along. This conduct further justifies a contempt order. Other issues raised are retreads of arguments already raised and rejected by the Court.

---

[3] *See* ECF No. 278 at (4) ("By November 18, the parties will meet and confer to draft a proposed schedule establishing specific deadlines for the collection, review, and production of documents, as well as the production of a privilege log by Dominance MMA.")

[4] Dominance's insinuation that it could not have defied the Court Order because the Joint Scheduling Order does not include a firm production date, Opp. at 5, is not well-taken. When Plaintiffs requested such a date during negotiations, Dominance asserted that it could not agree to a date until after collection completed, as it first needed to evaluate the volume of documents to conduct a privilege review. It now exploits Plaintiffs' good-faith acceptance of that proposal. ECF No. 427-01, ¶ 14.

[5] Plaintiffs note the apparent ubiquity of failures to observe and obey documentation preservation obligations and endemic spoliation issues in this case.

Ultimately, if Dominance had valid reasons to modify or reconsider the Order, it should have done so. It chose instead to defy it.

## II. DOMINANCE DID NOT SUBSTANTIALLY COMPLY WITH THE COURT'S ORDER, WHICH IS SANCTIONABLE

### A. Dominance did not comply with and misrepresents the Court Order.

For a contempt order, Plaintiffs must demonstrate violation of the Court's Order by clear and convincing evidence. *Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc.*, 689 F.2d 885, 889 (9th Cir. 1982). The burden then shifts to the contemnors to demonstrate why they were unable to comply. *FTC v. Affordable Media, LLC*, 179 F.3d 1228, 1239 (9th Cir.1999). A district court has inherent power to then enforce its orders by holding those who violated them in civil contempt and to issue corresponding sanctions. *Foshee v. Mastec Network Sols., Inc*, No. 1:20-cv-00890-AWI-SAB, 2021 WL 5529891, at *9 (E.D. Cal. Nov. 24, 2021); 18 U.S.C. § 401(3). Sanctions are also authorized by LR IA 11-8(e).

Here, Plaintiffs readily satisfy their burden. Dominance has not produced the materials the Court ordered it to produce and has refused to participate in the process the Court ordered. Dominance makes the bizarre argument that it is not in contempt of the Order because it complied with some aspects of it. It argues that its initial participation in negotiations over custodians, search terms, a supplement to the protective order, and the schedule for production are enough. Opp. at 3-4. While it is true the Court's Order specifies these items, the Court also compelled production. That has not happened. The Order does not permit Dominance to pick and choose what part of the Order with which to comply. Moreover, while Dominance did participate in some initial negotiations, it abruptly stopped negotiating, and then even reneged on the limited agreements it had reached in compliance with the Court order.

### B. Good faith is no defense—nor has Dominance acted in good faith

Dominance also asserts that it has acted in good faith and therefore cannot be held in contempt. This is not well-taken. There is "no good faith exception to the requirement of obedience to a court order." *In re Crystal Palace Gambling Hall, Inc.*, 817 F.2d 1361, 1365 (9th Cir. 1987).

Case No.: 2:21-cv-01189-RFB-BNW                         3
PLAINTIFFS' REPLY ISO APPLICATION FOR AN ORDER TO SHOW CAUSE

1  Regardless, no reasonable person would conclude Dominance was in good faith. The opposite is
2  true.
3      The record demonstrates Dominance's bad faith. First, Dominance failed to satisfy its duties
4  under the Court-sanctioned Joint Scheduling Order. Dominance ignored Plaintiffs for nearly two
5  months after its final deadline under the Joint Scheduling Order came and went, only to finally
6  respond that it would not be complying with the remainder of its obligations. ECF No. 427-01, ¶¶
7  17–25.  Before that, it reneged on finalizing the contract to employ the document collection vendor
8  that Dominance specifically requested Plaintiffs hire. ECF No. 427-01, ¶¶ 17–18.
9      Second, Dominance justifies its contempt by rehashing confidentiality concerns that the
10 Court already addressed.[6]  Dominance claims it engaged with Plaintiffs but that "[t]he process
11 stalled only when legitimate issues arose concerning third-party confidentiality, lack of control over
12 independent contractors' devices,[7] and the adequacy of safeguards for confidential information
13 belonging to third parties." Opp. at 2. Each of these issues were already raised in their opposition to
14 Plaintiffs' July 23, 2025 Motion to Compel (the "MTC"), and the Court addressed them at the
15 hearing, in its Order, and by adopting the Protective Order Addendum stipulated to by the parties.
16 ECF No. 249 at 16, 25, 41-42; ECF No. 245; ECF No. 279. Dominance pretends this did not happen.
17 Indeed, Dominance attested in the Addendum that it agreed "to comply with and to be bound by all
18 the terms" in the Protective Order. Dominance fails to explain in its Opposition *why* it now believes
19 its documents would not be adequately protected under the operative Protective Order. This lack of
20 explanation calls into question whether Dominance executed the Addendum in good faith in the first
21 place. To that end, any vague complaints in the Opposition about "public amplification" and "media
22 attention" as basis for not trusting the Protective Order are a distraction from the simple issue before

---

[6] Dominance argues in Opposition that it "must ensure" that its materials should be filed under seal and used solely for purposes of this litigation, and "protected by clear provisions providing that any unauthorized disclosure or misuse is subject to appropriate remedial measures or sanctions." Opp. at 6. Plaintiffs of course agree. The Court has already provided Dominance with this assurance.

