1  WILLIAM A. ISAACSON (*Pro hac vice*)
   wisaacson@dirllp.com
2  JESSICA PHILLIPS (*Pro hac vice*)
   jphillips@dirllp.com
3  AGBEKO PETTY (*Pro hac vice*)
   apetty@dirllp.com
4  DUNN ISAACSON RHEE LLP
   401 Ninth Street NW
5  Washington, DC 20004
   Tel:  (202) 240-2900
6
7  DONALD J. CAMPBELL (No. 1216)
   djc@cwlawlv.com
8  J. COLBY WILLIAMS (No. 5549)
   jcw@cwlawlv.com
9  CAMPBELL & WILLIAMS
   710 South 7th Street, Ste. A
10 Las Vegas, NV 89101
   Tel:  (702) 382-5222

CHRISTOPHER S. YATES (*Pro hac vice*)
chris.yates@lw.com
AARON T. CHIU (*Pro hac vice*)
aaron.chiu@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Tel:  (415) 391-0600

[Additional counsel listed on signature page]

*Attorneys for Defendants Zuffa, LLC, TKO Operating Company, LLC and Endeavor Group Holdings, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| KAJAN JOHNSON, CLARENCE DOLLAWAY, AND TRISTAN CONNELLY, on behalf of themselves and all others similarly situated,<br><br>         Plaintiffs,<br><br>   v.<br><br>ZUFFA, LLC, TKO Operating Company, LLC f/k/a Zuffa Parent LLC (d/b/a Ultimate Fighting Championship and UFC), and ENDEAVOR GROUP HOLDINGS, INC.,<br><br>         Defendants. | Case No.: 2:21-cv-01189-RFB-BNW<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS UNDER FED. R. CIV. P. 37 PURSUANT TO THE COURT'S ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL INTERROGATORY RESPONSES (ECF NO. 366)**<br><br>**ORAL ARGUMENT REQUESTED** |

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION .................................................................................................. 1

II.  STATEMENT OF FACTS ..................................................................................... 2
     A.   January 17, 2025:  Plaintiffs Serve Nine Sweeping Interrogatories ............. 2
     B.   February 18, 2025:  Zuffa And TKO Timely Respond And The
          Parties Begin To Meet And Confer ............................................................... 2
     C.   August 25, 2025:  Amidst Ongoing Meet And Confers, Plaintiffs
          File A Motion To Compel.............................................................................. 3
     D.   September 17, 2025:  Defendants Serve Amended Responses
          Under Rule 33(d) ......................................................................................... 3
     E.   September 24, 2025:  Defendants File An Opposition To Plaintiffs'
          Motion To Compel, Citing Their Supplemental Responses To The
          Five Remaining Interrogatories At Issue ...................................................... 4
     F.   October 3, 2025:  Plaintiffs File A Reply Brief Challenging The
          Sufficiency Of Defendants' Responses ........................................................ 4
     G.   October 10, 2025:  Zuffa, TKO, And Endeavor File A Motion To
          Strike New Arguments Raised In Plaintiffs' Reply Brief.............................. 5
     H.   January 6, 2026:  The Court Grants Plaintiffs' Motion To Compel
          In Part.......................................................................................................... 5
     I.   February 22, 2026: Plaintiffs Move For Fees And Costs ............................. 6
     J.   March 9, 2026: Defendants Provide Further Amended Responses
          To Plaintiffs' Remaining Five Interrogatories ............................................. 6

III. LEGAL STANDARD ............................................................................................ 6

IV.  ARGUMENT ......................................................................................................... 7
     A.   An Award Of Fees And Costs Is Inappropriate Because
          Defendants' Responses Were Substantially Justified And Plaintiffs
          Did Not Attempt In Good Faith To Obtain The Interrogatory
          Responses Absent Court Intervention........................................................... 7
     B.   An Award Of Fees And Costs Is Also Inappropriate Under Rule
          37(A)(5)(A)(Iii) Because "Other Circumstances" Would Make
          Such An Award Unjust .................................................................................. 9
     C.   Plaintiffs Cannot Substantiate Their Fee Request Because They
          Failed To Submit Any Time Records .......................................................... 10
     D.   The Hours And Fees Plaintiffs Claimed On A Motion To Compel
          Further Responses To A Handful Of Interrogatories Are Patently
          Unreasonable............................................................................................... 13
          i.    The Expenditure Of Nearly 200 Hours Of Attorney Time
                On A Narrow Dispute Is Facially Unreasonable ................................ 13
          ii.   Plaintiffs' Requested Rates Are Excessive ........................................ 15
          iii.  Plaintiffs Only Achieved Limited Success ........................................ 17

V.   CONCLUSION..................................................................................................... 18

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

### CASES

*Aevoe Corp. v. AE Tech Co.*,
 2013 WL 5324787 (D. Nev. Sept. 20, 2013) .................................................................... *passim*

*Aevoe Corp. v. Shenzhen Membrane Precise Electron Ltd.*,
 2012 WL 2244262 (D. Nev. June 15, 2012) ................................................................................ 15

*Aldaya v. Encore Capital Grp., Inc.*,
 2017 WL 11139922 (D. Haw. Jan. 20, 2017) ............................................................................... 9

*Alutiiq Int'l. Solutions, LLC v. Lyon*,
 2012 WL 4182026 (D. Nev. Sept. 17, 2012) ......................................................................... 13, 14

*Bd. of Trs. as Trs. of Nat'l Roofing Indus. Pension Fund v. Von Noorda*,
 2017 WL 9401152 (D. Nev. Dec. 4, 2017) ................................................................................. 16

*Berryhill v. Johnson*,
 2012 WL 13020328 (C.D. Cal. Jul. 19, 2012) ............................................................................ 12

*Blum v. Stenson*,
 465 U.S. 886 (1984) .................................................................................................................... 15

*Bobrick Washroom Equip., Inc. v. Am. Specialties, Inc.*,
 2013 WL 12129368 (C.D. Cal. Feb. 20, 2013) ........................................................................... 14

*Boca Park Marketplace Syndications Grp., LLC v. Ross Dress for Less, Inc.*,
 2020 WL 2892586 (D. Nev. May 31, 2020) ............................................................................... 16

*Bowne of New York City, Inc. v. AmBase Corp.*,
 161 F.R.D. 258 (S.D.N.Y. 1995) .................................................................................................. 9

*Byzantine Cath. Eparchy of Phoenix v. Burri Law PA*,
 2022 WL 3597106 (D. Ariz. June 17, 2022) ............................................................................. 7, 8

*Camacho v. Bridgeport Fin., Inc.*,
 523 F.3d 973 (9th Cir. 2008) ....................................................................................... 6, 13, 15, 16

*Chalmers v. City of Los Angeles*,
 796 F.2d 1205 (9th Cir. 1986) ...................................................................................................... 6

*City of Riverside v. Rivera*,
 477 U.S. 561 (1986) .................................................................................................................... 10

*Comcast of Ill. X, LLC v. Jung Kwak*,
 2010 WL 3781768 (D. Nev. Sept. 17, 2010) .............................................................................. *passim*

*Cruz ex rel. Cruz v. Alhambra School Dist.*,
    601 F. Supp. 2d 1183 (C.D. Cal. 2009) ...................................................................15

