# EXHIBIT B



PETER S. CHRISTIANSEN
PETER J. CHRISTIANSEN
R. TODD TERRY

WHITNEY J. BARRETT
KEELY P. CHIPPOLETTI
ANDREW R. BROWN

March 13, 2026

*Via Email*:    krayhill@saverilawfirm.com
imoradi@saverilawfirm.com
tbjordan@saverilawfirm.com

Kevin Rayhill, Esq.
Itak Moradi Esq.
T. Brent Jordan, Esq.
Saveri Law Firm
550 California Street, Suite 910
San Francisco, CA 94104

> Re:    Motion for Order to Show Cause Against Dominance MMA, LLC
> *Kajan Johnson, et al. v. Zuffa, LLC, et al.*
> Case No. 2:21-cv-01189-RFB-BNW

Dear Counsel,

I write in response to your March 12, 2026, letter regarding the March 3, 2026, hearing before Judge Boulware and the Court's Minute Order at ECF No. 471.

Your letter appears to take several positions that expand beyond what the Court actually ordered. Dominance intends to comply with the Court's order and prior discovery obligations, but it is important to clarify the scope of what the Court required.

With respect to device disclosures, the Court ordered Dominance to disclose the models, phone numbers, and dates of usage for devices belonging to Dominance's custodians. Dominance will provide the information that is within its possession, custody, or control. As explained during the hearing, Dominance possesses information relating to Ali Abdelaziz's devices, and that information will be provided. However, the other identified custodians, Firdaws Khalim and Terrell Hunsinger, no longer work for Dominance and used their personal devices during the relevant period. Dominance does not possess their device information and does not have the ability to compel access to their personal devices. To the extent Dominance has any information within its possession or control regarding those individuals, it will be provided.

Your letter also requests a number of additional categories of information that were not ordered by the Court, including employment dates, social media handles, application inventories, litigation hold confirmations, and the status of ESI collection. These items were not part of the Court's ruling. Dominance will comply with the Court's order and remains willing to meet and confer regarding any additional requests, but it does not agree that the Court required these disclosures.

Rayhill, Kevin, Esq.
Moradi, Itak, Esq.
Jordan, T. Brent, Esq.
March 13, 2026
Page 2 of 2

With respect to ESI production, the Minute Order requires Dominance to produce responsive materials that have already been collected by HOLO by April 3, 2026, and to continue producing materials, in consultation with Plaintiffs, pursuant to the Court's prior order. As discussed during the hearing, HOLO has collected approximately 126,000 documents from Mr. Abdelaziz's email account alone. That number may increase or decrease once attachments are included and de-duplication is completed.

Your letter suggests that all non-privileged documents must be produced immediately and that review should be limited to privilege only. To my recollection, that is not what the Court ordered. The Court's order requires production of responsive materials collected by HOLO, meaning materials responsive to the subpoena, not simply every non-privileged document contained within the collected data set. A review for responsiveness is therefore necessary.

The practical realities of the collection also need to be addressed. My firm does not have the staff necessary to review approximately 126,000 emails by the April 3, 2026, deadline. Ms. Chippoletti and I are currently scheduled to begin a jury trial on a firm setting on April 6, 2026, in the matter *Scott L. Bordelove, et al. v. Derek A. Duke, M.D.*, Case No. A-20-811705-C, in Dept. 25 of the Eighth Judicial District Court for Clark County, Nevada. The defendant physician has not consented to settle, and the case is proceeding to trial.

HOLO has advised that it could engage a managed review team of approximately ten contract attorneys to conduct a first-level review. According to HOLO, such a review would take approximately four to six weeks and would cost in excess of $100,000.00.

As the Court previously ordered, Plaintiffs are responsible for Dominance's expenses, including review costs, in responding to the subpoena beyond the initial $10,000.00. To date, Dominance has incurred $42,725.00 in fees with my firm. After application of the initial $10,000.00, Plaintiffs currently owe $32,725.00. In addition, if Plaintiffs wish to proceed with review of the current data set at the scale necessary to review the collected data, the cost of that review will need to be funded so that the review process can begin.

Absent payment of the outstanding balance and funding for the necessary document review, the current production schedule is not feasible. A more practical approach would be for the parties to meet and confer regarding the search terms in order to reduce the size of the data set to a volume that can be reasonably and cost-effectively reviewed.

Dominance remains willing to work cooperatively with Plaintiffs to move discovery forward and is available to meet and confer regarding both the scope of collection and a realistic production schedule.

Sincerely,

CHRISTIANSEN TRIAL LAWYERS

PETER S. CHRISTIANSEN, ESQ.