# EXHIBIT C



# SAVERI
## LAW FIRM

550 CALIFORNIA STREET
SUITE 910
SAN FRANCISCO CA 94104

TEL 415.500.6800
FAX 415.395.9940

March 17, 2026

**Via Email**

Peter S. Christiansen
Keely Chippoletti
Christiansen Trial Lawyers
710 S 7th St Suite B
Las Vegas, NV 89101
pete@christiansenlaw.com
keely@christiansenlaw.com

Re:     *Johnson, et al. v. Zuffa, LLC, et al.*, Case No. 2:21-cv-01189-RFB-BNW (D. Nev.)

         March 3, 2026 Order to Show Cause Hearing; ECF No. 192,
         Minutes of Proceedings

Counsel:

Plaintiffs write to follow up on your March 13, 2026, response to our letter of March 12, 2026. In large measure, it is not responsive.

As of this date, Dominance has not complied with the subpoena which we issued over fourteen months ago. This is despite the Court having ordered compliance on two separate occasions.

In our last letter, we sought assurances that no responsive ESI has been destroyed or is no longer obtainable. You failed to do so. We reiterate our request.

We also asked for your confirmation that production of ESI within Dominance's possession, custody or control (in addition to Mr. Abdelaziz's emails) will occur on the same timing ordered by the Court, i.e., by April 3. We reiterate that request.

We also asked for you to address whether the unspecific "hiccups" with respect to the collection of Mr. Abdelaziz's emails have been resolved. We reiterate that request.

Peter S. Christiansen
Keely Chippoletti
March 17, 2026
Page 2

As to the new issues you raise, the Court ordered that Dominance produce the documents without further delay. The Court has already addressed the issue of payment on two occasions. Most recently, Judge Boulware was explicit that Dominance must turn over "all of the information" already collected "**based upon search terms that the plaintiffs have provided** after review of the material **for any privilege...**," Mr. Christiansen unequivocally replied to the Court he agreed and "understood." Tr. at 12. It appears you are backtracking on your representations to the Court, and prior representations to us. We will address that to the Court.

Likewise, the Court rejected any request to "reduce the size of the data set" (*cf.* Chippoletti letter at p. 2) and renegotiate search terms.

Indeed, the narrowing of the data set to responsive material is the point of the search terms. The opportunity for negotiating these terms has long since expired. Your intransigence and lack of transparency have only increased delays and costs for all parties.

We have no understanding of how you seek reimbursement of any fees or costs at this time. Indeed, all of your efforts seem to have been devoted to avoiding your obligations, not compliance. Further, Plaintiffs reject your assessment of the cost-shifting to which we are responsible. Cost-shifting is available to protect Dominance from "significant expense **resulting from compliance**." Fed. R. Civ. P. 45(d)(2)(B)(ii) (emphasis added). To date, as Dominance has yet to produce a single document, it is unclear what expenses Dominance has incurred resulting from compliance. Moreover, as Mr. Christiansen admitted at the hearing, counsel has "spent an inordinate amount of time with this client getting him and the company on – trying to understand that Your Honor will protect their interests." Tr. at 10. At a minimum, we would expect a specific explanation to justify any legitimate claims for reimbursement.

Peter S. Christiansen
Keely Chippoletti
March 17, 2026
Page 3


Finally, we have devoted numerous hours to obtaining compliance. And it appears we will be required to continue to do so in the future. We have previously asked the Court for our fees and costs, as appropriate. We stand by that request, and we reserve our right to supplement in the future.

Please give us some windows over the next few days to meet and confer.

Sincerely,

Joseph R. Saveri