# EXHIBIT E



SAVERI
LAW FIRM

550 CALIFORNIA STREET
SUITE 910
SAN FRANCISCO CA 94104

TEL  415.500.6800
FAX  415.395.9940

780 THIRD AVENUE
SUITE 1200
NEW YORK NY 10017

TEL  347.790.0069
FAX  347.790.0029

March 30, 2026

**Via Email**

Peter S. Christiansen
Keely Chippoletti
Christiansen Trial Lawyers
 710 S 7th St Suite B,
Las Vegas, NV 89101
pete@christiansenlaw.com
keely@christiansenlaw.com

Re:     *Johnson, et al. v. Zuffa, LLC, et al.*, Case No. 2:21-cv-01189-RFB-
         BNW (D. Nev.)

         Ongoing Negotiations re: Plaintiffs' Subpoena to Dominance;
         March 3 OSC Proceeding re Same

Counsel:

This responds to and corrects your letter of March 26.

First, we reiterate that Dominance has an obligation to preserve and
produce all materials likely containing ESI within its possession, custody
or control. Please confirm in writing on a device-by-device basis, *see*
letter of March 17, whether Dominance has preserved all such ESI.

The Court ordered Dominance to turn over "all of the information"
regarding each of Dominance's three custodians "based on search terms
that the plaintiffs have provided after review for privilege," within 30
days, or by April 3, 2026. 3/3 Hg. Tr. at 12. Unfortunately, although the
Court stated that it did not want to "see any further resistance to Court
orders," *id*. at 9, based on the parties' March 25 teleconference and
exchanges of letters on March 12, March 13, March 17, and March 26,
Dominance has made clear it is not following the Court's instructions.
This amounts to additional, sanctionable contempt, for which we intend
to seek relief.

First, on March 13, Dominance suggested that the parties "meet and

Peter S. Christiansen
Keely Chippoletti
March 30, 2026
Page 2

confer regarding the search terms in order to reduce the size of the data set." Christiansen 3/13 Ltr. at 2. In accord with the Court's statements at the OSC Hearing, and given the passage of time and Dominance intransigence, Plaintiffs wrote to Dominance, and, among other things, declined to reopen and prolong this discussion.  Saveri 3/17 Ltr. at 2. Plaintiffs also asked for a prompt meet and confer. Plaintiffs did not hear back until March 22. When we met and conferred on March 25, Dominance again asked Plaintiffs to reopen in these negotiations. Again, given the above, this is an unreasonable and tardy request.

Second, along similar lines, Dominance is now proposing to further delay and avoid the Court's order and increase the time and expenses of all concerned. Dominance now proposes a review team of ten attorneys to conduct a "first-level review" at an estimated completion time of "4-6 weeks." Christiansen 3/13 Ltr. at 2; Christiansen 3/26 Ltr. at 3. This is inconsistent with two Court orders and is wholly unnecessary.

During the conference of March 25, despite the fact that twenty-two (22) days had passed from the date of the Hearing which imposed upon Dominance a thirty (30) day deadline to comply, you made abundantly clear that no review had begun. You continued to insist that Dominance wished to perform a *responsiveness* review despite the Court's order of a review for *privilege* only, and you continued to demand that Plaintiffs agree to fund that review in advance before it even begins.

The point of the search terms was to minimize or obviate relevancy review. The parties fully negotiated the search terms. Rather than negotiating a procedure and process for reviewing and completing the production, Dominance refused to cooperate, requiring Plaintiffs to bring its contempt motion. Had Dominance raised these issues months ago, it would have been more productive and would have provided an opportunity to discuss these matters. In response, as the Court found, having done so, Dominance was in no position to delay further. The Court ordered the production, to be completed by April 3. The Court's conclusion is on all fours with prior court decisions holding that in such circumstances further relevancy review was unwarranted and unjustified. See *Matter of Nomura Asset Acceptance Corp.*, 2018 N.Y. Slip. Op (1/29/18) (further subjective relevance and responsiveness determinations "are generally inappropriate" after application of agreed search terms); *NcNeil v. Community Probation Services, LLC*, 2019 WL 5957004 at *4 (M.D. Tenn. Oct. 29, 2019) (rejecting claim that

Peter S. Christiansen
Keely Chippoletti
March 30, 2026
Page 3

producing party "will have to review all (approximately) 60,000 emails and attachments for relevance and privilege" as emails "were selected by applying the proposed search terms. They are presumptively responsive and relevant – that is the purpose of search terms.").  In *Nomura*, the court distinguished other cases in which the parties had negotiated a review protocol in good faith and there had been no prior order of the Court. Here, both of these conditions are not present. Dominance has refused to negotiate a review protocol, and further, based on Dominance's intransigence, the Court ordered Dominance: "let's just turn it over." 3/3 Hg. Tr. at 11. Among other things, had Dominance raised burden or scope issues at any time during the past year, Plaintiffs would have been amenable to engaging, including using automated review, TAR, artificial intelligence or other tools at the disposal of litigants today. Dominance simply refused to engage in the process.

