Joseph R. Saveri (*Pro Hac Vice*)
Christopher K.L. Young (*Pro Hac Vice*)
Kevin E. Rayhill (*Pro Hac Vice*)
Itak Moradi (*Pro Hac Vice*)
T. Brent Jordan (*Pro Hac Vice*)
**SAVERI LAW FIRM, LLP**
550 California Street, Suite 910
San Francisco, CA 94104
Telephone: (415) 500-6800
Facsimile:  (415) 315-9940
jsaveri@saverilawfirm.com
cyoung@saverilawfirm.com
krayhill@saverilawfirm.com
imoradi@saverilawfirm.com
tbjordan@saverilawfirm.com

*Counsel for Plaintiffs and the Proposed Class*

[Additional Counsel Listed on Signature Page]

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| KAJAN JOHNSON, CLARENCE DOLLAWAY, and TRISTAN CONNELLY, on behalf of themselves and all others similarly situated,<br><br>                Plaintiffs,<br><br>   v.<br><br>Zuffa LLC, TKO Operating Company, LLC f/k/a Zuffa Parent LLC (d/b/a Ultimate Fighting Championship and UFC) and Endeavor Group Holdings, Inc.,<br><br>                Defendants. | Case No.: 2:21-cv-01189-RFB-BNW<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND EXPENSES AS TO DOMINANCE MMA PER COURT ORDER ECF NO. 471** |

## I.    UPDATE REGARDING FACTUAL BACKGROUND

Plaintiffs have set forth the history of their engagement with Dominance MMA, LLC ("Dominance") in the previously filed Motion to Compel, ECF No. 216, Application for an Order to Show Cause, ECF No. 427, and Motion for Fees, ECF No. 490, all of which are incorporated herein by reference.

In addition to that history, Plaintiffs have received two letters from Dominance dated April 3 and April 16, 2026, each of which included links to document productions consisting of documents collected from the email account of Dominance CEO Ali Abdelaziz. Declaration of Joseph R. Saveri in Support of Plaintiffs' Reply in Support of Motion for Fees ("Saveri Decl."), Exs. A and C. To date, Dominance has produced 1,996 documents. Plaintiffs responded to the April 3 letter on April 8, 2026, informing them that they had failed to meet the Court's April 3, 2026, deadline for production of all documents collected by document vendor HOLO, and objecting to Dominance's insinuation that Plaintiffs had agreed to reimburse Dominance for its unauthorized linear review of documents. Saveri Decl., Ex. B.

## II.    DOMINANCE MISCHARACTERIZES PLAINTIFFS' MOTION FOR FEES

Dominance's Opposition mischaracterizes Plaintiffs' Motion and the Court's Order authorizing it by stating, "Plaintiffs seek to shift the cost of their own litigation strategy onto a nonparty, despite the Court's prior recognition that Plaintiffs, not Dominance, bear responsibility for the fees and costs of associated with Plaintiffs' subpoena beyond the initial $10,000 threshold." ECF No. 501 at 1. This attempt to deflect the Court's attention from Dominance's failure to comply with three Court Orders and recast that failure as a simple discovery dispute over who pays whom is misleading. Indeed, Plaintiffs complied with an unambiguous Order from the Court:

> [T]his Court intends to award reasonable costs, and fees, to Plaintiffs based on Dominance's failure to comply with their own discovery obligations, as well as this Court's prior orders. To that end, Plaintiffs have up to, and including, April 5, 2026, to file a motion for attorney's fees, which is accompanied by a reasonable calculation of their fees and costs. ECF No. 471 ("OSC Order").

The OSC Order commands Dominance to "produce all responsive materials which have already been collected by HOLO by April 3, 2026. If Dominance fails to provide the information by this time, it will be held in contempt and fac[e] monetary or other available sanctions." *Id*. Nothing

in the OSC Order authorizes offsetting Dominance's purported costs. Nothing in the Court's commentary at the August 28, 2025, hearing creates an unwavering obligation for Plaintiffs to cover all Dominance's costs once a set threshold is surpassed. Moreover, during the March 3, 2026, hearing, the Court made it clear that no linear relevance review was to be performed, instead instructing Dominance to "turn over everything that they have . . . . That means whatever the 120,000 that Holo has, turn it over." ECF No. 466 at 11. The Court then clarified, "what I would expect is that all of the information regarding the three custodians, right, would be turned over based upon search terms that the plaintiffs have provided after review of the material for any privilege." *Id*. at 12. Nothing in the Court's statement authorizes linear relevance review.

