# EXHIBIT B

# SAVERI
## LAW FIRM

550 CALIFORNIA STREET
SUITE 910
SAN FRANCISCO CA 94104

TEL  415.500.6800
FAX  415.395.9940

780 THIRD AVENUE
SUITE 1200
NEW YORK NY 10017

TEL  347.790.0069
FAX  347.790.0029

April 8, 2026

**Via Email**

Peter S. Christiansen
Keely Chippoletti
Christiansen Trial Lawyers
710 S 7th St Suite B,
Las Vegas, NV 89101
pete@christiansenlaw.com
keely@christiansenlaw.com

Re:    *Johnson, et al. v. Zuffa, LLC, et al.*, Case No. 2:21-cv-01189-RFB-
       BNW (D. Nev.)

       Dominance April 3, 2026 Production; ECF Nos. 471, 278, 245
       (Court Orders)

Counsel:

This is in response to your letter of April 3 detailing Dominance's incomplete production in violation of the Court's March 3 Order. ECF No. 471.

First, Dominance has failed to meet the Court's deadline for production of all responsive documents. *Id.* The Court ordered Dominance to produce roughly 120,000 documents by April 3; Dominance produced 2,911 documents—approximately 2%. This constitutes Dominance's violation of a third Court order.

The failure—while staggering—is unsurprising. Dominance delayed its compliance by at least 22 days in face of a 30-day deadline. The delay is contrary to the instructions of the Court. Dominance continues conducting a linear responsiveness review to review documents for privilege only,[1] also in direct contravention of the Court's instruction.

---

[1] *See* ECF No. 466 (3/3/26 Hearing Tr.) at 11–12. ("""I want [Dominance] to turn over everything that they have, right. That means whatever the 120,000 that Holo has, turn it over." . . . "So

Peter S. Christiansen
Keely Chippoletti
April 8, 2026
Page 2

The refusal to comply is perplexing.

Indeed, while Dominance has made clear for weeks in communications that it did not intend to meet the Court's April 3 deadline and did not plan to obey the order to review for privilege only, it never sought relief. The olling production Dominance unilaterally announced in its recent correspondence is not contemplated by the Court's orders.

Second, based on your April 3 letter, Dominance's production contains no documents related to two of the custodians to which Dominance agreed, Firdaws Khalim and Terrell Hunsinger Jr. As you know, Dominance's obligation to preserve all potentially relevant evidence went into effect when it was served with Plaintiffs' subpoena on January 14, 2025.[2] Dominance has represented to Plaintiffs that it has preserved email from these two custodians.

Third, Dominance admits it has failed to preserve ESI from relevant custodians. We intend to seek relief from the Court, including sanctions under Rule 37.[3]

Finally, Plaintiffs offer to pay in advance the sum of $10,000 to defray Dominance's costs is intended as payment for costs related to

---

what I would expect is that all of the information regarding the three custodians, right, would be turned over based upon search terms that the plaintiffs have provided after review of the material for any privilege.")

[2] *See* *Veolia Transp. Servs., Inc. v. Evanson*, No. CV 10-01392-PHX-NVW, 2011 WL 5909917, at *3 (D. Ariz. Nov. 28, 2011) (service of subpoena triggers duty to preserve); *McCabe v. Gonzales*, No. 1:13-CV-00435-CWD, 2015 WL 5679735, at *12 (D. Idaho Sept. 25, 2015) ("A duty to preserve electronically stored information arises once one 'knew or should have known that they were in possession of evidence relevant to pending litigation.'" (quoting *Leon v. IDX Systems Corp.*, 464 F.3d 951, 956 (9th Cir. 2006).

[3] Hg. Tr. at 9: "I am concerned that your client allowed these vendors essentially to leave before they collected their information because certainly these individuals were affiliated with them at a certain point in time and now they're not and now this information is gone, right. And if I discover that that's exactly what happened, your client could face, as you know, much more severe penalties."

Peter S. Christiansen
Keely Chippoletti
April 8, 2026
Page 3

production and privilege review. Your assertion that in so doing, Plaintiffs "acknowledged responsibility" for "all fees and costs" is a misconceived stunt. 4/1 Ltr. We are sure you know Plaintiffs made no such acknowledgment. The statement is false, and we will advise the Court of your efforts to put untrue words in my mouth.

To reiterate, the idea that we have an obligation to reimburse you for any work, including a relevance review that the Court has discouraged or rejected, is specious. Plaintiffs do not agree—and have not agreed—to pay for the review as conducted to date and will oppose any motion for fees or costs for it. Plaintiffs reiterate that they will also object to any cost-shifting that relates to fees or costs Dominance incurred in avoiding its discovery obligations under the subpoena.[4]

Please cease your contumacious refusal to comply with the Court Order. Please cease the cease responsiveness review. Please do not delay any further. Please complete the production immediately.

Plaintiffs reserve all rights.

Sincerely,

Joseph R. Saveri

---

[4] Counsel admitted to the Court spending an "inordinate amount of time" with Dominance to reach understanding about compliance with the Court's order compelling production. 3/3 Hg. Tr. at 10.