**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| KAJAN JOHNSON, *et al.*, *on behalf of themselves and all others similarly situated*, | **INSTRUCTIONS FOR COURT-APPOINTED DIGITAL FORENSIC ANALYST** |
| Plaintiffs, | |
| v. | Case No. 2:21-cv-01189-RFB-BNW |
| ZUFFA, LLC (d/b/a ULTIMATE FIGHTING CHAMPIONSHIP & UFC), *et al.*, | |
| Defendants. | |
| PHIL DAVIS, *on behalf of himself and all others similarly situated*, | |
| Plaintiffs, | |
| v. | Case No. 2:25-cv-00946-RFB-BNW |
| ZUFFA, LLC (d/b/a ULTIMATE FIGHTING CHAMPIONSHIP & UFC), *et al.*, | |
| Defendants. | |

For reasons stated on the record during the April 21, 2026, Status Conference in these matters, **IT IS HEREBY ORDERED** Plaintiffs' Proposed Instructions for the Court's Digital Forensic Analyst ("Expert"), <u>see</u> Parties Disputed Proposed Instr. at 2–5, <u>Johnson v. Zuffa, LLC</u>, No. 21-cv-01189-RFB-BNW (D. Nev. Mar. 13, 2026) (ECF No. 474), are **ADOPTED** as modified below:

## I.    PHASE ONE

For each device, the Expert shall independently determine preliminary device information including, but not limited to:

- MSISDN(s) (Assigned Phone Number(s))
- IMEI(s) and IMSI Numbers
- Serial Number
- Device Name
- Make and Model
- Operating System and Version
- Mobile Device Management (MDM) Solution (if Any)
- Apple ID
- Assigned Universal Unique Identifier (UUID)
- All Email Accounts Associated with the Device via Apple ID and Apple Continuity
- MSISDN (Phone Number(s)) Tied to the Device via Apple Continuity
- Any iCloud Sync Timestamp(s)
- The "My Contact Card" Information for the Device
- If Synced with Windows, the Phone Link Identifier

The Expert will then report these results ("Preliminary Results") to the Parties.

## II.    PHASE TWO

### A. EXTRACTION

For those devices identified in Phase One that the Expert can access, the Expert shall

perform a full file system extraction *to the extent possible*. If a full file system extraction is *not possible*, the Expert may perform an advanced logical extraction. In either case, the Expert shall provide the extraction, and its corresponding device, to Defendants for examination to determine whether the data contains, among other things, privileged communications and/or responsive material. The Expert will not review the substance of communications and/or documents stored on the device. The Expert shall, however, retain a full file system image of each device, but shall not allow any such image, or portion thereof, to be accessible to Plaintiffs or their counsel without Defendants' consent or a Court Order. The Expert shall also obtain an SHA-256 hash of the extraction results and provide it to Plaintiffs.

Conversely, upon determining that a device is inaccessible, the Expert may send the device to Cellebrite for advanced unlocking services. If Cellebrite is unable to access the device, or the Expert declines to send the device to Cellebrite, the Expert shall retain the device until further order of this Court.

**B. REPORT**

On, or before, **May 11, 2026**, the Expert shall supply the Parties, and the Court, with a report that reflects the following information:

  **i.    *Accessible Devices***

For those devices identified in Phase One that the Expert can access, the Expert shall provide information concerning the data available on each device ("Available Data Information"). The Available Data Information shall include, without limitation:

- The log of all iCloud syncs, including the timestamps and the individual app information for apps synced through iCloud in the settings on the device.
- The full file system summary, including all phone numbers, email accounts, apps, and app accounts. *Such summary shall not include the substance of any communications or documents.*
- A report listing:
  - Each communications app, regardless of whether the apps are recoverable, along with a statement of whether there were recoverable communications

available and, if not, why (*e.g.*, encryption, no communications, etc.).

o   For each communications app listed above, the accounts and usernames in use. If such information is unavailable through the full file system, or advanced logical, extraction of the app, the Expert shall use the Apple Keychain file listing to obtain the saved account credentials. *The Expert shall not disclose any passwords unless, and until, the Court orders him to do so. In other words, passwords should not be included in this report.*

o   The number of messages available on each app (*e.g.*, iMessage, WhatsApp, etc.).

o   The date range of communications broken down for each app on the device.

o   A list of all changes (with timestamps of such changes) to the retention settings for all types of communications available, including, without limitation, iMessage, audio messages, and other communications apps.

o   The results of the Expert's SMS.db file examination. To elaborate, the Expert shall examine the SMS.db file for non-sequential messages, *i.e.*, checking the SMS.db for RowID gaps, Date/Time gaps, Orphaned handles, chat_message_join discrepancies, and missing sequential IDs. *The Expert shall not disclose any substantive content he gleans from the SMS.db file absent further order of this Court.*

ii.   ***All Devices***

For all devices, accessible or inaccessible, the Expert shall provide: (i.) a copy of the Expert's extraction log(s) for successful, and attempted, data extractions for each device, (ii.) the Court-appointed Expert's notes regarding his examination of the devices, and, to the extent the following information is not covered by the Expert's logs or notes, (iii.) a summary of the Expert's data extractions, which should include:

- The hardware used to perform, or attempt to perform, each data extraction
- The software used to perform, or attempt to perform, each data extraction
- The app version being used to perform, or attempt to perform, each data extraction

- The method used to gain access, or attempt to gain access, (*e.g.*, brute force) to each device

- A timeline of the Expert's efforts to access each device *and* a record of failed, and successful, attempts to access each device

- The type of data extraction obtained, if any

### III.    CONFIDENTIALITY

Finally, **IT IS FURTHER ORDERED** the Expert shall not disclose *any information* he learns through his examination(s) to the Parties, the Court, or the public unless (i.) disclosure is provided for in these instructions or (ii.) the Court orders otherwise.

**DATED:** April 27, 2026.

_____

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**