KRISTIN N. TAHLER (*Pro hac vice*)
kristintahler@quinnemanuel.com
WILLIAM R. SEARS *(Pro hac vice)*
willsears@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: (213) 443-3000

MAAREN A. SHAH *(Pro hac vice)*
maarenshah@quinnemanuel.com
ELLISON WARD MERKEL *(Pro hac vice)*
ellisonmerkel@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
295 Fifth Avenue, 9th Floor
New York, New York 10016
Tel: (212) 849-7000

*Attorneys for Defendant Endeavor Group Holdings, Inc.*

CHRISTOPHER S. YATES (*Pro hac vice*)
chris.yates@lw.com
AARON T. CHIU (*Pro hac vice*)
aaron.chiu@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Tel:  (415) 391-0600

WILLIAM A. ISAACSON (*Pro hac vice*)
wisaacson@dirllp.com
JESSICA PHILLIPS (*Pro hac vice*)
jphillips@dirllp.com
AGBEKO PETTY (*Pro hac vice*)
apetty@dirllp.com
DUNN ISAACSON RHEE LLP
401 Ninth Street NW
Washington, DC 20004
Tel:  (202) 240-2900

DONALD J. CAMPBELL (No. 1216)
djc@cwlawlv.com
J. COLBY WILLIAMS (No. 5549)
jcw@cwlawlv.com
CAMPBELL & WILLIAMS
710 South 7th Street, Ste. A
Las Vegas, NV 89101
Tel:  (702) 382-5222

*Attorneys for Defendants Zuffa, LLC and TKO Operating Company, LLC*

[Additional counsel listed on signature page]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| KAJAN JOHNSON, CLARENCE DOLLAWAY, AND TRISTAN CONNELLY, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ZUFFA, LLC, TKO Operating Company, LLC f/k/a Zuffa Parent LLC (d/b/a Ultimate Fighting Championship and UFC), and ENDEAVOR GROUP HOLDINGS, INC.,<br><br>Defendants. | Case No.: 2:21-cv-01189-RFB-BNW<br><br>**DEFENDANTS' MOTION TO SEAL PLAINTIFFS' MOTION TO CHALLENGE DEFENDANTS' PRIVILEGE DESIGNATIONS AND CERTAIN DOCUMENTS CITED IN SUPPORT THEREOF** |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that, pursuant to Local Rule IA 10-5(a) and Section 14.3 of this Court's Amended Protective Order, Dkt. No. 475 at 18, Defendants Zuffa, LLC, and TKO Operating Company, LLC, and Endeavor Group Holdings, Inc. (collectively, "Defendants"), through their undersigned counsel, hereby move this Court for an order to seal (1) Dkt. Nos. 507–8 and 507–15 (Exhibits 6 and 13 to Plaintiffs' Motion to Challenge Defendants' Privilege Designations) in their entirety, (2) any reference to information contained in Exhibits 6 or 13 in any publicly filed version of Plaintiffs' Motion to Challenge Defendants' Privilege Designations (Dkt. No. 507) (hereinafter, "Plaintiffs' Motion to Challenge"), and (3) any personally identifiable information ("PII"), such as phone numbers, in Exhibits 8–12 of Plaintiffs' Motion to Challenge (Dkt. Nos. 507-10 to 507-14).

Under this Court's Amended Protective Order:

> Documents, papers and transcripts filed with the court which contain any other Producing Party or Producing Non-Party's designated "CONFIDENTIAL" or "HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information shall be accompanied by a motion for leave to lodge such information under seal with the Court. Redacted versions of these papers shall be publicly filed. If the materials were designated by a Party, within 10 days of the materials being lodged with the Court, that Party claiming protection shall file a motion to seal setting forth the bases for sealing and proper authority under *Kamakana v. City & County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), or some other applicable authority.

(Dkt. No. 475 § 14.3.)   Plaintiffs moved to lodge under seal the above-referenced documents pursuant to this Court's Amended Protective Order. *See* Dkt. No. 508. As explained below, certain exhibits meet the applicable good cause standard for sealing.  Exhibit 6 is Defendants' April 8, 2026 Clawback Privilege Log, which is comprised of PII and confidential business information about documents over which Defendants have properly claimed privilege.  Accordingly, Exhibit 6 should be maintained under seal in its entirety, and specific references to its contents in a publicly filed document, including Plaintiffs' Motion to Challenge, must be redacted.  The same is true of Exhibit 13, which has been designated confidential under the Amended Protective Order and which contains confidential business communications.  Exhibits 8-13 contain PII—including individuals' phone numbers—which should remain sealed and redacted if ever filed publicly.

