Rory T. Kay (NSBN 12416)
Emily M. Dennis (NSBN 16396)
McDONALD CARANO LLP
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
Telephone: (702) 873-4100
rkay@mcdonaldcarano.com
edennis@mcdonaldcarano.com

Maaren A. Shah (*admitted pro hac vice*)
Sami Rashid (*admitted pro hac vice*)
Ellison Merkel (*admitted pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
295 5th Ave
New York, NY 10016
Telephone: (212) 849-7000
maarenshah@quinnemanuel.com
samirashid@quinnemanuel.com
ellisonmerkel@quinnemanuel.com

Kristin N. Tahler (*admitted pro hac vice*)
William R. Sears (*admitted pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
865 S Figueroa St 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
kristintahler@quinnemanuel.com
willsears@quinnemanuel.com

*Attorneys for Endeavor Group Holdings, Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| Kajan Johnson, Clarence Dollaway, and Tristan Connelly, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> Zuffa LLC, TKO Operating Company, LLC f/k/a Zuffa Parent LLC (d/b/a Ultimate Fighting Championship and UFC) and Endeavor Group Holdings, Inc., <br><br> Defendants. | Case No. 2:21-cv-01189-RFB-BNW <br><br><br> **ENDEAVOR GROUP HOLDINGS, INC.'S MOTION TO SEAL RESPONSE TO PLAINTIFFS' STATEMENT REGARDING MISSING INFORMATION FOR THE CRITICAL CUSTODIANS** |

McDONALD CARANO
2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE 702.873.4100 • FAX 702.873.9966

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that, pursuant to Local Rule IA 10-5(a) and Section 14.3 of this Court's Amended Protective Order, ECF No. 475 §14.3, Defendant Endeavor Group Holdings, Inc. ("Endeavor"), through its undersigned counsel, hereby moves this Court for an order to seal portions of Endeavor Group Holdings, Inc.'s Response to Plaintiffs' Statement Regarding Missing Information for the Critical Custodians ("Endeavor's Response"), the exhibits attached thereto, and any reference to the sensitive information contained in Endeavor's Response in any publicly filed documents. Endeavor's Response contains numerous references to confidential and personally identifiable information ("PII") as well as sensitive business information that warrants protection from public disclosure.

Under this Court's Amended Protective Order, "[d]ocuments, papers and transcripts filed with the court which contain any other Producing Party or Producing Non-Party's designated 'CONFIDENTIAL' or 'HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY' Information shall be accompanied by a . . . motion to seal setting forth the bases for sealing and proper authority under *Kamakana v. City & County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), or some other applicable authority." ECF No. 475 § 14.3. As explained below, Endeavor's Response and accompanying exhibits contain PII and troves of sensitive business information. Courts in this district have found good cause to seal documents due to the sensitive nature of the information that can be derived from them. *See Universal Ent. Corp. v. Aruze Gaming Am., Inc.*, 2023 WL 6717467, at *2 (D. Nev. Jan. 6, 2023) (finding good cause to seal a document where it did "not itself contain the underlying sensitive information . . . because of the information that [could] be derived from [it]"). Accordingly, under the relevant legal standard, any reference to confidential business information or PII should be sealed.

The Ninth Circuit applies the "good cause" standard to motions to seal documents related to non-dispositive filings "not directly relevant to the merits of the case." *Kamakana*, 447 F.3d at 1179–80. The "good cause" standard applies here because Endeavor's Response is a non-dispositive filing concerning case management and discovery disputes. *See Kamakana*, 447 F.3d at 1179–80 (holding that "good cause" suffices to seal records attached to non-dispositive motions

because such records are often "unrelated, or only tangentially related, to the underlying cause of action") (citation omitted).  Protecting personal privacy interests constitutes "good cause" for sealing.  *See Trujillo v. Jacquez*, 2014 WL 4072062, at *6 (N.D. Cal. Aug. 15, 2014) (finding "good cause" to seal where private information about defendants would be revealed).  That is particularly true where prejudice or harm would result if the information were to become publicly available.  *See Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002).  Here, the potential disclosure of "sensitive, private, and personally identifiable information . . . outweighs any concern over public access to the records."  *Ernest Bock, LLC v. Steelman*, 2020 WL 7643223, at *5 (D. Nev. Dec. 23, 2020).  Endeavor seeks to seal these materials because public disclosure would cause concrete security, competitive, or other privacy harm.

