PETER S. CHRISTIANSEN, ESQ.
Nevada Bar No. 5254
pete@christiansenlaw.com
KEELY P. CHIPPOLETTI, ESQ.
Nevada Bar No. 13931
keely@christiansenlaw.com
CHRISTIANSEN TRIAL LAWYERS
710 S. 7th Street, Suite B
Las Vegas, Nevada 89101
Telephone:     (702) 240-7979
Facsimile:     (866) 412-6992

*Attorneys for Nonparty*
*Dominance MMA, LLC*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| KAJAN JOHNSON, CLARENCE DOLLAWAY, and TRISTAN CONNELLY, on behalf of themselves and all others similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>ZUFFA, LLC, TKO OPERATING COMPANY, LLC f/k/a Zuffa Parent, LLC (d/b/a Ultimate Fighting Championship and UFC), and ENDEAVOR HOLDINGS, INC.,<br><br>Defendants. | CASE NO. 2:21−cv−01189−RFB−BNW<br><br>**NONPARTY DOMINANCE MMA, LLC'S MOTION FOR LEAVE TO FILE UNDER SEAL EXHIBIT 2 TO PLAINTIFFS' MOTION FOR ORDER TO SHOW CAUSE [ECF 427-3]** |

Pursuant to ECF 466 at 17:07-17, Fed. R. Civ. P. 26(c), LR IA 10-5 and supporting case law, Nonparty Dominance MMA, LLC, by and through its undersigned counsel, respectfully moves this Court for an Order sealing Exhibit 2 to Plaintiffs' Motion for an Order to Show Cause [ECF 427-3]. The exhibit at issue is Dominance's inventory list that was prepared pursuant to the Court's August 28, 2025 Order at ECF 245. As filed by Plaintiffs, the exhibit publicly discloses the personal identifying information of numerous nonparties, including personal telephone numbers and email addresses. The public disclosure of this information serves no legitimate public purpose, unnecessarily invades the privacy interests of third parties who are not

participants in this litigation, and is contrary to the Court's guidance that such personal information should not be publicly filed. *See* ECF 466 at 17:07-17. Dominance does not seek to shield substantive information from public scrutiny. Rather, it seeks only to protect the personal identifying information of nonparties whose privacy interests substantially outweigh any minimal public interest in disclosure.

This Motion is based upon the pleadings and papers on file in this action, the Points and Authorities set forth herein, and argument to be made by counsel at the time of the hearing.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**<u>MATERIALS SOUGHT TO BE SEALED/REDACTED</u>**

**A. EXHIBIT 2 SUBMITTED IN SUPPORT OF PLAINTIFFS' MOTION FOR AN ORDER TO SHOW CAUSE [ECF 427-3].**

Exhibit 2 is Dominance's inventory list that followed the Court's August 28, 2025 ruling on Plaintiffs' Motion to Compel, at which time the Court directed Dominance to prepare an inventory of potential discoverable sources to facilitate the parties' meet-and-confer process regarding third-party ESI collection. ECF 245. Consistent with that directive, Dominance prepared and produced the inventory.

Plaintiffs subsequently attached that inventory as Exhibit 2 to their Motion for Order to Show Cause. As filed on the public docket, the exhibit contains personal telephone numbers and email addresses for numerous nonparties. During the March 3, 2026 hearing, the Court expressly recognized that such personal information, including personal telephone numbers, should not be publicly filed in this matter. ECF 466 at 17:07-17.

**II.**

**<u>LEGAL ARGUMENT</u>**

**A. GOVERNING STANDARDS.**

There is a strong presumption of public access to judicial records. *See Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Public access is not, however, absolute. *Id*. A district court's decision as to whether judicial records should be sealed or

2

unsealed is reviewed for an abuse of discretion. *Id.* A showing of good cause is sufficient to support the sealing of documents produced during discovery and attached to non-dispositive motions. *Id.* at 1180. Compelling reasons must exist to warrant sealing exhibits attached to dispositive motions. *Id.* The party seeking to seal a judicial record bears the burden of overcoming the strong presumption of public access. *Id.* at 1178.

**B. GOOD CAUSE EXISTS TO SEAL THE UNREDACTED VERSION OF DOMINANCE'S INVENTORY LIST ATTACHED AS EXHIBIT 2 TO PLAINTIFFS' MOTION FOR AN ORDER TO SHOW CAUSE [ECF 427-3].**

Good cause exists to seal Exhibit 2 at ECF 427-3. The exhibit contains the personal telephone numbers and email addresses of numerous individuals who are not parties to this litigation. That information has no bearing on the issues presented by Plaintiffs' Motion and serves no legitimate purpose in facilitating the public's understanding of the judicial proceedings. The inventory identifies potential discoverable sources. Public disclosure of the custodians' personal contact information adds nothing of substantive value.

The unnecessary disclosure of nonparties' personal identifying information, however, implicates significant privacy interests. These individuals have no opportunity to protect their own privacy interests, yet their personal contact information has been placed on the public docket. Once publicly filed, that information becomes readily accessible through the Court's electronic filing system despite having no relevance to the merits of the underlying discovery dispute. The Court previously recognized these concerns during the March 3, 2026 hearing, expressly indicating that personal information, including personal telephone numbers, should not be filed publicly. ECF 466 at 17:07-17. Under these circumstances, the minimal public interest in access to nonparties' personal contact information is substantially outweighed by the privacy interests at stake. Accordingly, good cause exists to seal Exhibit 2.

**C. THE REQUESTED SEALING IS NARROWLY TAILORED AND LEAVES MEANINGFUL INFORMATION AVAILABLE TO THE PUBLIC.**

Although Dominance seeks to seal Exhibit 2 to Plaintiffs' Motion for an Order to Show Cause, the Motion itself will remain entirely available on the public docket. Dominance does not seek to shield Plaintiffs' arguments, the Court's rulings, or any substantive aspect of these

proceedings from public scrutiny. Rather, it seeks only to protect a single exhibit containing the personal identifying information of nonparties and a list of potential discoverable sources—information that has no bearing on the merits of Plaintiffs' Motion. Accordingly, granting this Motion will not impair the public's ability to understand or evaluate the issues presented by Plaintiffs' Motion for an Order to Show Cause; it will simply prevent the unnecessary public disclosure of sensitive, nonparty information.

### III.

### CONCLUSION

Based on the foregoing facts, law, and analysis, Dominance respectfully requests that the Court enter an Order sealing Exhibit 2 to Plaintiffs' Motion for an Order to Show Cause [ECF 427-3].

Dated this 15th day of July, 2026.

CHRISTIANSEN TRIAL LAWYERS

By_____
PETER S. CHRISTIANSEN, ESQ.
KEELY P. CHIPPOLETTI, ESQ.

*Attorneys for Nonparty*
*Dominance MMA, LLC*



4

**CERTIFICATE OF SERVICE**

I certify that I am an employee of CHRISTIANSEN TRIAL LAWYERS, and that on this 15th day of July, 2026, I caused the foregoing document entitled **NONPARTY DOMINANCE MMA, LLC'S MOTION FOR LEAVE TO FILE UNDER SEAL EXHIBIT 2 TO PLAINTIFFS' MOTION FOR ORDER TO SHOW CAUSE [ECF 427-3]** to be filed and served via the Court's CM/ECF electronic filing system upon all registered parties and their counsel.


*/s/ Amy Larsen*
An employee of Christiansen Trial Lawyers

5