Rory T. Kay (NSBN 12416)
Emily M. Dennis (NSBN 16396)
McDONALD CARANO LLP
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
Telephone: (702) 873-4100
rkay@mcdonaldcarano.com
edennis@mcdonaldcarano.com

Maaren A. Shah (*admitted pro hac vice*)
Sami Rashid (*admitted pro hac vice*)
Ellison Merkel (*admitted pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
295 5th Ave
New York, NY 10016
Telephone: (212) 849-7000
maarenshah@quinnemanuel.com
samirashid@quinnemanuel.com
ellisonmerkel@quinnemanuel.com

Kristin N. Tahler (*admitted pro hac vice*)
William R. Sears (*admitted pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
865 S Figueroa St 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
kristintahler@quinnemanuel.com
willsears@quinnemanuel.com

*Attorneys for Endeavor Group Holdings, Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Kajan Johnson, Clarence Dollaway, and Tristan Connelly, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>        v.<br><br>Zuffa LLC, TKO Operating Company, LLC f/k/a Zuffa Parent LLC (d/b/a Ultimate Fighting Championship and UFC) and Endeavor Group Holdings, Inc.,<br><br>        Defendants. | Case No. 2:21-cv-01189-RFB-BNW<br><br>**ENDEAVOR GROUP HOLDINGS, INC.'S MOTION TO SEAL PLAINTIFFS' STATEMENT OF MATERIALS MISSING FROM DEFENDANTS' PRODUCTIONS** |

McDONALD CARANO
2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE 702.873.4100 • FAX 702.873.9966

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that, pursuant to Local Rule IA 10-5(a) and Section 14.3 of this Court's Amended Protective Order, ECF No. 475 §14.3, Defendant Endeavor Group Holdings, Inc. ("Endeavor"), through its undersigned counsel, hereby moves this Court for an order to seal portions of Plaintiffs' Statement of Materials Missing from Defendants' Productions ("Statement"), ECF No. 669, and any reference to the sensitive information contained in the Statement in any publicly filed documents.  The Statement contains numerous references to confidential and sensitive business information that warrants protection from public disclosure.

Under this Court's Amended Protective Order, "[d]ocuments, papers and transcripts filed with the court which contain any other Producing Party or Producing Non-Party's designated 'CONFIDENTIAL' or 'HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY' Information shall be accompanied by a . . . motion to seal setting forth the bases for sealing and proper authority under *Kamakana v. City & County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), or some other applicable authority."  ECF No. 475 §14.3.  As explained below, the Statement contains confidential information about Endeavor's business operations.  Courts in this district have found good cause to seal documents due to the sensitive nature of the information that can be derived from them.  *See Universal Ent. Corp. v. Aruze Gaming Am., Inc.*, 2023 WL 6717467, at *2 (D. Nev. Jan. 6, 2023) (finding good cause to seal a document where it did "not itself contain the underlying sensitive information . . . because of the information that [could] be derived from [it]").  Accordingly, under the relevant legal standard, any reference to confidential business information in a publicly filed document must be redacted.

The Ninth Circuit applies the "good cause" standard to motions to seal documents related to non-dispositive filings "not directly relevant to the merits of the case."  *Kamakana*, 447 F.3d at 1179–80.  The "good cause" standard applies here because Plaintiffs' Statement is a non-dispositive filing concerning case management and discovery disputes.  *See Kamakana*, 447 F.3d at 1179–80 (holding that "good cause" suffices to seal records attached to non-dispositive motions because such records are often "unrelated, or only tangentially related, to the underlying cause of action") (citation omitted).  Protecting personal privacy interests constitutes "good cause" for sealing.  *See Trujillo v.*

McDONALD CARANO

2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE 702.873.4100 • FAX 702.873.9966

*Jacquez*, 2014 WL 4072062, at *6 (N.D. Cal. Aug. 15, 2014) (finding "good cause" to seal where private information about defendants would be revealed). That is particularly true where prejudice or harm would result if the information were to become publicly available. *See Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002). Here, the potential disclosure of "sensitive, private, and personally identifiable information . . . outweighs any concern over public access to the records." *Ernest Bock, LLC v. Steelman*, 2020 WL 7643223, at *5 (D. Nev. Dec. 23, 2020). Endeavor seeks to seal these materials because public disclosure would cause concrete security or other privacy harm.

