**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Kajan Johnson, | Case No. 2:21-cv-01189-RFB-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| Zuffa, LLC, et al., | |
| Defendants. | |

Before this Court is Defendants' motion to redact information in Plaintiff's statement regarding spoliation questing and the scope of privilege (ECF No. 350). ECF No. 360. Defendants also request that parts of Exhibit 1 attached to the statement (ECF No. 350-3) be redacted and that Exhibit 2 attached to the statement (ECF No. 350-4) be sealed. *Id.* Plaintiff opposed at ECF No. 370.

**I.    Analysis**

Generally, the public has a right to inspect and copy judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Such records are presumptively publicly accessible. *Id.* Consequently, a party seeking to seal a judicial record bears the burden of overcoming this strong presumption. *Id.* In the case of dispositive motions, the party seeking to seal the record must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process. *Id.* at 1178-79 (alteration and internal quotation marks and citations omitted). The Ninth Circuit has further held that the full presumption of public access applies to technically non-dispositive motions and attached documents as well if the motion is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).

"[A] different standard applies to 'private materials unearthed during discovery,' as such documents are not part of the judicial record." *Pintos*, 605 F.3d at 678 (citing *Kamakana*, 447

F.3d at 1180). Under Rule 26(c), a court may enter a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." "The relevant standard for purposes of Rule 26(c) is whether good cause exists to protect the information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Pintos*, 605 F.3d at 678 (quotation omitted). Given the "weaker public interest in nondispositive materials," the court applies the good cause standard in evaluating whether to seal documents attached to a nondispositive motion. *Id.* "Nondispositive motions 'are often unrelated, or only tangentially related, to the underlying cause of action,' and, as a result, the public's interest in accessing dispositive materials does 'not apply with equal force' to non-dispositive materials." *Id.* (citing *Kamakana*, 447 F.3d at 1179). It is within the court's discretion whether to seal documents. *Id.* at 679.

Here, the documents that Defendants wish to redact/seal are related to a motion that is not dispositive or more than tangentially related to the merits of the case. Thus, this Court applies the good cause standard. *Kamakana*, 447 F.3d at 1179.

### A. Plaintiff's Statement (ECF No. 350)[1]

Defendants seek to redact a portion of Plaintiff's statement at ECF No. 350 to remove reference to Dana White's role at the company. ECF No. 360 at 3. Defendants argue that this reference should be redacted because it describes how the company conducts business. *Id.* Plaintiff opposes Defendants' characterization of the challenged portion of the statement as confidential business information. ECF No. 370 at 5.

The portion of Plaintiff's statement that Defendants seek to redact refers to a quote discussing Mr. White's communication preferences. Because the statement appears in a brief related to ongoing spoliation proceedings, the apparent purpose of the line is to suggest that Mr. White should have preserved text messages. Neither Mr. White's phone number nor any other method of contacting Mr. White is included in the statement. Defendants fail to show how the

---

[1] The sealed and unredacted version of this document is at ECF No. 352.

challenged portion of the statement constitutes confidential business information. This Court finds that good cause does not exist to redact portions of ECF No. 350.

### B. Exhibit 1 (ECF No. 350-3)[2]

Defendants seek to redact all non-UFC email addresses and names related to non-party fighters in the email chain at Exhibit 1 (ECF No. 350-3). ECF No. 360 at 2. Defendants argue these constitute personally identifiable information ("PII") and the disclosure of such PII would cause competitive harm and prejudice future negotiations. *Id.* Plaintiff does not oppose the redaction of non-UFC email addresses, but Plaintiff opposes the redaction of non-party fighters' names.[3] ECF No. 370 at 1.

The redaction of PII is authorized by rule and local practice. Fed. R. Civ. P. 5.2; Local Rule IC 6-1. The Court has previously held that documents containing, "sensitive, private, and personally identifiable information" warrant sealing. *Ernest Block, LLC v. Steelman*, 2:19-cv-01065-JAD-EJY, 2020 WL 7643223, at *5 (D. Nev. Dec. 23, 2020). Courts within the Ninth Circuit have applied this rule to the kinds of information contemplated here. *See e.g. Reflex Media, Inc. v. Doe. No. 1*, 2:18-cv-02423-RFB-BNW, 2022 WL 2985938, at *2 (D. Nev. July 28, 2022) (sealing personally identifying information, including the names and email addresses of an attorney's clients because "public disclosure of this information could be used for improper purposes."). Thus, although Defendants fail to argue how the disclosure of the PII could harm future negotiations specifically, Defendants have shown good cause to seal the non-UFC email addresses and names related to non-party fighters because public disclosure of this information could be used for improper purposes.

### C. Exhibit 2 (ECF No. 350-4)[4]

Defendants move to seal the email in Exhibit 2 (ECF No. 350-4) in its entirety because it includes nonpublic payments, fight discussions, and negotiation positions. ECF No. 360 at 2.

---

[2] The sealed and unredacted version of this document is at ECF No. 352-1.

[3] Plaintiff also states that it does not oppose the sealing of UFC phone numbers and UFC fax numbers in the email chain. But UFC's fax numbers/phone numbers are not included in Defendants' redaction request. ECF No. 360 at 2.

[4] The sealed version of this document is at ECF No. 352-2.

Defendants argue that public disclosure of the email would cause competitive harm and prejudice future negotiations. *Id.* Plaintiff opposes because Defendants do not explain how the disclosure of the document involving a now-retired fighter could cause competitive harm. ECF No. 370 at 4.

This Court agrees with Plaintiff. Courts have found that good cause supports sealing where a document contains business information that might harm a litigant's competitive standing. *See Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 598 (1978); *see also Selling Source, LLC v. Red River Ventures*, No. 2:09-cv-01491-JCM-GWF, 2011 WL 1630338, at *6 (D. Nev. Apr. 29, 2011) ("Where the material includes information about proprietary business operations, a company's business model or agreement with clients, there are compelling reasons to the seal the material".) But Defendant does not explain how an email that summarizes bouts that the receiver's client turned down could cause competitive harm. Despite Defendants' assertions, it does not appear that the email includes nonpublic payments and negotiation positions. Specific terms of agreement, if any, would likely be included in the attached extension letter mentioned in the email body. The actual extension letter is not included in the exhibit. Accordingly, this Court finds that there is no good cause to seal Exhibit 2.

//

//

//

## II.    Conclusion

**IT IS THEREFORE ORDERED** that Defendants' motion to seal at ECF No. 360 is **GRANTED in part and DENIED in part**.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to maintain ECF No. 352 under seal.

**IT IS FURTHER ORDERED** that Plaintiff must refile:

- the brief at ECF No. 350 without any redactions
- Exhibit 1 to ECF No. 350 with the appropriate redactions consistent with this order
- Exhibit 2 to ECF No. 350

The title of such document must make clear that it is pursuant to this Court's order and link the documents to ECF No. 350.

DATED: July 20, 2026

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE