**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Kajan Johnson,

                              Plaintiff,

        v.

Zuffa, LLC,

                              Defendant.

Case No. 2:21-cv-01189-RFB-BNW

**ORDER**

Before this Court is Defendants' omnibus motion to seal documents/redact information in documents attached to ECF Nos. 217, 230, 261, and 268. ECF No. 349. Plaintiffs opposed at ECF No. 364.

I.    **Analysis**

Generally, the public has a right to inspect and copy judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Such records are presumptively publicly accessible. *Id.* Consequently, a party seeking to seal a judicial record bears the burden of overcoming this strong presumption. *Id.* In the case of dispositive motions, the party seeking to seal the record must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process. *Id.* at 1178-79 (alteration and internal quotation marks and citations omitted). The Ninth Circuit has further held that the full presumption of public access applies to technically non-dispositive motions and attached documents as well if the motion is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).

"[A] different standard applies to 'private materials unearthed during discovery,' as such documents are not part of the judicial record." *Pintos*, 605 F.3d at 678 (citing *Kamakana*, 447 F.3d at 1180). Under Rule 26(c), a court may enter a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." "The relevant

standard for purposes of Rule 26(c) is whether good cause exists to protect the information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Pintos*, 605 F.3d at 678 (quotation omitted). Given the "weaker public interest in nondispositive materials," the court applies the good cause standard in evaluating whether to seal documents attached to a nondispositive motion. *Id.* "Nondispositive motions 'are often unrelated, or only tangentially related, to the underlying cause of action,' and, as a result, the public's interest in accessing dispositive materials does 'not apply with equal force' to non-dispositive materials." *Id.* (citing *Kamakana*, 447 F.3d at 1179). It is within the court's discretion whether to seal documents. *Id.* at 679.

Defendants seek to seal/redact several documents attached to a motion for sanctions (ECF No. 217), a reply to the response to the motion to sanctions (ECF No. 230), a reply to response to a motion to compel (ECF No. 261), and a motion for leave to file a document (ECF No. 268). Defendants also seek to seal two statements regarding missing device disclosure data (ECF Nos. 327 and 331) and a joint status report regarding search terms (ECF No. 344). Because these documents are attached to matters that are not dispositive or more than tangentially related to the merits of the case, this Court applies the good cause standard. *Kamakana*, 447 F.3d at 1179.

### A. Exhibits Attached to Plaintiffs' Motion for Sanctions (ECF No. 217).[1]
#### 1. Phone Numbers in Exhibits 30, 38, 40–41 (ECF Nos. 217-32, 217-40, and 217-42–43)

Defendants request that phone numbers contained within Exhibit 30, 38. and 40–41 be redacted, and Plaintiffs do not oppose. The redaction of personally identifiable information ("PII") is authorized by rule and local practice. Fed. R. Civ. P. 5.2; LR IC 6-1. Courts have previously found good cause to seal phone numbers as PII. *See e.g. Hadley v. Kellogg Sales Co.*, No. 16-cv-04955-LHK, 2018 WL 7814785, at *3 (N.D. Cal. Sept. 5, 2018) (finding that phone numbers and addresses were personally identifying information that warranted sealing). Accordingly, this Court finds that there is good cause to redact the phone numbers in the named exhibits.

---

[1] The sealed and unredacted version of this document is at ECF No. 219.

**2. Exhibit Nos. 37 and 39 (ECF Nos. 217-39 and 217-41)**

Defendants seek to redact certain text messages included in the text threads in Exhibits 37 and 39 because they discuss confidential business information and strategy. ECF No. 349 at 8. They argue that the presumption favoring public access to documents is overcome where "sources of business information [] might harm a litigant's competitive standing." *Id.* (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 698 (1978). Plaintiffs oppose redacting the text messages at Exhibit 37 because they contend the messagesare not competitively sensitive. ECF No 364 at 6.

This Court agrees that the messages that Defendants request to seal in Exhibit 39 include strategy as to how fighters are selected and therefore include confidential business information that might harm Defendants' competitive standing if disclosed. *Aevoe Corp. v. AE Tech. Co.*, No. 2:12-cv-00053-GMN, 2013 WL 6210648, at *1 (D. Nev. Nov. 27, 2013) (sealing documents that included business strategies because these documents constituted confidential business information). Good cause exists to redact these messages. *First 100 LLC v. Omni Fin., LLC*, No. 2:16-cv-00099-RFB-CWH, 2016 WL 5661916, at *1 (D. Nev. Sept. 29, 2016) ("Protecting proprietary information from public knowledge is sufficient under the stricter 'compelling reasons' standard and is therefore sufficient in this instance in which the lower 'good cause' standard applies.").

However, the message Defendants wish to seal in Exhibit 37 merely discusses a judge's ruling. Thus, this Court finds that the message that Defendants wish to redact in Exhibit 37 do not contain confidential information and cannot be redacted.

