**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Kajan Johnson,

Plaintiff,

v.

Zuffa, LLC, et al.

Defendant.

Case No. 2:21-cv-01189-RFB-BNW

**ORDER**

Before this Court is Plaintiffs' motion for attorneys' fees and costs pursuant to Fed. R. Civ. P. 37(a)(5)(A) following a ruling in their favor on their motion to compel responses (ECF No. 234). ECF No. 444. Defendants opposed at ECF No. 472. Plaintiffs did not reply. ECF No. 472.

**I. Analysis**

Plaintiffs filed a motion to compel interrogatory responses (ECF No. 234), and the Court granted the motion at the status hearing on January 6, 2026. ECF No. 366. As a part of its ruling, the Court ordered Plaintiffs to submit a reasonable calculation of expenses incurred in making the motion to compel pursuant to Fed. R. Civ. P. 37(a)(5)(A). *Id.*

Plaintiffs request an award of $175,831 for 205.10 hours for the time spent by two shareholder attorneys, two associate attorneys, and one paralegal who worked in litigating the motion to compel. ECF No. 444 at 1. Plaintiffs contend this award is appropriate because: (1) none of the exceptions to a mandatory award of fees under Rule 35(a)(5)(A) applies; (2) several hours went into not only researching and drafting the motion to compel, but also preparing a related stipulation, replying to the response, responding to a related motion to strike, and traveling to argue the motion to compel; and (3) the current rates of counsel are within the range that have been approved by courts in the Ninth Circuit. *Id.* at 12–14. Plaintiffs also request $4, 053.41 in

expenses associated with making the initial motion to compel. *Id.* at 15. Plaintiffs note that in calculating this amount, they applied a negative multiplier of 0.4 to travel expenses. *Id.*

Defendants respond that an award under Rule 37(a)(5)(A) is inappropriate because Plaintiffs' motion to compel was premature and Defendants' responses were substantially justified. ECF No. 472 at 7. Defendants also argue that Plaintiffs cannot substantiate their fee request because they failed to submit time records and, in any event, more than 200 hours is an unreasonable amount of time to spend on a motion to compel. *Id.* at 10, 13. Finally, Defendant argues that Plaintiffs' counsel's requested rates are excessive in comparison to the prevailing market rates in Las Vegas. This Court addresses each argument in turn.

**A. Exceptions**

When a party files a motion to compel and the motion is granted, Rule 37(a)(5)(A) requires the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in "making the motion", including attorneys' fees. Fed. R. Civ. P. 37(a)(5)(A). The court may deny fees under Rule 37(a)(5)(A) only when (1) the moving party filed the motion without conferring in good faith, (2) the opposing party's response or nondisclosure was substantially justified, or (3) other circumstances make a fee award unjust. *Id.*

**1. The first exception to an award under Rule 37(a)(5)(A)(i) does not apply.**

Defendants argue that Plaintiffs did not attempt in good faith to obtain responses to their first interrogatories. ECF No. 472 at 7. But Plaintiffs met and conferred with Defendants regarding the sufficiency of their initial responses twice before filing their motion to compel—once on February 19, 2025, and again on August 14, 2025. ECF No. 444 at 8. Additionally, after Plaintiffs filed their motion to compel, they met and conferred with Defendants to negotiate a stipulation to continue Defendants' response to the motion to compel so that Defendants could supplement their responses to Plaintiffs' interrogatories. *Id.* After Defendants transmitted the supplemental responses, Plaintiffs attempted to discuss the remaining deficiencies with Defendants, but Defendants asserted that they were unprepared. *Id.* When Plaintiffs contacted Defendants again to meet and confer regarding the September 17 responses, Defendants did not

respond. *Id.* Because Plaintiffs engaged in multiple attempts to resolve the dispute, the first exception does not apply.

**2. The second exception to an award under Rule 37(a)(5)(A)(ii) does not apply.**

Defendants argue that their responses to the interrogatories were substantially justified because they exercised the option to produce business records in accordance with Fed. R. Civ. P. 33(d). ECF No. 572 at 8–9. Rule 33(d) allows a responding party to answer an interrogatory by producing business records if they (1) specify the records that must be reviewed in sufficient detail to enable the interrogating party to locate and identify them readily and (2) give the interrogating party a reasonable opportunity to examine and audit the records as well as allow them to make "copies, compilations, abstracts, or summaries". Fed. R. Civ. P. 33(d).

During the January 6 hearing, Plaintiffs indicated they were seeking lists of individuals responsible for negotiating or approving any of four types of agreements. ECF No. 353 at 118. They argued that Defendants only responded as to individuals that were responsible for negotiations regarding one type of agreement but did not refer to the other three types. *Id.* Although Defendants stated that they appropriately responded pursuant to Rule 33(d) by directing Plaintiffs to a number of Bates-stamped documents, when pressed as to whether the provided documents applied to all requested categories, Defendants were unsure. *Id.* at 119. Thus, Defendants failed to show that their responses to Plaintiffs' interrogatories complied with Rule 33(d). The second exception to the award of expenses under Rule 37 does not apply.

**3. The third exception to an award under Rule 37(a)(5)(A)(iii) does not apply.**

Defendants argue that regardless of whether their responses were substantially justified, "other circumstances" render a fee award unjust under Rule 37 because a substantial portion of the fees that Plaintiffs seek resulted from their own litigation conduct. ECF No. 472 at 8. Defendants argue that parties were in the process of meeting and conferring when Plaintiffs prematurely filed their motion to compel. *Id.* at 9. Instead of letting that process play out, Plaintiffs maintained a motion to compel which resulted in avoidable costs and fees. *Id.*

Additionally, Defendants argue that because they filed supplemental responses to Plaintiff's first interrogatories, the motion to compel was mooted. *Id.* at 10.

The record does not support Defendants' assertions. As discussed above, Plaintiffs met and conferred with Defendants twice before filing their motion to compel, and Defendants did not supplement their responses until more than three weeks after the motion was filed. ECF No. 444 at 8. Although Defendants argue. the motion was mooted by their supplemental responses, the District Judge granted the motion because both the initial and supplemental responses were deficient. ECF No. 353 at 115–129; ECF No. 366. Moreover, the district judge ordered Plaintiffs to submit a reasonable calculation of expenses incurred in making the motion to compel. Accordingly, Defendants fail to show that an award under Rule 37 would be unjust.

Because none of the exceptions to the mandatory award of expenses under Rule 37(a)(5)(A) apply, Plaintiffs are entitled to expenses including attorneys' fees.

**B. Number of Hours Expended**

In determining reasonable fee awards, courts use the lodestar method as the starting point in assessing reasonable fee awards. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 982 (9th Cir. 2008). Under the lodestar method, a fee award is determined by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar figure is presumptively reasonable, but district courts have discretion to decrease or increase them. *Hensley v. Eckerhart*, 461 U.S. 424, 434-37 (1983) (requiring a clear reasoning for adjusting the amount awarded).

Requests for attorneys' fees must also comply with Local rule 54-14, which requires any application to include an attorney affidavit, "[a] reasonable itemization and description of the work performed [,]" and "[a] brief summary" of 13 categories of information designed to elicit more details about the case and the work that the attorney performed. LR 54-14(a)-(b).

This Court finds that Plaintiffs' tabulations of hours expended are, at present, insufficient under LR 54-A. Plaintiffs "itemization and description" of the work performed merely consists of the names of the attorneys or legal professionals that worked on the motion to compel, their

hourly rate, the *total* amount of hours each individual spent, and a lodestar calculation. ECF No. 444-1. Plaintiffs indicate that counsel engaged in several tasks in the making of the motion to compel including researching and drafting the motion to compel, preparing a stipulation, drafting a reply in support of the motion, opposing Defendants' motion to strike Plaintiffs' reply, traveling to Las Vegas, and arguing the motion to compel reviewing deficient responses, investigating the record. ECF No. 444 at 12–13. But because Plaintiff does not provide a timesheet that itemizes these tasks in relation to hours spent, it is impossible to see who performed the tasks, if there is any potential duplication of efforts, or if all the time listed relates to "making the motion" as required by Rule 37(a)(5)(A). Accordingly, this Court is unable to determine whether Plaintiffs' calculation of time spent on the motion to compel is reasonable. Moreover, this court notes that, at least at first glance, spending more than 200 hours on a motion to compel seems excessive.

**C. Reasonable Rates and Costs**

Because this Court requires supplemental briefing to assess whether Plaintiffs' counsel's hours expended in making the motion to compel, it defers consideration of counsel's claimed rates and costs until the briefs are filed.

**II. Conclusion**

**IT IS ORDERED** that Plaintiffs submit a supplemental brief by August 26, 2026, compiling and properly categorizing hours expended preparing for the motion to compel (ECF No. 234).

DATED: July 31, 2026

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE