**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| Kajan Johnson, Clarence Dollaway, and Tristan Connelly, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>Zuffa, LLC, TKO Operating Company, LLC f/k/a Zuffa Parent LLC (d/b/a Ultimate Fighting Championship and UFC), and Endeavor Group Holdings, Inc.,<br><br>Defendants. | No.: 2:21-cv-01189-RFB-BNW<br><br>**JOINT PROPOSED SCHEDULING ORDER** |
| Phil Davis, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Zuffa LLC, TKO Group Holdings, Inc. (d/b/a Ultimate Fighting Championship and UFC), and Endeavor Group Holdings, Inc.,<br><br>Defendants. | No.: 2:25-cv-00946-RFB-BNW |

Pursuant to the Court's direction at the August 6, 2026 status conference, Dkt. No. 720 (*Johnson*), Plaintiffs Kajan Johnson, Clarence Dollaway, and Tristan Connelly (the "*Johnson* Plaintiffs") and Plaintiff Phil Davis (the "*Davis* Plaintiff") (collectively, "Plaintiffs"), and Defendants Zuffa, LLC, TKO Operating Company, LLC, TKO Group Holdings, Inc., and Endeavor Group Holdings, Inc. (collectively, "Defendants," and collectively with Plaintiffs, the "Parties"), jointly submit their competing positions for proposed schedules for the above-captioned actions. The Parties' positions on disputed dates are below.

## I. Plaintiffs' Position

In response to the Court's directive at the August 3, 2026 Status Conference that the Parties meet and confer on a scheduling proposal for the *Johnson* and *Davis* litigations, Plaintiffs and Defendants discussed the matter on August 12, 2026. Plaintiffs outlined the structure of their schedule proposal, including a proposed date for the close of fact discovery and the sequencing of post-discovery spoliation briefing, class and merits expert reports, and the motion for class certification. The parties confirmed that they would maintain their positions as to the prior scheduling dispute relating to whether the *Davis* action should proceed on the same schedule as the *Johnson* action. Plaintiffs further asked whether TKO and Zuffa could provide information concerning the expected scope of their forthcoming production, *e.g.*, whether the production from any custodian or custodians is already substantially complete to confirm the feasibility of Plaintiffs' proposed fact discovery deadline. TKO and Zuffa responded that the request was reasonable and that they would get back to Plaintiffs. Having not heard back by the evening of August 18, 2026, Plaintiffs sent their proposed schedule to Defendants.

Plaintiffs' proposed schedule accommodates the importance of keeping the injunctive relief claims on track for as swift a resolution as practicable, addresses the Court's concern that any spoliation motion(s) be decided prior to Plaintiffs' motion for class certification, and otherwise proceeds with post-discovery pacing that the parties previously agreed to be appropriate. Notwithstanding the Court's statement that "I think it would be appropriate for me to hear a motion for sanctions prior to any motion to certify the class and any other dispositive motions in the case" (Aug. 3, 2026 Hrg Tr. at 26:6-8), below Defendants claim that Plaintiffs have never explained

"why they believe that class certification will be impacted in any way by any sanctions motion, let alone any order." Yet, with Plaintiffs' prior motion for sanctions, Plaintiffs provided a proposed Order listing various potential remedies for Defendants' widespread spoliation, many of which have obvious implications for class certification and which Plaintiffs are likely to continue to seek. *See* ECF No. 448-49. For example:

- Plaintiffs are likely to seek default for Defendants' intentional, widespread spoliation. In such case, the remaining expert proceedings would focus only on damages and appropriate injunctive relief.

- Plaintiffs are likely to seek, in the alternative to default, an Order precluding Defendants from "introducing evidence that individual negotiations preclude a finding that the UFC imposes a pay structure for fighters." *Id.* at 5. Defendants' production of negotiations with fighters remains sorely lacking, likely because of spoliation or the withholding of relevant documents (subjecting them to sanction pursuant to Fed. R. Civ. P. .37(c)). If Defendants are precluded from making arguments about individualized negotiations or concerning pay structures, relevant class certification issues, that will alter the nature and scope of Plaintiffs' expert reports.

- Plaintiffs are likely to seek, in the alternative to default, an Order precluding Defendants from introducing evidence of purported "increased competition and lack of coercion." *See* ECF No. 448-49 at 6. In such case, the scope of expert reports on those issues would be reduced.

- Plaintiffs are likely to seek, in the alternative to default, an Order finding that *Le* evidence of certain matters (*e.g.*, competition in the MMA industry, fighter negotiations, market power, and Defendants' business model, practices and strategies) constitutes current evidence of those matters. Such a sanction could change the evidence appropriate for inclusion in expert reports on class and merits issues on those topics.

Each of those components of relief would significantly alter not only the scope of expert reports and testimony as it pertains to class certification, but also as it pertains to the merits of Plaintiffs' class claims. Because expert testimony on class and merits issues is closely intertwined in antitrust cases, many of these issues must be resolved for both the class and merits stages, and that is why the Court has Ordered—and the Parties previously agreed—to have the schedule account for combined class and merits expert reports.

The main difference between the schedules (other than the timing of Plaintiffs' spoliation motion) is that Defendants continue to argue that *Davis* and *Johnson* cannot proceed on the same schedule as *Johnson* (despite that the cases have been proceeding on the same track for over a

year) and propose to delay resolution of *Davis* and the critical injunctive relief Plaintiff Davis seeks. Defendants argue that delaying *Davis* is warranted because: (1) *Davis* was filed after *Johnson*; (2) substantial additional discovery will need to occur in *Davis*; and (3) there are separate and independent class certification and dispositive motions issues that will need to be addressed. None of these claims support having *Davis* proceed on a delayed schedule; if anything, *Davis* should be accelerated.

First, there is no substantial additional discovery that will need to occur in *Davis*. Regardless, Plaintiffs have continued to pursue substantive discovery across the cases, *e.g.*, doggedly pursuing document productions from agents, promoters, and other third parties. Defendants point to the need for discovery on compensation data from other combat sports organizations (as well as other materials and financial data from those same organizations), but Defendants do not, and cannot, defend their proposed delay of *Davis* because they have taken no steps over the last 15 months to seek such data. In fact, Defendants sought such data in *Johnson* when they issued subpoenas *three years ago* but apparently never diligently followed up on those subpoenas. Defendants have also taken no apparent steps in pursuit of such discovery since claiming the need for substantial additional discovery in the parties' May 11, 2026 Joint Proposed Scheduling Order. *Johnson* ECF No. 535. Defendants likewise have taken no steps to obtain substantive discovery in the last three months from Plaintiff Davis (instead just issuing a set of document requests to Plaintiff Davis seeking information about his mobile devices and records as part of Defendants' effort to manufacture a retaliatory spoliation motion). If Defendants' discovery argument were not pretextual, they would have been actively pursuing the discovery that they claim supports a request for extra time in *Davis*. They have not, and thus there is no valid basis for delaying *Davis* due to purportedly distinct discovery.

Second, the different class certification and dispositive briefing issues to which Defendants refer do not warrant delay for the *Davis* action. As Plaintiffs have previously argued, these issues should be handled in the ordinary course. There is no reason that any unique issues in *Davis* cannot be addressed in the parties' expert reports and class certification briefing. Indeed, in Plaintiffs' schedule, the expert reports and class certification briefing trails the period for spoliation briefing

and resolution, already building in additional time for Defendants to address their perceived unique issues. But at core, the injunctive relief sought in *Davis* should proceed on a faster track than *Johnson* for a few reasons. For one, Plaintiff *Davis* is late in his career as a professional MMA fighter, and his time remaining to secure appropriate bouts for his skill and notoriety is coming to an end. While he would have standing to seek injunctive relief based on his active status at the time the case was filed regardless of whether he continues to pursue his professional MMA career in the future, his interest in seeking the injunctive relief as soon as practicable is heightened.[1] Thus, any delay in resolution of *Davis* is prejudicial to Plaintiff Davis and the other fighters in the proposed class. Moreover, the proposed 23(b)(2) class in *Davis*, if certified, will not have a period for fighters to opt out, and thus, the case can proceed more expeditiously to dispositive motions and trial without awaiting, for example, the *Johnson* opt-out period to expire to address dispositive motions. As a result, as Plaintiffs propose below, dispositive briefing and trial should not necessarily (and need not) proceed for all cases at the same time. Instead, Plaintiffs propose below that the cases may diverge based on when and how these matters are resolved by the Court instead of the prior process that required, for example, the Joint Pretrial Order deadline to follow the date when the Court resolved "all Motions for Summary Judgment."

Finally, Defendants' proposal does not properly account for the scope of a sanctions order from the Court. Defendants propose exchanging both class and merits expert reports *prior* to briefing any motions for sanctions. But a sanctions opinion has the potential to significantly alter the scope of any expert report or corresponding opinion. As noted above, the results of Plaintiffs' forthcoming spoliation motion may have a significant impact on the scope, contents, and costs of class and merits experts. There is no valid basis for forcing (as Defendants propose) class and merits expert reports prior to resolution of the remedy for Defendants' widespread, intentional spoliation. In the interests of conserving the resources of both the Court and the parties, it makes sense to wait until after the Court has issued a sanctions order before exchanging expert reports

[1] This Court found such standing for the *Le* plaintiffs who were still fighting professionally when that case was filed even if they ceased fighting professionally during the course of that litigation. *See Le v. Zuffa, LLC*, No. 2:15-cv-01045-RFB-BNW, ECF No. 839 at 73-74.

and engaging in class and dispositive briefing. Defendants' argument that additional time is needed to account for discovery related to their recently filed motion to compel is similarly unavailing. Defendants have until the close of discovery to seek any additional information needed related to their allegations. Under Plaintiffs' proposal, the parties will have ample time to pursue any and all discovery necessary to simultaneously file any sanctions motions.

Defendants have already significantly delayed the proceedings due to their discovery misconduct. Their proposed scheduling order is simply an additional tactic to further delay these cases and should be rejected, particularly considering the ongoing prejudice to Plaintiffs and because adopting Defendants' schedule would compound that prejudice as to Mr. Davis. Instead, Plaintiffs urge the Court to adopt their proposed schedule, which will allow the two cases to proceed expeditiously.

## II. Defendants' Position

The only material disagreements between the Parties in their respective proposed schedules are: (1) when to address any sanctions motions, and (2) whether to stage *Davis* class certification and summary judgement after the resolution of the same in *Johnson*. For the reasons explained below, any sanctions motions should take place at the close of fact and expert discovery and *Davis* class and merits briefing, with its unique issues, should be resolved after *Johnson*.

### A. Sanctions Motions Should Be Resolved At The Close of Discovery

Defendants' proposed schedule is informed by the Court's repeated instructions and comments at the most recent status conference on August 6, 2026, namely, that any sanctions motions should be filed at the "close of discovery." As the Court stated:

- "Mr. Dell'Angelo and Mr. Madden, you'll be able to make that to me ***at the close of discovery*** in one full motion arguing for various sanctions or whatever you think is appropriate under Rule 26 or Rule 37. That will also inform the subsequent spoliation proceeding that will happen at the close of discovery in this case." Dkt. No. 720 (Aug. 6, 2026 Hr'g Tr.) at 14:15-20 (emphasis added).
- "Well, it certainly seems to me that it would be appropriate to be able to file the -- any motion related to spoliation ***at the close of discovery***. The only issue is whether or not that

somehow you need additional depositions or experts related to that." *Id.* at 28:5-9 (emphasis added).

- "***But it does seem to me that the appropriate time for that to happen is at the close of discovery***. That way, again, defendants can make the argument they have continued to make which is to say material is there, and to the extent material may not be there, there is a suitable or appropriate replacement for that." *Id.* at 29:12-17 (emphasis added).

Of course, filing a sanctions motion at the "close of discovery," including after expert discovery, is the ordinary course of civil litigation. Nevertheless, Plaintiffs aim to short-circuit the discovery schedule to get their motion resolved before the close of expert discovery, apparently believing that class certification will be unnecessary so long as the Court rules in their favor. *Id.* at 28:1-4 ("So -- and I think Your Honor's exactly right about not doing class -- particularly given the costs that go into class certification, having that done -- the spoliation filings done in advance of that."). Plaintiffs never have explained why they believe that class certification will be impacted in any way by any sanctions motion, let alone any order. Unless they intend to proceed on behalf of just the named plaintiffs, it makes little sense to stage things as they propose. Staging any sanctions motions to be heard after the close of all discovery makes practical sense for four reasons.

***First***, the issues addressed in Defendants' recently filed Motion to Compel regarding Plaintiffs' use of various ephemeral messaging applications, Dkt. No. 709, have taken on an added significance: Plaintiffs admittedly did not begin preserving ephemeral messaging communications until June 19, 2026. In interrogatory responses served on August 10, 2026, Plaintiffs finally admitted that, despite leveling allegations of spoliation against Defendants for a year based on the mere use of ephemeral messaging applications, Plaintiffs did not begin preserving communications on their own ephemeral messaging applications until just weeks ago. Defendants intend to explore during depositions of Plaintiffs Kajan Johnson, Tristan Connelly, and Clarence Dollaway, among other things: the various ways they have used their ephemeral messaging applications; the types of communications they used ephemeral messaging applications for; when and why they chose to use an ephemeral messaging application rather than SMS text messaging; and what they understood about their preservation obligations and when. Each of these issues bears on

Defendants' analysis of whether Plaintiffs spoliated responsive information and to what extent a motion for sanctions may be appropriate.

It would be inefficient and unfair to require Defendants to consider and analyze whether to file a motion for sanctions when the record on this issue is still being developed. Plaintiffs filed their opposition to Defendants' Motion to Compel on August 17, 2026. Defendants' reply is forthcoming, and, depending on the Court's ruling on the motion, there may be—as the Court has already noted—forensic examinations of the Plaintiffs' digital devices. Dkt. No. 720 (Aug. 6, 2026 Hr'g Tr.) at 32:8-12 ("So I don't want us to wait until we have depositions before we start talking about doing a forensic analysis [of Plaintiffs' devices]. And so if you're going to request that, I want you to request that before the depositions."). This additional discovery, as well as depositions exploring these issues from both Plaintiffs and the relevant experts, is critical to Defendants' ability to make an informed and reasoned decision regarding whether a sanctions motion is appropriate and, equally, to adequately substantiate and argue any such motion.

***Second***, the sanctions issues in this case are inextricably intertwined with expert discovery, making it impractical and inefficient to resolve any sanctions motions before expert discovery is complete. As the history of this litigation makes clear, any sanctions issues are likely to be heavily dependent on expert analysis regarding the preservation and production of ESI. Indeed, Plaintiffs have proposed an extensive protocol[2] for access to Defendants' ESI that was drafted by their experts and the Court has required Defendants to consult their experts, prepare a counter-proposal, submit a declaration from their experts regarding the proposal, and expects Defendants' experts to testify at an upcoming hearing. Requiring Defendants to file or respond to sanctions motions before expert reports have been served and expert depositions have been taken would either (a) result in motions based on an incomplete evidentiary record, or (b) necessitate multiple rounds of expert discovery, which would be duplicative, costly, and an unnecessary burden on the Court and the Parties. The far more efficient course is to allow the Parties to complete both fact and expert

---

[2] None of the twenty-three extractions at issue is from a device of Ari Emanuel or Mark Shapiro, and Plaintiffs have confirmed that their proposed protocol does not extend to ESI from the devices of those custodians. Dkt. No. 712 at 2 n.3. Zuffa and TKO's Proposal is likewise limited to those same twenty-three extractions.

discovery, assess the full evidentiary record, and then file any sanctions motions at the close of all discovery.

***Third***, any sanctions motions filed by the Parties should be filed at the same time, as the context of the Parties' allegations will inform the Court's consideration of the respective motions. For example, any allegations of spoliation by Plaintiffs will necessarily need to be viewed through the lens of any alleged spoliation or failure to preserve responsive communications by Plaintiffs themselves. Indeed, the Court has already recognized and indicated its clear preference that any sanctions motions be considered simultaneously, stating:

- "I do, Mr. Yates, want to raise the issue with you of the timing of any motion for spoliation by the defendants as it relates to fighter communications. . . . And the reason why I say that is, I don't want that -- I would rather resolve spoliation proceedings together." Dkt. No. 720 (Aug. 6, 2026 Hr'g Tr.) at 31:9-11, 17-19.
- "And I'm mostly, Mr. Dell'Angelo, just talking about the timing of this. If there's any reason why we couldn't proceed together -- to the extent there's going to be an argument about some spoliation by the plaintiffs, we couldn't proceed together. Any reason why we couldn't do that?" *Id.* at 34:7-11.

***Fourth***, considering the sanctions motions "together" is necessary to avoid the inefficiencies associated with filing a motion before the necessary factual record is complete. If, for example, Defendants are required to file a sanctions motion before the close of discovery and additional facts are elicited during depositions, Defendants will be required to supplement a pending motion or file a new motion altogether. This is not efficient.

### B. *Davis* Class Certification and Summary Judgement Should Be Staged To Follow Resolution Of Dispositive Briefing in *Johnson*

Defendants propose dates for the resolution of class certification in *Davis* approximately three months after the resolution of any summary judgment motions in *Johnson*, with summary judgment briefing in *Davis* to follow resolution of *Davis* class certification. Defendants' proposal accounts for the fact that, despite an overlap on some issues, significant differences between *Johnson* and *Davis* prohibit unified consideration. Allowing the far earlier-filed *Johnson* to

proceed to merits briefing first accounts for the distinct nature of the claims in the two actions and promotes judicial efficiency.[3]

The resolution of class certification and summary judgement in *Davis* should trail the corresponding proceedings in *Johnson*. *Davis* was filed four years after *Johnson* and, while both cases involve analysis of other combat sports organizations, *Davis* will require unique analysis of those organizations—including how each organization compensated fighters, the compensation decisions those organizations made, and the reasons why direct fighter compensation and other opportunities in other promotions might differ from those offered by the UFC. For class certification, *Davis* will involve additional and entirely distinct arguments related to adequacy, standing, and other issues raised by a fighter in one combat sports organization seeking to represent all fighters in all other combat sport organizations. Although there is some important factual overlap with *Johnson*, *Davis* will also feature dispositive motions focused on issues not present in *Johnson*, including issues related to the *Le* settlement and standing.[4] Class certification and dispositive motion practice in *Davis* will require analysis of, for example:

- compensation data from a host of combat sports organizations at a more detailed level than *Johnson*;
- offering materials and financial data from combat sports organizations to determine whether they have been "foreclosed" by the UFC, as Mr. Davis alleges; and
- detailed financial records from organizations that have merged with other entities.

Defendants' proposed schedule for *Davis* accounts for these differences and appropriately stages merits briefing to take place after the merits of class certification and summary judgement have been resolved in *Johnson*.

//

---

[3] Defendants made many of the same arguments regarding the staging of *Davis* after *Johnson* in the Parties' most recent joint scheduling submission. *See* Dkt. No. 535.

[4] Despite the Court recently denying Plaintiffs' efforts to strike Defendants' jury trial demand in *Davis*, Plaintiffs appear insistent on the idea that *Davis*, filed only in 2025, proceed to trial before *Johnson*, filed in 2021. As Defendants have previously noted to the Court, advancing *Davis* before *Johnson* would infringe upon Defendants' Seventh Amendment jury trial right. *See Davis v. Zuffa, et al.*, Dkt. No. 238.

**III. Proposed Case Schedules: *Johnson* and *Davis***

| Case Event | Plaintiffs' Proposal | Defendants' Proposal |
|---|---|---|
| *Johnson/Davis* Substantial Completion of Document Productions in response to Rule 34 Requests Served by May 4, 2026 | Sep. 30, 2026 | Sep. 30, 2026 |
| *Johnson/Davis* Substantial Completion of Document Productions in Response to Rule 34 Requests Served by May 4, 2026 (Endeavor) | Oct. 30, 2026 | Oct. 30, 2026 |
| *Johnson/Davis* Close of Fact Discovery, including all non-expert depositions as to all parties | Mar. 1, 2027 | Mar. 1, 2027 |
| *Johnson/Davis* Motions for Sanctions (if any) | Mar. 31, 2027 | *See below* |
| *Johnson/Davis* Responses to any Motions for Sanctions | Apr. 30, 2027 | *See below* |
| *Johnson/Davis* Replies re: Motions for Sanctions | May 17, 2027 | *See below* |
| *Johnson/Davis* Plaintiffs' opening expert reports on class and merits | 30 days after ruling on spoliation sanctions | Mar. 29, 2027 |
| *Johnson/Davis* Defendants' expert reports on class and merits | 90 days after Opening Expert Reports | June 28, 2027 |
| *Johnson/Davis* Plaintiffs' rebuttal expert reports on class and merits | 45 days after Opposition Expert Reports | Aug. 23, 2027 |
| *Johnson/Davis* Last day to depose each opposing parties' experts on class and merits | One week after Rebuttal Expert Reports | Sep. 21, 2027 |
| *Johnson/Davis* Motions for Sanctions (if any) | *See above* | Oct. 5, 2027 |
| *Johnson/Davis* Responses to any Motions for Sanctions | *See above* | Nov. 4, 2027 |
| *Johnson/Davis* Replies re: Motions for Sanctions | *See above* | Nov. 18, 2027 |
| *Johnson* Plaintiffs' Class Certification Motion | 30 days after Rebuttal Expert Reports | Oct. 25, 2027 |
| *Johnson Daubert* Motions from any party | 30 days after Rebuttal Expert Reports | Oct. 25, 2027 |

| **Case Event** | **Plaintiffs' Proposal** | **Defendants' Proposal** |
|---|---|---|
| *Johnson* Defendants' Responses to Class Certification Motion | 45 days after Motion | Dec. 20, 2027 |
| *Johnson* Responses to any *Daubert* Motions | 45 days after Motion | Dec. 20, 2027 |
| *Johnson* Replies re: any *Daubert* Motions | 21 days after Oppositions | Jan. 27, 2028 |
| *Johnson* Replies re: Class Certification Motions | 30 days after Oppositions | Jan. 27, 2028 |
| *Johnson* Motions for Summary Judgment (if any) | For each action, due no later than (a) 60 days after the Court's order on class certification in that action, or (b) if a party takes an appeal under Fed. R. Civ. P. 23(f) in that action, 45 days after an order resolving the petition to appeal or appeal (if the petition is granted and an appeal is allowed); whichever is later. | Due no later than (a) 60 days after the Court's order on class certification in *Johnson*, or (b) if a party takes an appeal under Fed. R. Civ. P. 23(f) in a given action, 45 days after an order resolving the petition to appeal or appeal (if the petition is granted and an appeal is allowed); whichever is later. |
| *Johnson* Responses to any Motions for Summary Judgment | 60 days following the filing of the relevant Motion for Summary Judgment in a given case. | 60 days following the filing of the relevant Motion for Summary Judgment. |
| *Johnson* Replies re: any Motions for Summary Judgment | 90 days following the filing of the relevant Motion for Summary Judgment in a given case. | 90 days following the filing of the relevant Motion for Summary Judgment. |
| *Johnson/Davis* Joint Pretrial Order | 30 days following the Court's resolution of any Motion for Summary Judgment in a given action. | 30 days following the Court's resolution of any Motion for Summary Judgment. |
| *Davis* Plaintiffs' Class Certification Motion | *Same as Johnson* | Due no later than (a) 90 days after the Court's order resolving all summary judgment motions in *Johnson*, or (b) if a party initiates an appeal in a given action, 45 days after an order resolving the petition to appeal or appeal (if the petition is granted and an appeal is allowed); whichever is later. |

| **Case Event** | **Plaintiffs' Proposal** | **Defendants' Proposal** |
|---|---|---|
| *Davis Daubert* Motions from any Party | *Same as Johnson* | Due no later than (a) 90 days after the Court's order resolving all summary judgment motions in *Johnson*, or (b) if a party initiates an appeal in a given action, 45 days after an order resolving the petition to appeal or appeal (if the petition is granted and an appeal is allowed); whichever is later. |
| *Davis* Defendants' Responses to Class Certification Motion | *Same as Johnson* | 60 days following the filing of the *Davis* Class Certification Motion. |
| *Davis* Responses to any *Daubert* Motions | *Same as Johnson* | 60 days following the filing of the relevant *Daubert* motion. |
| *Davis* Replies re: any *Daubert* Motions | *Same as Johnson* | 90 days following the filing of the relevant *Daubert* motion. |
| *Davis* Replies re: Class Certification Motion | *Same as Johnson* | 90 days following the filing of the *Davis* Class Certification Motion. |
| *Davis* Motions for Summary Judgment (if any) | *Same as Johnson* | Due no later than (a) 60 days after the Court's order on class certification in *Davis*, or (b) if a party takes an appeal under Fed. R. Civ. P. 23(f) in a given action, 45 days after an order resolving the petition to appeal or appeal (if the petition is granted and an appeal is allowed); whichever is later. |
| *Davis* Responses to any Motions for Summary Judgment | *Same as Johnson* | 60 days following the filing of the relevant Motion for Summary Judgment. |
| *Davis* Replies re: any Motions for Summary Judgment | *Same as Johnson* | 90 days following the filing of the relevant Motion for Summary Judgment. |
| *Davis* Joint Pretrial Order | *Same as Johnson* | 30 days following the Court's resolution of any Motion for Summary Judgment. |

Dated: August 20, 2026

By: /s/ *Michael Dell'Angelo*
Michael Dell'Angelo (*Pro hac vice*)
Eric L. Cramer (*Pro hac vice*)
Patrick F. Madden (*Pro hac vice*)
BERGER MONTAGUE PC
1818 Market St., Suite 3600
Philadelphia, PA 19103
Telephone: +1 (215) 875-3000
Email: mdellangelo@bergermontague.com
Email: ecramer@bergermontague.com
Email: pmadden@bergermontague.com

Joshua P. Davis (*Pro hac vice*)
Robert Maysey (*Pro hac vice*)
BERGER MONTAGUE PC
505 Montgomery Street, Suite 625
San Francisco, CA 94111
Telephone: +1 (415) 906-0684
Email: jdavis@bergermontague.com
Email: rmaysey@bergermontague.com

*Counsel for Plaintiffs and the Proposed Classes*

Richard A. Koffman (*Pro hac vice*)
Benjamin D. Brown (*Pro hac vice*)
Daniel H. Silverman (*Pro hac vice*)
Daniel Gifford (*Pro hac vice*)
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Ave., N.W.
Suite 500 East, Tower
Washington, DC 20005
Telephone: +1 (202) 408-4600
Email: rkoffman@cohenmilstein.com
Email: bbrown@cohenmilstein.com
Email: dsilverman@cohenmilstein.com
Email: dgifford@cohenmilstein.com

Joseph R. Saveri (*Pro hac vice*)
Christopher Young (*Pro hac vice*)
Kevin E. Rayhill (*Pro hac vice*)
Itak Moradi (*Pro hac vice*)
JOSEPH SAVERI LAW FIRM, INC.
550 California St., Suite 910
San Francisco, CA 94104
Telephone: +1 (415) 500-6800
Email: jsaveri@saverilawfirm.com
Email: cyoung@saverilawfirm.com
Email: krayhill@saverilawfirm.com
Email: imoradi@saverilawfirm.com

Respectfully Submitted,

By: /s/ *Christopher S. Yates*
CHRISTOPHER S. YATES (*Pro hac vice*)
chris.yates@lw.com
AARON T. CHIU (*Pro hac vice*)
aaron.chiu@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Tel: (415) 391-0600

SEAN M. BERKOWITZ *(Pro hac vice)*
sean.berkowitz@lw.com
LATHAM & WATKINS LLP
330 North Wabash Ave, Suite 2800
Chicago, IL 60611
Tel: (312) 876-7700

LAURA WASHINGTON (*Pro hac vice*)
laura.washington@lw.com
JOSEPH AXELRAD (*Pro hac vice*)
joseph.axelrad@lw.com
DANIELLE LENECK (*Pro hac vice*)
danielle.leneck@lw.com
LATHAM & WATKINS LLP
10250 Constellation Blvd, Suite 1100
Los Angeles, CA 90067
Tel: (424) 653-5500

DAVID L. JOHNSON (*Pro hac vice*)
david.johnson@lw.com
LATHAM & WATKINS LLP
555 11th Street NW, Suite 1000
Washington, DC 20004
Tel: (202) 637-1061

WILLIAM A. ISAACSON (*Pro hac vice*)
wisaacson@dirllp.com
JESSICA PHILLIPS (*Pro hac vice*)
jphillips@dirllp.com
AGBEKO PETTY (*Pro hac vice*)
apetty@dirllp.com
BENJAMIN J. CABRANES (*Pro hac vice*)
bcabranes@dirllp.com
DUNN ISAACSON RHEE LLP
401 Ninth Street NW
Washington, DC 20004
Tel: (202) 240-2900

W. Joseph Bruckner (*Pro hac vice*)
Brian D. Clark (*Pro hac vice*)
LOCKRIDGE GRINDAL NAUEN PLLP
100 Washington Ave S, Suite 2200
Minneapolis, MN 55401
Phone: (612) 596-4001
wjbruckner@locklaw.com
bdclark@locklaw.com

Kyle J. Pozan (*Pro hac vice*)
LOCKRIDGE GRINDAL NAUEN PLLP
1165 N. Clark Street, Ste. 700
Chicago, IL 60610
Phone: (612) 339-6900
Email: kjpozan@locklaw.com

*Additional Counsel for Plaintiffs and the Proposed Classes*

Michael J. Gayan
CLAGGETT & SYKES
4101 Meadows Lane, Suite 100
Las Vegas, NV 89107
(702) 323-7777
mike@claggettlaw.com

*Liaison Counsel for Plaintiffs and the Proposed Classes*

YOTAM BARKAI (*Pro hac vice*)
ybarkai@dirllp.com
DUNN ISAACSON RHEE LLP
11 Park Place
New York, NY 10007
Tel: (212) 389-9704

SAMUEL R. MIRKOVICH (No. 11662)
srm@cwlawlv.com
PHILIP R. ERWIN (No. 11563)
pre@cwlawlv.com
CAMPBELL & WILLIAMS
710 South 7th Street, Ste. A
Las Vegas, NV 89101
Tel: (702) 382-5222

*Attorneys for Defendants Zuffa, LLC, TKO Operating Company, LLC and TKO Group Holdings, Inc.*

By: /s/ *Maaren A. Shah*
MAAREN A. SHAH *(Pro hac vice)*
maarenshah@quinnemanuel.com
ELLISON W. MERKEL*(Pro hac vice)*
ellisonmerkel@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
295 Fifth Avenue, 9th Floor
New York, New York 10016
Tel: (212) 849-7000

KRISTIN N. TAHLER *(Pro hac vice)*
kristintahler@quinnemanuel.com
WILLIAM R. SEARS *(Pro hac vice)*
will.sears@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: (213) 443-3000

*Attorneys for Defendant Endeavor Group Holdings, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing Joint Proposed Scheduling Order was served on August 20, 2026, via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

By: /s/ *Christopher S. Yates*
Christopher S. Yates of
LATHAM & WATKINS LLP