Patrick F. Madden
**BERGER MONTAGUE PC**
1818 Market Street, Suite 1818
Philadelphia, PA 19103
(215) 875-3000
pmadden@bergermontague.com

*Counsel for Plaintiffs and the Proposed Class*

[Additional Counsel on Signature Page]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| KAJAN JOHNSON, CLARENCE DOLLAWAY, and TRISTAN CONNELLY, *on behalf of themselves and all others similarly situated*,<br>*Plaintiffs*,<br>v.<br>ZUFFA, LLC, TKO OPERATING COMPANY, LLC f/k/a ZUFFA PARENT LLC (d/b/a ULTIMATE FIGHTING CHAMPIONSHIP and UFC), and ENDEAVOR GROUP HOLDINGS, INC.,<br>*Defendants*. | No.: 2:21-cv-01189-RFB<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE A RESPONSE TO PLAINTIFFS' SUPPLEMENTAL BRIEFING** |

Plaintiffs complied with the Court's direction to submit a supplemental brief with more detail regarding their time spent successfully litigating a Motion to Compel. As noted in Plaintiffs' Supplemental Brief in Support of Motion for Attorneys' Fees and Costs (ECF No. 739) ("Supplemental Brief"). Defendants' scorched-earth tactics and ill-fated strategic decisions required Plaintiffs to engage in significant efforts and unnecessary briefing and advocacy. Supplemental Brief at 2. This continues to be true today. Plaintiffs followed the Court's order and filed a Supplemental Brief breaking out Plaintiffs' attorneys' fees and expenses by timekeeper and by task, as required by Local Rule 54-14. Defendants then filed an uninvited Motion for Leave of Court to File a Response to Plaintiffs' Supplemental Briefing Regarding Attorneys' Fees and Costs (ECF No. 744) ("Motion for Leave"). Defendants' filing offers nothing new for the Court's consideration, and is simply another instance of Defendants submitting unnecessary briefs that do not advance the issues, yet require a response from Plaintiffs, thereby increasing costs and wasting resources of the Court and counsel. Defendants' Motion for Leave should be denied. In the event the Court grants Defendants' Motion for Leave, Defendants' arguments should be rejected, and the Court should grant Plaintiffs' Motion for Attorneys' Fees and Costs (ECF No. 444).

**I. Defendants should not be granted leave to file a response.**

There is no good cause to grant Defendants' leave to file a response to Plaintiffs' Supplemental Brief. As Defendants themselves acknowledge, courts grant parties leave to file a response where "new arguments are raised and the non-moving party has had no prior opportunity to respond." Mot. for Leave at 1 (citing *Paradise Ent. Ltd. V. Empire Tech Grp. Ltd.*, 2025 WL 3004664, at *1 (D. Nev. Sept. 5, 2025)). Defendants fail to meet that standard.

Defendants make three arguments: (1) the hours spent on the Motion to Compel were excessive; (2) Plaintiffs failed to exclude unrecoverable time; and (3) the work was unreasonably staffed. But Defendants have already submitted these same arguments for the Court's consideration in their Response to Plaintiffs' Motion for Costs. *See* Defs' Response (ECF No. 472) at 15-17 (arguing Plaintiffs' fees were excessive); 12-13 (arguing that certain time is unrecoverable); 14-15 (arguing that the work was unreasonably staffed). Defendants offer nothing new for the Court's consideration, they merely retread old ground. Defendants have already had a full and fair opportunity to oppose Plaintiffs' Motion for Costs. Because Defendants have not responded to new arguments and have merely rehashed their prior

arguments, Defendants' Motion for Leave should be denied.

## II. Defendants' arguments should be rejected.

If the Court is inclined to grant Defendants' Motion for Leave, Defendants' substantive arguments should be rejected. Plaintiffs' supplemental itemization satisfies Local Rule 54-14, and the hours Plaintiffs spent briefing and arguing the Motion to Compel are reasonable considering Defendants' litigation tactics. Finally, Plaintiffs' rates are reasonable, as this Court has already found in related litigation.

### A. The Supplemental Itemization Satisfies Local Rule 54-14.

Local Rule 54-14 requires that a motion for attorneys' fees include "a reasonable itemization and description of the work performed" together with an "itemization of all costs sought to be charged as part of the fee award[.]". LR 54-14. Plaintiffs' supplemental itemization of attorneys' fees and expenses satisfies Local Rule 54-14. *See* Ex. A. to Declaration in Support of Supplemental Brief (ECF 739-1). Plaintiffs have specifically identified each timekeeper and the precise amount of time spent on each discrete task associated with Plaintiffs' Motion for Costs.

Defendants' cited cases neither further their argument nor offer anything new. For instance, *McKnight v. Nobu Hospitality Group, LLC*, 2020 WL 714118, at *3-4 (D. Nev. Feb. 12, 2020) dealt with a request for fees and expenses that went beyond that court's original order and vaguely requested fees and costs for vague "discovery disputes." That is not the case here; Plaintiffs seek fees and costs associated with a specific dispute, and specific tasks associated with obtaining resolution of that dispute in Plaintiffs' favor. And in *Reno v. Western Cab Co.*, 2024 WL 3297158, at *1 (D. Nev. June 7, 2024), the court observed that the movants sought fees for issues outside the scope of sanctions and were not properly categorized. Here, on the other hand, Plaintiffs have categorized their requests specifically by discrete task. Finally, in *Edwards v. Nat'l Business Factors, Inc.*, 897 F. Supp. 458, 461 (D. Nev. 1995), the court subtracted 5 hours from a 21-hour single day billing entry because it was not sufficiently described.

Plaintiffs submitted a detailed description of each task performed, broken down by timekeeper. This itemization and description of the work performed by Plaintiffs' counsel satisfies Local Rule 54-14.

### B. The hours spent briefing and arguing the Motion to Compel are reasonable.

Considering the fact-intensive nature of all but the opening motion for this Motion to Compel (which itself concerned a novel issue of a party who agreed to provide responses several months prior but

refused to provide any timeline for when those *mandatory* responses would be forthcoming), the proven insufficiency of the responses Defendants ultimately submitted (which Plaintiffs proved and prevailed over precisely because of the fact-intensive showing in their Reply and Sur-Sur-Reply), the hours spent litigating this Motion are reasonable. As Plaintiffs previously explained, this was not an ordinary Motion to Compel. Plaintiffs had to spend significant additional time drafting a response to Defendants' Motion to Strike Plaintiffs' Reply Brief, as well as Plaintiffs' Sur-Sur Reply in Support of Plaintiffs' Motion to Compel.[1] The irregular nature of these filings, necessitated by Defendants' extradentary and unwarranted conduct, required additional paralegal time to confirm the correct filing procedures. And the fact-intensive nature of these filings also required substantial paralegal work to prepare and file the various exhibits. For example, the Motion for Leave to File a Sur-Sur-Reply, ECF No. 268, had 41 exhibits, many of which filed under seal (a task subsumed within the paralegal time). *See also* ECF No. 234-2 (listing the twelve exhibits attached to the opening motion); ECF Nos. 261-2 & 262 (listing the three exhibits to that filing, one of which needed to be filed under seal). These tasks would have been totally unnecessary if Defendants complied with their discovery obligations under the Federal Rules, or simply adhered to the ordinary briefing schedule and allowances. But then, like now, Defendants chose to raise extraneous and irrelevant arguments and engaged in excessive briefing, forcing Plaintiffs to spend more time, effort, and resources on what should have been a straightforward motion – for which Defendants' now fault Plaintiffs.

Defendants complain that Mr. Madden spent too much time on these briefs, but as Plaintiffs' Supplemental filing demonstrates, the overall time spent on each round of briefing actually decreased as Mr. Madden's hours spent on those briefs increased. ECF 739-1. For example, the first motion to compel took 47.7 hours to complete, with Mr. Gradwohl, an associate, billing 25.2 hours and Mr. Madden billing 14.0 hours. *Id.* The Sur-Sur Reply, however, took 34.9 total hours, with Mr. Madden billing 19.8 hours and Mr. Gradwohl and Ms. Seigel, another associate, billing a collective 4.6 hours. *Id.* The hours

---

[1] Defendants likewise over-litigated this fee petition after having their opportunity to be heard. ECF No. 366. The Court rejected Defendants' substantive arguments but required that Plaintiffs submit an updated accounting that further broke down the hours expended. ECF No. 697. The Court did not invite Defendants to respond and is capable of evaluating the sufficiency of Plaintiffs' submission without Defendants' repetitive briefing. Defendants nevertheless filed ***another*** brief, ECF No. 744, triggering Plaintiffs' obligation to respond without compensation while complaining that Plaintiffs spent too much time litigating Defendants' underlying failure to comply with its discovery obligations in the first instance.

themselves support Plaintiffs' argument that Mr. Madden's familiarity with the record makes it more efficient for him to be the primary drafter of briefs that require knowledge of the facts and the history of discovery disputes in this litigation given the complexity and fact-intensive nature of the Sur-Sur Reply.

The cases Defendants cite to support their position are easily distinguished. In *Marrocco v. Hill*, 291 F.R.D. 586 (D. Nev. 2013), the underlying motion was a "relatively straightforward discovery motion" where the parties followed a fairly standard briefing schedule in a case significantly less complicated than this litigation. This Motion to Compel was not straightforward, required additional briefing, and required fact-intensive arguments to show that the ultimate responses were incomplete. And in *Tatas v. Airborne Wireless Network, Inc.*, 2022 WL 20508643, at *3 (D. Nev. July 19, 2022), the court primarily found that the time requested was not reasonable because the filed motion to compel was "very similar" to other motions to compel filed in the same action, which necessitated fewer research hours. By contrast, none of the motions in this litigation is similar to the instant Motion to Compel. Finally, in *Walker v. North Las Vegas Police Department*, 2016 WL 3536172, at *3 (D. Nev. June 27, 2016), the court dealt with a motion to compel focused on one request for production, filed after previously obtaining an order granting a prior motion to compel on that same request (and others). The court first faulted the movant for including time spent on the original motion, when the court had ordered fees and costs only as to time spent on the subsequent motion. Second, that subsequent motion was straightforward (unlike here) as the substantive issue had already been briefed and the only remaining issue was the need to obtain compliance with the prior order. Here, the issues were fact-intensive and, in the opening brief, relatively novel, requiring additional work and expertise as compared to *Walker*.

The Motion to Compel underlying Plaintiffs' Motion for Costs was complicated and involved significant additional briefing due to Defendants' litigation tactics. Defendants should not be heard to complain about the consequences of their failed litigation strategy; nor should Plaintiffs be prejudiced by successfully overcoming Defendants' failed strategy. As such, Plaintiffs' Motion for Costs is reasonable. And as noted in Plaintiffs' submissions, Plaintiffs remain willing to submit their actual billing entries for *in camera* review subject to the Court's request if there are any further issues with the categorization.

**C. Plaintiffs' rates are reasonable and have already been approved by the Court.**

Finally, Defendants' argument that Plaintiffs' rates are unreasonable flies in the face of this Court's

previous orders. This Court analyzed the rates charged by Plaintiffs' counsel when evaluating the parties' submissions and arguments regarding settlement in *Le v. Zuffa, LLC*, No. 2:15-cv-01045-RFB-BNW (D. Nev.). In this Court's Order Granting Plaintiffs' Motion for an Award of Attorney's Fees, for Reimbursement of Expenses, and for Service Awards for the Class Representatives (ECF No. 1065), this Court found Plaintiffs' counsel's fees and rates to be reasonable, including as to Mr. Madden and Ms. Leo (who represent the majority of fees incurred on the present fee application).

Defendants argue in a footnote that Plaintiffs' rates are "higher than those routinely accepted in this District[,]" but this aside misses the mark. Defendants' own citations provide the proper framework – a framework into which their challenge does not fit. In *Tsatas*, 2022 WL 2050843 at *2, the court noted that "when local counsel lacks the relevant experience to properly handle the case, parties may look elsewhere for representation; in these instances, the fees from counsel's legal market are appropriate." In this antitrust litigation, it is appropriate for Plaintiffs to be represented by experienced antitrust counsel from outside of the District of Nevada—indeed the very counsel who secured a $375 million settlement concerning a similar antitrust theory in *Le v. Zuffa, LLC*, No. 15-cv-1045 (D. Nev.).

Finally, Defendants' suggestion that these other non-antitrust cases concerning the rates of local, non-antitrust practitioners are relevant to this dispute should be rejected. It would be nonsensical for a reasonable client to engage counsel specifically to litigate a discovery dispute over a fact-intensive issue in an antitrust case so as not to incur the higher rates of the antitrust attorneys retained for the case overall. The fact issues are antitrust- and industry-specific, and so a reasonable client would want antitrust counsel to handle the discovery disputes as well. Plaintiffs' counsel's rates are appropriate for antitrust counsel in a case like this as the Court has already found. *Le*, No. 2:15-cv-1045, ECF No. 1065.

## III. Conclusion.

For the foregoing reasons, Plaintiffs respectfully request the Court deny Defendants' Motion for Leave of Court to File a Response to Plaintiffs Supplemental Briefing Regarding Attorneys' Fees and Costs or, in the alternative, to reject Defendants' arguments in their proposed Response and grant Plaintiffs' Motion for Attorneys' Fees and Costs Under Fed. R. Civ. P. 37 Pursuant to the Court's Order Granting Plaintiffs' Motion to Compel Interrogatory Responses (ECF No. 366).

Dated: September 7, 2026

Respectfully Submitted,

By: /s/ Patrick F. Madden

Eric L. Cramer (*Pro hac vice*)
Michael Dell'Angelo (*Pro hac vice*)
Patrick F. Madden (*Pro hac vice*)
Dennie Zastrow (*Pro hac vice*)
BERGER MONTAGUE PC
1818 Market St., Suite 3600
Philadelphia, PA 19103
Telephone: +1 (215) 875-3000
Email: ecramer@bergermontague.com
Email: mdellangelo@bergermontague.com
Email: pmadden@bergermontague.com
Email: dzastrow@bergermontague.com

Joshua P. Davis (*Pro hac vice*)
Robert Maysey (*Pro hac vice)*
BERGER MONTAGUE PC
505 Montgomery Street, Suite 625
San Francisco, CA 94111
Telephone: +1 (415) 906-0684
Email: jdavis@bergermontague.com
Email: rmaysey@bergermontague.com

*Counsel for Plaintiffs and the Proposed Class*

Richard A. Koffman (*Pro hac vice*)
Benjamin D. Brown (*Pro hac vice*)
Daniel H. Silverman (*Pro hac vice*)
Daniel Gifford (*Pro hac vice)*
COHEN MILSTEIN SELLERS
& TOLL PLLC
1100 New York Ave., N.W.
Suite 500 East, Tower
Washington, DC 20005
Telephone: +1 (202) 408-4600
Email: rkoffman@cohenmilstein.com
Email: bbrown@cohenmilstein.com
Email: dsilverman@cohenmilstein.com
Email: dgifford@cohenmilstein.com

Joseph R. Saveri (*Pro hac vice*)
Christopher Young (*Pro hac vice*)
Kevin E. Rayhill (*Pro hac vice*)
Itak Moradi (*Pro hac vice)*
SAVERI LAW FIRM, LLP
550 California St., Suite 910
San Francisco, CA 94104
Telephone: +1 (415) 500-6800
Email: jsaveri@saverilawfirm.com
Email: krayhill@saverilawfirm.com
Email: cyoung@saverilawfirm.com
Email: imoradi@saverilawfirm.com

W. Joseph Bruckner (*Pro hac vice*)
Brian D. Clark (*Pro hac vice*)
LOCKRIDGE GRINDAL NAUEN PLLP
100 Washington Ave S, Suite 2200
Minneapolis, MN 55401
Phone: (612) 596-4001
wjbruckner@locklaw.com
bdclark@locklaw.com

Kyle J. Pozan (*Pro hac vice*)
LOCKRIDGE GRINDAL NAUEN PLLP
1165 N. Clark Street, Ste. 700
Chicago, IL 60610
Phone: (612) 339-6900
Email: kjpozan@locklaw.com

*Additional Counsel for Plaintiffs and the Proposed Class*

Michael J. Gayan
CLAGGETT & SYKES
4101 Meadows Lane, Suite 100
Las Vegas, NV 89107
(702) 323-7777
mike@claggettlaw.com

*Liaison Counsel for Plaintiffs and the Proposed Class*