MAAREN A. SHAH (*Pro hac vice*)
maarenshah@quinnemanuel.com
ELLISON W. MERKEL (*Pro hac vice*)
ellisonmerkel@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
295 Fifth Avenue, 9th Floor
New York, New York 10016
Tel: (212) 849-7000

KRISTIN N. TAHLER (*Pro hac vice*)
kristintahler@quinnemanuel.com
WILLIAM R. SEARS (*Pro hac vice*)
will.sears@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: (213) 443-3000

RORY T. KAY (No. 12416)
rkay@mcdonaldcarano.com
EMILY M. DENNIS (No. 16396)
edennis@mcdonaldcarano.com
MCDONALD CARANO LLP
2300 West Sahara Avenue, Suite 1200
Las Vegas, NV 89102
Tel: (702) 873-4100

*Attorneys for Defendant Endeavor Group Holdings, Inc.*

CHRISTOPHER S. YATES (*Pro hac vice*)
chris.yates@lw.com
AARON T. CHIU (*Pro hac vice*)
aaron.chiu@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Tel: (415) 391-0600

WILLIAM A. ISAACSON (*Pro hac vice*)
wisaacson@dirllp.com
JESSICA PHILLIPS (*Pro hac vice*)
jphillips@dirllp.com
AGBEKO PETTY (*Pro hac vice*)
apetty@dirllp.com
DUNN ISAACSON RHEE LLP
401 Ninth Street NW
Washington, DC 20004
Tel: (202) 240-2900

SAMUEL R. MIRKOVICH (No. 11662)
srm@cwlawlv.com
PHILIP R. ERWIN (No. 11563)
pre@cwlawlv.com
CAMPBELL & WILLIAMS
710 South 7th Street, Ste. A
Las Vegas, NV 89101
Tel: (702) 382-5222

*Attorneys for Defendants Zuffa, LLC and TKO Operating Company, LLC*

[Additional counsel listed on signature page]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| KAJAN JOHNSON, CLARENCE DOLLAWAY, and TRISTAN CONNELLY, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ZUFFA, LLC, TKO Operating Company, LLC f/k/a Zuffa Parent LLC (d/b/a Ultimate Fighting Championship and UFC), and ENDEAVOR GROUP HOLDINGS, INC.,<br><br>Defendants. | Case No.: 2:21-cv-01189-RFB-BNW<br><br>**DEFENDANTS' REPLY IN FURTHER SUPPORT OF CERTAIN MOTIONS TO SEAL** |

## TABLE OF CONTENTS

**Page**

INTRODUCTION .......... 1

I. BACKGROUND .......... 1

II. REPLY TO PLAINTIFFS' OMNIBUS OPPOSITION (DKT. NO. 722).......... 2

A. Plaintiffs Misstate The Applicable Legal Standard .......... 2

B. Plaintiffs Improperly Inject Merits Arguments Into The Sealing Analysis.......... 4

C. Plaintiffs Oppose Sealing Based On Arguments The Court Has Already Rejected.......... 6

III. REPLY TO PLAINTIFFS' OPPOSITION RE: DKT. NO. 732 .......... 7

CONCLUSION.......... 9

# INTRODUCTION

Defendants Zuffa, LLC, TKO Operating Company, LLC, and Endeavor Group Holdings, Inc. ("Defendants") respectfully submit this reply in support of their pending motions to seal at Dkt. Nos. 695 (the "Joint Notice") and 548, and in response to Plaintiffs' Omnibus Opposition to Pending Defendants' Motions to Seal (Dkt. No. 722) (the "Omnibus Opposition") and Plaintiffs' Opposition to Defendant Endeavor Group Holdings, Inc.'s Motion to Seal (Dkt. No. 732) (the "Endeavor Opposition").

Defendants seek to correct the record on three points. ***First***, Plaintiffs mischaracterize the governing legal standard and are essentially seeking reconsideration of this Court's express determination of that very issue in its Order on Defendants' prior omnibus motion to seal (Dkt. No. 684) (the "Sealing Order"). ***Second***, Plaintiffs inject factually incorrect merits arguments that are irrelevant to the only question presented here: whether good cause exists to seal confidential information submitted in connection with non-dispositive, discovery-stage pleadings. ***Third***, Plaintiffs oppose sealing based on arguments the Court has already rejected in the Sealing Order. As set forth in the Joint Notice, and consistent with the Court's findings in the Sealing Order, Defendants have demonstrated that good cause exists to seal the materials at issue.

## I. BACKGROUND

On July 7, 2026, the Court ordered the parties to file a joint notice identifying which pending motions to seal were unopposed. *See* Dkt. Nos. 661, 689. The Court further directed that the Sealing Order serve as the reference for the pending motions. *See* Dkt. Nos. 689, 708. The parties met and conferred on July 30, 2026, and reached agreement on several disputed filings. Plaintiffs filed the Omnibus Opposition on August 10, 2026, and the Endeavor Opposition on August 21, 2026. *See* Dkt. Nos. 722, 732. Because the Court's scheduling order contemplated that replies may be filed with leave of Court, and because Plaintiffs' oppositions raise entirely new arguments to which Defendants have had no prior opportunity to respond, Defendants sought and obtained leave to file this reply. *See* Dkt. Nos. 738, 741.

## II. REPLY TO PLAINTIFFS' OMNIBUS OPPOSITION (DKT. NO. 722)

### A. Plaintiffs Misstate The Applicable Legal Standard

This Court has repeatedly stated that where, as here, the documents at issue "are attached to matters that are not dispositive or more than tangentially related to the merits of the case, this Court applies the good cause standard." Dkt. No. 684 at 2 (citing *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)); *see also* Dkt. Nos. 673 at 1-2, 678 at 2. Under Rule 26(c), good cause exists where the need for confidentiality outweighs the need for disclosure. *See Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). Apparently unsatisfied with this Court's Orders, Plaintiffs spend pages re-litigating the applicable legal standard to place an impermissible burden on Defendants. Plaintiffs mischaracterize the controlling standard in two key ways:

***First***, Plaintiffs conflate the compelling reasons standard (applicable to dispositive motions), with the good cause standard (applicable to discovery motions) to place an improper burden on Defendants. *See Pintos*, 605 F.3d at 678 (explaining that the "'good cause' standard presents a lower burden for the party wishing to seal documents than the "compelling reasons" standard). Plaintiffs insist that Defendants must show "compelling reasons" for sealing because they are a "business [] seeking protection." *See* Dkt. No. 722 at 12 (citations omitted). But Plaintiffs' citations are misleading. Plaintiffs' cases either rely on the good cause standard or expressly invoke the compelling reasons standard for a "dispositive" motion. *See id.* (citing *Contratto v. Ethicon, Inc.*, 227 F.R.D. 304, 307–08 (N.D. Cal. 2005); *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992); *TriQuint Semiconductor, Inc. v. Avago Techs., Ltd.*, 2011 WL 4947343 (D. Ariz. Oct. 18, 2011)). Elsewhere, Plaintiffs cite *Hodges v. Apple Inc.*, 2013 WL 6070408, at *2 (N.D. Cal. Nov. 18, 2013), but that case, too, involved a dispositive motion subject to the "compelling reasons" standard. *See* Dkt. No. 722 at 2 (citing *Hodges*, 2013 WL 6070408, at *2). Plaintiffs also rely on *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002) for the proposition that "[i]t is well-established that the fruits of pre-trial discovery are, in the absence of a court order to the contrary, presumptively public." Dkt. No. 722 at 1–2. But Plaintiffs omit the very next sentence which is directly applicable: "Rule 26(c)

authorizes a district court to override this presumption where 'good cause' is shown." *Phillips*, 307 F.3d at 1210.

***Second***, Plaintiffs urge this court to apply a higher standard for sealing documents in class actions based on nothing more than dicta from three inapposite cases, none of which deal with documents related to non-dispositive matters. Plaintiffs eschew Ninth Circuit law and rely instead on an out-of-circuit case, *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016), to argue that "in class actions . . . the standards for denying public access to the record should be applied . . . with particular strictness." Dkt. No. 722 at 2. But *Shane Group* involved a certified class and a post-settlement challenge to the sealing of "most of the court filings and exhibits that underlay the proposed settlement," 825 F.3d 299 at 304–05, a far cry from the non-dispositive discovery materials at issue here. Similarly, Plaintiffs' reliance on *Marsh v. First Bank of Del.*, 2014 WL 117086, at *1 (N.D. Cal. Jan. 13, 2014), is misplaced because *Marsh* concerned exhibits submitted in connection with a class certification motion—a motion more than tangentially related to the merits of the case and therefore subject to the compelling-reasons standard—not, as here, materials related to a non-dispositive discovery matter. *See* Dkt. No. 722 at 2.

Further, Plaintiffs misstate *Hunt v. VEP Healthcare, Inc.*, 2017 WL 3608297, at *1 (N.D. Cal. Aug. 22, 2017) as supporting the sweeping proposition that "[s]ealing information in a class action is inappropriate when doing so would 'interfere with the right of class members to make an informed decision about whether to object or opt out.'" Dkt. No. 722 at 2 (quoting *Hunt*, 2017 WL 3608297, at *1). *Hunt* says nothing of the sort. As a preliminary matter, there is no certified class in this case—and thus the information needed to opt-out is not present here. What is more, *Hunt* denied a motion for preliminary approval of a settlement—it had nothing to do with discovery materials or a motion to seal. Worse still, Plaintiffs rely on a decontextualized hypothetical drawn from a footnote in the two-page *Hunt* opinion, which provides:

> [A]ssuming the parties file a renewed motion for preliminary approval in which they ask the Court to consider evidence of [defendant's] financial status, the parties must research *whether* it would be appropriate to submit that evidence under seal. Submitting such information under seal *may not* be appropriate, because it *may* interfere with the right of class members to make an informed decision about

whether to object or opt out.

*Id.* at *1 n.1 (emphases added). The *Hunt* Court was merely posing a question for future briefing, not announcing a rule of law. The Court should reject Plaintiffs' invitation to create a novel sealing standard for class actions from mere dicta.

Plaintiffs' legal authority section does not engage with the standard this Court has already expressly ordered. Rather than address the good cause framework set forth in the Sealing Order, Plaintiffs cobble together a collection of inapposite authorities, many drawn from the wrong standard, in an effort to impose a burden on Defendants that the law does not require. This Court should reject Plaintiffs' sub-silentio motion for reconsideration and apply the same good cause standard it articulated in the Sealing Order. The documents at issue—which contain, among other things, competitive and sensitive business information, such as details regarding the timing and subject of contemplated business transactions and descriptions of questions directed towards and advice given by legal counsel—easily qualify for sealing under that standard. *See* Dkt. No. 335, at 2–3; Dkt. No. 336, at 2; *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008); *Trujillo v. Jacquez*, 2014 WL 4072062, at *6 (N.D. Cal. Aug. 15, 2014) (sealing privilege log); *Universal Ent. Corp. v. Aruze Gaming Am., Inc.*, 2023 WL 6717467, at *2 (D. Nev. Jan. 6, 2023) (same).

### B. Plaintiffs Improperly Inject Merits Arguments Into The Sealing Analysis

Throughout the Omnibus Opposition, Plaintiffs lace their document-by-document objections with merits-based assertions that have no bearing on whether good cause exists to seal confidential information attached to non-dispositive, discovery-stage motions. These arguments are inaccurate, superfluous, and have no bearing on the issue presented, and should be disregarded.

***First***, Plaintiffs repeatedly characterize the documents at issue in terms of their relevance to the underlying antitrust claims—arguing, for example, that the exhibits play "an equally important role in informing class members and the public about the nature of this action, the MMA industry, and antitrust law and why it matters," Dkt. No. 722 at 3, and that one "contains essential information for the public to understand the case." *Id.* at 9. But the question before this Court is not whether these documents are relevant to the merits of the litigation—it is whether Defendants

have shown good cause to maintain their confidentiality under Rule 26(c). A document's relevance to the underlying claims does not diminish the confidentiality of the business information it contains, nor does it relieve the Court of its obligation to protect legitimately confidential material from public disclosure. *See Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (good cause exists where the need for confidentiality outweighs the need for disclosure).

***Second***, Plaintiffs inject contested merits allegations directly into their sealing arguments. Plaintiffs assert, as though it were established fact, that "due to the success of Defendants' unlawful scheme, the UFC does not have true competitors in the input market for MMA fighters' services or in the output market for promoting live professional MMA events." Dkt. No. 722 at 5. Whether Defendants' conduct was "unlawful," whether the UFC has "true competitors," and the scope of the relevant input and output markets are all contested issues that will be resolved at a later stage. Plaintiffs' attempt to smuggle these contested assertions into a discovery-stage sealing dispute is improper and should carry no weight.

***Third***, Plaintiffs argue that sealing is unwarranted because "many of [the documents] will likely be filed as evidence in dispositive motions and at trial." Dkt. No. 722 at 4. This argument effectively asks the Court to apply the higher "compelling reasons" standard—which governs documents attached to dispositive motions—to materials that are currently before the Court only in connection with non-dispositive, discovery-stage pleadings. That is precisely the conflation this Court has already rejected. *See* Dkt. No. 684 at 2 (applying the good cause standard where documents "are attached to matters that are not dispositive or more than tangentially related to the merits of the case" (citing *Kamakana*, 447 F.3d at 1179)). The possibility that certain exhibits *might one day* be submitted in support of a dispositive motion does not permit Plaintiffs to anticipatorily import the more demanding standard that would apply at that future stage. That is, at best, a question for another day and another motion—not this one. The applicable standard is determined by the nature of the motion *currently* before the Court, not by the speculative future use of exhibits attached to it. *See Kamakana*, 447 F.3d at 1179–80 (distinguishing the standard for dispositive and non-dispositive motions based on the motion actually pending).

The Court should evaluate the pending motions under the good cause framework it has already articulated, without regard to Plaintiffs' extraneous merits arguments.

### C. Plaintiffs Oppose Sealing Based On Arguments The Court Has Already Rejected

The Court has previously held that "this Court's Order [Dkt. No. 684] on the omnibus motion to seal shall serve as a reference in addressing the pending motions to seal [and] [w]here applicable, the parties ***shall cite to that Order rather than reargue legal principles or issues already addressed by this Court.***" Dkt. No. 726 (emphasis added); *see also* Dkt. Nos. 689 (same), 708 (same).[1] Plaintiffs cite the Court's prior Order on the omnibus motion to seal just once in their Omnibus Opposition (*see* Dkt. No. 722 at 10-11), and instead "reargue legal principles [and] issues" the Court has already rejected, *see* Dkt. No. 726. The Court should reject Plaintiffs' argument for the following three reasons.

***First***, Plaintiffs oppose the sealing of numerous competitively sensitive documents and communications that contain categories of information the Court has already determined warrant sealing. *See* Dkt. No. 684 at 3–4, 7–9, 13, 16. Specifically, these exhibits contain confidential business information about fighter negotiations, internal performance metrics, internal budget and financials, and negotiation strategy. *See, e.g.*, Dkt. No. 448, Ex. 3 at 41–42, 51, 58, 78–88; Ex. 7 at 28; Ex. 9; Ex. 10; Ex. 13; Ex. 15; Ex. 19 at 8, 42; Ex. 29; Exs. 31–34. Likewise, Plaintiffs seek to unseal a UFC-generated list of its competitors, claiming that "anyone" with a computer could generate it. *See* Dkt. No. 722 at 11 (citing Dkt. No. 589). But the document reflects a list of entities that UFC considers its competitors and presents serious competitive harm if revealed. *See* Dkt. No. 684 at 3–4. Plaintiffs also seek to unseal confidential information about investors, as well as UFC negotiators and negotiation practices, *see* Dkt. No. 722 at 11 (citing Dkt. No. 589), which should be maintained under seal pursuant to the Court's prior orders. *See* Dkt. No. 684 at 3–4.

---

[1] Although not addressed in Plaintiffs' Omnibus Opposition, Plaintiffs opposed certain redactions to Defendants' Motion to Compel at Dkt. No. 543. *See* Dkt. Nos. 544, 695-1. Defendants do not oppose unsealing this Motion to Compel.

***Second***, several of the exhibits Plaintiffs move to unseal are lengthy and contain "pervasive" protected information, rendering them too "difficult to redact." *See id.* at 11–12; *see also* Dkt. No. 463, Ex. 3 (over 300 pages); Dkt. No. 463, Ex. 7 (over 50 pages); Dkt. No. 463, Ex. 19 (47 pages). As the Court previously held, where documents "cannot be easily redacted," they "may be sealed in their entirety." Dkt. No. 684 at 4, 7, 14. Plaintiffs argue that any burden to redact would fall on them, Dkt. No. 722 at 4, but regardless of which party redacts a document, all parties (and the Court) must still review the exhibits line-by-line to ensure all sensitive material is captured. A substantial burden therefore remains.

***Third***, Plaintiffs argue that a number of competitively sensitive documents are "too old" and "stale" to be maintained under seal. Dkt. No. 722 at 6, 8–9, 11, 13–14 (citing Dkt. No. 463, Exs. 7, 9, 10, 29, 31–33; Dkt. No. 589). But as the Court has observed, exhibits revealing negotiation strategy, price points, and other information that remains relevant to UFC's ongoing business "can still affect the parties [including in] future negotiations." *See* Dkt. No. 684 at 7. These, too, should remain under seal.

## III. REPLY TO PLAINTIFFS' OPPOSITION RE: DKT. NO. 732

The Endeavor Opposition likewise misses the mark. The information Endeavor seeks to seal—which includes details about its executive custodians' devices and accounts—easily qualifies for sealing. Endeavor's Response to Plaintiffs' Supplemental Status Report (Dkt. No. 547) attaches as an exhibit and refers to a May 15, 2026 letter from Endeavor to Plaintiffs, which explains, in detail, Endeavor's efforts to address Plaintiffs' stated concerns about certain Endeavor custodians' devices and data. The letter, among other things, describes Endeavor's collection efforts, imaging of devices, data recovered and reviewed, and data from specific apps and accounts and usage of those apps, and is marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Protective Order, a designation that Plaintiffs have not challenged. Dkt. No. 547. This information is similar to information that the Court has already determined may be sealed: specific information about custodians' devices. Dkt. No. 684 at 12. For instance, the Court concluded that there was good cause to seal information about a high-profile custodian's devices, because it could "risk exploitation or result in target harassment, phishing, and other security

threats of a prominent public figure if disclosed." *Id.* at 12; *see also A.H. v. Wynn Las Vegas, LLC*, 2026 WL 674499, at *4 & n.6 (D. Nev. Mar. 9, 2026); *Mohazzabi v. Wells Fargo, N.A.*, 2019 WL 4675768, at *4 (D. Nev. Sept. 25, 2019) (Boulware, J.) (sealing materials that contained "personally sensitive information"). Moreover, courts routinely seal documents such as the Response that are fully comprised of "private information not within the public realm." *Trujillo*, 2014 WL 4072062, at *6. The exact same is true of information about Mr. Emanuel's and Mr. Shapiro's devices. Plaintiffs make no effort to distinguish the Court's ruling from the information Endeavor seeks to seal here, other than to erroneously try to place the burden on Endeavor to show that the disclosure of this information would definitively result in harassment or security threats. But that threat is obvious when granular details about high-profile custodians' devices are disclosed, as the Court has already concluded. Plaintiffs apparently wish for the Court to reconsider its prior ruling about devices that would allow for exploitation, harassment, or other threats to a high-profile custodian, but they come nowhere near the high standard for reconsideration.

Further, Plaintiffs have failed to heed the standard the Court has reaffirmed time and again: that for non-dispositive filings (such as the response to a status report at issue here), the need for discovery must be balanced against the need for confidentiality. Dkt. No. 684 at 1–2. While the need for confidentiality is clear, Plaintiffs have put forth no reason at all why this information should be made public. And there is none. The information Endeavor seeks to seal is non-public information about high-profile Endeavor custodians' devices, as well as Endeavor's efforts to collect from and review the content of certain portions of those devices. The public has essentially no interest in that information, and it is wholly tangential to the merits or resolution of this dispute. Plaintiffs have not argued to the contrary and have identified no good reason why this information should be made public. Rather, the Endeavor Opposition appears designed to harass Endeavor and its executives and to impose needless cost and expense on Endeavor, not to mention taxing the Court's resources, especially when this issue has already been litigated and decided. The Court should swiftly reject the Endeavor Opposition.

While Plaintiffs contend that this information is "generally public," (Dkt. No. 722 at 15) they do not cite a single public disclosure of any of the information Endeavor seeks to seal and cannot even claim that *all* information Endeavor seeks to seal has previously been publicly disclosed. That is because it has not been, and therefore good cause exists to seal it.

Finally, to the extent the Court is inclined not to grant the motion to seal in its entirety, Endeavor requests leave to propose targeted redactions to Dkt. No. 547.

**CONCLUSION**

Defendants respectfully request that the Court reject Plaintiffs' effort to relitigate issues previously decided and grant the pending motions to seal.

Dated: September 8, 2026

By: /s/ *Maaren A. Shah*
MAAREN A. SHAH (*Pro hac vice*)
maarenshah@quinnemanuel.com
ELLISON W. MERKEL (*Pro hac vice*)
ellisonmerkel@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
295 Fifth Avenue, 9th Floor
New York, New York 10016
Tel: (212) 849-7000

KRISTIN N. TAHLER (*Pro hac vice*)
kristintahler@quinnemanuel.com
WILLIAM R. SEARS (*Pro hac vice*)
will.sears@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: (213) 443-3000

RORY T. KAY (No. 12416)
rkay@mcdonaldcarano.com
EMILY M. DENNIS (No. 16396)
edennis@mcdonaldcarano.com
MCDONALD CARANO LLP
2300 West Sahara Avenue, Suite 1200
Las Vegas, NV 89102
Tel: (702) 873-4100

*Attorneys for Defendant Endeavor Group Holdings, Inc.*

Respectfully Submitted,

By: /s/ *Christopher S. Yates*
CHRISTOPHER S. YATES (*Pro hac vice*)
chris.yates@lw.com
AARON T. CHIU (*Pro hac vice*)
aaron.chiu@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Tel: (415) 391-0600

SEAN M. BERKOWITZ (*Pro hac vice*)
sean.berkowitz@lw.com
LATHAM & WATKINS LLP
330 North Wabash Ave, Suite 2800
Chicago, IL 60611
Tel: (312) 876-7700

LAURA WASHINGTON *(Pro hac vice)*
laura.washington@lw.com
JOSEPH D. AXELRAD (*Pro hac vice*)
joseph.axelrad@lw.com
DANIELLE LENECK (*Pro hac vice*)
danielle.leneck@lw.com
LATHAM & WATKINS LLP
10250 Constellation Blvd, Suite 1100
Los Angeles, CA 90067
Tel: (424) 653-5500

DAVID L. JOHNSON (*Pro hac vice*)
david.johnson@lw.com
LATHAM & WATKINS LLP
555 11th Street NW, Suite 1000
Washington, DC 20004
Tel: (202) 637-1061

WILLIAM A. ISAACSON (*Pro hac vice*)
wisaacson@dirllp.com
JESSICA PHILLIPS (*Pro hac vice*)
jphillips@dirllp.com
AGBEKO PETTY (*Pro hac vice*)
apetty@dirllp.com
DUNN ISAACSON RHEE LLP
401 Ninth Street NW
Washington, DC 20004
Tel: (202) 240-2900

YOTAM BARKAI (*Pro hac vice*)
ybarkai@ dirllp.com
MATTHEW L. KAMINER (*Pro hac vice*)
mkaminer@dirllp.com
DUNN ISAACSON RHEE LLP
11 Park Place

New York, NY 10007
Tel: (212) 389-9704

SAMUEL R. MIRKOVICH (No. 11662)
srm@cwlawlv.com
PHILIP R. ERWIN (No. 11563)
pre@cwlawlv.com
CAMPBELL & WILLIAMS
710 South 7th Street, Ste. A
Las Vegas, NV 89101
Tel: (702) 382-5222

*Attorneys for Defendants Zuffa, LLC and TKO Operating Company, LLC*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing Defendants' Reply in Further Support of Certain Motions to Seal was served on September 8, 2026, via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

*/s/ Christopher S. Yates*
Christopher S. Yates (*Pro hac vice*) of
LATHAM & WATKINS LLP