**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| Kajan Johnson,<br>Plaintiff,<br>v.<br>Zuffa, LLC, et al.<br>Defendant. | Case No. 2:21-cv-01189-RFB-BNW<br><br>**ORDER** |

Before this Court is Plaintiffs' motion for attorneys' fees and costs pursuant to Fed. R. Civ. P. 37(a)(5)(A). ECF No. 444. Defendants opposed at ECF No. 472.

This Court previously noted that the district judge ordered Plaintiffs to submit a reasonable calculation of expenses incurred in preparing the motion to compel and found that no exception to a mandatory award of fees under Rule 35(a)(5)(A) applied. ECF No. 697. This Court also asked Plaintiff to provide supplemental briefing compiling and properly categorizing hours expended preparing for the motion to compel so that it could address whether the number of hours expended and the charged rate were reasonable. *Id.* Plaintiff filed supplemental briefing at ECF No. 739.

## I. Analysis

In determining reasonable fee awards, courts use the lodestar method as the starting point in assessing reasonable fee awards. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 982 (9th Cir. 2008). Under the lodestar method, a fee award is determined by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar figure is presumptively reasonable, but district courts have discretion to decrease or increase them. *Hensley v. Eckerhart*, 461 U.S. 424, 434-37 (1983) (requiring a clear reasoning for adjusting the amount awarded).

Requests for attorney's fees must also comply with Local rule 54-14, which requires any application to include an attorney affidavit, "[a] reasonable itemization and description of the work performed [,]" and "[a] brief summary" of 13 categories of information designed to elicit more details about the case and the work that the attorney performed. LR 54-14(a)-(b). After calculating a lodestar figure, a court may review the reasonableness of the award based on the twelve factors adopted by the Ninth Circuit in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). The twelve *Kerr* factors are:

> (1) The time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations posed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.*

**A. Number of Hours Expended**

The requesting party "has the burden of submitting billing records to establish that the number of hours it has requested are reasonable." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013). A court should exclude from the lodestar calculation hours that were not "reasonably expended," including hours that are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 433-34. Courts have "a great deal of discretion" in determining the reasonableness of the hours claimed by the prevailing party. *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 453 (9th Cir. 2010).

Plaintiffs request fees for 205.10 hours of work. ECF No. 444 at 12. This hourly amount does not include hours billed for preparing for argument in various hearings in which the motion to compel ultimately did not get argued or for travel time for those hearings. *Id.*

Defendants argue that spending over 200 hours of attorney time on a motion to compel is facially unreasonable. ECF No. 472 at 13. They also argue that staffing five individuals to draft

one motion is unreasonable—especially considering that two of the individuals were shareholder-level attorneys. *Id.* at 14–15.

In its previous order on attorneys' fees (ECF No. 697) this Court stated that, at first glance, spending over 200 hours on a motion to compel "seems excessive." *Id.* at 5. Plaintiffs respond both to this Court and to Defendants that the volume of hours reflects the multiple rounds of motion practice that "Defendants' own conduct necessitated". ECF No. 739 at 2. Plaintiffs argue that, had Defendants not filed a sur-reply, approximately 80 hours of additional work could have been avoided. *Id.*

"[I]n determining the reasonableness of hours spent in relation to a discovery motion, the Court considers factors such as the complexity of the issues raised, the need to review the record and pleadings, and the need to conduct legal research in addition to the length of the briefing." *Marrocco v. Hill*, 291 F.R.D. 586, 588 (D. Nev. 2013). Having reviewed these factors, this Court agrees with Defendants that the hours claimed are not reasonable.

**1. Drafting the Motion**

Plaintiffs seek to recover 47.7 total hours for work in drafting the motion to compel interrogatory responses. ECF No. 739-1 at 7. Mr. Madden, a shareholder, billed 14 hours for work on the motion; Mr. Gradwohl, an associate, billed 25.2 hours; and Ms. Leo, a paralegal, billed 8.5 hours. *Id.* Plaintiffs assert that this time includes research and analyzing the law[1] and drafting a comprehensive brief. ECF No. 444 at 16. The motion to compel, excluding declarations and exhibits, contained roughly 14 pages. ECF No. 234. Given the length of the briefing and the content of the motion, this Court finds that the discovery issues raised in the motion to compel were not particularly complicated, nor was extensive legal research required.

Given the nature of the issues raised, the amount of legal research required, and the length of the motion, this Court finds that a reasonable amount of time spent on the motion to compel interrogatory responses was 10 hours of work for Mr. Madden, 18 hours of work for Mr.

[1] Plaintiff argues that it needed to conduct research on a novel situation in which a party agrees to the scope of the interrogatories but not a due date. ECF No. 444 at 16.

Gradwohl, and 5 hours for Ms. Leo for a total of 33 hours. This is in line with other decisions of the Court. *See Aevoe Corp. v. AE Tech Co., LTD.*, No. 2:12-cv-00053-GMN-NJK, 2013 WL 5324787, at *4 (D. Nev. Sept. 20, 2013) (finding that a reasonable time preparing a non-complex motion to compel was 30 hours rather than the 60 hours Defendants requested); *see also Cimini v. White*, No. 2:19-cv-0127-JCM-NJK2020 WL 343766, at * 1 (D. Nev. Jan. 21, 2020) (applying a 20% reduction in recoverable hours on a motion to compel).

**2. Stipulation Regarding Discovery Responses**

Plaintiffs seek to recover 3.8 hours for negotiating and drafting the stipulation regarding interrogatory responses. ECF No. 739-1 at 7. Plaintiffs argue that preparing the stipulation required efforts to conduct legal research, analyze the discovery record, preparing for and attending a meet and confer, and drafting the stipulation. ECF No. 444 at 12.

Attorneys' fees are generally not awarded in this District for time spent meeting and conferring on motions to compel or related briefing. *See Alutiiq Int'l. Sols., LLC v. Lyon*, No. 2:11-cv-01104-GMN-PAL, 2012 WL 4182026, at *4 (D. Nev. Sept. 17, 2012). However, courts have awarded fees for meeting and conferring in limited circumstances. *See Matlink, Inc. v. Home Depot U.S.A., Inc.*, No. 07cv1994-DMS (BLM), 2008 WL 8504767, at *5 (S.D. Cal. Oct. 27, 2008) (noting that meet and confer hours should generally not be included in a fee award but awarding fees for half of such hours where the opposing party "stonewalled" the meet and confer process); *Grimsley v. Charles River Labs*., 3:08-cv-482-LRH-VPC, 2010 WL 3238950, at *1–3 (D. Nev. Aug. 13, 2010) (affirming award of fees for time spent on meet and confer efforts for party opposing a motion to compel where the movant failed to comply with a court order to make a sincere effort to resolve the dispute).

Plaintiffs fail to show the circumstances here merit the award of fees for meeting and conferring. *See Alutiiq Int'l. Sols., LLC*, 2012 WL 4182026, at *4. However, this Court finds it reasonable to award fees for the legal research, analysis, and drafting of the stipulation. To offset the proposed time spent during the meet and confer process, this Court finds that the reasonable amount of time preparing the related stipulation for an extension of time to oppose Plaintiffs'

motion to compel is 1.5 hours for Mr. Madden and 1 hour for Mr. Gradwohl for a total of 2.5 hours.

**3. Analyzing Defendants' Interrogatory Responses**

Plaintiffs seek 2.5 hours for analyzing Defendants' interrogatory responses. ECF No. 739-1 at 7. Plaintiff asserts that this analysis was necessary in connection with its reply in support of its motion to compel. ECF No. 444 at 12. Plaintiffs contend that they engaged in a thorough review of Defendants' deficient responses and researched the sufficiency of those responses. *Id.*

It is unclear why Plaintiffs account for this task separately from the rest of work related to their reply brief when the original motion for attorneys' fees includes it in its discussion of the work performed on the reply. Accordingly, this Court finds these hours are duplicative and considers them in the context of reasonable hours in drafting the reply brief as discussed below.

**4. Reply Brief in Support of Motion to Compel**

Plaintiffs seek to recover 44.7 hours for drafting a reply brief in support of the motion to compel interrogatory responses. ECF No. 739-1 at 7. The reply brief consists of 12 pages of argument. ECF No. 261. As with the motion, the reply did not tackle particularly complex issues or require extensive research. This Court finds the amount of time spent on the reply brief to be excessive. Given the nature of the issues raised, this Court finds that the reasonable amount of time preparing the reply was 25 hours for Mr. Madden and 4 hours for Ms. Leo for a total of 29 hours.

**5. Motion to Strike Sur Reply**

Plaintiffs seek to recover 42.6 hours for drafting a motion to strike Plaintiff's sur reply to the motion to compel. ECF No. 739-1 at 7. Plaintiffs argue that Defendants' sur-reply required Plaintiffs' counsel to research the relevant case to show that the reply brief arguments were not new, that governing law permitted Plaintiffs to file a sur-sur reply, and that there was no merit to Defendants' justifications for the deficient September 17 responses. ECF No. 444 at 13. Plaintiffs seek to recover fees for time spent by three different attorneys and a paralegal. ECF No. 739-1 at 7. Of the three attorneys, two were shareholders. *Id.*

This Court finds that the amount of time spent on the motion to strike Plaintiffs' sur-reply was excessive. The motion to strike consists of only 3 pages of argument and, despite Plaintiffs' contentions, did not require extensive legal research. Additionally, the staffing of three attorneys and one paralegal for a 3-page motion to strike suggests duplication of effort. Billed time that includes unnecessary duplication of effort should be excluded from the lodestar. *See Herrington v. County of Sonoma*, 883 F.3d 1281, 1286 (9th Cir. 1989). "[C]ourts ought to examine with skepticism claims that several lawyers were needed to perform a task." *Democratic Party of Wash. State v. Reed*, 388 F.3d 1281, 1286 (9th Cir. 2004).

Evaluating the fees requested in this case, this Court finds that Plaintiff's counsel over-staffed this matter, resulting in unnecessary duplication of effort. Plaintiffs fail to explain why it was necessary for an additional shareholder to work on this motion to strike, especially given that the shareholder in question bills the highest hourly rate of all attorneys staffed on the various tasks associated with the motion to compel.

Accordingly, this Court finds only hours billed by lead attorney Mr. Madden, associate attorney Ms. Seigel, and paralegal Ms. Leo to be reasonable. Given the nature of issues raised, amount of legal research required, and length of the motion to strike, this Court finds that a reasonable amount of time preparing the motion to strike was 15 hours for Mr. Madden, 1.5 hours for Ms. Siegel, and 3 hours for Ms. Leo for a total of 19.5 hours.

**6. Sur-Sur Reply**

Plaintiffs seek to recover 34.9 hours for drafting the sur-sur reply in support of the motion to compel. ECF No. 739-1 at 8. This Court finds the amount of time spent on the sur-sur reply to be excessive. First, the sur-sur reply consists of 12 pages of argument and did not tackle more complex issues nor did it require more research than the motion to compel and the reply. Second, Plaintiffs seek fees for time spent by four different attorneys—two shareholders and two associate attorneys—and one paralegal that worked on the motion. *Id.*

Evaluating the fees requested in this case, this Court agrees with Defendants that Plaintiffs' counsel over-staffed this matter, which resulted in unnecessary duplication of effort.

Plaintiffs again fail to explain why it was necessary for an additional shareholder to work on this sur-sur reply. They also fail to explain why it was necessary to staff a second, less experienced associate attorney. Accordingly, this Court finds only hours billed by lead attorney Mr. Madden, associate attorney Mr. Gradwohl (who previously assisted on the motion to compel), and paralegal Ms. Leo to be reasonable. Given the nature of issues raised, amount of legal research required, and length of the sur-sur reply, this Court finds that a reasonable amount of time preparing the sur-sur reply was 14 hours for Mr. Madden, 1.5 hours for Mr. Gradwohl, and 4 hours for Ms. Leo for a total of 19.5 hours.

**7. Preparation for Oral Argument**

Plaintiffs seek to recover 15.4 hours for preparation for oral argument. ECF No. 739-1 at 8. This amount does not include hours spent preparing for oral argument for hearings in which the motion to compel and related motions were not ultimately argued. ECF No. 444 at 14. Given that Plaintiffs' counsel needed to prepare oral argument on the motion to compel, its reply, its sur-sur reply, its motion to strike Plaintiff's sur-reply, and other issues involving the motion to compel interrogatory responses, this Court finds that the amount of time spent by Mr. Madden was reasonable.

**8. Travel for Oral Argument**

Plaintiffs seek to recover 13.5 hours of travel time for Mr. Patrick's travel to the hearing in which he argued the motion to compel. ECF No. 739-1 at 8. The Ninth Circuit has established that travel time is reasonably compensated at normal hourly rates if such is the custom in the relevant legal market." *Comcast Of Ill. X, LLC v. Jung Kwak*, No. 03-cv-00962-DAE-PAL, 2020 WL 3781768, at *6 (D. Nev. Sept. 17, 2010) (citing *Davis v. City & Cnty of San Francisco*, 976 F.2d 1536, 1543 (9th Cir. 1992), *vacated in part on other grounds by Davis v. City and Cnty. of San Francisco*, 984 F.2d 345 (9th Cir. 1993)). Here, the relevant market is Nevada, and attorneys in Nevada typically bill time spent traveling at normal rates. *Cretney-Tsosie v. Creekside Hospice II, LLC*, No. 2:13-cv-00167-APG-PAL, 2018 WL 4409367, at *4 (D. Nev. Sept. 17, 2018).

Given that Mr. Patrick appears to have billed at normal rates for travel and given that he applied a negative 0.4 multiplier to travel his travel time to and from the hearing on the motion to compel due to the multiple roles he had at that hearing, this Court finds that the amount of time billed for travel was reasonable.

#### 9. Total Hours

Based on its analysis above, this Court finds the following hours reasonable[2]:

| **Name** | **Drafting Motion to Compel** | **Drafting Stipulation** | **Draft Reply Brief** | **Draft Motion to Strike Sur-Reply** | **Draft Sur-Sur Reply** | **Prepare for Oral Argument** | **Travel for Oral Argument** | **Total** |
|---|---|---|---|---|---|---|---|---|
| Patrick Madden | 10 hours | 1.5 hours | 25 hours | 15 hours | 14 hours | 15.4 hours | 13.5 hours | 94.4 hours |
| Jeremy Gradwohl | 18 hours | 1 hour | 5 hours | 0 hours | 1.5 hours | N/A | N/A | 25.5 hours |
| Jessica Seigel | N/A | N/A | N/A | 1.5 hours | 0 hours | N/A | N/A | 1.5 hours |
| Susan Leo | 5 hours | N/A | N/A | 3 hours | 4 hours | N/A | N/A | 12 hours |
| **Total** | **33 hours** | **2.5 hours** | **30 hours** | **19.5 hours** | **19.5 hours** | **15.4 hours** | **13.5 hours** | **133.4 hours** |

### B. Hourly Rate

A reasonable hourly rate is the "rate prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Camacho v. Bridgeport Fin.,*

[2] This table does not include attorney Michael Dell'Angelo because it determined that fees are not appropriate as to his work on the motion to compel. *See supra* Section I(A)(6) & (7).

*Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). Plaintiffs request a total fee award of $175,831. ECF No. 444 at 11. The requested hourly rates of the attorneys that worked on this matter are: $1,400 for Michael Dell'Angelo, $990 for Patrick Madden, $695 for Jeremy Gradwohl, and $670 for Jessica Siegel. ECF No. 444-1 at 7. Plaintiffs also request fees of $550 per hour for paralegal Susan Leo. *Id.* The motion does not specify the number of years each attorney has practiced but provides the level of each attorney (shareholder or associate), ranks them in order of most experience to least experience, and provides their typical hourly rate.

Plaintiffs assert that the hourly rates are reasonable considering the decades of experience counsel has litigating complex antitrust actions. ECF No. 444 at 14. They argue that counsel's rates are within the range that have been approved as reasonable by courts in the Ninth Circuit. *Id.* Plaintiffs also assert that the requested fees are reasonable because comparable rates to those being requested were awarded in the *Le v. Zuffa* matter (No. 2:15-cv-01045-RFB-BNW).

Defendants argue that Plaintiffs' requested rates are excessive. ECF No. 472 at 15. They argue that the *Le* case is inapposite because recovery of attorneys' fees was based on a different type of recovery than in the instant motion. *Id.* at 16–17. Defendant also argues that Plaintiffs' counsel's requested rates are "far afield from the District's prevailing rates". *Id.* at 17 (citing to *Boca Park Marketplace Syndications Grp., LLC v. Ross Dress for Less, Inc.*, No. 2:16-cv-01197-RFB-BNW, 2020 WL 2892586, at *3 (D. Nev. May 31, 2020) (awarding partners hourly rate of $750 in commercial lease dispute); *Telasia, Inc. v. EZ Supply, Inc.*, No. 2:14-cv-00399-MMD-GWF, 2015 WL 2095874, at *3 (D. Nev. May 5, 2015) (finding hourly rate of $500 for partner appropriate given his experience and the "Court's knowledge of the customary rates charged in this community for similar legal services"); *see also LHF Prods., Inc. v. Kabala*, No. 2:16-cv-02028-JAD-NJK, 2019 WL 7403960, at *8 (D. Nev. Dec. 31, 2019) ("the reasonable hourly rate for paralegals in this district is between $75 and $125")).

This Court finds that Plaintiffs' counsel does not meet their burden to establish reasonable attorneys' fees. *See Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009) ("The attorney bears the burden of establishing that the fee sought is reasonable."). First, the standard is not whether

the requested fees have been found to be reasonable in the Ninth Circuit, but rather whether they are the prevailing rate in the community. *Camacho*, 523 F.3d at 979. The prevailing market here is the Las Vegas market. Second, this Court does not find the rates awarded in *Le* persuasive of the rate prevailing in the community for services similar to those detailed in the instant motion. The award in *Le* was based on a percentage of the total recovery in a common-fund case. *See Le v. Zuffa*, No. 2:15-cv-01045-RFB-BNW, ECF No. 1065). This motion, by comparison, is for fees based on a discreet discovery issue and is only for fees and costs incurred in litigating the issue.

If the fee applicant does not meet its burden establishing the prevailing market rates, the Court may determine the rate based on its experience and knowledge of prevailing rates in the community. *CLM Partners LLC v. Fiesta Palms, LLC,* 2:11-cv-01387-PMP-CWH, 2013 WL 6388760, at *5 (D. Nev. Dec. 5, 2013). Thus, this Court looks to various fee awards that have been granted in this district to attorneys with similar titles and experience to that of the attorneys here.

"For the Las Vegas market, this court has regularly awarded fees where the hourly rates at issue [for attorneys] were between $250 and $400." *Scott v. Smith's Food and Drug Ctrs. Inc.*, Case No. 2:18-cv-303-JCM-VCF, 2020 WL 343642, at *2 (D. Nev. Jan. 21, 2020) (compiling cases). However, this district recently found that when counsel is an experienced litigator, prevailing rates can be higher. *See Wunderlich v. State Farm Mut. Auto. Ins. Co.*, Case No. 2:21-cv-00486-JAD-EJY, 2021 WL 6138236, at *2 (D. Nev. Dec. 28, 2021) (finding a reasonable rate for a 30-year practitioner that was well known in the community was $550 per hour).

In Nevada, hourly rates of $500 to $550 have recently been approved for shareholders and attorneys that have between 15 and 30 years of experience. *See Energy Enhancement Sys. LLC v. Shurka* No. 2:25-cv-00633-CDS-NJK, 2022 WL 4557360, at *2 (D. Nev. Oct. 23, 2024) (awarding $550 for a shareholder who had practiced since 1997); *WSOU Inves., LLC*, No. 3:23-cv-00023-RCJ-CSD, 2024 WL 307617, at *7 (D. Nev. Jan. 26, 2024) (awarding $500 per hour to an attorney with 15 years of experience). Hourly rates of $300-$345 per hour have been approved for experienced associate attorneys. *See WSOU Inves.*, 2024 WL 307617, at *7 (awarding $300

per hour to attorneys with 3 years of experience); *Fan v. Jiang*, No. 3:21-cv-00458-RCJ-CSD, 2023 WL 5568886, at *3 (D. Nev. Aug. 29, 2023) (finding the rate of $345 per hour reasonable for an associate attorney with five years of experience).

For lesser-experienced associates, the Court has approved hourly rates of $225 to $275. *See Dentino v. Moiharwin Diversified Corp.*, No. 2:16-cv-904-VCF, 2017 WL 187146, at *2–3 (D. Nev. Jan. 16, 2017) (granting fees for an associate at $225 per hour); *Energy Enhancement Sys. LLC v. Shurka*, No. 2:25-cv-00633-CDS-NJK, 2026 WL 776968, at *2 (D. Nev. Mar. 19, 2026) (awarding a $275 hourly rate to an associate with two years of experience). For paralegals, case law supports an hourly rate of between $75 and $125. *See id.* ("Generally, paralegals command rates between $75 and $125 [per hour]."); *see also Flynn*, 2023 WL 2795869, at *3 (granting fees at $125 per hour for each paralegal).

Thus, based on awards recently approved within this District, the basic information provided regarding the level of each attorney, and the relative complexity of this matter, this Court finds the following to be reasonable hourly rates[3]:

| | | |
|---|---|---|
| Patrick Madden | $500 | Shareholder |
| Jeremy Gradwohl | $325 | Associate |
| Jessica Seigel | $275 | Associate |
| Susan Leo | $125 | Paralegal |

**C. Lodestar Amount**

[3] This table does not include hourly rates for attorney Michael Dell'Angelo as it determined that fees for his billed work for the motions to strike sur-reply and the sur-sur reply were unreasonable. Therefore, it is unnecessary for this Court to determine a reasonable hourly rate for him. However, recognizing that there are additional motions for attorneys' fees before this Court, this Court notes that a reasonable hourly rate for Mr. Dell'Angelo would likely be $600 as an experienced shareholder. *See Energy Enhancement Sys. LLC v. Shurka* No. 2:25-cv-00633-CDS-NJK, 2022 WL 4557360, at *2 (D. Nev. Oct. 23, 2024) (awarding $550 for a shareholder who had practiced since 1997); *Boca Park Marketplace Syndications Grp., LLC*, 2020 WL 2892586, at *3; ; *Boca Park Marketplace Syndications Grp., LLC v. Ross Dress for Less, Inc.*, No. 2:16-cv-01197-RFB-BNW, 2020 WL 2892586, at *3 (D. Nev. May 31, 2020) (awarding a founding partner that was well-respected in the community an hourly rate of $750).

This Court has reviewed the *Kerr* factors and finds that this case does not present special circumstances warranting further adjustment of the lodestar amount. Counsel's time and labor expended are adequately reflected in the lodestar amount, as are the reasonable hourly rates approved above. Accordingly, this Court awards the following fees:

Mr. Patrick Madden $500 x 94.4 hours = $47,200

Mr. Jeremy Gradwohl $325 x 25.5 hours = $8,287.50

Ms. Jessica Seigel $275 x 1.5 hours = $412.50

Ms. Susan Leo $125 x 12 hours = $1,500

Total: $57,400

**D. Costs**

Courts routinely award parties reasonable expenses under Fed. R. Civ. P. 37(a)(5)(A). *See e.g.*, *Aevoe Corp. v. AE Tech Co., LTD.*, No. 2:12-cv-00053-GMN-NJK, 2013 WL 5324787, at *8 (D. Nev. Sept. 20, 2013) (finding that expenses allowed under Rule 37 include both attorneys' fees and costs reasonably incurred in bringing motion to compel). Plaintiffs seek $4,053.41 in costs. ECF No. 739-1 at 11. Of that total, $3,300.35 is requested for computer research and $753.06 is requested for travel costs. *Id.* The travel costs were reduced by a negative 0.4 multiplier. *Id.* at 11n.1.

Computer research fees and travel expenses are not ordinarily recoverable under LR 54-11(g) and (k), respectively, and should not be reimbursed. Because both categories of requested costs are improper, this Court denies Plaintiffs' request to award costs.

**E. Defendants' Motion for Leave to File a Response to Plaintiff's Supplemental Briefing (ECF No. 744)**

Defendants filed a motion for leave to file a response to Plaintiff's supplemental briefing ordered by this Court. ECF No. 744. In their motion, Defendants argue that good cause exists for Defendants to file a response because new arguments were raised in Plaintiff's supplemental briefing. *Id.* at 1. Defendants assert that their proposed response will argue that Plaintiff's lodestar amount should be reduced because (1) Plaintiffs expended an excessive number of hours in

preparing the underlying motion to compel, (2) Plaintiffs failed to exclude unrecoverable time from their billing records, and (3) Plaintiffs unreasonably staffed the work performed. *Id.* at 1–2.

The Court has previously granted leave to file where the opposing party raised new arguments in a sur-reply. *See Paradise Ent. Ltd. v. Empire Tech. Grp. Ltd.*, No. 2:24-cv-428-JCM-BNW, 2025 WL 3004664, at *1 (D. Nev. Sept. 5, 2025) (granting leave to file a sur-reply where opposing party raised "new arguments" and the court required "all relevant evidence" to resolve the underlying motion). This is not the case here. Although Plaintiffs provided more detailed information regarding the individual tasks that made up Plaintiffs' billed time on the motion to compel, no new arguments were made in the briefing.

Further, Defendants have already made the arguments they wish to raise in their response in their prior briefing. Because Defendants' arguments are effectively the same arguments they have already raised in opposition to Plaintiffs' requested fees, any response to Plaintiffs' supplemental briefing will not make a substantive difference to the outcome of this Court's order. *See 4R4 Sons, LLC v. Tru. G. Wilhelm, Inc.*, 2022 WL 3159324, at *3 (D. Nev. Aug. 6, 2022) (internal citation omitted) (stating that the Court will only find good cause exists to allow supplemental briefing where the proposed briefing will make a substantive difference). Accordingly, this Court denies Defendants' motion for leave to file a response.

## II. Conclusion

**IT IS ORDERED** that the motion for attorneys' fees (ECF No. 444) is **GRANTED** in part and **DENIED** in part consistent with this Order. Plaintiffs' attorneys at Berger Montague PC are awarded attorneys' fees pursuant to Fed. R. Civ. P. 37(a)(5)(A) in the amount of $57,400.

**IT IS FURTHER ORDERED** that Defendants' motion for leave to file a response to Plaintiff's supplemental briefing (ECF No. 744) is **DENIED.**

DATED: September 16, 2026

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE