Michael Dell'Angelo
**BERGER MONTAGUE PC**
1818 Market Street, Suite 1818
Philadelphia, PA 19103
(215) 875-3000
mdellangelo@bergermontague.com

*Counsel for Plaintiffs and the Proposed Class*

*Additional Counsel on Signature Page*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| KAJAN JOHNSON, CLARENCE DOLLAWAY, and TRISTAN CONNELLY, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ZUFFA, LLC, TKO OPERATING COMPANY, LLC f/k/a ZUFFA PARENT LLC (d/b/a ULTIMATE FIGHTING CHAMPIONSHIP and UFC), and ENDEAVOR GROUP HOLDINGS, INC.,<br><br>Defendants. | No.: 2:21-cv-01189-RFB<br><br>**PLAINTIFFS' MOTION TO COMPEL DEFENDANT ZUFFA TO RESPOND TO INTERROGATORY NO. 12 OF PLAINTIFFS' THIRD SET OF INTERROGATORIES AND INTERROGATORY NO. 13 OF PLAINTIFFS' FOURTH SET OF INTERROGATORIES** |
| PHIL DAVIS, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ZUFFA LLC, TKO GROUP HOLDINGS, INC. (d/b/a ULTIMATE FIGHTING CHAMPIONSHIP and UFC), and ENDEAVOR GROUP HOLDINGS, INC.,<br><br>Defendants. | No.: 2:25-cv-00946-RFB |

**PUBLIC-REDACTED VERSION**

**TABLE OF CONTENTS**


I. INTRODUCTION ........................................................................................1

II. BACKGROUND ........................................................................................2

A. Interrogatory No. 12........................................................................................2

B. Interrogatory No. 13........................................................................................3

C. Plaintiffs Efforts to Obtain Complete Responses........................................................4

III. LEGAL STANDARD ........................................................................................8

IV. ARGUMENT ........................................................................................9

A. Zuffa Must Supplement Its Response to Disclose the -2660 Number and Its Associated Device(s). ........................................................................................9

B. Zuffa Must Provide Supplemental Responses to Interrogatory Nos. 12 and 13 for the -0447 Number........................................................................................11

C. Zuffa Must Identify the Three Phones White Was Using in December 2018. .............12

D. Zuffa Must Resolve the Open Questions Concerning the -0082 and -0005 Numbers and Identify Any Other Undisclosed Numbers. ..........................................................13

1. *The -0082 Number*........................................................................................13

2. *The -0005 Number and Any Other Undisclosed Numbers (e.g., the -6973 Number)* ........................................................................................14

E. Zuffa's Supplemental Response Must Be Verified and Must Reflect the Information Available to Zuffa........................................................................................14

F. Zuffa Should Be Ordered to Supplement Promptly. ...................................................15

V. CONCLUSION........................................................................................15

# TABLE OF AUTHORITIES


**Page(s)**

**Cases**

*Apple Hill Growers v. El Dorado Orchards, Inc.*,
2022 WL 1506205 (E.D. Cal. May 12, 2022) ....................14

*Cabales v. United States*,
51 F.R.D. 498 (S.D.N.Y. 1970) ....................9

*Crawford-El v. Britton*,
523 U.S. 574 (1998)....................8

*Green Crush, LLC v. Paradise Splash I, Inc.*,
2019 WL 8640653 (C.D. Cal. Apr. 8, 2019) ....................10

*Hallett v. Morgan*,
296 F.3d 732 (9th Cir. 2002) ....................8, 15

*Lexington Luminance LLC v. Feit Elec. Co.*,
2020 WL 10052404 (C.D. Cal. July 21, 2020)....................10

*Sali v. Corona Reg'l Med. Ctr.*,
884 F.3d 1218 (9th Cir. 2018) ....................8

*Saria v. Mass. Mut. Life Ins. Co.*,
228 F.R.D. 536 (S.D.W. Va. 2005)....................9, 15

*V5 Techs. v. Switch, Ltd.*,
334 F.R.D. 306 (D. Nev. 2019)....................8

**Federal Rules**

Fed. R. Civ. P. 26(e) ....................1

Fed. R. Civ. P. 26(e)(1)(A) ....................10, 11

Fed. R. Civ. P. 33 ....................9, 14

Fed. R. Civ. P. 33(b)(1)(B) ....................15

Fed. R. Civ. P. 33(b)(2)....................9

Fed. R. Civ. P. 33(b)(3)....................9

Fed. R. Civ. P. 33(b)(3), (5) ....................14

Fed. R. Civ. P. 33(b)(5) .......... 9

Fed. R. Civ. P. 37(a) .......... 8

Fed. R. Civ. P. 37(a)(3)(B)(iii) .......... 9

Fed. R. Civ. P. 37(a)(4) .......... 9, 10

**I. Introduction**

Plaintiffs move for an Order compelling Zuffa to serve complete, verified supplemental responses to Interrogatory No. 12 of Plaintiffs' Third Set of Interrogatories and No. 13 of Plaintiffs' Fourth Set of Interrogatories. Interrogatory No. 12 asks Zuffa to identify "all business and personal mobile devices" used during the Relevant Time Period by each Custodian—including Dana White—along with basic identifying information for each device. Interrogatory No. 12 expressly encompasses the devices and telephone numbers used or referenced in UFC-06004008–UFC-06004010 and UFC-06004013: a December 25, 2018 text exchange between White and Hunter Campbell and the video it attached, in which podcast hosts mock White for carrying three cellphones. Interrogatory No. 13 asks Zuffa for specific information concerning one device identified in response to Interrogatory No. 12: a Samsung Galaxy device used by Dana White with a phone number ending -0447.

Zuffa's May 1, 2026 Response to Interrogatory No. 12 is incomplete in at least one respect that is no longer in dispute: it omits entirely White's telephone number ending -2660, which White used from approximately 2018 to 2022. The -2660 number was specifically discussed at the Court's September 3, 2026 status conference. ECF No. 756 at 11:4–25. And following that conference, Defendants' September 17, 2026 Status Report (ECF No. 771) conceded that the -2660 number "was unintentionally omitted" from Defendants' device disclosures. ECF No. 771 at 2:24–3:4. Yet Zuffa still has not supplemented its interrogatory response to disclose the -2660 number and its associated device(s), as Rule 26(e) requires. Nor does the Response account for the three phones White was using in December 2018, or resolve the open questions about three other numbers (ending -0447, -0082, and -0005) that are, or may be, associated with White. Incredibly, Plaintiffs have identified two more undisclosed phone numbers used by White: the first, ending in -6973, was identified in documents produced by Defendants earlier this week; the second, ending in -3855, was identified in a document Defendants produced today. Needless to say, Defendants' current response also omits these newly discovered phone numbers.

Zuffa's July 24, 2026 Response to Interrogatory No. 13 offered no substantive information whatsoever. During an August 18, 2026 meet and confer, Zuffa committed to investigating the answers

to the matters identified in Interrogatory No. 13 (as it did in its responses), but as Zuffa did in response to Plaintiffs' First Set of Interrogatories, *see* ECF No. 234, Zuffa has rebuffed Plaintiffs' requests for a hard deadline for a supplemental response, and offered no such deadline of their own, for months.

Plaintiffs addressed these deficient responses in correspondence, including a September 18, 2026 meet-and-confer letter (Ex. 1), their September 24, 2026 and September 27, 2026 follow up emails (Ex. 2, Ex. 3), and during meet and confer teleconferences on August 18, 2026 and September 25, 2026. Decl. ¶ 14. Defendants have not provided any substantive responses or information concerning these deficient Interrogatory responses. Because Zuffa has not supplemented its Responses, Plaintiffs respectfully request that the Court order Zuffa to serve, within seven (7) days, signed and verified supplemental responses to Interrogatory Nos. 12 and 13.

## II. Background

### A. Interrogatory No. 12

Plaintiffs served Defendants with Interrogatory No. 12 on April 1, 2026, asking that Zuffa:

> Identify and disclose all business and personal mobile devices used during the Relevant Time Period by each and every Custodian, and for each such device, identify: a) the Custodian to whom the device belonged or was issued; b) the phone number; c) the device serial number; d) the device IMEI number; e) the device make and model; f) the device operating platform (e.g., iOS, etc.) g) the device phone carrier(s) (e.g., Verizon, AT&T, T-Mobile, etc.); h) the dates and duration of use by the Custodian; and i) all applications, including but not limited to Communications and/or other messaging applications, used by the Custodian. Interrogatory No. 12 expressly encompasses, but is not limited to, the mobile devices and phone numbers used and/or referenced in UFC-06004008–UFC-06004010 and UFC-06004013, which are enclosed herewith.

Ex. 4 at 2-3.[1] The express reference to the Bates-numbered materials refers to a December 25, 2018 text conversation between Hunter Campbell and Dana White and an attached video clip of a Barstool Podcast in which White was interviewed and determined to have three phones at the time.[2]

[1] "Custodian" is defined to include, *inter alia*, each person identified Defendants' device disclosures and each person encompassed by the Court's orders requiring Defendants to search for, identify, and disclose mobile devices related to this litigation (*see, e.g.*, ECF Nos. 202, 330). *Id.* at 1.

[2] Plaintiffs are manually filing the podcast with the Court as Exhibit 12 and attach the text exchange as Exhibit 6.

Zuffa served its Responses and Objections on May 1, 2026 (the "Response"). Ex. 5. Subject to a series of general objections—including an objection "to the extent" the Interrogatory seeks "personal devices and personal telephone numbers not used for business communications," *id.* at 18:1–5—Zuffa identified the following thirteen devices, associated with six telephone numbers, for White:

| Device | Number | Dates Provided by Zuffa |
|---|---|---|
| Nokia 6101b | -9875 | Use: at least mid-2014 to no later than 2017 |
| iPhone 4S | -1092 | Use: at least Jan. 8, 2015 to no later than end of 2015 |
| iPhone 6 | -1092 | Use: at least partial use in 2015 |
| Nokia Flip Phone | -3127 | Use: no earlier than 2012 to no later than end of 2015 |
| iPhone | -3127 | Use: no earlier than beginning of 2015 to Nov. 2015 |
| iPhone 6 | -3127 | Use: beginning Nov. 2015 |
| iPhone 6s | -1092 | Messages: Sept. 3, 2013 to Sept. 28, 2018 |
| iPhone 7 | -1092 | Messages: July 3, 2019 to Jan. 28, 2021 |
| iPhone 6s | -3127 | Messages: Oct. 2, 2017 to Sept. 4, 2018 |
| iPhone 11 Pro | -1092 | Earliest message to last use: July 3, 2020 to Nov. 2024 |
| iPhone 16 Pro | -0682 | Messages: Nov. 14, 2024 to Jan. 21, 2026 |
| iPhone 16 Pro | -7998 | Messages: Dec. 19, 2024 to Apr. 26, 2026 |
| Samsung Galaxy S21 5G | -0447 | None provided |

*Id.* at 2–5.[3] This response was the first time, despite multiple Court Orders to disclose all business and personal devices and corresponding phone numbers, that Zuffa disclosed White's -0447 number and an associated device.

### B. Interrogatory No. 13

On June 24, 2026, Plaintiffs served Zuffa with Interrogatory No. 13, targeting the -0447 phone number and associated devices given the insufficiency and incompleteness of the disclosure in response to Interrogatory No. 12. Specifically, the Interrogatory asked that Zuffa:

> Identify all information relating to Dana White's Samsung Galaxy S21 5G device, including: (a) The make, model, serial number, and IMEI number associated with the device; (b) The date the device was first placed into service or first used by Mr. White; (c) The date Mr. White ceased using the device; (d) Whether any data from the device was backed up, synchronized, transferred, copied, preserved, or stored locally or in the cloud and, if so, the name of the local or cloud storage service used;

[3] For most devices, Zuffa did not provide dates of use, but instead "the dates of the earliest and latest messages on each device at the time of collection or provided in available phone records." Ex. 5 at 2 n.3.

> (e) All Communication services installed or used on the device; (f) The retention settings for each Communication service on the device; (g) All efforts made to preserve, collect, image, or extract data from the device and the dates of those efforts; (h) Whether any data from the device is unavailable due to encryption; (i) Whether any data from the device is unavailable due to deletion; and (j) All Persons with knowledge concerning the use, preservation, backup, transfer, storage, or disposal of the device.

Ex. 7. Defendants' July 24, 2026 response did not provide any substantive information, instead stating only that they would investigate. Ex. 8.

**C. Plaintiffs' Efforts to Obtain Complete Responses**

As the Court is aware, Plaintiffs have long sought to understand the full scope of sources of ESI available in connection with this litigation. Going back to the *Le* litigation, Plaintiffs identified that White had used multiple devices—including personal devices--to conduct UFC business, but had not properly preserved and produced from such devices. *See, e.g., Le v. Zuffa, LLC*, No. 15-cv-1045, ECF No 438 at 52-61 (D. Nev. June 21, 2017). In *Le*, the plaintiffs sought to obtain discovery (essentially the carrier records Plaintiffs have obtained for many of the custodians here) about the extent of White's use of personal devices that had been spoliated, but the Magistrate Judge denied plaintiffs' motion to compel after Zuffa argued principally that the motion was too late and that it invaded White's privacy without sufficient grounds. *See Le*, ECF No. 438, at 61-73.

Having learned a lesson about timing and the need for a substantial record,[4] Plaintiffs in this case sought to establish and secure the preservation of White's personal devices early in discovery. Plaintiffs commenced requesting information about ESI sources early in the 2025 negotiations of Defendants' responses to Plaintiffs' document requests. Because Defendants gave only evasive and incomplete responses, Plaintiffs raised the issue with the Court at a June 3, 2025 hearing, leading the Court to order Zuffa to identify all devices and phone numbers in use by, among others, Dana White. But Defendants did not identify all the devices and phone numbers in response to the Court's June 3, 2025 Order, nor did they do so in December 2025 when the Court gave them a final chance to do so.

[4] Of course, Plaintiffs here built a substantial record of materials missing from Defendants' productions prior to obtaining carrier records, and Plaintiffs' efforts to establish preservation issues were at the beginning, not the end of discovery.

*See* discussion in Plaintiffs' Motion for Sanctions, ECF No. 450, at 9-11.[5]

Nevertheless, Plaintiffs have continued to investigate, including by issuing the two Interrogatories at the heart of this Motion. Plaintiffs have identified several phone numbers to Defendants that appear to potentially belong to White. *See, e.g.*, Ex. 1 (Sept. 18, 2026 letter). Defendants have not provided any substantive answer on these numbers, and have only vaguely committed to providing an updated response to Plaintiffs' Interrogatories at some unstated point in the future. *See* Ex. 9 (Sept. 29, 2026 letter). That is insufficient. These questions are critical and answers needed immediately (really many months ago) in light of the ongoing spoliation proceedings.

**<u>The -2660 Number</u>**. After Plaintiffs identified for the Court the -2660 number in a September 1, 2026 filing—a number that Defendants claim is a "personal" number, but which White used for business[6]—Zuffa has had a month to find answers (and more than a year since Defendants should have done so on their own at least in response to the Court's June 3, 2026 Order). *See* ECF No. 750; *see also* Sept. 3, 2026 Hr'g Tr. at 11:4–25.[7] On September 17, 2026, Defendants filed their Status Report, which specifically addressed the -2660 number, together with declarations from White and from Defendants' counsel, Samuel R. Mirkovich. ECF No. 771. Defendants represented that the -2660 number and associated device "were used by Mr. White for personal purposes from approximately

[5] Indeed, Defendants' counsel has claimed that it performed an investigation and determined that no non-duplicative communications existed on undisclosed devices, *see* ECF No. 450 at 11 (citing communications), yet today cannot say what White's personal phone numbers are or even confirm whether phone numbers Plaintiffs have identified belong to him (including a number whose owner the Court Ordered them to identify months ago).

[6] Evidence that White used the -2660 number for business purposes includes that is colleagues, including Zuffa C-Suite executives Craig Borsari and Hunter Campbell have texted the number, and the fact that a third-party management agency produced screenshots of messages that appear to have been sent by White to a fighter. *See* ECF No. 750 at 15–16 (Exs. A–C).

[7] At the September 3, 2026 Status Conference, Defendants contended that the -2660 number was not "hidden from the plaintiffs" because it appeared in a handful of text messages Defendants had produced in late March 2026, while also maintaining that Defendants themselves did not know of the number until Plaintiffs raised it. *See* Sept. 3, 2026 Hr'g Tr. at 9:18-25. Notably, the -2660 number was not disclosed in the May 1, 2026 Interrogatories that Zuffa was obligated to research and provide a complete response to, despite having produced in March 2026 the text messages that revealed it. The Court thereafter directed Defendants to report on the -2660 number and its associated device(s). *See* Minutes of Proceedings, ECF No. 759.

2018 to 2022"; that the device "was not collected and imaged"; that Defendants had served a subpoena on AT&T to obtain "precise dates of use"; and that "it appears that the cell phone number -2660 was unintentionally omitted" from Defendants' device disclosures. ECF No. 771 at 2–3. Defendants further stated that their "investigation regarding this phone number and associated device is ongoing." *Id*. Yet, Defendants have not provided a supplemental response to Interrogatory No. 12 that provides the requested information concerning the -2660 number.

**The -0082 Number**. Similarly, when the Court-Appointed Expert reported imaging an iPhone 7 with the phone number ending -0082, Plaintiffs noted at the ensuing May 18, 2026 hearing that such number was registered to Nichole Durand (White's assistant), which would be consistent with Defendants' representations that the drawer full of old phones included a device of Ms. Durand's. *See* ECF No. 549 at 87:12-89:2. Yet, Defendants could not confirm at the hearing that the -0082 number belonged to Ms. Durand, and so the Court Ordered them to get an answer. *See id.* A few weeks later, Defendants gained access to the extraction from the -0082 device, and on June 29, 2026, their forensic examiner attributed that device to White (appearing to wrongly identify it as an iPhone 6). *See* ECF No. 729, Ex. 2, at 17 (June 29, 2026 Declaration of Adam Hart). Despite having the iPhone 7 extraction for the -0082 number for more than three months, and the Court's Order that they identify the user, Defendants still refuse to answer Plaintiffs' inquiry as to whether the -0082 number belongs to White and have not supplemented their Interrogatory response to Interrogatory No. 12 to the extent it belongs to White (as their purported expert attests).

**The -0005 Number**. Plaintiffs identified a third number that appears to potentially belong to White ending in -0005. Like the -0082 number, the -0005 number was registered to Nichole Durand.[8] Like the -2660 number, there is a produced message between Hunter Campbell and the -0005 number discussing MMA business, namely the sale of an MMA website, in November 2023. And like the -3855 number (discussed *infra*), Campbell saved this contact as something other than White's name. The text, produced from Campbell's custodial device, identifies the user as "[redacted]." Plaintiffs

[8] Note too that White's -1092 work phone and -3127 and -2660 purportedly personal phones were registered to his former assistant Donna Marcolini.

flagged this text to Defendants in a September 18, 2026 meet and confer letter. *See* Ex. 1. Identifying "[redacted]" should be an easy exercise. Yet, instead of providing a substantive response, Defendants wrote Plaintiffs a letter complaining that it is improper to expect Defendants to be able to find the answer to the inquiry when Plaintiffs know that White cannot remember his own phone numbers. *See* Ex. 9.

**<u>The -0447 Number</u>**. As to the -0447 number, which Defendants disclosed for the first time in their May 1, 2026 response to Interrogatory No. 12 (albeit with an incomplete answer), Defendants have failed to respond to formal and informal discovery requests about the number. Defendants have not provided a complete response to Interrogatory No. 12 for the device corresponding to the number and provided no substantive response to Interrogatory No. 13 (more than three months after Plaintiffs served it). *See* Exs. 2 & 5. Zuffa has refused to say whether they have the device they identified in response to Interrogatory No. 12, whether they have reviewed the messages on the device, the apps present on the device, the retention settings on the device, or the dates of messages on the device or dates that it was in service.

**<u>Other Potential Numbers</u>**. Defendants' meet and confer responses that White cannot easily identify his own phone numbers leaves open the possibility—if not probability—that still more undisclosed numbers and devices for White have been in use over the Relevant Time Period. For example, just this week, Zuffa has produced a handful of texts suggesting that White's assistant may have texted White at both his -0682 number and a new, previously unknown phone number ending in -6973. The attached Exhibit 10 is an example of these messages from February 2026, just after White's spoliation testimony in this matter (UFC-06744346). Ex. 10. Plaintiffs have found no public records linking this number to Durand or anyone else during the potential time period of use (ranging from at least August 2025 to February 2026), putting it in a similar category to White's -0682 phone number, which Plaintiffs also have not identified public records identifying its current connection to White, Durand, or the UFC more generally.

And just today, Defendants produced a business-related text between White and Campbell suggesting yet another undisclosed phone number used by White ending in -3855, referred to as his

"[redacted]." Attached as Exhibit 11 is a message White sent from this number to Hunter Campbell in July 2020 (UFC-06933014). Ex. 11. While another version of this text message was previously produced by Defendants in March 2026, White's -3855 number was saved in Campbell's contacts as "[redacted]", causing the text to escape being included in Plaintiffs' searches for White's phone numbers.

Thus, in contrast to the lesson learned by the *Le* plaintiffs, White's apparent takeaway from being spared a spoliation violation in *Le* was to continue to do business on devices he calls "personal", to destroy or discard those devices without backing them up, and to refuse to even track which devices and phone numbers he used (while also spoliating his admitted work device communications and devices). Indeed, on September 29, 2026, Defendants summarized the record of White's statements that he does not know his phone numbers and that Zuffa cannot track them, all while admitting that White has used multiple purportedly personal phone numbers over the Relevant Time Period in this case. *See* Ex. 9.

## III. Legal Standard

"The discovery process in theory should be cooperative and largely unsupervised by the district court." *Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1219 (9th Cir. 2018). When an amicable resolution to a dispute cannot be attained, however, a party seeking discovery may move the Court to issue an order compelling that discovery. Fed. R. Civ. P. 37(a). "[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). The party seeking to avoid discovery bears the burden of showing why that discovery should not be permitted. *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 309 (D. Nev. 2019).

Fed. R. Civ. P. 33 governs parties' obligations to answer interrogatories. Rule 33(b)(2) requires answers and any objections within 30 days after service. Rule 33(b)(3) requires that each interrogatory be answered fully and separately in writing under oath, and Rule 33(b)(5) further provides that the party answering the interrogatories must sign them. *See also Cabales v. United States*, 51 F.R.D. 498, 499 (S.D.N.Y. 1970) (finding that interrogatory responses that were neither answered separately and

fully in writing nor signed by the person making the answers "does not qualify as an answer"). Indeed "Rule 33, requiring verification and signature, is among the simplest of all the Rules of Procedure…." *Saria v. Mass. Mut. Life Ins. Co.*, 228 F.R.D. 536, 539 (S.D.W. Va. 2005). "The failure to provide client verification undermines the dispositive motion process" and thus requires "strict compliance" with the rule. *Id.*

Where a party fails in its obligation to answer an interrogatory, Fed. R. Civ. P. 37(a)(3)(B)(iii) provides that the requesting party may move for an order compelling an answer to such interrogatory. *See also* Fed. R. Civ. P. 37(a)(4) (noting that an "evasive or incomplete" answer to an interrogatory "must be treated as a failure to … answer.").

## IV. Argument

Zuffa's Responses to Interrogatory Nos. 12 and 13 are incomplete in material respects that Defendants have either conceded or have not disputed, and Zuffa has not supplemented them nor provided a reasonable excuse for such failure. Plaintiffs therefore request that the Court order Zuffa to serve immediate, complete, supplemental responses.

### A. Zuffa Must Supplement Its Response to Disclose the -2660 Number and Its Associated Device(s).

There is no dispute that Zuffa's Response to Interrogatory No. 12 is incomplete as to the -2660 number. The number was identified by Plaintiffs on September 1, 2026 in Plaintiffs' Response to Defendants' Counterproposal re: Production of Device ESI Relating to Spoliation (ECF No. 750), discussed at the Court's September 3, 2026 status conference (ECF No. 756 at 11:4–25), and Defendants have since told the Court that White used the -2660 number "from approximately 2018 to 2022" and that the number "was unintentionally omitted" from their device disclosures. ECF No. 771 at 2:10–12, 2:24–3:4. The Response therefore is "incomplete [and] incorrect" in a "material respect," and Zuffa is obligated to supplement it "in a timely manner." Fed. R. Civ. P. 26(e)(1)(A). Nearly four weeks after the status conference, and nearly two weeks after Defendants' own concession in their Status Report, Zuffa still has not done so.

Defendants cannot avoid supplementation on the theory that the -2660 number has "been produced" to Plaintiffs. Sept. 3, 2026 Hr'g Tr. at 9:20. Plaintiffs, not Defendants, identified the number. And the only information Defendants have provided about it—that it existed, was used for "personal purposes" for roughly four years, and is no longer in use—falls far short of what Interrogatory No. 12 requests. Neither ECF No. 771 nor the accompanying declarations identify the device(s) associated with the -2660 number, their serial or IMEI numbers, their make and model, operating platform, carrier, precise dates of use, or the applications used on them. *See* Ex. 4 at 2. An incomplete answer is treated as no answer at all. Fed. R. Civ. P. 37(a)(4). Nor does the pendency of Defendants' AT&T subpoena excuse the delay: Zuffa "must respond with the information that is currently available to [it] and . . . must supplement [its] response if, when, and as, further information becomes available." *Lexington Luminance LLC v. Feit Elec. Co.*, 2020 WL 10052404, at *4 (C.D. Cal. July 21, 2020) (citing Fed. R. Civ. P. 26(e)); *see also Green Crush, LLC v. Paradise Splash I, Inc.*, 2019 WL 8640653, at *2 (C.D. Cal. Apr. 8, 2019).

Zuffa's boilerplate objection to disclosing personal devices provides no basis to withhold this information. *First*, Interrogatory No. 12 expressly seeks the identification of "all business *and personal* mobile devices," Ex. 4 at 2 (emphasis added), and seeks only identifying information—not the collection, imaging, or production of the devices' contents. *Second*, Zuffa did not withhold the -2660 number on the basis of its objection; Defendants have told the Court the number was omitted unintentionally, because White did not recall it. ECF No. 771 at 3:1–5; ECF No. 771-1 ¶4. *Third*, the -2660 number was not used solely for personal matters: text messages reflect that White used it to text Hunter Campbell—a senior Zuffa executive and one of the Custodians—from late 2018 through 2022. ECF No. 750 at 16.[9] *Fourth*, this Court has ordered Defendants to search for, identify, and disclose the mobile devices of the relevant custodians, *see* ECF Nos. 202, 330, and Defendants concede the -

[9] Defendants note that the header of one text chain Plaintiffs have submitted reads "Chat with 'Dana White (personal)'." ECF No. 771 at 2 n.2 (citing ECF No. 750, Ex. C). But a contact label in another custodian's phone does not change the fact that White used the -2660 number to communicate with a senior Zuffa executive over a four-year period, and it has no bearing on whether Zuffa must *identify* the device in response to an interrogatory that expressly asks for personal devices.

2660 number should have been included in their Court-ordered device disclosure. ECF No. 771 at 3.[10] Zuffa should be ordered to supplement its Response to provide all information called for by subparts (a) through (i) of Interrogatory No. 12 for the -2660 number and each device associated with it.

### B. Zuffa Must Provide Supplemental Responses to Interrogatory Nos. 12 and 13 for the -0447 Number.

Zuffa has not provided any answer to Interrogatory No. 13 and has not provided complete information in response to Interrogatory No. 12. Zuffa's Response lists a Samsung Galaxy S21 5G associated with the -0447 number but provides no dates of use, operating platform, or applications for the device, and does not state whether Defendants possess it. Ex. 5 at 5. Those are precisely the subparts Interrogatory No. 12 requires. Ex. 4 at 2. Plaintiffs understand that the Samsung Galaxy S21 5G was released in mid-January 2021, and public records associate the -0447 number with White's assistant, Nicole Durand, beginning in December 2021. Ex. 1 at 3. The -0447 device therefore cannot be the third phone White was using in December 2018. Zuffa should be ordered to provide the dates and duration of use, operating platform, and applications for the -0447 device, and to state whether Defendants possess it.

The Responses therefore are "incomplete [and] incorrect" in a "material respect," and Zuffa is obligated to supplement it "in a timely manner." Fed. R. Civ. P. 26(e)(1)(A). Zuffa has had months to obtain the requested information and offers no explanation for its failure to do so.

---

[10] Defendants' reliance on rulings in *Le v. Zuffa*, No. 2:15-cv-1045-RFB-BNW (D. Nev.), ECF Nos. 422, 438, is misplaced. By Defendants' own description, those rulings concerned a motion to compel the "production of information and data" from White's personal phones, ECF No. 771 at 2—not an interrogatory, served in this case and subject to this Court's device-disclosure orders, that asks Zuffa to identify the devices themselves.

In fact, unlike the other numbers at issue here, the -0447 number was identified affirmatively by Zuffa based on some information that Zuffa collected. That information and its source should have put Zuffa in a position to obtain this information in a timely manner, but it has not done so. Unlike the -2660 number, Zuffa does not appear to have subpoenaed records and thus has made no apparent effort to obtain the required additional information about the device and use of the phone number.

**C. Zuffa Must Identify the Three Phones White Was Using in December 2018.**

Interrogatory No. 12 "expressly encompasses" the mobile devices and phone numbers "used and/or referenced in UFC-06004008–UFC-06004010 and UFC-06004013." Ex. 4 at 3. UFC-06004008 is a December 25, 2018 text exchange between White and Hunter Campbell that attached UFC-06004013, a video of a portion of White's appearance on a Barstool podcast in which the hosts mock him for having three cellphones. Ex. 4 at 3; Ex. 6. In the ensuing exchange, White and Campbell discuss how to suggest that White did not, in fact, necessarily have three phones—implicitly acknowledging that he did. Ex. 4 at 3; Ex.6.

Zuffa's Response ignores this portion of the Interrogatory entirely—it omits the paragraph from Zuffa's recitation of the Interrogatory, *see* Ex. 5 at 2—and does not identify three devices in use by White in December 2018. At most, the Response appears to identify one, and possibly two, such phones and numbers. Ex. 5 at 3. None of the devices Zuffa listed for White reflects message data spanning December 2018: the -1092 iPhone 6s's messages end on September 28, 2018; the -1092 iPhone 7's messages begin on July 3, 2019; and the -3127 iPhone 6s's messages end on September 4, 2018. Ex. 2 at 4. Based on the Campbell AT&T records, the -2660 number would appear to be one of the three phones, and the -1092 number and corresponding device could be another. Ex. 1 at 3 n.1; ECF No. 750 at 16. But the identity of the third phone—and its number—remains unknown.

Defendants' representation that White's "practice was to have one cellular device for business purposes and another for personal purposes," ECF No. 771 at 2:8–10, cannot be reconciled with contemporaneous evidence that he was carrying three phones in December 2018. And because the known devices were registered to other Zuffa employees—even those Defendants have characterized

as personal—Zuffa had, or should have had, the ability to determine which devices and numbers White was using. Ex. 1 at 5. Zuffa should be ordered to identify each of the three mobile devices, and associated telephone numbers, White was using in December 2018; to confirm whether the -2660 and -1092 numbers are two of them; and to provide the information required by subparts (a) through (i) for the third device and number.

### D. Zuffa Must Resolve the Open Questions Concerning the -0082 and -0005 Numbers and Identify Any Other Undisclosed Numbers.

Given the absence of multiple devices and phone numbers from Zuffa's Court-Ordered disclosures and Interrogatory responses, Plaintiffs seek an Order compelling Zuffa to provide information as to the -0082 and -0005 numbers, including through a supplemental response to Interrogatory No. 12 to the extent the devices and/or numbers are determined to belong to or bene used by custodians in this case.

#### 1. *The -0082 Number*

Defendants represented to the Court that the drawer in which the -0082 device was found also contained one or more devices belonging to Ms. Durand. *See* ECF No. 513 at 32:2–13. Mr. Wedin imaged an iPhone 7 from that drawer associated with the -0082 number (Device LAS-UFC-004), which contains data from October 2018 through December 2020—a period that includes December 2018. Ex. 1 at 3. Public records reflect that the -0082 number was registered to Ms. Durand. *Id.* When Plaintiffs raised the -0082 number at the May 18, 2026 hearing, Defendants could not explain it, and the Court instructed Defendants to determine whether the number belonged to Ms. Durand or to White. ECF No. 549 at 87:12–89:2. Defendants have not complied with that directive, even though they have had the extraction of the -0082 device extraction for months. Ex. 1 at 4.

Defendants' forensic examiner, Adam Hart, has since attributed the -0082 device to White, *see* June 29, 2026 Report of Adam Hart at 17, but Mr. Hart's report contains numerous errors that call that attribution into question,[11] and in any event, Zuffa has not identified the -0082 number or device in its

---

[11] Mr. Hart's report identifies the -0082 device (serial number ending -CHG7K) as an iPhone 6, whereas Wedin's May 15, 2026 report and Defendants' vendor, HOLO Discovery, in its CP04 collection report, each identify it as an iPhone 7. Similarly, Wedin reports a full file system extraction

Response or otherwise clarified its user. Zuffa should be ordered to state, under oath, whether the -0082 number and device belong or belonged to White and, if so, to provide the information required by subparts (a) through (i) and to state whether it is the third phone referenced in UFC-06004008 and UFC-06004013.

**2. *The -0005 Number and Any Other Undisclosed Numbers (e.g., the -6973 Number)***

The -0005 number, which Hunter Campbell attributes to "[redacted]" in his contacts, *see* UFC-05921974, was registered to Ms. Durand for at least some of the Relevant Time Period. Ex. 1 at 4. Because White has at least one other number registered in Ms. Durand's name, and the -0005 number corresponded with Campbell on business matters in short messages akin to those sent by White, Zuffa should be ordered to state whether the -0005 number was used by White or by any other Custodian and, if so, to provide the information required by subparts (a) through (i). *Id.* at 4–5 & n.5. Finally, to the extent the third phone White was using in December 2018—or any other device used by White during the Relevant Time Period—is associated with a number other than those discussed above, Zuffa should be ordered to identify each such number and device. *Id.* at 5.

Likewise, to the extent the -6973 number belongs to White, that too must be disclosed. The failure to disclose it would be inexcusable, considering he would have been using the number as recently as February 2026 (less than two months before Interrogatory No. 12 was served).

**E. Zuffa's Supplemental Response Must Be Verified and Must Reflect the Information Available to Zuffa.**

Rule 33 requires that "[e]ach interrogatory must . . . be answered separately and fully in writing under oath," and "[t]he person who makes the answers must sign them." Fed. R. Civ. P. 33(b)(3), (5). "Requiring a party to sign interrogatory responses under oath serves the critical purpose of ensuring that the responding party attests to the truth of the responses." *Apple Hill Growers v. El Dorado Orchards, Inc.*, 2022 WL 1506205, at *13 (E.D. Cal. May 12, 2022) (citation omitted). Zuffa's May

---

of the device, while Mr. Hart describes an advanced logical extraction. *See* Ex. 1 at 4 n.3. In addition, Ms. Durand uses another number (ending -5074) that appears in Defendants' production, making it less likely that the -0082 number was hers. *Id.* at 4 n.4.

1, 2026 Response is signed only by counsel. Ex. 5 at 19. Without a verified answer, Plaintiffs cannot rely on the truthfulness of Zuffa's Response, now or later in dispositive motion practice. *See Saria*, 228 F.R.D. at 539.

Verification is particularly important here. Zuffa's answer must "furnish the information available to the party," Fed. R. Civ. P. 33(b)(1)(B)—not merely what White happens to remember. Defendants have attributed the omission of the -2660 number to White's "lack of recall of his phone numbers," ECF No. 771 at 3:3–4 & n.3; ECF No. 771-1 ¶¶ 2, 4, yet the information Interrogatory No. 12 seeks is readily available from carrier and account records, device inventories, and Zuffa's own records of the devices and lines registered to its employees. Ex. 1 at 5. Plaintiffs therefore request that Zuffa's supplemental response be verified by an officer or agent of Zuffa and identify the sources of information consulted in preparing it, so that Plaintiffs and the Court can assess whether the response is complete. *See* Ex. 1 at 5 (requesting "a complete explanation of how this clearly incomplete and wrong Interrogatory response was compiled"); *Hallett*, 296 F.3d at 751.

**F. Zuffa Should Be Ordered to Supplement Promptly.**

The Court should compel Zuffa to serve its supplemental response within seven (7) days of the Court's Order. Zuffa has known since at least the September 3, 2026 status conference—and has conceded to the Court since September 17, 2026—that its Response omits the -2660 number. It has known since Plaintiffs served the Interrogatory on April 1, 2026 that the Interrogatory expressly encompassed the three phones referenced in UFC-06004008 and UFC-06004013. And it has known since the May 18, 2026 hearing that the Court expected Defendants to determine whether the -0082 number belonged to White. The identifying information Interrogatory No. 12 seeks is basic; it is the foundation for Plaintiffs' ability to seek the collection and production of relevant communications, to pursue third-party discovery from carriers, and to assess the completeness of Defendants' device disclosures. Further delay will prejudice Plaintiffs and threatens the orderly progress of discovery**.**

**V. Conclusion**

For the foregoing reasons, the Court should grant Plaintiffs' Motion and enter an Order compelling Zuffa, within seven (7) days of entry of the Order, to serve a signed and verified

supplemental response to Interrogatory No. 12.

Dated: September 30, 2026

By: /s/ Joseph R. Saveri
Joseph R. Saveri (*Pro hac vice*)
Christopher Young (*Pro hac vice*)
Kevin E. Rayhill (*Pro hac vice*)
Itak Moradi (*Pro hac vice)*
SAVERI LAW FIRM, LLP
550 California St., Suite 910
San Francisco, CA 94104
Telephone: +1 (415) 500-6800
Email: jsaveri@saverilawfirm.com
Email: krayhill@saverilawfirm.com
Email: cyoung@saverilawfirm.com
Email: imoradi@saverilawfirm.com

W. Joseph Bruckner (*Pro hac vice*)
Brian D. Clark (*Pro hac vice*)
LOCKRIDGE GRINDAL NAUEN PLLP
100 Washington Ave S, Suite 2200
Minneapolis, MN 55401
Phone: (612) 596-4001
wjbruckner@locklaw.com
bdclark@locklaw.com

Kyle J. Pozan (*Pro hac vice*)
LOCKRIDGE GRINDAL NAUEN PLLP
1165 N. Clark Street, Ste. 700
Chicago, IL 60610
Phone: (612) 339-6900
Email: kjpozan@locklaw.com

*Additional Counsel for Plaintiffs and the Proposed Class*

Respectfully Submitted,

By: /s/ Michael Dell'Angelo
Eric L. Cramer (*Pro hac vice*)
Michael Dell'Angelo (*Pro hac vice*)
Patrick F. Madden (*Pro hac vice*)
BERGER MONTAGUE PC
1818 Market St., Suite 3600
Philadelphia, PA 19103
Telephone: +1 (215) 875-3000
Email: ecramer@bergermontague.com
Email: mdellangelo@bergermontague.com
Email: pmadden@bergermontague.com

Joshua P. Davis (*Pro hac vice*)
Robert Maysey (*Pro hac vice)*
BERGER MONTAGUE PC
505 Montgomery Street, Suite 625
San Francisco, CA 94111
Telephone: +1 (415) 906-0684
Email: jdavis@bergermontague.com
Email: rmaysey@bergermontague.com

*Counsel for Plaintiffs and the Proposed Class*

Richard A. Koffman (*Pro hac vice*)
Benjamin D. Brown (*Pro hac vice*)
Daniel H. Silverman (*Pro hac vice*)
Daniel Gifford (*Pro hac vice)*
COHEN MILSTEIN SELLERS
& TOLL PLLC
1100 New York Ave., N.W.
Suite 500 East, Tower
Washington, DC 20005
Telephone: +1 (202) 408-4600
Email: rkoffman@cohenmilstein.com
Email: bbrown@cohenmilstein.com
Email: dsilverman@cohenmilstein.com
Email: dgifford@cohenmilstein.com

*Additional Counsel for Plaintiffs and the Proposed Class*

Michael J. Gayan
CLAGGETT & SYKES
4101 Meadows Lane, Suite 100
Las Vegas, NV 89107
(702) 323-7777
mike@claggettlaw.com

*Liaison Counsel for Plaintiffs and the Proposed Class*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing Plaintiffs' Motion to Compel Defendant Zuffa to Respond to Interrogatory No. 12 of Plaintiffs' Third Set of Interrogatories was served on September 30, 2026, via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

*/s/ Joseph R. Saveri*
Joseph R. Saveri
Saveri Law Firm LLP