# EXHIBIT 3

**From:** Patrick F. Madden
**To:** Danielle Leneck (LA); Joseph Axelrad (LA); Aaron Chiu (Bay Area); Chris Yates (Bay Area); William Isaacson; Jessica Phillips; Clayton Wiggins (DC); Jesus (Robert) Medina-Garcia (LA); Yotam Barkai; Gina Tercero (ATX); #C-M UFC JOHNSON - SENIOR - LW TEAM
**Cc:** #JohnsonUFC; QE-Endeavor-UFC
**Subject:** RE: Johnson v. Zuffa, LLC/Davis v. Zuffa, LLC - Meet and Confer Correspondence
**Date:** Sunday, September 27, 2026 2:09:07 PM
**Attachments:** image001.png
image002.png
image003.png
image004.png
image005.png
image006.png
image007.png
image239523.png
image068368.png
image435076.png
image970652.png
image433814.png
image998742.png
image973294.png

---

Counsel,

As you know, on June 3, 2025, the Court Ordered Defendants to identify all custodial devices (business ***and*** personal) and communications platforms for all custodians, including, without limitation Dana White. In December 2025, the Court gave Defendants yet another opportunity to provide a complete disclosure of business ***and*** personal devices and communications platforms, including, without limitation, as to Dana White. And in Plaintiffs April 1, 2026 Interrogatory No. 12, Plaintiffs requested information about all business and personal devices and phone numbers in use during the relevant time period by, *inter alia*, Dana White—including, without limitation, the devices discussed in the Barstool podcast. Further, as to the -0447 telephone number, Plaintiffs issued another Interrogatory (Interrogatory No. 13) in June 2026 relating specifically to that number.

Despite these numerous Court Orders and Interrogatories over the last nearly ***16-months***, Defendants have yet to provide a complete disclosure as to Dana White's telephone numbers and devices.

On September 18, 2026, after reviewing Dana White's declaration concerning the -2660 number that had not been disclosed in accordance with the Court's multiple Orders nor included in a supplemental response to Interrogatory No. 12 (as required by, inter alia, Fed. R. Civ. P. 26(e)), Plaintiffs raised several potential additional numbers that may belong to White and may fill the now-apparent gaps in Defendants' Court-Ordered disclosures and response to Interrogatory No. 12.

Plaintiffs have provided details that should make answering Plaintiffs' inquiries and

providing the required supplemental Interrogatory responses relatively simple. For example, Plaintiffs identified a phone number ending in -0005 registered to Nichole Durand and which Hunter Campbell has texted with under the "Contact" name "General Patton." Identifying whose number that is (and whether it was or is used by White) should be as simple as contacting (1) Durand, (2) Campbell, and (3) White, or reviewing the corresponding carrier records for the number (which should be available to Defendants). That inquiry should have easily been completed by September 22, or Plaintiffs' revised deadline of September 25. Yet on the parties' meet and confer, Defendants were unable to answer it; nor would Defendants commit to providing an answer by September 28th (in advance of the 9/30 motion to compel deadline for these issues) as Defendants have demanded of Plaintiffs.

As another example, Plaintiffs raised the -0082 telephone number that was in use on one of the devices in the drawer full of White's devices. Defendants had stated that there was a device in the drawer that belonged to Ms. Durand, and the -0082 number was registered to Ms. Durand. However, the Court Ordered Defendants to confirm whether that number was Ms. Durand's number on May 18 (***more than four months ago***), and Defendants have still not provided any confirmation or further information. Defendants' forensic examiner attributed the -0082 device to White, but given the myriad errors in the report, the reliability of that assertion is unclear, and Defendants' refusal to answer the question by September 22 or even September 25 indicates that even they do not trust the accuracy of their examiner's assertion.

As to the -0447 number, Defendants first made an incomplete disclosure as to a device with that number in their May 1, 2026 interrogatory responses (nearly a year after omitting it from their response to the June 3 device disclosure Order and nearly six months after omitting it from their final response to the Court's disclosure Orders). And Plaintiffs issued another Interrogatory in June 2026 specific to that -0447 number. Yet, Defendants' July 2026 answer provided no substantive information, and Defendants have not provided any substantive information since.

Returning to the -2660 number, Plaintiffs understand that the number was registered to Donna Marcolini, a Zuffa employee. If White's declaration that it was his personal number is accurate, please explain why that number was registered to a Zuffa employee and not White.

In short, despite having more than a year to identify all of White's phone numbers and devices and having unfettered access to the various individuals in a position to know the answers to these basic questions, Defendants continue to fail to provide complete

information. That Plaintiffs are able to identify these matters from Defendants' productions and public information is an indictment on the efficacy of Defendants' own efforts.

Absent a complete response for how the incomplete responses were compiled and complete, supplemental interrogatory responses to Interrogatory Nos. 12 and 13 no later than the end of the day tomorrow, September 28, 2026, Plaintiffs will be forced to seek relief from the Court.

**Patrick F. Madden** / *Shareholder (He/Him/His)*
215.875.3035 215.605.3237

BERGER MONTAGUE

1818 MARKET STREET, SUITE 3600
PHILADELPHIA, PA 19103

**From:** Patrick F. Madden
**Sent:** Thursday, September 24, 2026 11:25 AM
**To:** Danielle Leneck (LA) <danielle.leneck@lw.com>; Joseph Axelrad (LA) <Joseph.Axelrad@lw.com>; Aaron Chiu (Bay Area) <Aaron.Chiu@lw.com>; Chris Yates (Bay Area) <Chris.Yates@LW.com>; William Isaacson <wisaacson@dirllp.com>; Jessica Phillips <jphillips@dirllp.com>; Clayton Wiggins (DC) <Clayton.Wiggins@lw.com>; Jesus (Robert) Medina-Garcia (LA) <Robert.Medina-Garcia@lw.com>; Yotam Barkai <ybarkai@dirllp.com>; Gina Tercero (ATX) <Gina.Tercero@lw.com>; #C-M UFC JOHNSON - SENIOR - LW TEAM <UFCJOHNSONSENIOR.LWTEAM@lw.com>
**Cc:** #JohnsonUFC <johnsonufc@bergermontague.com>; QE-Endeavor-UFC <qe-endeavor-ufc@quinnemanuel.com>
**Subject:** RE: Johnson v. Zuffa, LLC/Davis v. Zuffa, LLC - Meet and Confer Correspondence

Counsel:

The UFC's letter last night well taken for several reasons.

First, as you know, Defendants separately wrote to Plaintiffs on the evening of Friday, September 18, 2026 demanding a written response on September 21, a religious holiday, despite having just contacted Plaintiffs days before to request that Plaintiffs amend the proposed September 21 deadline for Defendants' counter proposal on device data. When Plaintiffs noted that issue, Defendants moved their demanded response deadline to September 22. If Defendants believe that a Friday request for a

response the following Tuesday after a long weekend is unreasonable, then Defendants' demand was in bad faith. Nevertheless, unlike Defendants, Plaintiffs provided a fulsome response to Defendants' inquiry by the apparent bad faith deadline. Defendants, for their part, both failed to comply with the same deadline and, even when responding a day later, still failed to provide a substantive response as requested.

Second, Defendants misstate the substance of what Plaintiffs requested by September 22. Specifically, the only information Plaintiffs requested by September 22 was (1) "a complete explanation of how this clearly incomplete and wrong interrogatory response [to Interrogatory No. 12] was compiled" and (2) "when the complete response will be provided." There is nothing unreasonable about that request on that timeline. Counsel prepared Zuffa's Interrogatory response, and while Zuffa has not verified any of its operative interrogatory responses as required by the Federal Rules—even after Plaintiffs raised that issue in connection with Defendants Second Amended Responses to Plaintiffs' First Set of Interrogatories on May 1, 2026 (***nearly five months ago***)—presumably counsel is in a position to answer how the Interrogatory response was compiled with incorrect and incomplete information. For example, counsel would know why Zuffa's response ignored the April 1, 2026 demand that Zuffa identify the device and phone numbers for the three phones discussed in the Barstool podcast. Further, given that counsel for Zuffa was directed by the Court ***over four months ago*** to determine whether the -0082 number belonged to Mr. White or Ms. Durand (or someone else) (not to mention Plaintiffs since raising the issue in a filing, and Defendants' forensic examiner identifying the device as belonging to White), counsel for Zuffa should already be in a position to determine both the answer to the question of whose number that is and, if it is Mr. White's, why there has been no supplement to Interrogatory response (and when such supplement would be forthcoming). In short, none of those matters are new, and nearly all of the numbers and devices have been known to Defendants for weeks if not many months. Providing the requested explanation and a timeline for a supplemental response following a long weekend should not be a significant burden. There are relatively few individuals involved in obtaining the answers, all of whom are known and should easily be able to provide some or all of the information. Yet, Defendants have offered no answers whatsoever.

Third, the foregoing notwithstanding, still other events in this case should have put Defendants on notice that they needed to perform a more thorough investigation that would have put them in a position to answer these questions on the reasonable timeline Plaintiffs offered. For example, Plaintiffs issued an Interrogatory (Interrogatory No. 13) concerning the -0447 number for which Defendants have yet to provide a substantive response (despite serving objections on July 24, two months ago, and stating that they

would investigate). The Court has also issued multiple Orders directing Defendants to identify all devices and phone numbers (business and personal). It defies reasonableness that Plaintiffs are in a position to continually identify undisclosed numbers and devices of Dana White that Defendants fail to themselves identify and disclose in violation of multiple Court Orders and Defendants' discovery obligations under the Federal Rules.

Notably, Defendants have already been sanctioned for failing to provide appropriate Interrogatory responses (after first refusing to provide a date by which those responses would be forthcoming months after the obligation to substantively respond accrued). Defendants' repeated misconduct in this regard is troubling and will be raised with the Court in the appropriate context.

Plaintiffs request that Defendants commit to providing a complete response to Plaintiffs' inquiry regarding Mr. White's additional phone(s) and numbers and a supplemental response to both Interrogatories 12 and 13 no later than September 25, 2026.

Plaintiffs reserve all rights and will seek appropriate relief from the Court absent a complete response.

---

**From:** Danielle Leneck (LA) <danielle.leneck@lw.com>
**Sent:** Wednesday, September 23, 2026 6:35 PM
**To:** Patrick F. Madden <pmadden@bergermontague.com>; Joseph Axelrad (LA) <Joseph.Axelrad@lw.com>; Aaron Chiu (Bay Area) <Aaron.Chiu@lw.com>; Chris Yates (Bay Area) <Chris.Yates@LW.com>; William Isaacson <wisaacson@dirllp.com>; Jessica Phillips <jphillips@dirllp.com>; Clayton Wiggins (DC) <Clayton.Wiggins@lw.com>; Jesus (Robert) Medina-Garcia (LA) <Robert.Medina-Garcia@lw.com>; Yotam Barkai <ybarkai@dirllp.com>; Gina Tercero (ATX) <Gina.Tercero@lw.com>; #C-M UFC JOHNSON - SENIOR - LW TEAM <UFCJOHNSONSENIOR.LWTEAM@lw.com>
**Cc:** #JohnsonUFC <johnsonufc@bergermontague.com>; QE-Endeavor-UFC <qe-endeavor-ufc@quinnemanuel.com>
**Subject:** RE: Johnson v. Zuffa, LLC/Davis v. Zuffa, LLC - Meet and Confer Correspondence

Counsel,

Please see the attached correspondence.

Regards,
Danielle

**Danielle R. Leneck**

**LATHAM & WATKINS LLP**
10250 Constellation Blvd. Suite 1100
Los Angeles, CA 90067
Direct Dial: +1.424.653.5437
Email: danielle.leneck@lw.com
https://www.lw.com

---

**From:** Patrick F. Madden <pmadden@bergermontague.com>
**Sent:** Friday, September 18, 2026 8:59 PM
**To:** Joseph Axelrad (LA) <joseph.axelrad@lw.com>; Aaron Chiu (Bay Area) <aaron.chiu@lw.com>; Chris Yates (Bay Area) <chris.yates@lw.com>; William Isaacson <wisaacson@dirllp.com>; Jessica Phillips <jphillips@dirllp.com>; Clayton Wiggins (DC) <clayton.wiggins@lw.com>; Danielle Leneck (LA) <danielle.leneck@lw.com>; Jesus (Robert) Medina-Garcia (LA) <robert.medina-garcia@lw.com>; Yotam Barkai <ybarkai@dirllp.com>
**Cc:** #JohnsonUFC <johnsonufc@bergermontague.com>; QE-Endeavor-UFC <qe-endeavor-ufc@quinnemanuel.com>
**Subject:** Johnson v. Zuffa, LLC/Davis v. Zuffa, LLC - Meet and Confer Correspondence

Counsel,

Please see the attached correspondence

**Patrick F. Madden** / *Shareholder (He/Him/His)*
215.875.3035 215.605.3237

BERGER MONTAGUE

1818 MARKET STREET, SUITE 3600
PHILADELPHIA, PA 19103

---

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with

the firm's privacy notices and Global Privacy Standards available at www.lw.com.
**-***External sender. Please use caution when clicking on any attachments or links***-**
-