# EXHIBIT 7

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KAJAN JOHNSON, CLARENCE DOLLAWAY, and TRISTAN CONNELLY, on behalf of themselves and all others similarly situated,<br>Plaintiffs,<br>v.<br><br>ZUFFA, LLC, Zuffa Parent LLC n/k/a TKO OPERATING COMPANY, LLC (d/b/a ULTIMATE FIGHTING CHAMPIONSHIP and UFC) and ENDEAVOR GROUP HOLDINGS, INC.,<br>Defendants. | No.: 2:21-cv-01189-RFB-BNW<br><br>**PLAINTIFFS' FOURTH SET OF INTERROGATORIES TO DEFENDANT ZUFFA, LLC** |

**PLAINTIFFS' FOURTH SET OF INTERROGATORIES TO DEFENDANT ZUFFA, LLC**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, plaintiffs hereby request that each defendant answer each of the following interrogatories, under oath within 30 days.

## DEFINITIONS

1. The following rules of construction should apply to all discovery requests:
   a) "**All**" should be construed to include the collective as well as the singular and shall mean "each," "any," and "every."
   b) "**And**" and "or" should be construed so as to require the broadest possible response. If, for example, a request calls for information about "A or B" or "A and B," You should produce all information about A and all information about B, as well as all information about A and B collectively. In other words, "or" and "and" should be read as "and/or."
   c) "**Any**" shall be construed to mean "any and all."
   d) "**Including**" shall be construed to mean "without limitation." "Including" is used to emphasize certain types of documents requested and should not be construed as limiting the request in any way.
   e) The use of the singular form of any word includes the plural and vice versa.
2. "**Agreement**" means any acceptance of an offer between two or more Persons, regardless of whether the expression of the Agreement is verbal or written. Agreement as used herein includes without limitation all mutually binding contracts.
3. "**Communication**" means without limitation, oral or written communications of any kind, including electronic communications (such as, by way of example rather than limitation, emails, texts, direct communications through social media (including without limitation direct messaging, instant messaging, chatting or emailing within a social media platform), facsimiles, and telephone communications), correspondence, exchange of written or recorded information, or face-to-face meetings. The phrase "communication between" is defined to include instances where one party addresses the other party but the other party does not necessarily respond. The phrase "communication" includes all attachments to e-mail messages.

4. "**Date**" means the exact day, month and year, if ascertainable, or the best available approximation, including any relationship to other known events (designate whether exact or approximate).

5. "**Document(s)**" shall mean and include all "writings," "recordings" or "photographs" as those terms are defined in Federal Rule of Civil Procedure 34 and Rule 1001 of the Federal Rules of Evidence. Without limiting the generality of the foregoing, the term "Documents" includes both hard copy documents and electronically stored data files including but not limited to e-mail, instant messaging, social media content (including without limitation public content such as Tweets, YouTube submissions, Facebook posts, and posts to any public electronic billboard, as well as private content such as direct messaging, instant messaging, chats, and email), shared network files and databases. With respect to electronically stored data, documents also includes, without limitation, any letters, correspondence, memoranda, legal pleadings, calendars, diaries, travel records, summaries, records of telephone conversations, telegrams, notes, reports, compilations, notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, audiotapes, film and sound reproductions, e-mails, internal or external web sites, audio or video discs data on magnetic or optical storage media (e.g., servers, storage area networks, interconnected remote servers (so-called "cloud computing"), hard drives, backup tapes, CDs, DVDs, Bluray, DVD-HD thumb flash drives, floppy disks or any other type of portable storage device, etc.) stored as an "active" or backup file, in its native format, computer files, discs and drives, sales, advertising and promotional literature, agreements, stored recordings, minutes or other records of meetings, all written or graphic records of representations of any kind, and all mechanical or electronic data, records of representations of any kind.

6. "**Employee**" means, without limitation, any current or former officer, director, executive, manager, secretary, staff member, consultant, messenger, agent or other person who is or was compensated by Defendant.

7. "**Identify**" (or "**Identity**") when used in reference to an individual employee, means to provide: (a) the person's full name, (b) last known business and home addresses; (c) date of birth; (d) social security number; (e) title or position and period of service in each such position; (f)

immediate supervisor in each position; (g) business and home telephone numbers (including voice, cellular and facsimile phone numbers) assigned to or used by such person and the period during which such numbers were assigned to be used by that person; (h) business and home electronic mail identifiers and the period during which such identifiers were assigned to and used by that person, and (i) screennames or handles used in connection with any social media sites or online bulletin/message boards.

8. "**Identify**" when used with reference to a current or former Professional MMA Fighter who fought in a bout for the UFC shall require a statement of all of the following information relating to that person: (a) the person's full name, (b) last known business and home addresses; (c) date of birth; (d) social security number; (e) name and last known address of agent and/or manager; (f) time period that such person was under contract with the UFC or any of its predecessors; (g) the dates and titles of all contracts executed between the UFC (or any of its predecessors) and the Fighter; (h) the dates and locations of any and all bouts involving this Fighter promoted by the UFC, including the identity of the opponent, the result of the bout, and how much total compensation the Fighter received associated with the bout.

9. "**Identify**" when used in reference to a document, shall require a statement of all of the following information relative to such document: (i) Title; (ii) Nature and subject matter; (iii) Date; (iv) Author; (v) Addressee; (vi) File number or other identifying mark or code; (vii) Location by room, building, address, city and state; (vii) Identification of custodian; and (viii) Bates number.

10. "**Identify**" (or "**Identity**") as used herein with respect to any entity other than an individual shall be read to require a statement of all of the following information relating to such entity: (i) Full name or title; (ii) Principal place of business or other activity; (iii) Place of incorporation (if applicable); (iv) Date of formation; (v) Names of any predecessor or successor corporations or other business entities; (vi) Nature or type of entity; and (vii) Principal business or other activity.

11. "**Identity**" of a UFC Fighter means the name, sobriquet, voice, persona, signature, likeness and/or biographical information of a UFC Fighter.

12. "**Mixed Martial Arts**" or "**MMA**" means a competitive individual sport in which competitors use interdisciplinary forms of martial arts that include, *e.g.*, jiu-jitsu, judo, karate, boxing,

kickboxing, taekwondo, and/or wrestling to their strategic and tactical advantage in a supervised match. Scoring in live **Professional MMA** bouts is based on state athletic commission-approved definitions and rules for striking (blows with the hand, feet, knees or elbows) and grappling (submission holds, chokeholds, throws or takedowns).

13. "**MMA Fighter**" means any Person who participates as a combatant in a MMA bout.
14. "**MMA Industry**" means the business of promoting live MMA bouts and may also include the promotion of Pay-Per-View MMA events to generate Pay-Per-View revenues and ticket sales as well as ancillary activities such as: the sale of live and taped television programming, video-on-demand, merchandise (videos, DVDs, video games, apparel, hats, sporting equipment, etc.), event and fighter sponsorships, and the collection of MMA-related copyright and trademark royalties.
15. "**MMA Promoter**" or "**MMA Promotion**" means a person or entity that arranges professional live MMA bouts for profit.
16. "**Person**" means, without limitation, any natural person, corporation, partnership, limited liability company, proprietorship, joint venture, trust, association, government entity, group or other form of legal entity.
17. "**Plaintiff(s)**" means Kajan Johnson, Clarence Dollaway, and Tristan Connelly, and any named plaintiffs in any subsequently filed actions that are related to or consolidated with the above-captioned Class Action.
18. "**Professional MMA Fighter**" means an MMA Fighter who is compensated as a combatant in an MMA bout.
19. "**Promotional and Ancillary Rights Agreement**" means an Agreement between UFC and a Professional MMA Fighter regarding any combination of rights to site fees, live-gate receipts, advertising fees, sponsorship fees, motion pictures, all forms of radio, all forms of television (including live or delayed, interactive, home or theater, pay, pay-per-view, satellite, closed circuit, cable, subscription, multi-point, master antenna, or other), telephone, wireless, computer, CD-ROM, DVD, any and all Internet applications, films and tapes for exhibition in any and all media and all gauges, including but not limited to, video and audio cassettes and disks, home video and computer games, arcade video games, hand-held versions of video games, mobile phone apps,

video slot machines, photographs and video recordings (including raw footage, out-takes and negatives), merchandising and program rights, in connection with or based upon the UFC brand, UFC Professional MMA Bouts, UFC Professional MMA Events, UFC Pre-Bout Events, or UFC Post-Bout Events, and/or the obligation of the UFC to promote the Professional MMA Fighter's Professional MMA Bouts and career.

20. "**Relating to**," "**referring to**," "**regarding**," or "**with respect to**" mean, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

21. "**Social Media"** means any web-hosted applications that facilitate public posting of words, images or video and audio recordings, and private interactions such as private messaging or email, among users. Examples of Social Media include without limitation Twitter, Facebook, YouTube, Instagram, Pinterest, and My Space.

22. "**You**," "**Your**," or "**Your Company**" mean the responding Defendant, its predecessors, successors, subsidiaries, departments, divisions, and/or affiliates, including without limitation any organization or entity which the responding Defendant manages or controls, together with all present and former directors, officers, employees, agents, representatives or any persons acting or purporting to act on behalf of the responding Defendant.

23. "**Zuffa**," "**UFC**," and "**Defendant**" all mean Zuffa, LLC, Ultimate Fighting Championship, UFC, Zuffa Parent LLC n/k/a TKO Operating Company, LLC (d/b/a Ultimate Fighting Championship) and all predecessors, successors, subsidiaries, departments, divisions, and/or affiliates, including without limitation any organization or entity which the responding Defendant manages or controls, together with all present and former directors, members, officers, employees, agents, representatives or any persons acting or purporting to act on behalf of the responding Defendant, including: Zuffa Australia, LLC; Zuffa Aviation, LLC; Zuffa Brazil, LLC; Zuffa Canada, LLC; Zuffa Expo, LLC; Zuffa Fit 360, LLC; Zuffa Fitness Elite, LLC; Zuffa Fitness, LLC; Zuffa Holding Company, LLC; Zuffa Interactive Investor, LLC; Zuffa International, LLC; Zuffa Ireland, LLC; Zuffa Landco, LLC; Zuffa Mali, LLC; Zuffa Marketing, LLC; Zuffa Mexico, LLC; Zuffa

Music, LLC; Zuffa On Demand, LLC; Zuffa Pipco 1, LLC; Zuffa Records, LLC; Zuffa Taps, LLC; and Zuffa Zen, LLC, and also including, all entities that were merged with or acquired, such as, *e.g.*, Explosion Entertainment, LLC (d/b/a Strikeforce), World Extreme Cagefighting, World Fighting Alliance, and Pride Fighting Championships.

NOTE: Any failure by Plaintiffs to put a defined term in **bold** in the following Interrogatories does not mean the definition stated above does not apply. The bolding is simply used as a reminder that terms are defined, and only where the context of the request clearly and unambiguously indicates that the definition does not apply may you disregard the definition herein.

## INSTRUCTIONS

1. Unless otherwise noted, these interrogatories require responses for the time period of July 1, 2015, to the present (the "**Relevant Time Period**").
2. Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these Interrogatories shall be deemed to be continuing in nature so that, if You, Your directors, officers, employees, agents, representatives or any person acting on Your behalf subsequently discover or become aware of any information that is responsive to these Interrogatories, You shall make such information available to Plaintiffs within 7 days of discovering or becoming aware of such information.
3. If You answer any interrogatory by reference to business records pursuant to Rule 33(d) of the Federal Rules of Civil Procedure and as the term "business record" is defined under the Federal Rules of Evidence, produce the business records and identify such documents by bates number, as well as the name of the employee certifying the documents as business records for purposes of answering the interrogatory.
4. Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the Interrogatory is not objectionable.
5. The answers are to be signed by the person making them and the objections signed by the attorney making them.

6. Each Interrogatory, and each subpart thereof, shall be separately set forth verbatim in Your response and accorded a separate answer.
7. No part of an Interrogatory shall be left unanswered merely because an objection was interposed to another part of the Interrogatory.
8. If You object to any Interrogatory or subpart thereof, the objection shall state with specificity all grounds for the objection. Any ground not stated shall be waived.
9. If You are unable to answer any Interrogatory, the reasons for Your inability to answer shall be separately stated in detail for each Interrogatory.
10. Failure to provide information in response to these Interrogatories will be deemed a waiver of Your right to produce such evidence at trial. Plaintiffs reserve the right to move to preclude the introduction of any evidence not produced in response to these Interrogatories.
11. Category headings herein are for convenience and should not be relied upon to modify, limit, alter or otherwise influence in any way how to interpret these Interrogatories.
12. To be clear, all of these Interrogatories seek information from You and, where applicable, all predecessors, successors, subsidiaries, departments, divisions, and/or affiliates, including without limitation any entity acquired by or merged with You.

## RELEVANT TIME PERIOD

Unless otherwise noted herein, the relevant time period of these document requests begins on June 30, 2015, and ends when the alleged illegal activity ceases (the "**Relevant Time Period**"). These document requests seek all responsive Documents created or generated during the Relevant Time Period, as well as responsive Documents created or generated outside the Relevant Time Period, but which contain information concerning the Relevant Time Period.

**INTERROGATORIES**

**INTERROGATORY NO. 13**

Identify all information relating to Dana White's Samsung Galaxy S21 5G device, including:

a. The make, model, serial number, and IMEI number associated with the device;

b. The date the device was first placed into service or first used by Mr. White;

c. The date Mr. White ceased using the device;

d. Whether any data from the device was backed up, synchronized, transferred, copied, preserved, or stored locally or in the cloud and, if so, the name of the local or cloud storage service used.

e. All Communication services installed or used on the device;

f. The retention settings for each Communication service on the device;

g. All efforts made to preserve, collect, image, or extract data from the device and the dates of those efforts;

h. Whether any data from the device is unavailable due to encryption;

i. Whether any data from the device is unavailable due to deletion; and

j. All Persons with knowledge concerning the use, preservation, backup, transfer, storage, or disposal of the device.

Dated: June 24, 2026

/s/ Michael Dell'Angelo
**BERGER MONTAGUE PC**
Eric L. Cramer
Michael Dell'Angelo
Patrick Madden
1818 Market Street, Suite 3600
Philadelphia, Pennsylvania 19103
Telephone: (215) 875-3000/Fax: (215) 875-4604
ecramer@bm.net
mdellangelo@bm.net
pmadden@bm.net

**BERGER MONTAGUE PC**
Joshua P. Davis
Robert C. Maysey
505 Montgomery Street, Suite 625
San Francisco, California 94111
Phone: (415) 906-0684/Fax: (215) 875-4604
jdavis@bm.net
rmaysey@bm.net

**COHEN MILSTEIN SELLERS & TOLL, PLLC**
Benjamin D. Brown
Richard A. Koffman
Danny Gifford
1100 New York Ave., N.W., Suite 500, East Tower
Washington, D.C. 20005
Telephone: (202) 408-4600/Fax: (202) 408 4699
bbrown@cohenmilstein.com
rkoffman@cohenmilstein.com
dgifford@cohenmilstein.com

**JOSEPH SAVERI LAW FIRM, INC.**
Joseph R. Saveri
Christopher K.L. Young
Kevin E. Rayhill
Itak Moradi
601 California Street, Suite 1000
San Francisco, California 94108
Telephone: (415) 500-6800/Fax: (415) 395-9940
jsaveri@saverilawfirm.com
cyoung@saverilawfirm.com
krayhill@saverilawfirm.com
imoradi@saverilawfirm.com

**LOCKRIDGE GRINDAL NAUEN PLLP**
W. Joseph Bruckner (admitted *pro hac vice*)
Brian D. Clark (admitted *pro hac vice*)
100 Washington Ave S, Suite 2200
Minneapolis, Minnesota 55401
Phone: (612) 596-4001/Fax: (612) 339-0981
wjbruckner@locklaw.com
bdclark@locklaw.com

**LOCKRIDGE GRINDAL NAUEN PLLP**
Kyle Pozan (admitted *pro hac vice*)
Consuela Abotsi-Kowu (admitted *pro hac vice*)
1165 N. Clark Street, Suite 700
Chicago, Illinois 60610
Phone: (312) 205-8968
kjpozan@locklaw.com
cmabotsi-kowu@locklaw.com

*Attorneys for Individual and Representative Plaintiffs Kajan Johnson, Clarence Dollaway, Tristan Connelly, Mikhail Cirkunovs, and Phil Davis*

**KEMP, JONES & COULTHARD, LLP**
Michael J. Gayan
3800 Howard Hughes Parkway
Las Vegas, Nevada 89169
Phone: (702) 385-6000/Fax: (702) 385-6001
mjg@kempjones.com

*Liaison Counsel for Individual and Representative Plaintiffs Kajan Johnson, Clarence Dollaway, Tristan Connelly, Mikhail Cirkunovs, and Phil Davis*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was served via email on June 24, 2026 on the following counsel for Defendants Zuffa, LLC, TKO Operating Company, LLC, and Endeavor Group Holdings, Inc.:

| | |
|---|---|
| William A. Isaacson<br>Jessica Phillips<br>PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP<br>2001 K Street, NW<br>Washington, DC 20006 | Christopher S. Yates<br>Aaron T. Chiu<br>LATHAM & WATKINS<br>505 Montgomery Street, Suite 2000<br>San Francisco, CA 94111 |
| Donald J. Campbell<br>J. Colby Williams<br>CAMPBELL & WILLIAMS<br>710 South 7th Street Las Vegas, NV 89101 | David L. Johnson<br>LATHAM & WATKINS<br>555 Eleventh Street, NW, Suite 1000<br>Washington, DC 20004 |

Date: June 24, 2026

*/s/ Michael Dell'Angelo*
Michael Dell'Angelo