# EXHIBIT A

WILLIAM A. ISAACSON (*Pro hac vice*)
wisaacson@dirllp.com
JESSICA PHILLIPS (*Pro hac vice*)
jphillips@dirllp.com
DUNN ISAACSON RHEE LLP
401 Ninth Street NW
Washington, DC 20004
Tel: (202) 240-2900

DONALD J. CAMPBELL (No. 1216)
djc@campbellandwilliams.com
J. COLBY WILLIAMS (No. 5549)
jcw@campbellandwilliams.com
CAMPBELL & WILLIAMS
700 South 7th Street
Las Vegas, NV 89101
Tel: (702) 382-5222

CHRISTOPHER S. YATES (*Pro hac vice*)
chris.yates@lw.com
AARON T. CHIU (*Pro hac vice*)
aaron.chiu@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Tel: (415) 391-0600

[Additional counsel listed on signature page]

*Attorneys for Defendants Zuffa, LLC, TKO Operating Company, LLC, and Endeavor Group Holdings, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

Kajan Johnson, Clarence Dollaway, and Tristan Connelly, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

Zuffa LLC, TKO Operating Company, LLC f/k/a Zuffa Parent LLC (d/b/a Ultimate Fighting Championship and UFC) and Endeavor Group Holdings, Inc.,

Defendants.

Case No.: 2:21-cv-01189-RFB-BNW

**DEFENDANTS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendants Zuffa, LLC, TKO Operating Company, LLC, and Endeavor Group Holdings, Inc. (collectively, "Defendants"), hereby request that Plaintiffs Kajan Johnson, Clarence Dollaway, and Tristan Connelly produce the documents and things specified below for inspection and copying to the offices of Latham & Watkins LLP, located at 505 Montgomery Street, Suite 2000, San Francisco, CA 94111-6538.[1]

## DEFINITIONS

1. The term "ACTION" means *Kajan Johnson, Clarence Dollaway, and Tristan Connelly v. Zuffa LLC, TKO Operating Company, LLC f/k/a Zuffa Parent LLC (d/b/a Ultimate Fighting Championship and UFC) and Endeavor Group Holdings, Inc.*, No. 2:21-cv-01189-RFB-BNW (D. Nevada).

2. The term "AGREEMENT" means any oral or written contract, arrangement or understanding, whether formal or informal, between two or more PERSONS, together with all modifications and amendments thereto.

3. The term "ARRANGEMENT(S)" means any AGREEMENT, understanding, or relationship—written or oral, formal or informal, binding or non-binding—between YOU and any THIRD PARTY CONCERNING the ACTION, including all drafts, amendments, and extensions. Without limitation, ARRANGEMENTS include any FUNDING AGREEMENT and any deal regarding financing or other support, insurance or indemnification, budgeting or control of litigation strategy, settlement authority, information sharing or confidentiality, or the assignment, sale, or other transfer of claims, judgments, or proceeds.

4. The term "BUSINESS" means any activities for income earning or related to YOUR profession.

5. The term "COMMUNICATION" means, without limitation, oral or written communications of any kind, such as (but not limited to) electronic communications, direct communications through social media (INCLUDING direct messaging, instant messaging,

---

[1] As previously noted, the purported *Johnson* class contains members who signed arbitration clauses and/or class action waivers in their fighter agreements. Defendants expressly reserve the right to move to compel arbitration with respect to these purported class members, and these requests for the production documents do not constitute a waiver of this right.

chatting or emailing within a social media platform), facsimiles, telephone communications, correspondence, exchange of written or recorded information, or face-to-face meetings.

6. The term "CONCERNING" means relating to, regarding, with respect to, referring to, in connection with, describing, evidencing, or constituting.

7. The term "COURT" means the United States District Court for the District of Nevada, or any other tribunal related to this ACTION.

8. The term "DELAWARE ACTION" means the action in the Delaware Court of Chancery styled as *In Re WWE Merger Litig.*, C.A. No. 2023-1166-JTL.

9. The term "DOCUMENT(S)" shall be synonymous in meaning and equal in scope to the broadest meaning provided by Rule 34 of the Federal Rules of Civil Procedure, INCLUDING hard copies, electronic documents, electronic or computerized data compilations, software, software images, or downloads. This term shall apply to documents, whether in hard copy or electronic form, on any computers or any other system.

10. The term "FUNDING AGREEMENT" means any agreement, term sheet, proposal, letter of intent, contract, side agreement, addendum, assignment, indemnity, insurance policy, or understanding—whether written, oral, or electronically memorialized—pursuant to which any THIRD-PARTY FUNDER has provided or agreed to provide any funding or financial support in connection with the ACTION.

11. The term "INCLUDING" means "including, but not limited to," and the term "INCLUDE" means "include, but is or are not limited to."

12. The term "PERSON" means, without limitation, any natural person, corporation, partnership, limited liability company, proprietorship, joint venture, trust, association, government entity, group, or other form of legal entity.

13. The term "RELEVANT TIME PERIOD" means July 1, 2017, until the present, unless otherwise noted herein.

14. The term "SOCIAL MEDIA" means any website, application, or platform, through which users create online communities or networks to share information, ideas, messages, images, videos, and other content. This term INCLUDES, but is not limited to: social networking sites

(e.g., Facebook, LinkedIn); status update platforms (e.g., X (formerly Twitter), Truth Social, Threads, Tumblr); photo and video sharing platforms (e.g., Instagram, Snapchat, TikTok, YouTube, Vimeo, Flickr, Pinterest); messaging and communication applications, including ephemeral and encrypted messaging applications (e.g., WhatsApp, Facebook Messenger, Telegram, Signal, Discord, Slack, WeChat); blogs; vlogs; personal webpages; online forums; message boards and discussion groups (e.g., Reddit, Quora); review and rating platforms (e.g., Yelp, TripAdvisor, Google Reviews); live streaming platforms (e.g., Twitch, YouTube Live, Facebook Live); and any successor, predecessor, or similar platforms.

15. The term "COMBAT SPORT(S)" means any competitive contact sport involving, but not limited to, striking and grappling, and includes, for example, MMA, boxing, Muay Thai, kickboxing, Brazilian Ju-Jitsu, Ju-Jitsu, wrestling, Judo, Karate, Taekwondo, Bare Knuckle Fighting (also known as bare-knuckle boxing), and Dirty Boxing.

16. The term "PROMOTER(S)" means any person(s), business, organization, corporation, or other entity involved, entirely or in part, with the development, production, promotion, and/or investment in COMBAT SPORTS, including competitive COMBAT SPORTS events.

17. The terms "THIRD PARTY" or "THIRD PARTIES" mean any non-party PERSON or entity.

18. The terms "THIRD-PARTY LITIGATION FUNDER" and "LITIGATION FUNDER" mean any non-party person or entity that has provided, offered, advised, negotiated, or otherwise been involved in providing funding, financing, insurance, indemnification, cost-sharing, or other monetary or in-kind support for any fees, costs, or expenses related to the Litigation, including but not limited to litigation finance companies, other companies, hedge funds, private equity firms, insurers, brokers, claim management firms, PERSON(s), special purpose vehicles, and any intermediaries.

19. The terms "YOU," "YOUR," "YOURSELF," and "PLAINTIFF(S)" mean Kajan Johnson, Clarence Dollaway, Tristan Connelly, and/or all PERSONS, INCLUDING both legal

and natural persons, acting or purporting to act on Kajan Johnson, Clarence Dollaway's, and/or Tristan Connelly's behalf, INCLUDING managers, agents, representatives, and attorneys.

**INSTRUCTIONS**

20. The following rules of construction shall apply to all requests as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope:

a) the use of a verb in any tense shall be construed to include the use of that verb in all other tenses,

b) the use of a word in its singular form shall be deemed to include within its use the plural form as well and vice versa,

c) the connectives "and" and "or" shall be construed either disjunctively or conjunctively, and

d) the terms "all," "any," and "each" shall be construed as "all, any, every and each."

21. If any DOCUMENTS are withheld based on an objection to any Request, all DOCUMENTS covered by that Request but not subject to the objection should be produced.

22. DOCUMENTS not otherwise responsive to any of the Requests herein should be produced if such DOCUMENTS are attached to a DOCUMENT or thing called for by these Requests.

23. To the extent YOU contend that responsive DOCUMENTS cannot be produced pursuant to the notice and consent requirements contained in a protective order or AGREEMENT, the written response to each Request shall identify the specific provisions of the protective order or AGREEMENT on which PLAINTIFF is relying and the efforts that PLAINTIFF has and will undertake to provide notice and obtain consents.

24. Unless otherwise specified, the DOCUMENTS requested INCLUDE the responsive DOCUMENTS in YOUR actual or constructive possession, control or custody, as well as the responsive DOCUMENTS in the actual or constructive possession, control or custody of YOUR employees, agents, representatives, managers, or any other PERSON acting or purporting

to act on YOUR behalf, and, unless privileged and such privilege has not been waived, YOUR attorneys.

25. All responsive DOCUMENTS in YOUR possession, custody or control that exist in electronic format (whether on internal or external hard drives; on desktop, laptop, notebook, tablet, or personal digital assistant computers; servers; CDs; DVDs; USB drives; or any other electronic medium) shall be produced in compliance with the ESI Stipulation agreed to by the parties in this ACTION.

26. Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, DOCUMENTS shall be produced either (a) as they are kept in the usual course of business (in which case they shall be produced in such fashion as to identify the department, branch, or office in whose possession it was located and, where applicable, the natural person in whose possession it was found or the server or central file in which it was found, and the address of each DOCUMENT's custodian(s)), or (b) organized and labeled to correspond to the specific Request enumerated in these Requests, with such specific Request identified.

27. In producing DOCUMENTS, YOU are requested to produce a legible copy of each DOCUMENT requested together with all non-identical copies and drafts of that DOCUMENT. YOU shall retain all of the original DOCUMENTS for inspection or copying throughout the pendency of this case, any appeal(s), and any related proceedings.

28. Any alteration of a responsive DOCUMENT, INCLUDING any marginal notes, handwritten notes, underlining, date stamps, received stamps, endorsed or filed stamps, drafts, revisions, modifications, and other versions of a DOCUMENT is a responsive DOCUMENT in its own right and must be produced.

29. DOCUMENTS should be produced in full, without abbreviation or expurgation, regardless of whether YOU consider the entire DOCUMENT to be relevant or responsive.

30. In instances where two or more exact duplicates of any DOCUMENT exist, the most legible copy shall be produced.

31. These Requests are to be considered continuing in nature, and YOU must promptly furnish supplemental responses in accordance with the requirements of Federal Rules of Civil

Procedure 26(e) if any additional DOCUMENTS or information is discovered or created after YOUR responses are tendered, or if any of YOUR responses are subsequently determined to be incorrect, incomplete, or misleading in any respect.

32. Other than redactions of privileged information, as addressed in Paragraph 14 below, DOCUMENTS are to be produced in full and may not be redacted in any manner. If any requested DOCUMENT cannot be produced in full, produce it to the extent possible, and provide the following information with regard to each such DOCUMENT and each portion of such DOCUMENT withheld:

a) the type of DOCUMENT;
b) the general subject matter of the DOCUMENT and each portion withheld;
c) the date of the DOCUMENT;
d) the author(s) of the DOCUMENT and their title(s);
e) the recipient(s) of the DOCUMENT and their title(s); and
f) the basis for withholding each portion of the DOCUMENT that is withheld from production.

33. To the extent YOU object to or claim a privilege with respect to any Request in whole or in part, provide the following information for each DOCUMENT and each portion of any DOCUMENT withheld;

a) the type of DOCUMENT;
b) the general subject matter of the DOCUMENT and each portion withheld;
c) the date of the DOCUMENT;
d) the author(s) of the DOCUMENT and their title(s);
e) the recipient(s) of the DOCUMENT and their title(s);
f) and all reasons and the underlying basis for YOUR objection or claim of privilege for withholding such DOCUMENT and each withheld portion of a DOCUMENT in sufficient detail to permit the COURT to determine the validity of YOUR objection or claim of privilege; and

g) provide all DOCUMENTS or portion of a DOCUMENT responsive to the Request to the extent not privileged, and set forth all reasons and the underlying basis for YOUR objection or claim of privilege in sufficient detail to permit the COURT to determine the validity of YOUR objection or claim of privilege as to the remainder of the Request.

34. Unless otherwise specified, the geographic scope of these Requests is the entire world.

35. These document requests seek all responsive DOCUMENTS created or generated during the RELEVANT TIME PERIOD, as well as responsive DOCUMENTS created or generated outside the RELEVANT TIME PERIOD, but which contain information CONCERNING the RELEVANT TIME PERIOD.

36. To the extent any defined terms are not superseded above, all definitions set forth in Defendants' First Set of Requests for Production, served on October 13, 2023, are incorporated herein by reference unless otherwise modified or noted.

## **DOCUMENT REQUESTS**

**REQUEST FOR PRODUCTION NO. 30**

DOCUMENTS sufficient to identify each electronic device that YOU used to transmit or receive COMMUNICATIONS CONCERNING YOUR BUSINESS during the RELEVANT TIME PERIOD, INCLUDING but not limited to: cellular telephones, laptop or notebook computers, desktop computers, and portable tablets, INCLUDING but not limited to ANY electronic device that YOU purchased, that was purchased for YOU, or that was issued to YOU.

**REQUEST FOR PRODUCTION NO. 31**

DOCUMENTS sufficient to identify the telephone number and provider or carrier of each cellular telephone identified in response to Request No. 30.

**REQUEST FOR PRODUCTION NO. 32**

DOCUMENTS sufficient to identify when YOU first started using and, if applicable, when YOU stopped using, each mobile telephone number identified in response to Request No. 30.

**REQUEST FOR PRODUCTION NO. 33**

DOCUMENTS sufficient to identify each messaging account or SOCIAL MEDIA account that YOU used to conduct COMMUNICATIONS CONCERNING YOUR BUSINESS during the RELEVANT TIME PERIOD, INCLUDING but not limited to: Discord, Facebook, Google Chat, iMessage, Instagram, Kik, Microsoft Teams, Signal, Skype, Slack, Snapchat, Telegram, TikTok, Truth Social, WhatsApp, WeChat, Zoom, etc.

**REQUEST FOR PRODUCTION NO. 34**

DOCUMENTS sufficient to identify all SOCIAL MEDIA username(s) and handle(s) for each account identified in response to Request No. 33.

**REQUEST FOR PRODUCTION NO. 35**

DOCUMENTS sufficient to identify each email account that YOU used to conduct COMMUNICATIONS CONCERNING YOUR BUSINESS during the RELEVANT TIME PERIOD.

**REQUEST FOR PRODUCTION NO. 36**

All SOCIAL MEDIA posts and messages, including drafts and unpublished versions, CONCERNING or RELATED TO the UFC or any other PROMOTER of COMBAT SPORTS.

**REQUEST FOR PRODUCTION NO. 37**

ALL SOCIAL MEDIA posts and messages CONCERNING or RELATED TO any allegation that YOU made in the ACTION.

**REQUEST FOR PRODUCTION NO. 38**

ALL COMMUNICATIONS CONCERNING or RELATED TO any offers made to YOU by other PROMOTERS of COMBAT SPORTS.

**REQUEST FOR PRODUCTION NO. 39**

ALL COMMUNICATIONS with any agent or manager CONCERNING or RELATED TO any potential contracts with the UFC or any other PROMOTER of COMBAT SPORTS.

**REQUEST FOR PRODUCTION NO. 40**

ALL contracts or agreements with any third-party CONCERNING or RELATED TO the use of YOUR name, image or likeness or providing for a payment(s) to YOU to endorse or use any product(s) of any third party.

**REQUEST FOR PRODUCTION NO. 41**

ALL COMMUNICATIONS with any agent or manager CONCERNING or RELATED TO any potential or actual contract with any third-party CONCERNING or RELATED TO the use of YOUR name, image or likeness or providing for a payment(s) to YOU to endorse or use any product(s) of any third-party.

**REQUEST FOR PRODUCTION NO. 42**

All COMMUNICATIONS with counsel in the DELAWARE ACTION CONCERNING requests for information, and any subpoenas issued to obtain information, CONCERNING the DELAWARE ACTION.

**REQUEST FOR PRODUCTION NO. 43**

All subpoenas or other legal process issued to obtain information CONCERNING the DELAWARE ACTION.

**REQUEST FOR PRODUCTION NO. 44**

ALL DOCUMENTS obtained from counsel in the DELAWARE ACTION CONCERNING the DELAWARE ACTION.

**REQUEST FOR PRODUCTION NO. 45**

DOCUMENTS sufficient to identify the date on and manner in which YOU received any information CONCERNING the DELAWARE ACTION, persons who viewed such information, when and how YOU received such information, any steps YOU took to preserve the information, and what steps, if any, YOU have taken to destroy or return such information.

**REQUEST FOR PRODUCTION NO. 46**

All DOCUMENTS and COMMUNICATIONS regarding YOUR use of information CONCERNING the DELAWARE ACTION.

**REQUEST FOR PRODUCTION NO. 47**

DOCUMENTS sufficient to show all other litigation in which YOU have served subpoenas or informally contacted other counsel CONCERNING the DELAWARE ACTION and what, if any, documents or information YOU may have obtained from those sources.

**REQUEST FOR PRODUCTION NO. 48**

A copy of any engagement letter or other writing memorializing YOUR ARRANGEMENTS with any THIRD-PARTY sources of financial support for purposes of investigating, analyzing, addressing, or pursuing litigation based on the claims YOU allege against Defendants.

**REQUEST FOR PRODUCTION NO. 49**

DOCUMENTS sufficient to show the parameters of any funding ARRANGEMENT YOU have entered into with THIRD PARTIES, including DOCUMENTS sufficient to identify the PERSONS and/or entities funding this ACTION, the nature of the funding ARRANGEMENT, and when the funding ARRANGEMENT commenced.

**REQUEST FOR PRODUCTION NO. 50**

All DOCUMENTS and COMMUNICATIONS exchanged between YOU and YOUR LITIGATION FUNDER to the ACTION or any potential LITIGATION FUNDER, including but not limited to any funding or potential funding of the ACTION, any analyses of YOUR claims, defenses, or strategies in this ACTION, and the expected timing or outcome of the ACTION.

**REQUEST FOR PRODUCTION NO. 51**

All DOCUMENTS provided to any THIRD-PARTY LITIGATION FUNDER in connection with actual or potential funding of the ACTION, including but not limited to pitch decks, presentations, memoranda, case assessments, budgets, workplans, expert analyses, and damages models.

**REQUEST FOR PRODUCTION NO. 52**

All DOCUMENTS relating to due diligence conducted by any THIRD-PARTY LITIGATION FUNDER relating to the ACTION, including but not limited to LITIGATION FUNDER-generated analyses, reports, risk assessments, memoranda, or summaries relating to

case merits, damages, liability, or defenses.

**REQUEST FOR PRODUCTION NO. 53**

All DOCUMENTS relating to any control, approval, consent, or veto rights held or asserted by any THIRD-PARTY LITIGATION FUNDER over YOUR litigation strategy, retention of experts, settlement strategy, settlement authority or thresholds, appeal decisions, or budget allocations.

**REQUEST FOR PRODUCTION NO. 54**

All DOCUMENTS and COMMUNICATIONS relating to any actual or potential conflict of interest arising from any funding ARRANGEMENT, including any disclosures to the COURT and any consents or waivers obtained relating to those conflicts.

**REQUEST FOR PRODUCTION NO. 55**

All DOCUMENTS and COMMUNICATIONS governing YOUR interaction with YOUR THIRD-PARTY LITIGATION FUNDER(S), including but not limited to any internal or external ethical guidelines or confidentiality agreements invoked in connection with the ACTION.

**REQUEST FOR PRODUCTION NO. 56**

All DOCUMENTS governing YOUR fee agreement(s) and arrangements with counsel in connection with the ACTION.

Dated: March 2, 2026

Respectfully Submitted,

WILLIAM A. ISAACSON (*Pro hac vice*)
wisaacson@dirllp.com
JESSICA PHILLIPS (*Pro hac vice*)
jphillips@dirllp.com
AGBEKO PETTY (*Pro hac vice*)
apetty@dirllp.com
YOTAM BARKAI (*Pro hac vice*)
ybarkai@dirllp.com
BENJAMIN J. CABRANES (*Pro hac vice*)
bcabranes@dirllp.com
DUNN ISAACSON RHEE LLP
401 Ninth Street NW
Washington, DC 20004
Tel: (202) 240-2900

DONALD J. CAMPBELL (No. 1216)
djc@campbellandwilliams.com
J. COLBY WILLIAMS (No. 5549)
jcw@campbellandwilliams.com
CAMPBELL & WILLIAMS
700 South 7th Street
Las Vegas, Nevada 89101
Tel: (702) 382-5222

*<u>/s/ Christopher S. Yates</u>*
CHRISTOPHER S. YATES (*Pro hac vice*)
chris.yates@lw.com
AARON T. CHIU (*Pro hac vice*)
aaron.chiu@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Tel: (415) 395-8095

SEAN M. BERKOWITZ (*Pro hac vice*)
sean.berkowitz@lw.com
LATHAM & WATKINS LLP
330 North Wabash Ave, Suite 2800
Chicago, IL 60611

LAURA WASHINGTON (*Pro hac vice*)
laura.washington@lw.com
JOSEPH AXELRAD (*Pro hac vice*)
Joseph.axelrad@lw.com
LATHAM & WATKINS LLP
10250 Constellation Blvd, Suite 1100
Los Angeles, CA 90067

*Attorneys for Defendants Zuffa, LLC, TKO Operating Company, LLC, and Endeavor Group Holdings, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served upon counsel for Plaintiffs via email on March 2, 2026:

Date: March 2, 2026

/s/ *Quinlan Cummings*