# EXHIBIT B

Eric L. Cramer (*Pro hac vice*)
Michael Dell'Angelo (*Pro hac vice*)
Patrick F. Madden (*Pro hac vice*)
**BERGER MONTAGUE PC**
1818 Market St., Suite 3600
Philadelphia, PA 19103
Telephone: +1 (215) 875-3000
Email: ecramer@bergermontague.com
Email: mdellangelo@bergermontague.com
Email: pmadden@bergermontague.com

*Attorneys for Plaintiffs and the Proposed Classes*

[Additional Counsel Listed on Signature Page]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| KAJAN JOHNSON, CLARENCE DOLLAWAY, and TRISTAN CONNELLY, *on behalf of themselves and all others similarly situated*,<br><br>*Plaintiffs*,<br><br>v.<br><br>ZUFFA, LLC, TKO OPERATING COMPANY, LLC f/k/a ZUFFA PARENT LLC (d/b/a ULTIMATE FIGHTING CHAMPIONSHIP and UFC), and ENDEAVOR GROUP HOLDINGS, INC.,<br><br>*Defendants*. | No.: 2:21-cv-01189-RFB<br><br>**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANTS ZUFFA, LLC, TKO OPERATING COMPANY, LLC, AND ENDEAVOR GROUP HOLDINGS, INC.'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS** |

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANTS ZUFFA, LLC, TKO OPERATING COMPANY, LLC, AND ENDEAVOR GROUP HOLDINGS, INC.'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS**

**GENERAL OBJECTIONS**

Plaintiffs object generally to the Instructions, Definitions, and Requests, and to each individual Request on the following grounds. Each response set forth below incorporates, is subject to, and does not waive any of these General Objections.

1. Plaintiffs object to Defendants' Requests to the extent that the Requests seek documents or information that are not relevant to any claim or defense of any party, not proportional to the needs of this litigation, and not reasonably calculated to lead to the discovery of admissible evidence. In considering the proportionality of these Requests, the burden of the discovery on Plaintiffs significantly outweighs any potential benefit to Defendants.

2. Plaintiffs object to the Requests to the extent they individually or cumulatively purport to impose on Plaintiffs duties or obligations beyond those required by the Federal Rules of Civil Procedure, the Local Rules of Practice in Civil Proceedings before the United States District Court for the District of Nevada, the Standing Orders of Judge Boulware or Magistrate Judge Leen, or other applicable domestic or foreign laws or rules, including but not limited to privacy laws, or what the Parties have agreed to (or will agree to) with respect to the ESI Protocol, the operative Protective Order, any privilege issues, and/or expert discovery.

3. Plaintiffs object to the Requests to the extent that they may seek identification or production of documents not in Plaintiffs' possession, custody, or control.

4. Plaintiffs object to the Requests to the extent that they are duplicative, in whole or in part, of the first set of Requests for Production of Documents to Plaintiffs that Defendants previously served on Plaintiffs, and in response to which Plaintiffs have already produced substantial responsive documents and information in compliance with the Court-ordered substantial-completion deadline. Plaintiffs will not reproduce any documents that have already been produced.

5. Plaintiffs object to the Requests to the extent that the Requests seek to compel the creation of documents by Plaintiffs.

6. Plaintiffs object to the Requests to the extent that they are overbroad, unduly burdensome, vague, ambiguous, or do not specify the documents sought with sufficient particularity. Plaintiffs have already collected and produced a substantial amount of documents and electronically stored information ("ESI"), and further searching this information for broad, open-ended requests is unduly burdensome. Plaintiffs will meet and confer with Defendants concerning narrowing several of the Requests.

7. Plaintiffs object to the Requests to the extent that they seek the disclosure of information or documents protected by Federal Rule of Evidence 408, the attorney-client privilege, the work product doctrine, or that are otherwise privileged, immune from discovery, or protected from disclosure under any other applicable federal, state, or other privilege, exemption, or shield.

8. Plaintiffs object to the Requests to the extent that they require Plaintiffs to draw legal conclusions or are predicated on legal conclusions or arguments. Subject to and without waiving any of these General Objections, Plaintiffs' Responses are not intended, and may not be construed, as an admission or legal conclusion.

9. In providing these Responses and Objections and in producing any documents, Plaintiffs do not waive any ground on which they may object to the use of any response, objection, or document in subsequent proceedings, including at trial.

10. Plaintiffs reserve the right to supplement these Responses as necessary should additional responsive documents or information become known to Plaintiffs in the future.

11. Plaintiffs object to the definitions used by Defendants to the extent they seek to change the ordinary meaning of the terms identified, or to the extent they seek to impose obligations on Plaintiffs inconsistent with the Federal Rules. Specifically:

a) Plaintiffs object to the terms "YOU," "YOUR," "YOURSELF," and "PLAINTIFF(S)" to the extent that they include "all persons, including both legal and natural persons, acting or purporting to act on" behalf of each Plaintiff, including "managers, agents, representatives, and attorneys" and other entities or individuals of whose documents Plaintiffs do not have possession, custody or control. Plaintiffs further object to these terms insofar as they include Plaintiffs' "attorneys"

and call for the production of privileged documents and/or work product, which are protected from disclosure and will not be produced. Plaintiffs will not produce documents that are subject to a privilege or protection.

b) Plaintiffs object to the term "BUSINESS" insofar as it includes "*any activities* … related to YOUR profession," as this definition is overbroad, vague, ambiguous, and unduly burdensome. Defendants do not specify what "activities" are contemplated by this term, which improperly puts the burden on Plaintiffs to define the term.

c) Plaintiffs object to the term "COMBAT SPORTS" as it is vague and overbroad. If read broadly, it is not proportional to the needs of this case nor reasonably calculated to lead to the discovery of admissible evidence.

d) Plaintiffs object to the term "other PROMOTER(S)." As defined, the term is unduly broad because it includes the defined term "Combat Sport(s)" and, when read broadly, includes amateur sports. Plaintiffs also object to the definition of "other Promoters" to the extent that this term purports to include "Promoters" which were subsequently acquired, or whose assets were acquired, by Defendants and to the extent that Plaintiffs are not aware of the identity of each and every Promoter whose assets were acquired by Defendants.

12. Plaintiffs object to the Instructions used by Defendants to the extent that they seek to impose obligations on Plaintiffs inconsistent with the Federal Rules. Specifically:

a) Plaintiffs object to the extent Defendants, in seeking "responsive DOCUMENTS in the actual or *constructive* possession, control or custody of YOUR employees, agents, representatives, managers, agents or any other person acting or purporting to act on your behalf," attempts to require Plaintiffs to produce documents not in their possession, custody, or control.

b) Plaintiffs object to the extent the instructions require Plaintiffs to produce documents in a format or fashion that is inconsistent with the ESI Stipulation entered into between Plaintiffs and Defendants.

c) Plaintiffs object to the Instructions to the extent that they seek documents protected by the attorney-client privilege or the work product doctrine. Plaintiffs will produce no attorney-client

communications, or documents that constitute attorney work product, and where applicable will redact such material where only a part of the document is so protected.

d) Plaintiffs object to the Instructions for redaction and identification of withheld and privileged materials to the extent they are inconsistent with the Federal Rules of Civil Procedure.

e) Plaintiffs object to the Instructions as unduly burdensome and overbroad to the extent that they seek information from a broader geographic scope than alleged in Plaintiffs' respective Antitrust Class Action Complaints, and therefore seek information not relevant to any claim or defense of any party.

**PLAINTIFFS' RESPONSES TO DEFENDANTS' REQUESTS**

**REQUEST FOR PRODUCTION NO. 30**

DOCUMENTS sufficient to identify each electronic device that YOU used to transmit or receive COMMUNICATIONS CONCERNING YOUR BUSINESS during the RELEVANT TIME PERIOD, INCLUDING but not limited to: cellular telephones, laptop or notebook computers, desktop computers, and portable tablets, INCLUDING but not limited to ANY electronic device that YOU purchased, that was purchased for YOU, or that was issued to YOU.

**PLAINTIFFS' RESPONSE**:

Plaintiffs object to the terms "YOU" and "YOUR" to the extent that they include "all persons, including both legal and natural persons, acting or purporting to act on" behalf of each Plaintiff, including "managers, agents, representatives, and attorneys" of whose documents Plaintiffs do not have possession, custody or control. Plaintiffs further object to this Request insofar as the terms include Plaintiffs' "attorneys" and calls for production of privileged documents and/or work product, which are protected from disclosure and will not be produced. Plaintiffs will not produce documents that are subject to a privilege or protection.

Plaintiffs object to the term "BUSINESS" to the extent that it includes "*any activities* … related to YOUR profession," as this definition is overbroad, vague, ambiguous, and unduly burdensome. Defendants do not specify what "activities" are contemplated by this term, which improperly puts the burden on Plaintiffs to define the term.

Plaintiffs object to this Request to the extent that it is duplicative of Defendants' First Set of Requests for Production of Documents to Plaintiffs, in response to which Plaintiffs have already produced substantial responsive documents and information in compliance with the Court-ordered substantial-completion deadline. Plaintiffs will not reproduce any documents that have already been produced. As this Request is duplicative of Defendants' prior Requests, Plaintiffs further object on the grounds that this Request was propounded for an improper and abusive purpose.

Plaintiffs object to this Request to the extent that it seeks documents or information that are not relevant to any claim or defense of any party, not proportional to the needs of this litigation, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of the foregoing objections, Plaintiffs will perform a search for and produce documents and information, if any, sufficient to identify the electronic devices within their possession, custody, or control during the Relevant Time Period that they individually used to transmit or receive information regarding their professional mixed martial arts ("MMA") careers, to the extent such documents and information have not already been produced.

**REQUEST FOR PRODUCTION NO. 31**

DOCUMENTS sufficient to identify the telephone number and provider or carrier of each cellular telephone identified in response to Request No. 30.

**PLAINTIFFS' RESPONSE**:

Plaintiffs incorporate their objections to Request No. 30 herein. Plaintiffs object to this Request to the extent that it seeks documents or information that are not relevant to any claim or defense of any party, not proportional to the needs of this litigation, and not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs object to this Request to the extent that it is duplicative of Defendants' First Set of Requests for Production of Documents to Plaintiffs, in response to which Plaintiffs have already produced substantial responsive documents and information in compliance with the Court-ordered substantial-completion deadline. Plaintiffs will not reproduce any documents that have already been

produced. As this Request is duplicative of Defendants' prior Requests, Plaintiffs further object on the grounds that this Request was propounded for an improper and abusive purpose

Subject to and without waiver of the foregoing objections, Plaintiffs will perform a search for and produce documents and information, if any, sufficient to identify, the telephone number(s) and provider(s) or carrier(s) for the cellular telephones identified in response to Request No. 30, to the extent such documents and information have not already been produced.

**REQUEST FOR PRODUCTION NO. 32**

DOCUMENTS sufficient to identify when YOU first started using and, if applicable, when YOU stopped using, each mobile telephone number identified in response to Request No. 30.

**PLAINTIFFS' RESPONSE**:

Plaintiffs object to the term "YOU" to the extent that it includes "all persons, including both legal and natural persons, acting or purporting to act on" behalf of each Plaintiff, including "managers, agents, representatives, and attorneys" of whose documents Plaintiffs do not have possession, custody or control. Plaintiffs further object to this Request insofar as the term "YOU" purports to include Plaintiffs' "attorneys" and calls for production of privileged documents and/or work product, which are protected from disclosure and will not be produced. Plaintiffs will not produce documents that are subject to a privilege or protection.

Plaintiffs object to this Request to the extent that it is duplicative of Defendants' First Set of Requests for Production of Documents to Plaintiffs, in response to which Plaintiffs have already produced substantial responsive documents and information in compliance with the Court-ordered substantial-completion deadline. Plaintiffs will not reproduce any documents that have already been produced. As this Request is duplicative of Defendants' prior Requests, Plaintiffs further object on the grounds that this Request was propounded for an improper and abusive purpose.

Plaintiffs object to this Request to the extent that it seeks documents or information that are not relevant to any claim or defense of any party, not proportional to the needs of this litigation, and not reasonably calculated to lead to the discovery of admissible evidence. In considering the

proportionality of this Request, the burden of the discovery on Plaintiffs outweighs any potential benefit to Defendants.

Subject to and without waiver of the foregoing objections, Plaintiffs will perform a search for and produce documents and information, if any, responsive to this Request, to the extent such documents and information have not already been produced.

**REQUEST FOR PRODUCTION NO. 33**

DOCUMENTS sufficient to identify each messaging account or SOCIAL MEDIA account that YOU used to conduct COMMUNICATIONS CONCERNING YOUR BUSINESS during the RELEVANT TIME PERIOD, INCLUDING but not limited to: Discord, Facebook, Google Chat, iMessage, Instagram, Kik, Microsoft Teams, Signal, Skype, Slack, Snapchat, Telegram, TikTok, Truth Social, WhatsApp, WeChat, Zoom, etc.

**PLAINTIFFS' RESPONSE**:

Plaintiffs object to the terms "YOU" and "YOUR" to the extent that they include "all persons, including both legal and natural persons, acting or purporting to act on" behalf of each Plaintiff, including "managers, agents, representatives, and attorneys" of whose documents Plaintiffs do not have possession, custody or control. Plaintiffs further object to this Request insofar as the terms "YOU" and "YOUR" include Plaintiffs' "attorneys" and calls for production of privileged documents and/or work product, which are protected from disclosure and will not be produced. Plaintiffs will not produce documents that are subject to a privilege or protection.

Plaintiffs object to the term "BUSINESS" to the extent that it includes "*any activities* … related to YOUR profession," as this definition is overbroad, vague, ambiguous, and unduly burdensome. Defendants do not specify what "activities" are contemplated by this term, which improperly puts the burden on Plaintiffs to define the term.

Plaintiffs object to this Request to the extent that it is duplicative of Defendants' First Set of Requests for Production of Documents to Plaintiffs, and in response to which Plaintiffs have already produced substantial responsive documents and information in compliance with the Court-ordered substantial-completion deadline. Plaintiffs will not reproduce any documents that have already been

produced. As this Request is duplicative of Defendants' prior Requests, Plaintiffs further object on the grounds that this Request was propounded for an improper and abusive purpose.

Plaintiffs object to this Request to the extent that it seeks documents or information that are not relevant to any claim or defense of any party, not proportional to the needs of this litigation, and not reasonably calculated to lead to the discovery of admissible evidence. In considering the proportionality of this Request, the burden of the discovery on Plaintiffs outweighs any potential benefit to Defendants.

Subject to and without waiver of the foregoing objections, Plaintiffs will perform a search for and produce documents and information, if any, sufficient to identify messaging or social media accounts that Plaintiffs used in connection with their professional MMA careers, to the extent such documents and information have not already been produced.

**REQUEST FOR PRODUCTION NO. 34**

DOCUMENTS sufficient to identify all SOCIAL MEDIA username(s) and handle(s) for each account identified in response to Request No. 33.

**PLAINTIFFS' RESPONSE**:

Plaintiffs incorporate their objections to Request No. 33 herein. Plaintiffs object to this Request to the extent that it seeks documents or information that are not relevant to any claim or defense of any party, not proportional to the needs of this litigation, and not reasonably calculated to lead to the discovery of admissible evidence. In considering the proportionality of this Request, the burden of the discovery on Plaintiffs outweighs any potential benefit to Defendants.

Subject to and without waiver of the foregoing objections, Plaintiffs will perform a search for and produce documents and information, if any, sufficient to identify Plaintiffs' social media username(s) and handle(s) identified in response to Request No. 33, to the extent such documents and information have not already been produced.

**REQUEST FOR PRODUCTION NO. 35**

DOCUMENTS sufficient to identify each email account that YOU used to conduct COMMUNICATIONS CONCERNING YOUR BUSINESS during the RELEVANT TIME PERIOD.

**PLAINTIFFS' RESPONSE**:

Plaintiffs object to the terms "YOU" and "YOUR" to the extent that they include "all persons, including both legal and natural persons, acting or purporting to act on" behalf of each Plaintiff, including "managers, agents, representatives, and attorneys" of whose documents Plaintiffs do not have possession, custody or control. Plaintiffs further object to this Request insofar as the terms "YOU" and "YOUR" include Plaintiffs' "attorneys" and calls for production of privileged documents and/or work product, which are protected from disclosure and will not be produced. Plaintiffs will not produce documents that are subject to a privilege or protection.

Plaintiffs object to the term "BUSINESS" to the extent that it includes "*any activities* … related to YOUR profession," as this definition is overbroad, vague, ambiguous, and unduly burdensome. Defendants do not specify what "activities" are contemplated by this term, which improperly puts the burden on Plaintiffs to define the term.

Plaintiffs object to this Request to the extent that it seeks documents or information that are not relevant to any claim or defense of any party, not proportional to the needs of this litigation, and not reasonably calculated to lead to the discovery of admissible evidence. In considering the proportionality of this Request, the burden of the discovery on Plaintiffs outweighs any potential benefit to Defendants.

Plaintiffs object to this Request to the extent that it is duplicative of Defendants' first set of Requests for Production of Documents to Plaintiffs, in response to which Plaintiffs have already produced substantial responsive documents and information in compliance with the Court-ordered substantial-completion deadline. Plaintiffs will not reproduce any documents that have already been produced. As this Request is duplicative of Defendants' prior Requests, Plaintiffs further object on the grounds that this Request was propounded for an improper and abusive purpose.

Subject to and without waiver of the foregoing objections, Plaintiffs will perform a search for and produce documents and information, if any, sufficient to identify the email account(s) within their possession, custody, or control during the Relevant Time Period that they used to transmit or receive

emails regarding their professional MMA careers, to the extent such documents and information have not already been produced.

**REQUEST FOR PRODUCTION NO. 36**

All SOCIAL MEDIA posts and messages, including drafts and unpublished versions, CONCERNING or RELATED TO the UFC or any other PROMOTER of COMBAT SPORTS.

**PLAINTIFFS' RESPONSE**:

Plaintiffs object to this Request as overbroad and unduly burdensome because it is not limited to the Plaintiffs, includes drafts and seeks post and messages, including drafts and unpublished versions thereof, without regard to their relevancy.

Plaintiffs object to this Request to the extent that it seeks documents or information that are not relevant to any claim or defense of any party, not proportional to the needs of this litigation, and not reasonably calculated to lead to the discovery of admissible evidence. Many social media posts – including "drafts" and "unpublished" posts – "concerning" or "related to" the "UFC" will likely have no bearing whatsoever on Plaintiffs' claims or Defendants' defenses. In considering the proportionality of this Request, the burden of the discovery on Plaintiffs plainly outweighs any potential benefit to Defendants.

Plaintiffs object to this Request because the term "COMBAT SPORTS" is vague and overbroad. When read broadly, it is not proportional to the needs of this case, nor is it reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs object to this Request because the term "other PROMOTER" is unduly broad because it includes the defined term "Combat Sport(s)" and, when read broadly, includes amateur sports. Plaintiffs also object to the definition of "other Promoters" to the extent that this term purports to include "Promoters" which were subsequently acquired, or whose assets were acquired, by Defendants to the extent that Plaintiffs are not aware of the identity of every Promoter whose assets were acquired by Defendants.

Plaintiffs object to this Request as duplicative of Defendants' first set of Requests for Production of Documents to Plaintiffs in which Defendants sought, *inter alia*, "All DOCUMENTS CONCERNING

any COMMUNICATIONS with or about the DEFENDANTS," *see* Defs.' 10/13/2023 RFP No. 19, and in response to which Plaintiffs have already produced substantial responsive documents and information in compliance with the Court-ordered substantial-completion deadline. As this Request is duplicative of Defendants' prior Requests, Plaintiffs further object on the grounds that this Request was propounded for an improper and abusive purpose.

Plaintiffs object to this Request as overbroad, unduly burdensome, and vague because Defendants' request for "All SOCIAL MEDIA posts and messages, including drafts and unpublished versions, CONCERNING or RELATED TO the UFC" is overbroad on its face, and responding to it would be unduly burdensome, particularly in light of the substantial amount of documents and electronically stored information Plaintiffs have already produced to Defendants.

Plaintiffs will meet and confer with Defendants to discuss narrowing this Request.

**REQUEST FOR PRODUCTION NO. 37**

ALL SOCIAL MEDIA posts and messages CONCERNING or RELATED TO any allegation that YOU made in the ACTION.

**PLAINTIFFS' RESPONSE**:

Plaintiffs object to the term "YOU" to the extent that it includes "all persons, including both legal and natural persons, acting or purporting to act on" behalf of each Plaintiff, including "managers, agents, representatives, and attorneys" of whose documents Plaintiffs do not have possession, custody or control. Plaintiffs further object to this Request insofar as the term "YOU" purports to include Plaintiffs' "attorneys" and calls for production of privileged documents and/or work product, which are protected from disclosure and will not be produced. Plaintiffs will not produce documents that are subject to a privilege or protection.

Plaintiffs object to this Request to the extent that it seeks documents or information that are not relevant to any claim or defense of any party, not proportional to the needs of this litigation, and not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs object to this Request as duplicative of Defendants' first set of Requests for Production of Documents to Plaintiffs in which Defendants sought, *inter alia*, "All DOCUMENTS that YOU relied

upon in drafting YOUR complaint or that support the allegations in YOUR complaint, INCLUDING all DOCUMENTS quoted, summarized, described, paraphrased, or referred to in YOUR complaint," *see* Defs.' 10/13/2023 RFP No. 1, and in response to which Plaintiffs have already produced substantial responsive documents and information in compliance with the Court-ordered substantial-completion deadline. As this Request is duplicative of Defendants' prior Requests, Plaintiffs further object on the grounds that this Request was propounded for an improper and abusive purpose.

Subject to and without waiver of the foregoing objections, Plaintiffs will perform a search for and produce documents and information, if any, responsive to this Request, to the extent such documents and information have not already been produced.

**REQUEST FOR PRODUCTION NO. 38**

ALL COMMUNICATIONS CONCERNING or RELATED TO any offers made to YOU by other PROMOTERS of COMBAT SPORTS.

**PLAINTIFFS' RESPONSE**:

Plaintiffs object to the term "YOU" to the extent that it includes "all persons, including both legal and natural persons, acting or purporting to act on" behalf of each Plaintiff, including "managers, agents, representatives, and attorneys" of whose documents Plaintiffs do not have possession, custody or control. Plaintiffs further object to this Request insofar as the term "YOU" purports to include Plaintiffs' "attorneys" and calls for production of privileged documents and/or work product, which are protected from disclosure and will not be produced. Plaintiffs will not produce documents that are subject to a privilege or protection.

Plaintiffs object to this Request because the term "COMBAT SPORTS" is vague and overbroad. When read broadly, it is not proportional to the needs of this case nor is it reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs object to this Request because the term "other PROMOTER" is unduly broad because it includes the defined term "Combat Sport(s)" and, when read broadly, includes amateur sports. Plaintiffs also object to the definition of "other Promoters" to the extent that this term purports to include "Promoters" which were subsequently acquired, or whose assets were acquired, by Defendants

to the extent that Plaintiffs are not aware of the identity of every Promoter whose assets were acquired by Defendants.

Plaintiffs object to this Request because the phrase "offers made" is overbroad, vague, ambiguous, and unduly burdensome. Defendants do not specify what "offers made" means, which improperly puts the burden on Plaintiffs to define the phrase.

Plaintiffs object to this Request as duplicative of Defendants' first set of Requests for Production of Documents to Plaintiffs in which Defendants sought, *inter alia*: "All DOCUMENTS and COMMUNICATIONS between YOU and any PERSON related to any actual or potential provision of YOUR services in connection with any COMBAT SPORT," *see* Defs.' 10/13/2023 RFP No. 4; and "All AGREEMENTS between YOU and any PERSON related to the provision of YOUR services or rights in connection with any COMBAT SPORT, INCLUDING participation in any BOUT or competition, serving as a commentator, or making a personal appearance," *see* Defs.' 10/13/2023 RFP No. 3, and in response to which Plaintiffs have already produced substantial responsive documents and information in compliance with the Court-ordered substantial-completion deadline. As this Request is duplicative of Defendants' prior Requests, Plaintiffs further object on the grounds that this Request was propounded for an improper and abusive purpose.

Plaintiffs will meet and confer with Defendants to discuss narrowing this Request, and Plaintiffs will perform a search for and produce documents and information, if any, regarding non-UFC offers to fight in professional MMA events during the Relevant Time Period, to the extent such documents and information have not already been produced.

**REQUEST FOR PRODUCTION NO. 39**

ALL COMMUNICATIONS with any agent or manager CONCERNING or RELATED TO any potential contracts with the UFC or any other PROMOTER of COMBAT SPORTS.

**PLAINTIFFS' RESPONSE**:

Plaintiffs object to this Request as overbroad and unduly burdensome because it is not limited to the Plaintiffs and to the extent that it includes documents equally in the possession of Defendants.

Plaintiffs object to this Request to the extent that it calls for production of privileged documents and/or work product, which are protected from disclosure and will not be produced. Plaintiffs will not produce documents that are subject to a privilege or protection.

Plaintiffs object to this Request because the term "COMBAT SPORTS" is vague and overbroad. When read broadly, it is not proportional to the needs of this case nor is it reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs object to this Request because the term "other PROMOTER" is unduly broad because it includes the defined term "Combat Sport(s)" and, when read broadly, includes amateur sports. Plaintiffs also object to the definition of "other Promoters" to the extent that this term purports to include "Promoters" which were subsequently acquired, or whose assets were acquired, by Defendants to the extent that Plaintiffs are not aware of the identity of every Promoter whose assets were acquired by Defendants.

Plaintiffs object to this Request because the phrase "any potential contracts" is overbroad, vague, ambiguous, and unduly burdensome. Defendants do not specify what "any potential contracts" means, which improperly puts the burden on Plaintiffs to define the phrase.

Plaintiffs object to this Request as duplicative of Defendants' first set of Requests for Production of Documents to Plaintiffs in which Defendants sought, *inter alia*: "All DOCUMENTS and COMMUNICATIONS between YOU and any PERSON related to any actual or potential provision of YOUR services in connection with any COMBAT SPORT," s*ee* Defs.' 10/13/2023 RFP No. 4; "All AGREEMENTS between YOU and any PERSON related to the provision of YOUR services or rights in connection with any COMBAT SPORT, INCLUDING participation in any BOUT or competition, serving as a commentator, or making a personal appearance," s*ee* Defs.' 10/13/2023 RFP No. 3, and in response to which Plaintiffs have already produced substantial responsive documents and information in compliance with the Court-ordered substantial-completion deadline. As this Request is duplicative of Defendants' prior Requests, Plaintiffs further object on the grounds that this Request was propounded for an improper and abusive purpose.

Plaintiffs will meet and confer with Defendants to discuss narrowing this Request, and Plaintiffs will perform a search for and produce documents and information, if any, regarding potential agreements to fight in professional MMA events during the Relevant Time Period, to the extent such documents and information have not already been produced.

**REQUEST FOR PRODUCTION NO. 40**

ALL contracts or agreements with any third-party CONCERNING or RELATED TO the use of YOUR name, image or likeness or providing for a payment(s) to YOU to endorse or use any product(s) of any third party.

**PLAINTIFFS' RESPONSE**:

Plaintiffs object to this Request as overbroad and unduly burdensome because it is not limited in scope or subject matter and to the extent that it includes documents equally in the possession of Defendants.

Plaintiffs object to the terms "YOU" and "YOUR" to the extent that they include "all persons, including both legal and natural persons, acting or purporting to act on" behalf of each Plaintiff, including "managers, agents, representatives, and attorneys" of whose documents Plaintiffs do not have possession, custody or control. Plaintiffs further object to this Request insofar as the terms "YOU" and "YOUR" include Plaintiffs' "attorneys" and calls for production of privileged documents and/or work product, which are protected from disclosure and will not be produced. Plaintiffs will not produce documents that are subject to a privilege or protection.

Plaintiffs object to this Request as duplicative of Defendants' first set of Requests for Production of Documents to Plaintiffs in which Defendants sought, *inter alia*: "All AGREEMENTS between YOU and any SPONSOR," *see* Defs.' 10/13/2023 RFP No. 6; "All DOCUMENTS and COMMUNICATIONS related to any actual or potential AGREEMENTS between YOU and any SPONSOR, INCLUDING any actual or potential approach, solicitation, negotiation, inquiry, proposal, regardless of whether such COMMUNICATION resulted in an AGREEMENT, *see* Defs.' 10/13/2023 RFP No. 7; "All COMMUNICATIONS or DOCUMENTS between YOU and any PERSON regarding any actual or potential opportunity for YOU related to any SPONSOR," *see* Defs.' 10/13/2023 RFP No.

8; and, "DOCUMENTS sufficient to show all income YOU received from any source other than a PROMOTER since YOU first participated in an MMA fight for compensation, INCLUDING information showing the amount YOU received; the source of that income; the service rendered or property, whether tangible or intangible, delivered in exchange for any payment; the date on which the payment was received; and, for recurring payments, the frequency of such payments," *see* Defs.' 10/13/2023 RFP No. 13, and in response to which Plaintiffs have already produced substantial responsive documents and information in compliance with the Court-ordered substantial-completion deadline. As this Request is duplicative of Defendants' prior Requests, Plaintiffs further object on the grounds that this Request was propounded for an improper and abusive purpose.

Plaintiffs object to this Request to the extent that it seeks documents or information that are not relevant to any claim or defense of any party, not proportional to the needs of this litigation, and not reasonably calculated to lead to the discovery of admissible evidence. In considering the proportionality of this Request, the burden of the discovery on Plaintiffs outweighs any potential benefit to Defendants.

Subject to and without waiver of the foregoing objections, Plaintiffs will perform a search for and produce documents and information, if any, responsive to this Request, to the extent such documents and information have not already been produced.

**REQUEST FOR PRODUCTION NO. 41**

ALL COMMUNICATIONS with any agent or manager CONCERNING or RELATED TO any potential or actual contract with any third-party CONCERNING or RELATED TO the use of YOUR name, image or likeness or providing for a payment(s) to YOU to endorse or use any product(s) of any third-party.

**PLAINTIFFS' RESPONSE**:

Plaintiffs object to this Request as overbroad and unduly burdensome because it is not limited in scope or subject matter and to the extent that it includes documents equally in the possession of Defendants.

Plaintiffs object to the terms "YOU" and "YOUR" to the extent that they include "all persons, including both legal and natural persons, acting or purporting to act on" behalf of each Plaintiff, including "managers, agents, representatives, and attorneys" of whose documents Plaintiffs do not have possession, custody or control. Plaintiffs further object to this Request insofar as the terms "YOU" and "YOUR" include Plaintiffs' "attorneys" and calls for production of privileged documents and/or work product, which are protected from disclosure and will not be produced. Plaintiffs will not produce documents that are subject to a privilege or protection.

Plaintiffs object to this Request as duplicative of Defendants' first set of Requests for Production of Documents to Plaintiffs in which Defendants sought, *inter alia*: "All AGREEMENTS between YOU and any SPONSOR," *see* Defs.' 10/13/2023 RFP No. 6; "All DOCUMENTS and COMMUNICATIONS related to any actual or potential AGREEMENTS between YOU and any SPONSOR, INCLUDING any actual or potential approach, solicitation, negotiation, inquiry, proposal, regardless of whether such COMMUNICATION resulted in an AGREEMENT, *see* Defs.' 10/13/2023 RFP No. 7; "All COMMUNICATIONS or DOCUMENTS between YOU and any PERSON regarding any actual or potential opportunity for YOU related to any SPONSOR," *see* Defs.' 10/13/2023 RFP No. 8; and, "DOCUMENTS sufficient to show all income YOU received from any source other than a PROMOTER since YOU first participated in an MMA fight for compensation, INCLUDING information showing the amount YOU received; the source of that income; the service rendered or property, whether tangible or intangible, delivered in exchange for any payment; the date on which the payment was received; and, for recurring payments, the frequency of such payments," *see* Defs.' 10/13/2023 RFP No. 13., and in response to which Plaintiffs have already produced substantial responsive documents and information in compliance with the Court-ordered substantial-completion deadline. As this Request is duplicative of Defendants' prior Requests, Plaintiffs further object on the grounds that this Request was propounded for an improper and abusive purpose.

Plaintiffs object to this Request to the extent that it seeks documents or information that are not relevant to any claim or defense of any party, not proportional to the needs of this litigation, and not reasonably calculated to lead to the discovery of admissible evidence. In considering the

proportionality of this Request, the burden of the discovery on Plaintiffs outweighs any potential benefit to Defendants.

Subject to and without waiver of the foregoing objections, Plaintiffs will perform a search for and produce documents and information, if any, responsive to this Request, to the extent such documents and information have not already been produced.

**REQUEST FOR PRODUCTION NO. 42**

All COMMUNICATIONS with counsel in the DELAWARE ACTION CONCERNING requests for information, and any subpoenas issued to obtain information, CONCERNING the DELAWARE ACTION.

**PLAINTIFFS' RESPONSE**:

Plaintiffs object to this Request as overbroad and unduly burdensome because it is not limited in scope to the Plaintiffs. Plaintiffs further object to this Request on the grounds that it calls for production of documents and information over which Plaintiffs do not have possession, custody or control.

Plaintiffs object to this Request on the grounds it seeks documents and information protected by the attorney-client privilege and/or work product doctrine, and to the extent that it calls for a response that is, itself, work product. Insofar as this Request improperly attempts to invade Plaintiffs' counsel's opinion and/or factual work product, including through seeking documents reflecting Plaintiffs' counsel's mental impressions, conclusions, legal theories, investigative thought processes, or legal recommendations, such documents are immune from disclosure and will not be produced. Plaintiffs will not produce documents that are subject to a privilege or protection.

Plaintiffs object to this Request to the extent that it seeks documents or information that are not relevant to any claim or defense of any party, not proportional to the needs of this litigation, and not reasonably calculated to lead to the discovery of admissible evidence. In considering the proportionality of this Request, the burden of the discovery on Plaintiffs outweighs any potential benefit to Defendants.

By way of further response, Plaintiffs direct Defendants to Plaintiffs' 2/25/2026 Motion for Sanctions (ECF No. 448), the Declaration of Patrick F. Madden in support thereof (ECF No. 448-29, ¶¶ 3-18), and the various letters and correspondence cited therein (*e.g.*, ECF Nos. 217-34, 448-47), which Defendants already possess, and which collectively describe Plaintiffs' identification of the Delaware Action using publicly-available sources (Westlaw), and further describe Plaintiffs' use of publicly-available information from the Delaware Action to, among other things, demonstrate to the Court in this litigation that Defendants have violated their discovery obligations and the Court's Orders requiring Defendants to make complete disclosures of devices and communication applications, such as Signal.

**REQUEST FOR PRODUCTION NO. 43**

All subpoenas or other legal process issued to obtain information CONCERNING the DELAWARE ACTION.

**PLAINTIFFS' RESPONSE**:

Plaintiffs object to this Request as overbroad and unduly burdensome because it is not limited in scope to the Plaintiffs. Plaintiffs further object to this Request on the grounds that it calls for production of documents and information over which Plaintiffs do not have possession, custody or control.

Plaintiffs object to this Request on the grounds it seeks documents and information protected by the attorney-client privilege and/or work product doctrine, and to the extent that it calls for a response that is, itself, work product. Insofar as this Request improperly attempts to invade Plaintiffs' counsel's opinion and/or factual work product, including through seeking documents reflecting Plaintiffs' counsel's mental impressions, conclusions, legal theories, investigative thought processes, or legal recommendations, such documents are immune from disclosure and will not be produced. Plaintiffs will not produce documents that are subject to a privilege or protection.

Plaintiffs object to this Request to the extent that it seeks documents or information that are not relevant to any claim or defense of any party, not proportional to the needs of this litigation, and not reasonably calculated to lead to the discovery of admissible evidence. In considering the

proportionality of this Request, the burden of the discovery on Plaintiffs outweighs any potential benefit to Defendants, particularly where many, if not all, of the documents that Defendants seek are already in Defendants' possession or are otherwise equally accessible to Defendants.

By way of further response, Plaintiffs direct Defendants to Plaintiffs' 2/25/2026 Motion for Sanctions (ECF No. 448), the Declaration of Patrick F. Madden in support thereof (ECF No. 448-29, ¶¶ 3-18), and the various letters and correspondence cited therein (*e.g.*, ECF Nos. 217-34, 448-47), which Defendants already possess, and which collectively describe Plaintiffs' identification of the Delaware Action using publicly-available sources (Westlaw), and further describe Plaintiffs' use of publicly-available information from the Delaware Action to, among other things, demonstrate to the Court in this litigation that Defendants have violated their discovery obligations and the Court's Orders requiring Defendants to make complete disclosures of devices and communication applications, such as Signal.

Subject to and without waiver of the foregoing objections, Plaintiffs are not in possession of any non-privileged, non-work-product documents responsive to this Request.

**<u>REQUEST FOR PRODUCTION NO. 44</u>**

ALL DOCUMENTS obtained from counsel in the DELAWARE ACTION CONCERNING the DELAWARE ACTION.

**<u>PLAINTIFFS' RESPONSE</u>**:

Plaintiffs object to this Request as overbroad and unduly burdensome because it is not limited in scope to the Plaintiffs. Plaintiffs further object to this Request on the grounds that it calls for production of documents and information over which Plaintiffs do not have possession, custody or control.

Plaintiffs object to this Request on the grounds it seeks documents and information protected by the attorney-client privilege and/or work product doctrine, and to the extent that it calls for a response that is, itself, work product. Insofar as this Request improperly attempts to invade Plaintiffs' counsel's opinion and/or factual work product, including through seeking documents reflecting Plaintiffs' counsel's mental impressions, conclusions, legal theories, investigative thought processes,

or legal recommendations, such documents are immune from disclosure and will not be produced. Plaintiffs will not produce documents that are subject to a privilege or protection.

Plaintiffs object to this Request to the extent that it seeks documents or information that are not relevant to any claim or defense of any party, not proportional to the needs of this litigation, and not reasonably calculated to lead to the discovery of admissible evidence. In considering the proportionality of this Request, the burden of the discovery on Plaintiffs outweighs any potential benefit to Defendants, particularly where many, if not all, of the documents that Defendants seek are already in Defendants' possession or are otherwise equally accessible to Defendants.

By way of further response, Plaintiffs direct Defendants to Plaintiffs' 2/25/2026 Motion for Sanctions (ECF No. 448), the Declaration of Patrick F. Madden in support thereof (ECF No. 448-29, ¶¶ 3-18), and the various letters and correspondence cited therein (*e.g.*, ECF Nos. 217-34, 448-47), which Defendants already possess, and which collectively describe Plaintiffs' identification of the Delaware Action using publicly-available sources (Westlaw), and further describe Plaintiffs' use of publicly-available information from the Delaware Action to, among other things, demonstrate to the Court in this litigation that Defendants have violated their discovery obligations and the Court's Orders requiring Defendants to make complete disclosures of devices and communication applications, such as Signal.

**REQUEST FOR PRODUCTION NO. 45**

DOCUMENTS sufficient to identify the date on and manner in which YOU received any information CONCERNING the DELAWARE ACTION, persons who viewed such information, when and how YOU received such information, any steps YOU took to preserve the information, and what steps, if any, YOU have taken to destroy or return such information.

**PLAINTIFFS' RESPONSE**:

Plaintiffs object to the term "YOU" to the extent that it includes "all persons, including both legal and natural persons, acting or purporting to act on" behalf of each Plaintiff, including "managers, agents, representatives, and attorneys" of whose documents Plaintiffs do not have possession, custody or control. Plaintiffs further object to this Request insofar as the term "YOU" purports to include

Plaintiffs' "attorneys" and calls for production of privileged documents and/or work product, which are protected from disclosure and will not be produced.

Plaintiffs object to this Request on the grounds it seeks documents and information protected by the attorney-client privilege and/or work product doctrine, and to the extent that it calls for a response that is, itself, work product. Insofar as this Request improperly attempts to invade Plaintiffs' counsel's opinion and/or factual work product, including through seeking documents reflecting Plaintiffs' counsel's mental impressions, conclusions, legal theories, investigative thought processes, or legal recommendations, such documents are immune from disclosure and will not be produced. Plaintiffs will not produce documents that are subject to a privilege or protection.

Plaintiffs object to this Request to the extent that it seeks documents or information that are not relevant to any claim or defense of any party, not proportional to the needs of this litigation, and not reasonably calculated to lead to the discovery of admissible evidence. In considering the proportionality of this Request, the burden of the discovery on Plaintiffs outweighs any potential benefit to Defendants.

By way of further response, Plaintiffs direct Defendants to Plaintiffs' 2/25/2026 Motion for Sanctions (ECF No. 448), the Declaration of Patrick F. Madden in support thereof (ECF No. 448-29, ¶¶ 3-18), and the various letters and correspondence cited therein (*e.g.*, ECF Nos. 217-34, 448-47), which Defendants already possess, and which collectively describe Plaintiffs' identification of the Delaware Action using publicly-available sources (Westlaw), and further describe Plaintiffs' use of publicly-available information from the Delaware Action to, among other things, demonstrate to the Court in this litigation that Defendants have violated their discovery obligations and the Court's Orders requiring Defendants to make complete disclosures of devices and communication applications, such as Signal.

**<u>REQUEST FOR PRODUCTION NO. 46</u>**

All DOCUMENTS and COMMUNICATIONS regarding YOUR use of information CONCERNING the DELAWARE ACTION.

**PLAINTIFFS' RESPONSE**:

Plaintiffs object to the term "YOUR" to the extent that it includes "all persons, including both legal and natural persons, acting or purporting to act on" behalf of each Plaintiff, including "managers, agents, representatives, and attorneys" of whose documents Plaintiffs do not have possession, custody or control. Plaintiffs further object to this Request insofar as the term "YOUR" includes Plaintiffs' "attorneys" and calls for production of privileged documents and/or work product, which are protected from disclosure and will not be produced.

Plaintiffs object to this Request on the grounds it seeks documents and information protected by the attorney-client privilege and/or work product doctrine, and to the extent that it calls for a response that is, itself, work product. Insofar as this Request improperly attempts to invade Plaintiffs' counsel's opinion and/or factual work product, including through seeking documents reflecting Plaintiffs' counsel's mental impressions, conclusions, legal theories, investigative thought processes, or legal recommendations, such documents are immune from disclosure and will not be produced. Plaintiffs will not produce documents that are subject to a privilege or protection.

Plaintiffs object to this Request to the extent that it seeks documents or information that are not relevant to any claim or defense of any party, not proportional to the needs of this litigation, and not reasonably calculated to lead to the discovery of admissible evidence. In considering the proportionality of this Request, the burden of the discovery on Plaintiffs outweighs any potential benefit to Defendants.

By way of further response, Plaintiffs direct Defendants to Plaintiffs' 2/25/2026 Motion for Sanctions (ECF No. 448), the Declaration of Patrick F. Madden in support thereof (ECF No. 448-29, ¶¶ 3-18), and the various letters and correspondence cited therein (*e.g.*, ECF Nos. 217-34, 448-47), which Defendants already possess, and which collectively describe Plaintiffs' identification of the Delaware Action using publicly-available sources (Westlaw), and further describe Plaintiffs' use of publicly-available information from the Delaware Action to, among other things, demonstrate to the Court in this litigation that Defendants have violated their discovery obligations and the Court's Orders

requiring Defendants to make complete disclosures of devices and communication applications, such as Signal.

**REQUEST FOR PRODUCTION NO. 47**

DOCUMENTS sufficient to show all other litigation in which YOU have served subpoenas or informally contacted other counsel CONCERNING the DELAWARE ACTION and what, if any, documents or information YOU may have obtained from those sources.

**PLAINTIFFS' RESPONSE**:

Plaintiffs object to the term "YOU" to the extent that it includes "all persons, including both legal and natural persons, acting or purporting to act on" behalf of each Plaintiff, including "managers, agents, representatives, and attorneys" of whose documents Plaintiffs do not have possession, custody or control. Plaintiffs further object to this Request insofar as the term "YOU" purports to include Plaintiffs' "attorneys" and calls for production of privileged documents and/or work product, which are protected from disclosure and will not be produced.

Plaintiffs object to this Request on the grounds it seeks documents and information protected by the attorney-client privilege and/or work product doctrine, and to the extent that it calls for a response that is, itself, work product. Insofar as this Request improperly attempts to invade Plaintiffs' counsel's opinion and/or factual work product, including through seeking documents reflecting Plaintiffs' counsel's mental impressions, conclusions, legal theories, investigative thought processes, or legal recommendations, such documents are immune from disclosure and will not be produced. Plaintiffs will not produce documents that are subject to a privilege or protection.

Plaintiffs object to this Request to the extent that it seeks documents or information that are not relevant to any claim or defense of any party, not proportional to the needs of this litigation, and not reasonably calculated to lead to the discovery of admissible evidence. In considering the proportionality of this Request, the burden of the discovery on Plaintiffs outweighs any potential benefit to Defendants.

By way of further response, Plaintiffs direct Defendants to Plaintiffs' 2/25/2026 Motion for Sanctions (ECF No. 448), the Declaration of Patrick F. Madden in support thereof (ECF No. 448-29,

¶¶ 3-18), and the various letters and correspondence cited therein (*e.g.*, ECF Nos. 217-34, 448-47), which Defendants already possess, and which collectively describe Plaintiffs' identification of the Delaware Action using publicly-available sources (Westlaw), and further describe Plaintiffs' use of publicly-available information from the Delaware Action to, among other things, demonstrate to the Court in this litigation that Defendants have violated their discovery obligations and the Court's Orders requiring Defendants to make complete disclosures of devices and communication applications, such as Signal.

Subject to and without waiver of the foregoing objections, Plaintiffs are not in possession of any non-privileged, non-work-product documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 48**

A copy of any engagement letter or other writing memorializing YOUR ARRANGEMENTS with any THIRD-PARTY sources of financial support for purposes of investigating, analyzing, addressing, or pursuing litigation based on the claims YOU allege against Defendants.

**PLAINTIFFS' RESPONSE**:

Plaintiffs object to the terms "YOU" and "YOUR" to the extent that they include "all persons, including both legal and natural persons, acting or purporting to act on" behalf of each Plaintiff, including "managers, agents, representatives, and attorneys" of whose documents Plaintiffs do not have possession, custody or control. Plaintiffs further object to this Request insofar as the terms "YOU" and "YOUR" include Plaintiffs' "attorneys" and calls for production of privileged documents and/or work product, which are protected from disclosure and will not be produced.

Plaintiffs object to this Request on the grounds it seeks documents and information protected by the attorney-client privilege and/or work product doctrine, and to the extent that it calls for a response that is, itself, work product. Plaintiffs will not produce documents that are subject to a privilege or protection.

Plaintiffs object to this Request to the extent that it seeks documents or information that are not relevant to any claim or defense of any party, not proportional to the needs of this litigation, and not reasonably calculated to lead to the discovery of admissible evidence. In considering the

proportionality of this Request, the burden of the discovery on Plaintiffs plainly outweighs any potential benefit to Defendants.

Plaintiffs object to this Request because it appears calculated to harass Plaintiffs. Plaintiffs will not produce documents or information in response to this Request.

**REQUEST FOR PRODUCTION NO. 49**

DOCUMENTS sufficient to show the parameters of any funding ARRANGEMENT YOU have entered into with THIRD PARTIES, including DOCUMENTS sufficient to identify the PERSONS and/or entities funding this ACTION, the nature of the funding ARRANGEMENT, and when the funding ARRANGEMENT commenced.

**PLAINTIFFS' RESPONSE**:

Plaintiffs object to the term "YOU" to the extent that it includes "all persons, including both legal and natural persons, acting or purporting to act on" behalf of each Plaintiff, including "managers, agents, representatives, and attorneys" of whose documents Plaintiffs do not have possession, custody or control. Plaintiffs further object to this Request insofar as the term "YOU" purports to include Plaintiffs' "attorneys" and calls for production of privileged documents and/or work product, which are protected from disclosure. Plaintiffs will not produce documents that are subject to a privilege or protection.

Plaintiffs object to this Request on the grounds it seeks documents and information protected by the attorney-client privilege and/or work product doctrine, and to the extent that it calls for a response that is, itself, work product. Plaintiffs will produce no such documents.

Plaintiffs object to this Request to the extent that it seeks documents or information that are not relevant to any claim or defense of any party, not proportional to the needs of this litigation, and not reasonably calculated to lead to the discovery of admissible evidence. In considering the proportionality of this Request, the burden of the discovery on Plaintiffs plainly outweighs any potential benefit to Defendants.

Plaintiffs object to this Request because it appears calculated to harass Plaintiffs. Plaintiffs will not produce documents or information in response to this Request.

**REQUEST FOR PRODUCTION NO. 50**

All DOCUMENTS and COMMUNICATIONS exchanged between YOU and YOUR LITIGATION FUNDER to the ACTION or any potential LITIGATION FUNDER, including but not limited to any funding or potential funding of the ACTION, any analyses of YOUR claims, defenses, or strategies in this ACTION, and the expected timing or outcome of the ACTION.

**PLAINTIFFS' RESPONSE**:

Plaintiffs object to the terms "YOU" and "YOUR" to the extent that they include "all persons, including both legal and natural persons, acting or purporting to act on" behalf of each Plaintiff, including "managers, agents, representatives, and attorneys" of whose documents Plaintiffs do not have possession, custody or control. Plaintiffs further object to this Request insofar as the terms "YOU" and "YOUR" include Plaintiffs' "attorneys" and calls for production of privileged documents and/or work product, which are protected from disclosure and will not be produced.

Plaintiffs object to this Request on the grounds it seeks documents and information protected by the attorney-client privilege and/or work product doctrine, and to the extent that it calls for a response that is, itself, work product. Plaintiffs will not produce documents that are subject to a privilege or protection.

Plaintiffs object to this Request to the extent that it seeks documents or information that are not relevant to any claim or defense of any party, not proportional to the needs of this litigation, and not reasonably calculated to lead to the discovery of admissible evidence. In considering the proportionality of this Request, the burden of the discovery on Plaintiffs plainly outweighs any potential benefit to Defendants.

Plaintiffs object to this Request because it appears calculated to harass Plaintiffs. Plaintiffs will not produce documents or information in response to this Request.

**REQUEST FOR PRODUCTION NO. 51**

All DOCUMENTS provided to any THIRD-PARTY LITIGATION FUNDER in connection with actual or potential funding of the ACTION, including but not limited to pitch decks, presentations, memoranda, case assessments, budgets, workplans, expert analyses, and damages models.

**PLAINTIFFS' RESPONSE**:

Plaintiffs object to this Request as overbroad and unduly burdensome because it is not limited in scope to the Plaintiffs. Plaintiffs further object to this Request on the grounds that it calls for production of documents and information over which Plaintiffs do not have possession, custody or control.

Plaintiffs object to this Request on the grounds it seeks documents and information protected by the attorney-client privilege and/or work product doctrine, and to the extent that it calls for a response that is, itself, work product. Plaintiffs will not produce documents that are subject to a privilege or protection.

Plaintiffs object to this Request to the extent that it seeks documents or information that are not relevant to any claim or defense of any party, not proportional to the needs of this litigation, and not reasonably calculated to lead to the discovery of admissible evidence. In considering the proportionality of this Request, the burden of the discovery on Plaintiffs plainly outweighs any potential benefit to Defendants.

Plaintiffs object to this Request because it appears calculated to harass Plaintiffs. Plaintiffs will not produce documents or information in response to this Request.

**REQUEST FOR PRODUCTION NO. 52**

All DOCUMENTS relating to due diligence conducted by any THIRD-PARTY LITIGATION FUNDER relating to the ACTION, including but not limited to LITIGATION FUNDER-generated analyses, reports, risk assessments, memoranda, or summaries relating to case merits, damages, liability, or defenses.

**PLAINTIFFS' RESPONSE**:

Plaintiffs object to this Request as overbroad and unduly burdensome because it is not limited in scope to the Plaintiffs. Plaintiffs further object to this Request on the grounds that it calls for production of documents and information over which Plaintiffs do not have possession, custody or control.

Plaintiffs object to this Request on the grounds it seeks documents and information protected by the attorney-client privilege and/or work product doctrine, and to the extent that it calls for a response that is, itself, work product. Plaintiffs will not produce documents that are subject to a privilege or protection.

Plaintiffs object to this Request to the extent that it seeks documents or information that are not relevant to any claim or defense of any party, not proportional to the needs of this litigation, and not reasonably calculated to lead to the discovery of admissible evidence. In considering the proportionality of this Request, the burden of the discovery on Plaintiffs plainly outweighs any potential benefit to Defendants.

Plaintiffs object to this Request because it appears calculated to harass Plaintiffs. Plaintiffs will not produce documents or information in response to this Request.

**REQUEST FOR PRODUCTION NO. 53**

All DOCUMENTS relating to any control, approval, consent, or veto rights held or asserted by any THIRD-PARTY LITIGATION FUNDER over YOUR litigation strategy, retention of experts, settlement strategy, settlement authority or thresholds, appeal decisions, or budget allocations.

**PLAINTIFFS' RESPONSE**:

Plaintiffs object to the term "YOUR" to the extent that it includes "all persons, including both legal and natural persons, acting or purporting to act on" behalf of each Plaintiff, including "managers, agents, representatives, and attorneys" of whose documents Plaintiffs do not have possession, custody or control. Plaintiffs further object to this Request insofar as the term "YOUR" includes Plaintiffs' "attorneys" and calls for production of privileged documents and/or work product, which are protected from disclosure and will not be produced. Plaintiffs will not produce documents that are subject to a privilege or protection.

Plaintiffs object to this Request on the grounds it seeks documents and information protected by the attorney-client privilege and/or work product doctrine, and to the extent that it calls for a response that is, itself, work product. Plaintiffs will produce no such documents.

Plaintiffs object to this Request to the extent that it seeks documents or information that are not relevant to any claim or defense of any party, not proportional to the needs of this litigation, and not reasonably calculated to lead to the discovery of admissible evidence. In considering the proportionality of this Request, the burden of the discovery on Plaintiffs plainly outweighs any potential benefit to Defendants.

Plaintiffs object to this Request because it appears calculated to harass Plaintiffs. Plaintiffs will not produce documents or information in response to this Request.

**REQUEST FOR PRODUCTION NO. 54**

All DOCUMENTS and COMMUNICATIONS relating to any actual or potential conflict of interest arising from any funding ARRANGEMENT, including any disclosures to the COURT and any consents or waivers obtained relating to those conflicts.

**PLAINTIFFS' RESPONSE**:

Plaintiffs object to this Request as overbroad, vague, and unduly burdensome because it is not limited in scope to the Plaintiffs. Plaintiffs further object to this Request on the grounds that it calls for production of documents and information over which Plaintiffs do not have possession, custody or control.

Plaintiffs object to this Request on the grounds it seeks documents and information protected by the attorney-client privilege and/or work product doctrine, and to the extent that it calls for a response that is, itself, work product. Plaintiffs will not produce documents that are subject to a privilege or protection.

Plaintiffs object to this Request to the extent that it seeks documents or information that are not relevant to any claim or defense of any party, not proportional to the needs of this litigation, and not reasonably calculated to lead to the discovery of admissible evidence. In considering the proportionality of this Request, the burden of the discovery on Plaintiffs plainly outweighs any potential benefit to Defendants.

Plaintiffs object to this Request because it appears calculated to harass Plaintiffs. Plaintiffs will not produce documents or information in response to this Request.

**REQUEST FOR PRODUCTION NO. 55**

All DOCUMENTS and COMMUNICATIONS governing YOUR interaction with YOUR THIRD-PARTY LITIGATION FUNDER(S), including but not limited to any internal or external ethical guidelines or confidentiality agreements invoked in connection with the ACTION.

**PLAINTIFFS' RESPONSE**:

Plaintiffs object to the term "YOUR" to the extent that it includes "all persons, including both legal and natural persons, acting or purporting to act on" behalf of each Plaintiff, including "managers, agents, representatives, and attorneys" of whose documents Plaintiffs do not have possession, custody or control. Plaintiffs further object to this Request insofar as the term "YOUR" includes Plaintiffs' "attorneys" and calls for production of privileged documents and/or work product, which are protected from disclosure and will not be produced. Plaintiffs will not produce documents that are subject to a privilege or protection.

Plaintiffs object to this Request on the grounds it seeks documents and information protected by the attorney-client privilege and/or work product doctrine, and to the extent that it calls for a response that is, itself, work product. Plaintiffs will produce no such documents.

Plaintiffs object to this Request to the extent that it seeks documents or information that are not relevant to any claim or defense of any party, not proportional to the needs of this litigation, and not reasonably calculated to lead to the discovery of admissible evidence. In considering the proportionality of this Request, the burden of the discovery on Plaintiffs plainly outweighs any potential benefit to Defendants.

Plaintiffs object to this Request because it appears calculated to harass Plaintiffs. Plaintiffs will not produce documents or information in response to this Request.

**REQUEST FOR PRODUCTION NO. 56**

All DOCUMENTS governing YOUR fee agreement(s) and arrangements with counsel in connection with the ACTION.

**PLAINTIFFS' RESPONSE**:

Plaintiffs object to this Request on the grounds it seeks documents protected by the attorney-client privilege or work product doctrine, including (but not limited to) attorney-client agreements and/or communications related to the provision of legal services. Plaintiffs will produce no such documents. Plaintiffs will not produce documents that are subject to a privilege or protection.

Plaintiffs object to this Request to the extent that it seeks documents or information that are not relevant to any claim or defense of any party, not proportional to the needs of this litigation, and not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs object to this Request because it appears calculated to harass Plaintiffs. Plaintiffs will not produce documents or information in response to this Request.

Dated: April 1, 2026

Respectfully Submitted,

By: /s/ Michael Dell'Angelo
Eric L. Cramer (*Pro hac vice*)
Michael Dell'Angelo (*Pro hac vice*)
Patrick F. Madden (*Pro hac vice*)
BERGER MONTAGUE PC
1818 Market St., Suite 3600
Philadelphia, PA 19103
Telephone: +1 (215) 875-3000
Email: ecramer@bergermontague.com
Email: mdellangelo@bergermontague.com
Email: pmadden@bergermontague.com

Joshua P. Davis (*Pro hac vice*)
BERGER MONTAGUE PC
505 Montgomery Street, Suite 625
San Francisco, CA 94111
Telephone: +1 (415) 906-0684
Email: jdavis@bergermontague.com

*Counsel for Plaintiffs and the Proposed Classes*

Richard A. Koffman (*Pro hac vice*)
Benjamin D. Brown (*Pro hac vice*)
Daniel H. Silverman (*Pro hac vice*)
COHEN MILSTEIN SELLERS
& TOLL PLLC
1100 New York Ave., N.W.
Suite 500 East, Tower
Washington, DC 20005
Telephone: +1 (202) 408-4600
Facsimile: +1 (202) 408-4699
Email: rkoffman@cohenmilstein.com
Email: bbrown@cohenmilstein.com
Email: dsilverman@cohenmilstein.com

Joseph R. Saveri (*Pro hac vice*)
Christopher Young (*Pro hac vice*)
Kevin E. Rayhill (*Pro hac vice*)
JOSEPH SAVERI LAW FIRM, INC.
550 California Street, Suite 910
San Francisco, CA 94108
Telephone: +1 (415) 500-6800
Facsimile: +1 (415) 395-9940
Email: jsaveri@saverilawfirm.com
Email: krayhill@saverilawfirm.com
Email: cyoung@saverilawfirm.com

W. Joseph Bruckner (*Pro hac vice*)
Brian D. Clark (*Pro hac vice*)
LOCKRIDGE GRINDAL NAUEN PLLP
100 Washington Ave S, Suite 2200
Minneapolis, MN 55401
Phone: (612) 596-4001/Fax: (612) 339-0981
wjbruckner@locklaw.com
bdclark@locklaw.com

Kyle J. Pozan (*Pro hac vice*)
LOCKRIDGE GRINDAL NAUEN PLLP
1165 N. Clark Street, Ste. 700
Chicago, IL 60610
Phone: (612) 339-6900
Email: kjpozan@locklaw.com

*Additional Counsel for Plaintiffs and the Proposed Classes*

Michael J. Gayan
CLAGGETT & SYKES
4101 Meadows Lane, Suite 100
Las Vegas, NV 89107
(702) 323-7777
mike@claggettlaw.com

*Liaison Counsel for Plaintiffs and the Proposed Classes*

**CERTIFICATE OF SERVICE**

I hereby certify that Plaintiffs' Responses and Objections to Defendants' Second Set of Requests for Production of Documents were served via email on April 1, 2026 on counsel of record for Defendants.

Dated: April 1, 2026

*s/ Michael Dell'Angelo*
Michael Dell'Angelo