# EXHIBIT D

**Joseph Axelrad**
Direct Dial: +1.213.891.8002
joseph.axelrad@lw.com

10250 Constellation Blvd., Suite 1100
Los Angeles, California 90067
Tel: +1.424.653.5500 Fax: +1.424.653.5501
www.lw.com

LATHAM & WATKINS LLP

FIRM / AFFILIATE OFFICES
Austin, Beijing, Boston, Brussels, Chicago, Dubai, Düsseldorf, Frankfurt, Hamburg, Hong Kong, Houston, London, Los Angeles, Madrid, Milan, Munich, New York, Orange County, Paris, Riyadh, San Diego, San Francisco, Seoul, Silicon Valley, Singapore, Tel Aviv, Tokyo, Washington, D.C.

September 14, 2026

**VIA EMAIL**

Michael C. Dell'Angelo
Patrick Madden
Eric Cramer
Berger Montague PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103

Re: *Johnson v. Zuffa, LLC*, Case No. 2:21-cv-01189 (D. Nev.); *Davis v. Zuffa, LLC*, Case No. 2:25-cv-00946 (D. Nev.)

Counsel:

We write on behalf of Defendants Zuffa, LLC and TKO Operating Company, LLC ("Zuffa and TKO") regarding Plaintiffs' categorical refusal to produce documents responsive to Zuffa and TKO's Requests for Production ("RFPs") Nos. 48-55. These RFPs seek, *inter alia*, documents and communications related to the provision of financial support to Plaintiffs by any third parties in connection with Plaintiffs' pursuit of their claims in the *Johnson* case. Such materials are relevant to, among other things, the appropriate measure of any damages recoverable by Plaintiffs and the Named Plaintiffs' adequacy as putative class representatives.

Furthermore, Plaintiffs recently argued that spoliation proceedings—through which Plaintiffs have indicated they may seek terminating sanctions—should precede dispositive briefing because "class certification and summary judgment" are "incredibly expensive." 2026.09.03 Hr'g Tr. at 107:17-20. In other words, Plaintiffs have suggested that they may not be financially capable of litigating the merits of this action through class certification and summary judgment and that the cost and financial burden to the Named Plaintiffs of briefing summary judgment and class certification justify advancing spoliation proceedings to before the conclusion of fact and expert discovery. The requested discovery is essential to Defendants' ability to test and rebut Plaintiffs' assertion that the costs to Plaintiffs of continuing to litigate this case weigh in favor of expediting spoliation proceedings.[1]

---

[1] Zuffa and TKO disagree that it would be appropriate for the Court to consider the parties' respective financial burdens in determining when to schedule any spoliation hearing. However, to the extent the Court is inclined to do so, Defendants are entitled to rebut Plaintiffs' unsupported claims of hardship.

LATHAM & WATKINS LLP

Please produce all non-privileged documents and communications responsive to RFP Nos. 48-55 by no later than **September 18, 2026**. Zuffa and TKO reserve all rights.

Respectfully,

*/s/ Joseph Axelrad*
Joseph Axelrad
of LATHAM & WATKINS LLP

cc: Counsel of Record