# EXHIBIT E

BERGER | MONTAGUE

MICHAEL DELL'ANGELO /EXECUTIVE SHAREHOLDER
d 215.875.3080 m 610.608.8766 | mdellangelo@bm.net

September 15, 2026

**VIA EMAIL**

Joseph Axelrad
Latham & Watkins LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067

Counsel,

I write on behalf of Kajan Johnson, Clarence Dollaway, and Tristan Connelly ("Plaintiffs")[1] regarding Defendants' September 14, 2026 letter regarding Defendants' Requests for Production Nos. 48 through 55.

Plaintiffs served timely responses and objections to Defendants' Second Set of Requests for Production, which includes Request Nos. 48 through 55, on April 1, 2026. Request Nos. 48 through 55 ask for documents regarding sources of third-party financial support and any arrangements Plaintiffs may have with third-party litigation funders. Plaintiffs stated in their responses and objections that these specific requests appear "calculated to harass Plaintiffs," among other objections, and that "Plaintiffs will not produce documents or information in response to this Request."

Contrary to Defendants' baseless assertions, Plaintiffs' counsel's statements during the September 3, 2026 Status Conference have no bearing on whether these Requests seek discoverable materials. Plaintiffs' counsel's statements to the Court were made in the context of discussing the inherent inefficiencies of proceeding to class certification and summary judgment briefing when a spoliation determination may materially affect the issues before the Court. Such inefficiencies and unnecessary fees and costs would be incurred irrespective of whether Plaintiffs have any third-party litigation funding. Regardless, the Court expressed agreement with Plaintiffs that Defendants' proposal was inappropriate. *See* Tr. at 107:17-22 (". . . it would be

[1] Defendants' letter refers to the *Davis* action, *Davis v. Zuffa, LLC*, No. 2:25-cv-946 (D. Nev.), but appears to only discuss requests for production served on the *Johnson* plaintiffs and "Plaintiffs' pursuit of their claims in the *Johnson* case."

profoundly inefficient to try to brief class certification and summary judgment, and incredibly expensive, you know, if we're doing it simultaneously with – THE COURT: So let me just help you, Mr. Dell'Angelo. We're not going to do that.").

Defendants' attempts to cherry pick a statement about the inefficiencies and expense of briefing potentially unnecessary class certification and summary judgment issues is simply another gambit at manufacturing a discovery dispute. Plaintiffs stand on their objections to the Requests, as they seek documents that are protected by the attorney-client privilege and/or work product doctrine, to the extent they exist at all, are not relevant to any claim or defense, are not proportional to the needs of the litigation, and are not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs will not produce documents in response to these Requests.

Sincerely,

Michael Dell'Angelo