# EXHIBIT B

WILLIAM A. ISAACSON (*pro hac vice*)
(wisaacson@paulweiss.com)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
2001 K Street, NW
Washington, DC 20006
Tel: (202) 223-7300; Fax: (202) 223-7420

DONALD J. CAMPBELL #1216
(djc@cwlawlv.com)
J. COLBY WILLIAMS #5549
(jcw@cwlawlv.com)
CAMPBELL & WILLIAMS
Tel: (212) 373-3000; Fax: (212) 757-3990
710 South 7th Street
Las Vegas, NV 89101
Telephone: (702) 382-5222; Fax: (702) 382-0540

*Attorneys for Defendants Zuffa, LLC,*
*and Endeavor Group Holdings, Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

KAJAN JOHNSON and CLARENCE DOLLAWAY, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

ZUFFA, LLC (d/b/a Ultimate Fighting Championship and UFC), and Endeavor Group Holdings, Inc.,

Defendants.

Case No.: 2:21-cv-01189-RFB-BNW

**DEFENDANTS ZUFFA, LLC, AND ENDEAVOR GROUP HOLDINGS, INC.'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendants Zuffa, LLC, and Endeavor Group Holdings, LLC, hereby request that Plaintiffs Kajan Johnson and Clarence Dollaway produce the documents and things specified below for inspection and copying to the offices of Paul, Weiss, Rifkind, Wharton & Garrison LLP, located at 2001 K Street, NW, Washington, DC, 20006-1047.

**DEFINITIONS**

1. The term "ACTION" means *Kajan Johnson and Clarence Dollaway v. Zuffa, LLC, and Endeavor Group Holdings, Inc.*, No. 2:21-cv-01189-RFB-BNW.

2. The term "AGREEMENT" means any oral or written contract, arrangement or understanding, whether formal or informal, between two or more PERSONS, together with all modifications and amendments thereto.

3. The term "ATHLETE" means any person who engages in amateur or professional sporting or entertainment EVENTS, INCLUDING MIXED MARTIAL ARTS ("MMA"), boxing, judo, WRESTLING, kickboxing, jiu-jitsu, muay thai, pankration, vale tudo, sambo, sanshou, sanda, taekwando, football, track and field, baseball, basketball, football, soccer, CrossFit, action films or theatrical performances, or any other form of sport or entertainment involving physical exercise.

4. The term "BOUT" refers to any fighting contest INCLUDING MMA, boxing, WRESTLING, judo, kickboxing, jiu-jitsu, muay thai, pankration, vale tudo, sambo, sanshou, sanda, and taekwando.

5. The term "COMBAT SPORT" means any competitive contact sport involving the use of any one or a combination of martial arts INCLUDING MMA, boxing, WRESTLING, judo, kickboxing, jiu-jitsu, muay thai, pankration, vale tudo, sambo, sanshou, sanda, and taekwando.

6. The term "COMMUNICATION" means without limitation, oral or written communications of any kind, such as (but not limited to) electronic communications, direct communications through social media (INCLUDING direct messaging, instant messaging,

chatting or emailing within a social media platform), facsimiles, telephone communications, correspondence, exchange of written or recorded information, or face-to-face meetings.

7. The term "CONCERNING" means relating to, regarding, with respect to, referring to, in connection with, describing, evidencing, or constituting.

8. The term "DEFENDANTS" means Defendants Zuffa, LLC, and Endeavor Group Holdings, Inc.

9. The term "DOCUMENT(S)" shall be synonymous in meaning and equal in scope to the broadest meaning provided by Rule 34 of the Federal Rules of Civil Procedure, INCLUDING hard copies, electronic documents, electronic or computerized data compilations, software, software images, or downloads. This term shall apply to documents, whether in hard copy or electronic form, on any computers or any other system.

10. The term "EVENT" means any sporting or entertainment event, INCLUDING professional or amateur sporting events, WRESTLING events, concerts, or theatrical performances.

11. The term "INCLUDING" means "including, but not limited to," and the term "INCLUDE" means "include, but is or are not limited to."

12. The term "MERCHANDISE" means any apparel, footwear, hats, publications, posters, photographs, memorabilia, souvenirs, toys, collectibles, action figures, trading cards, video games, and any and all other similar type products, INCLUDING the sleeves, jackets and packaging for such products.

13. The term "MIXED MARTIAL ARTS" or "MMA" means a competitive individual sport in which competitors use interdisciplinary forms of martial arts that INCLUDE, e.g., jiu-jitsu, judo, karate, boxing, kickboxing, taekwondo, or WRESTLING to their strategic and tactical advantage in a supervised match.

14. The term "MMA INDUSTRY" means the business of promoting live MMA BOUTS as well as ancillary activities such as the sale of live and taped television programming, MERCHANDISE, EVENT and fighter sponsorships, and the collection of MMA-related copyright and trademark royalties.

15. The term "OTHER PROMOTER" means any PROMOTER that is not the UFC. OTHER PROMOTER INCLUDES PROMOTERS which were subsequently acquired, or whose assets were acquired, by ZUFFA.

16. The term "PAY-PER-VIEW" refers to a type of pay television or broadcast service by which a subscriber of an Internet or television service provider can purchase EVENTS to view live via private telecast or Internet broadcast.

17. The term "PERSON" means, without limitation, any natural person, corporation, partnership, limited liability company, proprietorship, joint venture, trust, association, government entity, group, or other form of legal entity.

18. The term "PROMOTER" refers to any PERSON or entity that arranges EVENTS, INCLUDING any officer, director, manager, employee, agent, or any actual or purported representative of that person or entity.

19. The term "PROMOTIONAL MATERIALS" means all materials used to advertise or promote an EVENT in any medium, INCLUDING print, radio, television, video, film, and internet.

20. The term "SPONSOR" means any PERSON or entity which offers or pays any consideration to an ATHLETE or PROMOTER in exchange for the right to display its products, logo, or other PROMOTIONAL MATERIALS in connection with such ATHLETE or PROMOTER, or in exchange for the ATHLETE'S endorsement of the product.

21. The terms "YOU," "YOUR," "YOURSELF," or "PLAINTIFF" means Kajan Johnson, Clarence Dollaway, and/or all PERSONS, INCLUDING both legal and natural persons, acting or purporting to act on Kajan Johnson and/or Clarence Dollaway's behalf, INCLUDING managers, agents, representatives, and attorneys.

22. The term "WRESTLING" INCLUDES both competitive wrestling and staged wrestling shows such as WWE and INCLUDES both amateur and professional wrestling.

23. The terms "ZUFFA" and "UFC" mean Zuffa, LLC; Ultimate Fighting Championship; and UFC.

## INSTRUCTIONS

1. The following rules of construction shall apply to all requests as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope:

   (a) the use of a verb in any tense shall be construed to include the use of that verb in all other tenses,

   (b) the use of a word in its singular form shall be deemed to include within its use the plural form as well and vice versa,

   (c) the connectives "and" and "or" shall be construed either disjunctively or conjunctively, and

   (d) the terms "all," "any," and "each" shall be construed as "all, any, every and each."

2. If any DOCUMENTS are withheld based on an objection to any Request, all DOCUMENTS covered by that Request but not subject to the objection should be produced.

3. DOCUMENTS not otherwise responsive to any of the Requests herein should be produced if such DOCUMENTS are attached to a DOCUMENT or thing called for by these Requests.

4. To the extent YOU contend that responsive DOCUMENTS cannot be produced pursuant to the notice and consent requirements contained in a protective order or AGREEMENT, the written response to each Request shall identify the specific provisions of the protective order or AGREEMENT on which PLAINTIFF is relying and the efforts that PLAINTIFF has and will undertake to provide notice and obtain consents.

5. Unless otherwise specified, the DOCUMENTS requested INCLUDE the responsive DOCUMENTS in YOUR actual or constructive possession, control or custody, as well as the responsive DOCUMENTS in the actual or constructive possession, control or custody of YOUR employees, agents, representatives, managers, or any other PERSON acting or purporting to act on YOUR behalf, and, unless privileged and such privilege has not been waived, YOUR attorneys.

6. All responsive DOCUMENTS in YOUR possession, custody or control that exist in electronic format (whether on internal or external hard drives; on desktop, laptop, notebook, tablet, or personal digital assistant computers; servers; CDs; DVDs; USB drives; or any other electronic medium) shall be produced in compliance with the ESI Stipulation agreed to by the parties in this ACTION.

7. Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, DOCUMENTS shall be produced either (a) as they are kept in the usual course of business (in which case they shall be produced in such fashion as to identify the department, branch, or office in whose possession it was located and, where applicable, the natural person in whose possession it was found or the server or central file in which it was found, and the address of each DOCUMENT's custodian(s)), or (b) organized and labeled to correspond to the specific Request enumerated in these Requests, with such specific Request identified.

8. In producing DOCUMENTS, YOU are requested to produce a legible copy of each DOCUMENT requested together with all non-identical copies and drafts of that DOCUMENT. YOU shall retain all of the original DOCUMENTS for inspection or copying throughout the pendency of this case, any appeal(s), and any related proceedings.

9. Any alteration of a responsive DOCUMENT, INCLUDING any marginal notes, handwritten notes, underlining, date stamps, received stamps, endorsed or filed stamps, drafts, revisions, modifications, and other versions of a DOCUMENT is a responsive DOCUMENT in its own right and must be produced.

10. DOCUMENTS should be produced in full, without abbreviation or expurgation, regardless of whether YOU consider the entire DOCUMENT to be relevant or responsive.

11. In instances where two or more exact duplicates of any DOCUMENT exist, the most legible copy shall be produced.

12. These Requests are to be considered continuing in nature, and YOU must promptly furnish supplemental responses in accordance with the requirements of Federal Rules of Civil Procedure 26(e) if any additional DOCUMENTS or information is discovered or created

after YOUR responses are tendered, or if any of YOUR responses are subsequently determined to be incorrect, incomplete, or misleading in any respect.

13. Other than redactions of privileged information, as addressed in Paragraph 14 below, DOCUMENTS are to be produced in full and may not be redacted in any manner. If any requested DOCUMENT cannot be produced in full, produce it to the extent possible, and provide the following information with regard to each such DOCUMENT and each portion of such DOCUMENT withheld:

(a) the type of DOCUMENT;

(b) the general subject matter of the DOCUMENT and each portion withheld;

(c) the date of the DOCUMENT;

(d) the author(s) of the DOCUMENT and their title(s);

(e) the recipient(s) of the DOCUMENT and their title(s); and

(f) the basis for withholding each portion of the DOCUMENT that is withheld from production.

14. To the extent YOU object to or claim a privilege with respect to any Request in whole or in part, provide the following information for each DOCUMENT and each portion of any DOCUMENT withheld;

(a) the type of DOCUMENT;

(b) the general subject matter of the DOCUMENT and each portion withheld;

(c) the date of the DOCUMENT;

(d) the author(s) of the DOCUMENT and their title(s);

(e) the recipient(s) of the DOCUMENT and their title(s);

(f) and all reasons and the underlying basis for YOUR objection or claim of privilege for withholding such DOCUMENT and each withheld portion of a DOCUMENT in sufficient detail to permit the court to determine the validity of YOUR objection or claim of privilege; and

(g) provide all DOCUMENTS or portion of a DOCUMENT responsive to the Request to the extent not privileged, and set forth all reasons and the

underlying basis for YOUR objection or claim of privilege in sufficient detail to permit the court to determine the validity of YOUR objection or claim of privilege as to the remainder of the Request.

15. Unless otherwise specified, the geographic scope of these Requests is the entire world.

16. Unless otherwise specified, the relevant time period for these Requests is July 1, 2017, to present.

**DOCUMENT REQUESTS**

**REQUEST FOR PRODUCTION NO. 1**

All DOCUMENTS that YOU relied upon in drafting YOUR complaint or that support the allegations in YOUR complaint, INCLUDING all DOCUMENTS quoted, summarized, described, paraphrased, or referred to in YOUR complaint.

**REQUEST FOR PRODUCTION NO. 2**

All tax returns YOU filed in the past six (6) years, with attached schedules, INCLUDING all federal, state, and local returns YOU filed in the United States and any tax DOCUMENTS YOU filed in any foreign jurisdiction.

**REQUEST FOR PRODUCTION NO. 3**

All AGREEMENTS between YOU and any PERSON related to the provision of YOUR services or rights in connection with any COMBAT SPORT, INCLUDING participation in any BOUT or competition, serving as a commentator, or making a personal appearance.

**REQUEST FOR PRODUCTION NO. 4**

All DOCUMENTS and COMMUNICATIONS between YOU and any PERSON related to any actual or potential provision of YOUR services in connection with any COMBAT SPORT.

**REQUEST FOR PRODUCTION NO. 5**

All DOCUMENTS reflecting any anticompetitive, illegal, monopolistic or improper conduct by any PROMOTER engaged in COMBAT SPORTS.

**REQUEST FOR PRODUCTION NO. 6**

All AGREEMENTS between YOU and any SPONSOR.

**REQUEST FOR PRODUCTION NO. 7**

All DOCUMENTS and COMMUNICATIONS related to any actual or potential AGREEMENTS between YOU and any SPONSOR, INCLUDING any actual or potential approach, solicitation, negotiation, inquiry, proposal, regardless of whether such COMMUNICATION resulted in an AGREEMENT.

**REQUEST FOR PRODUCTION NO. 8**

All COMMUNICATIONS or DOCUMENTS between YOU and any PERSON regarding any actual or potential opportunity for YOU related to any SPONSOR.

**REQUEST FOR PRODUCTION NO. 9**

All DOCUMENTS and COMMUNICATIONS relating to any actual or potential opportunity that YOU contend YOU were unable to exploit as a result of any conduct on the part of ZUFFA or any contractual arrangement to which ZUFFA was or is a party, INCLUDING any opportunity to generate revenue from activities related to MMA or any form of athletic competition, or opportunities relating to SPONSORS or MERCHANDISE.

**REQUEST FOR PRODUCTION NO. 10**

All DOCUMENTS and COMMUNICATIONS related to any actual or potential AGREEMENTS entered into between YOU and any PERSON or PROMOTER for YOUR services as an agent, manager, PROMOTER, coach, trainer, cornerman, or other service provided to any ATHLETE, regardless of whether such COMMUNICATION resulted in an actual AGREEMENT.

**REQUEST FOR PRODUCTION NO. 11**

All DOCUMENTS and COMMUNICATIONS related to any actual or potential AGREEMENTS entered into between YOU and any PERSON or PROMOTER for activities or services related to YOUR provision of services as an ATHLETE, regardless of whether such COMMUNICATION resulted in an actual AGREEMENT.

**REQUEST FOR PRODUCTION NO. 12**

DOCUMENTS sufficient to show all compensation paid to YOU by any PROMOTER, INCLUDING but not limited to YOUR base salary, payment or compensation; bonuses of any kind; discretionary payments; signing bonuses; broadcast royalties; PAY-PER-VIEW shares; MERCHANDISE payments; appearance fees; or any other compensation, broken down by date, PROMOTER, amount of payment, and source of revenue.

**REQUEST FOR PRODUCTION NO. 13**

DOCUMENTS sufficient to show all income YOU received from any source other than a PROMOTER since YOU first participated in an MMA fight for compensation, INCLUDING information showing the amount YOU received; the source of that income; the service rendered or property, whether tangible or intangible, delivered in exchange for any payment; the date on which the payment was received; and, for recurring payments, the frequency of such payments.

**REQUEST FOR PRODUCTION NO. 14**

DOCUMENTS sufficient to show any expenses YOU incurred as an ATHLETE since YOU became a Professional MMA fighter, INCLUDING but not limited to gym fees, management fees, trainer fees, travel expenses, medical expenses, and marketing or promotional costs broken down by date and expense and the extent to which any other PERSON paid or reimbursed YOU for the costs of those expenses.

**REQUEST FOR PRODUCTION NO. 15**

DOCUMENTS sufficient to show any EVENT, INCLUDING any sporting event, tournament, or competition, that YOU participated in, INCLUDING but not limited to MMA, boxing, karate, muay thai, jiu-jitsu, judo, kickboxing, and WRESTLING, the date and location of such EVENTS, tournaments or competitions and whether YOU received any compensation, monetary or otherwise, for participation and/or placement in the EVENT, tournament or competition, and, if so, the amount of such compensation.

**REQUEST FOR PRODUCTION NO. 16**

DOCUMENTS sufficient to show any license YOU have obtained to compete in any professional or amateur sporting event.

**REQUEST FOR PRODUCTION NO. 17**

All DOCUMENTS showing any medical or disciplinary suspension YOU have received in any professional or amateur sport or any other circumstances that prevented YOU from participating for any period of time as an ATHLETE or made you retire from being an ATHLETE.

**REQUEST FOR PRODUCTION NO. 18**

DOCUMENTS sufficient to show any extensions to or tolling of the term of YOUR AGREEMENTS with any PROMOTER, INCLUDING the duration and the reason for the tolling or extension.

**REQUEST FOR PRODUCTION NO. 19**

All DOCUMENTS CONCERNING any COMMUNICATIONS with or about the DEFENDANTS.

**REQUEST FOR PRODUCTION NO. 20**

All COMMUNICATIONS and DOCUMENTS reflecting COMMUNICATIONS YOU have made or received regarding this ACTION or the case *Cung Le et al.* v. *Zuffa, LLC*, No. 2:15-cv-01045-RFB-PAL, INCLUDING COMMUNICATIONS related to any of the allegations in YOUR complaint; COMMUNICATIONS related to any of the allegations in the complaint in *Cung Le et al.* v. *Zuffa, LLC*, No. 2:15-cv-01045-RFB-PAL; and COMMUNICATIONS related to any allegations related to any potential class members in either this ACTION or *Cung Le et al.* v. *Zuffa, LLC*, No. 2:15-cv-01045-RFB-PAL.

**REQUEST FOR PRODUCTION NO. 21**

All statements that YOU have made under oath, INCLUDING but not limited to depositions, declarations, affidavits, or trial testimony relating to any sport or EVENT or YOUR services as an ATHLETE.

**REQUEST FOR PRODUCTION NO. 22**

DOCUMENTS sufficient to identify any legal filing, accusation, claim, judgment, or request for relief that has been made against YOU.

**REQUEST FOR PRODUCTION NO. 23**

Articles of incorporation, charters, bylaws, operating agreements and any other DOCUMENTS relating to any corporate entity in which YOU have an interest or of which YOU are an officer, director, member, and/or partner, INCLUDING those corporate entities which relate in any way to the provision of YOUR services as an ATHLETE.

**REQUEST FOR PRODUCTION NO. 24**

DOCUMENTS sufficient to show all international travel that YOU have engaged in related in any way to YOUR role as an ATHLETE or related to the MMA INDUSTRY, and whether YOU were reimbursed for any expenses incurred in the course of that travel, INCLUDING for airfare, lodging, meals, and local transportation.

**REQUEST FOR PRODUCTION NO. 25**

All DOCUMENTS relating to any publicity materials, resume, publication, article, public appearance, promotional event, internet site content, speech, video, or other media in which YOUR experience or affiliation with the UFC, INCLUDING but not limited to The Ultimate Fighter TV show, is referred to.

**REQUEST FOR PRODUCTION NO. 26**

All DOCUMENTS that support or relate to YOUR claim that YOU have been damaged in any way by ZUFFA's conduct as alleged in YOUR complaint.

**REQUEST FOR PRODUCTION NO. 27**

DOCUMENTS sufficient to show the IDENTITY of all employees, agents, representatives, managers, or any other PERSONS who have acted or have purported to act on YOUR behalf related to YOUR services as an ATHLETE.

**REQUEST FOR PRODUCTION NO. 28**

All DOCUMENTS CONCERNING YOUR submissions to or COMMUNICATIONS with any federal, state or local government entity, INCLUDING all DOCUMENTS or COMMUNICATIONS relating to any complaint or investigation and any submissions or COMMUNICATIONS CONCERNING any license or permit.

**REQUEST FOR PRODUCTION NO. 29**

All DOCUMENTS CONCERNING DEFENDANTS that are not responsive to any other request herein.

Dated: October 13, 2023

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

By: /s/ William A. Isaacson
WILLIAM A. ISAACSON (*pro hac vice*)
(wisaacson@paulweiss.com)
2001 K Street, NW
Washington, DC 20006
Tel: (202) 223-7300; Fax: (202) 223-7420

DONALD J. CAMPBELL (State Bar No. 1216)
(djc@campbellandwilliams.com)
J. COLBY WILLIAMS (State Bar No. 5549)
(jcw@campbellandwilliams.com)
CAMPBELL & WILLIAMS
700 South 7th Street
Las Vegas, Nevada 89101
Tel: (702) 382-5222; Fax: (702) 382-0540

*Attorneys for Defendants Zuffa, LLC, and Endeavor Group Holdings, Inc.*