# EXHIBIT C

**BERGER & MONTAGUE, P.C.**
Eric L. Cramer (admitted *pro hac vice*)
Michael Dell'Angelo (admitted *pro hac vice*)
Patrick F. Madden (admitted *pro hac vice*)
Najah Jacobs (admitted *pro hac vice*)
1818 Market St., Suite 3600
Philadelphia, PA 19103
Phone: (215) 875-3000/Fax: (215) 875-4604
ecramer@bm.net
mdellangelo@bm.net
pmadden@bm.net
njacobs@bm.net

*(Additional counsel appear on signature page)*

*Attorneys for Individual and Representative Plaintiffs Kajan Johnson and Clarence Dollaway*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| KAJAN JOHNSON and CLARENCE DOLLAWAY, on behalf of themselves and all others similarly situated,<br>Plaintiffs,<br><br>v.<br><br>ZUFFA, LLC (d/b/a Ultimate Fighting Championship and UFC), and Endeavor Group Holdings, Inc.,<br>Defendants.. | Case No.: 2:21-cv-01189-RFB-BNW<br><br>PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANTS ZUFFA, LLC, AND ENDEAVOR GROUP HOLDINGS, INC.'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS |

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANTS ZUFFA AND ENDEAVOR GROUP HOLDINGS' FIRST SET OF DOCUMENT REQUESTS ADDRESSED TO PLAINTIFFS**

## GENERAL OBJECTIONS

Plaintiffs object generally to the Instructions, Definitions and Requests, and to each individual Request on the following grounds. Each response set forth below incorporates, is subject to, and does not waive any of these general objections.

1. Plaintiffs object to the Requests to the extent that they are not reasonably calculated to lead to the discovery of admissible evidence, or seek information that is not relevant to any claim or defense of any party.

2. Plaintiffs object to the Requests to the extent they individually or cumulatively purport to impose on Plaintiffs duties and obligations beyond those required by the Federal Rules of Civil Procedure, the Local Rules of Practice in Civil Proceedings before the United States District Court for the District of Nevada, the Standing Orders of Judge Boulware or Magistrate Judge Leen, or other applicable domestic or foreign laws or rules, including but not limited to privacy laws, or what the parties have agreed to or will agree to with regards to an ESI document production protocol, a protective order, any privilege issues, and expert discovery.

3. Plaintiffs object to the Requests to the extent that they may seek identification or production of documents not in Plaintiffs' possession, custody, or control and to the extent the Requests seek to compel the creation of documents by Plaintiffs.

4. Plaintiffs object to the Requests to the extent that they are overbroad, unduly burdensome, vague, ambiguous, or do not specify the documents sought with sufficient particularity. Plaintiffs have collected a substantial amount of electronically-stored information ("ESI"), and searching this information for broad, open-ended requests is unduly burdensome. Plaintiffs will meet and confer with Zuffa concerning narrowing several of the Requests and to establish a protocol for searching and producing ESI, as set forth herein.

5. Plaintiffs object to the Requests to the extent that they seek the disclosure of information that is protected by Federal Rule of Evidence 408, the attorney-client privilege or the

attorney work-product doctrine, or that is otherwise privileged or immune from discovery under any other applicable federal, state or other privilege, exemption or shield.

6. Plaintiffs object to the Requests to the extent that they require Plaintiffs to draw legal conclusions or are predicated on legal conclusions or arguments. Subject to and without waiving any of the Objections, Plaintiffs' Responses are not intended, and may not be construed, as an admission or legal conclusion.

7. Plaintiffs object to the Requests as unduly burdensome and overbroad because they do not contain any time period limitation, and therefore as written potentially implicate a substantial number of documents and volume of information with no possible relevance to any claim in this case.

8. In providing these responses and objections and in producing documents, Plaintiffs do not waive any ground on which they may object to the use of any response, objection or document in subsequent proceedings.

9. Plaintiffs' investigation in this action is ongoing. Plaintiffs therefore reserve the right to supplement these responses.

10. Plaintiffs object to the definitions used by Zuffa to the extent they seek to change the ordinary meaning of the terms identified, or impose obligations on Plaintiffs inconsistent with the Federal Rules. Specifically:

(a) Plaintiffs object to the term "Athlete." As defined the term is unduly broad because it includes any and all forms of sport, includes amateur sports, and includes non-sporting activities such as "action films and theatrical performances."

(b) Plaintiffs object to the term "Bout." As defined the term is unduly broad because it includes any and all forms of fighting contest, including amateur contests.

(c) Plaintiffs object to the term "Combat Sport." It is vague and overbroad. If read broadly, it is not reasonably calculated to lead to the discovery of admissible evidence.

(d) Plaintiffs object to the term "Event." As defined the term is unduly broad because it includes any and all forms of sport and entertainment, includes amateur sports, and includes non-sporting activities such as "concerts" and "theatrical performances."

(e) Plaintiffs object to the term "Other Promoter." As defined, the term is unduly broad because it includes the defined term "Event" and includes amateur sports. Plaintiffs also object to the definition of Other Promoter to the extent that it purports to include "Promoters" which were subsequently acquired, or whose assets were acquired, by ZUFFA to the extent that Plaintiffs are not aware of the identity of each and every Promoter whose assets were acquired by ZUFFA.

(f) Plaintiffs object to the term "Promotional Materials" to the extent that it includes the defined term "Event."

(g) Plaintiffs object to the term "SPONSOR" to the extent that it includes the defined term "Athlete" and "Promoter."

(h) Plaintiffs object to the term "YOU" to the extent that it includes "all persons, including both legal and natural persons, acting or purporting to act on" behalf of each Plaintiff including entities or individuals of whose documents Plaintiffs do not have possession, custody or control.

11. Plaintiffs object to Instructions used by Zuffa to the extent they seek to impose obligations on Plaintiffs inconsistent with the Federal Rules. Specifically:

(a) Plaintiffs object to the extent Zuffa, in seeking "responsive DOCUMENTS in the actual or ***constructive*** possession, control or custody of YOUR employees, agents, representatives, managers, agents or any other person acting or purporting to act on your behalf," attempts to require Plaintiffs to produce documents not in their possession, custody, or control.

(b) Plaintiffs object to the extent the instructions require Plaintiffs to produce documents in a format or fashion that is inconsistent with the ESI Stipulation entered into between Plaintiffs and Zuffa.

(c) Plaintiffs object to the instructions numbers five, nine, and ten to the extent they seek documents protected by attorney-client privilege or the work product doctrine. Plaintiffs will produce no attorney-client communications, or documents that constitute

attorney work product, and will redact such material where only a part of the document is so protected.

(d) Plaintiffs object to the instructions for redaction and identification of withheld and privileged materials to the extent they are inconsistent with the Federal Rules of Civil Procedure.

(e) Plaintiffs object to Instruction number fifteen as unduly burdensome and overbroad to the extent that it seeks information from a broader geographic scope than alleged in Plaintiffs' respective Antitrust Class Action Complaints and therefore seeks information that is not relevant to any claim or defense of any party.

## REQUESTS AND RESPONSES

**REQUEST FOR PRODUCTION NO. 1**

All DOCUMENTS that YOU relied upon in drafting YOUR complaint or that support the allegations in YOUR complaint, INCLUDING all DOCUMENTS quoted, summarized, described, paraphrased, or referred to in YOUR complaint.

**PLAINTIFFS' RESPONSE:**

Plaintiffs object to this Request on the grounds it seeks documents protected by the attorney-client privilege or work product doctrine, and to the extent that it calls for a response that is, itself, work product.

Plaintiffs object to the term "YOU" to the extent that it includes "all persons, including both legal and natural persons, acting or purporting to act on" behalf of each Plaintiff, including "managers, agents, representatives, and attorneys" of whose documents Plaintiffs do not have possession, custody or control.

Subject to, and without waiving, the foregoing objections, Plaintiffs will produce documents quoted, excerpted, identified or referenced in their respective complaints that are in their respective possession, custody or control.

**REQUEST FOR PRODUCTION NO. 2**

All tax returns YOU filed in the past six (6) years, with attached schedules, INCLUDING all federal, state, and local returns YOU filed in the United States and any tax DOCUMENTS YOU filed in any foreign jurisdiction.

**PLAINTIFFS' RESPONSE:**

Plaintiffs object to this Request on the grounds information sought by it is protected by Article I, Section 1 of the California constitution, or other applicable provision of the privacy laws of Nevada or the states in which they reside.

Plaintiffs object to the term "YOU" to the extent that it includes "all persons, including both legal and natural persons, acting or purporting to act on" behalf of each Plaintiff including entities or individuals of whose documents Plaintiffs do not have possession, custody or control.

Plaintiffs object to this Request to the extent it is not reasonably calculated to lead to the admission of relevant evidence. Plaintiffs' tax returns are not relevant to this litigation, especially to the extent that (in seeking seven years' worth of returns) this Request calls for the production of information that predates any of Plaintiffs professional mixed-martial arts careers and seeks information relating to income from activities unrelated to mixed-martial arts. This Request appears calculated to harass Plaintiffs, especially as the information concerning Plaintiffs' income is sought by several other Requests.

Plaintiffs will not produce their tax returns. Subject to, and without waiving, the foregoing objections, Plaintiffs will produce documents sufficient to show their income from mixed-martial arts ("MMA") events, as payment for bouts or other related services, and any sponsorship revenues they have received related to MMA fighting, including merchandising and other payments for use of their identities. Plaintiffs note that many of the responsive documents Zuffa seeks are within Zuffa's possession.

**REQUEST FOR PRODUCTION NO. 3**

All AGREEMENTS between YOU and any PERSON related to the provision of YOUR services or rights in connection with any COMBAT SPORT, INCLUDING participation in any BOUT or competition, serving as a commentator, or making a personal appearance.

**PLAINTIFFS' RESPONSE:**

Plaintiffs object to this Request on the grounds it seeks documents protected by the attorney-client privilege or work product doctrine, such as attorney-client agreements or communications related to legal services. Plaintiffs will produce no such documents.

Plaintiffs object to the term "Bout." As defined the term is unduly broad because it includes any and all forms of fighting contest, including amateur contests.

Plaintiffs object to the term "COMBAT SPORT" as it is vague and overbroad, and to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs object to this Request as it is ambiguous as to time.

Plaintiffs object to the term "YOU" to the extent that it includes "all persons, including both legal and natural persons, acting or purporting to act on" behalf of each Plaintiff including entities or individuals of whose documents Plaintiffs do not have possession, custody or control.

Subject to, and without waiving, the foregoing objections, Plaintiffs will produce all agreements governing their professional MMA fights, MMA appearances that they made, or sponsorship they within their possession, custody or control subject to an agreement regarding the applicable relevant time period.

**REQUEST FOR PRODUCTION NO. 4**

All DOCUMENTS and COMMUNICATIONS between YOU and any PERSON related to any actual or potential provision of YOUR services in connection with any COMBAT SPORT.

**PLAINTIFFS' RESPONSE:**

Plaintiffs object to this Request on the grounds it seeks documents protected by the attorney-client privilege or work product doctrine, such as attorney-client agreements or communications related to legal services. Plaintiffs will produce no such documents.

Plaintiffs object to the term "COMBAT SPORT" as it is vague and overbroad, and to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs object to the term "YOU" to the extent that it includes "all persons, including both legal and natural persons, acting or purporting to act on" behalf of each Plaintiff including entities or individuals of whose documents Plaintiffs do not have possession, custody or control.

Plaintiffs object to this Request as it is ambiguous as to time.

Plaintiffs object that in seeking "ALL DOCUMENTS and COMMUNICATIONS between YOU and any PERSON ***related to*** any actual or potential provision of YOUR services ***in connection with*** any COMBAT SPORT or the provision of your IDENTITY RIGHTS," the Request is overbroad on its face, and responding to it would be unduly burdensome. Specifically, the universe of documents "related to" services Plaintiffs rendered "in connection with" MMA events is undefined and unknowable.

Subject to, and without waiving, the foregoing objections, Plaintiffs will perform a search for and produce documents sufficient to show their participation in professional MMA fights, MMA appearances that they made, or sponsorship they received. Plaintiffs will meet and confer with Zuffa concerning narrowing this Request, and will perform a search for and produce documents and information, if any, responsive to this Request after agreeing to a protocol for searching and producing ESI, subject to an agreement regarding the applicable relevant time period.

**<u>REQUEST FOR PRODUCTION NO. 5</u>**

All DOCUMENTS reflecting any anticompetitive, illegal, monopolistic or improper conduct by any PROMOTER engaged in COMBAT SPORTS.

**<u>PLAINTIFFS' RESPONSE:</u>**

Plaintiffs object to this Request on the grounds it seeks documents protected by the attorney-client privilege or work product doctrine, such as communications related to legal services. Plaintiffs will produce no such documents.

Plaintiffs object to the term "COMBAT SPORT" as it is vague and overbroad, and to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs object to this Request as it is ambiguous as to time.

Plaintiffs object that in seeking "ALL DOCUMENTS reflecting any anticompetitive, illegal, monopolistic or improper conduct," Zuffa fails to reasonably specify the documents sought by this Request, and requests documents that require Plaintiffs to draw legal conclusions and which are predicated on legal conclusions.

Plaintiffs further object to the extent this Request calls for a legal conclusion and improperly places the burden on Plaintiffs to interpret what Zuffa believes constitutes "anticompetitive, illegal, monopolistic or improper conduct."

**REQUEST FOR PRODUCTION NO. 6**

All AGREEMENTS between YOU and any SPONSOR.

**PLAINTIFFS' RESPONSE:**

Plaintiffs object to this Request on the grounds it is, in whole or in part, duplicative or Request No. 3.

Plaintiffs object to the term "SPONSOR" to the extent that it includes the defined term "Athlete" and "Promoter."

Plaintiffs object to the term "YOU" to the extent that it includes "all persons, including both legal and natural persons, acting or purporting to act on" behalf of each Plaintiff including entities or individuals of whose documents Plaintiffs do not have possession, custody or control.

Plaintiffs object that, to the extent this Request calls for documents related to sponsorship outside of MMA fighting, it is not relevant or reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs object to this Request as it is ambiguous as to time.

Subject to, and without waiving, the foregoing objections, Plaintiffs will produce all agreements governing sponsorship they received for professional MMA fighting within their possession, custody or control.

**REQUEST FOR PRODUCTION NO. 7**

All DOCUMENTS and COMMUNICATIONS related to any actual or potential AGREEMENTS between YOU and any SPONSOR, INCLUDING any actual or potential

approach, solicitation, negotiation, inquiry, proposal, regardless of whether such COMMUNICATION resulted in an AGREEMENT.

**PLAINTIFFS' RESPONSE:**

Plaintiffs object to this Request on the grounds it seeks documents protected by the attorney-client privilege or work product doctrine, such as attorney-client agreements or communications related to legal services. Plaintiffs will produce no such documents.

Plaintiffs object to the term "SPONSOR" to the extent that it includes the defined term "Athlete" and "Promoter."

Plaintiffs object to the term "YOU" to the extent that it includes "all persons, including both legal and natural persons, acting or purporting to act on" behalf of each Plaintiff including entities or individuals of whose documents Plaintiffs do not have possession, custody or control.

Plaintiffs object to this Request to the extent that it is, in whole or in part, duplicative of Request Number 3, 4 and 6.

Plaintiffs object to this Request as it is ambiguous as to time. Plaintiffs object that in seeking "All DOCUMENTS and COMMUNICATIONS ***related to*** any actual or potential AGREEMENTS between YOU and any SPONSOR," the Request is overbroad on its face, and responding to it would be unduly burdensome. Specifically, the universe of documents "related to" "any actual or potential … AGREEMENT" is undefined and unknowable.

Plaintiffs object to the Request to the extent that it requires Plaintiffs to search for documents "related to" "any actual or potential approach, solicitation, negotiation, inquiry, proposal, regardless of whether such communication resulted in an AGREEMENT" on the grounds that the Request is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to, and without waiving, the foregoing objections, Plaintiffs will perform a search for and produce documents and information sufficient to show non-privileged communications, if any, with potential sponsors of their MMA careers subject to an agreement regarding the applicable relevant time period.

**REQUEST FOR PRODUCTION NO. 8**

All COMMUNICATIONS or DOCUMENTS between YOU and any PERSON regarding any actual or potential opportunity for YOU related to any SPONSOR.

**PLAINTIFFS' RESPONSE:**

Plaintiffs object to this Request on the grounds it seeks documents protected by the attorney-client privilege or work product doctrine, such as attorney-client agreements or communications related to legal services. Plaintiffs will produce no such documents.

Plaintiffs object to the term "SPONSOR" to the extent that it includes the defined term "Athlete" and "Promoter."

Plaintiffs object to the term "YOU" to the extent that it includes "all persons, including both legal and natural persons, acting or purporting to act on" behalf of each Plaintiff including entities or individuals of whose documents Plaintiffs do not have possession, custody or control.

Plaintiffs object to this Request to the extent that it is, in whole or in part, duplicative or Request Numbers 3, 4, 6 and 7.

**REQUEST FOR PRODUCTION NO. 9**

All DOCUMENTS and COMMUNICATIONS relating to any actual or potential opportunity that YOU contend YOU were unable to exploit as a result of any conduct on the part of ZUFFA or any contractual arrangement to which ZUFFA was or is a party, INCLUDING any opportunity to generate revenue from activities related to MMA or any form of athletic competition, or opportunities relating to SPONSORS or MERCHANDISE.

**PLAINTIFFS' RESPONSE:**

Plaintiffs object to this Request on the grounds it seeks documents protected by the attorney-client privilege or work product doctrine, such as attorney-client communications related to legal services, or documents related to potential expert witnesses. Plaintiffs will produce no such documents.

Plaintiffs object to the term "SPONSORS" to the extent that it includes the defined term "Athlete" and "Promoter."

Plaintiffs object to the term "YOU" to the extent that it includes "all persons, including both legal and natural persons, acting or purporting to act on" behalf of each Plaintiff including entities or individuals of whose documents Plaintiffs do not have possession, custody or control.

Plaintiffs object to this Request to the extent that it is, in whole or in part, duplicative of Request Numbers 4, 7 and 8.

Plaintiffs object that, to the extent this Request calls for documents related to sponsorship outside of MMA fighting, it is not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs object to this Request as it is ambiguous as to time.

Plaintiffs object to the Request to the extent that it requires Plaintiffs to search for documents "related to any actual or potential opportunity that YOU contend you were unable to exploit as a result of any conduct on the part of ZUFFA or any contractual arrangement to which ZUFFA was or is a party" on the grounds that the Request is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to, and without waiving, the foregoing objections, Plaintiffs will perform a search for and produce documents within their possession, custody or control concerning Zuffa's impact on their professional MMA fighting opportunities, merchandising, or sponsorship they received subject to agreeing to a protocol for searching and producing ESI and an agreement regarding the applicable relevant time period Plaintiffs note that many of the responsive documents Zuffa seeks are within Zuffa's possession.

**REQUEST FOR PRODUCTION NO. 10**

All DOCUMENTS and COMMUNICATIONS related to any actual or potential AGREEMENTS entered into between YOU and any PERSON or PROMOTER for YOUR services as an agent, manager, PROMOTER, coach, trainer, cornerman, or other service provided to any ATHLETE, regardless of whether such COMMUNICATION resulted in an actual AGREEMENT.

**PLAINTIFFS' RESPONSE:**

Plaintiffs object to this Request on the grounds it seeks documents protected by the attorney-client privilege or work product doctrine, such as attorney-client agreements or communications related to legal services. Plaintiffs will produce no such documents.

Plaintiffs object to the term "Athlete." As defined the term is unduly broad because it includes any and all forms of sport, includes amateur sports, and includes non-sporting activities such as "action films and theatrical performances."

Plaintiffs object to the terms "YOU" and "YOUR" to the extent that they include "all persons, including both legal and natural persons, acting or purporting to act on" behalf of each Plaintiff including entities or individuals of whose documents Plaintiffs do not have possession, custody or control.

Plaintiffs object to this Request to the extent that it is duplicative, in whole or in part, to Request Number 3.

Plaintiffs object to the Request to the extent that it requires Plaintiffs to search for and produce "All AGREEMENTS" for any "service" on the basis that the Request is overbroad on its face, and responding to it would be unduly burdensome. Specifically, as Zuffa does not identify what "services" are at issue, the term "services" is vague and ambiguous and this Request improperly puts the burden on Plaintiffs to define the term.

Plaintiffs object that, to the extent this Request seeks documents or information unrelated to their MMA careers, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object that, even if the Request relates solely to their MMA careers, the provision of training, and other common athlete services, are not at issue in this litigation.

Plaintiffs object to this Request as it is ambiguous as to time.

Subject to, and without waiving, the foregoing objections, Plaintiffs will produce all agreements governing their professional MMA fights, MMA appearances that they made, or sponsorship they received within their possession, custody or control.

**REQUEST FOR PRODUCTION NO. 11**

All DOCUMENTS and COMMUNICATIONS related to any actual or potential AGREEMENTS entered into between YOU and any PERSON or PROMOTER for activities or services related to YOUR provision of services as an ATHLETE, regardless of whether such COMMUNICATION resulted in an actual AGREEMENT.

**PLAINTIFFS' RESPONSE:**

Plaintiffs object to the Request to the extent that it requires Plaintiffs to search for and produce "All AGREEMENTS entered into between YOU and any OTHER PROMOTER for activities or services ***unrelated*** to YOUR provision of services as an ATHLETE" the Request, on its face, is not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs object to the term "Athlete." As defined the term is unduly broad because it includes any and all forms of sport, includes amateur sports, and includes non-sporting activities such as "action films and theatrical performances."

Plaintiffs object to the term "Other Promoter." As defined, the term is unduly broad because it includes the defined term "Event" and includes amateur sports. Plaintiffs also object to the definition of Other Promoter to the extent that it purports to include "Promoters" which were subsequently acquired, or whose assets were acquired, by ZUFFA" to the extent that Plaintiffs are not aware of the identity of each and every Promoter whose assets were acquired by ZUFFA.

**REQUEST FOR PRODUCTION NO. 12**

DOCUMENTS sufficient to show all compensation paid to YOU by any PROMOTER, INCLUDING but not limited to YOUR base salary, payment or compensation; bonuses of any kind; discretionary payments; signing bonuses; broadcast royalties; PAY-PER-VIEW shares; MERCHANDISE payments; appearance fees; or any other compensation, broken down by date, PROMOTER, amount of payment, and source of revenue.

**PLAINTIFFS' RESPONSE:**

Plaintiffs object that, to the extent this Request seeks documents or information unrelated to their MMA careers, the Request is not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs object to the terms "YOU" and "YOUR" to the extent that they include "all persons, including both legal and natural persons, acting or purporting to act on" behalf of each Plaintiff including entities or individuals of whose documents Plaintiffs do not have possession, custody or control.

Plaintiffs object to this Request to the extent it is duplicative of Request Number 3.

Plaintiffs object to this Request as it is ambiguous as to time.

Subject to, and without waiving, the foregoing objections, Plaintiffs will produce documents sufficient to show their income from MMA events, as payment for bouts or other related services, and any sponsorship revenues they have received related to MMA fighting, including merchandising and other payments for use of their identities.

**<u>REQUEST FOR PRODUCTION NO. 13</u>**

DOCUMENTS sufficient to show all income YOU received from any source other than a PROMOTER since YOU first participated in an MMA fight for compensation, INCLUDING information showing the amount YOU received; the source of that income; the service rendered or property, whether tangible or intangible, delivered in exchange for any payment; the date on which the payment was received; and, for recurring payments, the frequency of such payments.

**<u>PLAINTIFFS' RESPONSE:</u>**

Plaintiffs object to this Request on the grounds information sought by it is protected by Article I, Section 1 of the California constitution, or other applicable provision of the privacy laws of Nevada or the states in which they reside.

Plaintiffs object to the terms "YOU" to the extent that it includes "all persons, including both legal and natural persons, acting or purporting to act on" behalf of each Plaintiff including entities or individuals of whose documents Plaintiffs do not have possession, custody or control.

Plaintiffs object to this Request to the extent that it is duplicative of Requests Number 3 and 14.

Plaintiffs object to this Request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence. The Request for Plaintiffs' income "from any other source other than a PROMOTER since YOU became a Professional MMA fighter," to the extent it is

not relevant or related to their MMA careers, is not reasonably calculated to lead to the discovery of admissible evidence, and appears intended solely to harass Plaintiffs.

Plaintiffs object to this Request as it is ambiguous as to time.

Subject to, and without waiving, the foregoing objections, Plaintiffs will produce documents sufficient to show their income from professional MMA events, as payment for bouts or other related services, and any sponsorship revenues they have received related to MMA fighting, including merchandising and other payments for use of their identities.

**REQUEST FOR PRODUCTION NO. 14**

DOCUMENTS sufficient to show any expenses YOU incurred as an ATHLETE since YOU became a Professional MMA fighter, INCLUDING but not limited to gym fees, management fees, trainer fees, travel expenses, medical expenses, and marketing or promotional costs broken down by date and expense and the extent to which any other PERSON paid or reimbursed YOU for the costs of those expenses.

**PLAINTIFFS' RESPONSE:**

Plaintiffs object to this Request on the grounds information sought by it is protected by Article I, Section 1 of the California constitution, or other applicable provision of the privacy laws of Nevada or the states in which they reside.

Plaintiffs object to the term "Athlete." As defined the term is unduly broad because it includes any and all forms of sport, includes amateur sports, and includes non-sporting activities such as "action films and theatrical performances."

Plaintiffs object to the terms "YOU" to the extent that it includes "all persons, including both legal and natural persons, acting or purporting to act on" behalf of each Plaintiff including entities or individuals of whose documents Plaintiffs do not have possession, custody or control.

Plaintiffs object to this Request to the extent that it is duplicative of Request Number 12.

Plaintiffs object to this Request as it is ambiguous as to time.

Plaintiffs object to this Request on the basis it is overbroad, and responding to it would be unduly burdensome, overbroad and seeks documents and information that are neither relevant to any party's claim or defense nor proportional to the needs of the case. The Request seeks

documents showing "***any*** expenses YOU incurred as an ATHLETE since you became a Professional MMA fighter" and thus fails to identify with reasonable specificity what documents are sought by the Request, and improperly requires Plaintiffs to determine (rather than have Zuffa identify) the class of documents sought.

Plaintiffs will meet and confer with Zuffa concerning the possibility of narrowing the scope of this Request and the applicable relevant time period.

**REQUEST FOR PRODUCTION NO. 15**

DOCUMENTS sufficient to show any EVENT, INCLUDING any sporting event, tournament, or competition, that YOU participated in, INCLUDING but not limited to MMA, boxing, karate, muay thai, jiu-jitsu, judo, kickboxing, and WRESTLING, the date and location of such EVENTS, tournaments or competitions and whether YOU received any compensation, monetary or otherwise, for participation and/or placement in the EVENT, tournament or competition, and, if so, the amount of such compensation.

**PLAINTIFFS' RESPONSE:**

Plaintiffs object that, to the extent this Request seeks documents or information unrelated to their MMA careers, the Request is not reasonably calculated to lead to the admission of relevant evidence. Plaintiffs' object that, to the extent this Request seeks information concerning "amateur" "WRESTLING" or MMA events, it is similarly not relevant or reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs object to the term "Athlete." As defined the term is unduly broad because it includes any and all forms of sport, includes amateur sports, and includes non-sporting activities such as "action films and theatrical performances."

Plaintiffs object to the term "Event." As defined the term is unduly broad because it includes any and all forms of sport and entertainment, includes amateur sports, and includes non-sporting activities such as "concerts" and "theatrical performances."

Plaintiffs object to the terms "YOU" to the extent that it includes "all persons, including both legal and natural persons, acting or purporting to act on" behalf of each Plaintiff including entities or individuals of whose documents Plaintiffs do not have possession, custody or control.

Plaintiffs further object to this Request as it is ambiguous as to time.

Subject to, and without waiving any of the foregoing objections, Plaintiffs will produce documents sufficient to show their compensation for participation in any professional MMA event, and for any boxing, karate, muay thai, jiu-jitsu, judo, kickboxing, or wrestling event during the applicable relevant time period.

**REQUEST FOR PRODUCTION NO. 16**

DOCUMENTS sufficient to show any license YOU have obtained to compete in any professional or amateur sporting event.

**PLAINTIFFS' RESPONSE:**

Plaintiffs object that, to the extent this Request seeks documents or information unrelated to their MMA careers, the Request is not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs object that whether they have a license to compete in "any professional or amateur sporting event" is irrelevant to Plaintiffs' claims for violation of Section 2 of the Sherman Act or any defenses thereto.

Plaintiffs object to the terms "YOU" to the extent that it includes "all persons, including both legal and natural persons, acting or purporting to act on" behalf of each Plaintiff including entities or individuals of whose documents Plaintiffs do not have possession, custody or control.

Plaintiffs object to this Request as it is ambiguous as to time.

Subject to, and without waiving any of the foregoing objections, Plaintiffs will provide information sufficient to show what licenses, if any, they have obtained to compete in MMA events.

**REQUEST FOR PRODUCTION NO. 17**

All DOCUMENTS showing any medical or disciplinary suspension YOU have received in any professional or amateur sport or any other circumstances that prevented YOU from participating for any period of time as an ATHLETE or made you retire from being an ATHLETE.

**PLAINTIFFS' RESPONSE:**

Plaintiffs object that this Request is overbroad, and responding to it would be unduly burdensome. The burden of requiring Plaintiffs to search for documents showing a suspension or injury "in any professional or amateur sport" outweighs any probative value the information could possibly have.

Plaintiffs object to the term "Athlete." As defined the term is unduly broad because it includes any and all forms of sport, includes amateur sports, and includes non-sporting activities such as "action films and theatrical performances."

Plaintiffs object to the terms "YOU" to the extent that it includes "all persons, including both legal and natural persons, acting or purporting to act on" behalf of each Plaintiff including entities or individuals of whose documents Plaintiffs do not have possession, custody or control.

Plaintiffs object that the Request is not reasonably calculated to lead to the discovery of admissible evidence. Whether Plaintiffs have been suspended or injured "in any professional or amateur sport" is irrelevant to Plaintiffs' claims for violation of Section 2 of the Sherman Act or any defenses thereto.

Plaintiffs object to this Request on the grounds information sought by it is protected by Article I, Section 1 of the California constitution, or other applicable provision of the privacy laws of Nevada or the states in which they reside.

Plaintiffs object to this Request as it is ambiguous as to time.

Subject to, and without waiving any of the foregoing objections, Plaintiffs will provide information sufficient to show suspensions they have received, if any, in their professional MMA careers.

**<u>REQUEST FOR PRODUCTION NO. 18</u>**

DOCUMENTS sufficient to show any extensions to or tolling of the term of YOUR AGREEMENTS with any PROMOTER, INCLUDING the duration and the reason for the tolling or extension.

**<u>PLAINTIFFS' RESPONSE:</u>**

Plaintiffs object that, to the extent this Request seeks documents or information unrelated to their MMA careers, the Request is not relevant or reasonably calculated to lead to the admission of relevant evidence.

Plaintiffs object to this Request to the extent that it is, in whole or in part, duplicative or Request No. 3.

Plaintiffs object to the terms "YOUR" to the extent that it includes "all persons, including both legal and natural persons, acting or purporting to act on" behalf of each Plaintiff including entities or individuals of whose documents Plaintiffs do not have possession, custody or control.

Plaintiffs object to this Request as it is ambiguous as to time.

Subject to, and without waiving, the foregoing objections, Plaintiffs will produce final copies of documents or agreements within their possession, custody or control governing their professional MMA fights, that purport to extend or toll such agreements, regarding the relevant time period.

**REQUEST FOR PRODUCTION NO. 19**

All DOCUMENTS CONCERNING any COMMUNICATIONS with or about the DEFENDANTS.

**PLAINTIFFS' RESPONSE:**

Plaintiffs object to this Request on the grounds it seeks documents protected by the attorney-client privilege or work product doctrine, such as communications related to legal services or legal services contracts. Plaintiffs will produce no such documents.

Plaintiffs object that Zuffa's request for "All DOCUMENTS concerning any COMMUNICATIONS with or about the DEFENDANT" is overbroad on its face, and responding to it would be unduly burdensome. Similarly, Zuffa fails to reasonably specify the documents sought by this Request, and places the burden on Plaintiffs to determine what documents "concern" "COMMUNICATIONS" "with or about" Zuffa.

Plaintiffs object that this Request is not reasonably calculated to lead to the discovery of admissible evidence. Many "DOCUMENTS concerning any COMMUNICATIONS with or

about" Zuffa likely have no bearing on Plaintiffs' claims for violation of Section 2 of the Sherman Act, or defenses thereto.

Plaintiffs object to this Request as it is ambiguous as to time.

Subject to, and without waiving, the foregoing objections, Plaintiffs will meet and confer with Zuffa regarding Request.

**REQUEST FOR PRODUCTION NO. 20**

All COMMUNICATIONS and DOCUMENTS reflecting COMMUNICATIONS YOU have made or received regarding this ACTION or the case *Cung Le et al.* v. *Zuffa, LLC*, No. 2:15-cv-01045-RFB-PAL, INCLUDING COMMUNICATIONS related to any of the allegations in YOUR complaint; COMMUNICATIONS related to any of the allegations in the complaint in *Cung Le et al.* v. *Zuffa, LLC*, No. 2:15-cv-01045-RFB-PAL; and COMMUNICATIONS related to any allegations related to any potential class members in either this ACTION or *Cung Le et al.* v. *Zuffa, LLC*, No. 2:15-cv-01045-RFB-PAL.

**PLAINTIFFS' RESPONSE:**

Plaintiffs object to this Request on the grounds it seeks documents protected by the attorney-client privilege or work product doctrine, such as communications related to legal services. Plaintiffs will produce no such documents.

Plaintiffs object to the terms "YOU" to the extent that it includes "all persons, including both legal and natural persons, acting or purporting to act on" behalf of each Plaintiff including entities or individuals of whose documents Plaintiffs do not have possession, custody or control.

Plaintiffs object to this Request on the grounds it seeks documents protected by spousal privilege.

Plaintiffs object to this Request to the extent that it is, in whole or in part, duplicative or Request Number 21, or any of the other Requests.

Plaintiffs object that this Request is overbroad on its face, and responding to it would be unduly burdensome. Zuffa seeks "communications" "regarding this ACTION, including COMMUNICATIONS related to any of the allegations in YOUR or any other Plaintiff's complaint," and does not identify what allegations are the subject of this Request.

Subject to, and without waiving, the foregoing objections, Plaintiffs will meet and confer with Zuffa concerning how to narrow this Request and will perform a search for and produce documents sufficient to show non-privileged documents and communications concerning the allegations of the complaints subject to agreeing to a protocol for searching and producing ESI and the applicable relevant time period.

**REQUEST FOR PRODUCTION NO. 21**

All statements that YOU have made under oath, INCLUDING but not limited to depositions, declarations, affidavits, or trial testimony relating to any sport or EVENT or YOUR services as an ATHLETE.

**PLAINTIFFS' RESPONSE:**

Plaintiffs object that, to the extent this Request seeks documents or information that are subject to a governmental investigative privilege, protective or other court order or are unrelated to their professional MMA careers, the Request is not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs object that whether they have made statements under oath "relating to any sport or EVENT or … services as an ATHLETE" is irrelevant to Plaintiffs' claims for violation of Section 2 of the Sherman Act or any defenses thereto.

Plaintiffs object to the term "Athlete." As defined the term is unduly broad because it includes any and all forms of sport, includes amateur sports, and includes non-sporting activities such as "action films and theatrical performances."

Plaintiffs object to the terms "YOU" and "YOUR" to the extent that they include "all persons, including both legal and natural persons, acting or purporting to act on" behalf of each Plaintiff including entities or individuals of whose documents Plaintiffs do not have possession, custody or control.

Plaintiffs object to this Request as it is ambiguous as to time.

Plaintiffs object that this Request is overbroad on its face, and responding to it would be unduly burdensome. Zuffa's request for "***All*** statements that YOU have made under oath, including but not limited to depositions, declarations, affidavits, or trial testimony ***relating to any*** sport or

EVENT or … services as an ATHLETE," improperly seeks testimony and statements from litigation that only tangentially relates to "a sport" or "services" provided by Plaintiffs.

Subject to, and without waiving any of the foregoing objections, Plaintiffs will provide testimony provided by them under oath within their possession, custody or control, if any, relating to their professional MMA careers.

**REQUEST FOR PRODUCTION NO. 22**

DOCUMENTS sufficient to identify any legal filing, accusation, claim, judgment, or request for relief that has been made against YOU.

**PLAINTIFFS' RESPONSE:**

Plaintiffs object that, to the extent this Request seeks documents or information unrelated to their MMA careers, the Request is not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs object that the terms "accusation," "claim," and "request for relief" are vague and ambiguous unless limited to legal filings. It would be impossible to identify any and all "accusations," "claims," or "requests for relief" made against anyone unless those terms are interpreted as limited to legal filings.

Plaintiffs object to the terms "YOU" and "YOUR" to the extent that they include "all persons, including both legal and natural persons, acting or purporting to act on" behalf of each Plaintiff including entities or individuals of whose documents Plaintiffs do not have possession, custody or control.

Plaintiffs object to this Request on the grounds it seeks documents protected by the attorney-client privilege or work product doctrine, such as communications related to legal services, or attorney work product related to corporate entities. Plaintiffs will produce no such documents.

Subject to, and without waiving any of the foregoing objections, Plaintiffs will provide documents sufficient to identify legal claims made against them relating to their professional MMA careers, subject to an agreement regarding the applicable relevant time period.

**REQUEST FOR PRODUCTION NO. 23**

Articles of incorporation, charters, bylaws, operating agreements and any other DOCUMENTS relating to any corporate entity in which YOU have an interest or of which YOU are an officer, director, member, and/or partner, INCLUDING those corporate entities which relate in any way to the provision of YOUR services as an ATHLETE.

**PLAINTIFFS' RESPONSE:**

Plaintiffs object that, to the extent this Request seeks documents or information unrelated to their MMA careers, the Request is not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs object that the information sought concerning corporate entities that are not related to "the provision of … services or IDENTITY as an ATHLETE" are patently irrelevant. Similarly, the request for "[a]rticles of incorporation, charters, bylaws, operating agreements and any other DOCUMENTS relating to any corporate entity in which" Plaintiffs have an interest and which are not related to their professional MMA careers is not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs object to the term "Athlete." As defined the term is unduly broad because it includes any and all forms of sport, includes amateur sports, and includes non-sporting activities such as "action films and theatrical performances."

Plaintiffs object to the terms "YOU" and "YOUR" to the extent that they include "all persons, including both legal and natural persons, acting or purporting to act on" behalf of each Plaintiff including entities or individuals of whose documents Plaintiffs do not have possession, custody or control.

Plaintiffs object to this Request on the grounds it seeks documents protected by the attorney-client privilege or work product doctrine, such as communications related to legal services, or attorney work product related to corporate entities. Plaintiffs will produce no such documents.

Subject to, and without waiving any of the foregoing objections, Plaintiffs will provide articles of incorporation, charters, bylaws, or operating agreements for any corporate entity

Plaintiffs own or control that relates to their professional MMA careers, subject to an agreement regarding the applicable relevant time period.

**REQUEST FOR PRODUCTION NO. 24**

DOCUMENTS sufficient to show all international travel that YOU have engaged in related in any way to YOUR role as an ATHLETE or related to the MMA INDUSTRY, and whether YOU were reimbursed for any expenses incurred in the course of that travel, INCLUDING for airfare, lodging, meals, and local transportation.

**PLAINTIFFS' RESPONSE:**

Plaintiffs object that, to the extent this Request seeks information beyond their professional MMA careers, the Request is not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs object to the term "Athlete." As defined the term is unduly broad because it includes any and all forms of sport, includes amateur sports, and includes non-sporting activities such as "action films and theatrical performances."

Plaintiffs object to the terms "YOU" to the extent that it includes "all persons, including both legal and natural persons, acting or purporting to act on" behalf of each Plaintiff including entities or individuals of whose documents Plaintiffs do not have possession, custody or control.

Plaintiffs object to this Request as it is ambiguous as to time.

Plaintiffs object that this Request is overly broad, and responding to it would be unduly burdensome, to the extent it requires Plaintiffs to compile records related to airfare, lodging, meals, and local transportation for their entire careers.

Subject to, and without waiving any of the foregoing objections, Plaintiffs will meet and confer with Zuffa concerning the possibility of narrowing this Request, and will perform a search for and produce documents and information, if any, responsive to this Request after agreeing to a protocol for searching and producing ESI, subject to an agreement regarding the applicable relevant time period.

**REQUEST FOR PRODUCTION NO. 25**

All DOCUMENTS relating to any publicity materials, resume, publication, article, public appearance, promotional event, internet site content, speech, video, or other media in which YOUR experience or affiliation with the UFC, INCLUDING but not limited to The Ultimate Fighter TV show, is referred to.

**PLAINTIFFS' RESPONSE:**

Plaintiffs object to this Request to the extent that it seeks documents not in their possession, custody, and control.

Plaintiffs object to the terms "YOUR" to the extent that it includes "all persons, including both legal and natural persons, acting or purporting to act on" behalf of each Plaintiff including entities or individuals of whose documents Plaintiffs do not have possession, custody or control.

Plaintiffs object to this Request on the grounds it seeks documents protected by the attorney-client privilege or work product doctrine, such as communications related to legal services. Plaintiffs will produce no such documents.

Plaintiffs object that this Request is overly broad on its face, and responding to it would be unduly burdensome, to the extent it requires Plaintiffs to search for and produce "All DOCUMENTS ***relating to*** any publicity materials, resume, publication, article, public appearance, promotional event, internet site content, speech, video, or other media in which YOUR experience or affiliation with the UFC, including but not limited to The Ultimate Fighter TV show, is referred to." Documents "relating to" the subject matter of this Request is undefined and unknowable universe of materials. Plaintiffs further object to the extent that it requires Plaintiffs to determine, rather than have Zuffa identify, the documents that are sought by this Request.

Plaintiffs also object to the Request because it prematurely seeks information which is the subject of expert testimony, fact discovery is not complete and Zuffa has not completed its production of documents and information necessary to evaluate damages in this action.

Subject to, and without waiving any of the foregoing objections, Plaintiffs will produce any publicity materials in their possession, custody or control created by Plaintiffs or on their

behalf that are related to the UFC, and will meet and confer with Zuffa regarding the remainder of the scope of this Request.

**REQUEST FOR PRODUCTION NO. 26**

All DOCUMENTS that support or relate to YOUR claim that YOU have been damaged in any way by ZUFFA's conduct as alleged in YOUR complaint.

**PLAINTIFFS' RESPONSE:**

Plaintiffs object to this Request on the grounds it seeks documents protected by the attorney-client privilege or work product doctrine, such as communications related to legal services. Plaintiffs object that damages will be the subject of expert discovery, and object to the extent this Request seeks documents related to expert witness work product. Plaintiffs will produce no such documents.

Plaintiffs object to the terms "YOU" and "YOUR" to the extent that they include "all persons, including both legal and natural persons, acting or purporting to act on" behalf of each Plaintiff including entities or individuals of whose documents Plaintiffs do not have possession, custody or control.

Plaintiffs object to this Request to the extent that it is duplicative of Requests Numbers 14, 15, and 17.

Plaintiffs object to this Request as it is ambiguous as to time.

Plaintiffs object that this Request is overly broad on its face, and responding to it would be unduly burdensome, to the extent it requires Plaintiffs to search for and produce "All DOCUMENTS that ***support or relate to*** YOUR claim that YOU have been damaged." Documents that "support or relate to" Plaintiffs' damages is undefined and unknowable universe of materials.

Plaintiffs also object to the Request because it prematurely seeks information which is the subject of expert testimony, fact discovery is not complete and Zuffa has not completed its production of documents and information necessary to evaluate damages in this action.

Subject to, and without waiving, the foregoing objections, Plaintiffs will produce documents sufficient to show their income from professional MMA events, as payment for bouts

or other related services, and any sponsorship revenues they have received related to MMA fighting, including merchandising and other payments for use of their identities. . Plaintiffs note that many of the responsive documents Zuffa seeks are within Zuffa's possession.

**REQUEST FOR PRODUCTION NO. 27**

DOCUMENTS sufficient to show the IDENTITY of all employees, agents, representatives, managers, or any other PERSONS who have acted or have purported to act on YOUR behalf related to YOUR services as an ATHLETE.

**PLAINTIFFS' RESPONSE:**

Plaintiffs object that, to the extent this Request seeks information beyond their professional MMA careers, the Request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs object to the term "Athlete." As defined the term is unduly broad because it includes any and all forms of sport, includes amateur sports, and includes non-sporting activities such as "action films and theatrical performances."

Plaintiffs object to the terms "YOUR" to the extent that it includes "all persons, including both legal and natural persons, acting or purporting to act on" behalf of each Plaintiff including entities or individuals of whose documents Plaintiffs do not have possession, custody or control.

Plaintiffs object to this Request as it is ambiguous as to time.

Plaintiffs object that this Request is overly broad, vague and ambiguous, and responding to it would be unduly burdensome, to the extent it requires Plaintiffs to compile records related to "YOUR services as an ATHLETE" for employees, agents, representatives, managers, or any other persons who have acted or purported to act on their behalf for their entire careers as ATHLETES.

Plaintiffs object to this Request to the extent it seeks to compel Plaintiffs to create documents as opposed to producing existing documents in their possession or under their control. This Request may be appropriate for other forms of discovery, such as an Interrogatory.

Subject to, and without waiving any of the foregoing objections, Plaintiffs will produce materials in their possession, custody or control sufficient to identify employees, agents,

representatives, managers, or other persons who have acted on their behalf related to their professional MMA careers.

**REQUEST FOR PRODUCTION NO. 28**

All DOCUMENTS CONCERNING YOUR submissions to or COMMUNICATIONS with any federal, state or local government entity, INCLUDING all DOCUMENTS or COMMUNICATIONS relating to any complaint or investigation and any submissions or COMMUNICATIONS CONCERNING any license or permit.

**PLAINTIFFS' RESPONSE:**

Plaintiffs object to this Request on the grounds it seeks documents protected by the attorney-client privilege or work product doctrine, such as communications related to legal services, as well as documents covered by relevant whistleblower protections. Plaintiffs will produce no such documents.

Plaintiffs object to the terms "YOUR" to the extent that it includes "all persons, including both legal and natural persons, acting or purporting to act on" behalf of each Plaintiff including entities or individuals of whose documents Plaintiffs do not have possession, custody or control.

Plaintiffs object to this Request to the extent that it seeks documents that may be protected by applicable governmental investigative privileges.

Plaintiffs object to the extent any information sought by this Request is protected by a privilege held by law enforcement officials, or government agencies, related to their investigations.

Plaintiffs object to this Request as it is ambiguous as to time.

Plaintiffs object to the extent that this Request is duplicative of any of Zuffa's other Requests.

Plaintiffs object that this Request is overly broad on its face, and responding to it would be unduly burdensome, to the extent it requires Plaintiffs to search for and produce "All DOCUMENTS ***concerning*** YOUR submissions to or COMMUNICATIONS with any federal state or local government entity, including all DOCUMENTS or COMMUNICATIONS ***relating***

***to*** any complaint or investigation and any submissions or COMMUNICATIONS concerning any license or permit."

Plaintiffs object to this Request to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs will neither search for nor produce documents pertaining to "any complaint or investigation and any submissions or COMMUNICATIONS concerning any license or permit" that does not concern the subject matter of this litigation.

Subject to the foregoing objections and further incorporating their objections to Request Number 18, Plaintiffs will produce documents regarding communications relating to licenses, if any, responsive to Request Number 18.

Respectfully Submitted,

By: /s/ Benjamin D. Brown

COHEN MILSTEIN SELLERS & TOLL, PLLC
Benjamin D. Brown (admitted pro hac vice)
Richard A. Koffman (admitted pro hac vice)
Daniel H. Silverman (admitted pro hac vice)
1100 New York Ave., N.W., Suite 500, East Tower
Washington, DC 20005
Phone: (202) 408-4600/Fax: (202) 408 4699
bbrown@cohenmilstein.com
rkoffman@cohenmilstein.com
dsilverman@cohenmilstein.com

JOSEPH SAVERI LAW FIRM, LLP
Joseph R. Saveri (admitted pro hac vice)
Kevin E. Rayhill (admitted pro hac vice)
601 California Street, Suite 1000
San Francisco, California 94108
Phone: (415) 500-6800/Fax: (415) 395-9940
jsaveri@saverilawfirm.com
krayhill@saverilawfirm.com

BERGER MONTAGUE PC
Eric L. Cramer (admitted pro hac vice)
Michael C. Dell'Angelo (admitted pro hac vice)
Patrick F. Madden (admitted pro hac vice)
Najah Jacobs (admitted pro hac vice)
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Phone: (215) 875-3000/Fax: (215) 875-4604
ecramer@bm.net
mdellangelo@bm.net
pmadden@bm.net
njacobs@bm.net

BERGER MONTAGUE PC
Joshua P. Davis (admitted pro hac vice)
505 Montgomery Street, Suite 625
San Francisco, CA 94111
jdavis@bm.net

Co-Lead Counsel for the Class and Attorneys for Individual and Representative Plaintiffs Kajan Johnson and Clarence Dollaway.

KEMP JONES, LLP
Don Springmeyer (Nevada Bar No. 1021)
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, Nevada 89169
(702) 385-6000/Fax: (702) 385-6001
d.springmeyer@kempjones.com

Liaison Counsel for the Class and Attorneys for Individual and Representative Plaintiffs Kajan Johnson and Clarence Dollaway

WARNER ANGLE HALLAM JACKSON & FORMANEK PLC
Robert C. Maysey (admitted pro hac vice)
Jerome K. Elwell (admitted pro hac vice)
2555 E. Camelback Road, Suite 800
Phoenix, AZ 85016
Phone: (602) 264-7101/Fax: (602) 234-0419
rmaysey@warnerangle.com
jelwell@warnerangle.com

Counsel for the Class and Attorneys for Individual and Representative Plaintiffs Kajan Johnson and Clarence Dollaway.