# EXHIBIT Q

**Joseph Axelrad**
Direct Dial: +1.213.891.8002
joseph.axelrad@lw.com

10250 Constellation Blvd., Suite 1100
Los Angeles, California 90067
Tel: +1.424.653.5500 Fax: +1.424.653.5501
www.lw.com

LATHAM & WATKINS LLP

FIRM / AFFILIATE OFFICES
Austin, Beijing, Boston, Brussels, Chicago, Dubai, Düsseldorf, Frankfurt, Hamburg, Hong Kong, Houston, London, Los Angeles, Madrid, Milan, Munich, New York, Orange County, Paris, Riyadh, San Diego, San Francisco, Seoul, Silicon Valley, Singapore, Tel Aviv, Tokyo, Washington, D.C.

September 11, 2026

**VIA EMAIL**

Michael C. Dell'Angelo
Patrick Madden
Eric Cramer
Berger Montague PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103

Re: *Johnson v. Zuffa, LLC*, Case No. 2:21-cv-01189 (D. Nev.); *Davis v. Zuffa, LLC*, Case No. 2:25-cv-00946 (D. Nev.)

Counsel:

We write on behalf of Defendants Zuffa, LLC and TKO Operating Company, LLC ("Zuffa and TKO") regarding further deficiencies Zuffa and TKO have recently identified in Plaintiffs' document productions. Zuffa and TKO have determined that the Named Plaintiffs used several commercial platforms to market and advertise their services as promoters, coaches, trainers, or otherwise, often leveraging their experience or affiliation with the UFC. As Plaintiffs know, such documents are squarely responsive to several Requests for Production ("RFPs") served by Zuffa, TKO, and Endeavor in this matter. Relevant and responsive documents include, among other materials, current and former platform account content, platform account records, revenue and other financial records, agreements with platform providers, and customer transaction data. Plaintiffs' productions appear to contain only passing references to activities on such platforms in screenshots and messages. Passing references are no substitute for the underlying records themselves, which must be produced immediately.

For example, it is apparent from Plaintiffs' productions that Named Plaintiff Kajan Johnson used Kajabi—a commercial platform that enables users to sell digital products and merchandise, manage online businesses, and conduct e-commerce activities—to host, market, sell, and distribute his "Pro Fight Guide," a digital product touting his career as a professional UFC fighter. *See, e.g.*, JOHNSONPLTFF0007322, JOHNSONPLTFF0007384, JOHNSONPLTFF0019102 at -108. Likewise, Zuffa and TKO have determined that Mr. Johnson sells his services as a combat sports trainer and related merchandise through kajanjohnsonmma.com, which repeatedly references his career in the UFC. And it also appears that Mr. Johnson used Google and Meta ads to promote himself and his products. *See, e.g.*, JOHNSONPLTFF0043048 at -062, JOHNSONPLTFF0019401 at -403, JOHNSONPLTFF0019153 at -158. Yet Zuffa and TKO have been unable to locate in Plaintiffs' productions the substantive documents associated with Mr. Johnson's Kajabi account, his website, or his ads—including the Pro Fight Guide content,

LATHAM & WATKINS LLP

substantive content from kajanjohnsonmma.com, account registration records, gym membership records, revenue and transaction data, or any other substantive materials associated with any of these platforms. The aforementioned platforms are merely examples that Zuffa and TKO have been able to identify through review of Plaintiffs' incomplete productions and publicly available information. Any other similar materials in the Named Plaintiffs' possession, custody, or control must also be produced.

Such documents would be responsive to multiple RFPs served by Defendants, including, but not limited to, RFP No. 25 (publicity materials, promotional events, internet site content, other media); RFP No. 13 (sources of income); and RFP No. 10 (services provided to any athlete). Plaintiffs have offered no justification for their failure to produce them.

Accordingly, Zuffa and TKO request that Plaintiffs immediately produce all documents and communications relating to or generated through the Named Plaintiffs' use of commercial digital platforms, such as kajanjohnsonmma.com, Kajabi, YouTube, Instagram, Google Ads, Meta Ads, or any other similar forum through which any of the Named Plaintiffs promoted, marketed, sold, or distributed their services or other products that include any reference to the UFC, including, but not limited to: account registration and subscription records, website content, pages, posts, and digital products hosted on any such platform, and transaction records, invoices, receipts, and financial statements reflecting any revenue generated through any such platform. To the extent that Plaintiffs have produced responsive information, Zuffa and TKO request that Plaintiffs immediately identify those documents by Bates number.

Please confirm by **September 15, 2026** whether Plaintiffs will comply with the foregoing requests, and provide a timeline for doing so. Zuffa and TKO reserve all rights.

Respectfully,

*/s/ Joseph Axelrad*
Joseph Axelrad
of LATHAM & WATKINS LLP

cc: Counsel of Record