# EXHIBIT R

| | |
|---|---|
| **From:** | Daniel Gifford |
| **To:** | Carvalho Anderson, Dixon (LA); Michael Dell"Angelo; Patrick Madden; Benjamin D. Brown; Robert Maysey; dzastrow@bergermontague.com; Diane Werwinski; Richard A. Koffman; Daniel Silverman; Joseph Saveri; Kevin Rayhill; Christopher Young; Itak Moradi; Amara Getzell; Bruckner, W. Joseph; Pozan, Kyle J.; amraak@locklaw.com; Hope, Ruth |
| **Cc:** | Yates, Chris (Bay Area); Berkowitz, Sean (CH); Chiu, Aaron (Bay Area); Johnson, David (DC); Washington, Laura (LA); #C-M UFC JOHNSON - SENIOR - LW TEAM; Tercero, Gina (ATX); WIsaacson@dirllp.com; JPhillips@dirllp.com; APetty@dirllp.com; BCabranes@dirllp.com; ybarkai@dirllp.com; MKaminer@dirllp.com; JHoldip@dirllp.com; srm@cwlawlv.com; pre@cwlawlv.com; mts@cwlawlv.com; rkay@mcdonaldcarano.com; edennis@mcdonaldcarano.com; maarenshah@quinnemanuel.com; samirashid@quinnemanuel.com; ellisonmerkel@quinnemanuel.com; kristintahler@quinnemanuel.com; willsears@quinnemanuel.com; qe-endeavor-ufc@quinnemanuel.com |
| **Subject:** | RE: 21-cv-01189-RFB-BNW Johnson et al v. Zuffa, LLC et al |
| **Date:** | Tuesday, September 22, 2026 10:00:11 PM |
| **Attachments:** | image009.png<br>image010.png<br>image011.png<br>image012.png<br>image013.png<br>image014.png<br>image015.png<br>image001.png |

Dixon:

Plaintiffs disagree with your characterization of the parties' dispute, as well as your conclusion that this dispute is not subsumed by Defendants' pending Motion to Compel.

First, your email entirely ignores the key issue Plaintiffs raised in our September 15 response: that the UFC's September 11 letter "does not contend that the described documents are responsive to Defendants' First RFPs *subject to Plaintiffs' R&Os*" (emphasis added).

As the UFC is aware, Plaintiffs served timely responses and objections to Defendants' First RFPs almost three years ago. These R&Os objected to Defendants' significantly overbroad RFPs and, for each request, made a clear offer of production. Defendants did not respond to this offer for the next 20 months leading up to the July 2025 substantial completion deadline. Based on their uncontested offer of production, Plaintiffs, unlike the UFC, met that deadline. The UFC then remained silent for nearly another year; only recently, after Defendants' own widespread spoliation became apparent, did the UFC launch this last-ditch gambit to reopen Plaintiffs' substantially complete production.

Defendants' pending Motion to Compel demands that Plaintiffs "collect, review, and produce all documents and communications responsive to the First RFPs, regardless of the application on which they are stored," *and regardless of Plaintiffs' R&Os*. Defs.' Mot. at 16. As Plaintiffs argued in response, the threshold flaw in Defendants' Motion is that it is untimely: After ignoring Plaintiffs' offer of production for two and a half years, allowing Plaintiffs to conduct a linear review pursuant to their R&Os, and failing to respond to Plaintiffs' production for nearly another year thereafter, Defendants waived their ability to reopen those objections and litigate them in the first instance. *See* Pls.' Opp'n at 13-16.

Now, with that Motion pending, the UFC makes an identical demand: that Plaintiffs

"immediately produce all documents and communications relating to or generated through the Named Plaintiffs' use of commercial digital platforms" because these documents are allegedly "squarely responsive to several Requests for Production ('RFPs')" in Defendants' First RFPs. Even if the broad, never-before-requested discovery listed in the UFC's September 11 letter—including "among other materials, current and former platform account content, platform account records, revenue and other financial records, agreements with platform providers, and customer transaction data," Ltr. at 1—were responsive to the First RFPs as written (which is far from clear), the UFC *does not even argue* that these materials fall within Plaintiffs' offer of production. As a result, even on the UFC's own terms, Plaintiffs' alleged obligation to investigate, review, and produce this information outside the scope of their R&Os turns squarely on the Court's resolution of Defendants' Motion.

Second, even aside from this dispositive threshold issue, the UFC's September 11 letter is subsumed by the Motion on its merits. The sole example of "Plaintiffs' use of commercial digital platforms" that the UFC cites is Kajan Johnson's post-retirement use of online platforms to advertise his private, non-UFC-affiliated training services and merchandise. But a core question at issue in Defendants' Motion is whether precisely these post-retirement activities are relevant. Defendants' Motion argues that Kajan Johnson's post-career business communications are relevant to "Plaintiff Johnson's ability to leverage his status as a former UFC fighter to profit as a coach, trainer, and/or gym owner—all of which go to the offsetting benefits of the UFC's alleged conduct under the rule of reason." Defs.' Mot. at 12. Plaintiffs' Opposition explains that "this argument is nonsense," as "Defendants do not explain what a fighter's post-career operation of an MMA gym—while potentially 'beneficial' to him in a colloquial sense—has to do with the distinct economic concept of 'procompetitive benefits' to challenged conduct under the rule of reason." Pls.' Opp'n at 17.

The UFC's September 11 letter reprises this exact argument, demanding "commercial platform" documents relating to Plaintiffs' post-career "leveraging [of] their experience or affiliation with the UFC" to "market and advertise their services as promoters, coaches, trainers, or otherwise." Ltr. at 1. But the relevance of such documents is directly at issue in Defendants' pending Motion. Indeed, Defendants' Reply brief discussed Kajan Johnson's website—documents relating to which the UFC's September 11 letter demands—at length as an example of evidence within the scope of the parties' dispute. Defs.' Reply at 6-7.

The UFC's September 11 letter thus demands a) that Plaintiffs produce documents without regard to their R&Os, and b) that Plaintiffs produce a broad swath of post-retirement documents relating to their private businesses. Each of these issues is squarely presented by Defendants' pending Motion, and the Court's decision on that Motion will determine what—if any—obligation Plaintiffs have to produce the requested discovery. Until that Motion is decided, it would be a waste of judicial resources and the parties' time to brief an entirely overlapping dispute.

Finally, Plaintiffs note that the UFC again appears intent on prematurely bringing a dispute to

the Court without satisfying Rule 37's meet-and-confer requirement. The UFC's demand—issued after business hours on Friday, September 18—that Plaintiffs agree, under threat of a motion to compel, to produce all requested documents by the following Monday, September 21, does not come close to a "good faith" attempt to meet and confer on the dispute. *See* Fed. R. Civ. P. 37(a)(1). Plaintiffs urge the UFC to reconsider its continued disregard of the Federal Rules' requirements, and we remain available to meet and confer on these issues. If the UFC persists in filing a duplicative motion to compel, Plaintiffs reserve all rights to pursue remedies for such bad-faith, unnecessary multiplication of the proceedings.

Best,

**Daniel Gifford**
Associate
COHENMILSTEIN

**Cohen Milstein Sellers & Toll LLP**
88 Pine Street
New York, NY 10005
direct 212.838.7797 | mobile

website | map

*This e-mail was sent from Cohen Milstein Sellers & Toll LLP. It may contain information that is privileged and confidential. If you suspect that you were not intended to receive it, please delete it and notify us as soon as possible.*

---

**From:** Dixon.CarvalhoAnderson@lw.com <Dixon.CarvalhoAnderson@lw.com>
**Sent:** Saturday, September 19, 2026 12:58 AM
**To:** Michael Dell'Angelo <mdellangelo@bergermontague.com>; Patrick Madden <pmadden@bergermontague.com>; Benjamin D. Brown <bbrown@cohenmilstein.com>; Robert Maysey <rmaysey@bergermontague.com>; dzastrow@bergermontague.com; Diane Werwinski <dwerwinski@bergermontague.com>; Richard A. Koffman <RKoffman@cohenmilstein.com>; Daniel Silverman <dsilverman@cohenmilstein.com>; Daniel Gifford <dgifford@cohenmilstein.com>; Joseph Saveri <jsaveri@saverilawfirm.com>; Kevin Rayhill <krayhill@saverilawfirm.com>; Christopher Young <cyoung@saverilawfirm.com>; Itak Moradi <IMoradi@saverilawfirm.com>; Amara Getzell <Agetzell@saverilawfirm.com>; Bruckner, W. Joseph <wjbruckner@locklaw.com>; Pozan, Kyle J. <kjpozan@locklaw.com>; amraak@locklaw.com; Hope, Ruth <rhope@locklaw.com>
**Cc:** Chris.Yates@LW.com; Sean.Berkowitz@lw.com; Aaron.Chiu@lw.com; David.Johnson@lw.com; Laura.Washington@lw.com; UFCJOHNSONSENIOR.LWTEAM@lw.com; Gina.Tercero@lw.com; WIsaacson@dirllp.com; JPhillips@dirllp.com; APetty@dirllp.com; BCabranes@dirllp.com; ybarkai@dirllp.com; MKaminer@dirllp.com; JHoldip@dirllp.com; srm@cwlawlv.com; pre@cwlawlv.com; mts@cwlawlv.com; rkay@mcdonaldcarano.com; edennis@mcdonaldcarano.com; maarenshah@quinnemanuel.com; samirashid@quinnemanuel.com; ellisonmerkel@quinnemanuel.com; kristintahler@quinnemanuel.com; willsears@quinnemanuel.com; qe-endeavor-

ufc@quinnemanuel.com
**Subject:** RE: 21-cv-01189-RFB-BNW Johnson et al v. Zuffa, LLC et al

Michael,

Defendants revise their request for response to September 22. We appreciate Plaintiffs' consideration of the Jewish holiday, and it was, of course, not our intention to inconvenience anyone who will be observing. In the future, feel free to call to sort issues like this out.

Best,
Dixon

---

**From:** Michael Dell'Angelo <mdellangelo@bergermontague.com>
**Sent:** Friday, September 18, 2026 8:01 PM
**To:** Carvalho Anderson, Dixon (LA) <Dixon.CarvalhoAnderson@lw.com>; Patrick F. Madden <pmadden@bergermontague.com>; Benjamin Brown <bbrown@cohenmilstein.com>; Robert Maysey <rmaysey@bergermontague.com>; Dennie Zastrow <dzastrow@bergermontague.com>; Diane Werwinski <dwerwinski@bergermontague.com>; Richard A. Koffman <rkoffman@cohenmilstein.com>; Daniel Silverman <dsilverman@cohenmilstein.com>; Danny Gifford <dgifford@cohenmilstein.com>; Joseph Saveri <jsaveri@saverilawfirm.com>; Kevin Rayhill <krayhill@saverilawfirm.com>; Christopher Young <cyoung@saverilawfirm.com>; Itak Moradi <imoradi@saverilawfirm.com>; Amara Getzell <Agetzell@saverilawfirm.com>; Joe Bruckner <WJBruckner@Locklaw.com>; Kyle J. Pozan <kjpozan@locklaw.com>; Amber Amraak <amraak@locklaw.com>; rhope@locklaw.com
**Cc:** Yates, Chris (Bay Area) <Chris.Yates@LW.com>; Berkowitz, Sean (CH) <Sean.Berkowitz@lw.com>; Chiu, Aaron (Bay Area) <Aaron.Chiu@lw.com>; Johnson, David (DC) <David.Johnson@lw.com>; Washington, Laura (LA) <Laura.Washington@lw.com>; #C-M UFC JOHNSON - SENIOR - LW TEAM <UFCJOHNSONSENIOR.LWTEAM@lw.com>; Tercero, Gina (ATX) <Gina.Tercero@lw.com>; WIsaacson@dirllp.com; JPhillips@dirllp.com; APetty@dirllp.com; BCabranes@dirllp.com; ybarkai@dirllp.com; MKaminer@dirllp.com; JHoldip@dirllp.com; srm@cwlawlv.com; pre@cwlawlv.com; mts@cwlawlv.com; rkay@mcdonaldcarano.com; edennis@mcdonaldcarano.com; maarenshah@quinnemanuel.com; samirashid@quinnemanuel.com; ellisonmerkel@quinnemanuel.com; kristintahler@quinnemanuel.com; willsears@quinnemanuel.com; qe-endeavor-ufc@quinnemanuel.com
**Subject:** RE: 21-cv-01189-RFB-BNW Johnson et al v. Zuffa, LLC et al

Dixon:

Plaintiffs will respond to the substance of your email which, on an initial read, we disagree with.

Presently, we write only to address Defendants' demand that Plaintiffs respond to their request of Friday, September 21 at 5:42 pm PT, by Monday, September 21, under threat of a motion to compel (without a meet and confer) if Plaintiffs fail to confirm that they will agree to produce the requested documents. Monday, September 21 is Yom Kippur. Yom Kippur begins at sundown on Sunday, September 20, 2026, and ends at nightfall on Monday, September 21, 2026.

As you know, when Plaintiffs asked the Court to set a date certain for the production of Defendants' long overdue spoliation protocol, counsel for Zuffa and the UFC immediately contacted to counsel for Plaintiffs to request that the proposed due date be moved from September 21 to September 24 to accommodate their observance of Yom Kippur. Plaintiffs immediately agreed and so stipulated to the Court within hours. Given that, Defendants' demand is surprising and disturbing.

We welcome Defendants to reconsider their demand to reflect a reciprocal timeline consistent with their purported needs and that better reflects the professionalism Plaintiffs afforded Defendants.

Very truly yours,

Michael

**Michael Dell'Angelo** / *Executive Shareholder & General Counsel*
215.875.3080 610.608.8766

BERGER MONTAGUE

1818 MARKET STREET, SUITE 3600
PHILADELPHIA PA 19103
101 LINDENWOOD DRIVE, SUITE 225
MALVERN, PA 19355

---

**From:** Dixon.CarvalhoAnderson@lw.com <Dixon.CarvalhoAnderson@lw.com>
**Sent:** Friday, September 18, 2026 8:42 PM
**To:** Michael Dell'Angelo <mdellangelo@bergermontague.com>; Patrick F. Madden <pmadden@bergermontague.com>; Benjamin Brown <bbrown@cohenmilstein.com>; Robert Maysey <rmaysey@bergermontague.com>; Dennie Zastrow <dzastrow@bergermontague.com>; Diane Werwinski <dwerwinski@bergermontague.com>; Richard A. Koffman <rkoffman@cohenmilstein.com>; Daniel Silverman <dsilverman@cohenmilstein.com>; Danny Gifford <dgifford@cohenmilstein.com>; Joseph Saveri <jsaveri@saverilawfirm.com>; Kevin Rayhill <krayhill@saverilawfirm.com>; Christopher Young <cyoung@saverilawfirm.com>; Itak Moradi

<imoradi@saverilawfirm.com>; Amara Getzell <Agetzell@saverilawfirm.com>; Joe Bruckner <WJBruckner@Locklaw.com>; Kyle J. Pozan <kjpozan@locklaw.com>; Amber Amraak <amraak@locklaw.com>; rhope@locklaw.com
**Cc:** Chris.Yates@LW.com; Sean.Berkowitz@lw.com; Aaron.Chiu@lw.com; David.Johnson@lw.com; Laura.Washington@lw.com; UFCJOHNSONSENIOR.LWTEAM@lw.com; Gina.Tercero@lw.com; WIsaacson@dirllp.com; JPhillips@dirllp.com; APetty@dirllp.com; BCabranes@dirllp.com; ybarkai@dirllp.com; MKaminer@dirllp.com; JHoldip@dirllp.com; srm@cwlawlv.com; pre@cwlawlv.com; mts@cwlawlv.com; rkay@mcdonaldcarano.com; edennis@mcdonaldcarano.com; maarenshah@quinnemanuel.com; samirashid@quinnemanuel.com; ellisonmerkel@quinnemanuel.com; kristintahler@quinnemanuel.com; willsears@quinnemanuel.com; qe-endeavor-ufc@quinnemanuel.com
**Subject:** RE: 21-cv-01189-RFB-BNW Johnson et al v. Zuffa, LLC et al

Michael,

Defendants' Motion to Compel addresses Plaintiffs' failure to produce documents or communications responsive to Defendants' First Set of RFPs from Signal, Telegram, or other similar applications. Zuffa and TKO's current request is different. As we explained, it appears that Plaintiffs have failed to produce entire categories of documents related to their use of various commercial platforms to promote, market, and sell their services and products. As a result, Zuffa and TKO request that Plaintiffs produce all documents and communications relating to or generated through the Named Plaintiffs' use of commercial digital platforms that include any reference to the UFC. That some responsive materials may reside in previously uncollected and unreviewed applications on Plaintiffs' digital devices does not mean that the current request is subsumed within Defendants' pending motion.

It is also notable that your response does not attempt to engage with our request in any meaningful way and does not dispute that the materials we have requested are responsive to Defendants' First Set of RFPs. Your response also makes no mention of whether Plaintiffs have collected, reviewed, or previously produced any of these materials or if they will. Most of your response is instead focused on mistaken arguments about the Federal Rules.

Please confirm by Monday, September 21 that Plaintiffs will agree to produce the requested materials. Otherwise, Zuffa and TKO will seek appropriate relief from the Court.

Best,
Dixon

**From:** Michael Dell'Angelo <mdellangelo@bergermontague.com>
**Sent:** Tuesday, September 15, 2026 2:31 PM
**To:** Carvalho Anderson, Dixon (LA) <Dixon.CarvalhoAnderson@lw.com>; Patrick F. Madden <pmadden@bergermontague.com>; Benjamin Brown <bbrown@cohenmilstein.com>; Robert Maysey <rmaysey@bergermontague.com>; Dennie Zastrow <dzastrow@bergermontague.com>; Diane Werwinski <dwerwinski@bergermontague.com>; Richard A. Koffman <rkoffman@cohenmilstein.com>; Daniel Silverman <dsilverman@cohenmilstein.com>; Danny Gifford <dgifford@cohenmilstein.com>; Joseph Saveri <jsaveri@saverilawfirm.com>; Kevin Rayhill <krayhill@saverilawfirm.com>; Christopher Young <cyoung@saverilawfirm.com>; Itak Moradi <imoradi@saverilawfirm.com>; Amara Getzell <Agetzell@saverilawfirm.com>; Joe Bruckner <WJBruckner@Locklaw.com>; Kyle J. Pozan <kjpozan@locklaw.com>; Amber Amraak <amraak@locklaw.com>; rhope@locklaw.com
**Cc:** Yates, Chris (Bay Area) <Chris.Yates@LW.com>; Berkowitz, Sean (CH) <Sean.Berkowitz@lw.com>; Chiu, Aaron (Bay Area) <Aaron.Chiu@lw.com>; Johnson, David (DC) <David.Johnson@lw.com>; Washington, Laura (LA) <Laura.Washington@lw.com>; #C-M UFC JOHNSON - SENIOR - LW TEAM <UFCJOHNSONSENIOR.LWTEAM@lw.com>; Tercero, Gina (ATX) <Gina.Tercero@lw.com>; WIsaacson@dirllp.com; JPhillips@dirllp.com; APetty@dirllp.com; BCabranes@dirllp.com; ybarkai@dirllp.com; MKaminer@dirllp.com; JHoldip@dirllp.com; srm@cwlawlv.com; pre@cwlawlv.com; mts@cwlawlv.com; rkay@mcdonaldcarano.com; edennis@mcdonaldcarano.com; maarenshah@quinnemanuel.com; samirashid@quinnemanuel.com; ellisonmerkel@quinnemanuel.com; kristintahler@quinnemanuel.com; willsears@quinnemanuel.com; qe-endeavor-ufc@quinnemanuel.com
**Subject:** RE: 21-cv-01189-RFB-BNW Johnson et al v. Zuffa, LLC et al

Counsel:

The matters raised in the UFC's September 11, 2026 letter appear to be wholly subsumed by Defendants' pending Motion to Compel, as your letter does not contend that the described documents are responsive to Defendants' First RFPs subject to Plaintiffs' R&Os. Please let us know why the UFC believes it is appropriate for Plaintiffs to investigate and produce documents on bases that are the subject of a motion pending before the Court.

Additionally, we note that the UFC's letter—which requested, well over a year after substantial completion, a comprehensive investigation into numerous never-before-identified sources of ESI—demanded that Plaintiffs complete this investigation and respond within *two business days*. This continues the UFC's practice of making ill-defined demands of Plaintiffs on unreasonably short timeframes, in an apparent effort to circumvent the Federal Rules' meet-and-confer requirements and prematurely bring disputes to the Court. This practice contrasts markedly with the UFC's own responses to

Plaintiffs inquires and their obligations—including prolonged silences or, at best, vague commitments to "investigate"—in response to Plaintiffs' well-founded, good-faith attempts to address and resolve discovery from the UFC. To the extent the UFC expects Plaintiffs to continue to provide prompt, substantive responses to their discovery correspondence, it should commit to doing the same.

Regards,

Michael

**Michael Dell'Angelo** / *Executive Shareholder & General Counsel*
215.875.3080 610.608.8766

BERGER | MONTAGUE

1818 MARKET STREET, SUITE 3600
PHILADELPHIA PA 19103
101 LINDENWOOD DRIVE, SUITE 225
MALVERN, PA 19355

---

**From:** Dixon.CarvalhoAnderson@lw.com <Dixon.CarvalhoAnderson@lw.com>
**Sent:** Friday, September 11, 2026 6:10 PM
**To:** Michael Dell'Angelo <mdellangelo@bergermontague.com>; Patrick F. Madden <pmadden@bergermontague.com>; Benjamin Brown <bbrown@cohenmilstein.com>; Robert Maysey <rmaysey@bergermontague.com>; Dennie Zastrow <dzastrow@bergermontague.com>; Diane Werwinski <dwerwinski@bergermontague.com>; Susan Leo <sleo@bergermontague.com>; Richard A. Koffman <rkoffman@cohenmilstein.com>; Daniel Silverman <dsilverman@cohenmilstein.com>; Danny Gifford <dgifford@cohenmilstein.com>; Joseph Saveri <jsaveri@saverilawfirm.com>; Kevin Rayhill <krayhill@saverilawfirm.com>; Christopher Young <cyoung@saverilawfirm.com>; Itak Moradi <imoradi@saverilawfirm.com>; Amara Getzell <Agetzell@saverilawfirm.com>; Joe Bruckner <WJBruckner@Locklaw.com>; Kyle J. Pozan <kjpozan@locklaw.com>; Amber Amraak <amraak@locklaw.com>; rhope@locklaw.com
**Cc:** Chris.Yates@LW.com; Sean.Berkowitz@lw.com; Aaron.Chiu@lw.com; David.Johnson@lw.com; Laura.Washington@lw.com; UFCJOHNSONSENIOR.LWTEAM@lw.com; Gina.Tercero@lw.com; WIsaacson@dirllp.com; JPhillips@dirllp.com; APetty@dirllp.com; BCabranes@dirllp.com; ybarkai@dirllp.com; MKaminer@dirllp.com; JHoldip@dirllp.com; srm@cwlawlv.com; pre@cwlawlv.com; mts@cwlawlv.com; rkay@mcdonaldcarano.com; edennis@mcdonaldcarano.com; maarenshah@quinnemanuel.com; samirashid@quinnemanuel.com; ellisonmerkel@quinnemanuel.com; kristintahler@quinnemanuel.com; willsears@quinnemanuel.com; qe-endeavor-ufc@quinnemanuel.com
**Subject:** RE: 21-cv-01189-RFB-BNW Johnson et al v. Zuffa, LLC et al

Counsel,

Please see attached correspondence.

Best,
Dixon

---

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com.
-**External sender. Please use caution when clicking on any attachments or links** -
-**External sender. Please use caution when clicking on any attachments or links** -