# EXHIBIT 1

BERGER | MONTAGUE

MICHAEL DELL'ANGELO
*EXECUTIVE SHAREHOLDER & GENERAL COUNSEL*
d 215.875.3080 m 610.608.8766 mdellangelo@bm.net

April 29, 2026

***Via E-mail***
Joseph Axelrad
Max Shapiro
LATHAM & WATKINS LLP
Joseph.Axelrad@lw.com
Max.Shapiro@lw.com

Re: *Johnson, et al. v. Zuffa, LLC et al.*, No.: 2:21-cv-01189-RFB (D. Nev.)

Dear Counsel:

Plaintiffs write in response to Defendants' April 20, 2026 email and in follow up to the Parties' April 17, 2026 meet and confer regarding Defendants' Second Set of Requests for Production and Plaintiffs' Responses and Objections thereto. Plaintiffs will begin by addressing the two "general disputes" referenced in Defendants' email.

First, Plaintiffs stand on their objection that the term "Combat Sport(s)" as defined by Defendants in their Second Set of RFPs is overly broad and unduly burdensome. According to Defendants, "Combat Sport(s)" encompasses "any competitive contact sport involving, but not limited to, striking and grappling." The allegations in Plaintiffs' Amended Complaint (ECF No. 118) primarily pertain to Defendants' alleged overarching anticompetitive scheme to maintain and enhance the UFC's monopoly power in the market for promotion of live Professional Mixed Martial Arts (MMA) Fighter bouts, and monopsony power in the market for Professional MMA Fighter services. *See* Am. Compl. ¶¶ 1-7, 9-11, 20-21, 27, 45-48, 57-69, 80-83, 98-156. The proposed Class in *Johnson* is defined in relevant part as "[a]ll persons who competed in one or more live professional UFC-promoted MMA bouts taking place or broadcast in the United States" during the Class Period. *Id*. at ¶ 37. (As Defendants are also aware, the Court in *Le* certified a class of individuals comprised of "[a]ll persons who competed in one or more live professional UFC-promoted MMA bouts taking place or broadcast in the United States…" during the class period. *Le* ECF No. 839 at 1-2.) Plaintiffs' Amended Complaint in *Johnson* specifically states that the "rules of MMA differentiate it from other combat sports." Am. Compl. at ¶ 49; *see also id*. at ¶ 50 (alleging that non-MMA "combat sports" are "not adequate substitutes for live Professional MMA").

Here, Plaintiffs indicated in their Responses and Objections that, where appropriate, Plaintiffs will search for and produce information and documents relating to Plaintiffs' "professional MMA careers" and "professional MMA events" during the Relevant Time Period, to the extent such documents exist and have not already been produced in response to Defendants' First Set of RFPs. *See* Plaintiffs' 4/1/2026 Resp. & Obj. to Defs' RFP Nos. 30, 35, 38, 39. Far from being an improper "limitation," as

asserted by Defendants, Plaintiffs' position regarding the defined term "Combat Sport(s)" is entirely consistent with the scope and breadth of Plaintiffs' factual allegations in this case, the proposed Class definition, and will ensure that the discovery sought from Plaintiffs is proportional to the needs of the case without imposing unnecessary, undue burdens. *See* Fed. R. Civ. P. 26(b)(1).

Plaintiffs similarly objected to the definition of "Business" as defined by Defendants because the term, according to Defendants, should encompass "any activities" regarding Plaintiffs' income earning or related to Plaintiffs' profession. During the meet and confer, Defendants represented that they would provide additional clarification and specificity surrounding this defined term; however, none has been provided to date. Please advise when Defendants will propose a narrowed definition of this term that comports with the relevance and proportionality requirements of Federal Rule of Civil Procedure 26.

Second, Plaintiffs stand on their objection that Defendants' Second Set of RFPs are, in many instances, duplicative of Defendants' First Set of RFPs. *See, e.g.,* Plaintiffs' 4/1/2026 Resp. & Obj. to Defs' RFP Nos. 30, 31, 32, 33, 35, 36, 37, 38, 39, 40, 41. Defendants do not attempt to argue otherwise. Instead, Defendants state that they have been unable to locate certain documents that Defendants believe should exist in Plaintiffs' prior productions, and that is apparently what prompted Defendants to issue additional RFPs. As Plaintiffs explained during the meet and confer, the appropriate mechanism for addressing a perceived gap in Plaintiffs' prior production(s) would have been to request a meet and confer to discuss the scope of Plaintiffs' document productions and Plaintiffs' Responses and Objections to Defendants' *First* Set of RFPs, rather than issue more than two dozen additional RFPs and begin the entire process anew. Defendants' decision to propound duplicative RFPs is inefficient and needlessly burdensome. Defendants' position also presupposes (improperly) that responsive documents exist within Plaintiffs' possession, custody, or control as to every single RFP that Defendants have served on Plaintiffs.

In any event, Plaintiffs will review their prior productions – which were provided in compliance with the Court-ordered substantial-completion deadline – as measured against Defendants' Second Set of RFPs to determine whether responsive documents have already been produced. And while Plaintiffs have taken Defendants' request under consideration that Plaintiffs identify potentially responsive documents by Bates number or range, Plaintiffs reiterate what was conveyed during the meet and confer – namely, that Defendants categorically refused to provide the exact same information to Plaintiffs when previously requested. It is incongruous for Defendants to make requests of Plaintiffs while simultaneously engaging in a "striking pattern" of "obstructionism throughout the discovery process." 1/27/2026 Order, ECF No. 375 at 2. Plaintiffs reserve all rights in this regard.

As to the individual RFPs, which are discussed below, Plaintiffs incorporate by reference their above objections and discussion, including with respect to defined terms,

the duplicative nature of Defendants' Second Set of RFPs, and Plaintiffs' ongoing consideration of whether to identify potentially responsive documents by Bates number (to the extent such documents exist in the first place). Plaintiffs also incorporate by reference their 4/1/2026 Responses and Objections.

- **RFP Nos. 30-31**. As indicated in Plaintiffs' 4/1/2026 Responses and Objections and during the 4/17/2026 meet and confer, to the extent any documents are produced in response to these Requests, they will be limited to responsive documents sufficient to identify electronic devices within Plaintiffs' possession, custody, or control during the Relevant Time Period that Plaintiffs individually used to transmit or receive information regarding their professional MMA careers, to the extent such documents and information have not already been produced. Plaintiffs disagree with Defendants' assertion that the "scope of relevant discovery extends to combat sports beyond professional MMA." Plaintiffs will not produce documents regarding "combat sports beyond professional MMA."

- **RFP No. 32**. Plaintiffs are reviewing prior productions to confirm that all responsive documents have been produced. If necessary, Plaintiffs will issue a supplemental production.

- **RFP No. 33**. As discussed during the 4/17/2026 meet and confer, Plaintiffs await Defendants' clarification and a revised proposed definition for the term "Business" that comports with Rule 26. To the extent any documents or information are produced in response to this Request, they will be limited to those responsive documents sufficient to identify messaging or social media accounts that Plaintiffs used in connection with their professional MMA careers, to the extent such documents and information have not already been produced.

- **RFP No. 34**. To the extent any documents or information are produced in response to this Request, they will be limited to those sufficient to identify Plaintiffs' social media username(s) and handle(s) identified in response to Request No. 33, to the extent such documents and information have not already been produced.

- **RFP No. 35**. To the extent any documents are produced in response to this Request, they will be limited to those sufficient to identify the email account(s) within Plaintiffs' possession, custody, or control during the Relevant Time Period that Plaintiffs used to transmit or receive emails regarding their professional MMA careers, to the extent such documents and information have not already been produced. As discussed, Plaintiffs disagree with Defendants' assertion that the "scope of relevant discovery is not limited to professional MMA careers and encompasses combat sports more broadly, including amateur competition." Plaintiffs will not produce documents relating to "combat sports more broadly" as such documents are neither relevant nor proportional to the needs of this case.

- **RFP Nos. 36-40**. These Requests were discussed as a group. As indicated in Plaintiffs' 4/1/2026 Responses and Objections, these Requests are duplicative of Defendants' First Set of RFPs. Plaintiffs are reviewing prior productions to determine whether all responsive documents have been produced. As for Defendants' request that Plaintiffs "identify specific responsive documents" from prior productions by Bates number or range, Plaintiffs have taken that request under consideration, as discussed above. If necessary, Plaintiffs will issue a supplemental production consistent with Plaintiffs' 4/1/2026 Responses and Objections relating to these Requests.

- **RFP No. 41**. Plaintiffs indicated both in their 4/1/2026 Responses and Objections and during the 4/17/20226 meet and confer that this Request is also duplicative of Defendants' First Set of RFPs. As for Defendants' request that Plaintiffs "identify which documents [Plaintiffs] have already produced that [Plaintiffs] claim are responsive to this request," Plaintiffs have taken Defendants' request under consideration, as discussed above. To the extent any documents are produced in response to this Request, they will be limited to responsive documents that have not already been produced.

- **RFP Nos. 42-47**. Plaintiffs will not produce documents in response to these RFPs, all of which relate to the "Delaware Action" and seek, *inter alia*, communications involving Plaintiffs' counsel and Plaintiffs' "use of information" concerning the Delaware Action. As explained in Plaintiffs 4/1/2026 Responses and Objections, insofar as these Requests seek information that is not relevant to any claim or defense or improperly attempt to invade Plaintiffs' counsel's opinion and/or factual work product, including through seeking documents reflecting Plaintiffs' counsel's mental impressions, conclusions, legal theories, or investigative thought processes, such documents are immune from disclosure and will not be produced. Furthermore, Plaintiffs have directed Defendants to Plaintiffs' 2/25/2026 Motion for Sanctions (ECF No. 448), the Declaration of Patrick F. Madden in support thereof (ECF No. 448-29, ¶¶ 3-18), and the various letters and correspondence cited therein (*e.g.*, ECF Nos. 217-34, 448-47), which Defendants already possess, and which collectively describe Plaintiffs' identification of the Delaware Action using publicly-available sources (Westlaw). These materials further describe Plaintiffs' use of publicly-available information from the Delaware Action to, among other things, demonstrate to the Court in this litigation that Defendants have violated their discovery obligations and the Court's Orders requiring Defendants to make complete disclosures of devices and communication applications, such as Signal. Defendants' request for more information from Plaintiffs regarding the Delaware Action is not proportional to the needs of this case and is an improper attempt to deflect their violations of the Court's disclosure Orders.

- **RFP Nos. 48-56**. Plaintiffs will not produce documents in response to these RFPs, all of which relate to third-party litigation funding arrangements or

Plaintiffs' fee agreement(s) with counsel. Defendants have failed to sufficiently articulate how or why this information is relevant to any claim or defense in this case. Plaintiffs' position is that this information is irrelevant and not discoverable. However, even if some marginal level of relevance were assumed, Defendants have further failed to adequately explain why the documents requested are proportional to the needs of this case. The best explanation that Defendants could muster during the meet and confer was that documents regarding funding arrangements *could* be relevant to the jury's consideration of damages at trial. Plaintiffs' position is that the requested information is not proportional to the needs of this case. Finally, Plaintiffs stand by their objection that these RFPs appear calculated to harass Plaintiffs.

Nothing in this letter or the 4/17/2026 meet and confer it summarizes constitutes a waiver of any objection or right by Plaintiffs. Plaintiffs reserve all rights and preserve all objections outlined in their 4/1/2026 Responses and Objections to Defendants' Second Set of RFPs.

Very truly yours,

Michael Dell'Angelo