WILLIAM A. ISAACSON (*Pro hac vice*)
wisaacson@dirllp.com
JESSICA PHILLIPS (*Pro hac vice*)
jphillips@dirllp.com
AGBEKO PETTY (*Pro hac vice*)
apetty@dirllp.com
DUNN ISAACSON RHEE LLP
401 Ninth Street NW
Washington, DC 20004
Tel: (202) 240-2900

SAMUEL R. MIRKOVICH (No. 11662)
srm@cwlawlv.com
PHILIP R. ERWIN (No. 11563)
pre@cwlawlv.com
CAMPBELL & WILLIAMS
710 South 7th Street, Ste. A
Las Vegas, NV 89101
Tel: (702) 382-5222

CHRISTOPHER S. YATES (*Pro hac vice*)
chris.yates@lw.com
AARON T. CHIU (*Pro hac vice*)
aaron.chiu@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Tel: (415) 391-0600

*Attorneys for Defendants Zuffa, LLC and TKO Operating Company, LLC*

[Additional counsel listed on signature page]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| KAJAN JOHNSON, CLARENCE DOLLAWAY, and TRISTAN CONNELLY, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ZUFFA, LLC, TKO Operating Company, LLC f/k/a Zuffa Parent LLC (d/b/a Ultimate Fighting Championship and UFC), and ENDEAVOR GROUP HOLDINGS, INC.,<br><br>Defendants. | Case No.: 2:21-cv-01189-RFB-BNW<br><br>**ZUFFA, LLC'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL ZUFFA TO RESPOND TO INTERROGATORY NO. 12 OF PLAINTIFFS' THIRD SET OF INTERROGATORIES AND INTERROGATORY NO. 13 OF PLAINTIFFS' FOURTH SET OF INTERROGATORIES** |

# TABLE OF CONTENTS

**Page**


I. INTRODUCTION ..... 1

II. BACKGROUND ..... 2

A. Zuffa's Device Disclosures In *Johnson* ..... 2

B. Interrogatory No. 12 And Zuffa's Responses And Objections ..... 2

C. Interrogatory No. 13 And Zuffa's Responses And Objections ..... 3

D. The Parties' Correspondence ..... 4

E. The Devices Raised In Plaintiffs' Motion ..... 4

III. ARGUMENT ..... 5

A. Zuffa Committed To Supplement Before Plaintiffs Filed, So The Motion Is Moot And Was Unnecessary ..... 6

B. Disclosed, Personal Devices Are Not Subject To Discovery ..... 6

1. Rule 26 Does Not Permit Discovery Into The Purely Personal Contents Of Custodians' Phones ..... 7

2. An Occasional Work-Related Message Does Not Convert A Personal Phone Into A Source Of Discoverable Business Records ..... 7

IV. CONCLUSION ..... 9

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Ainstein AI, Inc. v. ADAC Plastics, Inc.*,
2023 WL 3568661 (D. Kan. May 19, 2023)........8

*Goolsby v. Cnty. of San Diego*,
2019 WL 3891128 (S.D. Cal. Aug. 19, 2019)........8

*Henson v. Turn, Inc.*,
2018 WL 5281629 (N.D. Cal. Oct. 22, 2018)........2, 7

*In re Anthem, Inc. Data Breach Litig.*,
2016 WL 11505231 (N.D. Cal. Apr. 8, 2016)........7

*Int'l Longshore & Warehouse Union v. ICTSI Or., Inc.*,
2018 WL 6305665 (D. Or. Dec. 3, 2018)........8

*Laub v. Horbaczewski*,
331 F.R.D. 516 (C.D. Cal. 2019)........7

*McEvoy v. Wash. Cnty.*,
2026 WL 2410623 (D. Or. Aug. 18, 2026)........8

*Riley v. California*,
573 U.S. 373 (2014)........2

## RULES

Fed. R. Civ. P.
26........1, 7
26(b)(1)........7
33........1, 7

Defendant Zuffa, LLC ("Zuffa") submits this Opposition to Plaintiffs' Motion to Compel Zuffa to Respond to Interrogatory No. 12 of Plaintiffs' Third Set of Interrogatories and Interrogatory No. 13 of Plaintiffs' Fourth Set of Interrogatories (Dkt. No. 784, "Motion" or "Mot.").

## I. INTRODUCTION

Plaintiffs' motion to compel should be denied because it is both needless and moot. Zuffa has already agreed to provide information regarding Mr. White's devices in forthcoming supplemental responses to Interrogatories 12 and 13, and those responses will provide the relief Plaintiffs request. Despite knowing that Zuffa would supplement its responses, Plaintiffs filed their Motion to force discovery into Mr. White's personal devices. But identifying a personal device under Rule 33 does not make the device or its contents subject to collection, imaging, inspection, or production. Plaintiffs have not and cannot meet the burden required for such discovery.

***First***, the *Le* court rejected this sort of discovery into personal devices. In *Le*, the same plaintiffs' counsel sought carrier records and an inventory of several of Mr. White's personal devices. Magistrate Judge Leen denied that request as "patently overbroad and unreasonable and an invasion of his privacy," observing that the plaintiffs were "asking for the man's life," including every call to "his doctor, his mom, his friend." *Le* Dkt. No. 438 at 56:22–57:22. Judge Leen recognized that commingling of business and personal texts on a personal phone was inevitable "despite [a custodian's] best intentions" and did not justify the extraordinarily invasive discovery Plaintiffs have sought throughout this litigation. *Id.* at 58:25–59:9. Here, Plaintiffs' "exemplar" text is a message with Mr. Campbell in which the -2660 number is saved as "Dana White (personal)." Dkt. No. 750-3. As in *Le*, this message shows, at most, an occasional work-related message between colleagues who are also friends.[1] That does not convert a personal phone into a repository of discoverable business records.

***Second***, Rule 26 does not permit discovery into the purely personal contents of a

---

[1] Plaintiffs also point to texts from a third-party production, in which Mr. White merely says "[i]t's Dana, this is my cell." Dkt. Nos. 750-1, 750-2.

custodian's phone. A personal cell phone is a "digital record of nearly every aspect of [the owner's] li[fe]—from the mundane to the intimate," and courts in this Circuit routinely refuse to order imaging or production from personal devices. *Henson v. Turn, Inc.*, 2018 WL 5281629, at *6 (N.D. Cal. Oct. 22, 2018) (quoting *Riley v. California*, 573 U.S. 373, 395 (2014)). Plaintiffs must show that discovery into these devices is justified, and they have not and cannot. The need to protect Mr. White's privacy far outweighs any marginal relevance of his personal devices, and any such discovery would be entirely disproportionate to the needs of the case.

In sum, Plaintiffs' Motion should be denied as moot, and the Court should make clear that regardless of any disclosure, discovery into personal devices is invasive, overbroad, irrelevant, and should not be permitted.

## II. BACKGROUND

### A. Zuffa's Device Disclosures In *Johnson*

In April 2025, Plaintiffs requested that Zuffa identify "enterprise and personal devices" that Mr. White (and various others) used for business. Dkt. No. 327-5 at 2. Prior to any court order, Zuffa answered on April 23, 2025, with a device chart. Dkt. No. 327-6 at 3. On June 3, 2025, the Court ordered "a listing of information related to business and personal phones, phone numbers, and apps or programs being used on these devices during the relevant time period." Dkt. No. 202 at 1. Zuffa complied on July 3, 2025, identifying each device that had been imaged, its owner, phone number, make and model, and the applications imaged. Dkt. No. 327-7. Zuffa then disclosed carrier information for Mr. White's devices on December 1, 2025. Dkt. No. 327-14. Two weeks later, Zuffa served a supplemental disclosure providing then-known device models, phone numbers, serial numbers, carriers, and dates of produced messages for all disclosed custodians. Dkt. No. 331-5 at 3–4.

### B. Interrogatory No. 12 And Zuffa's Responses And Objections

On April 1, 2026, Plaintiffs served their Third Set of Interrogatories, asking Zuffa to "[i]dentify and disclose all business and personal mobile devices used during the Relevant Time Period by each and every Custodian." Dkt. No. 784-6 at 2. For each device, Plaintiffs seek nine categories of information: the custodian, phone number, serial number, IMEI number, make and

model, operating platform, phone carrier, dates and duration of use, and "all applications" the custodian used. *Id.* Plaintiffs seek "only identifying information—not the collection, imaging, or production of the devices' contents." Mot. at 10.

Zuffa served its Responses and Objections on May 1. Dkt. No. 784-7. Although Zuffa objected to Interrogatory No. 12 insofar as it sought information about personal devices and personal telephone numbers not used for business communications, Zuffa identified 55 devices of which it was then aware for 14 custodians, and, where available, provided each device's phone number, make and model, serial and IMEI numbers, operating system, carrier, and dates of use or messaging activity. *Id.* Zuffa agreed to identify applications with messaging or communication capability to the extent that information is within its possession, custody, or control. *Id.* at 4 n.4.

Although Zuffa provided the requested information then known to it, Zuffa objected to identifying applications beyond those used for business communications as irrelevant, disproportionate, and outweighed by custodians' privacy interests, and preserved objections to Plaintiffs' definitions of "Custodian" and "Relevant Time Period" as overly broad. *Id.* at 4 n.4, 18–19. Zuffa stated that its discovery efforts are ongoing and reserved the right to supplement. *Id.* at 19.

**C. Interrogatory No. 13 And Zuffa's Responses And Objections**

On June 24, Plaintiffs served Interrogatory No. 13 in their Fourth Set of Interrogatories. Dkt. No. 784-9. This interrogatory asks for information about Mr. White's Samsung Galaxy device associated with the -0447 number that Zuffa disclosed in its response to Interrogatory No. 12. Among other things, it asks for the communication services on the device, retention settings, efforts to preserve, collect, or image the device, and whether any data is unavailable because of encryption or deletion. *Id.* at 9.

Zuffa responded on July 24 and again objected to the extent Interrogatory No. 13 seeks information about "personal devices and personal telephone numbers not used for business communications," or about applications other than those used for business communications and reiterated that any marginal relevance is substantially outweighed by the custodian's privacy interests. Dkt. No. 784-10 at 3. Subject to its objections, Zuffa committed to "conduct a

reasonable search for accessible, relevant, non-privileged information in its possession, custody, or control" and to "provide the information requested in this Interrogatory to the extent such information is kept in the normal course of business between July 1, 2017 and October 1, 2024." *Id.* Zuffa also noted that discovery efforts into responsive devices were ongoing and reserved the right to supplement. *Id.*

**D. The Parties' Correspondence**

Following Zuffa's response to Interrogatory No. 13, the parties met and conferred on August 18, and Zuffa agreed to further investigate Mr. White's personal devices. Mot. at 1–2. On September 18, Plaintiffs asked Zuffa for information on phone numbers Plaintiffs alleged were associated with Mr. White and not disclosed in Zuffa's response to Interrogatory 12 (specifically, -2660, -0447, -0082, and -0005), and for devices referenced in a 2018 podcast interview involving Mr. White. Dkt. No. 784-3. On September 23, Zuffa responded that it was investigating and offered to supplement its responses to Interrogatory No. 12 based on the results of the investigation. Axelrad Decl. Ex. A. On September 29, Zuffa confirmed it would "supplement their responses to Interrogatory Nos. 12 and 13" and offered to meet and confer further. Dkt. No. 784-11 at 2. The next day, Plaintiffs filed this Motion.

**E. The Devices Raised In Plaintiffs' Motion**

As discovery has progressed, Zuffa has investigated and identified additional numbers Mr. White may have used over the decade encompassed by Plaintiffs' request. Plaintiffs' Motion raises phone numbers ending in -2660, -0447, -0082, -3855, -0005, -6973, and any phone numbers used during a 2018 podcast interview by Mr. White. *See generally* Mot. Each number is discussed in turn below.

***-2660 Number***. Plaintiffs raised the -2660 number in a September 1 filing, attaching one in-bound communication from a manager to Mr. White, which Plaintiffs obtained via a third-party production. Dkt. No. 750 at 15–16. At the September 3 status conference, the Court requested a sworn declaration from Mr. White on several questions regarding the -2660 number, including whether it is associated with a personal phone and its dates of use. Dkt. No. 759.

On September 17, Zuffa filed a status report along with declarations from Mr. White and

counsel, explaining that while Mr. White does not remember his phone numbers, the -2660 number was used for personal purposes from approximately 2018 to 2022, and the number has not been used since 2022. Dkt. No. 771 at 1. Zuffa requested records from AT&T and served a subpoena to determine the precise dates of use. *Id.* On September 30, Zuffa served Plaintiffs with the responsive records received from AT&T, which showed the -2660 number was in use from approximately 2018 through 2022. Axelrad Decl. ¶ 4.

***-0082 & -3855 Numbers***. A device associated with both numbers was previously used by Mr. White as a personal device. Although the device is personal, Zuffa undertook a review of the phone to confirm. Following a review of more than 1,600 daily chat threads on the device, only one responsive message was identified, and Zuffa produced that message thread on September 30. Axelrad Decl. ¶ 5; Dkt. No. 784-13. The -0082 and -3855 numbers will be included in Zuffa's forthcoming supplemental interrogatory responses.

***-0447 Number***. Zuffa disclosed the -0447 Samsung Galaxy S21 5G device, including its serial number, IMEI numbers, and carrier, in its May 1, 2026 response to Interrogatory No. 12. Dkt. No. 784-7 at 5. Zuffa reviewed the text messages from this device and identified none that were responsive. Axelrad Decl. ¶ 6. As Zuffa represented during meet-and-confers with Plaintiffs, Zuffa is continuing to investigate the -0447 number and will supplement as appropriate. Axelrad Decl. Ex. A at 2.

***-0005 Number***. Plaintiffs raised the -0005 device in their September 18 letter. Dkt. No. 784-3. After reviewing reasonably available information, Zuffa understands that Mr. White previously used this personal device. The -0005 number will be included in Zuffa's forthcoming supplemental interrogatory responses.

***-6973 Number***. Plaintiffs first raised the -6973 number in their Motion. Mot. at 1, 7, 14. Based on its review of a representative sample of messages on the device, Zuffa understands the -6973 number is associated with a device used by Mr. White's assistant, not by Mr. White. Axelrad Decl. ¶ 7.

## III. ARGUMENT

The Motion should be denied because it is moot: Zuffa has already committed to providing

the only relief Plaintiffs request. Zuffa will supplement Interrogatory Nos. 12 and 13 with verified information as to Mr. White's devices as it completes its investigation of Plaintiffs' questions. Nonetheless, Zuffa maintains that personal devices are not discoverable on proportionality, relevance, and privacy grounds—consistent with Plaintiffs' burden and Magistrate Judge Leen's ruling in *Le*.

### A. Zuffa Committed To Supplement Before Plaintiffs Filed, So The Motion Is Moot And Was Unnecessary

Plaintiffs' Motion—filed one day after Zuffa confirmed in writing that it would supplement its responses—asks the Court for an order requiring Zuffa to "serve, within seven (7) days, signed and verified supplemental responses to Interrogatory Nos. 12 and 13." Mot. at 2. There was no dispute for the Court to resolve when Plaintiffs filed, and there is none now. As Zuffa stated during the meet and confer process, Zuffa (i) has responded based on information known at the time, (ii) is continuing its investigation to answer Plaintiffs' inquiries, and (iii) will supplement its responses to Interrogatory Nos. 12 and 13 with new information as to Mr. White's devices as it is verified. Dkt. No. 784-11; *see also* Dkt. Nos. 784-7, 784-10 (noting that "discovery efforts into responsive devices are ongoing" and reserving the right to supplement responses). The record confirms that Zuffa is doing so. *See supra* §§ II.A–E. These investigations require time and accuracy to obtain carrier records, confirm device usage, and verify information.

### B. Disclosed, Personal Devices Are Not Subject To Discovery

Even though Zuffa agreed in writing to supplement, Plaintiffs filed this Motion because they seek to undertake discovery of the contents of Mr. White's personal phones. Plaintiffs say so themselves. While Plaintiffs claim in their Motion that Interrogatory No. 12 seeks "only identifying information—not the collection, imaging, or production of the devices' contents," in the next breath they describe this information as "the foundation for Plaintiffs' ability to seek the collection and production of relevant communications." Mot. at 10, 15. Indeed, Plaintiffs have already requested a Full File System extraction of one of the personal devices they seek to compel disclosure of through this Motion. *See* Dkt. No. 750 at 16 ("The device(s) associated with the -2660 number should be located, imaged using a Full File System extraction method . . . ."). But

identifying a personal device under Rule 33 or otherwise does not make the device or its contents subject to collection, imaging, or inspection.

**1. Rule 26 Does Not Permit Discovery Into The Purely Personal Contents Of Custodians' Phones**

Discovery is limited to "nonprivileged matter[s] that [are] relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Proportionality turns on several factors, including the importance of the issues at stake; the importance of the discovery in resolving the issues; and whether the burden or expense of the discovery outweighs its likely benefit. *Id.* The protections of Rule 26 are heightened for mobile phones. *Henson*, 2018 WL 5281629, at *5 (denying forensic inspection of cell phones because the request "threaten[ed] to sweep in documents and information that are not relevant to the issues in th[e] case, such as the plaintiffs' private text messages, emails, contact lists, and photographs"). Even discovery into the applications installed on a phone "can form a revealing montage of the user's life." *Id.* at *6 (citation omitted). Thus, discovery into personal devices "must be targeted and proportional to the needs of the case." *In re Anthem, Inc. Data Breach Litig.*, 2016 WL 11505231, at *2 (N.D. Cal. Apr. 8, 2016) (denying motion to compel "invasive and personally burdensome discovery").

Here, discovery of Mr. White's personal devices "does not meet Rule 26(b)(2)'s relevance and/or proportionality requirements." *Laub v. Horbaczewski*, 331 F.R.D. 516, 523–24 (C.D. Cal. 2019) (denying discovery into clearly personal text messages). As Judge Leen previously recognized, discovery into Mr. White's personal devices risks exposing his private life, including calls with "his doctor, his mom, his friend," and a request of that scope is "patently overbroad and unreasonable and an invasion of his privacy." *Le* Dkt. No. 438 at 56:22–57:22. Even if Zuffa discloses a phone number or device in response to Interrogatory Nos. 12 and 13, Rule 26 protects Mr. White from irrelevant, burdensome, and invasive discovery of his personal devices. *See Henson*, 2018 WL 5281629, at *6.

**2. An Occasional Work-Related Message Does Not Convert A Personal Phone Into A Source Of Discoverable Business Records**

Plaintiffs argue that because Mr. White used the -2660 number to text certain colleagues,

like Mr. Campbell, the number "was not used solely for personal matters." Mot. at 10. But Plaintiffs ignore that text messages from this device may have been personal communications between colleagues who are also friends, and make no specific showing that Mr. White treated his personal device as a business one.

Regardless, the presence of some work-related texts on an otherwise personal device does not justify the extraordinary invasion of privacy associated with discovery into an individual's personal phone. *See, e.g.*, *Int'l Longshore & Warehouse Union v. ICTSI Or., Inc.*, 2018 WL 6305665, at *3 (D. Or. Dec. 3, 2018) (finding that *de minimis* number of work emails on an otherwise personal email account did not render the account discoverable); *Ainstein AI, Inc. v. ADAC Plastics, Inc.*, 2023 WL 3568661, at *6–7 (D. Kan. May 19, 2023) (denying forensic imaging of employees' personal phones as "overly broad, unduly burdensome, and unduly intrusive given the disproportionate amount of personal information totally irrelevant to this lawsuit that is likely on these individuals' personal cell phones"); *see also McEvoy v. Wash. Cnty.*, 2026 WL 2410623, at *1–2 (D. Or. Aug. 18, 2026).

Instead, Plaintiffs bear the burden of demonstrating that the devices in question are primarily work-related. *See Goolsby v. Cnty. of San Diego*, 2019 WL 3891128, at *4 (S.D. Cal. Aug. 19, 2019). Plaintiffs have not and cannot meet their burden. Zuffa's review of the devices associated with the phone numbers at issue has made clear that Mr. White used these devices for personal communications, and business communications (if any) were de minimis.[2] Magistrate Judge Leen previously recognized that "commingling" of work-related and personal texts on a personal device is inevitable, "despite [a custodian's] best intentions," and does not justify invasive discovery into an otherwise personal device. *Le* Dkt. No. 438 at 59:8–9. A handful of work-related texts "could just as easily indicate that [the] employees rarely used their personal devices to discuss work-related matters." *McEvoy*, 2026 WL 2410623, at *2 n.1. Moreover, Mr. White

---

[2] As noted above, in the primary text Plaintiffs cite between Mr. White and Mr. Campbell on the -2660 line, Mr. Campbell has Mr. White's contact saved as "Dana White (personal)." Dkt. No. 750-3; Mot. at 10 n.9. And on the device associated with the -0082 and -3855 numbers, out of more than 1,600 daily chat threads, only one was determined responsive—confirming it is a personal device. Axelrad Decl. ¶ 5.

testified in *Le* and in *Johnson* that he keeps separate personal and business phones and has used only one phone primarily for UFC business. *Le* Dkt. No. 409-10 ¶¶ 5–7; Dkt. No. 415 at 94:23–95:7. An occasional work-related text is not enough for Plaintiffs to meet their burden to establish that discovery into Mr. White's (or any custodian's) personal device is warranted.

## IV. CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' Motion as moot.

Dated: October 14, 2026

Respectfully Submitted,

By: /s/ *Christopher S. Yates*

WILLIAM A. ISAACSON (*Pro hac vice*)
wisaacson@dirllp.com
JESSICA PHILLIPS (*Pro hac vice*)
jphillips@dirllp.com
AGBEKO PETTY (*Pro hac vice*)
apetty@dirllp.com
BENJAMIN J. CABRANES (*Pro hac vice*)
bcabranes@dirllp.com
DUNN ISAACSON RHEE LLP
401 Ninth Street NW
Washington, DC 20004
Tel: (202) 240-2900

YOTAM BARKAI (*Pro hac vice*)
ybarkai@dirllp.com
MATTHEW D. KAMINER (*Pro hac vice*)
mkaminer@dirllp.com
DUNN ISAACSON RHEE LLP
11 Park Place
New York, NY 10007
Tel: (212) 389-9704

SAMUEL R. MIRKOVICH (No. 11662)
srm@cwlawlv.com
PHILIP R. ERWIN (No. 11563)
pre@cwlawlv.com
CAMPBELL & WILLIAMS
710 South 7th Street, Ste. A
Las Vegas, NV 89101
Tel: (702) 382-5222

CHRISTOPHER S. YATES (*Pro hac vice*)
chris.yates@lw.com
AARON T. CHIU (*Pro hac vice*)
aaron.chiu@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Tel: (415) 391-0600

SEAN M. BERKOWITZ *(Pro hac vice)*
sean.berkowitz@lw.com
LATHAM & WATKINS LLP
330 North Wabash Ave, Suite 2800
Chicago, IL 60611
Tel: (312) 876-7700

LAURA WASHINGTON (*Pro hac vice*)
laura.washington@lw.com
JOSEPH AXELRAD (*Pro hac vice*)
joseph.axelrad@lw.com
DANIELLE LENECK (*Pro hac vice*)
danielle.leneck@lw.com
LATHAM & WATKINS LLP
10250 Constellation Blvd, Suite 1100
Los Angeles, CA 90067
Tel: (424) 653-5500

DAVID L. JOHNSON (*Pro hac vice*)
david.johnson@lw.com
LATHAM & WATKINS LLP
555 11th Street NW, Suite 1000
Washington, DC 20004
Tel: (202) 637-1061

*Attorneys for Defendant Zuffa, LLC*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing Zuffa, LLC's Opposition to Plaintiffs' Motion to Compel Zuffa to Respond to Interrogatory No. 12 of Plaintiffs' Third Set of Interrogatories and Interrogatory No. 13 of Plaintiffs' Fourth Set of Interrogatories was served on October 14, 2026, via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

*/s/ Christopher S. Yates*
Christopher S. Yates (*Pro hac vice*) of
LATHAM & WATKINS LLP