# EXHIBIT 3

Joseph R. Saveri (*pro hac vice*)
JOSEPH SAVERI LAW FIRM, LLP
601 California Street, Suite 1000
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
jsaveri@saverilawfirm.com

Benjamin D. Brown (*pro hac vice*)
COHEN MILSTEIN SELLERS & TOLL, LLP
1100 New York Ave., N.W., Suite 800
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
bbrown@cohenmilstein.com

Michael Dell'Angelo (*pro hac vice*)
BERGER MONTAGUE, P.C.
1818 Market St., Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604
mdellangelo@bergermontague.com

*Attorneys for Individual and Representative Plaintiffs Kajan Johnson, Clarence Dollaway, and Tristan Connelly*

[Additional Counsel Listed on Signature Page]

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Kajan Johnson, Clarence Dollaway, and Tristan Connelly, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

Zuffa, LLC, TKO Operating Company, LLC f/k/a Zuffa Parent LLC (d/b/a Ultimate Fighting Championship and UFC), and Endeavor Group Holdings, Inc.,

Defendants.

Case No. 2:21-cv-01189-RFB

**SECOND AMENDED AND SUPPLEMENTAL ANSWERS TO DEFENDANT ENDEAVOR GROUP HOLDINGS, INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFFS JOHNSON, DOLLAWAY, AND CONNELLY**

Plaintiffs Kajan Johnson, Clarence Dollaway, and Tristan Connelly ("**Plaintiffs**"), through the undersigned counsel, hereby amend and supplement their responses to Defendant Endeavor Group Holdings, Inc.'s First Set of Interrogatories, dated July 10, 2026, as follows:

## PRELIMINARY STATEMENT

All answers contained herein are based only upon such information and documents presently available and specifically known to Plaintiffs. Further independent discovery, independent investigation, legal research, and analysis may supply additional facts and/or meaning to the known facts. The following responses are made solely for the purpose of and in relation to the captioned lawsuit. These responses are given without prejudice to Plaintiffs' right to produce evidence of any subsequently discovered or recalled facts, and Plaintiffs reserve the right to amend or supplement any of these responses as additional facts become known, analyses made, or legal research concluded. These responses are made in a good faith effort to supply all of the information presently known, but shall not prejudice Plaintiffs in terms of further discovery, research, or analysis.

In providing information in response to an Interrogatory, Plaintiffs do not in any way waive or intend to waive, but rather intend to preserve and are preserving: (a) All objections as to competency, relevance, materiality, and admissibility of the Interrogatories, the responses, and their subject matter; (b) All rights to object on any ground to the use of any of the responses, or their subject matter, in any subsequent proceedings, including the trial of this or any other action; (c) All rights to object on any ground to any further interrogatories involving or related to the subject matter of the Interrogatories; (d) The right to supplement responses to the Interrogatories prior to trial; and (e) Any and all privileges and/or rights under the applicable Federal Rules of Civil Procedure, Local Rules of this Court, or other statutes, guidelines, or the common law.

## GENERAL OBJECTIONS

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiffs hereby object and respond as follows to Defendant Endeavor Group Holdings, Inc.'s First Set of

Interrogatories including the "Definitions" and "Instructions" incorporated therein (collectively, the "**Interrogatories**"):

1. Plaintiffs incorporate herein the General Objections to Defendants' First Set of Requests for Production of Documents to Plaintiffs, served on November 13, 2023; General Objections to Defendants' Second Set of Requests for Production of Documents to Plaintiffs, served on April 1, 2026; General Objections to Defendants' Amended First Set of Interrogatories, served on June 8, 2026; General Objections to Defendants' Second Set of Interrogatories, served on June 18, 2026; and General Objections to Defendants' Third Set of Requests for Production of Documents to Plaintiffs, served on July 10, 2026.

2. Plaintiffs object to each and every Interrogatory, Instruction, and Definition to the extent that they seek to impose duties or obligations that exceed and/or are inconsistent with those imposed by the Federal Rules of Civil Procedure or the Local Rules for the United States District Court for the District of Nevada. Plaintiffs shall respond to the Interrogatories to the extent and in the manner required by the Rules.

3. Plaintiffs object to each Interrogatory to the extent it is compound and comprises discrete subparts, and assert that each subpart of each compound Interrogatory counts separately toward the discovery limits set forth in the Federal Rules of Civil Procedure. Plaintiffs' responses to these Interrogatories are made without waiving their objections to the number of Interrogatories served by Defendants herein, or in the future.

4. Plaintiffs object to the Interrogatories to the extent that they call for the disclosure of information protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other privilege, protection, or immunity applicable under the governing law. Plaintiffs do not intend to disclose such protected information. To the extent that any Interrogatory may be construed as calling for the production of documents or disclosure of information that is subject to any such claim of privilege, Plaintiffs hereby assert that doctrine or privilege and object on that basis. Any accidental or inadvertent disclosure of privileged information or material shall not be deemed a waiver of the applicable privilege, protection, or immunity.

5. Plaintiffs object to the Interrogatories to the extent that they seek information from sources not within the possession, custody, or control of Plaintiffs. Plaintiffs will respond to the Interrogatories based only on information in their own possession, custody, or control, as required by the Federal Rules of Civil Procedure.

6. Plaintiffs object to the Interrogatories as overly broad and unduly burdensome to the extent they require Plaintiffs to do more than disclose information in their possession, custody, and control locatable after a reasonable and diligent search.

7. Plaintiffs object to the Interrogatories to the extent they seek disclosure of their protected materials. Plaintiffs will produce such information, if requested and not otherwise objectionable, only pursuant to the restrictions of a Protective Order entered by the Court in this litigation.

8. Plaintiffs object to the Interrogatories insofar as they seek public information that is as easily accessible to Endeavor as it is to Plaintiffs.

9. Plaintiffs object to the Interrogatories insofar as they seek information that is already in Endeavor's possession, custody, or control.

10. Plaintiffs object to the Interrogatories insofar as they seek information that is not relevant to any claim or defense of any party, not proportional to the needs of this litigation, and not reasonably calculated to lead to the discovery of admissible evidence.

11. Plaintiffs object to the Interrogatories to the extent that they seek information that is the subject of expert testimony or are otherwise premature.

12. Plaintiffs make these responses solely for the purposes of this action, and each response is subject to all objections as to competence, relevance, materiality, propriety, and admissibility, and any and all other grounds which would require the exclusion of any statement contained herein at any hearing or trial in this action. All such objections are reserved and may be interposed at any time of trial or at any other appropriate time.

13. Plaintiffs object to the Interrogatories to the extent they assume facts not in evidence or misstate facts.

14. Plaintiffs' responses are not intended to and shall not constitute an admission that any of the predicate facts stated in any of the Interrogatories are true or accurate.

15. These General Objections and the Preliminary Statement are incorporated into each of the following responses and shall be deemed continuing as to each response. These General Objections and the Preliminary Statement are not waived, or in any way limited, by the following responses.

## OBJECTIONS TO DEFINITIONS

1. Plaintiffs incorporate herein their Objections to Definitions in Defendants' First Set of Requests for Production of Documents to Plaintiffs, served on November 13, 2023; Objections to Definitions in Defendants' Second Set of Requests for Production of Documents to Plaintiffs, served on April 1, 2026; Objections to Definitions in Defendants' Amended First Set of Interrogatories, served on June 8, 2026; Objections to Definitions in Defendants' Second Set of Interrogatories, served on June 18, 2026; and Objections to Definitions in Defendants' Third Set of Requests for Production of Documents to Plaintiffs, served on July 10, 2026.

2. Plaintiffs object to the definition of "Communication" to the extent it encompasses "oral or written communications of *any kind*," including "face-to-face meetings," as overbroad, vague, unduly burdensome, and disproportionate to the needs of the case. Plaintiffs further object to the definition of "Communication" to the extent it encompasses all "direct messaging, instant messaging, chatting or emailing within a social media platform," without limitation to communications relevant to this litigation, as overbroad, vague, unduly burdensome, and disproportionate to the needs of the case.

3. Plaintiffs object to the definition of "You" to the extent that it includes "all persons including both legal and natural persons, acting or purporting to act on" behalf of each Plaintiff, including "managers, agents, representatives, and attorneys," of whose documents Plaintiffs do not have possession, custody, or control. Plaintiffs further object to this definition insofar as it includes Plaintiffs' "attorneys" and seeks privileged information and/or work product, which are protected from disclosure.

## ANSWERS TO INTERROGATORIES

**INTERROGATORY NO. 1 (Individual Answer):**

Describe the complete history of YOUR use of Signal or any other ephemeral messaging application, which should include but not be limited to information about the date on which YOU downloaded Signal or any other ephemeral or encrypted messaging application, whether Signal's or any other ephemeral messaging application's auto-delete or disappearing message feature was enabled on YOUR device, and any steps YOU took to suspend, disable, or override auto-delete features enabled on YOUR Signal application at any time.

**RESPONSES & OBJECTIONS TO INTERROGATORY NO. 1:**

Plaintiffs incorporate their General Objections and Objections to the Definitions as if set forth fully herein. Plaintiffs object to Interrogatory 1 to the extent it constitutes improper discovery on discovery and seeks information protected by the attorney-client and work-product privileges. Plaintiffs object to this Interrogatory as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks a "complete history of YOUR use," which predates the period when Plaintiffs' preservation obligations began. Plaintiffs also object to the term "complete history of YOUR use" as undefined and overly vague. Plaintiffs will answer Defendants' enumerated questions for the period after Plaintiffs' preservation obligations began. Plaintiffs object to the term "ephemeral messaging application" as vague and undefined and will answer only as to the enumerated application Signal. Plaintiffs also object to this Interrogatory to the extent it seeks information about personal communications and private communications practices unrelated to any claim or defense in this litigation.

**Individual Responses:**

**Plaintiff Johnson:**

Plaintiff Johnson downloaded Signal in or around 2020. To the best of Johnson's recollection, he has never enabled Signal's auto-delete or disappearing message feature.

**Plaintiff Dollaway:**

Plaintiff Dollaway downloaded Signal in or around 2020. To the best of Dollaway's recollection, he has never enabled Signal's auto-delete or disappearing message feature.

**Plaintiff Connelly:**

Plaintiff Connelly downloaded Signal in or around 2020. To the best of Connelly's recollection, he has never enabled Signal's auto-delete or disappearing message feature.

**PLAINTIFFS' FIRST AMENDED OBJECTIONS TO INTERROGATORY NO. 1:**

Plaintiffs incorporate their General Objections and Objections to the Definitions as if set forth fully herein. Plaintiffs object to Interrogatory 1 to the extent it constitutes improper discovery on discovery and seeks information protected by the attorney-client and work-product privileges. Plaintiffs object to this Interrogatory as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks a "complete history of YOUR use," which predates the period when Plaintiffs' preservation obligations began. Plaintiffs also object to the term "complete history of YOUR use" as undefined and overly vague. Plaintiffs object to the term "ephemeral messaging application" as vague and undefined and will answer only as to the enumerated application Signal. Plaintiffs also object to this Interrogatory to the extent it seeks information about personal communications and private communications practices unrelated to any claim or defense in this litigation.

**PLAINTIFFS' FIRST AMENDED & SUPPLEMENTAL RESPONSES TO INTERROGATORY NO. 1:**

Subject to and without waiving the foregoing objections, Plaintiffs amend and supplement their responses as follows:

**Plaintiff Johnson:**

Johnson downloaded Signal on January 28, 2017. To the best of Johnson's knowledge after a reasonable investigation, Signal's auto-delete or disappearing message feature was never enabled on his device, and, as a result, there were no steps to suspend, disable, or override auto-delete features for Johnson to take.

**Plaintiff Dollaway:**

Dollaway downloaded Signal on July 16, 2018. To the best of Dollaway's knowledge after a reasonable investigation, Signal's auto-delete or disappearing message feature was never enabled on his device, and, as a result, there were no steps to suspend, disable, or override auto-delete features for Dollaway to take.

**PLAINTIFFS' SECOND AMENDED OBJECTIONS TO INTERROGATORY NO. 1:**

Plaintiffs incorporate their General Objections and Objections to the Definitions as if set forth fully herein. Plaintiffs object to Interrogatory 1 to the extent it constitutes improper discovery on discovery and seeks information protected by the attorney-client and work-product privileges. Plaintiffs object to this Interrogatory as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks a "complete history of YOUR use," which predates the period when Plaintiffs' preservation obligations began. Plaintiffs also object to the term "complete history of YOUR use" as undefined and overly vague. Plaintiffs object to the term "ephemeral messaging application" as vague and undefined. Plaintiffs also object to this Interrogatory to the extent it seeks information about personal communications and private communications practices unrelated to any claim or defense in this litigation.

**PLAINTIFFS' SECOND AMENDED & SUPPLEMENTAL RESPONSES TO INTERROGATORY NO. 1:**

Subject to and without waiving the foregoing objections, Plaintiffs amend and supplement their responses to include information on Instagram, Facebook, WhatsApp, and Telegram.

**Plaintiff Johnson:**

Plaintiff Johnson downloaded Facebook Messenger on January 12, 2012, and downloaded WhatsApp on March 1, 2012. Johnson accesses Instagram via web browser and does not have the application downloaded on his iPhone. To the best of Johnson's knowledge after a reasonable investigation, he has not downloaded Telegram.

To the best of Johnson's knowledge after a reasonable investigation, auto-delete or disappearing message features were never enabled on his device on any of these applications by

Johnson or other message participants. As a result, there were no steps to suspend, disable, or override auto-delete features for Johnson to take.

**Plaintiff Dollaway:**

Dollaway downloaded Instagram on October 21, 2012. Dollaway downloaded Facebook Messenger on July 17, 2016. Dollaway downloaded WhatsApp on April 3, 2011. To the best of Dollaway's knowledge, he downloaded Telegram in or around 2016, but an exact download date was not available from his full file system extraction.

To the best of Dollaway's knowledge after a reasonable investigation, auto-delete or disappearing message features were never enabled on his device on any of these applications by Dollaway or other message participants. As a result, there were no steps to suspend, disable, or override auto-delete features for Dollaway to take.

**Plaintiff Connelly:**

Plaintiff Connelly's full file system extraction has not been completed successfully, as the discovery vendor's collection software is still not compatible with the latest iOS update. His iPhone 16 Pro Max is currently with the discovery vendor, who will conduct a full file system extraction as soon as updated software becomes available. Once he receives the results, Connelly will supplement his responses with exact download dates.

**INTERROGATORY NO. 2 (Individual Answer):**

Describe the complete history of YOUR retention and collection of Signal or any other ephemeral messaging application, which should include but not be limited to information about the date range of Signal or other ephemeral messages currently in YOUR possession, custody, or control, the date on which YOU first became aware that Signal or any other ephemeral or encrypted messaging application was potentially relevant to this ACTION or subject to preservation obligations, the date on which YOU first received or were informed of any litigation hold, preservation notice, or instruction to preserve Signal messages or any other ephemeral messaging communications in connection with this ACTION, and the date(s) on which Signal or other

ephemeral messaging communications were collected from YOUR device(s) for purposes of this ACTION.

**RESPONSES & OBJECTIONS TO INTERROGATORY NO. 2:**

Plaintiffs incorporate their General Objections and Objections to the Definitions as if set forth fully herein. Plaintiffs object to this Interrogatory's request for information on litigation holds, preservation obligations, or instructions to preserve materials as improper discovery on discovery that seeks information protected by the attorney-client and work-product privileges. Plaintiffs also object to this Interrogatory as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks a "complete history of YOUR retention and collection," which predates the period when Plaintiffs' preservation obligations began. Plaintiffs also object to the term "complete history of YOUR retention and collection" as undefined and overly vague. Plaintiffs will answer Defendants' enumerated questions for the period after Plaintiffs' preservation obligations began. Plaintiffs object to the term "ephemeral messaging application" as vague and undefined and will answer only as to the enumerated application Signal. Plaintiffs object to this Interrogatory as compound and consisting of discrete subparts. Plaintiffs also object to this Interrogatory to the extent it seeks "the date on which YOU first became aware that Signal or any other ephemeral or encrypted messaging application was potentially relevant to this ACTION or subject to preservation obligations," as this Interrogatory improperly assumes a legal conclusion.

**Individual Responses:**

**Plaintiff Johnson:**

At all times during Plaintiff Johnson's use of Signal, he did not understand the messages that he was creating and receiving to be potentially relevant to this litigation or subject to a preservation obligation. Notwithstanding the foregoing, no later than June 19, 2026, Johnson was specifically instructed to preserve Signal messages, regardless of their potential relevance to this action. On August 6, 2026, a full file system extraction of Johnson's iPhone was completed.

Counsel is currently investigating the date range of Signal messages in Johnson's possession, custody, or control, and Johnson reserves the right to supplement his responses as appropriate.

**Plaintiff Dollaway:**

At all times during Plaintiff Dollaway's use of Signal, he did not understand the messages that he was creating and receiving to be potentially relevant to this litigation or subject to a preservation obligation. Notwithstanding the foregoing, no later than June 19, 2026, Dollaway was specifically instructed to preserve Signal messages, regardless of their potential relevance to this action. On August 4-5, 2026, full file system extractions of Dollaway's iPhone and iPad were completed. Counsel is currently investigating the date range of Signal messages in Dollaway's possession, custody, or control, and Dollaway reserves the right to supplement his responses as appropriate.

**Plaintiff Connelly:**

At all times during Plaintiff Connelly's use of Signal, he did not understand the messages that he was creating and receiving to be potentially relevant to this litigation or subject to a preservation obligation. Notwithstanding the foregoing, no later than June 19, 2026, Connelly was specifically instructed to preserve Signal messages, regardless of their potential relevance to this action. On August 4-5, 2026, full file system extractions of Connelly's iPhone and iPad were attempted but not completed, and a logical extraction was completed. A subsequent full file system extraction of Connelly's iPhone and iPad is forthcoming. Counsel is currently investigating the date range of Signal messages in Connelly's possession, custody, or control, and Connelly reserves the right to supplement his responses as appropriate.

**<u>PLAINTIFFS' FIRST AMENDED OBJECTIONS TO INTERROGATORY NO. 2:</u>**

Plaintiffs incorporate their General Objections and Objections to the Definitions as if set forth fully herein. Plaintiffs object to this Interrogatory's request for information on litigation holds, preservation obligations, or instructions to preserve materials as improper discovery on discovery that seeks information protected by the attorney-client and work-product privileges. Plaintiffs also object to this Interrogatory as overly broad, unduly burdensome, and

disproportionate to the needs of the case to the extent it seeks a "complete history of YOUR retention and collection," which predates the period when Plaintiffs' preservation obligations began. Plaintiffs also object to the term "complete history of YOUR retention and collection" as undefined and overly vague. Plaintiffs object to the term "ephemeral messaging application" as vague and undefined and will answer only as to the enumerated application Signal. Plaintiffs object to this Interrogatory as compound and consisting of discrete subparts. Plaintiffs also object to this Interrogatory to the extent it seeks "the date on which YOU first became aware that Signal or any other ephemeral or encrypted messaging application was potentially relevant to this ACTION or subject to preservation obligations," as this Interrogatory improperly assumes a legal conclusion.

**PLAINTIFFS' FIRST AMENDED & SUPPLEMENTAL RESPONSES TO INTERROGATORY NO. 2:**

Subject to and without waiving the foregoing objections, Plaintiffs amend and supplement their responses as follows:

**Plaintiff Johnson:**

Plaintiff Johnson currently has Signal messages from January 12, 2023, to present in his possession, custody, or control. On April 12, 2026, Johnson reset his iPhone 14 due to a storage issue. He completed a full iCloud backup before doing so and transferred all contents onto the reset phone. However, unbeknownst to Johnson, Signal cannot be backed up via iCloud and was not included in the data transfer.

On August 6, 2026, a full file system extraction of Johnson's iPhone 14 was completed. This extraction retrieved all Signal messages from April 12, 2026, to August 6, 2026.

On August 26, 2026, counsel completed an extraction of Fight Team Chat messages from an individual who possessed all Signal messages from the Fight Team Chat from January 12, 2023, to August 26, 2026. This collection confirmed Johnson's understanding that Signal's auto-delete or disappearing message feature was never enabled on his device.

**Plaintiff Dollaway:**

Plaintiff Dollaway currently has Signal messages from December 22, 2023 to present in his possession, custody, or control. These messages were extracted from both his iPhone 16 Pro Max and iPad Pro. This collection confirmed Dollaway's understanding that Signal's auto-delete or disappearing message feature was never enabled on his device.

**Plaintiff Connelly:**

On September 14, 2026, full file system extractions of Plaintiff Connelly's iPhone 16 Pro Max and iPad Pro were again attempted but not completed, as the collection vendor's third-party software remains incompatible with the latest iOS security update. Connelly will undergo additional full file system extractions as soon as updated software is available. To the extent appropriate, Connelly will supplement his responses based on those forthcoming results.

**PLAINTIFFS' SECOND AMENDED & SUPPLEMENTAL RESPONSES TO INTERROGATORY NO. 2:**

Subject to and without waiving the foregoing objections, Plaintiffs amend and supplement their responses as follows:

**Plaintiff Johnson:**

Plaintiff Johnson currently has Signal messages from January 12, 2023, to present in his possession, custody, or control. On April 12, 2026, Johnson reset his iPhone 16 due to a storage issue. He completed a full iCloud backup before doing so and transferred all contents onto the reset phone. However, unbeknownst to Johnson, Signal cannot be backed up via iCloud and was not included in the data transfer.

On August 6, 2026, a full file system extraction of Johnson's iPhone 16 was completed. This extraction retrieved all Signal messages from April 12, 2026, to August 6, 2026.

Plaintiff Johnson was made aware of his obligation to preserve all messages potentially relevant to this action, regardless of the application on which they were sent, when he agreed to serve as a Named Plaintiff in this action. Thereafter, he took reasonable steps to preserve his data, including by completing transfers when upgrading devices. Johnson's Instagram was collected via a cloud-based collection on September 6, 2024, and July 29, 2026. He has Instagram messages

from October 20, 2023, to present in his possession, custody, or control. Johnson's Facebook was collected via a cloud-based collection on September 3, 2026. He has Facebook messages from March 21, 2007, to present in his possession, custody, or control. Johnson's WhatsApp was collected logically from his iPhone 14 on November 10, 2024, and via full file system extraction of his iPhone 16 on August 6, 2026. He has WhatsApp messages from May 5, 2022, to present in his possession, custody, or control. Johnson does not have Telegram.

Johnson's original Instagram account, @iamragin, was hacked in October 2023. He tried extensively to reclaim his account but was unable to, and it was deleted by Instagram. He had to make a new account, @kajanjohnsonofficial, in October 2023, and his first post was on October 24, 2023. The hack occurred before Johnson's first Instagram collection, and forensic examiners were unable to access any content from the account during either of Johnson's Instagram collections. Johnson lacks WhatsApp messages for a few months between his joining this case and May 2022. These messages were lost through an inadvertent error backing up WhatsApp in 2022.

**Plaintiff Dollaway:**

Plaintiff Dollaway was made aware of his obligation to preserve all messages potentially relevant to this action, regardless of the application on which they were sent, when he agreed to serve as a Named Plaintiff in this action. Thereafter, he took reasonable steps to preserve his data, including by completing transfers when upgrading devices. Dollaway's Instagram was collected logically on October 23, 2024, and September 18, 2026. He has Instagram messages from September 19, 2015, to present in his possession, custody, or control. Dollaway's Facebook was collected via a cloud-based collection on December 16, 2024, and September 16, 2026. He has Facebook messages from September 22, 2009, to present in his possession, custody, or control. Dollaway's WhatsApp was collected logically from his iPhone 16 Pro Max on October 27, 2024, and via full file system extraction of his iPhone 16 Pro Max on August 4-5, 2026. He has WhatsApp messages from August 30, 2016, to present in his possession, custody, or control. Dollaway's Telegram was collected via full file system extraction of his iPhone 16 Pro Max on

August 4-5, 2026, but no messages were collected, as he has not used Telegram in many years and has never used it for a relevant purpose.

In December of 2023, Plaintiff Dollaway stopped receiving notifications from Signal and deleted and redownloaded the application in order to solve the issue. Dollaway was not aware that Signal is device-specific and that reinstalling the application would result in the loss of his prior messages.

**Plaintiff Connelly:**

Plaintiff Connelly was made aware of his obligation to preserve all messages potentially relevant to this action, regardless of the application on which they were sent, when he agreed to serve as a Named Plaintiff in this action. Thereafter, he took reasonable steps to preserve his data, including by completing transfers when upgrading devices. Connelly's Instagram was collected via a cloud-based collection on October 28, 2024, and September 15, 2026. He has Instagram messages from April 21, 2019, to present in his possession, custody, or control. Connelly's Facebook was collected via a cloud-based collection on September 15, 2026. He has Facebook messages from January 10, 2019, to present in his possession, custody, or control. Connelly's WhatsApp was collected logically from his iPhone 14 Pro Max on October 24, 2024. He has WhatsApp messages from May 29, 2016, to present in his possession, custody, or control. Connelly's Telegram was collected logically from his iPhone 16 Pro Max on September 15, 2026, and will also be collected via forthcoming full file system extraction of his iPhone 16 Pro Max. Based on the logical extraction, he has Telegram messages from February 14, 2023, to present in his possession, custody, or control.

Dated: October 14, 2026

/s/ Daniel H. Silverman

**COHEN MILSTEIN SELLERS & TOLL, LLP**
Daniel H. Silverman (*pro hac vice*)
769 Centre Street, Suite 207
Boston, MA 02130
Telephone: (202) 408-4600
Fax: (202) 408-4699
dsilverman@cohenmilstein.com

**COHEN MILSTEIN SELLERS & TOLL, LLP**
Benjamin D. Brown (*pro hac vice*)
Richard A. Koffman (*pro hac vice*)
1100 New York Ave., N.W., Suite 800
Washington, DC 20005
Telephone: (202) 408-4600/Fax: (202) 408-4699
bbrown@cohenmilstein.com
rkoffman@cohenmilstein.com

**BERGER MONTAGUE, P.C.**
Eric L. Cramer (*pro hac vice*)
Michael Dell'Angelo (*pro hac vice*)
Patrick Madden (*pro hac vice*)
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000/Fax: (215) 875-4604
ecramer@bergermontague.com
mdellangelo@bergermontague.com
pmadden@bergermontague.com

**JOSEPH SAVERI LAW FIRM, LLP**
Joseph R. Saveri (*pro hac vice*)
Kevin E. Rayhill (*pro hac vice*)
Christopher K. L. Young (*pro hac vice*)
Itak Moradi (*pro hac vice*)
601 California Street, Suite 1000
San Francisco, California 94108
Telephone: (415) 500-6800/Fax: (415) 395-9940
jsaveri@saverilawfirm.com
krayhill@saverilawfirm.com
cyoung@saverilawfirm.com
imoradi@saverilawfirm.com

# VERIFICATION

I, Kajan Johnson, declare under penalty of perjury of the laws of the United States of America, that the foregoing responses to Defendant Endeavor Group Holdings, Inc.'s First Set of Interrogatories are true and correct to the best of my knowledge, information, and belief.

DocuSigned by:
7FFF26DC218546E...

Dated: October 14, 2026

Kajan Johnson

# VERIFICATION

I, Clarence Dollaway, declare under penalty of perjury of the laws of the United States of America, that the foregoing responses to Defendant Endeavor Group Holdings, Inc.'s First Set of Interrogatories are true and correct to the best of my knowledge, information, and belief.

Dated: October 14, 2026

DocuSigned by:

F01AFEDD946241F...

Clarence Dollaway

**VERIFICATION**

I, Tristan Connelly, declare under penalty of perjury of the laws of the United States of America, that the foregoing responses to Defendant Endeavor Group Holdings, Inc.'s First Set of Interrogatories are true and correct to the best of my knowledge, information, and belief.

DocuSigned by:

8E26C579ECFA4CD...

Dated: October 14, 2026

Tristan Connelly

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was served via email on October 14, 2026 on the following counsel for Defendant Endeavor Group Holdings, Inc.:

| | |
|---|---|
| MAAREN A. SHAH<br>maarenshah@quinnemanuel.com<br>SAMI RASHID<br>samirashid@quinnemanuel.com<br>ELLISON MERKEL<br>ellisonmerkel@quinnemanuel.com<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>295 5th Ave.<br>New York, NY 10016 | KRISTIN N. TAHLER<br>kristintahler@quinnemanuel.com<br>WILLIAM R. SEARS<br>willsears@quinnemanuel.com<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>865 S. Figueroa St., 10th Floor<br>Los Angeles, CA 90017 |
| RORY T. KAY<br>rkay@mcdonaldcarano.com<br>EMILY M. DENNIS<br>edennis@mcdonaldcarano.com<br>McDONALD CARANO LLP<br>2300 West Sahara Avenue, Suite 1200<br>Las Vegas, Nevada 89102 | |

Dated: October 14, 2026

*<u>/s/ Daniel H. Silverman</u>*
Daniel H. Silverman