# EXHIBIT 4

quinn emanuel trial lawyers | new york
295 5th Avenue, New York, New York 10016-7103 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7379**

WRITER'S EMAIL ADDRESS
**samcleveland@quinnemanuel.com**

September 25, 2026

**VIA E-MAIL**
**MDELLANGELO@BERGERMONTAGUE.COM**

Michael Dell'Angelo
Berger Montague PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
mdellangelo@bergermontague.com

Re: ***Johnson, et al. v. Zuffa, LLC et al.*, No. 2:21-cv-01189-RFB (D. Nev.); *Davis v. Zuffa LLC, et al.*, No. 2:25-cv-00946-RFB (D. Nev.)**

Dear Michael:

We write on behalf of Endeavor Group Holdings, Inc. ("Endeavor") regarding a number of discovery issues raised during the parties' September 25, 2026 meet and confer. Endeavor previously informed Plaintiffs that Endeavor wished to discuss Plaintiffs' First Amended and Supplemental Responses and Objections to Endeavor's First Interrogatories on the meet and confer. Yet while Endeavor raised a number of questions concerning those responses, which Endeavor lists below, Plaintiffs were not prepared to discuss their responses and did not provide a substantive response to virtually any of Endeavor's questions. Instead, Plaintiffs stated they would follow up with answers to Endeavor's questions.

As discussed on the meet and confer, the deadline for Endeavor to file a motion to compel on its first set of interrogatories is Wednesday, September 30. In light of this, Plaintiffs committed to providing substantive responses to these questions by Monday, September 28. Endeavor reiterates its request that Plaintiffs respond to these questions as soon as possible, and in any event no later than Monday, September 28, 2026.

Further, to the extent Plaintiffs intend to supplement their responses and objections to Endeavor's first interrogatories, please do so by Tuesday, September 29, 2026.

Interrogatory Responses, Generally:

1. Will Plaintiffs supplement their interrogatory responses to include Telegram, WhatsApp, Facebook Messenger, and Instagram?

2. Has there been a full file extraction performed on the named Plaintiffs' earlier iPhones (i.e., devices predating their current phones)? If so, which ones? If not, why not?

Responses to Interrogatory No. 1:

3. Have Plaintiffs conducted a linear review of Telegram data from Mr. Dollaway's devices?

4. Plaintiffs' responses as to Mr. Johnson and Mr. Dollaway state "To the best of [Plaintiff's] knowledge after a reasonable investigation, Signal's auto-delete or disappearing message feature was never enabled on his device, and, as a result, there were no steps to suspend, disable, or override auto-delete features for [Plaintiff] to take." What is the specific basis for Plaintiffs' representations surrounding autodelete on Mr. Johnson's and Mr. Dollaway's devices? Have Plaintiffs' counsel independently verified this representation or is this representation based on those Plaintiffs' recollections?

5. What is the basis of the disparity in timing between Plaintiffs' August 10 Response representing that Plaintiffs downloaded Signal in 2020 versus Plaintiffs' September 18 Amended Response representing that Plaintiffs downloaded Signal in January 2017 and July 2018? Was this change based on Plaintiffs' memory alone or did Plaintiffs' counsel conduct a further investigation to verify this representation? If the original response was an estimate, why was it so far off? Are Plaintiffs confident in the dates in their latest amended responses?

Responses to Interrogatory No. 2:

6. Other than the Fight Team Chat messages recovered from Shawn Sitthikoun, do Plaintiffs have any Signal messages for Mr. Johnson before April 12, 2026? If so, which ones? If not, why not?

7. Is it correct that Mr. Johnson himself possesses no Signal messages at all from before April 12, 2026?

8. Plaintiffs state that "Plaintiff Johnson currently has Signal messages from January 12, 2023 to the present in his possession, custody, or control." For Signal messages before April 12, 2026, does this refer solely to Fight Team Chat messages recovered from Mr. Sitthikoun?

9. What was the nature of the "storage issue" and Signal loss that Mr. Johnson experienced? Plaintiffs' Responses indicate that Mr. Johnson has retained Signal messages from January 2023 to the present, but in the next sentence indicates that Mr. Johnson lost some Signal messages. Please provide a clear basis for this contradiction.

10. Were Plaintiffs able to locate Fight Team Chat communications pre-dating 2023? If yes, were such communications reviewed linearly in their entirety? If not, why not?

11. Plaintiffs confirmed that they obtained Fight Team Chat messages from Mr. Sitthikoun. Was Mr. Sitthikoun's phone searched for Signal communications other than from the Fight Team Chat?

12. Did Plaintiffs conduct a full file system extraction from Mr. Sitthikoun's device? If not, how was the collection performed?

13. Does Mr. Dollaway have Signal messages prior to December 22, 2023? If not, why not?

14. For Mr. Dollaway, does he have all Signal messages he sent or received from December 22, 2023 to the present, or just some Signal messages from that period?

15. Is it correct that every single Signal message collected from Mr. Dollaway's phone are solely between he and his wife?

16. Plaintiffs represented that Mr. Connelly's phone was presently undergoing a full file system extraction. When can Defendants expect Mr. Connelly's device extraction to be complete? When can it expect supplemental interrogatory responses as to Mr. Connelly?

17. Until Mr. Connelly's extraction can be completed, has there been any effort to investigate preliminarily whether Connelly has Signal messages on his device by manual investigation? Do Plaintiffs have any preliminary indications if there are Signal messages on Mr. Connelly's device?

Additionally, Plaintiffs indicated that they would not reconsider their refusal to produce documents responsive to Endeavor's Request for Production No. 1 and that therefore the parties are at an impasse.

Sincerely,

*/s/ Sam Cleveland*

Sam Cleveland