# EXHIBIT 5

Joseph R. Saveri (*pro hac vice*)
JOSEPH SAVERI LAW FIRM, LLP
601 California Street, Suite 1000
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
jsaveri@saverilawfirm.com

Benjamin D. Brown (*pro hac vice*)
COHEN MILSTEIN SELLERS & TOLL, LLP
1100 New York Ave., N.W., Suite 800
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
bbrown@cohenmilstein.com

Michael Dell'Angelo (*pro hac vice*)
BERGER MONTAGUE, P.C.
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604
mdellangelo@bergermontague.com

*Attorneys for Individual and Representative Plaintiffs Kajan Johnson, Clarence Dollaway, and Tristan Connelly*

[Additional Counsel Listed on Signature Page]

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Kajan Johnson, Clarence Dollaway, and Tristan Connelly, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

Zuffa, LLC, TKO Operating Company, LLC f/k/a Zuffa Parent LLC (d/b/a Ultimate Fighting Championship and UFC), and Endeavor Group Holdings, Inc.,

Defendants.

Case No. 2:21-cv-01189-RFB

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT ENDEAVOR'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS JOHNSON, DOLLAWAY, AND CONNELLY**

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT ENDEAVOR'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS JOHNSON, DOLLAWAY, AND CONNELLY**

## GENERAL OBJECTIONS

Plaintiffs object generally to the Instructions, Definitions, and Requests, and to each individual Request on the following grounds. Each response set forth below incorporates, is subject to, and does not waive any of these General Objections.

1. Plaintiffs incorporate herein their General Objections to Defendants' First Set of Requests for Production of Documents to Plaintiffs, served on November 13, 2023; General Objections to Defendants' Second Set of Requests for Production of Documents to Plaintiffs, served on April 1, 2026; their Responses and Objections to Defendants' Amended First Set of Interrogatories, served on June 8, 2026; their Responses and Objections to Defendants' Second Set of Interrogatories, served on June 18, 2026; and their Responses and Objections to Endeavor's First Set of Interrogatories, served on August 10, 2026, and amended on September 18, 2026.

2. Plaintiffs object to Defendants' Requests to the extent that the Requests seek documents or information that are not relevant to any claim or defense of any party, not proportional to the needs of this litigation, and not reasonably calculated to lead to the discovery of admissible evidence. In considering the proportionality of these Requests, the burden of the discovery on Plaintiffs significantly outweighs any potential relevance to Plaintiffs' claims or Defendants' defenses.

3. Plaintiffs object to the Requests to the extent they individually or cumulatively purport to impose on Plaintiffs duties or obligations beyond those required by the Federal Rules of Civil Procedure, the Local Rules of Practice in Civil Proceedings before the United States District Court for the District of Nevada, the Standing Orders of Judge Boulware or Magistrate Judge Leen, or other applicable domestic or foreign laws or rules, including but not limited to privacy laws, or what the Parties have agreed to (or will agree to) with respect to the ESI Protocol, the operative Protective Order, any privilege issues, and/or expert discovery.

4. Plaintiffs object to the Requests to the extent that they may seek identification or production of documents not in Plaintiffs' possession, custody, or control.

5. Plaintiffs object to the Requests to the extent that they are duplicative, in whole or in part, of the first set of Requests for Production of Documents to Plaintiffs that Defendants previously served on Plaintiffs, and in response to which Plaintiffs have already produced substantial responsive documents and information in compliance with the Court-ordered substantial-completion deadline. Plaintiffs will not reproduce any documents that have already been produced.

6. Plaintiffs object to the Requests to the extent that the Requests seek to compel the creation of documents by Plaintiffs.

7. Plaintiffs object to the Requests to the extent that they are overbroad, unduly burdensome, vague, ambiguous, or do not specify the documents sought with sufficient particularity. Plaintiffs have already collected and produced a substantial amount of documents and electronically stored information ("ESI"), and further searching this information for broad, open-ended Requests is unduly burdensome.

8. Plaintiffs object to the Requests to the extent that they seek the disclosure of information or documents protected by Federal Rule of Evidence 408, the attorney-client privilege, the work product doctrine, or that are otherwise privileged, immune from discovery, or protected from disclosure under any other applicable federal, state, or other privilege, exemption, or shield.

9. Plaintiffs object to the Requests to the extent that they require Plaintiffs to draw legal conclusions or are predicated on legal conclusions or arguments. Subject to and without waiving any of these General Objections, Plaintiffs' Responses are not intended, and may not be construed, as an admission or legal conclusion.

10. In providing these Responses and Objections and in producing any documents, Plaintiffs do not waive any ground on which they may object to the use of any response, objection, or document in subsequent proceedings, including at trial.

11. Plaintiffs reserve the right to supplement these Responses as necessary should additional responsive documents or information become known to Plaintiffs in the future.

12. Plaintiffs object to the definitions used by Defendants to the extent they seek to change the ordinary meaning of the terms identified, or to the extent they seek to impose obligations on Plaintiffs inconsistent with the Federal Rules. Specifically:

(1) Plaintiffs object to the term "COMMUNICATION," to the extent it includes "oral or written communications of *any kind*," as overbroad, vague, unduly burdensome, and disproportionate to the needs of the case. Plaintiffs further object to the definition of "COMMUNICATION" to the extent it encompasses all "direct messaging, instant messaging, chatting, or emailing within a social media platform," without limitation to communications relevant to this litigation, as overbroad, vague, unduly burdensome, and disproportionate to the needs of the case.

(2) Plaintiffs object to the terms "YOU," "YOUR," "YOURSELF," and "PLAINTIFF(S)" to the extent that they include "all persons, including both legal and natural persons, acting or purporting to act on" behalf of each Plaintiff, including "managers, agents, representatives, and attorneys" and other entities or individuals of whose documents Plaintiffs do not have possession, custody, or control. Plaintiffs further object to these terms insofar as they include Plaintiffs' "attorneys" and call for the production of privileged documents and/or work product, which are protected from disclosure and will not be produced. Plaintiffs will not produce documents that are subject to a privilege or protection.

(3) Plaintiffs object to the definition of "DOCUMENT(S)" to the extent it extends beyond the scope of Federal Rule of Civil Procedure 34(a) to encompass "software, software images, or downloads."

(4) Plaintiffs object to the definition of "PERSON" to the extent it encompasses any "group, or other form of legal entity." These undefined terms are vague and could be read to encompass informal associations and groups over which Plaintiffs have no legal authority and over whose documents Plaintiffs do not have possession, custody, or control.

13. Plaintiffs object to the Instructions used by Defendants to the extent that they seek to impose obligations on Plaintiffs inconsistent with the Federal Rules. Specifically:

(1) Plaintiffs object to the extent Defendants, in seeking "responsive DOCUMENTS in YOUR actual or constructive possession, control, or custody, as well as the responsive DOCUMENTS in the actual or constructive possession, control, or custody of YOUR employees, agents, representatives, managers, or any other PERSON acting or purporting to act on YOUR behalf," attempt to require Plaintiffs to produce documents not in their possession, custody, or control.

(2) Plaintiffs object to the extent the Instructions require Plaintiffs to create documents that do not currently exist and are therefore not within Plaintiffs' possession, custody, or control.

(3) Plaintiffs object to the extent the Instructions require Plaintiffs to produce documents in a format or fashion that is inconsistent with the ESI Protocol entered into between Plaintiffs and Defendants.

(4) Plaintiffs object to the Instructions to the extent that they seek documents protected by the attorney-client privilege or the work product doctrine. Plaintiffs will produce no attorney-client communications, or documents that constitute attorney work product, and where applicable will redact such material where only a part of the document is so protected.

(5) Plaintiffs object to the Instructions for redaction and identification of withheld and privileged materials to the extent they are inconsistent with the Federal Rules of Civil Procedure.

(6) Plaintiffs object to the Instructions as unduly burdensome and overbroad to the extent that they seek information from a broader geographic scope than alleged in Plaintiffs' respective Antitrust Class Action Complaints and therefore seek information not relevant to any claim or defense of any party.

**PLAINTIFFS' RESPONSES TO DEFENDANTS' REQUESTS**

**REQUEST FOR PRODUCTION NO. 1**

All litigation hold notices, preservation notices, and similar directives issued in connection with this ACTION, INCLUDING any directive CONCERNING the preservation of Signal messages or messages sent or received through any other messaging application. This should INCLUDE any reminder, reissuance, or modification of any such directive, and all DOCUMENTS reflecting the transmittal, receipt, or acknowledgment of each of the foregoing, INCLUDING DOCUMENTS showing the date on which it was issued, the PERSONS to whom it was issued, and the method by which it was issued.

**PLAINTIFFS' RESPONSE**:

Plaintiffs incorporate their General Objections as if set forth fully herein. Plaintiffs object to this Request as improper discovery on discovery that seeks information protected by the attorney-client and work-product privileges. Plaintiffs object to this Request to the extent that it is duplicative of Endeavor's First Set of Interrogatories, to which Plaintiffs have already responded. Plaintiffs object to this Request as unduly burdensome, irrelevant, and disproportionate to the needs of the case as Endeavor has not made any preliminary showing of spoliation sufficient to justify the requested discovery. Plaintiffs object to this Request as vague, overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks "any reminder, reissuance, or modification of any such directive, and all DOCUMENTS reflecting the transmittal, receipt, or acknowledgment of each of the foregoing." Plaintiffs object to the Request for litigation

hold information related to "messages sent or received through any other messaging application" as vague, overly broad, unduly burdensome, and disproportionate to the needs of the case. Plaintiffs object to the terms "similar directives" and "messaging application" as undefined and overly vague. Based on the foregoing, Plaintiffs will not produce documents responsive to this Request.

Dated: September 24, 2026

*<u>/s/ Daniel H. Silverman</u>*

**COHEN MILSTEIN SELLERS & TOLL, LLP**
Daniel H. Silverman (*pro hac vice*)
769 Centre Street, Suite 207
Boston, MA 02130
Telephone: (202) 408-4600
Fax: (202) 408-4699
dsilverman@cohenmilstein.com

**COHEN MILSTEIN SELLERS & TOLL, LLP**
Benjamin D. Brown (*pro hac vice*)
Richard A. Koffman (*pro hac vice*)
1100 New York Ave., N.W., Suite 800
Washington, DC 20005
Telephone: (202) 408-4600/Fax: (202) 408-4699
bbrown@cohenmilstein.com
rkoffman@cohenmilstein.com

**BERGER MONTAGUE, P.C.**
Eric L. Cramer (*pro hac vice*)
Michael Dell'Angelo (*pro hac vice*)
Patrick Madden (*pro hac vice*)
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000/Fax: (215) 875-4604
ecramer@bergermontague.com
mdellangelo@bergermontague.com
pmadden@bergermontague.com

**JOSEPH SAVERI LAW FIRM, LLP**
Joseph R. Saveri (*pro hac vice*)
Kevin E. Rayhill (*pro hac vice*)
Christopher K. L. Young (*pro hac vice*)
Itak Moradi (*pro hac vice*)
601 California Street, Suite 1000
San Francisco, California 94108
Telephone: (415) 500-6800/Fax: (415) 395-9940
jsaveri@saverilawfirm.com
krayhill@saverilawfirm.com
cyoung@saverilawfirm.com
imoradi@saverilawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served via email on September 24, 2026 on the following counsel for Defendants:

| | |
|---|---|
| WILLIAM A. ISAACSON<br>wisaacson@dirllp.com<br>JESSICA PHILLIPS<br>jphillips@dirllp.com<br>AGBEKO PETTY<br>apetty@dirllp.com<br>BENJAMIN CABRANES<br>bcabranes@dirllp.com<br>DUNN ISAACSON RHEE LLP<br>401 Ninth Street NW<br>Washington, DC 20004 | KRISTIN N. TAHLER<br>kristintahler@quinnemanuel.com<br>WILLIAM R. SEARS<br>willsears@quinnemanuel.com<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>865 S. Figueroa St., 10th Floor<br>Los Angeles, CA 90017 |
| YOTAM BARKAI<br>ybarkai@dirllp.com<br>DUNN ISAACSON RHEE LLP<br>11 Park Place<br>New York, NY 10007 | SEAN M. BERKOWITZ<br>sean.berkowitz@lw.com<br>LATHAM & WATKINS LLP<br>330 North Wabash Ave., Suite 2800<br>Chicago, IL 60611 |
| DONALD J. CAMPBELL<br>djc@cwlawlv.com<br>J. COLBY WILLIAMS<br>jcw@cwlawlv.com<br>CAMPBELL & WILLIAMS<br>710 South 7th Street<br>Las Vegas, NV 89101 | LAURA WASHINGTON<br>laura.washington@lw.com<br>JOSEPH AXELRAD<br>joseph.axelrad@lw.com<br>LATHAM & WATKINS LLP<br>10250 Constellation Blvd., Suite 1100<br>Los Angeles, CA 90067 |
| MAAREN A. SHAH<br>maarenshah@quinnemanuel.com<br>SAMI RASHID<br>samirashid@quinnemanuel.com<br>ELLISON MERKEL<br>ellisonmerkel@quinnemanuel.com<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>295 5th Ave.<br>New York, NY 10016 | RORY T. KAY<br>rkay@mcdonaldcarano.com<br>EMILY M. DENNIS<br>edennis@mcdonaldcarano.com<br>McDONALD CARANO LLP<br>2300 West Sahara Avenue, Suite 1200<br>Las Vegas, Nevada 89102 |
| CHRISTOPHER S. YATES<br>chris.yates@lw.com<br>AARON T. CHIU<br>aaron.chiu@lw.com<br>LATHAM & WATKINS LLP<br>505 Montgomery Street, Suite 2000<br>San Francisco, CA 94111 | |

Dated: September 24, 2026

*/s/ Daniel H. Silverman*
Daniel H. Silverman