[Counsel Listed on Signature Page]

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| KAJAN JOHNSON, CLARENCE DOLLAWAY, and TRISTAN CONNELLY, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ZUFFA, LLC, TKO OPERATING COMPANY, LLC f/k/a ZUFFA PARENT LLC (d/b/a ULTIMATE FIGHTING CHAMPIONSHIP and UFC), and ENDEAVOR GROUP HOLDINGS, INC.,<br><br>Defendants. | No.: 2:21-cv-01189-RFB<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL DEFENDANT ZUFFA TO RESPOND TO INTERROGATORY NO. 12 OF PLAINTIFFS' THIRD SET OF INTERROGATORIES AND INTERROGATORY NO. 13 OF PLAINTIFFS' FOURTH SET OF INTERROGATORIES** |
| PHIL DAVIS, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ZUFFA LLC, TKO GROUP HOLDINGS, INC. (d/b/a ULTIMATE FIGHTING CHAMPIONSHIP and UFC), and ENDEAVOR GROUP HOLDINGS, INC.,<br><br>Defendants. | No.: 2:25-cv-00946-RFB |

## I. INTRODUCTION

Zuffa asserts that its untimely commitment to serve supplemental responses to Interrogatories Nos. 12 and 13 has mooted this dispute. Not so. Zuffa's yet-unfilled commitment came and went more than three weeks ago. Zuffa has still failed to provide all the required information and has not provided the promised supplemental responses, let alone the verified responses Rule 33 requires. Regardless, its delay here is much longer and more egregious than three weeks. Zuffa has known that Interrogatory Responses Nos. 12 and 13 are deficient and require supplementation under Rules 26 and 33 since at least May and June of 2026, respectively. Mot. at 3–8 (ECF No. 784). Most importantly, Plaintiffs' Interrogatories at issue were only necessitated by Zuffa's repeated violations of this Court's Device Disclosure Orders over the last 16 months.[1] The decision to oppose Plaintiffs' Motion, rather than supplement, is just another iteration of Zuffa flouting Court Orders and its discovery obligations.

Zuffa does not challenge that it has a duty to supplement, as its responses are clearly incomplete in a "material respect." *See* Fed. R. Civ. P. 26(e)(1)(A). Rather, Zuffa uses its Opposition to downplay its discovery failures by raising misguided objections meant to evade further investigation of the potential ESI sources that Plaintiffs continue to uncover, and to attempt to run out the clock on Plaintiffs' forthcoming motion for sanctions. Mr. White plainly failed to disclose the ***five*** additional numbers that Plaintiffs have discovered since ***April 2026***—nearly a year after the Court Ordered Zuffa to supply all such numbers, business and personal—to his counsel in response to multiple Court orders or to party discovery. Zuffa deflects this failure by asserting that each of these phone numbers is a personal number, associated with personal devices, that Mr. White does not use to conduct UFC business (though it undermines this assertion by maintaining that its investigation is ongoing). First, whether these numbers are "personal" is unclear at best. Plaintiffs have identified both party and third-

---

[1] ECF No. 202 (July Device Disclosure Order); ECF No. 260 at 45:15–24 (October Device Disclosure Order); ECF No. 321 (December Disclosure Order). In addition, the Court has directed Zuffa to provide and obtain information specifically regarding Dana White's devices on numerous other occasions. *See, e.g.*, ECF No. 517 (April 28, 2026 Minute Order ordering that "Custodian Dana White must PERSONALLY REQUEST his phone records from his wireless carrier; specifically, he must request records *for any, and all, device*s he used throughout the relevant class period(s), i.e., December 16, 2010, through the present.").

party evidence that Mr. White was using some of these phone numbers to conduct at least *some* UFC business relevant to this case. Second, irrefutable evidence aside, the "personal" label is immaterial. Zuffa disregards the longstanding Court Orders to disclose all business *and* personal devices for all custodians, choosing instead to confusingly rely on a 9-year-old, procedurally inapt discovery order regarding devices in *Le*. Opp. at 1, 7, 8 (ECF No. 822). Zuffa does so in order to gloss over all the bases underlying its duty to supplement and to ask the Court to preemptively order that "regardless of any disclosure, discovery into personal devices . . . should not be permitted." Opp. at 2. Considering the instant motion seeks to compel interrogatory responses, not device inspections, that request is irrelevant and improper. The only issue before this Court is Zuffa's obligation to serve verified interrogatory responses compliant with Rule 33, which Zuffa concedes that it owes. Zuffa's request for any other order should be ignored.

## II. ARGUMENT

### A. The Motion remains ripe given Zuffa's unreasonable delay.

As a preliminary matter, the argument that Plaintiffs' Motion is moot or is brought in bad faith because it was filed one day after Zuffa purportedly committed to supplement Interrogatories 12 and 13 is a red herring. Plaintiffs filed their Motion by September 30 given the Court's directive to do so. Aug. 6, 2026 Tr. at 37:4–7 (ECF No. 720). To the extent Zuffa instead means the Motion is premature because it committed to supplementing, it cannot simultaneously argue mootness and ripeness. It was Defendants, not Plaintiffs, that argued during meet-and-confers concerning Plaintiffs' discovery responses that the parties must resolve any pending discovery dispute by September 30 or proceed to motion practice. When Zuffa failed to supplement on the schedule it maintained was required, Plaintiffs filed their Motion to preserve the dispute in good faith out of an abundance of caution.

Regardless, Zuffa *still* has not fulfilled its commitment to supplement weeks later, which confirms that intervention is necessary. Five months ago, Zuffa knowingly served an incomplete response to Interrogatory No. 12, both by the clear failure to provide all requested information as to the identified numbers and devices without explanation and by failing to address the three phones identified in the podcast video and related text exchange between Mr. White and Hunter Campbell.

"The duty to supplement arises when counsel becomes aware that a previous response has become incomplete or inaccurate." *Smiley v. Hologic, Inc.*, No. 16-CV-0158-WQH-MDD, 2017 WL 4244861, at *2 (S.D. Cal. Sept. 25, 2017) (citation omitted). Supplementation for purposes of Rule 26 is thus timely when made "as soon as possible." *Malozienc v. Pac. Rail Servs.*, 572 F. Supp. 2d 939, 943 (N.D. Ill. 2008); *see Flynn v. Consol. City of Indianapolis & Marion Cnty.*, 342 F.R.D. 439, 444 (S.D. Ind. 2022) (reasonable obligation to supplement interrogatory was "no more than a week or so"); *Hummer v. BNSF Ry. Co.*, No. 06-CV-1218, 2006 WL 3523752, at *2 (C.D. Ill. Dec. 6, 2006) (supplemental disclosure made nine days after party became aware of evidence was timely); *Cf. Walls v. Paulson*, 250 F.R.D. 48, 53 (D.D.C. 2008) (supplemental responses were untimely when made months after learning of information).

Zuffa cannot justify its months-long delay in supplementing Interrogatory No. 12. The failure to identify White's numbers, including the ones in use in the podcast video and related text exchange, is particularly galling given the Court's clear instruction to identify such devices and numbers by July 3, 2025, ECF No. 202, and the Court's extreme patience in giving Zuffa additional opportunities, including its Order to provide Defendants one "final" chance to make full disclosures as to business and personal devices and communications apps by December 16, 2025. *See* Dec. 4, 2025 Tr. at 16:20-25 (ECF No. 323); *see also id.* at 18:25-19:2; ECF No. 330.

Setting aside Zuffa's failure to investigate sufficiently to supply complete and non-evasive interrogatory responses (or the custodians' continuing failure to supply that information to counsel), Zuffa has been in possession of information sufficient to require supplementation for months now. For example, Zuffa's own forensic examiner apparently confirmed that the **-0082** device belonged to White leading up to his submission of the June 29, 2026 report.[2] And more than a month before that, the Court instructed Zuffa to determine whether the device belonged to White or his assistant Nichole Durand. *See* May 18, 2026 Tr. at 87:12-89:2 (ECF No. 549). There is no basis for Zuffa's continuing

[2] Given the myriad other errors in that forensic examiner's expert report, discussed in more detail at ECF No. 750 at 11-14, Plaintiffs believed this too was an erroneous conclusion, and said so. *Id*. at 12 n.12. Zuffa neither addressed Plaintiffs' assertion in that September 1, 2026 filing nor supplemented their Interrogatory response with the information clearly within their possession.

failure to supplement as to the -0082 number, the extraction for which has been in Zuffa's possession for nearly five months now.

As to White's **-2660** number, Plaintiffs raised the number ***51 days ago***, and Zuffa conceded 34 days ago that it unintentionally omitted the number from its disclosures. ECF No. 771 at 2. Yet, Zuffa has not provided a supplement to its Interrogatory response for that number either.

Plaintiffs raised the **-3855** and **-0005** numbers ***33 days ago***, and Zuffa has conceded its access and control of the associated device, confirming that it has reviewed "more than 1,600 chat threads" on that device. Neither number nor the associated device has been disclosed in Interrogatory No. 12. Zuffa does not explain why. Concerningly as to the -3855 and -0005 numbers, Campbell had each of those numbers stored in his phone under contact names other than Dana White, suggesting that Campbell knew about the numbers and was complicit in an effort to conceal them. Campbell's concealment activity explains counsel's failure to identify the numbers in their initial Interrogatory No. 12 response, but once counsel was put on notice, the supplement should have been forthcoming, yet it has not.

Zuffa's responses to both Interrogatory Nos. 12 and 13 as to the **-0447** device are likewise materially incomplete and have not been supplemented. To date, Zuffa still has not provided sufficient information for Plaintiffs to evaluate the relevance of associated ESI. What it *has* confirmed is its access to and control of the device (as counsel attested to reviewing its contents, ECF No. 822-1 ¶ 6, and was the one to identify it). It follows that Zuffa should have reasonably been able to disclose device information at the time it served any Interrogatory Response pertaining to -0447, despite the custodians' apparent concealment. *See* 8A Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc.* § 2049.1 (3d ed), 1993 Expansion of Duty to Supplement or Correct ("[T]here is no excuse under the restyled [Rule 26(e) 2007 amendments] for failure to supplement where the information was in the responding party's possession at the time the incomplete response was made.").[3]

[3] Of course, had Zuffa fully disclosed -0447 in Interrogatory No. 12, Plaintiffs would not have needed to serve Interrogatory No. 13. That alone is prejudicial to Plaintiffs because Defendants' violations of this Court's Orders and failure to comply with their discovery obligations have caused Plaintiffs to waste limited Interrogatories on ferreting out spoliation and discovery malfeasance.

But even if these failures to supplement ***over the last one to five months*** that Zuffa has had information making clear that its answers to Interrogatory Nos. 12 and 13 are materially incomplete were not sufficient to warrant granting Plaintiffs' Motion, the fact that the Court had itself Ordered Zuffa to supply this information multiple times since ***June 2025*** should trigger significant sanctions and a requirement that the information be disclosed immediately.

In short, Zuffa failed to meet its Rule 33 obligations at the outset and is in continual violation of multiple direct Court Orders. *Nat'l Academy of Recording Arts & Sciences, Inc. v. On Point Events, LP*, 256 F.R.D. 678, 680 (C.D. Cal. 2009) ("A party has an obligation to conduct a reasonable inquiry into the factual basis of its discovery responses."); *see also, e.g.*, ECF Nos. 202 & 330; Fed. R. Civ. P. 37(b)(2)(A) (authorizing sanctions for failure to comply with a Court Order); Fed. R. Civ. P. 37(c)(1) (authorizing sanctions for failing to supplement responses); Fed. R. Civ. P. 37(d) (authorizing sanctions for failure to serve answers to interrogatories).

Zuffa's failure to supplement Interrogatory No. 12 and failure to provide any substantive response to Interrogatory No. 13, despite the lapse of time and apparent access to information, appears calculated to deprive Plaintiffs of the ability to evaluate associated ESI and thus whether any additional devices should be subject to the spoliation process. That bad faith tactic should not be countenanced. These device extractions should be included in that process; Plaintiffs are submitting a motion to that effect.

### B. Defendants' reliance on *Le* ignores the basis for the same Court issuing multiple orders compelling personal device information.

As detailed in the Motion, Plaintiffs' discovery efforts as to custodial ESI in this case are informed by some of the procedural grounds on which Magistrate Judge Leen denied a motion to compel records from Mr. White's personal devices (which Plaintiffs had discovered were used to conduct UFC business but that had not been preserved) in *Le*. Mot. at 4.

Here, after months of evading ESI discovery, this Court ordered Zuffa to provide lists of specific information for all business and personal phones used by any custodian in its July 3 Device Disclosure Order. ECF No. 202. After Defendants provided only some of the requested information—including information that contradicted prior representations—for only some of their custodians, the

Court was forced to issue a second Device Disclosure Order. ECF No. 260 at 45:15–24. Then, a third Device Disclosure Order, at which time the Court made its frustration with Defendants' discovery violations clear. ECF No. 330; *see also* ECF No. 306 at 60:4–12 ("The Court had previously ordered specific and detailed disclosure of device information regarding relevant custodians . . . [but] finds that this is still not complete or done. The Court finds that this is an ongoing pattern of discovery violations dating back as far as July of this year when defendant failed to meet the Court's deadline as to disclosure.").

Such violations have only continued. Since the Court's last Order, Plaintiffs have identified five more phone numbers potentially associated with Mr. White, as well as several previously-undisclosed sources of ESI (phone numbers, devices, messaging apps) and entirely lost sources of ESI for other custodians. Plaintiffs' investigation has led to the Court conducting six days of evidentiary hearings on spoliation and forensic expert examinations, premised on evaluating the merit of imposing Rule 37 sanctions against Defendants for the failure to preserve ESI.

It is in this context that Plaintiffs served Interrogatory Nos. 12 and 13, which only seek information about yet more newly discovered phone numbers associated with Mr. White. It is in this context that Zuffa relies on a 9-year-old discovery order in *Le*. But that reliance is not only procedurally inappropriate, it is factually incorrect. By its own description, the *Le* rulings concerned a motion to compel the "production of information and data" from White's personal phones, ECF No. 771 at 2—not an interrogatory that simply asks Zuffa to identify phone numbers and associated devices, as this Court has already ordered Zuffa to disclose. Zuffa conflates motions to compel interrogatory responses with motions to compel device inspection, and it does so to preemptively argue that no discovery into these devices should occur, presumably irrespective of the outcome of Defendants' ongoing investigation into these devices. That sequencing is both confounding and transparent.

**C. Defendants' privacy arguments fail.**

Defendants' privacy arguments fail. First, Zuffa's challenge is premised on a position that Plaintiffs have not taken, and it conflates Defendants' disclosure obligations with the standard to

compel inspection of purportedly personal devices. Mot. at 7–8.[4] Interrogatory 12 does not require collection, imaging, or production. Rather, Plaintiffs seek information for all devices that Defendants have already partially provided for *some* devices in response to Interrogatory No. 12, with the required client verification. The Interrogatories do not exceed the scope of the Court's orders—with which Zuffa has not complied.

Second, it is far from clear that White's previously undisclosed phones are personal. Several of the numbers at issue were registered to Zuffa employees other than Mr. White, calling into question whether these devices are even properly considered personal. For example, the -2660 number Plaintiffs raised in September was registered to Donna Marcolini, whom Plaintiffs believe to be White's former assistant. The -0082, -0005, and -0447 are all registered to Nichole Durand, White's current assistant. The text messages produced from each phone in this case reflect Mr. White sending and receiving relevant information with UFC executives and fighters.

Third, to that end, Zuffa cannot at once state that its investigation of these devices or phone numbers is ongoing *and* that they are personal devices containing no relevant ESI. Zuffa's efforts to catalog devices have been murky. What's more, while it has long claimed that if an allegedly personal device was not on a disclosure, it is because it "had done the work to talk to the custodians …[about] which devices did they use for work and things related to this litigation," (Dec. 4, 2025 Tr. at 17:11-17, ECF No. 323),[5] that assertion is irrelevant where, as here, the Court directed Zuffa to identify personal devices and the communications apps. *See, e.g.*, ECF Nos. 202 & 330. In the face of such direct orders, it is irrelevant whether Zuffa has "done the work to talk to the custodians"—particularly if the custodians are not forthcoming—and worse still, it would be untrue to say that they identified these numbers and devices through such "work" as Zuffa itself claimed that, as of late September 2026, they could not even say whether these numbers Plaintiffs were asking about belonged to White

[4] Each of Defendants' cases—*ILWU v. ICTSI*; *Ainstein v. ADAC*; *Goolsby,* and *McEvoy*—involve motions to compel inspection and/or documents, not interrogatory responses, and none involve a discovery record similar to here (wherein specific personal device information was court-ordered as result of a history of discovery violations and ongoing ESI spoliation concerns).

[5] If representation of counsel is taken as true (which Plaintiffs' counsel take as true) it suggests that the custodians were not forthright with their counsel.

(notwithstanding that the record reflects they knew or should have known—and certainly Mr. White knew—that at least the -0082 number belonged to White).

Zuffa also overstates the Rule 26 standard. It is not so that "Rule 26 does not permit discovery into purely personal contents" (Opp. at 7). Rather, a party "seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1)." *Louisiana Pac. Corp. v. Money Market 1 Inst. Inv. Dealer*, 285 F.R.D. 481, 485 (N.D. Cal. 2012). That threshold inquiry involves whether a device contains, or is reasonably likely to contain, information relevant to a claim or defense, and whether it is in a party's possession, custody or control—*not* whether the device is personal or business-related. *See* Fed. R. Civ. P. 26(b)(1). Ultimately, Zuffa must complete its investigation and supplement its responses before evaluating relevance or proportionality.

What's more, evidence that an employee used a personal device for business purposes supports its relevance and discoverability. *See, e.g.*, *Rattie v. Balfour Beatty Infrastructure, Inc.*, No. 22-CV-05061-RS (LJC), 2023 WL 5507174, at *3 (N.D. Cal. Aug. 25, 2023). For example, Zuffa maintains that Mr. White's -2660 number was used for personal purposes. But the evidence confirms that he *also* used it to conduct Zuffa business. Plaintiffs uncovered several text messages evidencing Mr. White's communications with colleagues about UFC business and with UFC fighters. *Cf.* Opp'n at n.2 *with* Mot. n.6 (citing ECF No. 750-1 to 750-3). Zuffa has also produced relevant text exchanges from the -0005 number and the -3855 number. *See* Ex. 1 to Mot., ECF No. 784-3 (citing document relating to the -0005 number); *id.* at Ex. 11, ECF No. 784-13 (produced relevant text exchange using the -3855).

## III. CONCLUSION

Based on the foregoing, Plaintiffs respectfully ask that the Court grant Plaintiffs' Motion and enter an Order compelling Zuffa, within seven (7) days of entry of the Order, to serve signed and verified supplemental responses to Interrogatory Nos. 12 and 13.

Dated: October 21, 2026

By: /s/ Joseph R. Saveri
Joseph R. Saveri (*Pro hac vice*)
Christopher Young (*Pro hac vice*)
Kevin E. Rayhill (*Pro hac vice*)

Respectfully Submitted,

By: /s/ Michael Dell'Angelo
Eric L. Cramer (*Pro hac vice*)
Michael Dell'Angelo (*Pro hac vice*)
Patrick F. Madden (*Pro hac vice*)

Itak Moradi (*Pro hac vice)*
SAVERI LAW FIRM, LLP
550 California St., Suite 910
San Francisco, CA 94104
Telephone: +1 (415) 500-6800
Email: jsaveri@saverilawfirm.com
Email: krayhill@saverilawfirm.com
Email: cyoung@saverilawfirm.com
Email: imoradi@saverilawfirm.com

W. Joseph Bruckner (*Pro hac vice*)
Brian D. Clark (*Pro hac vice*)
LOCKRIDGE GRINDAL NAUEN PLLP
100 Washington Ave S, Suite 2200
Minneapolis, MN 55401
Phone: (612) 596-4001
wjbruckner@locklaw.com
bdclark@locklaw.com

Kyle J. Pozan (*Pro hac vice*)
LOCKRIDGE GRINDAL NAUEN PLLP
1165 N. Clark Street, Ste. 700
Chicago, IL 60610
Phone: (612) 339-6900
Email: kjpozan@locklaw.com

*Additional Counsel for Plaintiffs and the Proposed Class*

Dennie Zastrow (*Pro hac vice*)
BERGER MONTAGUE PC
1818 Market St., Suite 3600
Philadelphia, PA 19103
Telephone: +1 (215) 875-3000
Email: ecramer@bergermontague.com
Email: mdellangelo@bergermontague.com
Email: pmadden@bergermontague.com
Email: dzastrow@bergermontague.com

Joshua P. Davis (*Pro hac vice*)
Robert Maysey (*Pro hac vice)*
BERGER MONTAGUE PC
550 California Street, Suite 910
San Francisco, CA 94104
Telephone: +1 (415) 906-0684
Email: jdavis@bergermontague.com
Email: rmaysey@bergermontague.com

*Counsel for Plaintiffs and the Proposed Class*

Richard A. Koffman (*Pro hac vice*)
Benjamin D. Brown (*Pro hac vice*)
Daniel H. Silverman (*Pro hac vice*)
Daniel Gifford (*Pro hac vice)*
COHEN MILSTEIN SELLERS
& TOLL PLLC
1100 New York Ave., N.W.
Suite 500 East, Tower
Washington, DC 20005
Telephone: +1 (202) 408-4600
Email: rkoffman@cohenmilstein.com
Email: bbrown@cohenmilstein.com
Email: dsilverman@cohenmilstein.com
Email: dgifford@cohenmilstein.com

*Additional Counsel for Plaintiffs and the Proposed Class*

Michael J. Gayan
CLAGGETT & SYKES
4101 Meadows Lane, Suite 100
Las Vegas, NV 89107
(702) 323-7777
mike@claggettlaw.com

*Liaison Counsel for Plaintiffs and the Proposed Class*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing Plaintiffs' Reply in Support of Motion to Compel Defendant Zuffa to Respond to Interrogatory No. 12 of Plaintiffs' Third Set of Interrogatories and Interrogatory No. 13 of Plaintiffs' Fourth Set of Interrogatories was served on October 21, 2026, via the Court's CM/ECF electronic filing system on all parties appearing on the e-service list.

*/s/ Joseph R. Saveri*__________
Joseph R. Saveri
Saveri Law Firm LLP