PETER S. CHRISTIANSEN, ESQ.
Nevada Bar No. 5254
pete@christiansenlaw.com
KEELY P. CHIPPOLETTI, ESQ.
Nevada Bar No. 13931
keely@christiansenlaw.com
CHRISTIANSEN TRIAL LAWYERS
710 S. 7th Street, Suite B
Las Vegas, Nevada 89101
Telephone: (702) 240-7979
Facsimile: (866) 412-6992

*Attorneys for Nonparty*
*Dominance MMA, LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KAJAN JOHNSON, CLARENCE DOLLAWAY, and TRISTAN CONNELLY, on behalf of themselves and all others similarly situated;<br><br>Plaintiffs,<br><br>vs.<br><br>ZUFFA, LLC, TKO OPERATING COMPANY, LLC f/k/a Zuffa Parent, LLC (d/b/a Ultimate Fighting Championship and UFC), and ENDEAVOR GROUP HOLDINGS, INC.,<br><br>Defendants. | CASE NO.: 2:21−cv−01189−RFB−BNW<br><br>**NONPARTY DOMINANCE MMA, LLC'S RESPONSE TO PLAINTIFFS' SUPPLEMENTAL MOTION FOR ATTORNEYS' FEES AND EXPENSES AS TO DOMINANCE MMA [ECF NO. 835]** |

Nonparty Dominance MMA, LLC, by and through its undersigned counsel, hereby submits this Response to Plaintiffs' Supplemental Motion for Attorneys' Fees and Expenses (ECF No. 835), filed pursuant to the Court's September 24, 2026, Order (ECF No. 778). Dominance incorporates by reference its previously filed Opposition to Plaintiffs' Motion for Attorneys' Fees and Expenses (ECF No. 501) and submits this Response to address the deficiencies that remain following Plaintiffs' supplemental motion, as well as the additional fees and arguments Plaintiffs now advance.

CHRISTIANSEN TRIAL LAWYERS

This Response is based upon the pleadings and papers on file in this action, the Points and Authorities set forth herein, and any argument the Court may permit.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION**

Dominance is not a party to this case. It is a fighter-management company Plaintiffs subpoenaed for documents. When Judge Boulware compelled production, he ordered Plaintiffs to pay Dominance's compliance costs above $10,000.00, "including the review costs," because Dominance is "a small company" for which "the burden can be a lot." ECF No. 249 at 27:5-28:1. Notably, Plaintiffs' counsel, Joseph Saveri, agreed: "I fully accept the proposition that we have a burden here." *Id.* at 28:16-17. Plaintiffs now ask that same nonparty for $216,317.68. That is nearly four times what this Court awarded Plaintiffs against Zuffa, a party defendant, on a Rule 37 motion. ECF No. 766 at 12:5-9. Dominance acknowledges the Court intended to award fees limited to those incurred in bringing Plaintiffs' Application for an Order to Show Cause, as Plaintiffs requested. *See* ECF No. 427 at 10. It disputes the amount fees requested, which remains inadequately documented and fails to satisfy the requirements of governing law and LR 54-14.[1]

Plaintiffs were given a specific opportunity to cure the deficiencies in their request for extraordinary attorneys' fees against Dominance. Their supplemental motion does not do what the Court ordered. In its September 24, 2026, Order, the Court found Plaintiffs' original fee request insufficient under Local Rule 54-14. ECF No. 778. The Court explained that Plaintiffs had provided little more than the names of the attorneys and legal professionals involved, their hourly rates, aggregate hours, and resulting lodestar calculations. *Id.* Without an itemization identifying the work actually performed and the time devoted to individual tasks, the Court could not determine who performed the work or whether Plaintiffs' request included duplicative efforts.

---

[1] Dominance preserves its objection to any award. "Rule 45 provides the only basis to sanction non-parties for failing to comply with a subpoena duces tecum." *Beverly v. Interior Elec. Inc. Nev.*, No. 21-55645, 2023 WL 355692, at *1 (9th Cir. Jan, 23, 2023) (unpublished), cited by Plaintiffs in ECF No. 427 at 4:18-20. The Court did not hold Dominance in contempt. It warned that Dominance "will be held in contempt" if it missed the April 3, 2026, deadline. ECF No. 471.

*Id*. The Court also expressly found that Plaintiffs had failed to provide the information necessary to evaluate the experience, reputation, and ability of each attorney whose fees they seek to recover. *Id*.

The Court directed Plaintiffs to compile and categorize the hours "related to the Court order at ECF No. 471" and to provide experience information "as to each attorney." *Id*. By way of the instant Supplement, Plaintiffs re-sorted aggregate hours into seven broadly described billing categories, added additional time, and reduced the amount sought. ECF No. 835. Plaintiffs also moved the end date of their time from April 1, 2026, to July 20, 2026. *Compare* ECF No. 490-1 ¶ 12, *with* ECF No. 835-1 ¶ 6.

Plaintiffs' attempt to reorganize aggregate hours into seven categories does not cure the underlying deficiency. Plaintiffs still have not produced the contemporaneous time records from which their new calculations supposedly derive. Instead, they provide generalized descriptions of activities spanning months, followed by tables assigning each attorney a total number of hours within each category. *Id*. Neither Dominance nor the Court can determine from those summaries precisely what work was performed, by whom, when, or for how long. The very concerns the Court identified—excessive billing, duplication of effort, and the reasonableness of individual charges—remain impossible to evaluate.

Nor have Plaintiffs meaningfully addressed the Court's concern regarding the qualifications of each attorney. Apart from a brief description of Mr. Saveri's experience and generalized assertions concerning the reputation of his firm, the supplement offers virtually no information regarding the experience, qualifications, or abilities of the remaining attorneys and paralegals. Yet Plaintiffs continue to seek rates ranging from $650 per hour for paralegals to $1,500 per hour for Mr. Saveri, without evidence establishing that those rates reflect the prevailing market for comparable services in *this District*.

These shortcomings are particularly difficult to reconcile with the Court's September 16, 2026, Order addressing a separate fee application brought by Plaintiffs in this same litigation. ECF No. 766. There, the Court carefully scrutinized the hours claimed, rejected unnecessary staffing and duplicative work, and expressly declined to accept out-of-district fee awards or the

CHRISTIANSEN TRIAL LAWYERS

*Le v. Zuffa* common-fund settlement as evidence of prevailing Las Vegas market rates. *Id.* Plaintiffs nevertheless rely on substantially the same justifications the Court has already rejected.

Plaintiffs' Supplement also continues to seek fees for activities well beyond the limited conduct that gave rise to the Court's fee directive. For example, Plaintiffs request $70,487.50 for a sweeping category encompassing nearly ten months of, *inter alia*, scheduling negotiations, vendor discussions, correspondence, research, and internal coordination—much of it occurring during a period Plaintiffs previously acknowledged the parties were cooperating. They seek another $40,522.50 for litigating their own fee application, including the preparation of an application the Court subsequently found deficient, and an additional $12,345.00 for preparing a renewed application for an order to show cause that remains pending.

Plaintiffs' voluntary reduction from their initial demand does not establish that the remaining $216,317.68 is reasonable. Nor does it relieve Plaintiffs of their obligation to demonstrate that the fees were reasonably incurred as a result of the conduct for which fees were authorized. The purpose of a compensatory fee award is not to reimburse every expenditure Plaintiffs elected to incur throughout this limited discovery process on the back of a nonparty.

For the reasons set forth below, the Court should deny Plaintiffs' request or, alternatively, substantially reduce it to reflect only reasonable, adequately documented work properly attributable to the limited fee entitlement at issue. Dominance submits that 15 to 20 hours is reasonable given the limited work performed between the breakdown in late November 2025 and February 2026, consisting of five emails, one Zoom meet-and-confer conference, a confirming letter, Plaintiffs' February 10, 2026 Application for an Order to Show Cause, and the reply brief.

## II.

## <u>LEGAL ARGUMENT</u>

### A. Legal Standard.

A reasonable attorneys' fee is determined under the lodestar method by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 978–79 (9th Cir. 2008). The fee applicant bears the burden of establishing both the hours reasonably expended and the



CHRISTIANSEN TRIAL LAWYERS

CHRISTIANSEN TRIAL LAWYERS

prevailing market rates for comparable services. *Hensley*, 461 U.S. at 437; *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).

Local Rule 54-14 requires a reasonable itemization and description of the work performed, an itemization of costs, and a summary of the relevant factors bearing on reasonableness, including the time and labor required, the complexity of the work, customary fees, and the experience, reputation, and ability of the attorneys. LR 54-14(a). The rule further requires an attorney affidavit authenticating the billing information and confirming that the bill was reviewed and edited and that the amounts requested are reasonable. LR 54-14(b).

The Ninth Circuit has long recognized that insufficient documentation, excessive hours, unnecessary staffing, and duplication warrant reductions in a fee award. *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986). The requesting party "has the burden of submitting billing records to establish that the number of hours it has requested are reasonable." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202–03 (9th Cir. 2013). These principles were recently applied by this Court in ECF No. 766, where the Court evaluated another attorneys' fee application brought by Plaintiffs, reduced excessive and duplicative hours, applied the prevailing Las Vegas market rates, and denied the requested costs. That analysis is directly instructive here.

Importantly, Dominance's nonparty status matters to the measure. Rule 45 requires the Court to "protect a person who is neither a party nor a party's officer from significant expense resulting from compliance." FRCP 45(d)(2)(B)(ii). That protection is mandatory when the expense is significant. *Legal Voice v. Stormans, Inc.*, 738 F.3d 1178, 1184 (9th Cir. 2013). A compensatory award for disobeying an order is measured "by the pecuniary injury caused by the act of disobedience." *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 779 (9th Cir. 1983)(quoting *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 444 (1911)). *Plaintiffs' cost of litigating their own case against Zuffa is not an injury caused by Dominance*.

///

///

///

///

**B. Plaintiffs' Supplemental Motion Still Fails to Comply with LR 54-14 and the Court's September 24, 2026, Order.**

1. *Plaintiffs Still Have Not Identified What Work Each Attorney Performed or How Much Time Was Devoted to Each Task.*

The Court's September Order identified a clear and specific defect in Plaintiffs' original motion, namely, the failure to provide an itemization sufficient to determine who performed particular tasks, how much time was spent on those tasks, and whether multiple attorneys performed duplicative work. ECF No. 778. Plaintiffs purport to cure this deficiency by dividing their time into seven categories and providing an aggregate total of hours for each attorney within each category. ECF No. 835-1 ¶¶ 7–10. But those summaries still do not identify the actual work performed by each attorney.

Task 1 is illustrative. Plaintiffs seek $70,487.50 for 75.5 hours attributed to four attorneys over a period extending from September 2025 through July 2026. The description encompasses negotiating the Joint Scheduling Order, evaluating custodial inventories, investigating device disclosures, negotiating vendor arrangements, preparing correspondence, participating in meet-and-confers, conducting legal research, and coordinating with co-counsel. ECF No. 835-1 ¶ 7. However, the accompanying table identifies only the aggregate hours billed by each attorney over that entire period. It does not disclose which attorney handled which communication, attended which conference, performed which research assignment, or spent how much time on any particular activity. Nor does it identify whether multiple attorneys attended the same meetings, reviewed the same documents, or performed overlapping research.

The remaining categories present substantially the same problem. Plaintiffs assign aggregate hours to the initial OSC motion, reply, hearing preparation, fee motion, and renewed OSC application without identifying how the work was divided among the numerous attorneys involved. *See* ECF No. 835-1 ¶¶ 8–10. For example, four attorneys and a paralegal billed time preparing the reply to Dominance's initial OSC opposition. Yet Plaintiffs provide no explanation of the work performed by each individual or why that level of staffing was reasonably necessary. At bottom, Plaintiffs have failed to establish that the particular work performed by each attorney

was necessary and nonduplicative. Their supplemental motion still provides no means of making that determination.

Significantly, Plaintiffs acknowledge that their tables were prepared from contemporaneous, daily time records maintained by the firm. ECF No. 835-1 ¶¶ 5–6. Those records presumably identify the individual activities, dates, and time expenditures underlying the requested award. Plaintiffs nevertheless elected not to provide them, offering instead to make the underlying bills available for in camera review if requested by the Court. *Id*.

That offer does not cure the deficiency. The burden rests on Plaintiffs to substantiate their fee request, not on the Court to request records that Plaintiffs have chosen to withhold. Nor does an in camera submission alone afford Dominance the opportunity contemplated by LR 54-14(d) to identify and challenge specific charges with reasonable particularity. Plaintiffs cannot simultaneously withhold the records necessary to evaluate their request and insist that Dominance has failed to identify particular instances of duplication or excessive billing.

The Ninth Circuit has addressed this situation. When billing records are insufficiently detailed or organized to permit meaningful review, the Court may require properly organized records, reduce the claimed hours, or, in appropriate circumstances, deny the request. *Gonzalez*, 729 F.3d at 1204, n.4. Here, Plaintiffs were expressly directed to remedy this deficiency. Plaintiffs answered with category totals and the same offer of in camera review they made the first time. *Compare* ECF No. 490-1 at ¶ 12, *with* ECF No. 835-1 ¶ 6. Their decision to provide broad categorical summaries rather than the records necessary to evaluate individual charges leaves the Court in substantially the same position described in its September 24 Order.

2. *<u>Plaintiffs Still Have Not Established the Qualifications of the Individual Attorneys and Paralegals.</u>*

The Court also expressly directed Plaintiffs to provide information satisfying LR 54-14(a)(3)(I), which requires consideration of the experience, reputation, and ability of the attorneys. ECF No. 778. Plaintiffs' supplemental declaration identifies Mr. Saveri as the founder of Saveri Law Firm and describes his 30 years of litigation experience, including his involvement in complex antitrust proceedings. ECF No. 835-1 ¶ 2. But the declaration provides no

CHRISTIANSEN TRIAL LAWYERS

individualized information concerning the remaining attorneys and paralegals whose time comprises a substantial portion of the requested award.

Plaintiffs seek $825 per hour for Mr. Rayhill, Mr. Jordan, and Ms. Moradi, and $650 per hour for Amara Getzell and Ahmari Johnson, both identified as paralegals. ECF No. 835-1 ¶¶ 7–10. However, Plaintiffs fail to identify their years of experience, relevant qualifications, particular expertise, or any other individualized information from which the Court could determine whether the requested rates are appropriate for their respective experience levels and the work performed. Instead, Plaintiffs rely on broad assertions that Saveri Law Firm is a leading antitrust firm and that its attorneys have significant litigation experience. A firm's reputation is not a substitute for evidence concerning the skill, experience, and reputation of the individual professionals whose fees are sought.

This distinction is especially important here because Plaintiffs request the same $825 hourly rate for attorneys identified as counsel and an associate, without explaining why their qualifications or responsibilities warrant identical rates. Similarly, Plaintiffs offer no meaningful basis for their extraordinary $650 hourly paralegal rate. These are not technical omissions. The Court specifically required the missing information because it could not otherwise evaluate the reasonableness of the requested rates. ECF No. 778. Plaintiffs' supplemental motion remains deficient in precisely that respect. LR 54-14(c) allows the Court to treat a failure to provide the required information as consent to denial of the motion.

**C. Plaintiffs Continue to Seek Hourly Rates That This Court Has Already Found Unsupported by the Relevant Market Evidence.**

Even if Plaintiffs had adequately documented their hours, their requested rates remain unreasonable and unsupported. Plaintiffs seek rates of $1,450 to $1,500 per hour for Mr. Saveri, $825 per hour for other attorneys, and $650 per hour for paralegals. Their principal justification remains that those rates reflect the firm's customary charges and are purportedly comparable to rates approved in other jurisdictions and in the *Le v. Zuffa* litigation. ECF No. 835 at 8–9.

This Court recently addressed substantially the same arguments. In ECF No. 766, the Court expressly held that the relevant legal market is Las Vegas and that the appropriate inquiry



CHRISTIANSEN TRIAL LAWYERS

CHRISTIANSEN TRIAL LAWYERS

is whether the requested rates reflect those prevailing in that community for comparable services by lawyers of comparable skill, experience, and reputation. *Id*. at 9–10; *Camacho*, 523 F.3d at 979–80. The Court specifically rejected reliance on rates approved elsewhere in the Ninth Circuit and explained that the *Le* fee award did not establish reasonable hourly rates for a discrete discovery dispute. The award in *Le* was based on a percentage of the recovery in a common-fund class action, not an adjudication that counsel's claimed hourly rates were reasonable for purposes of an ordinary lodestar award. ECF No. 766 at 10.

The Court's September 16 Order also identified the rates it found reasonable for the professionals involved in that separate discovery-fee application: $500 per hour for an experienced shareholder, $325 and $275 per hour for associates, and $125 per hour for a paralegal. ECF No. 766 at 11. It added that a reasonable rate for Mr. Dell'Angelo, an experienced Berger Montague shareholder who requested $1,400, "would likely be $600." *Id*. at 11 n.3; *see id*. at 9:2-3. Here, Mr. Saveri requests $1,450 to $1,500. Nothing in the supplement explains why he should be paid two and a half times what this Court said an experienced shareholder in this same case is worth in this matter. There remains a substantial disparity between Plaintiffs' claimed rates and those this Court recently approved for comparable discovery-related work.

Plaintiffs' supplement offers no persuasive evidence accounting for that disparity. Indeed, Dominance already submitted affirmative evidence concerning prevailing local rates. The Declaration of Theodore Parker, III, Esq., attached as Exhibit 6 to Dominance's original Opposition, explained that Plaintiffs' requested rates materially exceed those prevailing in this District for comparable work and that the absence of individualized qualifications and billing detail prevented a meaningful assessment of their request. ECF No. 501 at 20–21 and Ex. 6. Rather than address that evidence, Plaintiffs rely principally on Mr. Saveri's assertion that the rates claimed are those ordinarily charged by his firm. ECF No. 835-1 ¶ 5. But the fact that a law firm ordinarily charges particular rates does not establish that those rates are reasonable in the relevant legal community. *Blum*, 465 U.S. at 895 n.11. The supplement also identifies two different rates for Mr. Saveri—$1,450 and $1,500 per hour—without providing the underlying

dates or billing entries necessary to determine when each rate was applied. ECF No. 835-1 ¶ 7. This further underscores the inadequacy of the supporting records.

Plaintiffs' newly cited in-district authority does not help them. The four District of Nevada decisions they cite for rates up to $1,800 per hour are Social Security fee awards against the Commissioner. ECF No. 835 8:10-17(citing *Maria M. v. Kijakazi*, No. 2:21-cv-01771-MDC, 2026 WL 266892 (D. Nev. Jan. 30, 2026); *Patricia P. v. Kijakazi*, No. 2:22-cv-00870-BNW, 2026 WL 905829 (D. Nev. Apr. 2, 2026); *Bridget C. v. Kijakazi*, No. 2:22-cv-01978-BNW, 2025 WL 3227467 (D. Nev. Nov. 17, 2025); and *Allan v. Bisignano*, No. 2:22-cv-00300-NJK, 2026 WL 1361585 (D. Nev. May 14, 2026)). Those cases say nothing about the market rate for a subpoena dispute.

Plaintiffs' other justification, that this is "a high-profile contingency case involving complex issues and significant risk," ECF No. 835-1 ¶ 3, describes Plaintiffs' risk in suing Zuffa. Dominance carries none of that risk and has no stake in the outcome. Plaintiffs ask the Court to judge their fees "in the context of the broader complex antitrust action, rather than an isolated subpoena enforcement exercise." ECF No. 835 at 7:23-25. That is the problem. As to Dominance, this is a subpoena enforcement exercise, and it should be priced as one. Indeed, Plaintiffs prosecuted and resolved the *Le v. Zuffa* class action without ever subpoenaing Dominance, calling into question just how essential this discovery is to their claims. At a minimum, Plaintiffs have not explained why enforcing this subpoena warrants the extraordinary fees they now seek to impose on a nonparty when the earlier litigation proceeded to resolution without its involvement.

Plaintiffs bear the burden of proving their claimed rates. They have not met it. LR 54-14(c) allows the Court to treat a failure to provide the required information as consent to denial of the motion.

**D. Plaintiffs Continue to Seek Fees for Work Outside the Scope of Their Original Request and Not Shown to Result from the Sanctionable Conduct.**

Plaintiffs initially sought fees incurred "in bringing this Application and having it heard by the Court." ECF No. 427 at 10:4–5. That request concerned the initial application for an order to show cause and the alleged breakdown in the parties' discovery process. Judge Boulware's

CHRISTIANSEN TRIAL LAWYERS

CHRISTIANSEN TRIAL LAWYERS

Order at ECF No. 471 states that Court "intends to award reasonable costs, and fees, to Plaintiffs based on Dominance's failure to comply with their own discovery obligations, as well as this Courts prior orders," and gave Plaintiffs until April 5, 2026, to file a motion "accompanied by a reasonable calculation of their fees and costs." This Court then directed Plaintiffs to comply with LR 54-14 and to categorize the hours "related to the Court order at ECF No. 471." ECF No. 778. Anything after that is the subject of Plaintiff's renewed application, where they expressly "seek reasonable fees and costs incurred since April 2, 2026." ECF No. 538 at 1:16-19.

Plaintiffs did not stay inside that line. Their original motion covered time "between August 30, 2025, to April 1, 2026." ECF No. 490-1 ¶ 12. Their Supplement covers time "between September 4, 2025, to July 20, 2026." ECF No. 835-1 ¶ 6. Plaintiffs say the only additions are the fee reply and the renewed application. But Task 1 runs through July 2026 and bills for correspondence dated April 3, April 8, July 15, and July 31, 2026. ECF No. 835-1 ¶ 7 n.2. Three of those are Dominance's own letters (two of them cover letters for Dominance's productions) and the last one postdates Plaintiffs' own July 20 end date. The claimed reduction from 286.1 hours to 194.4 compares two different time periods. And Plaintiffs have already requested their post-April 2 time in ECF No. 538, which has not yet been ruled on. They cannot bill it twice.

1. *Task 1 Improperly Bills a Nonparty for the Discovery Process For Which Plaintiffs Agreed to Pay.*

Plaintiffs request $70,487.50 for Task 1, described as efforts to obtain Dominance's compliance with the Court's August 2025, October 2025, and March 2026 Orders. ECF No. 835-1 ¶ 7. But that category encompasses ten months of activity from September 2025 through July 2026, including scheduling negotiations, custodian and device inventories, vendor-contract negotiations, correspondence, meet-and-confers, research, and internal coordination. That is the process Judge Boulware ordered, and he ordered Plaintiffs to pay for it. Once Dominance produced its inventory (which it did), "the plaintiffs will be responsible pretty much for every expense after." ECF No. 249 at 37:17-19; *see also id.* at 38:2-5. Mr. Saveri accepted that burden. *Id.* at 28:16-17. *Plaintiffs cannot turn the cost of the discovery they chose to pursue into a sanction against the nonparty that had to respond to it*.

CHRISTIANSEN TRIAL LAWYERS

As Dominance previously demonstrated, Plaintiffs' own initial OSC filings acknowledged that the parties were working cooperatively for months following the August 2025 Order. Plaintiffs represented that the parties agreed on custodians, selected an ESI vendor, negotiated preliminary search terms, developed a supplemental protective order, and worked toward finalizing the vendor agreement. ECF No. 427 at 5–6. Plaintiffs identified the alleged breakdown as occurring later, in approximately late November 2025, with the dispute crystallizing during a January 5, 2026, conference. ECF Nos. 427, 427-1; *see also* ECF No. 501 at 2–4.

These representations matter because Plaintiffs now characterize much of the same cooperative activity as work necessitated by Dominance's alleged misconduct. The Court's August 2025 Order and the subsequent Joint Scheduling Order expressly contemplated ongoing negotiations regarding custodians, collection methodology, search terms, and production procedures. ECF Nos. 245, 278. Participation in those discussions was part of the discovery process the Court ordered. It was not, merely by virtue of later disagreements, evidence of sanctionable conduct.

Nor can Plaintiffs establish compensability simply by describing all correspondence and conferences as efforts to obtain compliance. This Court recently recognized that fees for routine meet-and-confer efforts generally are not recoverable in connection with discovery motion practice absent circumstances warranting an exception. ECF No. 766 at 4–5. Plaintiffs' sweeping Task 1 description does not distinguish ordinary discovery administration from work reasonably necessitated by any particular violation. It does not identify which conferences or communications followed the alleged breakdown, which addressed genuinely disputed compliance issues, or how much time was devoted to each activity.

Plaintiffs now invoke the "stonewalling" exception, citing *Grimsley*. ECF No. 835 at 5 n.6. But their own prior representations directly undermine that characterization. Plaintiffs expressly acknowledged that Dominance was "initially cooperating in negotiations ordered by the Court" through November 26, 2025. ECF No. 427 at 5:17-18. Plaintiffs cannot characterize months of court-directed cooperation as "stonewalling" simply because disputes arose later. Their

CHRISTIANSEN TRIAL LAWYERS

attempt to retroactively recast that cooperative period as obstruction does not establish an exception to the general rule against recovering routine meet-and-confer fees. To hold otherwise would permit Plaintiffs to transform the very cooperation the Court required into a basis for imposing additional fees on a nonparty. Plaintiffs cannot rely on their earlier characterization of the parties' cooperation to obtain relief and then recast those same efforts as compensable misconduct-related work in order to expand their fee request.

Two parts of Task 1 do not belong in this motion under any reading. Task 1 bills Dominance for coordination on "this Court's ongoing spoliation proceedings, and Plaintiffs' efforts to fill gaps in the record caused by Defendants' failures to preserve ESI." ECF No. 835-1 ¶ 7. Those are Zuffa's preservation failures, not Dominance's. Task 1 also bills for "internal coordination on strategy" and coordination with co-counsel. *Id.* A nonparty does not pay for Plaintiffs to run their class leadership. Because Plaintiffs lumped all of this into a single ten-month category, the Court cannot separate the compensable from the rest. Task 1 should be disallowed in full. At minimum, the Court should exclude work from the period of acknowledged cooperation and require Plaintiffs to establish a specific causal connection between any remaining Task 1 charges and the conduct underlying the fee award.

2. *<u>Plaintiffs Have Not Established That $40,522.50 in Fees for Litigating Their Own Fee Application is Reasonable.</u>*

With regard to Tasks 5 and 6, Plaintiffs seek $40,522.50 for Plaintiffs' fee motion and reply brief. ECF No. 835-1 ¶ 9. The Court found that motion insufficient under LR 54-14. ECF No. 778. Dominance should not pay for a motion that had to be redone. Additionally, the fact that several attorneys and paralegals devoted time to compiling, reviewing, and substantiating billing records does not, without more, establish that the resulting charges were reasonable. Simply put, the supplemental tables do not permit meaningful review. Plaintiffs identify the total hours assigned to each timekeeper but do not explain how those hours were divided among preparing the original motion, reviewing billing records, calculating the lodestar, drafting arguments, or preparing the reply.

Task 6 is also new. ECF No. 778 directed Plaintiffs to comply with LR 54-14. It did not invite them to add categories of fees. Neither Task 5 nor Task 6 should be allowed.

3. *Plaintiffs Have Not Established Entitlement to $12,345.00 for Their Pending Renewed OSC Application.*

Plaintiffs further seek $12,345.00 for 15.6 hours researching and preparing their renewed application for an order to show cause. ECF No. 835-1 ¶ 10. That application remains pending. ECF No. 538. It raises additional allegations concerning document review, custodial devices, and purported spoliation that Dominance has disputed in its opposition. ECF No. 555. The Court's earlier fee directive does not encompass the cost of litigating every subsequent dispute between Plaintiffs and Dominance. Nor has the Court determined that the allegations advanced in Plaintiffs' renewed application warrant an additional fee award. Plaintiffs should not be permitted to obtain compensation for pursuing a separate, unresolved application merely by adding its preparation costs to the present fee request.

The same is true of Plaintiffs' renewed accusations concerning Mr. Khalim and Mr. Hunsinger. ECF No. 835 at 3-4 and n.4. Those allegations remain disputed and are already before the Court on Plaintiffs' renewed application and Dominance's opposition. ECF Nos. 538, 555. Plaintiffs nevertheless attempt to bolster their fee request by citing Mr. Khalim's social media activity as purported evidence of Dominance's failure to preserve ESI. But a social media post does not establish that Dominance possessed or controlled his personal devices, much less that any evidence was destroyed or lost. More fundamentally, these allegations are part of an application that has not been adjudicated and was not the basis for the fee directive in ECF No. 471. Plaintiffs cannot expand that directive to encompass separate, unresolved spoliation allegations simply by repeating them in their supplemental fee motion.

**E. Plaintiffs' Revised Hours Remain Excessive, and Plaintiffs Have Not Justified Their Staffing.**

Plaintiffs emphasize that they reduced the hours initially requested from 286.1 to 194.4 before adding 32.6 hours for additional motion practice, resulting in a revised total of 227 hours. ECF No. 835 at 4. That reduction is an acknowledgment that the original request included

CHRISTIANSEN TRIAL LAWYERS

substantial time Plaintiffs no longer seek to recover. It does not demonstrate that the remaining hours are reasonable.

The Court recently addressed similar concerns in ECF No. 766. There, it evaluated the work underlying individual discovery motions, considered the complexity of the issues and the length of the briefing, and found substantial portions of the requested time excessive. The Court also identified unnecessary duplication resulting from multiple attorneys performing work that did not justify the staffing employed. *Id.* at 3–7. The Ninth Circuit has instructed courts to "examine with skepticism claims that several lawyers were needed to perform a task." *Democratic Party of Washington State v. Reed*, 388 F.3d 1281, 1286 (9th Cir. 2004).

Here, Plaintiffs particularly fail to explain why their level of staffing was necessary. Plaintiffs seek compensation for four attorneys and two paralegals working on a third-party subpoena dispute. Several attorneys billed time on the same briefs, conferences, and hearing preparation. Their descriptions provide no explanation of how responsibilities were allocated or why the participation of each individual was necessary.

The March 3 hearing shows the problem. Plaintiffs request $36,092.50 for 28.5 hours preparing for, traveling to, and attending it, including 19 hours of Mr. Saveri's time. ECF No. 835-1 ¶ 8. But March 3 was not solely a Dominance hearing. It was a status conference in two cases, attended by seven of Plaintiffs' lawyers, that also took up the Court's forensic expert and other matters unrelated to Dominance. ECF No. 471; ECF No. 466 at 4:5-8, 18:10–19:25. Dominance's portion ended at page 18 of a 74-page transcript. ECF No. 466 at 18:7-10. Mr. Saveri's firm was there on other subpoenas as well. *Id.* at 19:16–20. In ECF No. 766, the Court allowed travel time only because counsel had applied a negative 0.4 multiplier for the "multiple roles he had at that hearing." ECF No. 766 at 8:1–4. Plaintiffs applied no reduction here. They billed the entire trip to Dominance.

Plaintiffs likewise claim $27,217.50 for preparing the initial OSC motion and $27,712.50 for preparing the reply. ECF No. 835-1 ¶ 8. The initial motion involved three attorneys and one paralegal, and the reply involved four attorneys and one paralegal. However, Plaintiffs provide no information establishing whether their contributions were discrete or overlapping.

CHRISTIANSEN TRIAL LAWYERS

The Court need not accept Plaintiffs' assurances that they eliminated duplicative time without records permitting that assertion to be evaluated. The burden is Plaintiffs', and it has not been satisfied. Dominance previously submitted that the limited work properly attributable to the initial alleged breakdown and the resulting OSC application could reasonably have been performed in approximately 15 to 20 hours. ECF No. 501 at 17, 24.

**F. Plaintiffs' Requested Travel and Lodging Expenses Remain Unsupported and Should Be Denied.**

Plaintiffs seek $1,940.18 in travel and lodging expenses associated with the March 3 hearing, consisting of $1,726.48 in transportation and $213.70 in lodging. ECF No. 835-1 ¶ 11. Their supplemental motion provides only these aggregate figures. It includes no supporting invoices, receipts, itineraries, or documentation permitting the Court to evaluate whether the expenses were reasonably incurred and properly allocated to this particular proceeding.

Dominance previously objected to these costs because Plaintiffs had not adequately documented them and because the March 3 hearing coincided with proceedings for which Plaintiffs' counsel were already scheduled to appear in Las Vegas. ECF No. 501 at 22–23. Moreover, this Court recently denied travel expenses in ECF No. 766, explaining that such expenses are not ordinarily recoverable under LR 54-11(k). *Id.* at 12. Plaintiffs provide no persuasive basis for departing from that analysis here. Their requested costs should be denied.

**G. Plaintiffs' Revised Request Still Fails to Establish a Reasonable Compensatory Award, and Any Award Should Be Offset Against the Fees and Costs Plaintiffs Owe Dominance.**

Ultimately, Plaintiffs' supplemental motion attempts to justify a fee award exceeding $216,000 against a nonparty by broadly attributing nearly every disputed aspect of the discovery process to Dominance. But the Court's prior fee directive did not eliminate Plaintiffs' burden to establish the amount reasonably recoverable. The Court should reject Plaintiffs' attempt to convert ordinary discovery negotiations, disagreements over the interpretation of Court orders, and unresolved allegations into automatically compensable conduct.

Any compensatory award must bear a reasonable relationship to the work necessitated by the conduct giving rise to the fee entitlement. *See Falstaff Brewing Corp. v. Miller Brewing Co.*,

CHRISTIANSEN TRIAL LAWYERS

702 F.2d 770, 778–79 (9th Cir. 1983); *see also Shuffler v. Heritage Bank*, 720 F.2d 1141, 1148 (9th Cir. 1983). Plaintiffs have not made that showing. Their generalized billing descriptions, unsupported hourly rates, and excessive staffing continue to prevent a meaningful assessment of the amount reasonably recoverable.

Separately, the Court previously ordered Plaintiffs to bear the costs of Dominance's subpoena compliance beyond the initial $10,000 threshold, including collection, review, and production costs. ECF No. 249 at 27:18-23, 37:17-38:19. Dominance has repeatedly advised Plaintiffs of their obligations under that Order and, most recently, identified $83,902.37 in outstanding compliance fees and costs as of October 27, 2026. *See* Correspondence dated October 29, 2026, attached as **Exhibit 1**. These amounts are limited to fees and expenses incurred in complying with the subpoena and exclude fees associated with litigating the parties' discovery disputes.

Dominance previously proposed resolving the parties' competing payment obligations by offsetting any reasonable fees awarded to Plaintiffs against the compliance fees and costs Plaintiffs owe Dominance. Plaintiffs declined that proposal. Although Dominance recognizes that its recoverable compliance fees and expenses are not presently before the Court, those obligations arise from the Court's existing cost-shifting order. Accordingly, if the Court awards fees to Plaintiffs, Dominance respectfully requests that the Court hold payment of any award in abeyance and permit Dominance fourteen (14) days from entry of the fee order to file a motion to enforce the Court's prior cost-shifting order and seek an appropriate offset. Dominance further requests that payment remain stayed pending resolution of that motion so that the parties' respective obligations can be determined before Dominance is required to tender payment.

## III.

## CONCLUSION

For the foregoing reasons, and those set forth in Dominance's original Opposition (ECF No. 501), Dominance respectfully requests that the Court deny Plaintiffs' Motion for Attorneys' Fees and Expenses (ECF No. 490) pursuant to LR 54-14(c). Alternatively, Dominance requests that any award be limited to reasonable, properly documented fees directly attributable to the

Application for an Order to Show Cause as Plaintiffs originally requested, exclude all time incurred during the period of acknowledged cooperation, and disallow hours that are inadequately documented, duplicative, or excessive. At a minimum, the unexplained partner time, the overstaffing of the matter, and the absence of task-level detail warrant significant reductions. If the Court awards Plaintiffs any fees, Dominance requests that payment be held in abeyance pending resolution of a forthcoming motion to enforce the Court's prior cost-shifting order and seek an offset, which Dominance intends to file notwithstanding the Court's ruling on Plaintiffs' fee motion, and in any event, no later than fourteen (14) days after that ruling.

Dated this 4th day of November, 2026.

CHRISTIANSEN TRIAL LAWYERS

By____________________________

PETER S. CHRISTIANSEN, ESQ.
KEELY P. CHIPPOLETTI, ESQ.

CHRISTIANSEN TRIAL LAWYERS

CHRISTIANSEN TRIAL LAWYERS

**CERTIFICATE OF SERVICE**

I certify that I am an employee of CHRISTIANSEN TRIAL LAWYERS, and that on this 4th day of November, 2026 I caused the foregoing document entitled **NONPARTY NONPARTY DOMINANCE MMA, LLC'S RESPONSE TO PLAINTIFFS' SUPPLEMENTAL MOTION FOR ATTORNEYS' FEES AND EXPENSES AS TO DOMINANCE MMA [ECF NO. 835]** to be filed and served via the Court's CM/ECF electronic filing system upon all registered parties and their counsel.

An employee of Christiansen Trial Lawyers