# EXHIBIT 1

EXHIBIT 1

PETER S. CHRISTIANSEN
PETER J. CHRISTIANSEN
R. TODD TERRY

CHRISTIANSEN
TRIAL LAWYERS

KEELY P. CHIPPOLETTI
NINA T. MACHIN
JOEL BEKKER

October 29, 2026

*Via Email*: jsaveri@saverilawfirm.com

Joseph R. Saveri, Esq.
Saveri Law Firm
550 California Street, Suite 910
San Francisco, CA 94104

Re: Dominance MMA, LLC
*Kajan Johnson, et al. v. Zuffa, LLC, et al.*
Case No. 2:21-cv-01189-RFB-BNW

Dear Counsel:

I have returned from maternity leave and am writing to address the status of Dominance's ongoing production and Plaintiffs' outstanding payment obligations under the Court's cost-shifting order.

During my absence, a new attorney was assigned to assist with the technology-assisted review ("TAR") process to complete the remaining document review and production of Dominance's emails as expeditiously and efficiently as possible. That work has progressed substantially. We are now nearing completion of the TAR process and anticipate making a final production of Dominances emails, with the remaining messaging application materials to follow upon completion of the necessary processing and review. Dominance has continued devoting substantial resources to fulfilling its discovery obligations notwithstanding the unresolved cost dispute.

Separately, the review of messaging application data collected from Mr. Abdelaziz's iPhone and iPad remains ongoing. Given the volume and format of that data, additional technical processing is necessary. Our vendor is actively working through that process, which is expected to require several additional days. Once completed, the resulting materials will be reviewed and produced as appropriate.

As you know, the Court expressly ordered that Dominance bear approximately the first $10,000 in expenses, with Plaintiffs responsible for all fees and costs thereafter, including the costs of collection, review, and production. ECF Nos. 245, 249. The Court specifically stated that, beyond the initial $10,000, Plaintiffs would be responsible for "everything, including the review costs." ECF 249 at 27. The Court's allocation of these expenses was unequivocal. Dominance has incurred substantial costs performing the work required by Plaintiffs' subpoena.

As of October 27, 2026, Dominance has incurred $84,035.00, in attorneys' fees and $9,867.37 in costs directly attributable to subpoena compliance. After accounting for the initial $10,000 allocated to Dominance, the outstanding balance payable by Plaintiffs is $83,902.37.

Importantly, this amount is limited to fees and costs incurred in connection with actual compliance efforts, including ESI collection, processing, review, TAR implementation, and production. It does not include attorneys' fees incurred opposing Plaintiff's motion to compel, opposing either of Plaintiffs' applications for an order to show cause, opposing Plaintiffs' fee application, preparing motions to seal, or drafting correspondence advancing the parties' respective arguments concerning these disputes. Those litigation-related fees have been excluded from the amount requested, notwithstanding the substantial expense Dominance incurred responding to Plaintiffs' motion practice. The present amount is confined to the compliance expenses the Court expressly ordered Plaintiffs to bear.

We also previously proposed a practical resolution under which any fees awarded to Plaintiffs against Dominance would be offset against the amounts Plaintiffs owe Dominance under the Court's cost-shifting order. Plaintiffs declined that proposal. We continue to believe that an offset is a reasonable and efficient means of addressing the parties' competing payment obligations, without conceding Plaintiffs' entitlement to any fee award. That proposal remains available as part of a negotiated resolution.

Dominance has made substantial progress toward completing production of Dominance's emails, and we would prefer to resolve the outstanding payment issues without further involvement from the Court. To that end, please confirm by November 5, 2026, whether Plaintiffs will remit the outstanding $83,902.37 and, if so, when payment can be expected. If Plaintiffs dispute any portion of this amount, please identify the basis for the objection so that we can meaningfully confer. At a minimum, we request prompt payment of any undisputed amounts.

We also anticipate providing an update with any additional reasonable compliance expenses incurred through completion of production, consistent with the Court's existing cost-allocation Order.

If we cannot resolve these issues, Dominance intends to seek enforcement of the Court's Order, including an award of the unpaid compliance fees and costs, an appropriate payment mechanism for any remaining expenses, and an offset of any fees awarded to Plaintiffs. We remain available to meet and confer before resorting to motion practice.

We look forward to your response.

Sincerely,

**CHRISTIANSEN TRIAL LAWYERS**

KEELY P. CHIPPOLETTI, ESQ.