Rory T. Kay (NSBN 12416)
Emily M. Dennis (NSBN 16396)
McDONALD CARANO LLP
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
Telephone: (702) 873-4100
rkay@mcdonaldcarano.com
edennis@mcdonaldcarano.com

Maaren A. Shah (*admitted pro hac vice*)
Sami Rashid (*admitted pro hac vice*)
Ellison Merkel (*admitted pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
295 5th Ave
New York, NY 10016
Telephone: (212) 849-7000
maarenshah@quinnemanuel.com
samirashid@quinnemanuel.com
ellisonmerkel@quinnemanuel.com

Kristin N. Tahler (*admitted pro hac vice*)
William R. Sears (*admitted pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 S Figueroa St 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
kristintahler@quinnemanuel.com
willsears@quinnemanuel.com

*Attorneys for Endeavor Group Holdings, Inc.*

McDONALD CARANO
2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE 702.873.4100 • FAX 702.873.9966

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

KAJAN JOHNSON, CLARENCE DOLLAWAY, AND TRISTAN CONNELLY, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

ZUFFA, LLC, TKO Operating Company, LLC f/k/a Zuffa Parent LLC (d/b/a Ultimate Fighting Championship and UFC), and ENDEAVOR GROUP HOLDINGS, INC.,

Defendants.

Case No.: 2:21-cv-01189-RFB-BNW

**ENDEAVOR GROUP HOLDINGS, INC.'S STATUS REPORT IN ADVANCE OF THE NOVEMBER 12, 2026 STATUS CONFERENCE**

McDONALD CARANO
2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE 702.873.4100 • FAX 702.873.9966

We write on behalf of Defendant Endeavor Group Holdings, Inc. ("Endeavor") in advance of the November 12, 2026 status conference to address two matters relating to the upcoming sanctions briefing.

## I. Endeavor Should Be Permitted to File Its Own Brief on Plaintiffs' Forthcoming Sanctions Motion

The Court has directed Defendants to file a 50-page joint opposition to Plaintiffs' forthcoming sanctions motion, which Plaintiffs have represented will be directed only at Zuffa, LLC and TKO Operating Company, LLC ("TKO/Zuffa"). Oct. 9, 2026 Hr'g Tr. 70:16-21, 71:15-17, 75:23-76:2; ECF No. 833 at 1-2. Even though none of Endeavor's custodians, nor the applicability of any sanctions directly against Endeavor, will be at issue in that spoliation briefing, the relief that Endeavor expects Plaintiffs will seek may nonetheless have significant consequences for Endeavor if granted, including in any later spoliation proceedings and at trial. Due process requires that Endeavor be given a fair opportunity to be heard on an issue that may impact Endeavor. Endeavor therefore respectfully requests that the Court permit Endeavor to file a separate submission, of no more than 15 pages, responsive to any spoliation brief that Plaintiffs file and focused on Endeavor's position regarding the appropriateness and scope of any sanction that may ultimately be held applicable to Endeavor.[1] *See* Oct. 9, 2026 Hr'g Tr. 66:21-23 (Plaintiffs' counsel acknowledging that "if there are Endeavor-specific issues that relate to our filing, I certainly think it would be fair for Endeavor to be heard on those"); *id.* at 72:10-14 (Court noting that if Endeavor has an issue the joint brief may not cover, Endeavor "can bring it to [its] attention later"). This requested submission is both shorter and narrower than the separate brief Endeavor requested at the October 9 hearing. *Id.* at 62:6-63:16.

*First*, any findings the Court makes in resolving Plaintiffs' motion could become the basis for Plaintiffs to later request that the same relief extend to Endeavor. The Court has indicated that

[1] Endeavor's participation in the briefing on the motion is without waiver of its right to oppose any later effort to extend such relief to Endeavor through imputation or otherwise, or to rebut any spoliation claim Plaintiffs may make against Endeavor directly. If Plaintiffs change course from their current representation that the motion will be directed only at TKO/Zuffa and instead file a motion seeking relief against Endeavor, including by framing it as relief against "Defendants" collectively, as Plaintiffs' February motion did, Endeavor will seek leave to file a full opposition. *See* ECF No. 448-49 at 4-9.

McDONALD CARANO
2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE 702.873.4100 • FAX 702.873.9966

it would address any such request in a later proceeding, and has anticipated that Plaintiffs may argue that Endeavor is "bound by whatever happened in terms of Mr. White or Mr. Campbell." Oct. 9, 2026 Hr'g Tr. 46:12-47:10. By that time, however, key predicate findings regarding spoliation—what was lost, when it was lost, whether it was relevant to this action, and whether it was lost intentionally—will already have been decided in connection with Plaintiffs' forthcoming motion. Endeavor must be given a chance to weigh in on these issues to the extent they may later come to bear on Endeavor, before the Court has made any decision or findings relevant to Plaintiffs' sanctions arguments against TKO/Zuffa.

*Second*, the relief Plaintiffs will likely seek against TKO/Zuffa could limit Endeavor's ability to present its own defense at trial. In February, Plaintiffs asked the Court to sanction Defendants by, among other things, entering default; imposing a mandatory adverse inference; precluding them from offering any testimony or documents from Dana White, Hunter Campbell, and the other custodians at issue; and instructing the jury to treat the state of competition shown by the evidence in *Le v. Zuffa, LLC*—an earlier case to which Endeavor was not a party—as continuing to the present. ECF No. 448-49 at 4-9. To the extent Plaintiffs seek similar relief in connection with the forthcoming spoliation briefing, that relief, even if sought only against TKO/Zuffa, could limit the witnesses *Endeavor* may call, the evidence *Endeavor* may present, and the issues *Endeavor* may raise at trial. An adverse inference—even a rebuttable one—could affect Endeavor's ability to mount a successful defense, to say nothing of terminating sanctions. Given that any such relief, if granted, will necessarily impact Endeavor—regardless of whether such sanction is ultimately formally imposed on Endeavor itself—Endeavor should be heard on how that relief is framed. *See Gregory v. Montana*, 118 F.4th 1069, 1075-76, 1080-81 (9th Cir. 2024) (reversing judgment against a probation officer because unlawful sanctions for her co-defendant's loss of a video "severely limited [her] ability to present a defense" by barring eyewitness testimony about the altercation and instructing the jury that her use of excessive force was established).

Endeavor's brief would not be duplicative. While TKO/Zuffa's opposition will address whether any sanction against TKO/Zuffa is warranted, Endeavor expects that its brief would instead address the appropriateness and scope of any sanction that may ultimately be held applicable to

McDONALD CARANO
2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE 702.873.4100 • FAX 702.873.9966

Endeavor, including (1) the predicate findings regarding spoliation on which any such sanction would rest and (2) how any relief should be framed so that it does not limit Endeavor's defense at trial. That is the distinction the Court drew between a second brief "on the same potential for sanctions" and one arguing "from an Endeavor standpoint of how it might impact Endeavor." Oct. 9, 2026 Hr'g Tr. 71:23-72:6. The Court must weigh that impact in deciding what relief, if any, to impose. Where only some of multiple defendants are alleged to have spoliated evidence, courts take the non-spoliating defendants and their interests into account and shape any relief so that it does not unfairly prejudice them at trial. *See Est. of Schuck v. Cnty. of San Diego*, 2025 WL 2180987, at *11, *13 (S.D. Cal. Aug. 1, 2025) (recommending a permissive rather than a mandatory adverse inference, despite finding an intent to deprive, in part because it "will be the least prejudicial to the other defendants"), *report and recommendation adopted*, 2025 WL 3033407 (S.D. Cal. Oct. 9, 2025); *Scalia v. Cnty. of Kern*, 658 F. Supp. 3d 809, 816-17 (E.D. Cal. 2023) (acknowledging that an instruction against the spoliating county "may be prejudicial to" a co-defendant nurse who had no role in the spoliation, and refusing to "suggest to the jury that [she] was in any way responsible"); *see also United States v. HVI Cat Canyon, Inc.*, 2015 WL 12766161, at *2-3 (C.D. Cal. Nov. 20, 2015) (limiting a witness-exclusion sanction to testimony on behalf of the spoliating plaintiff and refusing to extend it to a co-plaintiff that had no "role in the conduct at issue"); *cf. Trotter v. Lawson*, 997 F.3d 819, 822-23 (8th Cir. 2021) (affirming refusal of an instruction deeming facts established against a non-participating defendant because it would have "unfairly prejudiced the remaining defendants"). Endeavor is uniquely positioned to tell the Court what that prejudice may be and how to limit it.

While Endeavor appreciates that the Court has already directed that Defendants file a joint opposition brief and decide among themselves how to divide the allotted page limit, Endeavor respectfully requests that the Court consider this request. Currently, Plaintiffs have 75 pages of briefing (50 pages for the opening brief and 25 pages for a reply brief), while Defendants have 50 pages total to share. TKO/Zuffa obviously have their own substantial and independent interest in this proceeding, for which they will require a full 50 pages to respond. Permitting Endeavor a separate 15-page opposition brief still leaves Plaintiffs with more total pages of briefing. If Plaintiffs

believe they would benefit from additional pages in their reply brief to address any Endeavor-specific arguments, Endeavor would not oppose that enlargement.

## II. Six Fully Briefed Motions to Compel Should Be Decided Before the Sanctions Briefing Begins

At the October 9 hearing, the Court invited the parties to identify pending discovery motions that bear on the sanctions briefing scheduled for January and February, and it offered to expedite them. Oct. 9, 2026 Hr'g Tr. 58:1-59:6. Six motions to compel between the parties are now fully briefed. Briefing on four of them (ECF Nos. 784, 788, 793, and 796) was completed after the last hearing. Endeavor will be prepared to discuss these motions at the November 12 status conference and respectfully requests that the Court rule on these motions ahead of the forthcoming spoliation briefing scheduled to commence in January. The motions are:

| **ECF Nos. (motion, opposition, reply)** | **Movant** | **Subject** |
|---|---|---|
| 543, 556, 587 | TKO/Zuffa | Plaintiffs' production of documents responsive to Defendants' Second Set of Requests for Production |
| 709, 727, 733 | Defendants | Plaintiffs' production of documents responsive to Defendants' First Set of Requests for Production |
| 784, 822, 827 | Plaintiffs | Zuffa's responses to Interrogatory No. 12 of Plaintiffs' Third Set of Interrogatories and Interrogatory No. 13 of Plaintiffs' Fourth Set |
| 788, 823, 829 | Defendants | Plaintiffs' responses to Endeavor's First Set of Interrogatories and First Set of Requests for Production, and Defendants' Third Set of Requests for Production |
| 793, 820, 828 | Defendants | Plaintiffs' production of documents responsive to Defendants' Requests for Production Nos. 48-56 |
| 796, 821, 832 | Defendants | Plaintiffs' production of documents responsive to Defendants' Requests for Production Nos. 10, 13, and 25 |

McDONALD CARANO
2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE 702.873.4100 • FAX 702.873.9966

McDONALD CARANO
2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE 702.873.4100 • FAX 702.873.9966

Dated this 9th day of November, 2026

**QUINN EMANUEL URQUHART & SULLIVAN LLP**

By: */s/ Maaren A. Shah*

Maaren A. Shah (*admitted pro hac vice*)
Sami Rashid (*admitted pro hac vice*)
Ellison Merkel (*admitted pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
295 5th Ave
New York, NY 10016
Telephone: (212) 849-7000
maarenshah@quinnemanuel.com
samirashid@quinnemanuel.com
ellisonmerkel@quinnemanuel.com

Kristin N. Tahler (*admitted pro hac vice*)
William R. Sears (*admitted pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 S Figueroa St 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
kristintahler@quinnemanuel.com
willsears@quinnemanuel.com

Rory T. Kay (NSBN 12416)
Emily M. Dennis (NSBN 16396)
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
Telephone: (702) 873-4100
rkay@mcdonaldcarano.com
edennis@mcdonaldcarano.com

*Attorneys for Endeavor Group Holdings, Inc.*

McDONALD CARANO
2300 WEST SAHARA AVENUE, SUITE 1200 • LAS VEGAS, NEVADA 89102
PHONE 702.873.4100 • FAX 702.873.9966

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of November, 2026, a true and correct copy of **ENDEAVOR GROUP HOLDINGS, INC.'S STATUS REPORT IN ADVANCE OF THE NOVEMBER 12, 2026 STATUS CONFERENCE** was served via the United States District Court CM/ECF system on all parties or persons requiring notice.

By: */s/ Maaren A. Shah*