Michael Dell'Angelo (admitted *pro hac vice*)
**BERGER MONTAGUE PC**
1818 Market St., Suite 3600
Philadelphia, PA 19103
Telephone: +1 (215) 875-3000
Email: mdellangelo@bergermontague.com

*Counsel for Plaintiffs and the Class*

[Additional Counsel Listed on Signature Page]

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| KAJAN JOHNSON, CLARENCE DOLLAWAY, and TRISTAN CONNELLY, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ZUFFA, LLC, TKO OPERATING COMPANY, LLC f/k/a ZUFFA PARENT LLC (d/b/a ULTIMATE FIGHTING CHAMPIONSHIP and UFC), and ENDEAVOR GROUP HOLDINGS, INC.,<br><br>Defendants. | No.: 2:21-cv-01189-RFB-BNW<br><br>**PLAINTIFFS' MOTION FOR PROTECTIVE ORDER STAYING DISCOVERY DIRECTED TO KAJAN JOHNSON PENDING RESOLUTION OF PLAINTIFFS' MOTION TO SUBSTITUTE (ECF NO. 856)** |

**NOTICE OF MOTION AND MOTION**

Plaintiffs Kajan Johnson, Clarence Dollaway, and Tristan Connelly ("Plaintiffs") hereby move, pursuant to Federal Rules of Civil Procedure 26(c)(1) and 36(a)(3) and Local Rule 26-6, for a protective order staying all discovery directed to Plaintiff Kajan Johnson until the Court rules on Plaintiffs' pending Motion to Substitute Gray Maynard for Kajan Johnson as a Named Plaintiff and for Leave to File Second Amended Complaint (ECF No. 856) (the "Motion to Substitute").

Specifically, Plaintiffs request an order: (1) staying Mr. Johnson's obligation to respond to the written discovery identified in Section II.C below, including 108 requests for admission served between October 28 and November 4, 2026; (2) staying the deposition of Mr. Johnson noticed for December 10, 2026; (3) holding in abeyance the portions of Defendants' pending motions to compel (ECF Nos. 543, 709, 789, 793, and 796) that seek discovery from Mr. Johnson, as identified in Section II.E below; (4) staying any further compliance with Defendants' subpoena to non-party Kajabi, LLC; and (5) providing that, if the Motion to Substitute is denied, Mr. Johnson will respond to the stayed written discovery after the Court's order and will sit for deposition on a mutually agreeable date, and, if the Motion to Substitute is granted, the stayed discovery directed to Mr. Johnson as a named plaintiff is withdrawn and the Johnson-specific portions of the pending motions to compel are denied as moot. Granting Plaintiffs' Motion will conserve considerable judicial and party resources and is an efficient approach to the procedural posture relating to Mr. Johnson.

This Motion is based on the accompanying Memorandum of Points and Authorities, the Declaration of Michael Dell'Angelo submitted pursuant to Local Rule 26-6(c), the exhibits thereto, the pleadings and papers on file in this action, and any argument the Court may permit.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

On November 10, 2026, Plaintiffs moved under Rule 21 to withdraw Kajan Johnson as a named plaintiff and substitute Gray Maynard in his place ("Motion to Substitute"). ECF No. 856. Mr. Johnson is withdrawing because the discovery Defendants have aimed at him—201 requests he must answer, a subpoena to the platform that hosts his small business, and a series of motions to compel reaching his personal devices, private communications, and business finances—has become a persistent distraction from his ability to care for his young family and run his business. *Id.* at 1–7. The Court has already recognized that Plaintiffs are "perfectly entitled" to make that change. ECF No. 817 at 56:19–57:14.

Defendants' demands on Mr. Johnson have not slowed while the Motion to Substitute is pending. Within the next three weeks, Mr. Johnson faces deadlines to respond to a new set of document requests and to 108 requests for admission—which will be deemed admitted by operation of Rule 36(a)(3) if not timely answered—and to sit for a deposition on December 10, 2026. Briefing on the Motion to Substitute will not close until December 1. And five fully or partially briefed motions to compel seek, in substantial part, still more discovery from Mr. Johnson: his Signal, WhatsApp, and Instagram history, his carrier records, vendor reports for every extraction of his devices, his litigation-hold notices, his fee and funding arrangements, and the sales, subscriber, and advertising records of his gym and online training business. At the November 12, 2026 status conference, the Court observed that Endeavor had "flooded Mr. Johnson with discovery requests," which the Court found "highly unusual," and stated: "I don't see why I wouldn't stay it if I were to grant the motion to amend." Nov. 12, 2026 Hr'g Tr. at 51:11–12, 55:3–10, ECF No. 864.

If the Court grants the Motion to Substitute, Mr. Johnson will be an absent member of the proposed classes, and nearly all of that discovery—including every request for admission directed to him by name—will fall away. Absent class members are not ordinarily subject to party discovery, and Defendants would have to justify any discovery they still sought from Mr. Johnson under that more demanding standard. Requiring Mr. Johnson to answer more than a hundred requests for admission,

travel to this District to prepare for and sit for a deposition—taking time away from his family and business—and litigate the Johnson-specific portions of five motions to compel in the next several weeks would impose precisely the burden the Motion to Substitute seeks to relieve, on the eve of a ruling that may render it entirely unnecessary.

Plaintiffs therefore ask for a short, targeted stay limited to discovery directed to Mr. Johnson, pending the Court's ruling on the Motion to Substitute. The stay would not touch discovery from Mr. Dollaway or Mr. Connelly, or any other discovery in the case. And it would not prejudice Defendants: if the Motion to Substitute is denied, Mr. Johnson will respond to the stayed discovery after the Court issues an order and sit for deposition thereafter on a mutually agreeable date, and the stayed portions of the pending motions to compel will proceed. If it is granted, the Court can decide in a single ruling, on a complete record, whether any discovery from Mr. Johnson should survive his withdrawal. Good cause exists under Rule 26(c)(1).

## II. BACKGROUND

### A. The Discovery Directed to Mr. Johnson

Plaintiffs' Motion to Substitute sets out the history of the discovery Defendants have directed to Mr. Johnson, and Plaintiffs do not repeat it in full here. *See* ECF No. 856 at 2–7. In brief, Defendants have served 396 requests for production, interrogatories, and requests for admission on the three named Plaintiffs, 201 of which Mr. Johnson must answer himself—100 directed to him by name and 101 directed to multiple Plaintiffs, including him. *Id.* at 3. The discovery requests Defendants have served on Mr. Johnson break down as follows:[1]

[1] This chart includes the following discovery requests: three sets of Requests for Production served by all Defendants, three separate sets of Requests for Production served by only Endeavor, two sets of Interrogatories served by Defendants Zuffa and TKO, two sets of Interrogatories served by Endeavor, one set of Requests for Admission served by Defendants Zuffa and TKO, two additional sets of Requests for Admission served by all Defendants, and two sets of Requests for Admission served by Endeavor.

| Type of Request | Directed to Mr. Johnson by Name | Directed to Multiple Plaintiffs, Including Mr. Johnson | Total for Mr. Johnson |
|---|---|---|---|
| Requests for Production | 0 | 69 | 69 |
| Interrogatories | 0 | 8 | 8 |
| Requests for Admission | 100 | 24 | 124 |
| **Total** | **100** | **101** | **201** |

Defendants served 108 of those 201 requests in the eight days between October 28 and November 4, 2026, beginning two days *after* Plaintiffs' counsel informed Endeavor's counsel that Mr. Johnson planned to withdraw as a named plaintiff. *Id.* at 5–6. Defendants also served a subpoena on Kajabi, LLC, the platform that hosts Mr. Johnson's online business, seeking his account and billing information, all content he has hosted there, and every record of his sales, revenue, refunds, payouts, and subscriber analytics. *Id.* at 5; ECF No. 856-11. Endeavor has followed up on these requests with myriad discovery letters, sending detailed follow-up requests and demands on October 30, November 3, November 4, November 9, and November 10.

Mr. Johnson has not stood still in the face of these demands. He has made his phone available for a full file system extraction and has verified multiple rounds of sworn interrogatory answers, most recently on October 14, 2026. ECF No. 856 at 5; *see* ECF No. 829 at 2. The most recent requests largely revisit that same ground. *See* ECF No. 856 at 6.

**B. Plaintiffs' Motion to Substitute**

On November 10, 2026, Plaintiffs moved under Rule 21—and, in the alternative, Rules 15(a)(2) and 16(b)(4)—for an order withdrawing Mr. Johnson as a named plaintiff and proposed class representative, without prejudice to his rights as a member of the proposed classes, and substituting Gray Maynard in his place. ECF No. 856. The proposed Second Amended Complaint changes nothing else: the claims, the Defendants, the class definitions, and the class period are unchanged. *Id.* at 1–2. Mr. Johnson has not settled, released, or dismissed his claims; he will remain an absent class member. *Id.* at 7. Defendants' responses to the Motion to Substitute are due November 24, 2026, and any reply is due December 1, 2026. *See* ECF No. 856; LR 7-2(b).

### C. The Imminent Deadlines Mr. Johnson Faces

Unless the Court intervenes, Mr. Johnson must respond to the following discovery before—or within days after—briefing on the Motion to Substitute closes: Endeavor's Third Set of Requests for Production, served October 23, 2026, with responses due on or about November 23, 2026, ECF No. 856-12; 43 requests for admission (Nos. 9–51) in Defendants' Second Set of Requests for Admission, served October 28, 2026, with responses due November 27, 2026, ECF No. 856-13; 14 requests for admission (Nos. 153–166) in Defendants' Third Set of Requests for Admission, served October 30, 2026, with responses due November 30, 2026, ECF No. 856-15; and 51 requests for admission (Nos. 9–59) in Endeavor's Second Set of Requests for Admission, served November 4, 2026, with responses due December 4, 2026, ECF No. 856-16. Defendants have also noticed Mr. Johnson's deposition for December 10, 2026. ECF No. 856-14. And Defendants' subpoena to Kajabi, LLC, served September 16, 2026, seeks the records of Mr. Johnson's online business directly from the platform. ECF No. 856-11.

The requests for admission alone require Mr. Johnson to admit or deny, under Rule 36's self-executing deadline, 108 discrete propositions—many concerning his preservation instructions, the auto-delete settings of Signal chats in which he participated, the April 2026 reset of his phone, a prior iPhone he no longer possesses, pre-May 2022 WhatsApp messages, and an Instagram account that Instagram deleted after it was hacked. ECF No. 856 at 6; ECF No. 856-16. Those are the same subjects at issue in Defendants' pending motions to compel, discussed below in Section II.E.

### D. Mr. Johnson's Extensive Participation in Discovery

Mr. Johnson has already participated extensively in discovery. He has served sworn answers to six sets of interrogatories and has responded to five sets of document requests and two sets of requests for admission. He has produced more than 11,500 documents, after undergoing full file system and logical extractions. After one such extraction revealed that Mr. Johnson had inadvertently lost Signal messages despite an iCloud backup, Mr. Johnson promptly identified a member of his gym staff who possessed the messages and worked with him to get them collected. And throughout the

discovery process, Mr. Johnson has made himself available on short notice to answer counsel's questions in response to Defendants' unrelenting inquiries.

### E. The Outstanding Motions to Compel and the Disputes That Would Be Mooted by Mr. Johnson's Withdrawal

Five motions to compel brought by Defendants against all three named Plaintiffs remain pending. Each seeks, in substantial part, discovery from Mr. Johnson specifically. If the Court grants the Motion to Substitute, the Johnson-specific disputes in each motion would be mooted, because Mr. Johnson would no longer be a party subject to Rules 33, 34, and 36, and Defendants would have to make a separate, particularized showing to obtain discovery from him as an absent class member. *See infra* § IV.A.3. The disputes are as follows.

#### 1. ECF No. 789: Ephemeral Messaging, Collection Reports, Litigation Holds, and Carrier Records

All Defendants, led by Endeavor, move to compel each Plaintiff to (1) serve complete, verified supplemental answers to Endeavor's Interrogatory Nos. 1 and 2—which seek a "complete history" of each Plaintiff's use, retention, and collection of Signal and "any other ephemeral messaging application"—without limitation to Signal or to any time period; (2) produce vendor collection reports "for every image or extraction of every device or source from which Plaintiffs have collected or are collecting data"; (3) produce all litigation-hold and preservation notices in response to Endeavor's Request for Production No. 1; and (4) produce cell phone carrier records in response to Defendants' Request Nos. 57–60. ECF No. 789; *see* ECF Nos. 823 (opposition), 829 (reply).

Much of the motion, and most of the reply, is directed at Mr. Johnson. Defendants seek information beyond the fulsome explanations provided by Mr. Johnson concerning the April 12, 2026 reset of his phone and the Signal data inadvertently not carried over in that reset; whether he possesses Signal messages before January 12, 2023, outside the "Fight Team Chat" that Plaintiffs collected from a third party; his WhatsApp messages before May 5, 2022, and Instagram messages before October 20, 2023; the purported discrepancy in his answers between an iPhone 14 and an iPhone 16; and the history of his earlier iPhone 12. Defendants also seek discovery regarding Mr. Johnson's devices and communications, including the vendor report for the August 26, 2026 extraction of the Fight Team

Chat, which was collected because of Mr. Johnson's reset, and carrier records, activity logs, and account histories for every phone number associated with him.

If the Motion to Substitute is granted, the following disputes subject to this motion to compel will be mooted: the Johnson-specific portions of Interrogatory Nos. 1 and 2 (including all disputes regarding his April 2026 reset, his iPhone 12, 14, and 16, and his Signal, WhatsApp, and Instagram histories); vendor collection reports for Mr. Johnson's devices and for the Fight Team Chat extraction; Mr. Johnson's litigation-hold notices; and carrier records for Mr. Johnson's phone numbers.

**2. ECF No. 793: Litigation Funding and Fee Arrangements (RFP Nos. 48–56)**

All Defendants move to compel each Plaintiff to produce documents concerning any third-party litigation funding and Plaintiffs' fee agreements with counsel, including engagement letters, funding terms, communications with funders, funder diligence, any funder control or veto rights, conflicts of interest, and fee agreements. ECF No. 793; *see* ECF Nos. 820 (opposition), 828 (reply). Defendants argue the materials bear on, among other things, the credibility of each named Plaintiff as a witness and the adequacy of each named Plaintiff as a class representative. ECF No. 828 at 4–6.

If the Motion to Substitute is granted, the following disputes subject to this motion to compel will be mooted: Mr. Johnson's obligation to search for and produce his own engagement, fee, and funding-related documents, if any, and Defendants' adequacy-based arguments as applied to Mr. Johnson as a proposed class representative.

**3. ECF No. 796: Commercial Activities Referencing the UFC (RFP Nos. 10, 13, and 25), and the Related Kajabi Subpoena**

All Defendants move to compel Plaintiffs to produce documents responsive to Request Nos. 10 (agreements for Plaintiffs' services as an agent, manager, promoter, coach, trainer, or similar), 13 (documents sufficient to show income from sources other than fight promoters), and 25 (publicity materials referring to Plaintiffs' UFC experience), "including any documents or communications relating to or generated through the Named Plaintiffs' use of commercial digital platforms, such as kajanjohnsonmma.com, Kajabi, YouTube, Instagram, Google Ads, and Meta Ads." ECF No. 796 at 13; *see* ECF Nos. 821 (opposition), 832 (reply). *The motion and reply focus overwhelmingly on Mr.*

*Johnson*: his Kajabi-hosted "Pro Fight Guide," the gym memberships and merchandise he sells through kajanjohnsonmma.com, his YouTube channel and a September 2026 video posted there, an August 2026 Instagram post, and his Google and Meta advertising accounts. Defendants seek the non-public subscriber, sales, transaction, advertising, and agreement records underlying those platforms. Defendants' subpoena to Kajabi seeks the same categories of Mr. Johnson's business records directly from the platform. ECF No. 856-11.

If the Motion to Substitute is granted, the following disputes subject to this motion to compel will be mooted: all disputes concerning kajanjohnsonmma.com, Kajabi, Mr. Johnson's YouTube and Instagram accounts, and his Google and Meta advertising accounts, and the Kajabi subpoena.

**4. ECF No. 709: Signal and Telegram Collection and Full File System Extractions (First Set of RFPs)**

All Defendants move to compel Plaintiffs to collect, review, and produce all documents responsive to Defendants' First Set of Requests for Production "regardless of the application on which they are stored," and to "perform a full file system extraction on all digital devices and provide a sworn accounting of their retention, collection, and review processes." ECF No. 709 at 16; *see* ECF Nos. 727 (opposition), 733 (reply). The motion's principal example is Mr. Johnson's Signal "fight team chat," which Defendants contend is likely to contain responsive communications about his work as a coach, trainer, and gym owner.

If the Motion to Substitute is granted, the following disputes subject to this motion to compel will be mooted: the demand for collection, review, and production from Mr. Johnson's Signal and other messaging applications, including the Fight Team Chat; any further extraction of Mr. Johnson's devices; and a sworn accounting of Mr. Johnson's retention, collection, and review.

**5. ECF No. 543: Combat Sports and "Business" Requests (Second Set of RFPs)**

Zuffa and TKO move to compel Plaintiffs to produce documents responsive to Request Nos. 30–31, 33, 35, 36, 38, and 39 of Defendants' Second Set of Requests for Production, using Defendants' defined terms "COMBAT SPORT(S)" and "BUSINESS." ECF No. 543 at 19; *see* ECF Nos. 556 (opposition), 587 (reply). Those requests seek, among other things, documents identifying each device,

phone number, carrier, messaging account, and social-media account each Plaintiff used for any income-earning "BUSINESS" since July 2017, and documents concerning Plaintiffs' name, image, and likeness and other combat-sports opportunities. *Id.*; ECF No. 856 at 4.

If the Motion to Substitute is granted, the following disputes subject to this motion to compel will be mooted: the requests as applied to Mr. Johnson, including the devices, numbers, and accounts he has used for his gym, training, and online businesses.

**F. Meet and Confer**

Counsel for Plaintiffs conferred with counsel for Endeavor on October 26, November 3, and November 9, 2026, regarding Mr. Johnson's withdrawal or substitution. ECF No. 856 at 5–6, 12. On November 11, 2026, counsel for Plaintiffs wrote to counsel for all Defendants to request a meet and confer regarding a stay of discovery directed to Mr. Johnson pending resolution of the Motion to Substitute. Dell'Angelo Decl. ¶ 3 & Ex. 1. No Defendant responded. *Id.* Plaintiffs' counsel then raised the requested stay at the November 12, 2026 status conference, advising the Court that Plaintiffs had "asked for a meet and confer" but had not "heard back." Nov. 12, 2026 Hr'g Tr. at 50:13–15. Defendants stated their opposition on the record. Counsel for Zuffa and TKO argued that Mr. Johnson "needs to sit for -- for deposition." *Id.* at 52:5–11. Counsel for Endeavor stated that Endeavor "very much oppose[s] the substitution of Johnson as a named plaintiff" and "would oppose the curtailing of his discovery in any event." *Id.* at 54:9–16. The Court noted that Plaintiffs could seek relief from unreasonable discovery requests by separate motion. *Id.* at 55:11–14. On November 18, 2026, Plaintiffs' counsel again raised the issue with Endeavor's counsel, noting that Plaintiffs' request to meet and confer had gone unanswered and proposing that Endeavor and all Plaintiffs mutually suspend their respective discovery obligations to one another. Dell'Angelo Decl. ¶ 5 & Ex. 2. As of the filing of this Motion, no Defendant has agreed to stay discovery directed to Mr. Johnson. Given Defendants' failure to respond to Plaintiffs' request to meet and confer and their stated opposition to any stay, further conferral would be futile. *See V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 297, 303 (D. Nev. 2019).

## III. LEGAL STANDARD

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including an order "forbidding the disclosure or discovery" or "specifying terms, including time and place, . . . for the disclosure or discovery." Fed. R. Civ. P. 26(c)(1)(A)–(B). Rule 26(c) "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). The party seeking a protective order bears the burden of showing good cause by demonstrating the harm or prejudice that will result from the discovery. *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004). The Court must also limit discovery that is "unreasonably cumulative or duplicative" or whose burden outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1), (b)(2)(C).

District courts likewise have "wide discretion in controlling discovery," including the authority to stay it. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The standard for staying discovery under Rule 26(c) is good cause. *Schrader v. Wynn Las Vegas, LLC*, No. 2:19-cv-02159-JCM-BNW, 2021 WL 4810324, at *3–4 (D. Nev. Oct. 14, 2021). Where discovery is sought to be stayed pending a motion, this Court considers (1) whether the pending motion can be decided without the discovery at issue, and (2) whether good cause exists to stay that discovery, guided by Rule 1's directive to secure the just, speedy, and inexpensive determination of every action. *Id.* Although *Schrader* arose in the context of a pending dispositive motion, the same considerations apply with equal force to a narrow stay of discovery directed to a single party whose continued participation is the subject of a pending motion.

Finally, Rule 36 expressly contemplates that the time to respond to requests for admission may be extended "by the court." Fed. R. Civ. P. 36(a)(3).

## IV. ARGUMENT

### A. Good Cause Exists to Stay Discovery Directed to Mr. Johnson Pending Resolution of the Motion to Substitute.

#### 1. The Motion to Substitute Can Be Decided Without Any Discovery from Mr. Johnson.

The Motion to Substitute turns on Rule 21's "just terms" and, alternatively, on Rule 16(b)(4) diligence and the Rule 15(a) factors: undue delay, bad faith, prejudice, and futility. ECF No. 856 at 8–14. None of those questions depends on Mr. Johnson's answers to requests for admission about his Signal settings, his deposition testimony, his carrier records, or his gym's subscriber data. The record on which the Motion to Substitute will be decided—the procedural history, the discovery Defendants have served, the Court's October 9, 2026 guidance, and the scheduling order—is already before the Court. The first *Schrader* consideration is therefore satisfied.

#### 2. Defendant Endeavor's Discovery Conduct Suggests That the Majority of Discovery Sought from Mr. Johnson Is Not Driven by the Merits.

Plaintiffs' Motion is particularly well founded considering that much of the discovery aimed at Mr. Johnson and the unrelenting emails and letters from counsel regarding Mr. Johnson's discovery requests are driven by Defendant Endeavor.

As the Court is, in part, aware, Endeavor has repeatedly requested that the Plaintiffs in *Johnson*, *Davis*, and *Cirkunovs* (the "UFC Litigation") dismiss Endeavor as a party. In response to Endeavor's requests, on October 26, 2026, counsel for Endeavor and Plaintiffs held a call during which Plaintiffs indicated that they were prepared to dismiss Endeavor and planned to withdraw or substitute Mr. Johnson as a Named Plaintiff. Counsel next discussed the dismissal of Endeavor and Mr. Johnson on November 3, 2026. On November 9, 2026, the parties again discussed Plaintiffs' proposed dismissal of Endeavor and the dismissal or substitution of Mr. Johnson. Counsel for Endeavor conveyed that Endeavor *objected* to the dismissal of Mr. Johnson and would not consent to disclosing to the Court at the November 12, 2026 hearing the terms the parties had discussed regarding Plaintiffs' proposed dismissal of Endeavor. On November 10, 2026, Plaintiffs filed the Motion to Substitute. On November

11, 2026, Plaintiffs sent counsel for Endeavor a draft Stipulation of Dismissal pursuant to Rule 41. On November 11, 2026, counsel for Plaintiffs wrote to counsel for all parties to request a meet and confer to discuss the suspension of Mr. Johnson's discovery obligations considering the pending Motion to Substitute.

To date, no Defendant has responded to Plaintiffs' request for a meet and confer. Nor has Endeavor provided a substantive response to Plaintiffs' proposed stipulation dismissing Endeavor. And at the November 12, 2026 hearing, Endeavor stated that it "very much oppose[s] the substitution of Johnson as a named plaintiff" and "would oppose the curtailing of his discovery in any event." Nov. 12, 2026 Hr'g Tr. at 54:9–16. Rather than secure its requested dismissal, Endeavor has inexplicably chosen to continue pursuing the foregoing discovery requests, to serve a wave of new discovery primarily directed to Mr. Johnson, and to send a discovery letter, all in under two weeks. For example, on October 23, 2026, Endeavor served its Third Set of Requests for Production on Plaintiffs. On October 30, 2026, Endeavor sent the aforementioned letter pursuing its earlier discovery requests. And on November 4, 2026, Endeavor served its Second Set of Requests for Admission on Plaintiffs, including over 100 requests.

In contrast to the substantial discovery burdens that Endeavor has sought to impose on Plaintiffs generally and Mr. Johnson in particular, on November 16, 2026, counsel for Endeavor requested a two-week extension to respond to Plaintiffs' recently served Requests for Admission and Requests for Production, due November 20 and November 23, respectively, stating "[t]hese are quite a heavy lift for my client that I would like to avoid if we will be dismissed soon." Ex. 2 (November 16, 2026 email from M. Shah to M. Dell'Angelo). Tellingly, Endeavor did not propose that Mr. Johnson—or the other Plaintiffs—would be afforded reciprocal relief from their obligations to respond to Endeavor's far more extensive discovery requests considering the likelihood that Endeavor will be dismissed soon. In his November 18, 2026 reply to that email, Plaintiffs' counsel reiterated that Plaintiffs' request to meet and confer regarding a stay of discovery directed to Mr. Johnson had received no response, and he proposed that Endeavor and all Plaintiffs mutually suspend their

respective discovery obligations to one another pending Endeavor's dismissal. *Id.* (November 18, 2026 email from M. Dell'Angelo to M. Shah).

Even if Endeavor were to agree, that would not resolve this Motion: Zuffa and TKO joined in serving Defendants' Second and Third Sets of Requests for Admission and the notice of Mr. Johnson's deposition, and they likewise have not responded to Plaintiffs' request to meet and confer. On November 18, 2026, Plaintiffs responded to Endeavor's lengthy meet and confer letter regarding Plaintiffs' responses and objections to Endeavor's First Set of Requests for Admission (Nos. 1–8), Second Set of Requests for Production (Nos. 2–7), and Second Set of Interrogatories (Nos. 3–5), and concerning the parties' most recent meet and confer regarding them. Dell'Angelo Decl. ¶ 6 & Ex. 3. Considering the procedural posture and Endeavor's request for relief from responding to Plaintiffs' requests for admission directed to Endeavor considering its likely forthcoming dismissal, Plaintiffs requested that Endeavor explain why its continued pursuit of discovery as to any Plaintiff—not least Mr. Johnson, considering his pending Motion to Substitute—was for a proper purpose and was not unreasonably and vexatiously multiplying the proceedings and why it was resisting the substitution of Mr. Johnson and its own dismissal from this action.

### 3. Compelling Mr. Johnson's Responses Now Would Impose a Substantial Burden That the Pending Motion May Render Entirely Unnecessary.

A stay would conserve the Court's and the parties' resources, just as Endeavor has sought to conserve *its* resources with respect to Plaintiffs' discovery directed to it, while resisting the preservation of the resources of this Court and the Plaintiffs.[2]

If the Motion to Substitute is granted, Mr. Johnson will be an absent member of the proposed classes. Absent class members are not ordinarily subject to the discovery obligations of parties. *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 810 (1985) (absent class members are "not required to do anything"). Although a court may permit limited discovery from an absent class member where the

[2] Ironically, Defendants have weaponized similar statements by Plaintiffs regarding efficiency and the responsible use of resources as a basis to serve burdensome discovery requests and burden the Court with quixotic motions to compel, such as their motion at ECF No. 793 regarding potential litigation funding arrangements and fee agreements (RFP Nos. 48–56).

circumstances justify it, district courts in this Circuit require the party seeking such discovery to show, among other things, that the absent class member has inserted himself into the litigation, that the discovery is narrowly tailored, that the information is not available from the named plaintiffs or other sources, and that the discovery is not unduly burdensome. *See Klein v. Meta Platforms, Inc.*, No. 20-cv-08570-JD (VKD), 2022 WL 22936869, at *2–3 (N.D. Cal. Feb. 23, 2022) (denying motion to compel document subpoena served on former named plaintiff who had withdrawn); *A.B. v. Pac. Fertility Ctr.*, No. 18-cv-01586-JSC, 2019 WL 6605883, at *1 (N.D. Cal. Dec. 3, 2019).

The discovery at issue here could not survive that standard in its current form. Requests for admission under Rule 36 may be served only on a "party." Fed. R. Civ. P. 36(a)(1). The 108 requests for admission directed to Mr. Johnson by name, the deposition noticed under Rule 30, the document requests served under Rule 34, and the interrogatories served under Rule 33 all presuppose that Mr. Johnson is a party. And the Johnson-specific portions of the pending motions to compel—seeking every year of his ephemeral-messaging history, every extraction report, his carrier records, his fee arrangements, and the non-public sales and subscriber records of his small business—are anything but narrowly tailored and in only a few instances, at best, tangentially related to the merits. *See supra* § II.E.

Meanwhile, the burden of proceeding now is concrete and immediate. Over the next three weeks, Mr. Johnson would have to review, with counsel, and respond under oath to 108 requests for admission on pain of their being deemed admitted; respond to a new set of document requests; prepare for and sit for a full-day deposition; and continue to litigate the Johnson-specific portions of five motions to compel—all while the Court decides whether he will remain a party at all. That is the very "annoyance, . . . oppression, or undue burden or expense" Rule 26(c)(1) exists to prevent, and it is the very burden that led Mr. Johnson to seek to withdraw. ECF No. 856 at 6–7. Requiring him to bear it in the interim would effectively deny him the relief the Motion to Substitute seeks before the Court has ruled on it.

The Johnson-specific disputes in the pending motions to compel are extensive; the reply in support of ECF No. 789 alone devotes much of its argument to Mr. Johnson's devices and messaging

history. ECF No. 829 at 2–5, 9–12. Resolving those disputes now, only to have them mooted weeks later, would waste judicial resources. The more efficient course is for the Court to decide the Motion to Substitute first and then address, on a complete record, whether any discovery from Mr. Johnson should proceed—either as a party, if the motion is denied, or as an absent class member under the appropriate standard, if it is granted. *See* Fed. R. Civ. P. 1.

**4. A Temporary Stay Will Not Prejudice Defendants.**

The stay Plaintiffs request is narrow and temporary. It applies only to discovery directed to Mr. Johnson. Discovery from Mr. Dollaway and Mr. Connelly—who are subject to every one of the same document requests, interrogatories, and motions to compel—will proceed unaffected, as will all other discovery in the case. Fact discovery remains open, and the parties have each proposed a March 1, 2027 close of fact discovery. ECF No. 728. The stay will last only as long as it takes the Court to decide a motion that will be fully briefed by December 1, 2026.

If the Motion to Substitute is denied, Defendants will lose nothing: Mr. Johnson will respond to the stayed written discovery after the Court's order and will sit for deposition on a mutually agreeable date thereafter, and the stayed portions of the pending motions to compel will be decided in the ordinary course. Nor will any evidence be lost in the interim. Mr. Johnson's phone has already been extracted, and he has already verified multiple rounds of sworn interrogatory answers. ECF No. 856 at 5; ECF No. 829 at 2. Nor can Defendants justify immediate discovery from Mr. Johnson by pointing to the spoliation arguments they have previewed against the named Plaintiffs. At the November 12, 2026 hearing, the Court explained that potential spoliation by a named plaintiff is distinct from the spoliation proceedings concerning Defendants, is governed by different standards, and, while Defendants may raise it, "has to operate on a separate track." Nov. 12, 2026 Hr'g Tr. at 56:15–58:20. And the Court stated that, if it grants the Motion to Substitute, it does not "see the need for there to be continued discovery of that particular plaintiff." *Id.* at 52:16–19.

Defendants may argue that a named plaintiff who seeks to withdraw may be required to answer discovery served before his withdrawal. *See, e.g.*, *Opperman v. Path, Inc.*, No. 13-cv-00453-JST, 2015 WL 9311888, at *3–5 (N.D. Cal. Dec. 22, 2015) (conditioning named plaintiff's dismissal on

responding to previously served discovery); *Fraley v. Facebook, Inc.*, No. C 11-1726 LHK (PSG), 2012 WL 555071, at *2–3 (N.D. Cal. Feb. 21, 2012). But that argument goes to the "just terms" on which the Court should grant the Motion to Substitute under Rule 21—a question the Court will decide on the full briefing of that motion. It is not a reason to force Mr. Johnson to bear the full burden of that discovery now, before the Court has decided whether and on what terms he may withdraw. A stay preserves the Court's ability to make that determination; denying one would effectively make it for the Court.

Defendants also cannot claim prejudice from the timing of the requested relief. More than half of the 201 requests Mr. Johnson must answer were served in the eight days after Plaintiffs' counsel told Endeavor's counsel that Mr. Johnson intended to withdraw, and the deposition notice was served the same day as the first of those sets. ECF No. 856 at 5–6. Whatever the reason for that timing, a party that serves more than a hundred requests for admission on an individual it has just been told intends to withdraw cannot fairly complain that those requests are stayed while the Court decides whether he may do so. The Court made the same observation at the November 12, 2026 hearing, noting that "a lot of these requests are coming literally in the past month" and that receiving so many requests at that stage "is highly unusual." Nov. 12, 2026 Hr'g Tr. at 53:11–13, 55:8–10.

**B. The Court Should Hold the Johnson-Specific Portions of the Pending Motions to Compel in Abeyance.**

For the same reasons, the Court should defer ruling on the portions of ECF Nos. 543, 709, 789, 793, and 796 that seek discovery from Mr. Johnson, as identified in Section II.E, until it decides the Motion to Substitute. Plaintiffs do not ask the Court to defer ruling on any portion of those motions directed to Mr. Dollaway or Mr. Connelly. If the Motion to Substitute is granted, the Johnson-specific portions should be denied as moot, without prejudice to any properly supported request for absent-class-member discovery. If it is denied, they can be decided on the existing briefing. Indeed, the Court has already indicated that it intends to address the motions to compel relating to Mr. Johnson in its order on the Motion to Substitute. Nov. 12, 2026 Hr'g Tr. at 59:23–60:3; *see also id.* at 62:3–4.

**C. The Court Should Extend Mr. Johnson's Time to Respond to the Pending**

**Requests for Admission.**

Rule 37(d)(2) provides that a party's failure to appear for a deposition or to respond to interrogatories or document requests is not excused on the ground that the discovery was objectionable, "unless the party failing to act has a pending motion for a protective order under Rule 26(c)." Fed. R. Civ. P. 37(d)(2). Requests for admission, however, are self-executing: a matter "is admitted unless, within 30 days after being served," the party responds, although "[a] shorter or longer time for responding may be . . . ordered by the court." Fed. R. Civ. P. 36(a)(3). Because Mr. Johnson's first response deadline falls on November 27, 2026, Plaintiffs respectfully request that the Court, at a minimum, extend Mr. Johnson's time to respond to Defendants' Second and Third Sets of Requests for Admission and Endeavor's Second Set of Requests for Admission until after the Court rules on the Motion to Substitute, so that the relief requested here is not overtaken by the operation of Rule 36(a)(3) before the Court can rule.

## V. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter a protective order under Rule 26(c)(1) and Rule 36(a)(3):

(1) staying all discovery directed to Kajan Johnson, including the written discovery identified in Section II.C, the deposition of Mr. Johnson noticed for December 10, 2026, and further compliance with Defendants' subpoena to non-party Kajabi, LLC, pending the Court's ruling on the Motion to Substitute (ECF No. 856);

(2) extending Mr. Johnson's time to respond to Defendants' Second and Third Sets of Requests for Admission and Endeavor's Second Set of Requests for Admission until after the Court's ruling on the Motion to Substitute;

(3) holding in abeyance the portions of ECF Nos. 543, 709, 789, 793, and 796 that seek discovery from Mr. Johnson, as identified in Section II.E, pending the Court's ruling on the Motion to Substitute; and

(4) providing that, if the Motion to Substitute is granted, the stayed discovery and Defendants' Second and Third Sets of Requests for Admission and Endeavor's Second

Set of Requests for Admission directed to Mr. Johnson as a named plaintiff are moot and do not require a response from Mr. Johnson, and the Johnson-specific portions of the pending motions to compel are denied as moot, without prejudice to any properly supported request for discovery from an absent class member.

Dated: November 19, 2026

Respectfully submitted,

By: /s/ Joseph R. Saveri
Joseph R. Saveri (*Pro hac vice*)
Christopher Young (*Pro hac vice*)
Kevin E. Rayhill (*Pro hac vice*)
Itak Moradi (*Pro hac vice*)
SAVERI LAW FIRM, LLP
550 California St., Suite 910
San Francisco, CA 94104
Telephone: +1 (415) 500-6800
Email: jsaveri@saverilawfirm.com
Email: krayhill@saverilawfirm.com
Email: cyoung@saverilawfirm.com
Email: imoradi@saverilawfirm.com

W. Joseph Bruckner (*Pro hac vice*)
Brian D. Clark (*Pro hac vice*)
LOCKRIDGE GRINDAL NAUEN PLLP
100 Washington Ave S, Suite 2200
Minneapolis, MN 55401
Telephone: +1 (612) 596-4001
Email: wjbruckner@locklaw.com
Email: bdclark@locklaw.com

Kyle Pozan (*Pro hac vice*)
Consuela M. Abotsi-Kowu (*Pro hac vice*)
LOCKRIDGE GRINDAL NAUEN PLLP
1165 N. Clark St., Suite 700
Chicago, IL 60610
Telephone: +1 (312) 205-8968
Email: kjpozan@locklaw.com
Email: cmabotsi-kowu@locklaw.com

*Additional Counsel for Plaintiffs and the Proposed Class*

By: /s/ Michael Dell'Angelo
Eric L. Cramer (*Pro hac vice*)
Michael Dell'Angelo (*Pro hac vice*)
Patrick F. Madden (*Pro hac vice*)
BERGER MONTAGUE PC
1818 Market St., Suite 3600
Philadelphia, PA 19103
Telephone: +1 (215) 875-3000
Email: ecramer@bergermontague.com
Email: mdellangelo@bergermontague.com
Email: pmadden@bergermontague.com

Joshua P. Davis (*Pro hac vice*)
Robert Maysey (*Pro hac vice*)
BERGER MONTAGUE PC
550 California Street, Suite 910
San Francisco, CA 94104
Telephone: +1 (415) 906-0684
Email: jdavis@bergermontague.com
Email: rmaysey@bergermontague.com

*Counsel for Plaintiffs and the Proposed Class*

Richard A. Koffman (*Pro hac vice*)
Benjamin D. Brown (*Pro hac vice*)
Daniel H. Silverman (*Pro hac vice*)
Daniel Gifford (*Pro hac vice*)
COHEN MILSTEIN SELLERS & TOLL LLP
1100 New York Ave., N.W.
Suite 500, East Tower
Washington, DC 20005
Telephone: +1 (202) 408-4600
Email: rkoffman@cohenmilstein.com
Email: bbrown@cohenmilstein.com
Email: dsilverman@cohenmilstein.com
Email: dgifford@cohenmilstein.com

*Additional Counsel for Plaintiffs and the Proposed Class*

Michael J. Gayan
CLAGGETT & SYKES
4101 Meadows Lane, Suite 100
Las Vegas, NV 89107
(702) 323-7777
mike@claggettlaw.com

*Liaison Counsel for Plaintiffs and the Proposed Class*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing Plaintiffs' Motion for Protective Order Staying Discovery Directed to Kajan Johnson Pending Resolution of Plaintiffs' Motion to Substitute (ECF No. 856) was served on November 19, 2026, via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

/s/ *Joseph R. Saveri*
Joseph R. Saveri