# EXHIBIT 2

**From:** Michael Dell"Angelo
**To:** Maaren Shah
**Cc:** Patrick F. Madden
**Subject:** Re: Johnson/Davis/Cirkunovs v. UFC
**Date:** Wednesday, November 18, 2026 1:11:15 PM
**Attachments:** image909279.png
image607229.png
image419884.png
image900752.png
image380645.png
image530936.png
image788122.png

---

Maaren:

I apologize for not responding yesterday. I have been travelling all week (including all day today) and was in all day client meetings.

We are happy to consider an extension, but it needs to be reciprocal. That said, we think that the more appropriate and efficient approach would be an informal stay of discovery between Endeavor and all Plaintiffs.

As you know, we have been discussing the dismissal of Endeavor and Johnson for several weeks now. We requested to meet and confer regarding a stay of discovery regarding Mr. Johnson pending the outcome of the motion to dismiss/substitute but received no response. At the November 12 hearing, Endeavor objected to the dismissal of Mr. Johnson and we understand that it is Endeavor's position that Mr. Johnson should undertake to respond to all of Endeavor's substantial discovery requests and RFAs notwithstanding the likelihood the Endeavor will be dismissed and that Mr. Johnson has sought his own dismissal. We fail to understand Endeavor's objection to the dismissal of Mr. Johnson when Endeavor is seeking dismissal of itself and has been offered dismissal in all actions. We likewise fail to understand Endeavor's insistence that Mr. Johnson respond to serial discovery letters from counsel for Endeavor and its substantial discovery requests under these circumstances.

That said, at bottom, we believe that the most efficient course is for Endeavor and all Plaintiffs to agree to a mutual suspension of their respective discovery obligations to one another in all matters pending and subject to the dismissal of Endeavor. If you prefer to characterize the suspension as an extension for a period of two weeks to help keep the dismissal on track, that is fine. For the avoidance of doubt, any such agreement is subject to the understanding that if Endeavor is dismissed and no longer a party, no plaintiff will be required to respond to discovery propounded by Endeavor. Please let us know where your client stands.

Regards,

Michael

**Michael Dell'Angelo** / *Executive Shareholder & General Counsel*
215.875.3080 610.608.8766

1818 MARKET STREET, SUITE 3600
PHILADELPHIA PA 19103
101 LINDENWOOD DRIVE, SUITE 225
MALVERN, PA 19355

---

**From:** Maaren Shah <maarenshah@quinnemanuel.com>
**Sent:** Wednesday, 18 November 2026 04:36:27
**To:** Michael Dell'Angelo <mdellangelo@bergermontague.com>
**Cc:** Patrick F. Madden <pmadden@bergermontague.com>
**Subject:** Re: Johnson/Davis/Cirkunovs v. UFC

Michael, given the upcoming deadline, following up on this thanks.

**Maaren A. Shah**
Partner
Quinn Emanuel Urquhart & Sullivan, LLP

295 Fifth Avenue
New York, NY 10016
212-849-7452 Direct
maarenshah@quinnemanuel.com

On Nov 16, 2026, at 10:36 PM, Maaren Shah <maarenshah@quinnemanuel.com> wrote:

Michael,

I am conferring with my client this week and expect to be back to you in short order. In the meantime, in light of these discussions, I would request a courtesy 2 week extension of the recently served RFA responses (due 11/20) and RFP responses (due 11/23). These are quite a heavy lift for my client that I would like to avoid if we will be dismissed soon.

Appreciate the consideration, thank you.

**Maaren A. Shah**
Partner
Quinn Emanuel Urquhart & Sullivan, LLP

295 Fifth Avenue
New York, NY 10016
212-849-7452 Direct
maarenshah@quinnemanuel.com

On Nov 11, 2026, at 7:54 PM, Michael Dell'Angelo <mdellangelo@bergermontague.com> wrote:

**[EXTERNAL EMAIL from mdellangelo@bergermontague.com]**

---

Maaren:

Attached for your consideration is a draft Stipulation of Dismissal of Endeavor Holdings, Ltd., in *Johnson, Davis,* and *Cirkunovs* (the "UFC Litigation"), without prejudice and with all parties to bear their own costs. Subject to any edits the parties may have, Plaintiffs' execution of the Stipulation is subject to the negotiation of mutually agreeable terms regarding Endeavor's participation in discovery in the UFC Litigation. Broadly, those terms are: to the extent not complete, Endeavor will complete its production of documents; Endeavor will not object to resolving deficiencies with its production of documents, identified by Plaintiffs, on the basis that it is no longer a party to the litigation; in response to a notice of deposition or Rule 45 subpoena, Endeavor will make available for deposition any current officer, director, or employee of Endeavor who is a custodian in the UFC Litigation, subject to a limit of no more than 5 depositions of current or former officer, director, or employees of Endeavor (with any current or former officer, director, or employee of Endeavor who has also had a position with Zuffa or TKO not counting toward this limit, as those are instead governed by the Court's limit on depositions from each Defendant), and without prejudice to Plaintiffs' right to seek the deposition or documents of any other current or former officer, director, or employee of Endeavor, pursuant to Rule 45 ; and Endeavor will provide Plaintiffs will a proffer establishing that it is entitled to be indemnified by defendants TKO or Zuffa for any economic damages that may be awarded in *Johnson* and *Cirkunovs*.

When and if we are agreed on the terms to which the Stipulation is subject, we can

present the draft Stipulation for consideration by Zuffa/TKO.

Plaintiffs reserve all rights to amend, add, or withdraw the proposed Stipulation and proposed terms.

We are available to discuss the details once you have conferred with your client.

Regards,

Michael

**Michael Dell'Angelo** / *Executive Shareholder & General Counsel*

215.875.3080

610.608.8766

1818 MARKET STREET, SUITE 3600
PHILADELPHIA PA 19103
101 LINDENWOOD DRIVE, SUITE 225
MALVERN, PA 19355

-***External sender. Please use caution when clicking on any attachments or links*** -