# Exhibit 4

Plaintiffs' Fourth Set of Requests for Production of Documents to Endeavor Group Holdings, Inc.

Exhibit 4

Michael Dell'Angelo
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
(215) 875-3000
mdellangelo@bergermontague.com

*Counsel for Plaintiffs and the Proposed Class*

*Additional Counsel on Signature Page*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| Kajan Johnson, Clarence Dollaway, and Tristan Connelly, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Zuffa, LLC, TKO Operating Company, LLC f/k/a Zuffa Parent LLC (d/b/a Ultimate Fighting Championship and UFC), and Endeavor Group Holdings, INC.,<br><br>Defendants. | Case No.: 2:21-cv-01189-RFB-BNW<br><br>**PLAINTIFFS' FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO ENDEAVOR GROUP HOLDINGS, INC.** |

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiffs Kajan Johnson, Clarence Dollaway, and Tristan Connelly hereby request that Defendant Endeavor Group Holdings, Inc. produce the documents and things specified below for inspection and copying to the offices of Claggett & Sykes Trial Lawyers, 4101 Meadows Lane, Suite 100, Las Vegas, NV 89107 within thirty (30) days of service.

**DEFINITIONS**

1. The term "ACTION" means *Kajan Johnson, et al. v. Zuffa, LLC, et al.*, No. 2:21-cv-01189-RFB-BNW (D. Nev.).

2. The term "BUSINESS ACTIVITY" means any activity related to the actual or prospective business of ENDEAVOR and/or UFC, INCLUDING any action or task by or on behalf of ENDEAVOR, such as any action or task undertaken by or on behalf of ENDEAVOR intended to generate profit, deliver goods or services, or conduct ENDEAVOR'S daily operations, INCLUDING negotiations or transactions that have not been consummated.

3. The terms "COMMUNICATE" and "COMMUNICATION" mean without limitation, oral or written communications of any kind, such as (but not limited to) electronic communications, direct communications through social media, facsimiles, telephone communications, correspondence, exchange of written or recorded information, or face-to-face meetings.

4. The term "CONCERNING" means relating to, regarding, with respect to, referring to, in connection with, describing, evidencing, identifying, concerning, and/or substantiating.

5. The term "DOCUMENT(S)" shall be synonymous in meaning and equal in scope to the broadest meaning provided by Rule 34 of the Federal Rules of Civil Procedure, INCLUDING hard copies, electronic documents, electronic or computerized data compilations, software, software images, or downloads. This term shall apply to documents, whether in hard copy or electronic form, on any computers or any other system.

6. The term "ENDEAVOR" means Endeavor Group Holdings, Inc., and/or all PERSONS INCLUDING both legal and natural persons, acting or purporting to act on Endeavor Group Holdings, Inc.'s behalf, INCLUDING managers, agents, representatives, and attorneys.

7. The term "ESI" means Electronically Stored Information, as that term is used in Federal Rule of Civil Procedure 26.

8. The term "INCLUDING" means "including, but not limited to."

9. The term "LOSS EVENT(S)" means the events resulting in the loss of any MOBILE DEVICE or ESI by Ari Emanuel, Mark Shapiro, or Patrick Whitesell, INCLUDING: any MOBILE DEVICE used by Mark Shapiro, INCLUDING his iPhone 14 Pro, during the pendency of the ACTION to conduct or COMMUNICATE regarding ENDEAVOR'S BUSINESS ACTIVITY; any MOBILE DEVICE used by Ari Emanuel, INCLUDING his iPhone 13 Pro, iPhone 15 Pro, iPhone 16 Pro, and iPad, during the pendency of the ACTION to conduct or COMMUNICATE regarding ENDEAVOR'S BUSINESS ACTIVITY; and any MOBILE DEVICE used by Patrick Whitesell, INCLUDING his iPhone 16 Pro Max, during the pendency of the ACTION to conduct or COMMUNICATE regarding ENDEAVOR'S BUSINESS ACTIVITY.

10. The term "MOBILE DEVICE" means a portable electronic computing device designed to operate wirelessly with its own battery power and local data storage, INCLUDING a mobile telephone, smartphone, iPhone, and iPad.

11. The term "PERSON" means, without limitation, any natural person, corporation, partnership, limited liability company, proprietorship, joint venture, trust, association, government entity, group, or other form of legal entity.

12. The terms "YOU" and "YOUR" mean ENDEAVOR.

## INSTRUCTIONS

1. YOU are required to produce all non-privileged DOCUMENTS in YOUR possession, custody, or control, INCLUDING information in the possession, custody, or control of any of YOUR attorneys, directors, officers, agents, employees, representatives, associates, investigators, divisions, affiliates, partnerships, parents or subsidiaries, and PERSONS under YOUR control.

2. Each DOCUMENT is to be produced along with all non-identical versions thereof in their entirety, without abbreviation or redaction.

3. All DOCUMENTS shall be produced in the order that they are kept in the usual course of business, and shall be produced in their original folders, binders, covers, or containers, or photocopies thereof.

4. All DOCUMENTS that respond, in whole or in part, to any portion of any request shall be produced in their entirety, INCLUDING all attachments and enclosures.

5. Color copies of DOCUMENTS are to be produced where color is necessary to interpret or understand the contents.

6. The source(s) or derivation of each DOCUMENT produced shall be specifically identified.

7. Electronic records and computerized information must be produced in their native electronic format, together with a description of the system from which they were derived sufficient to permit rendering the records and information intelligible.

8. YOU are under a continuous obligation to supplement YOUR responses to these requests under the circumstances specified in Federal Rule of Civil Procedure 26(e).

9. In the event that any DOCUMENT called for by the following Requests is to be withheld on the basis of a claim of privilege or immunity from discovery, that DOCUMENT is to be identified in accordance with the parties' agreed-upon privilege log procedures. To the extent that the parties have not agreed on privilege log procedures, the DOCUMENT is to be identified by stating the title and description of the DOCUMENT, INCLUDING the number of pages or Bates-number range as well as by stating (i) the author(s), addressee(s), and any indicated or blind copy(s); (ii) the DOCUMENT'S date, number of pages, and attachments or appendices; (iii) the subject matter(s) of the DOCUMENT; (iv) the nature of the privilege or immunity asserted and basis for asserting that the DOCUMENT is privileged; and (v) any additional facts upon which YOU would base YOUR claim of privilege or immunity.

10. In the event that any DOCUMENT called for by these requests or subsequent requests has been destroyed or discarded, that DOCUMENT is to be identified by stating: (i) the author(s), addressee(s), and any indicated or blind copy(s); (ii) the DOCUMENT'S date, number of pages, and attachments or appendices; (iii) the DOCUMENT'S subject matter; (iv) the date of destruction or discard, manner of destruction or discard, and reason for destruction or discard; (v) the PERSONS who were

authorized to carry out such destruction or discard; and (vi) whether any copies of the DOCUMENT presently exist and, if so, the name of the custodian of each copy.

## DOCUMENT REQUESTS

**DOCUMENT REQUEST NO. 105:**

All non-privileged DOCUMENTS and COMMUNICATIONS CONCERNING each LOSS EVENT.

**DOCUMENT REQUEST NO. 106:**

All DOCUMENTS CONCERNING any effort by YOU, anyone acting on YOUR behalf, Ari Emanuel, Mark Shapiro, or Patrick Whitesell, or anyone acting on their behalf, to preserve, back up, recover, restore, or obtain any MOBILE DEVICE or ESI, or copies of ESI, affected by a LOSS EVENT.

Dated this 23rd day of October, 2026.

BERGER MONTAGUE PC

By: *<u>/s/ Michael Dell'Angelo</u>*

Eric L. Cramer (*Pro hac vice*)
Michael Dell'Angelo (*Pro hac vice*)
Patrick F. Madden (*Pro hac vice*)
BERGER MONTAGUE PC
1818 Market St., Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
Email: ecramer@bergermontague.com
Email: mdellangelo@bergermontague.com
Email: pmadden@bergermontague.com

Joshua P. Davis (*Pro hac vice*)
Robert Maysey (*Pro hac vice*)
BERGER MONTAGUE PC
505 Montgomery Street, Suite 625
San Francisco, CA 94111
Telephone: (415) 906-0684
Email: jdavis@bergermontague.com
Email: rmaysey@bergermontague.com

*Counsel for Plaintiffs and the Proposed Class*

Joseph R. Saveri (*Pro hac vice*)
Kevin E. Rayhill (*Pro hac vice*)
Itak Moradi (*Pro hac vice*)
Chris Young (*Pro hac vice*)

SAVERI LAW FIRM, LLP
550 California Street, Suite 910
San Francisco, California 94104
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
jsaveri@saverilawfirm.com
krayhill@saverilawfirm.com
imoradi@saverilawfirm.com
cyoung@saverilawfirm.com

Richard A. Koffman (*Pro hac vice*)
Benjamin D. Brown (*Pro hac vice*)
Daniel H. Silverman (*Pro hac vice*)
Daniel Gifford (*Pro hac vice*)
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Ave., N.W.
Suite 500 East Tower
Washington, DC 20005
Telephone: (202) 408-4600
Email: rkoffman@cohenmilstein.com
Email: bbrown@cohenmilstein.com
Email: dsilverman@cohenmilstein.com
Email: dgifford@cohenmilstein.com

W. Joseph Bruckner (*Pro hac vice*)
Brian D. Clark (*Pro hac vice*)
LOCKRIDGE GRINDAL NAUEN PLLP
100 Washington Ave S, Suite 2200
Minneapolis, MN 55401
Phone: (612) 596-4001
wjbruckner@locklaw.com
bdclark@locklaw.com

Kyle J. Pozan (*Pro hac vice*)
LOCKRIDGE GRINDAL NAUEN PLLP
1165 N. Clark Street, Ste. 700
Chicago, IL 60610
Phone: (612) 339-6900
Email: kjpozan@locklaw.com

*Additional Counsel for Plaintiffs and the Proposed Class*

Michael J. Gayan
CLAGGETT & SYKES
4101 Meadows Lane, Suite 100
Las Vegas, NV 89107
Tel: (702) 323-7777

mike@claggettlaw.com

*Liaison Counsel for Plaintiffs and the Proposed Class*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was served upon counsel for all Defendants via email.

DATE: October 23, 2026 By: *<u>/s/ Michael Dell'Angelo</u>*
Michael Dell'Angelo