# Exhibit 5

Plaintiffs Kajan Johnson, Clarence Dollaway, and Tristan Connelly's Second Set of Requests for Admission to Defendant Endeavor Group Holdings, Inc.

Exhibit 5

Michael Dell'Angelo (pro hac vice)
BERGER MONTAGUE, P.C.
1818 Market St., Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604
mdellangelo@bergermontague.com

Joseph R. Saveri (pro hac vice)
JOSEPH SAVERI LAW FIRM, LLP
550 California Street, Suite 910
San Francisco, California 94104
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
jsaveri@saverilawfirm.com

Benjamin D. Brown (pro hac vice)
COHEN MILSTEIN SELLERS & TOLL, LLP
1100 New York Ave., N.W., Suite 800
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
bbrown@cohenmilstein.com

*Attorneys for Individual and Representative Plaintiffs Kajan Johnson, Clarence Dollaway, and Tristan Connelly*

[Additional Counsel Listed on Signature Page]

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| Kajan Johnson, Clarence Dollaway, and Tristan Connelly, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Zuffa, LLC, TKO Operating Company, LLC f/k/a Zuffa Parent LLC (d/b/a Ultimate Fighting Championship and UFC), and Endeavor Group Holdings, Inc.,<br><br>Defendants. | Case No. 2:21-cv-01189-RFB-BNW<br><br>**PLAINTIFFS KAJAN JOHNSON, CLARENCE DOLLAWAY, AND TRISTAN CONNELLY'S SECOND SET OF REQUESTS FOR ADMISSION TO DEFENDANT ENDEAVOR GROUP HOLDINGS, INC.** |

Pursuant to Federal Rule of Civil Procedure 36, Plaintiffs Kajan Johnson, Clarence Dollaway, and Tristan Connelly hereby request that Defendant Endeavor Group Holdings, Inc. respond to the following Requests for Admission ("Requests") within thirty (30) days of service.

**DEFINITIONS**

1. The term "ACTION" means *Kajan Johnson, et al. v. Zuffa, LLC, et al.*, No. 2:21-cv-01189-RFB-BNW (D. Nev.).

2. The term "COMPLAINT" shall mean the most recent Complaint (including any Amended Complaints) filed in the ACTION.

3. The term "AGREEMENT" means any acceptance of an offer between two or more Persons, regardless of whether the expression of the Agreement is verbal or written. Agreement as used herein includes without limitation all mutually binding contracts.

4. The term "CLASS PERIOD" refers to the class period set forth in *Johnson et al. v. Zuffa, LLC et al.*, No. 2:21-cv-01189-RFB-BNW, namely, the period from July 1, 2017 to the present.

5. The term "BUSINESS ACTIVITY" refers to any activity related to the actual or prospective business of ENDEAVOR and/or UFC, as defined herein, including any action or task by or on behalf of ENDEAVOR or the UFC, such as, without limitation, any action or task undertaken by or on behalf of ENDEAVOR or the UFC intended to generate profit, deliver goods or services, or conduct the entity's daily operations, including negotiations or transactions that have not be consummated.

6. The term "ENDEAVOR" means Endeavor Group Holdings, Inc., and/or all persons including both legal and natural persons, acting or purporting to act on Endeavor Group Holdings, Inc.'s behalf, including its current and former officers, directors, and employees, and its managers, agents, and representatives, and any subsidiary or controlled entity of Endeavor Group Holdings, Inc. (including Zuffa, LLC and TKO Operating Company, LLC) to the extent acting at Endeavor Group Holdings, Inc.'s direction or under its control.

7. The term "INCLUDING" means "including, but not limited to."

8. The term "PERSON(S)" shall refer to any legal entity, including but not limited to natural persons, corporations, partnerships, firms, and/or associations, and any parent, subsidiary, division, department, or affiliate thereof.

9. The term "PLAINTIFFS" means Kajan Johnson, Clarence Dollaway, and Tristan Connelly.

10. The term "UFC" means the Ultimate Fighting Championship, Zuffa, LLC, and TKO Operating Company, LLC f/k/a Zuffa Parent LLC.

11. The term "WIPED" means the process of erasing data and/or files on a device so it cannot be recovered by normal means.

12. The term "YOU," "YOUR," or "YOURSELF" means ENDEAVOR.

**INSTRUCTIONS**

1. The use of the past tense includes the present tense, and vice versa, as necessary to bring within the scope of each Request all responses that might otherwise be considered outside its scope. Whenever a term is used in the present, past, future, subjunctive, or other tense, it shall also be construed to include all other tenses. The singular includes the plural, and the plural includes the singular. "Including" means "including but not limited to." The terms "any," "all," "each," "every," "and," "or," and "and/or" as used herein shall be construed as appropriate to bring within the scope of these Requests information which might otherwise be interpreted to be beyond their scope. Words in the masculine, feminine or neuter form shall include each of the other genders.

2. All Requests must be responded to separately and in writing, in accordance with Rule 36 of the Federal Rules of Civil Procedure.

3. Answers to these Requests are to be based upon a reasonable inquiry into the information You know or can readily obtain, as required by Rule 36(a)(4), including information derivable from Your business or other records and information known to Your current or former officers, directors, employees, and agents. This Instruction does not call for information protected

by the attorney-client privilege, the work-product doctrine, or Rule 26(b)(4) of the Federal Rules of Civil Procedure.

4. You must supplement or correct Your responses to these Requests as required by Rule 26(e) of the Federal Rules of Civil Procedure.

5. If You can qualify an answer or deny only a part of a matter, Your answer must specify the part admitted, and qualify or deny the rest.

6. If You deny a Request, Your denial must fairly respond to the substance of the matter, as required by Rule 36(a)(4).

7. If You assert lack of knowledge or information as a reason for failing to admit or deny a matter, You must state that You have made a reasonable inquiry and that the information You know or can readily obtain is insufficient to enable You to admit or deny the matter.

8. If You object to a particular Request, You must state the grounds for Your objection. If You object to only part of a Request, You must specify the part objected to and respond to the remainder. You cannot object solely on the ground that the Request presents a genuine issue for trial.

9. If, in responding to these Requests, You encounter any ambiguities when construing a Request, instruction, or definition, in Your response set forth the word or phrase deemed ambiguous and the construction used in answering.

10. Unless otherwise indicated, the time period covered by these Requests is July 1, 2017 to the present (*i.e.*, the CLASS PERIOD).

11. Terms not defined herein shall be given their ordinary meaning.

12. These Definitions and Instructions are not intended to impose any obligation beyond those imposed by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Nevada, and shall be construed accordingly.

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

Admit that YOU did not issue a litigation hold to Mark Shapiro in connection with the ACTION.

**REQUEST FOR ADMISSION NO. 2:**

Admit that YOU issued a litigation hold to Mark Shapiro in connection with the litigation hold in connection with this ACTION.

**REQUEST FOR ADMISSION NO. 3:**

Admit that Mark Shapiro used an iPhone 14 Pro to conduct ENDEAVOR business at any time during the period from January 17, 2023 to July 8, 2023.

**REQUEST FOR ADMISSION NO. 4:**

Admit that the Signal app was downloaded to Mark Shapiro's iPhone 14 Pro (referenced in Request No. 3).

**REQUEST FOR ADMISSION NO. 5:**

Admit that the Signal app was downloaded to Mark Shapiro's his iPhone 14 Pro (referenced in Request No. 3) after January 17, 2023.

**REQUEST FOR ADMISSION NO. 6:**

Admit that the Signal app was downloaded to Mark Shapiro's iPhone 14 Pro (referenced in Request No. 3) before March 22, 2023.

**REQUEST FOR ADMISSION NO. 7:**

Admit that Mark Shapiro used Signal on his iPhone 14 Pro (referenced in Request No. 3) to communicate regarding ENDEAVOR'S BUSINESS ACTIVITY.

**REQUEST FOR ADMISSION NO. 8:**

Admit that Mark Shapiro participated in Signal chats during the pendency of the ACTION for which the auto-delete functionality had been enabled.

**REQUEST FOR ADMISSION NO. 9:**

Admit that Mark Shapiro participated in Signal chats regarding ENDEAVOR'S BUSINESS ACTIVITY during the pendency of the ACTION for which the auto-delete functionality had been enabled.

**REQUEST FOR ADMISSION NO. 10:**

Admit that Mark Shapiro believed that the whole point of Signal is that it automatically deletes messages after a period of time.

**REQUEST FOR ADMISSION NO. 11:**

Admit that Mark Shapiro believed that no one would ever be able to see his Signal messages.

**REQUEST FOR ADMISSION NO. 12:**

Admit that Mark Shapiro's iPhone 14 Pro (referenced in Request No. 3) was replaced with an iPhone 16 Pro.

**REQUEST FOR ADMISSION NO. 13:**

Admit that the Signal app was deleted from Mark Shapiro's iPhone 14 Pro (referenced in Request No. 3).

**REQUEST FOR ADMISSION NO. 14:**

Admit that at the time the Signal app was deleted from Mark Shapiro's iPhone 14 Pro (referenced in Request No. 3) the Signal data on the phone had not been collected in connection with the ACTION.

**REQUEST FOR ADMISSION NO. 15:**

Admit that Mark Shapiro's iPhone 14 Pro (referenced in Request No. 3) was wiped after July 7, 2023.

**REQUEST FOR ADMISSION NO. 16:**

Admit that ENDEAVOR wiped Mark Shapiro's iPhone 14 Pro (referenced in Request No. 3) after July 7, 2023.

**REQUEST FOR ADMISSION NO. 17:**

Admit that ENDEAVOR did not collect any Signal data from Mark Shapiro's iPhone 14 Pro (referenced in Request No. 3).

**REQUEST FOR ADMISSION NO. 18:**

Admit that ENDEAVOR did not preserve any Signal data from Mark Shapiro's iPhone 14 Pro (referenced in Request No. 3).

**REQUEST FOR ADMISSION NO. 19:**

Admit that ENDEAVOR did not collect any Signal messages from Mark Shapiro's iPhone 14 Pro (referenced in Request No. 3).

**REQUEST FOR ADMISSION NO. 20:**

Admit that ENDEAVOR did not preserve any Signal messages from Mark Shapiro's iPhone 14 Pro (referenced in Request No. 3).

**REQUEST FOR ADMISSION NO. 21:**

Admit that Mark Shapiro did not disclose to ENDEAVOR'S counsel (for ENDEAVOR to include in the Court-Ordered device disclosures, *see* ECF Nos. 202 & 330) that the Signal app was installed on his iPhone 14 Pro (referenced in Request No. 3).

**REQUEST FOR ADMISSION NO. 22:**

Admit that Mark Shapiro did not disclose to ENDEAVOR'S counsel (for ENDEAVOR to include in the Court-Ordered device disclosures, *see* ECF Nos. 202 & 330) that he used Signal regarding Endeavor's BUSINESS ACTIVITY.

**REQUEST FOR ADMISSION NO. 23:**

Admit that ENDEAVOR WIPED Mark Shapiro's iPhone 14 Pro (referenced in Request No. 3) without ever collecting Signal data from the device.

**REQUEST FOR ADMISSION NO. 24:**

Admit that ENDEAVOR WIPED Mark Shapiro's iPhone 14 Pro (referenced in Request No. 3) without ever preserving any Signal data from the device.

**REQUEST FOR ADMISSION NO. 25:**

Admit that ENDEAVOR WIPED Mark Shapiro's iPhone 14 Pro (referenced in Request No. 3) without ever collecting Signal messages from the device.

**REQUEST FOR ADMISSION NO. 26:**

Admit that ENDEAVOR WIPED Mark Shapiro's iPhone 14 Pro (referenced in Request No. 3) without ever preserving any Signal messages from the device.

**REQUEST FOR ADMISSION NO. 27:**

Admit that ENDEAVOR does not have access to the contents of the Signal messages that were on Mark Shapiro's iPhone 14 Pro (referenced in Request No. 3).

**REQUEST FOR ADMISSION NO. 28:**

Admit that ENDEAVOR does not have access to the contents of Signal messages that Mark Shapiro sent or received on his iPhone 14 Pro (referenced in Request No. 3) for which the auto-delete function was enabled.

**REQUEST FOR ADMISSION NO. 29:**

Admit that Ariel Emanuel used an iPhone 13 Pro regarding ENDEAVOR'S BUSINESS ACTIVITY for the period beginning at least by January 19, 2023.

**REQUEST FOR ADMISSION NO. 30:**

Admit that YOU did not issue a litigation hold to Ari Emanuel in connection with the ACTION.

**REQUEST FOR ADMISSION NO. 31:**

Admit that YOU issued a litigation hold to Ari Emanuel in connection with the litigation hold in connection with this ACTION.

**REQUEST FOR ADMISSION NO. 32:**

Admit that the Signal App was downloaded to Ariel Emanuel's iPhone 13 Pro (referenced in Request No. 29) before January 19, 2023.

**REQUEST FOR ADMISSION NO. 33:**

Admit that the Signal App was installed on Ariel Emanuel's iPhone 13 Pro (referenced in Request No. 29) when ENDEAVOR collected the data from that device on January 19, 2023.

**REQUEST FOR ADMISSION NO. 34:**

Admit that Ariel Emanuel used Signal on his iPhone 13 Pro (referenced in Request No. 29) to communicate regarding ENDEAVOR'S BUSINESS ACTIVITY.

**REQUEST FOR ADMISSION NO. 35:**

Admit that Ariel Emanuel participated in Signal chats during the pendency of the ACTION for which the auto-delete functionality had been enabled.

**REQUEST FOR ADMISSION NO. 36:**

Admit that Ariel Emanuel participated in Signal chats during the pendency of the ACTION regarding ENDEAVOR'S BUSINESS ACTIVITY for which the auto-delete functionality had been enabled.

**REQUEST FOR ADMISSION NO. 37:**

Admit that Ariel Emanuel's iPhone 13 Pro (referenced in Request No. 29) was WIPED after July 7, 2023.

**REQUEST FOR ADMISSION NO. 38:**

Admit that ENDEAVOR did not preserve any Signal data from Ariel Emanuel's iPhone 13 Pro (referenced in Request No. 29).

**REQUEST FOR ADMISSION NO. 39:**

Admit that ENDEAVOR did not collect any Signal data from Ariel Emanuel's iPhone 13 Pro (referenced in Request No. 29).

**REQUEST FOR ADMISSION NO. 40:**

Admit that ENDEAVOR does not have access to the contents of the Signal messages that were on Ariel Emanuel's iPhone 13 Pro (referenced in Request No. 29).

**<u>REQUEST FOR ADMISSION NO. 41:</u>**

Admit that ENDEAVOR does not have access to the contents of Signal messages that Ariel Emanuel sent or received on his iPhone 13 Pro (referenced in Request No. 29) for which the auto-delete function was enabled.

**<u>REQUEST FOR ADMISSION NO. 42:</u>**

Admit that ENDEAVOR did not preserve any Signal messages from Ariel Emanuel's iPhone 13 Pro (referenced in Request No. 29).

**<u>REQUEST FOR ADMISSION NO. 43:</u>**

Admit that ENDEAVOR did not collect any Signal messages from Ariel Emanuel's iPhone 13 Pro (referenced in Request No. 29).

**<u>REQUEST FOR ADMISSION NO. 44:</u>**

Admit that ENDEAVOR does not have access to the contents of the Signal data that were on Ariel Emanuel's iPhone 13 Pro (referenced in Request No. 29).

**<u>REQUEST FOR ADMISSION NO. 45:</u>**

Admit that, other than the produced screenshot in this litigation (UFC-05984766), ENDEAVOR has no Signal messages sent or received from Ariel Emanuel's iPhone 13 Pro (referenced in Request No. 29) regarding ENDEAVOR'S BUSINESS ACTIVITY.

**<u>REQUEST FOR ADMISSION NO. 46:</u>**

Admit that, on April 30, 2026, ENDEAVOR collected the data from an iPhone 16 Pro that Ariel Emanuel used to communicate regarding ENDEAVOR'S BUSINESS ACTIVITY.

**<u>REQUEST FOR ADMISSION NO. 47:</u>**

Admit that Ariel Emanuel started using the iPhone 16 Pro (referenced in Request No. 46) to communicate regarding ENDEAVOR'S BUSINESS ACTIVITY at least by April 30, 2026.

**<u>REQUEST FOR ADMISSION NO. 48:</u>**

Admit that Ariel Emanuel used the iPhone 16 Pro (referenced in Request No. 46) to communicate regarding ENDEAVOR'S BUSINESS ACTIVITY during the pendency of this ACTION.

**REQUEST FOR ADMISSION NO. 49:**

Admit that between Ariel Emanuel's use of his iPhone 13 Pro (referenced in Request No. 29) and his iPhone 16 Pro (referenced in Request No. 46), Ariel Emanuel used an iPhone 16 Pro other than the iPhone 16 Pro referenced in Request No. 46.

**REQUEST FOR ADMISSION NO. 50:**

Admit that between Ariel Emanuel's use of his iPhone 13 Pro (referenced in Request No. 29) and his iPhone 16 Pro (referenced in Request No. 46), Ariel Emanuel used an iPhone 15 Pro.

**REQUEST FOR ADMISSION NO. 51:**

Admit that ENDEAVOR did not list Ariel Emanuel's iPhone 16 Pro (referenced in Request No. 46) in its July 3, 2025 device disclosure made pursuant to the Court's Order, ECF No. 202.

**REQUEST FOR ADMISSION NO. 52:**

Admit that Ariel Emanuel did not disclose the existence of his iPhone 16 Pro (referenced in Request No. 46) to counsel for ENDEAVOR on or before July 3, 2025.

**REQUEST FOR ADMISSION NO. 53:**

Admit that ENDEAVOR did not list Ariel Emanuel's iPhone 16 Pro (referenced in Request No. 49) in its July 3, 2025 device disclosure made pursuant to the Court's Order, ECF No. 202.

**REQUEST FOR ADMISSION NO. 54:**

Admit that Ariel Emanuel did not disclose the existence of his iPhone 16 Pro (referenced in Request No. 49) to counsel for ENDEAVOR on or before July 3, 2025.

**REQUEST FOR ADMISSION NO. 55:**

Admit that ENDEAVOR did not list Ariel Emanuel's iPhone 15 Pro (referenced in Request No. 50) in its July 3, 2025 device disclosure made pursuant to the Court's Order, ECF No. 202.

**REQUEST FOR ADMISSION NO. 56:**

Admit that ENDEAVOR did not list Ariel Emanuel's iPhone 16 Pro (referenced in Request No. 46) in its October 13, 2025 device disclosure made pursuant to its commitment to the Court on September 29, 2025.

**REQUEST FOR ADMISSION NO. 57:**

Admit that ENDEAVOR did not list Ariel Emanuel's iPhone 16 Pro (referenced in Request No. 49) in its October 13, 2025 device disclosure made pursuant to its commitment to the Court on September 29, 2025.

**REQUEST FOR ADMISSION NO. 58:**

Admit that ENDEAVOR did not list Ariel Emanuel's iPhone 15 Pro (referenced in Request No. 50) in its October 13, 2025 device disclosure made pursuant to its commitment to the Court on September 29, 2025.

**REQUEST FOR ADMISSION NO. 59:**

Admit that ENDEAVOR did not list Ariel Emanuel's iPhone 16 Pro (referenced in Request No. 46) in its December 15, 2025 device disclosure made pursuant to the Court's Order, ECF No. 330.

**REQUEST FOR ADMISSION NO. 60:**

Admit that ENDEAVOR did not list Ariel Emanuel's iPhone 16 Pro (referenced in Request No. 49) in its December 15, 2025 device disclosure made pursuant to the Court's Order, ECF No. 330.

**REQUEST FOR ADMISSION NO. 61:**

Admit that ENDEAVOR did not list Ariel Emanuel's iPhone 15 Pro (referenced in Request No. 50) in its December 15, 2025 device disclosure made pursuant to the Court's Order, ECF No. 330.

**REQUEST FOR ADMISSION NO. 62:**

Admit that ENDEAVOR has never made the disclosures the Court Ordered on June 3, 2025, ECF No. 202, for Ariel Emanuel's iPhone 16 Pro (referenced in Request No. 46).

**REQUEST FOR ADMISSION NO. 63:**

Admit that ENDEAVOR has never made the disclosures the Court Ordered on June 3, 2025, ECF No. 202, for Ariel Emanuel's iPhone 16 Pro (referenced in Request No. 49).

**REQUEST FOR ADMISSION NO. 64:**

Admit that ENDEAVOR has never made the disclosures the Court Ordered on June 3, 2025, ECF No. 202, for Ariel Emanuel's iPhone 15 Pro (referenced in Request No. 50).

**REQUEST FOR ADMISSION NO. 65:**

Admit that ENDEAVOR has never made the disclosures the Court Ordered on December 4, 2025, ECF No. 330, for Ariel Emanuel's iPhone 16 Pro (referenced in Request No. 46).

**REQUEST FOR ADMISSION NO. 66:**

Admit that ENDEAVOR has never made the disclosures the Court Ordered on December 4, 2025, ECF No. 330, for Ariel Emanuel's iPhone 16 Pro (referenced in Request No. 49).

**REQUEST FOR ADMISSION NO. 67:**

Admit that ENDEAVOR has never made the disclosures the Court Ordered on December 4, 2025, ECF No. 330, for Ariel Emanuel's iPhone 15 Pro (referenced in Request No. 50).

**REQUEST FOR ADMISSION NO. 68:**

Admit that ENDEAVOR has never made the disclosures for Ariel Emanuel's iPhone 16 Pro (referenced in Request No. 46) which ENDEAVOR committed to the Court on September 29, 2025 to provide.

**REQUEST FOR ADMISSION NO. 69:**

Admit that ENDEAVOR has never made the disclosures for Ariel Emanuel's iPhone 16 Pro (referenced in Request No. 49) which ENDEAVOR committed to the Court on September 29, 2025 to provide.

**REQUEST FOR ADMISSION NO. 70:**

Admit that ENDEAVOR has never made the disclosures for Ariel Emanuel's iPhone 15 Pro (referenced in Request No. 50) which ENDEAVOR committed to the Court on September 29, 2025 to provide.

**REQUEST FOR ADMISSION NO. 71:**

Admit that Patrick Whitesell used an iPhone 16 Pro Max communicate regarding ENDEAVOR'S BUSINESS ACTIVITY.

**REQUEST FOR ADMISSION NO. 72:**

Admit that Patrick Whitesell used an iPhone 16 Pro Max communicate regarding ENDEAVOR'S BUSINESS ACTIVITY during the pendency of this ACTION.

**REQUEST FOR ADMISSION NO. 73:**

Admit that, until March 19, 2025, ENDEAVOR did not preserve any device data from Patrick Whitesell's mobile devices used to communicate regarding ENDEAVOR'S BUSINESS ACTIVITY.

**REQUEST FOR ADMISSION NO. 74:**

Admit that, until March 19, 2025, ENDEAVOR did not collect any device data from Patrick Whitesell's mobile devices used to communicate regarding ENDEAVOR'S BUSINESS ACTIVITY.

**REQUEST FOR ADMISSION NO. 75:**

Admit that when ENDEAVOR collected Patrick Whitesell's iPhone 16 Pro Max (referenced in Request No. 71), the Signal app was installed on the device.

**REQUEST FOR ADMISSION NO. 76:**

Admit that ENDEAVOR did not take any steps to preserve Patrick Whitesell's Signal data on his iPhone 16 Pro Max.

**REQUEST FOR ADMISSION NO. 77:**

Admit that ENDEAVOR did not collect any Signal data from Patrick Whitesell's iPhone 16 Pro Max (referenced in Request No. 71).

**REQUEST FOR ADMISSION NO. 78:**

Admit that ENDEAVOR did not take any steps to preserve Patrick Whitesell's Signal messages on his iPhone 16 Pro Max (referenced in Request No. 71).

**REQUEST FOR ADMISSION NO. 79:**

Admit that ENDEAVOR did not collect any Signal messages from Patrick Whitesell's iPhone 16 Pro Max (referenced in Request No. 71).

**REQUEST FOR ADMISSION NO. 80:**

Admit that ENDEAVOR did not disclose that Patrick Whitesell's iPhone 16 Pro Max (referenced in Request No. 71) had Signal installed in ENDEAVOR'S July 3, 2025 device disclosure made pursuant to the Court's Order, ECF No. 202.

**REQUEST FOR ADMISSION NO. 81:**

Admit that ENDEAVOR did not disclose that Patrick Whitesell's iPhone 16 Pro Max (referenced in Request No. 71) had Signal installed in ENDEAVOR'S October 13, 2025 device disclosure made pursuant to its commitment to the Court on September 29, 2025.

**REQUEST FOR ADMISSION NO. 82:**

Admit that ENDEAVOR did not disclose that Patrick Whitesell's iPhone 16 Pro Max (referenced in Request No. 71) had Signal installed in ENDEAVOR'S December 15, 2026 supplemental device disclosure made pursuant to the Court's Order, ECF No. 330.

**REQUEST FOR ADMISSION NO. 83:**

Admit that Patrick Whitesell installed Signal on one or more cellular devices he used for ENDEAVOR business period prior to the iPhone 16 Pro Max (referenced in Request No. 71).

**REQUEST FOR ADMISSION NO. 84:**

Admit that ENDEAVOR has no access to the Signal data from any device Patrick Whitesell used for ENDEAVOR'S BUSINESS ACTIVITY prior to the iPhone 16 Pro Max (referenced in Request No. 71).

**REQUEST FOR ADMISSION NO. 85:**

Admit that Ariel Emanuel, Mark Shapiro, and Nick Khan each participated in a group chat concerning ENDEAVOR'S BUSINESS ACTIVITY via Signal during the pendency of this ACTION.

**REQUEST FOR ADMISSION NO. 86:**

Admit that Ariel Emanuel, Mark Shapiro, and Nick Khan each participated in a group chat concerning ENDEAVOR'S BUSINESS ACTIVITY via Signal at least between May 9, 2023 and July 7, 2023.

**REQUEST FOR ADMISSION NO. 87:**

Admit that the group chat on Signal between Ariel Emanuel, Mark Shapiro, and Nick Khan (referenced in Request Nos. 85 and 86) had a setting enabled that automatically deleted all messages after 8-hours for at least some time period beginning at least by May 9, 2023.

**REQUEST FOR ADMISSION NO. 88:**

Admit that the group chat on Signal between Ariel Emanuel, Mark Shapiro, and Nick Khan (referenced in Request Nos. 85 and 86) had a setting enabled that automatically deleted all messages after 8-hours for at least some of time period until at least July 7, 2023.

**REQUEST FOR ADMISSION NO. 89:**

Admit that UFC-05984766 (July 7, 2023 screenshot attached as Exhibit 13 to motion to challenge privilege designation) is a screenshot of a portion of the Signal chat between Ariel Emanuel, Mark Shapiro, and Nick Khan (referenced in Request Nos. 85 and 86) .

**REQUEST FOR ADMISSION NO. 90:**

Admit that Ariel Emanuel participated in at least one other Signal chat for ENDEAVOR'S BUSINESS ACTIVITY for which automated deletion was enabled.

**REQUEST FOR ADMISSION NO. 91:**

Admit that, during the pendency of this ACTION, Ariel Emanuel participated in at least one other Signal chat for ENDEAVOR'S BUSINESS ACTIVITY for which automated deletion was enabled.

Dated: October 21, 2026

/s/ *Michael Dell'Angelo*

BERGER MONTAGUE, P.C.
Eric L. Cramer (pro hac vice)
Michael Dell'Angelo (pro hac vice)
Patrick Madden (pro hac vice)
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000/Fax: (215) 875-4604
ecramer@bergermontague.com
mdellangelo@bergermontague.com
pmadden@bergermontague.com

COHEN MILSTEIN SELLERS & TOLL, LLP
Daniel H. Silverman (pro hac vice)
769 Centre Street, Suite 207
Boston, MA 02130
Telephone: (202) 408-4600
Fax: (202) 408-4699
dsilverman@cohenmilstein.com

COHEN MILSTEIN SELLERS & TOLL, LLP
Benjamin D. Brown (pro hac vice)
Richard A. Koffman (pro hac vice)
1100 New York Ave., N.W., Suite 800
Washington, DC 20005
Telephone: (202) 408-4600/Fax: (202) 408-4699
bbrown@cohenmilstein.com
rkoffman@cohenmilstein.com

JOSEPH SAVERI LAW FIRM, LLP
Joseph R. Saveri (pro hac vice)
Kevin E. Rayhill (pro hac vice)
Christopher K. L. Young (pro hac vice)
Itak Moradi (pro hac vice)
550 California Street, Suite 910
San Francisco, California 94104
Telephone: (415) 500-6800/Fax: (415) 395-9940
jsaveri@saverilawfirm.com
krayhill@saverilawfirm.com
cyoung@saverilawfirm.com
imoradi@saverilawfirm.com

*Attorneys for Individual and Representative Plaintiffs Kajan Johnson, Clarence Dollaway, and Tristan Connelly*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was served via email on October 21, 2026 on the following counsel for Defendant Endeavor Group Holdings, Inc.:

MAAREN A. SHAH
maarenshah@quinnemanuel.com
SAMI RASHID
samirashid@quinnemanuel.com
ELLISON MERKEL
ellisonmerkel@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
295 5th Ave.
New York, NY 10016

KRISTIN N. TAHLER
kristintahler@quinnemanuel.com
WILLIAM R. SEARS
willsears@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017

RORY T. KAY
rkay@mcdonaldcarano.com
EMILY M. DENNIS
edennis@mcdonaldcarano.com
McDONALD CARANO LLP
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102

Dated: October 21, 2026

/s/ *Michael Dell'Angelo*

Michael Dell'Angelo