# Exhibit 6

Plaintiffs' Responses and Objections to Defendant Endeavor Group Holdings, Inc.'s Third Set of Requests for Production of Documents to Plaintiffs Johnson, Dollaway, and Connelly (Nos. 8–9)

Exhibit 6

Michael Dell'Angelo (pro hac vice)
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
mdellangelo@bergermontague.com

*Attorneys for Individual and Representative Plaintiffs Kajan Johnson, Clarence Dollaway, and Tristan Connelly*

[Additional Counsel Listed on Signature Page]

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| KAJAN JOHNSON, CLARENCE DOLLAWAY, and TRISTAN CONNELLY, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ZUFFA, LLC, TKO OPERATING COMPANY, LLC f/k/a ZUFFA PARENT LLC (d/b/a ULTIMATE FIGHTING CHAMPIONSHIP and UFC), and ENDEAVOR GROUP HOLDINGS, INC.,<br><br>Defendants. | Case No. 2:21-cv-01189-RFB-BNW<br><br>**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT ENDEAVOR GROUP HOLDINGS, INC.'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS JOHNSON, DOLLAWAY, AND CONNELLY (NOS. 8–9)** |

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiffs Kajan Johnson, Clarence Dollaway, and Tristan Connelly ("Plaintiffs") respond and object to Defendant Endeavor Group Holdings, Inc.'s ("Endeavor") Third Set of Requests for Production of Documents, served by email on October 23, 2026 (the "Requests").

## PRELIMINARY STATEMENT

**Plaintiff Kajan Johnson.** Endeavor's pursuit of these Requests against Mr. Johnson is improper and serves only to harass him. Endeavor served the Requests on October 23, 2026. Three days later, on October 26, Plaintiffs' counsel informed Endeavor's counsel that Mr. Johnson planned to withdraw as a named plaintiff, and counsel conferred again regarding his withdrawal and substitution on November 3 and November 9, 2026.

ECF No. 856 at 5–6, 12; ECF No. 867 at 8. Endeavor did not agree to the substitution. Instead, beginning two days after the October 26 conference, Defendants served 108 requests for admission on Mr. Johnson in eight days, 51 of them in Endeavor's Second Set of Requests for Admission. ECF No. 867 at 3–4. On November 10, 2026, Plaintiffs moved to substitute Gray Maynard for Mr. Johnson. ECF No. 856. The Court has already recognized that Plaintiffs are "perfectly entitled" to make that change. ECF No. 817 at 56:19–57:14. On November 11, 2026, Plaintiffs asked all Defendants to meet and confer regarding a stay of discovery directed to Mr. Johnson; no Defendant responded. ECF No. 867 at 8.

At the November 12, 2026 status conference, Endeavor stated that it "very much oppose[s] the substitution of Johnson as a named plaintiff" and "would oppose the curtailing of his discovery in any event." Nov. 12, 2026 Hr'g Tr. at 54:9–16, ECF No. 864. The Court observed that Endeavor had "flooded Mr. Johnson with discovery requests," which it found "highly unusual," and stated: "I don't see why I wouldn't stay it if I were to grant the motion to amend." *Id.* at 51:11–12, 55:3–10. On November 19, 2026, Plaintiffs moved for a protective order staying all discovery directed to Mr. Johnson, expressly including these Requests, pending resolution of the Motion to Substitute. ECF No. 867 at 2, 4. Mr. Johnson is withdrawing because of the very discovery burden Defendants, including Endeavor, continue to impose on him. ECF No. 856 at 1–7. Pursuing these Requests against him in the face of the Court's statements and the pending motions serves no legitimate purpose and is harassment. *See* Fed. R. Civ. P. 26(c)(1), 26(g)(1)(B)(ii).

Mr. Johnson serves the objections below solely to preserve them. He will not search for, review, or produce documents in response to the Requests while ECF No. 867 is pending. If the Court grants those motions, Plaintiffs will treat the Requests as withdrawn as to Mr. Johnson, who will be an absent class member not subject to party discovery under Rule 34. Nothing in these responses waives Mr. Johnson's position on ECF Nos. 856 or 867.

**Matters pending before the Court.** The Requests seek, under a new label,

discovery that Defendants have already moved to compel and that is fully briefed: Plaintiffs' litigation-hold and preservation communications (Endeavor RFP No. 1), vendor collection reports for every extraction, a "complete history" of Plaintiffs' retention and collection of messaging data (Endeavor Interrogatory Nos. 1–2), and cell phone carrier records (Defendants' RFP Nos. 57–60). *See* ECF Nos. 788, 789, 823, 829; *see also* ECF Nos. 709, 727. Plaintiffs stand on the positions stated in their oppositions, will abide by the Court's rulings on those motions, and object to the Requests to the extent they seek to relitigate or circumvent them.

**Serving discovery on matters pending before the Court is harassment.** Every subject of these Requests is already before the Court: Plaintiffs' preservation, collection, and carrier records (ECF Nos. 709, 788/789); Mr. Johnson's status as a named plaintiff (ECF No. 856); and whether discovery directed to him should be stayed (ECF No. 867). Plaintiffs did not oppose Defendants' motions on the ground that Defendants used the wrong discovery device. They opposed them because the information sought is privileged, cumulative of Plaintiffs' sworn answers, disproportionate, and unwarranted absent a threshold showing of spoliation. ECF Nos. 727, 823. Re-serving the same demands as requests for production while those motions await decision changes none of those answers. It only multiplies the burden on Plaintiffs and the Court. Such conduct unreasonably multiplies the proceedings and constitutes harassment, thereby violating Rule 26, which requires that every discovery request be "not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," and be "neither unreasonable nor unduly burdensome or expensive, considering . . . prior discovery in the case." Fed. R. Civ. P. 26(g)(1)(B)(ii)–(iii).

**Endeavor controls whether this discovery continues.** Plaintiffs have proposed to dismiss Endeavor from this action, ECF No. 867 at 10–11, and have moved to substitute a new class representative for Mr. Johnson, ECF No. 856. Endeavor could accept either proposal. It has not: it has not substantively responded to Plaintiffs' proposed dismissal, and it opposes the substitution. ECF No. 867 at 10–11; Nov. 12, 2026 Hr'g Tr. at 54:9–16,

ECF No. 864. Meanwhile, on November 16, 2026, Endeavor's counsel sought a two-week extension of Endeavor's own responses to Plaintiffs' pending discovery, explaining: "These are quite a heavy lift for my client that I would like to avoid if we will be dismissed soon." ECF No. 867, Ex. 2. On November 18, 2026, Plaintiffs proposed that Endeavor and all Plaintiffs mutually suspend their discovery obligations to one another pending Endeavor's dismissal. Endeavor has not agreed. ECF No. 867 at 11–12. If Endeavor accepts Plaintiffs' proposal to dismiss it, Plaintiffs will not pursue their pending discovery requests to Endeavor. Endeavor, not Plaintiffs, is the obstacle to resolving both its own status and Mr. Johnson's. In light of Endeavor's representation that it expects to be dismissed soon, Plaintiffs expect that Endeavor will not pursue these Requests further, by meet and confer, motion, or otherwise, unless its position regarding its anticipated dismissal changes. If it does, Plaintiffs ask that Endeavor promptly say so.

## GENERAL OBJECTIONS

Plaintiffs object generally to the Instructions, Definitions, and Requests, and to each individual Request, on the following grounds. Each response below incorporates, is subject to, and does not waive these General Objections.

1. **Incorporation.** Plaintiffs incorporate their General Objections and Objections to Definitions in their Responses and Objections to Defendants' First Set of Requests for Production (served November 13, 2023); Defendants' Second Set of Requests for Production (served April 1, 2026); Defendants' Amended First Set of Interrogatories (served June 8, 2026); Defendants' Second Set of Interrogatories (served June 18, 2026); Defendants' Third Set of Requests for Production (served July 10, 2026); Endeavor's First Set of Interrogatories (served August 10, 2026, and amended September 18, 2026 and October 14, 2026); Endeavor's First Set of Requests for Production (served September 24, 2026); and Endeavor's Second Set of Requests for Production and Second Set of Interrogatories (served October 15, 2026).

2. **No threshold showing for discovery on discovery.** Plaintiffs object to the Requests, and in particular to Request No. 9's demand for preservation materials, as

discovery on discovery unsupported by any threshold showing. This Court has held that certain preservation materials may be disclosed "in the context of resolving spoliation, when the Court has made a threshold finding." Feb. 11, 2026 Hr'g Tr. at 26:1–4, ECF No. 431. The Court made that finding as to Defendants, after finding "significant indicia of spoliation" and an "ongoing pattern of discovery violations." Nov. 20, 2025 Hr'g Tr. at 60:9–12, 62:1–2, ECF No. 306. It has made no such finding as to any Plaintiff, and Endeavor has offered no basis for one. *See* ECF No. 823 at 17–21. Endeavor cannot obtain through Rule 34 the discovery on discovery that the Court has made available only upon that showing. As to Request No. 8, the Requests are independently cumulative and disproportionate for the reasons stated in General Objection Nos. 4 and 5. Endeavor has identified no evidence that any Plaintiff lost relevant discovery, much less material discovery, in connection with any "LOSS EVENT."

3. **Vexatious and improper purpose.** Plaintiffs object to the Requests as interposed for an improper purpose and as calculated to cause annoyance, oppression, and undue burden and expense. Fed. R. Civ. P. 26(c)(1), 26(g)(1)(B)(ii). Every discovery request must be "not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 26(g)(1)(B)(ii). And a party claiming that information is important to resolving the issues should be able "to explain the ways in which the underlying information bears on the issues as that party understands them." Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment. Endeavor has told Plaintiffs that it expects to be dismissed soon and has sought to defer its own discovery obligations on that basis, ECF No. 867, Ex. 2; it has not agreed to Plaintiffs' November 18, 2026 proposal that the parties mutually suspend discovery pending its dismissal, ECF No. 867 at 11-12; and it has not identified its need for the requested discovery in light of its expected dismissal. A party that expects to exit the case, and that seeks relief from its own discovery for that reason, has no evident legitimate use for discovery into Plaintiffs' preservation and collection of data. Absent an explanation, the Requests serve only to impose burden and expense on individual Plaintiffs and to

multiply proceedings already before the Court. Given this posture, Plaintiffs will not produce any documents in response to the Requests unless and until Endeavor identifies a legitimate purpose for them given Plaintiffs' offer of dismissal.

4. **Burden of re-reviewing data Plaintiffs have already reviewed.** Plaintiffs object to the Requests as unduly burdensome, cumulative, and disproportionate to the needs of the case under Rule 26(b)(1) and (b)(2)(C) to the extent they would require Plaintiffs to re-collect, re-search, or re-review any data set Plaintiffs have already collected and reviewed. Requiring Plaintiffs to review those same collections again, now for documents "CONCERNING" those events, would impose substantial expense and personal burden on individual fighters to generate information Endeavor already has in verified form. Fed. R. Civ. P. 26(b)(2)(C)(i). Endeavor also had ample opportunity to seek this discovery before the October 30, 2026 substantial-completion deadline and did not. Fed. R. Civ. P. 26(b)(2)(C)(ii). **Plaintiffs will not re-review any previously collected and reviewed data set in response to the Requests.**

5. **Cumulative of sworn answers and correspondence.** Plaintiffs object to the Requests as cumulative and duplicative of information already provided in Plaintiffs' Second Amended and Supplemental Answers to Endeavor's First Set of Interrogatories (October 14, 2026); Plaintiffs' September 18 and September 28, 2026 letters; and ECF No. 823. The information Endeavor seeks is obtainable from those more convenient, less burdensome sources. Fed. R. Civ. P. 26(b)(2)(C)(i).

6. **Pending motions.** Plaintiffs object to the Requests to the extent they seek materials that are the subject of Defendants' pending motions to compel, ECF Nos. 709 and 788/789, including litigation-hold and preservation communications, vendor collection or extraction reports, carrier records, further device extractions, and a sworn accounting of retention and collection. A party may not use a new Rule 34 request to obtain relief it has asked the Court to order, and serving such requests while the motions are pending is harassment in violation of Rule 26(g)(1)(B)(ii)–(iii). Plaintiffs will abide by the Court's rulings on those motions and do not, by responding here, waive any argument made in

opposition to them. *See* ECF Nos. 727, 823.

7. **Discovery directed to Mr. Johnson.** Plaintiffs object to the Requests as to Mr. Johnson for the reasons stated in the Preliminary Statement and in ECF Nos. 856 and 867. The overwhelming majority of the "LOSS EVENTS" Endeavor defines concern Mr. Johnson.

8. **Privilege and work product.** Plaintiffs object to the Requests to the extent they seek communications between Plaintiffs and their counsel; counsel's communications with, instructions to, and work product of forensic and e-discovery vendors and consultants retained in connection with this action; counsel's mental impressions regarding preservation, collection, and recovery; or any other material protected by the attorney-client privilege, the work-product doctrine, the marital communications privilege, or Federal Rule of Evidence 408. Consistent with Paragraph 11(d) of the Amended Protective Order, ECF No. 475, Plaintiffs will not log privileged communications involving the Parties that post-date the filing of the Complaint in this action. Plaintiffs further object to logging post-complaint communications between their counsel and counsel's retained vendors, which are core work product.

9. **Possession, custody, or control.** Plaintiffs object to the Requests to the extent they seek documents in the possession, custody, or control of non-parties, including Meta Platforms, Inc., Apple Inc., Signal, Telegram, any wireless carrier or repair provider, or the non-party participant from whom Plaintiffs collected the Fight Team Chat. ECF No. 823 at 21 n.9.

10. **Privacy of Plaintiffs and non-parties.** Plaintiffs object to the Requests to the extent they seek personal, financial, medical, or family information of Plaintiffs or non-parties unrelated to any claim or defense, including Mr. Dollaway's privileged communications with his spouse and confidential information about her patients, which has no relevance to any claim or defense. ECF No. 823 at 17–18.

11. **No admission.** Plaintiffs object to the Requests and to the definition of "LOSS EVENTS" to the extent they presuppose that any Plaintiff lost "evidence," that any

lost information was relevant or subject to a preservation obligation, or that any Plaintiff failed to take reasonable steps to preserve it. *See* Fed. R. Civ. P. 37(e). Plaintiffs deny each premise. No response is an admission of any characterization in the Requests.

12. **Documents already produced or in Endeavor's possession.** Plaintiffs object to the Requests to the extent they seek documents already produced in this action or already in Defendants' possession, custody, or control, including Plaintiffs' interrogatory answers, correspondence, and court filings. Plaintiffs will not reproduce documents already produced.

13. **Creation of documents.** Plaintiffs object to the Requests to the extent they would require Plaintiffs to create documents, compilations, logs, or accountings that do not exist.

14. **Reservation.** Plaintiffs reserve the right to supplement or amend these responses under Rule 26(e), and do not waive any objection to the use of any response or document in any proceeding, including trial.

**OBJECTIONS TO DEFINITIONS**

15. Plaintiffs object to the Definitions to the extent they alter the ordinary meaning of terms or impose obligations beyond the Federal Rules. Plaintiffs give undefined terms their ordinary meaning.

16. **"LOSS EVENTS."** Plaintiffs object to this definition as vague, ambiguous, overbroad, argumentative, and unbounded in time and subject matter. It characterizes ordinary, fully disclosed device and application events as "purported" losses of "evidence," and it presupposes facts and legal conclusions Plaintiffs deny.

17. **"YOU," "YOUR," "YOURSELF," and "PLAINTIFF."** Plaintiffs object to these terms to the extent they include Plaintiffs' "attorneys" and persons "acting or purporting to act on" Plaintiffs' behalf, including counsel's retained forensic and e-discovery vendors, and thereby call for privileged communications and work product. Plaintiffs further object to the collective definition of all three Plaintiffs as rendering each Request vague. Each Plaintiff responds only as to documents in his own possession,

custody, or control.

18. **"COMMUNICATION."** Plaintiffs object to this term as overbroad and unduly burdensome to the extent it includes "oral . . . communications of any kind," "telephone communications," and "face-to-face meetings," which are not documents subject to Rule 34.

19. **"CONCERNING."** Plaintiffs object to this term as overbroad and vague. Combined with the definition of "LOSS EVENTS," it would reach any document that "relat[es] to" or is "in connection with" any encompassed message, regardless of relevance.

20. **"DOCUMENT(S)."** Plaintiffs object to this term to the extent it exceeds Rule 34(a)(1)(A) or the ESI Protocol, including to the extent it includes "software" and "software images" and would require production of forensic device images. Device images and extraction data are at issue in ECF Nos. 709 and 788/789.

21. **"ALLEGED CLASS PERIOD."** Plaintiffs object to this term as internally inconsistent. Definition 1 defines it as July 1, 2017 to the present, while Instruction 8 equates it with January 1, 2016 to the present. Plaintiffs will construe the period consistent with the operative complaint.

**OBJECTIONS TO INSTRUCTIONS**

22. Plaintiffs object to the Instructions to the extent they impose obligations beyond, or inconsistent with, the Federal Rules, the Local Rules, the ESI Protocol, or the operative Protective Order. Specifically:

(a) **Instruction 1** (documents of "attorneys, . . . agents, . . . investigators"): Plaintiffs object to the extent it seeks documents outside their possession, custody, or control, or privileged materials and work product of counsel and counsel's vendors.

(b) **Instruction 2** ("without abbreviation or redaction"): Plaintiffs object to the extent it would bar redaction of privileged, non-responsive personal, medical, or non-party information as permitted by the ESI Protocol and Protective Order.

(c) **Instructions 3, 6, and 7** (original folders and containers, identification of each document's "source(s) or derivation," and a "description of the system" from which records derive): Plaintiffs object to the extent these exceed Rule 34(b)(2)(E) and the ESI Protocol, or would require Plaintiffs to create documents or disclose forensic collection methodology at issue in ECF No. 788.

(d) **Instruction 8** (time period): Plaintiffs object for the reasons stated in Objection No. 21, and to the extent the Requests reach events outside any relevant period.

(e) **Instruction 10** (privilege log): Plaintiffs object to the extent it departs from the parties' agreed procedures and to logging communications exempt from logging under Paragraph 11(d) of the Amended Protective Order, ECF No. 475, or post-complaint communications between counsel and counsel's retained vendors.

(f) **Instruction 11** (identification of destroyed or discarded documents): Plaintiffs object to this Instruction as an improper interrogatory embedded in a Rule 34 request, exceeding Rule 34 and requiring the creation of documents. It is duplicative of Endeavor's Interrogatory Nos. 1 and 2, which Plaintiffs have answered under oath three times and which are the subject of ECF No. 788. Plaintiffs will not prepare the accounting Instruction 11 demands.

**RESPONSES TO REQUESTS FOR PRODUCTION**

**<u>REQUEST FOR PRODUCTION NO. 8:</u>**

All non-privileged DOCUMENTS and COMMUNICATIONS CONCERNING, supporting, and/or substantiating each of YOUR LOSS EVENTS, including, without limitation, COMMUNICATIONS with Meta, Instagram, Apple, Signal, Telegram, any carrier or repair provider, and/or any other PERSON.

**PLAINTIFFS' RESPONSE:**

Plaintiffs incorporate their General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth here, including their objections to "LOSS EVENTS."

Plaintiffs object to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case. It seeks "All" documents and communications "CONCERNING" an unbounded set of events, with "any other PERSON," without limitation to time, subject, or relevance to any claim or defense. Plaintiffs object to the phrase "supporting, and/or substantiating" as argumentative and as improperly implying that Plaintiffs bear a burden to prove the circumstances of ordinary, inadvertent, and fully disclosed device and application events. No Plaintiff does.

Plaintiffs object to this Request as cumulative and duplicative of Endeavor's Interrogatory Nos. 1 and 2. Plaintiffs have answered those Interrogatories under oath three times, describing each event, its date, its cause, and the data affected. *See* Plaintiffs' Second Amended and Supplemental Answers to Endeavor's First Set of Interrogatories; ECF No. 823 at 11–15. Documents "CONCERNING" the same events would add nothing Endeavor does not already have in verified form.

Plaintiffs object to this Request to the extent it would require Plaintiffs to re-collect, re-search, or re-review any device extraction, cloud collection, or other data set already collected and reviewed in this action, for the reasons stated in General Objection No. 4. Plaintiffs will not do so.

Plaintiffs object to this Request to the extent it seeks communications with "any carrier" or carrier records. Defendants' Request Nos. 57–60 seek Plaintiffs' carrier records, and Defendants' motion to compel those records is pending. ECF Nos. 788; 823 at 23–24. Plaintiffs object to this Request to the extent it seeks vendor collection or extraction reports, which are likewise the subject of ECF No. 788.

Plaintiffs object to this Request to the extent it seeks communications between Plaintiffs and their counsel, or among counsel and counsel's retained forensic and e-

discovery vendors, concerning the identification, investigation, collection, or recovery of data. Those communications are protected by the attorney-client privilege and the work-product doctrine. Plaintiffs further object to the extent the Request seeks communications protected by the marital communications privilege, or private communications of non-parties, including confidential patient information that has no relevance to any claim or defense.

Plaintiffs object to this Request as interposed for an improper purpose and as calculated to cause annoyance, oppression, and undue burden and expense. Fed. R. Civ. P. 26(c)(1), 26(g)(1)(B)(ii). Endeavor has told Plaintiffs that it expects to be dismissed soon and has sought to defer its own discovery obligations on that basis, ECF No. 867, Ex. 2; it has not agreed to Plaintiffs' November 18, 2026 proposal that the parties mutually suspend discovery pending its dismissal, ECF No. 867 at 11-12; and it has not identified its need for the requested discovery in light of its expected dismissal. Given this posture, for the reasons set forth in General Objection No. 3, Plaintiffs will not produce any documents in response to this Request unless and until Endeavor identifies a legitimate purpose for it given Plaintiffs' offer of dismissal.

As to Mr. Johnson, Plaintiffs object for the reasons stated in the Preliminary Statement and ECF No. 867. Mr. Johnson will not search for or produce documents in response to this Request while ECF No. 867 is pending.

Subject to and without waiving the foregoing objections, Plaintiffs will not produce documents responsive to this Request at this time. Plaintiffs offer to meet and confer with Endeavor on this request once its status as a continuing Defendant is confirmed.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS CONCERNING any effort by YOU, or anyone acting on YOUR behalf, to preserve, back up, recover, restore, or obtain copies of the data affected by each LOSS EVENT.

**PLAINTIFFS' RESPONSE:**

Plaintiffs incorporate their General Objections, Objections to Definitions, and

Objections to Instructions as if fully set forth here, including their objections to "LOSS EVENTS."

Plaintiffs object to this Request as seeking materials protected by the attorney-client privilege and the work-product doctrine. Counsel directed each Plaintiff to preserve relevant materials upon retention. Each Plaintiff's preservation efforts were undertaken pursuant to those instructions, which are privileged and are the subject of Defendants' pending motion to compel, ECF No. 788. Efforts in this action to collect, recover, restore, or obtain copies of data, including device extractions, cloud collections, and the voluntary collection of the Fight Team Chat from a non-party, were directed by counsel and carried out by counsel and counsel's retained forensic vendors. Documents reflecting them are counsel's work product, and Plaintiffs' communications with counsel about them are privileged. Plaintiffs have already disclosed the non-privileged facts of each such effort, including its date, method, and results, in sworn interrogatory answers. ECF No. 823 at 11–15, 22–23.

Plaintiffs object to this Request as an attempt to obtain the relief Defendants seek in their pending motion to compel, ECF No. 788. That motion seeks Plaintiffs' litigation-hold and preservation notices and communications (Endeavor RFP No. 1), vendor collection reports for every extraction of every device or source, including the Fight Team Chat, and further full file system extractions. Plaintiffs opposed that relief, ECF No. 823 at 15–23, and will abide by the Court's ruling. They object to producing any such materials in response to this Request.

Plaintiffs object to this Request as cumulative and duplicative of Endeavor's Interrogatory No. 2, which seeks the "complete history" of each Plaintiff's retention and collection of messaging data, including when he was informed of any preservation instruction and the dates of each collection. Plaintiffs have answered that Interrogatory under oath three times. ECF No. 823 at 11–15.

Plaintiffs object to this Request to the extent it would require Plaintiffs to re-collect, re-search, or re-review any previously collected and reviewed data set, for the reasons

stated in General Objection No. 4. Plaintiffs will not do so. Plaintiffs further object to the Request as overbroad and unduly burdensome to the extent "preserve" and "back up" would reach every routine device backup, upgrade, or data transfer over a decade, without regard to relevance.

Plaintiffs object to this Request as interposed for an improper purpose and as calculated to cause annoyance, oppression, and undue burden and expense. Fed. R. Civ. P. 26(c)(1), 26(g)(1)(B)(ii). Endeavor has told Plaintiffs that it expects to be dismissed soon and has sought to defer its own discovery obligations on that basis, ECF No. 867, Ex. 2; it has not agreed to Plaintiffs' November 18, 2026 proposal that the parties mutually suspend discovery pending its dismissal, ECF No. 867 at 11-12; and it has not identified its need for the requested discovery in light of its expected dismissal. Given this posture, for the reasons set forth in General Objection No. 3, Plaintiffs will not produce any documents in response to this Request unless and until Endeavor identifies a legitimate purpose for it given Plaintiffs' offer of dismissal.

As to Mr. Johnson, Plaintiffs object for the reasons stated in the Preliminary Statement and ECF No. 867. Mr. Johnson will not search for or produce documents in response to this Request while ECF No. 867 is pending.

Subject to and without waiving the foregoing objections, Plaintiffs will not produce documents responsive to this Request at this time. Plaintiffs offer to meet and confer with Endeavor on this request once its status as a continuing Defendant is confirmed.

Dated: November 23, 2026

<u>/s/Michael Dell'Angelo</u>

**BERGER MONTAGUE, P.C.**
Eric L. Cramer (*pro hac vice*)
Michael Dell'Angelo (*pro hac vice*)
Patrick Madden (*pro hac vice*)
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000/Fax: (215) 875-4604
ecramer@bergermontague.com
mdellangelo@bergermontague.com
pmadden@bergermontague.com

**COHEN MILSTEIN SELLERS & TOLL, LLP**
Daniel H. Silverman (*pro hac vice*)
769 Centre Street, Suite 207
Boston, MA 02130
Telephone: (202) 408-4600
Fax: (202) 408-4699
dsilverman@cohenmilstein.com

**COHEN MILSTEIN SELLERS & TOLL, LLP**
Benjamin D. Brown (*pro hac vice*)
Richard A. Koffman (*pro hac vice*)
1100 New York Ave., N.W., Suite 800
Washington, DC 20005
Telephone: (202) 408-4600/Fax: (202) 408-4699
bbrown@cohenmilstein.com
rkoffman@cohenmilstein.com

**JOSEPH SAVERI LAW FIRM, LLP**
Joseph R. Saveri (*pro hac vice*)
Kevin E. Rayhill (*pro hac vice*)
Christopher K. L. Young (*pro hac vice*)
Itak Moradi (*pro hac vice*)
550 California Street, Suite 910
San Francisco, California 94104
Telephone: (415) 500-6800/Fax: (415) 395-9940
jsaveri@saverilawfirm.com
krayhill@saverilawfirm.com
cyoung@saverilawfirm.com
imoradi@saverilawfirm.com

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was served via email on November 23, 2026 on the following counsel for Defendant Endeavor Group Holdings, Inc.:

| | |
|---|---|
| MAAREN A. SHAH<br>maarenshah@quinnemanuel.com<br>SAMI RASHID<br>samirashid@quinnemanuel.com<br>ELLISON MERKEL<br>ellisonmerkel@quinnemanuel.com<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>295 5th Ave.<br>New York, NY 10016 | KRISTIN N. TAHLER<br>kristintahler@quinnemanuel.com<br>WILLIAM R. SEARS<br>willsears@quinnemanuel.com<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>865 S. Figueroa St., 10th Floor<br>Los Angeles, CA 90017 |
| RORY T. KAY<br>rkay@mcdonaldcarano.com<br>EMILY M. DENNIS<br>edennis@mcdonaldcarano.com<br>McDONALD CARANO LLP<br>2300 West Sahara Avenue, Suite 1200<br>Las Vegas, Nevada 89102 | |

Dated: November 23, 2026

*/s/Michael Dell'Angelo*

Michael Dell'Angelo