[7] Regarding Dominance's argument about access to independent contractor information, Plaintiffs believed the parties had long rectified this issue when Dominance identified the appropriate three custodians under its control through the parties negotiations.

1  the Court—compliance with its Order. Media attention to this case does not equate to Plaintiffs not
2  honoring safeguards for sensitive information that have functioned well in this litigation for years,
3  particularly considering the additional protections the Court offered Dominance.

4        Third, Dominance's actions since the filing of Plaintiffs' Application, which it claims were to
5  "move the process forward," Opp. at 7, include recent unilateral attempts to image Mr. Abdelaziz's
6  devices. The Opposition is the first time Plaintiffs learned about the purported unilateral document
7  collection attempt, which came as a surprise. Plaintiffs met with the same vendor in October, at
8  Dominance's request, and agreed to pay for the collection. The parties then exchanged a vendor
9  contract. Dominance refused to sign it. ECF No. 427-01 at ¶¶ 9, 11, 15–18. Such efforts were
10 contrary to the agreed upon procedure The fact that "technical reasons" then rendered that attempt
11 unsuccessful highlight the failure to follow that procedure and now raise the substantial likelihood
12 that there is a spoliation issue.[8] Dominance had ample opportunity to inform Plaintiffs of its change
13 in position with respect to Mr. Abdelaziz throughout January 2026, as Plaintiffs reached out multiple
14 times to reach out to assess the situation. *See* ECF No. 427-01 at ¶ 25–27. The Opposition does not
15 explain any these facts.

16       Fourth, Dominance asserts that it cannot be held in contempt for materials outside its
17 possession, custody, or control. But Dominance provides no evidentiary support or a declaration
18 attesting to the fact that two of its custodians have purportedly now quit the company. Dominance
19 also has the legal right to demand documents from independent contractors who worked on its
20 behalf.[9] Dominance never told Plaintiffs during negotiations that it lacked the ability to demand that
21 the two custodians it proposed to produce their phones for production. ECF No. 427-01 at ¶ 13.

---

[8] Given this new disclosure, Plaintiffs respectfully that Dominance inventory all devices likely to contain responsive discoverable ESI and to produce them to the Court or a Court-appointed Special Master or custodian without delay.

[9] "A party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document." *Soto v. City of Concord*, 162 F.R.D. 603, 619 (N.D. Cal. 1995) (finding that defendant had the legal right to demand psychiatric reports created at its request by a third party and ordering defendant to produce).

More importantly, this new assertion does not serve to excuse Dominance's non-compliance. It amplifies it. Dominance clearly admits its control over one custodian, Mr. Abdelaziz, for whom it still has not produced a single document. In that regard, its representation that "the process is currently underway" with respect to the productions is puzzling. Opp. at 8. Dominance does not explain what it is doing, including the extent to which it does or does not comply with the Court's order or the agreements between the parties implementing it.

Dominance's actions cast considerable doubt on its claims of good faith and highlight its contempt of Court Order.

### III. DOMINANCE'S CONFIDENTIALITY CONCERNS ARE MISLEADING AND ACCUSATORY.

Dominance complains about Plaintiffs' filing of an unredacted list of potential custodians. Dominance provided this list to Plaintiffs without confidentiality designation. Dominance did so after its agreement to the Supplemental Protective Order. Familiarity with its terms should be presumed. Because the document does not contain any information that must be redacted under Federal Rule of Civil Procedure 5.2, Plaintiffs did not think—and do not think—there was an issue with filing the document in the public docket. Nonetheless, immediately upon receiving Dominance's letter complaining of the filing, Plaintiffs contacted the Court and the document was sealed less than 45 minutes after Plaintiffs received Dominance's letter. The following day, Plaintiffs filed a redacted version of the document on the public docket. The limited potential for harm from filing a non-confidential document was further limited by Plaintiffs' good faith steps to remove the document from the public docket nearly immediately.

### IV. DOMINANCE MAKES MULTIPLE UNSUPPORTED AND SPECULATIVE ASSERTIONS THAT SHOULD NOT BE CREDITED BY THE COURT.

Dominance's Opposition is not supported by a declaration or any other competent evidence. The Opposition is littered with speculative assertions and hearsay that cannot be relied on by the Court. Statements and arguments of counsel do not constitute evidence. *See, e.g., Grant v. Regal Auto. Grp., Inc.*, No. 8:19-CV-363-T-23JSS, 2020 WL 3250076, at *2 (M.D. Fla. Apr. 13, 2020) (internal citations omitted). As a result, courts routinely disregard arguments that are not supported

1  by evidence. *See, e.g.*, *Mayes v. City of Hammond*, 442 F. Supp. 2d 587, 596 (N.D. Ind. 2006) ("[I]t
2  is the function of a court, with or without a motion to strike, to review carefully both statements of
3  material facts and statements of genuine issues and the headings contained therein and to eliminate
4  from consideration any argument, conclusions, and assertions unsupported by the documented
5  evidence of record offered in support of the statement."); *United States v. Vernon*, 593 F. App'x 883,
6  887 (11th Cir. 2014)).

For example, Dominance asserts that several "fighters" expressly objected to disclosure of their contractual and financial terms. Opp. at 6. This is clearly hearsay. It is also without foundation. Dominance fails to identify the clients, fails to support this statement with a declaration or other evidence, and fails to explain why the applicable provisions of the Protective Order would not satisfy the concerns "the disclosure of contractual and financial terms carries potential personal, professional, or regulatory consequences." *Id.* It goes on to propose remedial measures for unauthorized disclosure that go far beyond anything in the Supplemental Protective Order that Dominance negotiated.

As part of its justification for refusing to produce documents, Dominance also claims it has heightened confidentiality concerns based on "Plaintiffs' specific actions." Opp. at 5 & Exs. A, B. The inadmissibility of Dominance's exhibits and its non-compliance with the applicable rules are addressed in Plaintiffs' accompanying motion to strike. Notwithstanding, Dominance's accusatory arguments fall flat. Exhibit A contains no confidential information whatsoever. Dominance does not assert otherwise. The short audio file appears to depict a plaintiff providing a straightforward account of what transpired at a status conference regarding discovery issues and the motion to compel hearing regarding Dominance, for the benefit of absent class members who did not have access to the hearing but have an interest in knowing what took place. Ironically, Dominance is the only party that has broadcast "the defamatory comments" posted by unknown individuals by filing them on the Court's docket (Ex. B).

Similarly, Dominance fails to substantiate its arguments that agreed-upon custodians have now quit are unavailable with evidence.

## V. CONCLUSION

If Dominance faced legitimate issues with complying with the Court Order, there were procedural means of raising them to seek relief from the Court. It did not do so, nor does it explain its failure to. Plaintiffs' requested remedies, including reimbursement of attorneys' fees, remain entirely appropriate. If Dominance now intends to comply, Plaintiffs request that the Court set specific deadlines, given Dominance's litigation history in resisting this discovery and the unabashed nature of the supposed excuses that it provides for failing to comply with the Court's directives.

Dated: February 27, 2026

Respectfully submitted,

*/s/ Joseph R. Saveri*
Joseph R. Saveri

Joseph R. Saveri (*pro hac vice*)
Christopher K.L. Young (*pro hac vice*)
Kevin E. Rayhill (*pro hac vice*)
Itak Moradi (*pro hac vice*)
T. Brent Jordan (*pro hac vice*)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone:(415) 500-6800
Facsimile: (415) 395-9940
jsaveri@saverilawfirm.com
cyoung@saverilawfirm.com
krayhill@saverilawfirm.com
imoradi@saverilawfirm.com
tbjordan@saverilawfirm.com

Eric L. Cramer (admitted *pro hac vice*)
Michael Dell'Angelo (admitted *pro hac vice*)
Patrick F. Madden (admitted *pro hac vice*)
**BERGER MONTAGUE, P.C.**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604
ecramer@bm.net
mdellangelo@bm.net
pmadden@bm.net

Joshua P. Davis (admitted *pro hac vice*)
**BERGER MONTAGUE, P.C.**
505 Montgomery Street, Suite 625
San Francisco, CA 94111
Telephone: (415) 906-0684
Facsimile: (215) 875-4604
jdavis@bm.net

Benjamin D. Brown (admitted *pro hac vice*)
Richard A. Koffman (admitted *pro hac vice*)
Daniel H. Silverman (admitted *pro hac vice*)
**COHEN MILSTEIN SELLERS**
 **& TOLL, PLLC**
1100 New York Avenue, N.W., Suite 500, East Tower
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408 4699
bbrown@cohenmilstein.com
rkoffman@cohenmilstein.com
dsilverman@cohenmilstein.com

W. Joseph Bruckner (admitted *pro hac vice*)
Brian D. Clark (admitted *pro hac vice*)
**LOCKRIDGE GRINDAL NAUEN PLLP**
100 Washington Avenue S, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 596-4001
Facsimile: (612) 339-0981
wjbruckner@locklaw.com
bdclark@locklaw.com

Kyle Pozan (admitted *pro hac vice*)
**LOCKRIDGE GRINDAL NAUEN PLLP**
1165 N. Clark Street, Suite 700
Chicago, IL 60610
Telephone: (612) 339-6900
kjpozan@rlocklaw.com

*Counsel for Plaintiffs Kajan Johnson and Clarence Dollaway and the Proposed Class*

Michael J. Gayan
**CLAGGET & SYKES**
4101 Meadows Lane, Suite 100
Las Vegas, NV 89107
Telephone: (702) 333-7777
Facsimile: (702) 655-3763

*Liaison Counsel for Plaintiffs Kajan Johnson and Clarence Dollaway and the Proposed Class*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was served on February 27, 2026, via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

                                                                                 */s/ Joseph R. Saveri*
                                                                                  Joseph Saveri
                                                                                  JOSEPH SAVERI LAW FIRM, LLP