*Dish Network L.L.C. v. Jadoo TV, Inc.*,
    2019 WL 7166067 (C.D. Cal. Nov. 8, 2019)...........................................................12

*Does 1-35 v. Laxalt*,
    2025 WL 973842 (D. Nev. Mar. 31, 2025) ..............................................................11

*Easley v. U.S. Home Corp.*,
    2012 WL 3245526 (D. Nev. Aug. 7, 2012) ..............................................................13

*Energy Mgmt. Collab., LLC v. Darwin Tech LLC*,
    2024 WL 2335629 (C.D. Cal. Apr. 25, 2024) .........................................................11

*EVO Brands, LLC v. Al Khalifa Grp. LLC*,
    2023 WL 5506883 (C.D. Cal. Aug. 17, 2023).............................................................7

*Garcia v. SEIU*,
    2019 WL 8750276 (D. Nev. Jan. 17, 2019)................................................................6

*Gates v. Deukmejian*,
    987 F.2d 1392 (9th Cir. 1992) .................................................................................12

*Gopher Media, LLC v. Spain*,
    2020 WL 6449193 (S.D. Cal. Nov. 3, 2020)..............................................................9

*Hefler v. Wells Fargo & Co.*,
    2018 WL 6619983 (N.D. Cal. Dec. 18, 2018) .........................................................17

*Hensley v. Eckerhart*,
    461 U.S. 424 (1983)........................................................................................ *passim*

*Herb Reed Enters. v. Monroe Powell's Platters*,
    2013 WL 3729720 (D. Nev. July 11, 2013) .............................................................13

*Holland v. State Farm Mut. Auto. Ins. Co.*,
    2013 U.S. Dist. LEXIS 76671 (D. Nev. May 31, 2013).........................................13

*In re Com. Money Ctr. Inc.*,
    2006 WL 6589751 (Bankr. S.D. Cal. June 29, 2006).................................................9

*In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*,
    2017 WL 1047834 (N.D. Cal. Mar. 17, 2017).........................................................17

*Ingram v. Oroudjian*,
    647 F.3d 925 (9th Cir. 2011) ...................................................................................16

*Kiva Health Brands LLC v. GoodVitamin Foods Pvt. Ltd.*,
    2023 WL 3984685 (D. Haw. May 19, 2023)...........................................................15

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFS.' OPP. TO PLS.' MOT. FOR ATTORNEYS' FEES & COSTS

iii

CASE NO. 2:21-CV-01189-RFB-BNW

*LHF Prods., Inc. v. Kabala*,
  2019 WL 7403960 (D. Nev. Dec. 31, 2019).................................................................16

*Marrocco v. Hill*,
  291 F.R.D. 586 (D. Nev. 2013)..............................................................................13, 15

*Montes v. City of Yakima*,
  2015 WL 11120966 (E.D. Wash. June 19, 2015)......................................................11

*Morgan Hill Concerned Parents Ass'n v. Cal. Dept. of Educ.*,
  2017 WL 3116818 (E.D. Cal. July 21, 2017) ...........................................................18

*Oakley, Inc. v. Neff, LLC*,
  2015 WL 5311392 (S.D. Cal. Sept. 11, 2015) ...........................................................7

*Perrong v. Sperian Energy Corp.*,
  2020 WL 2996063 (D. Nev. June 4, 2020)................................................................16

*Pierce v. Underwood*,
  487 U.S. 552 (1988).....................................................................................................7

*Reinsdorf v. Skechers U.S.A., Inc.*,
  296 F.R.D. 604 (C.D. Cal. 2013) ................................................................................8

*Roberts v. Clark Cnty. Sch. Dist.*,
  312 F.R.D. 594 (D. Nev. 2016)...............................................................................7, 8

*Ryan v. Editions Ltd. W., Inc.*,
  786 F.3d 754 (9th Cir. 2015) .....................................................................................10

*Schwarz v. Sec'y of Health and Human Servs.*,
  73 F.3d 895 (9th Cir. 1995) .......................................................................................17

*Scott v. Smith's Food and Drug Centers, Inc.*,
  2020 WL 343642 (D. Nev. Jan. 21, 2020)................................................................16

*Telasia, Inc. v. EZ Supply, Inc.*,
  2015 WL 2095874 (D. Nev. May 5, 2015).................................................................16

*Tirona v. State Farm Mut. Auto. Ins. Co.*,
  821 F. Supp. 632 (D. Haw. 1993) ..............................................................................17

*Torres v. Rothstein*,
  2021 WL 297124 (D. Nev. Jan. 27, 2021).................................................................16

*United States v. Chen*,
  2005 WL 8153116 (D. Nev. Apr. 18, 2005)..............................................................10

*Vargas v. Quest Diagnostics*,
  2021 WL 4642785 (C.D. Cal. Sept. 8, 2021) ...........................................................13

*Welch v. Metropolitan Life Ins. Co.*,
   480 F.3d 942 (9th Cir. 2007) ................................................................................17

## RULES

Fed. R. Civ. P.
   33........................................................................................................................................2
   33(b)....................................................................................................................................4
   33(d)........................................................................................................................ *passim*
   37.........................................................................................................................2, 5, 9, 17
   37(a)(4)(A)........................................................................................................................10
   37(a)(5)(A).............................................................................................................6, 7, 11, 12
   37(a)(5)(A)(ii)....................................................................................................................7
   37(a)(5)(A)(iii)..................................................................................................................9
   37(a)(5)(C)........................................................................................................................18

1   Defendants Zuffa, LLC, and TKO Operating Company, LLC, (together, "Defendants"), by

2   and through their attorneys of record, hereby file this opposition to Plaintiffs' Motion for

3   Attorneys' Fees and Costs (Dkt. 444) (the "Fees Motion").

4                    **MEMORANDUM OF POINTS AND AUTHORITIES**

5   **I.    INTRODUCTION**

6           Plaintiffs seek a windfall for a motion they filed prematurely, expanded improperly, and

7   staffed unreasonably—all to litigate a good-faith disagreement over discovery methodology that

8   they now seek to recast as sanctionable misconduct.  Plaintiffs filed their Motion to Compel while

9   the parties were still meeting and conferring, and then changed the scope of the Motion to Compel

10  throughout the briefing.  This necessitated additional unnecessary work by all parties.  At its core,

11  the dispute presented a straightforward question: should Defendants be required to supplement

12  their responses invoking Rule 33(d) for seven interrogatories.  The Court should deny the Fees

13  Motion for the following reasons:

14          *First*, Plaintiffs' Motion to Compel was entirely unnecessary.  The Motion to Compel was

15  filed while the parties were meeting and conferring and, ultimately, the result of Plaintiffs'

16  unnecessary motion practice was simply an order that Defendants provide narrative answers rather

17  than cite documents that Defendants had already produced, as Rule 33(d) expressly allows.

18  Because Defendants' responses were substantially justified under Rule 33, an award of fees and

19  costs is unwarranted under Rule 37.  Indeed, Plaintiffs ultimately changed their argument to

20  confirm that they were not challenging Defendants' compliance (as they initially argued) but rather

21  the sufficiency of the responses.  The two do not warrant the same treatment under Rule 37 and

22  this further confirms that Defendants' responses were substantially justified.  In addition, during

23  motion practice, Plaintiffs clarified their Motion to Compel to confirm that they were not actually

24  moving to compel against Endeavor and only moving with respect to certain interrogatories against

25  TKO and Zuffa; this also makes clear that Defendants' positions were substantially justified.

26          *Second*, Plaintiffs cannot justify their extraordinary monetary demand for a patently

27  unnecessary motion.  Plaintiffs do not submit a single billing record to substantiate their request

28  of nearly $180,000 in fees and instead simply ask that the Court take Plaintiffs' word for it.  Dkt.

444-1, Ex. A, Ex. B. Ordinary course, detailed, billing records are required even when Plaintiffs are not seeking what amounts to roughly $26,000 per interrogatory over what was ultimately a question of whether a 33(d) response was sufficient.[1] That is not reasonable by any standard. Plaintiffs' Fees Motion is untethered to the facts and their fee request is an effort to recover for unreasonable, inefficient, and unnecessary attorney work.

## II.    STATEMENT OF FACTS

### A.    January 17, 2025:  Plaintiffs Serve Nine Sweeping Interrogatories

Plaintiffs served their First Set of Interrogatories as to Endeavor, TKO, and Zuffa on January 17, 2025, which comprised nine interrogatories. Dkt. 234-3; Dkt. 444 at 2. The interrogatories were compound, multi-part requests that spanned nearly a decade-long period. They sought extensive information about Zuffa, TKO, and Endeavor's corporate structures, business operations, and financial data—including beneficial ownership, every MMA business entity in which Zuffa, TKO, and Endeavor held an interest, all individuals who posted on social media on Zuffa, TKO, and Endeavor's behalf, all fighters who competed in UFC events along with bout-by-bout compensation and revenue breakdowns, all personnel involved in negotiating multiple categories of agreements, a list of all competitors, and a list of fighters Zuffa unsuccessfully attempted to sign or retain. Dkt. 234-3.

### B.    February 18, 2025:  Zuffa And TKO Timely Respond And The Parties Begin To Meet And Confer

Zuffa and TKO timely served initial responses and objections on February 18, 2025. Dkt. 234-4. In those initial responses, Zuffa and TKO objected to certain interrogatories and the requested timeframe, but agreed to "collect and provide" information for most interrogatories.

---

[1] Plaintiffs initially served all three Defendants with Interrogatories: Interrogatories Nos. 1–3 were directed towards Zuffa, TKO, and Endeavor, and Interrogatories Nos. 4-9 were directed towards Zuffa. Dkt. 234-3. Plaintiffs later filed a Motion to Compel directed towards Zuffa and TKO. Dkt. 234. Later, Plaintiffs clarified that the Motion to Compel was not directed towards Endeavor. *See* Dkt. 267 at 5. Plaintiffs also later withdrew their Motion to Compel as to Interrogatory No. 2 for Zuffa and TKO, and Interrogatory No. 4 as to Zuffa. *See* Dkt. 261 at 4–5, 5 n.4. Thus, of the nine original Interrogatories directed towards Endeavor, Zuffa, and TKO, only Interrogatories Nos. 1 and 3 are live as to Zuffa and TKO, and Interrogatories Nos. 5–9 are live as to Zuffa.

Dkt. 234-4.[2]

Beginning on February 19, 2025—one day after Zuffa and TKO's initial responses—the parties engaged in meet-and-confer efforts regarding the scope, timing, and method of Zuffa and TKO's supplemental responses. Dkt. 234 at 3; Dkt. 444 at 5. By March 30, 2025, the parties had reached agreement on the scope of Zuffa and TKO's supplemental responses to Interrogatories Nos. 1, 4–7, and 9, with the scope of the remaining interrogatories resolved by June 2, 2025.[3] Dkt. 234-7 at 3–4; Dkt. 234-10 at 2–3; Dkt. 255 at 2.

### C.    August 25, 2025:  Amidst Ongoing Meet And Confers, Plaintiffs File A Motion To Compel

Zuffa and TKO repeatedly assured Plaintiffs of their intent to respond to the outstanding interrogatories "promptly following the production of Defendants' privilege log and related documents," and were in the process of producing the relevant documents. Dkt. 229 at 8. Nonetheless, on August 25, 2025, amidst ongoing meet-and-confer discussions, Plaintiffs prematurely filed a Motion to Compel Defendants Zuffa and TKO to Provide Responses to Plaintiffs' First Set of Interrogatories ("Motion to Compel"). Dkt. 234. Two days later, on August 27, 2025, Defendants notified Plaintiffs of their "inten[t] to supplement their responses to Plaintiffs' first set of interrogatories by [September 17, 2025]," and sought either withdrawal of the Motion to Compel or a stipulated extension. Dkt. 261-3 at 6–7. Rather than accept this proposal, which would have resolved the dispute without the Court's intervention, Plaintiffs maintained the Motion to Compel. *Id.* at 5–6.

### D.    September 17, 2025:  Defendants Serve Amended Responses Under Rule 33(d)

On September 8, 2025, the parties stipulated that Defendants would serve amended responses by September 17, 2025. Dkt. 250; Dkt. 251 (Order Granting Joint Stipulation). The stipulation recognized "the potential that Defendants' supplemental responses may moot some of the issues raised or relief sought in the Motion." Dkt. 251 at 3. The stipulation also provided for

---

[2] Endeavor objected to Plaintiffs' Interrogatories on the basis that Endeavor was not properly a defendant in the action at the time. Dkt. 234-4 at 2.

[3] At this time, Zuffa intended to respond on behalf of Zuffa and TKO. *See* Dkt. 229 at 8. Plaintiffs later protested that TKO should respond individually. *Id.*

the "Parties to meet and confer regarding Defendants' . . . Supplemental Answers in advance of Defendants' Response date." *Id.*

Defendants served amended responses on behalf of Zuffa, TKO, and Endeavor on September 17, 2025 (the "Amended Responses"), as stipulated. Dkt. 255-4. The Amended Responses specified business records by Bates number in accordance with Rule 33(d), which permits responding to interrogatories by specifying records from which the answer may be derived where the burden of deriving the answer is substantially the same for either party. *Id.*; Fed. R. Civ. P. 33(d). Defendants also served a comprehensive privilege log on the same date. Dkt. 255-1 ¶ 3. The responses were signed and verified, as required by Rule 33(b). *Id.*

**E.    September 24, 2025:  Defendants File An Opposition To Plaintiffs' Motion To Compel, Citing Their Supplemental Responses To The Five Remaining Interrogatories At Issue**

On September 19, 2025, the parties met and conferred, and Defendants understood that because Defendants had provided good faith responses to Plaintiffs' requests, Plaintiffs had withdrawn their Motion as to Interrogatories Nos. 1–4 for Zuffa, and as to all Interrogatories for Defendants Endeavor and TKO. Dkt. 255-1 ¶ 4. Thereafter, Defendants filed their Opposition to Plaintiffs' Motion to Compel on September 24, 2025. In the Opposition, Defendants asserted that Plaintiffs' Motion was moot because Zuffa served signed, verified supplemental answers to Interrogatories Nos. 5-9 (all of the interrogatories that Defendants believed were subject to the narrowed Motion at the time) along with specific Rule 33(d) Bates identifications and a comprehensive privilege log on September 17, 2025. Dkt. 255 at 1. This resolved the only remaining issue in the Motion. *Id.* Any challenge to the sufficiency of the responses was, as Defendants understood, beyond the scope of the original Motion to Compel. *Id.*

**F.    October 3, 2025:  Plaintiffs File A Reply Brief Challenging The Sufficiency Of Defendants' Responses**

In their October 3, 2025 Reply brief, Plaintiffs asserted that Defendants misunderstood the scope of the Motion to Compel, and that Plaintiffs had not withdrawn any part of their Motion to Compel. Dkt. 261 at 4 (claiming that Plaintiffs "have not withdrawn" their Motion to Compel). Nonetheless, in their Reply brief, Plaintiffs proceeded to withdraw their Motion to Compel as to

Interrogatory No. 2 as directed towards TKO, Zuffa, and Endeavor, and Interrogatory No. 4 as directed towards Zuffa.  *Id.* at 4-5 ("[T]he Motion remains live as to all Defendants for Interrogatory Nos. 1 & 3, and as to Zuffa for Interrogatory Nos. 5-9."), 5 n.4.

In their Reply brief, Plaintiffs also recast their Motion to Compel.  Their original Motion to Compel sought to compel responses Defendants had not yet provided.  Because Defendants had provided those responses two days after the Motion's filing, Plaintiffs raised new arguments challenging the sufficiency of those responses.  *See* Dkt. 261.  Plaintiffs did not argue that Defendants had refused to respond (an issue of noncompliance), but rather that Defendants' responses were insufficiently detailed (an issue of sufficiency).  The two are not treated in the same way under Rule 37.

### G.    October 10, 2025:  Zuffa, TKO, And Endeavor File A Motion To Strike New Arguments Raised In Plaintiffs' Reply Brief

Zuffa, TKO, and Endeavor therefore moved to strike new arguments raised in Plaintiffs' Reply on October 10, 2025.  Dkt. 264.  In response, Plaintiffs filed an Opposition to the Motion to Strike.  Dkt. 267.  In their Opposition to the Motion to Strike, Plaintiffs stated that their Reply to the Motion to Compel "require[d] clarification" because they had "erroneously included Endeavor" in the Motion to Compel—a motion that, by Plaintiffs' own admission, never actually sought to compel responses from Endeavor.  *Id.* at 5.  Plaintiffs further clarified that the Motion to Compel was brought against Zuffa and TKO for Interrogatories Nos. 1 & 3, and as to Zuffa for Interrogatories Nos. 5–9.  *Id.* at 5.

On October 10, 2025, as a result of the new arguments raised by Plaintiffs in the Reply to the Motion to Compel, Defendants also filed a Sur-Reply (Dkt. 264-1) and Plaintiffs later filed a Sur-Sur-Reply (Dkt. 268-1).

### H.    January 6, 2026:  The Court Grants Plaintiffs' Motion To Compel In Part

On January 6, 2026, the Court instructed Defendants to supplement their interrogatory responses to "provide an affirmative 'yes' or 'no' or provide other information to the subparts" and stated that "interrogatory response[s] should be very clear and specific" rather than responses that "point to documents."  Jan. 6, 2026 Hr'g Tr. at 119:14–16, 126:10–16.  The Court ordered

Defendants to provide "complete" answers by March 9, 2026.  Feb. 5, 2026 Hr'g Tr. at 272:16–273:17.

### I.    February 22, 2026: Plaintiffs Move For Fees And Costs

On February 22, 2026, Plaintiffs filed the current Fees Motion, seeking fees for the time it took them to attempt to convert a moot noncompliance issue into a sufficiency dispute over interrogatories with an ever-changing scope.  Dkt. 444.  Under the current schedule, fact discovery remains open until August 2026.  Joint Discovery Schedule, Dkt. 229 at 10.

### J.    March 9, 2026: Defendants Provide Further Amended Responses To Plaintiffs' Remaining Five Interrogatories

On March 9, 2026, Defendants served Second Amended Responses to Plaintiffs' remaining interrogatories (Interrogatories Nos. 1 and 3 against Zuffa and TKO, and Interrogatories Nos. 5–9 as to Zuffa), providing detailed narrative responses.

## III.    LEGAL STANDARD

"Generally, litigants in the United States pay their own attorneys' fees, regardless of the outcome of the proceedings."  *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (citation and internal quotation marks omitted).  When a court grants a motion to compel, the moving party may recover only "reasonable expenses incurred in making the motion."  Fed. R. Civ. P. 37(a)(5)(A).  However, even if a motion to compel is granted, fee shifting is not appropriate where: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust."  *Id.*  A fee applicant "bears the burden of submitting detailed time records justifying the hours claimed to have been expended."  *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986); *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) ("The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed.").  Then, "[t]he losing party has the burden of establishing substantial justification or unjust circumstances."  *Garcia v. SEIU*, 2019 WL 8750276, at *1 (D. Nev. Jan. 17, 2019).

# IV.    ARGUMENT

### A.    An Award Of Fees And Costs Is Inappropriate Because Defendants' Responses Were Substantially Justified And Plaintiffs Did Not Attempt In Good Faith To Obtain The Interrogatory Responses Absent Court Intervention

Plaintiffs should not be awarded fees for filing a motion to compel before reaching impasse. Fed. R. Civ. P. 37(a)(5)(A). Plaintiffs prematurely filed their Motion to Compel on August 25, 2025, amidst ongoing meet-and-confer discussions regarding Defendants' active preparation of supplemental responses. Dkt. 234. Just two days later, on August 27, 2025, Defendants notified Plaintiffs of their intent to supplement their responses by September 17, 2025, and sought either withdrawal of the Motion to Compel or a stipulated extension for Defendants to respond. Dkt. 261-3 at 7–8. Plaintiffs refused this proposal—which would have resolved the dispute without the Court's intervention. *Id.* at 5–6. This alone requires denial of Plaintiffs' fee request. *EVO Brands, LLC v. Al Khalifa Grp. LLC*, 2023 WL 5506883, at *21 (C.D. Cal. Aug. 17, 2023) (denying fees where "neither party is wholly without blame in bringing this myriad of premature and likely unnecessary discovery disputes to the Court before doing all they could to resolve the disputes together, in good faith"); *Oakley, Inc. v. Neff, LLC*, 2015 WL 5311392, at *1, *5 (S.D. Cal. Sept. 11, 2015) (denying fees on the basis of failure to meet and confer).

Notwithstanding the prematurity of Plaintiffs' Motion, Defendants' interrogatory responses were substantially justified. Fee shifting is prohibited where "the opposing party's nondisclosure, response, or objection was substantially justified . . ." Rule 37(a)(5)(A)(ii). This standard "is satisfied if there is a genuine dispute or if reasonable people could differ as to the appropriateness of the contested action." *Byzantine Cath. Eparchy of Phoenix v. Burri Law PA*, 2022 WL 3597106, at *2 (D. Ariz. June 17, 2022) (cleaned up) (internal citations omitted); *see also Roberts v. Clark Cnty. Sch. Dist.*, 312 F.R.D. 594, 601 (D. Nev. 2016) (same). Defendants' position need not ultimately be correct—it only needs to have a "reasonable basis in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 562 n.2 (1988).

Courts routinely decline to award fees where the underlying dispute involves differing but reasonable interpretations of discovery obligations. In *Byzantine*, for example, the defendant moved for an award of expenses incurred in litigating a discovery dispute after the plaintiff

declined to produce certain documents it claimed were protected by, *inter alia*, attorney-client privilege and attorney work product. *Byzantine,* 2022 WL 3597106, at *1. Although the *Byzantine* Court "rejected these arguments on the ground that the Eparchy failed to carry its burden to demonstrate that attorney-client privilege or the common interest doctrine applied," the Court declined to award fees because "the assertion of privilege and of the common interest doctrine was plausible enough to be substantially justified because reasonable people could differ as to the appropriateness of the contested action." *Id.* at *3 (cleaned up) (internal citations omitted). Similarly, the Court found that the plaintiff "failed to carry its burden to demonstrate the existence of work product privilege" over the disputed documents, but did not award fees on this theory either because "[u]pon review of the documents, it was plausible that they were prepared in advance of litigation in such a manner that they would benefit from work product privilege." *Id.* (cleaned up) (internal citations omitted).[4]

The *Roberts* Court similarly denied a request for attorney's fees, finding the opposing party's response substantially justified because a genuine dispute existed where the responding party asserted that their previous responses were "accurate and adequate." 312 F.R.D. at 601.

Here, Defendants' responses to Plaintiffs' interrogatories were expressly allowed by Rule 33(d) such that Defendants were "substantially justified" in serving them. Rule 33(d)'s "equal burden" requirement and the specificity needed to "enable the interrogating party to locate and identify [records] as readily as the responding party could," are inherently fact-intensive and subject to reasonable disagreement. Fed. R. Civ. P. 33(d). Defendants' amended responses identified business records by Bates number sufficient for Plaintiffs to locate responsive information just as readily and easily as Defendants could. Dkt. 255-1 ¶ 3, Ex. 2. The Federal Rules "do not demand perfection" but "require[] a reasonable inquiry under the circumstances." *Reinsdorf v. Skechers U.S.A., Inc.*, 296 F.R.D. 604, 615 (C.D. Cal. 2013). That the Court required more specific responses does not mean Defendants' position lacked substantial justification, *see*

---

[4] The *Byzantine* Court ultimately awarded fees based on an assertion of Diplomatic Immunity and the First Amendment's Free Exercise and Establishment Clauses, but the facts of those issues are closely tied to the nature of the plaintiff's work in that case.

1    *Aevoe*, 2013 WL 5324787, at *5, but simply demonstrates a reasonable disagreement on the proper

2    application of Rule 33(d).  *See In re Com. Money Ctr. Inc.*, 2006 WL 6589751, at *5 (Bankr. S.D.

3    Cal. June 29, 2006) (quoting *Bowne of New York City, Inc. v. AmBase Corp.*, 161 F.R.D. 258, 265

4    (S.D.N.Y.1995)) ("When a dispute involves differing interpretations of governing law, opposition

5    is substantially justified unless it involves an unreasonable, frivolous or completely unsupportable

6    reading of the law.").

7        The substantial narrowing through "clarifications" of Plaintiffs' Motion to Compel further

8    confirms that Defendants' positions were substantially justified.  As the parties stipulated and

9    worked out various aspects of the interrogatory responses, Plaintiffs made clear that they were not

10   in fact moving against Endeavor, withdrew one third of the interrogatories as to TKO, and almost

11   one third of the interrogatories as to Zuffa.  Dkt. 255-1 ¶ 4; Dkt. 255 at 1.  This outcome would

12   not have occurred had Defendants' original positions been frivolous or unreasonable.

13       Plaintiffs' reliance on *Aldaya v. Encore Capital Grp., Inc.*, 2017 WL 11139922, at *4 (D.

14   Haw. Jan. 20, 2017), and *Gopher Media, LLC v. Spain*, 2020 WL 6449193, at *2 (S.D. Cal. Nov.

15   3, 2020), Dkt. 444 at 9, is misplaced.  The responding parties in those cases entirely failed or

16   otherwise refused to respond to the discovery requests at issue.  Nothing of the sort happened here.

17   Defendants responded in a timely fashion and Plaintiffs ultimately clarified that the Motion to

18   Compel was not even brought as to all interrogatories.  And, even further, discovery is still an

19   option because fact discovery remains open until August 2026.

20       **B.**    **An Award Of Fees And Costs Is Also Inappropriate Under Rule**
21           **37(A)(5)(A)(Iii) Because "Other Circumstances" Would Make Such An**
             **Award Unjust**

22       Regardless of whether Defendants' responses were substantially justified, "other

23   circumstances" would render a fee award unjust under Rule 37.  Fed. R. Civ. P. 37(a)(5)(A)(iii).

24   A substantial portion of the fees Plaintiffs seek resulted from their own litigation conduct.  As

25   detailed above, the parties were in the process of meeting and conferring when Plaintiffs

26   prematurely filed their Motion to Compel.  Dkt. 234.  Rather than let that process play out,

27   Plaintiffs maintained the Motion to Compel, thereby driving "self-imposed" and "avoidable" costs.

28   *Id.* at 5–6; *Comcast of Ill. X, LLC v. Jung Kwak*, 2010 WL 3781768, at *5 (D. Nev. Sept. 17, 2010).

1   Because Plaintiffs "did not make a good faith effort to obtain the discovery before moving to

2   compel . . . the award of expenses would be unjust." *United States v. Chen*, 2005 WL 8153116, at

3   *4 (D. Nev. Apr. 18, 2005) (citing Fed. R. Civ. P. 37(a)(4)(A)).

4       Moreover, even though Plaintiffs' Motion to Compel was mooted by Defendants'

5   responses to the interrogatories, Plaintiffs nevertheless maintained the Motion to Compel, and, on

6   Reply, raised new arguments on the sufficiency of Defendants' responses.  Dkt. 264 at 2–4.

7   Although Plaintiffs fault Defendants for filing a Motion to Strike those new arguments, Plaintiffs'

8   decision to raise new arguments on reply necessitated the Motion to Strike and all subsequent

9   briefing, including Plaintiffs' sur-sur-reply.  Dkt. 268.  In addition, the Motion to Strike forced

10  Plaintiffs to clarify that they were not actually moving to compel on about one-third of

11  interrogatories to Zuffa and TKO and all interrogatories to Endeavor.  Dkt. 267 at 5.

12      A movant "cannot litigate tenaciously and then be heard to complain about the time

13  necessarily spent by the [opposing party] in response." *City of Riverside v. Rivera*, 477 U.S. 561,

14  580 n.11 (1986) (plurality opinion).  "The court must guard against awarding fees and costs which

15  are excessive, and must determine which fees and costs were self-imposed and avoidable."

16  *Comcast of Ill. X, LLC*, 2010 WL 3781768, at *5; *see also Ryan v. Editions Ltd. W., Inc.*, 786 F.3d

17  754, 763 (9th Cir. 2015) ("The district court may reduce the amount of requested fees to reflect a

18  party's limited degree of success to account for block billing or to deduct those hours the court

19  deems excessive.") (citations omitted).  Plaintiffs cannot justly recover for briefing they caused by

20  seeking new relief in their reply brief.

21      C.    **Plaintiffs Cannot Substantiate Their Fee Request Because They Failed
              To Submit Any Time Records**

22      "[T]he fee applicant bears the burden of establishing entitlement to an award and

23  documenting the appropriate hours expended and hourly rates. The applicant should exercise

24  'billing judgment' with respect to hours worked . . . and should maintain billing time records in a

25  manner that will enable a reviewing court to identify distinct claims." *Hensley*, 461 U.S. at 437.

26  "Where the documentation of hours is inadequate, the district court may reduce the award

27  accordingly." *Hensley*, 461 U.S. at 433.  Here, Plaintiffs failed to provide any billing records—a

28

remarkable omission for a $179,884.41 fee-and-expense request. Instead of contemporaneous invoices showing date, timekeeper, description, and time for each task, Plaintiffs provide only a summary table devoid of detail. Dkt. 444-1, Ex. A. Plaintiffs ask the Court to take Mr. Madden's word that his team exercised billing judgment and excluded unrecoverable time. Dkt. 444-1 ¶¶ 5–6; Dkt. 444 at 13–14. But these assertions are unverifiable without invoices.

The Court and Defendants cannot accept self-serving declarations devoid of evidence that certain entries were deleted and duplicative billing removed—they are entitled to examine actual records. *See id.*; *Energy Mgmt. Collab., LLC v. Darwin Tech LLC*, 2024 WL 2335629, at *10 (C.D. Cal. Apr. 25, 2024) (holding that where movant's "declaration merely summarizes total fees billed without attaching timesheets or describing the nature of the time billed . . . [Movant] has failed to meet its burden of establishing that the requested fees are reasonable and necessary."). Without billing records, neither Defendants nor the Court are in a position to evaluate:

- Whether claimed hours are reasonable or include block billing;
- Whether entries are duplicative among five timekeepers;
- Whether time relates to "making the motion" as required by Rule 37(a)(5)(A);
- Whether Plaintiffs excluded meet-and-confer time; or
- Whether billing judgment was appropriately exercised.

Plaintiffs' offer to submit records only "[i]f the Court requests it" (Dkt. 444-1 ¶ 7) improperly shifts the burden. *See Energy Mgmt. Collab., LLC*, 2024 WL 2335629, at *10.

Plaintiffs rely on *Does 1-35 v. Laxalt*, 2025 WL 973842, at *3 (D. Nev. Mar. 31, 2025), for the proposition that "the party opposing the fee motion 'has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged.'" Dkt. 444 at 11. But that case cuts against Plaintiffs. The *Laxalt* Court held that, "[i]mportantly, the fee applicant has the [initial] burden of producing 'satisfactory evidence' that the rates requests meet these standards," and *only* "*[o]nce the fee applicant has met its burden*" does the burden shift to the opposing party for rebuttal. *Laxalt*, 2025 WL 973842, at *3 (emphasis

1    added).  The fee applicant's burden to submit records must be fulfilled *first*.[5]  *See id.*; *Montes v.*

2    *City of Yakima*, 2015 WL 11120966, at *5 (E.D. Wash. June 19, 2015).

3         Plaintiffs' reliance on *Gates v. Deukmejian*, 987 F.2d 1392 (9th Cir. 1992) to support

4    awarding fees, Dkt. 444 at 11, fares no better.  In that case, the Ninth Circuit vacated and remanded

5    the district court's fee award because the court failed to independently review the fee application

6    and "uncritically accept[ed] fee applicants' suggested reductions."  *Id.* at 1400.  The district court

7    needed to "independently review the record" and provide "a concise but clear explanation" for any

8    fee award.  *Id.* at 1400–01.  Here, the Court should reject Plaintiffs' invitation to do precisely what

9    *Gates* forbids: accept counsel's self-serving summary without providing the underlying billing

10   records for independent review.  The Court can and should deny Plaintiffs' motion for failure to

11   meet their burden.[6]

12        Compounding their failure to provide detailed records for Defendants and the Court to

13   analyze, it is likely that a substantial portion of Plaintiffs' claimed time is not recoverable.

14   Plaintiffs suggest they excluded "all hours . . . prior to drafting the initial Motion to Compel."  Dkt.

15   444 at 13.  But they fail to provide billing records to substantiate this exclusion, and improperly

16   include travel costs and costs associated with preparing the September 8, 2025 stipulation.  They

17   further fail to establish exclusion of fees for other non-recoverable activities, such as meet-and-

18   confer activity after filing but before briefing and reviewing Defendants' amended responses.  *See*

19   Dkt. 444 at 12–13.  None of this time was "incurred in making the motion."  Rule 37(a)(5)(A); *see*

20   *also Berryhill v. Johnson*, 2012 WL 13020328, at *2 (C.D. Cal. Jul. 19, 2012) (under Rule

21   37(a)(5)(A), only time expended in actually preparing the moving papers is compensable); *Dish*

22   *Network L.L.C. v. Jadoo TV, Inc.*, 2019 WL 7166067, at *5 (C.D. Cal. Nov. 8, 2019) (excluding

23   time from fees calculation related to "general discovery tasks that were not directly related [to]

24   filing the motion to compel"); *Aevoe Corp.*, 2013 WL 5324787, at *6 ("With respect to long-

25   _____

26   [5] Moreover, the *Laxalt* Court reduced the lodestar by approximately $50,000 due to duplicative
     billing and redundant staffing.  2025 WL 973842, at *4–5 (critiquing the use of three attorneys
27   who "triple-billed for routine or minor tasks" and imposing reductions accordingly).

28   [6] If the Court is inclined to award any fees, it should first order production of detailed billing
     records for inspection by Defendants and the Court.

1    distance travel for out-of-state attorneys, courts generally do not allow fees for such time absent a

2    showing that recovering for travel time is customary in the particular facts of the case.") (citing

3    *Comcast of Ill. X, LLC v. Jung Kwak*, 2010 WL 3781768, at *6–7 (D. Nev. Sept. 17, 2010)).  For

4    example, meet-and-confer fees generally are not recoverable.  *Aevoe Corp.*, 2013 WL 5324787, at

5    *6 ("[A]ttorneys' fees are generally not awarded in this District for time spent meeting and

6    conferring on motions to compel.") (citing *Alutiiq Int'l. Solutions, LLC*, 2012 WL 4182026, at *4);

7    *see also Holland v. State Farm Mut. Auto. Ins. Co.*, 2013 U.S. Dist. LEXIS 76671, at *3–4 (D.

8    Nev. May 31, 2013).  Clerical and ministerial work are also non-compensable.  *Comcast of Ill. X,*

9    *LLC*, 2010 WL 3781768, at *6.  Without proper billing records, Defendants cannot identify and

10   challenge these entries and the Court is left without any basis to appropriately determine whether

11   Plaintiffs' claimed fees are reasonable or recoverable.

12      **D.    The Hours And Fees Plaintiffs Claimed On A Motion To Compel**
            **Further Responses To A Handful Of Interrogatories Are Patently**
13           **Unreasonable**

14      "District courts must calculate awards for attorneys' fees using the lodestar method."

15   *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008).  "The lodestar is calculated

16   by multiplying the number of hours the prevailing party reasonably expended on the litigation by

17   a reasonable hourly rate."  *Id.*  "Where the documentation of hours is inadequate, the district court

18   may reduce the award accordingly."  *Hensley*, 461 U.S. at 433.

19          **i.    The Expenditure Of Nearly 200 Hours Of Attorney Time On A**
                  **Narrow Dispute Is Facially Unreasonable**
20
        Courts may exclude hours that are "excessive, redundant, or otherwise unnecessary," and
21
     should reduce awards accounting for overstaffing and inefficient billing.  *Hensley*, 461 U.S. at 434.
22
     Plaintiffs seek fees for 205.10 hours.  Dkt. 444-1, Ex. A.  This is, on its face, an excessive amount
23
     of time for a straightforward discovery motion.  "[I]n determining the reasonableness of hours
24
     spent in relation to a discovery motion, the Court considers factors such as the complexity of the
25
     issues raised, the need to review the record and pleadings, and the need to conduct legal research,
26
     in addition to the length of the briefing."  *Marrocco v. Hill*, 291 F.R.D. 586, 588 (D. Nev. 2013)
27
     (citing *Herb Reed Enters. v. Monroe Powell's Platters*, 2013 WL 3729720, at *9–10 (D. Nev. July
28

11, 2013)); *see also Easley v. U.S. Home Corp.*, 2012 WL 3245526, at *3 (D. Nev. Aug. 7, 2012). No straightforward discovery motion should require over 200 hours of attorney time. *Vargas v. Quest Diagnostic*s, 2021 WL 4642785, at *2 (C.D. Cal. Sept. 8, 2021) (finding the fact that "Plaintiffs would submit a bill purporting to document 52.3 hours of time expended on a run-of-the-mill discovery dispute" to be "astound[ing]" and holding that "Plaintiffs' bill is facially excessive, unreasonable, and out of line with this Court's experience and expertise with discovery matters"); *Aevoe Corp.*, 2013 WL 5324787, at *5.

In *Aevoe*, the plaintiff sought fees for more than 200 attorney hours on a motion to compel. *Id.* at *4. The court found that despite the plaintiff's assertion that the underlying patent litigation was "relatively complex," the discovery issues raised in the motion "were not particularly complicated" and did not "require . . . extensive legal research." *Id.* at *5. Examining the time claimed for drafting a 15-page motion, the court concluded that the hours were "excessive" and reduced the recoverable time to just 30 hours for the lead attorney and 3.75 hours for a junior attorney. *Id.* Similarly here, expending 205.10 hours on a discovery dispute involving the application of Rule 33(d) to nine interrogatories—later narrowed significantly or withdrawn as to certain interrogatories—is facially excessive. Courts in this District and elsewhere have repeatedly found far fewer hours to be unreasonable for discovery motion practice, and have reduced the recoverable hours accordingly. *Id.*; *see also Alutiiq Int'l. Solutions, LLC v. Lyon*, 2012 WL 4182026, at *2, 4 (D. Nev. Sept. 17, 2012) (reducing hours for 13–page motion to compel from 13.8 hours to 4.0 hours); *Bobrick Washroom Equip., Inc. v. Am. Specialties, Inc.*, 2013 WL 12129368, at *4 (C.D. Cal. Feb. 20, 2013) (requested hours "may be reduced by the court where documentation of the hours is inadequate; if the case was overstaffed and hours are duplicated; if the hours expended are deemed excessive or otherwise unnecessary"). The hours claimed here are excessive, patently unreasonable, and should be substantially reduced.

Plaintiffs also unreasonably staffed five timekeepers to draft one motion: two shareholders (at $1,400 and $990/hour), two associates (at $695 and $670/hour), and a paralegal (at $550/hour). Dkt. 444-1, Ex. A. Mr. Madden, a shareholder at $990/hour, billed 136.10 of the 205.10 hours— over two-thirds of all time—in preparing the motion. *Id.* This creates two independent problems.

*First*, having a shareholder 'take the pen' for a discovery motion is itself unreasonable. Such work should reasonably be delegated to associates at lower rates. Courts should reduce fee requests for "overstaffing, duplication, and excessiveness." *Hensley*, 461 U.S. at 434*; Marrocco v. Hill*, 291 F.R.D. 586, 589 (D. Nev. 2013) ("[I]t is clear that having two partners and a senior associate working on a relatively straightforward discovery motion created unnecessary duplication of efforts.").

*Second*, regardless of who performed the work, the staffing raises duplication concerns. The *Aevoe* Court confronted this precise issue: when five attorneys billed time on a motion to compel, "[t]he Court agree[d] with Defendants that Plaintiff's counsel over-staffed this matter, which resulted in unnecessary duplication of effort." *Aevoe Corp.*, 2013 WL 5324787, at *5. As a remedy, the court excluded hours billed by all but two attorneys, reasoning that "[w]hile attorneys and their clients are free to staff matters as they see fit, . . . they are not entitled to recover fees as sanctions for hours that are deemed to be excessive." *Id.* (citing *Aevoe Corp. v. Shenzhen Membrane Precise Electron Ltd.*, 2012 WL 2244262, at *10 (D. Nev. June 15, 2012) ("The court does not doubt that this amount of time was actually spent [by multiple attorneys]. However, while the law firm and its clients may agree to multiple attorneys working on a case, the court will not impose sanctions . . . for the entire amount.")). Plaintiffs' reliance on *Kiva Health Brands LLC v. GoodVitamin Foods Pvt. Ltd.*, 2023 WL 3984685, at *3–5 (D. Haw. May 19, 2023) is also of no help to them. There, too, the court reduced the requested fee award after finding the billed rates excessive. *Id.*

### ii.    Plaintiffs' Requested Rates Are Excessive

Plaintiffs' rates should also be rejected as excessive. In determining a reasonable hourly rate under the lodestar method, "the established standard . . . is the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008); *see also Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). The Court determines a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *Hensley*, 461 U.S. at 433. The lodestar must reflect a reasonable hourly rate based on prevailing market rates in the

1    relevant community.  *Camacho*, 523 F.3d at 979; *see also Cruz ex rel. Cruz v. Alhambra School*
2    *Dist.*, 601 F.Supp.2d 1183, 1191 (C.D. Cal. 2009) ("the Court must eliminate from the lodestar
3    time that was unreasonably, unnecessarily, or inefficiently" spent).  The "relevant community" is
4    the forum in which the district court sits.  *Camacho*, 523 F.3d at 979.  The fee applicant bears the
5    burden of producing "satisfactory evidence" that the requested rates are in line with those
6    prevailing in the community.  *Id.* at 980.  Courts may also rely on their own familiarity with local
7    rates.  *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011).

8           Plaintiffs' rates range from $550/hour (paralegal) to $1,400/hour (shareholder).  Dkt. 444-
9    1, Ex. A.  "For the Las Vegas market," however, "this court has regularly awarded fees where the
10   hourly rates at issue were between $250 and $400."  *Scott v. Smith's Food and Drug Centers, Inc.*,
11   2020 WL 343642, at *2 (D. Nev. Jan. 21, 2020); *Perrong v. Sperian Energy Corp.*, 2020 WL
12   2996063, at *3 (D. Nev. June 4, 2020) ("the upper range of prevailing rates in this District . . . is
13   $500 an hour"); *Boca Park Marketplace Syndications Grp., LLC v. Ross Dress for Less, Inc.*, 2020
14   WL 2892586, at *3 (D. Nev. May 31, 2020) (awarding partners hourly rate of $750 in commercial
15   lease dispute); *Telasia, Inc. v. EZ Supply, Inc.*, 2015 WL 2095874, at *3 (D. Nev. May 5, 2015)
16   (finding hourly rate of $500 for partner appropriate given his experience and the "Court's
17   knowledge of the customary rates charged in this community for similar legal services"); *see also*
18   *LHF Prods., Inc. v. Kabala*, 2019 WL 7403960, at *8 (D. Nev. Dec. 31, 2019) ("the reasonable
19   hourly rate for paralegals in this district is between $75 and $125"); *Bd. of Trs. as Trs. of Nat'l*
20   *Roofing Indus. Pension Fund v. Von Noorda*, 2017 WL 9401152, at *2 (D. Nev. Dec. 4, 2017)
21   (finding a $100 hourly rate to be reasonable for "paralegals or legal assistants . . . for this forum").
22   The Court should apply prevailing District rates.  *Torres v. Rothstein*, 2021 WL 297124, at *6 (D.
23   Nev. Jan. 27, 2021) (finding "an award of $500 an hour in attorneys' fees" appropriate for work
24   by specialized partners who "practiced for over 30 years").  Plaintiffs' rates are thus far afield from
25   the District's prevailing rates.

26          Plaintiffs cite rates approved in the *Le v. Zuffa* class action settlement. Dkt. 444 at 14–15.
27   But that analogy fails: *Le* involved years of complex antitrust litigation that culminated in a $375
28   million settlement, and the fee award reflected a percentage of that recovery—not an adversarial

1  determination of rates for discrete discovery matters.  *See Le* Dkt. 1065 at 2–3.  Plaintiffs cite *In*

2  *re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, 2017 WL 1047834

3  (N.D. Cal. Mar. 17, 2017), and *Hefler v. Wells Fargo & Co.*, 2018 WL 6619983 (N.D. Cal. Dec.

4  18, 2018), for the proposition that rates of up to $1,400/hour are reasonable.  Dkt. 444 at 14.  But

5  these cases, like the *Le* settlement, are inapposite.  Both involved class action settlements where

6  fee awards were calculated as a percentage of a common fund: $10 billion in *Volkswagen* and $480

7  million in *Hefler*.  *Volkswagen*, 2017 WL 1047834, at *1; *Hefler*, 2018 WL 6619983, at *2.

8  Indeed, in *Hefler*, the Court specifically noted that "a disproportionate amount" of senior partner

9  time at "top-of-market billing rates" raised concerns.  2018 WL 6619983, at *14.  Rule 37 fee-

10  shifting serves a different purpose: compensating reasonable expenses incurred in making a

11  specific motion.  Rates from class action settlements have no bearing on what is reasonable for a

12  limited and non-complex discovery dispute in this District.

13  ### iii.    Plaintiffs Only Achieved Limited Success

14  Plaintiffs' original Motion to Compel sought relief as to three Defendants—Zuffa, TKO,

15  and Endeavor—and nine interrogatories.  Dkt. 234 at 1.  Plaintiffs subsequently withdrew their

16  motion as to Interrogatories Nos. 2 and 4 directed towards Zuffa, Interrogatory No. 2 directed

17  towards TKO, and all Interrogatories directed towards Endeavor.  Dkt. 255-1 ¶ 4; Dkt. 255 at 1.

18  "[W]here the plaintiff achieved only limited success, the court should award only that amount of

19  fees that is reasonable in relation to the results obtained."  *Hensley*, 461 U.S. at 424 (1983);

20  *Schwarz v. Sec'y of Health and Human Servs.*, 73 F.3d 895, 899–900, 906 (9th Cir. 1995)

21  (affirming 75% cut to the number of hours billed where plaintiff succeeded on only 25% of her

22  claims); *Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007) (affirming 20%

23  cut to hours where fee applicant block billed, because court relied on third-party report that block

24  billing increased number of hours by 10–30%).  "Beyond establishing a reasonable hourly rate, a

25  prevailing party seeking attorneys' fees bears the burden of proving that the fees and costs . . . *are*

26  *reasonably necessary to achieve the results obtained.*"  *Comcast of Ill. X, LLC*, 2010 WL 3781768,

27  at *5 (emphasis added) (citing *Tirona v. State Farm Mut. Auto. Ins. Co.*, 821 F. Supp. 632, 636

28  (D. Haw. 1993)).  The narrowed scope of relief—seven interrogatories as to two Defendants—

1    renders a substantial portion of briefing time "unnecessary" and weighs heavily in favor of

2    reduction. *See id.*; *Hensley*, 461 U.S. at 436-37; *Morgan Hill Concerned Parents Ass'n v. Cal.*

3    *Dept. of Educ.*, 2017 WL 3116818, at *5 (E.D. Cal. July 21, 2017) (When a motion to compel is

4    decided with mixed results, courts may apply Rule 37(a)(5)(C) "to roughly approximate the

5    movant's level of success."). Time spent briefing the abandoned portions of Plaintiffs' Motion to

6    Compel should not be included in any fee award.

7    **V.      CONCLUSION**

8            For the foregoing reasons, Defendants respectfully request denial of Plaintiffs' motion, or,

9    in the alternative, production of billing records by Plaintiffs and appropriate reduction of fees.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   Dated: March 9, 2026                          Respectfully Submitted,

2                                                 /s/ Christopher S. Yates
    WILLIAM A. ISAACSON                           CHRISTOPHER S. YATES
3   (*Pro hac vice*)                              (*Pro hac vice*)
    wisaacson@dirllp.com                          chris.yates@lw.com
4   JESSICA PHILLIPS                              AARON T. CHIU
    (*Pro hac vice*)                              (*Pro hac vice*)
5   jphillips@dirllp.com                          aaron.chiu@lw.com
    AGBEKO PETTY                                  LATHAM & WATKINS LLP
6   (*Pro hac vice*)                              505 Montgomery Street, Suite 2000
    apetty@dirllp.com                             San Francisco, CA 94111
7   DUNN ISAACSON RHEE LLP                        Tel:  (415) 391-0600
    401 Ninth Street NW
8   Washington, DC 20004                          SEAN M. BERKOWITZ
    Tel:  (202) 240-2900                          (*Pro hac vice*)
9                                                 sean.berkowitz@lw.com
    DONALD J. CAMPBELL (No. 1216)                 LATHAM & WATKINS LLP
10  djc@cwlawlv.com                               330 North Wabash Ave, Suite 2800
    J. COLBY WILLIAMS (No. 5549)                  Chicago, IL 60611
11  jcw@cwlawlv.com                               Tel:  (312) 876-7700
    CAMPBELL & WILLIAMS
12  710 South 7th Street                          LAURA WASHINGTON
    Las Vegas, NV 89101                           (*Pro hac vice*)
13  Tel:  (702) 382-5222                          laura.washington@lw.com
                                                  JOSEPH AXELRAD
14                                                (*Pro hac vice*)
                                                  joseph.axelrad@lw.com
15                                                LATHAM & WATKINS LLP
                                                  10250 Constellation Blvd, Suite 1100
16                                                Los Angeles, CA 90067
                                                  Tel:  (424) 653-5500
17

18              *Attorneys for Defendants Zuffa, LLC, TKO Operating Company, LLC, and*
19                              *Endeavor Group Holdings, Inc.*

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO          DEFS.' OPP. TO PLS.' MOT. FOR ATTORNEYS' FEES & COSTS          CASE NO. 2:21-CV-01189-RFB-BNW

19