Your proposed rolling production is in violation of the Court's instructions. Pursuant to the Court's directives, all of the information for each of Dominance's three custodians must be treated the same—application of search terms, review for privilege, and full production by April 3.  3/3 Hg. Tr. at 12. We have also offered to enter into quick-peek or analogous agreements as permitted by Rule 502(b) and (d) of the Federal Rules of Evidence.

As in any case, any necessary privilege review can be greatly facilitated with technology widely used today. We remain willing to assist. See https://www.epiqglobal.com/en-us/resource-center/articles/applying-ai-in-privilege-review.

Plaintiffs understand that some cost-shifting may be appropriate after the Court is able to review a proper record made by Dominance as to its costs of proper compliance. To date, that record is neither before the Court nor has it been detailed for Plaintiffs. Your claim that Plaintiffs maintain "they are not obligated to pay" because "Dominance has not yet produced," Christiansen 3/26 Ltr. at 1, is a wholly inaccurate representation of Plaintiffs' position.

We have always agreed to help defray the cost of Dominance's good faith compliance with Rule 45. In fact, the next planned step in the collections process, before Dominance walked away from the conversation in November, leaving the cooperative Plaintiffs in the dark

Peter S. Christiansen
Keely Chippoletti
March 30, 2026
Page 4

for over a month, was to contract with and engage HOLO at Plaintiffs'
expense. We certainly accepted no obligation, however, to pay for
Dominance's efforts to avoid its obligations or to pay for Dominance's
lack of efficiency or competence in complying. As a sign of Plaintiffs'
good faith, we are sending you under separate cover our check for ten
thousand dollars as payment to defray Dominance's costs, in recognition
of the steps we undertook collectively in the brief period where
Dominance was engaged in acts compliant with the Court's prior order,
*i.e.*, between the time of the service of your custodian inventory in
October and up to November 18.

Plaintiffs reserve all rights to object to payment for noncompliance with
Dominance's Rule 45 obligations, including but not limited to a review
that was not necessary, effective, efficient, or ordered by the Court at the
March 3 Hearing, the last-in-time and controlling order.

Your effort to turn Dominance's contempt into a profit center is
remarkable. You state that if Plaintiffs do not agree to fund the 10-
attorney review team, Dominance will begin "linear review" for
responsiveness by Ms. Chippoletti and Mr. Christiansen at standard
hourly rates. Christiansen 3/26 Ltr. at 3. This is also unreasonable and at
odds with the Court's orders. Each of Dominance's proposed options is
unacceptable and in violation of the Court's order. Dominance is under
an obligation to comply, and to do so efficiently.

We reiterate our requests that you cease the linear responsiveness
review, conduct only the review ordered, and produce all information
ordered to be turned over for the three custodians by the Court's
deadline.

As a condition of any request for payment, it is reasonable that you
advise in advance of the work entailed and a reasonable estimate of the
cost associated with the work. Among other things, the work should be
performed efficiently and by persons with appropriate hourly rates. By
way of example, senior lawyer rates for first level document review
would not be reasonable. Dominance's production must be followed by
documentation of Dominance's expenses along with a formal petition for
cost-shifting consistent with the Court's concerns for examination of
Dominance's "burden" faced in complying and "opportunity costs."
8/28 Hg. Tr. at 27. Plaintiffs must have an opportunity to object, and the
Court must evaluate the circumstances based on a full record, including

Peter S. Christiansen
Keely Chippoletti
March 30, 2026
Page 5


makings of findings of Dominance's actions which amounted to contempt of its prior Order, and importantly, how its costs and attorneys' fees were thereby affected. Any such petition will also need to be evaluated in light of the Court's directive that it will be "assessing sanctions" against Dominance for its conduct to date. *See* 3/3 Hg. Tr. at 11. Unreasonable, exorbitant or extortionate demands for reimbursement would likewise be sanctionable. *See also* Nevada Rules of Professional Conduct 1.5 ("A lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses.").

If Dominance continues to refuse to comply with Court's orders or follow its directives, Plaintiffs will return to Court prepared to ask for additional sanctions.

Finally, in response to your March 30 correspondence regarding redactions, the Court has already advised Plaintiffs to redact all phone numbers from any filing irrespective of any confidentiality designation. We agree that Dominance undertaking such redactions is therefore not necessary. Dominance can produce its materials as confidential if it prefers.


Sincerely,

*/s/ Joseph Saveri*

Joseph R. Saveri