As the record clearly reflects, much of Dominance's time spent since the Court's August 29, 2025 Minutes and Order granting in part Plaintiffs' Motion to Compel (ECF No. 245), has not been related to costs of compliance, but rather, has been steeped in efforts to *defy* its compliance obligations, including outright refusal to produce documents, which only ended when Plaintiffs initiated contempt proceedings. Even then, Dominance produced only a tiny fraction of what they had been ordered to produce. The Court surely never intended to require Plaintiffs to pay for Dominance's outright defiance of the Court's Orders, and Dominance points to no caselaw to support its position. Plaintiffs' reasonable interpretation of the Court's statements at the April 3, 2026, hearing is that Dominance has been ordered to produce the Documents collected by HOLO without conducting linear relevance review. After all, Dominance possessed Plaintiffs' proposed search terms for nearly six months, yet never objected to them.

To the extent there is an issue regarding whether Dominance should be compensated for its costs, that issue is not presently before the Court.

### III.   PLAINTIFFS' FEES AND COSTS ARE REASONABLE AND SUPPORTED BY THE RECORD

Dominance's assertion that Plaintiffs' hours are excessive and unreasonable is wrong. The Fee Motion seeks compensation for a total of 286.1 hours of work spent trying to obtain Dominance's compliance with the Court's Order granting Plaintiffs' Motion to Compel over a

period of seven months. Plaintiffs' efforts to obtain Dominance's responsive documents required an immense amount of time and effort since the Court's August 29, 2025, Order, including:

- preparing for and attending at least six meet and confers with Dominance;
- preparing for and appearing at two hearings;
- meeting with Dominance's preferred vendor HOLO before agreeing to employ them (and pay them) to collect Dominance's documents;
- negotiating and drafting the scheduling Order;
- drafting search terms;
- revising the contract with HOLO;
- researching and drafting the Application for an Order to Show Cause, the Declaration of Kevin E. Rayhill in support thereof, and the Reply;
- researching and drafting the Motion for Fees, the Declaration of Joseph R. Saveri in support thereof, and the Reply;
- drafting numerous letters and emails with Dominance; and,
- engaging in many internal strategy meetings, phone calls, and emails.

Saveri Decl., ¶ 4.

Plaintiffs expended all this effort in trying to determine how to obtain Dominance's responsive documents despite their persistent resistance. Plaintiffs' fees and costs are very reasonable, considering the length of time and the amount of work that went into seeking Dominance's compliance. They relate solely to work specified in the OSC Order ("this Court intends to award reasonable costs, and fees, to Plaintiffs based on Dominance's failure to comply with their own discovery obligations, as well as this Courts prior orders"). ECF No. 471.

Dominance asserts that Plaintiffs fail to satisfy their burden under the lodestar method or adequately address the *Kerr* factors. Opp. at 15–16, 21–22. This too is wrong. Plaintiffs here provide adequate descriptions of the work performed. The Declaration of Joseph R. Saveri in Support of Plaintiffs' Motion for Fees provides a detailed report on each attorney's hours and rate. ECF No. 490–1. The Declaration summarizes the scope of work performed, and offers to provide detailed documentation to the Court for *in camera* review, should the Court feel more detail is required. ECF

No. 490–1, ¶ 12. This is more than adequate documentation. The Motion also correctly cites the standard and refers the Court to the Saveri Declaration, which addresses all of the *Kerr* factors and shows that Plaintiffs have satisfied each factor.[1] Motion, ECF No. 490 at 6–7; Saveri Decl., ECF No. 490–01, ¶ 14. More than this is not required.[2]

Dominance also takes issue with the number of Plaintiffs' attorneys involved in chasing down its evidence. But Dominance is a significant player in the MMA industry and possesses highly relevant documents and communications that go to the heart of Plaintiffs' claims. It has persistently refused to comply with the subpoena throughout the past year, despite Plaintiffs' assiduous efforts to bring Dominance to the negotiating table to seek solutions. Dominance's resistance has necessitated Plaintiffs' involvement in significant motion practice and multiple hearings (during which the relief Plaintiffs have sought has in large part been granted). This required a full-court press from Plaintiffs. The fact that Plaintiffs only expended 286.1 hours towards this task demonstrates a conservative approach and judicious use of resources.

Dominance objects in particular to Mr. Saveri's work on Plaintiffs' attempts to enforce their subpoena. Opp. at 17. This objection lacks merit. Mr. Saveri was actively involved in reviewing and editing the briefing for all three of Plaintiffs' motions at issue here. He argued the Motion to Compel and the Application for an Order to Show Cause, both of which required extensive research and preparation, communication and strategizing with co-counsel, travel time, and appearances at the hearings. Saveri Decl., at ¶ 4. Dominance counsel's assertion that Mr. Saveri's involvement is "the most striking example of excess" is ironic, given that counsel has told Plaintiffs in writing that Mr. Christiansen and Ms. Chippoletti will both be personally involved in the linear relevance review of the approximately 138,000 documents collected by HOLO at their regular rates of $550 and $1250 per hour, respectively. *See* ECF No. 491-03 (Christiansen Letter, March 26, 2026, at 4). This is a task normally handled by low-level attorneys, and in any event linear review has not been authorized

---

[1] *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).

[2] *See Toombs v. Leone*, 777 F.2d 465, 472 (9th Cir. 1985) ("That the court did not proceed ritualistically through Kerr 's twelve factors is not fatal to its imposition of a sanction of attorney's fees.").

by the Court or agreed to by Plaintiffs. Dominance's objection rings hollow in light of their own use of high-level attorneys.

Dominance's repeated and unsupported assertion that Plaintiffs should have expended "15 to 20 hours" throughout this extended process is patently absurd. Plaintiffs' efforts since the Court first ordered Dominance to produce responsive documents have involved the filing of multiple briefs and repeated correspondence throughout March 2026, as it became clear that Dominance would not comply even with the latest directive from this Court, and as Plaintiffs tried in vain to confer. That low estimate might apply in the hypothetical scenario of a compliant third party. As the record clearly reflects, Dominance is not that hypothetical third party. To be sure, as Dominance is still not in compliance, and continues to engage in contumacious delay and unnecessary review, Plaintiffs will continue to have to devote resources to these important collection efforts.

Dominance asserts that Plaintiffs fail to establish the reasonableness of their fees. This too is wrong. Saveri Law Firm's rates are competitive with those of firms with comparable practices, resources, and success rates, including those that operate within this District. Indeed, this Court recently deemed Saveri Law Firm rates to be reasonable using a lodestar cross-check of the percentage-of-the-recovery fee in a related case. *Le v. Zuffa, LLC*, Case No. 2:15-cv-01045-RFB-BNW, ECF No. 1065 at 3.

Dominance's assertion that Plaintiffs' request for costs is unsupported is similarly unavailing.

## IV.   CONCLUSION

The arguments in Dominance's opposition all fail. The hours worked by Plaintiffs' counsel and the rates charged are reasonable, given the number of motions, hearings, letters, and meetings required to attempt to obtain Dominance's documents. Plaintiffs' Motion for Fees should be granted.

Dated: April 23rd, 2026

Respectfully submitted,

/s/ *Joseph R. Saveri*
　　Joseph R. Saveri

Joseph R. Saveri (*pro hac vice*)
Christopher K.L. Young (*pro hac vice*)
Kevin E. Rayhill (*pro hac vice*)
Itak Moradi (*pro hac vice*)
T. Brent Jordan (*pro hac vice)*
**SAVERI LAW FIRM, LLP**
550 California Street, Suite 910
San Francisco, California 94104
Telephone:(415) 500-6800
Facsimile: (415) 395-9940
jsaveri@saverilawfirm.com
cyoung@saverilawfirm.com
krayhill@saverilawfirm.com
imoradi@saverilawfirm.com
tbjordan@saverilawfirm.com

Eric L. Cramer (admitted *pro hac vice*)
Michael Dell'Angelo (admitted *pro hac vice*)
Patrick F. Madden (admitted *pro hac vice*)
**BERGER MONTAGUE, P.C.**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604
ecramer@bm.net
mdellangelo@bm.net
pmadden@bm.net

Joshua P. Davis (admitted *pro hac vice*)
**BERGER MONTAGUE, P.C.**
550 California Street, Suite 910
San Francisco, CA 94104
Telephone: (415) 906-0684
Facsimile: (215) 875-4604
jdavis@bm.net

Benjamin D. Brown (admitted *pro hac vice*)
Richard A. Koffman (admitted *pro hac vice*)
Daniel H. Silverman (admitted *pro hac vice*)
**COHEN MILSTEIN SELLERS**
 **& TOLL, PLLC**
1100 New York Avenue, N.W., Suite 500, East Tower
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408 4699
bbrown@cohenmilstein.com
rkoffman@cohenmilstein.com
dsilverman@cohenmilstein.com

W. Joseph Bruckner (admitted *pro hac vice*)
Brian D. Clark (admitted *pro hac vice*)
**LOCKRIDGE GRINDAL NAUEN PLLP**
100 Washington Avenue S, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 596-4001
Facsimile: (612) 339-0981
wjbruckner@locklaw.com
bdclark@locklaw.com

Kyle Pozan (admitted *pro hac vice*)
**LOCKRIDGE GRINDAL NAUEN PLLP**
1165 N. Clark Street, Suite 700
Chicago, IL 60610
Telephone: (612) 339-6900
kjpozan@rlocklaw.com

*Counsel for Plaintiffs Kajan Johnson and
Clarence Dollaway and the Proposed Class*

Michael J. Gayan
**CLAGGET & SYKES**
4101 Meadows Lane, Suite 100
Las Vegas, NV 89107
Telephone: (702) 333-7777
Facsimile: (702) 655-3763

*Liaison Counsel for Plaintiffs Kajan Johnson and
Clarence Dollaway and the Proposed Class*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was served on April 23rd, 2026, via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.


/s/ Joseph R. Saveri
Joseph R. Saveri
SAVERI LAW FIRM, LLP