The Ninth Circuit applies the "good cause" standard to motions to seal documents related

to non-dispositive filings not "directly relevant to the merits of the case." *Kamakana*, 447 F.3d at 1179–80.  Discovery motions are non-dispositive, and therefore subject to the "good cause" analysis, because they generally are  "only tangentially related [] to the underlying cause of action" and implicate only the "private interests of the litigants," rather than the public's right of access.  *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1097–98 (9th Cir. 2016) (internal citations omitted).  Courts have found "good cause" for sealing documents where public disclosure risks revealing sensitive business information and implicating personal privacy interests.  *See Trujillo v. Jacquez*, 2014 WL 4072062, at *6 (N.D. Cal. Aug. 15, 2014) (finding "good cause" to seal  a privilege log where private information about defendants would be revealed); *First 100 LLC v. Omni Fin., LLC*, 2016 WL 5661916, at *1 (D. Nev. Sept. 29, 2016) (Boulware, J.) (sealing under the "good cause" standard to protect proprietary business information).  That is particularly true where prejudice or harm would result if the information were to become publicly available.  *See Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–12 (9th Cir. 2002).

Here, the potential disclosure of "sensitive, private, and personally identifiable information . . . outweighs any concern over public access to the records." *Ernest Bock, LLC v. Steelman*, 2020 WL 7643223, at *5 (D. Nev. Dec. 23, 2020).  Defendants seek to seal these materials because public disclosure would cause concrete competitive, security, or other privacy harm.

Good cause exists to seal the following information from Plaintiffs' Motion to Challenge:

A. **Exhibits 6 And 13 And Should Be Entirely Sealed.**

Defendants designated Exhibit 6, a copy of Defendants' April 8, 2026 Privilege Log, as "Highly Confidential – Attorneys' Eyes Only" because it contains PII and reveals Defendants' competitively sensitive business information.  Under the applicable legal standard, there is good cause to maintain Exhibit 6 under seal in full.

1. **Exhibit 6 Contains PII**.

Sealing of PII is authorized by rule and local practice, and courts routinely seal or redact PII in filings.  *See* Fed. R. Civ. P. 5.2; LR IC 6-1; *Mohazzabi v. Wells Fargo, N.A.*, 2019 WL 4675768, at *4 (D. Nev. Sept. 25, 2019) (Boulware, J.) (sealing  materials  that  contained

"personally sensitive information"); *A.H. v. Wynn Las Vegas, LLC*, 2026 WL 674499, at *4 & n.6 (D. Nev. Mar. 9, 2026) (redacting employee email addresses and phone numbers because they "could be used as a vehicle for improper purposes, including harassment and phishing attempts."). Exhibit 6 contains Defendants' employees' names and associated phone numbers.  This Court has previously sealed similar PII.  *See e.g.,* Dkt. No. 336 (sealing exhibit 4, a text message thread because it contained "PII (phone numbers) and nonpublic strategy, negotiation, or operational content.").

There is good cause to seal Exhibit 6 in its entirety because, as described in this section and the section below, it is fully comprised of "private information not within the public realm" that is of a "personal and detailed nature." *Trujillo*, 2014 WL 4072062, at *6.  Nonetheless, if the Court is inclined to unseal any portion of Exhibit 6, Defendants request that all PII contained in Exhibit 6 be redacted.

### 2. Exhibit 6 and Exhibit 13 Contain Competitively Sensitive Business Information.

Additional grounds for good cause exist to seal Exhibit 6 and Exhibit 13 in full due to the presence of competitively sensitive business information.  Courts routinely seal confidential business information, internal financials, and sensitive security materials from competitive misuse or operational compromise.  *E.g.*, *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (recognizing protection of business information that might harm competitive standing); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (holding pricing and licensing terms are trade secrets warranting sealing); *Pulse Elecs., Inc. v. U.D. Elec. Corp.*, 530 F. Supp. 3d 988, 1031 (S.D. Cal. 2021) (sealing customer information and financial information).  Likewise, as this Court has recognized, "[p]rotecting proprietary information from public knowledge is sufficient under the stricter 'compelling reasons' standard, and is therefore sufficient in this instance in which the lower 'good cause' standard applies." *First 100 LLC*, 2016 WL 5661916, at *1; *see* Dkt. Nos. 335 (sealing exhibits 3-4, 6-8, and 12 based on competitively sensitive business information), and 336 (same).

Exhibit 6 contains sensitive details for twenty (20) documents identified by Defendants as

privileged, to which Plaintiffs object only to six (6) in their Motion to Challenge.  The descriptions in Exhibit 6 contain competitive and sensitive business information such as descriptions of questions directed towards and advice given by Defendants' legal counsel, details regarding the timing and subject of contemplated business transactions, and the grounds for Defendants to engage counsel for legal advice.  This Court has routinely sealed similar discovery documents. *See, e.g.*, Dkt. No. 336 (sealing Exhibits 2–3, 5, 13, 35, and 43 because they "contain[ed] detailed device and application inventories for defendants' employees and sensitive security information). Moreover, Defendants have also designated Exhibit 6 as "Highly Confidential – Attorneys' Eyes Only."

Similarly, Exhibit 13, a text message thread between Mark Shapiro and Andrew Schleimer, contains confidential business information of the type courts typically seal.  This includes business strategy concerning dealing with a counterparty and potential business transactions by a non-party to this litigation, and for this reason is marked Confidential under the Amended Protective Order. If disclosed, these discussions could cause competitive harm, and this is exactly the type of information courts routinely allow to be sealed.  *See TPOV Enters. 16, LLC v. Paris Las Vegas Operating Co.*, 2018 WL 7501301, at *3 (D. Nev. June 21, 2018) (permitting sealing of "non-public business information"); *PNC Bank, Nat'l Ass'n v. Prime Lending, Inc.*, 2012 WL 13018831, at *1 (E.D. Wash. June 26, 2012) (finding good cause to seal documents, including because the disclosure of business information "might harm a litigant's competitive standing"); *TriQuint Semiconductor, Inc. v. Avago Techs. Ltd.*, 2011 WL 6182346, at *2-4 (D. Ariz. Dec. 13, 2011) (granting motion to seal business information); *TML Recovery, LLC v. Cigna Corp.*, 714 F. Supp. 3d 1214, 1218 (C.D. Cal. 2024) (noting that disclosure of negotiation and business strategy may cause competitive harm sufficient to establish good cause); *Nazar v. Harbor Freight Tools USA Inc.*, 2020 WL 4730986, at *1 n.1 (E.D. Wash. June 8, 2020) (permitting sealing of "confidential business information and internal communications" that would harm party is disclosed).  On the other hand, there is little to no public interest to this document.  Plaintiffs cite this document solely for the purported proposition that Mr. Emanuel and Mr. Shapiro were purportedly in a Signal group chat as of July 7, 2023.  Dkt. No. 507 at 20.  Plaintiffs do not argue that this document is relevant

to the claims or defenses in this litigation, much less that the public has any interest in seeing it. *See Kamakana*, 447 F.3d at 1180 (noting that a lower standard is applicable to non-dispositive motions because they generally concern matters "not directly relevant to the merits of the case"). And there is no public interest in Exhibit 13; this document is about private business discussions and not any issues of public concern.

Therefore, pursuant to the Court's Amended Protective Order and demonstrated good cause, this Court should seal Exhibits 6 and 13 in their entirety. *See* Dkt. No. 475 at 18.

**B.** **The Portions of Plaintiffs' Motion To Challenge Which Reference Information From Exhibits 6 and 13 Should Remain Redacted.**

Good cause exists to maintain under seal any reference to the content of Exhibits 6 and 13 in a publicly filed document, including the publicly filed version of Plaintiffs' Motion to Challenge (Dkt. No. 507). Plaintiffs' Motion to Challenge redacts specific references to the content of Exhibits 6 and 13, including:

| Page | Lines | Referencing |
| --- | --- | --- |
| 5 | 5-7 | Describing one of the documents included in the privilege log contained in Exhibit 6. |
| 6 | 2-4, 11-12 | Discussing the content of a privilege log entry contained in Exhibit 6. |
| 11 | 16–18, 20 | Describing one of the documents included in the privilege log contained in Exhibit 6. |
| 12 | 2, 5, n.8 | Discussing the content of a privilege log entry contained in Exhibit 6. |
| 15 | 3 | Describing one of the documents included in the privilege log contained in Exhibit 6. |
| 16 | 16-17, 21-22 | Discussing the content of a privilege log entry contained in Exhibit 6. |
| 19 | 16, 19-20 | Discussing the content of a privilege log entry contained in Exhibit 6. |
| 20 | 1-2 | Discussing the content of Exhibit 6. |
| 20 | 9 | Discussing the content of Exhibit 13. |

Good cause exists to maintain those redactions as Plaintiffs applied them for the entries described above, as they specifically refer to the competitively sensitive information and PII

contained in Exhibits 6 and 13 as discussed in Section A, *supra*.

**C. In Addition To Portions Of Exhibits 8-12 (Dkt. Nos. 507-10 to 507-14) Which Were Properly Redacted As Privileged, Any PII In Those Exhibits Is Protected And Should Be Redacted.**

Exhibits 8-12 are text message threads containing PII.  Good cause exists to apply redactions to certain discrete portions of the exhibits, as follows:

| Document | Proposed Redaction |
|---|---|
| Exhibit 8 | • All portions of phone numbers |
| Exhibit 9 | • All portions of phone numbers |
| Exhibit 10 | • All portions of phone numbers |
| Exhibit 11 | • All portions of phone numbers |
| Exhibit 12 | • All portions of phone numbers |

For the same reasons as discussed in Section A, *supra*, good cause exists to redact the PII (individuals' phone numbers) contained in Exhibits 8–12.  This Court has sealed PII along these lines in the context of text message exchanges.  *See* Dkt. Nos. 335 (sealing exhibits 3-4, 6-8, and 12) and 336 (sealing exhibit 4).  Defendants also maintain that all portions of Exhibits 8-13 that were produced as redacted on the basis of privilege were properly withheld as privileged.  On May 4, Defendants intend to file a motion opposing Plaintiffs' Motion to Challenge these privilege determinations.

*        *        *

For the reasons above, Defendants respectfully request that the Court grant their Motion to Seal the documents and information described herein.

Dated: April 30, 2026

Respectfully Submitted,

By: /s/ *Maaren A. Shah*
MAAREN A. SHAH (*Pro hac vice*)
maarenshah@quinnemanuel.com
ELLISON WARD MERKEL (*Pro hac vice*)
ellisonmerkel@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
295 Fifth Avenue, 9th Floor
New York, New York 10016
Tel: (212) 849-7000

KRISTIN N. TAHLER (*Pro hac vice*)
kristintahler@quinnemanuel.com
WILLIAM R. SEARS (*Pro hac vice*)
will.sears@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: (213) 443-3000

*Attorneys for Defendant Endeavor Group
Holdings, Inc.*

By: /s/ *Christopher S. Yates*
CHRISTOPHER S. YATES (*Pro hac vice*)
chris.yates@lw.com
AARON T. CHIU (*Pro hac vice*)
aaron.chiu@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Tel: (415) 391-0600

SEAN M. BERKOWITZ (*Pro hac vice*)
sean.berkowitz@lw.com
LATHAM & WATKINS LLP
330 North Wabash Ave, Suite 2800
Chicago, IL 60611
Tel: (312) 876-7700

JOSEPH AXELRAD (*Pro hac vice*)
joseph.axelrad@lw.com
DANIELLE LENECK (*Pro hac vice*)
danielle.leneck@lw.com
LATHAM & WATKINS LLP
10250 Constellation Blvd, Suite 1100
Los Angeles, CA 90067
Tel: (424) 653-5500

WILLIAM A. ISAACSON (*Pro hac vice*)
wisaacson@dirllp.com
JESSICA PHILLIPS (*Pro hac vice*)
jphillips@dirllp.com
AGBEKO PETTY (*Pro hac vice*)
apetty@dirllp.com
DUNN ISAACSON RHEE LLP
401 Ninth Street NW
Washington, DC 20004
Tel: (202) 240-2900

DONALD J. CAMPBELL (No. 1216)
djc@cwlawlv.com
J. COLBY WILLIAMS (No. 5549)
jcw@cwlawlv.com
CAMPBELL & WILLIAMS
710 South 7th Street
Las Vegas, NV 89101
Tel: (702) 382-5222

*Attorneys for Defendants Zuffa, LLC and
TKO Operating Company, LLC*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing Defendants' Motion to Seal was served on April 30, 2026, via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

/s/ Christopher S. Yates
Christopher S. Yates (*Pro hac vice*) of
LATHAM & WATKINS LLP