Further, good cause to seal documents exists where "disclosure of confidential and sensitive business information could cause great harm to the disclosing party."  *Snap Lock Indus, Inc. v. Swisstrax Corp.*, 2021 WL 3082561, at *5 (D. Nev. July 21, 2021).  "Federal courts are sensitive to [businesses'] privacy interests and routinely grant businesses protective orders, which permit businesses to redact private information or produce that information under seal."  *U.S. E.E.O.C. v. Mattress Firm, Inc.*, 2014 WL 7336089, at *5 (D. Nev. Dec. 22, 2014).  And in this very case, similar documents have been sealed precisely because they contain "competitively sensitive business information" that would competitively damage Endeavor should they become available on the public docket.  *Davis v. Zuffa, LLC*, 2025 WL 3653976, at *2 (D. Nev. Dec. 17, 2025) (finding good cause to seal text messages containing "nonpublic strategy, negotiation, or operational content").  Because the exhibits contain sensitive and proprietary business information, Endeavor seeks to seal these materials because public disclosure would be harmful to Endeavor's business and operations.  *See, e.g.*, *Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (sealing business information that could harm a party's competitive standing); *Origin Consulting, LLC v. Marquez*, 2023 WL 12180521, at *2 (D. Nev. July 17, 2023) (granting motion to seal documents containing business processes, methods, and programs); *Zeitlin v. Bank of Am., N.A.*, 2022 WL 3346957, at *1 (D. Nev. Aug. 11, 2022) (finding good cause to seal documents containing proprietary information disclosure of which could be harmful to a party's business);

McDONALD CARANO

2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE 702.873.4100 • FAX 702.873.9966

2

*Aevoe Corp. v. AE Tech. Co.*, 2013 WL 2302310, at *2 (D. Nev. May 24, 2013) (granting motion to seal documents discussing business strategy, financial information, customer lists, product specifications, and volume and pricing information).

Good cause exists to seal Endeavor's Response and accompanying exhibits that have been lodged with the court:

### A.   Exhibits that Endeavor Designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" Should Be Sealed in their Entirety

Endeavor designated Exhibits 1, 2, 3, 5 and 19 as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" because they contain PII and reveal sensitive information about Endeavor's or its partners' business.  Under the applicable legal standard, there is good cause to seal these exhibits in their entirety and references to them in Endeavor's Response because they consist of "private information not within the public realm." *Trujillo*, 2014 WL 4072062, at *6.

Sealing of PII is authorized by rule and local practice, and courts routinely seal or redact PII. *See* Fed. R. Civ. P. 5.2; LR IC 6-1; *Mohazzabi v. Wells Fargo, N.A.*, 2019 WL 4675768, at *4 (D. Nev. Sept. 25, 2019) (Boulware, J.) (sealing materials that contained "personally sensitive information"); *A.H. v. Wynn Las Vegas, LLC*, 2026 WL 674499, at *4 & n.6 (D. Nev. Mar. 9, 2026) (redacting employee email addresses and phone numbers because they "could be used as a vehicle for improper purposes, including harassment and phishing attempts").  The risk of harassment and misuse is particularly acute here.  The sealed exhibits not only include the PII of high-profile individuals, including Ariel Emanuel, they involve sensitive information related to Endeavor's operations and business strategy. *See Wynn*, 2026 WL 674499, at *4 & n.6.  This Court has previously sealed similar PII. *See, e.g.*, ECF No. 336 (sealing Exhibit 4, a text message thread because it contained "PII (phone numbers) and nonpublic strategy, negotiation, or operational content").

Endeavor's Exhibits 1, 2, 3 and 19 should therefore be maintained under seal in their entirety. In the alternative, all PII or references to sensitive business information should be redacted from the public versions of these exhibits.

**B.** **The Court Should Maintain Redactions to Endeavor's Response that Reference PII or Other Confidential Business Information**

Moreover, good cause exists to maintain the redactions to the Endeavor's Responses as Endeavor applied them. Endeavor's Response properly redacts specific references to confidential PII or sensitive business information, including:

| Page | Line(s) | Referencing |
|---|---|---|
| 1 | 6-11 | Discussing Quinn Emanuel's internal review of A. Emanuel communications and results of investigation. |
| 2 | 18-21, 23-24 | Discussing Quinn Emanuel's internal review of A. Emanuel's communications and results of investigation. |
| 3 | 1-3 | Discussing Quinn Emanuel's internal review of A. Emanuel's communications and results of investigation. |
| 4 | 16-25, 28 | Discussing Quinn Emanuel's internal review of A. Emanuel's communications and results of investigation. |
| 5 | 1-7, 10-28 | Discussing Quinn Emanuel's internal review of A. Emanuel's communications and results of investigation and quoting confidential communications. |
| 6 | 1-3, 5-18, 24-28 | Discussing Quinn Emanuel's internal review of A. Emanuel's communications and results of investigation and confidential communications. |
| 7 | 6-11, 15-23, 27 | Discussing Quinn Emanuel's internal review of A. Emanuel's communications and results of investigation and confidential communications. |
| 8 | 1-2, 13-21 | Discussing Quinn Emanuel's internal review of A. Emanuel's communications and results of investigation and quoting confidential communications. |
| 9 | 14-22, n.3 | Discussing Quinn Emanuel's internal review of A. Emanuel's communications and results of investigation. |
| 10 | 1-3, 6-16, 23, 24, n.4 | Discussing Quinn Emanuel's internal review of A. Emanuel's communications and results of investigation and Endeavor's confidential business information. |
| 11 | 1, 6-7, 15-24 | Discussing Quinn Emanuel's internal review of A. Emanuel's communications and results of investigation and Endeavor's confidential business information. |

| 12 | 1-3, 5, 7-8, 15-16 | Discussing Quinn Emanuel's internal review of A. Emanuel's communications and results of investigation and Endeavor's confidential business information. |
|----|----|----|
| 13 | 20-24 | Discussing Quinn Emanuel's A. Emanuel's confidential device information and results and Endeavor's confidential business information. |
| 14 | 1-2, n.8 | Discussing Quinn Emanuel's A. Emanuel's confidential device information and results and Endeavor's confidential business information. |
| 15 | 16—18,    21, n.10 | Discussing Quinn Emanuel's internal review of A. Emanuel's communications and results of investigation and Endeavor's confidential business information. |
| 16 | 1-6, 13-19 | Discussing Quinn Emanuel's internal review of A. Emanuel's communications and results of investigation and Endeavor's confidential business information. |
| 19 | 13-20, 28 | Discussing Quinn Emanuel's internal review of A. Emanuel's communications and results of investigation and quoting confidential communications. |
| 23 | 22-27 | Discussing Quinn Emanuel's internal review of A. Emanuel's communications and results of investigation and Endeavor's confidential business information. |
| 24 | 5-14, 18-22 | Discussing Quinn Emanuel's internal review of A. Emanuel's communications and results of investigation and Endeavor's confidential business information. |

**C.    Endeavor Also Properly Sealed Exhibits Containing and Redacted References to Information Other Parties Designated as Confidential**

Endeavor has also sealed certain exhibits produced by Plaintiffs that Plaintiffs have designated confidential.

Under Section 14.3 of the Amended Protective Order, when a filing party files a document containing confidential information of another party, "within 10 days of the materials being lodged with the Court, that Party claiming protection shall file a motion to seal setting forth the bases for sealing and proper authority under *Kamakana v. City & County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), or some other applicable authority."  ECF No. 475 §14.3.  Endeavor has filed Exhibits

5

4 through 18 under seal and redacted references to their contents in its Response pursuant to the Amended Protective Order so the appropriate party may move to seal theirs contents should they see fit. Endeavor does not oppose the sealing of this material.

For the reasons above, Endeavor respectfully requests that the Court grant its Motion to Seal the documents described herein.

Dated this 19th day of June, 2026

QUINN EMANUEL URQUHART & SULLIVAN LLP

By:    *Maaren A. Shah*
Maaren A. Shah (*admitted pro hac vice*)
Sami Rashid (*admitted pro hac vice*)
Ellison Merkel (*admitted pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
295 5th Ave
New York, NY 10016
Telephone: (212) 849-7000
maarenshah@quinnemanuel.com
samirashid@quinnemanuel.com
ellisonmerkel@quinnemanuel.com

Kristin N. Tahler (*admitted pro hac vice*)
William R. Sears (*admitted pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 S Figueroa St 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
kristintahler@quinnemanuel.com
willsears@quinnemanuel.com

Rory T. Kay (NSBN 12416)
Emily M. Dennis (NSBN 16396)
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
Telephone: (702) 873-4100
rkay@mcdonaldcarano.com
edennis@mcdonaldcarano.com

*Attorneys for Endeavor Group Holdings, Inc.*

6

**CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of June, 2026, a true and correct copy of **ENDEAVOR GROUP HOLDINGS, INC.'S MOTION TO SEAL RESPONSE TO PLAINTIFFS' STATEMENT REGARDING MISSING INFORMATION FOR THE CRITICAL CUSTODIANS** was served via the United States District Court CM/ECF system on all parties or persons requiring notice.

By: *Sam Cleveland*
Sam Cleveland

McDONALD CARANO

2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE 702.873.4100 • FAX 702.873.9966