Further, good cause to seal documents exists where "disclosure of confidential and sensitive business information could cause great harm to the disclosing party." *Snap Lock Indus, Inc. v. Swisstrax Corp.*, 2021 WL 3082561, at *5 (D. Nev. July 21, 2021). "Federal courts are sensitive to [businesses'] privacy interests and routinely grant businesses protective orders, which permit businesses to redact private information or produce that information under seal." *U.S. E.E.O.C. v. Mattress Firm, Inc.*, 2014 WL 7336089, at *5 (D. Nev. Dec. 22, 2014). And in this very case, similar documents have been sealed precisely because they contain "competitively sensitive business information" that would competitively damage Endeavor should they become available on the public docket. *Davis v. Zuffa, LLC*, 2025 WL 3653976, at *2 (D. Nev. Dec. 17, 2025) (finding good cause to seal text messages containing "nonpublic strategy, negotiation, or operational content"). Because Statement and its accompanying the exhibits contain sensitive and proprietary business information, Endeavor seeks to seal these materials because public disclosure would be harmful to Endeavor's business and operations. *See, e.g.*, *Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (sealing business information that could harm a party's competitive standing); *Origin Consulting, LLC v. Marquez*, 2023 WL 12180521, at *2 (D. Nev. July 17, 2023) (granting motion to seal documents containing business processes, methods, and programs); *Zeitlin v. Bank of Am., N.A.*, 2022 WL 3346957, at *1 (D. Nev. Aug. 11, 2022) (finding good cause to seal documents containing proprietary information disclosure of which could be harmful to a party's business); *Aevoe Corp. v. AE Tech. Co.*, 2013 WL 2302310, at *2 (D. Nev. May

McDONALD CARANO

2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE 702.873.4100 • FAX 702.873.9966

24, 2013) (granting motion to seal documents discussing business strategy, financial information, customer lists, product specifications, and volume and pricing information).

Good cause exists to seal Plaintiffs' Statement and accompanying exhibits that have been lodged with the court:

### A.    Exhibits 15, 21 and 50 Should Remain Sealed in their Entirety.

Exhibits 15, 21, and 50 are comprised of information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by Endeavor because they reveal sensitive information about Endeavor's or its partners' business.  They should be sealed in their entirety. Under the applicable legal standard, there is good cause to seal these exhibits in their entirety and references to them in Plaintiffs' Statement because they consist of "private information not within the public realm." *Trujillo*, 2014 WL 4072062, at *6.  Here, the sealed exhibits are Endeavor's internal documents comprised of sensitive information related to Endeavor's operations and business strategy that should remain protected. *See Origin Consulting*, 2023 WL 12180521, at *2 (granting motion to seal documents containing business processes, methods, and programs).  This Court has previously sealed similar PII or confidential business information. *See, e.g.*, ECF No. 336 (sealing Exhibit 4, a text message thread because it contained "PII (phone numbers) and nonpublic strategy, negotiation, or operational content").

Exhibits 15, 21, and 50 should therefore be maintained under seal in their entirety.  In the alternative, all PII or references to sensitive business information should be redacted from the public versions of these exhibits.

### B.    Plaintiffs' Redactions to the Statement Should be Maintained.

Good cause also exists to maintain the redactions to the Statement, as Plaintiffs applied them. Plaintiffs' Statement properly redacts specific references to these exhibits or other confidential information of Endeavor's, including:

| Page | Line(s) | Referencing |
|------|---------|-------------|
| 10 | n.15 | Describing the contents of Exhibit 21, including sensitive business information Endeavor designated as "CONFIDENTIAL" |

/ / /

For the reasons above, Endeavor respectfully requests that the Court grant its Motion to Seal the documents described herein.

Dated this 20th day of July, 2026

McDONALD CARANO LLP

By: /s/ Rory T. Kay
Rory T. Kay (NSBN 12416)
Emily M. Dennis (NSBN 16396)
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
Telephone: (702) 873-4100

Maaren A. Shah (*admitted pro hac vice*)
Sami Rashid (*admitted pro hac vice*)
Ellison Merkel (*admitted pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
295 5th Ave
New York, NY 10016
Telephone: (212) 849-7000

Kristin N. Tahler (*admitted pro hac vice*)
William R. Sears (*admitted pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
865 S Figueroa St 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000

*Attorneys for Endeavor Group Holdings, Inc.*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of July, 2026, a true and correct copy of **ENDEAVOR GROUP HOLDINGS, INC.'S MOTION TO SEAL PLAINTIFFS' STATEMENT OF MATERIALS MISSING FROM DEFENDANTS' PRODUCTIONS** was served via the United States District Court CM/ECF system on all parties or persons requiring notice.

By: /s/ Leah Jennings

An employee of McDonald Carano LLP