**3. Exhibits 42–44 (ECF Nos. 217-44–217-46)**

Defendants move to seal the internal financial and organizational documents at Exhibits 42–44 in their entirety because disclosure would risk competitive harm to Defendants. ECF No. 349 at 9. Plaintiffs oppose sealing on the basis that these exhibits do not disclose business strategy or trade secrets. ECF No. 364 at 6.

Exhibit 42 is a presentation that includes organizational charts and business strategy, Exhibit 43 is a presentation that includes internal financial and budgeting information, and Exhibit 44 is a collection of organizational charts that show relationships between officers and

their reports. Courts in this District have sealed or redacted documents where disclosure would reveal the organization's confidential structure, decision-making, or financial information and thereby cause operational harm. *See Clark v. Metropolitan Life Ins. Co.*, No. 3:08-cv-00158-LRH-VPC, 2010 WL 1006823, at * 1 (D. Nev. Mar. 16, 2010) (sealing materials that brought attention to a company's "confidential internal business deliberations, organization, and capabilities"); *INAG, Inc. v. Richar, Inc.*, No. 2:16-cv-00722-RFB-EJY, 2024 WL 3103285, at *1 (D. Nev. June 24, 2024) (sealing confidential financial information); *Selling Source, LLC v. Red River Ventures, LLC*, 2011 WL 1630338, at *2 (D. Nev. Apr. 29, 2011) (sealing documents that detailed parties' corporate structure). Further, this Court finds that these exhibits cannot be easily redacted while leaving meaningful information available to the public. Accordingly, good cause supports sealing Exhibits 42–44 in full.

### 4. Exhibit 45 (ECF No. 217-47)

Defendants seek to redact the names included in Exhibit 45 because of privacy concerns. ECF No. 349 at 10. Plaintiffs oppose and argue that the names included in the chart at Exhibit 45 were derived from public documents. ECF No. 364 at 6. Defendants fail to establish how keeping the names in the chart unredacted creates privacy concerns, especially when many of these names are already included in documents accessible to the public. *See* ECF No. 217-51. Good cause does not exist to redact the requested portions of Exhibit 45.

### B. Exhibits Attached to Plaintiffs' Reply to Response to his Motion for Sanctions (ECF No. 230)[2]

### 1. Exhibit 53 (ECF Nos. 230-5)

Defendants move to redact the phone numbers included in Exhibit 53. Plaintiffs do not oppose. ECF No. 349 at 6. Good cause exists to redact the phone numbers attached to the text messages. *See* Fed. R. Civ. P. 5.2; LR IC 6-1; *see also Hadley v. Kellogg Sales Co.*, No. 16-cv-04955-LHK, 2018 WL 7814785, at *3 (N.D. Cal. Sept. 5, 2018).

### 2. Exhibit 54 (ECF No. 230-6)

---

[2] The sealed and redacted version of this motion is at ECF No. 223.

Defendants seek to redact phone numbers as well as information in the text message thread discussing media strategy and a possible broadcasting deal at Exhibit 54. ECF No. 349 at 10. Plaintiffs agree to the redaction of phone numbers and one of the text messages but oppose the other redactions because they contend the  information is not competitively sensitive. ECF No. 364 at 7.

Because the text messages that Defendants wish to redact contain confidential strategy discussions as well as nonpublic details regarding broadcast deal negotiations, good cause exists to apply Defendants' proposed redactions. *See Jones v. PGA Tour, Inc.*, No. 22-cv-04486-BLF, 2023 WL 6545413, at *5 (N.D. Cal. Oct. 5, 2023) (sealing confidential information regarding broadcast negotiations); *see also Aevoe Corp. v. AE Tech. Co.*, No. 2:12-cv-00053-GMN, 2013 WL 6210648, at *1. Good cause exists to redact the phone numbers attached to the text messages as well. *See* Fed. R. Civ. P. 5.2; LR IC 6-1; *see also Hadley*, 2018 WL 7814785, at *3.

### C. The Spreadsheet Attached to Exhibit C of Plaintiffs' Reply to Response to his Motion to Compel (ECF No. 261-5) [3]

Defendants move to seal the spreadsheet attached to the email at Exhibit C to Plaintiffs' reply to Defendants' response to the motion to compel on the basis that it includes contractual information related to Defendants' employees, personal information, and proprietary business information. ECF No. 349 at 10. Plaintiffs oppose sealing since much of this information is public and not competitively sensitive. ECF No. 364 at 7. Defendants fail to provide any explanation as to how the information contained in the spreadsheet is proprietary business information or protected PII. Defendants only argue that this Court has already granted sealing for other documents discussing non-party's bout paperwork. ECF No. 349 at 11. Although this spreadsheet includes the number of bouts listed UFC fighters have participated in and their status in the organization, it does not provide information regarding Defendants' business strategy like the previously sealed documents do. Accordingly, this Court finds that good cause does not exist to support sealing Exhibit C.

---

[3] The sealed version of this document is at ECF No. 263.

### D. Exhibits Attached to Plaintiffs' Motion for Leave to File Document (ECF 268)[4]

#### 1. Plaintiffs' Proposed Sur-Sur Reply Brief in Support of Motion to Compel (ECF No. 268-1)

Defendants move to redact portions of the Proposed Sur-Sur Reply Brief in Support of the Motion to Compel at ECF No. 234. Plaintiffs oppose. *See* ECF No. 364 at 4. Although the listed portions of the proposed Sur-Sur Reply mentions some of the exhibits that Defendants move to seal in the instant motion, those portions do not go into detail such that they reveal confidential information. Good cause does not exist to redact the requested portions of the Proposed Sur-Sur Reply.

#### 2. Phone Numbers in Exhibits 22–23 (ECF Nos. 268-13–14), 25 –26 (ECF Nos. 268-16–17), 31 (ECF No. 268-22)

Defendants move to redact the phone numbers included in Exhibits 22–23, 25–26, and 31, and Plaintiffs do not oppose. ECF No. 349 at 6. Good cause exists to redact the phone numbers attached to the text messages. *See* Fed. R. Civ. P. 5.2; LR IC 6-1; *see also Hadley*, 2018 WL 7814785, at *3.

#### 3. Exhibits 13–15, Exhibit 17, and Exhibits 20–21 (ECF Nos. 268-4–6, 268-8, 268-11–12)

Defendants move to seal Exhibits 13–15, 17, and 20–21 which include current UFC contracts. ECF No. 349 at 6. Plaintiffs do not oppose. These exhibits contain highly sensitive proprietary and contractual business information that, if disclosed, could provide competitors with insights into Defendants' business practices and lead to competitive harm. Thus, good cause exists to seal Exhibits 13–15, 17, and 20–21 in their entirety. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("business information that might harm a litigant's competitive standing" is a compelling reason to seal); *see also In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (determining pricing and licensing terms are trade secrets requiring sealing).

#### 4. Exhibits 16 and 18–19 (ECF Nos. 268-7 and 268-9–10)

Defendants move to seal Exhibits 16 and 18–19 because they contain licensing agreements that disclose nonpublic deals, licensing fees, revenue splits, and other confidential

---

[4] The sealed version of this document and its exhibits is at ECF No. 270.

business information. ECF No. 349 at 11. Plaintiffs oppose the sealing of these agreements because none of them are still in effect. ECF No. 364 at 8.

Courts have sealed confidential pricing and licensing terms as well as other confidential business information because disclosure of such documents risks concrete harm in future negotiations. *See In re Electronic Arts, Inc.*, 298 F. App'x at 569; *see also Digital Reg of Texas LLC v. Adobe Sys. Inc.*, No. C 12-1971 CW, 2014 WL 6986068, at *1 (N.D. Cal. Dec. 10, 2014) (finding good cause to seal confidential business information including financial information and terms of licensing agreement because public disclosure of the information would place the sealing party at a disadvantage in future negotiations). Regardless of whether the agreements included in the exhibits are still in effect, the information included therein can still affect the parties to the agreements in future negotiations. *See Simpson Strong-Tie Co. Inc. v. MiTek, Inc.*, 20-cv-06957-VKD, 2023 WL 9187547, at *3 (N.D. Cal. Dec. 15, 2023) (sealing the terms of a licensing agreement because the information could be detrimental to one or both parties to the agreement in subsequent negotiations with third parties). Further, this Court finds that these exhibits cannot be easily redacted while leaving meaningful information available to the public. Accordingly, good cause exists to seal Exhibits 16 and 18–19 in full.

### 5. Exhibit 24 (ECF No. 268-15)

Defendants move to redact the first full substantive paragraph in the email thread at Exhibit 24. ECF No. 349 at 8. They argue that the paragraph contains nonpublic payment details that could cause competitive harm and result in prejudice to future negotiations. *Id.* at 11. Plaintiffs only agree to redacting phone numbers.[5] ECF No. 364 at 4. Because the paragraph Defendants seek to redact includes proprietary negotiation information, good cause exists to redact it. *See Nixon*, 435 U.S. at 598; *see also Selling Source, LLC v. Red River Ventures*, No. 2:09-cv-01491-JCM-GWF, 2011 WL 1630338, at *6 (D. Nev. Apr. 29, 2011) ("Where the material includes information about proprietary business operations, a company's business model

---

[5] Plaintiffs also indicate that they do not oppose sealing the representative's name and the fighter's name included in the email at Exhibit 24. But these names are not included in Defendants' redaction request. ECF No. 364 at 4.

or agreement with clients, there are compelling reasons to the seal the material".) Good cause also exists to redact the phone numbers included in the email thread. *See* Fed. R. Civ. P. 5.2; LR IC 6-1.

### 6.   Exhibits 27–30 (ECF Nos. 268-18–21)

Defendants move to redact specific text messages included in the text message threads in Exhibits 27–28 and 30 as well as an email included in Exhibit 29 because they discuss talent scouting as well as information given for the purpose of negotiation (availability, competing offers). ECF No. 349 at 11. Defendants also move to redact personal email addresses included in the text message chain at Exhibit 28 and in the email chain at Exhibit 29, as well as phone numbers in Exhibits 27, 28, and 30. *Id.* Plaintiffs oppose redaction on the grounds that there is no trade secret or competitively sensitive information in these text messages but agree to the redaction of text messages. ECF No. 364 at 8. Because the requested text messages and email contain negotiation tactics used by Defendants, there is good cause to seal because the communication is confidential and contains business strategies that may cause competitive harm if unsealed. *See e.g.*, *Bartech Int'l, Inc. v. Mobile Simple Sols.*, Inc., No. 2:15-cv-02422-MMD-NJK, 2016 WL 2593920, at *2 (D. Nev. May 5, 2016) (sealing documents under the more stringent compelling reasons standard because releasing the information at issue would disadvantage the moving party in future business negotiations, causing competitive harm).

Additionally, good cause exists to seal the phone numbers and personal email addresses included in these exhibits. *See Hadley v. Kellogg Sales Co.*, No. 16-cv-04955-LHK, 2018 WL 7814785, at *3 (N.D. Cal. Sept. 5, 2018); *Reflex Media, Inc. v. Doe. No. 1*, 2:18-cv-02423-RFB-BNW, 2022 WL 2985938, at *2 (D. Nev. July 28, 2022) (sealing personally identifying information, including the names and email addresses of an attorney's clients because "public disclosure of this information could be used for improper purposes."); *see also A.H. v. Wynn Las Vegas, LLC*, No. 2:24-cv-01041-GMN-NJK, 2026 WL 674499, at *4 & n.6 (D. Nev. Mar. 9, 2026) (redacting employee email addresses and phone numbers because they could be used as a vehicle for improper purposes, including harassment and phishing attempts). Exhibits 27–30 may be sealed in full.

### 7. Exhibit 32 (ECF No. 268-23)

Defendants seek to seal Exhibit 32 in full because it is an email that contains phone numbers as well as nonpublic pay structures and negotiation positions. ECF No. 349 at 11–12. Plaintiffs do not oppose the redaction of phone numbers but oppose sealing in full because the email at Exhibit 32 does not disclose what the fighter was ultimately paid nor the response to the offer. ECF No. 364 at 8.

This email contains nonpublic pay structures and positions that were used as a part of the negotiation process, and this confidential business information could disadvantage Defendants in future negotiations. *See Digital Reg of Texas LLC v. Adobe Sys. Inc.*, No. C 12-1971 CW, 2014 WL 6986068, at *1 (N.D. Cal. Dec. 10, 2014). Because the entire exhibit contains confidential information and cannot be easily redacted, there is good cause to seal Exhibit 32 in full.

### 8. Exhibit 33 (ECF No. 268-24)

Defendants seek to seal Exhibit 33 which includes organizational charts. ECF No. 349 at 12. Plaintiffs oppose for the same reasons they oppose sealing the organizational chart at ECF No. 217-46. ECF No. 364 at 9.

Because the organizational charts at Exhibit 33 contain non-public reporting lines, and because these charts cannot be easily redacted while leaving meaningful information available to the public, good cause exists to seal. Courts in this District have sealed or redacted documents where disclosure would reveal the organization's confidential structure, decision-making, or financial information and thereby cause operational harm. *See Clark v. Metropolitan Life Ins. Co.*, No. 3:08-cv-00158-LRH-VPC, 2010 WL 1006823, at * 1 (D. Nev. Mar. 16, 2010); *Selling Source, LLC v. Red River Ventures, LLC*, 2011 WL 1630338, at *2 (D. Nev. Apr. 29, 2011).

### 9. Exhibit 34 (ECF No. 268-25)

Defendants move to seal Exhibit 34, which is a chart that includes text messages between UFC and a social media contractor regarding Twitter posts. ECF No. 349 at 12. Defendants argue that good cause exists to seal this exhibit because it contains nonpublic social media strategy. *Id.* Plaintiffs oppose sealing because the discussions relate to public posts but agree to redacting phone numbers. ECF No. 364 at 9.

The texts detailed in this chart largely discuss whether various posts were tweeted and what each post said. While most of these texts do not appear to contain confidential information, there are some messages that could potentially be considered as strategic discussions. Accordingly, this Court finds that Exhibit 34 could be easily redacted to remove any messages in the chart that specifically discuss social media strategy while still leaving important information available to the public. Insofar as any phone numbers are included in the chart, these may be redacted as well. *See* Fed. R. Civ. P. 5.2; LR IC 6-1.

### E. Exhibits to the December 9, 2026, Statement (ECF No. 327)[6]
#### 1. Exhibits 1, 5, 8, and 46–47 (ECF Nos. 327-3, 327-7, 327-10, and 317-43–317-44)

Defendants move to fully seal the charts at Exhibits 1, 5, 8, and 46–47 to the December 9 Statement because they contain detailed device and application inventories for Defendants' employees. ECF No. 349 at 16, ECF No. 364 at 10. Plaintiffs agree that the redaction of phone numbers and the serial numbers of devices are necessary to preserve PII but oppose sealing the documents in their entirety. ECF No. 364 at 10. Plaintiffs argue that Defendants do not explain how information regarding the type of device being inventoried and the communication platforms being used creates a security risk. *Id.*

This Court agrees that the disclosure of phone numbers and the serial numbers of devices risks exploitation and circumvention of security protocols, but that the numbers can be redacted while leaving important information accessible to the public. *See Evans v. Nye Cnty.*, No. 2:20-cv-01919-RFB-VCF, 2023 WL 362818, at *12 (D. Nev. Jan. 19, 2023) (sealing sensitive security operational details); *see also Hadley v. Kellogg Sales Co.*, No. 16-cv-04955-LHK, 2018 WL 7814785 (N.D. Cal. Sept. 5, 2018). Accordingly, good cause exists to redact phone numbers and serial numbers included in the exhibits.

#### 2. Exhibits 10–11 and 16 (ECF Nos. 327-12–13, 327-18)

Defendants move to seal in full Exhibits 10–11 and 16 in full. ECF No. 349 at 16. Exhibits 10 and 16 are discovery deficiency letters and Exhibit 11 is a questionnaire to Defendant

---

[6] The sealed and unredacted version of this document and its exhibits is at ECF No. 329.

custodians about file storage, preservation efforts and production processes. ECF No. 364 at 10. Plaintiffs agree to the redaction of phone numbers, personal emails addresses, and current contract clauses included in the documents, but oppose sealing the documents in their entirety. *Id.*

This Court agrees that there is good cause to redact phone numbers and personal email addresses. LR IC 6-1; *see also Hadley,* 2018 WL 7814785, at *3; *Reflex Media, Inc. v. Doe. No. 1*, 2:18-cv-02423-RFB-BNW, 2022 WL 2985938, at *2 (D. Nev. July 28, 2022). Additionally, portions of the discovery deficiency letters at Exhibits 10 and 16 include quotes from, or detailed references to, agreements such that the information included therein could affect the parties to the agreements in future negotiations if disclosed. There is good cause to redact these quotes and references. *Simpson Strong-Tie Co. Inc. v. MiTek, Inc.*, 20-cv-06957-VKD, 2023 WL 9187547, at *3 (N.D. Cal. Dec. 15, 2023); *Selling Source, LLC v. Red River Ventures*, No. 2:09-cv-01491-JCM-GWF, 2011 WL 1630338, at *6 (D. Nev. Apr. 29, 2011).

Defendants do not support their contention that Exhibits 10–11 and 16 should be sealed in their entirety, however, given that most of the information included in these documents has been discussed in hearings and other documents on the docket throughout the proceedings. Because the current versions of these exhibits already have redacted phone numbers, personal email addresses, and references to agreements between parties and nonparties, the parties need not refile them.

### 3. Exhibit 14 (ECF No. 327-16)

Defendants seek to seal Exhibit 14—a list of topics for a Rule 30(b)(6) deposition in the *Le* matter—in full. ECF No. 349 at 14; ECF No. 364 at 10. Defendant argues that Exhibit 14 contains sensitive security information. ECF No. 349 at 16. Plaintiffs agree only to the redaction of phone numbers, personal emails addresses, and the information in the chart that describes file names and locations. ECF No. 364 at 10.

The charts included in Exhibit 14 include file locations, naming conventions, and descriptions of private file content. They also include PII such as phone numbers and email addresses. The disclosure of this information could put systems at risk for circumvention of security protocols. *See Evans v. Nye Cnty.*, No. 2:20-cv-01919-RFB-VCF, 2023 WL 362818, at *12 (D. Nev. Jan. 19, 2023). Additionally, the protected information is so pervasive throughout

these charts, it would be difficult to redact the information while still leaving important information accessible to the general public. Accordingly, good cause exists to seal Exhibit 14 in full.

### 4.  Exhibits 17–18 and 20–24 (ECF Nos. 327-19–20 and 327-22–26)

Defendants seek to redact phone numbers in Exhibits 17–18 and 20–24 and redact specific text messages in the threads at Exhibits 17–18, 21–22, and 24. ECF No. 349 at 16–17. Defendants argue that the messages they wish to redact include sensitive business information. *Id.* at 19. Plaintiffs oppose, arguing there is no good cause to make the requested redactions. ECF No. 364 at 12. Because the text messages at issue include negotiation and operational discussions, this Court finds that good cause exists to redact the requested messages at Exhibits 17–18, 21–22, and 24. *Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 598 (1978); *see also Selling Source, LLC*, 2011 WL 1630338, at *6. Additionally, good cause exists to redact the phone numbers included in the exhibits. *See* Fed. R. Civ. P. 5.2; LR IC 6-1; *see also Hadley v. Kellogg Sales Co.*, No. 16-cv-04955-LHK, 2018 WL 7814785, at *3 (N.D. Cal. Sept. 5, 2018).

### 5.  Exhibits 32–33 (ECF Nos. 327-29–30)

Defendants move to seal the declaration from Dana White and an excerpt of his testimony during the spoliation dispute in the *Le* matter[7] at Exhibits 32–33 in full. ECF No. 349 at 16. Plaintiffs oppose sealing on the basis that the information in the exhibits including Mr. White's phone usage, how many phones he has, and his efforts at preservation is already in the public record. ECF No. 364 at 11. Plaintiffs agree, however, to the redaction of Mr. White's phone number. *Id.*

Because detailed information regarding Mr. White's devices could risk exploitation or result in target harassment, phishing, and other security threats of a prominent public figure if disclosed, good cause exists to seal Exhibits 32 and 33. *See Evans*, 2023 WL 362818, at *12; *see also A.H. v. Wynn Las Vegas, LLC*, No. 2:24-cv-01041-GMN-NJK, 2026 WL 674499, at *4 & n.6 (D. Nev. Mar. 9, 2026).

---

[7] 2:15-cv-01045-RFB-(PAL)

**6. Exhibits 34–35 and 43 (ECF Nos. 327-31–32 and 327-40)**

Defendants move to redact specific portions of emails within an email chain in ECF Nos. 34 and 43 because they include competitively sensitive business information. ECF No. 349 at 21. Defendants also move to redact all UFC phone numbers in Exhibits 34 and 43 and all non-UFC email addresses, names, initials, phone numbers, and fax numbers related to non-party fighters and managers in Exhibit 35. *Id.* at 20–21. Plaintiffs agree on sealing the UFC phone numbers and fax numbers only. ECF No. 364 at 13.

Good cause exists to redact the requested portions of Exhibit 34 because they discuss UFC business strategy. *See Aevoe Corp. v. AE Tech. Co.*, No. 2:12-cv-00053-GMN, 2013 WL 6210648, at *1 (D. Nev. Nov. 27, 2013). Good cause also exists to redact the requested portions of Exhibit 43 because they discuss nonpublic financial details and strategy. *See Clark v. Metropolitan Life Ins. Co.*, No. 3:08-cv-00158-LRH-VPC, 2010 WL 1006823, at * 1 (D. Nev. Mar. 16, 2010); *see also Selling Source, LLC v. Red River Ventures, LLC*, 2011 WL 1630338, at *2 (D. Nev. Apr. 29, 2011) (redacting information regarding financial condition and strategy).

There is good cause to redact all UFC phone numbers in Exhibits 34 and 43 and non-UFC email addresses, phone numbers, and fax numbers related to non-party fighters in Exhibit 35, but Defendants do not explain why names and initials of non-party fighters must also be redacted in Exhibit 35. *See Hadley v. Kellogg Sales Co.*, No. 16-cv-04955-LHK, 2018 WL 7814785, at *3 (N.D. Cal. Sept. 5, 2018); *see also Reflex Media, Inc. v. Doe. No. 1*, 2:18-cv-02423-RFB-BNW, 2022 WL 2985938, at *2 (D. Nev. July 28, 2022).

Accordingly, a copy of Exhibit 35 must be refiled with non-UFC email addresses, phone numbers, and fax numbers related to non-party fighters and managers redacted, but with the names and initials of non-party fighters unredacted.

**7. Exhibits 36–38 (ECF Nos. 327-33–35)**

Defendants move to seal Exhibits 36–38 in full because the email chains include agreement terms with a third party. ECF No. 349 at 20. Plaintiffs do not appear to oppose the sealing of these exhibits. There is good cause to seal these exhibits because disclosure of information that is negotiated between parties to an agreement in confidence can be detrimental to

one or both parties in subsequent negotiations with third parties. *Simpson Strong-Tie Co. Inc. v. MiTek, Inc.*, 20-cv-06957-VKD, 2023 WL 9187547, at \*3 (N.D. Cal. Dec. 15, 2023). Because these exhibits cannot be easily redacted while leaving meaningful information available to the public, they may be sealed in their entirety.

### 8. Exhibits 39–42 (ECF Nos. 327-36–39)

Defendants move to redact all UFC phone numbers included in the email threads at Exhibits 39–42 as well as the non-UFC phone numbers related to ESPN in Exhibit 41 and Endeavor phone numbers in Exhibit 42. Plaintiffs do not appear to oppose these redactions. The information that Defendants seek to redact constitutes PII and good cause supports redaction. *See Hadley*, 2018 WL 7814785, at \*3; *Reflex Media, Inc.*, 2022 WL 2985938, at \*2; *A.H. v. Wynn Las Vegas, LLC*, No. 2:24-cv-01041-GMN-NJK, 2026 WL 674499, at \*4 & n.6 (D. Nev. Mar. 9, 2026).

### 9. Exhibits 44 and 50 (ECF Nos. 327-41 and 327-47)

Defendants seek to seal Exhibits 44 and 50 in full because both email chains discuss confidential business information and strategy. ECF No. 349 at 21. Plaintiffs oppose sealing Exhibit 44 because the information is not competitively sensitive and oppose the sealing of Exhibit 50 because the information does not constitute confidential business information. ECF No. 364 at 13.

The email chain at Exhibit 44 includes analysis regarding audience demographics that is over ten years old, and the email at Exhibit 50 is an email from Mr. White regarding availability during a pay-per-view event. Defendants do not explain how the business information in Exhibit 44 might harm their competitive standing given that the information is more than ten years old. Defendants likewise fail to explain how Mr. White's warning to his employees regarding their availability at Exhibit 50 constitutes confidential business strategy. Accordingly, good cause does not exist to seal Exhibits 44 and 50.

### 10. Exhibits 45 and 49 (ECF Nos. 327-42 and 327-46)

Defendants move to seal Exhibits 45 and 49 in full because both email chains discuss UFC's financial information. ECF No. 349 at 21. Plaintiffs oppose sealing Exhibit 49 but do not appear to oppose Exhibit 45. ECF No. 364 at 13.

The email chains at Exhibits 45 and 49 are discussions regarding projected financial costs and gains and includes business strategy. Because these email chains include internal business deliberations and financial information, good cause exists to seal Exhibits 45 and 49. *See Clark v. Metropolitan Life Ins. Co.*, No. 3:08-cv-00158-LRH-VPC, 2010 WL 1006823, at * 1 (D. Nev. Mar. 16, 2010); *INAG, Inc. v. Richar, Inc.*, No. 2:16-cv-00722-RFB-EJY, 2024 WL 3103285, at *1 (D. Nev. June 24, 2024).

#### 11. Exhibit 48 (ECF No. 327-45)

Defendants move to file Exhibit 48 under seal in its entirety because it is a custodian chart that includes device inventories for Defendants' employees. ECF No. 349 at 16. They argue that these device inventories contain confidential security information. *Id.* Plaintiffs oppose sealing because the chart does not contain any phone numbers or other sensitive PII. *See* ECF No. 349 at 16. Defendant does not explain how information regarding the type of device being inventoried, without further identifying details, constitutes confidential security information. Thus, good cause does not exist to seal Exhibit 48.

#### F.  Exhibits to the December 16, 2026, State (ECF No. 331)[8]

##### 1.  Exhibits 2–4, 8, and 12 (ECF Nos. 331-4–6)

Defendants move to seal in full Exhibits 2–4, 8, and 12 to the December 16th statement in full as these are charts, letters, and emails that contain detailed device and application inventories for Defendants' employees. ECF No. 349 at 16. Plaintiffs agree that the redaction of phone numbers and the serial numbers of devices are necessary to preserve PII but oppose sealing the documents in their entirety. ECF No. 364 at 10.

The disclosure of phone numbers and the serial numbers of devices included in these documents risks exploitation and circumvention of security protocols. *See Evans v. Nye Cnty.*,

---

[8] The sealed and unredacted version of this document and its exhibits is at ECF No. 333

No. 2:20-cv-01919-RFB-VCF, 2023 WL 362818, at *12 (D. Nev. Jan. 19, 2023). But these exhibits contain more information than just phone numbers and serial numbers, and Defendants fail to show that the exhibits cannot be easily redacted rather than sealed in full. Thus, good cause exists only to support redacting phone numbers and serial numbers included in the exhibits.

### 2. Exhibits 7 and 9–10 (ECF Nos. 331-9 and 331-11–12)

Defendants seek the redaction of all phone numbers and certain messages in the text message and instant message threads at Exhibits 7 and 9–10. ECF No. 349 at 18. Defendants argue that the messages they wish to redact include competitively sensitive business information. *Id.* at 19. Plaintiffs oppose all redactions except for the redaction of phone numbers included in the exhibits as well as the personal health information of a fighter included at Exhibit 9. ECF No. 364 at 12.

The instant messages that Defendants wish to redact in Exhibits 9 and 10 discuss nonpublic business strategy regarding the organization of fights. Accordingly, there is good cause to redact these messages. *See Clark*, 2010 WL 1006823, at * 1.

Conversely, the text messages in Exhibit 7 consist of discussions scheduling calls, links to contracts, and a screenshot of a public Twitter post. The content of the calls and agreements are not included in the messages, so no confidential business information would be accessible to the public. Thus, good cause does not exist to redact the messages in Exhibit 7.

### G. Exhibit to the Joint Status Report on Discovery Issues (ECF No. 344)[9]

### 1. Exhibit 5 (ECF No. 344-5)

Defendants seek to seal the chart at Exhibit 5 in full because it contains detailed device and application inventories for Defendants' employees. ECF No. 349 at 16. Plaintiffs agree that the redaction of phone numbers and the serial numbers of devices are necessary to preserve PII but oppose sealing the documents in their entirety. ECF No. 364 at 10. This Court agrees that good cause exists to redact the phone numbers and serial numbers of devices because the disclosure of this information risks phone exploitation and circumvention of security protocols.

---

[9] The sealed and unredacted version of the exhibits are at ECF No. 346.

*See Evans*, 2023 WL 362818, at \*12. However, this Court declines to seal Exhibit 5 in full because this information can be redacted while leaving meaningful information available to the public.

### 2. Exhibits 6 and 7 (ECF Nos. 344-6–7)

Defendants seek the redaction of all phone numbers and certain messages in the identical instant message threads at Exhibits 6 and 7. ECF No. 349 at 19. Defendants argue the messages contain proprietary information. *Id.* Plaintiffs argue that there is no confidential agreement information included in the messages. ECF No. 364 at 11. The messages contain a link to a bout agreement, but they do not include the details of the agreement. Further, Defendants do not argue how the meta data chart on the last page of the exhibits constitutes confidential business information. Good cause does not exist to redact these exhibits.

### 3. Exhibit 8 (ECF No. 344-8)

Defendants move to seal the presentation at Exhibit 8 because it contains revenue information, business highlights, sports market analysis, and other business information. ECF No. 349 at 22. Plaintiffs oppose on the basis that the presentation is not commercially sensitive. ECF No. 364 at 14. Because Courts in this District have sealed documents where disclosure would reveal the organization's confidential structure, decision-making, or financial information, this Court finds that good cause exists to seal Exhibit 8. *See Clark*, 2010 WL 1006823, at \* 1; *INAG, Inc. v. Richar, Inc.*, No. 2:16-cv-00722-RFB-EJY, 2024 WL 3103285, at \*1 (D. Nev. June 24, 2024).

### H. Portions of the December 9 and December 16 Statements (ECF Nos. 327 and 331)[10]

Defendants seek to redact portions of the December 9 and December 16 statements that refer to the exhibits that they wish to seal in the instant motion. ECF No. 349 at 23. Plaintiffs argue that good cause exists to redact only to the portions that include phone numbers and personal email addresses. ECF No. 364 at 14. The portions of the December 9 and December 16 statements Defendants wish to redact include PII such as phone numbers and email addresses that

---

[10] The sealed and unredacted versions of these documents are at ECF Nos. 329 and 333.

this Court has found may be redacted for good cause. They also include specific quotes included in exhibits that this Court has found there is good cause to seal above. Thus, good cause exists to redact the requested portions of the December 9 and December 16 statements at ECF Nos. 327 and 331.

//

//

## II.   Conclusion

**IT IS THEREFORE ORDERED** that Defendants' motion at ECF No. 349 is **GRANTED in PART and DENIED in PART**.

**IT IS FURTHER ORDERED** that the Clerk of Court maintain the following under seal:

- ECF No. 219
- ECF No. 223
- ECF No. 270
- ECF No. 329
- ECF No. 333
- ECF No. 346

**IT IS FURTHER ORDERED** that the Clerk of Court unseal the following:

- ECF No. 263

**IT IS FURTHER ORDERED** that Defendants refile the following without redactions:

- Exhibit 37 and 45 to ECF No. 217
- Exhibit A to ECF No. 268
- Exhibits 44, 48, and 50 to ECF No. 327
- Exhibits 6 and 7 to ECF No. 344

**IT IS FURTHER ORDERED** that Defendants refile the following with the appropriate redactions consistent with this order:

- Exhibits 30, 38, 39, 40–41 to ECF No. 217
- Exhibits 53 and 54 to ECF No. 230
- Exhibits 22–23, 24, 25–26, 28–29, 31, and 34 to ECF No. 268

- Exhibits 1, 17–18, 20–24, 34–35, 39–42 and 43 to ECF No. 327

- Exhibits 9, 10, and 12 to ECF No. 331

DATED: July 23, 2026

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE